PETER C. ANDERSON
UNITED STATES TRUSTEE
QUEENIE K. NG (State Bar No. 223803)
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701-8000
Telephone: (714) 338-3403
Facsimile: (714) 338-3421
Email: Queenie.K.Ng@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**THE LITIGATION PRACTICE GROUP P.C.,**<br><br><br><br><br><br>Debtor. | CASE NUMBER: 8:23-bk-10571-SC<br><br>CHAPTER 11<br><br>**NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C.§ 1112(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARILYN SORENSEN IN SUPPORT THEREOF**<br><br><br>Date: May 3, 2023<br>Time: 1:30 p.m.<br>Ctrm: 5C – Virtual[1] |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY**

**JUDGE, DEBTOR, DEBTOR'S COUNSEL AND ALL PARTIES IN INTEREST:**

NOTICE IS HEREBY GIVEN that on the above date and time and in the indicated courtroom, the

United States Trustee for Region 16 (hereafter "U.S. Trustee") will move and does hereby move this Court

for an Order dismissing or converting this case under 11 U.S.C. § 1112(b) and Local Bankruptcy Rule

9011-2 on the grounds set forth below.

---

1 Accessibility information will be posted into the Court's tentative ruling prior to the hearing.
Parties can obtain such accessibility information on Judge Clarkson's posted hearing calendar which may
be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

1

2       If you wish to oppose this Motion, you must **file a written response** with the Bankruptcy Court

3   and serve a copy of it upon the U.S. Trustee at the address set forth in the upper left-hand corner of this

4   document, upon the Debtor no less than fourteen (14) days prior to the hearing above.  If you fail to file a

5   written response to this Motion within such time period, the Court may treat such failure as a waiver of

6   your right to oppose the Motion and may grant the requested relief.  *See* Local Bankruptcy Rule ("LBR")

7   9013(f) and (h).

8       This Motion is based on this notice, the attached Memorandum of Points and Authorities, the

9   paper, pleadings and files of record and such evidence as the Court might receive at the time of the hearing

10  on the Motion.

11

12                                          Respectfully submitted,

13                                          PETER C. ANDERSON
                                            UNITED STATES TRUSTEE
14

15  Dated:  March 30, 2023                  */s/ Queenie K. Ng*
                                            QUEENIE K. NG
16                                          Trial Attorney

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## INTRODUCTION

The Litigation Practice Group P.C. ("Debtor") filed this Chapter 11 petition on March 20, 2023. The U.S. Trustee is seeking to dismiss or convert the Debtor's case to one under Chapter 7 pursuant to 11 U.S.C. § 1112(b) because it has failed to comply with <u>any</u> of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession.

# II.

## STATEMENT OF FACTS

### 1.  Filing of Voluntary Chapter 11 Petition

On March 20, 2023, Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Central District of California [Bankr. Dkt. #1].[2]   The Debtor's Schedules and the Statement of Financial Affairs are due on April 3, 2023.

### 2.  Failure to Provide Proof of Insurance Coverage

To date, the Debtor has not provided any commercial general liability, workers' compensation, automobile, and/or any other insurance certificate(s) to the U.S. Trustee.[3]

### 3.  Failure to Provide Real Property Questionnaire(s)

To date, the Debtor has failed to provide any Real Property Questionnaire(s) for any leased or owned real property.[4]

### 4.  Failure to Provide Sufficient Proof of Closure of Pre-Petition Bank Account(s)

The Debtor has not filed schedules and has not provided any compliance to the U.S. Trustee, so it is unclear the number of pre-petition bank account(s) held and maintained by the Debtor.  In any event, the Debtor has not provided any proof that any pre-petition bank accounts have been closed.[5]

---

2 A true and accurate copy of the Case Pacer Docket for Case No. 8:23-bk-10571-SC is attached hereto as Exhibit "A" and is incorporated herein by this reference as if set forth in full; *see also* Declaration of Marilyn Sorensen in Support of this Motion ("Sorensen Declaration"), at ¶ 2.

3 *Id.* at ¶ 5(a).

4 *Id.* at ¶ 5(b).

5 *Id.* at ¶ 5(c).

**5.  Failure to Provide Evidence of the Opening of the Debtor-In-Possession Bank Account(s)**

To date, the Debtor has failed to provide evidence of the opening of the Debtor-In-Possession bank account(s), including a copy of the "Debtor-In-Possession" check for the account(s). [6]

**6.  Failure to Provide Projected Cash Flow Statement**

To date, the Debtor has failed to provide a projected cash flow statement for the first ninety (90) days of operation under Chapter 11, as required by the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession (effective September 1, 2022). [7]

**7.  Failure to Provide Proof of Recording of Chapter 11 Petition**

To the extent that the Debtor owns any real property, it has failed to provide a conformed copy of the recording of its bankruptcy petition in each county in which real property is owned. [8]

**8.  Failure to Provide Proof of Required Certificate and License**

To date, the Debtor has failed to provide proof of required certificate(s) and/or applicable license(s) for the business. [9]

**9.  Failure to Provide Income Tax Returns**

To date, the Debtor has failed to provide income tax returns for its two most recent years. [10]

**10. Failure to Provide Financial Statements**

To date, the Debtor has failed to submit copies of its most recent financial statements (audited and unaudited), including but not limited to a balance sheet, income (profit and loss) statement and a cash flow statement. [11]

---

6 *Id.* at ¶ 5(d).

7 *Id.* at ¶ 5(e).

8 *Id.* at ¶ 5(f).

9 *Id.* at ¶ 5(g).

10 *Id.* at ¶ 5(h).

**11. <u>Failure to Provide Declaration Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession</u>**

To date, the Debtor has failed to provide the Declaration ("Compliance Declaration") of Debtor Regarding Compliance with  U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession (Form USTLA-3). [12]

**12. <u>Failure to Provide Statement of Major Issues and Timetable Report</u>**

To date, the Debtor has failed to provide the Statement of Major Issues and Timetable Report. [13]

**13. <u>Failure to Provide Employee Benefit Plan Questionnaire</u>**

To date, the Debtor has failed to submit an Employee Benefit Plan Questionnaire (Form USTLA-8). [14]

**14. <u>Failure to Submit any Notice of Setting/ Increasing Insider Compensation</u>**

To the extent the Debtor is seeking to pay its insider(s) in this case, the Debtor has failed to serve any Notice of Setting/ Increasing Insider Compensation pursuant to LBR 2014-1(a). [15]

**15. <u>Failure to Provide a List of Insiders as Defined in 11 U.S.C. § 101(31)</u>**

To date, the Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31). [16]

**III.**

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

The United States Trustee respectfully submits that the following memorandum of points and authorities in support of his motion to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b).  Under

---

11 *Id.* at ¶ 5(i).

12 *Id.* at ¶ 5(j).

13 *Id.* at ¶ 5(k).

14 *Id.* at ¶ 5(l).

15 *Id.* at ¶ 5(m).

16 *Id.* at ¶ 5(n).

11 U.S.C. § 1112(b)(1), the Court may dismiss or convert a case if a movant establishes "cause."  The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal under 11 U.S.C. § 1112(b).  *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000).  While section 1112(b)(4) identifies a number of factors that can constitute "cause" for dismissal of a case, the list is not exhaustive. *Id*.

Once "cause" is established, the Court must dismiss the case or convert it to chapter 7, "whichever is in the best interests of creditors and the estate . . . unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors of the estate." *See* 11 U.S.C. § 1112(b)(1) and *In re Nelson,* 343 B.R. 671, 675 (9th Cir. BAP 2006); )); *see also* 7 *Collier On Bankruptcy* ¶ 1112.05[2] (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) ("Once the movant has established cause, the burden shifts to the respondent to demonstrate by evidence the unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate.").  The Court, however, may not convert or dismiss a case if there exist "unusual circumstances" that establish dismissal or conversion is not in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b)(2).  The debtor bears the burden of proving the "unusual circumstances."  *In re Sanders*, 2013 WL 1490971, at *7 (9th Cir. BAP Apr. 11, 2013) (citing *In re Orbit Petroleum, Inc.*, 395 B.R. 145, 148 (Bankr. D.N.M. 2008)); *see also* 7 *Collier On Bankruptcy* ¶ 1112.05[2] (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) ("Once the movant has established cause, the burden shifts to the respondent to demonstrate by evidence the unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate.").

Here, as outlined above and argued below, cause exists to dismiss or convert the Debtor's case pursuant to § 1112(b).

**A.  Debtor's Failure to Maintain Insurance Coverage**

Under § 1112(b)(4)(H), the term "cause" includes "failure timely to **provide information** or attend meetings reasonably requested by the United States Trustee . . . ."  Further, under § 1112(b)(4)(C), the term "cause" includes failure to "maintain appropriate insurance that poses a risk to the estate."  Moreover, pursuant to the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession (effective September 1, 2022), the debtor "must name the U.S. Trustee as an ***additional interested party*** on

each and every insurance policy.  As such, the U.S. Trustee will receive notification of any non-payment of premium or cancellation of policy."

A debtor must maintain property and liability insurance coverage so that the assets of the bankruptcy estate are protected against loss.  *See In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010).

Here, as stated above, the Debtor failed to provide any commercial general liability, workers' compensation, automobile, and/or any other insurance certificate(s) to the U.S. Trustee.  Specifically, the Debtor has failed to provide sufficient evidence of any current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.

## B. **Debtor's Failure to Comply with U.S. Trustee's Requirements**

Local Bankruptcy Rule 2015-2(a)(1) provides that the debtor "must timely provide the United States trustee with financial, management and operational reports, and such other information requested by the United States Trustee pursuant to the Guidelines and Requirements for Chapter 11 Debtors in Possession as necessary to properly supervise the administration of a chapter 11 case."  LBR 2015-2(a)(1).

Failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss a Chapter 11 case or convert it to one under Chapter 7.  *See e.g. In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco*, 5 B.R. 466 (Bankr. D. Mass. 1980); *In re Pappas*, 17 B.R. 662 (Bankr. D. Mass 1982).

### 1. *Debtor's Failure to Provide Sufficient Proof of Closure of Pre-Petition Bank Account(s) and Opening of Debtor-In-Possession Bank Account(s)*

Here, as state above, the Debtor has failed to provide any proof of closure of any pre-petition bank account(s).  Further, the Debtor has failed to provide sufficient evidence of the opening of the Debtor-In-Possession bank account(s), including a copy of the "Debtor-In-Possession" check for the account(s).[17]

//

//

//

---

17 *Id.* at ¶ 5(c)-(d).

### 2. *Debtor's Failure to Provide Projected Cash Flow Statement*

As stated above, the Debtor has failed to a projected cash flow statement for the first ninety (90) days of operation under Chapter 11, as required by the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession (effective September 1, 2022).[18]

### 3. *Debtor's Failure to Provide Proof of Recording of Chapter 11 Petition*

To the extent the Debtor owns any real property, it has failed to provide confirmed copies of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.[19]

### 4. *Debtor's Failure to Provide Proof of Required Certificate(s) and License*

As stated above, the Debtor has failed to provide proof of required certificate(s) and/or applicable license(s) for the business.[20]

### 5. *Debtor's Failure to Provide Tax Returns*

As stated above, the Debtor has failed to provide income tax returns for its two most recent years.[21]

### 6. *Debtor's  Failure to Provide Financial Statements*

As stated above, the Debtor has failed to submit copies of its most recent financial statements (audited and unaudited), including, but not limited to a balance sheet, income (profit and loss) statement and a cash flow statement.[22]

### 7. *Debtor's Failure to Provide U.S. Trustee's Compliance Declaration*

As stated above, the Debtor has failed to provide the U.S. Trustee's Compliance Declaration.[23]

---

[18] *Id.* at ¶ 5(e).

[19] *Id.* at ¶ 5(f).

[20] *Id.* at ¶ 5(g).

[21] *Id.* at ¶ 5(h).

[22] *Id.* at ¶ 5(i).

[23] *Id.* at ¶ 5(j).

### 8. *Debtor's Failure to Provide Statement of Major Issues and Timetable Report*

As stated above, the Debtor has failed to provide the Statement of Major Issues and Timetable Report. [24]

### 9. *Debtor's Failure to Provide Employee Benefit Plan Questionnaire*

As stated above, the Debtor has failed to submit an Employee Benefit Plan Questionnaire. [25]

### 10. *Debtor's Failure to Submit any Notice of Setting/Increasing Insider Compensation*

To the extent the Debtor is seeking to pay its insider(s) in this case, the Debtor has failed to serve any Notice of Setting/Increasing Insider Compensation pursuant to LBR 2014-1(a) and the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession. [26]

### 11. Failure to Provide a List of Insiders as Defined in 11 U.S.C. § 101(31)

To date, the Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31).

### 12. *Debtor's Failure to Provide Real Property Questionnaire*

As stated above, the Debtor has failed to provide any Real Property Questionnaire for any leased or owned real property. [27]

## IV.

## CONCLUSION

For the foregoing reason, and also based upon such other and further oral and/or documentary evidence as may be presented at the time of the hearing, the U.S. Trustee respectfully requests as follows:

---

24 *Id.* at ¶ 5(k).

25 *Id.* at ¶ 5(l).

26 *Id.* at ¶ 5(m).

27 *Id.* at ¶ 5(b).

A.    That this Court grant the U.S. Trustee's motion herein and dismiss the Debtor's case or convert this case to one under Chapter 7, whichever is in the best interest of creditors and the estate; and

B.    That this Court order such other and further relief as it deems appropriate under the circumstances, of this case.

Respectfully Submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

Dated: March 29, 2023    /s/ Queenie K. Ng
Queenie K. Ng
Attorney for the U.S. Trustee

## DECLARATION OF MARILYN SORENSEN

I, Marilyn Sorensen, hereby declare as follows:

1.  I am employed by the Office of the U.S. Trustee for Region 16 as a Bankruptcy Analyst. My duties and responsibilities include the review and analysis of Chapter 11 cases, including the case of The Litigation Practice Group, P.C.

2.  This Chapter 11 bankruptcy case was filed on March 20, 2023. [28] Schedules and the Statement of Financial Affairs are due April 3, 2023.

3.   On March 22, 2023, I sent an email to Debtor's counsel, Joon Khang, which contained all of the information about the Guidelines and Requirements for Chapter 11 Debtors in Possession ("U.S. Trustee Requirements") and the date of the Initial Debtor Interview ("IDI").  A true and correct copy of the March 22, 2023, email is attached hereto as Exhibit "B."

4.  On March 28, 2023, I emailed Debtor's counsel indicating that the Debtor had failed to comply with the U.S. Trustee Requirements.  A true and correct copy of the March 28, 2023, email is attached hereto as Exhibit "C."

5.  To date, the Debtor has not complied with <u>any</u> of the U.S. Trustee requirements, including but not limited to:

    a.  <u>Failure to Provide Proof of Insurance Coverage</u>

The Debtor has not provided commercial general liability, workers' compensation, automobile, or any other insurance certificates to the U.S. Trustee.

    b.  <u>Failure to Provide Real Property Questionnaire(s)</u>

To date, the Debtor has failed to provide any Real Property Questionnaire(s) for any leased or owned real property.

    c.  <u>Failure to Provide Sufficient Proof of Closure of Pre-Petition Bank Accounts</u>

The Debtor has not provided any proof that nay pre-petition bank account(s) have been closed.

    d.  <u>Failure to Provide Evidence of the Opening of the Debtor-In-Possession Bank Account(s)</u>

---

28 A true and accurate copy of the Court Pacer Docket for Case No. 8:23-bk-10571 SC is attached hereto as Exhibit "A" and is incorporated herein by this reference as if set forth in full.

To date, the Debtor has failed to provide evidence of the opening of the Debtor-In-Possession bank account(s), including a copy of the "Debtor-In-Possession" check for the account(s).

e.  <u>Failure to Provide Projected Cash Flow Statement</u>

To date, the Debtor has failed to provide a projected cash flow statement for the first ninety (90) days of operation under Chapter 11, as required by the United States Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession (effective September 1, 2022).

f.  <u>Failure to Provide Proof of Recording of Chapter 11 Petition</u>

To the extent that the Debtor owns any real property, it has failed to provide confirmed copies of the recording of its bankruptcy petition in each county in which real property is owned.

g.  <u>Failure to Provide Proof of Required Certificate and License</u>

To date, the Debtor has failed to provide proof of required certificate(s) and/or applicable license(s) for the business.

h.  <u>Failure to Provide Income Tax Returns</u>

To date, the Debtor has failed to provide income tax returns for its two most recent years.

i.  <u>Failure to Provide Financial Statements</u>

To date, the Debtor has failed to submit copies of its most recent financial statements (audited and unaudited), including but not limited to a balance sheet, income (profit and loss) statement and a cash flow statement.

j.  <u>Failure to Provide Declaration Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession</u>

To date, the Debtor has failed to provide the Declaration of debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession (Form USTLA-3).

k.  <u>Failure to Provide Statement of Major Issues and Timetable Report</u>

To date, the Debtor has failed to provide the Statement of Major Issues and Timetable Report.

//

l.       Failure to Provide Employee Benefit Plan Questionnaire

To date, the Debtor has failed to submit an Employee Benefit Plan Questionnaire (Form USTLA-8).

m.       Failure to Submit Any Notices of Setting/ Increasing Insider Compensation

To the extent the Debtor is seeking to pay its insider(s), the Debtor has failed to serve any Notice of Setting/Increasing Compensation.

n.       Failure to Provide a List of Insiders as Defined in 11 U.S.C. § 101(31)

To date, the Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31).

I declare under penalty of perjury and under the laws of the State of California and the United States of America that the foregoing is true and correct, and if called as a witness I could and would completely testify thereto.  Executed this 29th day of March 2023 in Santa Ana, California.

Marilyn Sorensen
Bankruptcy Analyst

# Exhibit "A"

**8:23-bk-10571-SC** The Litigation Practice Group P.C.
**Case type:** bk **Chapter:** 11 **Asset:** Yes **Vol:** v **Judge:** Scott C Clarkson
**Date filed:** 03/20/2023 **Date of last filing:** 03/29/2023

# History

| Doc. No. | Dates | Description |
|---|---|---|
| | *Filed & Entered:*      03/20/2023 | Set Case Commencement Deficiency Deadlines (def/deforco) |
| | *Docket Text:* Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor The Litigation Practice Group P.C.) List of Equity Security Holders due 4/3/2023. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 4/3/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 4/3/2023. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 4/3/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 4/3/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 4/3/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 4/3/2023. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 4/3/2023. Statement of Financial Affairs (Form 107 or 207) due 4/3/2023. (TS) | |
| | *Filed & Entered:*      03/20/2023 | Set Case Commencement Deficiency Deadlines (ccdn) |
| | *Docket Text:* Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor The Litigation Practice Group P.C.) Corporate Resolution Authorizing Filing of Petition due 4/3/2023. Corporate Ownership Statement (LBR Form F1007-4) due by 4/3/2023. Statement of Related Cases (LBR Form F1015-2) due 4/3/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 4/3/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 4/3/2023. Incomplete Filings due by 4/3/2023. (TS) | |
| 1 | *Filed & Entered:*      03/20/2023 | Voluntary Petition (Chapter 11) |
| | *Docket Text:* Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by The Litigation Practice Group P.C. (Khang, Joon). See docket entries #4, #5 for corrections. 72 Hours Deficiency Set: Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format due 3/23/2023. Master Mailing List of Creditors due 3/23/2023. Incomplete Filings due 3/23/2023. Case Deficient For: List of Equity Security Holders due 4/3/2023. Summary of Assets and Liabilities (Form 106Sum or 206Sum) due 4/3/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 4/3/2023. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 4/3/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 4/3/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 4/3/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 4/3/2023. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 4/3/2023. Statement of Financial Affairs (Form 107 or 207) due 4/3/2023. Corporate Resolution Authorizing Filing of Petition due 4/3/2023. Corporate Ownership Statement (LBR Form F1007-4) due by 4/3/2023. Statement of Related Cases (LBR Form F1015-2) due 4/3/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 4/3/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 4/3/2023. Incomplete Filings due by 4/3/2023. Modified on 3/20/2023 (TS). AMENDED 72 Hours Deficiency Set: Chapter 11 Case: List of Creditors Who Have the 20 Largest Unsecured Claims due 3/23/2023. Modified on 3/21/2023 (TS). | |
| 2 | *Filed & Entered:*      03/20/2023 | Notice of Case Deficiency (11 U.S.C. Sec. 521 & Rule 1007) (Ch 11/12) (BNC) |
| | *Docket Text:* Notice of Case Deficiency Under 11 U.S.C. Sec. 521(a)(1) and Bankruptcy Rule 1007 (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor The Litigation Practice Group P.C.) (TS) | |
| 3 | *Filed & Entered:*      03/20/2023 | Case Commencement Deficiency Notice (BNC) |

| | *Docket Text:* Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor The Litigation Practice Group P.C.) (TS) | |
|---|---|---|
| 4 | *Filed & Entered:* 03/20/2023 | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC) |
| | *Docket Text:* Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (TS) | |
| 5 | *Filed & Entered:* 03/20/2023 | Notice to Filer of Error and/or Deficient Document |
| | *Docket Text:* Notice to Filer of Error and/or Deficient Document **Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor The Litigation Practice Group P.C.) (TS) | |
| | *Filed & Entered:* 03/21/2023 | Automatic docket of credit card/debit card |
| | *Docket Text:* Receipt of Voluntary Petition (Chapter 11)( 8:23-bk-10571) [misc,volp11] (1738.00) Filing Fee. Receipt number A55262384. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) | |
| 6 | *Filed & Entered:* 03/21/2023 | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC) |
| | *Docket Text:* AMENDED Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC). (TS) | |
| 7 | *Filed & Entered:* 03/22/2023 | Verification of Master Mailing List of Creditors (LBR F1007-1) |
| | *Docket Text:* Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor The Litigation Practice Group P.C. (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Khang, Joon) | |
| 8 | *Filed & Entered:* 03/22/2023 | BNC Certificate of Notice |
| | *Docket Text:* BNC Certificate of Notice (RE: related document(s)3 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 03/22/2023. (Admin.) | |
| 9 | *Filed & Entered:* 03/22/2023 | BNC Certificate of Notice |
| | *Docket Text:* BNC Certificate of Notice (RE: related document(s)2 Notice of Case Deficiency (11 U.S.C. Sec. 521 & Rule 1007) (Ch 11/12) (BNC)) No. of Notices: 1. Notice Date 03/22/2023. (Admin.) | |
| 10 | *Filed & Entered:* 03/22/2023 | BNC Certificate of Notice |
| | *Docket Text:* BNC Certificate of Notice (RE: related document(s)4 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 03/22/2023. (Admin.) | |
| 11 | *Filed & Entered:* 03/23/2023 | Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1) |
| | *Docket Text:* Meeting of Creditors 341(a) meeting to be held on 4/24/2023 at 11:00 AM at UST-SA1, TELEPHONIC MEETING. CONFERENCE LINE:1-866-919-0527, PARTICIPANT CODE:2240227. Last day to oppose discharge or dischargeability is 6/23/2023. (JL) | |
| 12 | *Filed & Entered:* 03/23/2023 | Request for courtesy Notice of Electronic Filing (NEF) |
| | *Docket Text:* Request for courtesy Notice of Electronic Filing (NEF) Filed by Moldo, Byron. (Moldo, Byron) | |
| 13 | *Filed & Entered:* 03/23/2023 | BNC Certificate of Notice |
| | *Docket Text:* BNC Certificate of Notice (RE: related document(s)6 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 03/23/2023. (Admin.) | |
| 14 | *Filed & Entered:* 03/24/2023 | Order (Generic) (BNC-PDF) |
| | *Docket Text:* Order (1) Setting Scheduling Hearing And Case Management Conference And (2) Requiring Status Report. The Status Conference Hearing Is Set For June 14, 2023 At 1:30 P.M. In Courtroom 5C- | |

| | | | Virtual (Accessibility Will Be Posted Into The Court's Tentative Ruling Prior To The Hearing), Located At 411 West Fourth Street, Santa Ana, CA 92701. (BNC-PDF) (Related Doc # [1]) Signed on 3/24/2023 (NB8) |
|---|---|---|---|
| 15 | *Filed & Entered:* | 03/24/2023 | Hearing Set (Other) (BK Case - BNC Option) |
| | *Docket Text:* Hearing Set (RE: related document 14 Order (1) Setting Scheduling Hearing And Case Management Conference And (2) Requiring Status Report.) Status Conference hearing to be held on 6/14/2023 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) | | |
| 16 | *Filed & Entered:* | 03/24/2023 | Chapter 11 or Chapter 9: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Form 104 or 204) |
| | *Docket Text:* Chapter 11 or Chapter 9 Cases Non-Individual:: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Form 104 or 204) Filed by Debtor The Litigation Practice Group P.C. (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Khang, Joon) | | |
| 17 | *Filed & Entered:* | 03/25/2023 | BNC Certificate of Notice |
| | *Docket Text:* BNC Certificate of Notice (RE: related document(s)11 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 62. Notice Date 03/25/2023. (Admin.) | | |
| 18 | *Filed & Entered:* | 03/26/2023 | BNC Certificate of Notice - PDF Document |
| | *Docket Text:* BNC Certificate of Notice - PDF Document. (RE: related document(s)14 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/26/2023. (Admin.) | | |
| | *Filed & Entered:* | 03/29/2023 | Automatic docket of credit card/debit card |
| | *Docket Text:* Receipt of Motion for Relief from Stay - Unlawful Detainer( 8:23-bk-10571-SC) [motion,nmud] ( 188.00) Filing Fee. Receipt number A55293937. Fee amount 188.00. (re: Doc# 19) (U.S. Treasury) | | |
| 19 | *Filed & Entered:* | 03/29/2023 | Motion for Relief from Stay - Unlawful Detainer |
| | *Docket Text:* Notice of motion and motion for relief from the automatic stay with supporting declarations UNLAWFUL DETAINER RE: 17542 E. 17th Street, Suites 100, 105, 250 & 330, Tustin, CA 92780 *with Proof of Service.* Fee Amount $188, Filed by Creditor SDCO Tustin Executive Center, Inc. (Brown, Ronald) | | |
| 20 | *Filed & Entered:* | 03/29/2023 | Hearing Set (Motion) (BK Case - BNC Option) |
| | *Docket Text:* Hearing Set (RE: related document(s)19 Motion for Relief from Stay - Unlawful Detainer RE: 17542 E 17th Street, Suites 100, 105, 240 & 330, Tustin, CA 92780 filed by Creditor SDCO Tustin Executive Center, Inc.) The Hearing date is set for 5/3/2023 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/30/2023 10:03:19 | | |
| **PACER Login:** | queenieng | **Client Code:** |
| **Description:** | History/Documents | **Search Criteria:** | 8:23-bk-10571-SC Type: History Docket Text: DisplayDktText |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# Exhibit "B"

| | |
|---|---|
| **From:** | Sorensen, Marilyn (USTP) |
| **To:** | Joon Khang |
| **Cc:** | Ng, Queenie K. (USTP) |
| **Subject:** | IDI letter - The Litigation Practice Group P.C. (8: 23-bk-10571-SC) |
| **Date:** | Wednesday, March 22, 2023 7:41:00 AM |
| **Attachments:** | IDI letter - The Litigiation Practice Group P.C..pdf |

Good morning Mr. Khang,

The formal IDI letter is attached and should be reviewed with your client.  Please execute it and
return it to our office before April 5, the day of the Initial Debtor Interview.  Please note that the IDI
will be conducted by <u>video</u> using Microsoft Teams.


Thank you,
Marilyn Sorensen


**Marilyn S. Sorensen**
Bankruptcy Analyst
Dept. of Justice/ U.S. Trustee
Ronald Reagan Fed. Bldg. & U.S. Cou...
411 W 4th Street
Suite 7160
Santa Ana, CA  92701-8000

(714) 338-3421 Fax
(714) 338-3408 Work



**U.S. Department of Justice**

**United States Trustee
Central District of California**

---

*411 W. Fourth Street*    *Phone* 714 338-3400
*Suite 7160*    *FAX* 714 338-3421
*Santa Ana, California 92701-8000*

March 22, 2023

Re:  Chapter 11 – The Litigation Practice Group P.C. (8: 23-bk-10571-SC)

Dear Counsel,

The United States Trustee is charged with supervising the administration of cases under Chapter 11 of Title 11 pursuant to 28 U.S.C. § 586 and other applicable statutes.  Accordingly, this letter will provide notice of requirements for the above-referenced debtor-in-possession ("DIP") in connection with this Chapter 11 case.

This letter and the attachments to this email correspondence are being sent to you as attorney for the DIP and are not being sent to the DIP's representative.  Please inform the DIP's representative of his/her responsibilities as a Chapter 11 debtor-in-possession.  **At or before the Initial Debtor Interview (IDI), return an executed copy of the certification below to the compliance email address at USTP.Region16.Ch11@usdoj.gov.**

The IDI is scheduled for the following date and time:
           **Date:    Wednesday, April 5**
           **Time:    9:00 a.m.**
    **(Video meeting using Microsoft Teams – see calendar invitation sent earlier today)**

During the IDI, the DIP's representative must be prepared to answer questions regarding the DIP's operating history, factors contributing to the bankruptcy filing, and the DIP's plan/prospects for an effective reorganization.  In addition, we will review the U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors (the "Guidelines") and discuss the DIP's fiduciary duties as a Chapter 11 debtor moving forward.  **A DIP's representative will not be excused from attending an IDI prior to the § 341(a) meeting of creditors.**

**U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors**

Please see the attached Guidelines, that make reference to the Local Rules of Bankruptcy Procedure (the "Local Rules") for the Central District of California.  A copy of the Local Rules may be downloaded from the United States Bankruptcy Court's website at http://www.cacb.uscourts.gov/.  All applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Rules, General Orders, and other orders of the Court must

be observed in Chapter 11 cases.

Failure to comply with any requirement <u>may result in a motion by the United States Trustee, or another party, to dismiss or convert the case</u>, or to request other relief.

**<u>Notice of Concerning the Requirements Governing the Deposit of Estate funds</u>**

<u>Bankruptcy Code § 345</u> prohibits the DIP from depositing or investing bankruptcy estate funds in financial institutions that are not insured by the Federal Deposit Insurance Corporation ("FDIC") and that are not approved depositories.  Accordingly, all bankruptcy estate funds for Chapter 11 cases must be maintained at an <u>approved depository</u> institution that has agreed to fulfill the requirements established by the United States Trustee Program.

**<u>Debtor-in-Possession Bank Accounts</u>:**

Pursuant to Local Rule 2015-2, a debtor must close all existing financial accounts and establish new DIP bank accounts upon the filing of a Chapter 11 petition.  The funds must be deposited and maintained in a federally insured depository that is included on the United States Trustee's list of <u>approved depositories</u>.  For further information, see <u>Guidelines</u>, section 4.4.6.

**<u>Monthly Operating Reports:</u>**

On December 21, 2020, the United States Trustee Program published a final rule in the Federal Register entitled "Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11" (the "Final Rule").  The Final Rule became effective on June 21,2021 and governs the filing of pre-confirmation monthly operating reports (MORs) and quarterly post-confirmation reports (PCRs) by all debtors <u>except those who are small businesses or who, in accordance with the CARES Act, elect relief under subchapter V of Chapter 11.</u>

Practitioners should understand potential changes to applicable filing and service requirements. Unless otherwise provided by Local Rule, each report must be filed with the bankruptcy court no later than the **21st day of the month** immediately following the covered reporting period.  Forms and Instructions are accessible at**:
https://www.justice.gov/ust/chapter-11-operating-reports**.

During the IDI, we will review the Debtor's reporting capabilities and the supplemental documentation that the DIP's representative is required to file in conjunction with the reports.

**THE FOLLOWING SUPPORTING DOCUMENTS MUST BE FILED AS ATTACHMENTS TO THE MONTHLY OPERATING REPORT ("MOR") IN ALL NON-INDIVIDUAL CASES:**

1.  Statement of cash receipts and disbursements;

2.  Balance sheet containing the summary and detail of assets, liabilities and equity (net worth) or deficit;

3.  Statement of Operations (Profit and Loss Statement);

4.  General Ledger, including payroll ledger, with details about the date, payee, purpose, amount, and method of payment (ACH, check no.);

5.  Statement of Capital Assets;

6.  Bank Statements and Bank Reconciliations;

7.  Schedule of Payment to Insiders;

8.  Schedule of Insurance Policies (including name of carrier, coverage, policy expiration date, and dates premium paid); and

9.  Holographic signatures of both the attorney responsible for filing the MORs and DIP representative.

Please be advised that failure of the DIP's representative to appear and cooperate with the Office of the United States Trustee in producing requested documents may result in appropriate enforcement action, including a motion to convert or dismiss based on the DIP's failure to comply with the Guidelines.

Sincerely,

*Marilyn Sorensen*

Bankruptcy Analyst

CERTIFICATION

I certify that [the Debtor], through its authorized representative [name], has received a copy of this letter.

Name:_____
Counsel for: _____

copy:  file

**Exhibit "C"**

| | |
|---|---|
| **From:** | Sorensen, Marilyn (USTP) |
| **To:** | Joon Khang |
| **Cc:** | Ng, Queenie K. (USTP) |
| **Subject:** | Failure To Comply with UST Guidelines & Requirements - The Litigation Practice Group P.C. (8: 23-bk-10571-SC) |
| **Date:** | Tuesday, March 28, 2023 9:24:00 AM |
| **Importance:** | High |

Dear Mr. Khang,

The Debtor has failed to comply with any of the Guidelines and Requirements for Chapter 11 Debtors in Possession.  Our office may proceed with a motion to dismiss or convert the case.

Sincerely,
Marilyn Sorensen

---

**From:** Sorensen, Marilyn (USTP)
**Sent:** Wednesday, March 22, 2023 7:42 AM
**To:** Joon Khang <joon@khanglaw.com>
**Cc:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Subject:** IDI letter - The Litigation Practice Group P.C. (8: 23-bk-10571-SC)

Good morning Mr. Khang,

The formal IDI letter is attached and should be reviewed with your client.  Please execute it and return it to our office before April 5, the day of the Initial Debtor Interview.  Please note that the IDI will be conducted by <u>video</u> using Microsoft Teams.

Thank you,
Marilyn Sorensen

**Marilyn S. Sorensen**
Bankruptcy Analyst
Dept. of Justice/ U.S. Trustee
Ronald Reagan Fed. Bldg. & U.S. Cou...
411 W 4th Street
Suite 7160
Santa Ana, CA  92701-8000

(714) 338-3421 Fax
(714) 338-3408 Work

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**411 West Fourth Street, Suite 7160, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled (*specify*):

**NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DISMISS OR CONVERT
CASE PURSUANT TO 11 U.S.C.§ 1112(b); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARILYN SORENSEN IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On
(date) **March 30, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (date) **March 30, 2023,** I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **March 30, 2023,** I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 30, 2023 | Queenie Ng | /s/ Queenie Ng |
|---|---|---|
| Date | Print Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| Name | Capacity | Email Address |
|------|----------|---------------|
| Byron Moldo | | bmoldo@ecjlaw.com |
| Ronald Brown | SDCO Tustin Executive Center, Inc. | ron@rkbrownlaw.com |
| Joon Khang | Debtor's Attorney | joon@khanglaw.com |

*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**

Debtor:
**The Litigation Practice Group P.C.**
17542 17th St.,  Suite 100
Tustin, CA 92780

3. **SERVED BY (state method for each person served):**

**PERSONAL DELIVERY, FACSIMILE OR EMAIL**

Judge's Copy

Honorable Scott C. Clarkson  – bin on the 5th Floor

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

PETER C. ANDERSON
UNITED STATES TRUSTEE
QUEENIE K. NG (State Bar No. 223803)
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Telephone: (714) 338-3403
Facsimile:  (714) 338-3421
Email: Queenie.K.Ng@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In Re:

**THE LITIGATION PRACTICE GROUP P.C.,**

Debtor.

CASE NUMBER:  **8:23-bk-10571 SC**

CHAPTER 11

NOTICE OF HEARING

TO THE CREDITORS AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that the following hearing will be held on

**May 3, 2023 at 1:30 p.m. in Courtroom 5C – Virtual (Accessibility information will be posted into the Court's tentative ruling prior to the hearing), located at 411 West Fourth Street, Santa Ana, CA 92701.**

*NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE OR CONVERT CASE TO ONE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(b); DECLARATION OF MARILYN SORENSEN IN SUPPORT THEREOF*

**Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov.   For more information on appearing before Judge Clarkson by ZoomGov, please see the "Notice Re Telephonic Appearance Procedures for Judge Scott C. Clarkson's Cases" on the Court's website at:**

**https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson under the "Telephonic**

**Instructions" section.**

Objections, if any, to the above shall be in writing and filed with the Court and served upon the court party named in the upper left-hand corner of this notice at least fourteen (14) days prior to the hearing date.  See Local Bankruptcy Rule 9013-1(f)&(h)

DATED: March 30, 2023                           KATHLEEN J. CAMPBELL
                                                Clerk of Court