PETER C. ANDERSON
UNITED STATES TRUSTEE
QUEENIE K. NG (State Bar No. 223803)
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Telephone: (714) 338-3403
Facsimile:  (714) 338-3421
Email: Queenie.K.Ng@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>**THE LITIGATION PRACTICE GROUP P.C.,**<br><br>Debtor. | CASE NUMBER:  8:23-bk-10571-SC<br><br>CHAPTER 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO NOTICE OF SETTING/INCREASING INSIDER COMPENSATION OF DANIEL MARCH AND REQUEST FOR HEARING THEREON; DECLARATON OF MARILYN SORENSEN IN SUPPORT THEREOF**<br><br>Date:    [To Be Set By the Debtor]<br>Time:    [To be Set by the Debtor]<br>Ctrm:    5C |
|---|---|

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, DEBTOR'S COUNSEL AND ALL PARTIES IN INTEREST:**

Pursuant to Local Bankruptcy Rule ("LBR") 2014-1, the United States Trustee hereby objects (the "Objection") to the Notice (the "Insider Compensation Notice") of Setting/Increasing Insider Compensation of Daniel March, the Debtor's President and sole shareholder, and requests a hearing on the Insider Compensation Notice.

1

Pursuant to LBR 9013-1(o)(4), if the moving party fails to timely set the matter for hearing within 14 days from the date of service of this Objection, the Court may deny the Insider Compensation Notice without prejudice, without further notice or hearing.

## I. INTRODUCTION

On April 18, 2023, the Debtor filed the Insider Compensation Notice for Daniel March, seeking to pay him $100,000.00 per month [Bankr. Dkt. # 41]. The United States Trustee objects to the Insider Compensation Notice on the following grounds:

1. The Insider Compensation Notice is defective because the Debtor failed to complete certain relevant information, including Box 15, which requires the Debtor to specify the compensation received by the insider in the last 12 months and the Debtor failed to attach any supporting documentation;

2. On May 1, 2023, the Debtor amended its Statement of Financial Affairs ("SOFA") to list insider payment to Daniel March in the amount of $1.1 million for the period covering March 2022 to February 2023. However, the Debtor's tax returns for 2019 to 2021 list no deductions for compensation of officers;

3. The Debtor provided no evidence that it has sufficient funds to pay its insider $100,000.00 per month because its schedules reflect that it had only $4,500.00 in its bank account on the petition date;

4. The Debtor's Monthly Operating Report ("MOR") for March 2023 shows an ending balance in the amount of $5,447.14;

5. The Debtor provided no evidence that its requested compensation to Daniel March is reasonable; and

6. To date, the Debtor has failed to file any cash collateral motion to allow it to use any of its cash collateral for operations, including the proposed payments to its insider.

## II. ARGUMENT

A debtor's decision to compensate insiders must be reasonable. *See e.g. In re All Seasons Indus., Inc.*, 121 B.R. 822, 826 (Bankr. D. Ind. 1990). The issue is not the wisdom or efficacy of a business decision, but the propriety of insiders bestowing upon themselves compensation which may be excessive and detrimental to the creditors. *See In re Lyon & Reboli*, 24 B.R. 152, 154-55 (Bankr. E.D.N.Y. 1982).

//

A. **The Debtor Failed to Attach Documentation to the Insider Compensation Notice to Substantiate the Requested Amount of Insider Compensation**.

The Insider Compensation Notice seeks compensation to Daniel March in the amount of $100,000.00 per month, or $1.2 million per year [Bankr. Dkt. # 41]. The Debtor failed to provide the following relevant information in the Insider Compensation Notice for Daniel March:

| Box | Information Requested in the Insider Compensation Notice |
|---|---|
| 8 | If previously employed by Debtor within past 2 years in a different position, state position(s) and date(s) |
| 9 | Number of hours worked per week |
| 11 | Breakdown of compensation (specify amount and payment interval) |
| 13 | Date and amount of last increase in compensation |
| 14 | Identify any creditor who asserts a security interest in the receipts generated by the operation of the Debtor's business and the amount of it claim |
| 15 | Specify all compensation, perquisites, loans, benefits, etc. received by the insider from the Debtor during the 12-month period immediately preceding the filing of the Chapter 11 Petition (Attach W-2, 1099, Individual Payroll Cards and other related forms) |

Further, while the Insider Compensation Notice requires the Debtor to attach "W-2, 1099, Individual Payroll Cards and other related forms," no such documentation was attached [Bankr. Dkt. # 41].

Based on the foregoing, the Insider Compensation Notice is defective and should not be approved until and unless the foregoing issues are fully disclosed by the Debtor and are provided to all interested parties.

//
//
//
//

### B. The Debtor Provided No Evidence That It Has Sufficient Funds to Pay Its Insider $100,000.00 Per Month or That The Requested Compensation Is Reasonable.

The Debtor's Schedule B (filed April 4, 2023, Bankr. Dkt. # 33) lists $4,500.00 in it bank account as of the petition date.[1] On May 1, 2023, the Debtor filed its untimely MOR for March 2023.[2] The March MOR 2023 lists $5,447.14 cash on hand as of March 31, 2023.[3]

Based on the foregoing, it appears that the Debtor does not have sufficient funds to pay Daniel March the requested compensation of $100,000.00 per month.

The Debtor's Schedule B lists accounts receivables in the amount of $120 million [Bankr. Dkt. # 33].[4] The Debtor's Schedule B and Statement of Financial Affairs (at Part 2, Paragraph 3.2) also list alleged "funds improperly held by payment processor" (Marich Bein) in the amount of $12 million [Bankr. Dkt. # 33 an 34]. Absent further evidence supporting the Debtor's ability to collect on these receivables and/or the funds in a manner sufficient to fund its monthly obligations of $100,000.00, it is premature to approve the proposed insider compensation.[5]

Further, the Insider Compensation Notice failed to explain any ties of Daniel March's historical compensation, if any, with the proposed monthly compensation of $100,000.00.

The Debtor's initial SOFA (filed with the Court on April 4, 2023), at Part 2, paragraph 4, lists no payment to any insider for the one-year period prior to the Debtor's bankruptcy filing [Bankr. Dkt. # 34]. On May 1, 2023, the Debtor amended its SOFA to list insider payments to Daniel March in the amount of

---

[1] *See* Declaration of Marilyn Sorensen ("Sorensen Declaration") in Support of the Objection, at ¶ 4.

[2] The MOR for March 2023 was due on April 21, 2023. The United States Trustee notes that the Debtor erroneously filed a Small Business Operating Report. *See Id.* at ¶ 5.

[3] However, the bank statement attached to the MOR for March 2023 lists $6,331.07 in the Debtor's pre-petition bank account at Union Bank (account no. ending in 4858) as of March 31, 2023. *See Id.* at ¶ 5.

[4] During the Debtor's § 341(a) meeting held on May 2, 2023, the Debtor testified that the current accounts receivables are $60 million. *See Id.* at ¶ 6(a).

[5] During the Debtor's § 341(a) meeting held on May 2, 2023, the Debtor testified that it plans to file an adversary proceeding against Marich Bein to recover any funds held by the payment processor. *Id.* at ¶ 6(b).

$1.1 million for the period covering March 2022 to February 2023 [Bankr. Dkt. # 54]. Because the Debtor failed to attach any W-2, 1099, and/or payroll cards to the Insider Compensation Notice, the United States Trustee is unable to verify the insider payments to Daniel March in 2022.[6]

On April 25, 2023, the Debtor submitted its income tax returns for 2019 to 2021 to the United States Trustee. The tax returns included a 2019 return, a 2020 return, and a return marked "Draft Copy" for 2021. The Debtor's tax returns for 2019, 2020 and 2021, at Line 12, list no deductions for compensation of officers.[7]

The Court, the United States Trustee and any interested parties cannot evaluate the reasonableness of the proposed compensation without actual evidence of any historical compensation and an explanation for any increase, if applicable.

### C. To Date, the Debtor Has Failed to File Any Cash Collateral Motion to Allow It to Use Any of Its Cash Collateral for Operations, Including the Proposed Payments to Its Insider.

The Debtor's Amended Schedule D lists three secured creditors with total claims in the amount of $6.27 million [filed May 1, 2023, Bankr. Dkt. # 52]. Specifically, the Debtor lists a claim owed to City Capital NY ("City Capital") in the amount of $2.95 million, with its accounts receivables are subject to a City Capital lien. Further, the Debtor lists a claim owed to Fundura Capital Group ("Fundura") in the amount of $2.1 million. The Debtor states that its accounts receivables are subject to a Fundura lien, but asserts that Fundura is not owed anything. Finally, the Debtor lists a claim owed to Diverse Capital LLC ("Diverse Capital") in the amount of $1.22 million. The Debtor disputes that Diverse Capital has any interest in its accounts receivables [Bankr. Dkt. # 52].

---

[6] During the Debtor's § 341(a) meeting held on May 2, 2023, the Debtor testified that Daniel March received compensation in the approximate amount of $850,000.00 from January 2022 to March 17, 2023. Further, Daniel March's compensation was $50,000.00 per month in 2021 (until approximately August 2021) and $11,000.00 per month in 2020. *Id*. at ¶ 6(c).

[7] *See Id*. at ¶ 2. The United States Trustee will submit the Debtor's tax returns to the Court upon request.

The Insider Compensation Notice states that the source for the insider compensation is "[i]ncome from debtor's business operations." [Bankr. Dkt. # 41].

To the extent the Debtor intends to use cash collateral to pay for any business operation expenses, including the proposed insider compensation to Daniel March in the amount of $100,000.00 per month, it has failed to file any motion to use cash collateral pursuant to 11 U.S.C. § 363. There is also no evidence that any secured creditors have consented to the Debtor's use of their cash collateral.[8] It is unclear how the Debtor is operating its business without such authorization.

### III. CONCLUSION

For the foregoing reasons, and based upon such other and further oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows:

A.    That this Court sustain the United States Trustee's objection and deny the Insider Compensation Notice; and

B.    That this Court order such other and further relief as it deems appropriate under the circumstances of this case.

Respectfully Submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

Dated: May 2, 2023

/s/ Queenie K. Ng
Queenie K. Ng
Attorney for the U.S. Trustee

---

[8] In response to the United States Trustee's inquiry as to whether the Debtor needed consent of any secured lenders to use their cash collateral to pay business expenses, including payment of insider compensation, the Debtor's representative (Tony Diab) stated that he "[doesn't] have an answer to this question." *See Id.* at ¶ 6(d).

6

# DECLARATION OF MARILYN SORENSEN

I, Marilyn Sorensen, hereby declare as follows:

1. I am employed by the Office of the U.S. Trustee for Region 16 as a Bankruptcy Analyst. My duties and responsibilities include the review and analysis of Chapter 11 cases, including the case of The Litigation Practice Group, P.C., case number 8: 23-bk-10571-SC.

2. I personally reviewed the income tax returns provided by the Debtor on April 25, 2023 to the United States Trustee. The tax returns included a 2019 return, a 2020 return and a return marked "Draft Copy" for 2021. Line 12 (deductions for compensation of officers) is blank on the 2019 income tax return. Line 12 (deductions for compensation of officers) indicates "0" on the 2020 income tax return. Line 12 (deductions for compensation of officers) is blank on the 2021 (draft copy) income tax return.

3. On Friday, April 28, 2023 at 4:40 pm, the Debtor, through its counsel submitted a Balance Sheet for the "End of FY 2022" ("Balance Sheet') to the United States Trustee. The Balance Sheet lists Accounts Receivable of $6,607,039. However, the Debtor's bankruptcy schedules list Accounts Receivable valued at $120,000,000 as of the petition date with no allowance for doubtful or uncollectible accounts.

4. The Debtor's schedules list a single bank account, maintained at Union Bank (no account number provided) with $4,500 in it as of the petition date.

5. On May 1, 2023, the Debtor filed its Operating Report for the month of March 2023. The Debtor erroneously filed a Small Business Operating Report but the bank statements attached to the report list $6,331.07 in Union Bank account xxxx4858 as of March 31, 2023.

6, I personally attended the Debtor's § 341(a) meeting held on May 2, 2023. The Debtor's CEO and President, Dan March and Tony Diab appeared on behalf of the Debtor. During the said meeting, the Debtor testified the following:

   a. The Debtor's current accounts receivables are $60 million.

   b. The Debtor testified that it plans to file an adversary proceeding against Marich Bein to recover any funds held by the payment processor.

   c. The Debtor testified that Daniel March received compensation in the approximate amount of $850,000.00 from January 2022 to March 17, 2023. Further, Daniel March's compensation was $50,000.00 per month in 2021 (until approximately August 2021) and $11,000.00 per month in 2020.

d. In response to the United States Trustee's inquiry as to whether the Debtor needed consent of any secured lenders to use their cash collateral to pay business expenses, including payment of insider compensation, the Debtor's representative (Tony Diab) stated that he "[doesn't] have an answer to this question."

I declare under penalty of perjury and under the laws of the State of California and the United States of America that the foregoing is true and correct, and if called as a witness I could and would completely testify thereto. Executed this 2nd day of May 2023 in Santa Ana, California.

*[Signature]*
Marilyn Sorensen
Bankruptcy Analyst

//
//
//

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**411 West Fourth Street, Suite 7160, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled (*specify*):

**UNITED STATES TRUSTEE'S OBJECTION TO NOTICE OF SETTING/INCREASING INSIDER COMPENSATION OF DANIEL MARCH AND REQUEST FOR HEARING THEREON; DECLARATON OF MARILYN SORENSEN IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (date) **May 2, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **May 2, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 2, 2023,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 2, 2023 | Queenie Ng | /s/ Queenie Ng |
|---|---|---|
| Date | Print Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

   | Name | Capacity | Email Address |
   |---|---|---|
   | Byron Moldo | | bmoldo@ecjlaw.com |
   | Ronald Brown | SDCO Tustin Executive Center, Inc. | ron@rkbrownlaw.com |
   | Joon Khang | Debtor's Attorney | joon@khanglaw.com |
   | Shawn Christianson | | cmcintire@buchalter.com |
   | Alan Nahmias | | anahmias@mbn.law |
   | Garrick Hollander | MC DVI Fund 1, LLC | ghollander@wghlawyers.com |
   | Paul Shankman | | PShankman@fortislaw.com |

   *SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**

   Debtor:
   **The Litigation Practice Group P.C.**
   17542 17th St., Suite 100
   Tustin, CA 92780

   **The Litigation Practice Group P.C.**  (new address provided at § 341(a) meeting)
   17291 Irvine Blvd., Suite # 101
   Tustin, CA 92780

3. **SERVED BY (state method for each person served):**

   **PERSONAL DELIVERY, FACSIMILE OR EMAIL**

   Judge's Copy

   Honorable Scott C. Clarkson  – bin on the 5th Floor

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**