D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP,<br><br>Debtor. | Case No. Case # 8:23-bk-10571-SC<br><br>Chapter 11<br><br>APPLICATION BY CHAPTER 11 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT<br><br>[NO HEARING REQUIRED] |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the Bankruptcy

Estate ("Estate") of Litigation Practice Group ("Debtor(s)"), respectfully submits this application

("Application") for entry of an order authorizing the employment of Marshack Hays LLP ("Firm")

as Trustee's and the Estate's general counsel in this case pursuant to 11 U.S.C. § 327.

In support of this Application, Trustee respectfully represents as follows:

**A.    Statement of Facts**

**1.    Background Information**

On March 20, 2023, The Litigation Practice Group ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

On March 30, 2023, as Dk. No. 21, the United States Trustee filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b) for failure to comply with the U.S. Trustee guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the U.S. Trustee to appointment a Chapter 11 Trustee in this case. Richard A. Marshack was appointed as the Chapter 11 trustee of the Debtor's estate.

Trustee requires the assistance of general counsel to, among other things, investigate, analyze, and advise him regarding Estate's assets, liabilities, and financial condition. Additionally, because the case remains in Chapter 11, the Firm will advise Trustee regarding potential plans of reorganization. Trustee also requires the assistance of general counsel to identify and evaluate potential litigation claims held by the Estate. Trustee shall file a separate application to employ special counsel if and when appropriate. General Counsel will handle general issues and there will be no duplication if special counsel is employed. The Firm is knowledgeable and experienced in representing trustees including Chapter 11 trustees. Specifically, the Firm may be required to assist Trustee in the following matters:

a.    To analyze and evaluate assets of and claims against the Estate;

b.    To assist Trustee in analyzing Debtor's ability to reorganize and confirm a Chapter 11 Plan of Reorganization;

c.    To assist Trustee in analyzing whether the best interests of creditors and the Estate would be better served by conversion to Chapter 7;

d.    To represent Trustee in any proceedings or hearings in the Bankruptcy Court or in any other action where the rights of the Estate or Trustee may be litigated or affected;

APPLICATION TO EMPLOY MH AS GENERAL COUNSEL

e.      To conduct examinations of the Debtor, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

f.      To prepare on behalf of Trustee any necessary applications, motions, answers, orders, reports, and other legal papers;

g.      To investigate, and if necessary, prosecute claims for relief that the Estate may have; and

h.      To perform all legal services incidental and necessary for the smooth administration of the Estate.

If Trustee needs other counsel such as litigation counsel, Trustee will file an application to employ special counsel.

## B.      Requirements for Application to Employ Professional

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1 of the Local Bankruptcy Rules ("LBR"), there follows a summary of the proposed employment of the Firm. Should the Office of the United States Trustee, the Court, or any party in interest request additional information, the Firm will provide a supplemental declaration prior to any hearing on this Application.

### 1.      LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) Employment and Compensation.

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

Trustee seeks employment the Firm pursuant to 11 U.S.C. § 327. The Firm will seek compensation pursuant to 11 U.S.C. §§ 330 and 331.

### 2.     FRBP 2014.

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States Trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Trustee is seeking employment of the Firm. A copy of this Application will be served on the Office of the United States Trustee.

### a.     FRBP 2014 - Facts Showing the Necessity for the Employment.

In this case, Debtor operated a law firm that provided legal services to approximately 60,000 consumers in all 50 states and the District of Columbia. Debtor's standard practice was to have clients sign legal services agreements under which the consumers agreed to make monthly payments to Debtor over a period of time. During 2022, Debtor's revenues were approximately $155 million. Prior to filing its petition, Debtor contends that it assigned virtually all of its clients and rights to receive ongoing payments to several law firms in exchange for referral fees calculated as a percentage of revenue to be collected by the new firms. Trustee requires the assistance of counsel to review the facts and circumstances of the alleged assignments and to verify whether any transfers can be avoided for the benefit of creditors.

i.    **FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the
Person to Be Employed.**

In addition to the provisions of Rule 2014 of the FRBP, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed" (*emphasis added*).

Trustee seeks to employ the law firm of Marshack Hays LLP. Pursuant to Rule 2014(b) of the Federal Rules of Bankruptcy Procedure, partners, members, and regular associates of the Firm will act as attorneys for the Estate without further order of the court.

The professionals and paraprofessionals who may render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. Those persons are:

| Partners | Of Counsel | Paralegals |
|---|---|---|
| Richard A. Marshack | Kristine A. Thagard | Pamela Kraus |
| D. Edward Hays | Matthew W. Grimshaw | Chanel Mendoza |
| David A. Wood | Associates | Layla Buchanan |
| Chad V. Haes | Tinho Mang | Cynthia Bastida |
| Laila Masud | Bradford N. Barnhardt | Kathleen Frederick |
| | Sarah R. Hasselberger | |

b.    **FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the
Selection.**

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed" (emphasis added).

Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate. The Firm comprises attorneys who have extensive experience in insolvency, bankruptcy, corporate reorganization, as well as evaluating or prosecuting potential litigation claims. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. Importantly, the Firm has also represented multiple bankruptcy trustees appointed to serve in bankruptcy cases filed by law firm debtors. The members of the Firm have a combined

APPLICATION TO EMPLOY MH AS GENERAL COUNSEL

Bankruptcy Court practice of decades, and the Firm has handled most issues that routinely arise in the context of a bankruptcy case.

All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California, the United States District Court for the Central District of California, and this Court. A biography of each professional of the Firm and a list of the current hourly billing rates is attached as **Exhibit 1** to the Declaration of D. Edward Hays ("Hays Declaration").

The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

### c.    FRBP 2014 and LBR 2014-1(b)(3)(A) - Professional Services to be Rendered.

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed" (*emphasis added*).

In this case, the Trustee requires assistance of counsel to:

a.    To analyze and evaluate assets of and claims against the Estate;

b.    To assist Trustee in analyzing Debtor's ability to reorganize and confirm a Chapter 11 Plan of Reorganization;

c.    To assist Trustee in analyzing whether the best interests of creditors and the Estate would be better served by conversion to Chapter 7;

d.    To represent Trustee in any proceedings or hearings in the Bankruptcy Court or in any other action where the rights of the Estate or Trustee may be litigated or affected;

e.    To conduct examinations of the Debtor, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

f.    To prepare on behalf of Trustee any necessary applications, motions, answers, orders, reports, and other legal papers;

g.      To investigate, and if necessary, prosecute claims for relief that the Estate may have; and

h.      To perform all legal services incidental and necessary for the smooth administration of the Estate.

### d.      FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Arrangement Compensation.

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements for compensation, including the hourly rate of each professional to render services, source of the fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

The Firm will render services to the Trustee at the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's current hourly billing rates are as follows:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $690 | Kristine A. Thagard | $590 | Pamela Kraus | $290 |
| D. Edward Hays | $690 | Matthew W. Grimshaw | $590 | Chanel Mendoza | $290 |
| David A. Wood | $550 | Associates | Rates | Layla Buchanan | $290 |
| Chad V. Haes | $550 | Tinho Mang | $430 | Cynthia Bastida | $290 |
| Laila Masud | $460 | Bradford N. Barnhardt | $360 | Kathleen Frederick | $260 |
| | | Sarah R. Hasselberger | $340 | | |

The Firm will be compensated from assets of the Estate, if any, and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the services to be performed in this case, and has agreed that no retainer will be paid.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

The Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

APPLICATION TO EMPLOY MH AS GENERAL COUNSEL

### e.    FRBP 2014 - Firm's Connections and Associations.

Except as disclosed and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys or paraprofessionals comprising or employed by it, has any connection with Debtors or Debtors' attorneys or accountants, Debtors' creditors, or any other party in interest, or their respective attorneys or accountants. Hays Declaration, ¶18-21 (explaining conflicts check process).

Based on the foregoing, Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

The Firm does not have an interest adverse to the Debtors or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by Debtors.

To the best of the Firm's knowledge, and as set forth in the attached Hays Declaration, none of the attorneys comprising or employed by the Firm has any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) Richard A. Marshack, a member of the Firm, is a panel Chapter 7 trustee; (2) applicant has served as general counsel to Richard A. Marshack in his capacity as a Chapter 7 and 11 Trustee in other cases; (3) several individuals employed by or affiliated with the Firm have served as law clerks or externs for bankruptcy judges including the judge in this case; and (4) several bankruptcy judges including the judge in this case have performed civil marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C).

### 3.    LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm.

Pursuant to LBR 2014-1(b)(1)(B), "The application must be accompanied by a declaration of the person to be employed establishing disinterestedness or disclosing the nature of any interest held by such person." The Hays Declaration submitted with this Application provides information establishing the Firm's disinterestedness. Hays Declaration, ¶18-21 (explaining conflicts check process).

### 4.    LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee.

Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served, in accordance with LBR 2002-2(a), with a copy of the application and supporting declaration not later than the day it is filed with the court. No hearing is required unless requested by the United States trustee or a party in interest, or as otherwise ordered by the court." As set forth in the sworn Proof of Service filed contemporaneously with this document, the Firm served a copy of this Application on the Office of the United States Trustee on the date this Application was filed with the Court.

### 5.    Cause Exists for the Employment of the Trustee's Firm.

The requirements for a firm to be employed by a bankruptcy Trustee are set forth in 11 U.S.C. § 327(a): "the trustee, with the court's approval, may employ one or more attorneys… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Indeed, Trustees who are attorneys may even employ themselves as counsel for the estate if it is in the best interests of the estate. 11 U.S.C. § 327(d).

Implicit in the recognition that trustees may employ themselves as counsel for the estate is that trustees may employ a firm of which they are a member. As recognized in *In re Butler Industries, Inc.*, 101 B.R. 194 (Bankr. C.D. Cal. 1989), *aff'd*, 114 B.R. 695 (C.D. Cal. 1990), cause may exist for trustees to retain the services of the firm with which they are professionally affiliated. In this case, Trustee seeks to employ his own firm for the reasons set forth above and for the following:

**a.**    The Firm is Familiar with the Issues of the Case: **The Firm is familiar with the issues of this case, in that the Firm has undertaken the initial investigation of the issues in this case.** As detailed below**,** the Firm has represented bankruptcy trustees in cases filed by debtors that were law firms or attorneys. As such, the Firm's attorneys are familiar with the issues that will be present in this case before. The Estate will benefit from the Firm's familiarity with such issues. In addition, the employment of the Firm would save time and money and would maximize potential recovery because, as opposed to outside counsel, Trustee's Firm has already become intimately

familiar with the specific facts of this case given the time-sensitive nature of issues pending at the time of Trustee's appointment. In the first several days after the Court ordered the appointment of a trustee (including on a Saturday and Sunday), Mr. Marshack and Mr. Hays spent more than ten hours on the phone with Debtor's counsel, one of Debtor's principals, the Office of the United States Trustee, counsel for creditors in the case, and other interested parties.

**b.**    **Specific Experience:** The Firm's emphasis is in bankruptcy practice and debtor and creditor matters, and because of its experience, Trustee believes that the Firm is well qualified to render the services requested herein. In addition, the Firm's attorneys have experience with the issues that the Trustee will face in this case, and the Firm will have a unique ability to address both the bankruptcy and non-bankruptcy issues that will likely arise. In particular, the Firm's attorneys have experience advising bankruptcy trustees in cases filed by debtors that were law firms or attorneys including:

1.    In re Eagan Avenatti LLP

2.    In re Allebest

3.    In re Adelman

4.    Bp Fisher

**c.**    **No Objections Filed:** The notice of this Application to employ the Firm will be served in accordance with Local Bankruptcy Rule 2014-2.

**d.**    **Coordination/Costs:** Costs will be reduced as a result of coordination of efforts by staff members familiar with both Trustee and legal matters associated with the case. Moreover, creditors will benefit because correspondence and meetings between the Trustee and outside counsel would not be as efficient as in-office communications between the Trustee and the Firm.

As set forth above, "cause," as outlined in *In re Butler Industries, Inc.*, 101 B.R. 194 (Bankr. C.D. Cal. 1989), *aff'd*, 114 B.R. 695 (C.D. Cal. 1990), exists in this case for Trustee to retain the services of the firm with which he is professionally affiliated. This belief is consistent with District Court Judge Rea's opinion in Butler and the legislative intent expressed in Section 328(b) of the Bankruptcy Code. Based on the foregoing, Trustee requests that he be authorized to employ the Firm as his general counsel at the Firm's hourly billing rates, plus costs.

**C.    Conclusion**

WHEREFORE, Trustee requests that it be authorized to employ the Firm as his general counsel pursuant to 11 U.S.C. § 327 at the Firm's hourly rates with any compensation and reimbursement of costs to be paid by the Estate only upon application to and approval by the Court pursuant to 11 U.S.C. §§ 330 and 331. In the event the underlying bankruptcy case is converted to a Chapter 7, the Firm requests that any order granting this application specify that there is no need to seek to be re-employed in the converted case.

Dated: May 19, 2023                              Respectfully submitted,

By: _____
RICHARD A. MARSHACK
Chapter 11 Trustee

Dated: May 19, 2023                        MARSHACK HAYS LLP

By: _____
D. EDWARD HAYS
LAILA MASUD
Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK

APPLICATION TO EMPLOY MH AS GENERAL COUNSEL

# Declaration of D. Edward Hays

I, D. Edward Hays, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3.      I am a partner in the law firm of Marshack Hays LLP ("Firm") and maintain offices at 870 Roosevelt, Irvine, California, 92620.

4.      I make this Declaration in support of the Application of Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel ("Application") filed by Richard A. Marshack the Chapter 11 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of The Litigation Practice Group ("Debtor"), Case No. 8:23-bk-10571-SC.

5.      If called as a witness, I could and would competently testify to the following of my own personal knowledge.

6.      I have reviewed the court's PACER docket and the files contained therein for this case.

7.      Trustee has asked that the Firm serve as his counsel in connection with the administration of the Estate. The Firm is well-qualified to do so.

8.      The Firm comprises attorneys who have extensive experience in most aspects of insolvency, bankruptcy, and corporate reorganization and is well-qualified to represent Trustee in proceedings of this nature. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled many of the issues that routinely arise in the context of a bankruptcy case. Moreover, the Firm has represented multiple bankruptcy trustees in cases filed by debtors that were law firms or practicing attorneys.

9.      Trustee requested the assistance of attorneys in this Firm to investigate the issues in this case and administer assets for the benefit of creditors including, but not limited to investigating the viability of a Chapter 11 Plan of Reorganization.

APPLICATION TO EMPLOY MH AS GENERAL COUNSEL

10.    All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached as **Exhibit 1** and incorporated by this reference.

11.    The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

12.    The Firm's current hourly billing rates are as follows:

| Partners | $460 to $690 |
|----------|--------------|
| Associates | $340 to $430 |
| Paralegals | $260 to $290 |

13.    The Firm has not received a retainer for the services that it will perform in this matter.

14.    The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

15.    The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

16.    The Firm's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization. The Firm does not have a "commercial" practice outside of bankruptcy.

17.    From its inception, the Firm has maintained databases of all bankruptcy cases in which it has been employed, through document management and billing systems. For every new potential case where the Firm is employed, a search of these databases of the Debtor(s) and all creditors is performed to ascertain if the Firm has any previous relationship that would prevent its employment in the case.

18.    In this case, the Firm completed a conflicts check prior to submitting the Application by using the information provided by the Debtor in her petition against the Firm's databases. As a result of the conflicts check, no relationship was identified that would prevent employment in this matter.

19.     The Firm has been employed by Trustee in multiple other cases which does not create any conflict.

20.     The Firm believes it is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

21.     To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtors or Debtors' attorneys or accountants, Debtors' creditors, or any other outside party in interest, or their respective attorneys or accountants, except that (1) Richard A. Marshack, a member of the Firm, is a panel Chapter 7 trustee; (2) applicant has served as general counsel to Richard A. Marshack in his capacity as a Chapter 7 and 11 Trustee in other cases; (3) several individuals employed by or affiliated with the Firm have served as law clerks or externs for bankruptcy judges including the judge in this case; and (4) several bankruptcy judges including the judge in this case have performed civil marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C).

22.     The Firm is not and was not an investment banker for any outstanding security of the Debtors.

23.     The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of Debtors.

24.     The Firm is not and was not, within two (2) years before the date of the filing of Debtors' petition, a director, officer or employee of the Debtors or of any investment banker for any security of Debtors.

25.     As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtors. The Firm has no pre-petition claim against Debtors' Estate and was not owed any funds by Debtors.

26.     The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtors or an investment banker for any security of Debtors, or for any other reason.

14

27. To the best of my knowledge, none of the attorneys comprising or employed by the Firm have any connection to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that Richard A. Marshack is a panel Chapter 7 trustee.

28. The Firm does not have an interest adverse to Debtors or the bankruptcy Estate.

29. Based on the foregoing, Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

After reviewing the investigation described above, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 19, 2023.

D. EDWARD HAYS

APPLICATION TO EMPLOY MH AS GENERAL COUNSEL

**EXHIBIT 1**

## PARTNERS

### RICHARD A. MARSHACK

Richard A. Marshack is a founding member of the firm of Marshack Hays LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.S. Bankruptcy Court, Central District of California, 1985 - Present.*

### D. EDWARD HAYS

D. Edward Hays, is a founding member of the firm of Marshack Hays LLP. He was born in Los Angeles, California. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992. Ed is certified as a bankruptcy law specialist by the State Bar of California.

Ed focuses his practice on bankruptcy and litigation matters. In 2000 and 2017, he was the Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also serves or has served as a Director or member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles.

Ed has been selected on numerous occasions to present continuing education lectures at nationwide conferences including the National Conference of Bankruptcy Judges, the National Association of Bankruptcy Trustees, and the National Association of Consumer Bankruptcy Attorneys. He has also spoken on various legal topics for statewide and local bankruptcy associations including the California Bankruptcy Forum, the Orange County Bankruptcy Forum, the Commercial Law and Bankruptcy Section of the Orange County Bar Association, the Inland Empire Bankruptcy Forum.

In 2004, Ed won the State Bar 5k race and, in 2005 and 2006, was the runner-up. He also actively participates in endurance events completing full-distance Ironman Triathlons in 2000 and 2003; eight half-Ironman races between 1999 and 2016; a 50-mile ultra-run in 2009; multiple 50k running races, and multiple marathons across the world including Boston, New York, Los Angeles, Rome, St. George, and the Madison Valley in Montana.

Ed's published cases include: *In re Brace*, 9 Cal.5th 903 (Cal. Supreme Court 2020); *In re Brace*, 979 F.3d 1228 (9th Cir. 2020); *Jue v. Liu (In re Liu)*, 611 B.R. 864 (9th Cir. BAP 2020); *In re Nolan*, 618 B.R. 860 (Bankr. C.D.Cal. 2020); *In re Roger*, 393 F.Supp.3d 940 (Distr. Cal. 2019); *Naylor v. Farrell (In re Farrell)*, 610 B.R. 317 (Bankr. C.D.Cal. 2019); *Slaieh v. Simons*, 548 B.R. 28 (Distr. Cal. 2018); *Brace v. Speier*, 908 F.3d 531 (9th Cir. 2018); *Cal. Corr. Peace Officers Ass'n Ben. Trust Fund v. Corbett (In re Corbett)*, 2017 U.S.Distr. Lexis 108925 (E.D.Cal. 2017), *Brace v. Speier (In re Brace)*, 566 B.R. 13 (9th Cir. BAP 2017); *In re DRI Cos.*, 552 B.R. 195 (Bankr. C.D.Cal. 2016); *Stahl v. Whelan Elec., Inc. (In re Modtech Holdings)*, 503 B.R. 737 (Bankr. C.D.Cal. 2013); *In re Cusimano*, 2013 WL 9736597 (Bankr. C.D.Cal. 2013); *In re Cass*, 476 B.R. 602 (Bankr. C.D. Cal. 2012); *In re Four Star Financial Services, Inc.*, 444 B.R. 428 (Bankr. C.D. Cal. 2011) rev'd 469 B.R. 30 (C.D. Cal. 2012); *In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011); *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006); *In re Dudley*, 249 F.3d 1170 (9th Cir. 2001); *In re Kim*, 257 B.R. 680 (9th Cir. BAP 2000); *In re Kuraishi*, 237 B.R. 172 (Bankr. C.D. Cal. 1999); *Blonder v. Cumberland Engineering*, (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216; In re Metz, 225 B.R. 173 (9th Cir. BAP 1998); *In re National Environmental Waste Corporation*, 191 B.R. 832 (Bankr. C.D. Cal. 1996) aff'd 129 F.3d 1052 (9th Cir. 1997); *In re Turner*, 186 B.R. 108 (9th Cir. BAP 1995); and *In re Continental Capital & Credit*, 158 B.R. 828 (Bankr. C.D. Cal. 1993).

Ed and his wife, Sarah Cate Hays, have also co-authored the following law review articles published in the California Bankruptcy Journal:
- *The Client Without a Remedy and the Windfall Estate – The Case for Debtor Ownership of Malpractice Claims Against Bankruptcy Counsel (32 Cal. Bank. J. 65 (2012));*
- *The Same Love – Marriage Equality in Bankruptcy Post-DOMA and the Evolving Rights of Registered Domestic Partners (33 Cal. Bank. J. 49 (2014)); and*
- *Good Help is Hard to Fund: The Problem of Earned Upon Receipt Retainers and Pre-Funded Litigation in Bankruptcy (33 Cal. Bankr. J. 421 (2016)).*

**DAVID A. WOOD**

David A. Wood focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude. Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing econometric modeling systems to evaluate land development opportunities, and the existence of economic blight. He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

**CHAD V. HAES**

Chad V. Haes focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights. Mr. Haes' litigation experience includes representing institutional lenders in actions related

to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008. Prior to joining Marshack Hays, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division. Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law. Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

**LAILA MASUD** focuses her practice in bankruptcy and business litigation, including lender liability and creditors' rights.

Ms. Masud graduated cum laude from the University of California, Irvine in 2012. She earned her law degree from Pepperdine University School of Law in 2016. She was admitted to practice law in California in 2016. Prior to joining Marshack Hays, Ms. Masud served as a judicial law clerk to the Honorable Thomas B. Donovan at the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

During law school, as an extern for the Honorable Vincent P. Zurzolo at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, she served on the Rules Committee where she conducted research and wrote on various issues of bankruptcy law, including local court forms, rules and procedures. She also served as a student leader and was nominated for The Parris Institute for Professional Formation Award for Excellence in Leadership and Excellence in Peacemaking. In 2020, Ms. Masud served as the youngest President of the OCBA's Commercial Law and Bankruptcy Section. Ms. Masud is also a member of the International Women's Insolvency & Restructuring Confederation and in August 2020 Ms. Masud was profiled in the Orange County Business Journal for Women in Law. Ms. Masud is conversant in Spanish, Urdu and Hindi.

## <u>ATTORNEYS</u>

**KRISTINE A. THAGARD** focuses her practice on contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she served on the Board of Trustees for 9 years. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

**MATTHEW W. GRIMSHAW** focuses his practice on insolvency law and litigation. He represents parties in all aspects of bankruptcy matters and out-of-court restructurings. He also has significant experience litigating and advising clients on issues resulting from the debtor-creditor relationship, including the enforcement of notes and guarantees, writs of attachment, receiverships, wrongful foreclosures, mortgage elimination scams, and injunctions.

Mr. Grimshaw was born in Mesa, Arizona. He graduated from Brigham Young University with a Bachelor of Arts degree in Economics. He graduated with honors from Willamette University College of Law, where he served as the editor-in-chief of the school's Journal of International Law and Dispute Resolution. Mr. Grimshaw was admitted to practice law in California in 2000.

Mr. Grimshaw served a two-year term as a judicial law clerk to the Honorable John E. Ryan. During his first year, Mr. Grimshaw served as Judge Ryan's trial law clerk. During his second year, when Judge Ryan was the chief judge of the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals, Mr. Grimshaw served as his appellate law clerk.

Mr. Grimshaw has been asked on many occasions to present lectures on various subjects, including bankruptcy, creditors' rights, and legal ethics. He has published numerous articles on bankruptcy-related topics. In 2006, he was also appointed by Ninth Circuit Court of Appeals to serve on the committee that evaluated candidates and made recommendations as to who should fill existing vacancies on the United States Bankruptcy Court for the Central District of California.

Mr. Grimshaw is a long-time member of the Board of Directors for the Orange County Bankruptcy Forum. He also served as Chair of the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

**TINHO MANG** is an attorney at Marshack Hays. He recently earned his Juris Doctorate from the University of Southern California, Gould School of Law, and prior to that, graduated *magna cum laude* from the University of California, Los Angeles. While at law school, Mr. Mang served as the Executive Senior Editor of the Southern California Review of Law and Social Justice. He also served two full-time summers and one part-time fall semester as an extern in the United States Bankruptcy Court for the Central District of California for the Honorable Scott C. Clarkson. During his externship in bankruptcy court, Mr. Mang developed a deep appreciation for the intricacies of bankruptcy practice, participating substantially in a wide variety of bankruptcy matters ranging from Chapter 11 confirmations, adversarial proceedings for lien avoidance, and a trial seeking to avoid a preferential or fraudulent transfer. Mr. Mang was sworn in as a member of the California State Bar on November 27, 2018.

**BRADFORD N. BARNHARDT** is an associate attorney at Marshack Hays.  Before joining the firm, he completed a two-year judicial law clerkship for the Honorable Sandra R. Klein at the U.S. Bankruptcy Court in Los Angeles.  Brad graduated with honors and in the top 10% of his class from Emory University School of Law and served as a Notes & Comments Editor for the Emory Bankruptcy Developments Journal.  He received a Bachelor of Arts, summa cum laude, in English and mathematics from the University of Missouri and was elected to Phi Beta Kappa during his junior year.

**SARAH HASSELBERGER** is an associate attorney at Marshack Hays.  Before joining the firm, she served as a judicial law clerk for the Honorable Scott H. Yun at the U.S. Bankruptcy Court for the Central District of California. Sarah received a merit scholarship and graduated in the top 7% of her class from Chapman University Dale E. Fowler School of Law. During law school, Sarah worked as a law clerk for Marshack Hays and served as a judicial extern for the Honorable Scott H. Yun and the Honorable Theodor C. Albert in the U. S. Bankruptcy Court for the Central District of California. Sarah received her Bachelor of Science, cum laude, in Arts Administration from Wagner College in Staten Island, New York.

## PARALEGALS AND TRUSTEE ADMINISTRATORS

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present; Education: Coastline Community College, Costa Mesa (A.A. 2004); Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004). Member: Orange County Paralegal Association; Orange County Bankruptcy Forum; National Association of Bankruptcy Trustees.

**CHANEL MENDOZA,** Experience: Ms. Mendoza is a seasoned litigation and bankruptcy Legal Assistant/Paralegal. She obtained her Legal Secretary Certificate from Watterson College in 1992. She has more than twenty years of law related experience comprising of workers' compensation, personal injury, business litigation, employment law, and bankruptcy, all while working under the direct supervision of active members of the California State Bar. Ms. Mendoza has also worked fourteen of those years under the direction and supervision of Marshack Hays LLP's founding partner, D. Edward Hays. Ms. Mendoza has federal and state court experience, including extensive trial and appellate knowledge. Ms. Mendoza is a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**LAYLA BUCHANAN,** Experience: Ms. Buchanan has over twenty years of law related experience working in civil, bankruptcy and family law, while working under the direct supervision of active members of the California State Bar. Member: Orange County Legal Secretaries Association, Orange County Paralegal Association, and a current member of the National Notary Association. Ms. Buchanan has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

**CYNTHIA BASTIDA,** Experience: Ms. Bastida has over twenty years of experience working as a Legal Assistant/Paralegal. She has her Paralegal Certificate (completion in 1991) and earned a Bachelor of Arts in Psychology from California State University Fullerton in 2004. She has a wide range of experience from civil litigation, bankruptcy, product liability, lemon law, real estate and corporate law as well as eminent domain. Her skills include: Legal research, trial preparation along with drafting numerous fee applications, petitions, proofs of claim, notices, motions and discovery. Cynthia is a member of Orange County Legal Secretary Association (OCLSA).

**KATHLEEN FREDERICK,** Experience: Mrs. Frederick is a Junior Paralegal with Marshack Hays LLP. Mrs. Frederick graduated from the University of California, Los Angeles in 2008 with a bachelor's degree in English. She obtained her Paralegal Certificate from Coastline Community College's ABA accredited program in May of 2018. She has been working with the firm for more than five years and has over ten years legal experience. Mrs. Frederick is a member of the Orange County Paralegal Association and the National Association of Legal Assistants.

Billing Rates:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $690 | Kristine A. Thagard | $590 | Pamela Kraus | $290 |
| D. Edward Hays | $690 | Matthew W. Grimshaw | $590 | Chanel Mendoza | $290 |
| David A. Wood | $550 | Associates | Rates | Layla Buchanan | $290 |
| Chad V. Haes | $550 | Tinho Mang | $430 | Cynthia Bastida | $290 |
| Laila Masud | $460 | Bradford N. Barnhardt | $360 | Kathleen Frederick | $260 |
| | | Sarah R. Hasselberger | $340 | | |

4882-5534-9093, v. 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 11 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 19, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **May 19, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
THE LITIGATION PRACTICE GROUP P.C.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR
TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT
OR LAW TO RECEIVE SERVICE OF PROCESS
17542 17TH STREET, SUITE 100
TUSTIN, CA 92780

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 19, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE CENTRAL GUIDE SUPPLEMENT TO LBR 5005-2(d), SERVING A JUDGE'S COPY OF DOCUMENTS, §2.2(c), A NON-HEARING MOTION WHEN THE RESPONSE DEADLINE HAS NOT PASSED SHOULD NOT BE SERVED UPON THE JUDGE.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 19, 2023 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
- **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **INTERESTED PARTY COURTESY NEF:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **INTERESTED PARTY COURTESY NEF:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                         **F 9013-3.1.PROOF.SERVICE**