Christopher Celentino (State Bar No. 131688)
christopher.celentino@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501

Proposed Special Counsel to the Chapter 11 Trustee,
Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **DECLARATION OF CHRISTOPHER CELENTINO IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. SECTION 327(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DINSMORE & SHOHL LLP AS SPECIAL COUNSEL FOR CHAPTER 11 TRUSTEE RICHARD A. MARSHACK** |
| | Date: No Hearing Required<br>Time:<br>Ctrm: 5C<br>411 West Fourth Street, Suite 5130<br>Santa Ana, California, 92701-4593<br>Judge: Hon. _Scott C. Clarkson |

I, Christopher Celentino, declare as follows:

1.      I am an attorney duly licensed to practice before this Court and the courts of this State. I am a partner of the law firm Dinsmore & Shohl LLP ("Dinsmore" or the "Firm"), proposed special counsel for the chapter 11 trustee, Richard A. Marshack (the "Trustee"), trustee of the above-captioned debtor, The Litigation Practice Group P.C. (the "Debtor").

2.      I submit this declaration ("Declaration") in support of the Application Pursuant to 11 U.S.C. Section 327(a) Authorizing the Retention and Employment of Dinsmore & Shohl LLP as

Special Counsel for Chapter 11 Trustee Richard A. Marshack filed concurrently herewith (the "Application").

3.    The facts stated below are personally known to me, except for those matters based upon information and belief and as to those, I believe them to be true.  If called as a witness, I could and would competently testify to the truth of such facts.

4.    On or about March 20, 2023, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court of the Central District of California (the "Court") was filed by the Debtor.

5.    On or about May 8, 2023, the Trustee was appointed trustee in the Case.  The Trustee seeks to retain and employ Dinsmore as the Trustee's special counsel in the Case effective May 8, 2023.

6.    To the best of my knowledge, information and belief, neither the Firm, nor any of its partners has any material interest in the bankruptcy estate of the Debtor, except as otherwise set forth herein.  Nor do any of its partners or associates represent any interest adverse to the Trustee or the bankruptcy estate in connection with the Case with respect to the matters for which the Firm is to be employed and appointed, except as otherwise set forth herein.

7.    The Firm is a large, prestigious firm which has been serving United States communities since 1908 in some form.  As is common in a large firm, representing hundreds of thousands of clients over the years, the Firm has represented clients who have or may have some connection to parties involved in the Case.  At my direction or the direction of other attorneys at the Firm, the Firm has performed a search in its computerized conflict resolution system for the Debtor, the creditors listed on the Debtor's Schedules on file in the Case, and other parties in interest as noted by the record in the Case, including each party a named Defendant in the current adversary proceeding.  I or other attorneys at the Firm will supplement this Declaration with any necessary disclosures of further connections with creditors and other parties of interest in the Case from time to time as such information becomes available and as appropriate under the relevant circumstances, all in accordance with applicable law and rules.

///

8.      Based upon my review of the results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof) thus far, the Firm, to the best of my knowledge and belief, does not hold or represent any interest materially adverse to the Trustee, the Case, the Debtor's bankruptcy estate or in connection with the Case except as set forth below, and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

9.      Consistent with Bankruptcy Rule 2014, I have chosen to disclose the "connections" that the Firm may have to the Trustee, the Debtor, the bankruptcy estate, the known creditors or other parties in interest in the Case, any of their respective attorneys and accountants as described above, the United States Trustee or any employee of that office, and have adopted a broad definition of the word "connection."  Subject to this Declaration, the connections identified through the described inquiry involve entities or persons that are clients of or former clients of the Firm, adverse parties to clients of the Firm, or otherwise involved parties, in each case in unrelated matters, all of which are discussed below:

a.      **Connections with the Trustee**.  I do not believe that presently the Firm is involved in any matter in which it is adverse to the Trustee in his role in the Case, or in any other matter.  The Firm has and may in the future serve as counsel to the Trustee in his fiduciary capacity in other, unrelated cases; and in the future the Trustee or his law firm may represent one or more attorneys at the Firm who are serving as a trustee or other fiduciary in a matter.  Like the Trustee, attorneys at the Firm are or may from time to time be members of the panel of Chapter 7 Trustees for the Central District of California and/or serve as trustees in other cases before the Court.  The Firm may in the future be involved in cases in which the Trustee or his affiliates (e.g. his law firm) may be a creditor or retained by a party in interest.  Attorneys at the Firm may have had matters adverse, or were otherwise involved, in cases in which the Trustee was involved in his fiduciary capacity or as a lawyer or advisor to a party in interest; such cases are unrelated to the Debtor's Case.  Both myself and the others at Dinsmore have served as members, directors and/or officers of the California Bankruptcy Forum or other organizations and may do so in the future.  The Trustee is or has been or may be a member, officer and/or director of some of these organizations.  Attorneys at

the Firm socialize with the Trustee from time to time.  For conflicts of interest purposes, I do not believe the foregoing representations or involvement with the Trustee poses any conflict of interest or "disinterestedness" issues.  These matters are unrelated to the Debtor, the Debtor's bankruptcy estate or other parties in the Case. These matters do not raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requests "connections," they are disclosed herein.

        **b.**      <u>**Connections with the Debtor**</u>.  None known.

        **c.**      <u>**Connections with Creditors and Parties in Interest**</u>:  Because of its size and its tenure in this community and throughout the country, it is inevitable that one or more creditors or parties in interest in the Case are or may be clients of the Firm.  However, no creditor in the Case has retained the Firm, or is a Firm client, in this matter adverse to the Debtor, the bankruptcy estate or the Trustee in the Case.  Each of the creditors or their affiliates listed on Exhibit "A" hereto, are or may be clients of the Firm, or may be adverse or otherwise involved in matters <u>unrelated</u> to the Case and <u>unrelated</u> to the Debtor, the bankruptcy estate, the Trustee or any other party in interest in the Case with respect to the Case, except as set forth herein.  For conflicts of interest purposes, I believe these representations do not pose any conflict of interest.  However, where a party in interest in the Case is a client of the Firm, the Firm shall not take any action directly adverse to such party on behalf of the Trustee, <u>absent an executed written</u> conflict waiver from such client and subsequent disclosure to this Court and parties in interest, if required.  In no circumstances will the Firm represent these clients, or client related parties, adverse to the Debtor or the Trustee in the Case.  The Trustee has agreed to the foregoing as set forth in the Engagement Letter.

        10.      In addition, with respect to the clients listed on Exhibit "A" and/or one or more of their affiliates, the Firm may represent parties to which these clients and/or one or more of their affiliates are otherwise associated, in one or more matters <u>unrelated</u> to the Debtor, the Trustee, the bankruptcy estate, or the Case.  The Firm may, from time to time, accept new cases from these clients and/or one or more of their affiliates <u>unrelated</u> to the Debtor, the Trustee with respect to the Case, the bankruptcy estate, or the Case.  The Firm does not possess any material or confidential information related to these clients and/or their affiliates that prevents the Firm from representing the Trustee in the Case.  For conflicts of interest purposes, I believe that none of these

representations poses a conflict of interest issue.  I believe no waiver of any potential conflict of interest from any of these clients and/or one or more of their affiliates is necessary as of this time. If at any point such a waiver is necessary, I expect that each affected entity and/or affiliates would execute any waiver as presented, or in the highly unlikely case that such a waiver is both required and not granted, it is anticipated that the Trustee will retain special counsel, or the matter can be addressed by the Trustee's General Counsel.  As of this time, none of these matters raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requires "connections," they are disclosed herein.

         **a.**      **<u>Connections with Other Counsel or Professionals in the Case</u>**.  Members of the Firm have been, are or may in the future be involved in other matters in which the Trustee, his law firm, or other professionals, as well as other professionals representing other parties in interest in the Case have been, are or may be involved.  These connections have no impact on the Firm's representation in the Case.

         **b.**      **<u>United States Trustee and Judiciary</u>**.  I and other partners and attorneys of the Firm have had many cases with the Central District of California Offices of the United States Trustee over the years, and we know many people in these offices personally.  One or more partners or other attorneys at the Firm may have worked in the office of the U.S. Trustee but to my knowledge, not the Central District of California before joining the Firm or may have or have had familial relationships with one or more of the attorneys in the Office of the U.S. Trustee, although as noted, to my knowledge, not within the Central District of California.

      11.     On or about July 1, 2017, the Hon. Peter W. Bowie, former Chief Judge for the United States Bankruptcy Court for the Southern District of California, joined Dinsmore as Of Counsel.

      12.     The Managing Partner of the Los Angeles office, Peter Mastan, himself serves as a panel Trustee for the Central District of California.

      13.     Attorneys at the Firm may have been, and from time to time may be, panelists on seminars that may include members of the Office of the United States Trustee or judges of the Court, ///

and may attend seminars or meetings of organizations which are also attended by members of the Office of the United States Trustee or judges of the Court.

        **c.**      **Connections in Other Bankruptcy Cases**.  Dinsmore has a long history of representing trustees, debtors, official creditor's committees, creditors and other parties in interest in bankruptcy cases.  Because of the nature of the bankruptcy business community, it is common for the same party to appear as a creditor or contract party of more than one debtor.  The creditors or parties in interest set forth on Exhibit "A" attached hereto and/or one or more of such creditors' or parties' in interest affiliates, as such affiliates were identified through the conflicts search described above, appear, at one time or another, to have surfaced as creditors (or as otherwise adverse) in one or more matters in which the Firm represented and/or currently represents a trustee, a debtor or a committee, and in which the Firm's representation would have been or is technically adverse to such parties. The Firm is involved or may be involved in several bankruptcy matters in which creditors, contract parties or other parties in interest and/or their affiliates (including as described above) are a creditor or a contract party or otherwise involved and the Firm has represented parties that are adverse to these entities and/or their affiliates in matters unrelated to the Debtor, the Trustee, the bankruptcy estate, or other parties in the Case.

        **d.**      **Adverse Representation in Non-Bankruptcy Cases**.  Dinsmore has a long history of representing clients in litigation, transactions and other matters throughout the United States.  Because of the nature of the business, it is not uncommon for creditors or adversaries of the Debtor or the bankruptcy estate to also be adversaries of unrelated Firm clients in unrelated matters.  The Firm appears to have represented or represents one or more creditors or parties and/or one or more of such creditors' or parties' in interest affiliates, as such affiliates were identified through the conflicts search described above in one or more non-bankruptcy matters where such parties are adverse to one or more of the creditors or parties in interest as set forth on Exhibit "A" attached hereto. Any such matters are unrelated to the Debtor, the Trustee with respect to the Case, the bankruptcy estate, or other parties in the Case.  None of these matters raise any conflict or disinterestedness issues.

///

14.     Subject to the Court's approval, the Firm will charge the Trustee and the bankruptcy estate for its legal services on an hourly basis and shall seek payment from the bankruptcy estate. Set forth in the Application are the hourly rates the Firm will charge for legal services of its professionals that will initially perform services in the Case.  For other professionals, the rate will be the hourly rate generally in effect for the period during which the services are rendered.  Because the fees are based on hourly rates and correspond to the experience

and expertise of each individual, I believe that these rates, and the terms and conditions of the Firm's employment, are reasonable.  These rates are subject to adjustment, historically on or about January 1 of each year.

15.     In addition to the hourly rates set forth in the Application, the Firm customarily charges its clients for items of cost and expense incurred in our work on this matter.  Items which will be charged separately include copying, messenger services, filing fees, postage and express services, long distance telephone calls, IP conversion services, telecopying, computerized legal research, computer-assisted document preparation, support staff overtime when necessary, and similar items.  Where appropriate, we may engage third-party providers to perform specific services. As with our hourly rates, the cost and expense schedule is generally updated on January 1 of each year.  Subject to the Bankruptcy Code, Bankruptcy Rules, any applicable fee guidelines and this Court's order(s), the Firm will be seeking reimbursement of charges incurred on behalf of the Trustee and the bankruptcy estate during the Case.  The Firm understands that approval of the employment herein is not a per se approval of any such expense, and that all parties may respond to the Firm's charge of any expense at the time of a fee application containing such expense.

16.     The Firm has neither shared nor agreed to share any of the compensation it receives from the Case with any person other than to share this compensation among its partners and employees.

17.     The Firm has not received a retainer in connection to its proposed representation of the Trustee.

18.     The Firm agrees not to accept compensation for services rendered in the Case except upon order of the Court.

19.    Based upon the foregoing, I believe that the Firm is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct, except for those matters stated upon the information and belief and as to those, I believe them to be true.

Executed this 7th day of June 2023, at San Diego, California.

_____
Christopher Celentino

EXHIBIT "A"

Connections to Parties In Interest[1]

| Creditors and Parties In Interest (as listed on the Schedules) | Name/Similar Name of Dinsmore Connection | Former and/or Current Client (or Affiliate)[2] | Adverse, Related or Involved in Unrelated Bankruptcy Cases | Adverse, Related or Involved in Unrelated Non-Bankruptcy Cases/Matters | Scheduled Amount[3] | Comments[4] |
|---|---|---|---|---|---|---|
| Internal Revenue Service | Internal Revenue Service/IRS/U.S. Treasury Department | | X | X | $9,025.99 | **The Internal Revenue Service is adverse in several former and current bankruptcy matters along with unrelated matters.** |
| United States Trustee (Central District of California) | | | X – PLUS relationship through professional organizations and seminars | X -- PLUS relationship through professional organizations and seminars | | The Firm also is involved in other bankruptcy cases where other offices of the U.S. Trustee are involved. |
| JP Morgan Chase | JPMorgan Chase Bank, N.A. JPMorgan Chase & Co. | X | X | X | $1,400,000.00 | Creditor provides bank card processing services to Debtor and Debtor maintains a bank account with Creditor. The Firm has or will notify Chase to stop card processing and close Debtor's account. The Firm will work to recover assets to pay Chase's claim. The Firm does not anticipate an objection to Creditor's claim and thus the Firm's connection with Creditor is not Adverse. In the event of adversity, the Trustee's General Counsel will handle. |

---

[1] Where an "X" is marked, it applies to one or more parties listed in the Name/Similar Name of Dinsmore Connection column. Items marked with an "X" refer to the relationship to the listed Dinsmore Connection.

[2] The amounts owed are not material to the creditor or the firm.

[3] Unless otherwise noted, the scheduled claim is not listed as contingent, unliquidated or disputed. Claims may exist even where not scheduled. See comments as applicable.

[4] In the event of actual adversity, Trustee's General Counsel will handle.

1

| Creditors and Parties In Interest (as listed on the Schedules) | Name/Similar Name of Dinsmore Connection | Former and/or Current Client (or Affiliate)[2] | Adverse, Related or Involved in Unrelated Bankruptcy Cases | Adverse, Related or Involved in Unrelated Non-Bankruptcy Cases/Matters | Scheduled Amount[3] | Comments[4] |
|---|---|---|---|---|---|---|
| Pitney Bowes | Pitney Bowes, Inc. | | X | | $1,091.89 | Party in unrelated matters. |
| Thomson Reuters | Thomson Reuters; Thomson-Reuters | X | | | $1,987.20 | Current client in unrelated matters. |
| Ajilon | ADO Professional Solutions, Inc. d/b/a Ajilon, | X | | | $14,472.33 | Former client in unrelated matters. |
| Anthem Blue Cross | Anthem Blue Cross and Blue Shield; Anthem Blue Cross Blue Shield | X | X | | $201,869.92 | Current client in unrelated matters. |
| Liberty Mutual | Liberty Mutual Insurance; Liberty Mutual Insurance Group; Liberty Mutual Fire Insurance Company | X | | | $13,325.68 | Current client in unrelated matters. |
| Richard Marshack | Richard Marshack | X | | | N/A | Former and current client in unrelated matters. |
| Indiana Department of Revenue | Indiana Department of Revenue | | X | X | $5,639.24 | Party in unrelated matters. |
| California Franchise Tax Board | California Franchise Tax Board | | X | X | $346,480.39 | **The California Franchise Tax Board is adverse in several former and current bankruptcy matters along with unrelated matters.** |
| Utah State Tax Commission | Utah State Tax Commission | | X | X | $212.82 | Party in unrelated bankruptcy matter. |
| CT Corporation | CT Corporation | | X | X | $374.00 | Party in unrelated matters. |
| SBS Leasing A Program of De Lage Landen | De Lage Landed Financial Services, Inc. | X | | X | $3,683.54 | Current client in unrelated matters. |
| SBS Leasing A Program of De Lage Landen | SBS Management, LLC SBS Enterprise, Inc. | X | | X | $3,683.54 | Unrelated parties. |
| SBS Leasing A Program of De Lage Landen | De Lang Landen | | | X | $3,683.54 | Party in unrelated matters. |

2

| Creditors and Parties In Interest (as listed on the Schedules) | Name/Similar Name of Dinsmore Connection | Former and/or Current Client (or Affiliate)[2] | Adverse, Related or Involved in Unrelated Bankruptcy Cases | Adverse, Related or Involved in Unrelated Non-Bankruptcy Cases/Matters | Scheduled Amount[3] | Comments[4] |
|---|---|---|---|---|---|---|
| Optimum Bank Holdings, Inc. dba Optimum Bank | Optimum Bank | X | | | Unknown | Current client in unrelated matters. |
| Bank United, N.A. | Bank United, N.A. | X | | X | Unknown | Current client in unrelated matters. |
| Worldpay Inc. | Worldpay ISO, Inc. | X | | | Unknown | Affiliate of this creditor is a Current client in unrelated matters. |
| Guardian | Guardian Protection Services Guardian Life Insurance Guardian Phalanx Holding, Inc. Guardian Savings Bank Guardian Enterprise Solutions, LLC Guardian Plumbing & Heating, Inc. | X | | X | Unknown | Debtor's creditor does not appear to be same as any of the firm clients with similar names. |
| Michael Schwartz | Michael Schwartz | | | X | Unknown | Does not appear to be the same person. |
| Netsuite-Oracle | Oracle Consulting Services, LLC Oracle Corporation Oracle America, Inc. | X | | | $101,320.10 | Unrelated parties. |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF CHRISTOPHER CELENTINO IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. SECTION 327(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DINSMORE & SHOHL LLP AS SPECIAL COUNSEL FOR CHAPTER 11 TRUSTEE RICHARD A. MARSHACK**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 7, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On June 7, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  June 7, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 7, 2023 | Caron Burke | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Joon M Khang on behalf of Plaintiff The Litigation Practice Group P.C.
joon@khanglaw.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-.1.PROOF.SERVICE**

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                    **F 9013-.1.PROOF.SERVICE**