# Exhibit 1

Case 8:23-bk-10571-SC    Doc 119-2    Filed 06/16/23    Entered 06/16/23 23:24:11    Desc
Exhibit Exhibit 1: Proposed Interim Order Granting Emergency Superpriority Finan    Page 1 of 5

**Exhibit 1**

Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jonathan Serrano (State Bar No. 333225)
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile:  619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jonathan.serrano@dinsmore.com

Proposed Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**INTERIM ORDER GRANTING EMERGENCY SUPERPRIORITY FINANCING BY THE CHAPTER 11 TRUSTEE**<br><br>Date:<br>Time:<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>        411 West Fourth Street<br>        Santa Ana, CA 92701 |

On June [●], 2023, on the [●] calendar, in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, conducted a hearing on the *Trustee's Notice of Motion and Emergency Motion (I) for Entry of Interim Order: (A) Authorizing The Trustee to Obtain Post-*

1

#31080386v1

*Petition Financing and Superpriority Administrative Expense Claim Pursuant to 11 U.S.C. § 364; and (B) Setting Final Hearing; and Pursuant to Final Hearing, (II) for Entry of Final Order Approving Post-Petition Financing on a Final Basis* [Docket No. __] (the "Motion") filed on June 16, 2023 by Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C., in the above-captioned bankruptcy case.

The Court, having considered the Motion, all pleadings filed in support of, and in opposition to, the Motion, good cause appearing, and for the reasons stated on the record and in the Motion:

1. Grants the Motion;

2. Approves the terms of that certain Super-Priority Promissory Note (the "Note") as attached as **Exhibit 2** to the Trustee's Declaration;

3. Authorizes the Trustee to borrow, and the Lender (as defined in the Motion) to advance up to $800,000 in the aggregate, including an initial advance in the amount of $350,000 and a subsequent advance of up to $450,000, at an interest rate of 8% per annum, with the full balance, including all accrued interest, due and payable in one year from the Start Date (as defined in the Note), with payments first credited to interest due and any remainder credited to principal, as provided under the Note, subject to the terms of this Order;

4. Authorizes the Trustee to execute and deliver to the Lender the Note and all other loan documents required to be executed and delivered under the Note;

5. Authorizes the Trustee and counsel acting on behalf of the Trustee to take any such actions that may be necessary to implement the Note and borrow funds under the Note as approved in this Order;

6. Finds that the Trustee, on behalf of the Debtor and the Estate, is unable to find sufficient financing from sources other than the Lender on terms more favorable than the terms for the Note;

7. Finds that immediate financing is critical for the Debtor to continue its operations in the ordinary course, and that the Note, the Trustee's entry into the financing arrangement, and related relief is necessary to avoid immediate and irreparable harm to the Debtor's Estate, its employees, and all parties in interest; and that the Note is the best source of financing available to

#31080386v1

the Debtor under the circumstances and was entered into in good faith and at arm's length;

8.  Find that the terms of the Note and this Order are fair and reasonable and are supported by reasonably equivalent value and fair consideration;

9.  Finds that the Trustee's agreement to the terms of the Note on behalf of the Debtor is a sound exercise of business judgment and should be approved as set forth herein;

10. Authorizes the Trustee to enter into any non-material amendment or modification to the Note, including but not limited to agreeing on the amount of the subsequent advance up to $450,000, without further order of this Court, provided that any such non-material amendment or modification is set forth in writing and signed by the Trustee and the Lender, and provided that the Trustee provides notice of any such amendment or modification to the Court and the Office of the United States Trustee;

11. Authorizes the Trustee to use funds advanced under the Note on the terms and conditions set forth herein, provided that all such funds are used to pay payroll and other operating expenses solely;

12. Grants the Lender an allowed superpriority administrative claim pursuant to section 364(c)(1) of the Bankruptcy Code, having priority in right of payment over any and all other administrative expenses or priority claims;

13. Subrogates the Lender's claim, on account of funding payroll, to the administrative expense claims otherwise held by employees that have provided post-petition services since the Trustee has served the Court's TRO and taken control of operations;

14. Requires the approval and authorization of the Trustee for paying any and all expenses; or, in the event the Trustee is unavailable, requires the approval and authorization from Lori Ensley or one of the Trustee's law firm partners, Ed Hays, David Wood, or Laila Masud, for paying any and all expenses;

15. Directs that all ordinary business expenses approved by the Trustee shall be paid for by a trustee check;

16. Finds that the Note and this Order were negotiated in good faith and at arm's length among the Trustee and the Lender;

3

#31080386v1

17. Finds that the financing provided under the Note shall be deemed to have been extended in good faith and for valid business purposes and uses within the meaning of section 364(e) of the Bankruptcy Code;

18. Finds that there is no stay of this Order, including no stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (to the extent applicable);

19. Sets a final hearing on the Motion for [●]; and

20. Retains jurisdiction with the Court with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

###

4

#31080386v1