Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jonathan Serrano (State Bar No. 333225)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jonathan.serrano@dinsmore.com

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION RE AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS TO DEFENDANT PHOENIX LAW, PC AND TURNOVER OF ALL RELATED PROPERTY TO THE TRUSTEE AND ORDER OF DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS WILLIAM TAYLOR CARSS AND MARIA EEYA TAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF; EXHIBITS**<br><br>Date:    [To be set]<br>Time:    [To be set]<br>Judge:    Hon. Scott C. Clarkson<br>Place:    Courtroom 5C<br>           411 West Fourth Street<br>           Santa Ana, California 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR; THE PARTIES TO THE SETTLEMENT; THE SCHEDULED CREDITORS OF THE ESTATE AND THOSE WHO HAVE FILED PROOFS OF CLAIM, AND THEIR RESPECTIVE COUNSEL OF RECORD, IF ANY:**

**NOTICE IS GIVEN** that on July 6, 2023, Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") of debtor The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), filed the above-captioned Motion on shortened notice (the "Motion") and hereby moves for entry of an order that finds and directs as follows:

1. The Motion is granted.

2. That certain Stipulation for Agreed Judgment (1) Avoiding, Recovering, and Preserving Transfers to Defendant, Phoenix Law Group, Inc.; (2) Turning Over All of Transferred Property to Trustee; and (3) Dismissing Without Prejudice Defendants William Taylor Carss and Maria Eeeya Tan (the "Stipulation") by and between the Trustee, in his capacity as the duly appointed and acting Trustee for the Debtor, on the one hand, and Phoenix Law, PC ("Phoenix"), William Taylor "Ty" Carss, and Eeya Tan, on the other hand, attached as **Exhibit 1** hereto, is approved.

3. Notice of the Motion was adequate and proper.

4. The Court reserves jurisdiction to determine any disputes arising in connection with the Stipulation.

5. Such other and further relief as is just and proper under the circumstances is granted.

6. The Motion is made pursuant to Section 105 of Title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that, in the Trustee's sound business judgment, the Proposed Stipulation is in the best interests of the consumer clients, the Estate and all creditors, including consumer creditors.  Entry into the Stipulation will resolve certain aspects of the related adversary proceeding [Adv. Proc. No. 8:23-ap-01046-SC] (the

#31252391v3

2

"Adversary Proceeding") and return assets to the Estate. As a result, the Trustee seeks Court approval to execute the Stipulation, the salient terms of which are summarized[1] as follows:

**In exchange for compliance with the Stipulation thereon, Phoenix will, among other things:**

- Agree to the entry of a judgment finding that the Debtor's transfer of approximately 40,000 customer files ("Files") to it is avoidable as a preferential or fraudulent conveyance and these Files can be recovered by the Debtor pursuant to 11 U.S.C. §§ 547, 548, and 550;

- Agree to turn over the Files and all related material to the Debtor and cooperate with the Trustee in all respects related to the transfer of the Files and related material;

- Agree that Phoenix is the sole party liable for any and all liabilities, causes of action, or claims, at law or equity, that arose or came into existence following the date that the Files were transferred to Phoenix until title to and ownership of the Files is transferred to a third party purchaser for value pursuant to a proper order of the Court.

**In return, the Trustee will agree to the dismissal without prejudice of Defendants Carss and Tan from the Adversary Proceeding.**

**NOTICE IS FURTHER GIVEN** that this Motion is based upon (a) this Notice of Motion and Motion, (b) the attached Memorandum of Points and Authorities, Declaration of Richard A. Marshack, and Exhibits thereto, (c) the concurrently filed Notice of Motion and Hearing, (d) the arguments of counsel, if any, in support of the Motion at the hearing thereon, (e) the entire record of this Case, and (f) any other evidence presented to the Court in support of the Motion.

[*Remainder of Page Intentionally Left Blank*]

---

[1] The Stipulation contains additional terms, and this summary is provided for ease of reference only. All capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation.

#31252391v3    3

**NOTICE IS FURTHER GIVEN** that pursuant to Rule 9075-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Central District of California (the "Local Bankruptcy Rules"), the Trustee seeks to have this Motion heard on shortened notice at a date and time to be determined by the Court. Once the Court has scheduled a hearing, the Trustee will provide separate notice of the hearing date and time and the deadline for filing any opposition to the Motion.

Dated:  July 6, 2023                                           DINSMORE & SHOHL LLP

By:  /s/ Jonathan Serrano
    Christopher B. Ghio
    Christopher Celentino
    Jonathan Serrano
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

#31252391v3

4

**TABLE OF CONTENTS**

I.   STATEMENT OF RELEVANT FACTS ................................................................................ 7

II.  THE STIPULATION ............................................................................................................. 8

III. THE COURT SHOULD APPROVE THE STIPULATION UNDER
     BANKRUPTCY RULE 9019 ................................................................................................ 9

     A. The Probability of Success in the Litigation. ............................................................ 10

     B. The Difficulties, if any, to Be Encountered in the Matter of Collection. .................. 10

     C. The Complexity of the Litigation Involved, and the Expense, Inconvenience,
        and Delay Necessarily Attending It. .......................................................................... 11

     D. The Paramount Interest of the Creditors and a Proper Deference to Their
        Reasonable Views in the Premises. ........................................................................... 11

IV.  CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*In re A & C Properties,*
  784 F.2d 1377 .................................................................................................................. 9, 10

*In re Blair,*
  538 F.2d 849 (9th Cir. 1976) ................................................................................................ 10

*In re Carson,*
  82 B.R. 847 (Bankr. S.D. Ohio 1987) .................................................................................... 9

*In re Hydronic Enterprise, Inc.,*
  58 B.R. 363 (Bankr. D. R.I. 1986) ......................................................................................... 9

*In re Lee Way Holding Co.,*
  120 B.R. 881 (Bankr. S.D. Ohio 1990) ................................................................................ 10

*In re Mobile Air Drilling Co., Inc.,*
  53 B.R. 605 (Bankr. N.D. Ohio 1985) ................................................................................... 9

*In re W.T. Grant & Co.,*
  699 F.2d 599 (2d Cir. 1983) ................................................................................................. 10

*Knowles v. Putterbaugh (In re Hallet),*
  33 B.R. 564 (Bankr. D. Me. 1983) ......................................................................................... 9

*Martin v. Kane (In re A & C Properties),*
  784 F.2d 1377 (9th Cir. 1986) ............................................................................................... 9

*Matter of Carla Leather, Inc.,*
  44 B.R. 457 (Bankr. S.D. N.Y. 1984) .................................................................................. 10

*Matter of Walsh Const., Inc.,*
  669 F.2d 1325 (9th Cir. 1982) ............................................................................................. 10

*Newman v. Stein,*
  464 F.2d 689 (2d Cir. 1972) ................................................................................................. 10

*United States v. Alaska National Bank (In re Walsh Constr., Inc.),*
  669 F.2d 1325 (9th Cir. 1982) ............................................................................................... 9

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson),*
  839 F.2d 610 (9th Cir. 1988) ................................................................................................. 9

**Statutes**

11 U.S.C. § 105(a) ...................................................................................................................... 8
11 U.S.C. § 363 ......................................................................................................................... 11
11 U.S.C. § 547 ........................................................................................................................... 8
11 U.S.C. § 548 ......................................................................................................................... 11
11 U.S.C. § 550 ......................................................................................................................... 11
Fed. R. Bankr. P. 9019(a) ....................................................................................................... 8, 9
Fed. R. Bankr. P. 2002(a) .......................................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF RELEVANT FACTS

On March 20, 2023 (the "Petition Date"), debtor The Litigation Practice Group, P.C. (the "Debtor" or "LPG") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case (the "Case"). See Pet., ECF No. 1. On May 4, 2023, the Bankruptcy Court entered an *Order Directing United States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. The Court entered the *Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee* on the same date [Docket No. 65], and the Trustee has continued to serve in this capacity and for the protection of all creditors and consumer clients since this date.

On May 25, 2023, the Trustee filed Adversary Proceeding No. 8:23-ap-01406-SC (the "Adversary Proceeding") against Tony Diab and numerous other defendants including Phoenix Law, PC ("Phoenix"), Eeya Tan, and William Taylor "Ty" Carss. On June 15, 2023, the Trustee filed his amended complaint in the Adversary Proceeding, primarily naming additional defendants and modifying allegations with regard to Greyson Law Center, PC. See Am. Compl., Adv. ECF No. 62.

As to Phoenix, the Trustee's amended complaint in the Adversary Proceeding seeks the avoidance and recovery of approximately 40,000 client files and related materials that were transferred from the Debtor to Phoenix prior to the Petition Date. Mr. Carss and Ms. Tan were named as parties in the Adversary Proceeding with respect to the Trustee's claims for injunctive relief.

On May 26, 2023, the Trustee obtained an emergency order (the "TRO") that, among other things, restricted Phoenix's use and access to the Files and related information. See TRO, Adv. ECF No. 13, and as amended on June 6, 2023, Adv. ECF No. 21.

On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications.

Following the entry of the TRO, Trustee, Phoenix, and Defendants Carss and Tan have engaged in good faith, arms-length negotiations that have resulted in the terms and conditions agreed to in the Stipulation. Subject to Phoenix's compliance with the turnover and cooperation provisions of the Stipulation, entry into the Stipulation will resolve the Trustee's claims against Phoenix in the Adversary Proceeding. The Trustee is also agreeing to dismiss without prejudice Defendants Carss and Tan from the Adversary Proceeding. The Stipulation was filed in the Adversary Proceeding on June 27, 2023. *See* Stip., Adv. ECF No. 77. To provide notice to all parties in interest, the Trustee requests the Bankruptcy Court approve the execution of the Stipulation as a "settlement or compromise" pursuant to Rules 2002(a) and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 105(a).

## II.   THE STIPULATION

The Stipulation contains an agreed judgment whereby Phoenix agrees and acknowledges that the pre-petition transfer(s) of the Files to it are avoidable and recoverable transfer(s) pursuant to 11 U.S.C. § 547, 548, and 550. Pursuant to the Stipulation, Phoenix agrees to turn over the Files and all related materials to the Debtor and to cooperate with the Debtor in the transfer of the Files. The Court will retain oversight of Phoenix's compliance with the Stipulation in the Adversary Proceeding. Phoenix also agrees and acknowledges that any and all claims, causes of action, and liabilities, whether at law or equity, for the Files that arose or came into existence after the transfer of the Files to Phoenix will remain with Phoenix until such time as ownership of the Files is transferred to a third party purchaser for value pursuant to a proper order of the Bankruptcy Court. With the return of the Files and Phoenix's agreement to remain liable for the Files until the closing of a sale of the Files, the Trustee is willing to dismiss Defendants Carss and Tan without prejudice.

The foregoing is a summary of the terms of the proposed Stipulation. The actual terms of the Stipulation are as set forth in **Exhibit 1** to the Declaration of Richard A. Marshack. Interested parties are encouraged to read the Stipulation. Any perceived conflict between the foregoing summary and the terms of the Stipulation, if any at all, shall be controlled by the Stipulation.

## III. THE COURT SHOULD APPROVE THE STIPULATION UNDER BANKRUPTCY RULE 9019

The authority granted to a trustee to compromise a controversy or agree to a settlement is set forth in Bankruptcy Rule 9019(a), which provides in pertinent part that "[o]n motion by the [debtor in possession] and after hearing on notice to creditors ..., the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Under these circumstances, the decision of whether a compromise should be accepted or rejected lies within the sound discretion of the court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D. R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); *Knowles v. Putterbaugh (In re Hallet)*, 33 B.R. 564, 565 (Bankr. D. Me. 1983).

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties),* 784 F.2d 1377, 1380–81 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive investigation of the claims sought to be compromised. *See United States v. Alaska National Bank (In re Walsh Constr., Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See In re A & C Properties,* 784 F.2d at 1381.

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re A & C Properties,* 784 F.2d at 1381 (the "A & C Factors").

A court should not substitute its own judgment for the judgment of the trustee. *Matter of Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D. N.Y. 1984). A court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact but rather to canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983), accord, *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). "It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

For all of the reasons set forth above and further explained below, the Trustee believes that the Stipulation is reasonable, fair and equitable, and in the best interests of the Estate and its creditors. A review of the A & C Factors outlined below supports approval of the Stipulation.

A.  **The Probability of Success in the Litigation.**

Trustee is likely to prevail on the merits as it relates to the avoidance of the transfer of the Files and their subsequent recovery from Phoenix. The Stipulation therefore provides the Trustee with all the relief sought against Phoenix in the Adversary Proceeding and requires Phoenix's cooperation in the return/transfer of the Files to the Debtor or its assignees. Furthermore, Phoenix has agreed to assume all liability for the Files that arose or came into existence following their transfer to Phoenix until ownership of such files is transferred to a third party purchaser for value. This assumption of liability protects the Debtor from additional claims. As such, the Stipulation is reasonable and fair, reduces further litigation costs and provides a substantial benefit to the Debtor and its clients by permitting the transfer of the Files to a competent and capable law firm as part of a sale of assets herein.

B.  **The Difficulties, if any, to Be Encountered in the Matter of Collection.**

Trustee anticipates the cost and delay of obtaining a judgment against Phoenix that would find the transfer of the Files to be avoidable and recoverable pursuant to 11 U.S.C. §§ 547, 548,

and 550 of the Bankruptcy Code would be significant and would hinder the Trustee's efforts to transfer the Files to a purchaser as part of a sale pursuant to 11 U.S.C. § 363. After the Files are transferred to a purchaser, the former clients of the Debtor will be able to receive the legal services that were promised to them. As such, the Stipulation is fair and reasonable and intended to benefit the consumer client while also providing assets to the Estate for the benefit of all creditors, including consumer creditors and should be approved.

### C. The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It.

Litigation to determine the terms and conditions of the transfer of the Files to Phoenix and identification of all subsequent financial or other activity would require an accounting of the history of each File once the respective rights of the parties had been adjudicated. While this accounting took place, the needs of the clients contained in the Files would go unmet. Entry of the Stipulation now eliminates the expense, inconvenience, and delay of further litigation and expedites the Files being transferred to a capable provider of legal services. As such, the Stipulation should be approved.

### D. The Paramount Interest of the Creditors and a Proper Deference to Their Reasonable Views in the Premises.

Trustee believes that recovering the Files from Phoenix is a necessary step before all of the Debtor's client files can be transferred to a competent, capable provider of legal services as part of a sale pursuant to 11 U.S.C. § 363. Phoenix's cooperation with the turnover and transfer and assumption of any claims related to the Files pending their transfer to a third party will assist the resumption of legal services for the Files from a licensed legal provider who can comply with all applicable regulations and statutes. Putting the interests of consumer clients and creditors above all others, the Trustee has exercised his business judgment in negotiating and reaching the terms to the Stipulation pending and subject to Bankruptcy Court approval for all the reasons stated herein. The creditors, including consumer creditors, of the Estate are best served by the consensual resolution of the disputes between the Debtor and Phoenix stated in the Stipulation.

**IV.    CONCLUSION**

Based upon all of the foregoing, the Trustee respectfully requests the Court to enter an order granting the relief requested in the Motion.

Dated: July 6, 2023                                   Respectfully submitted,


DINSMORE & SHOHL LLP


*/s/* Jonathan Serrano
By:    Christopher B. Ghio
       Christopher Celentino
       Jonathan Serrano
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

#31252391v3                                               12

# **DECLARATION OF RICHARD A. MARSHACK**

I, RICHARD A. MARSHACK, declare:

1. I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this Declaration in support of my *Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee and Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan* (the "Motion"). Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3. The Court may take judicial notice of the following:

   a. On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Case.

   b. After the Office of the United States Trustee (the "UST") filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing Unites States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

   c. Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

   d. On May 25, 2023, I initiated an adversary proceeding, *Marshack v. Diab et al.* (Adv. Proc. No. 8:23-ap-1046-SC), against LPG's alter egos, fraudulent transferees, and other related parties. In the complaint, I alleged six causes of action for injunctive relief, avoidance,

recovery, and preservation of actual and constructive fraudulent transfers, and turnover. With respect to Phoenix, the adversary complaint sought to avoid and recover the pre-petition transfer of approximately 40,000 customer files (collectively "Files") from the Debtor to Phoenix and to order the turnover of all property related to those Files.

   e. On May 26, 2023, the Court entered the *Amended Order on Trustee, Richard Marshack's Omnibus Emergency Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance With Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter* [Adv. Docket No. 21] (the "TRO"), authorizing turnover of estate property and recorded information, lock-out, and an order to show cause regarding compliance with court order, among other relief.

   f. On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications.

  4. Following entry of the preliminary injunction, my counsel discussed the TRO with Phoenix, Mr. Carss, and Ms. Tan. All parties wanted to resolve their dispute as quickly as possible and in a manner that protected the individual clients whose Files were transferred.

  5. Based on these discussions, the parties have agreed to the terms of the Stipulation, pending the approval of the Bankruptcy Court. Following entry of an order approving the Stipulation, the Stipulation will provide that Phoenix agrees and acknowledges that the pre-petition transfer of the Files to it is avoidable and recoverable in the Adversary Proceeding pursuant to 11 U.S.C. §§ 547, 548, and 550. Phoenix will also agree (i) to turn over the Files and all related material to the Trustee, (ii) to cooperate generally with the turn over, and (iii) to stipulate that any and all liability for any claims, causes of action, or other matters related to the Files that arose after the Files were transferred will remain with Phoenix until such time as title to the Files is transferred to a third party purchaser for value pursuant to proper order of this Court. Finally, the Trustee agrees to dismiss Mr. Carss and Ms. Tan from the Adversary Proceeding without prejudice.

6. Entry into the Stipulation will grant the Debtor all the relief it sought against Phoenix in the Adversary Proceeding and will grant the Debtor additional concessions that were not requested or sought in the complaint. The Bankruptcy Court will retain jurisdiction over Phoenix to monitor its compliance with the Stipulation, which is attached as **Exhibit 1**.

7. In my business judgment, I do not believe I could obtain a superior outcome in the Adversary Proceeding with respect to the claims against Phoenix than those provided in the Stipulation. The Stipulation will return all Files and related materials to the Debtor, will require Phoenix's cooperation in the turn over and transition process, and will leave all liability for any claims or causes of action related to the Files that arose from the initial transfer of the Files to Phoenix until such time as title to the Files is transferred to a third party purchaser for value pursuant to a proper order of this Court.

8. I believe the relief sought in the Motion is in the best interests of the Debtor and its creditors as it will permit a sale of the Files along with other assets of the Debtor to a third party that can handle the Files in compliance with applicable law and provide the Debtor's former customers with the services they desire while providing substantial consideration to the Estate pursuant to the sale of assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 6, 2023

_____
Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 11 Trustee's Notice of Motion and Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee And Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support Thereof; Exhibits** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 6, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

#31252391v3

16

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-105701-SC**

I. SERVED ELECTRONICALLY VIA NEF:

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** : rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Richard H Golubow:** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays:** ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander:** ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman:** mlieberman@lipsonneilson.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias:** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Teri T Pham:** tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato:** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Paul R Shankman:** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim:** leslie.skorheim@usdoj.gov
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss:** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

#31252391v3

II. **SERVED VIA REGULAR U.S. MAIL:**

N/A

III. **SERVED VIA OVERNIGHT MAIL (FED EX):**

**United States Bankruptcy Court**

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

#31252391v3                                    18