Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jeremy B. Freedman (State Bar No. 308752)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile:  619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jeremy.freedman@dinsmore.com

Special Counsel to Plaintiff and Chapter 11 Trustee,
Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor.<br><br>———————————————————<br><br>RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>    Plaintiff,<br><br>    v.<br><br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual; ENG TANG, an individual; MARIA EEYA TAN, an individual; JAKE AKERS, an individual; HAN TRINH, an individual; JAYDE TRINH, an individual; WES THOMAS, an individual; SCOTT JAMES EADIE, an individual; JIMMY CHHOR, an individual; DONGLIANG JIANG, an individual; OAKSTONE LAW GROUP PC; GREYSON LAW CENTER PC; PHOENIX LAW GROUP, INC.; MAVERICK MANAGEMENT, LLC; LGS HOLDCO, LLC; CONSUMER LEGAL GROUP, P.C.; VULCAN CONSULTING GROUP LLC; B.A.T. INC. d/b/a | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01046-SC<br><br>Chapter 11<br><br>**STIPULATION FOR JUDGMENT (1) AVOIDING, RECOVERING, AND PRESERVING TRANSFERS TO DEFENDANT, PHOENIX LAW GROUP, INC.; (2) TURNING OVER OF ALL TRANSFERRED PROPERTY TO TRUSTEE; AND (3) DISMISSING WITHOUT PREJUDICE DEFENDANTS WILLIAM TAYLOR CARSS AND MARIA EEYA TAN**<br><br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>         411 W. Fourth Street<br>         Santa Ana, CA  92701 |

#31154040v1                                  1
**STIPULATION FOR JUDGMENT**

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | COAST PROCESSING; PRIME LOGIX, LLC; TERACEL BLOCKCHAIN FUND II LLC; EPPS; EQUIPAY; AUTHORIZE.NET; WORLD GLOBAL; OPTIMUMBANK HOLDINGS, INC. d/b/a OPTIMUM BANK; MARICH BEIN, LLC; BANKUNITED, N.A.; REVOLV3, INC.; FIDELITY NATIONAL INFORMATION SERVICES, INC. d/b/a FIS; WORLDPAY, INC.; WORLDPAY GROUP; MERIT FUND, LLC; GUARDIAN PROCESSING, LLC; THE UNITED STATES POSTAL SERVICE; and DOES 1 through 100, inclusive,<br><br>                       Defendants. |

10  The parties to this Stipulation are Plaintiff, RICHARD A. MARSHACK in his capacity as

11 the duly appointed and acting Chapter 11 Trustee ("Trustee") for The Litigation Practice Group, PC

12 ("LPG" or "Debtor"), and Defendants, PHOENIX LAW, PC ("Phoenix"), WILLIAM TAYLOR

13 "TY" CARSS ("Mr. Carss"), and MARIA EEYA TAN ("Ms. Tan"). Trustee, Phoenix, Mr. Carss,

14 and Ms. Tan are collectively referred to as the "Parties" unless individually identified.

15                       RECITALS

16  A.  Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United

17 Code, on March 20, 2023 ("Petition Date"). Trustee was appointed on or about May 8, 2023

18 following the entry of an Order Directing Unites States Trustee to Appoint Chapter 11 Trustee

19 [Bankr. Docket No. 58] on May 4, 2023.

20  B.  On May 25, 2023, Trustee filed this adversary proceeding against Phoenix, Mr.

21 Carss, Ms. Tan, and others. In his complaint, Trustee asserted that that Debtor had fraudulently

22 transferred approximately 40,000 client files to Phoenix ("Files"), that the clients never consented

23 to their legal cases being transferred to new counsel, and that these transfers were subject to

24 avoidance, recovery, and preservation under 11 U.S.C. §§ 548, 550, and 551. With respect to Mr.

25 Carss and Ms. Tan, Trustee sought injunctive relief with respect to the files transferred to Phoenix

26 and all matters related to those files.

27  C.  On May 26, 2023, the Bankruptcy Court entered the Amended Order Granting

28 Trustee Richard Marshack's Omnibus Emergency Motion for: (1) Turnover of Estate Property and

Recorded Information Pursuant to 11 U.S.C. § 542; (2) Preliminary Injunction; (3) Lock-Out; (4) Re-Direction of United States Parcel (sic) Services Mail; (5) Order to Show Cause Re: Compliance with Court Order; and (6) Other Relief as Necessary To Efficient Administration of this Matter, ("Order") [ECF No. 21]. Pursuant to the Order, Phoenix, Mr. Carss, and Ms. Tan were enjoined from taking certain actions with respect to the Files and client payments/funds.

D. The Parties entered into arms-length negotiations regarding the Files and this Adversary and have reached the agreement set forth below.

**NOW THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

1. The transfers of the Files and all material and property related thereto including, but not limited to, payments, communications, and documents ("Transfers") to Phoenix was fraudulent and Trustee is entitled to Judgment avoiding, recovering, and preserving the Transfers pursuant to 11 U.S.C. § 547, 548, and 550.

2. The Transfers are property of the estate under 11 U.S.C. § 541(a)(3)-(a)(4) which shall be turned over to Trustee under 11 U.S.C. § 542.

3. Phoenix, Mr. Carss, and Ms. Tan shall turn over to Trustee all Transfers including the Files and funds collected from clients pursuant to legal service agreements entered between clients and Debtor and shall fully cooperate with Trustee's efforts to recover and administer the Transfers including the Files and all related materials.

4. Any and all liability whether at law or equity relating in any way to Phoenix's handling of the Transfers including the Files that arose or came into existence following the date of their transfer to Phoenix until Trustee closes a court-approved sale to a third-party buyer ("Post Transfer Claims") will remain with Phoenix. Phoenix, Mr. Carss, and Ms. Tan shall use their best efforts to cooperate with Trustee and his retained professionals to provide services to the clients until closing, and nothing herein shall impose or create any liability for Post Transfer Claims on Trustee or Debtor's Estate.

5. Mr. Carss and Ms. Tan are dismissed without prejudice upon entry of this Agreed Judgment.

6. Except as expressly set forth, the Parties reserve all rights, claims, and defenses. Because Trustee is not compromising any claims against Phoenix, Mr. Carss, or Ms. Tan, no motion to approve this agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure shall be required. Should the Court require such a motion prior to entering judgment pursuant to this stipulation, Trustee shall promptly file and seek such approval on an expedited basis.

7. Under Rule 54(b), the Parties stipulate that the judgment to be entered pursuant to this stipulation shall be a final judgment because there is no just reason.

8. The Court shall retain jurisdiction to enforce the terms of this stipulation and the resulting judgment.

Respectfully submitted,

**DINSMORE & SHOHL LLP**

Date: June 27, 2023 _____

Christopher B. Ghio
Christopher Celentino
Special Counsel to Richard A. Marshack

**PHOENIX LAW, PC**

Date: JUNE 27, 2023    By: _____
                       Its: Principal Officer
                            WM TY CARSS, ESQ

Date: JUNE 27, 2023    _____
                       WILLIAM TAYLOR CARSS

Date: JUNE 27, 2023    _____
                       MARIA EEYA TAN

#31154040v1

4

**STIPULATION FOR JUDGMENT**