**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re: Case No.: 8:23-bk-10571-SC

THE LITIGATION PRACTICE GROUP P.C. Chapter 11

Debtor.

**OBJECTIONS OF CAROLYN BEECH AND DIANE SCARNAVACK TO MOTION TO APPROVE COMPROMISE UNDER RULE 9019 RE STIPULATION WITH CONSUMER LEGAL GROUP, PC, LGS HOLDCO, LLC, AND SET FORTH, INC. F/K/A DEBTPAYPRO (DKT. #178)**

Carolyn Beech and Diane Scarnavack respectfully object to the Chapter 11 Trustee's Motions to Approve Compromises with Consumer Legal Group, PC and related parties ("CLG") (Dkt. #178) "which will then allow CLG to serve as a stalking horse bidder" for the sale of the consumer contracts of LPG (Dkt. #179).

The grounds for this Objection are as follows:

1. Carolyn Beech is the Plaintiff in a class action originally filed against Litigation Practice Group ("LPG") in the Southern District of Mississippi, Case No. 1:22cv57-HSO-BWR, and recently amended to include the following additional defendants: Tony M. Diab, Danial March, Validation Partners LLC, Russ Squires, Wes Thomas, Vulcan Consulting Group LLC, Jayde Trinh, and Oakstone Law Group PC. (Appendix A) She has since filed a class proof of claim in this matter. (Claim #82)

2. Diane Scarnavack is the Plaintiff in a class action filed in the Northern District of Illinois against Phoenix Law PC and William Taylor Carss, Case No. 1:23-cv-03408. She alleges that her LPG account was transferred to Phoenix without her consent and attempts made to debit her bank account.

3. The class actions and class proof of claim seek a declaration that the contracts of Plaintiffs and the class members are void and full refunds to all class members on the ground that all LPG contracts violate the Credit Repair Organizations Act, 15 U.S.C. §1679 et seq. ("CROA"). The CROA dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

4. Continuation of the legal services due under the Debtor's Legal Services Agreements (Exhibit A to Appendix A) is not in the interests of any consumers. Rather, it will result in further damage to consumers.

5. The principal "service" LPG undertook to provide under its Legal Services Agreements was the removal of debts from consumer's credit reports. LPG's clients got little or nothing for their money.

6. LPG first sent clients' creditors a form letter asserting that their debts were illegal and demanding that they cease and desist from further communications to the client. It then sent a form letter to the major credit bureaus disputing the client's debts and demanding "the immediate removal/deletion of this account from my credit report . . ." (Appendix A, Exhibits G-J).

7. Contracting to send and sending such communications makes LPG a credit repair organization. "Credit repair organization" is defined as "any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of— (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i). . . ." 15 U.S.C. §1679a(3)(A). Removing accounts or

"tradelines" from a credit report improves the consumer's credit record, credit history and credit rating.

8. LPG's form letters did not assert anything amounting to a reasonable legal basis for disputing the debts or demanding their removal.

9. If the information LPG is disputing is correct, the credit bureaus will not delete the account, or will simply re-report the account upon verifying its accuracy.

10. Multiple consumers who dealt with LPG attest (Appendix B) that they paid large sums of money and obtained no benefit.

11. Furthermore, the sending of such baseless disputes can have harmful effects. If a consumer has a real dispute at some point, the fact that he or she has made baseless disputes destroys their credibility and makes it harder to assert a legitimate dispute.

12. LPG's clients therefore got little or nothing for the money they spent under the Legal Services Agreements.

13. The Legal Services Agreements contracts violate 15 U.S.C. §1679b(b) because they provide for LPG to charge and receive money for removing debts from consumers' credit reports before such services were fully performed. (Appendix A, ¶ 71). It provides for payments over a period of months, beginning the month after execution, and months before the form letters demanding removal of "tradelines" were sent out. Id. The prohibition against receiving payment before services are performed was included in the CROA because of repetitive instances in which credit repair organizations obtained payments and did little or nothing, the consumers discontinued services (often because the creditors with whom debts were to be negotiated filed lawsuits), and the credit repair organization had already obtained money in excess of any benefit to the consumer. This is precisely what happened to Carolyn Beech. (Appendix A, ¶ 61).

14. Thus, the fee structure contained in the Legal Services Agreements is inherently illegal. This illegality cannot be cured.

15. The Trustee's proposal to sell LPG's contract rights assumes that it is permissible to contract for a stream of payments by a consumer prior to the performance of services. It isn't.

16. Additionally, the Legal Services Agreements do not contain the written disclosures informing consumers of their rights under the Fair Credit Reporting Act and the CROA, in violation of 15 U.S.C. §§1679c(a)-(b). The statement in the Legal Services Agreements regarding cancellation rights is not that required by the CROA, and it is not bold or conspicuous, in violation of 15 U.S.C. §1679d(4). There is no separate notice of right to cancel, in violation of 15 U.S.C. §1679e. Because these Agreements are void and cannot be legally performed, they must be terminated.

17. A common reaction on the part of creditors who received LPG's form letters was to commence litigation against the consumer. Carolyn Beech, for example, was served with summonses and complaints on two of the debts that LPG had undertake to negotiate for her. (Appendix A, ¶ 61).

18. To deal with this problem, LPG hired lawyers in various states to defend the consumers and negotiate settlements.

19. LPG paid these attorneys – from the amounts paid by the consumers to LPG – before they had completed their services.

20. Furthermore, it appears that the lawyers hired by LPG are general practice attorneys who do not concentrate in representation of consumers.

21. There is a community of lawyers who do represent consumers – see https://www.consumeradvocates.org/ – but those hired by LPG are not part of it. See Declaration of Daniel A. Edelman (Appendix C) The likely reason is that any consumer attorney who learned

of the facts relating to LPG or a similar organization would advise the consumer to sue LPG.

22. For this reason, there is an inherent conflict of interest on the part of any attorney hired by a credit repair organization to represent its customers.

23. It appears from Dkt. #178 that the stipulation will continue the illegal conduct of LPG.

24. Specifically, Page 8 of 19 of Dkt. #178 states that the Trustee will "Acknowledge the validity of the transfer of the LPG Fee Shared Clients to CLG pursuant to the fee sharing provisions in the Stipulation." Page 3 of 19 of Dkt. #178 states that CLG will "Deposit 40% of all receivables generated from the LPG Fee Shared Clients into a separate bank account for the benefit of the Estate . . . ."

25. The CROA prohibits CLG from receiving client funds until the services for which the clients contracted (removal of items from their credit, defense of litigation) are fully performed.

26. The best interest of consumers is to void their contracts with LPG and get their money back. If they are being sued by creditors or debt collectors or have legitimate disputes with creditors or debt collectors, they can either retain experienced consumer lawyers to represent them or consult bankruptcy attorneys.

27. The best interest of consumers is not to be "transferred," under the imprimatur of the Court, to other credit repair organizations that will operate in the same manner as LPG.

28. Finally, accelerated consideration of the matter is inappropriate. The Court should delay consideration of the matter and request the views of the Federal Trade Commission, the Consumer Financial Protection Bureau, and other law enforcement agencies concerning whether the proposed transactions are lawful and in the interest of consumers.

WHEREFORE, the Court should deny Dkt. #178.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (IL 0712094)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Christopher Langley
**SHIODA LANGLEY & CHANG LLP**
1800 N. Broadway Ste. 200,
Santa Ana, CA 92706
(714) 515-5656
(877) 483-4434 (FAX)
chris@slclawoffice.com

**CERTIFICATE OF SERVICE**

Daniel A. Edelman certifies that on July 7, 2023 this document was electronically mailed to:

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Teri T Pham on behalf of Attorney Teri Pham
tpham@enensteinlaw.com, 3135.002@enensteinlaw.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

and sent via overnight mail (UPS) for Monday delivery to:

Hon. Scott Clarkson
United States Bankruptcy Court for the Central
District of California
411 West Fourth Street, Suite 5130/ courtroom 5C
Santa Ana, CA 92701

Kenneth Misken
Queenie K Ng
Office of the United States Trustee
411 W. Fourth Street, #7160
Santa Ana, CA 92701
714-338-3405

*/s/ Daniel A. Edelman*
Daniel A. Edelman