1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Yosina M. Lissebeck (State Bar No. 201654)
   **DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone:  619.400.0500
   Facsimile:  619.400.0501
5  christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
6  yosina.lissebeck@dinsmore.com

7  Special Counsel to Richard A. Marshack, Chapter 11 Trustee

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

12

13  In re:                          | Case No. 8:23-bk-10571-SC

14  THE LITIGATION PRACTI            | Chapter 11
    CE
15  GROUP P.C.;                      | **CHAPTER 11 TRUSTEE'S**
          Debtor.                    | **MOTION TO APPROVE**
16                                   | **MANAGEMENT AGREEMENT**
                                     | **WITH RESOLUTION**
17                                   | **PROCESSING; MEMORANDUM**
                                     | **OF POINTS AND AUTHORITIES;**
18                                   | **DECLARATION OF RICHARD A.**
                                     | **MARSHACK IN SUPPORT**
19                                   | **THEREOF; AND EXHIBITS**

20                                   | Date:    August 10, 2023
                                     | Time:    10:30 a.m.
21                                   | Judge:   Hon. Scott C. Clarkson
22                                   | Place:   Courtroom 5C
                                     |          411 West Fourth Street
23                                   |           Santa Ana, California 92701

24

25

26

27

28

#31219851v2

Richard A. Marshack, the Chapter 11 Trustee (the "<u>Trustee</u>") of debtor The Litigation Practice Group, P.C. ("<u>LPG</u>" or the "<u>Debtor</u>") in the above-captioned bankruptcy case (the "Case"), files this Motion (the "<u>Motion</u>") for entry of an order that approves the management agreement with Resolution Processing based on the following:

1.     On March 20, 2023 (the "<u>Petition Date</u>"), debtor LPG filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), commencing the above-captioned bankruptcy case (the "<u>Case</u>").  *See* Pet., ECF No. 1.  On May 4, 2023, the Bankruptcy Court entered an *Order Directing United States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].  The Court entered the *Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee* on the same date [Docket No. 65], and the Trustee has continued to serve in this capacity and for the protection of all creditors and consumer clients since this date.

2.     On May 25, 2023, the Trustee filed his Adversary Complaint initiating what is now Adversary Proceeding 8:23-ap-01046-SC ("1046 Action"), Docket No. 1. Filed concurrently with Trustee's Adversary Complaint, the Trustee sought emergency omnibus relief seeking among other things, a temporary restraining order for the turnover and preservation of critical operating information, client information, accounts, ACH processing accounts, bank accounts and client funds. 1046 Action, Docket Nos. 3-8.  Exigent circumstances appearing, the Court issued a detailed ruling granting Trustee's relief with few exceptions or modification. On May 26, 2023, the Court issued the order on Trustee's Emergency Omnibus motion and set a status conference and preliminary injunction hearing for June 12, 2023. Bankr. Docket No. 13 and 21 amended to correct an address contained therein.

3.     As stated in greater detail in the Trustee's Complaint filed in the 1046 Action and  incorporated by reference herein, the Debtor is a law firm that provided

consumer debt resolution services. One aspect of the services sought by Debtor's consumer clients included being provided attorney services to handle pending litigation, whether on the defense or offensive side of the pleading, address creditors threating litigation and or debt collection agencies engaging in unfair debt collection practices pursuant to the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") among others. Functions that can only be handled by an attorney and whose services would otherwise not be affordable. Other services provided by Debtor, included settlement negotiations and debt invalidation strategies

3.     This Motion seeks a Court order authorizing the Trustee to enter into a written Management Agreement ("Agreement") with Resolution Processing ("Manager"). A copy of the proposed Agreement is attached to the Declaration of Richard Marshack ("Marshack Decl.") as Exhibit A. The terms of the Agreement are summarized[1] as follows:

a.    To conduct all activities required by the "Order on Trustee, Richard A. Marshack's Omnibus Emergency Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance with Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter" issued by the Court in the Case and dated May 26, 2023" ("Order"), including but not limited to:

i.    Prohibit access in accordance with the Lockout Order, as described on pages 8–9 of the Order.

ii.    Instruct the United States Postal Service to re-direct mail, as described on page 9 of the Order.

iii.    Notice to the Business's clients, as described on page 10 of the Order.

---

[1] This is a summary only, all terms are set forth in the Agreement, attached as an exhibit.

b.    All revenues collected by or that come into Manager's possession from the operation of the Business shall constitute property of the Bankruptcy Estate. All such funds shall be deposited into a segregated account for which Trustee shall have exclusive signature authority and shall not be commingled with any other funds. Disbursement of such funds for expenses must be requested in writing by Manager and approved by Trustee.

c.    To avoid conducting any activities that violate the Order or other applicable law.

d.    To conduct all activities of the Business for the exclusive benefit of the Bankruptcy Estate (except as to the payment of Manager's fees, which shall be for the benefit of Manager).

e.    To hire (subject to availability of necessary funds) or dismiss employees or contractors for the Business as necessary in Manager's discretion to run the day-to-day operation of the Business, but only after obtaining the consent of the Trustee.

f.    To assure that the employment, payroll, and other similar employee related taxes are paid in a timely manner on behalf of the Trustee, subject to availability of necessary funds, and Trustee approval of expenditure of same.

g.    To manage and operate the Business in a businesslike manner governed by the reasonable prudent business standard, and in compliance with all applicable local, state, and federal ordinances, laws, and regulations, and subject to availability of necessary funds, and Trustee approval of expenditure of same.

h.    To pay, subject to availability of necessary funds, all wages, commissions, fees for utilities, withholding taxes, business and property taxes, and all other expenses, insurance, taxes, and maintenance and repair costs regarding the Business, attributable to the term hereof, and regarding the Business fixtures, equipment, and property, subject to approval of the Trustee.

#31219851v2

i.      To cause the operations of the Business to be performed during all reasonably scheduled operating hours and during all normal operating days of the week, subject to availability of necessary funds as approved by the Trustee.

j.      To deposit all receipts from the activities of the Business in the bank depositories selected by Trustee.

k.      To perform, subject to availability of necessary funds and the consent of the Trustee, such other and further duties which are consistent with the management of the activities of the Business in the ordinary course thereof.

l.      To keep proper records of all income, expenses, and of all transactions relative to the operation of the Business, and to furnish to Trustee on a monthly basis, financial statements and related reports related to the operation of the Business. Manager acknowledges that all books and records regarding operation of the Business shall be maintained as Richard Marshack, Trustee of the Estate of Litigation Practice Group.

m.      To pay current rent as it falls due on any lease(s) of property, real or personal, used by the Business, except for any non-payment based on a good-faith and bona fide dispute, subject to availability of necessary funds as approved by the Trustee.

n.      To comply with all orders of the Court and all laws applicable to LPG and the Business

o.      To preserve all records and documents of the Business and to only use software, venders, usernames and passwords approved by the Trustee. Trustee and his agents to have full access.

4.      These services are different than those being conducted by attorney Ty Carrs, who is cooperating with the Trustee and continues to oversee all legal services for the Debtor's operations. Mr. Carrs is not part of this Agreement, and Manager will not conduct any services that Mr. Carrs is conducting.

#31219851v2

4.     The Trustee proposes to pay Manager a fee of $60,000.00 per month; or $2,000.00 a day, for the first month; said fee to include compensation for both Russell Squires and Gary DePew; and $40,000.00 a month thereafter, or $1,333.33 a day, for the months thereafter; said fee to include compensation for both Russell Squires and Gary DePew; but not longer than 3 months total.  If Manager does not perform for the entire month, the amount will be calculated on a day-to-day basis.

5.     On the last day of each month, Manager shall provide an itemized invoice, in a format reasonably acceptable to Trustee, detailing the payment due to Manager.  In addition, reasonable general expenses for the Manager, including reasonable travel, meals and hotel expenses, will be covered by the Estate, at the Trustee's discretion, and must be included on the invoice.

6.     Manager has acknowledged and agreed that it will not be compensated from any payroll funds and that payment will not be made until after closing of a sale of Debtor's assets, or if the Court allows funds to be used by the Estate or the Debtor to Operate Business, and entry of a Bankruptcy Court Order approving the payment of compensation to manager.  Manager further acknowledges that it will be paid pro-rata with all other administrative professionals.

7.     The Agreement may be terminated under the following circumstances

a.     The non-breaching party may terminate the Agreement upon a material breach by the other party of the Agreement, if such breach is not cured (assuming it is curable) within thirty (30) calendar days after written notice is given to the breaching party.

b.     The closing of the sale of debtor's assets;

c.     The termination by the Court of this Agreement;

d.     Unilaterally by Trustee; and

e.     On the date that is the last day of the third month of entry of an order approving this agreement

#31219851v2

8.      Russ Squires, the principal of Resolution Processing, is also involved in the purchase of debtor's assets.  However, the Trustee is negotiating the sale with another potential purchaser as well.  Manager's assistance and expertise in continuing to operate the debtor is of far more benefit to the estate, than any perceived interested party relationship.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Bankruptcy Code Sections 1107 and 1108 authorize a debtor in possession, or Chapter 11 Trustee, to operate its business and manage its affairs in the ordinary course of business. Bankruptcy Code Section 363 authorizes a trustee to use property of the estate in the ordinary course of business without court approval:

> If the business of the debtor is authorized to be operated under section ... 1108 . . . of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

Bankruptcy Code Section 363(c)(10) thus permits the Trustee to use, sell or lease property in the ordinary course of business. The purpose of Section 363 is to enable the debtor in possession to engage in ordinary course transactions required to operate its business without the unneeded oversight of the creditors or court. *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne),* 114 F.3d 379, 384 (2d Circ. 1997). Section 363(c) includes the debtor's ability to enter into routine transactions necessary to the debtor's business operation, including the management of the property, payment of expenses, management of payments received and other rated services. *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.),* 75 F.3d 1447 (10th Cir. 1996). The relief requested by this Motion is also authorized by Bankruptcy Code Section 105. Pursuant to section 105(a) of the Bankruptcy Code, "[the court may issue any order, process, or appropriate or necessary in aid of the exercise of its jurisdiction." 2 Collier on Bankruptcy, 2 1105.01 (15th Ed. 1994). Section 105(a) sets out the power of the bankruptcy court to fashion orders as

6

#31219851v2

necessary pursuant to the purposes of the Bankruptcy Code. *In re Khalil and Shahin Chinichian,* 784 F.2d 1440 (9th Cir. 1986). *See Frasch v. Wilson,* 413 F.2d 69, 72 (9th Cir. 1969). See also, *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983) (bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances).

Based on all of the above, the Trustee submits that the Motion to Approve the Management Agreement with Resolution Processing, is a reasonable exercise of the Trustee's business judgment and is in the best interest of the Estate and its creditors. The relief allows the Trustee to comply with the Court's Order, generates income for the Estate, provides information to the Trustee, and gives former clients of the Debtor the legal services they sought. Most important, it maintains the employees needed to provide consumers the ability to contact their attorneys and obtain information related to their cases.

If the Court does not approve the agreement with Manager, Trustee does not have an alternative company, who understands the business and the relationships that the employees have with the consumer clients. The Debtor would not be able to operate and the consumer clients will be stuck in a position of having no one to contact or provide them with information related to their cases.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

#31219851v2

1

## **CONCLUSION**

2          Based upon all of the foregoing, the Trustee respectfully requests the Court

3    to enter an order granting the relief requested in the *Motion*.

4

5    Dated: July 5, 2023                         Respectfully submitted,

6                                                DINSMORE & SHOHL LLP

7
                                                By:   /s/ Yosina M. Lissebeck
8                                                      Christopher B. Ghio
9                                                      Christopher Celentino
                                                       Yosina M. Lissebeck
10                                               Special Counsel to
11                                               Richard A. Marshack, Chapter 11 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

#31219851v2

## DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1.      I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2.      I submit this Declaration in support of my *Motion to approve Management Agreement with Resolution Processing* (the "Motion"). Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3.      The Court may take judicial notice of the following:

        a.      On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Case.

        b.      After the Office of the United States Trustee (the "UST") filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing Unites States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

        c.      Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

        4.      To conduct all activities required by the "Order on Trustee, Richard A.

Marshack's Omnibus Emergency Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance with Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter" issued by the Court in the Case and dated May 26, 2023" ("Order"), including but not limited to:

    iv.  Prohibit access in accordance with the Lockout Order, as described on pages 8–9 of the Order.

    v.  Instruct the United States Postal Service to re-direct mail, as described on page 9 of the Order.

    vi.  Notice to the Business's clients, as described on page 10 of the Order.

I sought out the services of Manager.

5.     I negotiated the Agreement, summarized above in the Motion. A copy of the Agreement is attached as Exhibit A.

6. The relief sought in the Motion is in the best interests of the Debtor and its creditors as it allows me to comply with the Court's Order, generates income for the Estate, provides information to the Estate, and gives former clients of the Debtor the legal services they sought. Most important, it maintains the employees needed to provide consumers the ability to contact their attorneys and obtain information related to their cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 7, 2023     _____

                                    Richard A. Marshack

# EXHIBIT A

## MANAGEMENT AGREEMENT

This Agreement made this 7 day of July, 2023 ("**Agreement Date**"), by and between RICHARD A. MARSHACK ("**Trustee**"), solely in his capacity as Chapter 11 Trustee of THE LITIGATION PRACTICE GROUP P.C. ("**LPG**" or "**Business**"), United States Bankruptcy Court, Central District of California ("**Court**"), Case No. 8:23-bk-10571-SC ("**Case**") and RESOLUTION PROCESSING, LLC, a Florida limited liability company ("**Manager**"):

## RECITALS

Whereas, Trustee is the Chapter 11 trustee of LPG, which is a law firm located in the City of Tustin, CA; and,

Whereas, Trustee desires to engage Manager as Trustee's exclusive agent in order to provide the Business with Manager's expertise in the supervision, direction, and control of the management and operation of the Business, and Manager, for the consideration provided under this Agreement, desires to undertake the duties and obligations outlined hereunder.

## AGREEMENT

For good and valuable consideration, including the promises and covenants set forth herein, Trustee and Manager agree as follows:

1.  <u>Engagement</u>.  This Agreement, subject to bankruptcy court approval, is effective from June 2, 2023-June 28, 2023 as well as from July 5, 2023 ("**Effective Date**"), and continuing until the earlier of one of the event identified in Section 11 of this Agreement. Manager will operate the Business as "manager" in accordance with the terms of this Agreement and likewise, in accordance with all applicable laws, ordinances and regulations, including but not limited to, the laws of the State of California.  The Manager shall have the authority to operate, manage, and supervise the Business, and shall act solely as an agent of the Business.  Nothing herein shall constitute or be construed to be or create a partnership or joint venture as between the parties. By this Agreement, Trustee does not in any way assign or transfer any right or obligation of Trustee or the Bankruptcy Estate.

2.  <u>Grant of Powers, and Scope of Authority</u>.  During the term hereof, Manager (and all persons working with Manager) shall owe a fiduciary responsibility to the Trustee and to the Business for the benefit of the Bankruptcy Estate until such time as this Agreement is terminated as set forth herein. Manager shall have the following duties, powers, and authority with regard to management of the Business, PROVIDED, HOWEVER, that all of the following activities be conducted in accordance with that certain "Order on Trustee, Richard A. Marshack's Omnibus *Emergency* Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance with Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter" issued by the Court in the Case and dated May 26, 2023" ("**Order**") and in accordance with the Manager's fiduciary obligations:

    a.  To conduct all activities required by the Order, including but not limited to:

      i.  Prohibit access in accordance with the Lockout Order, as described on pages 8–9 of the Order.

     ii.  Instruct the United States Postal Service to re-direct mail, as described on page 9 of the Order.

    iii.  Notice to the Business's clients, as described on page 10 of the Order.

b.  All revenues collected by or that come into Manager's possession from the operation of the Business shall constitute property of the Bankruptcy Estate. All such funds shall be deposited into a segregated account for which Trustee shall have exclusive signature authority and shall not be commingled with any other funds. Disbursement of such funds for expenses must be requested in writing by Manager and approved by Trustee, which approval shall not be unreasonably withheld or delayed.

c.  To avoid conducting any activities that violate the Order or other applicable law.

d.  To conduct all activities of the Business for the exclusive benefit of the Bankruptcy Estate (except as to the payment of Manager's fees, which shall be for the benefit of Manager).

e.  To hire (subject to availability of necessary funds) or dismiss employees or contractors for the Business as necessary in Manager's discretion to run the day-to-day operation of the Business, but only after obtaining the consent of the Trustee, which consent shall not be unreasonably withheld or delayed.

f.  To assure that the employment, payroll, and other similar employee related taxes are paid in a timely manner on behalf of the Trustee, subject to availability of necessary funds, and Trustee's approval of expenditure of same, which approval shall not be unreasonably withheld or delayed.

g.  To manage and operate the Business in a businesslike manner governed by the reasonable prudent business standard, and in compliance with all applicable local, state, and federal ordinances, laws, and regulations, and subject to availability of necessary funds, and Trustee's approval of expenditure of same, which approval shall not be unreasonably withheld or delayed.

h.  To pay, subject to availability of necessary funds, all wages, commissions, fees for utilities, withholding taxes, business and property taxes, and all other expenses, insurance, taxes, and maintenance and repair costs regarding the Business, attributable to the term hereof, and regarding the Business fixtures, equipment, and property, subject to approval of the Trustee, which approval shall not be unreasonably withheld or delayed.

i.  To cause the operations of the Business to be performed during all reasonably scheduled operating hours and during all normal operating days of the week, subject

to availability of necessary funds as approved by the Trustee, , which approval shall not be unreasonably withheld or delayed.

j. To deposit all receipts from the activities of the Business in the bank depositories selected by Trustee.

k. To perform, subject to availability of necessary funds and the consent of the Trustee, which consent shall not be unreasonably withheld or delayed, such other and further duties which are consistent with the management of the activities of the Business in the ordinary course thereof.

l. To keep proper records of all income, expenses, and of all transactions relative to the operation of the Business, and to furnish to Trustee on a monthly basis, financial statements and related reports related to the operation of the Business.  Manager acknowledges that all books and records regarding operation of the Business shall be maintained as Richard Marshack, Trustee of the Estate of Litigation Practice Group.

m. To pay current rent as it falls due on any lease(s) of property, real or personal, used by the Business, except for any non-payment based on a good-faith and bona fide dispute, subject to availability of necessary funds as approved by the Trustee, which approval shall not be unreasonably withheld or delayed.

n. To comply with all orders of the Court and all laws applicable to LPG and the Business

o. To preserve all records and documents of the Business and to only use software, venders, usernames and passwords approved by the Trustee.  Trustee and his agents to have full access.


3.  <u>Limitation of Power and Scope of Authority</u>.  During the term hereof, Manager may conduct the Business in the ordinary course of business, PROVIDED it be in accordance with the terms of the Order.  Manager shall not, without the prior written consent of Trustee, which consent shall not be unreasonably withheld or delayed, knowingly effect or take any action or omit or fail to take any action which act, omission, or failure that would result in the occurrence of any of the following:

a. a violation of the Order;

b. a removal of the Manager's fiduciary duties;

c. the expiration of any material licenses or permits issued by any governmental authority to the Business;

EXHIBIT A
Page 14

 d. entering into any, or amendment of any existing, personal property lease, service agreement, maintenance contract or other agreement not terminable by the Company on 30 days notice without penalty or premium;

 e. the imposition of any liens on the assets of the Business;

 f. acquire, purchase, market or otherwise agree to represent or sign up new clients prior to the consummation, and the Court's approval, of the Asset Purchase Agreement, or any other sale of the Business as may be required and/or approved by the Trustee and/or the Court;

 g. the sale of any of the assets of the Business;

 h. any attempt to bind or otherwise compel the Business to merge or consolidate or agree to merge or consolidate with any entity in any manner.

 i. the termination or cancellation of any agreements among the Business and any of its clients, except where the Business agreed to provide services to the client, those services have been provided in full, and the Business has been paid in full;

 j. the creation of any indebtedness;

 k. the making of any alterations to the real property on which the Business is situated ("**Property**"), and improvements therein;

 l. terminating the relationship of the Business with any existing vendors of goods or services to the Business, except in the ordinary course of business; or,

 m. entering into any commitment or agreement to cause or do any of the foregoing.

**For avoidance of doubt, Manager's inability to properly operate the Business due to the lack of sufficient funds shall not constitute an omission or failure by Manager to act under the terms of this Agreement.**

4. <u>Insurance and Rental</u>.  Subject to the availability of necessary funds, Manager shall cause the Business to maintain comprehensive general liability insurance, professional liability insurance, and cyber liability insurance in amounts customary in the industry, with the Manager and Trustee named as additional insureds. Subject to the availability of necessary funds, the Business shall further maintain excess coverage: 1) to the extent coverage under the Business's primary coverage falls short of industry standards; or 2) to the extent excess coverage is standard in the industry. Subject to the availability of necessary funds, the Business shall maintain worker's compensation insurance and other policies as required by law.  Business shall provide Trustee, with all certificates of insurance from the insurer(s) or other reasonable evidence of payment of premiums due and renewal thereof on a quarterly basis or upon request by the Trustee.

5. <u>Payment of Expenses</u>.  Subject to the availability of necessary funds and Court approval of an order to use Estate funds on hand for this purpose, Manager shall be responsible for the payment, when due, of all expenses of operating the Business which accrue after the Effective



EXHIBIT A
Page 15

Date and shall only use revenues not arising from the Business, but only from any funds available from the approved Interim Financing Order, entered June 22, 2023 [Docket No. 131] and July 3, 2023 [Docket No. 169] or any other revenues that the Court deems appropriate for the Trustee to utilize, , only with the consent of the Trustee, and to the extent the funds are available to pay such expenses for this purpose, (i) revenues shall not include any premiums for credit life and accident and health contracts, which shall be paid to the appropriate insurance companies, and (ii) expenses shall include all actual out-of-pocket expenditures and all expenses accrued and accruable during the term of this Agreement attributable to the operation of the Business during the term of this Agreement (including, without limitation, utilities, lease payments, taxes (other than franchise, income or excise taxes of the Trustee which shall be the responsibility of Trustee to pay), employee salaries, compensation and benefits, repairs, and maintenance, the costs of all contracts related to the operation of the Business, supplies, and the pro rata portion of any prepaid expenses) (but shall not include amortization or depreciation expenses).

6. <u>Recordkeeping</u>. During the term hereof, Manager shall maintain adequate books, accounts and records so as to facilitate the timely computation and accounting of its activities as herein provided. In this regard, all activities of Manager with respect to the Business to be managed hereunder shall be effected, if needed, through the maintenance and operation of a separate banking account or accounts to be established with a financial institution selected by the Trustee. With respect to revenues of the Business which Manager receives and which are attributable to operations before the Effective Date of this Agreement, Manager shall not deposit such revenues, but shall use commercially reasonable efforts to deliver them to Trustee in the same form received, with any necessary endorsement, to Trustee, and any such revenues deposited by Manager for any reason shall be promptly transferred to Trustee. Trustee agrees to make available to Manager all data, records and documents pertaining to the Business which Manager may require to properly exercise its duties hereunder.

7. <u>Confidentiality</u>.

 a. Manager shall hold in strict confidence and preserve as confidential the terms and conditions of this Agreement and all information related to the Business or its past, present, or prospective clients or vendors that may be obtained by Manager as a result of this Agreement, including without limitation personal identifiable information, pricing, methods, processes, financial data, lists, apparatus, statistics, programs, research, developments, client privileges, and related information (collectively, "***Confidential Information***"). Except as required by Court Order, a validly issued subpoena, or as other required by law, Manager shall not, without first obtaining Trustee's prior written consent, disclose to any other party, or use for any purpose other than as expressly permitted or required for performance under this Agreement, any Confidential Information. Manager shall protect the Confidential Information using not less than the same care with which it treats its own Confidential Information of a like nature, but at all times shall use at least reasonable care.

 b. The parties acknowledge that any threatened or actual breach of this Section shall constitute immediate, irreparable harm to Trustee and the Business for which monetary damages will not be an adequate remedy and as to which Trustee is



EXHIBIT A

Page 16

entitled to seek equitable remedies from a court of competent jurisdiction without the requirement of posting a bond or undertaking or proving injury as a condition for relief.

c.  In the event Manager is required by law to disclose the Business's Confidential Information, Recipient shall (a) promptly notify Trustee; (b) where feasible, provide Trustee the opportunity to challenge the disclosure at Manager's reasonable cost; (c) limit the disclosure to that information legally required to be disclosed; and (d) use commercially reasonable efforts to obtain confidential treatment of all disclosed information.

8.  <u>Information Security</u>.  Manager shall, and shall cause its subcontractors and all third parties to which it discloses or provides access to Confidential Information to, implement and maintain a comprehensive written information security program consistent with applicable law and industry standards, sufficient to protect the security, confidentiality, and integrity of its networks and systems, and to secure Confidential Information in Manager's custody or control from unauthorized access, destruction, use, loss, modification, and disclosure. In the event Manager learns of any actual or suspected unauthorized access to or disclosure of Confidential Information, Manager shall provide to Trustee prompt written notice no later than one (1) business day following discovery of such incident, and shall immediately cooperate, at Manager's expense, with Trustee's investigation, remediation, and response efforts. Manager shall use, store, disclose, and otherwise process the Confidential Information only: (i) for the purpose of performing its obligations under the Agreement; (ii) pursuant to documented instructions from Trustee, or (iii) when required to do so by applicable law, and Manager informs Trustee of that legal requirement before processing and minimizes such disclosure to the maximum extent permitted by law. Manager shall not use, store, disclose, or otherwise process Confidential Information for a commercial purpose other than providing the Services pursuant to the Agreement. Manager shall reasonably cooperate with Trustee's efforts to comply with any law or regulation governing Confidential Information.

9.  <u>Non-Solicitation</u>.

a.  Except as it relates to the operation of the Business, Manager shall not knowingly solicit or hire as a result of such solicitation (including as an independent contractor) any employee or contractor of the Business (who is an employee or contractor of the Business as of the Effective Date) for the term of this Agreement and four (4) months thereafter without the express written consent of Trustee.

b.  Manager shall not directly or indirectly, on its own behalf or on behalf of any other person(s), solicit or otherwise attempt to establish any business relationship with



any client of the Business for the term of this Agreement and four (4) months thereafter without the express written consent of Trustee.

c. If an employee or contractor of Business leaves on their own accord, Manager is not precluded from hiring them upon closing of a court approved sale of Debtor's assets.

d. The foregoing non-solicitation provisions shall no longer apply upon closing of a court-approved sale of Debtor's assets to Manager.

10. Compensation.

a. Manager shall be paid a management fee of Sixty Thousand Dollars ($60,000); or $2,000 a day, for the first month; said fee to include compensation for both Russell Squires and Gary DePew; and $40,000.00 a month thereafter, or $1,333.33 a day, for the months thereafter; said fee to include compensation for both Russell Squires and Gary DePew; but not longer than 3 months total. If Manager does not perform for the entire month, the amount will be calculated on a day-to-day basis. On the last day of each month, Manager shall provide an itemized invoice, in a format reasonably acceptable to Trustee, detailing the payment due to Manager. In addition, reasonable general expenses for the Manager, including reasonable travel, meal and hotel expenses, will be covered by the Estate, at the Trustee's discretion, which discretion shall not be unreasonably exercised, and included on the invoice. **MANAGER HEREBY ACKNOWLEDGES AND AGREES THAT IT WILL NOT BE COMPENSATED FROM ANY PAYROLL FUNDS AND THAT PAYMENT WILL NOT BE MADE UNTIL AFTER CLOSING OF A SALE OF DEBTOR'S ASSETS; UNLESS THE COURT ENTERS AN ORDER ALLOWING FUNDS TO BE USED BY THE ESTATE TO OPERATE THE BUSINESS; AND ENTRY OF A BANKRUPTCY COURT ORDER APPROVING THE PAYMENT OF COMPENSATION TO MANAGER. MANAGER FURTHER ACKNOWLEDGES THAT IT WILL BE PAID PRO-RATA WITH ALL OTHER ADMINISTRATIVE PROFESSIONALS.**. Neither Trustee nor the LPG estate shall have any liability to Manager outside of Manager's right to receive the specified rate of compensation and expenses from the funds received during Manager's operation of LPG's business.

b. All accounting matters shall be handled by an accountant of Manager's choice, with the consent of the Trustee, and all accounting shall be in conformity with ordinary accounting principles and practices ordinarily applied to law firms similar in size and scope to that of the Business. The accountant shall provide any and all information to Trustee and his agents.

11. Termination. This Agreement may be terminated under the following circumstances (each, an "**Event of Termination**"):



a.   The non-breaching party may terminate the Agreement upon a material breach by the other party of the Agreement, , if such breach is not cured (assuming it is curable) within thirty (30) calendar days after written notice is given to the breaching party'

b.   The closing of the sale of Debtor's assets;.

c.   The termination by the Court of this Agreement;.

d.   Unilaterally by Trustee; or

e.    On the date that is the last day of the third month after entry of an order approving this Agreement

12. <u>Effect of Termination</u>.  Upon an Event of Termination, all obligations of the parties under this Agreement shall terminate, except for those obligations listed in Section 15.f **(including the continuing obligation to pay Manager as set forth in Section 10)**.  Upon termination, Manager shall promptly return to Trustee all Confidential Information and destroy any copies or other records of the Confidential Information in Manager's possession.  Notwithstanding the foregoing, Manager may retain a copy of the documents relating to its operation of the business to the extent necessary to comply with Manager's tax and other legal obligations.

13. <u>Indemnification</u>.  Manager shall indemnify and save Trustee harmless from all liability, loss, damage, cost, claim, or expense, including reasonable counsel fees and disbursements, incurred by Trustee by reason of any wrongful act or omission, negligent, tortious or otherwise, of Manager or any agent or employee of Manager.

14. <u>Notices</u>.  Notices, statements, and other communications to be given under the terms of this Agreement shall be in writing and delivered (i) by hand against receipt, or (ii) by certified or registered mail, return receipt requested, addressed as follows:

a.   If to the Trustee:

Richard Marshack
870 Roosevelt
Irvine, CA 92620

With a copy to:

Dinsmore & Shohl LLP
c/o Christopher Celentino
655 W. Broadway
Suite 800
San Diego, CA 92101

And

Marshack Hays LLP

Attn: Ed Hays
870 Roosevelt
Irvine, CA 92620

b.  If to Manager:

Resolution Processing, LLC
c/o Russell Squires
1314 E Las Olas Blvd. #2428
Fort Lauderdale, FL 33301

With a copy to:

Joel S. Magolnick, Esq.
Marko & Magolnick, P.A.
3001 SW 3rd Avenue
Miami, FL 33129

15. <u>Miscellaneous</u>.

a.  Neither party shall assign or transfer or permit the assignment or transfer of its rights and obligations under this Agreement without the prior written consent of the other.

b.  This Agreement shall be binding upon and inure the benefit of the parties hereto and to their respective heirs, successors, assigns and representatives.

c.  This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof.

d.  This Agreement will be governed by the laws of the State of California and the Bankruptcy Code and Rules. Any claim, dispute, or matter arising under or in connection with this Agreement shall be brought exclusively in the Bankruptcy Court for the Central District of California, in Santa Ana, California.

e.  This Agreement may be amended only by a written instrument duly executed by authorized representatives of both parties.

f.  Sections 8, 9, 10, 12, 13, 14, and 15 shall survive termination of this Agreement.

g.  This Agreement may be executed in several counterparts, each of which shall be an original, but all of which shall constitute one in the same instrument.

h.  This Agreement is subject to the approval of the Bankruptcy Court and may be unilaterally modified by the Bankruptcy Court for good cause shown and all parties retaining the right to terminate if this modification is a material burden.

EXHIBIT A

IN WITNESS WHEREOF, the parties have executed this Agreement on the date and year first written above.

**MANAGER:**

RESOLUTION PROCESSING, LLC

_____

By: Russell Squires
Its: Manager

**TRUSTEE:**

Richard Marshack, solely in his capacity as Chapter 11 Trustee of LITIGATION PRACTICE GROUP, LLC, United States Bankruptcy Court, Central District of California

_____

Approved:

_____

Gary DePew

IN WITNESS WHEREOF, the parties have executed this Agreement on the date and year first written above.

**MANAGER:**

RESOLUTION PROCESSING, LLC

By: Russell Squires
Its: Manager

**TRUSTEE:**

Richard Marshack, solely in his capacity as Chapter 11 Trustee of LITIGATION PRACTICE GROUP, LLC, United States Bankruptcy Court, Central District of California

Approved:

Gary DePew

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:       655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*):
**CHAPTER 11 TRUSTEE'S MOTION TO APPROVE MANAGEMENT AGREEMENT WITH RESOLUTION PROCESSING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF; AND EXHIBITS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 7, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 7, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐      Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 7, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

       **JUDGE'S COPY**
       The Honorable Scott C. Clarkson
       United States Bankruptcy Court
       Central District of California
       Ronald Reagan Federal Building and Courthouse
       411 West Fourth Street, Suite 5130 / Courtroom 5C
       Santa Ana, CA 92701-4593

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                **F 9013-3.1.PROOF.SERVICE**

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.j
effreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    **F 9013-.1.PROOF.SERVICE**

ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza
@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza
@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    F 9013-.1.PROOF.SERVICE

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Teri T Pham on behalf of Attorney Teri Pham
tpham@epglawyers.com, ttpassistant@epglawyers.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                          F 9013-.1.PROOF.SERVICE

gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                          **F 9013-.1.PROOF.SERVICE**