Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Proposed Counsel for Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' CONDITIONAL OPPOSITION AND RESERVATION OF RIGHTS TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING STIPULATION BETWEEN THE DEBTOR; CONSUMER LEGAL GROUP, PC; LGS HOLDCO, LLC; AND SET FORTH, INC. F/K/A DEBTPAYPRO** |
| | Date: July 11, 2023
Time: 2:00 p.m.
Judge: Hon. Scott C. Clarkson
Place: Courtroom 5C
411 West Fourth Street
Santa Ana, California 92701 |

The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group, P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits this conditional opposition (the "Opposition") to the *Motion for Order Approving Stipulation Between the Debtor; Consumer Legal Group, PC; LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro* [Docket No. 178] (the "Motion"),[2] filed by Richard A. Marshack, the duly-appointed chapter 11 trustee (the "Trustee") in the Bankruptcy Case, related to the *Stipulation re Partial Settlement of Claims and Modification of Order on Trustee, Richard Marshack's Omnibus Emergency Motion as to Covered Parties and Defendants, Consumer Legal Group, P.C. and LGS Holdco, LLC* (the "Stipulation").  In support of this Conditional Opposition, the Committee refers to the record in this Bankruptcy Case and the related adversary proceeding, captioned *Marshack v. Diab, et al.*, Adv. Proc. No. 8:23-ap-01046-SC (the "Adversary Proceeding"), the argument of counsel at any hearing on the Application, and respectfully states as follows:

## I.

## INTRODUCTION

The Committee files a limited objection to the Trustee's Stipulation with Consumer Legal Group, P.C. along with its related company LGS Holdco, LLC (together, "CLG")[3] because the Trustee has not met his burden of demonstrating how a partial settlement with CLG on the terms set forth in the Stipulation satisfies the *A & C Properties* factors.  While the Committee welcomes settlements that bring value to the estate—and is certain a settlement with CLG is plausible with appropriate disclosure—the Motion is missing critical information for the Trustee to carry his burden.

The Stipulation is facially premised on two motivations that do not appear supported by the limited record on the Motion.  ***First***, the Trustee claims that the settlement will resolve issues with

---

[1] Unless otherwise defined herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

[3] Since entering into the Stipulation, Set Forth, Inc. f/k/a DebtPayProp ("DPP") has apparently joined the Stipulation.  *See* Declaration of Richard A. Marshack, ¶ 4.

- 2 -

the Trustee's proposed stalking horse bidder under the Sale Motion.[4] A review of the Asset Purchase Agreement does not identify any closing condition or other requirement that obligates the Trustee to partially, or fully, settle the Adversary Proceeding. Additionally, Trustee concedes that the Stipulation will only "will resolve all disputes regarding the LPG Fee Shared Clients and provide income to the Debtor." **Second**, the Trustee claims the partial settlement will achieve the aims of the Amended Complaint filed in the Adversary Proceeding. But, the Stipulation does not appear to offer the estate any greater relief than the Trustee has already obtained under the preliminary injunction. Under the Court's orders, the estate is already entitled to all client files and certain post-petition Client ACH payments held by the named defendants in the adversary proceeding including CLG, and to hold in trust any and all funds, receipts and transfers related to any account file, or current or former client of CLG and certain other named defendants.

Additionally, the Committee's concern is compounded by the perfunctory analysis of the factors set forth in *Martin v. Kane (In re A & C Properties),* 784 F.2d 1377, 1380–81 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986). There is insufficient evidence to determine what CLG's obligations are with respect to LPG Fee Shared Clients, and whether CLG provided consideration to the Debtor in exchange for its purported entitlement of 60% of the revenues generated therefrom. Rather, the Stipulation asserts as a recital only that it paid for reasonably equivalent value for certain of the 12,546 files belonging to CLG Acquired Clients, and "agreed to pay 40% of the revenue earned form the CLG Acquired Clients", referred to as "CLG Fee Share Clients." It is unclear whether the Trustee has validated CLG's assertion that it is contractually entitled to retain 60% of the revenues generated from the LPG Fee Shared Clients or is legally obligated to do so under applicable law. Additionally, although the Committee welcomes the provision that CLG provide a declaration to the Trustee regarding CLG's lack of any personal, business, or financial arrangements with LPG or Tony Diab, and other relevant information, the Trustee has not provided such declaration or other information in support of the Motion. Moreover, there is no discussion

---

[4] *Motion of Trustee Richard A. Marshack for Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements* [Docket No. 191] (the "Sale Motion")

or confirmation that the LPG Fee Shared Clients transferred to CLG have consented to the transfer or that CLG has complied with applicable law to effectuate the transfer.

The Committee is not opposed to the Trustee's partial settlement of claims against CLG under all circumstances. Indeed, the Committee does not object to the concurrently-filed motion to approve a settlement with three other fraudulent transfer defendants. The Trustee's concern is whether the settlement is necessary for a sale, enhances the interests of the Estate, and protects consumers. The Motion simply is not supported by sufficient evidence to address any of these concerns.

## II.

## FACTUAL BACKGROUND

**A.    General Background**

On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On May 4, 2023, the Court entered an order [Docket No. 58] appointing the Trustee as chapter 11 trustee in this Bankruptcy Case. On June 13, 2023, the Trustee filed a motion [Docket No. 102] for the approval of reimbursement procedures for counsel to a proposed *ad hoc* committee of consumer claimants. On June 27, 2023, the Court entered an order [Docket No. 151] approving a stipulation [Docket No. 149] voluntarily dismissing the *ad hoc* committee motion in light of the appointment of the Committee and the agreement that a majority of the Committee's members will remain consumer claimants.

On June 23, 2023, the Office of the United States Trustee (the "UST") appointed [Docket No. 134] the Committee. On June 29, 2023, the UST expanded [Docket No. 157] the Committee's membership from five to seven members. On June 29, 2023, the Committee retained proposed counsel.

**B.    The Trustee Files and Prosecutes the Adversary Proceeding Against CLG.**

On May 25, 2023, the Trustee filed a complaint [Adv. Docket No. 1], that was subsequently amended [Adv. Docket No. 62], in the Adversary Proceeding against, among others, CLG. As set forth more fully in the Complaint, the Debtor's former owner, Tony Diab, "transferred [the

1  Debtor's] entire business to new law firms free of [the Debtor's] obligations to its creditors,"
2  including transfers to CLG. *See* Am. Compl., at ¶ 66.  The Trustee alleged that CLG was one of a
3  series of "alter egos" of the Debtor to which "Diab sold [client files] with little or no consideration
4  or fraudulently transferred additional LPG client files." *Id.*, at ¶¶ 67. "At or around the Petition
5  Date, Diab admitted that [the Debtor] had transferred approximately . . . 12,000 [customer] files to
6  CLG (approximately $3.3 million in revenue)." *Id.*, at ¶ 69. "Diab is using [CLG] to re-direct LPG
7  funds for his own personal gain and avoid the protections afforded creditors and the Estate under
8  the Bankruptcy Code." *Id.*, at ¶ 71.

9  On May 26, 2023, the Court entered a temporary restraining order [Adv. Docket No. 13]
10 enjoining CLG from, among other things, siphoning-off the Debtor's assets. On June 23, 2023, the
11 Court entered a preliminary injunction [Adv. Docket No. 70] granting the estate similar relief
12 against CLG.

13 On June 30, 2023, the Trustee filed a stipulation [Adv. Docket No. 81] with CLG
14 concerning a "partial settlement of claims" that is currently set [Docket No. 182] for hearing (on
15 shortened notice) on July 11, 2023 as a compromise.

## III.

**THE TRUSTEE HAS NOT SATISFIED HIS BURDEN OF DEMONSTRATING THAT THE PROPOSED COMPROMISE IS IN THE BEST INTERESTS OF THE BANKRUPTCY ESTATE AND COMPLIES WITH THE *A&C PROPERTIES* FACTORS**

20  Federal Rule of Bankruptcy Procedure 9019 authorizes a bankruptcy court to approve a
21 compromise or settlement in a pending bankruptcy case. The Ninth Circuit has determined that
22 "there must be more than a mere good faith negotiation of a settlement by the trustee in order for
23 the bankruptcy court to affirm a compromise agreement." *Martin v. Kane (In re A & C Properties)*,
24 784 F.2d 1377, 1381 (9th Cir. 1986). "The court must also find that the compromise is fair and
25 equitable." *Id.* "The trustee, as the party proposing the compromise, has the burden of persuading
26 the bankruptcy court that the compromise is fair and equitable and should be approved." *Id.*

27  In determining the fairness, reasonableness and adequacy of a proposed settlement, the
28 bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* (citations omitted).

"[T]he factors should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation." *Greif & Co. v. Shapiro (In re W. Funding Inc.),* 550 B.R. 841, 851 (B.A.P. 9th Cir. 2016), *aff'd*, 705 F. App'x 600 (9th Cir. 2017). While the trustee's business judgment is ordinarily afforded deference, "particularly in the face of opposition by creditors, the requirement of court approval means that the responsibility ultimately is the court's." *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288-89 (B.A.P. 9th Cir. 2005). As the Ninth Circuit has explained, courts must afford due deference to creditor objections to a compromise. *A & C Properties*, 784 F.2d at 1382 ("[W]hile creditors' objections to a compromise must be afforded due deference, such objections are not controlling, and while the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankrupt estate.") (citations omitted).

In the instant case, the Trustee has not satisfied his burden of demonstrating that the proposed settlement with CLG is a reasonable exercise of his business judgment:

**A.     Probability of Success in Litigation**

The Trustee simply states that the "Stipulation provides the Trustee with the relief sought against CLG in the Adversary Proceeding with respect to the LPG Fee Shared Clients and preserves any other claims of the Trustee against CLG, regarding the LPG Acquired Clients or other matters. With respect to the LPG Fee Shared Clients, the Stipulation provides the relief sought in the Complaint without the risks and expenses of further litigation."

Notably, nowhere in the Motion does the Trustee address the relative strengths and weaknesses of the Trustee's claims against CLG or CLG's defenses. However, the Court has already issued a TRO and Preliminary Injunction, which is indicative that the Trustee is likely to succeed on the merits. The generic statement that "the relief sought in the Complaint without the

risks and expenses of further litigation" does not address the propriety of the purported agreement between the Debtor and CLG with respect to the LPG Fee Shared Clients, or even describe the circumstances under which such agreement was entered into. Given the totality of the circumstances and record before the Court, the first *A & C Properties* factor weighs against approval of the Stipulation – at least without more information.

**B.      Difficulties of Collection**

No evidence has been submitted regarding any potential collection difficulties the Trustee might encounter in the event litigation against CLG were to continue and the Estate were to prevail. Rather, the Trustee simply notes that CLG is required to share information with the Trustee to verify payments earned on LPG Fee Shared Clients and that the payment structure provides the Trustee with all the benefits of CLG servicing the LPG Fee Shared Clients without the expense and delay of obtaining a judgment to recovery any fees owed for those matters.  While this explanation, if supported by sufficient evidence regarding the propriety and circumstances related to the agreement purportedly entered into between the Debtor and CLG, and complies with applicable non-bankruptcy law, may weigh in favor of approval, there is no evidence that collection will be difficult if judgment is entered in the Trustee's favor.

**C.      Complexity of Litigation, Expense, Inconvenience and Delay**

The Trustee provides some credible argument that an accounting will be required for each file once the respective rights of the Trustee and CLG had been adjudicated, and that CLG has asserted it has defenses to the Trustee's claims to avoid and recover the transfer of the LPG Fee Shared Clients. While the fraudulent transfer claims do not appear to be complex – and the Court has already issued a TRO and Preliminary Injunction finding the transfer of client files to be fraudulent – the Committee acknowledges that there will be some expense, inconvenience, and delay of further litigation on the LPG Fee Shared Clients.  However, the key issue is whether the anticipated expense, inconvenience and delay justifies the fee sharing arrangement embodied in the Stipulation.  The Trustee has not presently demonstrated that it does.

**D.     Paramount Interest of Creditors**

The Trustee asserts that this Stipulation is in the best interest of creditors because it permits CLG to service the LPG Fee Shared Clients while providing income to the estate in the form of 40% of revenues generated by the LPG Fee Shared Clients. The Trustee notes that even if he recovered the LPG Fee Shared Clients, those matters would require legal work and representation that the Debtor is unable to provide.

Once again, the Trustee has not demonstrated that a 60-40% fee sharing arrangement in CLG's favor is in the best interest of creditors – particularly, when CLG may not be the successful bidder and a recovery of 100% of the fees generated may be more valuable to the bankruptcy estate. Any purchaser – whether CLG or another party – would presumably continue to service these LPG Fee Shared Clients. The Trustee should be required provide additional evidence and analysis of the pros and cons of settling with CLG in exchange for 40% of the revenue from the LPG Fee Shared Clients. Importantly, it is unclear whether CLG is entitled to collect funds from consumers that are collected from LPG Fee Shared Clients, or whether the Trustee is entitled to use such funds remitted by CLG to pay the estate's operating expenses.

**E.     Additional Observations**

Finally, the Committee is concerned that CLG appears to be wearing several hats in this Bankruptcy Case. CLG is a defendant in the Adversary Proceeding in which the Trustee seeks to avoid and recover certain fraudulent transfers including the transfer of client files to CLG. The Court has issued an injunction that is designed to give the Trustee control over such files and funds and prevent CLG from using any such funds from LPG Fee Shared Clients. While judgment has not yet been entered, there is no indication that CLG has valid defenses to the claims. CLG is also the proposed bidder under the Sale Motion. CLG, through its affiliate is also a post-petition lender, loaned the estate approximately $560,000 on a super-priority basis. The loan was ostensibly made in connection with the proposed sale of the estate's assets to CLG, and the APA provides that CLG is to be repaid from the $1 million deposit to be submitted in connection with the sale.

The Committee notes that the Stipulation requires, among other things, that CLG provide a declaration to the Trustee regarding CLG's lack of any personal, business, or financial

arrangements with the Debtor or Tony Diab, aside from its alleged purchase of the CLG Acquired Clients or anything else that has been disclosed to the Trustee, and other relevant information. It is unclear whether CLG has complied with this requirement as no such declaration or information concerning CLG's compliance has been submitted in support of the Motion. At a minimum, the Trustee should disclose CLG's pre- and post-petition relationship with the Debtor, Tony Diab or any of the named defendants in the Adversary Proceeding and their affiliates. Such information is needed to determine whether the Stipulation was entered into in good faith, whether the fee sharing arrangement was supported by reasonable consideration, and whether the proposal for CLG to retain 60% of the revenue derived from the CLG Shared Clients is in the best interest of the estate.

Finally, the Motion does not address whether any of the LPG Shared Clients were aware of or otherwise consented to CLG's servicing these clients, and whether CLG is currently in compliance with all applicable law. Additional disclosure is required.

## IV.

## **CONCLUSION**

While the Committee understands the current difficulties under which the Trustee is forced to operate and is certainly interested in maximizing value for the benefit of unsecured creditors, the Committee is concerned that the proposed settlement with CLG may give up potentially valuable property rights without sufficient information. The Committee is pragmatic and is not currently taking the position that the CLG settlement is not in the best interest of the bankruptcy estate and its creditors. However, the Trustee should be required to submit additional evidence and analysis as required by the Ninth Circuit under the *A&C Properties* test to enable the Committee and other parties in interest determine whether the proposed settlement is in the best interest of the estate and complies with applicable non-bankruptcy law.

Dated: July 11, 2023            Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: *Keith C. Owens*
Proposed Counsel to Official Committee of Unsecured Creditors

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: OFFICIAL COMMITTEE OF UNSECURED CREDITORS' CONDITIONAL OPPOSITION AND RESERVATION OF RIGHTS TO CHAPTER 11 TRUSTEE'S MOTION AND MOTION FOR ORDER APPROVING STIPULATION BETWEEN THE DEBTOR; CONSUMER LEGAL GROUP, PC; LGS HOLDCO, LLC; AND SET FORTH, INC. F/K/A DEBTPAYPRO on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/11/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov

Active\118774763.v1-1/20/21

- **Byron Z Moldo**    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Teri T Pham**    tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott3@bclplaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**2.    SERVED BY UNITED STATES MAIL**: On July 11, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Parties not on ECF but require service of filings:

Grobstein Teeple LLP
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630

Jason Patterson Stopnitzky
52 Cupertino Circle
Aliso Viejo, CA 92656

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 11, 2023, I served the following persons and/or entities by personal delivery, mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

| 7/11/2023 | Kimberly Hoang | */s/ Kimberly Hoang* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |