| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| GREGORY M. SALVATO (SBN 126285)<br> Gsalvato@salvatolawoffices.com<br>JOSEPH BOUFADEL (SBN 267312)<br> Jboufadel@salvatolawoffices.com<br>SALVATO BOUFADEL LLP<br>355 South Grand Avenue, Suite 2450<br>Los Angeles, California 90017-9500<br>Telephone: (213) 484-8400<br>Facsimile: (213) 401-2411<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* MARI AGAPE | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10571-SC<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 08/23/2023<br>TIME: 1:30 pm<br>COURTROOM: 5C |

**Movant**: MARI AGAPE

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012    ☒ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  07/12/2023

Salvato Boufadel LLP
Printed name of law firm (if applicable)

Gregory M. Salvato
Printed name of individual Movant or attorney for Movant

/s/ Gregory M. Salvato
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 2                    F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Mari Agape v. The Litigation Practice Group, etc., et al.

   b. *Docket number*: 30-2023-01304067-CU-WT-CJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Orange County Superior Court, Dept. CX102 (Hon. Linda Marks)

   d. Causes of action or claims for relief (Claims):
   Employment claims, including employment discrimination, harassment, failure to accommodate (in violation of FEHA), retaliation, failure to prevent, wrongful termination, and failure to pay wages at time of termination.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
   was filed on (*date*) __03/20/2023__.

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11 ☐ 12  ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☒ Movant seeks recovery only from applicable insurance, if any, ~~and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate~~.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 3                            **F 4001-1.RFS.NONBK.MOTION**

f.  ☐ The bankruptcy case was filed in bad faith.

   (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

   (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

   (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒ Other (*specify*):
   Claimant seeks a trial by jury and wishes to pursue her claims against the Debtor in the non-bankruptcy forum; There is no additional cost to the estate from pursuing the claim in state court rather than bk. court.

5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐ Other (*specify*):

6.  **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a.  ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒ Supplemental declaration(s).

c.  ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☒ Other evidence (*specify*):
   Supplemental Declaration of Jesse S. Stratos, Esq., state court counsel for claimant.

7.  ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 4                    **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.

Date:  07/12/2023

Salvato Boufadel LLP
Printed name of law firm (*if applicable*)

Gregory M. Salvato
Printed name of individual Movant or attorney for Movant

/s/ Gregory M. Salvato
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Jesse S. Stratos _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

☐ I am the Movant.
☒ I am Movant's attorney of record in the Nonbankruptcy Action.
☐ I am employed by Movant as (*title and capacity*):
☐ Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

☒ Plaintiff
☐ Defendant
☐ Other (*specify):*

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: Mari Agape v. The Litigation Practice Group, P.C., et al.
    b.  *Docket number*: 30-2023-01304067-CU-WT-CJC
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Orange County Superior Court, Dept. CX102 (Hon. Linda Marks)

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        Plaintiff filed a lawsuit against Debtor The Litigation Practice Group, P.C., for employment discrimination, harassment, failure to accommodate, retaliation, failure to investigate/prevent, wrongful termination, and failure to pay wages at time of termination.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _1____.

    c.  The Nonbankruptcy Action was filed on (*date*) _01/23/2023__.

    d.  Trial or hearing began/is scheduled to begin on (*date*) _____.

    e.  The trial or hearing is estimated to require _4____ days (*specify).*

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 6                         **F 4001-1.RFS.NONBK.MOTION**

g. Other defendants in the Nonbankruptcy Action are (*specify*):

　Daniel March, an individual; and DOES 1-50.

6. **Grounds for relief from stay:**

a. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c. ☒ Movant seeks recovery ~~only~~ from applicable insurance, if any, ~~and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate~~. The insurance carrier and policy number are (*specify*):

　Unknown at this time, has been requested from Debtor and from Trustee

d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

　(1) ☐ It is currently set for trial on (*date*) ___Not yet set___.

　(2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

　(3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

　(1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

　(2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

　(3) ☐ Multiple bankruptcy cases affecting the Property include:

　　(A) Case name:
　　　Case number:　　　　　　　　　　Chapter:
　　　Date filed:　　　　Date discharged:　　　　Date dismissed:
　　　Relief from stay regarding this Nonbankruptcy Action　☐ was　☐ was not　granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:
      Case number:                    Chapter:
      Date filed:          Date discharged:          Date dismissed:
      Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:
      Case number:                    Chapter:
      Date filed:          Date discharged:          Date dismissed:
      Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
Date               Printed name               Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014               Page 8               F 4001-1.RFS.NONBK.MOTION

GREGORY M. SALVATO (SBN 126285)
    Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
    Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90017-9500
Telephone:    (213) 484-8400
Facsimile:    (213) 401-2411

Attorneys for Creditor / Plaintiff
MARI AGAPE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>         Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**Supplemental Declaration of Jesse S. Stratos, Esq. in Support of Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)**<br><br>Hearing:<br>Date:      August 23, 2023<br>Time:      1:30 p.m.<br>Place:     Roybal Federal Building<br>              Courtroom 5C<br>              411 West Fourth Street<br>              Santa Ana, CA 92701 |

Salvato Law
Offices

1

## SUPPLEMENTAL DECLARATION OF JESSE S. STRATOS, ESQ.

2      I, Jesse S. Stratos, Esq., declare:

3      1.      I am an attorney at law admitted to practice before the Courts of the State of

4  California (State Bar No. 313429), with offices in Los Angeles, California. I am the

5  attorney of record for the Creditor, Mari Agape ("Creditor"), in the pending matter

6  entitled *Mari Agape v. The Litigation Practice Group P.C., et al., Case No. 30-2023-*

7  *01304067-CU-WT-CJC*, in the Orange County Superior Court (the "State Court Action").

8      2.      I submit my declaration in support of the Creditor's Motion for Relief from

9  the Automatic Stay under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum). The

10  following facts are known to me of my own personal knowledge and if called as a witness

11  I could and would testify competently thereto.

12                    ## Background of the State Court Action

13      3.      On January 25, 2023, Creditor commenced the State Court Action against

14  Debtor The Litigation Practice Group, a California professional corporation ("Debtor")

15  and Daniel March, an individual, and Does 1-50 (collectively, "Defendants"), for

16  harassment, discrimination and retaliation based on Creditor's actual/perceived

17  disabilities, and sex/gender, which were permitted, required, demanded, allowed and

18  tolerated (the "Complaint"). Attached as Exhibit 1 is a true copy of the Complaint filed by

19  Creditor on January 25, 2023.

20      4.      Defendants The Litigation Practice Group and Daniel March filed an

21  Answer to the Complaint through attorney Shane Singh of Lewis Brisbois Bisgaard &

22  Smith LLP on March 13, 2023, demanding a trial by jury and asserting numerous

23  affirmative defenses.  Attached as Exhibit 2 is Defendants' Answer.

24      5.      No trial date has been set at this time.

25      6.      Attached as Exhibit 3 is a true and correct copy of the docket summary of

26  the State Court Action.

27

28

Salvato Law
Offices

Declaration of Jesse S. Stratos, Esq.          -2-          *In re The Litigation Practice Group P.C., Debtor*
Case No. 8:23-bk-10571-SC

7.     On March 20, 2023, the Debtor filed this voluntary Chapter 11 bankruptcy case, *In re The Litigation Practice Group P.C., Debtor, Case No. 8:23-bk-10571-SC*, which operated to stay the pending State Court Action.

8.     There is at least one other Defendant in the State Court Action, Daniel March, an individual.

9.     Creditor seeks a trial by jury.

## **Relief from Stay**

10.     The Creditor seeks to pursue its claims against Debtor and the other defendant and proceed to final judgment in the State Court Action. Since the State Court Action involves a non-debtor party, a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

11.     I am informed and believe that there is a policy of insurance that would provide coverage for the Creditor's claims against the Debtor.

12.     Further, as the claims at issue arise under only state law, and the Creditor requests a trial by jury, the matter would be most expeditiously tried in the Orange County Superior Court.

13.     The Creditor seeks relief only to pursue its claim to judgment in the State Court Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 11, 2023, at Los Angeles, California.

_____
Jesse S. Stratos, Esq.

Salvato Law
Offices

Declaration of Jesse S. Stratos, Esq.          -3-          *In re The Litigation Practice Group P.C., Debtor*
Case No. 8:23-bk-10571-SC

# EXHIBIT 1

# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 01/25/2023 02:19:17 PM.
30-2023-01304067-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.
Main Document        Page 13 of 44

**BROCK & GONZALES, LLP**

6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673

D. AARON BROCK, STATE BAR NO. 241919
JESSE S. STRATOS, STATE BAR NO. 313429

**Attorneys for Plaintiff**
Mari Agape

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

Assigned for All Purposes

Judge Linda Marks

| | |
|---|---|
| MARI AGAPE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE LITIGATION PRACTICE GROUP, a California professional corporation;<br>DANIEL MARCH, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:   30-2023-01304067-CU-WT-CJC<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF THE FEHA**<br>2. **HARASSMENT IN VIOLATION OF THE FEHA**<br>3. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br>4. **RETALIATION IN VIOLATION OF THE FEHA;**<br>5. **FAILURE TO INVESTIGATE AND PREVENT IN VIOLATION OF THE FEHA;**<br>6. **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 98.6 AND 1102.5;**<br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and**<br>8. **FAILURE TO PAY WAGES AT TIME OF TERMINATION AND WAITING TIME PENALTIES**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES**

1    Plaintiff, MARI AGAPE, hereby brings her employment complaint, demanding a trial by

2  jury, against the above-named Defendants and states and alleges as follows:

3  **THE PARTIES**

4    1.    At all times mentioned herein, Plaintiff, MARI AGAPE, was an individual and a

5  resident of the State of California.

6    2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant THE

7  LITIGATION PRACTICE GROUP (hereinafter "LPG" or "Defendant"), is a California

8  Professional Corporation doing business in the County of Orange, State of California, at 17542 E

9  17th Street, Ste. 100, Tustin California 92780. At all times, Defendants LPG and/or DOES 1

10  through 50 were Plaintiff's employer(s).

11    3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

12  DANIEL MARCH is an individual and resident of the State of California. Plaintiff is informed

13  and believes, and based thereon alleges, that Defendant DANIEL MARCH is the Chief

14  Executive Officer, Secretary, Chief Financial Officer, and sole member of the Board of Directors

15  of Defendant LPG.

16    4.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as

17  DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names.

18  Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise

19  legally responsible in some manner for the events and happenings herein referred to and caused

20  injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and

21  serve one or more amendments to this complaint upon learning the true names and capacities of

22  said Defendants.

23    5.    Plaintiff is informed and believes that each of the fictitiously named Defendants is

24  responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff

25  hereinafter alleged.

26    6.    Plaintiff is informed and believes, and based thereon alleges, that each of the

27  Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint

28  venturer of one or more of the other Defendants named herein. In doing the acts and/or

**COMPLAINT FOR DAMAGES**

1   omissions alleged herein, each of said Defendants acted within the course and scope of his or her

2   relationship with any other Defendant; and gave and received full consent, permission and

3   ratification to the acts and/or omissions alleged herein.

4       7.    Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall

5   mean all Defendants, and each of them.

6                          **THE FACTUAL ALLEGATIONS**

7       8.    Defendant LPG hired Plaintiff to work in its Settlement Department in or around late

8   January 2021. At all times mentioned herein, Plaintiff's was a good employee.

9       9.    Within a week after Plaintiff began working for Defendant LPG, Defendant

10  MARCH began subjecting Plaintiff to sexually harassing conduct. In one of their first

11  interactions, Defendant MARCH asked Plaintiff, who had at one time been a personal trainer,

12  "*Do the vitamins you take make your nipples hard?*" Plaintiff immediately rebuffed Defendant

13  MARCH and told him that she would not tolerate being spoken to that way.

14      10.   After Defendant MARCH's comment, Plaintiff complained to one of her

15  supervisors, Tony Diab, about what Defendant MARCH had said to her. In response, Diab

16  laughed and shrugged, and simply told Plaintiff, "*Boys will be boys.*"

17      11.   Because Defendant LPG did nothing to intervene, Defendant MARCH continued to

18  harass Plaintiff with sexual comments, such as "*Your body looks good in that dress*" and "*You

19  should see how you make me feel.*" Plaintiff protested Defendant MARCH's behavior each time.

20      12.   In or around late February 2021, following Plaintiff's repeated resistance to

21  Defendant MARCH's advances, Plaintiff was moved to an isolated corner cubicle.

22      13.   A few weeks later, in or around March 2021, Plaintiff was instructed to begin

23  working from home until further notice.

24      14.   On or about May 10, 2021, Plaintiff fell of her chair while working and sustained the

25  disability of a broken wrist. Plaintiff went to the emergency room for treatment and notified

26  Defendant LPG of her injury while she was there. Following her injury, Plaintiff was placed on

27  medical leave while she treated and recovered from her injury.

28      15.   On or about July 19, 2021, Plaintiff had her cast removed but had not been formally

3

**COMPLAINT FOR DAMAGES**

cleared to return to work by her medical providers.

16.     On or about July 20, 2021, without having received any return-to-work paperwork from Plaintiff, Defendant LPG informed Plaintiff that she would need to report in person for work the following day at its offices in Tustin, California. Plaintiff informed Defendant LPG that she was scheduled for a physical therapy session the following day and would report to work after her appointment.

17.     On or about July 21, 2021, Plaintiff went to her physical therapy session. At the conclusion of the session, Plaintiff's physical therapist provided her with return-to-work paperwork containing a work restriction of no lifting objects weighing more than 5 pounds.

18.     After her appointment, Plaintiff reported to Defendant LPG's Tustin offices. Just after arriving, Plaintiff was riding the elevator and Defendant MARCH entered. Defendant MARCH got extremely close to Plaintiff, leaned over and pinched her arm, and said with a smirk, "*Oh, you're back!*"

19.     After discovering that Defendant LPG had not set up any workstation for her, Plaintiff was informed she was being assigned to the mailroom to sort incoming mail. Plaintiff complied but soon discovered that the job required her to move large bags of mail weighing far in excess of her work restrictions. Thus, Plaintiff complained to her supervisor in the mailroom of Defendant LPG's failure to accommodate her.

20.     On or about July 22, 2021, just one day after being forced to return to work and complaining of Defendant LPG's failure to accommodate her, Plaintiff was taken to an office with several people she did not know and informed her employment was being terminated.

21.     Shortly after her termination, Plaintiff retained legal counsel who informed Defendant LPG of the representation on or about August 12, 2021.

22.     Immediately after receiving the letter from Plaintiff's counsel, Defendant LPG offered to rehire Plaintiff, claiming that "*Her dismissal was in error and performed by an individual no longer employed by LPG.*" Needing the job, Plaintiff accepted the offer and sought to return to work.

23.     However, when Plaintiff returned to work for Defendant LPG in or around mid-

**COMPLAINT FOR DAMAGES**

September 2021, she was informed she was no longer allowed to work in Settlements, the department Plaintiff's daughter supervised. Instead, Plaintiff was assigned to conduct credit checks for clients. Plaintiff is informed and believes, and based thereon alleges, that numerous employees of Defendant LPG work in departments with family members—including in its Human Resources department—and that Plaintiff was reassigned to isolate her and set the stage for a second pretextual termination.

24.     Plaintiff only worked in her new role for a few weeks before being taken off the team on she was working. Plaintiff was not reassigned to a different team or department. Instead, Plaintiff was assigned random individual tasks, often by Diab, for the following few months. However, Plaintiff discovered those same tasks were also being assigned to other employees and her work was being ignored.

25.     In or around late 2021, just a few months after being rehired, Plaintiff stopped receiving work assignments altogether. Over the next few months, she repeatedly contacted Diab to inquire as to what work she was supposed to be performing. As he had with Plaintiff's sexual harassment complaint, Diab's responses were dismissive. Diab would say little more than "*Trust the system*" or "*Count your blessings*"

26.     Though Plaintiff was not being assigned work, she was instructed to continue clocking in and out on a 40 hour per week schedule. Needing the job, Plaintiff continued to do so through much of 2022.

27.     Then, on or about October 12, 2022, Plaintiff was informed she was being terminated "*due to budget cuts in her department*."

28.     Plaintiff is informed and believes, and based thereon on alleges, that Defendants terminated Plaintiff's employment in retaliation for her protected activities.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29.     Plaintiff filed a complaint against Defendants with the California Civil Rights Department (formerly the Department of Fair Employment and Housing) ("CRD")  on January 24, 2023. The CRD issued Plaintiff a "Right-to-Sue" letter that same day. This Complaint is timely filed pursuant to that letter.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF THE FEHA**

**(Against Defendants THE LITIGATION PRACTICE GROUP PC & DOES 1-50)**

30.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs through 29 of this Complaint.

31.    At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

32.    The FEHA requires Defendants to refrain from discriminating against any employee on the basis of perceived and/or physical disability and/or sex/gender. Direct discrimination, as well as disparate impact discrimination, is prohibited by the FEHA.

33.    Defendants engaged in unlawful employment practices in violation of the FEHA.

34.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

35.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

36.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

37.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that

6

**COMPLAINT FOR DAMAGES**

1   specifically prohibited discrimination based on a disability and required Defendants' managers,

2   officers, and agents to prevent disability discrimination. However, Defendants chose to

3   consciously and willfully ignore said policies and procedures and therefore, their outrageous

4   conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

5   of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

6   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

7   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

8   each Defendant in an amount to be established that is appropriate to punish each Defendant and

9   deter others from engaging in such conduct in the future.

10   <u>**SECOND CAUSE OF ACTION**</u>

11   **HARASSMENT IN VIOLATION OF THE FEHA**

12   **(Against ALL Defendants)**

13   38.    Plaintiff restates and incorporates by this reference as if fully set forth herein

14   paragraphs 1 through 37 of this Complaint.

15   39.    At all times herein mentioned, California <u>Government Code</u> § 12940 et seq., the Fair

16   Employment and Housing Act ("FEHA"), was in full force and effect and was binding on

17   Defendants, as Defendants regularly employed five or more persons.

18   40.    California <u>Government Code</u> § 12940(a) requires Defendants to refrain from

19   harassing an employee based on sex/gender.

20   41.    Defendants engaged in unlawful employment practices in violation of the FEHA by

21   harassing Plaintiff because of her sex/gender and/or disability.

22   42.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

23   actual, consequential and incidental financial losses, including without limitation, loss of salary

24   and benefits, and the intangible loss of employment related opportunities in her field and damage

25   to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

26   claims such amounts as damages pursuant to California <u>Civil Code</u> § 3287 and/or § 3288 and/or

27   any other provision of law providing for prejudgment interest.

28   43.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

7

continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

44.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

45.    Defendants' conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**THIRD CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**(Against Defendants THE LITIGATION PRACTICE GROUP PC & DOES 1-50)**

46.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 45 of this Complaint.

47.    At all times herein mentioned, the FEHA was in full force and effect and were binding on Defendants, as Defendants regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has requested reasonable accommodation and/or complained of harassment and/or discrimination.

48.    Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

49.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage

8

**COMPLAINT FOR DAMAGES**

to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

50.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

51.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

52.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited retaliation and required Defendants' managers, officers, and agents to prevent retaliation.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

### (Against Defendants THE LITIGATION PRACTICE GROUP PC & DOES 1-50)

53.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 52 of this Complaint.

54.    At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. The FEHA imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

55.    Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.

56.    Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

57.    As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

58.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

59.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures to accommodate the disability of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///

10

**COMPLAINT FOR DAMAGES**

**FIFTH CAUSE OF ACTION**

**FAILURE TO INVESTIGATE AND PREVENT IN VIOLATION OF THE FEHA**

**(Against Defendants THE LITIGATION PRACTICE GROUP PC & DOES 1-50)**

60.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 59 of this Complaint.

61.   At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end harassment and take all reasonable steps necessary to prevent harassment from occurring.

62.   Defendants failed to take immediate and appropriate corrective action to end the harassment.

63.   In failing and/or refusing to take immediate and appropriate corrective action to end the harassment and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth below.

64.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

65.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

**COMPLAINT FOR DAMAGES**

66.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

67.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures to prevent harassment. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 98.6 AND 1102.5

### (Against ALL Defendants)

68.   Plaintiff incorporates by reference paragraphs 1 through 67, inclusive, of this Complaint as if fully set forth at this place.

69.   At all times mentioned herein California Labor Code § 1102.5 was in full force and effect, and were binding on Defendants, and each of them.

70.   California Labor Code § 1102.5(b) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the

12

**COMPLAINT FOR DAMAGES**

information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

71.  Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if not the sole factor, in Defendants' decision to terminate Plaintiff's employment was because she disclosed unlawful information to a government or law enforcement agency and/or another employee who has the authority to investigate, discover and/or correct the violation and/or Defendants believed he may disclose unlawful information to a government agency and/or because she refused to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

72.  As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

73.  As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

74.  Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors, who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage her, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

75.  As a result of the acts of Defendants, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

13

**COMPLAINT FOR DAMAGES**

76.   In addition, Defendants are liable for a civil penalty of ten thousand dollars ($10,000), pursuant to California Labor Code § 1102(f).

77.   Furthermore, at all times mentioned herein California Labor Code § 98.6 was in full force and effect, and were binding on Defendants, and each of them.

78.   California Labor Code § 98.6(a) prohibits and employer from discharging or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in certain sections of the Labor Code, including California Labor Code § 1102.5, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner.

79.   Defendants also violated California Labor Code § 98.6.

80.   As a result, Plaintiff entitled to reinstatement and reimbursement for lost wages and work benefits caused by Defendants, pursuant to California Labor Code § 98.6(b)(1).

81.   In addition, Defendants are liable for a civil penalty of ten thousand dollars ($10,000), pursuant to California Labor Code § 98.6(b)(3).

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendants THE LITIGATION PRACTICE GROUP PC & DOES 1-50)

82.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 81 of this Complaint.

83.   At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in the FEHA is to prohibit harassment, discrimination, and retaliation against employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California.

**COMPLAINT FOR DAMAGES**

84.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

85.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited harassment and required Defendants' managers, officers, and agents to harassment against and upon employees of Defendants.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## EIGHTH CAUSE OF ACTION

### FALURE TO PAGE WAGES UPON TERMINAITON AND WAITING TIME PENALTIES

### In Violation of California Labor Code §§ 201, 202 & 203

### (Against ALL Defendants)

86.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 85 of this Complaint.

87.   Defendants have willfully failed to pay Plaintiff all the compensation she earned.

88.   California Labor Code §§ 201 and 202 require employers to pay all compensation due and owing immediately at the time of discharge, layoff, or resignation made with at least 72 hours' notice, or within 72 hours of resignation made without 72 hours' notice.

89.  <u>Labor Code</u> § 203 provides for a civil penalty against any employer who willfully violates <u>Labor Code</u> §§ 201 and 202 in the amount up to 30 days of an employee's wages.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.  For general damages in an amount within the jurisdictional limits of this Court;

2.  For special damages, according to proof;

3.  For punitive damages;

4.  For medical expenses and related items of expense, according to proof;

5.  For loss of earnings, according to proof;

6.  For attorney's fees, according to proof;

7.  For prejudgment interest, according to proof;

8.  For costs of suit incurred herein; and

9.  For such other relief and the Court may deem just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury.

DATED:    January 23, 2023                    BROCK & GONZALES, LLP

By:  _____

D. AARON BROCK

JESSE S. STRATOS

Attorneys for Plaintiff

16

**COMPLAINT FOR DAMAGES**

# EXHIBIT 2

# EXHIBIT 2

Electronically Filed by Superior Court of California, County of Orange, 03/13/2023 12:09:00 PM.
30-2023-01304067-CU-WT-CJC - ROA # 24 - DAVID H. YAMASAKI, Clerk of the Court By B. Sanchez, Deputy Clerk.
Case 8:23-ap-01046-SC Doc 247 Filed 07/11/24 Entered 07/11/23 13:34:45 Desc
Main Document Page 30 of 44

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
  E-Mail: Shane.Singh@lewisbrisbois.com
GRACE E. MEHTA, SB# 327676
  E-Mail: Grace.Mehta@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants, THE LITIGATION
PRACTICE GROUP and DANIEL MARCH

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| MARI AGAPE, an individual, | Case No. 30-2023-01304067-CU-WT-CJC |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO: HON. LINDA MARKS |
| vs. | **ANSWER TO COMPLAINT** |
| THE LITIGATION PRACTICE GROUP, a California professional corporation; DANIEL MARCH, an individual; and DOES 1-50, inclusive, | Action Filed:  January 25, 2023 Trial Date:  None Set |
| Defendants. | |

Defendants THE LITIGATION PRACTICE GROUP and DANIEL MARCH

("Defendants"), acting by their counsel of record, hereby answers Plaintiff MARI AGAPE's

("Plaintiff") Complaint.

**GENERAL DENIAL**

Under the provisions of Section 431.30 of the California Code of Civil Procedure,

Defendants deny each, every, and all of the allegations of the Complaint, and the whole thereof,

and denies that the Plaintiff has sustained damages in the sums alleged, or in any other sum, or at

all.

Further answering Plaintiff's Complaint, and the whole thereof, Defendants deny that

Plaintiff has sustained any injury, damage, or loss, if any, by reasons of any act or omission or

negligence on the part of the answering Defendants or their agents or employees.

91201620.1

1

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint, in its entirety and through each separately stated cause of action, fails to state facts sufficient to constitute a viable cause of action against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Waiver)

Defendants are informed and believe and thereon allege that Plaintiff has waived any and all claims that she may have had or has against Defendants arising from the transactions and occurrences as set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

Defendants aver that Plaintiff's delay in asserting her averments has resulted in prejudice to Defendants and Plaintiff should therefore be denied relief under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff has failed to exhaust the administrative remedies available to her under California law.

### FIFTH AFFIRMATIVE DEFENSE

(Frivolous Claims)

Plaintiff's Complaint and purported causes of action were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendants are entitled to recover their reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority and Code of Civil Procedure section 128.7.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SIXTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiff's claims are barred in whole or in part to the extent the events complained of took place more than one (1) year, three (3) years, or four (4) years prior to the filing of Plaintiff's Complaint, and thus Plaintiff's claims are barred by Code of Civil Procedure sections 337, 338, 339(1), and 340, Business and Professions Code section 17200, et seq., and Government Code sections 12940, 12960, and 12965 et seq.

**SEVENTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

Defendants are informed and believe and thereon allege that Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendants, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

**EIGHTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

Plaintiff's Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence Defendants have presently and/or may acquire during the course of this litigation.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Defendants are informed and believe, and thereon allege, that Plaintiff is barred from maintaining the Complaint and her purported cause of action as a result of her unclean hands with respects to the events upon which the Complaint and purported causes of action allegedly are based.

**TENTH AFFIRMATIVE DEFENSE**

(Plaintiff Did Not Sustain Any Damages)

Defendants are informed and believe and thereon allege that Plaintiff's claim for prejudgment interest is barred because Plaintiff sustained no damages.



1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

(Penalties)

3

The Complaint fails to allege facts sufficient to establish a claim for penalties.

4

**TWELFTH AFFIRMATIVE DEFENSE**

5

(Speculative Damages)

6

Plaintiff is precluded from recovering the damages alleged in the Complaint because those

7

damages are too vague, uncertain, and speculative to permit recovery.

8

**THIRTEENTH AFFIRMATIVE DEFENSE**

9

(Consent)

10

Defendants allege that Plaintiff, at all relevant times, gave her consent, express or implied,

11

to the alleged acts, omissions, and conduct of the Defendants.

12

**FOURTEENTH AFFIRMATIVE DEFENSE**

13

(Avoidable Consequences)

14

Plaintiff is precluded from asserting her Complaint, and each purported cause of action

15

therein, because she failed to exercise reasonable care to avoid the injuries she purportedly

16

suffered in that, among other things, Plaintiff unreasonably failed to utilize Defendants' internal

17

complaint procedures.

18

**FIFTEENTH AFFIRMATIVE DEFENSE**

19

(Business Justification)

20

Defendants' activities undertaken with respect to Plaintiff were justified as such activities

21

were proper, fair, and legitimate business activities and/or due to business-related reasons which

22

were neither arbitrary, capricious, nor unlawful.

23

**SIXTEENTH AFFIRMATIVE DEFENSE**

24

(Attorneys' Fees)

25

The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

26

**SEVENTEENTH AFFIRMATIVE DEFENSE**

27

(At-Will Employment)

28

Defendants maintains that Plaintiff's Complaint is barred, in whole or in part, because their

conduct was privileged as an exercise of their legal right to terminate an at-will employee.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

The Complaint and each purported cause of action alleged therein against Defendants fails to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendants or to show that Defendants were guilty of malice, oppression, or fraud as required by California Civil Code section 3294.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Procedural Due Process)

Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the rights of Defendants to procedural due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California and, therefore, fails to state a cause of action upon which punitive or exemplary damages may be awarded.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Defendants Exercised Reasonable Prevention)

Defendant is informed and believe and thereon allege that they took all reasonable steps to prevent any harassment, discrimination, and/or retaliation from occurring.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Legitimate Non-Retaliatory Actions)

Plaintiff is barred from any recovery in this action because all of Defendants' actions toward Plaintiff were taken for legitimate, non-retaliatory reasons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

If Plaintiff has suffered any damages as a result of the facts alleged in her Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Exclusive Remedy of Workers' Compensation Act)

Plaintiff is barred from seeking any damages for purported physical, mental, or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, California Labor Code §§ 3200-4627.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Payment)

Plaintiff has timely been paid all sums earned by her and that are due and owing to her by virtue of her performance as alleged in the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Exclusive Statutory Remedy)

The exclusive remedy for the claims asserted by Plaintiff is provided by California Fair Employment and Housing Act, California Government Code §§ 12940, *et. seq.*

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Intentional/Willful Violation)

Defendants allege that any alleged violation of California wage laws, including the California Labor Code and Industrial Wage Orders, which Defendants deny occurred, were not intentional knowing or willful and would have resulted from excusable error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Maintenance of Anti-Discrimination, Anti-Retaliation, and Anti-Harassment Policies)

Defendants allege that they maintained and enforced strict anti-discrimination, anti-harassment, and anti-retaliation policies during the time in which Plaintiff alleged gender discrimination, failure to prevent discrimination, and sexual harassment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Due Diligence)

These answering Defendants exercised due diligence and relied in good faith on the


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  representations of others, and were neither aware, nor had any way of becoming aware of, any

2  alleged wrongdoings or omissions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Defendants Did Not Know of, Authorize, or Ratify Conduct)

5  Defendants allege that they are not liable for the alleged damages of Plaintiff because if

6  any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or

7  she did so without the knowledge, authorization, or ratification of Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Unknown Defenses)

10  Defendants hereby gives notice that they intend to rely upon such other and further

11  affirmative defenses as may become available during discovery in this action, and reserve the right

12  to amend their Answer to assert any such defenses.

### PRAYER

14  WHEREFORE, these answering Defendants pray for judgment as follows:

15  1.  Plaintiff takes nothing by reason of her Complaint on file herein;

16  2.  Judgment be rendered in favor of Defendants;

17  3.  Defendants be awarded costs of suit;

18  4.  Defendants be awarded their attorneys' fees incurred in the defense of this action;

19  and

20  5.  Defendants be awarded whatever further relief the Court deems just and proper.

22  DATED:  March 13, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
SHANE SINGH
Attorneys for Defendants, THE LITIGATION
PRACTICE GROUP and DANIEL MARCH

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## DEMAND FOR JURY TRIAL

2
Defendants hereby demand a jury trial in the above-entitled action.

3

4  DATED:  March 13, 2023                LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7                                        By:  _____

8                                        SHANE SINGH
                                         Attorneys for Defendants, THE LITIGATION
9                                        PRACTICE GROUP and DANIEL MARCH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Mari Agape v. The Litigation Practice Group, et al.

2

Orange County Superior Court Case No. 30-2023-01304067-CU-WT-CJC

3

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

4

At the time of service, I was over 18 years of age and not a party to this action.  My

5

business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.

6

On March 13, 2023, I served true copies of the following document(s):

7

**ANSWER TO COMPLAINT**

8

I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

9

***Attorneys for Plaintiff, Mari Agape***

10

D. Aaron Brock
Jesse S. Stratos

11

Brock & Gonzales, LLP
6701 Center Drive West, Suite 610

12

Los Angeles, CA 90045
Phone:  310.294.9595

13

Fax:  310.961.3673

14

The documents were served by the following means:

15

☒      (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to
the persons at the addresses listed above and:

16

☐      Deposited the sealed envelope or package with the U.S. Postal Service, with the

17

postage fully prepaid.

18

☒      Placed the envelope or package for collection and mailing, following our ordinary
business practices.  I am readily familiar with the firm's practice for collection and processing

19

correspondence for mailing.  Under that practice, on the same day that correspondence is placed
for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal

20

Service, in a sealed envelope or package with the postage fully prepaid.

21

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

22

Executed on March 13, 2023, at Sacramento, California.

23

24

25

26

_____
Anne M. French

27

28

91730579.1

1

PROOF OF SERVICE

# EXHIBIT 3

# EXHIBIT 3

Case Summary:

| Case Id: | 30-2023-01304067-CU-WT-CJC |
|---|---|
| Case Title: | MARIA AGAPE VS. THE LITIGATION PRACTICE GROUP |
| Case Type: | WRONGFUL TERMINATION |
| Filing Date: | 01/25/2023 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 21263778 RECEIVED ON 01/25/2023 02:19:17 PM. | 01/30/2023 | | *NV* | |
| 2 | COMPLAINT FILED BY AGAPE, MARIA ON 01/25/2023 | 01/25/2023 | | 16 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY AGAPE, MARIA ON 01/25/2023 | 01/25/2023 | | 2 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY AGAPE, MARIA ON 01/25/2023 | 01/25/2023 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 13171221 AND RECEIPT NUMBER 12999327. | 01/30/2023 | | 1 pages | |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER MARKS, LINDA ON 01/25/2023 | 01/25/2023 | | *NV* | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 06/27/2023 AT 10:00:00 AM IN CX102 AT CIVIL COMPLEX CENTER. | 01/30/2023 | | 2 pages | ☐ |
| 8 | E-FILING TRANSACTION 11099744 RECEIVED ON 02/09/2023 06:24:17 AM. | 02/09/2023 | | *NV* | |
| 9 | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - SUBSTITUTE FILED BY AGAPE, MARIA ON 02/09/2023 | 02/09/2023 | | 3 pages | ☐ |
| 10 | E-FILING TRANSACTION 11113281 RECEIVED ON 03/13/2023 12:09:10 PM. | 03/20/2023 | | *NV* | |
| 11 | ANSWER TO COMPLAINT FILED BY THE LITIGATION PRACTICE GROUP; MARCH, DANIEL ON 03/13/2023 | 03/13/2023 | | 9 pages | ☐ |
| 12 | PAYMENT RECEIVED BY LEGALCONNECT FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 870.00, TRANSACTION NUMBER 13194884 AND RECEIPT NUMBER 13023010. | 03/20/2023 | | 1 pages | ☐ |
| 13 | E-FILING TRANSACTION 41466315 RECEIVED ON 03/27/2023 02:02:11 PM. | 04/10/2023 | | *NV* | |
| 14 | NOTICE OF STAY OF PROCEEDINGS - PARTICIPANT FILED BY THE LITIGATION PRACTICE GROUP; MARCH, DANIEL ON 03/27/2023 | 03/27/2023 | | 3 pages | ☐ |
| 15 | THE CMC: BANKRUPTCY REMOVAL IS SCHEDULED FOR 12/05/2023 AT 10:00 AM IN DEPARTMENT CX102. | 06/02/2023 | | *NV* | |
| 17 | MINUTES FINALIZED FOR CHAMBERS WORK 06/02/2023 07:55:00 AM. | 06/02/2023 | | 1 pages | ☐ |
| 18 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 06/02/2023 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| MARIA AGAPE | PLAINTIFF | | 01/30/2023 | |

| Name | Type | Assoc | Start Date | End Date |
|------|------|-------|-----------|----------|
| DANIEL MARCH | DEFENDANT | | 01/30/2023 | |
| BROCK & GONZALES, LLP | ATTORNEY | | 01/30/2023 | |
| THE LITIGATION PRACTICE GROUP | DEFENDANT | | 01/30/2023 | |
| LEWIS BRISBOIS BISGAARD & SMITH, LLP | ATTORNEY | | 03/20/2023 | |

Hearings:

| Description | Date | Time | Department | Judge |
|-------------|------|------|-----------|-------|
| CMC: BANKRUPTCY REMOVAL | 12/05/2023 | 10:00 | CX102 | MARKS |

Print this page

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Salvato Boufadel LLP, 355 South Grand Avenue, Suite 2450, Los Angeles, California 90071-9500**

A true and correct copy of the foregoing document entitled (*specify*):

**Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Action in Non-bankrutpcy Forum)**

be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **7/12/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Teri T Pham**    tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott3@bclplaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _7/12/2023,_ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Courtesy Copy to Judge**
Honorable Scott Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **7/12/23,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/12/2022 | Gregory M. Salvato | /s/ Gregory M. Salvato |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    3                    **F 9013-3.1.PROOF.SERVICE**