# Exhibit 1

Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jeremy B. Freedman (State Bar No. 308752)
Jonathan Serrano (State Bar No. 333225)
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:   619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jeremy.freedman@dinsmore.com
jonathan.serrano@dinsmore.com


Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **SECOND INTERIM ORDER GRANTING (A) EMERGENCY SUPERPRIORITY FINANCING BY THE CHAPTER 11 TRUSTEE AND SUPERPRIORTY ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 364; AND (B) SETTING FINAL HEARING** |
| | Date:<br>Time:<br>Judge:  Hon. Scott C. Clarkson<br>Place:   Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

On July ____, 2023, on the ____ p.m. calendar, in Courtroom 5C of the United States

Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable

#31080386v2

Scott C. Clarkson, United States Bankruptcy Judge, conducted a hearing on the *Trustee's Notice of Motion and Emergency Motion (I) for Entry of Second Interim Order: (A) Authorizing The Trustee to Obtain Additional Post-Petition Financing and Superpriority Administrative Expense Claim Pursuant to 11 U.S.C. § 364; and (B) Setting Final Hearing; and Pursuant to Final Hearing, (II) for Entry of Final Order Approving Post-Petition Financing on a Final Basis* (the "Motion") filed by Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. (the "Debtor"), in the above-captioned bankruptcy case.

The Court, having considered the Motion, all pleadings filed in support of, and in opposition to, the Motion, good cause appearing, and for the reasons stated on the record and in the Motion:

1. Grants the Motion;

2. Approves the terms of: 1) Amended Super-Priority Promissory Note attached as **Exhibit 3** to the Trustee's Declaration; and 2) Amended and Restated Super-Priority Promissory Note attached as **Exhibit 4** (collectively referred to herein as the "Notes" unless individually identified);

3. Authorizes the Trustee to borrow, and the Lenders (as defined in the Motion) to advance the amounts set forth in the Notes as follows:

    a. With regards to the Amended Super Priority Promissory Note, up to $249,633.98 at an interest rate of 8% per annum, with the full balance, including all accrued interest, due and payable in one year from the Start Date (as defined in the Note), with payments first credited to interest due and any remainder credited to principal, as provided under the Note, subject to the terms of this Order; and

    b. With regards to the Amended and Restated Super-Priority Promissory Note, $249,663.98 of additional funds and $800,000 in the aggregate at 8% per annum with the full balance, including all accrued interest, due and payable thirty (30) days from the Start Date.

4. Authorizes the Trustee to execute and deliver to the Lender(s) the Note and all other loan documents required to be executed and delivered under the Note;

5. Authorizes the Trustee and counsel acting on behalf of the Trustee to take any such

actions that may be necessary to implement the Notes and borrow funds under the Notes as approved in this Order;

6. Finds that the Trustee, on behalf of the Debtor and the Estate, is unable to find sufficient financing from sources other than the Lenders on terms more favorable than the terms for the Notes;

7. Finds that immediate financing is critical for the Debtor to continue its operations in the ordinary course, and that the Notes, the Trustee's entry into the financing arrangements, and related relief is necessary to avoid immediate and irreparable harm to the Debtor's Estate, its employees, and all parties in interest; and that the Notes are the best source of financing available to the Debtor under the circumstances and was entered into in good faith and at arm's length;

8. Finds that the terms of the Notes and this Order are fair and reasonable and are supported by reasonably equivalent value and fair consideration;

9. Finds that the Trustee's agreement to the terms of the Notes on behalf of the Debtor is a sound exercise of business judgment and should be approved as set forth herein;

10. Authorizes the Trustee to enter into any non-material amendment or modification to the Notes, without further order of this Court, provided that any such non-material amendment or modification is set forth in writing and signed by the Trustee and the Lender, and provided that the Trustee provides notice of any such amendment or modification to the Court and the Office of the United States Trustee;

11. Authorizes the Trustee to use funds advanced under the Notes on the terms and conditions set forth in the Motion, provided that all such funds are used to pay payroll and other operating expenses solely;

12. Grants the Lenders an allowed superpriority administrative claim pursuant to section 364(c)(1) of the Bankruptcy Code, having priority in right of payment over any and all other administrative expenses or priority claims;

13. Subrogates the Lenders' claim, on account of funding payroll, to the administrative expense claims otherwise held by employees and personnel that have provided post-petition services since the Trustee has served the Court's TRO and taken control of operations;

3

#31080386v2

14.     Requires the approval and authorization of the Trustee for paying any and all expenses; or, in the event the Trustee is unavailable, requires the approval and authorization from Lori Ensley or one of the Trustee's law firm partners, Ed Hays, David Wood, or Laila Masud, for paying any and all expenses;

15.     Directs that all ordinary business expenses approved by the Trustee shall be paid for by a trustee check;

16.     Finds that the Notes and this Order were negotiated in good faith and at arm's length among the Trustee and the Lender;

17.     Finds that the financing provided under the Notes shall be deemed to have been extended in good faith and for valid business purposes and uses within the meaning of section 364(e) of the Bankruptcy Code;

18.     Finds that there is no stay of this Order, including no stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (to the extent applicable);

19.     Sets a final hearing on the Motion for August _____, 2023 at ____a.m.; and

20.     Retains jurisdiction with the Court with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

### ###

#31080386v2