# Exhibit 4

## AMENDED AND RESTATED SUPER-PRIORITY
## PROMISSORY NOTE

This restated and amended super priority promissory note ("Note") is made by and between Richard A. Marshack, solely in his capacity as the Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and Liberty Acquisitions Group, Inc. or Assignee ("Lender").

1. **LOAN**: On July __, 2023 ("Start Date"), Lender made available to loan, and Borrower borrowed the principal amount of TWO HUNDRED FORTY-NINE THOUSAND SIX HUNDRED SIXTY-THREE DOLLARS AND NINETY-EIGHT CENTS ($249,663.98) of this Note with interest accruing on the unpaid principal balance thereof at a rate of EIGHT percent (8.0%) per annum, beginning at the earlier of the Start Date or the date of such borrowing.  The Lender loans this amount in addition to the principal sum of FIVE HUNDRED FIFTY THOUSAND THREE HUNDRED THIRTY-SIX DOLLARS AND TWO CENTS ($550,336.02) with interest accruing on the unpaid balance at a rate of EIGHT percent (8%) per annum that was loaned to the Borrower on _____, 2023 under the Super-Priority Promissory Note. This Note replaces the Super-Priority Promissory Note entered on _____, 2023. Pursuant to the terms of this Note, the Lender loaned an aggregate amount equal to EIGHT HUNDRED THOUSAND DOLLARS AND ZERO CENTS to the Borrower.

2. **DUE DATE:** The balance of all distributed funds under this Note, including all accrued interest, will be due and payable upon the earlier occurrence of the following: (i) THIRTY (30) days from the Start Date; or (ii) ONE (1) business day following receipt and sufficiency of the Deposit (as that term is defined in the Asset Purchase Agreement [defined, below]) due to Trustee, as Seller, pursuant to that certain AGREEMENT OF PURCHASE AND SALE AND JOINT ESCROW INSTRUCTIONS (the "Asset Purchase Agreement"), by and among Trustee and Lender, provided entry of a Sale Order (as that term is defined in the Asset Purchase Agreement) by the U.S. Bankruptcy Court  ("Due Date").  Repayment of this Note will be made from the Deposit pursuant to the terms of this Note without objection, offset, or recourse and it is independent from any other agreement or the Asset Purchase Agreement.  Repayment shall not be subject to any further court order and shall be automatically due and owing up receipt of a deposit sufficient to repay this Super-Priority Note.  The repayment under this Super-Priority Note shall be first made to Lender from the deposit.  At the Due Date, either in (i) or (ii), all accumulated interest shall be added to the payoff amount of principle plus interest.  Interest shall accrue daily on the Amended and Restated Super-Priority Promissory Note.   In the event of a payoff before 30 days, the Lender shall receive a minimum of 30 days interest on the Amended and Restated Super-Priority Promissory Note.

3.  **PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S.C. § 364(c) (without prejudice for the Estate to obtain other super administrative priority loans).  The super administrative priority of this Note will be *pari passu* with the debts owed to Resolution Ventures that were loaned to the Estate under that certain Super-Priority Promissory Note and that certain Amended Super-Priority Promissory Note,

but the first monies paid from the deposit by a Buyer to the Asset Purchase Agreement shall first go to the Lender of this Amended and Restated Super-Priority Promissory Note.

**4. ALLOCATION OF PAYMENTS**: Any payments made before the Due Date shall be first credited to interest due and any remainder will be credited to principal.

**5. WAIVER OF PRESENTMENTS**: Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

**6. SEVERABILITY**: In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

**7. INTEGRATION**: There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

**8. CONFLICTING TERMS**: The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

**9. NOTICE**: Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

**10. TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW**: This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

**Lender**                                                      Date _____

_____

**Borrower**                                                    Date _____

_____
Richard A. Marshack ("Trustee"),
solely in his capacity as the  Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.
870 Roosevelt
Irvine, CA 92620