UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:                                                          Case No.: 8:23-bk-10571-SC

THE LITIGATION PRACTICE GROUP P.C.,                             Chapter 11

Debtor.

OBJECTIONS OF CAROLYN BEECH AND DIANE SCARNAVACK
TO MOTION FOR SALE OF PROPERTY
OF THE ESTATE UNDER SECTION 363(b) (Dkt. #191)

Carolyn Beech and Diane Scanavack incorporate by reference the "Objections of Carolyn Beech and Diane Scarnavack to Motion to Approve Compromise under Rule 9019 Re Stipulation with Consumer Legal Group, PC, LGS Holdco, LLC, and Set Forth, Inc. f/k/a Debtpaypro" (Dkt. #178), with appendices thereto, and further state:

1. The proposed purchaser, Consumer Legal Group, P.C. ("CLG"), claims to defend lawsuits against consumers and negotiate debts, but not to improve or repair credit.

2. The apparent involvement of CLG as a transferee of LPG accounts prior to the proposed sale by the Chapter 11 Trustee raises serious questions as to what CLG actually does.

3. Another problem with transferring LPG accounts to CLG is that clients are not told that their existing contracts with LPG are void for violation of the Credit Repair Organization Act ("CROA") and that they are entitled to get their money back in full.

4. Many consumers who do not know this they are likely to go along with the transfer of their accounts because they have already "invested" money in the relationship with LPG.

5. The notion that a law firm located in New York and New Jersey can effectively defend consumers throughout the United States against collection lawsuits seems strained. Ultimately such services must be performed by an attorney in the jurisdiction where the consumer is located and the suit is filed.

1

6. Consumers are not told, and may not realize, that under the Fair Debt Collection Practices Act they can only be sued by a third party collection attorney, collection agency or debt buyer where they reside or where they signed a written contract. 15 U.S.C. §1692i.

7. Indeed, the proposed CLG contract contains the following statement suggesting that consumers need nationwide representation:

> You understand that You are hiring a New York law firm which employs attorneys who are licensed to practice law in the states of New York and New Jersey, *primarily because not every creditor is located or has an office in the state where You live and not all creditors are based in the state where You live.* You acknowledge that CLG performs services pursuant to the Fair Debt Collections Practices Act as well as other federal statutes and You have an issue which may arise thereunder. You therefore authorize CLG to represent You, regardless of the state where You reside and that You authorize CLG to engage local counsel in the individual state where You reside to represent You as if CLG was representing You itself. (Emphasis added)

8. This is misleading because (a) debt collectors must sue consumers in the jurisdiction where they reside or signed a written contract and (b) any creditors or debt collectors who commit violations of the FDCPA or other consumer protection statutes against a consumer are likely to have subjected themselves to the long-arm jurisdiction of the courts in the state of the consumer's residence. Therefore, consumers need an attorney licensed in the state in which they are located.

9. If consumers need an attorney licensed in the state in which they are located to defend them against collection lawsuits, they would be better off finding someone in their state to represent them without a large portion of their scarce money going to CLG and LPG. The total payments under the LPG contracts were often 50% or more of the listed debts. There is an inherent inconsistency in the statement in Dkt. #191, p. 33 of 44, that the proposed sale is "in the best interest of consumer clients who require legal services, sought legal advice and absent the proposed Sale transaction stand to be thrown out on the street to fend for themselves, many of whom are faced with litigation and unable to afford a standard legal retainer." If the consumers cannot afford to pay counsel, how can they afford to pay enough not only for the local attorney to

2

represent them but also CLG, who will pay part of its fees to LPG?

10. The sums charged by LPG, and which will be charged by CLG, are so high that a consumer should be able to use such sums to either defend or settle collection litigation against the consumer.

11. Further questions about what CLG does are raised by CLG's website, which contains statements about the services it furnishes to consumers. The website states (https://consumerlegalgroup.com/our-services/debt-validation/) that a "creditor's debt validation notice must include: . . . Assertion that if not disputed within 30 days the debt will be considered acknowledged by you."

12. This is wrong. The required statement is that "the debt will be assumed to be valid by the debt collector." 15 U.S.C. §1692g(a)(3). "The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. §1692g(c). It is a violation of the FDCPA for the debt collector to state or imply that anyone other than the debt collector and its principal will assume that the debt is valid. *Guerrero v. Absolute Collection Service, Inc.*, 1:11cv02427, 2011 WL 8183860, 2011 U.S. Dist. LEXIS 155541, *10 (N.D. Ga. Oct. 6, 2011) ("ACS's failure to limit its statement that any undisputed debt would be assumed valid to the debt collector" violates the notice requirements of §1692g(a)(3) by "making the least sophisticated consumer uncertain as to her rights."); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, 11cv80894, 2011 U.S. Dist. LEXIS 109826, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011); *Galuska v. Collectors Training Institute of Illinois, Inc.*, 3:07cv2044, 2008 U.S. Dist. LEXIS 39508, 2008 WL 2050809 (M.D. Pa. May 13, 2008) (failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity); *Smith v. Hecker*, 04cv5820,

2005 U.S. Dist. LEXIS 6598, 2005 WL 894812, at *6 (E.D. Pa. Apr. 18, 2005) (Letter stated, "UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS OF RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSESSED VALID"; "[O]mission of 'by the debt collector' would lead a least sophisticated debtor to believe that unless she disputes the validity of the debt . . . her debt will be . . . determined to be valid by a court, credit reporting agency, or other entity of authority [or] imposed upon her using a valid procedure . . . .").

13. The same website states that "a letter requesting debt validation" should "indicate that you will require a timeframe within which to verify the charge" and "warn that failure to respond to your request within 30 days will indicate abandonment on the part of the creditor." There is no basis for such demands. The debt collector's legal obligation is to cease collection until verification is provided. If the collector ceases collection activity it need not provide verification:

> . . . After requiring debt collectors to promise verification upon request, the statute allows debt collectors to sidestep this requirement by ceasing all collection activities. Although the statute might be more informative for debtors if it required a notice that the debt collector would either provide the requested verification or cease all collection activities, it is not our job to rewrite the statute. When a debt collector provides the language required by the statute, and only the language required by the statute, we hold that a collection letter cannot be false, misleading or deceptive merely because the collection agency always chooses one statutorily allowed path (ceasing all collection activity) over the other (providing debt verification). . . .

*Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 484 (7th Cir. 1997); accord, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007).

14. CLG's statements thus overstate both the benefit of its services and the need for them. They overstate the benefit of its services because failure to verify does not cause an abandonment of the debt. They overstate the need for its services because CLG suggests that debt collectors are committing violations that can be leveraged to the benefit of the consumer when no

such violations are being committed.

   WHEREFORE, the Court should deny Dkt. #191.

                 Respectfully submitted,

                 */s/ Daniel A. Edelman*
                 Daniel A. Edelman

Daniel A. Edelman (IL 0712094)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Christopher Langley
**SHIODA LANGLEY & CHANG LLP**
1800 N. Broadway Ste. 200,
Santa Ana, CA 92706
(714) 515-5656
(877) 483-4434 (FAX)
chris@slclawoffice.com

5

## CERTIFICATE OF SERVICE

Daniel A. Edelman certifies that on July 17, 2023 he checked the CM/ECF docket and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses listed:

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,

ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

7

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Teri T Pham on behalf of Attorney Teri Pham
tpham@enensteinlaw.com, 3135.002@enensteinlaw.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

In addition, he had a copy sent via two-day mail (UPS) to:

Hon. Scott Clarkson
United States Bankruptcy Court for the Central
    District of California
411 West Fourth Street, Suite 5130/ courtroom 5C
Santa Ana, CA 92701

                                            */s/ Daniel A. Edelman*
                                            Daniel A. Edelman