1  Daniel A. Lev (CA Bar No. 129622)
daniel.lev@gmlaw.com
2  **Greenspoon Marder LLP**
333 South Grand Avenue, Suite 3400
3  Los Angeles, California 90071-1406
Telephone: 213.626.2311
4  Facsimile: 954.771.9264

5  Ronald Richards (CA Bar No. 176246)
ron@ronaldrichards.com
6  Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
7  Beverly Hills, California 90213
Telephone: 310.556.1001
8  Facsimile: 310.277.3325

9  Attorneys for Consumer Legal Group, P.C.

10

11          **UNITED STATES BANKRUPTCY COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

13

14  In re                                          Case No. 8:23-bk-10571-SC

15  THE LITIGATION PRACTICE GROUP,                 Chapter 11
P.C.,
16                                                 **DECLARATION OF JASON REBHUN IN**
                                                   **SUPPORT OF STIPULATION RE**
17          Debtor.                                **PARTIAL SETTLEMENT OF CLAIMS**
                                                   **AND MODIFICATION OF ORDER ON**
18                                                 **TRUSTEE, RICHARD MARSHACK'S**
                                                   **OMNIBUS EMERGENCY MOTION AS**
19                                                 **TO COVERED PARTIES AND**
                                                   **DEFENDANTS, CONSUMER LEGAL**
20                                                 **GROUP, P.C. AND LGS HOLDCO, LLC**

21                                                 DATE:
                                                   TIME:        [No Hearing Required]
22                                                 PLACE:

23

24  I, Jason Rebhun, declare and state:

25          1.      I am an attorney duly admitted to practice law in the courts of the

26  states of New York and New Jersey and am the managing attorney of Consumer Legal

27  Group, P.C. I am also admitted to practice law in the United States District Courts for the

28  Southern District of New York, Eastern District of New York, Northern District of New

*Greenspoon Marder LLP*
*333 SOUTH GRAND AVENUE, SUITE 3400*
*LOS ANGELES, CALIFORNIA 90071-1406*
*TEL. 213.626.2311 • FAX 954.771.9264*

DAL 54947145v1

1  York, District of New Jersey, and the Second Circuit Court of Appeals. I am also in good

2  standing in those courts. I make this declaration in support of the "Stipulation re Partial

3  Settlement of Claims and Modification of Order On Trustee, Richard Marshack's Omnibus

4  Emergency Motion As to Covered Parties and Defendants, Consumer Legal Group, P.C.

5  and LGS HoldCo, LLC" (the "Stipulation"), entered into on or around June 30, 2023, by

6  and between Richard A. Marshack (the "Trustee"), the duly appointed, qualified, and

7  acting chapter 11 trustee for the estate of the debtor The Litigation Practice Group, P.C.

8  (the "Debtor"), on the one hand, and Consumer Legal Group, P.C. ("CLG") and LGS

9  HoldCo, LLC ("LGS"), on the other hand.

10         2.      Specifically, Section 1.3 of the Stipulation states that within seven

11  calendar days of CLG's signature of the Stipulation, CLG will provide a declaration to the

12  Trustee, under penalty of perjury, from its managing attorney attesting to the following:

13         (i)     CLG's lack of any personal, business, or financial arrangements with

14  the Debtor or Tony Diab, aside from its purchase of the "CLG Acquired Clients" (as

15  defined in the Stipulation) or anything else that has been disclosed to Trustee;

16         (ii)    a list and summary of all attorneys employed or retained by CLG to

17  service the CLG Acquired Clients;

18         (iii)   a numeric allocation of non-attorney employees;

19         (iv)    a detailed summary of the services CLG provides;

20         (v)     a description of CLG's fee structure, including an exemplar of the

21  Legal Services Agreement CLG's clients execute; and

22         (vi)    all other performance metrics CLG maintains related to its services

23  provided to CLG clients/consumer debtors.

24         3.      In response to the foregoing, I can attest to the following:

25         (a)     No Relationship to Tony Diab or the Debtor. To the best of my

26  knowledge and information, aside from CLG's proposed purchase of the CLG Acquired

27  Clients from the Trustee, neither I, CLG, nor its partners, associates, of counsel,

28

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1  paralegals, or other employees, have any connection or affiliation with the Debtor, Tony

2  Diab, or any other principals of the Debtor;

3         (b)    CLG's Attorneys.  Presently, CLG employs the following attorneys

4  who will (or may be) be responsible for servicing the CLG Acquired Clients aside from

5  myself:  Jack Gross, Pandy Shen, Danitza Campbell, Ben Ozur, John Borelli, and Albert

6  Hamowy.  Although there may be situations where CLG is required to locate and retain

7  local counsel, those decisions cannot be made until after CLG's acquisition, review, and

8  analysis of the CLG Acquired Clients;

9         (c)    CLG's Non-Attorney Employees.  Presently, CLG employs 147 of

10 non-attorney employees consisting of 9 paralegals, and others engaged in the following

11 tasks/jobs: managers, IT, team leaders, senior account representatives, emails,

12 validation packages, documents, inbound calls, auditing, quality control, welcome calls,

13 and overflow.

14        (d)    Summary of Services Provided By CLG.  CLG has been operating

15 since early 2022 and its attorneys have significant experience handling consumer cases.

16 CLG defends clients in cases in New York and New Jersey where its attorneys are

17 admitted to practice.  Other than hiring local counsel outside of New York and New

18 Jersey where a client's case may be venued, all of the operational and legal functions at

19 CLG are handled in-house by trained staff in CLG's New York office.  As noted, CLG

20 employs dozens of employees who are not part of CLG's legal "team," as well as a

21 number of experienced full and part-time attorneys and paralegals.  Legally challenging

22 debt involves a number of different factors and strategies.  Based on CLG's collective

23 experience, seeking attorney assistance challenging debt, settling debt, defending

24 against a debt collection lawsuit, validating debt, and filing lawsuits to challenge debt for

25 unfair collection practices, among other grounds, to protect clients who are being unfairly

26 treated or taken advantage of by sophisticated and oftentimes relentless creditors and

27 collection agencies is not a new industry or concept, and it has been around for a long

28 time as evidenced by the legislative history of some of the more notable consumer

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL 213.626.2311 • FAX 954.771.9264

1  protection laws, including, but not limited to, the Fair Debt Collection Practices Act

2  (FDCPA), among many others. Because hiring an attorney is expensive, most clients

3  already in financial despair are not able to pay a $5,000 or $10,000 retainer and $200 or

4  more per hour for an attorney.  To provide such consumers with affordable access to

5  lawyers, law firms operating in the consumer debt space often offer payment plans for

6  services rendered.  This too is a practice that has a long history in the legal field,

7  including, but not limited to, pre-paid legal services and lawyer payment plans. As CLG's

8  managing partner, I personally oversee all of CLG's attorneys and the paralegals who are

9  trained by our experienced staff.  Typically, upon intake of a new client, either I or one

10  CLG's attorneys, speak and correspond with clients as needed.  CLG often undertakes

11  an initial communication with a client upon learning of the commencement of a lawsuit

12  against the client wherein it seeks financial hardship information along with potential

13  settlement parameters that are used by CLG to negotiate with creditors.  Creditors often

14  have agreed to abandon pursuit of CLG's clients after learning that a particular client may

15  be "judgment proof" or without collectible assets in that client's name.  CLG has

16  employed a successful internal organizational system wherein it has designated

17  individuals (usually paralegals) tasked with calendar duties, monitoring the legal

18  department's general email inbox, dispatching new files on an attorney rotation,

19  designating tasks for certain paralegals (to request information or documents from a

20  client, or seek an extension of time to respond to a newly commenced action prior to

21  referring that matter to local counsel) or to a designated settlement "team" which is

22  comprised of individuals (usually paralegals) tasked with contacting creditors to settle

23  cases using the information provided by CLG's clients and individuals (usually

24  paralegals) tasked with reviewing the correspondence, statements, discovery, and

25  supporting information provided by the creditor or the client themselves.  Much of that

26  information is also reviewed by an attorney who analyzes the information with an eye for

27  legal defenses, legal strategy, and weaknesses in a creditor's case.  Oftentimes, CLG's

28  attorneys will review documentation filed with a commencing pleading, or provided by the

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 954.771.9264

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1  client, or in discovery, which is matched and analyzed against the client's credit report to

2  see if that debt was "charged off" in which case certain defenses/motion practice can be

3  used. CLG's attorneys have also uncovered cases wherein the relied upon contract and

4  its terms and conditions provide CLG's client with a right to arbitrate. On certain cases

5  that were filed close to the applicable statute of limitations for collections actions (which

6  varies state by state and whose time periods we preliminarily research), or where the

7  amount demanded is not significant, CLG's attorneys will engage the client (and often

8  local counsel for the particular state) and strategize about seeking dismissal citing the

9  binding arbitration provision. Some creditors have agreed to discontinue their action

10  upon such a threat or motion given the resources necessary to defend and recommence

11  the action in arbitration. Similarly, engaging in the discovery process and pursuing

12  discovery, especially depositions of a creditor's witness, will often have the desired effect

13  of creating leverage for settlement negotiations. CLG employs proprietary software to

14  operate its practice and its employees are trained on creating tasks and calendar entries

15  for nearly every step of CLG's program process. Such tasks and entries often include

16  reviewing summonses or legal documents, scheduling calls with clients or opposing

17  counsel/creditors, and calendaring dates by which certain information is due, including

18  dates for court appearances. CLG is proud to state that, since implementation of the

19  SOP and the adherence thereto by CLG's employees, there have been very few matters

20  that have fallen through the proverbial cracks. Such issues are often through no

21  responsibility or fault of CLG's employees, but, rather, because of a delay in transmittal of

22  information or documents to CLG which prevents CLG from timely responding to same.

23  If CLG clients ask to speak with an attorney, those calls are promptly scheduled and any

24  of CLG's attorneys/paralegals (depending on a particular case) who are equipped to

25  speak with that client return the call. CLG's attorneys will review the notes and

26  documents on a particular file to familiarize themselves before speaking with the client

27  and CLG does its best to have the same attorney/paralegal speak with a client with whom

28  they have a relationship or a history. CLG has found success in representing clients

1  throughout the United States and has successfully negotiated the resolution of

2  innumerable debt as well as litigation matters. CLG is sufficiently equipped to take on

3  significantly more volume and is ready to hire and train additional staff as needed;

4         (e)    Description of CLG's Fee Structure. Generally, CLG charges

5  generally between $250 and $475 for new clients. The initial fees charged, of course, are

6  dependent on the client's individual situation and debtor collection status. When CLG

7  refers its clients to local counsel outside of New York and New Jersey, the clients

8  typically enter into their own retainer with local counsel. The legal fees for retaining local

9  counsel are paid for by CLG typically on a flat fee basis, although depending on the

10  particular state and the volume within that state, local counsel may be paid an hourly

11  rate. All of CLG's local counsel are paid on a Form 1099 basis as independent

12  contractors. The average cost to engage local counsel ranges between $1,500 and

13  $2,500 (sometimes more depending on the particular state, matter, scope of work

14  involved, and complexity of a particular matter, etc.). As part of CLG's business model,

15  CLG has a standard "legal services agreement" (the "LSA"), a true and correct copy of

16  which is attached hereto as Exhibit 1. As indicated in the LSA, CLG does not purport to

17  offer or sell any credit repair services and in fact discloses the potential for a client's

18  credit score to go down; and

19         (f)    Other Performance Metrics. CLG has achieved numerous favorable

20  settlements (often with its clients paying a nominal amount each month towards a

21  settlement payment plan) on behalf of its clients including those clients procured from

22  LPG. CLG has also secured dismissal of suits, sometimes on terms that the client pay a

23  nominal settlement payment in consideration that the creditor does not refile either in

24  arbitration (citing to an arbitration provision in the parties' contract) or in a different forum,

25  or in lieu of the creditor refiling and effectuating proper service of the underlying pleading.

26  Because of the recency with which those files made their way to CLG, CLG does not yet

27  maintain specific data concerning numbers of settlements or dismissals it achieved on a

28  global basis from which it can run a master report. It is working to implement this

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 954.771.9264

1   capability. That said, the settlements and legal outcomes achieved are monitored on an

2   individual file basis.

3

4         I declare under penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct.

6         Executed this 17th day of July 2023.

7

8

9                 Jason J. Rebhun

10

11

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:      655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*):

**DECLARATION OF JASON REBHUN IN SUPPORT OF STIPULATION RE PARTIAL SETTLEMENT OF CLAIMS AND MODIFICATION OF ORDER ON TRUSTEE, RICHARD MARSHACK'S OMNIBUS EMERGENCY MOTION AS TO COVERED PARTIES AND DEFENDANTS, CONSUMER LEGAL GROUP,  P.C. AND LGS HOLDING CO.**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 17, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 17, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 17, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 17, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                          **F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeff
reyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              **F 9013-.1.PROOF.SERVICE**

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-.1.PROOF.SERVICE

daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Teri T Pham on behalf of Attorney Teri Pham
tpham@epglawyers.com, ttpassistant@epglawyers.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Creditor Mari Agape

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-.1.PROOF.SERVICE

gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-.1.PROOF.SERVICE**