Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF RICHARD A. MARSHACK IN SUPPORT OF MOTION FOR ORDER APPROVING STIPULATION RE AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS TO DEFENDANT PHOENIX LAW, PC AND TURNOVER OF ALL RELATED PROPERTY TO THE TRUSTEE AND ORDER OF DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS WILLIAM TAYLOR CARSS AND MARIA EEYA TAN;**<br>Date:   July 21, 2023<br>Time:   10:00 a.m.<br>Judge:  Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>            411 West Fourth Street<br>            Santa Ana, CA 92701 |

1

## SUPPLEMENTAL DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1. I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath if requested to do so.

2. I submit this Supplemental Declaration in support of my *Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee and Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan* ("Motion"). At the initial hearing on the Motion on July 11, 2023, the Court continued the matter and requested that further evidence be filed in support of certain issues. All capitalized terms are defined in the Motion.

3. Following entry of the preliminary injunction, my counsel discussed the adversary proceeding and its claims with Defendants: Phoenix, Mr. Carss, and Ms. Tan. All parties wanted to resolve the dispute as quickly as possible and in a manner that protected the individual clients whose Files were transferred.

4. In my amended complaint in the Adversary Proceeding, I seek the avoidance and recovery of approximately 40,000 client files transferred to Phoenix. Mr. Carss and Ms. Tan were also named as parties in the Adversary Proceeding with respect to the claims for injunctive relief.

5. The proposed Stipulation results in me obtaining a court order avoiding all transfers to Phoenix. Specifically, the Stipulation provides in ¶ 1 that "The transfers of the Files and all material and property related thereto including, but not limited to, payments, communications, and documents ("Transfers") to Phoenix was fraudulent and Trustee is entitled to Judgment avoiding, recovering, and preserving the Transfers." As such, I am not receiving less under the Stipulation than I could obtain by litigating the matter through judgment.

6. The proposed Stipulation further provides that "Phoenix, Mr. Carss, and Ms. Tan shall turn over to Trustee all Transfers including the Files and funds collected from clients pursuant to legal service agreements entered between clients and Debtor and shall fully cooperate with

Trustee's efforts to recover and administer the Transfers including the Files and all related materials." Again, I'm not receiving anything less under the Stipulation than I could obtain by litigating the matter through Judgment.

7. Furthermore, Phoenix acknowledges that it bears all liability for the Files that arose or came into existence following their transfer to Phoenix until ownership of such files is transferred to any third-party purchaser approved by the Court. This provision protects the consumers in the event they were not properly represented by Phoenix.

8. Lastly, the Stipulation provides that Mr. Carss and Ms. Tan are being dismissed without prejudice. Because the dismissal is without prejudice, the Estate reserves all rights to re-file any action should I determine it is in the best interest of creditors to do so. But, because all transfers are being avoided and recovered by the Estate, I am presently unsure whether there will be any claims that would remain in existence after the transfers are avoided.

9. In approving a proposed compromise, the Court should consider four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views.

10. With regard to the probability of success, the Stipulation provides the estate with full recovery of all property transferred. As such, this factor supports approval of the compromise because the best possible result is being obtained without the expense, delay, and uncertainty of continued litigation.

11. With regard to the difficulties of collection, this factor may not apply because Phoenix is returning all property transferred. But, in the absence of this agreement, continued prosecution of the lawsuit may result in the Estate collecting less because funds will continue to be lost through ongoing operations and costs of litigation. Furthermore, the compromise expedites the Estate's ability to sell the Files to any provider of legal services approved by the Court.

12. With regard to the complexity of litigation and the expense, inconvenience, and delay, this factor strongly supports approval of the compromise. Debtor transferred tens of

thousands of files to Phoenix.  Avoiding all of these transfers through litigation would be very time-consuming and expensive.  The Stipulation achieves a best case result for the Estate and avoids unnecessarily administrative costs to obtain such a result.

13. With regard to the paramount interests of creditors, this factor supports approval of the compromise.  Unless I avoid the subject transfers and obtain court approval for their sale, there will be no assets in this case with the exception of potential avoidance claims.  Thus, my best chance of providing distributions to creditors is having this stipulation approved and the separately-proposed sale granted.

14. I believe the relief sought in the Motion is in the best interests of the Estate and its creditors as it will permit a sale of the Files along with other assets of the Debtor to a third party that can handle the Files in compliance with applicable law.  Debtor's clients contracted with Debtor to obtain representation with regard to their consumer debts.  This stipulation and the proposed sale provides clients with such representation and the option to opt-out of the sale should they no longer desire such services.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 17, 2023       _____
                            Richard A. Marshack

#31252391v2                                    4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **Supplemental Declaration of Richard A. Marshack in Support of Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee And Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 17, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 17, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 17, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/17/2023 | Jonathan Serrano | /s/ Jonathan Serrano |
|---|---|---|
| Date | Printed Name | Signature |

#31252391v2

5

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-105701-SC**

I. **SERVED ELECTRONICALLY VIA NEF:**

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** : rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Richard H Golubow:** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays:** ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander:** ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman:** mlieberman@lipsonneilson.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias:** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Teri T Pham:** tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato:** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Paul R Shankman:** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim:** leslie.skorheim@usdoj.gov
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss:** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

Case 8:23-bk-10571-SC    Doc 265    Filed 07/17/23    Entered 07/17/23 16:56:25    Desc
Main Document    Page 7 of 7

**II.** **SERVED VIA REGULAR U.S. MAIL:**

N/A

**III.** **SERVED VIA OVERNIGHT MAIL (FED EX):**

**United States Bankruptcy Court**

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

#31252391v2     7