Eric S. Pezold, Bar No. 255657
epezold@swlaw.com
Andrew B. Still, Bar No. 312444
astill@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Creditor
Alteryx, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**OBJECTION TO TRUSTEE'S MOTION FOR ENTRY OF ORDER (A) APPROVING SALE, SUBJECT TO OVERBID, OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS; DECLARATION OF CHRISTIAN BRYAN**<br><br>[Relates to Docket No. 191]<br><br>Hearing Information:<br>Date: July 21, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 5C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE CHAPTER 11 TRUSTEE, DEBTOR AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Alteryx, Inc. ("Alteryx"), creditor of the above-captioned

debtor The Litigation Practice Group P.C. ("Debtor" or "LPG"), and sub-landlord of the real property located at Suites 400 and 490 of 3345 Michelson Drive and Suite 400 of 3347 Michelson Drive, Irvine, CA 92612 ("Property") submits the following objection to the *Motion of Trustee Richard A. Marshack for Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases of Other Agreements* [Docket No. 191] ("Sale Motion") filed by Richard A. Marshack, Chapter 11 trustee ("Trustee") of the Debtor's bankruptcy estate ("Estate").

## I.  INTRODUCTION

The Trustee has been using the Property under the assumption that the Property constitutes property of the Debtor's Estate. Yet no information has been provided to Alteryx to substantiate this claim and, to the contrary, the Sublease[1] was entered into between Alteryx and its Sublessees under the Sublease – Innovation and Prime Logix. The Debtor, which guaranteed Sublessees' obligations under the Sublease, was apparently operating its business from the Property without authorization from Alteryx or any possessory or other rights to do so. The Trustee has continued this unapproved trend post-petition and, like the Sublessees, has failed to pay for his use of the Property. As the Sublease does not constitute property of the Estate, the Trustee cannot assume and assign it. To the extent the Court approves such assumption, all outstanding defaults must be cured and adequate assurance of future performance must be provided. Accordingly, Alteryx respectfully requests that the Court sustain this Objection. Alteryx further requests such other and additional relief as the Court deems just and proper.

## II.  STATEMENT OF FACTS

### A.  The Sublease

On or about March 4, 2022, Alteryx and Innovative Solutions Inc. ("Innovative") entered into that certain Sublease Agreement whereby Alteryx, as sublessor, agreed to lease the Property to Innovative, as sublessee, on the terms and conditions stated therein, which was then amended on or about December 7, 2022, when Alteryx, Innovative and Prime Logix LLC ("Prime Logix"

---

[1] Capitalized terms are defined herein.

4889-7551-6273

- 2 -   OBJECTION TO SALE MOTION

and together with Innovative, "Sublessees") entered into that certain First Amendment to Sublease Agreement (the "Sublease").[2] LPG unconditionally guaranteed Sublessees' obligations under the Sublease.[3]

Based on an Officer's Certificate provided by Innovative to Alteryx, Innovative is the sole member of Prime Logix.[4] Based on the Officer's Certificate, Prime Logix provides administrative support services to Innovative and the law firms Innovative services.[5]

The Sublease requires that Sublessees obtain Alteryx's written consent prior to any sub-sublet of the Property.[6] Moreover, the First Amendment to Sublease Agreement asserts that no other individuals or entities occupy any portion of the Property, and that the same will not occur without Alteryx's prior written consent.[7] The Sublease requires that Sublessees maintain sufficient minimum insurance in accordance with the terms of the Sublease.[8]

### B.    Sublessees' Defaults under the Sublease and Trustee's Use of the Property

Sublessees defaulted under the Sublease when they failed to make all payments required under the Sublease as and when due and deliver an additional letter of credit in favor of Alteryx as required under the Sublease.[9] These defaults resulted in Alteryx serving 3-Day Notices to Pay or Quit on Sublessees on each of April 4, 2023, May 10, 2023, and June 5, 2023.[10]

Following service of the notice on June 5, 2023, Trustee's counsel contacted Alteryx to advise that the Trustee was now in possession of the Property pursuant to the Court's Order entered May 26, 2023, as Docket No. 13 in Case No. 8:23-ap-01046; and that, pursuant to that Order, Sublessees had been enjoined from accessing the Property.[11] The Court subsequently entered its Preliminary Injunction as Docket No. 70 in Case No. 8:23-ap-01046, which further enjoins Sublessees from accessing the Property.[12]

---

[2] Declaration of Christian Bryan appended hereto ("Bryan Decl."), ¶ 3.
[3] *Id.*
[4] *Id.* ¶ 4.
[5] *Id.*
[6] *Id.* ¶ 5.
[7] *Id.*
[8] *Id.* ¶ 6.
[9] *Id.* ¶ 7.
[10] *Id.*
[11] *Id.* ¶ 8. *See also* Docket No. 13 in Adv. Proc. No. 8:23-ap-01046.
[12] Docket No. 70 in Adv. Proc. No. 8:23-ap-01046.

1   The Trustee contends that the Sublease and the Property constitutes property of the

2   Estate.[13] To date, nothing has been provided to Alteryx to substantiate this contention.[14] On the

3   other hand, rent and other charges remain unpaid in the amount of $333,415.08, all of which has

4   come due post-petition.[15] Sublessees' insurance has lapsed and, despite requests to the Trustee,

5   the insurance policies have not been renewed.[16] Alteryx needs to conduct repairs to the Property

6   in compliance with its duties under the master lease with its landlord but has been unable to do so

7   since the Trustee has been in possession of the Property.[17] While Alteryx has the right to access

8   the Property to conduct necessary repairs, it has attempted in good faith to work with the Trustee

9   given the current state of affairs and the various court orders.[18] On information and belief, third

10  parties other than Sublessees and the Trustee are currently in possession of the Property without

11  Alteryx's written consent and any other authorization to do so, in violation of the Sublease.[19]

12  **C.    The Sale Motion**

13  On July 7, 2023, the Trustee filed the Sale Motion, seeking to sell certain of the Debtor's

14  assets pursuant to Bankruptcy Code section 363(f). In connection with the Sale Motion, the

15  Trustee seeks to assume and assign certain unidentified executory contracts and unexpired leases.

16  It is unclear from the Sale Motion and the proposed purchase and sale agreement appended to the

17  Trustee's declaration in support of the Sale Motion whether the Trustee seeks to assume and

18  assign the Sublease.[20] However, based on the Trustee's current use of the Property and assertions

19  to Alteryx, Alteryx believes that the Trustee intends for the Sublease to be assumed and assigned.

20  **III.   OBJECTION**

21  **A.    The Sublease Cannot be Assumed and Assigned**

22  Under Bankruptcy Code section 365, a trustee, "subject to the court's approval, may

23  assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). If

24  an executory contract or unexpired lease is to be assumed or rejected, it is axiomatic that the

---

[13] Bryan Decl. ¶ 8.
[14] *Id.* ¶ 9.
[15] *Id.* ¶ 10.
[16] *Id.* ¶ 11.
[17] *Id.* ¶ 12.
[18] *Id.*
[19] *Id.* ¶ 13.
[20] *See* Docket Nos. 191 and 191-1.

4889-7551-6273

- 4 -    OBJECTION TO SALE MOTION

agreement at issue must be "of the debtor." *Id*. All legal or equitable interests of a debtor in property as of the commencement of a bankruptcy case constitute property of the estate. 11 U.S.C. § 541(a). While the scope of what constitutes property of the estate is broad, it is not limitless. *See U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983); *see also In re Porrett*, 547 B.R. 362, 365 (Bankr. D. Idaho 2016) ("[T]he scope of the estate is not so broad as to 'expand a debtor's rights in property over what existed as of the date of filing.'" (citations omitted)). Accordingly, the bankruptcy court must look to state property law to determine whether, and to what extent, a debtor has any legal or equitable interests in property as of the commencement of a case. *In re Farmers Mkts., Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1998) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)).

Here, the Sublease does not constitute property of the Estate. It was entered into between Alteryx and Sublessees – Innovative and Prime Logix. The Debtor's only connection with the Sublease is that of guarantor of the Sublessees' obligations. The mere fact of the existence of Debtor's guaranty of the Sublease does not operate to convert the Sublease to property of the Estate. To the extent there is any sub-sublease as between Sublessees and the Debtor, such an agreement would be in violation of the Sublease and, in any event, has not been provided to Alteryx. Because the Sublease does not constitute property of the Estate, the Trustee cannot assume and assign the Sublease.

### B. The Trustee Has Not Performed under the Sublease

Pending assumption of an unexpired lease, a trustee is required to perform all of the debtor's lease obligations. 11 U.S.C. § 365(d)(3). The Trustee has failed to perform under the Sublease. Rent is going unpaid, insurance has lapsed and repairs need to be completed. The Trustee has not performed any of these critical tasks yet takes the position that the Sublease constitutes property of the Estate and that the Court has authorized him to occupy the Property. If the Trustee wants the benefit of using the Property, he should be required to compensate Alteryx for his use of it.[21]

---

[21] Alteryx reserves its right to assert an administrative claim in connection with the Trustee's post-petition use and occupation of the Property. 11 U.S.C. § 503(b).

### C. The Trustee Must Cure the Defaults under the Sublease and Provide Adequate Assurance of Future Performance as a Condition to Assumption

Where a default has occurred under an unexpired lease proposed to be assumed, the trustee must cure all outstanding defaults as a condition to assumption and must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(A), (C).

As stated above, the current unpaid rent owing under the Sublease is not less than $333,415.08. If the Sublease is to be assumed and assigned (despite the foregoing), then this amount must be paid as a condition to assumption. Moreover, no adequate assurance of future performance has been provided to Alteryx. The buyer proposed in the Sale Motion or any overbidder must provide adequate assurance of future performance in the form satisfactory to Alteryx and, in conformance with the Sublease, should include a letter of creditor.

## IV. CONCLUSION

For the foregoing reasons, Alteryx respectfully requests that the Court sustain this Objection. Alteryx further requests such other and additional relief as the Court deems just and proper.

Dated: July 19, 2023                                    SNELL & WILMER L.L.P.

By: */s/ Andrew B. Still*
  Eric S. Pezold
  Andrew B. Still

Attorneys for Creditor
Alteryx, Inc.

# **DECLARATION OF CHRISTIAN BRYAN**

I, Christian Bryan, declare as follows,

1. I am over the age of 18 and am qualified to make the within declaration. I make this declaration in support of the Objection to Trustee's Motion for Entry of Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(B) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements ("Objection") filed by Alteryx, Inc. ("Alteryx").[22] Except where indicated, the facts stated herein are based upon my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. I am the Vice President of Global Real Estate of Alteryx, and I am one of the individuals at Alteryx who is responsible for overseeing management and administration of the books, records and files of Alteryx, as those books, records, and files pertain to the Sublease and the Sublessees – Innovative Solutions Inc. ("Innovative") and Prime Logix LLC ("Prime Logix" and together with Innovative, "Sublessees"). As to the following facts, I know them to be true of my own knowledge or from my review of Alteryx's books, records, and files, which are prepared or otherwise maintained in the ordinary course of Alteryx's business by persons employed by Alteryx who had knowledge of the event being recorded and had a business duty to record accurately such event at or about the time of its occurrence.

3. On or about March 4, 2022, Alteryx and Innovative entered into that certain Sublease Agreement whereby Alteryx, as sublessor, agreed to lease the property commonly known as Suites 400 and 490 of 3345 Michelson Drive and Suite 400 of 3347 Michelson Drive, Irvine, CA 92612 ("Property") to Innovative, as sublessee, as amended by that certain First Amendment to Sublease Agreement dated December 7, 2022, by and between Alteryx and Sublessees (the "Sublease"). The Litigation Practice Group, P.C. ("LPG") guaranteed the Sublessees' obligations under the Sublease. The Sublease is confidential in nature and therefore not attached hereto. However, a copy has been provided to the Trustee.

---

[22] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

4. Based on an Officer's Certificate provided by Innovative to Alteryx, Innovative is the sole member of Prime Logix. Based on the Officer's Certificate, Prime Logix provides administrative support services to Innovative and the law firms Innovative services.

5. The Sublease requires that Sublessees obtain Alteryx's written consent prior to any sub-sublet of the Property. The First Amendment to Sublease Agreement asserts that no other individuals or entities occupy any portion of the Property, and that the same will not occur without Alteryx's prior written consent. Sublessees have not obtained consent for any person or entity, other than Sublessees, to occupy the Property. On information and belief, parties other than Sublessees and the Trustee are occupying the Property.

6. The Sublease requires that Sublessees maintain sufficient minimum insurance in accordance with the terms of the Sublease.

7. Sublessees defaulted under the Sublease when they failed to make all payments required under the Sublease as and when due and deliver an additional letter of credit in favor of Alteryx as required under the Sublease. These defaults resulted in Alteryx serving 3-Day Notices to Pay or Quit on Sublessees on each of April 4, 2023, May 10, 2023, and June 5, 2023.

8. Following service of the notice on June 5, 2023, Trustee's counsel contacted Alteryx to advise that the Trustee was now in possession of the Property. I am informed that the Trustee contends that the Sublease is property of the Debtor's bankruptcy estate.

9. I am not aware of any sublease agreements as between Sublessees and any third parties.

10. To date, Sublessees have failed to pay rent in the total amount of $333,415.08, all of which is on account of post-petition rent.

11. Sublessees' insurance has lapsed. Insurance has not been renewed, despite demand.

12. Certain repairs to the Property are necessary, which Alteryx is obligated to do under its master lease. Alteryx has been unable to complete the repairs, despite request for access to the Property to do so. While Alteryx has the right to access the Property to conduct necessary repairs, it has attempted in good faith to work with the Trustee given the current state of affairs and the various court orders.

1   13.     On information and belief, third parties other than Sublessees and the Trustee are in
2   possession of the Property without Alteryx's written consent.

4   I declare under penalty of perjury under the laws of the United States of America that the
5   foregoing is true and correct. Executed this 19th day of July 2023 at Harrington Park, New Jersey.



Christian Bryan (Jul 19, 2023 12:54 EDT)

Christian Bryan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO TRUSTEE'S MOTION FOR ENTRY OF ORDER (A) APPROVING SALE, SUBJECT TO OVERBID, OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS; DECLARATION OF CHRISTIAN BRYAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 19, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            **F 9013-3.1.PROOF.SERVICE**
4858-0482-8273

- **Laila Masud** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark** vnewmark@pszjlaw.com
- **Queenie K Ng** queenie.k.ng@usdoj.gov
- **Keith C Owens** kowens@foxrothschild.com, khoang@foxrothschild.com
- **Teri T Pham** tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak** dplazak@rhlaw.com
- **Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott** olivia.scott3@bclplaw.com
- **Jonathan Serrano** jonathan.serrano@dinsmore.com
- **Paul R Shankman** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim** leslie.skorheim@usdoj.gov
- **Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White** JWhite@wrslawyers.com, jlee@wrslawyers.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) July 19, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Grobstein Teeple LLP**
Grobstein Teeple LLP
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630

**Jason Patterson Stopnitzky**
52 Cupertino Circle
Aliso Viejo, CA 92656

**Lucy L. Thomson**
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, DC 20004

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE
4858-0482-8273

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 19, 2023, served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express:**

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District
411 West Fourth Street, Suite 5130, Crtrm 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 19, 2023 | Kimberly A. Collins | /s/ Kimberly A. Collins |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
4858-0482-8273