Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:   (310) 598-4150
Facsimile:   (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Proposed Counsel for Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUPPLEMENTAL CONDITIONAL OPPOSITION AND RESERVATION OF RIGHTS TO CHAPTER 11 TRUSTEE'S MOTION AND MOTION FOR ORDER APPROVING STIPULATION BETWEEN THE DEBTOR; CONSUMER LEGAL GROUP, PC; LGS HOLDCO, LLC; AND SET FORTH, INC. F/K/A DEBTPAYPRO**<br><br>**Hearing Date and Time**<br>Date:  July 21, 2023<br>Time:  10:00 a.m.<br>Place: Courtroom 5C<br>       411 West Fourth Street<br>       Santa Ana, California 92701<br>             or<br>       *Via ZoomGov* |

  The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group, P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits this supplemental conditional opposition (the "Supplement"): (i) in support of the *Official Committee of Unsecured Creditors' Conditional Opposition and Reservation of Rights to Chapter 11 Trustee's Motion for Order Approving Stipulation Between Debtor; Consumer Legal Group, PC; LGS Holdco, LLC; and Set Forth, Inc. f/k/a DebtPayPro* [Docket No. 210] (the "Opposition");[2] and (ii) in further response to the *Motion for Order Approving Stipulation Between the Debtor; Consumer Legal Group, PC; LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro* [Docket No. 178] (the "Motion"). In support of this Supplement, the Committee refers to the record in this Bankruptcy Case and the related adversary proceeding, captioned *Marshack v. Diab, et al.*, Adv. Proc. No. 8:23-ap-01046-SC (the "Adversary Proceeding"), the *Supplemental Declaration of Richard Marshack* [Docket No. 261] (the "Supplemental Marshack Declaration"), the argument of counsel at any hearing on the Application, and respectfully states as follows:

## I.

## THE LIMITED SUPPLEMENTAL DECLARATION TESTIMONY DOES NOT SATISFY THE *A&C PROPERTIES* FACTORS

  The Court continued the hearing on the Motion for supplemental briefing and evidence concerning whether the Trustee satisfied the factors necessary to approve a compromise as set forth in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). In further support of the Motion, the Trustee has submitted the Supplemental Marshack Declaration without further analysis of whether this supplemental evidence satisfies the *A & C Properties* factors. As set forth below, the Supplemental Marshack Declaration is insufficient because, among other things it (a) does not establish the existence of the prepetition debt that the purported prepetition agreement

---

[1] Unless otherwise defined herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Opposition. Moreover, the Committee hereby incorporates by this reference the factual recitations and arguments set forth in the Opposition in their entirety.

- 2 -

between CLG and the Debtor was intended to satisfy, which agreement is referenced as a basis for the settlement, and (b) does not evaluate the value exchanged in connection with the underlying transaction. As such, and particularly since the proposed settlement is not a condition to closing the sale, the Motion should be denied without prejudice.

The Trustee's aim with the Stipulation—as the Committee understands it—is to reinstate the terms of an agreement entered into prepetition (the "Prepetition Agreement") by CLG and the Debtor with respect to the transfer of 2,000 "LPG Fee Share Clients." As best the Committee can determine, the Prepetition Agreement provided for the transfer of 12,000 files—inclusive of the 2,000 LPG Fee Share Clients—to satisfy (in part) a prepetition debt allegedly owed by the Debtor to CLG. *See* Suppl. Marshack Decl., ¶ 3 at 2. As set forth in the Stipulation, the transaction is described as follows:

> [O]n January 24, 2023, LPG transferred 3,000 files to CLG **to pay off an amount due from an advance from MCA Fund of $3,000,000**. On February 10, 2023, LPG, transferred approximately 9,000 files to CLG. CLG agreed to pay $3,000,000 for 3,000 of the 9,000 files. . . . Any active files above the overage amount of 6,000 was to be split 60% to CLG and 40% to LPG. . . . [T]here were two batches of files that were transferred between January 24, 2023, and February 10, 2023, which now consist of approximately 5,000 performing files. Pursuant to an agreement with Trustee, CLG has segregated 2,150 of the files which came from the February 10, 2023, transfer. These files are part of the CLG Fee Share Clients.

Mot., Ex. 1 (Stipulation at 2-3) (emphasis added). CLG purportedly paid $6 million for the transfer of 6,000 files and was also required to pay the "fee share" for the remaining 6,000 "LPG Fee Share Clients." *See id.* It is unclear how the Trustee distinguished the LPG Fee Share Client files and why only approximately 2,000 of "the overage amount of 6,000" were denominated "LPG Fee Share Client" files. In any event, the Trustee now contends that, if reinstated, this Prepetition Agreement would provide a higher return per file associated with the LPG Fee Share Clients than the Trustee anticipates recovering per file in its proposed sale of other client files to CLG.

However, the Trustee continues to rely on conclusory allegations—if any at all—concerning the existence and propriety of the Prepetition Agreement and the sufficiency of the value exchanged under the Prepetition Agreement. This is particularly important where the Trustee has alleged in his still-pending Adversary Proceeding against CLG that CLG received fraudulent

transfers of files prepetition. The Stipulation does not purport to fully resolve the claims against CLG with respect to the transfer of all files and will not dismiss CLG from the adversary proceeding. The Supplemental Marshack Declaration does little to offer additional evidence in support of the *A & C Properties* factors:

- **Probability of Success in the Litigation.** The Motion—and now the Supplemental Marshack Declaration—is devoid of any analysis of the relative strengths of the parties' claims and defenses in litigation. The Stipulation is premised on the Trustee's belief that CLG holds a potential defense in the Adversary Proceeding related to the Prepetition Agreement. *See* Suppl. Marshack Decl., ¶ 10 at 3. However, the Trustee does not provide evidence of the Prepetition Agreement—instead, stating the terms of the Prepetition Agreement "[b]ased on records I reviewed"[3] and omitting any analysis of its propriety. *See id.*, ¶ 3 at 2. The Trustee concludes the $6 million purchase price resulted in a per file value of $500—lower than offers received postpetition—exclusive of the "fee share" component. *See id.*, ¶ 4 at 2, ¶ 7 at 3. However, this math appears to apply the $6 million purchase price to all 12,000 files transferred—not just the 6,000 subject to the cash purchase—and does not assess the value of the fee share relevant to the files in issue. Additionally, this is just one side of the equation. The purported per-file value fails to provide confirmatory evidence that the purchase price was the equivalent value of the purported LPG debt satisfied by CLG. The Trustee provides no evidence of the purportedly satisfied debt and, in fact, fails to address it at all in his supplemental declaration. Accordingly, the supplemental evidence does not demonstrate the existence of a defense.

- **Difficulties of Collection.** The Trustee admits there is no difficulty in collection and states that he "believe[s] the Estate could have avoided and recovered the transfer of the Files to CLG." *See id.*, ¶ 10 at 3. Additionally, the Trustee admits that "CLG appears to be a profitable company." *See id.*, ¶ 12 at 4.

- **Complexity of the Litigation, Expense, Inconvenience and Delay.** The Trustee summarily concludes that the cost and complexity of litigation would be "significant." *See id.*, ¶ 12 at 4.

- **Paramount Interests of Creditors.** The Trustee appears to contend that the interests of creditors are best served by the potential value of the 40% fee share that exceeds other offers for the files associated with the LPG Fee Share Customers, particularly since the estate cannot service the files. *See id.*, ¶¶ 11-12 at 3-4. However, this ignores that the CLG sale is subject to overbids that may generate additional "earn out" value or enhanced "up front" cash value for the files.

The Trustee's supplemental narrative concerning the Prepetition Agreement fails to satisfy the *A & C Properties* factors, and he has not demonstrated any urgency in approving the settlement given that approval of the settlement is not a closing contingency to the pending sale.

---

[3] The Trustee provided the Committee certain documents purportedly establishing the Prepetition Agreement on an "attorney's eyes only basis." The Committee believes these documents are discoverable and not otherwise subject to any privilege; however, they do not establish that the Prepetition Agreement was for fair value. The Committee will provide these documents to the Court under seal upon request.

## II.

## **CONCLUSION**

The Committee respectfully requests that the Court enter an order (i) denying the Motion, without prejudice; and (ii) granting the Committee such other and further relief that is just and appropriate under the circumstances.

Dated: July 19, 2023

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: *Keith C. Owens*
Proposed Counsel to Official Committee of Unsecured Creditors

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUPPLEMENTAL CONDITIONAL OPPOSITION AND RESERVATION OF RIGHTS TO CHAPTER 11 TRUSTEE'S MOTION AND MOTION FOR ORDER APPROVING STIPULATION BETWEEN THE DEBTOR; CONSUMER LEGAL GROUP, PC; LGS HOLDCO, LLC; AND SET FORTH, INC. F/K/A DEBTPAYPRO on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On 7/19/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov

Active\118774763.v1-1/20/21

- **Byron Z Moldo**   bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias**   anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**   vnewmark@pszjlaw.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Teri T Pham**   tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**   gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**   olivia.scott3@bclplaw.com
- **Jonathan Serrano**   jonathan.serrano@dinsmore.com
- **Paul R Shankman**   PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**   leslie.skorheim@usdoj.gov
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**2.    SERVED BY UNITED STATES MAIL**:  On July 19, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Parties not on ECF but require service of filings:

Grobstein Teeple LLP
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630

Jason Patterson Stopnitzky
52 Cupertino Circle
Aliso Viejo, CA 92656

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 19, 2023, I served the following persons and/or entities by personal delivery, mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

| 7/19/2023 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |