Daniel A. Lev (CA Bar No. 129622)
daniel.lev@gmlaw.com
**Greenspoon Marder LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 954.771.9264

Ronald Richards (CA Bar No. 176246)
ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone: 310.556.1001
Facsimile: 310.277.3325

Attorneys for Consumer Legal Group, P.C.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, P.C., | Chapter 11 |
| Debtor. | **CONSUMER LEGAL GROUP, P.C.'S RESPONSE TO UNITED STATES TRUSTEE'S OPPOSITION TO MOTION OF TRUSTEE RICHARD A. MARSHACK FOR ENTRY OF AN ORDER (A) APPROVING SALE, SUBJECT TO OVERBID, OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS** |
| | DATE:   July 21, 2023<br>TIME:   10:00 a.m.<br>PLACE: Courtroom "5C" |

DAL 54975583v1

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1  Consumer Legal Group, P.C. ("CLG") hereby submits "Consumer Legal
2  Group, P.C.'s Response to United States Trustee's Opposition to Motion of Trustee
3  Richard A. Marshack for Entry of An Order (A) Approving Sale, Subject to Overbid, of
4  Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11
5  U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory
6  Contracts and Unexpired Leases and Other Agreements" (the "Response"), in response
7  to the "United States Trustee's Opposition to Notice of Motion and Motion of Trustee
8  Richard A. Marshack for Entry of An Order (A) Approving Sale, Subject to Overbid, of
9  Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11
10  U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory
11  Contracts and Unexpired Leases and Other Agreements" (the "Opposition"), filed by the
12  Office of the United States Trustee (the "OUST"), in response to the "Notice of Motion
13  and Motion of Trustee Richard A. Marshack for Entry of An Order (A) Approving Sale,
14  Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and
15  Interests Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment
16  of Certain Executory Contracts and Unexpired Leases and Other Agreements" (the "Sale
17  Motion"), filed by Richard A. Marshack (the "Trustee"), the duly appointed, qualified, and
18  acting chapter 11 trustee for the estate of the debtor The Litigation Practice Group, P.C.
19  (the "Debtor"), and represents as follows:

20  **I.**
21  **PREFATORY STATEMENT**

22  Rather than being applauded for stepping into the quagmire caused by the
23  Debtor's downfall and attempting to provide considerable value to existing clients and
24  creditors, numerous parties, most notably the OUST, have attempted to malign CLG in
25  an effort to derail the Trustee's sales efforts. The accusations against CLG are not
26  supported with even a hint of credible evidence and should be wholly disregarded by the
27  Court as it considers the Sale Motion. In fact, on at least three occasions, the Trustee
28  has submitted declarations from Jason Rebhun, the managing attorney of CLG, meant to

DAL 54975583v1                                    2

assuage any potential doubts the Court, clients, or creditors may have regarding CLG's expertise in the consumer debt space or its connections to the Debtor or Tony Diab.

Most recently, the Trustee submitted a declaration from Mr. Rebhun attesting to the following:

(i) CLG's lack of any personal, business, or financial arrangements with the Debtor or Tony Diab, aside from its purchase of the "CLG Acquired Clients" (as defined in the "Stipulation re Partial Settlement of Claims and Modification of Order On Trustee, Richard Marshack's Omnibus Emergency Motion As to Covered Parties and Defendants, Consumer Legal Group, P.C. and LGS HoldCo, LLC" (the "Stipulation"), entered into on or around June 30, 2023, by and between the Trustee, on the one hand, and CLG and LGS HoldCo, LLC ("LGS"), on the other hand) or anything else that has been disclosed to Trustee;

(ii) a list and summary of all attorneys employed or retained by CLG to service the CLG Acquired Clients;

(iii) a numeric allocation of non-attorney employees;

(iv) a detailed summary of the services CLG provides;

(v) a description of CLG's fee structure, including an exemplar of the Legal Services Agreement CLG's clients execute; and

(vi) all other performance metrics CLG maintains related to its services provided to CLG clients/consumer debtors.[1]

In addition, in a previous declaration filed with the Court, Mr. Rebhun expressly acknowledged that CLG would comport itself to a form of Legal Services

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court is respectfully requested to take judicial notice of the "Declaration of Jason Rebhun in Support of Stipulation re Partial Settlement of Claims and Modification of Order On Trustee, Richard Marshack's Omnibus Emergency Motion As to Covered Parties and Defendants, Consumer Legal Group, P.C. and LGS HoldCo, LLC", filed on July 17, 2023 [Docket No. 263].

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

Agreement proposed by the Trustee that was affixed to the declaration as Exhibit 1.[2] In this same declaration, Mr. Rebhun further explained that, among other things, CLG has a no hassle refund policy, wherein CLG will refund money paid for unearned fees by a client in the event the client wishes to terminate CLG's employment for services provided under the Legal Services Agreement prior to completion or fulfillment of the agreed-to services.

Notwithstanding the uncontroverted evidence showing that not only is CLG more than equipped to absorb and service the 35,000 client files that are the subject of the Sale Motion, but that it has no connections with the Debtor or its principals that would prevent it from obtaining 11 U.S.C. § 363(m) protection, the OUST, relying on nothing more than hearsay statements and pure conjecture, seeks to block the sale to CLG, or any buyer for that matter.

In sum, rather than support the Trustee and CLG, or any qualified overbidder, the OUST instead has resorted to what amounts to business slander, accusing CLG of unethical conduct and being infested with some sort of insider status preventing it from even being considered a buyer, let alone be afforded Section 363(m) status. The OUST simply has not done its homework when it comes to CLG and its experienced counsel. CLG certainly is not, as the OUST wildly proclaims, operating the same business model as the Debtor. There certainly is no evidence for this false statement.

For instance, the OUST makes a mockery of its investigative skills by falsely portraying the CLG website, which has the picture of the thirty plus year attorney Aryeh Weber, as deceptive. However, the mere fact that the website has two stock

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court is respectfully requested to take judicial notice of the "Supplemental Declaration of Jason J. Rebhun in Support of Motion of Trustee Richard A. Marshack for Entry of An Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements", filed on July 17, 2023 [Docket No. 260-1].

images is very common as not every attorney doing work for CLG wants their photo on the website. Moreover, had the OUST properly indexed Jason Rebhun in the New York court system, it would have seen he has dozens of active cases. In addition, CLG never charges its clients for any local counsel fees it incurs in defending them. The OUST, therefore, is literally making mountains out of mole hills.

Importantly, CLG has no pending actions or complaints against it as the OUST implies. While there were two recent complaints made to the New York Attorney General's Office that CLG only recently became aware of (since the complaints were not effectively served on CLG), these two minor "complaints" were promptly addressed and responded to by CLG such that CLG expects both files to be closed imminently.[3] In any event, this is a minor insignificant statistic that shows nothing.

---

[3] In CLG's July 18, 2023, letter to Elizabeth M. Lynch, Assistant Attorney General, Office of the New York State Attorney General, Bureau of Consumer Frauds and Protection, CLG demonstrated that each of the two complaints had no merit. In File No. 23-018039-M1, a client retained the Debtor on September 13, 2022. Two payments of $264.50 cleared through the Debtor, one on October 5, 2022, and one on December 16, 2022. Neither of the payments were made by or to CLG. After being transferred to CLG on January 26, 2023, CLG got in contact with the client to discuss the transition and quell any concerns she had about the transfer. The client requested that one of the payments be moved to the end of her payment plan, and while waiting for confirmation of this accommodation, the payment turned to pending and CLG was unable to make changes. Because CLG was unable to move this payment, as she requested the change one day before the scheduled transaction date by the processor, the client was upset and wanted a refund and cancellation. The client then emailed CLG a lengthy email complaining about her not wanting the transfer. CLG reached out a few times in the next month to discuss this matter with the client, but she never answered. Based on the lack of client response, CLG canceled the file. Since CLG never received any funds from the client, CLG believed the matter was closed. However, CLG still refunded the client a total of $529 for the two payments she made to the Debtor before the client was transferred to CLG. In other words, even though CLG did not receive any client funds from the Debtor, it agreed to absorb the loss so the complaint could be closed. The second purported complaint, designated File No. 23-021669-M1, also involved a former client of the Debtor who was transitioned to CLG. The client's first payment was meant to be January 20, 2023, but it was returned due to insufficient funds. The client then requested that the Debtor move this payment to the end of his payment plan with the first payment being on February 28, 2023, along with extending his payment plan from 24 months to 48 months to decrease the monthly payment. The document reflecting the agreed upon changes was signed by the Debtor on February 2, 2023. As instructed, the client's first payment was pulled by the Debtor on February 28, 2023, and they were transferred to CLG on March 6, 2023. The client received the new service agreement from CLG when the transfer happened on March 6, 2023, and it was signed by the client that same day. On March 27, 2023, the client asked CLG to "[p]lease cancel the service - already settled with the credit card companies". CLG put in this request and paused the client's payments the same day, before the March 28, 2023, payment was pulled. The client's file was completely canceled two days later on March 30, 2023, with CLG never taking any payment from the client.

1    Hence, there simply is no basis for any of the false accusations littered
2 throughout the OUST's Opposition, and, as opposed to the OUST, who simply has been
3 sitting on the sidelines criticizing and opposing everything the Trustee is doing, the
4 Trustee has thoroughly vetted CLG during this sale process.  In the end, it is the
5 Trustee's, not the OUST's, business judgment that the Court should be deferring to when
6 considering the Sale Motion.  The OUST simply is engaging in the proverbial witch hunt
7 meant to scare clients, creditors and, ultimately, this Court from approving the sale.  If
8 anything, the Court should be questioning the motives of the OUST who, since day one
9 has expressed its unrelenting desire to shutter the Debtor's business, regardless of the
10 extreme prejudice and harm that will flow from such a drastic and unnecessary result.

    Refusing to approve the sale would leave tens of thousands of indigent people unrepresented, exposed to pending litigation without a life-vest, exposed to further financial ruin (judgments, garnishments, and seizures), and would open the floodgates for client refund requests.  This type of haphazard approach would injure the very people the OUST claims they are trying to protect.  Since any client can opt out and refuse the services of CLG, and CLG is not being granted any releases, the OUST should allow the sale to proceed understanding that the relationship between CLG and the Debtor's existing clients will be purely voluntary in nature.

## II.

## CONCLUSION

    Based on the foregoing, CLG respectfully requests that the Sale Motion be granted in all respects, and for such other and further relief as the Court deems just and proper.

DATED: July 20, 2023          **GREENSPOON MARDER LLP**

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Consumer Legal Group, P.C.

DATED: July 20, 2023

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC

By: _____
Ronald Richards
Attorneys for Consumer Legal Group, P.C.

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 954.771.9264

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1875 Century Park East, Suite 1900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **CONSUMER LEGAL GROUP, P.C.'S RESPONSE TO UNITED STATES TRUSTEE'S OPPOSITION TO MOTION OF TRUSTEE RICHARD A. MARSHACK FOR ENTRY OF AN ORDER (A) APPROVING SALE, SUBJECT TO OVERBID, OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 20, 2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 20, 2023 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Teri T Pham**    tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott3@bclplaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**