Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Proposed* Counsel For Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**OFFICIAL COMMITTEE OF UNSECURED CREDITORS':**<br>**(I) JOINDER IN CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO MOTION BY OFFICE OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b); AND (II) RESERVATION OF RIGHTS**<br><br>**Hearing Date and Time**<br>Date:   August 10, 2023<br>Time:   10:00 a.m.<br>Place:  *Via ZoomGov*<br>        Courtroom 5C<br>        411 West Fourth Street<br>        Santa Ana, California 92701 |

The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group, P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits this joinder and reservation of rights: (i) in response to the *Motion by United States Trustee to Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 232] (the "Motion"), filed by the Office of the United States Trustee (the "UST"); and (ii) joining in support of the *Chapter 11 Trustee's Preliminary Opposition to Motion by Office of the United States Trustee to Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 286] (the "Opposition") filed by the chapter 11 trustee, Richard A. Marshack (the "Trustee"). In support of this joinder and reservation of rights, the Committee refers to the record in this Bankruptcy Case, the argument of counsel at any hearing on the Motion, and respectfully states as follows:

## I.

## **JOINDER**

The Committee joins in the Opposition filed by the Trustee in lieu of full-blown briefing to preserve estate resources in the face of a Motion that should be denied as moot and barred by the law of the case doctrine. However, as set forth below, the Committee reserves all rights including the right to submit supplemental briefing, as appropriate, to the extent the UST attempts to revive the Motion and seek relief on grounds not explicitly set forth in the Motion.

In addition to the arguments set forth in the Opposition, the Committee further supplements the Trustee's arguments with the material developments in the Bankruptcy Case in the week since the Opposition was filed. On July 22, 2023, the Court entered its memorandum decision [Docket No. 320] (the "Memorandum Decision") granting the Trustee's motion [Docket No. 191] (the "Sale Motion") to approve a sale (the "Sale") of the estate's assets. The Memorandum Decision addresses and resolves many of the arguments asserted by the UST in the Motion as grounds for conversion:

The UST primarily contends that the Trustee's continued operation of the Debtor's business constitutes "cause" to convert under § 1112(b) because the business violates applicable law. *See*

---

[1] Unless otherwise defined herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code and all references to "Rule" refer to a rule of the Federal Rules of Bankruptcy Procedure.

Mot. at 23-31. The UST's argument is premised on the "illegality" of the estate's contracts with consumers. *See, e.g.*, *id.* at 23 ("The Court should not permit the Trustee to continue operating LPG's consumer debt resolution business **because its source of income is based on the Legal Services Agreements, which are illegal under federal and state laws.**") (emphasis added).

The Memorandum Decision vitiates the UST's primary position in the Motion for two reasons. **First**, assuming the Sale closes, the Trustee's Motion will be moot because the Trustee will no longer be "operating" the business. As such, even assuming *arguendo* the Legal Services Agreements violate applicable law, the Trustee's management of the estate will no longer be at issue. *See, e.g., Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006) ("Whereas standing is evaluated by the facts that existed when the complaint was filed, '[m]ootness inquiries, however, require courts to look to changing circumstances that arise after the complaint is filed.' If a 'live' controversy no longer exists, the claim is moot.") (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)); *see also Dream Palace v. County of Maricopa*, 384 F.3d 990, 999-1000 (9th Cir. 2004) ("The question of mootness focuses upon whether we can still grant relief between the parties.") (internal quotation marks omitted).

**Second**, the Court held that the legal services agreements could be reformed to comply with applicable law and ordered the same. *See* Mem. Dec. at 14 ("[T]he Court agrees that the Court may, in its sound discretion, sever offensive provisions and cure the illegal terms of Debtor's existing agreements with a comprehensive new Legal Services Agreement which will comport with applicable California law."). The UST's position that continued performance under the legal services agreements would violate applicable law no longer squares with the reformed agreements. As such, the changed circumstances of this Bankruptcy Case renders the Motion, in large part, (a) moot, as the Court can no longer grant the UST meaningful relief with respect to claims that the Trustee cannot operate an allegedly illegal business or assign legal services agreements that include provisions that violate applicable law, and (b) barred by the law of the case doctrine, to the extent the Motion seeks to challenge rulings already made by this Court in the Memorandum Decision. *See Gonzales v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) ("Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court

or a higher court in the same case."). As the Motion is not premised on Rules 9023 or 9024, the Motion should be denied to the extent it seeks reconsideration of the Court's decisions without any analysis of the applicable standard.

## II.

## **RESERVATION OF RIGHTS**

As set forth above, the principal impetus for the Motion is resolved by the Court's ruling on the Sale Motion. Moreover, the Motion should be denied even if the UST's intention is to leave the Motion pending—only to be revitalized if the Sale to Morning Law Group, P.C. or the back-up bidder does not ultimately close. Too much water has passed under the bridge for the factual and legal bases for conversion set forth in the Motion to have any bearing on this Bankruptcy Case by the time the Motion comes on for hearing. The Committee reserves all rights to present supplemental briefing in the event the UST intends to seek the same relief requested in the Motion on alternative grounds not explicitly set forth in the Motion. Nothing contained herein shall be construed as a waiver of arguments, claims, or defenses, or an election of remedies with respect to the Motion.

## III.

## **CONCLUSION**

Based on the foregoing, the Committee respectfully requests that the Court enter an order: (i) denying the Motion; and (ii) granting the Committee such other and further relief as is just and appropriate under the circumstances.

Dated: July 27, 2023                                Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:  *Nicholas A. Koffroth*
Proposed Counsel to Official Committee
of Unsecured Creditors

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: OFFICIAL COMMITTEE OF UNSECURED CREDITORS': (I) JOINDER IN CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO MOTION BY OFFICE OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b); AND (II) RESERVATION OF RIGHTS on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/27/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**  eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**  ron@rkbrownlaw.com
- **Christopher Celentino**  christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**  cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**  rbc@randallbclark.com
- **Leslie A Cohen**  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Daniel A Edelman**  dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**  christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**  jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**  ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**  ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**  ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**  razmigizakelian@quinnemanuel.com
- **Joon M Khang**  joon@khanglaw.com
- **Ira David Kharasch**  ikharasch@pszjlaw.com
- **Nicholas A Koffroth**  nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**  David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**  chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**  daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**  mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**  pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud**  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov

Active\118774763.v1-1/20/21

- **Byron Z Moldo**  bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias**  anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**  vnewmark@pszjlaw.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Teri T Pham**  tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**  dplazak@rhlaw.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**  gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**  olivia.scott3@bclplaw.com
- **Jonathan Serrano**  jonathan.serrano@dinsmore.com
- **Paul R Shankman**  PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**  leslie.skorheim@usdoj.gov
- **Andrew Still**  astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**  sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**  JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**2.    SERVED BY UNITED STATES MAIL**:  On July 27, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Parties not on ECF but require service of filings:

Grobstein Teeple LLP
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630

Jason Patterson Stopnitzky
52 Cupertino Circle
Aliso Viejo, CA 92656

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 19, 2023, I served the following persons and/or entities by personal delivery, mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

| 7/27/2023 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |