PETER C. ANDERSON
United States Trustee
Kenneth M. Misken (SBN 349167)
Assistant United States Trustee
Queenie K. Ng (SBN 223803)
Leslie A. Skorheim (SBN 293596)
Attorneys for the U.S. Trustee
Ronald Reagan Federal Building
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Tel: (714) 338-3405
Fax: (714) 338-3421
Email: Kenneth.m.misken@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**THE LITIGATION PRACTICE GROUP, P.C.,**<br><br>                    Debtor. | Case Number 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S REPLY TO OPPOSITIONS FILED TO NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)**<br><br>DATE:     August 10, 2023<br>TIME:     10:00 a.m.<br>CTRM:    5C – Virtual[1]<br>              411 W. 4th Street<br>              Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, CHAPTER 11 TRUSTEE, AND ALL PARTIES IN INTEREST:**

---

[1] Accessibility information will be posted into the Court's tentative ruling prior to the hearing. Parties can obtain such accessibility information on Judge Clarkson's posted hearing calendar which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

1

## I. INTRODUCTION

As discussed below, the U.S. Trustee is no longer pursuing many of the arguments raised in his Motion to Convert in light of the Court's order [Bankr. Dkt. #320] ("Sale Order") granting the Chapter 11 Trustee's ("Trustee") Motion [Bankr. Dkt. #191] ("Sale Motion") to approve the sale of the estate's assets ("Sale"). Nonetheless, there is still cause to convert this case to chapter 7 because there is nothing else for the Trustee to do in chapter 11 that cannot be done in chapter 7. Any actions that the Trustee would pursue (i.e., avoidance and preference actions, fraudulent conveyance actions, any turnover or recovery, etc.) can be done in chapter 7.

Agreeing with the Committee's reservation of rights, the U.S. Trustee recommends that the Motion to Convert be continued to allow all parties in interest an opportunity to further respond. A continuance will also provide the opportunity for the Sale to close because if the Sale does not close there may be additional grounds to convert this case to chapter 7.

## II. CAUSE STILL EXISTS TO CONVERT THE CASE TO CHAPTER 7

Under 11 U.S.C. § 1112(b)(1), the Court may dismiss or convert a case if a movant establishes "cause." The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal or conversion under 11 U.S.C. § 1112(b). *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000). The "enumerated causes are not exhaustive, and 'the court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.'" *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. at 375 (quoting H.R. No. 95-595, 95th Cong., 1st Sess. 405-06 (1977)). The court "must also consider what is in the best interest of the creditors and the estate." *Id.* (citing 11 U.S.C. § 1112(b)).

Here, assuming the Sale closes, the estate's assets will have been sold. LPG has no business to reorganize. There is nothing else for the Trustee to do in chapter 11 that cannot

be done in chapter 7.  Any actions that the Trustee would pursue (i.e., avoidance and preference actions, fraudulent conveyance actions, any turnover or recovery of estate property, etc.) can be done in chapter 7 more economically.  The chapter 7 trustee will be able to orderly proceed with evaluating proofs of claim, pursue avoidance and preference actions for the benefit of all creditors, and efficiently distribute estate funds to all creditors pursuant to the priority scheme of the bankruptcy code.  Proceeding in chapter 7 does not appear to adversely affect any creditor and would be more cost effective for the estate.  As such, cause exists to convert this case to chapter 7.

### III. ARGUMENTS IN MOTION TO CONVERT

In the Motion to Convert, the U.S. Trustee requested the Court to convert this case to one under chapter 7 pursuant to 11 U.S.C. § 1112(b), arguing that cause existed because: (1) there is continued gross mismanagement of the estate through the continued operations and sale of LPG's debt validation business that likely violates federal and state law; (2) the Trustee failed to timely file an appropriate bond; (3) the Trustee has not filed monthly operating reports and has not provided a detailed accounting of the money borrowed post-petition; and (4) adequate insurance has not been maintained.

### a. Illegal Operations of LPG

The U.S. Trustee will not reargue the illegality of LPG's business and the consumer contracts.  These issues were considered by the Court in connection with the Sale.

### b. Timely Filing a Bond

Pursuant to § 322 of the Bankruptcy Code, the Trustee was required to have an initial bond in the amount of $400,000, as set forth in his Notice of Appointment [Bankr. Dkt. #62], by no later than June 2, 2023.  The Trustee did not obtain and file a bond with the Court until July 7, 2023 [Bankr. Dkt. #186].  Albeit untimely, a bond has been obtained by the Trustee and thus, this issue has been cured.

### c. Filing Monthly Operating Reports

On June 21, 2021, the United States Trustee Program's rule entitled *Uniform Periodic Reports in Cases Filed Under Chapter 11 of Title 11*, published at 28 C.F.R. § 58.8 (the "Final Rule") became effective. The Final Rule requires that chapter 11 debtors-in-possession and trustees, other than in small business and subchapter V cases, file UST Form 11-MOR each month by the 21st of the following month. The UST Form 11-MOR is nationally implemented and is required to be used for all reports filed after November 30, 2021. To date, the Trustee has not filed Form 11-MOR for April, May, and June 2023.

The Trustee asserts that he is unable to complete the required UST Form 11-MOR because he is unable to answer various questions. *See* Mehra Decl., ¶ 6. However, the Trustee could attach a supplement to the filed UST Form 11-MOR explaining or clarifying his answer and explaining what the Trustee was doing to get the answer. The Trustee has been appointed since March 8, 2023, and has had sufficient time to determine the answers to the questions he was unable to answer. The Trustee has an ongoing obligation to comply with the Final Rule, which was not alleviated by filing the declarations in lieu of the proper UST Form 11-MOR.

### d. Maintaining Appropriate Insurance

As of the filing of the Motion, the Trustee had not provided adequate proof of maintaining appropriate insurance, but this issue has since been cured. *See* Marshack Decl., Ex. 7 insurance policies dated July 14, 2023).

//
//
//
//
//

## IV. CONCLUSION

Based on the foregoing, and upon such other and further oral and/or documentary evidence as may be presented at the time of the hearing, the U.S. Trustee respectfully requests that the case be converted to chapter 7 pursuant to 11 U.S.C. § 1112(b). Alternatively, the U.S. Trustee respectfully requests that the hearing on the Motion to Convert be continued to allow all parties in interest an opportunity to further respond as to whether this case should proceed in Chapter 11 or be converted to a Chapter 7 assuming that all the estate's assets have been sold.

Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

DATED: August 3, 2023                By:    /s/ *Kenneth Misken*
                                            Kenneth M. Misken
                                            Assistant United States Trustee

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OFFICE OF THE U.S. TRUSTEE, 411 West 4th St., #7160 Santa Ana, CA  92701

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S REPLY TO OPPOSITIONS FILED TO NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 3, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Judge's Copy
Honorable Scott C. Clarkson – bin on the 5th Floor

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/03/23 | Jaimee Zayicek | /s/ Jaimee Zayicek |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
    - **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
    - **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
    - **Ronald K Brown**    ron@rkbrownlaw.com
    - **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
    - **Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
    - **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
    - **Randall Baldwin Clark**    rbc@randallbclark.com
    - **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
    - **Aaron E. DE Leest**    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
    - **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
    - **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
    - **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
    - **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
    - **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
    - **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
    - **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
    - **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
    - **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
    - **Joon M Khang**    joon@khanglaw.com
    - **Ira David Kharasch**    ikharasch@pszjlaw.com
    - **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
    - **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
    - **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
    - **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
    - **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
    - **Michael D Lieberman**    mlieberman@lipsonneilson.com
    - **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
    - **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
    - **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
    - **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
    - **Byron Z Moldo**    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
    - **Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
    - **Victoria Newmark**    vnewmark@pszjlaw.com
    - **Queenie K Ng**    queenie.k.ng@usdoj.gov
    - **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
    - **Teri T Pham**    tpham@epglawyers.com, ttpassistant@epglawyers.com;dle@epglawyers.com
    - **Douglas A Plazak**    dplazak@rhlaw.com
    - **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
    - **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
    - **Gregory M Salvato**    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
    - **Olivia Scott**    olivia.scott3@bclplaw.com
    - **Jonathan Serrano**    jonathan.serrano@dinsmore.com
    - **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
    - **Zev Shechtman**    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

- **Leslie Skorheim**   leslie.skorheim@usdoj.gov
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com

2. **SERVED BY UNITED STATES MAIL**:

Nancy B. Rapoport
University of Nevada, Las Vegas
4505 S. Maryland Parkway
Box 451003
Las Vegas, NV 89154

Judith Skiba
PO Box 1016
Pascagoula, MS 39568

Jason Patterson Stopnitzky
52 Cupertino Circle
Aliso Viejo, CA 92656

Lucy L. Thomson
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, DC 20004

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**