United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 23-10571-SC |
| The Litigation Practice Group P.C. | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

District/off: 0973-8      User: admin      Page 1 of 5
Date Rcvd: Aug 07, 2023      Form ID: pdf042      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#      Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 09, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | The Litigation Practice Group P.C., 17542 17th St, Suite 100, Tustin, CA 92780-1981 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 09, 2023      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 7, 2023 at the address(es) listed below:

**Name**      **Email Address**

Aaron E. DE Leest
     on behalf of Interested Party Courtesy NEF adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Alan Craig Hochheiser
     on behalf of Creditor City Capital NY ahochheiser@mauricewutscher.com  arodriguez@mauricewutscher.com

Alan I Nahmias
     on behalf of Interested Party Courtesy NEF anahmias@mbn.law  jdale@mbn.law

Andrew Still
     on behalf of Interested Party Courtesy NEF astill@swlaw.com  kcollins@swlaw.com

Andrew Still
     on behalf of Creditor Alteryx Inc. astill@swlaw.com, kcollins@swlaw.com

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 2 of 5 |
| Date Rcvd: Aug 07, 2023 | Form ID: pdf042 | Total Noticed: 1 |

Byron Z Moldo
    on behalf of Interested Party Byron Moldo bmoldo@ecjlaw.com amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Christopher Celentino
    on behalf of Plaintiff Richard A. Marshack christopher.celentino@dinsmore.com caron.burke@dinsmore.com

Christopher Celentino
    on behalf of Trustee Richard A Marshack (TR) christopher.celentino@dinsmore.com caron.burke@dinsmore.com

Christopher Ghio
    on behalf of Plaintiff Richard A. Marshack christopher.ghio@dinsmore.com Kristina.Heller@Dinsmore.com

Christopher Ghio
    on behalf of Trustee Richard A Marshack (TR) christopher.ghio@dinsmore.com Kristina.Heller@Dinsmore.com

Christopher J Langley
    on behalf of Interested Party Courtesy NEF chris@slclawoffice.com
    omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

D Edward Hays
    on behalf of Trustee Richard A Marshack (TR) ehays@marshackhays.com
    ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays
    on behalf of Interested Party Courtesy NEF ehays@marshackhays.com
    ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Daniel A Edelman
    on behalf of Creditor Carolyn Beech dedelman@edcombs.com courtecl@edcombs.com

Daniel A Lev
    on behalf of Interested Party Liberty Acquisitions Group Inc. daniel.lev@gmlaw.com
    cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev
    on behalf of Interested Party Consumer Legal Group  P.C. daniel.lev@gmlaw.com,
    cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev
    on behalf of Interested Party Courtesy NEF daniel.lev@gmlaw.com cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev
    on behalf of Defendant Consumer Legal Group  PC daniel.lev@gmlaw.com,
    cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev
    on behalf of Defendant LGS Holdco  LLC daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel H Reiss
    on behalf of Defendant Touzi Capital  LLC dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss
    on behalf of Defendant Eng Taing dhr@lnbyg.com dhr@ecf.inforuptcy.com

David S Kupetz
    on behalf of Defendant Marich Bein  LLC David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz
    on behalf of Interested Party Courtesy NEF David.Kupetz@lockelord.com mylene.ruiz@lockelord.com

Douglas A Plazak
    on behalf of Defendant Han Trinh dplazak@rhlaw.com

Douglas A Plazak
    on behalf of Defendant Greyson Law Center PC dplazak@rhlaw.com

Douglas A Plazak
    on behalf of Defendant Jayde Trinh dplazak@rhlaw.com

Douglas A Plazak
    on behalf of Defendant Scott James Eadie dplazak@rhlaw.com

Eric Bensamochan
    on behalf of Creditor Oxford Knox  LLC eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan
    on behalf of Interested Party Eric Bensamochan eric@eblawfirm.us G63723@notify.cincompass.com

Eric Bensamochan
    on behalf of Interested Party Courtesy NEF eric@eblawfirm.us G63723@notify.cincompass.com

Eric Bensamochan
    on behalf of Creditor Affirma  LLC eric@eblawfirm.us, G63723@notify.cincompass.com

Case 8:23-bk-10571-SC    Doc 371    Filed 08/09/23    Entered 08/09/23 21:27:35    Desc
Imaged Certificate of Notice    Page 3 of 13

| District/off: 0973-8 | User: admin | Page 3 of 5 |
|---|---|---|
| Date Rcvd: Aug 07, 2023 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| Garrick A Hollander | on behalf of Creditor MC DVI Fund 1 LLC ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| Garrick A Hollander | on behalf of Creditor Debt Validation Fund II LLC ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| Garrick A Hollander | on behalf of Creditor MC DVI Fund 2 LLC ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| Gregory M Salvato | on behalf of Interested Party Courtesy NEF gsalvato@salvatoboufadel.com calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| Gregory M Salvato | on behalf of Creditor Mari Agape gsalvato@salvatoboufadel.com calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| Howard Steinberg | on behalf of Defendant BankUnited N.A. steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
| Ira David Kharasch | on behalf of Interested Party Ad Hoc Consumer Claimants Committee ikharasch@pszjlaw.com |
| Ira David Kharasch | on behalf of Interested Party Courtesy NEF ikharasch@pszjlaw.com |
| Jeffrey I Golden | on behalf of Creditor Affirma LLC jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden | on behalf of Creditor Anaheim Ducks Hockey Club LLC jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden | on behalf of Creditor Anaheim Arena Management LLC jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden | on behalf of Interested Party Courtesy NEF jgolden@go2.law kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden | on behalf of Creditor Oxford Knox LLC jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com |
| Jenny L Doling | on behalf of Interested Party National Consumer Bankruptcy Rights Center jd@jdl.law dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com |
| Jenny L Doling | on behalf of Interested Party INTERESTED PARTY jd@jdl.law dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com |
| Jenny L Doling | on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys jd@jdl.law dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com |
| Johnny White | on behalf of Creditor Debt Relief Group LLC JWhite@wrslawyers.com, jlee@wrslawyers.com |
| Johnny White | on behalf of Interested Party Courtesy NEF JWhite@wrslawyers.com jlee@wrslawyers.com |
| Jonathan Serrano | on behalf of Trustee Richard A Marshack (TR) jonathan.serrano@dinsmore.com |
| Jonathan Serrano | on behalf of Plaintiff Richard A. Marshack jonathan.serrano@dinsmore.com |
| Joon M Khang | on behalf of Debtor The Litigation Practice Group P.C. joon@khanglaw.com |
| Keith C Owens | |

Case 8:23-bk-10571-SC    Doc 371    Filed 08/09/23    Entered 08/09/23 21:27:35    Desc
Imaged Certificate of Notice    Page 4 of 13

| District/off: 0973-8 | User: admin | Page 4 of 5 |
|---|---|---|
| Date Rcvd: Aug 07, 2023 | Form ID: pdf042 | Total Noticed: 1 |

|  |  |
|---|---|
|  | on behalf of Creditor Committee Committee of Unsecured Creditors kowens@foxrothschild.com  khoang@foxrothschild.com |
| Kenneth Misken | on behalf of U.S. Trustee United States Trustee (SA) Kenneth.M.Misken@usdoj.gov |
| Laila Masud | on behalf of Interested Party Richard A. Marshack lmasud@marshackhays.com lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com |
| Laila Masud | on behalf of Plaintiff Richard Marshack lmasud@marshackhays.com  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com |
| Laila Masud | on behalf of Trustee Richard A Marshack (TR) lmasud@marshackhays.com lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com |
| Laila Masud | on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com |
| Leslie Skorheim | on behalf of U.S. Trustee United States Trustee (SA) leslie.skorheim@usdoj.gov |
| Leslie A Cohen | on behalf of Interested Party Courtesy NEF leslie@lesliecohenlaw.com  jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com |
| Meredith King | on behalf of Interested Party Courtesy NEF mking@fsl.law  ssanchez@fsl.law;jwilson@fsl.law |
| Meredith King | on behalf of Defendant Gallant Law Group mking@fsl.law  ssanchez@fsl.law;jwilson@fsl.law |
| Michael D Lieberman | on behalf of Creditor Phillip A. Greenblatt  PLLC mlieberman@lipsonneilson.com |
| Michael F Chekian | on behalf of Interested Party Michael Chekian mike@cheklaw.com  chekianmr84018@notify.bestcase.com |
| Nicholas A Koffroth | on behalf of Creditor Committee Committee of Unsecured Creditors nkoffroth@foxrothschild.com  khoang@foxrothschild.com |
| Olivia Scott | on behalf of Creditor Hi Bar Capital LLC olivia.scott3@bclplaw.com |
| Olivia Scott | on behalf of Creditor Azzure Capital LLC olivia.scott3@bclplaw.com |
| Paul R Shankman | on behalf of Creditor United Partnerships  LLC PShankman@fortislaw.com, info@fortislaw.com |
| Paul R Shankman | on behalf of Attorney Paul R. Shankman PShankman@fortislaw.com  info@fortislaw.com |
| Peter W Bowie | on behalf of Trustee Richard A Marshack (TR) peter.bowie@dinsmore.com  caron.burke@dinsmore.com |
| Queenie K Ng | on behalf of U.S. Trustee United States Trustee (SA) queenie.k.ng@usdoj.gov |
| Randall Baldwin Clark | on behalf of Interested Party Randall Baldwin Clark rbc@randallbclark.com |
| Razmig Izakelian | on behalf of Creditor OHP-CDR  LP razmigizakelian@quinnemanuel.com |
| Richard A Marshack (TR) | pkraus@marshackhays.com  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com |
| Richard H Golubow | on behalf of Creditor Debt Validation Fund II  LLC rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| Richard H Golubow | on behalf of Creditor MC DVI Fund 1  LLC rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| Richard H Golubow | on behalf of Creditor MC DVI Fund 2  LLC rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| Ronald K Brown | on behalf of Creditor SDCO Tustin Executive Center  Inc. ron@rkbrownlaw.com |

District/off: 0973-8 | User: admin | Page 5 of 5
Date Rcvd: Aug 07, 2023 | Form ID: pdf042 | Total Noticed: 1

| | |
|---|---|
| Ronald N Richards | on behalf of Defendant Consumer Legal Group PC ron@ronaldrichards.com, 7206828420@filings.docketbird.com |
| Ronald N Richards | on behalf of Interested Party Courtesy NEF ron@ronaldrichards.com 7206828420@filings.docketbird.com |
| Sharon Z. Weiss | on behalf of Creditor Azzure Capital LLC sharon.weiss@bclplaw.com raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |
| Sharon Z. Weiss | on behalf of Creditor Hi Bar Capital LLC sharon.weiss@bclplaw.com raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |
| Shawn M Christianson | on behalf of Interested Party Courtesy NEF cmcintire@buchalter.com schristianson@buchalter.com |
| Teri T Pham | on behalf of Attorney Teri Pham tpham@epglawyers.com ttpassistant@epglawyers.com;dle@epglawyers.com |
| Teri T Pham | on behalf of Defendant Daniel S. March tpham@epglawyers.com ttpassistant@epglawyers.com;dle@epglawyers.com |
| Teri T Pham | on behalf of Defendant Tony Diab tpham@epglawyers.com ttpassistant@epglawyers.com;dle@epglawyers.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Victoria Newmark | on behalf of Interested Party Courtesy NEF vnewmark@pszjlaw.com |
| Yosina M Lissebeck | on behalf of Plaintiff Richard A. Marshack yosina.lissebeck@dinsmore.com caron.burke@dinsmore.com |
| Yosina M Lissebeck | on behalf of Trustee Richard A Marshack (TR) yosina.lissebeck@dinsmore.com caron.burke@dinsmore.com |
| Zev Shechtman | on behalf of Interested Party Danning Gill Israel & Krasnoff LLP zs@DanningGill.com danninggill@gmail.com;zshechtman@ecf.inforuptcy.com |

TOTAL: 91

Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

**FILED & ENTERED**

**AUG 07 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571<br><br>Chapter 11<br><br>**ORDER APPOINTING NANCY RAPOPORT AS ETHICS COMPLIANCE MONITOR**<br><br>Date:   July 21, 2023<br>Time:  10:00 a.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>          411 W. Fourth Street<br>          Santa Ana, CA  92701 |

On July 21, 2023, at 10:00 a.m., in Courtroom 5C of the United States Bankruptcy Court, Central District of California, Santa Ana Division ("Bankruptcy Court"), located at 411 West Fourth Street, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, conducted a hearing ("Hearing") regarding above-referenced debtor, The Litigation Practice Group, P.C. ("LPG" or the "Debtor") relating to the within bankruptcy estate ("Estate"); on the Motion of Trustee Richard A. Marshack ("Trustee")For Entry of an Order: (A) Approving Sale of Assets Free and Clear of All Liens, Claims, Encumbrances  and Interests Pursuant to 11 U.S.C. § 363(b); and (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other

1 Agreements [Dkt. No. 191] (the "Motion")[1] filed by Richard A. Marshack on July 7, 2023 in the above-captioned Chapter 11 bankruptcy case ("Case"), along with the Declaration of Richard A. Marshack in Support by Richard A. Marshack, Chapter 11 Trustee [Dkt. No. 191-1] ; Declaration of Mr. Carss [Dkt. No. 191-2]; Declaration of Mr. Pruyn [Dkt. No. 191-3]; Declaration of Mr. Rebhun [Dkt. No. 191-4]; and Declaration of Mr. Schneider [Dkt. No. 191-5], along with all supplemental documents requested by the Bankruptcy Court to be filed on July 17, 2023, including but not limited to Trustee's Pocket Brief [Dkt. No. 260]; the Supplemental Declaration of Mr. Rebhun [Dkt. No. 260-1]; the Supplemental Declaration of Mr. Pruyn [Dkt. No. 260-2]; and Supplemental Declaration of Mr. Carss [Dkt. No. 260-3]. Christopher Celentino, Christopher Ghio, Yosina Lissebeck and Peter W. Bowie of Dinsmore & Shohl LLP appeared on behalf of Trustee. Keith C. Owens and Nicholas A. Koffroth at Fox Rothschild LLP appeared on behalf of the Official Committee of Unsecured Creditors ("Committee"). The Office of the United States Trustee appeared by and through Kenneth Misken, Leslie Skorheim and Queenie Ng. The consumer privacy ombudsman, Lucy Thomson, appeared. The proposed monitor, Nancy Rapoport, appeared. Other interested parties and bidders appeared as reflected on the record.  Any other appearances were as stated on the record. The Bankruptcy Court having entered its Order Approving Motion of Trustee Richard A. Marshack For Entry of an Order: (A) Approving Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(b); and (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements [Dkt. No. 320] entered on July 22, 2023.

As set forth in the ORDER (A) APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS, AND (C) GRANTING RELATED RELIEF ("Sale Order") [Dkt. No. 352] the Bankruptcy Court GRANTED Trustee's Motion.

///

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

In connection therewith, the Bankruptcy Court approved the appointment of Nancy Rapoport as ethics compliance monitor ("Monitor") pursuant to 11 U.S.C. section 105(a), as set forth in <u>Purdue Pharma L.P., et al., v, Commonwealth of Massachusetts (In re Purdue Pharma, L.P.)</u>, Bankr. S.D.N.Y. Case No. 19-23649 (RDD) Adv. Pro. No. 19-08289, and based on the explicit written consent of the buyer identified in the Sale Order ("Buyer"), based on the following facts:

The Asset Purchase Agreement attached to the Sale Order ("APA") states that the Estate and the Buyer will each advance $100,000 at the Closing, as initial funding for employment of the Monitor; and that subsequent fees over that amount shall be pursued by the Monitor, from funds of the Estate after consideration and approval by the Bankruptcy Court.

**NOW, THEREFORE, THE BANKRUPTCY COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

**Appointment of Nancy Rapoport as Monitor**

1. Nancy Rapoport is appointed as Monitor pursuant to 11 U.S.C. section 105(a), as set forth in <u>Purdue Pharma L.P., et al., v, Commonwealth of Massachusetts (In re Purdue Pharma, L.P.)</u>, Bankr. S.D.N.Y. Case No. 19-23649 (RDD) Adv. Pro. No. 19-08289, and based on the explicit written consent of the Buyer.

2. The role of the Monitor in this case is strictly to monitor the Buyer's compliance with generally understood ethical standards and consumer protection obligations relating thereto and not to act as an attorney or to provide any legal advice whatsoever to the Buyer or to any of the Buyer's to-be-assumed clients. Given the reach of the operations, Monitor's role shall not include specific compliance with any given state's ethics rules but will be based on generally established legal ethics principles.

3. Fees and expenses of the Monitor shall be paid by the Estate, up to the first $100,000.00, upon proper application to the Bankruptcy Court, and additional fees and expenses of the Monitor shall be paid by Buyer, up to $100,000.00. Any amounts in excess of $200,000.00 will be the responsibility of the Seller's Estate.

4. The role of a Monitor in this case is strictly to monitor the Buyer's compliance with generally understood ethical standards and certain consumer protection obligations and not to act as

3

an attorney or to provide any legal advice whatsoever to the Buyer or any of the Buyer's to-be-assumed clients. Given the reach of the operations, Monitor's role shall not include specific compliance with any given state's ethics rules.

5. The Monitor shall perform her duties according to the terms of the APA and this Order of Appointment, pursuant to which the Monitor shall be vested with all rights and powers reasonably necessary to carry out such powers, duties, authority, and responsibilities. In the event of any conflict between the APA and this Order, the terms of this Order shall control.

6. The Monitor shall:

    a. work with all diligence to confirm and oversee compliance with the ethical issues raised as part of the representations and warranties of the Buyer as set forth in the APA, including but not limited to sections 12(j) through 12(k), section 12(m) and sections 12(q), as follows (all capitalized terms not otherwise defined herein shall have the definition set forth in the APA):

        i. Buyer's LSAs and the implementation thereof have been modified ("Modified LSA's") for compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Telemarketing Sales Rule, 16 C.F.R. Part 310 (the "TSR"), and the Credit Repair Organizations Act, 15 U.S.C. § 1679 (the "CROA"), as well as all applicable laws and regulations as well as any Order of the Bankruptcy Court;

        ii. The performance of the Modified LSAs will similarly comply with the TCPA, TSR, and the CROA, as well as all applicable laws and regulations as well as any Order of the U.S. Bankruptcy Court;

        iii. Review and recommend the procedures to assume and assign the reformed LSAs as set forth in the APA, and as may be further ordered by the Bankruptcy Court;

        iv. Buyer's cooperation with the requests, oversight, and inquiries of the Monitor;

///

///

    v. Buyer's provision of profit and loss statements, balance sheets, deposit accounts, and other financial information related to the Active Executory Contracts and Inactive Executory Contracts being purchased by Buyer; and

    vi. Buyer's provision of both reports and administrative access into Buyer's ACH processing merchant account and related bank accounts, as well as customer relationship management software, such as Debt Pay Pro (or other similar software) for the purpose of monitoring Buyer's compliance with the APA as it relates to Active and Inactive Executory Contracts it is purchasing.

  b. work with all diligence to confirm and oversee reformation of the terms of Buyer's Legal Services Agreement;

  c. provide regular reports to the Bankruptcy Court, which reports shall be filed on the Bankruptcy Court's docket, with electronic notice to the Trustee and Committee, and which reports may include a discussion of the Buyer's possible violation of generally accepted legal ethics principles, if any.

7. The Monitor shall, among other things, and subject to this Order of Appointment:

  a. subject to any legally recognized privilege, rights of confidentiality or privacy, and as necessary or to perform her duties, have full and complete access to the Buyer's personnel, books, records, and facilities, and to any other information, as she may request. The Buyer, in conjunction with the Trustee and the Committee, shall develop such information as the Monitor may request and shall fully, completely, and promptly cooperate with the Monitor. The Monitor may raise with the Trustee, Committee and the Bankruptcy Court any issues relating to any failure of or delay in such cooperation for an expedited resolution by the Bankruptcy Court;

  b. serve, without bond or other security, with the Monitor's fees subject to final approval by the Bankruptcy Court, subject to the fee allocation provisions between the Estate and Buyer, as set forth at section 3, above; the Monitor may submit interim fee applications no more often than every 120 days pursuant to the Local Bankruptcy Rules. In the interim, the

Bankruptcy Court will authorize the payment of 80% of fees and 100% expenses each month, based on a monthly fee statement to be filed with the Bankruptcy Court. A fee application shall be filed no sooner than every 120 days. It is further provided that the Monitor shall be authorized to use the services of Special Counsel to the Trustee for the purpose of preparing and submitting such fee applications and in filing any reports or other pleadings with the Bankruptcy Court;

   c. have the authority to employ, upon Bankruptcy Court approval, at the cost and expense of the Estate (subject to the fee allocation provisions between the Estate and Buyer, as set forth at section 3, above), such consultants, accountants, attorneys, and other representatives and assistants (including law students) as are necessary to carry out her responsibilities. It is further provided that, subject to the provisions of this Order, Monitor's employment of law students as assistants shall be considered expenses, such that interim payment shall be made at 100% as set forth in section 7(b), above. The Monitor shall be authorized to use the services of the Trustee's Special Counsel and the Trustee's accountants to conduct forensic analysis of data for the Monitor, at the expense of the Estate. The Monitor shall serve for a period of one year from date of appointment unless such period is extended by the Bankruptcy Court, at which time the Monitor shall submit a final report and be discharged;

   d. have no obligation, responsibility, or liability for the operations of the Buyer; and the Estate shall indemnify, defend, and hold harmless the Monitor from any and all liability and expenses incurred in accordance with the Monitor's duties to be performed hereunder. Moreover, it is provided that the Monitor shall not be liable for damages in connection with the discharge of her duties, but shall remain subject to the oversight and discipline of the Bankruptcy Court (*see, e.g.,* East Coast Foods, Inc. v. Development Sepcialists, Inc., et. al., (In re: East Coast Foods, Inc.), Case. No. 2:16-bk-13852-BB (BAP No. CC-23-1034-FILS), NOT FOR PUBLICATION, entered July 19, 2023);

   e. file a first report on the 120th day after the Closing; and thereafter not less than every 90 days regarding compliance by the Buyer with the terms of the APA and this Order of

Appointment; provided that elements of any such report may be filed under seal, the discretion of the Monitor but with unredacted copies served on a confidential basis to Buyer, Trustee, UST, and Committee, if dealing with any confidential customer or proprietary information, or subject to such other confidentiality Restrictions contained in this Order of Appointment. The Bankruptcy Court may, in response to such reports, provide such further direction to the Monitor as it deems appropriate, said determination to be made after notice and a hearing in conjunction with the Bankruptcy Court's calendar and as directed by the Bankruptcy Court;

  f. maintain, to the best of her abilities and consistent with the Buyer's privacy policies and applicable privacy law requirements, as confidential the data of Buyer and each of the Monitor's consultants, accountants, attorneys, and other representatives and assistants shall also maintain such confidentiality as deemed necessary by the parties; provided, however, that nothing shall restrict the Monitor from providing any information to the Bankruptcy Court and the parties consistent with the terms of any Protective Order; and

8. Disputes concerning the Buyer's compliance with its obligations under the APA, and specifically section 12 thereof (Buyer's representations and warranties, except with respect to section 12(o)), and with all other matters subject to the supervision of the Monitor, shall be addressed as follows:

  a. If the Monitor should develop a reasonable basis to believe the Buyer is not in compliance with the terms of the APA or the Buyer's duties as reiterated in section 6 of this Order of Appointment, the Monitor shall notify the Buyer, via the Buyer's principal, Joshua Armstrong, and Buyer's bankruptcy counsel (and/or other counsel designated by Mr. Armstrong), Danning, Gill, Israel & Krasnoff, Attn.: Zev Shechtman (via email at zs@DanningGill.com), in writing of the specific objection, including identifying the provisions of the APA, the Appointment Order, or any legal ethics rule or general legal ethics principle that the practice appears to violate, and give the Buyer thirty (30) days to respond to the notification and cure the conduct at issue, if necessary, unless the Monitor believes that a shorter period to respond is necessary under the circumstances. If a shorter period is necessary, Buyer shall comply with that shortened period, as reasonably determined by Monitor.

     b.     To the extent that the Buyer fails to cure the alleged conduct within the thirty (30) day period or the shorter period as referenced in subparagraph (a) (but not less than 7 days unless such shorter period is expressly approved or ratified by the Court), the Monitor shall have ten (10) days from the cure deadline to determine the appropriate action and response, and shall notify the Trustee, the Committee, and the Bankruptcy Court of the alleged violative practice and may, but shall not be required to, recommend an appropriate action, response, or remedy to be implemented by the Bankruptcy Court; based upon the Monitor's notification, and recommendation, if any, either the Trustee or the Committee may seek an appropriate remedy from the Bankruptcy Court via Noticed Motion, or in the event of an emergency, in accordance with the Emergency procedures set forth in the Local Rules of the United States Bankruptcy Court for the Central District of California, and all other applicable rules.

     c.     Pursuant to the Sale Order, Buyer agreed to be bound by the jurisdiction of this Bankruptcy Court, which includes all civil contempt liability arising from violation of this Order or the APA or federal or state (arising from any state) consumer protection statutes and regulations, including the debt resolution, privacy, data breach notification, data disposal, cybersecurity laws, and laws prohibiting unfair, deceptive, or abusive practices ("UDAP"), "do-not-track", "do-not-call," and "no spam" laws, as well as any and all issues related to the Monitor and/or the Monitor's discharge of her duties to monitor the Buyer, as addressed and consented to in Bankruptcy Court and in accordance with the Sale Order, this Order, the APA, any plan of reorganization, and 28 U.S.C. Section 1334(b).

###

Date: August 7, 2023

                                            Scott C. Clarkson
                                            United States Bankruptcy Judge