D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re | Case No. 8:23-bk-10571-SC |
|---|---|
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | CHAPTER 11 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 FILED BY MARI AGAPE |
| | Date:   August 22, 2023<br>Time:   1:30 p.m.<br>Ctrm:   5C – Virtual[1]<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

/ / /

/ / /

---

[1] This hearing date is designated Zoom Only, pursuant to Judge Clarkson's self-calendaring procedures. Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

1

TRUSTEE OPPOSITION TO RELIEF FROM STAY – MARI AGAPE

# Table of Contents

I.  Preliminary Statement ..................................................................................................... 2

II. Statement of Facts .......................................................................................................... 2

III. LEGAL ARGUMENT .................................................................................................. 3

    a.    There is no cause to grant relief from stay ............................................................. 3

        i.    Movant has failed to meet her burden of proof ................................................. 4

        ii.    The *Curtis* factors weigh in favor of denying the Motion. ............................. 5

        1.    Factor 1 - Whether Relief Would Result in Partial or Complete Resolution of the Issues .......................................................................................................... 7

        2.    Factor 2 - Lack of Any Connection to and Potential Interference with the Bankruptcy Case. ............................................................................................. 7

        3.    Factor 3 – Whether the Other Proceeding Involves the Debtor as a Fiduciary ............. 7

        4.    Factor 4 - *Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action* ................................................ 7

        5.    Factor 5 - Whether the Debtor's Insurer Has Assumed Full Responsibility for Defending It. ..................................................................................................... 8

        6.    Factor 6 - *Whether the action Primarily Involves Third Parties* ...................... 8

        7.    Factor 7 - Whether litigation in another forum would prejudice the interests of other creditors. ................................................................................................ 8

        8.    Factor 8 - Whether the judgment claim arising from the other action is subject to equitable subordination ................................................................................ 9

        9.    Factor 9 - Whether Movant's success in the other proceeding would result in a judicial lien avoidable by the debtor. .............................................................. 9

        10.    Factor 10 - The interests of judicial economy and the expeditious and economical resolution of litigation. .................................................................. 9

        11.    Factor 11 – Preparedness for Trial ................................................................. 12

        12.    Factor 12 - Impact on the Parties and Balance of Hurt. ................................. 12

    b.    Contrary to the Motion, the claims alleged in the State Court Action Are Dischargeable ....................................................................................................... 12

        i.    The claim objection process is more efficient. .............................................. 12

# Table of Authorities

**Cases**

*Gardner v. State of New Jersey*,

   329 U.S. 565, 573 (1947) .................................................................................................. 12

*Hutchens v. Am. Eagle Airlines, Inc.*, No. 2:13-CV-210, 2015 U.S. Dist. LEXIS 140309, 2015 WL

   7074624, at *2 (W.D. Mich. Oct. 15, 2015)..................................................................... 12

*In re Am. Spectrum Realty, Inc.*,

   540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) ..................................................................... 3, 6

*In re Conejo Enterprises, Inc.*,

   96 F.3d 346 (9th Cir. 1996) ...................................................................................... 9, 10, 11

*In re Curtis*,

   40 B.R. 795 (Bankr. D. Utah 1984)................................................................................... 5, 6

*In re Landmark Fence Co.*,

   2011 U.S. Dist. LEXIS 150928, at *10 (C.D. Cal. Dec. 9, 2011) ......................................... 6

*In re Patel*,

   291 B.R. 169 (2003) ......................................................................................................... 9, 10

*In re Plumberex Specialty Products, Inc.*,

   311 B.R. 551, 557 (Bankr.C.D.Cal. 2004) ..................................................................... 3, 4, 5

*In re UAL Corp.*,

   398 B.R. 243, 247 (N.D. Ill. 2008) ...................................................................................... 12

*Katchen v. Landy*,

   382 U.S. 323, 329 (1966) ............................................................................................... 12, 13

*Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*,

   405 B.R. 915, 919, 921 (9th Cir. BAP 2009) ......................................................................... 3

*LaPierre v. Advanced Med. Spa Inc. (In re Advanced Med. Spa Inc.)*,

   2016 Bankr. LEXIS 2205 ...................................................................................................... 9

1  **Statutes**

2  § 1141(d)(1) ................................................................................................................ 12

3  11 U.S.C. § 362(d)(1) .................................................................................................. 3

4  11 U.S.C. § 502 .......................................................................................................... 12

5  11 U.S.C. § 502(a) ..................................................................................................... 12

6  11 U.S.C. § 502(b) ..................................................................................................... 12

7  11 U.S.C. §523(a)(4) ................................................................................................... 7

8  28 U.S.C. § 157(b)(2)(B) ........................................................................................... 10

9  **Other Authorities**

10 *3 Collier on Bankruptcy* ¶ 362.10 (16th 2023) ......................................................... 4

11

12  4872-8753-8807, v. 1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO THE HONORABLE JUDGE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, THE UNITED STATES TRUSTEE, DEBTOR'S COUNSEL, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG"), respectfully submits this opposition ("Opposition") to motion to for relief from the automatic stay ("Motion") filed by the Mari Agape on July 12, 2023, as Dk. No. 217 ("Ms. Agape" or "Creditor" or "Movant").

## I.    Preliminary Statement

In bankruptcy cases, a filed proof of claim is deemed allowed unless a party in interest objects. This claims resolution process conserves judicial and estate resources. Specifically, the bankruptcy court is not confronted with motions for relief from stay filed by hundreds or thousands of creditors seeking to proceed with their pending litigation in non-bankruptcy forums. Moreover, it conserves estate resources because it avoids the need for retention of counsel to immediately analyze the merits of a claim and, if appropriate, defend against such litigation. Similarly, it conserves the creditor's resources because she/he will not have to incur attorneys' fees proving up a claim that may never be objected to in the bankruptcy case.

Given the early stage of this bankruptcy case, there is no reason to grant relief from stay at this time. The Creditor should file their proof of claim and, unless there is an objection, it will be deemed allowed and entitled to receive ratable distributions. To the extent that the Creditor seeks to identify potential insurance coverage, this can be accomplished informally or formally in the bankruptcy court. While the Trustee is unaware of any potentially applicable insurance policy, even if such a policy existed, it would be inappropriate to permit potentially covered claims to race to the courthouse to seek relief from stay to exhaust such proceeds before other creditors have a fair opportunity to seek their pro rata share of such policy. For the reasons set forth below, the Motion fails to carry its burden of proof and should be denied.

## II.    Statement of Facts

Ms. Agape seeks relief from the automatic stay to continue to prosecute her claim against Debtor (and Debtor's former insider Daniel March) by way of a complaint currently pending before

the Orange County Superior Court styled as *Mari Agape v. The Litigation Practice Group et al*. 30-2023-01304067-CU-WT-CJC ("State Court Action")

Specifically, "[Ms. Agape] filed a lawsuit against Debtor The Litigation Practice Group, P.C., for employment discrimination, harassment, failure to accommodate, retaliation, failure to investigate/prevent, wrongful termination, and failure to pay wages at time of termination." *See*, Motion 6, ¶5(a).

By way of the Motion, , "… [Ms. Agape] seeks to pursue its claims against Debtor and the other defendant and proceed to final judgment in the State Court Action." *See*, Motion 11:9-10. According to Ms. Agape and her counsel, "[s]ince the State Court Action involves a non-debtor party, a single trial in the nonbankruptcy forum is the most efficient use of judicial resources." *Id.*, at 11:11-14.

To that end, the declaration of Ms. Agape's counsel in support of the Motion provides, "I am informed and believe that there is a policy of insurance that would provide coverage for the Creditor's claims against the Debtor. Further, as the claims at issue arise under only state law, and the Creditor requests a trial by jury, the matter would be most expeditiously tried in the Orange County Superior Court. The Creditor seeks relief only to pursue its claim to judgment in the State Court Action." *Id.*, at 11:14-19.

For the reasons set forth below, the Motion should be denied for failing to demonstrate cause to grant relief from stay. Instead, Ms. Agape may proceed against the non-debtor defendant at this time should she so choose and file a proof of claim.

## III.    LEGAL ARGUMENT

### a.    There is no cause to grant relief from stay

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause . . ." 11 U.S.C. § 362(d)(1). Courts determine what constitutes "cause" on a case-by-case basis and have broad discretion to grant or deny relief from stay. *In re Am. Spectrum Realty, Inc.*, 540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (citing *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 919, 921 (9th Cir. BAP 2009); *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 556–57 (Bankr.C.D.Cal.2004)). As noted below, Movant has

failed to establish a *prima facie* case that relief from stay is warranted at this time.

### i.   **Movant has failed to meet her burden of proof**

A party seeking relief from the automatic stay has an initial burden to establish "cause" for relief. If the movant fails to meet this burden, the court should deny the motion without any showing by the respondent. As stated in *Collier*:

> [T]he burden of going forward with evidence…is generally placed on the party seeking relief. … The moving party first must establish its prima facie case. Failure to prove a prima facie case requires denial of the requested relief. A prima facie case requires a showing by the movant of 'a factual and legal right to the relief that it seeks.'

*3 Collier on Bankruptcy* ¶ 362.10 (16th 2023).

Similarly, as discussed in detail in *In re Kim*, 71 B.R. 1011 (Bankr. C.D.Cal. 1987):

> A creditor seeking relief from the automatic stay has the burden of producing evidence to make a prima facie case that the creditor is entitled to relief from stay
>
> …
>
> [T]he impact of the burden of producing evidence is substantive if the burden is not met: The party who fails to carry his burden loses on the issue to which the burden applies, and the ultimate burden of persuasion, which may lie on a different party, plays no role. In a motion for relief from stay, the motion must be denied if the moving creditor fails to make a prima facie case for relief from stay, and the burden of proof set forth in section 362(g) plays no role.
>
> The substantive impact of the allocation of the burden of producing evidence has two substantial policy foundations. First, a party is not permitted to prevail on an issue, even where the party does not have the ultimate burden of persuasion, unless the party introduces a certain quantum of evidence sufficient to put his opponent to the burden of producing evidence. Unless the quantum of proof on an issue reaches a certain threshold, no issue is raised that the opposing party is required to meet.

*In re Kim*, 71 B.R. at 1015-1016 (emphasis added); s*ee also In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004) ("To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case. [FN11 A prima facie case requires the movant to establish 'a factual and legal right to the relief that it seeks.'] that 'cause' exists for relief under

§ 362(d)(1). If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied.").

In this case, Movant bears the burden of producing evidence to establish a prima facie case of "cause" for relief from stay. Movant has failed to meet this burden. The Motion attaches a cursory declaration of Movant's counsel that merely recites a procedural history of the State Court Action. The only additional evidence in support of the Motion is a copy of the complaint, answer, and state court docket. It is well-established that the mere existence of state court litigation is insufficient, as a matter of law, to constitute cause for relief from the automatic stay. *In re Curtis*, 40 B.R. 795, 803 (Bankr.D.Utah 1984) ("The determination of 'cause' is one that necessarily requires exercise of judicial judgment and involves mixed questions of fact and law. The Court holds that the existence of pending litigation in another forum filed after the commencement of the bankruptcy case, without more, does not constitute 'cause.'"); *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551 (Bankr.C.D.Cal.2004) (Timing of debtor's filing, shortly after entry of $2.1 million judgment against it in patent infringement action, was insufficient, without more, to establish cause for relief from stay).

Here, the cursory declaration of Movant's counsel fails to establish a *prima facie* case of "cause" for relief from stay because it is simply evidence of the existence of the State Court Action with a description of its procedural history. Accordingly, the Motion must be denied as a matter of law.

### ii. The *Curtis* factors weigh in favor of denying the Motion.

The Bankruptcy Code does not expressly define "cause" for relief from stay in the context of litigation in a non-bankruptcy forum. Case law, however, has developed extensive factual tests to determine whether there is "cause" to grant relief from stay to pursue litigation in a non-bankruptcy forum. The most widely-accepted test requires application of the factors set forth in *In re Curtis*. *See*, *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). Numerous courts, including the Second Circuit Court of Appeals, and courts in the Central District of California, have adopted the list from *Curtis*, of 12 potentially relevant factors in deciding whether to lift the automatic stay to permit litigation to continue in another forum:

Case 8:23-bk-10571-SC    Doc 389    Filed 08/15/23    Entered 08/15/23 19:20:11    Desc
Main Document    Page 9 of 20

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay and the "balance of hurt."

*See In re Am. Spectrum Realty, Inc.*, 540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

"The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate. Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit." *In re Landmark Fence Co.*, 2011 U.S. Dist. LEXIS 150928, at *10 (C.D. Cal. Dec. 9, 2011) (citing *Curtis*, 40 B.R. at 800).

In this case, relief from stay would cause substantial interference with the administration of this estate and cause unnecessary administrative expense which could negatively impact distributions to creditors. This, plus the totality of the *Curtis* factors discussed below favor denial of the Motion.

### 1. Factor 1 - Whether Relief Would Result in Partial or Complete Resolution of the Issues

Factor 1 favors denying relief at this time because it is currently unknown if relief from stay will result in a complete adjudication of the issues. The case is in its infancy, having been commenced a mere two months prior to the bankruptcy filing. To that end, Trustee has not yet had the opportunity to analyze the state court claims and employ labor law counsel regarding the merits of the claims and any potential defenses. After analyzing the claims, Trustee may deem it necessary to engage special counsel to oppose the State Court Action, in which case relief from stay may not result in a prompt or complete adjudication of the issues but protracted litigation including discovery. Accordingly, this factor weighs in favor of denying relief from stay at this time.

### 2. Factor 2 - Lack of Any Connection to and Potential Interference with the Bankruptcy Case.

Factor 2 favors denying the Motion because granting relief from stay would not only interfere with the bankruptcy case. As noted above, granting relief may force the Trustee to engage in state court litigation which could interfere with the bankruptcy case as it involves claims against the Debtor stemming from Ms. Agape's employment which would require investigation and cost to the estate where there exists a claims allowance process that would minimize such cost. Thus, this factor favors denying relief from stay at this time.

### 3. Factor 3 – Whether the Other Proceeding Involves the Debtor as a Fiduciary

This factor is inapplicable. The complaint initiating the State Court Action does not specifically allege breach of fiduciary duty claims. Moreover, even if it did, such a determination would be inapplicable in this corporate bankruptcy case (i.e. Section 523(a)(4) is inapplicable).

### 4. Factor 4 - *Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action*

Factor 4 also favors denial of the Motion. While the state court may be an appropriate forum for Movant to prosecute its state law claims, it is by no means a "specialized tribunal" with expertise

to hear the causes of action asserted by Ms. Agape.

### 5. Factor 5 - Whether the Debtor's Insurer Has Assumed Full Responsibility for Defending It.

The Motion asserts:

> "Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (specify): ***Unknown at this time, has been requested from Debtor and from Trustee***."

Motion, p. 7, ¶6(c). Emphasis added. Thereafter in the supporting declaration of Jesse Stratos, who is state court counsel for Ms. Agape, Mr. Stratos asserts "I am informed and believe that there is a policy of insurance that would provide coverage for the Creditor's claims against the Debtor." Motion p. 11, ¶11. Contrary to Mr. Stratos assertion, Trustee is unaware of any insurance that would cover the subject claims. Should Ms. Agape seek further information about potential insurance coverage, she can obtain this information informally or formally through the bankruptcy court. Moreover, even if there was insurance, there is no showing that there are not other creditors that have covered claims and it would be inappropriate to permit one but not all creditors to share in potentially limited insurance coverage. Thus, Factor 5 is neutral or favors denial.

### 6. Factor 6 - *Whether the action Primarily Involves Third Parties*

Factor 6 favors denying relief from stay. Although a single third party is also named as a defendant in the State Court Action, the third-party is a former alleged CEO/insider of the Debtor – Daniel March. Thus, the allegations in the complaint primarily concern Debtor. Accordingly, because the integral defendants to the litigation consist solely of Debtor and its insiders, relief from stay should be denied. It is important to note that denial of relief from stay does not prevent Ms. Agape from proceeding with her claims against Mr. March.

### 7. Factor 7 - Whether litigation in another forum would prejudice the interests of other creditors.

Factor 7 favors denying relief from stay because allowing Ms. Agape to proceed with the State Court Action would prejudice the interest of other parties—creditors of this Estate. The

Estate's creditors are not represented in the State Court Action. In the bankruptcy claims process, any creditor may file an objection to claim. On the other hand, such creditors (including the Committee) may not have standing to appear and be heard in the state court action since they are not currently named as parties. Plus, if there was insurance coverage that was less than all covered claims, good cause exists to deny relief from stay so that all potentially covered claims can obtain their pro rata share of such policy. To avoid prejudice to the estate and all creditors, Movant's claim, if any, should be resolved by this Bankruptcy Court where other creditors will have an opportunity to be heard and to receive ratable distributions.

### 8. Factor 8 - Whether the judgment claim arising from the other action is subject to equitable subordination

Factor 8 is neutral or inapplicable. Trustee is currently unaware of any grounds to seek equitable subordination.

### 9. Factor 9 - Whether Movant's success in the other proceeding would result in a judicial lien avoidable by the debtor.

Factor 9 is probably inapplicable because the claims in the State Court Action do not involve any type of judicial lien.

### 10. Factor 10 - The interests of judicial economy and the expeditious and economical resolution of litigation.

Factor 10 favors denying the Motion at this time because granting relief from stay will burden the state court, the Trustee, and the Debtor with the litigation to liquidate a debt that may not be opposed in the bankruptcy case. *See In re Conejo Enterprises, Inc.*, 96 F.3d 346 (9th Cir. 1996); *see also In re Patel*, 291 B.R. 169 (2003) ("[R]etaining the automatic stay in effect may promote judicial economy by preventing the duplication of litigation."). *LaPierre v. Advanced Med. Spa Inc. (In re Advanced Med. Spa Inc.)*, 2016 Bankr. LEXIS 2205 (citing *Patel* in support of affirming an order denying relief from stay). Moreover, granting such a motion for one creditor will not conserve bankruptcy court resources because it would set a potential precedent for hundreds if not thousands of other creditors in this case to also file motions for relief from stay.

In *In re Conejo Enterprises*, the Ninth Circuit affirmed the bankruptcy court's denial of relief from stay in a case where the creditor and state court litigant had not yet filed a proof of claim. *Id.* at 352. Because the creditor still could file a proof of claim but had not, the Ninth Circuit approved the bankruptcy court's "wait and see" approach as "reasonable and appropriate." *Id.* The Ninth Circuit observed "if [the creditor] filed a proof of claim, the bankruptcy court would have core jurisdiction over the claim under 28 U.S.C. § 157(b)(2)(B), allowance or disallowance of claims. If [the creditor] did not file a proof of claim, the state action claim would be discharged in bankruptcy," and concluded that, "[i]t would be absurd to allow the state action to go ahead and require the estate to spend money litigating a debt that might ultimately be uncollectable."

Like in *Conejo Enterprises*, Ms. Agape has not yet filed a proof of claim, but she may still do so because no claims bar date has yet to be established. If Ms. Agape files a proof of claim based on the State Court Action, this Court will have core jurisdiction over the claim under 28 U.S.C. § 157(b)(2)(B) governing allowance or disallowance of claims. If Ms. Agape never files a proof of claim, she will not be entitled to any distributions from the estate so there is no reason to spend time and money proving up a claim against Debtor.

Moreover, granting relief from stay at this time would force Trustee (at the expense of the Estate and to the detriment of other creditors who may be entitled to distribution), to engage in state court litigation for a claim that might ultimately be denied or otherwise uncollectible. This outcome would waste judicial and Estate resources. *See, e.g.*, *In re Patel*, 291 B.R. 169, 173 (Bankr. D.Az. 2003) ("While this breathing spell is often thought of in terms of relief from collection efforts, to this Court's mind a related fundamental purpose is to provide relief from litigation. . . . the 'breathing spell' provided by the automatic stay is not merely for the benefit of the debtor, but is for the benefit of the entire estate and creditor body.").

As set forth in *Patel*, there are other reasons to deny relief from stay including:

(1) Ms. Agape's claims do not merely raise a two-party dispute. Rather, whether insurance coverage exists, the amount of such coverage, whether debtor has liability to its former employees that exceed insurance coverage, and the extent of the Estate's liability for Debtor's actions concern multiple parties. Denying relief from stay and requiring Ms. Agape to file a proof of claim like all

other creditors provides all parties in interest with the ability to object to such claim;

(2) Because there is no deadline for objecting to claims, the Trustee can defer the costs of claims litigation until all assets have been administered and at least until plan confirmation. In other words, the "administrative bankruptcy processes are better suited to the interests of multiple parties, which is a valuable benefit to the estate and should not lightly be foregone…" (Id);

(3) "Third, the bankruptcy court is in a better position than is a nonbankruptcy court to ascertain what is important to be decided and when, and what may be moot or may be resolved by alternative processes such as confirmation of a plan. In that context, nonbankruptcy court litigation may be extremely wasteful." (Id);

(4) "Fourth, retaining the automatic stay in effect may promote judicial economy by preventing the duplication of litigation. Even if the stay were lifted so that [Ms. Agape] could liquidate [her] claims in state court, it still may be necessary to have essentially duplicative litigation in this Court. Other creditors may object to [Ms. Agape's] proof of claim and assert they are not barred by res judicata or collateral estoppel because they were not parties to the state court litigation." (Id);

(5) "Finally, as noted by the *Conejo* court, it is important for a bankruptcy court to preserve a level playing field for all parties to negotiate a plan. 96 F.3d at 353. To do so, no creditor should be given the opportunity to liquidate his claim on his schedule in his chosen forum, while other creditors are denied that strategic advantage. Indeed, it would be particularly inappropriate to grant such preferential leverage to one creditor simply because he got closer to judgment before bankruptcy intervened, because such a policy would encourage a rush to the courthouse that has always been recognized as contrary to sound bankruptcy policy, as evidenced by the preference provisions of § 547." (Id).

For all these reasons, the interests of the estate and all creditors are better served by allowing the stay to continue. The Motion should be denied, without prejudice.

### 11. Factor 11 – Preparedness for Trial

Factor 11 favors denying the relief from stay as the State Court Action is in its infancy since it was filed a mere two months prior to the bankruptcy commencement. *See*, Motion Exh. 3. There is no discovery that has commenced nor has a trial date been set. *Id.*

### 12. Factor 12 - Impact on the Parties and Balance of Hurt.

Finally, Factor 12 favors denying relief from stay because the likely negative impact on the Estate is much greater than that on Movant. If relief from stay is denied, Movants can simply file a claim and have this Court adjudicate such claim. If relief from stay is granted, however, then the Trustee will be forced to litigate in state court, which as noted above, is unnecessary in light of the claims resolution/allowance process. Plus, all other similarly situated creditors will have to immediately file motions for relief from stay to resume the proverbial race to the courthouse.

**b. Contrary to the Motion, the claims alleged in the State Court Action Are Dischargeable**

The Motion contends that the claims asserted against the Debtor in the State Court Action are nondischargeable in nature. *See*, Motion 3, ¶4(d). This is incorrect. Pre-confirmation employment-related claims "are barred by discharge under § 1141(d)(1)." *In re UAL Corp.*, 398 B.R. 243, 247 (N.D. Ill. 2008); *see also Hutchens v. Am. Eagle Airlines, Inc.*, No. 2:13-CV-210, 2015 U.S. Dist. LEXIS 140309, 2015 WL 7074624, at *2 (W.D. Mich. Oct. 15, 2015) (collecting cases in which employment-related claims based on pre-discharge conduct of debtor were barred).

**i. The claim objection process is more efficient.**

11 U.S.C. § 502 provides that a proof of claim may be filed and is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is lodged, "the court, after notice and a hearing, shall determine the amount of such claim . . . ." 11 U.S.C. § 502(b). The ability to hear and determine matters concerning claim allowance and disallowance is a summary proceeding that is expressly granted to the bankruptcy courts because it is essential to the administration of a bankruptcy estate. *Katchen v. Landy*, 382 U.S. 323, 329 (1966) (*quoting Gardner v. State of New Jersey*, 329 U.S. 565, 573 (1947)). The claims objection process provides a quick, efficient, and

1  inexpensive, process in which a bankrupt party, having limited assets and multiple claims, can
2  address claims filed against them in one forum. *See Katchen v. Landy*, 382 U.S. at 329.
3        The costly barriers to litigation are reduced in the claims allowance process (i.e., proof-of-
4  claim forms are accessible, free and easy to fill out, and a claimant does not need to obtain counsel
5  to submit a proof of claim.) The bankruptcy claims resolution process allows creditors to assert
6  claims cheaply and efficiently in a single forum without the expense of retaining counsel unless the
7  creditor chooses to do so.
8        The need for a purposeful and efficient claims objection process is especially true in this case
9  where hundreds if not thousands of claims are anticipated to be filed. Mistakenly, the Motion argues
10 "[t]here is no additional cost to the estate from pursuing the claim in state court rather than bk.
11 Court." Motion 4, ¶4(g). This is absolutely incorrect. If the Court grants the Motion, the Estate will
12 be forced to incur significant administrative expenses litigating this (and likely many other) cases in
13 state court. But, as this Court is aware, Trustee is in the process of getting a claims bar date set. Once
14 established, Ms. Agape can file a proof of claim. If no one objects, then there is no reason to pursue
15 litigation and incur the costs of such litigation. This reduces the additional cost to the Estate.
16 / / /
17 / / /
18
19
20
21
22
23
24
25
26
27
28

## IV. Conclusion

As noted above, Movant has failed to demonstrate cause for relief from stay and a mere showing that there is a pending state court action is insufficient. Rather the *Curtis* factors favor a denial of the Motion. More importantly, the Bankruptcy Code and Rules provide the most efficient mechanism for a claim to be determined, i.e., the proof of claim process. Nothing precludes Ms. Agape from filing a claim against the Estate for distribution purposes. And, to the extent that there is a distribution to unsecured creditors, at that time, any party of interest may object to any claim, including any claim by Ms. Agape. If an objection is filed, then this Court can determine what obligation, if any, is owed by the Estate to Ms. Agape. Ms. Agape is simply attempting to side-step the bankruptcy process. For all these reasons, Trustee requests the Motion be denied without prejudice.

DATED: August 15, 2023                MARSHACK HAYS LLP

By: */s/ Laila Masud*
    D. EDWARD HAYS
    LAILA MASUD
    General Counsel for Chapter 11 Trustee
    RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 FILED BY MARI AGAPE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 15, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 15, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 15, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 15, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **INTERESTED PARTY COURTESY NEF:** Michael F Chekian mike@cheklaw.com, chekianmr84018@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
   - **INTERESTED PARTY COURTESY NEF:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
   - **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
   - **ATTORNEY FOR DEFENDANT STRIPE, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** David M Goodrich dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wggllp@ecf.courtdrive.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR CREDITOR OHP-CDR, LP:** Razmig Izakelian razmigizakelian@quinnemanuel.com
   - **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
   - **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
   - **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
   - **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
   - **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
   - **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT DANIEL S. MARCH and DEFENDANT TONY DIAB:** Teri T Pham tpham@epglawyers.com, ttpassistant@epglawyers.com
- **ATTORNEY FOR DEFENDANT GREYSON LAW CENTER PC; DEFENDANT HAN TRINH; DEFENDANT JAYDE TRINH; and DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **INTERESTED PARTY COURTESY NEF:** Zev Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

4876-7324-4273, v. 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**