| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Eric S. Pezold (SBN 255657)<br>epezold@swlaw.com<br>Andrew B. Still (# 312444)<br>astill@swlaw.com<br>SNELL & WILMER LLP<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92626<br>Tel.: 714-427-7000<br>Fax: 714-427-7799<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** SANTA ANA DIVISION

| In re:<br>THE LITIGATION PRACTICE GROUP P.C. | CASE NO.: 8:23-bk-10571-SC<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**<br>(with supporting declarations)<br>**(UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: TBD<br>TIME: TBD<br>COURTROOM: 5C |

**Movant**: Alteryx, Inc.

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 1415 State Street, Santa Barbara, CA 93101
   - ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee *(if any)*(Responding Parties), their attorneys *(if any),* and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*      Page 1      **F 4001-1.RFS.UD.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☒ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 08/17/2023

Snell & Wilmer LLP
Printed name of law firm (if applicable)

Andrew B. Still
Printed name of individual Movant or attorney for Movant

/s/ Andrew B. Still
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.UD.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

1. **Movant is the:**

    a. ☐ Owner of the Property
    b. ☐ Authorized Agent of the owner of the Property
    c. ☒ Other *(specify):* Sublessor of the Property.

2. **The Property at Issue (Property):**

    Type of Property:   ☐ Residential   ☒ Nonresidential

    *Street Address:* 3345 Michelson Drive, Suites 400 and 490 and 3347 Michelson Drive, Suite 400
    *Unit/Suite Number:*
    *City, State, Zip Code:* Irvine, CA 92612

3. **Bankruptcy Case History:**

    a. ☒ A voluntary   ☐ An involuntary   petition under chapter   ☐ 7  ☒ 11  ☐ 12  ☐ 13
    was filed on *(date):* 03/20/2023

    b. ☐ An order to convert this case to chapter   ☐ 7  ☐ 11  ☐ 12  ☐ 13
    was entered on *(date):*

    c. ☐ A plan was confirmed on *(date):*

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because** *(check all that apply):*

    a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

    (1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit ____. A hearing on this objection is set for *(date)* _____.

5. **Grounds for Relief from Stay:** *(check all that apply)*

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows: **The Debtor has no interest in the Property**.

    (1) ☐ Movant caused a notice to quit to be served on the Debtor.

    (2) ☐ An unlawful detainer proceeding was commenced on *(date)* _____.

    (3) ☐ An unlawful detainer judgment was entered on *(date)* _____.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 3                                          **F 4001-1.RFS.UD.MOTION**

    (4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

    (5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because *(check all that apply)*:

    (1) ☐ The lease or other right of occupancy expired by its terms on *(date)* _____.

    (2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on *(date)* _____.

    (3) ☒ Lease payments have not been made after the filing of the bankruptcy petition.

    (4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for *(date)* _____.

    (5) ☐ The bankruptcy case was filed in bad faith:

        (A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

        (B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

        (D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

    a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☒ Other: Alteryx served 3-day notices to pay or quit on Sublessees on each of April 4, 2023, May 10, 2023 and June 5, 2023. Alteryx served these notices without knowing that the Debtor or the Trustee were occupying the Property. It was only after service of the 3-day notice on June 5, 2023, that the Trustee contacted Alteryx to inform it of this case and his occupancy of the Property and view that the Property constitutes property of the estate. Alteryx disputes this contention but nevertheless sought to work with the Trustee for well over two months without any rent being paid by the Estate for use of the Property.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*            Page 4            **F 4001-1.RFS.UD.MOTION**

7. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

    a. The UNLAWFUL DETAINER DECLARATION on page 7.

    b. ☒ Supplemental declaration(s).

    c. ☒ Other *(specify):* Memorandum of Points and Authorities

**Movant requests the following relief.**

1. Relief from stay pursuant to:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
    ☐ without further notice.
    ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice.
    ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 5                                      **F 4001-1.RFS.UD.MOTION**

12. ☒ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

    a. ☒ Establishment of a deadline for assumption or rejection of the lease.

    b. ☒ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☒ Other relief requested.

Date: 08/17/2023

Snell & Wilmer LLP
Print name of law firm *(if applicable)*

Andrew B. Still
Print name of individual Movant or attorney for Movant *(if applicable)*

/s/ Andrew B. Still
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) Christian Bryan_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☐ I am the Movant and owner of the Property.

   b. ☐ I manage the Property as the authorized agent for the Movant.

   c. ☒ I am employed by Movant as (*title and capacity*): Vice President of Global Real Estate

   d. ☐ Other (*specify*):

2. a. ☐ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☒ Other (see attached): I am one of the individuals responsible for overseeing management and administration of the books, records and files of Movant, as those books records, and files pertain to the rental of this Property. As to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. The Property is:

   ☐ Residential   ☒ Nonresidential

   *Street Address:* 3345 Michelson Drive, Suites 400 and 490 and 3347 Michelson Drive, Suite 400
   *Unit/Suite Number:*
   *City, State, Zip Code:* Irvine, CA 92612

4. Movant is the ~~☐ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit _____. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.~~ **Sublessor of the Property. A true and correct copy of the Sublease, redacted as necessary to protect confidentiality, is attached as Exhibit 1.**

5. The ~~Debtor~~ Trustee asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☐ a lease that is in default

   (3) ☐ after a foreclosure sale that was held on (*date*): _____.

   (4) ☒ other (*specify*): The Sublease as between Movant and its Sublessees, Innovative Solutions, Inc. and Prime Logix, LLC, and/or an an alleged oral sub-sublease agreement as between Sublessees and The Phoenix Law Group.

6. The ~~Debtor~~ Sublessees and Trustee failed to pay:

   a. ☒ The monthly rent of $ 128,597.12_____ beginning on (*date*): 06/01/2023_____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 7                                              **F 4001-1.RFS.UD.MOTION**

    b.    ☒  Other obligations including:

        (1)  ☐  Common area maintenance charges

        (2)  ☐  Property taxes

        (3)  ☒  Other obligations *(specify):* parking and late fees in the amount of $106,287.33.

7.  Procedural status

    a.  ☐  The lease matured or was rejected on *(date)* _____:

        (1)  ☐  by operation of law.

        (2)  ☐  by order of the court.

    b.  ☐  Movant caused a notice to quit to be served upon the Debtor on *(date)* _____, and a true and correct copy is attached as Exhibit _____.

    c.  ☐  Before the bankruptcy petition was filed:

        (1)  ☐  Movant filed a complaint for unlawful detainer against the Debtor on *(date)* _____, and a true and correct copy is attached as Exhibit _____.

        (2)  ☐  Trial was held on *(date)* _____.

        (3)  ☐  Trial was continued to *(date)* _____.

        (4)  ☐  An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on *(date)* _____, and a true and correct copy is attached as Exhibit _____.

        (5)  ☐  A writ of possession for the Property was issued on *(date)* _____, and a true and correct copy is attached as Exhibit _____.

    d.  After the bankruptcy petition was filed:

        (1)  ☐  The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

        (2)  ☐  The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

        (3)  ☐  The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        (4)  ☐  The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

            (A)  ☐  Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for *(date)* _____

            (B)  ☐  Movant has not filed and served an objection.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*        Page 8        **F 4001-1.RFS.UD.MOTION**

    (5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit _____. A hearing on this objection is set for: _____

    (6) ☒ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

   a. ☐ Residential, and is not producing income for the Debtor.

   b. ☒ Commercial, but no reorganization is reasonably in prospect.

   c. ☒ No longer property of the estate.

   d. ☒ Other *(specify):* Neither the Property nor the Sublease agreement constitute property of the estate. The Trustee has been operating the Debtor's business from the Property without any right or authority to do so, has allowed others to occupy the Property, and is not paying rent or insuring the Property.

10. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other *(specify):*

11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

     (1) Case name: _____
        Chapter: _____    Case number: _____
        Date filed: _____    Date discharged: _____    Date dismissed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

     (2) Case name: _____
        Chapter: _____    Case number: _____
        Date filed: _____    Date discharged: _____    Date dismissed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 9    **F 4001-1.RFS.UD.MOTION**

(3) Case name: _____
Chapter: _____    Case number: _____
Date filed: _____    Date discharged: _____    Date dismissed: _____
Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Properly.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

08/16/2023        Christian Bryan                          Christian Bryan (Aug 16, 2023 17:23 EDT)
*Date*              *Printed Name*                                    *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 10                              **F 4001-1.RFS.UD.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92614

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting memorandum of points and authorities and declaration) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* 08/17/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown    ron@rkbrownlaw.com
- Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark    rbc@randallbclark.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Aaron E. DE Leest    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- Jenny L Doling    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- Daniel A Edelman    dedelman@edcombs.com, courtecl@edcombs.com
- Christopher Ghio    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- David M Goodrich    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Joon M Khang    joon@khanglaw.com
- Ira David Kharasch    ikharasch@pszjlaw.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Michael D Lieberman    mlieberman@lipsonneilson.com
- Yosina M Lissebeck    yosina.lissebeck@dinsmore.com, caron.burke@dinsmore.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
- Victoria Newmark    vnewmark@pszjlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 11                                                                 F 4001-1.RFS.UD.MOTION

- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- Teri T Pham    tpham@epgrlawyers.com, ttpassistant@epglawyers.com;dle@epglawyers.com
- Douglas A Plazak    dplazak@rhlaw.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott3@bclplaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* 08/17/23, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
The Litigation Practice Group PC
17542 17th Street, Suite 100
Tustin, CA 92780

Trustee
Richard A. Marshack
870 Roosevelt
Irvine, CA 92620

Committee of Unsecured Creditors
c/o Fox Rothschild LLP
Attn: Nicholas A. Koffroth
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067

The Morning Law Group PC
Attn: Officer, Director or Manager
950 County Square Drive, 104
Ventura, CA 93003

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/17/23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 11                                        **F 4001-1.RFS.UD.MOTION**

**Via Federal Express:**

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/17/23 | Kimberly A. Collins | /s/ Kimberly A. Collins |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 11    F 4001-1.RFS.UD.MOTION