1  GREGORY M. SALVATO (SBN 126285)
       Gsalvato@salvatoboufadel.com
2  JOSEPH BOUFADEL (SBN 267312)
       Jboufadel@salvatoboufadel.com
3  SALVATO BOUFADEL LLP
4  355 South Grand Avenue, Suite 2450
   Los Angeles, California 90017-9500
5  Telephone:    (213) 484-8400
   Facsimile:    (213) 401-2411
6
7  Attorneys for Creditor / Plaintiff
   MARI AGAPE
8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                        **SANTA ANA**

12

13  In re:                              | Case No. 8:23-bk-10571-SC

14  THE LITIGATION PRACTICE GROUP        | Chapter 11
15  P.C.,
                                         | **Reply to Trustee's Opposition to Motion
16                                       | for Relief from the Automatic Stay under
            Debtor.                      | 11 U.S.C. § 362 (Action in
17                                       | Nonbankruptcy Forum)**

18
                                         | Hearing:
19                                       | Date:      August 29, 2023
                                         | Time:      10:30 a.m.
20                                       | Place:     Ronald Reagan Federal Bldg.
                                         |            Courtroom 5C
21                                       |            411
22                                       |            Santa Ana, CA  90012

23

24

25

26

27

28

Salvato Boufadel,
LLP

Reply to Opposition to Motion for Relief from Stay      -1-      *In re The Litigation Practice Group P.C., Debtor*
                                                                  Case No. 8:23-bk-10571-SC

1

2

## MARI AGAPE'S REPLY TO TRUSTEE'S OPPOSITION TO
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

3

4      The simplest, most expedient way to liquidate the underlying claim, while

5   affording the parties' rights to a jury trial, is to grant the limited relief requested and

6   permit this matter to be tried to a judgment in the Superior Court. Requiring the Plaintiff

7   to litigate her claim in two separate proceedings is not likely to reduce the legal cost to the

8   bankruptcy estate but would most certainly increase the costs to the Plaintiff.  And for

9   what purpose?  Plaintiff's state law claims are non-core, non-bankruptcy matters that are

10  best handled by a state court that adjudicates these matters on a regular basis. The claim

11  must be liquidated somewhere, in some forum, and it makes sense to liquidate these

12  claims in one proceeding.

13      Having sold substantially all of its assets, this case is in the liquidation phase and

14  it is appropriate to determine the amount of the significant claims against the estate so that

15  a plan of liquidation or liquidation under chapter 7 can proceed.[1] As indicated by the

16  United States Trustee, at this time "there is nothing else for the Trustee to do in chapter 11

17  that cannot be done in chapter 7."  (*See* Reply to Oppositions to Motion to Convert, at p.

18  2, lines 6-7). Liquidation of Plaintiff's claim in another forum would not interfere with the

19  administration of this case; in fact, it would assist such administration.

20      The Trustee's reflexive opposition to relief from stay is not appropriate in this

21  case and is counterproductive to the efficient administration of this case. When one

22  examines the generic recitation of the *Curtis* factors cited by the Trustee, those factors

23  favor *granting* relief to the Plaintiff, rather than delaying a resolution of her claims, only

24  to be eventually litigated in this Court at much greater cost.

25

26

27

28

Salvato Boufadel,
LLP

[1] *See* Chapter 11 Trustee Richard Marshack's Report of Sale, etc. (Dkt. No. 416); Motion by United States Trustee to Convert Case to Chapter 7 (Dkt. No. 232); United States Trustee's Reply to Oppositions Filed to Motion to Convert, etc. (Dkt. No. 358); Order Continuing United States Trustee's Motion to Convert (Dkt. No. 366) (noting new grounds alleged for conversion).

The *Curtis* factors, applied in this district under *In re American Spectrum Realty, Inc.* (540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (Clarkson, J.) (*citing In re Curtis,* 40 B.R. 795, 799-800) (Bankr. D. Utah 1984)), suggest that, on balance, relief should be granted to liquidate Plaintiff's claim in her chosen forum, the Orange County Superior Court:

### 1. *Whether relief will result in a partial or complete resolution of the issues.*

Granting relief from the stay would allow the Superior Court to proceed to judgment and resolution of all of the issues presently pending in the State Court Action.  It is possible that litigating Plaintiff's claims in two different fora will result in inconsistent results, particularly as the liability of the employer Litigation Practice Group may derive from, and certainly will be affected by, the liability of the non-debtor management employee, Daniel March. The only way for a complete resolution of the issues is for the litigation to take place in one forum to a conclusion.  (The Trustee's argument doesn't really address this issue, but rather merely states that the "Trustee has not yet had the opportunity to analyze the state court claims . . ." (Opposition at 7)).

All of the causes of action in the State Court Action arise under California state law and can be resolved to judgment.  This factor clearly favors Plaintiff's request for relief from stay.

### 2. *The lack of any connection with or interference with the bankruptcy case*.

The Plaintiff's claims arise entirely from state law and do not implicate any bankruptcy laws. The Trustee argues that the claims allowance process would minimize such costs, but does anyone really believe that the cost to the estate incurred by bankruptcy counsel[2] will be less than pre-bankruptcy state court counsel Lewis Brisbois in

---

[2] Hourly rates for bankruptcy counsel in this case (Celentino - $825/ hour (Dkt. No. 91), Hays - $690/hour, Marshack - $690/ hour (Dkt. No. 75), Fox Rothschild $455-$890/hour (Dkt. No. 344)), are significantly higher than state court counsel.

Salvato Boufadel, LLP

Reply to Opposition to Motion for Relief from Stay          -3-          *In re The Litigation Practice Group P.C.*, *Debtor*
Case No. 8:23-bk-10571-SC

1  state court?   Plaintiff's non-bankruptcy claims can more efficiently be litigated in a non-

2  bankruptcy forum and this factor favors the Plaintiff.

3

4      **3.  *Whether the Other proceeding involves the Debtor as a fiduciary.***

5  Unclear and probably inapplicable.

6

7      **4.  *Whether a specialized tribunal with the necessary expertise has been***

8          ***established to hear the cause of action.***

9  State court litigation over wrongful termination and sexual harassment/

10  discrimination claims are commonplace in the Superior Court and the state court is

11  routinely called upon to adjudicate matters of this nature.  All of the causes of action in

12  Plaintiff's complaint arise under state law.  This factor favors the Plaintiff as well.

13

14      **5.  *Whether the Debtor's insurer has assumed full financial responsibility for***

15          ***defending the litigation.***

16  The Trustee's Opposition misstates and misquotes the language in Debtor's

17  motion, either because it was taken from a form generic response prepared by the Trustee

18  or because it was a deliberate attempt to mislead the Court.  Plaintiff does not seek

19  recovery <u>only</u> from insurance, as the Trustee states (the word "only" is stricken out in

20  Plaintiff's motion, and Plaintiff does not "waive any deficiency or other claim against the

21  Debtor or property of the Debtor's bankruptcy estate."  That also was stricken from

22  Plaintiff's motion (*See* Motion for Relief from Stay (Dkt. No. 217) at ¶ 4a, p. 3 and

23  Declaration re Action in Nonbankruptcy Forum (Dkt. No. 217) at ¶ 6.c., p. 7).

24  More significantly, the Trustee has stonewalled any attempt to obtain discovery as

25  to the insurance policies in existence that may provide coverage for the Plaintiff's claims.

26  The Trustee has failed to respond to Plaintiff's Request for Production of Documents

27  served on July 17, 2023, in connection with this contested matter, for which responses

28

Salvato Boufadel,
LLP

(and copies of the insurance policies) were due on August 21, 2023.[3] (*See* Declaration of Gregory M. Salvato, Esq. and <u>Exhibit 1</u> Letter Demanding Trustee's Counsel to Meet and Confer and Request for Production of Documents).

Thus, at this time, this factor is undetermined.  However, due to the Trustee's attempt to frustrate the discovery of information regarding the insurance policies prior to the hearing on this motion. this factor should weigh against the Trustee and in favor of Plaintiff.

### 6.  *Whether the action Primarily involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceed in question.*

There are no goods or proceeds at issue for which the Debtor is only a bailee or conduit.

Surprisingly, however, the Trustee argues that this factor favors denying relief from stay (Opposition at p. 8), on the grounds that the third party and principal actor in the sexual harassment claims – Daniel March -- is a former CEO/ insider of the Debtor. But this bankruptcy proceeding is not for the purpose of protecting Daniel March and he is not entitled to the benefit of the automatic stay.  The Trustee states that "the integral defendants to the litigation consist solely of Debtor and its insiders" (Opposition at p. 8), which is an accurate statement.  But that fact does not weigh in favor of denying relief, absent a showing that the insider, Mr. March, remains an integral part of this bankruptcy case.  The Plaintiff is entitled to pursue her claims against Mr. March and doing so without the Trustee's participation would be prejudicial.  This factor clearly favors the Plaintiff.

---

[3] In accordance with the Local Bankruptcy Rules, Plaintiff has requested that the Trustee's counsel meet and confer regarding the Trustee's failure to respond to the discovery requests under FRBP 9014 (by which FRBP Rule 34 is made applicable in contested matters) preparatory to filing a motion in this Court to compel production of the requested insurance documents.

Salvato Boufadel, LLP

**7.  *Whether litigation in another forum would prejudice the interests of other
creditors.***

It is difficult to understand the Trustee's argument here, as liquidating the
Plaintiff's claim in a more efficient, less expensive manner would not prejudice the other
creditors and the creditors would receive the same ratable distribution from the claim,
whether the claim was liquidated in the Superior Court or in the claims adjudication
process in this Court.  The speculation regarding inadequate insurance to cover all covered
claims (Opposition at p.9) should be disregarded as the Trustee has failed to provide the
insurance policies or answer under oath as to information sought regarding those
insurance policies.

**8.  *Whether the judgment claim arising from the other action is subject to
equitable subordination***

Inapplicable.

**9.  *Whether Movant's success in the other proceeding would result in a judicial
lien avoidable by the debtor.***

Inapplicable.

**10.  *The interests of judicial economy and the expeditious and economical
resolution of litigation.***

This factor strongly favors the Plaintiff.  The anticipated burden <u>on the state court</u>
is not one of the factors for consideration and the Trustee misstates that element. And,
suggesting that Plaintiff's $1 million claim will not be opposed is fatuous. (Of course,
should the Trustee choose not to contest the Plaintiff's claims in state court, then he can so
indicate in the state court proceeding).

Plaintiff maintains that it would be more expeditious and economical to resolve

Salvato Boufadel,
LLP

Plaintiff's claims in a single forum rather than in two separate proceedings, which would be duplicative and could lead to inconsistent results.

### 11.  *Preparedness for trial*

Plaintiff's claim was filed in January 2023 and has not yet been set for trial.  The burden of trial preparation is likely the same for all parties, except that where there is a prior state court counsel to assume and continue the representation of both defendants, the burden of proceeding in state court would be much less than the cost of undertaking the defense of a separate proceeding in the bankruptcy court.

### 12.  *Impact on the parties and balance of hurt.*

There is no question that the greater harm would be sustained by the Plaintiff in having to proceed in two separate trials to obtain complete relief. Plaintiff is an employee claimant who sustained substantial injuries from the abusive and egregious conduct of the Debtor and its management employee, her supervisor. There is little harm and likely less of a burden for the Trustee to share the defense of this claim in state court, rather than forcing the Plaintiff to litigate in two locations to obtain the liability determination and damage award to which she may be entitled.

The *Curtis* factors, as set forth above, strongly favor the Plaintiff's right liquidate her claims in state court.  Contrary to the Trustee's contentions, Plaintiff does not seek to "side-step" the bankruptcy process, but to seek the most efficient and cost effective forum to adjudicate her employment claims, so that the Trustee will have a fixed amount for the purposes of distribution. A liquidation of the claim amount is a necessary pre-requisite to a distribution from the estate and granting relief from stay will be the most efficient and economical way for that to occur.

Relief from stay should be granted for the limited purpose of allowing Plaintiff to

Salvato Boufadel, LLP

1  liquidate her claims to judgment.

2

3  Dated:  August 22, 2023                    SALVATO BOUFADEL LLP

4

5                                             */s/ Gregory M. Salvato*

6                                      By:  _____

7                                             Gregory M. Salvato
                                             Joseph Boufadel

8                                      Attorneys for Plaintiff, Creditor and Movant
   MARI AGAPE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Salvato Boufadel,
LLP

GREGORY M. SALVATO (SBN 126285)
  Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
  Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90017-9500
Telephone:   (213) 484-8400
Facsimile:   (213) 401-2411

Attorneys for Creditor / Plaintiff
MARI AGAPE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>              Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**Declaration of Gregory M. Salvato, Esq. in support of Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)**<br><br><br>              <u>Hearing:</u><br>Date:      August 29, 2023<br>Time:     10:30 a.m.<br>Place:    Ronald Reagan Federal Bldg.<br>             Courtroom 5C<br>             411<br>             Santa Ana, CA  90012 |

Salvato Boufadel, LLP

## DECLARATION OF GREGORY M. SALVATO, ESQ.

I, Gregory M. Salvato, declare:

1.      I am an attorney at law admitted to practice before this Court and all of the courts of the State of California.  I am bankruptcy counsel for Mari Agape, the Plaintiff in the State Court Action, and creditor and moving party in this contested matter.

2.      The following acts are known to me of my own personal knowledge and if called as a witness I could and would competently testify to the truth thereof.

### Discovery Propounded to Trustee

3.      Early in this case I made informal requests to the Trustee, Richard Marshack, and to the United States Trustee for the insurance policies of the Debtor that might be relevant to the employment claims asserted by Mari Agape in the State Court Action.  Mr. Marshack's office did not provide the requested insurance information.

4.      On July 17, 2023, I served a Request for Production of Documents on the Trustee and his counsel, requiring the production of certain insurance policies and other records by the Trustee on or before August 21, 2023.

### Trustee's Failure to Produce Insurance Documents

5.      The Trustee failed to produce the requested documents.

6.      On August 22, 2023, I sent the attached letter to Ed Hays, counsel for the Trustee Richard Marshack, requesting that he meet and confer with me pursuant to the Local Bankruptcy Rules, regarding the documents requested in the Document Request served on the Trustee, preparatory to my filing a Motion to Compel Production of Documents in this Court.

7.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of my letter of August 22, 2023 to Ed Hays, together with the Request for Production of Document that I requested the Trustee provide in connection with this contested matter.

Salvato Boufadel,
LLP

1    I declare under penalty of perjury under the laws of the United States of America

2  that the foregoing is true and correct. Executed on August 22, 2023, at Los Angeles,

3  California.

4

5

6  _____

    Gregory M. Salvato, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Salvato Boufadel,
LLP

# EXHIBIT 1

# EXHIBIT 1



SALVATO | BOUFADEL
BUSINESS LITIGATION · BANKRUPTCY · REAL ESTATE

355 SOUTH GRAND AVENUE, SUITE 2450
LOS ANGELES, CA 90071-9500
TELEPHONE: (213) 484-8400
www.SalvatoBoufadel.com

GREGORY M. SALVATO                                          GSalvato@SalvatoBoufadel.com

August 22, 2023
*Via Email and U.S. Mail*

D. Edward Hays, Esq.
Marshack Hays LLP
Attorneys at Law
800 Roosevelt
Irvine, California 92620
ehays@marshackhays.com

Re:    *Request to Meet and Confer regarding Trustee's failure to respond to
Document Request under FRBP 9014
In re The Litigation Practice Group P.C., Case No. 8:23-bk-10571-SC
Motion for Relief from Stay / Mari Agape, Movant*

Dear Mr. Hays:

We have not received the Trustee's response to the Request for Production of
Documents served on you and on the Chapter 11 Trustee Richard Marshack on or about July
17, 2023, requiring the production of certain documents by no later than August 21, 2023.

This letter is my request to meet and confer pursuant to Local Rule 7026-1(c) to
discuss the production of the requested documents, in connection with our anticipated filing
of a motion to compel to obtain the requested documents.

A copy of the Request for Production served on you and on the Trustee on or about
July 17, 2023, is attached.

Failing the required production, my client will seek an order compelling the
production of documents and recovery of attorney's fees for doing so.

Very truly yours,

Gregory M. Salvato

Page 1 of 2

# SALVATO | BOUFADEL

BUSINESS LITIGATION · BANKRUPTCY · REAL ESTATE

D. Edward Hays, Esq.

Marshack Hays, LLP

August 22, 2023

Enclosure:    Request for Production of Documents
Copy to:      United States Trustee's Office
                Client

GREGORY M. SALVATO (SBN 126285)
  Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
  Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90017-9500
Telephone:    (213) 484-8400
Facsimile:    (213) 401-2411

Attorneys for Creditor / Plaintiff
MARI AGAPE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>               Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**Creditor Mari Agape's Request for Production of Documents to Chapter 11 Trustee**<br><br>**[Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in Non-bankruptcy Forum)]**<br><br>Hearing on Contested Matter:<br>Date:     August 29, 2023<br>Time:     10:30 a.m.<br>Place:    Ronald Reagan Federal Bldg.<br>            411 West Fourth Street<br>            Santa Ana, CA 92701 |

Salvato Law
Offices

1    **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules

2  of Civil Procedure, made applicable to this bankruptcy proceeding pursuant to Rule 9014

3  of the Federal Rules of Bankruptcy Procedure, Creditor MARI AGAPE, through her

4  counsel, requests the production of the documents and things identified in <u>Exhibit A</u>

5  within 30 days of the date of this Notice and Request.

6

7  Dated: July 17, 2023                    SALVATO BOUFADEL, LLP

8

9                                          By: _____

10                                              Gregory M. Salvato

11                                              Joseph Boufadel

                                            Attorneys for Creditor
12                                          MARI AGAPE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT A**

## **DOCUMENTS TO BE PRODUCED**

All documents including, without limitation, any "writing," "recording," "photograph," including any "original" or "duplicate," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and all electronically stored information to the full extent allowed by Rule 45 of the Federal Rules of Civil Procedure, consisting of or relating to:

1. All insurance policies of the Debtor, The Litigation Practice Group ("Debtor"), that provided general liability, employment practices, or directors and officers liability for the period 2020 to the present;

2. All insurance policies that cover or relate to possible coverage of the Debtor or of Daniel March for employment claims for the period 2020 to the present;

3. All communications regarding coverage determinations for the employment claims of Mari Agape, as described in the *Mari Agape v. The Litigation Practice Group, etc., et al.,* Case No. 30-2023-01304067-CU-WT-CJC in the Orange County Superior Court, from 2021 and the present.

4. All communications including email correspondence between the Debtor and its insurance carriers or agents regarding employment claims asserted by Mari Agape for the period 2020 to the present.

5. All payment records between the Debtor and its insurance carriers or agents for the period 2020 to the present.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Salvato Boufadel LLP, 355 South Grand Avenue, Suite 2450, Los Angeles, California 90071-9500**

A true and correct copy of the foregoing document entitled (*specify*):

**Creditor Mari Agape's Request for Production of Documents to Chapter 11 Trustee**

be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) *7/17/2023*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) *7/17/2023*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **7/17/23,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

BY EMAIL:

- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Ed Hays**    Ehays@marshackhays.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/17/2022 | Gregory M. Salvato | /s/ Gregory M. Salvato |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Salvato Boufadel LLP, 355 South Grand Avenue, Suite 2450, Los Angeles, California 90071-9500**

A true and correct copy of the foregoing document entitled (*specify*):

**Reply to Trustee's Opposition to Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 (Action in Non-Bankruptcy Forum); Declaration of Gregory M. Salvato, Esq. in support of Motion for Relief from the Automatic Stay**

be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **8/22/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          1                                    **F 9013-3.1.PROOF.SERVICE**

- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**   bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias**   anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**   vnewmark@pszjlaw.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Keith C Owens**   kowens@foxrothschild.com, khoang@foxrothschild.com
- **Teri T Pham**   tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**   gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**   olivia.scott3@bclplaw.com
- **Jonathan Serrano**   jonathan.serrano@dinsmore.com
- **Paul R Shankman**   PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**   leslie.skorheim@usdoj.gov
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

☐ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On (date) <u>8/22/2023,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**<u>Courtesy Copy to Judge</u>**
Honorable Scott Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5085
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method
for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **8/22/23,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/22/2022 | Gregory M. Salvato | /s/ Gregory M. Salvato |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 3                                    **F 9013-3.1.PROOF.SERVICE**