D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK, for the
Bankruptcy Estate of The Litigation
Practice Group P.C.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>*AMENDED* MOTION FOR ORDER TO LIMIT NOTICE PURSUANT TO RULES 2002 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF LAILA MASUD IN SUPPORT<br><br>Date:  [TBD]<br>Time:  [TBD]<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C via ZoomGov[1]<br>          411 W. Fourth Street<br>          Santa Ana, CA  92701 |

---

[1] Videoconference URL: https://cacb.zoomgov.com/j/1606430315; Meeting ID: 160 643 0315; Password: 510798; If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the following audio conference information: Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666; Meeting ID: 160 643 0315; Password: 510798; For further details, please consult the instructions on the Court's website https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, solely in his capacity as Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this *amended* motion for entry of an order authorizing the Trustee to limit notice of certain matters that would otherwise require the Trustee to serve notice on all creditors.

## 1. Summary of Argument

Good cause exists to limit the number of notices that the Trustee must serve on creditors and parties in interest because there are over 300 mailable recipients who may be entitled to notice in this case, in addition to other potential interested parties of the Debtor. The requirement for the Trustee to serve all creditors and parties in interest with notice of all proceedings is, under the facts of this case, administratively burdensome and unduly expensive. Therefore, the Trustee seeks entry of an order authorizing him to serve notices only on the following:

1. The Office of the United States Trustee;
2. Debtor and Debtor's bankruptcy counsel;
3. Creditors who have the 20 largest unsecured claims;
4. All registered electronic case filing ("ECF") users;
5. Counsel for Committee of Unsecured Creditors;
6. Secured creditors or their counsel;
7. All parties who file and serve requests for special notice in the case; and
8. Any party whose interest is impacted directly by a particular action or proceeding filed by the Trustee.

## 2. Background Information[2]

On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code commencing Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

---

[2] *See*, Declaration of Laila Masud ("Masud Declaration"), ¶¶7-9.

After the Office of the United States Trustee ("UST") filed the Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b) [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee [Docket No. 44], the Court entered the Order Directing Unites States Trustee to Appoint Chapter 11 Trustee [Docket No. 58] on May 4, 2023, thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Bankruptcy Case.

Pursuant to the Acceptance of Appointment as Chapter 11 Trustee [Docket No. 63], on May 8, 2023, the Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case, and he continues to serve in this capacity at this time.

## 3. Legal Argument

While some of the pleadings filed in this case will involve matters that ordinarily fall within the parameters of notices required to be given to all creditors, such as sales of estate property, motions to abandon property, fee applications, and proposed compromises, providing notice to all such parties, the vast majority of whom are unsecured nonpriority creditors, would be overly burdensome and costly to the Estate. Any creditor that desires to receive notice of each and every proceeding may file a request for notice, and they will be apprised of the option to do so pursuant to the instant Motion.

### A.    Proposed Limited Notice Procedure

The Trustee proposes that, other than certain matters or proceedings referred to below, the Court order that notice shall be served only upon the following parties:

1. The Office of the United States Trustee;
2. Debtor and Debtor's bankruptcy counsel;
3. Creditors who have the 20 largest unsecured claims;
4. Counsel for Committee of Unsecured Creditors;
5. All registered electronic case filing ("ECF") users;
6. Secured creditors or their counsel;

7. All parties who file and serve requests for special notice in the case; and

8. Any party whose interest is impacted directly by a particular action or proceeding filed by the Trustee.

The filing of any pleading in this case, other than a proof of claim, via the CM/ECF system, shall constitute that party's consent to receive all future notices through the CM/ECF system, provided, however, that such party may request that notice be sent by first-class mail or by electronic mail to a specified address, by both filing with the Court and serving on the Trustee's counsel a request for alternative service and/or change of address. Unless otherwise required by Rule 7004(h) of the Federal Rules of Bankruptcy Procedure ("FRBP") or order of the Court, all paper notices in this case, including those required under FRBP 2002, shall be provided by first-class mail.

Limiting notice as described above will provide adequate and proper notice to affected creditors and to other interested parties. Additionally, the Trustee will provide notice to any party whose specific interest is immediately and proximately affected by a particular action or proceeding filed by the Trustee. For example, if the Trustee chooses to file a claim objection, the claimant whose claim is being objected to will receive notice by first-class mail.

Further, upon expiration of any claims bar date set in this case, rather than serve all creditors with the notices required under FRBP 2002(a), the Trustee requests authority to limit notice of the following matters to the eight categories of parties listed above and any additional creditors that hold claims for which proofs of claim have been filed:

1. Any time fixed for filing objections to, and any hearing to consider, a proposed sale of all or substantially all assets of the estate;

2. Any meeting of creditors and/or equity security holders held pursuant to 11 U.S.C. §§ 341 or 1104 of the Code;

3. Any hearing on a request for compensation or reimbursement of expenses exceeding $10,000.00; or

4. Any time fixed for filing objections to, and any hearing on, dismissal of the case.

The Trustee believes it is appropriate that all creditors receive notice of the claims bar date and will ensure that such notice is served.

Finally, the Trustee seeks entry of an order authorizing him to serve the parties affected by any motion to reject contracts, any notice to assume and assign contracts, or any further notice required to consumer clients electronically, or by first-class mail in the event an electronic address is unavailable or unknown for the affected party.

Adoption of these proposed notice procedures, after notice and the opportunity for a hearing, is necessary, appropriate, and in the best interest of the Estate. Limiting notice will significantly reduce the administrative costs of the Estate without prejudicing any party's rights or depriving them of due process. Moreover, any entity that is sufficiently interested in the proceedings in the Debtor's case may, by written request for special notice, receive all notices of such proceedings.

## B. Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure authorizes the Court to limit required notices.

The bankruptcy court has the authority to designate "the time… form and manner in which the notice shall be given." Fed. R. Bankr. Proc. 9007; Fed. R. Bankr. Proc. 2002(m) ("The Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent…"). Under the Federal Rules, this Court has the authority to craft the notice requirements for a bankruptcy case.

## C. Good cause exists to limit notice in this case.

An order limiting notice will benefit creditors of the Estate by reducing the costs of postage and photocopying expenses, and by eliminating the administrative burden to the Estate's professionals associated with the proper service of hundreds if not thousands of unsecured nonpriority creditors.

## D. All creditors will receive notice of this Motion.

All parties who will be affected by this Motion shall be duly noticed and served with the notice of Motion, and all such parties will have an opportunity to object and request a hearing. Absent an objection by an affected creditor or party in interest, the Trustee respectfully requests that the Motion be granted.

### E. This Motion may be considered without a hearing.

Pursuant to Local Bankruptcy Rule 9013-1(o), matters may be determined on notice and opportunity to request a hearing where the court determines that such a procedure is appropriate given the facts of this case. In this case, there are more than hundreds of creditors, and all creditors will be served a copy of the notice of this Motion, and all such parties will have an opportunity to object and request a hearing. Accordingly, the Trustee believes that the Court has authority to consider this Motion without a hearing.

## 4. Conclusion

The Trustee requests that the Court grant the Motion and enter an order:

1. Limiting the parties who are required to be provided with notice of any matter, including those matters listed in FRBP 2002, to the following eight categories of parties:

    a. The Office of the United States Trustee;

    b. Debtor and Debtor's bankruptcy counsel;

    c. Creditors who have the 20 largest unsecured claims;

    d. Counsel for Committee of Unsecured Creditors;

    e. All registered electronic case filing ("ECF") users;

    f. Secured creditors or their counsel;

    g. All parties who file and serve requests for special notice in the case; and

    h. Any party whose interest is impacted directly by a particular action or proceeding filed by the Trustee; and

2. For any further relief that the Court deems just and proper.

DATED: August 24, 2023

        MARSHACK HAYS LLP
        By: /s/ Laila Masud
           D. EDWARD HAYS
           LAILA MASUD
           Attorneys for Chapter 11 Trustee
           RICHARD A. MARSHACK

# Declaration of Laila Masud

I, Laila Masud, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3. I am a partner of the law firm of Marshack Hays LLP and maintain offices at 870 Roosevelt, Irvine, California, 92620.

4. If called as a witness, I could and would competently testify to the following of my own personal knowledge.

5. I have reviewed the court's PACER docket and the files contained therein for this case.

6. I make this Declaration in support of the Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure ("Motion").

7. On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code commencing Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

8. After the Office of the United States Trustee ("UST") filed the Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b) [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee [Docket No. 44], the Court entered the Order Directing Unites States Trustee to Appoint Chapter 11 Trustee [Docket No. 58] on May 4, 2023, thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Bankruptcy Case.

9. Pursuant to the Acceptance of Appointment as Chapter 11 Trustee [Docket No. 63], on May 8, 2023, the Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case, and he continues to serve in this capacity at this time.

10. Currently, there are hundreds mailable recipients who may be entitled to notice.

11. Providing notice to all such parties would be overly burdensome and costly to the bankruptcy estate.

12. An order authorizing the limiting notice will benefit the creditors of the Estate by reducing the costs to the Estate of postage and photocopying expenses, and by eliminating the administrative burden to the Estate's professionals associated with the proper service of hundreds of unsecured nonpriority creditors.

13. A limit on the notices required to be served under FRBP 2002(a)(3) is appropriate and will substantially reduce the costs associated with filing and serving such motions, and replies in support of those motions, if necessary.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 24, 2023.

*/s/ Laila Masud*
Laila Masud

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: AMENDED **MOTION FOR ORDER TO LIMIT NOTICE PURSUANT TO RULES 2002 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF LAILA MASUD IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 24, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 24, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
**MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE
GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 24, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 24, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                             F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **INTERESTED PARTY COURTESY NEF:** Michael F Chekian mike@cheklaw.com, chekianmr84018@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
   - **INTERESTED PARTY COURTESY NEF:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
   - **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
   - **ATTORNEY FOR DEFENDANT STRIPE, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** David M Goodrich dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wggllp@ecf.courtdrive.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR CREDITOR OHP-CDR, LP:** Razmig Izakelian razmigizakelian@quinnemanuel.com
   - **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
   - **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
   - **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
   - **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
   - **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
   - **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT DANIEL S. MARCH and DEFENDANT TONY DIAB:** Teri T Pham tpham@epglawyers.com, ttpassistant@epglawyers.com
- **ATTORNEY FOR DEFENDANT GREYSON LAW CENTER PC; DEFENDANT HAN TRINH; DEFENDANT JAYDE TRINH; and DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **INTERESTED PARTY COURTESY NEF:** Zev Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

4882-4284-0698, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**