QUINN EMANUEL URQUHART & SULLIVAN LLP
Eric D. Winston (SBN 202407)
ericwinston@quinnemanuel.com
Jeremy D. Andersen (SBN 227287)
jeremyandersen@quinnemanuel.com
Razmig Y. Izakelian (SBN 292137)
razmigizakelian@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for OHP-CDR, LP and PurchaseCo 80, LLC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **LIMITED OBJECTION TO MOTION TO APPROVE COMPROMISE BETWEEN TRUSTEE AND AZZURE CAPITAL LLC** |
| | **Hearing Date and Time** |
| | Date: September 13, 2023 |
| | Time: 1:30 p.m. |
| | Location: Courtroom 5C and *Via ZoomGov* |

OHP-CDR, LP ("OHP-CDR") and PurchaseCo80, LLC ("PurchaseCo") file this limited objection ("Limited Objection") to the *Motion to Approve Compromise Between Trustee and Azzure Capital LLC* [ECF 392] ("Motion").[1]

# I. INTRODUCTION

OHP-CDR is a secured creditor and PurchaseCo owns a substantial number of the Debtor's receivables. OHP-CDR and PurchaseCo do not generally object to the compromise ("Azzure Compromise") between the chapter 11 trustee ("Trustee") and Azzure Capital LLC ("Azzure") set forth in the Motion. They object to the Motion only if and to the extent that the Trustee seeks to pay Azzure before resolution of OHP-CDR's and PurchaseCo's secured claims and interests or otherwise requests a determination of ownership of certain receivables.

# II. BRIEF STATEMENT OF RELEVANT FACTS

## A. LPG's Business

The Litigation Practice Group, P.C. ("LPG" or "Debtor") is a law firm that prepetition provided consumer debt resolution. Amended Complaint ¶ 50.[2] LPG acquired clients through "marketing affiliates," and in turn, "p[aid] the marketing affiliates a percentage of fees earned through the debt resolution process." *Id.* ¶ 55. However, because "LPG and its marketing affiliates receive[d] only incremental payments over a period of time, LPG [and the marketing affiliates] would often sell the future cash flow at a discounted rate" to "factoring companies that b[ought] the receivables on account of these files." *Id.* ¶¶ 57-58.

## B. Ownership of the Receivables and the Lien

OHP-CDR[3] purchased a number of LPG's and affiliates' receivables through PurchaseCo. Pursuant to the September 1, 2022 Limited Liability Company Agreement of PurchaseCo80, LLC ("LLC Agreement"),[4] OHP-CDR contributed the "OHP Funding Capital," Agreement § 3.02, which

---

[1] All terms not defined herein have the meaning ascribed to them in the Motion.

[2] "Amended Complaint" refers to the *Amended Complaint* filed by the Trustee on June 15, 2023 in *Marshack v. Diab et al.*, Adv. Pro. No. 8:23-ap-01046-SC, ECF 62.

[3] OHP-CDR was formerly known as OHP-LPG, LP. *See* Claim No. 44, Attachment ¶ 2.

[4] The LLC Agreement is attached to OHP-CDR's proof of claim. Claim No. 44.

-1-

was to be used to purchase both "Eligible Receivables," *id.* § 7.02(e)(i), and "Assigned Eligible Receivables," *id.* § 7.02(e)(ii). Included in those receivables were a number (corresponding to about 10,201 files) acquired directly from LPG.

In addition, OHP-CDR has a lien on substantially all of the Debtors' assets. As set forth in the LLC Agreement, LPG granted OHP-CDR a first priority security interest in all of its personal property to secure repayment of the "OHP Funding Capital," and OHP-CDR (then named OHP-LPG, LP) recorded a UCC-1 financing statement with the California Secretary of State. Ex. A (Claim No. 44, Attachment ¶ 15). The UCC-1 financing statement was recorded *before* Azzure's purported loan to LPG. ECF 392 at 16 (reciting a February 7, 2023 loan from Azzure to LPG). As of the petition date, LPG owed OHP-CDR at least $16,538,954, including $9,538,954 in outstanding "OHP Funding Capital." *Id.* ¶ 3.

C.    **Azzure's Claim and the Azzure Compromise**

On July 24, 2023, Azzure filed a proof of claim, asserting a secured claim of no less than $5,000,000, based on a note dated February 7, 2023 ("Azzure Note"). Claim No. 127. The Azzure Note charged an interest rate of 170%, along with an origination fee of $50,000. ECF 392 at 26.

The Azzure Note also provided for a security interest. Azzure, however, did not file a UCC-1 financing statement, and therefore, any lien is avoidable pursuant to 11 U.S.C. § 544(a). Instead, it appears that an entity called BAE Enterprises, Inc. "assigned" its UCC-1 financing statement from May 28, 2021 ("BAE Financing Statement") to Azzure. ECF 392 at 96. The BAE Financing Statement appears to relate to an August 3, 2021 Cash Advance from Cobalt Funding Solutions to LPG. ECF 392 at 63. It appears that there was litigation between Cobalt Funding Solutions and LPG, and to resolve that litigation, the financing statement was transferred to BAE Enterprises, Inc. ECF 392 at 81. However, it does not appear that the underlying debt was transferred to BAE Enterprises, Inc. BAE Enterprises, Inc., on the same date as the Azzure Note, purported to transfer the BAE Financing Statement to Azzure. ECF 392 at 96.

The Trustee filed the Motion on August 16, 2023. ECF 392. The Motion states that pursuant to the compromise, Azzure will have an allowed secured claim in the total amount $3.5 million, $1.9 million of which "shall be paid prior to the unsecured claims of all post-petition lenders that

received super-administrative priority status," and $1.6 million of which shall be an unsecured claim. Motion at 5. The *Settlement Agreement and Release* ("Azzure Agreement") further states that Azzure's claim "is believed by the parties to be first-in-priority with respect to all of the Bankruptcy estate's debts and liabilities." ECF 392 at 17. The Motion does not state when the Trustee will pay Azzure the $1.9 million on account of the purported secured claim.

### III. AZZURE SHOULD NOT RECEIVE PAYMENT UNTIL OHP-CDR'S AND PURCHASECO'S SECURED CLAIMS AND INTERESTS ARE RESOLVED

As noted above, OHP-CDR and PurchaseCo do not object to the proposed compromise in principle. However, the Motion is unclear on two issues.

*First*, it does not appear that the Trustee is asking for a finding that Azzure's purported secured claim has priority over all other secured claims in this case. But the Azzure Agreement contains a section that states "is believed by the parties to be first-in-priority with respect to all of the Bankruptcy estate's debts and liabilities." For the reasons discussed above, OHP-CDR believes that its secured claim has priority over Azzure's. To the extent that the Trustee seeks such a finding, it is inappropriate to do so here, because the Trustee only sought approval of a compromise between himself and Azzure under Federal Rule of Bankruptcy Procedure 9019, and that compromise does not include all of the other secured creditors in this case. Moreover, any proceeding to determine the priority or validity of a lien must be brought as an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2). OHP-CDR reserves all of its rights to assert its first-priority position.

Moreover, as discussed above, PurchaseCo owns a number of LPG's receivables. The estate does not own those receivables, and therefore cannot use those receivables to pay Azzure. Like OHP-CDR's secured claim, the Motion does not address ownership of the receivables, nor does it request to use such receivables to pay Azzure. Moreover, to the extent that the Trustee disputes PurchaseCo's ownership of the receivables, such dispute must be resolved by adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2). Therefore, to the extent the Trustee seeks a finding that Azzure has priority over PurchaseCo's ownership interests, the request should be denied.

*Second*, the Trustee does not state in the Motion *when* he will pay Azzure $1.9 million on account of the compromised purported secured claim.  OHP-CDR objects to any payment to Azzure before the earlier of confirmation of a plan or resolution of OHP-CDR's and PurchaseCo's secured claims and interests.  OHP-CDR and PurchaseCo are currently in discussions with the Trustee to resolve the secured claims and interests.  If those discussions do not result in an agreement, OHP-CDR and PurchaseCo are prepared to initiate an adversary proceeding to finally determine the validity and priority of the secured claims and interests described herein.

## IV.    CONCLUSION

For the reasons above, OHP-CDR and PurchaseCo do not object to the Motion, except to the extent that it proposes to pay Azzure before OHP-CDR's and PurchaseCo's secured claims and interests are resolved.

DATED:  August 30, 2023                    Respectfully submitted,

By  */s/ Razmig Y. Izakelian*
    Razmig Y. Izakelian

*Attorneys for OHP-CDR, LP and PurchaseCo 80, LLC*

-4-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): LIMITED OBJECTION TO MOTION TO APPROVE COMPROMISE BETWEEN TRUSTEE AND AZZURE CAPITAL LLC

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 30, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/30/23 | Razmig Y. Izakelian | */s/ Razmig Y. Izakelian* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                        **F 9013-3.1.PROOF.SERVICE**

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                            F 9013-3.1.PROOF.SERVICE

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Teri T Pham on behalf of Attorney Teri Pham
tpham@epglawyers.com, ttpassistant@epglawyers.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Han Trinh
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Jayde Trinh
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE