D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK, for the
Bankruptcy Estate of The Litigation
Practice Group P.C.

**FILED & ENTERED**

**SEP 01 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 7<br><br>ORDER GRANTING MOTION TO LIMIT NOTICE PURSUANT TO RULES 2002 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE<br><br>[MOTION – DOCKET NO. 446]<br><br>Date:  August 29, 2023<br>Time:  10:30 a.m.<br>Place:  5C – via ZoomGov |

On August 29, 2023, at 10:30 a.m., the Court held a hearing on the Amended Motion to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure, ("Motion"),[1] filed by Richard A. Marshack, solely in his capacity as Chapter 11 Trustee of the Bankruptcy Estate of The Litigation Practice Group P.C. ("Debtor"), on August 24, 2023, as Dk. No. 446. D. Edward Hays appeared on behalf of the Trustee. All other appearances were stated on the record.

No opposition to the Motion was filed. The Court finds that notice of the Motion was proper, and found good cause to grant the Motion after considering the oral statements of the parties

---

[1] All defined terms shall have the same meaning as set forth in the Motion.

1

4816-4009-8297,v.1

on the record. Accordingly, the Court enters its order as follows:

IT IS ORDERED that:

1. The Motion is granted.

2. The parties who are required to be provided with notice of any matter, including those matters listed in Rule 2002 of the Federal Rules of Bankruptcy Procedure ("FRBP"), are limited to the follow eight categories:

    a. The Office of the United States Trustee;

    b. Debtor and Debtor's bankruptcy counsel;

    c. Creditors who have the 20 largest unsecured claims as identified in Official Form No. 204 filed by the Debtor as docket no. 16;

    d. Counsel for the Official Committee of Unsecured Creditors;

    e. All registered electronic case filing ("ECF") users. Because ECF users receive electronic notice, no paper notices need be mailed to ECF users that are not otherwise covered by one of the other eight categories;

    f. Secured creditors or their counsel;

    g. All parties who file and serve requests for special notice in the case; and

    h. Any party whose interest is impacted directly by a particular action or proceeding filed by the Trustee.

2. The filing of any pleading in this case, other than a proof of claim, on behalf of one of the above-referenced parties, via the CM/ECF system, shall constitute that party's consent to receive all future notices through the CM/ECF system, provided, however, that such party may request that notice be sent by first-class mail to a specified address, or by electronic mail to a specified address, by both filing with the Court and serving on the Trustee's counsel a request for alternative service and/or change of address so stating.

3. Unless otherwise required by FRBP 7004(h) or order of the Court, and excluding those parties that are registered ECF users and receive notice electronically, all paper notices in this case, including but not limited to those required under FRBP 2002, shall be provided by first-class mail.

4816-4009-8297,v.1

4. Prior to expiration of any claims bar date, notices that would otherwise be served on all creditors will instead be served on the eight categories of parties identified above in Paragraph 1. Upon expiration of any claims bar date set in this case, rather than serve all creditors with the notices required, including but not limited to those required to be served under FRBP 2002(a), Trustee is authorized to limit notice of the following matters to the eight categories of parties listed above and any additional creditors that hold claims for which proofs of claim have been filed:

    a. Any time fixed for filing objections to, and any hearing to consider, a proposed sale of all or substantially all assets of the Estate;

    b. Any meeting of creditors and/or equity security holders held pursuant to 11 U.S.C. §§ 341 or 1104;

    c. Any hearing on a request for compensation or reimbursement of expenses; or

    d. Any time fixed for filing objections to, and any hearing on, dismissal of the case.

5. Notwithstanding the foregoing, any notice to a consumer client and/or consumer creditor for any matter in this case including but not limited to any motion to reject contracts, any notice to assume and assign contracts, or any further notice required to such consumer creditors may be done electronically, or by first-class mail in the event an electronic address is unavailable or unknown for the affected party.

###

Date: September 1, 2023

*Scott C. Clarkson*
Scott C. Clarkson
United States Bankruptcy Judge

3

4816-4009-8297,v.1