D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK

**FILED & ENTERED**

**SEP 19 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No: 8-23-bk-10571-SC<br><br>Chapter 11<br><br>ORDER APPROVING STIPULATION FOR (1) RETURN OF POSSESSION OF PREMISES AFTER REJECTION OF COMMERCIAL LEASE; AND (2) ALLOWANCE OF ADMINISTRATIVE CLAIM RE: 60 N MARKET ST. # C300 & C400, ASHEVILLE, NC 28801-8124<br><br>[STIPULATION – DK. NO. 520]<br><br>[NO HEARING REQUIRED] |

The Court has read and considered the Stipulation ("Stipulation")[1] entered into by and between Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), and River Tree, LLC ("Landlord" and with Trustee, the "Parties") by their respective counsel of record, filed on September 18, 2023, as Dk. No. 520 and has found good cause to approve the Stipulation.

IT IS ORDERED:

1. The Stipulation is approved in its entirety.

2. The Lease is rejected and terminated;

---

[1] Terms not defined herein are as defined in the Stipulation.

1

4874-9076-5184

3. Trustee surrenders the Property to Landlord, and Landlord is entitled to immediate possession. Landlord will take all actions reasonably necessary to mitigate its damages by reletting the premises;

4. Landlord shall apply the Security Deposit to reduce the amount of its administrative claim;

5. Pursuant to 11 U.S.C. §503(b)(1), Landlord shall have an allowed administrative claim for unpaid post-petition rent from the April 1, 2023, date of default, through September 15, 2023, which amount equals $35,843.77 ($38,301.15 plus $3,830.12 less $6,287.50).

6. Landlord has already filed a claim for damage arising from anticipated rejection of the Lease designated as Proof of Claim No. 182 and understands that said claim is capped as set forth in 11 U.S.C. § 502(b)(6) ("Unsecured Claim"). Within 30 days after entry of this order approving the Stipulation, Landlord shall file an amended proof of claim to the extent that its filed claim is inconsistent with the terms of the Stipulation;

7. The Parties agree that there is no automatic stay preventing Landlord from seeking to recover any of its damages from the guarantor, Daniel March. Any amounts recovered from Mr. March shall reduce the amount of any allowed Unsecured Claim held by Landlord. Promptly after recovering any money or property of value from Mr. March, Landlord shall notify Trustee and file an amendment to its Unsecured Claim reflecting the reduction;

8. The Parties represent that there remains personal property left by Debtor on the premises including printers, furniture, and other office items ("Personal Property"). Trustee asserts that he has determined that such Personal Property is burdensome and of inconsequential value to the estate. Pursuant to Local Bankruptcy Rule 6007-1(a), Trustee asserts he will abandon any interest in the Personal Property by way of a separately-filed notice. Landlord may remove the Personal Property from the premises if doing so facilitates its efforts to relet the property. After abandonment is effective, Landlord shall dispose of the Personal Property as it sees fit. If prior to disposal, any lessor or other claimed owner of any Personal Property contacts Landlord and establishes such interest to the satisfaction of Landlord that said claimant is the rightful owner of the Personal Property, then Landlord shall return possession of such property to such owner. If there are any fees

associated with such removal and disposal, Landlord may submit a request for additional fees and amendment to the allowance of the administrative claim under paragraph 4 above by filing a declaration and amended order approving the Stipulation; and

9. The Stipulation resolves all issues between the Parties arising out of the Rejection Motion and Landlord shall have no obligation to respond to said motion. Except as provided in the Stipulation, Landlord waives and releases any claims against the Estate inconsistent with the terms of the Stipulation.

###

Date: September 19, 2023

Scott C. Clarkson
United States Bankruptcy Judge