1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS WOOD LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 11 Trustee,
   RICHARD A. MARSHACK

7
                    UNITED STATES BANKRUPTCY COURT
8
            CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA
9

10  In re                              Case No. 8:23-bk-10571-SC

11  THE LITIGATION PRACTICE GROUP P.C.,   Chapter 11

12              Debtor.                 TRUSTEE'S MOTION TO SURCHARGE
                                        SECURED CREDITORS TO PAY
13                                      MANAGEMENT FEES AND EXPENSES
                                        OF RESOLUTION PROCESSING, LLC;
14                                      MEMORANDUM OF POINTS AND
                                        AUTHORITIES; DECLARATIONS OF
15                                      RICHARD A. MARSHACK AND
                                        RUSSELL SQUIRES IN SUPPORT
16
                                        Hearing Date
17                                      Date:  October 19, 2023
                                        Time: 11:00 a.m
18                                      Ctrm: 5C - ViaZoom[1]
                                        Place: 411 West Fourth Street
19                                              Santa Ana, CA  92701

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28  _____

[1] Check Judge Clarkson's tentative prior to hearing for further Zoom instructions.

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this Motion ("Motion") to Surcharge Secured Creditors to Pay Management Fees of Resolution Processing, LLC ("Manager").

## I.    Summary of Argument

A bankruptcy trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. In this case, Debtor had fraudulently transferred all of its assets prior to bankruptcy. Absent Trustee's avoidance and recovery of these assets and subsequent sale (over the vigorous opposition by the Office of the United States Trustee), there would be no proceeds from which distributions could be made to secured creditors. To effectuate a sale, Trustee employed a manager to operate Debtor's business and supervise operations until the sale could be consummated. The amount of alleged secured claims exceeds the proceeds of sale that Trustee has received to date. As such, Trustee does not currently have unencumbered proceeds from which he can pay the court-approved manager. By this Motion, Trustee seeks to surcharge secured creditors so that he may immediately pay the Manager's fees in the amount of $163,960.00 and expenses in the amount of $39,296.81.

## II.    Pertinent Factual Background

### A.    Debtor's Business, Bankruptcy Filing, and Appointment of a Trustee

Pre-petition, Debtor was a law firm that provided consumer debt resolution services servicing more than 50,000 customers across the United States. In 2022, Debtor's annual revenue exceeded $150 million.

On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case").

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

1  Prior to bankruptcy, Debtor fraudulently transferred all of its assets and clients. As of the petition

2  date, Debtor had virtually no assets or clients.

3      On March 30, 2023, as Dk. No. 21, the Office of the United States Trustee ("UST") filed a

4  motion to dismiss or convert the Bankruptcy Case under 11 U.S.C. § 1112(b) for failure to comply

5  with its guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

6      On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the

7  Court directed the UST to appoint a Chapter 11 Trustee. Richard A. Marshack was appointed the

8  Chapter 11 trustee of the Debtor's Estate. *See*, Dk. No. 65.

9      Upon his appointment, Trustee filed litigation seeking, among other things, to avoid and

10 recover Debtor's fraudulent transfers. See, Adv. Case No. 8:23-ap-01046-SC. On June 27, 2023,

11 Trustee filed a stipulation with Defendant, Phoenix Law Group, Inc., avoiding, recovering, and

12 preserving the legal service agreements between Debtor and its clients.

13     On July 22, 2023, as Dk. No. 320, the Court granted Trustee's sale motion of such contracts,

14 as reformed, and entered an order approving the sale of estate assets. Pursuant to the Sale Order, the

15 buyer closed on August 4, 2023. Trustee is in receipt of approximately $5.1 million of sales

16 proceeds ("Sales Proceeds"). Further Sale Proceeds will be received in the future.

17 **B.    The Management Agreement with Resolution Processing, LLC**

18     On July 7, 2023, as Dk. No. 188. Trustee filed a motion to approve a management

19 agreement ("Agreement") with Resolution Processing, LLC ("Manager"). On July 10, 202, as Dk.

20 No. 204, Trustee's special counsel filed an amended management motion ("Management Motion").

21 On August 21, 2023, as Dk. No. 412, the Court entered an Order granting the Management Motion

22 ("Management Order").[2] The Agreement provided, in part, that:

23     (1) Manager would act through its agents Russ Squires and Gary DePew;

24

25

26

27 [2] Inadvertently the wrong motion was noted in the Order. The correct motion is Dk. No. 204 – not
   Dk. No. 188. Moreover, Dk. No. 379 provides "*Hearing Held On Motion (RE: related*

28 *document(s)204 Amended Chapter 11 Trustee's Motion To Approve Management Agreement With*
   *Resolution Processing filed by Trustee Richard A Marshack (TR)) - ORDER BY ATTORNEY -*
   *MOTION GRANTED (NB8) (Entered: 08/10/2023)*."

(2) The Agreement was for a three-month period with the start dates being June 2, 2023 - June 28, 2023 as well as from July 5, 2023 ("Effective Date");

(3) The Manager was to perform a discrete set of tasks related to operations of the Debtor as outlined in Section 2[3] of the Agreement. Specifically, the Manager had the authority to operate, manage, and supervise the business operations, and was to act solely as an agent of Trustee. Nothing in the Agreement constituted or was to be construed to create a partnership or joint venture. Importantly, Manager was to operate the Business as "manager" in accordance with the terms of the Agreement and likewise, in accordance with all applicable laws, ordinances and regulations including, but not limited to, the laws of the State of California and the Order entered on August 21, 2023, by the Bankruptcy Court and was limited by Section 3[4] of the Agreement.

(4) The Agreement would terminate upon the occurrence of an event as defined in Section 11 of the Agreement.[5]

(5) Compensation was as defined in Section 10 of the Agreement, which provided:

"Manager shall be paid a management fee of Sixty Thousand Dollars ($60,000); or $2,000 a day, for the first month; said fee to include compensation for both Russell Squires and Gary DePew; and $40,000.00 a month thereafter, or $1,333.33 a day, for the months thereafter; said fee to include compensation for both Russell Squires and Gary DePew; but not longer than 3 months total. If Manager does not perform for the entire month, the amount will be calculated on a day-to-day basis. On the last day of each month, Manager shall provide an itemized invoice, in a format reasonably acceptable to Trustee, detailing the payment due to Manager. In addition, reasonable general expenses for the Manager, including reasonable travel, meal and hotel expenses, will be covered by the Estate, at the Trustee's discretion, which discretion

---

[3] *See* Dk. No. 204, Ex. A, pg. 12-13, ¶2.

[4] *See* Dk. No. 204, Ex. A, pg. 14-15, ¶3.

[5] 11. Termination. This Agreement may be terminated under the following circumstances (each, an "**Event of Termination**"):
   a. The non-breaching party may terminate the Agreement upon a material breach by the other party of the Agreement, , if such breach is not cured (assuming it is curable) within thirty (30) calendar days after written notice is given to the breaching party'
   b. The closing of the sale of Debtor's assets;.
   c. The termination by the Court of this Agreement;.
   d. Unilaterally by Trustee; or
   e. On the date that is the last day of the third month after entry of an order approving this Agreement.

*See* Dk. No. 204, Ex. A, pg. 18-19, ¶11

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

shall not be unreasonably exercised, and included on the invoice. **MANAGER HEREBY ACKNOWLEDGES AND AGREES THAT IT WILL NOT BE COMPENSATED FROM ANY PAYROLL FUNDS AND THAT PAYMENT WILL NOT BE MADE UNTIL AFTER CLOSING OF A SALE OF DEBTOR'S ASSETS; UNLESS THE COURT ENTERS AN ORDER ALLOWING FUNDS TO BE USED BY THE ESTATE TO OPERATE THE BUSINESS; AND ENTRY OF A BANKRUPTCY COURT ORDER APPROVING THE PAYMENT OF COMPENSATION TO MANAGER. MANAGER FURTHER ACKNOWLEDGES THAT IT WILL BE PAID PRO-RATA WITH ALL OTHER ADMINISTRATIVE PROFESSIONALS.** Neither Trustee nor the LPG estate shall have any liability to Manager outside of Manager's right to receive the specified rate of compensation and expenses from the funds received during Manager's operation of LPG's business."

*See* Dk. No. 204, Ex. A, pg. 18, ¶10. Emphasis in original. Moreover, the Management Order provides the effective dates of employment of the following individuals employed by Manager:

- Russell Squires' employment is approved effective as of June 2, 2023, through and including the date of his resignation on July 20, 2023, and shall be entitled to file an administrative claim in the within case; and

- The employment of Gary DePew is approved as effective June 2, 2023, through and including August 4, 2023, and payment is to be made as an ordinary operating expense of the Estate.

*See*, Management Order, p. 2, ¶2.

Plainly put, Manager was entitled to a management fee not to exceed three months for work by Mr. Squires and Ms. DePew comprised of: (i) $60,000 for the first month and (ii) $40,000 for each month thereafter for a management fee of no more than $140,000.

Moreover, the Agreement provided in part, Manager may "hire (subject to availability of necessary funds) or dismiss employees or contractors for the Business as necessary in Manager's discretion to run the day-today operation of the Business, but only after obtaining the consent of the Trustee, which consent shall not be unreasonably withheld or delayed." *See* Dk. No. 204, Ex. A, pg. 13, ¶ 2(e).

## C.    Alleged Secured Creditors

Since his appointment, Trustee and his agents have scoured records to identify what secured creditors may exist as to Debtor. To date, the following chart identifies creditors with alleged secured claims (collectively, all creditors in the chart are referred to as the "Secured Creditors"):

| Secured Creditor | UCC Filing Date | UCC Number |
|---|---|---|
| Fundura Capital Group | 5/19/21 | U210047914841[6] |
| Azzure Capital LLC | 5/28/21 | U210050853928 |
| MNS Funding LLC | 5/28/21 | U210050823723 |
| Everyday Funding Group | 6/2/21 | U210052109216 |
| Delta Bridge Funding, LLC | 6/4/21 | U210052792122 |
| Clearfund Solution, LLC | 6/17/21 | U210057670018 |
| Green Fund NY | 6/17/21 | U210057632826 |
| World Global Fund LLC | 6/24/21 | U210059750525 |
| Cobalt Funding Solutions, LLC | 7/6/21 | U210062497027 |
| MCA Capital Holdings LLC | 8/16/21 | U210075685527 |
| BMF Advance | 10/4/21 | U210090322021 |
| Diverse Capital LLC | 9/15/21 | U210085288536 |
| Diverse Capital LLC | 12/1/21 | U210106788229 |
| Stratcap Management LLC | 10/21/22 | U220237657634 |
| OHP-CDR, LP, f/k/a OHP-LPG, LP[7] | 1/25/23 | U230005834326 |
| Kevlar Capital, LLC | 1/25/23 | U230006246724 |
| PECC Corp. | 2/2/23 | U230009059730 |
| Proofpositive LLC | 2/9/23 | U230009725118 |
| MCDVI Fund 2 LLC, MC DVI Fund 2, LLC, Debt Validation Fund II LLC | 2/10/23 | U230009923531 |
| Venture Partners LLC | 3/9/23 | U230016377733 |
| City Capital | 3/16/23 | U230018278331 |

## III.  Legal Argument

11 U.S.C. § 506(c) provides that a trustee may "surcharge" the collateral of a secured claimant to pay for the reasonable, necessary costs and expenses of preserving or disposing of the collateral:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

*See also In re Glasply Marine Indus., Inc.*, 971 F.2d 391, 393 (9th Cir. 1992) (noting that § 506(c) allows a trustee to recover reasonable expense of preserving property to the extent of any benefit to the holder of a secured claim).

Section 506(c) is an exception to the "general bankruptcy rule" that, absent an express agreement to the contrary, the expenses associated with administering a bankruptcy estate are not chargeable to a secured creditor's collateral or claim, but must be borne out of the unencumbered

---

[6] UCC-1 Listed As Being Terminated on 1/2/22 (UCC No. U220114888130). On 1/20/22 Fundura files "Lien Statement of Claim" saying debt is still owed and debtor had no right to terminate (UCC No. U220119911529).

[7] All highlighted were recorded during the preference period.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

1  assets of the estate. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023); *see also U.S.D.A. v. Hopper (In re*

2  *Colusa Reg'l Med. Ctr.)*, 604 B.R. 839, 853 (B.A.P. 9th Cir. 2019) (noting that § 506(c) codifies an

3  exception to the general rule that bankruptcy administrative expenses may not be charged to or

4  against secured collateral).

5        Surcharge is not an administrative claim but an assessment against a secured party's

6  collateral. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel &*

7  *Casino, Inc.)*, 255 F.3d 1061, 1067 (9th Cir. 2001). A surcharged amount therefore does not come

8  out of the debtor's estate, but rather comes "directly from the secured party's recovery." *Id.* The

9  rationale for charging a lienholder with the costs and expenses of preserving or disposing of secured

10  collateral is that the general estate and unsecured creditors should not bear the cost of "protecting

11  what is not theirs." *Sec. Leasing Partners LP v. ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436,

12  442 (B.A.P. 9th Cir. 2004).

13        Under § 506(c), a trustee may recover administrative expenses from a secured creditor's

14  collateral under § 506(c) if one of two tests is met. *In re Tollenaar Holsteins*, 538 B.R. 830, 833, 838

15  (Bankr. E.D. Cal. 2015). The party seeking surcharge under § 506(c) bears the burden of proof. *In re*

16  *Colusa Reg'l Med. Ctr.*, 604 B.R. at 853.

17        The first test is an "objective test" which requires that the expenses relating to the

18  preservation or disposition of collateral were:

19     1)  Reasonable,

20     2)  Necessary, and

21     3)  Provided a quantifiable benefit to the secured creditor.

22  *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp., Inc. (In re Debbie Reynolds Hotel &*

23  *Casino, Inc.)*, 255 F.3d 1061, 1065 (9th Cir. 2001); *In re Tollenaar Holsteins*, 538 B.R. at 834; *see*

24  *also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 854 (same). Recovery under the objective test is

25  limited to the amount of any benefit and must be proven with specificity. *In re Tollenaar Holsteins*,

26  538 B.R. at 834.

27        The second test is a "subjective test" under which there must be a showing that the secured

28  creditor "consented to" or "caused" the expenses to be surcharged. *In re Tollenaar Holsteins*, 538

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

1  B.R. at 834; *see also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 859 (same).[8] If the trustee satisfies

2  the requirements of § 506(c) regarding a particular expense, then the proceeds from the secured

3  party's collateral should be first used to cover the properly surcharged expense instead of being paid

4  to the secured party. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023). Section 506(c), in other words,

5  creates a "special priority" for the surcharged expense ahead of the secured party's general priority

6  to its collateral. *Id.*

7      **A.**    **The objective test is met here regarding Manager's fees and**

8          **expenses, because they were reasonable and necessary and provided**

9          **a quantifiable benefit to the Secured Creditors.**

10          **1.**    **Reasonable**

11      Expenses are reasonable to the extent they are incurred in the ordinary course at a reasonable

12  price. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023).

13      In connection with his efforts to recover and sell Debtor's assets, Trustee required the

14  assistance of a Manager. The Manager incurred direct out-of-pocket expenses totaling $39,296.81.

15  *See*, Declaration of Russ Squires ("Squires Declaration") **Exhibit 1** ("Invoice").[9] These expenses are

16  ordinary-course expenses because they all pertain to maintaining the Debtor's business and would be

17  reasonable if a secured creditor was seeking a fair market sale of the business.

18      Moreover, the Manager incurred Costs in furtherance of his duties. Trustee believes all these

19  expenses are reasonable. The expenses were incurred in arms'-length transactions. Specifically, the

20  expenses incurred by Manager were for reasonable travel, meal, and hotel expenses for the

21  employees who were the boots on the ground for the day-to-day business operations. *See* Agreement,

22  Dk. No. 204, Ex. A, ¶10(a).  The out-of-pocket expenses were therefore reasonable and necessary to

23  preserve the value of the Debtor's business. Importantly, the amounts charged are in accordance with

24  the Agreement that was approved by the Court.

25

26

_____

27  [8] Absent an agreement, consent shall be deemed pursuant to Local Bankruptcy Rule 9013-1(h).

28  [9] Please note the Invoice is simply a summary of services provided/expenses incurred. If the Court or
any party wishes to obtain a complete itemized list of the Invoice it will be furnished upon demand.

## 2.    Necessary

Expenses are necessary where they prevent loss of or diminution in value to property of the estate. *See In re Tollenaar Holsteins*, 538 B.R. 830, 834 (Bankr. E.D. Cal. 2015) (indicating that expenses were necessary to prevent the loss of valuable permits and a corresponding diminution in value if the permits were lost). Expenses are likewise necessary where they secure estate property from vandalism or ensure compliance with regulations. *Id.* at 835 (noting that expenses were reasonable and necessary to secure property from vandalism and comply with environmental monitoring regulations). Importantly, if a secured creditor has a lien on all, or virtually all, of a debtor's assets, the debtor is engaged in ongoing business operations, and the debtor's continued operations preserve or enhance the value of the secured creditor's collateral, items that may qualify as "necessary" expenses chargeable against the collateral include the debtor's payroll costs, insurance costs, workers' compensation expenses, and postpetition administrative taxes. 4 Collier on Bankruptcy P 506.05 (16th 2023).

As noted in the Agreement, and approved by the Order, Manager was entrusted to do the following necessary tasks:

- To hire (subject to availability of necessary funds) or dismiss employees or contractors for the Business as necessary in Manager's discretion to run the day-today operation of the Business
- To assure that the employment, payroll, and other similar employee related taxes are paid in a timely manner on behalf of the Trustee
- To manage and operate the Business in a businesslike manner governed by the reasonable prudent business standard, and in compliance with all applicable local, state, and federal ordinances, laws, and regulations, and subject to availability of necessary funds
- To pay, subject to availability of necessary funds, all wages, commissions, fees for utilities, withholding taxes, business and property taxes, and all other expenses, insurance, taxes, and maintenance and repair costs regarding the Business, attributable to the term hereof, and regarding the Business fixtures, equipment, and property,
- To cause the operations of the Business to be performed during all reasonably scheduled operating hours and during all normal operating days of the week,
- To deposit all receipts from the activities of the Business in the bank depositories
- To perform, subject to availability of necessary funds and the consent of the Trustee, which consent shall not be unreasonably withheld or delayed, such other and further duties which are consistent with the management of the activities of the Business in the ordinary course thereof.
- To keep proper records of all income, expenses, and of all transactions relative to the operation of the Business, and to furnish to Trustee on a monthly basis, financial statements and related reports related to the operation of the Business.
- To pay current rent as it falls due on any lease(s) of property, real or personal, used by the Business, except for any non-payment based on a good-faith and bona fide dispute
- To comply with all orders of the Court and all laws applicable to LPG and the Business

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

- To preserve all records and documents of the Business *and to only use software, venders, usernames and passwords approved by the Trustee.*

*See* Dk. No. 204, Ex. A, pg. 13-14, ¶2(e)-(o).

To that end, all tasks described above were undertaken with care by Manager. For example, the Invoice notes entries for Newbold/Rubin totaling approximately $65,328.00 for the Months of June, July, and August 2023. Mr. Newbold is the comptroller for Manager. As such Mr. Newbold handled all the day-to-day financial issues that arose during the course of managing Debtor's business including, but not limited to, (a) calculating and processing amounts for payroll and providing the breakdowns to the estate; (b) accumulate accounts payable invoices and verify the amounts due and make sure everything was processed correctly; and (c) creating spreadsheets for taxes. Mr. Alex Rubin is the Chief Technology Officer for Manager. As a result, Mr. Rubin (a) oversaw the collection and management of account access for critical services needed to support day to day operations; and (b) researched data from the various email and CRM instances across the multiple companies. Plainly put, Mr. Rubin handled all the technology related inquiries related to software, vendors, usernames, and passwords.

### 3.    Quantifiable Benefit

An estate can be surcharged for fees that a trustee's professionals incurred for services rendered for the benefit of a secured creditors and its collateral. *See In re Tollenaar Holsteins*, 538 B.R. 830, 835 (Bankr. E.D. Cal. 2015). Further, the reasonableness and necessity of a trustee's incurred expenses must be balanced against the benefits obtained for the secured creditor and the amount the secured creditor would have necessarily incurred through foreclosure and disposal of the property. *U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*, 604 B.R. 839, 854 (B.A.P. 9th Cir. 2019).

Here, Manager's expenses and time regarding the Debtor's business are well documented. The money and time Manager expended regarding the Debtor's business provided a quantifiable benefit because they pertained to the maintenance, upkeep, and continuity of the Debtor's business. Had Trustee not employed Manager and if the Manager had not operated Debtor's business, then there would be no funds from which distributions could be made to secured creditors. The value is as

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

demonstrated by the subsequent sale of the LSA. *See*, Dk. No. 320, Order Approving sale of LSAs. Further, had the Secured Creditors been in possession of the Business, they would have had to spend time and money on these same issues. Manager therefore provided a quantifiable benefit to the Secured Creditors in the amount of the expenses paid regarding the Business, and the reasonable amount of compensation for Manager's time – which compensation was approved by court Order.

Bottomline, Manager's compensation of $163,960.00 and expenses of $39,296.81 were reasonable, necessary, and quantifiably beneficial. Trustee requests that the proceeds of sale be be surcharged so that Manager can be immediately paid.

## IV.    Conclusion

For the foregoing reasons, Trustee requests that the Court enter an order:

1)    Granting the Motion;

2)    Surcharging the proceeds of sale (without regard to the priority of the Secured Creditors or the allowance of their claims) for the following fees and expenses:

    a.    $163,960.00 for fees for services rendered by Resolution Processing, LLC

    b.    $39,296.81 for expenses paid by Resolution Processing LLC;

3)    That such surcharge be without prejudice to any further surcharge to be brought by way of separately noticed motion; and

4)    Awarding such further relief as the Court deems just and proper.

DATED: September 28, 2023                    MARSHACK HAYS WOOD LLP

By: */s/ Laila Masud*
    D. EDWARD HAYS
    LAILA MASUD
    Attorneys for Chapter 11 Trustee,
    RICHARD A. MARSHACK

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

## Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

1.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

2.      I am the duly appointed Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor").

3.      The facts set forth below are true of my personal knowledge.

4.      I make this Declaration in support of my Motion ("Motion") for Order to Surcharge Secured Creditors for Payment of Management Fees and Expenses of Resolution Processing, LLC ("Manager").

5.      Prior to bankruptcy, Debtor was a law firm that provided consumer debt resolution services servicing more than 50,000 customers across the United States. According to Debtor's Statement of Financial Affairs, its annual revenue for 2022 exceeded $150 million.

6.      On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case").

7.      On March 30, 2023, as Dk. No. 21, the United States Trustee filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b) for failure to comply with the U.S. Trustee guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

8.      On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the U.S. Trustee to appointment a Chapter 11 Trustee in this case. I was appointed as the Chapter 11 trustee of the Debtor's estate.

9.      After my appointment, I filed a lawsuit seeking to avoid and recover Debtor's fraudulent transfer of its assets including legal service agreements between it and its clients. See, Adv. Case No. 8:23-ap-01046-SC.

10.     On June 27, 2023, a stipulation with Defendant, Phoenix Law Group, Inc., was filed avoiding, recovering, and preserving the legal service agreements between Debtor and its clients.

4891-8529-8814,v.1/1015-157

11.     On July 7, 2023, as Dk. No. 188, special counsel on my behalf a motion to approve management agreement ("Agreement") with Resolution Processing ("Management Motion").

12.     On July 10, 202, as Dk. No. 204, special counsel on my behalf filed an amended Management Motion.

13.     On August 21, 2023, as Dk. No. 412, the Court entered an Order granting the Management Motion.

14.     Manager spent considerable time and expenses relating to the maintenance and protection of the ongoing business operations.

15.     I believe that through the efforts of me and my professionals including Manager, the value of Debtor's business was preserved for the benefit of the estate including secured creditors.

16.     Based on negotiations with prospective buyers, I do not believe that there would have been much, if any, value to a sale had business operations ceased.

17.     It is my opinion that the fees and expenses incurred by Manager regarding the maintenance and protection of the Debtor's business were reasonable, necessary, and quantifiably beneficial to the secured creditors.

18.     No secured creditor opposed my employment of Manager.

19.     No secured creditor opposed my sale of Debtor's assets.

20.     I therefore request that the Court enter an order surcharging Secured Creditors the fees and expenses of the Manager as set forth in the Motion so that I may immediately pay Manager's fees and expenses.

21.     At this time, the Court has not yet determined the validity, priority, or extent of any of the alleged secured parties' claims. As such, I seek to surcharge the proceeds of sale. The ultimate determination of which secured creditor will not receive funds as a result of the requested surcharge will be determined at a later time.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2023.

RICHARD A. MARSHACK

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

# Declaration of Russell Squires

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am the principal of Resolution Processing, LCC ("Manager").

4. The facts set forth below are true of my personal knowledge.

5. I make this Declaration in support of the Trustee's Motion ("Motion") for Order to Surcharge Secured Creditors for Payment of Management Fees and Expenses of Resolution Processing, LLC.

6. A true and correct copy of an invoice containing a summary of services provided and expenses/costs paid is attached as **Exhibit "1."**

7. All the expenses and costs were reasonable, necessary and provided a direct benefit to Debtor and secured creditors of Debtor.

8. The terms of the Agreement, that was court-approved, and as noted in the Invoice allowed the Trustee to generate income for the Estate, provides information to the Trustee, and gives former clients of the Debtor the legal services they sought pending sale. Most important, it maintained the employees needed to provide consumers the ability to contact their attorneys and obtain information related to their cases.

9. As Manager, I spent considerable time and expenses relating to the maintenance and protection of the Debtor's business. I believe that through these efforts of the Debtor's business value was preserved as issues arose.

10. The fees and expenses I incurred regarding the maintenance and protection of the Debtor's business were reasonable, necessary, and quantifiably beneficial to the secured creditors. Had the Secured Creditors been in possession of the Debtor's business, they would have been required to address the same issues to prevent a diminution of value.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

1        11.    I therefore request that the Court enter an order surcharging from the Secured

2    Creditors my fees and expenses as set forth in the Motion.

3        I declare under penalty of perjury that the foregoing is true and correct. Executed on

4    September ___, 2023.

5

6                          RUSSELL SQUIRES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

EXHIBIT 1

**Resolution Processing**

1300 Sawgrass Corporate Pkwy

Sunrise, FL  33323 US

darius.newbold@resolution-processing.com

## INVOICE

| BILL TO | | INVOICE | 1002 |
|---|---|---|---|
| Richard Marshack, Trustee | | DATE | 08/10/2023 |
| 870 Roosevelt | | TERMS | Net 30 |
| Irvine, California  92620 | | DUE DATE | 09/09/2023 |
| United States | | | |

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| Management Fees | Squires - June | 1 | 30,000.00 | 30,000.00 |
| Management Fees | Squires - July | 1 | 13,300.00 | 13,300.00 |
| Management Fees | DePew - June | 1 | 30,000.00 | 30,000.00 |
| Management Fees | DePew - July | 1 | 20,000.00 | 20,000.00 |
| Management Fees | DePew - August | 1 | 5,332.00 | 5,332.00 |
| Management Fees | Newbold/Rubin - June | 1 | 30,000.00 | 30,000.00 |
| Management Fees | Newbold/Rubin - July | 1 | 30,000.00 | 30,000.00 |
| Management Fees | Newbold/Rubin - August | 1 | 5,328.00 | 5,328.00 |
| Management Fees | Expense Reimbursement - June | 1 | 17,023.27 | 17,023.27 |
| Management Fees | Expense Reimbursement - July | 1 | 13,045.29 | 13,045.29 |
| Management Fees | Expense Reimbursement - August | 1 | 9,228.25 | 9,228.25 |

Resolution Processing LLC
1300 Sawgrass Parkway Suite 110
Sunrise FL 33323

BALANCE DUE                    **$203,256.81**

ACH Routing Number ▮▮▮▮

Wire Routing Number ▮▮▮▮

Account Number ▮▮▮▮

**Exhibit "1"**

**Page 15**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY MANAGEMENT FEES AND EXPENSES OF RESOLUTION PROCESSING, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD A. MARSHACK AND RUSSELL SQUIRES IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **September 28, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE**
**DEBTOR**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒  Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 28, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 28, 2023 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Michael F Chekian mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
- **INTERESTED PARTY COURTESY NEF:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
- **INTERESTED PARTY COURTESY NEF:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
- **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **INTERESTED PARTY COURTESY NEF:** David M Goodrich dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wggllp@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF OHP-CDR, LP and PLAINTIFF PURCHASECO 80, LLC:** Razmig Izakelian razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP:** Mitchell B Ludwig mbl@kpclegal.com, kad@kpclegal.com
- **ATTORNEY FOR DEFENDANT HAN TRINH and DEFENDANT JAYDE TRINH:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT DANIEL S. MARCH and DEFENDANT TONY DIAB:** Teri T Pham tpham@epglawyers.com, ttpassistant@epglawyers.com
- **ATTORNEY FOR DEFENDANT GREYSON LAW CENTER PC; DEFENDANT HAN TRINH; DEFENDANT JAYDE TRINH; and DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC:** Zev Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: CONTINUED:

**SECURED CREDITOR**
BMF ADVANCE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1022 AVENUE M
BROOKLYN, NY 11230

**SECURED CREDITOR**
BMF ADVANCE LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1820 AVENUE M, SUITE 125
BROOKLYN, NY 11230

**SECURED CREDITOR**
CLEARFUND SOLUTION, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
99 WALL STREET, SUITE 2613
NEW YORK, NY 10005

**SECURED CREDITOR**
CLEARFUND SOLUTION, LLC
C/O CT CORPORATION SYSTEM
AS REPRESENTATIVE
ATTN: SPRS
330 N BRAND BLVD, STE 700
GLENDALE, CA 91203

**SECURED CREDITOR**
CT CORPORATION SYSTEM AS
REPRESENTATIVE
ATTN: SPRS
330 N BRAND BLVD, STE 700
GLENDALE, CA 91203

**SECURED CREDITOR**
DELTA BRIDGE FUNDING, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
2875 NE 191ST STREET, SUITE 500
AVENTURA, FL 33180

**SECURED CREDITOR**
DELTA BRIDGE FUNDING, LLC
C/O BUSINESS FILINGS INC.
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
323 SUNNY ISLES BLVD, STE 503
SUNNY ISLES, FL 33160-4675

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
750 MAIN STREET, SUITE 906
HARTFORD, CT 06103

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: REGISTERED AGENT
SOLUTIONS, INC., AGENT FOR
SERVICE OF PROCESS
2138 SILAS DEAN HWY, STE 101
ROCKY HILL, CT 06067

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
243 TRESSER BLVD, 17TH FLOOR
STAMFORD, CT 06901-3436

**SECURED CREDITOR**
EVERYDAY FUNDING GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1308 KINGS HIGHWAY
BROOKLYN, NY 11229

**SECURED CREDITOR**
EVERYDAY FUNDING GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
132 32ND STREET
BROOKLYN, NY 11232

**SECURED CREDITOR**
FUNDURA CAPITAL GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
80 BROAD STREET, STE 3303
NEW YORK, NY 10004-2845

**SECURED CREDITOR / POC
ADDRESS**
FUNDURA CAPITAL GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1545 ROUTE 202, SUITE 101
POMONA, NY 10970

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
FUNDURA CAPITAL GROUP
ATTN: NORTHWEST REGISTERED
AGENT LLC, AGENT FOR SERVICE
OF PROCESS
90 STATE STREET, SUITE 700,
OFFICE 40
ALBANY, NY 12207

**SECURED CREDITOR**
GREEN FUND NY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
276 5TH AVENUE, ROOM 704
BROOKLYN, NY 10001

**SECURED CREDITOR**
KEVLAR CAPITAL LLC
C/O THE LLC
1191 BROADWAY AVE
BROOKLYN, NY 11221

**SECURED CREDITOR**
MCA CAPITAL HOLDINGS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
254 32ND STREET, BLDG 2 C303
BROOKLYN, NY 11232

**SECURED CREDITOR**
MCA CAPITAL HOLDINGS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
802 AVENUE U
BROOKLYN, NY 11223

**SECURED CREDITOR / POC
ADDRESS**
MNS FUNDING LLC
C/O PAUL R. SHANKMAN
FORTIS LLP
650 TOWN CENTER DR, STE 1530
COSTA MESA, CA 92626

**SECURED CREDITOR**
MNS FUNDING LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
3611 15TH AVENUE
BROOKLYN, NY 11218

**SECURED CREDITOR**
MNS FUNDING LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
5314 16TH AVENUE, SUITE 139
BROOKLYN, NY 11204

**SECURED CREDITOR / POC
ADDRESS**
PECC CORP.
C/O RUSTY O'KANE
3131 MCKINNEY AVENUE, STE 500
DALLAS, TX 75204

**SECURED CREDITOR**
PROOFPOSITIVE LLC
ATTN: REGISTERED AGENTS, INC.,
AGENT FOR SERVICE OF
PROCESS
30 N GOULD ST, STE R
SHERIDAN, WY 82801

**SECURED CREDITOR**
STRATCAP MANAGEMENT LLC
ATTN: WES THOMAS, CEO
2030 MAIN STREET, SUITE 1300
IRVINE, CA 92614

**SECURED CREDITOR / POC
ADDRESS**
VENTURE PARTNERS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1309 COFFEEN AVENUE, STE 1200
SHERIDAN, WY 82801

**SECURED CREDITOR**
WORLD GLOBAL FUND, LLC
C/O FILE RIGHT LLC, AGENT FOR
SERVICE OF PROCESS
5314 16TH AVENUE, SUITE 139
BROOKLYN, NY 11204

**SECURED CREDITOR**
WORLD GLOBAL FUND, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
5309 13TH AVENUE
BROOKLYN, NY 11220

**SECURED CREDITOR**
COBALT FUNDING SOLUTIONS
LLC
C/O YEHUDA KLEIN, ESQ.
THE KLEIN LAW FIRM LLC
PO BOX 714
LAKEWOOD, NJ 08701

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
COBALT FUNDING SOLUTIONS
LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
99 WALL STREET, SUITE 3618
NEW YORK, NY 10005

**SECURED CREDITOR**
COBALT FUNDING SOLUTIONS
LLC
C/O CT CORPORATION SYSTEM
AS REPRESENTATIVE
ATTN: SPRS
330 N BRAND BLVD, STE 700
GLENDALE, CA 91203

4890-8889-1779, v. 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**