D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>TRUSTEE'S OMNIBUS REPLY TO (1) RESPONSE AND RESERVATION OF RIGHTS REGARDING TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY MANAGEMENT FEES AND EXPENSES OF RESOLUTION PROCESSING, LLC, FILED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS [Dk. No. 557]; AND (2) RESERVATION OF RIGHTS REGARDING TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY MANAGEMENT FEES AND EXPENSES OF RESOLUTION PROCESSING, LLC, FILED BY OHP-CDR, LP AND PURCHASECO 80, LLP [Dk. No. 558];<br><br>Hearing Date<br>Date:  October 19, 2023<br>Time: 11:00 a.m<br>Ctrm: 5C - ViaZoom[1]<br>Place: 411 West Fourth Street<br>           Santa Ana, CA  92701 |

---

[1] Check Judge Clarkson's tentative prior to hearing for further Zoom instructions.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this omnibus reply ("Reply") in support of the Motion to Surcharge Secured Creditors to Pay Management Fees and Expenses of Resolution Processing, LLC ("Motion") to the: (1) Response and Reservation of Rights Regarding Trustee's Motion to Surcharge Secured Creditors to Pay Management Fees and Expenses of Resolution Processing, LLC, filed by the Official Committee of Unsecured Creditors ("Unsecured Creditors Committee"), on October 5, 2023, as Dk. No. 557 ("Objection"); and (2) Reservation of Rights Regarding Trustee's Motion to Surcharge Secured Creditors to Pay Management Fees and Expenses of Resolution Processing, LLC, filed by OHP-CDR, LP ("OHP-CDR") and PurchaseCO 80, LLC ("PurchaseCo"), on October 5, 2023, as Dk. No. 558 ("Non-Opposition").

## I.    Summary of Argument

A bankruptcy trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. As detailed in the Motion, Trustee employed a manager to operate Debtor's business and supervise operations until the sale could be consummated. The services rendered by the Manager were the reasonable, necessary costs and expenses of preserving the value of the collateral. Despite this, the Unsecured Creditors Committee filed an Opposition arguing that the Motion modifies the terms of the Management Order[2] because Mr. Squires will not be required to file an administrative claim before receiving payment on account of his services.

The Management Order, however, does not contradict the requested relief in the Motion. Simply put, the Management Order does not forbid Mr. Squires from payment pursuant to the Motion and surcharge is appropriate as an alternative form of payment pursuant to 11 U.S.C.

---

[2] All undefined terms are used as defined in the Motion.

§ 506(c). If granted, the need for Mr. Squires to file and obtain an allowed administrative claim will be obviated. Some but not necessarily all administrative claims may form the basis of a surcharge. But, in either event, the allowance of an administrative claim is not a prerequisite to seeking a surcharge.

In addition, OHP-CDR and Purchase Co filed a Non-Opposition to the Motion, identifying that neither entity objects to the Motion so long as the collateral does not constitute the receivables allegedly acquired pre-petition by PurchaseCo. Thus, Trustee respectfully requests that this Court grant the Motion and allow Trustee to surcharge secured creditors so that he may immediately pay the Manager's fees in the amount of $163,960.00 and expenses in the amount of $39,296.81.

## II.     Legal Argument

### A.     The Manager's fees and expenses were reasonable and necessary and provided a quantifiable benefit to the Secured Creditors and do not contradict the Management Order.

11 U.S.C. § 506(c) provides that a trustee may "surcharge" the collateral of a secured claimant to pay for the reasonable, necessary costs and expenses of preserving or disposing of the collateral. *See* 11 U.S.C. § 506(c) ("[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim"); *see also In re Glasply Marine Indus., Inc.*, 971 F.2d 391, 393 (9th Cir. 1992) (noting that § 506(c) allows a trustee to recover reasonable expense of preserving property to the extent of any benefit to the holder of a secured claim).

In this case, the Unsecured Creditors Committee filed the Opposition, arguing that Mr. Squires should not be entitled to a surcharge because he is entitled to file an administrative claim in this case pursuant to the Management Order. *See* Opposition, Dk. No. 557, pgs. 2:12-3:14. As a result, the Opposition contends that the Motion attempts to modify the Management Agreement and Management Order to provide Mr. Squires with immediate payment. *Id*. at pg. 3:5-8.

A closer inspection of the Management Order reveals that the requested relief in the Motion does **_not_** contradict or modify the terms of the Management Order. The Management Order states as

follows: "Russell Squires' employment is approved effective as of June 2, 2023, through and including the date of his resignation on July 20, 2023, and **shall be entitled to file** an administrative claim in the within case." *See* Management Order, Dk. No. 412, pg. 2:8-10 (emphasis added). As such, the language in the Management Order authorizes Mr. Squires to *file* an administrative claim. It does not require him to do so. Moreover, it does not forbid Mr. Squires or Resolution Processing, LLC ("Manager") from receiving payment on account of a surcharge to pay the reasonable, necessary costs and expenses of preserving the collateral pursuant to 11 U.S.C. § 506(c). If the claim is paid via the requested surcharge, the need to file a motion for allowance of an administrative claim will be obviated.

As detailed in the Motion, the services rendered by the Manager were the reasonable, necessary costs and expenses of preserving the collateral under both the objective and subjective tests. No party has argued otherwise. Indeed, the Opposition does not argue that Trustee is not entitled to surcharge these costs and expenses. It also does not argue that these costs and expenses are not administrative expenses. Rather, the Unsecured Creditors Committee unduly focuses on the immediate payment to the Manager, who exerted considerable effort to maintain, upkeep, and continue Debtor's business. Without the work completed by the Manager, it is unlikely that Debtor's business would have sold and there would not have been any money to fight over. Because the legal standard for a trustee to "surcharge" the collateral of a secured claimant to pay for the costs and expenses of the manager has been met, and nothing in the Opposition argues the standard has not been met, surcharge and payment to the Manager pursuant to the Motion is the right thing to do considering the benefit provided. Thus, the Motion should be granted in its entirety.

**B.   It is unclear whether the Unsecured Creditors Committee has standing to oppose the Motion.**

Surcharge is not an administrative claim but an assessment against a secured party's collateral. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1067 (9th Cir. 2001). A surcharged amount therefore does not come out of the debtor's estate, but rather comes "directly from the secured party's recovery." *Id*. Consequently, § 506(c) expenses do not fall within the priority scheme of the Bankruptcy Code. *Id*.

These expenses "are paid first out of the proceeds of the sale, before a secured creditor is paid." *Id.* (quoting *United States v. Federal Deposit Insurance Corporation*, 899 F. Supp. 50, 55 (D.R.I. 1995); *see also In re Anderson*, 66 B.R. 97, 99 (9th Cir. B.A.P. 1986) ("We read the Code to provide for payment of the trustee's direct costs of sale out of the proceeds of the sale before distribution to the secured creditors").

Indeed, "only a party who is 'directly and adversely affected pecuniarily' by an order of the bankruptcy court may appeal." *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d at 1066 (quoting *In re P.R.T.C.*, 177 F.3d 774, 777 (9th Cir. 1999). To satisfy the standing requirement, the order must "diminish the appellant's property, increases its burdens, or detrimentally affects its rights." *In re P.R.T.C.*, 177 F.3d at 777; *see also In re Wrightwood Guest Ranch, LLC*, 585 B.R. 600, 605 (C.D. Cal. 2018) (declining to answer whether the unsecured creditors committee met prudential standing requirements to appeal a surcharge order but stating that, if forced to rule on the issue, that the committee would not have standing to appeal the subject surcharge order because it was not an "aggrieved" party).

In this case, it is unclear whether the Unsecured Creditors Committee has standing to oppose the Motion. The Motion was filed without prejudice to Trustee seeking additional surcharges in the future. The Committee's response also does not establish that either its constituency's or its counsel's claims would form the basis for a surcharge. Lastly, the requested surcharge is an assessment against the secured parties' collateral and any approved surcharge is not the property of Debtor's estate. The Unsecured Creditors Committee thus would not appear to be adversely affected by the Motion.

## III.    Conclusion

For the foregoing reasons, Trustee requests that the Court enter an order:

1)    Granting the Motion in its entirety;

2)    Surcharging the proceeds of sale (without regard to the priority of the various alleged Secured Creditors or the allowance of their claims) for the following fees and expenses:

    a.    $163,960.00 for fees for services rendered by Resolution Processing, LLC

        b.     $39,296.81 for expenses paid by Resolution Processing LLC;

3)    That such surcharge be without prejudice to any further surcharge to be brought by way of separately noticed motion; and

4)    Awarding such further relief as the Court deems just and proper.

DATED: October 12, 2023           MARSHACK HAYS WOOD LLP

By: */s/ Laila Masud*
    D. EDWARD HAYS
    LAILA MASUD
    SARAH R. HASSELBERGER
    Attorneys for Chapter 11 Trustee,
    RICHARD A. MARSHACK

5
REPLY IN SUPPORT OF MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S OMNIBUS REPLY TO (1) RESPONSE AND RESERVATION OF RIGHTS REGARDING TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY MANAGEMENT FEES AND EXPENSES OF RESOLUTION PROCESSING, LLC, FILED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS [Dk. No. 557]; AND (2) RESERVATION OF RIGHTS REGARDING TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY MANAGEMENT FEES AND EXPENSES OF RESOLUTION PROCESSING, LLC, FILED BY OHP-CDR, LP AND PURCHASECO 80, LLP [Dk. No. 558]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 12, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 12, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE**
**DEBTOR**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 12, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 12, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **INTERESTED PARTY COURTESY NEF:** Michael F Chekian mike@cheklaw.com, chekianmr84018@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
   - **INTERESTED PARTY COURTESY NEF:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
   - **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
   - **ATTORNEY FOR DEFENDANT STRIPE, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** David M Goodrich dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wgllp@ecf.courtdrive.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF OHP-CDR, LP and PLAINTIFF PURCHASECO 80, LLC:** Razmig Izakelian razmigizakelian@quinnemanuel.com
   - **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
   - **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
   - **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
   - **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
   - **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

- **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP:** Mitchell B Ludwig mbl@kpclegal.com, kad@kpclegal.com
- **ATTORNEY FOR DEFENDANT HAN TRINH and DEFENDANT JAYDE TRINH:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT DANIEL S. MARCH and DEFENDANT TONY DIAB:** Teri T Pham tpham@epglawyers.com, ttpassistant@epglawyers.com
- **ATTORNEY FOR DEFENDANT GREYSON LAW CENTER PC; DEFENDANT HAN TRINH; DEFENDANT JAYDE TRINH; and DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC:** Zev Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

4890-8889-1779, v. 1

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**