**FILED & ENTERED**

**OCT 17 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br><br><br><br>Debtor(s). | Case No.: 8:23-bk-10571-SC<br><br>CHAPTER 11<br><br>**ORDER DENYING WITHOUT PREJUDICE THE MOTION TO APPROVE COMPROMISE BETWEEN TRUSTEE AND AZZURE CAPITAL, LLC**<br><br>Date:       September 13, 2023<br>Time:       1:30 PM<br>Courtroom: 5C |

On September 13, 2023, the Court held a hearing on the Chapter 11 Trustee's ("Trustee" or "Movant") Motion to Approve Compromise Between Trustee and Azzure Capital, LLC, filed on August 16, 2023 [Dk. 392] (the "Motion"). Appearances are as noted in the record.

-1-

The Court, having considered the Motion, the Limited Objection filed by OHP-CDR, LP and PurchaseCo80, LLC. on August 30, 2023 [Dk. 470], the Non-Opposition filed by the Official Committee of Unsecured Creditors on August 30, 2023 [Dk. 471], the Reply filed by Azzure Capital, LLC on September 6, 2023 [Dk. 492], the Reply filed by Trustee on September 6, 2023 [Dk. 493], the Objection filed by Fondura Capital Group on September 12, 2023 [Dk. 499], the docket as a whole, and the discussion with the parties on the record at the hearing, indicated on the record that the Court would approve the Motion. After further contemplation, however, the Court has determined for the reasons set forth below, that the Motion cannot be approved and therefore hereby DENIES WITHOUT PREJUDICE the Motion[1].

I. **The Motion**

Trustee seeks approval of a compromise with a secured lender, Azzure Capital, LLC ("Azzure"), which Trustee asserts, *inter alia*, will result in $1.6 million to the Estate (the compromise is hereinafter referred to as the "Agreement"). A secured lender has objected. Trustee replied, asserting that the objection does not establish that Trustee has abused his business judgment in entering into the Agreement and that he has established that each of the factors set forth in *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) support the approval agreement. As Trustee states, "[a] bankruptcy trustee's proposed compromise should be approved if it is in the best interest of the estate and is "fair and equitable" for creditors."  [Motion, p. 2, lines 11-12]. The Court agrees; however, Trustee's focus is too narrow and the relief sought, by virtue of certain terms in the Agreement, is premature.

---

[1] While an appeal was taken to the docket entry reflecting the hearing results entered on the docket September 13, 2023 [Dk. 538], the Court has plenary authority over the order until it has issued the order in writing and it has been entered on the docket; even then the doctrine of exclusive appellate jurisdiction does not apply until the time for post-judgment reconsideration motions has passed. During that interval, the Court is free to revise the order *sua sponte* or on motion — any such revision may trigger a need for appellant to file new Notice of Appeal.

Early in the Motion, a summary of the Agreement is set forth:

> [T]he Parties have entered into an agreement which provides that: (1) Azzure will have an allowed secured claim of $3.5 million ("Compromised Secured Claim"); (2) on account of the Compromised Secured Claim, Trustee shall pay Azzure $1.9 million (footnote 1 omitted) with the lien securing the balance of the Compromise Secured Claim - $1.6 million - being avoided, recovered, and preserved for the benefit of the Estate; (3) Azzure shall retain only a $1.6 million unsecured claim against the Estate; and (4) limited releases for actions arising from the Azzure Loan. A true and correct copy of the Agreement is attached as Exhibit 1 to the Declaration of Richard A. Marshack ("Marshack Declaration"). The footnote 1 to the above states, "[t]his amount shall be paid prior to the unsecured claims of all post-petition lenders that received super administrative priority status and from the sale proceeds.

[Motion, pgs. 2-3, lines 24 – 28 and lines 1 -5].

However, more details of the Agreement emerge thereafter, specifically in the Motion's section 3 entitled "Key Terms of the Agreement."  [Motion, pgs 4-6]. Of particular note is "Section C" under "Key Terms of the Agreement," which reads in full as follows:

> **C. Priority of the Compromised Secured Claim.** *The Compromised Secured Claim shall be first-in-priority with respect to all of the Bankruptcy estate's debts and liabilities.*

[Motion, pg. 5, lines 6-7 (bold in original)].

II.     **The Oppositions**

This particular aspect of the Agreement resulted in the presentation of the Limited Opposition filed by OHP-CDR, LP ("OHP-CDR") and PurchaseCo 80, LLC ("PurchaseCo") on August 30, 2023 [Dk. 470] (OHP-CDR and PurchaseCo are together referred to as the "Limited Objectors"). OHP-CDR asserts that it is a secured creditor. PurchaseCo asserts that it owns a substantial number of Debtor's receivables. They object to the Motion only if and to the extent that Trustee seeks to pay Azzure before resolution of OHP-CDR's secured claims, including their priority, and PurchaseCo's interests in property being claimed as property of the Estate.

Fundura Capital Group ("Fundura") also filed an objection to the Motion one day prior to the hearing asserting that it possesses a lien which pre-dates Azzure's asserted lien. *See*, Dk. 499. Fundura asserts that it was assured by Trustee that its rights to cash collateral will not be compromised. *Id.* As Fundura was not an active participant at the September 13, 2023, hearing, and no further information is provided, the Court is unclear how and if Fundura's position is distinct from that of the Limited Objectors.

### III.    Discussion

The proposed Agreement's terms, as they affect Debtor and Azzure with respect to the Azzure claim and benefits to the Estate derived from (1) the fixing of the Azzure claim amount and (2) the funds being carved-out to the Estate from the Azzure recovery, are fair, equitable, and in the interest of all creditors. The problem arises with the specific term of the Agreement, entered into only between Trustee and Azzure, that Azzure is determined to be the most senior in priority of Estate property. Prior to these determinations having been made within the confines of an adversary proceeding involving the Limited Objectors, they argue that funds should not be paid to Azzure or the Estate with finality.

Trustee assures the Court that there is no problem with the specific provision declaring Azzure in senior position. Azzure claims to have the most senior lien on all of the property of the Estate (which is the very issue sought to be compromised) and that any lien(s) held by OHP-CDR are junior to the senior lien and that OHP-CDR "entered into a transaction with LPG knowing there was at least one secured creditor ahead of it – regardless of its identity." [Dk. 493, Reply, pg. 7, lines 2-3]. As for PurchaseCo, if there were any sales of assets (receivables), the Azzure lien attached to the sold receivables, or if the PurchaseCo's "purchase" of receivables was simply a hidden financial agreement(s), then the Azzure lien remains senior.

An adversary proceeding has been filed in this Court for the purposes of determining exactly these questions by OHP-CDR, LP and PurchaseCo 80, LLC

(Complaint to Determine Priority of Lien and Ownership Interest, Adv. Pro. No. 8:23-ap-01098-SC, Dk. 1, filed on September 11, 2023).

Prior to this Court approving the Motion, it is the Court's view that the provision setting forth, in no uncertain terms, that Azzure is the senior lienholder entitled to all of the rights and privileges of that status, is premature and cannot be approved at this time. OHP-CDR, PurchaseCo, and Fundura, were not made parties to the compromise, and if their rights, if any, are abrogated without their consent, the Agreement is not, in fact, fair and equitable.

In the context of the preservation of an avoided lien, which provides for a portion of the Agreement here, § 551 "cannot be utilized by the trustee to cure defective liens to the detriment of other properly perfected secured creditors." *See, In re Appalachian Energy Industries, Inc.,* 25 B.R. 515, 517 (Bankr. M.D. Tenn. 1982). As noted by the court in *Skumpija v. Warren,* 2013 Bankr. Lexis 4896 (Bankr. NC ED 2013), "[p]reservation is just that. It simply puts the estate in the shoes of the creditor whose lien is avoided. It does nothing to enhance (or detract from) the rights of that creditor viz-a-viz other creditors." *Carvell v. Bank One, Lafayette, N.A*., 222 B.R. 178, 180 (B.A.P. 1st Cir. 1998)." The Court agrees with the foregoing plain statements of law.

Moreover, and importantly, as noted in *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986):

> Creditors' objections to a compromise must be afforded deference. *In re Transcontinental*, 764 F.2d at 1299; *accord*, *In re Hallet*, 33 Bankr. at 566; *In re The General Store of Beverly Hills*, 11 Bankr. at 541. In addition, the bankruptcy court is obligated to preserve the rights of the creditors.

*Id.* at 1384.

An adversary proceeding is the proper conduit for such determination of rights of lien status. Furthermore, the arguments made during the hearing by Trustee's counsel, among others, claiming that doctrines of claim or issue preclusion would destroy OHP-CDR and PurchaseCo's opportunity to be heard on the merits of their claims and interests, advance the position that approval of the Agreement, particularly the

agreement that Azzure is the senior lienholder of Estate property as to all other parties in interest, is premature at this time.

### IV. **Conclusion**

For all of these reasons, the Motion is DENIED WITHOUT PREJUDICE.

Date: October 17, 2023

Scott C. Clarkson
United States Bankruptcy Judge