Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Counsel For Official Committee of Unsecured Creditors

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**STIPULATION CONCERNING PROTECTIVE ORDER FOR INFORMATION PROVIDED BY MORNING LAW GROUP P.C., PURSUANT TO AUDIT RIGHTS GRANTED UNDER SALE ORDER** |

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. ("LPG"), Richard A. Marshack, in his capacity as the chapter 11 trustee of The Litigation Practice Group P.C. (the "Trustee"), Nancy Rapoport, in her capacity as post-closing ethics compliance monitor (the "Monitor"), and Morning Law Group, P.C. ("MLG" and, together with the Committee, Trustee, and Monitor, the "Parties"), stipulate and agree as follows (the "Stipulation").

**RECITALS**

A. On March 20, 2023 (the "Petition Date"), The Litigation Practice Group P.C. (the "Debtor"), filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case");

B. On May 8, 2023, the Court entered an order [Docket No. 65] approving the appointment of the Trustee.

C. On June 23, 2023, the Office of the United States Trustee appointed [Docket No. 134] the Committee, which was amended [Docket No. 157] to increase the number of Committee members on June 29, 2023.

D. On August 2, 2023, the Court entered an order [Docket No. 352] (the "Sale Order") approving the sale of certain assets to MLG. The Sale Order approved that certain *Agreement of Purchase and Sale and Joint Escrow Instructions* (the "APA") by and between the Trustee and MLG, which provides, *inter alia*, for certain audit rights (the "Audit Rights"), including the right of estate professionals to have "full access to all books and records of the Buyer." Sale Order, Ex. 1 (APA at 32).

E. On August 7, 2023, the Court entered an order [Docket No. 363] (the "Monitor Order") appointing the Monitor. Pursuant to the Monitor Order, the Court appointed the Monitor to "monitor the Buyer's compliance with generally understood ethical standards and certain consumer protection obligations." Monitor Order at 3.

F. On September 22, 2023, the Committee provided MLG and its counsel with its first set of audit requests, pursuant to the Audit Rights.

G. The Parties have met and conferred concerning the audit requests, which discussions are still in process, and:

a. the Monitor has requested that the Parties implement certain policies to ensure that any audit does not result in the inadvertent dissemination of confidential or privileged client information; and

b. MLG has requested that all other documents disclosed by MLG pursuant to the Audit Rights be subject to confidentiality protections.

H. Disclosure of information, pursuant to the Audit Rights, is likely to involve production of Business Documents and information related to clients of LPG, and clients of MLG ("Client Information") for which special protection from public disclosure and from use for any purpose other than prosecuting this Bankruptcy Case may be warranted. Accordingly, as set forth below, the Parties request entry of a protective order in the form attached hereto as **Exhibit A**. The Parties acknowledge that the proposed form of order does not confer blanket protections on all disclosures or responses to Audit Requests and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**STIPULATION**

NOW, THEREFORE, based on the foregoing, the Parties agree and stipulate as follows:

1. The Parties restate and incorporate the foregoing Recitals set forth above.

2. Based on the foregoing, the Parties stipulate to the entry of the proposed form of order, attached hereto as **Exhibit A**, to govern the protection of Client Information provided by MLG in connection with the Audit Rights.

[*Signatures on next page.*]

DATED this 24th day of October 2023.

**FOX ROTHSCHILD LLP**

By: ______________________________
Michael A. Sweet (Bar No. 184345)
Keith C. Owens (Bar No. 184841)
Nicholas A. Koffroth (Bar No. 287854)
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
*Counsel for the Committee*

**MARSHACK WOOD HAYS LLP**

By: ______________________________
D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
870 Roosevelt
Irvine, California 92620
*Counsel for Trustee*

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**

10/24/23

By: ______________________________
Zev Shechtman (Bar No. 266280)
Aaron E. de Leest (Bar No. 216832)
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
*Counsel for Morning Law Group, P.C.*

**NANCY RAPOPORT**

By: ______________________________
Nancy Rapoport
William S. Boyd School of Law
University of Nevada, Las Vegas
4505 S. Maryland Parkway
Box 451003
Las Vegas, Nevada 89154-1003
*Ethics Compliance Monitor*

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

DATED this 24th day of October 2023.

**FOX ROTHSCHILD LLP**

By: ______________________________
Michael A. Sweet (Bar No. 184345)
Keith C. Owens (Bar No. 184841)
Nicholas A. Koffroth (Bar No. 287854)
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
*Counsel for the Committee*

**MARSHACK WOOD HAYS LLP**

By: /s/ D. Edward Hays
D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
870 Roosevelt
Irvine, California 92620
*Counsel for Trustee*

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**

By: ______________________________
Zev Shechtman (Bar No. 266280)
Aaron E. de Leest (Bar No. 216832)
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
*Counsel for Morning Law Group, P.C.*

**NANCY RAPOPORT**

By: ______________________________
Nancy Rapoport
William S. Boyd School of Law
University of Nevada, Las Vegas
4505 S. Maryland Parkway
Box 451003
Las Vegas, Nevada 89154-1003
*Ethics Compliance Monitor*





FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**Exhibit A**

Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Counsel For Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**PROTECTIVE ORDER FOR INFORMATION PROVIDED BY MORNING LAW GROUP P.C., PURSUANT TO AUDIT RIGHTS GRANTED UNDER SALE ORDER** |

The Court, having considered the *Stipulation Concerning Protective Order for Certain Information Provided by Morning Law Group P.C., Pursuant to Audit Rights Granted Under the Sale Order* [Docket No. ___] (the "Stipulation") by and between The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C., Richard A. Marshack, in his capacity as the chapter 11 trustee of The Litigation Practice Group P.C. (the "Trustee"), Nancy Rapoport, in her capacity as post-closing ethics compliance monitor (the "Monitor"), and Morning Law Group, P.C. ("MLG" and, together with the Committee, Trustee, and Monitor, the "Parties"), and good cause appearing therefor,

///

///

**IT IS HEREBY ORDERED** as follows:

1. DEFINITIONS

(a) Audit Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to the Audit Rights.

(b) Challenging Party: a Party that challenges the designation of information or items under this Order.

(c) CLIENT INFORMATION: information (regardless of how it is generated, stored or maintained) or tangible things that contain personally identifiable information of the clients of MLG that, if disclosed, would constitute a violation of the attorney-client privilege.

(d) Counsel: attorneys who represent a Party (as well as their support staff).

(e) Designating Party: a Party that designates information or items that it produces in disclosures or in responses to discovery as containing "CLIENT INFORMATION."

(f) Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant by a Party in the Bankruptcy Case.

(g) Party: each of the Parties, individually, including all of its officers, directors, employees, consultants, retained Experts (and their support staffs).

(h) Producing Party: a Party that produces Audit Material.

(i) Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(j) Protected Material: any Audit Material that is designated as containing "CLIENT INFORMATION," as confirmed by the Monitor, pursuant to the provisions of this Order, and is not modified to constitute Redacted Protected Material.

(k) Receiving Party: a Party that requests the receipt of Audit Material from a Producing Party.

(l) Redacted Protected Material: has the definition set forth subsequently in this Order.

(m) Unless otherwise defined in this section, all capitalized terms have the definitions set forth below in this Order or as otherwise defined in the Stipulation.

2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material that would otherwise constitute Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (w) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (x) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material in any dispute before the Court shall be governed by a separate agreement or order.

Audit Material that is not Protected Material shall be treated as confidential under the Stipulation and this Order and subject to Section 9 below.

3. DURATION

Even after the termination of Audit Rights, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) the satisfaction of all obligations of MLG under the terms of the APA and Sale Order; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, with respect to any dispute between the Parties (or any subset of the Parties) concerning

the satisfaction of MLG's obligations under the APA and Sale Order.

4. DESIGNATING PROTECTED MATERIAL

(a) Exercise of Restraint and Care in Designating Material for Protection. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable rules of professional conduct governing attorney-client confidentiality. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b) Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Audit Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

i. For **information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CLIENT INFORMATION" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate annotations in the margins).

ii. For **original documents or materials** available for inspection, the Producing Party need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CLIENT INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CLIENT INFORMATION" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate annotations in the margins).

iii. for **testimony** given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

iv. for **information produced in some form other than documentary and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CLIENT INFORMATION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(c) Monitor Review of Designated Material. Prior to producing information designated as CLIENT INFORMATION to the Receiving Party, the Producing Party shall forward such designated material, with the appropriate legend and annotations, to the Monitor for initial review. The Monitor shall determine whether material designated as "CLIENT INFORMATION" qualifies as Protected Material. If the Monitor determines that the designated material is Protected Material, then the Monitor shall either: (i) where practicable and necessary for the review of information associated with particular clients, as determined by the Receiving Party, implement a randomization protocol that assigns and applies a discrete, randomized numerical or other data identifier to each client name or other identifying information in lieu of client identifying information to permit the review of client-specific data without disclosing personally identifiable information regarding a particular client (the "Randomization Protocol"); or (ii) where impracticable or not necessary for purposes of the Receiving Party's review, redact personally identifiable client information (the "Redaction Protocol" and, with respect to Protected Material treated pursuant to the Randomization Protocol or the Redaction Protocol, the "Redacted Protected Material"). If the Monitor determines that the designated material

is not Protected Material, the Monitor may forward the designated material to the Receiving Party and the designated material will not constitute Protected Material.

(d) Inadvertent Failures to Designate. If the Receiving Party reasonably believes that it obtained information that contains CLIENT INFORMATION, then the Receiving Party shall forward such material to the Monitor to conduct the review set forth in Paragraph 4(c); provided, that, any action taken to request Monitor review by a Receiving Party shall not be treated as a waiver of any rights under this Order. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

(e) Access to Redacted Protected Material. A Receiving Party may provide Redacted Protected Material to any other Party (i.e., a Party to the Stipulation) without further notice to the Disclosing Party. Moreover, a Party may file Redacted Protected Material with the Court without the need to seek an order to file the Redacted Protected Material under seal.

5. CHALLENGING CLIENT INFORMATION AND PROTECTED MATERIAL DESIGNATIONS

(a) Timing of Challenges. Any Party may challenge a designation of Client Information or Protected Material at any time. Unless a prompt challenge to a Designating Party's Client Information designation or a Protected Material determination is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Bankruptcy Case, a Party does not waive its right to challenge a Client Information or Protected Material designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge to the Parties. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to Client Information or Protected Material is being made in

accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the Client Information or Protected Material designation was not proper and must give the Designating Party and Monitor an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to enforce this Order within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within 21 days (or 14 days, if applicable), shall automatically waive the rights of the Designating Party with respect to such dispute. In addition, the Challenging Party may file a motion challenging a Client Information or Protected Material designation at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the Client Information or Protected Material designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. The Monitor shall have standing to appear and be heard at any hearing challenging the designation of Confidential Information or Protected Material.

6. ACCESS TO AND USE OF PROTECTED MATERIAL AND REDACTED PROTECTED MATERIAL

(a) Basic Principles. A Party may use Redacted Protected Material that has been disclosed or produced by another Party in connection with this Bankruptcy Case or such other litigation pertaining to the Bankruptcy Case, the Sale Order, and the APA. Protected Material that is not Redacted Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b) Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Parties hereto may disclose any information or item designated as containing Protected Material only to:

i. employees, contractors, professionals or vendors of any Party to whom it is reasonably necessary to disclose the information to discharge the Parties' duties under this Order and the Monitor Order, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

ii. any counsel employed by the Parties; and

iii. the Court and its personnel.

(c) Limitations Concerning the Monitor Order. Nothing contained herein shall limit or supersede the rights granted to the Monitor under the Monitor Order or any other order of the Court entered in connection therewith.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Party must immediately (a) notify in writing the Designating Party and Monitor of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

9. GENERAL CONFIDENTIALITY OF THE AUDIT MATERIAL

(a) All Audit Material Presumed Confidential. All of the documents that are not expressly designated Protected Material under this Order shall be presumed as confidential.

(b) Use of Audit Material other than Protected Material. The Parties' professionals may freely use Audit Material that is not Protected Material for analysis, compilation, and other work

within the scope of the Audit Rights and their duties under the Bankruptcy Code. Further, the Parties' professionals may file any professional work product based on such original Audit Material without seeking permission from the Designating Party.

(c) Filing of Copies of Audit Material other than Protected Material. Before filing copies of any documents comprised of Audit Material that is not Protected Material, any Party shall seek approval from the Designating Party and, absent approval, the Parties shall meet and confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the approval request. If the Parties cannot resolve a challenge without court intervention, the Parties shall follow the judicial intervention procedures set forth in Section 5(c) of this Order. Notwithstanding the foregoing, any Party may request authority from the Court to file Audit Material that is not Protected Material under seal at any time, pursuant to Local Bankruptcy Rule 5003-2(c) and 11 U.S.C. § 107.

(d) Committee Member Access. Committee members may not receive access to Protected Material and may only receive access to Audit Material if they are signatories to Exhibit A hereto.

10. MISCELLANEOUS

(a) Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(b) Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

(c) Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Party may file the information in the public record, unless otherwise instructed by the Court. Nothing contained herein limits a Party's right to file Redacted Protected Material, which a Party may do without further order from the Court.

11. FINAL DISPOSITION

Within 60 days after the final disposition, as defined above, each Party must take reasonable steps to return all Protected Material to the Producing Party or destroy such material (reasonable steps do not include removing the material from backup drives or similar archival storage); provided, however, that the Monitor may maintain any randomization keys or coding produced pursuant to the Randomization Protocol for 6 months following the final dispotition. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

###

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order [Docket No. ___] that was issued by the United States Bankruptcy Court for the Central District of California on [date] in the case of THE LITIGATION PRACTICE GROUP P.C. (Case No. 8:23-bk-10571-SC). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: STIPULATION CONCERNING PROTECTIVE ORDER FOR INFORMATION PROVIDED BY MORNING LAW GROUP, P.C., PURSUANT TO AUDIT RIGHTS GRANTED UNDER SALE ORDER on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/25/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown** ron@rkbrownlaw.com
- **Christopher Celentino** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** rbc@randallbclark.com
- **Leslie A Cohen** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Daniel A Edelman** dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio** christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden** jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays** ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander** ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian** razmigizakelian@quinnemanuel.com
- **Joon M Khang** joon@khanglaw.com
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Nicholas A Koffroth** nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley** chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman** mlieberman@lipsonneilson.com
- **Yosina M Lissebeck** Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias** anahmias@mbn.law, jdale@mbnlawyers.com

- **Victoria Newmark** vnewmark@pszjlaw.com
- **Queenie K Ng** queenie.k.ng@usdoj.gov
- **Teri T Pham** tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak** dplazak@rhlaw.com
- **Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott** olivia.scott3@bclplaw.com
- **Jonathan Serrano** jonathan.serrano@dinsmore.com
- **Paul R Shankman** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim** leslie.skorheim@usdoj.gov
- **Andrew Still** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**2. SERVED BY UNITED STATES MAIL**: On 10/17/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Debtor
The Litigation Practice Group P.C.
17542 17th St., Suite 100
Tustin, CA 92780

**See attached for additional parties**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 25, 2023, I served the following persons and/or entities by personal delivery, mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/25/2023 | Kimberly Hoang | */s/ Kimberly Hoang* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**Additional Parties Served by U.S. Mail**

**Creditors who have the 20 largest unsecured claims**

Debt Validation Fund II, LLC
5075 Lower Valley Road,
Atglen, PA 19310

MC DVI Fund 1, LLC; MC
DVI Fund 2, LLC
598 Cottonwood Dr.,
Glenview, IL 60026

Validation Partners LLC
1300 Sawgrass Pkwy, Ste. 110
Sunrise, FL 33323

Marich Bein LLC
99 Wall Street, Ste 2669
New York, NY 10005

Business Centers of America
1100 Sir Francis Drake Blvd,
Ste 1, Kentfield, CA 94904

JP Morgan Chase
3 Park Plaza, Ste 900
Irvine, CA 92614

CA Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0511

Outsource Accelerator Ltd
City Marque Limited
Unit 8801-2 Bldg. 244-248
Des Voeux Rd.
Central Hong Kong

Collaboration Advisors
400 Dorla Court
Zephyr Cove, NV 89448

Anthem Blue Cross
PO Box 511300
Los Angeles, CA 90051-7855

Azevedo Solutions Groups, Inc.
420 Adobe Canyon Rd.
Kenwood, CA 95452

Debt Pay Pro
1900 E Golf Road, Suite 550
Schaumburg, IL 60173

Sharp Business Systems
8670 Argent St
Santee, CA 92071

Tustin Executive Center
1630 S Sunkist Steet, Ste A
Anaheim, CA 92806

Exela Enterprise Solutions
2701 E. Grauwyler Road
Irving, TX 75061

Netsuite-Oracle
2300 Oracle Way
Austin, TX 78741

Credit Reporting Service Inc
548 Market St, Suite 72907
San Francisco, CA 94104-5401

Document Fulfillment Services
2930 Ramona Ave #100
Sacramento, CA 95826

Executive Center LLC
5960 South Jones Blvd
Las Vegas, NV 89118

LexisNexus
15500 B Rockfield Blvd
Irvine, CA 92618

**Secured Creditors**

Diverse Capital LLC
323 Sunny Isles Blvd., Suite 503
Sunny Isles, FL 33154

City Capital NY
1135 Kane Concourse
Bay Harbour Islands, FL 33154

Counsel for secured creditor Fundura Capital Group
Mitchell B. Ludwig
Knapp, Petersen & Clarke
550 North Brand Blvd., Suite 1500
Glendale, CA 91203