1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Yosina M. Lissebeck (State Bar No. 201654)
3  **DINSMORE & SHOHL LLP**
   655 West Broadway, Suite 800
4  San Diego, CA 92101
   Telephone:  619.400.0500
5  Facsimile:  619.400.0501
   christopher.ghio@dinsmore.com
6  christopher.celentino@dinsmore.com
7  yosina.lissebeck@dinsmore.com

8  Special Counsel to Richard A. Marshack

9

10                **UNITED STATES BANKRUPTCY COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

12

13  In re:                                      Case No.: 8:23-bk-10571-SC

14  THE LITIGATION PRACTICE GROUP P.C.,         Chapter 11

15          Debtor.                             **NOTICE OF MOTION AND MOTION
                                                PURSUANT TO FED. R. BANKR. P. 2004**
16                                              **AND L.B.R. 2004-1 FOR AN ORDER
                                                REQUIRING THE PRODUCTION OF**
17                                              **DOCUMENTS BY THE CUSTODIAN OF
                                                RECORDS OF EVERYDAY FUNDING**
18                                              **GROUP LLC; DECLARATION OF
                                                YOSINA M. LISSEBECK IN SUPPORT**
19                                              **THEREOF; AND EXHIBIT**

20
                                                Date:   [*No Hearing Required*]
21                                              Time:   [*No Hearing Required*]
                                                Judge:  Hon. Scott C. Clarkson
22                                              Place:  Courtroom 5C
23                                                      411 W. Fourth Street
                                                        Santa Ana, CA  92701
24

25

26

27

28

**TO THE COURT, THE CUSTODIAN OF RECORDS OF EVERYDAY FUNDING GROUP LLC, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, on November 6, 2023, Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, this *Notice Of Motion And Motion Pursuant To Fed. R. Bankr. P. 2004 And L.B.R. 2004-1 For An Order Requiring The Production Of Documents By The Custodian Of Everyday Funding Group* (the "Motion").  The Motion is made pursuant to Fed. R. Bankr. P. 2004 ("Rule 2004") and L.B.R. 2004-1 ("Local Rule 2004") to require the production of documents by Everyday Funding Group LLC ("EFG"), by its authorized custodian of records.  Specifically, the Trustee seeks an order providing that:

1.     **Upon service of a subpoena on EFG, it shall produce for inspection and copying by the Trustee the documents and things described in Exhibit "1" to the attached subpoena (the "Documents") and an affidavit or declaration under penalty of perjury attesting to compliance with the subpoena.  The Documents shall be produced at or before 10:00 a.m. on November 27, 2023 at the offices of Dinsmore & Shohl LLP located at 655 W. Broadway Street, Suite 800, San Diego California 92101, Attn: Yosina Lissebeck.**

2.     **The Trustee is authorized to issue a subpoena as necessary to compel such document production.**

3.     **If EFG withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, EFG shall prepare a privilege log in accordance with the "Instructions" in Exhibit "1" to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Yosina Lissebeck of Dinsmore & Shohl LLP, 655 W. Broadway Street, Suite 800, San Diego, California 92101) at or before 10:00 a.m. on November 27, 2023.**

///

1    4.    **Such other and further relief as the Court deems just and proper is granted.**

2    The Motion is made under Rule 2004 and Local Rule 2004-1 on the grounds that the Trustee

3    is investigating the financial activities of the Debtor and related entities, and potential claims for relief

4    related thereto.  On June 2, 2021, EFG filed a UCC-1 Statement No. U210052109216 ("Statement")

5    against the Debtor with the California Secretary of State.  On or about July 18, 2023 and August 15,

6    2023, counsel for the Trustee wrote to EFG regarding the Statement and its relationship with the

7    debtor.  As of November 5, 2023, EFG has not responded to this letter.  The Trustee does not know

8    if any amount is still owed to EFG or any of the details of the relationship/transaction between EFG

9    and the Debtor.

10    Information regarding whatever transaction that caused the Statement to be filed, including

11    information on any payments or transfers made pursuant to the transaction are needed to assist the

12    Trustee in reconstructing the Debtor's pre-petition financial condition and to draft a chapter 11 plan

13    for this case.  Because there is no adversary proceeding or contested matter in which this discovery

14    would be appropriate, the Trustee may not proceed under Fed. R. Bankr. P. 7030 or 9014.

15    As set forth in the attached declaration of Yosina Lissebeck ("Lissebeck Decl."), pursuant to

16    L.B.R. 2004-1(a), the Trustee has attempted to contact EFG regarding its relationship with the

17    Debtor.  There has been no response.  Per the Statement, EFG's address is 132 32nd Street, Brooklyn,

18    NY 11232.  Per the New York Department of State, Division of Corporations, EFG's New York

19    Agent for Service of Process is: THE LLC, 1308 Kings Highway, Brooklyn, NY, 11229.  As of the

20    filing of this motion, no response has been received.

21    The Motion is based on this Notice of Motion, the attached Memorandum of Points and

22    Authorities, the attached Lissebeck Declaration, the attached exhibit(s), and the pleadings and

23    records on file in case, of which the Court is requested to take judicial notice.

24    **PLEASE TAKE NOTICE** that, pursuant to Local Rule 2004-1(f):

25    The party whose examination is requested may file a motion for
protective order if grounds exist under FRBP 7026 and F.R.Civ. P.
26    26(c).  A motion for protective order must be filed and served not less
than 14 days before the date of the examination, and set for hearing
27    not less than 2 days before the scheduled examination, unless an order
shortening time is granted by the court pursuant to LBR 9075-1.
28

2

Any motion for a protective order must be filed with the Court and served on the Trustee, the Court, and the Office of the United States Trustee as follows:

**For Service on the U.S. Trustee**

Office of the U.S. Trustee
Ronald Reagan Federal Building
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701-8000

**For Service on the Court**

Hon. Scott C. Clarkson
411 W. Fourth Street
Santa Ana, California 92701

**For Service on the Trustee**

Yosina M. Lissebeck, Esq.
Dinsmore & Shohl LLP
655 W. Broadway Suite 800
San Diego, California 92101

**PLEASE TAKE FURTHER NOTICE** that the Trustee files this Motion without prejudice to his right to seek further examination of or production of documents by EFG and others under Rule 2004 and Local Rule 2004-1.

**PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 9013-1(p)(3) the Court may grant this Motion without a hearing. Moreover, the failure to timely file and serve a motion for a protective order and to timely set it for hearing in accordance with the Local Bankruptcy Rules may be regarded by the Court as consent to the Motion and a waiver of any basis for a protective order.**

Dated: November 6, 2023

DINSMORE & SHOHL LLP

By: ___/s/ Yosina M. Lissebeck___
     Yosina M. Lissebeck
     Christopher B. Ghio
     Christopher Celentino
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), submits this Memorandum of Points and Authorities, through his undersigned counsel, in support of his motion (the "Motion") for an order under Rule of Bankruptcy Procedure 2004 ("Rule 2004") and Local Bankruptcy Rule 2004-1 ("Local Rule 2004") requiring the production by Everyday Funding Group ("EFG") of the documents described in **Exhibit "1"** to the attached subpoena along with an affidavit or declaration under penalty of perjury attesting to compliance with the subpoena.

**II.**

**STATEMENT OF FACTS**

On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. Since his appointment, the Trustee has served in this capacity and has started his investigation of the Debtor's pre-petition business and transactions. In the years before the filing of the petition, numerous parties filed UCC-1 Statements against the Debtor with the California Secretary of State. On or about July 18, 2023 and August 15, 2023, counsel for the Trustee wrote to EFG regarding the UCC-1 Statement it had filed against the Debtor on or about June 2, 2021. There has been no response to these letters.

**III.**

**RULE 2004 AUTHORIZES PRODUCTION OF DOCUMENTS**

Without knowing the  details of the whatever transaction happened between the Debtor and EFG,  or if any amounts are still owed to EFG the Trustee cannot review, evaluate, and understand

1  the Debtor's pre-petition business and financial affairs.  This also complicates the drafting and

2  confirmation of a chapter 11 plan.  The Trustee requests production of documents from EFG regarding

3  its relationship and transactions with the Debtor.

4  **IV.**

5  **THE REQUESTED RULE 2004 ORDER SHOULD BE GRANTED**

6  Rule 2004(a) provides as follows: "On motion of any party in interest, the court may order

7  the examination of any entity."  Rule 2004(b) provides that a Rule 2004 examination "may relate

8  only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to

9  any matter which may affect the administration of the debtor's estate . . . ."  "[I]t is well-settled that

10  Rule 2004 discovery enjoys a broad scope, regardless of any background state law issues."

11  *Dynamic Finance Corp. v. Kipperman (In re North Plaza)*, 395 B.R. 113, 122 (S.D. Cal. 2008).

12  "The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful

13  'fishing expedition.'"  *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

14  **A.    The Trustee Has Tried to Meet and Confer**

15  Pursuant to Local Rule 2004-1(A), on or about August 15, 2023, the Trustee's counsel wrote

16  to EFG regarding its relationship with the Debtor that caused the Statement to be filed.  As of

17  November 5, 2023, no entity has contacted the Trustee or appeared in this case on behalf of EFG. The

18  Trustee must be able to know if EFG is a creditor with a potential security interest and to know the

19  details of whatever transactions occurred between EFG and the Debtor. See, Lissebeck Decl**., ¶¶** 3, 4

20  & 5**.** Without this information, the Trustee's ability to draft and confirm a chapter 11 plan and to

21  pursue potential claims of the estate is hindered.

22  **B.    No Adversary Proceeding or Contested Matter**

23  The Trustee cannot obtain the information sought by the requested Rule 2004 production of

24  documents and examination under Fed. R. Bankr. P. 7030 or 9014 because the Trustee is not a party

25  to any pending adversary proceeding where the Rule 2004 production would be relevant.  Lissebeck

26  Decl., ¶ 7.

27  ///

28  ///

5

### C.    **EFG's Contact Information**

Per the UCC filing, EFG's address is 132 32nd Street Brooklyn, NY 11232. Per the New York Department of State, Division of Corporations, EFG's Agent for Service of Process is: The LLC, 1308 Kings Highway, Brooklyn, NY, 11229.

## V.

## CONCLUSION

For the reasons set forth above, the Court is respectfully requested to grant the Motion and enter an order providing that:

1.    **Upon service of a subpoena on EFG, it shall produce for inspection and copying by the Trustee the documents and things described in Exhibit "1" to the attached subpoena (the "Documents") and an affidavit or declaration under penalty of perjury attesting to compliance with the subpoena. The Documents shall be produced at or before 10:00 a.m. on November 27, 2023 at the offices of Dinsmore & Shohl LLP located at 655 W. Broadway Suite 800, San Diego, California 92101, Attn: Yosina M. Lissebeck.**

2.    **The Trustee is authorized to issue a subpoena as necessary to compel such document production and examination.**

3.    **If EFG withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, such entity shall prepare a privilege log in accordance with the "Instructions" in Exhibit "1" to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e. Yosina M. Lissebeck, 655 W. Broadway Suite 800, San Diego, California 92101).**

4.    **Such other and further relief as the Court deems just and proper is granted.**

Dated: November 6, 2023                    DINSMORE & SHOHL LLP

By:    _/s/ Yosina M. Lissebeck_
                Yosina M. Lissebeck
                Christopher B. Ghio
                Christopher Celentino
        Special Counsel to Richard A. Marshack,
        Chapter 11 Trustee

6

## DECLARATION OF YOSINA M. LISSEBECK

I, Yosina M. Lissebeck, declare as follows:

1.      I am an attorney in the bankruptcy practice group at Dinsmore & Shohl LLP ("Dinsmore" or the "Firm"), special counsel to Richard A. Marshack, Chapter 11 trustee (the "Trustee") for The Litigation Practice Group, P.C. (the "Debtor" or "LPG") in the above-captioned bankruptcy case (the "Case"). I am one of the attorneys at Dinsmore that represent the Trustee. I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the pleading to which this declaration is attached.

2.      The Court may take judicial notice of the following:

(a)      On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

(b)      On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. Since his appointment, the Trustee has served in this capacity and has started his investigation of the Debtor's pre-petition business and transactions.

(c)      The Debtor only identified three secured creditors on Schedule D filed herein.

3.      Despite this, a post-petition search of the Debtor's name in the UCC registry maintained by the California Secretary of State showed that more than 20 unreleased UCC-1 statements were of record against the Debtor as of the Petition Date, including UCC Filing No. U210052109216 filed with the California Secretary of State against the Debtor on or about June 2, 2021.

4.      EFG did not respond to attempts to discuss its transactions with the Debtor and if any debt remained outstanding.

5.      Without information regarding the lending or transaction history between the Debtor and EFGorif any amounts are still owed to EFG, the Trustee cannot review, evaluate, and understand

the Debtor's pre-petition business and financial affairs.  This lack of information also hinders the drafting and proposal of a chapter 11 plan.  The Debtor's books and records are of little help in identifying transactions that may be linked to EFG.

7.    To the best of my knowledge information and belief, the Trustee is not a party to any adversary proceeding or contested matter in which the discovery sought by the attached Rule 2004 motion would be relevant.

8.    Based on the filed Statement and information filed with the California Secretary of State, the addresses for EFG include 132 32nd Street Brooklyn, NY 11232. Per the New York Department of State, Division of Corporations, EFG's Agent for Service of Process is: The LLC, 1308 Kings Highway, Brooklyn, NY, 11229.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 6, 2023                                        _____/s/ Yosina M. Lissebeck_____
                                                                              Yosina M. Lissebeck

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____  District of _____ California _____

In re The Litigation Practice Group, PC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ____ 8:23-bk-10571 ____

Chapter ____ 11 ____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Everyday Funding Group, LLC, 1308 Kings Highway, Brooklyn, NY, 11229 _____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "1"

| PLACE | DATE AND TIME |
|---|---|
| 655 West Broadway, Suite 800, San Diego, CA 92101 | 11/27/23      10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/06/23

CLERK OF COURT

OR

_____          *[signature]*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Trustee Richard A. Marshack _____ , who issues or requests this subpoena, are:

Yosina Lissebeck, Esq. 655 West Broadway, Suite 800, San Diego, CA 92101 yosina.lissebeck@dinsmore.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                    .

☒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $                    _____ .

My fees are $                for travel and $                for services, for a total of $                .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "1"

## To Subpoena for Production of Documents, Information, or Objects to Everyday Funding Group LLC

## INSTRUCTIONS

1.     In responding to this subpoena, furnish all documents in your possession, custody or control at the time of production, including documents in the possession, custody, or control of your agents, representatives and assigns.

2.     If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, please state the following:

      a.     The date(s) the document was created, sent and received;

      b.     The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said document;

      c.     A description of the document sufficient to identify it without reveal the information for which the privilege is claimed including the general subject matter and character of the document (e.g., letter, memorandum, notes);

      d.     The location of the document;

      e.     The custodian of the document; and

      f.     Each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

3.     Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced.  That portion of the document for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

///

///

4.    Each document requested herein is requested to be produced in its entirety without deletion or excision (except as qualified by Instruction 2 above) regardless of whether you consider the entire document to be relevant or responsive to these requests.

5.    If any of these documents cannot be produced in full, then produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge or belief you have concerning the unproduced portion.

6.    The documents produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production.  Documents to be produced in the boxes, file folders, binders, or other containers in which the documents are found.  The title, labels, or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

7.    A search for responsive documents includes all Electronically Stored Information, including responsive emails and other documents found in the Responding Party's personal and/or business account(s).

## **DEFINITIONS**

For purposes of this Subpoena, the following definitions apply:

1.    As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

2.    As used herein, the term "any" includes the word "all," and vice versa; the singular includes the plural, and vice versa; and the past includes the present, and vice versa.

3.    As used herein, the term "ALL COMMUNICATIONS" means and refers to each and every COMMUNICATION known to YOU, and every such COMMUNICATION which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

4.    As used herein, the term "ALL DOCUMENTS" means and refers to each and every DOCUMENT known to YOU, and every such DOCUMENT which can be located or discovered by

///

///

1    reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product

2    doctrine or any other applicable privilege.

3        5.    As used herein, "DEBTOR" means and refers to The Litigation Practice Group, PC, a

4    chapter 11 debtor in Bankruptcy Case No. 8:23-10571 pending in the Central District of California.

5        6.    As used herein, "STATEMENT" means and refers to UCC Filing No.

6    U210052109216 filed with the California Secretary of State against the Debtor on or about June 2,

7    2021.

8        7.    As used herein, the terms "DOCUMENT" and/or "DOCUMENTS" mean and refer to

9    any and all documents, tangible things and/or property, of any kind, and all writings or recordings, as

10   described in Rule 1001(1) of the  Rules of Evidence, including originals and non-identical copies,

11   whether different from the originals by reason of any notation made on such copies or otherwise, and

12   including without limitation TRANSACTION DOCUMENTS (as defined below), communications,

13   e-mails, inquiries, discussions, conversations, negotiations, agreements, understanding, meetings,

14   conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters,

15   telegrams, telex, telefax, cables, or other forms of interpersonal disclosure, whether oral or written,

16   however transmitted, minutes, lists, agenda, contracts, reports, studies, checks, statements, receipts,

17   returns, summaries, pamphlets, books, inter office and intra office communications, notations of any

18   sort of conversations, telephone calls, meetings, or other communications, bulletins, computer

19   printouts, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications,

20   changes and amendments of any of the foregoing, graphical or aural records or representations of any

21   kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records,

22   motion pictures, and electronic, mechanical, or electrical records or representations of any kind,

23   including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes,

24   computer cards, computer programs, computer software, computer readable media, machine sensible

25   media, electronically stored media, and any other form of stored information.

26       8.    As used herein, the terms "PERSON" and "PERSONS" mean and refer to any natural

27   person, corporation, company, partnership, association, firm, business, trust, or any other legal or

28   fictitious entity.

9.      As used herein, the terms "TRANSACTION" or "TRANSACTION DOCUMENTS" mean any information or Documents that evidence any sale or other conveyance from or indebtedness of the Debtor to EFG, including any loan agreements, promissory notes, security agreements, deeds of trust, account control agreements, leases, limited liability company agreements, operating agreements, purchase and sale agreements, lease agreements, or any other similar Documents.

10.      As used herein, the terms "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING," "REFERRING TO" and "REFLECTING" mean, without limitation, bearing a subject matter relationship to, embodying, discussing, constituting evidence of, bearing a relationship to (in whole or in part), pertaining, or otherwise reflecting, describing, or setting forth the subject matter to which reference is made.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  All Documents or Communications related to whatever Transaction that caused the Statement to be filed covering a period of time from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 2:**  To the extent not previously produced, please produce any and all Documents and Communications related to the Transaction, including but not limited to, those Documents and Communications relating to any payments made to You.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER REQUIRING THE PRODUCTION OF DOCUMENTS BY THE CUSTODIAN OF RECORDS OF EVERYDAY FUNDING GROUP LLC; DECLARATION OF YOSINA M. LISSEBECK IN SUPPORT THEREOF; AND EXHIBIT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 6, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On November 6, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 6, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 6, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                   **F 9013-.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-.1.PROOF.SERVICE**

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski
@fennelllaw.com;samantha.larimer@fennelllaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-.1.PROOF.SERVICE**

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
richard@amintalati.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-.1.PROOF.SERVICE**

mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                 **F 9013-.1.PROOF.SERVICE**

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-.1.PROOF.SERVICE

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-.1.PROOF.SERVICE**

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

2.    **<u>SERVED BY UNITED STATES MAIL</u>**:

EVERYDAY FUNDING GROUP LLC
132 32nd Street
Brooklyn, NY 11232

The LLC Agent for Service of Process for EVERYDAY FUNDING GROUP LLC
1308 Kings Highway
Brooklyn, NY 11229

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.