Glenn D. Moses. Esq. (*Pro Hac Vice*)
Joyce A. Delgado (*Pro Hac Vice*)
*Counsel to Creditor ADP, Inc.*
VENABLE LLP
100 Southeast Second St. 44th Floor
Miami, Florida 33131
Telephone No. (305) 349-2300
gmoses@venable.com
jadelgado@venable.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, | Chapter 11 |
| Debtor. | **MOTION BY CREDITOR ADP, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |

Creditor, ADP, Inc. ("**ADP**"), by and through undersigned counsel, files this motion for the allowance and payment of an administrative expense claim under 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) for post-petition payroll services rendered pursuant to a Master Services Agreement between the parties. In support thereof, ADP relies upon the Affidavit of Senior Director of Business Intelligence, Sean Best, attached hereto as **Exhibit "A"** (the "**Best Affidavit**") and further states as follows:

## BACKGROUND

### A. The Master Services Agreement Between ADP and Maverick

1. On March 20, 2023 (the "**Petition Date**"), the Debtor, the Litigation Practice Group (the "**Debtor**"), filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Case**"). The Debtor was a law firm allegedly specializing in consumer debt relief.

2. On May 4, 2023, this Court entered an Order directing the appointment of a Chapter 11 trustee for the Debtor [ECF No. 58] and on May 8, 2023, Richard Marshack was appointed as

1 | Chapter 11 trustee (the "**Trustee**"),

2 |     3.     ADP is a data processing company engaged in various services including payroll and

3 | tax services. On April 3, 2023, ADP entered into the post-petition Master Services Agreement with

4 | Maverick Management Group, LLC ("**Maverick**") for payroll processing services. (Best Affidavit,

5 | Ex. 1).

6 |     4.     Through various filings in the Bankruptcy Case as well as in correspondence to ADP,

7 | the 11 Trustee repeatedly alleged that Maverick is an alter ego of the Debtor.

8 |     5.     Pursuant to the Master Services Agreement, Maverick was obligated to remit

9 | payment to ADP for payroll services, including full service direct deposit to Maverick employees

10 | and any taxes associated therewith. As part of that process, ADP issued checks for the direct deposit

11 | amounts and provided Maverick with payroll liability reports reflecting the amounts due. To receive

12 | payment, ADP withdrew the outstanding balance directly from Maverick's respective bank account.

13 | In May 2023, Maverick processed and paid four (4) payrolls. (Best Affidavit, Comp. Ex. 2).

14 |     6.     Maverick failed to fully compensate ADP and comply with its contractual

15 | obligations for direct deposits. Specifically, ADP issued a check dated June 2, 2023, totaling

16 | $246,700.94 in direct deposit payments to employees for the May 15 through May 28, 2023 pay

17 | period ("**Payroll 3**"). The Payroll 3 Liability Report reflects a combined total of $337,833.28 to be

18 | debited from Maverick's account, including $91,132.34 in taxes. (Best Affidavit, Ex. 3). ADP

19 | successfully collected the $91,132.34 in taxes from Maverick without issue *Id.* at ¶ 4. However,

20 | Maverick failed to remit the principal outstanding balance despite demand.

21 |     **B.  The Alter Ego Allegations**

22 |     7.     On May 26, 2023, the Trustee filed an *Emergency Omnibus Motion* [ECF No. 4] (the

23 | "**Injunction Motion**") seeking, *inter alia*, to enjoin the post-petition transfer of the Debtor's

24 | tangible and intangible assets to certain entities alleged to be alter egos of the Debtor. The Injunction

25 | Motion defined such alter egos to include Maverick and Phoenix Law Group, P.C. ("**Phoenix**"). *See*

26 | Inj. Motion at n. 1; p. 17.

27 |     8.     According to the Trustee, the Debtor's principal, Tony Diab, fraudulently transferred

28 |

1  the Debtor's assets to alter egos both pre- and post-petition in order to avoid its creditor obligations.

2  The alter egos are alleged to be newly formed law firms that essentially took over the Debtor's

3  business post-petition.  (Inj. Motion at p. 17).

4      9.      Following a hearing on May 25, 2023, the Court entered the *Order on Trustee*

5  *Richard Marshack's Omnibus Emergency Motion* on May 26, 2023 [ECF No. 13] enjoining the alter

6  ego entities, including Maverick, from accessing property of the estate and further requiring turnover

7  of the transferred assets and information as requested by the Trustee.

8      C. **ADP's Collection Efforts for Payroll 3**

9      10.      Unaware of the Debtor's bankruptcy filing, ADP sought to withdraw the $246,700.94

10 in funds due and owing under the Payroll 3 Liability Report. (Best Affidavit, ¶ 5).

11     11.      In or about June 2023, the Trustee's counsel contacted ADP and advised that

12 Maverick had hijacked its alter ego, Phoenix, and that the attempted withdrawal by ADP was for

13 Phoenix employee funds.  The Trustee further stated Phoenix and Maverick were alter egos of the

14 Debtor and therefore were protected by the Debtor's automatic stay, and that any harm to

15 Phoenix/Maverick would constitute direct harm to the Debtor. (Best Affidavit, Ex. 4). Attached to

16 the Trustee's correspondence was the Adversary Complaint in Case No. 8:23-ap-01046-SC, which

17 further alleges that Maverick and Phoenix are alter egos of one another as well as of the Debtor.

18 (Best Affidavit, Ex. 5).

19              **ADMINISTRATIVE EXPENSE CLAIM**

20     12.      Since the Petition Date, the Debtor, through Maverick, benefitted from ADP's

21 continued payroll services pursuant to the terms of the Master Services Agreement. The

22 Debtor/Maverick benefitted from the payroll services provided by ADP for the May 15 through May

23 28, 2023 pay period. Notwithstanding the preliminary injunction entered against Maverick,

24 Maverick/the Debtor failed to fully compensate ADP and comply with the contractual obligations

25 under the Management Services Agreement with respect to the outstanding balance owed to ADP

26 for Payroll 3.

27

28

13.     As an alter ego of the Debtor,[1] the benefit of the direct deposit services conferred to Maverick constitutes a direct post-petition benefit to the Debtor. ADP therefore seeks the allowance of an administrative expense claim in the total amount of $246,700.94 pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code (the "**Claim**").

## RELIEF REQUESTED

### A. The Claim is Allowable Under the Bankruptcy Code

14.     Section 503(b)(1)(A) of the Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate including…services rendered after the commencement of the case" shall be allowed as an administrative expense. 11 U.S.C. § 503(b)(1)(A)(i). Section 507(a)(2) of the Bankruptcy Code provides that allowed administrative expense claims under section 503(b) have priority. 11 U.S.C. § 507(a)(2). A request for priority payment of an administrative expense pursuant to section 503(b) qualifies if it arose post-petition and results in a direct benefit to the estate. *In re Globe Metallurgical, Inc.,* 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004) (allowing administrative expense claim for post-petition services); *In re Adelphia Business Solutions, Inc.,* 296 B.R. 656, 665 (Bankr. S.D.N.Y. 2003) (finding creditors are entitled to an administrative expense claim for post-petition services that have been induced and accepted by a debtor-in-possession).

15.     Following the Petition Date, the Debtor has benefitted from ADP's services through its alter ego, Maverick. Moreover, Maverick has continued to process payroll for its employees thereby inducing ADP to perform its obligations under the Master Services Agreement. *See In re Adelphia*, 296 B.R. at 665 (the inducement analysis is intended to "require administrative expense treatment where the post-petition benefit is knowingly accepted and desired, post-petition, by the post-petition debtor in possession.") (citing *In re Jartan, Inc*., 732 F. 2d 584, 587 (7th Cir. 1984)).

### B. The Payroll Services to Maverick Constitute a Direct Benefit to the Debtor

16.     As the Debtor's alter ego, the services ADP provided to Maverick constitute a direct

---

[1] Although the Court has not expressly found that certain entities are alter egos of the Debtor, the Court has not rejected this premise, nor has it made any contrary findings. Indeed, the Court granted the preliminary injunction based on, among others, the alter ego allegations set forth in the Injunction Motion.

benefit to the Debtor and the Claim is therefore an appropriate allowable administrative expense. *See e.g. In re Pearlman,* No. 6:07-BK-00761-KSJ, 2013 WL 6153869, at *2 (Bankr. M.D. Fla. Nov. 22, 2013) (Jenneman, J.) ("Defendant also contends that [the debtors], LJPE, and F.F. Station were alter egos of each other . . .[such that] any direct benefit received by F.F. Station also would be attributed to [the debtors]."). In an alter ego scenario, separate corporate forms are disregarded, and the benefit conferred to one alter ego is considered a direct benefit to the other. *See id.*

17.     As alleged by the Trustee, Maverick and the remaining alter egos' succession of the Debtor's business has allowed the Debtor to continue its ongoing business operations, including paying its employees. The payroll services ADP provided to Maverick and, in turn, the Debtor, for the May 15 through May 28, 2023 pay period conferred a direct benefit to the Debtor by allowing the Debtor to retain its employees and continue its operations.

18.     As a result of alter ego Maverick's failure to comply with its post-petition obligations under the Master Services Agreement, ADP is entitled to allowance and payment of the Claim in the amount of $246,700.94 against the Debtor's estate. *See* 11 U.S.C. §§ 503(b)(1)(A); 507(a)(2).

19.     ADP specifically reserves the right to amend this Claim to reflect any additional unpaid charges as they accrue during the post-petition period, and to assert any claim for which ADP has not yet billed.[2]

## **CONCLUSION**

WHEREFORE, Creditor, ADP, Inc., respectfully requests the Court enter an order in the form substantially attached hereto as **Exhibit "B"** (i) granting this Motion; (ii) authorizing and allowing ADP an administrative expense claim in the amount of $246,700.94 together with any additional amounts due under the Master Services Agreement attributable to the post-petition period; (iii) directing the immediate payment of the Claim to ADP; and (iv) for any other relief the Court deems just and proper under the circumstances.

Dated: November 15, 2023

---

[2] This Motion is limited to the unpaid post-petition claim under the Master Services Agreement and not to any other post-petition claims which might arise thereunder or under any other agreement between the parties.

1

2      Respectfully submitted,

3      VENABLE LLP

4      *Attorneys for Creditor, ADP, Inc.*

5           By: /s/ *Glenn D. Moses*

6           Glenn D. Moses, Esq. (*Pro Hac Vice*)
            gdmoses@venable.com
7           Joyce A. Delgado, Esq. (*Pro Hac Vice*)
            jadelgado@venable.com
8

9

10                    **CERTIFICATE OF SERVICE**

11         I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 15th  day

12   of November, 2023 via CM/ECF upon all parties registered to receive notices of electronic filing in

13   this case (which is incorporated herein by reference).

14           By:  /s/ *Glenn D. Moses*
                 Glenn D. Moses, Esq.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

Glenn D. Moses. Esq. (*Pro Hac Vice*)
Joyce A. Delgado (*Pro Hac Vice*)
*Counsel to Creditor ADP, Inc.*
VENABLE LLP
100 Southeast Second St. 44th Floor
Miami, Florida 33131
Telephone No. (305) 349-2300
gmoses@venable.com
jadelgado@venable.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, | Chapter 11 |
| Debtor. | **AFFIDAVIT OF SEAN BEST IN SUPPORT OF MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |

STATE OF NEW JERSEY    )
                                          ) ss:
COUNTY OF MORRIS      )

SEAN BEST, being duly sworn, deposes and says:

1.    I am the Senior Director of Business Intelligence for creditor, ADP, Inc. ("**ADP**"), and am familiar with the facts set forth herein.  I submit this Affidavit in support of ADP's request for the allowance and payment of an administrative expense claim in the above captioned case.

2.    ADP is a data processing company engaged in various services including payroll and tax services, including full service direct deposit for company payroll. On April 3, 2023, ADP entered into a Master Services Agreement with the Maverick Management Group, LLC. A true and correct copy of the Master Services Agreement is attached hereto as Exhibit "1"

1

3.      Pursuant to the Master Services Agreement, Maverick was obligated to remit payment to ADP for its payroll services, including full service direct deposit to Maverick employees and any associated taxes therewith. As part of that process, ADP issued checks for direct deposit payments and provided Maverick with payroll liability reports reflecting the amounts due. To receive payment, ADP withdrew the amounts due and owing directly from Maverick's respective bank account. In May 2023, Maverick processed and paid four (4) payrolls. A true and correct copy of those liability reports are attached hereto as Composite Exhibit "2."

4.      Thereafter, ADP issued a check dated June 2, 2023, totaling $246,700.94 for direct deposit payments to employees for for the May 15 through May 28, 2023 pay period ("Payroll 3"). The taxes due for Payroll 3 totaled $91,132.34. The Payroll 3 Liability Report reflects a combined total of $337,833.28 to be debited from Maverick's account, including $91,132.34 in taxes.  A true and correct copy of the Payroll 3 Liability Report is attached hereto as Exhibit "3."   ADP successfully collected the $91,132.34 in taxes from Maverick without issue. However, Maverick has failed to remit the principal outstanding balance.

5.      ADP was unaware of the Debtor's bankruptcy filing and sought to withdraw the $246,700.94 in funds due and owing under the Payroll 3 Liability Report.

6.      On June 14, 2023, counsel for the chapter 11 Trustee, Richard Marshack, contacted ADP and advised that Maverick hijacked an entity called Phoenix Law. According to the Trustee's counsel, the funds to be withdrawn by ADP were for Phoenix employees. Counsel further stated Phoenix and Maverick were alter egos of one another and of the Debtor and therefore were protected by the automatic stay. A true and correct copy of the June 14, 2023 correspondence is attached hereto as Exhibit "4."

7.      Thereafter, on June 28, 2023, counsel for the Trustee contacted ADP once more and explained the Bankruptcy Court entered a Preliminary Injunction against the Debtor's alter egos,

including Phoenix and Maverick. The Trustee attached the TRO, the Preliminary Injunction, and the Adversary Complaint to the correspondence, all of which included the alter ego allegations. A true and correct copy of the June 28, 2023 correspondence is attached hereto as Exhibit "5."

8.    Following the Petition Date, the Debtor, through Maverick, has benefitted from ADP's continued payroll services pursuant to the terms of the Master Services Agreement. Specifically, the Debtor/Maverick benefitted from the payroll services provided by ADP for the May 15 through May 28, 2023 pay period. Notwithstanding the preliminary injunction entered against Maverick, Maverick/the Debtor have failed to fully compensate ADP and comply with the contractual obligations under the Management Services Agreement with respect to the outstanding balance owed to ADP for Payroll 3.

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
Sean Best

SWORN TO AND SUBSCRIBED before me this 14 day of November, 2023.

_____
NOTARY PUBLIC,
STATE OF NEW JERSEY

Print Name: Adrienne M. Lindsay
Commission No. 50028536
Commission Expires: 9/10/2024

ADRIENNE M. LINDSAY
Commission # 50028536
Notary Public, State of New Jersey
My Commission Expires
September 10, 2024

3

**EXHIBIT "B"**

Glenn D. Moses. Esq. (*Pro Hac Vice*)
Joyce A. Delgado (*Pro Hac Vice*)
*Counsel to Creditor ADP, Inc.*
VENABLE LLP
100 Southeast Second St. 44ᵗʰ Floor
Miami, Florida 33131
Telephone No. (305) 349-2300
gmoses@venable.com
jadelgado@venable.com

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, | Chapter 11 |
| Debtor. | **ORDER GRANTING MOTION BY CREDITOR ADP, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |

This matter came before the Court upon the motion (the "**Motion**") by Creditor, ADP, Inc. ("**ADP**"), seeking entry of an Order allowing and directing payment of ADP's administrative expense claim in connection with the Master Services Agreement pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2). The Court, having reviewed the Motion, noting that a hearing on the Motion was appropriate under the circumstances and no other notice need be provided, having held a hearing to consider the relief requested in the Motion, and after due deliberation and sufficient cause appearing therefore, the Court finds that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein and it is therefore:

**ORDERED**:

1.      The Motion is GRANTED.

2.      ADP is granted an administrative expense pursuant to 11 U.S.C.  §§ 503(b) and 507(a)(2) in the amount of $246,700.94 relating to unpaid payroll services rendered pursuant to the Master Services Agreement (the "**Administrative Claim**").

3.     The Debtor, the Litigation Practice Group, shall pay the Administrative Claim to ADP within ten (10) days of the date of this order.

4.     The Court shall retain jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: November _, 2023

_____
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUTPCY JUDGE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Venable, LLP, 100 Southeast 2nd Street, Suite 4400, Miami, Florida 33131.

A true and correct copy of the foregoing document entitled (*specify*): **Motion by Creditor ADP, Inc. for Allowance and Payment of Administrative Expense Claim (a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 15, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/15/2023 | Glenn D. Moses, Esq. | */s/ Glenn D. Moses, Esq.* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**

**8:23-bk-10571-SC Notice will be electronically mailed to:**

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                 **F 9013-3.1.PROOF.SERVICE**

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fen
nelllaw.com;samantha.larimer@fennelllaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b
117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b
117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b
117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b
117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b
117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.cour
tdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.cour
tdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
richard@amintalati.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**