IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>    Debtor. | Case No. 8:23-cv-10571-SC<br><br>Chapter 11<br><br>MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. §503; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF AMY L. B. GINSBURG, SHANNON BELLFIELD, AND KENTON COBB<br><br>DATE: JANUARY 18, 2024<br>TIME: 11:00 AM<br>CTRM: 5C/VIA ZOOM.GOV<br>    411 W. FOURTH STREET<br>    SANTA ANA, CA 92701 |

### DECLARATION OF SHANNON BELLFIELD

I, Shannon Bellfield, declare as follows:

1. I was a paralegal employed by Litigation Practice Group, P.C. ("Debtor" or "LPG"). I am creditor of the bankruptcy estate ("Estate'") of LPG. Except as to statements based on information and belief, I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Motion for Order Authorizing Allowance and Payment of Administrative Claim Pursuant to 11 U.S.C. § 503 ("Motion").

2. LPG and I entered into a pre-petition employment agreement in or around October 2022. I was hired to perform work with attorney Amy L. B. Ginsburg on her LPG files. I assisted Ms. Ginsburg with a variety of tasks, including but not limited to filing documents with the court, assisting with settlements, drafting pleadings, and communicating with the court and clients. For these services, I was paid $800 per week, which was paid bi-weekly.

3. Following the filing of this chapter 11 bankruptcy, I was offered employment by Oakstone Law Group, PC ("Oakstone") for a brief period, and then Greyson Law Center ("GLC"). During my employment with both Oakstone and Greyson, I continued to work with Ms. Ginsburg on LPG matters that had been transferred to these entities or to a third party, Phoenix Law Group ("PHX"), and was compensated by these entities for handling former-LPG files.

4. On June 18, 2023, GLC contacted all staff and indicated that everyone had been terminated as of June 9, 2023, more than a week prior. See Exhibit B to Ms. Ginsburg's Dec.

5. Although I continued to perform work during that time, I was not compensated for any work performed between May 29, 2023 and June 9, 2023. During that time I continued to work with Ms. Ginsburg on LPG cases as I did prior to the commencement of this bankruptcy.

6. Despite GLC's termination of all staff, I felt it necessary to continue assisting Ms. Ginsburg as she was left with numerous LPG files, and she was also not receiving compensation.

7. Ms. Ginsburg looked at options to offer me compensation so I could continue to work with her on these LPG matters, and beginning July 3, 2023 she began paying me the weekly salary that I previously received from LPG - $800/week. She continued to do so through the end of August 2023, totaling $6,400 pre-tax.

8. The services Ms. Ginsburg and I provided were necessary to ensure that LPG clients continued to receive legal services, despite LPG filing bankruptcy. Without these services, LPG clients would have been left with no counsel, which was what they paid LPG for during the course of their enrollment. A clear benefit was received by LPG for these services.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 21st day of November 2023 in Philadelphia, Pennsylvania.

_____
SHANNON BELLFIELD