GASSMAN LAW
ERIC R. GASSMAN, (State Bar No. 260693)
erg@gassmanlawgroup.com
16133 Ventura Blvd, Suite 700
Encino, CA 91436
Tel. 818.206.2444

Attorney for Creditor, Herret Credit Consultants, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re, <br><br> THE LITIGATION PRACTICE GROUP P.C., <br><br> Debtor. | Case No. 8:23-bk-10571-SC <br> Chapter 11 <br><br> MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503; DECLARATION OF KYLE HERRET IN SUPPORT <br> DATE:  January 19, 2024 <br> TIME:   11:00 a.m. <br> CTRM:  5C/Via ZoomGov <br>         411 W. Fourth Street <br>         Santa Ana, California, 92107 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:**

Herret Credit Consultants, ("HCC"), creditor in the above-captioned Chapter 11 Bankruptcy Case of The Litigation Practice Group P.C. ("LPG" or "Debtor"), submits the following *Motion for Allowance of Administrative Claim* in the amount of $450,000.00 pursuant to 11 U.S.C. §503(b), for post-petition services managing nearly 65,000 consumer clients and a

1

myriad of LPG affiliate firms.  In support of the Motion, HCC represents as follows:

## I.

## **STATEMENT OF FACTS**

In February 2021, HCC was hired to provide operational support for LPG and its network of independent companies ("LPG affiliates") which marketed LPG services to consumers with unsecured debt looking for legal assistance.   Kyle Herret, "Herret" is HCC's principal with over twenty years of operational experience with "debt resolution services."  LPG and HCC entered into an Independent Contractor Agreement wherein Herret was responsible for growing LPG's book of clients through the recruitment and management of LPG Affiliates. This included working with affiliates to develop appropriate marketing strategies, training customer representatives, addressing updating and further ensuring compliance with LPG policies and guidelines.

LPG agreed to pay HCC compensation equal to 2.5% of the weekly client payments received by LPG, up to a maximum of $25,000 per week.  A true and correct copy of the Independent Contractor Agreement is attached to the Declaration of Kyle Herret as **EXHIBIT 1**.

Under Herret's management LPG had grown from having approximately 15 affiliates and 15,000 consumer clients in 2021, to approximately fifty LPG affiliates and 65,000 consumer-clients, generating weekly revenue of approximately $4 million.

Herret further provided an immediate point of contact to address client issues such as proving timely updates on payment programs, facilitating calls with an appropriate customer service representative or LPG attorney.

In the months leading up to LPG's Bankruptcy filing, Herret was fielding calls, texts and emails, from often confused or angry clients as well as LPG Affiliates on account of their case being transferred to Phoenix Law Firm.

On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

LPG requested Herret continue providing management and support services to LPG's affiliates and the nearly 65,000 clients.

On May 4, 2023, the Court entered an "Order Directing United States Trustee to Appoint Chapter 11 Trustee." Docket No. 58.

Richard A. Marshack was appointed as the Chapter 11 trustee of the Debtor's estate. Docket Nos. 62-65.

On June 7, 2023, Trustee filed for entry of an order to approve the management agreement with Resolution Processing to take over the operations and management of client files. Russ Squires and Gary DePew's employment was approved by the Court effective as of June 2, 2023. Docket Nos. 189, 409.

In anticipation of Resolution Processing taking over the control and management, Herret was asked by Trustee's special Counsel to assist Russ Squires and Gary DePew, principals of Resolution Processing in securing the book of business and the affiliates and clients during this transition.

On July 7, 2023, Trustee filed a sale motion in the Bankruptcy seeking to sell substantially all of Debtor's assets including, leases, equipment, furniture, consumer client accounts, prepayments, legal service agreements, intellectual property, pending licenses, and

3

certain proprietary property, all of which is defined in Section V.A. of the sale motion ("Sale Motion"). Docket No. 191.  On July 22, 2023, The Court authorized Trustee's sale of the Debtor's property. Docket No. 320.  On August 4, 2023, the sale funded and closed.

On October 13, 2023,  a stipulation setting a deadline for the filing of administrative claims that arose or accrued on or before the August 4, 2023, date that the sale closed was filed. Docket. No. 575.

Herret continued to provide services that were critical to preserving the substantial asset of the estate from March 20, 2023 up to August 4, 2023.  While Herret does not have access to the weekly revenues received by the estate, such information may be readily obtained through discovery.   However, based on the volume of clients, Herret should be entitled to weekly fee of 25,000 for the above referenced period, less two payments received by Herret in April and May.  Accordingly, Herret is entitled to $450,000.

## II.

## ARGUMENT

11 U.S.C. § 503 provides, in relevant part: (b) After notice and a hearing, there shall be allowed administrative expenses, . . . (1) (A) the actual, necessary costs and expenses of preserving the estate including…A claimant must show that the debt asserted to be an administrative expense arose from a transaction with the debtor-in-possession or trustee as opposed to the preceding entity or that the claimant gave consideration to the debtor-in possession or trustee and that the claim directly and substantially benefitted the estate. *In re DAK Indus.*, 66 F.3d 1091, 1094 (9th Cir.1995).

As of the petition date, LPG had a book of nearly 65,000 clients, generating approximately $4 million dollars in weekly revenue.  At the request of Debtor, Herret continued

to diligently provide the necessary services to ensure clients were services and the revenue remained a relative constant. Even after Trustee took over the management, Herret continued at Trustee's request, to provide his services to secure the book of business and facilitate the transition to Trustee's management. Herret believes that as a direct result of his services provided post-petition, the estate realized a sale of assets in excess of $5,500,000. Accordingly, the Court should allow an administrative expense claim based pursuant to the Independent Contract Agreement between LPG and HCC.

## II.

## **CONCLUSION**

For the reasons set forth above, Creditor Herret Credit Consulting, respectfully requests the Count authorize HCC's claim in the amount of $450,000 as an administrative expense claim pursuant to 11 U.S.C. §503(b),

Dated: Nov 21, 2023              Respectfully Submitted:

                                   _____/s/ Eric Gassman_____
                                   Eric R Gassman, Attorney for Creditor
                                   Herret Credit Consultants, LLC

## DECLARATION OF KYLE HERRET

I, Kyle Herret, declare as follows:

1. In February 2021, HCC was hired to provide operational support for LPG and its network of independent companies ("LPG affiliates") which marketed LPG services to consumers with unsecured debt looking for legal assistance. I am the HCC's principal and have over twenty years of operational experience with "debt resolution services." LPG and HCC entered into an Independent Contractor Agreement in which I was responsible for growing LPG's book of clients through the recruitment and management of LPG Affiliates. This included working with affiliates to develop appropriate marketing strategies, training customer representatives, addressing updating and further ensuring compliance with LPG policies and guidelines.

LPG agreed to pay HCC compensation equal to 2.5% of the weekly client payments received by LPG, up to a maximum of $25,000 per week. A true and correct copy of the Independent Contractor Agreement is attached as **EXHIBIT 1**.

Under my management, LPG had grown from having approximately 15 affiliates and 15,000 consumer clients in 2021, to approximately fifty LPG affiliates and 65,000 consumer-clients, generating weekly revenue of approximately $4 million.

I further provided an immediate point of contact to address client issues such as proving timely updates on payment programs, facilitating calls with an appropriate customer service representative or LPG attorney.

6

In the months leading up to LPG's Bankruptcy filing, I was fielding calls, texts and emails, from often confused or angry clients as well as LPG Affiliates on account of their case being transferred to Phoenix Law Firm.

LPG requested I continue providing management and support services to LPG's affiliates and the nearly 65,000 clients after LPG filed its Bankruptcy.

In anticipation of Resolution Processing taking over the control and management, I was asked by Trustee's special Counsel to assist Russ Squires and Gary DePew, principals of Resolution Processing in securing the book of business and the affiliates and clients during this transition.

I continued to provide services that were critical to preserving the substantial asset of the estate from March 20, 2023 up to August 4, 2023. I do not have access to the weekly revenues received by the estate, I believe such information may be readily obtained through discovery. However, based on the volume of clients, I should be entitled to the weekly fee of 25,000 for the above referenced period, less two payments I received in April and May. Accordingly, I believe I am entitled to $450,000.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _21___ day of November, 2023 at Los Angeles, California.

KYLE HERRET

7

# EXHIBIT 1

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (this "Agreement") is made effective as of January 1, 2023, by and between The Litigation Practice Group PC (the "Recipient") and Herret Credit Consultants LLC (the "Contractor"). In this Agreement, the party who is contracting to receive the services shall be referred to as "Recipient", and the party who will be providing the services shall be referred to as "Contractor."

**1. DESCRIPTION OF SERVICES.** Beginning on January 1, 2023, the Contractor will provide the following services (collectively, the "Services"): Recruitment of marketing floors to sell the validation product serviced by Recipient.

Furthermore, the Contractor has the right of control over how the Contractor will perform the services. The Recipient does not have this right of control over how the Contractor will perform the services.

**2. PAYMENT FOR SERVICES.** The Recipient will pay compensation to the Contractor for the Services. Payments will be made as follows:

A commission of 2.5% of all fees generated from a referral of floors, and a 1.5% commission for all floors serviced, up to a maximum of $25,000.00 per week, for an annual total of $1,300,000.00.

No other fees and/or expenses will be paid to the Contractor, unless such fees and/or expenses have been approved in advance by the appropriate executive on behalf of the Recipient in writing. The Contractor shall be solely responsible for any and all taxes, Social Security contributions or payments, disability insurance, unemployment taxes, and other payroll type taxes applicable to such compensation. The Contractor has the right of control over the method of payment for services.

**3. TERM/TERMINATION.** This Agreement shall terminate automatically on December 31, 2023.

A regular, ongoing relationship of indefinite term is not contemplated. The Recipient has no right to assign services to the Contractor other than as specifically contemplated by this Agreement. However, the parties may mutually agree that the Contractor shall perform other services for the Recipient, pursuant to the terms of this Agreement.

On or before December 31, 2023, Contractor and Recipient shall negotiate a new contract for the services contemplated herein.

**4. RELATIONSHIP OF PARTIES.** It is understood by the parties that the Contractor is an independent contractor with respect to the Recipient, and not an employee of the Recipient. The Recipient will not provide fringe benefits, including health insurance benefits, paid vacation, or any other employee benefit, for the benefit of the Contractor.

1

It is contemplated that the relationship between the Contractor and the Recipient shall be a non-exclusive one. The Contractor also performs services for other organizations and/or individuals. The Recipient has no right to further inquire into the Contractor's other activities.

**5. RECIPIENT'S CONTROL.** The Recipient has no right or power to control or otherwise interfere with the Contractor's mode of effecting performance under this Agreement. The Recipient's only concern is the result of the Contractor's work, and not the means of accomplishing it. Except in extraordinary circumstances and when necessary, the Contractor shall perform the Services without direct supervision by the Recipient.

**6. PROFESSIONAL CAPACITY.** The Contractor is a professional who uses his or her own professional and business methods to perform services. The Contractor has not and will not receive training from the Recipient regarding how to perform the Services.

**7. PERSONAL SERVICES NOT REQUIRED.** The Contractor is not required to render the Services personally and may employ others to perform the Services on behalf of the Recipient without the Recipient's knowledge or consent. If the Contractor has assistants, it is the Contractor's responsibility to hire them and to provide materials for them.

**8. NO LOCATION ON PREMISES.** The Contractor has no desk or other equipment either located at or furnished by the Recipient. Except to the extent that the Contractor works in a territory as defined by the Recipient, his or her services are not integrated into the mainstream of the Recipient's business.

**9. NO SET WORK HOURS.** The Contractor has no set hours of work. There is no requirement that the Contractor work full time or otherwise account for work hours.

**10. EXPENSES PAID BY CONTRACTOR.** The Contractor's business and travel expenses are to be paid by the Contractor and not by the Recipient.

**11. CONFIDENTIALITY.** Contractor may have had access to proprietary, private and/or otherwise confidential information ("Confidential Information") of the Recipient. Confidential Information shall mean all non-public information which constitutes, relates or refers to the operation of the business of the Recipient, including without limitation, all financial, investment, operational, personnel, sales, marketing, managerial and statistical information of the Recipient, and any and all trade secrets, customer lists, or pricing information of the Recipient. The nature of the information and the manner of disclosure are such that a reasonable person would understand it to be confidential. The Contractor will not at any time or in any manner, either directly or indirectly, use for the personal benefit of the Contractor, or divulge, disclose, or communicate in any manner any Confidential Information. The Contractor will protect such information and treat the Confidential Information as strictly confidential. This provision shall continue to be effective after the termination of this Agreement. Upon termination of this Agreement, the Contractor will return to the Recipient all Confidential Information, whether physical or electronic, and other items that were used, created, or controlled by the Contractor during the term of this Agreement.

This Agreement is in compliance with the Defend Trade Secrets Act and provides civil or criminal immunity to any individual for the disclosure of trade secrets: (i) made in confidence to a federal, state, or local government official, or to an attorney when the disclosure is to report suspected violations of the law; or (ii) in a complaint or other document filed in a lawsuit if made under seal.

**12. INJURIES.** The Contractor acknowledges the Contractor's obligation to obtain appropriate insurance coverage for the benefit of the Contractor (and the Contractor's employees, if any). The Contractor waives any rights to recovery from the Recipient for any injuries that the Contractor (and/or Contractor's employees) may sustain while performing services under this Agreement and that are a result of the negligence of the Contractor or the Contractor's employees. Contractor will provide the Recipient with a certificate naming the Recipient as an additional insured party.

**13. INDEMNIFICATION.** The Contractor agrees to indemnify and hold harmless the Recipient from all claims, losses, expenses, fees including attorney fees, costs, and judgments that may be asserted against the Recipient that result from the acts or omissions of the Contractor, the Contractor's employees, if any, and the Contractor's agents.

**14. NO RIGHT TO ACT AS AGENT.** An "employer-employee" or "principal-agent" relationship is not created merely because (1) the Recipient has or retains the right to supervise or inspect the work as it progresses in order to ensure compliance with the terms of the contract or (2) the Recipient has or retains the right to stop work done improperly. The Contractor has no right to act as an agent for the Recipient and has an obligation to notify any involved parties that it is not an agent of the Recipient.

**15. ENTIRE AGREEMENT.** This Agreement constitutes the entire contract between the parties. All terms and conditions contained in any other writings previously executed by the parties regarding the matters contemplated herein shall be deemed to be merged herein and superseded hereby. No modification of this Agreement shall be deemed effective unless in writing and signed by the parties hereto.

**16. WAIVER OF BREACH.** The waiver by the Recipient of a breach of any provision of this Agreement by Contractor shall not operate or be construed as a waiver of any subsequent breach by Contractor.

**17. SEVERABILITY.** If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**18. APPLICABLE LAW.** This Agreement shall be governed by the laws of the State of California.

3

**19. SIGNATORIES.** This Agreement shall be signed by Daniel S. March on behalf of The Litigation Practice Group PC and by Kyle Herret on behalf of Herret Credit Consultants LLC. This Agreement is effective as of the date first above written.

RECIPIENT:
The Litigation Practice Group PC

By: _*Daniel S March*_ (DocuSigned)            Date: 12/27/2022
Daniel S. March
Managing Shareholder

CONTRACTOR:
Herret Credit Consultants LLC

By: _*Kyle Herret*_ (DocuSigned)            Date: 12/27/2022

Kyle Herret, Managing Member

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

16133 Ventura Blvd, Suite 700, Encino CA. 91436

**A true and correct copy of the foregoing document entitled (*specify*):** MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503; DECLARATION OF KYLE HERRAT IN SUPPORT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _Nov. 21 , 2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____Nov 21,2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/21 | Eric Gassman | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
Ronald K Brown    ron@rkbrownlaw.com
Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
Randall Baldwin Clark    rbc@randallbclark.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Aaron E. DE Leest    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
Jenny L Doling    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
Daniel A Edelman    dedelman@edcombs.com, courtecl@edcombs.com
William P Fennell    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
Christopher Ghio    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
David M Goodrich    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Richard L. Hyde    richard@amintalati.com
Razmig Izakelian    razmigizakelian@quinnemanuel.com
Joon M Khang    joon@khanglaw.com
Ira David Kharasch    ikharasch@pszjlaw.com
Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
Britteny Leyva    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
Michael D Lieberman    mlieberman@lipsonneilson.com
Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
Mitchell B Ludwig    mbl@kpclegal.com, kad@kpclegal.com
Daniel S March    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
Kenneth Misken    Kenneth.M.Misken@usdoj.gov
Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
Victoria Newmark    vnewmark@pszjlaw.com
Queenie K Ng    queenie.k.ng@usdoj.gov
Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
Michael R Pinkston    rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com

Douglas A Plazak   dplazak@rhlaw.com
Daniel H Reiss   dhr@lnbyg.com, dhr@ecf.inforuptcy.com
Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
Olivia Scott   olivia.scott3@bclplaw.com
Jonathan Serrano   jonathan.serrano@dinsmore.com
Paul R Shankman   PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
Leslie Skorheim   leslie.skorheim@usdoj.gov
Adam D Stein-Sapir   info@pfllc.com
Howard Steinberg   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
Andrew Still    astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

**SERVED BY UNITED STATES MAIL:**

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California, Santa Ana
411 W. Fourth Street, Suite 5130/Ctrm 5C
Santa Ana, CA 92701-4593

The Litigation Practice Group, P.C.
17542 17th St, Suite 100
, CA 92780-1981
DEBTOR