# EXHIBIT 1

# EXHIBIT 1

DocuSign Envelope ID: BC62E32D-15B9-43GC-9AE4-A1C26E62A94D

# INDEPENDENT CONTRACTOR AGREEMENT

**THIS INDEPENDENT CONTRACTOR (this "Agreement") dated this 20th day of
April, 2020**

### BETWEEN:

The Litigation Practice Group PC
("LPG" or "Employer")

### - AND -

Randall Baldwin Clark, Attorney At Law, PLLC
(the "Contractor")

**BACKGROUND:**

A. The Employer is of the opinion that the Contractor has the necessary qualifications,
experience and abilities to assist and benefit the Employer in its business.

B. The Employer desires to employ the Contractor and the Contractor has agreed to accept
and enter such employment upon the terms and conditions set out in this Agreement.

C. Employer and Contractor agree that to the extent any term provided herein is inconsistent
with the rules promulgated by any Bar to which Contractor is admitted, including but
not limited to the applicable Rule of Professional Conduct of such Bar, such rules shall
govern and any contrary term herein shall be null and void.  All remaining terms of this
Agreement shall remain in full force and effect notwithstanding such revision to comply
with State Bar rules applicable to Contractor.

**IN CONSIDERATION OF** the matters described above and of the mutual benefits and
obligations set forth in this Agreement, the receipt and sufficiency of which consideration is
hereby acknowledged, the parties to this Agreement agree as follows:

,

Page 1 of 14

DocuSign Envelope ID: B5S2F32D-15B9-43GC-9AE4-A1C26F52A94D

**Commencement Date and Term**

1. The Contractor has already commenced work with the Employer, and thus the parties agree that the commencement date shall be the date on which Contractor first completed work for benefit of Employer (the "Commencement Date").

**Job Title and Description**

2. The initial job title of the Contractor will be the following: Of Counsel Attorney to LPG. The initial job duties the Contractor will be expected to perform will be the following:

> Represent client(s) referred by LPG subject to Contractor's right to refuse an engagement consistent with the applicable rules of professional conduct.  If Contractor should refuse an engagement, such refusal must be in written and within a reasonable time of the assignment of such matter such that the client will not be prejudiced by such refusal. Contractor shall not be responsible for any conduct between Employer and its client(s) prior to assignment nor after the completion of a representation as defined by the applicable Rules of Professional Conduct. Contractor shall not be subject to nor liable for any deadlines having passed or that pass within seven (7) days of an assignment being given, and shall be indemnified by Employer for any and all liability that may result therefrom. Employer shall make every effort to inform Contractor of any passed or impending deadlines at the time of an assignment.

3. Contractor agrees to be employed on the terms and conditions set out in this Agreement. The Contractor agrees to be subject to the general supervision of and act pursuant to the orders, advice and direction of the Employer.

4. Contractor agrees to permit LPG to publish Contractor's role as Of Counsel to LPG in the States of New Hampshire and Massachusetts and any additional jurisdiction in which Contractor is admitted pursuant to paragraph 6, below.

**Contractor Compensation**

5. Compensation paid to the Contractor for the services rendered by the Contractor as required by this Agreement (the "Compensation") shall consist of the hourly rates set forth below.  Employer and Contractor agree that there shall be no limitation on the

DocuSign Envelope ID: BC62F32D-15B9-43CC-9AE4-A1C26E62A94D

work of Contractor.  Employer expects and Contractor agrees that all tasks necessary to represent clients consistent with the applicable Rules of Professional Conduct shall be undertaken, and as a result no limitation shall be placed on the work of Contractor reasonably necessary or beneficial to the client.

Hourly rate for Contractor: $225.00

Hourly rate for Contractor's travel: $75.00

Hourly rate for Contractor's paralegal: $75.00

Mileage reimbursed at IRS rate: $.575

Filing fees, service fees, other court-imposed fees, and coverage counsel shall be reimbursed without limitation

6. If Contractor should acquire an additional license in any state other than New Hampshire and Massachusetts, Contractor shall be entitled to reimbursement of any fees and costs, including his prevailing hourly rate, for such acquisition of licensure.  Contractor may submit an estimate of all fees and costs in advance of obtaining a license, which Employer agrees to pay, and Contractor may supplement such estimate after acquiring such license, which Employer shall also pay.

7. For an assignment that is in litigation pending in Federal court, moves to Federal court, or is a nonlitigation assignment that eventually is filed in Federal court or moves to Federal court, Employer shall compensate Contractor an additional $100.00 per hour for his hourly rate.

8. For an assignment in litigation which proceeds to trial, all costs associated with trial preparation and trial itself shall be paid by Employer including costs for Discovery materials (depositions recordation, transcripts, copies of exhibits, travel, copies of documents, service of subpoenas); trial Exhibits; and to the Contractor $500 per day of trial in addition to the hourly rates and allowances specified in paragraph 5.

9. For an assignment which proceeds to an appeal, all costs associated with an appeal shall be paid by Employer including any costs for preparing and filing of the appellate brief,

any travel and lodging costs for arguing the appeal, and to the Contractor $1,000 and $500 per oral argument in addition to the hourly rates and allowances specified in paragraph 5.

10. Contractor shall submit invoices for payment on a monthly basis, though Contractor may submit invoices more frequently.  All invoices shall be paid within seven (7) calendar days of such submission subject to the terms set forth herein.  All invoices shall be emailed to admin@litigationpracticegroup.com.

11. The Employer will reimburse the Contractor for all reasonable expenses, in accordance with the Employer's lawful policies as in effect from time to time, including but not limited to, any travel and related expenses incurred by the Contractor in connection with the business of the Employer. Expenses will be paid within a reasonable time after submission of acceptable supporting documentation.  Such requests shall be submitted via email to admin@litigationpracticegroup.com. Contractor need not seek approval for expenses equal to or less than $500.00, and must request prior approval before incurring any expense above $500.00 by emailing admin@litigationpracticegroup.com.

**Place of Work**

12. The Contractor shall perform work in Contractor's own space and without any limitations or restrictions from Employer.

**Conflict of Interest**

13. During the term of the Contractor's active engagement with the Employer, it is understood and agreed that Contractor may solicit business and pursue clients without regard to any conflict of interest with LPG.  However, Contractor shall not agree to any representation of any client without first confirming with LPG that no conflict of interest exists between such client and LPG.  This procedure for eliminating any possible conflict of interests is required by LPG's malpractice insurance policy and the Professional Rules of Conduct applicable to attorneys admitted to practice in the State of California.  Randall Baldwin Clark, Attorney At Law, PLLC will provide a quarterly report of clients externally sourced for purposes of Litigation Practice Group, PC's requirements under this policy.  LPG and Randall Baldwin Clark, Attorney At Law, PLLC will discuss how to handle any conflicts that arise in a mutually agreeable process.

DocuSign Envelope ID: BC62F32D-15B9-43CC-9AE4-A1C26E62A94D

**Confidential Information (to the extent not inconsistent with the requirements promulgated by the State Bar(s) to which Contractor is a member)**

14. The Contractor acknowledges that, in any position the Contractor may hold, in and as a result of the Contractor's engagement by the Employer, the Contractor will, or may, be making use of, acquiring or adding to information which is confidential to the Employer (the "Confidential Information") and the Confidential Information is the exclusive property of the Employer.

15. The Confidential Information will include all data and information relating to the business and management of the Employer, including but not limited to, proprietary and trade secret technology and accounting records to which access is obtained by the Contractor, including Work Product, Computer Software, Other Proprietary Data, Business Operations, Marketing and Development Operations, and Customer Information.

16. The Confidential Information will also include any information that has been disclosed by a third party to the Employer and is governed by a non-disclosure agreement entered into between that third party and the Employer.

17. The Confidential Information will not include information that:

    a. Is generally known in the industry of the Employer;

    b. Is now or subsequently becomes generally available to the public through no wrongful act of the Contractor;

    c. Was rightfully in the possession of the Contractor prior to the disclosure to the Contractor by the Employer;

    d. Is independently created by the Contractor without direct or indirect use of the Confidential Information;

    e. The Contractor rightfully obtains from a third party who has the right to transfer or disclose it; or

DocuSign Envelope ID: B5S2E32D15B943C59AE4A1C26E52A94D

       f. Relates to matters originated by Contractor consistent with paragraph 48.

18. The Confidential Information will also not include anything developed or produced by the Contractor during the Contractor's term of engagement with the Employer, including but not limited to, any intellectual property, process, design, development, creation, research, invention, know-how, trade name, trade-mark or copyright that:

       a. Was developed without the use of equipment, supplies, facility or Confidential Information of the Employer;

       b. Was developed entirely on the Contractor's own time;

       c. Does not result from any work performed by the Contractor for the Employer; and

       d. Does not relate to any actual or reasonably anticipated business opportunity of the Employer; or

       e. Relates to matters originated by Contractor consistent with the terms set forth below.

**Duties and Obligations Concerning Confidential Information**

19. The Contractor agrees that a material term of the Contractor's contract with the Employer is to keep all Confidential Information absolutely confidential and protect its release from the public. The Contractor agrees not to divulge, reveal, report or use, for any purpose, any of the Confidential Information which the Contractor has obtained or which was disclosed to the Contractor by the Employer as a result of the Contractor's engagement by the Employer. The Contractor agrees that if there is any question as to such disclosure then the Contractor will seek out senior management of the Employer prior to making any disclosure of the Employer's information that may be covered by this Agreement.

20. The Contractor agrees and acknowledges that the Confidential Information is of a proprietary and confidential nature and that any disclosure of the Confidential Information to a third party in breach of this Agreement cannot be reasonably or

DocuSign Envelope ID: BC62532D-15B9-43CC-9AE4-A1C26E62A94D

adequately compensated for in money damages, would cause irreparable injury to Employer, would gravely affect the effective and successful conduct of the Employer's business and goodwill, and would be a material breach of this Agreement.

21. The obligations to ensure and protect the confidentiality of the Confidential Information imposed on the Contractor in this Agreement and any obligations to provide notice under this Agreement will survive the expiration or termination, as the case may be, of this Agreement and will continue for five (5) years from the date of such expiration or termination, except in the case of any Confidential Information which is a trade secret in which case those obligations will last indefinitely.

22. The Contractor may disclose any of the Confidential Information:

   a. To a third party where Employer has consented in writing to such disclosure; or

   b. To the extent required by law or by the request or requirement of any judicial, legislative, administrative or other governmental body after providing reasonable prior notice to the Employer.

23. If the Contractor loses or makes unauthorized disclosure of any of the Confidential Information, the Contractor will immediately notify the Employer and take all reasonable steps necessary to retrieve the lost or improperly disclosed Confidential Information.

**Ownership and Title to Confidential Information**

24. The Contractor acknowledges and agrees that all rights, title and interest in any Confidential Information will remain the exclusive property of the Employer. Accordingly, the Contractor specifically agrees and acknowledges that the Contractor will have no interest in the Confidential Information, including, without limitation, no interest in know-how, copyright, trade-marks or trade names, notwithstanding the fact that the Contractor may have created or contributed to the creation of the Confidential Information.

25. The Contractor waives any moral rights that the Contractor may have with respect to the Confidential Information.

Page 7 of 14

DocuSign Envelope ID: BCS2E32D-45B9-43CC-9AE4-A1C26E62A94D

26. The Contractor agrees to immediately disclose to the Employer all Confidential Information developed in whole or in part by the Contractor during the Contractor's term of engagement with the Employer and to assign to the Employer any right, title or interest the Contractor may have in the Confidential Information. The Contractor agrees to execute any instruments and to do all other things reasonably requested by the Employer, both during and after the Contractor's engagement with the Employer, in order to vest more fully in the Employer all ownership rights in those items transferred by the Contractor to the Employer.

## Return of Confidential Information

27. The Contractor agrees that, upon request of the Employer or upon termination or expiration, as the case may be, of this engagement, the Contractor will turn over to the Employer all Confidential Information belonging to the Employer, including but not limited to, all documents, plans, specifications, disks or other computer media, as well as any duplicates or backups made of that Confidential Information in whatever form or media, in the possession or control of the Contractor that:

    a. May contain or be derived from ideas, concepts, creations, or trade secrets and other proprietary and Confidential Information as defined in this Agreement; or

    b. Is connected with or derived from the Contractor's engagement with the Employer.

## Contract Binding Authority

28. Notwithstanding any other term or condition expressed or implied in this Agreement to the contrary, the Contractor will not have the authority to enter into any contracts or commitments for or on the behalf of the Employer without first obtaining the express written consent of the Employer.

## Termination Due to Discontinuance of Business

29. Notwithstanding any other term or condition expressed or implied in this Agreement, in the event that the Employer will discontinue operating its business, then, at the Employer's sole option, and as permitted by law, this Agreement will terminate as of the last day of the month in which the Employer ceases operations at such location with the

Page 8 of 14

DocuSign Envelope ID: BC62F32D-15B9-43CC-9AE4-A1C26E52A94D

same force and effect as if such last day of the month were originally set as the Termination Date of this Agreement.

## **Termination of Engagement**

30. Where there is just cause for termination, the Employer may terminate the Contractor's engagement without notice, as permitted by law.

31. The Contractor and the Employer agree that reasonable and sufficient notice of termination of engagement by the Employer is the greater of one calendar month or any minimum notice required by law.

32. If the Contractor wishes to terminate this engagement with the Employer, the Contractor will provide the Employer with two (2) weeks notice of such intention.  Contractor may not, however, discontinue a representation commenced during the course of such engagement, and Employer shall continue to reimburse or cover expenses incurred in connection with such representation.

33. The Termination Date specified by either the Contractor or the Employer may expire on any day of the month and upon the Termination Date the Employer will forthwith pay to the Contractor any outstanding portion of the compensation.

34. Once notice has been given by either party for any reason, the Contractor and the Employer agree to execute their duties and obligations under this Agreement diligently and in good faith through to the end of the notice period. The Employer may not make any changes to compensation or any other term or condition of this Agreement between the time termination notice is given through to the end of the notice period.

## **Remedies**

35. In the event of a breach or threatened breach by the Contractor of any of the provisions of this Agreement, the Contractor agrees that the Employer is entitled to a permanent injunction, in addition to and not in limitation of any other rights and remedies available to the Employer at law or in equity, in order to prevent or restrain any such breach by the Contractor or by the Contractor's partners, agents, representatives, servants,

Page 9 of 14

DocuSign Envelope ID: BC62E32D-15B9-43CC-9AE4-A1C26E562A94D

Contractors, and/or any and all persons directly or indirectly acting for or with the Contractor.

**<u>Severability</u>**

36. The Employer and the Contractor acknowledge that this Agreement is reasonable, valid and enforceable. However, if any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be changed in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

**<u>Notices</u>**

37. Any notices, deliveries, requests, demands or other communications required here will be deemed to be completed when sent to the following email address:

   - **Employer:**

     Name:                 The Litigation Practice Group PC

     admin@litigationpracticegroup.com

   - **Contractor:**

     Name:                 Randall Baldwin Clark, Attorney At Law, PLLC

     rbc@randallclark.com

**<u>Modification of Agreement</u>**

38. Any amendment or modification of this Agreement or additional obligation assumed by either party in connection with this Agreement will only be binding if evidenced in writing signed by each party or an authorized representative of each party.

**<u>Additional Terms</u>**

39. Of Counsel attorneys are covered through LPG's malpractice insurance policy. Contractor shall not be responsible for any premium or deductible due under this policy regardless of the event or circumstance giving rise to the premium or deductible.

DocuSign Envelope ID: B6C2E32D-15B9-43CC-9AE4-A1C26E63A94D

40. Marketing costs for LPG matters shall be borne exclusively by LPG, including but not limited to business cards, the use of online advertising, the maintenance of a website, and any other print or radio advertising designed to generate cases for LPG. In contrast, for any matter Contractor seeks to originate, the revenue from which will be given entirely to Contractor, Contractor shall bear the cost of such marketing and shall have creative license to choose where and how to engage in such marketing. LPG shall not be responsible for the cost of any marketing designed to generate business for Contractor.

**Bar Dues**

41. LPG agrees to pay any and all dues/fees for any State Bar to which Contractor becomes admitted for the year 2020, and each year thereafter, for as long as this Agreement remains in effect. Contractor understands and agrees that this provision does not apply to the bar dues owed in the states of New Hampshire and Massachusetts.

**Governing Law**

42. This Agreement will be construed in accordance with and governed by the laws of the State of California.

**Definitions**

43. For the purpose of this Agreement the following definitions will apply:

    a. 'Assignment' means a matter referred or assigned by Employer to Contractor for representation as legal counsel for one of Employer's clients. An assignment may include representing a client in both litigation and nonlitigation matters. Where an assignment involves litigation, it shall last until final adjudication or settlement of the litigation. An assignment may be terminated by Employer or its client or the Contractor.

    b. 'Work Product' means work product information, including but not limited to, work product resulting from or related to work or projects performed or to be performed for the Employer or for clients of the Employer, of any type or form in any stage of actual or anticipated research and development.

Page 11 of 14

c. 'Computer Software' means computer software resulting from or related to work or projects performed or to be performed for the Employer or for clients of the Employer, of any type or form in any stage of actual or anticipated research and development, including but not limited to, programs and program modules, routines and subroutines, processes, algorithms, design concepts, design specifications (design notes, annotations, documentation, flowcharts, coding sheets, and the like), source code, object code and load modules, programming, program patches and system designs.

d. 'Other Proprietary Data' means information relating to the Employer's proprietary rights prior to any public disclosure of such information, including but not limited to, the nature of the proprietary rights, production data, technical and engineering data, test data and test results, the status and details of research and development of products and services, and information regarding acquiring, protecting, enforcing and licensing proprietary rights (including patents, copyrights and trade secrets).

e. 'Business Operations' means operational information, including but not limited to, internal personnel and financial information, vendor names and other vendor information (including vendor characteristics, services and agreements), purchasing and internal cost information, internal services and operational manuals, and the manner and methods of conducting the Employer's business.

f. 'Marketing and Development Operations' means marketing and development information, including but not limited to, marketing and development plans, price and cost data, price and fee amounts, pricing and billing policies, quoting procedures, marketing techniques and methods of obtaining business, forecasts and forecast assumptions and volumes, and future plans and potential strategies of the Employer which have been or are being considered.

g. 'Customer Information' means customer information, including but not limited to, names of customers and their representatives, contracts and their contents and parties, customer services, data provided by customers and the type, quantity and specifications of products and services purchased, leased, licensed or received by customers of the Employer.

h. 'Termination Date' means the date specified in this Agreement or in a subsequent notice by either the Contractor or the Employer to be the last day of engagement under this Agreement. The parties acknowledge that various provisions of this Agreement will survive the Termination Date.

### General Provisions

44. Time is of the essence in this Agreement.

45. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

46. No failure or delay by either party to this Agreement in exercising any power, right or privilege provided in this Agreement will operate as a waiver, nor will any single or partial exercise of such rights, powers or privileges preclude any further exercise of them or the exercise of any other right, power or privilege provided in this Agreement.

47. This Agreement will inure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns, as the case may be, of the Employer and the Contractor.

48. This Agreement may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

49. If, at the time of execution of this Agreement, there is a pre-existing agreement still in effect between the parties to this Agreement, then in consideration of and as a condition of the parties entering into this Agreement and other valuable consideration, the receipt and sufficiency of which consideration is acknowledged, this Agreement will supersede any and all pre-existing agreements between the Employer and the Contractor. Any duties, obligations and liabilities still in effect from any pre-existing agreement are void and no longer enforceable after execution of this Agreement.

50. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or written. The parties to this Agreement stipulate that neither of them has made any representations with respect to the subject matter of

Page 13 of 14

DocuSign Envelope ID: BC62E32D-4FB9-43CC-9AE4-A1C26E52A94D

this Agreement except such representations as are specifically set forth in this Agreement.

IN WITNESS WHEREOF, the parties have duly affixed their signatures under hand and seal on this 20th day of April, 2020.

**EMPLOYER:**

Daniel March

Daniel S. March

**Managing Shareholder, The Litigation Practice Group PC**

**CONTRACTOR:**

Randall Baldwin Clark, **Attorney At Law, PLLC**

Page 14 of 14

# EXHIBIT 2

# EXHIBIT 2

## SUMMARY OF POST-PETITION INVOICES

| ID | INITIALS | | 05/08/23 | 08/04/23 |
|---|---|---|---|---|
| 342959960 | W | C | 0.00 | 112.50 |
| 344462798 | D | D | 292.50 | 637.50 |
| 348126257 | W | F | 7.50 | 97.50 |
| 350751818 | E | C | 22.50 | 0.00 |
| 355508700 | H | R | 7.50 | 112.50 |
| 357235308 | A | B | 0.00 | 45.00 |
| 363048775 | L | C | 0.00 | 67.50 |
| 366119030 | K | K | 202.50 | 180.00 |
| 366269120 | T | B | 15.00 | 0.00 |
| 373807062 | J | A | 22.50 | 45.00 |
| 382729487 | D | J | 0.00 | 90.00 |
| 384398232 | L | B | 7.50 | 22.50 |
| 390050280 | S | L | 7.50 | 0.00 |
| 390303396 | I | R | 0.00 | 22.50 |
| 390610554 | I | M | 0.00 | 7.50 |
| 391980036 | D | S | 7.50 | 967.50 |
| 394325193 | B | C | 52.50 | 0.00 |
| 396426390 | A | B | 0.00 | 45.00 |
| 396539202 | B | F | 0.00 | 7.50 |
| 399144482 | L | G | 0.00 | 91.68 |
| 400035375 | L | J | 15.00 | 52.50 |
| 400254979 | R | M | 172.50 | 255.00 |
| 401937006 | A | S | 0.00 | 7.50 |
| 406841745 | S | W | 150.00 | 360.00 |
| 407037456 | J | D | 0.00 | 67.50 |
| 409745598 | M | S | 0.00 | 75.00 |
| 412921479 | C | D | 142.50 | 292.50 |
| 413579208 | J | H | 0.00 | 7.50 |
| 420220161 | J | S | 22.50 | 0.00 |
| 421513335 | A | R | 45.00 | 0.00 |
| 423760830 | L | C | 37.50 | 0.00 |
| 424048509 | M | M | 15.00 | 0.00 |
| 425294112 | J | M | 0.00 | 45.00 |
| 425458374 | L | L | 405.00 | 307.50 |
| 425523288 | L | C | 0.00 | 262.50 |
| 425984073 | G | B | 7.50 | 0.00 |
| 426021231 | G | D | 0.00 | 202.50 |
| 426471444 | D | C | 311.21 | 22.50 |
| 427980798 | T | L | 382.50 | 1,136.56 |
| 428317251 | C | A | 255.00 | 82.50 |
| 430046430 | T | S | 7.50 | 0.00 |

EXHIBIT 2

## SUMMARY OF POST-PETITION INVOICES

| | | | | |
|---|---|---|---|---|
| 430126611 | R | B | 7.50 | 0.00 |
| 430295889 | K | D | 37.50 | 0.00 |
| 430759590 | L | G | 82.50 | 37.50 |
| 432232224 | R | P | 15.00 | 0.00 |
| 432609231 | C | W | 322.50 | 105.00 |
| 432663936 | M | C | 60.00 | 579.66 |
| 432809898 | I | G | 7.50 | 0.00 |
| 433507455 | S | C | 7.50 | 0.00 |
| 433694445 | G | H | 0.00 | 45.00 |
| 434102373 | F | B | 0.00 | 45.00 |
| 434627650 | C | T | 255.00 | 97.50 |
| 434920542 | E | H | 45.00 | 300.00 |
| 435085960 | L | J | 7.50 | 97.50 |
| 435362110 | C | C | 0.00 | 45.00 |
| 435408148 | H | D | 37.50 | 232.50 |
| 435411950 | A | K | 7.50 | 7.50 |
| 435703104 | C | M | 7.50 | 0.00 |
| 435709030 | D | S | 172.50 | 7.50 |
| 435834640 | H | G | 150.00 | 675.00 |
| 435836196 | S | W | 0.00 | 22.50 |
| 435842716 | J | B | 0.00 | 45.00 |
| 436032390 | P | C | 367.50 | 112.50 |
| 437186600 | S | P | 277.50 | 142.50 |
| 437220496 | M | F | 0.00 | 90.00 |
| 437398092 | M | M | 45.00 | 0.00 |
| 437537300 | V | A | 0.00 | 82.50 |
| 438873237 | L | C | 105.00 | 0.00 |
| 439413684 | J | G | 172.50 | 0.00 |
| 440454747 | J | S | 0.00 | 157.50 |
| 440462313 | K | A | 0.00 | 480.00 |
| 441676920 | C | O | 105.00 | 0.00 |
| 442298058 | A | S | 7.50 | 0.00 |
| 442457706 | B | K | 15.00 | 0.00 |
| 444296313 | B | L | 0.00 | 30.00 |
| 444456291 | K | O | 0.00 | 52.50 |
| 445120491 | L | C | 0.00 | 121.00 |
| 445341702 | J | P | 30.00 | 75.00 |
| 446357388 | B | C | 112.50 | 22.50 |
| 446363292 | P | T | 45.00 | 7.50 |
| 446479959 | F | K | 150.00 | 0.00 |
| 446998851 | M | L | 15.00 | 0.00 |
| 447031497 | D | R | 15.00 | 0.00 |

EXHIBIT 2

## SUMMARY OF POST-PETITION INVOICES

| | | | | |
|---|---|---|---|---|
| 447624036 | O | M | 195.00 | 30.00 |
| 448011131 | A | P | 7.50 | 0.00 |
| 449766091 | T | R | 90.00 | 705.00 |
| 449881471 | L | G | 360.00 | 52.50 |
| 449992953 | R | C | 0.00 | 135.00 |
| 450194877 | H | S | 67.50 | 255.00 |
| 450364613 | C | W | 202.50 | 0.00 |
| 450979677 | K | B | 0.00 | 7.50 |
| 451354741 | P | N | 232.50 | 30.00 |
| 451976397 | D | F | 0.00 | 113.35 |
| 452037821 | S | W | 37.50 | 0.00 |
| 452217221 | G | D | 0.00 | 135.00 |
| 452444343 | J | W | 0.00 | 15.00 |
| 452598529 | L | S | 0.00 | 7.50 |
| 453011445 | J | R | 22.50 | 0.00 |
| 453196131 | S | V | 322.50 | 367.50 |
| 453359709 | M | L | 165.00 | 165.00 |
| 453611333 | J | D | 120.00 | 0.00 |
| 454125495 | M | P | 0.00 | 45.00 |
| 454301385 | S | Z | 67.50 | 240.00 |
| 454342593 | L | L | 137.46 | 7.50 |
| 454676801 | K | D | 75.00 | 165.00 |
| 455219195 | M | B | 52.50 | 217.50 |
| 456014529 | J | V | 105.00 | 82.50 |
| 457919185 | S | G | 578.10 | 41.70 |
| 458748511 | K | M | 2,000.00 | 0.00 |
| 459079611 | J | P | 307.50 | 90.00 |
| 459122385 | D | P | 127.50 | 0.00 |
| 459538977 | A | W | 7.50 | 0.00 |
| 460701407 | V | C | 7.50 | 0.00 |
| 462652456 | E | M | 37.50 | 7.50 |
| 462664240 | A | B | 15.00 | 120.00 |
| 464144118 | G | K | 90.00 | 0.00 |
| 464746112 | J | P | 90.00 | 367.50 |
| 465663668 | T | C | 7.50 | 270.00 |
| 465806504 | S | D | 60.00 | 585.00 |
| 466552868 | J | D | 151.75 | 0.00 |
| 466768966 | J | N | 352.50 | 345.00 |
| 467157472 | C | A | 52.50 | 22.50 |
| 467709608 | M | O | 0.00 | 105.00 |
| 468169418 | D | D | 202.50 | 45.00 |
| 468492770 | C | B | 435.00 | 737.49 |

EXHIBIT 2

## SUMMARY OF POST-PETITION INVOICES

| | | | | |
|---|---|---|---|---|
| 468808414 | C | B | 157.50 | 0.00 |
| 469058990 | A | S | 300.00 | 30.00 |
| 469761912 | M | L | 232.50 | 375.00 |
| 469865168 | S | S | 669.50 | 86.51 |
| 469973902 | J | P | 172.50 | 585.00 |
| 469992280 | B | B | 22.50 | 0.00 |
| 471287348 | B | N | 0.00 | 15.00 |
| 471897638 | A | C | 187.50 | 0.00 |
| 472654748 | M | M | 22.50 | 0.00 |
| 476436314 | S | F | 22.50 | 0.00 |
| 478147058 | C | G | 0.00 | 309.66 |
| 480735326 | G | L | 7.50 | 7.50 |
| 481014162 | W | F | 0.00 | 67.50 |
| 481238812 | R | F | 7.50 | 90.00 |
| 481268662 | D | L | 0.00 | 15.00 |
| 482591025 | C | W | 7.50 | 15.00 |
| 483190389 | B | W | 52.50 | 0.00 |
| 487876990 | R | M | 82.50 | 180.00 |
| 487949524 | S | M | 0.00 | 135.00 |
| 488331787 | D | D | 7.50 | 0.00 |
| 495238542 | A | B | 7.50 | 7.50 |
| 496129635 | C | J | 0.00 | 472.50 |
| 496621932 | J | M | 90.00 | 180.00 |
| 497714151 | C | W | 0.00 | 187.50 |
| 498395620 | D | M | 0.00 | 15.00 |
| 498400324 | R | R | 238.66 | 7.50 |
| 505457578 | J | B | 0.00 | 67.50 |
| 513022761 | J | H | 112.50 | 0.00 |
| 517860424 | R | B | 210.00 | 90.00 |
| 522925114 | M | S | 22.50 | 60.70 |
| 523395343 | M | Z | 7.50 | 0.00 |
| 524110906 | J | B | 15.00 | 247.50 |
| 525510436 | W | M | 90.00 | 0.00 |
| 527880304 | J | R | 7.50 | 0.00 |
| 528071665 | D | K | 22.50 | 37.50 |
| 528660565 | J | O | 105.00 | 60.00 |
| 529293253 | F | R | 233.00 | 37.50 |
| 529445797 | A | R | 0.00 | 7.50 |
| 535533970 | M | G | 2,000.00 | 1,593.00 |
| 535620217 | J | D | 0.00 | 67.50 |
| 539023059 | S | K | 0.00 | 22.50 |
| 539109923 | E | W | 0.00 | 7.50 |

EXHIBIT 2

## SUMMARY OF POST-PETITION INVOICES

| | | | | |
|---|---|---|---|---|
| 539149615 | J | V | 127.50 | 7.50 |
| 539262725 | G | D | 15.00 | 45.00 |
| 544315888 | D | G | 37.50 | 82.50 |
| 544345297 | S | C | 7.50 | 30.00 |
| 545963287 | P | B | 0.00 | 127.50 |
| 550801867 | E | R | 127.50 | 0.00 |
| 551118745 | C | R | 765.00 | 607.50 |
| 552282172 | W | A | 0.00 | 1,101.32 |
| 552595318 | J | R | 412.50 | 397.50 |
| 552968215 | G | H | 292.50 | 580.30 |
| 555357913 | M | M | 22.50 | 0.00 |
| 557499376 | J | M | 45.00 | 7.50 |
| 560498440 | L | A | 67.50 | 15.00 |
| 562483747 | A | W | 30.00 | 67.50 |
| 563404888 | S | D | 0.00 | 15.00 |
| 584027908 | V | P | 7.50 | 0.00 |
| 585009301 | T | B | 270.00 | 150.00 |
| 585048481 | H | A | 52.50 | 0.00 |
| 586124032 | D | S | 7.50 | 22.50 |
| 589478104 | E | M | 105.00 | 630.00 |
| 594623770 | J | B | 45.00 | 0.00 |
| 601764931 | E | L | 37.50 | 15.00 |
| 610747630 | L | R | 60.00 | 45.00 |
| 614493190 | C | C | 0.00 | 90.00 |
| 618666091 | K | P | 22.50 | 0.00 |
| 620623504 | K | M | 30.00 | 0.00 |
| 623113021 | B | J | 0.00 | 91.00 |
| 626320765 | A | L | 37.50 | 0.00 |
| 626729518 | D | S | 323.25 | 0.00 |
| 631836503 | D | C | 15.00 | 22.50 |
| 636625271 | S | L | 7.50 | 562.50 |
| 653345744 | V | L | 7.50 | 0.00 |
| 653740304 | J | S | 262.50 | 37.50 |
| 659291291 | R | B | 0.00 | 219.40 |
| 671981558 | T | B | 30.00 | 0.00 |
| 705699002 | A | P | 0.00 | 30.00 |
| 401375483 | P | D | 0.00 | 240.00 |
| | | | **20,465.43** | **25,275.83** |

EXHIBIT 2