D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | APPLICATION BY CHAPTER 11 TRUSTEE TO EMPLOY OMNI AGENT SOLUTIONS AS CLAIMS AND NOTICING AGENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRIAN OSBORNE AND RICHARD A. MARSHACK IN SUPPORT |
| | [NO HEARING REQUIRED] |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

PARTIES:

     Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy

estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this

application ("Application"), pursuant to 28 U.S.C. § 156(c), 11 U.S.C. §§ 105(a) and 327(a), and

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("FRBP"), and Rule 2014-1 of

the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of

California ("LBR"), for entry of an order, authorizing Trustee to retain and employ Omni Agent

Solutions ("Omni") as the claims and noticing agent ("Claims and Noticing Agent") for Trustee,

effective as of  November 10, 2023 (the "Effective Date"), to, among other things, (i) distribute

required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the

proofs of claim filed in the Debtor's chapter 11 case, and (iii) provide such other administrative

services – as required by the Trustee and/or the Official Committee of Unsecured Creditors

("Committee") – that would fall within the purview of services to be provided by the Clerk's office.

In further support of this Application, Trustee respectfully state as follows:

## 1.    Statement of Facts

     Debtor was a law firm that provided consumer debt resolution services servicing more than

50,000 customers across the United States, with annual revenues estimated to total $150,000,000 in

2022.

     On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the

United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States

Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case").

     On March 30, 2023, as Dk. No. 21, the United States Trustee filed a motion to dismiss or

convert the case under 11 U.S.C. § 1112(b) for failure to comply with the U.S. Trustee guidelines

and requirements for a chapter 11 case. No opposition to the motion was filed.

     On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the

Court directed the U.S. Trustee to appointment a Chapter 11 Trustee in this case. Richard A.

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT

1  Marshack was appointed as the Chapter 11 trustee of the Debtor's estate.

2       On August 4, 2023, Trustee closed a sale of substantial assets. Between the sales proceeds

3  and other projected recoveries, Trustee anticipates having funds from which distributions to

4  creditors can be made.

5       To date, there have been over 1,600 proofs of claim filed and there is not yet a claims bar

6  deadline. Trustee believes employment of a claims and noticing agent is thus in the best interests of

7  the estate and will reduce administrative costs.

8  ## 2.    Basis for Relief Requested

9       11 U.S.C. § 327(a) provides, in relevant part, that a Trustee, "with the court's approval, may

10 employ . . . professional persons, that do not hold or represent an interest adverse to the estate, and

11 that are disinterested persons, to represent or assist" the debtor in fulfilling its duties under the

12 Bankruptcy Code. 11 U.S.C. § 327(a). Moreover, Rule 2014(a) of the Federal Rules of Bankruptcy

13 Procedure ("FRBP") requires, in relevant part, that an application for retention include:

14        [S]pecific facts showing the necessity for the employment, the name of the

15        [firm] to be employed, the reasons for the selection, the professional services

16        to be rendered, any proposed arrangement for compensation, and, to the best

17        of the applicant's knowledge, all of the [firm]'s connections with the debtor,

18        creditors, any other party in interest, their respective attorneys and

19        accountants, the United States trustee, or any person employed in the office of

20        the United States trustee.

21 Fed. R. Bankr. P. 2014.

22      Further, FRBP 2002 governs the notices that must be provided to creditors and other parties

23 in interest in bankruptcy cases. Indeed, the Rule authorizes the Court to direct that some person other

24 than the Clerk of the Court give notice of the matters arising in a debtor's bankruptcy case. 28 U.S.C.

25 § 156(c), which governs the staffing and expenses of bankruptcy courts, states:

26        Any court may utilize facilities or services, either on or off the court's

27        premises, which pertain to the provision of notices, dockets,

28        calendars, and other administrative information to parties in cases filed

> under the provisions of title 11, United States Code, where the costs of
> such facilities or services are . . . are not charged to the United States.
> The utilization of such facilities or services shall be subject to such
> conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

Given the size of the Debtor's creditor body, it would be impracticable and inefficient for Trustee, the Committee, and the Court to undertake the task of sending notices to the creditors and other parties in interest. Moreover, appointing Omni to maintain a claims register and process claims and ballots will greatly decrease the costs and burdens of administering the Debtor's case and will improve the accuracy and efficiency of the noticing, claims allowance, and solicitation processes. In light of the foregoing, Trustee concluded that a claims and noticing agent was necessary to assist Trustee in the administration of the Bankruptcy Case. Trustee considered proposals from other noticing agents and believes that Omni is best suited to provide the necessary services. Thus, by this Application, Trustee requests entry of an order, authorizing him to retain and employ Omni as the Administrative Agent in the Bankruptcy Case. As set forth below, all requirements of FRBP 2014 are satisfied.

## 3.    Omni's Qualifications[1]

Omni is one of the country's leading chapter 11 administrators, with significant expertise in noticing, claims administration, soliciting, balloting, and facilitating other administrative aspects of chapter 11 cases. Omni has substantial experience in matters of this size and complexity. Omni has acted as an administrative agent and/or official claims and noticing agent in numerous recent chapter 11 cases filed in this district and other districts nationwide. Omni's cases include: In re The Roman Catholic Archbishop of San Francisco, Case No. 23-30564 (Bankr. N.D. Cal 2013); *In re Shift Technologies, Inc., Case No. 23-30687 (Bankr. N.D. Cal. 2023) San Benito Health Care district dba Hazel Hawkins Memorial Hospital,Case No. 23-50544 (Bankr. N.D. Cal. 2023 ; In re Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd*., Case Nos. 2:17-bk-21386 (SK) and 2:17-bk-21387(SK) (Bankr. C.D.

---

[1] *See*, Declaration of Brian Osborne ("Osborne Dec."), ¶¶1-3.

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814,v.1/1015-157

Cal. 2017); *In re Fairway Grp. Holdings Corp.*, Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Mar. 3,
2020); *In re Juno, USA, LP*, Case No. 19-12484 (MFW) (Bankr. D. Del. Dec. 17, 2019); *In re PES
Holdings, LLC*, Case No. 19-11626 (KG) (Bankr. D. Del. Aug. 20, 2019); *In re GUE Liquidation
Cos. (f/k/a FTD Cos.)*, Case No. 19-11240 (LSS) (Bankr. D. Del. July 1, 2019); *In re Hexion
Holdings LLC*, Case No. 19-10684 (KG) (Bankr. D. Del. May 1, 2019); *In re Brookstone Holdings
Corp.*, Case No. 18-11780 (BLS) (Bankr. D. Del. Aug. 24, 2018); *In re Ensequence, Inc.*, Case No.
18-10182 (KG) (Bankr. D. Del. Feb. 21, 2018); *In re Charming Charlie Holdings Inc.*, Case No. 17-
12906 (CSS) (Bankr. D. Del. Dec. 13, 2017); *In re Answers Holdings, Inc.*, Case No. 17-10496
(SMB) (Bankr. S.D.N.Y. Mar. 10, 2017); *In re Nasty Gal Inc*, Case No. 2:16-bk-24862 (BB) ([LIST
COURT] 2016).

Trustee selected Omni to perform the Administrative Services (as defined below) because of
Omni's experience, reputation, and the competitiveness of its fees. Trustee submits that using Omni
to provide the Administrative Services has provided and will continue to provide the most cost-
effective and efficient administration of these cases. Accordingly, Trustee believes that Omni is
qualified to provide the Administrative Services and that Omni's retention in such capacity is in the
best interests of the Debtor's estate, its creditors and other parties in interest. In sum, Trustee seeks
entry of an order authorizing Omni to function as claims, noticing and balloting agent to, among
other things: (i) serve as the Court's noticing agent to mail notices to the Debtor's creditors and
parties in interest, (ii) provide computerized claims, objection and balloting database services, (iii)
provide expertise, consultation and assistance in claim and ballot processing and with other
administrative information with respect to the Bankruptcy Case, (iv) receive, maintain, docket and
otherwise administer the proofs of claim filed in the Bankruptcy Case, and (v) provide such other
administrative services – as required by the Trustee and/or the Committee that would fall within the
purview of services to be provided by the Clerk's office: (

## 4.    Scope of Services

Pursuant to the Proposal, *infra*, Trustee proposes that Omni provide certain bankruptcy
professional services that may be outside the scope of 28 U.S.C. § 156(c) ("Administrative
Services"), potentially including, without limitation, the following:

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT

1.     Prepare and/or serve required notices in this Bankruptcy Case, including

     a.     A notice of claims bar date;

     b.     Notices of objections to claims;

     c.     Notices of transfer of claims;

     d.     Notices of any hearings on a disclosure statement and confirmation of a chapter 11 plan;

     e.     Notice of the effective date of any chapter 11 plan; and

     f.     Such other miscellaneous Notices as Trustee, the Committee or the Court may deem necessary or appropriate for an orderly administration of this Bankruptcy Case.

2.     Maintain an official copy of the Debtor's list of creditors, listing the Debtor's known creditors and the amounts owed thereto;

3.     Maintain (a) a list of potential creditors and other parties-in-interest and (b) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002 and those parties that have filed a notice of appearance under Bankruptcy Rule 9010 (the "Master Mailing Matrix"); update said lists and make said lists available upon request by a party-in-interest or the Clerk;

4.     Within five business days after the service of a particular notice, file with the Clerk's Office a declaration of service that includes (i) an alphabetical list of persons on whom Omni served the notice, along with their addresses (subject to any orders concerning the confidentiality of certain patient information), and (ii) the date and manner of service;

5.     Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

6.     Process all proofs of claim received, including those received by the Clerk's office, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

7.     Maintain copies of all proofs of claim filed in this case at a location other than where the originals are maintained;

8.     Maintain an official claims register for each debtor (the "Claims Register") in this case by docketing all proofs of claim and proofs of interest in a claims database that includes the

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814.v.1/1015-157

following information for each such claim or interest asserted:

      a.    The name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent, and the entity against which such claim was filed;

      b.    The date that the proof of claim or proof of interest was received by Omni and/or the Court;

      c.    The claim number assigned to the proof of claim or proof of interest; and

      d.    The asserted amount and classification of the claim.

9.    Implement necessary security measures to ensure the completeness and integrity of the claims register as approved by the Clerk of the Court;

10.    Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the official claims register;

11.    Allow the Clerk's Office to independently audit the claims information during regular business hours;

12.    Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the list of creditors, which may be effected by inclusion of such information (or the lack thereof, in cases where the list of creditors indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

13.    Transmit to the Clerk's Office a copy of the claims register on a weekly basis or at such other times as the Clerk's Office may direct;

14.    Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Omni, not less than weekly;

15.    Maintain an up-to-date mailing list for all entities that have filed proofs of claim or proofs of interest and make such list available upon request to the Clerk's Office or any party in interest;

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814,v.1/1015-157

16.     Provide the public and the Clerk's Office access to copies of the proofs of claim or proofs of interest filed in this chapter 11 case without charge on a case-specific website maintained by Omni;

17.     Allow the Clerk's Office to inspect Omni's premises at any time during regular business hours;

18.     Record all transfers of claims pursuant to Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Bankruptcy Rule 3001(e);

19.     Assist in the dissemination of information to the public and respond to requests for administrative information regarding this Bankruptcy Case, as directed by Trustee, the Committee or the Court, including through the use of a case website, voicemail system, and/or call center;

20.     If the case is dismissed, contact the Clerk's Office within three (3) days of the notice to Omni of entry of the order dismissing the case;

21.     Within seven (7) days of notice to Omni of the entry of an order closing this Bankruptcy Case, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the case;

22.     At the close of this Bankruptcy Case, box and transport all original documents, in proper format, as provided by the Clerk's office, to any location requested by the Clerk's office;

23.     Comply with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders and other requirements;

24.     Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe; and

25.     Provide such other claims processing, noticing, and related administrative services as may be requested from time to time by Trustee, which may include the creation of centralize website for creditors.

In addition to the foregoing, in accordance with the Proposal and to the extent requested by Trustee, Omni shall assist Trustee with, among other things, (a) data collection and processing required for, among other things the reconciliation and resolution of claims; (b) the development and maintenance of the Debtor's Master Mailing Matrix, and (c) the preparation, mailing and tabulation of

1  ballots for the purpose of voting to accept or reject a chapter 11 plan.

2      Notwithstanding the relief requested herein and the services proposed to be provided by Omni,

3  except for Trustee, any party submitting a particular pleading or other document with the Court shall

4  be responsible for all noticing and service functions relevant to the particular matters as may be

5  required under applicable rules and shall file with the Clerk's Office a declaration of service regarding

6  such noticing and service. In addition, except for Trustee's attorneys, the attorney submitting a

7  proposed order or judgment shall serve copies upon all parties entitled to receive notice of entry of the

8  order or judgment as soon as practicable and shall be responsible for photocopying the conformed

9  copies in order to relieve the Clerk's Office of the large burden of photocopying these orders.

10  Notwithstanding the foregoing, Omni may, with Trustee's consent, provide services to any official

11  committee, such as mailing or web site creation/maintenance.

12      To summarize, Trustee proposes that Omni provide certain bankruptcy professional services

13  that fall into the following general categories:

14  (a)    assisting with, among other things, solicitation, balloting, tabulation, and calculation

15          of votes, if necessary, as well as preparing any appropriate reports, as required in

16          furtherance of confirmation of any chapter 11 plan;

17  (b)    generating an official ballot certification and testifying, if necessary, in support of the

18          ballot tabulation results for any chapter 11 plan(s) in these cases;

19  (c)    managing any distributions pursuant to any confirmed chapter 11 plan in these

20          chapter 11 cases; and

21  (d)    providing such other claims processing, noticing, solicitation, balloting, and

22          administrative services described in the Proposal, but not included in this Application,

23          as may be requested from time to time by Trustee, the Court, or the Office of the

24          Clerk of the Court.

25  *See*, Declaration of Richard A. Marshack ("Marshack Dec."), ¶6.

26  **5.    Professional Compensation**

27      Subject to the Court's approval, Trustee proposes to compensate Omni for the Administrative

28  Services set forth above in accordance the rate structure attached to this Application as **Exhibit 1**

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814,v.1/1015-157

1  ("Proposal"). *See* Declaration of Brian Osborne ("Osborne Dec."). Trustee respectfully submits that

2  Omni's rates are competitive and comparable to the rates that Omni's competitors charge for similar

3  services. *Id.*, Ex. 1, pp. 2, 14-16. Furthermore, Trustee believes that Omni's rates are reasonable

4  given the quality of Omni's services and its prior bankruptcy expertise. In connection with providing

5  the Administrative Services, Omni will seek reimbursement from the Estate for reasonable expenses

6  in accordance with the terms of the Proposal. Importantly, Trustee has negotiated a 10% discount on

7  the standard hourly rates. *Id.*., Ex. 1, p. 2.

8    Notwithstanding anything to the contrary in this Application, Omni will apply for

9  compensation and reimbursement of expenses incurred in connection with the services it provides

10  pursuant to this Application as the Claims and Noticing Agent in this case, subject to Court approval

11  and in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, applicable Bankruptcy

12  Rules, applicable LBRs, any guidelines ("U.S. Trustee Guidelines") established by the U.S. Trustee,

13  and further orders of this Court.

14  **6.    Omni's Disinterestedness[2]**

15    Omni has represented to Trustee that, to the best of its knowledge, and except as set forth in

16  the Osborne Declaration, neither Omni nor any of its professional personnel have any relationship

17  with the Debtors that would impair Omni's ability to serve as the Claims and Noticing Agent. To the

18  extent that Omni or its personnel have, or may have had, relationships with certain of the Debtor's

19  creditors, as described in the Osborne Declaration, Omni has represented to Trustee that those

20  matters are completely unrelated to this chapter 11 case.

21    Moreover, in connection with its retention as the Claims and Noticing Agent, Omni

22  represents in the Osborne Declaration, among other things, that Omni is a "disinterested person" as

23  that term is defined in 11 U.S.C. § 101(14), in that Omni and its professional personnel:

24    (a)    are not creditors, equity security holders, or insiders of the Debtor;

25    (b)    are not, and were not, within two years before the date of the filing of these

26      chapter 11 cases, directors, officers, or employees of the Debtor;

27  _____

28  [2] *See* Osborne Dec., ¶¶3-10.

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814,v.1/1015-157

1     and

2     (c)     do not have an interest materially adverse to the interests of the Debtor's estate or any

3     class of creditors or equity security holders, by reason of any direct or indirect

4     relationship to, connection with, or interest in, the Debtor.

5     Omni will supplement its disclosure to the Court if any facts or circumstances are discovered

6 that would require such additional assistance.

7 **7.    Notice**

8     Notice of this Application will be provided to (i) the U.S. Trustee; (ii) counsel to the Official

9 Committee of Unsecured Creditors; and (iii) any party that has requested notice pursuant to FRBP

10 2002. Trustee submits that, in light of the nature of the relief requested herein, no other or further

11 notice need be given.

12 **8.    Conclusion**

13     WHEREFORE, Trustee respectfully request that the Court enter the Proposed Order,

14 substantially in the form attached hereto, granting the relief requested herein and any further relief

15 the Court may deem just and proper.

16

17 DATED: November **22**, 2023     Respectfully submitted,

18     By: _____

19     RICHARD A. MARSHACK
    Chapter 11 Trustee for the Bankruptcy Estate of

20     THE LITIGATION PRACTICE GROUP P.C.

21

22 DATED: November 22, 2023     MARSHACK HAYS LLP

23

24     By: */s/ D. Edward Hays* _____
    D. EDWARD HAYS

25     LAILA MASUD
    Attorneys for Chapter 11 Trustee,

26     RICHARD A. MARSHACK

27

28

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814,v.1/1015-157

# **Declaration of Brian Osborne**

I, BRIAN OSBORNE, say and declare as follows:

1.      I am the President and Chief Executive Officer of Omni Agent Solutions ("Omni"), a chapter 11 administrative services firm, with offices located at 1120 Avenue of the Americas, 4th Floor, New York, New York 10036 and 5955 De Soto Avenue, Woodland Hills, CA 91367.[3] Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called and sworn as a witness, I could and would testify competently thereto.[4]

2.      Omni is one of the country's leading chapter 11 administrators, with significant experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases. Omni has substantial experience in matters of this size and complexity. Omni has acted as an administrative agent and/or official claims and noticing agent in numerous chapter 11 cases pending in this district and other districts nationwide. Omni's cases include: *In re Fairway Grp. Holdings Corp.*, Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Mar. 3, 2020); *In re Juno, USA, LP*, Case No. 19-12484 (MFW) (Bankr. D. Del. Dec. 17, 2019); *In re PES Holdings, LLC*, Case No. 19-11626 (KG) (Bankr. D. Del. Aug. 20, 2019); *In re GUE Liquidation Cos. (f/k/a FTD Cos.)*, Case No. 19-11240 (LSS) (Bankr. D. Del. July 1, 2019); *In re Hexion Holdings LLC*, Case No. 19-10684 (KG) (Bankr. D. Del. May 1, 2019); *In re Brookstone Holdings Corp.*, Case No. 18-11780 (BLS) (Bankr. D. Del. Aug. 24, 2018); *In re Ensequence, Inc.*, Case No. 18-10182 (KG) (Bankr. D. Del. Feb. 21, 2018); *In re Charming Charlie Holdings Inc.*, Case No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017); *In re Answers Holdings, Inc.*, Case No. 17-10496 (SMB) (Bankr. S.D.N.Y. Mar. 10, 2017); *In re Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd*., Case Nos. 2:17-bk-21386 (SK) and 2:17-bk-21387(SK)(2017); *In re Nasty Gal Inc*, Case No. 2:16-bk-24862 (BB) (2016). Accordingly, I believe that Omni is qualified to act the Administrative Agent in this chapter 11 case.

---

[3] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[4] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Omni and are based on information provided by them.

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814,v.1/1015-157

3.      Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Omni and its professional personnel:

(a)      are not creditors, equity security holders, or insiders of the Debtor;

(b)      are not, and were not, within two years before the date of the filing of these chapter 11 cases, directors, officers, or employees of the Debtor; and

(c)      do not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

4.      If Omni's proposed retention is approved by the Court, Omni will not accept any engagement or perform any service for any entity or person related to these cases, other than the Debtor, without the prior approval of the Court. Omni may, however, provide professional services to entities or persons that may be creditors or parties in interest in these cases, which services do not relate to, or have any direct connection with, this case or the Debtor.

5.      Omni represents that:

(a)      it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Administrative Agent;

(b)      by accepting employment in these chapter 11 cases, Omni waives any right to receive compensation from the United States government in its capacity as the Administrative Agent;

(c)      in its capacity as the Administrative Agent, Omni will not be an agent of the United States and will not act on behalf of the United States; and

(d)      Omni will not employ any past or present employees of the Debtor in connection with its work as the Administrative Agent in these chapter 11 cases.

6.      In connection with the preparation of the Application, I caused to be submitted for review by Omni's conflicts system the names of all known potential parties in interest in these chapter 11 cases. The results of the conflict check were compiled and reviewed by employees of

1    Omni, under my supervision. At this time, Omni is not aware of any relationship that would present

2    a disqualifying conflict of interest. Should Omni discover any new relevant factors or relationships

3    bearing on the matters described herein during the period of its retention, Omni will use reasonable

4    best efforts to promptly file a supplemental declaration.

5          7.     To the best of my knowledge, upon reasonable inquiry, neither I nor any professional

6    of the Omni team that is providing services to the Debtor, is a creditor of the Debtor.

7          8.     To the best of my knowledge, neither Omni nor any of its personnel have any

8    relationship with the Debtor that would impair Omni's ability to serve as the Claims and Noticing

9    Agent. Omni has, and will continue to represent clients in matters unrelated to these cases. In

10    addition, Omni has had, and will continue to have, relationships in the ordinary course of its

11    business with certain vendors, professionals, and other parties in interest that may be involved in the

12    Debtor's chapter 11 case in matters unrelated to this case.

13          9.     Omni and its personnel in their individual capacities regularly utilize the services of

14    law firms, accounting firms, and financial advisors. Such firms engaged by Omni or its personnel

15    may appear in this chapter 11 case representing the Estate, Debtor or other parties-in-interest. All

16    engagements where such firms represent Omni or its personnel in their individual capacities are

17    unrelated to this chapter 11 case. Accordingly, to the best of my knowledge, Omni and each of its

18    employees are "disinterested persons," as that term is defined in 11 U.S.C. § 101(14), and neither

19    Omni nor any of its employees hold or represent an interest adverse to the Debtor's estate on any

20    matter for which Omni will be employed.

21          10.    If any new facts or relationships are discovered, Omni will supplement its disclosure

22    to the Court.

23          11.    Subject to the Court's approval, the Estate has agreed to compensate Omni for

24    professional services rendered pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 327(a) in connection

25    with this Bankruptcy Case according to the terms and conditions of the Proposal. As referenced in

26    the Application and attached Proposal, Trustee and Omni have agreed to a pricing schedule and a

27    10% discount on its standard hourly rates. A true and correct copy of the Proposal is attached as

28    **Exhibit 1**. Payments are to be based upon the submission of Omni's relevant applications in

1    accordance with the U.S. Trustee Guidelines.

2         12.    The services provided by Omni will be administrative in nature, and Omni will not

3    provide services in the nature of legal representation and/or advice to Trustee.

4

5         I declare under penalty of perjury under the laws of the United States that the foregoing is

6    true and correct. Executed on November 21, 2023.

7

8                                         BRIAN OSBORNE
                                          President and Chief Executive Officer
9                                         OMNI AGENT SOLUTIONS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      I am the duly appointed Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor").

4.      The facts set forth below are true of my personal knowledge.

5.      I make this Declaration in support of my Application by Chapter 11 Trustee to Employ Omni Agent Solutions ("Omni") as the Estate's Claims and Noticing Agent ("Application").

6.      Pursuant to the Proposal attached to the Declaration of Brian Osborne, I propose that Omni provide certain bankruptcy professional services that may be outside the scope of 28 U.S.C. § 156(c) ("Administrative Services"), including, without limitation, the following:

a.    assisting with, among other things, solicitation, balloting, tabulation, and calculation of votes, if necessary, as well as preparing any appropriate reports, as required in furtherance of confirmation of any chapter 11 plan;

b.    generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results for any chapter 11 plan(s) in these cases;

c.    managing any distributions pursuant to any confirmed chapter 11 plan in these chapter 11 cases; and

d.    providing such other claims processing, noticing, solicitation, balloting, and administrative services described in the Proposal, but not included in the Application, as may be requested from time to time by me, my agents, the Court, or the Office of the Clerk of the Court.

7.      I solicited proposals from other claims and noticing agents, including but not limited to KCC. After consideration, I have selected and believe that Omni is well-qualified to serve as Claims and Noticing Agent as set forth in the Application. To that end, I have negotiated a 10% discount on its standard hourly rates.

/ //

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814.v.1/1015-157

8.      I believe that it is in the best interest of the Estate and that there is good cause to employ the Omni as my Claims and Noticing Agent given that there will likely be thousands of claims filed against the Estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November **22**, 2023.

_____
RICHARD A. MARSHACK

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY ADMINISTRATIVE AGENT
4891-8529-8814,v.1/1015-157

**EXHIBIT 1**



**NEW YORK OFFICE**
1120 Avenue of the Americas, 4th Fl.
New York, NY 10036
Tel. 212-302-3580

*Proposal for*

Marshack Hays LLP

May 23, 2023

EXHIBIT 1, PAGE18

## Executive Summary



Thank you for the opportunity to provide this proposal. We are confident you will find that our complex case expertise, confidentiality protocols, case professionals, secure technology, strategic communication offerings, cost effective rates, and other relevant administrative agent experience, make us exceptionally qualified to assist your company.

It is our understanding that you have been appointed as the chapter 11 trustee (the "Trustee") in the case of Litigation Practice Group P.C. (the "Debtor"), currently pending in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division.  We further understand that the Debtor, a law firm specializing in debt relief, bankruptcy, and litigation matters, has over 13,000 clients and $148 million in total debt, $141 million of which is unsecured.  Finally, we understand that in your role as the Trustee, you will conduct a thorough examination of the Debtor's books and records to ultimately determine the best course of action to maximize the return to the Debtor's chapter 11 estate.

This proposal provides a brief overview of:

→ **Who we are**
→ **What Makes Us Different**
→ **Team Leadership**
→ **Case Administration Services**
→ **State of the Art Technology**
→ **Relevant Case Expertise**
→ **2023 Fee Structure**

**For the purposes of this proposal, Omni will provide the Trustee with a ten (10%) percent discount on its standard hourly rates.** There should never be a need to sacrifice your choice of claims agent because of pricing. We are available at anytime to answer questions or provide additional information.

Thank you again for the opportunity.

**Brian Osborne**
*President and CEO*

**Paul Deutch**
*Executive Vice President*

**Alison Miller**
*Senior Vice President*

2

EXHIBIT 1, PAGE19

## Who We Are



# Omni Agent Solutions is an essential partner for your legal administration.

We are a forward-thinking information management company focused on providing professional administrative services and technology solutions to simplify complex bankruptcy case administration. Designed with the restructuring professional in mind, our new platform is modern, mobile and intuitively user friendly, and provides a complete set of administrative tools for all other court-appointed restructuring professionals.

The future of our industry is in the flexibility of our technology and the customization of information management. Our new state of the art system is built to manage data from inception to distribution with seamless flexibility and integration with our clients, their professionals and the public. Importantly, our platform has been meticulously curated by our experienced team of professionals who have decades of experience in the administrative, legal, advisory and executive management sectors. While technology is paramount, there is no substitution for the institutional knowledge of the professionals who run our cases, create one-off solutions, solve last minute problems, and interact with clients.



**PROFESSIONAL ADMINISTRATION**

→ Experienced management team
→ Cost effective, pro-active mind set
→ Knowledgeable points of contact
→ Automated, streamlined process
→ Seamless integration with professionals



**CUTTING EDGE TECHNOLOGY**

→ Latest state of the art platform
→ Automated process from data to delivery
→ Integrates with restructuring professionals
→ Daily Data Dashboards
→ Complete mobile friendly access



**PROVEN EXPERIENCE**

→ 50 years in business
→ 2,500+ projects
→ Securities service experts
→ Diverse team of professionals
→ Highest standard of quality

**There is a difference in claims and noticing agents. We prove it every day.**

3



## What Makes Us Different

Omni AGENT SOLUTIONS

Diverse professionals
→ **Provide Unique Experience**

Collaborative Technology Platform
→ **Saves Money**

Cutting Edge Technology: Accessible – Scalable - Intuitive
→ **End to End Automation**

Responsive professional administration 24/7/365
→ **We'll leave the light on**

Professional teams with knowledgeable points of contact
→ **Unbelievable Service**

Pro-Active process that enhance restructuring professionals' capabilities
→ **Saves Money**

24/7
US-Based Call Center
→ **Happy Operators**

Unparalleled market experience
→ **We wrote the book**

## Team Leadership



### Marc Beilinson
**CHAIRMAN**

After 40 years in the legal industry, I realized there was a need for a top-quality case administration company with a unique approach to its technology, people and process. So, we built Omni with our restructuring professional clients in mind.

First class service, intuitive and innovative technology and a collaborative strategic process to work hand in hand with our clients and their professionals.

Our business philosophy is integrity, quality and value.



5

EXHIBIT 1, PAGE22

## Team Leadership





**Brian Osborne**
PRESIDENT & CEO

Brian is a leading case administrator in complex corporate restructurings. His mailroom to boardroom experience, coupled with his hands-on management style, provides clients with comprehensive strategic planning and oversight to maximize their results and seamlessly integrate the administrative process with their professionals. His experience drives the company to innovate technology, assemble top tier professionals and provide a cost-effective administrative process to deliver consistently successful results for Omni's clients.

Katie directs the day-to-day management of the firm's business functions, and provides oversight to our case management, noticing and claims teams. Katie strives to optimize our organizational processes and procedures to better serve our clients. Katie works closely with clients and their other restructuring professionals, providing a knowledgeable point of contact, customized strategic workstreams, unlimited administrative resources, technical solutions for high-volume data projects and cost-effective planning solutions.



**Katie Nownes**
CHIEF OPERATING OFFICER



**Paul Deutch**
EXECUTIVE VICE PRESIDENT

Paul has managed Omni's New York City office since 2009. Paul creates and implements the business development strategy for the company's corporate-restructuring services, working closely with clients to ensure that they receive high-quality services tailored to their unique needs. Paul earned his J.D. from St. John's University School of Law. Following his clerkship with the Honorable Conrad B. Duberstein, embarked on a fourteen-year legal career, representing debtors, creditors, purchasers and lenders in all aspects of reorganizations and liquidations.

Alison focuses on sourcing new opportunities, developing and directing strategic initiatives aimed at growing the firm's market share, and supporting our relationships within the bankruptcy, restructuring and investing communities. Alison also assists with solicitation and oversees the company's strategic communications services. Alison began her career in the restructuring group in the New York office of Kirkland & Ellis, where she represented financially distressed companies in all aspects of corporate restructuring.



**Alison Miller**
SENIOR VICE PRESIDENT

6

EXHIBIT 1, PAGE23

## Team Leadership





**Jeriad Paul**
VP, SECURITIES & SOLICITATION

Jeriad has 20+ years of leadership experience in financial services, including Capital Group/American Funds (portfolio control, securities oversight and investment operations), Charles Schwab (trading and transfer of assets for Schwab's retirement business services division), AST Capital Trust (trust operations, trading, asset master and event services) and Fiserv Investment Support Services (advisor services). At Omni, he assists clients with complex noticing and balloting, plan solicitations, out-of-court restructurings, domestic and international notice dissemination programs, complex allocation methodologies, corporate events and related distributions.

Sejal oversees the schedules and statements and claims teams. She brings to that role 15+ years of turnaround and insolvency experience, with expertise advising mid- to large cap companies across diverse industries. She began her career building cash flow models, profitability analyses and other operational reports, then transitioned to bankruptcy and post-confirmation trust services, helping clients comply with court-mandated reporting and analysis. and development.



**Sejal Kelly**
VP, ADMINISTRATIVE SERVICES



**Kim Steverson**
VP, CORPORATE RESTRUCTURING SERVICES

Kim is responsible for oversight of Omni's Case Management, Noticing and Call Center Teams. Kim provides senior consulting services to clients, including filing preparation and contingency planning, strategic case management planning and administration, specialized data management and related technology services, preparation of Schedules and SOFAs, plan solicitation and other high-level project management assistance. Kim began her career in the restructuring group of Pachulski Stang Ziehl & Jones and then Porter Hedges LLP, where she was a senior paralegal for a combined 36 years.

A 20+ year veteran of the IT services industry, Angela is a leading expert in platform development, risk mitigation, business continuity, incident management planning, disaster recovery, integration, and compliance. Angela leads our IT Team, spearheading development in digital transformation, information security and technical compliance, while creating and managing custom technology solutions that provide our clients with intuitive efficiencies and successful results. Prior to Omni, Angela has helped multiple Fortune 500 companies develop and manage complex technology platforms with web hosting, multi-application service offerings, cloud management and security compliance.



**Angela Nownes**
CHIEF TECHNOLOGY OFFICER

7

EXHIBIT 1, PAGE24

## Team Leadership





**Luis Solorzano**
DIRECTOR OF PROFESSIONAL SERVICES

Luis is responsible for managing Omni's professional services team, which oversees all operational departments and performs quality control processes on all client services. Luis and his team work hand-in-hand with the Claims, Noticing, Case Administration and Data Management departments to develop and implement best practices and verify all delivered services meet Omni's quality standards, client timeframes and statutory requirements. A graduate of UCLA, Luis obtained his J.D. from Whittier Law School.

Carolyn is the team leader of the Claims and Balloting Group. Carolyn provides high level case administration services with a primary focus on leading the Omni claims and balloting team in all aspects of the claims process including objections, transfers, inquiries, as well as the balloting tabulation and election process. Prior to joining Omni in 2016, Carolyn was the operations manager for a Fortune 500 company and worked in the insurance industry for 16 years.



**Carolyn Cashman**
SENIOR CONSULTANT,   CLAIMS MANAGER



**Darleen Sahagun**
SENIOR CONSULTANT,
NOTICING MANAGER

Darleen leads our noticing and production group. She has managed numerous complex noticing engagements, including BSA, USAG, J Crew, KServicing and FTD. Darleen coordinates our service and operations group to provide services related to first day motions/orders, expedited mailing procedures, high volume mailings, financial distribution mailings, ECF Filing of Affidavits of Service, and Publication Affidavits.

Brittney provides senior-level services to clients, including first day filing preparation, contingency planning, strategic case management planning and administration, specialized data management and related technology services, schedules and SOFA preparation, plan solicitation, and other high-level project management assistance. Prior to working at Omni, Brittney was a legal secretary, but her background is in healthcare. She has led several complex chapter 11 cases, including OneWeb, Senior Care and Papyrus, among others.



**Brittney Whitaker**
SENIOR CONSULTANT,   CASE MANAGER

8

EXHIBIT 1, PAGE25

## Case Administration Services



**① PREPETITION SERVICES**

**② COMMENCEMENT OF CASE**

**③ DAILY NOTICING, COMMUNICATIONS AND SERVICE LIST CURATION SERVICES**

 

**PREPETITION SERVICES**

- Custom client database
- eClaims and eBalloting online submission solution
- 800 call center services
- Case informational website
- Prepetition solicitation related to prepackaged or straddle case
- Compile mailing matrix
- Preparation of 20 (or 30, 40, etc.) largest unsecured creditors list
- Equity identification preparation for DTCC, Broadridge, et al.
- First day excel service list workbook
- Logistical prep for email, facsimile, text, and overnight services
- Virtual data room set up (schedules, M&A, asset sale, Ponzi case)
- Document/contract review (Matrix, 363, Schedules, Cure Amounts)

**COMMENCEMENT OF CASE**

- Live informational case website and toll-free number
- Add real-time case info and first day document filings to website
- First and second-day motion notice services
- Distribute daily docket, claim and ballot reports
- Distribute weekly case dashboards
- Serve Notice of 341(a) Meeting of Creditors on all creditors

**DAILY NOTICING, COMMUNICATIONS AND SERVICE LIST CURATION SERVICES**

- 800 services with daily call log/inquiry updates and communication with interested parties
- Daily real-time website updates
- Integration of company communications strategy, FAQ's and company messaging added to BK website
- Daily docket, noticing, claims and balloting reports
- Ongoing service of notices and motions to interested parties – first class mail, overnight, email, fax, text, telephonic and messenger.
- Daily claims processing
- Daily address updates/return mail services
- Open communications with DTCC, Broadridge, et al., re: service of notices (i.e., notice of commencement of chapter 11 case, etc.) to securities holders

9

EXHIBIT 1, PAGE26

## Case Administration Services



 **SCHEDULES/STATEMENTS OF FINANCIAL AFFAIRS**

 **BAR DATE AND CLAIMS PROCESS**

 **PLAN AND DISCLOSURE STATEMENT/SOLICITATION**

| SCHEDULES/STATEMENTS OF FINANCIAL AFFAIRS | BAR DATE AND CLAIMS PROCESS | PLAN AND DISCLOSURE STATEMENT/SOLICITATION |
|---|---|---|
| · Instructional guideline and forms to debtor and professionals re: schedules and SOFAs to streamline the compilation process. | · Review and comment on motion to set bar date | Review and comment on DS, notice and voting procedures |
| · Create, update and circulate schedule and SOFA preparation checklists | · Custom individualized claim forms | Plan class analysis |
| · Assist with compilation of original and amended schedules and SOFAs | · Serve bar date notice on all interested parties | Separate website section for plan documents |
| · Create Virtual Data Room for multiple cases/multiple version management | · Communication with, and related processing of information to, DTCC, Broadridge, et al., re: service of Bar Date to securities holders | 800 communication solution as required for complex plans |
| · Delivery of court ready versions of schedules/SOFAs | · Publication of bar date notice | Publication of DS and Plan notices |
| · Intake of existing schedules and SOFA's into Omni database for future reporting and claim reconciliation | · Process all claims filed | Individualized ballots for solicitation |
| | · Match claims to schedules | Customized master and beneficial holder ballots |
| | · Perform general claim reconciliation including identification of late, duplicate, amended, incorrect case, reclassification and others potential objections. | Online eBalloting solutions for solicitation |
| | · Integrate with case professionals to assist with claim reconciliation | Custom noticing and communication programs |
| | · Custom claim objection exhibits and service lists | Perform solicitation production using CD's and Flash Drives |
| | · Daily tracking, processing and reporting of claim reconciliation status | Communication with, and related processing of information to DTCC, Broadridge, et al., re solicitation of securities holders |
| | · Manage claims process through distribution | |

10

EXHIBIT 1, PAGE27

## Case Administration Services



 **7** **BALLOTING**

 **8** **DISTRIBUTIONS**

 **9** **CASE CLOSING**

**BALLOTING**

- Tabulate and verify ballots
- Communication with, and receipt of balloting information
  From DTCC, Broadridge, et al., re: votes of securities holders
- Circulate daily ballot dashboard and reports
- Post daily ballot reports on website
- Contact ballot parties with invalid ballots
- Deliver final declaration certifying ballot tabulation
- Prepare for testimony and attend hearing re: plan confirmation (live or telephonic)

**DISTRIBUTIONS**

- Distribution pro forma reports with final case data for distribution
- Open bank accounts
- Set up positive pay and other reconciliation tools
- Order check stock
- Process any check language or letter documents to be included with distributions
- Mail or wire distributions to interested parties
- Communication with, and related processing of information to, DTCC, Broadridge, et al., re: distributions to securities holders including, where applicable, process rights offerings, stock transfers and warrant distributions
- Provide daily, weekly and/or monthly bank reconciliations
- Review, research and resend any returned checks
- Provide final report and send remaining funds to designated party
- Close bank accounts

**CASE CLOSING**

- Contact clerk of court re: case closing procedures
- Organize all materials to be returned to the clerk's office
- Prepare final claims docket, matrix, and other required materials
- Return all required materials to the clerk as requested
- Contact client regarding destruction of remaining files
- Shred all approved files for destruction
- Store remaining materials as required by law (seven years)
- Close case

11

EXHIBIT 1, PAGE28

# State of the Art Technology





**DOCUMENT AND DATA SOLUTIONS**

- Realtime automated reports
- Daily docket subscription service
- 250-point data standardization
- Scanning, electronic document conversion, and eManagement solution
- Easy integration with estate professionals
- Live claim and ballot dashboards



**POWERFUL SOFTWARE**

- Custom database solutions
- Flexible integration with estate professionals
- Proprietary schedules software
- Proprietary virtual data rooms
- Preference action system
- Claim reconciliation application

✓ **Custom Database Solutions**

✓ **Mass Tort Claims Management Portals**

✓ **Comprehensive Communications Solutions**



**WEBSITES**

- Public and private information websites
- Website for debtors, committees, trustees, receivers and more
- Easy access to case documents/dockets, claim forms and contact info
- Online submission and registration capability
- Completely dynamic and customizable platform
- Mobile friendly access

**CALL CENTERS**

- Integrated domestic communications hub
- Live operator, IVR + voicemail systems
- Online call log system
- 24/7 access and availability
- Foreign language capability
- Custom 800 call center programming
- Integrate with company communications strategy

✓ **Top Level Data Security**

✓ **Global PII Compliance**

✓ **Secure Environment**

12

EXHIBIT 1, PAGE29

**Representative Debtor Engagements**



































13

EXHIBIT 1, PAGE30

## 2023 Rate Sheet



**Analyst**                                                                                    $45-$75

Analysts perform tasks such as incoming and outgoing mail processing (including returned mail), creditor correspondence, document and file organization, daily docket updates.

**Consultant**                                                                                $75-$195

Consultants perform and manage various day-to-day activities to meet the specific needs of each client's case.  These services include data collection, preparation of the creditor matrix, compilation of the noticing database, preparation of Schedules and SOFA's, processing and review of claims and ballots, maintenance of the official claims register and the  processing of claim transfers, managing and maintaining the case website, and document management.  In addition, Consultants perform quality assurance checks on all services, oversee noticing and fulfillment, assist with creditor communications, and produce multiple reports on claims, ballots, and other requested data.  Omni's consultant's each average over five years industry-related experience.

**Senior Consultants**                                                                        $200 - $240

Senior Consultants are the main points of contact for Omni's clients, their counsel, and other related professionals.  Senior Consultants oversee all aspects of case administration, providing industry expertise and strategic administrative support on complex issues  Their responsibilities also include  the internal management of Omni's case professionals. Omni's senior consultant's each average over ten years industry-related experience and many are former restructuring or financial industry professionals. If necessary, Omni's executive team will provide additional support in the senior consultant role at the rate range set forth above.

**Solicitation and Securities Consultant**                                                    $200 - $225

Solicitation and Securities Consultants assist with the review, tabulation, and auditing of ballots, as well as executing plan solicitations and public securities-related services.  In addition, Solicitation and Securities Consultants are available to prepare custom voting and tabulation reports, , as well as reports relating to other corporate securities events including exchange offers and rights subscriptions. The Solicitation and Securities Consultant will also interface with the banks, brokers, nominees, depositories, securities holders and their agents regarding solicitation and corporate events.  Solicitation and Securities consultants average over five years  of related experience.

**Director of Solicitation and Securities**                                                    $250

The Director of Solicitation and Securities is the lead consultant in the plan solicitation process and any corporate action-related events.  The Director oversees and coordinates all aspects of plan voting and solicitation, including tabulation verification, and, if and when necessary, will attest to the solicitation process and results.  The Director also oversees and advises on public securities notices and related actions including voting, exchange offers, treatment elections, rights subscriptions, distributions, and notices, and will coordinate with the banks, brokers, nominees, depositories, securities holders and their agents to ensure smooth and successful execution of the related processes.  Omni's Director of Solicitation and Securities is a former Wall Street executive  with over 15 years of relevant securities and finance experience.

**Technology Consultant**                                                                      $85 - $155

Omni's Technology Consultants provide technical and database support with respect to the onboarding and processing of complex data.  Our Consultants also deliver ongoing and customized reporting requirements, assist with variable data mailings and exhibit preparation, and provide custom solutions to meet individual case requirements.  Omni's Technology Consultants each average at least 15 years-experience in the information technology and development industry.

EXHIBIT 1, PAGE31

# 2023 Rate Sheet

**omni**
AGENT SOLUTIONS

| Hourly Rates for Standard and Custom Services* | RATE / COST |
|---|---|
| Analyst | $40.00 - $75.00 per hour |
| Consultants | $75.00 - $195.00 per hour |
| Senior Consultants | $200.00 - $240.00 per hour |
| Solicitation and Securities Consultant | $200-225.00 per hour |
| Director of Solicitation and Securities | $250.00 per hour |
| Technology/Programming | $85.00 - $155.00 per hour |

| Printing and Noticing Services | RATE / COST |
|---|---|
| Copy | $.10 per image |
| Document folding and insertion | No charge |
| Labels/Envelope printing | $.035 each |
| E-mail noticing | Under 10,000 records - No charge |
| Bulk (10K+) or Certified E-mail noticing | TBD per volume |
| Facsimile Noticing | $.10 per image |
| Postage | At cost (Advance payment required for postage charges over $10,000) |
| Envelopes | Varies by size |

| Claims Management | RATE / COST |
|---|---|
| Inputting proofs of claim | Hourly rates (No per claim charges) |
| Scanning | $.10 per image |
| Remote Internet access for claims management | |
| Setup | No charge |
| Access | No charge |

| Electronic Services, Storage & Security | RATE / COST |
|---|---|
| Data Storage, Maintenance and Security | Under 10,000 records - No charge / Over 10,000 records  - .10 per Record |
| Per image storage | No charge |
| Automated Data Processing & Notifications | .10 per process |

| Call Centers / Dedicated Line | RATE / COST |
|---|---|
| Creation, configuration and initial setup | No charge |
| Hosting fee | $20.00 per Month |
| Usage | $.0825 per Minute |
| Call center personnel | Standard Hourly Rates |

| Newspaper and Legal Notice Publishing | RATE / COST |
|---|---|
| Coordinate and publish legal notice | Quote prior to publishing |

*Additional professional services not covered by this rate structure will be charged at hourly rates, including any outsourced services performed under our supervision and control.

EXHIBIT 1, PAGE32

## 2023 Rate Sheet



| Informational Website | RATE / COST |
|---|---|
| Creation, Configuration and Initial Setup | No charge |
| Data Entry / Information Updates | Standard hourly rates apply |
| Programming and Customization | $85 - $155 per hour |
| Debtor Website Hosting | No charge |
| Committee Website Hosting | No charge |
| Shareholder Website Hosting | No charge |
| Scanning | $0.10 per image |

| Case Docket / Claims Register | No charge |
|---|---|

| Virtual Data Rooms | Quote upon request |
|---|---|

| Solicitation and Tabulation | RATE / COST |
|---|---|
| Plan and disclosure statement mailings | Quoted prior to printing |
| Ballot tabulation | Standard hourly rates apply |

| Public Debt and Equities Securities and/Rights Offerings Services | RATE / COST |
|---|---|
| Noticing Services | Standard hourly rates apply |
| Solicitation, Balloting and Tabulation | Standard hourly rates apply |
| Rights Offerings | Standard hourly rates apply |
| Security Position Identification Reports | Standard hourly rates apply |

| Schedules / SoFA | RATE / COST |
|---|---|
| Preparation and updating of schedules and SoFAs | $65.00 - $240.00 per hour |

| UST Reporting Compliance | RATE / COST |
|---|---|
| Assist debtors to satisfy jurisdicational requirements, preparation of monthly operating and post-confirmation reports | Standard hourly rates apply |

| Liquidating / Disbursing Agent | RATE / COST |
|---|---|
| Comply with Plan requirements, preparation of disbursement reports, payout calculations, check generation, bank reconciliations | Standard hourly rates apply |

| Real-Time Reports | RATE / COST |
|---|---|
| Claims dashboard | No charge |
| Claim reports | No charge |
| Solicitation dashboard | No charge |
| Tabulation dashboard | No charge |
| Solicitation reports | No charge |

| Miscellaneous | RATE / COST |
|---|---|
| Telephone charges | At cost |
| Delivery | At cost |
| Archival DVD/CD-Rom | $40.00 per copy |

EXHIBIT 1, PAGE33

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 11 TRUSTEE TO EMPLOY OMNI AGENT SOLUTIONS AS CLAIMS AND NOTICING AGENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRIAN OSBORNE AND RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 23, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On ˍ, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST~~
~~SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ˍ, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 27, 2023 | Pamela Kraus | */s/ Pamela Kraus* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Aaron E. DE Leest**    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Jenny L Doling**    jd@jdl.law,
  dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **William P Fennell**    william.fennell@fennelllaw.com,
  luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com,
  nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Richard L. Hyde**    richard@amintalati.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com,
  omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**    bleyva@mayerbrown.com,
  2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**    gmoses@venable.com,
  cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**    rpinkston@seyfarth.com,
  jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@s
  eyfarth.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Kevin Alan Rogers**    krogers@wellsmar.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott3@bclplaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**    Mstotaro@aol.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
  6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com

4869-5449-9986

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**