Melissa A. Wilkes, Esq.
8888 Keystone Crossing Pkwy., Ste. 300
Indianapolis, IN 46240
Telephone No (765) 299-0427
mwilkes@mwilkeslaw.com

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, | Chapter 11 |
| Debtor. | **AMENDED MOTION BY CREDITOR** |
| **MELISSA** | **WILKES FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |

Creditor, Melissa Wilkes ("Wilkes"), through her own representation, files this *Amended* Motion

for Allowance and Payment of an Administrative Expense Claim under 11 U.S.C. § 503 for post-

petition attorney services rendered to clients of the Litigation Practice Group ("LPG"). In support

thereof, Wilkes relies upon the Affidavit of Melissa Wilkes, attached hereto as **Exhibit A** (the

"Wilkes Affidavit") and in support, states as follows:

## I.    INTRODUCTION

Wilkes's administrative claim stems from the post-petition representation of LPG clients that

she provided which directly and substantially benefited the Estate. Wilkes has not received

compensation for said work, though a significant benefit was conferred upon the Estate,

prompting the filing of this Motion.

## II.    STATEMENT OF FACTS

On March 20, 2023, the Debtor filed for voluntary relief under chapter 11 of Title 11 of the

United States Code (the "Case"). The deadline for filing an administrative claim arising after

DocuSign Envelope ID: 841D67B5-9194-4FA4-9251-BC287FA215DD

March 20, 2023, to and including August 2, 2023, is November 21, 2023.

 Shortly after the bankruptcy was filed, LPG stopped paying Wilkes's wages. Pursuant to the attached employment agreement, Wilkes was making $170,000 per year. Per the contract, Wilkes's salary was increased from $150,000 to $170,000 once she become licensed in Wisconsin in May of 2022. Wilkes did not receive a payment from LPG after March 20, 2023. As a result, Wilkes is entitled to the sum of $59,500.35 (which is equal to 91 days), see contract, attached hereto as **Exhibit A**.  Wilkes continued to represent LPG clients and be available but was never compensated.

### III. ARGUMENT

### Wilkes's Claim is Allowable Under the Bankruptcy Code

 The Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate including…services rendered after the commencement of the case" shall be allowed as an administrative expense. 11 U.S.C. §503(b)(1)(A)(i). Further, Section § 507(a)(2) provides that said claims have priority. 11 U.S.C. § 507(a)(2). A request for priority payment of an administrative expense pursuant to 503(b) qualifies under two (2) circumstances: arose post-petition and directly benefited the estate. *In re Machevsky*, 637 B.R. 510, 524 (Bankr. C.D. Cal. 2021) (citing) *In re Abercrombie*, 139 F. 3d 755, 756-57 (9th Cir. 1998).

 The cases that Wilkes continued working on were cases which Litigation Practice Group assigned to her post-petition. Further, the LPG clients continued to receive the benefit of legal counsel, per their Legal Services Agreement with LPG, despite the fact that no compensation was provided. Additionally, most former LPG Attorneys were not servicing clients due to the lack of payment. During the turbulent time that clients and former LPG employees experienced during the aftermath of the bankruptcy, the clients that Wilkes represented had at least a point of contact who was able to assist them with the assigned lawsuits. Value was provided to the Estate on a post-petition basis. Therefore, the Court should allow the administrative expense claim.

### IV. CONCLUSION

 Wherefore, Creditor, Wilkes, respectfully request the Court enter to: 1. Grant this Motion, 2. Allow and authorize Wilkes an administrative expense claim in the amount of $59,500.35  3. Direct the immediate payment of the claim to Wilkes, and 4. For any other further relief the

DocuSign Envelope ID: 84106ZB5-9194-4FA4-9251-BC297FA215DD

Court deems proper and just.


Dated: November 21, 2023                    Respectfully submitted,

                                            By:   /s/ Melissa A. Wilkes
                                            Melissa A. Wilkes, Esq.

# EXHIBIT A

### AFFIDAVIT OF MELISSA WILKES

I, Melissa Wilkes, declare as follows:

1.  I am the creditor of the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("LPG"). I know each of the following facts to be true based upon my personal knowledge, except as otherwise stated, and, if needed, I would competently be able to testify with respect thereto. I make this declaration in support of the Motion for Allowance and Payment of Administrative Claim.

2.  On March 20, 2023, LPG filed for Chapter 11 relief, and the deadline for filing a request to allow an administrative claim arising at any time from the March 20, 2023, through and including August 4, 2023, is November 21, 2023.

3.  Wilkes performed legal services for LPG clients after the bankruptcy but did not receive wages for such.

4.  Wilkes has not been compensated for the work she performed on said client files.

5.  The clients that Wilkes represented continued to receive the benefit of legal representation even though LPG was going through bankruptcy.

6.  Wilkes is owed $59,500.35 for post petition legal services provided to LPG client. Wilkes believes the Estate will have more than sufficient funds to pay for said expenses, and that a clear benefit was received by LPG for the services provided by Wilkes to LPG.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of November, 2023, at Lafayette, IN.

_____

Melissa Wilkes, Esq.

# EXHIBIT A

# EMPLOYMENT CONTRACT

**THIS EMPLOYMENT CONTRACT (this "Agreement") dated this 30th day of August, 2021**

## BETWEEN:

The Litigation Practice Group PC
("LPG" or "Employer")

## - AND -

Melissa Wilkes
(the "Employee")

## BACKGROUND:

A. The Employer is of the opinion that the Employee has the necessary qualifications, experience and abilities to assist and benefit the Employer in its business.

B. The Employer desires to employ the Employee and the Employee has agreed to accept and enter such employment upon the terms and conditions set out in this Agreement.

C. Employer and Employee agree that to the extent any term provided herein is inconsistent with the rules promulgated by any Bar to which Employee is admitted, including but not limited to the applicable Rule of Professional Conduct of such Bar, such rules shall govern and any contrary term herein shall be null and void. All remaining terms of this Agreement shall remain in full force and effect notwithstanding such revision to comply with State Bar rules applicable to Employee.

**IN CONSIDERATION OF** the matters described above and of the mutual benefits and obligations set forth in this Agreement, the receipt and sufficiency of which consideration is hereby acknowledged, the parties to this Agreement agree as follows:

Commencement Date and Term

1. The Employee will commence employment with the Employer on the __st day of September, 2021 (the "Commencement Date").

2. Subject to termination as provided in this Agreement, the Employee's position has an indefinite duration. Employer and Employee will review the compensation terms of this Agreement on a yearly basis during the month of September, beginning in September of 2022. . The parties acknowledge that various provisions of this Agreement survive past termination of employment. The position carries a 90 day probation period from commencement during which either side may terminate this relationship without cause. Employee agrees to apply for admission to four additional jurisdictions to which she is not yet admitted to practice law after one (1) full year of employment.. Employee shall proceed in good faith, but Employer agrees that Employee cannot control admission to any jurisdiction, and this offer of employment is conditioned only upon proof of application to four additional jurisdictions, not admission thereto. The states to which Employee shall seek admission are Minnesota, North Dakota, South Dakota and Iowa. Upon successful admission to an additional jurisdiction, Employee shall be compensated an additional $20,000.00 per year per additional license.

Job Title and Description

3. The initial job title of the Employee will be the following: Associate Attorney. The initial job duties the Employee will be expected to perform will be the following:

> Associate attorneys are required to bill 1800 hours per year on matters originated by LPG. Associate attorneys are expected to bill for every activity performed on behalf of LPG without regard to whether the activity was approved by LPG and without regard to whether LPG will be able to or does bill clients for the activity. Associate attorneys receive full credit for all hours billed regardless of whether those hours result in an invoice to clients, any revenue of any kind, or otherwise. Associate attorneys are expected to act in good faith in connection with billing and shall act in accordance with the Rules of Professional Conduct applicable to the practice of law at all times. There are no expectations regarding weekly or monthly billing, nor the location at which hours are billed, but the total annual number of hours billed must meet the 1800 hour requirement. A failure to meet the 1800 hour requirement will not affect compensation for the term of this employment agreement, but will be considered in determining whether future employment

DocuSign Envelope ID: 84106ZB5-9194-4FA4-9251-BC287FA245DD

offers beyond the initial one year term are extended.  Employee shall maintain a time log and submit the same on the last day of each calendar month using a spreadsheet provided by Employer.

4. The Employee agrees to be employed on the terms and conditions set out in this Agreement. The Employee agrees to be subject to the general supervision of and act pursuant to the orders, advice and direction of the Employer.

5. The Employee will perform any and all duties as requested by the Employer that are reasonable and that are customarily performed by a person holding a similar position in the industry or business of the Employer.  If Employee does not feel comfortable completing a task based on his ability to perform in accordance with the standards required of attorneys licensed to practice in the State(s) Employee is licensed in, Employee shall so indicate in writing when declining the complete such activity.  No adverse consequence shall befall Employee for refusing to complete a task on this basis.

6. The Employer may make changes to the job title or duties of the Employee where the changes would be considered reasonable for a similar position in the industry or business of the Employer. The Employee's job title or duties may be changed by agreement and with the approval of both the Employee and the Employer or after a notice period required under law.

7. The Employee agrees to abide by the Employer's rules, regulations, policies and practices, including those concerning work schedules, vacation and sick leave, as they may from time to time be adopted or modified.

Employee Compensation

8. Compensation paid to the Employee for the services rendered by the Employee as required by this Agreement (the "Compensation") shall consist of a salary of $11,000.00 (USD) per month for the first three months of Employee's employment, at which time her compensation shall increase to $12,500.00 per month for the duration of this contract term.  Employee will also be paid the compensation set forth in Paragraph 11 below. Compensation is subject to periodic revision and may be increased at any time at the discretion of LPG.

9. This Compensation will be payable on a bi-weekly basis unless alternatively agreed to in writing by both parties. The Employer is entitled to deduct from the Employee's Compensation, or from any other compensation in whatever form, any applicable deductions and remittances as required by law.

10. The Employee understands and agrees that any additional remuneration paid to the Employee in the form of bonuses or other similar incentive remuneration will rest in the sole discretion of the Employer and that the Employee will not earn or accrue any right to incentive remuneration by reason of the Employee's employment.

11. The Employee will be paid for any hours beyond 1800 at a rate of $50.00 for every hour billed above 1800 aggregate hours.  Employee's year concludes September __, 2022.

12. The Employer will reimburse the Employee for all reasonable expenses, in accordance with the Employer's lawful policies as in effect from time to time, including but not limited to, any travel and related expenses incurred by the Employee in connection with the business of the Employer. Expenses will be paid within a reasonable time after submission of acceptable supporting documentation.  Such requests shall be submitted via email to admin@lpglaw.com.

13. Employer will pay for and provide a Legal Assistant and paralegal to Employee. The Legal Assistant and Paralegal will be chosen by the Employee, and Employer will agree to provide a salary of $_____ to a Legal Assistant, as well as benefits, and a salary of $_____ to a Paralegal, as well as benefits.

Place of Work

14. The Employee shall be provided office space, but may choose to work from home provided Employee believes his work could be completed in such an environment. The Legal Assistant and Paralegal will be allowed to work remotely.  Employee shall be expected to be in the office on dates and times requested by LPG, which requests shall be made reasonably in advance of such meeting so as to allow Employee to adequately plan and prepare for such meeting.  Employee shall be permitted to work from home at all other times, without limitation.

Vacation

DocuSign Envelope ID: 84106ZB5-9194-4FA4-9254-BC287FA245DD

15. The Employee has no limitation regarding the number of vacation or sick days taken during the year, provided Employee bills a total of 1800 hours during the 12 month term of this employment agreement and the Employee is responsive to requests from LPG and completion of tasks assigned by LPG. If Employee anticipates being unavailable for any extended period of time, Employee shall notify LPG by email to admin@lpglaw.com.

Conflict of Interest

16. During the term of the Employee's active employment with the Employer, it is understood and agreed that Employee may solicit business and pursue clients without regard to any conflict of interest with LPG. However, Employee shall not agree to any representation of any client without first confirming independently or with LPG that no conflict of interest exists between such client and LPG. This procedure for eliminating any possible conflict of interests is required by LPG's malpractice insurance policy and the Professional Rules of Conduct applicable to attorneys admitted to practice in the State of California.

Confidential Information (to the extent not inconsistent with the requirements promulgated by the California State Bar or any other State Bar to which Employee is a member)

17. The Employee acknowledges that, in any position the Employee may hold, in and as a result of the Employee's employment by the Employer, the Employee will, or may, be making use of, acquiring or adding to information which is confidential to the Employer (the "Confidential Information") and the Confidential Information is the exclusive property of the Employer.

18. The Confidential Information will include all data and information relating to the business and management of the Employer, including but not limited to, proprietary and trade secret technology and accounting records to which access is obtained by the Employee, including Work Product, Computer Software, Other Proprietary Data, Business Operations, Marketing and Development Operations, and Customer Information.

19. The Confidential Information will also include any information that has been disclosed by a third party to the Employer and is governed by a non-disclosure agreement entered

into between that third party and the Employer.

20. The Confidential Information will not include information that:

    a. Is generally known in the industry of the Employer;

    b. Is now or subsequently becomes generally available to the public through no wrongful act of the Employee;

    c. Was rightfully in the possession of the Employee prior to the disclosure to the Employee by the Employer;

    d. Is independently created by the Employee without direct or indirect use of the Confidential Information;

    e. The Employee rightfully obtains from a third party who has the right to transfer or disclose it; or

    f. Relates to matters originated by Employee consistent with paragraph 48.

21. The Confidential Information will also not include anything developed or produced by the Employee during the Employee's term of employment with the Employer, including but not limited to, any intellectual property, process, design, development, creation, research, invention, know-how, trade name, trade-mark or copyright that:

    a. Was developed without the use of equipment, supplies, facility or Confidential Information of the Employer;

    b. Was developed entirely on the Employee's own time;

    c. Does not result from any work performed by the Employee for the Employer; and

    d. Does not relate to any actual or reasonably anticipated business opportunity of the Employer; or

    e. Relates to matters originated by Employee consistent with paragraph 48.

Duties and Obligations Concerning Confidential Information

22. The Employee agrees that a material term of the Employee's contract with the Employer is to keep all Confidential Information absolutely confidential and protect its release from the public. The Employee agrees not to divulge, reveal, report or use, for any purpose, any of the Confidential Information which the Employee has obtained or which was disclosed to the Employee by the Employer as a result of the Employee's employment by the Employer. The Employee agrees that if there is any question as to such disclosure then the Employee will seek out senior management of the Employer prior to making any disclosure of the Employer's information that may be covered by this Agreement.

23. The Employee agrees and acknowledges that the Confidential Information is of a proprietary and confidential nature and that any disclosure of the Confidential Information to a third party in breach of this Agreement cannot be reasonably or adequately compensated for in money damages, would cause irreparable injury to Employer, would gravely affect the effective and successful conduct of the Employer's business and goodwill, and would be a material breach of this Agreement.

24. The obligations to ensure and protect the confidentiality of the Confidential Information imposed on the Employee in this Agreement and any obligations to provide notice under this Agreement will survive the expiration or termination, as the case may be, of this Agreement and will continue for five (5) years from the date of such expiration or termination, except in the case of any Confidential Information which is a trade secret in which case those obligations will last indefinitely.

25. The Employee may disclose any of the Confidential Information:

    a. To a third party where Employer has consented in writing to such disclosure; or

    b. To the extent required by law or by the request or requirement of any judicial, legislative, administrative or other governmental body after providing reasonable prior notice to the Employer.

26. If the Employee loses or makes unauthorized disclosure of any of the Confidential Information, the Employee will immediately notify the Employer and take all reasonable

steps necessary to retrieve the lost or improperly disclosed Confidential Information.

Ownership and Title to Confidential Information

27. The Employee acknowledges and agrees that all rights, title and interest in any Confidential Information will remain the exclusive property of the Employer. Accordingly, the Employee specifically agrees and acknowledges that the Employee  will have no interest in the Confidential Information, including, without limitation, no interest in know-how, copyright, trade-marks or trade names, notwithstanding the fact that the Employee may have created or contributed to the creation of the Confidential Information.

28. The Employee waives any moral rights that the Employee may have with respect to the Confidential Information.

29. The Employee agrees to immediately disclose to the Employer all Confidential Information developed in whole or in part by the Employee during the Employee's term of employment with the Employer and to assign to the Employer any right, title or interest the Employee may have in the Confidential Information. The Employee agrees to execute any instruments and to do all other things reasonably requested by the Employer, both during and after the Employee's employment with the Employer, in order to vest more fully in the Employer all ownership rights in those items transferred by the Employee to the Employer.

Return of Confidential Information

30. The Employee agrees that, upon request of the Employer or upon termination or expiration, as the case may be, of this employment, the Employee will turn over to the Employer all Confidential Information belonging to the Employer, including but not limited to, all documents, plans, specifications, disks or other computer media, as well as any duplicates or backups made of that Confidential Information in whatever form or media, in the possession or control of the Employee that:

    a. May contain or be derived from ideas, concepts, creations, or trade secrets and other proprietary and Confidential Information as defined in this Agreement; or

b. Is connected with or derived from the Employee's employment with the Employer.

Contract Binding Authority

31. Notwithstanding any other term or condition expressed or implied in this Agreement to the contrary, the Employee will not have the authority to enter into any contracts or commitments for or on the behalf of the Employer without first obtaining the express written consent of the Employer.

Termination Due to Discontinuance of Business

32. Notwithstanding any other term or condition expressed or implied in this Agreement, in the event that the Employer will discontinue operating its business, then, at the Employer's sole option, and as permitted by law, this Agreement will terminate as of the last day of the month in which the Employer ceases operations at such location with the same force and effect as if such last day of the month were originally set as the Termination Date of this Agreement.

Termination of Employment

33. Where there is just cause for termination, the Employer may terminate the Employee's employment without notice, as permitted by law.

34. The Employee and the Employer agree that reasonable and sufficient notice of termination of employment by the Employer is the greater of four (4) weeks or any minimum notice required by law.

35. If the Employee wishes to terminate this employment with the Employer, the Employee will provide the Employer with two (2) weeks notice of such intention.

36. The Termination Date specified by either the Employee or the Employer may expire on any day of the month and upon the Termination Date the Employer will forthwith pay to the Employee any outstanding portion of the compensation.

37. Once notice has been given by either party for any reason, the Employee and the

DocuSign Envelope ID: 84106?B5-9194-4FA4-9251-BC297FA215DD

Employer agree to execute their duties and obligations under this Agreement diligently and in good faith through to the end of the notice period. The Employer may not make any changes to compensation or any other term or condition of this Agreement between the time termination notice is given through to the end of the notice period.

Remedies

38. In the event of a breach or threatened breach by the Employee of any of the provisions of this Agreement, the Employee agrees that the Employer is entitled to a permanent injunction, in addition to and not in limitation of any other rights and remedies available to the Employer at law or in equity, in order to prevent or restrain any such breach by the Employee or by the Employee's partners, agents, representatives, servants, employees, and/or any and all persons directly or indirectly acting for or with the Employee.

Severability

39. The Employer and the Employee acknowledge that this Agreement is reasonable, valid and enforceable. However, if any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be changed in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

Notices

40. Any notices, deliveries, requests, demands or other communications required here will be deemed to be completed when sent to the following email address:

- Employer:

  Name:           The Litigation Practice Group PC

  admin@lpglaw.com
- Employee:

  Name:           Melissa Wilkes

  melissa.wilkes@comcast.net

DocuSign Envelope ID: 841067B5-9194-4FA4-9251-BC287FA215DD

### Modification of Agreement

41. Any amendment or modification of this Agreement or additional obligation assumed by either party in connection with this Agreement will only be binding if evidenced in writing signed by each party or an authorized representative of each party.


### Additional Terms

42. Associate attorneys are covered through LPG's malpractice insurance policy.  Employee shall not be responsible for any premium or deductible due under this policy regardless of the event or circumstance giving rise to the premium or deductible.


43. Associate attorneys are provided a laptop computer at no cost for use during the duration of their tenure at LPG.  In the event the attorney leaves the firm for any reason, the laptop must be returned to the firm without exception or limitation.  The use of the  laptop during the duration of the associate attorney's tenure at LPG is unrestricted, and the associate attorney's privacy will be respected.  The associate attorney is expected to delete and any all private information from the laptop prior to returning the same to  LPG, but shall not delete any information related to any current, past or future representation at the time the laptop is returned.


44. Medical, dental, vision, or other insurance benefits are being provided to employees of LPG.  Employee shall cooperate in completing all requirements necessary to acquire insurance coverage.  Employee shall be entitled to benefits 60 days after the commencement of her employment.


45. Marketing costs for LPG matters shall be borne exclusively by LPG, including but not limited to business cards, the use of online advertising, the maintenance of a website, and any other print or radio advertising designed to generate cases for LPG.  In contrast, for any matter Employee seeks to originate, the revenue from which will be given entirely to Employee, Employee shall bear the cost of such marketing and shall have creative license to choose where and how to engage in such marketing.  LPG shall not  be responsible for the cost of any marketing designed to generate business for  Employee.

46. Associate attorneys are permitted to originate their own cases and will receive 10% of the compensation generated from such cases.  Associate attorneys shall identify in writing any case that they are responsible for bringing to the firm.  This means that any and all revenue generated from such cases shall pass through LPG to the associate attorney without the deduction of any fees or costs of any kind.  The fees will be passed through to the associate attorney by way of a Form 1099-MISC.  The associate attorney shall be responsible for reporting and paying any and all tax liabilities that may flow from the revenue generated from such originated work. Employer agrees to treat information relating to matters the Employee originates as Employee's Confidential Information in a like manner to that which Employee has agreed to treat Employer's Confidential Information herein.

Bar Dues

47. LPG agrees to pay any and all dues/fees for any State Bar to which Employee is admitted for the year 2021 and 2022.  Employee is expected to maintain a license in good standing with the State Bar of Indiana, Michigan and Ohio.  LPG further agrees to pay a stipend of $3,000.00 for any additional state bar to which Employee becomes admitted during the term of her employment with LPG, without limitation.  LPG will also pay all fees and costs associated with the process of being admitted to any State for Federal Bar. The $3,000.00 stipend is in addition to any fees associated with he application and admission, including any course necessary to take any exam required for admission.

Governing Law

48. This Agreement will be construed in accordance with and governed by the laws of the state of California.

Definitions

49. For the purpose of this Agreement the following definitions will apply:
    a. 'Work Product' means work product information, including but not limited to, work product resulting from or related to work or projects performed or to be performed for the Employer or for clients of the Employer, of any type or form in any stage of actual or anticipated research and development.

b. 'Computer Software' means computer software resulting from or related to work or projects performed or to be performed for the Employer or for clients of the Employer, of any type or form in any stage of actual or anticipated research and development, including but not limited to, programs and program modules, routines and subroutines, processes, algorithms, design concepts, design specifications (design notes, annotations, documentation, flowcharts, coding sheets, and the like), source code, object code and load modules, programming, program patches and system designs.

c. 'Other Proprietary Data' means information relating to the Employer's proprietary rights prior to any public disclosure of such information, including but not limited to, the nature of the proprietary rights, production data, technical and engineering data, test data and test results, the status and details of research and development of products and services, and information regarding acquiring, protecting, enforcing and licensing proprietary rights (including patents, copyrights and trade secrets).

d. 'Business Operations' means operational information, including but not limited to, internal personnel and financial information, vendor names and other vendor information (including vendor characteristics, services and agreements), purchasing and internal cost information, internal services and operational manuals, and the manner and methods of conducting the Employer's business.

e. 'Marketing and Development Operations' means marketing and development information, including but not limited to, marketing and development plans, price and cost data, price and fee amounts, pricing and billing policies, quoting procedures, marketing techniques and methods of obtaining business, forecasts and forecast assumptions and volumes, and future plans and potential strategies of the Employer which have been or are being considered.

f. 'Customer Information' means customer information, including but not limited to, names of customers and their representatives, contracts and their contents and parties, customer services, data provided by customers and the type, quantity and specifications of products and services purchased, leased, licensed or received by customers of the Employer.

DocuSign Envelope ID: 84106ZB5-9194-4FA4-9251-BC287FA215DD

g. 'Termination Date' means the date specified in this Agreement or in a subsequent notice by either the Employee or the Employer to be the last day of employment under this Agreement. The parties acknowledge that various provisions of this Agreement will survive the Termination Date.

General Provisions

50. Time is of the essence in this Agreement.

51. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

52. No failure or delay by either party to this Agreement in exercising any power, right or privilege provided in this Agreement will operate as a waiver, nor will any single or partial exercise of such rights, powers or privileges preclude any further exercise of them or the exercise of any other right, power or privilege provided in this Agreement.

53. This Agreement will inure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns, as the case may be, of the Employer and the Employee.

54. This Agreement may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

55. If, at the time of execution of this Agreement, there is a pre-existing employment agreement still in effect between the parties to this Agreement, then in consideration of and as a condition of the parties entering into this Agreement and other valuable consideration, the receipt and sufficiency of which consideration is acknowledged, this Agreement will supersede any and all pre-existing employment agreements between the Employer and the Employee. Any duties, obligations and liabilities still in effect from any pre-existing employment agreement are void and no longer enforceable after execution of this Agreement.

56. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or written. The parties to this Agreement stipulate that neither of them has made any representations with respect to the subject matter of this Agreement except such representations as are specifically set forth in this Agreement.

IN WITNESS WHEREOF, the parties have duly affixed their signatures under hand and seal on this 30th day of August, 2021.

## EMPLOYER:

_____

Daniel S. March

**Managing Shareholder, The Litigation Practice Group PC**

**EMPLOYEE:**

DocuSigned by:

_____

0B044D55CC87467...

14

# EXHIBIT B

### AFFIDAVIT OF MELISSA WILKES

I, Melissa Wilkes, declare as follows:

1. I am the creditor of the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("LPG"). I know each of the following facts to be true based upon my personal knowledge, except as otherwise stated, and, if needed, I would competently be able to testify with respect thereto. I make this declaration in support of the Motion for Allowance and Payment of Administrative Claim.

2. On March 20, 2023, LPG filed for Chapter 11 relief, and the deadline for filing a request to allow an administrative claim arising at any time from the March 20, 2023, through and including August 4, 2023, is November 21, 2023.

3. Wilkes performed legal services for LPG clients after the bankruptcy but did not receive wages for such.

4. Wilkes has not been compensated for the work she performed on said client files.

5. The clients that Wilkes represented continued to receive the benefit of legal representation even though LPG was going through bankruptcy.

6. Wilkes is owed $59,500.35 for post petition legal services provided to LPG client. Wilkes believes the Estate will have more than sufficient funds to pay for said expenses, and that a clear benefit was received by LPG for the services provided by Wilkes to LPG.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of November, 2023, at Lafayette, IN.

Melissa Wilkes, Esq.

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 8888 Keystone Crossing Parkway, Suite 1300, Indianapolis, IN 46240.

A true and correct copy of the foregoing document entitled (*specify*): **Motion by Melissa Wilkes for Allowance and Payment of Administrative Expense Claim (a)** on the judge in chambers in the form and manner required by LBR 5005- 2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 17, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

17

| 11/17/2023 | Melissa A. Wilkes, Esq. | /s/ Melissa A. Wilkes, Esq. |
|------------|-------------------------|------------------------------|
| Date | Printed Name | Signature |

**8:23-bk-10571-SC Notice will be electronically mailed to:**

Eric Bensamochan on behalf of Creditor Affirma,
LLC eric@eblawfirm.us,
G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford
Knox, LLC eric@eblawfirm.us,
G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party
Courtesy NEF eric@eblawfirm.us,
G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party
Eric Bensamochan eric@eblawfirm.us,
G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A
Marshack (TR) peter.bowie@dinsmore.com,
caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive
Center, Inc. ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff
Richard A. Marshack
christopher.celentino@dinsmore.com,
caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested
Party Courtesy NEF cmcintire@buchalter.com,
schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall
Baldwin Clark rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com,
jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com,
jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com,
danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
Daniel A Edelman on behalf of Creditor Carolyn
Beech dedelman@edcombs.com,
courtecl@edcombs.com

William P Fennell on behalf of Creditor Validation
Partners LLC william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.
cwalinski@fen nelllaw.com;samantha.larimer@fennelllaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo
@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo
@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe,
Inc. eric.goldberg@dlapiper.com, eric-goldberg-
1103@ecf.pacerpro.com

19

Jeffrey I Golden on behalf of Creditor Affirma,
LLC jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;g
olden.jeffreyi.b 117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena
Management, LLC jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;g
olden.jeffreyi.b 117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey
Club, LLC jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;g
olden.jeffreyi.b 117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford
Knox, LLC jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;g
olden.jeffreyi.b 117954@notify.bestcase.com


Jeffrey I Golden on behalf of Interested Party
Courtesy NEF jgolden@go2.law,

kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;g
olden.jeffreyi.b 117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II,
LLC rgolubow@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party
Courtesy NEF ehays@marshackhays.com,

ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmen
doza@ecf.cour tdrive.com

D Edward Hays on behalf of Trustee Richard A
Marshack (TR) ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmen
doza@ecf.cour tdrive.com

Alan Craig Hochheiser on behalf of Creditor City
Capital NY ahochheiser@mauricewutscher.com,
arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II,
LLC ghollander@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard L. Hyde on behalf of Interested Party
Courtesy NEF richard@amintalati.com

Razmig Izakelian on behalf of Creditor OHP-CDR,
LP razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR,
LP razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC


razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Attorney Khang &
Khang LLP joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group
P.C. joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants
Committee ikharasch@pszjlaw.com

21

Ira David Kharasch on behalf of Interested Party
Courtesy NEF ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law
Group mking@fsl.law,
ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party
Courtesy NEF mking@fsl.law,
ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured
Creditors nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich
Bein, LLC David.Kupetz@lockelord.com,
mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party
Courtesy NEF David.Kupetz@lockelord.com,
mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123
@casedriver.com

Matthew A Lesnick on behalf of Defendant OptimumBank
Holdings, Inc. matt@lesnickprince.com,
matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group,
PC daniel.lev@gmlaw.com,
cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com,
cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal
Group, P.C. daniel.lev@gmlaw.com,
cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com,

22

cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty
Acquisitions Group Inc. daniel.lev@gmlaw.com,
cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party
Revolv3, Inc. bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt,
PLLC mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant
Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com,
caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard
A. Marshack Yosina.Lissebeck@Dinsmore.com,
caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard
A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com,
caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura
Capital Group mbl@kpclegal.com,
kad@kpclegal.com

Kathleen P March on behalf of Defendant Greyson Law Center
PC kmarch@bkylawfirm.com,
kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com,
kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com,
kmarch3@sbcglobal.net,kmarch@sbcglobal.net

23

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee
(SA) Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party
Byron Moldo bmoldo@ecjlaw.com,
amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party
Courtesy NEF anahmias@mbn.law,
jdale@mbn.law

Victoria Newmark on behalf of Interested Party
Courtesy NEF vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United
States Trustee (SA) queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Douglas A Plazak on behalf of Defendant Scott
James Eadie dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi
Capital, LLC dhr@lnbyg.com,
dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng
Taing dhr@lnbyg.com,
dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal
Group, PC ron@ronaldrichards.com,
7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested
Party Courtesy NEF
ron@ronaldrichards.com,
7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Creditor Mari
Agape gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party
Courtesy NEF gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital
LLC olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital
LLC olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A.
Marshack jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A
Marshack (TR) jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R.
Shankman PShankman@fortislaw.com,
info@fortislaw.com

Paul R Shankman on behalf of Creditor United
Partnerships, LLC PShankman@fortislaw.com,
info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel
& Krasnoff LLP zs@DanningGill.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

25

Zev Shechtman on behalf of Interested Party Morning Law
Group, P.C. zs@DanningGill.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee
(SA) leslie.skorheim@usdoj.gov

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com,   pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx,
Inc. astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy
NEF astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief
Group, LLC JWhite@wrslawyers.com,
jlee@wrslawyers.com

Johnny White on behalf of Interested Party
Courtesy NEF JWhite@wrslawyers.com,
jlee@wrslawyers.com

26

27