QUINN EMANUEL URQUHART & SULLIVAN LLP
Eric D. Winston (SBN 202407)
ericwinston@quinnemanuel.com
Jeremy D. Andersen (SBN 227287)
jeremyandersen@quinnemanuel.com
Razmig Y. Izakelian (SBN  292137)
razmigizakelian@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for OHP-CDR, LP and PurchaseCo 80, LLC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **OPPOSITION TO TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO APPROVE COMPROMISE WITH AZZURE CAPITAL LLC** |
| | **Hearing Date and Time** |
| | Date: December 13, 2023 |
| | Time: 1:30 p.m. |
| | Location:  Courtroom 5C and *Via ZoomGov* |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION .................................................................................................1

II.   BRIEF STATEMENT OF RELEVANT FACTS ................................................2

    A.    LPG's Business .........................................................................................2

    B.    Ownership of the Receivables and the Lien ..............................................3

    C.    Azzure's Claim ..........................................................................................4

    D.    The Azzure Compromise Motion ...............................................................4

    E.    The Cobalt 2004 Motion ............................................................................5

III.  LEGAL STANDARD ..........................................................................................6

IV.   ARGUMENT ........................................................................................................8

    A.    The Trustee Cannot Satisfy The Standards Of FRCP 59(e) Because There
        Was No Error By The Court, Let Alone A Manifest Error Of Law Or Fact ............8

    B.    The Court Cannot Approve The Agreement Because It Cannot Modify Its
        Terms ........................................................................................................12

    C.    The Trustee's Preclusion Arguments Are Contradicted by the Trustee's
        Previous Positions, And Do Not Justify An Immediate Payment To Azzure
        Or Findings About The Date Of Perfection ...............................................13

V.    CONCLUSION ...................................................................................................14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
    99 F.R.D. 99 (E.D. Va.1983) ................................................................. 7

*Allstate Ins. Co. v. Herron*,
    634 F.3d 1101 (9th Cir. 2011) ............................................................... 7

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,
    248 F.3d 892 (9th Cir. 2001) ................................................................. 6

*In re Anderson*,
    511 B.R. 481 (Bankr. S.D. Ohio 2013) ................................................. 14

*Backlund v. Barnhart*,
    778 F.2d 1386 (9th Cir. 1985) ............................................................... 7

*Bear v. Coben (In re Golden Plan)*,
    829 F.2d 705 (9th Cir.1986) ................................................................. 12

*Boon Rawd Trading Inter. Co. v Paleewong Trading Co.*,
    2011 WL 1627981 (N.D. Cal. 2011) ...................................................... 7

*In re Bridge Info. Sys., Inc.*,
    288 B.R. 548 (Bankr. E.D. Mo. 2001) ................................................... 12

*In re Captain Blythers, Inc.*,
    311 B.R. 530 (B.A.P. 9th Cir. 2004) ...................................................... 6

*Carroll v. Nakatani*,
    342 F.3d 934 (9th Cir. 2003) ................................................................. 7

*Casey v. Albertson's Inc.*,
    362 F.3d 1254 (9th Cir. 2004) ............................................................... 7

*In re Continental Airlines Corp.*,
    907 F.2d 1500 (5th Cir. 1990) .............................................................. 12

*In re Contractor's Glass Co., Inc.*,
    152 B.R. 270 (Bankr. W.D. Ark. 1992) ................................................. 12

*Costello v. United States Gov't*,
    765 F. Supp. 1003 (C.D. Cal. 1991) ................................................. 7, 14

*In re Dominelli*,
   820 F.2d 313 (9th Cir. 1987) .................................................................................. 13

*Exxon Shipping Co. v. Baker*,
   554 U.S. 471 (2008) ...................................................................................... 7, 13

*First Bank Billings v. Feterl Mfg. Co. (In re Parker Montana Co.)*,
   47 B.R. 419 (D. Mont. 1985) ............................................................................... 14

*Hamilton Capital VII, LLC, I v. Khorrami, LLP*,
   2015 WL 4920281 (N.Y. Sup. Ct. Aug. 17, 2015) ................................................. 3

*Henry Ansbacher & Co. v. Klebanow*,
   362 F.2d 569 (2d Cir. 1966) ................................................................................. 14

*In re Hunt*,
   2014 WL 1229647 (B.A.P. 9th Cir. 2014) ......................................................... 8, 14

*Kelly, Grossman & Flanagan, LLP v. Quick Cash, Inc.*,
   2012 WL 1087341 (N.Y. Sup. Ct. Mar. 29, 2012) ................................................. 3

*Kona Enters., Inc. v. Estate of Bishop*,
   229 F.3d 877 (9th Cir. 2000) .................................................................................. 7

*Lawsuit Funding, LLC v. Lessoff*,
   2013 WL 6409971 (N.Y. Sup. Ct. Dec. 4, 2013) ................................................... 3

*In re Loloee*,
   241 B.R. 655 (B.A.P. 9th Cir. 1999) ................................................................... 12

*McDowell v. Calderon*,
   197 F.3d 1253 (9th Cir. 1999) (per curiam) ......................................................... 7

*In re Medomak Canning*,
   922 F.2d 895 (1st Cir. 1990) ................................................................................ 11

*In re Oak Park Calabasas Condo. Ass'n*,
   302 B.R. 682 (Bankr. C.D. Cal. 2003) .................................................................. 8

*Padilla v. Evans*,
   2008 WL 144694 (N.D. Cal. 2008) ....................................................................... 7

*In re Perry*,
   2013 WL 3369310 (B.A.P. 9th Cir. 2013) ............................................................. 6

*Prudential Prop. & Cas. Ins. Co. v. Lillard-Roberts*,
   2002 WL 31974401 (D. Or. 2002) ........................................................................ 7

*In re Reinertson*,
   241 B.R. 451 (B.A.P. 9th Cir. 1999) ..................................................................... 7

*In re Savidge*,
  57 B.R. 389 (D. Del. 1985) .................................................................................. 14

*In re Video Cassette Games, Inc.*,
  108 B.R. 347 (Bankr. N.D. Ga. 1989) ................................................................. 14

*Weeks v. Bayer*,
  246 F.3d 1231 (9th Cir. 2001) ............................................................................... 7

*In re Wylie*,
  349 B.R. 204 (B.A.P. 9th Cir. 2006) ..................................................................... 6

## Statutes and Rules

11 U.S.C. § 105 ............................................................................................................ 12

11 U.S.C. § 544(a) ......................................................................................................... 4

Cal. Comm. Code § 9502 ............................................................................................. 10

## Other Authorities

Fed. Rule of Bankruptcy Proc. 2004 ............................................................................ 6

Fed. Rule of Bankruptcy Proc. 7001(2) ..................................................................... 12

Fed. Rule of Bankruptcy Proc. 9019 ............................................................ 2, 11, 12, 13

Fed. Rule of Bankruptcy Proc. 9023 ......................................................................... 6, 7

Fed. Rule of Bankruptcy Proc. 9024 ............................................................................ 6

Fed. Rule Civ. Proc. 59(e) ................................................................................. 6, 7, 8, 14

Fed. Rule Civ. Proc. 60(b) ......................................................................................... 6, 7

1    OHP-CDR, LP ("OHP-CDR") and PurchaseCo80, LLC ("PurchaseCo") file this opposition

2 ("Opposition") to the *Trustee's Motion for Reconsideration or Order Denying Motion to Approve*

3 *Compromise Between Trustee and Azzure Capital LLC* [ECF 611] ("Motion") filed by the chapter

4 11 trustee, Richard A. Marshack ("Trustee").[1]

5 **I.    INTRODUCTION**

6    On October 17, 2023, the Court entered an order denying the Trustee's motion to approve a

7 compromise with Azzure Capital, LLC ("Azzure").    The basis for the Court's order was

8 straightforward and uncontroversial: the Trustee had tried to shoehorn a finding that Azzure's lien

9 had first-priority into the settlement, even though other secured creditors with competing liens were

10 not parties to the settlement.  This order is indisputably correct, and consistent with long-standing

11 law that a trustee cannot compromise the rights of non-settling parties without their consent or

12 adjudication under the applicable rules of bankruptcy and civil procedure.

13    The Trustee now seeks reconsideration of the Court's order, asserting that the Court erred

14 because the Trustee was not seeking a priority finding.  The Trustee also argues that if approved,

15 the Settlement *might* not be binding on OHP-CDR and PurchaseCo.  The Trustee's arguments fail,

16 for five reasons.

17    ***First,*** the Trustee misstates the controlling legal standard.  To prevail, the Trustee must

18 demonstrate that the Court committed a "manifest" error, meaning that the Court completely

19 disregarded the controlling law or the credible evidence in the record.  The Trustee has identified

20 no such error.

21    ***Second***, the Trustee's argument that he is not seeking a priority finding is flatly contrary to

22 a multitude of his prior statements and arguments.  While the various statements and arguments are

23 set forth in detail below, one statement alone demonstrates that the Trustee sought a priority finding

24 and that the argument in his Motion is disingenuous.  In his reply in support of the motion to approve

25 the compromise with Azzure, the Trustee stated, in all caps and bold, that "**Approval of the**

26 **Agreement will Conclusively Establish the Priority of Azzure's Lien**."

27 ───────────────────────

28 [1]  All terms not defined herein have the meaning ascribed to them in the Motion.

-1-

1    **Third**, the Court did not err, under any standard of error, because long-standing law,

2    including a Circuit authority cited by the Trustee in his own Motion, demonstrates that bankruptcy

3    courts cannot resolve priority disputes among non-settling parties, which include the date of

4    perfection of competing liens, via Federal Rule of Bankruptcy Procedure 9019.

5    **Fourth**, the Motion must be denied because the settlement with Azzure included a provision

6    deciding that Azzure's lien had first priority.  Yet, the Trustee has now conceded that Azzure's lien

7    is not first priority.  The Court cannot judicially modify the terms of a settlement.  Because the

8    Trustee is no longer seeking a first priority finding, he must present a new settlement for approval.

9    **Fifth**, the Motion must be denied because the Trustee's argument that the settlement *might*

10   not be binding on other secured creditors is no different than the arguments he previously made that

11   he would have to establish the elements of res judicata or collateral estoppel.  Motions for

12   reconsideration are not vehicles to rehash arguments, or to make arguments that were previously

13   available.

14   For these reasons, the Court should deny the Motion.

15   **II.    BRIEF STATEMENT OF RELEVANT FACTS**

16   **A.    LPG's Business**

17   The Litigation Practice Group, P.C. ("LPG" or "Debtor") is a law firm that prepetition

18   provided consumer debt resolution.  Amended Complaint ¶ 50.[2]  LPG acquired clients through

19   "marketing affiliates," and in turn, "p[aid] the marketing affiliates a percentage of fees earned

20   through the debt resolution process."  *Id.* ¶ 55.  However, because "LPG and its marketing affiliates

21   receive[d] only incremental payments over a period of time, LPG [and the marketing affiliates]

22   would often sell the future cash flow at a discounted rate" to "factoring companies that b[ought] the

23   receivables on account of these files."  *Id.* ¶¶ 57-58.

24

25

26

27

28   [2]  "Amended Complaint" refers to the *Amended Complaint* filed by the Trustee on June 15, 2023
in *Marshack v. Diab et al.*, Adv. Pro. No. 8:23-ap-01046-SC, ECF 62.

**B.    Ownership of the Receivables and the Lien**

OHP-CDR[3] purchased a number of LPG's and affiliates' receivables through PurchaseCo. Pursuant to the September 1, 2022 Limited Liability Company Agreement of PurchaseCo80, LLC ("LLC Agreement"),[4] OHP-CDR contributed the "OHP Funding Capital," Agreement § 3.02, which was to be used to purchase both "Eligible Receivables," *id.* § 7.02(e)(i), and "Assigned Eligible Receivables," *id.* § 7.02(e)(ii).  Included in those receivables were a number (corresponding to about 10,201 files) acquired directly from LPG.[5]

In addition, OHP-CDR has a lien on substantially all of the Debtors' assets.  LPG agreed to unconditionally and irrevocably guaranteed payments of the OHP Funding Capital as a primary obligor.  Claim No. 44, Attachment ¶¶ 16-17 & Ex. C.  LPG also granted OHP-CDR a first priority security interest in all of its personal property to secure repayment of the "OHP Funding Capital," *id.* ¶ 15 & Ex. A, and OHP-CDR (then named OHP-LPG, LP) recorded a UCC-1 financing statement with the California Secretary of State on January 25, 2023, *id.* ¶ 15 & Ex. B.

The UCC-1 financing statement was recorded *before* Azzure's loan to LPG.  ECF 392 at 16 (reciting a February 7, 2023 loan from Azzure to LPG).  As of the petition date, LPG owed OHP-CDR at least $16,538,954, including $9,538,954 in outstanding "OHP Funding Capital."  *See* Claim No. 44, Attachment ¶ 3.

---

[3]  OHP-CDR was formerly known as OHP-LPG, LP.  *See* Claim No. 44, Attachment ¶ 2.

[4]  The LLC Agreement is attached to OHP-CDR's proof of claim.  Claim No. 44.

[5]  *See, e.g., Hamilton Capital VII, LLC, I v. Khorrami, LLP*, 2015 WL 4920281, at *4-5 (N.Y. Sup. Ct. Aug. 17, 2015) (rejecting argument that credit agreement was unenforceable where it required law firm to pay a percentage of its gross revenue to the lender, noting "[t]his is not an issue of first impression," and stating that "[p]roviding law firms access to investment capital where the investors are effectively betting on the success of the firm promotes the sound public policy of making justice accessible to all, regardless of wealth"); *Lawsuit Funding, LLC v. Lessoff*, 2013 WL 6409971, at *5 (N.Y. Sup. Ct. Dec. 4, 2013) (stating that "[t]he two New York cases involving lawsuit funding through the sale of an attorney's right to receive fees [upheld] the agreements," and holding that the sale of an attorney's right to receive fees did not violate New York Rules of Professional Conduct "and is not unenforceable as against public policy"); *Kelly, Grossman & Flanagan, LLP v. Quick Cash, Inc.*, 2012 WL 1087341, at *3 (N.Y. Sup. Ct. Mar. 29, 2012) (holding that a transaction between a law firm and an investor was not subject to usury laws because it was not a loan, but instead, was a transaction that "create[d] ownership interests in proceeds of claims" even if there were no such proceeds at that time).

### C. Azzure's Claim

On July 24, 2023, Azzure filed a proof of claim, asserting a secured claim of no less than $5,000,000, based on a note dated February 7, 2023 ("Azzure Note"). Claim No. 127. The Azzure Note provided that LPG and Tony Diab promise to pay Azzure $2.55 million, and charged an interest rate of 170% along with an origination fee of $50,000. ECF 392 at 26. From February 14, 2023 to March 9, 2023, LPG paid Azzure $640,000. Claim No. 127-1 at 15.

The Azzure Note also provided for a security interest. Azzure, however, did not file a UCC-1 financing statement, and therefore, any lien is avoidable pursuant to 11 U.S.C. § 544(a). Instead, it appears that an entity called BAE Enterprises, Inc. "assigned" its UCC-1 financing statement from May 28, 2021 ("BAE Financing Statement") to Azzure. ECF 392 at 96. The BAE Financing Statement appears to relate to an August 3, 2021 Cash Advance from Cobalt Funding Solutions ("Cobalt") to LPG. ECF 392 at 63. It appears that there was litigation between Cobalt Funding Solutions and LPG, and to resolve that litigation, the financing statement was transferred to BAE Enterprises, Inc. ECF 392 at 81. However, it does not appear that the underlying debt was transferred to BAE Enterprises, Inc. BAE Enterprises, Inc., on the same date as the Azzure Note, purported to transfer the BAE Financing Statement to Azzure. ECF 392 at 96.

### D. The Azzure Compromise Motion

On August 16, 2023, the Trustee filed a motion to approve a compromise with Azzure ("Compromise Motion"). ECF 392. The Compromise Motion stated that pursuant to the compromise, Azzure will have an allowed secured claim in the total amount $3.5 million, $1.9 million of which "shall be paid prior to the unsecured claims of all post-petition lenders that received super-administrative priority status," and $1.6 million of which shall be an unsecured claim. Compromise Motion at 5. The *Settlement Agreement and Release* ("Azzure Agreement") attached to the Motion further stated that Azzure's claim "is believed by the parties to be first-in-priority with respect to all of the Bankruptcy estate's debts and liabilities." ECF 392 at 17. The Motion did not state when the Trustee will pay Azzure the $1.9 million on account of the purported secured claim.

On August 30, 2023, OHP-CDR and PurchaseCo filed a limited objection to the Compromise Motion, ECF 470, explaining that while they did not generally object to the

compromise, the Compromise Motion was unclear as to whether it involved a priority finding or an immediate payment to Azzure, and that OHP-CDR and PurchaseCo objected to the extent that the Compromise Motion requested authority to pay Azzure before resolution of OHP-CDR's and PurchaseCo's secured claims and interests.  OHP-CDR and PurchaseCo also filed a complaint, initiating an adversary proceeding, to determine the priority of its lien as against Azzure, and seeking a declaratory judgment as to PurchaseCo's ownership interests.

The Trustee ("Compromise Reply") and Azzure filed replies, ECF 492, 493, and Fundura Capital Group later filed an objection to the extent the Compromise Motion requested a finding that Azzure's claim will be deemed a first priority lien.  ECF 499.

The Court held a hearing on September 13, 2023.  After hearing arguments, the Court indicated that it was going to grant the Compromise Motion.  On October 17, 2023, the Court entered an order denying the Compromise Motion ("Compromise Order"). ECF 581. It stated that the Azzure Agreement sought a finding that the Azzure is "determined to be the most senior in priority of Estate property," but held that this provision could not be approved because "OHP-CDR, PurchaseCo, and Fundura, were not made parties to the compromise, and if their rights, if any, are abrogated without their consent, the [Azzure] Agreement is not, in fact, fair and equitable."  *Id.* at 4-5.  It also correctly held that "[a]n adversary proceeding is the proper conduit for such determination of rights of lien status." *Id.* at 5.  Finally, it noted that the arguments made by the Trustee's counsel concerning claim or issue preclusion are "premature at this time."  *Id.* at 5-6.

### E.    The Cobalt 2004 Motion

The Trustee argued that he believed that Azzure's assigned financing statement was ineffective because it was "filed in 2021 on behalf of an entirely different secured party (Cobalt) for an entirely different obligation, which obligation was to be discharged and released upon receipt of certain specified payments pursuant to a written stipulation ('Stipulation') between the parties thereto dated February 11, 2022 - a year and several months before the Note and related security interest in favor of Azzure was created."  Compromise Motion at 7.  And the Trustee contended at the hearing that he and "his special counsel did a lot of legal research ***and investigation*** and the question of whether an assignment of a previous UCC-1 can secure a new lien seemed to be pretty much a

1   question of first impression."  9/23/23 H'rg Tr. at 5:13-17 (emphasis added).

2       Two-and-a-half months after the Compromise Motion, the Trustee filed a motion seeking

3   Rule 2004 discovery from Cobalt ("Cobalt 2004 Motion"), the entity that had originally filed the

4   UCC-1 financing statement upon which Azzure bases its lien.  ECF 629.  In that Motion, the Trustee

5   stated that on September 25, 2023, his counsel wrote to Cobalt "regarding the Statement and its

6   relationship with the debtor," but that it had not received a response," and the "Trustee does not

7   know if any amount is still owed to Cobalt or any of the details of the relationship/transaction

8   between Cobalt and the Debtor."  ECF 629 at 3.  The Trustee further stated that "[i]nformation

9   regarding whatever transaction that caused the Statement to be filed, including information on any

10  payments or transfers made pursuant to the transaction are needed to assist the Trustee in

11  reconstructing the Debtor's pre-petition financial condition and to draft a chapter 11 plan for this

12  case."  *Id.*  In other words, it is not unclear what investigation the Trustee performed in connection

13  with Cobalt's financing statement.

14  **III.    LEGAL STANDARD**

15      Although the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Federal

16  Rules of Civil Procedure ("Civil Rules") do not "recognize a motion for reconsideration," *In re*

17  *Captain Blythers, Inc.*, 311 B.R. 530, 539 (B.A.P. 9th Cir. 2004), they provide two mechanisms for

18  a party to obtain postjudgment relief: 1) a motion to alter or amend the judgment pursuant to FRCP

19  59; or 2) a motion for relief from judgment pursuant to FRCP 60.  *In re Perry*, 2013 WL 3369310,

20  at *4 (B.A.P. 9th Cir. 2013).  If a motion for reconsideration is filed within 14 days of entry of

21  judgment, it is treated as a motion under Bankruptcy Rule 9023/Civil Rule 59(e), otherwise, it is

22  treated as a motion under Bankruptcy Rule 9024/Civil Rule 60(b).  *Am. Ironworks & Erectors, Inc.*

23  *v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-899 (9th Cir. 2001).  Here, the Trustee concedes that

24  the Motion should be treated as a motion to alter or amend judgment under Bankruptcy Rule 9023

25

26

27

28

1  and Civil Rule 59(e).  Motion at 6:16-23.[6]

2      A party seeking reconsideration under FRCP 59(e) must demonstrate that: (1) "the motion

3  is necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) the

4  court is presented with "newly discovered or previously unavailable evidence;" (3) the motion is

5  necessary "to prevent manifest injustice;" or (4) there has been "an intervening change in controlling

6  law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (per curiam).  However,

7  "reconsideration of a judgment after its entry is an extraordinary remedy which should be used

8  sparingly." *Id.*; *accord Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Carroll v.*

9  *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877,

10 890 (9th Cir. 2000).  Indeed, the requirements of FRCP 59(e) are a "high hurdle." *Weeks v. Bayer*,

11 246 F.3d 1231, 1236 (9th Cir. 2001); *Boon Rawd Trading Inter. Co. v Paleewong Trading Co.*, 2011

12 WL 1627981, at *1 (N.D. Cal. 2011).  Neither disagreement with the final order, *see Above the Belt,*

13 *Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983), the presentation of facts or

14 arguments that could have been presented at the time of the judgment, *see Backlund v. Barnhart*,

15 778 F.2d 1386, 1388 (9th Cir. 1985), nor a party's failure to present its strongest case in the first

16 instance, *Prudential Prop. & Cas. Ins. Co. v. Lillard-Roberts*, 2002 WL 31974401, at *1 (D. Or.

17 2002), is a sufficient basis for granting the motion.

18     Specifically, parties cannot use Bankruptcy Rule 9023 and Civil Rule 59(e) to make the same

19 arguments that they made, or could have initially made.  *Exxon Shipping Co. v. Baker*, 554 U.S.

20 471, 485 n.5 (2008) ("[FRCP] 59(e) permits a court to alter or amend a judgment, but it 'may not

21

22  _____

23     [6]  The Trustee argues in one sentence that the Court can grant relief from an order under

24 Bankruptcy Rule 9023 and Civil Rule 60(b) when there is an error of law.  That is incorrect.  *In re*
   *Wylie*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006) (stating that parties seeking relief under Civil Rule

25 60(b) may not "revisit the merits of the underlying judgment or argue that the trial court committed
   some legal error in arriving at that judgment"); *see Padilla v. Evans*, 2008 WL 144694, at *1 (N.D.

26 Cal. 2008) ("Motions for reconsideration . . . are not a substitute for appeal or a means of attacking
   some perceived error of the court."); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257, 1261

27 (9th Cir. 2004) (stating that the merits of a case are not before the Court on a FRCP 60(b) motion).
   Moreover, bankruptcy courts may not use their inherent powers to circumvent the limitations of

28 Bankruptcy Rules 9023 and 9024.  *In re Reinertson*, 241 B.R. 451, 455 (B.A.P. 9th Cir. 1999).

1  be used to relitigate old matters, or to raise arguments or present evidence that could have been

2  raised prior to entry of the judgment."); *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009

3  (C.D. Cal. 1991) ("[C]ourts avoid considering [FRCP] 59(e) motions where the grounds for

4  amendment are restricted to either repetitive contentions of matters which were before the court on

5  its prior consideration or contentions which might have been raised prior to the challenged

6  judgment."); *In re Hunt*, 2014 WL 1229647, at * 7 (B.A.P. 9th Cir. 2014) ("Rehashing arguments

7  previously made and rejected is neither appropriate nor sufficient to support a motion to alter or

8  amend a bankruptcy court's judgment or order.").

9  **IV.    ARGUMENT**

10  **A.    The Trustee Cannot Satisfy The Standards Of FRCP 59(e) Because There Was No Error By The Court, Let Alone A Manifest Error Of Law Or Fact**

11

12      The Trustee argues that the Court should reverse its order because it made an error of law.

13  Motion at 1:4-5.  The Trustee contends that the Court denied the compromise motion because the

14  priority dispute between OHP-CDR and Azzure could not be decided by the compromise, but that

15  the Trustee "understood and accepted that the priority dispute would still have to be litigated in the

16  [adversary proceeding.]"  *Id.* at 2:12-12; *see id.* at 6 ("[T]he compromise did not request that the

17  Court find that the Azzure lien was in fact in first position. Instead, Trustee only wanted to settle the

18  legal issue of whether a secured creditor could perfect their lien by taking assignment of a

19  previously-filed UCC-1. The compromise can be approved without any determination as to whether

20  Azzure lien is in first, second, third, or fourth position.").  This argument must be rejected because

21  it misstates the relevant legal standard, ignores the Trustee's prior statements, and ignores that the

22  Compromise Order followed well-settled law that requires adversary proceeding to resolve priority

23  disputes.

24      ***First***, the Trustee misstates the relevant legal standard.  To alter or amend a judgment under

25  Rule 59(e), the moving party must demonstrate a "manifest" error of law or fact, which is defined

26  as "plain and indisputable, and that amounts to a complete disregard of the controlling law or the

27  credible evidence in the record."  *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683

28  (Bankr. C.D. Cal. 2003).  As set forth below, the Court did not err at all, much less "complete[ly]

1  disregard [] the controlling law or the credible evidence in the record." *Id.*

2      **Second**, the Trustee's argument falls flat because the Trustee repeatedly stated in the

3  Compromise Motion and Compromise Reply that the purpose of the Azzure Compromise was to

4  resolve the competing priorities of Azzure's and OHP-CDR's liens:

5  - In the "Summary of Argument" section of the Compromise Motion, the Trustee stated that

6      "The perfection issues alone are novel and will present a matter of first impression ***if Trustee***

7      ***is required to litigate*** the allowance of the Azzure claim and ***the validity, priority, and extent***

8      ***of its lien***." Compromise Motion at 2:19-21 (emphases added).

9  - In the "Key Terms of the Agreement" section of the Compromise Motion, the Trustee stated

10     that "***The Compromised Secured Claim shall be first-in-priority with respect to all of the***

11     ***Bankruptcy estate's debts and liabilities***." Compromise Motion at 5:6-7 (emphasis added).

12 - In the Compromise Reply, the Trustee argued that: "***By settling the claim and***

13     ***acknowledging that Azzure's lien is perfected, OHPP cannot subsequently challenge the***

14     ***very perfection issue that the Trustee compromised***." Compromise Reply at 2:17-19

15     (emphasis added).

16 - The Trustee also contended in the Compromise Reply that: "To that end, assuming the

17     Agreement is approved, it is the Trustee's intention to immediately pay Azzure and the

18     Estate their corresponding portions of the settlement with the Trustee putting the Estate funds

19     into operations f*ree and clear of junior liens – including any lien of OHPP. **The reason***

20     ***for doing so will be clear – Azzure's priority will be based on the filing date of the assigned***

21     ***UCC-1 which was filed prior to OHPP's financing statement***." Compromise Reply at 3:2-

22     7 (emphasis added).

23 - Further, in the Compromise Reply, the Trustee stated: "***OHPP contends that its lien is***

24     ***senior to Azzure's*** relying on the argument that the Azzure never filed its own UCC-1

25     financing statement – instead it took an assignment of another entity's previously filed and

26     financing statement that was senior in priority to OHPP. ***This exact issue is what concerned***

27     ***the Trustee and was the basis of the proposed compromise.***" Compromise Reply at 4:11-

28     15 (emphases added).

- The Trustee also argued in the Compromise Reply that: "The Opposition proclaims that OHPP filed its UCC-1 before the Azzure loan. But, this ignores the issue that Trustee is settling. If Azzure is correct that it is perfected by the assigned UCC-1 which was filed before the OHPP financing statement, whether by reliance of Cal. Comm. Code § 9502 or other authority, then the Estate cannot avoid the lien. If this were to occur, the Azzure lien will be superior to everyone else including OHPP." Compromise Reply at 5:7-11.

- The second heading in the Trustee's Compromise Reply states, in all caps and bold, "**Approval of the Agreement will Conclusively Establish the Priority of Azzure's Lien**." Compromise Reply at 5:17-18 (emphasis in original).

- The Trustee additionally contended in the Compromise Reply that: "***OHPP further asserts that the Motion should not be approved if such approval would cause Azzure's lien to be determined to be senior to OHPP's lien***. OHPP asserts that the proper method in determining the validity or priority of the liens should be accomplished through an adversary proceeding. At its core, OHPP hints at the claimed unfairness that would result from Trustee settling the perfection issue. ***The alleged unfairness, however, is a feature and not a bug of the Bankruptcy Code.***" Compromise Reply at 5:19-24 (emphases added).

- And the Trustee concluded in the Compromise Reply: "As such, if the Motion is approved, then Azzure's lien shall be deemed perfected as of the date of the assigned UCC-1, which is prior to the filing of OHP's lien. ***There is no need for a separate adversary proceeding to determine the validity, priority, or extent of the two liens, as the filing dates of the two financing statements in question will be determined if the Motion is approved.***" Compromise Reply at 7:22-8:1 (emphasis added).

The Trustee's arguments at the September 13, 2023 hearing were not much different. While attempting to soften the statements in the Compromise Motion and Compromise Reply that facially violate Federal Rule Bankruptcy Rule ("Rule") 7001(2), his intentions were laid bare when he stated that: "OHP filed an adversary [proceeding] against the Trustee [and] Azzure alleging -- seeking a determination as to the priority of its lien as against the Azzure lien. We don't believe that that's an appropriate thing to be doing if the Court approved the compromise as proposed." 9/13/23 H'rg Tr.

at 7:21-8:1.  He further stated: "But it was certainly the intent that it would -- that this issue was going to result in perfection as of the May 28, 2021 date and that the parties thought that would put it in first position, which would be ahead of OHP's lien that was perfected in January of 2023."  *Id.* at 19:21-25.  But that was not all.  The Trustee explicitly said the settlement was designed to avoid litigating priority disputes with any secured creditor:

> So I think that the settlement agreement makes it very, very clear what was being settled and obviously if there is a lien that was perfected prior to the date of the Azzure lien on May 28, 2021 if their claim is allowed invalid, it will have seniority. But anybody who perfects after May 28, 2021, which includes OHP until the Trustee voids that lien and steps into its shoes because of the preferential nature of that transfer, then all of those junior lenders will be junior. But this is exactly what the settlement agreement was designed to do was resolve this particular issue.

*Id.* at 20:13-23.  When the Court asked the Trustee to confirm that "[n]obody is seeking in this contested matter to address the priority," the Trustee flatly disagreed:

> I actually don't think that's entirely accurate, Your Honor. What we want the Court to approve are -- or enter an order that recognizes the perfection issue is settled. And any challenge to Azzure's perfection is released and that settlement results in Azzure having a properly perfected claim as of May 28, 2021, and the order should specify that. Therefore, anybody whose lien was perfected after that date will be junior. Anybody whose lien that was perfected prior to that date will be senior and, as such, because OHP's lien was admittedly perfected after that date, it will be junior and it can't seek to collaterally attack the effect of this settlement by relitigating the perfection issue, which the Trustee was settled and released that claim and the Trustee is the only party with the standing to bring that claim to avoid the lien as being unperfected.  Therefore, it will be res judicata on that issue and it would, in essence, moot OHP's adversary seeking to relitigate the perfection issue to establish its rights as senior.

*Id.* at 23:17-24:12.   Azzure echoed the Trustee: "Azzure Capital would not enter into this compromise if it is going to have to litigate this issue -- perfection issue with anybody else."  *Id.* at 12:2-4.

The fact that the Trustee has now changed his position and is contradicting terms of the Azzure Agreement and his numerous statements demonstrates that there was no error, let alone a "manifest" error.

**Third**, there is no error in the Compromise Order because it follows well-settled law: the trustee cannot compromise away the rights of a non-party, and priority disputes must be resolved by adversary proceeding.  *In re Medomak Canning*, 922 F.2d 895, 903 (1st Cir. 1990) (discussing a

1    Rule 9019 settlement and noting that: "The bankruptcy court addressed what it understandably took

2    to be Acme's sole concern, i.e., its claim of legal priority, finding that the priority would be

3    determined in the complaint to be filed by the Trustee, and Acme withdrew its objection.");[7] *In re*

4    *Loloee*, 241 B.R. 655, 660 (B.A.P. 9th Cir. 1999) (holding that the bankruptcy court erred when it

5    entered a sale order that determined priority of liens, stating that: "A motion procedure cannot be

6    used to circumvent the requirement of an adversary proceeding. *Bear v. Coben (In re Golden Plan)*,

7    829 F.2d 705, 711–12 (9th Cir.1986). Rule 7001(2) explicitly requires an adversary proceeding to

8    resolve the lien priority dispute between GMAC and GCC.").  The distinction the Trustee now tries

9    to draw between the date of perfection and priority is hollow, because as the Trustee conceded many

10   times, determining the date of perfection *is* the priority dispute.  *See, e.g.*, *In re Bridge Info. Sys.,*

11   *Inc.*, 288 B.R. 548, 553 (Bankr. E.D. Mo. 2001) ("Clearly, the issue of the priority of each lien on

12   each respective parcel of property presents common questions of law and fact. Under Missouri's

13   first spade rule, the priority of each of mechanic's lien on each respective parcel will relate back to

14   the first date when any work began on each property."); *In re Contractor's Glass Co., Inc.*, 152 B.R.

15   270, 271 (Bankr. W.D. Ark. 1992) (conducting adversary proceeding over dispute between two

16   creditors over date of perfection of liens).

17       **B.    The Court Cannot Approve The Agreement Because It Cannot Modify Its
               Terms**

18
19       The Trustee's argument that the Court should approve the Azzure Settlement on

20   reconsideration fails for another reason.  The Trustee and Azzure have not presented a modified

     agreement that removes the clause concerning priority, and the Court does not have the authority to

21   modify agreements between the parties.

22
23       It is well-settled that courts only rule on settlements that are presented to them, and do not

24   have the authority under Rule 9019 (or any other Rule or Bankruptcy Code section) to modify a

25   settlement.  *See, e.g.*, *In re Continental Airlines Corp.*, 907 F.2d 1500, 1509 (5th Cir. 1990) ("We

26   _____

27      [7]  The Trustee cites *Medomak* in the Motion, Motion at 9, but ignores the fact that in that case,
     the bankruptcy court did not approve a settlement that would impact the priority of a non-settling
28   party.

therefore conclude that Section 105 of the Bankruptcy Code does not authorize the bankruptcy court to change the terms of a labor settlement agreement negotiated by a union on behalf of its members, or to require acceptance of certain terms which do not enhance the success of the reorganization as the price for gaining the bankruptcy court's approval of the bankruptcy portions of the settlement."). But that is exactly what the Trustee is trying to do.  While the Trustee has now changed his position to gain approval of the Azzure Settlement on reconsideration, he has not presented a new settlement that strikes Section 1.C (the priority provision).  And a new settlement requires a new motion.

Moreover, the Trustee has all but admitted that Section 1.C of the Azzure Settlement (the priority provision) cannot be approved.  At the September 13 hearing, the Trustee stated that even setting aside OHP-CDR's lien, Azzure's lien is not first-priority.  9/23/23 H'rg Tr. at 7:11-15 ("anybody whose perfection arose prior to that date, such as Mr. Ludwig's client who popped up about 48 hours ago, then if their claim is an allowed claim, then they would have seniority over it"). But he does not explain how the Court can approve the Azzure Settlement when one of its terms (and the term that the Trustee and Azzure have admitted is central to the settlement) is wrong.

**C.**   **The Trustee's Preclusion Arguments Are Contradicted by the Trustee's Previous Positions, And Do Not Justify An Immediate Payment To Azzure Or Findings About The Date Of Perfection**

The Trustee's final argument is that the Court should approve the Azzure Settlement on reconsideration because it *might* not be binding on OHP-CDR in the adversary proceeding.  Motion at 6.  This argument falls flat.

The problem with the Azzure Settlement was that the Trustee sought to resolve a priority dispute against non-settling parties through Bankruptcy Rule 9019 rather than an adversary proceeding.  The Motion does nothing to dispel that problem.  Indeed, what the Trustee really appears to be arguing is that he will continue to take the position that the priority dispute has been

1  resolved so long as he can demonstrate the elements of res judicata.[8]  This is no different than the

2  Trustee's original argument, and therefore, must be rejected.  *Baker*, 554 U.S. at 485 n.5 (stating

3  that Civil Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present

4  evidence that could have been raised prior to entry of the judgment."); *Costello*, 765 F. Supp. at

5  1009 ("[C]ourts avoid considering [FRCP] 59(e) motions where the grounds for amendment are

6  restricted to either repetitive contentions of matters which were before the court on its prior

7  consideration ...."); *Hunt*, 2014 WL 1229647, at * 7 ("Rehashing arguments previously made and

8  rejected is neither appropriate nor sufficient ....").[9]

9  **V.    CONCLUSION**

10        For the reasons above, OHP-CDR and PurchaseCo respectfully request that the Court deny

11  the Motion.

---

19  [8]  Tellingly, the Trustee cites cases which he believes demonstrate that the trustee is in privity with creditors for purposes of res judicata, even though that case is inapplicable because it did not involve a dispute over the priority of a lien and instead involved a creditor attempting to assert an estate claim against another creditor.  *In re Dominelli*, 820 F.2d 313, 316 (9th Cir. 1987).

21  [9]  The cases cited by the Trustee for the proposition that secured creditors "may not" always be in privity with a trustee or that they may assert defenses when their liens are at stake are inapplicable, since they did not involve disputes remotely similar to this one.  *Henry Ansbacher & Co. v. Klebanow*, 362 F.2d 569 (2d Cir. 1966) (dispute over whether to quash interrogatories); *In re Anderson*, 511 B.R. 481, 494-95 (Bankr. S.D. Ohio 2013) (trustee seeking to recover funds that were transferred post-discharge to asset recovery firm); *In re Video Cassette Games, Inc.*, 108 B.R. 347, 349 (Bankr. N.D. Ga. 1989) (relief from stay to pursue counterclaims in litigation initiated by debtor); *In re Savidge*, 57 B.R. 389 (D. Del. 1985) (secured creditor filed complaint objecting to another secured creditor's claim where there was no prior action by the trustee to settle either creditor's claims); *First Bank Billings v. Feterl Mfg. Co. (In re Parker Montana Co.)*, 47 B.R. 419 (D. Mont. 1985) (addressing whether a creditor has standing to raise the issue of equitable subordination).

DATED:  November 29, 2023                Respectfully submitted,


                                        By   _/s/ Razmig Y. Izakelian____
                                             Razmig Y. Izakelian

                                        *Attorneys for OHP-CDR, LP and PurchaseCo 80,
                                        LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017

A true and correct copy of the foregoing documents entitled: **OPPOSITION TO TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO APPROVE COMPROMISE WITH AZZURE CAPITAL LLC**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 29, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/29/2023 | Razmig Izakelian | /s/ Razmig Izakelian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy
Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cw
alinski@fennelllaw.com;samantha.larimer@fennelllaw.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                     **F 9013-3.1.PROOF.SERVICE**

eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
richard@amintalati.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                     F 9013-3.1.PROOF.SERVICE

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      F 9013-3.1.PROOF.SERVICE

gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankru
ptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                    **F 9013-3.1.PROOF.SERVICE**

gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**