1 | **Maureen J. Shanahan   102222**
**Totaro & Shanahan**
2 | **P.O. Box 789**
**Pacific Palisades, CA 90272**
3 | **(888) 425 2889 (v)**
**(310) 496-1260 (f)**
4 | **Ocbkatty@aol.com**

5 | **Attorneys for Creditor Randall Baldwin Clark,**
**Attorney at Law, PLLC**

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| **In re** | **Case No. 8:23-bk-10571-SC** |
| | |
| **THE LITIGATION PRACTICE GROUP, P.C.,** | **Chapter 11** |
| | **DECLARATION OF RANDALL BALDWIN CLARK [CORRECTLY SIGNED] IN SUPPORT OF MOTION FOR MOTION FOR ALLOWANCE AND PAYMENT OF POST-PETITION ADMINISTRATIVE FEES FILED AS DOCKET NO. 717** |
| **Debtor.** | |
| | **Date:   January 19, 2024** |
| | **Time:   11:00 a.m.** |
| | **Ctrm:   5C/Via ZoomGov** |
| | **411 W. Fourth St.** |
| | **Santa Ana, CA 92701** |

**TO THE HONORABLE JUDGE SCOTT C. CLARKSON. THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Attached is a correction in place of the Declaration of the Movant's principal, Randall Baldwin Clark, in Support of the Motion for Allowance and Payment of Post-Petition Administrative Fees as corrected filing Docket No. 717 ("the Declaration"). The Declaration is the Correctly signed Declaration of Mr. Clark.  The only difference is the signature page. The Exhibits are attached to Docket No. 717 and not refiled.

Dated:  December 4, 2023                                    Totaro & Shanahan

                                                                          *By /s/ Maureen J. Shanahan*
                                                                          Maureen J. Shanahan
                                                                          Attorney for Movant

### DECLARATION OF RANDALL BALDWIN CLARK

I, Randall Baldwin Clark, declare:

1.      I am an attorney licensed to practice law in the State of New Hampshire and the Commonwealth of Massachusetts, including the bankruptcy courts for both states. I am the sole member of Randall Baldwin Clark, Attorney at Law, PLLC, a New Hampshire law firm ("the Clark Firm").  Except as to matters based on my review of portions of the Court Docket and some filings in this case, my statements herein are based on my personal knowledge of such facts, and as such I am competent to testify thereto.

2.      The Clark Firm's business and practice focuses on debt collections defense, negotiations and resolutions, consumer bankruptcy in Chapter 7 and Chapter 13 cases, foreclosure defense and landlord tenant matters.

3.      In early 2020, a representative of The Litigation Practice Group, PC ("LPG" or "the Debtor") approached me as to whether the Clark Firm might be interested in providing debt consultation, creditor negotiations, and legal services to the Debtor's consumer clients in New England.

4.      I expressed interest and after further negotiations, on April 20, 2020, as sole member of the Clark Firm I signed an agreement for the Clark Firm as a Contractor to provide services for LPG clients with LPG ("the Contract"). A true and correct copy of the Contract is attached hereto as Exhibit 1 and incorporated herein by reference.

5.      Under the Contract LPG would send the Clark Firm assignments for their clients in New Hampshire and Massachusetts for debt resolution, negotiations, foreclosure defense and possible consumer bankruptcy cases. The Clark Firm would provide related services as local counsel for the mutual clients and invoice LPG for fees monthly. The agreed hourly rate for my services was $225.00 and for my assistants $75.00.  LPG would also reimburse for all expenses for our clients' matters.

6.       The Contract provided substantial benefit to the Clark Firm, and I believe the mutual clients and LPG as well. The Clark Firm added over 500 clients based on the Contract.

Since signing the Contract, the Debtor regularly sent the Clark Firm many clients and assignments for work.

7.    Initially LPG paid our invoices fairly promptly and we had a good line of communication.

8.    Approximately six weeks before March 20, 2023, LPG stopped paying the Clark Firm invoices and stopped all communication. Our normal means of communication was by email, however I did not receive any replies, responses, answers or further communication with anyone at LPG.

9.    I was a bit perplexed especially when my access to LPG's Debt Pro Pay database was denied.

10.    I later learned that LPG filed a Chapter 11 bankruptcy case on March 20, 2023, but was not aware of this until almost a month after the filing. I did not receive any notice of the filing and when I ultimately learned of this, I noticed that the Clark Firm was not listed as a creditor in the case, even though the firm had a significant number of substantial unpaid invoices.

11.    About a month prior to the LPG's undisclosed bankruptcy filing, I was advised that LPG transferred at least some of its' client accounts to other entities. This included The Phoenix Law Group ("Phoenix"), Oakstone Law Group ("Oakstone") and Greyson Law.

12.    These three entities contacted me to continue to represent our existing clients with LPG but to assign new matters for these clients.

13.    Our clients seemed to be as confused and puzzled as I was about what was happening.

14.    I had no further contact with LPG. They did not terminate our Contract. Communication just stopped.

15.    Given the lack of communication with LPG and the representations from these firms they had received the cases from LPG, the Clark Firm continued to assist the clients, particularly since all the assignments were for clients our firm was currently servicing for the Debtor.

16.     It was my belief that no matter the situation, these were our clients, and I did not want to hamper client services and care. I believed that we had a duty and ethical obligation to maintain continuity of client care. This was important for everyone involved.  There were matters that clients needed to have handled in a timely manner and therefore the Clark Firm continued to represent the clients.

17.     I did not have a lot of communication with Oakstone and Greyson, and when I submitted invoices, they were not paid, and no response was given. LPG was generally prompt in paying invoices, however that was until all communication ceased, which I now understand was likely due to filing this bankruptcy case.

18.     The representative at Phoenix was more helpful and advised that LPG transferred most of its clients, he mentioned about 40,000 clients to Phoenix, and we discussed continuing to service our clients. I believe we began discussion of a new agreement with Phoenix.  Initially no mention of bankruptcy was made, but this may have been before the case was filed.

19.     The Clark Firm continued to service the Clients from Phoenix and the other firms as we did for LPG. I learned about the bankruptcy filing sometime in June but had not received any notices for the case before this. I believe a client may have mentioned bankruptcy.

20.     I was able to obtain information about the filing, and I filed a Request for Courtesy Notification of Electronic Filing ("NEF") in this case on June 16, 2023. This was Docket No. 118. After this I received access to all the filings and there were many lengthy filings. I did my best to keep up but client care had to be the Clark Firm's priority.

21.     I did notice that the Clark Firm was still not listed as a Creditor and had not been contacted by anyone directly about the case. I was busy keeping up with the work of the Clark Firm but did monitor the case somewhat through the Notices of Electronic Filing ("NEF') on this case.

22.     When I went to send invoices to Phoenix, I was told by their representative they were negotiating with the Trustee to get paid on the cases transferred by LPG.

23.     At another time, a Phoenix representative advised me the trustee was going to sell

LPG's business and its contracts and clients were assets in the sale. I was told any invoices would need to be directed later to the court or the trustee, in a manner and time not yet known. So, I waited for some type of notice but continued to provide services needed by the clients.

24.    In monitoring the case I learned the trustee had filed an adversary against Phoenix and the other firms I had dealt with based on fraudulent transfer or preferential transfers. I was not noticed on the adversary and did not actually know much about that case but there was a mention on the docket of a settlement between the trustee and Phoenix so the contracts transferred to Phoenix would be part of the assets of the Debtor and be sold as assets of the estate. I believed this would include the Clark Firm Contract and clients.

25.    I also knew the Trustee had filed a Motion to Sell the assets and there would likely be funds to pay the Clark Firm's pre-petition claims and post-petition administrative claims.

26.    I am not certain of the actual time frame, whether it was after the sale had closed or before this, but I was contacted by a representative of the Morning Law Firm (the "Morning Firm") about a similar contract to the one with LPG. Ultimately, we agreed, and I signed a contract on behalf of the Clark Firm with the Morning Firm and have been representing clients under that agreement.

27.    I believe Phoenix was either sold to the Morning Firm or dissolved and most of its employees are working with the Morning Firm.

28.    In monitoring the court docket, I learned that relevant parties, specifically, the Chapter 11 Trustee, the Debtor, the United States Trustee, and the Creditor's Committee had negotiated a Stipulation to provide an Administrative Bar Date for payment of post-petition administrative claims such as those held by the Clark Firm. Docket No. 575.

29.    The same day, the Court approved the Stipulation and entered an order setting the deadline for filing "Non-Professional Administrative Claims Bar Date" as November 21, 2023. Docket No. 577.

30.    I learned that attorneys such as the Clark Firm, under employment contracts with the Debtor could request payment for post-petition administrative claims arising at any time from

the March 20, 2023, the petition date, through and including August 4, 2023, the closing date of the sale of the Debtors' business to the Morning Law Firm.

31.    It is the custom and practice of the Clark Firm to maintain regular time records for billing as to each client. We also prepare and send regular invoices to clients or in the case of the mutual clients of the Debtor, Phoenix, or other entities to those entities as to each client where services were rendered.

32.    In accordance with the information I obtained in reviewing the Stipulation and the sample notice required to be served, I diligently went through the Clark Firm time records, files, and invoices with extreme care. I determined that the services the Clark Firm performed at the rates it had contracted with the Debtor, of $225.00/hour for his services and $75.00/hour for my assistants' services for the two post-petition periods set out in the Notice.

33.    First, for the period from March 20 through May 8, 2023 (inclusive) the total billing by the Clark Firm for mutual clients with the Debtor totaled $20,465.43.  For the second period from May 9 through August 4, 2023 (inclusive), the Clark Firm fees totaled $25,275.83.

34.    The total post-petition claim of the Clark Firm for services to the mutual clients by the Clark Firm as employee of the Debtor is $45,741.26.

35.    The Clark Firm is not submitting a claim for any post-petition expenses during either of these time periods.

36.    In my review of the billing, I can attest the services rendered for the clients were reasonable and necessary and the fees likewise were reasonable based on the normal rates of other attorneys in the area with similar practices. The services performed for the clients were like the services I have regularly provided for mutual clients with the Debtor.

37.    I have not provided any personal client identifying information on the billing list.

38.    Attached hereto as s Exhibit 2 is a 5-page chart of the 204 mutual clients and the amounts of the unpaid billing for post-petition fees owed to the Clark Firm for each mutual client during the two post-petition periods.

39.    The Chart contains 5 columns. The first column contains a particular client,

1  identified using the Client ID number given by the Debtor. The second and third columns contain

2  the first and last initials of the client. This enables the client to be identified for payment but ensures

3  privacy for these clients.

4      40..    Exhibit 2 has two additional columns. The fourth column is for the total amount of

5  fees incurred by the Clark Firm for services performed for each client during the period from

6  March 20, 2023, to May 8, 2023. The fifth column includes the total amount of fees incurred by

7  the Clark Firm for services performed for each client from May 9, 2023, through August 4, 2023,

8  this accounts for the total sum of the fees incurred by the Clark Firm for the post-petition period

9  for this Administrative Claim.

10     41.    The Clark Firm's administrative claim arises for post-petition services performed

11  for 204 mutual clients of the Debtor that directly and substantially benefitted the Debtor's estate.

12  Although contractually entitled to payment for its services, the Clark Firm has not received any

13  compensation for this period and the significant benefit the services provided for the Debtor which

14  I believe enhanced the value of the estate's assets and the purchase price obtained form the sale.

15     I declare under penalty of perjury under the laws of the United States that the foregoing is

16  true and correct. Executed on November 21, 2023, at Hollis, New Hampshire.

Randall Baldwin Clark

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document entitled (*specify*): "DECLARATION OF RANDALL BALDWIN CLARK [CORRECTLY SIGNED] IN SUPPORT OF MOTION FOR MOTION FOR ALLOWANCE AND PAYMENT OF POST- PETITION ADMINISTRATIVE FEES FILED AS DOCKET NO. 717" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 5, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) December 4, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/4/2023 | Maureen J. Shanahan | /s/ Maureen J. Shanahan |
| *Date* | *Printed Name* | *Signature* |

By nef

- Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown    ron@rkbrownlaw.com
- Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark    rbc@randallbclark.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Aaron E. DE Leest    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- Jenny L Doling    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- Daniel A Edelman    dedelman@edcombs.com, courtecl@edcombs.com
- William P Fennell    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- Christopher Ghio    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Amy Lynn Ginsburg    efilings@ginsburglawgroup.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- David M Goodrich    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgllp@ecf.courtdrive.com
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Richard L. Hyde    richard@amintalati.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Joon M Khang    joon@khanglaw.com
- Ira David Kharasch    ikharasch@pszjlaw.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

- Matthew A Lesnick    matt@lesnickprince.com,
matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- Daniel A Lev    daniel.lev@gmlaw.com,
cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Britteny Leyva    bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- Michael D Lieberman    mlieberman@lipsonneilson.com
- Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Mitchell B Ludwig    mbl@kpclegal.com, kad@kpclegal.com
- Daniel S March    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- Kathleen P March    kmarch@bkylawfirm.com,
kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Mark J Markus    bklawr@bklaw.com,
markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- Richard A Marshack (TR)    pkraus@marshackhays.com,
rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Laila Masud    lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- Glenn D. Moses    gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
- Victoria Newmark    vnewmark@pszjlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- Lisa Patel    lpatel@lesnickprince.com,
jmack@lesnickprince.com;jnavarro@lesnickprince.com
- Michael R Pinkston    rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- Douglas A Plazak    dplazak@rhlaw.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Kevin Alan Rogers    krogers@wellsmar.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott3@bclplaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman    zs@DanningGill.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Adam D Stein-Sapir    info@pfllc.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com

- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com