D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant and Chapter 11 Trustee
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No: 8-23-bk-10571-SC<br><br>Chapter 11<br><br>REPLY IN SUPPORT OF TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO APPROVE COMPROMISE WITH AZZURE CAPITAL LLC<br><br>Hearing:<br>Date: December 13, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C – Via ZoomGov<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), files this reply ("Reply") to the *Opposition to Trustee's Motion For Reconsideration of Order Denying Motion To Approve Comrpomise With Azzure Capital LLC filed by OHP-CDR, LP* ("OHPP") *and PurchaseCo80, LLC* ("PurchaseCo") (OHP and PurchaseCo are collectively referred to as "OHPP") [Dk. No. 739] ("Opposition") and in support of *Trustee's Motion For Reconsideration of Order Denying Motion*

1

REPLY IN SUPPORT OF RECONSIDERATION MOTION

4887-5831-6646

*to Approve Comrpomise With Azzure Capital LLC; Memorandum or Points and Authorities; Declaration of D. Edward Hays In Support* [Dk. No. 611] ("Reconsideration Motion").

## 1. Summary of Argument

An order approving a compromise may but does not necessarily result in the application of claim preclusion (res judicata). In this case, the Court reconsidered its approval of the Trustee's compromise with Azzure because it was concerned that OHPP's lien priority claims raised in its separate adversary proceeding would necessarily be resolved by the compromise with Azzure. That is not the case. Instead, at most, the approval of the Azzure compromise could lead to Trustee seeking to resolve the OHPP adversary on the grounds of claim preclusion. But, claim preclusion is always within the discretion of the Court and Trustee would have to establish all the elements including that he was in privity with OHPP for the doctrine to apply. Whether the Court would ever grant such a request remains unknown and the Court is not required to respond for any request for such an advisory opinion.

If the Court chose not to apply claim preclusion or if the Trustee could not satisfy his burden to establish the elements, then OHPP's claims in its adversary would be unaffected by the Court's approval of the Trustee's compromise with Azzure. It is for this reason that Trustee respectfully requests that the Court reconsider its order vacating its initial decision to approve the Azzure compromise. Approval of the compromise does not necessarily and certainly does not require resolution of OHPP's claims. Instead, the relative lien priority between OHPP and Azzure must be determined in the adversary commenced by OHPP.

Because the Estate can obtain the benefits of the Azzure compromise while leaving the priority adjudication to be determined in the OHPP adversary, good cause exists to reconsider the order denying and instead enter an order approving the compromise. Even if the Court ultimately determines that OHPP has priority over Azzure (and the Estate's recovery of a portion of the Azzure lien), there is no reason to require the Trustee to now proceed with litigation against Azzure. The compromise can be approved subject to OHPP's lien priority claims.

/ / /

## 2. Legal Argument

### A. The Controlling Legal Standard Is This Court May Revisit Its Orders at Any Time "When Equity So Requires"

The Ninth Circuit has stated that "bankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *Meyer v. Lenox (In re Lenox)*, 902 F.2d 737, 739-40 (9th Cir. 1990) (citations omitted). In other words, a bankruptcy court has "power to reconsider any of its previous orders when equity so requires." *Id*. at 740 (citations omitted). That equitable power is established by § 105(a) of the Bankruptcy Code, which provides that a bankruptcy court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

In this case, the Court vacated its previous order *sua sponte* based on the grounds that the compromise would in essence fully resolve the pending adversary proceeding brought by OHPP. While Trustee advocated this position – i.e. that the compromise would impact the adversary proceeding conclusively – it appears the law is different. Specifically, the legal error that exists that warrants reconsideration of the Court's order vacating the granting of the Motion is that the Court can choose whether to apply doctrines of res judicata and collateral estoppel as noted by the Ninth Circuit in *Dominelli*[1]. Put differently, the legal error that serves as the basis for clarification or reconsideration is the perceived error that the only way to avoid prejudice to OHPP was to deny the Motion as opposed to granting the Motion while preserving the issue whether order would have any affect at all on the adversary proceeding.

### B. Trustee Is Neither Seeking a Priority Finding Nor Does the Language of the Azzure Agreement Mandate One

In its Opposition OHPP paints Trustee as disingenuous in his assertion that he is not seeking a priority finding because (1) this contradicts prior statements and arguments made by Trustee in

---

[1] *In re Dominelli*, 820 F.2d 313, 316 (9th Cir. 1987).

Main Document    Page 4 of 10

connection with the Motion; and (2) the Azzure Agreement includes a provision regarding the parties' mistaken belief that Azzure's lien was first in priority.

First, any order approving the Azzure compromise would not necessarily resolve the OHPP adversary proceeding. It will be up to the Court to decide whether any order approving the Azzure Agreement will have any impact on the pending adversary proceeding. Importatntly, the Court can fashion any order it deems appropriate that approval of the compromise is without prejudice to OHPP's arguments that claim preclusion would not arise because Trustee was not in privity with it.

In light of the *Dominelli* case and the other authorities cited by Trustee is his Reconsideration motion, approval of the Azzure compromise may have no affect at all on its claims in the adversary. This is certainly not the "all or nothing" premise of the Court's order vacating approval of the compromise. It is entirely possible to approve the Azzure agreement (to avoid the estate having to engage in litigation with it) while clearly stating that such order is subject to OHP's claims in the adversary.

Second, and as noted in the Reconsideration Motion, the language of the Agreement does not mandate a finding that Azzure is in first position. Rather it states the Parties "believed" Azzure to be in first position. *See,* Dk. No. 611, Motion, Ex. 1 p. 16, ¶1(c) ("**Priority of the Compromised Secured Claim**. The Compromised Secured Claim is *believed* by the parties to be first-in-priority with respect to all of the Bankruptcy estate's debts and liabilities.") Emphasis added. As such there is no request that the Court find or expressly hold that Azzure was in fact in first position. As recognized at the initial hearing, Trustee has now learned that there are several creditors who have filed secured claims against the Estate whose UCC-1 financing statements were filed before the Azzure financing statement.

Additionally, any order approving the Azzure compromise can and should clarify that the Court is not determining the Azzure lien's relative priority to other liens perfected prior to its lien. Alternatively, the Court can sever the perceived Offending Provision. As noted in the Azzure Agreement, the Parties have already agreed the Court can sever provisions it deems appropriate. *See* Dk. No. 611, Motion, Ex. 1 p. 18, ¶G ("**Severability**. If any provision of the Agreement of its application is held invalid by a court, arbitrator, or government agency of competent jurisdiction, the

REPLY IN SUPPORT OF RECONSIDERATION MOTION
4887-5831-6646

Parties agree that such a determination fo invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remaini in full force and effect or application."). Thus, OHPP's Argument that the Court cannot approve the Azzure Agreement because it cannot modify its terms is incorrect. Bottomline, approval of the Azzure Agreement will neither elevate its position over previously filed UCC-1's nor will it prejudice OHPP trying to "leap-frog" over the Azzure lien vis-à-vis its pending adversary proceeding.

### C. The Opposition's Footnote Analyses of Case Authority on Doctrines Of Claim Preclusion/Res Judicata Point Out Distinctions Without A Difference

In Footnotes No. 8 and 9, the Opposition makes cursory statements as to why the Court should disregard the legal authority cited by Trustee on the issue of whether the Trustee may or may not be in privity with a secured creditor. In Footnote 8, the Opposition argues that *Dominelli* is "inapplicable" because in its simplistic review it involves "a dispute about estate claims against another creditor." But the Ninth Circuit in *Dominelli* discussed how a junior secured creditor was in fact in privity with the bankruptcy trustee and was bound by the trustee's settlement of the claim of another senior secured creditor. Similarly, in Footnote 9, the Opposition takes the same position that all the authorities discussing privity are one again "inapplicable." Plainly put, whether approval of the Azzure agreement has any affect on the OHPP adversary is not yet and will not become ripe unless or until Trustee seeks to raise claim preclusion. In short, the Azzure compromise can be approved and, if If OHPP is correct, then it will defeat any such attempt by Trustee to resolve the adversary through principles of claim preclusion. Lastly, because claim preclusion is discretionary, the Court can also choose to deny any attempt to resolve the adversary based on the approval of the Azzure compromise.

### 3. Conclusion

In Trustee's business judgment, the proposed compromise with Azzure reflects a fair resolution of the dispute that benefits the Estate and avoids the attendant costs and risks of litigation. There is no reason why that compromise cannot and should not be approved given the uncertainties

regarding whether the compromise order could form the basis of claim preclusion. Thus good cause exists to approve the Azzure compromise with the order containing the following provisions:

    A.    The approval of the compromise does not result in Azzure obtaining priority over any liens perfected before the date upon which its lien was perfected;

    B.    Whether approval of the compromise has any affect on the OHPP's claims will be determined in that adversary proceeding;

    C.    That the Court will determine whether its approval of the Azzure compromise may or may not be used as the basis to resolve any claims in the OHPP adversary; and

    D.    That the priority of any lien or interest asserted by OHPP will be resolved in its pending adversary.

DATED: December 6, 2023        MARSHACK HAYS LLP

By: */s/ D. Edward Hays*
    D. EDWARD HAYS
    LAILA MASUD
    Attorneys for Chapter 11 Trustee
    RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **REPLY IN SUPPORT OF TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO APPROVE COMPROMISE WITH AZZURE CAPITAL LLC; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 6, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
   - **INTERESTED PARTY COURTESY NEF:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
   - **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
   - **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC:** William P Fennell william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com; wpf@ecf.courtdrive.com; hala.hammi@fennelllaw.com; naomi.cwalinski@fennelllaw.com; samantha.larimer@fennelllaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
   - **ATTORNEY FOR DEFENDANT STRIPE, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** David M Goodrich dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wggllp@ecf.courtdrive.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** Richard L. Hyde richard@amintalati.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF OHP-CDR, LP and PLAINTIFF PURCHASECO 80, LLC:** Razmig Izakelian razmigizakelian@quinnemanuel.com
   - **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
   - **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
   - **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
   - **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC.:** Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com; jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.:** Britteny Leyva bleyva@mayerbrown.com, 2396393420@filings.docketbird.com; KAWhite@mayerbrown.com; ladocket@mayerbrown.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP:** Mitchell B Ludwig mbl@kpclegal.com, kad@kpclegal.com
- **ATTORNEY FOR DEFENDANT HAN TRINH and DEFENDANT JAYDE TRINH:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT GREYSON LAW CENTER PC; DEFENDANT HAN TRINH; DEFENDANT JAYDE TRINH; and DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC:** Zev Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

**2. SERVED BY UNITED STATES MAIL**: CONTINUED:
**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~


4877-5210-0236, v. 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**