| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Peter L. Isola (SBN 144146)<br>pisola@hinshawlaw.com<br>HINSHAW & CULBERTSON, LLP<br>50 California Street, Suite 2900<br>San Francisco, CA 94111<br>Phone:  415-362-6000<br>Fax:  415 834-9070<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Merchants Credit Corporation | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -**  SANTA ANA DIVISION

| In re:<br>The Litigation Practice Group, P.C. | CASE NO.: 8:23-bk-10571-SC<br><br>CHAPTER: 11 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br><br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 01/17/2024<br><br>TIME: 1:30 PM<br><br>COURTROOM: 5C |
| Debtor(s). | |

| **Movant**: Merchants Credit Corporation |

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 1415 State Street, Santa Barbara, CA 93101
   - ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any),* and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 1                          **F 4001-1.RFS.NONBK.MOTION**
78653\315579033.v1

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 12/15/2023

HINSHAW & CULBERTSON, LLP
Printed name of law firm (if applicable)

Peter L. Isola
Printed name of individual Movant or attorney for Movant

*/s/ Peter L. Isola*
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                     Page 2                     **F 4001-1.RFS.NONBK.MOTION**
                                                            78653\315579033.v1

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other (*specify*): Appellant / Defendant / Third-Party Plaintiff

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: David Trahan v. Merchants Credit Corp.; Merchants Credit Corp. v. TLPG.

   b. *Docket number*: 84104-1-I (Washington Court of Appeals, Division I).

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:* matter is currently on appeal in Washington State Court of Appeals, Division I.

   d. Causes of action or claims for relief (Claims): In Nonbankruptcy Action, Movant Merchants Credit Corp. is seeking to set aside a sanction/judgment against it entered under Washington statute RCW 4.84.185

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7 ☒ 11 ☐ 12 ☐ 13
      was filed on (*date*) 03/20/2023____.

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                        **F 4001-1.RFS.NONBK.MOTION**
                                                                              78653\315579033.v1

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*): Movant seeks to reverse trial court rulings in pending appeal (Washington state) in order to set aside a sanction/judgment against it and reclaim its good name; there should be no additional cost to the estate from allowing Movant to pursue claims in WA state court instead of bankruptcy court, especially if the debtor agrees to waive oral argument and permit the appeals court to decide on the briefs.

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*): Supplemental Declaration of Marc Rosenberg, Esq., Washington state court counsel for Movant; Supplemental Declaration of Peter L. Isola regarding hearing date & ZoomGov.

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to have the judgment against it set aside.

3. ☒ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.


Date: <u>12/15/2023</u>

HINSHAW & CULBERTSON, LLP
_____
Printed name of law firm (*if applicable*)

Peter L. Isola
_____
Printed name of individual Movant or attorney for Movant


*/s/ Peter L. Isola*
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Marc Rosenberg _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.

   ☒ I am Movant's attorney of record in the Nonbankruptcy Action.

   ☐ I am employed by Movant as (*title and capacity*):

   ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff

   ☐ Defendant

   ☒ Other (*specify*): Appellant / Defendant / Third-Party Plaintiff.

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action:* Merchants Credit Corp. v. TLPG.

   b. *Docket number:* Court of Appeals, Division I, Case No. 84104-1-I.

   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending:* Washington State Court of Appeals, Division One.

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:
      In Nonbankruptcy Action, Movant Merchants Credit Corp. appealed a sanction / judgment against it entered under Washington statute RCW 4.84.185. The appeal is fully briefed and ready for oral argument and/or decision.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit 1-3.

   c. The Nonbankruptcy Action was filed on (*date*) 2/1/2022    .

   d. Trial or hearing began/is scheduled to begin on (*date*) Not set     .

   e. The trial or hearing is estimated to require 1 days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):
      None.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 4001-1.RFS.NONBK.MOTION**
78653\315579033.v1

g.  Other defendants in the Nonbankruptcy Action are (*specify*):  None.


6.  **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☒  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):


d.  ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1)  ☐  It is currently set for trial on (*date*) <u>Not yet set</u>.

    (2)  ☒  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) <u>N/A</u>. The basis for this belief is (*specify*):  Movant's primary goal is to have dispute decided by Washington State Court of Appeals, i.e., to have trial court judgment against Movant vacated. Money deposited into registry of King County Superior Court ($26,030.00) will be released to whichever party prevails on appeal. Claims at issue arise, in part, under Washington state law. Appellate court is poised to rule on this matter, i.e., expeditiously decide in non-bankruptcy forum.

    (3)  ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):



    (3)  ☐  Multiple bankruptcy cases affecting the Property include:

    (A)  Case name:
        Case number:              Chapter:
        Date filed:        Date discharged:        Date dismissed:
        Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not granted.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

                                                                              78653\315579033.v1

(B) Case name:

    Case number:                           Chapter:

    Date filed:             Date discharged:           Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:

    Case number:                           Chapter:

    Date filed:             Date discharged:           Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

    ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 15, 2023 | Marc Rosenberg | *Marc Rosenberg* |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                      Page 8                      **F 4001-1.RFS.NONBK.MOTION**
                                                                     78653\315579033.v1

PETER L. ISOLA (SBN 144146)
pisola@hinshawlaw.com
HINSHAW & CULBERTSON LLP
50 California Street, Suite 2900
San Francisco, CA 94111
Telephone:    415-362-6000
Facsimile:    415-834-9070

Attorneys for Movant
MERCHANTS CREDIT CORPORATION

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF PETER L. ISOLA IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362 (ACTION IN NONBANKRUPTCY FORUM)**<br><br>Hearing:<br>Date:   January 17, 2024<br>Time:  1:30 p.m.<br>Place: Roybal Federal Building<br>        Courtroom 5C<br>        411 West Fourth Street<br>        Santa Ana, CA 92701 |

## <u>SUPPLEMENTAL DECLARATION OF PETER L. ISOLA</u>

I, Peter L. Isola, declare:

1.      I am an attorney at law admitted to practice before this Court and all courts in the State of California (CA State Bar No. 144146). I am a partner in Hinshaw & Culbertson LLP, counsel of record for moving party Merchants Credit Corporation ("Movant"), based in our firm's San Francisco office. I have reviewed records in the online docket for this Chapter 11 case and the procedures of this

Court. The facts provided herein are based on my personal knowledge and, if called upon as a witness, I could and would testify to the truth of these statements.

2.    I submit this declaration in support of the Movant's Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum). This motion is noticed for hearing with minimum 21 days' notice in compliance with LBR 9013-1(d)(2). To set this hearing date within 30 days, we had intended to notice the hearing for Wednesday 01/10/2024. However, because the Self-Calendaring information for Judge Clarkson shows the Court "DARK" for that day, the hearing is noticed for the Court's next available Wednesday (1:30 PM for Chapter 11 matters): 01/17/2024. For Movant, we reserve all rights to seek to have the hearing within 30 days. Upon the filing of this motion, I will meet and confer with counsel for Chapter 11 Trustee to determine whether a hearing date earlier than 01/17/2024 is feasible.

3.    Further, pursuant to the information available on Judge Clarkson's home pages – i.e., "Riverside and Santa Ana Calendaring Instructions" – this Declaration informs all interested parties that, for this motion in a case pending in the Court's Santa Ana division:  the hearing is noticed for ZoomGov; and the ZoomGov accessibility information will be provided by the Court in its tentative ruling prior to the hearing. See:  https://www.cacb.uscourts.gov/judges/self-calendaring/clarkson-s-santa-ana-riverside

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 15, 2023, in Mill Valley, California.

*/s/Peter L. Isola*
Peter L. Isola

SUPPLEMENTAL DECLARATION OF PETER L. ISOLA, ESQ.
Case No. 8:23-bk-10571-SC
1065766\315577130.v1

1 | PETER L. ISOLA (SBN 144146)
pisola@hinshawlaw.com
2 | HINSHAW & CULBERTSON LLP
50 California Street, Suite 2900
3 | San Francisco, CA 94111
Telephone:    415-362-6000
4 | Facsimile:    415-834-9070

5 | Attorneys for Movant
MERCHANTS CREDIT CORPORATION

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA**

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| | Chapter 11 |
| THE LITIGATION PRACTICE GROUP P.C., | **SUPPLEMENTAL DECLARATION OF MARC ROSENBERG IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362 (ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor. | |
| | Hearing: |
| | Date:    January 17, 2024 |
| | Time:    1:30 p.m. |
| | Place:   Roybal Federal Building |
| | Courtroom 5C |
| | 411 West Fourth Street |
| | Santa Ana, CA 92701 |

21 | I, Marc Rosenberg, declare and state as follows:

22 | 1.    I am an attorney admitted to practice in the State of Washington (WSBA No. 31034),

23 | the Eastern and Western Federal District Courts of Washington, the Ninth Circuit Court of Appeals,

24 | and the United States Supreme Court.  I am a shareholder in the law firm of Lee Smart, P.S., Inc, with

25 | offices in Seattle, Washington.  I represent the Movant, Merchants Credit Corporation, in:  *Trahan v.*

26 | *Merchants Credit Corporation*, King County Superior Court Case No. 22-2-01322-2 SEA

27 | (the "Washington State Court Action"); and *Merchants Credit Corporation v. Litigation Practice*

28 | *Group,* Washington Court of Appeals Div 1 No. 84104-1-I (SEA (the "Washington State Appeal").

1

**Background Facts**

2.     The following facts are known to me of my own personal knowledge and if called as a witness I could and would testify competently thereto.

3.     Attached as <u>Exhibit 1</u> is a true and correct copy of the 12/13/2023 docket summary of the Washington State Court Action, which reflects the filing of the Complaint.

4.     Attached as <u>Exhibit 2</u> is a true and correct copy of the 12/13/2023 docket summary of the Washington State Court Appeal.

5.     I submit this declaration in support of the Movant's Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum).

6.     In the spirit of brevity and judicial economy, I incorporate the facts set forth in pages 6-20 of Appellant's Opening Brief in the Washington State Court Appeal.  Attached as <u>Exhibit 3</u> is a true and correct copy of the 12/13/2023 docket summary of the Washington State Court Appeal.

7.     The primary issues in the Washington State Court of Appeal are whether the trial court erred when it (1) held Merchants in violation of RCW 4.84.185, despite the fact that Merchants' theories were supported by documentary evidence and a cogent legal theory, (2) denied Merchant's CR 56(f) motion to continuance the summary judgment motion to take two depositions, (3) granted summary judgment against Merchants and dismissed Merchants' two causes of action despite multiple issues of fact as to the elements of each claim, (4) entered judgment against Merchants in the amount of $26,030.00 and erred in awarding fees, both as to the grounds and amount of the award.

8.     The reasons why the judge in the Washington State Court Action clearly erred are set forth in Appellant's Opening Brief in the Washington State Court Appeal.  <u>Exhibit 3 at 21-60</u>.

9.     Following the judge's errors in the Washington State Court Action, Merchants posted a bond for $26,030.00 in the Washington superior court's registry.  That money, as well as Merchants' good name, awaits only a decision by the Washington Court of Appeals.

10.    The Washington State Appeal is fully briefed and the Court requested only a brief oral argument prior to ruling on these issues. See Ex. 2.  Merchants would also be satisfied just to have a ruling on the briefing, if LPG is also amenable to such.  Permitting the Court of Appeals to rule on this appeal would permit this claim to be liquidated and hopefully fully resolve the issues.

11.     On March 20, 2023, when oral argument was already scheduled in the Washington State Court Appeal, the Debtor filed this voluntary Chapter 11 bankruptcy case, _In re The Litigation Practice Group P.C., Debtor,_ Case No. 8:23-bk-10571-SC, which operated to stay the appeal pending in the Washington State Court of Appeals.

12.     Issues with David Trahan were resolved in the Washington State Court Action, so the only issues remaining in the Washington State Court of Appeals are between the Movant and Debtor.

**Relief from Stay**

13.     Merchants' primary goal in the Washington State Court Appeal is to regain its good name, which was sullied by erroneous holdings of the trial court judge, and to have the judgment against it vacated. Since LPG is in bankruptcy and it is likely that there would be little or no recovery against LPG by Merchants in light of this bankruptcy, it is most probable that Merchants would agree to voluntarily dismiss its claims against LPG, and the matter would be concluded.

14.     The money in dispute has already been deposited into the registry of King County Superior Court.  It is anticipated that the $26,030.00 at issue will be released to whichever party prevails in the Court of Appeals, as it is unlikely the Washington Supreme Court would take the case.

15.     Further, as the claims at issue arise, in part, under Washington state law, and the Washington Court of Appeals is already poised to decide the case, the matter would be most expeditiously decided in the Washington State Court of Appeals.

16.     At this time, the Movant seeks relief only to pursue reversal of the rulings against it in the Washington State Court Appeal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 15, 2023, at Seattle, Washington.

LEE SMART, P.S., INC.

_Marc Rosenberg_

Marc Rosenberg, WSBA # 31034
1800 One Convention Place
701 Pike Street
Seattle, WA 98101
(206) 262-8308
mr@leesmart.com

3

EXHIBIT 1

# King County Superior Court
# Clerk's Office

### Welcome to the Records Access Portal

**22-2-01322-2 SEA**

TRAHAN VS MERCHANTS CREDIT CORP AKA

Tort /Other – Appeal

| Request Access to Sealed Documents | Request Fee Waiver | Purchase/View Court records |

<u>Summary</u>      <u>Participants</u>      <u>Document List</u>      <u>Events</u>      <u>Judgments</u>

## Documents

### ⌄ Documents List

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 1 | 01/26/2022 | CMPTTO – Complaint for Tort – Other | | Plaintiff – DAVID TRAHAN | 8 | |
| 3 | 01/26/2022 | CICS – Case Information Cover Sheet | | | 1 | |
| 2 | 01/26/2022 | ORSCS-CV – Order Setting Case Schedule – Civil | | Clerk | 6 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 4 | 01/26/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 2 | |
| 5 | 01/26/2022 | NTHG - Notice of Hearing | | | 2 | |
| 6 | 01/26/2022 | MTDFL - Motion for Default | | Plaintiff - DAVID TRAHAN | 3 | |
| 7 | 01/26/2022 | DCLR - Declaration | OF PETER SCHNEIDER IN SUPPORT OF MOTION FOR DEFAULT | Plaintiff - DAVID TRAHAN | 11 | |
| 8 | 01/26/2022 | DCLRM - Declaration of Mailing | | | 2 | |
| 9 | 01/26/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 10 | 01/26/2022 | DCLRM - Declaration of Mailing | | | 2 | |
| 11 | 01/26/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 12 | 02/01/2022 | NTAPR - Notice of Appearance | | Defendant - MERCHANTS CREDIT CORP | 3 | |
| 13 | 02/01/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 14 | 02/01/2022 | AN3PC - Answer and Third Party Complaint | | | 26 | |
| 15 | 02/01/2022 | SM - Summons | | | 3 | |
| 16 | 02/01/2022 | SM - Summons | | | 3 | |
| 17 | 02/01/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 18 | 02/04/2022 | RSP - Response | | Defendant - MERCHANTS CREDIT CORP | 8 | |
| 19 | 02/04/2022 | DCLR - Declaration | OF MARC ROSENBERG | | 15 | |
| 20 | 02/04/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 22 | 02/07/2022 | NTHG - Notice of Hearing | | | 2 | |
| 23 | 02/07/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 24 | 02/07/2022 | NTAPR - Notice of Appearance | OF ROBERT W MITCHELL | | 3 | |
| 25 | 02/10/2022 | FAULTY - Faulty Document Notice | | Clerk | 1 | |
| 26 | 02/15/2022 | ORDMTP - Order Denying Petition Motion for Protection | EPVC | | 3 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 27 | 02/17/2022 | NTHG - Notice of Hearing | | | 2 | |
| 28 | 02/17/2022 | MTDSM - Motion to Dismiss | | Defendant - MERCHANTS CREDIT CORP | 4 | |
| 29 | 02/17/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 30 | 02/18/2022 | NTAB - Notice of Absence / Unavailability | | | 3 | |
| 31 | 02/18/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 32 | 02/18/2022 | ORDYMT - Order Denying Motion / Petition | | Plaintiff - DAVID TRAHAN | 2 | |
| 33 | 02/22/2022 | MTDSM - Motion to Dismiss | | Defendant - MERCHANTS CREDIT CORP | 2 | |
| 34 | 02/25/2022 | AN3PC - Answer and Third Party Complaint | | 3DF-3rd Party Defendant - LITIGATION PRACTICE GROUP | 18 | |
| 35 | 02/28/2022 | MTSMJG - Motion for Summary Judgment | AND FOR SANCTIONS | 3DF-3rd Party Defendant - LITIGATION PRACTICE GROUP | 18 | |
| 36 | 02/28/2022 | NTHG - Notice of Hearing | | | 2 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 37 | 02/28/2022 | DCLR - Declaration | PETER SCHNEIDER IN SUPPORT OF 3RD PTY DEFT'S MOTION FOR SUMMARY JUDGMENT AND SANCTIONS | 3DF-3rd Party Defendant - PETER SCHNEIDER | 2 | |
| 38 | 02/28/2022 | DCLR - Declaration | ROBERT MITCHELL IN SUPPORT OF 3RD PTY DEFTS' MTN FOR SUMMARY JUDGMENT AND SANCTIONS | | 397 | |
| 39 | 02/28/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 40 | 03/04/2022 | NTHG - Notice of Hearing | | | 3 | |
| 41 | 03/04/2022 | MTC - Motion to Continue | | Defendant - MERCHANTS CREDIT CORP | 15 | |
| 42 | 03/04/2022 | DCLR - Declaration | MARC ROSENBERG | | 46 | |
| 43 | 03/04/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 44 | 03/14/2022 | RSP - Response | TO THIRD-PARTY PLAINTIFF'S MOTION FOR CR 56(f) CONTINUANCE AND THIRDPARTY DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO CR 56(g) | 3DF-3rd Party Defendant - LITIGATION PRACTICE GROUP 3DF-3rd Party Defendant - PETER SCHNEIDER | 12 | |
| 45 | 03/14/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 46 | 03/14/2022 | RPY - Reply | OF CERT DEF/ THIRD PARTY DEF | | 7 | |
| 47 | 03/14/2022 | DCLR - Declaration | MARC ROSENBERG | Defendant - MERCHANTS CREDIT CORP | 61 | |
| 48 | 03/14/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 49 | 03/15/2022 | NTHG - Notice of Hearing | | | 2 | |
| 50 | 03/15/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 51 | 03/18/2022 | NT - Notice | STRIKING HEARING | | 3 | |
| 52 | 03/18/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | REGARDING ELECTRONIC SERVICE | | 1 | |
| 53 | 03/18/2022 | ORSTKIC - Order Striking: In Court | | | 2 | |
| 54 | 03/31/2022 | NTHG - Notice of Hearing | | | 3 | |
| 55 | 03/31/2022 | MTC - Motion to Continue | MOTION FOR SUMMARY JUDGMENT | Defendant - MERCHANTS CREDIT CORP | 16 | |
| 56 | 03/31/2022 | DCLR - Declaration | OF MARC ROSENBERG IN SUPPORT OF CONTINUANCE OF SUMMARY JUDGMENT | Defendant - MERCHANTS CREDIT CORP | 74 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 57 | 03/31/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 58 | 04/04/2022 | RSP - Response | IN OPPOSITION TO CONTINUE SUMMARY JUDGMENT | 3DF-3rd Party Defendant - LITIGATION PRACTICE GROUP | 27 | |
| 59 | 04/04/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 60 | 04/04/2022 | RPY - Reply | IN SUPPORT OF MOTION TO CONTINUE SUMMARY JUDGMENT | Defendant - MERCHANTS CREDIT CORP | 6 | |
| 61 | 04/04/2022 | DCLR - Declaration | MARC ROSENBERG | | 6 | |
| 62 | 04/04/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 63 | 04/11/2022 | RSP - Response | TO MOTION FOR SUMMARY JUDGMENT | Defendant - MERCHANTS CREDIT CORP | 27 | |
| 64 | 04/11/2022 | DCLR - Declaration | OF SCOTT WISWALL | | 8 | |
| 65 | 04/11/2022 | DCLR - Declaration | OF MARC ROSENBERG | | 241 | |
| 66 | 04/11/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 67 | 04/11/2022 | DCLR - Declaration | LAURA YORK | | 3 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 68 | 04/11/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 69 | 04/18/2022 | RPY - Reply | | 3DF-3rd Party Defendant - LITIGATION PRACTICE GROUP 3DF-3rd Party Defendant - PETER SCHNEIDER | 15 | |
| 70 | 04/20/2022 | ORDYMT - Order Denying Motion / Petition | TO CONTINUE | | 2 | |
| 71 | 04/22/2022 | MINS - Minutes Motion hearing | | | 1 | |
| 72 | 04/27/2022 | MT - Motion | FOR PREVAILING PARTY COSTS AND FEES | | 38 | |
| 73 | 04/27/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 74 | 04/28/2022 | ORGSJ - Order Granting Summary Judgment | DISMISS 3RD PARTY DEFS LITIGATION PRACTICE GROUP PC AND PETER SCHNEIDER | | 3 | |
| 75 | 05/06/2022 | RSP - Response | TO MOTION FOR ATTORNEYS FEES | Defendant - MERCHANTS CREDIT CORP | 15 | |
| 76 | 05/06/2022 | DCLR - Declaration | MARC ROSENBERG | | 15 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 77 | 05/06/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 78 | 05/09/2022 | RPY - Reply | ON MOTION FOR PREVAILING PARTY COSTS AND FEES | 3DF-3rd Party Defendant - LITIGATION PRACTICE GROUP | 5 | |
| 79 | 05/09/2022 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |
| 80 | 05/18/2022 | JD - Judgment | VS MERCHANTS CREDIT CORP | | 2 | |
| 81 | 05/18/2022 | JD - Judgment | COSTS & FEES | | 4 | |
| 82 | 05/25/2022 | NACA - Notice of Appeal to Court Of Appeals | | | 14 | |
| 83 | 05/25/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 84 | 06/02/2022 | NTCS - Notice of Cash Supersedeas | | | 7 | |
| 85 | 06/02/2022 | $BR - Bonds Received | | | 2 | |
| 86 | 06/03/2022 | NTAB - Notice of Absence / Unavailability | | | 3 | |
| 87 | 06/03/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 88 | 06/06/2022 | NTHG - Notice of Hearing | LIMITED ADMISSION | | 2 | |
| 89 | 06/06/2022 | MT - Motion | FOR ADMISSION PRO HAC VICE | | 6 | |
| 90 | 06/06/2022 | NTHG - Notice of Hearing | | | 2 | |
| 91 | 06/06/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 92 | 06/06/2022 | NTMTDK - Note for Motion Docket | | | 2 | |
| 93 | 06/06/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 94 | 06/08/2022 | AFML - Affidavit of Mailing | | | 2 | |
| 95 | 06/13/2022 | NTHG - Notice of Hearing | | | 2 | |
| 96 | 06/13/2022 | MTAF - Motion and Affidavit / Declaration | FOR ENTRAL FOR FINAL JUDGMENT | Defendant - MERCHANTS CREDIT CORP | 17 | |
| 97 | 06/13/2022 | RSP - Response | TO MOTION FOR PRO HAC VICE | Defendant - MERCHANTS CREDIT CORP | 4 | |
| 98 | 06/13/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 99 | 06/15/2022 | RSP - Response | MOTION FOR ENTRY OF FINAL JUDGMENT AND STAY PENDING APPEAL | 3DF-3rd Party Defendant - LITIGATION PRACTICE GROUP 3DF-3rd Party Defendant - PETER SCHNEIDER | 9 | |
| 100 | 06/15/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 101 | 06/21/2022 | RPY - Reply | ON MOTION | Defendant - MERCHANTS CREDIT CORP | 5 | |
| 102 | 06/21/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 103 | 06/22/2022 | DSGCKP - Designation of Clerk's Papers | 84104-1 | | 4 | |
| 104 | 06/22/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 105 | 06/22/2022 | RSP - Response | TO MERCHANTS CREDIT CORPORATION'S MOTION FOR ENTRY OF FINAL JUDGMENT AND TO STAY PENDING APPEAL. | Plaintiff - DAVID TRAHAN | 3 | |
| 106 | 06/22/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 107 | 06/23/2022 | ORAPHV - Order Appointing Pro Hac Vice | RICHARD MEIER | | 2 | |
| 109 | 06/28/2022 | CLKPPRS - Clerk's Papers Set | | Defendant - MERCHANTS CREDIT CORP | 500 | |
| 110 | 06/28/2022 | CLKPPRS - Clerk's Papers Set | | Defendant - MERCHANTS CREDIT CORP | 473 | |
| 111 | 06/28/2022 | CPINX - Clerk's Papers Index | | Defendant - MERCHANTS CREDIT CORP | 2 | |
| 112 | 06/29/2022 | DMJY12 - Demand for Jury - 12 Person | | Plaintiff - DAVID TRAHAN | 3 | |
| 113 | 06/29/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 114 | 06/30/2022 | FAULTY - Faulty Document Notice | | Clerk | 1 | |
| 115 | 06/30/2022 | OR - Order | DEFENDANTS MOTION FOR ENTRY OF FINAL JUDGMENT AND TO STAY PENDING APPEAL | | 7 | |
| 116 | 07/06/2022 | CJ - Confirmation of Joinder | | Plaintiff - DAVID TRAHAN | 3 | |
| 117 | 07/06/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 118 | 07/07/2022 | DCLR - Declaration | | Plaintiff - DAVID TRAHAN | 8 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 119 | 07/07/2022 | DCLR - Declaration | | 3DF-3rd Party Defendant - PETER SCHNEIDER | 8 | |
| 120 | 07/07/2022 | MTSMJG - Motion for Summary Judgment | PARTIAL | Plaintiff - DAVID TRAHAN | 15 | |
| 121 | 07/07/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 122 | 07/25/2022 | RSP - Response | TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT | Defendant - MERCHANTS CREDIT CORP | 28 | |
| 123 | 07/25/2022 | DCLR - Declaration | ALEXANDRA SANDOVAL | | 34 | |
| 124 | 07/25/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 125 | 08/01/2022 | RPY - Reply | | Plaintiff - DAVID TRAHAN | 11 | |
| 126 | 08/01/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 127 | 08/05/2022 | MINS - Minutes Summary judgment | | | 2 | |
| 128 | 08/05/2022 | ORGPSJ - Order Granting Partial Summary Judgment | | | 2 | |
| 129 | 08/15/2022 | NTHG - Notice of Hearing | | | 2 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 130 | 08/15/2022 | MTAF – Motion and Affidavit / Declaration | FOR RECONSIDERATION | Defendant – MERCHANTS CREDIT CORP | 13 | |
| 131 | 08/15/2022 | AFSRES – Affidavit / Declaration / Certificate of eService | | | 1 | |
| 132 | 08/22/2022 | DISW – Disclosure of Witnesses | | Defendant – MERCHANTS CREDIT CORP | 5 | |
| 133 | 08/22/2022 | AFSRES – Affidavit / Declaration / Certificate of eService | | | 1 | |
| 134 | 08/22/2022 | DISW – Disclosure of Witnesses | | | 3 | |
| 135 | 08/22/2022 | AFSRES – Affidavit / Declaration / Certificate of eService | | | 1 | |
| 136 | 09/02/2022 | ORMRC – Order on Motion for Reconsideration | DENIED | | 2 | |
| 137 | 11/18/2022 | MT – Motion | FOR PROTECTIVE ORDER | Plaintiff – DAVID TRAHAN | 7 | |
| 138 | 11/18/2022 | DCLR – Declaration | PETER M. SCHEIDER | | 56 | |
| 139 | 11/18/2022 | NTHG – Notice of Hearing | | | 2 | |
| 140 | 11/18/2022 | AFSRES – Affidavit / Declaration / Certificate of eService | | | 1 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 141 | 11/28/2022 | RSP – Response | TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER | Defendant – MERCHANTS CREDIT CORP | 13 | |
| 142 | 11/28/2022 | DCLR – Declaration | MARC ROSENBERG | | 49 | |
| 143 | 11/28/2022 | DCLR – Declaration | MARC ROSENBERG | Defendant – MERCHANTS CREDIT CORP | 20 | |
| 144 | 11/28/2022 | AFSRES – Affidavit / Declaration / Certificate of eService | | | 1 | |
| 145 | 11/30/2022 | RPY – Reply | TO PROTECTIVE ORDER | Plaintiff – DAVID TRAHAN | 5 | |
| 146 | 11/30/2022 | AFSRES – Affidavit / Declaration / Certificate of eService | | | 1 | |
| 148 | 11/30/2022 | ORPTH – Order to Appear for Pretrial HRG / CONF | | | 1 | |
| 147 | 12/01/2022 | NTHG – Notice of Hearing | SUMMARY JUDGMENT | | 2 | |
| 149 | 12/07/2022 | NTHG – Notice of Hearing | | | 2 | |
| 150 | 12/07/2022 | MT – Motion | FOR PROTECTIVE ORDER TO QUASH DEPOSITION | Defendant – MERCHANTS CREDIT CORP | 13 | |
| 151 | 12/07/2022 | DCLR – Declaration | MARC ROSENBERG | | 42 | |
| 152 | 12/07/2022 | AFSRES – Affidavit / Declaration / Certificate of eService | | | 1 | |

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 153 | 12/09/2022 | NTHG - Notice of Hearing | | | 2 | |
| 154 | 12/09/2022 | MTSMJG - Motion for Summary Judgment | | Defendant - MERCHANTS CREDIT CORP | 20 | |
| 155 | 12/09/2022 | DCLR - Declaration | IN SUPPORT OF MOTION | Defendant - MERCHANTS CREDIT CORP | 84 | |
| 156 | 12/09/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 157 | 12/15/2022 | RSP - Response | TO MOTION TO QUASH DEPOSITION AND REQUEST FOR A CONTINUANCE | Plaintiff - DAVID TRAHAN | 3 | |
| 158 | 12/15/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 159 | 12/30/2022 | NTSSTD - Notice of Settlement and Authorization for Clerk to Strike Trial Date | | | 1 | |
| 160 | 12/30/2022 | AFSRES - Affidavit / Declaration / Certificate of eService | | | 1 | |
| 161 | 01/04/2023 | ORDSMWP - Order of Dismissal With Prejudice | | | 2 | |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

# EXHIBIT 2

  CourtLink (Dockets)      History    Help    More

Document:    841041, Merchants Credit Corporation, Appellant v. Litigation Practice Group P.C., Responde...    Actions⌄

    Go to ⌄     🔔                                                    ‹ 1 of 1 │ Results list ›

# 841041, Merchants Credit Corporation, Appellant v. Litigation Practice Group P.C., Respondents

WA Court Of Appeals - Division I

DIVISION I

**This case was retrieved on 12/13/2023**

## ▾Header

**Case Number:** 841041
**Date Filed:** 05/25/2022
**Date Full Case Retrieved:** 12/13/2023
**Status:** Open
**Misc:** (12) Notice of Appeal; Appeal

## ▾Summary

**Date Received**: 05/27/2022
**Filing Fee**: Paid
**Internal Case Notes**: Sealed Notes

## ▾Participants

| Litigants | Attorneys |
|---|---|
| MERCHANTS CREDIT CORP<br>**Appellant** | Marc Rosenberg<br>Appellant<br>31034<br>Lee Smart PS Inc<br>701 Pike St Ste 1800<br>206-262-8308<br>mr@leesmart.com<br>CityStateZip: Seattle WA 98101-3929<br>Fax: 206-624-5944 |
| LITIGATION PRACTICE GROUP<br>**Respondent** | Peter Michael Schneider<br>Respondent<br>43131<br>Attorney at Law<br>10900 NE 4th St Ste 2300<br>424-282-1804<br>peter.schneider@morninglawgroup.com<br>CityStateZip: Bellevue WA 98004-5882<br>Fax: 425-609-0066 |

Litigants

Attorneys

Robert W Mitchell

Respondent

37444

Attorney at Law

1020 N Washington St

509-327-2224

bobmitchellaw@yahoo.com

CityStateZip: Spokane WA 99201-2237

Fax: 888-840-6003

David Trahan

**Other Party**

## ▼Lower Court

Trial Court: KING COUNTY SUPERIOR COURT
Trial Court Case Number: 222013222
Trial Court Judge: GALVAN, VERONICA ALICEA JUDICIAL OFFICER
Trial Court Judgment Date: 05/18/2022

## ▼Proceedings

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 05/25/2022 | | | Description<br>Notice of Appeal<br>Action<br>Filed |
| 05/27/2022 | | | Description<br>Case Received and Pending<br>Action<br>Status Changed |
| 06/03/2022 | | | Description<br>Perfection Letter<br>Action<br>Sent by Court |
| 06/06/2022 | | | Description<br>Letter<br>Notes<br>calling for response |
| 06/06/2022 | | | Description<br>Motion for stay in Trial Court<br>Action<br>Filed<br>Participant<br>ROSENBERG, MARC<br>Notes<br>Comment: w/ appendix |
| 06/21/2022 | | | Description<br>Reply to Response<br>Participant<br>ROSENBERG, MARC |
| 06/21/2022 | | | Description<br>Response to motion<br>Participant<br>MITCHELL, ROBERT W - Attorney |
| 06/22/2022 | | | Description<br>Designation of Clerks Papers<br>Action<br>Filed<br>Participant<br>ROSENBERG, MARC |
| 06/22/2022 | | | Description<br>Statement of Arrangements<br>Action<br>Filed<br>Participant<br>ROSENBERG, MARC |

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 06/27/2022 | | | Description<br>E-mail<br>Action<br>Sent by Court<br>Notes<br>Comment: Respondent's designation of clerk's papers and statement of arrangements are rejected. As per my conversation with Mr. Schneider this morning, it is the responsibility of the appellant to perfect the record on appeal. Appellant has already filed a designation of clerk's papers and statement of arrangements on June 22, 2022 for most or all of the same record as was in the respondent's designation of clerk's papers and statement of arrangements. To the extent that some documents or transcripts were not included on the appellant's documents, the respondent may file a supplemental designation of clerk's papers with the Superior Court prior to or at the time of filing their respondent's brief. |
| 06/29/2022 | | | Description<br>Calling for Response<br>Participant<br>KOH, JENNIFER - Commissioner<br>Notes<br>Based on the supplemental declaration filed by Merchants Credit Corporation on June 28, 2022, it appears that the circumstances of this case have changed since the trial court's entry of final judgment supported by CR 54(b) findings on the same day. Respondent Litigation Practice Group may file any supplemental answer to the pending motion for stay by or before July 8, 2022. |
| 06/29/2022 | | | Description<br>Response<br>Participant<br>ROSENBERG, MARC - Attorney<br>Notes<br>Supplemental Declaration of Marc Rosenberg on Motion Seeking Determination of Review Status and Stay in the Superior Court |
| 07/06/2022 | | | Description<br>Report of Proceedings<br>Action<br>Filed<br>Notes<br>Comment: 4/22/22 TCJ Galvan, Transcribed by Mary Paradise w/ RJW |
| 07/06/2022 | | | Description<br>Record Ready<br>Action<br>Status Changed |
| 07/12/2022 | | | Description<br>Ruling on Motions<br>Participant<br>KANAZAWA, MASAKO - Commissioner<br>Notes<br>This case involves multiple claims brought against multiple parties. In such a case, an appeal may be taken from a final judgment that does not dispose of all the claims as to all the parties "only after an express direction by the trial court for entry of judgment and an express determination in the judgment, supported by written findings, that there is no just reason for delay." RAP 2.2(d); CR 54(b). Here, the trial court dismissed, on a summary judgment motion, defendant Merchants Credit Corporation's counterclaims against plaintiff Trahan's counsel, third-party defendant Litigation Practice Group, and imposed CR 11 sanctions against Merchant. In light of the trial court's CR 54(b) findings and entry of a partial final judgment, Merchants may proceed with the appeal as of right. However, Merchants' motion to stay the trial court proceedings is denied. When review is accepted from a decision that does not dispose of all the claims as to all the parties, "the trial court retains full authority to act in the portion of the case that is not being reviewed by the appellate court." RAP 7.2(l) |

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| | | | (emphasis added); Willapa Trading Co. v. Muscanto, Inc., 45 Wn. App. 779, 784, 727 P.2d 687 (1986) (acceptance of review of an order of dismissal as to some but not all claims did not prevent trial court from proceeding to trial on remaining issues). The trial court has denied Merchants' motion to stay its proceedings. Merchants could have waited until a final judgment in the entire lawsuit to appeal from the dismissal of its counterclaims but instead chose to seek immediate review of the dismissal and the CR 11 sanctions. Merchants presents no compelling reason to override the trial court's discretionary decision not to stay its proceedings. |
| 07/12/2022 | | | Description<br>Response<br>Participant<br>MITCHELL, ROBERT W - Attorney<br>Notes<br>Based on the supplemental declaration filed by Merchants Credit Corporation on June 28, 2022, it appears that the circumstances of this case have changed since the trial court's entry of final judgment supported by CR 54(b) findings on the same day. Respondent Litigation Practice Group may file any supplemental answer to the pending motion for stay by or before July 8, 2022. |
| 07/15/2022 | | | Description<br>Clerk's Papers<br>Participant<br>ROSENBERG, MARC - Attorney<br>Notes<br>Volume 1 1 - 500 Volume 2 501 - 973 |
| 08/19/2022 | | | Description<br>Appellants brief<br>Action<br>Filed<br>Participant<br>ROSENBERG, MARC<br>Notes<br>Comment: 10,558 words to web |
| 09/12/2022 | | | Description<br>Motion to Extend Time to File<br>Participant<br>MITCHELL, ROBERT W - Attorney<br>Notes<br>30 days |
| 09/19/2022 | | | Description<br>Ruling on Motions<br>Participant<br>ENNIS, LEA |
| 10/20/2022 | | | Description<br>Motion for Sanctions<br>Participant<br>ROSENBERG, MARC - Attorney<br>Notes<br>APPELLANT'S MOTION TO COMPEL FILING OF BRIEF OF RESPONDENT OR FOR SANCTIONS PURSUANT TO RAP 10.2(i), RAP 11.2(a), AND RAP 18.9(a) |
| 10/21/2022 | | | Description<br>Respondents brief<br>Action<br>Filed<br>Participant<br>MITCHELL, ROBERT W<br>Notes<br>Comment: 11,975 words to web |
| 10/21/2022 | | | Description<br>Ready<br>Action<br>Status Changed<br>Notes<br>Comment: conflicts checked, screener 1/12/23 |
| 10/24/2022 | | | Description<br>Letter<br>Participant<br>ROSENBERG, MARC - Attorney |

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| | | | Notes<br>APR due date |
| 10/26/2022 | | | Description<br>Telephone Call<br>Action<br>Received by Court<br>Participant<br>MITCHELL, ROBERT W<br>Notes<br>Comment: Regarding motion for extension of time to file respondent's brief - counsel for respondent is out of town until 10/31/22 and unable to file electronically. He will file the motion on 10/31/22. |
| 10/31/2022 | | | Description<br>Ruling on Motions<br>Participant<br>KANAZAWA, MASAKO<br>Notes<br>Respondent's motion for extension is granted. |
| 10/31/2022 | | | Description<br>Reply to Response<br>Participant<br>ROSENBERG, MARC |
| 10/31/2022 | | | Description<br>Response to motion<br>Participant<br>MITCHELL, ROBERT W<br>Notes<br>Response and motion for extension of time to file his brief. |
| 11/18/2022 | | | Description<br>Appellants Reply brief<br>Action<br>Filed<br>Participant<br>ROSENBERG, MARC<br>Notes<br>Comment: 5,909 words to web |
| 01/12/2023 | | | Description<br>Screened<br>Action<br>Status Changed |
| 02/01/2023 | | | Description<br>Oral Argument Setting Letter<br>Action<br>Sent by Court |
| 02/27/2023 | | | Description<br>Other<br>Action<br>Filed<br>Participant<br>MITCHELL, ROBERT W<br>Notes<br>Comment: Notice of Potential Conflict |
| 03/01/2023 | | | Description<br>Appellant Additional Authorities<br>Action<br>Filed<br>Participant<br>ROSENBERG, MARC<br>Notes<br>Comment: 251 words to web and circ to panel same day |
| 03/03/2023 | | | Description<br>Other Ruling<br>Participant<br>ENNIS, LEA - Court Clerk<br>Notes<br>The panel is in receipt of the joint notice filed on February 27, 2023. While Judge Hazelrigg disagrees with the parties' interpretation of relevant authority and their conclusion regarding a conflict, she will accede to their request to recuse. |
| 03/03/2023 | | | Description<br>Other Ruling<br>Action<br>Filed |

| Date ∧ | # ◇ | Proceeding Text ◇ | Details ◇ |
|---|---|---|---|
| | | | Participant<br>ENNIS, LEA<br>Notes<br>Comment: At the direction of the panel and in light of Judge Hazelrigg's recusal, another judge will be appointed at the court's convenience and the oral argument hearing set on March 9, 2023 will be continued to a later date. |
| 03/09/2023 | | | Description<br>Oral Argument Hearing<br>Action<br>Cancelled<br>Notes<br>Comment: 11:00 AM Coburn Linda Hazelrigg Cecily Dwyer Stephen Removed from calendar on Thu Mar 09 00:00:00 PST 2023 |
| 05/05/2023 | | | Description<br>Oral Argument Setting Letter<br>Action<br>Sent by Court |
| 05/10/2023 | | | Description<br>Other Ruling<br>Action<br>Filed<br>Participant<br>ENNIS, LEA<br>Notes<br>Comment: Aat the direction of the panel, the hearing set on June 9, 2023 is stricken. Oral argument will be re-set in a future term with the specific date and time to be determined. |
| 06/09/2023 | | | Description<br>Oral Argument Hearing<br>Action<br>Cancelled<br>Notes<br>Comment: 9:30 AM Coburn Linda Bowman Bill Dwyer Stephen Removed from calendar on Fri Jun 09 00:00:00 PDT 2023 |
| 06/15/2023 | | | Description<br>Oral Argument Setting Letter<br>Action<br>Sent by Court |
| 07/18/2023 | | | Description<br>Motion for Stay<br>Action<br>Filed<br>Participant<br>MITCHELL, ROBERT W<br>Notes<br>Comment: Respondent's Motion for Stay of Proceedings pending Chapter 11 Bankruptcy in U.S. Bankruptcy Court for the Central District of California, Cause No. 8:23-bk-10571-SC Declaration of Attorney Robert Mitchell |
| 07/19/2023 | | | Description<br>Ruling to stay<br>Participant<br>ENNIS, LEA - Court Clerk<br>Notes<br>At the direction of the panel, the motion for stay of proceedings is granted and oral argument set for July 26, 2023 is stricken. |
| 07/20/2023 | | | Description<br>Stayed, Bankruptcy<br>Action<br>Status Changed |
| 07/26/2023 | | | Description<br>Oral Argument Hearing<br>Action<br>Cancelled<br>Notes<br>Comment: 9:30 AM Feldman Leonard Coburn Linda Dwyer Stephen Removed from calendar on Wed Jul 26 00:00:00 PDT 2023 |
| 11/29/2023 | | | Description<br>Other Ruling |

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| | | | Action<br>Filed<br>Participant<br>KOH, JENNIFER<br>Notes<br>Comment: The parties are requested to file a status report by December 20, 2023. |
| 12/20/2023 | | | Description<br>Check case Information<br>Action<br>Due<br>Notes<br>Comment: Filed for Chapter 11 Bankruptcy - status, to comm 11/29/23 |
| 12/20/2023 | | | Description<br>Status Report<br>Action<br>Due<br>Participant<br>MITCHELL, ROBERT W |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***



About

Privacy Policy

Cookie Policy

Terms & Conditions

RELX™

Copyright © 2023 LexisNexis.

# EXHIBIT 3

FILED
Court of Appeals
Division I
State of Washington
8/19/2022  8:00 AM

NO. 84104-1-I

COURT OF APPEALS STATE OF WASHINGTON
DIVISION I

_____

MERCHANTS CREDIT CORPORATION,

Third-Party Plaintiff / Appellant.

v.

LITIGATION PRACTICE GROUP, PC,

Third-Party Defendant / Respondent.

_____

APPELLANT'S OPENING BRIEF

_____

Marc Rosenberg, WSBA No. 31034
Of Attorneys for Appellant
Merchants Credit Corporation

LEE SMART, P.S., INC.
1800 One Convention Place
701 Pike Street
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

6994977.doc

# TABLE OF CONTENTS

**Page**

I.     **INTRODUCTION**....................................................... 1

I.     **ASSIGNMENTS OF ERROR** ................................. 4

II.    **STATEMENT OF THE CASE**................................. 6

      A.    Mr. Trahan submitted a POA that limited LPG to negotiating settlement on Mr. Trahan's behalf, and prohibited LPG from taking actions beyond that . .......................................................... 6

      B.    When LPG exceeded the authority of the POA, and refused to provide evidence of authority to serve a complaint, Merchants brought third-party claims against LPG. ........... 8

      C.    For months after filing a summary judgment moton, LPG stonewalled Merchants and would not provide any evidence supporting authority to file a lawsuit. ................................. 9

      D.    The trial court ratified LPG's stonewalling by denying Merchants' CR 56(f) Motion, and erred in dismissing Merchants' claims and sanctioning Merchants under RCW 4.84.185. ......................................................... 15

III.   **SUMMARY OF ARGUMENT**................................ 20

IV.   **ARGUMENT** .......................................................... 21

      A.    Standard of review. .......................................... 21

      B.    Merchants causes of action were supported by facts and law, did not violate

RCW 4.84.185, and the sanctions order and
judgment should therefore be reversed............ 22

1.      Merchants had a basis in law and fact
        to assert CROA claims. ......................... 23

2.      Merchants had a basis in law and fact
        to assert CPA claims. ........................... 27

3.      The superior court's order was wrong,
        and must be reversed. ........................... 36

C.    The trial court abused its discretion in
      denying Merchants' CR 56(f) motion. ............ 37

D.    The trial court erred in dismissing
      Merchants' causes of action on summary
      judgment. ......................................... 40

1.      Merchants raised a genuine issue of
        material fact that should have
        prevented summary judgment on the
        CROA claim. ........................................ 41

2.      Merchants raised genuine issues of
        material fact that should have
        prevented summary judgment on the
        CPA claim. ........................................ 43

E.    The trial court erred in sanctioning
      Merchants by awarding fees, both as to the
      grounds and amount of the award. ................. 49

1.      Sanctions should not be used as a fee-
        shifting mechanism, and the recipient
        should mitigate the need for
        sanctions. ......................................... 50

2.      Even if the lodestar applied to a
        sanction award, the superior court
        erred by not reducing the amount

6994977.doc

sought for duplicative and
unnecessary work. ................................. 54

F.    Merchants seeks fees and costs on appeal. ....... 60

**V.    CONCLUSION**.......................................................... **61**

**CERTIFICATE OF SERVICE**.......................................... **63**

6994977.doc

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balise v. Underwood*, 62 Wn.2d 195, 381 P.2d 966 (1963) ... 40, 44

*Berryman v. Metcalf*, 177 Wn. App. 644, 312 P.3d 745, 755 (2013) ............................................................................ 55, 56

*Biggs v. Vail*, 124 Wn.2d 193, 876 P.2d 448 (1994) ............... 51

*Bldg. Indus. Ass'n of Washington v. McCarthy*, 152 Wn. App. 720, 218 P.3d 196 (2009) ..................................................... 22

*Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 829 P.2d 1099 (1992) ................................................................................... 51

*Butler v. Joy*, 116 Wn. App. 291, 65 P.3d 671 (2003) ....... 21, 39

*Coggle v. Snow*, 56 Wn. App. 499, 784 P.2d 554 (1990) ....................................................................... 38, 39

*Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 152 Wn. App. 229, 215 P.3d 990 (2009) ................................................ 54, 56

*Eriks v. Denver*, 118 Wn.2d 451, 824 P.2d 1207 (1992) ....................................................................... 31, 45

*Felsman v. Kessler*, 2 Wn. App. 493, 468 P.2d 691 (1970) ....................................................................... 41, 47

*Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 858 P.2d 1054 (1993) .................... 34

*Fite v. Lee*, 11 Wn. App. 21, 521 P.2d 964 (1974) ................ 26

*Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (1986) ........................... 27, 28, 32, 33, 43, 47

*Hanna v. Margitan*, 193 Wn. App. 596, 373 P.3d 300, (2016) ....................................................................... 22

*Highland Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 202 P.3d 1024 (2009) .................................................................. 52

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 170 P.3d 10 (2007) ......... 35

*Keyes v. Bollinger*, 31 Wn. App. 286, 640 P.2d 1077 (1982).. 34

*Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 792 P.2d 142 (1990) ................................................................................. 33

*Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 200 P.3d 695, (2009) ................................................................................. 45

*Nordstrom, Inc. v. Tampourlos,* 107 Wn.2d 735, 733 P.2d 208 (1987) ............................................................................. 32, 34

*Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 204 P.3d 885 (2009)
.............................................. 27, 28, 29, 31, 32, 33, 34, 35, 45

*Perdue v. Kenny A, ex. rel. Winn*, 559 U.S. 542, 130 S. CT. 1662, 176 L. Ed. 2d 494 (2010) ............................................ 56

*Powell v. Viking Ins. Co.*, 44 Wn. App. 495, 722 P.2d 1343 (1986) ................................................................................. 40

*Rush v. Blackburn*, 190 Wn. App. 945, 361 P.3d 217, (2015) ............................................................................................ 33

*Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 859 P.2d 1210, (1993) ............................................................................. 54, 55

*Skimming v. Boxer*, 119 Wn. App. 748, 82 P.3d 707 (2004) ... 22

*Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 38 P.3d 1024 (2002) .......................................................................... 34

*Strauss v. Premera Blue Cross*, 194 Wn.2d 296, 449 P.3d 640 (2019) ............................................................................. 21, 40

*Tallmadge v. Aurora Chrysler Plymouth, Inc.*, 25 Wn. App. 90, 605 P.2d 1275 (1979) ........................................................... 34

*Taylor-Burns v. AR Res., Inc.*, 268 F. Supp. 3d 592 (S.D.N.Y. 2017) .............................................................................. 25, 26

*Tellevik v. Real Prop. Known as 31641 W. Rutherford St., Located in City of Carnation, Wash.*, 120 Wn.2d 68, 838 P.2d 111 (1992) .............................................................. 39

*Webb v. Ray*, 38 Wn. App. 675, 688 P.2d 534 (1984) ............. 34

**Statutes**

15 U.S.C. § 1679 ..................................................... 9, 23, 28, 32

15 U.S.C. § 1679a(3) .................................................... 7, 24, 41

15 U.S.C. § 1679c ............................................................... 24

15 U.S.C. § 1679f(c) ........................................................... 25

Credit Repair Organizations Act ("CROA") ..... 9, 17, 20, 23, 24, 25, 26, 27, 28, 32, 41, 42

Fair Debt Collection Practices Act (FDCPA) .................... 25, 32

RCW 19.86 ........................................................................ 53

RCW 19.86.010(1) .............................................................. 28

RCW 19.86.020 .................................................................. 27

RCW 19.86.090 .............................................................. 28, 60

RCW 4.84.185 ..........................................................................
1, 4, 5, 15, 18, 19, 20, 21, 22, 36, 37, 42, 49, 50, 51, 52, 53, 61

RCW 49.60 ........................................................................ 53

Washington's Consumer Protection Act ("CPA") .......................
9, 16, 17, 20, 23, 27, 28, 29, 31, 32, 33, 35, 36, 41, 42, 43, 44, 45, 46, 47, 48, 53

**Rules**

CR 11 ....................................................................... 18, 42, 51

6994977.doc

CR 56(f)................................ 1, 3, 4, 15, 17, 21, 37, 38, 39, 57, 61

RAP 14.3 ................................................................................ 60

RAP 18.1(b)............................................................................. 60

**Other Authority**
WPI 15.01................................................................................ 35

6994977.doc

## I.  INTRODUCTION

Appellant Merchants Credit Corporation ("Merchants") requests that this Court reverse the decisions of the superior court, which include (1) denial of a CR 56(f) motion that would have permitted Merchants to depose the plaintiff David Trahan, in the superior court, before dismissal of its third-party claims, (2) dismissal of Merchants' third-party claims against Respondent Litigation Practice Group, PC ("LPG"), and (3) imposition of sanctions against Merchants under RCW 4.84.185, despite the fact that Merchants' claims were based on a cohesive legal theory using two causes of action, and rested on objective facts and documentary evidence.

In brief, the basic facts of the case are as follows. LPG provided Merchants with a Durable Power of Attorney ("POA"), which limited LPG's authority solely to negotiating a settlement between Merchants and Mr. Trahan.  Soon after receiving this POA, LPG served a lawsuit against Merchants

which, according to the POA, was an action in excess of the authority given to LPG by Mr. Trahan.

Merchants requested LPG to provide evidence that Mr. Trahan authorized it to exceed the limited scope of authority imposed on LPG by the POA.  LPG repeatedly refused to provide such evidence. LPG then filed this lawsuit and moved for default, compelling Merchants to take action. Merchants filed its answer and two third-party claims that included the premise that this lawsuit is void and that LPG, for its own financial benefit, had damaged Merchants by filing a lawsuit beyond the limited authority imposed on it by the POA.

Merchants attempted to conduct written discovery on LPG, and take Mr. Trahan's deposition, but these efforts were categorically impeded by LPG's stonewalling.  LPG then filed a motion for summary judgment and for sanctions against Merchants, while refusing to permit Merchants to first take Mr. Trahan's deposition.  After months of stonewalling, and well after filing its summary judgment motion, LPG provided a very

6994977.doc

2

terse declaration of Mr. Trahan and heavily redacted document, each of which raised more issues of fact than they resolved. For example, the redacted document that purportedly gave LPG authority to sue Merchants predated the POA, and so did not remove the limitations of the POA.  Mr. Trahan's declaration also states this permission to bring a lawsuit was provided at a time when Mr. Trahan was not in default of his loan and had no reason for litigation, while he then would have withdrawn such authority by the POA once litigation had actually commenced.

It was necessary to depose Mr. Trahan on this declaration prior to a summary judgment hearing, and Merchants moved for a CR 56(f) continuance, but the superior court denied the motion and refused to permit Merchants to take Mr. Trahan's deposition prior to the summary judgment hearing.  The superior court then wrongfully proceeded to summarily dismiss all of Merchants claims against LPG, despite the claims being based on evidence and legal authority, and entered judgment against Merchants for over $26,000.00 based on an improper

6994977.doc

3

sanctions award, when Merchants had produced evidence and supported the elements of its claims and raised genuine issues of fact that should have precluded summary judgment.

This Court should reverse the superior court on multiple grounds, remedy the injustice committed against Merchants, vacate the orders and judgments against Merchants, and remand for determination of these issues, hopefully by a different judge that is willing to provide Merchants with a fair opportunity to litigate its claims.

## I.  ASSIGNMENTS OF ERROR

*Assignments of Error*

1.    The trial court abused its discretion when it held Merchants in violation of RCW 4.84.185, despite the fact that Merchants' theories were supported by documentary evidence and a cogent legal theory.

2.    The trial court abused its discretion when it denied Merchants a CR 56(f) continuance to take two depositions.

6994977.doc

4

3.      The trial court erred where it granted summary judgment against Merchants and dismissed Merchants' two causes of action despite multiple issues of fact as to the elements of each claim.

4.      The trial court erred by entering judgment against Merchants and compelling Merchants to immediately pay LPG attorney fees.

5.      The trial court erred in awarding fees, both as to the grounds and amount of the award.

*Issues Pertaining to Assignments of Error*

1.      Whether this Court should reverse the superior court's finding of a violation of RCW 4.84.185, vacate the judgment against Merchants, and order release to Merchants the bond currently being held by the superior court.

2.      Whether this Court should reverse the superior court's grant of summary judgment to LPG, and remand Merchants' claims back to superior court, with instructions to

6994977.doc

permit depositions and discovery to proceed prior to any further dispositive motions.

3.      Whether the matter should be assigned to a new judge in the superior court so that the matter may proceed with the appearance of fairness.

## II.  STATEMENT OF THE CASE

### A.    Mr. Trahan submitted a POA that limited LPG to negotiating settlement on Mr. Trahan's behalf, and prohibited LPG from taking actions beyond that.

On June 11, 2021, judgment was entered against David Trahan.  CP 482-84, 631-33.

On October 11, 2021, LPG sent a fax to Merchants that included a Durable Power of Attorney contract between LPG and Mr. Trahan ("POA").  CP 609, 612-15. The POA indicated that the authority of LPG was limited to contacting creditors, sharing personal information with creditors, and offering settlement terms to creditors on his overdue debts.  *Id*.  In the POA, Mr. Trahan required: "The Duties performed by

6994977.doc

6

Litigation Practice Group will be limited in scope to the above-mentioned action." *Id.*

LPG represented itself as a credit repair organization when negotiating with Merchants, and additional evidence of LPG's role as a credit repair organization was also evident.[1] See CP 608-09, 611, 627, 691- 716, 748-854, 857-58. This evidence includes: (1) witness testimony, (2) web searches that identify LPG as synonymous with credit repair, (3) LPG's own website, (3) a class action lawsuit alleging LPG holds itself out as a credit repair organization and then fails to fulfill its promises; and (4) hundreds of Better Business Bureau ("BBB") complaints that say LPG promises credit repair and then fails to deliver. *Id.*

On December 9, 2021, despite the limitation on LPG's authority set forth in the POA, LPG served Merchants with an unfiled copy of a lawsuit related to Mr. Trahan.  CP 1-8.

---

[1] The term "credit repair organization" is defined in 15 U.S.C. § 1679a(3).

6994977.doc

7

On January, 3, 2022, Merchants sent a letter to LPG: (1) offering to settle the underlying matter, (2) noting that lawsuit exceeded the scope of the POA, and (3) requesting an agreement showing that Mr. Trahan had extended his POA to authorize a lawsuit. CP 469, 489.

On January 14, 2022, Merchants sent an email to LPG providing the POA limiting LPG's authority and again requested LPG provide evidence that Mr. Trahan had granted LPG the authority to commence the instant lawsuit. CP 469, 490. Counsel refused to provide evidence of authority to file the lawsuit. *Id.*

> **B.    When LPG exceeded the authority of the POA, and refused to provide evidence of authority to serve a complaint, Merchants brought third-party claims against LPG.**

On January 26, 2022, LPG filed a Complaint and a Motion for Default without warning. CP 1-8, 469. LPG thus forced Merchants to respond immediately. *Id.*

On February 1, 2022, Merchants filed an Answer, Affirmative Defenses, and Third-Party Claims. 9-22. The

6994977.doc

8

third-party claims allege  that, if LPG commenced a lawsuit against Merchants on behalf of Mr. Trahan beyond the express limitations of the POA on LPG as set forth in the POA, and no authority was provided to expand LPG's limited authority, it would constitute a violation of Washington's Consumer Protection Act ("CPA") and the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679.  CP 16-21.

**C.    For months after filing a summary judgment moton, LPG stonewalled Merchants and would not provide any evidence supporting authority to file a lawsuit.**

On February 4, 2022, Merchants served eight interrogatories and 10 requests for production seeking whether LPG had obtained subsequent authorization from Mr. Trahan to bring this lawsuit after the limitations on LPG that he had placed on LPG in the POA.  CP 469-470, 493-505.

On February 8, 2022, LPG demanded Merchants dismiss its third-party claims.  CP 470, 506.  Merchants indicated that it would consider dismissing third-party claims if LPG would simply provide evidence that LPG had obtained subsequent

6994977.doc

authorization from Mr. Trahan to bring this lawsuit after the limitations on LPG that he had placed on LPG in the POA. CP 470, 507-08.

On February 9, 2022, LPG made the same demand, this time under threat of sanctions.  470, 509.  Merchants provided the same response, indicating that it would consider dismissing third-party claims if LPG would simply provide evidence that LPG had obtained subsequent authorization from Mr. Trahan to bring this lawsuit after the limitations on LPG that he had placed on LPG in the POA.  *Id.*

On February 28, 2022, Merchants requested March deposition dates for Mr. Trahan.  CP 470, 512.  LPG refused to sit for deposition before late April.  *Id.*  LPG then noted a summary judgment motion for April 1, 2022.  *Id.*  Merchants requested LPG continue the premature motion until Plaintiff sat for a deposition.  CP 470, 510.  LPG responded that it would not continue the motion, and would not provide any substantive discovery responses to Merchants.  CP 470, 513.

6994977.doc

On March 9, 2022, neither Mr. Trahan nor LPG provided either responses or objections to Merchants discovery requests, which were then due.  CP 471.

On March 10, 2022, Merchants told Mr. Trahan it would grant a 30-day extension to respond to discovery requests if Mr. Trahan would provide evidence that he had granted LPG powers beyond those limited powers set forth in the POA. CP 471, 516. Plaintiff would not provide the evidence.  *Id.*

Merchants set discovery conferences on March 15, 2022 for LPG and March 16, 2022 for Plaintiff.  CP 471.

On March 15, 2022, LPG said that, within the next couple of days, it would produce a declaration from Mr. Trahan and copy of an agreement with LPG in response to RFP No. 1, and the parties could then set Mr. Trahan's deposition.  CP 471, 517-18.  Merchants indicated that, after having an opportunity to review this evidence, Merchants would decide whether the third-party claims would be pursued or voluntarily dismissed. *Id.*

6994977.doc

11

On March 16, 2022 at 3:00 pm, Plaintiff's counsel declined to review the discovery requests, but indicated he would provide a declaration from Mr. Trahan within the next couple of days. CP 417. Neither LPG nor Plaintiff provided a declaration or agreement within a couple of days, so Merchants requested more discovery conferences. CP 417.

On March 22, 2022, Merchants held a discovery conference with LPG, in which all of Merchants' discovery requests were reviewed. CP 472, 500-04, 518. LPG indicated that it would send written objections to all six discovery requests, and only respond to the one seeking copies of LPG's written agreements with Mr. Trahan. *Id*. LPG also indicated that it would not strike its pending summary judgment motion, or any part of it. *Id*.

On March 24, 2022, after months of complete stonewalling, Plaintiff's counsel finally provided six pages, which consisted of a brief declaration lacking detail and a heavily redacted document that purports to be an agreement

6994977.doc

12

between Mr. Trahan and LPG.  CP 473, 527-32.  The terse

declaration and heavily redacted document raised more issues

of fact than they resolved.  For example, the heavily redacted

document purportedly giving LPG authority to sue Merchants

was signed on 12/04/20 and ***predated*** the POA, which was

signed on May 5, 2021.  RP 7-10; CP 558-561, 614-15.

Therefore, the redacted document could not have removed the

subsequent limitations placed on LPG by the POA.  RP 7-10;

CP 587, 594.  It is also very odd that, when Mr. Trahan

purportedly signed this redacted document, on 12/04/20, a

payment had just been made on Mr. Trahan's account, so that

he was not in default of his loan and had no reason for

litigation.  CP 857-58; RP 7-10.  This also begs the question as

to why, if Mr. Trahan authorized litigation when he was not in

default, he then withdrew LPG's authority to file a lawsuit on

May 5, 2021, after litigation had actually commenced, by

executing the POA.  RP 7-10; CP 558-561, 614-15.  There is no

knowing what is in a majority of the redacted document, or

6994977.doc

13

even if it relates to this case, because it is so heavily redacted. It is unknown why these six pages could not have been provided on January 3, 2022, when first requested prior to the filing of litigation.  CP 617, 620, 638.  There are significant anomalies regarding Mr. Trahan's declaration and attachment (what can be seen of it), which raised credibility issues and concerns, and Merchants indicated that it needed to depose Mr. Trahan to obtain crucial information to properly respond to LPG's summary judgment motion, and Merchants repeatedly indicated this to the superior court and repeatedly asked the superior court to permit it to depose Mr. Trahan prior to deciding LPG's summary judgment motion.  CP 452-67, 468-51, 593-95, 620-22.

On March 25, 2022, Merchants requested that Mr. Trahan sit for a deposition, this time in April, 2022.  CP 621, 682-83. Counsel for Mr. Trahan indicated he would not be available for the next six weeks, until May 20 or 27, CP 621,

684, which again placed the deposition after the summary judgment hearing, which LPG refused to move.  CP 675.

On March 28, 2022, a Notice of Deposition to Mr. Trahan was issued, and Merchants intended to depose him on May 20, 2022, the earliest date provided.  CP 621, 688-89.

LPG had initially unilaterally set its summary judgment motion without oral argument for April 1, 2022.  CP 576-77. That date subsequently had to be changed to April 22, 2022 to accommodate oral argument.  *Id*.  This date was still prior to Mr. Trahan's deposition.

> **D.    The trial court ratified LPG's stonewalling by denying Merchants' CR 56(f) Motion, and erred in dismissing Merchants' claims and sanctioning Merchants under RCW 4.84.185.**

On March 31, 2022, Merchants filed a motion to continue LPG's motion for summary judgment, and supporting affidavit or counsel. CP 452-67, 468-541, 569-74.  Merchants showed that it had not delayed in seeking discovery, that it needed to depose Mr. Trahan before a summary judgment hearing, since he was the one that had knowledge crucial to Merchants' claims

6994977.doc

15

(i.e., what authority he had provided to LPG and when), and that LPG would not be prejudiced by a brief continuance to permit the limited requested discovery. *Id*.

On April 11, 2022, Merchants filed a response to LPG's motion for summary judgment, supported by the declarations of Scott Wiswall, Laura York, and Marc Rosenberg. CP 608-15, 616-856, 857-59, 919. Merchants reiterated that it believed that it still needed Mr. Trahan's testimony, but provided what it could to support its claims. *Id*. To start with, Merchants supported its private and per se claims under the CPA. Merchants argued that it would be unfair or deceptive, and otherwise would meet the elements required for a CPA claim, for a law firm to exceed the express written limitations on the authority it had been given and file a lawsuit against someone because the financial benefit to the law firm would potentially be much greater. *Id*. Merchants argued that it had been injured by being improperly sued by LPG, when LPG did not have the authority to bring the lawsuit, and at the very least there were

6994977.doc

genuine issues of material fact regarding whether such authority

existed.  *Id*.  In addition, in regard to the CROA claim,

Merchants presented copious evidence that LPG had

represented itself as a credit repair company, *id*., and that LPG

had violated the CROA by its actions, which would both be a

stand alone claim, and a per se violation of the CPA.  *Id*.

On April 20, 2022, the superior court, without any

explanation why it would not permit Merchants to obtain the

crucial deposition of Mr. Trahan before the summary judgment

hearing, denied Merchants CR 56(f) continuance.  CP 875-76.

On April 22, 2022, the superior court heard oral

argument.  RP 1-22.  At oral argument, counsel for Merchants

provided additional genuine issues of material fact, and

presented evidence supporting Merchants' claims.  RP 7-12.

The superior court did not examine any elements of the claims

at issue, and did not consider whether there were any issues of

material fact, but simply provided the opinion that the

Merchants' lawsuit "detracts from the issues that should be

6994977.doc

17

litigated and should be before the Court." RP at 18:14-15.  In other words, the superior court felt that Merchants simply had no right to seek to vindicate its own interests, and was relegated to only responding to the allegations against it.  The Court proceeded to grant summary judgment and sanction Merchants. RP 18-22.  When asked the basis for sanctions, the Court jumped from CR 11, to inherent authority, then finally settling on RCW 4.84.185.  RP 19-21.  It was a sanction in search of a basis.  It was odd that the superior court also stated that it would implicitly trust statements of counsel, RP 18, but then did not believe Merchants' counsel when he said Merchants claims were not brought in bad faith or for an improper purpose, RP 12:20-22, though it was Merchants that was the non-moving party.

On April 28, 2022, the superior court proceeded to enter an order granting LPG's motions for summary judgment and sanctions.  CP 916-18.

6994977.doc

18

On May 6, 2022, Merchants responded to LPG's motions for sanctions under RCW 4.84.185, which was supported by a declaration and exhibits. CP 919-33, 934-48. Merchants showed that it was not necessary to use the lodestar method for a sanctions award, and that it would be inappropriate to do so. CP 921-22. Merchants also noted that the Court's order only provided recovery of the costs of the summary judgment motion, not the entire litigation. CP 918, 924. Merchants also presented a breakdown of the work claimed by LPG, and showed LPG had not reduced for amounts that were unnecessary or duplicative. CP 923-25, 937-48.

On May 18, 2022, the superior court entered an order and judgment granting $ 26,030.00 in sanctions, which was essentially everything asked for in LPG's motion. CP 956-59.

On May 25, 2022, Merchants filed a Notice of Appeal. CP 960-73.

On June 2, 2022, Merchants posted a bond in the amount of $ 26,030, as ordered by the superior court. CP 959.

6994977.doc

19

On June 30, 2022, the superior court certified its orders as final orders, which order is already on file with this Court.

## III.  SUMMARY OF ARGUMENT

The superior court made numerous errors warranting complete reversal and remand of the case, preferably to a new judge that will provide a fair hearing.

Merchants set forth two valid and legitimate causes of action, one under the CPA and one under CROA, and supported these causes of action with objective evidence.  The theories may not have been liked by the superior court judge, but they were not frivolous, and should not have been dismissed on summary judgment.  The summary judgment order should be reversed, and the causes of action remanded to superior court, hopefully to a new judge that will give them a fair hearing.

Merchants' theories did not violate RCW 4.84.185, and the superior court erred in holding so.  The sanctions assessed by the superior court were unreasonable, both in the award

6994977.doc

itself, and in the amount, and the orders related to it should be reversed, and the money returned to Merchants.

Despite Merchants' diligence in seeking discovery, LPG stonewalled in providing discovery responses, and the superior court ratified this stonewalling by denying Merchants' Rule 56(f) motion to continue summary judgment, which sought only Mr. Trahan's deposition before a summary judgment hearing.

## IV.  ARGUMENT

### A.    Standard of review.

The superior court's order granting summary judgment dismissal is reviewed de novo. *Strauss v. Premera Blue Cross*, 194 Wn.2d 296, 300, 449 P.3d 640, 642 (2019).

The superior court's denial of Merchants' CR 56(f) motion is reviewed for abuse of discretion. *Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671, 675 (2003).

The superior court's order sanctioning Merchants under RCW 4.84.185 is reviewed for an abuse of discretion.

6994977.doc

*Bldg. Indus. Ass'n of Washington v. McCarthy*, 152 Wn. App. 720, 746, 218 P.3d 196, 208 (2009).

> **B.      Merchants causes of action were supported by facts and law, did not violate RCW 4.84.185, and the sanctions order and judgment should therefore be reversed.**

Merchants' claims were supported by facts and law, and it was an abuse of discretion to sanction Merchants under RCW 4.84.185 for asserting them.

RCW 4.84.185 authorizes the trial court to award reasonable attorney fees incurred in opposing a frivolous action. "A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts." *Skimming v. Boxer*, 119 Wn. App. 748, 756, 82 P.3d 707, 712 (2004). "It must be frivolous in its entirety; if any of the asserted claims are not frivolous, the action is not frivolous." *Id.  See also Hanna v. Margitan*, 193 Wn. App. 596, 612, 373 P.3d 300, 308 (2016). Before sanctioning a party under RCW 4.84.185, the superior court must make written findings that the lawsuit in its entirety is frivolous and advanced without reasonable cause. *Hanna*,

6994977.doc

22

193 Wn. App. at 613-14.  As such, Merchants' action was not frivolous as it can provide "any rational argument on the law or facts" for either the CPA claim or the CROA claim.

> **1.** **Merchants had a basis in law and fact to assert CROA claims.**

The factual bases for Merchants' CROA claims starts with a POA, dated May 5, 2021.  CP 613-15.  In the POA, Mr. Trahan expressly limited the actions LPG could take to sharing his information with creditors and settling his debt.  CP 614.  No subsequent written agreement has been provided in which Mr. Trahan removed the limitations on what LPG could do in this case.  There is no subsequent agreement permitting LPG to commence a lawsuit against Merchants.

Under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, a "credit repair organization":

> (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of—

6994977.doc

23

> (i) improving any consumer's credit record, credit history, or credit rating; or
>
> (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i); and

15 U.S.C. § 1679a(3).

Merchants provided evidence that LPG is a "credit repair organization."  CP 608-09, 611, 627, 691- 716, 748-854, 857-58.  This evidence includes: (1) witness testimony, (2) web searches that identify LPG as an entity doing credit repair, (3) LPG's own website, (3) a class action lawsuit alleging LPG holds itself out as a credit repair organization; and (4) hundreds of Better Business Bureau ("BBB") complaints that say LPG promises credit repair then fails to deliver.  *Id*.

CROA requires a written contract between the client and the organization to include a number of mandatory terms and disclosures. *See* 15 U.S.C. § 1679c.  The CROA makes any contract not in compliance with the CROA void and unenforceable:

6994977.doc

> Any contract for services which does not comply
> with the applicable provisions of this subchapter—
>
> (1) shall be treated as void; and
>
> (2) may not be enforced by any Federal or State
> court or any other person.

15 U.S.C. § 1679f(c).

In *Taylor-Burns v. AR Res., Inc.*, 268 F. Supp. 3d 592 (S.D.N.Y. 2017), a consumer brought action against debt collector, alleging violations of the Fair Debt Collection Practices Act (FDCPA). The district court held that the lack of a CROA–compliant contract between the credit repair organization and the plaintiff meant that the credit repair organization, and thus plaintiff's lawyer, had no authority to send the letter on plaintiff's behalf, so that the claims against the defendant were void. *Id.*, 268 F. Supp. 3d at 597.

Merchants similarly argued here that the lawsuit here is void if LPG exceeded its authority and filed the lawsuit without authority to do so. Under the POA, LPG did not have the authority to do anything but negotiate settlement. CP 614.

6994977.doc

As in *Taylor-Burns*, where LPG lacked authority to file this lawsuit, either because it was limited by the express terms of the POA or because any contract LPG had was not CROA-compliant, then the complaint brought on behalf of Mr. Trahan was void.   Where LPG apparently exceeded the authority provided to it in the POA, and would not provide a CROA-compliant contract, commencing a lawsuit against Merchants was also an abuse of process.

"By its very nature, an abuse of legal process by an attorney … violates an attorney's oath, his canons of ethics, and his duty to the public as an officer of the court."   *Fite v. Lee*, 11 Wn. App. 21, 28, 521 P.2d 964, 969 (1974).   "[I]f an attorney has, without the knowledge or consent of his client, abused process to the damage of another, the attorney acts outside the scope of his agency and the client should not be derivatively liable."   *Id.*, 11 Wn. App. at 29.   But the attorney himself may be liable to those whom he has injured.   *Id.*

6994977.doc

As stated above, if Merchants can provide "any rational argument on the law or facts" for relying on CROA to argue this lawsuit is void, then the action is not frivolous in its entirety. Considering the POA, CP 612-15, the evidence that LPG is a credit repair organization, CP 608-09, 611, 627, 691-716, 748-854, 857-58, and the legal authority cited herein, it cannot be said that Merchants has not presented "any rational argument on the law or facts," on its CROA claim and therefore it cannot be said that this lawsuit is frivolous in its entirety.

### 2. Merchants had a basis in law and fact to assert CPA claims.

Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. RCW 19.86.020. To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 37, 204 P.3d 885, 889 (2009) (quoting *Hangman Ridge Stables, Inc. v.*

6994977.doc

27

*Safeco Title Ins. Co*., 105 Wn.2d 778, 784, 719 P.2d 531
(1986)).  The elements of unfair or deceptive acts or practices
and public interest impact can both be met by showing a per se
violation.  *Hangman Ridge*, 105 Wn.2d at 791.  The CROA
contains a public interest impact statement, 15 U.S.C. § 1679,
so it was possible for Merchants to support a per se CPA claim
either by showing a violation of CROA, or independently
supporting a private CPA action.

   "Any person who is injured in his or her business or
property by a violation" of the act may bring a CPA claim.
RCW 19.86.090. The term "person" as defined in the CPA
includes corporations.  RCW 19.86.010(1).  A CPA plaintiff is
not required to be in a consumer relationship with the
defendant, and there is no adversarial exemption from suit
under the CPA. *Panag*, 166 Wn.2d at 43-44.  Merchants is a
person as defined by the CPA, and merely needed to prove the
elements of a CPA claim in order to prevail.

6994977.doc

28

<u>Unfair or deceptive act or practice</u>.  The first element of a CPA claim is a showing of an unfair or deceptive act or practice. *Panag*, 166 Wn.2d at 37.  To meet this element, a plaintiff need not show the act in question was intended to deceive, only that it had the capacity to deceive a substantial portion of the public. *Id*., 166 Wn.2d at 47.  As unpleasant as it may seem to contemplate, having an attorney filing unauthorized lawsuits on behalf of unknowing debtors for the financial gain provided by a lawsuit certainly has the capacity to deceive a substantial portion of the public.  In addition, the statements made to Merchants, and the hundreds of complaints against LPG, reflect that LPG not only had a capacity to deceive, but apparently has deceived a substantial portion of the public.  CP 608-09, 611, 627, 691- 716, 748-854, 857-58.

The testimony of Laura York, CP 857-59, who worked for the original creditor suggests that it will ultimately be shown that, as in the many BBB complaints against LPG, LPG took Mr. Trahan's money, and then did not make any effort to

6994977.doc

resolve his debt with Qualstar, which led to judgment being entered against Mr. Trahan.  CP 482-84.  Then, in negotiations, after Mr. Trahan limited the ability of LPG to take action by signing the POA, CP 613-15, LPG then exceeded the scope of authority provided for in the POA by commencing this lawsuit.  CP 1-8.  Mr. Trahan was expected to testify at deposition that LPG did not, in fact, have authority to file the instant lawsuit when it did so, but LPG and the superior court prevented Merchants from having the opportunity to depose Mr. Trahan prior to the summary judgment hearing.  CP 875-76.[2]

---

[2] Merchants tried for months to obtain either written discovery or a deposition of Mr. Trahan.  CP 452-67, 468-541.  Months later, when LPG finally provided a terse questionable declaration and one heavily redacted document, *id*., these materials still did not show that LPG had authority to commence this lawsuit at the time it was commenced.  Merchants should have had an opportunity to depose Mr. Trahan, to see if he was even aware of this lawsuit when LPG commenced it.  Of course, now, we will never know what Mr. Trahan actually knew and when, because he will have had access to all of documents in this case, and likely has dollar signs in his eyes at this point, so his memory may not be the same now as it was at the commencement of this lawsuit.

6994977.doc

30

<u>In trade or commerce</u>. The second element of a CPA claim is a showing that acts occurred in trade or commerce. *Panag*, 166 Wn.2d at 37, 204 P.3d at 889. The provision of legal services alone does not generally fall within the definition of "trade or commerce," except as those services relate to the "entrepreneurial aspects" of the practice of law. *Eriks v. Denver*, 118 Wn.2d 451, 463–64, 824 P.2d 1207, 1214 (1992). The entrepreneurial aspects of legal practice are such things as how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients. *Id*. There is a simple distinction between cases in courts that have found that the activities of a lawyer have not occurred in trade or commerce, and this case. LPG was thus not being sued for its representation of a client, it was being sued for actions taken independent of a client and beyond the scope of the limited representation. Commencing litigation without the knowledge of a consumer for the purpose of increasing the amount of money the law firm can get from the

6994977.doc

31

litigation, as opposed to mere settlement of a debt, does implicate the entrepreneurial aspects of the firm.

Affecting the public interest. The third element of a CPA claim requires a showing that the acts alleged affect the public interest. *Panag*, 166 Wn.2d at 37, 204 P.3d at 889. A public interest impact can be shown either by showing: (1) that the deceptive act or practice has the potential for repetition, *Hangman Ridge*, 105 Wn.2d at 789, or (2) that a statute has been violated which contains a specific legislative declaration of public interest impact. *Id.* at 791. The CROA contains a specific legislative declaration of public interest impact, 15 U.S.C. § 1679, which meets the element requirements for a per se CPA claim. In addition, a lawyer that specializes in FDCPA and CPA claims clearly has the opportunity to repeat the alleged act or practice here, i.e., filing unauthorized lawsuits on behalf of debtors that are unaware that lawsuits are being commenced at the time of filing. Finally, some disputes are not neatly identified as consumer or private disputes. *Nordstrom,*

6994977.doc

32

*Inc. v. Tampourlos,* 107 Wn.2d 735, 741-42, 733 P.2d 208, 211

(1987).   When this occurs, the public interest element is met

where there is public confusion resulting from the unfair or

deceptive act or practice.  *Id.  See also Rush v. Blackburn*, 190

Wn. App. 945, 969, 361 P.3d 217, 228 (2015).   The evidence

reflects that a substantial number of people have been, and will

continue to be, deceived by LPG.   CP 608-09, 611, 627, 691-

716, 748-854, 857-58.

<u>Injury</u>.   The fourth element of a CPA claim requires there

to be injury to a person's business or property.   *Panag*, 166

Wn.2d at 37, 204 P.3d at 889.   "[T]he injury requirement is met

upon proof the plaintiff's "property interest or money is

diminished because of the unlawful conduct even if the

expenses caused by the statutory violation are minimal." *Mason

v. Mortgage Am., Inc*., 114 Wn.2d 842, 854, 792 P.2d 142

(1990) (temporary loss of use of property while brokerage

company improperly withheld title constituted sufficient injury

to support attorney fee award under the CPA) (citing *Hangman*

6994977.doc

33

*Ridge*, 105 Wn.2d at 792, 719 P.2d 531). Pecuniary losses occasioned by inconvenience may be recoverable as actual damages. *Panag*, 166 Wn.2d at 57–58; *Keyes v. Bollinger*, 31 Wn. App. 286, 296–97, 640 P.2d 1077, 1084 (1982); *Tallmadge v. Aurora Chrysler Plymouth, Inc*., 25 Wn. App. 90, 605 P.2d 1275 (1979) (costs associated with traveling to dealership in reliance on false advertisements). "Injury" is distinct from "damages." *Nordstrom*, 107 Wn.2d at 740, 733 P.2d 208. Monetary damages need not be proved; unquantifiable damages may suffice. *Id*. (loss of goodwill); *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 316, 858 P.2d 1054, 1063 (1993) (damage to professional reputation); *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298, 38 P.3d 1024 (2002) (injury by delay in refund of money); *Webb v. Ray*, 38 Wn. App. 675, 688 P.2d 534 (1984) (loss of use of property). Consulting an attorney to dispel uncertainty regarding the

nature of an alleged debt is distinct from consulting an attorney to institute a CPA claim. *Panag*, 166 Wn.2d at 62–63.

Merchants was injured when LPG commenced a lawsuit against it and made demands for payment from Merchants based on a lawsuit whose filing was beyond the scope of what LPG was authorized to do. CP 609. Merchants was injured where it had to consult an attorney to dispel uncertainty regarding the nature of LPG's claims against it and lost productivity as a result. *Id.*

Proximate cause. The fifth element of a CPA claim requires that the injuries were caused by the unfair or deceptive act or practice. *Panag*, 166 Wn.2d at 37. The proximate cause standard in WPI 15.01 is required to establish causation in a CPA claim. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 83, 170 P.3d 10, 22 (2007). Under WPI 15.01, there may be one or more proximate causes of an injury." *Id.* at 81–82. Here, but for LPG exceeding the scope of the POA that LPG provided to

6994977.doc

Merchants as part of settlement negotiations, Merchants would not have needed to consult an attorney to dispel confusion about LPG's actions contrary to the POA, nor would it have lost productivity directing its employees to handle this issue rather than doing what would have been their usual tasks.

As stated above, if Merchants can provide "any rational argument on the law or facts" for asserting a CPA claim then the action is not frivolous in its entirety.  Because Merchants has provided a cohesive legal theory, supported by evidence and a substantial amount of legal authority, it cannot be said that Merchants has not presented "any rational argument on the law or facts," and therefore it cannot be said that this lawsuit is frivolous in its entirety.

### 3. The superior court's order was wrong, and must be reversed.

In its order granting sanctions under RCW 4.84.185, the superior court held that, viewing the evidence in a light most favorable to Merchants, the claims: (a) were filed without proper inquiry into the law (though the amount of inquiry was

6994977.doc

36

never raised in LPG's motion or analyzed anywhere), and (b) the claims were brought in bad faith and for purposes of harassment (though no bad faith or purpose of the claims was shown, and Merchants counsel denied bad faith motives). CP 917. While the superior court judge seemed to passionately find the claims distasteful, the claims were still supported by objective evidence and significant legal authority, and it was wrong to sanction Merchants under RCW 4.84.185.

The Court's Order on summary judgment, CP 916-18, and Judgments, CP 954-59, should both be vacated, and the judgment bond should be released to Merchants.

## C. The trial court abused its discretion in denying Merchants' CR 56(f) motion.

Where affidavits of a party opposing a summary judgment motion show reasons why the party cannot present facts justifying its opposition, the court may refuse the motion for summary judgment or order a continuance in order to obtain affidavits or the depositions. CR 56(f).

6994977.doc

> Where a party knows of the existence of a material witness and shows good reason why the witness' affidavit cannot be obtained in time for the summary judgment proceeding, the court has a duty to give the party a reasonable opportunity to complete the record before ruling on the case.

*Coggle v. Snow*, 56 Wn. App. 499, 507, 784 P.2d 554 (1990).

A trial court may deny a motion for a continuance when: (1) the moving party does not offer a good reason for delay in obtaining the evidence; (2) the moving party does not state what evidence would be established through additional discovery; or (3) the evidence sought will not raise a genuine issue of fact. *Id.*

Here, Merchants was diligent in seeking discovery, but was met with stonewalling. CP 452-67, 468-541. Merchants sought the deposition of David Trahan, who had testimony crucial to Merchants' claims and the assertions made in LPG's motion for summary judgment. *Id.*. Such testimony would have raised genuine issues of material fact. *Id.* The superior court, however, without any explanation, denied Merchants' CR 56(f) motion, CP 875-76, though Merchants did everything

6994977.doc

it was supposed to do to receive such a continuance, and a continuance would not have prejudiced LPG.

"The primary consideration in the trial court's decision on the motion for a continuance should have been justice." *Coggle*, 56 Wn. App. at 508. *See also Butler*, 116 Wn. App. at 300. A trial court should allow a party to complete discovery where another party does not provide requested documents. *Tellevik v. Real Prop. Known as 31641 W. Rutherford St., Located in City of Carnation, Wash.*, 120 Wn.2d 68, 91, 838 P.2d 111, 123 (1992), clarified on denial of reconsideration, 845 P.2d 1325 (Wash. 1993).

It was an abuse of discretion for the superior court to deny a CR 56(f) continuance where the evidence sought was crucial to Merchants in responding to summary judgment, Merchants was diligent in seeking the discovery, and there would have been no prejudice to any party in granting a brief continuance and allowing Merchants to depose Mr. Trahan.

6994977.doc

39

The summary judgment order, CP 916-18, should be vacated on this ground, with an opportunity provided to take depositions.

### D. The trial court erred in dismissing Merchants' causes of action on summary judgment.

The superior court's order granting summary judgment dismissal is reviewed de novo. *Strauss*, 194 Wn.2d at 300. On summary judgment, the court must construe all facts and inferences in favor of the nonmoving party. *Id*. Summary judgment is only appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Id*.

Summary judgment should not be granted when credibility of a material witness is at issue. *Balise v. Underwood*, 62 Wn.2d 195, 200, 381 P.2d 966 (1963); *Powell v. Viking Ins.*, 44 Wn. App. 495, 503, 722 P.2d 1343 (1986).

> [W]here material facts averred in an affidavit are particularly within the knowledge of the moving party, it is advisable that the cause proceed to trial in order that the opponent may be allowed to disprove such facts by cross-examination and by the demeanor of the moving party while testifying

6994977.doc

40

*Felsman v. Kessler*, 2 Wn. App. 493, 496–97, 468 P.2d 691,

693 (1970).

Merchants' claims under the CPA and CROA were

improperly dismissed on summary judgment where Merchants

met each element of the causes of action it had alleged or raised

genuine issues of material fact about the elements of its claims.

In Sections IV.B(1)-(2), above, Merchants has analyzed

its causes of action and indicated where it established various

elements of its claims and where it had raised genuine issues of

material fact.  Merchants does not intend to repeat itself here,

but will point out various genuine issues of material fact that

should have prevented summary judgment.

### 1.    Merchants raised a genuine issue of material fact that should have prevented summary judgment on the CROA claim.

In regard to Merchants' CROA claim, LPG's only

argument was that it was not a "credit repair organization."

CP 37, 54.  Under CROA, a "credit repair organization" is

essentially anyone that says they will improve a consumer's

6994977.doc

41

credit record, credit history, or credit rating for payment. 15 U.S.C. § 1679a(3). Merchants provided evidence that, despite its denials, LPG *is* a "credit repair organization." CP 608-09, 611, 627, 691- 716, 748-854, 857-58. This evidence included: (1) witness testimony, (2) web searches that identify LPG as an entity doing credit repair, (3) LPG's own website, (3) a class action lawsuit alleging LPG holds itself out as a credit repair organization; and (4) hundreds of Better Business Bureau complaints that say LPG promises credit repair then fails to deliver. *Id*. Looked at in a light most favorable to Merchants, there was a genuine issue of material fact as to whether LPG was a credit repair organization. The CROA claim should thus not have been dismissed.

Also, LPG did not actually move to dismiss the CROA claim. LPG's motion contained sections seeking (1) dismissal of Merchants' CPA claim, CP 47-48; (2) CR 11 sanctions, CP 48-49; and (3) RCW 4.84.185 sanctions. CP 49-50. Merchants' response brief argued to the superior court that the

6994977.doc

CROA claim should not be dismissed, because there was no motion to dismiss this claim.  CP 592.  Still, the superior court dismissed the claim, despite no motion having been brought to do so.  CP 877, 916-918.  This is yet another reason to vacate the Court's orders and judgments.

### 2. Merchants raised genuine issues of material fact that should have prevented summary judgment on the CPA claim.

To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge*, 105 Wn.2d at 784.

Merchants has supported all elements of a CPA claim, as set forth above in Section IV.B(2).  *See also* CP 596-602.

In moving for summary judgment, LPG's only ground to seek dismissal of Merchants' CPA claim was a challenge to the "trade or commerce" element of the claim.  CP 47-48.  LPG's argument was that Merchants could not show that the "trade or

6994977.doc

43

commerce" element was met, since the CPA claim was asserted against a lawyer engaged in litigation. *Id*. Merchants distinguished the cases argued by LPG, by pointing out that, in this case, the lawyer exceeded the limitations placed upon him by his client, CP 613-15, so that it was not a situation where a party had sued their adversary's attorney, the party had sued an attorney that was acting on his own behalf and for his own benefit. *See e.g.,* CP 598-99.    This presents the perennial genuine issue of material fact in this case, and that is: (a) whether Mr. Trahan rescinded limitations he placed on LPG on May 5, 2021, when he signed the POA, CP 613-15, and (b) whether LPG filed a lawsuit without Mr. Trahan's approval.

At the time, the true resolution to this genuine issue of material fact existed solely within Mr. Trahan's knowledge. Summary judgment should not have been granted when the credibility of Mr. Trahan, a material witness, was put at issue when he submitted a declaration. *Balise*, 62 Wn.2d at 200.    Not permitting Merchants to depose this witness when his memory

6994977.doc

44

was fairly pristine robbed Merchants of access to testimony that likely would have helped it prove a claim.

Going back to the second element of a CPA claim, a party must show that acts occurred in trade or commerce. *Panag*, 166 Wn.2d at 37, 204 P.3d at 889.  The provision of legal services alone does not generally fall within the definition of "trade or commerce," except as those services relate to the "entrepreneurial aspects" of the practice of law. *Eriks v. Denver*, 118 Wn.2d 451, 463–64, 824 P.2d 1207, 1214 (1992). The entrepreneurial aspects of legal practice are such things as how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients. *Id.  See also Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602–03, 200 P.3d 695, 699 (2009).

LPG argued that Merchants could not prevail in its CPA claims against LPG because Merchants' counsel previously argued: (1) that in certain contexts a lawyer's activities are not trade or commerce as contemplated by the CPA, and (2) that it

6994977.doc

is against public policy to sue an adversary's lawyer.  However, there is a simple distinction between this case and the prior cases.  This is not simply a case about a lawyer's strategy and tactics.  Commencing litigation without the knowledge of a consumer for the purpose of increasing the amount of money the law firm can get from the litigation, as opposed to mere settlement of a debt, does implicate the entrepreneurial aspects of the firm, and therefore the arguments made in the other cases cited by LPG simply do not apply.

Likewise, in regard to LPG's public policy argument, contrary to what LPG argues, the CPA claims filed against LPG on behalf of Merchants are qualitatively different for the simple reason that in cases where this was argued, there was no question the lawyer was actually representing a client, and the claims were based on that legal representation.  Here, however, the allegation is that LPG commenced litigation without the knowledge or consent of the consumer.  LPG, therefore, was not being sued for its representation of a client, it was being

6994977.doc

sued for actions taken independent of a client and beyond the scope of the limited representation.

Once again, the facts regarding this element were within Mr. Trahan's knowledge, and no summary judgment should have been granted at least until Merchants had an opportunity to depose Mr. Trahan. *Felsman*, 2 Wn. App. at 496–97 ("where material facts averred in an affidavit are particularly within the knowledge of the moving party, it is advisable that the cause proceed to trial in order that the opponent may be allowed to disprove such facts by cross-examination and by the demeanor of the moving party while testifying").

While LPG did not challenge any of the four remaining *Hangman Ridge* elements of the CPA claim in its summary judgment motion, CP 47-48, Merchants set forth all elements of a CPA claim.  *See also* CP 596-602.  At the very least, the evidence offered by Merchants was sufficient to either support all elements of the *Hangman Ridge* test, or raise genuine issues

6994977.doc

of material fact about the remaining CPA elements such that summary judgment should have been denied.

Ultimately, though, none of the elements of the claim mattered to the superior court.  The superior court did not examine any element of claims at issue, and did not consider whether there were issues of material fact, but simply provided the opinion that the Merchants' lawsuit "detracts from the issues that should be litigated and should be before the Court." RP at 18:14-15.  In other words, the superior court felt that Merchants simply had no right to seek to vindicate its own interests, and was relegated to solely responding to the allegations against it.  The Court proceeded to grant summary judgment and sanction Merchants.  RP 18-22.  It was odd that the superior court also stated that it would implicitly trust statements of counsel, RP 18, but then did not believe Merchants' counsel when he said Merchants' claims were not brought in bad faith or for an improper purpose, RP 12:20-22, though it was Merchants that was the non-moving party.

6994977.doc

48

**E.**     **The trial court erred in sanctioning Merchants by awarding fees, both as to the grounds and amount of the award.**

As reflected above in Section IV.B(1)-(3), the superior court erred in sanctioning Merchants under RCW 4.84.185, where the causes of action alleged by Merchants were neither frivolous, where they were supported by evidence and legal authority, nor were they asserted in bad faith, and there is no evidence provided otherwise.  In addition to erring by entering an order granting sanctions under RCW 4.84.185, CP 916-18, the superior court erred in the amounts awarded on LPG's motion for sanctions, and the terms of the Judgments entered against Merchants pursuant to these erroneous decisions.  CP 954-69.

To start with, the superior court's initial order granting attorney fees held that LPG's: "motion for costs and attorney's fees shall be limited to the costs and fees associated with the motion practice related to summary judgment.  CP 918.  Despite this limitation of the fees permitted to be sought, LPG

6994977.doc

49

proceeded to request all fees from the commencement of the case through the bringing of the sanctions motion, and, without any explanation for not heeding its prior order, the superior court then awarded $26,030.00, CP 954-59, which was everything sought by LPG, despite the prior order limiting the fees to the summary judgment motion.  CP 918.  This award was error for a variety of reasons, not just because the superior court inexplicably did not follow its own prior orders.

      **1.**     **Sanctions should not be used as a fee-shifting mechanism, and the recipient should mitigate the need for sanctions.**

To start with, LPG initially brought its motion as a motion for sanctions under RCW 4.84.185.  CP 35.  The superior court's initial order was for a grant of sanctions under RCW 4.84.185.  CP 916.  The totality of argument by LPG was that it was entitled to all the attorney fees it had accrued under the lodestar calculation.  CP 881-84.

However, as pointed out by Merchants to the superior court, CP 921-23, sanctions "should not be used as a fee-

shifting mechanism," and the recipient should mitigate the need for any sanctions. *Biggs v. Vail*, 124 Wn.2d 193, 201, 876 P.2d 448, 453 (1994) (reversing and remanding on fees awarded under CR 11 and RCW 4.84.185). "[I]n fashioning an appropriate sanction, the least severe sanctions adequate to serve the purpose should be imposed." *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 225, 829 P.2d 1099, 1107 (1992) (affirming denial of most requested fees sought under CR 11 and RCW 4.84.185).  Unlike fee-shifting statutes, sanctions under RCW 4.84.185 are discretionary.  RCW 4.84.185 ("the court having jurisdiction ***may*** … require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys).  The Court is not required to award ***any*** sanction, even if it finds that a claim is frivolous under RCW 4.84.185, and certainly fees related to such claims are not all properly awarded.

While a lodestar calculation has been used in a few cases where CR 11 and RCW 4.84.185 are analyzed together, it

6994977.doc

appears that no Washington case has expressly applied the lodestar analysis to RCW 4.84.185 sanctions where only RCW 4.84.185 was at issue. *Highland Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 316, 202 P.3d 1024, 1028 (2009) ("In the absence of mandatory authority requiring application of the lodestar methodology, we do not believe the trial court abused its discretion by not following that formula").  Likewise, the superior court should not have used the lodestar analysis when it was expressly deciding sanctions under RCW 4.84.185.

By the terms of LPG's motion, the award sought here is sought ***only*** under RCW 4.84.185.   LPG spent no time either presenting an opening argument on whether the lodestar applies to RCW 4.84.185 claims, nor did it even try to distinguish the authority submitted by Merchants and support why a lodestar was appropriate for a sanction award.  CP 950-52.  None of the cases cited by LPG supported the position that the lodestar is an appropriate method for determining RCW 4.84.185 sanctions.

6994977.doc

LPG supported the lodestar request by citing to cases where fees had been awarded under the Consumer Protection Act ("CPA") under chapter 19.86, RCW or claims of discrimination under chapter 49.60, RCW.  CP 881-82.  None of these cases were applicable here, where this was an award of sanctions.  This is especially so where attorney fees under the CPA and for discrimination are mandatory, not discretionary; but mandatory use of the lodestar is contrary to Washington law on RCW 4.84.185.

While retaining the right to appeal the Court's sanctions, Merchants argued that a nominal sanction of $2,500 would have been sufficient, which would have been the least severe sanction needed to achieve is purpose.  This was especially true where LPG caused claimed fees to be excessive by stonewalling in discovery and not simply providing at the outset when requested, evidence that it had authority to exceed the POA and file this lawsuit.  Had it done so, it is likely that most of its claimed fees could have easily been avoided.

6994977.doc

53

In any case, the superior court erred in applying the lodestar to a sanction when Washington law provides a different standard for sanctions awards.

**2.** **Even if the lodestar applied to a sanction award, the superior court erred by not reducing the amount sought for duplicative and unnecessary work.**

While Merchants believes that the lodestar should not apply to a sanctions award, even if the lodestar applied to a sanction award, the superior court erred by not reducing the amount sought for duplicative and unnecessary work.

The burden of proving the reasonableness of the fees requested is upon the fee applicant. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210, 1216 (1993). "Courts must take an active role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestioningly fee affidavits from counsel." *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 152 Wn. App. 229, 282, 215 P.3d 990, 1018 (2009).

6994977.doc

Calculation of attorney fees under the lodestar method calculates the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Berryman v. Metcalf*, 177 Wn. App. 644, 660, 312 P.3d 745, 755 (2013). "The lodestar is only the starting point, and the fee thus calculated is not necessarily a reasonable fee. In assessing the reasonableness of a fee request, a vital consideration is the size of the amount in dispute in relation to the fees requested." *Id.* (citations and quotation marks omitted). "A lodestar figure that 'grossly exceeds' the amount in controversy 'should suggest a downward adjustment' even where other subjective factors in the case might tend to imply an upward adjustment." *Id.* at 661 (citing *Fetzer*, 122 Wn.2d at 150, 859 P.2d 1210).

> The amount of time actually spent by a prevailing attorney is relevant, but not dispositive. Particularly in cases where the law is settled, there is a great hazard that the lawyers involved will spend undue amounts of time and unnecessary effort to present the case. The lodestar must be limited to hours reasonably expended. The total hours an attorney has recorded for work in a case is to be discounted for hours spent on unsuccessful

claims, duplicated effort, or otherwise
unproductive time.

*Berryman*, 177 Wn. App. at 661-62 (citations and quotation
marks omitted). *See also Deep Water Brewing.*, 152 Wn. App.
at 282 ("trial court must first determine that counsel expended a
reasonable number of hours in securing a successful recovery
for the client. This necessarily requires that the court exclude
any wasteful or duplicative hours and any hours pertaining to
unsuccessful theories or claims and make a record of this").

A reasonable fee is one adequate to attract competent
counsel but that does not produce windfalls for attorneys.
*Perdue v. Kenny A, ex. rel. Winn*, 559 U.S. 542, 130 S. CT.
1662, 1672, 176 L. Ed. 2d 494 (2010). "A useful way for a trial
court to determine a lodestar is to prepare a simple table that
lists, for each attorney, the hours reasonably performed for
particular tasks and the rate charged, which may vary with the
type of work." *Berryman*, 177 Wn. App. at 664.

Hourly Rate: The $400 an hour sought by LPG's counsel
was unreasonable. By his own statements, his hourly rate at the

6994977.doc

56

time was $350 an hour, and no Washington court had awarded him more.  LPG's attorney fee request also sought amounts beyond what was permitted in the superior court's order, amounts that would have been unnecessary if LPG had simply provided its six pages of documents earlier, rather than stonewalling.

Limit to Summary Judgment: The Court's order required that the fee petition "shall be limited to the costs and fees associated with the motion practice related to Summary Judgment." CP 918.  When time related to events other than that associated with the summary judgment motion and CR 56(f) motion was removed, it reduced the time sought by LPG to 49.9 hours.  CP 941-43.

Unnecessary time:  Much work billed would have been unnecessary if LPG provided the six pages of documents it relied on when first requested on January 3, 2022.  CP 469, 489.  These six pages include Mr. Trahan's two-page declaration and the four-page redacted legal services agreement.

6994977.doc

CP 473, 527-32. Merchants requested these documents on numerous occasions, and expressed a willingness to potentially dismiss its third-party claims if LPG would simply provide these few pages, and if these few pages reflected that LPG had the authority to file the lawsuit against Merchants when it did. CP 469-71, 489-90, 493-505, 507-09, 517-18. These six pages were finally provided on March 24, 2022. CP 473, 527-32. In other words, it took three months of litigation for LPG to provide six pages it presumably could have easily provided January 3, 2022. LPG also did not need to stonewall the deposition of Mr. Trahan, which Merchants was, and is, entitled to take. CP 470, 510, 512-13, 576-77, 621, 675, 682-84, 688-89. Had Merchants been provided with these six pages and an early deposition of Mr. Trahan, almost all work expended in the case might have been avoided. Indeed, without the conduct of LPG, which appeared as if it had something to hide, Merchants' claims might even have been completely avoided, where Merchants indicated it would consider voluntarily dismissing

6994977.doc

58

the claims if it was provided the most basic discovery.  CP 469-70, 489-90, 507-09.  Reducing the fee request for unnecessary work would have reduced the hours reasonably worked to 29.9 hours.  CP 495-96.

Excessive time:  Some time sought by LPG was also excessive, considering the product submitted.  The 14.9 hours for drafting the summary judgment should have been reduced to approximately 10 hours, where it consists mostly of cut and pasting of arguments made by Merchant's counsel that were easily accessible on Westlaw, CP 40-45, and the actual arguments made were just simple single-paragraph statements regarding a few statutes.  CP 47-50.  Merchants proposed this, and a few other reductions for excessive time, which brought the total amount of time worked to 20 hours.  CP 498.

The remaining 20 hours of time multiplied by $350 per hour would lead to a lodestar amount of $7,000.00.

In its reply brief, LPG did not even address any of the proposed reductions of time and show why they should not

6994977.doc

apply.  CP 949-52.  In its order, the superior court did not analyze whether the lodestar applies to sanctions, did not analyze whether any reductions in hours claimed were appropriate for time that was duplicative, unnecessary, or excessive, and simply awarded everything sought by LPG. CP 957-58.  The superior court then proceeded to enter judgment against Merchants in an amount of $26,030.00, CP 954-55, simply for asserting two causes of action that were based on evidence and supported by legal authority.

### F.    Merchants seeks fees and costs on appeal.

Pursuant to RAP 14.3, and 18.1(b), and in addition to any amounts that may be subsequently included in a cost bill submitted after a decision on appeal, Merchants asks for an award of fees and costs on appeal, pursuant to RCW 19.86.090 and 15 U.S.C.A. § 1679g, for work done on appeal.  While the time actually spent by Merchants on preparing the appeal brief, designating clerk's papers, and other tasks related to the appeal

would be greater, Merchants requests fees for 25 hours of work at $ 225 per hour for a total amount of $5,625.00.

## V.  CONCLUSION

This Court should vacate all of the superior court orders and judgments, remand the matter to the superior court with instructions, and return Merchant's bond  where:

1.    The trial court abused its discretion when it held Merchants in violation of RCW 4.84.185, despite the fact that Merchants' theories were supported by documentary evidence and a cogent legal theory;

2.    The trial court abused its discretion when it denied Merchants a CR 56(f) continuance to take two depositions.

3.    The trial court erred where it granted summary judgment against Merchants and dismissed Merchants' two causes of action despite multiple issues of fact as to the elements of each claim;

6994977.doc

4.     The trial court erred by entering judgment against Merchants and compelling Merchants to immediately pay LPG attorney fees; and

5.     The trial court erred in awarding fees, both as to the grounds and amount of the award.

Respectfully submitted this 19th day of August, 2022.

I certify that this memorandum contains 10,558 words, in compliance with RAP 18.2.

LEE SMART, P.S., INC.

By: Marc Rosenberg_____
      Marc Rosenberg, WSBA No. 31034
      Attorneys for Appellant
      Merchants Credit Corporation

      701 Pike Street # 1800
      Seattle, WA 98101
      (206) 262-8308
      mr@leesmart.com

6994977.doc

62

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the date provided below, I caused service of the foregoing pleading on each and every attorney of record herein VIA THE Court's ECR Service:

Peter M. Schneider
Litigation Practice Group
10900 NE 4th St, Ste 2300
Bellevue WA  98004
(425) 215-2295
peter@lpglaw.com

Robert W. Mitchell, WSBA No. 37444
Law Office of Robert W. Mitchell, PLLC
700 W. Evergreen Blvd
Vancouver, WA  98660
(360) 993-5000
bobmitchellaw@gmail.com

DATED this 19th day of August, 2022, at Seattle, Washington.

LEE SMART, P.S., INC.

By: Marc Rosenberg_____
          Marc Rosenberg, WSBA No. 31034
          Attorneys for Appellant
          Merchants Credit Corporation

          701 Pike Street # 1800
          Seattle, WA 98101
          (206) 262-8308
          mr@leesmart.com

6994977.doc

63

**LEE SMART PS INC**

**August 19, 2022 - 6:54 AM**

**Transmittal Information**

| | |
|---|---|
| **Filed with Court:** | Court of Appeals Division I |
| **Appellate Court Case Number:** | 84104-1 |
| **Appellate Court Case Title:** | Merchants Credit Corporation, Appellant v. Litigation Practice Group P.C., Respondents |

**The following documents have been uploaded:**

- 841041_Briefs_20220819065326D1887278_9685.pdf
    This File Contains:
    Briefs - Appellants
    *The Original File Name was Trahan - Opening Brief.pdf*

**A copy of the uploaded files will be sent to:**

- Peter@lpglaw.com
- bobmitchellaw@gmail.com
- bobmitchellaw@yahoo.com

**Comments:**

---

Sender Name: Marc Rosenberg - Email: mr@leesmart.com
Address:
701 PIKE ST STE 1800
SEATTLE, WA, 98101-3929
Phone: 206-262-8308

**Note: The Filing Id is 20220819065326D1887278**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
350 S. Grand Avenue, Suite 3600, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): <u>NOTICE OF MOTION AND MOTION FOR RELIEF</u>
<u>FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)(ACTION IN NONBANKRUPTCY</u>
<u>FORUM)</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>December 15, 2023</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
- Attoreys for Chapter 11 Trustee:  Peter W. Bowie peter.bowie@dinsmore.com
- Ronald K Brown ron@rkbrownlaw.com
- Attorneys for Chapter 11 Trustee:  Christopher Celentino christopher.celentino@dinsmore.com,
  caron.burke@dinsmore.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark rbc@randallbclark.com
- Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
- Attoreys for Chapter 11 Trustee:  Christopher Ghio christopher.ghio@dinsmore.com,
  Kristina.Heller@Dinsmore.com
- Jeffrey I Golden jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;
  golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Attorneys for Chapter 11 Trustee: D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;
  cmendoza@ ecf.courtdrive.com
- Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Razmig Izakelian razmigizakelian@quinnemanuel.com
- Attorney for Debtor The Litigation Pactice Group P.C.:  Joon M Khang joon@khanglaw.com
- Ira David Kharasch ikharasch@pszjlaw.com
- Creditor Committee: Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley chris@slclawoffice.com,
  omar@slclawoffice.com;langleycr7 525 l@notify. bestcase. com;ecfl 23@casedriver.com
- Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Michael D Lieberman mlieberman@lipsonneilson.com
- Attorneys for Chapter 11 Trustee:  Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com,
  caron.burke@dinsmore.com
- Chapter 11 Trustee:  Richard A Marshack (TR) pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Attorneys for Chapter 11 Trustee:  Laila Masud lmasud@marshackhays.com,

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- US Trustee:  Kenneth Misken Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- Victoria Newmark vnewmark@pszjlaw.com
- US Trustee;  Queenie K Ng queenie.k.ng@usdoj.gov
- Creditor Committee:  Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- Teri T Pham tpham@epglawyers.com, ttpassistant@epglawyers.com
- Douglas A Plazak dplazak@rhlaw.com
- Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Gregory M Salvato gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott olivia.scott3@bclplaw.com
- Jonathan Serrano jonathan.serrano@dinsmore.com
- Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- US Trustee:  Leslie Skorheim leslie.skorheim@usdoj.gov
- Andrew Still astill@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Sharon Z. Weiss sharon.weiss@bclplaw.com,
   raul.morales@bclplaw.com,REC _KM_ ECF _ SMO@bclplaw.com
- Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 12/15/2023_____ , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Courtesy Copy to Judge
Honorable Scott Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 15, 2023 | Robin Mojica | /s/ Robin Mojica |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.