1 | Christopher B. Ghio (State Bar No. 259094)
christopher.ghio@dinsmore.com
2 | Christopher Celentino (State Bar No. 131688)
christopher.celentino@dinsmore.com
3 | Yosina M. Lissebeck (State Bar No. 201654)
yosina.lissebeck@dinsmore.com
4 | **DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
5 | San Diego, CA 92101
Telephone:     619.400.0500
6 | Facsimile:     619.400.0501

7 | Special Counsel to Richard A. Marshack, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| The Litigation Practice Group P.C., | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION FOR ORDER REJECTING CONSUMER CONTRACTS WHICH WERE EXCLUDED OR REMOVED PURSUANT TO 11 U.S.C. § 365; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK; AND EXHIBIT** |
| | Date:     January 17, 2024<br>Time:     11:00 A.M. (Pacific Time)<br>Location: Courtroom 5C[1]<br>                411 West Fourth Street<br>                Santa Ana, CA 92701 |

---

[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, CONSUMERS, PARTIES IN INTEREST, AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on December 27, 2023, Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of The Litigation Practice Group P.C., (the "Debtor") in the above-captioned bankruptcy case (the "Case"), hereby files this motion (the "Motion") for entry of an order rejecting the consumer client contracts for those clients which were excluded or removed by MLG as provided for in the Agreement of Purchase and Sale and Joint Escrow Instructions dated as of August 4, 2023, by and between the Trustee and MLG (the "Purchase Agreement") (collectively, the "Rejected Consumer Contracts") and:

1)  Grants the Motion.

2)  Deems rejected and void, pursuant to 11 U.S.C. § 365, effective as of the Petition date, the Consumer Contracts listed in Exhibit A[2] and incorporated by reference herein.

3)  Allows the Trustee to file a motion seeking an order authorizing him to refund such monies to the rejected consumer clients, in his sole discretion and upon a reasonable request with evidence supporting such refunds.

**NOTICE IS FURTHER GIVEN** that the Motion is based on (a) this Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Richard A. Marshack, and Exhibit, (b) the concurrently filed and served notice of filing of the Motion, (c) the pleadings on file in this case and related adversary proceedings of which the Court is requested to take judicial notice, and (d) such other pleadings and evidence as may be properly submitted in connection with the Motion.

**NOTICE IS FURTHER GIVEN** that a hearing to consider the Motion will take place before the Honorable Scott C. Clarkson in Courtroom 5C of the United States Bankruptcy Court,

---

[2] Copies of the Contracts are not being provided as exhibits to the Motion as they are voluminous and contain personally identifiable information. Further this exhibit, which is under seal, and thus will not be filed with the Court, will be served on these parties, and will identify which parties are being excluded/removed by MLG.

1

located at 411 West Fourth Street, Santa Ana, California 92701, on January 17, 2024 at 11:00 a.m. or via Zoom.

     **NOTICE IS FURTHER GIVEN** that, pursuant to LBR 9013-1(f), any response or opposition to the Motion must be (i) in writing and include a complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities, and (ii) filed with the Court and served on the Trustee, counsel for the Trustee, the Debtor, and the United States Trustee no later than 14 days prior to the hearing on this Motion.

     **NOTICE IS FURTHER GIVEN that, pursuant to LBR 9013-1(h), the failure to file and serve a timely response to the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.**

Dated: December  27, 2023

Respectfully submitted,

DINSMORE & SHOHL LLP

By: */s/ Yosina M. Lissebeck*
    Yosina M. Lissebeck
    Christopher B. Ghio
    Christopher Celentino
    Special Counsel to Richard A. Marshack,
    Chapter 11 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Richard A. Marshack, Chapter 11 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group P.C. ("LPG" or the "Debtor") submits this Memorandum of Points and Authorities in support of his motion (the "Motion") for entry of an order rejecting, pursuant to the terms of the Court's Order (A) Approving Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 USC § 363(b), (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief [Dkt. No. 352] (the "Sale Order"),  (i) all consumer client files listed in Exhibit A (filed under Seal pursuant to an Order entered on December 14, 2023, but served on all parties) "Cancelled/Excluded/Rejected" which includes the consumer clients who did not opt out[3] and who fell into one of the below categories.

1.    The client was located in a state for which Morning Law Group ("MLG") MLG had no licensed attorney; or

2.    The client had no remaining payments and if any payments were made to MLG since August 4, 2023, the payments were listed to be refunded to the Estate per Purchase Agreement Section 1(c); or

3.    It was not economically viable for MLG to assume representation of the client; or

4.    For a small handful of clients, MLG otherwise believed it could not adequately and properly represent the client in compliance with the applicable Rules of Professional Conduct (e.g., disputes or challenges with the client, inability to communicate with the client, the client refused to work with MLG's local counsel).

This may have included some consumer clients who requested to opt in, but whose request was ultimately not accepted (and they did not sign a new Legal Service Agreement with MLG).

///

///

---

[3] Any consumer client who opted-out caused the contract to be terminated automatically. Thus, there is no reason to reject, as those contracts are already deemed rejected.

1    Some of the rejected clients may have pending matters about which MLG was aware and

2    addressed as below.  Others may have pending matters about which MLG is unaware of whether

3    LPG is listed as counsel of record, as LPG's records were not complete or well-maintained.

4    For rejected LPG clients who have pending matters about which MLG was aware, MLG

5    discussed the ethical issues with Ms. Rapaport the Court Ordered Monitor and agreed to follow

6    the below procedure:

7    If an MLG attorney had filed an appearance in any court matters on behalf of the rejected

8    clients, MLG:

9    (1)  reviewed the matter beginning on November 15 to see if there were any deadlines

10    upcoming within the subsequent 30 days;

11    (2)  if there were no such deadlines pending, the attorney filed a request to withdraw;

12    (3)  if there were such pending deadlines, MLG discussed internally the best course of

13    action, which action could include:

14    (a)  completing the representation if the case was one that was nearly finished or

15    was close to settling, or

16    (b)  filing a request to withdraw to see if the Court would approve it and postpone

17    the upcoming deadline to allow the client time to find new counsel, and

18    (c)  if the Court rejected the request to withdraw, then MLG would agree to

19    represent the client solely for that pending litigation subject to a new engagement, but would still

20    reject assumption of the LPG contract.

21    If no MLG attorney has filed an appearance in the matter, MLG would take no action in

22    the matter because MLG cannot withdraw on behalf of LPG in that instance.

23    **Thus, for any rejected consumer client MLG will no longer be representing them after**

24    **entry of an Order approving this Motion. Further, neither the Bankruptcy Estate nor the**

25    **Chapter 11 Trustee can, or will, represent any party who opted out, or any of these rejected**

26    **consumer clients.  Any rejected consumer client who is on Exhibit A should immediately seek**

27    **to retain substitute counsel.  In anticipation that parties may need assistance in finding**

28    **substitute counsel, the Trustee will provide an additional notice to all rejected parties after**

**this Motion is approved with contact information for bar associations and/or organizations that can assist in finding referrals.**

If the Trustee charged any of these consumer clients after the bankruptcy was commenced or if MLG charged any of these consumer clients after the sale and returns such funds to the Trustee, he intends to file a motion seeking an order authorizing him to refund such monies to the rejected consumer clients, in his sole discretion and upon a reasonable request with evidence supporting such refunds.

II.    **STATEMENT OF FACTS**

    **A.    The Debtor's Bankruptcy Filing**

On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy case (the "Case"). [Dk. 1].

    **B.    The Pre-Petition Debtor**

As relevant hereto, prepetition, the Debtor engaged in the business of providing legal services generally described as debt resolution services provided by a network of attorneys licensed to practice law in all 50 states and the District of Columbia. [Dk. 320, page 4].

As part of its business, Debtor entered into legal service agreements with multiple clients wherein Debtor agreed to provide legal services to these individuals (hereinafter "Consumer Contracts").  Declaration of Richard Marshack, ¶ 4.

    **C.    The Sale to Morning Law Group, P.C.**

On July 22, 2023, the Court entered an order [Docket No. 320] (the "Sale Order") approving the sale of substantially all of the assets of the Debtor to Morning Law Group P.C. ("MLG").

    **D.    The 90 Day Notice to Consumers and Purchase Agreement.**

Pursuant to California Law, as part of the sale to MLG, a 90-day Notice to Consumer was sent to all Consumer Contract parties providing them with the choice to either opt-in and consent to MLG providing legal services, and then entering into a new legal service agreement; opt-out and have the file transferred to the consumer and any agreement with MLG rejected; or do nothing

1  and then be deemed to have opted in, until the time the consumer decided to opt-out. Declaration

2  of Richard Marshack, ¶ 4.  This Notice was sent to all Consumer Contract parties on August 16,

3  2023.  Declaration of Richard Marshack, ¶ 4.   As of the filing of this Motion, the time period to

4  Opt-In has expired (November 14, 2023) and there are approximately 1,745 who opted in; 4,673

5  that opted out; the balance were non-responsive to the notice.

6      **E.**    **Motion to Seal**

7     On December 13, 2023, the Trustee filed a Motion to Seal Exhibit A, which is the list of

8  over 19,000 consumer client files that are being rejected. See, [Dkt. No. 760].  An Order was

9  entered on December 14, 2023, protecting Exhibit A from filing, as it consists of consumer's

10  names.  This Exhibit will however be served on all of those listed in Exhibit A so that the consumer

11  clients can identify if their file is being rejected.

12      **F.**    **Rejection of Consumer Clients**

13     Pursuant to the Sale Order, MLG is entitled to exclude or remove consumer client contracts

14  it identifies.  Declaration of Richard Marshack, ¶ 4 The consumer clients identified in Exhibit A

15  are the "Cancelled/Excluded/Rejected" files, which includes the consumer clients who did not opt

16  out[4] and who fell into one of the below categories.

17     1.    The client was located in a state for which Morning Law Group ("MLG") MLG has

18  no licensed attorney; or

19     2.    The client had no remaining payments and if any payments were made to MLG

20  since August 4, 2023, the payments were listed to be refunded to the Estate per Purchase

21  Agreement Section 1(c); or

22     3.    It was not economically viable for MLG to assume representation of the client; or

23     4.    For a small handful of clients, MLG otherwise believed it could not adequately and

24  properly represent the client in compliance with the applicable Rules of Professional Conduct (e.g.,

25  disputes or challenges with the client, inability to communicate with the client, the client refused

26  to work with MLG's local counsel).

27  _____

28  [4] Any consumer client who opted-out caused the contract to be terminated automatically. Thus, there is no reason to reject, as those contracts are already deemed rejected.

1    This may have included some consumer clients who requested to opt in, but whose request

2  was ultimately not accepted (and they did not sign a new Legal Service Agreement with MLG).

3    Some of the rejected clients may have pending matters about which MLG was aware and

4  addressed as below.  Others may have pending matters about which MLG is unaware of whether

5  LPG is listed as counsel of record, as LPG's records were not complete or well-maintained.

6    For rejected LPG clients who have pending matters about which MLG was aware, MLG

7  discussed the ethical issues with Ms. Rapoport the Court Ordered Monitor and agreed to follow

8  the below procedure:

9    If an MLG attorney had filed an appearance in any court matters on behalf of the rejected

10  clients, MLG:

11    (1)  reviewed the matter beginning on November 15 to see if there were any deadlines

12  upcoming within the subsequent 30 days;

13    (2)  if there were no such deadlines pending, the attorney filed a request to withdraw;

14    (3)  if there were such pending deadlines, MLG discussed internally the best course of

15  action, which action could include:

16    (a)  completing the representation if the case was one that was nearly finished or

17  was close to settling, or

18    (b)  filing a request to withdraw to see if the Court would approve it and postpone

19  the upcoming deadline to allow the client time to find new counsel, and

20    (c)  if the Court rejected the request to withdraw, then MLG would agree to

21  represent the client solely for that pending litigation subject to a new engagement, but would still

22  reject assumption of the LPG contract.

23    If no MLG attorney has filed an appearance in the matter, MLG would take no action in

24  the matter because MLG cannot withdraw on behalf of LPG in that instance.

25    **Thus, for any rejected consumer client MLG will no longer be representing them after**

26  **entry of an Order approving this Motion. Further, neither the Bankruptcy Estate nor the**

27  **Chapter 11 Trustee can, or will, represent any party who opted out, or any of these rejected**

28  **consumer clients.  Any rejected consumer client who is on Exhibit A should immediately seek**

**to retain substitute counsel. In anticipation that parties may need assistance in finding substitute counsel, the Trustee will provide an additional notice to all rejected parties after this Motion is approved with contact information for bar associations and/or organizations that can assist in finding referrals.**

If the Trustee charged any of these consumer clients after the bankruptcy was commenced or if MLG charged any of these consumer clients after the sale and returns such funds to the Trustee, he intends to file a motion seeking an order authorizing him to refund such monies to the rejected consumer clients, in his sole discretion and upon a reasonable request with evidence supporting such refunds.

## II.  THE COURT SHOULD PERMIT THE TRUSTEE TO REJECT THE AGREEMENTS

### A.    Standards for Rejection

Pursuant to Bankruptcy Code section 365(a), a chapter 11 debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *In re Player's Poker Club, Inc.*, 636 B.R. 811, 816-17 (Bankr. C.D. Cal. 2022). "In making its determination, a bankruptcy court need engage in 'only a cursory review of a [debtor in possession]'s decision to reject the contract. Specifically, a bankruptcy court applies the business judgment rule to evaluate a [debtor in possession]'s rejection decision.'" *Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (quoting *Durkin v. Benedor (In re G.I. Indus.)*, 204 F.3d 1276, 1282 (9th Cir. 1999)).

Courts have embraced the "business judgment test" when reviewing these decisions and have held that rejection is satisfied when a trustee has determined, using its business judgment, that rejection will benefit the estate. *See, e.g.*, *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 279 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984); *In re Hertz*, 536 B.R. at 442; *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007).

Under the business judgment test, bankruptcy courts will uphold and not overturn a debtor-in-possession's decision regarding the use of property of the estate, including the decision to reject an executory contract, unless that decision is the product of "bad faith, whim, or caprice." *Pomona Valley Med. Grp.*, 476 F.3d at 670 (quoting *Lubrizol Enters. v. Richmond Metal Finishers*, 756

1    F.2d 1043, 1047 (4th Cir. 1985), *cert. denied,* 475 U.S. 1057 (1986)); *see also In re Brugnara*

2    *Props. VI*, No. C 18-02822 WHA, 2019 U.S. Dist. LEXIS 54611, at *7–8 (N.D. Cal. Mar. 29, 2019)

3    (applying *Pomona Valley Med. Grp.* in the context of a trustee seeking to reject an executory

4    contract).

5        "Since the debtor has the right under the Bankruptcy Code to reject the contract, the court's

6    discretion is limited once it has determined that the debtor is exercising sound business judgment."

7    *In re Health Plan of the Redwoods*, 286 B.R. 779, 780 (Bankr. N.D. Cal. 2002).

8        **B.    Basis for Rejection**

9        Pursuant to MLG's rights under the Sale Order, it has determined it will not be accepting

10   representation of the Consumer Contracts identified in Exhibit A. Because the Estate is not in a

11   position to provide legal representation to these consumers, Trustee has properly exercised his

12   business judgment to reject these contracts. Declaration of Richard Marshack, ¶ 4.[5]

13       Finally, there is no prejudice to the Consumer Contract parties. The claims bar date has not

14   expired and this motion requests that the Court set a 60-day deadline after entry of the order for any

15   party asserting an administrative claim to file a properly noticed motion. Thus, if a consumer clients

16   believes they have an unsecured or administrative claim, they can file one.  More important, for

17   rejected LPG clients who have pending matters about which MLG was aware, MLG discussed the

18   ethical issues with Ms. Rapoport the Court Ordered Monitor and agreed to the procedures identified

19   above and in the Notice.

20   **IV.    CONCLUSION**

21       Based upon all of the foregoing, the Trustee submits that the relief requested is in the best

22   interests of the Debtor's Estate and parties in interest, and respectfully requests that the Court grant

23   the Motion and enter an order:

24       1.    Authorizing rejection of the Contracts under section 365(a) of the Bankruptcy

25   Code;

26   ///

---

27
28   [5] Any consumer client who opted-out caused the contract to be terminated automatically. Thus, there is no reason to reject, as those contracts are already deemed rejected.

9

2.    Ordering that any unsecured claim arising from rejection must be filed by the deadline set by the Court for the filing of any unsecured claim;

3.    Setting a 60-day deadline for the filing of any motion seeking allowance of an administrative claim arising from rejection;

4.    Allows the Trustee to file a motion seeking an order authorizing him to refund such monies to the rejected consumer clients, in his sole discretion and upon a reasonable request with evidence supporting such refunds; and

5.    Granting the Trustee such other and further relief as the Court deems just and proper.


Dated: December 27, 2023                  Respectfully submitted,

                                          DINSMORE & SHOHL LLP


                                          By: _/s/ Yosina M. Lissebeck_
                                              Yosina M. Lissebeck
                                              Christopher B. Ghio
                                              Christopher Celentino
                                              Counsel to Richard A. Marshack,
                                              Chapter 11 Trustee

## DECLARATION OF RICHARD A. MARSHACK IN SUPPORT OF
## MOTION FOR ORDER REJECTING CONSUMER CONTRACTS

I, Richard A. Marshack, declare:

1.    I am the Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the Debtor. As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2.    I submit this Declaration in support of the *Motion for Order Rejecting Consumer Contracts That Were Excluded or Removed Pursuant to 11 U.S.C. § 365* (the "Motion") to which this Declaration is attached. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3.    The Court may take judicial notice of the following:

    a.    On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case (the "Case").

    b.    I accepted my appointment for the Estate on May 8, 2023.

4.    Based on my investigation to date, I am informed and believe the following:

    a.    As part of its business, Debtor entered into legal service agreements with multiple clients wherein Debtor agreed to provide legal services to these individuals (hereinafter "Consumer Contracts").

    b.    Pursuant to California Law, as part of the sale to MLG, a 90-day Notice to Consumer was sent to all Consumer Contract parties providing them with the choice to either opt-in and consent to MLG providing legal services, and then entering into a new legal service agreement; opt-out and have the file transferred to the consumer and any agreement with MLG rejected; or do nothing and then be deemed to have opted in, until the time the consumer decided to opt-out. This Notice was sent to all Consumer Contract parties on August 16, 2023.  As of the filing of this Motion, the time period to Opt-In has expired (November 14, 2023) and there are

1    approximately 1,745 who opted in; 4,673 that opted out; the balance were non-responsive to the

2    notice.

3            c.      Pursuant to the terms of the Purchase Agreement MLG has excluded or

4    removed certain Consumer Contracts.

5            d.      The parties that this Motion affects are those that MLG chose to exclude or

6    remove pursuant to the Purchase Agreement.  Those approximately 19,000 parties are identified

7    in Exhibit A hereto, which is being filed under Seal, pursuant to an Order entered December 14,

8    2023.

9            e.      These Consumer Contracts have no value to the Estate or creditors, as they

10   are either parties who no longer wish to have services rendered by MLG, and cannot have services

11   rendered by LPG and/or they were removed or excluded by MLG.  Accordingly, I request this

12   Court deem those contracts rejected. Those parties are identified in the Sealed Exhibit A hereto,

13   which will be served on these parties so they can identify themselves.

14           f.      I further request the Court authorize me to file a further motion seeking an

15   order authorizing me to refund such monies to the rejected consumer clients, in my sole discretion

16   and upon a reasonable request with evidence supporting such refunds.

17           I declare under penalty of perjury under the laws of the United States of America that the

18   foregoing is true and correct.

19

20   Dated:  December 27, 2023

21                                                     _____
                                                       Richard A. Marshack
22

23

24

25

26

27

28

12

**EXHIBIT "A"**

**FILED UNDER SEAL**

**SERVED ON ALL LISTED EXHIBIT A PARTIES**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:        655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document: **NOTICE OF MOTION AND MOTION FOR ORDER REJECTING CONSUMER CONTRACTS WHICH WERE EXCLUDED OR REMOVED PURSUANT TO 11 U.S.C. § 365; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK; AND EXHIBIT**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 27, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒        Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On December 27, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐        Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 27, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 27, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                                    **F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

dedelman@edcombs.com, courtecl@edcombs.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski
@fennelllaw.com;samantha.larimer@fennelllaw.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-1.PROOF.SERVICE

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
richard@amintalati.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, lnystrom@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-.1.PROOF.SERVICE**

razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-1.PROOF.SERVICE

daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        F 9013-1.PROOF.SERVICE

lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff RICHARD A. MARSHACK
sarah.mattingly@dinsmore.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcyd
ocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                             F 9013-1.PROOF.SERVICE

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                F 9013-1.PROOF.SERVICE

Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-.1.PROOF.SERVICE**