Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel For Official Committee of Unsecured Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone:    (949) 333-7777
Facsimile:    (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel For Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

In re:

THE LITIGATION PRACTICE GROUP, P.C.,

                Debtor.

Chapter 11

Case No. 8:23-bk-10571-SC

**JOINT MOTION OF THE TRUSTEE AND COMMITTEE FOR ENTRY OF AN ORDER: (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM; (II) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE BAR DATE; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF**

[*No Hearing or Additional Notice Required Pursuant to LBR 3003-1(a)(1) and 9013-1(q)(9)*]

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1

153279968.2
153279968.3

1    The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice

2    Group P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending

3    under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] and Richard A.

4    Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee" and, together with the

5    Committee, the "Movants") jointly submit this motion (the "Motion") for entry of an order (the "Bar

6    Date Order"), substantially in the form attached to this Motion as **Exhibit 1**: (i) establishing a bar

7    dates for creditors to file proofs of claim (a "Proof of Claim") against the Debtor in the Bankruptcy

8    Case; (ii) approving the form and manner for filing Proofs of Claim; and (iii) approving the form and

9    manner of notice of the Bar Date.  In support of the Motion, the Movants refer to the points and

10    authorities set forth below, the attached *Declaration of Richard A. Marshack* (the "Marshack

11    Declaration"), the record of this Bankruptcy Case, and any other admissible evidence properly

12    brought before the Court, and respectfully states as follows:

I.

**FACTUAL BACKGROUND**

A.    **General Background**

On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under chapter

11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California

(the "Court"), commencing the Bankruptcy Case.

On April 4, 2023, the Debtor filed its schedules [Docket No. 33] (the "Schedules") and

statement of financial affairs [Docket No. 34] (the "Statements").  On May 1, 2023, the Debtor

subsequently amended its Schedule D [Docket No. 52].  As set forth more fully below, however, there

is substantial doubt that the financial reporting provided by the Debtor is accurate.

On May 8, 2023, the Court entered an order [Docket No. 65] approving the appointment of

the Trustee.  The order granted a motion [Docket No. 21] filed by the Office of the United States

Trustee requesting appointment of a chapter 11 trustee based on, *inter alia*, the Debtor's failure to

provide significant financial and other disclosures.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

---

[1] Unless otherwise noted, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

153279968.3

1    On June 23, 2023, the Office of the United States Trustee appointed the Committee [Docket

2    No. 134], which was amended to increase the number of Committee members on June 29, 2023

3    [Docket No. 157].

4    On December 22, 2023, the Court entered an order [Docket No. 785] approving the

5    employment of Omni Agent Solutions ("Omni") as the noticing and claims agent in this Bankruptcy

6    Case.

7    **B.**    **The Debtor's Operations and Sale**

8    The Debtor was a law firm that provided consumer debt resolution services. *See* Docket No.

9    320 at 4. The Debtor reported that—during its peak operations in 2022—it serviced more than 60,000

10    consumer clients across the United States. *See* Docket No. 191 (Decl. of Richard Marshack, Ex. 1

11    (§ 341(a) Tr. at 82:18-24)). As of the Trustee's appointment, he understood that the Debtor had

12    already transferred most, if not all, of its "active" consumer clients. *See* Docket No. 191 (Dec. of

13    William "Ty" Carss, Ex. A); *id.* (Decl. of Richard Marshack, Ex. 1 (§ 341(a) Tr. at 54:18-24)).

14    On August 2, 2023, the Court entered an order [Docket No. 352] (the "Sale Order") approving

15    the sale (the "Sale") of certain assets to Morning Law Group, P.C. ("MLG"), pursuant to that certain

16    *Agreement of Purchase and Sale and Joint Escrow Instructions* [Docket No. 416] (the "APA").

17    The Sale Order established procedures for the assumption and assignment of executory

18    agreements, including consumer contracts. On October 6, 2023, the Court entered an order [Docket

19    No. 562] authorizing the assumption and assignment of certain vendor contracts. On December 15,

20    2023, the Court entered an order authorizing the assumption and assignment of certain consumer

21    contracts [Docket Nos. 766]. Additionally, the Court has entered orders authorizing the rejection of

22    executory agreements and leases [Docket Nos., 523, 555, 640] and a hearing will be held on January

23    31, 2023 on a pending motion to reject certain consumer agreements [Docket No. 794].

24    **C.**    **The Plan Filing Deadline**

25    The Movants have been working diligently toward filing a joint plan that will bring this

26    Bankruptcy Case to an expedited and efficient conclusion. On December 26, 2023, the Court entered

27    an order [Docket No. 789] setting February 2, 2024, as the deadline for the Trustee to file a plan of

28    liquidation (the "Plan Filing Deadline"). As set forth below, a comprehensive picture of the potential

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

2

claims pool will be essential to confirmation of a plan in this Bankruptcy Case.

## II.

## PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM

### A.  The Bar Dates

The Movants request that the Court establish the following deadlines by which certain holders of claims will be required to file written proof of their claim(s) (collectively, the "Bar Dates" and, each individually, a "Bar Date"):

| General Bar Date | **February 23, 2024, at 4:00 p.m. prevailing Pacific Time** (the "General Bar Date") is the deadline for all persons and entities, ***including governmental units*** (as that term is defined in § 101(27)), holding secured, unsecured priority, and unsecured non-priority claims against the Debtor arising (or deemed to arise) before the Petition Date (each, a "General Claim"). |
|---|---|
| **Rejection Bar Date** | For claims relating to the rejection of an executory contract or unexpired lease (a "Rejection Claim"), the later of (i) the General Bar Date; and (ii)(a) the date set forth in an order authorizing the Debtor to reject such contract or lease pursuant to § 365 (including any order confirming a plan in the Bankruptcy Case), or (b) if no specific date is set forth, thirty (30) days after entry of a rejection order (the "Rejection Bar Date"). |
| **Chapter 5 Bar Date** | For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (a "Chapter 5 Claim"), the later of (i) the General Bar Date; and (ii) thirty (30) days after the date of entry of the judgment avoiding the transfer (the "Chapter 5 Bar Date"). |

On October 16, 2023, the Court entered an order [Docket No. 577] (the "Administrative Bar Date Order") establishing November 21, 2023 (the "Administrative Bar Date"), as the deadline for holders of administrative claims arising between March 20, 2023, and August 4, 2023, to file a motion for allowance and payment of such administrative claims.  Nothing contained in this Motion is intended to alter or modify the Administrative Bare Date or limit the Movants' right to seek a further bar date for any administrative claims arising subsequent to August 4, 2023, by motion or plan.

### B.  Parties Subject to the General Bar Date

Movants propose that the General Bar Date shall apply to all persons as defined in § 101(41) (a "Person") and entities, as defined in § 101(15) (an "Entity"), including governmental units (as defined in § 101(27)) holding claims against the Debtor, including the following:

3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

a.  any Person or Entity whose claim against the Debtor is not listed in the Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in the Bankruptcy Case;

b.  any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules;

c.  any Person or Entity holding an interest in the Debtor (an "Interest Holder"), which interest is based upon the alleged ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest");

d.  any Person or Entity holding a claim that arises out of or relates to the alleged ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest; and

e.  any current or former officer, director, or manager of the Debtor for any claims including claims based on indemnification, contribution, or reimbursement.

The following Persons or Entities whose claims otherwise would be subject to the General Bar Date need not file a Proof of Claim, at this time:

a.  any Person or Entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court or with the Debtor's claims and noticing agent, Omni, in a form substantially similar to Official Form 410;

b.  any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.  any Person or Entity whose claim has previously been allowed by order of the Court;

d.  any Person or Entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtor or any other party;

e.  any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

f.  claims of professionals retained by the Debtor pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to §§ 328, 330, 331, 363, and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims"); and

g.  any Person or Entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930, including, for the avoidance of doubt, any administrative claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtor's estate.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

2 6 2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**C.**      **The Claim Forms**

Movants propose authorization to use two different Claim Forms. ***First***, the Movants propose that all holders of General Claims that are not Consumer Claimants (defined below), holders of Rejection Claims, and holders of Chapter 5 Claims must utilize Official Form 410 for the submission of Proofs of Claim (the "General Claim Form"). ***Second***, in light of the unique issues facing the Debtor's consumer creditors (the "Consumer Claimants") who assert claims arising from or related to their attorney-client relationship with the Debtor (the "Consumer Claims"), the Movants have prepared and request approval of the Proof of Claim form attached as **Exhibit 2** (the "Consumer Claim Form" and, together with the General Claim Form, the "Claim Forms"); provided that, Consumer Claimants may choose to submit Proofs of Claim utilizing the General Claim Form. Any Consumer Claimant that has already filed a claim on the General Claim Form may, but will not be required to file an amended claim on the Consumer Claim Form. The Movants propose that proper filing—whether by written means through hand delivery or mail submission or electronically through the Claims Agent's website—of a Proof of Claim that substantially conforms to the applicable Claim Form be deemed to satisfy the procedural requirements for the assertion of a General Claim, Rejection Claim, or Chapter 5 Claim, as applicable.

The Movants believe that their effort to promote consistency with respect to Proofs of Claim will: (i) help mitigate the confusion and expense the claims process otherwise may engender among holders of claims; (ii) provide holders of claims with additional time within which to rectify information; and (iii) make the estate's task of reconciling scheduled and filed claims less burdensome, costly, and time-consuming, all of which will benefit creditors and parties in interest.

**D.**      **Requirements for Filing a Claim Form**

With respect to completing and filing a Claim Form, the Movants propose the following requirements:

    a.     each claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the General Claim Form or Consumer Claim Form, as applicable; and (iv) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of the claim;

    b.     each General Claim Form and Consumer Claim Form must include supporting documentation in accordance with Rules 3001(c) and 3001(d) of the Federal Rules of

5

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  If, however, such documentation is voluminous, such General Claim Form or Consumer Claim Form, as applicable, may include a summary of such documentation or an explanation as to why such documentation is not available; provided, that, upon the request for additional documentation, such claimant that received such request shall be required to transmit such written documentation no later than five (5) business days following the date of such request;

c.    each General Claim Form or Consumer Claim Form, including supporting documentation, must be submitted in person, by courier service, overnight delivery, hand delivery, or United States mail ***so as to be actually received*** by Omni on or before the applicable Bar Date at the following address:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
[5955 De Soto Ave., Suite 100
[ Woodland Hills, CA 91367

Additionally, Claim Forms may be submitted electronically using the interface available on the website maintained by Omni in this Bankruptcy Case https://omniagentsolutions.com/LPG-claims, ***so as to be actually received*** by Omni on or before the applicable Bar Date; and

d.    except as expressly permitted above in the context of electronic submissions at Omni's website, any Claim Forms otherwise sent by facsimile, telecopy, electronic mail, or other form of electronic submissions will not be accepted.

**E.**      <u>**Failure to File a Claim Form**</u>

In accordance with Bankruptcy Rule 3003(c)(2), the Movants propose that any Person or Entity who is required, but fails, to properly file a General Claim Form or Consumer Claim Form by the applicable Bar Date may be forever barred, estopped, and enjoined from asserting such claim against the Debtor's estate (or filing a claim with respect to any such General Claim, Rejection Claim, or Chapter 5 Claim), and the Debtor's estate and its property may be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Additionally, the Movants propose that any Person or Entity that is required, but fails, to properly file a Claim Form by the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this Bankruptcy Case and participating in any distribution in this Bankruptcy Case on account of such claim.

**F.**      <u>**Notice of the Bar Dates**</u>

    **1.**     **Actual Notice**

With the assistance of Omni, the Movants propose to serve all known persons or entities

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

1  holding potential prepetition claims, governmental claims, or claims based on the previous rejection

2  of a contract or lease against the Debtor with written notice (the "Bar Date Notice") substantially in

3  the form attached as **Exhibit 3**.  The proposed Bar Date Notice conforms substantially to the Court's

4  form *Notice of Bar Date for Filing Proofs of Claim in Chapter 11 Case* [F 3003-

5  1.NOTICE.BARDATE].   In light of the proposed procedures and the Administrative Bar Date,

6  however, the proposed Bar Date Notice modifies the Court's form notice by removing the discussion

7  concerning administrative claims arising under § 503(b)(9) and the applicability of the Bar Date to

8  Interest Holders.

9       Specifically, no later than January 23, 2024, the Movants propose that Omni will serve the

10  Bar Date Notice by first-class United States mail, postage prepaid, on:

a.    the Court;

b.    all persons or entities that have requested notice of the proceedings in this Bankruptcy Case, pursuant to Bankruptcy Rule 2002, as of the date of the Bar Date Order;

c.    all creditors and other known holders of claims against the Debtor known to the Trustee as of the date of the Bar Date Order, including all persons or entities listed in the Schedules and Statements as holding claims against the Debtor, including claims that the Debtor listed as contingent, unliquidated, or disputed;

d.    all non-debtor parties to executory contracts and unexpired leases listed on the Schedules and Statements, or otherwise known to the Trustee, or his designated representatives;

e.    all known parties to litigation with the Trustee, if any, including any workers compensation, general liability, or other insurance claimants, whether or not any litigation has been commenced, and their counsel, if known to the Trustee;

f.    the Internal Revenue Service;

g.    the Office of the Attorney General in all of the states and all taxing authorities in all of the jurisdictions in which the Debtor operated and/or filed tax returns, and all applicable local governmental authorities;

h.    all employees, directors, and officers of the Debtor known to the Trustee at the time of his appointment;

i.    all known former employees employed by the Debtor on or after September 20, 2022 (i.e., six (6) months before the Petition Date);

j.    all other entities listed on the Debtor's creditor matrix.

Notwithstanding the foregoing, the Movants propose that the Trustee not be required to serve the Bar

Date Notice on creditors that have already filed Proofs of Claim as of the date of the entry of the Bar

7

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1  Date Order or on parties that receive NEF notice of filings in this Bankruptcy Case to limit the cost
2  and expense of such service on the estate.

3      Additionally, the Movants propose that, no later than January 23, 2024, the Trustee will cause
4  MLG to effectuate electronic service of the Bar Date Notice on Consumer Claimants using the
5  Debtor's proprietary client resource management database (the "LUNA System").  The Movants
6  submit that the use of the LUNA System will substantially reduce the cost to the estate in effectuating
7  service on the Consumer Claimants through the use of email in lieu of mail notice.  Moreover, despite
8  certain challenges with the accuracy of information in the LUNA System, the Trustee understands
9  that the LUNA System is the most comprehensive source of contact information for former clients of
10  the Debtor that may hold claims against the estate.

11      **2.      Publication Notice**

12      In the interest of ensuring all potential holders of claims and interests receive adequate notice
13  of the Bar Dates, in addition to providing the Bar Date Notice to all known holders of claims and
14  interests by United States mail and the LUNA System, the Movants propose to provide notice of the
15  Bar Dates by publication.  In accordance with Bankruptcy Rule 2002(l) and in satisfaction of the
16  requirements of Bankruptcy Rule 2002(a)(7), the Movants propose to publish the Bar Date Notice, in
17  substantially similar substance and as modified for publication(the "Publication Notice").  No later
18  than January 23, 2024, Omni shall publish the Publication Notice on one occasion in the *Wall Street*
19  *Journal*, *New York Times*, *USA Today*, or other similar national publication.  The Publication Notice
20  will include a telephone number that holders of claims or interests may call to obtain copies of the
21  Claim Forms, the website address at which holders of claims or interests may obtain a copy of the
22  Claim Forms, and information concerning the procedures and appropriate deadlines for filing a Proof
23  of Claim.

24      **III.**

25      **LEGAL ARGUMENT**

26  A.   **Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for**
27      **Filing Proofs of Claim in This Bankruptcy Case.**

28      Bankruptcy Rule 3003(c)(3) governs the filing of proofs of claim in a chapter 11 case and

8

153279968.3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

provides, in relevant part: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than Bankruptcy Code section 502(b)(9) relating to governmental units).

It is well-recognized that a bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust and Sav. Assoc. v. 203 N LaSalle St. P'ship*, 526 U.S. 434, 453 (1999) (identifying the two primary purposes of chapter 11 relief as (a) the preservation of businesses as going concerns and (b) the maximization of assets available for the benefit of unsecured creditors). A bar date allows the debtor and parties-in-interest to expeditiously determine and evaluate the liabilities of the estate and execute a sound plan of reorganization or liquidation. The absence of such a deadline, in contrast, would prolong claimholder uncertainty, increase the costs and expenses incurred by the Estate in connection with the claims reconciliation process and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law — "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

The procedures described in this Motion will provide holders of claims with both ample notice and opportunity to file proofs of claim and a clear process for filing such claims, all while achieving administrative and judicial efficiency. Indeed, the proposed procedures are calibrated to provide comprehensive notice and clear instructions to holders of claims—particularly Consumer Claimants that may be unfamiliar with the bankruptcy process—and allow the Bankruptcy Case to move forward quickly with a minimum of administrative expense and delay.

Among other things, the proposed procedures contemplate providing clear filing instructions that are calculated to avoid confusion or uncertainty among holders of claims that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and

delay in the claims process for all parties.    Additionally, the proposed use of the personalized

Consumer Claim Form for all known holders of claims is designed both to streamline the claims

process for the estate and provide useful information to holders of claims as to whether and how their

claims are reflected in the Schedules and Statements.    The proposed procedures are designed to

comply with the Bankruptcy Code.

**B.    The Proposed Notice Procedures are Reasonable and Appropriate.**

Bankruptcy Rule 2002(a)(7) requires that holders of claims receive at least twenty-one (21)

days' notice by mail of a bar date established pursuant to Bankruptcy Rule 3003(c).  FED. R. BANKR.

P. 2002(a)(7).   Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by

publication if it finds that notice by mail is impractical or it is desirable to supplement other notices.

FED. R. BANKR. P. 2002(1).   Bankruptcy Rule 9008 also provides that the Court shall determine the

form and manner of publication notice, the newspapers used, and the frequency of publication.  FED.

R. BANKR. P. 9008.

The Movants propose to mail the Bar Date Notice to known holders of claims and will rely

on publication to give notice to unknown holders of claims.    This procedure is consistent with

applicable case law.  *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950);

*see also Chemetron*, 72 F.3d at 346.    To determine the adequacy of notice given to a creditor,

bankruptcy law distinguishes between "known" and "unknown" creditors.  *Chemetron*, 72 F.3d at

346.  As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual

written notice of a debtor's bankruptcy filing and bar claims date." *Id.* at 346 (citations omitted).  A

"known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."

*Id.* (citing *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).   For unknown

creditors, notification by publication will generally suffice."  *Id.* at 346 (citations omitted). An

"unknown" creditor is one whose "interests are either conjectural or future or, although they could be

discovered upon investigation, do not in due course of business come to knowledge [of the trustee]."

*Id.* (citing *Mullane*, 339 U.S. at 317).

Where a creditor is known, due process requires that reasonable steps be taken to provide

actual notice of the deadline for filing a proof of claim.    A creditor's identity is "reasonably

10

F OX R OTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, n.4 (1983). But this does not require the debtor, trustee, or a committee to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317. Rather, the required search is limited to a debtor's "books and records." *See, e.g., Chemetron*, 72 F.3d at 347.

The Movants submit that the relief requested in this Motion provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code and applicable case law. Assuming the Bar Date Order is entered by January 17, 2024, the Movants anticipate that all known holders of claims will have at least thirty (30) days of mailed and published notice, thereby satisfying Bankruptcy Rule 2002(a)(7), which requires only twenty-one (21) days' notice. In light of the state of the Debtor's books and records – which have proven to be incomplete and unreliable – and the concerns the Movants harbor over the sufficiency of the LUNA System, the Movants concluded that publication of the notice of the Bar Date Notice is also needed to ensure claimants have notice of the Bar Dates.

The Movants believe that the procedures and described notice periods afford holders of claims ample opportunity to review the Schedules and Statements and the Bar Date Notice, and to file proofs of claim while, at the same time, ensuring that the Movants can move toward confirmation as expeditiously as possible. Accordingly, for all the foregoing reasons, the Movants respectfully submit that the proposed Bar Dates and the form and manner of providing notice are appropriate in light of the circumstances, inure to the benefit of all parties-in-interest, and should be approved.

**IV.**

**<u>RESERVATION OF RIGHTS</u>**

Nothing contained in this Motion is intended to, or should be construed as, a waiver of the Movants' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules and Statements as to the nature, amount, liability, or classification; (b) subsequently designate any claim listed or reflected in the Schedules and Statements as disputed, contingent, or unliquidated; (c) file proofs of claim on behalf of any creditor that does not file a proof

F.O.X. ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 364-4150
(310) 556-9828 (fax)

1  of claim by the applicable Bar Date; or (d) otherwise amend or supplement the Schedules and

2  Statements.

3      Also, nothing contained in this Motion is intended to, or should be construed as, or deemed to

4  constitute, an agreement or admission as to the validity of any claim against the estate on any grounds,

5  a waiver or impairment of the Movants' rights to dispute any claim on any grounds, or an assumption

6  or rejection of any agreement, contract or lease under § 365.  The Movants expressly reserve their

7  rights to contest any Proofs of Claim.

8                                    **V.**

9                               **CONCLUSION**

10     For the foregoing reasons, the Movants respectfully request that the Court enter the Bar Date

11  Order, substantially in the form attached as Exhibit 1, (a) establishing the Bar Dates, (b) approving

12  the form and manner for filing proofs of claim, (c) approving notice, and (d) granting such other and

13  further relief as is just and proper.

14     DATED this 29th day of December 2023.

15

16  **FOX ROTHSCHILD LLP**                    **MARSHACK HAYS WOOD LLP**

17  By:  _/s/ Nicholas A. Koffroth_          By:  _D. Edward Hay_
         Keith C. Owens (Bar No. 184841)          D. Edward Hays (Bar No. 162507)
18       Nicholas A. Koffroth (Bar No. 287854)    Laila Masud (Bar No. 311731)
         Constellation Place                      870 Roosevelt
19       10250 Constellation Blvd., Suite 900     Irvine, California 92620
         Los Angeles, California 90067         *General Counsel for Chapter 11 Trustee*
20  *Counsel for the Committee*

21

22

23

24

25

26

27

28

                                    12

153279968.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

## DECLARATION OF RICHARD A. MARSHACK

I, Richard A. Marshack, declare as follows:

1.    I am the chapter 11 trustee appointed in the bankruptcy case of The Litigation Practice Group P.C. (the "Debtor") pending before the United States Bankruptcy Court for the Central District of California (the "Court") under the case captioned, *In re The Litigation Practice Group P.C.*, Case No. 8:23-bk-10571-SC (the "Bankruptcy Case").  I make this declaration in support of the *Joint Motion of the Trustee and Committee for Entry of an Order: (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III) Approving the Form and Manner of Notice of the Bar Date* (the "Motion")[1] filed concurrently herewith and for all other purposes authorized by law.

2.    In the capacity as chapter 11 trustee, and except as otherwise indicated, I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify to the matters set forth in this declaration.

3.    I have reviewed the proposed procedures for filing Proofs of Claim set forth in the Motion, including the proposed Bar Dates, the Claim Forms, and the proposed notice procedures. The procedures set forth in the Motion were the result of a negotiated agreement between the Movants to move this Bankruptcy Case to an efficient conclusion with the confirmation of a chapter 11 plan. The Movants have been working diligently toward a joint plan that will bring this Bankruptcy Case to an expedited and efficient conclusion.  A comprehensive picture of the potential claims pool will be essential to confirmation of a plan in this Bankruptcy Case.

4.    I believe that the proposed Proof of Claim procedures set forth in the Motion will: (i) help mitigate the confusion and expense the claims process otherwise often engenders among holders of claims; (ii) provide holders of claims with additional time within which to rectify information; and (iii) make the estate's task of reconciling scheduled and filed claims less burdensome, costly and time-consuming, which will benefit all parties in interest.  Specifically, I believe that the use of the proposed Consumer Claim Form will effectively address the unique issues

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

1

facing the Debtor's consumer creditors who assert claims arising from or related to their attorney-client relationship with the Debtor.

5.      In order to limit the cost to the estate, I believe it is necessary and consistent with due process that the Court not require the estate to incur the cost and expense of serving Bar Date Notice on creditors that have already filed Proofs of Claim as of the date of the entry of the Bar Date Order or on parties that receive NEF notice of filings in this Bankruptcy Case.

6.      Additionally, I believe that it is appropriate to serve the Bar Date Notice on Consumer Claimants by causing MLG to effectuate electronic service of the Bar Date Notice on Consumer Claimants using the Debtor's proprietary client resource management database (the "LUNA System"). The use of the LUNA System will substantially reduce the cost to the estate in effectuating service on the Consumer Claimants through the use of email in lieu of mail notice. I understand that there are certain challenges with the accuracy of information in the LUNA System; however, I do not have reason to believe the mailing address information for Consumer Claimants is more accurate than the email information. Moreover, I understand that the LUNA System is the most comprehensive source of contact information for former clients of the Debtor that may hold claims against the estate.

7.      In the interest of ensuring all potential holders of claims and interests receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to all known holders of claims and interests by United States mail and the LUNA System, I believe that it is appropriate to provide notice of the Bar Dates by publication as set forth more fully in the Motion.

8.      I believe that the procedures described in the Motion will provide holders of claims with both ample notice and opportunity to file proofs of claim and a clear process for filing such claims, all while achieving administrative and judicial efficiency. Indeed, the proposed procedures are calibrated to provide comprehensive notice and clear instructions to holders of claims—particularly Consumer Claimants that may be unfamiliar with the bankruptcy process—and allow the Bankruptcy Case to move forward quickly with a minimum of administrative expense and delay.

9.      Among other things, the proposed procedures contemplate providing clear filing instructions that are calculated to avoid confusion or uncertainty among holders of claims that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause

2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1    expense and delay in the claims process for all parties.  Additionally, the proposed use of the

2    personalized Consumer Claim Form for all known holders of claims is designed both to streamline

3    the claims process for the estate and provide useful information to holders of claims as to whether

4    and how their claims are reflected in the Schedules and Statements.  The proposed procedures are

5    designed to comply with the Bankruptcy Code.

6        10.    I believe that the procedures and notice periods described in the Motion afford holders

7    of claims ample opportunity to review the Schedules and Statements and the Bar Date Notice, and to

8    file proofs of claim while, at the same time, ensuring that the Movants can move toward confirmation

9    as expeditiously as possible.  Accordingly, for all the foregoing reasons, I respectfully submit that the

10   proposed Bar Dates and the form and manner of providing notice are appropriate in light of the

11   circumstances, inure to the benefit of all parties-in-interest, and should be approved.

12       I declare under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct.

14       Executed December 29, 2023. _in U.S._
         Dec 30, 2023 in NZ

15

16                                             Richard A. Marshack

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

3

153279968.2

## **Exhibit 1**

**EXHIBIT 1**

Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel For Official Committee of Unsecured
Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone:    (949) 333-7777
Facsimile:    (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel For Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION OF THE TRUSTEE AND COMMITTEE FOR ENTRY OF AN ORDER: (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM; (II) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE BAR DATE**<br><br>[*No Hearing Held or Additional Notice Required Pursuant to LBR 3003-1(a)(1) and 9013-1(q)(9)*] |

       The Court, having considered the *Joint Motion of the Trustee and Committee for Entry of an Order: (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III) Approving the Form and Manner of Notice of the Bar Date* (the "Motion")[1] filed by the Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor") and Richard A. Marshack, in his capacity as the chapter

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

153279968.3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

11 trustee of the Debtor (the "Trustee" and, together with the Committee, the "Movants"), and finding

that service and notice of the Motion was proper and reasonable under the circumstances and complies

with Rules 3003-1(a)(1) and 9013-1(q) of the Local Bankruptcy Rules of this Court, and finding that

no other service or notice is necessary, and having considered the record before the Court on the

Motion, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.      The Motion is GRANTED in its entirety.

2.      The Bar Dates are established as follows:

| General Bar Date | **February 23, 2024, at 4:00 p.m. prevailing Pacific Time** (the "General Bar Date") is the deadline for all persons and entities, ***including governmental units*** (as that term is defined in § 101(27)), holding secured, unsecured priority, or unsecured non-priority claims against the Debtor arising (or deemed to arise) before the Petition Date (each, a "General Claim"). |
|---|---|
| Rejection Bar Date | For claims relating to the rejection of an executory contract or unexpired lease (a "Rejection Claim"), the later of (i) the General Bar Date; and (ii)(a) the date set forth in an order authorizing the Debtor to reject such contract or lease pursuant to § 365 (including any order confirming a plan in the Bankruptcy Case), or (b) if no specific date is set forth, thirty (30) days from the date the rejection order (the "Rejection Bar Date"). |
| Chapter 5 Bar Date | For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (a "Chapter 5 Claim"), the later of (i) the General Bar Date; and (ii) thirty (30) days after the date of entry of the judgment avoiding the transfer (the "Chapter 5 Bar Date"). |

3.      The Movants are authorized, in their sole discretion, to extend the applicable Bar Date

for certain holders of Claims by stipulation or otherwise.

4.      The General Bar Date shall apply to all persons as defined in § 101(41) (a "Person")

and entities, as defined in § 101(15) (an "Entity"), including governmental units (as defined in

§ 101(27)), holding claims against the Debtor, including the following:

a.      any Person or Entity whose claim against the Debtor is not listed in the Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in the Bankruptcy Case;

b.      any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules;

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

2

c.   any Person or Entity holding an interest in the Debtor (an "Interest Holder"), which interest is based upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest");

d.   any Person or Entity holding a claim that arises out of or relates to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest; and

e.   any current or former officer, director, or manager of the Debtor for any claims including claims based on indemnification, contribution, or reimbursement.

5.   The following Persons or Entities whose claims otherwise would be subject to the General Bar Date need not file a Proof of Claim, at this time:

a.   any Person or Entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court or with the Debtor's claims and noticing agent, Omni, in a form substantially similar to Official Form 410;

b.   any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.   any Person or Entity whose claim has previously been allowed by order of the Court;

d.   any Person or Entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtor or any other party;

e.   any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

f.   claims of professionals retained by the Debtor pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to §§ 328, 330, 331, 363, and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims"); and

g.   any Person or Entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930, including, for the avoidance of doubt, any administrative claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtor's estate.

6.   All holders of General Claims that are not Consumer Claimants (defined below), holders of Rejection Claims, and holders of Chapter 5 Claims must utilize Official Form 410 for the submission of Proofs of Claim (the "General Claim Form"). The Debtor's consumer creditors (the "Consumer Claimants") who assert claims arising from or related to their attorney-client relationship with the Debtor (the "Consumer Claims"), may utilize the Consumer Claim Form attached to the

3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

Motion as **<u>Exhibit 2</u>** for the submission of Proofs of Claim, which form is approved by this Order. Consumer Claimants may choose to submit Proofs of Claim utilizing the General Claim Form. If a Consumer Claimant has already filed a claim using the General Claim Form, they may but are not required to file an amended claim using the Consumer Claim Form.

7.    With respect to completing and filing a Claim Form, the Person or Entity must comply with the following requirements:

a.    each claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the General Claim Form or Consumer Claim Form, as applicable; and (iv) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of the claim;

b.    each General Claim Form and Consumer Claim Form must include supporting documentation in accordance with Rules 3001(c) and 3001(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). If, however, such documentation is voluminous, such General Claim Form or Consumer Claim Form, as applicable, may include a summary of such documentation or an explanation as to why such documentation is not available; provided, that, upon the request for additional documentation, such claimant that received such request shall be required to transmit such written documentation no later than five (5) business days following the date of such request;

c.    each General Claim Form or Consumer Claim Form, including supporting documentation, must be submitted in person, by courier service, overnight delivery, hand delivery, or United States mail *so as to be actually received* by Omni on or before the applicable Bar Date at the following address:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Additionally, Claim Forms may be submitted electronically using the interface available on the website maintained by Omni in this Bankruptcy Case https://omniagentsolutions.com/LPG-claims, *so as to be actually received* by Omni on or before the applicable Bar Date; and

d.    except as expressly permitted above in the context of electronic submissions at Omni's website, any Claim Forms otherwise sent by facsimile, telecopy, electronic mail, or other form of electronic submissions will not be accepted.

8.    Any Person or Entity who is required but fails to properly file a General Claim Form or Consumer Claim Form by the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor's estate (or filing a claim with respect to any such General Claim, Rejection Claim, or Chapter 5 Claim), and the Debtor's estate and its property shall

4

F.O.X. ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Additionally, any Person or Entity that is required but fails to properly file a Claim Form by the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this Bankruptcy Case and participating in any distribution in this Bankruptcy Case on account of such claim.

9. The Bar Date Notice attached to the Motion as **Exhibit 3** is approved.

10. No later than January 23, 2024, the Trustee shall provide Omni information sufficient to serve the Bar Date Notice by first-class United States mail, postage prepaid, on:

    a.    the Court;

    b.    all persons or entities that have requested notice of the proceedings in this Bankruptcy Case, pursuant to Bankruptcy Rule 2002, as of the date of the Bar Date Order;

    c.    all creditors and other known holders of claims against the Debtor known to the Movants as of the date of the Bar Date Order, including all persons or entities listed in the Schedules and Statements as holding claims against the Debtor, including claims that the Debtor lists as contingent, unliquidated, or disputed;

    d.    all non-debtor parties to executory contracts and unexpired leases listed on the Schedules and Statements, or otherwise known to the Trustee, or his designated representatives;

    e.    all known parties to litigation with the Trustee, if any, including any workers compensation, general liability, or other insurance claimants, whether or not any litigation has been commenced, and their counsel, if known to the Trustee;

    f.    the Internal Revenue Service;

    g.    the Office of the Attorney General in all of the states and all taxing authorities in all of the jurisdictions in which the Debtor operated and/or filed tax returns, and all applicable local governmental authorities;

    h.    all employees, directors, and officers of the Debtor known to the Trustee at the time of his appointment;

    i.    all known former employees employed by the Debtor on or after September 20, 2022 (i.e., six (6) months before the Petition Date); and

    j.    all other entities listed on the Debtor's creditor matrix.

11. Notwithstanding the foregoing, the Trustee is not required to serve the Bar Date Notice on creditors that have already filed Proofs of Claim as of the date of the entry of the Bar Date Order or on parties that receive NEF notice of filings in this Bankruptcy Case.

5

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

12.      The Bar Date Notice, in substantially similar substance as attached to the Motion as **Exhibit 2** and as modified for publication (the "Publication Notice") is approved.  No later than January 23, 2024, Omni shall publish the Publication Notice on one occasion in the *Wall Street Journal*, *New York Times*, *USA Today*, or other similar national publication.

13.      The Movants are authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order.

14.      Nothing contained in the Motion or this Bar Date Order shall be construed as a waiver of the Movants' or any parties in interests' right to dispute, object to, challenge, or assert offsets or defenses against any claim on any grounds.

15.      The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this Order.

16.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

###

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

**<u>Exhibit 2</u>**

## EXHIBIT 2

1  Keith C. Owens (Bar No 184841)           D. Edward Hays (Bar No. 162507)
   Nicholas A. Koffroth (Bar No. 287854)    Laila Masud (Bar No. 311731)
2  **FOX ROTHSCHILD LLP**                    **MARSHACK HAYS WOOD LLP**
   10250 Constellation Blvd., Suite 900     870 Roosevelt
3  Los Angeles, CA 90067                     Irvine, CA 92620
   Telephone:    (310) 598-4150            Telephone:    (949) 333-7777
   Facsimile:    (310) 556-9828            Facsimile:    (949) 333-7778
4  kowens@foxrothschild.com                 ehays@marshackhays.com
   nkoffroth@foxrothschild.com              lmasud@marshackhays.com
5

6  *Counsel For Official Committee of Unsecured    Counsel For Chapter 11 Trustee
   Creditors*

7

8           **UNITED STATES BANKRUPTCY COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
9                **SANTA ANA DIVISION**

10  In re:                                    Chapter 11

11  THE LITIGATION PRACTICE GROUP,            Case No. 8:23-bk-10571-SC
    P.C.,
12                                            **NOTICE OF BAR DATE FOR FILING**
                                              **PROOFS OF CLAIM**
13        Debtor.
                                              **General Bar Date**
14

15                                            Date:  February 23, 2024
                                              Time: 4:00 p.m. (prevailing Pacific Time)
16

17

18      **TO ALL CREDITORS AND INTEREST HOLDERS OF THE LITIGATION
    PRACTICE GROUP P.C.:**

19      **PLEASE TAKE NOTICE** that, on _____, the United States Bankruptcy Court for the
    Central District of California entered an order [Docket No. ____][1] setting the following deadlines to
20  file proofs of claim against the bankruptcy estate of The Litigation Practice Group P.C. (the
    "Debtor"):

21

| General Bar Date | **February 23, 2024, at 4:00 p.m. prevailing Pacific Time** (the "General Bar Date") is the deadline for all persons and entities, ***including governmental units*** (as that term is defined in § 101(27)), holding a secured claim, unsecured priority, or unsecured non-priority claim against the Debtor arising (or deemed to arise) before the Petition Date (each, a "General Claim").[2] |
|---|---|

---

[1] Unless otherwise defined, all capitalized terms have the definitions set forth or referenced in the Order.

[2] Parties subject to the General Bar Date include, but are not limited to: (a) any Person or Entity whose claim against the Debtor is not listed in the Debtor's Schedules, or is listed as "contingent,"

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

| **Rejection Bar Date** | For claims relating to the rejection of an executory contract or unexpired lease (a "Rejection Claim"), the later of (i) the General Bar Date; and (ii)(a) the date set forth in an order authorizing the Debtor to reject such contract or lease pursuant to § 365 (including any order confirming a plan in the Bankruptcy Case), or (b) if no specific date is set forth, thirty (30) days from the date the rejection order (the "Rejection Bar Date"). |
|---|---|
| **Chapter 5 Bar Date** | For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (a "Chapter 5 Claim"), the later of (i) the General Bar Date; and (ii) thirty (30) days after the date of entry of the judgment avoiding the transfer (the "Chapter 5 Bar Date"). |

**PLEASE TAKE FURTHER NOTICE** that the Court has approved two different types of claim forms. *First*, all holders of General Claims that are not Consumer Claimants (defined below), holders of Rejection Claims, and holders of Chapter 5 Claims must utilize Official Form 410 for the submission of Proofs of Claim (the "General Claim Form"). *Second*, in light of the unique issues facing the Debtor's consumer creditors (the "Consumer Claimants") who assert claims arising from or related to their attorney-client relationship with the Debtor (the "Consumer Claims"), the Court has authorized a unique claim form (the "Consumer Claim Form") with additional information that may be helpful to Consumer Claimants in completing their proof of claim. Consumer Claimants, however, can use either the Consumer Claim Form or the General Claim Form. Consumer Claimants may, but are not required, to file a proof of claim using the Consumer Claim Form if they have already timely filed a proof of claim using the General Claim Form.

**PLEASE TAKE FURTHER NOTICE** that you can obtain a copy of the General Claim Form and the Consumer Claim Form by visiting https://omniagentsolutions.com/LPG-claims. Consumer Claimants should also receive a copy of the Consumer Claim Form by email. Holders of General Claims that are not Consumer Claims can also find a copy of the General Claim Form on the Bankruptcy Court's web site at http://www.cacb.uscourts.gov. If you have any questions about how to obtain a Claim Form, please contact (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; however, **you must seek your own legal counsel if you would like advice on whether or how to complete the Claim Form**.

**PLEASE TAKE FURTHER NOTICE** that you **are not** required to submit a Claim Form by the applicable Bar Date if you fall within the below categories:

    a.    any Person or Entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court or with the Debtor's claims and noticing agent, Omni, in a form substantially similar to Official Form 410;

"unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in the Bankruptcy Case; (b) any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules; (c) any Person or Entity holding an interest in the Debtor (an "Interest Holder"), which interest is based upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"); (d) any Person or Entity holding a claim that arises out of or relates to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest; and (e) any current or former officer, director, or manager of the Debtor for claims based on indemnification, contribution, or reimbursement.

2

F O X R O T H S C H I L D L L P
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-8828 (fax)

153279968.3

b.  any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.  any Person or Entity whose claim has previously been allowed by order of the Court;

d.  any Person or Entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtor or any other party;

e.  any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

f.  claims of professionals retained by the Debtor pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to §§ 328, 330, 331, 363, and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims"); and

g.  any Person or Entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930, including, for the avoidance of doubt, any administrative claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtor's estate.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE OF A CREDITOR OR INTEREST HOLDER TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWANCE OF THE CLAIM OR INTEREST, OR SUBORDINATION UNDER THE TERMS OF A PLAN OF LIQUIDATION, WITHOUT FURTHER NOTICE OR HEARING. 11 U.S.C. § 502(b)(9). CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

DATED this _____ day of January 2024.

**FOX ROTHSCHILD LLP**                    **MARSHACK HAYS WOOD LLP**

By: _____            By: _____
    Keith C. Owens (Bar No. 184841)           D. Edward Hays (Bar No. 162507)
    Nicholas A. Koffroth (Bar No. 287854)      Laila Masud (Bar No. 311731)
    Constellation Place                        870 Roosevelt
    10250 Constellation Blvd., Suite 900       Irvine, California 92620
    Los Angeles, California 90067         *General Counsel for Chapter 11 Trustee*
*Counsel for the Committee*

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

3

153279968.3

**<u>Exhibit 3</u>**

EXHIBIT 3

# INSTRUCTIONS FOR PRIOR CLIENTS OF THE LITIGATION PRACTICE GROUP, P.C.

If you contend that you are a prior client of The Litigation Practice Group, P.C. ("LPG") you may or may not have a claim against LPG's bankruptcy estate.[1] If you believe you have a claim that arose prior to LPG's bankruptcy that was filed on March 20, 2023,[2] then you must do the following to assert your potential claim to a distribution in this case:

1.  Fill out the included **Consumer Client Claim Form** as fully and completely as possible.

    a.  Please fill out the **Consumer Client Claim Form** and **Information Sheet**. Doing so and providing the additional information will assist the Trustee in determining whether you have an allowed claim that may be entitled to distribution. **If you have previously filed a Proof of Claim, you may but do NOT need to complete and file an amended claim using the Consumer Client Claim Form and Information Sheet.** Doing so, however, may help the Trustee more efficiently analyze your claim.  If you previously filed a Proof of Claim and wish to complete the Consumer Client Claim Form and Information Sheet, be sure to check Box 4(b), so that it is clear that this claim amends the previous claim.

    b.  You must provide documentation to support your claim.  Any documentation in support of your claim will be filed publicly with the Bankruptcy Court. Accordingly, if you include documentation such as bank account statements or credit card statements, redact the account numbers for your privacy and security. This means you should black out all but the last four digits of the account number everywhere that it appears in your documentation.

---

[1] If you believe that you are a holder of a claim that arose prior to March 20, 2023, <u>and</u> are not asserting that you are a former client of LPG, then you must file Form B410, found on the website for the United States Bankruptcy Court for the Central District of California at https://www.cacb.uscourts.gov/sites/cacb/files/documents/forms/410.pdf.    Neither the Chapter Trustee ("Trustee"), the Official Committee of Unsecured Creditors ("Committee") nor their respective attorneys may offer you legal advice. Please do not contact the Trustee or Committee, or their respective attorneys for assistance in completing these forms, as they are not legally allowed to make that determination for you. Seek legal advice from another attorney if you require it.

[2] **DO NOT FILE A PROOF OF CLAIM IF YOUR CLAIM AROSE AFTER MARCH 20, 2023, BUT BEFORE AUGUST 4, 2023**. If you believe you have a claim that arose after March 20, 2023, but before August 4, 2023, then there was a separate deadline - November 21, 2023 - that the Court had set by which you must have filed a motion seeking allowance of such claim. You should have already been served with this notice. If not, you can obtain a copy from the Court or emailing marshacktrustee@marshackhays.com with the phrase "Request for Administrative Claims Bar Date Notice" in the subject line.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

c.  If any of your documentation includes your Social Security Number, please redact. Leaving the last four digits visible is acceptable, but your full SSN should never be shared.

2.  Fill out the included **Informational Sheet** as fully and completely as possible.

   a.  Again, redact your financial information and Social Security Number, as outlined in the previous section.

3.  Please only send copies of any record you submit with the Consumer Client Claim Form, and not original documents.  Retain a copy of the forms for your records.

4.  **IF YOU HAVE NOT ALREADY SUBMITTED A PROOF OF CLAIM IN THIS CASE, YOU MUST COMPLETE AND SUBMIT THE ATTACHED FORM EITHER ELECTRONICALLY OR BY MAIL ON OR BEFORE FEBRUARY 23, 2024**

   a.  You can complete and submit this form electronically on the case website maintained by Omni Agent Solutions at https://omniagentsolutions.com/LPG-claims

   b.  Alternatively, you can mail the completed forms to Omni Agent Solutions as follows:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**NOTE:** We have tried to make these instructions as clear as possible, and this form as simple as possible, to streamline the claims process. LPG is not a typical bankruptcy case, and we are trying to adapt to make the process work for everyone. But the law requires certain language and certain steps to be taken that are not the most clear and simple. The bankruptcy process does not allow for instant action in response to claims.

153279968.3

## CONSUMER CLIENT CLAIM FORM
### *In re The Litigation Practice Group P.C.*, Case No. 8:23-bk-10571-SC
### United States Bankruptcy Court for the Central District of California, Santa Ana Division

1. Name of Creditor (Identify the person to whom The Litigation Practice Group P.C. owes money?):

   _____

   _____

2. Has this claim been acquired from someone else? (Was someone else owed money and then you purchased this claim from them?)

   ☐ No.

   ☐ Yes.     From whom? _____

3. Where should notices and payments to the creditor be sent? (What address should we use for notices and payments?)

| NOTICES | PAYMENT (if different) |
|---|---|
| Name: | Name: |
| Street Address: | Street Address: |
| City: | City: |
| State:        Zip Code: | State:        Zip Code: |
| Phone Number: | Phone Number: |
| Email: | Email: |

4. Have you already filed a proof of claim in this case with the US Bankruptcy Court?

   a.       ☐ No.

   b.       ☐ Yes.        What was the claim number? _____.   This claim will amend the prior proof of claim.

3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

5.  How much is the claim? (How much do you believe you are owed?)

_____

**The claim amount SHOULD NOT include any amounts that you (a) paid to any credit card company or other creditors, or (b) otherwise owe to your credit card companies or other creditors.  To the extent that you paid The Litigation Practice Group, P.C. money that was applied towards payment of any debt you owed to your credit card company or other creditors, you SHOULD NOT include any such amounts as part of your claim.**

Does this amount include interest or other charges?

☐ No.

☐ Yes.     I have attached a statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

6.  What is the basis for your claim? Attach (and redact where appropriate) copies of any documents supporting your claim.

_____

_____

**SIGNATURE**

The person completing this claim form must sign and date it.

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____

SIGNATURE OF PERSON COMPLETING THE FORM         DATE OF SIGNATURE

_____

NAME OF PERSON COMPLETING THE FORM

**DISCLAIMER**

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to five (5) years, or both, pursuant to 18 USC §§ 152, 157, and 3571.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153279968.3

## **INFORMATIONAL SHEET**

**REMINDER:** If you include documentation such as bank account statements or credit card statements, redact the account numbers for your privacy and security. This means you should black out all but the last four (4) digits of the account number everywhere it appears in your documentation. We can use the last 4 digits to keep track of your information in our records, but more than that should not be necessary. If any of your documentation includes your Social Security Number, please redact this as well. Leaving the last four (4) digits visible is acceptable, but your full SSN should never be shared.

1. What are you asserting is your claim amount, if any?

   _____

2. What is your name, address, and telephone number?

   Name:

   _____

   Address:

   _____

   _____

   Telephone Number:

   _____

3. What payments have you made to The Litigation Practice Group? Provide proof of payments made. Redact the documents as appropriate.

   _____
   _____

4. Did you request a refund prior to LPG filing bankruptcy (03/20/23)?
   ☐ No.
   ☐ Yes.    If yes, provide proof of the written request you made and
            the date of the request.

5. Were you charged more than once in any given month?
   ☐ No.
   ☐ Yes.    If yes, provide proof of the charges.

6. Do you contend that LPG withdrew funds from your account between XX/XX/XX and XX/XX/XX?

153279968.3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

☐ No.

☐ Yes.    If yes, how much?    _____

          If yes, provide proof of the withdrawal(s).

7.  Are you a part of any pending (active) lawsuit where you have sued LPG for malpractice?

☐ No.

☐ Yes.    If yes, provide the case name, case number, and a copy of the complaint.

_____

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

6

153279968.3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
997 Lenox Drive, Lawrenceville, NJ 08648

A true and correct copy of the foregoing document entitled (*specify*): <u>Joint Motion of the Trustee and Committee for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III) Approving the Formand Manner of Notice of the Bar Date; Declaration of Richard A. Marshack in Support Thereof</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 29, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached list

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

N/A

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| December 29, 2023 | Robin I. Solomon | /s/ Robin I. Solomon |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy
Attorneys jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cw
alinski@fennelllaw.com;samantha.larimer@fennelllaw.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;gol
den.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
richard@amintalati.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, lnystrom@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff RICHARD A. MARSHACK
sarah.mattingly@dinsmore.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_
153354830.1

**F 9013-3.1.PROOF.SERVICE**

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankru
ptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**

steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
153354830.1

**F 9013-3.1.PROOF.SERVICE**