Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel For Official Committee of Unsecured Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone:    (949) 333-7777
Facsimile:    (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel For Chapter 11 Trustee*



**FILED & ENTERED**

**JAN 02 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte     DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**ORDER GRANTING JOINT MOTION OF THE TRUSTEE AND COMMITTEE FOR ENTRY OF AN ORDER: (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM; (II) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE BAR DATE**<br><br>[*No Hearing Held or Additional Notice Required Pursuant to LBR 3003-1(a)(1) and 9013-1(q)(9)*] |

1

153369746.1

The Court, having considered the *Joint Motion of the Trustee and Committee for Entry of an Order: (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III) Approving the Form and Manner of Notice of the Bar Date* (the "Motion")[1] filed by the Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor") and Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee" and, together with the Committee, the "Movants"), and finding that service and notice of the Motion was proper and reasonable under the circumstances and complies with Rules 3003-1(a)(1) and 9013-1(q) of the Local Bankruptcy Rules of this Court, and finding that no other service or notice is necessary, and having considered the record before the Court on the Motion, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is GRANTED in its entirety.

2. The Bar Dates are established as follows:

| **General Bar Date** | **February 23, 2024, at 4:00 p.m. prevailing Pacific Time** (the "General Bar Date") is the deadline for all persons and entities, ***including governmental units*** (as that term is defined in § 101(27)), holding secured, unsecured priority, or unsecured non-priority claims against the Debtor arising (or deemed to arise) before the Petition Date (each, a "General Claim"). |
|---|---|
| **Rejection Bar Date** | For claims relating to the rejection of an executory contract or unexpired lease (a "Rejection Claim"), the later of (i) the General Bar Date; and (ii)(a) the date set forth in an order authorizing the Debtor to reject such contract or lease pursuant to § 365 (including any order confirming a plan in the Bankruptcy Case), or (b) if no specific date is set forth, thirty (30) days from the date the rejection order (the "Rejection Bar Date"). |
| **Chapter 5 Bar Date** | For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (a "Chapter 5 Claim"), the later of (i) the General Bar Date; and (ii) thirty (30) days after the date of entry of the judgment avoiding the transfer (the "Chapter 5 Bar Date"). |

3. The Movants are authorized, in their sole discretion, to seek an extension from the Court of the applicable Bar Date for certain holders of Claims by stipulation or otherwise.

4. The General Bar Date shall apply to all persons as defined in § 101(41) (a "Person")

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

1

153369746.1

Main Document    Page 3 of 6

and entities, as defined in § 101(15) (an "Entity"), including governmental units (as defined in § 101(27)), holding claims against the Debtor, including the following:

    a. any Person or Entity whose claim against the Debtor is not listed in the Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in the Bankruptcy Case;

    b. any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules;

    c. any Person or Entity holding an interest in the Debtor (an "Interest Holder"), which interest is based upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest");

    d. any Person or Entity holding a claim that arises out of or relates to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest; and

    e. any current or former officer, director, or manager of the Debtor for any claims including claims based on indemnification, contribution, or reimbursement.

5. The following Persons or Entities whose claims otherwise would be subject to the General Bar Date need not file a Proof of Claim, at this time:

    a. any Person or Entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court or with the Debtor's claims and noticing agent, Omni, in a form substantially similar to Official Form 410;

    b. any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

    c. any Person or Entity whose claim has previously been allowed by order of the Court;

    d. any Person or Entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtor or any other party;

    e. any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

    f. claims of professionals retained by the Debtor pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to §§ 328, 330, 331, 363, and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims"); and

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153369746.1

g. any Person or Entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930, including, for the avoidance of doubt, any administrative claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtor's estate.

6. All holders of General Claims that are not Consumer Claimants (defined below), holders of Rejection Claims, and holders of Chapter 5 Claims must utilize Official Form 410 for the submission of Proofs of Claim (the "General Claim Form"). The Debtor's consumer creditors (the "Consumer Claimants") who assert claims arising from or related to their attorney-client relationship with the Debtor (the "Consumer Claims"), may utilize the Consumer Claim Form attached to the Motion as **Exhibit 2** for the submission of Proofs of Claim, which form is approved by this Order. Consumer Claimants may choose to submit Proofs of Claim utilizing the General Claim Form. If a Consumer Claimant has already filed a claim using the General Claim Form, they may but are not required to file an amended claim using the Consumer Claim Form.

7. With respect to completing and filing a Claim Form, the Person or Entity must comply with the following requirements:

   a. each claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the General Claim Form or Consumer Claim Form, as applicable; and (iv) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of the claim;

   b. each General Claim Form and Consumer Claim Form must include supporting documentation in accordance with Rules 3001(c) and 3001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). If, however, such documentation is voluminous, such General Claim Form or Consumer Claim Form, as applicable, may include a summary of such documentation or an explanation as to why such documentation is not available; provided, that, upon the request for additional documentation, such claimant that received such request shall be required to transmit such written documentation no later than five (5) business days following the date of such request;

   c. each General Claim Form or Consumer Claim Form, including supporting documentation, must be submitted in person, by courier service, overnight delivery, hand delivery, or United States mail *so as to be actually received* by Omni on or before the applicable Bar Date at the following address:

   The Litigation Practice Group P.C. Claims Processing
   c/o Omni Agent Solutions
   5955 De Soto Ave., Suite 100
   Woodland Hills, CA 91367

   Additionally, Claim Forms may be submitted electronically using the interface available on the website maintained by Omni in this Bankruptcy Case

3

153369746.1

1. https://omniagentsolutions.com/LPG-claims, *so as to be actually received* by Omni on or before the applicable Bar Date; and

    d. except as expressly permitted above in the context of electronic submissions at Omni's website, any Claim Forms otherwise sent by facsimile, telecopy, electronic mail, or other form of electronic submissions will not be accepted.

8. Any Person or Entity who is required but fails to properly file a General Claim Form or Consumer Claim Form by the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor's estate (or filing a claim with respect to any such General Claim, Rejection Claim, or Chapter 5 Claim), and the Debtor's estate and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Additionally, any Person or Entity that is required but fails to properly file a Claim Form by the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this Bankruptcy Case and participating in any distribution in this Bankruptcy Case on account of such claim.

9. The Bar Date Notice attached to the Motion as **Exhibit 3** is approved.

10. No later than January 23, 2024, the Trustee shall provide Omni information sufficient to serve the Bar Date Notice by first-class United States mail, postage prepaid, on:

    a. the Court;

    b. all persons or entities that have requested notice of the proceedings in this Bankruptcy Case, pursuant to Bankruptcy Rule 2002, as of the date of the Bar Date Order;

    c. all creditors and other known holders of claims against the Debtor known to the Movants as of the date of the Bar Date Order, including all persons or entities listed in the Schedules and Statements as holding claims against the Debtor, including claims that the Debtor lists as contingent, unliquidated, or disputed;

    d. all non-debtor parties to executory contracts and unexpired leases listed on the Schedules and Statements, or otherwise known to the Trustee, or his designated representatives;

    e. all known parties to litigation with the Trustee, if any, including any workers compensation, general liability, or other insurance claimants, whether or not any litigation has been commenced, and their counsel, if known to the Trustee;

    f. the Internal Revenue Service;

    g. the Office of the Attorney General in all of the states and all taxing authorities in all of the jurisdictions in which the Debtor operated and/or filed tax returns,

4

153369746.1

and all applicable local governmental authorities;

      h.    all employees, directors, and officers of the Debtor known to the Trustee at the time of his appointment;

      i.    all known former employees employed by the Debtor on or after September 20, 2022 (i.e., six (6) months before the Petition Date); and

      j.    all other entities listed on the Debtor's creditor matrix.

11. Notwithstanding the foregoing, the Trustee is not required to serve the Bar Date Notice on creditors that have already filed Proofs of Claim as of the date of the entry of the Bar Date Order or on parties that receive NEF notice of filings in this Bankruptcy Case.

12. The Bar Date Notice, in substantially similar substance as attached to the Motion as **Exhibit 2** and as modified for publication (the "Publication Notice") is approved. No later than January 23, 2024, Omni shall publish the Publication Notice on one occasion in the *Wall Street Journal*, *New York Times*, *USA Today*, or other similar national publication.

13. The Movants are authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order.

14. Nothing contained in the Motion or this Bar Date Order shall be construed as a waiver of the Movants' or any parties in interests' right to dispute, object to, challenge, or assert offsets or defenses against any claim on any grounds.

15. The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this Order.

16. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

######

Date: January 2, 2024

Scott C. Clarkson
United States Bankruptcy Judge

153369746.1