1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS WOOD LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 11 Trustee,
   RICHARD A. MARSHACK
7

   Christopher B. Ghio (State Bar No. 259094)
8  Christopher Celentino (State Bar No. 131688)
   Yosina M. Lissebeck (State Bar No. 201654)
9  Jeremy B. Freedman (State Bar No. 308752)
   **DINSMORE & SHOHL LLP**
10 655 West Broadway, Suite 800
   San Diego, CA 92101
11 Telephone:  619.400.0500
   Facsimile:  619.400.0501
12 christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
13 yosina.lissebeck@dinsmore.com
   jeremy.freedman@dinsmore.com
14
   Special Counsel to Richard A. Marshack
15
                UNITED STATES BANKRUPTCY COURT
16
          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA
17

18 | In re | Case No. 8:23-bk-10571-SC |

19 | THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |

20 | Debtor. | TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY THE MONTHLY FEES AND EXPENSES OF ETHICS COMPLIANCE MONITOR, NANCY B. RAPOPORT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD A. MARSHACK AND NANCY RAPOPORT IN SUPPORT |
21
22
23
24

25 <u>Hearing Date</u>
   Date:  January 31, 2024
26 Time:  1:30 p.m.
   Ctrm: 5C - ViaZoom[1]
27 Place: 411 West Fourth Street
            Santa Ana, CA  92701
28

─────────────────────
[1] Check Judge Clarkson's tentative prior to hearing for further Zoom instructions.

1

**TABLE OF CONTENTS**

I.    Summary of Argument ...............................................................................................1

II.   Pertinent Factual Background....................................................................................2

      A.    Debtor's Business, Bankruptcy Filing, and Appointment of a Trustee ........2

      B.    The Monitor Order.......................................................................................4

      C.    Alleged Secured Creditors ...........................................................................6

III.  Legal Argument ........................................................................................................7

      A.    The objective test is met here regarding Monitor's fees and expenses because
            they were reasonable, necessary, and provided a quantifiable benefit to the
            Secured Creditors........................................................................................8

            1.    Reasonable ........................................................................................8

            2.    Necessary .......................................................................................10

            3.    Quantifiable Benefit........................................................................11

IV.   Conclusion .............................................................................................................12

Declaration of Richard A. Marshack .................................................................................14

Declaration of Nancy B. Rapoport....................................................................................17

**TABLE OF AUTHORITIES**

**Cases**

*Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino,*

   *Inc.),*

   255 F.3d 1061, 1067 (9th Cir. 2001) ...........................................................................7

*In re Colusa Reg'l Med. Ctr.,*

   604 B.R. at 853 ..........................................................................................................7

*In re Colusa Reg'l Med. Ctr.,*

   604 B.R. at 854 ..........................................................................................................8

*In re Colusa Reg'l Med. Ctr.,*

604 B.R. at 859 ...................................................................................................... 8

*In re Glasply Marine Indus., Inc.*,

971 F.2d 391, 393 (9th Cir. 1992) ......................................................................... 7

*In re Tollenaar Holsteins*,

538 B.R. 830, 833, 838 (Bankr. E.D. Cal. 2015).................................................. 7

*In re Tollenaar Holsteins*,

538 B.R. 830, 834 (Bankr. E.D. Cal. 2015) ................................................... 8, 10

*In re Tollenaar Holsteins*,

538 B.R. 830, 835 (Bankr. E.D. Cal. 2015) ....................................................... 11

*In re Tollenaar Holsteins*,

538 B.R. at 834 .................................................................................................... 8

*Sec. Leasing Partners LP v. ProAlert, LLC (In re ProAlert, LLC)*,

314 B.R. 436, 442 (B.A.P. 9th Cir. 2004) ........................................................... 7

*U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*,

604 B.R. 839, 853 (B.A.P. 9th Cir. 2019) ........................................................... 7

*U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*,

604 B.R. 839, 854 (B.A.P. 9th Cir. 2019) ......................................................... 11

**Statutes**

11 U.S.C. § 506(c) ............................................................................................. 7, 12

**Other Authorities**

4 COLLIER ON BANKRUPTCY P. 506.05 (2022)................................................. 7, 8

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this Motion ("Motion") to Surcharge Secured Creditors to Pay Ethics Compliance Monitor, Nancy Rapoport's ("Monitor's"), fees and expenses, and alleges as follows.

## I.    Summary of Argument

A court can impose, and a bankruptcy trustee may recover, a section 506(c) surcharge of expenses against secured creditors' collateral if the trustee can show the expenses were reasonable, necessary, and beneficial to the secured creditors.  In this case, the Debtor had fraudulently transferred substantially all its assets prior to bankruptcy, necessitating Trustee's avoidance and recovery of these assets to prepare them for a subsequent sale, ultimately to the highest bidder Morning Law Group, P.C. ("Buyer"); without this sale, there would likely be no proceeds from which any distributions could be made to secured creditors.  Since these assets include over 20,000 consumer client-related accounts that have been reformed into consumer client Legal Service Agreements ("LSAs"), this Court appointed an ethics compliance monitor to oversee the reformation process and to observe Buyer's strict compliance with ethical standards and consumer protection obligations.  The Monitor's involvement is projected to last at least until the reformation is complete (currently, authorized for a period of one year from date of appointment unless extended) and the Court has ordered the fees and expenses of the Monitor to be paid by the Estate and by the Buyer. Because the Trustee currently does not have unencumbered funds from which to pay the Estate's portion of the Monitor's fees and expenses, by this Motion, Trustee seeks to surcharge secured creditors so that he (1) may immediately pay the Monitor's outstanding fees and expenses and (2) put a plan in place by which the Monitor's interim invoices (to be submitted roughly every 120 days) are paid punctually and without unnecessary delay.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

## II.    Pertinent Factual Background

### A.    Debtor's Business, Bankruptcy Filing, and Appointment of a Trustee

Pre-petition, Debtor was a law firm that provided consumer debt resolution services and creditor litigation services to clients, servicing more than 50,000 customers across the United States. In 2022, Debtor's annual revenue exceeded $150 million.

On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case"). Prior to bankruptcy, Debtor fraudulently transferred substantially all its assets and clients. As of the petition date, Debtor had virtually no assets or clients.

On March 30, 2023, as Dk. No. 21, the Office of the United States Trustee ("UST") filed a motion to dismiss or convert the Bankruptcy Case under 11 U.S.C. § 1112(b) for failure to comply with its guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the UST to appoint a Chapter 11 Trustee. Richard A. Marshack was appointed the Chapter 11 trustee of the Debtor's Estate. *See*, Dk. No. 65.

Upon his appointment, Trustee filed litigation seeking, among other things, to avoid and recover Debtor's fraudulent transfers of its assets and client base. See, Adv. Case No. 8:23-ap-01046-SC. On June 27, 2023, Trustee filed a stipulation with Defendant, Phoenix Law Group, Inc., avoiding, recovering, and preserving the legal service agreements between Debtor and its clients.

On July 22, 2023, as Dk. No. 320, the Court granted Trustee's sale motion of such contracts, as reformed, and entered an order approving the sale of estate assets. Pursuant to the Sale Order, the buyer closed on August 4, 2023. Trustee is in receipt of approximately $5.1 million of sales proceeds ("Sales Proceeds"). Further Sale Proceeds will be received in the future beginning in Q1 2024.

The Bankruptcy Court approved the appointment of Nancy Rapoport as ethics compliance monitor ("Monitor") pursuant to 11 U.S.C. § 105(a), pursuant to order filed on August 7, 2023, as Dk. No. 363 ("Monitor Order").

1    The Asset Purchase Agreement ("APA") attached to the Sale Order states that the fees and

2 expenses of the Monitor shall be paid by the Estate, up to the first $100,000.00 (the "Initial

3 Coverage"), and additional fees and expenses of the Monitor shall be paid by Morning Law Group,

4 P.C. ("Buyer/MLG"), up to $100,000.00; and that subsequent fees over that amount shall be

5 pursued by the Monitor, from funds of the Estate after consideration and approval by the

6 Bankruptcy Court.

7    In paragraph 6 of the Declaration of Nancy Rapoport in Support of Motion of Trustee

8 Richard A. Marshack For Entry of an Order (A) Approving Sale of Assets Free and Clear of all

9 Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(B) And (B) Approving

10 Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other

11 Agreements [Docket No. 283, "Sale Motion"], Monitor stated, "My current hourly rate is $975.00

12 per hour, adjusted each January. Moreover, pursuant to my employment arrangement with UNLV,

13 the Estate will have to remit to "UNLV Foundation-Boyd Law" $250.00 per month for any

14 inadvertent use of state resources. I have a minimum monthly fee of $5,000.00."

15    On November 6, 2023, as Dk. No. 622, the Trustee and MLG entered into a stipulation

16 agreement regarding payment of Monitor fees ("Monitor Stipulation"). Through the Monitor

17 Stipulation, MLG agreed to advance the Initial Coverage fees, which included payment of the

18 Monitor's July, August, September, and October fee statements, which will be applied as a credit to

19 the overall balance of the purchase price owed by MLG to the Estate, pursuant to the APA. On

20 November 13, 2023, as Dk. No. 661, the Court entered an order granting the Monitor Stipulation.

21    On December 5, 2023, as Dk. No. 748, the Monitor filed a Monthly Fee Statement for the

22 Period of November 1, 2023, through November 30, 2023 ("November Fee Statement"), in the

23 amount of $5,000 for fees and $342.80 in expenses and attached a detailed time and expense

24 statement for that period. The Trustee and MLG intend to submit an extension agreement for a short

25 period to allow MLG to advance funds until an order on this Motion allows such payment by the

26 Trustee.

27

28

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

1    By this Motion, Trustee seeks to surcharge the creditors the full $100,000.00 for payment of

2  the Monitor's fees, of which $22,533.75 in fees and $1,651.80[2] in expenses have already been

3  advanced by the Buyer, and which will be offset against MLG monies owing to the Estate as the

4  sale proceeds, pursuant to the Monitor Stipulation.  Since the Monitor Order (defined below)

5  provides that the Buyer shall pay the second $100,000.00 of the Monitor's ongoing fees and

6  expenses and the Estate resumes paying once the cumulative total of Monitor's fees exceeds

7  $200,000.00, the Trustee also requests that moving forward, he be allowed to surcharge the

8  creditors the "excess of $200,000.00 amount" to the extent to which such fees are earned by the

9  Monitor and authorized by the Court. Likewise, the Trustee requests that he be authorized to pay

10  Monitor's fees and expenses within five (5) Court days of the Monitor filing a monthly fee

11  statement with the Court, beginning with the Monitor's December Fee Statement to prevent any

12  unnecessary delay; or on any other such terms as agreed by the Trustee and the Monitor and

13  otherwise consistent with the Monitor Order.

14  ### B.    The Monitor Order

15    On August 7, 2023, as Dk. No. 363, the Court entered an order appointing Nancy Rapoport

16  as ethics compliance monitor ("Monitor") pursuant to 11 U.S.C. § 105(a) ("Monitor Order").

17    In the Monitor Order, the Court appointed Ms. Rapoport to "monitor the Buyer's compliance

18  with generally understood ethical standards and consumer protection obligations relating thereto

19  and not to act as an attorney or to provide any legal advice whatsoever to the Buyer or to any of the

20  Buyer's to be-assumed clients. Given the reach of the operations, Monitor's role shall not include

21  specific compliance with any given state's ethics rules but will be based on generally established

22  legal ethics principles."

23

24

25

---

26  [2] For the periods of (1) July 25-30, 2023, in the amount of $1,170 in fees and $250 in expenses ("July Fee Statement") –
Dk. No. 524; (2) August 1-30, 2023, in the amount of $5,000 in fees and $352 in expenses ("August Fee Statement") –
27  Dk. No. 525; (3) September 1-30, 2023, in the amount of $5,443.75 in fees and $387 in expenses ("September Fee
Statement") – Dk. No. 567; and (4) October 1-30, 2023, in the amount of $10,920 in fees and $662.80 in expenses
28  ("October Fee Statement") – Dk. No. 614.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

1    The Monitor Order further provides that "Fees and expenses of the Monitor shall be paid by

2  the Estate, up to the first $100,000.00, upon proper application to the Bankruptcy Court, and

3  additional fees and expenses of the Monitor shall be paid by Buyer, up to $100,000.00.  Any

4  amounts in excess of $200,000.00 will be the responsibility of the Seller's Estate."

5    The Monitor's duties include:

6    a.    work with all diligence to confirm and oversee compliance with the ethical issues

7  raised as part of the representations and warranties of the Buyer as set forth in the APA, including

8  but not limited to sections 12(j) through 12(k), section 12(m) and sections 12(q), as follows (all

9  capitalized terms not otherwise defined herein shall have the definition set forth in the APA):

10    i.    Buyer's LSAs and the implementation thereof have been modified

11    ("Modified LSA's") for compliance with the Telephone Consumer Protection

12    Act, 47 U.S.C. § 227 ("TCPA"), the Telemarketing Sales Rule, 16 C.F.R.

13    Part 310 (the "TSR"), and the Credit Repair Organizations Act, 15 U.S.C. §

14    1679 (the "CROA"), as well as all applicable laws and regulations as well as

15    any Order of the Bankruptcy Court;

16    ii.    The performance of the Modified LSAs will similarly comply with the

17    TCPA, TSR, and the CROA, as well as all applicable laws and regulations as

18    well as any Order of the U.S. Bankruptcy Court;

19    iii.    Review and recommend the procedures to assume and assign the reformed

20    LSAs as set forth in the APA, and as may be further ordered by the

21    Bankruptcy Court;

22    iv.    Buyer's cooperation with the requests, oversight, and inquiries of the

23    Monitor;

24    v.    Buyer's provision of profit and loss statements, balance sheets, deposit

25    accounts, and other financial information related to the Active Executory

26    Contracts and Inactive Executory Contracts being purchased by Buyer; and

27    vi.    Buyer's provision of both reports and administrative access into Buyer's ACH

28    processing merchant account and related bank accounts, as well as customer

5

1    relationship management software, such as Debt Pay Pro (or other similar

2    software) for the purpose of monitoring Buyer's compliance with the APA as

3    it relates to Active and Inactive Executory Contracts it is purchasing.

4    b.    work with all diligence to confirm and oversee reformation of the terms of Buyer's

5 Legal Services Agreement;

6    c.    provide regular reports to the Bankruptcy Court, which reports shall be filed on the

7 Bankruptcy Court's docket, with electronic notice to the Trustee and Committee, and which reports

8 may include a discussion of the Buyer's possible violation of generally accepted legal ethics

9 principles, if any.

10    ## C.    Alleged Secured Creditors

11    Since his appointment, Trustee and his agents have scoured records to identify what secured

12 creditors may exist as to Debtor. To date, the following chart identifies creditors with alleged

13 secured claims (collectively, all creditors in the chart are referred to as the "Secured Creditors"):

| Secured Creditor | UCC Filing Date | UCC Number |
|---|---|---|
| Fundura Capital Group | 5/19/21 | U210047914841[3] |
| Azzure Capital LLC | 5/28/21 | U210050853928 |
| MNS Funding LLC | 5/28/21 | U210050823723 |
| Everyday Funding Group | 6/2/21 | U210052109216 |
| Delta Bridge Funding, LLC | 6/4/21 | U210052792122 |
| Clearfund Solution, LLC | 6/17/21 | U210057670018 |
| Green Fund NY | 6/17/21 | U210057632826 |
| World Global Fund LLC | 6/24/21 | U210059750525 |
| Cobalt Funding Solutions, LLC | 7/6/21 | U210062497027 |
| MCA Capital Holdings LLC | 8/16/21 | U210075685527 |
| BMF Advance | 10/4/21 | U210090322021 |
| Diverse Capital LLC | 9/15/21 | U210085288536 |
| Diverse Capital LLC | 12/1/21 | U210106788229 |
| Stratcap Management LLC | 10/21/22 | U220237657634 |
| OHP-CDR, LP, f/k/a OHP-LPG, LP[4] | 1/25/23 | U230005834326 |
| Kevlar Capital, LLC | 1/25/23 | U230006246724 |
| PECC Corp. | 2/2/23 | U230009059730 |
| Proofpositive LLC | 2/9/23 | U230009725118 |
| MCDVI Fund 2 LLC, MC DVI Fund 2, LLC, Debt Validation Fund II LLC | 2/10/23 | U230009923531 |
| Venture Partners LLC | 3/9/23 | U230016377733 |
| City Capital | 3/16/23 | U230018278331 |

[3] UCC-1 Listed As Being Terminated on 1/2/22 (UCC No. U220114888130). On 1/20/22 Fundura
filed a "Lien Statement of Claim" saying debt is still owed and debtor had no right to terminate
(UCC No. U220119911529).
[4] All highlighted were recorded during the preference period.

6

## III.    Legal Argument

11 U.S.C. § 506(c) provides that a trustee may "surcharge" the collateral of a secured claimant to pay for the reasonable, necessary costs and expenses of preserving or disposing of the collateral:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

*See also In re Glasply Marine Indus., Inc.*, 971 F.2d 391, 393 (9th Cir. 1992) (noting that § 506(c) allows a trustee to recover reasonable expense of preserving property to the extent of any benefit to the holder of a secured claim).

Section 506(c) is an exception to the "general bankruptcy rule" that, absent an express agreement to the contrary, the expenses associated with administering a bankruptcy estate are not chargeable to a secured creditor's collateral or claim, but must be borne out of the unencumbered assets of the estate. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023); *see also U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*, 604 B.R. 839, 853 (B.A.P. 9th Cir. 2019) (noting that § 506(c) codifies an exception to the general rule that bankruptcy administrative expenses may not be charged to or against secured collateral).

Surcharge is not an administrative claim but an assessment against a secured party's collateral. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1067 (9th Cir. 2001). A surcharged amount therefore does not come out of the debtor's estate, but rather comes "directly from the secured party's recovery." *Id.* The rationale for charging a lienholder with the costs and expenses of preserving or disposing of secured collateral is that the general estate and unsecured creditors should not bear the cost of "protecting what is not theirs." *Sec. Leasing Partners LP v. ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436, 442 (B.A.P. 9th Cir. 2004).

Under § 506(c), a trustee may recover administrative expenses from a secured creditor's collateral under § 506(c) if one of two tests is met. *In re Tollenaar Holsteins*, 538 B.R. 830, 833, 838 (Bankr. E.D. Cal. 2015). The party seeking surcharge under § 506(c) bears the burden of proof. *In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 853.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

1    The first test is an "objective test" which requires that the expenses relating to the

2    preservation or disposition of collateral were:

3    1)  Reasonable,

4    2)  Necessary, and

5    3)  Provided a quantifiable benefit to the secured creditor.

6    *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp., Inc. (In re Debbie Reynolds Hotel &*

7    *Casino, Inc.),* 255 F.3d 1061, 1065 (9th Cir. 2001); *In re Tollenaar Holsteins*, 538 B.R. at 834; *see*

8    *also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 854 (same). Recovery under the objective test is

9    limited to the amount of any benefit and must be proven with specificity. *In re Tollenaar Holsteins*,

10   538 B.R. at 834.

11   The second test is a "subjective test" under which there must be a showing that the secured

12   creditor "consented to" or "caused" the expenses to be surcharged. *In re Tollenaar Holsteins*, 538

13   B.R. at 834; *see also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 859 (same).[5] If the trustee satisfies

14   the requirements of § 506(c) regarding a particular expense, then the proceeds from the secured

15   party's collateral should be first used to cover the properly surcharged expense instead of being paid

16   to the secured party. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023). Section 506(c), in other words,

17   creates a "special priority" for the surcharged expense ahead of the secured party's general priority

18   to its collateral. *Id.*

19   **A.    The objective test is met here regarding Monitor's fees and expenses**

20   **because they were reasonable, necessary, and provided a quantifiable**

21   **benefit to the Secured Creditors.**

22   **1.    Reasonable**

23   Expenses are reasonable to the extent they are incurred in the ordinary course at a reasonable

24   price. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023).

25   In connection with Trustee's efforts to sell Debtor's assets, the Court appointed Nancy

26   Rapoport to monitor the Buyer's compliance with generally understood ethical standards and

27   _____

28   [5] Absent an agreement, consent shall be deemed pursuant to Local Bankruptcy Rule 9013-1(h).

consumer protection obligations relating to the sale of assets of sensitive nature.  The 20,000-plus consumer client-related accounts that will eventually be reformed into consumer client Legal Service Agreements ("LSAs") require strict adherence to specific laws and regulations that govern transfer of legal files and consumer data.  A sale and transfer of this scope and scale demands oversight, which is why this Court appointed the Monitor as a necessary condition of the sale.

In her declaration submitted in support of the Sale Motion [Dk. No. 283], the Monitor explicitly outlined her scheduled rates, method of accrual and minimum monthly amount she charges to take on a project.  Paragraph 6 reads: "My current hourly rate is $975.00 per hour, adjusted each January. Moreover, pursuant to my employment arrangement with UNLV, the Estate will have to remit to "UNLV Foundation-Boyd Law" $250.00 per month for any inadvertent use of state resources. I have a minimum monthly fee of $5,000.00."

In granting the Sale Motion, the Court tacitly approved the Monitor's proposed and outlined rates, expenses and monthly minimum as *a priori* reasonable, while still requiring that interim fee applications be submitted "no more often than every 120 days pursuant to Local Bankruptcy Rules." [Dk. No. 363, pg. 5, lines 27-28].  These fee applications, broken down in 0.1 hour increments (as is customary in the ordinary course of legal timekeeping) with detailed entries outlining Monitor's work performed in those periods, are made public as part of this bankruptcy proceeding's docket report.  The Monitor's latest monthly fee statement for the month of November, Dk. No. 748, includes a three-page table that accounts for all of Monitor's activity.  In November, as in previous months, Monitor's estimated monthly minimum has been an accurate and predictable gauge of the time required to observe a case of this scale, and at no point has the Monitor submitted a fee application that veers from the reasonable rates already approved by this Court.  The Monitor's transparent descriptions of the work performed show that each entry furthers the purpose for which she was appointed; the accrued totals reflect her experience and methods for which she was ultimately selected to oversee the sale.  In this case, the expense of having a Monitor has been incurred in the ordinary course of selling sensitive consumer file assets and the rates have already been deemed reasonable by this Court.

4891-8529-8814,v.1/1015-157

## 2.    Necessary

Expenses are necessary where they prevent loss of or diminution in value to property of the estate. *See In re Tollenaar Holsteins*, 538 B.R. 830, 834 (Bankr. E.D. Cal. 2015) (indicating that expenses were necessary to prevent the loss of valuable permits and a corresponding diminution in value if the permits were lost). Expenses are likewise necessary where they secure estate property from vandalism or ensure compliance with regulations. *Id.* at 835 (noting that expenses were reasonable and necessary to secure property from vandalism and comply with environmental monitoring regulations). Importantly, if a secured creditor has a lien on all, or virtually all, of a debtor's assets, the debtor is engaged in ongoing business operations, and the debtor's continued operations preserve or enhance the value of the secured creditor's collateral, items that may qualify as "necessary" expenses chargeable against the collateral include the debtor's payroll costs, insurance costs, workers' compensation expenses, and postpetition administrative taxes. 4 Collier on Bankruptcy P 506.05 (16th 2023).

The Debtor's business was a law firm that provided consumer debt resolution services to over 50,000 customers across the United States; there were virtually no other significant assets in the estate other than these consumer client-related accounts.[6]   At the October 19, 2023 hearing on the Trustee's previous surcharge motion[7], when discussing the necessity of managing the sale of Debtor's firm, this Court laid out the law of the case, finding that "OHP and other secured creditors wouldn't even have money right now" without Trustee's decisive actions taken in pursuing the sale. There would not even be the current Chapter 11 proceeding and instead, secured creditors would "be talking to a Chapter 7 trustee about how in the world [they are] ever going to get paid."  Without the Trustee's sale of assets, there would simply be no proceeds from which to pay any of the secured creditors' claims—assuring that the sale conforms to the requirements set out in the Sale Order is the

---

[6] As a result of Debtor's principal's actions, many causes of action will be pursued by the Trustee in this case.

[7] Trustee's Motion To Surcharge Secured Creditors To Pay Management Fees And Expenses Of Resolution Processing, LLC, Dk. No. 545; Hearing at Dk. No. 597.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

1  only viable way to prevent loss of or diminution in value to property of the Debtor's estate.  Here,

2  the appointment of an ethics compliance monitor was practically unavoidable as it was directly

3  ordered by the Court to protect the sensitive nature of Debtor's customer files as they are

4  methodically transferred to the Buyer.

5         The Monitor Order section above outlines with specificity the laws and regulations involved

6  in Trustee's assets sale, including the Telephone Consumer Protection Act, the Telemarketing Sales

7  Rule and the Credit Repair Organizations Act.  Without Monitor's oversight of compliance to ethical

8  issues relating to these laws, there is a very real risk of secured creditors' collateral being exposed to

9  liability because of (1) the sensitive nature of the Debtor's assets and (2) the legal means available to

10  Debtor's consumer clients to enforce compliance and recover damages for potential non-compliance.

11  It is fiscally prudent to invest in ongoing ethical compliance to ensure that the estate which the

12  Trustee, at great cost, has managed to assemble for the benefit of secured creditors is legally

13  unassailable.  The expense of the Monitor is critically necessary to assure that there is no loss of or

14  diminution of the Debtor's estate and that every consumer file which represents a valuable asset is

15  carefully transferred to the Buyer in full compliance of all relevant laws and regulations.

16                    **3.    Quantifiable Benefit**

17         An estate can be surcharged for fees that a trustee's professionals incurred for services

18  rendered for the benefit of a secured creditors and its collateral. *See In re Tollenaar Holsteins*, 538

19  B.R. 830, 835 (Bankr. E.D. Cal. 2015). Further, the reasonableness and necessity of a trustee's

20  incurred expenses must be balanced against the benefits obtained for the secured creditor and the

21  amount the secured creditor would have necessarily incurred through foreclosure and disposal of the

22  property. *U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*, 604 B.R. 839, 854 (B.A.P. 9th Cir.

23  2019).

24         Here, the Monitor's expenses and time regarding oversight of sale of Debtor's assets are well

25  documented and the budget for same was set forth in the Monitor Order.  The money and time the

26  Monitor already expended reviewing ongoing reformation of tens of thousands of consumer client-

27  related accounts into legal services agreements (that conform with the myriad of state and federal

28  regulations) provided and *continue to provide* a quantifiable benefit to secured creditors.  Although

11

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

the Buyer has made initial payments pursuant to the APA, further payments are what will continue funding Debtor's estate and subsequent payments to secured creditors.  To effectuate a sale and reform contracts to ensure the ethical transfer of private legal and consumer data is practically impossible without the third-party oversight that the court-appointed Monitor provides.  If the secured creditors were in possession of the Debtor's business and wanted to foreclose, dispose or otherwise liquidate Debtor's assets, they would be subject to the same laws and regulations in doing so that the Trustee has faced.  At that point, secured creditors would have either had to expend considerable time and expense apprising themselves of relevant laws and regulations, becoming subject matter experts themselves or, most likely, hiring a professional of Monitor's caliber and experience whose knowledge speeds up and optimizes the process.  This Court wisely appointed the Monitor to ensure the protection of the Estate with a consummate and qualified professional in charge of this important effort. At any rate, the costs to comply with ethics of the sale would be unavoidable because without ethics compliance, there would effectively NOT BE an asset sale. Without the asset sale, the quantity of the funds in the estate would be close to zero. The expense of the Monitor in this case quite literally provides for the very existence of a funded estate that benefits the secured creditors.

Bottomline, Monitor's expenses in this case, as supported by her fee applications, were and continue to be reasonable, necessary, and quantifiably beneficial. Trustee requests that the proceeds of sale be surcharged pursuant to 11 U.S.C. § 506(c) so that the Trustee can assure a seamless asset sale that is ethical and lawful.

## IV.   Conclusion

For the foregoing reasons, Trustee requests that the Court enter an order:

1)   Granting the Motion;

2)   Surcharging the proceeds of sale (without regard to the priority of the Secured Creditors or the allowance of their claims) the full $100,000.00[8] for payment of the Monitor's fees and expenses and allowing *future* surcharge of any excess of $200,000.00 cumulative amount of

---

[8] Of which $22,533.75 in fees and $1,651.80 in expenses have been advanced by MLG.

1 Monitor's fees and expenses (the Buyer is responsible for the $100,000.00 difference between the

2 two);

3       3)    That such surcharge be without prejudice to any further surcharge to be brought by

4 way of separately noticed motion;

5       4)    Authorizing Trustee to pay Monitor's fees and expenses, within five (5) Court days

6 of Monitor filing a monthly fee statement with the Court, beginning with the Monitor's December

7 2023 Fee Statement or on any other such terms or agreement made by the Trustee and the Monitor

8 and otherwise consistent with the Monitor Order.

9 And,

10       5)    Awarding such further relief as the Court deems just and proper.

11

12 DATED: January 2, 2024         MARSHACK HAYS WOOD LLP

13                  By: */s/ D. Edward Hays*
14                      D. EDWARD HAYS
                     LAILA MASUD
15                      Attorneys for Chapter 11 Trustee,
                     RICHARD A. MARSHACK

16

17                  DINSMORE & SHOHL LLP

18                  By: /s/ Christopher Celentino
19                      CHRISTOPHER B. GHIO
                     CHRISTOPHER CELENTINO
20                      YOSINA M. LISSEBECK
                     JEREMY FREEDMAN
21                      Special Counsel to Chapter 11 Trustee,
                     RICHARD A. MARSHACK

22

23

24

25

26

27

28

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

1.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

2.      I am the duly appointed Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor").

3.      The facts set forth below are true of my personal knowledge.

4.      I make this Declaration in support of my Motion ("Motion") for Order to Surcharge Secured Creditors to Pay Ethic's Compliance Monitor, Nancy Rapoport's fees and expenses ("Monitor").

5.      Prior to bankruptcy, Debtor was a law firm that provided consumer debt resolution services allegedly servicing more than 50,000 customers across the United States. According to Debtor's Statement of Financial Affairs, its annual revenue for 2022 exceeded $150 million.

6.      On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case").

7.      On March 30, 2023, as Dk. No. 21, the United States Trustee filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b) for failure to comply with the U.S. Trustee guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

8.      On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the U.S. Trustee to appointment a Chapter 11 Trustee in this case. I was appointed as the Chapter 11 trustee of the Debtor's estate.

9.      After my appointment, I filed a lawsuit seeking to avoid and recover Debtor's fraudulent transfer of its assets including legal service agreements between it and its clients. See, Adv. Case No. 8:23-ap-01046-SC.

10.     On July 22, 2023, as Dk. No. 320, the Court granted Trustee's sale motion of such contracts, as reformed, and entered an order approving the sale of estate assets. Pursuant to the Sale

14

1  Order, the buyer closed on August 4, 2023. Trustee is in receipt of approximately $5.1 million of

2  sales proceeds ("Sales Proceeds"). Further Sale Proceeds will be received in the future.

3        11.     The Bankruptcy Court approved the appointment of Nancy Rapoport as ethics

4  compliance monitor ("Monitor") pursuant to 11 U.S.C. § 105(a), pursuant to order filed on August 7,

5  2023, as Dk. No. 363 ("Monitor Order").

6        12.     The Asset Purchase Agreement ("APA") attached to the Sale Order states that the

7  fees and expenses of the Monitor shall be paid by the Estate, up to the first $100,000.00 (the "Initial

8  Coverage"), and additional fees and expenses of the Monitor shall be paid by Morning Law Group,

9  P.C. ("MLG"), up to $100,000.00; and that subsequent fees over that amount shall be pursued by the

10  Monitor, from funds of the Estate after consideration and approval by the Bankruptcy Court.

11        13.     In paragraph 6 of the Declaration of Nancy Rapoport in Support of Motion of Trustee

12  Richard A. Marshack For Entry of an Order (A) Approving Sale of Assets Free and Clear of all

13  Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(B) And (B) Approving

14  Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other

15  Agreements [Docket No. 283], Monitor stated, "My current hourly rate is $975.00 per hour, adjusted

16  each January. Moreover, pursuant to my employment arrangement with UNLV, the Estate will have

17  to remit to "UNLV Foundation-Boyd Law" $250.00 per month for any inadvertent use of state

18  resources. I have a minimum monthly fee of $5,000.00."

19        14.     On November 6, 2023, as Dk. No. 622, the Trustee and MLG entered into a

20  stipulation regarding payment of Monitor fees ("Monitor Stipulation"). Through the Monitor

21  Stipulation, MLG agreed to advance the Initial Coverage fees, which included payment of the

22  Monitor's July, August, September and October fee statements, which will be applied as a credit to

23  the overall balance of the purchase price owed by MLG to the Estate, pursuant to the APA. On

24  November 13, 2023, as Dk. No. 661, the Court entered an order granting the Monitor Stipulation.

25        15.     On December 5, 2023, as Dk. No. 748, the Monitor filed a Monthly Fee Statement for

26  the Period of November 1, 2023, through November 30, 2023 ("November Fee Statement"), in the

27  amount of $5,000 for fees and $342.80 in expenses and attached a detailed time and expense

28  statement for that period.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

16.     MLG has agreed to advance payment of the Monitor's November Fee Statement.

17.     I therefore request that the Court enter an order surcharging Secured Creditors the fees and expenses of the Monitor as set forth in the Motion and authorizing payment of the Monitor's fees and expenses, within five (5) Court days of a filed fee statement by the Monitor.

18.     At this time, the Court has not yet determined the validity, priority, or extent of any of the alleged secured parties' claims. As such, I seek to surcharge the proceeds of sale. The ultimate determination of which secured creditor will not receive funds as a result of the requested surcharge will be determined at a later time.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2024.

RICHARD A. MARSHACK

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

# Declaration of Nancy B. Rapoport

1.     I am an individual over 18 years of age and competent to make this Declaration.

2.     If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.     I am the Court appointed Ethics Compliance Monitor ("Monitor") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor").

4.     The facts set forth below are true of my personal knowledge.

5.     I make this Declaration in support of the Trustee's Motion ("Motion") for Order to Surcharge Secured Creditors to Pay Ethics Compliance Monitor, Nancy Rapoport's fees and expenses.

6.     The Bankruptcy Court approved my appointment as ethics compliance monitor ("Monitor") pursuant to 11 U.S.C. § 105(a), pursuant to order filed on August 7, 2023, as Dk. No. 363 ("Monitor Order").

7.     The Asset Purchase Agreement ("APA") attached to the Sale Order states that the fees and expenses of the Monitor shall be paid by the Estate, up to the first $100,000.00 (the "Initial Coverage"), and additional fees and expenses of the Monitor shall be paid by Morning Law Group, P.C. ("MLG"), up to $100,000.00; and that subsequent fees over that amount shall be pursued by the Monitor, from funds of the Estate after consideration and approval by the Bankruptcy Court.

8.     In paragraph 6 of my declaration in Support of Motion of Trustee Richard A. Marshack For Entry of an Order (A) Approving Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(B) And (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements [Docket No. 283], I stated, "My current hourly rate is $975.00 per hour, adjusted each January. Moreover, pursuant to my employment arrangement with UNLV, the Estate will have to remit to "UNLV Foundation-Boyd Law" $250.00 per month for any inadvertent use of state resources. I have a minimum monthly fee of $5,000.00."

9.     On December 5, 2023, as Dk. No. 748, I filed a Monthly Fee Statement for the Period of November 1, 2023, through November 30, 2023 ("November Fee Statement"), in the amount of

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814 v 1/1015-157

1  $5,000 for fees and $342.80 in expenses and attached a detailed time and expense statement for that

2  period.

3      10.    I support the request that the Court enter an order surcharging from the Secured

4  Creditors my fees and expenses as set forth in the Motion.

5      I declare under penalty of perjury that the foregoing is true and correct. Executed on

6  December 23, 2023.

7

8      NANCY B. RAPOPORT

9

10

11

12
4879-6045-0455, v. 2
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814 v.1/1015-157

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY THE MONTHLY FEES AND EXPENSES OF ETHICS COMPLIANCE MONITOR, NANCY B. RAPOPORT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD A. MARSHACK AND NANCY RAPOPORT IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 3, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **_____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 3, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
- **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
- **INTERESTED PARTY COURTESY NEF:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com; jdoling@jubileebk.net
- **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
- **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC:** William P Fennell william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com; wpf@ecf.courtdrive.com; hala.hammi@fennelllaw.com; naomi.cwalinski@fennelllaw.com; samantha.larimer@fennelllaw.com
- **ATTORNEY FOR CREDITOR HERRET CREDIT:** Eric Gassman erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com; angelica.urena@dinsmore.com; deamira.romo@dinsmore.com
- **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD:** Amy Lynn Ginsburg efilings@ginsburglawgroup.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** David M Goodrich dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wggllp@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION:** Brian L Holman b.holman@musickpeeler.com
- **INTERESTED PARTY COURTESY NEF:** Richard L. Hyde richard@amintalati.com
- **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION:** Peter L Isola pisola@hinshawlaw.com, lnystrom@hinshawlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC:** Razmig Izakelian razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC.:** Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com; jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.:** Britteny Leyva bleyva@mayerbrown.com, 2396393420@filings.docketbird.com; KAWhite@mayerbrown.com; ladocket@mayerbrown.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP:** Mitchell B Ludwig mbl@kpclegal.com, kad@kpclegal.com
- **ATTORNEY FOR DEFENDANT DANIEL S MARCH:** Daniel S March marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR DAVID ORR:** Mark J Markus bklawr@bklaw.com, markjmarkus@gmail.com; markus.markj.r112926@notify.bestcase.com
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Sarah S Mattingly sarah.mattingly@dinsmore.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC:** Glenn D Moses gmoses@venable.com, cascavone@venable.com; ipmalcolm@venable.com; jadelgado@venable.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.:** Lisa Patel lpatel@lesnickprince.com, jmack@lesnickprince.com; jnavarro@lesnickprince.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC:** Michael R Pinkston rpinkston@seyfarth.com, jmcdermott@seyfarth.com, sfocalendar@seyfarth.com, 5314522420@filings.docketbird.com, bankruptcydocket@seyfarth.com
- **ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC:** Kevin Alan Rogers krogers@wellsmar.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC:** Maureen J Shanahan Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC:** Zev Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC:** Adam D Stein-Sapir info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; NEF-BK@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK:** Michael R Totaro Ocbkatty@aol.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

2. **SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| SECURED CREDITOR<br>BMF ADVANCE<br>ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS<br>1022 AVENUE M<br>BROOKLYN, NY 11230 | SECURED CREDITOR<br>BMF ADVANCE LLC<br>ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS<br>1820 AVENUE M, SUITE 125<br>BROOKLYN, NY 11230 | SECURED CREDITOR<br>CLEARFUND SOLUTION, LLC<br>ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS<br>99 WALL STREET, SUITE 2613<br>NEW YORK, NY 10005 |
| SECURED CREDITOR<br>CLEARFUND SOLUTION, LLC<br>C/O CT CORPORATION SYSTEM AS REPRESENTATIVE<br>ATTN: SPRS<br>330 N BRAND BLVD, STE 700<br>GLENDALE, CA 91203 | SECURED CREDITOR<br>CT CORPORATION SYSTEM AS REPRESENTATIVE<br>ATTN: SPRS<br>330 N BRAND BLVD, STE 700<br>GLENDALE, CA 91203 | SECURED CREDITOR<br>DELTA BRIDGE FUNDING, LLC<br>ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS<br>2875 NE 191ST STREET, SUITE 500<br>AVENTURA, FL 33180 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

**SECURED CREDITOR**
DELTA BRIDGE FUNDING, LLC
C/O BUSINESS FILINGS INC.
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
323 SUNNY ISLES BLVD, STE 503
SUNNY ISLES, FL 33160-4675

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
750 MAIN STREET, SUITE 906
HARTFORD, CT 06103

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: REGISTERED AGENT
SOLUTIONS, INC., AGENT FOR
SERVICE OF PROCESS
2138 SILAS DEAN HWY, STE 101
ROCKY HILL, CT 06067

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
243 TRESSER BLVD, 17TH FLOOR
STAMFORD, CT 06901-3436

**SECURED CREDITOR**
EVERYDAY FUNDING GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1308 KINGS HIGHWAY
BROOKLYN, NY 11229

**SECURED CREDITOR**
EVERYDAY FUNDING GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
132 32ND STREET
BROOKLYN, NY 11232

**SECURED CREDITOR**
FUNDURA CAPITAL GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
80 BROAD STREET, STE 3303
NEW YORK, NY 10004-2845

**SECURED CREDITOR / POC
ADDRESS**
FUNDURA CAPITAL GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1545 ROUTE 202, SUITE 101
POMONA, NY 10970

**SECURED CREDITOR**
FUNDURA CAPITAL GROUP
ATTN: NORTHWEST REGISTERED
AGENT LLC, AGENT FOR SERVICE
OF PROCESS
90 STATE STREET, SUITE 700,
OFFICE 40
ALBANY, NY 12207

**SECURED CREDITOR**
GREEN FUND NY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
276 5TH AVENUE, ROOM 704
BROOKLYN, NY 10001

**SECURED CREDITOR**
KEVLAR CAPITAL LLC
C/O THE LLC
1191 BROADWAY AVE
BROOKLYN, NY 11221

**SECURED CREDITOR**
MCA CAPITAL HOLDINGS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
254 32ND STREET, BLDG 2 C303
BROOKLYN, NY 11232

**SECURED CREDITOR**
MCA CAPITAL HOLDINGS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
802 AVENUE U
BROOKLYN, NY 11223

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

**SECURED CREDITOR**
MNS FUNDING LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
3611 15TH AVENUE
BROOKLYN, NY 11218

**SECURED CREDITOR**
MNS FUNDING LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
5314 16TH AVENUE, SUITE 139
BROOKLYN, NY 11204

**SECURED CREDITOR / POC
ADDRESS**
PECC CORP.
C/O RUSTY O'KANE
3131 MCKINNEY AVENUE, STE 500
DALLAS, TX 75204

**SECURED CREDITOR**
PROOFPOSITIVE LLC
ATTN: REGISTERED AGENTS, INC.,
AGENT FOR SERVICE OF
PROCESS
30 N GOULD ST, STE R
SHERIDAN, WY 82801

**SECURED CREDITOR**
STRATCAP MANAGEMENT LLC
ATTN: WES THOMAS, CEO
2030 MAIN STREET, SUITE 1300
IRVINE, CA 92614

**SECURED CREDITOR / POC
ADDRESS**
VENTURE PARTNERS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1309 COFFEEN AVENUE, STE 1200
SHERIDAN, WY 82801

**SECURED CREDITOR**
WORLD GLOBAL FUND, LLC
C/O FILE RIGHT LLC, AGENT FOR
SERVICE OF PROCESS
5314 16TH AVENUE, SUITE 139
BROOKLYN, NY 11204

**SECURED CREDITOR**
WORLD GLOBAL FUND, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
5309 13TH AVENUE
BROOKLYN, NY 11220

**SECURED CREDITOR**
COBALT FUNDING SOLUTIONS
LLC
C/O YEHUDA KLEIN, ESQ.
THE KLEIN LAW FIRM LLC
PO BOX 714
LAKEWOOD, NJ 08701

**SECURED CREDITOR**
COBALT FUNDING SOLUTIONS
LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
99 WALL STREET, SUITE 3618
NEW YORK, NY 10005

**SECURED CREDITOR**
COBALT FUNDING SOLUTIONS
LLC
C/O CT CORPORATION SYSTEM
AS REPRESENTATIVE
ATTN: SPRS
330 N BRAND BLVD, STE 700
GLENDALE, CA 91203

4872-2900-1869, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**