# EXHIBIT 1

Hon. Veronica Alicea Galvan

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| DAVID TRAHAN, a Washington resident,<br><br>    Plaintiff,<br><br>    vs.<br><br>MERCHANTS CREDIT CORPORATION aka MERCHANTS CREDIT ASSOCIATION, a Washington corporation and licensed collection agency,<br><br>    Defendant. | No. 22-2-01322-2 SEA<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT; AND<br><br>THIRD-PARTY COMPLAINT FOR VIOLATIONS OF THE FEDERAL CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679 AND WASHINGTON'S CONSUMER PROTECTION ACT, CHAPTER 19.86, RCW |
| MERCHANTS CREDIT CORPORATION, a Washington corporation,<br><br>    Third-Party Plaintiff,<br><br>    vs.<br><br>LITIGATION PRACTICE GROUP, PC, a foreign professional service corporation, and PETER SCHNEIDER, an individual and agent of Litigation Practice Group, PC,<br><br>    Third-Party Defendants. | |

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 1
6931061.doc



701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

Defendant Merchants Credit Corporation ("Merchants") hereby provides Answers and Affirmative Defenses to Plaintiff's Complaint, and third-party complaint. Any allegation that is not expressly admitted below is denied.

## I. PARTIES, JURISDICTION, AND VENUE

1. Defendant is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

2. Defendant admits that Merchants Credit Corporation is a Washington Corporation and licensed collection agency that has its principal place of business in Redmond, Washington and does business under the registered trade name of Merchants Credit Association

3. Defendant admits that this court, as well as some others, have concurrent subject matter jurisdiction in regard to this case.

4. Defendant admits that its principal place of business is located in King County, and does not challenge that this court has personal jurisdiction over both parties to this lawsuit.

5. Defendant admits venue is proper in King County.

## II. PLAINTIFF'S ALLEGED FACTS

6. Defendant admits only that, on June 11, 2021, Qualstar Credit Union obtained a judgment against Plaintiff in Pierce County Superior Court, cause no. 21-2-05631-0.

7. Defendant admits that the judgment obtained by Qualstar against Plaintiff was for the amount of $14,975.87, plus 9% interest.

8. Defendant admits only that, on September 22, 2021, Defendant sent a letter to Plaintiff seeking the amounts that Qualstar stated it was entitled to in its assignment, and that the letter speaks for itself.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 2
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

9. Defendant admits that, after the words "Creditor #" in the letter it provided the Pierce County Superior Court cause number under which the judgment against Plaintiff was entered. Defendant denies that this was a mischaracterization.

10. Defendant is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

11. Defendant is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

### III. PLAINTIFF'S ALLEGED CAUSES OF ACTION

12. Defendant is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

13. Defendant is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

14. Defendant is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

15. Defendant is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

16. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant is currently without knowledge or

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 3
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore denies the same pursuant to CR 8(b).

17. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

18. Defendant denies the allegations set forth in this Paragraph of the Complaint.

19. Defendant denies the allegations set forth in this Paragraph of the Complaint.

20. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statute listed by Plaintiff.

21. Defendant denies the allegations set forth in this Paragraph of the Complaint.

22. Defendant denies the allegations set forth in this Paragraph of the Complaint.

23. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

24. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

25. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

26. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

27. Defendant denies the allegations set forth in this Paragraph of the Complaint.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 4
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

28. Defendant denies the allegations set forth in this Paragraph of the Complaint.

29. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

30. Defendant denies the allegations set forth in this Paragraph of the Complaint.

31. Defendant denies the allegations set forth in this Paragraph of the Complaint.

32. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

33. Defendant denies the allegations set forth in this Paragraph of the Complaint.

34. Defendant denies the allegations set forth in this Paragraph of the Complaint.

35. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

36. Defendant denies the allegations set forth in this Paragraph of the Complaint.

37. Defendant denies the allegations set forth in this Paragraph of the Complaint.

38. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

39. Defendant denies the allegations set forth in this Paragraph of the Complaint.

40. Defendant denies the allegations set forth in this Paragraph of the Complaint.

41. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

42. Defendant denies the allegations set forth in this Paragraph of the Complaint.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 5
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

43. Defendant denies the allegations set forth in this Paragraph of the Complaint.

44. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies liability under the statutes listed by Plaintiff.

45. Defendant denies the allegations set forth in this Paragraph of the Complaint.

46. Defendant denies the allegations set forth in this Paragraph of the Complaint.

47. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies that an injunction is proper in this case.

48. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies that an injunction is proper in this case.

49. Defendant objects that the allegation in this paragraph alleges only a legal conclusion. To the extent a response is called for, Defendant denies that an injunction is proper in this case.

50. Defendant denies the allegations set forth in this paragraph of the Complaint.

51. Defendant denies the allegations set forth in this paragraph of the Complaint.

52. Defendant denies the allegations set forth in this paragraph of the Complaint.

## IV. PLAINTIFFS' PRAYER FOR RELIEF

To the extent a response is called for, Defendant denies Plaintiff's prayer for relief in its entirety.

## V. AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER, and without admitting any matters previously denied, Defendant alleges the following affirmative defenses:

1. Plaintiff has failed to state a claim.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 6
6931061.doc



701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

2. Plaintiff's complaint is void or voidable where it exceeds the scope of authority provided to counsel and the provisions of 15 U.S.C. § 1679f(c)(1)-(2).

3. Some of Plaintiff's claims may be barred by the statute of limitations.

4. Plaintiff lacks standing where he is unable to show damage.

5. Defendant was not the proximate cause of Plaintiff's alleged damages.

6. Plaintiffs owed the debt sued upon, and their alleged damages, if any, were caused or contributed to by his own actions.

7. The acts of Defendant were undertaken in good faith under a reasonable interpretation of the law.

8. Plaintiffs failed to mitigate damages, if any.

9. Plaintiffs' claims are contrary to public policy.

10. Plaintiff's claims may be barred by collateral estoppel or res judicata.

11. That the acts and alleged injuries alleged by Plaintiffs, if any, were proximately caused by or contributed to by the acts or omissions of third parties over whom Defendant had no control, to be provided after discovery, and such fault should, therefore, be compared with that of Defendant, if any.

12. The acts and alleged injuries alleged by Plaintiffs, if any, were proximately caused by or contributed to by the acts or omissions of Plaintiffs and such fault should, therefore, be compared with that of Defendant, if any.

13. If any fault is determined to exist, Defendant is entitled to an allocation of fault and a determination of the proportionate share of entities causing damages for which recovery is sought, pursuant to RCW 4.22.070.

14. Plaintiffs' damages, if any, were caused by an intervening cause, which was a superseding cause of the alleged damages.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 7
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

15. Plaintiff has come to court with unclean hands.

16. To the extent that Plaintiff has stated a claim under the FDCPA; his claim are barred by the "bona fide error" exception of the FDCPA. 15 U.S.C. § 1692k(c).

17. Plaintiff's claims and this action have been brought in bad faith and for the purpose of harassment so that, pursuant to 15 U.S.C. § 1692k(a)(3), Defendant is entitled to an award of reasonable attorney fees and costs.

## THIRD-PARTY COMPLAINT

**A.    Third-party complaint facts.**

1. Third-party plaintiff Merchants Credit Corporation is a Washington Corporation with its principal place of business in King County, Washington.

2. Third-party defendant The Litigation Practice Group, PC ("LPG") is a foreign professional service corporation whose UBI # is 604 830 674, and principal place of business is 17542 17th St. Ste 100, Tustin, CA, 92780-1981. LPG's registered agent in Washington is Peter Schneider, whose Washington address is 10900 NE 4th St., Suite 2300, Bellevue, WA, 98004-5882.

3. Third-party defendant Peter Schneider is an attorney for LPG, who is alleged to have taken the actions set forth herein.

4. On October 11, 2021, LPG sent to Merchants a fax that included a Power of Attorney ("POA"). Exhibit 1. The POA limited the scope of LPG's authority to: (1) contacting creditors about Plaintiff's past due accounts, (2) sharing personal information with creditors, and (3) offering settlement terms to creditors to resolve past due accounts.

5. LPG was not registered as a corporation in Washington when it provided this POA to Merchants.

6. LPC was not incorporated in Washington until November 24, 2021.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 8
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

7. Upon information and belief, LPG commenced performing services in Washington, including legal services, prior to its incorporation in Washington.

8. On November 18, 2021, Peter Schneider as an agent of LPG sent a letter to Merchants asking about a potential discrepancy in the amount sought by Merchants.

9. On December 9, 2021, upon investigating Mr. Schneider's letter, Merchants realized that its client had provided an erroneous number in regard to interest, immediately corrected the error, and so advised Mr. Schneider and LPG. Exhibit 2.

10. Peter Schneider as an agent of LPG responded by sending to Merchants the instant lawsuit.

11. On January 3, 2022, counsel for Merchants sent to Mr. Schneider a letter. Ex. 3. The letter included reference to the POA and the limitations that had been placed on the actions of LPG by Plaintiff. The letter requested that Mr. Schneider provide any subsequent agreement that provided LPG the authority to file legal proceedings on Plaintiff's behalf.

12. On January 14, 2022, counsel for Merchants followed up and again requested that Mr. Schneider provide any subsequent agreement that provided LPG the authority to file legal proceedings on Plaintiff's behalf. Ex.4.

13. On the same date of January 14, 2022, Mr. Schneider, as an agent for LPG, responded with a letter that stated: No, I'm not going to provide you "proof" of that authority. Do whatever you feel is appropriate." Ex. 5.

14. Credit repair companies have been known to commence legal proceedings without the authorization of the debtor. *See e.g., Taylor-Burns v. AR Res., Inc.*, 268 F. Supp. 3d 592, 596 (S.D.N.Y. 2017); *In re Award of Att'y Fees*, 2017 WI App 56, ¶ 17, 377 Wis. 2d 730, 902 N.W.2d 809 (2017).

15. Upon information and belief, Mr. Schneider and LPG have commenced the instant lawsuit without the authorization of David Trahan, who has been named as plaintiff ibn

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 9
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

this case. Upon information and belief, the purpose of commencing the lawsuit implicated the entrepreneurial aspects of LPG by expanding the ability to collect additional money for the benefit of LPG rather than Mr. Trahan.

16.    The Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq. sets forth specific requirements that must be contained in the contract between a debtor and the credit repair organization.

17.    Upon information and belief, the lack of a contract between Plaintiff and LPG that meets the requirements of Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq. means that LPG and Mr. Schneider lacked the authority to send the January 14, 2022 letter on Plaintiff's behalf when the Complaint was filed, so the instant lawsuit against Merchants should be dismissed as inappropriately commenced.

18.    Upon information and belief, and as may be revealed in discovery, LPG has a pattern and practice of commencing litigation without a debtor.

**B.    Third-party complaint causes of action.**

    **1.    Violation of the federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq.**

19.    One purpose of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq., is "to protect the public from unfair or deceptive advertising and business practices by credit repair organizations." 15 U.S.C.A. § 1679(b)(2).

20.    Pursuant to the CROA, the term "credit repair organization,"

>   (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of—
>
>       (i) improving any consumer's credit record, credit history, or credit rating; or

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 10
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

(ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i); and

21. Third-party defendant LPG is a credit repair organization, subject to the CROA.

22. The CROA requires a written contract between the client and the organization to include several mandatory terms and disclosures, and the CROA makes any contract not in compliance with the CROA void and unenforceable. *See* 15 U.S.C. § 1679f(c).

23. Upon information and belief, Plaintiff Trahan's contract with LPG fails to comply with the CROA, so the Agreement, if any, is void and the Court should not enforce it. *See* 15 U.S.C. § 1679f(c)(1)-(2).

24. Upon information and belief the contract between Plaintiff Trahan and LPG does not meet the CROA requirements.

25. The lack of a CROA–compliant contract between LPG and Plaintiff - and therefore the lack of a valid contract between LPG and Plaintiff - means that LPG had no authority to commence this lawsuit against third-party Plaintiff. *Taylor-Burns*, 268 F. Supp. 3d at 596–97.

26. In addition, any person who fails to comply with any provision of the CROA with respect to "any other person" shall be liable to such person. 15 U.S.C. § 1679g(a). Liability includes actual damages, punitive damages, and attorney fees. *Id*.

27. Upon information and belief, LPG and Mr. Schneider commence lawsuits on behalf of debtors where LPG lacks an agreement that complies with the CROA or where the debtor has not entered into an agreement with LPG that includes filing a lawsuit as being within the scope of the agreement.

28. Third-party defendant LPG is liable to third-party plaintiff under CROA

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 11
6931061.doc

LEE SMART    701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

**2.    Violation of Washington's Consumer Protection Act ("CPA")**

29.    It is an unfair or deceptive act or practice to commence a lawsuit on behalf of a debtor without proper authority or without a proper agreement..

30.    Upon information and belief, LPG and Mr. Schneider commence lawsuits on behalf of debtors where LPG lacks an agreement that complies with the CROA or where the debtor has not entered into an agreement with LPG that includes filing a lawsuit as being within the scope of the agreement.

31.    Upon information and belief, Mr. Schneider and LPG commenced the instant lawsuit without the authorization of David Trahan, who has been named as plaintiff ibn this case.

32.    Upon information and belief, the purpose of commencing the lawsuit implicated the entrepreneurial aspects of LPG by expanding the ability to collect additional money for the benefit of LPG rather than Mr. Trahan.  The actions of Mr. Schneider and LPG therefore have occurred in trade or commerce.

33.    Bringing lawsuits that have not been expressly authorized by the named plaintiff or where the lawsuit is brought without an agreement that complies with the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq. affects the public interest.

34.    Third-party plaintiff was injured by Mr. Schneider and LPG commencing the instant lawsuit without the authorization and without a CROA-compliant agreement.  Third-party plaintiff was required to obtain an attorney to dispel the uncertainty of the claims being brought in this lawsuit.

35.    Violations of collection laws are per se violations of the CPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009).

36.    Third-party defendants' violations of CROA are per se violations of the CPA.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 12
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

37. The CPA provides for treble damages up to $25,000.00 and attorney fees. RCW 19.86.090.

38. Even minimal damages may constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A third-party plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" may suffice to establish injury for purpose of the CPA. *Id.*

**C.     Injunctive relief.**

39. A party may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

40. Upon information and belief, LPG and Mr. Schneider commence lawsuits on behalf of debtors where LPG lacks an agreement that complies with the CROA or where the debtor has not entered into an agreement with LPG that includes filing a lawsuit as being within the scope of the agreement.

41. Third-party plaintiff Merchants has reason to believe that these actions make up a pattern and practice of behavior and have impacted other persons similarly situated.

42. Merchants does seek injunctive relief from this Court which would enjoin LPG and Mr. Schneider from commencing lawsuits on behalf of debtors where LPG lacks an agreement that complies with the CROA or where the debtor has not entered into an agreement with LPG that includes filing a lawsuit as being within the scope of the agreement. Such an injunction would be for the benefit of both Merchants and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn.2d 843, 853 (2007).

43. Injunctive relief is needed to prevent further injury to Third-Party Plaintiff and to the Washington public as a whole.

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 13
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

## VI. RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer by way of adding affirmative defenses, counter claims, cross claims, or third party claims as the existence of such claims is discovered in the future.

## DEFENDANT'S PRAYER FOR RELIEF

Having answered Plaintiff's Complaint, Defendant prays for judgment as follows:

1. For Plaintiffs' Complaint to be dismissed with prejudice.

2. For Third-Party Plaintiff to be awarded actual damages, as proven at trial.

3. For attorney fees and punitive damages, pursuant to 15 U.S.C. § 1679g(a).

4. For attorney fees and treble damages pursuant to RCW 19.86.090.

5. For injunctive relief pursuant top RCW 19.86.090.

6. For Defendant to be awarded reasonable attorney's fees and taxable costs incurred in defending and prosecuting this cause.

7. For such other relief as this court may deem just and equitable.

DATED this 1st day of February, 2022.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
Of Attorneys for Defendant
Merchants Credit Corporation

1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

ANSWER, AFFIRMATIVE DEFENDANTS, AND THIRD-PARTY COMPLAINT - 14
6931061.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Peter M. Schneider
Litigation Practice Group
10900 NE 4th St, Ste 2300
Bellevue WA  98004
(425) 215-2295
peter@lpglaw.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Dated this 1st day of February, 2022 at Seattle, Washington.

                            LEE SMART, P.S., INC.

                            By: /s Marc Rosenberg
                                Marc Rosenberg, WSBA No. 31034
                                Of Attorneys for Defendant
                                Merchants Credit Corporation

                                1800 One Convention Place
                                701 Pike St.
                                Seattle, WA 98101-3929
                                (206) 624-7990
                                mr@leesmart.com

ANSWER, AFFIRMATIVE DEFENDANTS, AND
THIRD-PARTY COMPLAINT - 15
6931061.doc



701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com