Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Special Counsel to Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>　　　　Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**MOTION FOR TURNOVER PURSUANT TO 11 U.S.C. § 542(E); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TURNOVER PURSUANT TO 11 U.S.C. § 542(E); AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF**<br><br>Date:　January 31, 2024<br>Time:　1:30 p.m.<br>Judge:　Hon. Scott C. Clarkson<br>Place:　Courtroom 5C[1]<br>　　　　411 W. Fourth Street<br>　　　　Santa Ana, CA  92701 |

---

[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, ASHLEE COLONNA COHEN, ESQ., COLONNA COHEN LAW, PLLC, ALL SCHEDULED CREDITORS AND THEIR COUNSEL OF RECORD, AND OTHER PARTIES IN INTEREST:**

On January 10, 2024, Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, *Motion And Motion For Turnover of Records Pursuant To 11 U.S.C. § 542* (the "Motion"). The Motion is made pursuant to 11 U.S.C. § 542(e). Specifically, the Trustee seeks an order providing that:

1. All client files be turned over, including but not limited to names, contact information, client file management, communications, account information, letters, pleadings, discovery, communications, payment history, financial account information, credit reports, executed legal services contracts, ACH contracts, executed installment contracts, account balances, debts in dispute, payment history, file status, settlements, debt invalidations and/or any other information created, managed and stored electronically or physically related to Debtor and/or other aliases, agents or corporate entities affiliated with same; and

2. Such other and further relief as the Court deems just and proper is granted.

As set forth in the attached declaration of Richard A. Marshack ("Marshack Decl."), the Trustee, by way of its special counsel, has contacted Ashlee Colonna Cohen, Esq. of Colonna Cohen Law, PLLC ("Cohen") regarding its representation of Debtor and requested a copy of Debtor's client files. Cohen has refused to produce said request. As of the filing of this Motion, the requested files have still not been turned over to Trustee.

///

///

///

///

1

The Motion is based on the contemporaneously filed Notice of Motion, the Motion, the attached Memorandum of Points and Authorities, the attached declaration of Richard A. Marshack, the pleadings and records on file in this case and in related adversary proceedings of which the Court is requested to take judicial notice and such other pleadings and evidence as may be properly submitted in connection with the Motion.

Dated: January 10, 2024               DINSMORE & SHOHL LLP

                                      By:  /s/ Yosina M. Lissebeck
                                           Yosina M. Lissebeck
                                           Christopher B. Ghio
                                           Christopher Celentino
                                      Special Counsel to Richard A. Marshack,
                                      Chapter 11 Trustee

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), submits this Memorandum of Points and Authorities, through his undersigned counsel, in support of his motion (the "Motion") for an order under 11 U.S.C. § 542 for Ashlee Colonna Cohen, Esq. of Colonna Cohen Law, PLLC ("Cohen") to turnover all LPG client files, documents and records maintained as described herein. The Bankruptcy Code is clear: any party in possession of property of a bankruptcy estate must turn over such property to the Trustee. Property of the estate includes "all legal or equitable interests of the debtor in property as of commencement of the case." Further, 11 U.S.C. § 542(e) provides that after notice and a hearing, the "court may order an attorney, accountant, or other person that holds recorded information, including books, documents, [or] records . . . relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."

Here, the Trustee, through his legal counsel, formally asked Ms. Cohen to furnish the LPG client files she currently holds pertaining to several litigation cases for which she served as the attorney of record for LPG. As of the date of filing this Motion, she has not turned over those files.

## II. STATEMENT OF FACTS

On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. See, Attached Declaration of Richard A. Marshack ("Marshack Decl."), ¶ 3. Since his appointment, the Trustee has served in this capacity and has started his investigation of the Debtor's pre-petition business and transactions. See, Marshack Decl., ¶ 3.

Prior to Debtor filing the instant Case, Debtor was named as a defendant in the following cases: New York, Kings County Supreme Court case numbers 515748/2021; 527528/2021; and 531948/2021, and New York, Nassau County Supreme Court case numbers: 612800/2021; and 613095/2021

3

(collectively, the "New York Cases"). See, Marshack Decl., ¶ 4. Cohen represented Debtor as its defense counsel in the New York Cases. See, Marshack Decl., ¶ 5.

On or about October 26, 2023, counsel for Trustee, special counsel for the Trustee and Cohen had a conference wherein, *inter alia*, Cohen discussed her representation of Debtor and offered to provide Trustee's counsel with information related to the New York Cases. Despite the offer to provide information in her possession in connection to Debtor and her representation of Debtor, Cohen never did.

On or about December 6, 2023, special counsel for the Trustee wrote as a follow up to the October 2023 conference, again requesting the information Cohen offered to provide in addition to the turnover of all of Debtor's client files remaining in Cohen's possession and control.

Cohen responded to special counsel's email the following day requesting, in part, clarification on the documents and files sought. Special Counsel for the Trustee promptly responded to Cohen's questions, yet Cohen did not provide the Debtor's files and has not responded to subsequent follow up requests for the Debtor's files.

On January 2, 2024, special counsel for the Trustee again emailed Cohen and requested turnover of the files, stating that if those were not provided a Motion would be filed. Cohen responded that she wanted information related to the administrative claim bar date and that she wanted to be retained by the Estate to do post-petition work. Counsel for the Trustee further responded that Cohen had received notice of the administrative bar date, provided Cohen with a drop box link so that she could easily provide the files, and requested those files by January 8th. Cohen responded she wanted a retainer agreement for the post-petition work, and that she would assert her lien rights. On January 8, 2024, special counsel wrote that regardless of her lien rights, she needed to turn over the client files.

As of the date of this Motion, Cohen continues to refuse to provide the requested client files. See, Marshack Decl., ¶ 9.

### III. THIS COURT IS AUTHORIZED TO ISSUE AN ORDER TO TURN OVER ESTATE PROPERTY AND RECORDS PURSUANT TO 11 U.S.C. § 542.

In a turnover action under 11 U.S.C. § 542, the Trustee bears the initial burden to prove that property at issue is property of the estate and in the possession or control of the Debtor at the time the

4

turnover proceeding is commenced. *Yaquinto v. Greer*, 81 B.R. 870, 878 (N.D. Tex. 1988). For purposes of turnover, including attorney-client files, under 11 U.S.C. § 542, the Trustee need only show property is property of the estate by a preponderance of the evidence as opposed to clear and convincing evidence. Additionally, 11 U.S.C. § 542(e) authorizes a court to order an attorney that holds information relating to the debtor's financial affairs to turn over such information to the trustee.

§ 542(e) provides that:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

The language of § 542(e), and specifically "subject to any applicable privilege", is merely an invitation for judicial determination of privilege as the legislative intent was to "restrict, not expand" the ability of attorneys to withhold information from the trustee. *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 351 (1985). Moreover, the Supreme Court held that "the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications." *Id* at 358.

Turnover of client files and recorded information kept by a law firm is proper where, as here, the documents are part of the Debtor's Estate. *In re Jafroodi*, 2023 Bankr. LEXIS 1680, *35 (Bankr. C.D. Cal. 2023). In the instance of a legal file, the client has the right to the file and it is therefore "property" of the client, and upon his adjudication as a bankrupt, title passes to the Trustee. *In re Calestini,* 321 F. Supp. 1313, 1316 (N.D. Cal. 1971); *See also Ramirez v. Fuselier* (In re Ramirez), 183 B.R. 583, 588 (BAP 9th Cir. 1995) (Client files are part of the bankruptcy estate.)

Furthermore, upon request, an attorney has an ethical obligation to turnover files of its clients pursuant to the clients' request. California Rule of Professional Conduct 1.16(e) provides an attorney, at the request of the client, shall promptly release to the client all client materials and property, and defines "client materials and property" as "correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably necessary to the client's representation, whether the client has paid for them or not." Cal. Rules of Prof'l Conduct, Rule 1.16. Moreover, a Trustee stands in the shoes of a debtor. *Magana-Lopez*

5

*v. JPMorgan Chase Bank* (In re Magana-Lopez), 2012 Bankr. LEXIS 1689, *10 (Bankr. C.D. Cal. 2012). As such, the Trustee may request the Debtor's client files and the attorney has an obligation to turn them over to the Trustee.

Here, Cohen served as counsel to Debtor in the New York Cases pursuant to court dockets and Cohen's admissions. See, Marshack Decl., ¶¶ 4-6 & 8. While representing Debtor in its defense in those cases, Cohen would have obtained critical information regarding Plaintiff's alleged security interests and potential insight of Debtor's property and finances and turnover of such is not only helpful but arguably necessary for Trustee's administration of this Case.

Cohen initially offered to provide the requested information and files to Trustee's counsels yet failed to do so. Even after multiple requests for Debtor's files thereafter, Cohen continues to refuse to cooperate. The last request for the files was on or about January 8, 2024, wherein Trustee, via its special counsel, requested Cohen produce copies of all of Debtor's client files, including the files in connection with specifically identified court cases wherein Cohen appeared on behalf of Debtor. See, Marshack Decl., ¶ 7. Cohen has not denied she represented Debtor yet as of the date this Motion was filed has refused to turnover said files. See, Marshack Decl., ¶ 8-9. As it is established by the aforementioned precedent, there is no privilege preventing Cohen from turning over the files and even if there was, Trustee, in the shoes of Debtor, is permitted to waive such. See, Marshack Decl., ¶ 13. Furthermore, Cohen is breaching her ethical obligation to turn over former client files upon request.

The Trustee seeks turnover of Debtor's client files currently in the possession of Cohen for the purposes of better assessing Debtor's estate and administering this Case. See, Marshack Decl., ¶¶ 10 & 11. The Trustee hereby waives any applicable attorney-client privilege on behalf of Debtor to the extent that this Court determines, based on the argument *infra*, that Cohen did, indeed, represent Debtor. See, Marshack Decl., ¶ 13. Without this information, the Trustee's ability to administer this Case and to pursue potential claims of the Estate is hindered. See, Marshack Decl., ¶ 11.

### IV. **CONCLUSION**

For the reasons set forth above, the Court is respectfully requested to grant the Motion and enter an order for turnover to the Trustee of the following:

1. All client files, including but not limited to names, contact information, client file

6

management, communications, account information, letters, pleadings, discovery, communications, payment history, financial account information, credit reports, executed legal services contracts, ACH contracts, executed installment contracts, account balances, debts in dispute, payment history, file status, settlements, debt invalidations and/or any other information created, managed and stored electronically or physically related to Debtor and/or other aliases, agents or corporate entities affiliated with same; and

    2.    Such other and further relief as the Court deems just and proper is granted.

Dated: January 10, 2024                    DINSMORE & SHOHL LLP

By: */s/ Yosina M. Lissebeck*
      Yosina M. Lissebeck
      Christopher B. Ghio
      Christopher Celentino
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

## DECLARATION OF RICHARD A. MARSHACK

I, Richard A. Marshack, declare as follows:

1. I am the duly appointed Chapter 11 Trustee ("Trustee") for The Litigation Practice Group, P.C. (the "Debtor" or "LPG") in the above-captioned bankruptcy case (the "Case"). I am an equity partner at Marshack Hays LLP, and duly admitted to practice before all of the Courts in the State of California, United States District Court for the State of California and the United States Bankruptcy Courts for the State of California.

2. I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the pleading to which this declaration is attached.

3. The Court may take judicial notice of the following:

   (a) On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

   (b) On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, I filed the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. Since my appointment, I have served in this capacity and have started the investigation of the Debtor's pre-petition business and transactions.

4. Prior to Debtor filing the instant Case, Debtor was named as a defendant in the following cases: New York, Kings County Supreme Court case numbers 515748/2021; 527528/2021; and 531948/2021, and New York, Nassau County Supreme Court case numbers: 612800/2021; and 613095/2021 (collectively, the "New York Cases").

5. Prior to Debtor filing the instant Case, Ashlee Colonna Cohen, Esq. of Colonna Cohen Law, PLLC ("Cohen") represented Debtor as Debtor's defense counsel in the New York Cases.

6. Based on court records and Cohen's representations to my attorneys, Cohen served as counsel to Debtor in at least five New York state cases between 2021 and 2022 (the "New York Cases").

///

///

7. On or about December 6, 2023 and through January 8, 2024, my attorneys, corresponded and requested Cohen produce copies of all of Debtor's client files, including the files in connection with the New York Cases wherein Cohen appeared on behalf of Debtor.

8. Cohen did not deny she represented Debtor in the New York Cases.

9. As of the date this Declaration was made, Cohen has not turned over the requested files.

10. The turnover of Debtor's client files currently in the possession of Cohen will help me in further assessing Debtor's estate and administering this Case.

11. Without this information, my ability to administer this Case and to pursue potential claims of the Estate is hindered.

12. As the Trustee, I am permitted to waive any attorney-client privilege of LPG.

13. I hereby waive any applicable attorney-client privilege on behalf of Debtor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 10, 2024

_____
Richard A. Marshack

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document: **MOTION FOR TURNOVER PURSUANT TO 11 U.S.C. § 542(E); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TURNOVER PURSUANT TO 11 U.S.C. § 542(E); AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 10, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 10, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 10, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COPY - VIA FEDEX**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 10, 2024 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August  2010    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   Eric Bensamochan on behalf of Creditor Affirma, LLC
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Eric Bensamochan on behalf of Interested Party Courtesy NEF
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Eric Bensamochan on behalf of Interested Party Eric Bensamochan
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
   peter.bowie@dinsmore.com, caron.burke@dinsmore.com

   Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
   ron@rkbrownlaw.com

   Christopher Celentino on behalf of Plaintiff Richard A. Marshack
   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

   Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

   Shawn M Christianson on behalf of Interested Party Courtesy NEF
   cmcintire@buchalter.com, schristianson@buchalter.com

   Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
   rbc@randallbclark.com

   Leslie A Cohen on behalf of Defendant Lisa Cohen
   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

   Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

   Leslie A Cohen on behalf of Interested Party Courtesy NEF
   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

   Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

   Jenny L Doling on behalf of Interested Party INTERESTED PARTY
   jd@jdl.law,
   dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

   Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
   jd@jdl.law,
   dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

   Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
   jd@jdl.law,
   dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

   Daniel A Edelman on behalf of Creditor Carolyn Beech

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                    **F 9013-3.1.PROOF.SERVICE**

dedelman@edcombs.com, courtecl@edcombs.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-.1.PROOF.SERVICE**

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
richard@amintalati.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, lnystrom@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-.1.PROOF.SERVICE**

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-.1.PROOF.SERVICE**

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-.1.PROOF.SERVICE**

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff RICHARD A. MARSHACK
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-.1.PROOF.SERVICE

lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-.1.PROOF.SERVICE**

zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-.1.PROOF.SERVICE**