Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
Jonathan Serrano (State Bar No. 333225)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com
jonathan.serrano@dinsmore.com

Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY EIN CAP, INC.; DECLARATION OF JONATHAN SERRANO IN SUPPORT THEREOF; AND EXHIBIT**<br><br>Date:    *No Hearing Required*<br>Time:    *No Hearing Required*<br>Place:   Courtroom 5C<br>         411 W. Fourth Street<br>         Santa Ana, CA 92701<br>Judge:  Hon. Scott C. Clarkson |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; EIN CAP, INC.; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, on January 16, 2024, Richard A. Marshack, the Chapter 11 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of debtor The Litigation Practice Group P.C. (the "Debtor") in the above-captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, this *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents by Ein Cap, Inc.* (the "Motion"). The Motion is made pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules") to require the production of documents by Ein Cap, Inc. (the "Ein Cap"). Specifically, the Trustee seeks an order providing that:

1.      Upon service of a subpoena on Ein Cap, Ein Cap shall produce for inspection and copying by the Trustee the documents and things described in **Exhibit 1** to the attached subpoena (the "Documents") **at or before 5:00 p.m. EST on February 9, 2024** at the offices of Dinsmore & Shohl LLP located at 100 Berwyn Park, 850 Cassatt Road, Suite 110, Berwyn, PA 19312 or via email to yosina.lissebeck@dinsmore.com.

2.      The Trustee is authorized to issue subpoenas as necessary to compel such document production.

3.      If Ein Cap withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, Ein Cap shall prepare a privilege log in accordance with the "Instructions" in **Exhibit 1** to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Yosina M. Lissebeck of Dinsmore & Shohl LLP, 100 Berwyn Park, 850 Cassatt Road, Suite 110, Berwyn, PA 19312 or via email to yosina.lissebeck@dinsmore.com) **at or before 5:00 p.m. EST on February 9, 2024**.

4.      Such other and further relief as the Court deems just and proper is granted.

1

#41284965v1

The Motion is made under Rule 2004 and Local Rule 2004-1 on the grounds that the Trustee is investigating the financial activities of the Debtor and related entities. On June 24, 2021, Ein Cap, using CT Corporation System ("CT") as its representative, filed a UCC-1 Statement No. U210059695831 ("Statement") against the Debtor with the California Secretary of State. Ein Cap subsequently filed a UCC-3 Statement No. U210097960132 against the Debtor with the California Secretary of State, terminating the Statement on October 28, 2021.

On December 12, 2023, Trustee's counsel wrote a letter to Ein Cap regarding the Statement and its relationship with the Debtor, requesting (1) copies of lending documents executed between Ein Cap and LPG; (2) payment history on the loan(s) of the Debtor; and (3) documents showing the flow of funds from any loans made to or for the Debtor's benefit. As of January 16, 2024, Ein Cap has not substantively responded to this letter and, on December 19, 2023, it communicated that Ein Cap would wait until it was served with a duly ordered subpoena before providing further information. The Trustee does not know if any amount is still owed to Ein Cap or any of the details of the relationship/transaction between Ein Cap and the Debtor.

Information regarding whatever transaction that caused the Statement to be filed, including information on any payments or transfers made pursuant to the transaction are needed to assist the Trustee in reconstructing the Debtor's pre-petition financial condition and to draft a chapter 11 plan for this Case. Because the Trustee is not a party to any adversary proceeding or contested matter in which this discovery would be appropriate, the Trustee may not proceed under Rule 7030 or 9014.

As set forth in the attached declaration of Jonathan Serrano ("Serrano Decl."), pursuant to Local Rule 2004-1(a), the Trustee has conducted a meet and confer with Ein Cap concerning the proposed Rule 2004 examination and document request. Ein Cap's address is 40 Wall Street 23rd Floor, Suite 2304, New York, NY 10005, with a telephone number of (917) 900-1298.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Serrano Declaration, the attached exhibit(s), and the pleadings and records on file in the Case, of which the Court is requested to take judicial notice.

/ / /

/ / /

#41284965v1

1   **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 2004-1(f):

2   The party whose examination is requested may file a motion for
3   protective order if grounds exist under FRBP 7026 and F.R.Civ.
    P. 26(c). A motion for protective order must be filed and served
4   not less than 14 days before the date of the examination, and set
    for hearing not less than 2 days before the scheduled
5   examination, unless an order shortening time is granted by the
    court pursuant to LBR 9075-1.

6   Any motion for a protective order must be filed with the Court and served on the Trustee, the

7   Court, and the Office of the United States Trustee as follows:

8

9   **For Service on the U.S. Trustee**          **For Service on the Court**
    Office of the U.S. Trustee                   Hon. Scott C. Clarkson
10  Ronald Reagan Federal Building               United States Bankruptcy Court
    411 West Fourth Street, Suite 7160           411 W. Fourth Street, Suite 5130
11  Santa Ana, CA 92701-8000                     Santa Ana, CA 92701

12
    **For Service on the Trustee**
13  Yosina M. Lissebeck, Esq.
    Dinsmore & Shohl LLP
14  655 W. Broadway Suite 800
    San Diego, California 92101
15

16  **PLEASE TAKE FURTHER NOTICE** that the Trustee files this Motion without prejudice to

17  his right to seek further examination of or production of documents by Ein Cap and others under

18  Rule 2004 and Local Rule 2004-1.

19  **PLEASE TAKE FURTHER NOTICE** that the Court may grant this Motion without a hearing.

20  Moreover, the failure to timely file and serve a motion for a protective order and to timely set it for

21  hearing in accordance with the Local Rules may be regarded by the Court as consent to the Motion and

22  a waiver of any basis for a protective order.

23
    Dated: January 16, 2024              DINSMORE & SHOHL LLP
24
25                                        By: /s/ Jonathan Serrano
                                             Christopher B. Ghio
26                                           Christopher Celentino
                                             Yosina M. Lissebeck
27                                           Jonathan Serrano
                                          Special Counsel to Richard A. Marshack,
28                                        Chapter 11 Trustee

3

#41284965v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Richard A. Marshack, the Chapter 11 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of debtor The Litigation Practice Group P.C. (the "Debtor") in the above-captioned bankruptcy case (the "Case"), submits this Memorandum of Points and Authorities in support of his motion (the "Motion") for an order under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules"), requiring the production by Ein Cap, Inc. ("Ein Cap") of the documents ("Documents") described in **Exhibit 1** to the attached subpoena.

### II.    STATEMENT OF FACTS

On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58] and, on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. Since his appointment, the Trustee has served in this capacity and has investigated the Debtor's pre-petition business and transactions. In the years before the filing of the petition, numerous parties filed UCC-1 statements against the Debtor with the California Secretary of State. On December 12, 2023, counsel for the Trustee wrote to Ein Cap regarding the UCC-1 statement it had filed against the Debtor on or about June 24, 2021. There has been no substantive response to this letter. The Trustee requests production of documents pertaining to the relationship/transaction between the Debtor and Ein Cap. The documents not produced by the Debtor, but requested by the Trustee, include those identified in **Exhibit 1** to the subpoena attached hereto.

### III.    RULE 2004 AUTHORIZES PRODUCTION OF DOCUMENTS

Rule 2004(a) provides as follows: "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(b) provides that a Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." Fed. R.

Bankr. P. 2004(b). "[I]t is well-settled that Rule 2004 discovery enjoys a broad scope, regardless of any background state law issues." *Dynamic Finance Corp. v. Kipperman (In re North Plaza)*, 395 B.R. 113, 122 (S.D. Cal. 2008). "The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

## IV.    THE REQUESTED RULE 2004 ORDER SHOULD BE GRANTED

### A.    <u>The Trustee Has Met and Conferred</u>

Pursuant to Local Rule 2004-1(a), on January 9, 2024, Trustee's counsel attempted to confer by telephone with Artem Epishin of Ein Cap. During that conversation, Trustee's counsel was disconnected from the call. Trustee's counsel followed up with a voicemail detailing the contemplated Rule 2004 document production, including the scope, timing, and place of that production. On that same date, Trustee's counsel followed up with an email, explaining the same. On January 10, 2024, Mr. Epishin replied that Ein Cap was agreeable to the proposed scope, timing, and place of production. The relief requested in this Motion is in accordance with that communication. Serrano Decl. ¶ 7.

### B.    <u>No Adversary Proceeding or Contested Matter</u>

The Trustee cannot obtain the information sought by the requested Rule 2004 production of documents and examination under Rule 7030 or 9014 because the Trustee is not a party to any such pending adversary proceeding or contested matter. Serrano Decl. ¶ 5.

### C.    <u>Ein Cap's Contact Information</u>

Ein Cap's address is 40 Wall Street 23rd Floor, Suite 2304, New York, NY 10005, with a telephone number of (917) 900-1298. Ein Cap's agent for service of process is The Corporation, 40 Wall Street 23rd Floor, Suite 2304, New York, NY 10005.

### D.    <u>Cause for the 2004 Order</u>

The Trustee is investigating the financial activities of the Debtor and related entities. On June 24, 2021, Ein Cap, using CT Corporation System ("CT") as its representative, filed a UCC-1 Statement No. U210059695831 ("Statement") against the Debtor with the California Secretary of State. Ein Cap subsequently filed a UCC-3 Statement No. U210097960132 against the Debtor with the California Secretary of State, terminating the Statement on October 28, 2021. On or about October 25, 2023, Trustee's counsel sent a letter to CT asking it to identify the creditor that used CT to file the Statement.

Counsel for the Trustee did not receive adequate information from CT and issued a court-approved subpoena to CT for the production of further information. CT ultimately identified Ein Cap as that party.

On December 12, 2023, Trustee's counsel wrote a letter to Ein Cap regarding the Statement and its relationship with the Debtor, requesting (1) copies of lending documents executed between Ein Cap and LPG; (2) payment history on the loan(s) of the Debtor; and (3) documents showing the flow of funds from any loans made to or for the Debtor's benefit. As of January 16, 2024, Ein Cap has not substantively responded to this letter and, on December 19, 2023, it communicated that Ein Cap would wait until it was served with a duly ordered subpoena before providing further information. The Trustee does not know if any amount is still owed to Ein Cap or any of the details of the relationship/transaction between Ein Cap and the Debtor.

Information regarding whatever transaction that caused the Statement to be filed, including information on any payments or transfers made pursuant to the transaction are needed to assist the Trustee in reconstructing the Debtor's pre-petition financial condition and to draft a chapter 11 plan for this Case.

## V.    CONCLUSION

For the reasons set forth above, the Court is respectfully requested to grant the Motion and enter an order providing that:

1.      Upon service of a subpoena on Ein Cap, Ein Cap shall produce for inspection and copying by the Trustee the documents and things described in **Exhibit 1** to the attached subpoena (the "Documents") **at or before 5:00 p.m. EST on February 9, 2024** at the offices of Dinsmore & Shohl LLP located at 100 Berwyn Park, 850 Cassatt Road, Suite 110, Berwyn, PA 19312, or via email to yosina.lissebeck@dinsmore.com.

2.      The Trustee is authorized to issue subpoenas as necessary to compel such document production.

3.      If Ein Cap withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, Ein Cap shall prepare a privilege log in accordance with the "Instructions" in **Exhibit 1** to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Yosina Lissebeck of Dinsmore & Shohl LLP, 100 Berwyn Park, 850 Cassatt Road, Suite

#41284965v1

1    110, Berwyn, PA 19312 or via email to yosina.lissebeck@dinsmore.com) **at or before 5:00 p.m. EST**

2    **on February 9, 2024**.

3           4.       Such other and further relief as the Court deems just and proper is granted.

5    Dated: January 16, 2024                DINSMORE & SHOHL LLP

6                                      By: /s/ Jonathan Serrano
7                                           Christopher B. Ghio
                                       Christopher Celentino
8                                           Yosina M. Lissebeck
                                       Jonathan Serrano
9                                      Special Counsel to Richard A. Marshack,
                                  Chapter 11 Trustee

#41284965v1

## DECLARATION OF JONATHAN SERRANO

I, Jonathan Serrano, declare as follows:

1.      I am an associate at Dinsmore & Shohl LLP ("Dinsmore"), counsel to Richard A. Marshack, the Chapter 11 Trustee ("Trustee") for the bankruptcy estate of debtor The Litigation Practice Group P.C. (the "Debtor") in the above-captioned bankruptcy case ("Case"). I am one of the attorneys at Dinsmore with responsibility for representation of the Trustee. Unless expressly stated otherwise, I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      The Court may take judicial notice of the following:

a.      On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Central District of California (the "Court").

b.      Richard A. Marshack is the duly appointed Chapter 11 Trustee in this Case, and he continues to serve in this capacity at this time.

3.      I am assisting the Trustee in obtaining the records necessary for him to understand and investigate the pre-petition financial affairs of the Debtor. I understand that, on or about June 24, 2021, Ein Cap filed a UCC-1 statement ("Statement") against the Debtor with the California Secretary of State. I understand that, on December 12, 2023, Trustee's counsel wrote to Ein Cap regarding the UCC-1 statement, requesting (a) copies of lending documents executed between Ein Cap and LPG; (b) payment history on the loan(s) of the Debtor; and (c) documents showing the flow of funds from any loans made to or for the Debtor's benefit. I have not received a substantive response to this letter.

4.      I believe that information regarding whatever transaction that caused the Statement to be filed, including information on any payments or transfers made pursuant to the transaction, is needed to assist the Trustee in reconstructing the Debtor's pre-petition financial condition and to draft a chapter 11 plan for this Case. The documents requested by the Trustee are identified in **Exhibit 1** to the subpoena attached hereto.

5.      To the best of my knowledge, information, and belief, the Trustee is not a party to any adversary proceeding or contested matter in which the discovery sought by the attached Rule 2004

motion would be relevant.

6.     Based on internet searches that I performed on the website of the New York Department of State, Division of Corporations, the address for Ein Cap is 40 Wall Street 23rd Floor, Suite 2304, New York, NY 10005. Also, based on those same searches, Ein Cap's New York Agent for Service of Process is The Corporation, 40 Wall Street 23rd Floor, Suite 2304, New York, NY 10005. I have reached Ein Cap by telephone at (917) 900-1298.

7.     On January 9, 2024, I attempted to confer by telephone with Artem Epishin of Ein Cap. Early on in that conversation, I was disconnected from the call. I followed up with a voicemail describing the contemplated Rule 2004 document production, including the scope, timing, and place of that production. On that same date, I followed up with an email, explaining the same. On January 10, 2024, Mr. Epishin replied to my email, stating that Ein Cap was agreeable to the proposed scope, timing, and place of production. The relief requested in this Motion is in accordance with that communication.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 16, 2024                          /s/ Jonathan Serrano
                                                 Jonathan Serrano

#41284965v1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ **Central** _____ District of _____ **California** _____

In re **The Litigation Practice Group P.C.**
_____
Debtor

Case No.   **8:23-bk-10571-SC**

*(Complete if issued in an adversary proceeding)*

Chapter   **11**

_____
Plaintiff

v.

Adv. Proc. No.   _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   **EIN CAP, Inc., Attn: RUSSELL NAFTALI, CEO, 40 WALL STREET 23RD FL, STE 2304, NEW YORK, NY 10005**
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| **100 Berwyn Park, 850 Cassatt Road, Suite 110, Berwyn, PA 19312** | **02/09/24    5:00 pm** |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Trustee Richard A. Marshack** , who issues or requests this subpoena, are:
**Yosina Lissebeck, Esq. 100 Berwyn Park, 850 Cassatt Road, Suite 110, Berwyn, PA 19312 yosina.lissebeck@dinsmore.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT 1

### To Subpoena for Production of Documents to Ein Cap, Inc.

### INSTRUCTIONS

1.      In responding to this subpoena, furnish all documents in your possession, custody, or control at the time of production, including documents in the possession, custody, or control of your agents, representatives, and assigns.

2.      If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, please state the following:

    a.      The date(s) the document was created, sent, and received;

    b.      The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said document;

    c.      A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes);

    d.      The location of the document;

    e.      The custodian of the document; and

    f.      Each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

3.      Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced. That portion of the document for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

4.      Each document requested herein is requested to be produced in its entirety without deletion or excision (except as qualified by Instruction 3 above) regardless of whether you consider the entire document to be relevant or responsive to these requests.

#41284965v1

5.      If any of these documents cannot be produced in full, then produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

6.      The documents produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production. Documents are to be produced in the boxes, file folders, binders, or other containers in which the documents are found.  The title, labels, or other descriptions of the boxes, file folders, binders, or other containers are to be left intact.

7.      A search for responsive documents includes all Electronically Stored Information, including responsive emails and other documents found in the Responding Party's personal and/or business account(s).

8.      The documents may be produced via mail **or via email to yosina.lissebeck@dinsmore.com**.

## **DEFINITIONS**

For purposes of this REQUEST FOR PRODUCTION, the following definitions apply:

1.      As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

2.      As used herein, the term "any" includes the word "all," and vice versa; the singular includes the plural, and vice versa; and the past includes the present, and vice versa.

3.      As used herein, the term "ALL DOCUMENTS" means and refers to each and every DOCUMENT known to YOU, and every such DOCUMENT which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

4.      As used herein, the "EIN CAP"  or "YOU" means and refers to Ein Cap, Inc., a New York corporation, and all agents, attorneys, consultants, directors, employees, insurers, investigators, managers, members, officers, owners, principals, representatives, shareholders, subsidiaries, and any other PERSON acting or purporting to act on its behalf.

11

#41284965v1

5. As used herein, the term "LPG" means and refers to The Litigation Practice Group PC, a California professional corporation, and all agents, attorneys, beneficiaries, consultants, directors, employees, grantors, insurers, investigators, managers, members, officers, owners, principals, representatives, shareholders, subsidiaries, trustees, trustors, settlors, and any other PERSON acting or purporting to act on its behalf.

6. As used herein, "STATEMENT" means and refers to UCC Filing No. U210059695831 filed with the California Secretary of State against LPG on or about June 24, 2021.

7. As used herein, the terms "DOCUMENT" and/or "DOCUMENTS" mean and refer to any and all documents, tangible things and/or property, of any kind, and all writings or recordings, as described in Rule 1001(1) of the Federal Rules of Evidence, including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and including without limitation TRANSACTION DOCUMENTS, communications, e-mails, inquiries, discussions, conversations, negotiations, agreements, understanding, meetings, conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, telefax, cables, or other forms of interpersonal disclosure, whether oral or written, however transmitted, minutes, lists, agenda, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter office and intra office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, computer printouts, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications, changes and amendments of any of the foregoing, graphical or aural records or representations of any kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes, computer cards, computer programs, computer software, computer readable media, machine sensible media, electronically stored media, and any other form of stored information.

8. As used herein, the term "TRANSACTION" or "TRANSACTION DOCUMENTS" mean and refer to any information or DOCUMENTS that evidence any sale or other conveyance from or indebtedness of LPG to EIN CAP, including any loan agreements, promissory notes, security

#41284965v1

agreements, deeds of trust, account control agreements, leases, limited liability company agreements, operating agreements, purchase and sale agreements, lease agreements, or any other similar DOCUMENTS.

9.      As used herein, the term "PERSON" means and refer to any natural person, corporation, company, partnership, association, firm, business, trust, or any other legal or fictitious entity.

10.     As used herein, the term " "RELATING TO" means and refers to, without limitation, bearing a subject matter relationship to, embodying, discussing, constituting evidence of, bearing a relationship to (in whole or in part), pertaining, or otherwise reflecting, describing, or setting forth the subject matter to which reference is made.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any and ALL DOCUMENTS RELATING TO the TRANSACTION that caused the STATEMENT to be filed.

**REQUEST FOR PRODUCTION NO. 2:** To the extent not previously produced, a ledger of any and ALL payments made by LPG to YOU RELATING TO the TRANSACTION, including the dates that the payments were made and the amounts of the payments.

**REQUEST FOR PRODUCTION NO. 3:** To the extent not previously produced, any and ALL DOCUMENTS showing the source of funds, including bank account, wire, or other related information, from LPG to YOU RELATING TO the TRANSACTION.

#41284965v1

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-10571-SC**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Peter W Bowie**: peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**: ron@rkbrownlaw.com
- **Christopher Celentino**: christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**: cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**: rbc@randallbclark.com
- **Leslie A Cohen**: leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Aaron E. DE Leest**: adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Anthony Paul Diehl**: anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling**: jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**: dedelman@edcombs.com, courtecl@edcombs.com
- **William P Fennell**: william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Jeremy Freedman**: jeremy.freedman@dinsmore.com
- **Eric Gassman**: erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**: christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg:** efilings@ginsburglawgroup.com
- **Eric D Goldberg**: eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**: jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**: rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**: dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**: ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**: ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**: b.holman@musickpeeler.com
- **Richard L. Hyde**: richard@amintalati.com
- **Peter L Isola**: pisola@hinshawlaw.com

15

- **Razmig Izakelian:** razmigizakelian@quinnemanuel.com
- **Sweeney Kelly:** kelly@ksgklaw.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **Meredith King:** mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth:** nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Matthew A Lesnick:** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva:** bleyva@mayerbrown.com, 2396349420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman:** marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman:** mlieberman@lipsonneilson.com
- **Yosina M Lissebeck :** Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig:** mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March:** marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March:** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus:** bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly:** sarah.mattingly@dinsmore.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses:** gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola:** Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**: anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng**: queenie.k.ng@usdoj.gov
- **Keith C Owens:** kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel:** lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston:** rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com ,bankruptcydocket@seyfarth.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Daniel H Reiss:** dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**: ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Kevin Alan Rogers**: krogers@wellsmar.com

#41284965v1

- **Gregory M Salvato**: gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano**: jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**: Mstotaro@aol.com
- **Paul R Shankman**: PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**: zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Leslie Skorheim**: leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**: info@pfllc.com
- **Howard Steinberg**: steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**: astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**: Ocbkatty@aol.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**: sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**: JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Keith Barnett**: keith.barnett@troutman.com, kelley.wade@troutman.com
- **Bradford Barnhardt**: bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Michael T Delaney**: mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

<u>Debtor</u>:
The Litigation Practice Group P.C.
17542 17th St., Suite 100
Tustin, CA 92780

Ein Cap, Inc.
Attention: Russell Naftali, CEO
40 Wall Street, 23rd Floor, Suite 2304
New York, NY 10005

Ein Cap, Inc.
Attention: Russell Naftali, CEO
c/o The Corporation
40 Wall Street, 23rd Floor, Suite 2304
New York, NY 10005

3. <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u>

<u>**Served by email:**</u>
Ein Cap, Inc.
Artem Epishin
aepishin@eincap.com

17

#41284965v1

**Served by overnight Delivery (FedEx):**

United States Bankruptcy Court
Honorable Scott Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

18

#41284965v1