

**FILED & ENTERED**

**JAN 16 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor(s). | Case No.: 8:23-bk-10571-SC<br><br>CHAPTER 11<br><br>**ORDER RE: OBJECTION AND REQUEST TO VACATE THE COURT'S ORDER GRANTING TRUSTEE'S MOTION TO CONTINUE** |

The Court received the Objection filed on January 9, 2024 [Dk. 822]. The Objection (1) objects to the Court having decided the Trustee's Omnibus Motion for Order Continuing Hearings on the Motion for Allowance of Administrative Expense Claim Under 11 U.S.C. §503(B) ("Motion to Continue") [Dk. 816] without allowing Movants to file an opposition; (2) requests that the Court vacate the Order entered on January 8, 2024 [Dk. 818] granting the Motion to Continue [Dk. 818]; (3) requests that the Court re-decide Trustee's Motion to Continue; and (4) requests that the Court strike the Trustee's Status Report filed January 5, 2024 [Dk. 815]. The Court, having

considered the Objection, the relevant pleadings, and the docket as a whole, finds good cause to OVERRULE the Objection and DENY the relief sought in the Objection.

Movants have not demonstrated that the relief sought is warranted[1]. The Court reviewed the Trustee's Motion to Continue and noting that it was timely filed pursuant to Local Bankruptcy Rule 9013-1(m)(1), and that good cause existed, as well as in an effort to manage its own docket, granted the continuance[2]. As the Motion to Continue was granted, pursuant to Local Bankruptcy Rule 9013-1(m)(4), the Trustee's time for filing and serving opposing documents, as well as Movants' time for filing responsive documents, was automatically extended.

As for the Status Report [Dk. 815], and the statements that Han Trinh and Phuong (aka Jayde) Trinh are defendants, the Court is aware that Han Trinh and Phuong (aka Jayde) Trinh were dismissed as defendants from the adversary 8:23-ap-01046-SC on October 5, 2023 [Dk. 218]. Although the information provided within the Status Report was incorrect as to these parties' classification as defendants, this information was not considered by the Court when it granted the Motion to Continue; thus, such error by counsel was harmless[3].

///

---

[1] While labeled as an Objection and Request to Vacate, it is really a motion to alter or amend an order, and is therefore governed by FRBP 9023, which makes applicable FRCP 59.  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Movants have not met this standard.

[2] A court has broad discretion to manage its own calendar. *See, e.g., Agcaoili v. Gustafson*, 844 F.2d 620, 624 (9th Cir. 1988) ("A trial court has the power to control its own calendar."); *Mediterranean Enterprises, Inc. v. Ssangyong*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); *United States v. Gay*, 567 F.2d 916, 919 (9th Cir.) (district court has broad discretion as an aspect of its inherent right and duty to manage its own calendar), cert. denied, 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 90 (1978).

[3] See *Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 355 (9th Cir. BAP 2012) ("Generally speaking, we ignore harmless error."), aff'd, 604 F. App'x 552 (9th Cir. 2015).

Main Document    Page 3 of 3

The Objection is overruled and the requests that Court vacate the Order and re-decide the Motion to Continue and strike the Status Report are denied.

**IT IS SO ORDERED**.

Date: January 16, 2024

Scott C. Clarkson
United States Bankruptcy Judge