MEREDITH FAHN
1702-L Meridian Ave. #151
San Jose, CA 95125
Tel. (408)947-1512
fahn@sbcglobal.net

Self-represented Creditor in Pro Se

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re: | No. 8:23-bk-10571-SC |
|---|---|
| The Litigation Practice Group P.C., | Chapter 11 |
| Debtor. | **OBJECTION AND OPPOSITION TO MOTION FOR ORDER REJECTING CONSUMER CONTRACTS** |
| | Date: January 31, 2024<br>Time: 1:30 pm PST<br>Location: Courtroom 5C, 411 West Fourth St., Santa Ana, CA 92701 |

I, Meredith Fahn, do declare:

1. I am a creditor of LPG who has fully performed my part of the attorney-client agreement for debt relief legal representation.

2. I object to and oppose the bankruptcy trustee or the court approving the proposed rejection of my LPG contract from MLG's package. In view of the specific course of dealing and communications between myself and debtor LPG, the bankruptcy estate holds a continuing obligation to represent me in the

matters for which I contracted with LPG. Therefore, the exclusion or rejection of my contract with LPG is in bad faith, whim and/or caprice.

3. In the event that my contract is rejected, I have filed Claim 2382. Attached to Claim 2382 is a true and correct copy of my agreement with LPG and email communications I had with LPG. In particular, please see the email exchanges between Daniel March and me in February, 2023. See Claim 2382, Part 3 Attachment 2, at ECF pp. 31-41. I reference that filing to substantiate and support this declaration.

4. If my LPG contracted is not rejected, so that the bankruptcy estate will assume LPG's contractual obligations to me, I acknowledge that would be cause for rejection of my claim 2382. Alternatively, if the bankruptcy estate ensures completion of LPG's contractual obligations to me, I would be willing to withdraw my claim 2382.

5. However, and alternatively, I reserve my right to supplement my claim 2382 with interest, reliance damages, and a claim of bad faith and attorney malpractice, for which I should be entitled to compensatory and punitive damages. Further, I would supplement that claim with allegations of elder abuse, as the cumulative failures to perform contract and bad faith have caused financial problems in my household, and my husband was age 65 at the time LPG and I entered into a contract. And, he and I are both particularly vulnerable (and arguably disabled) due to very serious health conditions, which are exacerbated by the developments herein.

6. On February 9, 2023, I had a telephone conversation with Daniel March in which he personally assured me of continued representation. Among other things, in that conversation, after I relayed personal difficulties involving serious health problems that are related to my financial distress and reliance on the LPG contract, Mr. March guaranteed me continuing representation, including "in bankruptcy court"—which I found perplexing, because I am not interested in filing for bankruptcy, and at that time, had no idea that LPG was contemplating its own bankruptcy.

7. I referenced that February 9, 2023 telephone conversation in my email to Mr. March dated February 16, 2023, which he confirmed in reply that same day. See Claim 2382, Part 3 Attachment 2, at ECF p. 40.

8. LPG's failure to perform their contractual obligations to me, and proposed rejection of my contract from the bankruptcy estate, amounts to abandonment of a client who has fully performed. It also entails fraudulent statements of work that had been represented to have been completed; failure to provide documentation of that work when requested; and failure to respond to questions about the status of the account and of the representation. See Claim 2382, Part 3 Attachment 2, at ECF pp. 41-44.

9. There is no legitimate reason for MLG to reject my contract, or for the bankruptcy estate to abdicate LPG's outstanding contractual responsibilities to me, which appear to have been further guaranteed by fraud, all to my detrimental reliance. I paid LPG in full. LPG gave me repeated assurances that

3

they were representing me; acknowledgements that I had paid my legal fees in full and they would remain my counsel in the matters within the scope of the agreement.

10. My understanding from the earlier notice of sale was that, if I did nothing, my LPG contract would be assumed by MLG, who would then represent me in fulfillment of LPG's contractual obligations to me.  Since I had fully performed my end of the agreement, that made sense.  I thought the quantification of my contract as being zero (0) related to my having paid in full, owing nothing further, and that this meant that MLG was going to assume LPG's contractual obligations to me, and I would receive continued representation from MLG.

11. Further, during the Notice period—that is, Summer 2023—my husband had been diagnosed with two kinds of lymphoma for which he was receiving grueling cancer treatment involving a course of 5-6 hour infusions.  I was fully occupied with this very demanding situation, trying to care for him and also manage our household, and further, to manage my own law practice in which I represent indigent prisoners in court-appointed appeals.  Prior to my contract with LPG, I endured a serious incurable health crisis and, in order for me to stay working at my law practice to which I am and have been dedicated for more than 30 years, my husband retired and took over the household.  Thus, his lymphoma diagnosis and treatment, and our need for me to care for him and the household, were physically exhausting and consuming, as well as financially devastating.  We are recovering from all of that and not in a position to retain

4

new counsel. And, as for any error on my part in failing to object earlier, I request to be excused and submit that the equities at hand are most compelling.

12. I cannot believe that MLG has no licensed attorney in California, or any legitimate excuse, ethical or otherwise, to reject my contract. I have fully performed--that is, paid in full--for the promised representation. I detrimentally relied on the agreement and all that remains is the legal representation that is due and owing to me. I am not in a position to retain other counsel and do object to and oppose the proposed action of excluding my contract from MLG's package.

I swear under penalty of perjury that the foregoing is true and correct. Executed this 17th day of January, 2024.

                                        Respectfully submitted,

                                        /s/ Meredith Fahn
                                        Declarant and self-represented
                                        creditor in pro se

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____
OBJECTION AND OPPOSITION TO MOTION FOR ORDER REJECTING CONSUMER CONTRACTS
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/17/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   The Trustee, counsel for the Trustee, the Debtor, and the United States Trustee, all through NEF

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/17/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/17/2024 | Meredith Fahn | /s/Meredith Fahn |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

Served via email, from my regular email address of record, Fahn@sbcglobal.net, to the parties and counsel at their email addresses listed below:

kowens@roxrothschild.com

nkoffroth@foxrothschild.com

zshechtman@danninggil.com

jarmstrong@invictusadvisors.com

nancy.rapoport@unlv.edu

kenneth.m.misken@usdoj.gov

Richard A. Marshack, Chapter 11 Trustee
marshacktrustee@marshackhays.com
documents+marshack@txitrustee.com

Christopher B. Ghio christopher.ghio@dinsmore.com
Christopher Celentino christopher.celentino@dinsmore.com
Yosina M. Lissebeck yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
Special Counsel to Richard A. Marshack, Chapter 11 Trustee