Israel Orozco, Esq. (340722)
**ISRAEL OROZCO LAW PC**
700 E Date St, Unit 69
Brea, CA 92822
Tel:     (657) 468-9066
Fax:    N/A
israel@iolawcorp.com

*In Pro Per*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| The Litigation Practice Group P.C., | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(b)(1)(A)(i) AND § 105(a); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO** |
| | Hearing Date: The Original Hearing Date of <u>January 19, 2024 has been continued to February 29, 2024, at 11:00 a.m.</u>, to be treated as status conferences, pursuant to Dk. No. 818.<br>Time: 11:00 a.m.<br>Dept.: Courtroom 5C |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 11 TRUSTEE RICHARD MARSHACK, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Israel Orozco, ("Claimant"), files this motion, together with the accompanying Memorandum of Points and Authorities ("Motion") for an Order for Allowance of Administrative Expense Claim pursuant to Section 503(a)-(b)(1)(A)(i), and to

- 1 -

honor prepetition reimbursable employee business expenses pursuant to Section 105(a) of the Bankruptcy Code. The bases for the relief requested in this Motion are set forth in this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Israel Orozco, records and files herein, and on such evidence as may be presented at the hearing of this Motion.

Dated: January 20, 2024                              **Israel Orozco Law PC**

                                                     /s/ Israel Orozco
                                           Israel Orozco, Esq.
                                           *In Pro Per*

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On March 20, 2023 ("Petition Date"), The Litigation Practice Group PC ("Debtor") commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. From the commencement of the Petition Date, Debtor initially operated as debtor in possession. On May 8, 2023, this Court appointed Mr. Richard A. Marshack as trustee ("Trustee") for Debtor's estate. Trustee continues to operate Debtor's business and manage its financial affairs.

Prior to Debtor's Petition Date and continuing until August 4, 2023 Debtor's consumer clients ("Clients") were still in need of crucial legal representation in pending cases. From the Petition Date (even prepetition), until August 4, 2023, Israel Orozco ("Claimant") provided legal services and representation to Debtor's Clients that were necessary and actual to preserve the value of Debtor's estate. Claimant provided legal services in California state courts, as well as in federal courts within California for Clients that were pursuing causes of action against creditors and/or debt collectors under the Fair Debt Collection Practice Act ("FDCPA") or the Rosenthal Act ("Rosenthal").

Had Claimant not continued to provide legal services and representation to Debtor's Clients, said clients would have been irreparably harmed during the pendency of their cases, and Debtor's estate would have also been irreparably harmed. However, due to the continued necessary and actual legal services and representation provided by Claimant, as well as with the continued legal services provided by various local counsels across the nation, the value Debtor's estate was able preserved and subsequently sold to Morning Law Group PC. Accordingly, Debtor's estate benefitted from Claimant's legal services and representation provided to Debtor's Clients.

///

///

///

## II. STATEMENT OF FACTS

From August 2021, until August 4, 2023[1] (*See* Declaration of Israel Orozco (Orozco Decl., attached herewith, ¶ 1), Claimant was employed (W-2 status) by Debtor as an attorney providing legal services to Debtor's Clients. Orozco Decl. ¶ 2. The services provided included legal representation in California state courts to defend lawsuits brought by creditors and/or debt collectors against Clients. Decl. *Id*. Further, a separate part of Debtor's practice area involved claims brought by Client's against creditors and/or debt collectors under the FDCPA, or under Rosenthal. Orozco Decl. ¶ 3. A former employee and attorney for Debtor, Richard Meier, was the lead attorney in this practice areas. This practice area was operated by Mr. Meier, as well as two other attorneys: Ms. Ina Meier, and Mr. Anthony Diehl. Orozco Decl. *Id*.

However, Mr. Meier abruptly left the firm on February 9, 2023, providing only three days' notice that he was leaving. Claimant was informed by Mr. Meier of his resignation by email on that same day. Ms. Ina Meier abruptly left a short time before Mr. Meier. Mr. Diehl, left on February 24, 2023, providing approximately a one-week notice that he too was leaving. After these three attorneys left, Claimant was the only attorney in Debtor's California office in Tustin to handle these FDCPA and Rosenthal matters.[2] Orozco Decl. ¶ 4.

On March 13, 2023, Claimant received his final paycheck from Debtor. Orozco Decl. ¶ 5. A true and correct copy of Claimant's paystub from Debtor (through Paychex) is attached hereto as Exhibit "A". Orozco Decl. *Id*. From the Petition Date until March 26, 2023, Claimant received compensation from Oakstone Law Group PC ("Oakstone") for legal services that were necessary and actual to preserve the estate of Debtor. Orozco Decl. *Id*. However, Claimant continued providing legal services and representation for Debtor's Clients at Debtor's office in

---

[1] As of August 4, 2023, to the present moment, Claimant has been retained (1099 status) by Morning Law Group PC as an attorney providing legal representation to now Debtor's former Clients.

[2] Debtor's local counsel in other jurisdictions would also provide legal services and representation with respect to FDCPA claims (and related state law) under their respective jurisdictions, while under the supervision of Mr. Meier.

- 4 -

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

Tustin. Orozco Decl. *Id*. Claimant was informed by representations made by Debtor's managing attorney, Daniel S. March ("Mr. March"), towards the middle of March 2023, that Claimant should continue providing legal services and representation for Debtor's Clients. Orozco Decl. ¶ 6. Mr. March stated to Claimant that Debtor was expected to continue running its operations for approximately a year. Orozco Decl. *Id*. All Clients handled by Claimant during this time still retained Debtor as their attorney of record in pending litigation. Orozco Decl. *Id*. Claimant continued to work out of Debtor's office in Tustin until the middle of May 2023. Orozco Decl. *Id*.

From the Petition Date until May 6, 2023, Claimant received compensation from Greyson Law Center PC ("Greyson"), for legal services that were necessary and actual to preserve the estate of Debtor. Orozco Decl. ¶ 7. On May 12, 2023, Claimant received his final paycheck from Greyson. Orozco Decl. *Id*. A true and correct copy of Claimant's paystub from Greyson (through Paychex) is attached hereto as Exhibit "B". All Clients handled by Claimant during this time still retained Debtor as their attorney of record in pending litigation. Orozco Decl. *Id*. From May 7, 2023, to the Sale Date—***thirteen full weeks***—Claimant continued to provide legal services that were necessary and actual to preserve the estate of Debtor, without compensation. Orozco Decl. ¶ 8.

Prepetition, Claimant received an annual salary of $164,000.00 from Debtor. Orozco Decl. ¶ 9. Claimant further retained that same compensation during his brief tenure at Oakstone, and subsequently at Greyson. Orozco Decl. *Id*. The total postpetition value of Claimant's legal services for unpaid wages provided to Debtor from May 7, 2023, to the Sale Date is **$41,000.05**. *See* Exhibits "A" and "B". Orozco Decl. *Id*.

Additionally, from Claimant's personal funds, Claimant paid *postpetition* business expenses that were necessary and actual to preserve the estate of Debtor. Orozco Decl. ¶ 10. The total *postpetition* value of Claimant's reimbursable business expenses provided to Debtor is **$4,240.83**, for the following expenses incurred by Claimant on behalf of Debtor's Clients: (i) One Legal Expenses **($2,999.90)**; (ii) CourtCall **($144.00)**; (iii) Mailing & Shipping **($86.85)**;

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

(iv) Direct Court Reservations **($61.65)**; (v) Bar Admissions Fees **($317.00)**; (vi) DocuSign **($300.00)**; and (vii) Work Travel **($331.43)**. Orozco Decl. *Id*. True and correct copies of Claimant's postpetition reimbursable business expenses provided to Debtor are attached hereto collectively as Exhibits "C, "D", "E", "F", "G", "H", and "I", respectively. Orozco Decl. *Id*.

Further, ***prior*** to the Petition Date (From August 2021 to the Petition Date), Claimant was employed by Debtor as a W-2 attorney to provide legal services and representation to Debtor's Clients in the ordinary course of business. Orozco Decl. ¶ 11. On or around late January 2023 to February 2023, Debtor experienced difficulty paying Claimant on time (as well as other attorneys and office staff) and was further unable to provide Claimant with a substitute business credit card of Debtor to be used for necessary and actual legal expenses. Orozco Decl. *Id*.

During this time, from Claimant's personal funds, Claimant paid ***prepetition*** reimbursable business expenses that were necessary and actual to preserve the estate of Debtor. Orozco Decl. ¶ 12. The total ***prepetition*** value of Claimant's reimbursable business expenses provided to Debtor is **$12,917.80**, for the following expenses incurred by Claimant on behalf of Debtor's Clients: (i) One Legal Expenses **($6,766.48)**; (ii) MyCase **($1,602.31)**; (iii) CourtCall **($72.00)**; (iv) Westlaw **($760.80)**; (v) Court Documents **($22.40)**; (vi) Bar Admission Fees **($200.00)**. ); (vii) and Work Travel expenses **($339.82)**. Orozco Decl. *Id*. True and correct copies of Claimant's reimbursable business expenses provided to Debtor are attached hereto collectively as Exhibits "J", "K", "L", "M", "N", "O", and "P", respectively. Orozco Decl. *Id*.

### III. RELIEF REQUESTED

By this Motion, Claimant seeks entry of an Order by this Court allowing Claimant to recover (i) postpetition wages and postpetition reimbursable employee business expenses pursuant to Section 503(b)(1)(A)(i), and (ii) to honor prepetition reimbursable business expenses pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code. Currently, Claimant has accrued (i) **$41,000.05** in ***postpetition*** wages, which remains unpaid, owed over the course of thirteen weeks—from May 7, 2023, to the Sale Date; plus (ii) **$4,240.83** on account of

- 6 -
NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF
ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

*postpetition* employee reimbursable business expenses; plus (iii) **$12,917.81** on account of prepetition employee reimbursable business expenses; for a grand total of **$58,158.84**.

### A. Wages, Salaries, and Compensation.

Debtor paid Claimant on a bi-weekly basis, every other Friday, one to three weeks in arrears, for a gross bi-weekly amount of **$6307.70**, based on an annual salary of $164,000.00. *See* Exhibits "A" and "B". Orozco Decl. ¶ 13.

### B. Reimbursable Expenses.

Prior to the Petition Date, Debtor reimbursed Claimant for reasonable and customary expenses incurred on behalf of Debtor in the scope of Claimant's employment, including, but not limited to, court filing costs, remote appearance costs (when applicable), mailing and shipping costs, bar admission costs, and travel expenses. Orozco Decl. ¶ 14.

Additionally, Claimant was issued a business credit card by Debtor, which was used to incur Reimbursable Expenses. Orozco Decl. ¶ 15. However, on or around late January 2023 to February 2023, Debtor experienced difficulty paying Claimant on time and was further unable to provide Claimant with a substitute business credit card to be used for necessary and actual legal expenses. Orozco Decl. *Id*. In order to properly continue the legal representation of Debtor's Clients, Claimant was forced to use personal credit cards for necessary and actual legal expenses. Orozco Decl. *Id*. This was done on Mr. March's representation to Claimant that Debtor was expected to continue running its operations for approximately a year, and at no time prior to the Petition Date was Claimant informed that Debtor was filing or contemplating filing this bankruptcy proceeding. Orozco Decl. *Id*.

### IV. BASIS FOR RELIEF

**A. Sufficient Cause Exists to Authorize and Honor Claimant's Administrative Claim Request for Relief for Unpaid Postpetition Wages and Reimbursable Business Expenses.**

Bankruptcy Code section 503 provides that an entity may timely file a request for payment of an administrative expense or may tardily file such request if permitted by the court for cause. 11 U.S.C. § 503(a)(2). Further, section 503(b)(1)(A) provides that "[a]fter notice and

a hearing, there shall be allowed administrative expenses, …, including the actual, necessary costs and expenses of preserving the estate including wages, salaries, and commissions for services rendered after the commencement of the case[.] 11 U.S.C. § 503(b)(1)(A)(i). The list of kinds of expenses qualifying for administrative expense priority under § 503(b)(1), however, is neither exhaustive nor complete. *See In re Lazar*, 207 B.R. 668, 674 (Bankr. C.D. Cal. 1997).

Section 507(a)(2) of the Bankruptcy Code provides that allowed administrative expense claims under section 503(b) have priority. 11 U.S.C. § 507(a)(2). A request for priority payment of an administrative expense pursuant to section 503(b) qualifies if it arose post-petition and results in a direct benefit to the estate. *In re Globe Metallurgical, Inc.*, 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004) (allowing administrative expense claim for post-petition services); *In re Adelphia Business Solutions, Inc.*, 296 B.R. 656, 665 (Bankr. S.D.N.Y. 2003) (finding creditors are entitled to an administrative expense claim for post-petition services that have been induced and accepted by a debtor-in-possession). A creditor claiming administrative expense treatment must show that (i) the claim arose post-petition, (ii) the claim arose from a transaction with the trustee or that the creditor gave consideration to the trustee or the estate, and (iii) there was a direct and substantial benefit to the estate. *See, e.g., In re DAK Indus., Inc*. 66 F.3d 1091, 1094 (9th Cir. 1995); *In re Abercrombie*, 139 F.3d 755, 757 (9th Cir. 1998).

As stated above, from the Petition Date (even prepetition), until August 4, 2023, Claimant provided legal services and representation to Debtor's Clients that were necessary and actual to preserve the value of Debtor's estate. Orozco Decl. ¶ 16. Claimant provided legal services in California state courts, as well as in federal courts within California for Clients that were pursuing causes of action against creditors and/or debt collectors under the FDCPA or Rosenthal. Orozco Decl. *Id*. Thus, Debtor has directly benefitted from Claimant's services. Orozco Decl. *Id*.

Had Claimant not continued to provide legal services and representation to Debtor and Debtor's Clients, said clients would have been irreparably harmed during the pendency of their cases. Orozco Decl. ¶ 17. Thus, Debtor's estate benefitted from Claimant's legal services

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

provided to Debtor's Clients. Orozco Decl. *Id*. Moreover, Claimant continued to provide legal representation to Debtor's Clients after informing Trustee (through his counsel) of the crucial legal representation needed for pending lawsuits and thereby inducing Claimant to perform Claimant's legal obligations. Orozco Decl. *Id*. *See In re Adelphia*, 296 B.R. at 665 (the inducement analysis is intended to "require administrative expense treatment where the post-petition benefit is knowingly accepted and desired, post-petition, by the post-petition debtor in possession.") (citing *In re Jartan, Inc*., 732 F.2d 584, 587 (7th Cir. 1984)).

**B. Payment of Claimant's Prepetition Reimbursable Business Expenses[3] Is Warranted Under Sections 105(a) and 363(b) of the Bankruptcy Code.**

Courts generally acknowledge that it is appropriate to authorize the payment (or other special treatment) of prepetition obligations in appropriate circumstances. *See, e.g., Czyzewki v. Jevic Holding Corp*. 580 U.S. 451, at 467 (2017) (citing favorably to the entry of "first day orders" authorizing the payment of prepetition wages where doing so would, among other things, "enable a successful reorganization") In. authorizing payments of certain prepetition obligations, courts have relied on several legal theories, rooted in Bankruptcy Code sections 105(a), 363(b).

The Court may authorize Debtor to pay any prepetition amounts related to their policies pursuant to section 363(b) of the Bankruptcy Code. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims where a sound business purpose exists for doing so. *See, e.g., In re Adams Apple*, 829 F.2d 1484, 1490 (9th Cir. 1987) (stating that "fundamental tenet" of rehabilitation of debtors "may supersede

---

[3] By this Motion, Claimant is only seeking an allowance for prepetition reimbursable expenses, ***but not for prepetition wages***. On July 6, 2023, Claimant filed a Proof of Claim, *See* Claim No. 104-1, which will be amended to reflect necessary changes concerning prepetition wages owed (if any).

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

the policy of equal treatment" and noting examples of unequal treatment of prepetition debts permitted where necessary for rehabilitation); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to justify payment of prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc.*, (*In re James A. Phillips, Inc.*), 29 B.R. 391, 397 (Bankr. S.D.N.Y. 1983) (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).

In addition, the Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Bankruptcy Code section 105(a), which codifies the inherent equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), courts may permit preplan payments of prepetition obligations when essential to the continued operation of the debtor's business. Specifically, this Court may use its power under Bankruptcy Code section 105(a) to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *See In re Wehrenherg, Inc.*, 260 B.R. 468, 469 (Bankr. E.D. Mo. 2001) ("Pursuant to 11 U.S.C. § 105(a) the Court may authorize the payment of prepetition claims when such payments are necessary to the continued operation of the Debtor.") (citation omitted); *see also In re NVR L.P.*, 147 B.R. 126, 127-28 (Bankr. E.D. Va. 1992).

Courts also have permitted postpetition payment of prepetition claims pursuant to Bankruptcy Code section 105(a) in other situations, such as if nonpayment of a prepetition obligation would trigger a withholding of goods or services essential to the debtors' continued business operations in chapter 11. *See In re UNR Indus., Inc.*, 143 B.R. 506, 520 (Bankr. N.D. Ill. 1992) (permitting the debtor to pay prepetition claims of suppliers or employees whose continued cooperation is essential to the debtors' successful reorganization); *Ionosphere Clubs*, 98 B.R. 174, 177 (finding that Bankruptcy Code section 105 empowers bankruptcy courts to

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor).

This flexible approach is particularly critical where a prepetition creditor—like Claimant, here—provides vital goods or services to a debtor that would be unavailable if the debtor did not satisfy its prepetition obligations. *In In re Structurlite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988), the bankruptcy court stated it "may exercise its equity powers under §105(a) to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately.'" *Id*. The court explained that "a per se rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code." *Id*. at 932.

Claimant relied exclusively on Claimant's compensation and reimbursement of expenses from Debtor to satisfy Claimant's daily living expenses. Orozco Decl. ¶ 18. Consequently, Claimant had been exposed to significant financial difficulties due to last being compensated by Greyson on May 12, 2023, *see* Exhibit "B", and then only receiving compensation from Morning Law Group on October 13, 2023, all while Claimant used personal funds and credit cards in order to be able to continue legal representation of Debtor's Clients. Orozco Decl. *Id*.

For all of the foregoing reasons, the relief requested herein directly benefitted Debtor's estate by allowing Debtor's business operations to continue without interruption. The importance of a debtor's employees to its operations has been recognized by courts in granting relief similar to the relief requested herein. *See, e.g., In re Fili Enters., Inc*., Case No. 10-00324 (PB) (Bankr. S.D. Cal. Jan. 11, 2010); *In re Roman Catholic Bishop of San Diego*, Case No. 07-0939 (LA) (Bankr. S.D. Cal. Feb. 27, 2007); *see also In re Walking Company*, Case No. 09-15138 (RR) (Bankr. C.D. Cal. Dec. 14, 2009); *In re Woodside Group, LLC*, Case No. 08-20682 (PC) (Bankr. C.D. Cal. Sept. 19, 2008); *In re Visteon Corp*., Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Masonite Corp*., Case No. 09-10844 (PJW) (Bankr. D. Del. Apr.

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

14, 2009); *In re Portola Packaging, Inc*., Case No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008); *In re Hines Horticulture, Inc*., Case No. 08-11922 (KJC) (Bankr. D. Del. Aug. 22,2008); In re Pierre Foods Inc., Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008); In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008).

### C. Sufficient Cause Exists to for This Court to Permit Claimant to Tardily File This Request for Relief.

Bankruptcy Code section 503 provides that an entity may timely file a request for payment of an administrative expense or may tardily file such request if permitted by the court for cause. 11 U.S.C. § 503(a)(2). On November 21, 2023, Claimant, and other attorneys formerly associated with Debtor or Phoenix Law, received an email from the Trustee. Orozco Decl. ¶ 19. In the email, Trustee informed Claimant that many of us had reached out as we were confused about the process in filing a motion for an allowance of an administrative claim. Orozco Decl. *Id*.

Claimant has never filed such a claim before. Orozco Decl. ¶ 20. Further, the email states that the "Trustee recognizes the benefit conferred on the consumer clients during a period of time that involved much uncertainty, Trustee is stipulating with the Official Committee of Unsecured Creditors to extend the deadline for the filing of these motions for this group of attorneys." Orozco Decl. *Id*. Claimant were then advised that Claimant would receive a notice and a form requesting certain information, and to contact Ms. Pam Kraus in her capacity as Trustee's administrator with any questions. Orozco Decl. *Id*.

On November 22, 2023, Claimant emailed Ms. Kraus back whether Claimant needed to file a separate stipulation for extension, or whether the stipulation with the Committee of Unsecured Creditors would take care of that. Orozco Decl. ¶ 21. On November, 29, 2023, Ms. Kraus responded back, stating that Claimant "… will receive further instructions." Orozco Decl. ¶ 22. Claimant did not receive further instructions or guidance on when or whether that stipulation was filed by the Trustee. Orozco Decl. *Id*. A true and correct copy of the email

NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO

exchange between Trustee (and his is team) is attached hereto as Exhibit "Q". Orozco Decl. *Id*.

On January 5, 2024, Trustee filed its Omnibus Motion for Order that (1) Initial Hearings be Status Conferences; and (2) to Continue Hearings on Merits of Motions for Allowance of Administrative Expense Claim Under 11 U.S.C. §503(b). Dk. No. 816. Stating the reason for good cause to continue the January 19, 2023, Trustee correctly asserts the additional need for a continuance to address the merits of each administrative claim filed. *Id*. Pg. 5:24 to Pg. 6:2. Trustee further requested this Court "continue the hearings on the merits for approximately 60 days." *Id*. Pg. 6:13-15. A true and correct copy of Dk. No. 816 is attached hereto as Exhibit "R".

On January 8, 2024, this Court filed its Order Granting Trustee's Omnibus Motion for Order Continuing Hearings on the Motions for Allowance of Administrative Expense Claim Under 11 U.S.C. §503(b)—with changes made by the Court, granting Trustee's motion, in part. Dk. No. 818. There, the Court ordered that "The initial hearings on all matters are continued to February 29, 2024, at 11:00 a.m. and will be treated as status conferences. The continuance will permit the parties to continue the voluntary exchange of documents for the purposes of analyzing claims and defenses." *Id*. ¶ 2. A true and correct copy of Dk. No. 818 is attached hereto as Exhibit "S".

## V. CONCLUSION.

WHEREFORE, Claimant respectfully requests the Court enter an order in the form substantially attached hereto as Exhibit "T" (i) granting this Motion; (ii) authorizing and allowing Claimant an administrative expense claim in the amount of **$58,158.84**; (iii) directing the immediate payment of the Claim to Claimant; and (iv) for any other relief the Court deems just and proper under the circumstances. A true and correct copy of the Proposed Order is attached hereto as Exhibit "T".

Dated: January 20, 2024        **Israel Orozco Law PC**

/s/ Israel Orozco
Israel Orozco, Esq.
*In Pro Per*

- 13 -
NOTICE OF MOTION AND MOTION OF ISRAEL OROZCO FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM, PURSUANT TO § 503(B)(1)(A)(I) AND § 105(A); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISRAEL OROZCO