Israel Orozco, Esq. (340722)
**ISRAEL OROZCO LAW PC**
700 E Date St, Unit 69
Brea, CA 92822
Tel:   (657) 468-9066
Fax:   N/A
israel@iolawcorp.com

*In Pro Per*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| The Litigation Practice Group P.C., | Chapter 11 |
| Debtor. | **DECLARATION OF ISRAEL OROZCO, IN SUPPORT FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM** |
| | Hearing Date: February 29, 2024<br>Time: 11:00 a.m.<br>Dept.: Courtroom 5C |

I, Israel Orozco declare as follows:

I am an attorney at law, duly licensed to practice law under the Laws of the State of California, as well as in the Central District of California. I am the owner of Israel Orozco Law PC. This declaration is in support of my Motion for an Order for Allowance of Administrative Expense Claim in the above-captioned case. I make the following facts to be true and based upon my personal knowledge, except as otherwise stated. If required, I would competently testify with respect to the facts herein.

1. From August 4, 2024, to the present moment, I have been retained (1099 status) by Morning Law Group PC as an attorney providing legal services to now Debtor's former clients.

- 1 -
DECLARATION OF ISRAEL OROZCO, IN SUPPORT FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

2. From August 2021, until August 4, 2023, I was employed (W-2 status) by The Litigation Practice Group PC ("Debtor") as an attorney providing legal services to Debtor's clients. The services provided included legal representation in California state courts to defend lawsuits brought by creditors and/or debt collectors against clients. I provided legal services in California state courts, as well as in federal courts within California for clients that were pursuing causes of action against creditors and/or debt collectors under the Fair Debt Collection Practice Act ("FDCPA") or the Rosenthal Act ("Rosenthal").

3. Further, a separate part of Debtor's practice area involved claims brought by clients against creditors and/or debt collectors under the FDCPA, or under Rosenthal. A former employee and attorney for Debtor, Richard Meier, was the lead attorney in this practice areas. This practice area was operated by Mr. Meier, as well as two other attorneys: Ms. Ina Meier, and Mr. Anthony Diehl.

4. However, Mr. Meier abruptly left the firm on February 9, 2023, providing only three days' notice that he was leaving. I was informed by Mr. Meier of his resignation by email on that same day. Ms. Ina Meier abruptly left a short time before Mr. Meier. Mr. Diehl, left on February 24, 2023, providing approximately a one-week notice that he too was leaving. After these three attorneys left, I was the only attorney in Debtor's California office in Tustin to handle these FDCPA and Rosenthal matters.

5. On March 13, 2023, I received my final paycheck from Debtor. A true and correct copy of my paystub from Debtor (through Paychex) is attached hereto as Exhibit "A". From the Petition Date until March 26, 2023, I received compensation from Oakstone Law Group PC ("Oakstone") for legal services that were necessary and actual to preserve the estate of Debtor. However, I continued providing legal services and representation for Debtor's clients at Debtor's office in Tustin.

6. I was informed by representations made by Debtor's managing attorney, Daniel S. March ("Mr. March"), towards the middle of March 2023, that I should continue providing legal services and representation for Debtor's clients. Mr. March stated to me that Debtor was

- 2 -
DECLARATION OF ISRAEL OROZCO, IN SUPPORT FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

expected to continue running its operations for approximately a year. All clients handled by me during this time still retained Debtor as their attorney of record in pending litigation. I continued to work out of Debtor's office in Tustin until the middle of May 2023.

7. From the Petition Date until May 6, 2023, I received compensation from Greyson Law Center PC ("Greyson"), for legal services that were necessary and actual to preserve the estate of Debtor. On May 12, 2023, I received my final paycheck from Greyson. A true and correct copy of my paystub from Greyson (through Paychex) is attached hereto as Exhibit "B". All clients handled by me during this time still retained Debtor as their attorney of record in pending litigation.

8. From May 7, 2023, to the Sale Date—***thirteen full weeks***—I continued to provide legal services that were necessary and actual to preserve the estate of Debtor, without compensation.

9. Prepetition, I received an annual salary of $164,000.00 from Debtor. I further retained that same compensation during my brief tenure at Oakstone, and subsequently at Greyson. The total postpetition value of my legal services for unpaid wages provided to Debtor from May 7, 2023, to the Sale Date is **$41,000.05**. *See* Exhibits "A" and "B".

10. Additionally, from my personal funds, I paid *postpetition* business expenses that were necessary and actual to preserve the estate of Debtor. The total *postpetition* value of my reimbursable business expenses provided to Debtor is **$4,240.83**, for the following expenses incurred by I on behalf of Debtor's clients: (i) One Legal Expenses **($2,999.90)**; (ii) CourtCall **($144.00)**; (iii) Mailing & Shipping **($86.85)**; (iv) Direct Court Reservations **($61.65)**; (v) Bar Admissions Fees **($317.00)**; (vi) DocuSign **($300.00)**; and (vii) Work Travel **($331.43)**. True and correct copies of my postpetition reimbursable business expenses provided to Debtor are attached hereto collectively as Exhibits "C, "D", "E", "F", "G", "H", and "I", respectively.

11. Further, ***prior*** to the Petition Date (From August 2021 to the Petition Date), I was employed by Debtor as a W-2 attorney to provide legal services and representation to Debtor's clients in the ordinary course of business. On or around late January 2023 to February

DECLARATION OF ISRAEL OROZCO, IN SUPPORT FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

2023, Debtor experienced difficulty paying I on time (as well as other attorneys and office staff) and was further unable to provide I with a substitute business credit card of Debtor to be used for necessary and actual legal expenses.

12. During this time, from my personal funds, I paid *prepetition* reimbursable business expenses that were necessary and actual to preserve the estate of Debtor. The total *prepetition* value of my reimbursable business expenses provided to Debtor is **$12,917.80**, for the following expenses incurred by I on behalf of Debtor's clients: (i) One Legal Expenses (**$6,766.48**); (ii) MyCase (**$1,602.31**); (iii) CourtCall (**$72.00**); (iv) Westlaw (**$760.80**); (v) Court Documents (**$22.40**); (vi) Bar Admission Fees (**$200.00**). ); (vii) and Work Travel expenses (**$339.82**). True and correct copies of my reimbursable business expenses provided to Debtor are attached hereto collectively as Exhibits "J", "K", "L", "M", "N", "O", and "P", respectively.

13. Debtor paid I on a bi-weekly basis, every other Friday, one to three weeks in arrears, for a gross bi-weekly amount of **$6307.70**, based on an annual salary of $164,000.00. *See* Exhibits "A" and "B".

14. Prior to the Petition Date, Debtor reimbursed I for reasonable and customary expenses incurred on behalf of Debtor in the scope of my employment, including, but not limited to, court filing costs, remote appearance costs (when applicable), mailing and shipping costs, bar admission costs, and travel expenses.

15. Additionally, I was issued a business credit card by Debtor, which was used to incur Reimbursable Expenses. However, on or around late January 2023 to February 2023, Debtor experienced difficulty paying me on time and was further unable to provide me with a substitute business credit card to be used for necessary and actual legal expenses. In order to properly continue the legal representation of Debtor's clients, I was forced to use personal credit cards for necessary and actual legal expenses. This was done on Mr. March's representation to me that Debtor was expected to continue running its operations for approximately a year, and at no time prior to the Petition Date was I informed that Debtor was filing or contemplating

DECLARATION OF ISRAEL OROZCO, IN SUPPORT FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

filing this bankruptcy proceeding.

16. As stated above, from the Petition Date (even prepetition), until August 4, 2023, I provided legal services and representation to Debtor's clients that were necessary and actual to preserve the value of Debtor's estate. I provided legal services in California state courts, as well as in federal courts within California for clients that were pursuing causes of action against creditors and/or debt collectors under the FDCPA or Rosenthal. Thus, Debtor has directly benefitted from my services.

17. Had I not continued to provide legal services and representation to Debtor and Debtor's clients, said clients would have been irreparably harmed during the pendency of their cases. Thus, Debtor's estate benefitted from my legal services provided to Debtor's clients. Moreover, I continued to provide legal representation to Debtor's clients after informing Trustee (through his counsel) of the crucial legal representation needed for pending lawsuits and thereby inducing me to perform my legal obligations.

18. I relied exclusively on my compensation and reimbursement of expenses from Debtor to satisfy my daily living expenses. Consequently, I had been exposed to significant financial difficulties due to last being compensated by Greyson on May 12, 2023, *see* Exhibit "B", and then only receiving compensation from Morning Law Group on October 13, 2023, all while I used personal funds and credit cards in order to be able to continue legal representation of Debtor's clients.

19. On November 21, 2023, I, and other attorneys formerly associated with Debtor or Phoenix Law, received an email from the Trustee. In the email, Trustee informed me that many of us had reached out as we were confused about the process in filing a motion for an allowance of an administrative claim.

20. I have never filed such a claim before. Further, the email states that the "Trustee recognizes the benefit conferred on the consumer clients during a period of time that involved much uncertainty, Trustee is stipulating with the Official Committee of Unsecured Creditors to extend the deadline for the filing of these motions for this group of attorneys." I was then

- 5 -
DECLARATION OF ISRAEL OROZCO, IN SUPPORT FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

advised that I would receive a notice and a form requesting certain information, and to contact Ms. Pam Kraus in her capacity as Trustee's administrator with any questions.

21. On November 22, 2023, I emailed Ms. Kraus back whether I needed to file a separate stipulation for extension, or whether the stipulation with the Committee of Unsecured Creditors would take care of that.

22. On November, 29, 2023, Ms. Kraus responded back, stating that I "… will receive further instructions." I did not receive further instructions or guidance on when or whether that stipulation was filed by the Trustee. A true and correct copy of the email exchange between Trustee (and his is team) is attached hereto as Exhibit "Q".

23. On January 5, 2024, Trustee filed its Omnibus Motion for Order that (1) Initial Hearings be Status Conferences; and (2) to Continue Hearings on Merits of Motions for Allowance of Administrative Expense Claim Under 11 U.S.C. §503(b). Dk. No. 816. Stating the reason for good cause to continue the January 19, 2023, Trustee correctly asserts the additional need for a continuance to address the merits of each administrative claim filed. *Id*. Pg. 5:24 to Pg. 6:2. Trustee further requested this Court "continue the hearings on the merits for approximately 60 days." *Id*. Pg. 6:13-15. A true and correct copy of Dk. No. 816 is attached hereto as Exhibit "R".

24. On January 8, 2024, this Court filed its Order Granting Trustee's Omnibus Motion for Order Continuing Hearings on the Motions for Allowance of Administrative Expense Claim Under 11 U.S.C. §503(b)—with changes made by the Court, granting Trustee's motion, in part. Dk. No. 818. There, the Court ordered that "The initial hearings on all matters are continued to February 29, 2024, at 11:00 a.m. and will be treated as status conferences. The continuance will permit the parties to continue the voluntary exchange of documents for the purposes of analyzing claims and defenses." *Id*. ¶ 2. A true and correct copy of Dk. No. 818 is attached hereto as Exhibit "S".

///

///

- 6 -
DECLARATION OF ISRAEL OROZCO, IN SUPPORT FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

25. WHEREFORE, I respectfully requests the Court enter an order in the form substantially attached hereto as Exhibit "T" (i) granting this Motion; (ii) authorizing and allowing I an administrative expense claim in the amount of $58,158.84; (iii) directing the immediate payment of the Claim to I; and (iv) for any other relief the Court deems just and proper under the circumstances. A true and correct copy of the Proposed Order is attached hereto as Exhibit "T".

I, declare, under penalty of perjury, under the laws of the State of California, that the foregoing is correct and true.

Dated: January 20, 2024  **Israel Orozco Law PC**

/s/ Israel Orozco
Israel Orozco, Esq.
*In Pro Per*