1    Ashlee Colonna Cohen, Esq. (NY State Bar 5194394)

2    *Pro Se*

3    861 Manhattan Ave., Suite 20

4    Brooklyn, New York 11222

5    917-740-2077

6    ashlee@colonnacohenlaw.com

7    Colonna Cohen Law, PLLC

8    New York Counsel to Debtor

9

**FILED**

**JAN 26 2024**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

10                    **UNITED STATES BANKRUPTCY COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

12

13    In Re:                                Case No.: 8:23-bk-10571-SC

14    THE LITIGATION PRACTICE GROUP P.C.    Chapter 11

15          Debtor.

16

17    <u>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**</u>

18    <u>**TRUSTEE'S MOTION FOR TURNOVER PURSUANT TO 11 U.S.C. § 542(e)**</u>

19

20

21

22

23

1

## Contents

2    I.    INTRODUCTION .................................................................................................. 3

3    II.   RELEVANT FACTS .............................................................................................. 4

4       A.  Pre-Petition Legal Services ................................................................................ 4

5       B.  Post-Petition Events ........................................................................................... 5

6    III.  ARGUMENT ......................................................................................................... 9

7       A.  Trustee Had the Power to Employ Cohen Law ................................................... 9

8       B.  State Law Determines the Validity of Attorney's Liens ................................... 10

9       C.  New York Permits Retaining Liens on Client Files ......................................... 10

10      D.  Attorney's Retaining Liens Survives Bankruptcy ............................................11

11      E.  If the Documents Benefit the Estate, Attorney Should Be Granted a Superior Lien ......... 12

12      F.  The Documents Will Benefit the Estate ............................................................ 13

13      G.  If the Court Directs Cohen Law to Turnover the Documents, the Court is Required to

14      Grant Cohen Law a Priority Lien Which Must Be Satisfied Before The Estate's Assets Are

15      Distributed to Creditors .................................................................................... 13

16      H.  Exception to Rule Does Not Apply .................................................................. 14

17   IV.   CONCLUSION .................................................................................................... 15

18

19

20

21

## I. INTRODUCTION

On January 10, 2024, Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, a *Motion For Turnover of Records Pursuant To 11 U.S.C. § 542(e)* (the "Motion").

As set forth in the Memorandum and Declaration of Ashlee Colonna Cohen, Esq. ("Cohen Decl."), the Trustee, by way of its special counsel, Christopher Celentino and Yosina M. Lissebeck with Dinsmore & Shohl LLP ("Special Counsel"), demand that I, Ashlee Colonna Cohen, Esq. of Colonna Cohen Law, PLLC ("Cohen Law"), regarding its representation of Debtor in several New York actions, not only deliver virtually every single item in my possession relating to the Debtor[1], but provide additional post-petition legal services to the Trustee without retaining me as counsel for the Estate, or providing me with compensation for post-petition legal services.

As of the filing of this Motion, Cohen Law's legal bill for pre-petition services is still outstanding (proof of claim filed on August 10, 2023) and now Cohen Law is properly exercising its retaining lien on the Debtor's file in order to continue to secure its interest. Cohen Law is entitled to adequate protection of its interest in the Debtor's files. If Cohen Law is required to

---

[1] Specifically, the Trustee seeks an order that "all client files be turned over, including but not limited to names, contact information, client file management, communications, account information, letters, pleadings, discovery, communications, payment history, financial account information, credit reports, executed legal services contracts, ACH contracts, executed installment contracts, account balances, debts in dispute, payment history, file status, settlements, debt invalidations and/or any other information created, managed and stored electronically or physically related to Debtor and/or other aliases, agents or corporate entities affiliated with same; and such other and further relief as the Court deems just and proper."

1    turn the files over to the Trustee, the Court is obligated to protect Cohen Law's interest by

2    entering an order acknowledging that Cohen Law has a valid and superior lien in the Estate's

3    assets that must be paid first *before* the assets of the Estate are distributed to creditors in

4    accordance with § 64 of the Act (see also 11 U.S.C. § 104).

5    **II.    RELEVANT FACTS**

6        **A. Pre-Petition Legal Services**

7        I am the managing member of Colonna Cohen Law, PLLC ("Cohen Law"). I am a solo-

8    practitioner licensed to practice law in the State of New York. My firm is a New York

9    professional limited liability company specializing in alternative finance litigation, negotiation,

10    and resolution.

11        On or about August 2021, Cohen Law was retained by the Debtor to provide legal

12    services and help resolve approximately three (3) actions in New York.

| Case #<br>Received Date | eFiling Status<br>Case Status | Caption | Court<br>Case Type | Action |
|---|---|---|---|---|
| <u>521526/2021</u><br>08/23/2021 | Partial<br>Participation<br>Recorded<br>Pre-RJI | BRIDGE CAPITAL v. THE LITIGATION<br>PRACTICE GROUP PC D/B/A<br>LITIGATION PRACTICE GROUP et al | Kings County<br>Supreme Court<br>Other Matters -<br>Contract -<br>Other | <u>File</u> \| <u>Consent</u> |
| <u>610653/2021</u><br>08/19/2021 | Full Participation<br>Recorded<br>Active | FUNDURA CAPITAL GROUP v. BAT,<br>INC et al | Nassau County<br>Supreme Court<br>Other Matters -<br>Contract -<br>Other | <u>File</u> \| <u>Consent</u> |
| 608157/2021<br>06/28/2021 | Partial<br>Participation<br>Recorded<br>Disposed | BRIDGE FUNDING CAP LLC v. BAT,<br>INC et al | Nassau County<br>Supreme Court<br>Other Matters -<br>Contract - | File \| Consent |

13

14    Cohen Law's Retainer Agreement with the Debtor states, "[t]his Agreement shall be governed by

15    the law of the State of New York. Any litigation relating to this Agreement shall be filed in New

1    York. The parties agree that jurisdiction and venue is proper in New York." (Exhibit "A" for

2    proof of claim which contains the Retainer).

3        In October 2021, Cohen Law was retained by the Debtor to provide additional legal

4    services for the following cases:

| 531948/2021<br>12/14/2021 | Full Participation<br>Recorded<br>*Disposed* | BMF ADVANCE LLC v. THE LITIGATION PRACTICE<br>GROUP PC et al | Kings County<br>Supreme Court<br>*Commercial -<br>Contract* |
|---|---|---|---|
| 527528/2021<br>10/28/2021 | Full Participation<br>Recorded<br>*Disposed* | DIVERSE CAPITAL LLC v. THE LITIGATION PRACTICE<br>GROUP PC et al | Kings County<br>Supreme Court<br>*Commercial -<br>Contract* |
| 613192/2021<br>10/18/2021 | Full Participation<br>Recorded<br>*Stayed* | FUNDURA CAPITAL GROUP v. BAT, INC et al | Nassau County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |
| 613095/2021<br>10/14/2021 | Full Participation<br>Recorded<br>*Disposed* | COBALT FUNDING SOLUTIONS, LLC v. THE<br>LITIGATION PRACTICE GROUP PC et al | Nassau County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |
| 526087/2021<br>10/13/2021 | Partial<br>Participation<br>Recorded<br>*Pre-RJI* | COBALT FUNDING SOLUTIONS, LLC v. THE<br>LITIGATION PRACTICE GROUP PC et al | Kings County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |
| 612800/2021<br>10/07/2021 | Full Participation<br>Recorded<br>*Disposed* | LIBERTY FUND GROUP LLC v. THE LITIGATION<br>PRACTICE GROUP PC et al | Nassau County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |

5

6        Cohen Law provided legal services for the Debtor from August 2021 through the Petition

7    date (March 20, 2023). Cohen Law helped resolve all of the Debtor's New York actions before

8    the petition date, save for *Fundura Capital Group. v. BAT, Inc. et al,* Supreme Court Nassau

9    County, Index Number 613192/2021 ("Fundura Case"). Due to the bankruptcy petition, the

10   Fundura Case was stayed. However, the Debtor was due to file its Amended Complaint which

11   challenged the debt, the security interest, and the UCC that allegedly secured such debt—issues

12   the Trustee concedes are "critical" to the administration of the Estate. However, Cohen Law

13   maintains an outstanding pre-petition bill (Claim #204).

14        **B. Post-Petition Events**

1       On or about August 10, 2023, I reached out to the Trustee as I had never heard from them

2   after the petition was filed. I emailed Special Counsel Christopher Celentino

3   (christopher.celentino@dinsmore.com) regarding the Debtor and Cohen Law's outstanding bill.

4   Mr. Celentino directed me to file a proof of claim for pre-petition legal services on August 11,

5   2023. I thanked him on August 14, 2023, and told him to reach out if he needed more

6   information.

7       On August 24, 2023, I emailed Mr. Celentino again and advised him that there is still one

8   active case in New York where I represent the Debtor (the Fundura Case). I asked him "*[w]hat is

9   the plan regarding this action*?" I did not receive an answer.

10      I emailed Mr. Celentino again on August 31, 2023, to follow up, and CC'd the Trustee,

11  Caron Burke, and Ed Hayes. No one responded.

12      I emailed them twice on September 25, 2023, to discuss the Fundura case because I saw

13  Fundura was claiming to be one of the Estate's largest creditors secured by UCC. I asked, again,

14  what the Estate planned to do with the *Fundura* case as we could also assert claims against

15  Fundura that would benefit the Estate and negate Fundura's claims.

16      On October 20, 2023—more than two months after I took the initiative and reached out to

17  Special Counsel—I finally received an email asking to set up a call. The call was scheduled for

18  October 26, 2023.

19      During the call on October 26, 2023, contrary to the Trustee's declaration, I did not "**offer

20  to provide Trustee's counsel with information related to the New York Cases**" (Trustee's

21  Memorandum of Law page 5 lines 4-7). During the call, Special Counsel asked me to describe

22  the New York litigation and then requested I draft them a memorandum of law describing each

23  action where I was retained for the Debtor, nature of the claims, what transpired, and the results.

1    Special Counsel also asked me to discuss the Fundura Case to assist with administering the

2    Estate. I asked if the Estate would be retaining me to provide additional post-petition legal

3    services. Special Counsel said they would get back to me, but they never did.

4        The next time I heard from Special Counsel was almost two months later, on December

5    6, 2023. Ms. Lissebeck emailed me, *"Can you provide us copies of whatever documents you have*

6    *regarding these cases? We are looking at the plaintiffs and their alleged security interests – so*

7    *any documents you have regarding these entities would be helpful."* She requested all documents

8    for the following five (5) cases:

| Court | Year Filed | Index Number | Case Status | Plaintiff | First Plaintiff Firm | Defendant | First Defendant Firm | Appearance Date | Justice | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Kings Supreme Court | 2021 | 515748/2021 | Disposed | | ACE FUNDING SOURCE, LLC D/B/A THOR CAPITAL | BERKOVITCH & BOUSKILA | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION PRACTICE GROUP et a | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION PRACTICE GROUP | 08/05/2021 | Rothenberg, Hon. Karen B. | M |
| 2 | Kings Supreme Court | 2021 | 527525/2021 | Disposed | | DIVERSE CAPITAL, LLC | | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 07/01/2022 | Rivera, Hon. Francis A. | |
| 3 | Nassau Supreme Court | 2021 | 612800/2021 | Disposed | | LIBERTY FUND GROUP LLC | | THE LITIGATION PRACTICE GROUP PC et al | Colonna Cohen Law, PLLC | | Voutsinas, Hon. Helen | M |
| 4 | Nassau Supreme Court | 2021 | 613095/2021 | Disposed | | COBALT FUNDING SOLUTIONS, LLC | | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 03/15/2022 | Rademaker, Hon. Thomas | M |
| 5 | Kings Supreme Court | 2022 | 531948/2021 | Disposed | | BMF ADVANCE LLC | WELLS LAW P.C. | THE LITIGATION PRACTICE GROUP PC et al | Colonna Cohen Law, PLLC | 12/08/2022 | Rothenberg, Hon. Karen B. | |

10        That same day, I responded asking for clarification and to be retained for the post-petition

11    legal services, *"[d]o you want documents filed to the dockets or all items, both filed and unfiled?*

12    *If so, **can you have me approved to do the post petition work** so I can be paid as an admin*

13    *claim?"*

14        On December 7, 2023, Ms. Lissebeck responded, *"As discussed in our last call –*

15    *administrative proof of claims were to be filed with the Court. I believe that deadline has passed*

16    *but Ed could verify that; did you not get a notice?"* Ed (Hayes) was CC'd on the email. I waited

17    for Ed to verify the deadline of administrative claims and whether Cohen Law was to be retained

18    for post-petition legal services. No one responded to me.

1   The next time I heard from Special Counsel Lissebeck was on January 2, 2024,

2 threatening me with the instant turnover motion, "*I'm trying one last time to get the Debtor's*

3 *files from you re the actions below...Otherwise, I'm going to have to file a motion for turnover.*"

4   Merely two hours later, Ed Hayes emailed me threatening me again, "*[a]ny party in*

5 *possession of property of a bankruptcy estate including books and records must turn over such*

6 *information to the trustee. Any exercise of control over estate property may also constitute a*

7 *violation of the automatic stay. Please reconsider your failure to turn over the requested*

8 *documents.*"

9   I responded at 3:37 PM that day, "*[o]n December 7, 2023, I emailed you and Yosina*

10 *asking – 'Do you want documents filed to the dockets or all items, both filed and unfiled? If*

11 *so, can you have me approved to do the post petition work so I can be paid as an admin claim?'*

12 *Yosina responded that same day, 'I believe that deadline has passed but Ed could verify that; did*

13 *you not get a notice?' You [Ed] never responded to this question, and I never received a notice to*

14 *file an administrative claim (I also tried for several weeks before that time to get in touch with*

15 *you to no avail). I am not withholding anything, I was simply waiting for you to respond. Do I*

16 *need to make a motion to the Court to add a post-petition admin claim? Or can someone send me*

17 *a notice via email...Better yet, why doesn't the estate retain my firm for the post-petition work so*

18 *I can assist on an ongoing basis?*"

19   Ms. Lissebeck responded on January 4, 2024, "*I can let Ed answer the questions posed to*

20 *him...Please provide us the client documents before January 8, 2024 so that we do not have to*

21 *proceed with the filing of the motion.*" Unsurprisingly, Special Counsel never answered any

22 questions and the instant Motion was filed on January 10, 2024. I am now asserting my retaining

23 lien on the requested documents, subject to any privilege, as is my right as a New York attorney.

1    **III.    ARGUMENT**

2    **A. Trustee Had the Power to Employ Cohen Law**

3        The Bankruptcy Code authorizes the trustee to employ attorneys, who do not have a

4    conflict of interest, to assist him in that capacity, and to pay them for their services pursuant to 11

5    U.S.C. § 327(a) with court approval. After notice to the parties in interest and the United States

6    Trustee, and a hearing, and subject to sections 326, 328, and 329, the court may award to a

7    trustee, an examiner, a professional person employed under section 327 or 1103 (A) reasonable

8    compensation for actual, necessary services rendered by the trustee, examiner, professional

9    person, or attorney and by any paraprofessional person employed by any such person; and (B)

10   reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1)(A) and (B).

11       I requested that the Trustee retain Cohen Law for post-petition services on behalf of the

12   Estate so Cohen Law could provide legal assistance on an ongoing basis and assist with

13   resolution of the secured creditors' claims. The Trustee would not retain Cohen Law despite

14   requesting Cohen Law to provide legal memoranda, services, and opinion. Instead, the Trustee

15   filed the instant Motion to turn over all documents in Cohen Law's possession relating to the

16   Debtor.

17       Not only is that request overly broad and unduly burdensome, but delivering the

18   documents to the Trustee would discharge Cohen Law's interest in the Estate secured by the

19   possession of the documents. Additionally, the Trustee is forcing Cohen Law to incur legal fees

20   and provide services without compensation. (*Lamie v. United States Trustee*, 540 U.S. 526, 124

21   S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (the United States Supreme Court held that section

22   330(a)(1) of the Code does not authorize compensation awards to debtors' attorneys from estate

23   funds, unless such attorneys have been employed by the trustee with approval of the court).

1    Thus, Cohen Law must assert its lien to retain, as security for payment, the client's papers which

2    are in the attorney's possession.

3    **B. State Law Determines the Validity of Attorney's Liens**

4        In bankruptcy cases, state law determines the extent of property interests. *Butner v.*

5    *United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Since an attorney's lien is a

6    property interest, the Court must apply state law to determine the validity and extent of the

7    attorney's claim of a retaining lien. *See In re Simms Construction Services Co.*, 311 B.R. 479,

8    484 (6th Cir. BAP 2004).

9        Cohen Law is a New York professional limited liability company and I am an attorney

10    licensed to practice law in the State of New York. Despite the Debtor signing Cohen Law's

11    Retainer Agreement in California, the choice of law provision in such contract is New York.

12    Thus, New York law applies. *Great Lakes Transit Corp. v. Marceau*, 154 F.2d 623, 624, 625 (2d

13    Cir.1946) (finding New York law governed attorneys' lien where contract was signed in Illinois,

14    but "[t]he Court below found that the parties to the ... retainer intended that any action on the

15    claim should be brought in New York."). Thus, under New York law, Cohen Law is permitted to

16    maintain and enforce its retaining lien.

17        Moreover, the Trustee's arguments relating to an attorney's obligation to deliver client

18    files under the California Rules of Professional Conduct is inapplicable. As stated above, Cohen

19    Law, its managing attorney, all governed by New York law and ethics. What California attorneys

20    are permitted to do, or not do, is irrelevant to the issue before the Court. Indeed, New York ethics

21    rules permit New York attorneys from asserting retaining liens. Disciplinary Rules 5-103(A)(l).

22    Thus, the argument fails.

23    **C. New York Permits Retaining Liens on Client Files**

1    In New York, to secure payment of outstanding fees, an attorney can impose a common

2    law retaining lien which "entitles an attorney who has rendered services or made disbursements

3    on behalf of a client to retain, as security for payment, the client's papers and funds which are in

4    the attorney's possession." *Misek–Falkoff v. International Business Mach. Corp.*, 829 F.Supp.

5    660, 663 (S.D.N.Y.1993) (citing *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d

6    Cir.1991)). A retaining lien is a possessory lien recognized under common-law over all property

7    documents, moneys or securities that come into a lawyer's possession in the course of

8    employment as a lawyer. *Robinson v. Rogers,* 237 N.Y. 484 (1924); *Matter of Heinsheimer*, 214

9    N.Y. 361, 364 (1915); see Note, Attorney's Retaining Lien Over Former Client's Papers, 65

10    Colum. L. Rev. 296, 301 (1965).

11    **D. Attorney's Retaining Liens Survives Bankruptcy**

12    Under the Bankruptcy Code, subject to any applicable privilege, the court *may* order an

13    accountant or attorney to turn over or disclose to the trustee recorded information relating to

14    debtor's property or financial affairs. Bankr.Code, 11 U.S.C.A. § 542(e). However, the courts are

15    unanimous in concluding that section 542(e) does not void the retaining lien and that the lien is

16    entitled to appropriate valuation and payment at some point in the case. *See, In re Olmsted Util.,*

17    *Inc.*, 127 B.R. 808 (Bankr. N.D. Ohio 1991); *In re Matassini,* 90 B.R. 508

18    (Bankr.M.D.Fla.1988).

19    This right is enforceable against the client (*McCracken v. City of Joliet,* 271 Ill. 270, 111

20    N.E. 131 (1915)), third parties (*In re Professional Hockey Antitrust Litigation* (Multidist, Lit.),

21    371 F.Supp. 742 (E.D.Pa.1974); *Beardsley v. Cockerell,* 240 F.Supp. 845 (D.D.C.1965)), and the

22    trustee in bankruptcy (*In re San Juan Gold, Inc.,* 96 F.2d 60 (2d Cir. 1938)). For example, in *In*

23    *Re On-Line Servs,* 324 B.R. 342, 347 (8th Cir. BAP 2005), an attorney asserted a

1   retaining lien for services rendered to the debtor pre-petition, and the Bankruptcy Appellate

2   Panel held that the attorney was a secured creditor to the extent of his prepetition services.

3   In *Brannon v. Gay (In re Browy)*, 527 F.2d 799 (7th Cir.1976), the Bankruptcy Court concluded

4   that the attorney would be allowed full payment on a priority basis to the extent that the estate

5   had sufficient assets in exchange for affording the debtor access to the attorney's papers without

6   depriving the attorney of the benefit of the retaining lien. The court held "[i]f there is any money

7   in the estate, [the attorney] will have a superior claim to the funds; if there is no money, he would

8   not be paid in any event." 527 F.2d at 802.

9          Further, there is no provision in the Bankruptcy Code for the voiding of a valid statutory

10   attorney's lien. See 11 U.S.C. § 547(c)(6) and § 545. As such, the attorney is entitled to adequate

11   protection of its interest in the debtor's files, if it is required to turn them over to the debtor. §

12   363(e).

13          Indeed, the United States Court of Appeals, Ninth Circuit, in *Matter of Sw. Rest. Sys.,*

14   *Inc.*, 607 F.2d 1243 (9th Cir. 1979) explicitly recognized an attorney can assert his retaining lien

15   in bankruptcy, "a possessory or retaining lien, on the other hand, enables the attorney to retain a

16   client's records or other property until the client pays for all of the legal fees owing to the

17   attorney" citing to Restatement of Security s 62(b) and Comment (j); Restatement 2d of Agency

18   s 464(b). The Court also recognized that retaining liens are deemed valid according to the laws of

19   the State that govern the attorney's retainer agreement[2].

20          **E.  If the Documents Benefit the Estate, Attorney Should Be Granted a Superior Lien**

---

[2] The Court also cited to *Adams, George, Lee, Schulte & Ward, P.A. v. Westinghouse Electric Corp.*, 597 F.2d 570 (5th Cir. June 22, 1979). Cf. *In re Diplomat Electric, Inc.*, 499 F.2d 342, 348 (5th Cir. 1974) (charging lien under Florida law); *United States v. Fidelity Philadelphia Trust Co.*, 459 F.2d 771, 774 (3d Cir. 1972) (charging lien under Pennsylvania law); *In re Browy, Brannon v. Gay*, 527 F.2d 799, 801 (7th Cir. 1976) (retaining lien under Illinois law).

1        In circumstances where the documents to which the retaining lien relates will result in

2  invalidating claims or lowering creditors' claims, it is appropriate to permit the professional to

3  share in the reward. Without release of the papers retained, the benefit might not be received or

4  at least the cost of obtaining it substantially increased. "Even if there is no award, the section

5  542 turnover may have saved the estate fees or other expenses and, to that extent, benefited the

6  estate. It can be argued plausibly, therefore, that unless the professional receives some share of

7  the benefit, creditors of the estate will have been unjustly enriched at the professional's expense."

8  *In re Olmsted Util., Inc., supra.*

9  **F. The Documents Will Benefit the Estate**

10       The Estate is attempting to negotiate and/or invalidate secured creditors' claims. Cohen

11  Law was specifically retained to litigate, negotiate, resolve, and settle those same secured

12  creditors' claims. Indeed, in the Motion, Ms. Lissebeck confirms the documents will absolutely

13  benefit the estate: "*[w]hile representing Debtor in its defense in those cases, Cohen would have*

14  *obtained **critical** information regarding Plaintiff's alleged security interests and potential insight*

15  *of Debtor's property and finances and turnover of such is not **only helpful but arguably***

16  ***necessary** for Trustee's administration of this Case.*" (page 7 of Memorandum lines 4-8).

17       The Trustee himself further confirms, "*[t]he turnover of Debtor's client files currently in*

18  *the possession of Cohen **will help me in further assessing Debtor's estate and administering***

19  ***this Case. Without this information, my ability to administer this Case and to pursue potential***

20  ***claims of the Estate is hindered***." (Marshack Decl. ¶10-11).

21  **G. If the Court Directs Cohen Law to Turnover the Documents, the Court is Required**
22      **to Grant Cohen Law a Priority Lien Which Must Be Satisfied Before The Estate's**
23      **Assets Are Distributed to Creditors**
24

1    If the Court finds directs Cohen Law to turnover the documents, justice will best be

2    served by issuing an order deeming the attorney's lien valid and preserving the priority afforded

3    by it. See *Matter of Browy*, 527 F.2d 799 (7th Cir. 1976); *In re Allied Owners' Corporation*, 72

4    F.2d 255 (2d Cir. 1934); *In re Luber*, 261 F. 221 (E.D.Pa.1919); *In re Eurich's Fort Hamilton*

5    *Brewery*, 158 F. 644 (E.D.N.Y.1908); 4A Collier on Bankruptcy P70.87(2) at 1004 n. 8. Valid

6    liens must be paid before the assets of the bankrupt can be distributed to the creditors. *City of*

7    *Richmond v. Bird*, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543; *Durand v. National Labor Relations*

8    *Board*, 296 F.Supp. 1049, 1057 (W.D.Ark.1969); 3A Collier on Bankruptcy P64.02(2).

9    Therefore, the Court should issue an order validating and preserving the priority of Cohen Law's

10    lien. This will result in adequate protection for Cohen Law's interest in receiving its fees. If there

11    is any money in the Estate, which there is plenty of, Cohen Law will have a superior claim to the

12    funds.

13    Notably, the court in *In re San Juan Gold, Inc.,* 96 F.2d 60 (2d Cir. 1938) held that

14    making the attorney's fees a preferred claim in any plan of reorganization would not adequately

15    protect the attorney's rights. The decision there appears to rest on the possibility that no plan of

16    reorganization would be confirmed. In such a case, the attorney, having surrendered the papers,

17    would have lost his only leverage to force payment of the fees. In this case, however, the

18    proceeding will culminate with the distribution of assets due to the purchase of files by Morning

19    Law Group for approximately $85,000,000. Because the attorney's leverage will be replaced with

20    a valid lien, which must be satisfied before the assets are distributed in accordance with Section

21    64 of the Act (11 U.S.C. s 104), there seemingly will be no injury to the attorney's rights.

22    **H. Exception to Rule Does Not Apply**

1    Courts have noted "a lawyer should forego his right to enforce a retaining lien when a

2    former client lacks the means to pay the lawyer's fee and has an urgent need for the papers to

3    defend a criminal prosecution or to assert or defend a similarly important liberty." 128 F.R.D. at

4    184, citing *Pomerantz v. Schandler,* 704 F.2d 681 (2nd Cir.1983). This exception is not applicable

5    here as the Estate's assets (client files) were purchased for approximately $85,000,000 by

6    Morning Law Group. The Estate clearly has the means to pay Cohen Law.

7    **IV.    CONCLUSION**

8    Cohen Law is entitled to adequate protection of its interest in the Debtor's files, if it is

9    required to turn them over to the Trustee. If the Court grants the Motion, it should protect Cohen

10    Law's interest by entering an order acknowledging that Cohen Law has a valid, superior, lien in

11    the Estate's assets that must be paid first before the assets of the Estate are distributed to

12    creditors in accordance with Section 64 of the Act (11 U.S.C. s 104).

13    Dated: January 24, 2024

14    Brooklyn, New York

15

16

17    By: /s/Ashlee Colonna Cohen, Esq.

18    *Pro Se*

19    861 Manhattan Ave., Suite #20

20    Brooklyn NY 11222

21    917-740-2077

22    ashlee@colonnacohenlaw.com

23

## DECLARATION OF ASHLEE COLONNA COHEN

I, Ashlee Colonna Cohen, declare as follows:

1. I am New York counsel for the Debtor.

2. I am duly admitted to practice law in the State of New York, and am the managing member of Colonna Cohen Law, PLLC.

3. I have personal knowledge of the facts in this declaration and if called as a witness could competently testify thereto.

4. I represented the Debtor in several New York actions all of which I resolved except for the Fundura Case which is still pending with the Nassau County Supreme Court.

5. Attached as Exhibit "A" are the most relevant emails referenced in the Memorandum between Ms. Lissebeck and Mr. Hayes.

6. I filed a proof of claim on August 11, 2023 for pre-petition legal services (Claim #204).

7. I am currently asserting and enforcing my retaining lien on the Debtor's file to secure payment for my firm's services as is my right as a New York attorney.

8. If the Court issues an Order requiring me to turnover the documents requested by the Trustee that are "critical" and "necessary" to administer the Estate, I ask that the Court issue an Order acknowledging I have a valid lien that must be paid before the creditors receive their share of the assets of the Estate.


Dated: January 24, 2024

/s/Ashlee Colonna Cohen

Ashlee Colonna Cohen, Esq.

# EXHIBIT

## "A"

1/24/24, 2:02 PM                                 Private Email - RE: LPG - State Court case Docs Printout

Yosina Lissebeck <yosina.lissebeck@dinsmore.com>                                              1/8/2024 1:01 PM

## RE: LPG - State Court case Docs

To Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com> • Ed Hays <ehays@marshackhays.com>   Copy
Natasha Vulin <natasha@colonnacohenlaw.com> • Tyler Powell <tyler.powell@dinsmore.com> •
Christopher Celentino <christopher.celentino@dinsmore.com> • Caron Burke <caron.burke@dinsmore.com>

Hi Ashlee,

If you have a lien, that would certainly not allow you to hold on to the client files. So please upload all those documents via the drop
box link by end of the day today.

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
**Dinsmore & Shohl LLP • Legal Counsel**
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473 • F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com • dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Thursday, January 4, 2024 10:33 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher
<Christopher.Celentino@DINSMORE.COM>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: LPG - State Court case Docs

Please send a retainer agreement for this post petition work. If not I will have to file a motion and assert my retaining lien.

Thank you,

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

        On 01/04/2024 1:31 PM EST Lissebeck, Yosina <yosina.lissebeck@dinsmore.com> wrote:

        Hi Ashlee,

        Here is a dropbox for you to provide all the state court files we requested:

        https://www.dropbox.com/request/0kur5VH1cPLWCJNBtwgL

        I can let Ed answer the questions posed to him, but a quick review of the administrative bar date notice does show that you were
        provided notice as it went to your office at 861 Manhattan Ave – I believe it was the address used in the proof of claim filed by
        your office.

        Please provide us the client documents before January 8, 2024 so that we do not have to proceed with the filing of the motion.

I appreciate your help.

# Dinsmore

**Yosina M. Lissebeck**
Partner Of Counsel
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473 • F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com • dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Thursday, January 4, 2024 9:40 AM
**To:** Ed Hays <EHays@MarshackHays.com>; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** Re: LPG - State Court case Docs

Better yet, why doesn't the estate retain my firm for the post-petition work so I can assist on an ongoing basis?

Thank you,

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

> On 01/02/2024 3:37 PM EST Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com> wrote:
>
>
> Ed,
>
> Before December 7, 2023, during a telephone conference, you requested that my firm deliver to you a summary regarding the litigation pending in New York. I asked to file a post petition admin claim. You said one would be sent. I never received one.
>
> On December 7, 2023, I emailed you and Yosina asking - "Do you want documents filed to the dockets or all items, both filed and unfiled? If so, **can you have me approved to do the post petition work so I can be paid as an admin claim?**"
>
> Yosina responded that same day, **"I believe that deadline has passed but Ed could verify that; did you not get a notice?"**
>
> You never responded to this question, and I never received a notice to file an administrative claim (I also tried for several weeks before that time to get in touch with you to no avail).
>
> I am not withholding anything, I was simply waiting for you to respond. Do I need to make a motion to the Court to add a post-petition admin claim? Or can someone send me a notice via email?
>
> Thank you,
>
> **Ashlee Colonna Cohen, Esq.**
>
> Colonna Cohen Law, PLLC
>
> 861 Manhattan Ave., Suite #20
>
> Brooklyn, New York 11222

917-740-2077

On 01/02/2024 1:13 PM EST Ed Hays <ehays@marshackhays.com> wrote:

Ashlee:

Trustee steps into the shoes of the corporate debtor and is now your client contact by operation of federal law. The US Supreme Court has held that a bankruptcy trustee also acquires the attorney-client privilege for all communications between a corporate debtor and its non-bankruptcy counsel. Any party in possession of property of a bankruptcy estate including books and records must turn over such information to the trustee. Any exercise of control over estate property may also constitute a violation of the automatic stay. Please reconsider your failure to turn over the requested documents. Thank you.

Ed

Ed Hays
Marshack Hays LLP
www.marshackhays.com
Phone: 949-333-7777
Cell: 949-413-7223

**From:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Date:** Tuesday, January 2, 2024 at 11:00 AM
**To:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>, Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>, Powell, Tyler <Tyler.Powell@Dinsmore.com>, Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>, Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: LPG - State Court case Docs

Hi Ashlee – I'm trying one last time to get the Debtor's files from you re the actions below.

I can provide you a link if that is best?

Otherwise, I'm going to have to file a motion for turnover. Which I would hate to do.

Please let me know.

Thanks!

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Lissebeck, Yosina
**Sent:** Thursday, December 7, 2023 9:34 AM
**To:** 'Ashlee Colonna Cohen' <ashlee@colonnacohenlaw.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher <christopher.celentino@dinsmore.com>; Laila Masud <LMasud@marshackhays.com>
**Subject:** RE: LPG - State Court case Docs

I don't need docket information. We can get that – just whatever you have in your files please – was discovery done?

As discussed in our last call – administrative proof of claims were to be filed with the Court. I believe that deadline has passed but Ed could verify that; did you not get a notice?

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Thursday, December 7, 2023 8:41 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** RE: LPG - State Court case Docs

Hi Yosina,

Do you want documents filed to the dockets or all items, both filed and unfiled?

If so, can you have me approved to do the post petition work so I can be paid as an admin claim?

Thank you,

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

On 12/06/2023 4:51 PM EST Lissebeck, Yosina <yosina.lissebeck@dinsmore.com> wrote:

Hi Ashlee:

Looks like you have some documents that might help us in various state court cases:

| 1 | Kings Supreme Court | 2021 | 515748/2021 | Disposed | ACE FUNDING SOURCE, LLC D/B/A THOR CAPITAL | BERKOVITCH & BOUSKILA | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION | 08/05/2021 | Rothenberg, M Hon. Karen B. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | PRACTICE GROUP et al | PRACTICE GROUP | | |
| 2 | Kings Supreme Court | 2021 | 527528/2021 | Disposed | DIVERSE CAPITAL LLC | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 07/01/2022 Rivera, Hon. Francois A. |
| 3 | Nassau Supreme Court | 2021 | 612800/2021 | Disposed | LIBERTY FUND GROUP LLC | THE LITIGATION PRACTICE GROUP PC et al | Colonna Cohen Law, PLLC | Voutsinas, M Hon. Helen |
| 4 | Nassau Supreme Court | 2021 | 613095/2021 | Disposed | COBALT FUNDING SOLUTIONS, LLC | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 03/15/2022 Rademaker, M Hon. Thomas |
| 5 | Kings Supreme Court | 2022 | 531948/2021 | Disposed | BMF ADVANCE LLC | WELLS LAW P.C. | THE LITIGATION PRACTICE GROUP PC et al | Colonna Cohen Law, PLLC | 12/08/2022 Rothenberg, Hon. Karen B. |

Can you provide us copies of whatever documents you have regarding these cases? We are looking at the plaintiffs and their alleged security interests – so any documents you have regarding these entities would be helpful.

I don't know what you all have – if it's easier I can send a link that you can download them to? Or if you can email them?

Just let me know!

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
**Dinsmore & Shohl LLP  •  Legal Counsel**
**655 West Broadway**
**Suite 800**
**San Diego, CA 92101**
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Monday, October 23, 2023 10:26 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>
**Subject:** Re: LPG - Fundura/Claim call

Hi Yosina and Ed,

Thursday works for me, please pick a time.

Thank you,

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

On 10/20/2023 3:54 PM EDT Lissebeck, Yosina <yosina.lissebeck@dinsmore.com> wrote:

Hi Ed & Ashlee,

We need to set up a call for the 3 of us to discuss the Fundura litigation in NY and Ashlee would like to discuss her claim.

Next week I'm available Monday between 10:30 a.m. pst and 2:30 p.m. pst; or on Thursday anytime.

Please let me know what works for you!

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

- image001.jpg (21 KB)

1    Ashlee Colonna Cohen, Esq. (NY State Bar 5194394)

2    *Pro Se*

3    861 Manhattan Ave., Suite 20

4    Brooklyn, New York 11222

5    917-740-2077

6    ashlee@colonnacohenlaw.com

7    Colonna Cohen Law, PLLC

8    New York Counsel to Debtor

9

10                  **UNITED STATES BANKRUPTCY COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

12

13    In Re:                                     Case No.: 8:23-bk-10571-SC

14    THE LITIGATION PRACTICE GROUP P.C.         Chapter 11

15          Debtor.

16

17    **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**

18    **TRUSTEE'S MOTION FOR TURNOVER PURSUANT TO 11 U.S.C. § 542(e)**

19

20

21

22

23

1

**Contents**

2    I.    INTRODUCTION ...................................................................................... 3

3    II.   RELEVANT FACTS ................................................................................. 4

4        A.  Pre-Petition Legal Services ............................................................. 4

5        B.  Post-Petition Events ........................................................................ 5

6    III.  ARGUMENT ............................................................................................ 9

7        A.  Trustee Had the Power to Employ Cohen Law ............................... 9

8        B.  State Law Determines the Validity of Attorney's Liens ................. 10

9        C.  New York Permits Retaining Liens on Client Files ........................ 10

10       D.  Attorney's Retaining Liens Survives Bankruptcy ..........................11

11       E.  If the Documents Benefit the Estate, Attorney Should Be Granted a Superior Lien ......... 12

12       F.  The Documents Will Benefit the Estate ........................................... 13

13       G.  If the Court Directs Cohen Law to Turnover the Documents, the Court is Required to

14       Grant Cohen Law a Priority Lien Which Must Be Satisfied Before The Estate's Assets Are

15       Distributed to Creditors .................................................................... 13

16       H.  Exception to Rule Does Not Apply .................................................. 14

17   IV.   CONCLUSION ........................................................................................ 15

18

19

20

21

1    **I.    INTRODUCTION**

2          On January 10, 2024, Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the

3    bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor")

4    in the above captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy

5    Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the

6    Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, a *Motion For Turnover*

7    *of Records Pursuant To 11 U.S.C. § 542(e)* (the "Motion").

8          As set forth in the Memorandum and Declaration of Ashlee Colonna Cohen, Esq.

9    ("Cohen Decl."), the Trustee, by way of its special counsel, Christopher Celentino and Yosina M.

10    Lissebeck with Dinsmore & Shohl LLP ("Special Counsel"), demand that I, Ashlee Colonna

11    Cohen, Esq. of Colonna Cohen Law, PLLC ("Cohen Law"), regarding its representation of

12    Debtor in several New York actions, not only deliver virtually every single item in my possession

13    relating to the Debtor[1], but provide additional post-petition legal services to the Trustee without

14    retaining me as counsel for the Estate, or providing me with compensation for post-petition legal

15    services.

16          As of the filing of this Motion, Cohen Law's legal bill for pre-petition services is still

17    outstanding (proof of claim filed on August 10, 2023) and now Cohen Law is properly exercising

18    its retaining lien on the Debtor's file in order to continue to secure its interest. Cohen Law is

19    entitled to adequate protection of its interest in the Debtor's files. If Cohen Law is required to

---

[1]Specifically, the Trustee seeks an order that "all client files be turned over, including but not limited to names, contact information, client file management, communications, account information, letters, pleadings, discovery, communications, payment history, financial account information, credit reports, executed legal services contracts, ACH contracts, executed installment contracts, account balances, debts in dispute, payment history, file status, settlements, debt invalidations and/or any other information created, managed and stored electronically or physically related to Debtor and/or other aliases, agents or corporate entities affiliated with same; and such other and further relief as the Court deems just and proper."

1   turn the files over to the Trustee, the Court is obligated to protect Cohen Law's interest by

2   entering an order acknowledging that Cohen Law has a valid and superior lien in the Estate's

3   assets that must be paid first *before* the assets of the Estate are distributed to creditors in

4   accordance with § 64 of the Act (see also 11 U.S.C. § 104).

5   **II.**    **RELEVANT FACTS**

6        **A. Pre-Petition Legal Services**

7       I am the managing member of Colonna Cohen Law, PLLC ("Cohen Law"). I am a solo-

8   practitioner licensed to practice law in the State of New York. My firm is a New York

9   professional limited liability company specializing in alternative finance litigation, negotiation,

10   and resolution.

11       On or about August 2021, Cohen Law was retained by the Debtor to provide legal

12   services and help resolve approximately three (3) actions in New York.

| Case #<br>Received Date | eFiling Status<br>Case Status | Caption | Court<br>Case Type | Action |
|---|---|---|---|---|
| 521526/2021<br>08/23/2021 | Partial<br>Participation<br>Recorded<br>Pre-RJI | BRIDGE CAPITAL v. THE LITIGATION<br>PRACTICE GROUP PC D/B/A<br>LITIGATION PRACTICE GROUP et al | Kings County<br>Supreme Court<br>Other Matters -<br>Contract -<br>Other | File \| Consent |
| 610653/2021<br>08/19/2021 | Full Participation<br>Recorded<br>Active | FUNDURA CAPITAL GROUP v. BAT,<br>INC et al | Nassau County<br>Supreme Court<br>Other Matters -<br>Contract -<br>Other | File \| Consent |
| 608157/2021<br>06/28/2021 | Partial<br>Participation<br>Recorded<br>Disposed | BRIDGE FUNDING CAP LLC v. BAT,<br>INC et al | Nassau County<br>Supreme Court<br>Other Matters -<br>Contract - | File \| Consent |

13

14   Cohen Law's Retainer Agreement with the Debtor states, "[t]his Agreement shall be governed by

15   the law of the State of New York. Any litigation relating to this Agreement shall be filed in New

1    York. The parties agree that jurisdiction and venue is proper in New York." (Exhibit "A" for

2    proof of claim which contains the Retainer).

3         In October 2021, Cohen Law was retained by the Debtor to provide additional legal

4    services for the following cases:

| | | | |
|---|---|---|---|
| 531948/2021<br>12/14/2021 | Full Participation<br>Recorded<br>*Disposed* | BMF ADVANCE LLC v. THE LITIGATION PRACTICE<br>GROUP PC et al | Kings County<br>Supreme Court<br>*Commercial -<br>Contract* |
| 527528/2021<br>10/28/2021 | Full Participation<br>Recorded<br>*Disposed* | DIVERSE CAPITAL LLC v. THE LITIGATION PRACTICE<br>GROUP PC et al | Kings County<br>Supreme Court<br>*Commercial -<br>Contract* |
| 613192/2021<br>10/18/2021 | Full Participation<br>Recorded<br>*Stayed* | FUNDURA CAPITAL GROUP v. BAT, INC et al | Nassau County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |
| 613095/2021<br>10/14/2021 | Full Participation<br>Recorded<br>*Disposed* | COBALT FUNDING SOLUTIONS, LLC v. THE<br>LITIGATION PRACTICE GROUP PC et al | Nassau County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |
| 526087/2021<br>10/13/2021 | Partial<br>Participation<br>Recorded<br>*Pre-RJI* | COBALT FUNDING SOLUTIONS, LLC v. THE<br>LITIGATION PRACTICE GROUP PC et al | Kings County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |
| 612800/2021<br>10/07/2021 | Full Participation<br>Recorded<br>*Disposed* | LIBERTY FUND GROUP LLC v. THE LITIGATION<br>PRACTICE GROUP PC et al | Nassau County<br>Supreme Court<br>*Other Matters -<br>Contract - Other* |

5

6         Cohen Law provided legal services for the Debtor from August 2021 through the Petition

7    date (March 20, 2023). Cohen Law helped resolve all of the Debtor's New York actions before

8    the petition date, save for *Fundura Capital Group. v. BAT, Inc. et al,* Supreme Court Nassau

9    County, Index Number 613192/2021 ("Fundura Case"). Due to the bankruptcy petition, the

10   Fundura Case was stayed. However, the Debtor was due to file its Amended Complaint which

11   challenged the debt, the security interest, and the UCC that allegedly secured such debt—issues

12   the Trustee concedes are "critical" to the administration of the Estate. However, Cohen Law

13   maintains an outstanding pre-petition bill (Claim #204).

14        **B. Post-Petition Events**

1    On or about August 10, 2023, I reached out to the Trustee as I had never heard from them

2    after the petition was filed. I emailed Special Counsel Christopher Celentino

3    (christopher.celentino@dinsmore.com) regarding the Debtor and Cohen Law's outstanding bill.

4    Mr. Celentino directed me to file a proof of claim for pre-petition legal services on August 11,

5    2023. I thanked him on August 14, 2023, and told him to reach out if he needed more

6    information.

7    On August 24, 2023, I emailed Mr. Celentino again and advised him that there is still one

8    active case in New York where I represent the Debtor (the Fundura Case). I asked him "*[w]hat is*

9    *the plan regarding this action*?" I did not receive an answer.

10    I emailed Mr. Celentino again on August 31, 2023, to follow up, and CC'd the Trustee,

11    Caron Burke, and Ed Hayes. No one responded.

12    I emailed them twice on September 25, 2023, to discuss the Fundura case because I saw

13    Fundura was claiming to be one of the Estate's largest creditors secured by UCC. I asked, again,

14    what the Estate planned to do with the *Fundura* case as we could also assert claims against

15    Fundura that would benefit the Estate and negate Fundura's claims.

16    On October 20, 2023—more than two months after I took the initiative and reached out to

17    Special Counsel—I finally received an email asking to set up a call. The call was scheduled for

18    October 26, 2023.

19    During the call on October 26, 2023, contrary to the Trustee's declaration, I did not **"offer**

20    **to provide Trustee's counsel with information related to the New York Cases"** (Trustee's

21    Memorandum of Law page 5 lines 4-7). During the call, Special Counsel asked me to describe

22    the New York litigation and then requested I draft them a memorandum of law describing each

23    action where I was retained for the Debtor, nature of the claims, what transpired, and the results.

1    Special Counsel also asked me to discuss the Fundura Case to assist with administering the

2    Estate. I asked if the Estate would be retaining me to provide additional post-petition legal

3    services. Special Counsel said they would get back to me, but they never did.

4          The next time I heard from Special Counsel was almost two months later, on December

5    6, 2023. Ms. Lissebeck emailed me, *"Can you provide us copies of whatever documents you have*

6    *regarding these cases? We are looking at the plaintiffs and their alleged security interests – so*

7    *any documents you have regarding these entities would be helpful."* She requested all documents

8    for the following five (5) cases:

| Court | Year Filed | Index Number | Case Status | Plaintiff | First Plaintiff Firm | Defendant | First Defendant Firm | Appearance Date | Justice | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Kings Supreme Court | 2021 | 515748/2021 | Disposed | ACE FUNDING SOURCE, LLC D/B/A THOR CAPITAL | BERKOVITCH & BOUSKILA | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION PRACTICE GROUP et al | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION PRACTICE GROUP | 08/05/2021 | Rothenberg, Hon. Karen B. | M |
| 2 | Kings Supreme Court | 2021 | 527529/2021 | Disposed | DIVERSE CAPITAL LLC | | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 07/01/2022 | Rivera, Hon. Francis A. | |
| 3 | Nassau Supreme Court | 2021 | 612800/2021 | Disposed | LIBERTY FUND GROUP LLC | | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | | Voutsinas, Hon. Helen | M |
| 4 | Nassau Supreme Court | 2021 | 613095/2021 | Disposed | COBALT FUNDING SOLUTIONS LLC | | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 03/15/2022 | Rademaker, Hon. Thomas | M |
| 5 | Kings Supreme Court | 2022 | 531948/2021 | Disposed | BMF ADVANCE LLC | WELLS LAW P.C. | THE LITIGATION PRACTICE GROUP PC et al | Colonna Cohen Law, PLLC | 12/08/2022 | Rothenberg, Hon. Karen B. | |

10         That same day, I responded asking for clarification and to be retained for the post-petition

11    legal services, *"[d]o you want documents filed to the dockets or all items, both filed and unfiled?*

12    *If so, **can you have me approved to do the post petition work** so I can be paid as an admin*

13    *claim?"*

14         On December 7, 2023, Ms. Lissebeck responded, *"As discussed in our last call –*

15    *administrative proof of claims were to be filed with the Court. I believe that deadline has passed*

16    *but Ed could verify that; did you not get a notice?"* Ed (Hayes) was CC'd on the email. I waited

17    for Ed to verify the deadline of administrative claims and whether Cohen Law was to be retained

18    for post-petition legal services. No one responded to me.

1    The next time I heard from Special Counsel Lissebeck was on January 2, 2024,

2    threatening me with the instant turnover motion, "*I'm trying one last time to get the Debtor's*

3    *files from you re the actions below…Otherwise, I'm going to have to file a motion for turnover.*"

4    Merely two hours later, Ed Hayes emailed me threatening me again, "*[a]ny party in*

5    *possession of property of a bankruptcy estate including books and records must turn over such*

6    *information to the trustee. Any exercise of control over estate property may also constitute a*

7    *violation of the automatic stay. Please reconsider your failure to turn over the requested*

8    *documents.*"

9    I responded at 3:37 PM that day, "*[o]n December 7, 2023, I emailed you and Yosina*

10    *asking – 'Do you want documents filed to the dockets or all items, both filed and unfiled? If*

11    *so, can you have me approved to do the post petition work so I can be paid as an admin claim?'*

12    *Yosina responded that same day, 'I believe that deadline has passed but Ed could verify that; did*

13    *you not get a notice?' You [Ed] never responded to this question, and I never received a notice to*

14    *file an administrative claim (I also tried for several weeks before that time to get in touch with*

15    *you to no avail). I am not withholding anything, I was simply waiting for you to respond. Do I*

16    *need to make a motion to the Court to add a post-petition admin claim? Or can someone send me*

17    *a notice via email…Better yet, why doesn't the estate retain my firm for the post-petition work so*

18    *I can assist on an ongoing basis?*"

19    Ms. Lissebeck responded on January 4, 2024, "*I can let Ed answer the questions posed to*

20    *him…Please provide us the client documents before January 8, 2024 so that we do not have to*

21    *proceed with the filing of the motion.*" Unsurprisingly, Special Counsel never answered any

22    questions and the instant Motion was filed on January 10, 2024. I am now asserting my retaining

23    lien on the requested documents, subject to any privilege, as is my right as a New York attorney.

1    **III.    ARGUMENT**

2    **A. Trustee Had the Power to Employ Cohen Law**

3       The Bankruptcy Code authorizes the trustee to employ attorneys, who do not have a

4    conflict of interest, to assist him in that capacity, and to pay them for their services pursuant to 11

5    U.S.C. § 327(a) with court approval. After notice to the parties in interest and the United States

6    Trustee, and a hearing, and subject to sections 326, 328, and 329, the court may award to a

7    trustee, an examiner, a professional person employed under section 327 or 1103 (A) reasonable

8    compensation for actual, necessary services rendered by the trustee, examiner, professional

9    person, or attorney and by any paraprofessional person employed by any such person; and (B)

10    reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1)(A) and (B).

11       I requested that the Trustee retain Cohen Law for post-petition services on behalf of the

12    Estate so Cohen Law could provide legal assistance on an ongoing basis and assist with

13    resolution of the secured creditors' claims. The Trustee would not retain Cohen Law despite

14    requesting Cohen Law to provide legal memoranda, services, and opinion. Instead, the Trustee

15    filed the instant Motion to turn over all documents in Cohen Law's possession relating to the

16    Debtor.

17       Not only is that request overly broad and unduly burdensome, but delivering the

18    documents to the Trustee would discharge Cohen Law's interest in the Estate secured by the

19    possession of the documents. Additionally, the Trustee is forcing Cohen Law to incur legal fees

20    and provide services without compensation. (*Lamie v. United States Trustee*, 540 U.S. 526, 124

21    S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (the United States Supreme Court held that section

22    330(a)(1) of the Code does not authorize compensation awards to debtors' attorneys from estate

23    funds, unless such attorneys have been employed by the trustee with approval of the court).

1  Thus, Cohen Law must assert its lien to retain, as security for payment, the client's papers which

2  are in the attorney's possession.

3  **B. State Law Determines the Validity of Attorney's Liens**

4  In bankruptcy cases, state law determines the extent of property interests. *Butner v.*

5  *United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Since an attorney's lien is a

6  property interest, the Court must apply state law to determine the validity and extent of the

7  attorney's claim of a retaining lien. *See In re Simms Construction Services Co.*, 311 B.R. 479,

8  484 (6th Cir. BAP 2004).

9  Cohen Law is a New York professional limited liability company and I am an attorney

10  licensed to practice law in the State of New York. Despite the Debtor signing Cohen Law's

11  Retainer Agreement in California, the choice of law provision in such contract is New York.

12  Thus, New York law applies. *Great Lakes Transit Corp. v. Marceau*, 154 F.2d 623, 624, 625 (2d

13  Cir.1946) (finding New York law governed attorneys' lien where contract was signed in Illinois,

14  but "[t]he Court below found that the parties to the ... retainer intended that any action on the

15  claim should be brought in New York."). Thus, under New York law, Cohen Law is permitted to

16  maintain and enforce its retaining lien.

17  Moreover, the Trustee's arguments relating to an attorney's obligation to deliver client

18  files under the California Rules of Professional Conduct is inapplicable. As stated above, Cohen

19  Law, its managing attorney, all governed by New York law and ethics. What California attorneys

20  are permitted to do, or not do, is irrelevant to the issue before the Court. Indeed, New York ethics

21  rules permit New York attorneys from asserting retaining liens. Disciplinary Rules 5-103(A)(l).

22  Thus, the argument fails.

23  **C. New York Permits Retaining Liens on Client Files**

1    In New York, to secure payment of outstanding fees, an attorney can impose a common

2    law retaining lien which "entitles an attorney who has rendered services or made disbursements

3    on behalf of a client to retain, as security for payment, the client's papers and funds which are in

4    the attorney's possession." *Misek–Falkoff v. International Business Mach. Corp.*, 829 F.Supp.

5    660, 663 (S.D.N.Y.1993) (citing *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d

6    Cir.1991)). A retaining lien is a possessory lien recognized under common-law over all property

7    documents, moneys or securities that come into a lawyer's possession in the course of

8    employment as a lawyer. *Robinson v. Rogers,* 237 N.Y. 484 (1924); *Matter of Heinsheimer*, 214

9    N.Y. 361, 364 (1915); see Note, Attorney's Retaining Lien Over Former Client's Papers, 65

10   Colum. L. Rev. 296, 301 (1965).

11   **D. Attorney's Retaining Liens Survives Bankruptcy**

12   Under the Bankruptcy Code, subject to any applicable privilege, the court *may* order an

13   accountant or attorney to turn over or disclose to the trustee recorded information relating to

14   debtor's property or financial affairs. Bankr.Code, 11 U.S.C.A. § 542(e). However, the courts are

15   unanimous in concluding that section 542(e) does not void the retaining lien and that the lien is

16   entitled to appropriate valuation and payment at some point in the case. *See, In re Olmsted Util.,*

17   *Inc.*, 127 B.R. 808 (Bankr. N.D. Ohio 1991); *In re Matassini,* 90 B.R. 508

18   (Bankr.M.D.Fla.1988).

19   This right is enforceable against the client (*McCracken v. City of Joliet,* 271 Ill. 270, 111

20   N.E. 131 (1915)), third parties (*In re Professional Hockey Antitrust Litigation* (Multidist, Lit.),

21   371 F.Supp. 742 (E.D.Pa.1974); *Beardsley v. Cockerell,* 240 F.Supp. 845 (D.D.C.1965)), and the

22   trustee in bankruptcy (*In re San Juan Gold, Inc.,* 96 F.2d 60 (2d Cir. 1938)). For example, in *In*

23   *Re On-Line Servs,* 324 B.R. 342, 347 (8th Cir. BAP 2005), an attorney asserted a

1   retaining lien for services rendered to the debtor pre-petition, and the Bankruptcy Appellate

2   Panel held that the attorney was a secured creditor to the extent of his prepetition services.

3   In *Brannon v. Gay (In re Browy)*, 527 F.2d 799 (7th Cir.1976), the Bankruptcy Court concluded

4   that the attorney would be allowed full payment on a priority basis to the extent that the estate

5   had sufficient assets in exchange for affording the debtor access to the attorney's papers without

6   depriving the attorney of the benefit of the retaining lien. The court held "[i]f there is any money

7   in the estate, [the attorney] will have a superior claim to the funds; if there is no money, he would

8   not be paid in any event." 527 F.2d at 802.

9       Further, there is no provision in the Bankruptcy Code for the voiding of a valid statutory

10  attorney's lien. See 11 U.S.C. § 547(c)(6) and § 545. As such, the attorney is entitled to adequate

11  protection of its interest in the debtor's files, if it is required to turn them over to the debtor. §

12  363(e).

13      Indeed, the United States Court of Appeals, Ninth Circuit, in *Matter of Sw. Rest. Sys.,*

14  *Inc.*, 607 F.2d 1243 (9th Cir. 1979) explicitly recognized an attorney can assert his retaining lien

15  in bankruptcy, "a possessory or retaining lien, on the other hand, enables the attorney to retain a

16  client's records or other property until the client pays for all of the legal fees owing to the

17  attorney" citing to Restatement of Security s 62(b) and Comment (j); Restatement 2d of Agency

18  s 464(b). The Court also recognized that retaining liens are deemed valid according to the laws of

19  the State that govern the attorney's retainer agreement[2].

20  **E.  If the Documents Benefit the Estate, Attorney Should Be Granted a Superior Lien**

---

[2] The Court also cited to *Adams, George, Lee, Schulte & Ward, P.A. v. Westinghouse Electric Corp.*, 597 F.2d 570
(5th Cir. June 22, 1979). Cf. *In re Diplomat Electric, Inc.*, 499 F.2d 342, 348 (5th Cir. 1974) (charging lien under
Florida law); *United States v. Fidelity Philadelphia Trust Co.*, 459 F.2d 771, 774 (3d Cir. 1972) (charging lien under
Pennsylvania law); *In re Browy, Brannon v. Gay*, 527 F.2d 799, 801 (7th Cir. 1976) (retaining lien under Illinois
law).

1    In circumstances where the documents to which the retaining lien relates will result in

2    invalidating claims or lowering creditors' claims, it is appropriate to permit the professional to

3    share in the reward. Without release of the papers retained, the benefit might not be received or

4    at least the cost of obtaining it substantially increased. "Even if there is no award, the section

5    542 turnover may have saved the estate fees or other expenses and, to that extent, benefited the

6    estate. It can be argued plausibly, therefore, that unless the professional receives some share of

7    the benefit, creditors of the estate will have been unjustly enriched at the professional's expense."

8    *In re Olmsted Util., Inc., supra.*

9    **F. The Documents Will Benefit the Estate**

10    The Estate is attempting to negotiate and/or invalidate secured creditors' claims. Cohen

11    Law was specifically retained to litigate, negotiate, resolve, and settle those same secured

12    creditors' claims. Indeed, in the Motion, Ms. Lissebeck confirms the documents will absolutely

13    benefit the estate: "*[w]hile representing Debtor in its defense in those cases, Cohen would have*

14    *obtained **critical** information regarding Plaintiff's alleged security interests and potential insight*

15    *of Debtor's property and finances and turnover of such is not **only helpful but arguably***

16    ***necessary** for Trustee's administration of this Case.*" (page 7 of Memorandum lines 4-8).

17    The Trustee himself further confirms, "*[t]he turnover of Debtor's client files currently in*

18    *the possession of Cohen **will help me in further assessing Debtor's estate and administering***

19    ***this Case. Without this information, my ability to administer this Case and to pursue potential***

20    ***claims of the Estate is hindered.***" (Marshack Decl. ¶10-11).

21    **G. If the Court Directs Cohen Law to Turnover the Documents, the Court is Required**
22    **to Grant Cohen Law a Priority Lien Which Must Be Satisfied Before The Estate's**
23    **Assets Are Distributed to Creditors**
24

1    If the Court finds directs Cohen Law to turnover the documents, justice will best be

2    served by issuing an order deeming the attorney's lien valid and preserving the priority afforded

3    by it. See *Matter of Browy*, 527 F.2d 799 (7th Cir. 1976); *In re Allied Owners' Corporation*, 72

4    F.2d 255 (2d Cir. 1934); *In re Luber*, 261 F. 221 (E.D.Pa.1919); *In re Eurich's Fort Hamilton*

5    *Brewery*, 158 F. 644 (E.D.N.Y.1908); 4A Collier on Bankruptcy P70.87(2) at 1004 n. 8. Valid

6    liens must be paid before the assets of the bankrupt can be distributed to the creditors. *City of*

7    *Richmond v. Bird*, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543; *Durand v. National Labor Relations*

8    *Board*, 296 F.Supp. 1049, 1057 (W.D.Ark.1969); 3A Collier on Bankruptcy P64.02(2).

9    Therefore, the Court should issue an order validating and preserving the priority of Cohen Law's

10    lien. This will result in adequate protection for Cohen Law's interest in receiving its fees. If there

11    is any money in the Estate, which there is plenty of, Cohen Law will have a superior claim to the

12    funds.

13    Notably, the court in *In re San Juan Gold, Inc.,* 96 F.2d 60 (2d Cir. 1938) held that

14    making the attorney's fees a preferred claim in any plan of reorganization would not adequately

15    protect the attorney's rights. The decision there appears to rest on the possibility that no plan of

16    reorganization would be confirmed. In such a case, the attorney, having surrendered the papers,

17    would have lost his only leverage to force payment of the fees. In this case, however, the

18    proceeding will culminate with the distribution of assets due to the purchase of files by Morning

19    Law Group for approximately $85,000,000. Because the attorney's leverage will be replaced with

20    a valid lien, which must be satisfied before the assets are distributed in accordance with Section

21    64 of the Act (11 U.S.C. s 104), there seemingly will be no injury to the attorney's rights.

22    **H. Exception to Rule Does Not Apply**

1    Courts have noted "a lawyer should forego his right to enforce a retaining lien when a

2    former client lacks the means to pay the lawyer's fee and has an urgent need for the papers to

3    defend a criminal prosecution or to assert or defend a similarly important liberty." 128 F.R.D. at

4    184, citing *Pomerantz v. Schandler,* 704 F.2d 681 (2nd Cir.1983). This exception is not applicable

5    here as the Estate's assets (client files) were purchased for approximately $85,000,000 by

6    Morning Law Group. The Estate clearly has the means to pay Cohen Law.

7    **IV.    CONCLUSION**

8    Cohen Law is entitled to adequate protection of its interest in the Debtor's files, if it is

9    required to turn them over to the Trustee. If the Court grants the Motion, it should protect Cohen

10    Law's interest by entering an order acknowledging that Cohen Law has a valid, superior, lien in

11    the Estate's assets that must be paid first before the assets of the Estate are distributed to

12    creditors in accordance with Section 64 of the Act (11 U.S.C. s 104).

13    Dated: January 24, 2024

14    Brooklyn, New York

15

16

17    By: /s/Ashlee Colonna Cohen, Esq.

18    *Pro Se*

19    861 Manhattan Ave., Suite #20

20    Brooklyn NY 11222

21    917-740-2077

22    ashlee@colonnacohenlaw.com

23

1           **DECLARATION OF ASHLEE COLONNA COHEN**

2   I, Ashlee Colonna Cohen, declare as follows:

3     1. I am New York counsel for the Debtor.

4     2.  I am duly admitted to practice law in the State of New York, and am the managing

5         member of Colonna Cohen Law, PLLC.

6     3. I have personal knowledge of the facts in this declaration and if called as a witness could

7         competently testify thereto.

8     4. I represented the Debtor in several New York actions all of which I resolved except for

9         the Fundura Case which is still pending with the Nassau County Supreme Court.

10     5. Attached as Exhibit "A" are the most relevant emails referenced in the Memorandum

11         between Ms. Lissebeck and Mr. Hayes.

12     6. I filed a proof of claim on August 11, 2023 for pre-petition legal services (Claim #204).

13     7. I am currently asserting and enforcing my retaining lien on the Debtor's file to secure

14         payment for my firm's services as is my right as a New York attorney.

15     8. If the Court issues an Order requiring me to turnover the documents requested by the

16         Trustee that are "critical" and "necessary" to administer the Estate, I ask that the Court

17         issue an Order acknowledging I have a valid lien that must be paid before the creditors

18         receive their share of the assets of the Estate.

19

20     Dated: January 24, 2024

21                      /s/Ashlee Colonna Cohen

22                      Ashlee Colonna Cohen, Esq.

# EXHIBIT

# "A"

**Yosina Lissebeck <yosina.lissebeck@dinsmore.com>**                    1/8/2024 1:01 PM

## RE: LPG - State Court case Docs

To Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com> • Ed Hays <ehays@marshackhays.com>    Copy
Natasha Vulin <natasha@colonnacohenlaw.com> • Tyler Powell <tyler.powell@dinsmore.com> •
Christopher Celentino <christopher.celentino@dinsmore.com> • Caron Burke <caron.burke@dinsmore.com>

Hi Ashlee,

If you have a lien, that would certainly not allow you to hold on to the client files. So please upload all those documents via the drop box link by end of the day today.

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473 • F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com • dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Thursday, January 4, 2024 10:33 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: LPG - State Court case Docs

Please send a retainer agreement for this post petition work. If not I will have to file a motion and assert my retaining lien.

Thank you,

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

   On 01/04/2024 1:31 PM EST Lissebeck, Yosina <yosina.lissebeck@dinsmore.com> wrote:


   Hi Ashlee,

   Here is a dropbox for you to provide all the state court files we requested:

   https://www.dropbox.com/request/0kur5VH1cPLWCJNBtwgL

   I can let Ed answer the questions posed to him, but a quick review of the administrative bar date notice does show that you were provided notice as it went to your office at 861 Manhattan Ave – I believe it was the address used in the proof of claim filed by your office.

   Please provide us the client documents before January 8, 2024 so that we do not have to proceed with the filing of the motion.

I appreciate your help.

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
**Dinsmore & Shohl LLP** • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473 • F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com • dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Thursday, January 4, 2024 9:40 AM
**To:** Ed Hays <EHays@MarshackHays.com>; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** Re: LPG - State Court case Docs

Better yet, why doesn't the estate retain my firm for the post-petition work so I can assist on an ongoing basis?

Thank you,

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

> On 01/02/2024 3:37 PM EST Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com> wrote:
>
> Ed,
>
> Before December 7, 2023, during a telephone conference, you requested that my firm deliver to you a summary regarding the litigation pending in New York. I asked to file a post petition admin claim. You said one would be sent. I never received one.
>
> On December 7, 2023, I emailed you and Yosina asking - "Do you want documents filed to the dockets or all items, both filed and unfiled? If so, **can you have me approved to do the post petition work so I can be paid as an admin claim**?"
>
> Yosina responded that same day, **"I believe that deadline has passed but Ed could verify that; did you not get a notice?"**
>
> You never responded to this question, and I never received a notice to file an administrative claim (I also tried for several weeks before that time to get in touch with you to no avail).
>
> I am not withholding anything, I was simply waiting for you to respond. Do I need to make a motion to the Court to add a post-petition admin claim? Or can someone send me a notice via email?
>
> Thank you,
>
> **Ashlee Colonna Cohen, Esq.**
>
> Colonna Cohen Law, PLLC
>
> 861 Manhattan Ave., Suite #20
>
> Brooklyn, New York 11222

917-740-2077

On 01/02/2024 1:13 PM EST Ed Hays <ehays@marshackhays.com> wrote:

Ashlee:

Trustee steps into the shoes of the corporate debtor and is now your client contact by operation of federal law. The US Supreme Court has held that a bankruptcy trustee also acquires the attorney-client privilege for all communications between a corporate debtor and its non-bankruptcy counsel. Any party in possession of property of a bankruptcy estate including books and records must turn over such information to the trustee. Any exercise of control over estate property may also constitute a violation of the automatic stay. Please reconsider your failure to turn over the requested documents. Thank you.

Ed

Ed Hays
Marshack Hays LLP
www.marshackhays.com
Phone: 949-333-7777
Cell: 949-413-7223

**From:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Date:** Tuesday, January 2, 2024 at 11:00 AM
**To:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>, Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>, Powell, Tyler <Tyler.Powell@Dinsmore.com>, Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>, Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: LPG - State Court case Docs

Hi Ashlee – I'm trying one last time to get the Debtor's files from you re the actions below.

I can provide you a link if that is best?

Otherwise, I'm going to have to file a motion for turnover. Which I would hate to do.

Please let me know.

Thanks!

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Lissebeck, Yosina
**Sent:** Thursday, December 7, 2023 9:34 AM
**To:** 'Ashlee Colonna Cohen' <ashlee@colonnacohenlaw.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher <christopher.celentino@dinsmore.com>; Laila Masud <LMasud@marshackhays.com>
**Subject:** RE: LPG - State Court case Docs

Case 8:23-bk-10571-SC   Doc 895   Filed 01/26/24   Entered 01/29/24 09:41:12   Desc
Main Document    Page 44 of 46

I don't need docket information. We can get that – just whatever you have in your files please – was discovery done?

As discussed in our last call – administrative proof of claims were to be filed with the Court. I believe that deadline has passed but Ed could verify that; did you not get a notice?

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
**Dinsmore & Shohl LLP • Legal Counsel**
**655 West Broadway**
**Suite 800**
**San Diego, CA 92101**
T (619) 400-0473 • F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com • dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Thursday, December 7, 2023 8:41 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>; Powell, Tyler <Tyler.Powell@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** RE: LPG - State Court case Docs

Hi Yosina,

Do you want documents filed to the dockets or all items, both filed and unfiled?

If so, can you have me approved to do the post petition work so I can be paid as an admin claim?

Thank you,

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

On 12/06/2023 4:51 PM EST Lissebeck, Yosina <yosina.lissebeck@dinsmore.com> wrote:

Hi Ashlee:

Looks like you have some documents that might help us in various state court cases:

| 1 | Kings Supreme Court | 2021 | 515748/2021 | Disposed | ACE FUNDING SOURCE, LLC D/B/A THOR CAPITAL | BERKOVITCH & BOUSKILA | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION | THE LITIGATION PRACTICE GROUP PC D/B/A THE LITIGATION | 08/05/2021 | Rothenberg, M Hon. Karen B. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | PRACTICE GROUP et al | PRACTICE GROUP | | |
| 2 | Kings Supreme Court | 2021 | 527528/2021 | Disposed | DIVERSE CAPITAL LLC | | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 07/01/2022 Rivera, Hon. Francois A. |
| 3 | Nassau Supreme Court | 2021 | 612800/2021 | Disposed | LIBERTY FUND GROUP LLC | | THE LITIGATION PRACTICE GROUP PC et al | Colonna Cohen Law, PLLC | Voutsinas, M Hon. Helen |
| 4 | Nassau Supreme Court | 2021 | 613095/2021 | Disposed | COBALT FUNDING SOLUTIONS, LLC | | THE LITIGATION PRACTICE GROUP PC et al | COLONNA COHEN LAW, PLLC | 03/15/2022 Rademaker, M Hon. Thomas |
| 5 | Kings Supreme Court | 2022 | 531948/2021 | Disposed | BMF ADVANCE LLC | WELLS LAW P.C. | THE LITIGATION PRACTICE GROUP PC et al | Colonna Cohen Law, PLLC | 12/08/2022 Rothenberg, Hon. Karen B. |

Can you provide us copies of whatever documents you have regarding these cases? We are looking at the plaintiffs and their alleged security interests – so any documents you have regarding these entities would be helpful.

I don't know what you all have – if it's easier I can send a link that you can download them to? Or if you can email them?

Just let me know!

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
**Dinsmore & Shohl LLP  •  Legal Counsel**
**655 West Broadway**
**Suite 800**
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Ashlee Colonna Cohen <ashlee@colonnacohenlaw.com>
**Sent:** Monday, October 23, 2023 10:26 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Ed Hays <EHays@MarshackHays.com>
**Cc:** Natasha Vulin <natasha@colonnacohenlaw.com>
**Subject:** Re: LPG - Fundura/Claim call

Hi Yosina and Ed,

Thursday works for me, please pick a time.

Thank you,

Case 8:23-bk-10571-SC    Doc 895    Filed 01/26/24    Entered 01/29/24 09:41:12    Desc
Main Document    Page 46 of 46

**Ashlee Colonna Cohen, Esq.**

Colonna Cohen Law, PLLC

861 Manhattan Ave., Suite #20

Brooklyn, New York 11222

917-740-2077

On 10/20/2023 3:54 PM EDT Lissebeck, Yosina <yosina.lissebeck@dinsmore.com> wrote:

Hi Ed & Ashlee,

We need to set up a call for the 3 of us to discuss the Fundura litigation in NY and Ashlee would like to discuss her claim.

Next week I'm available  Monday between 10:30 a.m. pst and 2:30 p.m. pst;  or on Thursday anytime.

Please let me know what works for you!

Thanks,

# Dinsmôre

**Yosina M. Lissebeck**
Partner Of Counsel
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

- image001.jpg (21 KB)