1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Yosina M. Lissebeck (State Bar No. 201654)
   **DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone:    619.400.0500
   Facsimile:    619.400.0501
5  christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
6  yosina.lissebeck@dinsmore.com

7  Special Counsel to Richard A. Marshack

8

9                **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11

12  In re:                                    Chapter 11

13  THE LITIGATION PRACTICE GROUP,            Case No. 8:23-bk-10571-SC
    P.C.,
14                                            **TRUSTEE'S REPLY TO ASHLEE**
                                              **COLONNA COHEN'S *PRO SE***
15        Debtor.                             **OPPOSITION TO TRUSTEE'S MOTION**
                                              **FOR TURNOVER PURSUANT TO 11**
16                                            **U.S.C. § 542(e)**

17                                            **Hearing**
                                              Date:      January 31, 2024
18                                            Time:      1:30 p.m. (Pacific Time)
                                              Judge:     Hon. Scott C. Clarkson
19                                            Location:  Courtroom 5C
                                                         411 West Fourth Street
20                                                       Santa Ana, CA 92701

21

22        On January 10, 2024, Richard M. Marshack, Chapter 11 Trustee, by and through his special

23  counsel, caused to be filed a Motion for Turnover Pursuant to 11 U.S.C. § 542(e); Memorandum of

24  Points and Authorities in Support of Motion for Turnover Pursuant to 11 U.S.C § 542(e); and

25  Declaration of Richard A. Marshack in Support Thereof ("Motion") [Dkt. No. 828] and Notice of

26  Motion ("Notice") [Dkt. No. 829].  The Motion was directed to Colonna Cohen Law, PLLC ("Firm"),

27  a New York PLLC, and Proof of Service was filed on January 10, 2024 [Dkt. No. 830].  Pursuant to

28  the Notice, parties were required to file any Opposition to the Motion at least 14 days before the

scheduled hearing date of January 31, 2024.  The Notice further noted that pursuant to LBR 9013-1(h) the failure to file a timely response to the Motion may be deemed consent to the relief sought in the Motion.  On the afternoon of January 24, 2024, Ms. Colonna Cohen, a licensed New York attorney, sent undersigned counsel a *pro se* opposition to the Motion on behalf of the Firm ("Opposition").  The Opposition was filed on January 26, 2024 and was entered on the Docket as No. 895 on January 29, 2024.  While the Motion was directed to the Firm, Ms. Colonna Cohen, as managing member of the Firm, filed the Opposition as a *pro se* pleading.  It is unclear who else received this Opposition or how this Opposition was served.

## ADDITIONAL RELEVANT FACTS

Given the arguments and assertions made in the Opposition, some additional facts must be placed into the record.

First, the Firm and not Ms. Colonna Cohen filed Proof of Claim No. 204 ("Claim") on August 14, 2023 in the amount of $808,704.37.  The Claim was filed as an unsecured claim seeking legal fees based on a contingent fee arrangement based on the Debtor's "savings" in a settlement with a merchant cash advance lender.  The March 1, 2022 invoice attached to the Claim is redacted, and the Trustee does not know the details of this settlement.  Given that the Debtor likely borrowed the money to pay the settlement proceeds from another merchant cash advance lender, it is unclear whether there was any savings to the Estate whether the Debtor "saved" anything at all.

Second, because the Debtor's engagement letter was with the Firm, the Opposition should not be considered because the Firm cannot represent itself and because Ms. Colonna Cohen does not have standing to oppose the Motion as an individual.  It is black letter law that entities cannot represent themselves in court even if the individual appearing *pro se* is the president or owner of the entity. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202, 113 S. Ct. 716, 721 (1993) (collecting cases and finding that the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.")

Third, the Firm represented the Debtor in several cases in New York state court filed by merchant cash advance lenders.  Some of the Plaintiffs in these cases are current alleged secured

creditors of the Debtor while the cases of other Plaintiffs settled.  This representation was lucrative for the Firm with over $1,200,000.00 paid to the Firm between November 2021 and October 2022 based on information from the Trustee's accountant, Grobstein Teeple LLP.  The Trustee has no information on the calculation of these payments, but it is possible that the estate may have significant claims against the Firm that would offset any amount that the may be owed upon the Claim.  A declaration from counsel regarding these payments is attached hereto as <u>Exhibit A</u>.

Finally, on January 4, 2024, despite Ms. Cohen's statement to the contrary in her Opposition (pg. 8, lines 19-21) Ms. Lissebeck did respond via email to Ms. Cohen's questions, stating that Ms. Cohen was provided a copy of the administrative bar date notice, which was properly served at the address identified by the Firm on its Claim.  See, Opposition, bottom of pg 18.

## **TURNOVER IS REQUIRED AND NECESSARY**

On January 26, 2024, the Trustee filed suit against those parties that assert perfected security interests against the Debtor's assets.  Many of the Defendants in this adversary are either Plaintiffs in state court litigation where the Firm represented the Debtor, or are the assignees of UCC-1 Statements from parties that reached settlements with the Debtor that were handled by the Firm.  The Trustee needs the Debtor's client files that the Firm is holding to move this suit forward and to investigate additional claims against parties-in-interest.

The Trustee understands that all of the pre-petition litigation actions against LPG, including the New York Cases, were stayed. The Trustee has tried to resolve this dispute before filing the Motion and notes the Firm's stance is at odds with Rule 16(e) of the New York Rules of Professional Conduct which requires a lawyer to "take steps, to the extent practicable, to avoid foreseeable prejudice to the rights of the client … delivering to the client all papers and property to which the client is entitled [.]" While the New York Rules of Professional Conduct acknowledge the statutory lien rights of attorneys, the Firm's demands to be paid in full or ahead of every other creditor on its Claim is prejudicing the Trustee's work.  Despite the many issues with the Opposition, the Trustee asks for a ruling on the merits to expedite the delivery of the information held by the Firm.

The Trustee agrees that New York law, to the extent it is controlling, appears to grant an attorney both a "charging lien" on the claims given to them to litigate and a common law "retaining

1  lien" against the a client's files and documents as a protection for nonpayment.  See *In re Heinsheimer*,

2  214 N.Y. 361, 364, 108 N.E. 636, 637 (1915).  It appears that the Firm is asserting a "retaining lien"

3  on <u>all</u> matters it handled for the Debtor in order to extract the amount sought in the Claim that is owed

4  for one concluded matter.  It is not clear if this is permissible under New York law.  Furthermore, the

5  Firm fails to understand that while the files may be subject to the Firm's state law liens, the files

6  themselves remain property of the estate subject to the asserted liens.  In this respect, this issue is no

7  different than any other dispute between a secured creditor and debtor.

8  **<u>REVIEW OF CLAIM AND DETERMINATION OF LIEN</u>**

9  While decided under the Florida law governing attorneys' liens, the case of *In re Matassini*,

10  90 B.R. 508 (Bankr. M.D. Fl. 1988) is on point.  The Court noted there was no dispute that a statutory

11  or common law lien based on possession, like the Firm's alleged lien, was controlled by state law and

12  was not eliminated merely because a bankruptcy was filed.  But the lien on the files remained subject

13  to 11 U.S.C. § 542(e), which Congress enacted to

14  
15  
16  
17  to eliminate the leverage of accountants and attorneys under state lien law which often requires full payment of professional fees over the debts of other creditors prior to the professional releasing information. With the enactment of 11 U.S.C. § 542(e), the bankruptcy court may order turnover of the information when the information is necessary to the administration of the estate. H.R. 95-595, 95th Cong., 1st Sess. 369-70 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 84 (1978); U.S. Code Cong. & Admin. News 1978, p. 5787, 6325.

18  *In re Matassini*, 90 B.R. 508, 509 (Bankr. M.D. Fla. 1988).

19  The Court in *Matassini* noted that adequate protection should be given to the lienholder

20  because the surrender of the files or documents would void the possessory lien under state law.  The

21  Opposition cites similar protections granted in other cases to demand that the Firm's Claim should be

22  paid immediately or it should be granted a "valid, superior lien in the Estate's assets that must be paid"

23  before any other creditor.  These demands put the cart before the horse contradicting New York state

24  law and the Bankruptcy Code.

25  Under New York state law, a discharged attorney asserting a lien based on a contingent fee

26  provision has the option of taking a fixed dollar amount compensation, presently determined on a basis

27  of *quantum meruit*, or, instead, of taking a contingent amount or percentage also based on *quantum*

28  ///

*meruit* but with the amount or percentage determined in an ancillary proceeding at the conclusion of the case.

*See Paolillo v. Am. Exp. Isbrandtsen Lines, Inc.*, 305 F. Supp. 250, 251 (S.D.N.Y. 1969).

The amount of the Claim cannot be fixed until this has been done. Similarly, a Trustee in bankruptcy has a fiduciary duty to review proofs of claim, object to claims lacking documentation or where recovery should be barred, and to determine the status of secured claims pursuant to 11 U.S.C. §§ 502 and 506. This Court has the exclusive jurisdiction over "allowance or disallowance of claims" and of the "determination of the validity, extent, or priority of liens." None of this has happened yet. Furthermore, immediate payment or allowance of the Claim is impossible under 11 U.S.C. 502(d) which disallows the claim of any party "from which property is recoverable under section 542, 543, 550, or 553 of this title[.]" As noted above, the Trustee is investigating potential avoidance actions against the Firm. Thus, § 502(d) bars immediate payment of the Claim.

## CONCLUSION

Congress enacted 11 U.S.C. § 542(e) to prohibit the demands in the Opposition and the Court has the authority to oversee the turnover of the files such that all parties retain their rights and claims as of the Petition Date. The Firm's interest in the files will be adequately protected if they are turned over to the Trustee subject to an order both reserving all the rights and claims of the Firm and the Trustee and preserving whatever rights the Firm had as of the Petition Date. The Opposition's demands for immediate payment or immediate allowance of its Claim are prohibited by New York law and the Bankruptcy Code.

Dated: January 29, 2024                    Respectfully submitted,

                                           **DINSMORE & SHOHL LLP**


                                           By:  */s/ Yosina M. Lissebeck*
                                                Christopher B. Ghio
                                                Yosina M. Lissebeck
                                                Special Counsel to Richard A. Marshack,
                                                Chapter 11 Trustee

## <u>DECLARATION OF YOSINA M. LISSEBECK</u>

I, Yosina M. Lissebeck, declare as follows:

1.    I am an attorney in the bankruptcy practice group at Dinsmore & Shohl LLP ("Dinsmore" or the "Firm"), special counsel to Richard A. Marshack, Chapter 11 trustee (the "Trustee") for The Litigation Practice Group, P.C. (the "Debtor" or "LPG") in the above-captioned bankruptcy case (the "Case"). I am one of the attorneys at Dinsmore that represent the Trustee. I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the pleading to which this declaration is attached.

2.    The Court may take judicial notice of the following:

(a)    On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

(b)    On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. Since his appointment, the Trustee has served in this capacity and has started his investigation of the Debtor's pre-petition business and transactions.

(c)    On July 3, 2023, the Court entered an order approving the Trustee's retention of Grobstein Teeple LLP ("Grobstein") as accountant for the Trustee effective as of May 12, 2023 [Docket. No. 169].

3.    I reviewed the Claim filed by the Firm in this case, and I asked Grobstein to see if the Debtor previously made similar payments to the Firm prior to bankruptcy.

///
///
///
///
///

4.　　Based on the bank statements in its possession, Grobstein advised that the Debtor had paid the Firm $1,215,614.61 from November 8, 2021 through October 19, 2022. While the first payment was $600,000.00, no other payment exceeded $100,000.00. Grobstein does not have a complete set of pre-petition bank statements and additional payments may be discovered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 29, 2024                    _____/s/ Yosina M. Lissebeck_____
                                        Yosina M. Lissebeck

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled: **TRUSTEE'S REPLY TO ASHLEE COLONNA COHEN'S
*PRO SE* OPPOSITION TO TRUSTEE'S MOTION FOR TURNOVER PURSUANT TO 11 U.S.C. § 542(e)**

 will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
January 29, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒      Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On January 29, 2024, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 29, 2024, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

> **JUDGE'S COPY - HAND DELIVERY**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593
>
> **VIA EMAIL:**  Ashlee Colonna Cohen - ashlee@colonnacohenlaw.com

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 29, 2024 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-.1.PROOF.SERVICE**

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy
Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi
.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mcforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-.1.PROOF.SERVICE**

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
richard@amintalati.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-.1.PROOF.SERVICE**

razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                  **F 9013-.1.PROOF.SERVICE**

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                    **F 9013-.1.PROOF.SERVICE**

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,ban
kruptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-.1.PROOF.SERVICE

tyler.powell@dinsmore.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.co
m

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.co
m

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-.1.PROOF.SERVICE**

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-.1.PROOF.SERVICE**

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.