D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>NOTICE OF SERVICE OF SUBPOENA TO CUSTODIAN OF RECORDS FOR JPMORGAN CHASE BANK, N.A.<br><br>Date of Production<br>February 28, 2024 at 10:00 a.m. |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, applicable to this case pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), intends to command the Custodian of Records for JPMorgan Chase Bank, N.A. to produce the documents specified in the attached Subpoena. A true and correct copy of the Subpoena is attached as **Exhibit 1**.

DATED: January 31, 2024    MARSHACK HAYS WOOD LLP
                /s/ Bradford N. Barnhardt
           By: _____
              D. EDWARD HAYS
              BRADFORD N. BARNHARDT
              Attorneys for Chapter 11 Trustee,
              RICHARD A. MARSHACK

1
NOTICE OF SERVICE OF SUBPOENA

4886-0440-6431,v.1

**EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Central__ District of __California__

In re THE LITIGATION PRACTICE GROUP P.C.,
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 8:23-bk-10571-SC

Chapter 11

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Custodian of Records for JPMorgan Chase Bank, N.A.
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment "A".

| PLACE   Marshack Hays Wood LLP
870 Roosevelt, Irvine, CA 92620 | DATE AND TIME
February 28, 2024   10:00 am |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 30, 2024

MARSHACK HAYS WOODS LLP

CLERK OF COURT

OR   /s/ Bradford N. Barnhardt

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard A. Marshack, Chapter 11 Trustee, who issues or requests this subpoena, are: Bradford N. Barnhardt, Esq., Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620; (949) 333-7777; bbarnhardt@marshackhays.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 8:23-bk-10571-SC    Doc 917    Filed 02/05/24    Entered 02/05/24 19:10:36    Desc
Main Document     Page 4 of 15

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 8:23-bk-10571-SC    Doc 917    Filed 02/05/24    Entered 02/05/24 19:10:36    Desc
Main Document    Page 5 of 15

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment "A"

## Subpoena to Produce Documents in a Bankruptcy Case to

## Custodian of Records for JPMorgan Chase Bank, N.A.

Pursuant to the foregoing Subpoena in a Case Under the Bankruptcy Code ("Subpoena"), Custodian of Records for JPMorgan Chase Bank, N.A. ("CHASE") shall produce all DOCUMENTS that are in CHASE's possession, custody, or control described below.

**INSTRUCTIONS**

1. You are instructed to produce the Documents (as defined and described below) that are in your possession, custody, or control including, but not limited to, Documents in the possession of your attorneys, accountants, bookkeepers, agents, or representatives. You are further instructed to produce the Documents as they are kept in the usual course of business. If a Document is maintained on a computer, a hard copy of that Document shall be produced. In addition, Documents are to be produced in their entirety; redacted Documents will not constitute compliance with this request.

2. If you contend that the contents of a Document are protected from disclosure because of a privilege or the work-product doctrine, you must supply a description of that Document by providing the following information:

    a. Each privilege or doctrine which you contend protects the contents of that Document from disclosure;

    b. Each fact upon which you rely to support your claim of privilege;

    c. The type of Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

    d. The date of the Document or, if it bears no date, the date on which it was prepared;

    e. The name of each author of the Document;

    f. The name of each person to whom the Document was directed;

    g. The name of each person who received or reviewed the Document or to whom the Document or a copy thereof was supplied; and

AFDOCS:198430434.3

1        h.      The general subject matter of the Document.

2    3.      In the event that any Document described below has been destroyed, discarded, or otherwise disposed of ("Disposal"), each such Document is to be identified as completely as possible including, without limitation, the following information:

       a.      The type of Document (*e.g.,* letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

       b.      The date of the Document or, if it bears no date, the date on which it was prepared;

       c.      The name of each author of the Document;

       d.      The name of each person to whom the Document was directed;

       e.      The name of each person who received or reviewed the Document or to whom the Document or a copy thereof was supplied;

       f.      The general subject matter of the Document;

       g.      The date of Disposal;

       h.      The manner of Disposal;

       i.      The reason for the Disposal;

       j.      The name of the person who authorized the Disposal;

       k.      The name of the person who disposed of the Document;

       l.      The name of the custodian of the Document at the time of the Disposal; and

       m.      The disposition of the Document; and, if it is still extant, the name of the person who currently has possession, custody, or control of it.

**DEFINITIONS**

A.      "DOCUMENT(S)" means a "writing" or "recording," as those terms are defined in Federal Rule of Evidence 1001, and refers to those materials in YOUR actual or constructive possession, custody or control, including, but not limited to, originals, copies, non-identical copies, and preliminary, intermediate, and final drafts of writings, recordings of oral communications, correspondence, e-mails, papers, books, pamphlets, periodicals, bills, accounts,

checks, check registers, letters, photographs, objects, telegrams, notes, minutes, memoranda, inter-office and intraoffice communications, reports, studies, surveys, forecasts, analysis, indexes, calendars, diaries, and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic (such as on a computer hard drive or diskette), microfilm, phonic (such as tape recordings), photographic or other means. Handwritten or other notations of any kind on any copy of a DOCUMENT render it non-identical.

B.   The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings, and all other forms of communicating language or thought.

C.   "RELATING TO" shall have the same meaning as "RELATE," "REFER," "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE" and includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

D.   "YOU" or "CHASE" shall mean and refer collectively and individually to JPMorgan Chase Bank, N.A., and its agents and all other persons acting or purporting to act on its behalf.

E.   "BAT, Inc." shall mean Defendant, BAT, Inc.; aka B.A.T. Inc.; aka BAT, Inc. dba Coast Processing; aka BAT, Inc. aka B.A.T., Inc. dba Coast Processing whose last known address is 20101 SW Cypress St., Newport Beach CA 92660 with its officers and directors, Tony Diab and/or Han N. Trinh.

F.   "PERSON" or "PERSONS" shall mean all natural persons, firms, associations, organizations, partnerships, business trusts, corporations, limited liability companies or public entities.

**DOCUMENTS TO BE PRODUCED**

1.   All DOCUMENTS RELATING TO a Chase account in the name of BAT, Inc. with account number ending 0830, including but not limited to bank statements, transaction

summaries, account information, ledgers, deposit, cashier's checks, check drafts, money transfers, withdrawal slips, cancelled checks, applications and executed authorizations forms.

2. All DOCUMENTS from January 1, 2020, to the present, RELATING TO authorized signers for the Chase account in the name of BAT, Inc., with account number ending 0830.

3. All DOCUMENTS from February 20, 2019 to the present, RELATING TO any request to increase the daily spending limit for account ending in 0830 held by BAT, Inc.

4. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with any PERSON RELATING TO the BAT, Inc. account ending in 0830 from February 20, 2019 to the present.

5. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Tony Diab RELATING TO the BAT, Inc. account ending in 0830 from February 20, 2019 to the present.

6. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Han N. Trinh RELATING TO the BAT, Inc. account ending in 0830 from February 20, 2019 to the present.

7. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Arash Asanti Bayrooti RELATING TO the BAT, Inc. account ending in 0830 from February 20, 2019 to the present.

8. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Brian Reale RELATING TO the BAT, Inc. account ending in 0830 from February 20, 2019 to the present.

9. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Mario Azevedo RELATING TO the BAT, Inc. account ending in 0830 from February 20, 2019 to the present.

///

///

///

10. All DOCUMENTS from February 20, 2019 to the present regarding any transfer of funds, including but not limited to, internal account transfer, wire, ACH or other form of electronic transfer of funds, from the BAT, Inc. account ending in 0830 to any account held by Arash Asanti Bayrooti.

11. All DOCUMENTS from February 20, 2019 to the present regarding any transfer of funds, including but not limited to, internal account transfer, wire, ACH or other form of electronic transfer of funds, from the BAT, Inc. account ending in 0830 to any account held by Brian Reale.

12. All DOCUMENTS from February 20, 2019 to the present regarding any transfer of funds, including but not limited to, internal account transfer, wire, ACH or other form of electronic transfer of funds, from the BAT, Inc. account ending in 0830 to any account held by Mario Azevedo.

13. All DOCUMENTS RELATING TO any other Chase account in the name of BAT, Inc. from February 20, 2019 to the present, including but not limited to bank statements, transaction summaries, account information, ledgers, deposit, cashier's checks, check drafts, money transfers, withdrawal slips, cancelled checks, applications and executed authorizations forms.

14. All DOCUMENTS RELATING TO any other Chase account held in the name of B.A.T., Inc. aka B.A.T., Inc. dba Coast Processing aka BAT, Inc. aka BAT from February 20, 2019 to the present, including but not limited to bank statements, transaction summaries, account information, ledgers, deposit, cashier's checks, check drafts, money transfers, withdrawal slips, cancelled checks, applications and executed authorizations forms.

15. All DOCUMENTS RELATING TO any other Chase account held in the name of Han N. Trinh from February 20, 2019 to the present, including but not limited to bank statements, transaction summaries, account information, ledgers, deposit, cashier's checks, check drafts, money transfers, withdrawal slips, cancelled checks, applications and executed authorizations forms.

///

16. ALL DOCUMENTS RELATING TO any loan made by CHASE to BAT, Inc. from February 20, 2019 to the present, including but not limited to any personal, business, mortgage or automobile loans.

17. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with any PERSON RELATING TO any loan made by CHASE to BAT, Inc. from February 20, 2019 to the present.

18. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Tony Diab RELATING TO any loan made by CHASE to BAT, Inc. from February 20, 2019 to the present.

19. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Han N. Trinh RELATING TO any loan made by CHASE to BAT, Inc. from February 20, 2019 to the present.

20. ALL DOCUMENTS RELATING TO any credit card account issued by CHASE to BAT, Inc. from February 20, 2019 to the present, including but not limited to any personal, business, mortgage or automobile loans.

21. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with any PERSON RELATING TO any credit card account issued by CHASE to BAT, Inc. from February 20, 2019 to the present.

22. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Tony Diab RELATING TO any credit card account issued by CHASE to BAT, Inc. from February 20, 2019 to the present.

23. All COMMUNICATIONS, including but not limited to service agent notes, recordings, letters or any other method of correspondence with Han N. Trinh RELATING TO any credit card account issued by CHASE to BAT, Inc. from February 20, 2019 to the present.

4861-9884-2015,v.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: NOTICE OF SERVICE OF SUBPOENA TO CUSTODIAN OF RECORDS FOR JPMORGAN CHASE BANK, N.A will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 31, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 5, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 5, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
   - **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com; jdoling@jubileebk.net
   - **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
   - **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC:** William P Fennell william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com; wpf@ecf.courtdrive.com; hala.hammi@fennelllaw.com; naomi.cwalinski@fennelllaw.com; samantha.larimer@fennelllaw.com
   - **ATTORNEY FOR CREDITOR HERRET CREDIT:** Eric Gassman erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com; angelica.urena@dinsmore.com; deamira.romo@dinsmore.com
   - **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD:** Amy Lynn Ginsburg efilings@ginsburglawgroup.com
   - **ATTORNEY FOR DEFENDANT STRIPE, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** David M Goodrich dgoodrich@go2.law, kadele@go2.law; dfitzgerald@go2.law; wggllp@ecf.courtdrive.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
   - **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION:** Brian L Holman b.holman@musickpeeler.com
   - **INTERESTED PARTY COURTESY NEF:** Richard L. Hyde richard@amintalati.com
   - **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION:** Peter L Isola pisola@hinshawlaw.com, lnystrom@hinshawlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC:** Razmig Izakelian razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC.:** Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com; jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.:** Britteny Leyva bleyva@mayerbrown.com, 2396393420@filings.docketbird.com; KAWhite@mayerbrown.com; ladocket@mayerbrown.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP:** Mitchell B Ludwig mbl@kpclegal.com, kad@kpclegal.com
- **ATTORNEY FOR DEFENDANT DANIEL S MARCH:** Daniel S March marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH:** Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR DAVID ORR:** Mark J Markus bklawr@bklaw.com, markjmarkus@gmail.com; markus.markj.r112926@notify.bestcase.com
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Sarah S Mattingly sarah.mattingly@dinsmore.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC:** Glenn D Moses gmoses@venable.com, cascavone@venable.com; ipmalcolm@venable.com; jadelgado@venable.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.:** Lisa Patel lpatel@lesnickprince.com, jmack@lesnickprince.com; jnavarro@lesnickprince.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC:** Michael R Pinkston rpinkston@seyfarth.com, jmcdermott@seyfarth.com, sfocalendar@seyfarth.com, 5314522420@filings.docketbird.com, bankruptcydocket@seyfarth.com
- **ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC:** Kevin Alan Rogers krogers@wellsmar.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC:** Maureen J Shanahan Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC:** Zev Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC:** Adam D Stein-Sapir info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; NEF-BK@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK:** Michael R Totaro Ocbkatty@aol.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

2. **SERVED BY UNITED STATES MAIL**:

**INTERESTED PARTY:**
BAT, INC.
ATTN: TONY DIAB
20101 SW CYPRESS ST
NEWPORT BEACH, CA 92660

Han Trinh
11432 Woodbury Road
Garden Grove, California 92843-3540

**INTERESTED PARTY:**
HAN N. TRINH
212 W. CHERRY DRIVE
ORANGE, CA 92868

Tony Diab
20101 SW Cypress Street
Newport Beach, California 92660

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                         **F 9013-3.1.PROOF.SERVICE**