CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmore.com
655 West Broadway, Suite 800
San Diego, California 92101
Tele: (619) 400-0468
Fax: (619) 400-0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| | **CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT MAVERICK BANKCARD, INC.** |
| | Date:    March 13, 2024<br>Time:    11:00 a.m.<br>Judge:   Hon. Scott C. Clarkson<br>Place:   Courtroom 5C<br>         411 West Fourth Street<br>         Santa Ana, California  92701 |

**TO THE COURT, HONORABLE SCOTT C. CLARKSON, OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:**

Plaintiff Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG") hereby submits this Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion") In support of the Motion, Trustee submits the following Memorandum of Points and Authorities and the Declaration of Jeremy B. Freedman, and respectfully represents as follows:

## I.
## INTRODUCTION

By this Motion, Trustee seeks the Court's approval of a Settlement Agreement (the "Agreement") with Maverick Bankcard, Inc. ("Maverick"). The Agreement requires Maverick to release funds remaining in LPG's Reserve (defined below) to Trustee; grants limited relief from the automatic stay to allow Maverick to exercise rights to recoupment and/or set off; and allows Maverick to file an unsecured deficiency Proof of Claim. Trustee believes approving the Agreement is in the best interests of the Estate's creditors because it will satisfy the pre-petition claims of a significant creditor while providing for the recovery of Estate Property, both without the need for further litigation or ongoing review by this Court.

## II.
## BACKGROUND

1. On March 20, 2023, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, initiating Case No. 8:23-bk-10571-SC.

2. On May 8, 2023, Richard A. Marshack was appointed as Chapter 11 Trustee of Debtor's Bankruptcy Estate and assumed all authority to administer Debtor's Estate in this case.

3. On May 25, 2024, Trustee filed his complaint for injunctive relief, fraudulent conveyance and turnover initiating Adversary Proceeding No. 8:23-ap-01046-SC ("1046 Action") as to over forty defendants, including Maverick.

4. Maverick performed certain pre-petition merchant credit card and other payment processing services for the Debtor, pursuant to that certain Merchant Account Application and Agreement between Debtor and Maverick dated December 16, 2021 and that certain ACH Processing Application and Agreement between Debtor and Maverick dated March 7, 2022 (collectively, the "Merchant Agreements").

5. The Merchant Agreements authorized and permitted Maverick to establish and maintain a reserve (the "Reserve") to cover certain of Debtor's obligations under the Merchant Agreements.

6. The Reserve was established pre-petition in the amount of $628,343.18. In addition, and before Maverick received any notice that the bankruptcy case had been initiated, it unknowingly held an additional $48,180.27 from credit and debit card transactions by Debtor's clients that occurred post-petition.

7. Maverick has a pre-petition claim against Debtor's Chapter 11 Estate to the extent of any unpaid and/or unrecouped client refunds, chargebacks and ACH returns by Debtor's clients, on credit card, debit card and ACH transactions with Debtor that occurred prior to the petition date, that Maverick has been required to fund and return to Debtor's clients since the filing of the bankruptcy case (the "Maverick Claim").

8. As of the date of the Agreement, the Maverick Claim is partially liquidated, and partially contingent and unliquidated, as some of Debtor's clients remain eligible to dispute transactions with Debtor that occurred prior to the petition date.

9. The Maverick Claim is a secured claim to the extent of the Reserve, and a general unsecured claim to the extent of any losses on pre-petition transaction that exceed the amount of the Reserve.

10. The Court-ordered deadline for creditors to file a claim is February 23, 2024. Because the deadline to file a claim falls before the Trustee's Motion may be heard, Maverick reserves the right to file a claim. [Bank. Dkt. No. 804 and 870]. In the event the Court grants Trustee's Motion, Maverick's claim, if any, shall be deemed withdrawn and or amended according to proof by Maverick.

11. The Parties wish to stipulate and agree to limited and precautionary relief from the automatic stay, if and as necessary, to allow Maverick to exercise its right of recoupment and/or setoff in respect to the Reserve, to apply funds in the Reserve to cover its losses on pre-petition transactions by Debtor's clients to date, and then to release any funds remaining in the Reserve to the Trustee.

### III.
### TERMS OF THE SETTLEMENT

12. The salient terms of the Settlement Agreement attached to the Declaration of Jeremy Freedman, concurrently filed herewith as **Exhibit A**, are as follows:

   a. This Agreement shall be effective on the date the Bankruptcy Court enter an order approving this Agreement (the "Effective Date"). Trustee agrees to promptly seek entry of an order approving this Agreement. Exhibit A at ¶ 1.

   b. As of the Effective Date, Maverick may recoup, setoff, or otherwise retain and apply funds in the Reserve to satisfy and pay the Maverick Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes. Exhibit A at ¶ 2.

   c. Promptly following the Effective Date, and following its recoupment and applications of funds as provided above, Maverick shall release and pay over to Trustee any and all funds remaining in the Reserve, consisting of, (a) the $48,180.27 that Maverick unknowingly held post-petition, and (b) the difference remaining after the funds required to recoup the Maverick Claim, to the extent that it is fixed and liquidated as of the effective date, are deducted from the $628,343.18 held in the Reserve as of the Petition Date. Exhibit A at ¶ 3.

///
///
///

4

      d.      To the extent that any portion of the Maverick Claim that is currently contingent and unliquidated shall become fixed and liquidated after the Effective Date, Maverick shall have an unsecured claim and be required to file a timely Proof of Claim in the Bankruptcy Case. Exhibit A at ¶ 4.

      e.      The Court shall maintain jurisdiction over Maverick for the sole purpose of enforcement of the Preliminary Injunction until such time as the Court orders otherwise. Exhibit A at ¶ 9.

## IV.

## THE COURT IS AUTHORIZED TO APPROVE THE SETTLEMENT

13. The authority granted to a trustee to compromise a controversy or agree to a settlement is set forth in Federal Rule of Bankruptcy Procedure 9019(a) ("Rule 9019"), which provides in pertinent part that "[o]n motion by the [debtor in possession] and after hearing on notice to creditors ..., the court may approve a compromise or settlement."  Under these circumstances, the decision of whether a compromise should be accepted or rejected lies within the sound discretion of the court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D. R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); *Knowles v. Putterbaugh (In re Hallet)*, 33 B.R. 564, 565 (Bankr. D. Me. 1983).

14. The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive investigation of the claims sought to be compromised. *See United States v. Alaska National Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See In re A & C Properties, supra,* 784 F.2d at 1381.

15. The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

    a. the probability of success in the litigation;

    b. the difficulties, if any, to be encountered in the matter of collection;

    c. the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it;

    d. the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties, supra,* 784 F.2d at 1381.

16. A court should not substitute its own judgment for the judgment of the trustee. *Matter of Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D. N.Y. 1984). A court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact but rather to canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), accord, *Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). "It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D.Ohio 1990).

17. For all of the reasons set forth above and further explained below, Trustee believes the Agreement is reasonable, fair and equitable, and in the best interests of the Estate and its creditors. A review of the factors outlined below further supports approval of the Agreement.

**A. THE PROBABILITY OF SUCCESS IN LITIGATION**

18. Trustee does not anticipate litigation in this matter. Perhaps it makes the most sense to frame this Motion as a settlement without a stipulated judgment. Proving the necessity of returning to Trustee the excess LPG funds held by Maverick presents no difficulty, and avoiding the cost to the Estate of doing so is the intent of this Motion. Maverick and Trustee are in full agreement about the appropriate disposition of funds implicated by this Motion. There are no other interested parties and

Trustee does not anticipate any objection to the approval of the Agreement. Thus, this factor favors approving the Agreement.

**B.    DIFFICULTIES IN COLLECTION**

19.    As noted, there are no remaining controversies in this matter between Trustee and Maverick. Once the Agreement is approved, the parties fully intend to timely perform their obligations under the Agreement as set forth herein. Barring any unforeseen obstacles, there should be no difficulty in collections. Thus, this factor weighs in favor of approving the Agreement.

**C.    COMPLEXITY OF LITIGATION**

20.    The issues involved in the Agreement are straightforward. The amount held by Maverick has been established through accounting records. See Declaration of Jeremy B. Freedman at ¶ 3, Exh. B. The terms of chargebacks, disputed charges and insufficient funds are provided in Maverick's service agreement with LPG. *Id*. at 4, Exh. C. The amount of the chargebacks, disputed charges and insufficient funds reversals are further supported by the accounting records. *Id*. at 3, Exh. B. As there is full agreement between Trustee and Maverick on all relevant facts as well as full agreement on the appropriate disposition of the LPG estate funds, there is little to no complexity in the issues presented. In fact, the Agreement is purposefully limited in scope so as to minimize the possibility of unwarranted complications. As such, this factor weighs in favor of approving the Agreement.

**D.    BEST INTEREST OF CREDITORS**

21.    Approving the Agreement is in the best interest of LPG's creditors because Trustee will be recovering 100% of Debtor's assets held by Maverick after appropriate chargebacks are deducted. Approving the Agreement, therefore, guarantees an infusion of capital to the Bankruptcy Estate that will be distributed to Debtor's creditors without the need to expend Estate funds through litigation. Trustee submits that the Agreement represents a valid exercise of his business judgment, is fair and reasonable, and in the best interests of Debtor's creditors. Thus, this factor weighs in favor of approving the Agreement.

///

///

7

# V.

## THE SETTLEMENT IS A RESULT OF GOOD FAITH AND ARMS' LENGTH NEGOTIATIONS

22. Trustee further submits that the Agreement results from a good faith and arms' length negotiation between Trustee and Maverick. The Agreement is not the result of any collusion between Trustee, Maverick, or any other party.

# V.

## CONCLUSION

23. The Trustee respectfully requests that the Bankruptcy Court enter an order providing for the following relief:

a. Granting the Motion;

b. Approving the terms of the Agreement, a copy of which is attached as Exhibit 1 to the Declaration of Jeremy Freedman filed concurrently herewith, and authorizing Trustee to enter into the Agreement;

c. Authorizing Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Agreement;

d. Withdraw or amend Maverick's general claim in the Bankruptcy matter, if any, according to proof by Maverick; and

e. For such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: February 16, 2024    DINSMORE & SHOHL LLP

By: /s/ Jeremy B. Freedman
    Christopher B. Ghio
    Jeremy B. Freedman
    Special Counsel to Richard A. Marshack,
    Chapter 11 Trustee for the Bankruptcy
    Estate of The Litigation Practice Group P.C.

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT MAVERICK BANKCARD, INC.**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 16, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On February 16, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 16, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS – JUDGE'S COPY**

Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 16, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | |
|---|---|
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@efc.inforuptcy.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*     Page 11     **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*  Page 12  **F 9013-3.1.PROOF.SERVICE**