Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
Jonathan Serrano (State Bar No. 333225)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com
jonathan.serrano@dinsmore.com

Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY VASCO ASSETS, INC.; DECLARATION OF JONATHAN SERRANO IN SUPPORT THEREOF; AND EXHIBIT**<br><br>Date:    *No Hearing Required*<br>Time:    *No Hearing Required*<br>Place:   Courtroom 5C<br>             411 W. Fourth Street<br>             Santa Ana, CA 92701<br>Judge:   Hon. Scott C. Clarkson |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; VASCO ASSETS, INC.; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER PARTIES IN INTEREST:

**PLEASE TAKE NOTICE** that, on February 22, 2024, Richard A. Marshack, the Chapter 11 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of debtor The Litigation Practice Group P.C. (the "Debtor") in the above-captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, this *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents by Vasco Assets, Inc.* (the "Motion"). The Motion is made pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules") to require the production of documents by Vasco Assets, Inc. ("Vasco"). Specifically, the Trustee seeks an order providing that:

1. Upon service of a subpoena on Vasco, Vasco shall produce for inspection and copying by the Trustee the documents and things described in **Exhibit 1** to the attached subpoena (the "Documents") **at or before 5:00 p.m. PST on March 22, 2024** at the offices of Dinsmore & Shohl LLP located at 550 S. Hope Street, Suite 1765, Los Angeles, CA 90071 or via email to jonathan.serrano@dinsmore.com.

2. The Trustee is authorized to issue subpoenas as necessary to compel such document production.

3. If Vasco withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, Vasco shall prepare a privilege log in accordance with the "Instructions" in **Exhibit 1** to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Jonathan Serrano of Dinsmore & Shohl LLP, 550 S. Hope Street, Suite 1765, Los Angeles, CA 90071 or via email to jonathan.serrano@dinsmore.com) **at or before 5:00 p.m. PST on March 22, 2024**.

4. Such other and further relief as the Court deems just and proper is granted.

The Motion is made under Rule 2004 and Local Rule 2004-1 on the grounds that the Trustee is investigating the financial activities of the Debtor and related entities. Based on records of the Debtor, within two years of the petition date, the Debtor paid Vasco the sum of $395,581.73. The Debtor's records are inconclusive as to Vasco's relationship with the Debtor, and the Trustee does not have documents supporting a basis for the transfers.

Information regarding whatever transaction that caused the Debtor to transfer money to Vasco is needed to assist the Trustee in reconstructing the Debtor's pre-petition financial condition, investigating potential claims of the Estate, and drafting a chapter 11 plan for this Case. Because the Trustee is not a party to any adversary proceeding or contested matter in which this discovery would be appropriate, the Trustee may not proceed under Rule 7030 or 9014.

As set forth in the attached declaration of Jonathan Serrano ("Serrano Decl."), pursuant to Local Rule 2004-1(a), the Trustee has conducted a meet and confer with Vasco concerning the proposed Rule 2004 examination and document request. Vasco's address is 2024 Quail Street, Ste B, Newport Beach, CA 92660, with a telephone number of (949) 679-2300.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Serrano Declaration, the attached exhibit(s), and the pleadings and records on file in the Case, of which the Court is requested to take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 2004-1(f):

> The party whose examination is requested may file a motion for protective order if grounds exist under FRBP 7026 and F.R.Civ. P. 26(c). A motion for protective order must be filed and served not less than 14 days before the date of the examination, and set for hearing not less than 2 days before the scheduled examination, unless an order shortening time is granted by the court pursuant to LBR 9075-1.

Any motion for a protective order must be filed with the Court and served on the Trustee, the Court, and the Office of the United States Trustee as follows:

| For Service on the U.S. Trustee | For Service on the Court |
|---|---|
| Office of the U.S. Trustee<br>Ronald Reagan Federal Building<br>411 West Fourth Street, Suite 7160<br>Santa Ana, CA 92701-8000 | Hon. Scott C. Clarkson<br>United States Bankruptcy Court<br>411 W. Fourth Street, Suite 5130<br>Santa Ana, CA 92701 |

**For Service on the Trustee**
Jonathan Serrano, Esq.
Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071

**PLEASE TAKE FURTHER NOTICE** that the Trustee files this Motion without prejudice to his right to seek further examination of or production of documents by Vasco and others under Rule 2004 and Local Rule 2004-1.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant this Motion without a hearing. Moreover, the failure to timely file and serve a motion for a protective order and to timely set it for hearing in accordance with the Local Rules may be regarded by the Court as consent to the Motion and a waiver of any basis for a protective order.

Dated: February 22, 2024                DINSMORE & SHOHL LLP

By: /s/ Jonathan Serrano
    Christopher B. Ghio
    Christopher Celentino
    Yosina M. Lissebeck
    Jonathan Serrano
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Richard A. Marshack, the Chapter 11 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of debtor The Litigation Practice Group P.C. (the "Debtor") in the above-captioned bankruptcy case (the "Case"), submits this Memorandum of Points and Authorities in support of his motion (the "Motion") for an order under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules"), requiring the production by Vasco Assets, Inc. ("Vasco") of the documents ("Documents") described in **Exhibit 1** to the attached subpoena.

## II.  STATEMENT OF FACTS

On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58] and, on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. Since his appointment, the Trustee has served in this capacity and has investigated the Debtor's pre-petition business and transactions. Based on records of the Debtor, within two years of the Petition Date, the Debtor paid Vasco the sum of $395,581.73. The Debtor's records are inconclusive as to Vasco's relationship with the Debtor, and the Trustee does not have documents supporting a basis for the transfers. In order to understand the basis for these payments, the Trustee seeks the production of documents. The documents requested by the Trustee are identified in **Exhibit 1** to the subpoena attached hereto.

## III.  RULE 2004 AUTHORIZES PRODUCTION OF DOCUMENTS

Rule 2004(a) provides as follows: "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(b) provides that a Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." Fed. R. Bankr. P. 2004(b). "[I]t is well-settled that Rule 2004 discovery enjoys a broad scope, regardless of any

background state law issues." *Dynamic Finance Corp. v. Kipperman (In re North Plaza)*, 395 B.R. 113, 122 (S.D. Cal. 2008). "The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

## IV. THE REQUESTED RULE 2004 ORDER SHOULD BE GRANTED

### A. The Trustee Has Conferred With Vasco

Pursuant to Local Rule 2004-1(a), on February 21, 2024, Trustee's counsel conferred by telephone with an individual at Vasco identifying himself as Ari. Trustee's counsel explained to Ari the contemplated Rule 2004 document production, including the scope, timing, and place of that production. Ari indicated that he would forward this information to someone else at Vasco, and that someone would return the phone call. However, as of the date of filing, a return call has not been received. The relief requested in this Motion is in accordance with the communication to Ari. Serrano Decl. ¶ 7.

### B. No Adversary Proceeding or Contested Matter

The Trustee cannot obtain the information sought by the requested Rule 2004 production of documents and examination under Rule 7030 or 9014 because the Trustee is not a party to any such pending adversary proceeding or contested matter. Serrano Decl. ¶ 5.

### C. Vasco's Contact Information

Vasco's address is 2024 Quail Street, Ste B, Newport Beach, CA 92660, with a telephone number of (949) 679-2300. Vasco's agent for service of process is Benny Mor, 2024 Quail Street, Ste B, Newport Beach, CA 92660.

### D. Cause for the 2004 Order

The Trustee is investigating the financial activities of the Debtor and related entities. Within two years of the Petition Date, the Debtor paid Vasco the sum of $395,581.73. The Debtor's records are inconclusive as to Vasco's relationship with the Debtor, and the Trustee does not have documents supporting a basis for the transfers. One of the checks from the Debtor to Vasco lists "Lead Generation" on the memo line. Another check lists "Marketing Development" on the memo line, and another check lists "Business Consultation Charge." However, Vasco holds itself out as a purchaser of luxury tangible assets. Information regarding whatever transaction that caused the Debtor to make these payments, including information on any payments or transfers made pursuant to the transaction, is needed to assist

5

#42013717v2

the Trustee in reconstructing the Debtor's pre-petition financial condition, investigating potential claims of the Estate, and drafting a chapter 11 plan for this Case.

## V. CONCLUSION

For the reasons set forth above, the Court is respectfully requested to grant the Motion and enter an order providing that:

1. Upon service of a subpoena on Vasco, Vasco shall produce for inspection and copying by the Trustee the documents and things described in **Exhibit 1** to the attached subpoena (the "Documents") **at or before 5:00 p.m. PST on March 22, 2024** at the offices of Dinsmore & Shohl LLP located at 550 S. Hope Street, Suite 1765, Los Angeles, CA 90071 or via email to jonathan.serrano@dinsmore.com.

2. The Trustee is authorized to issue subpoenas as necessary to compel such document production.

3. If Vasco withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, Vasco shall prepare a privilege log in accordance with the "Instructions" in **Exhibit 1** to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Jonathan Serrano of Dinsmore & Shohl LLP, 550 S. Hope Street, Suite 1765, Los Angeles, CA 90071 or via email to jonathan.serrano@dinsmore.com) **at or before 5:00 p.m. PST on March 22, 2024**.

4. Such other and further relief as the Court deems just and proper is granted.

Dated: February 22, 2024

DINSMORE & SHOHL LLP

By: /s/ Jonathan Serrano
    Christopher B. Ghio
    Christopher Celentino
    Yosina M. Lissebeck
    Jonathan Serrano
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

## DECLARATION OF JONATHAN SERRANO

I, Jonathan Serrano, declare as follows:

1. I am an associate at Dinsmore & Shohl LLP ("Dinsmore"), counsel to Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of debtor The Litigation Practice Group P.C. ("Debtor") in the above-captioned bankruptcy case (the "Case"). I am one of the attorneys at Dinsmore with responsibility for representation of the Trustee. Unless expressly stated otherwise, I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto.

2. The Court may take judicial notice of the following:

   a. On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Central District of California (the "Court").

   b. Richard A. Marshack is the duly appointed Chapter 11 Trustee in this Case, and he continues to serve in this capacity at this time.

3. I am assisting the Trustee in obtaining the records necessary for him to understand and investigate the pre-petition financial affairs of the Debtor. I understand that, based on records of the Debtor, within two years of the Petition Date, the Debtor paid Vasco the sum of $395,581.73. Based on records of the Debtor, I cannot determine the scope of the relationship between Vasco and the Debtor. I reviewed images of the checks made payable to Vasco. One of the checks from the Debtor to Vasco lists "Lead Generation" on the memo line. Another check lists "Marketing Development" on the memo line, and another check lists "Business Consultation Charge." However, based on the Vasco's website, Vasco holds itself out as a purchaser of luxury tangible assets. I also am not aware of any documents supporting a basis for the transfers.

4. I believe that information regarding whatever transaction that caused the payments to be made by the Debtor to Vasco, including information on any payments or transfers made pursuant to the transaction, is needed to assist the Trustee in reconstructing the Debtor's pre-petition financial condition, investigating potential claims of the Estate, and drafting a chapter 11 plan for this Case. The documents requested by the Trustee are identified in **Exhibit 1** to the subpoena attached hereto.

5. To the best of my knowledge, information, and belief, the Trustee is not a party to any adversary proceeding or contested matter in which the discovery sought by the attached Rule 2004 motion would be relevant.

6. Based on internet searches that I performed on the website of the California Secretary of State, the address for Vasco is 2024 Quail Street, Ste B, Newport Beach, CA 92660. Also, based on those same searches, Vasco's agent for service of process is Benny Mor, 2024 Quail Street, Ste B, Newport Beach, CA 92660. I have reached Vasco by telephone at (949) 679-2300.

7. On February 21, 2024, I conferred by telephone with an individual at Vasco identifying himself as Ari. I explained to Ari the contemplated Rule 2004 document production, including the scope, timing, and place of that production. Ari indicated that he would forward this information to someone else at Vasco. As of the date of filing of this Motion, I have not received a return call. The relief requested in this Motion is in accordance with my communication to Ari.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 22, 2024         /s/ Jonathan Serrano
                     Jonathan Serrano

8

#42013717v2

Case 8:23-bk-10571-SC    Doc 957    Filed 02/22/24    Entered 02/22/24 13:23:42    Desc
Main Document    Page 10 of 19

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Central_____ District of _____California_____

In re __The Litigation Practice Group P.C.__
 Debtor

*(Complete if issued in an adversary proceeding)*

_____
 Plaintiff
 v.
_____
 Defendant

Case No. __8:23-bk-10571-SC__

Chapter ____11____

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __Vasco Assets, Inc., Attn: BENNY MOR, CEO, 2024 QUAIL STREET, STE B, NEWPORT BEACH, CA 92660__
 *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: __See Exhibit 1 attached hereto__

| PLACE | DATE AND TIME |
|---|---|
| 550 S. Hope Street, Suite 1765, Los Angeles, CA 90071 | 03/22/24    5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____   _____
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Trustee Richard A. Marshack__ , who issues or requests this subpoena, are: __Jonathan Serrano, Esq.__
__550 S. Hope Street, Suite 1765, Los Angeles, CA 90071; jonathan.serrano@dinsmore.com; (213) 335-7737__

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT 1

## To Subpoena for Production of Documents to Vasco Assets, Inc.

### INSTRUCTIONS

1. In responding to this subpoena, furnish all documents in your possession, custody, or control at the time of production, including documents in the possession, custody, or control of your agents, representatives, and assigns.

2. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, please state the following:

    a. The date(s) the document was created, sent, and received;

    b. The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said document;

    c. A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes);

    d. The location of the document;

    e. The custodian of the document; and

    f. Each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

3. Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced. That portion of the document for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

4. Each document requested herein is requested to be produced in its entirety without deletion or excision (except as qualified by Instruction 3 above) regardless of whether you consider the entire document to be relevant or responsive to these requests.

#42013717v2

5. If any of these documents cannot be produced in full, then produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

6. The documents produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production. Documents are to be produced in the boxes, file folders, binders, or other containers in which the documents are found. The title, labels, or other descriptions of the boxes, file folders, binders, or other containers are to be left intact.

7. A search for responsive documents includes all Electronically Stored Information, including responsive emails and other documents found in the Responding Party's personal and/or business account(s).

8. The documents may be produced via mail **or via email to jonathan.serrano@dinsmore.com**.

### DEFINITIONS

For purposes of this REQUEST FOR PRODUCTION, the following definitions apply:

1. As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

2. As used herein, the term "any" includes the word "all," and vice versa; the singular includes the plural, and vice versa; and the past includes the present, and vice versa.

3. As used herein, the term "ALL DOCUMENTS" means and refers to each and every DOCUMENT known to YOU, and every such DOCUMENT which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

4. As used herein, the "VASCO" or "YOU" means and refers to Vasco, Inc., a California corporation, including its predecessor–Vasco Assets, LLC, a California limited liability company—and all agents, attorneys, consultants, directors, employees, insurers, investigators, managers, members, officers, owners, principals, representatives, shareholders, subsidiaries, and any other PERSON acting or purporting to act on their behalf.

#42013717v2

5. As used herein, the term "LPG" means and refers to The Litigation Practice Group PC, a California professional corporation, and all agents, attorneys, beneficiaries, consultants, directors, employees, grantors, insurers, investigators, managers, members, officers, owners, principals, representatives, shareholders, subsidiaries, trustees, trustors, settlors, and any other PERSON acting or purporting to act on its behalf.

6. As used herein, the terms "DOCUMENT" and/or "DOCUMENTS" mean and refer to any and all documents, tangible things and/or property, of any kind, and all writings or recordings, as described in Rule 1001(1) of the Federal Rules of Evidence, including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and including without limitation TRANSACTION DOCUMENTS, communications, e-mails, inquiries, discussions, conversations, negotiations, agreements, understanding, meetings, conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, telefax, cables, or other forms of interpersonal disclosure, whether oral or written, however transmitted, minutes, lists, agenda, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter office and intra office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, computer printouts, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications, changes and amendments of any of the foregoing, graphical or aural records or representations of any kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes, computer cards, computer programs, computer software, computer readable media, machine sensible media, electronically stored media, and any other form of stored information.

7. As used herein, the term "TRANSACTION" or "TRANSACTION DOCUMENTS" mean and refer to any information or DOCUMENTS that evidence any sale or other conveyance from or indebtedness of LPG to VASCO, including any marketing agreement, loan agreements, promissory notes, security agreements, deeds of trust, account control agreements, leases, limited liability

11

#42013717v2

company agreements, operating agreements, purchase and sale agreements, lease agreements, or any other similar DOCUMENTS.

8. As used herein, the term "PERSON" means and refer to any natural person, corporation, company, partnership, association, firm, business, trust, or any other legal or fictitious entity.

9. As used herein, the term "RELATING TO" means and refers to, without limitation, bearing a subject matter relationship to, embodying, discussing, constituting evidence of, bearing a relationship to (in whole or in part), pertaining, or otherwise reflecting, describing, or setting forth the subject matter to which reference is made.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any and ALL DOCUMENTS executed between YOU and LPG.

**REQUEST FOR PRODUCTION NO. 2:** Any and ALL DOCUMENTS RELATING TO the TRANSACTION that caused payments to be made from LPG to YOU.

**REQUEST FOR PRODUCTION NO. 3:** A ledger of any and ALL payments made by LPG or by YOU RELATING TO the TRANSACTION that caused payments to be made from LPG to YOU, including the dates that the payments were made and the amounts of the payments.

**REQUEST FOR PRODUCTION NO. 4:** Any and ALL DOCUMENTS showing the source of funds, including bank account, wire, or other related information, from LPG to YOU.

#42013717v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this Bankruptcy case or adversary proceeding. My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY VASCO ASSETS, INC.; DECLARATION OF JONATHAN SERRANO IN SUPPORT THEREOF; AND EXHIBIT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 22, 2024**, I checked the CM/ECF docket for this Bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 22, 2024**, I served the following persons and/or entities at the last known addresses in this Bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 22, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 22, 2024 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

13

#42013717v2

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-10571-SC**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Bradford Barnhardt** bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Peter W Bowie** peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown** ron@rkbrownlaw.com
- **Christopher Celentino** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** rbc@randallbclark.com
- **Leslie A Cohen** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Aaron E. DE Leest** adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Anthony Paul Diehl** anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling** jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman** dedelman@edcombs.com, courtecl@edcombs.com
- **Meredith Fahn** fahn@sbcglobal.net
- **William P Fennell**  william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Marc C Forsythe** mcforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- **Jeremy Freedman** jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Eric Gassman** erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg** efilings@ginsburglawgroup.com
- **Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden** jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich** dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays** ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

#42013717v2

- **Alan Craig Hochheiser** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander** ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman** b.holman@musickpeeler.com
- **Richard L. Hyde** richard@amintalati.com
- **Peter L Isola** pisola@hinshawlaw.com
- **Razmig Izakelian** razmigizakelian@quinnemanuel.com
- **Sweeney Kelly** kelly@ksgklaw.com
- **Joon M Khang** joon@khanglaw.com
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Meredith King** mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth** nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley** chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva** bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman** marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman** mlieberman@lipsonneilson.com
- **Yosina M Lissebeck** Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig** mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March** marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus** bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly** sarah.mattingly@dinsmore.com
- **William McCormick** Bill.McCormick@ag.tn.gov
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses** gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola** Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias** anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark** vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley** jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

#42013717v2

- **Queenie K Ng** queenie.k.ng@usdoj.gov
- **Israel Orozco** israel@iolawcorp.com
- **Keith C Owens** kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel** lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston** rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak** dplazak@rhlaw.com
- **Tyler Powell** tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **Daniel H Reiss** dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez** vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers** krogers@wellsmar.com
- **Gregory M Salvato** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott** olivia.scott3@bclplaw.com
- **Jonathan Serrano** jonathan.serrano@dinsmore.com
- **Maureen J Shanahan** Mstotaro@aol.com
- **Paul R Shankman** PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman** zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Leslie Skorheim** leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir** info@pfllc.com
- **Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still** astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro** Ocbkatty@aol.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **William J Wall** wwall@wall-law.com
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White** JWhite@wrslawyers.com, jlee@wrslawyers.com

2. **SERVED BY UNITED STATES MAIL**:

Debtor:
The Litigation Practice Group P.C.
17542 17th St., Suite 100
Tustin, CA 92780

Vasco Assets, Inc.
Attention: Benny Mor, CEO
2024 Quail Street, Ste B
Newport Beach, CA 92660

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

**Served by overnight Delivery (FedEx):**
United States Bankruptcy Court
Honorable Scott Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

17

#42013717v2