D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>MOTION FOR ENTRY OF AN ORDER: (1) ESTABLISHING MODIFIED BAR DATES FOR FILING PROOFS OF CLAIM; AND (2) APPROVING THE FORM AND MANNER OF NOTICE OF THE MODIFIED BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT<br><br>[No Hearing or Additional Notice Required Pursuant to LBR 3003-1(a)(1) and 9013-1(q)(9)] |

/ / /

/ / / /

1

# TABLE OF CONTENTS

1.    Summary of Argument ...................................................................................2

2.    Pertinent Factual Background ........................................................................3

    A.    General Background ............................................................................3

    B.    The Debtor's Operations and Sale ......................................................3

    C.    The Plan Filing Deadline ....................................................................4

    D.    Bar Date Order and Notice Provided ..................................................4

3.    Proposed Procedures for Filing Proofs of Claims ..........................................7

    A.    The Bar Dates and Actual Notice .......................................................7

4.    Legal Argument .............................................................................................8

    A.    Ample authority exists to modify the Bar Date in this Bankruptcy Case......................8

    B.    The proposed notice procedures are reasonable and appropriate. ................8

5.    Reservation of Rights....................................................................................10

6.    Conclusion ...................................................................................................11

Declaration of D. Edward Hays ............................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Bank of Am. Nat'l Trust and Sav. Assoc. v. 203 N LaSalle St. P'ship,*

    526 U.S. 434, 453 (1999) ............................................................................ 8

*Chemetron Corp. v. Jones,*

    72 F.3d 341, 346 (3d Cir. 1995) .............................................................. 8, 9

*Mennonite Bd. of Missions v. Adams,*

    462 U.S. 791, 798, n.4 (1983) ..................................................................... 9

*Mullane v. Cent. Hanover Bank & Trust Co.,*

    339 U.S. 306, 317 (1950) ........................................................................... 9

i

*Tulsa Prof. Collection Serv., Inc. v. Pope*,

   485 U.S. 478, 490 (1988) ........................................................................................... 9

**Statutes**

11 U.S.C. § 365 ........................................................................................................... 10

11 U.S.C. § 503(b)(9) ................................................................................................... 7

11 U.S.C. §502(b)(9) .................................................................................................... 8

**Rules**

Fed. R. Bankr. P. 2002(1) ............................................................................................ 9

Fed. R. Bankr. P. 2002(a)(7) ................................................................................... 9, 10

Fed. R. Bankr. P. 3003(c)(3) ........................................................................................ 8

Fed. R. Bankr. P. 9008 ................................................................................................. 9

MOTION TO MODIFY BAR DATE ORDER

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

2  THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

3      Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the bankruptcy

4  estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), in the above-referenced

5  bankruptcy case ("Bankruptcy Case") pending under Chapter 11 of Title 11 of the United States

6  Code ("Bankruptcy Code"), submits this motion ("Motion") for entry of an order: (1) establishing

7  modified bar dates for creditors to file proofs of claim (a "Proof of Claim") against the Debtor in the

8  Bankruptcy Case; and (2) approving the form and manner of notice of the modified bar date. In

9  support of the Motion, the Trustee refers to the points and authorities set forth below, the attached

10 Declaration of D. Edward Hays (the "Hays Declaration"), the record of this Bankruptcy Case, and

11 any other admissible evidence properly brought before the Court, and respectfully states as follows:

12 **1.  Summary of Argument**

13     On January 2, 2024, the Court entered an order that, *inter alia*, set claims bar dates and

14 requirements for notice to potential claimants, including a notice deadline of January 23, 2024. On

15 January 23, 2024, pursuant to Trustee's request, the service provider of Morning Law Group, P.C.

16 "MLG") through the Debtor's proprietary client resource management database ("LUNA System")

17 initiated emails to all consumer clients with active emails in its comprehensive database containing

18 the notice of the Claims Bar Date and the approved proof of claim forms. Due to the size of the

19 email, and the approximate 115,411 number of emails sent, it took longer than 24 hours for the

20 computers to finish sending them all. As such, service on all former clients of the debtor was not

21 finalized by the January 23, 2024, deadline. Because service was not completed until January 25,

22 2024, Trustee seeks an extension of the claims bar date for those creditors served on January 24,

23 2024, and January 25, 2024, to and including February 25, 2024.

24     Further, there were approximately 2,459 names in the LUNA System that did not have email

25 addresses, meaning the email notice could not be sent to them. Trustee, however, has been able to

26 gather mailing addresses for those parties. For these parties, Trustee seeks to extend the claims bar

27 date until the date that is 30 days after entry of any order granting this Motion. Trustee's claims

28

**MOTION TO MODIFY BAR DATE ORDER**

4891-8529-8814,v.1/1015-157

agent, Omni Agent Solutions ("Omni"), will mail the bar date notice by U.S. Mail. Because due process should be afforded to all potential creditors, good cause exists to grant the requested relief.

## 2. Pertinent Factual Background

### A. General Background

On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"), commencing the Bankruptcy Case.

On April 4, 2023, the Debtor filed its schedules [Docket No. 33] (the "Schedules") and statement of financial affairs [Docket No. 34] (the "Statements"). On May 1, 2023, the Debtor subsequently amended its Schedule D [Docket No. 52]. There is substantial doubt, however, that the financial reporting provided by the Debtor is accurate.

On May 8, 2023, the Court entered an order [Docket No. 65] approving the appointment of the Trustee. The order granted a motion [Docket No. 21] filed by the Office of the United States Trustee requesting appointment of a chapter 11 trustee based on, *inter alia*, the Debtor's failure to provide significant financial and other disclosures.

On June 23, 2023, the Office of the United States Trustee appointed the Committee [Docket No. 134], which was amended to increase the number of Committee members on June 29, 2023 [Docket No. 157].

On December 22, 2023, the Court entered an order [Docket No. 785] approving the employment of Omni Agent Solutions ("Omni") as the noticing and claims agent in this Bankruptcy Case.

### B. The Debtor's Operations and Sale

The Debtor was a law firm that provided consumer debt resolution services. See Docket No. 320 at 4. The Debtor reported that—during its peak operations in 2022—it serviced more than 60,000 consumer clients across the United States. See Docket No. 191 (Decl. of Richard Marshack, Ex. 1 (§ 341(a) Tr. at 82:18-24)). As of the Trustee's appointment, he understood that the Debtor had already transferred most, if not all, of its "active" consumer clients. *See* Docket No. 191 (Dec. of

MOTION TO MODIFY BAR DATE ORDER

1    William "Ty" Carss, Ex. A); *id.* (Decl. of Richard Marshack, Ex. 1 (§ 341(a) Tr. at 54:18-24)).

2    Trustee avoided and recovered Debtor's transfers of files to Phoenix Law.

3         On August 2, 2023, the Court entered an order [Docket No. 352] (the "Sale Order")

4    approving the sale (the "Sale") of certain assets recovered from Phoenix Law to MLG, pursuant to

5    that certain Agreement of Purchase and Sale and Joint Escrow Instructions [Docket No. 416] (the

6    "APA").

7         The Sale Order established procedures for the assumption and assignment of executory

8    agreements, including consumer contracts. On October 6, 2023, the Court entered an order [Docket

9    No. 562] authorizing the assumption and assignment of certain vendor contracts. On December 15,

10   2023, the Court entered an order authorizing the assumption and assignment of certain consumer

11   contracts [Docket Nos. 766]. Additionally, the Court has entered orders authorizing the rejection of

12   executory agreements and leases [Docket Nos., 523, 555, 640] and a hearing was held on January

13   31, 2023, on a motion to reject certain consumer agreements, which the Court granted [Docket Nos.

14   793-94, 911].

15       **C.    The Plan Filing Deadline**

16       The Trustee has been working diligently toward filing a joint plan that will bring this

17   Bankruptcy Case to an expedited and efficient conclusion. On February 20, 2024, the Court entered

18   an order [Docket No. 949] setting March 8, 2024, as the deadline for the Trustee to file a plan of

19   liquidation (the "Plan Filing Deadline"). As set forth below, a comprehensive picture of the potential

20   claims pool will be essential to confirmation of a plan in this Bankruptcy Case.

21       **D.    Bar Date Order and Notice Provided**

22       On December 29, 2023, Trustee and the Official Committee of Unsecured Creditors

23   ("Committee") filed a "Joint Motion . . . for Entry of an Order: (I) Establishing Bar Dates for Filing

24   Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III)

25   Approving the Form and Manner of Notice of the Bar Date." Docket No. 801.

26       On January 2, 2024, as Docket No. 804, the Court entered an "Order Granting Joint Motion

27   of the Trustee and Committee for Entry of an Order: (I) Establishing Bar Dates for Filing Proofs of

28

4891-8529-8814,v.1/1015-157

Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III) Approving the

Form and Manner of Notice of the Bar Date ("Bar Date Order"). A true and correct copy of the Bar

Date Order is attached to the Hays Declaration as **Exhibit 1**. The Bar Date Order established the

following deadlines by which certain holders of claims would be required to file written proof of

their claim(s) (collectively, the "Bar Dates" and each individually, a "Bar Date"):

| General Bar Date | **February 23, 2024, at 4:00 p.m. prevailing Pacific Time** (the "General Bar Date") is the deadline for all persons and entities, ***including governmental units*** (as that term is defined in § 101(27)), holding secured, unsecured priority, or unsecured non-priority claims against the Debtor arising (or deemed to arise) before the Petition Date (each, a "General Claim"). |
|---|---|
| Rejection Bar Date | For claims relating to the rejection of an executory contract or unexpired lease (a "Rejection Claim"), the later of (i) the General Bar Date; and (ii)(a) the date set forth in an order authorizing the Debtor to reject such contract or lease pursuant to § 365 (including any order confirming a plan in the Bankruptcy Case), or (b) if no specific date is set forth, thirty (30) days from the date the rejection order (the "Rejection Bar Date"). |
| Chapter 5 Bar Date | For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (a "Chapter 5 Claim"), the later of (i) the General Bar Date; and (ii) thirty (30) days after the date of entry of the judgment avoiding the transfer (the "Chapter 5 Bar Date"). |

Hays Decl., Ex. 1 at 15. The Bar Date Order further required that no later than January 23, 2024, the

Trustee shall provide Omni information sufficient to serve the Bar Date Notice by first-class United

States mail, postage prepaid, on:

1) The Court;

2) all persons or entities that have requested notice of the proceedings in this Bankruptcy

Case, pursuant to Bankruptcy Rule 2002, as of the date of the Bar Date Order;

3)  all creditors and other known holders of claims against the Debtor known to the Movants as of the date of the Bar Date Order, including all persons or entities listed in the Schedules and Statements as holding claims against the Debtor, including claims that the Debtor lists as contingent, unliquidated, or disputed;

4)  all non-debtor parties to executory contracts and unexpired leases listed on the Schedules and Statements, or otherwise known to the Trustee, or his designated representatives;

5)  all known parties to litigation with the Trustee, if any, including any workers compensation, general liability, or other insurance claimants, whether or not any litigation has been commenced, and their counsel, if known to the Trustee;

6)  the Internal Revenue Service;

7)  the Office of the Attorney General in all of the states and all taxing authorities in all of the jurisdictions in which the Debtor operated and/or filed tax returns, and all applicable local governmental authorities;

8)  all employees, directors, and officers of the Debtor known to the Trustee at the time of his appointment;

9)  all known former employees employed by the Debtor on or after September 20, 2022 (i.e., six (6) months before the Petition Date); and

10) all other entities listed on the Debtor's creditor matrix.

*Id.* at 18-19.

And, the Bar Date Order authorized Trustee and the Committee, "in their sole discretion, to seek an extension from the Court of the applicable Bar Date for certain holders of Claims by stipulation or otherwise." *Id.* at 15.

On January 23, 2024, the service provider of MLG through the LUNA System initiated an email to all consumer clients with active emails in its comprehensive database containing notice of the Claims Bar Date and the approved proof of claim forms. Hays Decl., ¶ 9. Due to the size of the email, and to the approximately 115,411 emails sent, it took longer than 24 hours for the computers to finish sending them and service was thus finalized on January 24 and 25, 2024. *Id.* A true and

MOTION TO MODIFY BAR DATE ORDER
4891-8529-8814,v.1/1015-157

correct copy of email correspondence from MLG regarding emailed notice of the February 23 claims bar date is attached to the Hays Declaration as **Exhibit 2**.

Further, there were 2,459 names in the LUNA System that did not have email addresses, meaning the email notice could not be sent to them. Trustee, however, has been able to gather mailing addresses for these parties. Hays Decl., ¶ 10. Trustee seeks to extend the claims bar date for such potential claimants to 30 days after the Court enters an order granting this Motion to allow his claims agent, Omni Agent Solutions ("Omni") to provide for service by U.S. Mail. Hays Decl., ¶ 10.

## 3. Proposed Procedures for Filing Proofs of Claims

### A. The Bar Dates and Actual Notice

Trustee requests that the Court modify the General Bar Date as follows ("Modified Bar Dates," and each individually, a "Modified Bar Date"):

| | |
|---|---|
| Modified Bar Date for Parties Served by Email on January 24 and 25, 2024 | **February 25, 2024, at 4:00 p.m. prevailing Pacific Time** is the deadline for the consumer clients, holding a General Claim that were provided notice of the Bar Dates on January 24, 2024, or January 25, 2024 |
| Modified Bar Date for Parties to be Served by Means Other than Email | **4:00 p.m. prevailing Pacific Time** on the date that is 30 days after entry of an order by this Court granting this Motion. |

With the assistance of Omni, Trustee proposes to serve all remaining persons holding potential prepetition claims against the Debtor with written notice (the "Modified Bar Date Notice") substantially in the form attached as **Exhibit 3**. The proposed Modified Bar Date Notice conforms substantially to the Court's form Notice of Bar Date for Filing Proofs of Claim in Chapter 11 Case [F 3003- 1.NOTICE.BARDATE]. In light of the proposed procedures and the Administrative Bar Date, however, the proposed Modified Bar Date Notice modifies the Court's form notice by removing the discussion concerning administrative claims arising under § 503(b)(9) and the applicability of the Bar Date to Interest Holders.

1    Except as set forth in this Motion, Trustee does not seek to alter the Bar Date Order.

2    **4.  Legal Argument**

3    **A.      Ample authority exists to modify the Bar Date in this Bankruptcy**

4    **Case.**

5    Bankruptcy Rule 3003(c)(3) governs the filing of proofs of claim in a chapter 11 case and

6    provides, in relevant part: "[t]he court shall fix and for cause shown may extend the time within

7    which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy

8    Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-

9    one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule

10   3003(c), neither the Bankruptcy Code, the Bankruptcy Rules nor the Local Rules specify a time by

11   which proofs of claim must be filed in chapter 11 cases (other than Bankruptcy Code section

12   502(b)(9) relating to governmental units).

13   It is well-recognized that a bar date plays an essential role in the twin goals of bankruptcy—

14   preserving a debtor's going concern value and maximizing property available to satisfy creditors.

15   *See Bank of Am. Nat'l Trust and Sav. Assoc. v. 203 N LaSalle St. P'ship*, 526 U.S. 434, 453 (1999)

16   (identifying the two primary purposes of chapter 11 relief as (a) the preservation of businesses as

17   going concerns and (b) the maximization of assets available for the benefit of unsecured creditors).

18   A bar date allows the debtor and parties-in-interest to expeditiously determine and evaluate the

19   liabilities of the estate and execute a sound plan of reorganization or liquidation. The absence of

20   such a deadline, in contrast, would prolong claimholder uncertainty, increase the costs and expenses

21   incurred by the Estate in connection with the claims reconciliation process and delay or even derail

22   the claims process, thus undercutting one of the principal purposes of bankruptcy law — "secur[ing]

23   within a limited period the prompt and effectual administration and settlement of the debtor's

24   estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

25   **B.      The proposed notice procedures are reasonable and appropriate.**

26   Bankruptcy Rule 2002(a)(7) requires that holders of claims receive at least twenty-one (21)

27   days' notice by mail of a bar date established pursuant to Bankruptcy Rule 3003(c). FED. R.

28

MOTION TO MODIFY BAR DATE ORDER
4891-8529-8814,v.1/1015-157

BANKR. P. 2002(a)(7). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notices. FED. R. BANKR. P. 2002(1). Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication. FED. R. BANKR. P. 9008.

Trustee proposes to mail the Modified Bar Date Notice to known holders of claims not previously served and has already given publication notice to unknown holders of claims. This procedure is consistent with applicable case law. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). For unknown creditors, notification by publication will generally suffice." *Id.* at 346 (citations omitted). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the trustee]." *Id.* (citing *Mullane*, 339 U.S. at 317).

Where a creditor is known, due process requires that reasonable steps be taken to provide actual notice of the deadline for filing a proof of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, n.4 (1983). But this does not require the debtor, trustee, or a committee to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317. Rather, the required search is limited to a debtor's "books and records." *See, e.g.*, *Chemetron*, 72 F.3d at 347.

The relief requested in this Motion provides for clear notice of the Modified Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies

9

4891-8529-8814,v.1/1015-157

of the Bankruptcy Code and applicable case law. Assuming the Modified Bar Date Order is entered Trustee will promptly serve so that all such additional potential creditors will have the minimum 21 days' notice set forth in Bankruptcy Rule 2002(a)(7).

In light of the state of the Debtor's books and records – which have proven to be incomplete and unreliable –Trustee concluded that publication of the notice of the Bar Date Notice was also needed to ensure claimants have notice of the Bar Dates. That publication was done pursuant to the Court's prior Order.

Trustee believes that the procedures and described notice periods afford holders of claims ample opportunity to review the Schedules and Statements and the Modified Bar Date Notice, and to file proofs of claim while, at the same time, ensuring that Trustee can move toward confirmation as expeditiously as possible. Accordingly, for all the foregoing reasons, Trustee respectfully submits that the proposed Modified Bar Dates and the form and manner of providing notice are appropriate in light of the circumstances, inure to the benefit of all parties-in-interest, and should be approved.

## 5.  Reservation of Rights

Nothing contained in this Motion is intended to, or should be construed as, a waiver of the Trustee's right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules and Statements as to the nature, amount, liability, or classification; (b) subsequently designate any claim listed or reflected in the Schedules and Statements as disputed, contingent, or unliquidated; (c) file proofs of claim on behalf of any creditor that does not file a proof of claim by the applicable Bar Date; or (d) otherwise amend or supplement the Schedules and Statements.

Also, nothing contained in this Motion is intended to, or should be construed as, or deemed to constitute, an agreement or admission as to the validity of any claim against the estate on any grounds, a waiver or impairment of the Trustee's rights to dispute any claim on any grounds, or an assumption or rejection of any agreement, contract or lease under § 365. The Trustee expressly reserves his rights to contest any Proofs of Claims.

/ / /

MOTION TO MODIFY BAR DATE ORDER

4891-8529-8814,v.1/1015-157

1    **6.    Conclusion**

2        For the foregoing reasons, Trustee respectfully requests that the Court enter an order as

3    follows:

4        1)        Granting this Motion;

5        2)        Modifying the Bar Date Order to approve the Modified Bar Dates;

6        3)        Approving the Modified Bar Date Notice; and

7        4)        Awarding such other and further relief as is just and proper.

8

9    DATED: February 22 2024                    MARSHACK HAYS WOOD LLP

10

11                                            By: */s/ D. Edward Hays*
                                                 D. EDWARD HAYS
12                                               BRADFORD N. BARNHARDT
                                                 Attorneys for Chapter 11 Trustee,
13                                               RICHARD A. MARSHACK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.      I am a partner in the law firm of Marshack Hays Wood LLP, attorneys of record for Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor").

6.      I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

7.      I make this Declaration in support of Trustee's Motion for Entry of an Order: (I) Establishing Modified Bar Dates for Filing Proofs of Claim; and (II) Approving the Form and Manner of Notice of the Modified Bar Date ("Motion"). All capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

8.      A true and correct copy of the Bar Date Order is attached as **Exhibit 1**.

9.      On January 23, 2024, the service provider of MLG through the LUNA System initiated an email to all consumer clients with active emails in its comprehensive database containing notice of the Claims Bar Date and the approved proof of claim forms. Due to the size of the email, and the approximately 115,411 emails that were sent to former clients of Debtor, it took longer than 24 hours for the computers to finish sending them and service was thus finalized on January 24, 2024, and January 25, 2024.

10.     Trustee has also discovered that 2,459 names in the LUNA System did not have email addresses, meaning the email notice could not be sent to them. Trustee, however, has able to obtain mailing addresses for those parties. By the Motion, Trustee seeks to extend the claims bar date for

MOTION TO MODIFY BAR DATE ORDER

4891-8529-8814,v.1/1015-157

1    such potential claimants to 30 days after entry of any order granting this motion, to allow his claims

2    agent, Omni Agent Solutions, to provide for service by U.S. Mail.

3        11.    A true and correct copy of email correspondence from MLG regarding emailed notice

4    of the February 23 claims bar date is attached as **Exhibit 2**.

5        I declare under penalty of perjury that the foregoing is true and correct. Executed on

6    February 22, 2024.

7                                            /s/ D. Edward Hays
                                            _____
8                                            D. EDWARD HAYS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO MODIFY BAR DATE ORDER

4891-8529-8814,v.1/1015-157

**EXHIBIT 1**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel For Official Committee of Unsecured Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone:    (949) 333-7777
Facsimile:    (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel For Chapter 11 Trustee*

FILED & ENTERED

JAN 02 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **ORDER GRANTING JOINT MOTION OF THE TRUSTEE AND COMMITTEE FOR ENTRY OF AN ORDER: (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM; (II) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE BAR DATE** |
| | [*No Hearing Held or Additional Notice Required Pursuant to LBR 3003-1(a)(1) and 9013-1(q)(9)*] |

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1

153369746.1

The Court, having considered the *Joint Motion of the Trustee and Committee for Entry of an Order: (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III) Approving the Form and Manner of Notice of the Bar Date* (the "Motion")[1] filed by the Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor") and Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee" and, together with the Committee, the "Movants"), and finding that service and notice of the Motion was proper and reasonable under the circumstances and complies with Rules 3003-1(a)(1) and 9013-1(q) of the Local Bankruptcy Rules of this Court, and finding that no other service or notice is necessary, and having considered the record before the Court on the Motion, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.    The Motion is GRANTED in its entirety.

2.    The Bar Dates are established as follows:

| General Bar Date | **February 23, 2024, at 4:00 p.m. prevailing Pacific Time** (the "General Bar Date") is the deadline for all persons and entities, **_including governmental units_** (as that term is defined in § 101(27)), holding secured, unsecured priority, or unsecured non-priority claims against the Debtor arising (or deemed to arise) before the Petition Date (each, a "General Claim"). |
|---|---|
| Rejection Bar Date | For claims relating to the rejection of an executory contract or unexpired lease (a "Rejection Claim"), the later of (i) the General Bar Date; and (ii)(a) the date set forth in an order authorizing the Debtor to reject such contract or lease pursuant to § 365 (including any order confirming a plan in the Bankruptcy Case), or (b) if no specific date is set forth, thirty (30) days from the date the rejection order (the "Rejection Bar Date"). |
| Chapter 5 Bar Date | For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (a "Chapter 5 Claim"), the later of (i) the General Bar Date; and (ii) thirty (30) days after the date of entry of the judgment avoiding the transfer (the "Chapter 5 Bar Date"). |

3.    The Movants are authorized, in their sole discretion, to seek an extension from the Court of the applicable Bar Date for certain holders of Claims by stipulation or otherwise.

4.    The General Bar Date shall apply to all persons as defined in § 101(41) (a "Person")

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

153369746.1

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

EXHIBIT 1, PAGE 15

and entities, as defined in § 101(15) (an "Entity"), including governmental units (as defined in § 101(27)), holding claims against the Debtor, including the following:

    a.    any Person or Entity whose claim against the Debtor is not listed in the Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in the Bankruptcy Case;

    b.    any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules;

    c.    any Person or Entity holding an interest in the Debtor (an "Interest Holder"), which interest is based upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest");

    d.    any Person or Entity holding a claim that arises out of or relates to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest; and

    e.    any current or former officer, director, or manager of the Debtor for any claims including claims based on indemnification, contribution, or reimbursement.

5.    The following Persons or Entities whose claims otherwise would be subject to the General Bar Date need not file a Proof of Claim, at this time:

    a.    any Person or Entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court or with the Debtor's claims and noticing agent, Omni, in a form substantially similar to Official Form 410;

    b.    any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

    c.    any Person or Entity whose claim has previously been allowed by order of the Court;

    d.    any Person or Entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtor or any other party;

    e.    any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

    f.    claims of professionals retained by the Debtor pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to §§ 328, 330, 331, 363, and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims"); and

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

2

g.    any Person or Entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930, including, for the avoidance of doubt, any administrative claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtor's estate.

6.    All holders of General Claims that are not Consumer Claimants (defined below), holders of Rejection Claims, and holders of Chapter 5 Claims must utilize Official Form 410 for the submission of Proofs of Claim (the "<u>General Claim Form</u>").  The Debtor's consumer creditors (the "<u>Consumer Claimants</u>") who assert claims arising from or related to their attorney-client relationship with the Debtor (the "<u>Consumer Claims</u>"), may utilize the Consumer Claim Form attached to the Motion as **<u>Exhibit 2</u>** for the submission of Proofs of Claim, which form is approved by this Order.  Consumer Claimants may choose to submit Proofs of Claim utilizing the General Claim Form.  If a Consumer Claimant has already filed a claim using the General Claim Form, they may but are not required to file an amended claim using the Consumer Claim Form.

7.    With respect to completing and filing a Claim Form, the Person or Entity must comply with the following requirements:

a.    each claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the General Claim Form or Consumer Claim Form, as applicable; and (iv) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of the claim;

b.    each General Claim Form and Consumer Claim Form must include supporting documentation in accordance with Rules 3001(c) and 3001(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  If, however, such documentation is voluminous, such General Claim Form or Consumer Claim Form, as applicable, may include a summary of such documentation or an explanation as to why such documentation is not available; provided, that, upon the request for additional documentation, such claimant that received such request shall be required to transmit such written documentation no later than five (5) business days following the date of such request;

c.    each General Claim Form or Consumer Claim Form, including supporting documentation, must be submitted in person, by courier service, overnight delivery, hand delivery, or United States mail ***so as to be actually received*** by Omni on or before the applicable Bar Date at the following address:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Additionally, Claim Forms may be submitted electronically using the interface available on the website maintained by Omni in this Bankruptcy Case

3

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153369746.1

EXHIBIT 1, PAGE 17

https://omniagentsolutions.com/LPG-claims, *so as to be actually received* by Omni on or before the applicable Bar Date; and

d.   except as expressly permitted above in the context of electronic submissions at Omni's website, any Claim Forms otherwise sent by facsimile, telecopy, electronic mail, or other form of electronic submissions will not be accepted.

8.    Any Person or Entity who is required but fails to properly file a General Claim Form or Consumer Claim Form by the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor's estate (or filing a claim with respect to any such General Claim, Rejection Claim, or Chapter 5 Claim), and the Debtor's estate and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Additionally, any Person or Entity that is required but fails to properly file a Claim Form by the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this Bankruptcy Case and participating in any distribution in this Bankruptcy Case on account of such claim.

9.    The Bar Date Notice attached to the Motion as **Exhibit 3** is approved.

10.    No later than January 23, 2024, the Trustee shall provide Omni information sufficient to serve the Bar Date Notice by first-class United States mail, postage prepaid, on:

a.   the Court;

b.   all persons or entities that have requested notice of the proceedings in this Bankruptcy Case, pursuant to Bankruptcy Rule 2002, as of the date of the Bar Date Order;

c.   all creditors and other known holders of claims against the Debtor known to the Movants as of the date of the Bar Date Order, including all persons or entities listed in the Schedules and Statements as holding claims against the Debtor, including claims that the Debtor lists as contingent, unliquidated, or disputed;

d.   all non-debtor parties to executory contracts and unexpired leases listed on the Schedules and Statements, or otherwise known to the Trustee, or his designated representatives;

e.   all known parties to litigation with the Trustee, if any, including any workers compensation, general liability, or other insurance claimants, whether or not any litigation has been commenced, and their counsel, if known to the Trustee;

f.   the Internal Revenue Service;

g.   the Office of the Attorney General in all of the states and all taxing authorities in all of the jurisdictions in which the Debtor operated and/or filed tax returns,

4

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

153369746.1

and all applicable local governmental authorities;

h.   all employees, directors, and officers of the Debtor known to the Trustee at the time of his appointment;

i.   all known former employees employed by the Debtor on or after September 20, 2022 (i.e., six (6) months before the Petition Date); and

j.   all other entities listed on the Debtor's creditor matrix.

11.     Notwithstanding the foregoing, the Trustee is not required to serve the Bar Date Notice on creditors that have already filed Proofs of Claim as of the date of the entry of the Bar Date Order or on parties that receive NEF notice of filings in this Bankruptcy Case.

12.     The Bar Date Notice, in substantially similar substance as attached to the Motion as **Exhibit 2** and as modified for publication (the "Publication Notice") is approved.  No later than January 23, 2024, Omni shall publish the Publication Notice on one occasion in the *Wall Street Journal*, *New York Times*, *USA Today*, or other similar national publication.

13.     The Movants are authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order.

14.     Nothing contained in the Motion or this Bar Date Order shall be construed as a waiver of the Movants' or any parties in interests' right to dispute, object to, challenge, or assert offsets or defenses against any claim on any grounds.

15.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this Order.

16.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

. . . . .

Date: January 2, 2024

Scott C. Clarkson
United States Bankruptcy Judge

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

5

153369746.1

EXHIBIT 1, PAGE 19

**EXHIBIT 2**

**Layla Buchanan**

| | |
|---|---|
| **From:** | Ed Hays |
| **Sent:** | Thursday, January 25, 2024 2:35 PM |
| **To:** | Bradford N. Barnhardt |
| **Subject:** | Fwd: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Ed Hays
Marshack Hays LLP
www.marshackhays.com
949-333-7777

Begin forwarded message:

**From:** Tracy Roman <tracy.roman@morninglawgroup.com>
**Date:** January 25, 2024 at 2:03:51 PM PST
**To:** "Lissebeck, Yosina" <Yosina.Lissebeck@dinsmore.com>, Eeyah Tan <eeyah.tan@resolution-processing.com>, "Celentino, Christopher" <Christopher.Celentino@dinsmore.com>, Ed Hays <EHays@marshackhays.com>
**Cc:** Kim Steverson <ksteverson@omniagnt.com>, "Burke, Caron" <Caron.Burke@dinsmore.com>
**Subject: Re: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms**

Hi Yosina,

There were 115,411 emails sent, which is why it took so long.  The rest is correct.

Best regards,
Tracy

---

**From:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Date:** Thursday, January 25, 2024 at 2:50 PM
**To:** Eeyah Tan <eeyah.tan@resolution-processing.com>, Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>, Tracy Roman <tracy.roman@morninglawgroup.com>, Ed Hays <EHays@MarshackHays.com>
**Cc:** Kim Steverson <ksteverson@OmniAgnt.com>, Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms

Here is a revised POS – I added this language:

On January 23, 2024, an email was initiated to all Consumer Clients with active emails in our comprehensive data base. Due to the size of the email, and the approximately 60,000 consumers whom the email was sent to, it took longer than 24 hours for the computers to finish sending them and service was thus finalized on January 24, 2024.

Let me know if you think I should provide any additional information and is the amount of consumers correct?

1

EXHIBIT 2, PAGE 20

If it is all okay, Eeyah please sign and return to me!

Thanks,



**Yosina M. Lissebeck**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0473  •  **F** (619) 400-0501
**E** Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Eeyah Tan <eeyah.tan@resolution-processing.com>
**Sent:** Thursday, January 25, 2024 10:06 AM
**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Lissebeck, Yosina
<Yosina.Lissebeck@Dinsmore.com>; Tracy Roman <tracy.roman@morninglawgroup.com>
**Cc:** Kim Steverson <ksteverson@OmniAgnt.com>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms

Hi Yosina,

The vendor confirmed that they completed the task last night at 10pm PST.
Could you please update the date of the POS?

Thanks,
Eeyah

**From:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Sent:** Wednesday, January 24, 2024 8:29 PM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Tracy Roman <tracy.roman@morninglawgroup.com>; Eeyah
Tan <eeyah.tan@resolution-processing.com>
**Cc:** Kim Steverson <ksteverson@OmniAgnt.com>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms

Proof can be filed tomorrow.

---
Sent from Workspace ONE Boxer
On January 24, 2024 at 5:12:32 PM PST, Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com> wrote:

We can figure this out tomorrow – maybe we just do an easy declaration re proof of service instead…

I'll get back to you in the morning.

<image001.jpg>
**Yosina M. Lissebeck**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway

EXHIBIT 2, PAGE 21

Suite 800
San Diego, CA 92101
**T** (619) 400-0473 • **F** (619) 400-0501
**E** Yosina.Lissebeck@Dinsmore.com • dinsmore.com

---

**From:** Tracy Roman <tracy.roman@morninglawgroup.com>
**Sent:** Wednesday, January 24, 2024 2:55 PM
**To:** Eeyah Tan <eeyah.tan@resolution-processing.com>; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Cc:** Kim Steverson <ksteverson@OmniAgnt.com>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** Re: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms

Hi Yosina,

The vendor has just advised that the service is not yet complete.  There are still about 20,000 emails to complete sending.  Evidently, the combination of the huge number of emails being sent and the inclusion of the 4 attachments slowed the process tremendously.
I'm not sure what to do regarding the Proof in this situation but wanted to make you aware as soon as possible.

Best regards,
Tracy

---

**From:** Eeyah Tan <eeyah.tan@resolution-processing.com>
**Date:** Tuesday, January 23, 2024 at 11:25 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>, Tracy Roman <tracy.roman@morninglawgroup.com>
**Cc:** Kim Steverson <ksteverson@OmniAgnt.com>, Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms
Thanks, Yosina.

I will send it back as soon as I receive confirmation from the vendor regarding the task completion.

**Eeyah Tan**
VP of Operations | Resolution Processing

NOTICE: This email message (including any attachments) may contain confidential and/or legally privileged material. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose any part of this message. If you have received this message in error, please notify us and delete all copies of it. Thank you.

---

**From:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Sent:** Tuesday, January 23, 2024 10:18 AM
**To:** Tracy Roman <tracy.roman@morninglawgroup.com>; Eeyah Tan <eeyah.tan@resolution-processing.com>
**Cc:** Kim Steverson <ksteverson@OmniAgnt.com>; Burke, Caron <Caron.Burke@DINSMORE.COM>
**Subject:** RE: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms


Here is the Proof of Service for Eeyah to sign!

Thanks,
**Error! Filename not specified.**

**Yosina M. Lissebeck**
Partner
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0473 • **F** (619) 400-0501
**E** Yosina.Lissebeck@Dinsmore.com • dinsmore.com

---

**From:** Kim Steverson <ksteverson@OmniAgnt.com>
**Sent:** Tuesday, January 23, 2024 10:06 AM
**To:** Tracy Roman <tracy.roman@morninglawgroup.com>; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Subject:** RE: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms

Thanks

**Kim D. Steverson**
**Vice President, Corporate Restructuring Services**
**Omni Agent Solutions, Inc.**
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367
Phone:  (747) 293-0016
E-mail: ksteverson@OmniAgnt.com



---

**From:** Tracy Roman <tracy.roman@morninglawgroup.com>
**Sent:** Tuesday, January 23, 2024 11:21 AM
**To:** Kim Steverson <ksteverson@OmniAgnt.com>; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Subject:** Re: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms

> You don't often get email from tracy.roman@morninglawgroup.com. Learn why this is important

They are just about to start – probably within the next 10 minutes.

---

**From:** Kim Steverson <ksteverson@OmniAgnt.com>
**Date:** Tuesday, January 23, 2024 at 10:06 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>, Tracy Roman <tracy.roman@morninglawgroup.com>
**Subject:** RE: [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms
Please advise when transmission begins.

**Kim D. Steverson**
**Vice President, Corporate Restructuring Services**
**Omni Agent Solutions, Inc.**
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367
Phone:  (747) 293-0016
E-mail: ksteverson@OmniAgnt.com

EXHIBIT 2, PAGE 23

**Error! Filename not specified.**

---

**From:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Sent:** Tuesday, January 23, 2024 11:05 AM
**To:** Tracy Roman <tracy.roman@morninglawgroup.com>; Kim Steverson <ksteverson@OmniAgnt.com>
**Subject:** [External] RE: LPG- Notice of Claims Bar Date and Proof of Claim Forms

Thank you for the call.
As discussed, take the Dinsmore signature block out.

Otherwise looks great.

**Error! Filename not specified.**
**Yosina M. Lissebeck**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0473  •  **F** (619) 400-0501
**E** Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

---

**From:** Tracy Roman <tracy.roman@morninglawgroup.com>
**Sent:** Tuesday, January 23, 2024 8:36 AM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Kim Steverson <ksteverson@OmniAgnt.com>
**Subject:** FW: LPG- Notice of Claims Bar Date and Proof of Claim Forms
**Importance:** High

Hi Yosina,

Here is the test email from the vendor.  They added a Dinsmore signature block – which is what they
have used for the Rejection Notice and Notice of Assumption. Please advise if that is ok or if you want
it removed.

---

**From:** LPGinquiries@omniagnt.com <LPGinquiries@omniagnt.com>
**Sent:** Tuesday, January 23, 2024 8:23 AM
**To:** Eeyah Tan <eeyah.tan@resolution-processing.com>
**Subject:** LPG- Notice of Claims Bar Date and Proof of Claim Forms

Dear Consumer Client of Litigation Practice Group:

   **PLEASE TAKE NOTICE** that the United States Bankruptcy Court for the Central District of California entered an
Order Docket No. 804 setting the deadline of **February 23, 2024** ("Bar Date") to file proofs of claim against the
bankruptcy estate of The Litigation Practice Group P.C. ("Debtor"):

   **PLEASE TAKE FURTHER NOTICE** that the Court has approved two different types of claim forms. First, all
holders of General Claims that are not Consumer Claimants (defined below), holders of Rejection Claims, and
holders of Chapter 5 Claims must utilize Official Form 410 for the submission of Proofs of Claim (the "General
Claim Form"). Second, in light of the unique issues facing the Debtor's consumer creditors (the "Consumer
Claimants") who assert claims arising from or related to their attorney-client relationship with the Debtor (the

EXHIBIT 2, PAGE 24

"Consumer Claims"), the Court has authorized a unique claim form (the "Consumer Claim Form") with additional information that may be helpful to Consumer Claimants in completing their proof of claim. Consumer Claimants, however, can use either the Consumer Claim Form or the General Claim Form. Consumer Claimants may, but are not required, to file a proof of claim using the Consumer Claim Form if they have already timely filed a proof of claim using the General Claim Form.

Each General Claim Form or Consumer Claim Form, including supporting documentation, must be submitted in person, by courier service, overnight delivery, hand delivery, or United States mail *so as to be actually received* by Omni on or before the applicable Bar Date at the following address:

The Litigation Practice Group P.C. Claims Processing

c/o Omni Agent Solutions

5955 De Soto Ave., Suite 100

Woodland Hills, CA 91367

Additionally, Claim Forms related to the case may be submitted electronically using the interface available on the website maintained by Omni in this Bankruptcy Case https://omniagentsolutions.com/LPG *so as to be actually received* by Omni on or before the applicable Bar Date. **Claim Forms sent by facsimile, telecopy, electronic mail, or other form of electronic submissions will not be accepted**.

Thank you,

Dinsmore & Shohl LLP - Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

The information contained in this communication and its attachment(s) is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the communication without retaining any copies.

The information contained in this communication and its attachment(s) is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the communication without retaining any copies.

EXHIBIT 2, PAGE 25

**EXHIBIT 3**

# INSTRUCTIONS FOR PRIOR CLIENTS OF THE LITIGATION PRACTICE GROUP, P.C.

If you contend that you are a prior client of The Litigation Practice Group, P.C. ("LPG") you may or may not have a claim against LPG's bankruptcy estate.[1] If you believe you have a claim that arose prior to LPG's bankruptcy that was filed on March 20, 2023,[2] then you must do the following to assert your potential claim to a distribution in this case:

1. Fill out the included **Consumer Client Claim Form** as fully and completely as possible.

   a. Please fill out the **Consumer Client Claim Form** and **Information Sheet**. Doing so and providing the additional information will assist the Trustee in determining whether you have an allowed claim that may be entitled to distribution. **If you have previously filed a Proof of Claim, you may but do NOT need to complete and file an amended claim using the Consumer Client Claim Form and Information Sheet.** Doing so, however, may help the Trustee more efficiently analyze your claim. If you previously filed a Proof of Claim and wish to complete the Consumer Client Claim Form and Information Sheet, be sure to check Box 4(b), so that it is clear that this claim amends the previous claim.

   b. You must provide documentation to support your claim. Any documentation in support of your claim will be filed publicly with the Bankruptcy Court. Accordingly, if you include documentation such as bank account statements or credit card statements, redact the account numbers for your privacy and security. This means you should black out all but the last four digits of the account number everywhere that it appears in your documentation.

---

[1] If you believe that you are a holder of a claim that arose prior to March 20, 2023, <u>and</u> are not asserting that you are a former client of LPG, then you must file Form B410, found on the website for the United States Bankruptcy Court for the Central District of California at https://www.cacb.uscourts.gov/sites/cacb/files/documents/forms/410.pdf. Neither the Chapter 11 Trustee ("<u>Trustee</u>"), the Official Committee of Unsecured Creditors ("<u>Committee</u>") nor their respective attorneys may offer you legal advice. Please do not contact the Trustee or Committee, or their respective attorneys for assistance in completing these forms, as they are not legally allowed to make that determination for you. Seek legal advice from another attorney if you require it.

[2] **DO NOT FILE A PROOF OF CLAIM IF YOUR CLAIM AROSE AFTER MARCH 20, 2023, BUT BEFORE AUGUST 4, 2023**. If you believe you have a claim that arose after March 20, 2023, but before August 4, 2023, then there was a separate deadline - November 21, 2023 - that the Court had set by which you must have filed a motion seeking allowance of such claim. You should have already been served with this notice. If not, you can obtain a copy from the Court or emailing marshacktrustee@marshackhays.com with the phrase "Request for Administrative Claims Bar Date Notice" in the subject line.

   c. If any of your documentation includes your Social Security Number, please redact. Leaving the last four digits visible is acceptable, but your full SSN should never be shared.

2. Fill out the included **Informational Sheet** as fully and completely as possible.

   a. Again, redact your financial information and Social Security Number, as outlined in the previous section.

3. Please only send copies of any record you submit with the Consumer Client Claim Form, and not original documents.  Retain a copy of the forms for your records.

4. **IF YOU HAVE NOT ALREADY SUBMITTED A PROOF OF CLAIM IN THIS CASE, YOU MUST COMPLETE AND SUBMIT THE ATTACHED FORM EITHER ELECTRONICALLY OR BY MAIL ON OR BEFORE [DATE], 2024**

   a. You can complete and submit this form electronically on the case website maintained by Omni Agent Solutions at https://omniagentsolutions.com/LPG-claims

   b. Alternatively, you can mail the completed forms to Omni Agent Solutions as follows:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**NOTE:** We have tried to make these instructions as clear as possible, and this form as simple as possible, to streamline the claims process. LPG is not a typical bankruptcy case, and we are trying to adapt to make the process work for everyone. But the law requires certain language and certain steps to be taken that are not the most clear and simple. The bankruptcy process does not allow for instant action in response to claims.

# CONSUMER CLIENT CLAIM FORM
## *In re The Litigation Practice Group P.C.*, Case No. 8:23-bk-10571-SC
## United States Bankruptcy Court for the Central District of California,
## Santa Ana Division

1. Name of Creditor (Identify the person to whom The Litigation Practice Group P.C. owes money?):

   _____

   _____

2. Has this claim been acquired from someone else? (Was someone else owed money and then you purchased this claim from them?)

   ☐ No.

   ☐ Yes.    From whom? _____

3. Where should notices and payments to the creditor be sent? (What address should we use for notices and payments?)

| NOTICES | PAYMENT (if different) |
|---|---|
| Name: | Name: |
| Street Address: | Street Address: |
| City: | City: |
| State:    Zip Code: | State:    Zip Code: |
| Phone Number: | Phone Number: |
| Email: | Email: |

4. Have you already filed a proof of claim in this case with the US Bankruptcy Court?

   a.    ☐ No.

   b.    ☐ Yes.    What was the claim number? _____.  This claim will amend the prior proof of claim.

EXHIBIT 3, PAGE 28

5.  How much is the claim? (How much do you believe you are owed?)

_____

**The claim amount SHOULD NOT include any amounts that you (a) paid to any credit card company or other creditors, or (b) otherwise owe to your credit card companies or other creditors.  To the extent that you paid The Litigation Practice Group, P.C. money that was applied towards payment of any debt you owed to your credit card company or other creditors, you SHOULD NOT include any such amounts as part of your claim.**

Does this amount include interest or other charges?

☐ No.

☐ Yes.      I have attached a statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

6.  What is the basis for your claim? Attach (and redact where appropriate) copies of any documents supporting your claim.

_____

_____

**SIGNATURE**

The person completing this claim form must sign and date it.

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____     _____

SIGNATURE OF PERSON COMPLETING THE FORM          DATE OF SIGNATURE

_____

NAME OF PERSON COMPLETING THE FORM

**DISCLAIMER**

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to five (5) years, or both, pursuant to 18 USC §§ 152, 157, and 3571.

EXHIBIT 3, PAGE 29

# INFORMATIONAL SHEET

**REMINDER:** If you include documentation such as bank account statements or credit card statements, redact the account numbers for your privacy and security. This means you should black out all but the last four (4) digits of the account number everywhere it appears in your documentation. We can use the last 4 digits to keep track of your information in our records, but more than that should not be necessary. If any of your documentation includes your Social Security Number, please redact this as well. Leaving the last four (4) digits visible is acceptable, but your full SSN should never be shared.

1. What are you asserting is your claim amount, if any?

   _____

2. What is your name, address, and telephone number?

   Name:

   _____

   Address:

   _____

   _____

   Telephone Number:

   _____

3. What payments have you made to The Litigation Practice Group? Provide proof of payments made. Redact the documents as appropriate.

   _____

   _____

4. Did you request a refund prior to LPG filing bankruptcy (03/20/23)?
   ☐ No.
   ☐ Yes.   If yes, provide proof of the written request you made and
            the date of the request.

5. Were you charged more than once in any given month?
   ☐ No.
   ☐ Yes.   If yes, provide proof of the charges.

6. Do you contend that LPG withdrew funds from your account between _____ and
   _____?
   ☐ No.
   ☐ Yes.   If yes, how much?     _____
            If yes, provide proof of the withdrawal(s).

EXHIBIT 3, PAGE 30

7.  Are you a part of any pending (active) lawsuit where you have sued LPG for malpractice?

      ☐ No.

      ☐ Yes.    If yes, provide the case name, case number, and a copy of the complaint.

            _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION RE: EXTENSION OF CLAIMS BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 20, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **February 22, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 22, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 22, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

| | | |
|---|---|---|
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Bradford Barnhardt | bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC** | Eric Bensamochan | eric@eblawfirm.us, G63723@notify.cincompass.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Peter W Bowie | peter.bowie@dinsmore.com, caron.burke@dinsmore.com |
| **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC** | Ronald K Brown | ron@rkbrownlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Christopher Celentino | christopher.celentino@dinsmore.com, caron.burke@dinsmore.com |
| **INTERESTED PARTY COURTESY NEF** | Shawn M Christianson | cmcintire@buchalter.com, schristianson@buchalter.com |
| **INTERESTED PARTY COURTESY NEF** | Randall Baldwin Clark | rbc@randallbclark.com |
| **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI:** | Leslie A Cohen | leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com |
| **INTERESTED PARTY COURTESY NEF** | Aaron E. DE Leest | adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| **INTERESTED PARTY COURTESY NEF** | Anthony Paul Diehl | anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net |
| **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER** | Jenny L Doling | jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net |
| **ATTORNEY FOR CREDITOR CAROLYN BEECH** | Daniel A Edelman | dedelman@edcombs.com, courtecl@edcombs.com |
| **CREDITOR** | Meredith Fahn | fahn@sbcglobal.net |
| **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC** | William P Fennell | william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com |
| **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL** | Marc C Forsythe | mcforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Jeremy Freedman | jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| **ATTORNEY FOR CREDITOR HERRET CREDIT** | Eric Gassman | erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com |
|---|---|---|
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Christopher Ghio | christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com; deamira.romo@dinsmore.com |
| **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD** | Amy Lynn Ginsburg | efilings@ginsburglawgroup.com |
| **ATTORNEY FOR DEFENDANT STRIPE, INC** | Eric D Goldberg | eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com |
| **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC** | Jeffrey I Golden | jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com |
| **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC** | Richard H Golubow | rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC** | David M Goodrich | dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | D Edward Hays | ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| **ATTORNEY FOR CREDITOR CITY CAPITAL NY** | Alan Craig Hochheiser | ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com |
| **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC** | Garrick A Hollander | ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION** | Brian L Holman | b.holman@musickpeeler.com |
| **INTERESTED PARTY COURTESY NEF** | Richard L. Hyde | richard@amintalati.com |
| **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION** | Peter L Isola | pisola@hinshawlaw.com |
| **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC** | Razmig Izakelian | razmigizakelian@quinnemanuel.com |
| **ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS** | Sweeney Kelly | kelly@ksgklaw.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C. | Joon M Khang | joon@khanglaw.com |
|---|---|---|
| ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE | Ira David Kharasch | ikharasch@pszjlaw.com |
| ATTORNEY FOR DEFENDANT GALLANT LAW GROUP | Meredith King | mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law |
| ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS | Nicholas A Koffroth | nkoffroth@foxrothschild.com, khoang@foxrothschild.com |
| ATTORNEY FOR DEFENDANT MARICH BEIN, LLC | David S Kupetz | David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com |
| INTERESTED PARTY COURTESY NEF | Christopher J Langley | chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase;ecf123@casedriver.com;john@slclawoffice.com |
| ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC | Matthew A Lesnick | matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com |
| ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC | Daniel A Lev | daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com |
| ATTORNEY FOR INTERESTED PARTY REVOLV3, INC. | Britteny Leyva | bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com |
| INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC | Marc A Lieberman | marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com |
| ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC | Michael D Lieberman | mlieberman@lipsonneilson.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Yosina M Lissebeck | Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com |
| ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP | Mitchell B Ludwig | mbl@kpclegal.com, kad@kpclegal.com |
| INTERESTED PARTY AND ATTORNEY | Daniel S March | marchlawoffice@gmail.com, marchdr94019@notify.bestcase |
| ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH | Kathleen P March | kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net |
| ATTORNEY FOR CREDITOR DAVID ORR | Mark J Markus | bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

| CHAPTER 11 TRUSTEE | Richard A Marshack (TR) | pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi |
|---|---|---|
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Laila Masud | lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Sarah S. Mattingly | sarah.mattingly@dinsmore.com |
| **INTERESTED PARTY COURTESY NEF** | William McCormick | Bill.McCormick@ag.tn.gov |
| **ATTORNEY FOR US TRUSTEE** | Kenneth Misken | Kenneth.M.Misken@usdoj.gov |
| **INTERESTED PARTY COURTESY NEF** | Byron Z Moldo | bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com |
| **ATTORNEY FOR CREDITOR ADP, INC** | Glenn D. Moses | gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Jamie D Mottola | Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com |
| **INTERESTED PARTY COURTESY NEF** | Alan I Nahmias | anahmias@mbn.law, jdale@mbn.law |
| **INTERESTED PARTY COURTESY NEF** | Victoria Newmark | vnewmark@pszjlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Jacob Newsum-Bothamley | jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com |
| **ATTORNEY FOR US TRUSTEE** | Queenie K Ng | queenie.k.ng@usdoj.gov |
| **CREDITOR** | Israel Orozco | israel@iolawcorp.com |
| **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS** | Keith C Owens | kowens@foxrothschild.com, khoang@foxrothschild.com |
| **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.** | Lisa Patel | patel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com |
| **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC** | Michael R Pinkston | rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com |
| **ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE** | Douglas A Plazak | dplazak@rhlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Tyler Powell | tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com |
| **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING** | Daniel H Reiss | dhr@lnbyg.com, dhr@ecf.inforuptcy.com |
| **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC** | Ronald N Richards | ron@ronaldrichards.com, 7206828420@filings.docketbird.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Vanessa Rodriguez | vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com |
|---|---|---|
| ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC | Kevin Alan Rogers | krogers@wellsmar.com |
| ATTORNEY FOR CREDITOR MARI AGAPE | Gregory M Salvato | gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC | Olivia Scott | olivia.scott3@bclplaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jonathan Serrano | jonathan.serrano@dinsmore.com |
| ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC | Maureen J Shanahan | Mstotaro@aol.com |
| ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC | Paul R Shankman | PShankman@fortislaw.com, info@fortislaw.com |
| ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC | Zev Shechtman | zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com |
| ATTORNEY FOR US TRUSTEE | Leslie Skorheim | leslie.skorheim@usdoj.gov |
| ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC | Adam D Stein-Sapir | info@pfllc.com |
| ATTORNEY FOR DEFENDANT BANKUNITED, N.A. | Howard Steinberg | steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
| ATTORNEY FOR CREDITOR ALTERYX, INC. | Andrew Still | astill@swlaw.com, kcollins@swlaw.com |
| ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK | Michael R Totaro | Ocbkatty@aol.com |
| US TRUSTEE | United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC | William J Wall | wwall@wall-law.com |
| ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC | Sharon Z. Weiss | sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |
| ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC | Johnny White | JWhite@wrslawyers.com, jlee@wrslawyers.com |

4886-9458-9858

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE