CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:    619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| RICHARD A. MARSHACK, | **DECLARATION OF JEREMY B. FREEDMAN IN SUPPORT OF CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT MAVERICK BANKCARD, INC.** |
| Plaintiff, | |
| v. | |
| TONY DIAB, et al. | |
| Defendants. | |

Date:     March 13, 2024
Time:     11:00 a.m.
Judge:    Hon. Scott C. Clarkson
Place:    Courtroom 5C
          411 West Fourth Street
          Santa Ana, California  92701

1

1    I, JEREMY B. FREEDMAN, declare as follows:

2    1.    I am an attorney at law duly licensed to practice law by the State Bar of California and

3    admitted to practice before this Court.  I am an associate with the law firm of Dinsmore & Shohl LLP,

4    serving as Special Counsel to Richard A. Marshack, Chapter 11 Trustee for the Bankruptcy Estate of

5    The Litigation Practice Group PC. I make this declaration in support of the Motion For Order

6    Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the

7    "Motion") I have personal knowledge of the facts contained in this declaration, and if called upon to

8    testify, I could and would testify competently thereto.

9    2.    From the time the Trustee filed his complaint initiating Adversary Proceeding No.

10    8:23-ap-01046-SC, the Trustee has diligently worked with many defendants, including Maverick

11    Bankcard, Inc. ("Maverick") in order to resolve his claims and recover funds for the benefit of the

12    debtor's Estate. To that end, Trustee obtained informal discovery from Maverick, including

13    accounting records in order to evaluate potential compromise and in an effort to reduce costs to the

14    Estate. As a result of Maverick's informal production and good faith negotiations the parties reached

15    an agreement to the terms of settlement which are provided in the executed Settlement Agreement.

16    A true and correct copy of the executed Settlement Agreement is attached hereto as **Exhibit A**.

17    3.    A true and correct summary of the Maverick's account records establishing LPG's

18    reserve account funds held by Maverick, chargebacks, disputed charges and insufficient funds is

19    attached hereto as **Exhibit B**.

20    4.    A true and correct summary of the service agreement between LPG and Maverick

21    detailing the contractual right to recover chargebacks, disputed charges and insufficient funds is

22    attached hereto as **Exhibit C**.

23    I declare under penalty of perjury under the laws of the United States of America that the

24    foregoing is true and correct.

25    Executed on this 12th day of February 2024 at San Diego, California.

26

27    _Jeremy Freedman_
     Jeremy B. Freedman

28

2

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this 3rd day of January, 2024, by and between Richard A. Marshack, as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of The Litigation Practice Group, P.C. (the "Debtor"), and Maverick Bankcard, Inc. ("Maverick"). The Trustee and Maverick are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A.    On or about March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), initiating Case No. 8:23-bk-10571-SC (the "Bankruptcy Case").

B.    On or about May 8, 2023, the Trustee was appointed as the Chapter 11 trustee of the bankruptcy estate of the Debtor and assumed all authority to administer the Debtor's estate in the Bankruptcy Case.

C.    Maverick performed certain pre-petition merchant credit card and other payment processing services for the Debtor, pursuant to that certain Merchant Account Application and Agreement between the Debtor and Maverick dated December 16, 2021 and that certain ACH Processing Application and Agreement between the Debtor and Maverick dated March 7, 2022 (collectively, the "Merchant Agreements").

D.    The Merchant Agreements authorized and permitted Maverick to establish and maintain a reserve (the "Reserve") to cover certain of the Debtor's obligations under the Merchant Agreements.

E.    The Reserve was established pre-petition in the amount of $628,343.18.   In addition, and before Maverick received any notice that the Bankruptcy Case had been initiated, it unknowingly held an additional $48,180.27 from credit and debit card transactions by the Debtor's clients that occurred post-petition.

F.    Maverick has a pre-petition claim against the Debtor's Chapter 11 estate to the extent of any unpaid and/or unrecouped client refunds, chargebacks and ACH returns by the Debtor's clients, on credit card, debit card and ACH transactions with the Debtor that occurred prior to the Petition Date, that Maverick has been required to fund and return to the Debtor's clients since the filing of the Bankruptcy Case (the "Maverick Claim").

G.    As of the date of this Agreement, the Maverick Claim is partially liquidated, and partially contingent and unliquidated, as some of the Debtor's clients remain eligible to dispute transactions with the Debtor that occurred prior to the Petition Date.

H.    The Maverick Claim is a secured claim to the extent of the Reserve, and a general unsecured claim to the extent of any losses on pre-petition transactions that exceed the amount of the Reserve.

1

I.      The Parties wish to stipulate and agree to limited and precautionary relief from the automatic stay, if and as necessary, to allow Maverick to exercise its right of recoupment and/or setoff in respect of the Reserve, to apply funds in the Reserve to cover its losses on pre-petition transactions by the Debtor's clients to date, and then to release any funds remaining in the Reserve to the Trustee.

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.      **Court Approval.**  This Agreement shall be effective on the date the Bankruptcy Court enters an order approving the Agreement (the "Effective Date").  The Trustee agrees to promptly seek entry of an order approving the Agreement.

2.      **Precautionary Modification of Stay to Permit Recoupment.**  As of the Effective Date, Maverick may recoup, set off, or otherwise retain and apply funds in the Reserve to satisfy and pay the Maverick Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes.

3.      **Release of Funds to Trustee.**  Promptly following the Effective Date, and following its recoupment and applications of funds as provided in paragraph 2 above, Maverick shall release and pay over to the Trustee any and all funds remaining in the Reserve, consisting of (a) the $48,180.27 that Maverick unknowingly held post-petition, and (b) the difference remaining after the funds required to recoup the Maverick Claim, to the extent that it is fixed and liquidated as of the Effective Date, are deducted from the $628,343.18 held in the Reserve as of the Petition Date.

4.      **Deficiency Claim By Maverick.**  To the extent that any portion of the Maverick Claim that is currently contingent and unliquidated shall become fixed and liquidated after the Effective Date, Maverick shall have an unsecured claim and be required to file a timely Proof of Claim in the Bankruptcy Case.

5.      **Merger and Integration.**  This Agreement contains the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements between the Parties relating thereto.

6.      **Signatory Authority.**  Each person who executes this Agreement represents that he or she is duly authorized to execute this Agreement on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Agreement.

7.      **Execution in Counterparts.**  This Agreement may be executed in multiple counterparts, any of which may be transmitted by e-mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.    **No Presumption**.  The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Agreement and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

9.    **Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction to enforce and construe any and all applicable terms or provisions of the Court's Preliminary Injunction (Adversary Proceeding No. 8:23-ap-01046-SC, Dkt. No. 70) including any and all applicable changes or modifications subsequently made so long as the Preliminary Injunction remains in place and has not been vacated by Court order.

10.    **Governing Law.**  This Agreement is made and entered into under the laws of the State of California and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws.

11.    **Review by Counsel.**  By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

12.    **Authority.**  By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

13.    **Miscellaneous.**    The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement.  This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval.  This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns.  The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

**RICHARD A. MARSHACK, CHAPTER 11
TRUSTEE FOR THE LITIGATION PRACTICE
GROUP, P.C.**

_____    Dated: _1/3/24_____
Marshack, Trustee

**MAVERICK BANKCARD, INC.**

By: _____    Dated: _1/2/24_____
Title: _____COO_____

3

# EXHIBIT "B"

| ACH - ACH Returns | Amount |
|---|---|
| ACH - ACH Returns | $ 205,846.94 |
| ACQ - ACH Returns | $ 215,763.70 |
| **Grand Total** | **$ 421,610.64** |

| Merchant Reserve Balance | $ 628,343.18 |
|---|---|
| As of: | 12/6/2023 |

### ACH

| Month | Sum of Amount | Count |
|---|---|---|
| Mar | $ 103,506.47 | 24 |
| Apr | $ 40,451.08 | 18 |
| May | $ 58,914.20 | 20 |
| Jun | $ 582.05 | 1 |
| Sep | $ 2,393.14 | 2 |





### ACQ

| Month | Sum of Reject Amount | Count |
|---|---|---|
| 2022 Nov | $ 1,665.43 | 2 |
| Jan | $ 18,643.95 | 37 |
| Feb | $ 5,712.08 | 18 |
| Mar | $ 76,121.52 | 221 |
| Apr | $ 64,377.48 | 155 |
| May | $ 34,318.37 | 63 |
| Jun | $ 6,577.88 | 18 |
| Jul | $ 3,302.50 | 1 |
| Aug | $ 3,139.18 | 4 |
| Sep | $ 511.37 | 2 |
| Oct | $ 147.50 | 1 |
| Nov | $ 1,028.94 | 2 |
| Dec | $ 217.50 | 1 |





| Acct: | Trans ID | Type | Date | Returned | Return Code | Amount | Total |
|---|---|---|---|---|---|---|---|
| The Litigation Practice | 91893839 | DEBIT | 03/13/23 | 03/17/23 | R01 | $13,887.09 | $13,887.09 |
| The Litigation Practice | 91905996 | DEBIT | 03/15/23 | 03/20/23 | R29 | $3,788.05 | $17,675.14 |
| The Litigation Practice | 91909575 | DEBIT | 03/16/23 | 03/21/23 | R29 | $4,089.60 | $21,764.74 |
| The Litigation Practice | 91910272 | DEBIT | 03/16/23 | 03/21/23 | R29 | $4,363.14 | $26,127.88 |
| The Litigation Practice | 91910277 | DEBIT | 03/16/23 | 03/21/23 | R29 | $8,046.13 | $34,174.01 |
| The Litigation Practice | 91910280 | DEBIT | 03/16/23 | 03/21/23 | R29 | $4,568.63 | $38,742.64 |
| The Litigation Practice | 91910288 | DEBIT | 03/16/23 | 03/21/23 | R29 | $6,997.42 | $45,740.06 |
| The Litigation Practice | 91910293 | DEBIT | 03/16/23 | 03/21/23 | R29 | $4,060.81 | $49,800.87 |
| The Litigation Practice | 91910300 | DEBIT | 03/16/23 | 03/21/23 | R29 | $7,741.88 | $57,542.75 |
| The Litigation Practice | 91910304 | DEBIT | 03/16/23 | 03/21/23 | R29 | $4,489.48 | $62,032.23 |
| The Litigation Practice | 91910308 | DEBIT | 03/16/23 | 03/21/23 | R29 | $7,630.55 | $69,662.78 |
| The Litigation Practice | 91910311 | DEBIT | 03/16/23 | 03/21/23 | R29 | $7,610.33 | $77,273.11 |
| The Litigation Practice | 91910317 | DEBIT | 03/16/23 | 03/21/23 | R29 | $7,675.19 | $84,948.30 |
| The Litigation Practice | 91913195 | DEBIT | 03/17/23 | 03/22/23 | R29 | $3,145.40 | $88,093.70 |
| The Litigation Practice | 91917511 | DEBIT | 03/20/23 | 03/23/23 | R29 | $923.44 | $89,017.14 |
| The Litigation Practice | 91927277 | DEBIT | 03/21/23 | 03/24/23 | R29 | $2,733.19 | $91,750.33 |
| The Litigation Practice | 91930891 | DEBIT | 03/22/23 | 03/27/23 | R29 | $2,017.73 | $93,768.06 |
| The Litigation Practice | 91934329 | DEBIT | 03/23/23 | 03/28/23 | R29 | $1,605.41 | $95,373.47 |
| The Litigation Practice | 91937777 | DEBIT | 03/24/23 | 03/29/23 | R29 | $2,170.79 | $97,544.26 |
| The Litigation Practice | 91941656 | DEBIT | 03/27/23 | 03/30/23 | R29 | $1,361.37 | $98,905.63 |
| The Litigation Practice | 91949547 | DEBIT | 03/28/23 | 03/31/23 | R29 | $1,844.70 | $100,750.33 |
| The Litigation Practice | 91953152 | DEBIT | 03/29/23 | 04/03/23 | R29 | $776.11 | $101,526.44 |
| The Litigation Practice | 91956557 | DEBIT | 03/30/23 | 04/04/23 | R29 | $1,815.65 | $103,342.09 |
| The Litigation Practice | 91960174 | DEBIT | 03/31/23 | 04/05/23 | R29 | $164.38 | $103,506.47 |
| The Litigation Practice | 91963872 | DEBIT | 04/03/23 | 04/06/23 | R29 | $2,182.61 | $105,689.08 |
| The Litigation Practice | 91972782 | DEBIT | 04/04/23 | 04/07/23 | R29 | $869.27 | $106,558.35 |
| The Litigation Practice | 91976856 | DEBIT | 04/05/23 | 04/10/23 | R29 | $548.90 | $107,107.25 |
| The Litigation Practice | 91980204 | DEBIT | 04/06/23 | 04/11/23 | R29 | $4,973.82 | $112,081.07 |
| The Litigation Practice | 91983744 | DEBIT | 04/07/23 | 04/12/23 | R29 | $4,380.41 | $116,461.48 |
| The Litigation Practice | 91988146 | DEBIT | 04/10/23 | 04/13/23 | R29 | $2,415.82 | $118,877.30 |
| The Litigation Practice | 91997881 | DEBIT | 04/11/23 | 04/14/23 | R29 | $3,016.96 | $121,894.26 |
| The Litigation Practice | 92001172 | DEBIT | 04/12/23 | 04/17/23 | R29 | $5,774.30 | $127,668.56 |
| The Litigation Practice | 92004380 | DEBIT | 04/13/23 | 04/18/23 | R29 | $981.88 | $128,650.44 |
| The Litigation Practice | 92008421 | DEBIT | 04/14/23 | 04/18/23 | R29 | $2,289.70 | $130,940.14 |
| The Litigation Practice | 92012282 | DEBIT | 04/17/23 | 04/20/23 | R29 | $3,463.93 | $134,404.07 |
| The Litigation Practice | 92020199 | DEBIT | 04/18/23 | 04/21/23 | R29 | $1,462.65 | $135,866.72 |
| The Litigation Practice | 92023793 | DEBIT | 04/19/23 | 04/24/23 | R29 | $1,158.47 | $137,025.19 |
| The Litigation Practice | 92030187 | DEBIT | 04/21/23 | 04/26/23 | R29 | $2,349.53 | $139,374.72 |
| The Litigation Practice | 92033768 | DEBIT | 04/24/23 | 04/27/23 | R29 | $581.09 | $139,955.81 |
| The Litigation Practice | 92041755 | DEBIT | 04/25/23 | 04/28/23 | R29 | $894.13 | $140,849.94 |
| The Litigation Practice | 92048227 | DEBIT | 04/27/23 | 05/02/23 | R29 | $283.47 | $141,133.41 |
| The Litigation Practice | 92051671 | DEBIT | 04/28/23 | 05/03/23 | R29 | $2,824.14 | $143,957.55 |
| The Litigation Practice | 92055380 | DEBIT | 05/01/23 | 05/04/23 | R29 | $554.84 | $144,512.39 |
| The Litigation Practice | 92063861 | DEBIT | 05/02/23 | 05/05/23 | R29 | $2,710.29 | $147,222.68 |
| The Litigation Practice | 92064201 | DEBIT | 05/02/23 | 05/05/23 | R02 | $45.00 | $147,267.68 |
| The Litigation Practice | 92071289 | DEBIT | 05/04/23 | 05/09/23 | R29 | 273.88 | $147,541.56 |
| The Litigation Practice | 92075013 | DEBIT | 05/05/23 | 05/10/23 | R29 | $1,012.08 | $148,553.64 |
| The Litigation Practice | 92078680 | DEBIT | 05/08/23 | 05/11/23 | R29 | $2,143.34 | $150,696.98 |
| The Litigation Practice | 92086995 | DEBIT | 05/09/23 | 05/12/23 | R29 | $3,077.72 | $153,774.70 |
| The Litigation Practice | 92090371 | DEBIT | 05/10/23 | 05/15/23 | R29 | $14,353.18 | $168,127.88 |
| The Litigation Practice | 92093625 | DEBIT | 05/11/23 | 05/16/23 | R29 | $9,802.31 | $177,930.19 |
| The Litigation Practice | 92097009 | DEBIT | 05/12/23 | 05/17/23 | R29 | $6,814.98 | $184,745.17 |
| The Litigation Practice | 92100519 | DEBIT | 05/15/23 | 05/18/23 | R29 | $1,681.96 | $186,427.13 |
| The Litigation Practice | 92109752 | DEBIT | 05/16/23 | 05/19/23 | R29 | $2,479.25 | $188,906.38 |

| The Litigation Practice | 92113275 | DEBIT | 05/17/23 | 05/22/23 | R29 | $960.77 | $189,867.15 |
|---|---|---|---|---|---|---|---|
| The Litigation Practice | 92120241 | DEBIT | 05/19/23 | 05/24/23 | R29 | $3,651.12 | $193,518.27 |
| The Litigation Practice | 92123973 | DEBIT | 05/22/23 | 05/25/23 | R29 | $451.18 | $193,969.45 |
| The Litigation Practice | 92131893 | DEBIT | 05/23/23 | 05/26/23 | R29 | $879.03 | $194,848.48 |
| The Litigation Practice | 92135370 | DEBIT | 05/24/23 | 05/30/23 | R29 | $3,427.49 | $198,275.97 |
| The Litigation Practice | 92138466 | DEBIT | 05/25/23 | 05/31/23 | R29 | $2,113.74 | $200,389.71 |
| The Litigation Practice | 92145440 | DEBIT | 05/29/23 | 06/01/23 | R04 | $1,979.02 | $202,368.73 |
| The Litigation Practice | 92155263 | DEBIT | 05/31/23 | 06/02/23 | R04 | $503.02 | $202,871.75 |
| The Litigation Practice | 92158907 | DEBIT | 06/01/23 | 06/05/23 | R04 | $582.05 | $203,453.80 |
| The Litigation Practice | 92435097 | DEBIT | 09/05/23 | 09/08/23 | R02 | $8.50 | $203,462.30 |
| The Litigation Practice | 92476895 | DEBIT | 09/18/23 | 09/20/23 | R04 | $2,384.64 | $205,846.94 |

| Merchant Number | DBA Name | Reason Description | Entry Description | Ach Reject Date | Reject Amount | Total |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 11/23/2022 | $ 259.14 | $ 259.14 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 11/23/2022 | $ 1,406.29 | $ 1,665.43 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 129.77 | $ 1,795.20 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 253.16 | $ 2,048.36 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 253.99 | $ 2,302.35 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 254.70 | $ 2,557.05 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 261.13 | $ 2,818.18 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 341.46 | $ 3,159.64 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 359.69 | $ 3,519.33 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 468.36 | $ 3,987.69 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 127.24 | $ 4,114.93 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 253.39 | $ 4,368.32 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 253.39 | $ 4,621.71 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 254.22 | $ 4,875.93 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 254.66 | $ 5,130.59 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 254.66 | $ 5,385.25 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 23.46 | $ 5,408.71 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 758.69 | $ 6,167.40 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 1,300.77 | $ 7,468.17 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 252.10 | $ 7,720.27 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 256.80 | $ 7,977.07 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 258.74 | $ 8,235.81 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 199.99 | $ 8,435.80 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 191.45 | $ 8,627.25 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 288.68 | $ 8,915.93 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 482.65 | $ 9,398.58 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 4,323.56 | $ 13,722.14 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 252.75 | $ 13,974.89 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 253.21 | $ 14,228.10 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 254.81 | $ 14,482.91 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 353.19 | $ 14,836.10 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 372.88 | $ 15,208.98 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 966.07 | $ 16,175.05 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 250.52 | $ 16,425.57 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 254.45 | $ 16,680.02 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 274.71 | $ 16,954.73 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 01/25/2023 | $ 380.61 | $ 17,335.34 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 780.08 | $ 18,115.42 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 01/25/2023 | $ 2,193.96 | $ 20,309.38 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 251.73 | $ 20,561.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 252.95 | $ 20,814.06 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 252.95 | $ 21,067.01 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 253.16 | $ 21,320.17 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 260.63 | $ 21,580.80 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 290.31 | $ 21,871.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 294.08 | $ 22,165.19 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 322.93 | $ 22,488.12 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/27/2023 | $ 367.05 | $ 22,855.17 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 02/27/2023 | $ 1,250.13 | $ 24,105.30 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/28/2023 | $ 122.00 | $ 24,227.30 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/28/2023 | $ 122.00 | $ 24,349.30 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/28/2023 | $ 243.50 | $ 24,592.80 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/28/2023 | $ 252.54 | $ 24,845.34 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/28/2023 | $ 276.38 | $ 25,121.72 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/28/2023 | $ 296.52 | $ 25,418.24 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 02/28/2023 | $ 335.05 | $ 25,753.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 02/28/2023 | $ 268.17 | $ 26,021.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 239.21 | $ 26,260.67 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 239.21 | $ 26,499.88 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 251.25 | $ 26,751.13 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 251.45 | $ 27,002.58 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 251.90 | $ 27,254.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 251.96 | $ 27,506.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 257.60 | $ 27,764.04 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 262.92 | $ 28,026.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 266.15 | $ 28,293.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 267.96 | $ 28,561.07 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 272.40 | $ 28,833.47 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 272.40 | $ 29,105.87 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/01/2023 | $ 291.94 | $ 29,397.81 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/01/2023 | $ 435.22 | $ 29,833.03 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/01/2023 | $ 672.28 | $ 30,505.31 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/03/2023 | $ 229.89 | $ 30,735.20 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/03/2023 | $ 250.97 | $ 30,986.17 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/03/2023 | $ 250.97 | $ 31,237.14 |

| | | | | | |
|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/03/2023 | $ 252.89 | $ 31,490.03 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/03/2023 | $ 275.37 | $ 31,765.40 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/03/2023 | $ 341.16 | $ 32,106.56 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/03/2023 | $ 860.82 | $ 32,967.38 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 250.06 | $ 33,217.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 271.93 | $ 33,489.37 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/07/2023 | $ 657.41 | $ 34,146.78 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | MERCH FEES | 03/07/2023 | $ 6,305.81 | $ 40,452.59 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 228.66 | $ 40,681.25 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 250.53 | $ 40,931.78 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 250.63 | $ 41,182.41 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 252.06 | $ 41,434.47 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 252.86 | $ 41,687.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 255.78 | $ 41,943.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 257.37 | $ 42,200.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 258.38 | $ 42,458.86 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 258.38 | $ 42,717.24 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 271.72 | $ 42,988.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 287.01 | $ 43,275.97 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 287.01 | $ 43,562.98 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 295.81 | $ 43,858.79 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 357.84 | $ 44,216.63 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 365.89 | $ 44,582.52 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 400.05 | $ 44,982.57 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 434.31 | $ 45,416.88 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 224.79 | $ 45,641.67 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/07/2023 | $ 228.66 | $ 45,870.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/07/2023 | $ 1,005.11 | $ 46,875.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 266.33 | $ 47,141.77 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 292.34 | $ 47,434.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 333.22 | $ 47,767.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 337.60 | $ 48,104.93 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 512.73 | $ 48,617.66 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 251.25 | $ 48,868.91 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 251.50 | $ 49,120.41 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 252.30 | $ 49,372.71 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/08/2023 | $ 253.46 | $ 49,626.17 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/08/2023 | $ 599.66 | $ 50,225.83 |

| | | | | | | |
|---|---|---|---|---|---:|---:|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/08/2023 | $ 1,096.92 | $ 51,322.75 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 126.12 | $ 51,448.87 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 265.67 | $ 51,714.54 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 275.60 | $ 51,990.14 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 276.30 | $ 52,266.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 448.33 | $ 52,714.77 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 479.83 | $ 53,194.60 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 578.32 | $ 53,772.92 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 578.32 | $ 54,351.24 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/13/2023 | $ 412.60 | $ 54,763.84 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 256.19 | $ 55,020.03 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 282.77 | $ 55,302.80 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/13/2023 | $ 283.72 | $ 55,586.52 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/13/2023 | $ 9.35 | $ 55,595.87 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 250.15 | $ 55,846.02 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 253.60 | $ 56,099.62 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 277.50 | $ 56,377.12 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 299.99 | $ 56,677.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 300.01 | $ 56,977.12 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 305.48 | $ 57,282.60 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 305.48 | $ 57,588.08 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 336.67 | $ 57,924.75 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 350.07 | $ 58,274.82 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 359.21 | $ 58,634.03 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 359.86 | $ 58,993.89 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 359.86 | $ 59,353.75 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 359.86 | $ 59,713.61 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 424.76 | $ 60,138.37 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 514.74 | $ 60,653.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 517.26 | $ 61,170.37 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/15/2023 | $ 517.26 | $ 61,687.63 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/15/2023 | $ 22.51 | $ 61,710.14 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 03/16/2023 | $ 250.04 | $ 61,960.18 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 03/16/2023 | $ 250.37 | $ 62,210.55 |
| 40111376870 | The Litigation Practice | Insufficient Funds | CR CD CHBK | 03/16/2023 | $ 252.31 | $ 62,462.86 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 03/16/2023 | $ 54.41 | $ 62,517.27 |
| 40111376870 | The Litigation Practice | Insufficient Funds | DLY DIS S | 03/16/2023 | $ 98.32 | $ 62,615.59 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/17/2023 | $ 250.29 | $ 62,865.88 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/17/2023 | $ 254.27 | $ 63,120.15 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/17/2023 | $ 281.10 | $ 63,401.25 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/17/2023 | $ 281.10 | $ 63,682.35 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/17/2023 | $ 290.11 | $ 63,972.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/17/2023 | $ 349.30 | $ 64,321.76 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/17/2023 | $ 20.74 | $ 64,342.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/20/2023 | $ 202.38 | $ 64,544.88 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/20/2023 | $ 254.75 | $ 64,799.63 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/20/2023 | $ 255.09 | $ 65,054.72 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/20/2023 | $ 264.92 | $ 65,319.64 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/20/2023 | $ 290.11 | $ 65,609.75 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/20/2023 | $ 293.59 | $ 65,903.34 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/20/2023 | $ 378.95 | $ 66,282.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 250.99 | $ 66,533.28 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 251.04 | $ 66,784.32 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 251.22 | $ 67,035.54 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 260.06 | $ 67,295.60 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 272.69 | $ 67,568.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 272.69 | $ 67,840.98 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 272.69 | $ 68,113.67 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 277.74 | $ 68,391.41 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 388.05 | $ 68,779.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 413.55 | $ 69,193.01 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 413.55 | $ 69,606.56 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 413.55 | $ 70,020.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 427.15 | $ 70,447.26 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 453.82 | $ 70,901.08 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 584.64 | $ 71,485.72 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 607.57 | $ 72,093.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 629.98 | $ 72,723.27 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 632.57 | $ 73,355.84 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 658.56 | $ 74,014.40 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 193.61 | $ 74,208.01 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/22/2023 | $ 1,091.47 | $ 75,299.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 127.31 | $ 75,426.79 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 127.31 | $ 75,554.10 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 251.11 | $ 75,805.21 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 254.11 | $ 76,059.32 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 254.81 | $ 76,314.13 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 256.19 | $ 76,570.32 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 259.01 | $ 76,829.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 273.72 | $ 77,103.05 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 273.72 | $ 77,376.77 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 274.62 | $ 77,651.39 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 298.72 | $ 77,950.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 337.29 | $ 78,287.40 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 373.06 | $ 78,660.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 373.06 | $ 79,033.52 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 373.06 | $ 79,406.58 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 461.46 | $ 79,868.04 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 461.46 | $ 80,329.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/22/2023 | $ 461.46 | $ 80,790.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/22/2023 | $ 171.21 | $ 80,962.17 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/22/2023 | $ 607.62 | $ 81,569.79 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/24/2023 | $ 149.94 | $ 81,719.73 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/24/2023 | $ 251.24 | $ 81,970.97 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/24/2023 | $ 252.67 | $ 82,223.64 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/24/2023 | $ 252.67 | $ 82,476.31 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/24/2023 | $ 280.56 | $ 82,756.87 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/24/2023 | $ 333.92 | $ 83,090.79 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/24/2023 | $ 275.05 | $ 83,365.84 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/27/2023 | $ 152.31 | $ 83,518.15 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/27/2023 | $ 251.36 | $ 83,769.51 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/27/2023 | $ 259.54 | $ 84,029.05 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/27/2023 | $ 312.44 | $ 84,341.49 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/27/2023 | $ 358.66 | $ 84,700.15 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/27/2023 | $ 400.05 | $ 85,100.20 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/27/2023 | $ 116.24 | $ 85,216.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 251.89 | $ 85,468.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 252.91 | $ 85,721.24 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 252.91 | $ 85,974.15 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 254.37 | $ 86,228.52 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 257.23 | $ 86,485.75 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 260.46 | $ 86,746.21 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 264.41 | $ 87,010.62 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 275.33 | $ 87,285.95 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 291.76 | $ 87,577.71 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 312.10 | $ 87,889.81 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 312.10 | $ 88,201.91 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 329.46 | $ 88,531.37 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 337.10 | $ 88,868.47 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 359.11 | $ 89,227.58 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 359.93 | $ 89,587.51 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 419.89 | $ 90,007.40 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/28/2023 | $ 618.62 | $ 90,626.02 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/28/2023 | $ 139.10 | $ 90,765.12 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 127.76 | $ 90,892.88 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 127.76 | $ 91,020.64 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 127.76 | $ 91,148.40 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 127.76 | $ 91,276.16 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 127.76 | $ 91,403.92 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 152.09 | $ 91,556.01 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 184.07 | $ 91,740.08 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 184.07 | $ 91,924.15 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 224.81 | $ 92,148.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 226.00 | $ 92,374.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 250.32 | $ 92,625.28 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 250.53 | $ 92,875.81 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 250.85 | $ 93,126.66 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 251.78 | $ 93,378.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 254.72 | $ 93,633.16 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 256.19 | $ 93,889.35 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 256.19 | $ 94,145.54 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 256.19 | $ 94,401.73 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 270.00 | $ 94,671.73 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 275.15 | $ 94,946.88 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 312.44 | $ 95,259.32 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 312.44 | $ 95,571.76 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 340.56 | $ 95,912.32 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 355.29 | $ 96,267.61 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 360.18 | $ 96,627.79 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 360.18 | $ 96,987.97 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 411.94 | $ 97,399.91 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ 423.50 | $ 97,823.41 |

| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ | 439.39 | $ | 98,262.80 |
|---|---|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ | 526.75 | $ | 98,789.55 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/29/2023 | $ | 551.75 | $ | 99,341.30 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/29/2023 | $ | 180.68 | $ | 99,521.98 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/29/2023 | $ | 436.60 | $ | 99,958.58 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/31/2023 | $ | 250.90 | $ | 100,209.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/31/2023 | $ | 252.65 | $ | 100,462.13 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/31/2023 | $ | 252.76 | $ | 100,714.89 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/31/2023 | $ | 254.38 | $ | 100,969.27 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/31/2023 | $ | 254.38 | $ | 101,223.65 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/31/2023 | $ | 285.72 | $ | 101,509.37 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 03/31/2023 | $ | 285.84 | $ | 101,795.21 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 03/31/2023 | $ | 347.77 | $ | 102,142.98 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 251.14 | $ | 102,394.12 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 251.14 | $ | 102,645.26 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 251.14 | $ | 102,896.40 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 252.57 | $ | 103,148.97 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 255.36 | $ | 103,404.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 256.13 | $ | 103,660.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 278.67 | $ | 103,939.13 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 287.56 | $ | 104,226.69 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/03/2023 | $ | 615.11 | $ | 104,841.80 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 04/03/2023 | $ | 182.82 | $ | 105,024.62 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 255.49 | $ | 105,280.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 263.66 | $ | 105,543.77 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 296.34 | $ | 105,840.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 303.05 | $ | 106,143.16 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 327.88 | $ | 106,471.04 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 327.88 | $ | 106,798.92 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 331.37 | $ | 107,130.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 339.12 | $ | 107,469.41 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 364.12 | $ | 107,833.53 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 438.61 | $ | 108,272.14 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/10/2023 | $ | 476.39 | $ | 108,748.53 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 04/10/2023 | $ | 34.47 | $ | 108,783.00 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ | 247.60 | $ | 109,030.60 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ | 253.58 | $ | 109,284.18 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ | 253.58 | $ | 109,537.76 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 258.97 | $ 109,796.73 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 291.90 | $ 110,088.63 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 295.87 | $ 110,384.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 332.00 | $ 110,716.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 337.60 | $ 111,054.10 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 340.80 | $ 111,394.90 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 340.80 | $ 111,735.70 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 409.74 | $ 112,145.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 04/11/2023 | $ 8.00 | $ 112,153.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | DLY DIS S | 04/11/2023 | $ 169.67 | $ 112,323.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | MERCH FEES | 04/11/2023 | $ 18,258.82 | $ 130,581.93 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 244.91 | $ 130,826.84 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 250.49 | $ 131,077.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 252.65 | $ 131,329.98 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 253.66 | $ 131,583.64 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 254.17 | $ 131,837.81 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 256.89 | $ 132,094.70 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 262.14 | $ 132,356.84 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 278.66 | $ 132,635.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 342.69 | $ 132,978.19 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 364.75 | $ 133,342.94 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 153.08 | $ 133,496.02 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 153.08 | $ 133,649.10 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 250.32 | $ 133,899.42 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 253.38 | $ 134,152.80 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 257.44 | $ 134,410.24 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 263.69 | $ 134,673.93 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 265.40 | $ 134,939.33 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 288.06 | $ 135,227.39 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 569.34 | $ 135,796.73 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 325.81 | $ 136,122.54 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 2,200.00 | $ 138,322.54 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 247.49 | $ 138,570.03 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 250.23 | $ 138,820.26 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 250.83 | $ 139,071.09 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 253.42 | $ 139,324.51 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 253.42 | $ 139,577.93 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 253.78 | $ 139,831.71 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 253.93 | $ 140,085.64 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 263.80 | $ 140,349.44 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 270.06 | $ 140,619.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 270.06 | $ 140,889.56 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 279.60 | $ 141,169.16 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 279.60 | $ 141,448.76 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 306.04 | $ 141,754.80 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/11/2023 | $ 325.81 | $ 142,080.61 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 40.35 | $ 142,120.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 116.08 | $ 142,237.04 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 129.43 | $ 142,366.47 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 196.78 | $ 142,563.25 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 196.78 | $ 142,760.03 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 198.50 | $ 142,958.53 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 219.60 | $ 143,178.13 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 250.32 | $ 143,428.45 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 250.32 | $ 143,678.77 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 251.83 | $ 143,930.60 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 254.12 | $ 144,184.72 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 254.12 | $ 144,438.84 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 262.14 | $ 144,700.98 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 274.26 | $ 144,975.24 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 299.26 | $ 145,274.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 326.02 | $ 145,600.52 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 369.91 | $ 145,970.43 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 370.75 | $ 146,341.18 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 370.75 | $ 146,711.93 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 370.75 | $ 147,082.68 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 420.13 | $ 147,502.81 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 476.39 | $ 147,979.20 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 247.30 | $ 148,226.50 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 251.81 | $ 148,478.31 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 251.81 | $ 148,730.12 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 251.97 | $ 148,982.09 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 253.26 | $ 149,235.35 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 253.50 | $ 149,488.85 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 259.72 | $ 149,748.57 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 260.94 | $ 150,009.51 |

| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 300.87 | $ 150,310.38 |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 251.79 | $ 150,562.17 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 252.37 | $ 150,814.54 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 252.89 | $ 151,067.43 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 317.76 | $ 151,385.19 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 317.76 | $ 151,702.95 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 396.27 | $ 152,099.22 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 597.08 | $ 152,696.30 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 597.08 | $ 153,293.38 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 615.11 | $ 153,908.49 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 250.70 | $ 154,159.19 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 253.29 | $ 154,412.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 253.29 | $ 154,665.77 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 255.47 | $ 154,921.24 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 272.05 | $ 155,193.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 301.09 | $ 155,494.38 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 302.08 | $ 155,796.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/19/2023 | $ 336.37 | $ 156,132.83 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 201.87 | $ 156,334.70 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 205.27 | $ 156,539.97 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 250.21 | $ 156,790.18 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 252.44 | $ 157,042.62 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 255.18 | $ 157,297.80 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 255.18 | $ 157,552.98 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 256.43 | $ 157,809.41 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 266.76 | $ 158,076.17 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 278.34 | $ 158,354.51 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 278.34 | $ 158,632.85 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 278.34 | $ 158,911.19 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 300.66 | $ 159,211.85 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/20/2023 | $ 433.98 | $ 159,645.83 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/21/2023 | $ 250.01 | $ 159,895.84 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/21/2023 | $ 252.79 | $ 160,148.63 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/21/2023 | $ 263.98 | $ 160,412.61 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/21/2023 | $ 314.68 | $ 160,727.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/21/2023 | $ 325.86 | $ 161,053.15 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/21/2023 | $ 325.86 | $ 161,379.01 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ 547.41 | $ 161,926.42 |

| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 206.00 | $ 162,132.42 |
|---|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 219.60 | $ 162,352.02 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 244.91 | $ 162,596.93 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 253.49 | $ 162,850.42 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 253.94 | $ 163,104.36 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 253.94 | $ 163,358.30 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 255.28 | $ 163,613.58 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 255.34 | $ 163,868.92 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 282.36 | $ 164,151.28 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 287.03 | $ 164,438.31 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 299.45 | $ 164,737.76 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 329.14 | $ 165,066.90 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 436.79 | $ 165,503.69 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/26/2023 | $ | 472.16 | $ 165,975.85 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/28/2023 | $ | 252.54 | $ 166,228.39 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 04/28/2023 | $ | 292.07 | $ 166,520.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/01/2023 | $ | 213.28 | $ 166,733.74 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/01/2023 | $ | 250.87 | $ 166,984.61 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/01/2023 | $ | 250.87 | $ 167,235.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/01/2023 | $ | 250.87 | $ 167,486.35 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/01/2023 | $ | 252.59 | $ 167,738.94 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/01/2023 | $ | 362.77 | $ 168,101.71 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 253.25 | $ 168,354.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 253.25 | $ 168,608.21 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 253.93 | $ 168,862.14 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 255.28 | $ 169,117.42 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 255.28 | $ 169,372.70 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 258.58 | $ 169,631.28 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 261.01 | $ 169,892.29 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 346.30 | $ 170,238.59 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 346.30 | $ 170,584.89 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 346.30 | $ 170,931.19 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 669.88 | $ 171,601.07 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/02/2023 | $ | 669.88 | $ 172,270.95 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ | 759.63 | $ 173,030.58 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ | 759.63 | $ 173,790.21 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ | 251.40 | $ 174,041.61 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ | 253.24 | $ 174,294.85 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 255.87 | $ 174,550.72 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 255.87 | $ 174,806.59 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 255.87 | $ 175,062.46 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 759.63 | $ 175,822.09 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | MERCH FEES | 05/11/2023 | $ 13,289.50 | $ 189,111.59 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 532.26 | $ 189,643.85 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 532.26 | $ 190,176.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 252.57 | $ 190,428.68 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 266.36 | $ 190,695.04 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 251.95 | $ 190,946.99 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 253.60 | $ 191,200.59 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 257.52 | $ 191,458.11 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 257.63 | $ 191,715.74 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 257.63 | $ 191,973.37 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/11/2023 | $ 262.11 | $ 192,235.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 240.43 | $ 192,475.91 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 252.09 | $ 192,728.00 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 284.00 | $ 193,012.00 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 284.27 | $ 193,296.27 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 309.27 | $ 193,605.54 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 395.43 | $ 194,000.97 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 484.84 | $ 194,485.81 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 491.97 | $ 194,977.78 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 635.17 | $ 195,612.95 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 254.30 | $ 195,867.25 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 407.63 | $ 196,274.88 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 251.39 | $ 196,526.27 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 251.39 | $ 196,777.66 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 299.19 | $ 197,076.85 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 351.11 | $ 197,427.96 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 351.11 | $ 197,779.07 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 250.66 | $ 198,029.73 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 250.78 | $ 198,280.51 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 251.41 | $ 198,531.92 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 288.78 | $ 198,820.70 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 292.56 | $ 199,113.26 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 302.22 | $ 199,415.48 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/23/2023 | $ 529.08 | $ 199,944.56 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/24/2023 | $ 338.65 | $ 200,283.21 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/26/2023 | $ 277.81 | $ 200,561.02 |
| 40111376870 | The Litigation Practice | Corporate Customer Advises Not Authorized | CR CD CHBK | 05/26/2023 | $ 277.81 | $ 200,838.83 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/01/2023 | $ 245.94 | $ 201,084.77 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/01/2023 | $ 254.15 | $ 201,338.92 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/05/2023 | $ 250.74 | $ 201,589.66 |
| 40111376870 | The Litigation Practice | Invalid Account Number | MERCH FEES | 06/05/2023 | $ 2,092.50 | $ 203,682.16 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/07/2023 | $ (257.67) | $ 203,424.49 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/07/2023 | $ 257.67 | $ 203,682.16 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/06/2023 | $ 318.47 | $ 204,000.63 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/08/2023 | $ 259.61 | $ 204,260.24 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/12/2023 | $ 709.96 | $ 204,970.20 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/13/2023 | $ 243.89 | $ 205,214.09 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/16/2023 | $ 350.61 | $ 205,564.70 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/19/2023 | $ 251.17 | $ 205,815.87 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/21/2023 | $ 251.82 | $ 206,067.69 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/21/2023 | $ 251.82 | $ 206,319.51 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/21/2023 | $ 251.82 | $ 206,571.33 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/22/2023 | $ 266.98 | $ 206,838.31 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/26/2023 | $ 250.83 | $ 207,089.14 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 06/26/2023 | $ 327.57 | $ 207,416.71 |
| 40111376870 | The Litigation Practice | Invalid Account Number | MERCH FEES | 07/11/2023 | $ 3,302.50 | $ 210,719.21 |
| 40111376870 | The Litigation Practice | Invalid Account Number | MTHLY FEES | 8/2/2023 | $ 122.50 | $ 210,841.71 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 8/3/2023 | $ 1,005.56 | $ 211,847.27 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 8/3/2023 | $ 1,005.56 | $ 212,852.83 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 8/3/2023 | $ 1,005.56 | $ 213,858.39 |
| 40111376870 | The Litigation Practice | Invalid Account Number | MTHLY FEES | 9/5/2023 | $ 332.50 | $ 214,190.89 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 9/25/2023 | $ 178.87 | $ 214,369.76 |
| 40111376870 | The Litigation Practice | Invalid Account Number | MERCH FEES | 10/2/2023 | $ 147.50 | $ 214,517.26 |
| 40111376870 | The Litigation Practice | Invalid Account Number | MERCH FEES | 11/2/2023 | $ 192.50 | $ 214,709.76 |
| 40111376870 | The Litigation Practice | Invalid Account Number | CR CD CHBK | 11/20/2023 | $ 836.44 | $ 215,546.20 |
| 40111376870 | The Litigation Practice | Invalid Account Number | MERCH FEES | 12/4/2023 | $ 217.50 | $ 215,763.70 |

# EXHIBIT "C"

**maverick**

26520 Agoura Road 1st Floor,
Calabasas, CA 91302
P:(800) 464-9777 | F:(888) 772-9106

**Avidia** Bank
42 Main St, Hudson, MA 01749 | (800)
508-2265

## MERCHANT ACCOUNT APPLICATION AND AGREEMENT V1.5

| INTERNAL USE ONLY | |
|---|---|
| Merchant # | Agent/Sales Partner |
| The Litigation Practice Group | Approvely Inc. |

## GENERAL INFORMATION

CORPORATE / LEGAL NAME
The Litigation Practice Group

| LOCATION ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 17542 17st street, Suite 100 | Tustin | California | 92780 |

**MERCHANT NAME** (DBA OR TRADE NAME)                         ■ Information same as above corporate / legal

| LOCATION ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | | | |

## CONTACT INFORMATION

| CUSTOMER SERVICE NUMBER | CONTACT TELEPHONE | FAX NUMBER |
|---|---|---|
| +1 949-715-0644 | REDACTED | |

| CUSTOMER SERVICE EMAIL | CONTACT EMAIL ADDRESS |
|---|---|
| tbd@lpglaw.com | admin@LPGLaw.com |

| YEARS IN BUSINESS | WEBSITE ADDRESS | # OF LOCATIONS |
|---|---|---|
| 2 | https://lpglaw.com | 1 |

DOES THIS BUSINESS CURRENTLY PROCESS CARDS?   CURRENT PROCESSOR           FEDERAL TAX ID NUMBER
☐ YES   ■ NO                                                                833885343

| AVERAGE TRANSACTION AMOUNT | MAXIMUM TRANSACTION AMOUNT | MONTHLY VOLUME | PLEASE CHOOSE MAILING ADDRESS: |
|---|---|---|---|
| $390 | $3000 | $6000000 | ☐ DBA ADDRESS   ■ LEGAL ADDRESS |

DESCRIBE YOUR PRODUCT/SERVICE:                              MCC/SIC CODE:
Legal services, inc Debt Relief

PAYMENT CARD INDUSTRY DATA SECURITY STANDARD: MUST PROVIDE COPY OF SELF ASSESSMENT QUESTIONNAIRE, IF APPLICABLE, MUST PROVIDE CERTIFICATE OF COMPLIANCE. MERCHANTS HAVE 90 DAYS AFTER BOARDING TO BECOME PCI COMPLIANT BY PROVIDING SAQ AND/OR SCAN, OR WILL BE CHARGED NON-COMPLIANCE FEE.

## OWNERSHIP TYPE

☐ INDIVIDUAL / SOLE PROPRIETOR   ☐ PARTNERSHIP   ■ CORPORATION   ☐ GOVERNMENT   ☐ LLC
☐ NON-PROFIT (MUST PROVIDE 501C3 LETTER)   ☐ PUBLICLY TRADED PA/PC

## LOCATION

| BUILDING TYPE: | ☐ SHOPPING CENTER | ☐ OFFICE BUILDING | ☐ INDUSTRIAL BUILDING | ☐ RESIDENCE |
|---|---|---|---|---|
| MERCHANT: | ☐ OWNS | ☐ RENTS | | |
| AREA ZONED: | ■ COMMERCIAL | ☐ INDUSTRIAL | ☐ RESIDENTIAL | |
| SQUARE FOOTAGE: | ☐ 0-500 | ☐ 501-2500 | ☐ 2501-5000 | ☐ 5000-10000   ☐ 10,000+ |

## PRINCIPALS (MUST HAVE AT LEAST 51% COMBINED OWNERSHIP)

PLEASE LIST ALL PRINCIPALS WHO, DIRECTLY OR INDIRECTLY, THROUGH ANY CONTRACT, ARRANGEMENT, UNDERSTANDING, RELATIONSHIP OR OTHERWISE, OWN ANY PERCENT OF THE EQUITY INTERESTS OF THE LEGAL ENTITY LISTED IN THIS APPLICATION:

### 1. PRINCIPAL NAME:

| FIRST | MIDDLE | LAST | SSN: | %OWNERSHIP | TITLE: |
|---|---|---|---|---|---|
| Daniel | | March | REDACTED | 100 | CEO |

| HOME ADDRESS: | CITY: | STATE: | ZIP: |
|---|---|---|---|
| REDACTED | REDACTED | California | REDACTED |

| HOME PHONE: | EMAIL: | DRIVERS LICENSE NUMBER AND EXP DATE: | DATE OF BIRTH: |
|---|---|---|---|
| REDACTED | admin@lpglaw.com | REDACTED | REDACTED |

### 2. PRINCIPAL NAME:

| FIRST | MIDDLE | LAST | SSN: | %OWNERSHIP | TITLE: |
|---|---|---|---|---|---|
| | | | | | |

| HOME ADDRESS: | CITY: | STATE: | ZIP: |
|---|---|---|---|
| | | | |

HOME PHONE:   EMAIL:                                    DRIVERS LICENSE NUMBER AND EXP DATE:   DATE OF BIRTH:

COMPLETE THE FOLLOWING INFORMATION FOR ONE INDIVIDUAL WHO HAS SIGNIFICANT RESPONSIBILITY TO CONTROL, MANAGE, OR DIRECT AN ENTITY LISTED IN THIS APPLICATION, SUCH AS: • AN EXECUTIVE OFFICER OR SENIOR MANAGER (E.G., CHIEF EXECUTIVE OFFICER, CHIEF FINANCIAL OFFICER, CHIEF OPERATING OFFICER, MANAGING MEMBER, GENERAL PARTNER, PRESIDENT, VICE PRESIDENT, TREASURER); OR • ANY OTHER INDIVIDUAL WHO REGULARLY PERFORMS SIMILAR FUNCTIONS. IF APPROPRIATE, AN INDIVIDUAL LISTED UNDER THE SECTION ABOVE MAY ALSO BE LISTED IN THIS SECTION.

IS THIS INDIVIDUAL ALREADY LISTED IN THE PRINCIPAL SECTION. *(If No, please complete the next section)*

☑ YES   ☐ NO

| FIRST | MIDDLE | LAST | SSN | TITLE: |
|---|---|---|---|---|
| Daniel | | March | REDACTED | CEO |

| HOME ADDRESS: | CITY: | STATE: | ZIP: |
|---|---|---|---|
| REDACTED | REDACTED | California | REDACTED |

| HOME PHONE: | EMAIL: | DRIVERS LICENSE NUMBER AND EXP DATE: | DATE OF BIRTH: |
|---|---|---|---|
| REDACTED | admin@lpglaw.com | REDACTED | REDACTED |

## MERCHANT ACCOUNT APPLICATION AND AGREEMENT V1.5

**HAVE MERCHANT OR OWNERS / PRINCIPALS EVER FILED:**

☐ BUSINESS BANKRUPTCY   ☐ PERSONAL BANKRUPTCY   ☑ NEVER FILED          (If yes, please explain):

**HAVE MERCHANT OR OWNERS / PRINCIPALS EVER BEEN TERMINATED FROM ACCEPTING BANKCARDS FOR THIS BUSINESS OR ANY OTHER BUSINESSES?**

☑ NO   ☐ YES          (If yes, please explain):

**WHICH PAYMENTS WOULD YOU LIKE TO ACCEPT? (CHECK ALL THAT APPLY.)**

☑ VISA, MASTERCARD, DISCOVER, AMERICAN EXPRESS OPTBLUE®   ☐ PIN DEBIT   ☐ EBT - EBT FNS NUMBER: _____

**NOTES:** Debit Only

### SALES METHOD (MUST EQUAL 100%)

| RETAIL SWIPED | 0 % | MAIL/PHONE | 100 % | INTERNET | 0 % |
|---|---|---|---|---|---|

### BANK ACCOUNT INFORMATION (ATTACH VOIDED CHECK FOR BANK ACCOUNT WHERE FUNDS ARE TO BE DEPOSITED)

| ROUTING NUMBER | ACCOUNT NUMBER |
|---|---|
| REDACTED | REDACTED |

### MERCHANT QUESTIONNAIRE (PLEASE PROVIDE ALL APPLICABLE INFORMATION)

**A. FOR ALL MERCHANTS**

i. PLEASE DESCRIBE YOUR REFUND/RETURN POLICY

No Refunds

ii. PLEASE LIST EQUIPMENT AND/OR SOFTWARE USED TO PROCESS CARDS (POINT OF SALE, TERMINAL, PAYMENT GATEWAY, ETC.)

Auth.net gateway

**B. FOR CARD-NOT PRESENT MERCHANTS (E-COMMERCE & MOTO)**

i. INVENTORY MAINTAINED:

☐ ON-SITE   ☐ OFF SITE (I.E. WAREHOUSE). IF SO, PROVIDE ADDRESS _____

☐ 3RD PARTY FULFILLMENT CENTER. IF SO, PROVIDE FULLY EXECUTED FULFILLMENT AGREEMENT   ☑ SERVICE ONLY(NO PRODUCTS SOLD)

ii. ARE THERE ANY OTHER COMPANIES INVOLVED IN SHIPPING OR FULFILLING PRODUCT/SERVICE (I.E. FULFILLMENT CENTER)?

☑ NO   ☐ YES. IF SO, PROVIDE FULLY EXECUTED FULFILLMENT AGREEMENT

iii. DO YOU OFFER RECURRING AND TIME-EXTENDED SERVICES (SUBSCRIPTIONS, MEMBERSHIPS, RECURRING PLANS, ETC.)? IF YES, PLEASE DESCRIBE AND INCLUDE DURATION

Offers 6 month payments while working with the customer

iv. CUSTOMER PROFILE (ESTIMATE THE PERCENTAGE OF SALES IN EACH CATEGORY - MUST ADD UP TO 100%)

| INDIVIDUAL CONSUMERS: 100 % | BUSINESSES: 0 % | GOVERNMENT: 0 % |
|---|---|---|

v. CUSTOMER LOCATION PROFILE (ESTIMATE THE PERCENTAGE OF EACH CARDHOLDER'S LOCATION - MUST ADD UP TO 100%)

| LOCAL: 0 % | NATIONAL: 100 % | INTERNATIONAL: 0 % |
|---|---|---|

vi. HOW LONG AFTER CHARGING THE CUSTOMER IS THE PRODUCT FULFILLED OR DOES THE SERVICE BEGIN?

**WITHIN:**   ☑ 24 HOURS   ☐ 2 DAYS   ☐ 3-10 DAYS   ☐ 11-30 DAYS   ☐ 31-90 DAYS   ☐ 90 + DAYS   ☐ Other

Other:

vii. HOW LONG AFTER THE TIME OF ORDER DOES THE CARDHOLDER RECEIVE THE PRODUCT OR SERVICE?

**WITHIN:**   ☑ 24 HOURS   ☐ 2-5 DAYS   ☐ 6-10 DAYS   ☐ 11+ DAYS   ☐ Other

viii. IS THE CARDHOLDER CHARGED AT:

☑ TIME OF ORDER    ☐ UPON SHIPMENT / COMPLETION OF SERVICES

xi. DO YOU HAVE A RETAIL LOCATION (FOR MOTO/INTERNET MERCHANTS)? IF YES, PLEASE CONFIRM PHYSICAL ADDRESS

17542 17st street, Suite 100 Tustin California 92780

x. HOW DO YOU ADVERTISE (INTERNET, MAGAZINES, TV, ETC.)? LIST ALL THAT APPLY:

Website

xi. IS YOUR BUSINESS SEASONAL?

☐ YES    ☑ NO    IF YES, WHICH MONTHS?

☐ JANUARY ☐ FEBRUARY ☐ MARCH ☐ APRIL ☐ MAY
☐ JUNE ☐ JULY ☐ AUGUST ☐ SEPTEMBER ☐ OCTOBER
☐ NOVEMBER ☐ DECEMBER

## MERCHANT ACCOUNT APPLICATION AND AGREEMENT V1.5

### FEE SCHEDULE (SCHEDULE A)

| Pass Through Interchange Plus | Transaction Fee | Monthly Fee | Batch Fee |
|---|---|---|---|
| 0.00000% | $0.00000 | $15.00000 | $0.05000 |
| Qualified Rate | Authorization Fee | Monthly Online Access Fee | Chargeback Fee |
| 2.50000% | $0.10000 | $0.00000 | $35.00000 |
| Mid-Qual Surcharge (Qual+) | AVS (Address Verification Service) Transaction Fee | Monthly PCI Fee | Retrieval Fee |
| 0.00000% | $0.05000 | $7.50000 | $5.00000 |
| Non-Qual Surcharge (Qual+) | Voice Authorization/IVR Fee | Monthly Minimum Fee | Other |
| 2.50000% | $0.75000 | $25.00000 | $0.00000 |
| PIN Debit Rate | PIN Debit Authorization Fee | Application Fee | Other |
| 0.10000% | $0.00000 | $0.00000 | $0.00000 |
| EBT Rate | EBT Authorization Fee | Annual Fee | Other |
| 0.00000% | $0.00000 | $0.00000 | $0.00000 |
| Special Pricing or Exception Notes | | | |
| 2.50% Flat Rate Debit Only | | | |

The Qualified Rate & Pass Thru Interchange Plus programs include all Visa, MasterCard, Discover, and American Express Optblue cards, unless otherwise noted. A 0.20% fee will apply to all American Express transactions for merchants in the American Express Optblue Program. To pass through MasterCard's annual Acquirer License Fee, assessments for MasterCard transactions will be charged the current Acquirer License Fee. All other Card Brand & network fees are passed through at the rates established by the Card Brands. Chargeback reversal fee is $10 per occurrence. ACH Reject Fee is $35 per occurrence. Annual IRS Reporting Fee is $1.95 annually and charged the first month. PCI non-compliance is $25 per month. Arbitration Fee is $25 per occurrence.

### MERCHANT ACCEPTANCE AND AGREEMENT

By executing this Merchant Application on behalf of the merchant described above (the "Merchant"), the undersigned individual(s): (i) represent(s) and warrant(s) that all information contained in this Merchant Application is true, correct and complete as of the date of this Merchant Application, and that such individual(s) have the requisite corporate power and authority to complete and submit this Merchant Application and make and provide the acknowledgements, authorizations and agreements set forth below, both on behalf of the Merchant and individually; (ii) acknowledge(s) that the information contained in this Merchant Application is provided for the purpose of obtaining, or maintaining a merchant account with Bank and ISO on behalf of the Merchant; (iii) authorize Bank and ISO to investigate the credit of the Merchant and each person listed on this Merchant Application; (iv) agree, on behalf of the Merchant and in the event this Merchant Application is accepted and executed by Bank and ISO, to the Fee Schedule set forth above and to the Terms and Conditions included with and incorporated into this Merchant Agreement. Merchant understands that this Agreement shall not take effect until Merchant has been approved by Bank and ISO, and a merchant number is issued.

**Merchant:** (Legal Name of Business)

The Litigation Practice Group

**Principal 1:** (Signature of Principal/Owner) | Title:

*Daniel S Marsh* | CEO

**Avidia Bank:** (Signature) | Name and Title:

**Maverick BankCard, Inc.:** (Signature) | Name and Title:

### PERSONAL GUARANTEE

In consideration of Bank's and ISO's acceptance of this Agreement, the undersigned Principal ("Guarantor") (jointly and severally if more than one) unconditionally guarantees the performance of all obligations of Merchant to Bank and ISO under the Agreement, and payment of all sums due there under, and in the event of default, hereby waives notice of default and agrees to indemnify Bank and ISO for all funds due from Merchant pursuant to the terms of the Agreement. Guarantor waives any and all rights of subrogation, reimbursement or indemnity derived from Merchant, and further waives any and all rights or defenses arising by reason of any modification or change in the terms of the Agreement whatsoever, including, without limitation, the renewal, extension, acceleration, or other change in the time any payment or other performance there under is due, and / or any change in any interest or discount rate or fee there under. Guarantor confirms that Guarantor, collectively or individually, is a party to the Agreement, and unconditionally and specifically authorizes Bank and ISO or their authorized agents, to debit any overdue fees, costs, chargebacks, fines, fees, penalties, expenses or obligations under the Agreement and / or any contractual relationship with Bank and ISO from any personal checking account or other account owned or controlled by Guarantor, and further to report any default hereunder on Guarantor's personal Credit Bureau Report. Guarantor agrees

to pay all costs and expenses of whatever nature, including attorneys fees and other legal expenses, incurred by or on behalf of broker in connection with the enforcement of the Guaranty.

| Guarantor: | Date: |
|---|---|
| *Daniel S March* | Dec 16, 2021 |

---

## MERCHANT ACCOUNT APPLICATION AND AGREEMENT V1.5

### BANK DISCLOSURE: Member Bank Information

Avidia Bank | 42 Main St | Hudson, MA 01749

#### Important Bank Responsibilities

1. Avidia Bank is the only entity approved to extend acceptance of VISA products directly to a Merchant.

2. Avidia Bank must be a principal (signer) to the Merchant Agreement

3. Avidia Bank is responsible for educating Merchants on pertinent VISA Operating Regulations with which Merchants must comply.

4. Avidia Bank is responsible for and must provide settlement funds to the Merchant

5. Avidia Bank is responsible for all funds held in reserve that are derived from settlement.

#### Important Merchant Responsibilities

1. Ensure compliance with cardholder data security and storage requirements.

2. Maintain fraud and chargebacks below thresholds.

3. Review and understand the terms of the Merchant Agreement.

4. Comply with VISA Operating Regulations.

The responsibilities listed above do not supersede terms of the Merchant Agreement and are provided to ensure the Merchant understands some important obligations of each party and that the VISA Member – Avidia Bank - is the ultimate authority should the Merchant have any problems.

---

| Principal 1 Signature | Date | Principal 1 Printed Name & Title |
|---|---|---|
| *Daniel S March* | Dec 16, 2021 | Daniel March |

In consideration of the mutual promises and covenants contained herein (the "Agreement"), and the agreement of Merchant to participate in the card processing services program established by Bank, the parties agree as follows:

## 1. Parties

The parties to this Agreement are Avidia Bank, a federally chartered bank whose address is 42 Main Street, Hudson MA 01749 ("**Bank**"), Maverick BankCard, Inc, a California corporation, whose address is 26520 Agoura Road 1st Floor, Calabasas CA 91302 ("**ISO**"), and the Merchant set forth on the Merchant Application form to which this Agreement is attached ("**Merchant**").

## 2. Definitions

For the purposes of this Agreement and the Schedules referred to herein, the following definitions apply unless the context otherwise requires:

"Address Verification" means a service that allows Merchant to verify the home address of Cardholders with the relevant Issuer.

"Applicable Law" means: (i) all applicable federal, state and local laws, rules and regulations; and (ii) the Rules.

"Association(s)" means VISA U.S.A., Inc. ("**Visa**"), MasterCard International Incorporated ("**MasterCard**") and Discover Financial Services LLC ("**Discover**").

"Authorization" means an affirmative response, by or on behalf of an Issuer to a request to effect a Transaction, that a Transaction is within the relevant Cardholder's available credit limit and that the Cardholder has not reported the Card lost or stolen. All Transactions requiring Authorization by the Associations must be authorized.

"Authorization Center" means the facility or facilities designated from time to time by Bank or ISO to which Merchant shall submit all requests for Authorization.

"Business Day" means any day other than: (i) a Saturday or Sunday; or (ii) a day on which banking institutions in New York are authorized by law or executive order to be closed (and on which Bank is in fact closed).

"Card(s)" means either a Visa, MasterCard or Discover credit card, debit card (or other similar card that requires a PIN for identification purposes), or pre-paid, stored-value or gift card.

"Cardholder" means a person authorized to use a Card.

"Chargeback" means a Transaction that Bank returns to Merchant pursuant to this Agreement.

"Forced Sale" means a sales Transaction processed without an approved electronic Authorization number being obtained for the full amount of the sales Transaction at the time the Transaction is processed.

"Full Recourse Transactions" means mail orders, telephone orders, e-commerce (Internet) orders, Pre-Authorized Recurring Order Transactions, and other "card not present" sales.

"Issuer" means a member of an Association that enters into a contractual relationship with a Cardholder for the issuance of one or more Cards.

"Merchant Statement" means an itemized monthly statement of all charges and credits to the Operating Account (as that term is defined in Section 5 of this Agreement).

"Monthly Chargeback Violation," for any given calendar month, means that more than five Chargebacks have been processed in that month and that the Transaction Chargeback Ratio for that month is equal to or greater than 1%.

"Mid Qualified Transactions" means any Transaction categorized as such by the processor designated by Bank to settle Transactions with the Associations

"Non Qualified Transactions" means: (i) any Transaction submitted for processing more than 48 hours past the time the Authorization occurred; (ii) any Transaction missing required data; and (iii) any Transaction categorized as such by the processor designated by Bank to settle Transactions with the Associations.

"Normal Transaction" means a Transaction in which the Card is swiped through a terminal, register or other device, capturing the Card information encoded on the Card's magnetic strip.

"Pre-Authorized Recurring Order Transaction" means a Transaction that has been preauthorized by the Cardholder and for which the goods or services are to be delivered or performed in the future by Merchant without having to obtain approval from the Cardholder each time.

"Qualified Transactions" means any Transaction categorized as such by the processor designated by Bank to settle Transactions with the Associations.

"Rules" means all rules, regulations, by-laws, standards and procedures adopted and/or amended from time to time by the Associations (including, without limitation, the Payment Card Industry Data Security Standard), Bank and each relevant Issuer. "Rules" shall be deemed to include the MOG, as defined in Section 46(o).

"Services" means the transaction processing services described on the attached Schedule A, as the same may be amended from time to time by Bank, in its sole discretion.

"Transaction" means the acceptance of a Card or information embossed on the Card for payment for goods sold and/or leased or services provided to Cardholders by Merchant and receipt of payment from Bank, whether the Transaction is approved, declined, or processed as a Forced Sale. The term "Transaction" also includes credits, errors, returns and adjustments.

"Transaction Chargeback Ratio," for any given calendar month, means the number of Chargebacks processed in that month divided by the total number of Transactions processed in that month.

## 3. Services Provided to Merchant

During the term of this Agreement, subject to the terms and conditions of this Agreement: (i) ISO shall provide technical documentation as needed, and technical support and customer support (in cluding, without limitation, Authorization, settlement and Chargeback processing and reporting), twenty-four hours each day, seven days each week, in order to allow Merchant to accept and process Transactions; and (ii) Bank shall provide the Services to Merchant.

## 4. Term and Termination Fee

This Agreement shall become effective when all parties sign the Merchant Application form to which this Agreement is attached (or in connection with which this Agreement is provided) and, unless sooner terminated, shall remain in effect for a term of three (3) years. This Agreement shall renew automatically for successive terms of one (1) year each, unless any party provides written notice of termination to the other parties at least 90 days prior to the end of the then-current term. All existing obligations, warranties, indemnities and agreements with respect to Transactions entered into be- fore such termination shall remain in full force and effect, and, regardless of any such termination, Merchant shall remain liable for all obligations to Cardholders and Bank that are incurred while this Agreement is in effect. In the event this agreement is terminated early, Merchant hereby authorizes Bank or ISO to charge an "Early Termination Fee" and charge, deduct, and/or offset as authorized herein an amount equal to the average overall monthly fees multiplied by remaining months in agreement (provided in no event shall either such amount exceed the maximum amount permitted by applicable state law). The parties agree that the amount set forth in the previous sentence is not a penalty, but instead a fair calculation of the damages that ISO and/or Bank would suffer, and that such amount is otherwise extremely difficult if not impossible to calculate due to the specific nature and complexities of the electronic payment processing industry. The termination fee shall not be ISO or Bank's exclusive remedy and shall apply in the event of early termination for any reason whatsoever related to Merchant's breach of this Agreement regardless of the party that ultimately terminates the Agreement.

## 5. Merchant Operating Account

Prior to accepting any Cards, Merchant shall establish or maintain a demand deposit account at Bank, or at a financial institution approved by ISO (the "Operating Account")), through which fees, charges, the Early Termination Fee, and credits due to Merchant in accordance with this Agreement may be processed, charged and collected by Bank and ISO. Merchant authorizes Bank to debit all amounts Merchant owes Bank hereunder or any other agreement entered into between Merchant and Bank from the Operating Account, whether maintained at Bank or another financial institution, at times deemed appropriate by Bank, through the ACH Banking Network or by a manual debit of the Operating Account. Merchant waives any and all claims for loss or damage arising out of any such charges or debits to the Operating Account. Merchant agrees that during the Term of this Agreement and for a period of at least 12 months following termination, Merchant shall maintain the Operating Account in good standing and shall maintain the balance of the Operating Account in an amount sufficient to satisfy its obligations hereunder.

## 6. Reserve Account

Upon, or at any time after, execution of this Agreement, Merchant authorizes Bank to establish a non-interest-bearing reserve account at Bank in Bank's name (the "Reserve Account") in such amount as Bank or ISO from time to time may determine in their sole discretion that are sufficient to satisfy Merchant's current or future obligations related to transactions processed or otherwise incurred by Bank or ISO on Merchant's behalf under this Agreement, applicable law or private regulation, including amounts owed to cover any Chargebacks, refunds, fees, fines, actual or potential losses, or risks, (collectively the "Liabilities"). Bank or ISO may fund the Reserve Account by deducting amounts from payments due to Merchant, by effecting a charge against Merchant's Operating Account or against any of Merchant's accounts at Bank or any other account authorized by Merchant via ACH payment as authorized herein, or by demanding payment from Merchant (which payment Merchant shall make within ten (10) days after receipt of any such demand). The Reserve Account will be maintained for a minimum of nine months after the date on which this Agreement terminates or until such time as Bank determines that the release of the funds to Merchant is prudent, in the best interest of Bank and ISO, and commercially reasonable, and that Merchant's account with Bank under this Agreement and any other agreement entered into between Merchant and Bank is fully resolved. Merchant and ISO acknowledge and agree that only Bank, and not ISO, may authorize or effect any release of funds from the Reserve Account to Merchant. Bank and ISO may withdraw funds from the Reserve Account at any time to offset any indebtedness of Merchant to Bank that may arise out of or relate to the obligations of Merchant under this agreement (including, but not limited to, Chargebacks and fees) or to offset any other indebtedness of Merchant to Bank under any other agreement entered into between Merchant and Bank. Upon expiration of this nine-month period, or greater time if required under the Rules, any balance remaining in the Reserve Account will be paid to Merchant. Bank will inform Merchant in writing of any charges debited to the Reserve Account during this nine-month period, or greater time if required under the Rules. Notwithstanding the foregoing, Bank, in its sole discretion, may release funds from the Reserve Account prior to the expiration of such nine-month period based on its assessment of the risks associated with effecting such release. Bank may deposit into the Reserve Account funds it would otherwise be obligated to pay Merchant, if it determines such action is reasonably necessary to protect its interest. (Bank, on its own behalf or at ISO's request, may, without notice to Merchant, apply deposits in the Reserve Account against any outstanding amounts Merchant owes under this Agreement or any other agreement between Merchant and Bank or ISO. Merchant acknowledges and agrees that Merchant's interest in the Reserve Account is strictly limited to surplus funds in the Reserve Account, if any should exist, after satisfac- tion of all Liabilities. In the event that a court for any reason determines at any time that Bank is not the sole and exclusive owner of the funds in the Reserve Account, then Merchant also grants to Bank and ISO a security interest in and lien to all funds held in the Reserve Account, regardless of source, as part of a security agreement within the meaning of the Uniform Commercial Code. Merchant also grants to Bank and ISO a security interest in and lien upon: (i) the Reserve Account (as set forth in Section 5.10) and all funds at any time in the Bank Account, whatever the source of such funds; (ii) future Transactions; and (iii) all Merchant's rights relating to this Agreement including, without limitation, all rights to receive any payments or credits under this Agreement (collectively, the "Secured Assets"). Upon request of Bank and ISO, Merchant will execute one or more financing statements or other documents to evidence this security interest. Merchant authorizes and appoints ISO and bank its attorney in fact to sign its name to any financing statement used for the perfection of any security interest or lien granted in this Agreement. Merchant represents and warrants that no other party has a security interest in the Secured Assets. These security interests and liens will secure all of Merchant's obligations under this Agreement and any other agreements between Merchant, ISO and Bank. With respect to such security interests and liens, Bank and ISO will have all rights afforded under the Uniform Commercial Code, any other applicable law and in equity. Merchant will obtain from Bank and ISO written consent prior to granting a security interest of any kind in the Secured Assets to a third party. In the event of a bankruptcy proceeding, Bank and ISO may exercise their rights under this Agreement to debit the Reserve Account for amounts due Bank and ISO regardless of the pre-petition or post petition nature of the amount due Bank and/or ISO, and Merchant promises not to contest any Motion for Relief from Automatic Stay that Bank and ISO may decide to file to debit the Reserve Account. Further, Bank and

ISO do not consent to the continuation of the agreement, the grant of bankruptcy proceeding, Bank and ISO are entitled to require that the Merchant shall provide or establish adequate assurance of future performance within the meaning of Bankruptcy Code § 365, as amended from time to time, Merchant must establish or maintain a Reserve Account in an amount satisfactory to Bank and ISO; (c) Bank and ISO have the right of recoupment and set-off. This means that they may offset any outstanding/uncollected amounts owed to them from: (i) any amounts they would otherwise be obligated to deposit into the Account; and (ii) any other amounts ISO and Bank may owe Merchant under this Agreement or any other agreement; (d) The rights conferred upon Bank and ISO in this Section are not intended to be exclusive of each other or of any other rights and remedies of Bank and ISO under this Agreement, at law or in equity. Rather, each and every right of Bank and ISO at law or in equity will be cumulative and concurrent and in addition to every other right.

### 7. Fees

Merchant shall pay all fees to Bank and ISO as specified on Schedule A, as amended by Bank or ISO from time to time. Bank or ISO shall collect all fees due in the manner set forth on the Agreement. Merchant may request a change to its billing by contacting ISO for approval. For each Transaction, Bank or ISO will charge Merchant as follows:

(a) An amount ("Merchant Discount Fees") equal to a specified percentage of the total cash price of each sales and cash withdrawal Transaction ("Merchant Discount Rate");

(b) A specified amount per Transaction ("Transaction Fee"); and

(c) A specified amount per Authorization ("Authorization Fee").

The Merchant Discount Rate, Authorization Fees and Transaction Fees are set forth on Schedule A. Different Merchant Discount Rates apply to Qualified, Mid-Qualified and Non-Qualified Transactions, as shown on Schedule A. Merchant agrees that Bank will, and authorizes Bank to, deduct Merchant Discount Fees from the Operating Account or Reserve Account on a daily basis unless a monthly basis is specified on Schedule A. Merchant also agrees to pay to Bank or ISO the amount of any fees, charges or penalties assessed against Bank or ISO by any Association or issuer for Merchant's violation of any Applicable Law, its breach of this Agreement, or violation of any Association rule or regulation. Merchant shall pay Bank or ISO for any other services provided to Merchant by Bank or ISO and for all other fees shown on Schedule A, including, but not limited to, monthly minimum fees, Chargeback fees and customer service fees.

### 8. Billing

All amounts Merchant owes to Bank or ISO, for any reason, may be charged to the Operating Account or Reserve Account, recouped by adjustment to any credits due to Merchant, or set off against any account or property Bank or ISO holds for or on behalf of Merchant.

### 9. Security Interest

As security for the performance by Merchant of all of its obligations under this Agreement, Merchant hereby grants to Bank and ISO a security interest in: (i) the funds held in the Operating Account and in the Reserve Account; and (ii) any inventory with respect to which a Transaction has occurred but has not yet been fulfilled. Merchant will execute and deliver to Bank and ISO such documents, in form satisfactory to Bank and ISO, as Bank and ISO may reasonably request in order to perfect Bank's and ISO's security interest in the Operating Account, Reserve Account and such inventory, and will pay all costs and expenses associated with filing the same or this Agreement in all public filing offices, where filing is deemed by Bank and ISO to be necessary or desirable. Bank and ISO are authorized to file financing statements relating to the Operating Account, the Reserve Account and such inventory without ISO or Bank, respectively, where authorized by law. Merchant appoints Bank and ISO as its attorney-in-fact to execute such documents as are necessary or desirable to accomplish perfection of any security interests. This appointment is coupled with an interest and shall be irrevocable as long as Merchant owes any amount to Bank or ISO.

### 10. Processing Transactions

(a) Merchant shall obtain Authorizations and process Transactions using such equipment and software as may be approved from time to time by Bank and ISO, in its sole discretion (the "Equipment"). Merchant shall validate Cards and Cardholders in face-to-face transactions as required by Applicable Law.

(b) Merchant shall obtain Authorizations for Transactions in a manner required by Applicable Law and in the manner, and following the processes and procedures, determined from time to time by Bank, in its sole discretion, and communicated to Merchant by either Bank or ISO.

(c) Merchant shall not submit a Transaction to Bank (electronically or otherwise) until Merchant has performed its obligations to the Cardholder in connection with the Transaction or obtained Cardholder's consent for a Pre-Authorized Recurring Order Transaction.

(d) Merchant shall not transmit any Transaction to Bank that Merchant knows or should have known to be illegal, fraudulent or not authorized by the Cardholder.

(e) Merchant shall not process a Transaction that does not result from an act between a Cardholder and Merchant.

(f) Merchant shall not request or use any Card number for any purpose other than as payment for its goods or services.

(g) Merchant may transmit a Transaction that effects a prepayment of services or full prepayment of custom ordered merchandise, manufactured to a Cardholder's specifications, if Merchant advises Cardholder of the immediate billing at the time of the Transaction and within time limits established by the Associations.

In processing the following Transactions, Merchant shall not do any of the following:

(a) Obtain multiple Authorizations for amounts less than the total sale amount;

(b) Obtain Authorization for the purpose of setting aside the Cardholder's credit line for use in future sales;

(c) Extend credit for or defer the time of payment of the total cash price in any Transaction;

(d) Honor a Card except in a Transaction where a total cash price is due and payable;

(e) Make any special charge to or extract any special agreement or security from any Cardholder in connection with any Transaction;

(f) Transmit or accept payment for any Transaction that was not originated directly between Merchant and a Cardholder for the sale or lease of goods or the performance of services of the type indicated in the Merchant Application form to which this Agreement is attached;

(h) Honor or accept a Card as payment for any legal services or expenses arising out of or related to (i) any domestic relations matter where such services or expenses are furnished to a person whose name is not embossed on a Card; or (ii) any bankruptcy, insolvency, compromise, composition or other process affecting Cardholder's creditors;

(i) Use Merchant's own Card, or one to which Merchant has access, to process a Transaction for the purpose of obtaining credit for Merchant's own benefit;

(j) Re-process any Transaction that was previously charged back to Bank and subsequently returned to Merchant, irrespective of Cardholder approval;

(k) Initiate a Transaction credit without a preceding debit at least equal to the credit;

(l) Initiate a Transaction credit without a balance in the Operating Account at least equal to the credit;

(m) Use the Equipment or any data received thereon for any other purpose other than for determining whether or not Merchant should accept checks or Cards in connection with a current sale or lease of goods or services;

(n) Use the Equipment or any data received thereon for credit inquiry purposes or any other purpose not authorized by this Agreement;

(o) Draw or convey any inference concerning a person's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living when any Card or check is processed as non-accepted;

(p) Disclose any information obtained through the Equipment to any person except for necessary disclosures to affected Cardholders, Bank and/or the Issuer;

(q) Disburse funds in the form of travelers cheques, if the sole purpose is to allow the Cardholder to make a cash purchase of goods or services from Merchant;

(r) Disburse funds in the form of cash;

(s) Accept a Card to collect or refinance an existing debt (whether originally owed to Merchant or otherwise) that is considered uncollectible (for example, payments to a collection agency or attempts to recover funds for a dishonored check) except to the extent specifically permitted by Applicable Law;

(t) Issue a Transaction credit in respect of goods or services acquired in a cash transaction which are returned;

(u) Make any cash refund to a Cardholder who has made a purchase with a credit Card (all Transaction credits shall be issued to the same credit Card account number used in the sale);

(v) Require a Cardholder to complete a postcard or similar device that includes the Cardholder's account number, Card expiration date, signature or any other Card account data in plain view when mailed;

(w) Accept a Card for the purchase of Scrip (as defined by applicable VISA regulations), except to the extent specifically permitted by Applicable Law;

(x) Accept any payment directly from a Cardholder for previous Card charges incurred and processed by Merchant;

(y) Require, through an increase in price or otherwise, any Cardholder to pay any surcharge in connection with any Transaction or to pay any part of any charge imposed on Merchant by Bank except, in either case, as expressly permitted by, and under terms and conditions that comply in full with, Applicable Law;

(z) Provide cash to a Visa cardholder unless Merchant is either (i) participating in Visa Cash-Back Services or (ii) a hotel or cruise line;

(aa) Cause any Cardholder to waive its right to dispute a Transaction;

(bb) Request the Card Verification Value 2 data (as defined by Visa) on any paper order form;

(cc) Request a Cardholder account number for any purpose that is not related to payment for goods or services;

(dd) Add any tax to Transactions, unless applicable law expressly requires that a merchant be permitted to impose a tax, and only if such tax is included in the Transaction amount and not collected separately;

(ee) Process payments for a product or service that has not been disclosed and approved by Bank and ISO. This includes web processing and processing on a website that has not been approved by Bank and ISO. Merchant shall disclose to Bank and ISO all URLs through which Merchant processes transactions or otherwise accepts at the time of executing this Agreement, upon request, and before processing through any URL not previously disclosed.

Should Merchant engage in any of the prohibited transactions, including without limit that Merchant offers any products or services that are not bona fide and compliant with the Rules, Merchant shall be responsible to pay ISO an amount equal to the damages that ISO could suffer related to such pro- hibited conduct to include a penalty of $10,000 per occurrence, plus all costs, fees, fines, attorneys' fees and other costs and expenses incurred by ISO.

### 12. Prohibition of Transfer of Card Information

Use of Third Parties. Merchant shall not, without the Cardholder's consent, sell, purchase, provide or exchange any Card information in the form of Transaction documents, carbon copies of imprinted Transaction documents, mailing lists, tapes, journal rolls or other media obtained through the use of a Card to any third party. Merchant may use third parties that do not have a direct agreement with Bank as Merchant's agent for the direct delivery of Transactions for clearing and settlement if:

(a) Merchant advises Bank that it will use a third-party processor in this capacity, identifying the third party so selected by Merchant;

(b) Merchant agrees that Bank will reimburse Merchant only for the Visa Transactions delivered by that third party processor to VisaNet; and

(c) Merchant assumes responsibility for any failure by its third party processor to comply with Applicable Law.

Merchant shall notify Bank of the identity of any third party performing services to Merchant in connection with which such third party has access to any Card information.

### 13. Daily Reconciliation of Transactions

(a) Electronically Transmitted Transactions. Bank shall control and disburse all Transactionrelated settlement funds to Merchant. Transactions with respect to which Bank receives payment from or through the Associations will be settled on a daily basis, and, except as otherwise expressly provided or permitted pursuant to the terms of this Agreement, Bank shall deliver payment to Merchant in connection with such Transactions by effecting a credit to the Operating Account equal to the reconciled and paid summary Transaction total of all of Merchant's total paid summary Transactions since the previous credit. Notwithstanding the foregoing, Bank may, in its sole discretion, effect a credit to the Operating Account in connection with any Transaction prior to the point in time Bank receives payment in connection therewith from or through the Associations. In either case, Bank may, if necessary or appropriate, reduce any credit made to the Operating Account by, and/or Bank may require that Merchant pay to Bank an amount equal to: (i) the sum of all Cardholder charges denied, refused or charged back; (ii) all refunds processed on account of Cardholders during said time period; (iii) the amounts, fees and charges, including (but not limited to) Chargebacks, Merchant owes Bank hereunder or under any other agreement entered into between Bank and Merchant; (iv) all taxes, penalties, charges, fees and other items incurred by Bank that are reimbursable pursuant to this Agreement; (v) all applicable rates, fees and charges described on Schedule A; (vi) any amount Bank previously credited to the Operating Account that Bank determines, in good faith, was incorrectly so credited; and (vii) any amount Bank determines, in its sole discretion, represents unacceptable risk to the relevant Cardholder or Bank. Any application of funds associated with the settlement of Transactions that differs from the foregoing must be agreed to, in writing, by Bank and Merchant and may not, in any respect, violate Applicable Law.

(b) Reconciliation of Transactions. Merchant shall reconcile each settled Transaction within fifteen (15) days after the date on which such Transaction is submitted to Bank for payment, and shall notify Bank and ISO immediately of any discrepancies or errors Merchant notes as a result of such reconciliation. Neither Bank nor ISO shall have any responsibility or liability for Transaction-related errors or omissions that are brought to their attention more than thirty (30) days after the date on which the Transaction to which such error or omission relates is first presented to Bank for settlement.

(c) Provisional Credit. Any credits to the Operating Account are provisional only and subject to revocation by Bank until such time that the Transaction is final and no longer subject to Chargeback by the Issuer, Cardholder or Associations. Bank may withhold payment for a Transaction to Merchant, for any reason, until such time as the Transaction has been verified as legitimate by the relevant Issuer, or Bank receives adequate supporting documentation from Merchant to authenticate the Transaction and mitigate Chargeback risk.

### 14. Adjustments and Returns

Merchant will maintain a fair exchange and return policy and make adjustments with respect to goods and services sold and/or leased to its customers whenever appropriate. If Merchant limits its acceptance of returned merchandise, or if Merchant is an Electronic Commerce Merchant, Merchant will ensure that its return policy are clearly set forth on the Transaction receipt or on Merchant's website, as required by Applicable Law. If goods are returned, or services are terminated or can- celed, or any price is adjusted, Merchant will prepare and transmit a credit or return Transaction, either electronically or by paper, for the amount of the adjustment as a deduction from the total amount of Transactions transmitted that day. If the amount of credit or return Transactions exceeds the amount of sales Transactions, Merchant shall pay the excess to Bank. Merchant shall make no cash refunds on credit Transactions and shall handle all credit adjustments as provided in this Section 14. If no refund or return will be given, Merchant must advise Cardholder in writing, at the time of the Transaction, that the sale is a "final sale" and "no returns" are permitted. Merchant must advise Cardholder in writing of any policy of Merchant that provides for no-cash refunds and in-store credit only. Merchant shall follow Association reservation/no show policies, and shall notify Cardholders in writing of this policy on all advance reservations. Merchant also shall notify Cardholders at the time of the reservation of the exact number of days required for reservation deposit refunds.

### 15. Chargebacks

The acceptance by Bank of any Transaction processed in accordance with the terms of this Agreement shall be without recourse to Merchant, except for:

(i) Full Recourse Transactions;

(ii) as otherwise indicated in this Agreement; and

(iii) under any of the following circumstances:

(a) No specific prior Authorization for the Transaction was obtained from the Authorization Center, the approval number does not appear in the electronic transmittal that is maintained by Bank, or the Transaction was submitted to the Bank or ISO thirty (30) days or more after the date on which the goods and/or services to which the Transaction relates were purchased or leased by the relevant Cardholder;

(b) The Transaction was based on a pre-authorization form, the Card on which the Authorization was based was canceled and Merchant was so notified prior to the Transaction

(c) The Card giving rise to the Transaction was canceled and prior to, or at the time of, the Transaction, and Merchant received notice of the cancellation through the electronic terminal, in writing or otherwise;

(d) The Card expired prior to the date of the Transaction or the date of the Transaction was prior to the validation date, if any, indicated on the Card;

(f) Bank or Issuer receives a complaint from or on behalf of a Cardholder stating that there is an unresolved dispute or defense to a charge (whether or not valid) between Merchant and Cardholder;

(g) The Cardholder makes a written complaint to Bank or Issuer that the Cardholder did not make or authorize the Transaction;

(h) A setoff or counterclaim of any kind exists in favor of any Cardholder against Merchant that may be asserted in defense of an action to enforce payment against the Cardholder in the Transaction;

(i) The Transaction was made at or by a merchant other than Merchant;

(j) The Transaction otherwise violates the terms of this Agreement or any Applicable Law;

(k) A Transaction is charged back by an Issuer; or

(l) Any representation or warranty made by Merchant in connection with the Transaction is false or inaccurate in any respect.

In any such case, Bank shall not be obligated to accept a Transaction for credit to the Operating Account. If Bank has credited the Operating Account or Reserve Account for such a Transaction, Bank may return the Transaction to the Merchant, and Merchant shall pay Bank the amount of the Transaction. Merchant agrees that it is solely responsible for all Chargebacks, and that ISO or Bank, without prior notice to Merchant, may: (i) charge the amount of the Transaction to the Operating Account or Reserve Account; (ii) recoup the amount of the Transaction by adjustment of the credits due to Merchant; and/or (iii) set off the amount of the Transaction against any account or property Bank holds for or on behalf of Merchant. If Merchant disagrees with ISO's or Bank's de- cision to charge back a Transaction, Merchant must so notify ISO in writing within 10 days of the Chargeback, and provide documentation that the dispute has been resolved to Cardholder's satis- faction or proof that a credit has been issued. Without limiting the generality of any other provision of this Agreement, if Bank or ISO, if ISO has indemnified Bank, takes legal action against Merchant for any Chargebacks or any amounts due Bank or ISO hereunder, Merchant shall pay the costs and attorneys' fees incurred by Bank and/or ISO, whether suit is commenced or not.

In addition to any other remedy available to Bank, upon the occurrence of a Monthly Chargeback Violation, Merchant must pay to Bank a fee that is calculated as follows (where X in the table below is the Transaction Chargeback Ratio for the relevant calendar month and Y is the number of Chargebacks processed during the relevant calendar month):

| Y | 1.0% <X≤ 1.5% | 1.5% <X≤ 2% | 2% <X≤ 2.25% | 2.25% <X≤ 2.5% | 2.5% <X≤ 3% | 3% <X≤ 3.5% | 3.5% <X≤ 5% | 5% <X≤ 7.5% | 7.5% <X |
|---|---|---|---|---|---|---|---|---|---|
| 5 - 25 | $0 | $10 | $10 | $15 | $15 | $20 | $25 | $40 | $50 |
| 26 - 50 | $10 | $10 | $15 | $15 | $20 | $20 | $25 | $40 | $50 |
| 51 - 75 | $15 | $20 | $20 | $25 | $25 | $30 | $50 | $50 | $50 |
| 76 - 100 | $15 | $20 | $25 | $25 | $30 | $30 | $35 | $50 | $50 |
| 101 - 125 | $20 | $20 | $25 | $30 | $35 | $35 | $35 | $60 | $60 |
| 126 - 150 | $20 | $25 | $25 | $30 | $35 | $35 | $40 | $75 | $75 |
| 151 - 175 | $25 | $30 | $30 | $35 | $40 | $40 | $40 | $75 | $100 |
| 175 + | $25 | $30 | $35 | $35 | $40 | $40 | $50 | $100 | $100 |

At least once each month, Bank or ISO shall provide a statement (the "Merchant Statement") to Merchant. All information appearing on the Merchant Statement shall be deemed accurate and affirmed by Merchant unless Merchant objects by written notice specifying the particular item in dispute with- in 30 days of the date of the Merchant Statement.

### 16. Retention of Information

Merchant shall retain the information required to be submitted in connection with a Transaction or to be maintained in connection with a complaint for seven years from the date of the Transaction or the completion of the complaint. At the request of Bank, Merchant shall provide such information to Bank or ISO, as directed by Bank, within five (5) days of receipt of a request from Bank. Failure to meet such time frame or non delivery of any item or delivery of an illegible copy of an item requested by an Issuer shall, among other things, constitute a waiver by Merchant of any claims and may result in an irrevocable Chargeback for the full amount of the Transaction.

### 17. Recovery of Cards

Merchant will use its best efforts to reasonably and peaceably recover and retain any Card with re- spect to which Merchant receives notification of cancellation, restrictions, theft or counterfeiting. This notice may be given: (i) electronically through the Equipment; (ii) by the Authorization Center through any means; or (iii) by listing on any canceled Card or restricted Card list. Merchant shall also take reasonable steps to recover a Card that it has reasonable grounds to believe is counterfeit, fraudulent or stolen.

### 18. Customer Complaints

Merchant shall respond promptly to inquiries from Cardholders and shall attempt to resolve any disputes amicably. If unresolved disputes occur with a frequency unacceptable to Bank, Bank may terminate this Agreement. Bank reserves the right to charge Merchant reasonable fees and reimbursement on account of excessive Ca rd holder inq uiries, refunds or Chargebacks. Merchant agrees to maintain the following information in writing with respect to each claim or defense asserted by a Cardholder for which Merchant has received notice:

(a) The Cardholder's name;

(b) The Card account number;

(c) The date and time the Cardholder asserted the claim or defense;

(d) The nature of the claim or defense; and

(e) The action that Merchant took in an attempt to resolve the dispute.

Upon request, Merchant shall furnish Bank with this information in writing within 10 days.

### 19. Confidentiality

Merchant shall treat all information received in connection with this Agreement as confidential. Merchant shall prevent the disclosure of this information, except for necessary disclosures to affected Cardholders, to Bank, to ISO and to Issuers.

### 20. Compliance with Applicable Law

a. General. Merchant represents and warrants that it has obtained all necessary regulatory approvals, certificates and licenses, and that it is in compliance with all Applicable Law, in connection with the operation of its business. Merchant represents and warrants that it understands the importance of complying with Applicable Law in connection with any and all actions it takes in connection with Transactions (including, without limitation, complying with requirements relating to Transaction information, storage and disclosure), and covenants at all times to comply in full with all Applicable Law. Merchant further acknowledges and agrees that it is responsible for the actions of all of its employees while in Merchant's employ

b. Data Security Rules. Without limiting the generality of the foregoing or any other provision of this Agreement, Merchant understands that it and all of its employees, agents, representatives and service providers must comply with the Rules, including without limitation, those relating to Cardholder information security issues, non-disclosure of Cardholder information and Transaction documents, retention and storage of Cardholder and Transaction information and other security procedures adopted by the Associations. Merchant expressly agrees that Bank or ISO has all necessary and appropriate rights under applicable laws or regulations, privacy policies, or agreements to provide merchant information to the Card brands. Merchant hereby confirms its agreement to abide by and fully comply with such Rules, including, without limitation, the Rules and procedures described below:

i. Visa Cardholder Information Security Program and MasterCard Site Data Protection Program. Visa and MasterCard have implemented programs to protect Cardholder data. The Visa Cardholder Information Security Program ("CISP") and MasterCard Site Data Protection Program ("SDP") apply to Merchant if Merchant processes or stores Cardholder data as a result of Internet or mail/telephone acceptance of Visa or MasterCard Card account information. A copy of the complete Visa Cardholder Information Security Standards manual and a SelfAssessment Worksheet can be obtained online at www.visa.com/cisp or from Bank, and a copy of the SDP provisions can be obtained from Bank. Visa and MasterCard may impose restrictions, fines, or prohibit Merchant from participating in Visa or MasterCard programs if it is determined that Merchant is non-compliant. Merchant may be required to comply with an audit to verify compliance with security procedures. The following list describes some of the current CISP and SDP program requirements, with all of which Merchant may be required to comply, if applicable to Merchant. (A) install and maintain a working network firewall to protect data accessible via the Internet; (B) keep security patches up-to-date; (C) encrypt stored data; (D) encrypt data sent across networks; (E) use and regularly update anti-virus so"ware; (F) restrict access to data by business "need to know"; (G) assign a unique ID to each person with computer access to data; (H) don't use vendor-supplied defaults for system passwords and other security parameters; (I) track access to data by unique ID; (J) maintain a policy that addresses information security for employees and contractors; and (K) restrict physical access to Cardholder information. Merchant must also comply with the requirements of Section 19.3 of the Visa Rules in connection with suspected or confirmed losses, thefts, compromises of information, and fraud or laundering associated with information. Please also note that this is not intended to be a complete list, and Merchant remains solely responsible for understanding and complying in full with all of the applicable CISP and SDP requirements.

ii. Transaction Information. Merchant acknowledges that the sale or disclosure of databases containing Cardholder account numbers, personal information, or other Transaction information to third parties is strictly prohibited by the Rules. Unless Merchant obtains consents from Bank, and each applicable Association, issuing bank and Cardholder, Merchant must not use, disclose, sell or disseminate any Cardholder information obtained in connection with a Transaction (including without limitation, the names, addresses and Card account numbers of Cardholders, copies of imprinted sales drafts and/or credit records, mailing lists, tapes or other media obtained in connection with a sales draft and/or credit record) except for purposes of authorizing, completing and settling Transactions and resolving any Chargebacks, retrieval requests or similar issues involving Transactions, other than pursuant to a court or governmental agency request, subpoena or order. Merchant shall use proper controls for, limit access to, and render unreadable prior to discarding all records containing Cardholder account numbers and Card imprints.

Merchant may not retain or store magnetic stripe data after a Transaction has been authorized. If Merchant stores any electronically captured signature of a Cardholder, Merchant may not reproduce such signature except upon the specific request of Bank. Merchant shall store all media containing Cardholder names, Cardholder account information, and other personal information, as well as Card imprints (such as sales drafts and credit records, auto rental agreements, and carbons) in an area limited to selected personnel and, prior to discarding any such information, destroy it in a manner that renders the data unreadable.

Merchant further warrants and agrees that in the event of its failure, including bankruptcy, insolvency, or other suspension of business operations, it will not sell, transfer or disclose any materials that contain Cardholder account numbers, personal information, or Transaction information to third parties, and shall return the information to Bank and provide acceptable proof of destruction to Bank. Merchant may not request the Card Verification Value 2 CVV2 data on any paper order form.

### 21. Taxes

Each party hereto shall report its income and pay its own taxes to any applicable jurisdiction. If either Bank or ISO is required to pay any taxes, interests, fines or penalties owed by Merchant, said amount shall become immediately due and payable by Merchant to Bank or ISO. If excise, sale or use taxes are imposed on Transactions, Merchant shall be responsible for the collection and payment thereof. Merchant shall not add any tax to any Transaction unless Applicable Law expressly provides that Merchant is permitted to impose a tax, and any such tax amount, if so allowed, shall be included in the Transaction amount and not collected separately. Bank or ISO shall be entitled to recover from Merchant any of said taxes paid by it on behalf of Merchant immediately after payment.

### 22. Limitation of Liability

In addition to all other limitations on the liability of Bank and ISO contained in this Agreement, nei¬ther Bank nor ISO shall be liable to Merchant or Merchant's customers or any other person for any of the following:

(a) Any loss or liability resulting from the denial of credit to any person or Merchant's retention of any Card or any attempt to do so; Any loss caused by a Transaction downgrade

(c) Interruption or termination of any Services caused by any reason except for failure of Bank or ISO to re- pair the item causing the Merchant's expense (in which case, any resulting liability shall be for the sole account of ISO). At no time will ISO's liability exceed the amount of fees collected or reasonably expected to be collected from Merchant for this delay period.

NEITHER BANK NOR ISO SHALL BE LIABLE FOR ANY LOST PROFITS, PUNITIVE, INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES TO MERCHANT OR TO ANY THIRD PARTY IN CONNECTION WITH OR ARISING OUT OF THIS AGREEMENT OR ANY OF THE SERVICES TO BE PERFORMED BY BANK OR ISO PURSUANT TO THIS AGREEMENT. MERCHANT ACKNOWLEDGES THAT BANK HAS PROVIDED NO WARRANTIES, EITHER EXPRESS OR IMPLIED, WRITTEN OR ORAL, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, WITH RESPECT TO ANY EQUIPMENT AND THAT BANK HAS NO LIABILITY WITH RESPECT TO ANY EQUIPMENT. BANK MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, REGARDING THE SERVICES IT PROVIDES HEREUNDER. IF THERE ARE ERRORS, OMISSIONS, INTERRUPTIONS OR DELAYS RESULTING FROM BANK'S OR ISO'S PERFORMANCE OR ANY FAILURE TO PERFORM, BANK'S AND ISO'S LIABILITY SHALL BE LIMITED TO CORRECTING SUCH ERRORS, IF COMMERCIALLY REASONABLE.

### 23. Limitation on Damages

In no case shall Merchant be entitled to recover damages from ISO or Bank that exceed the fees retained by Bank and ISO pursuant to this Agreement during the six month period immediately prior to the event giving rise to the claim for damages.

### 24. Indemnification

Merchant agrees to indemnify and hold Bank and ISO harmless from any and all losses, claims, damages, liabilities and expenses, including attorneys' fees and costs (whether or not an attorney is an employee of Bank or Bank's affiliates, ISO or affiliates of ISO) arising out of any of the following

(a) Merchant's failure to comply with this Agreement;

(b) Any act or omission of Merchant;

(c) Merchant's failure to comply with any Equipment's user's guide;

(d) Merchant's failure to comply with any Applicable Law;

(e) Any dispute concerning the quality, condition or delivery of any merchandise or the quality of performance of any service;

(f) The fraud or dishonesty of Merchant or Merchant's employees, licensees, successors, agents and/or assigns;

(g) Merchant's selection of an Internet service provider or other telecommunication services provider;

(h) The theft of or damage or destruction to any Equipment; or

(i) Full Recourse Transactions, unauthorized Transactions and prohibited Transactions.

### 25. Credit Investigation and Bank/ISO Auditing

Bank or ISO may audit, from time to time, Merchant's compliance with the terms of this Agreement. Merchant shall provide all information requested by Bank or ISO to complete the respective audit. Merchant authorizes parties conducted by Bank or ISO to release the credit information requested by ISO or Bank, and Merchant agrees to provide a separate authorization for release of credit in- formation, if requested by Bank or ISO. Merchant shall deliver to Bank or ISO such information as Bank or ISO may reasonably request from time to time, including without limitation, financial state- ments and information pertaining to Merchant's financial condition. Such information shall be true, complete and accurate. Without limiting the generality of the foregoing, Merchant shall provide to Bank and ISO its balance sheet and income statements not less frequently than every three calendar months during the term of this Agreement.

### 26. Termination of Agreement by Bank and ISO

Bank or ISO may terminate this Agreement upon at least 30 days' prior written notice to the other parties. In addition, Bank may terminate this Agreement immediately upon written notice to Merchant upon the occurrence of any of the following (each, an "Event of Default")

(a) Any information concerning Merchant obtained by Bank is unsatisfactory to Bank, in Bank's sole discretion.

(b) Any act of fraud or dishonesty is committed by Merchant, its employees or agents, or Bank or ISO believes in good faith that Merchant, its employees or agents have committed, are committing or are planning to commit any acts of fraud or misrepresentation.

(c) Chargebacks are excessive, in the opinion of Bank or ISO.

(d) There is a breach of any representation or warranty made by Merchant to Bank or ISO, or Merchant defaults in the performance of any of its obligations under this Agreement.

(e) Merchant files a petition under any bankruptcy or insolvency law.

(f) Bank or ISO determines that the continuation of this Agreement may create harm or the loss of goodwill to Bank or any Association.

(g) Merchant fails to maintain sufficient funds in the Operating Account to cover the amounts due to Bank or ISO hereunder.

(h) Merchant's percentage of error Transactions or retrieval requests is excessive in the opinion of Bank or ISO.

(i) Any insurance policy obtained by Bank, ISO or Merchant relating to Transactions and/or Chargebacks is cancelled or terminated for any reason.

(j) Merchant fails to provide financial statements suitable to Bank on request.

(k) ISO does not or cannot perform its duties under this Agreement and Bank determines that it is not feasible to provide the Services contemplated by this Agreement to Merchant. Bank is not obligated to provide replacement Services if ISO does not or cannot perform.

(l) Any Association requests or demands that this Agreement be terminated. Bank or ISO may selectively terminate one or more of Merchant's approved locations without terminating this entire Agreement.

In the event of termination, all obligations of Merchant incurred or existing under this Agreement prior to termination shall survive the termination. Merchant's obligations with respect to any Transaction shall be deemed incurred and existing on the date of such

resulting from defective or faulty equipment or the leased equipment is wound down or Bank or ISO;

(b) The unavailability of Services caused by the termination of contracts with our hardware vendors, processors or installers, whether terminated by Bank, ISO or any other

### 27. Termination of Agreement by Merchant

Merchant may terminate this Agreement upon at least 30 days' prior written notice and an oppor- tunity to cure and refund to the other parties if within the previous 60 days, Bank or ISO amended Schedule A pursuant to Section 31 to increase the rates, fees or charges Merchant pays hereunder, except for fees or rates that result from a pass through from an Association.

### 28. Setoff

In addition to any other legal or equitable remedy available to it in accordance with this Agreement or by law, Bank and ISO may set off any amounts due to it against any property of Merchant in its possession or under its control.

### 29. Web Processing

Merchant shall disclose to Bank and ISO all URLs for which merchant processes transactions or otherwise accepts payments at the time of executing this agreement, upon agreement, upon request, and before processing through any URL not previously disclosed. If Merchant processes through an unapproved URL or URLs, it may result in termination and/or funds being held with or without notice to merchant.

### 30. Amendments to this Agreement

From time to time Bank may amend this Agreement as follows:

(a) Bank or ISO may amend or delete Cards or Services listed in Schedule A by notifying Merchant in writing of any such amendment. All provisions of this Agreement shall apply to Cards or Services added to this Agreement. Bank or ISO shall notify Merchant of the fees to be charged for processing the additional Cards and Services. Acceptance by Merchant of a new approved Card as payment for a Transaction or use of a new Service after Bank has sent Merchant notice of an amendment shall constitute Merchant's agreement to the amendment and the fees or charges related to these additions.

(b) From time to time, Bank or ISO may change all rates, fees and charges set forth on Schedule A. Bank or ISO will provide written notice to Merchant of all such amendments. Bank or ISO may change the rates, fees and charges without prior written notice if Merchant's sales volume or average Trans- action amount does not meet Merchant's projections contained in the Merchant Application form to which this Agreement is attached or if the risk factors associated with processing Transactions increase. If notice is required, Bank or ISO will give written notice on the Merchant Statement. All new rates, fees and charges will become effective for the month immediately following the month in which the notice appeared on the Merchant Statement unless Merchant terminates this Agreement in accordance with Section 28.

(c) Bank or ISO may amend this Agreement in any manner other than as described in Section 31(a) or 31(b) above simply by providing written notice of such amendment to Merchant, and such amend- ment shall become effective on the latter of: (i) the date on which such written notice is received by Merchant; or (ii) a date specified by Bank in such written notice.

### 31. Assignment

This Agreement may not be assigned by Merchant without the prior written consent of Bank and ISO. Bank or ISO may assign this Agreement without limitation. Assignment of this Agreement by Bank or ISO shall relieve Bank or ISO of any further obligations under this Agreement.

### 32. Financial Accommodations

Bank, ISO and Merchant intend this Agreement to be construed as a contract to extend financial accommodations for the benefit of Merchant.

### 33. Waiver

To the extent that Merchant becomes a debtor under any chapter of title 11 of the United States Code and such event does not result in the termination of this Agreement, Merchant hereby unconditionally and absolutely waives any right or ability that Merchant may otherwise have had to oppose, defend against or otherwise challenge any motion filed by Bank for relief from the automatic stay of 11 U.S.C. § 362(a) to enforce any of Bank's rights or claims under this Agreement.

### 34. Cooperation

In their dealings with one another, each party agrees to act reasonably and in good faith and to fully cooperate with each other in order to facilitate and accomplish the transactions contemplated hereby.

### 35. Entire Agreement

This Agreement, together with the Schedules attached hereto, supersedes any other agreement, whether written or oral, that may have been made or entered into by any party (or by any officer or officers of any party) relating to the matters covered herein and constitutes the entire agreement of the parties hereto.

### 36. Severability

If any provisions of this Agreement sha ll be held, or deemed to be, or shall in fact be, inoperative or unenforceable as applied in any particular situation, such circumstance shall not have the effect of rendering any other provision or provisions herein contained invalid, inoperative or unenforceable to any extent whatsoever. The invalidity of any one or more phrases, sentences, clauses or sections herein contained shall not affect the remaining portions of this Agreement or any part hereof.

### 37. Notices

Except for notices provided by Bank to Merchant on the Merchant Statement, all notices, requests, demands or other instruments which may or are required to be given by any party hereunder shall be in writing and each shall be deemed to have been properly given when:

(i) served personally on an officer of the party to whom such notice is to be given,

(ii) upon expiration of a period of three (3) business days from and after the date of mailing thereof when mailed postage prepaid by registered or certified mail, requesting return receipt, or

(iii) upon delivery by a nationally recognized overnight delivery service, addressed on each Association's "Terminated Merchant File" (or any other list or file serving a similar purpose); and

(ii) agrees to indemnify and hold Bank and ISO harmless from and against any and all costs, expenses and liabilities incurred by Bank and/ or ISO in connection with or arising out of such Event of Default.

(iii) upon delivery by a nationally recognized overnight delivery service, addressed as follows:

If to BANK: Avidia Bank

BANK ADDRESS: 42 Main St, Hudson MA 01749

If to ISO: Attn: President

Maverick BankCard, Inc.

26520 Agoura Road 1st Floor, Calabasas, CA 91302

If to MERCHANT:

Address listed on the application to which this Agreement is attached.

Any party may change the address to which subsequent notices are to be sent by notice to the others given as aforesaid

### 38. Governing Law

This Agreement shall be governed and construed in accordance with the laws of the State of California, without regard to internal principles of conflict of laws, and federal law.

### 39. BINDING ARBITRATION

ANY DISPUTE OR CLAIM BETWEEN THE PARTIES ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE FULLY AND FINALLY RESOLVED BY BINDING ARBITRATION IN LOS ANGELES COUNTY CALIFORNIA IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES AND PRAC- TICES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA") FROM TIME TO TIME IN FORCE AND EFFECT. THIS AGREEMENT TO ARBITRATE SHALL BE SPECIFICALLY ENFORCEABLE AND IS THE EXCLUSIVE REMEDY FOR THE RESOLUTION OF SUCH DISPUTES UNDER THIS AGREEMENT. THERE SHALL BE A SINGLE ARBITRATOR, WHO MUST BE (I) A LAWYER ENGAGED FULL-TIME IN THE PRACTICE OF LAW AND A MEMBER IN GOOD STANDING OF THE STATE BAR OF CALIFORNIA AND (II) ON THE AAA REGISTER OF ARBITRATORS. WITHIN THIRTY (30) DAYS OF THE CONCLUSION OF THE ARBITRATION HEARING, THE ARBITRATOR SHALL PREPARE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW. JUDGMENT ON THE WRITTEN AWARD MAY BE ENTERED AND ENFORCED IN ANY STATE OR FEDERAL COURT LOCATED IN LOS ANGELES COUNTY CALIFORNIA. THE PARTIES HEREBY SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE TRIBUNAL SO SELECT- ED, TO THE EXCLUSION OF ANY OTHER COURT WHICH MIGHT HAVE HAD JURISDICTION APART FROM THIS SECTION. WAIVE ANY DEFENSE OF LACK OF IN PERSONAM JURISDICTION OF SUCH COURTS AND AGREE THAT SERVICE OF PROCESS IN ANY ACTION BEFORE SUCH COURTS MAY BE MADE BY MAILING IT TO THE PARTY TO BE SERVED AT THE ADDRESS PROVIDED HEREIN. IT IS MUTUALLY AGREED THAT THE WRITTEN DECISION OF THE ARBITRATOR SHALL BE VALID, BINDING, FINAL AND NON-APPEALABLE; PROVIDED HOWEVER, THAT THE PARTIES HERETO AGREE THAT THE ARBITRATOR SHALL NOT HAVE THE AUTHORITY TO AWARD PUNITIVE DAMAGES AGAINST ANY PARTY TO SUCH ARBITRATION. THE ARBITRATOR SHALL REQUIRE THE NON-PREVAILING PARTY TO PAY THE ARBITRATOR'S FULL FEES AND EXPENSES OR, IF IN THE ARBITRATOR'S OPINION THERE IS NO PREVAILING PARTY, THE ARBITRATOR'S FEES AND EXPENSES WILL BE BORNE EQUALLY BY THE PARTIES THERETO. EACH OF THE PARTIES HERETO FURTHER AGREES THAT IT WILL NOT BECOME A MEMBER OF ANY CLASS-WIDE LITIGATION OR ARBITRATION AND WILL NOT INITIATE ANY CLASS ACTION LITIGATION OR ARBITRATION AGAINST THE OTHER PARTY. FURTHER THE PARTIES AGREE THAT THEY WILL NOT ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OF ANY GROUP, CLASS, OR OTHERWISE SIMILARLY SITUATED IN- DIVIDUAL OR ENTITY.

### 40. Captions

Captions in this Agreement are for convenience of reference only and are not to be considered as defining or limiting in any way the scope or intent of the provisions of this Agreement.

### 41. No Waiver

Any delay, waiver or omission by Ba n k to exercise any right or power arising from any breach or default of the other party in any of the terms, provisions or covenants of this Agreement shall not be construed to be a waiver of any subsequent breach or default of the same or any other terms, provisions or covenants on the part of the other party. All remedies afforded by this Agreement for a breach hereof shall be cumulative.

### 42. Force Majeure

The parties shall be excused from performing any of their respective obligations under this Agreement which are prevented or delayed by any occurrence not within their respective control including but not limited to strikes or other labor matters, destruction of or damage to any building, natural disasters, accidents, riots or any regulation, rule, law, ordinance or order of any federal, state or local government authority.

### 43. Cooperation

Merchant covenants and agrees that, if it is undergoing forensic investigation at the time this Agreement is signed, Merchant will fully cooperate with the investigation until it is completed.

### 44. Limited Acceptance

Visa Rules allow Merchant to become a Limited Acceptance Merchant as part of its use of Bank's Services. A "Limited Acceptance Merchant," as defined by Visa, is a merchant that accepts either, but not both, of the following:

    Visa Credit and Business Category Cards

    Visa Debit Category Cards

Merchant has elected to become a Limited Acceptance Merchant by choosing to accept ONLY (please mark the applicable card category below):

    Visa Credit and Business Category Cards

    Visa Debit Category Cards

**45. Special Merchant Categories**

(a) If Merchant is a Health Care Merchant (as defined by the Visa Core Rules and Visa Product and Service Rules (the "Visa Core Rules")), Merchant acknowledges it must comply with the provisions of Section 5.9.12 of the Visa Core Rules.

(b) If Merchant is a T&E Merchant (as defined by the Visa Core Rules), Merchant acknowledges that it must comply with all of the provisions of the Visa Core Rules relating to T&E Merchants, including Sections 5.9.6, 5.10.4.1, 7.3.12, and 11.1.3.2. Merchant further agrees that, if it is an International Airline Program Merchant (as defined by the Visa Core Rules), the terms of the attached International Airline Program Merchant Addendum apply.

(c) If Merchant receives BIN Information, Merchant agrees that the terms of the attached Merchant Receiving BIN Information Addendum apply.

(d) If Merchant is an Electronic Commerce Merchant (as defined by the Visa Core Rules and Visa Product and Service Rules (2014)—the "VCR"), the following terms apply (references following each requirement indicate whether the requirement is located in the VCR or the Visa Acquirer Risk Program Standards Guide (2010) (VPSG); capitalized terms that are not otherwise defined in this Agreement are used as defined in the VCR):

i. Merchant must display its consumer data privacy policy on its website. (VPSG)

ii. Merchant must display the security method it uses for the transmission of payment data on its website. (VPSG)

iii. Merchant must offer Cardholders a secure transaction method and a data protection method, such as Secure Sockets Layer (SSL), 3-D Secure and/or Verified by Visa. (VPSG; VCR Section 1.5.6.2)

iv. For Non-Secure Transactions and Non-Authenticated Security Transactions, Merchant must attempt to obtain a Visa Card expiration date and submit it as part of the Authorization Request. (VCR Section 5.8.4.1)

v. Merchant's website must contain all of the following:

(A) Customer service contact, including email address or telephone number.

(B) The address, including the country, of Merchant's permanent establishment, either:

(1) On the same screen view as the checkout screen used to present the final Transaction amount; or

(2) Within the sequence of web pages the Cardholder accesses during the checkout process.

(C) Policy for delivery of multiple shipments.

(D) Security capabilities and policy for transmission of payment card details.

(E) In addition, for an Online Gambling Merchant's homepage or payment page, all of the following:

(1) The statement "Internet gambling may be illegal in the jurisdiction in which you are located; if so, you are not authorized to use your payment card to complete this transaction";

(2) A statement of the Cardholder's responsibility to know the laws concerning online gambling in the Cardholder's country;

(3) A statement prohibiting the participation of minors;

(4) A complete description of the rules of play, cancellation policies, and pay-out policies;

(5) A statement recommending that the Cardholder retain a copy of Transaction records and Merchant policies and rules; and

(6) An Acquirer numeric identifier specified by Visa. (VCR Section 5.9.3.1)

vi. Merchant must not display the full Account Number to the Cardholder online. (VCR Section 5.9.3.2)

vii. If Merchant is a Verified by Visa Merchant, Merchant acknowledges that its Electronic Commerce Transactions are not eligible for Chargeback protection from Chargeback reason codes 75 (Transaction Not Recognized) and 83 (Fraud-Card-Absent Environment) if either:

(A) The Merchant is classified with one of the following MCCs:

(1) MCC 4829 (Wire Transfer Money Orders);

(2) MCC 5967 (Direct Marketing – Inbound Teleservices Merchant);

(3) MCC 6051 (Non-Financial Institutions – Foreign Currency, Money Orders [not Wire Transfer], Travelers' Cheques); or

(4) MCC 7995 (Betting, including Lottery Tickets, Casino Gaming Chips, Off-Track Betting, and Wagers at Race Tracks); or

(B) Merchant has been identified in the Merchant Chargeback Monitoring Program or Risk Identification Service Online. Merchant remains ineligible while it is in either program, and for an additional 4 months after exiting the program. This condition also applies if Merchant enabled Verified by Visa while identified in either program. (VCR Section 5.9.3.5)

viii. Merchant must include the following in its transaction receipts:

(A) Customer service contact;

(B) Merchant country; and

(C) Conditions of sale, including return and cancellation policy. (VCR Section 5.10.3.3)

ix. In an Authorization Request, Merchant must not transmit Authentication Data specific to one Transaction with another Transaction, except when either:

(A) 2 Transactions are related due to delayed delivery; or

(B) All items of an order cannot be shipped at the same time. (VCR Section 10.15.3.2)

(e) If Merchant limits its acceptance of returned merchandise or is an Electronic Commerce Merchant, Merchant must ensure that its return policies are clearly indicated to a Cardholder on the Transaction Receipt or on Merchant's website, as follows (VCR Section 5.4.2.4):

Merchant must select one of the Limited Acceptance options (which means that Merchant accepts all categories or specific categories of Visa Cards, as indicated in the Limited Acceptance Category selection above).

If Merchant elected to be a Limited Acceptance Merchant, Merchant must properly display the Visa-approved signage that represents the Limited Acceptance Category that Merchant has selected above.

| Location | Required Disclosure | To be used for the following Merchant Policies |
|---|---|---|
| Transaction Receipt (all copies, near the Cardholder signature area or in an area easily seen by the Cardholder) | "No Refund" "No Exchanges" "All Sales Final" | Merchant does not: • Accept merchandise as a return or exchange • Issue a refund to a Cardholder |
| | "Exchange Only" | Merchant accepts merchandise in exchange for merchandise of equal value to the original Transaction amount |
| | "In-Store Credit Only" | Merchant accepts merchandise in exchange for an in-store credit document that both: • Equals the value of the returned merchandise • Must be used at the Merchant location |
| Website (on checkout screen or in sequence of web pages before final checkout) | "Click to accept" or other acknowledgement button or checkbox | All return/refund policies and all other purchase terms and conditions |

**46. Participation in the American Express OptBlue® Program**

By checking the "Accept" checkbox next to AMERICAN EXPRESS OptBlue® on [the application], Merchant has elected to participate in the American Express OptBlue program ("American Express Card Acceptance"). The following terms and conditions apply to Merchant's participation in American Express Card Acceptance.

(a) The definition of "Association(s)" is changed to read as follows:

"Association(s)" means VISA U.S.A., Inc. ("Visa"), MasterCard International Incorporated ("MasterCard"), Discover Financial Services LLC ("Discover") and American Express Travel Related Services Company, Inc. ("American Express").

(b) The definition of "Card(s)" is changed to read as follows:

"Card(s)" means either a Visa, MasterCard, Discover or American Express credit card, debit card (or other similar card that requires a PIN for identification purposes), or pre-paid, stored-value or gift card.

(c) The definition of "Issuer" is changed to read as follows:

"Issuer" means American Express or a member of an Association that enters into a contractual relationship with a Cardholder for the issuance of one or more Cards

(d) Merchant authorizes Bank and/or its affiliates to submit American Express Transactions to, and receive settlement on such Transactions from, American Express on behalf of Merchant.

(e) Merchant agrees that Bank may disclose to American Express information regarding Merchant and Transactions to American Express, and that American Express may use such information:

(i) to perform its responsibilities in connection with American Express Card

Acceptance;

(ii) to promote American Express;

(iii) to perform analytics and create reports; and

(iv) for any other lawful business purposes, including commercial marketing communications purposes within the parameters of American Express Card Acceptance, and important transactional or relationship communications from American Express. American Express may use the information about Merchant obtained in this Agreement at the time of setup to screen and/or monitor Merchant in connection with American Express marketing and administrative purposes. Merchant agrees it may receive messages from American Express, including important information about American Express products, services, and resources available to its business. These messages may be sent to the mailing address, phone numbers, email addresses or fax numbers of Merchant. Merchant may be contacted at its wireless telephone number and the communications sent may include autodialed short message service (SMS or "text") messages or automated or prerecorded calls. Merchant agrees that it may be sent fax communications.

(f) Merchant may opt-out of receiving future commercial marketing communications from American Express by contacting ISO; however, Merchant may continue to receive marketing communications while American Express updates its records to reflect this choice. Opting out of commercial marketing communications will not preclude Merchant from receiving important transactional or relationship messages from American Express.

(g) Merchant acknowledges that it may be converted from American Express Card Acceptance to a direct relationship with American Express if and when its American Express-related Transaction volumes exceed the eligibility thresholds for American Express Card Acceptance. If this occurs, upon such conversion:

(i) Merchant will be bound by American Express's then-current Card Acceptance Agreement; and (ii) American Express will set pricing and other fees payable by Merchant.

(h) Merchant will not assign to any third party any payments due to it under American Express Card Acceptance, and all indebtedness arising from Transactions will be for bona fide sales of goods and services (or both) at its business locations and free of liens, claims, and encumbrances other than ordinary sales taxes; provided, however, that Merchant may sell and assign future American Express-related Transaction receivables to Bank, its affiliated entities and/or any other cash advance funding source that partners with Bank or its affiliated entities, without consent of American Express. Notwithstanding the foregoing, Bank prohibits Merchant from selling or assigning future American Express-related Transaction receivables to any third party.

(i) Notwithstanding anything in this Agreement to the contrary, American Express shall have third-party beneficiary rights, but not obligations, to the terms of this Agreement

(k) Bank and ISO have the right to terminate Merchant's participation in American Express Card Acceptance and/or this Agreement for any of the reasons set forth in this Section 46 or for any violation by Merchant of the terms that Bank is required to enforce against Merchant in the American Express Merchant Operating Guide.

(i) if Merchant breaches any of the provisions of this Section 46 or any other provision of this Agreement applicable to American Express Card Acceptance, including, but not limited to, the American Express Merchant Operating Guide; or

(ii) for cause or fraudulent or other activity, or upon American Express's request. In the event Merchant's participation in American Express Card Acceptance is terminated for any reason, Merchant must immediately cease all use of and remove all American Express branding and marks from Merchant's website and wherever else they are displayed.

(l) Merchant's refund policies for American Express-related Transactions must be at least as favorable as its refund policy for purchase with any other Card, and the refund policy must be disclosed to Cardholders at the time of purchase and in compliance with Applicable Law. Merchant may not bill or attempt to collect from any cardholder for any American Express-related Transaction unless a Chargeback has been exercised, Merchant has fully paid for such Chargeback, and it otherwise has the right to do so.

(m) Merchant must accept American Express as payment for goods and services (other than those goods and services prohibited by this Agreement, the MOG, or Applicable Law) sold, or (if applicable) for charitable contributions made at all of its business locations and websites, except as expressly permitted by state statute. Merchant is jointly and severally liable for the obligations of Merchant's business locations and websites under this Agreement.

(n) Merchant or American Express may elect to resolve any claim against each other, or against Bank or ISO with respect to American Express-related Transactions, by individual, binding arbitration, decided by a neutral arbitrator, in accordance with the MOG.

(o) Merchant will comply in full with American Express's Merchant Operating Guide ("MOG") (as the same may be amended from time to time). The current MOG can be found at www.americanexpress.com/merchantopguide. The term "Rules" shall be deemed to include the MOG.

(p) American Express has the right to modify the terms of this Section 46 and any other provisions of this Agreement that relate to American Express Card Acceptance, and to terminate Merchant's acceptance of American Express related Transactions and to require an investigation of Merchant's activities with respect to American Express-related transactions.

(q) A copy of the American Express Data Security Requirements ("DSR") can be obtained online at www.americanexpress.com/dsr. Merchant shall abide by and fully comply with DSR and Payment Card Industry Data Security Standard (PCI DSS).

(r) Merchant acknowledges and agrees that

(i) Merchant will ensure data quality and that Transaction Data and customer information is processed promptly, accurately, and completely, and complies with the American Express Technical Specifications.

(ii) Merchant must report all instances of a Data Incident immediately to Bank or ISO after discovery of an incident, and

(iii) Merchant is responsible for being aware of and adhering to privacy and data protection laws and providing specific and adequate disclosures to Cardmembers of collection use and processing of personal data.

(s) All capitalized terms not defined in this Section 46 shall be as defined by American Express, whether in the MOG, American Express Operating Regulations, DSR, American Express Technical Specifications, or other American Express materials.

## 47. Participation in PayPal In-Store Checkout

Unless Merchant otherwise specifically indicates to Bank that Merchant does not wish to accept any PayPal Payment Method as a method of payment for goods services at Merchant's point(s) of sale, the following terms and provisions will apply. If Merchant elects American Express Card Acceptance and does opt out of the application of this Section 47, the application of Section 46 and this Section 47 will be deemed to be cumulative and not in the alternative.

(a) Merchant acknowledges and agrees that all of its actions associated with the acceptance by Merchant of a PayPal Method as the method of payment for goods or services at a point of sale, and in connection with processing any sale, credit, chargeback, representment, reversal or correction or settlement activity associated with any such transaction is subject to the terms and conditions of the Program Documents, as that term is defined in the PayPal Operating Regulations for In Store Checkout (as the same may be amended or replaced from time to time, the "PayPal Operating Regulations"). Merchant will comply in full, at all times, will all relevant provisions of the Program Documents, a copy of which Merchant acknowledges and agrees it has received and reviewed. Capitalized and italicized terms used in this Section 47 that are not otherwise defined are used as defined in the PayPal Operating Regulations.

(b) The definition of "Card(s)", as used throughout this Agreement, is changed to read as follows:

"Card(s)" means any of the following:

(i) a Visa, MasterCard or Discover credit card, debit card (or other similar card that requires a PIN for identification purposes), or pre-paid, stored value or gift card; and

(ii) any PayPal Payment Method.

(c) The definition of "Issuer", as used throughout this Agreement, is changed to read as follows:

"Issuer" means a member of an Association that enters into a contractual relationship with a Cardholder for the issuance of one or more Cards and PayPal, Inc. ("PayPal"), in connection with any PayPal Payment Method.

(d) Merchant will comply in full with the Program Documents in connection with all of its activities associated with PayPal Acceptance and associated Transaction processing and Settlement of Transactions.

(e) Merchant acknowledges and agrees that Acquirer may disclose Transaction Data and Merchant information to PayPal, regulatory authorities and other entities to which PayPal is required to provide such information for the purposes deemed necessary and related to performing Transactions or to comply with Applicable Law, including, by way of example and without limitation:

(i) Detailed information about the Transactions conducted by Merchant, including Transaction Data required by the Program Documents, to be delivered to PayPal in connection with Authorization Requests, Transaction Data, and Dispute responses;

(ii) Merchant information and detail about the transactions accepted by Merchant, including the Merchant Category Code assigned by Bank to Merchant;

(iii) Collective and detailed information about Merchant's Transactions, Disputes and other information reasonably required by PayPal during any investigation of Merchant;

(iv) Information regarding the aggregate number, type, and kind of Transactions accepted by Merchant, in the Authorized Jurisdiction; and

(v) Business and registration information provided by Merchant and/or its principals in connection with any application submitted by Merchant to Bank.

(f) Merchant acknowledges and agrees that each of the following is strictly and expressly prohibited:

(i) Any use, storage, or disclosure by Merchant of PayPal's confidential information, any PayPal Account Holder Data or Transaction Data, other than as necessary to complete a Transaction.

(ii) The retention or storage of PayPal Account Numbers, Track Data or Transaction Data.

(iii) Any use of any PayPal Account Holder's personal information for marketing and/or other purposes without explicit consent from the PayPal Account Holder.

(g) Bank may terminate Merchant's PayPal Acceptance and/or this Agreement for any of the reasons set forth in the PayPal Operating Regulations or for any violation by Merchant of the terms that Bank is required to enforce against Merchant in the PayPal Operating Regulations. PayPal may directly contact Merchant if Merchant is terminated by Bank for any reason, including investigating compliance by Merchant with the Security Requirements set forth in Section 13 of the PayPal Operating Regulations.

(h) "PayPal Marks" mean the brands, emblems, trademarks, and/or logos that identify PayPal Acceptance. The PayPal Marks are described in Appendix A of the PayPal Operating Regulations. Merchant may use the PayPal Marks only to promote PayPal products, offers, services, processing and/or acceptance. Merchant use of the PayPal Marks is restricted to the display of decals, signage, advertising, and marketing materials provided or approved by PayPal in writing pursuant to the process set forth in the PayPal Operating Regulations. Merchant shall not use the PayPal Marks in such a way that PayPal Account Holders could believe that the products or services offered by Merchant are sponsored or guaranteed by the owners of the PayPal Marks. Merchant recognizes that it has no ownership rights in the PayPal Marks. Merchant shall not assign to any third party any of the rights to use the PayPal Marks. Merchant is prohibited from using the PayPal Marks, not permitted above, unless expressly authorized in writing by PayPal.

# Approvely Application 2021

Final Audit Report                                                        2021-12-16

| | |
|---|---|
| Created: | 2021-12-16 |
| By: | Approvely (Chelsie Cooper) (uw@approvely.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA_WP1pHFE7gjVJ9KwCaDtOYrIN_CX1F-K |

## "Approvely Application 2021" History

📄 Document created by Approvely (Chelsie Cooper) (uw@approvely.com)
2021-12-16 - 7:56:17 PM GMT- IP address: 71.57.161.186

✉ Document emailed to Daniel S March (admin@lpglaw.com) for signature
2021-12-16 - 8:02:19 PM GMT

📄 Email viewed by Daniel S March (admin@lpglaw.com)
2021-12-16 - 9:06:51 PM GMT- IP address: 64.147.18.130

✍ Document e-signed by Daniel S March (admin@lpglaw.com)
Signature Date: 2021-12-16 - 9:08:26 PM GMT - Time Source: server- IP address: 64.147.18.130

✅ Agreement completed.
2021-12-16 - 9:08:26 PM GMT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF JEREMY B. FREEDMAN IN SUPPORT OF CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT MAVERICK BANKCARD, INC.**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 12, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On February 12, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 12, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS – JUDGE'S COPY**

Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 12, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | |
|---|---|
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@efc.inforuptcy.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 41                    **F 9013-3.1.PROOF.SERVICE**

| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
|---|---|
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 42                          **F 9013-3.1.PROOF.SERVICE**