CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Tele:  619.400.0500
Fax:  619.400.0501

TYLER POWELL (Ky. Bar No. 90520 – Admitted pro hac vice)
tyler.powell@dinsmore.com
**DINSMORE & SHOHL LLP**
100 West Main Street, Suite 900
Lexington, KY 40507
Tele: 859-425-1056
Fax:  859-425-1099

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER REQUIRING THE PRODUCTION OF DOCUMENTS BY THE CUSTODIAN OF RECORDS OF GRANITE ESCROW AND SETTLEMENT SERVICES; DECLARATION OF TYLER POWELL IN SUPPORT THEREOF;**<br><br>Date:  [*No Hearing Required*]<br>Time:  [*No Hearing Required*]<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>      411 W. Fourth Street<br>      Santa Ana, CA  92701 |

**TO THE COURT, THE CUSTODIAN OF RECORDS OF GRANITE ESCROW AND SETTLEMENT SERVICES, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, on March 15, 2024, Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, this *Notice Of Motion And Motion Pursuant To Fed. R. Bankr. P. 2004 And L.B.R. 2004-1 For An Order Requiring The Production Of Documents By The Custodian Of Granite Escrow and Settlement Services* (the "Motion"). The Motion is made pursuant to Fed. R. Bankr. P. 2004 ("Rule 2004") and L.B.R. 2004-1 ("Local Rule 2004") to require the production of documents by Granite Escrow and Settlement Services ("Granite"), by its authorized custodian of records. Specifically, the Trustee seeks an order providing that:

1. **Upon service of a subpoena on Granite, it shall produce for inspection and copying by the Trustee the documents and things described in Exhibit "1" to the attached subpoena (the "Documents") and an affidavit or declaration under penalty of perjury attesting to compliance with the subpoena. The Documents shall be produced at or before 10:00 a.m. on March 29, 2024 at the offices of Dinsmore & Shohl LLP located at 655 W. Broadway Street, Suite 800, San Diego California 92101, Attn: Yosina Lissebeck.**

2. **The Trustee is authorized to issue a subpoena as necessary to compel such document production. A copy of the proposed subpoena is attached hereto as Exhibit A.**

3. **If Granite withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, Granite shall prepare a privilege log in accordance with the "Instructions" in Exhibit "1" to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Yosina Lissebeck of Dinsmore & Shohl LLP, 655 W. Broadway Street, Suite 800, San Diego, California 92101) at or before 10:00 a.m. on March 29, 2024.**

4.    **Such other and further relief as the Court deems just and proper is granted.**

The Motion is made under Rule 2004 and Local Rule 2004-1 on the grounds that the Trustee is investigating the financial activities of the Debtor and related entities, and potential claims for relief related thereto.  On or about May 27, 2021, Arash Asante Bayrooti, Brian Reale and Mario Azevedo as sellers (collectively "Sellers") and Tony Diab as a buyer ("Diab") entered into an escrow agreement with Granite, as amended ("Agreement") to control the disbursement of funds for a Stock Purchase Agreement for stock in Bat, Inc. dba Coast Processing ("BAT").  Pursuant to the Agreement, Granite was to collect from Diab and disburse to the Sellers the sum of eight million dollars and no cents ($8,000,000.00).  Upon information and belief, the Agreement was amended to reduce the amount to be escrowed with Diab responsible to pay the Sellers the difference after closing.  The Trustee knows that the Debtor, and not Diab, paid Granite its escrow fee of $3,000.00 and that the Debtor paid the remaining balance owed to Bayrooti for the purchase of the stock.  The Trustee is investigating the source of the funds escrowed with Granite that was ultimately disbursed to the Sellers.

The Debtor is not a party to the Agreement.  Counsel for the Trustee has contacted Granite who advised it would require a subpoena to produce any information related to the Agreement or the escrowed funds.  Granite has stated it could gather the documents in approximately two weeks.  The Trustee is investigating the Agreement and the funds escrowed pursuant to the Agreement to determine if the estate has any causes of action related to these transactions.  Because there is no adversary proceeding or contested matter in which this discovery would be appropriate, the Trustee may not proceed under Fed. R. Bankr. P. 7030 or 9014.

As set forth in the attached declaration of Tyler Powell ("Powell Decl."), pursuant to L.B.R. 2004-1(a), counsel for the Trustee has contacted Granite regarding the Transaction.  Granite advised that it would require a subpoena to produce any information and that it could produce the requested documents before the end of the month.  Per the California Secretary of State, Granite may be served with process directed to its COO, Barry Sender at 450 Newport Center Drive, Suite 600, Newport Beach, CA 92660.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Powell Declaration, the attached exhibit(s), and the pleadings and records

1   on file in case, of which the Court is requested to take judicial notice.

2       **PLEASE TAKE NOTICE** that, pursuant to Local Rule 2004-1(f):

3       The party whose examination is requested may file a motion for
        protective order if grounds exist under FRBP 7026 and F.R.Civ. P.
4       26(c).  A motion for protective order must be filed and served not less
        than 14 days before the date of the examination, and set for hearing
5       not less than 2 days before the scheduled examination, unless an order
        shortening time is granted by the court pursuant to LBR 9075-1.
6

7       Any motion for a protective order must be filed with the Court and served on the Trustee,

8   the Court, and the Office of the United States Trustee as follows:

9

10  **For Service on the U.S. Trustee**          **For Service on the Court**

11  Office of the U.S. Trustee                   Hon. Scott C. Clarkson
    Ronald Reagan Federal Building               411 W. Fourth Street
12  411 West Fourth Street, Suite 7160           Santa Ana, California 92701
    Santa Ana, CA 92701-8000
13
    **For Service on the Trustee**
14

15  Yosina M. Lissebeck, Esq.
    Dinsmore & Shohl LLP
16  655 W. Broadway Suite 800
    San Diego, California 92101

17      **PLEASE TAKE FURTHER NOTICE** that the Trustee files this Motion without prejudice

18  to his right to seek further examination of or production of documents by Granite and others under

19  Rule 2004 and Local Rule 2004-1.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 9013-1(p)(3) the Court may grant this Motion without a hearing.  Moreover, the failure to timely file and serve a motion for a protective order and to timely set it for hearing in accordance with the Local Bankruptcy Rules may be regarded by the Court as consent to the Motion and a waiver of any basis for a protective order.

Dated: March 15, 2024                     DINSMORE & SHOHL LLP

                                          By:    */s/ Tyler Powell*
                                                 Tyler Powell
                                                 Yosina M. Lissebeck
                                                 Christopher Celentino
                                                 Special Counsel to Richard A. Marshack,
                                                 Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Richard A. Marshack, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), submits this Memorandum of Points and Authorities, through his undersigned counsel, in support of his motion (the "Motion") for an order under Rule of Bankruptcy Procedure 2004 ("Rule 2004") and Local Bankruptcy Rule 2004-1 ("Local Rule 2004") requiring the production by Granite Escrow and Settlement Services ("Granite") of the documents described in **Exhibit "1"** to the subpoena attached hereto as **Exhibit A** along with an affidavit or declaration under penalty of perjury attesting to compliance with the subpoena.

## II.     STATEMENT OF FACTS

On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].  Since his appointment, the Trustee has served in this capacity and has started his investigation of the Debtor's pre-petition business and transactions.  Upon information and belief, Tony Diab agreed to buy out the other shareholders in B.A.T., Inc. dba Coast Processing ("BAT").  The Debtor was not a shareholder in BAT, but upon information and belief, Diab frequently used the assets of the Debtor to pay his personal expenses and obligations.  Diab and the other shareholders in BAT signed an Escrow Agreement with Granite (Escrow No. 450-1310-BW) ("Agreement") to govern the collection and disbursement of funds to the other shareholders in BAT.  The Trustee is trying to determine the source of the funds paid into escrow at Granite that was ultimately disbursed to the non-Diab shareholders in BAT.

## III.    RULE 2004 AUTHORIZES PRODUCTION OF DOCUMENTS

The Trustee seeks to determine if the funds paid into escrow at Granite came from or were paid from the assets of the Debtor.  The Trustee cannot complete his investigation of the funds Granite

1    disbursed to the shareholders in BAT without knowing the source of the funds paid to Granite.  The

2    Trustee requests production of documents from Granite regarding this transaction and the source of

3    funds escrowed at Granite.

4            **IV.    THE REQUESTED RULE 2004 ORDER SHOULD BE GRANTED**

5            Rule 2004(a) provides as follows: "On motion of any party in interest, the court may order the

6    examination of any entity."  Rule 2004(b) provides that a Rule 2004 examination "may relate only to

7    the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter

8    which may affect the administration of the debtor's estate . . ."  "[I]t is well-settled that Rule 2004

9    discovery enjoys a broad scope, regardless of any background state law issues."  *Dynamic Finance*

10   *Corp. v. Kipperman (In re North Plaza)*, 395 B.R. 113, 122 (S.D. Cal. 2008).  "The scope of a Rule

11   2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'"  *In*

12   *re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

13           **A.    The Trustee Has Met and Conferred**

14           Pursuant to Local Rule 2004-1(A), on or about March 8, 2024, counsel for the Trustee

15   telephoned Granite and asked if a subpoena would be required to provide documents related to the

16   Agreement and the source of funds paid to Granite.  Granite advised that a subpoena would be

17   required to produce any documents related to the Agreement and that they could gather the requested

18   documents in roughly two weeks.  The Trustee has prepared this Motion consistent with this

19   conversation.  See, Powell Decl**.**, ¶¶ 3, 4 & 5**.**

20           **B.    No Adversary Proceeding or Contested Matter**

21           The Trustee cannot obtain the information sought by the requested Rule 2004 production of

22   documents and examination under Fed. R. Bankr. P. 7030 or 9014 because the Trustee is not a party

23   to any pending adversary proceeding where the Rule 2004 production would be relevant.  Powell

24   Decl., ¶ 6.

25           **C.    Granite's Contact Information**

26           According the California Secretary of State, the service address for Granite is 450 Newport

27   Center Drive, Suite 600, Newport Beach, CA 92660.

28   / / /

**CONCLUSION**

For the reasons set forth above, the Court is respectfully requested to grant the Motion and enter an order providing that:

1.    **Upon service of a subpoena on Granite, it shall produce for inspection and copying by the Trustee the documents and things described in Exhibit "1" to the attached subpoena (the "Documents") and an affidavit or declaration under penalty of perjury attesting to compliance with the subpoena.  The Documents shall be produced at or before 10:00 a.m. on March 29, 2024 at the offices of Dinsmore & Shohl LLP located at 655 W. Broadway Suite 800, San Diego, California 92101, Attn: Yosina M. Lissebeck.**

2.    **The Trustee is authorized to issue a subpoena as necessary to compel such document production and examination.**

3.    **If Granite withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, such entity shall prepare a privilege log in accordance with the "Instructions" in Exhibit "1" to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e. Yosina M. Lissebeck, 655 W. Broadway Suite 800, San Diego, California 92101).**

4.    **Such other and further relief as the Court deems just and proper is granted.**


Dated: March 15, 2024                    DINSMORE & SHOHL LLP

                                         By: ___*/s/ Tyler Powell*_____
                                             Tyler Powell
                                             Yosina M. Lissebeck
                                             Christopher Celentino
                                             Special Counsel to Richard A. Marshack,
                                             Chapter 11 Trustee

### <u>DECLARATION OF TYLER POWELL</u>

I, Tyler Powell, declare as follows:

1.      I am an attorney in the bankruptcy practice group at Dinsmore & Shohl LLP ("Dinsmore" or the "Firm"), special counsel to Richard A. Marshack, Chapter 11 trustee (the "Trustee") for The Litigation Practice Group, P.C. (the "Debtor" or "LPG") in the above-captioned bankruptcy case (the "Case").  I am one of the attorneys at Dinsmore that represent the Trustee.  I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto.  Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the pleading to which this declaration is attached.

2.      The Court may take judicial notice of the following:

(a)      On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

(b)      On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].  Since his appointment, the Trustee has served in this capacity and has started his investigation of the Debtor's pre-petition business and transactions.

3.      In reviewing the documents and records of the Debtor, the Trustee has reviewed a stock purchase agreement governing Tony Diab's purchase of the stock in B.A.T., Inc. dba Coast Processing ("BAT") from three other shareholders.  The purchase price for the shares in BAT was to be paid into escrow at Granite Escrow and Settlement Services ("Granite") and then disbursed to the non-Diab shareholders in BAT pursuant to Escrow Agreement No. 450-1310-BW ("Agreement").

4.      The Trustee assumes the Debtor was the source of the funds paid to Granite to be disbursed to the non-Diab shareholders based on prior actions of Mr. Diab.  The undersigned counsel for the Trustee contacted Granite on March 8, 2024 to see if they would provide this information without a subpoena, and Granite stated that they would need a subpoena before they could produce

any documents.  Granite also advised that it could gather the requested documents fairly quickly and could provide them by the end of the March.

5.     If the funds paid to Granite came from the Debtor or its assets, the Trustee may be able to pursue claims to recover the funds paid out to the non-Diab shareholders of BAT.

6.     To the best of my knowledge information and belief, the Trustee is not a party to any adversary proceeding or contested matter in which the discovery sought by the attached Rule 2004 motion would be relevant.

7.     Based on information filed with the California Secretary of State, Granite's address for service of process is 450 Newport Center Drive, Suite 600, Newport Beach, CA 92660.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 15, 2024                          _____/s/ Tyler Powell_____
                                                                       Tyler Powell

Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**Central** District of **California**

In re **The Litigation Practice Group, PC**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **8:23-bk-10571**

Chapter **11**

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Granite Escrow and Settlement Services, 450 Newport Center Drive, Suite 600, Newport Beach, CA 92660.**
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| 655 West Broadway, Suite 800, San Diego, CA 92101 | 03/29/24       10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Trustee Richard A. Marshack** , who issues or requests this subpoena, are:
**Yosina Lissebeck, Esq. 655 West Broadway, Suite 800, San Diego, CA 92101 yosina.lissebeck@dinsmore.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### EXHIBIT "1"

### To Subpoena for Production of Documents, Information, or Objects to Granite Escrow and Settlement Services

### INSTRUCTIONS

1.     In responding to this subpoena, furnish all documents in your possession, custody or control at the time of production, including documents in the possession, custody, or control of your agents, representatives and assigns.

2.     If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, please state the following:

     a.     The date(s) the document was created, sent and received;

     b.     The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said document;

     c.     A description of the document sufficient to identify it without reveal the information for which the privilege is claimed including the general subject matter and character of the document (e.g., letter, memorandum, notes);

     d.     The location of the document;

     e.     The custodian of the document; and

     f.     Each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

3.     Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced.  That portion of the document for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

4.      Each document requested herein is requested to be produced in its entirety without deletion or excision (except as qualified by Instruction 2 above) regardless of whether you consider the entire document to be relevant or responsive to these requests.

5.      If any of these documents cannot be produced in full, then produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge or belief you have concerning the unproduced portion.

6.      The documents produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production.  Documents to be produced in the boxes, file folders, binders, or other containers in which the documents are found.  The title, labels, or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

7.      A search for responsive documents includes all Electronically Stored Information, including responsive emails and other documents found in the Responding Party's personal and/or business account(s).

## **<u>DEFINITIONS</u>**

For purposes of this Subpoena, the following definitions apply:

1.      As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

2.      As used herein, the term "any" includes the word "all," and vice versa; the singular includes the plural, and vice versa; and the past includes the present, and vice versa.

3.      As used herein, the term "ALL COMMUNICATIONS" means and refers to each and every COMMUNICATION known to YOU, and every such COMMUNICATION which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

4.      As used herein, the term "ALL DOCUMENTS" means and refers to each and every DOCUMENT known to YOU, and every such DOCUMENT which can be located or discovered

by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

5.      As used herein, "DEBTOR" means and refers to The Litigation Practice Group, PC, a chapter 11 debtor in Bankruptcy Case No. 8:23-10571 pending in the Central District of California.

6.      As used herein, "AGREEMENT" means and refers to Escrow Agreement and Instructions No. 450-1310-BW, as amended or modified.

7.      As used herein, the terms "DOCUMENT" and/or "DOCUMENTS" mean and refer to any and all documents, tangible things and/or property, of any kind, and all writings or recordings, as described in Rule 1001(1) of the  Rules of Evidence, including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and including without limitation TRANSACTION DOCUMENTS (as defined below), communications, e-mails, inquiries, discussions, conversations, negotiations, agreements, understanding, meetings, conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, telefax, cables, or other forms of interpersonal disclosure, whether oral or written, however transmitted, minutes, lists, agenda, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter office and intra office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, computer printouts, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications, changes and amendments of any of the foregoing, graphical or aural records or representations of any kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes, computer cards, computer programs, computer software, computer readable media, machine sensible media, electronically stored media, and any other form of stored information.

8.      As used herein, the terms "PERSON" and "PERSONS" mean and refer to any natural person, corporation, company, partnership, association, firm, business, trust, or any other legal or fictitious entity.

9.      As used herein, the terms "TRANSACTION" or "TRANSACTION DOCUMENTS" mean any information or Documents that evidence the payment of funds to and collection of funds by Granite and Granite's subsequent disbursement of funds from Granite to Arash Asante Bayrooti, Brian Reale, and/or Mario Azevedo.

10.      As used herein, the terms "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING," "REFERRING TO" and "REFLECTING" mean, without limitation, bearing a subject matter relationship to, embodying, discussing, constituting evidence of, bearing a relationship to (in whole or in part), pertaining, or otherwise reflecting, describing, or setting forth the subject matter to which reference is made.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>** All Documents or Communications related to the Agreement, including any amendments or revisions thereto, covering a period of time from January 1, 2021 to the present.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>** To the extent not previously produced, please produce any and all Documents and Communications related to Your receipt of any funds related to the Agreement, including but not limited to those Documents that would identify the party that paid such funds to You.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>** To the extent not previously produced, please produce any and all Documents and Communications related to Your contacts with and payments to any party identified in the Agreement.

**EXHIBIT "1"**

**To Subpoena for Production of Documents, Information, or Objects to Granite Escrow and Settlement Services**

**INSTRUCTIONS**

1.     In responding to this subpoena, furnish all documents in your possession, custody or control at the time of production, including documents in the possession, custody, or control of your agents, representatives and assigns.

2.     If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, please state the following:

     a.     The date(s) the document was created, sent and received;

     b.     The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said document;

     c.     A description of the document sufficient to identify it without reveal the information for which the privilege is claimed including the general subject matter and character of the document (e.g., letter, memorandum, notes);

     d.     The location of the document;

     e.     The custodian of the document; and

     f.     Each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

3.     Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced.  That portion of the document for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

4.     Each document requested herein is requested to be produced in its entirety without deletion or excision (except as qualified by Instruction 2 above) regardless of whether you consider the entire document to be relevant or responsive to these requests.

5.      If any of these documents cannot be produced in full, then produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge or belief you have concerning the unproduced portion.

6.      The documents produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production.  Documents to be produced in the boxes, file folders, binders, or other containers in which the documents are found.  The title, labels, or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

7.      A search for responsive documents includes all Electronically Stored Information, including responsive emails and other documents found in the Responding Party's personal and/or business account(s).

## DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1.      As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

2.      As used herein, the term "any" includes the word "all," and vice versa; the singular includes the plural, and vice versa; and the past includes the present, and vice versa.

3.      As used herein, the term "ALL COMMUNICATIONS" means and refers to each and every COMMUNICATION known to YOU, and every such COMMUNICATION which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

4.      As used herein, the term "ALL DOCUMENTS" means and refers to each and every DOCUMENT known to YOU, and every such DOCUMENT which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

5.      As used herein, "DEBTOR" means and refers to The Litigation Practice Group, PC, a chapter 11 debtor in Bankruptcy Case No. 8:23-10571 pending in the Central District of California.

6.      As used herein, "AGREEMENT" means and refers to Escrow Agreement and

1  Instructions No. 450-1310-BW, as amended or modified.

2       7.    As used herein, the terms "DOCUMENT" and/or "DOCUMENTS" mean and refer to

3  any and all documents, tangible things and/or property, of any kind, and all writings or recordings, as

4  described in Rule 1001(1) of the  Rules of Evidence, including originals and non-identical copies,

5  whether different from the originals by reason of any notation made on such copies or otherwise, and

6  including without limitation TRANSACTION DOCUMENTS (as defined below), communications,

7  e-mails, inquiries, discussions, conversations, negotiations, agreements, understanding, meetings,

8  conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters,

9  telegrams, telex, telefax, cables, or other forms of interpersonal disclosure, whether oral or written,

10  however transmitted, minutes, lists, agenda, contracts, reports, studies, checks, statements, receipts,

11  returns, summaries, pamphlets, books, inter office and intra office communications, notations of any

12  sort of conversations, telephone calls, meetings, or other communications, bulletins, computer

13  printouts, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications,

14  changes and amendments of any of the foregoing, graphical or aural records or representations of any

15  kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records,

16  motion pictures, and electronic, mechanical, or electrical records or representations of any kind,

17  including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes,

18  computer cards, computer programs, computer software, computer readable media, machine sensible

19  media, electronically stored media, and any other form of stored information.

20       8.    As used herein, the terms "PERSON" and "PERSONS" mean and refer to any natural

21  person, corporation, company, partnership, association, firm, business, trust, or any other legal or

22  fictitious entity.

23       9.    As used herein, the terms "TRANSACTION" or "TRANSACTION DOCUMENTS"

24  mean any information or Documents that evidence the payment of funds to and collection of funds

25  by Granite and Granite's subsequent disbursement of funds from Granite to Arash Asante Bayrooti,

26  Brian Reale, and/or Mario Azevedo.

27       10.    As used herein, the terms "RELATED TO," "RELATING TO," "IN RELATION

28  TO," "REGARDING," "REFERRING TO" and "REFLECTING" mean, without limitation, bearing

1  a  subject  matter  relationship  to,  embodying,  discussing,  constituting  evidence  of,  bearing  a

2  relationship to (in whole or in part), pertaining, or otherwise reflecting, describing, or setting forth

3  the subject matter to which reference is made.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents or Communications related to the Agreement, including any amendments or revisions thereto, covering a period of time from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 2:** To the extent not previously produced, please produce any and all Documents and Communications related to Your receipt of any funds related to the Agreement, including but not limited to those Documents that would identify the party that paid such funds to You.

**REQUEST FOR PRODUCTION NO. 3:** To the extent not previously produced, please produce any and all Documents and Communications related to Your contacts with and payments to any party identified in the Agreement.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER REQUIRING THE PRODUCTION OF DOCUMENTS BY THE CUSTODIAN OF RECORDS OF GRANITE ESCROW AND SETTLEMENT SERVICES; DECLARATION OF TYLER POWELL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 15, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Bradford Barnhardt<br>on behalf of Interested Party Courtesy NEF | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Bradford Barnhardt<br>on behalf of Trustee Richard A. Marshack (TR) | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On <u>March 15, 2024,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debt Validation Fund II, LLC
5075 Lower Valley Road
Atglen, PA 19310

MC DVI Fund 1, LLC; MC
DVI Fund 2, LLC
598 Cottonwood Dr.,
Glenview, IL 60026

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>March 15, 2024,</u> I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| March 15, 2024 | Angelica Urena | /s/ Angelica Urena |
|---|---|---|
| Date | Printed Name | Signature |

**1.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | |
|---|---|
| Eric Bensamochan<br>on behalf of Creditor Affirma, LLC | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Eric Bensamochan<br>on behalf of Creditor Oxford Knox, LLC | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Eric Bensamochan<br>on behalf of Interested Party Eric Bensamochan | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Peter W Bowie<br>on behalf of Trustee Richard A Marshack (TR) | peter.bowie@dinsmore.com<br>caron.burke@dinsmore.com |
| Ronald K Brown<br>on behalf of Creditor SDCO Tustin Executive Center, Inc. | ron@rkbrownlaw.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Shawn M Christianson<br>on behalf of Interested Party Courtesy NEF | cmcintire@buchalter.com<br>schristianson@buchalter.com |
| Randall Baldwin Clark<br>on behalf of Interested Party Randall Baldwin Clark | rbc@randallbclark.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Aaron E. DE Leest<br>on behalf of Interested Party Courtesy NEF | adeleest@danninggill.com<br>danninggill@gmail.com<br>adeleest@ecf.inforuptcy.com |
| Anthony Paul Diehl<br>on behalf of Interested Party Courtesy NEF | anthony@apdlaw.net<br>Diehl.AnthonyB112492@notifybestcase.com<br>ecf@apdlaw.net |
| Jenny L Doling<br>on behalf of Interested Party INTERESTED PARTY | jd@jdl.law<br>dolingjr92080@notify.bestcase.com<br>15994@notices.nextchapterbk.com<br>jdoling@jubileebk.net |
| Jenny L Doling<br>on behalf of Interested Party National Association of<br>Consumer Bankruptcy Attorneys | jd@jdl.law<br>dolingjr92080@notify.bestcase.com<br>15994@notices.nextchapterbk.com<br>jdoling@jubileebk.net |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 17                          **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Jenny L Doling<br>on behalf of Interested Party National Consumer<br>Bankruptcy Rights Center | jd@jdl.law<br>dolingjr92080@notify.bestcase.com<br>15994@notices.nextchapterbk.com<br>jdoling@jubileebk.net |
| Daniel A Edelman<br>on behalf of Creditor Carolyn Beech | dedelman@edcombs.com<br>courtecl@edcombs.com |
| Meredith Fahn<br>on behalf of Creditor Meredith Fahn | fahn@sbcglobal.net |
| William P Fennell<br>on behalf of Creditor Validation Partners LLC | william.fennell@fennelllaw.com<br>luralene.schultz@fennelllaw.com<br>wpf@ecf.courtdrive.com<br>hala.hammi@fennelllaw.com<br>naomi.cwalinski@fennelllaw.com<br>samantha.larimer@fennelllaw.com |
| Marc C Forsythe<br>on behalf of Defendant Clear Vision Financial LLC | mforsythe@goeforlaw.com<br>mforsythe@goeforlaw.com<br>dcyrankowski@goeforlaw.com |
| Marc C Forsythe<br>on behalf of Defendant Perfect Financial, LLC | mforsythe@goeforlaw.com<br>mforsythe@goeforlaw.com<br>dcyrankowski@goeforlaw.com |
| Marc C Forsythe<br>on behalf of Defendant Point Break Holdings LLC | mforsythe@goeforlaw.com<br>mforsythe@goeforlaw.com<br>dcyrankowski@goeforlaw.com |
| Jeremy Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Eric Gassman<br>on behalf of Creditor Herret Credit | erg@gassmanlawgroup.com<br>gasman.ericb112993@notifybestcase.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>angelica.urena@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Amy Lynn Ginsburg<br>on behalf of Creditor Amy Ginsbug | efilings@ginsburglawgroup.com |
| Amy Lynn Ginsburg<br>on behalf of Creditor Kenton Cobb | efilings@ginsburglawgroup.com |
| Amy Lynn Ginsburg<br>on behalf of Creditor Shannon Bellfield | efilings@ginsburglawgroup.com |
| Eric D. Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Jeffrey I Golden<br>on behalf of Creditor Affirma, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Jeffrey I Golden<br>on behalf of Creditor Anaheim Arena Management, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden<br>on behalf of Creditor Anaheim Ducks Hockey Club, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden<br>on behalf of Creditor Oxford Knox, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden<br>on behalf of Interested Party Courtesy NEF | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| David M Goodrich<br>on behalf of Creditor United Partnerships, LLC | dgoodrich@go2.law<br>kadele@go2.law<br>dfitzgerald@go2.law<br>wggllp@ecf.courtdrive.com |
| David M Goodrich<br>on behalf of Interested Party Courtesy NEF | dgoodrich@go2.law<br>kadele@go2.law<br>dfitzgerald@go2.law<br>wggllp@ecf.courtdrive.com |
| D Edward Hays<br><br>on behalf of Creditor Committee Committee of Unsecured Creditors | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| D Edward Hays<br>on behalf of Interested Party Courtesy NEF | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                             Page 19                          **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| D Edward Hays<br>on behalf of Interested Party Courtesy NEF | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| D Edward Hays<br>on behalf of Trustee Richard A Marshack (TR) | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| Alan Craig Hochheiser<br>on behalf of Creditor City Capital NY | ahochheiser@mauricewutscher.com<br>arodriguez@mauricewutscher.com |
| Garrick A Hollander<br>on behalf of Creditor Debt Validation Fund II, LLC | ghollander@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Garrick A Hollander<br>on behalf of Creditor MC DVI Fund 1, LLC | ghollander@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Garrick A Hollander<br>on behalf of Creditor MC DVI Fund 2, LLC | ghollander@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Brian L Holman<br>on behalf of Creditor Sharp Electronics Corporation | b.holman@musickpeeler.com |
| Richard L. Hyde<br>on behalf of Interested Party Courtesy NEF | richard@amintalati.com |
| Peter L Isola<br>on behalf of Interested Party Merchants Credit<br>Corporation | pisola@hinshawlaw.com<br>lnystrom@hinshawlaw.com |
| Razmig Izakelian<br>on behalf of Counter-Defendant OHP-CDR, LP | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Counter-Defendant PurchaseCo 80, LLC | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Creditor OHP-CDR, LP | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Plaintiff OHP-CDR, LP | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Plaintiff PurchaseCo 80, LLC | razmigizakelian@quinnemanuel.com |
| Sara Johnston<br>on behalf of Trustee Richard A. Marshack (TR) | sara.johnston@dinsmore.com |
| Sweeney Kelly<br>on behalf of Defendant Fidelity National Information<br>Services, Inc. | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Fidelity National Information<br>Services, Inc. dba FIS | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay Group | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| Joon M Khang<br>on behalf of Attorney Khang & Khang LLP | joon@khanglaw.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                         Page 20                              **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Joon M Khang<br>on behalf of Debtor The Litigation Practice Group P.C. | joon@khanglaw.com |
| Ira David Kharasch<br>on behalf of Interested Party Ad Hoc Consumer<br>Claimants Committee | ikharasch@pszjlaw.com |
| Ira David Kharasch<br>on behalf of Interested Party Courtesy NEF | ikharasch@pszjlaw.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Nicholas A Koffroth<br>on behalf of Creditor Committee of Unsecured Creditors | nkoffroth@foxrothschild.com<br>khoang@foxrothschild.com |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | david.kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| David S Kupetz<br>on behalf of Interested Party Courtesy NEF | david.kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Christopher J Langley<br>on behalf of Interested Party Courtesy NEF | chris@slclawoffice.com<br>omar@slclawoffice.com<br>langleycr75251@notify.bestcase.com<br>ecf123@casedriver.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a<br>Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, P.C. | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Consumer Legal Group,<br>P.C. | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Liberty Acquisitions Group<br>Inc. | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Britteny Leyva<br>on behalf of Interested Party Revolv3, Inc. | bleyva@mayerbrown.com<br>2396393420@filings.docketbird.com<br>KAWhite@mayerbrown.com<br>ladocket@mayerbrown.com |
| Marc A Lieberman<br>on behalf of Defendant JGW Solutions, LLC | marc.lieberman@flpllp.com<br>safa.saleem@flpllp.com<br>addy@flpllp.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        Page 21                                **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Marc A Lieberman<br>on behalf of Interested Party Courtesy NEF | marc.lieberman@flpllp.com<br>safa.saleem@flpllp.com<br>addy@flpllp.com |
| Michael D Lieberman<br>on behalf of Creditor Phillip A. Greenblatt, PLLC | mlieberman@lipsonneilson.com |
| Yosina M Lissebeck<br>on behalf of Counter-Claimant Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Yosina M Lissebeck<br>on behalf of Defendant Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Yosina M Lissebeck<br>on behalf of Trustee Richard A Marshack (TR) | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Mitchell B Ludwig<br>on behalf of Creditor Fundura Capital Group | mbl@kpclegal.com<br>kad@kpclegal.com |
| Mitchell B Ludwig<br>on behalf of Defendant Bridge Funding Cap, LLC | mbl@kpclegal.com<br>kad@kpclegal.com |
| Daniel S March<br>on behalf of Defendant Daniel S March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P March<br>on behalf of Creditor Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Creditor Han Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Creditor Phuong (Jayde) Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Defendant Han Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Defendant Jayde Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Mark J Markus<br>on behalf of Creditor David Orr | bklawr@bklaw.com<br>markjmarkus@gmail.com<br>markus.markj.r112926@notify.bestcase.com |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Interested Party Courtesy NEF | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Interested Party Courtesy NEF | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Interested Party Richard A. Marshack | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 22    **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Laila Masud<br>on behalf of Plaintiff Richard Marshack | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Trustee Richard A. Marshack (TR) | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Sarah S. Mattingly<br>on behalf of Plaintiff Richard A Marshack, Chapter 11<br>Trustee | sarah.mattingly@dinsmore.com |
| Sarah S. Mattingly<br>on behalf of Plaintiff Richard A. Marshack | sarah.mattingly@dinsmore.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| William McCormick<br>on behalf of Creditor TN Dept of Revenue | Bill.McCormick@ag.tn.gov |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Byron Z Moldo<br>on behalf of Interested Party Byron Moldo | bmoldo@ecjlaw.com<br>amatsuoka@ecjlaw.com<br>dperez@ecjlaw.com |
| Glenn D. Moses<br>on behalf of Creditor ADP, Inc. | gmoses@venable.com<br>cascavone@venable.com<br>ipmalcolm@venable.com<br>jadelgado@venable.com |
| Jamie D Mottola<br>on behalf of Plaintiff Richard A. Marshack, Chapter 11<br>Trustee | Jamie.Mottola@dinsmore.com<br>jhanawalt@ecf.inforuptcy.com |
| Alan I Nahmias<br>on behalf of Interested Party Courtesy NEF | anahmias@mbn.law<br>jdale@mbn.law |
| Victoria Newmark<br>on behalf of Interested Party Courtesy NEF | vnewmark@pszjlaw.com |
| Jacob Newsum-Bothamley<br>on behalf of Plaintiff Richard A. Marshack | jacob.bothamley@dinsmore.com<br>angelica.urena@dinsmore.com<br>deamira.romo@dinsmore.com |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Israel Orozco<br>on behalf of Creditor Israel Israel Orozco | israel.iolawcorp.com |
| Keith C Owens<br>on behalf of Creditor Committee of Unsecured Creditors | kowens@foxrothschild.com<br>khoang@foxrothschild.com |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Michael R Pinkston<br>on behalf of Creditor Wells Marble and Hurst, PLLC | rpinkston@seyfarth.com<br>jmcdermott@seyfarth.com<br>sfocalendar@seyfarth.com<br>5314522420@filings.docketbird.com<br>bankruptcydocket@seyfarth.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Tyler Powell<br>on behalf of Plaintiff Richard A. Marshack | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   Page 23                          **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Tyler Powell<br>on behalf of Trustee Richard A. Marshack (TR) | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |
| Daniel H. Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H. Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N. Richards<br>on behalf of Defendant Consumer Legal Group, P.C. | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Ronald N. Richards<br>on behalf of Interested Party Courtesy NEF | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Vanessa Rodriguez<br>on behalf of Plaintiff Richard A. Marshack | vanessa.rodriguez@dinsmore.com<br>angelica.urena@dinsmore.com |
| Kevin Alan Rogers<br>on behalf of Creditor Wells Marble and Hurst, PLLC | krogers@wellsmar.com |
| Gregory M Salvato<br>on behalf of Creditor Mari Agape | gsalvato@salvatoboufadel.com<br>calendar@salvatolawoffices.com<br>jboufadel@salvatoboufadel.com<br>gsalvato@ecf.inforuptcy.com |
| Gregory M Salvato<br>on behalf of Interested Party Courtesy NEF | gsalvato@salvatoboufadel.com<br>calendar@salvatolawoffices.com<br>jboufadel@salvatoboufadel.com<br>gsalvato@ecf.inforuptcy.com |
| Olivia Scott<br>on behalf of Creditor Azzure Capital LLC | olivia.scott3@bclplaw.com |
| Olivia Scott<br>on behalf of Creditor Hi Bar Capital LLC | olivia.scott3@bclplaw.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Jonathan Serrano<br>on behalf of Trustee Richard A Marshack (TR) | jonathan.serrano@dinsmore.com |
| Maureen J Shanahan<br>on behalf of Creditor Randall Clark Attorney at Law PLLC | Mstotaro@aol.com |
| Paul R Shankman<br>on behalf of Attorney Paul R. Shankman | PShankman@fortislaw.com<br>info@fortislaw.com |
| Paul R Shankman<br>on behalf of Creditor United Partnerships, LLC | PShankman@fortislaw.com<br>info@fortislaw.com |
| Zev Shechtman<br>on behalf of Interested Party Danning Gill Israel &<br>Krasnoff LLP | zs@DanningGill.com<br>danninggill@gmail.com<br>zshechtman@ecf.inforuptcy.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@DanningGill.com<br>danninggill@gmail.com<br>zshechtman@ecf.inforuptcy.com |
| Leslie Skorheim<br>on behalf of U.S. Trustee United States Trustee (SA) | leslie.skorheim@usdoj.gov |
| Adam D. Stein-Sapir<br>on behalf of Creditor Pioneer Funding Group, LLC | info@pfllc.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Andrew Still<br>on behalf of Creditor Alteryx, Inc. | astill@swlaw.com<br>kcollins@swlaw.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| Michael R Totaro<br>on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC | Ocbkatty@aol.com |
| Michael R Totaro<br>on behalf of Interested Party Randall Baldwin Clark | Ocbkatty@aol.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Sharon Z. Weiss<br>on behalf of Creditor Azzure Capital LLC | sharon.weiss@bclplaw.com<br>raul.morales@bclplaw.com<br>REC_KM_ECF_SMO@bclplaw.com |
| Sharon Z. Weiss<br>on behalf of Creditor Hi Bar Capital LLC | sharon.weiss@bclplaw.com<br>raul.morales@bclplaw.com<br>REC_KM_ECF_SMO@bclplaw.com |
| Sharon Z. Weiss<br>on behalf of Defendant Azzure Capital LLC | sharon.weiss@bclplaw.com<br>raul.morales@bclplaw.com<br>REC_KM_ECF_SMO@bclplaw.com |
| Johnny White<br>on behalf of Creditor Debt Relief Group, LLC | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |
| Reina Zepeda<br>on behalf of Other Professional Omni Agent Solutions | rzepeda@omniagnt.com |

## 2.   SERVED BY UNITED STATES MAIL

**Creditors who have the 20 largest unsecured claims:**

| | |
|---|---|
| **Validation Partners LLC**<br>1300 Sawgrass Pkwy, Suite 110<br>Sunrise, FL 33323 | **Marich Bein LLC**<br>99Wall Street, Suite 2669<br>New York, NY 10005 |
| **Business Centers of America**<br>1100 Sir Francis Drake Blvd., Suite 1<br>Kentfield, CA 94904 | **JP Morgan Chase**<br>3 Park Plaza, Suite 900<br>Irvine, CA 92614 |
| **CA Franchise Tax Board**<br>PO Box 942857<br>Sacramento, CA 94257-0511 | **Outsource Accelerator Ltd**<br>City Marque Limited<br>Unit 8801-2 Bldg. 244-248<br>Des VoeuxRd.<br>Central Hong Kong |
| **Collaboration Advisors**<br>400 Dorla Court<br>Zephyr Cove, NV 89448 | **Anthem Blue Cross**<br>PO Box 511300<br>Los Angeles, CA 90051-7855 |
| **Azevedo Solutions Groups, Inc.**<br>420 Adobe Canyon Road<br>Kenwood, CA 95452 | **Debt Pay Pro**<br>1900 E Golf Road, Suite 550<br>Schaumburg, IL 60173 |
| **Sharp Business Systems**<br>8640 Argent St.<br>Santee, CA 92071 | **Tustin Executive Center**<br>1630 S. Sunkist Street, Suite A<br>Anaheim, CA 92806 |
| **Exela Enterprise Solutions** | **Netsuite-Oracle** |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          Page 25                                          **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| 2701 E. Grauwyler Road<br>Irving, TX 75061 | 2300 Oracle Way<br>Austin, TX 78741 |
| **Credit Reporting Service Inc.**<br>548 Market Street, Suite 72907<br>San Francisco, CA 94104-5401 | **Document Fulfillment Services**<br>2930 Ramona Ave. #100<br>Sacramento, CA 95826 |
| **Executive Center LLC**<br>5960 South Jones Blvd.<br>Las Vegas, NV 89118 | **LexisNexus**<br>15500 B Rockfield Blvd.<br>Irvine, CA 92618 |

**Secured Creditors:**

**Diverse Capital LLC**
323 Sunny Isles Blvd., Suite 503
Sunny Isles, FL 33154

**City Capital NY**
1135 Kane Concourse
Bay Harbour Islands, FL 33154

**Counsel for secured creditor Fundura Capital Group**
Mitchell B. Ludwig
Knapp, Petersen & Clarke
550 North Brand Blvd., Suite 1500
Glendale, CA 91203

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.