**ADDENDUM TO MONTHLY OPERATING REPORT**

**In re The Litigation Practice Group, P.C.**

**Bankruptcy Case No. 8:23-bk-10571-SC**

**Month Ending 2/29/2024**

Due to a lack of cooperation by Debtor's principals, Trustee is not able to definitively answer all questions set forth in the monthly operating report. Due to the fact that the form cannot be electronically submitted without a response to each and every question, Trustee has responded with either a "$0" or "no" for the questions to which he does not possess the information and elaborates on such answers with the following explanations and additional information:

| Question | Trustee's Explanation |
|---|---|
| Debtor's Full-Time Employees (current) | As of August 2023, all employees providing services to Debtor's clients and former clients were terminated. Prior to bankruptcy, Debtor transferred all of its legal services agreements to one or more law firms. Trustee avoided and recovered the transfers made to Phoenix Law. The employees servicing the files were employees of Maverick and Phoenix had an agreement to reimburse Maverick. In short, Trustee did not have actual employees. |
| Debtor's Full-Time Employees (as of date of order for relief) | Trustee does not have this information and it was not provided by the Debtor. |
| **Supporting Documentation section**[1] | |
| Statement of cash receipts and disbursements | Form 2 is attached. |
| Balance Sheet containing the summary and detail of the assets, liabilities, and equity (net worth) or deficit | Form 2 is attached. |

---

[1] As mentioned above with respect to employees, and alleged in the Adversary Proceeding, pre-petition, substantially all of Debtor's assets were also fraudulently conveyed to transferees and fraudulent conveyance partners such as Phoenix Law, Greyson Law Center, PrimeLogix, Maverick, and others. Perhaps this scheme explains why Debtor and its principals have refused to turn over the documents sought pursuant to this supporting documentation section. Upon the service of the TRO and PI, Trustee learned that all revenue formerly of LPG was, prior to the Trustee's appointment, being siphoned from LPG to go to these other entities; Mr. Diab testified as much at the hearing on the Preliminary Injunction. Trustee's Special Litigation Counsel is in the process of finalizing and serving subpoenas on all financial institutions and third parties that appear to have been engaged in or recipients of monies believed to belong to LPG that appear to have been siphoned and used for other purposes.

| | |
|---|---|
| Statement of operations (profit or loss statement) | Form 2 is attached. |
| Accounts receivable aging | The most recent status report received from Morning Law Group states that as of March 1, 2024, the Estate's estimated share of client receivables is $5,199,555.93 subject to any adjustments per the Purchase Agreement.  Form 2 is attached reflecting any funds received by Trustee and source of funds. |
| Post-petition liabilities aging | Trustee does not have any post-petition liabilities other than accrued professional fees and quarterly fees owed to the U.S. Trustee which are listed under Part 2, Line f. An administrative claims bar date was set. Prior to the deadline, various motions asserting administrative claims were filed. Trustee is reviewing the motions to determine if he will oppose any. |
| Statement of capital assets | Trustee does not have any additional information other than the information provided in the attached Form 2. |
| Schedule of payments to professionals | See attached schedule.  The accrued fees, less any payments, for professionals are included under Part 2, Line f. |
| Schedule of payments to insiders | Trustee does not have this information and no payments to insiders have been made after he was appointed. |
| All bank statements and bank reconciliations for the reporting period | Trustee has not received additional bank statements for the Debtor. All of Trustee's transactions are reported on Form 2. |
| Description of the assets sold or transferred and the terms of the sale or transfer | No assets were sold or transferred in the month of February  2024. |
| | |
| Part 2, a | The most recent status report received from Morning Law Group states that as of March 1, 2024, the Estate's estimated share of client receivables is $5,199,555.93 subject to any adjustments per the Purchase Agreement.  Form 2 is attached reflecting any funds received by Trustee and source of funds. |
| Part 2, b | Trustee is not aware of any outstanding A/R, other than the client receivables listed in Part 2a. Form 2 is attached reflecting any funds received by Trustee and source of funds. |
| Part 2, c | Trustee does not have any information as to Inventory. Form 2 is attached reflecting any information that the Trustee is aware of. |

| | |
|---|---|
| Part 2, d | Trustee does not have any information as to Current Assets other than the client receivables information provided in Part 2a and Trustee's Form 2. Form 2 is attached reflecting any information that the Trustee is aware of. |
| Part 2, f | Trustee does not have any post-petition liabilities other than those referenced herein including accrued professional fees and quarterly fees owed to the U.S. Trustee which are listed here and the outstanding Super Priority Loans. |
| Part 2, g | Trustee does not have any post-petition liabilities other than accrued professional fees and quarterly fees owed to the U.S. Trustee which are listed here. Nothing is past due. If any motions for allowed administrative expenses are granted, Trustee will include such allowed amounts on subsequent reports. |
| Part 2, h | Trustee has paid any payroll tax liabilities since his appointment. |
| Part 2, i | Trustee has paid any payroll tax liabilities since his appointment. |
| Part 2, k | The only information Trustee is in possession of is what was listed in the schedules filed under docket no. 33 on April 4, 2023, Schedule D, Part 1, #3. The QuickBooks records only contain data through January 5, 2022, and do not identify which liabilities are secured vs. unsecured. The only other information the Trustee has is from the claims filed by creditors. |
| Part 2, l | The only information Trustee is in possession of is what was listed in the schedules filed under docket no. 33 on April 4, 2023, Schedule E/F, Part 4, #5a. The QuickBooks records only contain data through January 5, 2022, and list a total of $58,332.21 in tax liabilities. The only other information the Trustee has is from the claims filed by creditors. |
| Part 2, m | The only information the Trustee is in possession of is what was listed in the schedules filed under docket no. 33 on April 4, 2023, Schedule E/F, Part 4, #5b.  The only other information the Trustee has is from the claims filed by creditors. |
| Part 3, a | The sale details are provided in the filing of Docket 416, highlighting the total sale of $5,500,000.00. No assets were sold in the month of February2024. |

| | |
|---|---|
| Part 3, b | No such payments were made in the month of February2024. |
| Part 4, a | Trustee does not have any income and expense information for the Debtor for February 2024.  All funds received and disbursed by the Trustee are listed on the attached Form 2. |
| Part 4, b | Trustee does not have any income and expense information for the Debtor for February 2024.  All funds received and disbursed by the Trustee are listed on the attached Form 2. |
| Part 4, d | Trustee does not have any income and expense information for the Debtor for February 2024.  All funds received and disbursed by the Trustee are listed on the attached Form 2. |
| Part 4, e | Trustee does not have any income and expense information for the Debtor for February 2024.  All funds received and disbursed by the Trustee are listed on the attached Form 2. |
| Part 4, f | Trustee does not have any income and expense information for the Debtor for February 2024.  All funds received and disbursed by the Trustee are listed on the attached Form 2. |
| Part 4, g | Trustee does not have any depreciation and/or amortization information for the month of February 2024. |
| Part 4, h | Trustee does not have any interest information for the month of February 2024 other than any information contained in claims filed by creditors. The Trustee has not yet commenced the claims review process. |
| Part 4, i | Trustee is not aware of any taxes incurred by the Debtor in the month of February 2024. |
| Part 4, j | Trustee has included accrued fees for professionals and U.S. Trustee quarterly fees in Part 2, Line f above as well |
| Part 4, k | Trustee does not have information as to any profit or loss for the Debtor for the month of February 2024. Any funds received or disbursed by the Trustee are included on the attached Form 2. |
| Part 5, a | Payments are listed as paid to date. |
| Part 5, b | Trustee has not made any payments to any non-bankruptcy professionals since his appointment on May 8, 2023. The accrued fees for professionals are listed under Part 2, Line f above. |

| Part 6, a | Trustee does not have any information as to income taxes accrued by the Debtor post-petition. |
|---|---|
| Part 6, b | Trustee does not have any information as to income taxes paid by the Debtor post-petition. Trustee has not made any such payments. |
| Part 6, c | Trustee has paid all post-petition employer payroll taxes. |
| Part 6, e | Trustee does not have any information as to post-petition property taxes paid by the Debtor. Trustee has not made any such payments. |
| Part 6, f | Trustee does not have any information as to other post-petition taxes accrued by the Debtor. Tax liabilities for the Estate incurred after the Trustee's appointment will not be determined until Trustee's accountants prepare tax returns for 2023. |
| Part 6, g | Trustee does not have any information as to other post-petition taxes paid by the Debtor. Tax liabilities for the Estate incurred after the Trustee's appointment will not be determined until Trustee's accountants prepare tax returns for 2023. |
| Part 7, g | Trustee secured post-petition financing. The Trustee filed motions seeking authorization to secure such post-petition financing. **No additional debt was incurred in February 2024.** |
| Part 7, h | The Court has approved payments to Nancy Rapoport (Monitor). Per the language of the *Order Approving Stipulation,* MLG is to pay the initial fees covering July through October 2023. The Estate is to resume payment of Monitor's fees beginning 11/01/2023 and continuing thereafter. |
| Part 7, i | As of August 2023, all employees that had been providing services in connection with the legal services agreements initially entered into by Debtor were terminated. |
| Part 8 | SECTION DOES NOT APPLY TO DEBTOR |