D. EDWARD HAYS, #162507
ehays@marshackhays.com
ALINA MAMLYUK, #284154
amamlyuk@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>TRUSTEE'S CHAPTER 11 STATUS REPORT<br><br>Date:    April 24, 2024<br>Time:    11:00 a.m.<br>Ctrm:    Courtroom 5C – Virtual[1]<br>        411 West Fourth Street<br>        Santa Ana, CA 92701 |

TO THE HONORABLE JUDGE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY

COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

      Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the bankruptcy

estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this Chapter

11 Status Report ("Status Report") in advance of the status conference to be held on April 24, 2024.

This Status Report addresses three main areas: the status of the Joint Plan proposed by Trustee and

---

[1] This hearing date is designated Zoom Only, pursuant to Judge Clarkson's self-calendaring procedures. Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at:  http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

the Official Committee of Unsecured Creditors, the status of secured creditor litigation, and the status of the multitude of pending motions for allowance of administrative claims.

## **PROPOSED JOINT PLAN**

On March 22, 2024, the Trustee and Committee filed the following pleadings:

1.    Proposed Joint Plan of Liquidation – Dk. No. 1057;

2.    Disclosure Statement – Dk. No. 1058;

3.    Motion for approval of Disclosure Statement, approving solicitation and voting procedures, approving notice and objection procedures for confirmation, setting related deadlines, and granting related relief ("Motion to Approve Disclosure Statement") – Dk. No. 1059; and

4.    Notice of hearing on Motion to Approve Disclosure Statement setting a hearing on May 15, 2024, at 1:30 p.m. – Dk. No. 1060.

The Plan is premised on the creation of a Liquidation Trust, which will succeed to all rights, interests, and property of the Debtor and Estate. The Committee has agreed that Richard A. Marshack shall serve as the Liquidation Trustee, subject to an Oversight Committee comprised of Committee members. The Liquidating Trustee will be tasked with, among other things, monetizing the Debtor's remaining Assets and making Distributions to Holders of Allowed General Unsecured Claims which are classified in Class 3.

On the Effective Date, the Trustee will pay all Effective Date payments to Holders of (i) Allowed Administrative Claims, (ii) Allowed Priority Claims. and (iii) Allowed Class 1 Secured Claims. After making such Effective Date payments, the Trustee shall transfer the remaining Estate Funds to the Liquidating Trust in the manner directed by the Liquidating Trustee.

The Effective Date will not occur until a number of conditions have been satisfied including entry of a final, non-appealable confirmation order and the Trustee having sufficient funds available in the Estate to pay claims that must be paid on the Effective Date including Allowed Administrative Claims and Allowed Priority Claims.

Once confirmed, the Plan will effectuate a transfer of the Estate Assets remaining after payment of the Effective Date payments (subject to allowed and disputed secured claims). The

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

Liquidating Trustee will then monetize such assets and make distributions to beneficiaries of the Liquidation Trust who are the unsecured creditors of the bankruptcy estate.

## ADMINISTRATIVE CLAIM MOTIONS

On October 16, 2023, as Dk. No. 577, the Court entered an Order setting a deadline by which holders of Non-Professional Administrative Claim(s) that arose prior to the August 4, 2023, closing of Trustee's sale of assets had to file motions for allowance of an Administrative Claim(s) pursuant to 11 U.S.C. § 503(b). A number of such motions were filed. This report summarizes the status of such motions:

**Dk. No. 647, filed by Judith Skiba**

Judith Skiba's ("Ms. Skiba") administrative claim has been resolved. On March 21, 2023, Trustee filed an opposition to Ms. Skiba's claim, opposing the claim in its entirety. Docket No. 1050. In a hearing on April 11, 2024, the Court denied Ms. Skiba's claim. Ms. Skiba's administrative expense claim has been resolved.

**Dk. No. 665, filed by ADP**

On March 20, 2024, Trustee filed a stipulation to modify the briefing schedule and continue hearing on ADP's claim so that the Trustee has time to review certain employee data that is critical to substantiating ADP's claim. Docket No. 1044. On March 21, the Court entered an order approving the stipulation to modify the briefing schedule and continue hearing on ADP's claim. Docket No. 1052. The hearing on the motion is now set for May 23, 2024.

**Dk. No. 671, filed by United Partnerships**

On April 4, 2024, Trustee filed a stipulation to modify the briefing schedule and continue hearing on United Partnership's ("UP") claim so that Trustee has time to review recent depositions and newly turned over documents related to UP's claim. Docket No. 1087. On April 5, the Court entered an order approving the stipulation to modify the briefing schedule and continue hearing on UP's claim. Docket No. 1089. The hearing on the motion is now set for May 23, 2024.

### Dk. No. 674, filed by Han Trinh

On April 11, 2024, Trustee filed an opposition to Han Trinh's ("Han") administrative expense claim. Docket No. 1103. The deadline for Han to file a reply in support of her motion for allowance of administrative expense claim is April 18, 2024. The hearing on the motion is set for April 25, 2024.

### Dk. No. 675, filed by Phuong (aka Jayde) Trinh

On April 11, 2024, Trustee filed an opposition to Jayde Trinh's ("Jayde") administrative expense claim. Docket No. 1103. The deadline for Jayde to file a reply in support of her motion for allowance of administrative expense claim is April 18, 2024. The hearing on the motion is set for April 25, 2024.

### Dk. No. 676, filed by Greyson Law Center, PC

On April 11, 2024, Trustee filed an opposition to Greyson Law Center PC's ("Greyson") administrative expense claim. Docket No. 1103. The deadline for Greyson to file a reply in support of her motion for allowance of administrative expense claim is April 18, 2024. The hearing on the motion is set for April 25, 2024.

### Dk. No. 679, filed by Wells, Marble and Hurst, PLLC

Wells, Marble and Hurst, PLLC falls under the similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed an omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants so that the Trustee may engage in meaningful settlement discussions with the attorney claimants. Docket No. 1101. On April 12, 2024, the Court entered an order approving the omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants. Docket No. 1107. The hearing on the motion is now set for May 23, 2024.

### Dk. No. 686, filed by SDCO Tustin Executive Center, Inc.,

On March 29, 2024, the Trustee filed a stipulation with SDCO Tustin Executive Center Inc. ("SDCO"). Docket No. 1075. On April 1, 2024, the Court entered an order approving the stipulation,

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

deeming $113,591.47 as the amount of SDCO's administrative expense claim. Docket No. 1079. SDCO's administrative expense claim has been resolved.

**Dk. No. 693, filed by Melina Beltran**

Melina Beltran ("Ms. Beltran") falls under the similarly situated "wage claimants" category. On March 21, 2024, Trustee filed a response to the motion filed by the wage claimants, seeking to allow the claims in the amount of 20% of the claims initially sought by each wage claimant. Docket No. 1054. Ms. Beltran's administrative expense claim has been resolved.

**Dk. No. 694, filed by filed by Kimberly Torres**

Kimberly Torres ("Ms. Torres") falls under the similarly situated "wage claimants" category. On March 21, 2024, Trustee filed a response to the motion filed by the wage claimants, seeking to allow the claims in the amount of 20% of the claims initially sought by each wage claimant. Docket No. 1054. Ms. Torres' administrative expense claim has been resolved.

**Dk. No. 695 (amended by 727), filed by Melissa Wilkes**

Melissa Wilkes ("Wilkes") falls under similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed a stipulation with Wilkes. Docket No. 1102. On April 12, 2024, the Court entered an order approving the stipulation, deeming $3,750 as the amount of Wilkes' administrative expense claim. Docket No. 1106.

**Dk. No. 697, filed by David Orr, Esq.**

David Orr, Esq. falls under the similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed an omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants so that the Trustee may engage in meaningful settlement discussions with the attorney claimants. Docket No. 1101. On April 12, 2024, the Court entered an order approving the omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants. Docket No. 1107. The hearing on the motion is now set for May 23, 2024.

**Dk. No. 698, filed by R. Reed Pruyn**

R. Reed Pruyn falls under the similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed an omnibus stipulation to modify briefing and continue hearing on the motions

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

filed by the attorney claimants so that the Trustee may engage in meaningful settlement discussions with the attorney claimants. Docket No. 1101. On April 12, 2024, the Court entered an order approving the omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants. Docket No. 1107. The hearing on the motion is now set for May 23, 2024.

**Dk. No. 700, filed by Jorge E. Sanchez**

Jorge Sanchez ("Mr. Sanchez") falls under the similarly situated "wage claimants" category. On March 21, 2024, Trustee filed a response to the motion filed by the wage claimants, seeking to allow the claims in the amount of 20% of the claims initially sought by each wage claimant. Docket No. 1054. Mr. Sanchez's administrative expense claim has been resolved.

**Dk. No. 701, filed by Jaslynn Sanchez**

Jaslynn Sanchez ("Ms. Sanchez") falls under the similarly situated "wage claimants" category. On March 21, 2024, Trustee filed a response to the motion filed by the wage claimants, seeking to allow the claims in the amount of 20% of the claims initially sought by each wage claimant. Docket No. 1054. Ms. Sanchez's administrative expense claim has been resolved.

**Dk. No. 702, filed by Peter Schneider**

Peter Schneider falls under the similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed an omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants so that the Trustee may engage in meaningful settlement discussions with the attorney claimants. Docket No. 1101. On April 12, 2024, the Court entered an order approving the omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants. Docket No. 1107. The hearing on the motion is now set for May 23, 2024.

**Dk. No. 706, filed by Amy Ginsburg, Kenton Cobb and Shannon Bellfield**

The administrative expense claim filed by Amy Ginsburg, Kenton Cobb, and Shannon Bellfield, encompasses the claims of three separate attorney claimants and therefore falls under the similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed an omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants so that the Trustee may engage in meaningful settlement discussions with the attorney claimants.

Docket No. 1101. On April 12, 2024, the Court entered an order approving the omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants. Docket No. 1107. The hearing on the motion is now set for May 23, 2024.

**Dk. No. 707, filed by Randall Baldwin Clark, Attorney at Law, PLLC**

Randall Baldwin Clark, Attorney at Law, PLLC falls under the similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed an omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants so that the Trustee may engage in meaningful settlement discussions with the attorney claimants. Docket No. 1101. On April 12, 2024, the Court entered an order approving the omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants. Docket No. 1107. The hearing on the motion is now set for May 23, 2024.

**Dk. No. 708, filed by Herret Credit Consultants**

On March 20, 2024, Trustee filed a stipulation to modify the briefing schedule and continue hearing on Herret Credit Consultant's ("Herret") claim so that the Trustee and Herret can engage in further discovery and communication. Docket No. 1043. On March 21, the Court entered an order approving the stipulation to modify the briefing schedule and continue hearing on ADP's claim. Docket No. 1053. The hearing on the motion is now set for June 13, 2024.

**Dk. No. 709, filed by Sharp Electronics Corporation**

On March 20, 2024, Trustee filed a response to Sharp's motion for administrative expense claim. Docket No. 1047. The Trustee and Sharp negotiated a 10% discount on Sharp's claim, reducing the total amount of the unopposed claim to $119,273.88. The Sharp claim has been resolved.

**Dk. No. 750, filed by Alteryx**

On April 5, 2024, Trustee filed a stipulation to modify the briefing schedule and continue hearing on Alteryx Inc.'s ("Alteryx") claim so that the parties could engage in settlement negotiations. Docket No. 1090. On April 8, 2024, the Court entered an order approving the

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

stipulation to modify the briefing schedule and continue hearing on Alteryx's claim. Docket No. 1092. The hearing on this matter is now set on June 13, 2024, at 11:00 a.m.

**Dk. No. 862, filed by Israel Orozco**

Israel Orozco filed him motion for administrative expense claim after the deadline had passed. He falls under the similarly situated "attorney claimants" category. On April 11, 2024, Trustee filed an omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants so that the Trustee may engage in meaningful settlement discussions with the attorney claimants. Docket No. 1101. On April 12, 2024, the Court entered an order approving the omnibus stipulation to modify briefing and continue hearing on the motions filed by the attorney claimants. Docket No. 1107. The hearing on the motion is now set for May 23, 2024.

## Status of Secured Claims and Related Litigation

**ProofPositive, LLC and Venture Partners, LLC**

On or about February 23, 2024, Proofpositive filed Proof of Claim No. 101682-1 against the Debtor in the amount of $1,053,690, and on or about July 18, 2023, Venture filed Proof of Claim No. 105, as amended, against the Debtor in the amount of $15,959.308.55 (collectively "Claims"). The Claims asserted that the amounts owed thereunder were secured by security interests against all the assets of the Debtor and that Proofpositive's security interest was perfected when it filed UCC-1 Statement No. U230009725118 against the Debtor with the California Secretary of State on February 9, 2023 ("Proofpositive Statement") while Venture's security interest was perfected when it filed UCC-1 Statement No. U230016377733 against the Debtor with the California Secretary of State on March 9, 2023 ("Venture Statement"). According to the Claims, the Debtor granted security interests to Venture and Proofpositive that these Statements allegedly perfected in one or more Accounts Receivable Purchase Agreements of various dates.

On January 26, 2024, the Trustee filed suit against Venture, Proofpositive, and other Defendants in Adversary Case No. 8:24-ap-01011-SC ("Secured Creditor Adversary"). With respect to the Claims of Venture and Proofpositive, the Trustee's complaint alleged that the Proofpositive and Venture Statements were recorded within the ninety-day period preceding the Petition Date.

1  Based on these facts, among other things, he complaint asserted (i) that the recording of the

2  Proofpositive and Venture Statements constituted preferential transfers as set forth in 11 U.S.C.

3  § 547 and (ii) that these transfers, once avoided, should be preserved for the benefit of the estate

4  pursuant to 11 U.S.C. § 551.

5        The Trustee now has a signed settlement agreement from ProofPositive and Venture that

6  resolves certain claims regarding the ProofPositive and Venture Statements. The Trustee is preparing

7  a Rule 9019 Motion to have this settlement noticed and approved and intends to file that motion

8  before the April 22nd hearing in this case. In summary, ProofPositive and Venture agree that the

9  recording of the Statements was a preferential transfer pursuant to 11 U.S.C. § 547(b) and no

10  defense prevents the Trustee from avoiding the recording of the Statements. Thus, the parties agree

11  that the recording of the Statements is avoided and that the Statements will be preserved for the

12  benefit of the Estate to secure payment of up to the allowed amount of the Claims. Upon avoidance,

13  the Claims of Venture and ProofPositive will become Class 3 general unsecured claims under the

14  proposed chapter 11 plan in amounts to be determined through the claims allowance process. The

15  Trustee preserved all rights and objections related to the Claims. Upon approval of the settlement,

16  the Trustee will dismiss ProofPositive and Venture from this case without prejudice.

17  **Diverse Capital LLC**

18        On or about February 23, 2024, Diverse filed Proof of Claim No. 2489 against the Debtor in

19  the amount of $1,217,770 ("Claim"). The Claim asserted that the amount owed was for an agreement

20  for the sale of future receipts, and that the amounts owed thereunder were secured by security

21  interests against all the assets of the Debtor. The Claim did not state how this amount was calculated.

22        Based on the documents included in the Claim, the initial Merchant Agreement dated April

23  13, 2021, required a payment by Diverse to LPG in the amount of $250,000 for the purchase of

24  future receivables in the amount of $374,750.00. The second Merchant Agreement dated August 18,

25  2021, required a payment by Diverse to LPG in the amount of $500,000 for the purchase of future

26  receivables in the amount of $749,500.00. The third Merchant Agreement also dated August 18,

27  2021, required a payment by Diverse to LPG in the amount of $1,000,000.00 for the purchase of

28

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

1  future receivables in the amount of $1,499,000.00. The Trustee does not know the net funds

2  advanced to the Debtor from these transactions

3       On September 15, 2021, Diverse filed UCC Statement  No. U210085288536 against the

4  Debtor with the California Secretary of State ("Diverse Statement"). The Diverse Statement asserted

5  a lien against all the assets of the Debtor.[2]

6       LPG's records show that from September 9, 2021, to January 31, 2023, LPG paid Diverse

7  Capital approximately $1,055,000; largely consisting of 8 payments made in the amount of $125,000

8  each between May 18, 2022, and January 3, 2023, and a final payment of $25,000 paid on February

9  23, 2023.

10       On January 26, 2024, the Trustee filed suit against Diverse and other Defendants in the

11  Secured Creditor Adversary. With respect to the Claims of Diverse, the Trustee's complaint alleged

12  in Count 4 that Diverse was subject to 11 U.S.C § § 548(a)(1)(B), 550 and 551 as well as Count 7, to

13  determine the amount(s) and nature (secured or unsecured) of the claims of the Defendant. The

14  Trustee's complaint also expressly reserved the right to assert additional causes of action against any

15  Defendant, including but not limited to claims arising under chapter 5 of the Bankruptcy Code.

16       Diverse filed its answer on April 5, 2024 [Dkt. No. 64]. Trustee's counsel met and conferred

17  with counsel for Diverse on April 8, 2024, and finalized the Joint Status Report, which was filed.

18  Diverse also filed its required brief and produced documents on April 8th. The Trustee still needs to

19  review these documents, but believes that settlement discussions will be initiated after the Court's

20  April 22nd hearing.

21  **OHP-CDR, LP**

22       On or about May 24, 2023, OHP filed Proof of Claim No. 44 against the Debtor in the

23  amount of at least $16,938,954.00 ("OHP Claim"). According to OHP, the OHP Claim was

24  composed of $9,538,954 that OHP alleged was owed to it pursuant to a guaranty and security

25

26  [2] Paragraph 42 of Plaintiff's Complaint alleged that Diverse had filed two UCC-1 Statements against
the Debtor: one on September 15, 2021 and the other on December 1, 2021. The Trustee has
27  subsequently learned that the December 1, 2021 UCC-1 Statement was actually filed by Hi Bar
Capital LLC dba Diverse Capital. Upon information and belief, the debt related to this December 1st
28  filing has been satisfied and the filing has no connection to the Diverse identified herein.

1  interest contained in a September 1, 2022, Limited Liability Company Agreement ("Agreement") for

2  Purchaseco plus another $7,000,000 plus of damages caused by the Debtor's alleged breach of the

3  Agreement. OHP asserts that it perfected this security interest when it filed UCC-1 Statement No.

4  230005834326 ("OHP Statement") against the Debtor with the California Secretary of State on

5  January 25, 2023. There is no question that the OHP Statement was recorded in the 90-day period

6  preceding the Petition Date and was recorded well after the Debtor granted a security interest to

7  OHP in the September 1, 2022, Agreement. Trustee's counterclaim in the OHP adversary seeks to

8  avoid the recording of the OHP Statement to perfect this security interest as a preference pursuant to

9  11 U.S.C. § 547(b).

10      While OHP disputes the debtor's solvency, given its misuse of client funds and

11  corresponding liabilities for same, there can be no serious argument that the Debtor was solvent in

12  the 90-day period preceding the Petition Date. The recording of the OHP Statement should be

13  avoided and preserved for the benefit of the Estate, and the Claim of OHP related to the funds

14  advanced to the Debtor (and not its alleged damages) should be treated as a Class 3 General

15  Unsecured Claim.

16      Finally, the Trustee's answer and counterclaim also asserts that OHP's claim for more than

17  seven million dollars ($7M) in damages from a breach of the Purchaseco LLC Agreement is subject

18  to subordination pursuant to 11 U.S.C. § 510(b) since it is a claim arising from the purchase of a

19  security and Debtor's principal, Tony Diab, was a party to the Purchaseco LLC Agreement. Because

20  the subject agreement was part of Debtor's principal's fraudulent efforts to strip assets from the

21  estate far in excess of the approximate $7 million funded by OHP, that agreement itself is subject to

22  Trustee's counterclaim to avoid it as fraudulent. In short, this portion of the Claim should be

23  subordinated to the Class 3 claims of General Unsecured Creditors under the Plan.

24  **Purchaseco 80, LLC**

25      Unlike OHP, Purchaseco does not claim that the Debtor owes it money *per se*. Rather,

26  Purchaseco claims it owns the receivables generated from certain client files of the Debtor. (These

27  certain files are identified in the transaction documents between the Debtor and Purchaseco/OHP).

28

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

1  Thus, Purchaseco only claims ownership of a subset of the Debtor's assets. However, Purchaseco's

2  alleged acquisition of these receivables was subject to all valid liens of record against the Debtor at

3  the time of acquisition – on or about September 1, 2022. The parties asserting such liens are the

4  defendants in the Secured Creditor Adversary, and if any of these claims are determined to be valid,

5  secured claims, they would be entitled to payment in full from the receivables that Purchaseco

6  claims to own. Aside from the above barriers to Purchaseco's ownership of client receivables, the

7  Trustee has asserted that this transaction with Purchaseco is also a fraudulent conveyance in his

8  answer and counterclaim. Based on the transaction documents, the Debtor clearly transferred client

9  files with the potential to generate substantial monthly fees for deposit into trust to a non-lawyer,

10  third party for insufficient consideration. The Purchaseco transaction is a fraudulent conveyance

11  subject to avoidance and recovery pursuant to 11 U.S.C. § 548 and 550.

12  The parties have had preliminary settlement discussions. The current focus is on determining

13  which client files identified in the Purchaseco documents were included in the sale to the Purchaser

14  (MLG) in the main case, and not the subject of other parties "interest." Based on a preliminary

15  review, the files identified in the Purchaseco documents do not appear to be a significant portion of

16  the files sold to the Purchaser, and there are other parties who also claim a "right" to these files. As

17  a result, even if OHP and Purchaseco were successful in this adversary, the value of the receivables

18  they claim to own or have a lien against may be far less than the amount of their Claim while still

19  being subject to any valid liens adjudicated in the Secured Creditor Proceeding. The efforts to

20  identify these files are currently ongoing.

21  **PECC Corp.**

22  On or about February 20, 2024, Pecc filed Proof of Claim No. 740 against the Debtor in the

23  amount of $27,929,336.59 ("Pecc Claim"). Pecc has also complied with the Court's February 7th

24  Order and filed a brief ("Brief") in support of its position along with documents. Pecc's Brief

25  asserted that the Debtor became indebted to it pursuant to a Note Exchange and Restructuring

26  Agreement dated on or about August 26, 2022, that created a "Secured Promissory Note" in the

27  original principal amount of $28,269,000 ("Note"). According to Pecc, the principal amount of this

28

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

1  Note is the purchase price for Pecc's $19.5 million dollar claim against Validation Partners, LLC

2  [Dkt. No. 38, Lines 20-24]. The Trustee does not understand the apparent premium paid for this

3  claim as it appears the Debtor promised to pay Pecc more than twenty-eight million dollars in

4  exchange for the chance to recover less than twenty million dollars from a third party. Furthermore,

5  it appears that the only way to recover on this twenty million dollar claim was for the Debtor to pay

6  the third party pursuant to its separate agreements with that third party. Pecc did not file a UCC-1 to

7  perfect the security interest granted to it in the Note in 2022.

8          A few months later the Debtor and Pecc executed an "Account Receivable Purchase

9  Agreement" in partial or total satisfaction of the Note on or about January 11, 2023. Again,

10  according to Pecc's brief, the Debtor sold Pecc the receivables for some 15,000 client files. Pecc

11  contends that it perfected the security interest granted to it in this Purchase Agreement, and not in the

12  security interest contained in the Note, when it filed its UCC-1 Statement with the California

13  Secretary of State on February 2, 2023 ("Statement"). There is no dispute that (i) the Statement was

14  recorded in the ninety day period preceding the Debtor's petition date and (ii) numerous liens were

15  of record against the Debtor when the Purchase Agreement was executed. As a matter of law, if the

16  Debtor sold any property to Pecc, it did so subject to the liens and claims of any creditor that is

17  determined to have a valid secured claim against the Debtor. These issues are in addition to any

18  other claims that the Trustee may subsequently assert against Pecc and/or its Pecc Claim.

19          With respect to Pecc, the Trustee's complaint initially only sought to determine the relative

20  priority of Pecc's alleged secured claim as well as the amount actually owed to Pecc on its Pecc

21  Claim. The Trustee planned to seek avoidance of the recording of the Statement in a separate

22  adversary. However, based on the Brief and conversations with counsel for Pecc, the parties

23  determined that litigation concerning Pecc's Claim should be conducted in this adversary. The

24  parties intend to file an agreed order permitting the Plaintiff to amend his Complaint to add a count

25  seeking to avoid and preserve the recording of the Statement in the ninety-day period preceding the

26  Petition Date. The parties hope to have the amended complaint on file before the hearing on April

27  22, 2024 to permit an initial discussion of the Trustee's avoidance claims.

28

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

**Bridge Funding Cap, LLC d/b/a and Fundura Capital**

On or about August 24, 2023, Bridge under its dba Fundura filed Proof of Claim No. 335 against the Debtor in the amount of $2,374,004.82 ("Bridge Claim"). While the Bridge Claim said an itemization of the components of the Bridge Claim was attached pursuant to Bankruptcy Rule 3001(c)(2)(A), the Bridge Claim does not contain an itemization. The Bridge Claim asserted that the debt arose from a July 22, 2021, agreement for the Purchase and Sale of Future Receivables whereby the Debtor and other parties promised to pay Bridge the sum of $1,986,000.00 of future receivables in exchange for $1,200,000.00 (July 22nd Agreement). While this document was signed in late July, the Bridge Claim asserts its repayment is secured by a security interest granted in the July 22nd Agreement but perfected by a UCC-1 Statement No. U210047914841 filed on May 19, 2021 against the Debtor by Corporation Service Company, as agent, with the California Secretary of State ("May 21 Statement").

As explained in greater detail in the Trustee's Complaint, the July 22nd Agreement was actually the <u>fourth</u> Merchant Cash Advance ("MCA") agreement executed between Bridge and the Debtor. After Bridge filed suit to enforce the second such agreement with an original date of May 27, 2021, the Debtor and Bridge reached a settlement that was reduced to writing in a *Stipulation of Settlement with Leave to Apply for Default Judgment* ("Stipulation"). The Stipulation required the Debtor to pay the sum of $849,240.00 to Bridge care of its counsel Berkovitch & Bouskila, PLLC on or before July 1, 2021. If this payment was not made by July 1, 2021, Bridge was entitled to file the Stipulation and obtain a default judgment.

The Stipulation contained broad language that released both Bridge's "rights and claims as to the underlying Agreements that the debt arose from" and any of its claims "against Defendants from the beginning of time until this day." The Stipulation also obligated Bridge to "execute and deliver promptly any document …necessary or proper for the purpose of giving full force and effect to this agreement[.]" While the Stipulation was not filed in the court case between Bridge and the Debtor, counsel for Bridge did file a Notice Discontinuing the Lawsuit on July 1, 2021, which strongly suggests the Debtor made the required payment. However, Bridge's brief asserts the opposite – that

the Debtor satisfied its payment obligation under the Stipulation by executing a new, third agreement with Bridge now using the name Fundura on or about July 14, 2021. (See Page 2, Lines 20-24 of Dkt. No. 30]. This assertion that contradicts the Stipulation and state court record can only be resolved through discovery.

The parties do agree that the Debtor signed another MCA with Bridge, using its dba Fundura, on or about July 14, 2021. Under this July 14th MCA, the Debtor promised to pay Bridge dba Fundura the sum of $999,990.00 in exchange for a gross purchase price for $500,000.00. The parties also agree that only $390,000.00 of this promised $500,000.00 was actually forwarded to the Debtor; Bridge retained the rest for various "charges and fees". Upon execution of this agreement, the Debtor agreed to pay Bridge almost two and a half times more than Bridge had actually advanced to the Debtor. Bridge did not file the page of the July 14th agreement showing the net amount forwarded to the Debtor with its Brief.

Despite the Debtor making several hundred thousand dollars of payments, Bridge declared a default under the July 14th Agreement in less than a week. To cure the default, the Debtor agreed to sign a new MCA on July 22, 2021. Under this MCA, the Debtor promised to pay Bridge the sum of $1,986,000.00 "in future receivables" in exchange for an advance of $1,200,000.00; however, the Debtor never received a dime of this $1,200,000.00. The entire amount was used to satisfy the balance owed on the July 14th agreement and pay various fees and expenses. Bridge did file this itemization with its brief at Page No. 83 of Dkt. No. 30.

Finally, during litigation with Bridge over the July 22nd Agreement, the Debtor made a demand on Bridge to release the Statement pursuant to the release contained in the Stipulation and its satisfaction of all amounts owed related to that original security interest. Bridge did not respond, and the Debtor filed a termination of the May 21 Statement with the California Secretary of State. The Debtor asserted it had the right to file a termination statement pursuant to 9-513 of Article 9 and the Stipulation. As a result of this filing, the UCC records of the California Secretary of State show that the May 21 Statement is "terminated."

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

Bridge claims it possesses a secured claim against the Debtor of more than $2,400,000.00 despite only actually advancing or loaning $370,000.00 to the Debtor from the July 14th MCA. This is almost a 10:1 return and ignores the several hundred thousand dollars that the Debtor paid to Bridge. Despite only receiving $370,000, the Debtor became obligated to pay Bridge $1,986,000.00 in roughly two weeks. Bridge's Claim is four hundred thousand dollars more than the "face" amount to be repaid to Bridge under the July 22nd Agreement. Furthermore, Bridge claims that the repayment of this $2.4M is secured by a lien perfected by the May 21 Statement that the California Secretary of State reports to be terminated. Bridge also claims that it can "bootstrap" the May 21 Statement to the MCA agreement executed in July 2021 despite its execution of a release that waived all its rights and claims against the Debtor as of early July 2021.

In the Secured Creditor Adversary, the Trustee is confident he will prove that Bridge cannot claim the security interest that secures its Claim is perfected by the Statement recorded in May 2021 because:

(i) as a good faith purchaser/judicial lien creditor the Trustee is entitled to rely on the UCC records of the California Secretary of State, and these records state that the May 2021 Statement was terminated. For Bridge to claim otherwise makes the May 2021 Statement misleading and unenforceable pursuant to Cal. Comm. Code 9506;

(ii) Bridge waived its ability to assert or enforce the May 2021 Statement when it released any and all claims against the Debtor in July 2021. Because Bridge waived its rights and claims against the Debtor in existence as of July 2021, the Debtor properly filed a termination of the May 2021 Statement pursuant to Article 9 and the Stipulation;

(iii) In the event the Court determines that Bridge possess a valid, secured claim against the Debtor, the Trustee asserts that the Debtor's transactions with Bridge are subject to avoidance as fraudulent conveyances given the unconscionable terms and the lack of adequate consideration received by the Debtor for same; and

(iv) If the Court rejects these arguments and find that Bridge has a valid, secured claim against the Debtor, the Trustee respectfully requests that this Claim be subordinated pursuant to 11 U.S.C. § 510 with any lien securing such Claim

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

transferred and preserved for the Estate. The Trustee believes that grounds exist for subordination of Bridge's claim, whether secured or unsecured, given the unconscionable terms of its agreements with the Debtor and given its conduct and actions in attempting to collect money from the Debtor including interference with the Debtor's commercial relationships.

Finally, the claim of Bridge may be unenforceable herein pursuant to the actions of the New York Attorney General and the Federal Trade Commission in suits against certain MCA lenders and insiders. In these lawsuits, the state and federal government have obtained permanent injunctions prohibiting the collection of debts owed to certain MCA lenders and their insiders based on violations of state and federal law. These injunctions also order restitution.[3] In its verified answer and counterclaim filed against Bridge in state court litigation, the Debtor stated that it had communicated with one of these permanently barred individuals – Jonathan Braun – regarding its transactions with Bridge. In fact, Mr. Diab went so far as to provide a ten page affidavit to the New York Attorney General in her case against Mr. Braun and related parties detailing the Debtor's interactions with Mr. Braun and a "Joseph Kroen," a known associate of Mr. Braun, when negotiating and dealing with Bridge.

Because Bridge has not produced documents showing communications between it and the Debtor and related parties, the Trustee cannot presently determine if these statement are true. If necessary this is would be an area for future fact discovery.

**MC DVI FUND 1 LLC, MC DVI FUND 2 LLC, and Debt Validation Fund II LLC**

On or about February 22, 2024, Debt Validation Fund II, LLC filed Proof of Claim No. 2479 against the Debtor in the amount of $37,138,079.17, and MC DVI Fund 1, LLC and MC DVI Fund 2, LLC jointly filed Proof of Claim No. 2478 against the Debtor in the amount of $66,083.512.76 (collectively "Claims"). The Claims asserted that the amounts owed thereunder were secured by

---

[3] *See* Federal Trade Commission suit against RCG Advances, LLC, Johnathan Braun, and others at 20-CV-4432 filed in the United States District Court for the Southern District of New York. The New York Attorney General has also obtained a judgment against Mr. Braun and related entities requiring disgorgement and prohibiting enforcement of these MCA agreements in a case before the Supreme Court of New York County Index No. 451368/2020. The New York Attorney General recently filed another such action against a new group of MCA lenders and related insiders.

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

security interests against all the assets of the Debtor and that these security interests were perfected when MC DVI filed UCC-1 Statement No. U230009923531 against the Debtor with the California Secretary of State on February 10, 2023 ("Statement"). According to the Claims, the Debtor granted security interests to MC DVI that these Statements allegedly perfected in separate Note Exchange and Restructuring Agreements executed on or about September 1, 2022.

On January 26, 2024, the Trustee filed suit against MC DVI and other Defendants in this adversary proceeding ("Adversary"). With respect to the Claims of MC DVI, the Trustee's complaint alleged that the Statement was recorded both within the ninety-day period preceding the Petition Date, which was more than thirty days after the execution of the Note Exchange and Restructuring Agreements. Based on these facts, the complaint asserted (i) that the recording of the Statement constituted a preferential transfer as set forth in 11 U.S.C. § 547 and (ii) that this transfer, once avoided, should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

A separate count of the Trustee's complaint in the Adversary asked the Court to determine the amount(s) and nature (secured or unsecured) of the claims of the Defendants, including the Claims of MC DVI. The Trustee's complaint also expressly reserved the right to assert additional causes of action against any Defendant, including but not limited to claims arising under chapter 5 of the Bankruptcy Code.

The parties discussed a resolution of the Claims. An initial stipulation was filed on February 12, 2024 (Dkt No.18) providing MC DVI until March 26, 2024 to respond to the complaint. However, by March 15, 2024 the parties already had agreed to settlement terms, which only needed to be fully documented and noticed pursuant to a Rule 9019 Motion. Thus, a second stipulation was filed on March 15, 2024 (Dkt No.31) providing for a tolling of the deadlines in this case. The Court entered an Order approving that stipulation on March 15, 2024 (Dkt No.42).

The Trustee is currently preparing a Rule 9019 Motion to have this settlement noticed and approved, and intends to file that motion on file before the April 22nd hearing on this matter. In summary, MC DVI agrees that the recording of the Statements were preferential transfers pursuant to 11 U.S.C. § 547(b) and no defense prevents the Trustee from avoiding the recording of the

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

Statement. Thus, the parties agree that the recording of the Statement is avoided, which transforms the Claims of MC DVI into general unsecured claims. Thus, the parties agree that the recording of the Statements is avoided and that the Statements will be preserved for the benefit of the Estate to secure payment of up to the allowed amount of the Claims. Upon avoidance, the Claims of MC DVI will become Class 3 general unsecured claims under the proposed chapter 11 plan in amounts to be determined through the claims allowance process. The Trustee preserved all rights and objections related to the Claims. Upon approval of the settlement, the Trustee will dismiss the MC DVI parties from this case without prejudice.

**Azzure Capital, LLC**

On or about July 24, 2023, Azzure filed Proof of Claim No. 127 against the Debtor in the amount of no less than $5,000,000 ("Claim"). The Claim asserted that the amount owed was for money loaned, and that the amounts owed thereunder were secured by security interests against all the assets of the Debtor. Azzure asserts that the Azzure Loan has a present balance due of over $5 million which includes accrued interest as set forth in the Note, plus attorneys' fees and costs, as permitted under New York law. Trustee disputes this contention, which includes a dispute whether the embedded annual interest rate on Azzure's Loan is enforceable against this California Debtor, and asserts that the amount due on Azzure's claim is substantially less than the $5.1 million figure Azzure asserts.

Azzure further asserts that the security interest memorialized in the Note was perfected by the assignment of an already-filed UCC-1 Financing Statement, filed under number U210050853928 on May 28, 2021 ("UCC Financing Statement"), which expressly lists "The Litigation Practice Group P.C." as one of the debtors. Trustee disputes that Azzure's security interest has been properly perfected by the assignment of this previous UCC Financing Statement which was originally filed reflecting Cobalt Funding Solutions as the secured party. This financing statement was assigned from Cobalt to Bae Enterprises, Inc., prior to its assignment to Azzure. The parties dispute whether California law permits a lien to be perfected by the assignment of a previously-filed UCC-1 where such previous financing statement had nothing to do with the new debt.

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

On January 26, 2024, the Trustee filed suit against Azzure and other Defendants in the above-captioned adversary proceeding. With respect to the Claim, the Trustee's complaint alleged Declaratory judgment as to the validity of the security interest of Azzure;   Avoidance, Recovery, and Preservation of Fraudulent Transfers; Declaratory judgment to (i) determine nature, extent, and priority of security interests and (ii) determine secured and unsecured amounts of claims.

Prior to the litigation, the parties had reached a settlement, but it was not approved. The parties continue to discuss settlement and thus, a stipulation was entered allowing Azzure until March 31, 2024, to respond to the Complaint. [Dkt. No. 56]. The parties continue to believe that their initial settlement is still viable, although there are a few new issues that have arisen that need to be addressed. But the parties remain confident that Azzure and the Trustee will not need to litigate the merits of Azzure's Claim and perfection. Accordingly, the parties have filed a new stipulation to toll the deadlines in this matter, so that they can further pursue settlement.

**MNS Funding, LLC**

On or about September 27, 2023, MNS filed Proof of Claim No. 1060 against the Debtor in the amount of $15,275,269.62 ("Claim"). A few documents were filed with the Claim but none seemed to relate to the UCC-1 Statement No. U210050823723 ("Statement") that MNS filed against the Debtor with the California Secretary of State on May 28, 2021. Upon information and belief, the Trustee believes that the Statement of MNS to be the first one of record against the Debtor. This excludes the UCC-1 Statement of Defendant Bridge Funding Cap, LLC dba Fundura Capital filed on May 19, 2021 that a search of the California Secretary of State records says is "terminated." Upon further information and belief, Defendant Azzure Capital, LLC ("Azzure") asserts that its claim is also secured by a UCC-1 Statement filed on May 28, 2021; however, the MNS Statement was filed at 9:01 AM while the Statement that Azzure claims to hold was filed at 10:24 AM.

MNS Funding entered into a merchant cash advance agreement with LPG in May 2021 and filed a UCC-1 Statement with the CA SOS at that time. The debt owed to MNS under this agreement was refinanced and paid in full via a new MCA agreement with SSD Investment Group, LLC which is a wholly owned subsidiary of MNS. SSD signed a final agreement in October 2021

TRUSTEE'S OMNIBUS UNILATERAL STATUS REPORT RE: ADMINISTRATIVE CLAIMS

that remains unpaid. MNS and related entities like SSD had other dealings with LPG. This include affiliate agreement(s) where receivables from client files were "purchased" by MNS and LPG made payments to MNS for these files. Based on LPG records MNS paid approximately $7,000,000 for the purchase of receivables, and were paid back approximately $3,400,000. The Claim includes the amounts owed on the affiliate agreements and merchant cash advance agreement even though some of those agreements were executed by SSD or other related parties.

Following the filing of this Adversary, counsel for MNS and the Trustee began informal settlement discussions that resulted in the exchange of documents and other information between the parties subject to the settlement privilege. As recently as April 5, 2024, MNS provided additional documents and information to the Trustee, which are being reviewed as this report is drafted. While general settlement discussions have occurred, the parties have not reached any agreement that would allow settlement documents to be drafted for filing with the Court. Given the progress the parties have made with informal discussions, the Trustee has previously extended the time for MNS to file an answer or responsive pleading herein. MNS has not filed a brief herein as directed by the February 7, 2024 Order, but upon information and belief, it has provided the Trustee with documents and other information that said Order required to be provided.

DATED: April 17, 2024                MARSHACK HAYS WOOD LLP

                                     By: /s/ D. Edward Hays
                                        D. EDWARD HAYS
                                        ALINA MAMLYUK
                                        General Counsel for Chapter 11 Trustee
                                        RICHARD A. MARSHACK

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S CHAPTER 11 STATUS REPORT** will be served
or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**February 15, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **February 15, 2024**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **February 15, 2024**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 15, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

| | | |
|---|---|---|
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Bradford Barnhardt | bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive,alinares@ecf.courtdrive.com |
| **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC** | Eric Bensamochan | eric@eblawfirm.us, G63723@notify.cincompass.com |
| **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.** | Michael Jay Berger | michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Peter W Bowie | peter.bowie@dinsmore.com, caron.burke@dinsmore.com |
| **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC** | Ronald K Brown | ron@rkbrownlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Christopher Celentino | christopher.celentino@dinsmore.com, caron.burke@dinsmore.com |
| **INTERESTED PARTY COURTESY NEF** | Shawn M Christianson | cmcintire@buchalter.com, schristianson@buchalter.com |
| **INTERESTED PARTY COURTESY NEF** | Randall Baldwin Clark | rbc@randallbclark.com |
| **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI:** | Leslie A Cohen | leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com |
| **INTERESTED PARTY COURTESY NEF** | Anthony Paul Diehl | anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net |
| **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER** | Jenny L Doling | jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net |
| **ATTORNEY FOR CREDITOR CAROLYN BEECH** | Daniel A Edelman | dedelman@edcombs.com, courtecl@edcombs.com |
| **CREDITOR** | Meredith Fahn | fahn@sbcglobal.net |
| **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC** | William P Fennell | william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com |
| **INTERESTED PARTY COURTESY NEF** | Alan W Forsley | alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com |
| **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL** | Marc C Forsythe | mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Jeremy Freedman | jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com |
| **ATTORNEY FOR CREDITOR HERRET CREDIT** | Eric Gassman | erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Christopher Ghio | christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com |
|---|---|---|
| ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD | Amy Lynn Ginsburg | efilings@ginsburglawgroup.com |
| ATTORNEY FOR DEFENDANT STRIPE, INC | Eric D Goldberg | eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com |
| ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC | Jeffrey I Golden | jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com |
| ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC | Richard H Golubow | rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| ATTORNEY FOR CREDITOR OPPORTUNITY FUND NORTHERN CALIFORNIA | Mark Good | mark@markgood.com |
| *AFFECTED PARTY ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC* | ***David M Goodrich*** | ***dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgllp@ecf.courtdrive.com*** |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | D Edward Hays | ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| ATTORNEY FOR CREDITOR CITY CAPITAL NY | Alan Craig Hochheiser | ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com |
| ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC | Garrick A Hollander | ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION | Brian L Holman | b.holman@musickpeeler.com |
| INTERESTED PARTY COURTESY NEF | Richard L. Hyde | richard@amintalati.com |
| ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION | Peter L Isola | pisola@hinshawlaw.com |
| ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC | Razmig Izakelian | razmigizakelian@quinnemanuel.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Sara Johnston | sara.johnston@dinsmore.com |
| ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS | Sweeney Kelly | kelly@ksgklaw.com |
| ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C. | Joon M Khang | joon@khanglaw.com |
| ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE | Ira David Kharasch | sikharasch@pszjlaw.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR DEFENDANT GALLANT LAW GROUP | Meredith King | mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law |
|---|---|---|
| ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS | Nicholas A Koffroth | nkoffroth@foxrothschild.com, khoang@foxrothschild.com |
| ATTORNEY FOR DEFENDANT MARICH BEIN, LLC | David S Kupetz | David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com |
| INTERESTED PARTY COURTESY NEF | Christopher J Langley | chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Kelli Ann Lee | Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com |
| ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC | Matthew A Lesnick | matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com |
| ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC | Daniel A Lev | daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com |
| ATTORNEY FOR INTERESTED PARTY REVOLV3, INC. | Britteny Leyva | bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com |
| INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC | Marc A Lieberman | marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com |
| ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC | Michael D Lieberman | mlieberman@lipsonneilson.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Yosina M Lissebeck | Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com |
| ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP | Mitchell B Ludwig | mbl@kpclegal.com, kad@kpclegal.com |
| INTERESTED PARTY AND ATTORNEY | Daniel S March | marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com |
| *ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH* | *Kathleen P March* | *kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net* |
| ATTORNEY FOR CREDITOR DAVID ORR | Mark J Markus | bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com |
| CHAPTER 11 TRUSTEE | Richard A Marshack (TR) | pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Laila Masud | lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Sarah S. Mattingly | sarah.mattingly@dinsmore.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

| INTERESTED PARTY COURTESY NEF | William McCormick | Bill.McCormick@ag.tn.gov |
|---|---|---|
| ATTORNEY FOR US TRUSTEE | Kenneth Misken | Kenneth.M.Misken@usdoj.gov |
| INTERESTED PARTY COURTESY NEF | Byron Z Moldo | bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com |
| ATTORNEY FOR CREDITOR ADP, INC | Glenn D. Moses | gmoses@venable.com, cascavone@venable.com;jpmalcolm@venable.com;jadelgado@venable.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jamie D Mottola | Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com |
| INTERESTED PARTY COURTESY NEF | Alan I Nahmias | anahmias@mbn.law, jdale@mbn.law |
| INTERESTED PARTY COURTESY NEF | Victoria Newmark | vnewmark@pszjlaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jacob Newsum-Bothamley | jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com |
| ATTORNEY FOR US TRUSTEE | Queenie K Ng | queenie.k.ng@usdoj.gov |
| CREDITOR | Israel Orozco | israel@iolawcorp.com |
| ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS | Keith C Owens | kowens@foxrothschild.com, khoang@foxrothschild.com |
| ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC. | Lisa Patel | lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com |
| ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC | Michael R Pinkston | rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com |
| ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE | Douglas A Plazak | dplazak@rhlaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Tyler Powell | tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com |
| ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING | Daniel H Reiss | dhr@lnbyg.com, dhr@ecf.inforuptcy.com |
| ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC | Ronald N Richards | ron@ronaldrichards.com, 7206828420@filings.docketbird.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Vanessa Rodriguez | vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com |
| ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC | Kevin Alan Rogers | krogers@wellsmar.com |
| ATTORNEY FOR CREDITOR MARI AGAPE | Gregory M Salvato | gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC | Olivia Scott | olivia.scott3@bclplaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jonathan Serrano | jonathan.serrano@dinsmore.com |
| ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC | Maureen J Shanahan | Mstotaro@aol.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

| ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC | Paul R Shankman | PShankman@fortislaw.com, info@fortislaw.com |
|---|---|---|
| ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC | Zev Shechtman | Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com |
| ATTORNEY FOR US TRUSTEE | Leslie Skorheim | leslie.skorheim@usdoj.gov |
| ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC | Adam D Stein-Sapir | info@pfllc.com |
| ATTORNEY FOR DEFENDANT BANKUNITED, N.A. | Howard Steinberg | steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
| ATTORNEY FOR CREDITOR ALTERYX, INC. | Andrew Still | astill@swlaw.com, kcollins@swlaw.com |
| ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK | Michael R Totaro | Ocbkatty@aol.com |
| US TRUSTEE | United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC | William J Wall | wwall@wall-law.com |
| ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC | Sharon Z. Weiss | sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |
| ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC | Johnny White | JWhite@wrslawyers.com, jlee@wrslawyers.com |
| CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Reina Zepeda | rzepeda@omniagnt.com |

## 2. SERVED BY UNITED STATES MAIL:

**ADMINISTRATIVE CLAIMANT (DK 665)**
ADP
C/O CHRISTINA IATROU, ESQ.
71 HANOVER ROAD
FLORHAM PARK, NJ 07932

**ADMINISTRATIVE CLAIMANT (DK 750)**
ALTERYX
C/O JEFFREY M. SINGLETARY, COUNSEL
600 ANTON BLVD, SUITE 1400
COSTA MESA, CA 92626

**ADMINISTRATIVE CLAIMANT (DK 701)**
JASLYNN SANCHEZ
2960 E. JACKSON AVE., #R056
ANAHEIM, CA 92806

**ADMINISTRATIVE CLAIMANT (DK 700)**
JORGE E. SANCHEZ
2550 E. WARD TERRACE, APT. 63
ANAHEIM, CA 92806

**ADMINISTRATIVE CLAIMANT (DK 647) CREDITOR / POC ADDRESS**
JUDITH SKIBA
PO BOX 1016
PASCAGOULA, MS 39568

**ADMINISTRATIVE CLAIMANT (DK 862)**
ISRAEL OROZCO, ESQ.
ISRAEL OROZCO LAW PC
700 E DATE ST, UNIT 69
BREA, CA 92822

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **ADMINISTRATIVE CLAIMANT (DK 694)**<br>KIMBERLY TORRES<br>1177 W. CHATEAU AVE<br>ANAHEIM, CA 92802 | **ADMINISTRATIVE CLAIMANT (DK 693)**<br>MELINA BELTRAN<br>22700 LAKE FOREST DR., APT 131<br>LAKE FOREST, CA 92630 | **ADMINISTRATIVE CLAIMANT (DK 727)**<br>MELISSA A. WILKES, ESQ.<br>8888 KEYSTONE CROSSING PWKY,<br>STE. 300<br>INDIANAPOLIS, IN 46240 |
| **ADMINISTRATIVE CLAIMANT (DK 702)**<br>PETER SCHNEIDER<br>10900 NE 4TH ST, STE. 2300<br>BELLEVUE, WA 98004 | **ADMINISTRATIVE CLAIMANT (DK 698)**<br>R. REED PRUYN<br>276 S. 1000 E.<br>SALT LAKE CITY, UT 84102 | **PROOF OF CLAIM ADDRESS**<br>PECC CORP<br>RUSTY J. O'KANE<br>WICK PHILLIPS GOULD & MARTIN<br>LLP<br>3131 MCKINNEY AVENUE, SUITE<br>500<br>DALLAS, TX 75204 |
| **PROOF OF CLAIM ADDRESS**<br>DIVERSE CAPITAL LLC<br>SHANNA M. KAMINSKI<br>KAMINSKI LAW PLLC<br>P.O. BOX 247<br>GRASS LAKE, MI 49240<br><br>PROOFPOSITIVE, LLC<br>ATTN: REGISTERED AGENTS,<br>INC.<br>30 N. GOULD ST., SUITE R<br>SHERIDAN, WY 82801 | **PROOF OF CLAIM ADDRESS**<br>DIVERSE CAPITAL LLC<br>323 SUNNY ISLES BLVD.<br>STE 503<br>SUNNY ISLES BEACH, FL 33160 | **PROOF OF CLAIM ADDRESS**<br>VENTURE PARTNERS LLC<br>ATTN: DIANA HANSON, COO<br>1309 COFFEEN AVENUE<br>SUITE 1200<br>SHERIDAN, WY 82801 |

4856-4364-7141
4881-3970-4503, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**