| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kathleen P. March, Esq., (CA SBN 80366)<br>THE BANKRUPTCY LAW FIRM, PC<br>10524 W. Pico Blvd, Suite 212, LA, CA 90064<br>Phone: 310-559-9224;  Fax: 310-559-9133<br>Email: kmarch@BKYLAWFIRM.com | |

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* Greyson Law Center, PC on Motion

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: | CASE NO.:  8:23-bk-10571-SC |
|---|---|
| | CHAPTER:  11 |
| LITIGATION PRACTICE GROUP, PC | **NOTICE OF MOTION FOR ORDER WITHOUT A HEARING**<br><br>**[LBR 9013-1(p) or (q)]** |
| Debtor(s). | [No hearing required] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) Greyson Law Center, PC _____,
    filed a motion or application (Motion) entitled _Motion for for an Order Allowing Greyson's Memo of P&A to Reply to_
    _Trustee's Opp. to Greyson's Dkt. 676 Motion for Allowance and Payment of Admin Claim to exceed 35 pages_ .

2.  Movant(s) requests that the court grant the motion without a hearing as provided for in:

    ☒ LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on
      additional parties as specified in LBR 9013-2(b)___; or

    ☐ LBR 9013-1(q), which requires service of the motion only on parties via Notice of Electronic Filing.

3.  The motion is based upon the legal and factual grounds set forth in the motion.  (*Check appropriate box below*):

    ☒ The full motion is attached to this notice; or

    ☐ The full motion was filed with the court as docket entry # ___, and a detailed description of the relief sought is
      attached to this notice.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 1                         **F 9013-1.2.NO.HEARING.NOTICE**

4.  Movant will promptly lodge an order that the court may use to rule on the motion, as the court may rule on the motion
    without a hearing and without an opportunity for any party to file a request for a hearing,.

Respectfully submitted,

Date:  04/18/2024

/s/ Kathleen P. March, Esq.
Signature of Movant or attorney for Movant

 Kathleen P. March
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                              Page 2                          F 9013-1.2.NO.HEARING.NOTICE

Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson on Motion for*
*Payment of Administrative Claim*

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP, PC | Bankruptcy Case No. 8:23-bk-10571-SC<br>Chapter 11<br><br>**MOTION, OF GREYSON LAW CENTER, PC, FOR AN ORDER ALLOWING GREYSON'S MEMORANDUM OF POINTS AND AUTHORITIES TO ITS *REPLY TO OPPOSITION TO [DKT.676] MOTION FOR PAYMENT OF ADMINISTRATIVE CLAIM* TO EXCEED THE 35-PAGE LIMIT OF CDCA LBR 9013-2(b)(1); WITH DECLARATION OF KATHLEEN P. MARCH**<br><br><br>Please note: Per CDCA LBR 9013-1(p)(11), this Motion may be determined with Notice, but without a Hearing.  Notice of Motion is above. |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    GREYSON'S REPLY TO TRUSTEE'S OPPOSITION TO GREYSON'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM [DKT. 676] MUST BE OVER 35 PAGES BECAUSE OF THE COMPLEXITY, VOLUME,  AND DEPTH OF ISSUES IT MUST COVER**

Greyson, by this Motion, requests that the Court enter an Order allowing

Greyson's Memorandum of Points and Authorities to its Reply to exceed the 35-page

limit of CDCA LBR 9013-2(b)(1).  Greyson's Reply Memorandum of Points and

Authorities is 58 pages long.  LBR 9013-1(a)(1) states:

> "(b) Form of Briefs.
>     (1) Length. A brief must not exceed 35 pages in length, **<u>unless otherwise</u>**
>     **<u>ordered by the court</u>** on motion filed and served pursuant to LBR 9013-1(p).
>     [bold/underline added for emphasis]

Greyson's Motion for Allowance and Payment of Administrative Claim (dkt.

676, "Motion" hereafter) seeks payment of (1) a $5,134,000 expense for 2,480 unpaid

invoices from Greyson to Phoenix Law Group, an alter ego of the debtor, and (2) a

$300,633 expense, which is essentially damages caused by Trustee's negligence

relating to the 6/2/23 Lockout and actions thereafter.

At $5,434,633 total, Greyson's is the largest Motion for Administrative Claim

in the LPG bankruptcy case.  Understandably, Greyson's briefing—and Trustee's

Opposition—has been thorough and complex.  The briefing is made more voluminous

by the fact that the $300,633 expense and $5,134,000 expense are due to Greyson under two completely separate theories of law, one of which (Trustee's negligence relating to the 6/2/23 lockout) is fact-intensive.

Greyson hereby requests permission for the briefing in its Reply, being filed herewith, to exceed 35 pages.

**A. Trustee's OPP made 8 different scurrilous, false, no evidence allegations, which Greyson Reply Memo of P&A had to spend its first 12 pages refuting; It was NOT Greyson's fault that Greyson had to spend 12 pages refuting Scurrilous, false, no evidence allegations, which Trustee OPP should not have made**

If Trustee's Opposition [dkt.1105] to Greyson's [dkt.676] administrative claim motion had not contained 8 Scurrilous, False Allegations—allegations which should NOT have been made, because OPP had No Declarations or Exhibits to supply ANY Evidence supporting (much less proving) those scurrilous and false Allegations, then attorney Kathleen P. March, Esq of the Bankruptcy Law Firm PC would not have had to spend 12 pages (pp1 through 12) of Greyson's REPLY, quoting each of the 8 false, scurrilous, without evidence allegation of OPP, and explaining WHY each of same was false, scurrilous, and without evidence. Not having to do that would have reduced Greyson Reply memorandum of points & authorities from 58 pages to 46 pages. (March Decl hereto)

**a. Trustee's Opposition to the Motion raises many complex issues of law --Which OPP is in ERROR on--which Greyson must thoroughly brief in response, in order for Greyson to assert its right to an administrative claim**

Trustee's Opposition raises many allegations of law--which are in error, and which Greyson's REPLY Memorandum of Points & Authorities had to rebut. Just some of those issues are:

1. Because Trustee attorneys Dinsmore firm/their field agents, seized the signed written contract between Greyson and Phoenix, from Greyson's office, in the 6/2/23 Lockout, and have stonewalled producing that contract to Greyson's attorney, March of The Bankruptcy Law Firm, PC, Greyson's REPLY Memo of P&A had to brief F.R.E Rules 1004 and 1007 that allow Greyson to prove the existence and content of that Contract, through Declarations and through testimony Phoenix managing attorney, Ty Carss, gave at 6/12/23 court hearing. That took a lot of pages of briefing, and multiple declarations: Greyson proved that the signed contract, signed on or about 5/19/23, between Greyson, and Phoenix, in which Phoenix contracted to pay Greyson $2,000 per state court lawsuit, where Greyson attorneys appeared for Phoenix, on a 1099 basis, to defend Phoenix clients in over 2,480 state court suits throughout the US. (March Decl)

2. Rose Bianca Loli of Phoenix signed the Greyson-Phoenix contract, for Phoenix, and Greyson's REPLY Memo of P & A had to brief law on apparent authority (of Loli).(March Decl)

3. Trustee's OPP did NOT deny that Dinsmore firm/its field agents seized the signed Greyson-Phoenix Contract, in the 6/2/23 Lockout of Greyson from Greyson's office, and OPP did NOT deny that Dinsmore firm/its field agents have possession of that signed Contract,  but Trustee didn't produce the contract, despite Geyson by March's firm serving a Request to Produce Documents for that Contract and other relevant documents.  Instead of producing the Contract, Trustee's attorneys made an evasive, obviously invalid, Response, which stonewalled on producing the Contract.  Due to Trustee's failure to produce the Contract, Greyson's REPLY Memo of P&A deemed it prudent to brief law on Greyson's **quantum meruit** right to be paid, by the LPG bankruptcy estate, the same $2,000 per state court lawsuit, which Greyson attorneys appeared for Phoenix, on a 1099 basis, to defend Phoenix clients in 2,480 state court suits throughout the US.  That took several pages in Greyson Memo of P&A. (March Decl)

4. Opposition alleging—in error of law--that 11 USC §502(d) prevents granting a motion for administrative claim where the trustee has brought a preference/fraudulent transfer adversary proceeding against the movant,

necessitating Greyson's Memo of P & A briefing the correct statutory analysis and caselaw holding that  11 USC 502(d) does NOT  apply to an administrative expense claim, when the Bankruptcy Code sections and case law are directly contra; (March Decl)

5. Because Trustee's Opposition—citing NO law and NO facts—alleged, in error of law and in clear error of fact, that a Stipulation and Order between Trustee and Phoenix/Carss/Tan, which Greyson is NOT a party to, eliminates the LPG bankruptcy estate's liability to pay Greyson's [dkt.676]administrative claim Motion, Greyson's REPLY Memo of P&A had to brief the correct law, and the facts, that the LPG bankruptcy estate is liable to pay Greyson the $2,000 per case that Phoenix contracted to pay Greyson, because Phoenix is LPG's alter ego, and because that work benefitted LPG (which sold the client files for many millions of dollars to Morning Law.  Briefing on alter ego law was 5 pages. Briefing that LPG bankruptcy estate cannot stipulate out or or evade its alter ego liablitiy to Greyson, plus briefing on the many reasons the Dkt.77 Stipulation between trustee and Phoenix/Carss/Tan does not bind Greyson, which is not a party to that Stipulation is 16 pages. (March Decl)  that 16 pages included briefing on law that : (1) Greyson not bound by dkt.77 stipulation because not a signatory to it, (2) how the language of the stipulation and order are vague and ambiguous, and how that ambiguity must be construed against

the drafter (here, Trustee's special counsel, i.e., the estate), and (3) law on

service of Trustee's dkt.176 Motion moving to have the Dkt.77 stipulation

ordered as an Order.

6. OPP's false argument that Greyson's $300,663 administrative claim had not

basis in fact or law required Greyson Memo of P&A to recap that Trustee's

attys Dinsmore firm/their field agents had acted negligently and had acted

intentionally wrongfully, and LPG bankruptcy estate is liable for negligence

and intentional misconduct of trustee's attorneys.  (March Decl).

7. Opposition claiming that Greyson failed to meet its burden of proof on many

issues, necessitating Greyson's  Memo of P&A and many detailed Declarations,

with exhibits rebutting OPP's erroneous and unproven allegations.

8. Greyson has the burden of proof, and therefore could not take the chance of

NOT briefing of the foregoing issues, to provide this Court, and any appellate

court, with a full record of law and facts.  (March Decl)

9. Based on the above issues, which Opposition raised and Greyson's Reply must

address, Greyson respectfully requests that this Court enter an order (being e-

lodged herewith, and attached here as **Exhibit A**) allowing Greyson's

Memorandum of Points and Authorities to its Reply to be 58 pages long, which

exceeds the 35-page limit of CDCA LBR 9013-2(b)(1), due to the complexity

1  and breadth of issues outlined above.

2

3  Dated:  April 18, 2024                    THE BANKRUPTCY LAW FIRM, PC
                                             ___/s/ Kathleen P. March_____
4                                            By Kathleen P. March, Esq., counsel for
                                             Greyson Law Center, PC on Motion
5

6      **DECLARATION OF KATHLEEN P. MARCH TO THIS MOTION**

7
   I, KATHLEEN P. MARCH, declare:
8

9  1.  I (with my firm's associate attorney) wrote Greyson's REPLY, and I wrote this

10     Motion for longer Memo of P&A.  Everything I say supra in this Motion, is

11     true, to my personal knowledge and I incorporate it herein, as if set forth in full.

12  2.  The (proposed) Order granting this Motion is attached as Exhibit A to this

13     Declaration.

14
   I declare under penalty of perjury that the foregoing is true and correct and that
15
   this Declaration is executed at Los Angeles, California on April 18, 2024.
16

17                 _____/s/ Kathleen P. March_____

18                     KATHLEEN P. MARCJ

19

20

21

22

23

24

25  MOTION, OF GREYSON LAW CENTER, PC, FOR AN ORDER ALLOWING GREYSON'S
   MEMORANDUM OF POINTS AND AUTHORITIES TO ITS REPLY TO OPPOSITION TO [DKT.676]
26  MOTION FOR PAYMENT OF ADMINISTRATIVE CLAIM TO EXCEED THE 35-PAGE LIMIT OF CDCA
   LBR 9013-2(b)(1); WITH DECLARATION OF KATHLEEN P. MARCH, ESQ.

# EXHIBIT A

1 | Kathleen P. March, Esq., (CA SBN 80366)
2 | **THE BANKRUPTCY LAW FIRM, PC**
3 | 10524 W. Pico Blvd, Suite 212, LA, CA 90064
  | Phone: 310-559-9224;    Fax: 310-559-9133
4 | Email: kmarch@BKYLAWFIRM.com
  | *Counsel for Greyson on Motion for*
5 | *Payment of Administrative Claim*

6 | UNITED STATES BANKRUPTCY COURT

7 | OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

In re

LITIGATION
PRACTICE
GROUP, PC

Bankruptcy Case No. 8:23-bk-10571-SC

Chapter 11

**(PROPOSED) ORDER GRANTING MOTION, OF GREYSON LAW CENTER, PC, FOR AN ORDER ALLOWING GREYSON'S MEMORANDUM OF POINTS AND AUTHORITIES TO ITS *REPLY TO OPPOSITION TO [DKT.676] MOTION FOR PAYMENT OF ADMINISTRATIVE CLAIM* TO EXCEED THE 35-PAGE LIMIT OF CDCA LBR 9013-2(b)(1)**

[No hearing held]

Greyson Law Center, PC, by its counsel of record, having filed its *Motion for an Order allowing Greyson's Memorandum of Points and Authorities to its Reply to Opposition to [Dkt.676] Motion for Payment of Administrative Claim to exceed the 35-page limit of CDCA LBR 9013-2(b)(1)*, and Notice being given but no hearing being required or held thereon pursuant to CDCA LBR 9013-1(p)(11), and good cause

appearing, the Court hereby ORDERS:

1. Greyson Law Center, PC is permitted to file its *Reply to Opposition to [Dkt.676] Motion for Payment of Administrative Claim* with a Memorandum of Points and Authorities that is 58 pages, which exceeds the 35-page limit of LBR 9013-2(b)(1), and this Court will consider the Reply in its entirety.

IT IS SO ORDERED.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify* **NOTICE OF MOTION, AND MOTION, OF GREYSON LAW CENTER, PC, FOR AN ORDER ALLOWING GREYSON'S MEMORANDUM OF POINTS AND AUTHORITIES TO ITS REPLY TO OPPOSITION TO [DKT.676] MOTION FOR PAYMENT OF ADMINISTRATIVE CLAIM TO EXCEED THE 35-PAGE LIMIT OF CDCA LBR 9013-2(b)(1)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___4/18/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___4/18/24___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Litigation Practice Group P.C.
17542 17th St
Suite 100
Tustin, CA 92780

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___4/18/24___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/18/24 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**    birnberg@portersimon.com, reich@portersimon.com
- **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**    mdavis@dtolaw.com, jmartinez@dtolaw.com
- **Anthony Paul Diehl**    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling**    jd@jdl.law,
  dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Meredith Fahn**    fahn@sbcglobal.net
- **William P Fennell**    william.fennell@fennelllaw.com,
  luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com,
  nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Mark Mark Good**    mark@markgood.com
- **David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Richard L. Hyde**    richard@amintalati.com
- **Peter L Isola**    pisola@hinshawlaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Sara Johnston**    sara.johnston@dinsmore.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

- **Meredith King**   mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**   nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**   David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**   chris@slclawoffice.com,
  langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**   Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**   daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**   bleyva@mayerbrown.com,
  2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**   marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman**   mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**   Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig**   mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**   marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**   kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**   bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**   sarah.mattingly@dinsmore.com
- **William McCormick**   Bill.McCormick@ag.tn.gov
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**   bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**   gmoses@venable.com,
  cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**   Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**   anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**   vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**   jacob.bothamley@dinsmore.com,
  angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Israel Orozco**   israel@iolawcorp.com
- **Keith C Owens**   kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**   rpinkston@seyfarth.com,
  jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **Tyler Powell**   tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **Daniel H Reiss**   dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**   vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**   krogers@wellsmar.com
- **Gregory M Salvato**   gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**   olivia.scott3@bclplaw.com
- **Jonathan Serrano**   jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**   Mstotaro@aol.com
- **Paul R Shankman**   PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**   Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**

- **Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**    rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**