1  Kathleen P. March, Esq., (CA SBN 80366)
2  **THE BANKRUPTCY LAW FIRM, PC**
   10524 W. Pico Blvd, Suite 212, LA, CA 90064
3  Phone: 310-559-9224; Fax: 310-559-9133
   Email: kmarch@BKYLAWFIRM.com
4  *Counsel of Record for Greyson Law Center PC*
5  *on Its dkt.676 Motion,& defending adversary proc.*

6            UNITED STATES BANKRUPTCY COURT

7        CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

8

9  | In re | Bankruptcy Case No. 8:23-bk-10571-SC |
10 |       | Chapter 11 |
11 | THE   |
   | LITIGATION | **REPLY OF *GREYSON LAW GROUP PC*, TO TRUSTEE** |
12 | PRACTICE | **MARSHACK'S OPPOSITION TO GREYSON'S MOTION** |
   | GROUP, P.C., |
13 |       | **[DKT.676] FOR ALLOWANCE AND PAYMENT OF** |
14 | Debtor. | **ADMINISTRATIVE CLAIM PER 11 U.S.C. §503(b)(1)(A);** |
15 |       | **ATTACHED HERE ARE TONY DIAB DECL.** |
16 |       | **(PREVIOUSLY FILED 4/2/24) , SECOND TONY DIAB** |
17 |       | **DECL., SIGNED 4/17/24; TWO SCOTT EADIE DECLS.,** |
18 |       | **DOUGLAS PLAZAK DECL., JAYDE TRINH DECL., AND** |
19 |       | **KATHLEEN MARCH DECL.** |
20 |       | **BEING FILED AS A SEPARATE PLEADING IS HAN** |
21 |       | **TRINH'S REPLY DECLARATION (BEING FILED** |
22 |       | **SEPARATELY DUE TO VERY VOLUMINOUS EXHIBITS)** |
23 |       | Hearing on Greyson's [dkt.290] Motion for allowance and |
24 |       | payment of administrative claim is set for: |
   |       | Date: April 25, 2024 |
25 |       | Time:  11:00 a.m. |
26 |       | Place:  Courtroom of Bankruptcy Judge Scott Clarkson, by Zoom |
   |       | or in person at: |
27 |       | 411 West Fourth Street, Courtroom 5C |
28

---

1

2

3

4

Santa Ana, CA 92701-4593

5

6

7

Greyson Law Group PC's ("Greyson" herein) REPLY includes the attached

REPLY Memorandum of Points & Authorities.

8

9

10

11

12

13

In addition, this REPLY includes the attached Tony Diab Declaration.

(previously Filed 4/2/24 and filed again here), second Tony Diab Declaration, signed

4/14/24; Two Scott Eadie Declarations, Douglas Plazak Declaration, Jayde Trinh

Declaration, and Kathleen March Declaration, and exhibits as stated in these

Declarations.

14

15

16

17

18

In addition, Greyson's REPLY is based on the REPLY Declaration of Han

Trinh, which is **being filed as a separately captioned pleading**, due to the

voluminous exhibits to that Declaration.

19

20

21

22

23

Dated: April 18, 2024                    THE BANKRUPTCY LAW FIRM, PC

__/s/ Kathleen P. March_____
By: Kathleen P. March, Esq
*Attorneys for  Greyson Law Center, PC*
*on this Motion*

24

25

26

27

28

1

## REPLY TABLE OF CONTENTS

2

## GREYSON'S REPLY MEMORANDUM OF POINTS & AUTHORITIES

3

I.    OPP Has No Declarations to Prove the False (and Scurrilous) Allegations
OPP Makes at Pages 5-12 of OPP, and the Exhibits OPP Cites Don't Prove
OPP's Allegations Either...............................................................................1

II.   Things Trustee's OPP Does Not Deny.........................................................13

    A.   OPP Does Not Deny that Phoenix is the Alter Ego of Debtor LPG…...13

    B.   Opp Does Not Deny that Phoenix' Managing Atty Carss, Testified at the
6/12/24 Hearing about the Greyson-Phoenix $2,000 per Lawsuit
Contract...................................................................................................18

    C.   OPP does not deny that Dinsmore firm/its field agents Seized the Signed
Greyson-Phoenix $2000 per lawsuit contract in the 6/2/23 Lockout of
Greyson from Greyson's office……………..........................................19

    D.   OPP does not deny that Dinsmore Firm/its Field Agents have the signed
Greyson-Phoenix $2000 per lawsuit contract.......................................19

    E.   OPP does not deny that Greyson served a *Request to Produce
Documents* on Dinsmore firm on 2/29/24, requesting Trustee to
Produce the signed Greyson-Phoenix Contract (seized by Dinsmore firm
from Greyson's Office on 6/2/23),  but Neither Dinsmore Firm, Nor
Trustee's Marshack Hays Firm, has Produced the Signed Contract, and
Trustee's *Response* (though Evasive and in Bad Faith, did Not Deny
seizure or existence Signed Contract.................................................20

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

III.   OPP P.8, Line 1,  Makes the Utterly Bad Faith Argument that Greyson has Not Provided a Copy of the Greyson-Phoenix Contract, When Trustee's Attorneys Seized that Contract in the 6/2/23 Lockout and Have It (Not Denied By OPP), But Have Stonewalled Producing It..............................22

IV.   Greyson is Entitled to Prove, and Has Proven the Existence & Terms of the Greyson-Phoenix Contract, which Trustee's Attorneys Seized from Greyson's Office on 6/2/23...........................................................................23

   A. FRE Rule 1004 Makes Declarations of  Han Trinh and Tony Diab, Plus Carss 6/12/23 Testimony, Admissible To Prove The Existence Of, And Content Of, The Signed Greyson-Phoenix, $2,000 Per Lawsuit Contract……………………………………………………………23

   B.   Loli either had actual authority, or apparent authority to sign Greyson-Phoenix Contract for Phoenix; either Binds Phoenix............................26

   C.   OPP has No Evidence Contradicting Existence or Terms of Greyson-Phoenix Contract…………………………………….……...........28

V.   The $2,000 Per Case Price Phoenix Contracted to Pay Greyson, in the Greyson-Phoenix  Contract was Reasonable, as Proven by Trustee's Own Declarant...............................................................................................28

VI.   Greyson's Uncontroverted Evidence  Proves Greyson Attorneys Appeared in 2,480 Lawsuits, for Phoenix, Defending Phoenix Clients--Which Were  LPG Clients, Transferred To Phoenix by LPG, and Later Transferred Back to LPG by The "Avoidance" Part of the Dkt.77 Stipulation.........................29

   A.   Greyson did not send Greyson attorneys to Defend over 2,480 Law Suits, for Free; No Law Firm Would Do That.....................................31

B.    The Clarke and Dearweather Declarations to OPP are Irrelevant to Greyson's Administrative Claim……………………….........................31

VII.    LPG is the Entity that Benefitted From Greyson Attorneys, Post-Petition, appearing defending 2,480 Phoenix Clients in 2,480 State Court Lawsuits, because LPG Got All Transferred Clients Back From Phoenix--By The Dkt.77 "Avoidance" Stipulation--And LPG then Sold All Those Client Files to Morning Law, for Many Millions Of Dollars ......................................31

VIII.   If There Had Been No Signed Contract, Greyson Would Still be Entitled to be Paid—on a **Quantum Meruit** Basis………………………..….32

IX.    OPP Contains Further Errors of Law.......................................................36

A.    OPP's,p.2-3, 11 USC §502(d) argument is error of law.....................36

B.    OPP, p7, lines 20-23 (citing no authority) is error of law, in alleging that LPG's Bankruptcy Estate is Not liable for Phoenix debts...........39

X.    LPG's Bankruptcy Estate Cannot Stipulate Out Of, or in Any Other Manner Evade, Estate's Liability to Pay Greyson for the Vital Post-Petition Work-- Benefitting LPG—which Greyson Did, Defending Phoenix/LPG Clients in 2,480 State Court Suits, which LPG's Alter Ego, Phoenix, Contracted to Pay Greyson $2,000 Per Case for………………………………………....……...39

XI.    For Many Reasons, the Dkt.77 "Avoidance" Stipulation/Dkt.365 Order, Do Not Excuse the LPG Bankruptcy Estate from Being Liable to Pay Greyson Greyson's Administrative Claim Motion [Dkt.676]……………………41

A.    Greyson is Not a party to the Dkt.77 Stipulation and so is Not Bound by that Stipulation; Only Trustee, and Phoenix/Carss/Tan, are Parties to that Stipulation..................................................................................41

B.    Trustee's dkt.176 "Motion for Order approving Stipulation" [dkt.77] Only Moves the Court to enter an Order approving the Stipulation, and does NOT move to the Court to Broaden what persons/entities are bound by the Stipulation, beyond the Parties which Signed the Stipulation, which are Only Trustee on the one hand, and Phoenix/Carss/Tan on the other Hand...............................................43

C.    This Court Granting Trustee's [dkt.176] Motion to Order the Dkt.77 Stipulation as an Order, Does NOT Increase, or Change, What parties are Bound by the Stipulation; the Order [dkt.365 in main LPG case docket] Only Makes the Stipulation an Order between the Parties which signed the Dkt.77 Stipulation, which are Trustee, and Phoenix,/Carss/Tan, which Cannot NOT affect the rights of parties, such as Greyson, which are not signatories to the dkt.77 Stipulation............................................................................................45

D.    Even if the Dkt.77 Stipulation (ordered by the Dkt.365 Order) bound Greyson—which is NOT the case, as Greyson is NOT a signatory, the Language is Fatally Vague and Ambiguous regarding What Entity is Liable to Pay the $2,000 per suit owed to Greyson, After the Client Files (Returned to LPG from Phoenix by "avoidance") are sold by Trustee; that Vagueness and Ambiguity Must be Construed against Trustee/the LPG bankruptcy estate, because Trustee's Special Counsel, the Dinsmore firm, drafted the Dkt.77 Stipulation...........................46

E.    Lack Of Valid Service is an Additional Reason Why Greyson (also Han and Jayde Trinh) are Not Bound by the Dkt.365 Order Granting Trustee's Dkt.176 Motion:  None of Greyson, Han, Jayde was Validly Served with the Dkt.176 Motion; Dinsmore Firm Did Not Phone Any

of the 3 Telling Them the Hearing Date; and Dinsmore Firm Failed to
File/Serve *Notice of Hearing* Court's Dkt.180 Order  Ordered Firm to
File/Serve  Stating 7/11/23 Hearing Date...........................................49

XII.   OPP (P2, lines 15-17) Errs in Alleging Greyson's Motion Has No Basis In
Fact or Law for Greyson's $300,633 Admin Claim: That $300,663 Claim  is
for Damage that <u>Negligence Of,  and Intentional Misconduct</u> Of, Dinsmore
Firm/Its Field Agents Caused Greyson, which LPG'S Bankruptcy Estate is
Liable for …………………………………………………………...……52

XIII.  Conclusion..............................................................................55

NOTE:  Han Trinh Declaration to This Reply. **<u>Filed as a separately captioned</u>**
**<u>pleading due to very voluminous exhibits</u>**

**<u>Declarations attached here are</u>**:

Declaration of Kathleen P. March Esq.........................................................59
attaching and authenticating various exhibits

Declaration of Tony Diab filed 4/2/24...................................................
attesting Diab brokered Contract between Greyson and Phoenix for Phoenix to
pay Greyson $2,000 per state court suit in which Greyson attorneys appeared
defending Phoenix clients (aka LPG clients)

Second Declaraton of Tony Diab signed 4/17/24………………………………
regarding Rose Bianca Loli signing, for Phoenix, the Greyson-Phoenix $2,000
per state court lawsuit contract…………………………………………….

1  First Declaration of Scott Eadie, Esq............................................................................

2      filed 4/2/24 that he is sole owner of Greyson, incorporated on 5/12/23

3

4  Second Declaration of Scott Eadie...............................................................................

5      that he has always been agent for service of process on Greyson Law Center

6      PC, listed with CA Secy of State, that he was not served with dkt.176 Motion,

7      or with any Notice of hearing, and no one phoned him re 7/11/24 hearing date

8      on dkt.176 Motion

9

10  Declaration of Douglas Plazak, Esq............................................................................

11      attesting he never appeared for Greyson, Han or Jayde  in LPG main

12      bankruptcy case, and serving him with dkt.176 Motion, filed in LPG main case

13      was not valid service on Greyson, Han or Jayde,  of Dinsmore firm dkt.176

14      Motion, and no one phoned him re 7/11/23 hearing date of dkt.176 Motion

15

16  Declaration of Jayde Trinh, Esq.................................................................................

17      that she filed a proof of claim in LPG main bankruptcy case, pro se, in May

18      2023, and that she was never served with dkt.176 Motion, or any Notice of

19      Hearing, and no one phoned her re 7/11/23 hearing date of dkt.176 Motion ..

20

21

22

23

24

25

26

27

28

1

# <u>REPLY TABLE OF AUTHORITIES</u>

2

3    <u>Cases</u>

4    *Acacia Corp. Mgmt., LLC v. United States*,

5        CIV F-07-1129 AWI GS, 2010 WL 37667006 (E.D. Cal. Sept. 21, 2010).......42

6    *Aetna Ins. Co. v. Hyde*,

7        34 F.2d 185 (W.D. Mo. 1929).......................................................................42-43

8    *C.H. Belt & Associates, Inc v. East & West Gourmet Food, Inc*.,

9        SA CV 16-1953-DOC (DFMx), 2017 WL 11631509 (C.D. Cal. 2017)...........16

10   *Cam-Carson v. Carson Reclamation Authority*,

11       82 Cal.App.5th 535 (Cal. Ct. App. 2022)...........................................................15

12   *Consumerdirect, Inc. v. Array US, Inc*.,

13       8:21-CV-01968-JVS(ADSx), 2023 WL 6165732 (C.D. Cal. 2023)................16

14   *Fuji Photo Film Co. v. Int'l Trade Comm'n*,

15       386 F.3d 1095 (Fed. Cir. 2004).........................................................................42

16   *Galaxy Networks, Inc. v. Kenan Sys. Corp.*,

17       225 F.3d 662 (9th Cir. 2000)..............................................................................34

18   *Huskinson & Brown v. Wolf*,

19       32 Cal.4th 453 (Cal. 2004)..................................................................................34

20   *In re Ames Dept. Stores, Inc.*,

21       582 F.3d 422 (2d Cir. 2009)..........................................................................37-39

22   *In re Bake-Line Grp., LLC*,

23       312 B.R. 48 (Bankr. D. Del. 2004)................................................................41-42

24   *In re C.P. Hall Co.*,

25       513 B.R. 546 (Bankr. N.D. Ill. 2014).............................................................51-52

26   *In re CM Holdings, Inc.*,

27       264 B.R. 141 (Bankr. D. Del. 2000)...................................................................38

28   *In re De Laurentiis Ent. Grp. Inc.*,

963 F.2d 1269 (9th Cir. 1992)..............................................................33

*In re Durango Georgia Paper Co.,*

297 B.R. 326 (Bankr. S.D. Ga. 2003)...............................................38

*In re Henson,*

289 B.R. 741 (Bankr. N.D. Cal. 2003)..............................................42

*In re Lids Corp.,*

260 B.R. 680 (Bankr. D. Del. 2001).................................................38

*In re MicroAge, Inc.,*

291 B.R. 503 (9th Cir. BAP 2002)....................................................38

*In re Momenta, Inc.,*

455 B.R. 353 (Bankr. D. N.H. 2011).................................................39

*In re Parsons,*

505 B.R. 540 (Bankr. D. Haw. 2014)................................................42

*In re Plastech Engineered Prod., Inc.,*

394 B.R. 147 (Bankr. E.D. Mich. 2008)............................................38

*In re Quantum Foods, LLC,*

554 B.R. 729 (Bankr. D. Del. 2016).................................................38

*In re Rae,*

286 B.R. 675 (Bankr. N.D. Ind. 2002)..........................................50-51

*In re TI Acquisition, LLC,*

410 B.R. 742 (Bankr. N.D. Ga. 2009)..............................................38

*Kayne v. Ho,*

No. LA CV09-06816 JAK (CWx), 2012 WL 12878753 (C.D.Cal. 2012)...15-16

*Las Palmas Assoc. v. Las Palmas Ctr. Assocs.,*

235 Cal.App.3d 1220 (Cal. Ct. App. 1991).................................14-15

*Nature Quality Vine Ripe Tomatoes v. Rawls Brokerage, Inc.,*

No. 2:04-CV-0016-VEH, 2006 WL 8437347 (N.D. Ala. Aug. 24, 2006)........42

*OEM-Tech v. Video Gaming Techs., Inc.,*

1    No. C 10-04368 RS, 2012 WL 12920087 (N.D. Cal. July 31, 2012)...............27

2    *Ripani v. Liberty Loan Corp.*,

3        95 Cal. App. 3d 603 (Cal. Ct. App. 1979)...........................................27

4    *Salyers v. Metro. Life Ins. Co.*,

5        871 F.3d 934 (9th Cir. 2017)................................................................27

6    *Troyk v. Farmers Grp., Inc.*,

7        171 Cal.App.4th 1305 (Cal. Ct. App. 2009)..................................14-16

8

9    <u>Statutes and Rules</u>

10    11 USC §501.............................................................................9, 36-37

11    11 USC §502(d)........................................................................9, 36-38

12    11 USC §503(b)........................................................................ 9, 36-38

13    FRE Rule 1004.............................................................................24-25

14    FRE Rule 1007................................................................................26

15    Cal. Civ. Code §2300.....................................................................27

16    Cal. Civ. Code §2334.....................................................................27

17

18

19

20

21

22

23

24

25

26

27

28

## GREYSON'S <u>REPLY</u> MEMORANDUM OF POINTS & AUTHORITIES

**I.     OPP HAS NO DECLARATIONS TO PROVE THE FALSE (AND SCURRILOUS) ALLEGATIONS OPP MAKES AT PAGES 5-12 OF OPP, AND THE EXHIBITS OPP CITES DON'T PROVE OPP'S ALLEGATIONS EITHER**

OPP pages 5-12 has no declarations to prove any of the many false (and scurrilous) allegations OPP makes, which are contrary to Greyson's uncontroverted evidence. OPP has no Declaration of Trustee Marshack, and the Declarations of Trustee's attorneys Hays and Mamlyuk do not prove OPP's false (and scurrilous) allegations, which must therefore be disregarded. Nor does Alex Rubin's Declaration [dkt.1099 filed 4/11/24] prove anything. Rubin has no personal knowledge of anything, and cannot lay foundation for the documents his Declaration attaches, which don't prove OPPs allegations.

This Reply will now quote various of OPP's false (and scurrilous) allegations, and will explain why each is false, lacks evidence, and is contrary to Greyson's uncontroverted evidence:

**A. OPP p.7, lines 5-11 lacks evidence, and is false, where it alleges:**

"In the course of Trustee's investigation of Greyson, Trustee discovered that post-petition, Local counsel essentially continued working on the consumer client files under the supposed banner of Greyson. Trustee reached out to Local counsel to understand what work they were performing and how they received the assignments. Here, Trustee uncovered another fraudulent surprise. Greyson's master plan was thuggishly straightforward: Greyson intended to charge entities like Phoenix a "rental fee" for the use of "Greyson attorneys,"

even though they were the same attorneys that had worked for Debtor.  Clarke Decl, Exh.7"

This allegation requires a Declaration of Trustee Marshack saying he discovered all this. But OPP has no Declaration of Trustee Marshack whatsoever. Nor do the OPP Declarations of Trustee's attorneys Hays and Mamlyuk attest to anything said in this quote.  Clarke's Decl, Exh.7 is  the only thing cited to as proving the above quote, but Clark has no personal knowledge, because Clarke is NOT one of Greyson's attorneys whose work is billed to Phoenix, by Greyson, in the 2,480 Greyson to Phoenix invoices that bill Phoenix for the contracted for $2,000 per state court lawsuit price, per the written contract between Greyson and Phoenix. (2,480 invoices are **Exhibit A** to  Han Trinh's Decl to this Reply ("Han Reply Decl.).  The list of which Greyson attorneys, who appeared as local counsel, for Phoenix, on a 1099 basis, defending clients in each those 2,480 state court cases in the cases, is **Exhibit B** to Han Reply D.

Han's Reply Decl attests that  neither "local counsel" attorneys Clarke or Dearwester, were attorneys Greyson provided to Phoenix, to defend the 2,480 state court cases, for which Greyson sent the 2,480 $2,000 invoices to Phoenix, so they have no personal knowledge of the work billed in the 2,480 invoices.  Exhibit 7 to Clark's deposition, which is the only "authority" cited, is a proposed employment contract between Phoenix and Clark, dated 6/16/23, only signed by Clark, and does not prove anything in the quote.

Contrary to this false quote, there was no "thuggish" Greyson master plan. What there was, and is, is a binding signed contract between Greyson and Phoenix, which the LPG bankruptcy estate is liable to pay Greyson for, because **Phoenix is LPG's alter ego**, and because it was LPG that received the **benefit** of Greyson sending Greyson attorneys to appear, on a 1099 basis, to defend the consumer clients in the 2,480 suits. (Han Reply Decl, March Reply Decl, see Diab Decl signed 4/14/24)

LPG received the **benefit** of that work because Phoenix returned all the clients files to LPG, by the dkt.77 "avoidance" Stipulation, and dkt.365 Order on Stipulation, and LPG immediately thereafter sold the all the returned files to Morning Law for over 40 million dollars.   (Han Reply Decl., March Reply Decl.)

OPP p12, lines 1-3 has no basis in fact or law, for opining that the LPG bankruptcy estate has the option of paying the Greyson attorneys directly, what (if anything) Trustee thinks is appropriate, for their work in the 2,480 suits.  (March Reply Decl). Because LPG is Phoenix's alter ego, LPG's bankruptcy estate is bound to honor that post-petition contract between Greyson and Phoenix. (March Reply Decl)

The testimony of Phoenix managing attorney Ty Carss, at the 6/12/23 court hearing, is that Phoenix was so slow paying attorneys appearing for Phoenix in state court suits, that many of the attorneys told Carss that they would not work for Phoenix directly, that those **attorneys were only willing to represent Phoenix in defending state court suits, through Greyson contracting with Phoenix**:

"A   Well, again, the payment processing through Phoenix was so slow that a lot of these attorneys ["Local Counsel" attorneys appearing in state court suits for Phoenix] were wondering how they were going to get paid.  And then they— many of them, as I noticed, their e-mails all started changing from LPG e-mails to Greyson e-mails.  **And many of them told me that they would not take assignments unless it was through Greyson**." [6/12/23 hearing transcript, p.201, lines 7-8; bold/underline added for emphasis]

Accord: Consistent with Carss testimony, Han's Reply Decl. attests that before they worked for Greyson, some "local counsel" attorneys had done state court defense work for Phoenix directly, but that the attorneys told Han that Phoenix paid them very slowly or not at all, so the attorneys were no longer willing to work for Phoenix directly, and would only work through Greyson.

LPG's bankruptcy estate is liable to pay Greyson, **per the Greyson-Phoenix contract**, the $2,000 per state court suit, for each of the 2,480 suits where Greyson attorneys--provided by Greyson--appeared, defending consumer clients in those state court suits. (Han Reply Decl).

It is irrelevant that many of the attorneys who defended the 2,480 suits had previously been employed by LPG.  LPG had failed. Many of those attorneys next worked for Oakstone, which also failed. Some then worked for Phoenix. Later  many of the ex-LPG attorneys became employees of Greyson.  (All in Han Reply Decl.). Attorneys are not slaves or indentured servants: they are entitled to leave one law firm, to work for another, as they wish, even if the law firms aren't failing (March Reply Decl).  OPP doesn't allege, much less have any authority, that attorneys that

previously worked for LPG, were prohibited from being employed by different firms.

There is no such authority.

Ty Carss additionally admitted, in his testimony, that Phoenix required attorneys in many states throughout the country, and didn't always have attorneys readily available to take cases out of state, and "oftentimes" needed attorneys on an emergency basis, and that it takes time, work and sweat to locate and hire counsel out of state:

> Q:  You could have picked up the phone to -- we -- talk about Indiana.  You could have called counsel in Indiana and say, "Hey, I need you to -- there's -- I got a -- I got a pleading that's due in 48 hours.  Yeah.  I need you on this case.  Will you take the case?"  You could have done that, right?
> A:  I could have, and I did in a few states.
> Q:  Right.  Okay.  But it was -- that's something that's -- that takes time, right?
> A: Correct.
> Q: It takes work.
> A:  Correct.
> Q. Takes sweat, right?
> A:  Absolutely.
> Q:  And oftentimes, you don't have time for that, right.
> A:  I do not.
> Q:  Right.  And so that's where you -- sometimes you have to pay a premium for that -- to do that, right -- to get those counsel, right?
> A:  Correct.
> Q:  Okay.  And so if they -- and, again, if Greyson was charging exorbitant fees, you could have gone to somebody else to do that work. …
> A:  Correct."

[6/12/23 court transcript, see p205, quote is p.206, line 12 - p.207, line 12]

This testimony shows that Greyson was doing important, time-consuming, often emergency basis, administrative work, by Greyson providing Greyson attorneys to defend consumer clients, for Phoenix, in out of state lawsuits.  It was proper for

Greyson to charge Phoenix for the administrative work Greyson was doing, above

what Greyson would owe and pay Greyson's attorneys, which Greyson deployed to

defend the 2,480 suits. (Han Reply Decl.)

### B. OPP, p. 7, lines15-17, has No Evidence, and is Contrary to Greyson's Uncontroverted Evidence, where OPP alleges:

"A few months after the Court-approved sale, Greyson filed this Motion, looking
to collect its "rental fee" from Debtor's estate under the guise of a legitimate
administrative expense that was supposedly beneficial to debtor."

It's not surprising that OPP cites no authority for this blatantly false allegation.  There

was and is no "rental fee."  What there is, is an enforceable contract between Greyson

and LPG alter ego Phoenix, pursuant to which Greyson supplied Greyson attorneys to

defend consumer clients in 2,480 state court suits, for the contracted for price of

$2,000 per suit.

Greyson's administrative motion is a valid administrative claim to enforce the

signed Greyson-Phoenix contract, which the LPG bankruptcy estate is liable for,

because it is a post-petition contract, and Phoenix is the alter ego of debtor LPG, and

LPG (which got all the clients back from Phoenix, by the dkt.77  "avoidance"

Stipulation, and immediately sold all the clients to Morning Law) received the **benefit**

of the Greyson attorneys appearing in the 2,480 state court suits, to defending the

consumer defendants, so those suits did not turn into defaults/default judgments.

OPP at p.12, lines 2-3 is error of law where it states Trustee "…intends to fairly

compensate Local counsel based on actual benefit provided to consumers."  Trustee is

contractually obligated to perform the Phoenix-Greyson contract, to pay Greyson the

$2,000 per lawsuit contracted for amount.  Greyson will pay some of that money to

pay Greyson's attorneys, and will use some of that money to compensate Greyson, for

Greyson's work. (Han Reply Decl) Trustee/the LPG bankruptcy estate are not allowed

to ignore the Greyson-Phoenix contract, to pay Greyson zero for Greyson's work, and

to maybe (or maybe not), pay the Greyson attorneys some lesser amount (if any) that

Trustee decides is all Trustee wants to pay those attorneys.

### C. OPP.p.5 Lacks Evidence, and is Irrelevant to Greyson, where it alleges:

"By January 2023, stakeholders at LPG decided to stiff the creditors by
essentially 'killing' the Debtor by fraudulently transferring all of its assets and
then filing bankruptcy.  They called this the hard part…Rubin Decl.…Exh.23".

It is notable that OPP has **no Declaration of Chapter 11 Trustee Marshack**, and

that the Declarations of attorneys Hays and Mamlyuk to OPP don't prove, or even

allege this.  Plus, allegation is fatally vague, as there is nothing identifying

"stakeholders".  Movant Greyson was not incorporated until 5/12/23—which is long

after LPG filed bankruptcy on 3/20/23—and has no relationship with LPG.  **Greyson**

**is certainly not a "stakeholder" in LPG, so this sentence is irrelevant to Greyson's**

**administrative claim Motion**.  Tony Diab's Declaration filed 4/2/24, and attached

here also, attests that LPG never transferred any LPG client files, or any LPG money,

to Greyson.  Ditto:  ¶10 Scott Eadie Decl filed 4/2/4;  Han Reply Decl.  OPP has no

evidence that LPG transferred any client files, or any LPG money to Greyson, so that is

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

uncontroverted.

Han and Jayde Trinh were W-2 employees of LPG on straight salaries, no bonuses, and were never officers, directors, or shareholders, insiders, or anything except W-2 employees  of LPG. See Han Trinh Decl, and Jayde Trinh Decl, being filed 4/18/24 in Reply to Trustee's OPPs to Han and Jayde administrative claim motions [dkt.674 Han, dkt.675 Jayde], here incorporated by reference as if set forth in full.

Attorney Hays Declaration to OPP alleges Han and Jayde are "insiders" of LPG, but there is no evidence proving that, and Han and Jayde do not meet the 11 USC §101(31) definition of insider.  The people running LPG were Tony Diab and managing attorney Daniel March, Esq.  (Han Reply Decl, Jayde Decl).  Han and Jayde Trinh were doing essential administration work, administering LPG's 50,000 client files, including  the suits in state court, each needing local counsel.   But they did not run LPG, they only administered client files. (Id) The Exhibits to Rubin's Decl [dkt1099]. though not admissible, show Han and Jayde doing administration, but do not show that Han or Jayde were running LPG.

**D. OPP p.10, line 24, to p.11, line 3, has No Evidence, and No Law, where it alleges:**
"There is no fairness principle that would be violated by refusing to allow a fraudulent transferee to recover, as an administrative expense claim, for any damages that it may have incurred by being unable to benefit from the fraudulently transferred assets."

Irrelevant, as Greyson did not receive any fraudulent transfers from LPG, ever. (Han, Eadie, Diab decls cited supra) OPP has ZERO evidence that Greyson received any

fraudulent transfers from LPG, and the evidence is <u>uncontroverted</u> that Greyson did NOT receive any fraudulent transfers from LPG.  As Han Trinh testified in her 3/20/24 deposition (which OPP does not cite at all, because Han's testimony is contrary to OPP's unsupported allegations), and as Han attests in Han's Reply Decl., LPG did not transfer any LPG client files to Greyson (all the files LPG transferred out of LPG were transferred **before** LPG filed bankruptcy on 3/20/24, and present Greyson was not incorporated until 5/12/23),  and did not transfer any LPG money to Greyson, ever.  Tony Diab's Declaration filed 4/2/24, and filed again here, attests that LPG never transferred any LPG files to present Greyson., and that LPG never transferred any LPG money to present Greyson.   Plus this OPP allegation iswrong on law, see briefing at **XI. A** infra.

**E.   OPP, p.12, lines 9-22, is error of law, and clear error of fact:**

That section of OPP alleges Greyson's administrative claim is subject to disallowance per OPP 11 USC §502(d).  The uncontroverted evidence proves Greyson did not receive any fraudulent transfers.  But §502(d) only disallows proofs of claim (which are filed under 11 USC §501) and does not disallow not motions for allowance and payment of administrative claims (which are filed under 11 USC 503), as briefed at  <u>IX. A</u> infra this Reply

**F.  OPP, p7 is also error of law and clear error of fact, where OPP alleges (with no authority whatsoever) that:**

1
2
3

"…the order avoiding the fraudulent transfers to Phoenix made clear that the bankruptcy estate was recovering the assets but was not being subjected to Phoenix's debts".

4

See briefing at **X**. infra, that the LPG bankruptcy estate cannot "stipulate out" of its

5
6

liability to pay debts for work that benefitted LPG,  which LPG's alter ego, Phoenix,

7

owes Greyson.  See briefing at **XI**. **B** infra, that Greyson/Han/Jayde are not bound by

8

the dkt.77 Stipulation, which was only a Stipulation between Trustee on the one hand,

9
10

and Phoenix/Carss/Tan on the other hand.  Settled law (briefed in **XI. B** infra) is that

11

only persons/entities which sign a stipulation are bound by it.  Plus, all the dkt.365

12

Order did, was to grant Trustee's [dkt.176] Motion that moved the Court to Order the

13
14

dkt.77 Stipulation as an Order, which did not broaden the scope of what parties are

15

bound by the Order, beyond the signatories of the dkt.77 Stipulation.  Section **XI. B**.

16

also briefs many additional why neither the dkt.77 Stipulation, nor the dkt.365 Order,

17
18

relieve the LPG bankruptcy estate of its liability to Greyson, to perform the

19

postpetition contract incurred by LPG's alter ego, Phoenix.

20

    **G. OPP p.10, line 27 to p11, line 3, Lacks Evidence and Law where it says:** :

21
22
23
24

"To the contrary, allowing Greyson—whose stakeholders were formerly managing the Debtor, then proceeded to defraud the Debtor, and are now intending to engage in the same business as the Debtor—to recover ahead of those injured by the debtor.  Allowing Greyson an administrative claim to the detriment of the consumer clients, would violate fairness principles."

25
26

There is no evidence to OPP of any of this.  Instead, all the evidence is to the

27
28

contrary.  Greyson is owned 100% by Scott Eadie, Esq., who is managing attorney of

Greyson, and never managed Debtor. Nor did Han or Jayde manage Debtor.  Greyson

never defrauded debtor.  Greyson providing Greyson attorneys to defend consumer

clients  for $2,000 per state court suit (clients which had been LPG clients, then were

transferred to Phoenix, and then were transferred back to LPG by the dkt.77

"avoidance" stipulation), **benefitted the consumer clients**, and **benefitted LPG**,

which soon thereafter sold those and the other recovered LPG files for over 40 million

dollars, to Morning Law.

### H. OPP p8, p. 6, Lacks Any Evidence and Is Contrary to Greyson's Uncontroverted Evidence, in alleging:

"Greyson failed to provide any benefit to the estate"

This is false and is contrary to all the evidence.  Greyson providing Greyson attorneys

to appear in the 2,480 state court lawsuits, to defend consumer clients in those 2,480

suit, benefitted LPG's bankruptcy estate, because it would have been much more

difficult for Trustee Marshack to sell LPG's consumer client files to Morning Law—

or anyone else-- if 2,480 of those files were in default or had default judgments

against them, and no buyer would have paid as much (or bought at all) under those

circumstances.  (Han Decl).

This Court itself, at the 6/12/24 court hearing, stated repeatedly that protecting

the consumer clients was the Court's uppermost concern [transcript p.39, lines 4-13;

p.45, lines 8-15].  Moreover, where OPP at p.12, lines 2-3 states Trustee "…intends to

fairly compensate Local counsel based on actual benefit provided to consumers",

discussed supra, is an admission that defending consumers in 2,480 suits has benefit.

Trustee/the LPG bankruptcy estate is not allowed to ignore the Greyson-

Phoenix contract, to pay Greyson zero for Greyson's work, and to maybe/maybe not

pay the Greyson attorneys some lesser amount (if any) that Trustee decides is all

Trustee wants to pay those attorneys.  As discussed supra this section, the LPG

bankruptcy estate is liable to perform the post-petition contract that LPG's alter ego,

Phoenix, entered into with Greyson, to pay Greyson the $2,000 per suit contracted for

amount. Greyson will use some of that $2,000 per suit amount, to pay Greyson's

attorneys, who did the defense of the 2,480 state court lawsuits, what Greyson owes

them.

It should also be noted that the motions for allowance and payment of

administrative claims filed by some of "local counsel"  attorneys, do NOT duplicate

what Greyson's dkt.676 Motion seeks payment for. See e.g., Exh.34 to Mamlyuk Decl

[dkt.1105, Page 186], an email from Local counsel David Orr's attorney, to Trustee

attorney Mamlyuk, telling Mamlyuk there is no overlap/duplication.

**I.  OPP, p.6, lines 18-19 is Fatally Vague,  and is Not Proven by what it cites:**

 "Mr. Diab, in turn, was sending out missives from his admin email to Han and
 Jayde, who carried out his orders.  Rubin Decl,  Ex.23,24."

This allegation is fatally vague as to what orders Diab gave and as to whether or

not Han and Jayde carried out those orders.  The only thing OPP cites as support is

Exhs.23 and 24 to Rubin's Declaration, which do not establish that Han or Jayde did

anything.  Exh.23 is an email Diab sent to LPG's head of client relations (Reid Hunt)

and to Han Trinh. Exh.23 does not tell Reid Hunt or Han to do anything.  All Han did

is to forward that email to Jayde Trinh (that is Ex.24).  Ex.23 and 24 do not prove that

Reid or Han or Jayde (or Reid) "carried out Diab's orders."

## II.    THINGS TRUSTEE'S OPP DOES NOT DENY

### A. OPP Does Not Deny that Phoenix is the Alter Ego of Debtor LPG

OPP does not deny that Phoenix is the alter ego of Debtor LPG.  OPP cannot

deny that, because Trustee's Motion [dkt.4, filed 5/25/23] and the Declarations

thereto, asserted that Phoenix is the alter ego of LPG. See, e.g., Trustee's Omnibus

Emergency Motion for Turnover etc. [dkt. 4, filed 5/25/23] at p.1, footnote 1 states:

> "**The Alter Egos include, but are not limited to**: OakStone Legal Group, P.C.
> ("OakStone"); Greyson Law, P.C. ("Greyson"); **Phoenix Law Group, P.C.
> (Phoenix")**; LGS Holdco., LLC; Consumer Legal Group, P.C. ("CLG");
> Maverick Management, LLC ("Maverick"); Vulcan Consulting Group, LLC
> ("Vulcan"); Strategic Consulting Solutions, LLC ("SCS"); BAT Inc. d/b/a Coast
> Processing ("Coast Processing"); Prime Logix, LLC ("Prime Logix"); Tony
> Diab; Rosa Loli aka Rosa Bianca Loli aka Bianca Loli ("Rosa Loli"); Lisa
> Cohen and/or any other alias', agents or corporate entities affiliated  with same
> (collectively referred to herein as "Alter Egos" unless specifically identified)."
> [bold/underline added for emphasis]

Plus see Trustee's Status Report [dkt. 45, filed 6/12/23], page 3, lines 10-12 (stating

same), and  Trustee's Second Amended Complaint ["SAC", dkt.226, filed 10/13/23],

¶73 ("These new law firms are alter egos of the Debtor and include Oakstone and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Phoenix...") and SAC's First Claim for Relief ¶2 ("...LPG, or any one or more of its

alter ego entities, including but not limited to, Oakstone; **Phoenix**...").

The Declaration of Russ Squires, filed in support of Trustee's Motion

[Declaration is dkt. 5, filed 5/25/23], at ¶11-12, attests that Tony Diab formed certain

entities, including **Phoenix**, to receive clients and files of LPG, and that "..employees,

clients and files ... were allegedly transferred, assigned and/or hypothecated to

Oakstone, CLG and **Phoenix**."

At ¶15, Squires attests that:

> "...post-petition, employees of **Phoenix**, OakStone and/or CLG, including Mr.
> Diab himself, controlled, serviced and provided legal advice to LPG clients,
> initiate ACH/EFT's from those clients' financial accounts and utilize LPG's
> merchant accounts with LPG's ACH processing companies, such as Revolv3."

It is uncontroverted that Phoenix is an alter ego of LPG.

Federal Courts apply the state law test for alter ego, of the state the federal court is

located in.  Thus, federal courts located in California (including bankruptcy courts)

apply the California state law test for when alter ego liability should be applied.

California case law is well settled:  a leading California Court of Appeals case is

*Troyk v. Farmers Grp., Inc.,* 171 Cal.App.4th 1305, 1341 (Cal. Ct. App. 2009), which

quotes the 1991 California Court of Appeal case *Las Palmas Assocs. v. Las Palmas*

*Ctr. Assocs.*, 235 Cal.App.3d 1220, 1249 (Cal. Ct. App. 1991) for the proposition that

"Alter ego liability is not limited to the parent-subsidiary corporate relationship;

rather, '**under the single enterprise rule**, liability can [also] be found between sister

---

1  [or affiliated] companies." *Cam-Carson v. Carson Reclamation Authority*, 82

2  Cal.App.5th 535, 549 (Cal. Ct. App. 2022), quotes *Troyk* (p.1341) for this point.

3
   *Cam-Carson*, at 550, quotes the *Troyk* (p.1342) test for how to determine if two
4

5  corporations constitute a "single enterprise", as follows:

6        "Factors for the trial court to consider **include** the **commingling of funds and**
7        **assets of the two entities**, identical equitable ownership in the two entities, use
        of the same offices and employees, disregard of corporate formalities, identical
8
        directors and officers, and **use of one as a mere shell or conduit for the**
9        **affairs of the other**. [Citation.] '**No one characteristic governs, but the**
10       **courts must look at all the circumstances to determine whether the**
11       **doctrine should be applied**.' " [bold/underline added for emphasis]

12
   Federal Courts located in California (i.e., this Bankruptcy Court) apply this California
13

14 state law test for alter ego. *Kayne v. Ho*, No. LA CV09-06816 JAK (CWx), 2012 WL

15 12878753 (C.D. Cal. 2012) at *8 discusses the California state law "single enterprise"

16
   test in detail:
17

18       "The "single enterprise" theory can also support a claim for alter ego liability.
        This theory, which was first described in *Las Palmas Associates v. Las Palmas*
19
        *Center Associates*, 235 Cal. App. 3d 1220, 1248-50 (1991), provides that, if the
20       defendants act as a single enterprise, sister corporations can have alter ego
21       liability even if one does not own stock in the other. The court explained that "it
        would be unjust to permit those who control companies to treat them as a single
22
        or unitary enterprise and then assert their corporate separateness in order to
23       commit frauds and other misdeeds with impunity." *Id.* at 1249. Thus, the single
24       enterprise theory applies when the decisionmaker finds "that though there are
        two or more personalities, there is but one enterprise; and that this enterprise
25
        has been so handled that it should respond, as a whole, for the debts of certain
26       component elements of it." *Id.* at 1249-50 (internal quotations omitted). To
27       assert liability under this theory, stock ownership is not necessary. *See*
        *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486 (2010); *Troyk v. Farmers*
28

---

*Group, Inc.*, 171 Cal. App. 4th 1305, 1341-43 (2009) (finding no abuse of discretion in applying single enterprise doctrine where one company neither owned nor controlled stock in the other, but exercised managerial and administrative control)."

*Kayne* ruled the federal complaint sufficiently alleged two corporations were alter egos, pursuant to the California state law "single enterprise" test.

*C.H. Belt & Associates, Inc v. East & West Gourmet Food, Inc*., SA CV 16-1953-DOC (DFMx), 2017 WL 11631509 at *3 (C.D. Cal. 2017), applied the California state law "single enterprise" test for alter ego to grant default judgment the several corporate defendants were alter egos of each other.  See *Consumerdirect, Inc. v. Array US, Inc*., 8:21-CV-01968-JVS(ADSx), 2023 WL 6165732 at *7 (C.D. Cal. 2023) ("If Pentius [first corporation] is treated as Aarry's [second corporation] alter ego…the two corporate identities collapse into a 'single enterprise,' " citing *Cam-Carson*).

Applying the California state law "single enterprise" rule of *Troyk*, *Cam-Carson*, and of other California Court of Appeal cases that follow *Troyk* and *Cam-Carson,* to LPG and Phoenix, to determine whether LPG and Phoenix  are alter egos of each other, pursuant to the "single enterprise" California state law test for alter ego, compels finding that LPG and Phoenix are alter egos of each other:   When LPG got into financial trouble, Tony Diab, who controlled LPG,  set up Phoenix, which Diab controlled, and transferred tens of thousands of LPG clients to Phoenix, and transferred LPG money to Phoenix.  Phoenix was under the domination of Diab and LPG to the point where Phoenix had no separate existence, and was just an

1    instrumentality of LPG.

2    Even if Trustee attorney Celentino had not admitted to this Court, at the 6/12/23

3
4    court hearing in the LPG case, that Greyson is NOT an alter ego of LPG,  applying

5    this same "alter ego" test to LPG and Greyson compels ruling Greyson is not the alter

6    ego of LPG:  LPG did not transfer any LPG files to Greyson, LPG did not transfer any

7
8    LPG money to Greyson, Greyson was never controlled by Diab, and Diab had no

9    ownership interest in Greyson.  Moreover, at the 6/12/23 Court hearing, Trustee lead

10   special counsel Celentino admitted to the Court, on the record that Greyson was not an

11
12   alter ego of LPG.  Though Celentino alleged Greyson had received funds fraudulently

13   transferred from LPG to Greyson, that allegation is false.  LPG did not transfer any

14   funds to Greyson, ever.  Greyson did get paid some money by Phoenix, pursuant to

15
16   the Phoenix-Greyson contract where Phoenix contracted, postpetition,  to pay Greyson

17   $2,000 per state court lawsuit, for Greyson attorneys to appear on a 1099 basis for

18   Phoenix, to defend Phoenix clients in those state court suits.  (Han Trinh Decl to this

19
20   Reply, Tony Diab Decl to this Reply). The services provided in those suits was

21   reasonably equivalent value for the $2,000 per suit payment.  However, Phoenix paid

22   very little of the $2,000 x 2,480 = $4,960,000 that Phoenix  owed Greyson.  Because

23
24   Phoenix is an alter ego of LPG, LPG is liable to pay Greyson for Greyson's services.

25   That is only fair because the 2,480 clients Greyson attorneys defended in state court

26   suits were LPG clients which Diab had caused LPG to transfer to Phoenix, and which

27
28   were later transferred back to Phoenix (per the dkt.77 "avoidance" Stipulation in the

1  adversary proceeding), and LPG then sold all LPG's clients to Morning Law, for

2  millions of dollars. (Diab Decl hereto, March Decl attaching dkt.77 Stipulation, Han

3

4  Trinh Decl hereto attaching the 2,480 Greyson invoices billing Phoenix $2,000 per

5  case for Greyson attorneys defending Phoenix (aka LPG) consumer clients in the

6  2,480 state court suits).

7

8  **B. Opp Does Not Deny that Phoenix' Managing Atty Carss, Testified at the**
   **6/12/24 Hearing About the Greyson-Phoenix $2,000 Per Lawsuit Contract**

9

10  Attorney March's Declaration to Greyson's [dkt.676] Motion- in- hief ("MIC")

11  attaches, as **<u>Exhibit G</u>**, the full transcript of the 6/12/23 Bankruptcy Court hearing in

12  the LPG adversary proceeding.  Pages 196-212 of the transcript is where  Phoenix

13  managing attorney Ty Carss testified about the $2,000 per lawsuit contract.

14

15  At p.200, line 23 through p.202, line 1, Carss testified that yes, **<u>per instruction</u>**

16  **<u>of Diab</u>**, Phoenix hired Greyson attorneys to assist the Phoenix clients formerly of

17  LPG.  Carss testified he did this because the Greyson attorneys would not work for

18

19  Phoenix directly [Carss testimony saying this is quoted in I., supra]

20  At p.202, lines 17-20 Carss testified that "…**<u>after I started</u>** assigning these

21  cases or **<u>asking Greyson to assign these cases</u>**, I started immediately getting invoices

22  for **<u>$2,000 per case</u>**".

23

24  At p.205, line 13 through p.306 line 5, Carss testified that it was "correct" that

25  Phoenix required attorney in many states throughout the county to handle its clients,

26  and that "oftentimes" counsel would be needed on an exigent basis.

27

28

1    At p.207, lines 7-18, Carss testified:

2       "Q:  Okay. and so if they—and, again, if Greyson was charging exorbitant fees,

3            you could have gone to somebody else to do that work.  You could have—

4            in other words, say, if you don't have time to do it, you could have hired

5            somebody to do that, right?

6       A.  Correct.

       Q.  Okay. but you chose not to, right?

7       A.  Well, I was informed that this was the way that we were going to do it.

8       Q.  Did Greyson inform you of that?  Did somebody from Greyson tell you this
            is the way we're going to do it.

9       A.  Not from Greyson."

10

11   This testimony by Carss confirms the existence of the Greyson-Phoenix $2,000 per

12   lawsuit agreement.

13       **C. OPP does not deny that Dinsmore firm/its field agents <u>Seized</u> the signed**

14          **Greyson-Phoenix $2000 per lawsuit contract in the 6/2/23 Lockout of**

15          **Greyson from Greyson's office**

16          OPP does NOT deny that the Dinsmore firm/its field agents seized the signed

17   Greyson-Phoenix $2000 per lawsuit contract in the 6/2/23 Lockout of Greyson from

18   Greyson's office, which Han Decl. to Motion in Chief ("MIC"), and Reply Decl

19   attests was in Hans locked office at Greyson, and was gone after the 6/2/23 lockout.

20

21       **D. OPP does not deny that Dinsmore Firm/its Field Agents have Possession of**

22          **the signed Greyson-Phoenix $2000 per Lawsuit Contract**

23          OPP **does not deny** that Trustee's special counsel, Dinsmore & Shohl, LLP/its

24   field agents, **have possession** of the seized Greyson-Phoenix $2,000 per state court

25   case contract—signed on or about 5/19/23—by Greyson and Phoenix, from Han

26

27

28

---

Trinh's locked room in Greyson's offices.  Han Trinh's Decl. to MIC and to this

Reply  are uncontroverted on that point.

### E. OPP does not deny that Greyson served a *Request to Produce Documents* on Dinsmore firm on 2/29/24, requesting Trustee, to produce the signed Greyson-Phoenix Contract that Dinsmore firm had seized on 6/2/23, from Greyson's Office, but Neither Dinsmore firm, nor Trustee's Marshack Hays firm, has produced the signed contract

OPP does not deny that Greyson, by attorney March of The Bankruptcy Law Firm

PC,  on 2/29/24, served a *Request to Produce Documents* ("RPD") on Trustee counsel,

requesting Trustee to produce the fully signed Greyson-Phoenix $2,000 per lawsuit

contract, which Dinsmore firm attorneys/field agents seized from Greyson's office in

the 6/2/23 Lockout, but that Trustee has not produced that document.  (March reply

Decl hereto, copy of the RPD is attached as **Exhibit A** to March Decl).

Trustee's *Response* [**Exhibit B** to March Decl hereto] to Greyson's *Request to

Produce Documents,* is an improper, evasive attempt to "stonewall" on producing the

signed Greyson-Phoenix Contract, seized by Trustee's counsel, the Dinsmore

firm/their field agents.  (March Decl)  Trustee's *Response* (on "header" of Marshack

Hays firm and signed by attorney Ed Hays) states:

> **"REQUEST FOR PRODUCTION NO. 2:**
> Produce to Greyson, the fully signed written contract between Greyson Law
> Center PC, and Phoenix Law Center--for Phoenix to pay Greyson $2,000 per
> lawsuit, for Greyson attorneys to appear for Greyson, to defend 11 Phoenix
> clients in lawsuits in which Phoenix consumer debtor clients were being sued
> for alleged unpaid consumer debts--which fully signed contract was seized from

1   Han Trinh's locked office in Greyson's office (3345 Michelson Drive, Suite
2   400B, Irvine, CA 92612), in the 6/2/23 Lockout.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4   Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence
5   section 901.  Argumentative, misstates evidence and misleading. Subject to and
6   without waiving said objections: After a diligent search and reasonable inquiry
     **no such document exists nor has it ever existed based on representations by**
7   **Phoenix Law, PC's managing director, William Ty Carss**, who was the only
8   person who would have been authorized to sign such a contract on behalf of
     Phoenix Law, PC absent a forgery."
9

10   Read it carefully:  Trustee's *Response* does NOT say no such document exists
11   or has ever existed. All this *Response* says is that Ty Carss (allegedly) says no such
12
13   document exists or ever has existed.  Greyson counsel March sent several "meet and
14   confer" emails (attached as **Exhibit C** to March Decl hereto) to both Trustee firms:
15
16   Dinsmore Firm, and Marshack Hays Firm, pointing out that saying Ty Carss
17   (allegedly) says the document (signed Greyson-Phoenix Contract) does not exist, does
18   NOT prove the document does not exist.  March's emails in **Exhibit C** point out that
19
20   Greyson doesn't care what Ty Carss (allegedly) says; that what Ty Carss (allegedly)
21   says **does not excuse Trustee** from producing the seized contract; and that if Trustee
22   wants to contend the seized contract is a forgery, Trustee is still be required to produce
23
24   the contract, and then can argue it is a forgery.

25   Failure of Trustee, by his attorneys, to produce the seized contract, based on the
26   invalid excuse stated in Trustee's Response to Request for Production No.2, quoted
27   supra, is a blatant violation of Trustee's duty to produce the seized contract.
28

Trustee's *Response*, and failure to produce the seized contract, is **stonewalling**. If the seized contract is not produced to Greyson's counsel, before the 4/25/24 hearing on Greyson's dkt.676 Motion, that will be **spoliation of evidence**, which requires ruling against Trustee.   Han Trinh's Decls. to MIC, and to this Reply, are **uncontroverted** that Trustee's special counsel, the Dinsmore firm/their field agents, seized the signed Contract from Han's locked room in Greyson's office on 6/2/23. Since they seized the signed Contract, they had and have a duty to safeguard the seized document.  If it has "disappeared" while in the custody of Trustee's special counsel/their field agents, Trustee is liable for that "disappearance".

Note there is **no** Declaration of Ty Carss to OPP, alleging that the signed Greyson-Phoenix contract never existed, and there is **no** Declaration of Rose Bianca Loli to OPP, denying that Loli signed that contract.  Han Reply Decl. attests that Loli signed that Contract, that Han is familiar with Loli's signature, and that Loli is listed in Phoenix' newsletter of 2/23 as "CEO" of Phoenix, equal on the organizational chart to Ty Carss "Managing attorney".  See Diab Decl. hereto, signed 4/14/24 re Loli.

## III.   OPP P.8, LINE 1,  MAKES THE UTTERLY BAD FAITH ARGUMENT THAT GREYSON HAS NOT PROVIDED A COPY OF THE SIGNED GREYSON-PHOENIX CONTRACT, WHEN TRUSTEE'S ATTORNEYS SEIZED  THAT CONTRACT IN THE 6/2/23 LOCKOUT AND HAVE IT (NOT DENIED BY OPP), BUT HAVE STONEWALLED PRODUCING IT

OPP, p.8, line 1, is utterly in bad faith in arguing that Greyson has not provided a copy of the Contract, when Trustee counsel knows full well that Trustee's attorneys

have the seized signed contract, and have not returned that seized signed contract to

Greyson, despite Greyson's multiple requests that Trustee's counsel return the signed

contract to Greyson.  Those requests are attested to in March Decl to this Reply:  (1)

Greyson, on 12/6/23, set for hearing on 1/6/24, moved for return of seized items, but

due to multiple continuances that motion has not been heard and is a present continued

to after the 4/25/24 hearing on Greyson's administrative claim motion.  (2) When this

court continued the hearing on the administrative claim motions [Order of continuance

is dkt.818, filed 1/8/24] saying: "The continuance will permit the parties to continue

the voluntary exchange of documents for the purposes of analyzing claims and

defenses," March emailed Trustee counsel,  asking Trustee to produce the seized

contract, request ignored.  (3) March's firm, for Greyson, served Greyson's *Request to

Produce Documents*, served on 2/29/24, to get the seized signed contract, as is

discussed immediately supra.  Trustee *Response* stonewalled..

## IV.    GREYSON IS ENTITLED TO PROVE, AND HAS PROVEN, THE EXISTENCE & TERMS OF THE GREYSON-PHOENIX CONTRACT, WHICH TRUSTEE'S ATTORNEYS SEIZED FROM GREYSON'S OFFICE ON 6/2/23

### A.    FRE Rule 1004 Makes Declarations of  Han Trinh and Tony Diab, Plus Carss 6/12/23 Testimony, Admissible to Prove the Existence of, and Content of, the signed Greyson-Phoenix, $2,000 per lawsuit, Contract

FRE Rule 1004 (*Admissibility of Other Evidence of Content*) states:

"An original is not required and **other evidence of the content of a writing**, recording, or photograph **is admissible if**:

(a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;

(b) an original cannot be obtained by any available judicial process;

(c) **the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing**; or

(d) the writing, recording, or photograph is not closely related to a controlling issue." [bold/underline added for emphasis]

FRE Rule 1004 allows Han to attest to the terms and signature of the Greyson-Phoenix Contract. Both Han Decl. to MIC and to this Reply do so, as do both Diab Decls. hereto, and 6/12/23 testimony of Ty Carss of Phoenix.  .

Greyson's counsel March, of The Bankruptcy Law Firm, PC, attests, in her Decl. hereto, that March's firm on 2/29/24 served Trustee Marshack with a proper *Request to Produce Documents,* requesting Trustee to produce the Greyson-Phoenix Contract,  and requesting Trustee to produce additional  highly relevant documents.

Greyson is the proponent of the Greyson-Phoenix signed Contract, and therefore is entitled to prove the existence and content of the signed Contract, by Declaration testimony of Han Trinh and Tony Diab, and by the testimony of Phoenix managing attorney Ty Carss (quoted supra) at the 6/12/23 court hearing.

Diab's Declaration was filed 4/2/24 and is attached again, to this Reply.  Diab testified (at p.5, lines12-25 of his Declaration) that Diab participated in negotiation of the $2,000 per case contract between Greyson and Phoenix, and  "in the assignment of

---

Phoenix clients to attorneys employed by Greyson, which assignments were for the

purposed of defending Phoenix consumer debtor clients in collection actions".  Diab's

second Declaration hereto, signed 4/14/24 attests Diab told Loli to sign Contract for

Phoenix and  Loli told Diab she had taken care of signing for Phoenix.

The requirements of FRE Rule 1004 are met here:  Trustee's attorneys, the

Dinsmore firm/their field agents, seized the signed Greyson-Phoenix contract from

Greyson's Office in the 6/2/23 Lockout. (attested to in Han Decl to MIC and in Han

Reply Decl. From 6/2/23 to present, Trustee has had control of the original signed

Greyson-Phoenix Contract. (Han Reply Decl). Trustee has not returned the signed

Contract to Greyson, from 6/2/23 to present.  (March Decl to this Reply)   Greyson's

[dkt.676] Motion, filed 11/17/23, put Trustee on notice that the original signed

contract would be a subject of proof at the hearing of Greyson's Motion. (March.D)

Trustee has still not returned that signed Greyson-Phoenix Contract to Greyson,

despite Greyson counsel, on 2/29/24, serving Trustee with a proper *Request to

Produce Documents* [**Exhibit A** to March Decl hereto], that requests Trustee to

produce the signed Greyson-Phoenix Contract.  (March Decl hereto).

For all these reasons, Han Trinh's Declaration to Greyson's MIC, and Han'

Reply Decl, is admissible per FRE Rul 1004, to prove to the existence and terms of

the signed Greyson-Phoenix Contract.  Plus Tony Diab Decl filed 4/2/24 & attached

here, discussing that $2,000 per lawsuit contract, plus Ty Carss testimony at the

6/12/23 court hearing, are similarly admissible,  to prove existence of and terms of the

1

2

3

4

Greyson-Phoenix $2,000 per lawsuit Contract, signed on or about 5/19/23.

Ty Carss testimony at the 6/12/23 hearing, about the Contract, is additionally

admissible, per  FRE Rule 1007 (Testimony or Statement of a Party to Prove Content):

5

6

7

"The proponent may prove the content of a writing, recording, or photograph by
the testimony, deposition, or written statement of the party against whom the
evidence is offered. The proponent need not account for the original."

Greyson is the proponent of the Contract.  Phoenix is the alter ego of LPG.

8

9

10

Therefore, testimony of Ty Carss of Phoenix, is admissible to prove the existence of

the Greyson-Phoenix contract.

11

12

13

**B. Loli either had actual authority, or apparent authority to sign for**

**Phoenix; either Binds Greyson**

14

15

16

17

Han's Reply Decl. attests that on or about 5/19/23, Han had a Greyson

employee hand carry the proposed Greyson-Phoenix Contract to Phoenix offices,

already signed by Greyson,  for Phoenix to sign. Shortly after, the Greyson employee

18

19

20

21

22

brought the Contract back to Han Trinh.  (Id).  The Contract came back to Greyson,

signed by Phoenix, by Rose Bianca Loli. (Id)  Han recognized the signature for

Phoenix as having been made by Loli, because Han was familiar with Loli's signature,

which is elaborate and distinctive.  (Id) .

23

24

25

26

27

28

Phoenix' newsletter in February 2023, attached as **Exhibit B** to Han Trinh Decl

hereto, states Loli is Phoenix' CEO, and shows Loli on the Phoenix organizational

chart as having equal stature with  Ty Carss, who is listed as "managing attorney".

Loli did not have to be an attorney, to be authorized to sign that Contract for Phoenix.

But if it were *assumed arguendo* Loli didn't have actual authority to sign for Phoenix, she certainly had apparent (aka "ostensible") authority, which makes that contract binding on Phoenix. Both federal common law and California state law provide that an agent has ostensible authority where the principal (here, Phoenix) leads a third party to reasonably believe that the agent (here, Loli) had authority to bind the corporation.  Cal. Civ. Code §2300 states that:

> "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him."

Cal. Civ. Code §2334 states that:

> "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof."

*See also Ripani v. Liberty Loan Corp.*, 95 Cal. App. 3d 603, 611–12, 157 Cal. Rptr. 272, 277–78 (Ct. App. 1979), outlining this law and holding that trial court did not commit error in finding ostensible authority where branch manager of corporation signed lease option. *Accord:  Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017) (federal common law "apparent authority" is found where "the principal does something or permits the agent to do something which reasonably leads another to believe that the agent had the authority he purported to have.").  *See also OEM-Tech v. Video Gaming Techs., Inc.*, No. C 10-04368 RS, 2012 WL 12920087, at *4 (N.D. Cal. July 31, 2012).

Here, Loli signed the Greyson-Phoenix contract for Greyson (Both Han Decls, and Diab Decl to this Reply, signed 4/17/24). There is no evidence that only Carss had authority to sign a contract for Phoenix. Ty Carss' testimony at the 6/12/23 hearing corroborates Han's Testimony regarding the $2,000 per case Greyson-Phoenix Contract. Plus, Greyson sending Phoenix 2,480 $2000 per case invoices, and Phoenix making some (small) to Greyson is further evidence of the existence of the Contract.

### C. OPP has No Evidence Contradicting Existence or Terms Of Greyson-Phoenix Contract

Greyson's evidence is uncontroverted, because OPP has ZERO evidence contradicting the existence or terms of The Greyson Phoenix contract.

## V.     THE $2,000 PER CASE PRICE CONTRACTED FOR IN THE GREYSON-PHOENIX CONTRACT WAS <u>REASONABLE,</u> AS PROVEN BY TRUSTEE'S OWN DECLARANT

The $2,000 per case which LPG alter ego Phoenix, contracted to pay to Greyson, to have Greyson supply attorneys from Greyson's attorney network, to appear on a 1099 basis to defend Phoenix clients in state court suits, was a **<u>reasonable</u>** price. The Declaration of Jason J. Rebhun (Dkt.191-4, filed 7/7/23 in the LPG main bankruptcy docket in support of Trustee's Motion to Sell LPG's assets, proves this. Rebhun's Declaration, ¶0 and ¶11, attests that what CLG (Consumer Law Group) pays the local counsel CLG uses to defend CLG consumer clients in lawsuits is **<u>$1,500 to $2,500 per suit, sometimes more</u>**. [That part of Rebhun Decl is **<u>Exhibit D</u>**

March Decl] $2,000 per case is exactly halfway between those two amounts. Rebhun

attests that CLG (Consumer Law Group) represents consumers in trying to settle

debts, or defend suits suing consumers on debts, if CLG cannot settle. Rebhun attests:

> "11. **…** All of CLG's local counsel are paid on a Form 1099 basis as
> independent contracts. **The average cost to engage local counsel ranges
> between $1,500 and $2,500** (sometimes more depending on the particular state,
> matter, scope of work involved, and complexity of a particular matter, etc.)"
> [bold/underline added for emphasis]

Further, Han's Decl. to MIC, at ¶9 attests that other firms were paying $1,400 to

$2,500 per state court lawsuit defended. That is consistent with Rebhun's Decl.

## VI.    GREYSON'S <u>UNCONTROVERTED</u> EVIDENCE PROVES GREYSON ATTORNEYS APPEARED IN 2,480 LAWSUITS, FOR PHOENIX, DEFENDING PHOENIX CLIENTS--WHICH WERE LPG CLIENTS, TRANSFERRED TO PHOENIX BY LPG, AND LATER TRANSFERRED BACK TO LPG BY THE "AVOIDANCE" PART OF THE DKT.77 STIPULATION

Han's Reply Decl attaches, as **Exhibit A**, and authenticates, 2,480 Greyson to

Phoenix Invoices, for $2,000 each, sent to Phoenix by Greyson pursuant to the $2,000

per lawsuit Greyson-Phoenix Contract. Each of those 2,480 Greyson to Phoenix

invoices bills Phoenix $2,000—the agreed price per state court lawsuit, per the

Greyson-Phoenix 5/19/23 Contract—for Greyson having Greyson attorneys appear on

an independent contractor basis, for Phoenix, to defend Phoenix clients in 2,480 state

court lawsuits, nationwide, where those clients were being sued on allegedly owed

debts. (Han Trinh Decl) All 2,480 invoices were produced to Trustee counsel

Dinsmore firm, on 3/15/24, by attorney Kathleen P. March of The Bankruptcy Law

Firm, PC, before Han Trinh was deposed by Trustee counsel on 3/20/24. (March Decl)

Han's Reply Decl.attests there are considerably more than 2,480 invoices, but the 2,480 invoices produced to Trustee on 3/15/24, and attached to Han's Declaration, are all the invoices Greyson can access at present, because the rest of the invoices are in Greyson's documents/emails/data seized by Dinsmore firm and its field agents from Greyson's office on 6/2/23, and none of the seized documents/emails/data seized on 6/2/23 have been returned to Greyson, to present.  (Han Reply Decl).  Each invoice lists the case caption and the case number, that the particular Greyson attorney appeared in to defend a consumer client in, pursuant to the Greyson-Phoenix $2,000 per lawsuit contract.

**Exhibit B** to Han's Reply Decl lists the name of the Greyson attorney who appeared in each suit, which Greyson bills Phoenix for, by the 2,480 invoices. Han was able to determine which Greyson attorney did the suit in each of the 2,480 invoices, except for 193 invoices, where the information saying which attorney appeared is in the data seized from Greyson by Dinsmore firm, on 6/2/23, and not returned to Greyson to present.  Trustee has that seized data, so Trustee can confirm which attorneys appeared in those 193 cases.  (Han Reply Decl).

OPP has no evidence contra to the Greyson supplied attorneys having defended the suits, as stated in the 2,480 invoices.   (March Decl to this Reply)

Phoenix only paid a very small part of the $2,000, per state court law suit, amount  Phoenix owed Greyson, pursuant to the Greyson-Phoenix Contract.  What Phoenix paid, Phoenix paid by having Phoenix controlled entities (PrimeLogic,

1   Maverick, and/or Vulcan) send money, which Greyson used to fund two Greyson

2   payrolls.  (Han Reply Decl).

3
4   **A. Greyson did <u>Not</u> send Greyson attorneys to Defend over 2,480 Law Suits,**
    **<u>for Free</u>; No Law Firm Would Do That**

5   Greyson did not send Greyson attorneys to defend over 2,480 lawsuits,

6

7   nationwide, for free.  (Han Reply Decl).  Greyson sent Greyson attorneys to defend

8   over 2,480 suits nationwide, pursuant to the  $2,000 per suit Greyson-Phoenix

9
10  contract. (Han Reply Decl).

11  **B. The Clarke and Dearweather Declarations to OPP are Irrelevant to**
12     **Greyson's Administrative Claim**

13  Neither  state court attorney Shadae Clarke, nor state court attorney Jane

14  Dearweather--who are Declarants to OPP--were the Greyson attorneys on any of the

15
16  2,480 cases invoiced by the 2,480 invoices. (Han Reply Decl)  They have no personal

17  knowledge regarding the 2,480 cases, so their  Declarations are irrelevant to

18  Greyson's administrative claim to be paid the agreed $2,000 per case amount, per the
19
20  Greyson-Phoenix signed contract. (Han Reply Decl)  In addition, neither of those

21  attorneys filed their own administrative claim, so there is nothing duplicative of

22  Greyson's $2,000 per case x 2,480 state court cases admin claim.  (LPG main case
23
24  pacer docket shows this)

25  **VII.    LPG IS THE ENTITY THAT <u>BENEFITTED</u> FROM GREYSON**
26         **ATTORNEYS, POST-PETITION, DEFENDING 2,480 PHOENIX**
27         **CLIENTS IN 2,480 STATE COURT LAWSUITS, BECAUSE LPG LPG**
28         **GOT ALL TRANSFERRED CLIENTS BACK FROM PHOENIX--BY**

**THE DKT.77 "AVOIDANCE" STIPULATION--AND LPG THEN SOLD ALL THOSE CLIENT FILES TO MORNING LAW, FOR MANY MILLIONS OF DOLLARS**

Han Decl to MIC attests that defending the 2,480 state court suits was necessary, and **benefitted** LPG, because Phoenix was an alter ego Phoenix, and because [per the Dkt. 77 "avoidance" Stipulation in the adv proc, attached as **Exhibit D** to March Decl hereto, and per Order ordering the Stipulation as an order, that is dkt.365 in main LPG bankruptcy docket, attached as **Exhibit E** to March Decl], LPG got back from Phoenix, all the LPG files that had been transferred to Phoenix.

Trustee immediately sold all those client files to Morning Law, by the [dkt.352] Sale Order entered on 8/2/23 in the LPG main bankruptcy case docket. (March Decl hereto). The *Agreement of Purchase and Sale* attached to the Sale Order states Morning Law is paying the LPG bankruptcy estate 5.5 million to start and is required to pay 50% of future payments Morning Law receives on active executory contracts and 40% of future payments on inactive executory contracts. (March Decl here). The total estimated payment that Morning Law was to pay the LPG bankruptcy estate, was supposed to be more than the 42 million dollars CLG bid. (March Decl hereto)

## VIII.   IF THERE HAD BEEN NO SIGNED CONTRACT, GREYSON WOULD STILL BE ENTITLED TO BE PAID—ON A **QUANTUM MERUIT** BASIS

Even if it were assumed, arguendo—contrary to the evidence—that there was no signed contract between Greyson and Phoenix, the remedy of **quantum meruit** would entitle Greyson to be paid the **reasonable value** of the services that Greyson

attorneys provided to Phoenix,  as billed on the 2,480 invoices Greyson sent Phoenix,

for $2,000 each, because those services **benefitted LPG**.  Those services benefitted

LPG, because those clients which we actually LPG consumer debtor clients, which

LPG had transferred to Phoenix, but  which were later transferred back to LPG—by

the "Avoidance" Stipulation [dkt.77 in adv. proc.]—and LPG then sold those client

files to Morning Law Group, in July 2023 for many millions of dollars [Sale order is

dkt.320 in main LPG bankruptcy case docket, entered 7/22/23].  (Han Decl; March

Decl.)  The reasonable value would be the same $2,000 to Greyson, per suit. (Han

Reply Decl; March Decl hereto)

The 9th Circuit Court of Appeals, in a case which originated from the

Bankruptcy Court for the Central District of California, provides an overview of

California's **quantum meruit** doctrine in *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d

1269, 1272–74 (9th Cir. 1992):

> Quantum meruit (or quasi-contract) is an equitable remedy implied by the law
> under which a plaintiff who has rendered services benefiting the defendant may
> recover the reasonable value of those services when necessary to prevent unjust
> enrichment of the defendant. B. Witkin, *Summary of California Law: Contracts*
> § 91 (1987); 55 Cal. Jur.3d Restitution 360–61 (1980).  Quantum meruit is not
> the same as a contract implied in fact. **Quantum meruit is based *not* on the
> intention of the parties, but rather on the provision and receipt of benefits
> and the injustice that would result to the party providing those benefits
> absent compensation**. B. Witkin, *supra,* at § 12.
> NBC sought to recover in quantum meruit the reasonable value of the
> advertising it had provided for DEG's benefit and for which it had not been
> paid. The bankruptcy court found that, based on the undisputed factual
> evidence, NBC had established its claim to recovery. The district court affirmed
> on the basis of the bankruptcy court's finding that "DEG benefited from the
> Network Time rendered to it by NBC *at DEG's special instance and request.*"

(emphasis added).[4] **While CTI disputes whether DEG was ever _contractually_ obligated to NBC directly, it does not dispute that it in fact requested that BBDO purchase advertising time for its benefit from NBC. Nor does CTI dispute that DEG received a benefit from NBC for which it has not paid anyone**.[5]

...

In this case, NBC contracted with BBDO, but it was DEG who requested the advertising and who benefited from it. DEG (and CTI) have retained this benefit, but have not paid either NBC or BBDO. BBDO has agreed to relinquish its claim against CTI if NBC recovers against them, so there is no chance that CTI will be forced to pay twice. **In these circumstances, we believe it would be both unjust and contrary to the principles of quantum meruit law to deny NBC its right to recover on the grounds that NBC had no contract with DEG.**

**The bankruptcy and district courts correctly granted summary judgment in favor of NBC on its quantum meruit claim.**

[bold/underline added for emphasis]

Accord: _Galaxy Networks, Inc. v. Kenan Sys. Corp._, 225 F.3d 662 at *4 (9th Cir. 2000) (in "Table of Decisions Without Reported Opinions"), _as amended on denial of reh'g and reh'g en banc_ (Aug. 9, 2000), quoting _In re De Laurentiss._

Where quantum meruit is applied, payment is the **reasonable value** of the services provided. _Galaxy Networks, Inc._, supra, 225 F.3d 662 at *5:

"The legal test for recovery in quantum meruit is not the value of the benefit, but value of the services (assuming of course, that services were beneficial to the recipient in the first place).' _Maglica,_ 66 Cal.App.4th at 446, 78 Cal.Rptr.2d 101. Damages should be measured at the 'going rate' for the services provided. _Id._ "

Quantum meruit is commonly used to ensure that attorneys receive the reasonable value of their work, even where there was no contract, or the contract was so flawed that it cannot be enforced. See, e.g., _Huskinson & Brown v. Wolf_, 32 Cal.4th 453,

461 (Cal. 2004), holding that plaintiff law firm could recover the reasonable value of its services from defendant law firm, despite improper referral fee structure.

Greyson did not supply Greyson attorneys to defend over 2,480 state court suits, **for free**.  (Han Reply Decl).  No one defends 2,480 lawsuits **for free**.  (Han Reply Decl).  Greyson provided those attorneys to defend state court suits in exchange for Phoenix agreeing to pay Greyson $2,000 per law suit.  (Han Trinh Decl).  Tony Diab testified, in his declaration filed 4/2/24 (attached again to this Reply) that Diab brokered the contract between Phoenix and Greyson. Phoenix attorney Ty Carss testified about the $2,000 per case agreement at the 6/12/24 hearing (Hearing transcript pp.200-212 attached to March Decl).  As Han Trinh's Declaration to this Reply explains, Phoenix had received cases from LPG, but Phoenix didn't have attorneys to service and defend those client's cases. (Han Trinh Decl).  Greyson had W-2 Greyson attorneys, which Greyson could deploy to service and defend those clients' cases, which is why Phoenix contracted to pay Greyson $2,000 per case, to have Greyson do that.

A pleading [dkt.1054 in LPG main bankruptcy case] filed by Trustee counsel, says, p. 4, line 21 et seq, that  "Trustee obtained authorization to pay compensation to the employees who had been servicing the client files until they could be sold," even though the four administrative claimants in question did NOT work for LPG, but rather, worked respectively, for Prime Logic, Oakstone, Maverick and Guardian. Here, work the Greyson attorneys were doing, defending the 2,480 LPG clients,

1
2
3
4

directly benefitted LPG's bankruptcy estate, by saving those 2,480 files from defaults/default judgment, until Trustee Marshack could sell those files to Morning Law in July 2023.

## IX. OPP CONTAINS FURTHER ERRORS OF LAW

### A. OPP's,p.2-3, 11 USC §502(d) argument is error of law

OPP p.2-3 alleges that 11 USC 502(d) bars Greyson's admin claim because Trustee alleges that Greyson received a fraudulent transfer. Greyson didn't receive any fraudulent transfer. (Han Trinh Decl, Tony Diab Decl). But OPP's §502 argument is error of law even if Greyson had received a fraudulent transfer (which it didn't receive): 11 USC §502(d) only bars an entity that has received a fraudulent transfer or preference from being paid on a claim filed under 11 USC §501, unless it pays back the fraudulent transfer or preference. 11 USC §501 is prepetition proofs of claim. Nothing in 11 USC §502(d) bars an administrative claim from being paid if the administrative claimant is alleged to have received, or has received, a fraudulent transfer or preference, because administrative claims are not filed under 11 USC §501, they are filed under 11 USC §503, a different code section. 11 USC §503 is not referred to in 502(d), or anywhere in 502.

The plain language of §502(d) supports this, and cases agree. 11 USC §502 is titled "Allowance of claims or interests"; §502(a) and (d) state:

"(a) A **claim or interest**, proof of which is filed under **section 501 of this title**, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

…

"(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any **claim** of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title." [bold/underline added for emphasis]

The "claim" referred to in §502(d) is a prepetition claim or interest as filed under §501.  11 USC §501(a) (titled "Filing of proofs of claims or interests") states:

"(a) **A creditor or an indenture trustee may file a proof of claim**. An equity security holder may file a proof of interest."

A motion for payment of an administrative expense is governed by 11 USC §503, not §501.  While colloquially referred to as an "administrative claim," the Bankruptcy Code uses specific language, not calling it a *claim or interest* (as prepetition claims are in §501 and §502), but instead calling it an *administrative expense*.

Many cases agree.  The Court of Appeals for the Second Circuit, in *In re Ames Dept. Stores, Inc.*, 582 F.3d 422 (2d Cir. 2009), holds that §502(d) does not apply to administrative expenses claimed under §503(b):

"Whether section 502(d) of the Bankruptcy Code bars the allowance of administrative expense claims under section 503 is a question of first impression in this Circuit. The district court and bankruptcy court both held that section 502(d), which disallows bankruptcy claims of certain entities until they have returned any voidable preferential payments or transfers from the debtor's estate, applies to allowance of administrative expenses under section 503. Both

1
2
3
courts therefore agreed that section 502(d) bars allowance of ASM's G & A claims until G & A satisfies the default judgment that Ames obtained against it in the Preference Action. **We disagree**." [*Ames* at 427]

…

4
5
6
7
"Pursuant to the above analysis of the relevant statutory language, both in its specific context and in the "broader context of the statute as a whole," *Robinson*, 519 U.S. at 341, 117 S.Ct. 843, **we hold that section 502(d) does not apply to administrative expenses under section 503(b)**." [*Ames* at 432; bold/underline added for emphasis]

8
9
10
11
12
13
14
15
16
Accord: *In re Quantum Foods, LLC*, 554 B.R. 729, 735 (Bankr. D. Del. 2016); *In re TI Acquisition, LLC*, 410 B.R. 742, 748–51 (Bankr. N.D. Ga. 2009); *In re Plastech Engineered Prod., Inc*., 394 B.R. 147, 155–64 (Bankr. E.D. Mich. 2008); *In re Durango Georgia Paper Co.*, 297 B.R. 326, 329–31 (Bankr. S.D. Ga. 2003); *In re Lids Corp.*, 260 B.R. 680, 682–84 (Bankr. D. Del. 2001); *In re CM Holdings, Inc.*, 264 B.R. 141, 157–58 (Bankr. D. Del. 2000)

17
18
19
20
21
22
23
24
25
One Bankruptcy Appellate Panel case, *In re MicroAge, Inc.*, 291 B.R. 503 (9th Cir. BAP 2002), provides contra, but its analysis—which looks far outside the text of the statute—is mere dictum, not binding authority, because it ultimately affirms the bankruptcy court's decision to not apply §502(d) ("Nevertheless, the bankruptcy court did not err in refusing to apply § 502(d) on the facts of this case. … Accordingly, we AFFIRM the bankruptcy court's order requiring MicroAge to pay Viewsonic's allowed administrative claim.").

26
27
28
Multiple cases cite and explicitly disagree with the analysis in *In re MicroAge, Inc.,* and hold that §502(d) does not apply to administrative expenses claimed under

§503, including the Second Circuit Court of Appeals in *In re Ames Dept. Stores, Inc.,*

*supra,* and *In re Momenta, Inc.*, 455 B.R. 353, 362–63 (Bankr. D. N.H. 2011).

### B.  OPP, p7, lines 20-23 (citing no authority) is error of law, in alleging that LPG's Bankruptcy Estate is Not liable for Phoenix debts

For multiple reasons, OPP (p.7, lines 20-23) is error of law, and clear error of fact,

in alleging "the order avoiding the fraudulent transfers to Phoenix made clear that the

bankruptcy estate was recovering the assets but was not being subjected to Phoenix's

debts.  Not true.  See briefing **at X**. immediately infra, that  bankruptcy estate cannot

stipulate out of, or otherwise evade,  its liability to administrative claimants such as

Greyson, for debts owed those claimants by LPG's alter ego Phoenix.  See briefing at

**XI**. infra, that neither the dkt.77 "avoidance" stipulation, nor the dkt.365 Order that

granted Trustee's Motion to order the dkt.77 stipulation as an Order, affect Greyson.

### X.    LPG's BANKRUPTCY ESTATE CANNOT STIPULATE OUT OF, OR IN ANY OTHER MANNER EVADE, ESTATE'S LIABILITY TO PAY GREYSON FOR THE VITAL POSTPETITION WORK—<u>BENEFITTING LPG</u>—WHICH GREYSON DID, DEFENDING PHOENIX/LPG CLIENTS IN 2480 STATE COURT SUITS, WHICH LPG'S ALTER EGO, PHOENIX, CONTRACTED TO PAY GREYSON $2,000 PER CASE FOR

"Single enterprise" alter ego liability law is discussed at Section  **I. A**. supra.

Phoenix and LPG are alter egos under that controlling "single enterprise" alter ego

law Dinsmore firm's Motion for the dkt.13 Lockout and Preliminary Injunction order

was correct in alleging LPG and Phoenix were alter egos.  "Single enterprise" alter

egos means LPG and Phoenix are **<u>one in the same</u>**.

1
2
3
4

OPP lacks any authority that the LPG bankruptcy estate can "stipulate out" of, or in any way evade, the estate's liability for paying debts that LPG's alter ego, Phoenix, incurred, after LPG filed bankruptcy.

5
6

Because Phoenix and LPG are **<u>alter egos</u>**, the LPG bankruptcy estate is liable to pay for debts Phoenix incurred, post-petition, because those debts are LPG's debts.

7
8
9
10
11
12
13
14
15
16
17

LPG is liable to pay Greyson the amounts Phoenix owes Greyson, for supplying Greyson attorneys to defend 2,480 state court suits, nationwide, where Phoenix clients (previously LPG clients, and later again LPG clients, by the dkt.77 "avoidance" Stipulation) were sued on credit card and other consumer debts. This is particularly true because Greyson's work on 2,480 cases **<u>benefitted LPG</u>**, because LPG (due to avoidance Phoenix stipulated to in the dkt.77 Stipulation) got all the client files back from Phoenix, that Phoenix had received, and sold those and other LPG files for millions of dollars, to Morning Law. (March Decl hereto, Han Reply Decl)

18
19
20
21
22
23
24
25
26

As Han Trinh's Declaration to Greyson's Motion in chief attests, Phoenix, on or about May 19, 2023, contracted, by signed written contract, to pay Greyson, to have Greyson supply Greyson attorneys to defend Phoenix clients in those 2,480 state court lawsuits, because Phoenix had no attorneys to appear in those 2,480 cases. Thereafter, LPG's bankruptcy estate sold all the LPG files, including the files for the 2,480 state court cases, to Morning Law, for what was supposed to be 42 million dollars paid to the LPG bankruptcy estate, over time.

27
28

Due to Phoenix being LPG's, alter ego, the LPG bankruptcy estate is liable to pay for debts Phoenix incurred, after LPG filed bankruptcy, which benefitted the LPG bankruptcy estate, because LPG got back from Phoenix (by "avoidance") and sold all the LPG files, including the over 2,480 files which Greyson attorneys defended in the over 2,480 state court lawsuits, benefitted LPG, who got all the clients back from Phoenix, and then sold those files to Morning Law. (Dkt. 77 "Avoidance Stipulation is **<u>Exhibit D</u>** to March Decl to this Reply; Dkt.365 Order ordering the Stip as an Order, is **<u>Exhibit E</u>** to March Decl to this Reply.

## XI.  FOR MANY REASONS, THE DKT.77 "AVOIDANCE" STIPULATION/ DKT.365 ORDER DO NOT EXCUSE THE LPG BANKRUPTCY ESTATE FROM BEING LIABLE TO PAY GREYSON'S ADMINISTRATIVE CLAIM MOTION [DKT.676]

### A.  Greyson is Not a Party to the Dkt.77 Stipulation and So is <u>Not</u> Bound by that Stipulation; Only Trustee, and Phoenix/Carss/Tan, are Parties to that Stipulation

The dkt.77 Stipulation [**<u>Exhibit E</u>** to March Decl hereto], between Trustee on the one hand, and Phoenix/Carss/Tan on the other hand, has no effect on Greyson, Han Trinh, Jayde Trinh, or anyone else who is not a signatory to that Stipulation.

There are over 75 federal cases, at all levels—some of them bankruptcy court cases—ruling that persons/entities are **<u>NOT</u>** bound by Stipulations those persons/entities are not parties to. *In re Bake-Line Grp., LLC*, 312 B.R. 48, 51 (Bankr. D. Del. 2004), holds that a trustee's stipulation with a specific party **did not bind others who were not a party to that stipulation**:

1
2
3
4

"In this case, the Trustee argues that the estate did not have any leasehold interest, control, or business operations at the Facility during the month of February because according to the stipulation with RIDC the Lease was rejected retroactive to January 30, 2004. However, **<u>Dominion was not a party to that stipulation and, therefore, is not bound by its terms</u>**." [bold/underline added]

5
6

Accord:  *In re Henson*, 289 B.R. 741, 753 (Bankr. N.D. Cal. 2003) ("Other creditors

7

were not parties to the stipulation between Creditor and Debtor and are not bound by

8

it..."); *In re Parsons*, 505 B.R. 540, 545–46 (Bankr. D. Haw. 2014) ("OCP argues that,

9
10

even if the stipulation is not binding on Ms. Parsons, the stipulation did resolve the

11

amount and character of OCP's claims, and Ms. Parsons is stuck with the legal

12

consequences of that determination. I disagree."); *Fuji Photo Film Co. v. Int'l Trade*

13
14

*Comm'n*, 386 F.3d 1095, 1101 (Fed. Cir. 2004) ("Since the respondents who are

15

affected by the claim construction in the present proceedings were not parties to that

16

stipulation, they are not bound by it..."); *Acacia Corp. Mgmt., LLC v. United States*,

17
18

No. CIV F-07-1129 AWI GS, 2010 WL 3766706, at *1–2 (E.D. Cal. Sept. 21, 2010)

19

("The United States argues it [']was not a party to the stipulation between Plaintiffs

20

and the collaborating Defendants, and thus is not bound by the stipulated order.['] ...

21
22

The court finds this to be an accurate statement of the facts and law in this case.");

23

*Nature Quality Vine Ripe Tomatoes v. Rawls Brokerage, Inc*., No. 2:04-CV-0016-

24

VEH, 2006 WL 8437347, at *4 (N.D. Ala. Aug. 24, 2006) ("Chiquita Frupac and Rice

25
26

Fruit Company were not parties to the stipulation and are not bound by its

27

provisions..."); *Aetna Ins. Co. v. Hyde*, 34 F.2d 185, 188 (W.D. Mo. 1929), aff'd sub

28

nom. *Nat'l Fire Ins. Co. of Hartford v. Thompson*, 281 U.S. 331, 50 S. Ct. 288, 74 L.

Ed. 881 (1930) ("Of the present complainants, 33 were not parties to the stipulation ...

and, therefore are not bound thereby.");

The [dkt.77] Stipulation between Marshack, as debtor LPG's Trustee, and

Phoenix plus Phoenix personnel Carss and Tan, Phoenix stipulates that transfer of all

client files, which LPG transferred to Phoenix, before LPG filed bankruptcy, is

avoided, and Trustee stipulates that Phoenix, Carss and Tan (collectively "Phoenix")

will be  ismissed as defendants from Trustee's adversary proceeding dkt. 8:23-ap-

01046-SC (*Trustee v. Tony Diab et al*).  Plus in dkt.77, Trustee and

Phoenix/Carss/Tan stipulate that only Phoenix, and not LPG, will be liable for debts

Phoenix incurred between when Phoenix received the files, and when the files were

sold by Trustee to buyer [Morning Law became the buyer].

Trustee, by his attorneys Dinsmore firm, filed that Stipulation in the 8:23-ap-

01046-SC adversary proceeding, as dkt.77, on 7/6/23. Greyson, Han Trinh and Jayde

Trinh are not parties to that Stipulation. None of the approximately 40 additional

defendants in the adversary proceeding, are parties to that Stipulation.

B.    **Trustee's dkt.176 "Motion for Order approving Stipulation" [dkt.77]**
      **Only Moves the Court to enter an Order approving the Stipulation, and**
      **does NOT move to the Court to Broaden What Persons/Entities are**
      **Bound by the Stipulation, beyond the Parties which Signed the**
      **Stipulation, which are Only Trustee on the one hand, and**
      **Phoenix/Carss/Tan on the other Hand**

Trustee's Dkt.176 Motion [**Exhibit G** to March Decl]  only moves the Court to

Order the dkt.77 Stipulation as an Order.  That was probably prudent for Trustee to

do, because case law holds that  Courts is not required to accept a Stipulation, if the

Court disagrees with the Stipulation.  But when the court orders the stipulation, then

the parties **to the stipulation** are ordered to comply with the Stipulation.

For 5 reasons, Trustee's dkt.176 Motion **did not broaden what persons/entities**

**are bound by the Stipulation**, beyond the parties which signed the Stipulation, which

are Trustee Marshack on the one hand, and Phoenix/Carss/Tan on the other hand

First, Dinsmore firm's dkt.176 Motion is captioned as:

"**Motion for Order approving Stipulation** re Avoidance and Recovery of
Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All
Related Property to the Trustee and Order of Dismissal Without Prejudice of
Defendants William Taylor Carss and Maria Eeya Tan"

Second, the Notice of Motion part of the dkt.176 Motion, at pacer p.2 of 18, states

that Trustee's Motion:

"moves for **entry of an order that finds and directs** as follows:
1. **The Motion is granted**.
2. **That certain Stipulation** for Agreed Judgment (1) Avoiding,
Recovering, and Preserving Transfers to Defendant, Phoenix Law
Group, Inc.; (2) Turning Over All of Transferred Property to Trustee;
and (3) Dismissing Without Prejudice Defendants William Taylor
Carss and Maria Eeeya Tan (the "Stipulation") by and between the
Trustee, in his capacity as the duly appointed and acting Trustee for
the Debtor, on the one hand, and Phoenix Law, PC
("Phoenix"),William Taylor "Ty" Carss, and Eeya Tan, on the other
hand, attached as **Exhibit 1** hereto, **is  approved**."
[other provisions which are not relevant are not quoted here]

The **Exhibit 1,** which is attached to Trustee's dkt.176 Motion, is the Stipulation that is

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dkt.77 in the adversary proceeding (Stipulation Greyson is not a party to).

Third, Trustee's dkt.176 Motion, at pacer p.9 of 18, item III states: "III. THE

**COURT SHOULD APPROVE THE STIPULATION** UNDER BANKRUPTCY

RULE 9019"

Fourth, the dkt.176 Motion nowhere requests that this Court broaden what

persons/entities are bound by the Stipulation, other than the parties that signed the

Stipulation.

Fifth, the Court's Order [dkt.365 in LPG main bankruptcy case docket],

granting Trustee's dkt.176 Motion, does NOT contain any language broadening what

persons/entities are bound by the Stipulation, beyond the parties that signed the

Stipulation, which are only Trustee Marshack on the one hand, and  Phoenix/Carss/

Tan on the other hand.

**C.      This Court Granting Trustee's [dkt.176] Motion,  to order the Dkt.77
Stipulation as an Order, does NOT Increase, or Change,  what parties
are Bound by the Stipulation; the Order [dkt.365] Only Makes the
Stipulation an Order between the parties which signed the Dkt.77
Stipulation, which does NOT affect the rights of parties, such as
Greyson, which are Not Signatories to the dkt.77 Stipulation**

As discussed in **A**. supra, the dkt.77 Stipulation does not affect Greyson's

rights, because Greyson is **not** a party to that Stipulation.  Similarly, this Court's

Order [dkt.365 in main LPG bky case docket], which makes the Stipulation an Order,

does not affect Greyson's rights, because  Greyson is NOT a party to that Stipulation.

---

REPLY OF *GREYSON LAW GROUP PC*, TO TRUSTEE MARSHACK'S OPPOSITION TO GREYSON'S
MOTION [DKT.676] FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM, BROUGHT PER
11 U.S.C. §503(b)(1)(A); REPLY MEMO OF P & A; DECLS. AS STATED ON P.1 OF THIS REPLY    45

Because only Trustee on the one hand, and Phoenix/Carss/Tan on the other hand, are parties to the dkt.77 Stipulation, this Court granting Trustee's [dkt.176] Motion, to make the Dkt.77 Stipulation an Order [Order that is dkt.365 in the main LPG bankruptcy case], **only means that the parties to the Dkt.77 Stipulation are ordered to comply with that Stipulation, as an Order**.

Because Greyson is not a party to the dkt.77 Stipulation, Greyson is not bound to do anything, by the Dkt.365 Order [Order is **Exhibit F** to March Decl hereto]. Consequently, just as the dkt.77 Stipulation does **not** bar Greyson from collecting the $4,960,000 plus from LPG, which is owed by LPG alter ego Phoenix, the dkt.365 Order does **not** bar Greyson from collecting the $4,960,000 from LPG, which LPG's alter-ego Phoenix owes Greyson.

LPG is liable to pay Phoenix' debts, because Phoenix is the alter ego of LPG. The dkt.77 Stipulation and dkt.365 Order, may prevent Phoenix from seeking payment from LPG for debts Phoenix incurred. But neither dkt.77 Stipulation, nor the dkt.365 Order, affect Greyson's right to require LPG estate pay the $4,960,000 to Greyson, which LPG alter ego Phoenix owes to Greyson, and which benefitted LPG.

**D.  Even if Greyson was subject to the Dkt.77 Stipulation or Dkt.365 Order(ordered by the  Dkt.365 Order)—NOT the case-- the Stipulation Language is Fatally Vague and Ambiguous regarding What Entity is Liable to Pay the $2,000 per suit owed to Greyson, After the Client Files (Returned to LPG from Phoenix by "avoidance")  are sold by Trustee;  Vagueness and Ambiguity which**

**Must be Construed against Trustee/the LPG bankruptcy estate,**

**whose Attorneys wrote the Dkt.77 Stipulation**

The dkt.77 Stipulation (ordered by the Dkt.365 Order) states, in ¶4, that **until Trustee**

**closes a sale to a third-party buyer** Phoenix will be liable:

> "4. Any and all liability whether at law or equity relating in any way to
> Phoenix's handling of the Transfers including the files that arose or came into
> existence following the date of their transfer to Phoenix, **until Trustee closes a**
> **court-approved sale to a third-party buyer (Post transfer Claims") will**
> **remain with Phoenix.**

That wording leaves open who is liable to pay for that liability, after the LPG files,

"avoided" back to LPG from Phoenix, are sold by Greyson to a third-party buyer (here

Morning Law).

Because sending all client files back to LPG, from Phoenix, by "avoidance, left

Phoenix with no assets, the Bankruptcy Court could not properly have approved a

Stipulation which **permanently** left Phoenix with no assets, but with all the liability.

No Court could approve that. Rather, the wording of the Dkt.77 Stipulation is more

limited: It says Phoenix is liable **until a sale closes to a third-party buyer** (here

Morning Law). Since LPG—not Phoenix—got, and continues to get, the money that

buyer, Morning Law is required to pay LPG's bankruptcy estate, for LPG's

clients/client files, it is logical that upon close of sale, that LPG's bankruptcy estate is

liable to pay Phoenix' debts.

If liabilities Phoenix incurred, managing the client files, remained with Phoenix,

**after Trustee sold the LPG** files (files LPG was getting back from Phoenix by

1   "avoidance") , **t**he "until Trustee closes a court-approved sale to a third-party buyer"

2   language **would be surplusage**.  That language only has a purpose, if, after a sale

3
4   closed, LPG became liable to pay debts incurred by Phoenix, during the time Phoenix

5   was managing the LPG files. Paragraph 4 additionally states:

6

7   "Phoenix, Mr. Carss, and Ms. Tan shall use their best efforts to cooperate with
    Trustee and his retained professionals to provide services to the clients until
8   closing, and **nothing herein shall impose or create any liability for Post
    Transfer Claims on Trustee or Debtor's Estate**"
9

10   However, it is not anything "**herein**," i.e., it is not anything in the Stipulation

11
12   that makes LPG's bankruptcy estate liable for claims against Phoenix. Rather, LPG's

13   bankruptcy estate is liable for claims against Phoenix/debts incurred by Phoenix,

14   because  Phoenix is LPG's alter ego.  Alter ego liability is briefed at **Section I**. **A**,

15
16   supra, this Reply.  Because Phoenix is LPG's alter ego, Phoenix contracting to pay

17   Greyson to send Greyson attorneys to defend LPG clients in state court suits, is the

18   same as LPG contracting to pay Greyson to send Greyson attorneys to defend LPG
19
20   clients in state court suits, with the result that the LPG bankruptcy estate is liable to

21   pay Greyson for that work, which **benefitted LPG**.

22   This Court could not properly have sent all the files LPG sent Phoenix, back to
23
24   LPG, thereby leaving Phoenix with no assets,  but making Phoenix alone solely liable

25   for paying for Greyson the $2,000 per suit for Greyson attorneys defending

26   Phoenix/LPG clients in 2,480 of state court suits.

27

28

This Court said several times, in the 6/12/23 court hearing,  that protecting the

consumer clients was uppermost in this Court's mind. [transcript p.39, lines 4-13;

p.45, lines 8-15].  Greyson's work protected 2,480 consumer clients who were being

sued on debts in state courts nationwide.  **Greyson is entitled to be paid by LPG's**

**bankruptcy estate for that work**.

> **E.    Lack Of Valid Service is an Additional Reason Why Greyson (also  Han**
> **and Jayde Trinh) are Not Bound by the Dkt.365 Order Granting**
> **Trustee's Dkt.176 Motion:  None of Greyson/Han/Jayde Were Validly**
> **Served with the Dkt.176 Motion; Dinsmore Firm Did Not Phone Any of**
> **the 3 Telling Them the Hearing Date; and Dinsmore Firm Failed to**
> **File/Serve *Notice of Hearing* Court Ordered Firm to File/Serve Stating**
> **7/11/23 Hearing Date**

Greyson is not bound by the Dkt.365 Order, because Greyson was not validly

served with Trustee's Dkt.176 Motion that obtained that Order. See Declarations

hereto of Douglas Plazak Esq., Scott Eadies, Esq of Greyson., Jayde Trinh Esq. of

Greyson, and Han Trinh that establish that serving Plazak with Trustee's dkt.176

Motion moving Court to approve Dkt. 77 Stipulation as an Order.  That Motion was

only filed in the LPG main case, and Plazak had never appeared in the main case,

representing Greyson, Han, Jayde, or anyone else.  Plazak had only appeared in the

adversary proceeding. Serving Plazak was not valid service of the dkt.176 Motion on

Greyson.  Greyson had to be served by serving Scott Eadie, its Agent for service of

process, see Scott Eadie Decl. Eadie was not served with the Motion, did not receive a

phone call telling him the hearing date, and Trustee counsel failed to serve Eadie with

a the *Notice of Hearing* the Court had ordered, on anyone. No one phoned Han and

Jayde telling the hearing date either (no hearing date on Motion).  No one served Han

or Jayde with a *Notice of Hearing* pleading.

   The LPG main bankruptcy case docket had hundreds of  motions, oppositions,

and items on it,  as of 7/6/23 (date Dinsmore firm filed Trustee's dkt.176 Motion in

the LPG main case docket).  By now, the LPG main case docket has 1000-plus

docketed items.  Plazak appearing as counsel defending Greyson, and other

defendants  in the Trustee v. Diab et al adversary proceeding 8:23-ap-01046-SC, did

NOT make Plazak/his firm the attorneys for Greyson, Han or Jayde in the LPG main

case, 8:23-bk-10571-SC, on any or all of the docketed items in the LPG main case.

Plus Plazak's Declaration hereto attests that no one phoned Plazak, to tell Plazak the

shortened time hearing date on the Dkt.176 Motion.

   An adversary proceeding, and a main bankruptcy case, are two different

proceedings.  An attorney representing a party in an adversary proceeding does **not**

constitute actual or implied authority or authorization, for that attorney to accept

service for that party in the main bankruptcy case, when that attorney has **neve**r

appeared in the main bankruptcy case on behalf of that party.

   The bankruptcy court in *In re Rae*, 286 B.R. 675, 676–77 (Bankr. N.D. Ind.

2002) held that serving a motion upon a corporate party, by serving the attorney who

had represented the corporation in a related matter, was improper:

**"The courts have consistently held that an attorney will be considered an agent for service of process only if counsel has been appointed for that precise task.** *See e.g., Schultz v. Schultz,* 436 F.2d 635 (7th Cir.1971); *Bennett v. Circus U.S.A.,* 108 F.R.D. 142, 146–147 (N.D.Ind.1985); *Davis–Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 508 (E.D.La.1985); *Miree v. United States,* 490 F.Supp. 768, 775 (N.D.Ga.1980). **The mere relationship between a litigant and its attorney is not sufficient to convey this authority**. *Ziegler Bolt,* 111 F.3d at 881. **Neither will it be implied from counsel's representation of the client in other litigation.** *Ziegler Bolt,* 111 F.3d at 881; *Schultz,* 436 F.2d at 639; *J & L Parking Corp. v. United States et al.,* 834 F.Supp. 99, 102 (S.D.N.Y.1993); *Bennett,* 108 F.R.D. at 147; *Olympus Corporation v. Dealer Sales & Service, Inc.,* 107 F.R.D. 300, 306 (E.D.N.Y.1985). "Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *Ziegler Bolt,* 111 F.3d at 881. "[T]here must be evidence of actual appointment and not merely an implication from the attorney's activities." *Bennett,* 108 F.R.D. at 147." [bold/underline added for emphasis]

Accord: *In re C.P. Hall Co.*, 513 B.R. 546, 551–53 (Bankr. N.D. Ill. 2014):

"As for the service of motions, Rule 9014(b) says that a motion in a contested matter (and all motions in bankruptcy cases initiate contested matters) must be served 'in the manner provided for service of a summons and complaint by Rule 7004.' Fed. R. Bankr.P. 9014(b). Service of a motion on an individual must therefore be accomplished in the same way as service of the summons and complaint in an adversary proceeding: under Rules 7004(b)(1), (7), or (8). *Kalikow,* 602 F.3d at 92 ("In a contested matter ... the notice of hearing is treated as a summons and the motion is treated as a complaint." (internal quotation omitted)); *In re Century Elecs. Mfg., Inc.,* 284 B.R. 11, 17 (Bankr.D.Mass.2002); *Ms. Interpret,* 222 B.R. at 414. **Decisions about the implied authority of an attorney to receive service of a motion are no less persuasive because a motion rather than an adversary complaint was involved**. … ….. **A party "cannot fabricate ... implied authority from whole cloth ... but must present facts and circumstances" establishing it.** *Ziegler,* 111 F.3d at 881. In determining whether an attorney has implied authority to receive service, "all the circumstances" surrounding the attorney's relationship with the party to be served must be considered. *Focus Media,* 387 F.3d at 1083; *Ms. Interpret,* 222 B.R. at 416; *see also* 4A Charles Allan Wright & Arthur R.

1
2

Miller, *supra,* § 1097 at 537 (stating that federal courts "look to the circumstances of the agency relationship")." [bold/underline added]

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

On 7/6/23, the date that the [dkt.176] Notice of Motion and Motion  was filed in the LPG main bankruptcy case docket, that Motion was only served on attorney Plazak —and NOT on Greyson, Han, or Jayde. Serving Plazak did constitute valid service on Greyson/Han/Jayde.  Plazak represented them only in the adversary proceeding, and had never appeared for anything in the LPG main bankruptcy case. [Plazak Decl hereto]  Plazak's representation of Greyson in the adversary proceeding was **not sufficient** to imply that Plazak had authority to receive service of Trustee's Motion to Compromise, filed in the LPG main bankruptcy case—and not filed in the adversary proceeding—on behalf of Han, Jayde or Greyson.  Han, Jayde and Greyson are not bound by this Court's Order [dkt.365] granting Trustee's Motion to Compromise with Phoenix, Carss and Tan, because they were not validly served with that Motion, and not being served, received no opportunity to oppose that Motion. [See Decls of Scott Eadie (agent for service of process for Greyson), Han and Jayde to this Reply, that none of them was validly served with Dkt.176 Motion

22
23
24
25
26
27

**XII.  OPP (P2, LINES 15-17) ERRS IN ALLEGING GREYSON'S MOTION HAS NO BASIS IN FACT OR LAW FOR GREYSON'S $300,633 ADMIN CLAIM: THAT $300,663 CLAIM IS FOR DAMAGE THAT <u>NEGLIGENCE OF,  AND INTENTIONAL MISCONDUCT</u> OF, DINSMORE FIRM/ITS FIELD AGENTS CAUSED GREYSON, WHICH LPG'S BANKRUPTCY ESTATE IS LIABLE FOR**

28

Greyson's Motion in chief fully briefs controlling case law holding that a

bankruptcy estate is liable for torts by a trustee, including negligence.  OPP has no law

contra.  Han's Decl to Greyson's MIC explains Celentino's month long improper

delay in returning Greyson's 48 client files seized at Greyson's office in the 6/2/23

lockout, was **negligent or intentional**, and that Dinsmore firm/its field agents giving

Phoenix access to Greyson's 48 client files, so Phoenix could take the 22 high paying

clients, was **intentional misconduct**,  particularly so as Dinsmore firm seizing

everything (beyond what Dkt.13 Lockout Order authorized) prevented Greyson from

being able to communicate with Greyson's client, without the 48 physical client files.

As briefed in Greyson's MIC, Greyson's $300,663 administrative claim is **not**

about the Lockout Order or Lockout, that claim is for $300,663 of damage that

Dinsmore firm/its field agents caused Greyson, by **negligence** and by **intentional**

**misconduct**, which LPG's bankruptcy estate is liable for.

**OPP does not deny** that Trustee's counsel, Dinsmore firm/its field agents,

delayed over a month before returning Greyson's 48 clients files to Greyson, which

Dinsmore firm had seized on 6/2/23, despite telling this Court, at the 6/12/23 court

hearing, that Dinsmore would return the files immediately.

**OPP does not deny** that due to Dinsmore firm having seized, and locked

Greyson out of: (1) all Greyson's email accounts, (2) Greyson's whole Microsoft [M

365 suit] account, and (3) Greyson's internet domain and website—NONE of which

the Court's dkt.13 Lockout Order authorized Dinsmore firm to do, that Greyson could

not communicate with its 48 clients, without the 48 client files.

**OPP does not deny** that Dinsmore/its field agents, gave Phoenix access to the 48 Greyson client files, during the month Dinsmore firm delayed in returning those 48 files to Greyson.

Han Trinh's Decl to Greyson's Motion in chief attests—and **OPP does not deny**—that the only way Phoenix could not have found and taken the 22 high paying clients, of Greyson's 48 clients, is if Dinsmore firm/their field agents, gave Phoenix access to the 48 Greyson clients files, during the month Celentino delayed returning those 48 files to Greyson.

Dinsmore lead attorney, Celentino, told this Court, at the 6/12/23 court hearing (transcript p.227, lines 14-23) that Celentino firm would return the 48 files to Greyson as soon as soon as Celentino saw the retainer letters. Greyson's then attorney Plazak emailed Celentino telling Celentino that Dinsmore firm –not Greyson--had all the retainer letters, because Dinsmore firm had seized all Greyson's data, which Greyson was locked out of; the letters were part of what was seized. Plazak told that Dinsmore firm to look at the retainer letters in Greyson's seized data and immediately return Greyson's 48 client files to Greyson. (Plazak Decl to Greyson MIC, Exh B is email to Celentino). Despite the fact that Dinsmore, not Greyson, had the retainer letters, Celentino did not return Greyson's 48 client files to Greyson for over a month after his firm seized those client files. Greyson had to have to the physical files to communicate with the 48 Clients, because Celentino firm, on 6/2/23, had seized (and locked Greyson out of) all 100+ Greyson emails, Greyson's internet domain/website, Greyson's whole

Microsoft [M365 suite] account, even though the dkt.13 Lockout and preliminary

injunction order did not authorize Celentino firm to do those things.   Preventing

Greyson from communicating with the 48 clients for a whole month, by failing to

return the 48 client files, and **giving Phoenix access to those files**, is the only way

Phoenix could have found and taken Greyson's 22 high paying clients, which would

have paid Greyson $300,663 in fees.  (Han Decl to MIC)

That delay by Dinsmore firm was negligent as at minimum, and giving Phoenix

access to the 48 Greyson client files was **intentional miscounduct--tortious unfair**

**competition** by LPG alter ego Phoenix, with Greyson. (March Decl to MIC) Greyson

is entitled to that $300,366 administrative claim, per the case law briefed in Greyson's

Motion [dkt.676] in chief.  OPP does not refute that law.  OPP (p.10,. lines 14-18)

agrees bankruptcy estates are liable damage caused to third parties by tortious conduct

of Trustees.

## XIII.  CONCLUSION

Based on the evidence and law in Greyson's [dkt.676] Motion for Allowance

and Payment of Administrative Claim, in chief, and based on the evidence and law in

this Reply, the Court should grant Greyson's [dkt.676] Motion, to allow Greyson an

administrative claim of **at least** $4,960,000 (2480 lawsuits x $2,000  per suit =

$4,960,000).  As calculated in Greyson's [dkt.676] Motion in chief, the actual

administrative claim pursuant to the Greyson-Phoenix contract, is $5,134,000.  But

Greyson's herein Reply is only able to attach 2,480 of the $2,000 per lawsuit Greyson

1
2
3
4

to Phoenix invoices, because Greyson does not have access to the additional invoices, which are in the computers/data seized from Greyson by Dinsmore firm/its field agents, on 6/2/23, and never returned to Greyson, to present.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

Plus, as briefed in Greyson's MIC and as briefed in **XII** immediately supra, LPG's bankruptcy estate owes Greyson an additional $300,663 administrative claim, for the $300,663 of damage Trustee's special counsel Dinsmore firm/their field agents,  caused Greyson, wrongfully delaying,  **a full month** returning to Greyson, Greyson's 48 client files (seized 6/2/23 by Dinsmore firm /their field agents), and **giving Phoenix access to Greyson's 48 client files**.  OPP does not deny Dinsmore firm/its field agents  did that, and Greyson's evidence is uncontroverted that the only way Phoenix could have found and taken Greyson's 22 high paying clients (which would have paid Greyson $300,663 in fees) is if Dinsmore firm/its field agents, gave Phoenix access to Greyson's 48 client files, while preventing Greyson, for over a month, from being able to communicate w/Greyson's 48 clients. (Han Decl to MIC)

20
21
22
23
24
25
26
27
28

Greyson, by its counsel, The Bankruptcy Law Firm, PC, on 12/6/23 filed Greyson's Motion to Vacate dkt.13 Lockout and Preliminary Injunction Order as to Greyson, and for return of items seized from Greyson on 6/2/23, without authority to seize those items. [Greyson's Motion is dkt.290 in adv proc, and same motion is filed as dkt.749 in main LPG bankruptcy case].  Both Greyson's Motions were set for hearing on 1/3/24, but due to multiple continuances, have still not been decided, and

1   are at present set for hearing on 5/1/24, which is after the present 4/25/24 hearing

2   date of Greyson's administrative claim motion.

3
4       Greyson's Motion for return of seized items is meritorious and should be

5   granted, and if those motions had not been continued by the Court, to a date later than

6   the 4/25/24 hearing date of Greyson's Motion for Allowance and Payment of

7   Administrative Claim, Greyson should have received back, from Trustee, the seized

8   original signed Greyson-Phoenix contract, which Trustee has withheld producing,

9
10  despite *Greyson's Request to Produce Documents* served 2/29/24, and the additional

11  Greyson to Phoenix $2,000 invoices.

12

13       No continuance is needed regarding the 2,480 Greyson to Phoenix $2,000 per

14  lawsuit = $4,960,000 portion of Greyson's administrative claim.  This Court should

15  grant Greyson an administrative claim for that $4,960,000. But Greyson cannot

16  produce the additional $174,000 of Greyson to Phoenix invoices (86 invoices x

17
18  $2,000 per invoice = $174,000) that are in Greyson's seized materials, so continuance

19  may be needed regarding those 86 seized invoices.

20

21       Similarly, Greyson cannot produce the original signed Greyson-Phoenix $2,000

22  per lawsuit contract, seized on 6/2/24 at Greyson's office, until Trustee returns that

23
24  signed contract to Greyson. (Han Decl hereto) But this Reply proves the existence

25  and content of that contract, so this Court can and should grant Greyson the

26  $4,960,000 portion of Greyson's administrative claim Motion. (March Decl hereto)

27

28

1
2
3
4

However, if the Court wants to see the signed Greyson-Phoenix contract—which this OPP does NOT deny Dinsmore firm/its field agents seized on 6/2/23, and which OPP does NOT deny Dinsmore firm/its field agents have possession of--this

5
6
7

Court should order Dinsmore firm/its field agents to forthwith produce that seized contract, and set a continued hearing date after the date production is ordered.

8
9
10
11
12

If Dinsmore firm/its field agents do NOT produce that seized contract,this Court  should rule that Dinsmore firm/its field agents have committed spoliation of evidence, which requires overruling Trustee's OPP, for unclean hands/spoliation of evidence.

13

Dated: April 18, 2024                          THE BANKRUPTCY LAW FIRM, PC

14
15
16
17

__/s/ Kathleen P. March_____
By: Kathleen P. March, Esq
*Attorneys for Greyson Law Center, PC*
*on its dkt.676 Motion/Reply*

18
19
20
21
22
23
24
25
26
27
28

# REPLY DECLARATION OF KATHLEEN P. MARCH ESQ.

I, KATHLEEN P. MARCH, declare:

1. I am an attorney in good standing, admitted to practice law in California and New York. I own and run The Bankruptcy Law Firm, PC, counsel to Greyson Law Center PC ("Greyson") on Greyson's herein Motion for Allowance and Payment of Administrative Claim.

2. Attached to my herein Declaration, as **Exhibit A**, is Greyson's *Request to Produce Documents* ("RPD"), which my firm, as Greyson's counsel, served on Trustee Marshack, to his counsel of record, Dinsmore & Shohl LLP, on 2/29/24. That RPD requires, inter alia, Trustee to produce the written contract between Greyson and Phoenix, signed on or about 5/19/24, in which Phoenix contracted to pay Greyson $2,000 per state court lawsuit, for Greyson to send Greyson W-2 attorneys to appear, for Phoenix on a 1099 basis, to defend Phoenix clients in state court suits. As Han Trinh's Declaration to this Reply attests, that contract was seized on 6/2/23 by Dinsmore & Sholl LLP attorneys and their field agents, at Greyson's office.

3. Attached as **Exhibit B** is Trustee Marshack's *Response*, which gives an obviously invalid excuse for not producing the signed Greyson-Phoenix contract, of saying that contract does not exist based on (alleged) representations of ty Carss.

4. OPP does not deny that Greyson, by attorney March of The Bankruptcy Law Firm PC, on 2/29/24, served a *Request to Produce Documents* ("RPD") on Trustee counsel, requesting Trustee to produce the fully signed Greyson-Phoenix

$2,000 per lawsuit contract, which Dinsmore firm attorneys/field agents seized from

Greyson's office in the 6/2/23 Lockout.

5.    Han Trinh's Declaration to MIC and to this Reply attests that the fully

signed Greyson-Phoenix $2,000 per lawsuit contract was in Han's locked room in the

Dinsmore office on 6/2/23, and was gone, after the 6/2/23 Lockout.

6.  OPP does not deny Dinsmore firm/their field agents seize the Contract.

7.    OPP does not Dinsmore firm/its field agents have the Contract.

8.  Trustee/Dinsmore firm has NOT produced the Contract to The

Bankruptcy Law Firm PC/attorney Kathleen March per the RFP, or at all.

9.  OPP does not deny that Trustee/Dinismore firm have not produced the

Contract.

10. Trustee's *Response* [**Exhibit B** to March Decl hereto] to Greyson's

*Request to Produce Documents,* is an improper, evasive attempt to "stonewall" on

producing the signed Greyson-Phoenix Contract, seized by Trustee's counsel, the

Dinsmore firm/their field agents . (March Decl)  Trustee's Response (on "header" of

Marshack Hays firm and signed by attorney Ed Hays).  Following is Gresyon Request

for Production 2, and Trustee's Response to for Production 2:

> **"REQUEST FOR PRODUCTION NO. 2:**
> Produce to Greyson, the fully signed written contract between Greyson Law
> Center PC, and Phoenix Law Center--for Phoenix to pay Greyson $2,000 per
> lawsuit, for Greyson attorneys to appear for Greyson, to defend 11 Phoenix
> clients in lawsuits in which Phoenix consumer debtor clients were being sued
> for alleged unpaid consumer debts--which fully signed contract was seized from

1

2

Han Trinh's locked office in Greyson's office (3345 Michelson Drive, Suite 400B, Irvine, CA 92612), in the 6/2/23 Lockout.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4

5

6

7

8

9

Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901. Argumentative, misstates evidence and misleading. Subject to and without waiving said objections: After a diligent search and reasonable inquiry **no such document exists nor has it ever existed based on representations by Phoenix Law, PC's managing director, William Ty Carss**, who was the only person who would have been authorized to sign such a contract on behalf of Phoenix Law, PC absent a forgery."

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

11. Please read Response 2 carefully: Trustee's Response 2 does NOT say no such document exists or has ever existed. All this Response says is that Ty Carss (allegedly) says no such document exists or ever has existed. Greyson counsel March sent several "meet and confer" emails (attached as **Exhibit C** hereto) to both Trustee firms: Dinsmore Firm, and Marshack Hays Firm, pointing out that saying Ty Carss (allegedly) says the document (signed Greyson-Phoenix Contract) does not exist, does NOT prove the document does not exist. March's emails in **Exhibit C** point out that Greyson doesn't care what Ty Carss (allegedly) says; that what Ty Carss (allegedly) says **does not excuse Trustee** from producing the seized contract; and that if Trustee wants to contend the seized contract is a forgery, Trustee is still be required to produce the contract, and then can argue it is a forgery.

25

26

27

28

12. Failure of Trustee, by his attorneys, to produce the seized contract, based on the invalid excuse stated in Trustee's Response to Request for Production No.2, quoted supra, is a blatant violation of Trustee's duty to produce the seized contract.

13. Trustee's above quoted Response 2, and failure to produce the seized contract, is **stonewalling**.

14. If  the seized contract is not produced to Greyson's counsel, before the 4/25/24 hearing on Greyson's dkt.676 Motion, that will be **spoliation of evidence**, which is a serious offense.

15. Han Trinh's Decls. to Greyson Motion in Chief, and to this Reply, are **uncontroverted** that Trustee's special counsel, the Dinsmore firm/their field agents, seized the signed Contract from Han's locked room in Greyson's office on 6/2/23. Since they seized the signed Contract, they had and have a duty to safeguard the seized document.

16. If it has "disappeared" while in the custody of Trustee's special counsel/their field agents, Trustee/Dinsmore firm/its field agents, are liable for that "disappearance".

17. Note there is **no** Declaration of Ty Carss to  OPP, alleging that the signed Greyson-Phoenix contract never existed, and there is **no** Declaration of Rose Bianca Loli to OPP, denying that Loli signed the Greyson-Phoenix contract.  Han Trinh's Decl. to this Reply attests that Loli signed that Contract, that Han is familiar with Loli's signature, and that Loli is listed in Phoenix' newsletter of 2/23 as "CEO" of Phoenix, equal on the organizational chart to Managing attorney Ty Carss.  With no declarations of Ty Carss or Rose Bianca Loli, to OPP, there is no admissible evidence that Carss, or Loli did not sign the Contract.

18. OPP, p.8, line 1, is utterly in bad faith in arguing that Greyson has not

provided a copy of the Contract, when Trustee counsel knows full well that Trustee's

attorneys have the seized signed contract, and have not returned that seized signed

contract to Greyson, despite Greyson's multiple requests that Trustee's counsel return

the signed contract to Greyson.  Those requests are:  (1) Greyson, on 12/6/23, set for

hearing on 1/6/24, moved for return of seized items, but due to multiple continuances

that motion has not been heard and is a present continued to after the 4/25/24 hearing

on Greyson's administrative claim motion.  (2) When this Court continued the hearing

on the administrative claim motions [Order of continuance is dkt.818, filed 1/8/24]

saying: "The continuance will permit the parties to continue the voluntary exchange of

documents for the purposes of analyzing claims and defenses", March emailed

Mamlyuk, asking Trustee to produce the seized contract  (that email is **Exhibit J**

hereto) (3) My law firm,  for Greyson, served Greyson's Request to Produce

Documents, served on 2/29/24, to get the seized signed contract, as is discussed supra

this Declaration.

19.The LPG bankruptcy estate is the entity that **benefitted** from Greyson

sending Greyson attorneys to appear for Phoenix, on an independent contractor basis,

the defend Phoenix consumer debtor clients in 2,480 law suits, all over the US, where

those clients were being sued for (allegedly owed) debts.  The LPG bankruptcy estate

benefitted from that work, because LPG got all the client files back from Phoenix, by

the "avoidance" portion of the Dkt.77 Stipulation between Trustee Marshack on the one hand, and Phoenix/Carss/Tan, on the other hand.

20. OPP has no evidence contra to the Greyson's evidence proving existence and terms of the Greyson-Phoenix contract.  OPP has no evidence contra to Greyson's evidence that Greyson supplied Greyson attorneys to appear for Phoenix, on an independent contractor (1099) basis, to defend Phoenix consumer debtor clients in state court suits, nationwide, as listed on the 2,480 invoices that Greyson sent to Phoenix, Exhibit A to Han Reply Decl hereto. OPP does not deny Greyson attorneys appeared for Phoenix, in the 2,480 state court suits, to defend Phoenix clients in those 2,480 suits.

21.The Declaration Trustee filed, of Trustee's witness Jason J. Rebhun, [Dkt.191-4] , shows that Phoenix agreeing to pay Greyson $2,000 per state court suit where Greyson attorneys appeared for Phoenix, defending consumer defendants, was a **reasonable amount.**.  **Exhibit D** hereto are the relevant pages of the Rebhun's Declaration , filed by Trustee on  07/07/23 in the LPG main bankruptcy docket in support of Trustee's Motion to Sell LPG's assets), at ¶0 and ¶11, where Rebhun attests that what CLG (Consumer Legal Group) pays the local counsel CLG uses to defend CLG consumer clients in lawsuits is **$1,500 to $2,500 per suit, sometimes more**in Rebhun's Declaration (Dkt.191-4,.

22.The Dkt.77 "Avoidance" Stipulation between Trustee on the one hand, and Phoenix/Carss/Tan on the other hand (filed in the adversary proceeding docket) is attached as **Exhibit E** hereto.

23.The Order (dkt.365 in the main LPG bankruptcy case, that granted Trustee Marshack's dkt.176 Motion, moving the Court to order the dkt.77 Stipulation as an Order, is attached as **Exhibit F** hereto.

24.**Exhibit G** hereto is Dkt.176 Trustee Motion (by Dinsmore firm), filed in main LPG case on 7/6/23, moving this Court to Order the Dkt. 77 Stipulation (from adv proc) as an Order.

25.**Exhibit H** hereto is Dkt.180, this Court's Order granting Dinsmore firm request to have Dkt.176 Motion heard on severely shortened time.  The dkt.180 Order required Dinsmore firm to serve the Dkt.176 Motion on "all creditors" and on "all interested parties" required Dinsmore firm to PHONE all creditors and all interested parties and tell them the 7/11/23 hearing date for Dkt.176 Motion, on shortened time; and required Dinsmore firm to serve and file a *Notice of Hearing* of the Dkt.176 Motion, saying it was being heard on 7/11/23. I found no such *Notice of Hearing* in the LPG main case pacer docket between 7/6/23 and the 7/11/23 hearing date.  The relevant page of the LPG main case pacer docket showing no *Notice of Hearing*  was filed is **Exhibit I** hereto.

26.Han Trinh's Declaration to Greyson's [dkt.676] Administrative Claim Motion in chief, attests that defending the 2,480 state court suits was necessary, and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**benefitted** LPG, because Phoenix was an alter ego Phoenix, and because LPG got

back from Phoenix, all the LPG files that had been transferred to Phoenix..

27.LPG got back all the files from Phoenix via the  the Dkt. 77 "Avoidance"

Stipulation (filed in the adv proc), attached as **Exhibit D** to my herein  Declaration,

and per the [Dkt.365 in main LPG bankruptcy docket] Order,  ordering the Stipulation

as an Order,  attached as **Exhibit E** to my herein Declaration.

28. Almost simultaneously with Trustee getting the client files back from

Phoenix, by the Dkt. 77 "Avoidance" Stipulation and Order, the LPG bankruptcy

estate, by Trustee, moved to sell, and did sell all those files to Morning Law, and the

Court granted that Motion, to sell to Morning Law as buyer.  The [dkt.352] sale  order

is entered on 8/2/23 in the LPG main bankruptcy case docket. Trustee immediately

sold all those client files to Morning Law, by the [dkt.352] Sale Order entered on

8/2/23 in the LPG main bankruptcy case docket.  (March Decl hereto).

29. The *Agreement of Purchase and Sale* attached to the [dkt.352] Sale

Order states Morning Law is paying the LPG bankruptcy estate 5.5 million to start and

is required to pay 50% of future payments Morning Law receives on active executory

contracts and 40% of future payments on inactive executory contracts.  The total

estimated payment that Morning Law was to pay the LPG bankruptcy estate, was

supposed to be more than the 42 million dollars Consumer Law Group (the losing

bidder) had bid.

1    I declare under penalty of perjury that the foregoing is true and correct and that

2    this Declaration is executed at Los Angeles, California, on April 18, 2024.

3

4    _____/s/ Kathleen P. March_____

5    **KATHLEEN P. MARCH**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   Kathleen P. March, Esq., (CA SBN 80366)
2   **THE BANKRUPTCY LAW FIRM, PC**
    10524 W. Pico Blvd, Suite 212, LA, CA 90064
3   Phone: 310-559-9224;   Fax: 310-559-9133
    Email: kmarch@BKYLAWFIRM.com
4   *Counsel for Greyson Law Center PC on Greyson's*
5   *Motion to Vacate, on Greyson's Motion for Admin.*
    *Claim, and defending Greyson in adv proc.*
6

7           UNITED STATES BANKRUPTCY COURT

8   OF THE CENTRAL DISTRICT OF CALIFORNIA— SANTA ANA DIV.

9

10  In re                          Bankruptcy Case No. 8:23-bk-10571-SC
                                   Adversary Proceeding 8:23-ap-01046-SC
11                                 Chapter 11
12  LITIGATION
    PRACTICE                       ADMINISTRATIVE CLAIMANT, GREYSON LAW
13  GROUP, PC
                                   CENTER PC'S, FRBP RULE 7034 [FRCP RULE 34]
14
    Debtor.                        **REQUESTS FOR PRODUCTION OF**
15
                                   **DOCUMENTS**, PROPOUNDED TO RICHARD
16
                                   MARSHACK, CHAPTER 11 TRUSTEE
17
                                   **What**:  Requests for Production of Documents
18
                                   **What Set**:  Set ONE
19
                                   **Propounded to**:  Richard Marshack, Chapter 11
20                                 Trustee
21
                                   **Propounded by**:  Greyson Law Center PC, Movant on
22
                                   Greyson's Motion [dkt.676] for allowance and payment
23
                                   of administrative claim, a contested matter, where
24
                                   Trustee is represented by Trustee's Law Firm,
25
                                   Marshack Hays Wood LLP
26

27

28
    Greyson Law Center PC's Requests for Production of Documents, Set ONE, propounded to Chapter
     11 Trustee Richard Marshack, to his attorneys of record Mashack Hays Wood LLP, regarding
    Greyson's Motion [dkt.676] for Allowance and Payment of Administrative Claim, a contested matter
                                              1

Pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") Rule 9014 (contested matters) and pursuant to FRBP Rule 7034 (Requests for Production), which incorporates FRCP Rule 34, Greyson Law Center, PC ("Greyson"), movant on Greyson's Motion [dkt.676 in LPG main bankruptcy case docket] for allowance and payment of administrative claim—which Motion is a contested matter in which discovery may be taken-- requests that Chapter 11 Trustee Richard Marshack--by Trustee's law firm (Marshack Hays Wood LLP), which represents Trustee Marshack regarding Greyson's administrative claim Motion [dkt.676] :

(1) produce the documents requested herein, and

(2) serve a written Response to this Request for Production, as required by FRCP Rule 34(b)(2)(A) and (B) (incorporated into FRBP Rule 7034).

Both the documents here requested,  and the written Response, are required to be served on Greyson's counsel, listed on page 1 supra,  within 30 days after this Request to Produce is served by email on Trustee Marshack's attorneys who have communicated with Greyson counsel regarding Greyson's [dkt.676] Motion, and who are D.Edward Hays, Layla Buchanan, and Alina Mamlyuk, Esq. of Marshack Hays Wood LLP law firm.   All are being served by email, as e-file/e-serve attorneys, plus are being served by Federal Express next day delivery Trustee Marshack's counsel of record.

Documents requested are required to be served by placing the documents in Dropbox and sending an invitation to view said documents to counsel for Greyson (The Bankruptcy Law Firm, P.C. by Kathleen P. March, Esq.,to kmarch@bkylawfirm.com).  Alternatively, the documents can be produced in paper form, by delivering them to The Bankruptcy Law Firm, PC, within the 30 days after this Request to Produce Documents is served.

## TRUSTEE MARSHACK IS REQUESTED TO PRODUCE THE FOLLOWING:

Greyson Law Center PC's Requests for Production of Documents, Set ONE, propounded to Chapter 11 Trustee Richard Marshack, to his attorneys of record Mashack Hays Wood LLP, regarding Greyson's Motion [dkt.676] for Allowance and Payment of Administrative Claim, a contested matter

2

**REQUEST NO. 1**: Produce to Greyson, all Greyson invoices to Phoenix, that are in the documents and data which Trustee's special counsel Dinsmore & Shohl LLP/its field agents seized at Greyson's office located at 3345 Michelson Drive, Suite 400B, Irvine, CA 92612, in the 6/2/23 Lockout of Greyson from Greyson's office.

**REQUEST NO. 2**: Produce to Greyson, the fully signed written contract between Greyson Law Center PC, and Phoenix Law Center--for Phoenix to pay Greyson $2,000 per lawsuit, for Greyson attorneys to appear for Greyson, to defend Phoenix clients in lawsuits in which Phoenix consumer debtor clients were being sued for alleged unpaid consumer debts--which fully signed contract was seized from Han Trinh's locked office in Greyson's office (3345 Michelson Drive, Suite 400B, Irvine, CA 92612), in the 6/2/23 Lockout.

**REQUEST NO. 3**: Produce to Greyson, all unsigned copies and drafts of the Contract described in 2 supra, whether in paper form, or in electronic form.

**REQUEST NO. 4**: Produce to Greyson all emails, texts, and other documents, sent by or to Ty Carss, Esq., or sent by or to Rosa Bianca Loli, or sent by or to other personnel of Phoenix Law--an entity determined by the Bankruptcy Court to be an alter ego of debtor Litigation Practice Group, which from 6/2/23 to present has been

---

Greyson Law Center PC's Requests for Production of Documents, Set ONE, propounded to Chapter 11 Trustee Richard Marshack, to his attorneys of record Mashack Hays Wood LLP, regarding Greyson's Motion [dkt.676] for Allowance and Payment of Administrative Claim, a contested matter

3

controlled by Trustee Marshack--which refer to, describe, or in any way evidence the $2,000 per case contract between Greyson and Phoenix.

**REQUEST NO. 5**: Produce to Greyson, all emails, texts, documents, or writings of any kind, which reflect, refer to, or reference, how Phoenix Law came to take/obtain/or contract with the 22 high paying clients, of Greyson's 48 total clients, which client files for those 48 Greyson clients were seized from Greyson's office at 3345 Michelson Drive, Suite 400B, Irvine, CA 92612, in the 6/2/23 lockout of Greyson from Greyson's office, performed by Dinsmore & Shohl, LLP attorneys/its field agents.

**REQUEST NO. 6**: Produce to Greyson, all emails, texts, documents, or writings of any kind, which reflect, refer to or evidence attorneys of Dinsmore & Shohl, LLP, or field agents doing work for that law firm, or anyone else, allowing Phoenix Law, or personnel of Phoenix Law, to have access to some or all of Greyson's 48 client files, which Dinsmore & Shohl LLP attorneys/its field agents seized from Greyson's office in the 6/2/23 lockout of Greyson from Greyson's office.

Dated:  February 29, 2024          THE BANKRUPTCY LAW FIRM, PC

                              ___/s/ Kathleen P. March_____

                              By Kathleen P. March, Esq. counsel to Greyson Law
                              Center, PC on this Request to Produce ,and on Greyson's

Greyson Law Center PC's Requests for Production of Documents, Set ONE, propounded to Chapter 11 Trustee Richard Marshack, to his attorneys of record Mashack Hays Wood LLP, regarding Greyson's Motion [dkt.676] for Allowance and Payment of Administrative Claim, a contested matter
4

1                          [dkt.676] Motion for Allowance and Payment of
Administrative Claim

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greyson Law Center PC's Requests for Production of Documents, Set ONE, propounded to Chapter
11 Trustee Richard Marshack, to his attorneys of record Mashack Hays Wood LLP, regarding
Greyson's Motion [dkt.676] for Allowance and Payment of Administrative Claim, a contested matter

5

73

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*):

## ADMINISTRATIVE CLAIMANT, GREYSON LAW CENTER PC'S, FRBP RULE 7034 [FRCP RULE 34] REQUESTS FOR PRODUCTION OF DOCUMENTS, PROPOUNDED TO RICHARD MARSHACK, CHAPTER 11 TRUSTEE

will be served or was served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____2/29/24____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By FedEx Express Overnight, to Marshack Hays Wood, Attn: D. Edward Hays, Esq., 870 Roosevelt, Irvine, CA 92620

By email, to Alina Mamlyuk, Esq., amamlyuk@marshackhays.com
By email, to Edward Hays, Esq., ehays@marshackhays.com
By email, to Layla Buchanan, Esq., lbuchanan@marshackhays.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/29/24 | Kathleen P. March | /s/ Kathleen P. March |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT B

1 D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 ALINA MAMLYUK, #284154
amamlyuk@marshackhays.com
3 MARSHACK HAYS WOOD LLP
870 Roosevelt
4 Irvine, California 92620
Telephone: (949) 333-7777
5 Facsimile: (949) 333-7778

6 Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK
7

8 UNITED STATES BANKRUPTCY COURT

9 CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10 In re

11 THE LITIGATION PRACTICE GROUP P.C.,

12

13 Debtor.

14

15

16

Case No: 8-23-bk-10571-SC

Chapter 11

RICHARD A. MARSHACK, CHAPTER 11
TRUSTEE'S RESPONSE TO
ADMINISTRATIVE CLAIMANT
GREYSON LAW CENTER PC'S, FRBP
RULE 7034 [FRCP RULE 34]

[NO HEARING REQUIRED]

17

18 PROPOUNDING PARTIES: Defendant, GREYSON LAW CENTER PC

19 RESPONDING PARTY:        Plaintiff RICHARD A. MARSHACK, Chapter 7 Trustee

20 SET NO.:        ONE

21        Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the Bankruptcy

22 Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor") ("Trustee" or "Responding

23 Party"), responds and objects to the Document Requests, Set One propounded by Greyson Law

24 Center PC ("Propounding Parties"), as follows:

25                    **Preliminary Statement**

26        These responses are made solely for the purpose of this action. No incidental or implied

27 admissions are intended by the responses. Responding Party's responses to any of the requests

28 should not be taken as an admission that Responding Party accepts or admits the existence of any

facts assumed by such requests or that such response constitutes admissible evidence as to any such assumed facts. The fact that Responding Party responds to part or all of any request is not intended to and shall not be construed to be a waiver by Responding Party of any objection to any request. Furthermore, Responding Party's responses are made without waiving, and expressly reserving, the right: (a) to object to any effort to use any documents produced in any step or proceeding in this action or any other action, and (b) to object on any ground to other discovery requests regarding the subject matter of any request herein.

This action is still in the discovery phase and Responding Party has not yet completed investigation of the facts related to the action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Responding Party's responses herein are based on, and reflect the current state of its knowledge. Responding Party expressly reserves the right to supplement its responses at a later time should it deem such supplementation necessary or appropriate.

In particular, Responding Party anticipates that depositions will produce additional facts and the need for additional investigation regarding the information in these responses.

The inadvertent production of a document that is privileged, constitutes work-product, or is protected from disclosure by any other applicable doctrine or rule of law, shall not be deemed to waive the applicable privilege, doctrine, or rule of law with respect to that document, any other document, or the subject matter or context of any such document.

Documents produced in response to this Demand for Production of Documents will be served by placing the documents in Dropbox and sending an invitation to view said documents to counsel for Greyson (The Bankruptcy Law Firm, P.C. by Kathleen P. March, Esq., to kmarch@bkylawfirm.com.

## General Objections

Responding Party objects generally to the requests on the following grounds, each of which is incorporated by reference in the responses to each and every demand below:

1.      Responding Party objects to each request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each such document. Responding Party will not produce information

protected from disclosure by the attorney-client privilege. Responding Party is not currently withholding documents on the basis of the attorney-client privilege. A privilege log will be produced if any privileged documents are subsequently discovered.

2.    Responding Party objects to each request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney work-product doctrine with respect to each such document. Responding Party will not produce information protected from disclosure by the attorney-work-product doctrine.

3.    Responding Party objects to each request to the extent the request(s) exceed the scope of necessary and appropriate discovery, and/or are not relevant to any party's claim or defense and proportional to the needs of the case.

4.    Responding Party objects to each request to the extent that the request(s) seek documents which contain proprietary information, trade secrets, and/or other confidential information.

Without waiving any of the foregoing objections, Responding Party responds to Responding Party's requests below:

**WITHOUT WAIVING ANY OF THE FOREGOING OBJECTIONS, RESPONDING PARTY RESPONDS TO RESPONDING PARTY'S REQUESTS BELOW:**

**REQUEST FOR PRODUCTION NO. 1:**

Produce to Greyson, all Greyson invoices to Phoenix, that are in the documents and data which Trustee's special counsel Dinsmore & Shohl LLP/its field agents seized at Greyson's office located at 3345 Michelson Drive, Suite 400B, Irvine, CA 92612, in the 6/2/23 Lockout of Greyson from Greyson's office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901. Argumentative, misstates evidence and misleading. Responding Party objects on the grounds the requested documents are in the possession, custody and control of Propounding Party as evidenced by the invoices produced by Han Trinh prior to her deposition taken on March 20, 2024 and as such this request overly burdensome, oppressive and harassing. Subject to and without waiving said

objections: After a diligent search and reasonable inquiry, Responding Party will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

Produce to Greyson, the fully signed written contract between Greyson Law Center PC, and Phoenix Law Center--for Phoenix to pay Greyson $2,000 per lawsuit, for Greyson attorneys to appear for Greyson, to defend 11 Phoenix clients in lawsuits in which Phoenix consumer debtor clients were being sued for alleged unpaid consumer debts--which fully signed contract was seized from Han Trinh's locked office in Greyson's office (3345 Michelson Drive, Suite 400B, Irvine, CA 92612), in the 6/2/23 Lockout.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901. Argumentative, misstates evidence and misleading. Subject to and without waiving said objections: After a diligent search and reasonable inquiry no such document exists nor has it ever existed based on representations by Phoenix Law, PC's managing director, William Ty Carss, who was the only person who would have been authorized to sign such a contract on behalf of Phoenix Law, PC absent a forgery.

**REQUEST FOR PRODUCTION NO. 3:**

Produce to Greyson, all unsigned copies and drafts of the Contract described in 2 supra, whether in paper form, or in electronic form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901. Argumentative, misstates evidence and misleading. Subject to and without waiving said objections: After a diligent search and reasonable inquiry Responding Party is not able to locate documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce to Greyson all emails, texts, and other documents, sent by or to Ty Carss, Esq., or sent by or to Rosa Bianca Loli, or sent by or to other personnel of Phoenix Law--an entity determined by the Bankruptcy Court to be an alter ego of debtor Litigation Practice Group, which

1  from 6/2/23 to present has been controlled by Trustee Marshack--which refer to, describe, or in any

2  way evidence the $2,000 per case contract between Greyson and Phoenix.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

4      Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901.

5  Argumentative, misstates evidence and misleading. Subject to and without waiving said objections:

6  Responding Party has never controlled any entity in this matter, including Phoenix Law, PC and is

7  prohibited from doing so. Based thereon and after a reasonable search and diligent inquiry, no

8  documents responsive to this request exist.

9  **REQUEST FOR PRODUCTION NO. 5:**

10      Produce to Greyson, all emails, texts, documents, or writings of any kind, which reflect, refer

11  to, or reference, how Phoenix Law came to take/obtain/or contract with the 22 high paying clients, of

12  Greyson's 48 total clients, 8 which client files for those 48 Greyson clients were seized from

13  Greyson' s office at 3345 Michelson Drive, Suite 400B, Irvine, CA 92612, in the 6/2/23 lockout of

14  Greyson from Greyson' s office, performed by Dinsmore & Shohl, LLP attorneys/its field agents.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16      Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901.

17  Argumentative, misstates evidence and misleading. Subject to and without waiving said objections:

18  Greyson Law Center's twenty-two alleged clients, poached from Debtor, were stored on the same

19  customer relationship management platform, LUNA Tony Diab used to fraudulently transfer LPG

20  clients to Phoenix, which would include the client Greyson illegally "poached." Based thereon and

21  after a reasonable search and diligent inquiry, no documents responsive to this request exist.

22  **REQUEST FOR PRODUCTION NO. 6:**

23      Produce to Greyson, all emails, texts, documents, or writings of any kind, which reflect, refer

24  to or evidence attorneys of Dinsmore & Shohl, LLP, or field agents doing work for that law firm, or

25  anyone else, allowing Phoenix Law, or personnel of Phoenix Law, to have access to some or all of

26  Greyson's 48 client files, which Dinsmore & Shohl LLP attorneys/its field agents seized from

27  Greyson's office in the 6/2/23 lockout of Greyson from Greyson's office.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901. Argumentative, misstates evidence and misleading. Responding Party objects on the grounds Propounding Party is in possession, custody and control of documents sought by this request and as such this request is unduly burdensome, oppressive and harassing. Subject to and without waiving said objections: On July 7, 2023, the Trustee provided Propounding Party's counsel of record, Douglas Plazak, with access to its 22 poached files and all records, emails and writings therein which Greyson either directly or by and thorugh its attorney of record accessed and made copies. Based thereon and after a reasonable search and diligent inquiry, Responding Party will produce documents responsive to this request

DATED: March 29, 2024                    MARSHACK HAYS WOOD LLP

                                         By: *D. Edward Hays*
                                         D. EDWARD HAYS
                                         ALINA MAMLYUK
                                         Attorneys for Chapter 11 Trustee
                                         RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

*In re: Litigation Practice Group, PC*
Bankruptcy Case No. 8:23-bk-10571-SC

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to this action. My business address is 870 Roosevelt, Irvine, CA 92620.

On March 29, 2024, I served the foregoing document described as **RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE'S RESPONSE TO ADMINISTRATIVE CLAIMANT GREYSON LAW CENTER PC'S, FRBP RULE 7034 [FRCP RULE 34]** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**COUNSEL FOR GREYSON LAW
CENTER PC – VIA EMAIL ONLY**
Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd., Suite 212,
Los Angeles, California 90064
T:   310.559.9224
F:   310.559.9133
E: kmarch@BKYLAWFIRM.com

☐  **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☒  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 29, 2024, at Irvine, California.

_____
CYNTHIA BASTIDA

82

# EXHIBIT C

## Kathleen March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Thursday, April 4, 2024 6:55 PM |
| **To:** | 'Ed Hays'; 'Alina Mamlyuk' |
| **Cc:** | 'Freedman, Jeremy' |
| **Subject:** | attys Hays & Mamlyuk of Marshack Hays, from KPMarch, Bky LF, counsel to Greyson in adv proc; cc to atty Freedman:  Marshack Hays prepared/signed/served Trustee Marshack's Response to Greyson's RPDocs, so Marshack Hays must meet & confer with my firm |
| **Attachments:** | pacer docket adv proc Marshack v Diab et al start to 022824.pdf |

040424

Attys Ed Hays & Alina Mamlyuk of Marshack Hays firm, from KPMarch, Bky LF, counsel to Greyson in adv proc; cc to atty Freedman of Dinsmore firm:

Ed:

Marshack Hays prepared/signed/served Trustee Marshack's Response to Greyson's RPDocs, so Marshack Hays must meet & confer with my firm, instead of Freedman of Dinsmore firm, which did NOT prepare/sign/serve Trustee Marshack's Response, trying to meet and confer regarding a pleading the Dinsmore firm did not prepare/sign/serve.

Attorney Freedman claimed, in his previous emails to my firm, that Marshack Hays firm was entitled to prepare/sign/serve Trustee Marshack's Response to Greyson Law Center PC's ("Greyson") Request to Produce Documents, served by my firm, as counsel for adversary proceeding defendant Greyson, on adversary proceeding plaintiff Trustee Marshack.  My firm had served Greyson's Request to Produce Documents on theDinsmore firm on 2/29/24, because  the Dinsmore firm was the sole firm listed on the adversary proceeding pacer docket as counsel for Trustee in the adversary proceeding. .

Bankruptcy Court does not agree Marshack Hays was co-counsel with Dinsmore as  6/12/23, because my firm has a copy of the adversary proceeding docket, printed 3/28/24 (copy attached), and it only shows Dinsmore as counsel to trustee in the adversary proceeding and does not show Marshack Hays as co-counsel, as of 3/28/24.   When Ed Hays appeared on 6/12/23, he appeared as Trustee General Counsel, not as co-counsel with Dinsmore firm in the adversary.  Page 2 of 6/12/23 transcript which Freedman emails my firm so states.

But since atty Freedman claims that Marshack Hays was entitled to prepare/sign/serve the Response to Greyson's Request for Production of Documents, that Marshack Hays prepared/signed/ served on my firm on 3/29/24, it is Marshack Hays—not attorney Freedman of Dinsmore—that needs to do the "meet and confer" with my firm regarding Trustee's Response that Marshack Hays prepared/signed/served on my firm on 3/29/24.  It seems axiomatic that the firm that the firm that prepared/signed/served the Response—not some other firm--needs to do the meet and confer regarding To Trustee Marshack 3/29/24 Response, prepared/signed and served by Marshack Hays.

Therefore,  Ed Hays, or some other attorney of Marshack Hays, please YOU **meet and confer** with my firm regarding the Responses  to Greyson's Request to Produce Documents served 2/29/24, which your firm served on my firm on 3/29/24.  This is necessary because only the firm that prepared/signed/served Trustee's 3/29/24 Response to Greyson's Request to Produce—which is YOUR FIRM--is in a position to say what is the "diligent search and reasonable inquiry" stated in Response 2 quoted infra, that Trustee Marshack did to try to locate and produce to my firm  the written contract, signed between Greyson and Phoenix on or about 5/19/23.  Here, for your convenience is Request to produce 2, and Marshack Hays' Response to Request to produce 2:

84

**"REQUEST FOR PRODUCTION NO. 2:**

Produce to Greyson, the fully signed written contract between Greyson Law Center PC, and Phoenix Law Center--for Phoenix to pay Greyson $2,000 per lawsuit, for Greyson attorneys to appear for Greyson, to defend 11 Phoenix clients in lawsuits in which Phoenix consumer debtor clients were being sued for alleged unpaid consumer debts--which fully signed contract was seized from Han Trinh's locked office in Greyson's office (3345 Michelson Drive, Suite 400B, Irvine, CA 92612), in the 6/2/23 Lockout."

**"RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Vague and ambiguous. Lacks foundation. Federal Rules of Evidence section 901. Argumentative, misstates evidence and misleading. Subject to and without waiving said objections: After a **diligent search and reasonable inquiry** no such document exists nor has it ever existed **based on representations by Phoenix Law, PC's managing director, William Ty Carss**, who was the only person who would have been authorized to sign such a contract on behalf of Phoenix Law, PC absent a forgery."

Tony Diab's Declaration, filed by my firm on 4/2/24, as part of Greyson's supplemental briefing [dkt.474], attests that Diab brokered the contract between Greyson and Phoenix. I don't need to debate Carss testimony at the 6/12/23 hearing. Carss testified at p.200-212 of the 6/12/23 hearing transcript, that Phoenix used Greyson attorneys to appear in state court cases in various states, to defend LPG clients. At that time LPG had transferred LPG's clients to Phoenix, but Phoenix thereafter returned those files to LPG by "avoidance" stipulation [dkt.77 in adv proc].

Responding that no such document [signed Greyson-Phoenix $2,000 per lawsuit contract] exists nor has it ever existed **based on representations by Ty Carrs** is NOT a statement that no such document exists.

Its only a statement that Ty Carss says the document doesn't exist.

My firm doesn't care what Carss, claims, because whatever Carss claims does not negate existence of the signed document.

Tony Diab's Declaration filed 4/2/24 by my firm, as part of Greyson's supplemental briefing, attests that Diab brokered the contract between Greyson and Phoenix. That contract was signed by Phoenix, by Bianca Loli, who was represented in Phoenix documents as being CEO of Phoenix Law, on same level as Phoenix Managing attorney Ty Carss. As such Loli had authority to sign, and did sign, the contract. My firm's information is Trustee attorneys have been told by Loli/Loli's counsel, that Loli signed that Contract, so Freedman's emails are, unfortunately not being honest in giving a weasily answer that denies a contract does not exist, based solely on Carss denying Carss signed it, when Trustee's attorneys have been told that Loli signed that contract for Phoenix. If the document seized from Han's locked room in the Greyson office on 6/2/23 was a forgery, Trustee would still be required to produce the document

My firm suggests that Marshack hays needs to get the signed Greyson-Phoenix contract from the Dinsmore firm/its field agents, and produce the document. Failing to do that is perilously close to spoliation of evidence. Quit trying to weasel, and produce the document. After it is produced Trustee can argue Loli was not authorized to sign, but such an argument, or any other claim that the signed contract is not binding, does not relieve Trustee of producing the document.

Reply please Ed Hays or other Marshack Hays attorney. Thx in advance.

KPMarch

85

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

**From:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Sent:** Thursday, April 4, 2024 2:23 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; 'Ed Hays' <EHays@MarshackHays.com>; 'Alina Mamlyuk'
<amamlyuk@marshackhays.com>
**Cc:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Serrano, Jonathan
<Jonathan.Serrano@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** RE: To Dinsmore firm atty Freedman, and to Marshack Hays attys Hays & Mamlyuk, from KPMarch, Bky LF,
counsel defending Greyson Law Center PC in adv proc; Read below response to Freedman 4/2/24 at 11:23am email and
please REPLY Hays and Freedman

Ms. March,

Your bad faith meet and confer efforts continue as a result of your failure to review the record in this case prior to your
appearance or provide any factual or legal authority for your clients position.

Had you made even the most cursory review of the records in the 1046 Adversary, you'd see that Ed Hays of Marshack
Hays Wood made an appearance on June 12, 2023. Your refusal to acknowledge this reality does not make it false.
Please feel free to correct your misapprehension and review the appearances made (Page ii of the attached transcript /
Page 2 of the PDF) at the June 12, 2023 hearing. Of course Judge Clarkson has personal knowledge of this fact and so we
are confident you'll get no traction on this front with his honor. I further would suggest you actually read the transcript
as it severely undermines your clients' false declarations and bad faith arguments being made and submitted to the
court by your office in this matter.  In that regard you should review your obligations pursuant FRBP 7011/FRCP 11. The
Trustee's discovery responses satisfy Fed.R.Civ.P. Rule 26(e) and your meet and confer continues to be raised in bad
faith.

With regards to the purported contract, Han testified at her deposition that she dropped the contract off with a
secretary. She did not see it signed and could not remember if it was signed by Ty Carss, the only party authorized to
sign for Phoenix. Bianca Loli had no authority to sign on behalf of or bind Phoenix and was instead, the principal of Prime
Logix. Ty Carss will testify he did not see any such contract or sign it. Phoenix is an entity and cannot sign
anything.  Witness statements that "Phoenix" signed the purported contract are unavailing for this reason.  The fact is,
no one saw it signed by Ty Carss because it was never signed by Ty Carss.

Your claim that Ty Carss testified that Phoenix agreed to the $2,000 per file contract for the proposition he did sign the
contract is false.  Again you are doing your clients a disservice by failing and refusing to carefully consider the record in
this matter. If you did, you'd know that Ty Carss actually testified that Tony Diab told Ty Carss the plan was that Phoenix
files were to go to Greyson and Phoenix would pay Greyson $2,000 per file instead of Phoenix paying $750 per file
directly to the attorney. Obviously, Diab was able to dictate this arrangement because Diab controlled Greyson just as
much as he controlled Phoenix. Of course you know this because your client, Han Trinh testified Diab purportedly
"negotiated" the purported contract between Phoenix and Greyson. Diab's text messages to Ty Carss confirm that this

3

was the plan until Tony decided to shut down Greyson. See Ty Carss actual testimony below and the text message from Diab to Ty Carss attached to the Declaration of Ty Carss in opposition to Greyson's motion for a protective order.

"Well, again, the payment process through Phoenix was so slow that a lot of these attorneys were wondering how they were going to get paid. And then they -- many of them, as I noticed, their e-mails all started changing from LPG e-mails to Greyson e-mails. And many of them told me that they would not take assignments unless it was through Greyson. And this is sort of how I actually learned about Greyson. And I would ask Mr. Diab, "Is this where the attorneys are coming from? Am I sending the assignments through that?" And he was -- and the answer was, **"Yes. We're going to do that for a while. But I don't know that that model is working. And I think that Greyson is going to be terminated. It's going to be shut down."**
June 12, 2023 Hearing Transcript at 201:3-15.

It is clear Ty Carss knew nothing about a "contract" and was simply acting on instructions from the man controlling both Phoenix and Greyson behind the scenes: Tony Diab.

Further, the request seeks an executed copy of a contract between "Greyson and Phoenix…. Seized from Han Trinh's locked office." As phrased, no such document exists nor can it exist absent a forgery. As Han testified she never saw Ty Carss sign the document. And, in any event, no such document – executed or unexecuted – exists in the Trustee's possession custody and/or control.  Based on the foregoing, the Trustee has complied with his obligations and provided complete straightforward responses to Greyson's request for production of documents.

Best,



**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0517 • **F** (619) 400-0501
**E** Jeremy.Freedman@Dinsmore.com • dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Wednesday, April 3, 2024 7:54 PM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; 'Ed Hays' <EHays@MarshackHays.com>; 'Alina Mamlyuk' <amamlyuk@marshackhays.com>
**Cc:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** To Dinsmore firm atty Freedman, and to Marshack Hays attys Hays & Mamlyuk, from KPMarch, Bky LF, counsel defending Greyson Law Center PC in adv proc; Read below response to Freedman 4/2/24 at 11:23am email and please REPLY Hays and Freedman

040324

To Dinsmore firm, special counsel to Trustee Marshack in adv proc 8:23-ap-01046-SC; attn Jeremy Freedman, Esq.

From The Bankruptcy Law Firm, PC, by KPMarch Esq. , counsel to Greyson Law Center PC in that adv proc and on Greyson's admin claim Motion (dkt.676)


Atty Ed Hays, and attorney Jeremy Freedman:

This email  is Greyson's response to Freedman's  4/2/24 at11:23 am email to my law firm:   My firm is still trying to meet and confer with you, and with the Marshack Hays firm (which wrote and served Trustee's Response to Greyson's Request to Produce Documents, on Marshack Hays firm "header", signed by attorney Hays), despite Freedman's  unfounded allegations made in Freedman's  4/2/24 at 11:23 am email.

I have "pasted" your 4 items, from Freedman's 4/2/24 at 11:23am email,  into this email, and my firm's responses, for Greyson,  are in CAPITAL LETTERS, as follows:


First, Marshack Hays Wood, LLP, has always represented the Trustee in the 1046 Action as general counsel. See the 1046 Action Docket.  NOT TRUE: MARSHACK HAYS HAD NEVER APPEARED IN THE 8:23-AP-01046-SC ADVERSARY PROCEEDING, UNTIL THAT FIRM FILED 4 SUBPOENAS ON 4/27/24.  BEING GENERAL COUNSEL TO TRUSTEE MARSHACK DID NOT MAKE MARSHACK HAYS COUNSEL IN THE ADVERARY PROCEEDING.  THAT IS WHY MARSHACK HAYS WAS NEVER LISTED AS COUNSEL TO TRUSTEE IN THE ADVERARY PROCEEDING UNTIL AFTER 4/28/24.


Second, Marshack Hays Wood, LLP has been appointed general counsel to the Trustee, giving Marshack Hays the power to respond to discovery on behalf of the Trustee. See Docket No. 129, attached. In this regard, Trustee has been represented by Marshack Hays at the hearing on his motion for temporary restraining order and preliminary injunction, among other hearings to which I was present and Judge Clarkson is well aware of. Your client received the verified responses of the Trustee. You provide no authority that general counsel who has appeared in the 1046 action may not sign discovery responses on behalf of its client. As such, the Trustee has complied with his obligation and his responses proper.  THE DKT.129 ORDER IN MAIN LPG BKY CASE DKT, WHICH YOU REFER TO DOES NOT MAKE MARSHACK FIRM COUNSEL IN ADVERSARY PROCEEDINGS.  IT JUST GRANTS APPLIC OF MARSHACK HAYS FIRM TO BE EMPLOYED AS GENERAL COUNSEL FOR TRUSTEE MARSHACK, AND DOES NOT SAY MARSHACK HAYS IS EMPLOYED AS SPECIAL COUNSEL FOR MARSHACK.


With regards to the purported contract between Phoenix and Greyson, Han's testimony at her deposition make it clear she did not see anyone sign any such contract, cannot recall who allegedly signed the contract, and only testified it was dropped off with a secretary. Ty Carss, on the other hand, has personal knowledge of whether he, as the only authorized agent of Phoenix to sign the purported contract, actually signed any such contract. Mr. Carss will testify and declare that he did not sign and was never presented with any such contract to sign. Trustee cannot produce a document that does not exist and cannot reasonably exist absent forgery. Trustee made a good faith effort to search for such documents,

88

talk to witnesses and based thereon provided a complete straightforward and proper response.  THERE ARE WITNESSES THAT THE CONTRACT WAS SIGNED BY PHOENIX, AND TY CARSS, WHOM YOU ARE RELYING ON, TESTIFIED AT THE 6/12/23 HEARING ABOUT THE $2,000 PER CASE PHOENIX AGREED TO PAY GREYSON, FOR GREYSON ATTYS TO APPEAR IN STATE COURT SUITS, FOR PHOENIX, TO DEFEND PHOENIX CLIENTS IN THOSE STATE COURT SUITS.


Finally, your client's meet and confer make it clear that Greyson's request for production of documents was served in bad faith to seek discovery from Dinsmore and not a party to the adversary proceeding. There is no case law or statute that permits Greyson to conduct discovery on an attorney for a party to a case. Your threats and demands in your client's bad faith meet and confer are clearly directed at Dinsmore which is improper and unprofessional. In the event the Trustee, his general counsel and Dinsmore are forced to oppose a meritless motion to compel we will again seek sanctions against your client and your firm.  YOU ARE IN ERROR:  GREYSON'S REQUEST FOR PRODUCTION OF DOCUMENTS, SERVED IN THE ADVERSARY PROCEEDING, STATES CLEARLY, IN ITS CAPTION THAT ADV PROC DEFENDANT GREYSON IS PROPOUNDING THE REQUEST TO PRODUCE DOCUMENTS TO ADVERSARY PROCEEDING PLAINTIFF, TRUSTEE MARSHACK.  LETS ASSUME, FOR PURPOSES OF THIS MEET AND CONFER, THAT MARSHACK HAYS COULD RESPOND, AS COUNSEL FOR TRUSTEE, EVEN THOUGH MARSHACK HAYS WAS NOT A COUNSEL FOR MARSHACK, IN THE ADVERSARY PROCEEDING, ON 2/29/24, THE DATE MY FIRM, AS COUNSEL FOR GREYSON, SERVED THE REQUEST TO PRODUCE ON DINSMORE FIRM ATTYS, AS DINSMORE WAS THE ONLY COUNSEL FOR TRUSTEE IN THE ADVERSARY PROCEEDING AT THAT TIME.  MARSHACK HAYS FIRM CANNOT SAY, IN THE TRUSTEE'S RESPONSE, THAT  "Trustee made a good faith effort to search for such documents, talk to witnesses and based thereon provided a complete straightforward and proper response.", BECAUSE IT WAS DINSMORE FIRM ATTYS AND FIELD AGENTS--NOT MARSHACK HAYS FIRM ATTORNEYS AND FIELD AGENTS--WHICH PERFORMED THE LOCKOUT AND SEIZURES AT GREYSON'S OFFICE, ON 6/2/23.  IT IS DINSMORE FIRM, AND ITS FIELD AGENTS, THAT HAVE THE FULLY SIGNED PAPER COPY OF THE GREYSON-PHOENIX $2,000 PER CASE CONTRACT.  DID MARSHACK FIRM ATTORNEYS SEARCH THE DOCUMENTS SEIZED FROM HAN TRINH'S LOCKED ROOM IN THE GREYSON OFFICE, IN THE 6/2/23 LOCKOUT AND SEIZURE.  IF NOT, THEN ATTORNEY ED HAYS, WHO SIGNED MARSHACK HAYS' FIRM'S TRUSTEE MARSHACK RESPONSE TO GREYSON'S REQUEST TO PRODUCE, CANNOT HONESTLY ATTEST THAT ""Trustee made a good faith effort to search for such documents, talk to witnesses and based thereon provided a complete straightforward and proper response." BECAUSE IF MARSHACK HAYS ATTORNEYS HAD SEARCHED THE SEIZED DOCUMENTS, THEY WOULD HAVE FOUND THE SIGNED CONTRACT, UNLESS DINSMORE FIRM ATTYS/FIELD AGENTS HAD REMOVED THAT SIGNED CONTRACT FROM THE SEIZED DOCUMENTS, BEFORE THE MARSHACK HAYS ATTORNEYS SEARCHED THE SEIZED DOCUMENTS.  PLEASE REPLY AND TELL MY FIRM, WHETHER OR NOT THE MARSHACK HAYS ATTORNEYS SEARCHED THE PAPER DOCUMENTS SEIZED AT GREYSON'S OFFICE IN THE 6/2/23 LOCKOUT.  PLEASE ALSO TELL MY FIRM THE NAMES OF EACH WITNESS THAT TRUSTEE MARSHACK TALKED TO, TO PROVIDE THE RESPONSE THE MARSHACK HAYS FIRM SERVED ON  MY FIRM ON 3/29/24.  FAILING TO PRODUCE SEIZED DOCUMENTS IS SPOLIATION OF EVIDENCE, AND THERE ARE SERIOUS CONSEQUENCES FOR SPOLIATION OF EVIDENCE.  NOR IS IT GROUNDS TO FAIL TO PRODUCE THE SIGNED GREYSON-PHOENIX CONTRACT, THAT THE DINSMORE FIRM CONTENDS PHOENIX'S SIGNATURE ON THAT CONTRACT WAS "FORGED".  TRUSTEE STILL HAS TO PRODUCE THE DOCUMENT, AND AFTER DOING SO, CAN MAKE SUCH ALLEGATIONS AS TRUSTEE THINKS TRUSTEE CAN SUPPORT WITH EVIDENCE.


Reply please.   THX.


 KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com

89

*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Sent:** Tuesday, April 2, 2024 11:23 AM
**To:** K. P. March <kmarch@bkylawfirm.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>
**Cc:** 'Ed Hays' <EHays@MarshackHays.com>; 'Alina Mamlyuk' <amamlyuk@marshackhays.com>
**Subject:** RE: To Dinsmore firm attys Celentino, Ghio, Freedman & Serrano, from KPMarch, Bky LF, counsel defending Greyson Law Center PC in adv proc; cc D.Edward Hays & Alina mamlyuk of Marshack Hays firm: Read below please and REPLY. Thx.

Ms. March,

Your client received the responses of the Trustee to whom the request for production of documents was served, not Dinsmore. Your meet and confer again does not comply with your clients obligations to meet and confer in good faith for which your client, Han has already paid sanctions. In this regard, I do not see any case law or evidence to support your clients' position and based on our review that is because there is no factual or legal authority for the threats your client makes.

First, Marshack Hays Wood, LLP, has always represented the Trustee in the 1046 Action as general counsel. See the 1046 Action Docket.

 

Second, Marshack Hays Wood, LLP has been appointed general counsel to the Trustee, giving Marshack Hays the power to respond to discovery on behalf of the Trustee. See Docket No. 129, attached. In this regard, Trustee has been represented by Marshack Hays at the hearing on his motion for temporary restraining order and preliminary injunction, among other hearings to which I was present and Judge Clarkson is well aware of. Your client received the verified responses of the Trustee. You provide no authority that general counsel who has appeared in the 1046 action may not sign discovery responses on behalf of its client. As such, the Trustee has complied with his obligation and his responses proper.

With regards to the purported contract between Phoenix and Greyson, Han's testimony at her deposition make it clear she did not see anyone sign any such contract, cannot recall who allegedly signed the contract, and only testified it was dropped off with a secretary. Ty Carss, on the other hand, has personal knowledge of whether he, as the only authorized agent of Phoenix to sign the purported contract, actually signed any such contract. Mr. Carss will testify and declare that

7

90

he did not sign and was never presented with any such contract to sign. Trustee cannot produce a document that does not exist and cannot reasonably exist absent forgery. Trustee made a good faith effort to search for such documents, talk to witnesses and based thereon provided a complete straightforward and proper response.

Finally, your client's meet and confer make it clear that Greyson's request for production of documents was served in bad faith to seek discovery from Dinsmore and not a party to the adversary proceeding. There is no case law or statute that permits Greyson to conduct discovery on an attorney for a party to a case. Your threats and demands in your client's bad faith meet and confer are clearly directed at Dinsmore which is improper and unprofessional. In the event the Trustee, his general counsel and Dinsmore are forced to oppose a meritless motion to compel we will again seek sanctions against your client and your firm.

Best,



**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0517  •  **F** (619) 400-0501
**E** Jeremy.Freedman@Dinsmore.com  •  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Monday, April 1, 2024 7:42 PM
**To:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Celentino, Christopher
<Christopher.Celentino@DINSMORE.COM>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Serrano, Jonathan
<Jonathan.Serrano@Dinsmore.com>
**Cc:** 'Ed Hays' <EHays@MarshackHays.com>; 'Alina Mamlyuk' <amamlyuk@marshackhays.com>
**Subject:** To Dinsmore firm attys Celentino, Ghio, Freedman & Serrano, from KPMarch, Bky LF, counsel defending Greyson Law Center PC in adv proc; cc D.Edward Hays & Alina mamlyuk of Marshack Hays firm: Read below please and REPLY. Thx.


040124

To Dinsmore firm attys Celentino, Ghio, Freedman & Serrano

From KPMarch,  Esq., Bky LF, counsel to Greyson Law Center PC

Cc to D. Edward Hays Esq of Marshack Hays firm

Dinsmore firm:

This email is to request your firm and my firm hold a "meet and confer" relating to Trustee Marshack's Responses to Greyson Law Center's Requests for Production of Documents served 2/29/24 in the adversary proceeding, which my firm served on Dinsmore firm, by email to each of the 4 of you, on 2/29/24, and mailed your firm also.

The Response of Trustee Marshack to Greyson's RPD is fatally defective, because it is not from your firm. Instead, it is on the "header" of the Marshack Hays firm. However, only your firm is counsel to Trustee, in the adversary proceeding (Trustee v Diab et al) adv. Proc. 8:23-ap-01046-SC. The Marshack has firm is not now, and has never been, counsel to Trustee Marshack in the adversary proceeding. Consequently, Trustee's Response to Greyson's RPD must be from your firm, Dinsmore firm, and cannot be from Marshack Hays firm.

My firm served Greyson's RPD in the adversary proceeding because your adversary proceeding against Greyson alleges Greyson received fraudulent transfers, but Greyson did not receive fraudulent transfers, because what money Greyson was paid was toward paying Greyson the contracted for $2,000 per case, for Greyson to supply attorneys, on an independent contractor basis, to appear in state court suits as counsel for Phoenix, to defend Phoenix consumer clients in those state court suit. Before Han Trinh's 3/20/24 deposition, my firm produced 2,480 invoices from Greyson to Phoenix, of $2,000 apiece, for 2,480 state court cases Greyson provided attorneys to appear in , on an independent contractor basis, to defend Phoenix clients in those 2,480 state court services. Those services had a value of far more than what Phoenix paid Greyson, toward paying for those services.

The other reason my firm served Dinsmore with Greyson's Request to Produce documents is that it is your firm which performed the Lockout and Seizure, at Greyson's office, on 6/2/23, in which your firm/its field agents seized the fully signed contract between Greyson and Phoenix from Han Trinh's locked room in Greyson's office.

Your firm needs to find that seized contract, and produce it. My firm's view is that your firm cannot honestly claim your firm  can't find and produce that fully signed contract that your firm/your field agents, seized on 6/2/23, from Han Trinh's locked room in Greyson's office. I'd think very carefully, if I were you,  before I said your firm/your field agents don't have that contract, because there are witnesses, that the Greyson-Phoenix  contract was fully signed and hand carried back to Greyson's office from Phoenix's office.  But my firm is absolutely sure, that if you want to tell that story, you will need to tell it in a Response to Greyson's RPD that is on your firm "header", signed by an attorney of your firm, rather than being on the Marshack Hays firm "header", signed by a Marshack Hays attorney.

We can do this meet and confer by email, so please REPLY. If I have to move to get a Response to Greyson's RPD that is on your firm letterhead, signed by an attorney of your firm, I will request to be paid for having to do that. I suggest you REPLY that your firm will promptly email a Trustee RESPONSE to Greyson's RPD to my firm, on your firm "header", signed by an attorney of your firm. PS: Your firm is overdue  responding.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

# EXHIBIT D

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1  Daniel A. Lev (CA Bar No. 129622)
    daniel.lev@gmlaw.com
2  **Greenspoon Marder LLP**
    333 South Grand Avenue, Suite 3400
3  Los Angeles, California 90071-1406
    Telephone: 213.626.2311
4  Facsimile: 954.771.9264

5  Ronald Richards (CA Bar No. 176246)
    ron@ronaldrichards.com
6  Law Offices of Ronald Richards & Associates, APC
    P.O. Box 11480
7  Beverly Hills, California 90213
    Telephone: 310.556.1001
8  Facsimile: 310.277.3325

9  Attorneys for Consumer Legal Group, P.C. AND ACQUIRING ENTITY

10

11              **UNITED STATES BANKRUPTCY COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

13

14  In re                                    Case No. 8:23-bk-10571-SC

15  THE LITIGATION PRACTICE GROUP,           Chapter 11
    P.C.,
16                                           **DECLARATION OF JASON J. REBHUN**
                    Debtor.                  **IN SUPPORT OF TRUSTEE'S**
17                                           **EMERGENCY MOTION FOR XX**

18                                           DATE:   MONTH DAY, 2023
                                             TIME:   XX:X0 X.m.
19                                           PLACE:  Courtroom "5C"

20
    I, Jason J. Rebhun, declare and state:
21
            1.      I am an attorney duly admitted to practice law in the courts of the
22
    states of New York and New Jersey. I am also admitted to practice law in the United
23
    States District Courts for the Southern District of New York, Eastern District of New York,
24
    Northern District of New York, District of New Jersey, and the Second Circuit Court of
25
    Appeals. I am also in good standing in those courts.
26
            2.      I make this declaration in support of the "Trustee's Emergency
27
    Motion for Motion of Trustee Richard A. Marshack for Entry of an Order (A) Approving
28

DAL 54814513v1                                                           95

1 Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests
2 Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of
3 Certain Executory Contracts and Unexpired Leases and Other Agreements (the
4 "Motion"), filed by Richard A. Marshack (the "Trustee"), the duly appointed, qualified, and
5 acting chapter 11 trustee for the estate of the debtor The Litigation Practice Group, P.C.
6 (the "Debtor").

7      3.    My background includes having earned a J.D. at New York Law
8 School in 2010 where I was a night student. During the day, I was a paralegal at a small
9 law firm in Brooklyn, New York, which handled a variety of matters and represented many
10 individuals and small businesses engaged in small business. Some of those matters
11 included prosecuting and defending collection actions related to secured and unsecured
12 debt. As the sole paralegal in the office, I gained valuable "hands on" experience working
13 one-on-one with my supervising attorney and I personally handled all aspects of a case,
14 including drafting complaints and answers, discovery demands and responses, attending
15 and observing depositions, trial preparation, and "second seated" oral arguments,
16 motions, and trials.

17      4.    After graduating from law school, I opened my own legal practice
18 where I resumed handling a variety of matters, including debt related cases (prosecution
19 and defense) and claims relating to the Fair Debt Collections Practice Act. During this
20 period of my career, I personally deposed witnesses, defended depositions, and tried
21 cases myself, including jury trials. Although I have only been practicing law for
22 approximately 13 years, because of my hands-on experience as a paralegal, my
23 experience extends well beyond those 13 years.

24      5.    Presently, I am employed as an attorney at Consumer Legal Group,
25 P.C. ("CLG") which is a New York City based law firm which primarily practices law in the
26 consumer debt "space." Aside from the dozens of employees who are not part of CLG's
27 legal "team," CLG employs full-time attorneys, part-time attorneys, and paralegals.
28 Moreover, as a growing and thriving business, CLG is constantly looking to hire additional

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

2

96

1  attorneys, paralegals, and staff and is in current active discussions to hire another full-
2  time attorney.

3          6.      CLG itself has been operating since early 2022.  CLG was
4  incorporated in New York in May of 2022 and quickly began expanding.  CLG's attorneys
5  have significant experience handling consumer cases ranging from one to more than ten
6  years of experience.  CLG is owned by Aryeh Weber, Esq., who has over thirty years of
7  experience and is licensed and in good standing in New York and New Jersey.

8          7.      CLG defends clients in cases in New York and New Jersey where its
9  attorneys are admitted to practice.  Other than hiring local counsel outside of New York
10 and New Jersey where a client's case may be venued, all of the operational and legal
11 functions at CLG are handled in-house in our office by trained staff in our New York
12 office.  CLG employs dozens of employees who are not part of CLG's legal "team," as
13 well as four full-time attorneys (and is in the final stages of hiring one more full-time
14 attorney who are expected to be on boarded by the end of July 2023), three part-time
15 attorneys, and eight paralegals.  As a growing and, thankfully, thriving business,
16 operating legally in the consumer debt space, CLG is constantly looking to hire additional
17 attorneys, paralegals, and staff and, as noted, is in current discussions to hire another
18 full-time attorney.

19         8.      Legally challenging debt involves a number of different factors and
20 strategies, some of which are discussed below.  Based on our experience, seeking
21 attorney assistance challenging debt, settling debt, defending against a debt collection
22 lawsuit, validating debt, and filing lawsuits to challenge debt for unfair collection practices,
23 among other grounds, to protect clients who are being unfairly treated or taken
24 advantage of by sophisticated and oftentimes relentless creditors and collection agencies
25 is not a new industry or concept, and it has been around for a long time as evidenced by
26 the legislative history of some of the more notable consumer protection laws, including,
27 but not limited to, the Fair Debt Collection Practices Act (FDCPA), among many others.
28 Because hiring an attorney is expensive, most clients already in financial despair are not

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 954.771.9264

1 able to pay a $5,000 or $10,000 retainer and $200 or more per hour for an attorney. To
2 provide such consumers with affordable access to lawyers, law firms operating in the
3 consumer debt space often offer payment plans for services rendered. This too is a
4 practice that has a long history in the legal field, including, but not limited to, pre-paid
5 legal services and lawyer payment plans.

6         9.    As one of CLG's senior attorneys, I personally oversee the younger
7 attorneys and the paralegals who are trained by me. I created (and edit as needed) the
8 Standard Operating Procedures ("SOP") for the attorneys and paralegals handling new
9 files for CLG, essentially detailing what to do when a new file comes in after evaluating
10 the stage of the debt collection. For instance, some clients first notify CLG of the
11 existence of a pending suit after a motion for default judgment was filed, or after a
12 judgment was entered, or preliminarily after suit is filed, but before a response (answer or
13 motion) is due. I am also the point of contact for CLG's attorneys and paralegals for
14 complicated procedural and strategical questions.

15         10.    I am also the point of contact for CLG's network of local counsel in
16 the various states where CLG's clients may be sued. In this regard, when a CLG client is
17 sued outside of New York or New Jersey (where I am admitted to practice law and would
18 often handle the case myself), CLG's "local counsel liaison" (a designated paralegal that I
19 oversee who is tasked with engaging local counsel) contacts CLG's local counsel in that
20 particular state and advises of the matter that requires attention and representation. We
21 connect CLG's client with that local counsel, provide counsel with the pleading and any
22 information or documents necessary or requested to facilitate that representation, furnish
23 templates of responsive pleadings, discovery demands, deposition notices (which I
24 personally prepared), and, along with CLG's "local counsel liaison," we oversee the file
25 and monitor discovery and potential motion practice.

26         11.    When CLG refers its clients to local counsel outside of New York and
27 New Jersey, the clients may enter into their own retainer with local counsel. The legal
28 fees for retaining local counsel are paid for by CLG typically on a flat fee basis, although

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 954.771.9264

1 depending on the particular state and the volume within that state, local counsel may be

2 paid an hourly rate. All of CLG's local counsel are paid on a Form 1099 basis as

3 independent contractors. The average cost to engage local counsel ranges between

4 $1,500 and $2,500 (sometimes more depending on the particular state, matter, scope of

5 work involved, and complexity of a particular matter, etc.).

6       12. Typically, upon intake of a new client, I, along with CLG's legal team,

7 speak and correspond with clients as needed. CLG often undertakes an initial

8 communication with a client upon learning of the commencement of a lawsuit against the

9 client wherein it seeks financial hardship information along with potential settlement

10 parameters that are used by CLG to negotiate with creditors. Creditors often have

11 agreed to abandon pursuit of CLG's clients after learning (and persuasion from CLG's

12 team) that a particular client may be "judgment proof" or without collectible assets in that

13 client's name.

14       13. CLG has employed a successful internal organizational system

15 wherein it has designated individuals (usually paralegals) tasked with calendar duties,

16 monitoring the legal department's general email inbox, dispatching new files on an

17 attorney rotation, designating tasks for certain paralegals (to request information or

18 documents from a client, or seek an extension of time to respond to a newly commenced

19 action prior to referring that matter to local counsel) or to a designated settlement "team"

20 which is comprised of individuals (usually paralegals) tasked with contacting creditors to

21 settle cases using the information provided by CLG's clients and individuals (usually

22 paralegals) tasked with reviewing the correspondence, statements, discovery, and

23 supporting information provided by the creditor or the client themselves. Much of that

24 information is also reviewed by an attorney who analyzes the information with an eye for

25 legal defenses, legal strategy, and weaknesses in a creditor's case.

26       14. Oftentimes, CLG's attorneys will review documentation filed with a

27 commencing pleading, or provided by the client, or in discovery, which is matched and

28 analyzed against the client's credit report to see if that debt was "charged off" in which

99

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1  case certain defenses/motion practice can be used.  CLG's attorneys have also
2  uncovered cases wherein the relied-upon contract and its terms and conditions provide
3  CLG's client with a right to arbitrate.  On certain cases that were filed close to the
4  applicable statute of limitations for collections actions (which varies state by state and
5  whose time periods we preliminarily research), or where the amount demanded is not
6  significant, CLG's attorneys will engage the client (and often local counsel for the
7  particular state) and strategize about seeking dismissal citing the binding arbitration
8  provision.  Some creditors have agreed to discontinue their action upon such a threat or
9  motion given the resources necessary to defend and recommence the action in
10 arbitration.    Similarly, engaging in the discovery process and pursuing discovery,
11 especially depositions of a creditor's witness, will often have the desired effect of creating
12 leverage for settlement negotiations.

13         15.    CLG employs proprietary software to operate its practice and its
14 employees are trained on creating tasks and calendar entries for nearly every step of
15 CLG's program process.  Such tasks and entries often include reviewing summonses or
16 legal documents, scheduling calls with clients or opposing counsel/creditors, and
17 calendaring dates by which certain information is due, including dates for court
18 appearances.  CLG is proud to state that, since implementation of the SOP and the
19 adherence thereto by CLG's employees, there have been very few matters that have
20 fallen through the proverbial cracks.  Such issues are often through no responsibility or
21 fault of CLG's employees, but, rather, because of a delay in transmittal of information or
22 documents to CLG which prevents CLG from timely responding to same.  Nevertheless,
23 CLG is always prepared to put out fires and I am personally one of the main attorneys
24 engaged to help fight those fires.

25         16.    If CLG clients ask to speak with an attorney, those calls are promptly
26 scheduled and any of CLG's attorneys/paralegals (depending on a particular case) who
27 are equipped to speak with that client return the call.  CLG's attorneys will review the
28 notes and documents on a particular file to familiarize themselves before speaking with

1  the client and CLG does its best to have the same attorney/paralegal speak with a client
2  with whom they have a relationship or a history.

3        17.    CLG has found success in representing clients throughout the United
4  States and has successfully negotiated the resolution of innumerable debt as well as
5  litigation matters. CLG is sufficiently equipped to take on significantly more volume and
6  is ready to hire and train additional staff as needed.

7        18.    As part of its business model, CLG has a standard "legal services
8  agreement" (the "LSA"), a true and correct copy of which is attached hereto as Exhibit 1.
9  As indicated in the LSA, CLG does not purport to offer or sell any credit repair services
10  and in fact discloses the potential for a client's credit score to go down.

11        19.    Generally, CLG obtains its clients from internal marketing efforts,
12  word of mouth, CLG's website, and outside marketing companies. CLG does not engage
13  in revenue factoring to pay for new clients.

14        20.    CLG operates in compliance with all local, state, and federal rules
15  and regulations. Upon formation, such policies and procedures were created and drafted
16  by attorneys knowledgeable in these fields. As part of CLG's commitment to compliance,
17  CLG's officers and attorneys, including myself, routinely monitor, review, and update all
18  policies and procedures to account for any changes in the law, regulations, and rules of
19  professional conduct.

20        21.    CLG is proud of the services and results it provides and has
21  achieved for its clients. For instance, and without disclosing client information, CLG has
22  secured the discharge of debt against a client after CLG successfully cited a binding
23  arbitration provision warranting the dismissal of a creditor's lawsuit.    CLG also
24  successfully leveraged a client's inability to pay a debt against a forthcoming trial that the
25  creditor refused to adjourn, ultimately leading to dismissal of the action. CLG has also
26  successfully negotiated dozens of debts whereby its client's monthly payments were less
27  than $100, enabling the clients to make ends meet without a looming judgment over their
28  head.

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    22.    The Court, therefore, should have no concerns of CLG being a "fly
2    by night" organization unable to meet the needs of the Debtor's consumers.  On the
3    contrary, CLG is well-equipped to represent each of the consumers if CLG ultimately
4    succeeds in acquiring the delineated files.

5          I declare under penalty of perjury under the laws of the United States of
6    America that the foregoing is true and correct.

          Executed this 7th day of July, 2023.

                                        Jason J. Rebhun

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

# EXHIBIT E

1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Jeremy B. Freedman (State Bar No. 308752)
   **DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone: 619.400.0500
   Facsimile:  619.400.0501
5  christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
6  jeremy.freedman@dinsmore.com

7  Special Counsel to Plaintiff and Chapter 11 Trustee,
   Richard A. Marshack

8
                    **UNITED STATES BANKRUPTCY COURT**
9
            **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**
10

11  | In re: | Case No.: 8:23-bk-10571-SC |
12  | THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |
13  | Debtor. | Chapter 11 |
14  | | |

15  RICHARD A. MARSHACK,
    Chapter 11 Trustee,
16

17                    Plaintiff,

18                    v.

19  TONY DIAB, an individual; DANIEL S.
    MARCH, an individual; ROSA BIANCA LOLI,
20  an individual; LISA COHEN, an individual;
    WILLIAM TAYLOR CARSS, an individual;
21  ENG TANG, an individual; MARIA EEYA TAN,
    an individual; JAKE AKERS, an individual; HAN
22  TRINH, an individual; JAYDE TRINH, an
    individual; WES THOMAS, an individual;
23  SCOTT JAMES EADIE, an individual; JIMMY
    CHHOR, an individual; DONGLIANG JIANG,
24  an individual; OAKSTONE LAW GROUP PC;
    GREYSON LAW CENTER PC; PHOENIX
25  LAW GROUP, INC.; MAVERICK
    MANAGEMENT, LLC; LGS HOLDCO, LLC;
26  CONSUMER LEGAL GROUP, P.C.; VULCAN
    CONSULTING GROUP LLC; B.A.T. INC. d/b/a
27

28

**STIPULATION FOR JUDGMENT
(1) AVOIDING, RECOVERING, AND
PRESERVING TRANSFERS TO
DEFENDANT, PHOENIX LAW GROUP,
INC.; (2) TURNING OVER OF ALL
TRANSFERRED PROPERTY TO
TRUSTEE; AND (3) DISMISSING
WITHOUT PREJUDICE DEFENDANTS
WILLIAM TAYLOR CARSS AND
MARIA EEYA TAN**

Judge: Hon. Scott C. Clarkson
Place:  Courtroom 5C
        411 W. Fourth Street
        Santa Ana, CA  92701

#31154040v1

1

**STIPULATION FOR JUDGMENT**

104

1 | COAST PROCESSING; PRIME LOGIX, LLC;
2 | TERACEL BLOCKCHAIN FUND II LLC;
  | EPPS; EQUIPAY; AUTHORIZE.NET; WORLD
3 | GLOBAL; OPTIMUMBANK HOLDINGS, INC.
  | d/b/a OPTIMUM BANK; MARICH BEIN, LLC;
4 | BANKUNITED, N.A.; REVOLV3, INC.;
  | FIDELITY NATIONAL INFORMATION
5 | SERVICES, INC. d/b/a FIS; WORLDPAY, INC.;
  | WORLDPAY GROUP; MERIT FUND, LLC;
6 | GUARDIAN PROCESSING, LLC; THE
7 | UNITED STATES POSTAL SERVICE; and
  | DOES 1 through 100, inclusive,
8 |
  |         Defendants.
9 |

10      The parties to this Stipulation are Plaintiff, RICHARD A. MARSHACK in his capacity as

11 the duly appointed and acting Chapter 11 Trustee ("Trustee") for The Litigation Practice Group, PC

12 ("LPG" or "Debtor"), and Defendants, PHOENIX LAW, PC ("Phoenix"), WILLIAM TAYLOR

13 "TY" CARSS ("Mr. Carss"), and MARIA EEYA TAN ("Ms. Tan"). Trustee, Phoenix, Mr. Carss,

14 and Ms. Tan collectively referred to as the "Parties" unless individually identified.

15                                 RECITALS

16     A.    Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United

17 Code, on March 20, 2023 ("Petition Date"). Trustee was appointed on or about May 8, 2023

18 following the entry of an Order Directing Unites States Trustee to Appoint Chapter 11 Trustee

19 [Bankr. Docket No. 58] on May 4, 2023.

20     B.    On May 25, 2023, Trustee filed this adversary proceeding against Phoenix, Mr.

21 Carss, Ms. Tan, and others. In his complaint, Trustee asserted that that Debtor had fraudulently

22 transferred approximately 40,000 client files to Phoenix ("Files"), that the clients never consented

23 to their legal cases being transferred to new counsel, and that these transfers were subject to

24 avoidance, recovery, and preservation under 11 U.S.C. §§ 548, 550, and 551. With respect to Mr.

25 Carss and Ms. Tan, Trustee sought injunctive relief with respect to the files transferred to Phoenix

26 and all matters related to those files.

27     C.    On May 26, 2023, the Bankruptcy Court entered the Amended Order Granting

28 Trustee Richard Marshack's Omnibus Emergency Motion for: (1) Turnover of Estate Property and

1  Recorded Information Pursuant to 11 U.S.C. § 542; (2) Preliminary Injunction; (3) Lock-Out;

2  (4) Re-Direction of United States Parcel (sic) Services Mail; (5) Order to Show Cause Re:

3  Compliance with Court Order; and (6) Other Relief as Necessary To Efficient Administration of

4  this Matter, ("Order") [ECF No. 21]. Pursuant to the Order, Phoenix, Mr. Carss, and Ms. Tan were

5  enjoined from taking certain actions with respect to the Files and client payments/funds.

6       D.      The Parties entered into arms-length negotiations regarding the Files and this

7  Adversary and have reached the agreement set forth below.

8            **NOW THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

9       1.      The transfers of the Files and all material and property related thereto including, but

10  not limited to, payments, communications, and documents ("Transfers") to Phoenix was fraudulent

11  and Trustee is entitled to Judgment avoiding, recovering, and preserving the Transfers pursuant to

12  11 U.S.C. § 547, 548, and 550.

13       2.      The Transfers are property of the estate under 11 U.S.C. § 541(a)(3)-(a)(4) which

14  shall be turned over to Trustee under 11 U.S.C. § 542.

15       3.      Phoenix, Mr. Carss, and Ms. Tan shall turn over to Trustee all Transfers including

16  the Files and funds collected from clients pursuant to legal service agreements entered between

17  clients and Debtor and shall fully cooperate with Trustee's efforts to recover and administer the

18  Transfers including the Files and all related materials.

19       4.      Any and all liability whether at law or equity relating in any way to Phoenix's

20  handling of the Transfers including the Files that arose or came into existence following the date of

21  their transfer to Phoenix until Trustee closes a court-approved sale to a third-party buyer ("Post

22  Transfer Claims") will remain with Phoenix. Phoenix, Mr. Carss, and Ms. Tan shall use their best

23  efforts to cooperate with Trustee and his retained professionals to provide services to the clients

24  until closing, and nothing herein shall impose or create any liability for Post Transfer Claims on

25  Trustee or Debtor's Estate.

26       5.      Mr. Carss and Ms. Tan are dismissed without prejudice upon entry of this Agreed

27  Judgment.

28

#31154040v1                                   3
                                  **STIPULATION FOR JUDGMENT**

1       6.      Except as expressly set forth, the Parties reserve all rights, claims, and defenses.

2 Because Trustee is not compromising any claims against Phoenix, Mr. Carss, or Ms. Tan, no motion

3 to approve this agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure shall be

4 required. Should the Court require such a motion prior to entering judgment pursuant to this

5 stipulation, Trustee shall promptly file and seek such approval on an expedited basis.

6       7.      Under Rule 54(b), the Parties stipulate that the judgment to be entered pursuant to

7 this stipulation shall be a final judgment because there is no just reason.

8       8.      The Court shall retain jurisdiction to enforce the terms of this stipulation and the

9 resulting judgment.

Respectfully submitted,

**DINSMORE & SHOHL LLP**

Date: June 27, 2023

Christopher B. Ghio
Christopher Celentino
Special Counsel to Richard A. Marshack

**PHOENIX LAW, PC**

Date: JUNE 27, 2023

By: _____
    Principal Officer
Its: WM TY CARSS, ESQ

Date: JUNE 27, 2023

**WILLIAM TAYLOR CARSS**

Date: JUNE 27, 2023

**MARIA EEYA TAN**

#31154040v1

4

**STIPULATION FOR JUDGMENT**

107

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **Stipulation for Judgment (1) Avoiding, Recovering, and Preserving Transfers to Defendant, Phoenix Law Group, Inc.; (2) Turning Over All Transferred Property to Trustee and (3) Dismissing Without Prejudice Defendants William Taylor Carss and Maria Eeya Tan** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 27, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 27, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 27, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 27, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| Date | Printed Name | Signature |

108

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-10571-SC**
**Adv. Proc No. 8:23-ap-01046-SC**

## I. SERVED ELECTRONICALLY VIA NEF:

- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Richard H Golubow:** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

## B.  SERVED VIA REGULAR U.S. MAIL:

N/A

## III.  SERVED VIA OVERNIGHT MAIL (FED EX):

### United States Bankruptcy Court

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

109

# EXHIBIT F

1   Christopher B. Ghio (State Bar No. 259094)
    Christopher Celentino (State Bar No. 131688)
2   Yosina M. Lissebeck (State Bar No. 201654)
    DINSMORE & SHOHL LLP
3   655 West Broadway, Suite 800
    San Diego, CA 92101
4   Telephone:  619.400.0500
    Facsimile:  619.400.0501
5   christopher.ghio@dinsmore.com
    christopher.celentino@dinsmore.com
6   yosina.lissebeck@dinsmore.com

7   Special Counsel to Richard A. Marshack, Chapter 11 Trustee

8

9                   UNITED STATES BANKRUPTCY COURT

10            CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

11

12  In re:                                  Case No. 8:23-bk-10571-SC

13  THE LITIGATION PRACTICE GROUP P.C.,     Chapter 11

14          Debtor.                         **ORDER GRANTING MOTION FOR
                                            ORDER APPROVING
15                                          STIPULATION RE AVOIDANCE
                                            AND RECOVERY OF AVOIDABLE
16                                          TRANSFERS TO DEFENDANT
                                            PHOENIX LAW, PC AND
17                                          TURNOVER OF ALL RELATED
                                            PROPERTY TO THE TRUSTEE
18                                          AND ORDER OF DISMISSAL
                                            WITHOUT PREJUDICE OF
19                                          DEFENDANTS WILLIAM TAYLOR
                                            CARSS AND MARIA EEYAH TAN
20                                          AKA EEYA TAN**

21
                                            Date:   July 21, 2023
22                                          Time:   10:00 a.m.
                                            Judge:  Hon. Scott C. Clarkson
23                                          Place:  Courtroom 5C
                                                    411 West Fourth Street
24                                                  Santa Ana, CA 92701

25

26

27

28

FILED & ENTERED

AUG 07 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

On July 21, 2023, on the 10:00 a.m. calendar, in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, conducted a hearing on the *Chapter 11 Trustee's Motion for Order Approving Stipulation re Avoidance and Recovery pf Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee and Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan* [Docket No. 176] (the "Motion")[1] filed on July 6, 2023 by Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of The Litigation Practice Group P.C. ("LPG") in the above-captioned bankruptcy case. Appearances were identified on the Court record.

The Motion seeks Court approval of that certain Stipulation for Agreed Judgment (1) Avoiding, Recovering, and Preserving Transfers to Defendant, Phoenix Law Group, Inc. ("Phoenix"); (2) Turning Over All of Transferred Property to Trustee, including but limited to files of and contracts with consumer clients of LPG; and (3) Dismissing Without Prejudice Defendants William Taylor Carss and Maria Eeya Tan (the "Stipulation") by and between the Trustee, in his capacity as the duly appointed and acting Trustee for the Debtor, on the one hand, and Phoenix Law, PC, William Taylor "Ty" Carss, and Eeya Tan, on the other hand (collectively the "Parties").

The Court, having considered the Motion, all pleadings filed in support of, and in opposition to, the Motion, good cause appearing, and for the reasons stated on the record and in the Motion:

1.    Grants the Motion;

2.    Approves the terms of the Stipulation, intended to resolve disputes related to avoidance actions between the Parties;

3.    Authorizes the dismissal without prejudice of Defendants William Taylor Carss and Maria Eeyah Tan aka Eeya Tan from this adversary proceeding;

4.    Grants the Avoidance by the Trustee of the transfer of the Files by LPG, and all material and property related thereto including but not limited to payments, communications, and documents, along with any contracts and agreements, to Phoenix as a preferential and/or fraudulent transfer subject to avoidance and recovery by the Debtor pursuant to 11 U.S.C. § 547, 548, and 550;

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

112

1        5.       Provides that all liability associated with the Transferred Property and the avoidance

of the transfers identified in paragraph 4, remains with Phoenix, and such liability is not a charge or

liability of the Trustee, LPG or the Estate;

        6.       Authorizes the Trustee to (a) execute and enter into the Stipulation in substantially

the same form as the Stipulation attached as Exhibit 1 to the Motion and (b) tender same for entry

in this adversary proceeding after execution as Judgment against the Defendants;

        7.       Reserves jurisdiction to determine any disputes arising in connection with the

Stipulation; and

        8.       Finds that notice of the Motion was adequate and proper.

**IT IS SO ORDERED.**

### 

Date: August 7, 2023

Scott C. Clarkson
United States Bankruptcy Judge

113

# EXHIBIT G

1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Jonathan Serrano (State Bar No. 333225)
   **DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone:  619.400.0500
   Facsimile:  619.400.0501
5  christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
6  jonathan.serrano@dinsmore.com

7  Special Counsel to Richard A. Marshack, Chapter 11 Trustee

8

9              **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11

12  In re:                          |  Case No. 8:23-bk-10571-SC

13  THE LITIGATION PRACTICE GROUP    |  Chapter 11
14  P.C.,

15              Debtor.              |  **CHAPTER 11 TRUSTEE'S NOTICE OF
                                        MOTION AND MOTION FOR ORDER
16                                      APPROVING STIPULATION RE
                                        AVOIDANCE AND RECOVERY OF
17                                      AVOIDABLE TRANSFERS TO DEFENDANT
                                        PHOENIX LAW, PC AND TURNOVER OF
18                                      ALL RELATED PROPERTY TO THE
                                        TRUSTEE AND ORDER OF DISMISSAL
19                                      WITHOUT PREJUDICE OF DEFENDANTS
                                        WILLIAM TAYLOR CARSS AND MARIA
20                                      EEYA TAN; MEMORANDUM OF POINTS
                                        AND AUTHORITIES; DECLARATION OF
21                                      RICHARD A. MARSHACK IN SUPPORT
                                        THEREOF; EXHIBITS**

22                                      Date:       [To be set]
23                                      Time:       [To be set]
                                        Judge:      Hon. Scott C. Clarkson
24                                      Place:      Courtroom 5C
25                                                  411 West Fourth Street
                                                    Santa Ana, California 92701
26

27

28

115

1    **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2    **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR; THE**

3    **PARTIES TO THE SETTLEMENT; THE SCHEDULED CREDITORS OF THE ESTATE**

4    **AND THOSE WHO HAVE FILED PROOFS OF CLAIM, AND THEIR RESPECTIVE**

5    **COUNSEL OF RECORD, IF ANY:**

6        **NOTICE IS GIVEN** that on July 6, 2023, Richard A. Marshack, the Chapter 11 Trustee

7    (the "Trustee") of debtor The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-

8    captioned bankruptcy case (the "Case"), filed the above-captioned Motion on shortened notice (the

9    "Motion") and hereby moves for entry of an order that finds and directs as follows:

10        1.    The Motion is granted.

11        2.    That certain Stipulation for Agreed Judgment (1) Avoiding, Recovering, and

12    Preserving Transfers to Defendant, Phoenix Law Group, Inc.; (2) Turning Over All of Transferred

13    Property to Trustee; and (3) Dismissing Without Prejudice Defendants William Taylor Carss and

14    Maria Eeeya Tan (the "Stipulation") by and between the Trustee, in his capacity as the duly

15    appointed and acting Trustee for the Debtor, on the one hand, and Phoenix Law, PC ("Phoenix"),

16    William Taylor "Ty" Carss, and Eeya Tan, on the other hand, attached as **Exhibit 1** hereto, is

17    approved.

18        3.    Notice of the Motion was adequate and proper.

19        4.    The Court reserves jurisdiction to determine any disputes arising in connection with

20    the Stipulation.

21        5.    Such other and further relief as is just and proper under the circumstances is granted.

22        6.    The Motion is made pursuant to Section 105 of Title 11 of the United States Code

23    and Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that, in the Trustee's

24    sound business judgment, the Proposed Stipulation is in the best interests of the consumer clients,

25    the Estate and all creditors, including consumer creditors. Entry into the Stipulation will resolve

26    certain aspects of the related adversary proceeding [Adv. Proc. No. 8:23-ap-01046-SC] (the

27

28

"Adversary Proceeding") and return assets to the Estate.  As a result, the Trustee seeks Court approval to execute the Stipulation, the salient terms of which are summarized[1] as follows:

**In exchange for compliance with the Stipulation thereon, Phoenix will, among other things:**

- Agree to the entry of a judgment finding that the Debtor's transfer of approximately 40,000 customer files ("Files") to it is avoidable as a preferential or fraudulent conveyance and these Files can be recovered by the Debtor pursuant to 11 U.S.C. §§ 547, 548, and 550;

- Agree to turn over the Files and all related material to the Debtor and cooperate with the Trustee in all respects related to the transfer of the Files and related material;

- Agree that Phoenix is the sole party liable for any and all liabilities, causes of action, or claims, at law or equity, that arose or came into existence following the date that the Files were transferred to Phoenix until title to and ownership of the Files is transferred to a third party purchaser for value pursuant to a proper order of the Court.

**In return, the Trustee will agree to the dismissal without prejudice of Defendants Carss and Tan from the Adversary Proceeding.**

**NOTICE IS FURTHER GIVEN** that this Motion is based upon (a) this Notice of Motion and Motion, (b) the attached Memorandum of Points and Authorities, Declaration of Richard A. Marshack, and Exhibits thereto, (c) the concurrently filed Notice of Motion and Hearing, (d) the arguments of counsel, if any, in support of the Motion at the hearing thereon, (e) the entire record of this Case, and (f) any other evidence presented to the Court in support of the Motion.

*[Remainder of Page Intentionally Left Blank]*

---

[1] The Stipulation contains additional terms, and this summary is provided for ease of reference only.  All capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation.

**NOTICE IS FURTHER GIVEN** that pursuant to Rule 9075-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Central District of California (the "Local Bankruptcy Rules"), the Trustee seeks to have this Motion heard on shortened notice at a date and time to be determined by the Court. Once the Court has scheduled a hearing, the Trustee will provide separate notice of the hearing date and time and the deadline for filing any opposition to the Motion.

Dated:  July 6, 2023

DINSMORE & SHOHL LLP


By:  ___/s/ Jonathan Serrano_____
       Christopher B. Ghio
       Christopher Celentino
       Jonathan Serrano
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

**TABLE OF CONTENTS**

I.      STATEMENT OF RELEVANT FACTS .................................................................. 7

II.     THE STIPULATION .............................................................................................. 8

III.    THE    COURT    SHOULD    APPROVE    THE    STIPULATION    UNDER
        BANKRUPTCY RULE 9019 .................................................................................. 9

        A.    The Probability of Success in the Litigation. ............................................. 10

        B.    The Difficulties, if any, to Be Encountered in the Matter of Collection. .................. 10

        C.    The Complexity of the Litigation Involved, and the Expense, Inconvenience,
              and Delay Necessarily Attending It. .......................................................... 11

        D.    The Paramount Interest of the Creditors and a Proper Deference to Their
              Reasonable Views in the Premises. ............................................................ 11

IV.     CONCLUSION ....................................................................................................... 12

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*In re A & C Properties,*
 784 F.2d 1377 ................................................................................................................. 9, 10

4

*In re Blair,*
 538 F.2d 849 (9th Cir. 1976) ................................................................................................. 10

5

6

*In re Carson,*
 82 B.R. 847 (Bankr. S.D. Ohio 1987) ..................................................................................... 9

7

*In re Hydronic Enterprise, Inc.,*
 58 B.R. 363 (Bankr. D. R.I. 1986) .......................................................................................... 9

8

*In re Lee Way Holding Co.,*
 120 B.R. 881 (Bankr. S.D. Ohio 1990) ................................................................................. 10

9

*In re Mobile Air Drilling Co., Inc.,*
 53 B.R. 605 (Bankr. N.D. Ohio 1985) .................................................................................... 9

10

11

*In re W.T. Grant & Co.,*
 699 F.2d 599 (2d Cir. 1983) .................................................................................................. 10

12

*Knowles v. Putterbaugh (In re Hallet),*
 33 B.R. 564 (Bankr. D. Me. 1983) .......................................................................................... 9

13

*Martin v. Kane (In re A & C Properties),*
 784 F.2d 1377 (9th Cir. 1986) ................................................................................................. 9

14

*Matter of Carla Leather, Inc.,*
 44 B.R. 457 (Bankr. S.D. N.Y. 1984) .................................................................................... 10

15

16

*Matter of Walsh Const., Inc.,*
 669 F.2d 1325 (9th Cir. 1982) ............................................................................................... 10

17

*Newman v. Stein,*
 464 F.2d 689 (2d Cir. 1972) .................................................................................................. 10

18

*United States v. Alaska National Bank (In re Walsh Constr., Inc.),*
 669 F.2d 1325 (9th Cir. 1982) ................................................................................................. 9

19

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson),*
 839 F.2d 610 (9th Cir. 1988) ................................................................................................... 9

20

21

**Statutes**

11 U.S.C. § 105(a) ...................................................................................................................... 8

22

11 U.S.C. § 363 ......................................................................................................................... 11

23

11 U.S.C. § 547 ........................................................................................................................... 8

24

11 U.S.C. § 548 ......................................................................................................................... 11

11 U.S.C. § 550 ......................................................................................................................... 11

25

Fed. R. Bankr. P. 9019(a) ......................................................................................................... 8, 9

26

Fed. R. Bankr. P. 2002(a) ........................................................................................................... 8

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF RELEVANT FACTS

On March 20, 2023 (the "<u>Petition Date</u>"), debtor The Litigation Practice Group, P.C. (the "<u>Debtor</u>" or "<u>LPG</u>") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), commencing the above-captioned bankruptcy case (the "<u>Case</u>").  *See* Pet., ECF No. 1.  On May 4, 2023, the Bankruptcy Court entered an *Order Directing United States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].  The Court entered the *Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee* on the same date [Docket No. 65], and the Trustee has continued to serve in this capacity and for the protection of all creditors and consumer clients since this date.

On May 25, 2023, the Trustee filed Adversary Proceeding No. 8:23-ap-01406-SC (the "<u>Adversary Proceeding</u>") against Tony Diab and numerous other defendants including Phoenix Law, PC ("<u>Phoenix</u>"), Eeya Tan, and William Taylor "Ty" Carss. On June 15, 2023, the Trustee filed his amended complaint in the Adversary Proceeding, primarily naming additional defendants and modifying allegations with regard to Greyson Law Center, PC. *See* Am. Compl., Adv. ECF No. 62.

As to Phoenix, the Trustee's amended complaint in the Adversary Proceeding seeks the avoidance and recovery of approximately 40,000 client files and related materials that were transferred from the Debtor to Phoenix prior to the Petition Date.  Mr. Carss and Ms. Tan were named as parties in the Adversary Proceeding with respect to the Trustee's claims for injunctive relief.

On May 26, 2023, the Trustee obtained an emergency order (the "<u>TRO</u>") that, among other things, restricted Phoenix's use and access to the Files and related information.  *See* TRO, Adv. ECF No. 13, and as amended on June 6, 2023, Adv. ECF No. 21.

On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications.

Following the entry of the TRO, Trustee, Phoenix, and Defendants Carss and Tan have engaged in good faith, arms-length negotiations that have resulted in the terms and conditions agreed to in the Stipulation. Subject to Phoenix's compliance with the turnover and cooperation provisions of the Stipulation, entry into the Stipulation will resolve the Trustee's claims against Phoenix in the Adversary Proceeding. The Trustee is also agreeing to dismiss without prejudice Defendants Carss and Tan from the Adversary Proceeding. The Stipulation was filed in the Adversary Proceeding on June 27, 2023. *See* Stip., Adv. ECF No. 77. To provide notice to all parties in interest, the Trustee requests the Bankruptcy Court approve the execution of the Stipulation as a "settlement or compromise" pursuant to Rules 2002(a) and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 105(a).

## II. THE STIPULATION

The Stipulation contains an agreed judgment whereby Phoenix agrees and acknowledges that the pre-petition transfer(s) of the Files to it are avoidable and recoverable transfer(s) pursuant to 11 U.S.C. § 547, 548, and 550. Pursuant to the Stipulation, Phoenix agrees to turn over the Files and all related materials to the Debtor and to cooperate with the Debtor in the transfer of the Files. The Court will retain oversight of Phoenix's compliance with the Stipulation in the Adversary Proceeding. Phoenix also agrees and acknowledges that any and all claims, causes of action, and liabilities, whether at law or equity, for the Files that arose or came into existence after the transfer of the Files to Phoenix will remain with Phoenix until such time as ownership of the Files is transferred to a third party purchaser for value pursuant to a proper order of the Bankruptcy Court. With the return of the Files and Phoenix's agreement to remain liable for the Files until the closing of a sale of the Files, the Trustee is willing to dismiss Defendants Carss and Tan without prejudice.

The foregoing is a summary of the terms of the proposed Stipulation. The actual terms of the Stipulation are as set forth in **Exhibit 1** to the Declaration of Richard A. Marshack. Interested parties are encouraged to read the Stipulation. Any perceived conflict between the foregoing summary and the terms of the Stipulation, if any at all, shall be controlled by the Stipulation.

III.     **THE COURT SHOULD APPROVE THE STIPULATION UNDER BANKRUPTCY RULE 9019**

The authority granted to a trustee to compromise a controversy or agree to a settlement is set forth in Bankruptcy Rule 9019(a), which provides in pertinent part that "[o]n motion by the [debtor in possession] and after hearing on notice to creditors ..., the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Under these circumstances, the decision of whether a compromise should be accepted or rejected lies within the sound discretion of the court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D. R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); *Knowles v. Putterbaugh (In re Hallet)*, 33 B.R. 564, 565 (Bankr. D. Me. 1983).

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties),* 784 F.2d 1377, 1380–81 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive investigation of the claims sought to be compromised. *See United States v. Alaska National Bank (In re Walsh Constr., Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See In re A & C Properties,* 784 F.2d at 1381.

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

(a)     the probability of success in the litigation;

(b)     the difficulties, if any, to be encountered in the matter of collection;

(c)     the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

1        (d)    the paramount interest of the creditors and a proper deference to their reasonable

2    views in the premises. *In re A & C Properties,* 784 F.2d at 1381 (the "<u>A & C Factors</u>").

3        A court should not substitute its own judgment for the judgment of the trustee. *Matter of*

4    *Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D. N.Y. 1984). A court, in reviewing a proposed

5    settlement, is not to decide the numerous questions of law and fact but rather to canvass the issues

6    to determine whether the settlement falls below the lowest point in the range of reasonableness. *In*

7    *re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983), accord, *Newman v. Stein*, 464 F.2d 689,

8    693 (2d Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying

9    cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538

10   F.2d 849 (9th Cir. 1976). "It is well established that compromises are favored in bankruptcy." *In*

11   *re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

12       For all of the reasons set forth above and further explained below, the Trustee believes that

13   the Stipulation is reasonable, fair and equitable, and in the best interests of the Estate and its

14   creditors. A review of the A & C Factors outlined below supports approval of the Stipulation.

15       **A.    The Probability of Success in the Litigation.**

16       Trustee is likely to prevail on the merits as it relates to the avoidance of the transfer of the

17   Files and their subsequent recovery from Phoenix. The Stipulation therefore provides the Trustee

18   with all the relief sought against Phoenix in the Adversary Proceeding and requires Phoenix's

19   cooperation in the return/transfer of the Files to the Debtor or its assignees. Furthermore, Phoenix

20   has agreed to assume all liability for the Files that arose or came into existence following their

21   transfer to Phoenix until ownership of such files is transferred to a third party purchaser for value.

22   This assumption of liability protects the Debtor from additional claims. As such, the Stipulation is

23   reasonable and fair, reduces further litigation costs and provides a substantial benefit to the Debtor

24   and its clients by permitting the transfer of the Files to a competent and capable law firm as part of

25   a sale of assets herein.

26       **B.    The Difficulties, if any, to Be Encountered in the Matter of Collection.**

27       Trustee anticipates the cost and delay of obtaining a judgment against Phoenix that would

28   find the transfer of the Files to be avoidable and recoverable pursuant to 11 U.S.C. §§ 547, 548,

and 550 of the Bankruptcy Code would be significant and would hinder the Trustee's efforts to transfer the Files to a purchaser as part of a sale pursuant to 11 U.S.C. § 363. After the Files are transferred to a purchaser, the former clients of the Debtor will be able to receive the legal services that were promised to them. As such, the Stipulation is fair and reasonable and intended to benefit the consumer client while also providing assets to the Estate for the benefit of all creditors, including consumer creditors and should be approved.

### C. The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It.

Litigation to determine the terms and conditions of the transfer of the Files to Phoenix and identification of all subsequent financial or other activity would require an accounting of the history of each File once the respective rights of the parties had been adjudicated. While this accounting took place, the needs of the clients contained in the Files would go unmet. Entry of the Stipulation now eliminates the expense, inconvenience, and delay of further litigation and expedites the Files being transferred to a capable provider of legal services. As such, the Stipulation should be approved.

### D. The Paramount Interest of the Creditors and a Proper Deference to Their Reasonable Views in the Premises.

Trustee believes that recovering the Files from Phoenix is a necessary step before all of the Debtor's client files can be transferred to a competent, capable provider of legal services as part of a sale pursuant to 11 U.S.C. § 363. Phoenix's cooperation with the turnover and transfer and assumption of any claims related to the Files pending their transfer to a third party will assist the resumption of legal services for the Files from a licensed legal provider who can comply with all applicable regulations and statutes. Putting the interests of consumer clients and creditors above all others, the Trustee has exercised his business judgment in negotiating and reaching the terms to the Stipulation pending and subject to Bankruptcy Court approval for all the reasons stated herein. The creditors, including consumer creditors, of the Estate are best served by the consensual resolution of the disputes between the Debtor and Phoenix stated in the Stipulation.

1    **IV.    <u>CONCLUSION</u>**

2        Based upon all of the foregoing, the Trustee respectfully requests the Court to enter an order

3    granting the relief requested in the Motion.

4

5    Dated: July 6, 2023                        Respectfully submitted,

6

7                                              DINSMORE & SHOHL LLP

8
                                              */s/* Jonathan Serrano
9                                             By:    Christopher B. Ghio
                                                     Christopher Celentino
10                                                   Jonathan Serrano
                                              Special Counsel to Richard A. Marshack,
11                                            Chapter 11 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1.      I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2.      I submit this Declaration in support of my *Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee and Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan* (the "Motion").  Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3.      The Court may take judicial notice of the following:

a.      On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Case.

b.      After the Office of the United States Trustee (the "UST") filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing Unites States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

c.      Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

d.      On May 25, 2023, I initiated an adversary proceeding, *Marshack v. Diab et al.* (Adv. Proc. No. 8:23-ap-1046-SC), against LPG's alter egos, fraudulent transferees, and other related parties. In the complaint, I alleged six causes of action for injunctive relief, avoidance,

recovery, and preservation of actual and constructive fraudulent transfers, and turnover. With respect to Phoenix, the adversary complaint sought to avoid and recover the pre-petition transfer of approximately 40,000 customer files (collectively "Files") from the Debtor to Phoenix and to order the turnover of all property related to those Files.

e.     On May 26, 2023, the Court entered the *Amended Order on Trustee, Richard Marshack's Omnibus Emergency Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance With Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter* [Adv. Docket No. 21] (the "TRO"), authorizing turnover of estate property and recorded information, lock-out, and an order to show cause regarding compliance with court order, among other relief.

f.     On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications.

4.     Following entry of the preliminary injunction, my counsel discussed the TRO with Phoenix, Mr. Carss, and Ms. Tan. All parties wanted to resolve their dispute as quickly as possible and in a manner that protected the individual clients whose Files were transferred.

5.     Based on these discussions, the parties have agreed to the terms of the Stipulation, pending the approval of the Bankruptcy Court. Following entry of an order approving the Stipulation, the Stipulation will provide that Phoenix agrees and acknowledges that the pre-petition transfer of the Files to it is avoidable and recoverable in the Adversary Proceeding pursuant to 11 U.S.C. §§ 547, 548, and 550. Phoenix will also agree (i) to turn over the Files and all related material to the Trustee, (ii) to cooperate generally with the turn over, and (iii) to stipulate that any and all liability for any claims, causes of action, or other matters related to the Files that arose after the Files were transferred will remain with Phoenix until such time as title to the Files is transferred to a third party purchaser for value pursuant to proper order of this Court. Finally, the Trustee agrees to dismiss Mr. Carss and Ms. Tan from the Adversary Proceeding without prejudice.

6.      Entry into the Stipulation will grant the Debtor all the relief it sought against Phoenix in the Adversary Proceeding and will grant the Debtor additional concessions that were not requested or sought in the complaint.  The Bankruptcy Court will retain jurisdiction over Phoenix to monitor its compliance with the Stipulation, which is attached as **Exhibit 1**.

7.      In my business judgment, I do not believe I could obtain a superior outcome in the Adversary Proceeding with respect to the claims against Phoenix than those provided in the Stipulation.  The Stipulation will return all Files and related materials to the Debtor, will require Phoenix's cooperation in the turn over and transition process, and will leave all liability for any claims or causes of action related to the Files that arose from the initial transfer of the Files to Phoenix until such time as title to the Files is transferred to a third party purchaser for value pursuant to a proper order of this Court.

8.      I believe the relief sought in the Motion is in the best interests of the Debtor and its creditors as it will permit a sale of the Files along with other assets of the Debtor to a third party that can handle the Files in compliance with applicable law and provide the Debtor's former customers with the services they desire while providing substantial consideration to the Estate pursuant to the sale of assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 6, 2023            _____

                                        Richard A. Marshack

1

# PROOF OF SERVICE OF DOCUMENT

2  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business
address is:

3              Dinsmore & Shohl LLP
              550 S. Hope Street, Suite 1765
4              Los Angeles, California 90071

5  A true and correct copy of the foregoing document entitled (*specify*): ***Chapter 11 Trustee's Notice of
Motion and Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable
6  Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee
And Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya
7  Tan; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support
Thereof; Exhibits*** will be served or was served **(a)** on the judge in chambers in the form and manner
8  required by LBR 5005-2(d); and **(b)** in the manner stated below:

9  **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to
controlling General Orders and LBR, the foregoing document will be served by the court via NEF and
10  hyperlink to the document. On **July 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or
adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to
11  receive NEF transmission at the email addresses stated below:

12
                                    ☒  Service information continued on attached page
13

14  **2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **July 6, 2023**, I served the following persons and/or entities at the last known addresses in
15  this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the
16  judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

17
                                    ☒  Service information continued on attached page
18

19  **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July
20  6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for
those who consented in writing to such service method), by facsimile transmission and/or email as follows.
21  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will
be completed no later than 24 hours after the document is filed.

22
                                    ☒  Service information continued on attached page
23
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
24
| July 6, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
25  | Date | Printed Name | Signature |

26

27

28

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-105701-SC**

## I. SERVED ELECTRONICALLY VIA NEF:

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** : rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Richard H Golubow:** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays:** ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander:** ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman:** mlieberman@lipsonneilson.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias:** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Teri T Pham:** tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato:** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Paul R Shankman:** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim:** leslie.skorheim@usdoj.gov
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss:** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

1    **II.    SERVED VIA REGULAR U.S. MAIL:**

2         N/A

3    **III.    SERVED VIA OVERNIGHT MAIL (FED EX):**

4         **United States Bankruptcy Court**

5         Honorable Scott Clarkson
         United States Bankruptcy Court
6         Central District of California
         411 West Fourth Street, Suite 5130 / Courtroom 5C
7         Santa Ana, California 92701

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Jeremy B. Freedman (State Bar No. 308752)
   **DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone:  619.400.0500
   Facsimile:  619.400.0501
5  christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
6  jeremy.freedman@dinsmore.com

7  Special Counsel to Plaintiff and Chapter 11 Trustee,
   Richard A. Marshack

8

9              **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11

12  In re:                                    Case No.: 8:23-bk-10571-SC

13  THE LITIGATION PRACTICE GROUP P.C.,       Adv. Proc. No. 8:23-ap-01046-SC

14        Debtor.                             Chapter 11

15  _____       **STIPULATION FOR JUDGMENT
                                              (1) AVOIDING, RECOVERING, AND**
16  RICHARD A. MARSHACK,                      **PRESERVING TRANSFERS TO**
    Chapter 11 Trustee,                       **DEFENDANT, PHOENIX LAW GROUP,
17                                            INC.; (2) TURNING OVER OF ALL**
          Plaintiff,                          **TRANSFERRED PROPERTY TO**
18                                            **TRUSTEE; AND (3) DISMISSING**
          v.                                  **WITHOUT PREJUDICE DEFENDANTS**
19                                            **WILLIAM TAYLOR CARSS AND**
    TONY DIAB, an individual; DANIEL S.       **MARIA EEYA TAN**
20  MARCH, an individual; ROSA BIANCA LOLI,
    an individual; LISA COHEN, an individual; Judge:  Hon. Scott C. Clarkson
21  WILLIAM TAYLOR CARSS, an individual;     Place:  Courtroom 5C
    ENG TANG, an individual; MARIA EEYA TAN,         411 W. Fourth Street
22  an individual; JAKE AKERS, an individual; HAN     Santa Ana, CA  92701
    TRINH, an individual; JAYDE TRINH, an
23  individual; WES THOMAS, an individual;
    SCOTT JAMES EADIE, an individual; JIMMY
24  CHHOR, an individual; DONGLIANG JIANG,
    an individual; OAKSTONE LAW GROUP PC;
25  GREYSON LAW CENTER PC; PHOENIX
    LAW GROUP, INC.; MAVERICK
26  MANAGEMENT, LLC; LGS HOLDCO, LLC;
    CONSUMER LEGAL GROUP, P.C.; VULCAN
27  CONSULTING GROUP LLC; B.A.T. INC. d/b/a

28

#31154040v1                        1

COAST PROCESSING; PRIME LOGIX, LLC;
TERACEL BLOCKCHAIN FUND II LLC;
EPPS; EQUIPAY; AUTHORIZE.NET; WORLD
GLOBAL; OPTIMUMBANK HOLDINGS, INC.
d/b/a OPTIMUM BANK; MARICH BEIN, LLC;
BANKUNITED, N.A.; REVOLV3, INC.;
FIDELITY NATIONAL INFORMATION
SERVICES, INC. d/b/a FIS; WORLDPAY, INC.;
WORLDPAY GROUP; MERIT FUND, LLC;
GUARDIAN PROCESSING, LLC; THE
UNITED STATES POSTAL SERVICE; and
DOES 1 through 100, inclusive,

Defendants.

The parties to this Stipulation are Plaintiff, RICHARD A. MARSHACK in his capacity as the duly appointed and acting Chapter 11 Trustee ("Trustee") for The Litigation Practice Group, PC ("LPG" or "Debtor"), and Defendants, PHOENIX LAW, PC ("Phoenix"), WILLIAM TAYLOR "TY" CARSS ("Mr. Carss"), and MARIA EEYA TAN ("Ms. Tan"). Trustee, Phoenix, Mr. Carss, and Ms. Tan collectively referred to as the "Parties" unless individually identified.

RECITALS

A.      Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United Code, on March 20, 2023 ("Petition Date"). Trustee was appointed on or about May 8, 2023 following the entry of an Order Directing Unites States Trustee to Appoint Chapter 11 Trustee [Bankr. Docket No. 58] on May 4, 2023.

B.      On May 25, 2023, Trustee filed this adversary proceeding against Phoenix, Mr. Carss, Ms. Tan, and others. In his complaint, Trustee asserted that that Debtor had fraudulently transferred approximately 40,000 client files to Phoenix ("Files"), that the clients never consented to their legal cases being transferred to new counsel, and that these transfers were subject to avoidance, recovery, and preservation under 11 U.S.C. §§ 548, 550, and 551. With respect to Mr. Carss and Ms. Tan, Trustee sought injunctive relief with respect to the files transferred to Phoenix and all matters related to those files.

C.      On May 26, 2023, the Bankruptcy Court entered the Amended Order Granting Trustee Richard Marshack's Omnibus Emergency Motion for: (1) Turnover of Estate Property and

1  Recorded Information Pursuant to 11 U.S.C. § 542; (2) Preliminary Injunction; (3) Lock-Out;

2  (4) Re-Direction of United States Parcel (sic) Services Mail; (5) Order to Show Cause Re:

3  Compliance with Court Order; and (6) Other Relief as Necessary To Efficient Administration of

4  this Matter, ("Order") [ECF No. 21]. Pursuant to the Order, Phoenix, Mr. Carss, and Ms. Tan were

5  enjoined from taking certain actions with respect to the Files and client payments/funds.

6      D.      The Parties entered into arms-length negotiations regarding the Files and this

7  Adversary and have reached the agreement set forth below.

8          **NOW THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

9      1.      The transfers of the Files and all material and property related thereto including, but

10  not limited to, payments, communications, and documents ("Transfers") to Phoenix was fraudulent

11  and Trustee is entitled to Judgment avoiding, recovering, and preserving the Transfers pursuant to

12  11 U.S.C. § 547, 548, and 550.

13      2.      The Transfers are property of the estate under 11 U.S.C. § 541(a)(3)-(a)(4) which

14  shall be turned over to Trustee under 11 U.S.C. § 542.

15      3.      Phoenix, Mr. Carss, and Ms. Tan shall turn over to Trustee all Transfers including

16  the Files and funds collected from clients pursuant to legal service agreements entered between

17  clients and Debtor and shall fully cooperate with Trustee's efforts to recover and administer the

18  Transfers including the Files and all related materials.

19      4.      Any and all liability whether at law or equity relating in any way to Phoenix's

20  handling of the Transfers including the Files that arose or came into existence following the date of

21  their transfer to Phoenix until Trustee closes a court-approved sale to a third-party buyer ("Post

22  Transfer Claims") will remain with Phoenix. Phoenix, Mr. Carss, and Ms. Tan shall use their best

23  efforts to cooperate with Trustee and his retained professionals to provide services to the clients

24  until closing, and nothing herein shall impose or create any liability for Post Transfer Claims on

25  Trustee or Debtor's Estate.

26      5.      Mr. Carss and Ms. Tan are dismissed without prejudice upon entry of this Agreed

27  Judgment.

28

6.      Except as expressly set forth, the Parties reserve all rights, claims, and defenses. Because Trustee is not compromising any claims against Phoenix, Mr. Carss, or Ms. Tan, no motion to approve this agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure shall be required. Should the Court require such a motion prior to entering judgment pursuant to this stipulation, Trustee shall promptly file and seek such approval on an expedited basis.

7.      Under Rule 54(b), the Parties stipulate that the judgment to be entered pursuant to this stipulation shall be a final judgment because there is no just reason.

8.      The Court shall retain jurisdiction to enforce the terms of this stipulation and the resulting judgment.

Respectfully submitted,

**DINSMORE & SHOHL LLP**

Date: June 27, 2023

Christopher B. Ghio
Christopher Celentino
Special Counsel to Richard A. Marshack

**PHOENIX LAW, PC**

Date: JUNE 27 2023          By: _____

                                    Principal Officer
                            Its: WM TY CARSS, ESQ

Date: JUNE 27 2023

**WILLIAM TAYLOR CARSS**

Date: JUNE 27, 2023

**MARIA EEYA TAN**

#31154040v1

# EXHIBIT H

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christopher B. Ghio (State Bar No. 259094)<br>Christopher Celentino (State Bar No. 131688)<br>Jonathan Serrano (State Bar No. 333225)<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: 619.400.0500<br>Facsimile: 619.400.0501<br>christopher.ghio@dinsmore.com<br>christopher.celentino@dinsmore.com<br>jonathan.serrano@dinsmore.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for*: Richard Marshack, Chapter 11 Trustee | **FILED & ENTERED**<br><br>**JUL 07 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY bolte      DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10571-SC<br><br>CHAPTER: 11<br><br>**ORDER:**<br><br>☒ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**<br><br>☐ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>　　**[LBR 9075-1(b)]** |
|---|---|

| Movant: <u>Richard A. Marshack, Chapter 11 Trustee</u> |
|---|

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

    a. *Title of motion*: <u>Chapter 11 Trustee's Notice of Motion and Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee and Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan; Memorandum of Points and Authorities; Declaration of Richard A. Marshack In Support Thereof; Exhibits</u>

    b. *Date of filing of motion*: <u>July 6, 2023</u>

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

    *Date of filing of Application*: <u>July 6, 2023</u>

3. Based upon the court's review of the application, it is ordered that:

    a. ☐ The Application is denied. The motion may be brought on regular notice pursuant to LBRs.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                   Page 1                          **F 9075-1.1.ORDER.SHORT.NOTICE**

b. ☒ The Application is granted, and it is further ordered that:

(1) ☒ A hearing on the motion will take place as follows:

| | |
|---|---|
| **Hearing date:** 7/11/2023 | **Place:** |
| **Time:** 2:00 p.m. | ☐ **255 East Temple Street, Los Angeles, CA 90012** |
| | ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367** |
| **Courtroom:** 5C – in person (no virtual appearances permitted) | ☐ **3420 Twelfth Street, Riverside, CA 92501** |
| | ☒ **411 West Fourth Street, Santa Ana, CA 92701** |
| | ☐ **1415 State Street, Santa Barbara, CA 93101** |

(2) ☒ No later than the deadlines given, **telephonic notice** of the hearing must be provided to all persons/entities listed:

| (A) *Deadlines:* | (B) *Persons/entities to be provided with telephonic notice:* |
|---|---|
| Date: 7/7/2023 | All interested parties, including Committee of Unsecured Creditors and all creditors |
| Time: 3:00 p.m. | |
| | ☐ See attached page |
| | (C) *Telephonic notice is also required upon* the United States trustee |

(3) ☒ No later than the deadlines given, **written notice of the hearing** and a **copy of this order** must be served upon all persons/entities listed using: ☐ one of the methods checked    ☒ all of the methods checked

(A) ☐ Personal Delivery    ☐ Overnight Mail    ☐ First class mail    ☐ Facsimile*    ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with written notice and a copy of this order:* |
|---|---|
| Date: 7/7/2023 | All interested parties, including Committee of Unsecured Creditors and all creditors |
| Time: 3:00 p.m. | |
| | ☐ See attached page |
| | (D) *Service is also required upon*: |
| | -- United States trustee *(electronic service is not permitted)* |
| | -- Judge's copy personally delivered to chambers *(see Court Manual for address)* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                           Page 2                           **F 9075-1.1.ORDER.SHORT.NOTICE**

(4) ☒ No later than the deadlines given, a copy of the motion, declarations, and supporting documents (if any), must be served on all persons/entities listed using: ☐ one of the methods checked ☒ all of the methods checked

(A) ☐ Personal Delivery ☐ Overnight Mail ☐ First Class Mail ☐ Facsimile* ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with motion, declarations, supporting documents:* |
|---|---|
| Date: 7/7/2023<br><br>Time: 3:00 p.m. | All interested parties, including Committee of Unsecured Creditors and all creditors<br><br>☐ See attached page<br><br>(D) *Service is also required upon*:<br>-- United States trustee *(no electronic service permitted)*<br>-- Judge's copy personally delivered to chambers<br>   *(see Court Manual for address)* |

(5) ☒ Regarding **opposition to the motion**

☐ opposition to the motion may be made **orally** at the hearing

☒ no later than the deadlines given, **written opposition to the motion** must be filed with the court and served upon all persons/entities listed using: ☐ one of the methods checked ☒ all of the methods checked

(A) ☐ Personal Delivery ☐ Overnight Mail ☐ First Class Mail ☐ Facsimile* ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with written opposition to the motion:* |
|---|---|
| Date: 7/11/2023<br><br>Time: 11:00 a.m. | -- movant's attorney (or movant, if movant is not represented by an attorney)<br><br><br><br>(D) *Service is also required upon*:<br>-- United States trustee (*electronic service is not permitted*)<br>-- Judge's copy personally delivered to chambers<br>   (*see Court Manual for address*) |

(6) ☒ Regarding a **reply to an opposition:**

☒ a reply to opposition may be made **orally** at the hearing.

☐ no later than the deadlines given, a **written reply to an opposition** must be filed with the court and served on all persons/entities listed using: ☐ one of the methods checked ☐ all of the methods checked

(A) ☐ Personal Delivery ☐ Overnight Mail ☐ First Class Mail ☐ Facsimile* ☐ Email*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                    Page 3                    **F 9075-1.1.ORDER.SHORT.NOTICE**

| (B) *Deadlines:* | (C) *Persons/entities to be served with written reply to opposition:* |
|---|---|
| Date: | -- All persons/entities who filed a written opposition |
| Time: | |
| | (D) *Service is also required upon:* |
| | -- United States trustee *(electronic service is not permitted)* |
| | -- Judge's Copy personally delivered to chambers *(see Court Manual for address)* |

(7) ☐ Other requirements:

(8) ☒ No later than the deadlines given, movant must file a **Declaration of Notice and Service** establishing that telephonic notice, written notice, and service of the motion and this order was completed as set forth above, and a **judge's copy** of the Declaration of Notice and Service must be personally delivered to the judge's chambers:

> ☐ at least 2 days before the hearing.
>
> ☒ no later than:    Date: 7/10/2023    Time: 12:00 p.m.

* Service by electronic means (facsimile or email) requires compliance with F.R.Civ.P. 5(b)(2)(E).

###

Date: July 7, 2023

Scott C. Clarkson
United States Bankruptcy Judge

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 4                    **F 9075-1.1.ORDER.SHORT.NOTICE**

# EXHIBIT I

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:23-bk-10571-SC

Date filed: 03/20/2023
341 meeting: 04/24/2023
Deadline for objecting to discharge: 06/23/2023

Assigned to: Scott C Clarkson
Chapter 11
Voluntary
Asset

**Debtor**
**The Litigation Practice Group P.C.**
17542 17th St
Suite 100
Tustin, CA 92780
ORANGE-CA
Tax ID / EIN: 83-3885343

represented by **Joon M Khang**
KHANG & KHANG LLP
4000 Barranca Parkway, Suite 250
Irvine, CA 92604
949-419-3834
Fax : 949-419-3835
Email: joon@khanglaw.com

**Trustee**
**Richard A Marshack (TR)**
Marshack Hays Wood LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

represented by **Bradford Barnhardt**
Marshack Hays Wood LLP
870 Roosevelt
Irvine, CA 92620
404-587-6205
Email: bbarnhardt@marshackhays.com

**Peter W Bowie**
Dinsmore & Shohl LLP
655 W. Broadway
Suite 800
San Diego, CA 92101
619-400-4521
Fax : 619-400-0501
Email: peter.bowie@dinsmore.com

**Christopher Celentino**
Dinsmore & Shohl LLP
655 W. Broadway
Suite 800
San Diego, CA 92101
619-400-0519
Fax : 619-400-0501
Email: christopher.celentino@dinsmore.com

**Jeremy Freedman**
Dinsmore and Shohl, LLP
655 W. Broadway Ste. 800
San Diego, CA 92101
619-400-0517
Email: jeremy.freedman@dinsmore.com

143

| | | |
|---|---|---|
| | | ORDERED And Is Authorized To Employ Dinsmore As His Special Counsel Effective As Of May 8, 2023 To Perform The Services Set Forth In The Application, With Compensation To Be Paid By The Within Bankruptcy Estate Pursuant To And Upon Further Bankruptcy Court Approval. (BNC-PDF) (Related Doc # [90](#)) Signed on 7/5/2023. (NB8) (Entered: 07/05/2023) |
| 07/05/2023 | [172](#) (139 pgs) | Status Report for Chapter 11 Status Conference *; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 07/05/2023) |
| 07/05/2023 | [173](#) (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[168](#) Order on Motion to Borrow (BNC-PDF)) No. of Notices: 1. Notice Date 07/05/2023. (Admin.) (Entered: 07/05/2023) |
| 07/05/2023 | [174](#) (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[169](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 07/05/2023. (Admin.) (Entered: 07/05/2023) |
| 07/06/2023 | [175](#) (16 pgs) | Notice of Hearing *Notice of Continued Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 07/06/2023) |
| 07/06/2023 | [176](#) (22 pgs; 2 docs) | Motion to Approve Compromise Under Rule 9019 *re Phoenix Law, PC, William Taylor Carss, and Maria Eeya Tan; Declaration of Richard A. Marshack* Filed by Trustee Richard A Marshack (TR) (Attachments: # [1](#) Exhibit 1: Stipulation) (Serrano, Jonathan) (Entered: 07/06/2023) |
| 07/06/2023 | [177](#) (7 pgs) | Application shortening time *on 9019 Motion re Stipulation With Phoenix Law, PC, William Taylor Carss, and Maria Eeya Tan; Declaration of Christopher B. Ghio* Filed by Trustee Richard A Marshack (TR) (Serrano, Jonathan) (Entered: 07/06/2023) |
| 07/06/2023 | [178](#) (32 pgs; 2 docs) | Motion to Approve Compromise Under Rule 9019 *re Stipulation With Consumer Legal Group, PC, LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro; Declaration of Richard A. Marshack* Filed by Trustee Richard A Marshack (TR) (Attachments: # [1](#) Exhibit 1: Stipulation) (Serrano, Jonathan) (Entered: 07/06/2023) |
| 07/06/2023 | [179](#) (7 pgs) | Application shortening time *on 9019 Motion re Stipulation With Consumer Legal Group, PC, LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro; Declaration of Christopher B. Ghio* Filed by Trustee Richard A Marshack (TR) (Serrano, Jonathan) (Entered: 07/06/2023) |
| 07/07/2023 | [180](#) (4 pgs) | Order Granting Application And Setting Hearing On Shortened Notice. The Hearing On Chapter 11 Trustee's Notice Of Motion And Motion For Order Approving Stipulation RE Avoidance And Recovery Of Avoidable Transfers To Defendant Phoenix Law, PC And Turnover Of All Related Property To The Trustee And Order Of Dismissal Without Prejudice Of Defendants William Taylor Carss And Maria Eeya Tan; Memorandum Of Points And Authorities; Declaration Of Richard A. Marshack In Support Thereof; Exhibits Will Take Place On July 11, 2023 At 2:00 P.M. In Courtroom 5C--In Person (No Virtual Appearances Permitted) Located At 411 West Fourth Street, Santa Ana, CA 92701. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # [177](#) ) Signed on 7/7/2023 (NB8) (Entered: 07/07/2023) |

144

| | | |
|---|---|---|
| 07/07/2023 | 181 | Hearing Set (RE: related document(s)176 Chapter 11 Trustee's Motion For Order Approving Stipulation RE Avoidance And Recovery Of Avoidable Transfers To Defendant Phoenix Law, PC And Turnover Of All Related Property To The Trustee And Order Of Dismissal Without Prejudice Of Defendants William Taylor Carss And Maria Eeya Tan filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 7/11/2023 at 02:00 PM at Crtrm 5C- In Person (No Virtual Appearances Permitted) , 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/07/2023) |
| 07/07/2023 | 182 (4 pgs) | Order Granting Application And Setting Hearing On Shortened Notice. The Hearing On Chapter 11 Trustee's Notice Of Motion And Motion For Order Approving Stipulation Between The Debtor, Consumer Legal Group, PC; LGS Holdco, LLC; And Set Forth, Inc., f/k/a DebtPayPro; Memorandum Of Points And Authorities; Declaration Of Richard A. Marshack In Support Thereof; Exhibits Will Take Place On July 11, 2023 At 2:00 P.M. In Courtroom 5C--In Person (No Virtual Appearances Permitted) Located At 411 West Fourth Street, Santa Ana, CA 92701. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 179 ) Signed on 7/7/2023 (NB8) (Entered: 07/07/2023) |
| 07/07/2023 | 183 | Hearing Set (RE: related document(s)178 Chapter 11 Trustee's Motion For Order Approving Stipulation Between The Debtor; Consumer Legal Group, PC, LGS Holdco, LLC; And Set Forth, Inc. f/k/a DebtPayPro filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 7/11/2023 at 02:00 PM at Crtrm 5C - In Person (No Virtual Appearances Permitted), 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/07/2023) |
| 07/07/2023 | 184 (9 pgs) | Declaration re: *Declaration of Trustee In Lieu of Monthly Operating Report For June 2023; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 07/07/2023) |
| 07/07/2023 | 185 (137 pgs; 4 docs) | Objection (related document(s): 178 Motion to Approve Compromise Under Rule 9019 *re Stipulation With Consumer Legal Group, PC, LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro; Declaration of Richard A. Marshack* filed by Trustee Richard A Marshack (TR)) *(Objections of Carolyn Beech and Diane Scarnavack to Motion to Approve Compromise Under Rule 9019 Re Stipulation with Consumer Legal Group, PC LGS Holdco LLC, and Set Forth, Inc, F/K/A DebtPayPro (Dkt. #178))* Filed by Creditor Carolyn Beech (Attachments: # 1 Appendix A # 2 Appendix B # 3 Appendix C) (Edelman, Daniel) (Entered: 07/07/2023) |
| 07/07/2023 | 186 (2 pgs) | Chapter 11 Trustee's Bond Of Richard A. Marshack In The Sum Of $13,000,000.00; (Bond No. 8206836-016083 Issued By Liberty Mutual Insurance Company [ORIGINAL DOCUMENT SENT TO LOS ANGELES BANKRUPTCY COURT, FISCAL DEPARTMENT ON 7/7/2023] Filed by Trustee Richard A Marshack (TR) (NB8) (Entered: 07/07/2023) |
| 07/07/2023 | 187 (9 pgs) | Status Report for Chapter 11 Status Conference *Chapter 11 Trustee's First Supplement to Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 07/07/2023) |
| 07/07/2023 | 188 (28 pgs) | Motion *To Approve Management Agreement With Resolution Processing; Memorandum Of Points And Authorities; Declaration Of Richard A. Marshack In Support Thereof; And Exhibits* Filed by Trustee Richard A |

145

| | | |
|---|---|---|
| | | Marshack (TR) (Lissebeck, Yosina) - See docket entry no.: 200 for corrections - Modified on 7/10/2023 (NB8). (Entered: 07/07/2023) |
| 07/07/2023 | [189](#)<br>(30 pgs) | Notice of Hearing Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[188](#) Motion *To Approve Management Agreement With Resolution Processing; Memorandum Of Points And Authorities; Declaration Of Richard A. Marshack In Support Thereof; And Exhibits* Filed by Trustee Richard A Marshack (TR)). (Lissebeck, Yosina) - See docket entry no.: 202 for corrections - Modified on 7/10/2023 (NB8). (Entered: 07/07/2023) |
| 07/07/2023 | [190](#)<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[171](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 07/07/2023. (Admin.) (Entered: 07/07/2023) |
| 07/07/2023 | [191](#)<br>(940 pgs; 6 docs) | Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Motion of Trustee Richard A. Marshack For Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant To 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements* Filed by Trustee Richard A Marshack (TR) (Attachments: # [1](#) Declaration of Richard A. Marshack # [2](#) Declaration of William "Ty" Carss # [3](#) Declaration of R. Reed Pruyn # [4](#) Declaration of Jason J. Rebhun # [5](#) Declaration of Peter M. Schneider) (Ghio, Christopher) (Entered: 07/07/2023) |
| 07/07/2023 | [192](#)<br>(9 pgs) | Application shortening time *on Motion of Trustee Richard A. Marshack For Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant To 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements* Filed by Trustee Richard A Marshack (TR) (Ghio, Christopher) (Entered: 07/07/2023) |
| 07/07/2023 | 201 | Hearing Set (RE: related document(s)[188](#) Chapter 11 Trustee's Motion To Approve Management Agreement With Resolution Processing filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 8/10/2023 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/10/2023) |
| 07/09/2023 | [193](#)<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[180](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/09/2023. (Admin.) (Entered: 07/09/2023) |
| 07/09/2023 | [194](#)<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[182](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/09/2023. (Admin.) (Entered: 07/09/2023) |
| 07/10/2023 | [195](#)<br>(2 pgs) | Order Setting Hearing On Application For Order Setting Hearing On Shortened Time (Docket No. [192](#) ). IT IS ORDERED: The Court Hereby Sets The Application For Order Setting Hearing On Shortened Time, Filed July 7, 2023 (Docket [Docket [192](#) ) ("Application") For Virtual Hearing On July 10, 2023, At 2:00 P.M. The Accessibility Information For The Hearing Will Be Posted Into The Court's Tentative Ruling. The Application Pertains To The Motion For Entry Of Order Approving Sale Subject To Overbid Of Assets Free And Cleark (Docket [191](#) ). Any Opposition To The Application May Be Filed By No Later Than 12:00 |

146

| | | |
|---|---|---|
| | | in July was presented Orally At The Hearing. The Movant, Chapter 11 Trustee, Richard Marshack, Is To Provide Telephonic Notice Of Hearing To All Interested Parties By No Later Than 11:00 A.M. On July 10, 2023. (BNC-PDF) (Related Doc # 192 ) Signed on 7/10/2023 (NB8) (Entered: 07/10/2023) |
| 07/10/2023 | 196 | Hearing Set (RE: related document(s) 192 Hearing For Order Shortening Time On Motion Of Trustee Richard A. Marshack For Entry Of An Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. Section 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements - No Fee filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 7/10/2023 at 02:00 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) Modified on 7/10/2023 (NB8). (Entered: 07/10/2023) |
| 07/10/2023 | 197 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Izakelian, Razmig. (Izakelian, Razmig) (Entered: 07/10/2023) |
| 07/10/2023 | 198 (14 pgs) | Opposition to (related document(s): 192 Application shortening time *on Motion of Trustee Richard A. Marshack For Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant To 11 U.S.C. § 363(b) and (B) A filed by Trustee Richard A Marshack (TR)) Filed by Creditor Committee Committee of Unsecured Creditors (Koffroth, Nicholas) (Entered: 07/10/2023)* |
| 07/10/2023 | 199 (13 pgs) | Declaration re: *Declaration of Chapter 11 Trustee's Counsel Regarding Proof of Notice of Hearing and Service for (1) Motion for Order Approving Stipulation with Phoenix Law, PC, William Taylor Carss, and Maria Eeya Tan; and (2) Motion for Order Approving Stipulation with Consumer Legal Group, PC, LGS HoldCo, LLC and Set Forth, Inc.* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)176 Motion to Approve Compromise Under Rule 9019 *re Phoenix Law, PC, William Taylor Carss, and Maria Eeya Tan; Declaration of Richard A. Marshack,* 178 Motion to Approve Compromise Under Rule 9019 *re Stipulation With Consumer Legal Group, PC, LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro; Declaration of Richard A. Marshack*). (Serrano, Jonathan) (Entered: 07/10/2023) |
| 07/10/2023 | 200 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION, WHICH IS: AUGUST 10, 2023 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)188 Generic Motion filed by Trustee Richard A Marshack (TR)) (NB8) (Entered: 07/10/2023) |
| 07/10/2023 | 202 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION, WHICH IS: AUGUST 10, 2023 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)189 Notice of Hearing (BK Case) filed by Trustee Richard A Marshack (TR)) (NB8) (Entered: 07/10/2023) |

147

| | | |
|---|---|---|
| 07/10/2023 | [203](#)<br>(6 pgs) | Declaration re: *Declaration of Chapter 11 Trustee's Counsel Regarding Proof of Notice of Hearing and Service for Motion of Trustee Richard A. Marshack for Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[191](#) Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Motion of Trustee Richard A. Marshack For Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Purs).* (Serrano, Jonathan) (Entered: 07/10/2023) |
| 07/10/2023 | [204](#)<br>(28 pgs) | Amended Motion (related document(s): [188](#) Motion *To Approve Management Agreement With Resolution Processing; Memorandum Of Points And Authorities; Declaration Of Richard A. Marshack In Support Thereof; And Exhibits* filed by Trustee Richard A Marshack (TR) Filed by Trustee Richard A Marshack (TR) (Entered: 07/10/2023) |
| 07/10/2023 | [205](#)<br>(30 pgs) | Notice of Hearing *Amended Notice of Hearing* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[204](#) Amended Motion (related document(s): [188](#) Motion *To Approve Management Agreement With Resolution Processing; Memorandum Of Points And Authorities; Declaration Of Richard A. Marshack In Support Thereof; And Exhibits* filed by Trustee Richard A Marshack (TR)) Filed by Trustee Richard A Marshack (TR)). (Lissebeck, Yosina) (Entered: 07/10/2023) |
| 07/10/2023 | [206](#)<br>(3 pgs) | Order Requesting Additional Briefing In Support Of Sale Motion. IT IS ORDERED: The Court Will Be Conducting A Hearing On The Motion Of Trustee Richard A. Marshack For Entry Of Order Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. Section 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements Filed July 7, 2023 (Docket [191](#) ) (The "Sale Motion") On July 21, 2023, At 10:00 A.M. (Pacific Time) In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. A Separate Order Regarding The Setting Of The Hearing And Briefing Schedules Will Be Issued Forthwith. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # doc ) Signed on 7/10/2023 (NB8) (Entered: 07/10/2023) |
| 07/10/2023 | 207 | Hearing Set (RE: related document(s)[191](#) - Motion Of Trustee Richard A. Marshack For Entry Of An Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. Section 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements - No Fee filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 7/21/2023 at 10:00 AM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/10/2023) |
| 07/10/2023 | 208 | Hearing Held On Application For Order Shortening Time (RE: [192](#) Application For Order Shortening Time On Motion Of Trustee Richard A. Marshack For Entry Of An Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. Section 363(b) And (B) Approving |

| | | |
|---|---|---|
| | | ...ption and Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements) - ORDER BY ATTORNEY - ORDER SHORTENING TIME GRANTED - SALE HEARING SET FOR JULY 21, 2023 AT 10:00 A.M. VIA ZOOM. OPPOSITION DUE JULY 19, 2023. REPLY DUE AT SALE HEARING. (NB8) (Entered: 07/10/2023) |
| 07/11/2023 | 209<br>(276 pgs) | Opposition to (related document(s): 176 Motion to Approve Compromise Under Rule 9019 *re Phoenix Law, PC, William Taylor Carss, and Maria Eeya Tan; Declaration of Richard A. Marshack* filed by Trustee Richard A Marshack (TR), 178 Motion to Approve Compromise Under Rule 9019 *re Stipulation With Consumer Legal Group, PC, LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro; Declaration of Richard A. Marshack* filed by Trustee Richard A Marshack (TR)) */U.S. Trustee's Opposition to the Pheonix and CLG Rule 9019 Motions; Declaration of Marilyn Sorenson and Queenie Ng in Support Thereof; along with Proof of Service* Filed by U.S. Trustee United States Trustee (SA) (Ng, Queenie) (Entered: 07/11/2023) |
| 07/11/2023 | 210<br>(11 pgs) | Opposition to (related document(s): 178 Motion to Approve Compromise Under Rule 9019 *re Stipulation With Consumer Legal Group, PC, LGS Holdco, LLC, and Set Forth, Inc. f/k/a DebtPayPro; Declaration of Richard A. Marshack* filed by Trustee Richard A Marshack (TR)) *Official Committee of Unsecured Creditors' Conditional Opposition and Reservation of Rights to Chapter 11 Trustee's Motion For Order Approving Stipulation Between the Debtor, Consumer Legal Group, PC, LGS Holdco LLC and Set Forth Inc, f/k/a Debitpaypro* Filed by Creditor Committee Committee of Unsecured Creditors (Owens, Keith) (Entered: 07/11/2023) |
| 07/11/2023 | 211 | Opposition to (related document(s): 176 Motion to Approve Compromise Under Rule 9019 *re Phoenix Law, PC, William Taylor Carss, and Maria Eeya Tan; Declaration of Richard A. Marshack* filed by Trustee Richard A Marshack (TR)) Filed by Creditor Debt Relief Group, LLC (White, Johnny) -[Access To This Document Has Been Restricted To Protect The Confidential Information Of Third Parties] Modified on 7/12/2023 (NB8). (Entered: 07/11/2023) |
| 07/11/2023 | 212<br>(6 pgs) | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule *Application of Non-Resident Attorney Robert F. Elgidely to Appear in a Specific Case* Filed by Creditor Committee Committee of Unsecured Creditors (Owens, Keith) (Entered: 07/11/2023) |
| 07/11/2023 | 213<br>(4 pgs) | Notice of lodgment Filed by Creditor Committee Committee of Unsecured Creditors (RE: related document(s)212 Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule *Application of Non-Resident Attorney Robert F. Elgidely to Appear in a Specific Case* Filed by Creditor Committee Committee of Unsecured Creditors). (Owens, Keith) (Entered: 07/11/2023) |
| 07/11/2023 | 214<br>(2 pgs) | Scheduling Order On The Motion Of Trustee Richard A. Marshack For Entry Of Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. Section 363(b) And (B) Approving Assumption And Assignment Of Certain Leases And Unexpired Leases And Other Agreements, Filed July 7, 2023 (Docket 91). IT IS ORDERED: The Court Will Be Conducting A Hearing On The Motion Of Trustee Richard A. Marshack For Entry Of Order Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, |

| | | |
|---|---|---|
| | | ...umbrances And Interests Pursuant To 11 U.S.C. Section 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements Filed July 7, 2023 (Docket 191 ) (The "Sale Motion") On July 21, 2023, At 10:00 A.M. (Pacific Time). The Trustee Shall Cause Without Undue Delay Notice Of The Hearing To Be Electronically Transmitted To The Approximately 40,000 Consumers Of The Debtor. Any Opposition(s) To The Sale Motion Is To Be Filed And Served On Special Counsel For The Trustee, Before Midnight Pacific Time On July 19, 2023. Any Reply Or Responsive Pleading Is Due At The Hearing On July 21, 2023. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 192 ) Signed on 7/11/2023 (NB8) (Entered: 07/11/2023) |
| 07/11/2023 | 215 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Doling, Jenny. (Doling, Jenny) (Entered: 07/11/2023) |
| 07/11/2023 | 216 (8 pgs) | Notice of sale of estate property (LBR 6004-2) Property to be sold includes executory client contracts, goodwill and proprietary DMS, among other assets Filed by Trustee Richard A Marshack (TR). (Ghio, Christopher) (Entered: 07/11/2023) |
| 07/11/2023 | 272 | Hearing Continued On Motion (RE: related document(s)178 Chapter 11 Trustee's Motion For Order Approving Stipulation Between The Debtor; Consumer Legal Group, PC; LGS Holdco, LLC; And Set Forth, Inc. f/k/a DebtPayPro filed by Trustee Richard A Marshack (TR)) - HEARING ON MOTION CONTINUED TO JULY 21, 2023 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/17/2023) |
| 07/11/2023 | 273 | Hearing Continued On Motion (RE: related document(s)176 Chapter 11 Trustee's Motion For Order Approving Stipulation RE Avoidance And Recovery Of Avoidable Transfers To Defendant Phoenix Law, PC, And Turnover Of All Related Property To The Trustee And Order Of Dismissal Without Prejudice Of Defendants William Taylor Carss, And Maria Eeya Tan filed by Trustee Richard A Marshack (TR)) - HEARING ON MOTION CONTINUED TO JULY 21, 2023 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/17/2023) |
| 07/12/2023 | 217 (44 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Mari Agape v. The Litigation Practice Group, Daniel March, et al. Case No. 30-2023-01304067-CU-WT-CJC (Orange County Superior Court).* Fee Amount $188, Filed by Creditor Mari Agape (Salvato, Gregory) - See docket entry no.: 219 for corrections - Modified on 7/12/2023 (NB8). (Entered: 07/12/2023) |
| 07/12/2023 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM( 8:23-bk-10571-SC) [motion,nman] ( 188.00) Filing Fee. Receipt number A55681164. Fee amount 188.00. (re: Doc# 217) (U.S. Treasury) (Entered: 07/12/2023) |
| 07/12/2023 | 218 (983 pgs; 3 docs) | U.S. Trustee Motion to dismiss or convert *NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARILYN* |

# DECLARATION OF TONY DIAB

I, TONY DIAB, declare:

1. I am a defendant in the adversary proceeding bearing case number 8:23-ap-01046-SC.  I have reviewed Greyson Law Center PC's ("Present Greyson") Motion [dkt.290], moving the Bankruptcy Court to vacate the 5/26/23 [dkt.13] Lockout Order and Preliminary Injunction as to Present Greyson, and moving the Bankruptcy Court to order Trustee Marshack's attorneys to return to Present Greyson, Present Greyson's computers, data and documents seized by Trustee's attorneys at Present Greyson's office on 6/2/23.  I have read all papers filed in support of and opposition to Present Greyson's Motion [dkt.290] as of the date I am signing my herein Declaration.

2. This includes that I have read the Declarations of Bradford Lee dated 1/8/24 [dkt.325-5, efiled 1/8/24] and 1/15/24 [dkt.333-1, filed 1/15/24], including all Exhibits thereto, which the Trustee's counsel filed with the Bankruptcy Court in Opposition to Greyson's Motion [dkt.290].

3. I attended a part of the deposition of Bradford Lee held 2/2/24 in adversary proceeding 8:23-ap-01046-Sc.  In Lee's deposition, the first Greyson Law Center PC corporation was referred to as "Eng Taing Greyson".  I am aware that the California Secretary of State official website states the first Greyson Law Center PC corporation was incorporated on 3/12/23, I am aware Eng Taing Greyson was financed by Eng Taing, who dissolved Eng Taing Greyson before

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)      1

151

5/12/23. In this Declaration, I will refer to that first Greyson Law Center PC

corporation as "Eng Taing Greyson".

4. I am aware that the California Secretary of State official website shows that a

later Greyson Law Center PC corporation was incorporated with the California

Secretary of State on 5/12/23.  In Lee's deposition this later Greyson Law

Center PC was referred to as "Present Greyson".  In this Declaration,  I will

refer to the Greyson Law Center PC, incorporated on 5/12/23, as "Present

Greyson"

5. Both Lee's 1/8/24 and 1/15/24 Declarations contain multiple misstatements of

fact.  Among the misstatements in Lee's two Declaration, which I can

competently testify on the basis of my own personal knowledge, are the

following misstatements of fact:

a.  Lee's Declarations are **false** in asserting that I helped to plan either Eng

Taing Greyson, or Present Greyson.  I did **not** do so, and I had no part in setting

up either Eng Taing Greyson, or Present Greyson.

b.  Lee's Declarations are false in saying that I had discussions with Han

Trinh, and/or with Jayde Trinh, planning either Eng Taing Greyson, or Present

Greyson. Han and Jayde and I never had discussions at my house, or anywhere

else, regarding the formation of either Eng Taing Greyson or Present Greyson.

c.  I am acquainted with Eng Taing.  At the time Eng Taing formed Eng

Taing Greyson he was the managing director of Oakstone Law Group PC.  Eng

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)    2

152

Taing formed Eng Taing Greyson to deprive The Litigation Practice Group PC ("LPG") of LPG's share of the revenue being generated by LPG clients which LPG had been placed with Oakstone for servicing.  The Oakstone entity was formed to receive and service LPG clients, which LPG transferred to Oakstone, and did receive approximately 15,000 LPG clients from LPG to service for LPG.  Oakstone had agreed to pay, and was required to pay, LPG a portion of the revenue generated by the clients LPG sent Oakstone to service, but Oakstone never paid any such revenue to LPG.

d.  Eng Taing set up Eng Taing Greyson, for the ostensible purpose of avoiding the stigma associated with the unlawful debits of Oakstone clients, but in reality Eng Taing set up Eng Taing Greyson to deprive Eng Taing's  partner, Wes Thomas, and to deprive LPG (the owner of the client files who sent those client files to Oakstone to service) from the revenue stream being generated from those LPG files. Eng Taing Greyson failed quickly, because Eng Taing stopped financing it, and Eng Taing dissolved Eng Taing Greyson.  Neither LPG, nor I, would have received any benefit from Eng Taing Greyson, because Eng Taing would have transferred the LPG files that Oakstone was servicing for LPG, to Eng Taing Greyson, where clients would execute contracts with Eng Taing Greyson, and then Eng Taing Greyson would not pay LPG any proceeds of Eng Taing Greyson servicing those LPG files.

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)    3

155

e.  Lee's Declarations are also **false** in saying that I have, or ever have had, any control of Present  Greyson—I have not, do not, and never have had any control over Present Greyson whatsoever.  To my knowledge, the present Greyson's Managing Attorney is Scott Eadie, and the entity is run/managed by Eadie and by Present Greyson attorney Jayde Trinh,  with Han Trinh as the administrator for Present Greyson.  I have never had any ownership interest in Present Greyson.  Nor have I received any economic benefit of any kind, direct or indirect, from Present Greyson, or from Scott Eadie, Jayde Trinh or Han Trinh.  I am acquainted with Scott Eadie.  So far as I am aware, Scott Eadie is, and has always been, the sole shareholder of Present Greyson, and is the managing attorney of Present Greyson.  Any discussion I had with any individual at Greyson regarding file transfer was in my capacity as the transferor, not transferee, of any file.  No file was ever transferred to any Greyson entity by me, even though numerous discussions regarding file transfer took place.

f.  Lee's Declarations are also **false** in claiming that I gave instructions to Han Trinh, or to Bradford Lee, or to anyone else at Present Greyson, to do anything regarding the business of Present Greyson.  I have never done so.  Rather, during the time referenced in Bradford Lee's 1/8/24 Declaration, when Lee says Lee did work for Present Greyson, Lee additionally did work for me for  Phoenix and did work regarding Phoenix with Phoenix and Maverick

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)     4

154

Management Group LLC ("Maverick") employees.  I interacted with Lee both

directly and indirectly regarding the operation of Phoenix and regarding

Phoenix' payment processing.  This included multiple requests to Lee, that Lee

generate reports regarding LPG clients being serviced by Phoenix.  One of the

reports Lee gave me, regarding Phoenix' clients is Exhibit C to Lee's 1/8/24

Declaration.  As I recall, I also requested that Lee run reports regarding

payment processing at Phoenix, not simply servicing at Phoenix.  I never

requested, nor received, any reporting of any kind from Lee regarding either

Eng Taing Greyson or Present Greyson.

g.  LPG never transferred money to either Eng Taing Greyson or Present

Greyson.  I am aware of all transactions entered into by LPG, and LPG never

sent any money to Eng Taing Greyson, or to Present Greyson.  If LPG had done

so, I would be aware of that.  Nor did I cause money to be transferred to either

Eng Taing Greyson or Present Greyson from any other entity over which I had

managerial authority, except that I am aware of the agreement by Phoenix to

pay Present Greyson $2,000 per case for the use of attorneys employed by

Present Greyson to represent, as independent contractors, Phoenix clients who

had pending lawsuits various state courts nationwide.  I participated in this

negotiation and in the assignment of Phoenix clients to attorneys employed by

Greyson, which assignments were for the purpose of defending Phoenix

consumer debtor clients in collection actions.

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)    5

155

h.  So far as I am aware, during the time (5/1/23 through 6/9/23) when

Bradford Lee was an employee of Present Greyson, Present Greyson never had,

or used, computers, monitors, or furniture been purchased by LPG or with LPG

money.  If that had happened, I would have been aware.

i.  Nor did LPG pay for or reimburse Present Greyson for charges Present

Greyson made on a credit card that Present Greyson had, in Present Greyson's

name, during the 5/1/23 through 6/9/23 time period when Bradford Lee was

employed by Present Greyson.  I am not aware of any credit card Present

Greyson had during the time (5/1/23 through 6/9/23) when Lee was an

employee of Present Greyson, and I can state that LPG never made any

payment to any credit card from 5/1/2023 to 6/9/2023.

j.  Lee's Declarations are **false** in claiming LPG sent LPG client files to

either Eng Taing Greyson, or to Present Greyson—that never occurred.  I was

aware of all file transfer from LPG and purposefully initiated all transfers from

LPG to other entities.  LPG files were transferred to Phoenix, Oakstone, and

Consumer Legal Group PC.  LPG did not transfer any LPG files to Eng Taing

Greyson or to Present Greyson.  Nor could LPG have transferred any LPG files

to Eng Taing Greyson, or to Present Greyson, because all LPG client files, that

LPG transferred to other entities, were transferred to other entities before the

3/9/23 date on which Eng Taing Greyson was incorporated, and before the

5/12/23 date on which Present Greyson was incorporated.

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)    6

156

k.  I was present at this Court's hearing on June 12, 2023, when numerous counsel discussed former LPG clients that had signed Greyson client contracts. None of those clients were being serviced by LPG at the time either Greyson entity was formed, and LPG did not transfer any client files to either Greyson entity.  I did discuss transferring files to Oakstone in December 2022 and January 2023, and discussed transferring more client files to Oakstone in February 2023.  But I never discussed nor entertained a discussion about transferring any clients to either Eng Taing Greyson or to Present Greyson. LPG never transferred any LPG clients to either Eng Taing Greyson or to Present Greyson.

l.  I have never had, nor exercised, any control over Present Greyson whatsoever at any time.  I have read Exhibits A-G to Lee's 1/8/24 Declaration, and I have read Exhibits H-J of Lee's 1/15/24 Declaration.  Those Exhibits to Lee's two Declarations do NOT establish that I had, or have, any control over present Greyson.

6. Present Greyson is not, and never was, an alter ego of LPG.  If it was, I would be aware of such fact.

7. Nor is present Greyson an alter ego of the companies, such as Phoenix, which Judge Clarkson determined to be alter egos of LPG.  Phoenix was managed by Bianca Loli, before Trustee Marshack's attorneys took over the management of Phoenix as an alter ego of LPG.

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)    7

157

8.   None of Present Greyson, Jayde Trinh, Han Trinh, or Scott Eadie, had or has any connection with, control of,  or involvement with Phoenix, except that Phoenix contracted with Present Greyson.  That agreement, of which I was involved as a consultant to Phoenix, was for the purpose of procuring counsel to represent the large number of Phoenix clients with active lawsuits across the country.  Present Greyson agreed to send attorneys from Present Greyson's network of attorneys to appear as independent contractors in lawsuits in various state courts nationwide, where such counsel would defend Phoenix consumer debtor clients in lawsuits.  I am aware that Phoenix, through its processing entity Maverick, did make payments to Greyson both direct and indirect, to pay Present Greyson the contracted-for $2,000 per case.  I was involved in the negotiation and payment of the $2,000 per case agreement.  Phoenix paid the $2,000 per case to Present Greyson, through the use of Maverick, Prime Logix LLC ("Prime"), and Vulcan Consulting Group LLC ("Vulcan").  None of the $2,000 per case payments that Phoenix paid Present Greyson, came from any LPG bank account, and none of those payments were sent to Present Greyson from any payment processor that ran LPG client payments while LPG was servicing such accounts.

9.   Present Greyson was at no point in time an alter ego of Oakstone.

10. I was present, and testified, at the 6/12/23 hearing in Bankruptcy Court, before Judge Clarkson, in this adversary proceeding.  To the best of my recollection

the Trustee's counsel Celentino told Judge Clarkson that Greyson was **not** an alter ego of LPG, which statement is true and correct.  Mr. Celentino did NOT ask me about Greyson when I was on the stand, and when Judge Clarkson suggested that Celentino ask me about Greyson (referring to Present Greyson, the enjoined entity), Celentino said he was going to ask Ty Carss instead.  If Celentino had asked me about present Greyson, I would have testified that I had and have nothing to do with Present Greyson.

11. The [dkt.13] 5/26/23 Lockout and Preliminary Injunction Order was additionally issued against Consumer Law Group.  I am aware that Judge Clarkson determined Consumer Law Group PC ("CLG") to be an alter ego of LPG for purposes of issuing the preliminary injunction in this matter.  I am aware that the trustee's attorneys locked CLG out of CLG's CRM (client relations management software) and data stored therein on June 2, 2023, pursuant to the 5/26/23 Lockout and Preliminary Injunction Order. Representatives of CLG phoned me on June 2, asking me for information about the June 2 Lockout, which came as a complete surprise to CLG.  On 6/5/23, CLG personnel phoned me and told me that as of 6/5/23, the Trustee's attorneys had restored CLG's access to CLG's CRM and to CLG's data, though the terms reached with the Trustee's attorneys were not shared with me.

DECLARATION OF TONY DIAB TO BE E-FILED IN BANKRUPTCY COURT IN ADV PROCEEDING
ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)    9

159

1

I declare under penalty of perjury that the foregoing is true and correct, and that

2

this Declaration is executed at _Laguna Beach_, California on February _12_

3

2024.

4

5

_____
TONY DIAB

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## DECLARATION OF TONY DIAB

I, TONY DIAB, declare:

1. I am a defendant in the adversary proceeding bearing case number 8:23-ap-01046-SC.  I make this declaration on the basis of my own personal knowledge, and if called to testify I could and would testify to the facts set forth below.

2. In my Declaration filed 4/2/24, I explained I had brokered the contract between Greyson, and Phoenix, for Phoenix to pay Greyson $2,000 per state court lawsuit, for Greyson attorneys to appear, on an independent contractor basis, for Phoenix, in state court lawsuits, to defend Phoenix consumer clients who were being sued in state court on alleged debts.

3. I am familiar with the regular practice at Phoenix, regarding signing contracts, in and around May 2023. The regular practice for Phoenix agreements was for Ty Carss or Bianca Loli to execute (sign) the contracts for Phoenix.  On numerous occasions, I would communicate with Bianca Loli regarding the execution, by Phoenix, of agreements between Phoenix and various vendors, including attorneys.

4. I recall discussing the final contract between Phoenix and Greyson with both Ty Carss and Bianca Loli before it was signed by Phoenix.

5. To the best of my recollection, Han Trinh of Greyson had told me that the Greyson-Phoenix $2,000 per lawsuit contract was ready to be signed.

6. I told Han to have the agreement taken to Phoenix and signed by Bianca Loli for Phoenix. I told Han that Bianca is the person that usually signs and is often easier to find than Ty, and that Loli would handle the execution/signature of the contract, for Phoenix.

7. Soon thereafter, Han told me that Han received the Greyson-Phoenix $2,000 per lawsuit contract back from Phoenix, signed by Bianca Loli.

8. I told Han that Greyson needed to promptly send Greyson's $2,000 per lawsuit invoices to Phoenix, for processing, to ensure timely payment by Phoenix of Greyson's invoices.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed at _Laguna Beach_, California on April _17_, 2024.

_____
TONY DIAB

1

## DECLARATION OF SCOTT JAMES EADIE

2

3
I, SCOTT JAMES EADIE, declare:

4
1. I am an attorney in good standing, admitted to practice law in California from

5
1983 to present. My CA state bar number is 108345.

6
2. From when Greyson Law Center, PC ("Greyson") was incorporated, on

7
5/12/24, at the California Secretary of State, as California professional corporation

8
No. 5714736, to present, I have been the 100% stockholder of Greyson, and I have

9
been the President of Greyson. See **Exhibit A** hereto.

10

11
3. Attached hereto as **Exhibit B** is a true and correct copy of the *Articles of*

12
*Incorporation of Greyson*, stamped filed on 5/12/23. Also attached, as **Exhibit C**, is

13
present Greyson's *Statement of Information* filed with the CA Secretary of state on

14
10/24/23 stating I hold all the officer positions of Greyson, plus the director position

15
for Greyson.

16

17
4. Before Greyson was incorporated on 5/12/23, there had been an earlier

18
California corporation, also named Greyson Law Center, PC, which the official

19
California Secretary of State website shows was corporation no. 5561924,

20
incorporated on 3/9/23, and later terminated.

21
5. **Exhibit D** is a true and correct copy of a printout from the California Secretary

22
of State Official website, showing the earlier Greyson corporation, corporation

23
number 5561924, incorporated on 3/9/23 but then terminated, and showing the present

24

25

26
**DECLARATION OF SCOTT JAMES EADIE TO BE E-FILED IN BANKRUPTCY COURT IN ADV**
**PROCEEDING 8:23-ap-01046-SC (***Trustee Marshack v. Tony Diab et al***)**     1

Greyson, corporation number 5714736, incorporated on 5/12/23 and in "active" status at present, with the California Secretary of State.

6. If the earlier corporation named Greyson Law Center PC had not been terminated, before present Greyson was incorporated, I do not believe the California Secretary of State would have allowed present Greyson to use the name Greyson Law Center PC.

7. I have read the 1/8/24 Declaration of Bradford Lee,  with Exhibit A-G, and the 1/15/24 Declaration of Bradford Lee, with Exhibits H-K, each filed by Trustee Marshack's lawyers, Dinsmore & Sholl, opposing Greyson's Motion [dkt.290].

8. The things that Lee's two Declarations say, about Tony Diab controlling Greyson, are **absolutely false**, to my personal knowledge, as the 100% shareholder and President, of Greyson, from when Greyson was incorporated on 5/12/23, to present.  Tony Diab has never had any control over Greyson, at any time.  Greyson, at all times, has been controlled by me, as managing attorney, with assistance from Greyson attorney Jayde Trinh, and with Han Trinh being the head administrator for Greyson.  The Greyson incorporated on 5/12/23 has always been owned and operated, completely independent of Tony Diab.

9. Tony Diab has never had any ownership interest in Greyson the Greyson incorporated on 5/12/23, at any time.  Tony Diab, has never been paid any money by Greyson, and has never had any right to be paid any money by Greyson.

DECLARATION OF SCOTT JAMES EADIE TO BE E-FILED IN BANKRUPTCY COURT IN ADV
PROCEEDING 8:23-ap-01046-SC (*Trustee Marshack v. Tony Diab et al*)    2

164

10.LPG never transferred any LPG client files to Greyson.  LPG never transferred any LPG money to Greyson.

11.The only money that Greyson was paid, by any "alter ego" of LPG, is that Phoenix (determined by the Bankruptcy Court to be an alter ego of LPG) contracted with present Greyson, to pay Greyson $2,000 per lawsuit, to have Greyson supply attorneys from Greyson's network of attorneys, to defend Phoenix' consumer debtor clients, on a 1099 basis, in lawsuits where Phoenix' consumer debtor clients were sued on alleged consumer debts.  Phoenix still owes Greyson a large amount of money pursuant to Phoenix' contract with Greyson, and because Phoenix has been determined by this Court to be an alter ego of LPG, Phoenix' liability to Greyson is an administrative claim against the LPG bankruptcy estate.

12.I make this Declaration in support of Greyson's Motion [dkt.290], which moves this Hon. Bankruptcy Court to vacate, as to Greyson, the 5/26/23 Lockout and Preliminary Injunction Order [dkt.13]; and which moves this Court to order Trustee's attorneys, Dinsmore & Sholl, to return to Greyson, Greyson's approximately 50 computers/beelinks, data, and documents, which Trustee's attorneys and their field agents seized at Greyson's office on 6/2/23, and still have not returned to Greyson, to present.

13.Ordering those items returned does not require vacating dkt.13, though dkt.13 should be vacated, because it was granted based on the false allegation that Greyson was the alter ego of LPG, and an Order granted based on false information must

properly be vacated. Greyson's computers, data and documents that Dinsmore &

Sholl attorneys and field agents seized at Greyson's office on 6/2/23 should be

ordered returned because dkt.13 does NOT authorize Trustee's attorneys to seize

Greyson's 50 computers/beelinks from Greyson's office, and does NOT authorize

Trustee's attorneys to seize all Greyson's data and documents, which Trustee's

attorneys seized on 6/2/23.

14. This includes that the dkt.13 Order did NOT authorize Trustee's attorneys to

seize, and to lock Greyson out of, Greyson's whole Microsoft [M365 suite] account,

including that Microsoft account's cloud storage. Attorney Celentino misrepresented

when Celentino told Han Trinh, on 6/2/23, that the dkt.13 Orde required Han to have

Greyson's IT Director, Justin Nguyen, turn over to Celentino firm attorney Jonathan

Serrano, the master codes to allow Serrantino to access Greyson's whole Microsoft

[M365 suite] account, which Serrano then accessed and locked Greyson out of. The

dkt.13 order only authorized Trustee to seize the Sharepoint portion of Greyson's

Microsoft [M365 suite] account, which is only a very small portion of the whole

Microsoft [M365 suite] account.

15. Nor did the dkt.13 Order authorize Trustee's attorneys and field agents to read

all Greyson's seized documents and data, or to attach Greyson's documents and data

to Declarations the Dinsmore & Sholl firm filed, opposing Greyson's Dkt.290 Motion.

16. Greyson is a competitor of Morning Law Group, the buyer of debtor Litigation

Practice Group's ("LPG") assets at the July 2023 bankruptcy court sale of those

assets.  Greyson has a right to compete with Morning Law Group, and has a right to compete with all other law firms which represent consumer debtor clients, to defend those consumer debtor clients against debt collection claims, including to defend those consumer debtor clients in court suits where those consumer debtor clients are sued on alleged consumer debts.

17. Greyson's ability to carry on Greyson's business has been **very severely damaged** by Trustee's attorneys false allegation that Greyson was an alter ego of debtor LPG, when Trustee's lead attorney, Christopher Celentino, Esq., admitted to the Bankruptcy Court, on the record, in the 6/12/23 Court hearing, that Greyson was NOT an alter ego of debtor LPG (that portion of court transcript is attached hereto as **Exhibit E**).  Greyson's ability to carry on Greyson's business has been **very severely damaged** by Trustee's attorneys seizing Greyson's computers, data and documents at Greyson's office, on 6/2/23, which the dkt.13 Order did NOT authorize Trustee's attorneys to seize, and refusing to return the seized items from 6/2/23 to date of this Declaration.

18. Three days after the 6/12/23 hearing,  on 6/15/23, Celentino's firm amended adversary proceeding complaint, 8:23-ap-01046-SC to delete the alter ego allegations as to Greyson, and only to allege that Greyson had received unspecified in amount, unspecified as how, unspecified as to date, unspecified from whom, alleged fraudulent transfers.  Trustee's attorneys can't prove those allegations.

19. But the 5/26/23 [dkt.13] Lockout and Preliminary Injunction Order could NOT properly have been granted against Greyson, based on the unspecified, fatally vague, fraudulent transfer allegations that Trustee's 6/15/23 amended complaint made against Greyson. I have been a California attorney for over 40 years, and I have never seen, nor read any court decision, in any case, where an order anything like the 5/26/23 [dkt.13] Lockout and Preliminary Injunction Order was granted based on fraudulent transfer allegations, particularly not based on the fatally vague fraudulent transfer allegations alleged against Greyson in the 6/15/23 amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed at _Newport Beach_, California on February _8_, 2024.

SCOTT JAMES EADIE

# EXHIBIT A



**GREYSON**
Law Center PC

California Corporation # 5714736
Incorporated on 5/12/23

# Stock Ledger

| Name of Stockholder | Stockholder Address | Number of Shares | Certificate Number | Issue Date | Transfer Information |
|---|---|---|---|---|---|
| Scott James Eadie | 18 Hidden Crk | Irvine, CA 92620 | 100 of 100 total shares | N/A | 5/12/2023 | Original Issue |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Certified as correct by: _____

Scott James Eadie, President of Corporation and Sole Director

170

# EXHIBIT B



5714736



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**ARTICLES OF INCORPORATION**
**CA PROFESSIONAL CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: 5714736 |
| Date Filed: 5/12/2023 |

| Corporation Name | |
| --- | --- |
| Corporation Name | Greyson Law Center PC |

| Initial Street Address of Principal Office of Corporation | |
| --- | --- |
| Principal Address | 555 ANTON BLVD 150 COSTA MESA, CA 92626 |

| Initial Mailing Address of Corporation | |
| --- | --- |
| Mailing Address | 555 ANTON BLVD 150 COSTA MESA, CA 92626 |
| Attention | Scott Eadie |

| Agent for Service of Process | |
| --- | --- |
| Agent Name | Scott Eadie |
| Agent Address | 555 ANTON BLVD 150 COSTA MESA, CA 92626 |

**Shares**

The total number of shares the corporation is authorized to issue is: 100

Does the corporation have more than one class or series of shares? No

**Purpose Statement**

The purpose of the corporation is to engage in the profession of Law and any other lawful activities (other than the banking or trust company business) not prohibited to a corporation engaging in such profession by applicable laws and regulations. This corporation is a professional corporation within the meaning of California Corporations Code section 13400 et seq.

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

**Electronic Signature**

☒ By checking this box, I acknowledge that I am electronically signing this document as the incorporator of the Corporation and that all information is true and correct.

| *Scott Eadie* | *05/12/2023* |
| --- | --- |
| Incorporator Signature | Date |

B1750-2719 05/12/2023 11:54 AM Received by California Secretary of State

172

# EXHIBIT C



BA20231632677



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20231632677 |
| Date Filed: 10/24/2023 |

B2203-2233 10/24/2023 12:27 PM Received by California Secretary of State

---

**Entity Details**

| | |
| :--- | :--- |
| Corporation Name | Greyson Law Center PC |
| Entity No. | 5714736 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
| :--- | :--- |
| Principal Address | 440 N BARRANCA AVE #1331 COVINA, CA 91723 |

**Mailing Address of Corporation**

| | |
| :--- | :--- |
| Mailing Address | 440 N BARRANCA AVE #1331 COVINA, CA 91723 |
| Attention | Scott Eadie |

**Street Address of California Office of Corporation**

| | |
| :--- | :--- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| :--- | :--- | :--- |
| ➕ Scott Eadie | 440 N BARRANCA AVE #133 COVINA, CA 91723 | Chief Executive Officer, Chief Financial Officer, Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| :--- | :--- | :--- | :--- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| :--- | :--- |
| ➕ Scott Eadie | 440 N BARRANCA AVE #1331 COVINA, CA 91723 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| :--- | :--- |
| Agent Name | Scott Eadie |
| Agent Address | 440 N BARRANCA AVE #1331 COVINA, CA 91723 |

**Type of Business**

| | |
| :--- | :--- |
| Type of Business | Law Firm |

**Email Notifications**

| | |
| :--- | :--- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

174

An Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Scott Eadie*
_____
Signature

*10/24/2023*
_____
Date

B2203-2234 10/24/2023 12:27 PM Received by California Secretary of State

175

# EXHIBIT D



# EXHIBIT E

*6/12/23 Court hearing transcript pages*

33

1   law firm which has 48 confirmed clients and there is some

2   dispute as to whether or not those clients ever were in the

3   LPG, Oakstone, Gallant, Phoenix system or not.  Those 48

4   clients with an expected monthly ACH pull of roughly $15,000

5   are clients of a law firm that has a payroll -- according to

6   that law firm's director of human resources, they have a

7   payroll -- assuming the hourly employees only work one hour

8   a year, the payroll is $5.67 million a year or 565,000 a

9   month.

10          So in the last few weeks, the direction was given

11   to pull the LPG client money, and then the direction was

12   given for that money to go to Prime Logix or Maverick.  And

13   that money was used at those locations to either compensate

14   personnel at Greyson and/or personnel at Phoenix and/or a

15   series of other purposes that were detailed to the to the

16   Court.  The point of course being no rational person would

17   run a law firm at a $5-million annual human resources cost

18   with a current revenue of 15,000 a month and continue to

19   have the pulls come from the Chapter 11 Debtors' account on

20   behalf of Chapter 11 Debtor clients.  He wouldn't be

21   operating that law firm legitimately.

22          It does not appear -- and this is one thing I want

23   to credit the folks that are appearing on behalf of Greyson.

24   We are going to want to modify -- the trustee is going to

25   want to amend its complaint.  It does not appear that

*Briggs Reporting Company, Inc.*

34

1   Greyson is an alter ego.  I'll take it at face value that

2   it's not, and that the two parties that founded it decided

3   to found it just for the purpose of siphoning the money from

4   LPG, not as an alter ego of LPG, but as an attempt to

5   destroy LPG and/or Phoenix.

6          So I believe, your Honor, the point here is I'm

7   happy, very happy to have Greyson, to the extent that the

8   services they're providing are being provided legally, take

9   their 48 clients and pay back the hundreds of thousands of

10  dollars of LPG money that has been utilized by them to pay

11  their employees.

12         Now, you're going to hear from Greyson, that

13  they're upset at the trustee because they had a payroll that

14  they were hoping that would go out on June 2nd, and they had

15  a payroll they were hoping would go out this Friday.  And

16  you can explain to them as much as I have explained to them,

17  your order doesn't put the trustee in charge.  The order

18  enjoins the use of the money.  But the notion that they're

19  upset that their attempt to take that money, regardless of

20  who authorized them to do so, from LPG clients for the

21  purposes of paying the expenses of a myriad of employees.

22  You can see in Mr. Plazak's papers, there are a myriad of

23  employees that work there that they were hoping LPGs

24  authorization would pay.

25         So when we get to what the injunction should look

# DECLARATION OF SCOTT JAMES EADIE

I, SCOTT JAMES EADIE, declare:

1. I am an attorney in good standing, admitted to practice law in California from 1983 to present.  My CA state bar number is 108345.

2. From when Greyson Law Center, PC ("Greyson") was incorporated, on 5/12/23, at the California Secretary of State, as California professional corporation No. 5714736, to present, I have been the 100% stockholder of Greyson, and I have been the President of Greyson.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Articles of Incorporation of Greyson filed with the California Secretary of State on 5/12/23.  I am listed on those Articles of Incorporation as the Agent for Service of Process for Greyson Law Center PC, as follows:

> Agent for Service of Process
> Agent Name Scott Eadie
> Agent Address 555 ANTON BLVD
> 150
> COSTA MESA, CA 92626

4. On 5/12/23, and to present, the California Secretary of State has a free, publicly available website, https://www.sos.ca.gov, accessible on computer, where all California corporations can be searched.  If Trustee's attorneys, the Dinsmore firm, had searched, that website, before serving the dkt.176 Motion to Approve Stipulation, they would have found **Exhibit A**, listing me as agent for service of process, at the address stated in ¶3 immediately supra.

**DECLARATION OF SCOTT JAMES EADIE RE. NOT SERVED WITH DKT.176 MOTION AND NOT PHONED RE HEARING DATE**                                              1

adversary proceeding on 10/25/23 by The Bankruptcy Law Firm, PC.  However, Plazak had only appeared for Greyson in that adversary proceeding, and had **never appeared** for Greyson in the LPG main bankruptcy case.

9.  At the time the Dinsmore firm filed the dkt.176 Motion, on 7/6/23, the Dinsmore firm was well aware that Greyson was a party in interest in the LPG bankruptcy case, because in the 8:23-ap-01046-SC adversary proceeding, Dinsmore firm had moved for, and had obtained, the [dkt.13] Lockout and Preliminary Injunction Order, against Greyson, on 5/26/23, based on the false allegation that Greyson was an alter ego of debtor LPG.  The Dinsmore firm got that dkt.13 Order by filing a Motion under seal on 5/25/23, not served on Greyson or other target, and heard ex parte by the Court on 5/26/23.

10. When Dinsmore firm filed its dkt.176 Motion on 7/6/23, in the LPG main bankruptcy case, Dinsmore firm was required to serve that Motion on Greyson, by mailing that Motion to me, as Greyson's agent for service of process listed in Greyson's 5/12/23 Articles of Incorporation (**Exhibit A** hereto), at my address listed in the Articles of Incorporation.

11. I was NOT served with that dkt.176 Motion, on 7/6/23, or at any later time.  I was not served at my address listed as agent for service of process for Greyson in the Articles of Incorporation attached as Exhibit A hereto, or at my address listed in my California state bar profile (**Exhibit B** hereto).  I was not served at any Greyson address.

**DECLARATION OF SCOTT JAMES EADIE RE. NOT SERVED WITH DKT.176 MOTION AND NOT PHONED RE HEARING DATE**                                                     3

1    Motion for 7/11/23.

2

3      I declare under penalty of perjury that the foregoing is true and correct, and

4 that this Declaration is executed at Newport Beach, California on *March* ~~April~~ 27, 2024.

5

6                             SCOTT JAMES EADIE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

**DECLARATION OF SCOTT JAMES EADIE RE. NOT SERVED WITH DKT.176 MOTION AND NOT
PHONED RE HEARING DATE**             5

# EXHIBIT A




5714736



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**ARTICLES OF INCORPORATION**
**CA PROFESSIONAL CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: 5714736 |
| Date Filed: 5/12/2023 |

| Corporation Name | |
| --- | --- |
| Corporation Name | Greyson Law Center PC |

| Initial Street Address of Principal Office of Corporation | |
| --- | --- |
| Principal Address | 555 ANTON BLVD 150 COSTA MESA, CA 92626 |

| Initial Mailing Address of Corporation | |
| --- | --- |
| Mailing Address | 555 ANTON BLVD 150 COSTA MESA, CA 92626 |
| Attention | Scott Eadie |

| Agent for Service of Process | |
| --- | --- |
| Agent Name | Scott Eadie |
| Agent Address | 555 ANTON BLVD 150 COSTA MESA, CA 92626 |

**Shares**

The total number of shares the corporation is authorized to issue is: 100

Does the corporation have more than one class or series of shares? No

**Purpose Statement**

The purpose of the corporation is to engage in the profession of Law and any other lawful activities (other than the banking or trust company business) not prohibited to a corporation engaging in such profession by applicable laws and regulations. This corporation is a professional corporation within the meaning of California Corporations Code section 13400 et seq.

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

**Electronic Signature**

☒ By checking this box, I acknowledge that I am electronically signing this document as the incorporator of the Corporation and that all information is true and correct.

*Scott Eadie*                              *05/12/2023*

Incorporator Signature                    Date

185

B1750-2719 05/12/2023 11:54 AM Received by California Secretary of State

# EXHIBIT B

The State Bar *of California*

Log in  |  News  |  Forms  |  Contact

PUBLIC:   Need Legal Help  |  Complaints & Claims  |  Free Legal Information  |  Discipline  |  Public Trust Liaison  |  En español

Legal Specialist Search

Finding the Right Lawyer

Attorney Search

Provisionally Licensed Lawyers

Legal Guides

Lawyer Referral Service

Problem with a Lawyer

Select Language ▼

**Attorney Profile**

## Scott James Eadie #108345

License Status: Active

Address: 5000 Birch St Ste 3000, Newport Beach, CA 92660-2140
Phone: 949-221-9633  |  Fax: Not Available
Email: wrkcomp1@aol.com  |  Website: Not Available

More about This Attorney ▾

### License Status, Disciplinary and Administrative History

All changes of license status due to nondisciplinary administrative matters and disciplinary actions.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|--------------------------|
| Present | Active | | |
| 6/3/1983 | Admitted to the State Bar of California | | |

Additional Information:

- About the disciplinary system

Start New Search »

187

## **DECLARATION OF DOUGLAS PLAZAK, ESQ.**

I, DOUGLAS PLAZAK, ESQ., declare:

1. I am an attorney in good standing, admitted to practice law in California, and am admitted to US District Court and Bankruptcy Court, CD CA. I am a shareholder of Reid & Hellyer, APC ("Reid & Hellyer), the former counsel of Greyson Law Center PC ("Greyson), Han Trinh, and Phuong (aka Jayde) Trinh.

2. I make this Declaration in support of Greyson's <u>Reply</u> to Trustee Marshack's Opposition to Greyson's Motion [Dkt.676] for Allowance and Payment of Administrative Claim.

3. Reid & Hellyer was **never hired** to represent Greyson, Han Trinh or Phuong (aka Jayde) Trinh, or any other person or entity, in any motions or proceedings whatsoever in the main bankruptcy proceeding, 8:23-bk-10571-SC, of debtor Litigation Practice Group LP ("LPG").

4. Reid & Hellyer **never appeared** for Greyson, or for Han Trinh, or for Jayde Trinh, or for any other person or entity, in the LPG main bankruptcy proceeding, 8:23-bk-10571 concerning any matter. This can be confirmed by searching the pacer docket for the LPG main bankruptcy proceeding, 8:23-bk-10571-SC. Reid & Hellyer is not listed in the docket as representing any party in the LPG main bankruptcy proceeding, 8:23-bk-10571-SC.

5. I was one of the declarants on Greyson's Motion [dkt.676 in LPG main case docket] for allowance and payment of administrative claim, which

Greyson Motion was filed on November 17, 2023 in the main LPG bankruptcy

proceeding, 8:23-bk-1-571-SC.   However, Greyson's [dkt.676] Motion was <u>not</u>

filed by Reid & Hellyer.  It was filed by The Bankruptcy Law Firm, PC by

attorney Kathleen P. March, Esq. , as counsel for Greyson.  On November 17,

2023, March's firm additionally filed Han Trinh's [dkt.674] and Jayde Trinh's

[dkt.675] motions for allowance and payment of administrative claims, filed in

LPG's main bankruptcy case

6.  Reid & Hellyer was hired on June 8, 2023, to defend Greyson, Han

Trinh, Jayde Trinh, and Scott Eadie in adversary proceeding 8:23-ap-01046-SC

(*Trustee Marshack v. Tony Diab et al*), where Greyson was sued as one of the

many defendants.

7.   Reid & Hellyer represented Greyson, Han Trinh, and Jayde Trinh, as

defendants in adversary proceeding 8:23-ap-01046-SC (*Trustee Marshack v. Tony

Diab et al*) for a period of time in 2023. Reid & Hellyer's first action in that

adversary proceeding was filing Greyson's Opposition (including declarations)

[dkts.46, 47, and 48], on June 12, 2023, opposing the continuation of the Lockout

and Preliminary Injunction Order [dkt.13] that Trustee Marshack's attorneys,

Dinsmore & Shohl, LLP ("Dinsmore Firm"),  had obtained against Greyson and

many other defendants in the adversary proceeding. The Dinsmore Firm had filed

a Motion under seal, on May 25, 2023, with no notice to Greyson or other

defendants, and had obtained the May 26, 2023 [dkt.13] Lockout and Preliminary

Injunction Order at a Bankruptcy Court hearing in the adversary proceeding,  held

on May 25, 2023, that neither Greyson nor other defendants were given notice was

being held.

8.   I appeared for Greyson at the June 12, 2023, Court hearing in the

adversary proceeding, where Greyson opposed continuing the dkt.13 Order as to

Greyson,

9.     On July 18, 2023,  Reid & Hellyer filed an Answer [dkt89] on behalf

of defendants Greyson, Han Trinh and Jayde Trinh in the adversary proceeding.

On September 7, 2023, my firm filed a Status Report [dkt182], in the adversary

proceeding.

10.    The foregoing is every pleading and every appearance Reid & Hellyer

made in the adversary proceeding

11.    On September 11, 2023, [by dkt.195] Reid & Hellyer substituted out

from representing Han Trinh and Jayde Trinh in the adversary proceeding, with

The Bankruptcy Law Firm, PC, by attorney March,  substituting into the adversary

proceeding as counsel for Han Trinh and Jayde Trinh.  On October 25, 2023, [by

dkt.238] Reid & Hellyer substituted out from representing Greyson in the

adversary proceeding with The Bankruptcy Law Firm, PC, by Kathleen P. March,

Esq., substituting into the adversary proceeding as counsel for Greyson.

12.    On June 27, 2023 the Dinsmore Firm filed  a Stipulation [dkt.77] titled

"Stipulation for Judgment (1) Avoiding, Recovering, and Preserving Transfers to

Defendant, Phoenix Law Group, Inc.; (2) Turning Over of All Transferred Property to Trustee; and (3) Dismissing Without Prejudice Defendants William Taylor Carss And Maria Eeya Tan." This Stipulation was filed in the adversary proceeding. There was no hearing date on the Stipulation, and it stated, at ¶6 of p.4 of Stipulation that no Rule 9019 Motion was being filed, but that "Should the Court require such a motion prior to entering judgment pursuant to this Stipulation, Trustee shall promptly file and seek such approval on an expedited basis." I was not concerned about the Stipulation between plaintiff Trustee and three of the many defendants to the adversary proceeding because a Stipulation cannot not change or reduce rights of persons/entities that are not a party to the Stipulation. Trustee's attorneys never filed any pleading in the adversary proceeding saying Trustee was seeking to have the Bankruptcy Court enter an order to the effect that the Dkt.77 Stipulation was binding on all parties in the LPG bankruptcy case. The adversary proceeding pacer docket shows no such pleading was filed in the adversary proceeding—no motion to compromise, no motion whatsoever on that subject.

13.    Reid & Hellyer only loosely monitored the pleadings filed in the main LPG bankruptcy case because Reid & Hellyer was only retained to represent specific parties in the one adversary proceeding and was not hired or paid to do anything in the main LPG bankruptcy case docket. There are over 1000 docket entries in the main LPG bankruptcy case docket. An attorney hired to defend a

particular defendant in an adversary proceeding is not representing that particular

defendant with respect to the (here over 1000) docketed items filed in the main

bankruptcy case. That is not the law and neither the Trustee nor the Dinsmore

Firm could have reasonably believed otherwise.

14. Contrary to the Stipulation's [dkt.77] language, the Dinsmore Firm

filed a Motion to Approve Compromise in the main LPG bankruptcy case docket.

That Motion is dkt.176 in the main LPG bankruptcy case docket, filed July 6,

2023.

15. The dkt.176 Motion was apparently e-served upon Reid & Hellyer by

the Court efiling system at the time the dkt.176 Motion was filed in the main LPG

bankruptcy case. However, the dkt.176 Motion being e-served on Reid & Hellyer

did **not constitute valid service** of the Motion on Greyson, or on Han Trinh, or on

Jayde Trinh, because Reid & Hellyer had never appeared on anything in the main

LPG bankruptcy case and never represented any of Greyson, Han Trinh or Jayde

Trin in the main LPG bankruptcy case at any time.

16. To the contrary, Han Trinh and Jayde Trinh each appeared pro se

(without attorney) in the LPG main bankruptcy case by each of them filing Proofs

of Claim, pro se (no attorney) on June 20, 2023. Han Trinh's Proof of Claim is

Claims Register claim 79-1 in the LPG main bankruptcy case claims register.

Phuong (aka Jayde) Trinh's Proof of Claim is Claims Register Claim 75-1 in the

LPG main bankruptcy case claims register. Both those pro se proofs of claim were

filed before the July 26, 2023, the date on which  the Dinsmore Firm filed dkt.176,

the Motion to Compromise, in the main LPG bankruptcy case.

17.    FRBP Rule 2002(a)(3) requires that all creditors be served with a

Motion to Compromise, unless the court for cause, orders otherwise.  There is

nothing in the LPG bankruptcy case docket "ordering otherwise".

18.    Therefore, proper service of  Han Trinh and Jayde Trinh with the

dkt.176 Motion to Compromise required the Dinsmore Firm to serve Han Trinh

and Jayde Trinh, pro se, by mailing the dkt.176 Motion to each of them, to the

address listed on their pro se Proofs of Claim. The Proof of Service to the dkt.176

Motion does not reflect such service upon Han Trinh or Jayde Trinh.

19.    Greyson had been sued as a defendant in adversary proceeding 8:23-

ap-01046-SC, filed on May 25, 2023.   ¶18 of Trustee's adversary proceeding

complaint [dkt.1 in adv proc docket] states that:  "18. Defendant Greyson Law

Center  PC ("Greyson") is, and at all material times was, a professional

corporation organized, exiting, and in good standing under the laws of the State of

California, with its principal place of business in Costa Mesa, California."

20.    Greyson had not, as of July 6, 2023,  appeared in the LPG main

bankruptcy case.   To validly serve Greyson with the dkt.176 Motion to

Compromise, the Dinsmore Firm was required to mail the dkt.176 motion to

Greyson's agent for service listed on the California Secretary of State official,

publicly accessible, website, https://www.sos.ca.gov  Attached hereto as **Exhibit**

**A**, printed from the official California Secretary of State website, is Greyson's

Articles of Incorporation, filed May 12, 2023, which lists Scott Eadie as Greyson's

agent for service of process, at 555 ANTON BLVD, 150, COSTA MESA, CA

92626.

21.    Service upon only Reid & Hellyer of the dkt.176 Motion to

Compromise did not constitute valid service of the Motion to Compromise upon

Greyson because Reid & Hellyer was not representing Greyson in the main LPG

bankruptcy case and Reid & Hellyer was not authorized, or even impliedly

authorized, to accept service of dkt.176—a Motion filed only in the main LPG

bankruptcy case, and NOT filed in the adversary proceeding--on behalf of

Greyson.

22.    The Claims register in the LPG main bankruptcy case shows that

before July 6, 2023, over 100 creditors had filed Proofs of Claim.  **Exhibit B**

hereto is those pages of the LPG bankruptcy case claims register showing over 100

creditors which had filed Proofs of claims before July 6, 2023.  Per FRBP Rule

2002(a)(3), all those 100+ creditors were required to be served with the dkt.176

Motion to Compromise.

23.    The proof of service to the dkt.176 Motion to compromise shows that

when that Motion was filed on July 6, 2023, it was only served on parties to the

adversary proceeding, and was not served on " parties in interest" or on the 100+

creditors who had filed proofs of claims before July 6, 2023.

24.    Attached hereto as **Exhibit C** is dkt.180, which is a true and correct copy of the Bankruptcy Court's Order granting shortened time hearing of Trustee's dkt.176 Motion to Compromise with Phoenix, Carss and Tan.  The dkt.180 Order requires movant (Trustee by Dinsmore firm) to give phone notice of shortened time hearing, to "all interested parties" and to "all creditors",  and requires emailing the Motion [dkt.176] to compromise with Phoenix, Carss and Tan to "all parties in interest" and to "all creditors".  The Court's Notice of Entry [dkt.193] of the dkt.180 Order only serves persons in the adversary proceeding, and does not serve "all interested parties" or "all creditors".

25.    The Declaration [dkt.199] of Trustee atty Serrano [**Exhibit D** hereto] says Serrano phoned 18 [of over 100 creditors] and says he emailed the Motion[dkt.176] to compromise to all creditors, but there is no list of all creditors Serrano phoned, attached to that Declaration, so there is no list of creditors' emails that Serrano emailed the Motion to, attached to that Declaration. Nor does Serrano's email claim to have phoned, or emailed the motion to any "parties in interest", much less to "all parties in interest", as required by the dkt.180 Order shortening time for hearing on the dkt.176 Motion to compromise.

26.    No one phoned Reid & Hellyer saying the dkt.176 Motion would be heard on July 11, 2023.

27.    A bare allegation of service in Serrano's Declaration, without attaching the list of the emails showing which (if any) of the 100 plus creditors

Serrano emailed the dkt.176 Motion to, as required by the Court's Order [dkt.180]

granting shortened time hearing on the dkt.176 Motion, is inadequate to prove any

creditors—much less all creditors--were served with the Motion [dkt.176] to

compromise.  Serrano's Declaration does not claim to have phoned or email served

any of the "all parties in interest" with the dkt.176 Motion to Compromise, or to

have told them the hearing was on July 11, 2023.

28.    Greyson is not bound by the Order [dkt.365, entered August 7, 2023,

in the LPG main bankruptcy case, granting Trustee's dkt.176 Motion to

Compromise because Greyson was not validly served with the dkt.176 Motion.

29.    Serving the Order would not remedy failure to validly serve the

dkt.176 Motion.  But it does not appear the dkt.365 Order granting the dkt.176

Motion to Compromise with Phoenix, Carss, Tan was served on any of the "all

parties in interest" or on the 100+ creditors who had filed claims.  The Notice of

Entry [dkt.372] on the dkt.365 Order only shows service on debtor LPG, and not

on anyone else.  A true and correct copy of the dkt.372 Notice of Entry is attached

as (copy attached hereto as **Exhibit E**)  hereto.

I declare under penalty of perjury that the foregoing is true and correct and

that this Declaration is executed at _Riverside_, California on

_March 20_ , 2024.

_____

DOUGLAS PLAZAK, ESQ.

# EXHIBIT A

5714736



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**ARTICLES OF INCORPORATION
CA PROFESSIONAL CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: 5714736

Date Filed: 5/12/2023

| Corporation Name | |
|---|---|
| Corporation Name | Greyson Law Center PC |

| Initial Street Address of Principal Office of Corporation | |
|---|---|
| Principal Address | 555 ANTON BLVD<br>150<br>COSTA MESA, CA 92626 |

| Initial Mailing Address of Corporation | |
|---|---|
| Mailing Address | 555 ANTON BLVD<br>150<br>COSTA MESA, CA 92626 |
| Attention | Scott Eadie |

| Agent for Service of Process | |
|---|---|
| Agent Name | Scott Eadie |
| Agent Address | 555 ANTON BLVD<br>150<br>COSTA MESA, CA 92626 |

**Shares**

The total number of shares the corporation is authorized to issue is: 100

Does the corporation have more than one class or series of shares? No

**Purpose Statement**

The purpose of the corporation is to engage in the profession of Law and any other lawful activities (other than the banking or trust company business) not prohibited to a corporation engaging in such profession by applicable laws and regulations. This corporation is a professional corporation within the meaning of California Corporations Code section 13400 et seq.

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

**Electronic Signature**

☒ By checking this box, I acknowledge that I am electronically signing this document as the incorporator of the Corporation and that all information is true and correct.

*Scott Eadie*                                          *05/12/2023*

Incorporator Signature                              Date

B1750-2719 05/12/2023 11:54 AM Received by California Secretary of State

# EXHIBIT B

# Central District of California
# Claims Register

### 8:23-bk-10571-SC The Litigation Practice Group P.C.

**Judge:** Scott C Clarkson      **Chapter:** 11

**Office:** Santa Ana      **Last Date to file claims:**

**Trustee:** Richard A Marshack (TR)      **Last Date to file (Govt):**

| | | |
|---|---|---|
| *Creditor:*    (41472820)<br>STATE OF NEVADA DEPARTMENT OF<br>TAXATION<br>700 E WARM SPRINGS RD STE 200<br>LAS VEGAS, NV 89119 | **Claim No: 1**<br>*Original Filed Date*: 03/27/2023<br>*Original Entered Date*: 03/27/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Mixaly M Arambula<br>*Modified:* |

  Amount claimed: $3344.99

  Priority claimed: $3044.99

*History:*

| | | |
|---|---|---|
| Details | 🌐 1-1 | 03/27/2023 Claim #1 filed by STATE OF NEVADA DEPARTMENT OF TAXATION, Amount claimed: $3344.99 (Arambula, Mixaly) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (41469161)<br>Internal Revenue Service (IRS)<br>Internal Revenue Service<br>Ogden, UT 84201 | **Claim No: 2**<br>*Original Filed Date*: 03/29/2023<br>*Original Entered Date*: 03/29/2023<br>*Last Amendment Filed*: 12/13/2023<br>*Last Amendment Entered*: 12/13/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Timothy C Schakow<br>*Modified:* |

  Amount claimed: $958754.88

  Secured claimed:      $0.00

  Priority claimed: $946833.46

*History:*

| | | |
|---|---|---|
| Details | 🌐 2-1 | 03/29/2023 Claim #2 filed by Internal Revenue Service (IRS), Amount claimed: $1139905.76 (Schakow, Timothy) |
| Details | 🌐 2-2 | 05/01/2023 Amended Claim #2 filed by Internal Revenue Service (IRS), Amount claimed: $1050799.56 (Schakow, Timothy) |
| Details | 🌐 2-3 | 12/13/2023 Amended Claim #2 filed by Internal Revenue Service (IRS), Amount claimed: $958754.88 (Schakow, Timothy) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (41482684)<br>Indiana Department of Revenue<br>100 N. Senate Ave<br>Indianapolis, IN 46204 | **Claim No: 3**<br>*Original Filed Date*: 03/30/2023<br>*Original Entered Date*: 03/30/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* AUTP<br>*Modified:* |

  Amount claimed: $5648.22

  Priority claimed: $5135.90

*History:*

| | | |
|---|---|---|
| Details | 🌐 3-1 | 03/30/2023 Claim #3 filed by Indiana Department of Revenue, Amount claimed: $5648.22 (AUTP) |

*Description:*

*Remarks:* (3-1) Account Number (last 4 digits):1237

200

*Creditor:*    (41487966)
GHA Technologies Inc
8998 E Raintree Dr
Scottsdale, AZ 85260

**Claim No: 4**
*Original Filed Date*: 04/03/2023
*Original Entered Date*: 04/03/2023

*Status:*
*Filed by:* CR
*Entered by:* SD8
*Modified:*

  Amount claimed: $7861.98

*History:*

*Details* ● | 4-1 | 04/03/2023 Claim #4 filed by GHA Technologies Inc, Amount claimed: $7861.98 (SD8)

*Description:* (4-1) Computer Hardware
*Remarks:*

---

*Creditor:*    (41488006)
Jane Ann Dearwester
P.O. Box 7084
Asheville, NC 28802

**Claim No: 5**
*Original Filed Date*: 04/03/2023
*Original Entered Date*: 04/03/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

  Amount claimed: $41085.41

  Priority  claimed: $15150.00

*History:*

*Details* ● | 5-1 | 04/03/2023 Claim #5 filed by Jane Ann Dearwester, Amount claimed: $41085.41 (AUTP)

*Description:*
*Remarks:*

---

*Creditor:*    (41489974)
MDL Group c/o Executive Center LLC
5960 South Jones Boulevard
Las Vegas, NV 89118

**Claim No: 6**
*Original Filed Date*: 04/05/2023
*Original Entered Date*: 04/05/2023

*Status:*
*Filed by:* CR
*Entered by:* NB8
*Modified:*

  Amount claimed: $614711.64

*History:*

*Details* ● | 6-1 | 04/05/2023 Claim #6 filed by MDL Group c/o Executive Center LLC, Amount claimed: $614711.64 (NB8)

*Description:*
*Remarks:*

---

*Creditor:*    (41490422)
LHH RS
c/o Steven Rebidas
4800 Deerwood Campus Parkway
BLDG 800
Jacksonville FL 32246

**Claim No: 7**
*Original Filed Date*: 04/05/2023
*Original Entered Date*: 04/05/2023

*Status:*
*Filed by:* CR
*Entered by:* CS
*Modified:*

  Amount claimed: $10002.69

*History:*

*Details* ● | 7-1 | 04/05/2023 Claim #7 filed by LHH RS, Amount claimed: $10002.69 (CS)

*Description:*
*Remarks:*

---

*Creditor:*    (41491059)
April Riedy
3949 Clubview Avenue
West Bloomfield Township, MI 48324-3949

**Claim No: 8**
*Original Filed Date*: 04/06/2023
*Original Entered Date*: 04/06/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

*History:*
*Details* ● | 8-1 | 04/06/2023 Claim #8 filed by April Riedy, Amount claimed: $27059.25 (AUTP)

*Description:*
*Remarks:*

201

Amount claimed: $27059.25

*History:*

[Details] ⬤ [8-1] 04/06/2023 Claim #8 filed by April Riedy, Amount claimed: $27059.25 (AUTP)

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*    (41491904) | **Claim No: 9** | *Status:* |
| Marc LeMauviel | *Original Filed Date:* 04/07/2023 | *Filed by:* CR |
| 326 Macneil Way | *Original Entered Date:* 04/07/2023 | *Entered by:* AUTP |
| Weaverville, NC 28787-326 | | *Modified:* |

Amount claimed: $4095.00

*History:*

[Details] ⬤ [9-1] 04/07/2023 Claim #9 filed by Marc LeMauviel, Amount claimed: $4095.00 (AUTP)

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*    (41491910) | **Claim No: 10** | *Status:* |
| American Express National Bank | *Original Filed Date:* 04/07/2023 | *Filed by:* CR |
| c/o Becket and Lee LLP | *Original Entered Date:* 04/07/2023 | *Entered by:* Greg Deegan |
| PO Box 3001 | | *Modified:* |
| Malvern PA 19355-0701 | | |

Amount claimed: $87198.67

*History:*

[Details] ⬤ [10-1] 04/07/2023 Claim #10 filed by American Express National Bank, Amount claimed: $87198.67 (Deegan, Greg)

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*    (41493348) | **Claim No: 11** | *Status:* |
| Forth Technology, Inc. | *Original Filed Date:* 04/10/2023 | *Filed by:* CR |
| 1900 E. Golf Road | *Original Entered Date:* 04/10/2023 | *Entered by:* AUTP |
| Suite 550 | | *Modified:* |
| Schaumburg, IL 60173-1900 | | |

Amount claimed: $207057.50

*History:*

[Details] ⬤ [11-1] 04/10/2023 Claim #11 filed by Forth Technology, Inc., Amount claimed: $207057.50 (AUTP)

*Description:*

*Remarks:* (11-1) Account Number (last 4 digits):2480

---

| | | |
|---|---|---|
| *Creditor:*    (41495901) | **Claim No: 12** | *Status:* |
| Laura Ceva | *Original Filed Date:* 04/12/2023 | *Filed by:* CR |
| 280 Black Oak Cove Road | *Original Entered Date:* 04/12/2023 | *Entered by:* AUTP |
| Candler, NC 28715 | | *Modified:* |

Amount claimed: $8430.42

Priority  claimed: $8430.42

*History:*

[Details] ⬤ [12-1] 04/12/2023 Claim #12 filed by Laura Ceva, Amount claimed: $8430.42 (AUTP)

*Description:*

*Remarks:*

202

*Creditor:* (41498132)
Cory Reade Dows and Shafer
1333 N Buffalo Drive
Suite 210
Las Vegas, NV 89128

**Claim No: 13**
*Original Filed Date:* 04/13/2023
*Original Entered Date:* 04/13/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

 Amount claimed: $67061.67

*History:*

[Details]  🌐  [13-1]  04/13/2023 Claim #13 filed by Cory Reade Dows and Shafer, Amount claimed: $67061.67 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:* (41500356)
Jessica Jarboe
PO BOX 4392
KINGMAN AZ 86402
Kingman, AZ 86402

**Claim No: 14**
*Original Filed Date:* 04/17/2023
*Original Entered Date:* 04/17/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

 Amount claimed: $5300.00

*History:*

[Details]  🌐  [14-1]  04/17/2023 Claim #14 filed by Jessica Jarboe, Amount claimed: $5300.00 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:* (41501020)
Firas Abunada
18927 Hickory Creek Drive, Suite 115
Mokena, IL 60448

**Claim No: 15**
*Original Filed Date:* 04/18/2023
*Original Entered Date:* 04/18/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

 Amount claimed: $66063.46
 Priority  claimed: $15150.00

*History:*

[Details]  🌐  [15-1]  04/18/2023 Claim #15 filed by Firas Abunada, Amount claimed: $66063.46 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:* (41502874)
Christine Johnson
7807 171st Place
Tinley Park, IL 60477-7807

**Claim No: 16**
*Original Filed Date:* 04/19/2023
*Original Entered Date:* 04/19/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

 Amount claimed: $2618.11
 Priority  claimed: $2618.11

*History:*

[Details]  🌐  [16-1]  04/19/2023 Claim #16 filed by Christine Johnson, Amount claimed: $2618.11 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:* (41469184)
Outsource Accelerator Ltd
City Marque Limited, Unit 8801-2

**Claim No: 17**
*Original Filed Date:* 04/19/2023

*Status:*
*Filed by:* CR

*History:*

[Details]  🌐  [17-1]  04/19/2023 Claim #17 filed by Outsource Accelerator Ltd, Amount claimed: $306237.78 (Shankman,
                 Paul)

*Description:*

*Remarks:*

203

Bldg 244-248 Des Voeux Rd  
Central Hong Kong  *Original Entered Date*: 04/19/2023  *Entered by*: Paul R Shankman  
*Modified*:

  Amount claimed: $306237.78

*History*:

| | | |
|---|---|---|
| **Details** ⊙ | 17-1 | 04/19/2023 Claim #17 filed by Outsource Accelerator Ltd, Amount claimed: $306237.78 (Shankman, Paul) |

*Description*:  
*Remarks*:

---

*Creditor*: (41510860)  
JACLYN GOMEZ  
109 Tottenham Lane  
Elk Grove Village, IL 60007

**Claim No: 18**  
*Original Filed Date*: 04/20/2023  
*Original Entered Date*: 04/20/2023

*Status*:  
*Filed by*: CR  
*Entered by*: AUTP  
*Modified*:

  Amount claimed: $2793.79  
  Priority claimed: $2793.79

*History*:

| | | |
|---|---|---|
| **Details** ⊙ | 18-1 | 04/20/2023 Claim #18 filed by JACLYN GOMEZ, Amount claimed: $2793.79 (AUTP) |

*Description*:  
*Remarks*:

---

*Creditor*: (41511114)  
Brittany Weston, Esq.  
3070 Bristol Pike, Suite 1-115  
Bensalem, PA 19020

**Claim No: 19**  
*Original Filed Date*: 04/20/2023  
*Original Entered Date*: 04/20/2023

*Status*:  
*Filed by*: CR  
*Entered by*: AUTP  
*Modified*:

  Amount claimed: $1650.00  
  Priority claimed: $1650.00

*History*:

| | | |
|---|---|---|
| **Details** ⊙ | 19-1 | 04/20/2023 Claim #19 filed by Brittany Weston, Esq., Amount claimed: $1650.00 (AUTP) |

*Description*:  
*Remarks*:

---

*Creditor*: (41512303)  
Jordan Michael Kurth  
205 Walnut Drive  
Eighty Four, PA 15330

**Claim No: 20**  
*Original Filed Date*: 04/21/2023  
*Original Entered Date*: 04/21/2023

*Status*:  
*Filed by*: CR  
*Entered by*: AUTP  
*Modified*:

  Amount claimed: $17370.53  
  Priority claimed: $10645.29

*History*:

| | | |
|---|---|---|
| **Details** ⊙ | 20-1 | 04/21/2023 Claim #20 filed by Jordan Michael Kurth, Amount claimed: $17370.53 (AUTP) |

*Description*:  
*Remarks*:

---

*Creditor*: (41514180)  
Arkansas Department of Finance and Administration  
Revenue Legal Counsel

**Claim No: 21**  
*Original Filed Date*: 04/24/2023  
*Original Entered Date*: 04/24/2023

*Status*:  
*Filed by*: CR  
*Entered by*: AUTP  
*Modified*:

*History*:

| | | |
|---|---|---|
| **Details** ⊙ | 21-1 | 04/24/2023 Claim #21 filed by Arkansas Department of Finance and Administration, Amount claimed: $6357.40 (AUTP) |

*Description*:  
*Remarks*: (21-1) Account Number (last 4 digits):5343

204

P.O. Box 1272, Rm. 2380
Little Rock, AR 72203-1272

  Amount claimed: $6357.40
  Priority  claimed: $4222.77

*History:*
  Details   ⚫   21-1   04/24/2023 Claim #21 filed by Arkansas Department of Finance and Administration, Amount claimed: $6357.40 (AUTP)

*Description:*
*Remarks:* (21-1) Account Number (last 4 digits):5343

---

*Creditor:*   (41518261)      **Claim No: 22**      *Status:*
Mississippi Department of Revenue    *Original Filed Date*: 04/27/2023    *Filed by:* CR
ATTN: Bankruptcy Section      *Original Entered Date*: 04/27/2023    *Entered by:* AUTP
P. O. Box 22808      *Modified:*
Jackson, MS 39225-2808

  Amount claimed: $2698.00
  Priority  claimed: $2698.00

*History:*
  Details   ⚫   22-1   04/27/2023 Claim #22 filed by Mississippi Department of Revenue, Amount claimed: $2698.00 (AUTP)

*Description:*
*Remarks:* (22-1) Account Number (last 4 digits):5343

---

*Creditor:*   (41518411)      **Claim No: 23**      *Status:*
Unified Global Research Group    *Original Filed Date*: 04/27/2023    *Filed by:* CR
1660 HOTEL CIR N STE S620    *Original Entered Date*: 04/27/2023    *Entered by:* AUTP
SAN DIEGO, CA 92108      *Modified:*

  Amount claimed: $6155125.60
  Priority  claimed: $1490251.84

*History:*
  Details   ⚫   23-1   04/27/2023 Claim #23 filed by Unified Global Research Group, Amount claimed: $6155125.60 (AUTP)

*Description:*
*Remarks:*

---

*Creditor:*   (41520952)      **Claim No: 24**      *Status:*
Ashley Glockner      *Original Filed Date*: 04/28/2023    *Filed by:* CR
369 W bay street      *Original Entered Date*: 04/28/2023    *Entered by:* AUTP
Unit D      *Modified:*
Costa Mesa, CA 92627

  Amount claimed: $10736.40

*History:*
  Details   ⚫   24-1   04/28/2023 Claim #24 filed by Ashley Glockner, Amount claimed: $10736.40 (AUTP)

*Description:*
*Remarks:*

---

*Creditor:*   (41524158)      **Claim No: 25**      *Status:*
The Bankruptcy Estate of    *Original Filed Date*: 05/01/2023    *Filed by:* CR
Steven Robert Verzal      *Original Entered Date*: 05/01/2023    *Entered by:* CS
1251 North Eddy Street      *Modified:*

*History:*
  Details   ⚫   25-1   05/01/2023 Claim #25 filed by The Bankruptcy Estate of, Amount claimed: $2350.00 (CS)

*Description:*
*Remarks:*

205

Suite 203
South Bend IN 46617

Amount claimed: $2350.00

*History:*

Details ⦿ 25-1  05/01/2023 Claim #25 filed by The Bankruptcy Estate of, Amount claimed: $2350.00 (CS)

*Description:*
*Remarks:*

---

*Creditor:*      (41469195)
Utah State Tax Commission
210 N 1950 W
Salt Lake City, UT 84134

**Claim No: 26**
*Original Filed Date:* 05/03/2023
*Original Entered Date:* 05/03/2023
*Last Amendment Filed:* 11/24/2023
*Last Amendment Entered:* 11/24/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:* 11/24/2023

Amount claimed: $13190.53
Priority  claimed:  $2055.69

*History:*

Details ⦿ 26-1  05/03/2023 Claim #26 filed by Utah State Tax Commission, Amount claimed: $2334.90 (AUTP)
Details ⦿ 26-2  11/24/2023 Amended Claim #26 filed by Utah State Tax Commission, Amount claimed: $13190.53 (AUTP)

*Description:*
*Remarks:* (26-1) Account Number (last 4 digits):5343
(26-2) Account Number (last 4 digits):5343

---

*Creditor:*      (41527185)
Paola Gomez
19542 Pompano Ln
103
Huntington Beach, CA 92648

**Claim No: 27**
*Original Filed Date:* 05/04/2023
*Original Entered Date:* 05/04/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

Amount claimed: $9078.48

*History:*

Details ⦿ 27-1  05/04/2023 Claim #27 filed by Paola Gomez, Amount claimed: $9078.48 (AUTP)

*Description:*
*Remarks:*

---

*Creditor:*      (41528397)
Miguel A Zuanabar Jr
812 Sumner Street
Addison, IL 60101

**Claim No: 28**
*Original Filed Date:* 05/05/2023
*Original Entered Date:* 05/05/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

Amount claimed: $16870.53

*History:*

Details ⦿ 28-1  05/05/2023 Claim #28 filed by Miguel A Zuanabar Jr, Amount claimed: $16870.53 (AUTP)

*Description:*
*Remarks:* (28-1) Filer Comment: Need this money back asap

---

*Creditor:*      (41469151)
Exela Enterprise Solutions
2701 E. Grauwyler Road
Irving, TX 75061

**Claim No: 29**
*Original Filed Date:* 05/08/2023
*Original Entered Date:* 05/08/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

*History:*

Details ⦿ 29-1  05/08/2023 Claim #29 filed by Exela Enterprise Solutions, Amount claimed: $157314.57 (AUTP)

*Description:*
*Remarks:*

Amount claimed: $157314.57

*History:*

Details ⚫ 29-1 05/08/2023 Claim #29 filed by Exela Enterprise Solutions, Amount claimed: $157314.57 (AUTP)

*Description:*
*Remarks:*

---

*Creditor:* (41529504)          **Claim No: 30**                    *Status:*
Heba Qandeel-Kishta             *Original Filed Date*: 05/08/2023  *Filed by:* CR
7625 Brookside Glen Drive       *Original Entered Date*: 05/08/2023 *Entered by:* AUTP
Tinley Park, IL 60487                                              *Modified:*

  Amount claimed: $7771.86

  Priority  claimed: $7771.86

*History:*

Details ⚫ 30-1 05/08/2023 Claim #30 filed by Heba Qandeel-Kishta, Amount claimed: $7771.86 (AUTP)

*Description:*
*Remarks:*

---

*Creditor:* (41469143)          **Claim No: 31**                    *Status:*
Debra Price                     *Original Filed Date*: 05/09/2023  *Filed by:* CR
c/o Robert Cocco                *Original Entered Date*: 05/09/2023 *Entered by:* Matthew E Faler
1500 Walnut St, Ste 900                                           *Modified:*
Philadelphia, PA 19102

  Amount claimed: $50000.00

*History:*

Details ⚫ 31-1 05/09/2023 Claim #31 filed by Debra Price, Amount claimed: $50000.00 (Faler, Matthew)

*Description:*
*Remarks:*

---

*Creditor:* (41469152)          **Claim No: 32**                    *Status:*
First Legal Network, LLC        *Original Filed Date*: 05/10/2023  *Filed by:* CR
PO Box 743451                   *Original Entered Date*: 05/10/2023 *Entered by:* AUTP
Los Angeles, CA 90074                                             *Modified:*

  Amount claimed: $36792.63

*History:*

Details ⚫ 32-1 05/10/2023 Claim #32 filed by First Legal Network, LLC, Amount claimed: $36792.63 (AUTP)

*Description:*
*Remarks:* (32-1) Account Number (last 4 digits):8398

---

*Creditor:* (41532403)          **Claim No: 33**                    *Status:*
California Dept. of Tax and Fee  *Original Filed Date*: 05/10/2023  *Filed by:* CR
Administration                  *Original Entered Date*: 05/10/2023 *Entered by:* Marcelina Cortez
Collections Support Bureau, MIC: 55 *Last Amendment Filed*: 07/05/2023 *Modified:*
PO Box 942879                   *Last Amendment Entered*: 07/05/2023
Sacramento, CA 942879-0055

  Amount claimed: $2600.48

*History:*

Details ⚫ 33-1 05/10/2023 Claim #33 filed by California Dept. of Tax and Fee Administration, Amount claimed: $2600.48
                (Cortez, Marcelina)

Details ⚫ 33-2 07/05/2023 Amended Claim #33 filed by California Dept. of Tax and Fee Administration, Amount
                claimed: $2600.48 (Cortez, Marcelina)

*Description:*
*Remarks:*

207

Priority claimed: $2600.48

*History:*

| Details | ● | 33-1 | 05/10/2023 Claim #33 filed by California Dept. of Tax and Fee Administration, Amount claimed: $2600.48 (Cortez, Marcelina) |
| Details | | 33-2 | 07/05/2023 Amended Claim #33 filed by California Dept. of Tax and Fee Administration, Amount claimed: $2600.48 (Cortez, Marcelina) |

*Description:*
*Remarks:*

---

*Creditor:*     (41533010)
Angela Denise Blair
8711 HAYSHED LN
APT 24
COLUMBIA, MD 21045-2849

  Amount claimed: $1387.72

**Claim No: 34**
*Original Filed Date*: 05/11/2023
*Original Entered Date*: 05/11/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

*History:*

| Details | ● | 34-1 | 05/11/2023 Claim #34 filed by Angela Denise Blair, Amount claimed: $1387.72 (AUTP) |

*Description:*
*Remarks:* (34-1) Account Number (last 4 digits):1247

---

*Creditor:*     (41533045)
Kari B. Coniglio, Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114
*No amounts claimed*

**Claim No: 35**
*Original Filed Date*: 05/11/2023
*Original Entered Date*: 05/11/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

*History:*

| Details | ● | 35-1 | 05/11/2023 Claim #35 filed by Kari B. Coniglio, Chapter 7 Trustee, Amount claimed: (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:*     (41537100)
Salvatore Porcaro
72 Dorset Drive
Clark, NJ 07066

  Amount claimed: $6115.96

**Claim No: 36**
*Original Filed Date*: 05/15/2023
*Original Entered Date*: 05/15/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:*

*History:*

| Details | ● | 36-1 | 05/15/2023 Claim #36 filed by Salvatore Porcaro, Amount claimed: $6115.96 (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:*     (41540320)   History
John Ray Soriano
37650 W San Capistrano Ave
Maricopa, AZ 85138

  Amount claimed: $7000.00

**Claim No: 37**
*Original Filed Date*: 05/18/2023
*Original Entered Date*: 05/18/2023

*Status:*
*Filed by:* CR
*Entered by:* AM
*Modified:*

*History:*

| Details | ● | 37-1 | 05/18/2023 Claim #37 filed by John Ray Soriano, Amount claimed: $7000.00 (AM) |

*Description:* (37-1) Services
*Remarks:*

208

Creditor:        (41541255)
Melissa L. and Shiva L. Sooknanan
1584 Apache Way
Clarksville, TN 37042-8178

Claim No: 38

Original Filed Date: 05/18/2023
Original Entered Date: 05/18/2023

Status:

Filed by: CR
Entered by: NB8
Modified:

  Amount claimed: $9163.22

  Priority  claimed: $9163.22

*History:*

Details   ◉   38-1   05/18/2023 Claim #38 filed by Melissa L. and Shiva L. Sooknanan, Amount claimed: $9163.22 (NB8)

*Description:*
*Remarks:*

Creditor:        (41541255)
Melissa L. and Shiva L. Sooknanan
1584 Apache Way
Clarksville, TN 37042-8178

Claim No: 39

Original Filed Date: 05/18/2023
Original Entered Date: 05/18/2023

Status:

Filed by: CR
Entered by: NB8
Modified:

  Amount claimed: $9163.22

  Priority  claimed: $9163.22

*History:*

Details   ◉   39-1   05/18/2023 Claim #39 filed by Melissa L. and Shiva L. Sooknanan, Amount claimed: $9163.22 (NB8)

*Description:*
*Remarks:*

Creditor:        (41543863)
Arven Allen Knight
1805 23rd St SE Apt 252B
Washington DC 20020

Claim No: 40

Original Filed Date: 05/22/2023
Original Entered Date: 05/22/2023

Status:

Filed by: CR
Entered by: VN
Modified:

  Amount claimed: $5500.00

  Priority  claimed: $5500.00

*History:*

Details   ◉   40-1   05/22/2023 Claim #40 filed by Arven Allen Knight, Amount claimed: $5500.00 (VN)

*Description:* (40-1) #4165; FEIN 83-38853443
*Remarks:* (40-1) LPG Was to help me settle debt and did not satisfy the aggreement.

Creditor:        (41543897)
John Charles Porter
308 South Ramsey St
Manchester TN 37355

Claim No: 41

Original Filed Date: 05/22/2023
Original Entered Date: 05/22/2023

Status:

Filed by: CR
Entered by: VN
Modified:

  Amount claimed: $7443.00

*History:*

Details   ◉   41-1   05/22/2023 Claim #41 filed by John Charles Porter, Amount claimed: $7443.00 (VN)

*Description:* (41-1) Money owned per contract paid off a 24K Loan LPG was trying to invalidate
*Remarks:*

Creditor:        (41545267)
Steve Malu
2582 Se 18th Ave
Gainesville FL 32641

Claim No: 42

Original Filed Date: 05/23/2023
Original Entered Date: 05/23/2023

Status:

Filed by: CR
Entered by: VN
Modified:

*History:*

Details   ◉   42-1   05/23/2023 Claim #42 filed by Steve Malu, Amount claimed: $2182.67 (VN)

*Description:* (42-1) See Attached documents
*Remarks:*

209

Amount claimed: $2182.67

*History:*

Details ● 42-1  05/23/2023 Claim #42 filed by Steve Malu, Amount claimed: $2182.67 (VN)

*Description:* (42-1) See Attached documents
*Remarks:*

---

*Creditor:*    (41545780)                  **Claim No: 43**                    *Status:*
Denise Burtchell                            *Original Filed Date*: 05/23/2023    *Filed by:* CR
185 Old Canterbury Tpke                     *Original Entered Date*: 05/23/2023  *Entered by:* JL
Norwich, CT 06360-185                       *Last Amendment Filed*: 09/11/2023   *Modified:*
                                            *Last Amendment Entered*: 09/11/2023

   Amount claimed: $11672.29

*History:*

Details ● 43-1  05/23/2023 Claim #43 filed by Denise Burtchell, Amount claimed: $11672.29 (AUTP)
Details ● 43-2  09/11/2023 Amended Claim #43 filed by Denise Burtchell, Amount claimed: $11672.29 (JL)

*Description:*
*Remarks:* (43-1) Account Number (last 4 digits):3767
(43-2) Account Number (last 4 digits):3767

---

*Creditor:*    (41547374)                  **Claim No: 44**                    *Status:*
OHP-CDR, LP                                 *Original Filed Date*: 05/24/2023    *Filed by:* CR
c/o Quinn Emanuel Urquhart & Sullivan LL    *Original Entered Date*: 05/24/2023  *Entered by:* Razmig Izakelian
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017                                                            *Modified:*

   Amount claimed: $16938954.00

*History:*

Details ● 44-1  05/24/2023 Claim #44 filed by OHP-CDR, LP, Amount claimed: $16938954.00 (Izakelian, Razmig)

*Description:*
*Remarks:*

---

*Creditor:*    (41547961)                  **Claim No: 45**                    *Status:*
Thomas Ray                                  *Original Filed Date*: 05/25/2023    *Filed by:* CR
2312 Platinum Dr                            *Original Entered Date*: 05/25/2023  *Entered by:* AUTP
Sun City Center, FL 33573                   *Last Amendment Filed*: 07/13/2023   *Modified:* 07/13/2023
                                            *Last Amendment Entered*: 07/13/2023

   Amount claimed: $26044.00

*History:*

Details ● 45-1  05/25/2023 Claim #45 filed by Thomas Ray, Amount claimed: $18384.00 (AM)
Details ● 45-2  07/12/2023 Amended Claim #45 filed by Thomas Ray, Amount claimed: $26044.00 (VN)
Details ● 45-3  07/13/2023 Amended Claim #45 filed by Thomas Ray, Amount claimed: $26044.00 (AUTP)

*Description:* (45-2) In 1st claim I indicated an amount of $18000. That was in error as I paid 766/mo for 34 mos, not 22
*Remarks:* (45-1) Did Not Follow Thru With Debt Resolution Program
(45-2) Did Not Follow Thru With Debt Resolution Program

---

*Creditor:*    (41548080)                  **Claim No: 46**                    *Status:*
Peter Schneider                             *Original Filed Date*: 05/25/2023    *Filed by:* CR
                                            *Original Entered Date*: 05/25/2023

*History:*

Details ● 46-1  05/25/2023 Claim #46 filed by Peter Schneider, Amount claimed: $3145.09 (AUTP)
Details ● 46-2  11/18/2023 Amended Claim #46 filed by Peter Schneider, Amount claimed: $701397.86 (AUTP)

*Description:*
*Remarks:*

210

12115 NE 165th PL
Bothell, WA 98011-1211
  Amount claimed: $701397.86
  Priority claimed: $70397.86

*History:*
| Details | ● | 46-1 | 05/25/2023 Claim #46 filed by Peter Schneider, Amount claimed: $3145.09 (AUTP) |
| Details | ● | 46-2 | 11/18/2023 Amended Claim #46 filed by Peter Schneider, Amount claimed: $701397.86 (AUTP) |

*Description:*
*Remarks:*

*Creditor:* (41548223)    **Claim No: 47**    *Status:*
Alexandra H Lutfi    *Original Filed Date*: 05/25/2023    *Filed by:* CR
11020 Alta Mesa Road    *Original Entered Date*: 05/25/2023    *Entered by:* VN
Victorville Ca 92392    *Modified:*
  Amount claimed: $5219.64

*History:*
| Details | ● | 47-1 | 05/25/2023 Claim #47 filed by Alexandra H Lutfi, Amount claimed: $5219.64 (VN) |

*Description:* (47-1) Legal Debt Services performed
*Remarks:* (47-1) acct #BATLLC-591-325-051

*Creditor:* (41548572)    **Claim No: 48**    *Status:*
Blanche whealdon    *Original Filed Date*: 05/25/2023    *Filed by:* CR
1317 harvard avenue    *Original Entered Date*: 05/25/2023    *Entered by:* AUTP
Natrona heights, PA 15065    *Modified:*
  Amount claimed: $6351.75

*History:*
| Details | ● | 48-1 | 05/25/2023 Claim #48 filed by Blanche whealdon, Amount claimed: $6351.75 (AUTP) |

*Description:*
*Remarks:* (48-1) Account Number (last 4 digits):0644 Filer Comment: Im not sure

*Creditor:* (41550648)    History    **Claim No: 49**    *Status:*
Ronald W. Moore    *Original Filed Date*: 05/27/2023    *Filed by:* CR
101 Aberdeen Chase Dr., Apt. D    *Original Entered Date*: 05/27/2023    *Entered by:* AUTP
Easley, SC 29640    *Last Amendment Filed*: 06/03/2023    *Modified:* 06/03/2023
         *Last Amendment Entered*: 06/03/2023

  Amount claimed: $2907.50
  Priority claimed: $2907.50

*History:*
| Details | ● | 49-1 | 05/27/2023 Claim #49 filed by Ronald W. Moore, Amount claimed: $2882.50 (AUTP) |
| Details | ● | 49-2 | 06/03/2023 Amended Claim #49 filed by Ronald W. Moore, Amount claimed: $2907.50 (AUTP) |

*Description:*
*Remarks:* (49-1) Account Number (last 4 digits):7540
(49-2) Account Number (last 4 digits):7540

*Creditor:* (41551109)    **Claim No: 50**    *Status:*
Abigail Beaudin    *Original Filed Date*: 05/30/2023    *Filed by:* CR
64 Thompson Street, APT 16    *Original Entered Date*: 05/30/2023    *Entered by:* AUTP
New York, NY 10012-64    *Modified:*
*History:*
| Details | ● | 50-1 | 05/30/2023 Claim #50 filed by Abigail Beaudin, Amount claimed: $19017.60 (AUTP) |

*Description:*
*Remarks:* (50-1) Account Number (last 4 digits):6262

211

Amount claimed: $19017.60

*History:*

Details ◉ 50-1  05/30/2023 Claim #50 filed by Abigail Beaudin, Amount claimed: $19017.60 (AUTP)

*Description:*

*Remarks:* (50-1) Account Number (last 4 digits):6262

---

| *Creditor:* (41551395) | **Claim No: 51** | *Status:* |
|---|---|---|
| Hunter Hastings | *Original Filed Date:* 05/30/2023 | *Filed by:* CR |
| 26847 Ellis Mill Rd | *Original Entered Date:* 05/30/2023 | *Entered by:* AUTP |
| Seaford, DE 19973 | | *Modified:* |

Amount claimed: $10021.56

*History:*

Details ◉ 51-1  05/30/2023 Claim #51 filed by Hunter Hastings, Amount claimed: $10021.56 (AUTP)

*Description:*
*Remarks:*

---

| *Creditor:* (41551468) | **Claim No: 52** | *Status:* |
|---|---|---|
| Gerardo Guzman | *Original Filed Date:* 05/30/2023 | *Filed by:* CR |
| 5515 S. Emporia | *Original Entered Date:* 05/30/2023 | *Entered by:* NB8 |
| Wichita, KS 67216 | | *Modified:* |

Amount claimed: $7112.48

*History:*

Details ◉ 52-1  05/30/2023 Claim #52 filed by Gerardo Guzman, Amount claimed: $7112.48 (NB8)

*Description:*
*Remarks:*

---

| *Creditor:* (41552134) | **Claim No: 53** | *Status:* |
|---|---|---|
| Debra M Archambault | *Original Filed Date:* 05/30/2023 | *Filed by:* CR |
| 5 Carlann Lane | *Original Entered Date:* 05/30/2023 | *Entered by:* AUTP |
| Valley Cottage, NY 10989 | | *Modified:* |

Amount claimed: $10295.00

*History:*

Details ◉ 53-1  05/30/2023 Claim #53 filed by Debra M Archambault, Amount claimed: $10295.00 (AUTP)

*Description:*
*Remarks:*

---

| *Creditor:* (41552958) | **Claim No: 54** | *Status:* |
|---|---|---|
| Joan P Schott | *Original Filed Date:* 05/31/2023 | *Filed by:* CR |
| 9303 Lands Point | *Original Entered Date:* 05/31/2023 | *Entered by:* VN |
| San Antonio TX 78250 | | *Modified:* |

Amount claimed: $2909.90

*History:*

Details ◉ 54-1  05/31/2023 Claim #54 filed by Joan P Schott, Amount claimed: $2909.90 (VN)

*Description:* (54-1) Fraudulent debt resolution services
*Remarks:*

212

Creditor: (41553054)     **Claim No: 55**     *Status:*
Alice Stanton     *Original Filed Date:* 05/31/2023     *Filed by:* CR
160 Brookdale Ln     *Original Entered Date:* 05/31/2023     *Entered by:* VN
Indiana PA 15701     *Modified:*

   Amount claimed: $6600.00

*History:*

**Details**   🌐   [55-1](#)   05/31/2023 Claim #55 filed by Alice Stanton, Amount claimed: $6600.00 (VN)

*Description:* (55-1) Refund monies for service not completed.
*Remarks:*

---

Creditor: (41553425)     **Claim No: 56**     *Status:*
Kelly Dooley     *Original Filed Date:* 05/31/2023     *Filed by:* CR
12591 Bryant St     *Original Entered Date:* 05/31/2023     *Entered by:* VN
Broomfield CO 80020     *Modified:*

   Amount claimed: $5907.74

*History:*

**Details**   🌐   [56-1](#)   05/31/2023 Claim #56 filed by Kelly Dooley, Amount claimed: $5907.74 (VN)

*Description:* (56-1) Services not rendered
*Remarks:*

---

Creditor: (41548572)     **Claim No: 57**     *Status:*
Blanche whealdon     *Original Filed Date:* 05/31/2023     *Filed by:* CR
1317 harvard avenue     *Original Entered Date:* 05/31/2023     *Entered by:* AUTP
Natrona heights, PA 15065     *Modified:*

   Amount claimed: $6351.75

*History:*

**Details**   🌐   [57-1](#)   05/31/2023 Claim #57 filed by Blanche whealdon, Amount claimed: $6351.75 (AUTP)

*Description:*
*Remarks:* (57-1) Account Number (last 4 digits):3208

---

Creditor: (41469167)     **Claim No: 58**     *Status:*
Kathleen Lacey     *Original Filed Date:* 06/02/2023     *Filed by:* CR
c/o David Chami, Esq.     *Original Entered Date:* 06/02/2023     *Entered by:* AUTP
Price Law Group     *Modified:*
8245 N. 85th Way
Scottsdale, AZ 85258

   Amount claimed: $50000.00

*History:*

**Details**   🌐   [58-1](#)   06/02/2023 Claim #58 filed by Kathleen Lacey, Amount claimed: $50000.00 (AUTP)

*Description:*
*Remarks:*

---

Creditor: (41559110)     **Claim No: 59**     *Status:*
Jason Stopnitzky     *Original Filed Date:* 06/05/2023     *Filed by:* CR
Law Offices of Leslie E. Chayo     *Original Entered Date:* 06/05/2023     *Entered by:* AUTP
9454 Wilshire Blvd.,     *Modified:*
Penthouse
Beverly Hills, CA 90212
*History:*

**Details**   🌐   [59-1](#)   06/05/2023 Claim #59 filed by Jason Stopnitzky, Amount claimed: $600000.00 (AUTP)

*Description:*
*Remarks:*

213

Amount claimed: $600000.00

*History:*

Details   ⊕   [59-1](#)   06/05/2023 Claim #59 filed by Jason Stopnitzky, Amount claimed: $600000.00 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:* (41559430)     **Claim No: 60**     *Status:*
Cindy Newman     *Original Filed Date*: 06/05/2023     *Filed by:* CR
19962 Nipona ct     *Original Entered Date*: 06/05/2023     *Entered by:* AM
Riverside CA 92508     *Modified:*

Amount claimed: $8241.44

*History:*

Details   ⊕   [60-1](#)   06/05/2023 Claim #60 filed by Cindy Newman, Amount claimed: $8241.44 (AM)

*Description:*

*Remarks:* (60-1) Said services preformed but just took my money.

---

*Creditor:* (41560954)     **Claim No: 61**     *Status:*
ACB Holdings, LP     *Original Filed Date*: 06/06/2023     *Filed by:* CR
c/o Old Hickory Partners     *Original Entered Date*: 06/06/2023     *Entered by:* Razmig Izakelian
303 Colorado Street, Suite 2550     *Modified:*
Austin, TX 78701

Amount  claimed: $15000.00
Secured claimed:     $0.00
Priority  claimed:     $0.00

*History:*

Details   ⊕   [61-1](#)   06/06/2023 Claim #61 filed by ACB Holdings, LP, Amount claimed: $15000.00 (Izakelian, Razmig)

*Description:* (61-1) See attachment

*Remarks:*

---

*Creditor:* (41561210)     **Claim No: 62**     *Status:*
Lisa Gore     *Original Filed Date*: 06/06/2023     *Filed by:* CR
2734 W. 18th Avenue, Apt. 1F     *Original Entered Date*: 06/06/2023     *Entered by:* NB8
Chicago, IL 60608     *Modified:*
No amounts claimed

*History:*

Details   ⊕   [62-1](#)   06/06/2023 Claim #62 filed by Lisa Gore, Amount claimed: (NB8)

*Description:*

*Remarks:* (62-1) no amount stated

---

*Creditor:* (41561238)     **Claim No: 63**     *Status:*
Michael and Sarah Pierce     *Original Filed Date*: 06/06/2023     *Filed by:* CR
122 Southshore Drive     *Original Entered Date*: 06/06/2023     *Entered by:* NB8
Jackson, TN 38305     *Modified:*

Amount claimed: $27570.35

*History:*

Details   ⊕   [63-1](#)   06/06/2023 Claim #63 filed by Michael and Sarah Pierce, Amount claimed: $27570.35 (NB8)

*Description:*

*Remarks:*

214

| Creditor: (41561968) | Claim No: 64 | Status: |
|---|---|---|
| Blue Cross of California d/b/a Anthem | Original Filed Date: 06/07/2023 | Filed by: CR |
| Blue Cross | Original Entered Date: 06/07/2023 | Entered by: Eric S Goldstein |
| c/o Shipman & Goodwin LLP | Last Amendment Filed: 10/06/2023 | Modified: |
| One Constitution Plaza | Last Amendment Entered: 10/06/2023 | |
| Hartford, CT 06103 | | |

Amount claimed: $201869.92

Priority claimed: $201869.92

History:

| Details | ⊕ | 64-1 | 06/07/2023 Claim #64 filed by Blue Cross of California d/b/a Anthem Blue Cross, Amount claimed: $164443.32 (Goldstein, Eric) |
|---|---|---|---|
| Details | ⊕ | 64-2 | 10/06/2023 Amended Claim #64 filed by Blue Cross of California d/b/a Anthem Blue Cross, Amount claimed: $201869.92 (Goldstein, Eric) |

Description:

Remarks:

| Creditor: (41562928) | Claim No: 65 | Status: |
|---|---|---|
| Donald and Sharon Seal | Original Filed Date: 06/08/2023 | Filed by: CR |
| 338 N Adams St | Original Entered Date: 06/08/2023 | Entered by: AUTP |
| Plentywood, MT 59254 | | Modified: |

Amount claimed: $10500.00

History:

| Details | ⊕ | 65-1 | 06/08/2023 Claim #65 filed by Donald and Sharon Seal, Amount claimed: $10500.00 (AUTP) |
|---|---|---|---|

Description:

Remarks:

| Creditor: (41563771) | Claim No: 66 | Status: |
|---|---|---|
| Employment Development Department | Original Filed Date: 06/09/2023 | Filed by: CR |
| Bankruptcy Group MIC 92E, PO BOX | Original Entered Date: 06/09/2023 | Entered by: Amelia Puertas-Samara |
| 826880 | | Modified: |
| Sacramento, CA 95814 | | |

Amount claimed: $16176.56

Priority claimed: $0.00

History:

| Details | ⊕ | 66-1 | 06/09/2023 Claim #66 filed by Employment Development Department, Amount claimed: $16176.56 (Puertas-Samara, Amelia) |
|---|---|---|---|

Description: (66-1) Claim Filed

Remarks: (66-1) Remarks Added

| Creditor: (41563600) | Claim No: 67 | Status: |
|---|---|---|
| Natalka Palmer | Original Filed Date: 06/08/2023 | Filed by: CR |
| 217 NW Riverfront Street | Original Entered Date: 06/09/2023 | Entered by: SD8 |
| Bend, OR 97703 | | Modified: |

Amount claimed: $10805.12

History:

| Details | ⊕ | 67-1 | 06/08/2023 Claim #67 filed by Natalka Palmer, Amount claimed: $10805.12 (SD8) |
|---|---|---|---|

Description: (67-1) Was Promised Full Refund From Contract Date Jan 7, 2020

Remarks:

215

*Creditor:*     (41564828)       **Claim No: 68**              *Status:*
Bonita Marie Scott                *Original Filed Date*: 06/09/2023    *Filed by:* CR
2132 Ohio Ave                     *Original Entered Date*: 06/09/2023  *Entered by:* SD8
Columbus, IN 47201                                                    *Modified:*

  Amount claimed: $3827.00

  Priority  claimed: $3827.00

*History:*

  [Details]   ●   68-1   06/09/2023 Claim #68 filed by Bonita Marie Scott, Amount claimed: $3827.00 (SD8)

*Description:* (68-1) Services performed (debt relief)

*Remarks:*

---

*Creditor:*     (41565838)       **Claim No: 69**              *Status:*
Phillip A. Greenblatt, PLLC       *Original Filed Date*: 06/12/2023    *Filed by:* CR
P.O. Box 4270                     *Original Entered Date*: 06/12/2023  *Entered by:* AUTP
Suite 200                                                            *Modified:*
Southfield, MI 48037

  Amount claimed: $276622.65

*History:*

  [Details]   ●   69-1   06/12/2023 Claim #69 filed by Phillip A. Greenblatt, PLLC, Amount claimed: $276622.65 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:*     (41566371)       **Claim No: 70**              *Status:*
Rebecca S. Coulter               *Original Filed Date*: 06/12/2023    *Filed by:* CR
358 Cass Pl                      *Original Entered Date*: 06/12/2023  *Entered by:* NB8
Canton, IL 61520                                                    *Modified:*

  Amount claimed: $6262.00

*History:*

  [Details]   ●   70-1   06/12/2023 Claim #70 filed by Rebecca S. Coulter, Amount claimed: $6262.00 (NB8)

*Description:*

*Remarks:*

---

*Creditor:*     (41570205)       **Claim No: 71**              *Status:*
Jennifer Ann McLaughlin          *Original Filed Date*: 06/15/2023    *Filed by:* CR
2145 Country Knoll Ct            *Original Entered Date*: 06/15/2023  *Entered by:* AUTP
Elgin, IL 60123-2145             *Last Amendment Filed*: 07/10/2023   *Modified:* 07/10/2023
                                 *Last Amendment Entered*: 07/10/2023

  Amount claimed: $18914.77

  Priority  claimed: $18914.77

*History:*

  [Details]   ●   71-1   06/15/2023 Claim #71 filed by Jennifer Ann McLaughlin, Amount claimed: $14299.39 (AUTP)
  [Details]   ●   71-2   07/10/2023 Amended Claim #71 filed by Jennifer Ann McLaughlin, Amount claimed: $18914.77 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:*     (41570812)       **Claim No: 72**              *Status:*
WA State Department of Labor and  *Original Filed Date*: 06/15/2023    *Filed by:* CR

*History:*

  [Details]   ●   72-1   06/15/2023 Claim #72 filed by WA State Department of Labor and Industries, Amount claimed: $365.07
                       (AUTP)

*Description:*

*Remarks:*

216

Industries
Bankruptcy unit
PO Box 44171
Olympia, WA 98504

  Amount claimed: $365.07

  Priority  claimed: $346.16

*History:*

**Details** 🌐 72-1  06/15/2023 Claim #72 filed by WA State Department of Labor and Industries, Amount claimed: $365.07
(AUTP)

*Description:*
*Remarks:*

*Creditor:*      (41572055)            **Claim No: 73**            *Status:*
Ivy Burden-Pope                        *Original Filed Date*: 06/16/2023     *Filed by:* CR
291 Altamonte Bay Club Circle          *Original Entered Date*: 06/16/2023   *Entered by:* AUTP
Apt 207                                                                      *Modified:*
Altamonte Springs, FL 32701

  Amount claimed: $16267.44

*History:*

**Details** 🌐 73-1  06/16/2023 Claim #73 filed by Ivy Burden-Pope, Amount claimed: $16267.44 (AUTP)

*Description:*
*Remarks:*

*Creditor:*      (41574912)            **Claim No: 74**            *Status:*
The Placide Group Co                   *Original Filed Date*: 06/20/2023     *Filed by:* CR
624 Brookwood Lane                     *Original Entered Date*: 06/20/2023   *Entered by:* AUTP
Maitland, FL 32751                                                          *Modified:*

  Amount claimed: $2000000.00

*History:*

**Details** 🌐 74-1  06/20/2023 Claim #74 filed by The Placide Group Co, Amount claimed: $2000000.00 (AUTP)

*Description:*
*Remarks:*

*Creditor:*      (41576186)            **Claim No: 75**            *Status:*
Phuong Trinh                           *Original Filed Date*: 06/20/2023     *Filed by:* CR
2128 W Cherry Dr                       *Original Entered Date*: 06/20/2023   *Entered by:* AUTP
Orange, CA 92868                       *Last Amendment Filed*: 11/14/2023    *Modified:* 11/14/2023
                                       *Last Amendment Entered*: 11/14/2023

  Amount claimed: $14423.08

  Priority  claimed: $14423.08

*History:*

**Details** 🌐 75-1  06/20/2023 Claim #75 filed by Phuong Trinh, Amount claimed: $74590.71 (AUTP)
**Details** 🌐 75-2  11/14/2023 Amended Claim #75 filed by Phuong Trinh, Amount claimed: $14423.08 (AUTP)

*Description:*
*Remarks:*

*Creditor:*      (41576187)            **Claim No: 76**            *Status:*
Thanhhang Nguyen                       *Original Filed Date*: 06/20/2023     *Filed by:* CR

*History:*

**Details** 🌐 76-1  06/20/2023 Claim #76 filed by Thanhhang Nguyen, Amount claimed: $14725.53 (AUTP)

*Description:*
*Remarks:*

217

2128 W Cherry Dr
Orange, CA 92868

  Amount claimed: $14725.53

  Priority  claimed: $14725.53

*History:*

Details   🌐   [76-1](#)   06/20/2023 Claim #76 filed by Thanhhang Nguyen, Amount claimed: $14725.53 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:*   (41576188)        **Claim No: 77**        *Status:*
Sherri Chen                 *Original Filed Date:* 06/20/2023    *Filed by:* CR
3164 East Hazelwood         *Original Entered Date:* 06/20/2023   *Entered by:* AUTP
Unit A                                     *Modified:*
Orange, CA 92869

  Amount claimed: $12083.10

  Priority  claimed: $12083.10

*History:*

Details   🌐   [77-1](#)   06/20/2023 Claim #77 filed by Sherri Chen, Amount claimed: $12083.10 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:*   (41576189)        **Claim No: 78**        *Status:*
Justin Nguyen              *Original Filed Date:* 06/20/2023    *Filed by:* CR
3164 East Hazelwood, Unit A   *Original Entered Date:* 06/20/2023   *Entered by:* AUTP
Orange, CA 92869                                   *Modified:*

  Amount claimed: $23994.20

  Priority  claimed: $15150.00

*History:*

Details   🌐   [78-1](#)   06/20/2023 Claim #78 filed by Justin Nguyen, Amount claimed: $23994.20 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:*   (41576199)        **Claim No: 79**        *Status:*
Han Trinh                 *Original Filed Date:* 06/20/2023    *Filed by:* CR
2128 W Cherry Dr          *Original Entered Date:* 06/20/2023   *Entered by:* AUTP
Orange, CA 92868          *Last Amendment Filed:* 11/14/2023   *Modified:* 11/14/2023
                                   *Last Amendment Entered:* 11/14/2023

  Amount claimed: $24310.43

  Priority  claimed: $24310.43

*History:*

Details   🌐   [79-1](#)   06/20/2023 Claim #79 filed by Han Trinh, Amount claimed: $93700.24 (AUTP)

Details   🌐   [79-2](#)   11/14/2023 Amended Claim #79 filed by Han Trinh, Amount claimed: $24310.43 (AUTP)

*Description:*

*Remarks:*

---

*Creditor:*   (41576475)        **Claim No: 80**        *Status:*
Heidi Hirsch              *Original Filed Date:* 06/21/2023    *Filed by:* CR

*History:*

Details   🌐   [80-1](#)   06/21/2023 Claim #80 filed by Heidi Hirsch, Amount claimed: $10448.87 (AUTP)

*Description:*

*Remarks:*

218

726 N Beachwood Dr
Burbank, CA 91506-726

*Original Entered Date*: 06/21/2023    *Entered by*: AUTP
                                      *Modified*:

  Amount claimed: $10448.87

*History:*

| Details | ⊙ | 80-1 | 06/21/2023 Claim #80 filed by Heidi Hirsch, Amount claimed: $10448.87 (AUTP) |

*Description:*
*Remarks:*


| *Creditor:* (41576476) | **Claim No: 81** | *Status:* |
| Helen C Banks | *Original Filed Date*: 06/21/2023 | *Filed by:* CR |
| 9338 S Emerald Ave | *Original Entered Date*: 06/21/2023 | *Entered by:* SD8 |
| Chicago, IL 60620 | | *Modified:* |

  Amount claimed: $6760.00

*History:*

| Details | ⊙ | 81-1 | 06/21/2023 Claim #81 filed by Helen C Banks, Amount claimed: $6760.00 (SD8) |

*Description:* (81-1) Paid $482.86 for 14 months, Received no service
*Remarks:*


| *Creditor:* (41469136) | **Claim No: 82** | *Status:* |
| Carolyn Beech | *Original Filed Date*: 06/21/2023 | *Filed by:* CR |
| c/o Daniel Edelman, Esq. | *Original Entered Date*: 06/21/2023 | *Entered by:* Christopher J Langley |
| 20 South Clark St., Ste1500 | | *Modified:* |
| Chicago, IL 60603 | | |

  Amount claimed: $1.00

*History:*

| Details | ⊙ | 82-1 | 06/21/2023 Claim #82 filed by Carolyn Beech, Amount claimed: $1.00 (Langley, Christopher) |

*Description:* (82-1) Unliquidated claim of Carolyn Beech on behalf of herself and a class
*Remarks:* (82-1) Money illegally obtained. Claim to be amended once liquidated


| *Creditor:* (41577672) | **Claim No: 83** | *Status:* |
| Carl Oswald Wuestehube | *Original Filed Date*: 06/22/2023 | *Filed by:* CR |
| 33832 Diana Drive | *Original Entered Date*: 06/22/2023 | *Entered by:* NB8 |
| Dana Point, CA 92629 | *Last Amendment Filed*: 06/30/2023 | *Modified:* |
| | *Last Amendment Entered*: 06/30/2023 | |

  Amount claimed: $24000.00
  Priority claimed: $24000.00

*History:*

| Details | ⊙ | 83-1 | 06/22/2023 Claim #83 filed by Carl Oswald Wuestehube, Amount claimed: $24000.00 (NB8) |
| Details | ⊙ | 83-2 | 06/30/2023 Amended Claim #83 filed by Carl Oswald Wuestehube, Amount claimed: $24000.00 (NB8) |

*Description:*
*Remarks:*


| *Creditor:* (41577672) | **Claim No: 84** | *Status:* |
| Carl Oswald Wuestehube | *Original Filed Date*: 06/22/2023 | *Filed by:* CR |
| 33832 Diana Drive | *Original Entered Date*: 06/22/2023 | *Entered by:* NB8 |
| Dana Point, CA 92629 | *Last Amendment Filed*: 06/30/2023 | *Modified:* |
| | *Last Amendment Entered*: 06/30/2023 | |

*History:*

| Details | ⊙ | 84-1 | 06/22/2023 Claim #84 filed by Carl Oswald Wuestehube, Amount claimed: $8000.00 (NB8) |
| Details | ⊙ | 84-2 | 06/30/2023 Amended Claim #84 filed by Carl Oswald Wuestehube, Amount claimed: $8000.00 (NB8) |

*Description:*
*Remarks:*

219

Amount claimed: $8000.00
Priority  claimed: $8000.00

*History:*

| Details | 🌐 | 84-1 | 06/22/2023 Claim #84 filed by Carl Oswald Wuestehube, Amount claimed: $8000.00 (NB8) |
| Details | 🌐 | 84-2 | 06/30/2023 Amended Claim #84 filed by Carl Oswald Wuestehube, Amount claimed: $8000.00 (NB8) |

*Description:*
*Remarks:*

---

*Creditor:*    (41577891)          **Claim No: 85**          *Status:*
Lorraine Dineen                    *Original Filed Date*: 06/22/2023    *Filed by:* CR
1026 Swinton Ave                   *Original Entered Date*: 06/22/2023  *Entered by:* SD8
Bronx, NY 10465                                                        *Modified:*

   Amount claimed: $15907.20

*History:*

| Details | 🌐 | 85-1 | 06/22/2023 Claim #85 filed by Lorraine Dineen, Amount claimed: $15907.20 (SD8) |

*Description:* (85-1) Invalidating private student loan debt by Litigation Practice Group that was never done
*Remarks:*

---

*Creditor:*    (41578716)          **Claim No: 86**          *Status:*
Gabriel Fernando Monroy            *Original Filed Date*: 06/22/2023    *Filed by:* CR
831 W Romneya Drive #831           *Original Entered Date*: 06/22/2023  *Entered by:* AUTP
Anaheim, CA 92801                                                      *Modified:*

   Amount claimed: $4698.10
   Priority  claimed: $4698.10

*History:*

| Details | 🌐 | 86-1 | 06/22/2023 Claim #86 filed by Gabriel Fernando Monroy, Amount claimed: $4698.10 (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:*    (41578717)          **Claim No: 87**          *Status:*
Edwin Valdivia Fitz                *Original Filed Date*: 06/22/2023    *Filed by:* DE
666 W 18th St                      *Original Entered Date*: 06/22/2023  *Entered by:* AUTP
APt 9                                                                  *Modified:*
Costa Mesa, CA 92627

   Amount claimed: $6520.81

*History:*

| Details | 🌐 | 87-1 | 06/22/2023 Claim #87 filed by Edwin Valdivia Fitz, Amount claimed: $6520.81 (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:*    (41579176)          **Claim No: 88**          *Status:*
Brianne Pusztai                    *Original Filed Date*: 06/23/2023    *Filed by:* CR
27784 Inverness                    *Original Entered Date*: 06/23/2023  *Entered by:* AUTP
Mission Viejo, CA 92692            *Last Amendment Filed:* 12/04/2023    *Modified:* 12/04/2023
                                   *Last Amendment Entered:* 12/04/2023

*History:*

| Details | 🌐 | 88-1 | 06/23/2023 Claim #88 filed by Brianne Pusztai, Amount claimed: $6455.63 (AUTP) |
| Details | 🌐 | 88-2 | 11/28/2023 Amended Claim #88 filed by Brianne Pusztai, Amount claimed: $6455.63 (AUTP) |
| Details | 🌐 | 88-3 | 12/04/2023 Amended Claim #88 filed by Brianne Pusztai, Amount claimed: $1875.69 (AUTP) |

*Description:*
*Remarks:*

220

Amount claimed: $1875.69

*History:*

| Details | | 88-1 | 06/23/2023 Claim #88 filed by Brianne Pusztai, Amount claimed: $6455.63 (AUTP) |
| Details | | 88-2 | 11/28/2023 Amended Claim #88 filed by Brianne Pusztai, Amount claimed: $6455.63 (AUTP) |
| Details | | 88-3 | 12/04/2023 Amended Claim #88 filed by Brianne Pusztai, Amount claimed: $1875.69 (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:* (41582005)
City Capital NY
c/o Maurice Wutscher LLP
23611 Chagrin Blvd. Suite 207
Beachwood, OH 44122

**Claim No: 89**
*Original Filed Date:* 06/27/2023
*Original Entered Date:* 06/27/2023

*Status:*
*Filed by:* AT
*Entered by:* Alan Craig Hochheiser
*Modified:*

 Amount  claimed: $2950000.00
 Secured claimed: $2950000.00

*History:*

| Details | | 89-1 | 06/27/2023 Claim #89 filed by City Capital NY, Amount claimed: $2950000.00 (Hochheiser, Alan) |

*Description:* (89-1) Purchase of proceeds of future receipts/receivables
*Remarks:*

---

*Creditor:* (41524158)
The Bankruptcy Estate of
Steven Robert Verzal
1251 North Eddy Street
Suite 203
South Bend IN 46617

**Claim No: 90**
*Original Filed Date:* 06/27/2023
*Original Entered Date:* 06/27/2023

*Status:*
*Filed by:* CR
*Entered by:* VN
*Modified:*

 Amount claimed: $8068.64

*History:*

| Details | | 90-1 | 06/27/2023 Claim #90 filed by The Bankruptcy Estate of, Amount claimed: $8068.64 (VN) |

*Description:* (90-1) Debt relief payments (Original not signed)
*Remarks:*

---

*Creditor:* (41583211)
Affirma, LLC
c/o Caesar Mercado
P.O. Box 515827
Los Angeles, CA 90061

**Claim No: 91**
*Original Filed Date:* 06/28/2023
*Original Entered Date:* 06/28/2023

*Status:*
*Filed by:* CR
*Entered by:* Jeffrey I Golden
*Modified:*

 Amount claimed: $66855310.45

*History:*

| Details | | 91-1 | 06/28/2023 Claim #91 filed by Affirma, LLC, Amount claimed: $66855310.45 (Golden, Jeffrey) |

*Description:*
*Remarks:*

---

*Creditor:* (41583400)
Kenneth Hutchins
PO Box 162035
Sacramento, CA 95816-2035

**Claim No: 92**
*Original Filed Date:* 06/28/2023
*Original Entered Date:* 06/28/2023

*Status:*
*Filed by:* CR
*Entered by:* AUTP
*Modified:* 08/28/2023

*History:*

| Details | | 92-1 | 06/28/2023 Claim #92 filed by Kenneth Hutchins, Amount claimed: $21759.60 (AUTP) |
| Details | | 92-2 | 08/28/2023 Amended Claim #92 filed by Kenneth Hutchins, Amount claimed: $132465.60 (AUTP) |

*Description:*
*Remarks:*

221

Amount claimed: $132465.60
Priority claimed: $23500.00

*History:*

| Details | | 92-1 | 06/28/2023 Claim #92 filed by Kenneth Hutchins, Amount claimed: $21759.60 (AUTP) |
| Details | | 92-2 | 08/28/2023 Amended Claim #92 filed by Kenneth Hutchins, Amount claimed: $132465.60 (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:* (41593419)        **Claim No: 93**                *Status:*
David Orr, Esq.                *Original Filed Date*: 06/30/2023      *Filed by*: CR
26053 Balsawood Ct            *Original Entered Date*: 06/30/2023     *Entered by*: AUTP
Wesley Chape, FL 33544        *Last Amendment Filed*: 11/09/2023      *Modified*: 11/09/2023
                              *Last Amendment Entered*: 11/09/2023

*No amounts claimed*

*History:*

| Details | | 93-1 | 06/30/2023 Claim #93 filed by David Orr, Esq., Amount claimed: (AUTP) |
| Details | | 93-2 | 10/20/2023 Amended Claim #93 filed by David Orr, Esq., Amount claimed: $31000.00 (AUTP) |
| Details | | 93-3 | 11/01/2023 Amended Claim #93 filed by David Orr, Esq., Amount claimed: $31000.00 (AUTP) |
| Details | | 93-4 | 11/09/2023 Amended Claim #93 filed by David Orr, Esq., Amount claimed: (AUTP) |

*Description:*
*Remarks:* (93-1) Filer Comment: It is for unpaid wages which are continuing as of the date of this filing. It is approximately
~$16000 as of today
(93-4) Filer Comment: Unsure

---

*Creditor:* (41594273)        **Claim No: 94**                *Status:*
Olga Lucia Esquivel           *Original Filed Date*: 06/30/2023      *Filed by*: CR
25526 Maier Circle            *Original Entered Date*: 06/30/2023     *Entered by*: NB8
Menifee, CA 92586                                                    *Modified:*

Amount claimed: $7458.45
Priority claimed: $7458.45

*History:*

| Details | | 94-1 | 06/30/2023 Claim #94 filed by Olga Lucia Esquivel, Amount claimed: $7458.45 (NB8) |

*Description:*
*Remarks:*

---

*Creditor:* (41594273)        **Claim No: 95**                *Status:*
Olga Lucia Esquivel           *Original Filed Date*: 06/30/2023      *Filed by*: CR
25526 Maier Circle            *Original Entered Date*: 06/30/2023     *Entered by*: NB8
Menifee, CA 92586                                                    *Modified:*

Amount claimed: $31779.65
Priority claimed: $31779.65

*History:*

| Details | | 95-1 | 06/30/2023 Claim #95 filed by Olga Lucia Esquivel, Amount claimed: $31779.65 (NB8) |

*Description:*
*Remarks:*

Creditor: (41596633)
R. Reed Pruyn
3524 West Overlook Drive
Layton, UT 84041

**Claim No: 96**
Original Filed Date: 07/01/2023
Original Entered Date: 07/01/2023

Status:
Filed by: CR
Entered by: AUTP
Modified:

Amount claimed: $18924.00
Priority claimed: $18924.00

History:

Details    96-1    07/01/2023 Claim #96 filed by R. Reed Pruyn, Amount claimed: $18924.00 (AUTP)

Description:

Remarks:

---

Creditor: (41597720)
Douglas F. Stiele
6870 Flemming Circle
Prior Lake, MN 55372

**Claim No: 97**
Original Filed Date: 07/02/2023
Original Entered Date: 07/02/2023

Status:
Filed by: CR
Entered by: AUTP
Modified:

Amount claimed: $38662.96
Priority claimed: $15150.00

History:

Details    97-1    07/02/2023 Claim #97 filed by Douglas F. Stiele, Amount claimed: $38662.96 (AUTP)

Description:

Remarks: (97-1) Filer Comment: Ongoing wages since 3/26/2023 - ongoing

---

Creditor: (41597722)
Kelley M. Stiele
6870 Flemming Circle
Prior Lake, MN 55378

**Claim No: 98**
Original Filed Date: 07/02/2023
Original Entered Date: 07/02/2023

Status:
Filed by: CR
Entered by: AUTP
Modified:

Amount claimed: $11000.00
Priority claimed: $11000.00

History:

Details    98-1    07/02/2023 Claim #98 filed by Kelley M. Stiele, Amount claimed: $11000.00 (AUTP)

Description:

Remarks: (98-1) Filer Comment: Wages 3/26/23 - 6/9/23

---

Creditor: (41598927)
Stris & Maher LLP
777 S Figueroa St, Ste 3850
Los Angeles, CA 90017

**Claim No: 99**
Original Filed Date: 07/03/2023
Original Entered Date: 07/03/2023

Status:
Filed by: CR
Entered by: AUTP
Modified:

Amount claimed: $384706.39

History:

Details    99-1    07/03/2023 Claim #99 filed by Stris & Maher LLP, Amount claimed: $384706.39 (AUTP)

Description:

Remarks: (99-1) Account Number (last 4 digits):0333

---

Creditor: (41598931)
Aaron Davis

**Claim No: 100**
Original Filed Date: 07/03/2023

Status:
Filed by: CR

History:

Details    100-1    07/03/2023 Claim #100 filed by Aaron Davis, Amount claimed: $9230.76 (AUTP)
Details    100-2    07/07/2023 Amended Claim #100 filed by Aaron Davis, Amount claimed: $4615.38 (AUTP)
Details    100-3    08/04/2023 Amended Claim #100 filed by Aaron Davis, Amount claimed: $9230.76 (AUTP)

Description:

Remarks:

223

Case 8:23-bk-10571-SC    Doc 1127CM/ECFiled104/d8/24acyCEnteredi04/18/24 21:11:48    Desc
MainiDocument Date: Page/235 of 266Entered by: AUTP
Last Amendment Filed: 08/04/2023        Modified: 08/04/2023
Last Amendment Entered: 08/04/2023

3/21/24, 10:56 AM
P.O. Box 735
Custer, SD 57730-0735

Amount claimed: $9230.76

*History:*

| Details | | 100-1 | 07/03/2023 Claim #100 filed by Aaron Davis, Amount claimed: $9230.76 (AUTP) |
| Details | | 100-2 | 07/07/2023 Amended Claim #100 filed by Aaron Davis, Amount claimed: $4615.38 (AUTP) |
| Details | | 100-3 | 08/04/2023 Amended Claim #100 filed by Aaron Davis, Amount claimed: $9230.76 (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:*        (41599498)        **Claim No: 101**        *Status:*
Sabrina Cazeau                       *Original Filed Date:* 07/04/2023        *Filed by:* CR
3623 nw 30th place apt 305           *Original Entered Date:* 07/04/2023        *Entered by:* AUTP
Fort Lauderdale, FL 33311                                                      *Modified:*
*No amounts claimed*

*History:*

| Details | | 101-1 | 07/04/2023 Claim #101 filed by Sabrina Cazeau, Amount claimed: (AUTP) |

*Description:*
*Remarks:*

---

*Creditor:*        (41601500)        **Claim No: 102**        *Status:*
Dennis Theriault                     *Original Filed Date:* 07/06/2023        *Filed by:* CR
PO Box 110                           *Original Entered Date:* 07/06/2023        *Entered by:* NB8
Milan, NH 03588                                                               *Modified:*

Amount claimed: $3693.24
Priority claimed: $3693.24

*History:*

| Details | | 102-1 | 07/06/2023 Claim #102 filed by Dennis Theriault, Amount claimed: $3693.24 (NB8) |

*Description:*
*Remarks:*

---

*Creditor:*        (41601502)        **Claim No: 103**        *Status:*
Teresa A. Piccolo                    *Original Filed Date:* 07/06/2023        *Filed by:* CR
50 Fair Street, Apt. #1              *Original Entered Date:* 07/06/2023        *Entered by:* NB8
Wallingford, CT 06492                                                         *Modified:*

Amount claimed: $3413.94

*History:*

| Details | | 103-1 | 07/06/2023 Claim #103 filed by Teresa A. Piccolo, Amount claimed: $3413.94 (NB8) |

*Description:*
*Remarks:*

---

*Creditor:*        (41602006)        **Claim No: 104**        *Status:*
Israel Orozco                        *Original Filed Date:* 07/06/2023        *Filed by:* CR
115 E Date St                        *Original Entered Date:* 07/06/2023        *Entered by:* AUTP
Brea, CA 92821                                                                *Modified:*

Amount claimed: $53729.31

*History:*

| Details | | 104-1 | 07/06/2023 Claim #104 filed by Israel Orozco, Amount claimed: $53729.31 (AUTP) |

*Description:*
*Remarks:*

224

# EXHIBIT C

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christopher B. Ghio (State Bar No. 259094)<br>Christopher Celentino (State Bar No. 131688)<br>Jonathan Serrano (State Bar No. 333225)<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: 619.400.0500<br>Facsimile: 619.400.0501<br>christopher.ghio@dinsmore.com<br>christopher.celentino@dinsmore.com<br>jonathan.serrano@dinsmore.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for*: Richard Marshack, Chapter 11 Trustee | **FILED & ENTERED**<br><br>**JUL 07 2023**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bolte     DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10571-SC<br>CHAPTER: 11<br><hr>**ORDER:**<br><br>☒ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**<br><br>☐ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |
|---|---|
| Movant: <u>Richard A. Marshack, Chapter 11 Trustee</u> | |

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

   a. *Title of motion*: <u>Chapter 11 Trustee's Notice of Motion and Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee and Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan; Memorandum of Points and Authorities; Declaration of Richard A. Marshack In Support Thereof; Exhibits</u>

   b. *Date of filing of motion*: <u>July 6, 2023</u>

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

   *Date of filing of Application*: <u>July 6, 2023</u>

3. Based upon the court's review of the application, it is ordered that:

   a. ☐ The Application is denied. The motion may be brought on regular notice pursuant to LBRs.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                          Page 1                          **F 9075-1.1.ORDER.SHORT.NOTICE**

b. ☒ The Application is granted, and it is further ordered that:

(1) ☒ A hearing on the motion will take place as follows:

| | |
|---|---|
| **Hearing date:** 7/11/2023 | **Place:** |
| **Time:** 2:00 p.m. | ☐ **255 East Temple Street, Los Angeles, CA 90012** |
| **Courtroom:** 5C – in person (no virtual appearances permitted) | ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367** |
| | ☐ **3420 Twelfth Street, Riverside, CA 92501** |
| | ☒ **411 West Fourth Street, Santa Ana, CA 92701** |
| | ☐ **1415 State Street, Santa Barbara, CA 93101** |

(2) ☒ No later than the deadlines given, **telephonic notice** of the hearing must be provided to all persons/entities listed:

| (A) *Deadlines:* | (B) *Persons/entities to be provided with telephonic notice:* |
|---|---|
| Date: 7/7/2023 | |
| Time: 3:00 p.m. | All interested parties, including Committee of Unsecured Creditors and all creditors |
| | ☐ See attached page |
| | (C) *Telephonic notice is also required upon the* United States trustee |

(3) ☒ No later than the deadlines given, **written notice of the hearing** and a **copy of this order** must be served upon all persons/entities listed using: ☐ one of the methods checked    ☒ all of the methods checked

(A) ☐ Personal Delivery ☐ Overnight Mail ☐ First class mail ☐ Facsimile* ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with written notice and a copy of this order:* |
|---|---|
| Date: 7/7/2023 | |
| Time: 3:00 p.m. | All interested parties, including Committee of Unsecured Creditors and all creditors |
| | ☐ See attached page |
| | (D) *Service is also required upon:* |
| | -- United States trustee *(electronic service is not permitted)* |
| | -- Judge's copy personally delivered to chambers *(see Court Manual for address)* |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(4) ☒ No later than the deadlines given, a copy of the motion, declarations, and supporting documents (if any), must be served on all persons/entities listed using: ☐ one of the methods checked ☒ all of the methods checked

(A) ☐ Personal Delivery  ☐ Overnight Mail  ☐ First Class Mail  ☐ Facsimile*  ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with motion, declarations, supporting documents:* |
|---|---|
| Date: 7/7/2023 | |
| | All interested parties, including Committee of Unsecured Creditors and all creditors |
| Time: 3:00 p.m. | |
| | ☐ See attached page |
| | (D) *Service is also required upon*: |
| | -- United States trustee *(no electronic service permitted)* |
| | -- Judge's copy personally delivered to chambers *(see Court Manual for address)* |

(5) ☒ Regarding **opposition to the motion**

☐ opposition to the motion may be made **orally** at the hearing

☒ no later than the deadlines given, **written opposition to the motion** must be filed with the court and served upon all persons/entities listed using: ☐ one of the methods checked ☒ all of the methods checked

(A) ☐ Personal Delivery  ☐ Overnight Mail  ☐ First Class Mail  ☐ Facsimile*  ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with written opposition to the motion:* |
|---|---|
| Date: 7/11/2023 | -- movant's attorney (or movant, if movant is not represented by an attorney) |
| Time: 11:00 a.m. | |
| | (D) *Service is also required upon*: |
| | -- United States trustee (*electronic service is not permitted*) |
| | -- Judge's copy personally delivered to chambers *(see Court Manual for address)* |

(6) ☒ Regarding a **reply to an opposition**:

☒ a reply to opposition may be made **orally** at the hearing.

☐ no later than the deadlines given, a **written reply to an opposition** must be filed with the court and served on all persons/entities listed using: ☐ one of the methods checked ☐ all of the methods checked

(A) ☐ Personal Delivery  ☐ Overnight Mail  ☐ First Class Mail  ☐ Facsimile*  ☐ Email*

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                    Page 3                    F 9075-1.1.ORDER.SHORT.NOTICE

| | |
|---|---|
| **(B)** *Deadlines:*<br><br>Date:<br><br>Time: | **(C)** *Persons/entities to be served with written reply to opposition:*<br>-- All persons/entities who filed a written opposition<br><br><br>**(D)** *Service is also required upon*:<br>-- United States trustee *(electronic service is not permitted)*<br>-- Judge's Copy personally delivered to chambers<br>(*see Court Manual for address*) |

(7) ☐ Other requirements:

(8) ☒ No later than the deadlines given, movant must file a **Declaration of Notice and Service** establishing that telephonic notice, written notice, and service of the motion and this order was completed as set forth above, and a **judge's copy** of the Declaration of Notice and Service must be personally delivered to the judge's chambers:

| |
|---|
| ☐ at least 2 days before the hearing.<br>☒ no later than:    Date: 7/10/2023    Time: 12:00 p.m. |

\* Service by electronic means (facsimile or email) requires compliance with F.R.Civ.P. 5(b)(2)(E).

###

Date: July 7, 2023

Scott C. Clarkson
United States Bankruptcy Judge

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 4                    **F 9075-1.1.ORDER.SHORT.NOTICE**

# EXHIBIT D

1  Christopher B. Ghio (State Bar No. 259094)
2  Christopher Celentino (State Bar No. 131688)
   Jonathan Serrano (State Bar No. 333225)
3  **DINSMORE & SHOHL LLP**
   655 West Broadway, Suite 800
4  San Diego, CA 92101
   Telephone: 619.400.0500
5  Facsimile: 619.400.0501
   christopher.ghio@dinsmore.com
6  christopher.celentino@dinsmore.com
   jonathan.serrano@dinsmore.com
7
   Special Counsel to Richard A. Marshack,
8  Chapter 11 Trustee

9

10                 **UNITED STATES BANKRUPTCY COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12                      **SANTA ANA DIVISION**

13

14  In re:                          | Case No.: 8:23-bk-10571-SC

15  THE LITIGATION PRACTICE GROUP P.C.,   | Chapter 11

16        Debtor.                    | **DECLARATION OF CHAPTER 11
                                        TRUSTEE'S COUNSEL REGARDING
17                                      PROOF OF NOTICE OF HEARING AND
                                        SERVICE FOR (1) MOTION FOR ORDER
18                                      APPROVING STIPULATION WITH
                                        PHOENIX LAW, PC, WILLIAM TAYLOR
19                                      CARSS, AND MARIA EEYA TAN; AND
                                        (2) MOTION FOR ORDER APPROVING
20                                      STIPULATION WITH CONSUMER
                                        LEGAL GROUP, PC, LGS HOLDCO,
21                                      LLC, AND SET FORTH, INC.**

22                                      Date:  July 11, 2023
23                                      Time:  2:00 p.m.
                                        Judge: Hon. Scott C. Clarkson
24                                      Place: Courtroom 5C
                                               411 W. Fourth Street
25                                             Santa Ana, CA 92701

26

27

28

                                                              231

1    I, JONATHAN SERRANO, declare:

2    1.    I am an associate attorney in the law firm of Dinsmore & Shohl LLP, special counsel

3    to Richard A. Marshack, the Chapter 11 Trustee for the bankruptcy estate of The Litigation Practice

4    Group, P.C. in the above-captioned bankruptcy case. As such, except as expressly stated otherwise,

5    I have personal knowledge of the facts set forth below and could and would competently testify

6    under oath thereto if requested to do so.

7    1.    At approximately 11:40 a.m. on Friday, July 7, 2023, the Court entered orders (the

8    "OSTs") granting applications and setting hearings on shortened notice with respect to the

9    (a) *Chapter 11 Trustee's Notice of Motion and Motion for Order Approving Stipulation re*

10    *Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of*

11    *All Related Property to the Trustee and Order Of Dismissal Without Prejudice of Defendants*

12    *William Taylor Carss and Maria Eeya Tan* [Docket No. 176] and (b) *Chapter 11 Trustee's Notice*

13    *Of Motion And Motion For Order Approving Stipulation Between The Debtor; Consumer Legal*

14    *Group, Pc; Lgs Holdco, Llc; And Set Forth, Inc. F/K/A Debtpaypro* [Docket No. 178] (together, the

15    "9019 Motions").

16    2.    Pursuant to the OSTs, the Court scheduled a hearing on the 9019 Motions for July

17    11, 2023 at 2:00 p.m.

18    3.    By 3:00 p.m. on Friday, July 7, 2023, I called approximately 18 creditors, as many

19    creditors as I could by the deadline, to notify them of the hearing date and time. I also called and

20    left a message for Kenneth Misken from the Office of the United States Trustee.

21    4.    In addition, I reviewed the ECF list. The Court set the hearing on the 9019 Motions,

22    thereby notifying those parties on the ECF list. These parties registered to receive electronic notice

23    were also given notice of the 9019 Motions and OSTs upon their filing on July 7, 2023. Attached

24    hereto as **Exhibit A** are true and correct copies of the Proof of Service for the 9019 Motions, which

25    were filed with the 9019 Motions on July 7.

26    5.    Finally, it took significant time to compile the email addresses of all creditors who

27    had filed proofs of claim. However, I emailed all creditors who filed proofs of claim, thereby

28    notifying them of the hearing date and time and providing copies of the 9019 Motions and OSTs.

232

1        I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3

4   DATED:  July 10, 2023                    /s/ Jonathan Serrano

5                                            Jonathan Serrano

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

233

EXHIBIT A

234

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 11 Trustee's Notice of Motion and Motion for Order Approving Stipulation re Avoidance and Recovery of Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee And Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support Thereof; Exhibits** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 6, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-105701-SC**

## I. SERVED ELECTRONICALLY VIA NEF:

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** : rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com,
  jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Richard H Golubow:** rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays:** ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander:** ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com,
  omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman:** mlieberman@lipsonneilson.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias:** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Teri T Pham:** tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato:** gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Paul R Shankman:** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim:** leslie.skorheim@usdoj.gov
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss:** sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**II.** **SERVED VIA REGULAR U.S. MAIL:**

N/A

**III.** **SERVED VIA OVERNIGHT MAIL (FED EX):**

**United States Bankruptcy Court**

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

#31252391v3    18

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): ***Chapter 11 Trustee's Notice of Motion and Motion for Order Approving Stipulation Between the Debtor; Consumer Legal Group, PC; LGS Holdco, LLC; and Set Forth, Inc. F/K/A Debtpaypro; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support Thereof; and Exhibits*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On (*date*) **July 6, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| Date | Printed Name | Signature |

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-105701-SC**

## I. SERVED ELECTRONICALLY VIA NEF:

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** : rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com,
  jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Richard H Golubow:** rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays:** ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com,
  arodriguez@mauricewutscher.com
- **Garrick A Hollander:** ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com,
  omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman:** mlieberman@lipsonneilson.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias:** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Teri T Pham:** tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato:** gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Paul R Shankman:** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim:** leslie.skorheim@usdoj.gov
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss:** sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

1

**II.** **SERVED VIA REGULAR U.S. MAIL:**

2

N/A

3

**III.** **SERVED VIA OVERNIGHT MAIL (FED EX):**

4

**United States Bankruptcy Court**

5

Honorable Scott Clarkson

6

United States Bankruptcy Court
Central District of California

7

411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **Declaration of Chapter 11 Trustee's Counsel Regarding Proof of Notice of Hearing and Service for (10 Motion for Order Approving Stipulation with Phoenix Law PC. William Taylor Carss, and Maria Eeya Tan; and (2) Motion for Order Approving Stipulation with Consumer Legal Group, PC, LGS HoldCo, LLC and Set Forth, Inc.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 10, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) **July 10, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 10, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 10, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

2

241

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-10571-SC**

## I.  SERVED ELECTRONICALLY VIA NEF:

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** : rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com,
  jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow:** rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays:** ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander:** ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com,
  omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman:**  mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias:** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Teri T Pham:** tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato:** gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Paul R Shankman:** PShankman@fortislaw.com, info@fortislaw.com

242

- **Leslie Skorheim:** leslie.skorheim@usdoj.gov
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss:** sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**B.**    **SERVED VIA REGULAR U.S. MAIL:**

N/A

**III.**    **SERVED VIA PERSONAL DELIVERY (MESSENGER):**

**United States Bankruptcy Court**

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

4

243

# EXHIBIT E

United States Bankruptcy Court

Central District of California

In re:                                                                                  Case No. 23-10571-SC

The Litigation Practice Group P.C.                                                      Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-8                        User: admin                                 Page 1 of 1

Date Rcvd: Aug 07, 2023                     Form ID: pdf042                              Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol      Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
             regulations require that automation-compatible mail display the correct ZIP.

\#            Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable,
             the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 09, 2023:**

**Recip ID            Recipient Name and Address**
db                #+   The Litigation Practice Group P.C., 17542 17th St, Suite 100, Tustin, CA 92780-1981

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 09, 2023                          Signature:        /s/Gustava Winters

245

1   Christopher B. Ghio (State Bar No. 259094)
    Christopher Celentino (State Bar No. 131688)
2   Yosina M. Lissebeck (State Bar No. 201654)
    DINSMORE & SHOHL LLP
3   655 West Broadway, Suite 800
    San Diego, CA 92101
4   Telephone:  619.400.0500
    Facsimile:  619.400.0501
5   christopher.ghio@dinsmore.com
    christopher.celentino@dinsmore.com
6   yosina.lissebeck@dinsmore.com

7   Special Counsel to Richard A. Marshack, Chapter 11 Trustee

8

9                    UNITED STATES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

11

12   In re:                                    Case No. 8:23-bk-10571-SC

13   THE LITIGATION PRACTICE GROUP P.C.,       Chapter 11

14            Debtor.                          **ORDER GRANTING MOTION FOR
                                               ORDER APPROVING
15                                             STIPULATION RE AVOIDANCE
                                               AND RECOVERY OF AVOIDABLE
16                                             TRANSFERS TO DEFENDANT
                                               PHOENIX LAW, PC AND
17                                             TURNOVER OF ALL RELATED
                                               PROPERTY TO THE TRUSTEE
18                                             AND ORDER OF DISMISSAL
                                               WITHOUT PREJUDICE OF
19                                             DEFENDANTS WILLIAM TAYLOR
                                               CARSS AND MARIA EEYAH TAN
20                                             AKA EEYA TAN**

21
                                               Date:   July 21, 2023
22                                             Time:   10:00 a.m.
                                               Judge:  Hon. Scott C. Clarkson
23                                             Place:  Courtroom 5C
                                                       411 West Fourth Street
24                                                     Santa Ana, CA 92701

25

26

27

28

246

FILED & ENTERED

AUG 07 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

On July 21, 2023, on the 10:00 a.m. calendar, in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, conducted a hearing on the *Chapter 11 Trustee's Motion for Order Approving Stipulation re Avoidance and Recovery pf Avoidable Transfers to Defendant Phoenix Law, PC and Turnover of All Related Property to the Trustee and Order of Dismissal Without Prejudice of Defendants William Taylor Carss and Maria Eeya Tan* [Docket No. 176] (the "Motion")[1] filed on July 6, 2023 by Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of The Litigation Practice Group P.C. ("LPG") in the above-captioned bankruptcy case. Appearances were identified on the Court record.

The Motion seeks Court approval of that certain Stipulation for Agreed Judgment (1) Avoiding, Recovering, and Preserving Transfers to Defendant, Phoenix Law Group, Inc. ("Phoenix"); (2) Turning Over All of Transferred Property to Trustee, including but limited to files of and contracts with consumer clients of LPG; and (3) Dismissing Without Prejudice Defendants William Taylor Carss and Maria Eeya Tan (the "Stipulation") by and between the Trustee, in his capacity as the duly appointed and acting Trustee for the Debtor, on the one hand, and Phoenix Law, PC, William Taylor "Ty" Carss, and Eeya Tan, on the other hand (collectively the "Parties").

The Court, having considered the Motion, all pleadings filed in support of, and in opposition to, the Motion, good cause appearing, and for the reasons stated on the record and in the Motion:

1.   Grants the Motion;

2.   Approves the terms of the Stipulation, intended to resolve disputes related to avoidance actions between the Parties;

3.   Authorizes the dismissal without prejudice of Defendants William Taylor Carss and Maria Eeyah Tan aka Eeya Tan from this adversary proceeding;

4.   Grants the Avoidance by the Trustee of the transfer of the Files by LPG, and all material and property related thereto including but not limited to payments, communications, and documents, along with any contracts and agreements, to Phoenix as a preferential and/or fraudulent transfer subject to avoidance and recovery by the Debtor pursuant to 11 U.S.C. § 547, 548, and 550;

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

247

5.      Provides that all liability associated with the Transferred Property and the avoidance of the transfers identified in paragraph 4, remains with Phoenix, and such liability is not a charge or liability of the Trustee, LPG or the Estate;

6.      Authorizes the Trustee to (a) execute and enter into the Stipulation in substantially the same form as the Stipulation attached as Exhibit 1 to the Motion and (b) tender same for entry in this adversary proceeding after execution as Judgment against the Defendants;

7.      Reserves jurisdiction to determine any disputes arising in connection with the Stipulation; and

8.      Finds that notice of the Motion was adequate and proper.

**IT IS SO ORDERED.**

### ###

Date: August 7, 2023

Scott C. Clarkson
United States Bankruptcy Judge

# DECLARATION OF PHUONG JAYDE TRINH

I, PHUONG JAYDE TRINH ("Jayde"), declare:

1. I am a licensed California attorney in good standing.

2. I make this Declaration to object that I was **not** served with the dkt.176 Motion, filed , in the main LPG bankruptcy case, by Trustee Marshack's attorneys, the Dinsmore firm, on 7/6/23.

3. I was required to be served with that dkt.176 motion, and was required to be given phone notice of the shortened time hearing the court set on that Motion, and was entitled to be served with a *Notice of Hearing*, which I was not served with.  NONE of those things were done by the Dinsmore firm.

4. I didn't find out that dkt.176 Motion existed until well after it was set by this Court, on very shortened time, for hearing on  7/11/23, and until well after it had been granted by this Court.

5.  I also didn't know about the Bankruptcy Court's dkt.180 Order, also filed in the main LPG bankruptcy case, granting shortened time hearing on the dkt.176 Motion, because I wasn't served with it either.

6. I myself, with no attorney (except I am an attorney), filed a Proof of Claim, in the LPG bankruptcy case, on 6/20/23.  It is on the LPG bankruptcy case claims register.   My Proof of Claim lists my mailing address and phone number.

7. 6/20/23 was before Trustee Marshack's attorneys, the Dinsmore firm, filed their dkt.176 Motion, filed on 7/6/23, in the main LPG bankruptcy case.  Because I

was a creditor who had filed a proof of claim, I was entitled to be served with

Trustee's dkt.176 Motion.  I was not served with that Motion, when it was filed,

or ever.

8.  Because I was never served with the dkt.176 motion, I didn't find out that

Motion had been filed, or heard, until long after the Court had heard and

granted that Motion.

9.  After the fact, I found out that this Court had entered an Order, dkt.180, in the

main LPGgranting Dinsmore firm's request for shortened time hearing of the

dkt.176 Motion, and setting that hearing on very shortened time, on 7/11/23.  ,

by the court's dkt.180 Order shortening time on hearing of the dkt.176 Motion

this Court had granted shortened time hearing on Dinsmore firm's dkt.176

Motion, to be held on 7/11/23, , heard the Motion, and granted it.

10. I didn't know about that dkt.180 Order until months later, as I was not served

with it either.  I found out later that the dkt.180 Order required the Dinsmore

firm to serve the dkt.176 Motion on all creditors and on all interested parties,

and to give all creditors and all interested parties PHONE notice of the 7/11/23

hearing, and required Dinsmore firm to file and serve on all creditors and all

interested parties, a *Notice of Hearing,* stating the 7/11/23 hearing date.

11.  No one gave me  phone notice of the 7/11/23 hearing date, and I was never

served with a *Notice of Hearing* for the shortened time 7/11/23 hearing date.

12. The dkt.176 motion, and dkt.180 Order granting shortened time hearing, are

attached as Exhibits to Declaration of Kathleen P. March to Greyson's REPLY

to OPP of Trustee to Greyson's [dkt.676] administrative claim Motion.

I declare under penalty of perjury that the foregoing is true and correct, and that

this Declaration is executed at Houston, Texas on April 18, 2024.

PHUONG JAYDE TRINH

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*):        **REPLY OF GREYSON LAW GROUP PC, TO TRUSTEE MARSHACK'S OPPOSITION TO GREYSON'S MOTION [DKT.676] FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PER 11 U.S.C. §503(b)(1)(A);**
    **ATTACHED HERE ARE TONY DIAB DECL. (PREVIOUSLY FILED 4/2/24) , SECOND TONY DIAB DECL., SIGNED 4/17/24; TWO SCOTT EADIE DECLS., DOUGLAS PLAZAK DECL., JAYDE TRINH DECL., AND KATHLEEN MARCH DECL.**
     **BEING FILED AS A SEPARATE PLEADING IS HAN TRINH'S REPLY DECLARATION (BEING FILED SEPARATELY DUE TO VERY VOLUMINOUS EXHIBITS)**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___4/18/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___4/18/24___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Litigation Practice Group P.C.
17542 17th St
Suite 100
Tustin, CA 92780

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___4/18/24___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/18/24 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**    birnberg@portersimon.com, reich@portersimon.com
- **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**    mdavis@dtolaw.com, jmartinez@dtolaw.com
- **Anthony Paul Diehl**    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling**    jd@jdl.law,
  dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Meredith Fahn**    fahn@sbcglobal.net
- **William P Fennell**    william.fennell@fennelllaw.com,
  luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com,
  nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Mark Mark Good**    mark@markgood.com
- **David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Richard L. Hyde**    richard@amintalati.com
- **Peter L Isola**    pisola@hinshawlaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Sara Johnston**    sara.johnston@dinsmore.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**
253

- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **William McCormick**    Bill.McCormick@ag.tn.gov
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**    jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Israel Orozco**    israel@iolawcorp.com
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**    rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Tyler Powell**    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**    krogers@wellsmar.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott3@bclplaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**    Mstotaro@aol.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**
254

- **Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**    rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

255