Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
Jonathan Serrano (State Bar No. 333225)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com
jonathan.serrano@dinsmore.com

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>      Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING THE (I) SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND PROOFPOSITIVE LLC AND VENTURE PARTNERS LLC AND (II) SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND MC DVI FUND 1, LLC, MC DVI FUND 2, LLC, AND DEBT VALIDATION FUND II, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF; AND EXHIBITS**<br><br>[No Hearing Required Unless Requested – LBR 9013-1(o)(1)] |

#42706591v5

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR; AND PARTIES TO THE AGREEMENTS AND THEIR RESPECTIVE COUNSEL OF RECORD, IF ANY:**

  **NOTICE IS GIVEN** that on April 19, 2024, Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of debtor The Litigation Practice Group P.C. in the above-captioned bankruptcy case and the plaintiff in the adversary proceeding *Marshack v. Bridge Fund Cap, LLC et al.* [Adv. Proc. No. 8:23-ap-01011-SC] (the "Adversary Proceeding"), filed with the United States Bankruptcy Court and served upon parties in interest a motion (the "Motion") for the entry an order approving (I) that certain Settlement Agreement (the "Venture Agreement")[1] by and between the Trustee, on the one hand, and Proofpositive LLC ("Proofpositive") and Venture Partners LLC ("Venture"), on the other hand, and (II) that certain Settlement Agreement (the "MCDVI Agreement" and, together with the Venture Agreement, the "Agreements")[2] by and between the Trustee, on the one hand, and MC DVI Fund 1, LLC ("MCDVI1"), MC DVI Fund 2, LLC ("MCDVI2"), and Debt Validation Fund II, LLC ("DVF" and, collectively with MCDVI1 and MCDVI2, the "DVI Parties"),[3] that resolves all matters with respect to certain claims asserted by the Trustee against Defendants in the Adversary Proceeding.[4] Specifically, the Trustee seeks an order that does the following:

  1. Grants the Motion in its entirety;

  2. Approves the terms and conditions of the Agreements;

  3. Authorizes the Trustee to settle with Defendants on the terms set forth in the Agreements and to take any and all steps reasonable necessary to consummate the Agreements and related transactions;

---

[1] A true and correct copy of the Venture Agreement is attached to the Motion as **Exhibit 1**.

[2] A true and correct copy of the MCDVI Agreement is attached to the Motion as **Exhibit 2**.

[3] Proofpositive, Venture, DVF, MCDVI1, and MCDVI2 shall be collectively referred to as the "Defendants" herein.

[4] The Trustee and Defendants shall be collectively referred to as the "Parties" herein.

1

#42706591v5

4.     Provides for avoidance under 11 U.S.C. § 547(b) of Defendants recording financing statements—specifically, UCC-1 Statement No. U230009725118 by Proofpositive, UCC-1 Statement No. U230016377733 by Venture, and UCC-1 Statement No. U230009923531 by the DVI Parties (collectively, the "<u>Statements</u>")—with the California Secretary of State pursuant to the terms and conditions set forth in the Agreements;

5.     Provides for the recovery and preservation for the benefit of the Estate under 11 U.S.C. §§ 550 and 551 of the security interests granted to Defendants pursuant to the terms and conditions set forth in the Agreements;

6.     Provides for the treatment of the claims asserted by Defendants—specifically, (a) Claim No. 101682-1 filed by Proofpositive, (b) Claim No. 105, as amended, filed by Venture and Proofpositive jointly; (c) Claim No. 2479 filed by DVF; and (d) Claim No. 2478 filed by MCDI1 and MCDVI2 jointly (collectively, the "<u>Claims</u>")—as Class 3 general unsecured claims under the proposed chapter 11 plan in amounts to be determined through the claims allowance process pursuant to the terms and conditions set forth in the Agreements;

7.     Authorizes the dismissal of the Defendants from the Adversary Proceeding without prejudice;

8.     Determines that the Agreements were made in good faith in an arm's-length transaction;

9.     Provides that the Court retain jurisdiction to interpret and enforce the Agreements and the Court's order relating thereto; and

10.    Determines that adequate notice of the Motion was given.

**NOTICE IS FURTHER GIVEN THAT** the Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 105, and Rules 2002-1 and 9013-1 of the Local Bankruptcy Rules for the Central District of California ("<u>LBR</u>") on the grounds that the proposed settlement resolves certain claims asserted by the Trustee against Defendants by (1) providing for the avoidance of Defendants recording financing statements, (2) recovering and preserving for the benefit of the Estate the security interests granted to Defendants to secure payment of any secured claim that would have been otherwise payable to the Defendants,

(3) treating Defendants' Claims as Class 3 general unsecured claims under the proposed chapter 11 plan in amounts to be determined through the claims allowance process, and (4) dismissing Defendants from the Adversary Proceeding without prejudice. The Trustee believes that the proposed settlement is in the best interest of the Estate as more fully discussed in the Memorandum of Points and Authorities attached to the Motion.

**The foregoing is only a summary of the terms of the Agreements. The actual terms of the proposed settlements are as set forth in the Agreements. Interested parties are encouraged to read the Agreements. Any conflict between this summary and the terms of the Agreements shall be controlled by the terms of the Agreements.**

NOTICE IS FURTHER GIVEN THAT the Motion is based on (a) this Notice of Motion, (b) the Memorandum of Points and Authorities, (c) the Declarations of Richard A. Marshack and exhibits in support of the Motion, (d) the pleadings on file in the Debtor's bankruptcy case and this Adversary Proceeding of which the Court is requested to take judicial notice, and (e) such other pleadings and evidence as may be properly submitted in connection with the Motion.

NOTICE IS FURTHER GIVEN THAT pursuant to LBR 9013-1(o)(1), any response and request for hearing must be (i) in writing and include a complete written statement of all reasons in opposition thereto, and (ii) filed with the Court and served on the Trustee and his counsel at the address set forth above, and the Office of the United States Trustee at 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701, within 14 days after the date of service of this Notice.

NOTICE IS FURTHER GIVEN THAT pursuant to LBR 9013-1(h) the failure to file and serve a timely response to the Motion or request a hearing on the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated:  April 19, 2024                     Respectfully submitted,

DINSMORE & SHOHL LLP

By:  /s/ Jonathan Serrano
     Christopher B. Ghio
     Christopher Celentino
     Yosina M. Lissebeck
     Jonathan Serrano
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

3

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 6

I. STATEMENT OF RELEVANT FACTS ......................................................................... 6

   A.  The Bankruptcy Case ................................................................................................ 6

   B.  Defendants' Prepetition and Postpetition Actions ................................................... 6

   C.  The Adversary Proceeding ...................................................................................... 7

II. SUMMARY OF SETTLEMENT TERMS ...................................................................... 8

III.  STANDARD FOR APPROVAL OF A SETTLEMENT ................................................ 9

IV.  THE PROPOSED SETTLEMENT IS FAIR AND EQUITABLE ................................ 10

   A.  Probability of Success in Litigation ....................................................................... 10

   B.  Collectability on a Judgment ................................................................................. 10

   C.  Complexity of the Litigation Involved and Related Expense ............................... 11

   D.  Paramount Interest of Creditors ............................................................................ 11

V.  CONCLUSION ............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*In re A & C Properties*,
784 F.2d 1377 (9th Cir. 1986) ........................................................... 8, 9, 11

*In re Blair*,
538 F.2d 849 (9th Cir. 1976) ........................................................... 9

*In re New York, New Haven and Hardford R.R. Co.*,
632 F.2d 955 (2d Cir. 1980) ........................................................... 9

*In re W.T. Grant Co.*,
699 F.2d 599 (2d Cir. 1983) ........................................................... 9

*In re Walsh Construction, Inc.*,
669 F.2d 1325 (9th Cir. 1982) ........................................................... 9

*Martin v. Kane (In re A&C Properties)*,
784 F.2d 1377 (9th Cir. 1986) ........................................................... 8

*Martin v. Robinson*,
479 U.S. 854 (1986) ........................................................... 8

**Statutes**

11 U.S.C. § 502(d). ........................................................... 8

11 U.S.C. § 547(b) ........................................................... 7, 10, 11

11 U.S.C. § 550 ........................................................... 7, 10, 11

11 U.S.C. § 551 ........................................................... 7, 10, 11

Fed. R. Bankr. P. 9019(a). ........................................................... 8

#42706591v5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF RELEVANT FACTS

#### A.    The Bankruptcy Case

On March 20, 2023 (the "<u>Petition Date</u>"), debtor The Litigation Practice Group P.C. (the "<u>Debtor</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), commencing the above-captioned bankruptcy case. *See* Pet., ECF No. 1. On May 4, 2023, the Court entered an *Order Directing United States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. The Court entered the *Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee* on the same date [Docket No. 65], and the Trustee has continued to serve in this capacity since this date.

#### B.    Defendants' Prepetition and Postpetition Actions

On February 9, 2023, within 90 days of the Petition Date, Proofpositive LLC ("<u>Proofpositive</u>") filed UCC-1 Statement No. U230009725118 (the "<u>Proofpositive Statement</u>") with the California Secretary of State, asserting a security interest in "$1,053,690.00 in Litigation Practice Group and associated Litigation Practice Group Affiliate customer accounts receivables files." The Debtor granted security interests to Proofpositive in the one or more account receivable purchase agreements executed well before the recording of the Proofpositive Statement. A true and correct copy of the Proofpositive Statement is attached as **Exhibit 7**.

On February 10, 2023, also within 90 days of the Petition Date, MC DVI Fund 1, LLC ("<u>MCDVI1</u>"), MC DVI Fund 2, LLC ("<u>MCDVI2</u>"), and Debt Validation Fund II, LLC ("<u>DVF</u>" and, collectively with MCDVI1 and MCDVI2, the "<u>DVI Parties</u>") filed UCC-1 Statement No. U230009923531 (the "<u>DVI Statement</u>"), asserting a security interest in all the assets of the Debtor. The Debtor granted security interests to the DVI Parties in the one or more account receivable purchase agreements executed well before the recording of the DVI Statement. A true and correct copy of the DVI Statement is attached as **Exhibit 8**.

On March 9, 2023, also within 90 days of the Petition Date, Venture Partners LLC ("<u>Venture</u>" and, together with Proofpositive, the "<u>Venture Parties</u>") filed UCC-1 Statement

No. U230016377733 (the "<u>Venture Statement</u>" and, collectively with the Proofpositive Statement and DVI Statement, the "<u>Statements</u>"), asserting a security interest in "executed Accounts Receivables Purchase Agreements in the amount of $15,959,308.55 Debt Enrolled." The Debtor granted security interests to Venture in the one or more account receivable purchase agreements executed well before the recording of the Venture Statement. A true and correct copy of the Venture Statement is attached as **Exhibit 9**.

In the Debtor's bankruptcy case, on or about July 18, 2023, the Venture Parties filed Proof of Claim No. 105 (the "<u>Venture Claim</u>") as a joint claim against the Debtor, which has been amended from time to time and asserts that the Debtor owes the Venture Parties $15,959,308.55, excluding interest, fees, and costs. A true and correct copy of the first few pages of the Venture Claim is attached as **Exhibit 3**.

On or about February 22, 2024, DVF filed Proof of Claim No. 2479 (the "<u>DVF Claim</u>") against the Debtor, asserting that the Debtor owes DVF $37,138,079.17 excluding interest, fees, and costs. A true and correct copy of the first few pages of the DVF Claim is attached as **Exhibit 4**. On that same date, MCDVI1 and MCDVI2 jointly filed Proof of Claim No. 2478 (the "<u>MCDVI Claim</u>", asserting that the Debtor owes them $66,083,512.76 excluding interest, fees, and costs. A true and correct copy of the first few pages of the MCDVI Claim is attached as **Exhibit 5**.

On or about February 23, 2024, Proofpositive filed Proof of Claim No. 101682-1 (the "<u>Proofpositive Claim</u>" and, collectively with the Venture Claim, DVF Claim, and MCDVI Claim, the "<u>Claims</u>"), asserting that the Debtor owes Proofpositive $1,053,690.00, excluding interest, fees, and costs. A true and correct copy of the first few pages of the Proofpositive Claim is attached as **Exhibit 6**.

### C.    The Adversary Proceeding

On January 26, 2024, the Trustee the adversary proceeding *Marshack v. Bridge Fund Cap, LLC et al.* [Adv. Proc. No. 8:23-ap-01011-SC] (the "<u>Adversary Proceeding</u>") against Defendants and others, asserting eight causes of actions including (1) avoidance, recovery, and preservation of preferential and fraudulent transfers and (2) declaratory judgment to determine the (a) nature, extent, and priority of valid and perfected security interests against the Debtor and (b) secured and

unsecured amounts of defendants' claims. *See* Compl., Adv. ECF No. 1. The Trustee's causes of action against Defendants in this Adversary Proceeding center on (1) avoidance under 11 U.S.C. § 547(b) of Defendants recording the Statements, (2) recovery and preservation of the security interests granted to Defendants for the benefit of the Estate under 11 U.S.C. §§ 550 and 551 , and (3) treatment of the Claims asserted by Defendants under the proposed chapter 11 plan. *See id.*

## II.    SUMMARY OF SETTLEMENT TERMS

Subject to Court approval and on the terms set forth in the Agreements, which are substantially identical, the Trustee is settling certain of the Estate's claims against Defendants. A true and correct copy of the Venture Agreement is attached as **Exhibit 1**, and a true and correct copy of the MCDVI Agreement is attached as **Exhibit 2** to the Motion. The salient terms of the Agreement are as follows:

| | |
|---|---|
| **Effective Date of the Agreement** (Agreement ¶ 1) | The Agreement shall be effective on the date the Court enters an order approving the Agreement. |
| **Avoidance of Recorded Statements as Preferential Transfers** (Agreement ¶ 2) | As agreed to by Defendants, the recording of the Statements constitute preferential transfers as defined by 11 U.S.C. § 547(b) and no defense prevents the Trustee from avoiding the recording of the Statements. Thus, the parties agree that the recording of the respective Statements are hereby avoided, which transforms the Claims into general unsecured claims. |
| **Preservation of the Avoided Security Interest for the Estate** (Agreement ¶ 3) | The security interests granted to Defendants are recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551. Pursuant to these avoided and preserved security interests, the Estate will be entitled to recover up to the secured portion of the allowed Claims of Defendants from the Debtor's assets; however, the total amount of the allowed Claims and the secured portion thereof will still need to be determined. Furthermore, the priority of these avoided and preserved security interest with respect to the other asserted secured creditors of the Debtor must be determined in the Adversary Proceeding. |
| **Treatment of the Claims** (Agreement ¶ 4) | Upon approval of the Agreement, the Claims will be treated as Class 3 general unsecured claims under the proposed chapter 11 plan in amounts to be determined through the claims allowance process. These Claims will remain subject to review and objection, including but not limited to an objection to allowance pursuant to 11 U.S.C. § 502(d). Except as set forth herein, the Trustee is not settling or releasing any other cause of action that may exist against Defendants, including but not limited to those causes of action identified in chapter 5 of the Bankruptcy Code. |

| | | The Parties reserve all rights and claims with respect to the review and ultimate allowance of the Claims. |
| --- | --- | --- |
| **Dismissal of Defendants from the Adversary Proceeding (Agreement ¶ 5)** | | Upon the Court's approval of the Agreement, the Trustee will dismiss Defendants from the Adversary Proceeding without prejudice. Based on the avoidance and preservation of the security interest of Defendants that have been preserved for the Estate with respect to the liens of other creditors of the Debtor whether in the Adversary Proceeding or in other proceedings before the Court. |

The foregoing is a summary of the terms of the proposed Agreements. The actual terms of the Agreements are as set forth in Exhibit 1 and Exhibit 2 hereto. Interested parties are encouraged to read the Agreements. Any conflict between this summary and the terms of the Agreements shall be controlled by the Agreements.

## III.    STANDARD FOR APPROVAL OF A SETTLEMENT

The authority to approve a trustee's compromise of a controversy is set forth in Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which provides in relevant part that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "A court may approve a compromise or settlement only when it is 'fair and equitable.'" *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson,* 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986) (citation omitted).

In determining whether a proposed settlement is fair and equitable, courts in the Ninth Circuit must consider the following factors:

> (a) the probability of success in the litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d at 1381. The bankruptcy court has "great latitude in approving compromises and settlements." *Id.* A court is not "to decide the numerous questions of law and fact . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.

1983), *cert. denied*, 464 U.S. 822 (1983) (citation omitted). A "mini-trial" on the merits of the underlying cause of action is not required and should not be undertaken. *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849, 851–52 (9th Cir. 1976). This considerable discretion is based upon the fact that the "law favors compromise and not litigation for its own sake." *In re A&C Properties*, 784 F.2d at 1381; *see also In re New York, New Haven and Hardford R.R. Co.*, 632 F.2d 955, 959 (2d Cir. 1980) (generally, courts favor compromises as a "normal part of the process of reorganization"). Here, each of the factors enumerated by the Ninth Circuit is satisfied, and thus, approval of the Agreements is warranted.

## IV.    THE PROPOSED SETTLEMENT IS FAIR AND EQUITABLE

The Trustee's proposed settlement is fair, equitable, and reasonable, given the particular circumstances in this case. All four of the factors from *A & C Properties* weigh in favor of approving the Agreements.

### A.    Probability of Success in Litigation

This factor weighs in favor of approving the Agreements. The main dispute concerning Defendants in the Adversary Proceeding involves the perfection of their security interests within 90 days of the Petition Date and more than 30 days after those security interests were granted to the Defendants. *See* Marshack Decl. ¶ 5(e). Based on the Venture Statement being filed on February 9, 2023, the DVI Statement being filed on February 10, 2023, and the Proofpositive Statement being filed on March 9, 2023, all within 90 days of the Petition Date of March 20, 2023, the Trustee contends that he is likely to succeed on preferential transfer claims against Defendants. *See* Proofpositive Statement, Ex. 7; DVI Statement, Ex. 8; Venture Statement, Ex. 9; *see also* Marshack Decl. ¶¶ 5(a), 8. The Agreements provide the relief sought in the complaint without the expense of further litigation.

### B.    Collectability on a Judgment

This factor also weighs in favor of approving the Agreements. A monetary judgment is not sought against Defendants in this Adversary Proceeding. *See* Marshack Decl. ¶ 5(d). Instead, the Trustee seeks avoidance under 11 U.S.C. § 547(b) of Defendants recording the Statements, recovery and preservation for the benefit of the Estate under 11 U.S.C. §§ 550 and 551 of the

security interests granted to Defendants, and unsecured treatment of the Claims asserted by Defendants under the proposed chapter 11 plan. *Id.* ¶ 5(e). The Agreements represent a cost-effective and reasonable resolution of the Parties' disputes and reduce the amount of secured claims in the bankruptcy case, potentially leaving more funds to satisfy administrative and unsecured claims. *See id.* ¶ 9.

### C.    Complexity of the Litigation Involved and Related Expense

This factor supports approving the Parties' compromises. Although the litigation with respect to Defendants is not complex, the expenses required to proceed with litigation against Defendants are significant. *See id.* ¶ 10. To continue with further litigation against Defendants would not benefit the Estate and its creditors as that would increase administrative expenses and leave less funds available to unsecured creditors. *See id.* ¶ 9. Furthermore, the Parties' compromises reduce the amount of secured claims without the need for further litigation and the additional costs associated with it. *See id.* The compromises provide a resolution to the Adversary Proceeding with respect to Defendants and reduce further fees and expenses resulting from further litigation against Defendants.

### D.    Paramount Interest of Creditors

The interests of creditors weighs in favor of approving the settlements.    Upon consummation of the Agreements, the Trustee would have resolved his dispute with five creditors asserting secured claims in the amount of approximately $120 million. *See* Venture Claim, Ex. 3; DVF Claim, Ex. 4; MCDVI Claim, Ex. 5. The compromises position the Estate to free up significant funds for the payment of administrative and unsecured claims. *See* Marshack Decl. ¶ 9. The Agreements constitute the Trustee's good faith effort to curb the burden of increased administrative costs associated with further litigation. *See id.* ¶¶ 9–11. The Trustee does not believe that a significantly better net result would be obtained if this matter were successfully litigated to conclusion. *See id.* ¶ 11.

### V.    <u>CONCLUSION</u>

Based on the foregoing reasons, the Trustee believes that the circumstances of this case warrant the approval of the Agreements as fair and reasonable in satisfaction of the Ninth Circuit

factors in *A&C Properties*. The Motion should be granted and an order entered that provides the following reliefs:

1.      Grants the Motion in its entirety;

2.      Approves the terms and conditions of the Agreements;

3.      Authorizes the Trustee to settle with Defendants on the terms set forth in the Agreements and to take any and all steps reasonable necessary to consummate the Agreements and related transactions;

4.      Provides for avoidance under 11 U.S.C. § 547(b) of Defendants recording the Statements pursuant to the terms and conditions set forth in the Agreements;

5.      Provides for the recovery of and preservation for the benefit of the Estate under 11 U.S.C. §§ 550 and 551 of the security interests granted to Defendants pursuant to the terms and conditions set forth in the Agreements;

6.      Provides for the treatment of the Claims as Class 3 general unsecured claims under the proposed chapter 11 plan in amounts to be determined through the claims allowance process pursuant to the terms and conditions set forth in the Agreements;

7.      Authorizes the dismissal of the Defendants from the Adversary Proceeding without prejudice;

8.      Determines that the Agreements were made in good faith in an arm's-length transaction;

9.      Provides that the Court retain jurisdiction to interpret and enforce the Agreements and the Court's order relating thereto; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1        10.     Determines that adequate notice of the Motion was given.

2

3 Dated: April 19, 2024                 Respectfully submitted,

4

5                             DINSMORE & SHOHL LLP

6

7                             By: /s/ Jonathan Serrano

8                                Christopher B. Ghio
                                Christopher Celentino

9                                Yosina M. Lissebeck
                                Jonathan Serrano

10                        Special Counsel to Richard A. Marshack,
                        Chapter 11 Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1.      I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor") in the above-captioned bankruptcy case ("Case") and the plaintiff in the above-captioned adversary proceeding ("Adversary Proceeding"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2.      I submit this Declaration in support of my *Motion for Order Approving Settlement Agreement Between the Trustee; Proofpositive LLC, And Venture Partners LLC* (the "Motion"). Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of that certain Settlement Agreement (the "Venture Agreement") by and between me (in my capacity as the Trustee and on behalf of the Estate), on the one hand, and Proofpositive LLC ("Proofpositive") and Venture Partners LLC ("Venture"), on the other hand.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of that certain Settlement Agreement (the "MCDVI Agreement" and, together with the Venture Agreement, the "Agreements") by and between me (in my capacity as the Trustee and on behalf of the Estate), on the one hand, and MC DVI Fund 1, LLC ("MCDVI1"), MC DVI Fund 2, LLC ("MCDVI2"), and Debt Validation Fund II, LLC ("DVF" and, collectively with MCDVI1 and MCDVI2, the "DVI Parties").

5.      The Court may take judicial notice of the following:

a.      On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, case commencing the Case.

b.      On May 4, 2023, the Court entered an *Order Directing United States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, I filed my *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

14

#42706591v5

c.      The Court entered the *Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee* on the same date [Docket No. 65], and I have continued to serve in this capacity since this date.

d.      On January 26, 2024, I initiated the Adversary Proceeding against Defendants and others, asserting eight causes of actions including (i) avoidance, recovery, and preservation of preferential and fraudulent transfers and (ii) declaratory judgment to determine the (aa) nature, extent, and priority of valid and perfected security interests against the Debtor and (bb) secured and unsecured amounts of defendants' claims.

e.      The causes of action asserted against Defendants in the Adversary Proceeding sought to (i) avoid the recording of the UCC-1 Statement No. U230009725118 of Proofpositive, UCC-1 Statement No. U230016377733 of Venture, and UCC-1 Statement No. U230009923531 of the DVI Parties under 11 U.S.C. § 547(b); (ii) recovery and preservation for the benefit of the Estate under 11 U.S.C. §§ 550 and 551 of the security interests granted to Defendants; and (iii) treatment under the proposed chapter 11 plan of Claim No. 105, as amended, filed by Venture and Proofpositive, Claim No. 2478 filed by MCDVI1 and MCDVI2, Claim No. 2479 filed by DVF, and Claim No. 101682-1 filed by Proofpositive.

f.      On or about July 18, 2023, the Venture Parties filed Proof of Claim No. 105 (the "Venture Claim") as a joint claim against the Debtor, which has been amended from time to time and asserts that the Debtor owes the Venture Parties $15,959,308.55, excluding interest, fees, and costs. Attached hereto as **Exhibit 3** is a true and correct copy of first few pages of the Venture Claim.

g.      On or about February 22, 2024, DVF filed Proof of Claim No. 2479 (the "DVF Claim") against the Debtor, asserting that the Debtor owes DVF $37,138,079.17 excluding interest, fees, and costs. Attached hereto as **Exhibit 4** is a true and correct copy of the first few pages of the DVF Claim.

h.      On that same date, MCDVI1 and MCDVI2 jointly filed Proof of Claim No. 2478 (the "MCDVI Claim"), asserting that the Debtor owes them $66,083,512.76 excluding

#42706591v5

interest, fees, and costs. Attached hereto as **Exhibit 5** is a true and correct copy of the first few pages of the MCDVI Claim.

i.      On or about February 23, 2024, Proofpositive filed Proof of Claim No. 101682-1 (the "<u>Proofpositive Claim</u>"), asserting that the Debtor owes Proofpositive $1,053,690.00, excluding interest, fees, and costs. Attached hereto as **Exhibit 6** is a true and correct copy of the first few pages of the Proofpositive Claim.

4.      With the assistance of counsel, I negotiated the Agreements. The settlements were the result of extensive and arms' length negotiations between Defendants and me by and through counsel in an effort to reach a compromise of the Parties' dispute in the Adversary Proceeding. The main dispute concerning Defendants in the Adversary Proceeding involves them perfecting their security interest within 90 days of the Petition Date and more than 30 days after the Debtor granted them the right to file a financing statement to perfect their security interests.

5.      A true and correct copy of UCC-1 Statement No. U230009725118 filed by Proofpositive with the California Secretary of State is attached as **Exhibit 7**.

6.      A true and correct copy of UCC-1 Statement No. U230009923531 filed by the DVI Parties with the California Secretary of State is attached as **Exhibit 8**.

7.      A true and correct copy of UCC-1 Statement No. U230016377733 filed by Venture with the California Secretary of State is attached as **Exhibit 9**.

8.      I believe that I am likely to succeed on preferential transfer claims against Defendants.

9.      I believe that the Agreements represent a cost-effective and reasonable resolution of the Parties' disputes, reduces the amount of secured claims in the bankruptcy case, and positions the Estate to free up significant funds for the payment of administrative and unsecured claims.

10.     I believe the expense required to proceed with litigation against Defendants will be significant.

11.     I believe the settlements reflected in the Agreement are fair, equitable, and reasonable under the circumstances of this Case and Adversary Proceeding and in the best interests

#42706591v5

of the Estate. I do not believe that a significantly better net result would be obtained if this matter were successfully litigated to conclusion.

12.     I exercised my reasonable business judgment on the wisdom of a compromise of the Estate's claims against Defendants based on all of the circumstances of which I had become aware, settling those claims as set forth in the Agreements.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  April 19, 2024                    _____

                                                        Richard A. Marshack

17

#42706591v5

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this **31** day of **March**, 2024, by and between Richard A. Marshack, as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of The Litigation Practice Group, P.C. (the "Debtor"), and Proofpositive, LLC ("Proofpositive") and Venture Partners, LLC ("Venture"). The Trustee, Proofpositive, and Venture are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A.       On or about March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), initiating Case No. 8:23-bk-10571-SC (the "Bankruptcy Case").

B.       On or about May 8, 2023, the Trustee was appointed as the Chapter 11 trustee of the bankruptcy estate of the Debtor and assumed all authority to administer the Debtor's estate in the Bankruptcy Case.

C.       On or about February 23, 2024, Proofpositive filed Proof of Claim No. 101682-1 against the Debtor in the amount of $1,053,690.00, and on or about July 18, 2023, Venture filed Proof of Claim No. 105, as amended, against the Debtor in the amount of $15,959.308.55 (collectively "Claims"). The Claims asserted that the amounts owed thereunder were secured by security interests against all the assets of the Debtor and that Proofpositive's security interest was perfected when it filed UCC-1 Statement No. U230009725118 against the Debtor with the California Secretary of State on February 9, 2023 ("Proofpositive Statement") while Venture's security interest was perfected when it filed UCC-1 Statement No. U230016377733 against the Debtor with the California Secretary of State on March 9, 2023 ("Venture Statement"). According to the Claims, the Debtor granted these security interests to Venture and Proofpositive in one or more Accounts Receivable Purchase Agreements of various dates.

D.       On January 26, 2024, the Trustee filed suit against Venture, Proofpositive, and other Defendants in Adversary Proceeding No. 8:23-ap-01011 ("Adversary"). With respect to the Claims of Venture and Proofpositive, the Trustee's complaint alleged that the Proofpositive and Venture Statements were recorded within the ninety-day period preceding the Petition Date. Based on these facts, the complaint asserted (i) that the recording of the Proofpositive and Venture Statements constituted preferential transfers as set forth in 11 U.S.C. § 547 and (ii) that these transfers, once avoided, should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

E.       A separate count of the Trustee's complaint in the Adversary asked the Court to determine the amount(s) and nature (secured or unsecured) of the claims of the Defendants,

1

[Title]

including the Claims of Proofpositive and Venture. The Trustee's complaint also expressly reserved the right to assert additional causes of action against any Defendant, including but not limited to claims arising under chapter 5 of the Bankruptcy Code.

F.    The Parties have discussed the Trustee's claims against Proofpositive and Venture and to avoid the delay and expense of further litigation in the Adversary have reached this agreement to resolve certain claims against Proofpositive and Venture set forth in the Adversary. The Parties agree and acknowledge that this Agreement (i) will not resolve all matters with respect to the Claims with rights being reserved and (ii) will only be effective and binding once approved by the Bankruptcy Court as set forth herein.

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.    **Court Approval.**  This Agreement shall be effective on the date the Bankruptcy Court enters an order approving the Agreement (the "Effective Date"). The Trustee agrees to file a motion seeking court approval of the Agreement following proper notice and hearing.

2.    **Avoidance of Recorded Statement as Preferential Transfer.**  As set forth herein and as agreed to by Proofpositive and Venture, the recording of the Venture and Proofpositive Statements with the California Secretary of State on or about February 9, 2023 and March 9, 2023 constitute preferential transfers as defined by 11 U.S.C. § 547(b) and no defense prevents the Trustee from avoiding the recording of the Statements. Thus, the parties agree that the recording of the respective Statements are hereby avoided, which transforms the Claims of Proofpositive and Venture into general unsecured claims.

3.    **Preservation of the Avoided Security Interests for the Estate**.  Because the recording of the Statement is avoided as a preferential transfer of property of the Debtor's estate pursuant to 11 U.S.C. § 547(b), the security interests granted to Proofpositive and Venture are recovered and preserved for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551. Pursuant to these avoided and preserved security interests, the Debtor's estate will be entitled to recover up to the secured portion of the allowed Claims of Proofpositive and then Venture from the Debtor's assets; however, the total amount of the allowed Claims and the secured portion thereof will still need to be determined. Furthermore, the priority of these avoided and preserved security interests with respect to the other asserted secured creditors of the Debtor must be determined in the Adversary.

4.    **Treatment of Claims of Proofpositive and Venture**.  Upon approval of this Agreement, the Claims will be treated as Class 3 general unsecured claims under the proposed

chapter 11 plan in amounts to be determined through the claims allowance process. These Claims will remain subject to review and objection, including but not limited to an objection to allowance pursuant to 11 U.S.C. § 502(d). Except as set forth herein, the Trustee is not settling or releasing any other causes of action that may exist against Proofpositive and/or Venture, including but not limited to those causes of action, identified in chapter 5 of the Bankruptcy Code. The Parties reserve all rights and claims with respect to the review and ultimate allowance of the Claims.

5.    **Dismissal of Proofpositive and Venture from the Adversary.**    Upon the Bankruptcy Court's approval of this Agreement, the Trustee will dismiss Proofpositive and Venture from the Adversary without prejudice. Based on the avoidance and preservation of the security interests granted to Proofpositive and Venture herein, the Trustee will continue to litigate the priority of the security interests of Proofpositive and Venture that have been preserved for the estate with respect to the liens of other creditors of the Debtor whether in the Adversary or in other proceedings before the Court. As stated above, the allowed amount of the Claims and the secured portion thereof will be determined in the future.

6.    **Merger and Integration.**    This Agreement contains the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements between the Parties relating thereto.

7.    **Signatory Authority.**    Each person who executes this Agreement represents that he or she is duly authorized to execute this Agreement on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Agreement.

8.    **Execution in Counterparts.**    This Agreement may be executed in multiple counterparts, any of which may be transmitted by e-mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9.    **No Presumption**.    The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Agreement and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

10.    **Jurisdiction.**    The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement.

11.    **Governing Law.**    This Agreement is made and entered into under the laws of the State of California and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws.

Settlement Agreement with Venture Partners, LLC, Proofpositive, LLC and Chapter 11 Trustee
#42634933v1

12.     **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

13.     **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

14.     **Miscellaneous.**   The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement.  This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval.  This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns.  The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement between the Chapter 11 Trustee, Proofpositive, and Venture, as defined herein, to be duly executed and delivered as of the date herein above first written.

**RICHARD A. MARSHACK, CHAPTER 11
TRUSTEE FOR THE LITIGATION PRACTICE
GROUP, P.C.**

_____        Dated: _____

**PROOFPOSITIVE, LLC**

By: Gail Hanson _____        Dated: 03/31/2024
Title: CEO _____

**VENTURE PARTNERS, LLC**

By: Diana Hanson _____        Dated: 03.31.2024
Title: CEO _____

4

# EXHIBIT 2

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this ___ day of _____, 2024, by and between Richard A. Marshack, as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of The Litigation Practice Group, P.C. (the "Debtor"), and MC DVI Fund 1, LLC; MC DVI Fund 2, LLC, and Debt Validation Fund II, LLC (collectively "Creditors"). The Trustee and MC DVI are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A.      On or about March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), initiating Case No. 8:23-bk-10571-SC (the "Bankruptcy Case").

B.      On or about May 8, 2023, the Trustee was appointed as the Chapter 11 trustee of the bankruptcy estate of the Debtor and assumed all authority to administer the Debtor's estate in the Bankruptcy Case.

C.      On or about February 22, 2024, Debt Validation Fund II, LLC filed Proof of Claim No. 2479 against the Debtor in the amount of $37,138,079.17, and MC DVI Fund 1, LLC and MC DVI Fund 2, LLC jointly filed Proof of Claim No. 2478 against the Debtor in the amount of $66,083.512.76 (collectively "Claims"). The Claims asserted that the amounts owed thereunder were secured by security interests against all the assets of the Debtor and that these security interests were perfected when Creditors filed UCC-1 Statement No. U230009923531 against the Debtor with the California Secretary of State on February 10, 2023 ("Statement"). According to the Claims, the Debtor granted these security interests to Creditors in separate Note Exchange and Restructuring Agreements executed on or about September 1, 2022.

D.      On January 26, 2024, the Trustee filed suit against Creditors and other Defendants in Adversary Proceeding No. 8:23-ap-01011 ("Adversary"). With respect to the Claims of Creditors, the Trustee's complaint alleged that the Statement was recorded both within the ninety-day period preceding the Petition Date, which was more than thirty days after the execution of the Note Exchange and Restructuring Agreements. Based on these facts, the complaint asserted (i) that the recording of the Statement constituted a preferential transfer as set forth in 11 U.S.C. § 547 and (ii) that this transfer, once avoided, should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

E.      A separate count of the Trustee's complaint in the Adversary asked the Court to determine the amount(s) and nature (secured or unsecured) of the claims of the Defendants,

#42558726v1

including the Claims of Creditors. The Trustee's complaint also expressly reserved the right to assert additional causes of action against any Defendant, including but not limited to claims arising under chapter 5 of the Bankruptcy Code.

F.      The Parties have discussed the Trustee's claims against Creditors and to avoid the delay and expense of further litigation in the Adversary have reached this agreement to resolve certain claims against Creditors set forth in the Adversary. The Parties agree and acknowledge that this Agreement (i) will not resolve all matters with respect to the Claims with rights being reserved and (ii) will only be effective and binding once approved by the Bankruptcy Court as set forth herein.

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.      **Court Approval.** This Agreement shall be effective on the date the Bankruptcy Court enters an order approving the Agreement (the "Effective Date"). The Trustee agrees to file a motion seeking court approval of the Agreement following proper notice and hearing.

2.      **Avoidance of Recorded Statement as Preferential Transfer.** As set forth herein and as agreed to by Creditors, the recording of the Statement with the California Secretary of State on or about February 10, 2023 constitutes a preferential transfer as defined by 11 U.S.C. § 547(b) and no defense prevents the Trustee from avoiding the recording of the Statement. Thus, the Parties agree that the recording of the Statement is hereby avoided, which transforms the Claims of Creditors into general unsecured claims.

3.      **Preservation of the Avoided Security Interests for the Estate.** Because the recording of the Statement is avoided as a preferential transfer of property of the Debtor's estate pursuant to 11 U.S.C. § 547(b), the security interests granted to Creditors are recovered and preserved for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551. Pursuant to these avoided and preserved security interests, the Debtor's estate will be entitled to recover up to the secured portion of the allowed Claims of Creditors from the Debtor's assets; however, the total amount of the allowed Claims and the secured portion thereof will still need to be determined. Furthermore, the priority of these avoided and preserved security interests with respect to the other asserted secured creditors of the Debtor must be determined in the Adversary.

4.      **Treatment of Creditor Claims.** Upon approval of this Agreement, the Claims will be treated as Class 3 general unsecured claims under the proposed chapter 11 plan in amounts to be determined through the claims allowance process. These Claims will remain subject to review and objection, including but not limited to an objection to allowance pursuant to 11 U.S.C.

§ 502(d).  Except as set forth herein, the Trustee is not settling or releasing any other causes of action that may exist against Creditors, including but not limited to those causes of action, identified in chapter 5 of the Bankruptcy Code.  The Parties reserve all rights and claims with respect to the review and ultimate allowance of the Claims.

5.     **Dismissal of Creditors from the Adversary.**  Upon the Bankruptcy Court's approval of this Agreement, the Trustee will dismiss the Creditors from the Adversary without prejudice.  Based on the avoidance and preservation of the security interests granted to Creditors herein, the Trustee will continue to litigate the priority of the security interests of Creditors that have been preserved for the estate with respect to the liens of other creditors of the Debtor whether in the Adversary or in other proceedings before the Court.  As stated above, the allowed amount of the Claims and the secured portion thereof will be determined in the future.

6.     **Merger and Integration.**  This Agreement contains the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements between the Parties relating thereto.

7.     **Signatory Authority.**  Each person who executes this Agreement represents that he or she is duly authorized to execute this Agreement on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Agreement.

8.     **Execution in Counterparts.**  This Agreement may be executed in multiple counterparts, any of which may be transmitted by e-mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9.     **No Presumption.**  The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Agreement and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

10.    **Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement.

11.    **Governing Law.**  This Agreement is made and entered into under the laws of the State of California and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws.

12.    **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

#42558726v1

13.     **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

14.     **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns. The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement between the Chapter 11 Trustee and the Creditors, as defined herein, to be duly executed and delivered as of the date herein above first written.

**RICHARD A. MARSHACK, CHAPTER 11
TRUSTEE FOR THE LITIGATION PRACTICE
GROUP, P.C.**

_____     Dated: _____

**MC DVI FUND 1, LLC**
By: McKenna Capital, LLC, Manager

By: _____     Dated:   4/19/24

Title:   Ryan McKenna, Manager

**MC DVI FUND 2, LLC**
By: McKenna Capital, LLC, Manager

By: _____     Dated:   4/19/24

Title:   Ryan McKenna, Manager

**DEBT VALIDATION FUND II, LLC**
By: The Real Asset Investor, LLC, Manager

By: _____     Dated:   4/19/24

Title:   David Zook, Manager

Settlement Agreement with MC DVI Parties and Chapter 11 Trustee

#42558726v1

# EXHIBIT   3

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | The Litigation Practice Group P.C. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court | Central District of California |
| Case number: | **23−10571** |

# Official Form 410
## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Venture Partners LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   ProofPositive LLC

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Venture Partners LLC | |
| Name | Name |
| 1309 Coffeen Avenue STE 1200 Sheridan, WY 82801 | |
| Contact phone   775−895−6122 | Contact phone |
| Contact email   support@venturepartners.ai | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known)   105   Filed on   07/18/2023
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ 15959308.55

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Accounts Receivables

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:   Accounts Receivables

**Basis for perfection:**   UCC–1

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ 15959308.55

**Amount of the claim that is secured:**   $ 15959308.55

**Amount of the claim that is unsecured:**   $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ 4045912.36

**Annual Interest Rate** (when case was filed)   15  %

☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | | Amount entitled to priority |
|---|---|---|---|---|

<table>
<tr><td rowspan="8">A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.</td><td>☐ No</td><td></td></tr>
<tr><td>☑ Yes. <i>Check all that apply:</i></td><td></td></tr>
<tr><td>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).</td><td>$ _____</td></tr>
<tr><td>☐ Up to $3,350 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).</td><td>$ _____</td></tr>
<tr><td>☐ Wages, salaries, or commissions (up to $15,150 *) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).</td><td>$ _____</td></tr>
<tr><td>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).</td><td>$ _____</td></tr>
<tr><td>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).</td><td>$ _____</td></tr>
<tr><td>☑ Other. Specify subsection of 11 U.S.C. § 507(a)(<u>4</u>) that applies</td><td>$ 15959308.55</td></tr>
</table>

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| **Part 3:** | **Sign Below** |
|---|---|

<table>
<tr><td>

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

</td><td>

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    7/18/2023
                     MM / DD / YYYY

/s/ Diana Hanson
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Diana Hanson |
|---|---|
| | First name    Middle name    Last name |
| Title | COO |
| Company | Venture Partners LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 1309 Coffeen Avenue STE 1200 |
| | Number   Street |
| | Sheridan, WY 82801 |
| | City   State   ZIP Code |
| Contact phone | 775-895-6122     Email   support@venturepartners.ai |

</td></tr>
</table>

# EXHIBIT   4

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor 1</td><td>The Litigation Practice Group P.C.</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:  Central District of California</td></tr>
<tr><td>Case number</td><td>8:23-bk-10571-SC</td></tr>
</table>

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:    Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Debt Validation Fund II, LLC<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.  From whom? _____ |

| | | |
|---|---|---|
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>David Zook<br>Name<br><br>5075 Lower Valley Road<br>Number       Street<br>Atglen, PA 19310<br>City                    State              ZIP Code<br><br>Contact phone  484-630-7132<br><br>Contact email  dave@therealassetinvestor.com | Where should payments to the creditor be sent? (if different)<br><br>_____<br>Name<br><br>_____<br>Number       Street<br>_____<br>City                    State              ZIP Code<br><br>Contact phone  _____<br><br>Contact email  _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ | |

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____     Filed on _____<br>MM  /  DD  /  YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____66,083,512.76__. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Monies loaned

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe: All personal property

**Basis for perfection:** UCC Financing Statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____12,476,447.58

**Annual Interest Rate** (when case was filed) 10.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02/22/2024
           MM / DD / YYYY

_Signature_

**Print the name of the person who is completing and signing this claim:**

Name    David Zook
        First name          Middle name              Last name

Title   Manager of The Real Asset Investor, LLC, Manager of Debt Validation Fund II, LLC

Company
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  5075 Lower Valley Road
         Number      Street
         Atglen, PA 19310
         City                    State      ZIP Code

Contact phone  484-630-7132              Email  dave@therealassetinvestor.com

# EXHIBIT  5

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor 1</td><td>The Litigation Practice Group P.C.</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: Central District of California</td></tr>
<tr><td colspan="2">Case number  8:23-bk-10571-SC</td></tr>
</table>

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | MC DVI Fund 1, LLC and MC DVI Fund 2, LLC <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Ryan McKenna <br> Name <br> 1598 Cottonwood Dr. <br> Number     Street <br> Glenview, IL 60026 <br> City          State          ZIP Code <br><br> Contact phone   224-432-0469 <br><br> Contact email   ryan@mckennacapital.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _____ | **Where should payments to the creditor be sent?** (if different) <br><br> Name <br><br> Number     Street <br><br> City          State          ZIP Code <br><br> Contact phone _____ <br><br> Contact email _____ |
| 4. | Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____   Filed on ____/____/____ <br>                                                               MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 37,138,079.17 . Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Monies loaned

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe: All personal property

**Basis for perfection:** UCC Financing Statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 6,943,632.74

**Annual Interest Rate** (when case was filed) 10.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   02/22/2024
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Ryan McKenna | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Manager of McKenna Capital, LLC, Manager of MC DVI Fund 1 and 2, LLC | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1598 Cottonwood Dr. | | |
| | Number      Street | | |
| | Glenview, IL 60026 | | |
| | City | State | ZIP Code |
| Contact phone | 224-432-0469 | Email | ryan@mckennacapital.com |

Print      Save As...      Add Attachment      Reset

# EXHIBIT   6

Debtor: The Litigation Practice Group P.C

UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA

Case Number: 23-10571

<div style="border:1px solid green;">

**FILED**

Claim No. 101682

**February 23, 2024**

By Omni Claims Agent
For U.S. Bankruptcy Court
Central District of California

</div>

Official Form 410

## Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

ProofPositive LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

[X] No
[ ] Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

ProofPositive LLC

30 N Gould St STE 30

Sheridan, WY. 82801

Contact Phone  17758956122
Contact email  monkeymindai@gmail.com

Where should payments to the creditor be sent? (if different)

Contact Phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

**4. Does this claim amend one already filed?**

[X] No
[ ] Yes    Claim Number on court claims registry (if known) _____    Filed On _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[X] No
[ ] Yes    Who made the earlier filing? _____

**Proof of Claim**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

[X] No

[ ] Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

---

**7. How much is the claim?**    $ $1,053,690.00

**Does this amount include interest or other charges?**

[X] No

[ ] Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

Goods Sold

---

**9. Is all or part of the claim secured?**

[ ] No

[X] Yes    The claim is secured by a lien on property

**Nature of property:**

[ ] Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

[ ] Motor Vehicle

[X] Other    Describe: Accounts Receivables

**Basis for perfection:**   UCC-1 U230009725118

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ $1,053,690.00

**Amount of the claim that is secured:**    $ $1,053,690.00

**Amount of the claim that is unsecured:**    $ $0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ $1,053,690.00

**Annual Interest Rate:**   (when case was filed)   15.00  %

[X] Fixed

[ ] Variable

---

**10. Is this claim based on a lease?**

[X] No

[ ] Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

---

**11. Is this claim subject to a right of setoff?**

[X] No

[ ] Yes    Identify the property: _____

---

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. § 503(b)(9)).?**

[X] No

[ ] Yes    Amount of 503(b)(9) Claim: $ _____

---

**Proof of Claim**

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No
☒ Yes    *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5). | $_____ |
| ☒ Other. Specify subsection of 11 U.S.C. § 507(a)(__4__) that applies. | $ 1,053,690.00 |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   2/23/2024
                   MM / DD / YYYY

Gail Hanson
   Signature

Print the name of the person who is completing and signing this claim:

Name        Gail Hanson
            First Name              Middle Name              Last Name

Title       Member

Company     ProofPositive LLC
            Identify the corporate servicer as the company if the authorized agent is a servicer.
            30 N Gould St STE 30

Address

            Sheridan, WY. 82801

Contact Phone   17758956122        Email    monkeymindai@gmail.com

---

**Proof of Claim**

# EXHIBIT  7



U230009725118



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U230009725118 |
| Date Filed: 2/9/2023 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | ProofPositive LLC |
| Organization Name | ProofPositive LLC |
| Phone Number | (775) 895-6122 |
| Email Address | monkeymindai@gmail.com |
| Address | 30 N GOULD ST<br>STE R<br>SHERIDAN, WY 82801 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| Litigation Practice Group | 17542 E 17th Street<br>Suite 100<br>Tustin, CA 92780 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| ProofPositive LLC | 30 N Gould St<br>STE R<br>Sheridan, WY 82801 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
$1,053,690.00 in Litigation Practice Group and associated Litigation Practice Group Affiliate customer accounts receivables files.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:

☐ This Financing Statement is to be filed in the real estate records (if applicable).

This Financing Statement:

☐ Covers timber to be cut

☐ Covers as-extracted Collateral

☐ Is filed as a fixture filing

B1490-3759 02/09/2023 12:11 PM Received by California Secretary of State

Name and address of a Record Owner of real estate described above (if Debtor does not have a record interest):

Description of real estate:

Miscellaneous Information:

Search to Reflect:

☐ Order a Search to Reflect

B1490-3760 02/09/2023 12:11 PM Received by California Secretary of State

# EXHIBIT 8



U230009923531



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U230009923531 |
| Date Filed: 2/10/2023 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | Dugan Kelley |
| Organization Name | Kelley Clarke PC |
| Phone Number | (972) 253-4440 |
| Email Address | dugan@kelleyclarke.com |
| Address | 603 E BROADWAY ST PROSPER, TX 75078 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| Litigation Practice Group PC | 17542 17TH STREET STE 100 TUSTIN, CA 92780 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| MC DVI FUND 2 LLC | 1598 Cottonwood Dr Glenview, IL 60026 |
| MC DVI FUND 1, LLC | 172 Center Street Suite 202 PO Box 2869 Jackson, WY 83001 |
| DEBT VALIDATION FUND II, LLC | 1309 Coffeen Avenue STE 1200 Sheridan, WY 82801 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
All personal property of every kind and nature, including, without limitation, all accounts, contract rights, rights to the payment of money, insurance claims and proceeds, chattel paper, electric chattel paper, documents, instruments, securities and other investment property, deposit accounts, supporting obligations of every nature, and general intangibles, including without limitation, customer lists, and all books and records related thereto, and all recorded data of any kind and any nature, regardless of the medium of recording; together with, to the extent not listed above as the original collateral, all substitutions and replacements for and products of any of the foregoing property, and together with proceeds of any and all of the foregoing property.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:

Miscellaneous Information:

Search to Reflect:

☐ Order a Search to Reflect

B1493-2233 02/10/2023 7:26 AM Received by California Secretary of State

# EXHIBIT   9



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U230016377733 |
| Date Filed: 3/9/2023 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | |
| Organization Name | Venture Partners LLC |
| Phone Number | (775) 895-6122 |
| Email Address | diana.gopela@venturepartners.ai |
| Address | 1309 COFFEEN AVENUE<br>STE 1200<br>SHERIDAN, WY 82801 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| The Litigation Practice Group PC | 17542 E. 17th Street<br>STE 100<br>Tustin, CA 92780 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| Venture Partners LLC | 1309 COFFEEN AVENUE<br>STE 1200<br>SHERIDAN, WY 82801 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
Executed Accounts Receivables Purchase Agreements in the amount of $15,959,308.55 Debt Enrolled.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:

Miscellaneous Information:

Search to Reflect:
☐ Order a Search to Reflect

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): ***CHAPTER 11 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING THE (I) SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND PROOFPOSITIVE LLC AND VENTURE PARTNERS LLC AND (II) SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND MC DVI FUND 1, LLC, MC DVI FUND 2, LLC, AND DEBT VALIDATION FUND II, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF; AND EXHIBITS*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 19, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Richard H Golubow**: rgolubow@wghlawyers.com
On behalf of Defendants Proofpositive LLC, Venture Partners LLC, MC DVI Fund 1, LLC, MC DVI Fund 2, LLC, and Debt Validation Fund II, LLC

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 19, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 19, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 19, 2024 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

18

#42706591v5

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-105701-SC**

## I. SERVED ELECTRONICALLY VIA NEF:

- **Bradford Barnhardt:** bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger:** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg:** birnberg@portersimon.com, reich@portersimon.com
- **Peter W Bowie:** peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark:** rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis:** mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl:** anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling:** jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman:** dedelman@edcombs.com, courtecl@edcombs.com
- **Meredith Fahn:** fahn@sbcglobal.net
- **William P Fennell:** william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Alan W Forsley:** alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe:** mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- **Jeremy Freedman:** jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Eric Gassman:** erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg:** efilings@ginsburglawgroup.com
- **Eric D Goldberg:** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden:** jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow:** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Mark Mark Good:** mark@markgood.com
- **David M Goodrich:** dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays:** ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

#42706591v5

- **Garrick A Hollander**: ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**: b.holman@musickpeeler.com
- **Richard L. Hyde**: richard@amintalati.com
- **Peter L Isola**: pisola@hinshawlaw.com
- **Razmig Izakelian**: razmigizakelian@quinnemanuel.com
- **Sara Johnston**: sara.johnston@dinsmore.com
- **Sweeney Kelly**: kelly@ksgklaw.com
- **Joon M Khang**: joon@khanglaw.com
- **Ira David Kharasch**: ikharasch@pszjlaw.com
- **Meredith King**: mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**: nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**: David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**: chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**: Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**: matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**: daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**: bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**: marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman**: mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**: Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig**: mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**: marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**: kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**: bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**: pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**: lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**: sarah.mattingly@dinsmore.com
- **William McCormick**: Bill.McCormick@ag.tn.gov
- **Kenneth Misken**: Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**: bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**: gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**: Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**: anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**: vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**: jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Queenie K Ng**: queenie.k.ng@usdoj.gov
- **Israel Orozco**: israel@iolawcorp.com
- **Keith C Owens**: kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**: lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**: rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**: dplazak@rhlaw.com
- **Tyler Powell**: tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

20

- **Daniel H Reiss**: dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**: ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**: vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**: krogers@wellsmar.com
- **Gregory M Salvato**: gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano**: jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**: Mstotaro@aol.com
- **Paul R Shankman**: PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**: Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **Jeffrey M Singletary**: jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**: leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**: info@pfllc.com
- **Howard Steinberg**: steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**: astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**: Ocbkatty@aol.com
- **United States Trustee (SA)**: ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**: wwall@wall-law.com
- **Sharon Z. Weiss**: sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**: JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**: rzepeda@omniagnt.com

## II.  SERVED VIA U.S. MAIL:

<u>Debtor</u>:
The Litigation Practice Group P.C.
17542 17th St., Suite 100
Tustin, CA 92780

## III.  SERVED VIA OVERNIGHT MAIL (FED EX):

### United States Bankruptcy Court

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701

#42706591v5