PETER C. ANDERSON
United States Trustee
Kenneth M. Misken (State Bar No. 349167)
Assistant United States Trustee
Queenie K. Ng (State Bar No. 223803)
Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Tel: (714) 338-3403
Fax: (714) 338-3421
Email: Kenneth.M.Misken@usdoj.gov
Email: Queenie.K.Ng@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**THE LITIGATION PRACTICE GROUP, P.C.,**<br><br><br><br>                    Debtor. | Case Number 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S LIMITED OPPOSITION TO DISCLOSURE STATEMENT DESCRIBING JOINT CHAPTER 11 PLAN OF LIQUIDATIONG (DATED MARCH 22, 2024)**<br><br>DATE:     May 14, 2024<br>TIME:      1:30 p.m.<br>CTRM:    5C<br>              411 W. 4th Street<br>              Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, CHAPTER 11 TRUSTEE, AND ALL PARTIES IN INTEREST:**

The United States Trustee hereby files this limited opposition (the "Limited Opposition") to the Disclosure Statement (the "Disclosure Statement") Describing Joint

1

Chapter 11 Plan of Liquidation (Dated March 22, 2024. Bankr. Dkt. # 1058), because: (1) the Disclosure Statement does not disclose the amount of professional fees incurred by each professional; and (2) the exculpation clause does not have a carve out for fraud, willful misconduct, or gross negligence as required by *Blixseth v. Credit Suisse*, 961 F.3d 1074 (9th Cir. 2020). The United States Trustee does not believe that the Disclosure Statement contains "adequate information" upon which the parties in interest will be able to make an informed judgment about the Plan as required by 11 U.S.C. § 1125.

## I. <u>MINIMUM DISCLOSURE REQUIREMENTS</u>

Section 1125 of the Bankruptcy Code prohibits the solicitation of acceptances or rejections of a plan from the holder of a claim or interest unless a written disclosure statement, which the court has found to contain adequate information, has first been transmitted to such holder. "Adequate information" is defined as:

> "[I]nformation of a kind, and in sufficient detail, as far is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . .".

11 U.S.C. §1125(a)(1).

The phrasing of this section indicates that a finding of "adequate information" will be made on a case-by-case basis. No set of guidelines, therefore, could hope to be exclusive or exhaustive. However, there has developed some consensus around a "core" set of factors to be considered in most cases. The leading case setting forth these factors is *In re Metrocraft Publishing Services, Inc.,* 30 B.R. 567 (Bankr. N.D. Ga. 1984). The

2

*Metrocraft* court found that factors relevant to evaluating the adequacy of a disclosure

"may include" the following:

(1) the events which led to the filing of a bankruptcy petition;

(2) a description of the available assets and their value;

(3) the anticipated future of the company;

(4) the source of information stated in the disclosure statement;

(5) a disclaimer;

(6) the present condition of the debtor while in chapter 11;

(7) the scheduled claims;

(8) the estimated return to creditors under a chapter 7 liquidation;

(9) the accounting method utilized to produce financial information and the name of the

accountants responsible for such information;

(10) the future management of the debtor;

(11) the chapter 11 plan or a summary thereof;

(12) the estimated administrative expenses, including attorneys' and accountant's fees;

(13) the collectibility of accounts receivable;

(14) financial information, data, valuations or projections relevant to the creditors'

decision to accept or reject the Chapter 11 plan;

(15) information relevant to the risks posed to creditors under the plan;

(16) the actual or projected realizable value from recovery of the preferential or

otherwise voidable transfers;

3

(17) litigation likely to arise in a non-bankruptcy context;

(18) tax attributes of the debtor; and

(19) the relationship of the debtor with affiliates.

*Metrocraft, supra,* 39 B.R. at 568.

## II. DISCLOSURE STATEMENT

The United States Trustee files this limited objection to the Disclosure Statement/Plan, as follows:

1. The Disclosure Statement Should Provide the Estimated Amount of Professional Fee Claims.

The Disclosure Statement, at pages 27 to 29, provides for the treatment of administrative claims, including the Professional Fee Claims. However, it does not list the estimated anticipated amount of professional fees. Specifically, it states that "[t]he administrative claim amounts set forth above simply represent the Plan Proponents' best estimate as to the identity of the Holders and the amounts of projected administrative claims in this case. The actual administrative claims may be higher or lower . . . ." Disclosure Statement, at p. 28:27 at p. 29:1-2. However, no estimated claim amounts were disclosed in the Disclosure Statement itself.

Section 1129(a)(9) requires that all administrative and priority creditors be paid in full on the Effective Date unless they agree to a different treatment of their claims. *See* 11 U.S.C. § 1129(a)(9). The Disclosure Statement states that the Estate will have sufficient funds to meet the feasibility requirement because: (1) the Estate projects to hold at least

$12.7 million in cash (as of the Effective Date); and (2) the estimated amounts of Allowed

Secured Claims, Allow Administrative Claims and All Priority Claims totaled only

approximately $11.8 million. *See* Disclosure Statement, at p. 83:7-14.

Here, the Disclosure Statement specifically identified the secured and priority claim

obligations. As stated above, the Disclosure Statement does not list the estimated

anticipated amount of professional fees. As such, the United States Trustee is not able to

verify whether the Estate will have sufficient funds to meet the feasibility requirement.[1]

    2. <u>The Exculpation Clause Should Be Revised to Provide a Carve-Out for Fraud, Willful Misconduct or Gross Negligence.</u>

Section III(C)(4) of the Disclosure Statement provides for exculpation

and limitation of liability, stating:

> To the maximum extent permitted by law, neither the Trustee, the
> Liquidating Trustee, the Estate, the Committee, the Post-
> Confirmation Oversight Committee, nor any of their employees,
> officers, directors, shareholders, agents, members,
> representatives, or the professionals employed or retained by any
> of them, whether or not by Court order shall have or incur
> liability to any person or entity for an act taken or omission made
> in good faith in connection with or related to the formulation and
> implementation of the Plan, the Disclosure Statement, or a
> contract, instrument, release, or other agreement or document
> created in connection therewith, the solicitation of acceptances
> for or confirmation of a Plan, or the consummation and

---

[1] On April 29, 2024, the Trustee and the Committee filed a Notice of First Supplement to the Disclosure Statement (the "Supplement") [Bankr. Dkt. # 1145] to provide a liquidation analysis. The Supplement projects that the post-petition professional fees and Chapter 11 Trustee fees to be $7.7 million and $479,149.00, respectively. Nonetheless, the United States Trustee is unclear if the $7.7 million estimated fees covers all Professional Fee Claims listed in the Disclosure Statement (at page 28) and the Supplement does not provide a breakdown of the fees for each Professional Fee Claim listed in the Disclosure Statement.

> implementation of the Plan and the transactions contemplated
> therein . . . .

Disclosure Statement, at p. 15-23.

In *Blixseth v. Credit Suisse*, 961 F.3d 1074 (9th Cir. 2020), the Ninth Circuit held that a plan provision exculpating non-debtors was permissible because it did not "affect obligations relating to the claims filed by creditors and discharged through the bankruptcy proceedings." *Id.* at 1081. In doing so, the Ninth Circuit specifically noted that the exculpation clause at issue did not release parties from willful misconduct or gross negligence. *Id.*

Here, the exculpation clause at issue does not provide a carve out for fraud, willful misconduct or gross negligence. The Court should require that the exculpatory provision carve out acts which constitute fraud, willful misconduct, or gross negligence.[2]

WHEREFORE, the United States Trustee submits his limited objection to the approval of the Disclosure Statement unless the foregoing concerns are addressed by the Trustee,

PETER C. ANDERSON
UNITED STATES TRUSTEE

Dated: May 1, 2024       ***/s/ Kenneth M. Misken***
                        Kenneth M. Misken
                        Assistant United States Trustee

---

[2] The Disclosure Statement, at pages 55 to 56, provides for the Liquidating Trustee and Post-Confirmation Oversight Committee's exculpation, indemnification, insurance and liability limitation. There, the exculpatory provision carved out acts which constitute "bad faith, fraud, or willful misconduct." Disclosure Statement, at p. 5514-27 to p. 66:1.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**411 West Fourth Street, Suite 7160, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled (*specify*):

**UNITED STATES TRUSTEE'S LIMITED OPPOSITION TO DISCLOSURE STATEMENT
DESCRIBING JOINT CHAPTER 11 PLAN OF LIQUIDATIONG (DATED MARCH 22, 2024)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (date) **May 1, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (date) **May 1, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **May 1, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 1, 2024 | Queenie Ng | /s/ Queenie Ng |
|---|---|---|
| Date | Print Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| Name | Capacity | Email Address |
|---|---|---|
| Byron Moldo | | bmoldo@ecjlaw.com |
| Ronald Brown | SDCO Tustin Executive Center, Inc. | ron@rkbrownlaw.com |
| Joon Khang | Debtor's Attorney | joon@khanglaw.com |
| Ira Kharasch | | ikharasch@pszjlaw.com |
| Olivia Scott | Azzure Capital LLC | olivia.scott3@bclplaw.com |
| Olivia Scott | Hi Bar Capital LLC | olivia.scott3@bclplaw.com |
| Sharon Weiss | Azzure Capital LLC | sharon.weiss@bclplaw.com |
| Daniel Edelman | Carolyn Beech | dedelman@edcombs.com |
| Eric Bensamochan | | eric@eblawfirm.us |
| Alan Craig Hochheiser | City Capital NY | ahochheiser@mauricewutscher.com |
| Randall Baldwin Clark | | rbc@randallbclark.com |
| Nicholas Koffroth | Committee of Unsecured Creditors | nkoffroth@foxrothschild.com |
| Keith Owens | | kowens@foxrothschild.com |
| Shawn Christianson | | cmcintire@buchalter.com |
| Leslie Cohen | | leslie@lesliecohenlaw.com |
| Jeffrey Golden | | jgolden@go2.law |
| D Edward Hays | | ehays@marshackhays.com |
| David Kupetz | | David.Kupetz@lockelord.com |
| Christopher Langley | | chris@slclawoffice.com |
| Daniel Lev | | daniel.lev@gmlaw.com |
| Laila Masud | | lmasud@marshackhays.com |
| Alan Nahmias | | anahmias@mbn.law |
| Victoria Newmark | | vnewmark@pszjlaw.com |
| Ronald Richards | | ron@ronaldrichards.com |
| Gregory Salvato | | gsalvato@salvatoboufadel.com |
| Andrew Still | | astill@swlaw.com |
| Johnny White | | JWhite@wrslawyers.com |
| Richard Golubow | Debt Validation Fund II LLC | rgolubow@wghlawyers.com |
| Richard Golubow | MC DVI Fund 1, LLC | rgolubow@wghlawyers.com |
| Richard Golubow | MC DIV Fund 2, LLC | rgolubow@wghlawyers.com |
| Garrick Hollander | | ghollander@wghlawyers.com |
| Christopher Celentino | Trustee's Special Counsel | christopher.celentino@dinsmore.com |
| Christopher Ghio | | christopher.ghio@dinsmore.com |
| Yosina Lissebeck | | Yosina.Lissebeck@Dinsmore.com |
| Jonathan Serrano | | jonathan.serrano@dinsmore.com |
| Teri Pham | | tpham@epglawyers.com |
| Michael Lieberman | Phillip A. Greenblatt, PLLC | mlieberman@lipsonneilson.com |
| Paul Shankman | United Partnerships, LLC | PShankman@fortislaw.com |
| Kenneth Misken | UST | Kenneth.M.Misken@usdoj.gov |
| Queenie Ng | UST | Queenie.K.Ng@usdoj.gov |
| Jenny L Doling | | jd@jdl.law |
| Glenn Moses | ADP, Inc. | gmoses@venable.com |
| Amy Ginsburg | Shannon Bellfield/Kenton Cobb | efilings@ginsburglawgroup.com |
| Michael Totaro | | Ocbkatty@aol.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Alan Forsley | | alan.forsley@flpllp.com |
| Richard Hyde | | rhyde@awglaw.com |
| Meredith King | | mking@fsl.law |
| Anthony Paul Diehl | | anthony@apdlaw.net |
| Zev Shechtman | Morning Law Group | Zev.Shechtman@saul.com |
| Meredith Fahn | | fahn@sbcglobal.net |
| Mitchell Ludwig | Fundura Capital Group | mbl@kpclegal.com |
| Kathleen March | Greyson Law Center PC | kmarch@bkylawfirm.com |
| Eric Gassman | | erg@gassmanlawgroup.com |
| Bradford Barnhardt | | bbarnhardt@marshackhays.com |
| Peter Bowie | | peter.bowie@dinsmore.com |
| Sara Johnston | | sara.johnston@dinsmore.com |
| Kelli Ann Lee | | Kelli.lee@dinsmore.com |
| Tyler Power | | tyler.powell@dinsmore.com |
| Peter Isola | Merchants Credit Corp. | pisola@hinshawlaw.com |
| Razmig Izakelian | OHP-CDR, LP | razmigizakelian@quinnemanuel.com |
| Reina Zepeda | Omni Agent Solutions | rzepeda@omniagnt.com |
| Mark Mark Good | Opportunity Fund | mark@markgood.com |
| Israel Orozco | | israel@iolawcorp.com |
| Mark Markus | David Orr | bklawr@bklaw.com |
| Adam Stein-Sapir | Pioneer Funding Group | info@pfllc.com |
| Maureen Shanhan | Randall Baldwin Clark | Mstotaro@aol.com |
| Britteny Leyva | Revolv3, Inc. | bleyva@mayerbrown.com |
| Brian Holman | Sharp Electronics | b.holman@musickpeeler.com |
| William McCormick | TN Dept of Revenue | Bill.McCormick@ag.tn.gov |
| William Fennell | Validation Partners | william.fennell@fennelllaw.com |
| Michael Pinkston | Wells Marble and Hurst | rpinkston@seyfarth.com |
| Kevin Rogers | | krogers@wellsmar.com |

***SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY
TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.***

2.    **SERVED BY U.S. MAIL**

Debtor:
**The Litigation Practice Group P.C.**
17542 17th St., Suite 100
Tustin, CA 92780

**Jason Patterson Stopnitzky**
52 Cupertino Circle
Aliso Viejo, CA 92656

**Grobstein Teeple LLP**
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**Consumer Privacy Ombudsman**
Lucy L. Thomson
1455 Pennsylvania Avenue, N.W. Suite 400
Washington, D.C. 20004


**Belinda Vega**
Venable LLP
2049 Century Park East, Ste. 2300
Los Angeles, CA 90067

**Melina Beltran**
22700 Lake Forest Dr, Apt 131
Lake Forest, CA 92630

**Tracy Carrington**
1512 Myrtle Dr
Danville, IL 61832

**Force Ten Partners LLC**
5271 California Ave Ste 270
Irvine, CA 92617

**Raul E De Quesada**
7947 S.W. 104 St, Apt. C-101
Miami, FL 33156

**Omni Agent Solutions**
1120 Avenue of the Americas 4th Fl
New York, NY 10036

**Robert Reed Pruyn**
276 S. 1000 E.
Salt Lake City, UT 84102

**Jaslynn Sanchez**
2960 E Jackson Ave #R0s6
Anaheim, CA 92806

**Jorge E Sanchez**
2550 E Ward Terrace Apt 63
Anaheim, CA 92806

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**Peter Schneider**
10900 NE 4th St Ste 2300
Bellevue, WA 98004

**Mark Shuter, II**
2656 Pointewood Loop
Galena, OH 43021

**Judith Skiba**
PO Box 1016
Pascagoula, MS 39568

**Jason Patterson Stopnitzky**
52 Cupertino Circle
Aliso Viejo, CA 92656

**Kimberly Torres**
1177 W Chateau Ave
Anaheim, CA 92802

**Melissa A Wilkes**
8888 Keystone Crossing Pkwy Ste 300
Indianapolis, IN 46240

3.    **SERVED BY (state method for each person served):**

**PERSONAL DELIVERY, FACSIMILE OR EMAIL**

Judge's Copy

Honorable Scott C. Clarkson – bin on the 5th Floor

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.