z Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224; Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Attorneys for Greyson Law Center, PC*
*Han Trinh & Jayde Trinh on this Objection*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Bankruptcy Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**OBJECTION OF *GREYSON LAW CENTER PC, JAYDE TRINH & HAN TRINH,* TO SPECIFIC PORTIONS OF DISCLOSURE STATEMENT AND PROPOSED CHAPTER 11 PLAN, FILED BY CHAPTER 11 TRUSTEE MARSHACK AND CREDITORS' COMMITTEE**<br><br><u>Hearing on Disclosure Statement is set for:</u><br>Date: May 15, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom of Bankruptcy Judge Scott Clarkson, by Zoom or in person at:<br>411 West Fourth Street, Courtroom 5C<br>Santa Ana, CA 92701-4593 |

**TO CHAPTER 11 TRUSTEE RICHARD MARSHACK, TO CREDITORS' COMMITTEE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, TO DEBTOR LITIGATION PRACTICE GROUP, PC ("LPG"), TO ALL OTHER PARTIES IN INTEREST, AND TO COUNSEL OF RECORD FOR ALL OF THESE PARTIES:**

Greyson Law Center PC, Jayde Trinh & Han Trinh—which are all administrative claimants (plus Han and Jayde have prepetition claims as well)—object, **as discussed below**, to specific portions of the Disclosure Statement [dkt.1058 filed 3/22/24] set for hearing on May 14, 2024, on the Chapter 11 Plan proposed jointly by Chapter 11 Trustee Marshack and the Committee of Unsecured Creditors, and object to the same provisions in said Chapter 11 plan [dkt.1057, filed 3/22/24] , because the objected to provisions make the Plan **nonconfirmable on its face**, and it is a waste of resources of the Court and all parties to proceed with solicitation and voting and plan confirmation hearing of a Chapter Plan that is nonconfirmable on its face, because the Chapter Plan violates specific sections of the Bankruptcy Code.

1. **The Disclosure Statement should not be approved, and the Court should proceed no further with the proposed Chapter 11 Plan, unless the exculpation language is OMITTED from the Disclosure Statement and proposed Chapter 11 Plan**

   The proposed Chapter 11 plan, at p.50 has an exculpation clause, D., as follows:

   "D. Exculpation; Limitation of Liability
   To the maximum extent permitted by law, **neither** the **Trustee**, the Liquidating Trustee, **the Estate**, the Committee, the Post-Confirmation Oversight Committee,

---

**OBJECTION OF GREYSON LAW CENTER PC, JAYDE TRINH & HAN TRINH, TO SPECIFIC PORTIONS OF DISCLOSURE STATEMENT AND PROPOSED CHAPTER 11 PLAN, FILED BY CHAPTER 11 TRUSTEE MARSHACK AND CREDITORS' COMMITTEE** 2

nor any of their employees, officers, directors, shareholders, agents, members, representatives, **or the professionals employed or retained by any of them**, whether or not by Court order **shall have or incur liability** to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, **or the consummation and implementation of the Plan and the transactions contemplated therein**. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan."

This Court should not allow this proposed Plan to move forward, unless this "Exculpation" provision is removed. This exculpation clause is an invitation to the "exculpated" persons to misbehave, because this exculpation clause, if left in the Plan, prevents them, **and their attorneys**, from being liable for misbehavior.

Trustee Marshack, and his attorneys being included in the list of people "exculpated" is particularly wrong, because Trustees have statutory duties pursuant to the Bankruptcy Code, and people, such as Trustee Marshack, apply to become Trustees. Trustees, and their attorneys, should be subject to all liability provided by law, instead of this Exculpation clause narrowing/limiting/reducing their liability to the "maximum extent permitted by law".

The limited Objection [dkt1160 filed 5/1/24] of the Office of the US Trustee, to this Exculpation clause, says:

> "the Exculpation Clause Should Be Revised to Provide a Carve-Out for Fraud, Willful Misconduct or Gross Negligence".

In other words, the Exculpation Clause **as presently written**, would allow Trustee Marshack, the Liquidating Trustee, and their attorneys, and employees and agents to **commit fraud, willful misconduct and/or gross negligence**, and NOT be liable for any of those things.

Giving people a free pass on committing misconduct only encourages them to commit misconduct. There is already a serious question in the LPG bankruptcy case (see briefing at VI., of Greyson's REPLY, with Declaration of Kathleen P. March, Esq. thereto [dkt.501 in 8:23-ap-01046-SC, filed 4/24/24]), as to why Trustee Marshack's special counsel, Dinsmore & Shohl, LLP, did **not** tell this Court that Russ Squires (a person who was not a lawyer, but who, by using a moribund law firm, Morning Law, became the winning bidder to buy debtor LPG's clients files from the LPG bankruptcy estate) had been accused of having recently misappropriated 5.5 million dollars from Validation Partners, and had not been cleared from that accusation.

Dinsmore & Shohl, LLP had been given that information, by Wes Thomas, in a meeting Thomas had with Dinsmore attorneys. Thomas had supplied Dinsmore firm with a lengthy written document about those allegations.

Unresolved allegations that Russ Squires had misappropriated 5.5 million dollars from Validation Partners—if Dinsmore & Shohl, LLP had given that information to this Court—should certainly have weighed against this Court proclaiming Russ Squires (through Morning Law) as the winning bidder for the LPG bankruptcy estate's client files.

However, it appears that Dinsmore & Shohl LLP did NOT give that highly relevant information to this Court. There should be an investigation into why Dinsmore & Shohl LLP did NOT give this highly relevant information to this Court.

The need for investigation is pressing, because Morning Law has reportedly lost most of its consumer clients that it purchased from the LPG bankruptcy estate, and will likely fail, with the result that Morning Law will NOT pay the money (estimated to be 40 million dollars) that Morning Law contracted to pay the LPG bankruptcy estate, as the winning bidder for LPG's client files.

If Morning Law does not pay the LPG bankruptcy estate what it contracted to pay, there will not be money to pay LPG administrative claimants, and will be zero to pay general unsecured creditors. Even Trustee's attorneys and Creditor Committee attorneys may not be paid in full.

The Court, the Office of US Trustee, and the Creditors' Committee, should investigate WHY Dinsmore & Shohl LLP failed to give this Court this highly relevant, unfavorable, information about Russ Squires, who is said to now be running Morning Law. Were one or more attorney at Dinsmore & Shohl LLP offered present

or future consideration to withhold this highly relevant, unfavorable information about Russ Squires, from this Court? That possibility should be considered and investigated.

One thing is certain, the LPG bankruptcy case, and LPG's plan, should NOT have the proposed Exculpation clause, or any exculpation clause. This Court should order stricken, before allowing the proposed Plan to proceed any further.

The Disclosure Statement (Section III(C)(4)) quotes the Exculpation clause in the proposed Plan (quoted supra), but is deficient for failing to explain to the reader that the Plan's Exculpation Clause is so broad that it would excuse the named persons—including Chapter 11 Trustee Marshack and his attorneys, and including whoever is appointed as the Liquidating Trustee, and that person's attorneys, from being liable if any of them **commit fraud, willful misconduct and/or gross negligence.**

2. **A Bond should be required, the provision in the plan that "the Liquidating Trustee shall be exempt from giving any bond or other security in any jurisdiction", should be ordered Deleted, by this Court, before the Plan moves forward**

All bankruptcy trustees, including Trustee Marshack, have been required to post a bond, to be the Chapter 11 Trustee in the LPG bankruptcy case. Trustee posted a bond of over 20 million dollars.

Similarly, the Liquidating Trustee that the plan proposes, to take possession of all the assets of debtor LPG, and to distribute those assets pursuant to the terms of the proposed Plan, **should be required to post a bond**.

Bonds are prudent because every now and then, people do take the money and flee.

The Disclosure Statement, at p.59, simply quotes the "no bond" required language. That is deficient for not explaining to the reader that the purpose of a bond is to pay creditors/claimants, up to the amount of the bond, if the Liquidating Trustee or their attorneys or staff, takes the (estimated to be 12 million dollars of) LPG bankruptcy estate money and absconds with it. People do steal money entrusted to them. The proceeding against attorney Thomas Girardi, accused of stealing approximately 200 million dollars from his law firm's client trust account, is a recent reminder of this.

**3. The Plan must require that the Liquidating Trust, and the Trustee of the Liquidating Trust, Reserve (aka set aside and not be distributed to anyone else) the Full Amount of Administrative Claims, If Administrative Claims are Objected to by Trustee Marshack before the Plan is confirmed, or are Objected to by the Liquidating Trustee, after the Plan is confirmed**

The proposed Plan, at p.40, Item I.1, states the Liquidating Trustee can object to any and all claims, and states a p.40 Item I.2 that if any part of a claim is disputed

NOTHING will be paid on the claim, until such disputed claim becomes an allowed claim:

> " 2. No Distribution Pending Allowance of Claims.
> Notwithstanding any other provision of this Plan, if any portion of a Claim is a DisputedClaim**, no payment or distribution** provided under this Plan shall be made on account of such Disputed Claim unless and **until such Disputed Claim becomes an Allowed Claim.**

That provision is error, because it would result in zero being paid on a 1 million dollar claim, if $1 of that claim is disputed. That is wrong. This Court should require this provision to be amended to read that no payment or distribution shall be made on the disputed portion of the claim, until that disputed portion becomes allowed, but that any undisputed portion of the claim shall be paid immediately.

The Disclosure Statement is defective for failure to point out this error.

Even worse, the Plan needs to, but does not appear to, **require that the full amount that would be owed to a disputed claim, must be reserved (aka set aside and not be distributed to anyone else)** while objections to the claim are resolved, so that the Liquidating Trust/Liquidating Trustee will have the money to pay that claim, if that claim is allowed.

This Court should not allow this proposed Plan to move forward, without requiring such language to be added to the Plan and to the Liquidating Trust.

It would violate the rights of a claimant whose claim is disputed, for that claimant to have to litigate the claimant's claim to get that claim allowed, only to discover that the money the liquidating trust had, to pay that claim, had been paid out

to someone else, while the claim was being disputed, so there is nothing left to pay the disputed claim, once it is allowed.

And unless the Exculpation clause is omitted (discussed in 1 supra) and unless a bond is required (discussed in 2 supra), the Liquidating Trustee, his agents and his attorneys, would **not** be liable for paying out the money owed to a claimant whose claim is disputed, while that disputed claim is being litigated, leaving no money in the Liquidating Trust to pay the claim, once it is allowed, and there would be no bond that the claimant could make a claim against, to be paid.

The Disclosure Statement is deficient for failure to discuss all the above problems.

4.     **Conclusion:**  The Court should direct the above changes be made to the proposed Plan and Liquidating Trust, and that the amended Plan be filed, and that an amended Disclosure Statement, describing the proposed amended Plan, be filed and served, and that a hearing be held on the amended Disclosure Statement.

Dated: May 2, 2024                    THE BANKRUPTCY LAW FIRM, PC

                                      __/s/ Kathleen P. March_____
                                      By: Kathleen P. March, Esq
                                      *Attorneys for Greyson Law Center, PC*
                                      *Han Trinh & Jayde Trinh on this Objection*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION OF GREYSON LAW CENTER PC, JAYDE TRINH & HAN TRINH, TO SPECIFIC PORTIONS OF DISCLOSURE STATEMENT AND PROPOSED CHAPTER 11 PLAN, FILED BY CHAPTER 11 TRUSTEE MARSHACK AND CREDITORS' COMMITTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___5/2/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___5/2/24___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Litigation Practice Group P.C.
17542 17th St
Suite 100
Tustin, CA 92780

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___5/2/24___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

A Judge's Copy of this document is not required because it is under 25 pages.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/2/24 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**   eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**   birnberg@portersimon.com, reich@portersimon.com
- **Peter W Bowie**   peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**   ron@rkbrownlaw.com
- **Christopher Celentino**   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**   cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**   rbc@randallbclark.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**   mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl**   anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling**   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**   dedelman@edcombs.com, courtecl@edcombs.com
- **Meredith Fahn**   fahn@sbcglobal.net
- **William P Fennell**   william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**   mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- **Jeremy Freedman**   jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Eric Gassman**   erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**   christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg**   efilings@ginsburglawgroup.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Mark Mark Good**   mark@markgood.com
- **David M Goodrich**   dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**   b.holman@musickpeeler.com
- **Richard L. Hyde**   rhyde@awglaw.com
- **Peter L Isola**   pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com
- **Sara Johnston**   sara.johnston@dinsmore.com
- **Sweeney Kelly**   kelly@ksgklaw.com
- **Joon M Khang**   joon@khanglaw.com
- **Ira David Kharasch**   ikharasch@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                     F 9013-3.1.PROOF.SERVICE

- **Meredith King**  mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**  nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**  David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**  chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**  Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**  matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**  daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**  bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**  marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman**  mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig**  mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**  marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**  kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**  bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**  pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**  sarah.mattingly@dinsmore.com
- **William McCormick**  Bill.McCormick@ag.tn.gov
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**  bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**  gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**  Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**  anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**  vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**  jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Israel Orozco**  israel@iolawcorp.com
- **Keith C Owens**  kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**  lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**  rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**  dplazak@rhlaw.com
- **Tyler Powell**  tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **Daniel H Reiss**  dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**  vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**  krogers@wellsmar.com
- **Gregory M Salvato**  gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**  olivia.scott3@bclplaw.com
- **Jonathan Serrano**  jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**  Mstotaro@aol.com
- **Paul R Shankman**  PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                 **F 9013-3.1.PROOF.SERVICE**

- **Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**    rzepeda@omniagnt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**