D. EDWARD HAYS, #162507
ehays@marshackhays.com
ALINA MAMLYUK, #284154
amamlyuk@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No: 8-23-bk-10571-SC<br><br>Chapter 11<br><br>CHAPTER 11 TRUSTEE'S OMNIBUS RESPONSE TO MOTIONS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS FILED BY:<br><br>DAVID ORR, ESQ. [DK. NO. 697]<br>PETER SCHNEIDER [DK. NO. 702]<br>AMY GINSBURG (KENTON COBB, SHANNON BELLFIELD) [DK. NO. 706]<br>ISRAEL OROZCO [DK. NO. 862]<br><br>DECLARATIONS OF KENTON COBB AND ISRAEL OROZCO IN SUPPORT THEREOF<br><br>Date: May 23, 2024<br>Time: 11:00 a.m.<br>Ctrm: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, the duly appointed Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG"), hereby respectfully submits this Omnibus Response to the motions for allowance of administrative claims for legal

1

services filed by similarly situated claimants: David Orr, Esq. ("Orr"), Peter Schneider ("Schneider"), Amy Ginsburg ("Ginsburg"), Kenton Cobb ("Cobb"), Shannon Bellfield ("Bellfield"), and Israel Orozco ("Orozco" and together with Orr, Schneider, and Ginsburg, "Attorney Claimants"), with regard to the following:

**1.    Pertinent Factual Background**

Pre-petition, Debtor was a law firm that provided consumer debt resolution services servicing more than 50,000 customers across the United States. In 2022, Debtor's annual revenue exceeded $150 million.

On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case"). Prior to the bankruptcy, Debtor fraudulently transferred all its assets and clients. As of the petition date, Debtor had virtually no assets or clients.

On May 8, 2023, Richard A. Marshack was appointed as the Chapter 11 Trustee of the Debtor's estate. Docket No. 65.

On October 16, 2023, the Court entered an Order setting the Administrative Claims Bar Date as November 21, 2023. Docket No. 577.

On November 21, 2023, a Motion and Notice of Motion for Allowance of Administrative Claim Under 11 U.S.C. 503(b)(1) was filed by David Orr, Esq. Docket No. 697.

On November 21, 2023, a Notice and Motion for Payment Of His Administrative Claims Pursuant To 11 U.S.C. 503(b)(1)(A)(i) was filed by Peter Schneider. Docket No. 702.

On November 21, 2023, a Motion for Allowance of Administrative Claim Pursuant to 11 U.S.C. 503 was filed by Shannon Bellfield, Kenton Cobb, and Amy Ginsburg. Docket No. 706.

On January 5, 2024, Trustee filed a Motion to Continue Hearing on the motions for allowance of administrative expense claims. Docket No. 816.

On January 8, 2024, the Court entered an Order granting the Trustee's Motion to Continue Hearing, continuing the initial hearings on all matters to February 29, 2024, and treating those hearings as status conferences. Docket No. 818.

On January 20, 2024, a Motion to File Claim After Claims Bar Date was filed by Israel Orozco. Docket No. 862.

On February 15, 2024, Trustee filed an Omnibus Unilateral Report Regarding Status of Motions for Allowance of Administrative Expense Claim Under 11 U.S.C. §503(b) ("Feb. 15 Status Report"). Docket No. 940.

On March 6, 2024, the Court entered a Scheduling Order, setting April 11, 2024, as the deadline for Trustee to respond to any of the motions for allowance of administrative expense claims for a specific group of claimants, including Attorney Claimants. Docket No. 986.

On April 11, 2024, Trustee filed an Omnibus Stipulation to Modify Briefing Schedule and to Continue Hearing on Motion for Allowance of Administrative Expense Claims filed by each of the Attorney Claimants ("Omnibus Stipulation"). Docket No. 1101.

On April 12, 2023, the Court entered an Order approving the Omnibus Stipulation, setting May 2, 2024, as the deadline for the Trustee to file a response to any of the motions for allowance of administrative claims filed by each of the Attorney Claimants. Docket No. 1107.

After communication with the Attorney Claimants to verify the merits of their claims, each of the Attorney Claimants provided necessary documentation to support the amount of their administrative expense claims. Where the Trustee disputed any portion of the amount pursuant to restrictions of Section 503(b) as to parameters of permitted administrative expenses, Trustee communicated this dispute to the Attorney Claimants. Specifically, the Trustee advised Ginsburg that vacation and sick time accrued by Cobb is not a permissible administrative expense. Further, Trustee communicated with Orozco that pre-petition expenses as well as bar fees are not permissible administrative expenses.

As such, Trustee obtained a declaration from Cobb and Orozco to reflect an adjusted amount that properly conforms to Section 503(b). Attached is a declaration of Kenton Cobb which reduced the original amount sought from $37,471.15 to $29,481.15 which is the amount to which the Trustee does not object. Likewise, attached is a declaration of Israel Orozco which reduced the original amount sought from $58,158.00 to $44,923.88 which is the amount to which the Trustee does not object.

## 2. Trustee's Response

Administrative priority is allowed for claims under 11 U.S.C. § 503(b) ("Section 503") where a claim (1) is incurred post-petition, (2) directly and substantially benefits the estate, and (3) is an actual and necessary expense of preserving an estate. *See* 11 U.S.C § 503(b).

After verifying each of the claims of the Attorney Claimants, Trustee does not oppose their assertion that the services included in each of their claims comply with all the requirements of Section 503 and as such does not oppose the Motions.

Based on the foregoing, Trustee does not object to the Court entering an order granting administrative claims as follows:

David Orr, Esq. [Dk. No. 697]: $31,068.45

Peter Schneider [Dk. No. 702]: $67,252.77

Amy Ginsburg, Kenton Cobb, Shannon Bellfield [Dk. No. 706]: $67,419.61[1]

Israel Orozco: [Dk. No. 862]: $44,923.88

In light of the lack of objections to the Motions on the docket, Trustee respectfully requests that the Court vacate the May 23, 2024, hearing on the Motions and enter an order deeming the amounts above to be allowable administrative expenses.

DATED: May 2, 2024                    MARSHACK HAYS WOOD LLP

By: /s/ D. Edward Hays
D. EDWARD HAYS
ALINA MAMLYUK
Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

---

[1] $31,538.46 allocated to Ginsburg; $6,400 allocated to Bellfield; $29,481.15 allocated to Cobb

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>        Debtor. | Case No. 8:23-cv-10571-SC<br><br>Chapter 11 |

### DECLARATION OF KENTON COBB

I, Kenton Cobb, declare as follows:

1. I am a licensed attorney in Oklahoma, Illinois, Arkansas, Iowa, North Dakota and Wyoming. I was an attorney employed by Litigation Practice Group, P.C. ("Debtor" or "LPG"). I am creditor of the bankruptcy estate ("Estate""") of LPG. Except as to statements based on information and belief, I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Motion for Order Authorizing Allowance and Payment of Administrative Claim Pursuant to 11 U.S.C. § 503 ("Motion"). Any term not specifically defined herein shall have the meaning provided in the Motion.

2. On March 20, 2023, the Debtor filed the instant chapter 11 case. On May 8, 2023, Richard A. Marshack was appointed as the Chapter 11 Trustee. Pursuant to an order granting the Stipulation Between Chapter 11 Trustee, Office of the United States Trustee, the Official Committee of Unsecured Creditors to Set Administrative Bar Date (dkt. 575 and 577), the deadline for the filing a request to allow an administrative claim arising at any time from the

7. On June 18, 2023, GLC contacted all staff and indicated that everyone had been terminated as of June 9, 2023, more than a week prior. See Exhibit B to Ms. Ginsburg's Dec.

8. Although I continued to perform work during that time, I was not compensated for any work performed between May 29, 2023 and June 9, 2023. During that time I continued to work on LPG cases as I did prior to the commencement of this bankruptcy.

9. As of June 18, 2023, I had numerous LPG cases that I was continuing to work on. Some clients had hearings approaching, others had settlements we were finalizing, discovery was due in some, and then there were some files where clients did not resolve or defaulted on settlements, and I was assisting the client with post-judgment executions. We reviewed state bar and court rules for options to withdraw from cases, but due to the status of some matters or the requirements of the court or bar, withdrawing seemed like it could cause prejudice to a client and would likely not be granted, and in many cases I was sympathetic to the client who had paid funds to LPG and did not want the money they paid to have been wasted. I felt an ethical obligation to continue representing the clients that I had been working with from LPG.

10. During this time Ms. Ginsburg also informed me that she had been in touch with Mr. Celentino from Mr. Marshack's office and understood they were looking at options to have the assets of LPG bought and that there may an opportunity to continue on with a new entity and seek compensation from the Estate for the work I was performing.

11. For these reasons, I continued to handle LPG files through August 4, 2023, at which time I began working with Morning Law Group, PC.

12. Two days prior, on August 2, 2023, the Court entered an Order granting the Trustee's sale of substantially all of the Debtor's assets ("Sale Order"). See D.E. 352.

13. Under the Sale Order, the Trustee agreed to sell, among other things, the Estate's

interest in "consumer client-related accounts receivable and notes receivable" and "legal services agreement entered into by a consumer client and [LPG]" (collectively the "Assets") for significant consideration payable over time.

14. The legal services that the clients had paid for (the client-related accounts receivable) were the services I was providing to the clients. LPG had been paid to have an attorney, such as myself, represent these individuals in legal matters. The amounts that would continue to be paid by these clients were for the services that attorneys like me had been providing and would continue to provide on those files.

15. These assets only have value if there are attorneys that were and could handle these matters on behalf of the clients. Otherwise, without a legal team that can handle these matters, clients are purchasing a service that cannot be provided. Legal services were the primary purpose of LPG, and why clients were paying LPG.

16. I continued to represent LPG clients without compensation between May 29, 2023 and August 4, 2023, and my wages during this time totaled $28,846.15 pre-tax.

17. During my time with LPG, Oakstone and Greyson, I worked 40 hours a week on the cases assigned to me. Between May 29, 2023 and August 4, 2023, I continued to work 40 hours a week on the cases that were assigned to me as the matters previously assigned to me remained my cases and I had to continue to handling those matters in a professional manner. Although I was no longer compensated to represent the clients, I felt an ethical obligation to continue the representation and provide the services that were required. I attended hearings, prepared pleadings, negotiated settlements, handled post-judgment, and post-settlement matters, and addressed client questions and concerns as I would have during the time I was paid.

18. In addition, I am seeking compensation for my office expenses (rent, copy,

internet) totaling $575; and NEF charges from the bank for payrolls that did not go through, totaling $60.

19. In total I am seeking $29,481.15 for the services I performed on behalf of LPG clients, and associated expenses.

20. These services were necessary to ensure that LPG clients continued to receive legal services, despite LPG filing bankruptcy, and to ensure that I was meeting the ethical obligations that were owed to these clients. A clear benefit was received by LPG for these services.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 1st day of May 2024 in Conway, Arkansas.

_____
KENTON COBB, ESQ.

Israel Orozco, Esq. (340722)
**ISRAEL OROZCO LAW PC**
700 E Birch St, Unit 69
Brea, CA 92822
Tel:    (657) 468-9066
Fax:    N/A
israel@iolawcorp.com

*In Pro Per*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| The Litigation Practice Group P.C., | Chapter 11 |
| Debtor. | **DECLARATION OF ISRAEL OROZCO IN SUPPORT OF MOTION FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM [DKT NO. 862]** |

I, Israel Orozco declare as follows:

I am an attorney at law, duly licensed to practice law under the Laws of the State of California, as well as in the Central District of California. This declaration is in support of my Motion for an Order for Allowance of Administrative Expense Claim [Dkt. No. 862] in the above-captioned case. I make the following facts to be true and based upon my personal knowledge, except as otherwise stated. If required, I would competently testify with respect to the facts herein.

1. From May 7, 2023, to August 4, 2023—the Sale Date—as a licensed attorney, I provided legal services, that were necessary and actual to preserve the estate of Debtor, without compensation. Moreover, for every week from May 7, 2023, to August 4, 2023, I declare that I worked no less than 40 hours a week exclusively on LPG client files, which amounts to time spent on legal work done for LPG clients.

2.       The total hours spent on LPG client files for the thirteen weeks from May 7, 2023, to August 4, 2023, while working 40 hours a week, totals 520 total hours spent working exclusively on LPG client files.

3.       The total hours spent on LPG client files during the above-mentioned time period was calculated by keeping a Master List of LPG client files. My master list includes dates and billable hours of the amount of time spent on each client, and reflects the date said billable hours were incurred as well as the amount of time spent.

4.       My master list cites the type of legal work done for LPG clients, which includes time spent communicating with clients (via email, phone calls, text-messages), opposing counsel, legal drafting and filings, time spent attending court hearings and trials, and time spent drafting settlement agreements, where applicable, and discussing with clients so they understand these settlement agreements.

5.       The total hours spent on LPG client files during the above-mentioned time period was also calculated by referencing and cross-referencing my emails that I received and sent out during that time.

6.       The total postpetition value of my legal services for unpaid wages provided from May 7, 2023, to August 4, 2023, based on the foregoing, is calculated to be **$41,000.05**.

7.       Additionally, the total *postpetition* value of my reimbursable business expenses provided to Debtor is **$4,240.83**, for the following expenses incurred by I on behalf of Debtor's clients: (i) One Legal Expenses **($2,999.90)**; (ii) CourtCall **($144.00)**; (iii) Mailing & Shipping **($86.85)**; (iv) Direct Court Reservations **($61.65);** (v) Bar Admissions Fees **($317.00)**; (vi) DocuSign **($300.00)**; and (vii) Work Travel **($331.43)**. I am also not seeking reimbursement of the above Bar Admissions Fees as an administrative expense, bringing my total of expenses to **$3,923.83**.

8.       After productive discussions with counsel for the Trustee, I am also agreeing to withdraw my prepetition reimbursable expenses, which I had calculated at **$12,917.80**. On July 6, 2023, I filed a Proof of Claim [Claim No. 104-1], which will be amended to reflect the

DECLARATION OF ISRAEL OROZCO IN SUPPORT OF MOTION FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM [DKT NO. 862]

prepetition expenses I had originally included in my Administrative Claim.

9. WHEREFORE, I respectfully request for the Court to enter an order granting my administrative claim in the amount of $41,000.05 in wages and $3,923.83 in expenses which equals **$44,923.88**.

I, declare, under penalty of perjury, under the laws of the State of California, that the foregoing is correct and true.

Dated this 2nd day of May 2024, at Brea, California.

_____
Israel Orozco

- 3 -
DECLARATION OF ISRAEL OROZCO IN SUPPORT OF MOTION FOR AN ORDER FOR ALLOWANCE OF ADMINISTRATIVE CLAIM [DKT NO. 862]