RICHARD H. GOLUBOW (SBN 160434)
rgolubow@wghlawyers.com
GARRICK A. HOLLANDER (SBN 166316)
ghollander@wghlawyers.com
PETER W. LIANIDES (SBN 160517)
plianides@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, 5th Floor
Newport Beach, CA  92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

A. Barry Cappello (SBN 037835)
abc@cappellonoel.com
David L. Cousineau (SBN 298801)
dcousineau@cappellonoel.com
**CAPPELLO & NOËL LLP**
831 State Street
Santa Barbara, CA 93101
Telephone: (805) 564-2444
Facsimile: (805) 965-5950

Attorneys for Debt Validation Fund II, LLC,
MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC

**UNITED STATED BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>CHAPTER 11<br><br>**LIMITED OPPOSITION TO JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER: (I) APPROVING PROPOSED DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES; (III) APPROVING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION; (IV) SETTING RELATED DEADLINES; AND (V) GRANTING RELATED RELIEF**<br><br>DATE:  May 15, 2024<br>TIME:  1:30 p.m.<br>CTRM:  5C – (In Person or Via ZoomGov) |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE CHAPTER 11 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Debt Validation Fund II, LLC ("DVF"), MC DVI Fund 1, LLC and MC DVI Fund 2, LLC ("MC DVI", and collectively, the "Creditors") hereby submit this Limited Opposition ("Limited Opposition") to the *Joint Motion of the Chapter 11 Trustee and Official Committee of Unsecured Creditors For Entry of an Order: (I) Approving Proposed Disclosure Statement; (II) Approving Solicitation and Voting Procedures; (III) Approving Notice and Objection Procedures for Confirmation of Joint Chapter 11 Plan of Liquidation; (IV) Setting Related Deadlines; And (V) Granting Related Relief*, Docket No. 1059 ("Motion") filed by Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee") and the Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor").

## I.

## INTRODUCTION

The Creditors submit this Limited Opposition to approval of the Disclosure Statement, both as to the lack of sufficient disclosure, but also, substantively, as to certain provisions in the proposed Trust Agreement (defined below) which are unnecessary, inefficient and will inevitably lead to duplicative and unnecessary professional services in the administration of the Liquidation Trust. The proposed Plan and Trust Agreement provide for both the appointment of a Liquidating Trustee and the establishment of a Post-Confirmation Committee. The Trust Agreement provides the Post-Confirmation Committee with substantial powers of both oversight and "veto" rights over certain actions of the Liquidating Trustee, which are not set forth in the Disclosure Statement.

If both the Liquidating Trustee and the Post-Confirmation Committee represent the interests of creditors, what is the purpose of having two sets of independent fiduciaries, both of which have the right to employ professionals at the expense of all creditors?

An additional problem with the establishment of a Post-Confirmation Committee is that the individual committee members have virtually no economic stake in the administration of the Liquidation Trust. All but one of the members hold relatively small claims, and in light of the

estimated distribution of only 2.51%[1], their anticipated distributions are truly miniscule at best. As set forth below, five (5) out of the seven (7) committee members have an anticipated distribution of **less than $1,000**. In light of the extremely low projected distribution to these members, they have little incentive to actively monitor the administration of the Liquidation Trust and objectively represent the interests of general unsecured creditors. The Creditors object on the basis that the Post-Confirmation Committee has vastly out-sized control over the administration of the Liquidation Trust, relative to their *di minimis* economic stake.

The Creditors submit that the appointment of both a Liquidating Trustee and a Post-Confirmation Committee is unnecessary and duplicative, which will inevitably lead to the inefficient administration of the Liquidation Trust and the incurrence of excessive professional fees and expenses.

To the extent, however, that the proposed oversight structure is intended to serve as a "check and balance" on case management, strategy and all professional fees and expenses, then the Creditors suggest that the Liquidation Trust be revised to acknowledge that unresolved disputes between the Liquidating Trustee and the Post-Confirmation Committee are to be resolved by the Court, not in favor of the Post-Confirmation Committee.

## II.

## FACTUAL BACKGROUND

### A. Creditors' Significant Claims in this Chapter 11 Case.

Creditors, three investment funds composed of approximately 500 investors, are the largest creditors of this bankruptcy estate. In August 2022, the Debtor and the Creditors entered promissory notes (the "Notes") dated September 1, 2022 for $66.4 million (for DVF) and $37.4 million (for MC DVI). According to LPG's filings in this case, its debts to the Creditors represent about 72% of its stated debt; over $102 million of the $141 million LPG identifies. See, Docket No. 33 at page 30 (debt owed to DVF and MC DVI) and page 38 (total debt).

---

[1] The Creditors acknowledge that: the recently filed Liquidation Analysis as a supplement to the Disclosure Statement does NOT yet include the anticipated recoveries on various causes of action and other litigation efforts currently being pursued by the Trustee; the Trustee believes that these recoveries will be material, and would be benefit general unsecured creditors, and that these efforts are too preliminary to assign any potential values to them.


CAPPELLO
& NOËL LLP
TRIAL LAWYERS

**B.  Appointment of the Committee, With Substantially All Members Holding *Di Minimis* Claims**.

On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  Docket No. 134.  On June 23 2023, the U.S. Trustee initially appointed a five-member Committee.  On June 29, 2023, the U.S. Trustee filed an amended notice, adding two additional members, for a total of seven committee members.

**C.  Proposed Appointment of Same Members to Post-Confirmation Committee.**

On March 22, 2024, the Trustee and the Committee filed their *Joint Chapter 11 Plan of Liquidation (dated March 22, 2024)*, docket no. 1057 (the "Plan") and *Disclosure Statement Describing Joint Chapter 11 Plan of Liquidation (Dated March 22, 2024)*, docket no. 1058 ("Disclosure Statement").

The Plan *inter alia* provides for the creation of a post-confirmation liquidating trust ("Liquidation Trust").  See, Plan, at 1:22-24 ("The Plan is premised on the creation of the Liquidation Trust, which will succeed to all rights, interests, and property of the Debtor and the Estate.")  The Plan attaches as an exhibit thereto, the proposed Liquidation Trust Agreement ("Trust Agreement").

The Plan further provides for the establishment of a Post-Confirmation Oversight Committee ("Post-Confirmation Committee").  See, Plan, at 25:10-15.  While not specifically stated in the Disclosure Statement, the Trust Agreement provides that the seven members of the Committee will serve as the members of the Post-Confirmation Committee.  See, Trust Agreement at Article 2.10(a) ("The initial members of the Post-Confirmation Committee shall be the persons identified in those certain Notices of Appointment of Committee of Unsecured Creditors [Docket Nos. 134 and 157].").

While the Disclosure Statement benignly refers to the Post-Confirmation Committee as a mere "oversight" committee (Disclosure Statement, Art. III(B)(2)(e)), the Disclosure Statement fails to expressly disclose that the Trust Agreement gives the Post-Confirmation Committee virtual "veto" rights over various actions of the Liquidating Trustee, which require the majority consent of the Post-Confirmation Committee prior to the Liquidating Trustee taking any actions.  As addressed in more detail below, the Creditors are concerned that these material veto powers are not only absent from the Disclosure Statement, but more importantly will cause unnecessary inefficiencies and expense in the

administration of the Liquidation Trust.

On April 29, 2024, the Trustee and Committee filed a Supplement and attached the Liquidation Analysis (as that term is defined in the Disclosure Statement). Docket no. 1145. **The Liquidation Analysis projects an estimated recovery to allowed general unsecured claim in the amount of only 2.51%.** In light of the low projected recovery to unsecured creditors, the Creditors believe it is essential for the Liquidation Trust to be administered in an efficient manner for the benefit of creditors, rather than for the benefit of professionals.

D.     **All But One of the Members of the Post-Confirmation Committee Lack a Material Economic Interest in the Administration of the Liquidation Trust**.

One of the disturbing facets of the Plan and Trust Agreement is that it provides for the establishment of a Post-Confirmation Committee, along with the right to retain and compensate professionals, notwithstanding the fact that substantially all of the individual member have no material economic stake in the administration of the Liquidation Trust. All but one (Affirma LLC) of the members selected to serve on the Post-Confirmation Committee hold *di minimis* claim amounts. The Liquidation Analysis estimates a distribution to general unsecured creditors of only 2.51%.

In light of the low claim amounts and the minimal estimated distribution of only 2.51%, five (5) out of the seven (7) committee members have an anticipated distribution of **less than $1,000**. Six (6) out of the seven (7) members have an anticipated distribution of **$2,500 or less**. Specifically, the Committee members' claims and estimated distributions are as follows:

| **Committee Member** | **Claim Number** | **Claim Amount** | **Distribution Estimated at 2.51%** |
|---|---|---|---|
| Alexandra Lutfi | 47 | $5,219.64 | $131.01 |
| April Riedy | 8 | 27,059.25 | 679.19 |
| Denise Burtchell | 43 | 11,672.29 | 292.97 |
| Angela Dows, Esq. of Cory Reade Dows & Shafer | 13<br>2508<br>2512 | 67,061.67<br>13,978.00<br>18,976.50 | 1,683.25<br>350.85<br>476.31 |
| Thomas Ray | 45 | 18,384.00 | 461.44 |
| Affirma, LLC | 91 | 66,855,310.45 | 1,678,068.29 |
| Abigail R. Beaudin | 50 | 19,017.60 | 477.34 |

| **Total** (excluding Affirma LLC) | | $181,368.95 | $4,552.36 |

Thus, the vast majority of Committee members have no material stake in the administration of the Liquidation Trust. In light of the extremely low projected distribution, such members have little incentive to actively monitor the post-confirmation administration and objectively represent the interests of general unsecured creditors.

The Trust Agreement gives the Post-Confirmation Committee the "sole and absolute discretion" to retain its own professionals at the expense of the Liquidation Trust:

> (e) <u>Committee Professionals</u>. **The Post-Confirmation Committee shall be entitled**, subject to **the Post-Confirmation Committee's sole and absolute discretion, to retain professionals** (the "Committee Professionals") solely to advise and to represent the Post- Confirmation Committee concerning the discharge of its duties set forth herein and in the Post-Confirmation Oversight Committee Bylaws. The Committee Professionals shall be compensated in accordance with Article 13.2 hereof.

Trust Agreement, at Art. 2.10(e) (emphasis added).

The Creditors are concerned that this will inevitably lead to the inefficient administration of the Liquidation Trust and the incurrence of wasteful professional fees at the expense of all unsecured creditors.

### III.

### <u>A COMMITTEE IS UNNECESSARY AND INEFFICIENT</u>

### <u>ONCE AN INDEPENDENT TRUSTEE HAS BEEN APPOINTED</u>.

As a broad principle of policy, case law has long recognized that the creditor's committee is unnecessary and inappropriate where a bankruptcy trustee has been appointed. A trustee is an independent fiduciary with a duty to creditors, and thus a committee merely represents the same interests as the trustee, making the continued existence of the committee duplicative and inefficient. For example, in <u>In re Pacific Ave., LLC</u>, 467 B.R. 868 (Bankr. W.D.N.C. 2012), the court entered an order disbanding the committee pursuant to Section 105(d), once a chapter 11 trustee had been appointed, holding as follows:

> When this case was initiated by the debtors-in-possession, the Committee was the only representative of those interests.
> Upon the appointment of the Trustee, that ceased to be the case. The Trustee has a

> statutory fiduciary duty to the same unsecured creditors represented by the Committee. The Trustee is capable of and required to adequately represent the interests of unsecured creditors in these cases. Consequently, the Committee's representation is duplicative and unnecessary.
>
> It is worth noting that an unsecured committee is not provided for in Chapter 7 liquidation cases—because of the presence of the Trustee in such cases. These cases, although filed pursuant to Chapter 11, are essentially liquidation cases—now administered by a Trustee. Consequently, as in Chapter 7 cases, the Committee is not necessary to the fair administration of these cases.

In re Pacific Ave., LLC, 467 B.R. 868, 870 (Bankr. W.D.N.C. 2012).

Similarly, in In re Breland, 583 B.R. 787, 794 (Bankr. S.D. Ala. 2018), the court followed Pacific Ave, holding that in a chapter 11 case, the appointment of a committee was "duplicative and unnecessary" once a chapter 11 trustee was appointed:

> An unsecured creditors' committee operates as a representative voice for the unsecured creditors in a chapter 11 case. The committee's role is always one of convenience and efficiency. However, where a chapter 11 trustee is appointed, the necessity for such a representative committee generally no longer exists. Because the "[t]rustee has a statutory fiduciary duty to the same unsecured creditors" that a committee would have, allowing a committee to be appointed after a trustee has been appointed would be duplicative and unnecessary. "It is worth noting that an unsecured committee is not provided for in Chapter 7 liquidation cases—because of the presence of the Trustee in such cases." The appointment of a chapter 11 trustee renders the appointment of a committee unnecessary to the fair and orderly administration of the estate. The cost of another team of professionals to represent the committee is impractical and is not cost effective.

In re Breland, 583 B.R. 787, 794 (Bankr. S.D. Ala. 2018) (citations omitted). See also, In re Hearthstone Homes, Inc., 2012 WL 4027296, at *3 (Bankr. D. Neb. 2012) ("Once a Chapter 11 trustee is appointed, the role of the Creditors Committee should be reduced since the trustee has a statutory fiduciary duty to the same unsecured creditors represented by the Committee. Accordingly, the Committee should limit its involvement and avoid unnecessary duplication of the trustee's efforts.").

The Creditors concede that the foregoing authorities are not strictly controlling in the context of a post-confirmation committee appointed pursuant to a Chapter 11 plan. However, the Creditors submit that the reasoning and policy underlying these cases are applicable here. The Post-Confirmation Committee represents the interests of creditors, as does the Liquidating Trustee. Appointing a Post-Confirmation Committee and a Liquidating Trustee "would be duplicative and unnecessary." Breland, 583 B.R. at 794.

Here, any creditor voting on the Plan is not given the option to vote for or against the appointment of a Post-Confirmation Committee. Rather, the Plan is presented for confirmation on an all or nothing basis. The Creditors believe that the Court should weigh in on these types of costly and inefficient provisions of the Plan. The Liquidation Analysis, docket no. 1145, estimates a distribution to general unsecured creditors of only 2.51%. The low estimate of recovery for unsecured creditors merely emphasizes the need for the administration of the Liquidation Trust in an efficient and cost-effective manner.

The Trust Agreement gives the Post-Confirmation Committee the "sole and absolute discretion" to retain its own professionals at the expense of the Liquidation Trust. Trust Agreement, at Art. 2.10(e). In light of the fact that the Trustee will remain in place but as the Liquidating Trustee, and the Liquidating Trustee will have his own set of professionals, plus six out of the seven Post-Confirmation Committee members have a *di minimis* economic stake in the post-confirmation administration, as observed in the Breland case, *supra*, "[t]he cost of another team of professionals to represent the committee is impractical and is not cost effective." Breland, 583 B.R. at 794.

## IV.

### THE POST-CONFIRMATION COMMITTEE HAS EXCESSIVE POWERS WHICH WILL LEAD TO INEFFICIENCIES AND UNNECESSARY FEES.

**A. The Post-Confirmation Committee Will Have Improper Veto Rights Over the Liquidating Trustee.**

While the Disclosure Statement benignly refers to the Post-Confirmation Committee as a mere "oversight" committee (Disclosure Statement, Art. III(B)(2)(e)), the Disclosure Statement fails to identify and disclose the substantial power and authority of the Post-Confirmation Committee that is set forth in the Trust Agreement. Specifically, (while not disclosed in the body of the Disclosure Statement) the Trust Agreement requires the Liquidating Trustee to obtain the majority consent of the Post-Confirmation Committee prior to taking any actions regarding any of the following:

> (i) The settlement, compromise, or other resolution of any Cause of Action, wherein the stated amount in controversy exceeds $1,000,000.00, including, but not limited to, the settlement, compromise, or other resolution of claims with an asserted value in excess of $1,000,000.00;

CAPPELLO & NOËL LLP
TRIAL LAWYERS

    (ii) Any modification or amendment of this Agreement;

    (iii) The retention of Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, pursuant to Section 13.1 of this Agreement, and payment of fees and expenses, pursuant to Section 13.2 of this Agreement;

    (iv) The modification or amendment of the compensation to the Liquidation Trustee or the Liquidation Trustee Professionals retained by the Liquidation Trustee, other than annual, ordinary course increases in the hourly rates, provided that the Liquidation Trustee Professionals shall provide the Post-Confirmation Committee thirty (30) calendar days' advance notice of such annual, ordinary course increases; and

    (v) For the avoidance of doubt, on any actions not listed herein, the Liquidation Trustee shall consult with the Post-Confirmation Committee as the Liquidation Trustee deems necessary in his business judgment and keep the Post-Confirmation Committee regularly informed as required elsewhere in this Agreement.

Trust Agreement, Art. 2.10(c).

    Here, the Creditors' objection is two-fold.  First, the Post-Confirmation Committee's "veto" rights over the Liquidating Trustee, set forth in Art. 2.10(c), are not disclosed in the Disclosure Statement, and thus there is not "adequate information" to creditors.  Second, the Creditors believe that these "veto" rights will lead to even great inefficiencies and costs in the administration of the Liquidation Trust.

    The Creditors believe these provisions are inappropriate and should be stricken.  Query: Pursuant to Article 2.10(c)(iii), why does the Post-Confirmation Committee have "veto" rights over the Liquidating Trustee's retention of Professionals and Non-Professionals?  It is well established under California law that "strong deference is given to the client's choice of counsel."  Tobin v. BC Bancorp, 2009 WL 10671925, at *3 (S.D. Cal. 2009).  Why does the Post-Confirmation Committee have the power to override the Liquidating Trustee's choice of counsel and other professionals?  The Creditors are concerned that these provisions are largely for the benefit of the Post-Confirmation Committee and its professionals who will attempt to dictate who is employed by the Liquidating Trustee and which professionals will prosecute any litigation claims on behalf of the Liquidating Trust.

    The Trust Agreement specifically contemplates that the Liquidating Trustee may employ Committee Professionals.  See, Trust Agreement, Art. 13.1(a) ("The Liquidation Trustee Professionals so retained need not be 'disinterested' as that term is defined in the Bankruptcy Code and may include,

without limitation, counsel and financial advisors of the Committee and Committee Professionals, subject to appropriate conflict waivers. … For sake of continuity, the Liquidating Trustee may employ, without further consent, Fox Rothschild LLP, … subject to the Post-Confirmation Committee's right to consent to the terms of engagement of such professionals by the Liquidation Trust, as set forth in Section 2.10(c)."). In light of this provision, why must there be a Post-Confirmation Committee in addition to the Liquidating Trustee?

### B. Assuming this Provision is Approved, the Court should Retain Jurisdiction to Approve Any Dispute between the Liquidating Trustee and the Post-Confirmation Committee.

Creditors anticipate that the Committee will point to Article 2.10(d) of the Trust Agreement, which gives the Liquidating Trustee a limited ability to contest a veto by the Post-Confirmation Committee, as follows:

> (d) <u>Disputes; Exclusive Right</u>. The Post-Confirmation Committee shall have the sole and exclusive right to exercise the oversight powers set forth herein. If the Liquidation Trustee believes that the Post-Confirmation Committee's decision with respect to the actions described in Section 2.10(c)(i), (iii), and (iv**) would result in a breach of the Liquidation Trustee's fiduciary duty or duties**, the Liquidation Trustee may seek an order from the Bankruptcy Court resolving such dispute, subject to the Post-Confirmation Committee's right to object. In resolving any dispute presented to the Bankruptcy Court, the court need not find that the Post-Confirmation Committee's decision would in fact constitute a breach of the Liquidation Trustee's fiduciary duties. Instead, the Bankruptcy Court shall resolve such dispute based on what it finds to be in the best interest of the Liquidation Trust Beneficiaries. Notwithstanding the foregoing, and as a compromise between the Trustee and the Committee, the Liquidation Trustee may seek an order of the Bankruptcy Court authorizing the Liquidation Trustee to take an action set forth in Section 2.10(c) without the consent of the Post-Confirmation Committee on the grounds that the Post-Confirmation Committee's decision to withhold consent for such action is not in the best interests of the Liquidation Trust or the Liquidation Trust Beneficiaries (the "Alternative Consent Procedure"). The Trustee may only seek relief under the Alternative Consent Procedure **if the Post-Confirmation Committee is no longer represented by the Initial Post-Confirmation Committee Counsel**.

Trust Agreement, Art. 2.10(d) (emphasis added).

Under Article 2.10(d), the Liquidating Trustee can only seek court resolution of a veto by the Post-Confirmation Committee if the decision "would result in a breach of the Liquidation Trustee's fiduciary duty or duties." Similarly, the Alternative Consent Procedure can only be sought "if the Post-Confirmation Committee is no longer represented by the Initial Post-Confirmation Committee

CAPPELLO & NOËL LLP
TRIAL LAWYERS

MAINDOCS-#271678-v5-LPG_Opp_Disclosure_Statement

Counsel."

The Creditors believe that the Post-Confirmation Committee's veto rights under Article 2.10(c) should not be approved, thereby rendering Article 2.10(d) moot. Assuming Article 2.10(c) is approved, the Liquidating Trustee should be able to seek a Bankruptcy Court order resolving any dispute through the Bankruptcy Court regardless of whether it would result in a breach of fiduciary duty, and regardless of whether Initial Post-Confirmation Committee Counsel is still representing the Post-Confirmation Committee. The Creditors submit that Article 2.10(c) gives the Post-Confirmation Committee too much arbitrary authority and control over the Liquidating Trustee.

## V.

## CONCLUSION

Based upon the foregoing, the Creditors request that the Court deny the approval of the Disclosure Statement in its current form, and require appropriate modifications to the Plan, Disclosure Statement and Trust Agreement *inter alia* deleting the appointment of a Post-Confirmation Committee, or alternatively, substantially limiting the powers of the Post-Confirmation Committee, including its ability to retain professionals at the expense of the Liquidation Trust.

DATED: May 6, 2024                **WINTHROP GOLUBOW HOLLANDER, LLP**

By:   */s/ Richard H. Golubow*
      Richard H. Golubow
      Peter W. Lianides
Attorneys for Debt Validation Fund II, LLC, MC DVI Fund 1, LLC and MC DVI Fund 2, LLC

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OPPOSITION TO JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER: (I) APPROVING PROPOSED DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES; (III) APPROVING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION; (IV) SETTING RELATED DEADLINES; AND (V) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 6, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **May    , 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May    , 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 6, 2024 | Silvia Villegas | */s/ Silvia Villegas* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Main Document    Page 13 of 14

**NEF SERVICE LIST**

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**    birnberg@portersimon.com, reich@portersimon.com
- **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**    mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl**    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Meredith Fahn**    fahn@sbcglobal.net
- **William P Fennell**    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Mark Mark Good**    mark@markgood.com
- **David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Richard L. Hyde**    rhyde@awglaw.com
- **Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Sara Johnston**    sara.johnston@dinsmore.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

MAINDOCS-#271678-v5-LPG_Opp_Disclosure_Statement

- **Marc A Lieberman**  marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman**  mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Mitchell B Ludwig**  mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**  marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**  kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**  bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**  pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**  sarah.mattingly@dinsmore.com
- **William McCormick**  Bill.McCormick@ag.tn.gov
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**  bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**  gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**  Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**  anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**  vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**  jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Israel Orozco**  israel@iolawcorp.com
- **Keith C Owens**  kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**  lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**  rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**  dplazak@rhlaw.com
- **Tyler Powell**  tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **Daniel H Reiss**  dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**  vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**  krogers@wellsmar.com
- **Gregory M Salvato**  gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**  olivia.scott3@bclplaw.com
- **Jonathan Serrano**  jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**  Mstotaro@aol.com
- **Paul R Shankman**  PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **Jeffrey M Singletary**  jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**  leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**  info@pfllc.com
- **Howard Steinberg**  steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**  astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**  Ocbkatty@aol.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**  wwall@wall-law.com
- **Sharon Z. Weiss**  sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**  JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**  rzepeda@omniagnt.com

CAPPELLO & NOËL LLP
TRIAL LAWYERS