Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel for Official Committee of Unsecured Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone:    (949) 333-7777
Facsimile:    (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel for Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**JOINT OMNIBUS REPLY OF THE CHAPTER 11 TRUSTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER:<br>(I) APPROVING PROPOSED DISCLOSURE STATEMENT;<br>(II) APPROVING SOLICITATION AND VOTING PROCEDURES;<br>(III) APPROVING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION;<br>(IV) SETTING RELATED DEADLINES; AND (V) GRANTING RELATED RELIEF**<br><br>**Hearing Date and Time**<br>Date:  May 15, 2024<br>Time:  1:30 p.m.<br>Place:  *In Person or Via ZoomGov*<br>       Courtroom 5C<br>       411 West Fourth Street<br>       Santa Ana, California 92701 |

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

## TABLE OF CONTENTS

I.    Omnibus Reply ...........................................................................................................1

    A.    The U.S. Trustee Opposition ................................................................1

    B.    The Greyson Parties Opposition .........................................................3

        1.    The Objection to the Exculpation Provision Is Resolved by the Proposed Language Set Forth Herein and Should Otherwise Be Overruled. ...........4

        2.    The Bankruptcy Code's Bond Requirement Does Not Apply to Postconfirmation Liquidating Trusts. ...........................................................5

        3.    The Plan Proponents Are Not Required to Establish a Reserve for the Greyson Parties' Purported Administrative Claim. ....................................6

    C.    The Investment Funds Opposition .......................................................9

        1.    The Investment Funds Opposition Is Animated by a Self-Serving View That Consumer-Creditors Have "Virtually No Economic Stake" in Recoveries. ...........................................................................................9

        2.    The Investment Funds Opposition Does Not Raise a Disclosure Objection or a Confirmation Objection. ......................................................10

II.    Reservation of Rights .................................................................................................12

III.    Conclusion ...............................................................................................................12

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

158255644.2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acequia, Inc.*,
   787 F.2d 1352 (9th Cir. 1986) ............................................................................ 3, 6

*In re Adelphia Bus. Sols., Inc.*,
   341 B.R. 415 (Bankr. S.D.N.Y. 2003) ...................................................................... 8

*In re Am. Capital Equip., LLC*,
   688 F.3d 145 (3d Cir. 2012) ............................................................................... 3, 10

*In re Am. Physician Partners, LLC*,
   No. 23-11469 (BLS), Docket No. 1131 (Bankr. D. Del. Mar. 15, 2024) ............... 11

*In re Art & Architecture Books of the 21st Century*,
   No. 2:13-bk-14135-RK, 2016 WL 1118743 (Bankr. C.D. Cal. Mar. 18, 2016) ...... 6

*Blixseth v. Credit Suisse*,
   961 F.3d 1074 (9th Cir. 2020) ............................................................................. 4, 5

*In re Boxed, Inc.*,
   No. 23-10397 (BLS), Docket No. 424 (Bankr. D. Del. Aug. 31, 2023) ................ 11

*In re Brotby*,
   303 B.R. 177 (B.A.P. 9th Cir. 2003) ....................................................................... 6

*In re Chemtura Corp.*,
   448 B.R. 635 (Bankr. S.D.N.Y. 2011) ...................................................................... 8

*Kontrick v. Ryan*,
   540 U.S. 443 (2004) .............................................................................................. 10

*In re Legacy IMBDS, Inc.*,
   No. 23-10852 (KBO), Docket No. 997 (Bankr. D. Del. Feb. 21, 2024) ................ 11

*In re Lighthouse Lodge, LLC*,
   No. 09-52610-RLE, 2010 WL 4053984 (Bankr. N.D. Cal. Oct. 14, 2010) ............. 4

*In re Main St. AC. Inc.*,
   234 B.R. 771 (Bankr. N.D. Cal. 1999) ..................................................................... 3

*Mutual Life Ins. Co. of N.Y. v. Patrician St. Joseph Partners Ltd. P'ship (In re
   Patrician St. Joseph Partners Ltd. P'ship)*,
   169 B.R. 669 (D. Ariz. 1994) .................................................................................. 7

*In re North Valley Mall, LLC*,
   432 B.R. 825 (Bankr. C.D. Cal. 2010) ..................................................................... 7

ii

*In re PG & E Corp.*,
  617 B.R. 671 (Bankr. N.D. Cal. 2020) .................................................................. 12

*In re PG & E Corp.*,
  No. 19-30088 (Bankr. N.D. Cal. June 20, 2020) ...................................................... 11

*In re Quanergy Sys., Inc.*,
  No. 22-111305 (CTG), Docket No. 479 (Bankr. D. Del. Nov. 8, 2023) ...................... 11

*Sherman v. Harbin (In re Harbin)*,
  486 F.3d 510 (9th Cir. 2007) .................................................................................... 7

*In re Spansion, Inc.*,
  426 B.R. 114 (Bankr. D. Del. 2010) .......................................................................... 8

*In re Verity Health Sys. of Cal., Inc.*,
  No. 2:18-bk-20151-ER, Docket No. 5475 (Bankr. C.D. Cal. Aug. 12, 2020) ......... 8, 11

*In re W. Asbestos Co.*,
  313 B.R. 832 (Bankr. N.D. Cal. 2003) ...................................................................... 4

*In re Yellowstone Mountain Club, LLC*,
  460 B.R. 254 (Bankr. D. Mont. 2011) .................................................................. 4, 5

**Statutes**

11 U.S.C. 322(a) ........................................................................................................ 5

11 U.S.C. §1125 ............................................................................................... 2, 3, 10

11 U.S.C. §1129 ................................................................................................. 6, 7, 8

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

158255644.2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-8628 (fax)

The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] and Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee" and, together with the Committee, the "Plan Proponents"), jointly submit this omnibus reply (the "Reply"): (i) in support of the *Joint Motion of the Chapter 11 Trustee and Official Committee of Unsecured Creditors for Entry of an Order: (I) Approving Proposed Disclosure Statement; (II) Approving Solicitation and Voting Procedures; (III) Approving Notice and Objection Procedures for Confirmation of Joint Chapter 11 Plan of Liquidation; (IV) Setting Related Deadlines; and (V) Granting Related Relief* [Docket No. 1059] (the "Motion");[2] and (ii) in response to (a) the limited opposition [Docket No. 1160] (the "U.S. Trustee Opposition") filed by the Office of the United States Trustee (the "U.S. Trustee"), (b) the late-filed opposition [Docket No. 1167] (the "Greyson Parties Opposition") filed by Greyson Law Center, PC, Han Trinh, and Jayde Trinh (collectively, the "Greyson Parties"), and (c) the limited opposition [Docket No. 1201] (the "Investment Fund Opposition" and, together with the U.S. Trustee Opposition and the Greyson Parties Opposition, the "Oppositions") filed by Debt Validation Fund II, LLC, MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC (the "Investment Fund Parties"). In support of the Reply, the Plan Proponents refer to the record in this Bankruptcy Case, and respectfully state as follows:

**I.**

**OMNIBUS REPLY**

**A.    The U.S. Trustee Opposition**

The U.S. Trustee raises two objections—disclosure of estimated professional fees and exculpation carve-outs—that the Plan Proponents believe are resolved. ***First***, the U.S. Trustee asserts that the Disclosure Statement does not provide adequate disclosure of estimated professional fees to permit the U.S. Trustee "to verify whether the estate will have sufficient funds to meet the feasibility

---

[1] Unless otherwise noted, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

requirement." U.S. Trustee Opp'n, at 5. The U.S. Trustee acknowledges that the Plan Proponents filed their liquidation analysis on April 29, 2024, that specifically identifies estimated professional claims and Trustee fees; however, the U.S. Trustee claims the disclosure is inadequate because it does not confirm whether the estimate "covers all Professional Fee Claims listed in the Disclosure Statement (at page 28) and . . . does not provide a breakdown of the fees for each Professional Fee Claim." *Id.* at 5, n.1. However, the notes to the liquidation analysis are clear that the estimate includes "all Professional Claims" and "[f]ees owed to the Trustee," each of which are "assumed to be paid on the Effective Date" of the Plan for purposes of the liquidation analysis. *See* Docket No. 1145, Ex. A (Liquidation Analysis, at 4). Moreover, the U.S. Trustee provides no authority for the proposition that providing an estimate of the aggregate amount of allowed Professional Claims is not "adequate disclosure" for purposes of § 1125. Nevertheless, the Plan Proponents will amend the liquidation analysis to include a disclosure that includes the breakdown of estimated professional fees for each professional.

**Second**, the U.S. Trustee contends that the exculpation provision of the Plan should include "a carve out for fraud, willful misconduct or gross negligence." *See* U.S. Trustee Opp'n, at 6. The Plan proponents will revise the exculpation set forth at § V.D. of the Plan (and the related provision in the Disclosure Statement) as follows:

> To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein*; **provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties***. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals

158255644.2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-8828 (fax)

1                     employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

2

3  Plan, § V.D. at 50 (emphasis and modification added as set forth herein).  Accordingly, the Plan

4  Proponents submit that the U.S. Trustee Objection is resolved.

5  **B.**      <u>**The Greyson Parties Opposition**</u>

6         The Greyson Parties Opposition is critically flawed for two significant reasons.  ***First***, as a

7  procedural matter, the Greyson Parties filed their opposition late, which permits the Court to disregard

8  the Opposition and deeming them as having consented to approval of the Motion.  *See* LBR 9013-

9  1(h) ("if a party does not timely file and serve documents, the court may deem this to be consent to

10  the granting or denial of the motion, as the case may be").  The Greyson Parties offer no excuse—or

11  even acknowledgement—for their failure to timely file the opposition.

12         ***Second***, even ignoring the procedural infirmities of the Greyson Parties Opposition, the

13  opposition does not offer any challenge to the adequacy of the Disclosure Statement, under § 1125.

14  Instead, the Greyson Parties apparently contend that the Plan is "patently unconfirmable" on its face

15  because of the scope of the exculpation, the provisions exempting the Liquidating Trustee from

16  posting a bond, and the failure to reserve for the Greyson Parties' alleged administrative claim.  *See*

17  Greyson Parties Opp'n at 2.  It is true that "nothing in either the language or logic of the Code

18  requiring the court or parties to 'grind the same corn a second time'" by approving solicitation of a

19  patently unconfirmable plan.  *In re Acequia, Inc.*, 787 F.2d 1352, 1359 (9th Cir. 1986) (quoting *Aloe*

20  *Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (per curiam)).  However,

21  courts only find plans patently unconfirmable at the disclosure statement phase if "no dispute of

22  material fact remains and if defects cannot be cured by creditor voting or otherwise."  *In re Am.*

23  *Capital Equip., LLC*, 688 F.3d 145, 155 (3d Cir. 2012) (citing *Acequia Inc.*, 787 F.2d at 1359); *In re*

24  *Main St. AC. Inc.*, 234 B.R. 771, 775 (Bankr. N.D. Cal. 1999) (requiring a showing that the "plan

25  could not possibly be confirmed" and finding plan patently unconfirmable where "there is no doubt

26  that the principal purpose of Main Street's proposed plan of reorganization is" a facial violation of

27  § 1129(d)).  None of the objections raised by the Greyson Parties render the Plan patently

28  unconfirmable because the provisions satisfy the Bankruptcy Code's confirmation requirements.

158255644.2

**1.      The Objection to the Exculpation Provision Is Resolved by the Proposed Language Set Forth Herein and Should Otherwise Be Overruled.**

The Greyson Parties object to the exculpation provision of the Plan for an amalgam of reasons not readily decipherable.  *See* Greyson Parties Opp'n, at 2-3 (citing Plan, § V.D., at 50).  The objections appear to range from the unsupported notion that exculpating estate professionals invite "persons to misbehave," *id.* at 3, to the adoption of the U.S. Trustee's objection concerning carve-outs, *id.* at 4.  As set forth above, the Plan Proponents have agreed to provide for the carve-out requested by the U.S. Trustee.  Accordingly, the only remaining objection of the Greyson Parties appears to be the unsupported accusations against the Trustee's special litigation counsel that do not meet the standards for a finding of patent unconfirmability.

Exculpation of estate fiduciaries and Plan Proponents is customary and permissible in chapter 11. Indeed, the Ninth Circuit has approved exculpation provisions that extend to non-debtor plan proponents. *See Blixseth v. Credit Suisse*, 961 F.3d 1074 (9th Cir. 2020) (approving exculpation of debtor's largest creditor that became a plan "proponent through its direct participation in the negotiations that preceded the adoption of the Plan"); *see also In re Yellowstone Mountain Club, LLC*, 460 B.R. 254, 277 (Bankr. D. Mont. 2011) (approving exculpation that extended to "the Debtors, Committee [of Unsecured Creditors], Credit Suisse and CrossHarbor, who all became, in essence, plan proponents"); *In re Lighthouse Lodge, LLC*, No. 09-52610-RLE, 2010 WL 4053984, at *7 (Bankr. N.D. Cal. Oct. 14, 2010) ("courts have approved exculpation provisions that limited liability to gross negligence, willful misconduct, or breach of fiduciary duty"); *In re W. Asbestos Co.*, 313 B.R. 832, 846-47 (Bankr. N.D. Cal. 2003) (approving provision that released claims against the Plan Proponents other than the Debtors).

As modified herein to resolve the U.S. Trustee Opposition, the exculpation provision in the Plan will exclude exculpations of estate fiduciaries and their professionals from fraud, willful misconduct, and gross negligence.  There is no requirement that breaches of professional duties be excluded from a plan exculpation provision. *See In re W. Asbestos Co.*, 313 B.R. at 846 (approving provision that "neither the Plan Proponents nor any of their agents, including their attorneys, shall be liable, other than for willful misconduct, with respect to any action or omission prior to the effective

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

158255644.2

1  date in connection with the Debtors' operations, the Plan, or the conduct of the bankruptcy case")

2  (emphasis added).

3        The exculpation provision approved in *Blixseth* is particularly instructive. *See* 961 F.3d 1074.

4  There, as here, the exculpation provision was limited both temporally and in scope to actions related

5  to the reorganization; specifically, "any act or omission in connection with, relating to or arising out

6  of the Chapter 11 Cases, the formulation, negotiation, implementation, confirmation or

7  consummation of this Plan, the Disclosure Statement, or any contract, instrument, release or other

8  agreement or document entered into during the Chapter 11 Cases or otherwise created in connection

9  with this Plan." *Id.* at 1078-79. Furthermore, like here, the exculpation clause extended to major

10  stakeholders who had negotiated the plan of which the exculpation was a "cornerstone." *Id.*; *see also*

11  *Yellowstone Mountain Club*, 460 B.R. at 277. The exculpation clause also similarly covered the

12  various agents, professionals, and other related parties of the exculpated parties—specifically, "with

13  respect to each of the foregoing Persons, each of their respective directors, officers, employees, agents

14  . . . representatives, shareholders, partners, members, attorneys, investment bankers, restructuring

15  consultants and financial advisors." *Id.* at 267. Here, the Plan exculpation extends to the major

16  fiduciaries in this case who collectively engaged in countless hours of negotiation to reach a

17  consensual Plan. Finally, as with the exculpation in *Blixseth*, the Plan exculpation excludes fraud,

18  willful misconduct, and gross negligence. *Compare Blixseth*, 961 F.3d at 1079 with *supra* (setting

19  forth proposed modification to § V.D. of the Plan). Accordingly, the exculpation provision, as

20  modified, does not render the Plan patently unconfirmable and is, in fact, a permissible provision that

21  the Court may approve at the confirmation hearing.

22        **2.       The Bankruptcy Code's Bond Requirement Does Not Apply to Postconfirmation**

23              **Liquidating Trusts.**

24        The Greyson Parties object to the provision that the Liquidating Trustee is not required to post

25  a bond. *See* Greyson Parties Opp'n, at 6-7. The Greyson Parties correctly observe that the Trustee is

26  required to post a bond during the pendency of his role as an estate professional. *See id.* Indeed, the

27  Trustee complied with his statutory obligation. However, the Greyson Parties fail to acknowledge

28  that this requirement arises from the Bankruptcy Code. *See* 11 U.S.C. 322(a) ("a person selected . . .

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-8828 (fax)

5

*to serve as trustee in a case under this title* qualifies if before seven days after such selection, and before beginning official duties, such person has filed with the court a bond in favor of the United States conditioned on the faithful performance of such official duties") (emphasis added).  The Greyson Parties do not cite to any similar Bankruptcy Code provision (there is none) requiring post-effective date administrators of a liquidating trust to post a bond.  Moreover, the proposed Liquidating Trust is a grantor trust that will be established under nonbankruptcy law, which provides for no such requirement.  *See, e.g.*, Plan § IV.B.42, at 37.  Accordingly, the Greyson Parties have failed to establish that the Liquidating Trustee is required to post a bond before the Plan can be confirmed.

> **3.      The Plan Proponents Are Not Required to Establish a Reserve for the Greyson Parties' Purported Administrative Claim.**

The Greyson Parties' final objection is that the Plan does not establish a reserve for the payment of the Greyson Parties' alleged administrative claim.  This objection is premised on the faulty assumption—without citation to authority—that "the Plan needs to, but does not appear to, require that the full amount that would be owed to a disputed claim, must be reserved."  Greyson Parties Opp'n, at 8 (emphasis omitted).  As set forth below, this argument fails to establish patent unconfirmability because it is contrary to applicable case law and fails to acknowledge the disputed factual issues raised in the pending briefing on the Greyson Parties's dubious request for an administrative claim.

Pursuant to § 1129(a)(11), the Bankruptcy Court must find that "confirmation of the [P]lan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the [P]lan, unless such liquidation or reorganization is proposed in the [P]lan." 11 U.S.C. §1129(a)(11) (emphasis added). The key word in the Bankruptcy Code for satisfaction of this subsection is "likely," *i.e.*, that success of the Plan is reasonably assured—not guaranteed and not inevitable. *See Acequia, Inc*., 787 F.2d at 1364; *In re Brotby*, 303 B.R. 177, 191 (B.A.P. 9th Cir. 2003) ("The Code does not require the debtor to prove that success is inevitable . . . ."); *In re Art & Architecture Books of the 21st Century*, No. 2:13-bk-14135-RK, 2016 WL 1118743, at *20 (Bankr. C.D. Cal. Mar. 18, 2016) ("The feasibility standard is whether the plan offers a reasonable assurance of success. Success need not be guaranteed and the court is not required

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-8828 (fax)

6

158255644.2

to determine that the future success of the Post–Confirmation Debtor is inevitable in order to find that the plan is feasible.") (citation omitted); *In re North Valley Mall, LLC*, 432 B.R. 825, 838 (Bankr. C.D. Cal. 2010) ("The Code does not require debtor to prove that success is inevitable or assured, and a relatively low threshold of proof will satisfy § 1129(a)(11) so long as adequate evidence supports a finding of feasibility. . . . The Court finds that the plan more likely than not can be performed as promised and that it is therefore feasible and complies with § 1129(a)(11).") (internal citations omitted); *see also Mutual Life Ins. Co. of N.Y. v. Patrician St. Joseph Partners Ltd. P'ship (In re Patrician St. Joseph Partners Ltd. P'ship)*, 169 B.R. 669, 674 (D. Ariz. 1994) ("A plan meets this feasibility standard if the plan offers a reasonable prospect of success and is workable. . . . The prospect of financial uncertainty does not defeat plan confirmation on feasibility grounds since a guarantee of the future is not required. . . . The mere potential for failure of the plan is insufficient to disprove feasibility.") (citing *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 762 (Bankr. S.D.N.Y. 1992)).

In assessing the feasibility of the Plan, the Court must evaluate "the possibility that a potential creditor may, following confirmation, recover a large judgment against the debtor." *Sherman v. Harbin (In re Harbin)*, 486 F.3d 510, 517 (9th Cir. 2007). The Court is required to "exercise its sound discretion in considering how such litigation may affect the feasibility of any specific plan." *Id.* Where the amount of an administrative claim remains subject to litigation, courts may estimate the allowed amount of the administrative claim for confirmation purposes by using:

> whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy of Chapter 11 that a reorganization "must be accomplished quickly and efficiently." *Bittner v. Borne Chemical Co.*, 691 F.2d at 135–37; *see also, e.g.*, *In re Brints Cotton Mktg., Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984), citing 3 Collier on Bankruptcy ¶ 502.03, at 502–77 (15th ed. 1983). Bankruptcy Courts have employed a wide variety of methods to estimate claims, including summary trial, *In re Baldwin–United Corp.*, 55 B.R. 885, 899 (Bankr. S.D. Ohio 1985), a full-blown evidentiary hearing, *In re Nova Real Estate Inv. Trust*, 23 B.R. 62, 65 (Bankr. E.D. Va. 1982), and a review of pleadings and briefs followed by oral argument of counsel, *In re Lane*, 68 B.R. 609, 613 (Bankr. D. Haw. 1986). In so doing, courts specifically have recognized that it is often "inappropriate to hold time-consuming proceedings which would defeat the very purpose of 11 U.S.C. § 502(c)(1) to avoid undue delay."

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1    *In re Adelphia Bus. Sols., Inc.*, 341 B.R. 415, 422–23 (Bankr. S.D.N.Y. 2003).  Bankruptcy courts

2    routinely estimate administrative claims for plan confirmation purposes, with the understanding that

3    the ultimate amount of the claim will be determined through the underlying litigation. *See, e.g.*, *id.* at

4    422; *In re Spansion, Inc.*, 426 B.R. 114, 146 (Bankr. D. Del. 2010) (estimating administrative claim

5    alleged to be $100 million at $4.2 million for plan confirmation purposes); *In re Chemtura Corp.*, 448

6    B.R. 635, 649 (Bankr. S.D.N.Y. 2011); *In re Verity Health Sys. of Cal., Inc.*, No. 2:18-bk-20151-ER,

7    Docket No. 5475, at ECF p. 23 (Bankr. C.D. Cal. Aug. 12, 2020) (estimating $45.2 million

8    administrative claim at $0 for plan confirmation purposes).[3]

9        Here, the Greyson Parties each filed motions for payment of administrative claim [Docket

10   Nos. 674-676] that remain pending as of the date of this Reply.  *See* Docket No. 1193 (continuing

11   hearing on motions to June 13, 2024).  The Plan Proponents anticipate that the motions will be

12   resolved in advance of confirmation.  However, even if they are not, as set forth above, the Court has

13   the authority to estimate the amount of the administrative claim for purposes of a reserve necessary

14   to confirm the Plan.  As these issues are subject to material dispute, and pending briefing, the Greyson

15   Parties cannot demonstrate at this stage that "no dispute of material fact remains" concerning whether

16   the Plan must reserve for the claims to pass muster under § 1129(a)(11).  Moreover, as alleged

17   administrative claims subject to pending objections, the alleged administrative claims are not entitled

18   to presumptive validity and not currently "allowed" for purposes of § 1129(a)(9).  Accordingly, the

19   Plan is not patently unconfirmable because the Greyson Parties' administrative claims are not

20   currently "allowed"—which can be revisited if the Court rules on the administrative claims prior to

21   confirmation.

22       Additionally, as explained in the Disclosure Statement, the Plan in fact provides that the

23   effective date will not occur until the Trustee is in possession of sufficient unencumbered funds to

24   pay all claims that are due on the effective date. *See* Plan,§ IV.C at 37 ("On the Effective Date, the

25   Trustee will pay all Effective Date payments to Holders of (i) Allowed Administrative Claims…");

26   *id.*, ,§ IV.K.2 at 42-43 (Effective Date condition requiring "Sufficient Funds being available in the

27

28   [3] The Plan Proponents will provide a supplement of unpublished decisions cited in this reply upon
     request of the Court.

158255644.2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

Estate to pay claims that must be paid on the Effective Date including Allowed Administrative Claims"). In other words, if the Greyson Parties are granted any administrative claim, it will be paid on the later of the Effective Date or such date as the Greyson Parties' claims become allowed.

For the reasons set forth above, the Greyson Parties Opposition should be overruled because the Greyson Parties have not established that the Plan is patently unconfirmable.

## C.    The Investment Funds Opposition

The Investment Funds raise a single objection to the negotiated Plan—that it should not provide for the Post-Confirmation Oversight Committee—that does not raise a cognizable objection to the adequacy of disclosure nor to the confirmability (patent or otherwise) of the Plan.   The Investment Funds object to the establishment of an oversight committee in an effort to substitute their judgment for that of the Plan Proponents.   As set forth below, the only permissible avenue for the Investment Funds to challenge the negotiated oversight provisions of the Liquidating Trust is through voting.

### 1.    The Investment Funds Opposition Is Animated by a Self-Serving View That Consumer-Creditors Have "Virtually No Economic Stake" in Recoveries.

The Investment Funds Opposition is premised on its own, skewed view that institutional investors are the only meaningful stakeholders in this Bankruptcy Case.   The Investment Funds derisively describe the consumer-creditor members of the Committee (who will subsequently become members of the Post-Confirmation Oversight Committee) as "individual member[s that] have no material economic stake in the administration of the Liquidation Trust." Inv. Funds Opp'n, at 5.   But, the Investment Funds—who assert claims seeking to profit enormous sums off these same consumer-creditors—ignore the composition of the creditor body in this case: approximately 2,000 consumer creditors have asserted claims totaling $280 million on their face.[4]   Another class proof of claim filed by the Trustee asserts claims on behalf of another 19,000 potential consumer claimants.   While the three Investment Funds combined, asserted claims of $102 million are undoubtedly large, their view

---

[4] The Investment Funds cite to the Debtors' deeply-flawed schedules in support of their analysis. *See* Inv. Funds Opp'n, at 3.   By contrast, the filed proofs of claim offer a more comprehensive picture of the Debtor's creditor body.   Admittedly, these claims (as with the Investment Funds) are subject to review, potential objection and reconciliation; however, they reflect the significant economic stake that consumer creditors have in this Bankruptcy Case.

9

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1    that consumer creditors should simply be sidelined because their claims are not meaningful, in the

2    eyes of the Investment Funds, is at best myopic.

3    The Investment Funds also sidestep their acquiescence to the Committee's composition, upon

4    which the Post-Confirmation Oversight Committee is premised.  On June 27, 2023, the Court entered

5    an order [Docket No. 151] approving a stipulation [Docket No. 149] that resolved an effort to appoint

6    an *ad hoc* committee of consumer creditors and, instead, required that the U.S. Trustee appoint a

7    Committee comprised of a majority of consumer creditors.  The Investment Funds received notice of

8    the effort to appoint an *ad hoc* committee [Docket No. 108] and never opposed its formation or the

9    ultimate settlement of the motion that resulted in the Committee's current composition.  Moreover,

10   the Investment Funds assiduously ignore that the Committee (and, thus, the Post-Confirmation

11   Oversight Committee) includes creditors that represent similarly situated investor-creditors and trade

12   creditors.  The Investment Funds' attack on a specific sub-constituency represented by the Committee

13   (and Post-Confirmation Oversight Committee) amounts to little more than a collateral attack on an

14   issue long-since forfeited by the Investment Funds.  *See, e.g.*, *Kontrick v. Ryan*, 540 U.S. 443, 458

15   (2004) ("[F]orfeiture is the failure to make the timely assertion of a right.") (citations, internal

16   quotation marks, and alterations omitted)).

17   Accordingly, the premise that creditors like the Investment Funds are the only creditors that

18   have an economic stake in the postconfirmation administration of the Debtor's assets is simply false

19   and ignores the diversity of the creditor body represented by the Committee and the proposed Post-

20   Confirmation Oversight Committee.

21   **2.    The Investment Funds Opposition Does Not Raise a Disclosure Objection or a**

22   **Confirmation Objection.**

23   The Investment Funds Opposition is nominally premised on "the lack of sufficient disclosure"

24   and the potential for duplicative administrative expenses.  *See* Inv. Funds Opp'n, at 2.  However, the

25   Investment Funds' detailed analysis of the Disclosure Statement, Plan, and Liquidating Trust (along

26   with *zero* citation to § 1125) belies the claim.  Moreover, the opposition cites no provision of § 1129

27   (or other Bankruptcy Code provision) that would render the Plan unconfirmable.  *See Am. Capital*

28   *Equip., LLC*, 688 F.3d at 155 (plan can only be considered patently unconfirmable "if defects cannot

10

1    be cured by creditor voting"). Instead, the opposition appears aimed at upsetting the terms of a heavily

2    negotiated feature of the Plan: the Liquidating Trust Agreement.  The Plan Proponents submit that

3    the only avenue to raise this complaint is through voting.

4        The Investment Funds' principal complaint is that the establishment of a Liquidating Trustee

5    and Post-Confirmation Oversight Committee raises the specter of duplicative administrative costs.

6    Inv. Funds Opp'n, at 6.  However, despite reviewing the document in detail, the Investment Funds do

7    not identify a single scenario where they anticipate duplicative expense based on the language of the

8    Liquidating Trust Agreement.  The Investment Funds acknowledge that the Post-Confirmation

9    Oversight Committee's rights are limited to specifically enumerated decisions subject to Court

10   consideration.  *See* Inv. Funds Opp'n, at 8-9 (citing Liquidating Trust Agmt., Art. 2.10(c)).  Indeed,

11   these limited provisions—and the Plan language granting exclusive objection rights—advances the

12   efficient administration of postconfirmation liquidation efforts by curtailing individual creditor

13   challenges to decisions of the Liquidating Trustee.  *See* Liquidating Trust Agmt., Art. 2.10(c).

14       The Investment Funds find little support for their bare "duplication" catchphrase in the limited

15   authority cited in the opposition.  The Investment Funds acknowledge that their citations to cases

16   finding committees "duplicative and unnecessary" are "not strictly controlling" in the context of plan

17   confirmation.  Inv. Fund Opp'n, at 7.  By contrast, it is common practice, in this Circuit and others,

18   to include a liquidating trustee and a committee in postconfirmation governance of complex cases.

19   *See, e.g.*, *In re Verity Health Sys. of Cal., Inc.*, No. 2:18-bk-20151-ER, Docket No. 5475, at ECF p.

20   11, 38, 41 (Bankr. C.D. Cal. Aug. 12, 2020) (confirming plan with postconfirmation committee,

21   postconfirmation board of directors, and liquidating trustee); *In re PG & E Corp.*, No. 19-30088,

22   Docket No. 8053, ECF pp. 22-23 (Bankr. N.D. Cal. June 20, 2020) (establishing Fire Victims Trust

23   Oversight Committee, Fire Victim Trustee, and Claims Administrator); *In re Boxed, Inc.*, No. 23-

24   10397 (BLS), Docket No. 424 (Bankr. D. Del. Aug. 31, 2023); *In re Am. Physician Partners, LLC*,

25   No. 23-11469 (BLS), Docket No. 1131 (Bankr. D. Del. Mar. 15, 2024); *In re Quanergy Sys., Inc.*,

26   No. 22-111305 (CTG), Docket No. 479 (Bankr. D. Del. Nov. 8, 2023); *In re Legacy IMBDS, Inc.*,

27   No. 23-10852 (KBO), Docket No. 997 (Bankr. D. Del. Feb. 21, 2024). The notion that a post-

28   confirmation committee with expressly limited powers would result in unarticulated "duplication"

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

11

1 hardly suggests the Plan is patently unconfirmable.

2     The Investment Funds' appropriate method of voicing concern over the provisions of the joint

3 Plan is through voting. The Investment Funds are not entitled to dictate terms of a plan of which they

4 are not proponents—particularly concerning the Plan Proponents' selection of postconfirmation

5 oversight. *See In re PG & E Corp.*, 617 B.R. 671, 686 n.7 (Bankr. N.D. Cal. 2020) ("Creditors here

6 also asserted that they should be permitted to vet Trust Oversight Committee members as they are

7 appointed, and the court OVERRULES this objection as there is no legal basis for the court to order

8 this."). Accordingly, the Investment Fund Opposition should be overruled because it fails to identify

9 any issue that concerns adequacy of disclosure or confirmability of the Plan.

10 **II.**

11 **RESERVATION OF RIGHTS**

12     The Plan Proponents reserve all rights to make further revisions and modifications to the

13 Disclosure Statement and the Plan, as provided herein, in the Motion, and under applicable law.

14 Moreover, the Plan Proponents anticipate filing a revised version of the Disclosure Statement and

15 Plan incorporating the modifications identified herein, other revisions and modifications negotiated

16 since the filing of the Disclosure Statement and Plan, and any other modifications as may be required

17 by the Court at the hearing on the Motion. The Plan Proponents expressly reserve all rights with

18 respect to the foregoing.

19 **III.**

20 **CONCLUSION**

21     For the foregoing reasons, the Plan Proponents respectfully request that the Court: (i) overrule

22 the Oppositions; (ii) grant the Motion; and (iii) grant the Plan Proponents such other and further relief

23 as is just and appropriate under the circumstances.

24

25

26

27

28

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

158255644.2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

1

DATED this 8th day of May 2024.

2

3    **FOX ROTHSCHILD LLP**                    **MARSHACK HAYS WOOD LLP**

4    By:    */s/ Nicholas A. Koffroth*          By: *D. Edward Hays*
          Keith C. Owens (Bar No. 184841)            D. Edward Hays (Bar No. 162507)
5         Nicholas A. Koffroth (Bar No. 287854)      Laila Masud (Bar No. 311731)
          Constellation Place                        870 Roosevelt
6         10250 Constellation Blvd., Suite 900       Irvine, California 92620
          Los Angeles, California 90067
7    *Counsel for the Committee*                 *General Counsel for Chapter 11 Trustee*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

158255644.2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: JOINT OMNIBUS REPLY OF THE CHAPTER 11 TRUSTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER: (I) APPROVING PROPOSED DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES; (III) APPROVING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION; (IV) SETTING RELATED DEADLINES; AND (V) GRANTING RELATED RELIEF on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On 5/08/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Bradford Barnhardt     bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- Eric Bensamochan     eric@eblawfirm.us, G63723@notify.cincompass.com
- Michael Jay Berger     michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Ethan J Birnberg     birnberg@portersimon.com, reich@portersimon.com
- Peter W Bowie     peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown     ron@rkbrownlaw.com
- Christopher Celentino     christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Shawn M Christianson     cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark     rbc@randallbclark.com
- Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Michael W Davis     mdavis@dtolaw.com, ygodson@dtolaw.com
- Anthony Paul Diehl     anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- Jenny L Doling     jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- Daniel A Edelman     dedelman@edcombs.com, courtecl@edcombs.com
- Meredith Fahn     fahn@sbcglobal.net
- William P Fennell     william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- Alan W Forsley     alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- Marc C Forsythe     mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- Jeremy Freedman     jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- Eric Gassman     erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- Christopher Ghio     christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Amy Lynn Ginsburg     efilings@ginsburglawgroup.com
- Eric D Goldberg     eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Mark Mark Good    mark@markgood.com
- David M Goodrich    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Brian L Holman    b.holman@musickpeeler.com
- Richard L. Hyde    rhyde@awglaw.com
- Peter L Isola    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Sara Johnston    sara.johnston@dinsmore.com
- Sweeney Kelly    kelly@ksgklaw.com
- Joon M Khang    joon@khanglaw.com
- Ira David Kharasch    ikharasch@pszjlaw.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- Kelli Ann Lee    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Britteny Leyva    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- Marc A Lieberman    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- Michael D Lieberman    mlieberman@lipsonneilson.com
- Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Mitchell B Ludwig    mbl@kpclegal.com, kad@kpclegal.com
- Daniel S March    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Mark J Markus    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- Sarah S. Mattingly    sarah.mattingly@dinsmore.com
- William McCormick    Bill.McCormick@ag.tn.gov
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- Glenn D. Moses    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- Jamie D Mottola    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
- Victoria Newmark    vnewmark@pszjlaw.com

- Jacob Newsum-Bothamley    jacob.bothamley@dinsmore.com,
  angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Israel Orozco    israel@iolawcorp.com
- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- Michael R Pinkston    rpinkston@seyfarth.com,
  jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankr
  uptcydocket@seyfarth.com
- Douglas A Plazak    dplazak@rhlaw.com
- Tyler Powell    tyler.powell@dinsmore.com,
  jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Vanessa Rodriguez    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- Kevin Alan Rogers    krogers@wellsmar.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott3@bclplaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Maureen J Shanahan    Mstotaro@aol.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman    Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- Jeffrey M Singletary    jsingletary@swlaw.com, rmckay@swlaw.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Adam D Stein-Sapir    info@pfllc.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-
  steinberg-6096@ecf.pacerpro.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- Michael R Totaro    Ocbkatty@aol.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- William J Wall    wwall@wall-law.com
- Sharon Z. Weiss    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com
- Reina Zepeda    rzepeda@omniagnt.com

**2.    SERVED BY UNITED STATES MAIL**:  On 5/08/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Debtor
The Litigation Practice Group P.C.
17542 17th St., Suite 100
Tustin, CA 92780

**See attached for additional parties**

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 5/08/2024, I served the following persons and/or entities by personal delivery,  mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/08/2024 | Kimberly Hoang | /s/ Kimberly Hoang |
|-----------|----------------|--------------------|
| *Date* | *Printed Name* | *Signature* |

## **Additional Parties Served by U.S. Mail**

### **Creditors who have the 20 largest unsecured claims**

Debt Validation Fund II, LLC
5075 Lower Valley Road,
Atglen, PA 19310

MC DVI Fund 1, LLC; MC
DVI Fund 2, LLC
598 Cottonwood Dr.,
Glenview, IL 60026

Validation Partners LLC
1300 Sawgrass Pkwy, Ste. 110
Sunrise, FL 33323

Marich Bein LLC
99 Wall Street, Ste 2669
New York, NY 10005

Business Centers of America
1100 Sir Francis Drake Blvd,
Ste 1, Kentfield, CA 94904

JP Morgan Chase
3 Park Plaza, Ste 900
Irvine, CA 92614

CA Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0511

Outsource Accelerator Ltd

City Marque Limited
Unit 8801-2 Bldg. 244-248
Des Voeux Rd.
Central Hong Kong

Collaboration Advisors
400 Dorla Court
Zephyr Cove, NV 89448

Anthem Blue Cross
PO Box 511300
Los Angeles, CA 90051-7855

Azevedo Solutions Groups, Inc.
420 Adobe Canyon Rd.
Kenwood, CA 95452

Debt Pay Pro
1900 E Golf Road, Suite 550
Schaumburg, IL 60173

Sharp Business Systems
8670 Argent St
Santee, CA 92071

Tustin Executive Center
1630 S Sunkist Steet, Ste A
Anaheim, CA 92806

Exela Enterprise Solutions
2701 E. Grauwyler Road
Irving, TX 75061

Netsuite-Oracle
2300 Oracle Way
Austin, TX 78741

Credit Reporting Service Inc
548 Market St, Suite 72907
San Francisco, CA 94104-5401

Document Fulfillment Services
2930 Ramona Ave #100
Sacramento, CA 95826

Executive Center LLC
5960 South Jones Blvd
Las Vegas, NV 89118

LexisNexus
15500 B Rockfield Blvd
Irvine, CA 92618

**Secured Creditors**

Diverse Capital LLC

323 Sunny Isles Blvd., Suite 503
Sunny Isles, FL 33154

City Capital NY
1135 Kane Concourse
Bay Harbour Islands, FL 33154

Counsel for secured creditor Fundura Capital Group
Mitchell B. Ludwig
Knapp, Petersen & Clarke
550 North Brand Blvd., Suite 1500
Glendale, CA  91203

Counsel for Debt Validation Fund II, LLC,
MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC
Barry Cappello
David L. Cousineau
Cappello  Noel LLP
831 State Street
Santa Barbara, CA 93101