CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele: 619.400.0500

Sarah S. Mattingly (Ky. Bar 94257) (Admitted pro hac vice)
sarah.mattingly@dinsmore.com
DINSMORE & SHOHL, LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Tele: 859-425-1096

Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br><br>The Litigation Practice Group P.C.,<br><br>                    Debtor(s), | Case No: 23-bk-10571-SC<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF YOSINA M. LISSEBECK IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>Date:     May 23, 2024<br>Time:    1:30 p.m.<br>Judge:   Hon. Scott C. Clarkson<br>Place:   Courtroom 5C (via Zoom)[1]<br>              411 West Fourth Street<br>              Santa Ana, CA 92701 |

---

[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at:
http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

I, YOSINA M. LISSEBECK, declare:

1. I am a partner with Dinsmore & Shohl LLP, special counsel to Richard A. Marshack, Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this supplemental declaration in support of my *Motion For Entry of A Protective Order*. The Motion was filed and served on May 2, 2024, and is found on the Court Docket #1164. The last day to oppose the Motion was May 9, 2023.

3. On May 7, 2023, counsel for OHP and PurchaseCo, Razmig Izakelian contacted me asking if he could have a word copy of the proposed order so that he could make a redline addition. He stated in the email, he did not have any objection to the Order, but just wanted to make sure some additional language was considered. I provided him a word copy.

4. On May 8, 2024, Mr. Izakelian provided a redlined version of the Order adding language regarding privilege. I provided a copy of the proposed redline version to the trustee and his general counsel. I have no objection to the additional language, and neither do they.

5. Accordingly, Mr. Izaeklian and I agreed that I would provide a supplemental declaration to the Motion, attaching the redlined version as an Exhibit and that the redlined version would be finalized and submitted to the Court after the hearing for the Court's consideration. Attached hereto as Exhibit A is the redline version of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 13, 2024                    /s/ Yosina M. Lissebeck_____
                                       Yosina M. Lissebeck

# EXHIBIT A



CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:  619.400.0500
Fax:  619.400.0501

Sarah S. Mattingly (Ky. Bar 94257)
sarah.mattingly@dinsmore.com
DINSMORE & SHOHL, LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Tele: 859-425-1096
Fax:  502-585-2207
(Admitted pro hac vice)

Special Counsel to Richard A. Marshack

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In Re | Case No: 23-bk-10571-SC |
| | Chapter 11 |
| The Litigation Practice Group P.C., | **ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER AND THE PROTECTIVE ORDER** |
| Debtor(s), | |
| | Date:  May 23, 2024 |
| | Time:  1:30 p.m. |
| | Judge:  Hon. Scott C. Clarkson |
| | Place:  Courtroom 5C (via Zoom)[1] |
| |      411 West Fourth Street |
| |      Santa Ana, CA 92701 |

[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

1  The Court has read and considered the Notice of Motion and Motion for Entry of Protective

2  Order (the "Motion") filed by Richard A. Marshack, in his capacity as the Chapter 11 Trustee (the

3  "Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C., on May 2, 2024,

4  pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c)(1),

5  as Dk. No. ___ ("Motion"), and has found good cause to grant the Motion.

6      IT IS HEREBY ORDERED that:

7      1.    The Motion is granted;

8      2.    The below Protective Order shall apply to any contested matter arising

9      in the main bankruptcy case and in all adversary proceedings filed by or against Trustee,

10     present and future; and

11     3.    Govern the discovery conducted therein.

12 **PROTECTIVE ORDER**

13 **1.    DEFINITIONS**

14     1.1    "Confidential Information" as used in this Protective Order shall mean documents and

15 other information (regardless of how generated, stored or maintained) that a Party or non-party

16 reasonably believes to contain or reflect non-public financial or business information, bank records,

17 financial records, such as social security numbers, non-public financial or personal information of a

18 Party or non-party, account numbers, sensitive digital information and identifiers, information subject

19 to confidentiality agreements or provisions other than this Protective Order, and other non-public

20 research, development, or commercial information that derives value or avoids injury by virtue of not

21 being known to the public.

22     1.2    This "Action" is defined and hereby means any contested matter arising in the main

23 bankruptcy case and in all adversary proceedings filed by or against Trustee, present and future.

24     1.3    "Designating Party" means a Party or non-party that designates Confidential

25 Information during the Action.

26     1.4    "Receiving Party" means a Party that receives Confidential Information during the

27 Action.

28     1.5    "Party" or "Parties" means person or entity subject to this Protective Order.

2

**2.    SCOPE OF THIS PROTECTIVE ORDER**

2.1    Unless otherwise ordered, this Protective Order shall govern certain documents and other products of discovery obtained in the Action from the Parties there to, and from third parties. As well as certain information copied or derived therefrom, excerpts, summaries or compilations thereof, including, but not limited to, documents voluntarily exchanged as part of early settlement discussions, documents produced pursuant to initial disclosures, requests authorized by the Federal Rules of Civil Procedure made applicable herein by the Federal Rules of Bankruptcy Procedure, answers to interrogatories, deposition transcripts, responses to requests for production, responses to requests for admission, subpoenas, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of the Action and designated as Confidential Information.

**3.    DESIGNATION OF CONFIDENTIAL INFORMATION**

3.1    This Protective Order shall govern the production and handling of any Confidential Information in this Action. Any Party or non-party who produces Confidential Information in this Action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Protective Order. Whenever possible, the Designating Party must designate only those portions of a document, written discovery responses, deposition, transcript, or other material that contain the Confidential Information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its Confidential Information outside of this Action or for any business purposes. In addition, any Party may move to modify or seek other relief from any of the terms of this Protective Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Parties or Party as the case may be under the terms of this Protective Order. Further, nothing in this Protective Order shall prevent a Party from redacting documents consistent with the Federal Rules of Civil Procedure and utilizing the documents as needed through-out the Action.

3.2    <u>Application to Non-Parties:</u> Before a non-party is given copies of documents or materials designated as Confidential Information or Attorneys' Eyes Only as permitted hereunder, it must first sign an acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if

3

1  it fails to do so, the Parties to this Action must resolve any such dispute before making disclosure of

2  designated information as permitted hereunder to the non-party. If a non-party wishes to make

3  designations hereunder, it must first sign attached <u>Exhibit A.</u>

4         3.3    <u>Timing and Provisional Protection:</u> Designations of Confidential Information may be

5  made at any time. To avoid potential waiver of protection hereunder, the Designating Party should

6  designate documents or materials containing Confidential Information at the time of production or

7  disclosure, including on the record during the taking of any deposition. Deposition testimony will be

8  deemed provisionally protected for a period of thirty (30) days after the transcript is released to the

9  Parties by the court reporter, although the Parties may agree at any time to different timelines of

10 provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more

11 specific depositions. To retain any designations beyond the provisional period, a Designating Party

12 must designate specific pages and lines of deposition testimony before the provisional period has

13 expired. Such designations must be made in writing so that all counsel and court reporters may append

14 the designation to all copies of the transcripts.

15        3.4    <u>Manner of Designation:</u> Confidential Information may be designated hereunder in any

16 reasonable manner or method that notifies the Receiving Party of the designation level and identifies

17 with specificity the information to which the designation applies. If made verbally, the Designating

18 Party must promptly confirm the designation in writing. Whenever possible, the Designating Party

19 should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on

20 each designated page of the document or electronic image that contains Confidential Information.

21     **4.**    **CHALLENGES TO DESIGNATED INFORMATION**

22        4.1    In the event that a Receiving Party disagrees at any time with any designation(s) made

23 by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith

24 on an informal basis with the Designating Party. The Receiving Party must provide written notice of

25 the challenge and the grounds therefor to the Designating Party, who must respond in writing to the

26 challenge within fifteen (15) days. At all times, the Designating Party carries the burden of

27 establishing the propriety of the designation and protection level. Unless and until the challenge is

28 resolved by the Parties or ruled upon by the Court, the designated information shall remain protected

4

1  under this Protective Order. The failure of any Receiving Party to challenge a designation does not

2  constitute a concession that the designation is proper or an admission that the designated information

3  is otherwise competent, relevant, or material.

4      **5.      LIMITED ACCESS/USE OF PROTECTED INFORMATION**

5          5.1      <u>Restricted Use:</u> Information that is produced or exchanged in the course of the Action

6  and designated under this Protective Order may be used for preparation for trial and preparation for

7  any appeal of any and all matters in the Action, as well as related settlement negotiations, and for no

8  other purpose, without the written consent of the Designating Party. No Confidential Information may

9  be disclosed to any person except in accordance with the terms of this Protective Order, unless the

10 parties are co-counsel or have entered into joint defense agreements. All persons in possession of

11 Confidential Information agree to exercise reasonable care with regard to the custody, use, or storage

12 of such information to ensure that its confidentiality is maintained. This obligation includes, but is

13 not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of

14 any subpoena that seeks production or disclosure of any designated information and consulting with

15 the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or

16 Attorneys' Eyes Only information in violation of the terms of this Protective Order may subject the

17 disclosing person or party to sanctions.

18         5.2      <u>Access to "Confidential" Information:</u> The Party(ies) and all persons subject to this

19 Protective Order agree that information designated as "CONFIDENTIAL" may only be accessed or

20 reviewed by the following:

21         a)      The Court, its personnel, and court reporters;

22         b)      Counsel of record, or co-counsel for any Party, or other party that has entered into a

23 joint defense agreement in the Action and their employees who assist counsel of record, or co-counsel

24 in the Action and are informed of the duties and obligations imposed hereunder;

25         c)      The Parties, including their clients, agents and employees who are assisting or have

26 reason to know of the Action;

27         d)      Experts or consultants employed by the Parties or their counsel, or co-counsel, for

28 purposes of an Action, so long as each such expert or consultant has signed attached <u>Exhibit A;</u> and

5

1        e)       Other witnesses or persons with the Designating Party's consent or by court order.

2        5.3    <u>Access to "Attorneys' Eyes Only" Designations:</u> The Parties and all persons subject to this Protective Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

a)       The Court, its personnel, and court reporters;

b)       Counsel of record, or co-counsel for any Party, or other party that has entered into a joint defense agreement in the Action and their employees who assist counsel of record in the Action and are informed of the duties hereunder;

c)       In-house counsel for any Party in the Action and Richard A. Marshack, as Chapter 11 Trustee of The Litigation Practice Group P.C. who is informed of the duties and obligations imposed hereunder;

d)       Experts or consultants employed by the Parties or their counsel, or co-counsel for purposes of the Action, and so long as each such expert or consultant has signed attached <u>Exhibit A;</u> and

e)       Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

5.4    <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, will constitute a waiver of any Party(ies)'s claim or defense in the Action or any other action or proceeding, including, but not limited to, a claim or defense that any designated information is or is not Confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

5.5    <u>In-Court Use of Designated Information:</u> If information designated under this Protective Order will or may be offered in evidence at a hearing or trial related to any matter in the Action, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*. Nothing in this Protective Order shall be construed as a waiver by a Party of any objections that may be raised as to

6

1  the admissibility at trial of any evidentiary materials.

2      **6.      CLAW-BACK REQUESTS**

3      6.1    <u>Failure to Make Designation:</u>  If, at any time, a Party or non-party discovers that it

4  produced or disclosed Confidential Information without designation, it may promptly notify the

5  Receiving Party and identify with particularity the Confidential Information to be designated and the

6  level of designation (the claw-back notification). The Receiving Party may then request substitute

7  production of the newly-designated information. Within thirty (30) days of receiving the claw-back

8  notification, the Receiving Party must: (1) certify to the Designating Party it has appropriately marked

9  or, if substitute production has been requested, destroyed all unmarked copies that it received, made,

10  and/or distributed; and (2) if it was practicably unable to mark or destroy any information because

11  disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms

12  of this Protective Order regarding that information, the Receiving Party must reasonably provide as

13  much information as practicable to aid the Designating Party in protecting the information,

14  consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation

15  privileges.

16      6.2    <u>Inadvertent Production of Privileged Information:</u> If, at any time, a Party discovers

17  that it produced information that it reasonably believes is subject to protection under the

18  attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each

19  Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and

20  comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute

21  information that redacts the information subject to the claimed protection. The Receiving Party must

22  thereupon comply with Fed. R. Civ. P. 26(b)(5)(B) as to the information subject to the claimed

23  protection.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

7

**7.    DURATION/CONTINUED RESTRICTIONS**

7.1    <u>Handling of Designated Information Upon Conclusion of the Main Bankruptcy Case:</u> Upon conclusion of the Main Bankruptcy Case, by way of dismissal or closing of the case, the Designating Party(ies) is/are responsible for ensuring that any Party or person to whom the Designating Party shared or disclosed designated information in any of the matters under the Action returns or destroys all of its copies, regardless of the medium in which it was stored. No witness or Party may retain designated information that it received from any other Party or non-party under this Protective Order; only counsel of record, or co-counsel, are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to protect its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Protective Order. This provision does not apply to the Court or Court staff. Moreover, this provision does not apply to Trustee, who may retain and use – consistent with this Order – Confidential Information received in any Action during the entirety of the Bankruptcy.

7.2    <u>Continued Restrictions Under this Protective Order:</u> The restrictions on disclosure and use of Confidential Information shall survive the conclusion of the Bankruptcy case and any matter in the Action.

**8.    PRIVILEGED OR PROTECTED INFORMATION**

8.1    Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, the work-product protection, or any other legally cognizable privilege (a "Privilege or Protection").  If information subject to a claim of Privilege or Protection is inadvertently produced, pursuant to Federal Rule of Evidence 502(d) such production shall not constitute a waiver of, or estoppel as to, any claim of Privilege or Protection for such information or any other information that may be protected from disclosure by a Privilege or Protection in any proceeding.

8.2    If a Party receives a document that appears to be subject to a Privilege or Protection, then it shall refrain from examining the document any more than is essential to ascertain if it is privileged or protected and shall promptly notify the producing Party in writing that the receiving

8

Party possesses material that appears to be subject to a Privilege or Protection. The producing Party shall have seven (7) days after receiving such notice to assert a Privilege or Protection over the identified material. If the producing Party does not assert a claim of Privilege or Protection within the seven (7)-day period, the material in question shall be deemed not privileged or protected.

8.3    If a producing Party has produced a document subject to a claim of Privilege or Protection, upon written request by the producing Party, the document for which a claim of Privilege or Protection is made shall be sequestered or destroyed to the extent reasonably practicable, and the receiving Party shall not use the document for any purpose other than in connection with analyzing or disputing a claim of Privilege or Protection or in connection with a motion to compel the production of the document.

8.4    The receiving Party sequestering or destroying such material may then move the Court for an order compelling production of the material. The applicable producing Party bears the burden of establishing the applicable Privilege or Protection of any clawed-back document or information as and to the same extent that it would have borne such burden had it not produced the document or information.  Nothing in this Protective Order shall limit the Court's right or any receiving Party's right to request an in camera review of any information subject to a claim of Privilege or Protection.

####

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:      655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled **SUPPLEMENTAL DECLARATION OF YOSINA M. LISSEBECK IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 13, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On May 13, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 13, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COPY - VIA FEDEX:**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 13, 2024 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                      **F 9013-3.1.PROOF.SERVICE**

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, reich@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-.1.PROOF.SERVICE**

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy
Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwal
inski@fennelllaw.com;samantha.larimer@fennelllaw.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-1.PROOF.SERVICE**

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golde
n.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golde
n.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golde
n.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golde
n.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golde
n.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                    **F 9013-.1.PROOF.SERVICE**

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Mark Mark Good on behalf of Creditor Opportunity Fund Northern California
mark@markgood.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-1.PROOF.SERVICE**

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-.1.PROOF.SERVICE**

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        F 9013-.1.PROOF.SERVICE

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankru
ptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      **F 9013-.1.PROOF.SERVICE**

tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                   F 9013-1.PROOF.SERVICE

PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-.1.PROOF.SERVICE**