1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  ALINA MAMLYUK, #284154
   amamlyuk@marshackhays.com
3  MARSHACK HAYS WOOD LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  General Counsel for Chapter 11 Trustee,
   RICHARD A. MARSHACK
7
   Christopher B. Ghio (State Bar No. 259094)
8  Christopher Celentino (State Bar No. 131688)
   Yosina M. Lissebeck (State Bar No. 201654)
9  **DINSMORE & SHOHL LLP**
   655 West Broadway, Suite 800
10 San Diego, CA 92101
   Telephone:  619.400.0500
11 Facsimile:  619.400.0501
   christopher.ghio@dinsmore.com
12 christopher.celentino@dinsmore.com
   yosina.lissebeck@dinsmore.com
13
   Special Counsel to Chapter 11 Trustee,
14 RICHARD A. MARSHACK

15             UNITED STATES BANKRUPTCY COURT

16        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

17 | In re | Case No. 8:23-bk-10571-SC |

18 | THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |

19 | Debtor. | TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY THE ATTORNEYS WHOSE WORK ON CONSUMER FILES BENEFITTED THE ESTATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TIFFANY CORNELIUS, KELLY J. ADAMS, SHADAE CLARKE, ASHLEY LAMBERT-BLAND, AND RICHARD MARSHACK IN SUPPORT |

Hearing Date
Date:  Wednesday, June 12, 2024
Time: 1:30 p.m.
Ctrm: 5C - ViaZoom[1]
Place: 411 West Fourth Street
          Santa Ana, CA  92701

[1] Check Judge Clarkson's tentative prior to hearing for further Zoom instructions.

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL ALLEGED SECURED CREDITORS, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this Motion ("Motion") to Surcharge Secured Creditors to Pay Client File Servicing Attorneys, Tiffany Cornelius ("Cornelius"), Shadae Clarke ("Clarke"), Kelly J. Adams ("Adams"), and Ashley Lambert-Bland ("Lambert-Bland" collectively, "Attorneys'"), as follows.

# I.      Summary of Argument

A court can impose, and a bankruptcy trustee may recover, a section 506(c) surcharge of expenses against secured creditors' collateral if the trustee can show the expenses were reasonable, necessary, and beneficial to the secured creditors. In this case, the Debtor had fraudulently transferred substantially all its assets to non-Debtor entities prior to bankruptcy, necessitating Trustee's avoidance and recovery of these assets to prepare them for a subsequent sale. Ultimately, the highest bidder was Morning Law Group, P.C. ("Buyer") which closed the sale on August 4, 2023. Without this sale of recovered assets, there would not have been _any_ proceeds from which any distributions could be made to secured creditors.

To preserve the assets of the Estate pending the sale, the Trustee requested that the Attorneys continue providing legal services to Debtors' consumer clients to avoid interruption of services to the consumers. Without the continued services provided by the Attorneys, the Trustee may not have been able to effectuate a sale of the assets. In other words, the Attorneys' efforts benefitted the secured creditors by rendering the contracted services so that the consumers would continue making payments pursuant to their retainer agreements. By this Motion, Trustee seeks to surcharge secured creditors so that Trustee may pay the Attorneys' fees in the amount of $114,525.00.

## II. Pertinent Factual Background

### A. Debtor's Business, Bankruptcy Filing, and Appointment of a Trustee

Pre-petition, Debtor was a law firm that provided consumer debt resolution services and creditor litigation services to clients, servicing more than 50,000 customers across the United States.

On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case"). Prior to bankruptcy, Debtor fraudulently transferred substantially all its assets and clients. As of the petition date, Debtor had virtually no assets or clients.

On March 30, 2023, as Dk. No. 21, the Office of the United States Trustee ("UST") filed a motion to dismiss or convert the Bankruptcy Case under 11 U.S.C. § 1112(b) for failure to comply with its guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the UST to appoint a Chapter 11 Trustee. Richard A. Marshack was appointed the Chapter 11 trustee of the Debtor's Estate. *See*, Dk. No. 65.

Upon his appointment, Trustee filed litigation seeking, among other things, to avoid and recover Debtor's fraudulent transfers of its assets and client base. See, Adv. Case No. 8:23-ap-01046-SC. On June 27, 2023, Trustee filed a stipulation with Defendant, Phoenix Law Group, Inc., avoiding, recovering, and preserving the legal service agreements between Debtor and its clients.

On July 22, 2023, as Dk. No. 320, the Court granted Trustee's sale motion of such contracts, as reformed, and entered an order approving the sale of estate assets. Pursuant to the Sale Order, the buyer closed on August 4, 2023.

The period of time during which the Attorneys provided services to LPG consumer clients that is the subject of this motion is from the date Debtor filed bankruptcy on March 20, 2023, until the sale closed on August 4, 2023.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814,v.1/1015-157

## B.     Alleged Secured Creditors

Since his appointment, the Trustee and his agents scoured records to identify what secured creditors may exist. To date, the following chart identifies creditors with alleged secured claims (collectively, all creditors in the chart are referred to as the "Secured Creditors"):

| Secured Creditor | UCC Filing Date | UCC Number |
| --- | --- | --- |
| Bridge Funding Cap, LLC | 5/19/21 | U210047914841[2] |
| Azzure Capital LLC | 5/28/21 | U210050853928 |
| MNS Funding LLC | 5/28/21 | U210050823723 |
| Diverse Capital LLC | 9/15/21 | U210085288536 |
| OHP-CDR, LP and Purchaseco80, LLC[3] | 1/25/23 | U230005834326 |
| PECC Corp.[4] | 2/2/23 | U230009059730 |

## III.    Legal Argument

11 U.S.C. § 506(c) provides that a trustee may "surcharge" the collateral of a secured claimant to pay for the reasonable, necessary costs and expenses of preserving or disposing of the collateral:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

*See also In re Glasply Marine Indus., Inc.*, 971 F.2d 391, 393 (9th Cir. 1992) (noting that § 506(c) allows a trustee to recover reasonable expense of preserving property to the extent of any benefit to the holder of a secured claim). Surcharge is not an administrative claim but an assessment against a secured party's collateral. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1067 (9th Cir. 2001). A surcharged amount therefore does not come out of the debtor's estate, but rather comes "directly from the secured

---

[2] UCC-1 Listed as Being Terminated on 1/2/22 (UCC No. U220114888130). On 1/20/22 Fundura filed a "Lien Statement of Claim" saying debt is still owed and debtor had no right to terminate (UCC No. U220119911529).
[3] The UCC-1 of OHP-CDR LP was filed in the preference period. Purchaseco80, LLC claims it owns the accounts that it purchased although its ownership would be subject to any valid, prior liens against the Debtor.
[4] Also recorded in the preference period.

1  party's recovery." *Id.* The rationale for charging a lienholder with the costs and expenses of

2  preserving or disposing of secured collateral is that the general estate and unsecured creditors should

3  not bear the cost of "protecting what is not theirs." *Sec. Leasing Partners LP v. ProAlert, LLC (In re*

4  *ProAlert, LLC)*, 314 B.R. 436, 442 (B.A.P. 9th Cir. 2004).

5      Under § 506(c), a trustee may recover administrative expenses from a secured creditor's

6  collateral under § 506(c) if one of two tests is met. *In re Tollenaar Holsteins*, 538 B.R. 830, 833, 838

7  (Bankr. E.D. Cal. 2015). The party seeking surcharge under § 506(c) bears the burden of proof. *In re*

8  *Colusa Reg'l Med. Ctr.*, 604 B.R. at 853.

9      The first test is an "objective test" which requires that the expenses relating to the

10 preservation or disposition of collateral were:

11   1)  Reasonable,

12   2)  Necessary, and

13   3)  Provided a quantifiable benefit to the secured creditor.

14 *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp., Inc. (In re Debbie Reynolds Hotel &*

15 *Casino, Inc.),* 255 F.3d 1061, 1065 (9th Cir. 2001); *In re Tollenaar Holsteins*, 538 B.R. at 834; *see*

16 *also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 854 (same). Recovery under the objective test is

17 limited to the amount of any benefit and must be proven with specificity. *In re Tollenaar Holsteins*,

18 538 B.R. at 834.

19      The second test is a "subjective test" under which there must be a showing that the secured

20 creditor "consented to" or "caused" the expenses to be surcharged. *In re Tollenaar Holsteins*, 538

21 B.R. at 834; *see also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 859 (same).[5] If the trustee satisfies

22 the requirements of § 506(c) regarding a particular expense, then the proceeds from the secured

23 party's collateral should be first used to cover the properly surcharged expense instead of being paid

24 to the secured party. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023). Section 506(c), in other words,

25 creates a "special priority" for the surcharged expense ahead of the secured party's general priority

26 to its collateral. *Id.*

27 _____

28 [5] Absent an agreement, consent shall be deemed pursuant to Local Bankruptcy Rule 9013-1(h).

**A.    The objective test is met here regarding Attorneys' fees and expenses because they were reasonable, necessary, and provided a quantifiable benefit to the Secured Creditors.**

### 1.    Reasonable

Expenses are reasonable to the extent they are incurred in the ordinary course at a reasonable price. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023). In connection with Trustee's efforts to sell Debtor's assets, the Attorneys provided essential legal services to Debtor's consumer clients. The continuous legal services provided to Debtor's consumer clients by the Attorneys preserved the Estate. Without these legal services, the Trustee likely would not have successfully sold Debtors' assets to Buyer. Without the sale, there would ultimately be _zero_ proceeds from which any distributions could be made to secured creditors.

The breakdown of the fees and expenses accumulated by the Attorneys are as such: Cornelius is $22,000.00, Clarke is $19,675.00, Adams is $42,600.00 ($35,650 in legal fees and $6,950 in office rent and other legal expenses) and Lambert-Bland is $30,250.00. For over 19 weeks that the Attorneys covered client files in the states of Arkansas, New Mexico, Pennsylvania, Georgia, and Missouri, Attorneys performed all legal tasks associated with ensuring proper legal representation and each of the Attorneys have put forth in her individual declaration that work on LPG client files took at least (but often more than) the entirety of a 40-hour workweek.

The Trustee believes that the fees incurred by the Attorneys were reasonable as they average out to roughly the following hourly rate (calculated at 40 hours a week for a 19-week post-petition period prior to sale of LPG files)—Cornelius: $28.94/hr; Clarke: $25.89/hr; Adams: $46.91/hr ; and Lambert-Bland: $39.80/hr. Because each of the Attorneys was a salaried employee prior to Debtor's petition (as stated in their declarations), neither was initially bound by requirement to track precise 6-minute billing increment records but each had extensive professional basis and experience on which they drew to estimate the totality of fees that they accumulated on continuing work post-petition. There is virtually no likelihood that any party in interest can object to the hourly fees stated above as being beyond reasonable for legal work involved in debt resolution. Overall, the fees associated with the services provided, such as service fees and administrative services,

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

1  were reasonable and ordinary.

2          **2.    Necessary**

3          Expenses are necessary where they prevent loss of or diminution in value to property of the

4  estate. *See In re Tollenaar Holsteins*, 538 B.R. 830, 834 (Bankr. E.D. Cal. 2015) (indicating that

5  expenses were necessary to prevent the loss of valuable permits and a corresponding diminution in

6  value if the permits were lost). Expenses are likewise necessary where they secure estate property

7  from vandalism or ensure compliance with regulations. *Id.* at 835 (noting that expenses were

8  reasonable and necessary to secure property from vandalism and comply with environmental

9  monitoring regulations). Importantly, if a secured creditor has a lien on all, or virtually all, of a

10 debtor's assets, the debtor is engaged in ongoing business operations, and the debtor's continued

11 operations preserve or enhance the value of the secured creditor's collateral, items that may qualify

12 as "necessary" expenses chargeable against the collateral include the debtor's payroll costs,

13 insurance costs, workers' compensation expenses, and post-petition administrative taxes. 4 Collier

14 on Bankruptcy P 506.05 (16th 2023).

15         The Debtor's business was a law firm that provided consumer debt resolution services to

16 over 50,000 customers across the United States; there were virtually no other significant assets in the

17 estate other than these consumer client-related accounts.[6] At the October 19, 2023, hearing on the

18 Trustee's previous surcharge motion,[7] when discussing the necessity of managing the sale of

19 Debtor's firm, this Court laid out the law of the case, finding that "OHP and other secured creditors

20 wouldn't even have money right now" without Trustee's decisive actions taken in pursuing the sale.

21 There would not even be the current Chapter 11 proceeding and instead, secured creditors would "be

22 talking to a Chapter 7 trustee about how in the world [they are] ever going to get paid."  Without the

23 Trustee's sale of assets, there would simply be no proceeds from which to pay any of the secured

24 creditors' claims.

25

26 _____

27 [6] As a result of Debtor's principal's actions, Trustee is pursuing many causes of action in this case.
   [7] Trustee's Motion To Surcharge Secured Creditors To Pay Management Fees And Expenses Of
   Resolution Processing, LLC, Dk. No. 545; Hearing at Dk. No. 597.

28

4891-8529-8814,v.1/1015-157

Here, had the Attorneys stopped providing legal services to Debtor's consumer clients, there would not have been any value or assets to be sold. Particularly, when Attorneys offered to withdraw from servicing the consumer clients, the Trustee requested that they not withdraw to preserve the Estate. In addition, some states, such as Missouri, where Cornelius performed legal services, are "must appear" states. In addition, even if the Trustee had not requested that the Attorneys continue to provide services to Debtors' consumer clients, it was not within the power of the Trustee to allow the Attorneys to withdraw from the cases that the Attorneys were servicing. It is within the discretion of the Court to deny motions to withdraw. Also, some of the Attorneys, Lambert-Bland and Adams, were responsible for making rent payments that allowed Debtor consumer clients to speak with their attorney in person, benefiting the Estate. Finally, Attorneys such as Adams were the only attorney licensed to service client files in a particular state at the time of the bankruptcy, leaving them with little redress as there was not another attorney that could have provided necessary legal services. The services provided by the Attorneys were necessary to preserve the Estate and enable the sale of assets. The expense of the Attorneys was critically necessary to assure that there is no loss of or diminution of the Debtor's estate and that every consumer file which represents a valuable asset was serviced in full compliance of all relevant laws and regulations.

### 3.    Quantifiable Benefit

An estate can be surcharged for fees that a trustee's professionals incurred for services rendered for the benefit of a secured creditors and its collateral. *See In re Tollenaar Holsteins*, 538 B.R. 830, 835 (Bankr. E.D. Cal. 2015). Further, the reasonableness and necessity of a trustee's incurred expenses must be balanced against the benefits obtained for the secured creditor and the amount the secured creditor would have necessarily incurred through foreclosure and disposal of the property. *U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*, 604 B.R. 839, 854 (B.A.P. 9th Cir. 2019).

Here, Attorneys' expenses and time expended regarding the Debtor's business provided a quantifiable benefit because they pertained to the upkeep and continuity of the Debtor's business. Had the Attorneys not continued to provide legal services to Debtor's consumer clients, then there would have likely been no assets for the Trustee to sell. Without the sale of these assets, there would

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

1  likely be no funds from which distributions could be made to secured creditors. Had the Secured

2  Creditors been in possession of Debtor's business, they would have had to spend time and money on

3  these same issues, which would include hiring local attorneys in five states, getting consent from

4  clients for a legal file transfer, effectuating the transfer and then monitoring the legal work of these

5  potential new legal hires. It is highly probable that Secured Creditors would have accrued

6  astronomically higher costs in a do-it-yourself approach rather than the $114,525.00 that the Trustee

7  is seeking to surcharge here. Attorneys provided a quantifiable benefit to the Secured Creditors that

8  is traceable and economical and is potentially significantly lower than Secured Creditors' efforts to

9  keep the client files in good standing with clients would have cost them.

10       Bottomline, the Attorneys' compensation of $114,525.00 in this case is reasonable,

11  necessary, and quantifiably beneficial. The Trustee respectfully requests that the proceeds of sale be

12  surcharged pursuant to 11 U.S.C. § 506(c) so that the Trustee can compensate the Attorneys for the

13  essential services that they provided to the Estate.

14  ## IV.    Conclusion

15       For the foregoing reasons, Trustee requests that the Court enter an order:

16       1)       Granting the Motion;

17       2)       Surcharging the proceeds of sale (without regard to the priority of the Secured

18  Creditors or the allowance of their claims) the full $114,525.00[8] for payment of the Attorneys' fees

19  and expenses;

20       3)       That such surcharge be without prejudice to any further surcharge to be brought by

21  way of separately noticed motion;

22  / / /

23  / / /

24

25

26  _____

27  [8] Cornelius' portion is $22,000; Clarke's portion is $19,675; Adams' portion is $42,600; Lambert-

28  Bland's portion is $30,250.

1      4)     Authorizing Trustee to pay the Attorneys' fees and expenses, within five (5) Court

2  days after entry of an order; and

3      5)     Awarding such further relief as the Court deems just and proper

4

5  DATED: May 22, 2024           MARSHACK HAYS WOOD LLP

6                    By: /s/ D. Edward Hays

7                        D. EDWARD HAYS
                        ALINA MAMLYUK

8                        Attorneys for Chapter 11 Trustee,
                        RICHARD A. MARSHACK

9

10                    DINSMORE & SHOHL LLP

                    By:

11                        CHRISTOPHER B. GHIO

12                        CHRISTOPHER CELENTINO
                        YOSINA M. LISSEBECK

13                        Special Counsel to Chapter 11 Trustee,
                        RICHARD A. MARSHACK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS

4891-8529-8814 v 1/1015-157

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am the duly appointed Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor").

4. The facts set forth below are true of my personal knowledge.

5. I make this Declaration in support of my Motion ("Motion") to Surcharge Secured Creditors to Pay the Attorneys Whose Work on the Consumer Files Benefitted the Estate.

6. Prior to bankruptcy, Debtor was a law firm that provided consumer debt resolution services allegedly servicing more than 50,000 customers across the United States.

7. On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case").

8. On March 30, 2023, as Dk. No. 21, the United States Trustee filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b) for failure to comply with the U.S. Trustee guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

9. On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the U.S. Trustee to appointment a Chapter 11 Trustee in this case. I was appointed as the Chapter 11 trustee of the Debtor's estate.

10. After my appointment, I filed a lawsuit seeking to avoid and recover Debtor's fraudulent transfer of its assets including legal service agreements between it and its clients. See, Adv. Case No. 8:23-ap-01046-SC.

11. On July 22, 2023, as Dk. No. 320, the Court granted Trustee's sale motion of such contracts, as reformed, and entered an order approving the sale of estate assets. Pursuant to the Sale Order, the buyer closed on August 4, 2023. Trustee is in receipt of approximately $5.1 million of sales proceeds ("Sales Proceeds"). Further Sale Proceeds will be received in the future.

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

12.     Attorneys Tiffany Cornelius, Kelly J. Adams, Shadae Clarke, and Ashley Lambert-Bland ("Attorneys") provided essential legal services post-petition in order to service and maintain client legal files that were part of the Sale.

13.     My legal team verified the fees and expenses submitted by Attorneys to be reasonable considering fair market value for debt resolution for the number of client files serviced, especially taking into account that each of the Attorneys worked nearly full time on client file work post-petition.

14.     I therefore request that the Court enter an order surcharging Secured Creditors the fees and expenses of the Attorneys as set forth in the Motion and authorizing payment of the Attorneys' fees and expenses, within five Court days after entry of an order.

15.     At this time, the Court has not yet determined the validity, priority, or extent of any of the alleged secured parties' claims. As such, I seek to surcharge the proceeds of sale. The ultimate determination of which secured creditor will not receive funds as a result of the requested surcharge will be determined at a later time in connection with the pending adversary proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 22, 2024.

_____
RICHARD A. MARSHACK

MOTION FOR ORDER TO SURCHARGE SECURED CREDITORS
4891-8529-8814,v.1/1015-157

# Declaration of Tiffany Cornelius

I, TIFFANY CORNELIUS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I make this Declaration in support of the Trustee's Motion ("Motion") to Surcharge Secured Creditors to Pay the Attorneys whose Work on the Consumer Files Benefitted the Estate.

5.      I am an attorney at law, duly licensed and admitted to practice law before all courts in the State of Missouri and the State of New Mexico. I represented LPG clients, post-petition, in both States; Missouri and New Mexico.

6.      My pre-petition salary with LPG was $125,000.00 annually.

7.      I spent approximately 40 hours per week working on LPG clients post-petition.

8.      Thus, I incurred post-petition fees in the amount of $22,000.

9.      I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 21, 2024.


*Tiffany Cornelius*
_____
TIFFANY CORNELIUS

4865-5439-2512, v. 1

12

**DECLARATION OF TIFFANY CORNELIUS**

# Declaration of Kelly J. Adams

I, KELLY J. ADAMS, say and declare as follows:

1.     I am an individual over 18 years of age and competent to make this Declaration.

2.     If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.     The facts set forth below are true of my personal knowledge.

4.     I make this Declaration in support of the Trustee's Motion ("Motion") to Surcharge Secured Creditors to Pay the Attorneys whose Work on the Consumer Files Benefitted the Estate.

5.     I represented LPG clients, post-petition, in the state of Pennsylvania only.

6.     My pre-petition salary with LPG was $110,000.00 per year.

7.     Post-petition, I worked approximately 42-45 hours per week for LPG clients.

8.     Thus, I incurred post-petition fees in the amount of $35,650 and costs in the amount of $6,950, which I am seeking reimbursement for.

9.     Withdrawing as counsel was too difficult post-petition. I had to ensure that the client would not be prejudiced, file a motion with the Court, and appear for a Motions hearing in person.  This was not physically or economically possible in most cases due to the volume of cases spread throughout the entire state of Pennsylvania, and many of the clients objected or ignored my request for consent withdrawals from their cases.

10.     I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 22, 2024.

_____
KELLY J. ADAMS

4874-1311-0976, v. 1

**DECLARATION OF KELLY J. ADAMS**

# Declaration of Shadae Clarke

I, SHADAE CLARKE, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I make this Declaration in support of the Trustee's Motion ("Motion") to Surcharge Secured Creditors to Pay the Attorneys whose Work on the Consumer Files Benefitted the Estate.

5.      I am an attorney at law duly admitted to practice before all courts of the State of Georgia and represented LPG clients post-petition in the State of Georgia.

6.      My pre-petition salary with LPG was $90,000.00 annually.

7.      I spent approximately 40 hours a week working on LPG clients post-petition.

8.      Thus, I incurred post-petition fees in the amount of $19,500 and costs in the amount of $175.00, which I am seeking reimbursement for.

9.      I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 21, 2024.

_____
SHADAE CLARKE

4862-3752-6208, v. 1

14
**DECLARATION OF SHADAE CLARKE**

# Declaration of Ashley Lambert-Bland

I, ASHLEY LAMBERT-BLAND, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I make this Declaration in support of the Trustee's Motion ("Motion") to Surcharge Secured Creditors to Pay the Attorneys whose Work on the Consumer Files Benefitted the Estate.

5.      I represented both Arkansas and New Mexico LPG clients, post-petition.

6.      Pre-petition, my LPG salary was $140,000.00 annually.

7.      Between discovery responses, filing answers, responding to motions, talking to clients, and opposing counsel via email and phone calls, post-petition, my office worked approximately 40 hours per week on LPG files.

8.      Therefore, I am seeking post-petition fees in the amount of $30,250.

9.      I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 22, 2024.

ASHLEY LAMBERT-BLAND

4855-5228-1792, v. 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO SURCHARGE SECURED CREDITORS TO PAY THE ATTORNEYS WHOSE WORK ON CONSUMER FILES BENEFITTED THE ESTATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF EDWARD D. HAYS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 22, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **May 22, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 22, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 22, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

| | | |
|---|---|---|
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Bradford Barnhardt | bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC** | Eric Bensamochan | eric@eblawfirm.us, G63723@notify.cincompass.com |
| **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.** | Michael Jay Berger | michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger @ecf.inforuptcy.com |
| **INTERESTED PARTY COURTESY NEF** | Ethan J Birnberg | birnberg@portersimon.com, reich@portersimon.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Peter W Bowie | peter.bowie@dinsmore.com, caron.burke@dinsmore.com |
| **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC** | Ronald K Brown | ron@rkbrownlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Christopher Celentino | christopher.celentino@dinsmore.com, caron.burke@dinsmore.com |
| **INTERESTED PARTY COURTESY NEF** | Shawn M Christianson | cmcintire@buchalter.com, schristianson@buchalter.com |
| **INTERESTED PARTY COURTESY NEF** | Randall Baldwin Clark | rbc@randallbclark.com |
| **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI:** | Leslie A Cohen | leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com |
| **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.** | Michael W Davis | mdavis@dtolaw.com,  ygodson@dtolaw.com |
| **INTERESTED PARTY COURTESY NEF** | Anthony Paul Diehl | anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net |
| **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER** | Jenny L Doling | jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net |
| **INTERESTED PARTY** | Howard M Ehrenberg | Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com |
| **ATTORNEY FOR CREDITOR CAROLYN BEECH** | Daniel A Edelman | dedelman@edcombs.com, courtecl@edcombs.com |
| **CREDITOR** | Meredith Fahn | fahn@sbcglobal.net |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC | William P Fennell | william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com |
|---|---|---|
| INTERESTED PARTY COURTESY NEF | Alan W Forsley | alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net, addy@flpllp.com |
| ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL | Marc C Forsythe | mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jeremy Freedman | jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com |
| ATTORNEY FOR CREDITOR HERRET CREDIT | Eric Gassman | erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Christopher Ghio | christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com |
| ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD | Amy Lynn Ginsburg | efilings@ginsburglawgroup.com |
| ATTORNEY FOR DEFENDANT STRIPE, INC | Eric D Goldberg | eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com |
| ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC | Jeffrey I Golden | jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com |
| ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC | Richard H Golubow | rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| ATTORNEY FOR CREDITOR OPPORTUNITY FUND NORTHERN CALIFORNIA | Mark Good | mark@markgood.com |
| ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC | David M Goodrich | dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | D Edward Hays | ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| ATTORNEY FOR CREDITOR CITY CAPITAL NY | Alan Craig Hochheiser | ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

| ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC | Garrick A Hollander | ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
|---|---|---|
| ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION | Brian L Holman | b.holman@musickpeeler.com |
| INTERESTED PARTY COURTESY NEF | Richard L. Hyde | richard@amintalati.com |
| ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION | Peter L Isola | pisola@hinshawlaw.com |
| ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC | Razmig Izakelian | razmigizakelian@quinnemanuel.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Sara Johnston | sara.johnston@dinsmore.com |
| ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS | Sweeney Kelly | kelly@ksgklaw.com |
| ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C. | Joon M Khang | joon@khanglaw.com |
| ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE | Ira David Kharasch | sikharasch@pszjlaw.com |
| ATTORNEY FOR DEFENDANT GALLANT LAW GROUP | Meredith King | mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law |
| ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS | Nicholas A Koffroth | nkoffroth@foxrothschild.com, khoang@foxrothschild.com |
| ATTORNEY FOR DEFENDANT MARICH BEIN, LLC | David S Kupetz | David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com |
| INTERESTED PARTY COURTESY NEF | Christopher J Langley | chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Kelli Ann Lee | Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com |
| ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC | Matthew A Lesnick | matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com |
| ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC | Daniel A Lev | daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

| ATTORNEY FOR INTERESTED PARTY REVOLV3, INC. | Britteny Leyva | bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com |
| --- | --- | --- |
| INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC | Marc A Lieberman | marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com |
| ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC | Michael D Lieberman | mlieberman@lipsonneilson.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Yosina M Lissebeck | Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com |
| ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP | Mitchell B Ludwig | mbl@kpclegal.com, kad@kpclegal.com |
| INTERESTED PARTY AND ATTORNEY | Daniel S March | marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com |
| ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH | Kathleen P March | kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net |
| ATTORNEY FOR CREDITOR DAVID ORR | Mark J Markus | bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com |
| CHAPTER 11 TRUSTEE | Richard A Marshack (TR) | pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Laila Masud | lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Sarah S. Mattingly | sarah.mattingly@dinsmore.com |
| INTERESTED PARTY COURTESY NEF | William McCormick | Bill.McCormick@ag.tn.gov |
| ATTORNEY FOR US TRUSTEE | Kenneth Misken | Kenneth.M.Misken@usdoj.gov |
| INTERESTED PARTY COURTESY NEF | Byron Z Moldo | bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com |
| ATTORNEY FOR CREDITOR ADP, INC | Glenn D. Moses | gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jamie D Mottola | Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com |
| INTERESTED PARTY COURTESY NEF | Alan I Nahmias | anahmias@mbn.law, jdale@mbn.law |
| INTERESTED PARTY COURTESY NEF | Victoria Newmark | vnewmark@pszjlaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jacob Newsum-Bothamley | jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

| ATTORNEY FOR US TRUSTEE | Queenie K Ng | queenie.k.ng@usdoj.gov |
|---|---|---|
| CREDITOR | Israel Orozco | israel@iolawcorp.com |
| ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS | Keith C Owens | kowens@foxrothschild.com, khoang@foxrothschild.com |
| ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC. | Lisa Patel | lpatel@lesnickprince.com, jmack@lesnickprince;jnavarro@lesnickprince.com |
| ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC | Michael R Pinkston | rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com |
| ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE | Douglas A Plazak | dplazak@rhlaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Tyler Powell | tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com |
| ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING | Daniel H Reiss | dhr@lnbyg.com, dhr@ecf.inforuptcy.com |
| ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC | Ronald N Richards | ron@ronaldrichards.com, 7206828420@filings.docketbird.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Vanessa Rodriguez | vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com |
| ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC | Kevin Alan Rogers | krogers@wellsmar.com |
| ATTORNEY FOR CREDITOR MARI AGAPE | Gregory M Salvato | gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| PRIOR ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC | Olivia Scott | olivia.scott3@bclplaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jonathan Serrano | jonathan.serrano@dinsmore.com |
| ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC | Maureen J Shanahan | Mstotaro@aol.com |
| ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC | Paul R Shankman | PShankman@fortislaw.com, info@fortislaw.com |
| ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC | Zev Shechtman | Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com |
| INTERESTED PARTY COURTESY NEF | Jeffrey M Singletary | jsingletary@swlaw.com, rmckay@swlaw.com |
| ATTORNEY FOR US TRUSTEE | Leslie Skorheim | leslie.skorheim@usdoj.gov |
| ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC | Adam D Stein-Sapir | info@pfllc.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                 **F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR DEFENDANT BANKUNITED, N.A. | Howard Steinberg | steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
|---|---|---|
| ATTORNEY FOR CREDITOR ALTERYX, INC. | Andrew Still | astill@swlaw.com, kcollins@swlaw.com |
| ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK | Michael R Totaro | Ocbkatty@aol.com |
| US TRUSTEE | United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC | William J Wall | wwall@wall-law.com |
| ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC | Sharon Z. Weiss | sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |
| ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC | Johnny White | JWhite@wrslawyers.com, jlee@wrslawyers.com |
| CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Reina Zepeda | rzepeda@omniagnt.com |

2. **SERVED BY UNITED STATES MAIL**:

**RTD 12/22/23 UTF**
**SECURED CREDITOR**
FUNDURA CAPITAL GROUP
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS~~
~~80 BROAD STREET, STE 3303~~
~~NEW YORK, NY 10004-2845~~

**SECURED CREDITOR / POC ADDRESS**
AZZURE CAPITAL LLC
C/O SHARON Z. WEISS
BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

**SECURED CREDITOR / POC ADDRESS**
FUNDURA CAPITAL GROUP
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1545 ROUTE 202, SUITE 101
POMONA, NY 10970

**SECURED CREDITOR / POC ADDRESS**
MNS FUNDING LLC
C/O PAUL R. SHANKMAN
FORTIS LLP
650 TOWN CENTER DRIVE, SUITE 1530
COSTA MESA, CA 92626

**SECURED CREDITOR**
BRIDGE FUNDING CAP, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
538 13TH AVENUE
SUITE 324
BROOKLYN, NY 11219

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
323 SUNNY ISLES BLVD, STE 503
SUNNY ISLES, FL 33160-4675

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR / POC ADDRESS**
OHP-CDR, LP
C/O JEREMY ANDERSEN, RAZMIG IZAKELIAN
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. FIGUEROA STREET, 10TH FLOOR
LOS ANGELES, CA 90017

**SECURED CREDITOR / POC ADDRESS**
PECC CORP.
C/O RUSTY O'KANE
3131 MCKINNEY AVENUE, SUITE 500
DALLAS, TX 75204

**INTERESTED PARTY**
TIFFANY CORNELIUS
LAW OFFICES OF TIFFANY CORNELIUS P.C.
2833 CROCKETT ST., SUITE 505
FORT WORTH, TX 76107

**INTERESTED PARTY**
SHADAE CLARKE
1659 HIGHWAY 20 W, UNIT132
MCDONOUGH, GA 30253

**INTERESTED PARTY**
KELLY J. ADAMS
134 COMMONS CT
CHADDS FORD, PA 19317

**INTERESTED PARTY**
ASHLEY LAMBERT-BLAND
P.O. BOX 620
BRYANT, AR 72089

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**