D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK
Christopher Celentino (State Bar No. 131688)
Christopher B. Ghio (State Bar No. 259094)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501
christopher.celentino@dinsmore.com; christopher.ghio@dinsmore.com
yosina.lissebeck@dinsmore.com

Special Counsel to Richard A. Marshack

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | TRUSTEE'S MOTION TO SURCHARGE PROCEEDS OF SALE SUBJECT TO PURPORTED CLAIMS OF SECURED CREDITORS TO PAY THE SUPER-PRIORITY ADMINISTRATIVE LOANS USED TO FUND OPERATIONS BEFORE THE SALE CLOSED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK |
| | <u>Hearing Date</u><br>Date:  June 13, 2024<br>Time: 10:00 a.m.<br>Ctrm: 5C - ViaZoom[1]<br>Place: 411 West Fourth Street<br>        Santa Ana, CA  92701 |

---

[1] Check Judge Clarkson's tentative calendar prior to hearing for further Zoom instructions.

**TABLE OF CONTENTS**

I.    Summary of Argument ....................................................................................................1

II.    Pertinent Factual Background ........................................................................................2

    A.    Debtor's Business, Bankruptcy Filing, and Appointment of a Trustee ...............2

    B.    Loan Proceeds Used For Necessary Expenses Prior to Sale ..............................2

    C.    Alleged Secured Creditors ..................................................................................5

III.    Legal Argument ............................................................................................................6

    A.    Borrowing Money Through the Loans was Objectively Reasonable, Necessary, and Provided a Quantifiable Benefit to the Lien Creditors .........................................................9

        1.    Reasonable ...............................................................................................9

        2.    Necessary ................................................................................................8

        3.    Quantifiable Benefit ..............................................................................10

IV.    Conclusion ..................................................................................................................10

Declaration of Richard A. Marshack ......................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*,
  255 F.3d 1061, 1067 (9th Cir. 2001) ............................................................................... 7

*In re Colusa Reg'l Med. Ctr.*,
  604 B.R. at 853 ............................................................................................................... 7

*In re Colusa Reg'l Med. Ctr.*,
  604 B.R. at 854 ............................................................................................................... 8

*In re Colusa Reg'l Med. Ctr.*,
  604 B.R. at 859 ............................................................................................................... 8

*In re Tollenaar Holsteins*,
  538 B.R. 830, 833, 838 (Bankr. E.D. Cal. 2015) ............................................................ 7

*In re Tollenaar Holsteins*,
  538 B.R. 830, 834 (Bankr. E.D. Cal. 2015) ............................................................... 8, 9

*In re Tollenaar Holsteins*,
  538 B.R. 830, 835 (Bankr. E.D. Cal. 2015) ................................................................. 10

*In re Tollenaar Holsteins*,
  538 B.R. at 834 ............................................................................................................... 8

*Sec. Leasing Partners LP v. ProAlert, LLC (In re ProAlert, LLC)*,
  314 B.R. 436, 442 (B.A.P. 9th Cir. 2004) ...................................................................... 7

*U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*,
  604 B.R. 839, 853 (B.A.P. 9th Cir. 2019) ...................................................................... 7

*U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*,
  604 B.R. 839, 854 (B.A.P. 9th Cir. 2019) .................................................................... 11

**Statutes**

11 U.S.C. § 506(c) ..................................................................................................... 6, 7, 11

**Other Authorities**

4 COLLIER ON BANKRUPTCY P. 506.05 (2022) .................................................... 6, 8, 9

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor"), respectfully submits this Motion ("Motion") to Surcharge Secured Proceeds of Sale Subject to Purported Claims of Secured Creditors to Pay the Super-Priority Promissory Notes ("Loans") Used to Fund Operations Before the Sale Closed, and alleges as follows.

## I.    Summary of Argument

A court can impose, and a bankruptcy trustee may recover, a section 506(c) surcharge of expenses against secured creditors' collateral if the trustee can show the expenses were reasonable, necessary, and beneficial to the secured creditors.  In this case, the Debtor had fraudulently transferred substantially all its assets prior to bankruptcy, necessitating Trustee's avoidance and recovery of these assets to prepare them for a subsequent sale, ultimately to the highest bidder Morning Law Group, P.C. ("Buyer"); without this sale, there would likely be no proceeds from which any distributions could be made to secured creditors.  Before the Debtor's assets could be reformed through the sale process and conveyed to a "good faith purchaser" for value, the Debtor had to maintain its going concern value and remain in contact with its clients if there was to be a sale of a going concern business.  In a typical case, a debtor operating in chapter 11 typically reaches an agreement with its primary secured creditor for the use of cash collateral to fund operations.  This is not a typical case, and the Trustee had no ability to use the Debtor's cash collateral given that title to and the use of the funds received post-petition were in dispute.  To maintain a skeletal operation, the Trustee was forced to borrow money post-petition, with Court authorization (generally "Loans"), to fund limited operations until the completion of a sale.  This Motion seeks authority to surcharge the sales proceeds that the Trustee is holding in escrow until the resolution of competing claims of certain creditors to the proceeds are resolved.  This will permit the Trustee to repay the Loans on or before they become due in July 2024.

1

## II.    Pertinent Factual Background

### A.    Debtor's Business, Bankruptcy Filing, and Appointment of a Trustee

Pre-petition, Debtor was a law firm that provided consumer debt resolution services and creditor litigation services to clients, servicing more than 50,000 customers across the United States. On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case"). Prior to bankruptcy, Debtor fraudulently transferred substantially all its assets and clients. As of the petition date, Debtor had virtually no assets or clients.

On March 30, 2023, as Dk. No. 21, the Office of the United States Trustee ("UST") filed a motion to dismiss or convert the Bankruptcy Case under 11 U.S.C. § 1112(b) for failure to comply with its guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the UST to appoint a Chapter 11 Trustee. Richard A. Marshack was appointed the Chapter 11 trustee of the Debtor's Estate [Dkt. No. 65].

Upon his appointment, Trustee filed litigation seeking, among other things, to avoid and recover Debtor's fraudulent transfers of its assets and client base. See, Adv. Case No. 8:23-ap-01046-SC. On June 27, 2023, Trustee filed a stipulation with Defendant, Phoenix Law Group, Inc., avoiding, recovering, and preserving the legal service agreements between Debtor and its clients.

### B.    Loan Proceeds Used For Necessary Expenses Prior to Sale

While the Trustee pursued the recovery of these legal service agreements to have assets to sell, he had to pay those expenses necessary for the Debtor to continue operating to preserve the value of the assets that were to be sold to interested buyers.  Because the Trustee could not use the Debtor' cash collateral, the Trustee was forced to borrow money post-petition subject to Court approval.  The timeline and history of the Court approved, post-petition financing obtained by the Trustee is set forth in detail on pages 16-18 of the Disclosure Statement filed in support of

the Joint Plan of Liquidation [Dkt. No. 1058], and this summary is incorporated herein by reference.

The Court approved the Trustee's requests for post-petition borrowing on a final basis in orders entered on or about August 21, 2023 [Dkt. No. 413, 414, and 415].  The Court approved borrowing consisted of four promissory notes with three different lenders although the notes contained substantially the same terms.  The details of these notes are below:

- A promissory note dated on or about July 20, 2023 in the original principal amount of $249,663.98 bearing interest at eight percent per annum between PanAmerican Consulting, Inc., as lender, and the Debtor, as borrower.

- A promissory note dated on or about July 1, 2023 in the original principal amount of $240,000.00 bearing interest at eight percent per annum between Resolution Ventures, as lender, and the Debtor, as borrower.

- A promissory note dated on or about July 19, 2023 in the original principal amount of $250,336.02 bearing interest at eight percent per annum between Resolution Ventures, as lender, and the Debtor, as borrower.

- A promissory note dated July 3, 2023 in the original principal amount of $550,336.02 less $9,663.98 that was refunded bearing interest at eight percent per annum between Liberty Acquisitions Group, Inc., as lender and the Debtor, as borrower.

These notes require repayment of all accrued and unpaid interest and principal one year from the "Start Date," which is the date of execution.  Thus, the estate will be required to repay all amounts owed under these Notes in July 2024.

As further detailed in the Declaration of Richard Marshack ("Marshack Declaration") which is attached hereto, which is incorporated herein by reference, the funds obtained from this post-petition borrowing were used to pay and retain the Debtor's employees and pay other necessary expenses until the sale of the Debtor's assets, as reformed, could be completed [See Dkt. No. 249, Exhibit 6 Budget].  Specifically, Paragraphs 10 and 11 of the Declaration, refer to the operating reports filed herein, to show that over one million dollars ($1,000,000.00) of the borrowed funds were paid either to the Debtor's employees, or on their behalf to third parties like

3

health insurers for post-petition expenses while more than four hundred thousand dollars ($400,000.00) was paid to the taxing authorities based on these post-petition wages. Furthermore, the Trustee also paid miscellaneous but necessary expenses like (i) charges for employee benefits, (ii) payments to local counsel for clients of the Debtor, and (iii) fees to the Trustee's field agent. (See Declaration at 12). The July 1st Note from Resolution Ventures was deemed satisfied as part of the sale consideration (Declaration ¶ 10). Only three notes remain outstanding.

### C.    Efforts to Sell Assets and Opposition Thereto

On an accelerated timetable, the Trustee solicited offers for the Debtor's assets and pursued a sale. However, and as set forth in the Declaration, numerous parties opposed the Trustee's sale efforts generally,[2] and substantial briefing and evidence was necessary to respond to these objections and prove that the Debtor's contracts with consumers could be reformed and sold to a good faith purchaser. (This opposition included a Motion to Convert the Case to One Under Chapter 7 filed by the United States Trustee).[3] At the sale hearing, the Court approved the sale over the remaining objections, and on July 22, 2023, the Court entered an order ("Sale Order") granting the Trustee's motion to sell certain assets of the Debtor, as reformed [Dkt. No. 320] free and clear of all liens, claims, and encumbrances with same to attach to the proceeds. Pursuant to the Sale Order, the closing happened on August 4, 2023, and the Trustee is presently holding approximately five million dollars ($5,000,000.00) in sales proceeds ("Proceeds").[4] (See Declaration ¶ 13). <u>As part of the consideration paid for the Debtor's assets, one note from Resolution Ventures was deemed satisfied</u>, and the Estate is no longer liable under this note. Pursuant to the Asset Purchase Agreement, the Trustee anticipates the buyer will make additional payments based on the income generated from the sold assets as set forth in the Sale Order.

As stated above, the Trustee's faced significant opposition in his efforts to sell the

---

[2] Aside from the objections filed by specific creditors, the docket reflects general objections filed by (i) Carolyn Beech [Dkt. No. 294] which was supported by an amicus brief from the National Consumer Bankruptcy Rights Center filed with leave from the Court [Dkt. No. 288]; (ii) two pleadings in opposition from the United States Trustee [Dkt. Nos. 259 and 296]; and (iii) an objection from the Unsecured Creditors Committee [Dkt. No. 300].

[3] See Motion of the United States Trustee to Convert the Case filed at Dkt. No. 218.

[4] The Trustee is holding another $4,697,020.00 in funds seized pursuant to the Temporary Restraining Order entered in Adversary Proceeding No. 8:23-ap-1046, which funds are frozen pending further order of the Court.

Debtor's assets including a motion to convert the case to Chapter 7.  While conversion to chapter 7 would have eliminated the need for post-petition borrowing, it also would have ended any chance of reforming the Debtor's consumer contracts for sale to a good faith purchaser.  Without the post-petition financing and payment of necessary expenses to preserve the Debtor's going concern value, there would be no Proceeds for the Debtor's allegedly secured creditors to fight over (See Adv. Pro. No. 8:24-ap-01011 and 8:23-ap-01098).  Because every dollar of the Loans benefitted any entity who is determined to hold a valid, perfected security interest in the Debtor's assets by providing time to sell the Debtor's assets, it is appropriate and proper for the Proceeds to be surcharged to pay all amounts owed on the Loans before they mature.  Depending on the actual date that the Trustee satisfies the outstanding balance of the Loans, the surcharge of the Proceeds should be no more than $1,112,762.90.[5]

### C.    Alleged Secured Creditors

As noted above, there are two adversary proceedings currently pending that have been filed to adjudicate the validity, priority, amount, and extent of the competing and purportedly secured claims to the Proceeds.  The Trustee has filed Adversary Proceeding No. 8:24-ap-01011 against several defendants who have asserted a lien on the Proceeds.  As of the filing of this Motion, only five defendants – Bridge Funding Cap, LLC; MNS Funding, LLC; Azzure Capital, LLC; Diverse Capital, LLC; and PECC Corp. – in this adversary continue to assert liens against the Proceeds.  OHP-CDR, LP and Purchaseco80, LLC have filed Adversary Proceeding No. 8:23-ap-01098 against the Trustee and creditor Azzure Capital, LLC seeking an adjudication of the validity, priority, amount, and extent of their claims to and interests in the Proceeds.  The five defendants in Adv. Pro. No. 8:24-ap-01011 and OHP-CDR, LP and Purchaseco80, LLC will collectively be referred to herein as the "Lien Creditors."  While the Trustee reserves all rights and claims with respect to the Lien Creditors, the UCC-1 filings of the Lien Creditors are set below:

---

[5] This total is comprised of the total of the original principal amounts of the three notes plus the accrual of one year of interest at eight percent per annum (8.0%).

| Secured Creditor | UCC Filing Date | UCC Number |
|---|---|---|
| Bridge Funding Cap, LLC | 5/19/21 | U210047914841[6] |
| Azzure Capital LLC | 5/28/21 | U210050853928 |
| MNS Funding LLC | 5/28/21 | U210050823723 |
| Diverse Capital LLC | 9/15/21 | U210085288536 |
| OHP-CDR, LP and Purchaseco80, LLC[7] | 1/25/23 | U230005834326 |
| PECC Corp.[8] | 2/2/23 | U230009059730 |

### III.    Legal Argument

11 U.S.C. § 506(c) provides that a trustee may "surcharge" the collateral of a secured claimant to pay for the reasonable, necessary costs and expenses of preserving or disposing of the collateral:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

*See also In re Glasply Marine Indus., Inc.*, 971 F.2d 391, 393 (9th Cir. 1992) (noting that § 506(c) allows a trustee to recover reasonable expense of preserving property to the extent of any benefit to the holder of a secured claim).

Section 506(c) is an exception to the "general bankruptcy rule" that, absent an express agreement to the contrary, the expenses associated with administering a bankruptcy estate are not chargeable to a secured creditor's collateral or claim, but must be borne out of the unencumbered assets of the estate. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023); *see also U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*, 604 B.R. 839, 853 (B.A.P. 9th Cir. 2019) (noting that § 506(c) codifies an exception to the general rule that bankruptcy administrative expenses may not be charged to or against secured collateral).

---

[6] UCC-1 Listed As Being Terminated on 1/2/22 (UCC No. U220114888130). On 1/20/22 Fundura filed a "Lien Statement of Claim" saying debt is still owed and debtor had no right to terminate (UCC No. U220119911529).

[7] The UCC-1 of OHP-CDR LP was filed in the preference period.  Purchaseco80, LLC claims it owns the accounts that it purchased although its ownership would be subject to any valid, prior liens against the Debtor.

[8] Also recorded in the preference period.

Surcharge is not an administrative claim but an assessment against a secured party's collateral. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1067 (9th Cir. 2001). A surcharged amount therefore does not come out of the debtor's estate, but rather comes "directly from the secured party's recovery." *Id.* The rationale for charging a lienholder with the costs and expenses of preserving or disposing of secured collateral is that the general estate and unsecured creditors should not bear the cost of "protecting what is not theirs." *Sec. Leasing Partners LP v. ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436, 442 (B.A.P. 9th Cir. 2004).

Under § 506(c), a trustee may recover administrative expenses from a secured creditor's collateral under § 506(c) if one of two tests is met. *In re Tollenaar Holsteins*, 538 B.R. 830, 833, 838 (Bankr. E.D. Cal. 2015). The party seeking surcharge under § 506(c) bears the burden of proof. *In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 853.

The first test is an "objective test" which requires that the expenses relating to the preservation or disposition of collateral were:

1) Reasonable,

2) Necessary, and

3) Provided a quantifiable benefit to the secured creditor.

*Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp., Inc. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1065 (9th Cir. 2001); *In re Tollenaar Holsteins*, 538 B.R. at 834; *see also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 854 (same). Recovery under the objective test is limited to the amount of any benefit and must be proven with specificity. *In re Tollenaar Holsteins*, 538 B.R. at 834. The second test is a "subjective test" under which there must be a showing that the secured creditor "consented to" or "caused" the expenses to be surcharged. *In re Tollenaar Holsteins*, 538 B.R. at 834; *see also In re Colusa Reg'l Med. Ctr.*, 604 B.R. at 859 (same).[9] If the trustee can meet the requirements of either test for surcharge under § 506(c) regarding a particular expense, then the proceeds from the secured party's collateral should be first used to cover the properly surcharged expense instead of being paid to the secured party. 4 COLLIER ON

---

[9] Absent an agreement, consent shall be deemed pursuant to Local Bankruptcy Rule 9013-1(h).

BANKRUPTCY P. 506.05 (2023). Section 506(c), in other words, creates a "special priority" for the surcharged expense ahead of the secured party's general priority to its collateral. *Id.*  Given the obvious objective benefit of the Trustee's use of the proceeds of the Loans to maintain the value of the Debtor's assets until the sale closed, the Trustee seeks to surcharge the Proceeds based on the "objective test."

> **A.**    **Borrowing Money Through the Loans was Objectively Reasonable, Necessary, and Provided a Quantifiable Benefit to the Lien Creditors.**
>
> **1.    Reasonable**

Expenses are reasonable to the extent they are incurred in the ordinary course at a reasonable price. 4 COLLIER ON BANKRUPTCY P. 506.05 (2023).  To preserve the Debtor's going concern value and its relationships with its clients, the Trustee had to retain and pay the wages and benefits of the Debtor's employees.  Because the Trustee could not use the Debtor's funds or cash collateral on hand, the Trustee had to borrow operating funds via the Loans subject to Court approval.  As set forth in the Marshack Declaration, all funds borrowed were used to pay the Debtor's employees and other necessary and proper expenses related to the Debtor's post-petition operations.  Without these payments, the Debtor would have ceased operations and breached its agreements with its clients.  There would be nothing left for a chapter 7 trustee to sell except for office equipment and furnishings.  The claims of the Lien Creditors currently exceed the Proceeds. Until the amounts of these claims are fixed and the priority and validity of the alleged security interests adjudicated, the Trustee cannot use the Proceeds to pay the Loans at maturity.  It is only fair and proper that the Proceeds be surcharged in the amount of the Loans as this borrowing directly benefited the Lien Creditors.  In a chapter 7 case, there would be no Proceeds to fight over. The Lien Creditors also retain their rights to assert liens against additional future consideration paid to the Trustee pursuant to the Sale Order.

> **2.    Necessary**

Expenses are necessary where they prevent loss of or diminution in value to property of the estate. *See In re Tollenaar Holsteins*, 538 B.R. 830, 834 (Bankr. E.D. Cal. 2015) (indicating that expenses were necessary to prevent the loss of valuable permits and a corresponding

diminution in value if the permits were lost). Expenses are likewise necessary where they secure estate property from vandalism or ensure compliance with regulations. *Id.* at 835 (noting that expenses were reasonable and necessary to secure property from vandalism and comply with environmental monitoring regulations). Importantly, if a secured creditor has a lien on all, or virtually all, of a debtor's assets, the debtor is engaged in ongoing business operations, and the debtor's continued operations preserve or enhance the value of the secured creditor's collateral, items that may qualify as "necessary" expenses chargeable against the collateral include the debtor's payroll costs, insurance costs, workers' compensation expenses, and postpetition administrative taxes. 4 COLLIER ON BANKRUPTCY P 506.05 (16th 2023).

The Debtor's business was a law firm that provided consumer debt resolution services to over 50,000 customers across the United States; there were virtually no other significant business assets in the estate other than these consumer client-related accounts.[10]   At the October 19, 2023 hearing on a prior surcharge motion,[11] when discussing the necessity of managing the sale of Debtor's firm, this Court laid out the law of the case, finding that "OHP and other secured creditors wouldn't even have money right now" without Trustee's decisive actions taken in pursuing the sale. There would not even be the current Chapter 11 proceeding and instead, secured creditors would "be talking to a Chapter 7 trustee about how in the world [they are] ever going to get paid." As stated herein and in the Declaration, without the use of the funds obtained from the Loans, the Trustee would not have a going concern business to sell.  Because the Trustee used the Loan proceeds to pay employee wages and related expenses and other necessary operating expenses of the Debtor, the repayment of the Loans is a necessary expense of the sale and monetization of the Debtor's assets that should be surcharged to the Proceeds as a direct benefit to the Lien Creditors.

### 3.    **Quantifiable Benefit**

An estate can be surcharged for expenses that benefit secured creditors and their collateral. *See In re Tollenaar Holsteins*, 538 B.R. 830, 835 (Bankr. E.D. Cal. 2015). Further, the

---

[10] This excludes litigation claims and other causes of action.

[11] Trustee's Motion To Surcharge Secured Creditors To Pay Management Fees And Expenses Of Resolution Processing, LLC, Dk. No. 545; Hearing at Dk. No. 597.

reasonableness and necessity of a trustee's incurred expenses must be balanced against the benefits obtained for the secured creditor and the amount the secured creditor would have necessarily incurred through foreclosure and disposal of the property. *U.S.D.A. v. Hopper (In re Colusa Reg'l Med. Ctr.)*, 604 B.R. 839, 854 (B.A.P. 9th Cir. 2019).

Here, the Trustee incurred the Loans in order to fund the Debtor through the closing of a sale. The loan proceeds were used to pay employee wages and related expenses and to pay those certain expenses necessary for the Debtor to remain a going concern. There was total clarity in the record regarding the Loans and the use of the loan proceeds. While the Trustee might be able to satisfy the Loans in the future, the Trustee does not have access to such funds at present and is unlikely to have such funds by July 2024. Currently, the Debtor is obligated to repay the Loans that were used to pay expenses necessary to preserve its going concern value until a sale could be completed. As stated herein and in the Declaration, without the Loans, the Debtor would have gone dark and converted to chapter 7. The Loans are the only reason the Proceeds exist against, and it would be unfair and inequitable for the Lien Creditors to recover from the Proceeds while the Estate is saddled with repayment of the Loans. Given the obvious objective benefit to the Lien Creditors, the Trustee requests that the Proceeds be surcharged pursuant to 11 U.S.C. § 506(c) in an amount sufficient to satisfy the Loans which shall not exceed $1,134,362.90,

## IV.    Conclusion

For the foregoing reasons, Trustee requests that the Court enter an order:

1)    Granting the Motion and awarding such other relief as the Court deems proper and appropriate;

2)    Surcharging the Proceeds (without regard to the priority of the Secured Creditors or the allowance of their claims) in an amount necessary to satisfy the Loans, which shall not exceed $1,112,762.90, representing the total of the principal amount of the Loans plus one year of interest at eight percent per annum;

3)    That such surcharge be without prejudice to any further request for surcharge to be brought by way of separately noticed motion; and

4)      Authorizing Trustee to withdraw sufficient Proceeds from escrow to satisfy the Loans including accrued interest as of the date of payment.

DATED: May 23, 2024

DINSMORE & SHOHL LLP

By: /s/ Tyler Powellx
TYLER POWELL [pro hac vice]
CHRISTOPHER CELENTINO
YOSINA M. LISSEBECK
Special Counsel to Chapter 11 Trustee,
RICHARD A. MARSHACK

### Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

2. I am the duly appointed Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor").

3. The facts set forth below are true of my personal knowledge.

4. I make this Declaration in support of my Motion ("Motion") for Order to Surcharge Secured Creditors to Pay Super-Priority Administrative Loans Used to Fund Pre-Sale Operations.

5. Prior to bankruptcy, Debtor was a law firm that provided consumer debt resolution services allegedly servicing more than 50,000 customers across the United States.

6. On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Case").

7. On March 30, 2023, as Dk. No. 21, the United States Trustee filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b) for failure to comply with the U.S. Trustee guidelines and requirements for a chapter 11 case. No opposition to the motion was filed.

8. On May 3, 2023, a hearing was held on the motion to dismiss or convert. At the hearing, the Court directed the U.S. Trustee to appointment a Chapter 11 Trustee in this case. I was appointed as the Chapter 11 trustee of the Debtor's estate.

9. Following appointment as Trustee, my ability to collect, market, and liquidate the assets of the Debtor was limited because (i) the Debtor had improperly transferred many of its consumer engagements to third parties before the bankruptcy and (ii) I had no ability to use the Debtor's cash collateral or funds collected post-petition. Accordingly, I had to borrow money, with the Court approval, to fund the Debtor's limited operations until the assets could be recovered and marketed and a sale could occur. Numerous parties opposed my efforts to sell the Debtor's assets to a good faith purchaser via a chapter 11 sale. Specifically, general objections were filed

12

by (i) Carolyn Beech [Dkt. No. 294] which was supported by an amicus brief from the National Consumer Bankruptcy Rights Center filed with leave from the Court [Dkt. No. 288]; (ii) two pleadings in opposition from the United States Trustee [Dkt. Nos. 259 and 296]; and (iii) an objection from the Unsecured Creditors Committee [Dkt. No. 300]. The United States Trustee also moved to convert the case to Chapter 7 which would have ended any sale efforts. See Dkt. No. 218.

10.    The Court approved the Estate borrowing funds under four promissory notes with similar terms in three orders entered on or about August 21, 2023 [Dkt. Nos. 413, 414, and 415]. One note with Resolution Ventures was deemed satisfied as part of the sale consideration and is no longer payable. Three notes remain outstanding and will be matured and payable in July 2024: the first note is with PanAmerican Consulting, Inc. in the original principal amount of $249,663.98 ("PanAmerican Note"); the second note is with Liberty Acquisitions Group, Inc., in the original principal amount of $550,336.02 less $9,663.98 that was refunded ("Liberty Note"); and the third note is with Resolution Ventures in the original principal amount of $250,336.02. All notes bear interest at eight percent per annum (8.0%) until paid at maturity.

11.    As shown on the July 2023 Operating Report [Dkt. No. 472-3, Pages 7-31], the estate used the funds advanced pursuant to the Liberty Note to pay employee wages and amounts owed for employee benefits such as insurance. The July cash receipts and disbursement record for the payroll and operating account ending in -4611 shows the receipt of $500,000.00 pursuant to the Liberty Note on June 30, 2023 followed by the disbursement of almost $200,000.00 to pay employee wages. Another $180,000.00 and $75,000.00 were transferred to the payroll tax account on July 6, 2023 and July 19, 2023 respectively. The estate paid another payroll on July 19, 2023 which consumed the remaining funds from the Liberty Note as well as the $250,336.02 in funds loaned by Resolution Ventures that was deposited on July 19, 2023.

12.    The proceeds from the PanAmerican Note were deposited on July 20, 2023. Again these funds were immediately used to pay employees and employee related expenses beginning on July 27, 2023. Accordingly, only a little over $125,000 remained on deposit in this account at the end of July 2023 [Dkt. No. 472-3 Page 31]. The August Cash Receipts and Disbursements

13

Record for this account is filed in record as part of the August operating report [Dkt. No. 542-3, Page 4].  This operating report shows that $80,000 of the $125,000 in funds on deposit at the end of July was transferred to the payroll tax account at the beginning of the month.  The remaining $45,000 or so dollars on deposit was subsequently used to pay additional amounts to employees and for expenses related to operation and preservation of the business (agent fees, insurance, and fees to counsel representing the Debtor's consumer clients).  [Dkt No. 542-3, Page 4-13].  The payroll and operating account ended August with a balance of just over nine thousand dollars ($9,000.00).

13.    On July 22, 2023, as Dk. No. 320, the Court granted Trustee's sale motion of such contracts, as reformed, and entered an order approving the sale of estate assets. The sale was free and clear of all liens, claims, and encumbrances with same to attach to the proceeds of sale ("Proceeds").  Pursuant to the Sale Order, the buyer closed on August 4, 2023. I am currently holding approximately five million dollars ($5,000,000.00) in escrow in Proceeds.  I anticipate additional Proceeds will be received in the future.

14.    The use of the borrowed funds directly benefited the secured creditors of the Debtor by providing time for a buyer to be located and for the sale to close.  Without this ability to pay employees and keep the Debtor operating, conversion of the case would have been the only option. I therefore request that the Court enter an order surcharging the Proceeds with the payment of the Loans as set forth in the Motion.

15.    At this time, the Court has not yet determined the validity, priority, or extent of any of the alleged secured parties' claims. As such, I seek to surcharge the Proceeds. The ultimate determination of which secured creditor will not receive funds as a result of the requested surcharge of the Proceeds will be determined at a later time.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 29 2024.


_____
RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
100 West Main Street, Suite 900, Lexington, KY 40507.

**A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED: TRUSTEE'S MOTION TO SURCHARGE PROCEEDS OF SALE SUBJECT TO PURPORTED CLAIMS OF SECURED CREDITORS TO PAY THE SUPER-PRIORITY ADMINISTRATIVE LOANS USED TO FUND OPERATIONS BEFORE THE SALE CLOSED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 23, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **May 22, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**<u>DEBTOR – MAIL REDIRECTED TO TRUSTEE</u>**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 23, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 23, 2024 | Tyler Powell | /s/ Tyler Powell |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

| | | |
|---|---|---|
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Bradford Barnhardt | bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC** | Eric Bensamochan | eric@eblawfirm.us, G63723@notify.cincompass.com |
| **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.** | Michael Jay Berger | michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com |
| **INTERESTED PARTY COURTESY NEF** | Ethan J Birnberg | birnberg@portersimon.com, reich@portersimon.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Peter W Bowie | peter.bowie@dinsmore.com, caron.burke@dinsmore.com |
| **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC** | Ronald K Brown | ron@rkbrownlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Christopher Celentino | christopher.celentino@dinsmore.com, caron.burke@dinsmore.com |
| **INTERESTED PARTY COURTESY NEF** | Shawn M Christianson | cmcintire@buchalter.com, schristianson@buchalter.com |
| **INTERESTED PARTY COURTESY NEF** | Randall Baldwin Clark | rbc@randallbclark.com |
| **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI:** | Leslie A Cohen | leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com |
| **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.** | Michael W Davis | mdavis@dtolaw.com,  ygodson@dtolaw.com |
| **INTERESTED PARTY COURTESY NEF** | Anthony Paul Diehl | anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net |
| **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER** | Jenny L Doling | jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net |
| **INTERESTED PARTY** | Howard M Ehrenberg | Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com |
| **ATTORNEY FOR CREDITOR CAROLYN BEECH** | Daniel A Edelman | dedelman@edcombs.com, courtecl@edcombs.com |
| **CREDITOR** | Meredith Fahn | fahn@sbcglobal.net |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC | William P Fennell | william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com |
|---|---|---|
| INTERESTED PARTY COURTESY NEF | Alan W Forsley | alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net, addy@flpllp.com |
| ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL | Marc C Forsythe | mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jeremy Freedman | jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com |
| ATTORNEY FOR CREDITOR HERRET CREDIT | Eric Gassman | erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Christopher Ghio | christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com |
| ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD | Amy Lynn Ginsburg | efilings@ginsburglawgroup.com |
| ATTORNEY FOR DEFENDANT STRIPE, INC | Eric D Goldberg | eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com |
| ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC | Jeffrey I Golden | jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com |
| ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC | Richard H Golubow | rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| ATTORNEY FOR CREDITOR OPPORTUNITY FUND NORTHERN CALIFORNIA | Mark Good | mark@markgood.com |
| ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC | David M Goodrich | dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | D Edward Hays | ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| ATTORNEY FOR CREDITOR CITY CAPITAL NY | Alan Craig Hochheiser | ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

| ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC | Garrick A Hollander | ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
|---|---|---|
| ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION | Brian L Holman | b.holman@musickpeeler.com |
| INTERESTED PARTY COURTESY NEF | Richard L. Hyde | richard@amintalati.com |
| ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION | Peter L Isola | pisola@hinshawlaw.com |
| ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC | Razmig Izakelian | razmigizakelian@quinnemanuel.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Sara Johnston | sara.johnston@dinsmore.com |
| ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS | Sweeney Kelly | kelly@ksgklaw.com |
| ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C. | Joon M Khang | joon@khanglaw.com |
| ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE | Ira David Kharasch | sikharasch@pszjlaw.com |
| ATTORNEY FOR DEFENDANT GALLANT LAW GROUP | Meredith King | mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law |
| ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS | Nicholas A Koffroth | nkoffroth@foxrothschild.com, khoang@foxrothschild.com |
| ATTORNEY FOR DEFENDANT MARICH BEIN, LLC | David S Kupetz | David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com |
| INTERESTED PARTY COURTESY NEF | Christopher J Langley | chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Kelli Ann Lee | Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com |
| ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC | Matthew A Lesnick | matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com |
| ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC | Daniel A Lev | daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

| ATTORNEY FOR INTERESTED PARTY REVOLV3, INC. | Britteny Leyva | bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com |
|---|---|---|
| INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC | Marc A Lieberman | marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com |
| ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC | Michael D Lieberman | mlieberman@lipsonneilson.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Yosina M Lissebeck | Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com |
| ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP | Mitchell B Ludwig | mbl@kpclegal.com, kad@kpclegal.com |
| INTERESTED PARTY AND ATTORNEY | Daniel S March | marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com |
| ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH | Kathleen P March | kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net |
| ATTORNEY FOR CREDITOR DAVID ORR | Mark J Markus | bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com |
| CHAPTER 11 TRUSTEE | Richard A Marshack (TR) | pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Laila Masud | lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Sarah S. Mattingly | sarah.mattingly@dinsmore.com |
| INTERESTED PARTY COURTESY NEF | William McCormick | Bill.McCormick@ag.tn.gov |
| ATTORNEY FOR US TRUSTEE | Kenneth Misken | Kenneth.M.Misken@usdoj.gov |
| INTERESTED PARTY COURTESY NEF | Byron Z Moldo | bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com |
| ATTORNEY FOR CREDITOR ADP, INC | Glenn D. Moses | gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jamie D Mottola | Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com |
| INTERESTED PARTY COURTESY NEF | Alan I Nahmias | anahmias@mbn.law, jdale@mbn.law |
| INTERESTED PARTY COURTESY NEF | Victoria Newmark | vnewmark@pszjlaw.com |
| ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Jacob Newsum-Bothamley | jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **ATTORNEY FOR US TRUSTEE** | Queenie K Ng | queenie.k.ng@usdoj.gov |
| **CREDITOR** | Israel Orozco | israel@iolawcorp.com |
| **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS** | Keith C Owens | kowens@foxrothschild.com, khoang@foxrothschild.com |
| **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.** | Lisa Patel | lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com |
| **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC** | Michael R Pinkston | rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com |
| **ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE** | Douglas A Plazak | dplazak@rhlaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Tyler Powell | tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com |
| **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING** | Daniel H Reiss | dhr@lnbyg.com, dhr@ecf.inforuptcy.com |
| **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC** | Ronald N Richards | ron@ronaldrichards.com, 7206828420@filings.docketbird.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Vanessa Rodriguez | vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com |
| **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC** | Kevin Alan Rogers | krogers@wellsmar.com |
| **ATTORNEY FOR CREDITOR MARI AGAPE** | Gregory M Salvato | gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| **PRIOR ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC** | Olivia Scott | olivia.scott3@bclplaw.com |
| **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR)** | Jonathan Serrano | jonathan.serrano@dinsmore.com |
| **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC** | Maureen J Shanahan | Mstotaro@aol.com |
| **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC** | Paul R Shankman | PShankman@fortislaw.com, info@fortislaw.com |
| **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC** | Zev Shechtman | Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com |
| **INTERESTED PARTY COURTESY NEF** | Jeffrey M Singletary | jsingletary@swlaw.com, rmckay@swlaw.com |
| **ATTORNEY FOR US TRUSTEE** | Leslie Skorheim | leslie.skorheim@usdoj.gov |
| **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC** | Adam D Stein-Sapir | info@pfllc.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| ATTORNEY FOR DEFENDANT BANKUNITED, N.A. | Howard Steinberg | steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
| --- | --- | --- |
| ATTORNEY FOR CREDITOR ALTERYX, INC. | Andrew Still | astill@swlaw.com, kcollins@swlaw.com |
| ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK | Michael R Totaro | Ocbkatty@aol.com |
| US TRUSTEE | United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC | William J Wall | wwall@wall-law.com |
| ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC | Sharon Z. Weiss | sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |
| ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC | Johnny White | JWhite@wrslawyers.com, jlee@wrslawyers.com |
| CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR) | Reina Zepeda | rzepeda@omniagnt.com |

2. **SERVED BY UNITED STATES MAIL**:

**RTD 12/22/23 UTF**
**SECURED CREDITOR**
FUNDURA CAPITAL GROUP
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS 80 BROAD STREET, STE 3303 NEW YORK, NY 10004-2845~~

**SECURED CREDITOR / POC ADDRESS**
FUNDURA CAPITAL GROUP
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1545 ROUTE 202, SUITE 101
POMONA, NY 10970

**SECURED CREDITOR**
BRIDGE FUNDING CAP, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
538 13TH AVENUE
SUITE 324
BROOKLYN, NY 11219

**SECURED CREDITOR / POC ADDRESS**
AZZURE CAPITAL LLC
C/O SHARON Z. WEISS
BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

**SECURED CREDITOR / POC ADDRESS**
MNS FUNDING LLC
C/O PAUL R. SHANKMAN
FORTIS LLP
650 TOWN CENTER DRIVE, SUITE 1530
COSTA MESA, CA 92626

**SECURED CREDITOR**
DIVERSE CAPITAL LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
323 SUNNY ISLES BLVD, STE 503
SUNNY ISLES, FL 33160-4675

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR / POC ADDRESS**
OHP-CDR, LP
C/O JEREMY ANDERSEN, RAZMIG IZAKELIAN
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. FIGUEROA STREET, 10TH FLOOR
LOS ANGELES, CA 90017

**SECURED CREDITOR / POC ADDRESS**
PECC CORP.
C/O RUSTY O'KANE
3131 MCKINNEY AVENUE, SUITE 500
DALLAS, TX 75204

**INTERESTED PARTY**
TIFFANY CORNELIUS
LAW OFFICES OF TIFFANY CORNELIUS P.C.
2833 CROCKETT ST., SUITE 505
FORT WORTH, TX 76107

**INTERESTED PARTY**
SHADAE CLARKE
1659 HIGHWAY 20 W, UNIT132
MCDONOUGH, GA 30253

**INTERESTED PARTY**
KELLY J. ADAMS
134 COMMONS CT
CHADDS FORD, PA 19317

**INTERESTED PARTY**
ASHLEY LAMBERT-BLAND
P.O. BOX 620
BRYANT, AR 72089

**RTD 02/05/24 UTF**
**20 LARGEST CREDITOR**
BUSINESS CENTERS OF AMERICA
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS~~
~~1100 SIR FRANCIS DRAKE BLVD, SUITE 1~~
~~KENTFIELD, CA 94904-1476~~

**20 LARGEST CREDITOR**
CALIFORNIA FRANCHISE TAX BOARD
PO BOX 942857
SACRAMENTO, CA 94257-0001

**RTD 05/30/23 UTF**
**X-20**
COLLABORATION ADVISORS
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS~~
~~400 DORLA COURT~~
~~ZEPHYR COVE, NV 89448~~

**20 LARGEST CREDITOR**
CREDIT REPORTING SERVICE INC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
548 MARKET ST, SUITE 72907
SAN FRANCISCO, CA 94104-5401

**20 LARGEST CREDITOR**
DEBT PAY PRO
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
1900 E GOLF ROAD, SUITE 550
SCHAUMBURG, IL 60173-5870

**20 LARGEST CREDITOR**
DEBT VALIDATION FUND II, LLC
C/O GARRICK A HOLLANDER
WINTHROP GOLUBOW HOLLANDER LLP
1301 DOVE STREET, 5TH FLOOR
NEWPORT BEACH, CA 92660

**20 LARGEST CREDITOR**
DEBT VALIDATION FUND II, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
5075 LOWER VALLEY ROAD
ATGLEN, PA 19310-1774

**20 LARGEST CREDITOR**
DOCUMENT FULFILLMENT SERVICES
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
2930 RAMONA AVE #100
SACRAMENTO, CA 95826-3838

**20 LARGEST CREDITOR**
EXECUTIVE CENTER LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
5960 SOUTH JONES BLVD
LAS VEGAS, NV 89118-2610

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**20 LARGEST CREDITOR / POC ADDRESS**
EXELA ENTERPRISE SOLUTIONS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
2701 E. GRAUWYLER ROAD
IRVING, TX 75061-3414

**RTD 01/26/24 UTF**
**20 LARGEST CREDITOR**
LEXISNEXUS
~~ATTN: OFFICER, A MANAGING OR~~
~~GENERAL AGENT, OR TO ANY~~
~~OTHER AGENT AUTHORIZED BY~~
~~APPOINTMENT OR LAW TO~~
~~RECEIVE SERVICE OF PROCESS~~
~~15500 B ROCKFIELD BLVD~~
~~IRVINE, CA 92618-2722~~

**20 LARGEST CREDITOR**
NETSUITE-ORACLE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
2300 ORACLE WAY
AUSTIN, TX 78741-1400

**RTD 10/16/23 UTF**
**20 LARGEST CREDITOR**
TASKUS HOLDINGS, INC.
~~ATTN: OFFICER, A MANAGING OR~~
~~GENERAL AGENT, OR TO ANY~~
~~OTHER AGENT AUTHORIZED BY~~
~~APPOINTMENT OR LAW TO~~
~~RECEIVE SERVICE OF PROCESS~~
~~1650 INDEPENDENCE DR~~
~~NEW BRAUNFELS, TX 78132-3959~~

**CREDITOR / POC ADDRESS**
JASON PATTERSON STOPNITZKY
C/O LESLIE E. CHAYO, ESQ.
9454 WILSHIRE BLVD., PH
BEVERLY HILLS, CA 90212

**20 LARGEST CREDITOR / POC ADDRESS**
FIRST LEGAL NETWORK, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
PO BOX 743451
LOS ANGELES, CA 90074-3451

**RTD 10/03/23 UTF**
**20 LARGEST CREDITOR**
MARICH BEIN LLC
~~ATTN: OFFICER, A MANAGING OR~~
~~GENERAL AGENT, OR TO ANY~~
~~OTHER AGENT AUTHORIZED BY~~
~~APPOINTMENT OR LAW TO RECEIVE~~
~~SERVICE OF PROCESS~~
~~99 WALL STREET, STE 2669~~
~~NEW YORK, NY 10005-4301~~

**20 LARGEST CREDITOR / POC ADDRESS**
OUTSOURCE ACCELERATOR LTD
C/O PAUL R. SHANKMAN, ESQ
FORTIS LLP
650 TOWN CENTER DRIVE, SUITE
1530
COSTA MESA, CA 92626

**20 LARGEST CREDITOR**
TUSTIN EXECUTIVE CENTER
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE OF PROCESS
1630 S SUNKIST STEET, STE A
ANAHEIM, CA 92806-5816

**CREDITOR / POC ADDRESS**
JOAN P. SCHOTT
9303 LANDS POINT
SAN ANTONIO, TX 78250

**RTD 12/05/23 UTF**
**20 LARGEST CREDITOR**
JP MORGAN CHASE
~~ATTN: OFFICER, A MANAGING OR~~
~~GENERAL AGENT, OR TO ANY~~
~~OTHER AGENT AUTHORIZED BY~~
~~APPOINTMENT OR LAW TO~~
~~RECEIVE SERVICE OF PROCESS~~
~~3 PARK PLAZA, STE 900~~
~~IRVINE, CA 92614-5208~~

**20 LARGEST CREDITOR**
MC DVI FUND 1, LLC; MC DVI FUND
2, LLC
C/O GARRICK A HOLLANDER
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
1598 COTTONWOOD DR
GLENVIEW, IL 60026-7769

**20 LARGEST CREDITOR**
SHARP BUSINESS SYSTEMS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE OF PROCESS
8670 ARGENT ST
SANTEE, CA 92071-4172

**SECURED CREDITOR / POC ADDRESS**
CITY CAPITAL NY
C/O MAURICE WUTSCHER LLP
23611 CHAGRIN BLVD. SUITE 207
BEACHWOOD, OH 44122-5540

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

RIVER TREE LLC
C/O MAYS JOHNSON LAW FIRM
21 BATTERY PARK AVE, SUITE 201
ASHEVILLE, NC 28801

**INTERESTED PARTY**
Liberty Acquisition Group, LLC c/o
Daniel A. Lev, Esq.
**Greenspoon Marder LLP** 333
South Grand Avenue, Suite 3400
Los Angeles, CA 90071

**INTERESTED PARTY**
Liberty Acquisition Group, LLC
Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213

**INTERESTED PARTY**
Pan-American Consulting LLC
via email

**INTERESTED PARTY**
Liberty Acquisition Group, LLC c/o
Daniel A. Lev, Esq.
**Greenspoon Marder LLP** 333
South Grand Avenue, Suite 3400
Los Angeles, CA 90071

**INTERESTED PARTY**
Resolution Ventures
via email

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**