PETER C. ANDERSON
United States Trustee
Kenneth M. Misken (State Bar No. 349167)
Assistant United States Trustee
Queenie K. Ng (State Bar No. 223803)
Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Tel: (714) 338-3403
Fax: (714) 338-3421
Email: Kenneth.M.Misken@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**THE LITIGATION PRACTICE GROUP, P.C.,**<br><br><br>                              Debtor. | Case Number 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S RESPONSE TO STATUS REPORT FILED BY MORNING LAW GROUP, P.C. PURSUANT TO THE COURT'S INSTRUCTIONS** |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, CHAPTER 11 TRUSTEE, AND ALL PARTIES IN INTEREST:**

The United States Trustee files this Response (the "Response") to Status Report (the "Status Report") by Morning Law Group, P.C. ("MLG").  Pursuant to the Court's Instructions [Bankr. Dkt. # 1259], as set forth below.

1

In the Status Report, MLG states that "[a]n issue with respect to the calculation of payments and the adjustments has emerged. The outcome of this issue will impact the amount ultimately to be paid to the estate . . . MLG's business and financial information is confidential and proprietary. MLG is prepared to file it under seal or submit it to the Court's review *in camera*." Status Report, at p. 2:5-10. Further, MLG states that it provided the Trustee's counsel with an excel spreadsheet (the "Spreadsheet") detailing the related calculations from August 4, 2023 through the end of Q1 2024. According to MLG, "[t]he spreadsheet contains highly sensitive, confidential business information of MLG, which MLG will promptly provide to the Court in camera if requested." *Id.* at p. 3:2-5. Finally, MLG requests the Court to authorize any "further reporting *in camera* or under seal." *Id.* at p. 3:11.

A. **Section 107(a) of the Bankruptcy Code Affirms the Long-Standing Presumption of Public Access to Court Records**.

There is a strong presumption and public policy in favor of public access to court records. *See In re Motors Liquidation Co.*, 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016); *In re Borders Grp., Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011); *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) ("The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved"); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597-98 (1978). "This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised." *Motor Liquidation*, 561 B.R. at 41-42 (citation omitted).

Section 107 of the Bankruptcy Code sets forth the legal standard applicable to sealing information. *See also* F.R.B.P. 9018. Section 107(a) of the Bankruptcy Code provides, in part, that:

> a paper filed in a case under this title and the dockets of a bankruptcy court are *public records and open to examination* by an entity at reasonable times without charge.

11 U.S.C. § 107(a) (emphasis added).

Section 107(b) of the Bankruptcy Code provides in relevant part that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

Section 107(b)(1) is implemented by Rule 9018, which provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Feb. R. Bankr. P. 9018. Accordingly, a limited exception to public disclosure may be invoked to protect "an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1); *accord* Fed. R. Bankr. P. 9018.

### B. **Section 107(b) of the Bankruptcy Code is Narrowly Construed and a Denial of Open Access to Court Records Must Be Supported by Evidence**.

This "exception to the general right of access in section 107(b) is narrow" and

3

should only be entered when actually necessary to protect a party from harm. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011); *see also In re Anthracite Cap., Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (finding that "a court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as public monitoring is an essential feature of democratic control.") (internal quotations omitted) (emphasis added).

Where a party seeks to have court records sealed because of the purported economic consequences of disclosure, courts have demanded more than mere argument and speculation. *See, e.g., Republic of the Philippines*, 949 F.2d 653, 663 (3d Cir. 1991) (a party must offer "evidence ... to substantiate its claim that the disclosure of ... records ... would result in any type of competitive disadvantage"); *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (report filed in court in connection with a shareholder derivative action could not be sealed based on "a naked conclusory statement that publication of the Report will injure the bank in the industry."); *In re Barney's, Inc.*, 201 B.R. at 708 ("speculat[ion] that the public disclosure of ... letter will adversely impact debtors reorganization efforts" insufficient to justify sealing record); *In re Fibermark, Inc.*, 330 B.R. 480, 506 (Bankr. D. Vt. 2005) ("that information might 'conceivably' or 'possibly' fall within a protected category is not sufficient to seal documents"); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071-73 (3d Cir. 1059) (court must make "specific findings" as sealing cannot be based on speculation).

Under Section 107(b), "commercial information" has been defined as information which would cause an "unfair advantage to competitors by providing them information as to the commercial operations" of the requesting party. *See In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)(internal quotations omitted); accord *Borders*, 462 B.R. at 47.

The "commercial information" exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake." *Motors Liquidation*, 561 B.R. at 43

4

(quoting *In re Dreier LLP*, 485 B.R. 821, 822-23 (Bankr. S.D.N.Y. 2013)). "Evidence – not just argument–is required to support the extraordinary remedy of sealing." *Id.* at 43; *accord Dreier*, 485 B.R. at 823 (finding that "conclusory statements in [a declaration] are not probative").

A party seeking to deny public access to court documents must overcome a strong presumption by demonstrating, with specificity, the precise harm that will flow from the disclosure. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) ("[i]n delineating the injury to be prevented, specificity is essential …. [b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient"); *In re Anthracite Capital,Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y 2013) (there is a "strong presumption" in favor of public access).

The burden is on the moving party to show that a request to place documents under seal falls within the parameters of Section 107(b). *Id.* at 46; *Food Mgmt.*, 359 B.R. at 561. To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Food Mgmt.*, 359 B.R. at 561 (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). "The moving party bears the burden of demonstrating that the information it is seeking to protect from public viewing is both commercial and confidential." *In re Williams*, 2017 WL 6278764, at *3 (Bankr. W.D. Va. Dec. 8, 2017) (citation omitted).

In the Status Report, MLG does not cite any authority holding that the type of information it seeks to seal is both confidential and commercial information under the Bankruptcy Code. In particular, MLG has not identified any trade secret or confidential research, development or commercial information that requires this Court's protection in this instance. MLG has not provided any explanation of how anything in the Spreadsheet or any "further reporting" meets any criteria under § 107 for sealing.

Instead, it provided conclusory statements that the Spreadsheet contains "highly sensitive, confidential business information of MLG." Status Report, at p. 3:4. "To put it clearly, just because information may be 'confidential' does not mean it is 'commercial

5

information' entitled to the extraordinary procedure of sealing." *Motors Liquidation*, 561 B.R. at 44. MLG bears the burden to show that the calculations of payments and the adjustments constitute a "trade secret or confidential research, development or commercial information." Moreover, MLG has not identified any harm that would result from public disclosure of the calculations and Spreadsheet. MLG has not delivered an unredacted copy of the Spreadsheet to the United States Trustee, as required.

Because MLG has failed to meet its burden under § 107 to seal the Spreadsheet or any further reporting, any motion to seal should be denied.

                                        PETER C. ANDERSON
                                        UNITED STATES TRUSTEE

Dated: May 31, 2024                By:   */s/ Kenneth Misken*
                                                      Kenneth M. Misken
                                                      Assistant United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: OFFICE OF THE UNITED STATES TRUSTEE, 411 West Fourth St., Suite 7160, Santa Ana, CA 92701

> A true and correct copy of the foregoing **UNITED STATES TRUSTEE'S RESPONSE TO STATUS REPORT FILED BY MORNING LAW GROUP, P.C. PURSUANT TO THE COURT'S INSTRUCTIONS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 31, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Bradford Barnhardt    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Ethan J Birnberg    birnberg@portersimon.com, reich@portersimon.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown    ron@rkbrownlaw.com
- Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark    rbc@randallbclark.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Michael W Davis    mdavis@dtolaw.com, ygodson@dtolaw.com
- Anthony Paul Diehl    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- Jenny L Doling    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- Daniel A Edelman    dedelman@edcombs.com, courtecl@edcombs.com
- Howard M Ehrenberg    Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- Meredith Fahn    fahn@sbcglobal.net
- William P Fennell    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

- Marc C Forsythe    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- Jeremy Freedman    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- Eric Gassman    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- Christopher Ghio    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Amy Lynn Ginsburg    efilings@ginsburglawgroup.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Mark Mark Good    mark@markgood.com
- David M Goodrich    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Brian L Holman    b.holman@musickpeeler.com
- Richard L. Hyde    rhyde@awglaw.com
- Peter L Isola    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Sara Johnston    sara.johnston@dinsmore.com
- Sweeney Kelly    kelly@ksgklaw.com
- Joon M Khang    joon@khanglaw.com
- Ira David Kharasch    ikharasch@pszjlaw.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- Kelli Ann Lee    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Britteny Leyva    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- Marc A Lieberman    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- Michael D Lieberman    mlieberman@lipsonneilson.com
- Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Mitchell B Ludwig    mbl@kpclegal.com, kad@kpclegal.com
- Daniel S March    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

**2**

- Mark J Markus    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- Sarah S. Mattingly    sarah.mattingly@dinsmore.com
- William McCormick    Bill.McCormick@ag.tn.gov
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- Glenn D. Moses    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- Jamie D Mottola    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
- Victoria Newmark    vnewmark@pszjlaw.com
- Jacob Newsum-Bothamley    jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Israel Orozco    israel@iolawcorp.com
- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- Michael R Pinkston    rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- Douglas A Plazak    dplazak@rhlaw.com
- Tyler Powell    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Vanessa Rodriguez    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- Kevin Alan Rogers    krogers@wellsmar.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott3@bclplaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Maureen J Shanahan    Mstotaro@aol.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- Jeffrey M Singletary    jsingletary@swlaw.com, rmckay@swlaw.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Adam D Stein-Sapir    info@pfllc.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- John H. Stephens    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- Michael R Totaro    Ocbkatty@aol.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- William J Wall    wwall@wall-law.com

- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com
- Reina Zepeda    rzepeda@omniagnt.com

**2. SERVED BY UNITED STATES MAIL**: On **May 31, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Litigation Practice Group P.C., Attn:  Tony Diab
17542 17th St, Suite 100, Tustin, CA 92780

**Committee of Unsecured Creditors**
c/o Fox Rothschild LLP, Attn: Nicholas A. Koffroth
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067

**Consumer Privacy Ombudsman**
Lucy L. Thomson
1455 Pennsylvania Avenue, N.W. Suite 400
Washington, D.C. 20004

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 31, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


DATED: 5/31/24                    Tari King                s/s *Tari King*