Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel for Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**NOTICE OF EXHIBITS TO PROPOSED ORDER: (I) APPROVING PROPOSED DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES; (III) APPROVING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION; (IV) SETTING RELATED DEADLINES; AND (V) GRANTING RELATED RELIEF**<br><br>**<u>Hearing Date and Time</u>**<br>Date: August 15, 2024<br>Time: 10:00 a.m.<br>Place: *In Person or Via ZoomGov*<br>Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, California 92701 |

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**TO THE COURT AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that attached hereto are **Exhibit A** through **Exhibit E** to the proposed *Order: (I) Approving Proposed Disclosure Statement; (II) Approving Solicitation and Voting procedures; (III) Approving Notice and Objection Procedures for Confirmation of Joint Chapter 11 Plan of Liquidation; (IV) Setting Related Deadlines; and (V) Granting Related Relief*, which is lodged concurrently herewith to memoralize the Court's ruling on the *Joint Motion of the Chapter 11 Trustee and Official Committee of Unsecured Creditors for Entry of an Order: (I) Approving Proposed Disclosure Statement; (II) Approving Solicitation and Voting procedures; (III) Approving Notice and Objection Procedures for Confirmation of Joint Chapter 11 Plan of Liquidation; (IV) Setting Related Deadlines; and (V) Granting Related Relief* [Docket No. 1059].

DATED this 3rd day of June, 2024.

**FOX ROTHSCHILD LLP**

By: *__/s/ Nicholas A. Koffroth__*
Keith C. Owens (Bar No. 184841)
Nicholas A. Koffroth (Bar No. 287854)
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
*Counsel for the Committee*

**Exhibit A**

Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel for Official Committee of Unsecured Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel for Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:

THE LITIGATION PRACTICE GROUP, P.C.,

Debtor.

Chapter 11

Case No. 8:23-bk-10571-SC

**NOTICE OF: (I) APPROVAL OF THE DISCLOSURE STATEMENT; (II) THE DEADLINE FOR VOTING ON THE PLAN; (III) THE FUND CHALLENGE DEADLINE AND THE OWNERSHIP CHALLENGE DEADLINE; (IV) THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (V) THE HEARING TO CONSIDER CONFIRMATION OF THE PLAN; AND (VI) RELATED DEADLINES**

**<u>Hearing Date and Time</u>**
Date: August 15, 2024
Time: 10:00 a.m.
Place: *In Person or Via ZoomGov*
Courtroom 5C
411 West Fourth Street
Santa Ana, California 92701

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**APPROVAL OF DISCLOSURE STATEMENT**

By Order dated June ___, 2024 (the "Disclosure Statement Order") [Docket No. _____], the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") approved the *Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. _____] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement") filed by the Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] and Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee" and, together with the Committee, the "Plan Proponents"). The Disclosure Statement Order provides that, *inter alia*, (i) the Disclosure Statement contains adequate information, within the meaning of § 1125; and (ii) authorizes the Plan Proponents to solicit votes to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan") filed by the Plan Proponents. The Disclosure Statement Order is enclosed herewith and includes certain deadlines related to confirmation of the Plan that may affect you. Please review the Disclosure Statement Order, Disclosure Statement, Plan, and any other materials provided in full. All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN**

**Section III.C.5 Contains the Following Release Applicable to Holders of Class 3B Claims that Opt-In to Treatment under Class 3B:**

Holders of Class 3B Claims will be deemed to have expressly waived any other General Unsecured Claim in excess of the Allowed amount of such Holder's Class 3B Claim. Moreover, such Holder of an Allowed General Unsecured Claim expressly waives all claims, rights, and defenses that would otherwise exist against the Estate. In exchange for the foregoing waiver and release, the Estate and Liquidating Trust will expressly waive any objection to a Class 3B Claim except for objections based on failure to timely file such Claim.

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**

The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to

[1] Unless otherwise noted, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**

The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.

Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.

By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**

To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

The following table designates the Classes of Claims against the Debtor and specifies which of those Classes are (a) Not Impaired by the Plan, (b) Impaired by the Plan, and (c) entitled to vote to accept or reject the Plan in accordance with § 1126. In accordance with § 1123(a)(1), Administrative Claims, Professional Fee Claims, and Priority Tax Claims, have not been classified. All of the potential Classes for the Debtor are set forth herein.

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 1A | Fundura Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1B | Azzure Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1C | Diverse Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1D | OHP Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1E | PECC Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1F | Other Secured Claims | Impaired | Yes (Entitled to Vote) |
| 2A | Super-Priority Loans | Unimpaired | No (Deemed to Accept) |
| 2B | Wage, Salary, Commission Claims | Unimpaired | No (Deemed to Accept) |
| 2C | Contributions to Employee Benefit Plan | Unimpaired | No (Deemed to Accept) |
| 2D | Deposits | Unimpaired | No (Deemed to Accept) |
| 3A | General Unsecured Claims | Impaired | Yes (Entitled to Vote) |
| 3B | Consumer Client Convenience Class | Impaired | Yes (Entitled to Vote) |
| 4 | Subordinated Claims | Impaired | No (Deemed to Reject) |
| 5 | Interests | Impaired | No (Deemed to Reject) |

## DEADLINE TO VOTE TO ACCEPT OR REJECT THE PLAN

You are entitled to vote to accept or reject the Plan. In order to be counted as a vote to accept or reject the Plan, you must properly execute, complete, and deliver a Ballot (or Ballots) to the Plan Proponents so as to be received by the Plan Proponents **no later than July 3, 2024** (the "Voting Deadline") as set forth below.

All Ballots must be delivered via First Class Mail, overnight courier, or hand delivery so as to be actually received by the Claims and Balloting Agent no later than the Voting Deadline. Except as provided below, Ballots must be submitted to the Claims and Balloting Agent at the following address in accordance with the voting procedures set forth below:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Ballots may also be submitted via electronic, online transmissions, solely through a customized online balloting upload portal on the case website maintained by the Claims and Balloting Agent (the "Ballot Portal") accessible using the following URL:

https://omniagentsolutions.com/LPG-Ballots

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

Parties entitled to vote may cast an electronic Ballot and electronically sign and submit a Ballot instantly by utilizing the Ballot Portal (which allows a holder to submit an electronic signature). Instructions for electronic, online transmission of Ballots is set forth on the Ballots. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**BALLOTS TRANSMITTED TO THE DEBTORS BY FACSIMILE, ELECTRONIC MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT MAY BE ACCEPTED BY THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.**

## THE FUND CHALLENGE DEADLINE

**Section IV.A.3(b) of the Plan provides as follows:**

It is Trustee's belief that the Post-Petition Funds have been or will be earned and are such property of the Estate for purposes of § 541, and are not property held in trust for third parties. If any party wishes to dispute the characterization of the Post-Petition Funds as property of the Estate and/or use of the Funds to fund Plan payments, such parties-in-interest must commence an adversary proceeding **no later than June 19, 2024** ("Fund Challenge Deadline"). **The Post-Petition Funds attributable to any creditor or party in interest shall be deemed property of the Estate in accordance with the Plan without further order of the Bankruptcy Court if such creditor or party in interest does not commence an adversary proceeding disputing the characterization of such Post-Petition Funds by the Fund Challenge Deadline.**

## THE OWNERSHIP CHALLENGE DEADLINE

**Section IV.A.3(c) of the Plan provides as follows:**

Certain parties claim an ownership interest in client files, receivables, or other property or assets sold, pursuant to the Sale Order, and that such property or receivables do not constitute property of the Estate for purposes of § 541. If any party wishes to assert an ownership interest in any Liquidating Trust Assets, such parties-in-interest must commence an adversary proceeding **no later than June 19, 2024** ("Ownership Challenge Deadline"). **Parties in interest that do not commence an adversary proceeding by the Ownership Challenge Deadline shall be barred from, and deemed to have waived and forfeited, any ownership or similar claim in the Liquidating Trust Assets without further order of the Bankruptcy Court.**

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

Objections, if any, to confirmation of the Plan, including any supporting memoranda, must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objector and the nature and amount of any Claim or Interest asserted by the objector; (iv) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the following **no later than July 31, 2024** which deadline may be extended by the mutual agreement of the Plan Proponents (the "Confirmation Objection Deadline"): (a) the Trustee's general bankruptcy counsel and bankruptcy case administrator as follows: Marshack Hays Wood LLP, 870 Roosevelt, Irvine, California 92620 (Attn: Ed Hays (ehays@marshackhays.com) & Pam Kraus (pkraus@marshackhays.com)); (b) counsel to the Committee: Fox Rothschild LLP, 10250 Constellation Boulevard, 9th Floor, Los Angeles, California 90067 (Attn: Keith C. Owens (kowens@foxrothschild.com) & Nicholas A. Koffroth (nkoffroth@foxrothschild.com)); and (c) counsel to the U.S. Trustee, Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, California 92701-8000 (Attn: Kenneth M. Misken

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

(kenneth.m.misken@usdoj.gov)). **Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file and serve a timely objection to the Plan may be deemed by the Bankruptcy Court to be consent to the relief requested therein.**

**THE CONFIRMATION HEARING**

The Bankruptcy Court will hold a hearing to consider confirmation of the Plan (the "Confirmation Hearing") on **August 15, 2024, at 10:00 a.m. (prevailing Pacific Time)**, in Courtroom 5C, located at 411 W. Fourth Street, Santa Ana, CA 92701. Any party wishing to appear at the hearing should review the Court's tentative ruling prior to the hearing, which will provide information on whether in-person appearances are required and any remote access information for the hearing on the Motion. **Parties are directed to obtain accessibility information on Judge Clarkson's posted hearing calendar which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.** The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or by joint request of the Plan Proponents without further notice other than by notices of continuance filed on the docket of the Bankruptcy Case.

**ACCESS TO DOCUMENTS AND OTHER QUESTIONS**

Copies of the Plan and Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan and Disclosure Statement free of charge using the following hyperlinks:

**Plan**

**Disclosure Statement**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete the Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

DATED this 5th day of June, 2024.

**FOX ROTHSCHILD LLP**

By: */s/ Nicholas A. Koffroth*
Keith C. Owens (Bar No. 184841)
Nicholas A. Koffroth (Bar No. 287854)
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
*Counsel for the Committee*

**MARSHACK HAYS WOOD LLP**

By: */s/ D. Edward Hays*
D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
870 Roosevelt
Irvine, California 92620
*General Counsel for Chapter 11 Trustee*

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**Exhibit B**

Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel for Official Committee of Unsecured Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel for Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:

THE LITIGATION PRACTICE GROUP, P.C.,

Debtor.

Chapter 11

Case No. 8:23-bk-10571-SC

**NOTICE OF: (I) APPROVAL OF THE DISCLOSURE STATEMENT; (II) NON-VOTING ACCEPTING STATUS; (III) THE FUND CHALLENGE DEADLINE AND THE OWNERSHIP CHALLENGE DEADLINE; (IV) THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (V) THE HEARING TO CONSIDER CONFIRMATION OF THE PLAN; AND (VI) RELATED DEADLINES**

**Hearing Date and Time**
Date: August 15, 2024
Time: 10:00 a.m.
Place: *In Person or Via ZoomGov*
Courtroom 5C
411 West Fourth Street
Santa Ana, California 92701

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**APPROVAL OF DISCLOSURE STATEMENT**

By Order dated June ___, 2024 (the "Disclosure Statement Order") [Docket No. _____], the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") approved the *Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. _____] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement") filed by the Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] and Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee" and, together with the Committee, the "Plan Proponents"). The Disclosure Statement Order provides that, *inter alia*, (i) the Disclosure Statement contains adequate information, within the meaning of § 1125; and (ii) authorizes the Plan Proponents to solicit votes to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan") filed by the Plan Proponents. The Disclosure Statement Order is enclosed herewith and includes certain deadlines related to confirmation of the Plan that may affect you. Please review the Disclosure Statement Order, Disclosure Statement, Plan, and any other materials provided in full. All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**NON-VOTING ACCEPTING STATUS**

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN THAT ARE NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF SUCH NON-VOTING CLASSES UNDER THE PLAN.**

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 2A | Super-Priority Loans | Unimpaired | No (Deemed to Accept) |
| 2B | Wage, Salary, Commission Claims | Unimpaired | No (Deemed to Accept) |
| 2C | Contributions to Employee Benefit Plan | Unimpaired | No (Deemed to Accept) |
| 2D | Deposits | Unimpaired | No (Deemed to Accept) |

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 2A, 2B, 2C, AND 2D ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND § 1126(f), ARE (I) PRESUMED TO HAVE ACCEPTED THE PLAN, (II) NOT ENTITLED TO VOTE ON THE PLAN, AND (III) DEEMED TO HAVE COMPLETELY, CONCLUSIVELY, UNCONDITIONALLY, AND IRREVOCABLY CONSENTED TO THE RELEASES, INJUNCTIONS AND EXCULPATIONS SET FORTH IN THE PLAN.**

[1] Unless otherwise noted, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**

The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**

The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.

Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the PostConfirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and

(v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.

By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**

To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

The following table designates the Classes of Claims against the Debtor and specifies which of those Classes are (a) Not Impaired by the Plan, (b) Impaired by the Plan, and (c) entitled to vote to accept or reject the Plan in accordance with § 1126. In accordance with § 1123(a)(1), Administrative Claims, Professional Fee Claims, and Priority Tax Claims, have not been classified. All of the potential Classes for the Debtor are set forth herein.

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 1A | Fundura Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1B | Azzure Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1C | Diverse Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1D | OHP Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1E | PECC Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1F | Other Secured Claims | Impaired | Yes (Entitled to Vote) |
| 2A | Super-Priority Loans | Unimpaired | No (Deemed to Accept) |
| 2B | Wage, Salary, Commission Claims | Unimpaired | No (Deemed to Accept) |
| 2C | Contributions to Employee Benefit Plan | Unimpaired | No (Deemed to Accept) |
| 2D | Deposits | Unimpaired | No (Deemed to Accept) |
| 3A | General Unsecured Claims | Impaired | Yes (Entitled to Vote) |
| 3B | Consumer Client Convenience Class | Impaired | Yes (Entitled to Vote) |
| 4 | Subordinated Claims | Impaired | No (Deemed to Reject) |
| 5 | Interests | Impaired | No (Deemed to Reject) |

**THE FUND CHALLENGE DEADLINE**

**Section IV.A.3(b) of the Plan provides as follows:**

It is Trustee's belief that the Post-Petition Funds have been or will be earned and are such property of the Estate for purposes of § 541, and are not property held in trust for third parties. If any party wishes to dispute the characterization of the Post-Petition Funds as property of the Estate and/or use of the Funds to fund Plan payments, such parties-in-interest must commence an adversary proceeding **no later than June 19, 2024** ("Fund Challenge Deadline"). **The Post-Petition Funds attributable to any creditor or party in interest shall be deemed property of the Estate in accordance with the Plan without further order of the Bankruptcy Court if such creditor or party in interest does not commence an adversary proceeding disputing the characterization of such Post-Petition Funds by the Fund Challenge Deadline.**

**THE OWNERSHIP CHALLENGE DEADLINE**

**Section IV.A.3(c) of the Plan provides as follows:**

Certain parties claim an ownership interest in client files, receivables, or other property or assets sold, pursuant to the Sale Order, and that such property or receivables do not constitute property of the Estate for purposes of § 541. If any party wishes to assert an ownership interest in any Liquidating Trust Assets, such parties-in-interest must commence an adversary proceeding **no later than June 19, 2024** ("Ownership Challenge Deadline"). **Parties in interest that do not commence an adversary proceeding by the Ownership Challenge Deadline shall be barred from, and deemed to have waived and forfeited, any ownership or similar claim in the Liquidating Trust Assets without further order of the Bankruptcy Court.**

**DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN**

Objections, if any, to confirmation of the Plan, including any supporting memoranda, must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objector and the nature and amount of any Claim or Interest asserted by the objector; (iv) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the following **no later than July 31, 2024** which deadline may be extended by the mutual agreement of the Plan Proponents (the "Confirmation Objection Deadline"): (a) the Trustee's general bankruptcy counsel and bankruptcy case administrator as follows: Marshack Hays Wood LLP, 870 Roosevelt, Irvine, California 92620 (Attn: Ed Hays (ehays@marshackhays.com) & Pam Kraus (pkraus@marshackhays.com)); (b) counsel to the Committee: Fox Rothschild LLP, 10250 Constellation Boulevard, 9th Floor, Los Angeles, California 90067 (Attn: Keith C. Owens (kowens@foxrothschild.com) & Nicholas A. Koffroth (nkoffroth@foxrothschild.com)); and (c) counsel to the U.S. Trustee, Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, California 92701-8000 (Attn: Kenneth M. Misken (kenneth.m.misken@usdoj.gov)). **Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file and serve a timely objection to the Plan may be deemed by the Bankruptcy Court to be consent to the relief requested therein.**

**THE CONFIRMATION HEARING**

The Bankruptcy Court will hold a hearing to consider confirmation of the Plan (the "Confirmation Hearing") on **August 15, 2024, at 10:00 a.m. (prevailing Pacific Time)**, in Courtroom 5C, located at 411 W. Fourth Street, Santa Ana, CA 92701. Any party wishing to appear at the hearing should review the Court's tentative ruling prior to the hearing, which will provide information on whether in-person appearances are required and any remote access information for the hearing on the Motion. **Parties are directed to obtain accessibility information on Judge**

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**Clarkson's posted hearing calendar which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.** The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or by joint request of the Plan Proponents without further notice other than by notices of continuance filed on the docket of the Bankruptcy Case.

**ACCESS TO DOCUMENTS AND OTHER QUESTIONS**

Copies of the Plan and Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan and Disclosure Statement free of charge using the following hyperlinks:

**Plan**

**Disclosure Statement**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete the Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

DATED this 5th day of June, 2024.

**FOX ROTHSCHILD LLP**

By: */s/ Nicholas A. Koffroth*
Keith C. Owens (Bar No. 184841)
Nicholas A. Koffroth (Bar No. 287854)
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
*Counsel for the Committee*

**MARSHACK HAYS WOOD LLP**

By: */s/ D. Edward Hays*
D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
870 Roosevelt
Irvine, California 92620
*General Counsel for Chapter 11 Trustee*

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**Exhibit C**

Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel for Official Committee of Unsecured Creditors*

D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778
ehays@marshackhays.com
lmasud@marshackhays.com

*General Counsel for Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:

THE LITIGATION PRACTICE GROUP, P.C.,

Debtor.

Chapter 11

Case No. 8:23-bk-10571-SC

**NOTICE OF: (I) APPROVAL OF THE DISCLOSURE STATEMENT; (II) NON-VOTING REJECTING STATUS; (III) THE FUND CHALLENGE DEADLINE AND THE OWNERSHIP CHALLENGE DEADLINE; (IV) THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (V) THE HEARING TO CONSIDER CONFIRMATION OF THE PLAN; AND (VI) RELATED DEADLINES**

**<u>Hearing Date and Time</u>**
Date: August 15, 2024
Time: 10:00 a.m.
Place: *In Person or Via ZoomGov*
Courtroom 5C
411 West Fourth Street
Santa Ana, California 92701

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**APPROVAL OF DISCLOSURE STATEMENT**

By Order dated June ___, 2024 (the "Disclosure Statement Order") [Docket No. _____], the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") approved the *Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. _____] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement") filed by the Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] and Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "Trustee" and, together with the Committee, the "Plan Proponents"). The Disclosure Statement Order provides that, *inter alia*, (i) the Disclosure Statement contains adequate information, within the meaning of § 1125; and (ii) authorizes the Plan Proponents to solicit votes to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan") filed by the Plan Proponents. The Disclosure Statement Order is enclosed herewith and includes certain deadlines related to confirmation of the Plan that may affect you. Please review the Disclosure Statement Order, Disclosure Statement, Plan, and any other materials provided in full. All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**NON-VOTING REJECTING STATUS**

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS AND/OR INTERESTS IN CLASSES OF IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN THAT ARE NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF SUCH NON-VOTING CLASSES UNDER THE PLAN:**

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 4 | Subordinated Claims | Impaired | No (Deemed to Reject) |
| 5 | Interests | Impaired | No (Deemed to Reject) |

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS OR INTERESTS IN CLASSES 4 AND 5 ARE IMPAIRED UNDER THE PLAN AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO § 1126(g), ARE (I) DEEMED TO HAVE REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

[1] Unless otherwise noted, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**

The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**

The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.

Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the PostConfirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and

(v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.

By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**

To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

The following table designates the Classes of Claims against the Debtor and specifies which of those Classes are (a) Not Impaired by the Plan, (b) Impaired by the Plan, and (c) entitled to vote to accept or reject the Plan in accordance with § 1126. In accordance with § 1123(a)(1), Administrative Claims, Professional Fee Claims, and Priority Tax Claims, have not been classified. All of the potential Classes for the Debtor are set forth herein.

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 1A | Fundura Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1B | Azzure Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1C | Diverse Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1D | OHP Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1E | PECC Secured Claim | Impaired | Yes (Entitled to Vote) |
| 1F | Other Secured Claims | Impaired | Yes (Entitled to Vote) |
| 2A | Super-Priority Loans | Unimpaired | No (Deemed to Accept) |
| 2B | Wage, Salary, Commission Claims | Unimpaired | No (Deemed to Accept) |
| 2C | Contributions to Employee Benefit Plan | Unimpaired | No (Deemed to Accept) |
| 2D | Deposits | Unimpaired | No (Deemed to Accept) |
| 3A | General Unsecured Claims | Impaired | Yes (Entitled to Vote) |
| 3B | Consumer Client Convenience Class | Impaired | Yes (Entitled to Vote) |
| 4 | Subordinated Claims | Impaired | No (Deemed to Reject) |
| 5 | Interests | Impaired | No (Deemed to Reject) |

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**THE FUND CHALLENGE DEADLINE**

**Section IV.A.3(b) of the Plan provides as follows:**

It is Trustee's belief that the Post-Petition Funds have been or will be earned and are such property of the Estate for purposes of § 541, and are not property held in trust for third parties. If any party wishes to dispute the characterization of the Post-Petition Funds as property of the Estate and/or use of the Funds to fund Plan payments, such parties-in-interest must commence an adversary proceeding **no later than June 19, 2024** ("Fund Challenge Deadline"). **The Post-Petition Funds attributable to any creditor or party in interest shall be deemed property of the Estate in accordance with the Plan without further order of the Bankruptcy Court if such creditor or party in interest does not commence an adversary proceeding disputing the characterization of such Post-Petition Funds by the Fund Challenge Deadline.**

**THE OWNERSHIP CHALLENGE DEADLINE**

**Section IV.A.3(c) of the Plan provides as follows:**

Certain parties claim an ownership interest in client files, receivables, or other property or assets sold, pursuant to the Sale Order, and that such property or receivables do not constitute property of the Estate for purposes of § 541. If any party wishes to assert an ownership interest in any Liquidating Trust Assets, such parties-in-interest must commence an adversary proceeding **no later than June 19, 2024** ("Ownership Challenge Deadline"). **Parties in interest that do not commence an adversary proceeding by the Ownership Challenge Deadline shall be barred from, and deemed to have waived and forfeited, any ownership or similar claim in the Liquidating Trust Assets without further order of the Bankruptcy Court.**

**DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN**

Objections, if any, to confirmation of the Plan, including any supporting memoranda, must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objector and the nature and amount of any Claim or Interest asserted by the objector; (iv) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the following **no later than July 31, 2024** which deadline may be extended by the mutual agreement of the Plan Proponents (the "Confirmation Objection Deadline"): (a) the Trustee's general bankruptcy counsel and bankruptcy case administrator as follows: Marshack Hays Wood LLP, 870 Roosevelt, Irvine, California 92620 (Attn: Ed Hays (ehays@marshackhays.com) & Pam Kraus (pkraus@marshackhays.com)); (b) counsel to the Committee: Fox Rothschild LLP, 10250 Constellation Boulevard, 9th Floor, Los Angeles, California 90067 (Attn: Keith C. Owens (kowens@foxrothschild.com) & Nicholas A. Koffroth (nkoffroth@foxrothschild.com)); and (c) counsel to the U.S. Trustee, Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, California 92701-8000 (Attn: Kenneth M. Misken (kenneth.m.misken@usdoj.gov)). **Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file and serve a timely objection to the Plan may be deemed by the Bankruptcy Court to be consent to the relief requested therein.**

**THE CONFIRMATION HEARING**

The Bankruptcy Court will hold a hearing to consider confirmation of the Plan (the "Confirmation Hearing") on **August 15, 2024, at 10:00 a.m. (prevailing Pacific Time)**, in Courtroom 5C, located at 411 W. Fourth Street, Santa Ana, CA 92701. Any party wishing to appear at the hearing should review the Court's tentative ruling prior to the hearing, which will provide information on whether in-person appearances are required and any remote access information for the hearing on the Motion. **Parties are directed to obtain accessibility information on Judge**

**Clarkson's posted hearing calendar which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.** The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or by joint request of the Plan Proponents without further notice other than by notices of continuance filed on the docket of the Bankruptcy Case.

**ACCESS TO DOCUMENTS AND OTHER QUESTIONS**

Copies of the Plan and Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan and Disclosure Statement free of charge using the following hyperlinks:

**Plan**

**Disclosure Statement**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete the Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

DATED this 5th day of June, 2024.

**FOX ROTHSCHILD LLP**

By: *_/s/ Nicholas A. Koffroth_*
Keith C. Owens (Bar No. 184841)
Nicholas A. Koffroth (Bar No. 287854)
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
*Counsel for the Committee*

**MARSHACK HAYS WOOD LLP**

By: *_/s/ D. Edward Hays_*
D. Edward Hays (Bar No. 162507)
Laila Masud (Bar No. 311731)
870 Roosevelt
Irvine, California 92620
*General Counsel for Chapter 11 Trustee*

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

**Exhibit D**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR THE LITIGATION PRACTICE GROUP P.C.** |

**CLASS 1A – FUNDURA SECURED CLAIM**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 3, 2024.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan"), submitted by the Plan Proponents and described in the related disclosure statement [Docket No. ___] (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") entered on ______________, 2024 [Docket No. ____] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan, Disclosure Statement, and Disclosure Statement Order free of charge using the following hyperlinks:

**Plan**
**Disclosure Statement**
**Disclosure Statement Order**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete this Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

Please review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly

discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is received by the deadline indicated above:

- First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

- Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as follows:

To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

The Balloting Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.

Please complete and submit an electronic Ballot for each Ballot you receive, as applicable. **Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

Ballots transmitted to anyone other than the Claims and Balloting Agent, above, and/or by facsimile, electronic mail or other means not specifically approved by the Bankruptcy Court, may be accepted by the Plan Proponents on a case-by-case basis.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a Class 1A Claim in the voting amount indicated below, votes to (***CHECK ONE BOX ONLY***):

☐ **ACCEPT** the Plan ☐ **REJECT** the Plan

Voting Amount $ ______________________

*(For voting purposes only, subject to the tabulation procedures set forth in the Disclosure Statement Order.)*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

______________________________
Name of Creditor

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Email Address

______________________________
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

(1) **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.** Complete the Ballot by providing all the information requested in Items 1 and 2, and sign, date and return the Ballot to the Debtors by **ONLY ONE** of the following approved return methods:

First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as set forth earlier in this Ballot. To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

**Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

(2) **Ballots must be received by Omni Agent Solutions on or before July 3, 2024 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Plan Proponents' discretion. Ballots transmitted to anyone other than Omni Agent Solutions, above, and/or transmitted to Omni Agent Solutions by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court, may be accepted by the mutual consent of the Plan Proponents on a case-by-case basis. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

(3) You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

(4) Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain Tabulation Rules approved by the Bankruptcy Court. The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents or any other party-in-interest in any other context to contest the amount or validity of any claim for purposes of allowance under the Plan. More specifically, the Plan Proponents may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a motion (the "Determination Motion"), no later than June 5, 2024 (the "Voting Objection Deadline"). If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by a Plan Proponent, requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the Court. Further, if you have a cast a Ballot and if you have timely filed a Proof of Claim (or have otherwise had a Proof of Claim deemed timely filed by the Bankruptcy Court under applicable law), but your Claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, your Ballot will not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion"). If you seek to have your Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a Claims Estimation Motion for such temporary allowance by June 19, 2024. In the event that a Determination Motion or Claims Estimation Motion is filed, and the non-moving party wants to file a reply to the motion, such reply must be filed by seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion

within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be a ruling with respect to the allowance of the Claim(s) under Bankruptcy Rule 3018 and such Claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court. In the event a claimant reaches an agreement with the Plan Proponents, as to the treatment of a Claim for voting purposes, the Claim may be treated in such manner.

(5) The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim.

(6) If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

(7) NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

(8) PLEASE RETURN YOUR BALLOT PROMPTLY. BALLOTS TRANSMITTED BY E-MAIL, FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT, MAY BE ACCEPTED BY THE MUTUAL AGREEMENT OF THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.

(9) IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AGENT SOLUTIONS BY (I) EMAILING LPGINQUIRIES@OMNIAGNT.COM OR (II) CALLING (888) 741-4582 (U.S. AND CANADA TOLL FREE) AND (747) 226-5672.

DO NOT CONTACT THE PLAN PROPONENTS FOR LEGAL ADVICE. THE PLAN PROPONENTS CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS IN THE PLAN:**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**
The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**
The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.
Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.
By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**
To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| In re: THE LITIGATION PRACTICE GROUP P.C., Debtor. | Chapter 11 Case No. 8:23-bk-10571-SC **BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR THE LITIGATION PRACTICE GROUP P.C.** |
|---|---|

**CLASS 1B – AZZURE SECURED CLAIM**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 3, 2024.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan"), submitted by the Plan Proponents and described in the related disclosure statement [Docket No. ___] (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") entered on ______________, 2024 [Docket No. ____] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan, Disclosure Statement, and Disclosure Statement Order free of charge using the following hyperlinks:

**Plan**
**Disclosure Statement**
**Disclosure Statement Order**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete this Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

Please review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly

discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is received by the deadline indicated above:

- First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

- Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as follows:

To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

The Balloting Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.

Please complete and submit an electronic Ballot for each Ballot you receive, as applicable. **Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

Ballots transmitted to anyone other than the Claims and Balloting Agent, above, and/or by facsimile, electronic mail or other means not specifically approved by the Bankruptcy Court, may be accepted by the Plan Proponents on a case-by-case basis.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a Class 1B Claim in the voting amount indicated below, votes to (***CHECK ONE BOX ONLY***):

☐ **ACCEPT** the Plan ☐ **REJECT** the Plan

Voting Amount $ ______________________

*(For voting purposes only, subject to the tabulation procedures set forth in the Disclosure Statement Order.)*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

______________________________
Name of Creditor

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Email Address

______________________________
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

(1) **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.** Complete the Ballot by providing all the information requested in Items 1 and 2, and sign, date and return the Ballot to the Debtors by **ONLY ONE** of the following approved return methods:

First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as set forth earlier in this Ballot. To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

**Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

(2) **Ballots must be received by Omni Agent Solutions on or before July 3, 2024 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Plan Proponents' discretion. Ballots transmitted to anyone other than Omni Agent Solutions, above, and/or transmitted to Omni Agent Solutions by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court, may be accepted by the mutual consent of the Plan Proponents on a case-by-case basis. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

(3) You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

(4) Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain Tabulation Rules approved by the Bankruptcy Court. The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents or any other party-in-interest in any other context to contest the amount or validity of any claim for purposes of allowance under the Plan. More specifically, the Plan Proponents may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a motion (the "Determination Motion"), no later than June 5, 2024 (the "Voting Objection Deadline"). If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by a Plan Proponent, requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the Court. Further, if you have a cast a Ballot and if you have timely filed a Proof of Claim (or have otherwise had a Proof of Claim deemed timely filed by the Bankruptcy Court under applicable law), but your Claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, your Ballot will not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion"). If you seek to have your Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a Claims Estimation Motion for such temporary allowance by June 19, 2024. In the event that a Determination Motion or Claims Estimation Motion is filed, and the non-moving party wants to file a reply to the motion, such reply must be filed by seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion

within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be a ruling with respect to the allowance of the Claim(s) under Bankruptcy Rule 3018 and such Claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court. In the event a claimant reaches an agreement with the Plan Proponents, as to the treatment of a Claim for voting purposes, the Claim may be treated in such manner.

(5) The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim.

(6) If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

(7) NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

(8) PLEASE RETURN YOUR BALLOT PROMPTLY. BALLOTS TRANSMITTED BY E-MAIL, FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT, MAY BE ACCEPTED BY THE MUTUAL AGREEMENT OF THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.

(9) IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AGENT SOLUTIONS BY (I) EMAILING LPGINQUIRIES@OMNIAGNT.COM OR (II) CALLING (888) 741-4582 (U.S. AND CANADA TOLL FREE) AND (747) 226-5672.

DO NOT CONTACT THE PLAN PROPONENTS FOR LEGAL ADVICE. THE PLAN PROPONENTS CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS IN THE PLAN:**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**
The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**
The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.
Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.
By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**
To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR THE LITIGATION PRACTICE GROUP P.C.** |

**CLASS 1C – DIVERSE SECURED CLAIM**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 3, 2024.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan"), submitted by the Plan Proponents and described in the related disclosure statement [Docket No. ___] (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") entered on ______________, 2024 [Docket No. ____] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan, Disclosure Statement, and Disclosure Statement Order free of charge using the following hyperlinks:

**Plan**
**Disclosure Statement**
**Disclosure Statement Order**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete this Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

Please review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly

discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is received by the deadline indicated above:

- First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

- Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as follows:

To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

The Balloting Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.

Please complete and submit an electronic Ballot for each Ballot you receive, as applicable. **Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

Ballots transmitted to anyone other than the Claims and Balloting Agent, above, and/or by facsimile, electronic mail or other means not specifically approved by the Bankruptcy Court, may be accepted by the Plan Proponents on a case-by-case basis.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

| PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST. |
|---|

**Item 1. Class Vote.** The undersigned, a holder of a Class 1C Claim in the voting amount indicated below, votes to (***CHECK ONE BOX ONLY***):

☐ **ACCEPT** the Plan ☐ **REJECT** the Plan

Voting Amount $ ______________________

*(For voting purposes only, subject to the tabulation procedures set forth in the Disclosure Statement Order.)*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

______________________________
Name of Creditor

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Email Address

______________________________
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

(1) **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.** Complete the Ballot by providing all the information requested in Items 1 and 2, and sign, date and return the Ballot to the Debtors by **ONLY ONE** of the following approved return methods:

First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as set forth earlier in this Ballot. To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

**Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

(2) **Ballots must be received by Omni Agent Solutions on or before July 3, 2024 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Plan Proponents' discretion. Ballots transmitted to anyone other than Omni Agent Solutions, above, and/or transmitted to Omni Agent Solutions by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court, may be accepted by the mutual consent of the Plan Proponents on a case-by-case basis. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

(3) You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

(4) Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain Tabulation Rules approved by the Bankruptcy Court. The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents or any other party-in-interest in any other context to contest the amount or validity of any claim for purposes of allowance under the Plan. More specifically, the Plan Proponents may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a motion (the "Determination Motion"), no later than June 5, 2024 (the "Voting Objection Deadline"). If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by a Plan Proponent, requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the Court. Further, if you have a cast a Ballot and if you have timely filed a Proof of Claim (or have otherwise had a Proof of Claim deemed timely filed by the Bankruptcy Court under applicable law), but your Claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, your Ballot will not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion"). If you seek to have your Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a Claims Estimation Motion for such temporary allowance by June 19, 2024. In the event that a Determination Motion or Claims Estimation Motion is filed, and the non-moving party wants to file a reply to the motion, such reply must be filed by seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion

within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be a ruling with respect to the allowance of the Claim(s) under Bankruptcy Rule 3018 and such Claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court. In the event a claimant reaches an agreement with the Plan Proponents, as to the treatment of a Claim for voting purposes, the Claim may be treated in such manner.

(5) The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim.

(6) If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

(7) NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

(8) PLEASE RETURN YOUR BALLOT PROMPTLY. BALLOTS TRANSMITTED BY E-MAIL, FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT, MAY BE ACCEPTED BY THE MUTUAL AGREEMENT OF THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.

(9) IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AGENT SOLUTIONS BY (I) EMAILING LPGINQUIRIES@OMNIAGNT.COM OR (II) CALLING (888) 741-4582 (U.S. AND CANADA TOLL FREE) AND (747) 226-5672.

DO NOT CONTACT THE PLAN PROPONENTS FOR LEGAL ADVICE. THE PLAN PROPONENTS CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS IN THE PLAN:**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**
The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**
The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.
Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.
By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**
To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| In re: THE LITIGATION PRACTICE GROUP P.C., Debtor. | Chapter 11<br>Case No. 8:23-bk-10571-SC<br>**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR THE LITIGATION PRACTICE GROUP P.C.** |
|---|---|

**CLASS 1D – OHP SECURED CLAIM**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 3, 2024.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan"), submitted by the Plan Proponents and described in the related disclosure statement [Docket No. ___] (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") entered on ______________, 2024 [Docket No. ____] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan, Disclosure Statement, and Disclosure Statement Order free of charge using the following hyperlinks:

**Plan**
**Disclosure Statement**
**Disclosure Statement Order**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete this Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

Please review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly

discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is received by the deadline indicated above:

- First Class Mail, overnight courier, or hand delivery to:

  The Litigation Practice Group P.C. Ballot Processing
  c/o Omni Agent Solutions
  5955 De Soto Ave., Suite 100
  Woodland Hills, CA 91367

- Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as follows:

  To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

  The Balloting Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.

  Please complete and submit an electronic Ballot for each Ballot you receive, as applicable. **Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

Ballots transmitted to anyone other than the Claims and Balloting Agent, above, and/or by facsimile, electronic mail or other means not specifically approved by the Bankruptcy Court, may be accepted by the Plan Proponents on a case-by-case basis.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

| PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST. |
|---|

**Item 1. Class Vote.** The undersigned, a holder of a Class 1D Claim in the voting amount indicated below, votes to (***CHECK ONE BOX ONLY***):

☐ **ACCEPT** the Plan ☐ **REJECT** the Plan

Voting Amount $ ______________________
*(For voting purposes only, subject to the tabulation procedures set forth in the Disclosure Statement Order.)*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

______________________________
Name of Creditor

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Email Address

______________________________
Date Completed

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

(1) **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.** Complete the Ballot by providing all the information requested in Items 1 and 2, and sign, date and return the Ballot to the Debtors by **ONLY ONE** of the following approved return methods:

First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as set forth earlier in this Ballot. To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

**Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

(2) **Ballots must be received by Omni Agent Solutions on or before July 3, 2024 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Plan Proponents' discretion. Ballots transmitted to anyone other than Omni Agent Solutions, above, and/or transmitted to Omni Agent Solutions by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court, may be accepted by the mutual consent of the Plan Proponents on a case-by-case basis. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

(3) You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

(4) Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain Tabulation Rules approved by the Bankruptcy Court. The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents or any other party-in-interest in any other context to contest the amount or validity of any claim for purposes of allowance under the Plan. More specifically, the Plan Proponents may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a motion (the "Determination Motion"), no later than June 5, 2024 (the "Voting Objection Deadline"). If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by a Plan Proponent, requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the Court. Further, if you have a cast a Ballot and if you have timely filed a Proof of Claim (or have otherwise had a Proof of Claim deemed timely filed by the Bankruptcy Court under applicable law), but your Claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, your Ballot will not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion"). If you seek to have your Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a Claims Estimation Motion for such temporary allowance by June 19, 2024. In the event that a Determination Motion or Claims Estimation Motion is filed, and the non-moving party wants to file a reply to the motion, such reply must be filed by seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion

within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be a ruling with respect to the allowance of the Claim(s) under Bankruptcy Rule 3018 and such Claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court. In the event a claimant reaches an agreement with the Plan Proponents, as to the treatment of a Claim for voting purposes, the Claim may be treated in such manner.

(5) The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim.

(6) If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

(7) NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

(8) PLEASE RETURN YOUR BALLOT PROMPTLY. BALLOTS TRANSMITTED BY E-MAIL, FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT, MAY BE ACCEPTED BY THE MUTUAL AGREEMENT OF THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.

(9) IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AGENT SOLUTIONS BY (I) EMAILING LPGINQUIRIES@OMNIAGNT.COM OR (II) CALLING (888) 741-4582 (U.S. AND CANADA TOLL FREE) AND (747) 226-5672.

DO NOT CONTACT THE PLAN PROPONENTS FOR LEGAL ADVICE. THE PLAN PROPONENTS CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS IN THE PLAN:**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**
The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**
The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.

Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.

By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**
To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| In re: | Chapter 11 |
|---|---|
| THE LITIGATION PRACTICE GROUP P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR THE LITIGATION PRACTICE GROUP P.C.** |

**CLASS 1E – PECC SECURED CLAIM**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 3, 2024.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan"), submitted by the Plan Proponents and described in the related disclosure statement [Docket No. ___] (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") entered on ______________, 2024 [Docket No. ____] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan, Disclosure Statement, and Disclosure Statement Order free of charge using the following hyperlinks:

**Plan**
**Disclosure Statement**
**Disclosure Statement Order**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete this Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

Please review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly

discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is received by the deadline indicated above:

- First Class Mail, overnight courier, or hand delivery to:

  The Litigation Practice Group P.C. Ballot Processing
  c/o Omni Agent Solutions
  5955 De Soto Ave., Suite 100
  Woodland Hills, CA 91367

- Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as follows:

  To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

  The Balloting Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.

  Please complete and submit an electronic Ballot for each Ballot you receive, as applicable. **Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

Ballots transmitted to anyone other than the Claims and Balloting Agent, above, and/or by facsimile, electronic mail or other means not specifically approved by the Bankruptcy Court, may be accepted by the Plan Proponents on a case-by-case basis.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

| PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST. |
|---|

**Item 1. Class Vote.** The undersigned, a holder of a Class 1E Claim in the voting amount indicated below, votes to (***CHECK ONE BOX ONLY***):

☐ **ACCEPT** the Plan ☐ **REJECT** the Plan

Voting Amount $ ______________________

*(For voting purposes only, subject to the tabulation procedures set forth in the Disclosure Statement Order.)*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

______________________________
Name of Creditor

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Email Address

______________________________
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

(1) **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.** Complete the Ballot by providing all the information requested in Items 1 and 2, and sign, date and return the Ballot to the Debtors by **ONLY ONE** of the following approved return methods:

First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as set forth earlier in this Ballot. To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

**Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

(2) **Ballots must be received by Omni Agent Solutions on or before July 3, 2024 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Plan Proponents' discretion. Ballots transmitted to anyone other than Omni Agent Solutions, above, and/or transmitted to Omni Agent Solutions by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court, may be accepted by the mutual consent of the Plan Proponents on a case-by-case basis. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

(3) You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

(4) Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain Tabulation Rules approved by the Bankruptcy Court. The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents or any other party-in-interest in any other context to contest the amount or validity of any claim for purposes of allowance under the Plan. More specifically, the Plan Proponents may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a motion (the "Determination Motion"), no later than June 5, 2024 (the "Voting Objection Deadline"). If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by a Plan Proponent, requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the Court. Further, if you have a cast a Ballot and if you have timely filed a Proof of Claim (or have otherwise had a Proof of Claim deemed timely filed by the Bankruptcy Court under applicable law), but your Claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, your Ballot will not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion"). If you seek to have your Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a Claims Estimation Motion for such temporary allowance by June 19, 2024. In the event that a Determination Motion or Claims Estimation Motion is filed, and the non-moving party wants to file a reply to the motion, such reply must be filed by seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion

within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be a ruling with respect to the allowance of the Claim(s) under Bankruptcy Rule 3018 and such Claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court. In the event a claimant reaches an agreement with the Plan Proponents, as to the treatment of a Claim for voting purposes, the Claim may be treated in such manner.

(5) The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim.

(6) If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

(7) NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

(8) PLEASE RETURN YOUR BALLOT PROMPTLY. BALLOTS TRANSMITTED BY E-MAIL, FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT, MAY BE ACCEPTED BY THE MUTUAL AGREEMENT OF THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.

(9) IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AGENT SOLUTIONS BY (I) EMAILING LPGINQUIRIES@OMNIAGNT.COM OR (II) CALLING (888) 741-4582 (U.S. AND CANADA TOLL FREE) AND (747) 226-5672.

DO NOT CONTACT THE PLAN PROPONENTS FOR LEGAL ADVICE. THE PLAN PROPONENTS CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS IN THE PLAN:**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**

The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**
The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.
Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.
By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**
To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR THE LITIGATION PRACTICE GROUP P.C.** |
|---|---|

**CLASS 1F – OTHER SECURED CLAIM**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 3, 2024.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan"), submitted by the Plan Proponents and described in the related disclosure statement [Docket No. ___] (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") entered on ______________, 2024 [Docket No. ____] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan, Disclosure Statement, and Disclosure Statement Order free of charge using the following hyperlinks:

**Plan**
**Disclosure Statement**
**Disclosure Statement Order**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete this Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

Please review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly

discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is received by the deadline indicated above:

- First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

- Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as follows:

To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

The Balloting Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.

Please complete and submit an electronic Ballot for each Ballot you receive, as applicable. **Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

Ballots transmitted to anyone other than the Claims and Balloting Agent, above, and/or by facsimile, electronic mail or other means not specifically approved by the Bankruptcy Court, may be accepted by the Plan Proponents on a case-by-case basis.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

| PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST. |
|---|

**Item 1. Class Vote.** The undersigned, a holder of a Class 1F Claim in the voting amount indicated below, votes to (***CHECK ONE BOX ONLY***):

☐ **ACCEPT** the Plan ☐ **REJECT** the Plan

Voting Amount $ ______________________

*(For voting purposes only, subject to the tabulation procedures set forth in the Disclosure Statement Order.)*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

______________________________
Name of Creditor

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Email Address

______________________________
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

(1) **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.** Complete the Ballot by providing all the information requested in Items 1 and 2, and sign, date and return the Ballot to the Debtors by **ONLY ONE** of the following approved return methods:

First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as set forth earlier in this Ballot. To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

**Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

(2) **Ballots must be received by Omni Agent Solutions on or before July 3, 2024 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Plan Proponents' discretion. Ballots transmitted to anyone other than Omni Agent Solutions, above, and/or transmitted to Omni Agent Solutions by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court, may be accepted by the mutual consent of the Plan Proponents on a case-by-case basis. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

(3) You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

(4) Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain Tabulation Rules approved by the Bankruptcy Court. The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents or any other party-in-interest in any other context to contest the amount or validity of any claim for purposes of allowance under the Plan. More specifically, the Plan Proponents may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a motion (the "Determination Motion"), no later than June 5, 2024 (the "Voting Objection Deadline"). If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by a Plan Proponent, requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the Court. Further, if you have a cast a Ballot and if you have timely filed a Proof of Claim (or have otherwise had a Proof of Claim deemed timely filed by the Bankruptcy Court under applicable law), but your Claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, your Ballot will not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion"). If you seek to have your Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a Claims Estimation Motion for such temporary allowance by June 19, 2024. In the event that a Determination Motion or Claims Estimation Motion is filed, and the non-moving party wants to file a reply to the motion, such reply must be filed by seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion

within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be a ruling with respect to the allowance of the Claim(s) under Bankruptcy Rule 3018 and such Claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court. In the event a claimant reaches an agreement with the Plan Proponents, as to the treatment of a Claim for voting purposes, the Claim may be treated in such manner.

(5) The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim.

(6) If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

(7) NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

(8) PLEASE RETURN YOUR BALLOT PROMPTLY. BALLOTS TRANSMITTED BY E-MAIL, FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT, MAY BE ACCEPTED BY THE MUTUAL AGREEMENT OF THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.

(9) IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AGENT SOLUTIONS BY (I) EMAILING LPGINQUIRIES@OMNIAGNT.COM OR (II) CALLING (888) 741-4582 (U.S. AND CANADA TOLL FREE) AND (747) 226-5672.

DO NOT CONTACT THE PLAN PROPONENTS FOR LEGAL ADVICE. THE PLAN PROPONENTS CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS IN THE PLAN:**

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**
The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**
The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.

Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.

By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**
To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR THE LITIGATION PRACTICE GROUP P.C.** |

**CLASS 3 – GENERAL UNSECURED CLAIMS**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JULY 3, 2024.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3 2024)* [Docket No. ____] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan"), submitted by the Plan Proponents and described in the related disclosure statement [Docket No. ___] (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") entered on ______________, 2024 [Docket No. ____] (the "Disclosure Statement Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available and may be downloaded by visiting the following website: https://omniagentsolutions.com/LPG. If you receive this document electronically, you may access the Plan, Disclosure Statement, and Disclosure Statement Order free of charge using the following hyperlinks:

**Plan**
**Disclosure Statement**
**Disclosure Statement Order**

Parties may also access copies of these documents on the Court's docket for a charge through PACER, which can be accessed at www.cacb.uscourts.gov. If you have any questions about how to obtain a copy of the Plan and Disclosure Statement, please contact Omni by (i) emailing LPGinquiries@omniagnt.com or (ii) calling (888) 741-4582 (U.S. and Canada toll free) and (747) 226-5672; **however, you must seek your own legal counsel if you would like advice on whether or how to complete this Ballot or any other legal question concerning the Plan, Disclosure Statement, or other related documents.**

Please review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly

discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is received by the deadline indicated above:

- First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

- Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as follows:

To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

The Balloting Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.

Please complete and submit an electronic Ballot for each Ballot you receive, as applicable. **Creditors who cast a Ballot using the Claims and Balloting Agent's online upload portal should NOT also submit a paper Ballot.**

Ballots transmitted to anyone other than the Claims and Balloting Agent, above, and/or by facsimile, electronic mail or other means not specifically approved by the Bankruptcy Court, may be accepted by the Plan Proponents on a case-by-case basis.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a Class 3A Claim in the voting amount indicated below. **If the undersigned is a former client of the Debtor, the undersigned may opt-in to Class 3B treatment under the Plan. As set forth more fully in the Plan, Class 3B provides for an allowed claim equal to 30% of the payments made by the client to the Debtor (as set forth in the Debtor's books and records), and limits the bases for objection to such claim.**

The undersigned votes to (***CHECK ONE BOX ONLY***):

☐ **ACCEPT** the Plan as a Class 3A Claimant

☐ **OPT-IN** to the Class 3B Consumer Client Convenience Class and **ACCEPT** the Plan as a Class 3B Claimant

☐ **REJECT** the Plan as a Class 3A Claimant

Voting Amount $ ______________________

*(For voting purposes only, subject to the tabulation procedures set forth in the Disclosure Statement Order.)*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

______________________________
Name of Creditor

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Email Address

______________________________
Date Completed

VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

(1) **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.** Complete the Ballot by providing all the information requested in Items 1 and 2, and sign, date and return the Ballot to the Debtors by **ONLY ONE** of the following approved return methods:

First Class Mail, overnight courier, or hand delivery to:

The Litigation Practice Group P.C. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Or, in the alternative, by submitting your Ballot via the Claims and Balloting Agent's online balloting portal as set forth earlier in this Ballot. To submit your Ballot via the Claims and Balloting Agent's online balloting upload portal, visit https://omniagentsolutions.com/LPG-Ballots, and follow the instructions to submit your Ballot.

**Creditors who cast a Ballot using the Claims and Balloting Agent's online portal should NOT also submit a paper Ballot.**

(2) **Ballots must be received by Omni Agent Solutions on or before July 3, 2024 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Plan Proponents' discretion. Ballots transmitted to anyone other than Omni Agent Solutions, above, and/or transmitted to Omni Agent Solutions by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court, may be accepted by the mutual consent of the Plan Proponents on a case-by-case basis. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

(3) You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

(4) Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain Tabulation Rules approved by the Bankruptcy Court. The Tabulation Rules are set forth in the Disclosure Statement Order. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents or any other party-in-interest in any other context to contest the amount or validity of any claim for purposes of allowance under the Plan. More specifically, the Plan Proponents may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a motion (the "Determination Motion"), no later than June 5, 2024 (the "Voting Objection Deadline"). If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by a Plan Proponent, requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the Court. Further, if you have a cast a Ballot and if you have timely filed a Proof of Claim (or have otherwise had a Proof of Claim deemed timely filed by the Bankruptcy Court under applicable law), but your Claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, your Ballot will not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion"). If you seek to have your Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a Claims Estimation Motion for such temporary allowance by June 19, 2024. In the event that a Determination Motion or Claims Estimation Motion is filed, and the non-moving party wants to file a reply to the motion, such reply must be filed by seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion

within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be a ruling with respect to the allowance of the Claim(s) under Bankruptcy Rule 3018 and such Claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court. In the event a claimant reaches an agreement with the Plan Proponents, as to the treatment of a Claim for voting purposes, the Claim may be treated in such manner.

(5) The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim.

(6) If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

(7) NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

(8) PLEASE RETURN YOUR BALLOT PROMPTLY. BALLOTS TRANSMITTED BY E-MAIL, FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT, MAY BE ACCEPTED BY THE MUTUAL AGREEMENT OF THE PLAN PROPONENTS ON A CASE-BY-CASE BASIS.

(9) IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AGENT SOLUTIONS BY (I) EMAILING LPGINQUIRIES@OMNIAGNT.COM OR (II) CALLING (888) 741-4582 (U.S. AND CANADA TOLL FREE) AND (747) 226-5672.

DO NOT CONTACT THE PLAN PROPONENTS FOR LEGAL ADVICE. THE PLAN PROPONENTS CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS IN THE PLAN:**

**Section III.C.5 Contains the Following Release Applicable to Holders of Class 3B Claims that Opt-In to Treatment under Class 3B:**
Holders of Class 3B Claims will be deemed to have expressly waived any other General Unsecured Claim in excess of the Allowed amount of such Holder's Class 3B Claim. Moreover, such Holder of an Allowed General Unsecured Claim expressly waives all claims, rights, and defenses that would otherwise exist against the Estate. In exchange for the foregoing waiver and release, the Estate and Liquidating Trust will expressly waive any objection to a Class 3B Claim except for objections based on failure to timely file such Claim.

**Section IV.B.31 Contains the Following Exculpation, Indemnification, Insurance and Liability Limitations for the Liquidating Trustee and Post-Confirmation Oversight Committee:**
The Liquidating Trustee, Post-Confirmation Oversight Committee, and each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives retained by the Plan (collectively, "Liquidating Trust Indemnified Parties") shall be deemed exculpated and indemnified and held harmless in all respects by the Liquidating Trust and the Estate, to the fullest extent permitted by law, solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of an Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by such Liquidating Trust Indemnified Party. Notwithstanding any provision herein to the contrary, the Liquidating Trust Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such. The foregoing indemnity in respect of any Liquidating Trust

Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity for which it is indemnified.

The Liquidating Trustee may obtain, at the expense of the Liquidating Trust and Estate commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Liquidating Trust Indemnified Parties. On and after the Effective Date, the Liquidating Trustee shall be authorized to purchase D&O Liability Insurance Policies for the benefit of any Liquidating Trust Indemnified Party in the ordinary course of business.

**Section IV.B.32 of the Plan Contains the Following Injunctions and Releases:**
The automatic stay is lifted upon the Effective Date as to property of the bankruptcy Estate but such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in the Plan. However, as of the Effective Date and subject to the terms of the Plan, the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged, terminated, or otherwise treated pursuant to this Plan.

Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is provided for under this Plan or an Interest or other right of a creditor or equity security holder that is extinguished, pursuant to the terms of this Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Oversight Committee, their property, and, except with respect to the Debtor, each of their respective agents, employees, professionals, attorneys, accountants, advisors and representatives, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan.

By accepting distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions, pursuant to the Plan, will be deemed to have specifically consented to the injunctions set forth in this Section of the Plan, and the jurisdiction of the Bankruptcy Court.

**Section V.D. of the Plan Contains the Following Exculpation and Limitation of Liability:**
To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, INJUNCTION AND NON-RECOURSE PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**Exhibit E**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**LETTER IN SUPPORT OF JOINT PLAN OF LIQUIDATION**

To: All Holders of General Unsecured Claims ("General Unsecured Creditors")

**Re: *In re The Litigation Practice Group P.C.*, Case No. 8:23-bk-10571-SC**

Dear General Unsecured Creditor:

On March 20, 2023, The Litigation Practice Group P.C. (the "Debtor") filed for bankruptcy. The Official Committee of Unsecured Creditors (the "Committee") represents the interests of the Debtor's unsecured creditors in the bankruptcy case. You are receiving this letter because you are entitled to vote on the Plan as a General Unsecured Creditor.[1] The Official Committee recommends that all General Unsecured Creditors vote to **APPROVE** the Plan on their Ballots.

**The Official Committee of Unsecured Creditors**

On June 23, 2023, the Office of the United States Trustee, a component of the United States Department of Justice, appointed a five-member Committee to represent the interests of General Unsecured Creditors in the Bankruptcy Case. On June, 29, 2023, the U.S. Trustee expanded the Committee's membership to seven members in total.

The Committee's composition is based on an agreement between the chapter 11 trustee, Richard A. Marshack (the "Trustee"), overseeing the Bankruptcy Case and the U.S. Trustee. Under the agreement, a majority of the Committee's members are former consumer clients of the Debtor ("Former Clients").

The Committee does not represent the interests of any individual General Unsecured Creditor. Instead, the Committee represents the generalized interests of all General Unsecured Creditors as a group, including Former Clients, trade vendors, and service providers to the Debtor, without regard to the types of claims which individual unsecured creditors may hold against the Debtor.

One of the Committee's principal objectives is to advocate for maximizing recovery to General Unsecured Creditors in this Bankruptcy Case.

**Steps Taken by the Committee**
**to Maximize Value to General Unsecured Creditors**

The Bankruptcy Court removed the Debtor's management shortly after the Bankruptcy Case was filed because of allegations of impropriety. Upon management's removal, the

---

[1] Plan means the *First Amended Joint Chapter 11 Plan of Liquidation (Dated June 3, 2024)* as it may be altered, amended, modified or supplemented, from time to time, including in accordance with its terms, any Plan Supplement, the Bankruptcy Code or the Bankruptcy Rules. Capitalized terms used but not defined in this letter have the definitions given to them in the Plan.

Bankruptcy Court and the U.S. Trustee appointed the Trustee to serve as an independent fiduciary to manage the Debtor's business and liquidate assets for creditors.

The Trustee proposed a sale of the Debtor's business to produce a recovery for creditors. The Committee was deeply involved in sale negotiations following its appointment and focused on two principal issues: (i) advocating and negotiating for a transaction most likely to produce the highest return to General Unsecured Creditors; and (ii) advocating for consumer protections for Former Clients to ensure the viability of a sale (including ensuring that any such sale complied with applicable non-bankruptcy law), and to remedy the Debtor's prebankruptcy behavior toward Former Clients. In addition to negotiations, the Committee also filed substantial briefing with the Bankruptcy Court analyzing the propriety of the sale under applicable laws, including consumer protection laws.

The Bankruptcy Court ultimately approved a sale of the Debtor's assets to Morning Law Group, P.C. ("MLG"), following a public auction process in open court. At the hearing to approve the Sale, the Trustee valued the MLG bid to be as high as $84,490,990, based on certain assumptions. The sale price is comprised of a $5.5 million deposit and an "earn-out" over time based on the performance of client agreements transferred to MLG. The Committee now understands that the MLG sale may yield materially less than was represented by the Trustee at the hearing on the sale. The actual amount to be received is estimated to be $14.1 million for Plan purposes, which is based on, among other things, MLG's actual retention of active and inactive client contracts.

The Committee's sale negotiations resulted in significant protections for Former Clients. Former Clients were given the opportunity to "opt-out" of transferring their legal services agreements to MLG. The Bankruptcy Court also appointed an independent monitor to ensure that MLG complies with ethical obligations to the Former Clients that continue to receive legal services from MLG.

The MLG sale closed on August 4, 2023.

**Resources for Former Clients That Are Not MLG Clients**

Given the unique circumstances of the Bankruptcy Case, including the alleged misconduct of the Debtor before it filed the Bankruptcy Case, the Committee believes it is important to offer resources to Former Clients that are not represented by MLG. To be clear, the Committee underscores the unique oversight protections, including the employment of the ethics monitor, afforded to Former Clients that have elected representation with MLG. These consumer protections are unique to Former Clients and the MLG transaction, and no similar protections have been ordered by the Bankruptcy Court for any other provider of such services.

For those Former Clients that are not represented by MLG, the Committee has identified the following independent governmental and nongovernmental resources concerning consumer debt issues that may be helpful to Former Clients:

**The Consumer Financial Protection Bureau**

Debt Collection Home Page, CFPB, https://www.consumerfinance.gov/consumer-tools/debt-collection/ (last visited March 20, 2024)

*What is a debt relief program and how do I know if I should use one?*, CFPB (last reviewed Aug. 28, 2023), https://www.consumerfinance.gov/ask-cfpb/what-is-a-debt-relief-program-and-how-do-i-know-if-i-should-use-one-en-1457/

*What's the difference between a credit counselor and a debt settlement or debt relief company?*, CFPB (last reviewed Aug. 24, 2022), https://www.consumerfinance.gov/ask-cfpb/whats-the-difference-between-a-credit-counselor-and-a-debt-settlement-or-debt-relief-company-en-1449/

**The National Consumer Law Center**

*Deciding Whether to File for Bankruptcy: Consumer Debt Advice from NCLC*, Nat'l Consumer L. Ctr. (last visited March 20, 2024), https://library.nclc.org/article/deciding-whether-file-bankruptcy-consumer-debt-advice-nclc

*How to Get Legal Assistance*, Nat'l Consumer L. Ctr. (last visited March 20, 2024), https://www.nclc.org/how-to-get-legal-assistance/

The Committee makes no recommendation concerning the foregoing and no representation concerning the accuracy of the foregoing information. The Committee provides the above resources to Former Clients that are not MLG clients for their independent review and consideration. Consumer debt issues are unique and may require immediate attention, the failure of which could have a materially negative impact on Former Clients. Former Clients must make their own independent determination as to how to address any consumer debt issues they may face and should consult their own legal and/or financial advisor(s). The Committee cannot and does not represent any of the Former Clients, but believes that the foregoing reasons may be helpful for Former Clients to make their own decisions about how to address consumer debt issues.

**Distributions to General Unsecured Creditors Under the Plan**

The Plan provides two alternative Classes for General Unsecured Creditors—both of which will become beneficiaries of a trust that will ultimately liquidate assets and disburse recoveries. ***First***, General Unsecured Creditors are treated in Class 3A by default. Class 3A General Unsecured Creditors may assert the full amount of their claims, subject to objection, and will be paid a *pro rata* amount of the ultimately allowed amount of their claim. ***Second***, Former Clients may opt-in to treatment in Class 3B. A Former Client who elects to opt-in as a Class 3B claimant will automatically receive an allowed claim equal to 30% of the amounts that were paid to and received by the Debtor from such Former Client, as reflected in the Debtor's books and records. ***This is not the amount a Class 3B creditor will ultimately recover***—allowed Class 3B claims will share *pro rata* in recoveries with other allowed Class 3A and Class 3B creditors. However, Class 3B creditors will not be subject to claims objections, which is intended to reduce legal costs incurred by the estate and Former Clients. Ultimately, each Former Client will have a choice as to

whether to elect to be treated as a Class 3B General Unsecured Creditor, or to be treated as a Class 3A General Unsecured Creditor.

Projected recoveries are dependent on numerous variables, including the outcome of four significant and unresolved issues: ***First***, recoveries will be dependent on the extent to which the Trustee is successful in litigation and motion practice to reduce secured claims. ***Second***, recoveries are dependent on the "earn-out" that is ultimately due and recovered under the MLG sale. ***Third***, recoveries are dependent on the outcome of other litigation to recover fraudulent transfers, preferential transfers, and other claims. ***Fourth***, recoveries will be dependent on the amount of Secured, Administrative, Priority, and General Unsecured Claims that are ultimately allowed.

The Committee currently anticipates that General Unsecured Creditors will receive a distribution of approximately 2.51% on the allowed amount of their claims. However, as discussed above, the variability of potential recoveries and claims may materially alter this projection. As noted in the Plan and Disclosure Statement, the Trustee has commenced litigation against various defendants including the Debtor's former founder, Tony Diab, and other entities that the Trustee believes were the recipient of fraudulent transfers or otherwise engaged in wrongful conduct. It is the Trustee's and Committee's hope that this litigation will result in additional recovery for General Unsecured Creditors. Although the amount of such recoveries is necessarily uncertain, the Plan provides an efficient framework to liquidate remaining assets (including the pursuit of litigation claims) that limits expenses and is likely to prove more cost-effective than a liquidation in chapter 7.

Accordingly, the Committee believes that General Unsecured Creditors will receive a greater recovery under the terms of this negotiated Plan compared to what General Unsecured Creditors otherwise would receive if the Bankruptcy Case was converted to a liquidation under chapter 7 of the Bankruptcy Code.

**Oversight Rights for General Unsecured Creditors Under the Plan**

The Committee has negotiated significant oversight rights in connection with the Plan to ensure cost-effective liquidation of assets to maximize recovery to General Unsecured Creditors. A Post-Confirmation Committee will have oversight authority over material settlements and the administrative costs of liquidation that will prove significant variables in maximizing value to General Unsecured Creditors. The Committee believes that these unique rights will serve as a further protection to enhance recoveries under the Plan.

**The Committee Recommends That You Approve the Plan**

**Under the facts and circumstances of this Bankruptcy Case and the representations of the Trustee, the Committee believes that confirmation of the Plan is in the best interest of the Debtor's General Unsecured Creditors and recommends that you vote to APPROVE the Plan. Notwithstanding this recommendation, you must make your own independent determination as to whether the Plan is acceptable to you and should consult your own legal and/or financial advisor(s).**

The Committee urges all General Unsecured Creditors, before voting, to read and review, carefully and in its entirety, the Plan and the Disclosure Statement, including the discussion of the risk factors related to the Plan and all other documents submitted to you by the Plan Proponents. This communication does not constitute, and shall not be construed, as a recommendation or solicitation by any individual member of the Committee.

The Voting Deadline is **July 3, 2024**. Please complete and submit your Ballot in accordance with the instructions contained in the Solicitation Package so that it is received no later than the Voting Deadline.

Any interested party desiring further information about the Plan should contact Omni Agent Solutions by: (i) mail at Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, California 91367; (ii) emailing LPGinquiries@omniagnt.com; or (iii) calling (888) 741-4582 (U.S. and Canada toll free) or (747) 226-5672. You may also review the Bankruptcy Case website maintained by Omni Agent Solutions at https://omniagentsolutions.com/LPG.

Dated: June 5, 2024

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Nicholas A. Koffroth*

Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel to the Official Committee of Unsecured Creditors*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: NOTICE OF EXHIBITS TO PROPOSED ORDER: (I) APPROVING PROPOSED DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES; (III) APPROVING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION; (IV) SETTING RELATED DEADLINES; AND (V) GRANTING RELATED RELIEF on the judge in chambers in the form and manner required by LBR 5005-2(d); and in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/3/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
- Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Ethan J Birnberg birnberg@portersimon.com, reich@portersimon.com
- Peter W Bowie peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown ron@rkbrownlaw.com
- Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark rbc@randallbclark.com
- Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Michael W Davis mdavis@dtolaw.com, ygodson@dtolaw.com
- Anthony Paul Diehl anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
- Meredith Fahn fahn@sbcglobal.net
- William P Fennell william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- Alan W Forsley alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- Marc C Forsythe mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- Jeremy Freedman jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- Eric Gassman erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- Christopher Ghio christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Amy Lynn Ginsburg efilings@ginsburglawgroup.com
- Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

- Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Mark Mark Good mark@markgood.com
- David M Goodrich dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Brian L Holman b.holman@musickpeeler.com
- Richard L. Hyde rhyde@awglaw.com
- Peter L Isola pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- Razmig Izakelian razmigizakelian@quinnemanuel.com
- Sara Johnston sara.johnston@dinsmore.com
- Sweeney Kelly kelly@ksgklaw.com
- Joon M Khang joon@khanglaw.com
- Ira David Kharasch ikharasch@pszjlaw.com
- Meredith King mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- Kelli Ann Lee Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Britteny Leyva bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- Marc A Lieberman marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- Michael D Lieberman mlieberman@lipsonneilson.com
- Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Mitchell B Ludwig mbl@kpclegal.com, kad@kpclegal.com
- Daniel S March marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Mark J Markus bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- Sarah S. Mattingly sarah.mattingly@dinsmore.com
- William McCormick Bill.McCormick@ag.tn.gov
- Kenneth Misken Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- Glenn D. Moses gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- Jamie D Mottola Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- Alan I Nahmias anahmias@mbn.law, jdale@mbn.law
- Victoria Newmark vnewmark@pszjlaw.com

- Jacob Newsum-Bothamley jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Queenie K Ng queenie.k.ng@usdoj.gov
- Israel Orozco israel@iolawcorp.com
- Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- Lisa Patel lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- Michael R Pinkston rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- Douglas A Plazak dplazak@rhlaw.com
- Tyler Powell tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Vanessa Rodriguez vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- Kevin Alan Rogers krogers@wellsmar.com
- Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott olivia.scott3@bclplaw.com
- Jonathan Serrano jonathan.serrano@dinsmore.com
- Maureen J Shanahan Mstotaro@aol.com
- Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- Jeffrey M Singletary jsingletary@swlaw.com, rmckay@swlaw.com
- Leslie Skorheim leslie.skorheim@usdoj.gov
- Adam D Stein-Sapir info@pfllc.com
- Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Andrew Still astill@swlaw.com, kcollins@swlaw.com
- Michael R Totaro Ocbkatty@aol.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- William J Wall wwall@wall-law.com
- Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com
- Reina Zepeda rzepeda@omniagnt.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On N/A, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 6/03/2024, I served the following persons and/or entities by personal delivery, mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/3/2024 | Kimberly Hoang | */s/ Kimberly Hoang* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |