1  ZEV SHECHTMAN (BAR NO. 266280)
   Zev.Shechtman@saul.com
2  SAUL EWING LLP
   1888 Century Park East, Suite 1500
3  Los Angeles, California 90067
   Telephone:  (310) 255-6100
4  Facsimile:  (310) 255-6200

5  Attorneys for Morning Law Group P.C.

6

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

| 11 | In re | Case No. 8:23-bk-10571-SC |
| 12 | The Litigation Practice Group P.C., | Chapter 11 |
| 13 | Debtor. | **MOTION FOR PROTECTIVE ORDER RE CONFIDENTIAL COMMERCIAL INFORMATION OF MORNING LAW GROUP, P.C.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSHUA ARMSTRONG IN SUPPORT THEREOF** |
| 17 | | *Filed concurrently with Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)]* |
| 19 | | Date:      To be determined |
| 20 | | Time:      To be determined
Crtrm.:   5C |

21  **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES**

22  **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE**

23  **CHAPTER 11 TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED**

24  **CREDITORS, AND OTHER INTERESTED PARTIES:**

25          Morning Law Group, P.C. ("MLG") hereby moves the Court pursuant to 11 U.S.C. § 107,

26  FRBP 9018 and 9037, and other applicable law, for entry of a protective order or other appropriate

27  relief to protect confidential commercial information of MLG, including settlement

28  communications that are the subject of planned mediation, from harmful public disclosure.

Together with this motion, MLG is filing an Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)].  Notice of any hearing on the motion will be upon the Court's ruling on that application.

The grounds for relief are set forth in the below memorandum of points and authorities which is supported by the declaration of Joshua Armstrong.

DATED:  June 3, 2024                             SAUL EWING LLP


                                                By:    /s/ Zev M. Shechtman
                                                       ZEV SHECHTMAN
                                                       Attorneys for Morning Law Group P.C.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

MLG is eager to comply with the demands for documents made by Estate Professionals. In doing so, MLG seeks to protect its confidential commercial information from public disclosure. The information at issue would give MLG's competitors an unfair advantage over MLG.  MLG is being asked to publicize information that no privately held, non-debtor competitor of MLG would publicize because it would provide commercial advantage to competitors.  This fact alone should give the Court pause.  On the one hand, the estate wishes to receive payments from MLG.  On the other hand, if not tempered by commercial reasonableness, the administration of this estate risks damaging MLG and the estate's ability to receive those very payments.

MLG understands that the request that MLG submit commercial information in public filings, including regarding any adjustments and calculations relating to purchase price payments to be made, was prompted by Greyson Law Center PC, a competitor of MLG affiliated with the Debtor and/or its former principals and managers, at the May 15, 2024 status conference.

MLG does not oppose providing this information to the Trustee, the Committee's professionals, or the United States Trustee.  At this time, MLG seeks the Court's intervention to protect that information from being made public to the determinant of MLG and the estate.

The Trustee disagrees with MLG's calculation of the offsets to which MLG is entitled under the Asset Purchase Agreement ("APA").  Thus, there is a dispute between MLG and the Trustee.  MLG and the Trustee have exchanged confidential settlement communications regarding this issue.  MLG and the Trustee have decided to pursue mediation of this dispute.  It would be anathema to basic canons of settlement negotiation and mediation to publicly file the parties' confidential settlement negotiations.

MLG requires the Court's protection so that it can comply with the Estate Professionals' demands for information without compromising its information and damaging its enterprise.

For these and other reasons, set for the below, MLG respectfully requests that the Court enter a protective order in the form of Exhibit "1" hereto and enter all other just and proper relief.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## II.      FACTUAL BACKGROUND

### A.      The Dispute

MLG acquired certain assets of the Debtor pursuant to the APA between the Trustee and MLG. Pursuant to the APA, MLG is required to make certain payments to the Trustee. There is a dispute between MLG and the Trustee regarding the calculation of the offsets to which MLG is entitled under the APA.

### B.      The Court's Request for Information and the Spreadsheet

As part of ongoing settlement discussions between the Trustee and MLG, MLG shared a certain Excel spreadsheet with the Trustee (the "Spreadsheet"). The Spreadsheet contains proprietary business information of MLG that provides the backup for how MLG calculates what MLG owes the Trustee. With the Spreadsheet, MLG has also shared with the Trustee a confidential settlement memorandum setting forth MLG's position.

On May 15, 2024, MLG learned that at a status conference that day the Court provided instructions to be relayed to MLG. The instructions relayed by the Committee to MLG were for MLG to provide a status report by May 29, 2024 stating: (1) the dates purchase price payments will be made by MLG to the Trustee under the APA; and (2) the related calculations and adjustments.

MLG is informed that the request was prompted by comments made on the record by counsel for Greyson Law Center PC, a competitor of MLG affiliated with the Debtor and/or its former principals and managers.

On May 29, 2024, MLG filed a status report stating, among other things, that the timing of purchase price payments was not yet determined with certainty (doc no. 1259). Further, the detailed information that would be responsive to the request was provided to the Trustee in confidence, was the subject of dispute, settlement discussions, and expected mediation. MLG offered to submit it to the Court *in camera* or under seal. In response, the United States Trustee and the Committee filed statements (doc. nos. 1266, 1267).

The Committee has asked MLG for a copy of the Spreadsheet. MLG was prepared to share it, and similar information, with the Committee professionals only upon their confirmation

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

that it would be for "Professionals' Eyes Only." In response to MLG's counsel's request to keep such information for Professionals' Eyes Only, today the Committee agreed to keep the Spreadsheet for professionals' eyes only.[1]

MLG is hopeful that the Committee will agree to receive all commercial information from MLG on a Professionals' Eyes Only basis. MLG is concerned that members of the Committee may be competitors or may communicate with competitors of MLG. MLG does not believe that the existing protective order (doc. no. 599) is sufficient protection, because the existing protective order governs only (1) Audit Material, or (2) Protected Material containing Client Information. MLG is not certain that all of the requested information falls squarely within those definitions. Further, the existing protective order does not restrict Audit Material to Professionals' Eyes Only. MLG has concerns regarding Committee members receiving MLG's confidential commercial information because MLG is informed and believes that at least one of the Committee members may be in communication with competitors of MLG and/or with the former principals of Debtor, among other concerns regarding controlling and limiting the dispersion of MLG's commercial information. For example, Affirma, LLC, which was organized on April 26, 2023, appears to be an entity intended to collect and distribute information to more than 400 people (according to its website affirmallc.com). The identities of its 400 members are unknown to MLG. MLG is informed and believes that there may be some association between one or more of these unknown members and the former principals or managers of the Debtor.

On May 29, 2024, the Committee professionals sent a list of documents demands to MLG, seeking a response by June 5, 2024. MLG is eager to provide appropriate responses, including all responsive information, in a timely manner. MLG will be able to comply with the request upon the Court's entry of an order, as proposed herein, that all such information be provided to Estate Professionals on a Professionals' Eyes Only basis and not be publicly filed.

---

[1] The relief requested herein has not become moot, because the Committee's agreement to keep it for Professionals Eyes Only does not eliminate MLG's requirements to comply with the Court's instructions.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**C.    <u>Harm to MLG</u>**

MLG believes that publicly responding to the Court's request of May 15, 2024, or filing the Spreadsheet or the information in the Spreadsheet would not only be an inappropriate disclosure of confidential settlement communications, but would be harmful to MLG for a number of business reasons.

Without divulging the precise content in the Spreadsheet, a public filing would be harmful to MLG because:

a.    The Spreadsheet includes gross revenue totals from August 4, 2023 through the end of the first quarter of 2024, by month and by client type, including revenue for clients that are not subject to revenue sharing with the Estate.

b.    The Spreadsheet includes payment processing revenue totals and operating margins.

c.    The Spreadsheet includes details regarding MLG client refunds.

d.    The Spreadsheet includes details regarding Active Executory Contract clients – by Client ID – whose contracts MLG did not assume.  This information combined with other data in the Spreadsheet could permit former principals or managers of the Debtor to identify and solicit the non-assumed clients.

e.    The Spreadsheet includes a map of client IDs from the old LPG customer relationship management ("CRM") software (Luna) to MLG's new CRM which uses different client IDs.  Again, there is a risk that former principals or managers of the Debtor have a list of the old LPG client IDs which could be exploited if given access to this information.

MLG is a privately owned company.  MLG is not the Debtor.  MLG has specific contractual obligations under the APA, which do not transform MLG into an estate professional, a fiduciary to the estate, or otherwise a party that is subject to statutory obligations like the Debtor, the Trustee, the Committee, or the Office of the United States Trustee.

The general public—including competitors, including the former principals, managers or affiliates of LPG—does not have a right to know the detailed information provided to the Trustee in settlement communications or that is given to the Trustee, Committee, or Monitor in

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  confidence, as those parties are all working in good faith to comply with their obligations.

2      MLG has been willing to share that information with the Trustee and other estate

3  professionals only with appropriate safeguards in place.

4      It would harm MLG to divulge its business information in a public filing.  It will also harm

5  the estate because, to the extent that MLG suffers losses as a result of publicly sharing its business

6  information, the estate will likely incur losses, as the estate has contractual rights to a portion of

7  certain income of MLG.

8      Similarly, it would be harmful to publicly file the settlement memorandum that was shared

9  with the Trustee's counsel in confidence.  MLG is concerned about divulging settlement

10 communications in public filings.  This would be a breach of norms among professionals to keep

11 settlement communications confidential and would likely chill the open exchange of settlement

12 communications in a case that requires such open exchanges.

13      **D.      Ethical Compliance**

14      This is not a question of compliance with any law or professional responsibilities to LPG's

15 former clients.  To the contrary, consistent with its obligations to its clients, MLG is duty-bound to

16 protect any information of its clients that third parties seek.

17      Moreover, the Monitor has repeatedly confirmed that MLG is engaged in ethical best

18 practices and that MLG is focused on ethical client services.  The Monitor reported as recently as

19 May 15, 2024, that MLG "is demonstrating a 'clients-first' attitude" and demonstrates "proactive

20 honesty" in its practices.  See Third Report of Ethics Compliance Monitor Nancy B. Rapoport,

21 doc. no. 1227 at  ECF pp. 3-4.

22      This is purely a business and contract matter that should be left to the Trustee and MLG to

23 attempt to resolve through settlement discussions and mediation.

24      **E.      Mediation**

25      MLG and the Trustee have already determined to pursue mediation to resolve their discrete

26 dispute.  Accordingly, they are preparing to submit a request to appoint The Honorable Theodor

27 C. Albert, Chief Judge of the United States Bankruptcy Court for the Central District of

28 California, as mediator.  MLG believes that the alternative to mediation would be an adversary

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   proceeding that would, like most litigation, ultimately be resolved by compromise.  Accordingly,

2   the parties' choice to move directly to mediation, reserving the option of litigation for later only if

3   mediation fails, is a prudent use of the parties' resources.  It is likely to result in a better outcome

4   more quickly than litigation.

5       Mediation is a confidential process.  It would be unhelpful to a successful resolution to

6   force MLG to put its legal and factual positions in the public record.

7

8   **III.    LEGAL DISCUSSION**

9       **A.    MLG's Confidential Commercial Information should be Protected**

10      Bankruptcy Code section 107(b)(1) provides: "On request of a party in interest, the

11  bankruptcy court **shall**, and on the bankruptcy court's own motion, the bankruptcy court may--(1)

12  protect an entity with respect to a trade secret or confidential research, development, or

13  **commercial information**.  11 U.S.C. § 107 (emphasis added).

14      Federal Rule of Bankruptcy Procedure ("FRBP") 9018 implements section 107, by stating

15  as follows: "On motion or on its own initiative, with or without notice, the court may make any

16  order which justice requires [] to protect the estate or any entity in respect of a trade secret or other

17  confidential research, development, or commercial information."  FRBP 9018.

18      Local Bankruptcy Rule ("LBR") 5003-2(c)(1) sets forth this Court's specific requirements:

19      Filing under Seal. Subject to 11 U.S.C. § 107, a document may not be filed under
20      seal without a prior written order of the court. If a filing under seal is requested, a
        written motion requesting such relief and a proposed order must be presented to the
        judge in the manner set forth in The Central Guide.

21  LBR 5003-2(c)(1).

22
23      The Central Guide referenced in the LBRs states that a motion to file documents under

    seal: "must describe the nature of the information that the party asserts is confidential (without
24
    disclosing the confidential information) and explain why the information should not be publicly
25
    disclosed."  The Central Guide at 5003-2(c), *Confidential Documents: Court Permission to File*
26
    *Under Seal* (quoted by *In re Phenomenon Mktg. & Ent., LLC*, No. 2:22-BK-10132-ER, 2023 WL
27
    349426, at *2 (Bankr. C.D. Cal. Jan. 20, 2023) (Hon. Ernest M. Robles)).
28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    In *Phenomenon Mktg. & Ent., LLC*, Judge Robles addressed, and ultimately overruled,

2 objections of a creditor and the United States Trustee to a motion to file documents under seal.

3 Judge Robles noted:

4    Confidential commercial information qualifies for protection under § 107(b) even if
   it does not rise to the level of a trade secret. [] A party seeking a protective order
5    under § 107 need not satisfy Civil Rule 26, which provides that a protective order
   may issue only "for good cause":

6

7        When Congress addressed the secrecy problem in § 107(b) of the
        Bankruptcy Code it imposed no requirement to show "good cause"
8        as a condition to sealing confidential commercial information. This
        omission is particularly significant because FRCP 26(c), from which
        the language of § 107(b) appears to have been drawn, expressly
9        required "good cause" to be established before a discovery
        protective order could be granted—even when the material sought to
10        be protected was "a trade secret or other confidential research,
        development, or commercial information."

11

12 *In re Phenomenon Mktg. & Ent., LLC*, 2023 WL 349426, at *3–4 (internal citations and quotations

13 omitted).

14    Thus, once the bankruptcy court determines that the information is "confidential

15 commercial information," protection of the information is mandatory. *Id.* at *4 (quoting *Phar-*

16 *Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr.

17 N.D. Ohio 1995); *Father M, et al. v. Various Tort Claimants (In re Roman Catholic Archbishop of*

18 *Portland in Oregon)*, 661 F.3d 417, 430–31 (9th Cir. 2011)).

19    "Confidential commercial information is information that, if disclosed, would afford an

20 'unfair advantage to competitors by providing them information as to the commercial operations

21 of the debtor.'" *In re Phenomenon Mktg. & Ent., LLC*, 2023 WL 349426, at *3 (quoting *Ad Hoc*

22 *Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944

23 (B.A.P. 9th Cir. 1982)).

24    MLG has provided evidence regarding the nature of the information in the Spreadsheet and

25 accompanying memorandum, as well as the information requested by the Court on May 15, 2024.

26 It is confidential commercial information as it would be advantageous to competitors of MLG to

27 have access to the information.  This puts MLG at an unfair disadvantage.  MLG's competitors are

28 not being asked to disclose their financials in public.  Only MLG is being asked to do that, in a

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  case that is being closely observed by MLG's competitors.  Mr. Armstrong's declaration discusses

2  MLG's concerns regarding disclosing the information publicly, in particular because of the

3  likelihood that competitors would be advantaged by such disclosures.  The same concerns apply to

4  other financial information that the Committee has demanded from MLG.

5      **B.**      **The Information should also be Protected Under the Settlement and**

6              **Mediation Privileges**

7          Further, the rules of evidence and this Court's general order regarding mediation require

8  protection of the information.  Federal Rule of Evidence ("FRE") 408(a)(2) makes "a statement

9  made during compromise negotiations about the claim" inadmissible.  FRE 408(a)(2).  Courts

10  generally exclude from evidence documents, memoranda and work-product exchanged during

11  settlement negotiations.  "The philosophy of the Rule is to allow the parties to drop their guard

12  and to talk freely and loosely without fear that a concession made to advance negotiations will be

13  used at trial.  *E.E.O.C. v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991) (quoting

14  Steven A. Saltzburg & Kenneth R. Redden, Federal Rules of Evidence Manual 286 (4th ed.

15  1986)).

16          Some courts recognize a federal mediation privilege.  The Central District of California is

17  one of them.  "[T]his Court finds it is appropriate, in light of reason and experience, to adopt a

18  federal mediation privilege applicable to all communications made in conjunction with a formal

19  mediation.  *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1179–80

20  (C.D. Cal. 1998), *aff'd*, 216 F.3d 1082 (9th Cir. 2000).  The General Order of this Court governing

21  mediation also requires that mediation communications be kept strictly confidential.  See Third

22  Amended General Order No. 95-01 (Jan. 5, 2010) at § 6.0 ("Confidentiality")

23          The Trustee and MLG have been engaged in settlement discussions and have determined

24  to immediately undertake mediation in furtherance of those settlement discussions.  The

25  Spreadsheet and accompanying memorandum were shared with the Trustee in the context of

26  actual settlement discussions and anticipated, soon to be actual, mediation.  It would undermine

27  the alternative dispute resolution process to require MLG to publicly disclose information that will

28  be the subject of mediation.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    MLG believes that the most appropriate path is to limit review of all of MLG's commercial

2    information, the Spreadsheet, and accompanying memorandum to the Estate Professionals.  MLG

3    does not see a benefit of publicly filing information that is subject to a dispute with the Trustee,

4    when the Trustee and MLG believe that the best path to a resolution is through settlement

5    negotiations and mediation.

6         Forcing a public filing at this time would chill necessary settlement communication.  At a

7    later date, if and when the issue is ripe for the Court's review, it may be appropriate to file the

8    Spreadsheet or other documents or information under seal or for *in camera* review.

9

10   **IV.    RELIEF REQUESTED**

11        Accordingly, MLG requests that:

12        1.    The Court not require MLG to file a further public response to the Court's May 15,

13   2024 request or to file the Spreadsheet, the accompanying memorandum, or other financial

14   information at this time.

15        2.    The Court order any Estate Professionals who receive the Spreadsheet, the

16   accompanying memorandum, or other financial information from MLG to maintain them in strict

17   confidence, only for the eyes of the Estate Professionals or the United States Trustee, and not to be

18   publicly filed or shared with anyone else.

19        3.    The Court authorize MLG or the Estate Professionals to file information relating to

20   this dispute only under seal or *in camera* at any later date only:

21        (a)    after the conclusion of MLG's mediation with the Trustee, if either of those

22   parties commences an adversary proceeding before the Court; or

23        (b)    if the Trustee files a motion to approve a compromise and the information is

24   required to determine whether the compromise should be approved under FRBP 9019, or if an

25   Estate Professional, or the United States Trustee determines that such information is necessary for

26   the Court's determination of another contested matter.

27        Attached hereto as Exhibit "1" is a proposed order for such relief.

28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1

## V.    <u>CONCLUSION</u>

2

For the foregoing reasons, MLG respectfully requests that the Court enter the proposed

3

order in the form of Exhibit "1" and for such other and further relief the Court deems just and

4

proper in the circumstances.

5

6

DATED:  June 3, 2024                      SAUL EWING LLP

7

8

By:    /s/ Zev M. Shechtman
9                                               ZEV SHECHTMAN
                                                Attorneys for Morning Law Group P.C.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAUL  EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## DECLARATION OF JOSHUA ARMSTRONG

I, Joshua Armstrong, declare as follows:

1.      I am the managing shareholder of Morning Law Group, P.C. ("MLG").

2.      I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath, except as to those facts based on information and belief and, as to those facts, I believe them to be true.

3.      I am an active member of the California bar in good standing.

4.      In addition to being the managing shareholder of MLG, I have been in practice as a corporate attorney for over 25 years.

5.      I and MLG's counsel—Zev Shechtman of Saul Ewing LLP (previously of Danning, Gill, Israel & Krasnoff, LLP)—have communicated with the Trustee's counsel regarding MLG's calculations of the amount of payment due from MLG to the estate under the APA.

6.      There is a dispute between the Trustee and MLG related to those calculations.

7.      To support our calculation of the payment amount, we prepared an accounting that addresses MLG's calculations through the end of Q1 2024 (the "Spreadsheet").  We provided the Spreadsheet to Trustee's counsel. The Spreadsheet is original attorney work product that we prepared to address and settle that dispute.

8.      I emailed the Spreadsheet to the Trustee's counsel on April 15, 2024, and MLG's counsel has also emailed it to the Trustee's counsel.

9.      Each time we emailed the Spreadsheet to the Trustee's counsel, we sent it as a confidential communication and emphasized that it contains confidential proprietary business information of MLG.

10.     I believe that the Spreadsheet and accompanying correspondence are confidential settlement communications provided expressly in the context of settlement communications.

11.     Further, when Mr. Shechtman sent the Spreadsheet to the Trustee's counsel, it was after he and the Trustee's counsel discussed continuing settlement negotiations in a formal mediation.  I am informed by our counsel that MLG and the Trustee are preparing to seek the Court's approval to appoint the Honorable Theodor Albert, United States Bankruptcy Judge, as

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   mediator.

2       12.      Further, the Spreadsheet is a compilation of sensitive proprietary business

3   information.

4       13.      Competitors of MLG are actively engaged in this bankruptcy case.  Some of them

5   would like nothing more than to take over the business that MLG acquired from LPG under the

6   APA.

7       14.      Based on information recently learned, I am concerned that members of the

8   Committee may either be in communication with competitors of MLG or be somehow associated

9   with former principals or managers of the Debtor.  For example, Affirma, LLC, which was

10  organized on April 26, 2023, appears to be an entity intended to collect and distribute information

11  to more than 400 people (according to its website affirmallc.com).  The identities of its 400

12  members are unknown to MLG, but I am informed and believe that there may be some association

13  between one or more of these unknown members and the former principals or managers of the

14  Debtor with whom MLG is expressly forbidden from having dealings with per the Purchase

15  Agreement.

16      15.      I am very concerned about sharing MLG's financial information with anyone other

17  than estate professionals, with the United States Trustee, or the Court in non-public submissions.

18      16.      I believe that publicly sharing such information, including the Spreadsheet, would

19  be damaging to MLG for a number of business reasons.  Without divulging the precise content in

20  the Spreadsheet, that is because:

21          a.      The Spreadsheet includes the total gross revenue for MLG from August 4,

22  2023 through the end of Q1 2024, by month and by client type, including revenue for clients that

23  are **not** subject to fee sharing with the Estate.

24          b.      The Spreadsheet includes payment processing revenue totals and operating

25  margins.

26          c.      The Spreadsheet includes details regarding MLG client refunds.

27          d.      The Spreadsheet includes details regarding Active Executory Contract

28  clients – by Client ID – whose contracts MLG did not assume. , This information combined with

1    other data in the Spreadsheet could be exploited by former principals or managers of the Debtor.

2            e.      The Spreadsheet includes a map of client IDs from the old LPG CRM (to

3    MLG's new CRM which uses different client IDs.  I am informed and believe that there is a risk

4    that former principals or managers of the Debtor have a list of the old LPG client IDs, which could

5    be exploited.

6        17.    MLG is a privately owned company and not a debtor in chapter 11.  MLG does not

7    publicly disclose its commercial information.

8        18.    To my knowledge, MLG's competitors are not publicly sharing their financial

9    information.  Thus, any public disclosure of MLG's financial information puts MLG at a

10    competitive disadvantage.

11        19.    MLG is willing to share its confidential commercial information with the Trustee

12    and other estate professionals once appropriate safeguards are in place.

13        20.    I believe that it would harm MLG to divulge its business information.  To the

14    extent that MLG suffers losses as a result of publicly sharing its commercial information, those

15    losses will impact payments made to the estate.

16        21.    MLG is, and always has been, focused on providing ethical, legally compliant, and

17    effective client services.

18

19        I declare under penalty of perjury under the laws of the United States of America that the

20    foregoing is true and correct.

21        Executed on this 3rd day of June, 2024, at Ventura, California.

22

23    _____

24    Joshua Armstrong

25

26

27

28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# EXHIBIT 1

ZEV SHECHTMAN (BAR NO. 266280)
Zev.Shechtman@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Morning Law Group P.C.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| The Litigation Practice Group P.C., | Chapter 11 |
| Debtor. | **PROTECTIVE ORDER RE CONFIDENTIAL COMMERCIAL INFORMATION OF MORNING LAW GROUP, P.C.** |
| | Date:      To be determined<br>Time:      To be determined<br>Crtrm.:    5C |

The Court having read and considered the motion of Morning Law Group, P.C. ("MLG") pursuant to 11 U.S.C. § 107, FRBP 9018 and 9037, and other applicable law, for entry of a protective regarding confidential commercial information of MLG; having held a hearing on June __, 2024; having noted the appearances and oral arguments on the record; the Court hereby,

ORDERS THAT:

1.      The Motion is granted.

2.      The Court does not require MLG to file any financial information including the Spreadsheet, the accompanying memorandum, or other settlement communications described in the Motion, in any public filing.

3.      The Trustee and his professionals, the Committee professionals and the Monitor (the "Estate Professionals") who receive the Spreadsheet, the accompanying memorandum, or

other financial information from MLG, must maintain them in strict confidence, only for the eyes

of the Estate Professionals or the United States Trustee, and not to be publicly filed or shared with

anyone else, including Committee members.

4.      MLG, the Estate Professionals, or the United States Trustee are authorized to file

information relating to this dispute only under seal or *in camera* and only:

a.      after the conclusion of MLG's mediation with the Trustee, if either of those

parties commences an adversary proceeding before the Court; or

b.      if the Trustee files a motion to approve a compromise and the information is

required to determine whether the compromise should be approved under FRBP 9019, or if an

Estate Professional or the United States Trustee determines that such information is necessary for

the Court's determination of another contested matter.

c.

#####

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067

A true and correct copy of the document entitled: **MOTION FOR PROTECTIVE ORDER RE CONFIDENTIAL COMMERCIAL INFORMATION OF MORNING LAW GROUP, P.C.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSHUA ARMSTRONG IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **June 3, 2024** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED LIST**

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL:**

On (date) I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 3, 2024**, I served the following persons and/or entities by personal delivery, overnight  mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson  **(By Personal Delivery)**
U.S. Bankruptcy Court, Ronald Reagan Federal Bldg.
411 West Fourth Street, <u>(Bin beside 5th Floor Elevators</u>
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 3, 2024 | Easter A. Santa Maria | *Easter A. Santa Maria* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**F9013-3.1.PROOF.SERVICE**

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**SERVICE BY COURT VIA NEF:**

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, reich@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelll
aw.com;samantha.larimer@fennelllaw.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack

christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric.goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117
954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117
954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117
954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117
954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117
954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Mark Mark Good on behalf of Creditor Opportunity Fund Northern California
mark@markgood.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)

lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com