Keith C. Owens (Bar No 184841)
Nicholas A. Koffroth (Bar No. 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel for Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **OBJECTION TO REQUEST FOR ASSIGNMENT TO MEDIATION PROGRAM AND REQUEST FOR STATUS CONFERENCE**<br><br>[*Status Conference Requested*] |

159298177.1

The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] hereby submits this objection to the *Request for Assignment to Mediation Program* [Docket No. 1297, 1298] (the "Mediation Request") filed by Morning Law Group, P.C. ("MLG") and request for status conference. In support of this objection and request for status conference, the Committee respectfully states as follows:

**OBJECTION AND REQUEST FOR STATUS CONFERENCE**

Administrative efficiency and expedited resolution of any dispute concerning the *Agreement of Purchase and Sale and Joint Escrow Instructions* [Docket No. 416] (the "APA") is essential. As set forth in the Committee's status report [Docket No. 1267] (the "Status Report"), the Committee is aware that MLG has raised a dispute that may impact the timing and amount of payments owing under the APA. Given projected recoveries in this Bankruptcy Case, prompt, efficient, and final resolution of the dispute is critical to the outcome of this Bankruptcy Case and the pending solicitation of the joint plan proposed by the Committee and chapter 11 trustee (the "Trustee"). On Sunday, June 2, 2024, at about 4:00 p.m, MLG requested that the Committee join in efforts to mediate.[2] As set forth more fully below, the Committee submits that a status conference before this Court, following MLG's production of information required under the APA due today, presents the most efficient and procedurally correct approach to determine an appropriate process for dispute resolution.

As set forth more fully in the Status Report, the Committee is in the process of obtaining information necessary to understand the merits of the dispute alleged by MLG. The Committee served on MLG a notice of demand for certain financial information necessary to compute payments and timing under the APA, pursuant to § 2(b) of the APA and as consistent with the covenants and

---

[1] Unless otherwise noted, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

[2] The Committee is unclear why MLG requested the Committee's position on less than 24 hours' notice; however, the short notice, combined with the Wednesday disclosure deadline, offers little reasonable opportunity for the Committee to weigh the benefits or need for mediation. As an essential party to mediation under the APA, sale order, and as a plan proponent, the Committee reserves all rights to participate in mediation but does not believe there is sufficient information to assess the request at this time on the notice contemplated by MLG.

1

159298177.1

representations set forth in § 12(p) and (q) of the APA. Pursuant to § 2(b) of the APA, MLG has five business days to respond to the request for information, *i.e.*, June 5, 2024, and provides that the Court shall be the sole forum for resolution of any dispute related thereto. MLG has sought to cloak nearly all disclosures required under the APA in confidentiality based on spurious claims of privilege or confidential business information. *See* Docket No. 1278. While the Committee finds these claims dubious, the Committee has agreed to production of the requested information on a "professionals' eyes only" basis, subject to the Committee's rights under the APA, in the interest of expediently assessing the scope of the dispute.

Based on the Committee's review thus far, it appears the dispute relates principally to contract interpretation and involves little, if any, reliance on MLG's allegedly confidential commercial information. Specifically, it is the Committee's understanding that the dispute centers on differing interpretations of the following section of the APA, which provides for a fee reduction:

> Prior to Closing, the Buyer shall have full inspection of and access rights to the Active Executory Contracts. If, in the 90-day period following the Notice of Assumption and Assignment and Opt Out Notice, there is a 5% or greater variance below the number of Active Executory Contracts as of the Closing date, then the Fee shall be reduced by $400.00 for each Active Executory Contract cancelled in the 90-days after the Notice of Assumption and Assignment and Opt Out Notice. The reduction shall be offset against any Fees owed. No court order is needed for Buyer to apply this offset. This will be a self-executing provision.

APA, § 2(b) at 8. The differing interpretations appear to relate the contracts that fall within the scope of "Active Executory Contract[s] cancelled in the 90-days after the Notice of Assumption and Assignment and Opt out Notice." *Id.* At this time, the Committee is concerned that the additional administrative cost of proceeding with nonbinding mediation—requiring additional briefing, attendance of professionals, and subsequent motion practice under Bankruptcy Rule 9019 in the event of resolution—on this straightforward issue outweighs the cost of bringing it before the Court. The Committee is concerned that the delay associated with a mediation process is inappropriate where the ultimate "earn-out" under the APA may impact confirmation.

Moreover, the approach is consistent with MLG's longstanding position that nearly any information concerning the dispute is protected. MLG's failure to offer a fulsome description of the

159298177.1

dispute or its merits, combined with repeated claims of "highly sensitive, confidential business information," raises concerns that the Mediation Request is merely an effort to sidestep broad disclosure obligations set forth in the APA. Interference with access to disclosable information may bear on the concurrent confirmation process given the potential materiality of the amount and timing of sale proceeds to confirmation. The Committee is concerned that mediation will offer MLG yet another toehold to claim that fundamental deal information—the exact scope of the dispute, the amount in dispute, and other purchase price information—is somehow confidential or proprietary. Even if mediation is ordered, the Committee submits that this basic information, along with the merits of the dispute, will need to be publicly disclosed in any settlement process before this Court.

Setting a status conference on the Mediation Request is consistent with the Court's local rules. The Court may only order assignment of a matter to mediation upon a request of the parties if there is a contested matter, adversary proceeding, or "other dispute." *See* LBR, Appx. III (Mediation Program, § 5.1 at 3).[3] The Court may assign a matter to mediation by order of the Court at a status conference or other hearing. *See id.* (Mediation Program, § 5.2 at 3). In this instance, MLG has tip-toed around the scope and merits of its alleged dispute. There is no pending contested matter or adversary proceeding, and MLG's own description of the "dispute" is merely an oblique reference to "[a]n issue with respect to the calculations of payments and the adjustments" in its status report and a further vague refers to a dispute "regarding MLG's calculation of the offsets to which MLG is entitled" in the Mediation Request. *See* Docket No. 1259 (MLG Status Report, at 2); Docket No. 1297, 1298 (Mediation Request at 2). Specific identification of the issue—and at least a summary position of its potential merits—is consistent with the Court's mediation procedures and will offer a complete understanding whether the administrative cost of nonbinding mediation is worthwhile in lieu of prompt resolution before this Court, as contemplated in the APA and sale order.

A status conference will permit parties to present their concerns for the Court's consideration in advance of any order assigning the dispute to mediation on a complete record.

---

[3] *See also In re Adoption of Mediation Program for Bankruptcy Cases and Adversary Proceedings*, 3d Am. Gen. Order (Bankr. C.D. Cal. Jan. 5, 2010).

159298177.1

## CONCLUSION

The Committee's central concern is administrative efficiency and the avoidance of unnecessary delay. The Committee submits that the Court should hear the scope and merits of the alleged dispute before determining whether a nonbinding mediation process—that may be followed by litigation before this Court—is truly the most efficient approach to dispute resolution. Accordingly, the Committee respectfully requests that the Court set the Mediation Request for status conference as soon as is practicable.

Respectfully submitted on this 5th day of June, 2024.

**FOX ROTHSCHILD LLP**

By: ___/s/ Nicholas A. Koffroth___
     Keith C. Owens (Bar No. 184841)
     Nicholas A. Koffroth (Bar No. 287854)
     Constellation Place
     10250 Constellation Blvd., Suite 900
     Los Angeles, California 90067
*Counsel for the Committee*

159298177.1

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: OBJECTION TO REQUEST FOR ASSIGNMENT TO MEDIATION PROGRAM AND REQUEST FOR STATUS CONFERENCE on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/5/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Bradford Barnhardt    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Ethan J Birnberg    birnberg@portersimon.com, reich@portersimon.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown    ron@rkbrownlaw.com
- Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark    rbc@randallbclark.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Michael W Davis    mdavis@dtolaw.com, ygodson@dtolaw.com
- Anthony Paul Diehl    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- Jenny L Doling    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- Daniel A Edelman    dedelman@edcombs.com, courtecl@edcombs.com
- Meredith Fahn    fahn@sbcglobal.net
- William P Fennell    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- Marc C Forsythe    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- Jeremy Freedman    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- Eric Gassman    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- Christopher Ghio    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Amy Lynn Ginsburg    efilings@ginsburglawgroup.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

- Mark Mark Good   mark@markgood.com
- David M Goodrich   dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- D Edward Hays   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Brian L Holman   b.holman@musickpeeler.com
- Richard L. Hyde   rhyde@awglaw.com
- Peter L Isola   pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- Razmig Izakelian   razmigizakelian@quinnemanuel.com
- Sara Johnston   sara.johnston@dinsmore.com
- Sweeney Kelly   kelly@ksgklaw.com
- Joon M Khang   joon@khanglaw.com
- Ira David Kharasch   ikharasch@pszjlaw.com
- Meredith King   mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth   nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz   David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley   chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- Kelli Ann Lee   Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- Matthew A Lesnick   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- Daniel A Lev   daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Britteny Leyva   bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- Marc A Lieberman   marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- Michael D Lieberman   mlieberman@lipsonneilson.com
- Yosina M Lissebeck   Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Mitchell B Ludwig   mbl@kpclegal.com, kad@kpclegal.com
- Daniel S March   marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- Kathleen P March   kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Mark J Markus   bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- Richard A Marshack (TR)   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- Laila Masud   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- Sarah S. Mattingly   sarah.mattingly@dinsmore.com
- William McCormick   Bill.McCormick@ag.tn.gov
- Kenneth Misken   Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo   bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- Glenn D. Moses   gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- Jamie D Mottola   Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- Alan I Nahmias   anahmias@mbn.law, jdale@mbn.law
- Victoria Newmark   vnewmark@pszjlaw.com
- Jacob Newsum-Bothamley   jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- Queenie K Ng   queenie.k.ng@usdoj.gov
- Israel Orozco   israel@iolawcorp.com
- Keith C Owens   kowens@foxrothschild.com, khoang@foxrothschild.com
- Lisa Patel   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

- Michael R Pinkston    rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- Douglas A Plazak    dplazak@rhlaw.com
- Tyler Powell    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Vanessa Rodriguez    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- Kevin Alan Rogers    krogers@wellsmar.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott3@bclplaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Maureen J Shanahan    Mstotaro@aol.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- Jeffrey M Singletary    jsingletary@swlaw.com, rmckay@swlaw.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Adam D Stein-Sapir    info@pfllc.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- Michael R Totaro    Ocbkatty@aol.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- William J Wall    wwall@wall-law.com
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com
- Reina Zepeda    rzepeda@omniagnt.com

**2.    SERVED BY UNITED STATES MAIL**: On 6/5/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Debtor
The Litigation Practice Group P.C.
17542 17th St., Suite 100
Tustin, CA 92780

**See attached for additional parties**

 **3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 6/5/2024, I served the following persons and/or entities by personal delivery,  mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/5/2024 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**Additional Parties Served by U.S. Mail**

**Creditors who have the 20 largest unsecured claims**

Debt Validation Fund II, LLC
5075 Lower Valley Road,
Atglen, PA 19310

MC DVI Fund 1, LLC; MC DVI Fund 2, LLC
598 Cottonwood Dr.,
Glenview, IL 60026

Validation Partners LLC
1300 Sawgrass Pkwy, Ste. 110
Sunrise, FL 33323

Marich Bein LLC
99 Wall Street, Ste 2669
New York, NY 10005

Business Centers of America
1100 Sir Francis Drake Blvd,
Ste 1, Kentfield, CA 94904

JP Morgan Chase
3 Park Plaza, Ste 900
Irvine, CA 92614

CA Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0511

Outsource Accelerator Ltd
City Marque Limited
Unit 8801-2 Bldg. 244-248
Des Voeux Rd.
Central Hong Kong

Collaboration Advisors
400 Dorla Court
Zephyr Cove, NV 89448

| | |
|---|---|
| 1 | Anthem Blue Cross |
| | PO Box 511300 |
| 2 | Los Angeles, CA 90051-7855 |
| 3 | Azevedo Solutions Groups, Inc. |
| | 420 Adobe Canyon Rd. |
| 4 | Kenwood, CA 95452 |
| 5 | Debt Pay Pro |
| | 1900 E Golf Road, Suite 550 |
| 6 | Schaumburg, IL 60173 |
| 7 | Sharp Business Systems |
| | 8670 Argent St |
| 8 | Santee, CA 92071 |
| 9 | Tustin Executive Center |
| | 1630 S Sunkist Steet, Ste A |
| 10 | Anaheim, CA 92806 |
| 11 | Exela Enterprise Solutions |
| | 2701 E. Grauwyler Road |
| 12 | Irving, TX 75061 |
| 13 | Netsuite-Oracle |
| | 2300 Oracle Way |
| 14 | Austin, TX 78741 |
| 15 | Credit Reporting Service Inc |
| | 548 Market St, Suite 72907 |
| 16 | San Francisco, CA 94104-5401 |
| 17 | Document Fulfillment Services |
| | 2930 Ramona Ave #100 |
| 18 | Sacramento, CA 95826 |
| 19 | Executive Center LLC |
| | 5960 South Jones Blvd |
| 20 | Las Vegas, NV 89118 |
| 21 | LexisNexus |
| | 15500 B Rockfield Blvd |
| 22 | Irvine, CA 92618 |
| 23 | |
| | **Secured Creditors** |
| 24 | |
| | Diverse Capital LLC |
| 25 | 323 Sunny Isles Blvd., Suite 503 |
| | Sunny Isles, FL 33154 |
| 26 | |
| | City Capital NY |
| 27 | 1135 Kane Concourse |
| | Bay Harbour Islands, FL 33154 |
| 28 | |