1

2 Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**

3 10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133

4 Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson, Han Trinh, and*

5 *Jayde Trinh on their Admin.Claim Motions*

6 UNITED STATES BANKRUPTCY COURT

7 OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

8 In re    Bankruptcy Case No. 8:23-bk-10571-SC
Chapter 11

9

10 LITIGATION    **NOTICE OF MOTION AND MOTION, OF GREYSON LAW**
PRACTICE

11 GROUP, PC    **CENTER PC, HAN TRINH, & PHUONG (JAYDE) TRINH,**

12 **FOR AN ORDER <u>UN-CONTINUING</u> THE HEARINGS ON**

**GREYSON, HAN TRINH'S, & JAYDE TRINH'S**

13 **ADMINISTRATIVE CLAIM MOTIONS, TO RESTORE THE**

14 **6/13/24 AT 1:30PM HEARING DATE OF SAID MOTIONS,**

15 **WHICH 6/13/24 HEARING DATE WAS CONTINUED FROM**

16 **6/13/24 TO 7/17/24,  BY THE COURT'S *SUA SPONTE***

**ORDER [DKT.1324, ENTERED 6/7/24], WHICH IS**

17 **ERRONEOUS, & IS HIGHLY PREJUDICIAL TO ALL 3**

18 **CLAIMANTS; ALTERNATIVELY, IF 6/13/24 IS NOT**

19 **CONVENIENT FOR THE COURT, THE COURT IS**

20 **REQUESTED TO RESET THE HEARING DATE FOR ANY**

21 **DAY FROM 6/14/24 TO 6/21/24;    DECLARATION OF**

22 **KATHLEEN P. MARCH , W/(proposed) ORDER GRANTING**

23 **UN-CONTINUANCE, FROM 7/17/24 BACK TO 6/13/24**

24 This **Motion to Un-Continue** is brought pursuant to CD CA
Bankruptcy Court LBR Rule 9013-1(m), which allows a **Motion to**

25

**Continue** to be filed 3 days before hearing. Similarly, this **Motion to Un-Continue** is being filed 3 days before the 6/13/24 at 1:30pm hearing date--which the Court's dkt.1324 erroneous, and highly prejudicial to Han/Jayde/Greyson, *sua sponte* Order, entered 6/7/24, continues from 6/13/24 to 7/17/24 at 1:30pm

This Motion can be granted without a hearing, or can be heard on 6/13/24 at 1:30pm, the hearing date/time of the Han/Jayde/Greyson Administrative Claim Motions, before the sua Sponte continuance to 7/17/24 which this Motion to Un-Continue, seeks to Undo

Place: Courtroom of Bankruptcy Judge Scott Clarkson, by Zoom or in person at: 411 West Fourth Street, Courtroom 5C, Santa Ana, CA 92701-4593

## NOTICE OF MOTION

**TO CHAPTER 11 TRUSTEE RICHARD MARSHACK, AND TO HIS ATTORNEYS, TO THE OFFICE OF THE UNITED STATES TRUSTEE, TO DEBTOR LITIGATION PRACTICE GROUP, PC ("LPG"), AND TO ALL OTHER PARTIES IN INTEREST, AND TO COUNSEL OF RECORD FOR ALL OF THESE PARTIES:**

**PLEASE TAKE NOTICE** that *Greyson Law Center PC* ("Greyson"), Han Trinh ("Han"), and Phuong Jayde Trinh ("Jayde"), brings this **Motion to U-Continue**, to restore the previously set 6/13/24 at 1:30pm hearing date for Han Trinh's Jayde Trinh's and Greyson Law Center PC's Motions for Allowance and Payment of Administrative Claim, which June 13, 2024 hearing date was erroneously vacated, by this Court's highly erroneous, *sua sponte* 6/7/24 dkt.1324 Continuance Order, which

continued all 3 hearings from 6/13/24 to 7/17/24 at 1:30 p.m. Alternatively, if 6/13/24 is not convenience for the Court, Movants request the Motions be re-set for any date from 6/14/24 through 6/21/24, which is convenient for the Court.

This Motion to Un-Continue, to restore the 6/13/24 at 1:30pm hearing date, is based on this Notice of Motion, on the attached Memorandum of Points & Authorities, and on the attached Declaration of Kathleen P. March, Esq. .

This Motion is being filed 3 days before the 6/13/24 at 1:30pm hearing date, because CD CA Bankruptcy Local Rule 9013-1(m) allows **Motions to Continue to be filed 3 days before the hearing, and this Motion is the equivalent of a Motion to continue, but seeking UN-Continuance of the 7/17/24 at 1:30pm date, to restore the 6/13/24 at 1:30pm hearing date**.

Any Opposition, or support, for UN-Continuance, can be made at the 6/13/24 at 1:30pm hearing date, because LBR 9013-1(m) does not stay any Opposition deadline. Because Greyson/Han/Jayde are requesting that a hearing date be moved, on Motions for which briefing is completed and no further briefing may be filed, they are filing this Motion pursuant to LBR 9013-1(m), which sets procedures for filing a Motion for Continuance, and is being used by analogy.

Dated: June 10, 2024          THE BANKRUPTCY LAW FIRM, PC
                              __/s/ Kathleen P. March_____
                              By: Kathleen P. March, Esq
                              *Attorneys for Han Trinh, Jayde Trinh, &*
                              *Greyson Law Center PC on this Motion*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FOR MUTLIPLE REASONS, IT IS  ERROR FOR THIS COURT TO *SUA SPONTE* CONTINUE THE GREYSON, HAN & JAYDE ADMINISTRATIVE CLAIM MOTIONS FROM 6/13/24 TO 7/17/24**

**A. Han/Jayde/Greyson's 3 admin claim motions were filed on 11/17/23, and were first set for hearing on 1/19/24, per this Court's scheduling Order**

Han's administrative claim Motion [dkt.674 in LPG main case docket], Jayde's administrative claim Motion [dkt.675 in LPG main case docket] and Greyson's administrative claim motion [dkt.676 in LPG main case docket] were all filed 11/17/23, which was timely per this Court's scheduling Order.   All were set for hearing on 1/19/24, which was the hearing date set by the Court's scheduling order. (Declaration of Kathleen P. March hereto).

**B.  No one requested, or Moved, the Court to continue the hearings on the Han Trinh, Jayde Trinh or Greyson ("Han/Jayde/Greyson") administrative claim motions, from 6/13/24 to 7/17/24, unless there was some ex parte communication that Trustee/his attorneys had with the Court, which  Han/Jayde/Greyson and their attorneys were not included on**

The LPG main case pacer docket does not show any Motion was filed, to continue any of the 6/13/24 hearings, on Han/Jayde/Greyson's administrative claim motions, from 6/13/24 to 7/17/24, or to any date after 6/13/24. (March Decl hereto).

Nor was any such request made at any hearing at which Han/Jayde/Greyson's counsel, March, was present. (March Decl hereto).

Therefore, unless there was some ex parte communication that Trustee/his attorneys had with the Court, which Han/Jayde/Greyson and their attorneys were not included on, no one requested this Court to continue any of the 3 administrative claim motions from 6/13/24 to 7/17/24.  (March Decl hereto).  Instead, the Court just continued the 3 hearings, sua sponte, without seeking or receiving input from counsel for Han/Jayde/Greyson, or from any other parties in interest. (March Decl herto).

**C. The original 1/19/24 hearing date Han/Jayde/Greyson's administrative claim motions, has been continued 5 months, by 4 successive continuance orders (2 continuance orders at Trustee's request) plus two additional continuance orders by the Court, issued *sua sponte***

This court's order [dkt.577, entered 10/16/23] refers to a Trustee Notice. Trustee's Notice [dkt.596, filed 10/23/23] states the hearing date on all administrative claim motions was to be 1/19/24.  Han/Jayde/Greyson's administrative claim motions were timely filed on 11/17/23, and set for hearing on 1/19/24, per the Court's order.

After the 3 Motions were set for hearing on 1/19/24, the hearing date of Han/Jayde/Greyson's Motions for Administrative Claim has been continued **three successive times**, after the original hearing date of January 19, 2024 to 6/13/24.

Now, this Court's Order [dkt.1324, entered *sua sponte* this past Friday, 6/7/24] continues the hearing date on the 3 administrative claims motions a **fourth time, to 7/17/24**.  That is 6 months of continuances, and is 8 months after 11/17/23, the date the Han/Jayde/Greyson Motions for administrative claims were filed.  Nothing justifies that much delay, particularly not when the most recent two orders are sua sponte orders, with an impending plan confirmation hearing already scheduled. (March Decl)

Here are the docket items of the four successive continuances:  February 29, 2024 (by dkt.818, Order on Trustee's motion to continue); then to April 25, 2024 (by dkt.986, Scheduling Order entered after Trustee's status report); then to June 13, 2024 (by dkt.1138, sua sponte Order), and finally to July 17, 2024 (by dkt.1324, sua sponte Order). (March Decl hereto).

**D. Most, if not all, of the other administrative claims to be paid wages, for post-petition work benefitting the LPG bankruptcy estate have been granted, and there is no reason why Han & Jayde's administrative claims to be paid their regular LPG salaries, for the essential work they did servicing LPG clients, up to the 6/2/23 lockouts, require any continuance**

The LPG main case pacer docket shows that most, if not all of the administrative claims by individuals, seeking to be granted administrative claims, for post-petition work they did, benefitting the LPG bankruptcy estate, have been

---

NOTICE OF MOTION AND MOTION, OF GREYSON LAW CENTER, PC, HAN TRINH, AND PHUONG (JAYDE) TRINH, FOR AN ORDER <u>UN-CONTINUING</u> THE CONTINUANCE TO 7/13/24, TO RESTORE THE 6/13/24 AT 1:30PM HEARING DATE, OR TO RESET THE HEARING TO ANY DATE BETWEEN 6/14/24 AND 6/21/24; MARCH DECL.                                                                     6

allowed.  (March Decl).

There is nothing complicated about Han and Jayde's administrative claim motions.  Their admin claim motions seek to have allowed and paid, as administrative claims, their regular LPG salaries, for the work they did administering LPG's client base, from 3/20/23 (date bankruptcy filed by LPG) to 6/2/23 (date of lockouts, when Han and Jayde first found out that a Trustee had been appointed to run LPG.  (March Decl).  Han and Jayde's declarations to their administrative claim motions explain this. (March Decl).  Their work kept the LPG client base from falling apart. (Tony Diab Decl to Han and Jayde Trinh Replies).

1. **Some of the admin claims that were granted, are for LPG's bankruptcy estate to pay for work people did—not for LPG— but for Maverick, PrimeLogic, Vulcan and other non-debtor entities--that benefitted the LPG bankruptcy estate**

Some of the administrative claims that were granted, were for work people did for other entities, which the claimants alleged benefitted LPG.  (March Decl)  Han and Jayde administrative claims motions are simpler than those other claims, because Han and Jayde were **employed by debtor LPG**, continuing to administer LPG's client files, from when LPG filed bankruptcy, on 3/20/23, through the 6/2/23 lockouts.  (as attested to by Han's and Jayde's Declarations to their Motions for allowance and payment of administrative claims).  (March Decl hereto).

**E. Each successive continuance is unfairly prejudicial to Han/Jayde/Greyson, and this newest, 6/13/24 to 7/17/24 additional continuance is even more prejudicial to Greyson/Han/Jayde, because plan confirmation proceedings/plan confirmation hearing, are already set,  and the present plan fails to reserve (aka put in a separate escrow account and hold) money to pay Han/Jayde/Greyson's administrative claims, in whatever amount this court allows**

The more times Han/Jayde/Greyson's administrative claim motions are continued by the Court, the higher the danger that the Court will NOT decide those Motions before the plan confirmation hearing on the joint Trustee Marshack-Creditors Committee proposed Chapter 11 plan.  (March Decl).  That plan confirmation hearing is presently set for 8/15/24 at 10am, though Trustee-Creditors committee have now moved to continue the plan confirmation hearing to 8/29/24 at 10am (March Decl). The closer the hearing on Han/Jayde/Greyson's administrative claim motions is, to the plan confirmation date, the higher the risk that the court will NOT have ruled on those Motions, before the plan confirmation hearing.

**F. No other admin claims have been continued past 6/13/24, without stipulation of the claimants; it is error that the Court is treating Han/Jayde/Greyson worse than the other administrative claimants**

Han/Jayde/Greyson's counsel March has not noticed any other administrative claim motions being continued to dates after 6/13/24, except where Trustee and the

claimant signed stipulations for those continuances.  It is error for the Court to "sua

sponte" continue Han/Jayde/Greyson's Motions from 6/13/24 to 7/17/24, without

Greyson's stipulation, and without Greyson being given the opportunity to oppose that

further continuance.  (March Decl).

### G. A Chapter 11 Plan cannot be confirmed,  unless it provides to pay 11 USC §507(a)(2) administrative claimants their full allowed claims, or unless administrative claimants agree otherwise, which Han/Jayde/Greyson have not agreed to

11 USC §1129(a)(9)(A) requires that a Chapter 11 Plan cannot be confirmed,

unless it provides to pay 11 USC §507(a)(2) administrative claimants their full

allowed claims, or unless administrative claimants agree otherwise, which

Han/Jayde/Greyson have not agreed to.

But the present proposed Trustee-creditors committee joint liquidating Chapter

11 plan, **in bad faith**, states that ZERO will be paid upon confirmation of the plan, to

any administrative claim that is objected to (even if the objection is only to some, not

all, of the administrative claim).

### H.  Unless the plan requires money being reserved, in the amount for which each of the 3 claims is filed, there will very likely be no money to pay Han/Jayde and Greyson's administrative claims, if those are not allowed until a date after plan confirmation

Because the proposed join Trustee/Creditors Committee plan is a liquidating

plan, there is a very high danger that there will be no money left to pay administrative

claims that are allowed, after the plan is confirmed.  The Court should NOT allow the

plan to be confirmed, unless the plan is revised to require that the liquidating trustee

**reserve** (**aka put in a blocked escrow account**), money sufficient to pay all allow

administrative claims which are not yet ruled on as of date of plan confirmation.

Requiring that is the only way to have money to pay administrative claims

which are allowed after the date the plan is confirmed.

An administrative claim allowed after the plan is confirmed has equal right to

be paid in full, as does an administrative claim allowed before the plan is confirmed.

However, because the Court refused to hear Han/Jayde/Greyson's Objection, at

the Disclosure statement phase, that the court should order this error fixed, before

moving forward with solicitation, voting, objection, confirmation hearing, and

because the Court has not yet seen and ruled on the Han/Jayde/Greyson objection that

the plan cannot be confirmed, unless it is revised to require that the liquidating trustee

**reserve** (**aka put in a blocked escrow account**), money sufficient to pay all allow

administrative claims which are not yet ruled on as of date of plan confirmation,  the

ONLY way to ensure that the liquidating trustee will have the money to pay allowed

administrative claims, is for those administrative claims to be ruled on, before any

plan is confirmed, so that the Liquidating Trustee will be required, by 11 USC

1129(a)(9)(A) to prove Liquidating Trustee has the money to pay all allowed

administrative claims 100%, or the plan cannot be confirmed.

**I.  The excuses this Court gives, in its dkt.1324 Order, that there are motions that need to be decided, do NOT apply at all, to Han or Jayde,  because there are no motions pending which relate to Han or Jayde's administrative claims**

This Court's dkt.1324, entered 6/7/24, sua sponte continuance order is absolutely error as far as saying the Han/Jayde/Greyson administrative claim motions need to be continued because of pending Motions. (March Decl) There are no motions whatsoever pending that relate to Han and Jayde's administrative claim motions. (March Decl)

**J.  The 2 Motions the Court cites in its dkt.1324 Order, do NOT require continuing the 6/13/24 hearing as to Greyson, Either**

As regards Greyson, the 2 motions which the Court's Dkt.1324 Sua Sponte Order entered 6/7/24 cites, do NOT have to be decided before Greyson's administrative claim Motion is decided.  Consequently, the Dkt.1324 Order is error in alleging, as the reason for the sua sponte continuance from 6/13/24 to 7/17/24, that the 2 Motions must be ruled on before Greyson's administrative claim motion is decided. Not true as to either Motion cited.  The first Motion cited (Motion to compel Trustee/his attorneys to produce the seized Greyson-Phoenix contract) was ruled on on 6/7/24, by the Order that is dkt. 564 in the adversary proceeding, entered 6/7/24, which denied the Motion to Compel, but said Trustee was to file a further Declaration. However, Greyson's administrative claim motion does NOT depend on Greyson

NOTICE OF MOTION AND MOTION, OF GREYSON LAW CENTER, PC, HAN TRINH, AND PHUONG (JAYDE) TRINH, FOR AN ORDER UN-CONTINUING THE CONTINUANCE TO 7/13/24, TO RESTORE THE 6/13/24 AT 1:30PM HEARING DATE, OR TO RESET THE HEARING TO ANY DATE BETWEEN 6/14/24 AND 6/21/24; MARCH DECL.

11

getting back from Trustee the seized signed paper Greyson-Phoenix contract.

Greyson doesn't have the contract, which was seized by trustee personnel,  and

Trustee claims not to have it, so the paper contract is lost, which entitles Greyson to

prove up that contract's contents, under FREvidence Rules 1004 and 1007, both cited

in Greyson's final REPLY [dkt.1127 filed 4/18/24].  Greyson has done so, by

Declarations of Han Trinh, Jayde Trinh and Tony Diab, and by court testimony of Ty

Carss.

The second Motion cited in the Court's dkt.1324 sua sponte continuance

order—which is Greyson's Motion for return of the 4 categories of items illegally

seized at Greyson in the 6/2/23 lockout, and to vacate the lockout and preliminary

injunction—also does **not** need to be decided before the Court rules on Greyson's

administrative claim motion.  Greyson's administrative claim motion does NOT rely

on Greyson's vacate and return illegally seized items Motion.

There is NO pending Motion that undersigned counsel for Greyson is aware of,

that must be decided before Greyson's administrative claim motion is decided. (March

Decl)

Therefore, this Court's dkt.1324 Order is error, in alleging that these 2 motions,

or anything else, must be decided before this court rules on Greyson's administrative

claim motion.  (March Decl hereto)

NOTICE OF MOTION AND MOTION, OF GREYSON LAW CENTER, PC, HAN TRINH, AND PHUONG
(JAYDE) TRINH, FOR AN ORDER UN-CONTINUING THE CONTINUANCE TO 7/13/24, TO RESTORE
THE 6/13/24 AT 1:30PM HEARING DATE, OR TO RESET THE HEARING TO ANY DATE BETWEEN
6/14/24 AND 6/21/24; MARCH DECL.

12

## II.    CONCLUSION

For all reasons briefed in this Motion, this Court should grant Han/Jayde/Greyson's herein **Motion to UN-Continue**, to undo the 7/17/24 continued date set by this Cour's sua sponte dkt.1324 Order, entered 6/7/24, and to return the hearing date on Han/Jayde/Greyson's administrative claim motions to 6/13/24.  Or, if 6/13/24 is not convenient to the Court, the Court can, and should reset the hearing date on those 3 administrative claim motions for any date from 6/14/24 through 6/21/24.  A proposed Order is attached as **Exhibit A** to March Decl hereto and is being elodged with the Court, at the time this Motion is being efiled.

Dated: June 10, 2024          THE BANKRUPTCY LAW FIRM, PC

                             __/s/ Kathleen P. March_____
                             By: Kathleen P. March, Esq
                             *Attorneys for han/jade/Greyson Law Center, PC*

NOTICE OF MOTION AND MOTION, OF GREYSON LAW CENTER, PC, HAN TRINH, AND PHUONG (JAYDE) TRINH, FOR AN ORDER UN-CONTINUING THE CONTINUANCE TO 7/13/24, TO RESTORE THE 6/13/24 AT 1:30PM HEARING DATE, OR TO RESET THE HEARING TO ANY DATE BETWEEN 6/14/24 AND 6/21/24; MARCH DECL.

13

## DECLARATION OF KATHLEEN P. MARCH TO THIS MOTION

I, KATHLEEN P. MARCH, declare:

1.  I wrote Greyson, Han, and Jayde's Motions for Allowance of Administrative Claim, and I wrote this Motion to UN-continue the continuance of hearing of those 3 Motions from the 6/13/24 at 1:30pm hearing date, to 7/17/24, pursuant to this Court's *sua sponte* dkt.1324 Order entered this past Friday afternoon, 6/7/24.

2. There are no valid grounds for continuing the 6/13/24 hearings to 7/17/24, and it is extremely prejudicial to Han/Jayde and Greyson to do so, for the reasons set forth in the foregoing memorandum of points and authorities, which I wrote.

3. Everything I say in that memorandum of points and authorities, , is true, to my personal knowledge and I incorporate it herein, as if set forth in full.

4. A  (proposed) Order granting this Motion to UN-Continue,  is attached as **Exhibit A** to this Declaration.

5. I followed CD CA LBR Rule 9013-1(m) to file this Motion 3 days before the 6/13/24 hearing date that this Motion seeks to restore, because this Motion is a Motion to Continue, just in reverse, and there is no closer authority than LBR Rule 9013-1(m).

I declare under penalty of perjury that the foregoing is true and correct and that this

1    Declaration is executed at Los Angeles, California on June 10, 2024.

2

3    _____/s/ Kathleen P. March_____

4    KATHLEEN P. MARCH

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2
Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
3
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
4
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson, Han Trinh, and*
5
*Jayde Trinh on their Admin.Claim Motions*

6
UNITED STATES BANKRUPTCY COURT

7
OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

8
In re

9
Bankruptcy Case No. 8:23-bk-10571-SC

Chapter 11

10
LITIGATION
PRACTICE
11
GROUP, PC

**(PROPOSED) ORDER** GRANTING GREYSON

12
LAW CENTER PC, HAN TRINH, & PHUONG

13
(JAYDE) TRINH'S <u>MOTION FOR AN ORDER</u>

<u>UN-CONTINUING</u> THE CONTINUANCE, TO

14
7/17/24, OF THE 6/13/24 HEARING ON GREYSON

15
LAW CENTER PC'S, HAN TRINH'S, & JAYDE

TRINH'S ADMINISTRATIVE CLAIM MOTIONS;

16
OR IF 6/13/24 HEARING DATE IS NOT

17
CONVENIENT FOR THE COURT, RE-SETTING

18
THOSE HEARINGS FOR ANY DATE BETWEEN

19
6/14/24 AND 6/21/24, THAT IS CONVENIENT

20
FOR THE COURT

21

22
    Greyson Law Center, PC ("Greyson"), Han Trinh, and Phuong (Jayde) Trinh,
23
("Han/Jayde/Greyson") by their counsel of record, having filed their ***Motion for an***
24

25

26

***Order Un-Continuing*** the Continuance to 7/17/24-- from 6/13/24—ordered by this

Court's dkt.1324 Order, entered 6/7/24, so that the ***6/13/24 at 1:30pm Hearing Date***

***of Said Motions is Restored,*** or alternatively, if 6/13/24 is not Convenient for the

Court, to Reset Hearing Date for Han/Jayde/Greyson's administrative claim motions

*Any Day from 6/14/24 to 6/21/24,* and this Motion having been filed 3 days before the

6/13/24 hearing date, as required by CDCA LBR 9013-1(m), and good cause

appearing, the Court hereby ORDERS:

    1. Han/Jayde/Greyson's **Motion to Un-Continue** the 7/17/24 continuance, to

restore the 6/13/24 hearing date,  is Granted, and the hearing for the motions for

allowance and payment of administrative expense claims of Han Trinh [dkt.674],

Phuong (Jayde) Trinh [dkt.675], and Greyson Law Center, PC [dkt.676] are hereby

reset for 6/13/24 at 1:30pm [OR FOR ANY DATE FROM 6/14/24 THROUGH

6/21/24].

    IT IS SO ORDERED.


                                    ###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

**NOTICE OF MOTION AND MOTION, OF GREYSON LAW CENTER PC, HAN TRINH, & PHUONG (JAYDE) TRINH, FOR AN ORDER UN-CONTINUING THE HEARINGS ON GREYSON, HAN TRINH'S, & JAYDE TRINH'S ADMINISTRATIVE CLAIM MOTIONS, TO RESTORE THE 6/13/24 AT 1:30PM HEARING DATE OF SAID MOTIONS, WHICH 6/13/24 HEARING DATE WAS CONTINUED FROM 6/13/24 TO 7/17/24,  BY THE COURT'S SUA SPONTE, ERRONEOUS, & HIGHLY PREJUDICIAL TO ALL 3 CLAIMANTS [DKT.1324, ENTERED 6/7/24] ORDER; ALTERNATIVELY, IF 6/13/24 IS NOT CONVENIENT FOR THE COURT, THE COURT IS REQUESTED TO RESET THE HEARING DATE FOR ANY DAY FROM 6/14/24 TO 6/21/24**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___6/10/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___6/10/24___,  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Litigation Practice Group P.C.
17542 17th St
Suite 100
Tustin, CA 92780

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __6/10/24_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/10/24 | Kathleen P. March | /s/ Kathleen P. March |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**</u>

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**    birnberg@portersimon.com, reich@portersimon.com
- **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**    mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl**    anthony@apdlaw.net,
  Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **Jenny L Doling**    jd@jdl.law,
  dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Howard M Ehrenberg**    Howard.Ehrenberg@gmlaw.com,
  hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **Meredith Fahn**    fahn@sbcglobal.net
- **William P Fennell**    william.fennell@fennelllaw.com,
  luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com,
  mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com,
  nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Mark Mark Good**    mark@markgood.com
- **David M Goodrich**    dgoodrich@go2.law,
  kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf
  .courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Richard L. Hyde**    rhyde@awglaw.com
- **Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Sara Johnston**    sara.johnston@dinsmore.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com,
  langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**    bleyva@mayerbrown.com,
  2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com,
  caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**    bklawr@bklaw.com,
  markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **William McCormick**    Bill.McCormick@ag.tn.gov
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**    gmoses@venable.com,
  cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**    jacob.bothamley@dinsmore.com,
  angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                          **F 9013-3.1.PROOF.SERVICE**

- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Israel Orozco**    israel@iolawcorp.com
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**    rpinkston@seyfarth.com,
  jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcy
  docket@seyfarth.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Tyler Powell**    tyler.powell@dinsmore.com,
  jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**    krogers@wellsmar.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott3@bclplaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**    Mstotaro@aol.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-
  steinberg-6096@ecf.pacerpro.com
- **John H. Stephens**    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**    rzepeda@omniagnt.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**