Daniel S March, SBN#106854
marchlawoffice@gmail.com
17291 Irvine Blvd., Suite 101
Tustin, CA 9278
Telephone: (714) 665-4223
Facsimile: (714) 665-4323

Attorneys for Daniel S. March

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C. | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| RICHARD A MARSHACK, Chapter 11 Trustee, | **DANIEL S. MARCH'S ANSWER TO FOURTH AMENDED COMPLAINT FOR: (1) INJUNCTIVE RELIEF; (2) AVOIDANCE RECOVERY, AND PRESERVATION OF TWO-YEAR ACTUAL FRAUDULENT TRANSFERS; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF TWO-YEAR CONSTRUCTIVE FRAUDULENT TRANSFERS; (4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FOUR-YEAR ACTUAL FRAUDULENT TRANSFERS; (5) AVOIDANCE, RECOVERY, AND PRESERVATION OF FOUR-YEAR CONSTRUCTIVE FRAUDULENT TRANSFERS; AND (6) TURNOVER; AND (7) NEGLIGENCE** |
| Plaintiff, | |
| -vs- | |
| Tony Diab, Daniel E. March, et al., | |

1

Defendant, Daniel S. March, ("Defendant"), Defendant in the above entitled proceeding, hereby submits the within answer in response to Plaintiff's Third Amended Complaint for (1) Injunctive Relief; (2) Avoidance, Recovery, and Preservation of Two-year Actual Fraudulent Transfers; and (3) Avoidance, Recovery, and Preservation of Two-Year Constructive Fraudulent Transfers; (4) Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfers; (5) Avoidance, Recovery, and Preservation of Four-Year Constructive Fraudulent Transfers; and (6) Turnover; and (7) Negligence. Daniel S. March does <u>not</u> consent to the entry of a final order and judgment by the Bankruptcy Court. DEMAND FOR JURY TRIAL, TO BE PRESIDED OVER BY US DISTRICT COURT.

**JURISDICTIONAL ALLEGATIONS**

1. Answering paragraph 1, Paragraph 1 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. March does not consent to the entry of a final order and judgment by the Bankruptcy Court. March demand trial by jury, with the trial by jury to be presided over by the United states District ( aka an Article III Judge). Except as expressly admitted herein, Defendant denies allegations of paragraph 1.

2. Answering paragraph 2, Paragraph 2 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 2.

3. Answering paragraph 3, Paragraph 3 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 3.

4. Answering paragraph 4, Paragraph 4 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 4.

Defendant, Daniel S. March, ("Defendant"), Defendant in the above entitled proceeding, hereby submits the within answer in response to Plaintiff's Third Amended Complaint for (1) Injunctive Relief; (2) Avoidance, Recovery, and Preservation of Two-year Actual Fraudulent Transfers; and (3) Avoidance, Recovery, and Preservation of Two-Year Constructive Fraudulent Transfers; (4) Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfers; (5) Avoidance, Recovery, and Preservation of Four-Year Constructive Fraudulent Transfers; and (6) Turnover; and (7) Negligence.    DEMAND FOR JURY TRIAL, TO BE PRESIDED OVER BY US DISTRICT COURT.

## JURISDICTIONAL ALLEGATIONS

1. Answering paragraph 1, Paragraph 1 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. March does not consent to the entry of a final order and judgment by the Bankruptcy Court. March demand trial by jury, with the trial by jury to be presided over by the United states District ( aka an Article III Judge). Except as expressly admitted herein, Defendant denies allegations of paragraph 1.

2. Answering paragraph 2, Paragraph 2 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 2.

3. Answering paragraph 3, Paragraph 3 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 3.

4. Answering paragraph 4, Paragraph 4 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 4.

5. Answering paragraph 5, Paragraph 5 of the Complaint contains legal assertions or

conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 5.

6. Answering paragraph 6, Paragraph 6 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 6.

7. Answering paragraph 7, Paragraph 7 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 7.

8. In response to paragraph 3 of the Amended Complaint, Defendant admits the allegations.

9. Answering paragraph 9, Paragraph 9 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 9.

10. Answering paragraph 10, Paragraph 10 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 10.

11. Answering paragraph 11, Paragraph 11 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 11.

12. Answering paragraph 12, Paragraph 12 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 12.

13. Answering paragraph 13, Paragraph 13 of the Complaint contains legal assertions or

conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 13.

14. Answering paragraph 14, Paragraph 14 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 14.

15. Answering paragraph 15, Paragraph 15 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 15.

16. Answering paragraph 16, Paragraph 16 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 16.

17. Answering paragraph 17, Paragraph 17 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 17.

18. Answering paragraph 18, Paragraph 18 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 18.

19. Answering paragraph 19, Paragraph 19 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 19.

20. Answering paragraph 20, Paragraph 20 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 20.

21. Answering paragraph 21, Paragraph 21 of the Complaint contains legal assertions or

conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 21.

22. Answering paragraph 22, Paragraph 22 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 22.

23. Answering paragraph 23, Paragraph 23 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 23.

24. Answering paragraph 24, Paragraph 24 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 24.

25. Answering paragraph 25, Paragraph 25 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 25.

26. Answering paragraph 26, Paragraph 26 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 26.

27. Answering paragraph 27, Paragraph 27 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 27.

28. Answering paragraph 28, Paragraph 28 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 28.

29. Answering paragraph 29, Paragraph 29 of the Complaint contains legal assertions or

conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 29.

30. Answering paragraph 30, Paragraph 30 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 30.

31. Answering paragraph 31, Paragraph 31 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 31.

32. Answering paragraph 32, Paragraph 32 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 32.

33. Answering paragraph 33, Paragraph 33 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 33.

34. Answering paragraph 34, Paragraph 34 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 34.

35. Answering paragraph 35, Paragraph 35 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 35

## GENERAL ALLEGATIONS

36. Answering paragraph 36, Defendant admits the allegations of this paragraph.

37. Answering paragraph 37, Defendant admits the allegations of this paragraph.

38. Answering paragraph 38, Defendant lacks information sufficient to either admit or deny and on that basis denies.

39. Answering paragraph 39, Defendant lacks information sufficient to either admit or deny and on that basis denies.

40. Answering paragraph 40, Defendant lacks information sufficient to either admit or deny and on that basis denies.

41. Answering paragraph 41, Defendant lacks information sufficient to either admit or deny and on that basis denies.

42. Answering paragraph 42, Defendant lacks information sufficient to either admit or deny and on that basis denies.

43. Answering paragraph 43, Defendant lacks information sufficient to either admit or deny and on that basis denies.

44. Answering paragraph 44, Defendant lacks information sufficient to either admit or deny and on that basis denies.

45. Answering paragraph 45, Defendant lacks information sufficient to either admit or deny and on that basis denies.

46. Answering paragraph 46, Defendant lacks information sufficient to either admit or deny and on that basis denies.

47. Answering paragraph 47, Defendant lacks information sufficient to either admit or deny and on that basis denies.

48. Answering paragraph 48, Defendant lacks information sufficient to either admit or deny and on that basis denies.

49. Answering paragraph 49, Defendant lacks information sufficient to either admit or deny and on that basis denies.

50. Answering paragraph 50, Defendant lacks information sufficient to either admit or deny and on that basis denies.

51. Answering paragraph 51, Defendant lacks information sufficient to either admit or deny and on that basis denies

52. Answering paragraph 52, Defendant lacks information sufficient to either admit or deny and on that basis denies.

53. In response to paragraph 53 of the Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and on such basis deny the allegations.

54. In response to paragraph 54 of the Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and on such basis deny the allegations.

55. In response to paragraph 55 of the Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and on such basis deny the allegations.

56. In response to paragraph 56 of the Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and on such basis deny the allegations.

57. Answering paragraph 57, Defendant lacks information sufficient to either admit or deny and on that basis denies.

58. Answering paragraph 58, Defendant lacks information sufficient to either admit or deny and on that basis denies.

59. Answering paragraph 59, Defendant lacks information sufficient to either admit or deny and on that basis denies.

60. Answering paragraph 60, Defendant lacks information sufficient to either admit or deny and on that basis denies.

61. Answering paragraph 61, Defendant lacks information sufficient to either admit or deny and on that basis denies.

62. Answering paragraph 62, Defendant lacks information sufficient to either admit or deny and on that basis denies.

63. Answering paragraph 63, Defendant lacks information sufficient to either admit or deny and on that basis denies.

64. Answering paragraph 64, Defendant lacks information sufficient to either admit or deny and on that basis denies.

65. Answering paragraph 65, Defendant lacks information sufficient to either admit or deny and on that basis denies.

66. Answering paragraph 66, Defendant lacks information sufficient to either admit or deny and on that basis denies.

67. Answering paragraph 67, Defendant lacks information sufficient to either admit or deny and on that basis denies.

68. Answering paragraph 68, Defendant lacks information sufficient to either admit or deny and on that basis denies.

69. Answering paragraph 69, Defendant lacks information sufficient to either admit or deny and on that basis denies.

70. Answering paragraph 70, Defendant lacks information sufficient to either admit or deny and on that basis denies.

71. Answering paragraph 71, Defendant lacks information sufficient to either admit or deny and on that basis denies.

72. Answering paragraph 72, Defendant lacks information sufficient to either admit or deny and on that basis denies.

73. Answering paragraph 73, Defendant lacks information sufficient to either admit or deny and on that basis denies.

74. Answering paragraph 74, Defendant lacks information sufficient to either admit or deny and on that basis denies.

75. Answering paragraph 75, Defendant lacks information sufficient to either admit or deny and on that basis denies.

76. Answering paragraph 76, Defendant lacks information sufficient to either admit or deny and on that basis denies.

77. Defendant denies that Diab fraudulently transferred any LPG files, ACH information, or ACH debit processing to Greyson, but otherwise lacks information sufficient to either admit or deny and on that basis denies.

78. Answering paragraph 78, Defendant lacks information sufficient to either admit or deny and on that basis denies.

79. Answering paragraph 79, Defendant lacks information sufficient to either admit or deny and on that basis denies.

80. Answering paragraph 80, Defendant lacks information sufficient to either admit or deny and on that basis denies.

81. Answering paragraph 81, Defendant lacks information sufficient to either admit or deny and on that basis denies.

82. Answering paragraph 82, Defendant lacks information sufficient to either admit or deny and on that basis denies.

83. Answering paragraph 83, Defendant reasserts his answers to paragraph 1-82 above as though specifically set forth herein.

84. Answering paragraph 84, Paragraph 84 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 84.

1. Answering paragraph 85, Paragraph 85 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 85.

86. Answering paragraph 86, Defendant agrees to refrain from accessing or attempting to access: (a) LPG clients file/ information without Court approval or Chapter 11 Trustee consent; (b) LUNA or any other CRM software without Court approval or Chapter 11 Trustee consent; (c) LPG's email accounts without Court approval or Chapter 11 Trustee consent; (d) LPG's NetSuite account with Oracle without Court approval or Chapter 11 Trustee consent; LPG's Air table account with Formgrid without Court approval or Chapter 11 Trustee consent; and (f) LPG's QuickBooks account without Court approval or Chapter 11 Trustee consent.

87. Answering paragraph 87, Defendant agrees not to interfere with Plaintiff's administration of the Estate or property of the Estate except as articulate in paragraph 87.

88. Answering paragraph 88, Paragraph 88of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 88.

89. Answering paragraph 89, Defendant reassert his answers to paragraphs 1-88 above as though specifically set forth herein.

90. Answering paragraph 90, Defendant lacks information sufficient to either admit or deny and on that basis denies.

91. Answering paragraph 91, Defendant lacks information sufficient to either admit or deny and on that basis denies.

92. Answering paragraph 92, Defendant lacks information sufficient to either admit or deny and on that basis denies.

93. Answering paragraph 93, Defendant lacks information sufficient to either admit or deny and on that basis denies.

94. Answering paragraph 94, Defendant lacks information sufficient to either admit or deny and on that basis denies.

95. Answering paragraph 95, Defendant lacks information sufficient to either admit or deny and on that basis denies.

96. Answering paragraph 96, Defendant lacks information sufficient to either admit or deny and on that basis denies.

97. Answering paragraph 97, Defendant lacks information sufficient to either admit or deny and on that basis denies.

98. Answering paragraph 98, Defendant lacks information sufficient to either admit or deny and on that basis denies.

99. Answering paragraph 99, Defendant lacks information sufficient to either admit or deny and on that basis denies.

100. Answering paragraph 100, Paragraph 100 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 100.

101. Answering paragraph 101, Paragraph 101 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 101 .

102. Answering paragraph 102, Paragraph 102 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 102.

103. Answering paragraph 103, Defendant reassert his answers to paragraphs 1-102 above as though specifically set forth herein.

104. Answering paragraph 104, Defendant lacks information sufficient to either admit or deny and on that basis denies.

105. Answering paragraph 105, Defendant lacks information sufficient to either admit or deny and on that basis denies.

106. Answering paragraph 106, Defendant lacks information sufficient to either admit or deny and on that basis denies.

107. Answering paragraph 107, Defendant lacks information sufficient to either admit or deny and on that basis denies.

108. Answering paragraph 108, Paragraph 108 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 108.

109. Answering paragraph 109, Defendant lacks information sufficient to either admit or deny and on that basis denies.

110. Answering paragraph 110, Paragraph 110 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, this answering Defendant denies the allegations of paragraph 110.

111. Answering paragraph 111, Paragraph 111 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, these answering Defendant denies the allegations of paragraph 111.

112. Answering paragraph 112, Defendant lacks information sufficient to either admit or deny and on that basis denies.

133. Answering paragraph 133, Defendant lacks information sufficient to either admit or deny and on that basis denies.

134. Answering paragraph 134, Defendant lacks information sufficient to either admit or deny and on that basis denies.

135. Answering paragraph 135, Defendant lacks information sufficient to either admit or deny and on that basis denies.

136. Answering paragraph 136, Defendant lacks information sufficient to either admit or deny and on that basis denies.

137. Answering paragraph 137, Paragraph 137 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, this answering Defendant denies the allegations of paragraph 137.

138. Answering paragraph 181, Paragraph 138 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, this answering Defendant denies the allegations of paragraph 138.

139. Answering paragraph 139, Paragraph 139 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, this answering Defendant denies the allegations of paragraph 139.

140. Answering paragraph 140, Paragraph 140 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, this answering Defendant denies the allegations of paragraph 140.

141. Answering paragraph 141, Paragraph 141 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly herein, this answering Defendant denies the allegations of paragraph 141.

142. Answering paragraph 132, Defendant reasserts his answers to paragraphs 1-141 above as though specifically set forth herein.

143. Answering paragraph 143, Defendant lacks information sufficient to either admit or deny and on that basis denies.

144. Answering paragraph 144, Defendant lacks information sufficient to either admit or deny and on that basis denies.

145. Answering paragraph 145, Defendant lacks information sufficient to either admit or deny and on that basis denies.

146. Answering paragraph 146, Defendant lacks information sufficient to either admit or deny and on that basis denies.

147. Answering paragraph 147, Defendant reasserts his answers to paragraphs 1-146 above as though specifically set forth herein.

148. Answering paragraph 148, Defendant lacks information sufficient to either admit or deny and on that basis denies.

149. Answering paragraph 149, Defendant lacks information sufficient to either admit or deny and on that basis denies.

150. Answering paragraph 150, Defendant lacks information sufficient to either admit or deny and on that basis denies.

151. Answering paragraph 151, Defendant lacks information sufficient to either admit or deny and on that basis denies.

152. Answering paragraph 152, Defendant lacks information sufficient to either admit or deny and on that basis denies.

**FIRST AFFIRMATIVE DEFENSE**

**Neither the Fourth Amended Complaint, nor any purported claim therein, states facts sufficient to constitute a claim against these Defendants.**

**SECONDAFFIRMATIVE DEFENSE**

Plaintiff has failed to plead sufficient facts to establish a right to the relief requested.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Fourth Amended Complaint, and each purported cause of action therein, is barred by the applicable statute of limitations, unclean hands, laches and estopple.

**FOURTH AFFIRMATIVE DEFENSE**

The Fourth Amended Complaint and each cause of action therein is barred, in whole or in part, because Plaintiff has failed to meet one or more of the statutory prerequisites to maintaining the action and / or certain claims therein.

**FIFTH AFFIRMATIVE DEFENSE**

The Fourth Amended Complaint and each cause of action therein is barred, in whole or in part, because Defendants are entitled to an offset.

DATED: July ___, 2024

By: <u>Daniel S. March, Esq.</u>

| | |
|---|---|
| Sweeney Kelly<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay Group | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 42    F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | Zev.Schechtman@saul.com<br>zshechtman@gtlaw.com<br>easter.santamaria@saul.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 43    F 9013-3.1.PROOF.SERVICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
17291 Irvine Blvd, Suite 101
Tusdtin, CA 92780

A true and correct copy of the foregoing document entitled (*specify*): Daniel S. March Answer to Fourth Amended Complaint

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/08/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| 7/8/2024 | Olga Esquivel | /s/ Olga Esquivel |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE