**GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 133040
dgoodrich@go2.law
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone     714-966-1000
Facsimile     714-966-1002

Attorneys for Creditor
United Partnerships, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **NOTICE OF SUBPOENAS** |
| | **[No Hearing Required]** |

      **PLEASE TAKE NOTICE** that pursuant to R. Civ. P. 45(a)(4), as incorporated under Fed. R. Bankr. P. 9016, United Partnerships, LLC, through its undersigned counsel of record, David M. Goodrich, of Golden Goodrich LLP, has served the subpoenas attached hereto as **Exhibit 1** through **Exhibit 4** in the form attached hereto on the following respective entities listed below:

| | |
|---|---|
| **Exhibit 1** | Amazon Web Services |
| **Exhibit 2** | Debt Pay Pro |
| **Exhibit 3** | Zoom Video Communications, Inc. |
| **Exhibit 4** | LunaCRM |

1

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

GOLDEN GOODRICH LLP

2

3    Dated:  July 9, 2024                     By:  _____
                                                DAVID M. GOODRICH
4                                               Attorneys for United Partnerships,
                                                LLC
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

2                                                          NOTICE

# Exhibit 1

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re The Litigation Practice Group P.C.
          Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _8:23-bk-10571-SC

Chapter 11

_____
          Plaintiff
          v.

Adv. Proc. No. _____

_____
          Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Custodian of Records for Amazon Web Services
        *(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Golden Goodrich LLP<br>3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 | DATE AND TIME<br>August 8, 2024 at 10:00 a.m. |
| --- | --- |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 9, 2024

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
United Partnerships, LLC  , who issues or requests this subpoena, are:  David M. Goodrich,
GOOLDEN GOODRICH LLP, 3070 Bristol S., # 640, Costa Mesa, CA 92626 (714) 966-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1, Page 3

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                                                                    *Server's signature*

_____
                                                                    *Printed name and title*

_____
                                                                    *Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

ATTACHMENT

TO SUBPOENA TO AMAZON WEB SERVICES

A.    DEFINITIONS

1.        Unless otherwise indicated, the following definitions shall apply to the following requests for production of documents, electronically stored information, and tangible things (hereinafter, the "Document Requests"). Any term used but not defined herein shall have the meaning ascribed to such term in the California Rules of Civil Procedure and the California Rules of Evidence, as applicable.

2.    The term "AMAZON WEB SERVICES" or "AWS" together with all affiliated and related entities, any agents, current and/or former employees, current and/or former independent contractors, current and/or former owners, current and/or former officers, directors, managers, attorneys, accountants, or other professionals employed by, or working at the direction of, AMAZON WEB SERVICES.

3.    The term "DEBTOR" means and refers to The Litigation Practice Group, P.C., the debtor in the bankruptcy case pending in the United State Bankruptcy Court, Central District of California, identified as Case No. 8:23-bk-10571-SC.

4.    The term "CUSTOMER RECORDS" or "CUSTOMER CONTENT" shall mean and refer to as software (including machine images), data, text, audio, video, or images that the DEBTOR or any end user used and/or transferred to AWS for processing, storage, or hosting by AWS services in connection with a customer's account with the DEBTOR, and any computational results that a customer or their end user derives from the foregoing through their use of AWS services.

5.    The term "TELEPHONE LOGS" means and refers to metadata collected from telephone or mobile phones by AWS. This metadata may include length of calls, phone numbers of both parties, phone-specific identification information, GPS location, call proximity, and/or computer converted voice-to-text transcripts of the phone call conversations.

6.    The term "COMMUNICATION LOGS" means and refers to emails, chats or other written communication logs stored on AWS's servers for the DEBTOR with the DEBTOR's customers, including any customer interaction history, notes, or comments related to customer accounts.

7.    The term "DOCUMENT" shall mean any writing, as defined in § 250 of the California Evidence Code and includes the original and/or copies of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. The term "Document" shall also include Electronically Stored Information, as defined herein.

8.    The term "ELECTRONICALLY STORED INFORMATION" or "ESI" shall refer to electronically stored information and includes both active and residual ESI kept in the ordinary course of business. Residual ESI includes, but is not limited to, deleted files, overwritten files,

1

file fragments, or other data found in ambient space on electronic storage media. Active ESI includes, but is not limited to, information readily available and accessible to computer users through existing file management programs.

9.    The term "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

10.    The term "Any" includes "all" and *vice versa*.

11.    The term "Includes" and "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

12.    The use of the singular form of any word shall include the plural, and *vice versa*, as necessary to bring within the scope of the discovery request all responses and documents that might otherwise be construed to be outside its scope.

## B.    INSTRUCTION

1.    These requests cover all documents, ESI, and other tangible things in AWS possession, custody, or control, wherever located, including documents, ESI, and other tangible things in the possession of AWS representatives, subcontractors, officers, employees, agents, investigations, contractors, attorneys, or other persons directly or indirectly employed or retained by AWS, or anyone else acting on AWS behalf or otherwise subject to AWS control.

2.    In responding to the requests, AWS should consult every potential source of documents, ESI, and other tangible things in AWS possession or control, or to which AWS has access, including documents, ESI, and other tangible things in the possession of AWS experts, consultants, and agents.

3.    Where anything has been deleted or redacted from a document or ESI produced in response to a request:

        a.    Specify the nature of the material deleted or redacted;
        b.    Specify the reason for the deletion or redaction;
        c.    Identify the person responsible for the deletion; and
        d.    Indicate on the document or ESI where material has been deleted.

If ESI is redacted based on privilege, the redacted ESI should be produced in a single page TIFF format that has been processed with OCR, so that it is searchable, and all related metadata must be produced in a metadata load file.

4.    If any material responsive to any of these requests was, but is no longer, in AWS possession or custody or subject to AWS control, provide the following information for each such item:

        a.    Identify and describe the material;
        b.    Specify whether such material is missing, lost, destroyed, or otherwise disposed, or in the possession, custody, or control of another;

      c.     State the date of such loss, destruction, disposal, or other disposition of material;

      d.     Explain the circumstances of such loss, destruction, disposal, or other disposition of material; and

      e.     Identify the persons who authorized or have knowledge of such loss, destruction, disposal, or other disposition of material.

5. If any item (or portion of an item) is withheld from production pursuant to a claim of privilege, identify such item (or portion thereof) as privileged and state the legal and factual basis for the claim of privilege. In the case of documents or ESI as to which a privilege is asserted, state:

      a.     The title of the document or ESI;

      b.     The nature of the document or ESI (e.g., interoffice memorandum, correspondence, report);

      c.     The author or sender;

      d.     The addressee;

      e.     The date of the document or ESI;

      f.     The name of each person to whom the original or a copy was shown or circulated;

      g.     The names appearing on any circulation list relating to the document or ESI.

      h.     The basis on which privilege is claimed; and

      i.     A summary statement of the subject matter of the document or ESI in sufficient detail to permit the court to rule on the property of the objection.

6. If an objection is made to any request or portion of a request, identify the request or portion thereof to which an objection is made, state the basis of the objection, and produce all items responsive to the non-objectionable portion of the request.

## C.    DOCUMENTS TO BE PRODUCED:

1. Any and all DOCUMENTS or ESI pertaining to the DEBTOR'S CUSTOMER RECORDS or CUSTOMER CONTENT in the custody or control of AWS for the period of March 20, 2023 to July 30, 2023, including the names, addresses, telephone numbers, and contact information.

2. Any and all TELEPHONE LOGS in the custody or control of AWS for the period of March 20, 2023 to July 30, 2023, including all logs or recordings of customer service interactions and support calls.

3. Any and all COMMUNICATION LOGS in the custody or control of AWS for the period of March 20, 2023 to July 30, 2023.

# Exhibit 2

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

## Central District of California

In re The Litigation Practice Group P.C.

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _8:23-bk-10571-SC

Chapter 11

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Custodian of Records for Debt Pay Pro,
*(Name of person to whom the subpoena is directed)*

☐ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE    Golden Goodrich LLP<br>3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 | DATE AND TIME<br>August 8, 2024 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 9, 2024

CLERK OF COURT

_____           OR   _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* United Partnerships, LLC  , who issues or requests this subpoena, are:  David M. Goodrich, GOOLDEN GOODRICH LLP, 3070 Bristol S., # 640, Costa Mesa, CA 92626 (714) 966-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                             _____
                                                           *Server's signature*

                                             _____
                                                           *Printed name and title*

                                             _____
                                                           *Server's address*


Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT

## TO SUBPOENA TO DEBT PAY PRO

### A.    DEFINITIONS

1.      Unless otherwise indicated, the following definitions shall apply to the following requests for production of documents, electronically stored information, and tangible things (hereinafter, the "Document Requests"). Any term used but not defined herein shall have the meaning ascribed to such term in the California Rules of Civil Procedure and the California Rules of Evidence, as applicable.

2.      The term "DEBT PAY PRO" means all affiliated and related entities, any agents, current and/or former employees, current and/or former independent contractors, current and/or former owners, current and/or former officers, directors, managers, attorneys, accountants, or other professionals employed by, or working at the direction of, DEBT PAY PRO.

3.      The term "DEBTOR" means and refers to The Litigation Practice Group, P.C., the debtor in the bankruptcy case pending in the United State Bankruptcy Court, Central District of California, identified as Case No. 8:23-bk-10571-SC.

4.      The term "CUSTOMER RECORDS" or "CUSTOMER CONTENT" shall mean and refer to as software (including machine images), data, text, audio, video, or images that the DEBTOR or any end user used and/or transferred to DEBT PAY PRO for processing, storage, or hosting by DEBT PAY PRO services in connection with a customer's account, and any computational results that a customer or their end user derives from the foregoing through their use of DEBT PAY PRO services.

5.      The term "TELEPHONE LOG" means and refers to metadata collected from telephone or mobile phones by DEBT PAY PRO. This metadata may include length of calls, phone numbers of both parties, phone-specific identification information, GPS location, call proximity, and/or computer converted voice-to-text transcripts of the phone call conversation.

6.      The term "COMMUNICATION LOGS" means and refers to emails, chats or other written communication logs stored on DEBT PAY PRO's servers for the DEBTOR with the DEBTOR's customers, including any customer interaction history, notes, or comments related to customer accounts.

7.      The terms "DOCUMENT" or "DOCUMENTS" shall mean any writing, as defined in § 250 of the California Evidence Code and includes the original and/or copies of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. The term "Document" shall also include Electronically Stored Information, as defined herein.

8.      The term "ELECTRONICALLY STORED INFORMATION" or "ESI" shall refer to electronically stored information and includes both active and residual ESI kept in the ordinary course of business. Residual ESI includes, but is not limited to, deleted files, overwritten files,

1

file fragments, or other data found in ambient space on electronic storage media. Active ESI includes, but is not limited to, information readily available and accessible to computer users through existing file management programs.

9.     The term "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

10.     The term "Any" includes "all" and *vice versa*.

11.     The term "Includes" and "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

12.     The use of the singular form of any word shall include the plural, and *vice versa*, as necessary to bring within the scope of the discovery request all responses and documents that might otherwise be construed to be outside its scope.

## B.     INSTRUCTION

1.     These requests cover all documents, ESI, and other tangible things in DEBT PAY PRO possession, custody, or control, wherever located, including documents, ESI, and other tangible things in the possession of DEBT PAY PRO representatives, subcontractors, officers, employees, agents, investigations, contractors, attorneys, or other persons directly or indirectly employed or retained by DEBT PAY PRO, or anyone else acting on DEBT PAY PRO behalf or otherwise subject to DEBT PAY PRO control.

2.     In responding to the requests, DEBT PAY PRO should consult every potential source of documents, ESI, and other tangible things in DEBT PAY PRO possession or control, or to which DEBT PAY PRO has access, including documents, ESI, and other tangible things in the possession of DEBT PAY PRO experts, consultants, and agents.

3.     Where anything has been deleted or redacted from a document or ESI produced in response to a request:
        a.     Specify the nature of the material deleted or redacted;
        b.     Specify the reason for the deletion or redaction;
        c.     Identify the person responsible for the deletion; and
        d.     Indicate on the document or ESI where material has been deleted.
If ESI is redacted based on privilege, the redacted ESI should be produced in a single page TIFF format that has been processed with OCR, so that it is searchable, and all related metadata must be produced in a metadata load file.

4.     If any material responsive to any of these requests was, but is no longer, in DEBT PAY PRO possession or custody or subject to DEBT PAY PRO control, provide the following information for each such item:
        a.     Identify and describe the material;
        b.     Specify whether such material is missing, lost, destroyed, or otherwise disposed, or in the possession, custody, or control of another;

Exhibit 2, Page 13

      c.      State the date of such loss, destruction, disposal, or other disposition of material;

      d.      Explain the circumstances of such loss, destruction, disposal, or other disposition of material; and

      e.      Identify the persons who authorized or have knowledge of such loss, destruction, disposal, or other disposition of material.

5.  If any item (or portion of an item) is withheld from production pursuant to a claim of privilege, identify such item (or portion thereof) as privileged and state the legal and factual basis for the claim of privilege. In the case of documents or ESI as to which a privilege is asserted, state:

      a.      The title of the document or ESI;

      b.      The nature of the document or ESI (e.g., interoffice memorandum, correspondence, report);

      c.      The author or sender;

      d.      The addressee;

      e.      The date of the document or ESI;

      f.      The name of each person to whom the original or a copy was shown or circulated;

      g.      The names appearing on any circulation list relating to the document or ESI.

      h.      The basis on which privilege is claimed; and

      i.      A summary statement of the subject matter of the document or ESI in sufficient detail to permit the court to rule on the property of the objection.

6.  If an objection is made to any request or portion of a request, identify the request or portion thereof to which an objection is made, state the basis of the objection, and produce all items responsive to the non-objectionable portion of the request.

## C.  <u>DOCUMENTS TO BE PRODUCED:</u>

1.  Any and all DOCUMENTS or ESI pertaining to the DEBTOR'S CUSTOMER RECORDS or CUSTOMER CONTENT in the custody or control of DEBT PAY PRO for the period of March 20, 2023 to July 30, 2023, including the names, addresses, telephone numbers, and contact information.

2.  Any and all TELEPHONE LOGS in the custody or control of DEBT PAY PRO for the period of March 20, 2023 to July 30, 2023, including all logs or recordings of customer service interactions and support calls.

3.  Any and all COMMUNICATION LOGS in the custody or control of DEBT PAY PRO for the period of March 20, 2023 to July 30, 2023.

# Exhibit 3

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT
# Central District of California

In re The Litigation Practice Group P.C.
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _8:23-bk-10571-SC

Chapter 11

Plaintiff
v.

Adv. Proc. No. _____

Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Custodian of Records for Zoom Video Communications, Inc.
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE    Golden Goodrich LLP<br>3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 | DATE AND TIME<br>August 8, 2024 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 9, 2024

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* United Partnerships, LLC  , who issues or requests this subpoena, are:   David M. Goodrich, GOOLDEN GOODRICH LLP, 3070 Bristol S., # 640, Costa Mesa, CA 92626 (714) 966-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

ATTACHMENT

TO SUBPOENA TO ZOOM VIDEO COMMUNICATIONS, INC.

A.   DEFINITIONS

1.           Unless otherwise indicated, the following definitions shall apply to the following requests for production of documents, electronically stored information, and tangible things (hereinafter, the "Document Requests"). Any term used but not defined herein shall have the meaning ascribed to such term in the California Rules of Civil Procedure and the California Rules of Evidence, as applicable.

2.      The term "ZOOM VIDEO COMMUNICATIONS, INC." or "ZOOM" together with all affiliated and related entities, any agents, current and/or former employees, current and/or former independent contractors, current and/or former owners, current and/or former officers, directors, managers, attorneys, accountants, or other professionals employed by, or working at the direction of, ZOOM VIDEO COMMUNICATIONS, INC.

3.      The term "DEBTOR" means and refers to The Litigation Practice Group, P.C., the debtor in the bankruptcy case pending in the United State Bankruptcy Court, Central District of California, identified as Case No. 8:23-bk-10571-SC.

4.      The term "CUSTOMER RECORDS" or "CUSTOMER CONTENT" shall mean and refer to as software (including machine images), data, text, audio, video, or images that the DEBTOR or any end user used and/or transferred to ZOOM for processing, storage, or hosting by ZOOM services in connection with a customer's account with the DEBTOR, and any computational results that a customer or their end user derives from the foregoing through their use of ZOOM services.

5.      The term "TELEPHONE LOGS" means and refers to metadata collected from telephone or mobile phones by ZOOM. This metadata may include length of calls, phone numbers of both parties, phone-specific identification information, GPS location, call proximity, and/or computer converted voice-to-text transcripts of the phone call conversations.

6.      The term "COMMUNICATION LOGS" means and refers to emails, chats or other written communication logs stored on ZOOM's servers for the DEBTOR with the DEBTOR's customers, including any customer interaction history, notes, or comments related to customer accounts.

7.      The term "DOCUMENT" shall mean any writing, as defined in § 250 of the California Evidence Code and includes the original and/or copies of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. The term "Document" shall also include Electronically Stored Information, as defined herein.

8.      The term "ELECTRONICALLY STORED INFORMATION" or "ESI" shall refer to electronically stored information and includes both active and residual ESI kept in the ordinary course of business. Residual ESI includes, but is not limited to, deleted files, overwritten files,

1

Exhibit 3, Page 18

file fragments, or other data found in ambient space on electronic storage media. Active ESI includes, but is not limited to, information readily available and accessible to computer users through existing file management programs.

9.      The term "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

10.      The term "Any" includes "all" and *vice versa*.

11.      The term "Includes" and "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

12.      The use of the singular form of any word shall include the plural, and *vice versa*, as necessary to bring within the scope of the discovery request all responses and documents that might otherwise be construed to be outside its scope.

## B.      INSTRUCTION

1.      These requests cover all documents, ESI, and other tangible things in ZOOM possession, custody, or control, wherever located, including documents, ESI, and other tangible things in the possession of ZOOM representatives, subcontractors, officers, employees, agents, investigations, contractors, attorneys, or other persons directly or indirectly employed or retained by ZOOM, or anyone else acting on ZOOM behalf or otherwise subject to ZOOM control.

2.      In responding to the requests, ZOOM should consult every potential source of documents, ESI, and other tangible things in ZOOM possession or control, or to which ZOOM has access, including documents, ESI, and other tangible things in the possession of ZOOM experts, consultants, and agents.

3.      Where anything has been deleted or redacted from a document or ESI produced in response to a request:

        a.      Specify the nature of the material deleted or redacted;
        b.      Specify the reason for the deletion or redaction;
        c.      Identify the person responsible for the deletion; and
        d.      Indicate on the document or ESI where material has been deleted.

If ESI is redacted based on privilege, the redacted ESI should be produced in a single page TIFF format that has been processed with OCR, so that it is searchable, and all related metadata must be produced in a metadata load file.

4.      If any material responsive to any of these requests was, but is no longer, in ZOOM possession or custody or subject to ZOOM control, provide the following information for each such item:

        a.      Identify and describe the material;
        b.      Specify whether such material is missing, lost, destroyed, or otherwise disposed, or in the possession, custody, or control of another;

Exhibit 3, Page 19

      c.      State the date of such loss, destruction, disposal, or other disposition of material;

      d.      Explain the circumstances of such loss, destruction, disposal, or other disposition of material; and

      e.      Identify the persons who authorized or have knowledge of such loss, destruction, disposal, or other disposition of material.

5.  If any item (or portion of an item) is withheld from production pursuant to a claim of privilege, identify such item (or portion thereof) as privileged and state the legal and factual basis for the claim of privilege. In the case of documents or ESI as to which a privilege is asserted, state:

      a.      The title of the document or ESI;

      b.      The nature of the document or ESI (e.g., interoffice memorandum, correspondence, report);

      c.      The author or sender;

      d.      The addressee;

      e.      The date of the document or ESI;

      f.      The name of each person to whom the original or a copy was shown or circulated;

      g.      The names appearing on any circulation list relating to the document or ESI.

      h.      The basis on which privilege is claimed; and

      i.      A summary statement of the subject matter of the document or ESI in sufficient detail to permit the court to rule on the property of the objection.

6.  If an objection is made to any request or portion of a request, identify the request or portion thereof to which an objection is made, state the basis of the objection, and produce all items responsive to the non-objectionable portion of the request.

## C. <u>DOCUMENTS TO BE PRODUCED:</u>

1.  Any and all DOCUMENTS or ESI pertaining to the DEBTOR'S CUSTOMER RECORDS or CUSTOMER CONTENT in the custody or control of ZOOM for the period of March 20, 2023 to July 30, 2023, including the names, addresses, telephone numbers, and contact information.

2.  Any and all TELEPHONE LOGS in the custody or control of ZOOM for the period of March 20, 2023 to July 30, 2023, including all logs or recordings of customer service interactions and support calls.

3.  Any and all COMMUNICATION LOGS in the custody or control of ZOOM for the period of March 20, 2023 to July 30, 2023.

# Exhibit 4

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re The Litigation Practice Group P.C.
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _8:23-bk-10571-SC

Chapter 11

_____
                    Plaintiff
                    v.
_____
                    Defendant

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Custodian of Records for LunaCRM
              *(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  Golden Goodrich LLP 3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 | DATE AND TIME August 8, 2024 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 9, 2024

              CLERK OF COURT

              _____          _____
              *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* United Partnerships, LLC  , who issues or requests this subpoena, are:  David M. Goodrich, GOOLDEN GOODRICH LLP, 3070 Bristol S., # 640, Costa Mesa, CA 92626 (714) 966-1000

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 4, Page 21

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

ATTACHMENT

TO SUBPOENA TO LUNACRM.

A.    DEFINITIONS

1.        Unless otherwise indicated, the following definitions shall apply to the following requests for production of documents, electronically stored information, and tangible things (hereinafter, the "Document Requests"). Any term used but not defined herein shall have the meaning ascribed to such term in the California Rules of Civil Procedure and the California Rules of Evidence, as applicable.

2.    The term "LUNACRM" or "LUNA" together with all affiliated and related entities, any agents, current and/or former employees, current and/or former independent contractors, current and/or former owners, current and/or former officers, directors, managers, attorneys, accountants, or other professionals employed by, or working at the direction of, LUNA.

3.    The term "DEBTOR" means and refers to The Litigation Practice Group, P.C., the debtor in the bankruptcy case pending in the United State Bankruptcy Court, Central District of California, identified as Case No. 8:23-bk-10571-SC.

4.    The term "CUSTOMER RECORDS" or "CUSTOMER CONTENT" shall mean and refer to as software (including machine images), data, text, audio, video, or images that the DEBTOR or any end user used and/or transferred to LUNA for processing, storage, or hosting by LUNA services in connection with a customer's account with the DEBTOR, and any computational results that a customer or their end user derives from the foregoing through their use of LUNA services.

5.    The term "TELEPHONE LOGS" means and refers to metadata collected from telephone or mobile phones by LUNA. This metadata may include length of calls, phone numbers of both parties, phone-specific identification information, GPS location, call proximity, and/or computer converted voice-to-text transcripts of the phone call conversations.

6.    The term "COMMUNICATION LOGS" means and refers to emails, chats or other written communication logs stored on LUNA's servers for the DEBTOR with the DEBTOR's customers, including any customer interaction history, notes, or comments related to customer accounts.

7.    The term "DOCUMENT" shall mean any writing, as defined in § 250 of the California Evidence Code and includes the original and/or copies of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. The term "Document" shall also include Electronically Stored Information, as defined herein.

8.    The term "ELECTRONICALLY STORED INFORMATION" or "ESI" shall refer to electronically stored information and includes both active and residual ESI kept in the ordinary course of business. Residual ESI includes, but is not limited to, deleted files, overwritten files, file fragments, or other data found in ambient space on electronic storage media. Active ESI

1

includes, but is not limited to, information readily available and accessible to computer users through existing file management programs.

9.    The term "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

10.    The term "Any" includes "all" and *vice versa*.

11.    The term "Includes" and "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

12.    The use of the singular form of any word shall include the plural, and *vice versa*, as necessary to bring within the scope of the discovery request all responses and documents that might otherwise be construed to be outside its scope.

## B.    INSTRUCTION

1.    These requests cover all documents, ESI, and other tangible things in LUNA possession, custody, or control, wherever located, including documents, ESI, and other tangible things in the possession of LUNA representatives, subcontractors, officers, employees, agents, investigations, contractors, attorneys, or other persons directly or indirectly employed or retained by LUNA, or anyone else acting on LUNA behalf or otherwise subject to LUNA control.

2.    In responding to the requests, LUNA should consult every potential source of documents, ESI, and other tangible things in LUNA possession or control, or to which LUNA has access, including documents, ESI, and other tangible things in the possession of LUNA experts, consultants, and agents.

3.    Where anything has been deleted or redacted from a document or ESI produced in response to a request:
   a.    Specify the nature of the material deleted or redacted;
   b.    Specify the reason for the deletion or redaction;
   c.    Identify the person responsible for the deletion; and
   d.    Indicate on the document or ESI where material has been deleted.
If ESI is redacted based on privilege, the redacted ESI should be produced in a single page TIFF format that has been processed with OCR, so that it is searchable, and all related metadata must be produced in a metadata load file.

4.    If any material responsive to any of these requests was, but is no longer, in LUNA possession or custody or subject to LUNA control, provide the following information for each such item:
   a.    Identify and describe the material;
   b.    Specify whether such material is missing, lost, destroyed, or otherwise disposed, or in the possession, custody, or control of another;
   c.    State the date of such loss, destruction, disposal, or other disposition of material;

      d.      Explain the circumstances of such loss, destruction, disposal, or other disposition of material; and

      e.      Identify the persons who authorized or have knowledge of such loss, destruction, disposal, or other disposition of material.

5.   If any item (or portion of an item) is withheld from production pursuant to a claim of privilege, identify such item (or portion thereof) as privileged and state the legal and factual basis for the claim of privilege. In the case of documents or ESI as to which a privilege is asserted, state:

      a.      The title of the document or ESI;

      b.      The nature of the document or ESI (e.g., interoffice memorandum, correspondence, report);

      c.      The author or sender;

      d.      The addressee;

      e.      The date of the document or ESI;

      f.      The name of each person to whom the original or a copy was shown or circulated;

      g.      The names appearing on any circulation list relating to the document or ESI.

      h.      The basis on which privilege is claimed; and

      i.      A summary statement of the subject matter of the document or ESI in sufficient detail to permit the court to rule on the property of the objection.

6.   If an objection is made to any request or portion of a request, identify the request or portion thereof to which an objection is made, state the basis of the objection, and produce all items responsive to the non-objectionable portion of the request.

## C.    DOCUMENTS TO BE PRODUCED:

1.   Any and all DOCUMENTS or ESI pertaining to the DEBTOR'S CUSTOMER RECORDS or CUSTOMER CONTENT in the custody or control of LUNA for the period of March 20, 2023 to July 30, 2023, including the names, addresses, telephone numbers, and contact information.

2.   Any and all TELEPHONE LOGS in the custody or control of LUNA for the period of March 20, 2023 to July 30, 2023, including all logs or recordings of customer service interactions and support calls.

3.   Any and all COMMUNICATION LOGS in the custody or control of LUNA for the period of March 20, 2023 to July 30, 2023.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF SUBPOENAS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **July 9, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) **July 9, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method <u>for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 9, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2024 | David M. Fitzgerald | *David M. Fitzgerald* |
|:---:|:---:|:---:|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Bradford Barnhardt    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Ethan J Birnberg    birnberg@portersimon.com, reich@portersimon.com
Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
Ronald K Brown    ron@rkbrownlaw.com
Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
Randall Baldwin Clark    rbc@randallbclark.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Michael W Davis    mdavis@dtolaw.com, ygodson@dtolaw.com
Anthony Paul Diehl    anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com
Ashley Dionisio    adionisio@omniagnt.com
Jenny L Doling    jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
Daniel A Edelman    dedelman@edcombs.com, courtecl@edcombs.com
Howard M Ehrenberg    Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
Meredith Fahn    fahn@sbcglobal.net
William P Fennell    william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
Marc C Forsythe    mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
Jeremy Freedman    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
Eric Gassman    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
Christopher Ghio    christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
Amy Lynn Ginsburg    efilings@ginsburglawgroup.com
Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
Jeffrey I Golden    jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
David M Goodrich    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgllp@ecf.courtdrive.com
D Edward Hays    ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Brian L Holman    b.holman@musickpeeler.com
Richard L. Hyde    rhyde@awglaw.com
Peter L Isola    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
Razmig Izakelian    razmigizakelian@quinnemanuel.com
Sara Johnston    sara.johnston@dinsmore.com
Sweeney Kelly    kelly@ksgklaw.com
Joon M Khang    joon@khanglaw.com
Ira David Kharasch    ikharasch@pszjlaw.com
Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
Christopher J Langley    chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
Kelli Ann Lee    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva    bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
Marc A Lieberman    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
Michael D Lieberman    mlieberman@lipsonneilson.com
Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
Mitchell B Ludwig    mbl@kpclegal.com, kad@kpclegal.com
Daniel S March    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
Mark J Markus    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Laila Masud    lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
Sarah S. Mattingly    sarah.mattingly@dinsmore.com
William McCormick    Bill.McCormick@ag.tn.gov
Kenneth Misken    Kenneth.M.Misken@usdoj.gov
Byron Z Moldo    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
Glenn D. Moses    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
Jamie D Mottola    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
Victoria Newmark    vnewmark@pszjlaw.com
Jacob Newsum-Bothamley    jacob.bothamley@dinsmore.com,
angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
Queenie K Ng    queenie.k.ng@usdoj.gov
Israel Orozco    israel@iolawcorp.com
Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
Michael R Pinkston    rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
Douglas A Plazak    dplazak@rhlaw.com
Tyler Powell    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com
Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
Vanessa Rodriguez    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
Kevin Alan Rogers    krogers@wellsmar.com
Gregory M Salvato    gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
Olivia Scott    olivia.scott@hklaw.com
Jonathan Serrano    jonathan.serrano@dinsmore.com
Maureen J Shanahan    Mstotaro@aol.com
Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
Jeffrey M Singletary    jsingletary@swlaw.com, rmckay@swlaw.com
Leslie Skorheim    leslie.skorheim@usdoj.gov
Adam D Stein-Sapir    info@pfllc.com
Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com
John H. Stephens    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
Andrew Still    astill@swlaw.com, kcollins@swlaw.com
Michael R Totaro    Ocbkatty@aol.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
William J Wall    wwall@wall-law.com
Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com
Reina Zepeda    rzepeda@omniagnt.com

**SERVED BY UNITED STATES MAIL**
The Litigation Practice Group, P.C.
17542 17th St, Suite 100
Tustin, CA  92780-1981
DEBTOR

**20 LARGEST UNSECURED CREDITORS**
Debt Validation Fund II, LLC
Attn: Officer, Manager, or Agent
5075 Lower Valley Road
Atglen, PA 19310

Debt Validation Fund II, LLC
Attn: Garrick A. Hollander
Winthrop Golubow Hollander LLP
1301 Dove Street, 5h Flr
Newport Beach, CA  92660

MC DVI Fund 1, LLC
MC DVI Fund 2, LLC
c/o Garrick Hollander
Attn: Officer, Manager, or Agent
1598 Cottonwood Dr.,
Glenview, IL 60026

~~Validation Partners LLC~~
~~1300 Sawgrass Pkwy, Ste 110~~
~~Sunrise, FL 33323~~
**MAIL RETURNED 6/5/2023**
**COUNSEL SERVED VIA NEF**

~~Marich Bein LLC~~
~~Attn: Officer, Manager, or Agent~~
~~99 Wall Street, Ste 2669~~
~~New York, NY 10005~~
**MAIL RETURNED 10/3/23**

~~Business Centers of America~~
~~1100 Sir Francis Drake Blvd, Ste 1~~
~~Kentfield, CA 94904~~
**MAIL RETURNED 2/5/24 UTF**

~~JP Morgan Chase~~
~~Attn: Officer, Manager, or Agent~~
~~3 Park Plaza, Ste 900~~
~~Irvine, CA 92614~~
**MAIL RETURNED 12/5/23 UTF**

California Franchise Tax Board
PO Box 942857,
Sacramento, CA 94257-0511

Outsource Accelerator Ltd
c/o Paul R. Shankiman
Fortis LLP
6750 Town Center Drive, Ste 1530
Costa Mesa, CA  92626

~~Collaboration Advisors~~
~~Attn: Officer, Manager, or Agent~~
~~400 Dorla Court~~
~~Zephyr Cove, NV 89448~~
**MAIL RETURNED 5/30/2023**

Anthem Blue Cross
PO Box 511300
Los Angeles, CA 90051-7855

Azevedo Solutions Groups,Inc
420 Adobe Canyon Rd,
Kenwood, CA 95452

Credit Reporting Service Inc.
Attn: Officer, Manager, or Agent
548 Market St, Ste 72907
San Francisco, CA  94104-5401

Debt Pay Pro
Attn: Officer, Manager, or Agent
1900 E Golf Road, Suite 550
Schaumburg, IL 60173

Sharp Business Systems
Attn: Officer, Manager, or Agent
8670 Argent St
Santee, CA 92071

Tustin Executive Center
Attn: Officer, Manager, or Agent
1630 S Sunkist Steet, Ste A
Anaheim, CA 92806

Exela Enterprise Solutions
Attn: Officer, Manager, or Agent
2701 E. Grauwyler Road
Irving, TX 75061

First Legal Network, LLC
Attn: Officer, Manager,or Agent
P.O Box 743451
Los Angeles, CA  90074-3451

Netsuite-Oracle
Attn: Officer, Manager, or Agent
2300 Oracle Way
Austin, TX 78741

Credit Reporting Service Inc
Attn: Officer, Manager or Agent
548 Market St, Suite 72907
San Francisco, CA  94104-5401

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
0.0

**F 9013-3.1.PROOF.SERVICE**

Document Fulfillment Services
Attn: Officer, Manager, or Agent
2930 Ramona Ave #100
Sacramento, CA 95826

Executive Center LLC
Attn: Officer, Manager, or Agent
5960 South Jones Blvd
Las Vegas, NV 89118

LexisNexus
Attn: Officer, Manager, or Agent
15500 B Rockfield Blvd,
Irvine, CA 92618
**MAIL RETURNED 11/22/23 UTF**

Taskus Holdings, Inc.
Attn: Officer, Manager, or Agent
1650 Independence Dr
New Braunfels, TX  778132-3959
**MAIL RETURNED 10/16/23 UTF**

**SECURED CREDITORS:**
Azzure Capital LLC
c/o Sharon Z. Weiss
Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA  90401

Bridge Funding CAP, LLC
Attn: Officer, Manager or Agent
538 13th Avenue, Suite 324
Brooklyn, NY  11219

City Capital NY
Attn: Officer, Manager, or Agent
1135 Kane Concourse
Bay Harbour Islands, FL  33154
**MAIL RETURNED 6/14/23 UTF**

Diverse Capital LLC
Attn: Officer, Manager or Agent
323 Sunny Isles Blvd, Ste 503
Sunny Isles, FL  33154

Fundura Capital Group
80 Broad Street, Ste 3303
New York, NY  10004
**MAIL RETURNED 12/22/23 UTF**

Fundura Capital Group
Attn: Officer, Manager, or Agent
1545 Route 202, Suite 101
Pomona, NY  10970

Green Fund Ny
Attn: Officer, Manager or Agent
276 5th Avenue, Room 704
Brooklyn, Ny 10001
**MAIL RETURNED 2/5/24 UTF**

MCA Capital Holdings LLC
Attn: Officer, Manager or Agent
254 32nd St, Bldg 2 C303
Brooklyn, NY  11232
**MAIL RETURNED 11/8/23**

MNS Funding LLC
c/o Paul R. Shankiman
Fortis LLP
6750 Town Center Drive, Ste 1530
Costa Mesa, CA  92626

OHP-CDR, LP
c/o Jeremy Andersen, Razmig Izakelian
Quin Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Flr
Los Angeles, CA  90017

PECC Corp
c/o Rusty O'Kane
3131 McKinney Avenue, Suite 500
Dallas, TX  75204

River Tree LLC
c/o Mays Johnson Law Firm
21 Battery Park Avenue, Suite 201
Asheville, NC  28801

Venture Partners LLC
Attn: Officer, Manager or Agent
1309 Coffeen Avenue, Ste 1200
Sheridan, WY 82801

YCIR Inc.
Hector Ocegueda
535 S. Barranca St, #4
Covina, CA  91723

Interested Party:
Tiffany Cornelius
Law Offices of Tiffany Cornelius P.C.
2833 Crockett St., Suite 505
Fort Worth, TX  76107

Shadae Clarke
1659 Highway 20 W, Unit 132
McDonough, GA  30253

Kelly J. Adams
134 Commons Ct
Chadds Ford, PA  19317

Ashley Lambert-Bland
PO Box 620
Bryant, AR  72089

Liberty Acquisition Group, LLC
Ronald Richards & Associates, APC
PO Box 11480
Beverly Hills, CA  90213

Liberty Acquisition Group, LLC
c/o Daniel A. Lev
Greenspoon Marder LLP
333 South Grand Avenue, Suite 3400
Los Angeles, CA  90071

**CREDITOR/POC ADDRESS**
Jason Patterson Stopnitzky
c/o Leslie E. Chayo, Esq.
9454 Wilshire Blvd., PH
Beverly Hills, CA  90212

Joan P. Schott
9303 Lands Point
San Antonio, TX  78250