ALAN W. FORSLEY (Cal. Bar 180958)
FLP LAW GROUP LLP
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone: (310) 284-7350 (ext. 3)
Facsimile: (310) 432-5999
alan.forsley@flpllp.com

ERIC S. GOLDSTEIN
egoldstein@goodwin.com
JAIME A. WELSH
jwelsh@goodwin.com
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Tel: (860) 251-5000 / Fax: (860) 251-5218

*Attorneys for Blue Cross of California d/b/a Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**BLUE CROSS OF CALIFORNIA D/B/A ANTHEM BLUE CROSS AND ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY'S OBJECTION TO CONFIRMATION OF MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED JUNE 14, 2024)**<br><br><u>Plan Confirmation Hearing</u>:<br>Date: August 29, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

Blue Cross of California d/b/a Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company (collectively, "<u>Anthem</u>") hereby files this objection to the confirmation of the *Modified First Amended Joint Chapter 11 Plan of Liquidation (dated June 14, 2024)* [Dkt. No. 1344] (the "<u>Plan</u>"), which was jointly proposed by the chapter 11

bankruptcy trustee, Richard A. Marshack (the "Trustee"), and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Trustee, the "Plan Proponents"), in the above-captioned bankruptcy case of The Litigation Practice Group P.C. (the "Debtor").

I.  **PRELIMINARY STATEMENT**

Anthem is a provider of health care insurance benefits. Before the Petition Date (defined below), Anthem provided group health insurance coverage to Debtor's eligible employees and their eligible dependents, in exchange for the payment of monthly premium. On the Petition Date, two months of premium Debtor owed to Anthem remained unpaid, so Anthem filed a priority proof of claim in the amount of $201,869.92 under 11 U.S.C. § 507(a)(5).[1] The Plan Proponents have not objected to Anthem's claim.

Anthem objects to confirmation of the Plan on three grounds. First, the Plan does not guaranty that Anthem will receive cash on the effective date of the Plan ("Effective Date") equal to the allowed amount of Anthem's priority claim. Instead, the Plan provides that any payments to Anthem will occur after the Effective Date (possibly more than 9 months after the Effective Date), and the Plan does not provide for the payment of interest to Anthem for such late payments. (Plan, at Section III(C)(4) (treatment of Class 2C Claims).) Moreover, the Plan appears to indicate that Anthem will receive nothing, as it states: "Contributions to Employee Benefit Plan Total estimated amount [is] $0.00." (*Id.*) For these reasons, the Plan violates § 1129(a)(9)(B).

Second, Anthem objects because it was not provided the opportunity to vote to accept or reject the Plan, in violation of § 1126(a) and the Plan's stated terms. The Plan states that Anthem is "Impaired; Entitled to Vote," yet the Plan Proponents did not send a ballot to Anthem. (*See id.*) In addition, Anthem's claim was filed under § 507(a)(5), which provides a statutory right to vote on the Plan. *See* § 1129(a)(9)(B) (stating treatment of a Section 507(a)(5) claim is determined by whether the creditor has accepted or rejected the plan).

---

[1] Unless stated otherwise, all references refer to the Bankruptcy Code.

Anthem is impaired and is entitled to vote on the Plan, but was not sent a ballot, so the Plan violates § 1126(a).

Third, Anthem objects because the Plan is unfair under § 1129(b). The Plan proposes to pay lower priority Section 507(a)(8) tax claims in the aggregate amount of $1,359,190.24 either on the Effective Date or over time with interest, while giving the Liquidating Trustee[2] up to 270 days to file an objection to Anthem's claim without paying interest on any allowed claim of Anthem. (Plan, at Sections III(B)(3), IV(I)(4).) Thus, it could be well over a year before Anthem receives any payment and, at that time, the Estate may not have sufficient funds to satisfy Anthem's higher priority claim, after already having made significant payments on claims with a lower priority. Thus, the Plan violates the fair and equitable test under § 1129(b), unless sufficient money to pay Anthem's claim plus interest is sequestered.

Over the past few months, Anthem has communicated its issues to the Plan Proponents but they have not engaged regarding a potential resolution. Thus, Anthem respectfully requests that the Plan either be modified to address its objections or that the Plan confirmation be denied.

## II. BACKGROUND

### A. The Health Policy

1. Anthem provides health care insurance benefits to individuals who are insured under its fully-insured group medical insurance policies or under self-insured policies administered by Anthem through a network of providers that contract with Anthem to render services to its members.

2. Anthem and the Debtor were parties to that certain Group Contract, as amended from time to time (the "Health Policy"). Under the Health Policy, Anthem provided group health insurance coverage to the Debtor's eligible employees and their eligible dependents, in exchange for the payment of monthly premium.[3]

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.
[3] The Health Policy contains Anthem's highly confidential and sensitive commercial information. While the Debtor should have a copy of the Health Policy, other parties in interest may request copies of the Health Policy by written request to Anthem's counsel and upon the entry into either an

3

3.   Pursuant to Article 6 of the Health Policy, premium is due on the first of each month, but no later than a thirty-one (31) day grace period after that date. Pursuant to Article 7 of the Health Policy, if the monthly premium is not paid within the grace period, the Health Policy will automatically terminate on the last day of the grace period.

4.   On February 28, 2023, Debtor provided written notice to Anthem requesting termination of the Health Policy effective March 31, 2023. In accordance therewith, the Health Policy terminated effective 11:59 p.m. p.s.t. on March 31, 2023.

5.   Prior to the Petition Date, the Debtor failed to pay the monthly premiums due under the Health Policy for the months of February 2023 and March 2023. Currently, the Debtor owes to Anthem an aggregate $201,869.92 (the "Unpaid Premium") for unpaid February 2023 and March 2023 premium.

**B.   Debtor's Bankruptcy Case**

6.   On March 20, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7.   In connection with the Unpaid Premium (but excluding pro rata premium due for March 20, 2023 through March 31, 2023), on June 7, 2023, Anthem filed a proof of claim in the amount of $164,443.32 [Claims Reg., Claim No. 64-1] (the "Original Claim"), with priority under Section 507(a)(5) of the Bankruptcy Code.

8.   After filing the Original Claim, on October 6, 2023,[4] Anthem filed an amended proof of claim in the amount of $201,869.92 [Claims Reg., Claim No. 64-2] (the "Amended Claim"), which included all of the Unpaid Premium, with priority under Section 507(a)(5) of

---

acceptable confidentiality agreement or the entry of an appropriate protective order. If requested by the Court, Anthem will provide a copy of the Health Policy to it for *in camera* review.

[4] In the Original Claim, Anthem expressly asserted a claim that includes "any and all other amounts now owing or hereafter accrued and owing to Anthem, regardless of whether such amounts are unliquidated, and/or contingent, and/or unmatured, including, but not limited to, those amounts due to Anthem under the Health Policy." (Claims Reg., Claim No. 64-1, at Attachment ¶ 8(c).) Consistent therewith, in the Original Claim, Anthem further reserved the right to amend or supplement the Original Claim to, *inter alia*, restate liquidated and unliquidated components of the claim, request payment of administrative expenses under 11 U.S.C. § 503(b), reflect additional claims under the Health Policy, or any other agreements by and between Anthem and the Debtor to the extent discovered after the filing thereof, or for any other reason it deems appropriate. (*Id.* at Attachment ¶ 12.)

4

the Bankruptcy Code. A copy of the Amended Claim is attached to the Request for Judicial Notice as <u>Exhibit A</u>. No objection has been filed to the Amended Claim.

9. On May 4, 2023, this Court entered an order directing the United States Trustee to appoint a Chapter 11 trustee in the Debtor's bankruptcy case. (Dkt. No. 58.) In accordance therewith, on May 5, 2023, the United States Trustee appointed the Trustee to serve as the Chapter 11 trustee. (*See* Dkt. No. 62.)

10. On June 14, 2024, the Plan was jointly filed by the Plan Proponents.

11. Section III(C) of the Plan provides that claims entitled to priority under Section 507(a)(5) of the Bankruptcy Code for contributions to an employee benefit plan are classified as Class 2C claims. (Plan, Section III(C)(4).) Under the Plan, Allowed Class 2C claims will receive the following treatment:

> (i) if Class 2C has accepted the Plan, then, at the Plan Proponent's election, either (a) payment in full of the Allowed amount of the Class 2C Claim, or (b) deferred Cash payments of a value, as of the Effective Date, equal to the Allowed amount of such Class 2C Claim; or (ii) if Class 2C has not accepted the Plan, payment in full of the Allowed amount of the Class 2C Claim.

(*Id.*) The Plan further provides that "[t]he holder of an Allowed Class 2C Claim will be entitled to the foregoing treatment ten days after the later of (a) the Effective Date, or (b) the date an order Allowing any such Class 2C Claim becomes a Final Order." (*Id.*) The Plan provides that Allowed Class 2C claims are impaired and entitled to vote on the Plan. (*Id.*)

12. Section IV(I)(4) of the Plan provides that the Liquidating Trustee has up to 270 days after the Effective Date to make and file objections to claims. (*Id.* at Section IV(I)(4).)

13. One June 17, 2024, the Committee filed the *Amended Notice of Exhibits to Proposed Order: (I) Approving Proposed Disclosure Statement; (II) Approving Solicitation and Voting Procedures; (III) Approving Notice and Objection Procedures for Confirmation of Joint Chapter 11 Plan of Liquidation; (IV) Setting Related Deadlines; and (V) Granting Related Relief* [Dkt. No. 1347] (the "<u>Exhibits Notice</u>"), which, *inter alia*, attached as Exhibit D thereto proposed ballots for classes of claims entitled to vote to accept or reject the Plan.

The Exhibits Notice did not include any proposed ballots for holders of Class 2 claims. (*See generally* Dkt. No. 1347, at Ex. D.)

14. On June 17, 2024, this Court entered an order (the "<u>Disclosure Statement Order</u>"), *inter alia*, approving the forms of ballot attached as Exhibit D to the Exhibit Notice. (Dkt. No. 1348, at 5, 7.) The Disclosure Statement Order provides, in pertinent part, "[b]allots need not be provided to holders of . . . claims in Class 2A, Class 2B, Class 2C, and Class 2D . . . because such holders are either unclassified, pursuant to § 1123(a)(1), or deemed to accept the plan, pursuant to § 1126(f)." (*Id.* at 6.)

15. To Anthem's knowledge, the Amended Claim filed by Anthem is the only claim in Class 2C.

### III. OBJECTIONS

#### A. The Plan does not state Anthem will receive cash on the Effective Date.

16. In violation of §1129(a)(9)(B), the Plan does not guaranty that Anthem will receive cash on the Effective Date equal to the amount of its allowed priority claim as required by §1129(a)(9)(B) which states:

> The court shall confirm a plan only if all of the following requirements are met: . . . (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that . . . (B) **with respect to a class of claims of a kind specified in section** 507(a)(1), 507(a)(4), **507(a)(5),** 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive--(i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) **if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim . . . .**

11 U.S.C. § 1129(a)(9)(B) (emphasis added).

17. As stated above, Anthem's Amended Claim is a § 507(a)(5) claim because it is for contributions to an employee benefit plan arising from services rendered within 180 days of the Petition Date and thus comes within § 1129(a)(9)(B). *See generally* Ex. A.[5] The Plan

---

[5] There is a long line of case law allowing unpaid group health insurance premium as a Section 507(a)(5) priority as a contribution to an employee benefit plan. *See, e.g., Howard Delivery Service,*

does not comply with § 1129(a)(9)(B), however, because it states "Contributions to Employee Benefit Plan Total estimated amounts [is] $0.00," which implies Anthem will receive nothing on its claim. (Plan, at Section III(C)(4) p.40 (treatment of Class 2C Claims).) The Plan should estimate Class 2C Claims just the same as it estimated the filed Priority Tax claims.

18. Further, even if the Plan stated an amount for Anthem's Amended Claim, to the extent payment on Anthem's Amended Claim is deferred, it does not comply with § 1129(a)(9)(B) for two reasons. First, if Anthem, which is believed to be the only claimant in Class 2C, had been given a ballot, it would have voted against the Plan and thus payment under § 1129(a)(9)(B) would have been required on the Effective Date. Here, the Plan states that Class 2C will receive payment in full "ten days after the later of (a) the Effective Date, or (b) the date an order Allowing any such Class 2C Claim becomes a Final Order." (Plan p. 17, lns 19-22.) Given the Plan's allotment of 270 days to object to Anthem's Amended Claim, it will be at least nine months, if not more than a year, after the Effective Date before any distribution is made on the Anthem Amended Claim.

---

*Inc., v. Zurich American Ins. Co.*, 547 U.S. 651, 654–62 (2006) (observing that § 507(a)(5) was intended to provide priority treatment for portions of employee fringe benefits, including group health insurance); *In re Saco Local Dev. Corp.*, 711 F.2d 441, 448–49 (1st Cir. 1983) (ruling claim for premium for employee group life, health and disability insurance was entitled to priority); *Ivey v. Great W. Life & Annuity Ins. Co.*, 308 B.R. 752, 758–59 (M.D.N.C. 2004) (ruling claims for fees due for administration of self-funded health plan and premiums due for stop loss coverage related to claims under health plan and were entitled to priority); *Aetna Life Ins. Co. v. Montaldo Corp. (In re Montaldo Corp.)*, 232 B.R. 853, 854–55 (M.D.N.C. 1997) (ruling claims for premium for group life and health insurance were entitled to priority); *In re Allegheny Int'l, Inc.*, 145 B.R. 820, 822–23 (W.D. Pa. 1992) (ruling claims for premiums for unpaid group life, disability and accidental death and dismemberment insurance, as well as fees for administering self-insured medical benefit plans were entitled to priority); *In re Tropicana Entm't, LLC*, No. 08-10856 (KJC), 2015 WL 6112064, at *10 (Bankr. D. Del. Oct. 14, 2015) (ruling claim for premiums under health and dental insurance policies was entitled to priority); *Falcon Creditor Trust v. Blue Cross Blue Shield (In re Falcon Prods., Inc.)*, 372 B.R. 474, 482, 486 (Bankr. E.D. Mo. 2007) (ruling claim for fees for administration of self-insured health plan and premiums for stop-loss insurance entitled to priority), *aff'd*, No. 4:07-CV-1495, 2008 WL 363045 (E.D. Mo. Feb. 8, 2008); *In re Build Tech Sys.*, 339 B.R. 328, 332 (Bankr. D. Vt. 2006) (ruling claim for health insurance premiums was entitled to priority); *Lummus Indus., Inc. v. Blue Cross and Blue Shield of Georgia, Inc. (In re Lummus Indus., Inc.)*, 193 B.R. 615, 616–19 (Bankr. M.D. Ga. 1996) (ruling claim for fees and costs incurred in administering self-insured health plan was entitled to priority); *In re Cardinal Indus.*, 164 B.R. 76, 78–79 (Bankr. S.D. Ohio 1993) (same).

7

19. Second, if Class 2C had been given a ballot and voted in favor of the Plan, then payment beyond the Effective Date would have required the payment of interest. In violation of § 1129(a)(9)(B), the Plan does not provide any interest from the Effective Date, while the Liquidating Trustee is deciding to object to Anthem's Amended Claim to a final order. (Plan, p. 17, lns 12-21. Section 1129(a)(9)(B) requires the Plan to provide interest payments on Class 2C claims while payments are deferred beyond the Effective Date.

### B. Anthem was not given the opportunity to vote on the Plan.

20. Anthem has the right to vote on the Plan because § 1126(a) states "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan," and under § 502(a) a proof of claim is deemed allowed unless a party in interest objects.

21. Further, the Plan specifically provides that Allowed Class 2C claims—such as Anthem's Amended Claim—are impaired[6] and "Entitled to Vote" on the Plan and states the "Total estimated amount: [is] $0.00." (Plan, Section III(C)(4), p. 17.)

22. As Anthem is impaired and was never given a ballot to vote to accept or reject the Plan, the Plan violates § 1126(a) and cannot be confirmed unless Anthem has the opportunity to vote.

### C. The Plan is unfair to Anthem.

23. The Plan is also unfair because it wrongly proposes to pay the lower priority § 507(a)(8) tax claims of $1,359,190.24 either on the Effective Date or over time with interest, while giving the Liquidating Trustee up to 270 days to file an objection to Anthem's claim before any payment will be made. (Plan Sections III(B)(3) & IV(I)(4), p. 40.) Thus, it could be well over a year before Anthem receives any payment and at that time the Estate may not have sufficient funds to satisfy Anthem's § 507(a)(5) priority claim, but at that point significant distributions may have already been made on lower priority § 507(a)(8) claims.

---

[6] As noted above, Class 2C claims may have to wait at least 280 days from the Effective Date to receive a distribution, and, thus, are impaired under 11 U.S.C. § 1124(a)(1). *See, e.g., In re Brewery Park Assocs., L.P.*, No. BR 10-11555, 2011 WL 1980289, at *9 (Bankr. E.D. Pa. Apr. 29, 2011) (claims were impaired where claimants must wait six months to receive plan distribution).

Thus, the Plan violates the fair and equitable test under § 1129(b)(2)(B)[7] unless sufficient funds to pay Anthem's Amended Claim plus interest are sequestered.

### D.  Resolving Anthem's objections.

22.  Anthem believes the foregoing flaws in the Plan can be resolved by revising the Plan and/or the Confirmation Order to provide that Allowed Class 2C claims will receive payment in full on the Effective Date of the Plan, and, as a result, that Allowed Class 2C claims are unimpaired and not entitled to vote on the Plan.

23.  In the alternative, to the extent the Court is inclined to provide the Liquidating Trustee some time after the Effective Date to make and file objections to claims (which Anthem proposes be limited to no more than 90 days), then the Plan and/or the Confirmation Order should provided that (i) Allowed Class 2C claims will receive deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims by paying interest accruing at least at the prime rate of interest[8] as in effect on the Effective Date, and (ii) and to the extent the Plan Proponents intend to make any distributions on claims with a lower priority before paying the Anthem Amended Claim in full, funds sufficient to pay the full amount of the Anthem Amended Claim plus interest at the prime rate for one year should be sequestered for such purposes.

///

///

///

---

[7] That is, the Plan does not either provide that holders of Class 2C claims will receive value, as of the Effective Date, equal to the allowed amount of such claims, or that holders of claims junior in priority to Class 2C will not receive or retain any property under the Plan. See 11 U.S.C. § 1129(b)(2)(B).

[8] See, e.g., In re Tapang, 540 B.R. 701, 707, 710 (Bankr. N.D. Cal. 2015) (applying prime plus formula approach from Till v. SCS Credit Corporation, 541 U.S. 465 (2004), in determining present value of payments for purposes of confirmation under § 1129).

## IV. CONCLUSION

For the foregoing reasons, Anthem respectfully requests that this Court (i) deny confirmation unless the above modifications are made to the Plan and/or Confirmation Order as set forth herein, and (ii) grant such other and further relief as is just and proper.

DATED: August 13, 2024

FLP LAW GROUP LLP

By: /s/ Alan W. Forsley
Alan W. Forsley

*Attorneys for Blue Cross of California d/b/a Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **BLUE CROSS OF CALIFORNIA D/B/A ANTHEM BLUE CROSS AND ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY'S OBJECTION TO CONFIRMATION OF MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED  JUNE 14, 2024)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 13, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 13, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable
Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 13, 2024 | ADELAIDA HERNANDEZ | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Additional Service List
*Via ECF*

- **Kyra E Andrassy**   kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**   eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**   birnberg@portersimon.com, kdwyer@portersimon.com
- **Peter W Bowie**   peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**   ron@rkbrownlaw.com
- **Christopher Celentino**   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**   cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**   rbc@randallbclark.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**   mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl**   anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com
- **Ashley Dionisio**   adionisio@omniagnt.com
- **Jenny L Doling**   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**   dedelman@edcombs.com, courtecl@edcombs.com
- **Howard M Ehrenberg**   Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **Meredith Fahn**   fahn@sbcglobal.net
- **Jeremy Faith**   Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **William P Fennell**   william.fennell@fennelllaw.com, wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**   mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Jeremy Freedman**   jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Eric Gassman**   erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**   christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Amy Lynn Ginsburg**   efilings@ginsburglawgroup.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**   dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**   b.holman@musickpeeler.com
- **Richard L. Hyde**   rhyde@awglaw.com
- **Peter L Isola**   pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com
- **Sara Johnston**   sara.johnston@dinsmore.com
- **Sweeney Kelly**   kelly@ksgklaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

- Joon M Khang    joon@khanglaw.com
- Ira David Kharasch    ikharasch@pszjlaw.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- Kelli Ann Lee    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Britteny Leyva    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- Marc A Lieberman    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- Michael D Lieberman    mlieberman@lipsonneilson.com
- Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- Mitchell B Ludwig    mbl@kpclegal.com, kad@kpclegal.com
- Daniel S March    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Mark J Markus    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- Sarah S. Mattingly    sarah.mattingly@dinsmore.com
- William McCormick    Bill.McCormick@ag.tn.gov
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- Glenn D. Moses    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- Jamie D Mottola    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
- Victoria Newmark    vnewmark@pszjlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Israel Orozco    israel@iolawcorp.com
- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- Michael R Pinkston    rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- Douglas A Plazak    dplazak@rhlaw.com
- Tyler Powell    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Vanessa Rodriguez    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- Kevin Alan Rogers    krogers@wellsmar.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott@hklaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Maureen J Shanahan    Mstotaro@aol.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- Jeffrey M Singletary    jsingletary@swlaw.com, rmckay@swlaw.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Adam D Stein-Sapir    info@pfllc.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                F 9013-3.1.PROOF.SERVICE

- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **John H. Stephens**   john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **Michael R Totaro**   Ocbkatty@aol.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**   wwall@wall-law.com
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**   rzepeda@omniagnt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

## In re The Litigation Group P.C.
## USBC Case No. 8:23-bk-10571-SC
*Via U.S. Mail*

| **20 Largest Unsecured Claims** | **Secured Creditors** |
|---|---|
| Azevedo Solutions Groups, Inc.<br>420 Adobe Canyon Rd.<br>Kenwood, CA 95452 | Diverse Capital LLC<br>323 Sunny Isles Blvd., Suite 503<br>Sunny Isles, FL 33154 |
| Debt Pay Pro<br>1900 E Golf Road, Suite 550<br>Schaumburg, IL 60173 | City Capital NY<br>1135 Kane Concourse<br>Bay Harbour Islands, FL 33154 |
| Sharp Business Systems<br>8670 Argent St<br>Santee, CA 92071 | |
| Tustin Executive Center<br>1630 S Sunkist Steet, Ste A<br>Anaheim, CA 92806 | |
| Exela Enterprise Solutions<br>2701 E. Grauwyler Road<br>Irving, TX 75061 | |
| Netsuite-Oracle<br>2300 Oracle Way<br>Austin, TX 78741 | |
| Credit Reporting Service Inc<br>548 Market St, Suite 72907<br>San Francisco, CA 94104-5401 | |
| Document Fulfillment Services<br>2930 Ramona Ave #100<br>Sacramento, CA 95826 | |
| Executive Center LLC<br>5960 South Jones Blvd<br>Las Vegas, NV 89118 | |
| LexisNexus<br>15500 B Rockfield Blvd<br>Irvine, CA 92618 | |