1

RICHARD H. GOLUBOW (SBN 160434)
rgolubow@wghlawyers.com

2

GARRICK A. HOLLANDER (SBN 166316)
ghollander@wghlawyers.com

3

PETER W. LIANIDES (SBN 160517)
plianides@wghlawyers.com

4

**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500

5

Newport Beach, CA  92660
Telephone: (949) 720-4100

6

Facsimile: (949) 720-4111

7

A. Barry Cappello (SBN 037835)
abc@cappellonoel.com

8

David L. Cousineau (SBN 298801)
dcousineau@cappellonoel.com

9

**CAPPELLO & NOËL LLP**
831 State Street

10

Santa Barbara, CA 93101
Telephone: (805) 564-2444

11

Facsimile: (805) 965-5950

12

Attorneys for Debt Validation Fund II, LLC,
MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC

13

14

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

15

**SANTA ANA DIVISION**

16

17

In re

18

THE LITIGATION PRACTICE GROUP P.C.,

19

Debtor.

20

21

22

23

24

25

26

27

28

Case No.: 8:23-bk-10571-SC

Chapter 11 Proceeding

**OPPOSITION TO MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED JUNE 14, 2024)**

DATE:        August 29, 2024
TIME:        10:00 a.m.
CTRM:      5C – (In Person or Via ZoomGov)

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE CHAPTER 11 TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND ALL PARTIES IN INTEREST:**

Debt Validation Fund II, LLC ("<u>DVF</u>"), MC DVI Fund 1, LLC and MC DVI Fund 2, LLC ("<u>MC DVI</u>", and collectively, the "<u>Creditors</u>") hereby submit this Opposition ("<u>Opposition</u>") to the *Joint Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)* ("<u>Plan</u>") filed by Richard A. Marshack, in his capacity as the chapter 11 trustee of the Debtor (the "<u>Trustee</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of The Litigation Practice Group P.C. (the "<u>Debtor</u>").

## I.

## <u>INTRODUCTION</u>

The Creditors submit this Opposition to the Plan as to certain provisions in the proposed Trust Agreement (defined below) which are unnecessary, inefficient and will inevitably lead to duplicative and unnecessary professional services in the administration of the Liquidation Trust. The proposed Plan and Trust Agreement provide for the formation of a Liquidating Trust, the appointment of a Liquidating Trustee and the establishment of a Post-Confirmation Committee. The Trust Agreement provides the Post-Confirmation Committee with substantial powers of both oversight and "veto" rights over certain actions of the Liquidating Trustee. The Trust Agreement also provides for the ability to pay professional fees to all professionals without the need to obtain Bankruptcy Court approval.

If both the Liquidating Trustee and the Post-Confirmation Committee represent the interests of creditors, what is the purpose of having two sets of independent fiduciaries, both of which have the right to employ professionals at the expense of all creditors?

An additional problem with the establishment of a Post-Confirmation Committee is that the individual committee members have virtually no economic stake in the administration of the Liquidation Trust. All but one of the members hold relatively small claims, and in light of the

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

estimated distribution of only 2.51%[1], their anticipated distributions are truly miniscule at best.  As set forth below, five (5) out of the seven (7) committee members have an anticipated distribution of **less than $1,000**.  In light of the extremely low projected distribution to these members, they have little incentive to actively monitor the administration of the Liquidation Trust and objectively represent the interests of general unsecured creditors.  The Creditors object on the basis that proposed members of the Post-Confirmation Committee have vastly out-sized control over the administration of the Liquidation Trust, relative to their *di minimis* economic stake.

The Creditors submit that irrespective of the economic stake of the individual Committee members, the appointment of both a Liquidating Trustee and a Post-Confirmation Committee is unnecessary and duplicative, which will inevitably lead to the inefficient administration of the Liquidation Trust and the incurrence of excessive professional fees and expenses.

To the extent, however, that the proposed oversight structure is intended to serve as a "check and balance" on case management, strategy and all professional fees and expenses, then the Creditors suggest that the Liquidation Trust be revised to acknowledge that unresolved disputes between the Liquidating Trustee and the Post-Confirmation Committee are to be resolved by the Court, not in favor of the Post-Confirmation Committee.  To supplant the Court's authority and judgment with that of the Post-Confirmation Committee's proposed veto power eliminates important transparency for a case that has garnered significant public interest.

 Further, the Creditors are aware of the Objection to the Plan filed by Greyson Law Center, PC and Han Trinh & Jayde Trinh ("Greyson Objection") [see, Docket No. 1490].  While the Creditors do not agree with or adopt the entirety of the Greyson Objection, the Creditors do agree with the arguments set forth in Section VIII that there is no need to have a Liquidating Trust, the Trustee can serve as the disbursing agent under the Plan, and continue to employ professionals in furtherance of

---

[1] The Creditors acknowledge that the Liquidation Analysis filed as a supplement to the Court approved Disclosure Statement did not include the anticipated recoveries on various causes of action and other litigation efforts currently being pursued by the Trustee; the Trustee believes that these recoveries will be material, and would be benefit general unsecured creditors, and that these efforts are too preliminary to assign any potential values to them.

MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

1 | carrying out his duties under the Plan, with all fees and expenses incurred by the Trustee and his

2 | professionals subject to filed applications and Bankruptcy Court approval. See, Greyson Objection at

3 | pages 23 – 27.

4 |       Considering the minimal projected distribution to general unsecured creditors, the considerable

5 | fees and expenses accumulated thus far, and the significant public interest and national scrutiny[2] this

6 | case has attracted, transparency and rigorous Bankruptcy Court oversight are absolutely essential. As

7 | long as the Liquidating Trust remains the mechanism through which the Plan is executed, any

8 | provisions allowing the payment of professional fees without Bankruptcy Court approval must be

9 | unequivocally eliminated.

**II.**

**FACTUAL BACKGROUND**

**A.  Creditors' Significant Claims in this Chapter 11 Case.**

Creditors, three (3) investment funds composed of approximately 500 investors, are the largest

creditors of this bankruptcy estate.  In August 2022, the Debtor and the Creditors entered promissory

notes (the "Notes") dated September 1, 2022 for $66.4 million (for DVF) and $37.4 million (for MC

DVI).

**B.  Appointment of the Committee, With Substantially All Members Holding *Di Minimis***
**Claims**.

On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of

the Bankruptcy Code.  Docket No. 134.  On June 23 2023, the U.S. Trustee initially appointed a five

(5) member Committee.  On June 29, 2023, the U.S. Trustee filed an amended notice, adding two (2)

additional members, for a total of seven (7) Committee members.  As set forth in detail below, the

alleged claims of six (6) of seven (7) members of the Committee aggregate $181,368.95.

---

[2] See, https://www.forbes.com/sites/jayadkisson/2024/08/12/attorney-alleged-to-have-embezzled-up-to-282-million-from-clients-in-purported-debt-resolution-scam/;
see also, https://www.msn.com/en-us/news/crime/tustin-lawyer-misappropriated-up-to-282-million-from-clients-looking-for-debt-relief-state-bar-says/ar-BB1qaHjy.

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

**C.  Proposed Appointment of Same Members to Post-Confirmation Committee**.

The Plan *inter alia* provides for the creation of a post-confirmation liquidating trust ("Liquidation Trust").  See, Plan, at 1:22-24 ("The Plan is premised on the creation of the Liquidation Trust, which will succeed to all rights, interests, and property of the Debtor and the Estate.")  The Plan attaches as an exhibit thereto, the proposed Liquidation Trust Agreement ("Trust Agreement").

The Plan further provides for the establishment of a Post-Confirmation Oversight Committee ("Post-Confirmation Committee").  See, Plan, at 25:10-15.  The Trust Agreement provides that the seven (7) members of the Committee will serve as the members of the Post-Confirmation Committee. See, Trust Agreement at Article 2.10(a) ("The initial members of the Post-Confirmation Committee shall be the persons identified in those certain *Notices of Appointment of Committee of Unsecured Creditors* [Docket Nos. 134 and 157].").

The Trust Agreement gives the Post-Confirmation Committee virtual "veto" rights over various actions of the Liquidating Trustee, which require the majority consent of the Post-Confirmation Committee prior to the Liquidating Trustee taking any actions.  As addressed in more detail below, the Creditors are concerned that these material veto powers will cause unnecessary inefficiencies and expense in the administration of the Liquidation Trust.

The Trustee and Committee filed a Supplement to the Disclosure Statement and attached the Liquidation Analysis (as that term is defined in the Disclosure Statement). See, Docket No. 1145. **The Liquidation Analysis reflects a projected estimated recovery to allowed general unsecured claims in the amount of only 2.51%.**  In light of the low projected recovery to unsecured creditors, the Creditors believe it is essential for the Liquidation Trust to be administered in an efficient manner for the benefit of creditors, rather than for the benefit of professionals.

**D.      All But One of the Members of the Post-Confirmation Committee Lack a Material Economic Interest in the Administration of the Liquidation Trust**.

One of the disturbing facets of the Plan and Trust Agreement is that it provides for the establishment of a Post-Confirmation Committee, along with the right to retain and compensate professionals, notwithstanding the fact that substantially all of the individual members have no material economic stake in the administration of the Liquidation Trust.  All but one (Affirma LLC) of

the members "rubber-stamped" to serve on the Post-Confirmation Committee hold *di minimis* claim amounts.

In light of the low claim amounts and the minimal estimated distribution of only 2.51%, five (5) out of the seven (7) committee members have an anticipated distribution of **less than $1,000**.  Six (6) out of the seven (7) members have an anticipated distribution of **$2,500 or less**.  Specifically, the Committee members' claims and estimated distributions are as follows:

| Committee Member | Claim Number | Claim Amount | Distribution Estimated at 2.51% |
|---|---|---|---|
| Alexandra Lutfi | 47 | $5,219.64 | $131.01 |
| April Riedy | 8 | 27,059.25 | 679.19 |
| Denise Burtchell | 43 | 11,672.29 | 292.97 |
| Angela Dows, Esq. of Cory Reade Dows & Shafer | 13 2508 2512 | 67,061.67 13,978.00 18,976.50 | 1,683.25 350.85 476.31 |
| Thomas Ray | 45 | 18,384.00 | 461.44 |
| Affirma, LLC | 91 | 66,855,310.45 | 1,678,068.29 |
| Abigail R. Beaudin | 50 | 19,017.60 | 477.34 |
| **Total** (excluding Affirma LLC) | | **$181,368.95** | **$4,552.36** |

Thus, the vast majority of Committee members have no material stake in the administration of the Liquidation Trust.  In light of the extremely low projected distribution, such members have little incentive to actively monitor the post-confirmation administration and objectively represent the interests of general unsecured creditors.

Article 2.10(e) of the Trust Agreement gives the Post-Confirmation Committee the "sole and absolute discretion" to retain its own professionals at the expense of the Liquidation Trust:

> (e) Committee Professionals. **The Post-Confirmation Committee shall be entitled**, subject to **the Post-Confirmation Committee's sole and absolute discretion, to retain professionals** (the "Committee Professionals") solely to advise and to represent the Post-Confirmation Committee concerning the discharge of its duties set forth herein and in the Post-Confirmation Oversight Committee Bylaws. The Committee Professionals shall be compensated in accordance with Article 13.2 hereof.

Trust Agreement, at Article 2.10(e) (emphasis added).

The Creditors are concerned that this will inevitably lead to the inefficient administration of the



Liquidation Trust and the incurrence of wasteful professional fees at the expense of all general unsecured creditors.

The Creditors previously filed an objection to the Disclosure Statement ("<u>Prior Objection</u>") that addressed many of the issues addressed herein. <u>See</u>, Docket No. 1201. The Committee and Trustee filed an omnibus reply ("<u>Prior Reply</u>") in response to the Prior Objection and other objections filed to the Disclosure Statement. <u>See</u>, Docket No. 1214.

Two issues raised in the Prior Reply are addressed here. <u>First</u>, that the Creditors contend that "consumer creditors" have virtually no economic stake in the post-confirmation outcome of the case. <u>Second</u>, that the Creditors acquiesced to the Committee's current composition upon which the Post-Confirmation Committee is premised.

The Prior Reply attempts to mischaracterize the Prior Objection, in order to ignore or side step the actual arguments raised by the Creditors. The Creditors do <u>not</u> dispute the consumer-creditors are important stake holders in this case, who should be and are represented on the existing Committee. The Creditors are <u>not</u> advocating that investor-creditors should be given a larger representation on the Post-Confirmation Committee, should such committee be approved. Rather, the Creditors are gravely concerned these individual Committee members have such a small economic stake, given their likely *di minimis* distributions, that they have virtually no incentive to actively oversee the administration of the Liquidating Trust.

With the Trustee and his professionals crafting, initiating and prosecuting the overall case litigation strategy, given the projected minimal distribution to unsecured creditors, the creation of a Post-Confirmation Committee is duplicative and does not appear to add any value especially since the individual Committee members have little economic incentive to actively participate in the Post-Confirmation committee. To the extent that the Trustee, in his capacity as Liquidating Trustee or disbursing agent recognizes value in the retention of professionals presently retained to represent the Committee, nothing prevents the retention of such professionals by the Liquidating Trustee to assist in carrying out the provisions of the Plan.

Indeed, the Trust Agreement specifically contemplates that the Liquidating Trustee may employ Committee Professionals. <u>See</u>, Trust Agreement, Article 13.1(a) ("The Liquidation Trustee

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

Professionals so retained need not be 'disinterested' as that term is defined in the Bankruptcy Code and may include, without limitation, counsel and financial advisors of the Committee and Committee Professionals, subject to appropriate conflict waivers. … For sake of continuity, the Liquidating Trustee may employ, without further consent, Fox Rothschild LLP, … subject to the Post-Confirmation Committee's right to consent to the terms of engagement of such professionals by the Liquidation Trust, as set forth in Section 2.10(c).").  In light of this provision, why must there be a Post-Confirmation Committee in addition to the Liquidating Trustee?

Further, the Prior Reply contends that the Creditors have acquiesced to the Committee's composition, by failing to object to the efforts of appointing an ad hoc committee in June of 2023.  This argument is simply more misdirection.  The Creditors did not, and do not oppose consumer-creditors from being represented on the Committee.

While there is some split in authority, the Ninth Circuit BAP has held that the Bankruptcy Court lacks the authority to add or delete members of the Committee.

> Since the 1986 revision of § 1102, bankruptcy courts have held that courts no longer have this power because of the 1986 nationwide expansion of the Office of the U.S. Trustee. **The power to appoint and delete members of the Creditors' Committee now resides exclusively with the U.S. Trustee**. *Matter of Gates Engineering Co., Inc.*, 104 B.R. 653, 654 (Bankr.D.Del.1989) ( "Subsequent to 1986, subsection (c) was deleted in § 1102 so that **the court no longer had any authority over the composition of committees appointed by the U.S. Trustee.**"); *In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209, 210 (Bankr.S.D.N.Y.1990) ("Noteworthy is the **absence of any indication in the statute that the court may add to or delete an unsecured creditor from a committee.**").

In re Wheeler Technology, Inc., 139 B.R. 235, 239 (9th Cir. BAP 1992) (emphasis added).

In light of the foregoing authorities, the Creditors had no ability to file an objection or opposition to individual Committee members appointed by the U.S. Trustee, as the Bankruptcy Court lacks authority to appoint or delete members of the Committee.  Accordingly, the Creditors could not have "acquiesced" to the composition of the Committee, because the Creditors had no ability to petition the Bankruptcy Court to add or remove individual members of the Committee.

Moreover, at this juncture, the Creditors are objecting to the *creation* of the Post-Confirmation Committee, as proposed in the Plan, and not its individual members.  The fact that most of the proposed members of the Post-Confirmation Committee lack a sufficient economic interest in the


CAPPELLO
& NOEL LLP
TRIAL LAWYERS

1  administration of the Liquidating Trust is merely evidence that these Committee members have little

2  or no incentive to control professionals post-confirmation.

**III.**

**A COMMITTEE IS UNNECESSARY AND INEFFICIENT**

**ONCE AN INDEPENDENT TRUSTEE HAS BEEN APPOINTED**.

6  As a broad principle of policy, case law has long recognized that the creditor's committee is

7  unnecessary and inappropriate where a bankruptcy trustee has been appointed.  A trustee is an

8  independent fiduciary with a duty to creditors, and thus a committee merely represents the same

9  interests as the trustee, making the continued existence of the committee duplicative and inefficient.

10  For example, in In re Pacific Ave., LLC, 467 B.R. 868 (Bankr. W.D.N.C. 2012), the court entered an

11  order disbanding the committee pursuant to Section 105(d), once a chapter 11 trustee had been

12  appointed, holding as follows:

> When this case was initiated by the debtors-in-possession, the Committee was the only representative of those interests.
>
> Upon the appointment of the Trustee, that ceased to be the case. The Trustee has a statutory fiduciary duty to the same unsecured creditors represented by the Committee. The Trustee is capable of and required to adequately represent the interests of unsecured creditors in these cases. Consequently, the Committee's representation is duplicative and unnecessary.
>
> It is worth noting that an unsecured committee is not provided for in Chapter 7 liquidation cases—because of the presence of the Trustee in such cases. These cases, although filed pursuant to Chapter 11, are essentially liquidation cases—now administered by a Trustee. Consequently, as in Chapter 7 cases, the Committee is not necessary to the fair administration of these cases.

In re Pacific Ave., LLC, 467 B.R. 868, 870 (Bankr. W.D.N.C. 2012).

21  Similarly, in In re Breland, 583 B.R. 787, 794 (Bankr. S.D. Ala. 2018), the court followed

22  Pacific Ave, holding that in a chapter 11 case, the appointment of a committee was "duplicative and

23  unnecessary" once a chapter 11 trustee was appointed:

> An unsecured creditors' committee operates as a representative voice for the unsecured creditors in a chapter 11 case. The committee's role is always one of convenience and efficiency.  However, where a chapter 11 trustee is appointed, the necessity for such a representative committee generally no longer exists. Because the "[t]rustee has a statutory fiduciary duty to the same unsecured creditors" that a committee would have, allowing a committee to be appointed after a trustee has been appointed would be duplicative and unnecessary. "It is worth noting that an unsecured committee is not provided for in Chapter 7 liquidation cases—because of the presence of the Trustee in such cases." The appointment of a chapter 11 trustee renders the appointment of a committee unnecessary



MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

to the fair and orderly administration of the estate. The cost of another team of
professionals to represent the committee is impractical and is not cost effective.

In re Breland, 583 B.R. 787, 794 (Bankr. S.D. Ala. 2018) (citations omitted). See also, In re
Hearthstone Homes, Inc., 2012 WL 4027296, at *3 (Bankr. D. Neb. 2012) ("Once a Chapter 11 trustee
is appointed, the role of the Creditors Committee should be reduced since the trustee has a statutory
fiduciary duty to the same unsecured creditors represented by the Committee. Accordingly, the
Committee should limit its involvement and avoid unnecessary duplication of the trustee's efforts.").

The Creditors concede that the foregoing authorities are not strictly controlling in the context
of a post-confirmation committee appointed pursuant to a Chapter 11 plan.  However, the Creditors
submit that the reasoning and policy underlying these cases are applicable here.  The Post-
Confirmation Committee represents the interests of creditors, as does the Liquidating Trustee.
Appointing a Post-Confirmation Committee and a Liquidating Trustee "would be duplicative and
unnecessary." Breland, 583 B.R. at 794.

Here, any creditor voting on the Plan is not given the option to vote for or against the
appointment of a Post-Confirmation Committee.  Rather, the Plan is presented for confirmation on an
all or nothing basis.  The Creditors believe that the Court should weigh in on these types of costly and
inefficient provisions of the Plan.  The low estimate of recovery for general unsecured creditors
merely emphasizes the need for the administration of the Liquidation Trust in an efficient and cost-
effective manner.

The Trust Agreement gives the Post-Confirmation Committee the "sole and absolute
discretion" to retain its own professionals at the expense of the Liquidation Trust.  Trust Agreement, at
Article 2.10(e).  In light of the fact that the Trustee will remain in place but as the Liquidating Trustee,
and the Liquidating Trustee will have his own set of professionals, plus six (6) out of the seven (7)
Post-Confirmation Committee members have a *di minimis* economic stake in the post-confirmation
administration, as observed in the Breland case, *supra*, "[t]he cost of another team of professionals to
represent the committee is impractical and is not cost effective." Breland, 583 B.R. at 794.

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

# IV.

## THE POST-CONFIRMATION COMMITTEE HAS EXCESSIVE POWERS

## WHICH WILL LEAD TO INEFFICIENCIES AND UNNECESSARY FEES.

### A.    The Post-Confirmation Committee Will Have Improper Veto Rights Over the Liquidating Trustee.

While the Post-Confirmation Committee is referred to as a mere "oversight" committee, that appears to be a misnomer since the Trust Agreement appears to confer the Post-Confirmation Committee with substantial power and authority.  Specifically, the Trust Agreement requires the Liquidating Trustee to obtain the majority consent of the Post-Confirmation Committee prior to taking any actions regarding any of the following:

> (i) The settlement, compromise, or other resolution of any Cause of Action, wherein the stated amount in controversy exceeds $1,000,000.00, including, but not limited to, the settlement, compromise, or other resolution of claims with an asserted value in excess of $1,000,000.00;

> (ii) Any modification or amendment of this Agreement;

> (iii) The retention of Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, pursuant to Section 13.1 of this Agreement, and payment of fees and expenses, pursuant to Section 13.2 of this Agreement;

> (iv) The modification or amendment of the compensation to the Liquidation Trustee or the Liquidation Trustee Professionals retained by the Liquidation Trustee, other than annual, ordinary course increases in the hourly rates, provided that the Liquidation Trustee Professionals shall provide the Post-Confirmation Committee thirty (30) calendar days' advance notice of such annual, ordinary course increases; and

> (v) For the avoidance of doubt, on any actions not listed herein, the Liquidation Trustee shall consult with the Post-Confirmation Committee as the Liquidation Trustee deems necessary in his business judgment and keep the Post-Confirmation Committee regularly informed as required elsewhere in this Agreement.

Trust Agreement, Article 2.10(c).

Here, the Creditors' objection is premised upon the Creditors' belief that these "veto" rights will lead to even greater inefficiencies and costs in the administration of the Liquidation Trust.

The Creditors believe these provisions are inappropriate and should be stricken.  Query: Pursuant to Article 2.10(c)(iii), why does the Post-Confirmation Committee have "veto" rights over the Liquidating Trustee's retention of Professionals and Non-Professionals?  It is well established

CAPPELLO
& NOEL llp
TRIAL LAWYERS

MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

under California law that "strong deference is given to the client's choice of counsel." Tobin v. BC

Bancorp, 2009 WL 10671925, at *3 (S.D. Cal. 2009).  Why does the Post-Confirmation Committee

have the power to override the Liquidating Trustee's choice of counsel and other professionals?  The

Creditors are concerned that these provisions are largely for the benefit of the Post-Confirmation

Committee and its professionals who will attempt to dictate who is employed by the Liquidating

Trustee and which professionals will prosecute any litigation claims on behalf of the Liquidating

Trust.   How is that efficient and beneficial to the estate?

**B.  Assuming this Provision is Approved, the Court should Retain Jurisdiction to Approve Any Dispute between the Liquidating Trustee and the Post-Confirmation Committee.**

Creditors anticipate that the Committee will point to Article 2.10(d) of the Trust Agreement,

which gives the Liquidating Trustee a limited ability to contest a veto by the Post-Confirmation

Committee, as follows:

> (d) Disputes; Exclusive Right. The Post-Confirmation Committee shall have the sole and exclusive right to exercise the oversight powers set forth herein. If the Liquidation Trustee believes that the Post-Confirmation Committee's decision with respect to the actions described in Section 2.10(c)(i), (iii), and (iv) **would result in a breach of the Liquidation Trustee's fiduciary duty or duties**, the Liquidation Trustee may seek an order from the Bankruptcy Court resolving such dispute, subject to the Post-Confirmation Committee's right to object. In resolving any dispute presented to the Bankruptcy Court, the court need not find that the Post-Confirmation Committee's decision would in fact constitute a breach of the Liquidation Trustee's fiduciary duties. Instead, the Bankruptcy Court shall resolve such dispute based on what it finds to be in the best interest of the Liquidation Trust Beneficiaries. Notwithstanding the foregoing, and as a compromise between the Trustee and the Committee, the Liquidation Trustee may seek an order of the Bankruptcy Court authorizing the Liquidation Trustee to take an action set forth in Section 2.10(c) without the consent of the Post-Confirmation Committee on the grounds that the Post-Confirmation Committee's decision to withhold consent for such action is not in the best interests of the Liquidation Trust or the Liquidation Trust Beneficiaries (the "**Alternative Consent Procedure**"). The Trustee may only seek relief under the Alternative Consent Procedure **if the Post-Confirmation Committee is no longer represented by the Initial Post-Confirmation Committee Counsel**.

Trust Agreement, Article 2.10(d) (emphasis added).

Under Article 2.10(d), the Liquidating Trustee can only seek the Bankruptcy Court's resolution

of a veto by the Post-Confirmation Committee if the decision "would result in a breach of the

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

1   Liquidation Trustee's fiduciary duty or duties."  Similarly, the Alternative Consent Procedure can only

2   be sought "if the Post-Confirmation Committee is no longer represented by the Initial Post-

3   Confirmation Committee Counsel."

4          The Creditors believe that the Post-Confirmation Committee's veto rights under Article 2.10(c)

5   should not be approved, thereby rendering Article 2.10(d) moot.  Assuming Article 2.10(c) is

6   approved, the Liquidating Trustee should be able to seek a Bankruptcy Court order resolving any

7   dispute through the Bankruptcy Court regardless of whether it would result in a breach of fiduciary

8   duty, and regardless of whether Initial Post-Confirmation Committee Counsel is still representing the

9   Post-Confirmation Committee.  The Creditors submit that Article 2.10(c) gives the Post-Confirmation

10  Committee too much arbitrary authority and "heavy-handed" control over the Liquidating Trustee.

11                                          **V.**

12          **THE OBJECTIONABLE PROVISIONS IN THE LIQUIDATION TRUST RUN**

13  **AFOUL OF THE GOOD FAITH REQUIREMENT FOR CONFIRMATION OF THE PLAN**

14          The Prior Reply contends that the Prior Objection cites no provision of Bankruptcy Code

15  Section 1129 (or other Bankruptcy Code provision) that would render the Plan unconfirmable.

16  However, Section 1129(a)(3) provides that a plan may only be confirmed if it "has been proposed in

17  good faith."  "A chapter 11 debtor has the burden of proving this 'good faith' element is met, as well

18  as the burden of proving all of the other elements governing plan confirmation."  In re Silberkraus, 253

19  B.R. 890, 902 (Bankr. C.D. Cal. 2000) citing In re Leavitt, 209 B.R. 935, 940 (9th Cir. BAP 1997),

20  aff'd, 171 F.3d 1219 (9th Cir.1999).

21          "Good faith requires that a plan will achieve a result consistent with the objectives and

22  purposes of the Code. It also requires a fundamental fairness in dealing with one's creditors. The

23  bankruptcy judge is in the best position to assess the good faith of the parties."  In re Stolrow's Inc., 84

24  B.R. 167, 172 (9th Cir. BAP 1988).  Thus, Section 1129(a)(3) "permits considerable judicial discretion

25  to be exercised and equitable considerations such as fundamental fairness to creditors to come into

26  play."  In re Renegade Holdings, Inc., 429 B.R. 502, 519 (Bankr. M.D.N.C. 2010).  See also, 7 Collier

27  on Bankruptcy, ¶ 1129.02 (16th 2024) ("Affiliated parties sometimes use the bankruptcy of one

28  affiliate to benefit another, with that benefit being extracted at the debtors' or creditors' expense.

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

Courts have found such actions to be indicative of a lack of good faith under section 1129(a)(3).").

Here, the Committee and Trustee have failed to establish that the provisions regarding the creation of the Post-Confirmation Committee, the authority to compensate professionals without Bankruptcy Court approval, and the veto power of the Post-Confirmation Committee over actions of the Liquidating Trustee are proposed in good faith.  These provisions, irrespective of the intent of the drafters of the Plan and Liquidating Trust, lack transparency and fundamental fairness in dealing with creditors.

While it is not the function of the Court to dictate the terms of a plan of reorganization, the Court can and should deny confirmation of the Plan in its present form, without prejudice to the submission of an amended plan that complies with the good faith requirements.  See, In re Bush Industries, Inc., 315 B.R. 292, 308 (Bankr. W.D.N.Y. 2004) (denying confirmation for failure to satisfy Section 1129(a)(3), but scheduling a further status conference on the basis that the court "foresee no insurmountable barrier to confirmation of an appropriately revised plan."); In re Skin Sense, Inc., 2017 WL 2773521, at *6 (Bankr. E.D.N.C. 2017) (denying confirmation "without prejudice" for failure to satisfy Section 1129(a)(3), and setting deadline for the submission of a revised plan); In re Faison, 556 B.R. 728 (Bankr. E.D.N.C. 2016) (same).

## VI.

## CONCLUSION

Based upon the foregoing, the Creditors request that the Court deny confirmation of the Plan unless the Plan as confirmed includes *inter alia* deleting the appointment of a Post-Confirmation Committee, or alternatively, substantially limiting the powers of the Post-Confirmation Committee, including its ability to retain professionals at the expense of the Liquidation Trust, and requiring that all professional fees are subject to approval of the Bankruptcy Court.

DATED:  August 15, 2024              **WINTHROP GOLUBOW HOLLANDER, LLP**


By:   */s/ Richard H. Golubow*
      Richard H. Golubow
      Peter W. Lianides
Attorneys for Debt Validation Fund II, LLC,
MC DVI Fund 1, LLC and MC DVI Fund 2, LLC

-14-

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED JUNE 14, 2024)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 15, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **August    , 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August    , 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 15, 2024 | Silvia Villegas | */s/ Silvia Villegas* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |


CAPPELLO
& NOEL LLP
TRIAL LAWYERS

MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

**NEF SERVICE LIST**

- **Kyra E Andrassy**   kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**   eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**   birnberg@portersimon.com, kdwyer@portersimon.com
- **Peter W Bowie**   peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**   ron@rkbrownlaw.com
- **Christopher Celentino**   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**   cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**   rbc@randallbclark.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**   mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl**   anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com
- **Ashley Dionisio**   adionisio@omniagnt.com
- **Jenny L Doling**   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**   dedelman@edcombs.com, courtecl@edcombs.com
- **Howard M Ehrenberg**   Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **Meredith Fahn**   fahn@sbcglobal.net
- **Jeremy Faith**   Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **William P Fennell**   william.fennell@fennelllaw.com, wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**   mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Jeremy Freedman**   jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Eric Gassman**   erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**   christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Amy Lynn Ginsburg**   efilings@ginsburglawgroup.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**   dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**   b.holman@musickpeeler.com
- **Richard L. Hyde**   rhyde@awglaw.com
- **Peter L Isola**   pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com
- **Sara Johnston**   sara.johnston@dinsmore.com
- **Sweeney Kelly**   kelly@ksgklaw.com
- **Joon M Khang**   joon@khanglaw.com
- **Ira David Kharasch**   ikharasch@pszjlaw.com
- **Meredith King**   mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**   nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com
- **David S Kupetz**   David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**   chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

MAINDOCS-#273830-v3-LPG_Opposition_to_Plan

Cappello
& Noël LLP
TRIAL LAWYERS

- **Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**    bleyva@mayerbrown.com,
  2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **William McCormick**    Bill.McCormick@ag.tn.gov
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Israel Orozco**    israel@iolawcorp.com
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**    rpinkston@seyfarth.com,
  jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Tyler Powell**    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**    krogers@wellsmar.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott@hklaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**    Mstotaro@aol.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
  6096@ecf.pacerpro.com
- **John H. Stephens**    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Matthew J Stockl**    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**    rzepeda@omniagnt.com



MAINDOCS-#273830-v3-LPG_Opposition_to_Plan