D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

THE LITIGATION PRACTICE GROUP, P.C.,

Debtor.

Case No. 8:23-bk-10571-SC

Chapter 11

CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING STIPULATION BETWEEN TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND DISPUTED SECURED CREDITOR, AZZURE CAPITAL, LLC FOR: (1) CONSENT TO USE OF DISPUTED CASH COLLATERAL; AND (2) REPLACEMENT LIEN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT

Requested Hearing
Date: August 29, 2024
Time: 10:00 a.m.
Ctrm: 5C
Address: 411 West Fourth Street
Santa Ana, CA 92701

/ / /

/ / /

/ / /

/ / /

/ / /

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor"), submits this motion ("Motion") for an order approving the Stipulation Between Trustee, the Official Committee of Unsecured Creditors ("Committee"), and Azzure Capital, LLC ("Azzure," and together with Trustee and the Committee, the "Parties") for (1) Consent to Use of Disputed Cash Collateral, and (2) Replacement Lien ("Stipulation"). A true and correct copy of the Stipulation is attached to the Declaration of D. Edward Hays ("Hays Declaration") as **Exhibit 1**.

## 1. Summary of Argument

A debtor may use, sell, or lease property of the estate in the ordinary course of business without court approval. 11 U.S.C. § 363(c)(1). But a debtor may not use, sell, or lease cash collateral unless: (i) each entity that has an interest in such cash collateral consents; or (ii) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section. 11 U.S.C. § 365(c)(2). A motion is required to obtain approval of an agreement to use cash collateral and for any agreement providing adequate protection including a replacement lien. *See* Fed. R. Bankr. P. 4001(d)(1)(A)(i) and (iv).

Here, Azzure has consented to use of its alleged cash collateral as set forth in the Stipulation. Further, the Stipulation provides for Azzure to receive adequate protection for such use in the form of a replacement lien on all estate assets including litigation recoveries. The Trustee therefore requests preliminary approval of the Stipulation on August 29, 2024, with a final hearing to be set for a later date.

## 2. Summary of Terms

Pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(1)(B), a motion for approval of a stipulation for use of cash collateral shall list or summarize (i) the name of each entity with an interest in the cash collateral; (ii) the purpose for the use of the cash collateral; and (iii) the material terms, including duration of the use of the cash collateral; and (iv) any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no

additional adequate protection is proposed, an explanation of why each entity's interest is not adequately protected.

Here, the name of the entity with an interest in the alleged cash collateral is Azzure. The proposed use of the cash collateral is to make payments due on the effective date under the "Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)" ("Plan"), filed as Docket No. 1344. The material terms, including duration of the use of the cash collateral, are as set forth in the attached Stipulation. And, any liens, cash payments, or other adequate protection that will be provided to Azzure are likewise as set forth in the Stipulation.

The Stipulation includes the following terms:

1. The Trustee and Liquidating Trust (as that term is defined in the Plan) established under the Plan may use all assets of the estate, including cash currently held by the estate or received before the effective date of the Plan, which is subject to Azzure's disputed secured claim, including for purposes of making payments due on the effective date under the Plan. Without limiting the generality of the foregoing, Azzure expressly consents to (i) all payments to unclassified creditors (under Section II.B. of the Plan) required under the Plan, (ii) all Effective Date payments to Class 1 and Class 2 creditors required under the Plan, and (iii) any related settlement agreement payments due on the Effective Date.
2. Notwithstanding Azzure's disputed secured claim and the replacement liens set forth herein, the Trustee and Liquidating Trust established under the Plan may further use any assets of the Liquidating Trust to make such payments that may come due to holders of Allowed Class 2 claimants required under the Plan during the one-year period commencing on the Effective Date of the Plan.
3. As adequate protection for any diminution in value of the collateral securing Azzure's alleged secured claim resulting from the Trustee's or Liquidating Trust's use of such assets, Azzure is granted a replacement lien to the extent of such diminution in value as follows: (i) a second priority replacement lien secured by all assets of the estate or Liquidating Trust that constitute collateral of other secured creditors; and (ii) a first

priority replacement lien secured by all unencumbered assets of the estate or Liquidating Trust, including all residual sale proceeds, recovery on pending litigation, including but not limited to avoidance actions received after the effective date of the Plan, other cash receipts, and or any other asset that may be recovered by the estate. Such replacement liens shall have the same validity, priority, and extent of Azzure's lien that existed as of the petition date.

4. The Debtor and the Committee hereby waive any right to surcharge Azzure under 11 U.S.C. 506(c), or any other applicable law, against Azzure or any of the collateral secured by the replacement lien.

5. The Parties retain all rights, claims, and defenses regarding the validity, priority, and extent of Azzure's lien rights, except under paragraph 3, noted above.

6. The Trustee shall file a motion under Rule 4001(b) seeking to approve the terms of this Stipulation for use of disputed cash collateral and replacement lien and set it for hearing on or before August 29, 2024, at 10:00 a.m.

7. This Stipulation is not intended to release any claims held by the Estate to seek avoidance, termination, or disallowance of Azzure's alleged claim and lien, nor is it intended to waive or modify any of Azzure's claims against the Estate. As such, no approval of this agreement shall be required under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

8. Azzure further consents to the Committee intervening in the Adversary challenging Azzure's secured claim.

9. Debtor and the Committee will agree to clarify the treatment of Azzure's claim, class number 1B, as follows:

> Unless the Holder of an Allowed Class 1B Claim agrees to less favorable treatment, the Holder of an Allowed Class 1B Claim will receive payment of the Allowed amount of the Class 1B Claim, plus interest at the lesser of the contract rate and 8% from the Effective Date. The Holder of an Allowed Class 1B Claim will be entitled to the foregoing treatment ten days after the date on

which all of the following are satisfied: (a) there are sufficient funds in the Estate or Liquidating Trust to satisfy such Allowed Class 1B Claim; and (b) the later of (1) the Effective Date, or (2) the date an order Allowing any such Class 1B Claim becomes a Final Order.

10. Azzure consents to and will not oppose confirmation of the Plan.

Hays Decl., Ex. 1 at 14-15.

## 3. Factual Background

### A. General Background

On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"), commencing the Bankruptcy Case.

On May 8, 2023, the Court entered an order (the "Trustee Appointment Order") [Docket No. 65] granting a motion [Docket No. 21] filed by the Office of the United States Trustee ("UST"), which requested the appointment of a chapter 11 trustee. [Docket No. 21]. Richard A. Marshack was appointed as the chapter 11 trustee pursuant to the Trustee Appointment Order, and continues to serve in that capacity.

On June 23, 2023, the Office of the United States Trustee appointed the Committee [Docket No. 134], which was amended to increase the number of Committee members on June 29, 2023 [Docket No. 157].

### B. Azzure's Disputed Secured Claim

On or around February 7, 2023, Azzure asserts that it made a secured loan to Debtor in the total principal amount of $2.55 million ("Azzure Loan"), which Loan was evidenced by a promissory note issued to and for the benefit of Azzure, granting a security interest to Azzure in certain "Collateral" defined in Section 9 of that promissory note ("Note"). *See* Hays Decl., Ex. 1 at 12 (Stipulation, ¶ C).

Azzure asserts that the Azzure Loan has a present balance due of over $5 million which includes accrued interest as set forth in the Note, plus attorneys' fees and costs. *Id.* (Stipulation, ¶ D).

Azzure further asserts that the security interest memorialized in the Note was properly perfected by the assignment of an UCC-1 Financing Statement, filed by one of the Debtor's previous secured lenders under number U210050853928 on May 28, 2021 ("UCC Financing Statement"), which expressly lists "The Litigation Practice Group P.C." as one of the debtors. *Id.* (Stipulation, ¶ E).

### C. Trustee's Adversary to Determine the Validity, Priority, and Extent of Azzure's Lien

On January 26, 2024, the Trustee filed Adversary Proceeding No. 8:24-ap-01011-SC ("Adversary") against Azzure and other Defendants. In the Adversary, the Trustee disputes Azzure's alleged secured claim as set forth more fully in the pleadings on file in the Adversary. *See* Hays Decl., Ex. 1 at 13 (Stipulation, ¶ F).

If perfection is deemed proper, Azzure's loan would be deemed to have priority over UCC-1 financing statements previously filed by other secured parties. *Id.* (Stipulation, ¶ G).

On or about July 2, 2024, the Trustee filed his *Motion for Partial Adjudication on Counts Three and Seven of the Amended Complaint* ("Azzure Motion"). Docket No. 112.

Since the Petition Date, and continuing through the filing of the Adversary, the Parties have been discussing of global resolution of issues between Azzure and the Estate, and they believe that further discussions may be productive. *Id.* (Stipulation, ¶ I).

The Parties have agreed to attend mediation and they have now identified a mediator from the Court's Mediation Program. The Parties expect to file a Request for Assignment to Mediation Program and an Order Assigning Matter to Mediation Program and Appointing Mediator shortly. *Id.* (Stipulation, ¶ J).

### D. The Plan

The Trustee and the Committee have filed a *Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)* [Docket No. 1344] (as may be further amended, supplemented, or modified, the "Plan"). The Court has approved the form of the disclosure statement describing the Plan. The confirmation hearing on the Plan is set for August 29, 2024. Azzure's alleged secured claim is treated under Class 1B of the Plan.

Azzure had questions regarding the treatment of its claim under the Plan, and the Parties intend to clarify Azzure's treatment under the Plan through the Stipulation. *Id.* (Stipulation, ¶ M).

To facilitate confirmation of the Plan and settlement discussions, Azzure has agreed that the Trustee may use cash subject to its disputed secured claim in exchange for a replacement lien to attach to the Estate's future assets including litigation recoveries to protect against any diminution in value of the collateral securing such disputed secured claim. *Id.* at 13-14 (Stipulation, ¶ N).

### E. The Stipulation

In August 2024, the Parties executed the Stipulation attached to the Hays Declaration as **Exhibit 1**. The Stipulation includes the terms set forth above. In short, the Estate may use existing cash subject to the disputed Azzure lien in exchange for Azzure receiving a replacement lien on the estate's future assets. All parties have retained all rights, claims, and defenses with regard to whether Azzure in fact has a valid, perfected, and secured claim on the estate's existing cash.

## 4. Legal Argument

### A. The Court may authorize Trustee to use cash collateral.

A debtor may use, sell, or lease property of the estate in the ordinary course of business without court approval. 11 U.S.C. §363(c)(1). But a debtor "may not use, sell or lease cash collateral…. unless: (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. §363(c)(2); *see, e.g., Secured Leasing Partners, LP v. ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436, 440 (B.A.P. 9th Cir. 2004).

Furthermore, under Federal Rule of Bankruptcy Procedure 4001(d), a motion is required to obtain approval of an agreement to use cash collateral. *See* Fed. R. Bankr. P. 4001(d)(1)(A)(iv). A copy of the Stipulation and a proposed form of order must be attached to a motion for approval of a Stipulation. *Id*.

Here, Trustee seeks to us Azzure's cash collateral as set forth in the Stipulation. Azzure has consented to such use. Further, by this Motion, Trustee seeks a Court order approving the Stipulation. A copy of the Stipulation is attached to the Hays Declaration as **Exhibit 1**. A copy of the proposed form of order is attached as **Exhibit 2**.

### B. The Court Should Authorize the Use Of The Cash Collateral Under 11 U.S.C. § 363(c)(2)(A), Because Azzure Has Consented To Such Use.

The bankruptcy court can authorize use of cash collateral under 11 U.S.C. § 363(c)(2)(A) if each entity that has an interest in such cash collateral consents.

Here, as detailed by the Stipulation, Azzure has consented to the use of its cash collateral. *See* Hays Decl., Ex. 1. Azzure is the only entity with an interest in the cash collateral. Thus, pursuant to 11 U.S.C. § 363(c)(2)(A), this Court may authorize Trustee to use the cash collateral.

### C. The Court Should Authorize The Use Of Cash Collateral Under 11 U.S.C. § 363(c)(2)(B), Because Azzure Is Adequately Protected.

The bankruptcy court can also authorize use of said cash collateral under § 363(c)(2)(B) if after notice and a hearing, the Court determines the debtor has provided "adequate protection" of the secured creditor's interest in the cash collateral. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). Although the term "adequate protection" is not explicitly defined, § 361 provides that when adequate protection is required, it may be provided by:

> (1) Requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the . . . use . . . under section 363 of this title . . . results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property; or
>
> (3) Granting such other relief . . . as will result in the realizing by such entity of the indubitable equivalent in such entity's interest in such property.

11 U.S.C. §361.

Section 361 does not define "interest in property" of which a secured creditor is entitled to adequate protection. But the statute plainly provides that a qualifying interest demands protection only to the extent that the use of the creditor's collateral will result in a decrease in the "value of such entity's interest in such property." 11 U.S.C. §§ 361, 363(e); *see also First Fed. Bank v. Weinstein (In re Weinstein)*, 227 B.R. 284, 296 (B.A.P. 9th Cir. 1998).

The phrase "value of such entity's interest" was addressed by the Supreme Court in *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988). *Timbers* instructs that a secured creditor is entitled to adequate protection only against the diminution in the value of the collateral securing the creditor's allowed secured claim. *Id.* at 630. Therefore, where the value of the collateral is not diminishing by its use, sale, or lease, the creditor's interest is adequately protected.

Here, Azzure has stipulated to adequate protection for any diminution in value of the collateral securing its alleged secured claim resulting from Trustee's of Liquidating Trustee's use of such assets, specifically in the form of a replacement lien. *See* Hays Decl., Ex. 1, at 14-15 (Stipulation, § 3). The replacement lien will not provide for any more or any less than the extent of Azzure's existing disputed lien. Azzure is therefore adequately protected.

### D. The proposed form of order – FRBP 4001(d)(1)(A)

Rule 4001(d)(1)(A) of the Federal Rules of Bankruptcy Procedure requires that a motion for the authority to use cash collateral or for approval of a Stipulation be accompanied by a proposed form of order. The proposed form of order is appended to this Motion as **Exhibit 2.**

### E. Required Local Form F4001-2.STMT.FINANCE

As required by Local Bankruptcy Rule 4001-2(a), the Trustee will be filing the required local form for approval of the use of cash collateral. Thus, Trustee has complied with LBR 4001-2(a).

### F. Hearing

Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure provides: "The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

Trustee requests a preliminary hearing on the use of cash collateral to be heard concurrently with the hearing on Plan confirmation on August 29, 2024. The Trustee request that such further hearing be set at the time of the confirmation hearing.

## 5. Conclusion

The Trustee requests that the Court enter an order:

1. Granting the Motion in its entirety;
2. Approving the Stipulation; and
3. For such other relief as the Court deems just and proper.

Dated: August 16, 2024

MARSHACK HAYS WOOD LLP

By: */s/ D. Edward Hays*
D. EDWARD HAYS
LAILA MASUD
BRADFORD N. BARNHARDT
Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am a partner in the law firm of Marshack Hays Wood LLP, counsel to Richard A. Marshack in his capacity as Chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor").

5. I make this Declaration in support of Trustee's motion ("Motion") for an order approving the Stipulation Between Trustee, the Official Committee of Unsecured Creditors ("Committee"), and Azzure Capital, LLC ("Azzure," and together with Trustee and the Committee, the "Parties") for (1) Consent to Use of Disputed Cash Collateral, and (2) Replacement Lien ("Stipulation").

6. All terms not defined herein are used as they are defined in the Motion.

7. A true and correct copy of the Stipulation is attached as Exhibit 1.

8. A true and correct copy of the proposed order is attached as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 16, 2024.

/s/ D. Edward Hays

D. EDWARD HAYS

# EXHIBIT 1

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshakchays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt Avenue
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 11 Trustee,
RICHARD A. MARSHACK

Keith C. Owens (SBN 194841)
Nicholas A. Koffroth (SBN 287854)
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Counsel For Official Committee of Unsecured Creditors

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11 case<br><br>**STIPULATION BETWEEN CHAPTER 11 TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND AZZURE CAPITAL, LLC FOR (1) CONSENT TO USE OF DISPUTED CASH COLLATERAL; AND (2) REPLACEMENT LIEN**<br><br>Hearing on Motion to Approve Stipulation:<br>Date: August 28, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

TO: THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

This Stipulation is entered into by and between Richard A. Marshack ("Trustee"), solely in his capacity as Chapter 11 Trustee of the bankruptcy estate of the Litigation Practice Group. P.C.; the Official Committee of Unsecured Creditors ("Committee"); and Azzure Capital, LLC ("Azzure"). The Trustee, the Committee, and Azzure are collectively referred to as the "Parties."

**Recitals**

A. On March 20, 2023, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, commencing this bankruptcy case.

B. On May 8, 2023, Richard A. Marshack was appointed as the Chapter 11 Trustee of the Estate.

Azzure's Disputed Secured Claim

C. On or around February 7, 2023, Azzure asserts that it made a secured loan to The Litigation Practice Group P.C ("Debtor") in the total principal amount of $2.55 million ("Azzure Loan"), which Loan was evidenced by a promissory note issued to and for the benefit of Azzure, granting a security interest to Azzure in certain "Collateral" defined in Section 9 of that promissory note ("Note").

D. Azzure asserts that the Azzure Loan has a present balance due of over $5 million which includes accrued interest as set forth in the Note, plus attorneys' fees and costs.

E. Azzure further asserts that the security interest memorialized in the Note was properly perfected by the assignment of an UCC-1 Financing Statement, filed by one of the Debtor's previous secured lenders under number U210050853928 on May 28, 2021 ("UCC Financing Statement"), which expressly lists "The Litigation Practice Group P.C." as one of the debtors.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Trustee's Adversary to Determine the Validity, Priority, and Extent of Azzure's Lien

F. On January 26, 2024, the Trustee filed Adversary Proceeding No. 8:24-ap-01011-SC ("Adversary") against Azzure and other Defendants. In the Adversary, the Trustee disputes Azzure's alleged secured claim as set forth more fully in the pleadings on file in the Adversary.

G. If perfection is deemed proper, Azzure's loan would be deemed to have priority over UCC-1 financing statements previously filed by other secured parties.

H. On or about July 2, 2024, the Trustee filed his *Motion for Partial Adjudication on Counts Three and Seven of the Amended Complaint* ("Azzure Motion"). Docket No. 112.

I. Since the Petition Date, and continuing through the filing of the Adversary, the Parties have been discussing of global resolution of issues between Azzure and the Debtor, and they believe that further discussions may be productive.

J. The Parties have agreed to attend mediation and they have now identified a mediator from the Court's Mediation Program. The Parties expect to file a *Request for Assignment to Mediation Program* and an *Order Assigning Matter to Mediation Program and Appointing Mediator* shortly.

K. As such, the Trustee and Azzure filed a stipulation to continue the hearing on the Azzure motion for summary judgment.

The Plan

L. The Trustee and the Committee have filed a *Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)* [Docket No. 1344] (as may be further amended, supplemented, or modified, the "Plan"). The Court has approved the form of the disclosure statement describing the Plan. The confirmation hearing on the Plan is set for August 29, 2024. Azzure's alleged secured claim is treated under Class 1B of the Plan.

M. Azzure has questions regarding the treatment of its claim under the Plan, and the Parties intend to clarify Azzure's treatment under the Plan through this Stipulation.

N. To facilitate confirmation of the Plan and settlement discussions, Azzure has agreed that the Trustee may use the cash subject to its disputed secured claim in exchange for a

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

replacement lien to attach to the Estate's future recoveries to protect in any diminution in value of the collateral securing such disputed secured claim.

WHEREFORE, the Parties stipulate, agree and request that the Court enter on Order as follows:

**STIPULATION**

Subject to Court approval, the Parties agree and STIPULATE as follows:

1. The Trustee and Liquidating Trust (as that term is defined in the Plan) established under the Plan may use all assets of the estate, including cash currently held by the estate or received before the effective date of the Plan, which is subject to Azzure's disputed secured claim, including for purposes of making payments due on the effective date under the Plan. Without limiting the generality of the foregoing, Azzure expressly consents to (i) all payments to unclassified creditors (under Section II.B. of the Plan) required under the Plan, (ii) all Effective Date payments to Class 1 and Class 2 creditors required under the Plan, and (iii) any related settlement agreement payments due on the Effective Date.

2. Notwithstanding Azzure's disputed secured claim and the replacement liens set forth herein, the Trustee and Liquidating Trust established under the Plan may further use any assets of the Liquidating Trust to make such payments that may come due to holders of Allowed Class 2 claimants required under the Plan during the one-year period commencing on the Effective Date of the Plan.

3. As adequate protection for any diminution in value of the collateral securing Azzure's alleged secured claim resulting from the Trustee's or Liquidating Trust's use of such assets, Azzure is granted a replacement lien to the extent of such diminution in value as follows: (i) a second priority replacement lien secured by all assets of the estate or Liquidating Trust that constitute collateral of other secured creditors; and (ii) a first priority replacement lien secured by all unencumbered assets of the estate or Liquidating Trust, including all residual sale proceeds, recovery on pending litigation, including but not limited to avoidance actions received after the effective date of the Plan, other cash receipts, and or any other asset that may be recovered by the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

estate. Such replacement liens shall have the same validity, priority, and extent of Azzure's lien that existed as of the petition date.

4. The Debtor and the Committee hereby waive any right to surcharge Azzure under 11 U.S.C. 506(c), or any other applicable law, against Azzure or any of the collateral secured by the replacement lien.

5. The Parties retain all rights, claims, and defenses regarding the validity, priority, and extent of Azzure's lien rights, except under paragraph 3, noted above.

6. The Trustee shall file a motion under Rule 4001(b) seeking to approve the terms of this Stipulation for use of disputed cash collateral and replacement lien and set it for hearing on or before August 29, 2024, at 10:00 a.m.

7. This Stipulation is not intended to release any claims held by the Estate to seek avoidance, termination, or disallowance of Azzure's alleged claim and lien, nor is it intended to waive or modify any of Azzure's claims against the Estate. As such, no approval of this agreement shall be required under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

8. Azzure further consents to the Committee intervening in the Adversary challenging Azzure's secured claim.

9. Debtor and the Committee will agree to clarify the treatment of Azzure's claim, class number 1B, as follows:

> Unless the Holder of an Allowed Class 1B Claim agrees to less favorable treatment, the Holder of an Allowed Class 1B Claim will receive payment of the Allowed amount of the Class 1B Claim, plus interest at the lesser of the contract rate and 8% from the Effective Date. The Holder of an Allowed Class 1B Claim will be entitled to the foregoing treatment ten days after the date on which all of the following are satisfied: (a) there are sufficient funds in the Estate or Liquidating Trust to satisfy such Allowed Class 1B Claim; and (b) the later of (1) the Effective Date, or (2) the date an order Allowing any such Class 1B Claim becomes a Final Order.

10. Azzure consents to and will not oppose confirmation of the Plan.

11. This Stipulation may be executed in one or more counterparts and facsimile or electronic signature may be used in filing this document with the Court.

Dated: August 7, 2024

MARSHACK HAYS WOOD LLP

By:________________________________
D. EDWARD HAYS
Attorneys for Richard A. Marshack, Chapter 11 Trustee

Dated: August 7, 2024

FOX ROTHCHILD LLP

By: [signature]
NICHOLAS A. KOFFROTH
Attorneys for the Official Committee of Unsecured Creditors

Dated: August 7, 2024

BRYAN CAVE LEIGHTON PAISNER LLP

By: [signature]
Sharon Z. Weiss
Attorneys for Azzure Capital, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**EXHIBIT 2**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

Keith C. Owens (SBN 194841)
Nicholas A. Koffroth (SBN 287854)
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Counsel For Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO APPROVE STIPULATION BETWEEN TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND DISPUTED SECURED CREDITOR, AZZURE CAPITAL, LLC FOR (1) CONSENT TO USE OF DISPUTED CASH COLLATERAL; AND (2) REPLACEMENT LIEN<br><br><u>Preliminary Hearing on Motion to Approve Stipulation:</u><br>Date: August 29, 2024<br>Time: 10:00 a.m.<br>Ctrm: 5C - ViaZoom<br>Place: 411 West Fourth Street<br>Santa Ana, CA 92701 |

The Court has read and considered the "Chapter 11 Trustee's Motion for Order Approving Stipulation Between Trustee, the Official Committee of Unsecured Creditors, and Azzure Capital, LLC for (1) Consent to Use of Disputed Cash Collateral; and (2) Replacement Lien" ("Motion"), filed by Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") for the Bankruptcy Estate of The Litigation Practice Group P.C., on August 16, 2024, as Dk. No. ___. Good cause appearing, the Court hereby orders as follows.

IT IS ORDERED that:

1. The Motion is granted.
2. The Stipulation Between Trustee, the Official Committee of Unsecured Creditors, and Azzure Capital, LLC ("Azzure") for (1) Consent to Use of Disputed Cash Collateral, and (2) Replacement Lien ("Stipulation") attached as Exhibit 1 to the Motion is approved.
3. Azzure shall receive a replacement lien as set forth in the Stipulation which shall have the same validity, priority, and extent of its existing claimed lien. All rights, claims, and defenses are preserved including with regard to the perfection, validity, avoidability, priority, and extent of Azzure's claim and lien.

# # #

Main Document Page 22 of 26

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING STIPULATION BETWEEN TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND DISPUTED SECURED CREDITOR, AZZURE CAPITAL, LLC FOR: (1) CONSENT TO USE OF DISPUTED CASH COLLATERAL; AND (2) REPLACEMENT LIEN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 16, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **August 16, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST~~
~~SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 16, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 16, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 23 of 26

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **INTERESTED PARTY COURTESY NEF:** Kyra E Andrassy kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Bradford Barnhardt** bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC: Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com
- **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.: Michael Jay Berger** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF: Ethan J Birnberg** birnberg@portersimon.com, reich@portersimon.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Peter W Bowie** peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC: Ronald K Brown** ron@rkbrownlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Celentino** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Shawn M Christianson** cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF: Randall Baldwin Clark** rbc@randallbclark.com
- **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI: Leslie A Cohen** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.: Michael W Davis** mdavis@dtolaw.com, ygodson@dtolaw.com
- **INTERESTED PARTY COURTESY NEF: Anthony Paul Diehl** anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **INTERESTED PARTY COURTESY NEF: Ashley Dionisio** adionisio@omniagnt.com
- **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER : Jenny L Doling** jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **ATTORNEY FOR CREDITOR CAROLYN BEECH: Daniel A Edelman** dedelman@edcombs.com, courtecl@edcombs.com
- **INTERESTED PARTY COURTESY NEF: Howard M Ehrenberg** Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **CREDITOR: Meredith Fahn** fahn@sbcglobal.net
- **INTERESTED PARTY COURTESY NEF:** Jeremy Faith Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC: William P Fennell** william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **INTERESTED PARTY COURTESY NEF: Alan W Forsley** alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL: Marc C Forsythe** mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jeremy Freedman** jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **ATTORNEY FOR CREDITOR HERRET CREDIT: Eric Gassman** erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio**    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD: Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC: Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC: Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC: David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY: Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION: Brian L Holman**    b.holman@musickpeeler.com
- **INTERESTED PARTY COURTESY NEF: Richard L. Hyde**    rhyde@awglaw.com
- **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION: Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC: Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sara Johnston**    sara.johnston@dinsmore.com
- **ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS: Sweeney Kelly**    kelly@ksgklaw.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.: Joon M Khang**    joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE: Ira David Kharasch**    ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP: Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC: David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF: Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC: Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Main Document Page 25 of 26

**ACQUISITIONS GROUP INC: Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.: Britteny Leyva** bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC: Marc A Lieberman** marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC: Michael D Lieberman** mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Yosina M Lissebeck** Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP: Mitchell B Ludwig** mbl@kpclegal.com, kad@kpclegal.com
- **INTERESTED PARTY AND ATTORNEY: Daniel S March** marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH: Kathleen P March** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR DAVID ORR: Mark J Markus** bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **CHAPTER 11 TRUSTEE: Richard A Marshack (TR)** pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Laila Masud** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sarah S. Mattingly** sarah.mattingly@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: William McCormick** Bill.McCormick@ag.tn.gov
- **ATTORNEY FOR US TRUSTEE: Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Byron Z Moldo** bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC: Glenn D. Moses** gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jamie D Mottola** Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF: Alan I Nahmias** anahmias@mbn.law, jdale@mbn.law
- **INTERESTED PARTY COURTESY NEF: Victoria Newmark** vnewmark@pszjlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jacob Newsum-Bothamley** jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **ATTORNEY FOR US TRUSTEE: Queenie K Ng** queenie.k.ng@usdoj.gov
- **CREDITOR: Israel Orozco** israel@iolawcorp.com
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Keith C Owens** kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.: Lisa Patel** lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Michael R Pinkston** rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE: Douglas A Plazak** dplazak@rhlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Tyler Powell** tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING: Daniel H Reiss** dhr@lnbyg.com, dhr@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 26 of 26

- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC: Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Vanessa Rodriguez** vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Kevin Alan Rogers** krogers@wellsmar.com
- **ATTORNEY FOR CREDITOR MARI AGAPE: Gregory M Salvato** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Olivia Scott** olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jonathan Serrano** jonathan.serrano@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC: Maureen J Shanahan** Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC: Paul R Shankman** PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC: Zev Shechtman** Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **INTERESTED PARTY COURTESY NEF: Jeffrey M Singletary** jsingletary@swlaw.com, rmckay@swlaw.com
- **ATTORNEY FOR US TRUSTEE: Leslie Skorheim** leslie.skorheim@usdoj.gov
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC: Adam D Stein-Sapir** info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.: Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): John H. Stephens** john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.: Andrew Still** astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK: Michael R Totaro** Ocbkatty@aol.com
- **US TRUSTEE: United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC: William J Wall** wwall@wall-law.com
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC: Johnny White** JWhite@wrslawyers.com, jlee@wrslawyers.com
- **CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Reina Zepeda** rzepeda@omniagnt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**