1  CHRISTOPHER B. GHIO (259094)
   christopher.ghio@dinsmore.com
2  JEREMY B. FREEDMAN (308752)
   jeremy.freedman@dinsmmore.com
3  DINSMORE & SHOHL LLP
   655 West Broadway, Suite 800
4  San Diego, California 92101
   Tele:   619.400.0500
5  Fax:    619.400.0501
6
7  Special Counsel to Richard A. Marshack
   Chapter 11 Trustee for the Bankruptcy Estate of
8  The Litigation Practice Group PC
9
10              **UNITED STATES BANKRUPTCY COURT**
11       **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**
12

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **NOTICE OF CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT PAYLIANCE, LLC; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date:      September 11, 2024 |
| | Time:      1:30 p.m. |
| | Judge:     Hon. Scott C. Clarkson |
| | Place:     Courtroom 5C –ViaZoom[1] |
| | 411 West Fourth Street |
| | Santa Ana, California  92701 |

---

[1] Check Judge Clarkson's tentative calendar prior to hearing for further Zoom instructions.

1

**TO THE COURT, HONORABLE SCOTT C. CLARKSON, OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:**

Plaintiff Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG") hereby submits his Notice of Motion and Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"), supporting Memorandum of Points and Authorities, the Declarations of Richard A. Marshack ("Marshack Decl."), Jeremy B. Freedman and ("Freedman Decl."), and Toni Richins ("Richins Decl.") on behalf of Payliance, LLC ("Payliance").

**PLEASE TAKE NOTICE THAT,** on August 20, 2024, Chapter 11 Trustee, Richard A. Marshack ("Trustee"), filed a Motion for Approval of a Settlement Agreement with Defendant Payliance, LLC ("Payliance") under Federal Rule of Bankruptcy Procedure 9019 (the "Motion") and hereby moves for an order that finds and directs as follows:

1.      The Motion is granted;

2.      Notice of the Motion is adequate and proper;

3.      The Court reserves jurisdiction to determine any dispute arising in connection with the Proposed Settlement; and

4.      The Motion is made pursuant to Section 105 of Title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that, in Trustee's sound business judgment, the Proposed Stipulation is in the best interests of the consumer clients, the Estate and all creditors, including consumer creditors. (Richard Marshack Declaration ¶¶ 7-8.) As a result, Trustee seeks Court approval of the proposed compromise of claims as against Payliance, the salient terms of the Settlement Agreement ("Agreement") are summarized as follows:

(a)      As of the Effective Date, Payliance may recoup, set off, or otherwise retain and apply funds in the Reserves to satisfy and pay the Payliance Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to

permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes.

(b)     Payliance is entitled to a compromised indemnification claim totaling $59,000 ("Compromised Indemnity Claim") from the LPG Reserve for attorney's fees and costs pursuant to The Litigation Practice Group, PC's service contract related to this Adversary Proceeding and LPG's bankruptcy matter.

(c)     Promptly following the Effective Date, and following its recoupment and applications of funds, Payliance shall release and pay over to the Trustee any and all funds remaining in the Reserves, approximately $582,460, less the Compromised Indemnity Claim, which provides a total of $523,460 held in the accounts of The Litigation Practice Group, PC, Guardian Processing, PC and Greyson Law Center, PC payable to the Debtor's Estate, of which $453,570 is free of liens.

(d)     The Trustee shall file a Notice of Dismissal pursuant to Federal Rule of Bankruptcy Procedure 7041(a)(1)(A)(i) within 5 business days after Payliance's release of funds to the Trustee, dismissing with prejudice all claims against Payliance.

(e)     The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction to enforce and construe any and all applicable terms or provisions of the Court's Preliminary Injunction (Adversary Proceeding No. 8:23-ap-01046-SC, Dkt. No. 70), including any and all applicable changes or modifications subsequently made so long as the Preliminary Injunction remains in place and has not been vacated by Court order.

Also, according to the Agreement, Payliance may recoup, set off, or otherwise retain and apply funds in the Reserves to satisfy and pay the Payliance Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes. Following its recoupment and applications of funds,

Payliance shall release and pay over to the Trustee any and all funds remaining in the Reserves. In return, the Trustee will dismiss with prejudice any and all claims against Payliance. The Agreement also contains mutual releases of any and all claims of or between the parties to the Agreement.

**NOTICE IS FURTHER GIVEN** that a hearing to consider the Motion will take place before the Honorable Scott C. Clarkson in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, on **September 11, 2024 at 1:30 p.m**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), any response or opposition to the Motion must be (i) in writing and include a complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities, and (ii) filed with the Court and served on the Trustee, counsel for the Trustee, the Debtor, and the United States Trustee no later than 14 days prior to the hearing on this Motion.

**NOTICE IS FURTHER GIVEN** that written opposition to the Motion must be filed with the Court no later than **August 28, 2024**.

**NOTICE IS FURTHER GIVEN** that this Motion is based upon (a) this Notice of Motion and Motion, (b) the attached Memorandum of Points and Authorities, Declarations of Richard Marshack, Jeremy B. Freedman, and Toni Richins on behalf of Payliance, LLC, and Exhibits thereto, (c) the concurrently filed Notice of Motion and Hearing, (d) the arguments of counsel, if any, in support of the Motion at the hearing thereon, (e) the entire record of this Case, and (f) any other evidence presented to the Court in support of the Motion.

**PLEASE TAKE FURTHER NOTICE** that any party wishing to appear at the hearing should review the Court's tentative ruling prior to the hearing, which will provide information on whether in-person appearances are required and any remote access information for the hearing on the Motion. Parties are directed to obtain accessibility information on Judge Clarkson's posted hearing calendar which may be viewed online at: **http://ecfciao. cacb.uscourts.gov/CiaoPosted/?jid=SC**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h) the failure to file and serve a timely response to the Motion or request a hearing on the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated: August 20, 2024                          Respectfully submitted,

                                                DINSMORE & SHOHL LLP


                                                By:/s/ Jeremy B. Freedman
                                                    Christopher B. Ghio
                                                    Jeremy B. Freedman
                                                    Special Counsel to Richard A. Marshack
                                                    Chapter 11 Trustee for the Bankruptcy Estate
                                                    of The Litigation Practice Group PC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 9

II. BACKGROUND .............................................................................................. 9

III. TERMS OF THE SETTLEMENT .................................................................. 12

IV. THE COURT IS AUTHORIZED TO APPROVE THE SETTLEMENT .................. 14

   A.   PROBABILITY OF SUCCESS IN LITIGATION ................................. 16

   B.   DIFFICULTIES IN COLLECTION .................................................. 16

   C.   COMPLEXITY OF LITIGATION .................................................... 17

   D.   BEST INTEREST OF CREDITORS .................................................. 17

V. LPG ASSETS ACQUIRED BY PAYLIANCE AFTER THE PETITION DATE ARE FREE
AND CLEAR ....................................................................................................... 17

VI. THE SETTLEMENT IS A RESULT OF GOOD FAITH ARMS' LENGTH
NEGOTIATIONS ................................................................................................ 18

VII. CONCLUSION ............................................................................................. 18

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*In re Blair*

4

   538 F.2d 849 (9th Cir. 1976) ...................................................................................16

5

*Alliance Capital Management L.P. v. County of Orange* (*In re County of Orange*)

6

   189 B.R. 499 (C.D. Cal. 1995) .................................................................................17

7

*CapCall, LLC v. Foster (In re Shoot the Moon, LLC)*

8

   635 B.R. 797 (Bankr. D. Mont. 2021) .....................................................................18

9

*In re Carson*

10

   82 B.R. 847 (Bankr. S.D. Ohio 1987) ......................................................................15

11

*In re Hydronic Enterprise, Inc.*

12

   58 B.R. 363 (Bankr. D.R.I. 1986) ............................................................................15

13

*In re Lee Way Holding Co.*

14

   120 B.R. 881 (Bankr. S.D. Ohio 1990) ....................................................................16

15

*In re Mobile Air Drilling Co., Inc.*

16

   53 B.R. 605 (Bankr. N.D. Ohio 1985) .....................................................................15

17

*In re W.T. Grant & Co.*

18

   699 F.2d 599 (2nd Cir. 1983) ..................................................................................16

19

*Martin v. Kane (In re A & C Properties)*

20

   784 F.2d 1377 (9th Cir. 1986), *cert. denied* 479 U.S. 854 (1986)............................15

21

*Matter of Carla Leather, Inc.*

22

   44 B.R. 457 (Bankr. S.D.N.Y. 1984 .........................................................................16

23

*Matter of Walsh Const., Inc.*

24

   669 F.2d 1325 (9th Cir. 1982) ..................................................................................16

25

*Newman v. Stein*

26

   464 F.2d 689 (2nd Cir. 1972)....................................................................................16

27

28

*United States v. Alaska National Bank (In re Walsh Constr., Inc.)*

   669 F.2d 1325 (9th Cir. 1982) ...................................................................................15

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*

   839 F.2d 610 (9th Cir. 1988) ....................................................................................15


**Codes and Rules**

11 U.S.C. § 552...........................................................................................................18

11 U.S.C. § 552(a). ....................................................................................................17

11 U.S.C. § 552(b) ....................................................................................................18

11 U.S.C. § 362(a) .....................................................................................................13

Federal Rule of Bankruptcy Procedure 7041(a)(1)(A)(i) .........................................14

Federal Rule of Bankruptcy Procedure 9019(a) .......................................................14

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By this Motion, Trustee seeks the Court's approval of a Settlement Agreement (the "Agreement") with Payliance, LLC for the return of The Litigation Practice Group, PC ("Debtor" or "LPG") assets acquired both pre-petition and post-petition. The Agreement requires Payliance to release to the Trustee: 1) funds remaining in LPG's Reserve (defined below); 2) ACH funds pulled post-petition through Guardian Processing, LLC ("Guardian") on behalf of Oakstone Legal Group, PC ("Oakstone"); and 3) LPG assets deposited by Greyson Law Center, PC ("Greyson") through BAT, Inc. dba Coast Processing ("BAT") – an entity controlled by LPG and Tony Diab. The Agreement further grants limited relief from the automatic stay to allow Payliance to exercise rights to recoupment and/or set off for consumer client chargebacks for ACH transactions processed through Guardian pursuant to its service contract with Guardian. In Trustee's sound business judgment, he believes approving the Agreement is in the best interests of the Estate and its creditors because it will satisfy the pre-petition claims of a significant creditor while providing for the recovery of Estate Property, both without the need for further litigation or ongoing review by this Court. (Marshack Decl. ¶¶ 6-8.)

### II.

### BACKGROUND

On March 20, 2023, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, initiating Case No. 8:23-bk-10571-SC.

On May 8, 2023, Richard A. Marshack was appointed as Chapter 11 Trustee of Debtor's Bankruptcy Estate and assumed all authority to administer Debtor's Estate in this case. (Bankr. Dkt. No. 65.)

///

///

On May 25, 2023, Trustee filed his complaint for injunctive relief, fraudulent conveyance and turnover initiating Adversary Proceeding No. 8:23-ap-01046-SC ("1046 Action") as to over forty defendants. (1046 Dkt. No. 1.) On June 15, 2023, Trustee amended the complaint and named Payliance as a defendant. (1046 Dkt. No. 62.)

Payliance performed payment processing services for the Debtor pursuant to a contractual agreement between the Debtor and Payliance dated December 13, 2021 ("Debtor ACH Client Agreement"). (Richins Decl. ¶ 3.)

The Debtor ACH Client Agreement (i) authorized and permitted Payliance to establish and maintain a reserve to cover certain of the Debtor's obligations under their ACH Client Agreement, and also (ii) required Debtor to indemnify Payliance for any and all expenses, including attorneys' fees, arising (directly or indirectly) out of or related to their ACH Client Agreement (the "Debtor Reserve"). (Richins Decl. ¶¶ 3-4, Exh. 1.)

The Debtor's Payliance Reserve was established *pre-petition* and currently holds approximately **$98,890** in Debtor funds. (Richins Decl. ¶ 5, Exh. 2.)

Payliance also performed payment processing services for Guardian pursuant to an agreement between Guardian and Payliance dated March 2, 2023 ("Guardian ACH Client Agreement"). Guardian is named in both the 1046 Action and the Court's Amended Temporary Restraining Order ("TRO") (1046 Dkt. No. 21) and Preliminary Injunction Order (1046 Dkt. No. 70), requiring the turnover of Debtor's pre and post-petition funds. (Richins Decl. ¶ 8, Exh. 3.)

The Guardian ACH Client Agreement (i) authorized and permitted Payliance to establish and maintain a reserve to cover certain of Guardian's obligations under their ACH Client Agreement, and also (ii) required Guardian to indemnify Payliance for any and all expenses, including attorneys' fees, arising (directly or indirectly) out of or related to their ACH Client Agreement (the "Guardian Reserve"). (Richins Decl. ¶ 8, Exh. 3.)

The Guardian Reserve was established *pre-petition* with Debtor funds and before the adversary proceeding was initiated and holds approximately **$30,000** in funds. Guardian managed Oakstone Legal Group, PC's ("Oakstone") ACH transactions on LPG consumer client files

fraudulently transferred to Oakstone pre-petition in and around February and March 2023. As a result, Guardian Processing initiated ACH transactions on LPG's consumer client accounts post-petition between May 1, 2023 and May 31, 2023, totaling more than $500,000. Since that time, Payliance has experienced a number of consumer client chargebacks and disputes that required the return of such funds. Taking into account the chargebacks, Payliance currently holds approximately **$438,570** in Debtor funds as a result of post-petition ACH receivables in addition to the $30,000 held in the Guardian Reserve. (Richins Decl. ¶¶ 9-10, Exh. 4.)

Greyson also established an account with Payliance to process ACH transactions pursuant to an agreement between Greyson and Payliance dated April 27, 2023 ("Greyson ACH Client Agreement"). Greyson is both a defendant in the 1046 Action and named party to the Court's TRO and Preliminary Injunction. (Richins Decl. ¶¶ 12-13.)

The Greyson ACH Client Agreement (i) authorized and permitted Payliance to establish and maintain a reserve to cover certain of Greyson's obligations under their ACH Client Agreement, and also (ii) required Greyson to indemnify Payliance for any and all expenses, including attorneys' fees, arising (directly or indirectly) out of or related to their ACH Client Agreement (the "Greyson Reserve"). (Richins Decl. ¶¶ 12-13.)

The Greyson Reserve was established prior to the adversary proceeding being initiated. The Greyson Reserve was funded on May 26, 2023, utilizing LPG funds held in BAT's Chase account ending in 0830. (1046 Dkt. No. 325-4, Exh. 8 at p. 95; Freedman Decl. ¶ 5, Exh. D). Pursuant to instructions provided by Revolv3 on behalf of Payliance, BAT wired $15,000 in funds from the Chase account ending in 0830 to Payliance's Long Term Reserve account held by Collections Acquisition Company, Inc. at Wells Fargo. (1046 Dkt. No. 325-4, Exh. 8 at p. 92; Freedman Decl. Exh. E). Han on behalf of Greyson then wired the $15,000 to the Collections Acquisition Company account. (1046 Dkt. No. 325-4, Exh. 8 at p. 95; Freedman Decl. ¶ 5, Exh. D). BAT's Chase account was funded using LPG assets. Moreover, Tony Diab and Han Trinh (former CEO, CFO and director of BAT) admit that BAT was owned by Debtor and therefore any funds held by BAT were LPG assets. (1046 Dkt.

No. 493-11 at p. 12). Greyson's Reserve holds approximately **$15,000** in Debtor funds. (Richins Decl. ¶ 14, Exh. 6.)

On June 23, 2023, in the 1046 Action, the Court issued an order directing certain funds being held on behalf of the Debtor and certain related entities and individuals be "turned over" to the Trustee (the "Estate Funds"). (1046 Dkt. No. 70.)

Payliance has a claim against the Debtor's Chapter 11 Estate Funds to the extent of any unpaid and/or unrecouped client refunds, chargebacks and ACH returns on transactions with, or indemnifiable expenses related to Guardian (the "Payliance Claim").

The Payliance Claim is a secured claim to the extent of the Guardian Reserve.

The Service contract by and between Payliance, on the one hand, and The Litigation Practice Group, PC ("LPG") on the other, provides for indemnification related to this Adversary proceeding and LPG's bankruptcy matter. (Richins Decl. Exh. 1.) Based on the good faith negotiations of the parties, Payliance has agreed to compromise its claims as to the LPG Reserve for indemnification pursuant to said service contract in the amount of $59,000 ("Compromised Indemnity Claim"). (*Id.* ¶¶ 6-7.)

The Parties wish to stipulate and agree to a limited and precautionary relief from the automatic stay, if and as necessary, to allow Payliance to exercise its right of recoupment and/or setoff in respect to the Reserve, to apply funds in the Reserve to cover its losses on pre-petition transactions by Debtor's clients to date, and then to release any funds remaining in the Reserve to the Trustee as set forth in the Agreement.

### III.

### <u>TERMS OF THE SETTLEMENT</u>

The salient terms of the Settlement Agreement attached to the Declaration of Richard Marshack, concurrently filed herewith as **Exhibit A**, are as follows:

///

///

///

(a)     The Agreement shall be effective on the date (the "Effective Date") that the Bankruptcy Court enters a final order (i) approving the Agreement and (ii) finding that no party other than the Trustee has any right, title or claim to the funds remaining in the Reserves following the recoupment and/or setoff described in paragraph 2 (the "Settlement Order"). If any party objects to the Settlement Order, then the Settlement Order shall not be a final order until the time for appeal, or to seek permission to appeal from the Bankruptcy Court's approval of this Agreement, has expired or, if appealed, the Settlement Order has been affirmed in its entirety by the court of last resort to which the appeal has been taken and has become no longer subject to further appeal or review. If no party objects to the Settlement Order, the Settlement Order will be final upon entry by the Bankruptcy Court. The Settlement Order shall be in a form and substance acceptable to both parties. The Trustee agrees to seek entry of the Settlement Order within a reasonable period of time following the execution of this Agreement by all Parties.  (Exhibit A at ¶ 1.)

(b)     As of the Effective Date, Payliance may recoup, set off, or otherwise retain and apply funds in the Reserves to satisfy and pay the Payliance Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes. (Exhibit A at ¶ 2.)

(c)     Payliance is entitled to a compromised indemnification claim totaling $59,000 ("Compromised Indemnity Claim") for attorney's fees and costs pursuant to The Litigation Practice Group, PC's service contract related to this Adversary Proceeding and LPG's Bankruptcy matter.

(d)     Promptly following the Effective Date, and following its recoupment and applications of funds as provided above, Payliance shall release and pay over

13

to the Trustee any and all funds remaining in the Reserves. Specifically, following the Effective Date, Payliance will return to the Trustee: the Debtor Reserve of $98,890, less Payliance's claim to indemnification from the Debtor Reserve for $59,000; the Guardian Reserve of $468,570; and the Grayson Reserve of $15,000. (Exhibit A at ¶ 3.)

(e)    The Trustee shall file a Notice of Dismissal pursuant to Federal Rule of Bankruptcy Procedure 7041(a)(1)(A)(i) within 5 business days after Payliance's release of funds to the Trustee, dismissing with prejudice all claims against Payliance. (Exhibit A at ¶ 4.)

(f)    Except for the obligations created by this Agreement, and in consideration of the execution and delivery of this Agreement, the Parties generally release and fully discharge each other, as well as their predecessors in interest, successors in interest, assignors, assigns, insurers, and their respective officers, directors, shareholders, employees, agents and attorneys, from all known claims, obligations, liabilities, indebtedness, actions and causes of action now existing, and known. (Exhibit A at ¶ 6.)

(g)    The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction to enforce and construe any and all applicable terms or provisions of the Court's Preliminary Injunction (Adversary Proceeding No. 8:23-ap-01046-SC, Dkt. No. 70), including any and all applicable changes or modifications subsequently made so long as the Preliminary Injunction remains in place and has not been vacated by Court order. (Exhibit A at ¶ 12.)

**IV.**

## **THE COURT IS AUTHORIZED TO APPROVE THE SETTLEMENT**

The authority granted to a trustee to compromise a controversy or agree to a settlement is set forth in Federal Rule of Bankruptcy Procedure 9019(a) ("Rule 9019"), which provides in pertinent

1  part that "[o]n motion by the [Trustee] and after notice and a hearing, the court may approve a

2  compromise or settlement." Under these circumstances, the decision of whether a compromise should

3  be accepted or rejected lies within the sound discretion of the court. *In re Carson*, 82 B.R. 847, 852

4  (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D.R.I. 1986); *In*

5  *re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985).

6      The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court

7  has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re*

8  *Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow

9  the [Trustee] and the creditors to avoid the expenses and burdens associated with litigating sharply

10  contested and dubious claims." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81

11  (9th Cir. 1986), *cert. denied* 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement,

12  the court need not conduct an exhaustive investigation of the claims sought to be compromised. *See*

13  *United States v. Alaska National Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir.

14  1982). Rather, it is sufficient that the court find that the settlement was negotiated in good faith and

15  is reasonable, fair, and equitable.  *See In re A & C Properties*, 784 F.2d at 1381.

16      The Court of Appeals for the Ninth Circuit has identified the following factors for

17  consideration in determining whether a proposed settlement agreement is reasonable, fair, and

18  equitable:

19          (h)    the probability of success in the litigation;

20          (i)    the difficulties, if any, to be encountered in the matter of collection;

21          (j)    the complexity of the litigation involved, and the expense, inconvenience, and

22                 delay necessarily attending it;

23          (k)    the paramount interest of the creditors.

24  *In re A & C Properties*, 784 F.2d at 1381.

25      A court should not substitute its own judgment for the judgment of the trustee.  *Matter of*

26  *Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).  A court, in reviewing a proposed

27  settlement, is not to decide the numerous questions of law and fact but rather to canvass the issues to

28

determine whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), accord, *Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972). The court should not necessarily conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). "It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

For all of the reasons set forth above and further explained below, Trustee believes the Agreement is reasonable, fair and equitable, and in the best interests of the Estate and its creditors. A review of the factors outlined below further supports approval of the Agreement.

## A.    PROBABILITY OF SUCCESS IN LITIGATION

2.    Trustee does not anticipate litigation to be necessary in this matter. (Marshack Decl. ¶¶ 6-7). At its core, Trustee's Motion is essentially a settlement without a stipulated judgment. Proving the necessity of returning to Trustee the excess LPG funds held by Payliance presents no difficulty, and avoiding the cost to the Estate of doing so is the intent of the Agreement and Trustee's Motion. Payliance and Trustee are in full agreement about the appropriate disposition of funds implicated by this Motion. (*Id.*; Richins Decl. ¶¶ 3-15). The potential cost of further litigation, including litigating the Indemnity Claim, significantly outweighs the cost of the Compromised Indemnity Claim and settlement for turnover provided for in the Agreement. (Marshack Decl. ¶¶ 6-7). There are no other interested parties, and Trustee does not anticipate any objection to the approval of the Agreement. (*Id.*) Thus, this factor favors approving the Agreement.

## B.    DIFFICULTIES IN COLLECTION

As noted, there are no remaining controversies in this matter between Trustee and Payliance. (Marshack Decl. ¶ 8). Once the Agreement is approved, the parties fully intend to timely perform their obligations under the Agreement as set forth herein. Barring any unforeseen obstacles, there should be no difficulty in collections. Thus, this factor weighs in favor of approving the Agreement.

///

///

## C.    COMPLEXITY OF LITIGATION

The issues involved in the Agreement are straightforward. The amounts pulled and/or held by Payliance has been established through accounting records. (*See* Richins Decl. ¶¶ 3-15; Freedman Decl. ¶¶ 2-6; 1046 Dkt. Nos. 325-4, Exh. 8 at pp. 92-86, 493-11 at p. 12). As there is full agreement between Trustee and Payliance on all relevant facts as well as full agreement on the appropriate disposition of the LPG estate funds, there is little to no complexity in the issues presented. In fact, the Agreement is purposefully limited in scope so as to minimize the possibility of unwarranted complications. As such, this factor weighs in favor of approving the Agreement.

## D.    BEST INTEREST OF CREDITORS

Approving the Agreement is in the best interest of LPG's creditors because Trustee will be recovering one-hundred percent (100%) of Debtor's assets held by Payliance after contractual chargebacks and the Compromise Indemnity Claim are deducted. (Richins Decl. ¶¶ 3-15; Marshack Decl. ¶ 5(a)). Approving the Agreement, therefore, guarantees an infusion of capital to the Bankruptcy Estate that will be distributed to Debtor's creditors without the delay or need to expend Estate funds through litigation. Trustee submits that the Agreement represents a valid exercise of his business judgment, is fair and reasonable, and in the best interests of Debtor's creditors. Thus, this factor weighs in favor of approving the Agreement.

## V.

## LPG ASSETS ACQUIRED BY PAYLIANCE AFTER THE PETITION DATE ARE FREE AND CLEAR

Bankruptcy Code section 552(a) provides that "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a). Generally, courts view 11 U.S.C. section 552(a) broadly; *see also Alliance Capital Management L.P. v. County of Orange* (*In re County of Orange*), 189 B.R. 499, 503 (C.D. Cal. 1995).

Here, the funds held by Payliance as a result of processing Guardian's ACH transactions and Greyson's Reserve account totaling $453,570 were acquired post-petition. This includes $438,570 in

post-petition ACH debits on behalf of Guardian Processing and Greyson's $15,000 Reserve deposit also made post-petition. These funds are derived from post-petition ACH transactions and transfers initiated by Guardian and with the Greyson Reserve account being funded with post-petition ACH receivables initiated by Prime Logix, LLC and subsequently transferred to BAT and Payliance. Security interests in future receivables terminates as of the petition date. *See*, *e.g.*, *CapCall, LLC v. Foster (In re Shoot the Moon, LLC)*, 635 B.R. 797, 830 (Bankr. D. Mont. 2021) citing 11 U.S.C. § 552. Of the funds to be turned over by Payliance pursuant to the Agreement, $453,570 do not, therefore, represent proceeds, products, offspring, or profits from any secured and perfected security interest that existed pre-petition. 11 U.S.C. § 552(b). As such, this Court should order that these funds are free and clear of any and all secured liens.

## VI.

## **THE SETTLEMENT IS A RESULT OF GOOD FAITH ARMS' LENGTH NEGOTIATIONS**

Trustee further submits that the Agreement and the Compromised Indemnity Claim results from a good faith and arms' length negotiation between Trustee and Payliance. (Marshack Decl. ¶¶ 6-9.) The Agreement is not the result of any collusion between Trustee, Payliance, or any other party. (*Id*. ¶ 9.)

## VII.

## **CONCLUSION**

The Trustee respectfully requests that the Bankruptcy Court enter an order providing for the following relief:

(a)    Granting the motion;

(b)    Approving the terms of the Agreement, a copy of which is attached as Exhibit A to the Declaration of Richard Marshack filed concurrently herewith, and authorizing Trustee to enter into the Agreement;

(c)    A finding that Payliance is entitled to a Compromised Indemnity Claim in the total amount of $59,000 that was the result of good faith negotiations;

1    (d)    A finding that of the $582,460 remaining in the Reserves to be turned over to

2    the Trustee of which $453,570 is without liens; and

3    (e)    For such other relief as this Court may deem just and proper.

4

5    Dated: August 20, 2024                          Respectfully submitted,

6                                                     DINSMORE & SHOHL LLP

7

8                                                     By:/s/ Jeremy B. Freedman
                                                         Christopher B. Ghio
                                                         Jeremy B. Freedman
9                                                        Special Counsel to Richard A.
                                                         Marshack
10                                                       Chapter 11 Trustee for the
                                                         Bankruptcy Estate of The
11                                                       Litigation Practice Group PC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:    655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document:  **NOTICE OF CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT PAYLIANCE, LLC; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>August 20, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On <u>August 20, 2024</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

YCIR Inc.
Hector Ocegueda
535 S Barranca St #4
Covina, CA 91723

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>August 20, 2024</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 20, 2024 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                                    **F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walke
r@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larime
r@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      **F 9013-.1.PROOF.SERVICE**

alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-.1.PROOF.SERVICE

jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-.1.PROOF.SERVICE**

ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-.1.PROOF.SERVICE

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-.1.PROOF.SERVICE**

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        F 9013-.1.PROOF.SERVICE

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcyd
ocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-.1.PROOF.SERVICE

dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Defendant LGS Holdco, LLC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-.1.PROOF.SERVICE

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-.1.PROOF.SERVICE**