1  CHRISTOPHER B. GHIO (259094)
   christopher.ghio@dinsmore.com
2  JEREMY B. FREEDMAN (308752)
   jeremy.freedman@dinsmmore.com
3  DINSMORE & SHOHL LLP
   655 West Broadway, Suite 800
4  San Diego, California 92101
   Tele:   619.400.0500
5  Fax:    619.400.0501
6
7  Special Counsel to Richard A. Marshack
   Chapter 11 Trustee for the Bankruptcy Estate of
8  The Litigation Practice Group PC

9              **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11

12  In re:                                      Case No.: 8:23-bk-10571-SC

13  THE LITIGATION PRACTICE GROUP P.C.,         Chapter 11

14              Debtor.                          **NOTICE OF CHAPTER 11
                                                 TRUSTEE, RICHARD A.
15                                               MARSHACK'S MOTION AND
                                                 MOTION FOR ORDER APPROVING
16                                               COMPROMISE OF CONTROVERSY
                                                 PURSUANT TO FEDERAL RULE OF
17                                               BANKRUPTCY PROCEDURE 9019
                                                 AS TO DEFENDANT
18                                               OPTIMUMBANK AND
                                                 OPTIMUMBANK HOLDINGS, INC.;
19                                               MEMORANDUM OF POINTS AND
                                                 AUTHORITIES IN SUPPORT**
20

21

22

23                                              Date:      September 12, 2024
                                                Time:      10:00 a.m.
24                                              Judge:     Hon. Scott C. Clarkson
                                                Place:     Courtroom 5C - ViaZoom[1]
25                                                         411 West Fourth Street
                                                           Santa Ana, California  92701
26

27

28  ───────────────
    [1] Check Judge Clarkson's tentative calendar prior to hearing for further Zoom instructions.

1  **TO THE COURT, HONORABLE SCOTT C. CLARKSON, UNITED STATES**

2  **BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, THE**

3  **DEBTOR; AND PARTIES TO THE AGREEMENTS AND THEIR RESPECTIVE COUNSEL**

4  **OF RECORD, IF ANY:**

5  **PLEASE TAKE NOTICE THAT,** on August 22, 2024, Chapter 11 Trustee, Richard A.

6  Marshack ("Trustee"), for the bankruptcy estate of debtor The Litigation Practice Group P.C. in the

7  above-captioned bankruptcy case and the plaintiff in the adversary proceeding *Marshack v. Diab, et*

8  *al.,* [Adversary Proceeding No. 8:23-ap-01046-SC] ("1046 Action")  filed with the United States

9  Bankruptcy Court and served upon parties in interest a motion ("Motion") for approval of a that

10  certain Settlement Agreement (the "Agreement") by and between the Trustee, on the one hand, and

11  defendant OptimumBank and OptimumBank Holdings, Inc. (together, "Optimum"), on the other

12  hand, regarding causes of action asserted by the Trustee against Optimum in the 1046 Action.

13  Specifically, the Trustee seeks an order that does the following:

14      1.      The Motion is granted;

15      2.      Notice of the Motion is adequate and proper;

16      3.      The Court reserves jurisdiction to determine any dispute arising in connection with

17  the Proposed Settlement; and

18      4.      The Motion is made pursuant to Section 105 of Title 11 of the United States Code and

19  Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that, in Trustee's sound

20  business judgment, the Agreement is in the best interests of the consumer clients, the Estate and all

21  creditors. (Richard Marshack Declaration ¶ 8.) As a result, Trustee seeks Court approval of the

22  proposed compromise of claims as against Optimum, the salient terms of the Agreement are

23  summarized as follows:

24      (a)     As of the Effective Date, Optimum may recoup, set off, or otherwise retain and apply

25              funds in the Reserves to satisfy and pay the Optimum Claim to the extent that it is

26              liquidated as of the Effective Date, and the automatic stay provided for under section

27              362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to

28

2

permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes. Provided, however, that should Optimum receive from another financial institution a request for a Proof of Authorization related to any Optimum Recoupment, Optimum shall promptly forward it to the Trustee, and the Trustee shall within five business days provide Optimum with any evidence that the Trustee, the Debtor, or an Affiliate has that would satisfy such request. Should the Trustee, the Debtor, or its appropriate Affiliate provide Optimum with evidence sufficient to fully satisfy such request so that it eliminates the Optimum Recoupment, Optimum shall not be entitled to deduct such Optimum Recoupment from the Debtor Reserve.

(b)     The Debtor's Reserve currently holds $1,000,605.91 in two accounts all of which were acquired post-petition and free of liens. Within ten (10) days following the Order on Trustee's Motion to Compromise, Optimum shall release and pay over to the Trustee all funds (approximately $800,000), other than $200,000 that the parties agree Optimum will maintain in the Debtor Reserve pursuant to and during the Optimum Recoupment period and turnover any remaining funds in the Debtor's Reserve at the end of said period pursuant to sections (c) and (d) below.

(c)     Consumer Legal Group, PC ("CLG") is required to provide the Trustee with access to or copies of all Client contracts for which it has initiated ACH transactions pursuant to the Court's Preliminary Injunction. In order to respond to Client chargeback's and/or disputes during the Optimum Recoupment period specified in paragraph 2, above, and for the benefit of consumer clients and the Estate, Trustee hereby authorizes Optimum to have access to and/or be provided a copy of said contracts within ten (10) days of the Court's order approving this Agreement and compromise with Optimum. Thereafter, upon Court approval, CLG shall work diligently with Optimum to provide any additional information Optimum may need to respond to a client chargeback or dispute during the Optimum Recoupment period.

(d)     Within ten (10) business days from the Court's order approving this Agreement and compromise with Optimum and receiving access to or a copy of all service contracts from CLG related to any ACH transaction Optimum processed on behalf of CLG, Optimum shall release and pay over to the Trustee all funds (approximately $800,000), other than $200,000 that the parties agree Optimum will maintain in the Debtor Reserve, remaining in any account titled to Debtor or any of its Affiliates. Promptly after May 13, 2026, and subject to Optimum's recoupment and applications of funds as provided in paragraph 2 above, Optimum shall release and pay over to the Trustee any and all funds remaining in the Debtor Reserve, if any, along with an accounting supporting the recoupment against the Debtor Reserve. If at any time after turnover of the funds to the Trustee (as described above) but prior to May 13, 2026, the Optimum Recoupment will exceed the remaining amount held in the Debtor Reserve, Optimum must provide to the Trustee a statement of recoupment with an accounting verifying the recoupment amount, and the Trustee shall pay that amount, not to exceed the approximately $800,000.00 originally turned over, within 60 days, without need of a further court order. However, if the Trustee disputes the accounting or the recoupment amount, he can at his sole discretion, bring a motion within those 60 days, with the Court so it can determine the validity of the recoupment amount. Optimum agrees that the Court will retain jurisdiction over it to determine this issue if necessary.

(e)     Trustee shall file a Stipulation of Dismissal as to Optimum pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable by Federal Rule of Bankruptcy Procedure 7041, within seven days after Optimum's release of funds to the Trustee other than the Debtor Reserve, dismissing with prejudice all known claims as of the time the adversary was filed against Optimum.

(f)     Except for the obligations created by this Agreement, and in consideration of the execution and delivery of this Agreement, the Parties generally release and fully discharge each other, as well as their predecessors in interest, successors in interest,

assignors, assigns, insurers, and their respective officers, directors, shareholders, employees, agents and attorneys, from all known claims, obligations, liabilities, indebtedness, actions and causes of action now existing, and known.

(g)     The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction to enforce and construe any and all applicable terms or provisions of the Court's Preliminary Injunction (Adversary Proceeding No. 8:23-ap-01046-SC, Dkt. No. 70), including any and all applicable changes or modifications subsequently made so long as the Preliminary Injunction remains in place and has not been vacated by Court order.

(h)     This Agreement is subject to approval by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 105, and Rules 2002-1 and 9013-1 of the Local Bankruptcy Rules for the Central District of California ("LBR") on the grounds that the proposed Agreement resolves certain claims asserted by the Trustee against Optimum.  The Trustee believes that the proposed settlement is in the best interest of the Estate as more fully discussed in the Memorandum of Points and Authorities attached to the Motion.

**NOTICE IS FURTHER GIVEN** that this Motion is based upon (a) this Notice of Motion and Motion, (b) the attached Memorandum of Points and Authorities, (c) Declaration of Richard Marshack and exhibits thereto, (d) Declaration of Jeremy B. Freedman, (e) Declaration of Timothy Terry on behalf of OptimumBank and OptimumBank Holdings, Inc. and Exhibits thereto which will be submitted prior to the hearing listed above on behalf of, (f) the concurrently filed Notice of Motion and Hearing, (g) the arguments of counsel, if any, in support of the Motion at the hearing thereon, (h) the pleadings on file in Debtor's bankruptcy case and in the 1046 Action  of which the Court is requested to take judicial notice, and (i) any other evidence presented to the Court in support of the Motion.

///

1

2

3

**NOTICE IS FURTHER GIVEN** that a hearing to consider the Motion will take place before the Honorable Scott C. Clarkson in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, on **September 12, 2024 at 10:00 a.m**.

4

5

6

7

8

9

10

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), any response or opposition to the Motion must be (i) in writing and include a complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities, and (ii) filed with the Court and served on the Trustee, counsel for the Trustee, the Debtor, and the United States Trustee no later than 14 days prior to the hearing on this Motion.

11

12

**NOTICE IS FURTHER GIVEN** that written opposition to the Motion must be filed with the Court no later than **August 29, 2024.**

13

14

15

16

17

**PLEASE TAKE FURTHER NOTICE** that any party wishing to appear at the hearing should review the Court's tentative ruling prior to the hearing, which will provide information on whether in-person appearances are required and any remote access information for the hearing on the Motion. Parties are directed to obtain accessibility information on Judge Clarkson's posted hearing calendar which may be viewed online at: **http://ecfciao. cacb.uscourts.gov/CiaoPosted/?jid=SC.**

18

19

20

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file and serve a timely response to the Motion or request a hearing on the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

21

22

23

24

25

26

27

28

Dated: August 22, 2024

Respectfully submitted,

DINSMORE & SHOHL LLP

By:*/s/ Jeremy B. Freedman*
    Christopher B. Ghio
    Jeremy B. Freedman
    Special Counsel to Richard A. Marshack
    Chapter 11 Trustee for the Bankruptcy Estate
    of The Litigation Practice Group PC

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 10

II. BACKGROUND ................................................................................................ 10

III. TERMS OF THE SETTLEMENT ..................................................................... 13

IV. THE COURT IS AUTHORIZED TO APPROVE THE SETTLEMENT ................. 16

    A.   PROBABILITY OF SUCCESS IN LITIGATION ..................................... 17

    B.   DIFFICULTIES IN COLLECTION ......................................................... 18

    C.   COMPLEXITY OF LITIGATION .......................................................... 18

    D.   BEST INTEREST OF CREDITORS ....................................................... 18

V. LPG ASSETS ACQUIRED BY OPTIMUM AFTER THE PETITION DATE ARE FREE AND CLEAR ........................................................................................................ 19

VI. THE SETTLEMENT IS A RESULT OF GOOD FAITH ARMS' LENGTH NEGOTIATIONS ................................................................................................... 19

VII. CONCLUSION ............................................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*Alliance Capital Management L.P. v. County of Orange (In re County of Orange),*

    189 B.R. 499 (C.D. Cal. 1995) ..................................................................................19

*CapCall, LLC v. Foster (In re Shoot the Moon, LLC),*

    635 B.R. 797 (Bankr. D. Mont. 2021) ......................................................................19

*In re Blair,*

    538 F.2d 849 (9th Cir. 1976) ....................................................................................17

*In re Carson,*

    82 B.R. 847 (Bankr. S.D. Ohio 1987) .......................................................................16

*In re Hydronic Enterprise, Inc.,*

    58 B.R. 363 (Bankr. D. R.I. 1986) ...........................................................................16

*In re Lee Way Holding Co.,*

    120 B.R. 881 (Bankr. S.D. Ohio 1990) .....................................................................17

*In re Mobile Air Drilling Co., Inc.,*

    53 B.R. 605 (Bankr. N.D. Ohio 1985) ......................................................................16

*In re W.T. Grant & Co.,*

    699 F.2d 599 (2nd Cir. 1983)...................................................................................17

*Martin v. Kane (In re A & C Properties),*

    784 F.2d 1377 (9th Cir. 1986), cert. denied 479 U.S. 854 (1986)..........................16, 17

*Matter of Carla Leather, Inc.,*

    4 B.R. 457 (Bankr. S.D.N.Y. 1984).........................................................................17

*Matter of Walsh Const., Inc.,*

    669 F.2d 1325 (9th Cir. 1982) ..................................................................................17

*Newman v. Stein,*

    464 F.2d 689 (2nd Cir. 1972)...................................................................................17

*United States v. Alaska National Bank (In re Walsh Constr., Inc.)*,

    669 F.2d 1325 (9th Cir. 1982) ........................................................................................ 16

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*,

    839 F.2d 610 (9th Cir. 1988) .......................................................................................... 16

**<u>Rules</u>**

11 U.S.C. § 552 ................................................................................................................ 19

11 U.S.C. § 552(a) ........................................................................................................... 19

11 U.S.C. § 552(b) ........................................................................................................... 19

Fed. R. Bankr. Proc. 9019(a) ........................................................................................... 16

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By this Motion, Trustee seeks the Court's approval of a Settlement Agreement (the "Agreement") with Optimum for the return of The Litigation Practice Group, PC ("Debtor" or "LPG") assets acquired post-petition. The Agreement requires Optimum to release to the Trustee: 1) funds remaining in LPG's Reserve (defined below) in the amount of $800,000 within ten (10) days of the Court's order approving the Agreement and upon being provided access to and/or copies of CLG client contracts for any client file optimum has processed an ACH transaction, less $200,000 that the Parties agree Optimum will maintain in the LPG Reserve, and 2) after May 13, 2026, and subject to Optimum's recoupment and applications of funds, Optimum shall release and pay to the Trustee any and all funds remaining in the LPG Reserve, if any, along with accounting supporting the recoupment against the LPG Reserve. In Trustee's sound business judgment, he believes approving the Agreement is in the best interests of the Estate and its creditors because it will satisfy the pre-petition claims of a significant creditor while providing for the recovery of Estate Property, both without the need for further litigation or ongoing review by this Court. (Richard Marshack Declaration ("Marshack Decl.") at ¶¶ 6-8.)

### II.

### BACKGROUND

On March 20, 2023, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, initiating Case No. 8:23-bk-10571-SC. On May 8, 2023, Richard A. Marshack was appointed as Chapter 11 Trustee of Debtor's Bankruptcy Estate and assumed all authority to administer Debtor's Estate in this case. (Bankr. Dkt. No. 65).

On May 25, 2023, Trustee filed his complaint for injunctive relief, fraudulent conveyance and turnover initiating Adversary Proceeding No. 8:23-ap-01046-SC ("1046 Action") as to over forty defendants. (1046 Action Dkt. No. 1.)

Optimum performed certain ACH payment processing services for the Debtor and its "Affiliates" (namely, LGS Clearinghouse LLC, KLYR Capital Inc., Collegg LLC dba Phoenix LG Fee, and Consumer Legal Group PC) pursuant to an agreement between the Debtor and Optimum dated June 12, 2022 ("Debtor ACH Client Agreement"). (Timothy Terry Declaration on behalf of Optimum ("Optimum Decl."); Marshack Decl. at Exh. A, ¶ C).

The Debtor ACH Client Agreement (i) authorized and permitted Optimum to establish and maintain a reserve (the "Debtor Reserve" or "LPG Reserve") to cover certain of the Debtor's obligations under their ACH Client Agreement, and also (ii) required Debtor and its Affiliates to indemnify Optimum for any and all expenses, including attorneys' fees, arising (directly or indirectly) out of or related to their ACH Client Agreement. (Optimum Decl.; Marshack Decl. at Exh. A, ¶ B.)

The Debtor Reserve currently holds approximately **$1,000,605.91** in two accounts: (i) $1,000,002 in account number xxx8253 titled to Consumer Legal Group PC and labeled Consumer Legal PC Reserve Acct and (ii) $603.91 in account number xxx5282 titled to KLYR Capital Inc. and labeled KLYR Capital Inc. Reserve Account. The funds held in the Debtor Reserve were acquired *post-petition*. (Timothy Terry Decl. on behalf of Optimum; Marshack Decl. at Exh. A, ¶ C; Declaration of Jeremy Freedman ("Freedman Decl.") at ¶¶ 2-3.)

Optimum has a right of recoupment against the Debtor's Chapter 11 Estate Funds and the Debtor Reserve to the extent of any unpaid and/or unrecouped client refunds, chargebacks and ACH returns on transactions with, or indemnifiable expenses (including, but not limited to, fines or penalties assessed by NACHA or a similar organization) related to, the Debtor and its Affiliates (the "Optimum Recoupment"). (Optimum Decl.; Marshack Decl. at Exh. A, ¶ B). The chargeback limits for poor performing transactions pursuant to NACHA range between five percent (5%) and fifteen percent (15%).[2] NACHA maintains a 15% overall return rate floor on ACH transactions for regulatory compliance.[3] Optimum, however, has historically experienced a chargeback rate

---

[2] See chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nacha.org/system/files/2024-01/Calculate_Admin_or_Overall_Return_Rate.pdf (Last accessed 8/13/2024).
[3] *Id*.

exceeding 20% on CLG ACH transactions. (Optimum Decl.) This resulted in Optimum cancelling its service contract with CLG. Based thereon, the Parties have agreed to compromise the amount Optimum shall be entitled to holdback to cover potential chargebacks on CLG ACH transactions during Optimum Recoupment period ending May 23, 2025 in the amount of $200,000. (Marshack Decl. ¶ 5(iv)-(vi).)

To facilitate Optimum's handling of disputes and chargebacks during the Optimum Recoupment period, the Trustee has authorized Optimum to receive access to and/or copies of CLG's client contracts for those clients Optimum has processed ACH transactions. (Marshack Decl. ¶ 5(ii).) The Trustee is entitled to such contracts pursuant to this Court's Preliminary Injunction Order. Such contracts are necessary to prove the ACH transaction was authorized and properly handled, which shall benefit consumer clients and the Estate by reducing the amount of chargebacks during the Optimum Recoupment period and increase the amount funds remaining out of the $200,000 being held back. (1046 Action Dkt. No. 70; Marshack Decl. ¶ 5(ii)). As such, the Parties further seek Court approval of the turnover of CLG's contracts to Optimum within ten (10) business days of the Court's Order on Trustee's Motion to Compromise and continue to have a duty to diligently work with Optimum to provide records reasonably necessary to respond to client chargebacks and/or disputes during the Optimum Recoupment period. (Marshack Decl. ¶ 6, Exh. A.)

On June 15, 2023, October 23, 2023, and April 26, 2024, the Trustee filed an Amended Complaint (1046 Action Dkt. No. 62), Second Amended Complaint (1046 Action No. 226), and Third Amended Complaint (1046 Action Dkt. No. 506), respectively, for (1) Injunctive Relief; (2) Avoidance, Recovery, and Preservation of Two-Year Actual Fraudulent Transfers; (3) Avoidance, Recovery, and Preservation of Two-Year Constructive Fraudulent Transfers; (4) Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfers; (5) Avoidance, Recovery, and Preservation of Four-Year Constructive Fraudulent Transfers; and (6) Turnover, as part of the adversary proceeding against Optimum, captioned *Richard A. Marshack v. Tony Diab, et al.*, No. 8:23-ap-01046-SC. Trustee filed the Fourth Amended Complaint on June 28, 2024. (1046 Action Dkt. No. 583.) The Fourth Amended Complaint is the operative complaint as of this filing. (*Id*.)

On June 23, 2023, in the 1046 Action (Dkt. No. 70), the Court issued its Preliminary Injunction order directing Client files, including but not limited client contracts, and certain funds being held on behalf of the Debtor and related entities and individuals be "turned over" to the Trustee (the "Estate Funds").

The Parties wish to stipulate and agree to a limited and precautionary relief from the automatic stay, if and as necessary, to allow Optimum to exercise its right of recoupment and/or setoff in respect to the Reserve, to apply funds in the Reserve to cover its losses on pre-petition transactions by Debtor's clients to date, and then to release any funds remaining in the Reserve to the Trustee as set forth in the Agreement.

## III.

## <u>TERMS OF THE SETTLEMENT</u>

The salient terms of the Settlement Agreement attached to the Declaration of Richard Marshack, concurrently filed herewith as **Exhibit A**, are as follows:

(a) This Agreement shall be effective on the date (the "Effective Date") that the Bankruptcy Court enters a final order in the Bankruptcy Case (i) approving the Agreement and (ii) finding that no party other than the Trustee has any right, title, or claim to the funds remaining in the Debtor Reserve following the recoupment and/or setoff described in paragraph 2 below (the "Settlement Order"). If any party objects to the Settlement Order, then the Settlement Order shall not be a final order until the time for appeal or reconsideration, or to seek permission to appeal from the Bankruptcy Court's approval of this Agreement, has expired or, if appealed, the Settlement Order has been affirmed in its entirety by the court of last resort to which the appeal has been taken and has become no longer subject to further appeal or review. If no party objects to the Settlement Order, the Settlement Order will be final upon entry by the Bankruptcy Court. (Exhibit A at ¶ 1.)

(b) As of the Effective Date, Optimum may recoup, set off, or otherwise retain and apply funds in the Reserves to satisfy and pay the Optimum Recoupment to the extent that

it is liquidated as of the date of recoupment, set off, or other retention, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified automatically solely to permit such retention, recoupment, and/or setoff, but shall otherwise remain in effect for all purposes. Provided, however, that should Optimum receive from another financial institution a request for a Proof of Authorization related to any Optimum Recoupment, Optimum shall promptly forward it to the Trustee, and the Trustee shall within five business days provide Optimum with any evidence that the Trustee, the Debtor, or an Affiliate has that would satisfy such request. Should the Trustee, the Debtor, or its appropriate Affiliate provide Optimum with evidence sufficient to fully satisfy such request so that it eliminates the Optimum Recoupment, Optimum shall not be entitled to deduct such Optimum Recoupment from the Debtor Reserve. (Exhibit A at ¶ 2.)

(c) CLG is required to provide the Trustee with access to or copies of all Client contracts for which it has initiated ACH transactions pursuant to the Court's Preliminary Injunction. In order to respond to Client chargeback's and/or disputes during the Optimum Recoupment period specified in paragraph 2, above, and for the benefit of the Estate, Trustee hereby authorizes Optimum to have access to and/or be provided a copy of said contracts within ten (10) days of the Court's order approving this Agreement and compromise with Optimum. Thereafter, upon Court approval, CLG shall work diligently with Optimum to provide any additional information Optimum may need to respond to a client chargeback or dispute during the Optimum Recoupment period.  (Exhibit A at ¶ 3.)

(d) Within ten (10) business days from the Court's order approving this Agreement and compromise with Optimum and receiving access to or a copy of all service contracts from CLG related to any ACH transaction Optimum processed on behalf of CLG, Optimum shall release and pay over to the Trustee all funds (approximately $800,000), other than $200,000.00 that the parties agree Optimum will maintain in the Debtor

Reserve, remaining in any account titled to Debtor or any of its Affiliates. Promptly after May 13, 2026, and subject to Optimum's recoupment and applications of funds as provided in paragraph 2 above, Optimum shall release and pay over to the Trustee any and all funds remaining in the Debtor Reserve, if any, along with an accounting supporting the recoupment against the Debtor Reserve. If at any time after turnover of the funds to the Trustee (as described above) but prior to May 13, 2026, the Optimum Recoupment will exceed the remaining amount held in the Debtor Reserve, Optimum must provide to the Trustee a statement of recoupment with an accounting verifying the recoupment amount, and the Trustee shall pay that amount, not to exceed the approximately $800,000.00 originally turned over, within 60 days, without need of a further court order. However, if the Trustee disputes the accounting or the recoupment amount, he can at his sole discretion, bring a motion within those 60 days, with the Court so it can determine the validity of the recoupment amount. Optimum agrees that the Court will retain jurisdiction over it to determine this issue if necessary. (Exhibit A at ¶ 4.)

(e)  The Trustee shall file a Stipulation of Dismissal of Optimum pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable by Federal Rule of Bankruptcy Procedure 7041, within seven days after Optimum's release of funds to the Trustee other than the Debtor Reserve, as described in paragraph (c), above, dismissing with prejudice all known claims as of the time the adversary was filed against Optimum. (Exhibit A at ¶ 5.)

(f)  Except for the obligations created by this Agreement, and in consideration of the execution and delivery of this Agreement, the Parties generally release and fully discharge each other, as well as their predecessors in interest, successors in interest, assignors, assigns, insurers, and their respective officers, directors, shareholders, employees, agents and attorneys, from all claims, obligations, liabilities, indebtedness, actions and causes of action now existing, and known. (Exhibit A at ¶ 6.)

(g) The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction to enforce and construe any and all applicable terms or provisions of the Court's Preliminary Injunction (1046 Action Dkt. No. 70), including any and all applicable changes or modifications subsequently made so long as the Preliminary Injunction remains in place and has not been vacated by Court order. (Exhibit A at ¶ 13.)

## IV.

## THE COURT IS AUTHORIZED TO APPROVE THE SETTLEMENT

The authority granted to a trustee to compromise a controversy or agree to a settlement is set forth in Federal Rule of Bankruptcy Procedure 9019(a) ("Rule 9019"), which provides in pertinent part that "[o]n motion by the [Trustee] and after notice and a hearing, the court may approve a compromise or settlement." Under these circumstances, the decision of whether a compromise should be accepted or rejected lies within the sound discretion of the court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D. R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985).

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [Trustee] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive investigation of the claims sought to be compromised. *See United States v. Alaska National Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See In re A & C Properties*, 784 F.2d at 1381.

/ / /

/ / /

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

> (a) the probability of success in the litigation;
>
> (b) the difficulties, if any, to be encountered in the matter of collection;
>
> (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it;
>
> (d) the paramount interest of the creditors.

*In re A & C Properties*, 784 F.2d at 1381.

A court should not substitute its own judgment for the judgment of the trustee. *Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984). A court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact but rather to canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), accord, *Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972). The court should not necessarily conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). "It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

For all of the reasons set forth above and further explained below, Trustee believes the Agreement is reasonable, fair and equitable, and in the best interests of the Estate and its creditors. A review of the factors outlined below further supports approval of the Agreement.

## A.    PROBABILITY OF SUCCESS IN LITIGATION

Trustee does not anticipate litigation to be necessary in this matter. (Marshack Decl. ¶¶ 6-7). At its core, Trustee's Motion is essentially a settlement without a stipulated judgment. Proving the necessity of returning the excess LPG funds held by Optimum to Trustee presents no difficulty, and avoiding the cost to the Estate of doing so is the intent of the Agreement and Trustee's Motion. (*Id*.) Optimum and Trustee are in full agreement about the appropriate disposition of funds implicated by

this Motion. (*Id*.) There are no other interested parties, and Trustee does not anticipate any objection to the approval of the Agreement. Thus, this factor favors approving the Agreement.

**B.    DIFFICULTIES IN COLLECTION**

As noted, there are no remaining controversies in this matter between Trustee and Optimum. (Marshack Decl. ¶ 7). Once the Agreement is approved, the parties fully intend to timely perform their obligations under the Agreement as set forth herein. Barring any unforeseen obstacles, there should be no difficulty in collections. Thus, this factor weighs in favor of approving the Agreement.

**C.    COMPLEXITY OF LITIGATION**

The issues involved in the Agreement are straightforward. The amounts pulled and/or held by Optimum has been established through accounting records. (Optimum Decl.; Freedman Decl. at ¶ 2). As there is full agreement between Trustee and Optimum on all relevant facts as well as full agreement on the appropriate disposition of the LPG estate funds, there is little to no complexity in the issues presented. In fact, the Agreement is purposefully limited in scope so as to minimize the possibility of unwarranted complications. As such, this factor weighs in favor of approving the Agreement.

**D.    BEST INTEREST OF CREDITORS**

Approving the Agreement is in the best interest of LPG's creditors because Trustee will be recovering one-hundred percent (100%) of Debtor's assets held by Optimum after contractual chargebacks are deducted. (Marshack Decl. at ¶¶ 6-7; Optimum Decl.) Further, providing Optimum with access to CLG contracts in order to respond to client chargeback and disputes stands to maximize the recovery of LPG assets during the Optimum Holdback period. (Marshack Decl. ¶ 7). Approving the Agreement, therefore, guarantees an infusion of capital to the Bankruptcy Estate that will be distributed to Debtor's creditors without the delay or need to expend Estate funds through litigation. Trustee submits that the Agreement represents a valid exercise of his business judgment, is fair and reasonable, and in the best interests of Debtor's creditors. Thus, this factor weighs in favor of approving the Agreement.

## V.

## LPG ASSETS ACQUIRED BY OPTIMUM AFTER THE PETITION DATE ARE FREE

## AND CLEAR

Bankruptcy Code section 552(a) provides that "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a). Generally, courts view 11 U.S.C. § 552(a) broadly. S*ee also Alliance Capital Management L.P. v. County of Orange* (*In re County of Orange*), 189 B.R. 499, 503 (C.D. Cal. 1995).

Here, the funds held by Optimum as a result of processing CLG's ACH transactions totaling $1,000,605.91 were acquired post-petition. (Marshack Decl. Exh. A, ¶ C; Freedman Decl. at ¶¶ 2-3.) These funds are derived from post-petition ACH debits initiated by Optimum on LPG clients that were fraudulently transferred to CLG. *See, e.g., CapCall, LLC v. Foster (In re Shoot the Moon, LLC)*, 635 B.R. 797, 830 (Bankr. D. Mont. 2021), citing 11 U.S.C. § 552. The approximate $800,604.91 and any remainder of the $200,000 to be held by Optimum to cover chargebacks and/or disputes pursuant to the Agreement do not, therefore, represent proceeds, products, offspring, or profits from any secured and perfected security interest that existed pre-petition. 11 U.S.C. § 552(b). As such, this Court should order that these funds are free and clear of any and all secured liens.

## VI.

## THE SETTLEMENT IS A RESULT OF GOOD FAITH ARMS' LENGTH

## NEGOTIATIONS

Trustee further submits that the Agreement results from a good faith and arms' length negotiation between Trustee and Optimum. (Marshack Decl. ¶ 8; Freedman Decl. at ¶¶ 2-3.) The Agreement is not the result of any collusion between Trustee, Optimum, or any other party. (*Id*.)

/ / /

/ / /

/ / /

/ / /

## VII.

## <u>CONCLUSION</u>

The Trustee respectfully requests that the Bankruptcy Court enter an order providing for the following relief:

(a) Granting the motion;

(b) Approving the terms of the Agreement, a copy of which is attached as Exhibit A to the Declaration of Richard Marshack filed concurrently herewith, and authorizing Trustee to enter into the Agreement;

(c) A finding that Optimum shall turn over $1,000,605.91 as set forth in the Agreement held by Optimum, which are free of secured creditor liens;

(d) Of the $1,000,605.91 to be turned over by Optimum, $200,000 shall be held in Trust by Optimum during the Optimum Recoupment period to cover any chargebacks and/or disputes with any remaining portion thereof turned over to the Trustee at the end of the optimum Recoupment period pursuant to the terms of the Agreement; and

(e) For such other relief as this Court may deem just and proper.

Dated: August 22, 2024

Respectfully submitted,

DINSMORE & SHOHL LLP

By: <u>/s/ Jeremy B. Freedman</u>
Christopher B. Ghio
Jeremy B. Freedman
Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate
of The Litigation Practice Group PC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:       655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document: **NOTICE OF CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK'S MOTION AND MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 22, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August 22, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

YCIR Inc.
Hector Ocegueda
535 S Barranca St #4
Covina, CA 91723

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 22, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 22, 2024 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                                  **F 9013-3.1.PROOF.SERVICE**

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walke
r@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larime
r@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE

alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      F 9013-.1.PROOF.SERVICE

jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-.1.PROOF.SERVICE**

ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-.1.PROOF.SERVICE

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-.1.PROOF.SERVICE

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-.1.PROOF.SERVICE

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-.1.PROOF.SERVICE

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcyd
ocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                   F 9013-.1.PROOF.SERVICE

dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Defendant LGS Holdco, LLC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          F 9013-.1.PROOF.SERVICE

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-.1.PROOF.SERVICE**