CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:    619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **DECLARATION  OF CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC.** |
| | Date: |
| | Time: |
| | Judge:      Hon. Scott C. Clarkson |
| | Place:      Courtroom 5C |
| |               411 West Fourth Street |
| |               Santa Ana, California  92701 |

## DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1.    I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2.    I submit this declaration in support of my Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 as To Defendant OptimumBank and OptimumBank Holdings, Inc. (the "Motion"). Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3.    The Court may take judicial notice of the following:

(a) On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Case.

(b) After the Office of the United States Trustee (the "UST") filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing Unites States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

(c) Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

///

///

///

(d) On May 25, 2023, I initiated an adversary proceeding, *Marshack v. Diab et al*. (Adv. Proc. No. 8:23-ap-01046-SC), against LPG's alter egos, fraudulent transferees, and other related parties. In the complaint, I alleged six causes of action for injunctive relief, avoidance, recovery, and preservation of actual and constructive fraudulent transfers, and turnover. With respect to Phoenix, the adversary complaint sought to avoid and recover the pre-petition transfer of approximately 40,000 customer files (collectively "Files") from the Debtor to Phoenix and to order the turnover of all property related to those Files.

(e) On May 26, 2023, the Court entered the *Amended Order on Trustee, Richard Marshack's Omnibus Emergency Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance With Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter* [Adv. Docket No. 21] (the "TRO"), authorizing turnover of estate property and recorded information, lock-out, and an order to show cause regarding compliance with court order, among other relief. [1046 Action Dkt. Nos. 13 and 21].

(f) On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications. [1046 Action Dkt. No. 47].

(g) On June 15, 2023, the Trustee filed an Amended Complaint for (1) Injunctive Relief; (2) Avoidance, Recovery, and Preservation of Two-Year Actual Fraudulent Transfers; (3) Avoidance, Recovery, and Preservation of Two-Year Constructive Fraudulent Transfers; (4) Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfers; (5) Avoidance, Recovery, and Preservation of Four-Year Constructive Fraudulent Transfers; and (6) Turnover, as part of the adversary proceeding against Optimum, captioned *Richard A. Marshack v. Tony Diab, et al.*, No. 8:23-ap-01046-SC (the "Adversary Proceeding").

(h) On September 14, 2023, the Court granted Defendants Eng and Touzi's Motion to Dismiss without prejudice and ordered a second amended complaint be filed no later than October 14, 2023 [1046 Action Dkt. No. 211].

(i) On October 13, 2023, I filed the Second Amended Complaint ("SAC") [1046 Action Dkt. No. 226]. Notably, Trustee's SAC alleged specific facts based on evidence obtained as a result of Trustee's significant ongoing investigation, including formal and informal discovery.

(j) Realizing the need for further amendment to the complaint, I filed the Third Amended Complaint ("TAC") on April 26, 2024, and the Fourth Amended Complaint on June 28, 2024. The Fourth Amended Complaint is the operative complaint as of this filing.

4. Following entry of the preliminary injunction, my counsel discussed the preliminary injunction, the claims raised against Optimum and recovery of LPG assets in an effort to work towards resolution. During the course of these discussions, Optimum provided information related to credit card and ACH authorization, funds received, chargebacks and its contract with LPG among other related issues.

5. Based on these discussions, the parties have agreed to the terms of the Agreement, pending approval by the Bankruptcy Court. Following entry of an order approving the Agreement, the Agreement will provide that:

i. The Debtor's Reserve currently holds $1,000,605.91 in two accounts all of which were acquired post-petition and free of liens. Within ten (10) days following the Order on Trustee's Motion to Compromise, Optimum shall release and pay over to the Trustee all funds (approximately $800,000), other than $200,000 that the parties agree Optimum will maintain in the Debtor Reserve pursuant to and during the Optimum Recoupment period and turnover any remaining funds in the Debtor's Reserve at the end of said period pursuant to sections (c) and (d) below.

///

///

ii.    As of the Effective Date, Optimum may recoup, set off, or otherwise retain and apply funds in the Reserves to satisfy and pay the Optimum Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes. Provided, however, that should Optimum receive from another financial institution a request for a Proof of Authorization related to any Optimum Recoupment, Optimum shall promptly forward it to the Trustee, and the Trustee shall within five business days provide Optimum with any evidence that the Trustee, the Debtor, or an Affiliate has that would satisfy such request. Should the Trustee, the Debtor, or its appropriate Affiliate provide Optimum with evidence sufficient to fully satisfy such request so that it eliminates the Optimum Recoupment, Optimum shall not be entitled to deduct such Optimum Recoupment from the Debtor Reserve;

iii.    CLG is required to provide the Trustee with access to or copies of all Client contracts for which it has initiated ACH transactions pursuant to the Court's Preliminary Injunction. In order to respond to Client chargeback's and/or disputes during the Optimum Recoupment period specified in paragraph 2, above, and for the benefit of the Estate, Trustee hereby authorizes Optimum to have access to and/or be provided a copy of said contracts within ten (10) days of the Court's order approving this Agreement and compromise with Optimum. Thereafter, upon Court approval, CLG shall work diligently with Optimum to provide any additional information Optimum may need to respond to a client chargeback or dispute during the Optimum Recoupment period.

iv.    Within ten (10) business days from the Court's order approving this Agreement and compromise with Optimum and receiving access to or a copy of all service contracts from CLG related to any ACH transaction Optimum processed on behalf of CLG, Optimum shall release and pay over to the Trustee all funds (approximately

$800,000), other than $200,000.00 that the parties agree Optimum will maintain in the Debtor Reserve, remaining in any account titled to Debtor or any of its Affiliates.

v.  Promptly after May 13, 2026, and subject to Optimum's recoupment and applications of funds as provided in paragraph 2 above, Optimum shall release and pay over to the Trustee any and all funds remaining in the Debtor Reserve, if any, along with an accounting supporting the recoupment against the Debtor Reserve.

vi.  If at any time after turnover of the funds to the Trustee (as described above) but prior to May 13, 2026, the Optimum Recoupment will exceed the remaining amount held in the Debtor Reserve, Optimum must provide to the Trustee a statement of recoupment with an accounting verifying the recoupment amount, and the Trustee shall pay that amount, not to exceed the approximately $800,000.00 originally turned over, within 60 days, without need of a further court order. However, if the Trustee disputes the accounting or the recoupment amount, he can at his sole discretion, bring a motion within those 60 days, with the Court so it can determine the validity of the recoupment amount. Optimum agrees that the Court will retain jurisdiction over it to determine this issue if necessary.

vii.  Promptly after May 13, 2026, and subject to Optimum's recoupment and applications of funds as provided in paragraph (a) above, Optimum shall release and pay over to the Trustee any and all funds remaining in the Debtor Reserve, if any, along with an accounting supporting the recoupment against the Debtor Reserve;

viii.  The Trustee shall file a Stipulation of Dismissal of Optimum pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable by Federal Rule of Bankruptcy Procedure 7041, within seven days after Optimum's release of funds to the Trustee other than the Debtor Reserve, as described in paragraph 4, above, dismissing with prejudice all known claims as of the time the adversary was filed against Optimum.

ix.  Except for the obligations created by this Agreement, and in consideration of the execution and delivery of this Agreement, the Parties  generally release and fully discharge each other, as well as their predecessors in interest, successors  in interest,

1    assignors, assigns, insurers, and their respective officers, directors, shareholders,

2    employees, agents and attorneys, from all known claims, obligations, liabilities,

3    indebtedness, actions and causes of action now existing, and known;

4    x.    The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and

5    provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction

6    to enforce and construe any and all applicable terms or provisions of the Court's

7    Preliminary Injunction (Adversary Proceeding No. 8:23-ap-01046-SC, Dkt. No. 70),

8    including any and all applicable changes or modifications subsequently made so long

9    as the Preliminary Injunction remains in place and has not been vacated by Court

10    order.

11    6.    Entry into the Agreement will grant the Debtor all the relief it sought against Optimum

12    in the Adversary Proceeding and will grant the Debtor additional concessions that were not requested

13    or sought in the complaint. The Bankruptcy Court will retain jurisdiction to monitor compliance with

14    the Agreement, which is attached as **Exhibit A**.

15    7.    I do not anticipate any objections to this compromise with Optimum. In essence, the

16    Agreement serves as a stipulated judgment without the necessity of costly litigation which would

17    reduce the amount of funds available to the estate. Given the historical chargebacks at Optimum

18    which remain open until 2025, the Agreement which provides Optimum with access to the

19    information and contracts necessary to properly respond to consumer client chargebacks, disputes or

20    questions stands to benefit the Estate and the overall recovery under the Agreement. I do not believe

21    based on the evidence obtained to date it would be difficult to prove the claims being compromised.

22    However, doing so would come at a cost to the Estate reducing the recovery for the benefit of the

23    Estate. I am not aware of any other claims than those being compromised by way of the Agreement.

24    Based thereon, and in my business judgment, I do not believe I could obtain a superior outcome in

25    the Adversary Proceeding with respect to the claims against Optimum than those provided in the

26    Agreement. The Agreement will immediately infuse capital into the Estate for distribution to creditors

27    while eliminating the need for further litigation with Optimum. Moreover, Optimum will respond to

28

any further chargebacks and/or disputes during the holdback period and turnover the remainder of the $200,000 Reserve for the benefit of consumer clients and the Estate.

8.   The Agreement is the result of good faith negotiations and, as such, I believe entering into the Agreement is in the best interests of the Estate and the Estate's creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 22, 2024

Richard A. Marshack

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this 14 day of August, 2024, by and between Richard A. Marshack, as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of The Litigation Practice Group, P.C. (the "Debtor"), and OptimumBank and OptimumBank Holdings, Inc. (together, "Optimum"). The Trustee and Optimum are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A.    Optimum performed certain ACH payment processing services for the Debtor and its "Affiliates" (namely, LGS Clearinghouse LLC, KLYR Capital Inc., Collegg LLC dba Phoenix LG Fee, and Consumer Legal Group PC) pursuant to an agreement between the Debtor and Optimum dated June 12, 2022 ("Debtor ACH Client Agreement").

B.    The Debtor ACH Client Agreement (i) authorized and permitted Optimum to establish and maintain a reserve (the "Debtor Reserve") to cover certain of the Debtor's and its Affiliates' obligations under its ACH Client Agreement, and also (ii) required Debtor and its Affiliates to indemnify Optimum for any and all expenses, including attorneys' fees, arising (directly or indirectly) out of or related to their ACH Client Agreement.

C.    As a result of post-petition ACH transactions and receivables the Debtor Reserve now holds a total of $1,000,605.91, in two accounts: (i) $1,000,002.00 in account number xxx8253 titled to Consumer Legal Group PC and labeled Consumer Legal PC Reserve Acct and (ii) $603.91 in account number xxx5282 titled to KLYR Capital Inc. and labeled KLYR Capital Inc. Reserve Account.

D.    On or about March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), initiating Case No. 8:23-bk-10571-SC (the "Bankruptcy Case").

E.    On or about May 8, 2023, the Trustee was appointed as the Chapter 11 trustee of the bankruptcy estate of the Debtor.

F.    On June 15, 2023 and April 26, 2024, the Trustee filed an Amended Complaint and Third Amended Complaint, respectively, for (1) Injunctive Relief; (2) Avoidance, Recovery, and Preservation of Two-Year Actual Fraudulent Transfers; (3) Avoidance, Recovery, and Preservation of Two-Year Constructive Fraudulent Transfers; (4) Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfers; (5) Avoidance, Recovery, and Preservation of Four-Year Constructive Fraudulent Transfers; and (6) Turnover, as part of the adversary proceeding against Optimum, captioned *Richard A. Marshack v. Tony Diab, et al.*, No. 8:23-ap-01046-SC (the "Adversary Proceeding").

G.    On June 23, 2023, the Court issued an order in the Adversary Proceeding [Adv. Dkt. No. 70] directing that certain funds being held on behalf of the Debtor and certain related entities and individuals be "turned over" to the Trustee (the "Estate Funds").

1





H.    Optimum has a right of recoupment  against the Debtor's Chapter 11 Estate Funds and the Debtor Reserve to the extent of any unpaid and/or unrecouped client refunds, chargebacks and ACH returns on transactions with, or indemnifiable expenses (including, but not limited to fines or penalties assessed by NACHA or a similar organization) related to, the Debtor and its Affiliates (the "Optimum Recoupment")

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.    **Court Approval.**  This Agreement shall be effective on the date (the "<u>Effective Date</u>") that the Bankruptcy Court enters a final order in the Bankruptcy Case (i) approving the Agreement and (ii) finding that no party other than the Trustee has any right, title, or claim to the funds remaining in the Debtor Reserve following the recoupment and/or setoff described in paragraph 2 below (the "Settlement Order"). If any party objects to the Settlement Order, then the Settlement Order shall not be a final order until the time for appeal or reconsideration, or to seek permission to appeal from the Bankruptcy Court's approval of this Agreement, has expired or, if appealed, the Settlement Order has been affirmed in its entirety by the court of last resort to which the appeal has been taken and has become no longer subject to further appeal or review.  If no party objects to the Settlement Order, the Settlement Order will be final upon entry by the Bankruptcy Court.  The Settlement Order shall be in a form and substance acceptable to both parties. The Trustee agrees to seek entry of the Settlement Order within a reasonable period of time following the execution of this Agreement by all Parties.

2.    **Precautionary Modification of Stay to Permit Recoupment.**  As of and after the Effective Date, Optimum may recoup, set off, or otherwise retain and apply funds in the Debtor Reserve to satisfy and pay any Optimum Recoupment to the extent that it is liquidated as of the date of recoupment, set off, or other retention, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified automatically solely to permit such retention, recoupment, and/or setoff, but shall otherwise remain in effect for all purposes. Provided, however, that should Optimum receive from another financial institution a request for a Proof of Authorization related to any Optimum Recoupment, Optimum shall promptly forward it to the Trustee, and the Trustee shall within five business days provide Optimum with any evidence that the Trustee, the Debtor, or an Affiliate has that would satisfy such request. Should the Trustee, the Debtor, or its appropriate Affiliate provide Optimum with evidence sufficient to fully satisfy such request so that it eliminates the Optimum Recoupment, Optimum shall not be entitled to deduct such Optimum Recoupment from the Debtor Reserve.

3.    **Turnover of CLG Contracts**. CLG is required to provide the Trustee with access to or copies of all Client contracts for which it has initiated ACH transactions pursuant to the Court's Preliminary Injunction. In order to respond to Client chargeback's and/or disputes during the Optimum Recoupment period specified in paragraph 2, above, and for the benefit of the Estate, Trustee hereby authorizes Optimum to have access to and/or be provided a copy of said contracts within ten (10) days of the Court's order approving this Agreement and compromise with Optimum. Thereafter, upon Court approval, CLG shall work diligently with Optimum to provide any additional information Optimum may need to respond to a client chargeback or dispute during the Optimum Recoupment period.





4.    **Release of Funds to Trustee.**  Within ten (10) business days from the Court's order approving this Agreement and compromise with Optimum and receiving access to or a copy of all service contracts from CLG related to any ACH transaction Optimum processed on behalf of CLG, Optimum shall release and pay over to the Trustee all funds (approximately $800,000), other than $200,000.00 that the parties agree Optimum will maintain in the Debtor Reserve, remaining in any account titled to Debtor or any of its Affiliates. Promptly after May 13, 2026, and subject to Optimum's recoupment and applications of funds as provided in paragraph 2 above, Optimum shall release and pay over to the Trustee any and all funds remaining in the Debtor Reserve, if any, along with an accounting supporting the recoupment against the Debtor Reserve. If at any time after turnover of the funds to the Trustee (as described above) but prior to May 13, 2026, the Optimum Recoupment will exceed the remaining amount held in the Debtor Reserve, Optimum must provide to the Trustee a statement of recoupment with an accounting verifying the recoupment amount, and the Trustee shall pay that amount, not to exceed the approximately $800,000.00 originally turned over, within 60 days, without need of a further court order. However, if the Trustee disputes the accounting or the recoupment amount, he can at his sole discretion, bring a motion within those 60 days, with the Court so it can determine the validity of the recoupment amount. Optimum agrees that the Court will retain jurisdiction over it to determine this issue if necessary.

5.    **Dismissal of Optimum from Adversary Proceeding.**  The Trustee shall file a Stipulation of Dismissal of Optimum pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable by Federal Rule of Bankruptcy Procedure 7041, within seven days after Optimum's release of funds to the Trustee other than the Debtor Reserve, as described in paragraph 4, above, dismissing with prejudice all known claims as of the time the adversary was filed against Optimum.

6.    **Merger and Integration.**  This Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements between the Parties relating thereto.

7.    **Releases.**  Except for the obligations created by this Agreement, and in consideration of the execution and delivery of this Agreement, the Parties generally release and fully discharge each other, as well as their predecessors in interest, successors in interest, assignors, assigns, insurers, and their respective officers, directors, shareholders, employees, agents and attorneys, from all known claims, obligations, liabilities, indebtedness, actions and causes of action now existing and  known,.

8.    **No Admission of Liability.**  Each Party understands and agrees that this Agreement and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by the Parties of liability or wrongdoing, such liability being expressly denied. This Agreement, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence, or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract, or proper conduct.

3



9.    **Signatory Authority.** Each person who executes this Agreement represents that he or she is duly authorized to execute this Agreement on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Agreement.

10.    **Execution in Counterparts.** This Agreement may be executed in multiple counterparts, any of which may be transmitted by e-mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11.    **Severability.** If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator, or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application.

12.    **No Presumption**. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Agreement and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

13.    **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction to enforce and construe any and all applicable terms or provisions of the Court's Preliminary Injunction (Adversary Proceeding No. 8:23-ap-01046-SC, Dkt. No. 70), including any and all applicable changes or modifications subsequently made so long as the Preliminary Injunction remains in place and has not been vacated by Court order.

14.    **Governing Law.** This Agreement is made and entered into under the laws of the State of California and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws.

15.    **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

16.    **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

17.    **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement and the Adversary Proceeding. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns. The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.



18.    **Bankruptcy Court Approval.**  This Agreement is subject to approval by the Bankruptcy Court. The Trustee will prepare and file a motion under Bankruptcy Rule 9019 seeking approval of this Agreement.  In the event the Bankruptcy Court does not approve this Agreement, this Agreement shall be null and void and of no force and effect and the rights of all Parties are specifically reserved as if this Agreement had not been entered into.

**RICHARD A. MARSHACK, CHAPTER 11
TRUSTEE FOR THE LITIGATION PRACTICE
GROUP, P.C.**

_____    Dated: _8 / 22 / 24__

**OPTIMUMBANK**

By: _Tomothy Terry_    Dated: _8/14/2024_

Title: _PRES/CEO_

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:        655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document:  **DECLARATION OF CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC.** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 22, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠        Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August 22, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

YCIR Inc.
Hector Ocegueda
535 S Barranca St #4
Covina, CA 91723

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐        Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 22, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| August 22, 2024 | Bonnie Connolly | /s/ Bonnie Connolly |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                           **F 9013-3.1.PROOF.SERVICE**

rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walke
r@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larime
r@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-.1.PROOF.SERVICE**

alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                      F 9013-.1.PROOF.SERVICE

jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-1.PROOF.SERVICE**

ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-1.PROOF.SERVICE

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                           F 9013-.1.PROOF.SERVICE

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          F 9013-.1.PROOF.SERVICE

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                     F 9013-.1.PROOF.SERVICE

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcyd
ocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE

dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Defendant LGS Holdco, LLC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          F 9013-1.PROOF.SERVICE

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-1.PROOF.SERVICE**

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE