1  Christopher Celentino (State Bar No. 131688)
Christopher B. Ghio (State Bar No. 259094)
2  Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
San Diego, CA 92101
4  Telephone:  619.400.0500
Facsimile:  619.400.0501
5  christopher.celentino@dinsmore.com
christopher.ghio@dinsmore.com
6  yosina.lissebeck@dinsmore.com

7  Special Counsel to the Chapter 11 Trustee,
Richard A. Marshack
8

9              **UNITED STATES BANKRUPTCY COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11  In re:                                    Case No. 8:23-bk-10571-SC

12  THE LITIGATION PRACTICE GROUP P.C.,       Chapter 11

13            Debtor.                         **FIRST CHAPTER 11 APPLICATION OF**
                                              **DINSMORE & SHOHL LLP FOR**
14                                            **COMPENSATION AND**
                                              **REIMBURSEMENT OF EXPENSES**
15                                            **FOR THE PERIOD MAY 8, 2023**
                                              **THROUGH JUNE 30, 2024;**
16                                            **DECLARATION OF CHRISTOPHER**
                                              **CELENTINO**
17

18                                            Hearing:
                                              Date:  September 24. 2024
19                                            Time:  10:00 a.m.
                                              Ctrm:  5C
20                                            Judge: Hon. Scott C. Clarkson
                                              Place:  411 West Fourth Street
21                                                     Santa Ana, CA 92701
22

23

24

25

26

27

28

Dinsmore & Shohl LLP ("Dinsmore" or "Applicant"), as special counsel to Richard A. Marshack, Chapter 11 Trustee (the "Trustee" or "Marshack") in the above-captioned bankruptcy case for the above captioned debtor (the "Debtor"), respectfully submits its  First Chapter 11 Application for Compensation and Reimbursement of Expenses for the Period May 8, 2023 through June 30, 2024 (the "Application") for approval of and authorization for immediate payment of attorneys' fees for services rendered and reimbursement of expenses incurred in connection with the Case on an interim basis.

**I.**

**<u>INTRODUCTION</u>**

This Application is filed pursuant to section 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1.  Applicant has reviewed the requirements of Local Rule 2016-1 and the Application complies with such rule.

On March 20, 2023 (the "Petition Date"), The Litigation Practice Group P.C. filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"), which commenced the above-referenced bankruptcy case (the "Case").

On May 8, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed Richard A. Marshack to serve in a fiduciary capacity as the chapter 11 trustee of the Debtor's Estate [Dkt. No. 62].  On or about May 8, 2023, the Trustee filed his Acceptance of Appointment as Chapter 11 Trustee [Dkt. No. 63].  On or about May 8, 2023, the Court approved the appointment of the Trustee as the Chapter 11 trustee in the Case [Dkt. No. 65].

On June 23 and 29, 2023, the U.S. Trustee appointed a seven-member Official Committee of Unsecured Creditors of the Litigation Practice Group P.C. (the "Committee") to represent the general interests of unsecured creditors in the Bankruptcy Case [Dkt. Nos. 134 and 157].

On or about July 5, 2023, by order entered August 17, 2017, the Court authorized Trustee's retention of Dinsmore as his special counsel [Dkt. No. 171].

By this Application, Dinsmore seeks allowance and payment of $4,745,825.25 in fees and $57,379.11 in expenses for the period from May 8, 2023 through June 30, 2024 (the "Application

1

Period"), for a total of $4,803,204.36.  This requested amount takes into account: (1) deductions made for fees incurred but not charged in the approximate amount of $223,990.00; (2) deductions made for fees charged in the amount of $24,304.75 (which consists of approximately a 50% discount for travel time for required appearance at hearings); (3) deductions made for expenses incurred but not charged in the amount of $3,798.50;[1] and (4) for a voluntary courtesy discount in total amount of $145,156.00.[2]  The total courtesy discounts/no charges represent approximately 9% of all fees.

Applicant, in compliance with the Court's Order Appointing Fee Examiner (– "Examiner Order"), Applicant transmitted the time records relevant to this Application to the Fee Examiner for review.  The Application submitted herewith, and the time records in support thereof, have been reviewed by the Fee Examiner.  In consultation with the Fee Examiner, the Application submitted herein represents and incorporates modifications and recommendations of the Fee Examiner regarding services provided, and compensation sought, by the Applicant.

## II.

## DINSMORE'S ROLE IN THE CASE

The Trustee has noted that, prior to his appointment in May 2023, the Debtor is a professional corporation organized under the laws of the State of California with its principal place of business in Tustin, California. As of the Petition Date, the Debtor operated as a law firm that provided consumer debt validation services to its clients.  The Case has a storied history, and future, and Applicant is proud of the role it has served in the Case to date, and the current and anticipated results expected in the Case on behalf of the Trustee and creditors.

Tony M. Diab ("Mr. Diab"), and his disbarment in California and Nevada, was the direct cause of the Debtor's formation. On January 14, 2019, the Supreme Court of the State of Nevada entered an order disbarring Mr. Diab from the practice of law in Nevada. The Nevada disbarment order related to significant misconduct, including stealing a $375,000 client settlement payment, forging client retainer agreements to conceal the conversion of client funds, and forging the

---

[1] Id.

[2] Details related to fees and expenses incurred but not charged are not reflected in this Application or the exhibits attached hereto.

1    signature of a judge on a falsified order. On February 7, 2019, the State Bar of California entered

2    default against Mr. Diab on similar claims in a pending California proceeding and ordered that Mr.

3    Diab's law license be placed on involuntary inactive status. Mr. Diab was subsequently disbarred

4    from the practice of law in California on January 10, 2020.

5        The Debtor was incorporated in California on February 22, 2019. The timing is noteworthy:

6    the incorporation occurred less than a month after Mr. Diab's Nevada disbarment and two weeks

7    after Mr. Diab's law license was placed on involuntary inactive status in California. The Trustee

8    alleges that the Debtor was formed to conceal the transfer and continuation of Mr. Diab's preexisting

9    debt resolution practice notwithstanding his inability to practice law.

10        It is with Applicant's assistance and investigation that the Trustee was able to document and

11    detail the below-noted horrifying picture of Mr. Diab's orchestrated fleecing of Debtor's consumer

12    clients, creditors, investors, and numerous third parties.

13        The Trustee has further alleged that the Debtor's named management served as a shill to

14    permit Mr. Diab to continue de facto control over business operations despite no longer holding a

15    license to practice law. John Thompson ("Mr. Thompson") was the original, sole shareholder and

16    managing partner of the Debtor between February and November 2019. Daniel March ("Mr.

17    March") took assignment of Mr. Thompson's ownership in the Debtor in November 2019, and

18    served as the sole shareholder and managing partner of the Debtor until the appointment of the

19    Trustee.  Mr. March has pleaded "no contest" to California disbarment proceedings regarding his law

20    license, essentially accepting the allegation that, during his tenure, he assisted Mr. Diab and the

21    Debtor in stealing over $272 Million from the consumer clients of LPG.

22        In each instance, the Trustee alleges that Mr. Diab effectively "rented" the law licenses of

23    Mr. Thompson and Mr. March, neither of whom exercised any actual management or control over

24    the Debtor. During this time, Mr. Diab impersonated Mr. March and Mr. Thompson, forged Mr.

25    March's signature on documents, and purportedly provided legal advice to clients of the Debtor.

26        Prepetition, the Debtor serviced more than 50,000 consumer clients across the United States

27    with an estimated annual cash flow of $150 million in 2022; that cash flow, however, does not

28    represent a revenue stream in which Debtor has an equitable interest to the contrary, the monies

received were essentially trust funds belonging to consumer clients of LPG, and not LPG itself. Generally, the relationship between the Debtor and its consumer clients was governed by a legal services agreement (an "LSA") that established an attorney-client relationship between the parties. During the course of the Case, the Debtor's LSA's were rejected, and the consumer clients, at their election, were authorized to enter into brand new legal agreements with Morning Law Group ("MLG") (discussed infra.), and a portion of the revenue from which new agreements are pledged to the Debtor Estate from which payments to creditors can be made by the Trustee.

The Debtor utilized both in-house and third-party marketing affiliates to obtain consumer client referrals on a massive scale. The Debtor's "in-house" marketing efforts were operated through an entity called Coast Processing, which was acquired by Mr. Diab in 2021. The Debtor also utilized a network of hundreds of third-party marketing affiliates to purchase referrals. In each case, the Debtor acquired potential client data through in-house or third-party efforts that identified victims of predatory lending, significant debt potentially subject to challenge, and other methods. Rather than pay for these referral lists upfront, the Debtor paid third-party marketing affiliates a percentage of collections earned from referred clients through revenue generated from those clients during their engagement with the Debtor. The marketing affiliates' practices were dubious at best and, included direct solicitation and referral of clients (which may have violated the rules of professional conduct governing licensed attorneys in multiple jurisdictions).  Additionally, in some circumstances, the marketing affiliates would assist with the execution of an LSA between the Debtor and a consumer client.  Applicant asserts that this illegal arrangement was detrimental to Debtor and served primarily to line the pockets of the affiliate marketing companies.

The Trustee alleges, and Applicant investigated and determined, that Mr. Diab, and a series of co-conspirators, orchestrated and implemented a scheme to fraudulently transfer client files, and purportedly the related consumer trust funds to be received, to third parties. The series of prepetition transactions involving the Debtor, Mr. Diab, Mr. Diab's co-conspirators, or their affiliates include the following:

///

///

4

- Repeatedly either selling, or utilizing as purported collateral, the same accounts receivable from the same client files to factoring companies, other lenders, or investors;

- Transferring client files to third parties selected by Mr. Diab, or his co-conspirators, and such transfers of client files were made for inadequate or no consideration without consumer client consent;

- Intercepting ACH draws from client accounts under the LSAs and diverting the funds collected to the fraudulent transferees; and

- Causing the fraudulent transferees to initiate redundant or duplicative, and unauthorized, ACH draws against consumer client accounts.

The foregoing transactions, among others, siphoned substantial cash flow from the Debtor. The Debtor also entered into a series of purportedly secured borrowings, sales, and investments on unfavorable terms to finance the Debtor's operations and pay fees owed to the Debtor's marketing affiliates that the Debtor's cash flow from accounts receivable were unable to sustain.

Creditors and clients became increasingly aware of the Debtor's misconduct, orchestrated by Mr. Diab and his co-conspirators. By way of example, between late April 2023 and May 2023, entities to which the Debtor impermissibly transferred client files began receiving significant client complaints related to duplicative or fraudulent ACH draws against their personal accounts. Other creditors who expected more significant payments under the terms of their agreements began filing lawsuits to enforce their asserted rights against the Debtor. On March 10, 2023, a California state court in one such lawsuit ordered the appointment of a receiver. The Debtor filed the Bankruptcy Case, in March 2023 in part, to frustrate the appointment of the Receiver.

The Trustee was appointed on May 8, 2023, and retained Applicant on May 18, 2024. Applicant commenced a "deep dive" of the allegations to date, and located witnesses who worked for LPG, worked for competitors of LPG (the fraudulent conveyance partners), creditors of LPG, and advertising affiliates of LPG who provided documents and testimony that established the many tentacles of the fraudulent enterprise established by Mr. Diab and his many co-conspirators. Applicant prepared and filed a complaint against the many participants in Diab's scam, and filed for

1   a TRO under seal on May 25, 2023.  The Court granted the TRO on May 26, 2023 and with

2   Applicant's coordination and advanced planning, when served on many third parties, the LPG

3   electronic infrastructure was frozen, the databases copied, the ACH processing halted, the bank

4   accounts and sources of fund secured, the computer logins (except for a few nefarious operators)

5   were mostly terminated and data retained, and the premises occupied by the fraudulent conveyance

6   partner(s) that contained all of the Debtor's computers and related equipment was catalogued and

7   seized.  The Court granted a Preliminary Injunction on June 2, 2023 memorializing the TRO.

8   Applicant assisted in the preparation of successful financing motions, a successful motion to approve

9   interim management agreement, and a successful motion to sell the assets of LPG – including its

10  proprietary database and operating code – pursuant to written opinion issued July 21, 2024.  While

11  there appears to be interference with the conversion of clients to new agreements with the buyer of

12  the assets – which interference will become known in the next phase of the Case, Applicant has

13  analyzed litigation targeting multiple fronts, and at this juncture notes:

14          a.      Two lawsuits and successful motions, settlements and claims objections vis-à-vis

15  secured creditors reduced alleged secured debt of $174,901,643 to a reduction of $1,355,000 with

16  settlements insuring that effective day payments for secured creditors total $720,000 with the

17  balance being paid after Applicant and the Estate are successful in obtaining $10 Million in litigation

18  proceeds; with one claim, that of Azzure, set for mediation in November.

19          b.      Applicant on behalf of the Trustee has filed 3 fraudulent conveyance and other claims

20  against co-conspirators and other entities and has already achieved settlements in the amount of $1.6

21  Million.   Applicant on behalf of the Trustee has successfully pursued a writ of attachment against

22  one such recipient, Bayrooti.

23          c.      Applicant on behalf of the Trustee has filed 10 claims against affiliates, seeking not

24  less than $11.5 Million in damages, has obtained one default judgment in the amount of $1,9

25  Million, has two default Motion's pending, is discussing settlements in other matters, and has another

26  100-150 affiliate targets to review and investigate;

27          d.      Applicant on behalf of the Trustee has filed 2 claims against MCA Defendants, and

28  anticipates filing, seeking not less than $7 Million in damages; and has another 10-20 such claims;

e.      Applicant on behalf of the Trustee has filed multiple claims against avoidance recipients, as noted above, and anticipates filing additional claims.  Further, Applicant is assisting the Trustee in evaluating other avoidance recipients not noted above, that may not have been marketers, affiliates or MCA type lenders, but simply obtained an avoidable transfer within the applicable time period.  That list contains over 517 potential transferees with approximately $100 Million in damages.

Applicant submits that its efforts to date have been highly successful, and as a result, the Trustee is poised to have a successful case.

## III.

## APPLICATION SUMMARY

**A.      Application Summary**

**1.**      Applicant: Dinsmore & Shohl LLP

**2.**      Application Period: May 8, 2023 through June 30, 2024

**3.**      Date of Entry of Order Authorizing Employment: July 5, 2023

**4.**      Date Services by Applicant Commenced: May 8, 2023

**5.**      Date of Prior Fee Application: None.  The Application is Dinsmore's First Fee Application.

**6.**      Advance Retainer Received: None

**7.**      Fees Previously Awarded: None

**8.**      Expenses Previously Awarded: None

**B.      Fees and Expenses Sought in this Application**

By this Application, Dinsmore seeks allowance and payment of $4,745,825.25 in fees and $57,379.11 in expenses for the period from May 8, 2023 through June 30, 2024, for a total of $4,803,204.36.  This requested amount takes into account:

(1) deductions made for fees incurred but not charged in the approximate amount of $223,990.00;

(2) deductions made for fees charged in the amount of $24,304.75 (which consists of approximately a 50% discount for travel time for required appearance at hearings);

(3) deductions made for expenses incurred but not charged in the amount of $3,798.50; and

(4) for a voluntary courtesy discount in total amount of $145,156.00.

The total courtesy discounts/no charges represent approximately 9% of all fees.

The fees and expenses requested, for the Application Period, hearing information on this Application and the deadline for filing and serving a written opposition to this Application are set forth in the Notice filed concurrently herewith.

**IV.**

**BACKGROUND**

**A.    Terms of Employment**

On or about June 7, 2023, Dinsmore submitted the Notice of Filing Application Pursuant to 11 U.S.C. Section 327(a) Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Special Counsel for Chapter 11 Trustee Richard A. Marshack and Opportunity to Request a Hearing [Dkt No. 91], and the Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Special Counsel for Chapter 11 Trustee Richard A. Marshack [Dkt. No. 90]  and related pleadings [Dkt. Nos. 90-1 and 92] (collectively, the "Employment Pleadings") whereby the Trustee sought to employ Dinsmore as special counsel in this Case (the "Employment Application") pursuant to the terms set forth therein.  By order entered on July 5, 2023, [Dkt. No. 171] (the "Employment Order"), the Court approved the Employment Application and authorized the Trustee to employ Dinsmore as its special counsel in this Case effective as of May 8, 2023.

Under the Employment Pleadings, Dinsmore agreed to be compensated for services rendered on the basis of its hourly billings and expenses incurred, subject to approval by this Court. Dinsmore has not shared, has no plan to, and has not entered into any agreement with any third party, to share fees which may be allowed or paid as special counsel for the Trustee, except under such arrangements as may exist among the partners and employees of Dinsmore.  As this Court is aware, and as was disclosed in Dinsmore's Employment Pleadings at the outset of the Case, Dinsmore did not receive a pre-petition retainer on account.  Dinsmore submitted a comprehensive Rule 2014 disclosure at the outset [Dkt. Nos. 90-92] and one supplemental Rule 2014 disclosure during the case [Dkt. No. 1430].

**B.**    **Case Status and Dinsmore's Activity in the Case**

    **1.**    **Motions to Dismiss or Convert the Bankruptcy Case and Appointment of the Trustee by the U.S. Trustee.**

On March 30, 2023, the Office of the United States Trustee filed a motion [Dkt. No. 21] (the "U.S. Trustee Dismissal Motion") to dismiss the Bankruptcy Case or convert the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code. Although filed only shortly after the Bankruptcy Case, the U.S. Trustee observed that the Debtor had already failed to comply with a litany of reporting requirements, including: (i) failure to provide proof of insurance; (ii) failure to provide evidence the Debtor closed its prepetition bank accounts or the opening of postpetition, debtor-in-possession bank accounts at authorized depositories; (iii) failure to provide required disclosures concerning real property, cash flow, required certificates and licenses, income tax returns, financial statements, employee benefits, insiders; and (iv) failure to provide evidence that the petition was recorded.

On April 19, 2023, Debt Validation Fund II, LLC, MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC collectively filed a motion [Dkt. No. 44] (the "Creditor Dismissal Motion") to dismiss the Bankruptcy Case or, in the alternative, convert the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code or appoint a chapter 11 trustee. The Creditor Dismissal Motion was premised on allegations the Debtor engaged in a prepetition pattern of dissipating its assets to affiliates or insiders for less than fair value in a scheme to hinder, delay, and defraud creditors. The Creditor Dismissal Motion also alleged that the Debtor filed the Bankruptcy Case, in part, to frustrate efforts to obtain appointment of a receiver in state court.

On May 4, 2023, the Bankruptcy Court entered an order [Dkt. No. 58] granting the U.S. Trustee Dismissal Motion and ordering the appointment of a chapter 11 trustee. On May 15, 2023, the movants withdrew the Creditor Dismissal Motion.

On May 8, 2023, the U.S. Trustee filed a notice of appointment [Dkt. No. 62] of Richard A. Marshack as the chapter 11 Trustee and the Trustee accepted [Dkt. No. 63] the appointment. On May 8, 2023, the Bankruptcy Court entered an order [Dkt. No. 65] approving the appointment of the Trustee. Shortly thereafter, Applicant was retained as Trustee's Special Litigation Counsel.

**2.      Appointment of the Committee/**

On June 13, 2023, the Trustee filed an emergency motion [Dkt. No. 102] (the "Ad Hoc Committee Motion") to permit the Trustee to enter into an expense reimbursement agreement with an ad hoc committee intended to advance the interests of all consumer client claimants. The U.S. Trustee objected [Dkt. No. 127], in part, on the grounds that the U.S. Trustee was in the process of re-soliciting creditor interest in serving on an official committee of unsecured creditors. On June 26, 2023, creditor Carolyn Beech objected [Dkt. No. 144] to the expense reimbursement motion. On June 26, 2023, the Trustee, U.S. Trustee, and Carolyn Beech entered into a stipulation [Dkt. No. 149] dismissing the Ad Hoc Committee Motion provided that the U.S. Trustee agree that a majority of any official committee of unsecured creditors remains comprised of consumer client claimants. On June 27, 2023, the Bankruptcy Court entered an order [Dkt. No. 151] approving the stipulation.

On June 23, 2023, the U.S. Trustee filed a notice [Dkt. No. 134] of the appointment of a five-member Committee. On June 29, 2023, the U.S. Trustee filed a notice [Dkt. No. 157] of the appointment of two additional members to the Committee, which resulted in a seven-member Committee. The Committee's membership is as follows: (i) Alexandra Lufti; (ii) April Reidy; (iii) Denise Burtchell; (iv) Angela Dows, Esq.; (v) Thomas Ray; (vi) Affirma, LLC; and (vii) Abigail R. Beaudin. Consistent with the Bankruptcy Court approved stipulation, the majority of the Committee's members are consumer client claimants.

**3.      Postpetition Financial Reporting and Disclosures.**

On the Petition Date, the Bankruptcy Court issued certain notices [Dkt. Nos.  2-6] of deficiencies or omissions in documents supporting the Petition and of the Bankruptcy Court's intent to dismiss the Bankruptcy Case in the event the deficiencies were not resolved.

On March 24, 2023, the Debtor filed a list [Dkt. No. 16] of the top 20 creditors holding unsecured claims. On April 4, 2023, the Debtor filed a corporate resolution [Dkt. No. 27] authorizing the filing of the Bankruptcy Case, a corporate ownership statement [Dkt. No. 28], a statement [Dkt. No. 29] of related cases, a disclosure [Dkt. No. 30] of attorney compensation, a summary [Dkt. No. 32] of assets and liabilities, Schedules A/B, D, E/F, G, and H [Dkt. No. 33], a statement of financial affairs [Dkt. No. 34], and a list [Dkt. No. 36] of equity security holders. On May 1, 2023, the Debtor

filed an amended Schedule D [Dkt. No. 52], Schedule G [Dkt. No. 53], an amended statement of financial affairs [Dkt. No. 54], and a monthly operating report [Dkt. No. 55] for the month ended March 31, 2023. Based on the Plan Proponent's review, the Plan Proponents believe that the financial disclosures filed by the Debtor are incomplete, unreliable, and otherwise of limited value for purposes comprehensive assessment of the Debtor's financial condition on the Petition Date.

The Trustee has provided financial disclosures following his appointment. The Trustee initially filed declarations [Dkt. Nos.  112, 184] in lieu of filing monthly operating reports, which cover the months ending April 30, 2023, through June 30, 2023. The Trustee subsequently filed monthly operating reports [Dkt. Nos.  510, 511, 512, 541, 542, 593, 740, 741, 765, 857, 950], which, as of the date of this Disclosure Statement, cover the periods ending April 30, 2023, through January 31, 2024.

**4.      The Injunction Action.**

      (a)      **The Complaint, Preliminary Injunction, and Amended Complaints.**

On May 25, 2023, Applicant prepared and filed on behalf of the Trustee a complaint [Adv. Dkt. No. 1] initiating the adversary proceeding captioned Marshack v. Diab, et al., Adv. Proc. No. 8:23-ap-01046-SC ("Injunction Action"). As set forth more fully in the complaint, the Trustee filed the Injunction Action, inter alia, to enjoin the transfer or dissipation of assets of the Debtor, recover assets transferred pursuant to certain avoidable or fraudulent transactions, and obtain turnover of certain Debtor assets not in the possession, custody, or control of the Debtor. The Injunction Action relates primarily to the scheme, implemented by Mr. Diab, his co-conspirators, and their affiliates, to fraudulently or otherwise impermissibly transfer assets of the Debtor discussed more fully herein.

On May 25, 2023, Applicant on behalf of the Trustee filed an emergency motion [Adv. Dkt. No. 4], inter alia, seeking turnover of certain estate property, a preliminary injunction, lock-out of certain parties from accessing certain estate property, and related relief. The motion and related papers [Adv. Dkt. Nos.  3-8] included requests for immediate turnover and preservation of critical operating information, client information, accounts, ACH processing accounts, bank accounts and client funds. On June 23, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 70] granting the motion.

On June 15, 2023, Applicant on behalf of the Trustee filed a first amended complaint [Adv. Dkt. No. 62] primarily to correct the spelling or entity designations of named defendants and add other defendants. The following defendants filed answers to the first amended complaint, but not the second amended complaint: Tony Diab [Adv. Dkt. No. 134]; and Scott Eadie [Adv. Dkt. No. 241].

On October 13, 2023, Applicant on behalf of the Trustee filed a second amended complaint [Adv. Dkt. No. 226]. The following defendants filed answers to the second amended complaint: Greyson Law Center PC [Adv. Dkt. No. 251]; Marich Bein, LLC [Adv. Dkt. No. 263]; Daniel S. March [Adv. Dkt. No. 280]; CLG and LGS Holdco, LLC [Adv. Dkt. No. 307]; BankUnited, N.A. [Adv. Dkt. No. 314]; Eng Taing [Adv. Dkt. No. 326]; Touzi Capital, LLC [Adv. Dkt. No. 327]; Worldpay Group and Worldpay, LLC [Adv. Dkt. No. 395]; and Fidelity National Information Services, Inc. dba FIS [Adv. Dkt. No. 396].

**(b)    Motions to Dismiss the Injunction Action.**

On November 3, 2023, defendants, Eng Taing and Touzi Capital, LLC, filed a motion [Adv. Dkt. No. 265] to dismiss the second amended complaint in the Injunction Action. On November 22, 2023, Applicant prepared filed and served an Opposition [Adv. Dkt. No. 283].  Applicant appeared an argued at the hearing, and on December 22, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 299] denying the Eng Taing and Touzi Capital, LLC motion to dismiss.

On December 22, 2023, defendants Rosa Bianca Loli and Lisa Cohen filed motions [Adv. Dkt. Nos.  300, 301] to dismiss the second amended complaint in the Injunction Action. On March 13, 2023, Applicant prepared, filed and served the Trustee's oppositions [Adv. Dkt. Nos.  442, 443] to the motions. The Court granted in part and denied in part the Motion [Adv. Dkt No. 459] and Applicant prepared filed and served the third amended complaint as instructed.

**(c)    Voluntary Dismissals of Defendants to the Injunction Action,**

On July 24, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No. 103] of dismissal, without prejudice, of defendant, the United States Parcel Service.

On August 1, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No. 119] of dismissal, without prejudice, of defendant, Phoenix Law Group, Inc.

On October 6, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 221] approving a

1    stipulation to dismiss without prejudice defendants, Gallant Law Group, PC and Center Pointe Law,

2    PC.

3    On October 27, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 250] approving

4    a stipulation to dismiss without prejudice defendants, Han Trinh and Jayde Trinh.

5    On November 11, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No.

6    270] of dismissal, without prejudice, of defendants, Occams Advisory, Inc., Teracel Blockchain

7    Fund, LLC, Chris Winslow, B.A.T., Inc. d/b/a Coast Processing, Guardian, Maverick Management,

8    LLC, Eng Tang, WorldPay, Inc., William Taylor Carss, and Maria Eeyah Tan.

9    On January 30, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No. 372] of

10    dismissal, without prejudice, of defendants, Jake Akers and Authorize.net.

11    On March 15, 2024, the Bankruptcy Court entered an order [Adv. Dkt. No. 446] granting the

12    Trustee's motion [Dkt. No. 339] to dismiss without prejudice Marich Bein, LLC and BankUnited,

13    N.A. as defendants to the Injunction Action to permit the Trustee to file a new complaint against the

14    defendants in a separate adversary proceeding.

15    **(d)    Defaults Entered Against Defendants to the Injunction Action.**

16    The Clerk of the Bankruptcy Court has entered defaults against the following defendants:

17    Vulcan Consulting Group, LLC [Adv. Dkt. No. 144]; Wes Thomas [Adv. Dkt. No. 145]; Seamless

18    Chex, Inc. [Adv. Dkt. No. 153]; Teracel Blockchain Fund II, LLC [Adv. Dkt. No. 154]; Jake Akers

19    [Adv. Dkt. No. 163]; BAT, Inc. d/b/a Coast Processing [Adv. Dkt. No. 164]; Jimmy Chhor [Adv.

20    Dkt. No. 174]; Oakstone Law Group, P.C. [Dkt. No. 177]; Prime Logix, LLC [Adv. Dkt. No. 179];

21    Revolv3, Inc. [Adv. Dkt. No. 180]; and Guardian Processing, LLC [Adv. Dkt. No. 181]. As of the

22    date of this Disclosure Statement, the Bankruptcy Court has not entered default judgments.

23    **(e)    Settlements and Compromises of Claims Related to the Injunction**

24    **Action.**

25    On July 6, 2023, Applicant on behalf of the Trustee filed a motion [Dkt. No. 176] in the

26    Bankruptcy Case to approve a stipulated judgment with Phoenix Law, PC ("Phoenix") that, among

27    other things, provides a finding that the Debtor's prepetition transfer of approximately 40,000

28    consumer client files to Phoenix is avoided as a preferential or fraudulent transfer, and providing for

the recovery of such consumer client files and related material. The settlement agreement also provided for the dismissal of defendants, William Taylor Carss and Maria Eeya Tan, without prejudice. On August 7, 2023, the Bankruptcy Court entered an order [Dkt. No. 365] approving the settlement motion.

The Injunction Action remains pending as of the date of this Disclosure Statement. Applicant anticipates further proceedings in the Injunction Action later in fall, 2024.

**5.** **The Postpetition Financing Motions.**

Applicant on behalf of the  Trustee prepared, filed and served motions that requested postpetition financing to fund ordinary business operations of the Debtor because the estate lacked adequate available cash to fund such expenses. Specifically, the U.S. Trustee objected to the use of postpetition funds collected from consumer clients by ACH draws and the estate lacked significant cash on hand as of the Petition Date. The Trustee contended that maintaining the Debtor's operations postpetition was necessary to preserve the going-concern value of the Debtor in advance of any sale of the Debtor's business.

On June 16, 2023, Applicant on behalf of the Trustee filed an emergency motion [Dkt. No. 119] (the "First Financing Motion") to obtain postpetition financing, on an unsecured, superpriority administrative basis, from Resolution Ventures in the amount of $800,000, including an initial advance of $350,000 and a subsequent advance of $450,000. On June 22, 2023, the Bankruptcy Court entered an order [Dkt. No. 131] (the "First Financing Order") approving the First Financing Motion on an interim basis.

On June 29, 2023, Applicant on behalf of the Trustee filed an ex parte notice [Dkt. No. 156] (the "Second Financing Motion") of an alleged nonmaterial modification to the promissory note by and between the Trustee and Resolution Ventures, pursuant to the First Financing Order. The Second Financing Motion indicated that Resolution Ventures had advanced $240,000 of the $800,000 loan amount prior to entry of the First Financing Order; however, Resolution Ventures subsequently informed the Trustee that it was unable to provide any further advances under the promissory note. The Second Financing Motion proposed that the non-material modification would substitute Liberty Acquisitions Group, Inc. ("Liberty"), an affiliate of Consumer Legal Group PC ("CLG"), as the

14

lender for the remaining $560,000 balance of the approved, unsecured, superpriority administrative

loan, and repayable on a pari passu basis with the $240,000 loaned by Resolution Ventures.

On June 29, 2023, the Bankruptcy Court set [Dkt. No. 158] an emergency hearing on the

Second Financing Motion, which Applicant appeared and argued at. On July 3, 2023, the

Bankruptcy Court entered an order [Dkt. No. 168] (the "Second Financing Order") authorizing, on

an interim basis, the proposed loan from Liberty Acquisitions Group, Inc.

On July 16, 2023, Applicant on behalf of the Trustee filed an emergency motion [Dkt. No.

249] (the "Third Financing Motion") to obtain postpetition financing, on an unsecured, superpriority

administrative basis, from Resolution Ventures, in the amount of $249,663.98, and from Liberty, in

the amount of $249,663.98. On July 18, 2023, the Committee filed an objection [Dkt. No. 282] to the

Third Financing Motion, in part, on the grounds that the proposed, amended Liberty promissory note

would have impermissibly permitted Liberty to obtain immediate repayment of its postpetition loans

from the first sale proceeds received by the estate. Applicant appeared and argued at the hearing.  On

July 20, 2023, the Bankruptcy Court entered an order [Dkt. No. 310] (the "Third Financing Order")

approving the Third Financing Motion on an interim basis; provided, however, that Liberty would no

longer provide the additional $249,663.98 in financing and would instead be replaced by

PanAmerican Consulting Inc. without the immediate repayment provisions in the Liberty note.

On August 21, 2023, the Bankruptcy Court entered orders [Dkt. Nos.  413, 414, 415]

approving on a final basis the financing authorized under the First Financing Order, the Second

Financing order, and the Third Financing Order.

**6.      Motion to Approve Management Agreement.**

On July 10, 2023, Applicant prepared, filed and served on behalf of the Trustee a motion

[Dkt. No. 204] to authorize the Trustee to enter into a management agreement with Resolution

Processing to provide the services of Russell Squires and Gary DePew for $60,000 for the first

month of services, and $40,000 per month for each month thereafter, for no more than three months.

The Trustee requested approval of the management agreement to provide persons familiar with the

business operations of the Debtor to maintain operations until the closing of a sale. At the hearing

concerning the sale, the Committee requested that Russ Squires, serving in a representative capacity

1  for bidder, Morning Law Group, resign from his management position as of the July 20, 2023, bid.

2  On August 21, 2023, the Bankruptcy Court entered an order [Dkt. No. 412] approving the motion as

3  modified on the record at the sale hearing.

4         On September 28, 2023, Applicant prepared, filed and served on behalf of the Trustee a

5  motion [Dkt. No. 545] to surcharge secured creditor collateral, as applicable, to provide for the

6  immediate payment of the management fee. The Committee objected [Dkt. No. 557] on the grounds

7  that the extent of secured creditor collateral was not yet determined and that the order approving the

8  management agreement only entitled Mr. Squires to an administrative claim rather than ordinary

9  course payment. The Committee also reserved rights to the extent the payment was ultimately

10 determined to come from unencumbered funds. On October 27, 2023, the Bankruptcy Court entered

11 an order [Dkt. No. 601] granting the surcharge motion and authorizing payment of the management

12 fee.

13        **7.    The Morning Law Group Sale.**

14              **(a)    Asset Sale.**

15        On July 7, 2023, Applicant prepared, filed and served on behalf of the Trustee a motion [Dkt.

16 No. 191] (the "Sale Motion") to approve a sale of substantially all of the Debtor's assets. The Sale

17 Motion sought approval of that certain Agreement of Purchase and Sale and Joint Escrow

18 Instructions by and between the Trustee and CLG (the "CLG PSA"). Under the CLG PSA, CLG

19 would purchase certain of the Debtor's assets for the following consideration: (i) an $8 million

20 deposit; and (ii) a post-closing "earn-out," after deducting a 20% administrative fee, calculated as (a)

21 20% of all amounts collected by CLG on "Active Executory Contracts," and (b) 15% of all amounts

22 collected by CLG on "Inactive Executory Contracts." The CLG PSA included other provisions such

23 as the appointment of an ethics compliance monitor to ensure compliance with applicable

24 regulations in the post-closing operations of the Debtor's business.

25        On July 10, 2023, the Bankruptcy Court sua sponte entered an order [Dkt. No. 206]

26 requesting both briefing concerning the Sale Motion and optional supplemental briefing concerning

27 the Bankruptcy Court's authority to approve the sale in light of the Debtor's prepetition illegal

28 ///

16

operations and the appropriate conditions and available post-sale reformations of any and all business operations.

On July 17, 2023, the following parties filed supplemental briefing in accordance with the Court's supplemental briefing order: Carolyn Beech and Diane Scarnavack [Dkt. No. 254]; CLG [Dkt. No. 257]; the U.S. Trustee [Dkt. No. 259]; the Trustee [Dkt. No. 260]; the Committee [Dkt. No. 264]; and Debt Validation Fund II, LLC, MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC [Dkt. No. 267]. The following parties filed responses to the pocket briefs: (i) the Committee [Dkt. No. 292]; and (ii) CLG [Dkt. No. 307].

On July 19, 2023, the following parties filed responses to the Sale Motion: Affirma, LLC [Dkt. No. 285]; Oxford Knox, LLC [Dkt. No. 287]; the National Association of Consumer Bankruptcy Attorneys and National Consumer Bankruptcy Rights Center [Dkt. No. 288]; Alteryx, Inc. [Dkt. No. 289]; Debt Validation Fund II, LLC, MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC [Dkt. No. 290]; Azzure Capital, LLC [Dkt. No. 294]; the U.S. Trustee [Dkt. No. 296]; OHP-CDR, LP [Dkt. No. 299]; and the Committee [Dkt. No. 300].

On July 20, 2023, Applicant on behalf of the Trustee filed a reply [Dkt. No. 313] in support of the Sale Motion.  On July 21, 2023, the Bankruptcy Court held a hearing on the Sale Motion. Applicant appeared and argued at the hearing, where the Trustee sought approval of a revised and further negotiated form of the CLG PSA to which the Trustee, the Committee, and CLG agreed. The hearing resulted in a competitive bidding process between CLG, the Bensamochan Law Group, and Morning Law Group ("MLG").

The bidding process resulted in the selection of MLG as the winning bidder, pursuant to that certain Agreement of Purchase and Sale and Joint Escrow Instructions by and between the Trustee and MLG [Dkt. No. 416] (the "Purchase Agreement"). The Purchase Agreement provided for the transfer of certain of the Debtor's assets to MLG. The purchase price was calculated as: (i) a deposit in the amount of $5.5 million; and (ii) an post-closing "earn-out" calculated as (a) 50% of all amounts collected by MLG on "Active Executory Contracts," and (b) 40% of all amounts collected by MLG on "Inactive Executory Contracts." The Estate was not entitled to receive earn-out payments until MLG satisfied the financing it obtained to fund the deposit.  The actual amount to be

received from the sale is based on, among other things, MLG's actual retention of active and inactive executory contracts. As set forth more fully in this Disclosure Statement, the combined recovery under the Sale Transaction, including the deposit, is estimated at approximately $14.1 million.[3]

On July 22, 2023, the Court entered a memorandum decision [Dkt. No. 320] approving the Sale Transaction. On August 2, 2023, the Court entered an order [Dkt. No. 352] granting the Sale Motion. The Sale Transaction closed on August 4, 2023.

**(b)    Appointment of the Monitor.**

On August 7, 2023, the Court entered an order [Dkt. No. 363] appointing Nancy Rapoport as ethics compliance monitor (the "Monitor"), pursuant to the Purchase Agreement and Sale Order. The order of appointment provided that the role of the Monitor is strictly to monitor MLG's compliance with generally understood ethical standards and consumer protection obligations in its going-forward business servicing the Debtor's former consumer clients.

On November 27, 2023, the Monitor filed her first report [Dkt. No. 720] concerning MLG's compliance with ethical obligations. On February 21, 2024, the Monitor filed her second report [Dkt. No. 951] concerning MLG's compliance with ethical obligations.

The Monitor (with the no-charge assistance of Applicant) has filed monthly fee statements [Dkt. Nos.  524, 525, 567, 614, 748, 812, 813, 913, 915, 978] since her appointment. On November 13, 2023, the Bankruptcy Court entered an order [Dkt. No. 661] approving a stipulation providing for payment of the Monitor through funds held by MLG. On February 8, 2024, the Bankruptcy Court entered an order [Dkt. No. 928] granting the Trustee's motion to surcharge secured creditor collateral, if any, to fund accrued fees of the Monitor.  Applicant continues its reporting to Monitor and has fielded multiple questions from third party attorneys' general who are in touch with the Monitor concerning their independent investigations of Mr. Diab and his band of co-conspirators.

**(c)    Opt-Out Notice and Assumption and Rejection.**

On August 16, 2023, Applicant prepared the Trustee's 90-day opt-out notice to consumer clients [Dkt. Nos.  403, 404] whose LSAs were potentially subject to assumption and assignment,

_____

[33] There appears to have been some interference in the customer negotiation transactions that led to a reduced "opt in" schedule than that anticipated and disclosed by the Trustee as part of the Sale Assumptions.  Trustee expects subsequent proceedings concerning the outcome of his investigation in this regard in the fall 2024.

pursuant to applicable California law. The opt-out notice and procedure were implemented in consultation with the Trustee, Committee, Monitor, and MLG to comply with applicable law governing a sale of law firm clients.

On September 8, 2023, Applicant prepared and filed Trustee's notice [Dkt. No. 489] of potential assumption and assignment of executory agreements, pursuant to the Purchase Agreement and Sale Order. Following service of the notice, the Bankruptcy Court granted [Dkt. Nos. 523, 555, 927] several motions to reject executory agreements, including LSA, pursuant to the terms of the Purchase Agreement and Sale Order.

       **(d)**       **Projected Recoveries and Potential Disputes.**

The Trustee projects that recoveries under the Purchase Agreement will be materially less than the top line projected estimate existing as of the time of the sale hearing, largely because: (i) MLG encountered significant difficulty (perhaps because of unwarranted interference) in maintaining the number of Active Executory Contracts and; (ii) due to the Monitor's position concerning the timing within which MLG was permitted to begin outreach and recovery of the Inactive Executory Contracts.

       **8.**       **The 3012 Motion.**

On February 7, 2024, the Applicant filed Trustee's motion [Dkt. No. 924] to determine the amount of secured claims, if any, held by: (i) Everyday Funding Group, (ii) Green Fund, (iii) World Global Fund, (iv) MCA Capital Holdings, (v) StratCap Management, (vi) Cobalt, (vii) Cloudfund, (viii) BMF, (ix) Kevlar, and (x) Franklin Capital. The motion provided that relief was appropriate, under Bankruptcy Rule 3012, because each claim related to a UCC-1 financing statement that was not terminated notwithstanding the Trustee's belief that the value of the underlying claim was $0. The Trustee also sought authority to file UCC-3 termination statements with respect to any creditor whose claim was valued at $0. None of the allegedly secured creditors subject to the motion filed responses or appeared at the hearing on the motion. On March 13, 2024, the Bankruptcy Court entered an order [Dkt. No. 1021] granting the motion, valuing the claims of listed secured creditors at $0, and permitting the Trustee to file UCC-3 termination statements with respect to such claims.

///

**9.     Motions to Approve Compromises[4].**

On February 16, 2024, Applicant filed Trustee's motion [Dkt. No. 942] to approve a compromise with Maverick Bankcard, Inc. The Trustee asserted that Maverick established a prepetition reserve that held approximately $628,343.18 as of the Petition Date and that Maverick has certain setoff or recoupment rights with respect to refunds, chargebacks, or ACH returns incurred while processing payments from the Debtor's consumer clients. Pursuant to the settlement, Maverick has agreed to apply its setoff rights with respect to the reserve and release to the Debtor $216,010.65, which is attributable to the remaining reserve balance and an amount inadvertently withheld postpetition.

On March 15, 2024, the Bankruptcy Court entered an order [Dkt. No. 1027] approving a stipulation between the Trustee and Pioneer Funding Group II, LLC reclassifying its secured claim as an unsecured claim and deeming the unsecured claim allowed in the amount of $366,500, subject to disallowance, pursuant to § 502(d).

On March 19, 2024, the Trustee and City Capital NY filed a stipulation with the Bankruptcy Court [Dkt. No. 1041] reclassifying City Capitals secured claim as an unsecured claim and deeming it allowed in the amount of $2,950,000.00, subject to disallowance, pursuant to § 502(d).

**10.     Adversary Proceedings.**

**(a)     Debtor's Adversary Proceeding.**

On April 7, 2023, the Debtor filed a complaint [Adv. Dkt. No. 1] initiating the adversary proceeding captioned The Litigation Practice Group P.C. v. Validation Partners LLC, et al., Adv. Proc. No. 8:23-ap-01029-SC. The complaint sought to extend the automatic stay and enjoin certain creditors that were pursuing prepetition litigation against the Debtor. On June 9, 2023, following the Trustee's appointment, the Trustee filed a notice [Dkt. No. 5] of voluntary dismissal of the adversary proceeding.

**(b)     The OHP Action.**

On September 11, 2023, OHP-CDR, LP and PurchaseCo80, LLC (collectively, the "OHP Plaintiffs") filed a complaint [Adv. Dkt. No. 1] initiating the adversary proceeding captioned OHP-

---

[4] Other Motions to Compromise are discussed below in reference to the proceedings they resolved.

CDR, LP, et al. v. Marshack, et al., Adv. Proc. No. 8:23-ap-01098-SC (the "OHP Action"). In the OHP Action, the OHP Plaintiffs seek determination of lien priority and the extent of their alleged ownership interests in certain assets of the Debtor.

On October 13, 2023, Applicant on behalf of the Trustee filed an answer and counterclaims [Adv. Dkt. No. 7] in the OHP Action. On October 13, 2023, defendant Azzure Capital, LLC filed an answer [Adv. Dkt. No. 10].

On November 3, 2023, the OHP Plaintiffs filed an answer [Adv. Dkt. No. 13] to the Trustee's counterclaims.

On February 21, 2024, the Bankruptcy Court entered an order [Adv. Dkt. No. 26] setting a pretrial conference and requiring the OHP Plaintiffs to submit briefing and evidence in support of their secured status. On March 15, 2024, the OHP Plaintiffs filed a brief [Adv. Dkt. No. 37] and related exhibits [Adv. Dkt. Nos. 36, 38-46]. The pretrial conference took place on April 22, 2024.

Over the course of the litigation, the parties met and prepared various Joint Status Reports. Further, the parties continuously exchanged information and continued to be open to settlement. On June 18, 2024 [Adv. Dkt No. 55] Applicant prepared, filed and served a Motion for Summary Judgment on Count Two of the Trustee's Counterclaim against OHP. The Hearing was set for July 31, 2024. [5]

**11.    Marketing Affiliate Actions.**

Applicant is currently pursuing claims against various entities that seek avoidance of fraudulent transfers and recovery/turnover of funds paid to marketing affiliates by the Debtor on the theory that Defendant and Debtor were engaged in the solicitation of illegal capping of consumers. To date, ten such complaints have been filed with a demand amount of over $11,500,000. Applicant has approximately 150-200 more marketing affiliate targets under investigation. The currently filed actions are:

• Dkt. No. 773; 8:23-ap-01148-SC; Trustee's complaint against JGW Solutions, LLC.

• Dkt. No. 780; 8:23-ap-01150-SC; Trustee's complaint against Clear Vision Financial,

---

[5] This Application only seeks recovery of fees until June 30, 2024. The OHP case was argued at a hearing in July and ultimately the parties entered into a settlement agreement, which was approved by the Court. However, this will be described in Applicant's next fee application.

1    LLC d/b/a Liberty1 Financial.

2         •    Dkt. No. 821; 8:24-ap-01001-SC; Trustee's complaint against Leucadia Enterprises.

3         •    Dkt. No. 824; 8:24-ap-01003-SC; Trustee's complaint against Perfect Financial, LLC.

4         •    Dkt. No. 826; 8:24-ap-01004-SC; Trustee's complaint against Point Break Holdings,

5    LLC.

6         •    Dkt. No. 919; 8:24-ap-01017-SC; Trustee's complaint against New Horizon Finance,

7    LLC.

8         •    Dkt. No. 920; 8:24-ap-01018-SC; Trustee's complaint against MRD Marketing LLC.

9         •    Dkt. No. 931; 8:24-ap-01023-SC; Trustee's complaint against CRI System, Inc.

10        •    Dkt. No. 823; 8:24-ap-01002-SC; Trustee's complaint against Clearcube LLC d/b/a

11   Litigation Practice Center.

12        In Clearcube LLC DBA Litigation Practice Center, the Court on June 4, 2023, granted

13   default judgement in favor of the Trustee in the amount of $1,981,549.22 [Dk.34]. At the same time,

14   the Court entered Finding of Facts [Dkt. No. 29]. Currently, Applicant on behalf of the Trustee is in

15   the process of enforcing the judgment amount from Clearcube.

16        **12.    MCA Actions.**

17        LPG entered into Merchant Cash Advance Agreements with various entities allegedly to

18   "sell" LPG's interest in future income in the form of clients' ACH debits.  The Court will need to

19   determine whether these transactions are sales or loans[6].  The Court will also need to determine the

20   validity of the agreements along with the terms associated with those agreements. It is the Trustee's

21   contention that all consumer client ACH debits should have been held in trust, and were not

22   receivables of the debtor until earned. Further, the ACH debits included funds that would be

23   generated in the future from unlawful affiliate agreements, whereby the affiliate generates leads for

24   consumers interested in legal services provided by LPG in exchange for a percentage per consumer

25   placed with LPG, less a maintenance fee.  As the affiliate agreements for referrals are unlawful and

26   void pursuant to California Business and Professional Code sections 6151 and 6155, the Merchant

27   _____

28        [6] In light of recent findings by the Court, Applicant will also be reviewing and investigating targets in regards to
recovering funds from a Ponzi scheme.

Cash Advance Agreements, which are comprised of funds received under the unlawful affiliate agreements, are also void.

Applicant is investigating and pursuing various entities that entered into Merchant Cash Advance Agreements with the Debtor. In such complaints, the Trustee seeks recovery of multiple fraudulent conveyances. The Trustee has filed two complaints seeking recovering of approximately $7,000,000;

- • Dkt. No. 1228; 8:24-ap-01080-SC; Trustee's complaint against BMF Advance, LLC; and

- • Dkt. No. 1352; 8:24-ap-01090-SC; Trustee's complaint against Cobalt Funding Solutions, LLC.

The Trustee has approximately 20 more MCA targets under investigation

**13.    Status of Secured Creditor and Related Litigation.**

Because the Debtor failed to list all its secured creditors upon the bankruptcy filing, the Trustee performed a UCC search and ultimately identified 23 creditors which allegedly held secured liens ("Secured Creditors"). Applicant, along with general counsel, on behalf of the Trustee did an analysis and put these creditors in two categories: 1) those that had documents to support their claims and filed liens, but who the Trustee believed had issues related to those documents and liens; and 2) those that did not have documents to support their claim and filed liens. Combined, these 23 creditors asserted that collectively they held liens, which—if valid—encumbered at least $174,901,643 of the Debtor's collateral.  Applicant, and general counsel, on behalf of the Trustee has resolved all but 1 of the Secured Creditors' claims.  As described throughout this application, the settlements have reduced the total secured claim amount from $169,901,643 to $1,355,000; leaving $5,000,000 still pending and to be resolved by way of order or settlement.

**(a)    Bridge Funding CAP, LLC d/b/a/ Fundura Capital, MNS Funding, LLC, Azzure Capital LLC, Diverse Capital, LLC, PECC Corp, Marich Bein, Proof Positive LLC, MC DVI Fund 1 LLC, MC DVI Fund 2 LLC, Debt Validation Fund II LLC, Venture Partners LLC.**  These Secured Creditors have all been named as defendants in the adversary 8:24-ap-01011-SC that on January 26, 2024, Applicant, along with general counsel, filed on behalf of the Trustee

("Secured Creditor Adversary") seeking, *inter alia*, declaratory judgment as to validity of their secured interests. The following is the status of Applicant's efforts and the Trustee's resolution with various defendants in the Secured Creditor Adversary:

Applicant on behalf of the Trustee has been able to settle with Proof Positive/MCDVI Funds 1 and 2/Debt Validation Fund II/Venture Partners – who agreed to its lien being avoided – thereby reducing another $68,000,000 from the secured list.

On March 15, 2024, the Court entered an order [Dkt. No. 1030], approving the stipulation between the Trustee and Marich Bein whereby Marich Bein consented to the Trustee filing a termination of the UCC Statement. Marich Bein's $22,304,093.25 alleged secured claim will thus be unsecured moving forward, subject to objection and further investigation by the Trustee into the transactions as alleged in the adversary complaint filed by Applicant on behalf of the Trustee against Marich Bein and Bank United, et al, Dkt. No. 1068; 8:24-ap-01040-SC.

On February 7th and 8th, the Bankruptcy Court entered two orders [Adv. Dkt. No. 10 & 12] setting a pretrial conference and requiring the Plaintiffs to submit briefing and evidence in support of their secured status. Most defendants complied, Applicant reviewed those responses and prepared detailed status reports for each defendant, as instructed by the Court [Adv. Dkt Nos. 66-73). The pretrial conference took place on April 22, 2024. Applicant attended and argued at the hearing.

Over the course of the litigation, the parties also met and prepared various Joint Status Reports.  Further, the parties continuously exchanged information and continued to be open to settlement.  On June 18, 2024 [Adv. Dkt No. 104] Applicant prepared, filed and served a Motion for Summary Judgment on Count Two of the Trustee's Counterclaim against PECC.  The Hearing was set for July 31, 2024.[7]

///

///

///

---

[7] This Application only seeks fees through June 30, 2024.  However, as of the date of filing this application, the PECC Summary Judgment Motion was heard and granted in favor of the Trustee. Further, Applicant filed Summary Judgment Motions against Diverse and Bridge as well. A settlement was entered with Diverse, and the Court granted the Trustee's Motion against Bridge. Finally, a settlement agreement was entered into with MNS and Azzure Capital agreed to go to mediation.  All this will be more fully described in Applicants next fee application.

14.    **Other Pending Litigation.**

    **(a)**    Dkt. No. 1095; 8:24-ap-01048-SC; Administrative claimant Alteryx's complaint against Morning Law Group, PC that was removed by Morning Law Group from state court.

    **(b)**    Dkt. No. 1129; 8:24-ap-01068-SC; Trustee's complaint against Arash Asante Bayrooti.

**C.    Cash on Hand**

    Trustee is holding approximately $10,915,324.00 in unencumbered cash from which administrative expenses can be paid.

**V.**

**TIME KEEPERS AND PROCEDURES**

**A.    Summary of Dinsmore Professionals**

    Professional services rendered during the Application Period were performed by attorneys and paraprofessionals.  Dinsmore has staffed the Case with attorneys and paraprofessionals with experience and expertise in separate and distinct areas.  The attorney biographies are attached hereto as **Exhibit "C."**[8]  The services of the attorneys and paraprofessionals were billed pursuant to the terms of employment set forth in the Employment Application and the Engagement Agreement.  The names, hourly billing rates, total number of hours spent on this Case by each professional and paraprofessional who billed time during the Application Period and the total amount of fees accrued for those hours are set forth in **Exhibit "B"** and incorporated herein by reference.[9]

    In addition, detailed information concerning the identity of each professional and paraprofessional who provided services to the Trustee for the Application Period, the task description, number of hours spent on each task, and the amount of compensation requested for each

---

[8] The biographical information of other professionals listed on Exhibit B attached hereto will be provided upon request.

[9] Referenced hours relate to fees requested within this Application without deduction for the courtesy discount provided.  For the major timekeepers in the case – Christopher Celentino, Christopher Ghio, and others – Applicant agreed to a 9% reduction in the anticipated hourly rate of such attorneys, which was applied to conform with the rates stated in the employment application. This discounted rate alone was responsible for a fee reduction during the Application Period of approximately $51,000.00.

professional per task is set forth in the statements of account attached hereto as **Exhibit "D**."[10]  The compensation is based on the customary compensation charged to Dinsmore's non-bankruptcy clients.  Dinsmore has drafted summaries of the services rendered within each category of service, and those summaries appear in Section VII below.  However, the most detailed description of Dinsmore's specific services are contained within the statements of account that appear within **Exhibit "D**."  Those are also likely the most accurate given that they were drafted at the time the services were rendered.

B.    **Time Keeping Procedures**

      **1.**    Each time keeper is responsible for reviewing and entering his or her own time.

      **2.**    Each time keeper has been specifically instructed to:

          **(a)**    Designate a category of service under which the work being performed falls. In that regard, Dinsmore primarily uses matter numbers which, where applicable, attempt to mirror the categories of services designated by the Office of the United States Trustee ("OUST"). However, where Dinsmore has spent a significant amount of time on an issue specific to this Case, and thus not captured within one of the categories designated by the OUST, Dinsmore has created a specific matter number to capture all of the time spent on that particular issue, and to assist the Court and the OUST's review of Dinsmore's fee applications. For certain everyday activities for which the services spread generally over the entire case, or an entire litigation strategy, a Case Administration, a Creditors Meetings, a General Litigation and a General Adversary Proceeding matter was used.

          **(b)**    Track and enter time to the nearest tenth of an hour as it occurs.  Lumping of multiple time entries has been deemed acceptable by Dinsmore so long as the description of services rendered indicates how much time was spent on each specific task within the lumped entry. Wherever possible, each time keeper has been instructed to lump only those entries which fall under a single project.  This is why a single time keeper may have multiple time entries on the same day under a single category of service.  However, in light of various multiple matters in the Case that

---

[10] The attachment of the statements of account in Exhibit D, or any description herein or therein, is not a waiver of the attorney-client or attorney work-product privileges, or any other privileges.  Dinsmore preserves and reserves all rights with respect to the attorney-client and attorney work-product privileges and any other privileges.

either have cross-over issues and/or were set for hearing on the same date with various other matters, such time for various matters may have been grouped under one matter as applicable.

## VI.
### REQUEST FOR AND PAYMENT OF FEES AND EXPENSES INCURRED DURING THE APPLICATION PERIOD

**A.    Summary of Fees**

By this Application, Dinsmore seeks allowance and payment of $4,745,825.25 in fees and $57,379.11 in expenses for the period from May 8, 2023 through June 30, 2024 (the "Application Period"), for a total of $4,803,204.36.  This requested amount takes into account: (1) deductions made for fees incurred but not charged in the approximate amount of $223,990.00; (2) deductions made for fees charged in the amount of $24,304.75 (which consists of approximately a 50% discount for travel time for required appearance at hearings); (3) deductions made for expenses incurred but not charged in the amount of $3,798.50;[11] and (4) for a voluntary courtesy discount in total amount of $145,156.00.[12]  The total courtesy discounts/no charges represent approximately 9% of all fees.

These amounts are based on the actual time necessary to perform the particular legal services required, multiplied by the hourly rate of the professional rendering the services.  Dinsmore believes the billing rates charged are reasonable and within the range of fees charged by its peers for services of a similar nature.  The compensation is based on the customary compensation charged to Dinsmore's non-bankruptcy clients.  The total fees for the Application Period are based upon 8,807.70[13] hours of billable time and represent an average billing rate of approximately $545.06 per hour (computation of blended hourly rate for persons who billed time during the Application Period, excluding paraprofessional time).  Dinsmore's Application for this period reflects a "gross" discount of $223,990.00 from those projected fees and expenses which were set forth in the Trustee's MORs. ///

---

[11] Id.

[12] Details related to fees and expenses incurred but not charged are not reflected in this Application or the exhibits attached hereto.

[13] The hours listed are the total hours of billable time of Dinsmore professionals requested for payment for the Application Period and do not include any adjustment for the courtesy discount provided by Dinsmore.

**B.    Summary of Expenses**

By this Application, Dinsmore seeks interim allowance and reimbursement for expenses incurred in the amount of $57,379.11.  This requested amount takes into account deductions made for expenses incurred but not charged in the amount of $3,798.50.

An itemization of all reasonable and necessary expenses Dinsmore incurred on behalf of the Trustee during the Application Period is attached hereto as **Exhibit "E**."  **Exhibit "E"** includes the date the expense was incurred as applicable, the description of the expense, and the cost of the expense.  All of the expenses that Dinsmore is seeking allowance and reimbursement through this Application are customarily charged to its non-bankruptcy clients.

**VII.**
**SYNOPSIS OF SERVICES PERFORMED BY DINSMORE AS
SPECIAL COUNSEL TO THE TRUSTEE**

**A.    Project Summary**

While the above represents an overall summary of the Case and Applicant's work performed, Dinsmore has separated its time and expenses into project categories.  Attached hereto as **Exhibit "A"** is a summary of the services performed by Dinsmore during the Application Period, sorted by the specific project category, the total number of hours billed per category, and the total amount of discounted fees sought by Dinsmore for the combined categories.  **Exhibit "D"** contains the detail statements of account supporting information for **Exhibit "A"** attached hereto.

**B.    Narrative Summary**

The remainder of this Application sets forth a description of the services that have been rendered by Dinsmore to the Trustee for the benefit of the Debtor's Estate, in specific categories as defined below.[14]  Dinsmore has performed the following services during the Application Period which were necessary, reasonable, and beneficial for the Debtor's Estate:

///

///

---

[14]  The hours and fees provided in Section VII(B) do not include any adjustment for fees incurred but not charged or the courtesy discount provided by Dinsmore.

1.   **Case Administration (143576-1)**

In this category, during the Application Period, Dinsmore billed 406.70 hours for $232,686.50, in overall fees.

a.   **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher G. Ghio | Partner | $615.00/$625.00 | 113.60 | $70,113.00 |
| Lovee D. Sarenas | Partner | $660.00 | 3.50 | $2,310.00 |
| Ellen Arvin Kennedy | Partner | $665.00 | 0 | 0 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 25.90 | $18,784.50 |
| Peter J. Mastan | Partner | $740.00 | .20 | $148.00 |
| Christopher Celentino | Partner | $825.00/$835.00 | 116.70 | $96,238.00 |
| Lexi J. Epley | Associate | $385.00 | 6.90 | $2,656.50 |
| Vanessa Rodriguez | Associate | $385.00 | 3.70 | $1,424.50 |
| Kelli A. Lee | Associate | $390.00/$425.00 | 3.20 | $1,269.00 |
| Tyler J. Mitchell | Associate | $395.00 | .30 | $118.50 |
| Jacob R. Bothamley | Associate | $405.00 | .20 | $81.00 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | .50 | $228.50 |
| Robert D. Prine | Associate | $420.00 | .80 | $336.00 |
| Robert J. Simmons | eDiscovery Project Manager | $350.00/365.00 | 73.50 | $26,722.50 |
| Jamie Herald | Paraprofessional | $145.00 | .40 | $58.00 |
| Jennifer E. Pitcock | Paraprofessional | $205.00/$215.00 | 39.60 | $8,216.00 |
| Caron Burke | Paraprofessional | $225.00 | 17.70 | $3982.50 |
| | | **TOTALS** | **406.70** | **$232,686.50** |

b.   **Services Rendered**

Services provided during the Application Period and included in this category relate to Dinsmore's oversight of the administration of the Case and the Estate.  Where possible, Dinsmore has categorized services in the more specific categories listed below.  However, where a particular service did not fall into one of those specific categories, that service was placed in this general case administration category.  The services rendered in this category were necessary to the administration of the Estate and resolving the general administrative issues which arise in any Chapter 11 Case.

The services rendered in this category were necessary to the Trustee's role in the administration of the Estate, and were beneficial to the Estate by resolving the general administrative issues which arise in any Chapter 11 case such as this Case.  Early on, this category was used for

projects that would relate to broad swaths of matters, such as applicability of IOLTA segregation requirements, communication with creditors, review of financial records for relevance to defendants, and the like.  Wherever reasonably possible, the Application puts such "general" timekeeper entries in the category that applies most closely with the task, or Defendant, for which the projects were utilized.

**2.    Employment Applications (143576-2)**

In this category, during the Application Period, Dinsmore billed 15.90 hours for $7,306.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00 | 1.10 | $676.50 |
| Christopher Celentino | Partner | $825.00 | 5.50 | $4,537.50 |
| Caron Burke | Paraprofessional | $225.00 | 9.30 | $2,092.50 |
| | | **TOTALS** | **15.90** | **$7,306.50** |

**b.    Services Rendered**

In this category, services rendered included the preparation of the application to employ Dinsmore as Trustee's special counsel.

**3.    Fee Applications (143576-4)**

In this category, during the Application Period, Dinsmore billed 4.10 hours for $3,371.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 3.90 | $3,256.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| Jacob R. Bothamley | Associate | $405.00 | .10 | $40.50 |
| | | **TOTALS** | **4.10** | **$3,371.50** |

**b.    Services Rendered**

In this category, services rendered included review, revision and filing of Ethic Monitor/s First Fee Application along with the fee application of the Ombudsman'.  Services also included, but

were not charged, the monthly review and editing of time for services provided to the Trustee pursuant to the U.S. Trustee Guidelines.

**4.**     **Plan and Disclosure Statement (143576-6)**

In this category, during the Application Period, Dinsmore billed 162.20 hours for $117,883.00, in overall fees.

**a.**     **Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00/$835.00 | 28.90 | $23,997.50 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 96.80 | $72,077.50 |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 27.40 | $17,030.00 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 2.50 | $1,451.50 |
| Brian M. Metcalf | Associate | $650.00 | 2.50 | $1,625.00 |
| Jonathan B. Serrano | Associate | $415.00 | 4.10 | $1,701.50 |
| | | **TOTALS** | **162.20** | **$117,883.00** |

**b.**     **Services Rendered**

Trustee and his General Counsel were primarily tasked with the preparation of the Plan and Disclosure Statement in this Case. Where appropriate and applicable to Applicant's services rendered, Dinsmore assisted with the preparation and negotiation of the specific Plan and Disclosure Statement provisions which required input from Dinsmore concerning the issues of the litigation matters. Additionally as claims came in, Applicant provided input to the Trustee regarding various claims as many of those claimants were also litigation targets and thus Dinsmore had a better understanding of the issues related to those matters and how to classify those parties. Dinmore's input was also important for purposes of providing insight related to class, voting and tabulation issues.

**5.**     **Claims, Consumer Rejections Claims and Administrative Claims (143576-7)**

In this category, during the Application Period, Dinsmore billed 158.40 hours for $102,439.00, in overall fees.

///

///

///

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00/$835.00 | 9.50 | $7,902.50 |
| Yosina M. Lissebeck | Partner | $690.00/ | 85.50 | $63,219.00 |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 17.80 | $11,056.00 |
| Sarah S. Mattingly | Partner | $610.00 | .50 | $305.00 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 10.00 | $5,878.00 |
| Sara A Johnston | Partner | $475.00 | .90 | $427.50 |
| Matthew J. Stockl | Associate | $480.00 | .40 | $192.00 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | 20.50 | $9,446.50 |
| Jacob R. Bothamley | Associate | $405.00 | .20 | $81.00 |
| Jonathan B. Serrano | Associate | $395.00 | 1.10 | $434.50 |
| Cody E. King | Associate | $325.00 | 8.00 | $2,600.00 |
| Vanessa Rodriguez | Associate | $315.00 | .70 | $220.50 |
| Wendy Yones | Paraprofessional | $205.00 | 3.30 | $676.50 |
| | | **TOTALS** | **158.40** | **$102,439.00** |

### b.    Services Rendered

Trustee's General Counsel is tasked primarily with the objections to claims.  The litigation for which Applicant was primarily responsible necessarily resulted in the discovery of facts and circumstances relevant to certain claims, including specifically administrative claims.  In particular, Special Counsel coordinated the entire consumer contract rejection process, and in the course of litigation, discovered and disclosed facts demonstrating the insufficiency of certain administrative claims, such as that from Greyson law group and its principals Han and Jade Trinh.  While some of that overlapped with the response to Greyson's Motion for Relief from the Injunction it agreed to be bound by, the development of those theories in conjunction with General Counsel made for a comprehensive presentation in opposition to validity and allowance of same. Further, Dinsmore attorneys responded to many consumer clients' emails and phone calls related to the filing of claims and/or amendments to those claims. Finally, Applicant reviewed secured and priority claims so that it could include any necessary objections to various parties' claims to its adversary proceedings.

### 6.    Asset Analysis/Recovery/Disposition (143576-8)

In this category, during the Application Period, Dinsmore billed 1245.00 hours for $711,115.50, in overall fees.

### a.     Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Peter J. Mastan | Partner | $740.00 | 9.00 | $6,660.00 |
| Ellen Arvin Kennedy | Partner | $665.00 | 16.70 | $11,105.50 |
| Lovee D. Sarenas | Partner | $660.00 | 1.40 | $924.00 |
| Sarah S. Mattingly | Partner | $595.00 | 17.90 | $10,650.50 |
| Matthew Tyler Powell | Partner | $575.00 | 59.00 | $33,925.00 |
| Kurt R Hunt | Partner | $550.00 | .70 | $385.00 |
| Christopher Celentino | Partner | $825.00/$835.00 | 133.10 | $109,834.50 |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 145.40 | $89,656.00 |
| Sara A. Johnston | Partner | $475.00/$495.00 | 129.80 | $61,969.00 |
| Yosina M. Lissebeck | Partner | $690.00/$ | 378.50 | $265,009.50 |
| Autumn R. Clark | Law Clerk | $185.00 | 10.50 | $1,942.50 |
| Jeremy B. Freedman | Associate | $445.00 | 111.60 | $49,662.00 |
| Dorota A. James | Associate | $420.00 | 3.50 | $1,470.00 |
| Lexi J. Epley | Associate | $385.00 | .60 | $231.00 |
| Spencer K. Gray | Associate | $375.00 | 4.60 | $1,725.00 |
| Jamie D. Mottola | Associate | $370.00 | 18.40 | $6,808.00 |
| Vanessa Rodriguez | Associate | $315.00 | 4.80 | $1,526.00 |
| Jordan R. McMinn | Associate | $285.00 | 3.00 | $855.00 |
| Jonathan B. Serrano | Associate | $395.00/$415.00 | 83.00 | $32,821.00 |
| Caron Burke | Paraprofessional | $225.00 | 54.90 | $12,352.50 |
| Fernando Juarez | Paraprofessional | $210.00 | 9.50 | $1,995.00 |
| Kayla M. Howard | Paraprofessional | $125.00 | 6.0 | $750.00 |
| Jennifer E. Pitcock | Paraprofessional | $205.00/$215.00 | 43.10 | $8,858.50 |
| | | **TOTALS** | **1245.00** | **$711,115.50** |

### b.     Services Rendered

**Sale Motion.** This matter included the work done in negotiating, organizing, reviewing, documenting and advising the Trustee related to the Sale of Debtor's assets, and all the various issues that went with the sale as identified in its invoices. On July 7, 2023, Applicant prepared, filed and served on behalf of the Trustee a motion [Dkt. No. 191] (the "Sale Motion") to approve the sale of substantially all of the Debtor's assets. The Sale Motion sought approval of that certain Agreement of Purchase and Sale and Joint Escrow Instructions drafted, revised and finalized by Applicant to document the agreement between the Trustee and CLG (the "CLG PSA"). The sale and its terms are more fully described above, and incorporated herein by reference. Applicant was mindful of the issues that plagued the Debtor pre-petition, and thus it did research related to making sure the sale took place ethically and legally. Applicant did research, had discussions, and ultimately

advised the Trustee of the importance that the Court appoint a monitor to ensure compliance with applicable regulations in the post-closing operations of the Debtor's business.

As discussed above, the Bankruptcy Court sua sponte entered an order [Dkt. No. 206] requesting both briefing concerning the Sale Motion and optional supplemental briefing concerning the Bankruptcy Court's authority to approve the sale in light of the Debtor's prepetition illegal operations and the appropriate conditions and available post-sale reformations of any and all business operations. And on July 17, 2023, numerous parties responded and filed said briefs. Applicant reviewed and analyzed those briefs so that it could properly respond to any questions the Court might have at the hearing, as well as to properly advise the Trustee.

On July 19, 2023, as set forth above, numerous parties filed responses to the Sale Motion. Applicant reviewed and analyzed those briefs so that it could properly respond to any questions the Court might have at the hearing, as well as to properly advise the Trustee.   On July 20, 2023, Applicant prepare, filed and served on behalf of the Trustee a reply [Dkt. No. 313] in support of the Sale Motion.  On July 21, 2023, the Bankruptcy Court held a hearing on the Sale Motion. Applicant prepared for that hearing and attended the Hearing, which took all day. At the hearing, the Trustee sought approval of a revised and further negotiated form of the CLG PSA to which the Trustee, the Committee, and CLG agreed. The hearing resulted in a competitive bidding process between CLG, the Bensamochan Law Group, and Morning Law Group ("MLG").The bidding process resulted in the selection of MLG as the winning bidder, pursuant to that certain Agreement of Purchase and Sale and Joint Escrow Instructions by and between the Trustee and MLG [Dkt. No. 416] (the "Purchase Agreement").  Applicant revised and finalized the Purchase Agreement and all supporting documents thereto to comply with the terms agreed to in Court and those in which the Court ordered. This included having to prepare, file and serve motions to assume and reject various executory contracts (which are also further itemized in matter number 9 below). In order to prepare these motions, Applicant had to review numerous agreements, discuss these with the Trustee and MLG, and obtain information related to the transaction. On July 22, 2023, the Court entered a memorandum decision [Dkt. No. 320] approving the Sale Transaction. On August 2, 2023, the Court entered an order [Dkt. No. 352] granting the Sale Motion. The Sale Transaction closed on August 4,

2023. The Estate obtained $5.5 million as the initial payment; and ultimately another $1.5 million pursuant to the terms of the parties' agreement.  Future proceeds, pursuant to the agreement, will continue to be made.

**Asset Analysis.**  While the majority of Applicant's time in this matter was related to the sale, time entries also involved matters that resulted from the sale.  Applicant prepared and sent numerous cease and desist letters to various parties that were interfering with the transfer of consumer clients to MLG and were improperly interfering with the consumers rights to opt in and out (which is more fully described below).  Applicant responded to thousands of inquiries from consumers.  Applicant also began to review UCC lien issues and how those impacted the Debtor's proceeds.  Applicant reviewed various documents related to double pulls and identified what rejected consumer clients funds needed to be returned.  Applicant prepared, filed and served various motions to be heard by the Court to further benefit the creditors of the Estate.  Applicant reviewed litigation filed against LPG, made sure stays were in place, and requested, organized and reviewed millions of pages of documents that were produced through various 2004 applications, motions for turnover and subpoenas, all prepared, filed and served by Applicant.

       **7.**       **Opt-Out Notice and Assumption and Rejection (143576-9).**

In this category, during the Application Period, Dinsmore billed 25.30 hours for $10,809.50, in overall fees.

       **a.**       **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00 | 1.40 | $861.00 |
| Christopher Celentino | Partner | $825.00 | 2.00 | $1,650.00 |
| John A. Mayers | Partner | $525.00 | .60 | $315.00 |
| Sara A Johnston | Partner | $495.00 | .60 | $297.00 |
| Jonathan B. Serrano | Associate | $395.00/$415.00 | 17.70 | $7,011.50 |
| Caron Burke | Paraprofessional | $225.00 | 3.0 | $675.00 |
| | | **TOTALS** | **25.30** | **$10,809.50** |

       **b.**       **Services Rendered**

As stated above, in relation to the Sale, Applicant did extensive research to ensure that the sale complied with the law and was ethical. As part of that, it was apparent that all consumers were

to obtain information that clearly explained their rights to opt-in or out. Applicant worked with the Committee, the UST, the Monitor, MLG and of course the Trustee and his general counsel to ensure that the 90-day opt-out notice complied with the requirements under the law.  On August 16, 2023, the Trustee served [Dkt. Nos.  403, 404] this 90-day opt-out notice to consumer clients whose Legal Service Agreements were potentially subject to assumption and assignment, pursuant to applicable California law. Applicant responded to various request for documents and discovery. Particularly as it related to the requests from the UST. Applicant coordinated with those operating the Debtor to ensure compliance with the UST Trustee's requests, in addition to reviewing and providing information obtained by various other sources.

As touched on above, in matter #8, Applicant on September 8, 2023, filed a notice [Dkt. No. 489] of potential assumption an assignment of executory agreements, pursuant to the Purchase Agreement and Sale Order. Following service of the notice, the Bankruptcy Court granted [Dkt. Nos. 523, 555, 927] several motions to reject executory agreements, including Legal Service Agreements, pursuant to the terms of the Purchase Agreement and Sale Order.

## 8.    Business Operations/Analysis (143576-10)

In this category, during the Application Period, Dinsmore billed 109.80 hours for $51,228.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 17.80 | $10,949.00 |
| Christopher Celentino | Partner | 825.00 | 3.90 | $3,217.50 |
| John A. Mayers | Partner | 525.00 | 2.50 | $1312.50 |
| Sara A Johnston | Partner | $475.00 | 13.40 | $6,365.00 |
| Sarah S. Mattingly | Partner | $595.00 | 4.40 | $2,618.00 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 23.80 | $16,433.00 |
| Dorota A. James | Associate | 420.00 | 6.40 | $2,688.00 |
| Jonathan B. Serrano | Associate | $395.00 | .30 | $118.50 |
| Kelli A. Lee | Associate | $390.00 | 3.30 | $1,287.00 |
| Robert D. Prine | Associate | $420.00 | 1.00 | $420.00 |
| William C. Brown, III | Associate | $375.00 | 5.30 | $1,987.50 |
| Caron Burke | Paraprofessional | $225.00 | 3.70 | $832.50 |
| Kayla M. Howard | Paraprofessional | $125.00 | 24.00 | $3,000.00 |
| | | **TOTALS** | **109.80** | **$51,228.50** |

**b.    Services Rendered**

This category of services includes the myriad of investigations and advice given Trustee, and acts to implement such advice, necessary to sustain a business operation from which going concern value could be appreciated for the assets sold.  Trustee and Applicant faced constant disruption and interference from Debtor's former principals in the execution of such duties.  The Trustee also decided that he needed the assistance of managers to help him.  Applicant thus prepared a management agreement and a motion to approve that management agreement.  The services rendered in this category were necessary and beneficial to the Estate in that assets of the Estate were preserved and protected.

**9.    Post-Petition Financing Matters (143576-11)**

In this category, during the Application Period, Dinsmore billed 186.10 hours for $105,111.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 35.60 | $21,900.00 |
| Christopher Celentino | Partner | $825.00 | 8.00 | $6,600.00 |
| John H. Stephens | Partner | $495.00 | 0.80 | $396.00 |
| Matthew Tyler Powell | Partner | $575.00 | 19.30 | $11,385.50 |
| Sara A Johnston | Partner | $475.00 | 1.30 | $617.50 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 53.80 | $37,446.50 |
| Dorota A. James | Associate | $420.00 | 1.20 | $504.00 |
| Jeremy B. Freedman | Associate | $445.00 | 12.70 | $5,651.50 |
| Jonathan B. Serrano | Associate | $395.00 | 50.70 | $20,026.50 |
| Caron Burke | Paraprofessional | $225.00 | 1.50 | $337.50 |
| Jennifer E. Pitcock | Paraprofessional | $205.00 | 1.20 | $246.00 |
| | | **TOTALS** | **186.10** | **$105,111.00** |

**b.    Services Rendered**

Applicant assisted the Trustee in finding, negotiating and drafting the various agreements needed by the Estate to obtain post-petition financing.  The Trustee needed to request postpetition financing to fund ordinary business operations of the Debtor because the estate lacked adequate available cash to fund such expenses. Specifically, the U.S. Trustee objected to the use of postpetition funds collected from consumer clients by ACH draws and the estate lacked significant

cash on hand as of the Petition Date. The Trustee contended that maintaining the Debtor's operations postpetition was necessary to preserve the going-concern value of the Debtor in advance of any sale of the Debtor's business.

On June 16, 2023, Applicant prepared, filed and served on behalf of the Trustee an emergency motion [Dkt. No. 119] (the "First Financing Motion") to obtain postpetition financing, on an unsecured, superpriority administrative basis, from Resolution Ventures in the amount of $800,000, including an initial advance of $350,000 and a subsequent advance of $450,000. On June 22, 2023, the Bankruptcy Court entered an order [Dkt. No. 131] (the "First Financing Order") approving the First Financing Motion on an interim basis.

On June 29, 2023, Applicant prepared, filed and served on behalf of the Trustee an ex parte notice [Dkt. No. 156] (the "Second Financing Motion") of an alleged nonmaterial modification to the promissory note by and between the Trustee and Resolution Ventures, pursuant to the First Financing Order. The Second Financing Motion indicated that Resolution Ventures had advanced $240,000 of the $800,000 loan amount prior to entry of the First Financing Order; however, Resolution Ventures subsequently informed the Trustee that it was unable to provide any further advances under the promissory note. The Second Financing Motion proposed that the non-material modification would substitute Liberty Acquisitions Group, Inc. ("Liberty"), an affiliate of Consumer Legal Group PC ("CLG"), as the lender for the remaining $560,000 balance of the approved, unsecured, superpriority administrative loan, and repayable on a pari passu basis with the $240,000 loaned by Resolution Ventures.

On June 29, 2023, the Bankruptcy Court set [Dkt. No. 158] an emergency hearing on the Second Financing Motion. On July 3, 2023, the Bankruptcy Court entered an order [Dkt. No. 168] (the "Second Financing Order") authorizing, on an interim basis, the proposed loan from Liberty Acquisitions Group, Inc.

On July 16, 2023, Applicant prepared, filed and served on behalf of the Trustee an emergency motion [Dkt. No. 249] (the "Third Financing Motion") to obtain postpetition financing, on an unsecured, superpriority administrative basis, from Resolution Ventures, in the amount of $249,663.98, and from Liberty, in the amount of $249,663.98. On July 18, 2023, the Committee

filed an objection [Dkt. No. 282] to the Third Financing Motion, in part, on the grounds that the proposed, amended Liberty promissory note would have impermissibly permitted Liberty to obtain immediate repayment of its postpetition loans from the first sale proceeds received by the estate. On July 20, 2023, the Bankruptcy Court entered an order [Dkt. No. 310] (the "Third Financing Order") approving the Third Financing Motion on an interim basis; provided, however, that Liberty would no longer provide the additional $249,663.98 in financing and would instead be replaced by PanAmerican Consulting Inc. without the immediate repayment provisions in the Liberty note.

On August 21, 2023, the Bankruptcy Court entered orders [Dkt. Nos. 413, 414, 415] approving on a final basis the financing authorized under the First Financing Order, the Second Financing order, and the Third Financing Order.

On May 23, 2024, Applicant prepared, filed and served, along with general counsel, on behalf of the Trustee and Motion to Surcharge Secured Creditors to Pay these super-priority loans [Dkt No. 1242]. On June 18, 2024, the Court approved Trustee's Application to Surcharge Secured Creditors to authorize Trustee to use funds on hand to pay such post-petition financing obligations [Dkt. No. 1350].

### 10. **Employee Matters (143576-12)**

In this category, during the Application Period, Dinsmore billed 52.30 hours for $23,813.00, in overall fees.

### a. **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00 | 4.30 | $2,644.50 |
| Christopher Celentino | Partner | $825.00 | 2.60 | $2,168.00 |
| Dorota A. James | Associate | $460.00 | 28.90 | $12,346.00 |
| Jacob R. Bothamley | Associate | $405.00 | 1.10 | $445.50 |
| Jeremy B. Freedman | Associate | $465.00 | 1.80 | $837.00 |
| Jonathan B. Serrano | Associate | $395.00 | 13.60 | $5,372.00 |
| | | | **TOTALS** | **52.30** | **$23,813.00** |

### b. **Services Rendered**

One of the most complicated issues facing the Trustee was the fact that the Debtor's former principals began raiding the Debtor's operations to ensure that there would be nothing left for

Trustee to administer and sell; while focus was on the transfer of the Debtor's consumer client contacts, Debtor's former operators also pilfered the Debtor's employee base, stealing the employees themselves to employment with other "affiliated" companies such as PrimeLogix and Maverick, while also stealing the ACH pulls from Debtor's consumer customers to finance the payment of the employees who dutifully followed instructions to assist the migration of Debtor's consumer contracts to Debtor's fraudulent conveyance partners, Oakstone, Phoenix, CLG, Greyson, and others. Employees caught in the middle involuntarily had their employment changed away from LPG. Others– filed multiple claims before the Labor Commision and sought damages against the Estate for alleged "interference" in the disruption of the fraudulent conveyance scheme in which they were ensconced.  In some cases, some of the employees assisted on the return to the estate of the database and the client files from Phoenix and others back to LPG; Greyson, of course, was not cooperative. Dealing fairly with the employees who were NOT complicit in the formulation of the illegal plans, but who innocently bought into the bile eschewed about the Trustee and the Court by Debtor's former principals was delicate – Applicant assisted the Trustee in the handling of these affairs without long-term penalty to the Estate.

## 11.    Meetings of Creditors (143576-13)

In this category, during the Application Period, Dinsmore billed 30.40 hours for $13,889.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00/$835.00 | 4.10 | $3,400.50 |
| Robert A. Linn | Partner | $515.00 | 2.10 | $1,081.50 |
| Jamie D. Mottola | Associate | $370.00 | 6.30 | $2,331.00 |
| Jonathan B. Serrano | Associate | $395.00$415.00 | 17.90 | $7,076.50 |
| | | TOTALS | 30.40 | $13,889.50 |

### b.    Services Rendered

On June 13, 2023, Applicant assisted the Trustee with the filing of an emergency motion [Dkt. No. 102] (the "Ad Hoc Committee Motion") to permit the Trustee to enter into an expense reimbursement agreement with an ad hoc committee intended to advance the interests of all

consumer client claimants. The U.S. Trustee objected [Dkt. No. 127], in part, on the grounds that the

U.S. Trustee was in the process of re-soliciting creditor interest in serving on an official committee

of unsecured creditors. On June 26, 2023, creditor Carolyn Beech objected [Dkt. No. 144] to the

expense reimbursement motion. On June 26, 2023, the Trustee, U.S. Trustee, and Carolyn Beech

entered into a stipulation [Dkt. No. 149] dismissing the Ad Hoc Committee Motion provided that the

U.S. Trustee agree that a majority of any official committee of unsecured creditors remains

comprised of consumer client claimants. On June 27, 2023, the Bankruptcy Court entered an order

[Dkt. No. 151] approving the stipulation.

On June 23, 2023, the U.S. Trustee filed a notice [Dkt. No. 134] of the appointment of a five-

member Committee. On June 29, 2023, the U.S. Trustee filed a notice [Dkt. No. 157] of the

appointment of two additional members to the Committee, which resulted in a seven-member

Committee. The Committee's membership is as follows: (i) Alexandra Lufti; (ii) April Reidy; (iii)

Denise Burtchell; (iv) Angela Dows, Esq.; (v) Thomas Ray; (vi) Affirma, LLC; and (vii) Abigail R.

Beaudin. Consistent with the Bankruptcy Court approved stipulation, the majority of the

Committee's members are consumer client claimants.

Applicant reviewed and responded to numerous emails, calls and met weekly with the OCC

to ensure thorough communication and avoid duplication of effort regarding specific tasks to be

undertaken.

**12.** **2004 Examinations (143576-15)**

In this category, during the Application Period, Dinsmore billed 93.40 hours for $46,012.00,

in overall fees.

///

///

///

///

///

///

///

### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 1.30 | $804.50 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 29.50 | $17,100.50 |
| Sara A Johnston | Partner | $495.00 | 10.80 | $5,346.00 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 5.70 | $4,147.50 |
| Jacob R. Bothamley | Associate | $405.00 | 11.30 | $4,576.50 |
| Jonathan B. Serrano | Associate | $395.00/$415.00 | 30.70 | $12,734.50 |
| Spencer K Gray | Associate | $400.00 | 2.00 | $800.00 |
| Vanessa Rodriguez | Associate | $385.00 | 0.3 | $115.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 1.80 | $387.00 |
| | | **TOTALS** | **93.40** | **$46,012.00** |

### b.  Services Rendered

Applicant assisted Trustee's general counsel in preparation of Rule 2004 examinations that would not repeat or infringe upon discovery to be commenced in conjunction with specific litigation matters, but which otherwise were necessary to piece together the depth and breadth of the documents evidencing Debtor's fraudulent conduct.  To date, between Rule 2004 and adversary discover, over 100 million documents have been recovered and reviewed.

### 13.  Consumer and Other Contract Assumptions (143576-16)

In this category, during the Application Period, Dinsmore billed 7.50 hours for $4,596.50, in overall fees.

### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00 | 7.10 | $4,366.50 |
| Matthew Tyler Powell | Partner | $575.00 | 0.40 | $230.00 |
| | | **TOTALS** | **7.50** | **$4,596.50** |

### b.  Services Rendered

Assumption and reformation of the consumer client contracts was an integral part of the post-petition finances of the Estate.  Thousands of consumers had multiple questions for which Applicant prepared a list of FAQ answers, and communicated with such persons on a regular basis.

///

### 14. Relief From Stay Proceedings (143576-17)

In this category, during the Application Period, Dinsmore billed 56.90 hours for $31,905.50, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 3.00 | $1,873.00 |
| Christopher Celentino | Partner | $835.00 | 0.6 | $501.00 |
| Ellen Arvin Kennedy | Partner | $665.00$675.00 | 17.90 | $12,077.50 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 11.80 | $6,987.00 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 4.10 | $2,950.00 |
| Gina Kripotos | Associate | $420.00 | 14.90 | $6,258.00 |
| Jonathan B. Serrano | Associate | $395.00 | 1.50 | $592.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 3.10 | $666.50 |
| | | TOTALS | 56.90 | $31,905.50 |

#### b. Services Rendered

Applicant assisted the Trustee in the defense of a Relief from Stay matter and a negotiation concerning the parameters of such relief. Applicant, wary of potential adverse rulings against the Debtor that could lead to additional administrative claims for the wrongful pre-petition conduct of the principals, required a deft handling of this situation.

### 15. General Litigation (143576-18)

In this category, during the Application Period, Dinsmore billed 1,591.30 hours for $907,607.50, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Alexander H. Gardner | Partner | $355.00 | 29.50 | $10,472.50 |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 198.70 | $123,072.50 |
| Christopher Celentino | Partner | $825.00/$835.00 | 89.00 | $73,870.00 |
| Ellen Arvin Kennedy | Partner | $665.00$675.00 | 33.00 | $22,028.00 |
| John H. Stephens | Partner | $495.00$545.00 | 64.90 | $34,995.50 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 173.20 | $101,372.00 |
| Milton T. Spurlock | Partner | $595.00 | 1.70 | $1,011.50 |
| Robert A. Linn | Partner | $515.00 | 1.4 | $721.00 |
| Sara A Johnston | Partner | $475.00/$495.00 | 45.40 | $22,303.00 |
| Sarah S. Mattingly | Partner | $595.00/$610.00 | 27.50 | $16,517.00 |

| | | | | |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 262.20 | $190,086.50 |
| Brian M. Metcalf | Associate | $650.00 | 215.20 | $139,880.00 |
| Bryan L. Cockroft | Associate | $$260.00/275.00 | 17.80 | $4,865.00 |
| Cody E. King | Associate | $325.00 | 12.90 | $4,192.50 |
| Gina Kripotos | Associate | $420.00 | 16.80 | $7,056.00 |
| Jacob R. Bothamley | Associate | $405.00 | 147.30 | $59,656.50 |
| Jonathan B. Serrano | Associate | $395.00/415.00 | 85.20 | $34,870.00 |
| Kelli A. Lee | Associate | $390.00/$425.00 | 2.30 | $914.50 |
| Lauren K. Levenson | Associate | $410.00 | 6.50 | $2,665.00 |
| Lexi J. Epley | Associate | $385.00/$420.00 | 15.30 | $6,121.50 |
| Matthew J. Stockl | Associate | $480.00 | 28.10 | $13,488.00 |
| Paige E. Hornback | Associate | $345.00/$355.00 | 5.00 | $1,755.00 |
| Spencer K Gray | Associate | $375.00/$400.00 | 16.30 | $6,432.50 |
| Suzanne M. Marino | Associate | $360.00 | 14.20 | $5,112.00 |
| Tyler J. Mitchell | Associate | $360.00 | 17.30 | $6,228.00 |
| Vanessa Rodriguez | Associate | $315.00/$385.00 | 18.40 | $6,804.00 |
| Veneeta Jaswal | Associate | $460.00 | 1.70 | $782.00 |
| Robert J Simmons | eDiscovery Project Manager | $350.00/$365.00 | 5.80 | $2,082.50 |
| Amy M Childers | Paraprofessional | $235.00 | 3 | $705.00 |
| Caron Burke | Paraprofessional | $225.00 | 2.30 | $517.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 29.20 | $6,160.00 |
| Katherine Hemphill | Paraprofessional | $210.00 | 1.30 | $276.00 |
| Wendy Yones | Paraprofessional | $205.00 | 2.90 | $594.50 |
| | | **TOTALS** | **1,591.30** | **$907,607.50** |

**b.** **Services Rendered**

The Trustee has developed a comprehensive list of litigation claims against entities that received avoidable transfers including fraudulent conveyances, preferences, and unauthorized postpetition transactions. The list currently includes 517 transferees which received transfers totaling approximately $100 million. Because the litigation target list is sizeable and is significantly longer than it would be in a standard Chapter 11 case, the Trustee is currently in the process of finalizing a process to commence and process this litigation in an efficient fashion. The Trustee anticipates recovering tens of millions of dollars on account of these claims.

In order to gain information related to these litigation targets, Applicant reviewed, researched, organized, and drafted numerous requests for information through demand letters, 2004 applications (as noted above), and subpoenas.  This resulted in numerous documents, agreements, and accounting documents that established transfers from the Debtor.  Applicant reviewed, analyzed

and organized those documents.  As Applicant obtained enough information, it would open a new matter number for that litigation target and maintain time entries thereunder.

The services rendered in this category were necessary and beneficial to the Estate in that they served to ensure efficient administration in that they allowed the Trustee to analyze and file appropriate pleadings and properly disclose pending claims in conjunction with the sale.

**16.**    **Adv. Case Nos. 23-102 / 23-1046 (Diab) (143576-19)**

In this category, during the Application Period, Dinsmore billed 946.00 hours for $469,343.50, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Caroline G. Massey | Partner | $465.00 | 3.20 | $1,488.00 |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 183.60 | $113,186.00 |
| Christopher Celentino | Partner | $825.00/$835.00 | 34.20 | $28,257.00 |
| Lovee D. Sarenas | Partner | $660.00/$670.00 | 2.50 | $1,651.00 |
| Matthew Tyler Powell | Partner | $595.00 | 1.2 | $714.00 |
| Sara A Johnston | Partner | $495.00 | 10.40 | $4,968.00 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 37.50 | $26,122.50 |
| Dorota A. James | Associate | $420.00 | 3.90 | $1,638.00 |
| Gina Kripotos | Associate | $420.00 | 2.30 | $966.00 |
| Jacob R. Bothamley | Associate | $405.00 | 69.70 | $28,228.50 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | 464.40 | $210,334.00 |
| Jonathan B. Serrano | Associate | $395.00/$415.00 | 114.70 | $45,618.50 |
| Meredith P Montrose | Associate | $415.00 | 7.90 | $3,278.50 |
| Vanessa Rodriguez | Associate | $315.00 | 5.9 | $1,858.50 |
| Caron Burke | Paraprofessional | $225.00 | 4.60 | $1,035.00 |
| | | **TOTALS** | **946.00** | **$469,343.50** |

**b.**    **Services Rendered**

On May 26, 2023, the Trustee filed suit against more than forty-five non-debtor entities and individuals and simultaneously sought an emergency turnover and restraining order to protect and recover Debtor assets, client files, funds and evidence fraudulently transferred by LPG insiders and co-conspirators, including Mr. Diab. The case number for this adversary proceeding is 8:23-ap-1046-SC ("1046 Action"). Since the filing of the 1046 Action, the Trustee has obtained a Preliminary Injunction to protect consumer clients, Estate assets and evidence. The Trustee obtained

a stipulated judgment and turnover as to Phoenix resulting in the turnover of a substantial number of

LPG consumer client files (but not corresponding liabilities related thereto) that ultimately resulted

in the Court approving the Trustee's motion to sell LPG's client files to Morning Law Group, PC.

The Trustee further is in discussions and intends to enter into a settlement agreements with two

additional defendants with an anticipated turnover to the Debtor's Estate totaling more than $1.2

million dollars, subject to Court approval.

In additional to the direct benefits obtained for the Debtor's Estate, the Trustee has been

engaged in discovery, obtained over 100 million documents related to this matter, taken the

deposition of two witnesses and responded to substantial motion practice with certain named

defendants challenging the Complaint and seeking to vacate the Preliminary Injunction. As a result

of said challenges and Trustee's ongoing investigation, the Trustee has further filed four amended

complaints since May 26, 2023.

Based on the Trustee's investigation, motions to compromise and stipulated judgments, the

Trustee has dismissed seventeen (17) of the named defendants, entered default as to eleven (11) of

the named defendants, with all other defendants either having answered the operative pleading or

will be subject to the Trustee seeking entry of default. As to those defendants that have answered the

operative Complaint, the Trustee is engaged in settlement discussions and further discovery with the

intention of filing motions for summary judgment, where appropriate, given Diab's and March's

admission to the fraudulent transfer of LPG assets at the Preliminary Injunction hearing and

substantial evidence supporting same.

**17.    Adv. Case No. 23-1098 (OHP-CDR, LP) (143576-20)**

In this category, during the Application Period, Dinsmore billed 153.10 hours for $91,636.50,

in overall fees.

///

///

///

///

///

### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.50 | $937.50 |
| Christopher Celentino | Partner | $825.00/$835.00 | 2.00 | $1,662.00 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 47.10 | $27,640.50 |
| Sara A Johnston | Partner | $475.00 | 0.4 | $190.00 |
| Yosina M. Lissebeck | Partner | $690.00 | 64.10 | $46,104.50 |
| Jonathan B. Serrano | Associate | $395.00/$415.00 | 35.20 | $14,500.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 2.80 | $602.00 |
| | | **TOTALS** | **153.10** | $91,636.50 |

### b. Services Rendered

On September 11, 2023, OHP-CDR, LP and PurchaseCo80, LLC (collectively, the "OHP Plaintiffs") filed a complaint [Adv. Dkt. No. 1] initiating the adversary proceeding captioned OHP-CDR, LP, et al. v. Marshack, et al., Adv. Proc. No. 8:23-ap-01098-SC (the "OHP Action"). In the OHP Action, the OHP Plaintiffs seek determination of lien priority and the extent of their alleged ownership interest asserted. OHP asserted that it had a valid, enforceable claim of $16,938,954. On October 13, 2023, the Trustee filed an answer and counterclaims [Adv. Dkt. No. 7] in the OHP Action. On October 13, 2023, defendant Azzure Capital, LLC filed an answer [Adv. Dkt. No. 10].On November 3, 2023, the OHP Plaintiffs filed an answer [Adv. Dkt. No. 13] to the Trustee's counterclaims.

On February 21, 2024, the Bankruptcy Court entered an order [Adv. Dkt. No. 26] setting a pretrial conference and requiring the OHP Plaintiffs to submit briefing and evidence in support of their secured status. On March 15, 2024, the OHP Plaintiffs filed a brief [Adv. Dkt. No. 37] and related exhibits [Adv. Dkt. Nos. 36, 38-46]. The pretrial conference took place on April 22, 2024.

Over the course of the litigation, the parties met and prepared various Joint Status Reports. Further, the parties continuously exchanged information and continued to be open to settlement. On June 18, 2024 [Adv. Dkt No. 55] Applicant prepared, filed and served a Motion for Summary Judgment on Count Two of the Trustee's Counterclaim against OHP. The Hearing was set for July 31, 2024.

///

**18.** **New Vision Debt Relief LLC/ New Vision Capital Group/ Various Other New Vision Entities (143576-21)**

In this category, during the Application Period, Dinsmore billed 90.20 hours for $39,385.50, in overall fees.

**a.** **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 2.70 | $1,687.50 |
| Christopher Celentino | Partner | $825.00 | 0.50 | $412.50 |
| Sarah S. Mattingly | Partner | $595.00 | 6.00 | $3,570.00 |
| Tyler J. Mitchell | Partner | $360.00 | 3.10 | $1,116.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 3.00 | $2,235.00 |
| Jacob R. Bothamley | Associate | $405.00 | 73.40 | $29,727.00 |
| Jeremy B. Freedman | Associate | $465.00 | 0.3 | $139.50 |
| Jonathan B. Serrano | Associate | $415.00 | 1.20 | $498.00 |
| | | **TOTALS** | **90.20** | **$39,385.50** |

**b.** **Services Rendered**

Applicant has done significant research to investigate the relationships between these entities, including interviewing potential witnesses, as to the nature of the relationship between these entities, and between other LPG affiliates as well.  Applicant has prepared a complaint with clear delineations between the New Vision entities and thorough explanations of how they relate to one another.  Applicant discovered discrepancies in the accounting of funds paid to the various New Vision entities and has requested the accounting firm to review and provide an update.  Based on a review of the revised figures and other information learned through review of later produced documents, a complaint has been prepared and will be filed.

**19.** **Debt Relief Group LLC (143576-22)**

In this category, during the Application Period, Dinsmore billed 28.20 hours for $12,223.00, in overall fees.

///

///

///

48

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $595.00 | 1.80 | $1,083.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.3 | $223.50 |
| Adam H. Settle | Associate | $425.00 | 2.00 | $850.00 |
| Brian J Wood | Associate | $265.00 | 1.10 | $291.50 |
| Kelli A. Lee | Associate | $425.00 | 23.00 | $9,775.00 |
| | | TOTALS | 28.20 | $12,223.00 |

### b.    Services Rendered

The complaint against affiliate The Debt Relief Group seeks avoidance of fraudulent transfers and recovery/turnover of funds paid to Defendant by Debtor during the applicable lookback period. Applicant is seeking to recover approximately $ 997,037.98. The Complaint will be filed after confirmation of the Plan of Liquidation.

### 20.    Adv. Case No. 24-01017 (New Horizon Finance LLC) (143576-23)

In this category, during the Application Period, Dinsmore billed 119.10 hours for $48,582.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $595.00 | 2.60 | $1,541.00 |
| Sarah S. Mattingly | Partner | $595.00 | 2.60 | $1,547.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 8.80 | $6,556.00 |
| Bryan L. Cockroft | Associate | $260.00 | 1.1 | $286.00 |
| Jonathan B. Serrano | Associate | $415.00 | 0.50 | $207.50 |
| Vanessa Rodriguez | Associate | $315.00 | 102.30 | $38,006.50 |
| Robert J Simmons | eDiscovery Project Manager | $365.00 | 1.20 | $438.00 |
| | | TOTALS | 119.10 | $48,582.00 |

### b.    Services Rendered

On February 6, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against New Horizon Finance LLC. On March 28, 2024, the Trustee filed his First Amended Complaint (the "FAC") to include new accounting numbers for the 90-day and 4-year conveyances. The FAC was served on the Defendant on March 29, 2024. On May 15, 2024, the Rule 26(f) Conference was held and counsel for the parties discussed the Joint Status Report and a

potential settlement was discussed.  On May 20, 2024, the Defendant filed its Answer to the FAC. On May 28, 2024, Applicant prepared and filed the Joint Status Report. On June 20, 2024, Applicant appeared at the Status Conference. Discovery was propounded on July 26, 2024. Applicant will continue to pursue the matter, with the next steps being to receive discovery requests from the Defendant. Additionally, the Applicant will file any necessary Pre-Trial Motions as needed. Discussions with the Defendant regarding a potential settlement are ongoing, and the Applicant is hopeful that a settlement can be reached soon.

**21.    Adv. Case No. 23-1150 (Clear Vision Financial LLC / Liberty 1 Financial) (143576-24)**

In this category, during the Application Period, Dinsmore billed 179.00 hours for $78,151.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $595.00/$610.00 | 9.00 | $5,427.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.00 | $1,490.00 |
| Adam H. Settle | Associate | $425.00 | 1.50 | $637.50 |
| Bryan L. Cockroft | Associate | $260.00 | 1.80 | $468.00 |
| Jamie D. Mottola | Associate | $370.00/$455.00 | 151.10 | $68,028.00 |
| Jamie Herald | Paraprofessional | $145.00 | 1.80 | $261.00 |
| Jason Murray | Paraprofessional | $100.00 | 6.30 | $630.00 |
| Katherine Hemphill | Paraprofessional | $220.00 | 5.50 | $1,210.00 |
| | | **TOTALS** | **179.00** | **$78,151.50** |

**b.    Services Rendered**

On December 21, 2023, Applicant prepared, filed and served on behalf of the Trustee a complaint against affiliate Clear Vision Financial which seeks avoidance of fraudulent transfers and recovery/turnover of funds paid to Defendant by Debtor on the theory that Defendant and Debtor were engaged in the solicitation of illegal capping of consumers. The complaints seeking to recover approximately $794,848.57.

**22.    Adv. Case No. 24-01018 (MRD Marketing LLC) (143576-25)**

In this category, during the Application Period, Dinsmore billed 86.90 hours for $33,610.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $575.00 | 0.3 | $172.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 5.50 | $4,097.50 |
| Vanessa Rodriguez | Associate | $315.00/$385.00 | 81.10 | $29,340.50 |
| | | TOTALS | 86.90 | $33,610.50 |

### b.    Services Rendered

On February 6, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against MRD Marketing LLC. On April 1, 2024, Applicant prepared, filed and served on behalf of the Trustee his First Amended Complaint ("FAC") to include new accounting numbers for the 90-day and 4-year conveyances. The FAC was served on the Defendant on April 2, 2024. The Defendant's deadline to file and serve an Answer to the FAC was on May 2, 2024. The Defendant did not file an Answer. On June 18 2024, the Trustee filed a Request for Entry of Default. On that same day, the Clerk entered default against the Defendant. Applicant will continue to pursue the matter, with the next steps being to file the Motion for Default Judgment by August 7, 2024 to have the Motion heard on August 28, 2024. Applicant is hopeful that the Court will enter a Default Judgment in the amount of $1,662,610.22 against the Defendant.

### 23.    Adv. Case No. 24-01040 (Marich Bein, LLC) (143576-26)

In this category, during the Application Period, Dinsmore billed 106.30 hours for $53,677.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 27.40 | $17,019.00 |
| John H. Stephens | Partner | $545.00 | 2.00 | $1,090.00 |
| Matthew Tyler Powell | Partner | $595.00 | 2.60 | $1,547.00 |
| Sara A Johnston | Partner | $495.00 | 0.90 | $445.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 3.10 | $2,309.50 |
| Jacob R. Bothamley | Associate | $405.00 | 0.10 | $40.50 |
| Jeremy B. Freedman | Associate | $445.00$465.00 | 59.80 | $27,077.00 |
| Jessica M. Lavin | Associate | $375.00 | 5.80 | $2,175.00 |
| Lexi J. Epley | Associate | $420.00 | 3.90 | $1,638.00 |
| Matthew J. Stockl | Associate | $480.00 | 0.70 | $336.00 |
| | | TOTALS | 106.30 | $53,677.50 |

**b.      Services Rendered**

On March 26, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against Marich Bein, LLC, BankUnited, N.A. among others pursuant to this Court's order dismissing Marich Bein and BankUnited from the 1046 Action. Marich Bein in conjunction with BankUnited processed ACH debits on LPG files and entered into fraudulent ACH receivable purchase agreements with LPG pre-petition as part of Diab's fraudulent scheme to defraud LPG creditors. When this relationship deteriorated, Marich Bein withheld substantial LPG asset for which the Trustee seeks to recover. Marich Bein and BankUnited have filed an answer and the parties have exchanged initial disclosures. The remaining defendants have not formally responded to the Complaint. As to these defendants, Applicant on behalf of the Trustee intends to seek entry of default.

In relation to the secured creditor litigation (matter #63 below) on March 15, 2024, the Court entered an order as Dkt. No. 1030, approving the stipulation between the Trustee and Marich Bein whereby Marich Bein consented to the Trustee filing a termination of the UCC Statement. Marich Bein's $22,304,093.25 alleged claim will thus be unsecured moving forward, subject to objection and further investigation by the Applicant into the transactions as alleged in the adversary complaint filed by the Trustee against Marich Bein and Bank United, et al, Dkt. No. 1068.

**24.      Adv. Case No. 24-1004 (Point Break Holdings LLC) (143576-27)**

In this category, during the Application Period, Dinsmore billed 25.80 hours for $10,297.50, in overall fees.

**a.      Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $595.00/$610.00 | 4.70 | $2,852.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.10 | $819.50 |
| Bryan L. Cockroft | Associate | $260.00 | 1.40 | $364.00 |
| Paige E. Hornback | Associate | $345.00/$355.00 | 16.70 | $5,906.50 |
| Amy M Childers | Paraprofessional | $245.00 | 0.80 | $196.00 |
| Jamie Herald | Paraprofessional | $145.00 | 1.10 | $159.50 |
| | | **TOTALS** | **25.80** | **$10,297.50** |

///

**b.**      **Services Rendered**

On January 10, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against Point Break Holdings. The Trustee is pursuing actions against Point Break Holdings, LLC related to the Debtor's payments to defendant between March 2022 and March 2023. Trustee's claims include: (1) avoidance, recovery, and preservation of 2 year actual fraudulent transfers; (2) avoidance, recovery, and preservation of 2-year constructive fraudulent transfers' (3) avoidance, recovery, and preservation of 4-year actual fraudulent transfers; (4) avoidance, recovery, and preservation of 4-year construction fraudulent transfers; (5) avoidance, recovery, and preservation of preferential transfer made within 90 days of the petition date; and (6) turnover.  This affiliate is represented by the same counsel as Perfect Financial, and as such, is similarly procedurally postured to that action. The parties have exchanged written discovery, and Applicant is currently determining whether to schedule party depositions or proceed straight to summary judgment. The Trustee is seeking $3,557,704.32 in damages based on the Debtor's payments to defendant between March 2022 and March 2023.

**25.      Adv. Case No. 24-01002 (Clearcube LLC) (143576-28)**

In this category, during the Application Period, Dinsmore billed 83.80 hours for $37,886.50, in overall fees.

**a.      Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 0.50 | $312.5 |
| Sarah S. Mattingly | Partner | $595.00/$610.00 | 17.10 | $10,401.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 14.30 | $10,653.50 |
| Bryan L. Cockroft | Associate | $260.00/$275.00 | 19.80 | $5,367.00 |
| Jessica M. Lavin | Associate | $375.00 | 26.70 | $10,012.50 |
| Spencer K Gray | Associate | $400.00 | 1.40 | $560.00 |
| Jamie Herald | Paraprofessional | $145.00 | 4.00 | $580.00 |
| | | **TOTALS** | **83.80** | **$37,886.50** |

**b.      Services Rendered**

Applicant prepared, filed and served on behalf of the Trustee a complaint against Clearcube LLC on January 10, 2024.  Clearcube did not answer the complaint, therefore the Court has granted

default judgement in favor of the Trustee on June 4, 2024 in the amount of $1,981,549.22.  After the Request for the Clerk to enter Default Judgement was field in February 2024, on April 22, 2024, Applicant prepared, filed and served on behalf of the Trustee a Motion for Default Judgement along with a Memorandum of Points and Authorities.  The hearing was set on the Motion for Default Judgement for May 15, 2024, the Court granted the Motion for Default Judgment against Clearcube. The Court requested that the Trustee file Finding of Facts, which was filed on June 4, 2024 and the Court entered default judgment on June 4, 2024. Since the proof of claim listed in the default judgment was incorrect, the default judgement was amended on June 4, 2024. Currently, Applicant on behalf of Trustee is in the process of collecting the judgement amount from Clearcube.  Applicant is in the process of filing a Writ of Execution to Levy Clearcube's bank accounts.

### 26.    Adv. Case No. 23-1148 (JGW Solutions LLC) (143576-29)

In this category, during the Application Period, Dinsmore billed 71.10 hours for $29,835.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $595.00/$610.00 | 12.60 | $7,675.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 5.10 | $3,799.50 |
| Amy M Childers | Associate | $245.00 | 2.00 | $490.00 |
| Bryan L. Cockroft | Associate | $260.00 | 2.70 | $702.00 |
| Paige E. Hornback | Associate | $355.00 | 47.50 | $16,818.50 |
| Robert J Simmons | eDiscovery Project Manager | $365.00 | 0.8 | $292.00 |
| Jamie Herald | Paraprofessional | $145.00 | 0.4 | $58.00 |
| | | TOTALS | 71.10 | $29,835.50 |

### b.    Services Rendered

On December 18, 2023, Applicant prepared, filed and served on behalf of the Trustee a complaint against JGW Solutions.  The Trustee is pursuing actions against JGW Solutions, LLC related to 5 Accounts receivable Purchase Agreements between JGW and the debtor. Trustee's claims include: (1) avoidance, recovery, and preservation of 2 year actual fraudulent transfers; (2) avoidance, recovery, and preservation of 2-year constructive fraudulent transfers' (3) avoidance, recovery, and preservation of 4-year actual fraudulent transfers; (4) avoidance, recovery, and

preservation of 4-year construction fraudulent transfers; (5) avoidance, recovery, and preservation of

preferential transfer made within 90 days of the petition date; and (6) turnover.  The parties have

exchanged written discovery and Applicant is currently finalizing a motion for summary judgment to

be heard before the Court in or around November 2024. The Trustee is seeking $621,090.91 in

damages based on the Debtor's payments to defendant between March 2022 and March 2023.

### 27.    Adv. Case No. 24-1003 (Perfect Financial LLC) (143576-30)

In this category, during the Application Period, Dinsmore billed 18.80 hours for $7,662.50,

in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $595.00/$610.00 | 4.20 | $2,548.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.50 | $372.50 |
| Adam H. Settle | Associate | $425.00 | 1.10 | $467.50 |
| Paige E. Hornback | Associate | $355.00 | 10.90 | $3,869.50 |
| Amy M Childers | Paraprofessional | $245.00 | 1.00 | $245.00 |
| Jamie Herald | Paraprofessional | $145.00 | 1.10 | $159.50 |
| | | **TOTALS** | **18.80** | **$7,662.50** |

### b.    Services Rendered

On January 10, 2024, Applicant prepared, filed and served on behalf of the Trustee a

complaint against Perfect Financial LLC.  The Trustee is pursuing actions against Perfect Financial,

LLC related to 2 Accounts receivable Purchase Agreements between Perfect Financial and the

debtor. Trustee's claims include: (1) avoidance, recovery, and preservation of 2 year actual

fraudulent transfers; (2) avoidance, recovery, and preservation of 2-year constructive fraudulent

transfers' (3) avoidance, recovery, and preservation of 4-year actual fraudulent transfers; (4)

avoidance, recovery, and preservation of 4-year construction fraudulent transfers; (5) avoidance,

recovery, and preservation of preferential transfer made within 90 days of the petition date; and (6)

turnover. The Trustee's Complaint was filed on 1/10/24. This affiliate is represented by the same

counsel as Point Break Holdings, and as such, is similarly procedurally postured to that action. The

parties have exchanged written discovery, and Applicant is currently determining whether to

schedule party depositions or proceed straight to summary judgment. The Trustee is seeking

$470,187.14 in damages based on the Debtor's payments to defendant between March 2022 and March 2023.

### 28. Spot on Consulting Inc. (143576-31)

In this category, during the Application Period, Dinsmore billed 38.30 hours for $16,245.50, in overall fees.

**a. Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Milton T. Spurlock | Partner | $595.00 | 1.50 | $892.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.20 | $1,639.00 |
| Adam H. Settle | Associate | $425.00 | 1.30 | $552.50 |
| Jonathan B. Serrano | Associate | $395.00/$415.00 | 23.40 | $9,611.00 |
| Paige E. Hornback | Associate | $345.00 | 0.90 | $310.50 |
| Suzanne M. Marino | Associate | $360.00 | 9.00 | $3,240.00 |
| | | TOTALS | 38.30 | $16,245.50 |

**b. Services Rendered**

Applicant is investigating this target as there are a number of agreements and documents that reflect that Spot On may have received avoidable transfers. Applicant is currently drafting a 2004 petition that it will allow it to obtain information needed to determine how to proceed.

### 29. Adv. Case No. 24-01023 (CRI System Inc.) (143576-32)

In this category, during the Application Period, Dinsmore billed 59.20 hours for $25,471.00, in overall fees.

**a. Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $595.00 | 3.20 | $1,904.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 3.80 | $2,831.00 |
| Adam H. Settle | Associate | $425.00 | 2.70 | $1,147.50 |
| Brian J Wood | Associate | $245.00 | 2.90 | $710.50 |
| Jacob R. Bothamley | Associate | $405.00 | 46.10 | $18,670.50 |
| Jonathan B. Serrano | Associate | $415.00 | 0.50 | $207.50 |
| | | TOTALS | 59.20 | $25,471.00 |

///

///

**b.    Services Rendered**

On February 9, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against CRI Systems, Inc.  Defendant did not answer the complaint, therefore Trustee took a default posture.  Defendant received updated transfer amounts from accounts regarding transfers between LPG and CRI, thereafter Applicant prepared, filed and served on behalf of the Trustee an amended complaint to reflect the substantive changes.  The First Amended Complaint encountered greater difficulty in serving due to the fact that CRI was no longer accepting mail at the address listed on the Nevada Secretary of State Website.  Applicant conducted research for alternative addresses for CRI's principal and registered agent, and served the First Amended complaint at that address.  The First Amended Complaint was also not answered.  Applicant prepared, filed and served a request for entry of default and default was entered.  Applicant is in the process of drafting a motion for default judgment in the amount of $536,832.08.

**30.    Vasco Assets LLC (143576-33)**

In this category, during the Application Period, Dinsmore billed 65.40 hours for $27,495.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Milton T. Spurlock | Partner | $595.00 | 3.00 | $1,785.00 |
| Suzanne M. Marino | Partner | $360.00 | 14.40 | $5,184.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.10 | $1,564.50 |
| Adam H. Settle | Associate | $425.00 | 1.00 | $425.00 |
| Jonathan B. Serrano | Associate | $395.00/$415.00 | 44.20 | $18,295.00 |
| Paige E. Hornback | Associate | $345.00/$360.00 | 0.70 | $241.50 |
| | | **TOTALS** | **65.40** | **$27,495.00** |

**b.    Services Rendered**

Applicant is investigating litigation target Vasco through review of documents previously obtained through 2004 application practice.  Applicant is preparing a second 2004 application related to Vasco in an effort to obtain additional clarifying documentation in preparation for drafting an adversary proceeding.

///

**31.    Adv. Case No. 24-01001 (Leucadia Enterprises Inc.) (143576-34)**

In this category, during the Application Period, Dinsmore billed 41.50 hours for $14,041.50, in overall fees.

      **a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00 | 1.70 | $1,045.50 |
| Matthew Tyler Powell | Partner | $575.00 | 0.40 | $230.00 |
| Sarah S. Mattingly | Partner | $595.00/$610.00 | 5.10 | $3,090.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.20 | 894.00 |
| Bryan L. Cockroft | Associate | $260.00/$275.00 | 30.50 | $8,335.00 |
| Amy M Childers | Paraprofessional | $245.00 | 0.70 | $171.50 |
| Jamie Herald | Paraprofessional | $145.00 | 1.90 | $275.50 |
| | | **TOTALS** | **41.50** | **$14,041.50** |

      **b.    Services Rendered**

On January 9, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against Leucadia Enterprises Inc. The case is currently in the discovery stage of litigation. Defendant answered the January Complaint in March after a Motion for the Clerk to enter Default was filed in February 2024. Trustee's counsel granted Leucadia's counsel an extension to file the Answer to the Complaint. A meet and confer with Leucadia's Counsel was held and parties filed a Joint Status Report on April 11, 2024. On May 9, 2024 a Scheduling Order was entered into with the following deadlines:

As of the end of June 2024, discovery requests were being drafted. Leucadia's response deadline to the discovery requests is August 10, 2024. Applicant anticipates to have all discovery reviewed by late August 2024 and any other discovery motions filed by mid to late September 2024. Applicant anticipates at this stage that if no settlement is reached, this case will move forward with a dispositive motion or a trial. Currently no settlement has been offered and not clear if any will be offered at this stage without reviewing any discovery responses.

**32.    PECC/Teng/Touzi/Oakstone (143576-35)**

In this category, during the Application Period, Dinsmore billed 211.10 hours for $107,459.00, in overall fees.

**a.**  **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 42.80 | $26,472.00 |
| Matthew Tyler Powell | Partner | $575.00 | 49.50 | $29,064.50 |
| Sara A Johnston | Partner | $475.00 | 1.70 | $807.50 |
| Yosina M. Lissebeck | Partner | $690.00 | 2.50 | $1,725.00 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | 26.90 | $12,120.50 |
| Jonathan B. Serrano | Associate | $415.00 | 81.30 | $33,739.50 |
| Lexi J. Epley | Associate | $420.00 | 2.30 | $966.00 |
| Brian M. Metcalf | Associate | $650.00 | 3.90 | $2,535.00 |
| Jamie Herald | Paraprofessional | $145.00 | 0.20 | $29.00 |
| | | **TOTALS** | **211.10** | **$107,459.00** |

**b.**  **Services Rendered**

On May 26, 2023, Applicant prepared, filed and served on behalf of the Trustee a complaint against more than forty-five non-debtor entities and individuals including Eng Taing and Touzi Capital, LLC. Upon service of the complaint, counsel for Eng Taing and Touzi Capital, LLC, identified an additional entity, PECC, Corp., also owned and controlled by Eng Taing. Applicant's investigation has uncovered detailed evidence of the scheme to fraudulently transfer LPG assets and ACH receivables Based on Applicant's investigation, review of the evidence and information obtained from other defendants, the Trustee filed a lawsuit initiating Adversary Proceeding No. 8:24-ap-01011-SC as against PECC, among nine other similarly situated defendants for avoidance and recovery among other relief. PECC answered Trustee's complaint on May 17, 2024. Applicant continues its investigation as it related to PECC, Eng Taing and Touzi Capital, LLC.

**33.**  **United Global Research Group, Inc. (143576-36)**

In this category, during the Application Period, Dinsmore billed 25.90 hours for $10,645.00, in overall fees.

**a.**  **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 3.00 | $1,485.00 |
| Spencer K Gray | Associate | $400.00 | 22.90 | $9,160.00 |
| | | **TOTALS** | **25.90** | **$10,645.00** |

**b.**    **Services Rendered**

Applicant is investigating this potential litigation target and reviewing relevant documents in preparation for drafting an adversary complaint. Applicant had informal discovery discussions with United Global in March 2024, and it promised to produce documents. When it failed to provide the relevant documents Applicant attempted to again obtain this through information discussions. However, Applicant ultimately prepared a 2004 application.

**34.**    **MPowering America, LLC (143576-37)**

In this category, during the Application Period, Dinsmore billed 19.00 hours for $8,042.00, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 3.20 | $1,584.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.40 | $298.00 |
| Spencer K Gray | Associate | $400.00 | 15.40 | $6,160.00 |
| | | **TOTALS** | **19.00** | **$8,042.00** |

**b.**    **Services Rendered**

Applicant investigated this potential litigation target and reviewed relevant documents in preparation for drafting an adversary complaint. Applicant further reviewed the proof of claim filed by affiliate provided various agreements. Affiliate agreed to produce documentation by March 26, 2024, but failed to do so. Applicant drafted and sent a final meet and confer request. Applicant analyzed whether it should prepare and serve a 2004 application or draft a complaint based on the information already in the Applicant's possession.

**35.**    **Strategic Consulting Solutions LLC (143576-38)**

In this category, during the Application Period, Dinsmore billed 8.60 hours for $3,781.50, in overall fees.

///

///

///

///

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $595.00 | 1.10 | $654.50 |
| Sara A Johnston | Partner | $495.00 | 0.30 | $148.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.50 | $372.50 |
| Spencer K Gray | Associate | $400.00 | 6.30 | $2,520.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 0.40 | $86.00 |
| | | | **TOTALS** 8.60 | **$3,781.50** |

b.    **Services Rendered**

Applicant investigated this potential litigation target and reviewed relevant documents in preparation for drafting an adversary complaint. Applicant prepared a 2004 application in order to obtain relevant information. Applicant continues to review this matter and anticipates drafting and filing a complaint.

**36.    Sabia Financial Inc. (143576-39)**

In this category, during the Application Period, Dinsmore billed 52.00 hours for $22,024.00, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $575.00 | 1.00 | $575.00 |
| Sara A Johnston | Partner | $495.00 | 10.60 | $5,247.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Vanessa Rodriguez | Associate | $385.00 | 38.60 | $14,861.00 |
| | | | **TOTALS** 52.00 | **$22,024.00** |

b.    **Services Rendered**

Applicant reviewed and analyzed various documents related to Sabia Financial in anticipation for drafting a complaint.  Applicant prepared and sent Sabia a demand, which resulted in communications between the parties.  Discussions with Sabia's counsel did not produce desired results and after reviewing the documentation and files, the adversary complaint is in process.

**37.    BC Consulting Group, LLC (143576-40)**

In this category, during the Application Period, Dinsmore billed 37.60 hours for $15,567.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 3.70 | $1,831.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.90 | $1,415.50 |
| Vanessa Rodriguez | Associate | $385.00 | 32.00 | $12,320.00 |
| | | TOTALS | 37.60 | $15,567.00 |

### b.    Services Rendered

This is a potential litigation defendant, and time devoted through this time period relates to the investigation and where appropriate presentation of facts to the Trustee to support pursuit of an action, and further preparation of a complaint and pre-litigation strategy where appropriate.

### 38.    EZ Debt Relief Inc. (143576-41)

In this category, during the Application Period, Dinsmore billed 43.60 hours for $18,637.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 8.70 | $4,306.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.40 | $298.00 |
| Jacob R. Bothamley | Associate | $405.00 | 33.50 | $13,567.50 |
| Jeremy B. Freedman | Associate | $465.00 | 1.00 | $465.00 |
| | | TOTALS | 43.60 | $18,637.00 |

### b.    Services Rendered

Applicant conducted research and found contact information for EZ Debt's principal. Applicant has been in frequent contact with EZ Debt to learn about the inner workings of EZ Debt, as an LPG affiliate. Applicant counsel is in the process of reviewing the large number of documents received from EZ Debt and anticipates utilizing this information in a complaint.

### 39.    Summit Marketing Solutions Inc. (143576-42)

In this category, during the Application Period, Dinsmore billed 50.00 hours for $20,864.00, in overall fees.

///

///

a.      **Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $575.00 | 0.20 | $115.00 |
| Sara A Johnston | Partner | $495.00 | 6.00 | $2,970.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.20 | $149.00 |
| Jacob R. Bothamley | Associate | $405.00 | 42.90 | $17,374.50 |
| Robert J Simmons | eDiscovery Project Manager | $365.00 | 0.70 | $255.50 |
| | | **TOTALS** | **50.00** | **$20,864.00** |

b.      **Services Rendered**

Applicant has had many informal discussions with Summit's counsel. Applicant negotiated a turnover of important documents such as bank statements and substantive emails between Summit's principal and principals of LPG. Summit documents produced to date have been reviewed and analyzed. Applicant is in the process of obtaining further documentation based on information learned from the in initial production. Applicant is conducting ongoing research to determine transfers from Debtor. Applicant is in the process of preparing a complaint to be filed with information received through the document productions.

**40.     Hi Bar Capital (143576-46)**

In this category, during the Application Period, Dinsmore billed 20.50 hours for $8,827.00, in overall fees.

a.      **Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $595.00 | 2.30 | $1,368.50 |
| Milton T. Spurlock | Partner | $595.00 | 2.10 | $1,249.50 |
| Jonathan B. Serrano | Associate | $395.00 | 11.80 | $4,661.00 |
| Suzanne M. Marino | Associate | $360.00 | 4.30 | $1,548.00 |
| | | **TOTALS** | **20.50** | **$8,827.00** |

b.      **Services Rendered**

Applicant has investigated this potential litigation target and determined that Hi-Bar Capital appears to be related to Azzure (a defendant in the Trustee's Secured Creditor Complaint) As Applicant and Azzure have agreed to mediation, Applicant will include issues related to  Hi-Bar as

1  part of the mediation scheduled for October 28, 2024 between the Trustee, the OCC, and Azzure.

2  IDK

3  **41.    Consumer/Creditor Communications (143576-53)**

4      In this category, during the Application Period, Dinsmore billed 325.50 hours for

5  $138,929.50, in overall fees.

6      **a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00 | 0.20 | $165.00 |
| Jamie D. Mottola | Associate | $370.00/$455.00 | 317.70 | $136,104.50 |
| Robert J Simmons | eDiscovery Project Manager | $350.00 | 7.60 | $2,660.00 |
| | | **TOTALS** | **325.50** | **$138,929.50** |

12      **b.    Services Rendered**

13      Applicant has received thousands of inquiries from various consumer clients.  These

14  consumers reach out to Applicant whenever there is a filing that provides notice to all creditors in an

15  attempt to understand the proceedings.  These consumers reach out to Applicant to obtain help in

16  figuring out where their own client files are, if they were rejected or transferred, how and where to

17  file a proof of claim, and many other questions.  Applicant put a lower billing associate in charge of

18  assisting with putting together a Frequently Asked Questions supplement for Omni to put on its web

19  site, and for the associate to better respond to emails.  Applicant believed a lower billing associate

20  should be the person responding to these questions, and not a paralegal or legal assistant because the

21  associate could better address upset consumers, inform them why no legal advice could be provided

22  by the Trustee to these individuals, better explain the proceedings taking place, and generally

23  provide them with assistance on how to best move forward with their issues.

24      **42.    Azzure Capital LLC (143576-54)**

25      In this category, during the Application Period, Dinsmore billed 65.80 hours for $37,079.00,

26  in overall fees.

27  ///

28  ///

### a.      Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 6.80 | $5625.00 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 25.90 | $15,404.50 |
| Peter A. Draugelis | Partner | $665.00 | 3.20 | $2,128.00 |
| Robert A. Linn | Partner | $515.00 | 20.40 | $10,506.00 |
| Sara A Johnston | Partner | $495.00 | 0.50 | $247.50 |
| Yosina M. Lissebeck | Partner | $690.00 | 1.00 | $690.00 |
| Vanessa Rodriguez | Associate | $315.00 | 7.60 | $2,394.00 |
| Katherine Hemphill | Paraprofessional | $210.00 | 0.40 | $84.00 |
| | | TOTALS | 65.80 | $37,079.00 |

### b.      Services Rendered

Azzure Capital has asserted a claim in the amount of $5M.  Applicant advised the Trustee related to a negotiated settlement with Azzure that was initially approved by the Court, but reconsidered and denied.  The OCC, and other secured creditors did not support the settlement and wanted to object to Azzure's claim.  OHP filed a lawsuit (described above) that included Azzure and the Trustee.  The Trustee's secured litigation also included Azzure as a defendant (matter #63).  The Trustee has agreed to go to mediation with Azzure Capital. In the meantime, Azzure Capital has agreed to release its $5 million lien from money that is to be paid upon effective date in exchange for a replacement lien on litigation proceeds. This agreement has been reduced to a stipulation.  .

### 43.      Diverse Capital LLC (143576-55)

In this category, during the Application Period, Dinsmore billed 4.10 hours for $2,439.50, in overall fees.

### a.      Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $595.00 | 4.10 | $2,439.50 |
| | | TOTALS | 4.10 | $2,439.50 |

### b.      Services Rendered

Diverse Capital is a defendant in the secured creditor litigation that Applicant prepared and filed (matter #63).  Applicant did some preliminary investigating into the alleged secured lien that Diverse asserted.  Applicant had several discussions with Diverse' s counsel related to its claims and

reviewed various documents produced. The balance of the time associated with Diverse is in matter #63.

**44.** **MCDVI Fund 2 LLC, MCDVI Fund 2, LLC, Debt Validation Fund II, LLC, Venture Partners, LLC and ProofPositive (143576-57)**

In this category, during the Application Period, Dinsmore billed 2.30 hours for $1,428.50, in overall fees.

a. **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $595.00 | 1.90 | $1,130.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.40 | $298.00 |
| | | **TOTALS** | **2.30** | **$1,428.50** |

b. **Services Rendered**

These defendants are all in the secured creditor litigation that Applicant prepared and filed (matter #63). Applicant did some preliminary investigating into the alleged secured liens that these parties asserted. Applicant had several discussions with the parties counsel related to its claims and reviewed various documents. The balance of the time associated with these parties is in matter #63.

**45.** **MNS Funding LLC (143576-58)**

In this category, during the Application Period, Dinsmore billed 14.90 hours for $9,349.50, in overall fees.

a. **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 2.10 | $1,753.50 |
| Matthew Tyler Powell | Partner | $575.00/$795.00 | 12.80 | $7,596.00 |
| | | **TOTALS** | **14.90** | **$9,349.50** |

b. **Services Rendered**

MNS is a defendant in the secured creditor litigation that Applicant prepared and filed (matter #63). Applicant did some preliminary investigating into the alleged secured lien that MNS

///

asserted.  Applicant had several discussions with MNS's counsel related to its claims and reviewed various documents produced. The balance of the time associated with MNS is in matter #63.

46.     **OHP-CDR, LP (143576-62)**

In this category, during the Application Period, Dinsmore billed 12.20 hours for $7,375.00, in overall fees.

a.     **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 5.90 | $3,664.50 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 6.30 | $3,710.50 |
| | | TOTALS | 12.20 | $7,375.00 |

b.     **Services Rendered**

OHP filed a lawsuit against the Trustee and Azzure, which Applicant prepared and filed a counter-claim in.  Thus, most of the time associated with OHP is in matter # 20 Applicant did some preliminary investigating into the alleged secured lien that OHP asserted.  Applicant had several discussions with OHP's counsel related to its claims and reviewed various documents produced. The balance of the time associated with OHP is in matter #20.

47.     **Adv. Case No. 24-1001 - Secured Creditor Liquidation (143576-63)**

In this category, during the Application Period, Dinsmore billed 502.60 hours for $294,054.50, in overall fees.

a.     **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 0.70 | $437.50 |
| Christopher Celentino | Partner | $825.00/$835.00 | 18.70 | $15,590.50 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 198.50 | $117,561.50 |
| Robert A. Linn | Partner | $545.00 | 11.40 | $6,168.00 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 153.90 | $114,309.00 |
| Jonathan B. Serrano | Associate | $415.00 | 59.20 | $24,568.00 |
| Vanessa Rodriguez | Associate | $385.00 | 14.40 | $5,544.00 |
| Caron Burke | Paraprofessional | $225.00 | 2.90 | $652.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 42.90 | $9,223.50 |
| | | TOTALS | 502.6 | $294,054.50 |

**b.        Services Rendered.**

On January 26, 2024  Applicant, and general counsel, prepared, filed and served on behalf of the Trustee a complaint against secured parties seeking, inter alia, declaratory judgment as to validity of their secured interests.  Bridge Funding CAP, LLC d/b/a/ Fundura Capital, MNS Funding, LLC, Azzure Capital LLC, Diverse Capital, LLC, PECC Corp, Marich Bein, Proof Positive LLC, MC DVI Fund 1 LLC, MC DVI Fund 2 LLC, Debt Validation Fund II LLC, Venture Partners LLC,   all have been named as defendants in the adversary 8:24-ap-01011-SC ("Secured Creditor Adversary").The following is the status of Applicant's efforts and the Trustee's resolution with various defendants in the Secured Creditor Adversary:

Applicant on behalf of the Trustee has been able to settle with Proof Positive/MCDVI Funds 1 and 2/Debt Validation Fund II/Venture Partners – who agreed to its lien being avoided – thereby reducing $68,000,000 from the secured list.

On March 15, 2024, the Court entered an order [Dkt. No. 1030], approving the stipulation between the Trustee and Marich Bein whereby Marich Bein consented to the Trustee filing a termination of the UCC Statement. Marich Bein's $22,304,093.25 alleged secured claim will thus be unsecured moving forward, subject to objection and further investigation by Applicant into the transactions as alleged in the adversary complaint filed by Applicant on behalf of the Trustee against Marich Bein and Bank United, et al, Dkt. No. 1068; 8:24-ap-01040-SC.

On February 7th and 8th, the Bankruptcy Court entered two orders [Adv. Dkt. No. 10 & 12] setting a pretrial conference and requiring the Plaintiffs to submit briefing and evidence in support of their secured status. Most defendants complied, Applicant reviewed those responses and prepared detailed status reports for each defendant, as instructed by the Court [Adv. Dkt Nos. 66-73). The pretrial conference took place on April 22, 2024. Applicant attended and argued at the hearing. Over the course of the litigation, the parties also met and prepared various Joint Status Reports. Further, the parties continuously exchanged information and continued to be open to settlement.  On June 18, 2024 [Adv. Dkt No. 104] Applicant prepared, filed and served a Motion for Summary

///

///

Judgment on Count Two of the Trustee's Counterclaim against PECC. The Hearing was set for July 31, 2024.[15]

**48.    Adv. Case No. 24-1080 (BMF Advance LLC) (143576-64)**

In this category, during the Application Period, Dinsmore billed 82.40 hours for $45,177.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | 70.20 | $38,259.00 |
| Matthew Tyler Powell | Partner | $595.00 | 2.50 | $1,487.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 3.40 | $2,533.00 |
| Veneeta Jaswal | Associate | $460.00 | 6.30 | $2,898.00 |
| | | **TOTALS** | **82.40** | **$45,177.50** |

**b.    Services Rendered**

On May 16, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against BMF Advance, LLC. BMF was a Merchant Cash Advance lender, and the complaint alleges six causes of action: Two claims for the avoidance, recovery and preservation of 2-year actual fraudulent transfers; Two claims for the avoidance, recovery and preservation of 4-year actual fraudulent transfers; Avoidance, recovery and preservation of preferential transfer made within 90 days of the petition date; and turnover.  The complaint seeks to recover $2,775,541.99.  Defendant's response is due July 2, 2024.  The parties will then meet and confer, prepare a joint status report and engage in discovery, both written and depositions.

**49.    City Capital (143576-65)**

In this category, during the Application Period, Dinsmore billed 12.00 hours for $7,688.00, in overall fees.

///

///

---

[15] This Application only seeks fees through June 30, 2024.  However, as of the date of filing this application, the PECC Summary Judgment Motion was heard and granted in favor of the Trustee. Further, Applicant filed Summary Judgment Motions against Diverse and Bridge as well. A settlement was entered with Diverse, and the Court granted the Trustee's Motion against Bridge. Finally, a settlement agreement was entered into with MNS and Azzure Capital agreed to go to mediation.  All this will be more fully described in Applicants next fee application.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 2.30 | $1,362.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 8.00 | $5,960.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 1.70 | $365.50 |
| | | TOTALS | 12.00 | $7,688.00 |

### b.    Services Rendered

On March 26, 2024, as Dkt. No. 1069, the Court approved the stipulation negotiated and prepared by Application, between the Trustee and City Capital whereby City Capital released $2,950,000 from the secured list. Thereafter, City Capital's claim was allowed, as an unsecured claim against the Debtor in the amount of $365,500.

### 50.    Clearfund Solution, LLC / Cloudfund, LLC (143576-66)

In this category, during the Application Period, Dinsmore billed 18.10 hours for $11,879.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 1.20 | $894.00 |
| Brian M. Metcalf | Associate | $650.00 | 16.90 | $10,985.00 |
| | | TOTALS | 18.10 | $11,879.00 |

### b.    Services Rendered

Debtor's records indicate that within the avoidance period, this litigation target received $486,331. Applicant is investigating the litigation target, collecting materials and reviewing documents in preparation for a possible adversary proceeding.

### 51.    *Adv. Case No. 24-1090 (Cobalt Funding Solutions, LLC) (143576-67)*

In this category, during the Application Period, Dinsmore billed 95.70 hours for $50,577.50, in overall fees.

///

///

///

70

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | 73.60 | $40,112.00 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 11.40 | $6,749.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Jamie D. Mottola | Associate | $455.00 | 0.70 | $318.50 |
| Veneeta Jaswal | Associate | $460.00 | 1.20 | $552.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 7.00 | $1,505.00 |
| | | **TOTALS** | 95.70 | $50,577.50 |

### b.    Services Rendered

On June 18, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against Cobalt Funding Solutions, LLC.  Cobalt was a Merchant Cash Advance lender, and the complaint alleges six causes of action: Two claims for the avoidance, recovery and preservation of 2-year actual fraudulent transfers; Two claims for the avoidance, recovery and preservation of 4-year actual fraudulent transfers; Avoidance, recovery and preservation of preferential transfer made within 90 days of the petition date; and turnover.  The complaint seeks to recover $4,552,150.00. Defendant's response is due August 1, 2024. The parties will then meet and confer, prepare a joint status report engage in discovery, both written and depositions.

### 52.    Everyday Funding Group (143576-68)

In this category, during the Application Period, Dinsmore billed 18.70 hours for $12,155.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Brian M. Metcalf | Associate | $650.00 | 18.70 | $12,155.00 |
| | | **TOTALS** | 18.70 | $12,155.00 |

### b.    Services Rendered

Everyday was a Merchant Cash Advance lender that sued the Debtor in NY State Court in August 2021.  The suit was filed to enforce a June 2021 merchant cash advance agreement where it allegedly purchased approximately $1.5M in future AR from the Debtor for a gross purchase price of $1M.  The suit sought a judgment of less than $200,000 because the Debtor had repaid the balance.

This lawsuit was settled in late 2021.  Applicant on behalf of the Trustee is continuing to review the Debtor's transactions with Everyday and other MCA lenders that may be related to Everyday.

### 53.  Franklin Capital Management LLC (143576-69)

In this category, during the Application Period, Dinsmore billed 4.90 hours for $3,147.50, in overall fees.

#### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $575.00 | 0.50 | $287.50 |
| Brian M. Metcalf | Associate | $650.00 | 4.40 | $2,860.00 |
| | | TOTALS | 4.90 | $3,147.50 |

#### b.  Services Rendered

Applicant investigated Franklin's relationship with Debtor due to a UCC Statement filed against the Debtor that remained unreleased as of the Petition Date.  Applicant's investigation so far indicates that the filing was made prospectively in advance of a potential transaction that never closed.

### 54.  Green Fund NY (143576-70)

In this category, during the Application Period, Dinsmore billed 5.50 hours for $3,575.00, in overall fees.

#### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Brian M. Metcalf | Associate | $650.00 | 5.50 | $3,575.00 |
| | | TOTALS | 5.50 | $3,575.00 |

#### b.  Services Rendered

Debtor's records indicate that within the avoidance period, this litigation target received $199,801. Applicant is investigating the litigation target, collecting materials and reviewing documents in preparation for a possible adversary proceeding.

///

///

**55.**    <u>**Kevlar Capital LLC (143576-71)**</u>

In this category, during the Application Period, Dinsmore billed .50 hours for $272.50, in overall fees.

**a.**    <u>**Time Keeper Breakdown**</u>

| FEES | | | | |
|------|------|------|------|------|
| <u>NAME</u> | <u>TITLE</u> | <u>RATE</u> | <u>HOURS</u> | <u>TOTAL FEES</u> |
| John H. Stephens | Partner | $545.00 | .50 | $272.50 |
| | | **TOTALS** | .50 | $272.50 |

**b.**    <u>**Services Rendered**</u>

Kevlar is another entity that had a UCC-1 of record against the Debtor as of the Petition Date pursuant to a merchant cash advance agreement.  Applicant, with general counsel, was able to obtain a release of the UCC-1 through the preparation of a 3012 Motion, although Kevlar was no longer operating.  The Trustee is continuing to investigate the Debtor's transactions with Kevlar to determine whether additional litigation is needed

**56.**    <u>**Stratcap Management LLC (143576-72)**</u>

In this category, during the Application Period, Dinsmore billed 18.00 hours for $10,623.00, in overall fees.

**a.**    <u>**Time Keeper Breakdown**</u>

| FEES | | | | |
|------|------|------|------|------|
| <u>NAME</u> | <u>TITLE</u> | <u>RATE</u> | <u>HOURS</u> | <u>TOTAL FEES</u> |
| John H. Stephens | Partner | $545.00 | 0.40 | $218.00 |
| Matthew Tyler Powell | Partner | $595.00 | 1.20 | $702.00 |
| Brian M. Metcalf | Associate | $650.00 | 12.20 | $7,930.00 |
| Jeremy B. Freedman | Associate | $445.00 | 1.00 | $445.00 |
| Jonathan B. Serrano | Associate | $575.00 | 3.20 | $1,328.00 |
| | | **TOTALS** | **18.00** | **$10,623.00** |

**b.**    <u>**Services Rendered**</u>

Stratcap was an entity formed by an insider of the Debtor that executed AR Purchase Agreements with the Debtor.  The validity of these agreements is in question.  Stratcap also filed a UCC-1 statement against the Debtor pursuant to these agreements.  Applicant, with general counsel,

///

73

was able to obtain a release of the UCC-1 through the preparation of a 3012 Motion. Applicant continues to investigate the details of these insider transactions.

**57.    World Global Fund LLC (143576-73)**

In this category, during the Application Period, Dinsmore billed 7.30 hours for $4,107.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 0.80 | $500.00 |
| John H. Stephens | Partner | $545.00 | 3.20 | $1,744.00 |
| Matthew Tyler Powell | Partner | $575.00/$595.00 | 1.50 | $882.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.60 | $447.00 |
| Jeremy B. Freedman | Associate | $445.00 | 1.20 | $534.00 |
| | | **TOTALS** | **7.30** | **$4,107.50** |

**b.    Services Rendered**

Debtor's records indicate that within the avoidance period, this litigation target received $850,000. Applicant is investigating the litigation target, collecting materials and reviewing documents in preparation for a possible adversary proceeding.

**58.    Ace Funding Source LLC (143576-74)**

In this category, during the Application Period, Dinsmore billed 9.20 hours for $3,818.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Jonathan B. Serrano | Associate | $415.00 | 9.20 | $3,818.00 |
| | | **TOTALS** | **9.20** | **$3,818.00** |

**b.    Services Rendered**

Ace was a merchant cash advance lender that sued the Debtor in NY State Court. Applicant prepared a Rule 2004 motion based on the information in the complaint, but counsel has not filed the motion yet and is evaluating all options.

///

///

59.    **Herret Credit Consultants (143576-75)**

In this category, during the Application Period, Dinsmore billed 60.30 hours for $29,705.50, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 0.80 | $668.00 |
| Sarah S. Mattingly | Partner | $610.00 | 1.30 | $793.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.20 | $1,639.00 |
| Jeremy B. Freedman | Associate | $465.00 | 0.80 | $372.00 |
| Matthew J. Stockl | Associate | $480.00 | 53.10 | $25,488.00 |
| Paige E. Hornback | Associate | $355.00 | 2.10 | $745.50 |
| | | **TOTALS** | **60.30** | **$29,705.50** |

b.    **Services Rendered**

Applicant Reviewed emails in connection with the investigation of potential avoidance claims.  Applicant engaged in discussions with general counsel and Herret's counsel regarding basis for Herret's administrative priority claim and benefit to the estate of commissions purportedly owed under Independent Contractor Agreement.  Applicant formed strategy in preparation for drafting adversary complaint, including claims under sections 502(d) and (j), 542, 544(b), 547, 548, 549, 550, and 551 of the Bankruptcy Code and corresponding claims under Cal Civ. Code sections 3439.04(a), 3439.05 and 3439.07.

60.    **Greyson/Han Trinh (143576-76)**

In this category, during the Application Period, Dinsmore billed 768.00 hours for $388,745.50, in overall fees.

///

///

///

///

///

///

///

75

### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 161.60 | $100,671.00 |
| Christopher Celentino | Partner | $825.00/$935.00 | 39.80 | $33,348.00 |
| John H. Stephens | Partner | $545.00 | 0.30 | $163.50 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 2.20 | $1,611.50 |
| Brian M. Metcalf | Associate | $650.00 | 1.00 | $650.00 |
| Gina Kripotos | Associate | $420.00 | 0.70 | $294.00 |
| Jacob R. Bothamley | Associate | $405.00 | 95.00 | $38,475.00 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | 417.90 | $193,273.50 |
| Jonathan B. Serrano | Associate | $415.00 | 37.30 | $15,479.50 |
| Lexi J. Epley | Associate | $385.00/$420.00 | 12.20 | $4,938.50 |
| | | TOTALS | 768.00 | $388,745.50 |

### b. Services Rendered

On May 26, 2023, Applicant prepared, filed and served on behalf of the Trustee a suit against more than forty-five non-debtor entities and individuals including Han Trinh and Phuong ("Jayde") Trinh, Case No. 8:23-ap-1046-SC ("1046 Action"). Greyson was formed for the purpose of syphoning LPG's primary asset, its attorney network.  It accomplished this task by increasing the rates charged for the same LPG attorneys by nearly 200% or more, which amounts were to be paid from ACH debits on LPG's clients fraudulently transferred to Phoenix and controlled by Prime Logix. The purpose of this scheme was to avoid what this Court has held to be one of, if not the most important protections afforded to consumer clients related to debt relief services, placing client funds in a client trust account until earned. See Bankr. Dkt. No. 1545 at 5:11-13. Greyson misappropriated LPG's proprietary information, including but not limited to its client relationship management software (LUNA), legal agreements, employee handbooks and training materials.

As a result of the Court' Temporary Restraining Order ("TRO") [1046 Adv. Dkt. 13] and subsequent Preliminary Injunction [1046 Adv. 70], Applicant has been diligently reviewing and categorizing the evidence received. , As it related to Greyson, the TRO and Preliminary Injunction provided ample evidence to suggest that Greyson has continued the criminal enterprise this Court has found Diab and LPG to have committed. See Bankr. Dkt. No. 1545 at 3:11-13.

In an effort to harm the Estate, Greyson, Han Trinh and their attorney of record embarked on path that had Applicant reviewing and responding to multiple communication, briefs, and motions,

including but not limited to: 1) Greyson's Motion to Vacate the Preliminary Injunction [1046 Adv. Dkt. No. 290]; Motion to Dismiss the Third Amended Complaint after having already answered the Trustee's Second Amended Complaint [1046 Adv. Dkt. No. 513] ; Han Trinh's Motion for a Protective Order that resulted in the award of monetary sanctions [1046 Adv. Dkt. No. 403]; Greyson's Motion for Administrative Claim [Bankr. Dkt. No. 676]; Han Trinh's Motion for Administrative Claim [Bankr. Dkt. No. 674]; Jayde Trinh's Motion for Administrative Claim [Bankr. Dkt. No. 675]; Greyson, Han and Jayde Trinh's Motion to Un-continue the Court's order Continuing the hearing on Greyson, Han and Jayde Trinh's Motions for Administrative claims [Bankr. Dkt. No. 1335]; Greyson's Motion to Compel the Production of a Contract between Greyson and Phoenix that does not exist [1046 Adv. Dkt. No. 515]; and Greyson's Motion re Evidentiary Objections to the Marshack Declaration regarding the non-existent Greyson – Phoenix contract [1046 Dkt. No. 573], among other filings. In this regard, a substantial portion of the Court's docket in the 1046 Action relates to Greyson's motion practice.  None of these motions have been granted by the court.

In light of the evidence, Trustee plans to move for summary judgment as against Greyson and file a new adversary proceeding against Han and Jayde Trinh. As seen by the Applicant's time invoices, matter #126 was also opened to enter time related to Greyson.  Moving forward these matters will be combined.

**61.** **Han Trinh and Jayde Trinh (143576-77)**

In this category, during the Application Period, Dinsmore billed 30.70 hours for $15,107.50, in overall fees.

**a.** **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 10.50 | $6,518.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.50 | $1,117.50 |
| Jeremy B. Freedman | Associate | $465.00 | 1.30 | $604.50 |
| Lexi J. Epley | Associate | $420.00 | 17.40 | $6,867.00 |
| | | **TOTALS** | **30.70** | **$15,107.50** |

///

///

**b.    Services Rendered**

On May 26, 2023, Applicant prepared, filed and served on behalf of the Trustee a suit against more than forty-five non-debtor entities and individuals including Han Trinh and Phuong ("Jayde") Trinh, Case No. 8:23-ap-1046-SC ("1046 Action"). Han and Jayde Trinh were employees of LPG, as well as non-debtor entities Oakstone, Greyson Law, PC and Greyson Law Center, PC. In order to avoid the expenditure of Estate resources on motion practice, to avoid a threatened motion to dismiss, Applicant on behalf of the Trustee stipulated to a dismissal of Han and Jayde Trinh without prejudice subject to further investigation and on condition they remain bound by the Preliminary Injunction to the extent applicable. Based on the Court's Temporary Restraining Order and subsequent Preliminary Injunction, documents were turned over to the Applicant. After review of the evidence, motion practice, discovery, including but not limited to the depositions of Bradford Lee and Han Trinh, and as detailed in the record provided to the Court in opposition to Greyson's Motion to Vacate the Preliminary Injunction and supporting evidence [1046 Adv. Dkt. No. 290, 325, and 493], Han and Jayde Trinh were intimately involved with Diab in conceiving and implementing the Ponzi scheme and fraudulent transfer of LPG's assets. A finding this Court has recently made in its orders denying: 1) Greyson's Motion to Vacate the Preliminary Injunction [Dkt. No. 601]; 2) Greyson' Motion for Administrative Claim [Bankr. Dkt. No. 1546]; 3) Han Trinh's Motion for an Administrative Claim [Bankr. Dkt. No. 1548]; and 4) Phuong (aka Jayde) Trinh's Motion for Administrative Claim [Bankr. Dkt. No. 1547]. Based on the Trustee's continued investigation and the evidence obtained after dismissing Han and Jayde Trinh, Applicant on behalf of the Trustee intends to initiate a new adversary proceeding for recovery as to these individuals.

**62.    Debt Resolution Direct (143576-78)**

In this category, during the Application Period, Dinsmore billed 3.50 hours for $962.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan L. Cockroft | Associate | $275.00 | 3.50 | $962.50 |
| | | **TOTALS** | 3.50 | $962.50 |

**b.      Services Rendered**

Currently Applicant is investigating and analyzing documents related to the alleged LPG affiliate Debt Resolution Direct. Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with Debt Resolution Direct Applicant will draft an adversary proceeding complaint related to fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint in September.

**63.      Gofi Finance / Gofi, LLC (143576-79)**

In this category, during the Application Period, Dinsmore billed 13.60 hours for $5,814.00, in overall fees.

**a.      Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 0.90 | $670.50 |
| Jacob R. Bothamley | Associate | $405.00 | 12.70 | $5,143.50 |
| | | **TOTALS** | **13.60** | **$5,814.00** |

**b.      Services Rendered**

On March 26, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against GoFi, LLC, among other defendants including Marich Bein, LLC, BankUnited, N.A. and Lisa Cohen. The case number for this adversary proceeding is 8:24-ap-01040-SC ("1040 Action"). Based on Applicant's investigation, Marich Bein diverted substantial amounts of money due to LPG to GoFi.  Applicant has made several attempts at serving GoFi with the Complaint. In light of GoFi's attempt to hide and abscond with the funds received from Marich Bein, Applicant is investigating the best way to proceed with claims against these defendants.

**64.      United Debt Consultants (143576-80)**

In this category, during the Application Period, Dinsmore billed 7.70 hours for $2,117.50, in overall fees.

///

///

///

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan L. Cockroft | Associate | $275.00 | 7.70 | $2,117.50 |
| | | TOTALS | 7.70 | $2,117.50 |

b.    **Services Rendered**

Currently Applicant is investigating and analyzing documents related to alleged LPG affiliate United Debt Consultants. Based on the bank statements, affiliate agreements, accounts receivable purchase agreements with United Debt Consultants, Applicant is drafting an adversary proceeding complaint based on alleged fraudulent transfers received by United Debt Consultants in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint in September.

65.    **Platinum Capital Consulting, LLC (143576-81)**

In this category, during the Application Period, Dinsmore billed 24.10 hours for $8,211.50, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 7.20 | $3,564.00 |
| Bryan L. Cockroft | Associate | $275.00 | 16.90 | $4,647.50 |
| | | **TOTALS** | **24.10** | **$8,211.50** |

b.    **Services Rendered**

As of June 2024, Applicant is investigating and analyzing documents related to alleged LPG affiliate Platinum Capital Consulting. Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with Platinum Capital Consulting, Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Platinum Capital Consulting in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint.

///

///

**66.**    **Adv. Case No. 24-1068 (Arash Asante Bayrooti) (143576-85)**

In this category, during the Application Period, Dinsmore billed 97.30 hours for $52,111.50, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 29.10 | $18,052.50 |
| Christopher Celentino | Partner | $835.00 | 3.40 | $2,839.00 |
| Matthew Tyler Powell | Partner | $575.00$/595.00 | 20.30 | $11,938.50 |
| Sara A Johnston | Partner | $475.00 | 1.80 | $855.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.50 | $3,352.50 |
| Jacob R. Bothamley | Associate | $405.00 | 2.90 | $1,174.50 |
| Jeremy B. Freedman | Associate | $465.00 | 0.60 | $275.00 |
| Jonathan B. Serrano | Associate | $395.00 | 11.10 | $4,384.50 |
| Lexi J. Epley | Associate | $385.00 | 0.50 | $192.50 |
| Matthew J. Stockl | Associate | $480.00 | 15.40 | $7,392.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 7.70 | $1,655.50 |
| | | **TOTALS** | **97.30** | **$52,111.50** |

**b.**    **Services Rendered**

On April 19, 2024, Applicant prepared, filed and served on behalf of the Trustee a suit against Arash Asante Bayrooti to recover a single payment of approximately $5.9M from the Debtor to him in September 2022.  The case number for this adversary proceeding is 8:24-ap-1068.  The state purpose for the payment was to fund Mr. Diab's purchase of Mr. Bayrooti's ownership interest in an unrelated company.

If Mr. Bayrooti fails to answer a default judgment will be sought.  If Mr. Bayrooti answers, the Trustee will pursue a motion for summary judgment as there is little dispute to the legal and factual issues.[16]

**67.**    **Consumer Law Group, PC/Feig (143576-88)**

In this category, during the Application Period, Dinsmore billed 143.20 hours for $69,411.00, in overall fees.

---

[16] This application is for time billed as of June 30, 2024.  Defendant's answer is due in July. Further, On August 15, 2024, the Court granted the Trustee a prejudgment writ of attachment and temporary protective order making a finding that the Trustee established probably validity that the estate will prevail on its avoidance claims exceeding $5 million.  However, Applicant will describe these action in its next Fee Application.

### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/625.00 | 28.10 | $17,415.50 |
| Matthew Tyler Powell | Partner | $575.00 | 7.00 | $4,025.00 |
| Milton T. Spurlock | Partner | $595.00 | 15.70 | $9,341.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 10.30 | $7,646.00 |
| Gina Kripotos | Associate | $420.00 | 0.10 | $42.00 |
| Jacob R. Bothamley | Associate | $405.00 | 0.30 | $121.50 |
| Jeremy B. Freedman | Associate | $465.00 | 4.20 | $1,953.00 |
| Jonathan B. Serrano | Associate | $415.00 | 14.30 | $5,934.50 |
| Matthew J. Stockl | Associate | $480.00 | 1.50 | $720.00 |
| Suzanne M. Marino | Associate | $360.00 | 61.70 | $22,212.00 |
| | | **TOTALS** | **143.20** | **$69,411.00** |

### b.  Services Rendered

On May 26, 2023, Applicant prepare, filed and served on behalf of the Trustee a suit against more than forty-five non-debtor entities and individuals including CLG initiating the main adversary proceeding, Case No. 8:23-ap-1046-SC ("1046 Action"). CLG responded to the complaint and the parties met and conferred.  The parties initially entered into a settlement agreement to resolve various issues related to the transfer of client files to CLG and amounts CLG owed the Debtor. However, the 9019 motion was ultimately withdrawn.  The parties continue to disclose information and Applicant has now reviewed numerous documents and agreements related to the various transactions.

### 68.  Revolv3, Inc. (143576-89)

In this category, during the Application Period, Dinsmore billed 12.30 hours for $5,651.50, in overall fees.

### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00 | 0.40 | $330.00 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | 11.90 | $5,321.50 |
| | | **TOTALS** | **12.30** | **$5,651.50** |

///

///

### b.    Services Rendered

On May 26, 2023, Applicant prepare, filed and served on behalf of the Trustee a suit against more than forty-five non-debtor entities and individuals including Revolv3 initiating the main adversary proceeding, Case No. 8:23-ap-1046-SC ("1046 Action"). Revolv3 was served with the Complaint, however, failed to respond. As a result, the Trustee requested the Court enter default against Revolv3. On September 6, 2023, the Court entered default as against Revolv3. (1046 Dkt. No. 180). Notwithstanding Applicant has continued to investigate Revolv3's involvement in pre and post-petition ACH transactions on LPG clients and damages to the Estate in order to seek default judgment. Applicant is further investigating key principals of Revolv3 in order to evaluate whether to name them as defendants given the Revolv3's failure to respond to Trustee's Complaint.

### 69.    Teracel Blockchain Fund II LLC (143576-91)

In this category, during the Application Period, Dinsmore billed 6.20 hours for $3,032.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00 | 0.60 | $369.00 |
| Milton T. Spurlock | Partner | $595.00 | 2.10 | $1,249.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 0.40 | $298.00 |
| Suzanne M. Marino | Associate | $360.00 | 3.10 | $1,116.00 |
| | | TOTALS | 6.20 | $3,032.50 |

### b.    Services Rendered

Applicant is investigating litigation target Teracel through review of documents and data contained within Debtor's servers and files, and is also investigating the corporate structure and whereabouts of this target in an effort to confirm sufficiency of service of process. While the Court has entered default against this target, Applicant is still working to assess the universe of potential claims related to this target before requesting a set sum from the Court as a default judgment.

### 70.    Worldpay Group / Worldpay, Inc. (143576-92)

In this category, during the Application Period, Dinsmore billed 12.20 hours for $6,788.00, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00/$625.00 | 7.60 | $4,683.00 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | 4.60 | $2,105.00 |
| | | **TOTALS** | **12.20** | **$6,788.00** |

b.    **Services Rendered**

On May 26, 2023, Applicant prepared, filed and served on behalf of the Trustee a suit against more than forty-five non-debtor entities and individuals including Worldpay, Inc. and Worldpay Group initiating the main adversary proceeding, Case No. 8:23-ap-1046-SC ("1046 Action"). On February 12, 2024, Worldpay and Woldpay Group filed their answer to Trustee's operative complaint. (1046 Dkt. No. 395). Based on records produced to the Trustee, Worldpay and Worldpay Group appear to have been previously owned by Defendant Financial Information Systems, Inc. dba FIS ("FIS"). Further that PrimeLogix had fraudulently used LPG's ACH account at FIS / Worldpay / Worldpay Group to process ACH transactions on fraudulently transferred LPG client files post-petition but prior to the Preliminary Injunction at the direction of Tony Diab, Bianca Loli and an agent for Defendant, Revolv3. At least a portion, if not all, of the post-petition funds were directly transferred into Prime Logix's Bank of America account which has since been turned over to the Estate pursuant to the Preliminary Injunction. Trustee has diligently worked with FIS / Worldpay and Worldpay Group who have informally produced substantial records related to ACH transactions processed on former LPG clients post-petition indicated above. Based on the cooperation of FIS and its prior subsidiaries Worldpay and Worldpay Group, the parties have had and continue to engage in discussions regarding potential resolution.

**71.    ACB Holdings, LP (143576-102)**

In this category, during the Application Period, Dinsmore billed 1.00 hours for $595.00, in overall fees.

///

///

///

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $595.00 | 1.00 | $595.00 |
| | | **TOTALS** | **1.00** | $595.00 |

b.    **Services Rendered**

ACB was one the entities that purchased either (i) the right of a marketing affiliate to be paid a share of fees paid to the Debtor from clients that they placed with the Debtor or (ii) paid to acquire the income that the Debtor would earn from one or more sets of client files.  As a result, the Debtor made payments to ACB pursuant to these agreements prior to the Petition Date.  Applicant continues to investigate this potential litigation target to determine if a complaint is warranted.

72.    **Point 69, LLC (143576-119)**

In this category, during the Application Period, Dinsmore billed 3.20 hours for $1,638.00, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $595.00 | 2.50 | $1,487.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 0.70 | $150.50 |
| | | **TOTALS** | **3.20** | **$1,638.00** |

b.    **Services Rendered**

Point 69, LLC was a merchant cash advance lender to the Debtor.  Applicant prepared, filed and served a Motion for Examination of Point 69, LLC Pursuant to Rule 2004 to obtain information about its relationship with the Debtor.  Point 69, LLC did not respond to the subpoena but it remains a litigation target.

73.    **Document Review (143576-122)**

In this category, during the Application Period, Dinsmore billed 65.20 hours for $27,358.50, in overall fees.

///

///

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.30 | $812.50 |
| Christopher Celentino | Partner | $835.00 | 11.50 | $9,602.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.10 | $3,054.50 |
| Matthew J. Stockl | Associate | $480.00 | 14.50 | $6,960.00 |
| Wendy Yones | Paraprofessional | $205.00 | 33.80 | $6,929.00 |
| | | TOTALS | 65.20 | $27,358.50 |

### b.    Services Rendered

Applicant has dedicated resources and personnel to handle the over 100 million documents produced to date to categorize same, make same a searchable database, and analyze the impact of any document on any aspect of the Case.  This is a significant undertaking, and important to the ultimate success of the litigation phase of the Case.

**74.    EIN CAP (143576-123)**

In this category, during the Application Period, Dinsmore billed 17.00 hours for $7,383.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew Tyler Powell | Partner | $575.00 | 1.90 | $1,116.50 |
| Jonathan B. Serrano | Associate | $415.00 | 15.10 | $6,266.50 |
| | | TOTALS | 17.00 | $7,383.00 |

### b.    Services Rendered

Ein Cap, Inc. was one of many merchant cash advance lenders to the Debtor that had sued the Debtor in New York state court.  The Court authorized a Rule 2004 examination of Ein Cap, Inc., but service of the summons could not be completed.  The Trustee continues to investigate the estate's claims against Ein Cap, Inc.

**75.    Greyson (143576-126)**

In this category, during the Application Period, Dinsmore billed 8.60 hours for $3,537.00, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 0.40 | $298.00 |
| Jonathan B. Serrano | Associate | $395.00 | 8.20 | $3,239.00 |
| | | **TOTALS** | **8.60** | **$3,537.00** |

b.    **Services Rendered**

This matter contains a few billing entries for Greyson; However, most of the time is located in matter # 76 above, which also contains the summary of services completed by Applicant for both matters.

**76.    MLG / Mediation (143576-127)**

In this category, during the Application Period, Dinsmore billed 69.80 hours for $50,289.50, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 34.00 | $21,250.00 |
| Christopher Celentino | Partner | $835.00 | 26.90 | $22,461.50 |
| Sara A Johnston | Partner | $495.00 | 0.10 | $49.50 |
| Yosina M. Lissebeck | Partner | $690.00/$745.00 | 8.80 | $6,528.50 |
| | | **TOTALS** | **69.80** | **$50,289.50** |

b.    **Services Rendered**

The Trustee and Applicant and their financial advisors are working closely with MLG to monitor MLG's performance under the terms of the Purchase Agreement and financial issues that may impact the ultimate recovery to the Estate. In the course of these discussions, the Trustee and Applicant have identified several potential points of dispute between the Estate and MLG concerning interpretations of the Purchase Agreement, including: (i) the point at which MLG is required to begin remitting earn-out payments to the Estate; (ii) the basis for the calculation of the earn-out; and (iii) the extent of any applicable offset rights granted to MLG under the Purchase Agreement. The Estate continues to work closely with MLG on these issues and, to the extent the

///

1    Estate is unable to reach a resolution, the Estate will retain all claims under the Purchase Agreement.

2    In the event of a disagreement concerning same, the parties will pursue mediation.

3    **77.    Phoenix Law (143576-128)**

4    In this category, during the Application Period, Dinsmore billed 27.70 hours for $14,801.00,

5    in overall fees.

6    **a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $615.00 | 8.50 | $5,227.50 |
| Christopher Celentino | Partner | $825.00 | 1.70 | $1,402.50 |
| Ellen Arvin Kennedy | Partner | $665.00 | 0.60 | $399.00 |
| Matthew Tyler Powell | Partner | $575.00 | 6.20 | $3,565.00 |
| Tyler J. Mitchell | Partner | $360.00 | 8.70 | $3,132.00 |
| Yosina M. Lissebeck | Partner | $690.00 | 0.80 | $552.00 |
| Gina Kripotos | Associate | $420.00 | 0.60 | $252.00 |
| Jeremy B. Freedman | Associate | $445.00/$465.00 | 0.60 | $271.00 |
| | | **TOTALS** | **27.70** | **$14,801.00** |

14    **b.    Services Rendered**

15    Phoenix was an initial fraudulent conveyance defendant in the Trustee's litigation against

16    LPG, Diab and the co-conspirators.  On July 6, 2023, Applicant on behalf of the Trustee filed a

17    motion [Dkt. No. 176] in the Bankruptcy Case to approve a stipulated judgment with Phoenix Law,

18    PC ("Phoenix") that, among other things, provides a finding that the Debtor's prepetition transfer of

19    approximately 40,000 consumer client files to Phoenix is avoided as a preferential or fraudulent

20    transfer, and providing for the recovery of such consumer client files and related material. The

21    settlement agreement also provided for the dismissal of defendants, William Taylor Carss and Maria

22    Eeya Tan, without prejudice. On August 7, 2023, the Bankruptcy Court entered an order [Dkt. No.

23    365] approving the settlement motion.

**VIII.**

**DETERMINATION OF APPROPRIATE ALLOWANCE OF COMPENSATION**

26    Section 330(a)(1) of the Bankruptcy Code authorizes the Court to award to counsel employed

27    by a debtor-in-possession appointed under section 327 or 1103 "(A) reasonable compensation for

28    ///

1 actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed

2 by any such person; and (B) reimbursement for actual, necessary expenses."

3          When determining the amount of reasonable compensation to be awarded, the court shall

4 consider the nature, extent and value of such services, taking into account all relevant factors,

5 including the factors set forth in Section 330(a)(3).  Relevant factors are discussed in the context of

6 this Case in the following subsections.

7

8          **1.         <u>The Complexity and Difficulty of the Questions Involved and the Skill to</u>**
                  **<u>Perform the Legal Services Properly</u>**
9

10         This Case has been and continues to be an extraordinary and complicated case.  This Case

11 has been heavily contested from day one.  A Case such as this one is ripe with complicated,

12 contested issues. Further, this case has many moving parts, all of which significantly affect each

13 other. It is imperative that the lead attorneys review and supervise all aspects of the case to ensure

14 success.

15         This matter during the Application Period has involved a number of very complex and

16 difficult questions of law, and has presented particularly unique legal issues.  Applicant's complete

17 and thorough review of the facts and law, has allowed Applicant to have a high success rate on

18 motions and matters before the Court in this Case.

19

20         **2.         <u>The Likelihood that the Acceptance of Particular Employment Will Preclude</u>**
                  **<u>Other Employment by the Lawyer</u>**
21

22         The acceptance of this Case by Dinsmore resulted in a substantial time commitment of

23 attorneys over a significant period of time, billing, in the aggregate, 8,807.70 hours of time during

24 the Application Period, excluding paraprofessional time.  Such a large commitment of time to this

25 matter had the effect of precluding other employment.

26 ///

27 ///

28 ///

3.    **The Experience, Reputation and Ability of the Lawyer or Lawyers Performing the Services/Rates for Services**

Dinsmore respectfully submits that it has an outstanding and well-earned reputation for providing legal services of the finest quality in each of the substantive areas involved in this Case. This reputation is fully supported by the qualifications and experience of the individual attorneys and paraprofessionals providing services to this Case. In particular, complex fraud cases like this Case is a specialty focus area of Christopher Celentino, the lead partner in this Case, and along with Yosina Lissebeck and Christopher Ghio – each have well-earned reputations to handling similar complicated matters. Dinsmore believes that the rates it charges for its services are commensurate with the rates charged by other bankruptcy and non-bankruptcy lawyers of similar reputation and qualifications; and in this Case, Applicant has agreed to a reduced rate for such timekeepers not available to the general public. Dinsmore believes that the services that it has performed were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problems, issues and tasks addressed.

4.    **The Time and Labor Required**

Dinsmore expended approximately, in the aggregate, 9,300.30 hours in the Case during the Application Period, utilizing several attorneys and paraprofessionals. The Case has demanded a high level of effort, attention and dedication by those involved. Dinsmore's average hourly rate for all services rendered in the Case during the Application Period is $545.06 per hour, excluding paraprofessional time.

Dinsmore believes that its request for compensation, as modified by the adjustments and rate reductions offered, is fair and reasonable. The request for compensation is based on customary billing rates, with reduced rates utilized for the senior attorneys. Dinsmore submits that Dinsmore's rates are well in line with standard charges by other attorneys practicing in the Southern California community on non-bankruptcy matters. Dinsmore performed necessary professional services and billed pursuant to the terms of employment approved by this Court. All services provided by Dinsmore were necessary and performed for the benefit of the Estate and its creditors in this

///

1    complicated Chapter 11 Case.  Based upon the foregoing, Dinsmore requests that fees and costs be

2    allowed in the full amount of those requested.

3                                                                **IX.**

4                                                      <u>**CONCLUSION**</u>

5              Applicant is proud of its dedication, efforts and results to date in this Case.  For the foregoing

6    reasons, Dinsmore respectfully requests that this Court determine that the amounts requested herein

7    by Dinsmore are allowable and submits that the total amount allowed for fees and full amount

8    allowed for costs should be awarded to Dinsmore.

9              WHEREFORE, Dinsmore respectfully prays for an order providing for the following:

10      **1.**        Allowing and awarding compensation on an interim basis for fees from services

11                     rendered to the Trustee from May 8, 2023 through June 30, 2024 in the amount of

12                     $4,745,825.25 in fees and $57,379.11 in reimbursement of expenses for an aggregate

13                     total of $4,803,204.36.

14      **2.**        Authorizing the Trustee to immediately pay the requested amounts.

15      **3.**        Reserving jurisdiction over any supplemental interim fee applications of Dinsmore.

16      **4.**        Granting such other and further relief as is just and proper.

17    Date: September 3, 2024                          Dinsmore & Shohl LLP

18

19                                                              By: */s/ Christopher Celentino*
                                                                   Christopher Celentino
20                                                                 Yosina M. Lissebeck
                                                                   Special Counsel to the Chapter 11 Trustee,
21                                                                 Richard A. Marshack

22

23

24

25

26

27

28

## <u>DECLARATION OF CHRISTOPHER CELENTINO</u>

I, Christopher Celentino, declare as follows:

**1.**     I am an attorney duly licensed to practice before this Court and the courts of this state.  I am a partner at Dinsmore & Shohl LLP ("Dinsmore"), special counsel to the Chapter 11 Trustee, Richard A. Marshack (the "Trustee") appointed in the above-captioned case.  I am over 18 years old.  If called as a witness, I could and would competently testify to the truth of the following facts, each of which are stated herein of my own personal knowledge of such facts.

**2.**     I submit this Declaration in support of Dinsmore & Shohl LLP's First Chapter 11 Application for Compensation and Reimbursement of Expenses for the Period May 8, 2023 through June 30, 2024 (the "Application").

**3.**     I prepared and am fully familiar with the Application. To the best of my knowledge, the facts set out in the Application are true and correct and the billing materials appended to the Application are fully accurate.

**4.**     I am one of Dinsmore's attorneys principally responsible for rendering services to the Trustee.  The other principally responsible attorneys are Yosina Lissebeck and Christopher Ghio. Other Dinsmore's attorneys and paraprofessionals rendered services on matters from time to time, as necessary, at my request, and under the supervision of myself, Ms. Lissebeck and Mr. Ghio

**5.**     The compensation and expense reimbursements requested in the Application are billed at rates, and in accordance with billing practices, no less favorable and in many cases more favorable than those customarily used by Dinsmore in other debtor and non-debtor engagements.

**6.**     I carefully reviewed Dinsmore's time records in these cases on a line-by-line basis and, in the exercise of billing discretion, made certain write-offs totaling $40,487.50 which is 54.30 phours of work.  These write-offs are reflected as "No Charge" entries on the billing records appended hereto. In addition, I personally removed time entries totaling $223,990.00 in fees as to which time, while spent, did not realize readily beneficial results – in such circumstances, and in consultation with the Trustee and Fee Examiner, I did not submit those billing records themselves and as a result, the gross fees sought in the Application were reduced from those disclosed in the

MORs filed by the Trustee.  To the best of my knowledge, no time has been billed to the estate outside the scope of work authorized by the Employment Order.

7.      Additionally, after providing the Fee Examiner Dinsmore's billing records, the Fee Examiner provided me with several reports containing questions and suggestions.  I reviewed those reports and confirmed that all travel time of Dinsmore attorneys is discounted at 50%, which was what the Fee Examiner believed was fair and reasonable.  Further, I made sure all the Fee Examiner's questions regarding professionals and specific time entries were answered to her satisfaction, making certain that revisions to the billing statements and further discounting of various time entries was undertaken.  These revisions and discounts are all reflected.

8.      I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed Under 11 U.S.C. § 330, 28 C.F.R. § 58, Appendix A (the "U.S. Trustee Guidelines"), which are promulgated by the Office of the United States Trustee. I believe that the Application complies with applicable law and the requirements of the U.S. Trustee Guidelines. Specifically, I have reviewed Local Bankruptcy Rule 2016-1(a) and I believe the Application complies with the rule.

9.      I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct, except for those matters stated upon the information and belief and as to those, I believe them to be true.

Executed this 3rd day of September 2024, at Paul do Mar, Madeira, Portugal.


*/s/ Christopher Celentino*
Christopher Celentino