**LUCY L. THOMSON**
The Willard; Suite 400
1455 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (703) 212-8770
Lucythomson_cpo@earthlink.net

*Consumer Privacy Ombudsman*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case Number 8:23-bk-10571-SC |
| **THE LITIGATION PRACTICE GROUP, P.C.,** | Chapter 11 |
| | **FIRST AND FINAL FEE APPLICATION OF LUCY THOMSON, CONSUMER PRIVACY OMBUDSMAN** |
| Debtor. | Hearing:<br>Date: September 24. 2024<br>Time: 10:00 a.m.<br>Ctrm: 5C<br>Judge: Hon. Scott C. Clarkson<br>Place: 411 West Fourth Street<br>Santa Ana, CA 92701 |

## TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, CHAPTER 11 TRUSTEE, AND ALL PARTIES IN INTEREST:

---

[1] Accessibility information will be posted into the Court's tentative ruling prior to the hearing.
Parties can obtain such accessibility information on Judge Clarkson's posted hearing calendar which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

Lucy L. Thomson ("Applicant"), Consumer Privacy Ombudsman, respectfully submits this first and final fee application ("Application") for allowance and payment of compensation for professional services rendered for the period of July 15, 2023 through July 31, 2023 ("Fee Period"), and in support of her Application represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the case and this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Application is submitted pursuant to sections 330 and 331 of the Bankruptcy Code ("Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## BACKGROUND

3. On March 20, 2023 The Litigation Practice Group P.C. (LPG) filed voluntary petitions under chapter 11 of the Bankruptcy Code. LPG provided consumer debt resolution services.

4. Pursuant to the Court's Order of July 12, 2023 directing the appointment of a Consumer Privacy Ombudsman [Doc. No. 226, filed 7/12/23], the United States (U.S.) Trustee appointed Lucy L. Thomson as the Consumer Privacy Ombudsman in this case. [Doc. No. 251, filed 7/17/23]. The Court entered an Order Approving the Appointment of Lucy L. Thomson as the Consumer Privacy Ombudsman on July 17, 202 [Doc. No. 253, filed 7/17/23]. She conducted the conflicts check and prepared documents related to her appointment for the U.S. Trustee on July 15, 2023.

## DESCRIPTION OF SERVICES RENDERED

5. During the Fee Period, the Ombudsman provided the following services that are described in detail on the itemized, chronological list attached hereto as **Exhibit A.**

a)    In enacting sections 332 and 363, Congress has evidenced its intention to protect the privacy interests of consumers in connection with the bankruptcy sale of personal data.

2

b)      The Bankruptcy Code provides a framework in sections 332 and 363 for evaluating the sale or transfer of personal consumer records in the context of a bankruptcy case. 11 U.S.C. §§ 101 *et. seq*. The statute provides a broad mandate for the Ombudsman – to investigate and provide the Court with information relating to:

- The Debtors' Privacy Policy;

- Potential losses or gains of privacy to consumers if the sale is approved;

- Potential costs or benefits to consumers if the sale is approved; and

- Possible alternatives that would mitigate potential privacy losses or costs to consumers. 11 U.S.C. § 332.

c)      On July 21, 2023 the Ombudsman filed her Consumer Privacy Ombudsman (CPO) Report to the Court [Doc. No. 315, filed 7/21/23]. The CPO Report provided the Court and the parties with an analysis of the issues related to the sale or transfer of the personal and financial records of the tens of thousands of LPG clients, including compliance with the privacy policy, the application of non-bankruptcy laws, and the losses or gains of privacy, and costs or benefits to consumers, if the sale or transfer of their data was approved, possible alternatives that would mitigate potential privacy losses or costs to consumers, and recommendation on steps that would be appropriate to protect the privacy of LPG clients.

d)      The Ombudsman participated in the July 21, 2023 hearing and presented a summary of her CPO Report to the Court and the parties.

**REQUEST FOR COMPENSATION**

6.    By this Application, the Ombudsman respectfully requests the allowance, award, and payment of compensation in the amount of $29,975.00 for the period of July 15, 2023 through July 31, 2023. An itemized, chronological list of services rendered by the Ombudsman, the time spent providing each item of

service, and the fee for each service provided by the Applicant are set forth and attached to this Application as **Exhibit A**.

7.      All of the time entries were made contemporaneously with the services rendered. Applicant is the only professional who is seeking compensation in this Fee Application. Applicant bills for services at an hourly rate of $550.00.

### Fees by Professional

| Name | Position and Experience | Hourly Rate | Total Hours | Total Compensation |
|------|------------------------|-------------|-------------|--------------------|
| Lucy L. Thomson | Consumer Privacy Ombudsman (CPO) D.C. Bar admission: 1975 Certified Information Privacy Professional (CIPP/US), International Association of Privacy Professionals (IAPP) Certified Information Systems Security Professional (CISSP) (ISC)2 CPO experience – appointed CPO in 33 prior federal bankruptcy cases in 10 judicial districts (2008-present) Livingston PLLC, Founding Principal (2012-present) CSC, Senior Principal Engineer (2002-2012) U.S. Department of Justice, Senior Attorney, Criminal and Civil Rights Divisions (1977-2000) Georgetown University Law Center, J.D.; Rensselaer Polytechnic Institute, M.S. (RPI), 2001 | $550 | 54.5 | $29,975.00 |

8.      Pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "U.S. Trustee Guidelines") and LBR 2016-1(c), Applicant has segregated her time entries into the following project categories which correspond to the major tasks undertaken by the Ombudsman during the fee period:

| Fees by Project Category | Hours | Fees |
|--------------------------|-------|------|
| Employment - Self | 1.4 hours | $ 770.00 |
| Case Administration - Privacy | 52.1 hours | $ 28,655.00 |
| Preparation of Fee Application - Self | 1 hour | $ 550.00 |
| **Total** | 54.5 hours | $ 29,975.00 |

**STATUTORY BASIS FOR RELIEF SOUGHT**

9.    This is an application for the award of compensation pursuant to 11 U.S.C. §§ 330 and 331 and the Bankruptcy Rules. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This Application constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

10.    Section 330(a)(1) of the Bankruptcy Code provides, *inter alia*, that a bankruptcy court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney…." Section 331 of the Bankruptcy Code provides for interim and final allowance and payment of professional compensation and expense reimbursement.

**FACTORS TO BE CONSIDERED IN AWARDING FEES**

11.    When determining reasonable compensation for professionals, courts utilize the standards found in section 330 of the Bankruptcy Code, and specifically subsection (a)(3), which was amended in 1994 to codify the "relevant factors" historically relied upon by courts found in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1977) and *Am. Benefit Life Ins. Co. v. Baddock* (*In re* First Colonial Corp.), 544 F.2d 1291, 1294 (5th Cir. 1977).

12.    Courts in the Ninth Circuit have employed the "lodestar approach" for calculating judicial awards of compensation to attorneys and professionals. The "lodestar approach" involves multiplying the hours spent on a case, based on attorney time records, by a reasonable hourly rate of compensation for each attorney based on those normally charged for similar work by attorneys of comparable skill and experience, *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.,* 924 F.2d 955, 960 (9th Cir.1991), *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). The resulting "lodestar" figure is presumed reasonable. *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1202 (9th Cir.2013).

13.    Once calculated, the lodestar amount may be adjusted upward or downward to take into account the facts of the particular case. *Perdue v. Kenny A.,* 559 U.S. 542 at 553–54, 130 S.Ct. 1662 (2010);

*Morales v. City of San Rafael,* 96 F.3d 359, 363–64 & n. 8 (9th Cir.1996), *as amended on denial of reh'g,* 108 F.3d 981 (9th Cir.1997). Factors reflecting the litigation risk, complexity of the issues, contingent nature of the engagement, skill of the attorney, and other factors may thereafter be employed to arrive at a reasonable and just compensation in excess of the lodestar figure.

14.    An analysis of the factors to be considered by the Court in determining whether the requested fees are reasonable supports the Ombudsman's request for compensation.

a)    The time and labor expended: The Ombudsman respectfully refers the Court to **Exhibit A** that details her involvement in this case since July 15, 2023. Drawing on her extensive experience as the Consumer Privacy Ombudsman in 33 prior federal bankruptcy cases, the Ombudsman addressed the significant privacy issues presented and completed her work during a short time period. The Ombudsman submits that the services were rendered to the Court efficiently, effectively, economically, without duplication, and in the best interests of all parties, and that all of the services performed represent actual and necessary services performed on privacy matters in this case.

b)    The novelty and difficulty of the questions raised: The Debtor's case is large and complex. The sale or transfer of assets consisting of the personal records of approximately 40,000 LPG consumers raised numerous issues under the Bankruptcy Code and applicable non-bankruptcy laws.

c)    The skill required to properly perform the services rendered: The Ombudsman believes that a practitioner not familiar with privacy issues in complex bankruptcy cases would have been required to spend considerably more hours than she did to perform the same tasks.

d)    The attorney's opportunity costs: The CPO accepted this appointment in the public interest. She is not aware of other employment from which she was precluded as a result of handling this case.

e)     The customary fee for like work: The Ombudsman has received fees for her work in bankruptcy cases of similar size and complexity at the same billable rate as that charged in this case.

f)     The attorney's expectations at the outset of the litigation: This case raised issues not generally found in other bankruptcy cases involving the sale or transfer of consumer PII.

g)     The time limitation imposed by the client or circumstances: The Ombudsman was required to complete her CPO Report to the Court within a short timeframe of one week.

h)     The amount in controversy and the results obtained: The Ombudsman worked with the parties to protect the privacy of approximately 40,000 LPG consumers consistent with the Debtors' privacy policy and the requirements of the Bankruptcy Code and applicable non-bankruptcy laws. As a result, it is expected that the sale process will produce a good financial result for the estate.

i)     The experience, reputation and ability of the attorney: The reputation of the Ombudsman is recognized and respected in the community. She is an experienced consumer privacy professional and has extensive expertise handling complex bankruptcy cases of this kind. She has been appointed CPO in 33 prior federal bankruptcy cases in 10 judicial districts around the country (2008-present). She holds certifications as a Certified Information Privacy Professional (CIPP/US), International Association of Privacy Professionals (IAPP), and as a Certified Information Systems Security Professional (CISSP) (ISC)2.

j)     The undesirability of the case within the legal community in which the suit arose:  The Ombudsman does not find it undesirable to serve as the CPO in this case or in any other bankruptcy proceeding, based on the understanding that reasonable compensation will be awarded for fees and expenses incurred.

k)     The nature and length of the professional relationship between attorney and client:  The CPO is required to be a "disinterested person" to ensure that an objective and unbiased review and

report regarding the protection of the privacy interests of the LPG consumers during the bankruptcy proceeding are provided to the Court. She had no connection with the parties in this case prior being appointed as the CPO.

l)    Attorneys' fees awards in similar cases:  The Ombudsman has received fees for her work in similar cases involving the sale of large amounts of personal data at the same billable rate as that charged in this case. The fees are well within the range charged by professionals of similar skills and reputation in the areas of bankruptcy law, and data privacy and information security. In addition, 11 U.S.C. § 330(a) of the Bankruptcy Code specifically allows for the compensation of professionals, including a CPO, provided, following hearing, the statutory standards are met. Section 330(a)(1)(A) provides, in pertinent part, that the Court may award to a CPO "reasonable compensation for actual, necessary services rendered."

15.    Based on the standards set forth in Bankruptcy Code section 330 and *First Colonial*, the Ombudsman believes that the amount requested herein represents the fair and reasonable value of services rendered during the Fee Period.

## DECLARATION PURSUANT TO BANKRUPTCY RULE 2016

16.    No payments have heretofore been made or promised to the Applicant for services rendered or to be rendered in any capacity whatsoever in connection with this case. No agreement or understanding exists between the Applicant and any other person or entity for the sharing of compensation received or to be received for services rendered in or connection with the case except as permitted under section 504(b) of the Bankruptcy Code.

17.    Applicant has not entered into any agreement, express or implied, with any other party in interest, including any creditor, receiver, trustee, or any representative of any of them, or with any attorney for such party in interest in the proceedings, for the purpose of fixing fees or other compensation to be paid to such

party-in-interest in the proceedings for services rendered or expenses incurred in connection therewith from the assets of the estate in excess of the compensation allowed by law.

## CONCLUSION

18.    This Fee Application of the Ombudsman is filed pursuant to 11 U.S.C. §§ 330 and 331. No previous request for the relief sought herein has been made to this or any other Court. No retainer was requested or received.

19.    The amount requested herein constitutes reasonable compensation for actual and necessary services rendered by Applicant based on the nature, extent, and value of such services, the time spent, and the cost of comparable services other than in a case under Title 11.

20.    The Ombudsman respectfully submits that the services rendered were necessary to the administration of this case, were beneficial at the time the services were rendered, and were performed within a reasonable amount of time.

In accordance with the Guidelines, I certify that, to the best of my knowledge, information and belief, the compensation sought conforms to the Guidelines. Furthermore, the compensation requested is billed at rates in accordance with practices no less favorable to the Debtors than those customarily employed by the Ombudsman in other bankruptcy cases.

**WHEREFORE**, Lucy L. Thomson, Consumer Privacy Ombudsman, respectfully requests that her Fee Application be granted and the Court enter an Order: (i) granting this Fee Application; (ii) allowing, awarding, and authorizing payment of compensation in the amount of $ 29,975.00 for the period of July 15, 2023 through July 31, 2023; and (iii) affording such other and further relief as may be fair and reasonable under the circumstances.

Dated: Washington, D.C.
      September 1, 2024

Respectfully submitted,

Lucy L. Thomson
*Consumer Privacy Ombudsman*

The Willard; Suite 400
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(703) 212-8770
lucythomson_cpo@earthlink.net

10

**VERIFICATION**

I, Lucy L. Thomson, Consumer Privacy Ombudsman, declare under penalty of perjury that the facts set forth in the foregoing First Interim Fee Application of Lucy L. Thomson, Consumer Privacy Ombudsman, for Allowance of Compensation and Reimbursement of Expenses for the Period of July 15, 2023 through July 31, 2023, are true and correct to the best of my knowledge, information, and belief.

Executed on: September 1, 2024

*Lucy L. Thomson*

Lucy L. Thomson

**CERTIFICATE OF SERVICE**

## EXHIBIT A

*In re* The Litigation Practice Group, P.C., Case No. 8:23-bk-10571-SC (C.D. Cal.)

## First and Final Fee Application

The professional services provided by Lucy L. Thomson, Consumer Privacy

Ombudsman, are set forth on the itemized, chronological list below.

| Date | Min-utes | Task | Rate/Time | Amount |
|---|---|---|---|---|
| | | Project Category: Employment | | |
| 7/12/23 | | Order Directing the Appointment of a Consumer Privacy Ombudsman and Requiring Notice [Doc. No. 226] | | |
| 7/15/23 | 48 | Telephone calls and multiple e-mails with Peter Anderson, U.S. Trustee, re appointment as Consumer Privacy Ombudsman (CPO). | $550 .80 | $440 |
| 7/15/23 | 36 | Prepared and submitted Acceptance of Appointment and Verified Statement of Consumer Privacy Ombudsman (CPO). | $550 .60 | $330 |
| 7/17/23 | | United States Trustee, Notice of Appointment of Consumer Privacy Ombudsman [Doc. No. 251, filed 7/17/23] | | |
| 7/17/23 | | Order Approving the Appointment of Lucy L. Thomson as Consumer Privacy Ombudsman [Doc. No. 253, filed 7/17/23] | | |
| | | Project Category: Case Administration – Privacy Issues | | |
| 7/17/23 | 54 | Reviewed and analyzed Motion for Sale of Property of the Estate under Section 363(b). Motion of Trustee Richard Marshack for Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free And Clear of All Liens, Claims, Encumbrances and Interests Pursuant To 11 U.S.C. Section 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements. [Doc. No. 191, filed July 7, 2023] ("Sale Motion") | $550 .90 | $495 |
| 7/17/23 | 42 | Conducted initial review of the Litigation Practice Group (LPG) website. | $550 .70 | $385 |
| 7/17/23 | 60 | Reviewed and analyzed LPG website: Privacy Policy and products and programs. | $550 1.00 | $550 |
| 7/17/23 | 24 | Reviewed and analyzed the Court's Order Requesting Additional Supplemental Briefing in Support of Sale Motion [Doc. No. 206, filed 7/10/23] | $550 .40 | $220 |
| 7/17/23 | 18 | Potential Privacy Losses 11 U.S.C. § 332: Reviewed and analyzed letter from the New York Attorney General. | $550 .30 | $165 |
| 7/17/23 | 18 | Potential Privacy Losses 11 U.S.C. § 332: Reviewed and analyzed letter from the Commonwealth of Pennsylvania Office of the Attorney General, 7/17/23. | $550 .30 | $165 |

| 7/17/23 | 30 | Potential Privacy Losses 11 U.S.C. § 332: Reviewed and analyzed letter to Peter Anderson from Eric Halperin, Consumer Financial Protection Bureau (CFPB), 7/13/23. | $550 .50 | $275 |
|---|---|---|---|---|
| 7/17/23 | 144 | Began drafting CPO Report to the Court: Overview of Privacy Issues, Bankruptcy Code framework under 11 U.S.C. §§ 332 and 363. | $550 2.4 | $1,320 |
| 7/17/23 | 66 | Further review and analysis of LPG website: Reviewed Privacy policy re Types of Data and Categories of personal information collected, disclosed or sold; Definitions and legal references, and determined applicability to proposed LPG sale. Sale of your personal information: "You have the right to opt out of the sale of your personal information;" determined applicability to proposed LPG sale. | $550 1.1 | $605 |
| 7/18/23 | 42 | Further review and analysis of LPG website: Reviewed LPG Terms of Service dated 7/17/23 for lpglaw.net and determined applicability to proposed LPG sale. | $550 .70 | $385 |
| 7/18/23 | 108 | CPO Report drafting and revisions: Initial summary of privacy laws and regulations. | $550 1.8 | $990 |
| 7/18/23 | 36 | CPO Report drafting and revisions: CPO Process, 11 U.S.C. §363(b)(1). | $550 .60 | $330 |
| 7/18/23 | 72 | Preparation for and T/C with US Trustee Peter Anderson and Kenneth Misken | $550 1.2 | $660 |
| 7/18/23 | 48 | Reviewed and analyzed PGX Declaration of Chad Wallace, Chief Executive Officer of PGX Holdings, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions [In re PGX, Doc. No. 12, filed 6/4/23]. Determined applicability to proposed LPG sale. | $550 .80 | $440 |
| 7/18/23 | 30 | Reviewed and analyzed Pocket Brief of Chapter 11 Trustee Richard Marshack on Court's Authority to Approve the Sale Motion [Doc. No. 260, filed 7/17/23] (62 pages) | $550 .50 | $275 |
| 7/18/23 | 42 | Reviewed and analyzed Brief of Official Committee of Unsecured Creditors Addressing Questions Raised in Court's Order Requesting Additional Briefing in Support of Sale Motion [Doc. No. 264, filed 7/17/23] (58 pages) | $550 .70 | $385 |
| 7/18/23 | 36 | Reviewed and analyzed Objections of Carolyn Beech and Diane Scarnavack to Motion for Sale of Property of the Estate Under Section 363(d). [Doc. No. 254, filed 7/17/23] | $550 .60 | $330 |
| 7/18/23 | 36 | Further review and analysis of LPG website: Reviewed Privacy Policy re the rights of Users; how consumers can exercise their rights. Determined applicability to proposed LPG sale. | $550 .60 | $330 |
| 7/18/23 | 42 | CPO Report drafting and revisions: Summary of Bankruptcy Court determinations to be made under 11 U.S.C. § 363(b)(1). | $550 .70 | $385 |
| 7/18/23 | 72 | CPO Report drafting and revisions: Key privacy issues for the Court's consideration. Initial summary/ overview of privacy laws and regulations. | $550 1.2 | $660 |
| 7/18/23 | 108 | CPO Report drafting and revisions: Described how the sale of would encompass the personal and financial data of at least 40,000 LPG consumers/clients; discussed categories of data for sale and status of investors. PII, SSN, financial data, bank account numbers. | $550 1.8 | $990 |

2

| 7/19/23 | 72 | CPO Report drafting and revisions: Potential losses or gains of privacy to consumers if the sale is approved. 11 U.S.C. § 332. Need for privacy protections; security threats and potential resulting harm, e.g., fraud, theft or identify theft. | $550 1.2 | $660 |
|---------|-----|------|------|------|
| 7/19/23 | 120 | CPO Report drafting and revisions: Potential privacy gains or benefits to consumers if the sale is approved; 11 U.S.C. § 332. Due Diligence Framework. Overview of "Qualified Buyer" criteria, *Toysmart* and subsequent bankruptcy caselaw. | $550 2.0 | $1,100 |
| 7/19/23 | 78 | CPO Report drafting and revisions: Potential privacy gains or benefits to consumers if the sale is approved; 11 U.S.C. § 332. "Qualified Buyer" Criteria - Notice and opt-in/opt-out to the sale of personal consumer records. | $550 1.3 | $715 |
| 7/19/23 | 36 | CPO Report drafting and revisions: Prospective bidders Consumer Legal Group and overbidders. | $550 .60 | $330 |
| 7/19/23 | 42 | Reviewed and analyzed Consumer Legal Group's Response to Order Requesting Additional Briefing in Support of Sale Motion [Doc. No. 281, filed 7/18/23] | $550 .70 | $385 |
| 7/19/23 | 150 | LPG hearing on Zoom: 1:45 pm PT re request for approval of financing. Hearing Set re Trustee's Emergency Motion (1) For Entry of a Second Interim Order: (A) Authorizing the Trustee to Obtain Additional Post-Petition Financing and Superpriority Administrative Expense; Claim Pursuant to 11 U.S.C. Section 364; and (B) Setting Final Hearing; and Pursuant to Final Hearing, (II) For Entry of Final Order Approving Post-Petition Financing on a Final Basis. [Doc. No. 258, filed 7/17/23] | $550 2.5 | $1,375 |
| 7/19/23 | 60 | Hearing Continued at 4 pm PT. Hearing held. Motion granted 6/20/23 [Doc. Nos. 125; 130, filed 6/22/23] | $550 1.0 | $550 |
| 7/19/23 | 36 | Reviewed Court's notice requirements and analyzed applicability to proposed LPG sale. Notice of  July 21, 2023 Hearing to be Electronically Transmitted to the Approximately 40,000 Consumers of the Debtor. [Doc. No. 214, filed 07/11/2023] | $550 .60 | $330 |
| 7/19/23 | 60 | CPO Report drafting and revisions:  Potential privacy gains or benefits to consumers if the sale is approved; 11 U.S.C. § 332. LPG privacy requirements, opt-out notice and consent recommendations. | $550 1.0 | $550 |
| 7/19/23 | 24 | Reviewed and analyzed Amicus Brief in Support of the Objections of Carolyn Beech and Diane Scanavack to the Motion for Sale of Property Under Section 363(b). Filed by Interested Parties National Association of Consumer Bankruptcy Attorneys, National Consumer Bankruptcy Rights Center [Doc. No. 288, filed 7/19/23] | $550 .40 | $220 |
| 7/19/23 | 48 | Reviewed and analyzed United States Trustee's Opposition to Motion of Trustee Richard Marshack for Sale of Property of the Estate under Section 363(b) [Doc. No. 296, filed 7/19/23] (311 pages) | $550 .80 | $440 |
| 7/20/23 | 54 | CPO Report drafting and revisions: Possible alternatives to mitigate potential privacy losses, 11 U.S.C. § 332. Identified and summarized prior bankruptcy cases, criteria for sale, limitations on data to be sold. | $550 0.9 | $495 |
| 7/20/23 | 36 | Reviewed and analyzed U.S. Trustee Motion to Convert Case to Chapter 7 Pursuant to 11 U.S.C. 1112(B); Memorandum of Points and Authorities; Declarations of Marilyn Sorensen, Jaimee Zayicek, Leslie Skorheim, and Queenie Ng In Support [Doc. No. 218, filed 7/12/23] [Doc. No. 232, filed 7/13/23] | $550 .60 | $330 |

3

| 7/20/23 | 30 | Potential losses or gains of privacy to consumers if the sale is approved. 11 U.S.C. § 332. Followup from 7/19/23 hearing; preparation for and T/C with Asst. US Trustee, Delaware re PGX case in Utah. | $550 0.5 | $275 |
|---------|----|----|----|----|
| 7/20/23 | 24 | Potential losses or gains of privacy to consumers if the sale is approved. 11 U.S.C. § 332.  Followup from 7/19/23 hearing; preparation for and T/C with DOJ attorney re PGX case in Utah. | $550 0.4 | $220 |
| 7/20/23 | 42 | Preparation for and T/C with DOJ and CFPB attorneys re LPG case and non-bankruptcy laws, CFPB regulations. | $550 .70 | $385 |
| 7/20/23 | 18 | Preparation for and T/C with US Trustee's office re CPO Report. | $550 0.3 | $165 |
| 7/20/23 | 30 | Reviewed and analyzed Consumer Legal Group Privacy Policy. | $550 0.5 | $275 |
| 7/20/23 | 24 | Reviewed and analyzed Supplemental Declaration of Richard Marshack Regarding Designation of a Monitor in Conjunction With Motion for Sale of Property of the Estate under Section 363(b) [Doc. Nos. 305 and 311, filed 7/20/23] | $550 0.4 | $220 |
| 7/20/23 | 30 | CPO Report drafting and revisions: The sale or transfer must not violate applicable non-bankruptcy laws. Overview of non-bankruptcy laws. 11 U.S.C. § 363(b)(1). | $550 .50 | $275 |
| 7/20/23 | 42 | CPO Report drafting and revisions: Non-bankruptcy laws; reviewed privacy and consumer protection laws and determined applicability to LPG: Telemarketing Sales Rule (TSR) | $550 0.7 | $385 |
| 7/20/23 | 30 | CPO Report drafting and revisions: Non-bankruptcy laws; reviewed privacy and consumer protection laws and determined applicability to LPG: Fair Debt Collection Practices Act (FDCPA) | $550 0.5 | $275 |
| 7/20/23 | 24 | CPO Report drafting and revisions: Non-bankruptcy laws; reviewed privacy and consumer protection laws and determined applicability to LPG: Federal Credit Repair Organizations Act | $550 0.4 | $220 |
| 7/20/23 | 36 | CPO Report drafting and revisions: Non-bankruptcy laws; reviewed privacy and consumer protection laws and determined applicability to LPG: CFPB Unfair, Deceptive, or Abusive Acts and Practices (UDAAP) | $550 0.6 | $330 |
| 7/20/23 | 42 | CPO Report drafting and revisions:  Non-bankruptcy laws; reviewed privacy and consumer protection laws and determined applicability to LPG: Section 5(a) of the FTC Act and UDP standards. | $550 0.7 | $385 |
| 7/20/23 | 30 | CPO Report drafting and revisions: Non-bankruptcy laws; reviewed privacy and consumer protection laws and determined applicability to LPG: Privacy of Consumer Financial Information | $550 0.5 | $275 |
| 7/20/23 | 36 | CPO Report drafting and revisions: Non-bankruptcy laws; reviewed privacy and consumer protection laws and determined applicability to LPG: State Laws – Unfair and Deceptive Practices (UDP) | $550 0.6 | $330 |
| 7/20/23 | 54 | CPO Report drafting and revisions: Reviewed state privacy laws and determined applicability to LPG: California Privacy Protection Act (CCPA) and LPG Privacy Policy "Your California privacy rights and how to exercise them." | $550 0.9 | $495 |

| Date | | Description | | |
|---|---|---|---|---|
| 7/20/23 | 42 | CPO Report drafting and revisions: Non-bankruptcy laws; reviewed State Data Breach Notification laws, Data Protection provisions and Data Disposal laws and determined applicability to LPG | $550 0.7 | $385 |
| 7/20/23 | 60 | CPO Report drafting and revisions: Reviewed privacy laws of the European Union, General Data Protection Regulation (GDPR) and determined applicability to LPG. | $550 1.0 | $550 |
| 7/20/23 | 24 | CPO Report drafting and revisions: "Qualified Buyer" Criteria – Purchaser agrees to employ appropriate information security controls (technical, operational and managerial) | $550 0.4 | $220 |
| 7/20/23 | 30 | CPO Report drafting and revisions: Potential losses or gains of privacy to consumers if the sale is approved. 11 U.S.C. § 332. Recommendations: Consumer Consent; Opt-In and Opt-out Process | $550 0.5 | $275 |
| 7/21/23 | | CPO Report filed at Doc. No. 315 (42 pages) | | |
| 7/21/23 | 24 | Reviewed Declaration of Chapter 11 Trustee Richard A. Marshack re: Receipt of Qualified Overbids [Doc. No. 316, filed 7/21/23] | $550 0.4 | $220 |
| 7/21/23 | 180 | LPG sale hearing on Zoom: 10 am – 1 PT. Presentation of Witnesses [Doc. No. 214, filed 7/11/23] Transcript [Doc. No. 343, filed 7/28/23] | $550 3.0 | $1,650 |
| 7/21/23 | 30 | LPG Hearing on Zoom. Preparation for presentation to the Court: Summary of Report to the Court [Doc. No. 315, filed 7/21/23] | $550 0.5 | $275 |
| 7/21/23 | 180 | LPG Auction on Zoom: 1:45 pm PT with Morning Law Group and Bensamochan Law Firm, Inc. or Sunset Coast Legal Group | $550 3.0 | $1,650 |
| 7/21/23 | 60 | LPG Hearing on Zoom: Judge Clarkson led discussion. | $550 1.0 | $550 |
| 7/21/23 | 60 | LPG Hearing on Zoom: Court conducted due diligence. | $550 1.0 | $550 |
| | | | | |
| | | Project Category: Fee Application Preparation - Self | | |
| 7/31/23 | 60 | Preparation of First and Final Fee Application | $550 1.0 | $550 |
| | | | | |
| **Total** | | **Professional Services** | **54.5 hours** | **$29,975** |
| | | | | |
| Print Name: Lucy L. Thomson | 9/1/24 | Signature: *Lucy L. Thomson* | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:     655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled **FIRST AND FINAL FEE APPLICATION OF LUCY THOMSON, CONSUMER PRIVACY OMBUDSMAN**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 3, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒     Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 3, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COPY:**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐     Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 3, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

ETHICS MONITOR
NANCY RAPOPORT
nancy.rapoport@unlv.edu

ACCOUNTANT
JOSH TEEPLE
jteeple@gtllp.com

OMBUDSMAN
LUCY THOMSON
lucythomson1@mindspring.com

TRUSTEE:

FINANCIAL ADVISOR FOR COMMITTEE
FORCE TEN PARTNERS
CHAD KURTZ
ADAM MEISLIK
ckurtz@force10partners.com
ameislik@force10partners.com

FIELD AGENT AND ANALYST
BICHER & ASSOCIATES
Robert F. Bicher
rfbicher@earthlink.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

RICHARD A. MARSHACK
RMARSHACK@MARSHACKHAYS.COM

U.S. TRUSTEE'S OFFICE:
KENNETH MISKEN
KENNETH.M.MISKEN@USDOJ.GOV

QUEENIE K NG
QUEENIE.K.NG@USDOJ.GOV

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 3, 2024 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-.1.PROOF.SERVICE**

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Trustee Richard A Marshack (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy
Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.
walker@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.l
arimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-1.PROOF.SERVICE

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

Spencer Keith Gray on behalf of Plaintiff Richard A Marshack
spencer.gray@dinsmore.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                  **F 9013-.1.PROOF.SERVICE**

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoz
a@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                      **F 9013-1.PROOF.SERVICE**

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Consumer Legal Group, P.C.
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party LGS Holdco, LLC
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-.1.PROOF.SERVICE**

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-1.PROOF.SERVICE

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Interested Party The Bankruptcy Law Firm, P.C.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-.1.PROOF.SERVICE

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforupty.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Interested Party Consumer Legal Group, P.C.
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Interested Party LGS Holdco, LLC
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankru
ptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-.1.PROOF.SERVICE**

tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-.1.PROOF.SERVICE**

jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com,
zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com,
zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com;hannah.richmond@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-1.PROOF.SERVICE**

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-.1.PROOF.SERVICE