D. EDWARD HAYS (SBN 162507)
ehays@marshackhays.com
LAILA MASUD (SBN 311731)
lmasud@marshackhays.com
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 11 Trustee,
RICHARD A. MARSHACK

Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Counsel for Official Committee of Unsecured Creditors

FILED & ENTERED

SEP 09 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re,

THE LITIGATION PRACTICE GROUP
P.C.,

　　Debtor.

Case No. 8:23-bk-10571-SC

Chapter 11 Case

**ORDER CONFIRMING MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED JUNE 14, 2024)**

Hearing Date and Time:
Date:　August 29, 2024
Time:　10:00 A.M.
Ctrm:　5C and ViaZoom
Place:　411 West Fourth Street
　　　　Santa Ana, CA 92701

Richard A. Marshack, the Chapter 11 Trustee (the "Chapter 11 Trustee") and the Official Committee of Unsecured Creditors (the "Committee," and collectively with the Chapter 11 Trustee, the "Plan Proponents") having proposed the *Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)* [Docket No. 1344] (the "Plan,");[1] the Court having conducted a hearing to consider confirmation of the Plan on August 29, 2024 (the "Confirmation Hearing"); the Court having considered: (i) the (a) *Affidavit of Service* [Docket No. 1449] (the "Omni Service Affidavit"), (b) the *Proof of Publication* [Docket No. 1377] (the "Proof of Publication"), (c) the *Declaration of Kim D. Steverson re: Ballot Tabulation Report in Support of Modified First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1482] (the "Steverson Declaration"), (d) the *Declaration of Richard A. Marshack in Support of Confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1481] (the "Marshack Declaration"), and (e) the *Declaration of Chad Kurtz in Support of Confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1481] (the "Kurtz Declaration"), each admitted into evidence at the Confirmation Hearing; (ii) the arguments of counsel presented at the Confirmation Hearing, (iii) the *Memorandum of Law in Support of Confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)* (the "Confirmation Brief") [Docket No. 1481]; (iv) the additional replies and supplements filed in support of the Plan and Confirmation Brief [Docket Nos. 1531, 1532]; and (v) the objections [Docket Nos. 1490, 1504, 1511] (the "Objections") to confirmation of the Plan, and any withdrawals [Docket No. 1542] or settlements thereof; and the Court having taken judicial notice of the entire docket of the Bankruptcy Case, including adversary proceedings filed within the Bankruptcy Case, as maintained by the Clerk of the Court and/or its duly appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case and related adversary proceedings; and the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for filing objections to the Plan; and

---

[1] All capitalized terms used but not defined herein have the meanings given to them in the Plan, Disclosure Statement, or Confirmation Brief, as applicable.

the Court having heard the statements and arguments made by counsel in respect of confirmation of the Plan, and all objections to confirmation (including, without limitation, any of the settlements to be approved pursuant to the Plan) having been withdrawn, resolved as stated on the record or overruled; and the appearance of all interested parties having been duly noted in the record of the Confirmation Hearing; and for the reasons set forth on the record at the Confirmation Hearing, the record of the Confirmation Hearing, the reasons set forth in the pleadings and evidence filed in support of confirmation, and after due deliberation thereon, and sufficient cause appearing therefor:

## I.    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

IT IS HEREBY FOUND AND CONCLUDED, that[2]:

## **JURISDICTION AND VENUE**

A.    The Court has jurisdiction over this matter and this Bankruptcy Case, pursuant to 28 U.S.C. § 1334.

B.    Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), this Court has jurisdiction to enter a final order with respect thereto, and this Court's exercise of such jurisdiction is constitutional in all respects.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* as amended (the "Bankruptcy Code"),[3] and should be confirmed.

C.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    The Debtor is a proper Debtor under § 109, and the Plan Proponents are proper proponents of the Plan under § 1121(a).

---

[2] The findings of fact and conclusions of law set forth herein shall constitute findings of fact and conclusions of law, pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the findings of fact of this Bankruptcy Court constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law of this Bankruptcy Court constitute a findings of fact, they are adopted as such.

[3] Unless otherwise indicated, all references to "§" are to sections of the Bankruptcy Code; all references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Practice; all references to "LBR" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

160526478.5

## COMPLIANCE WITH BANKRUPTCY RULE 3016

E.      The Plan is dated and identifies the entities submitting and filing it, thereby complying with Bankruptcy Rule 3016(a). The filing of the Disclosure Statement complied with Bankruptcy Rule 3016(b).

## PROPER NOTICE

F.      As described below and as evidenced by the Omni Service Affidavit and Proof of Publication, due, adequate and sufficient notice of the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Hearing, the Fund Challenge Deadline, the Ownership Challenge Deadline, all other deadlines for voting on or objecting to the Plan, and all other deadlines with respect to confirmation, were given in compliance with applicable law, including, without limitation, the Bankruptcy Rules, and no other or further notice is or shall be required.

## STANDARDS FOR CONFIRMATION UNDER § 1129 OF THE BANKRUPTCY CODE

G.      The Plan Proponents have met their burden of proving the elements of §§ 1129(a) and 1129(b) by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan. The evidentiary record of the Confirmation Hearing supports the findings of fact and conclusions of law set forth in the following paragraphs.

H.      **§ 1129(a)(1).** The Plan complies with each applicable provision of the Bankruptcy Code. Pursuant to §§ 1122(a) and 1123(a)(1), Section III of the Plan provides for the separate classification of Claims into fourteen Classes or sub-Classes, based on reasonable and appropriate differences in the legal nature or priority of such Claims (other than Administrative Claims, Professional Claims, Statutory Fees (including U.S. Trustee Fees), and Priority Tax Claims, which are addressed in Section III of the Plan and which are not required to be designated as separate Classes pursuant to § 1123(a)(1)). In particular, the Plan complies with the requirements of §§ 1122 and 1123 as follows:

> 1.      In accordance with § 1122(a), Section III of the Plan classifies each Claim against the Debtor into a Class containing only substantially similar Claims;

> 2.      In accordance with § 1123(a)(1), Section III of the Plan properly classifies all Claims that require classification. Separate classification of all Classes was not done for any improper purpose and does not unfairly discriminate between or among holders of Claims;

160526478.5

3.      In accordance with § 1123(a)(2), Section III of the Plan properly identifies and describes each Class of Claims that is not Impaired under the Plan;

4.      In accordance with § 1123(a)(3), Section III of the Plan properly identifies and describes the treatment of each Class of Claims that is Impaired under the Plan;

5.      In accordance with § 1123(a)(4), the Plan provides the same treatment for each Claim within a particular Class unless the holder of such a Claim has agreed to less favorable treatment;

6.      In accordance with § 1123(a)(5), the Plan, including the Plan Supplement, provides, in detail, adequate and proper means for its implementation;

7.      In accordance with § 1123(a)(6), i.e., that, if a debtor is a corporation, its plan must prohibit the issuance of nonvoting equity securities, the Debtor will not issue any stock or other securities under the Plan and therefore the Plan comports with § 1123(a)(6);

8.      In accordance with § 1123(a)(7), the provisions of the Plan regarding the manner of selection of representatives of the Debtor and the Liquidating Trust are consistent with the interests of creditors and equity security holders and with public policy;

9.      In accordance with § 1123(b)(1), Section III of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims;

10.     In accordance with § 1123(b)(2), Section IV.L of the Plan provides for the assumption, assumption and assignment, or rejection of the executory contracts and unexpired leases of the Debtor that have not been previously assumed, assumed and assigned, or rejected pursuant to § 365 and orders of the Court;

11.     In accordance with §§ 363 and 1123(b)(3) and Bankruptcy Rule 9019, the Plan provides for the good faith compromise of all Claims and controversies relating to the contractual, legal, and subordination rights that a holder of any Claim may have with respect to any Allowed Claim or any distribution to be made on account of such an Allowed Claim, including, but not limited to, approval of any settlement agreements as set forth in Section V.D of the Plan. Section IV of the Plan further provides, in accordance with § 1123(b)(3), that the Liquidating Trust will retain and may enforce any claims, demands, rights, defenses and Causes of Action that the Debtor may hold against any entity, to the extent not expressly released under the Plan;

12.     In accordance with § 1123(b)(5), Section III of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of Claims in Classes 1A through 5;

13.     In accordance with § 1123(b)(6), the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code; and

14.     In accordance with § 1123(d), Section IV.M of the Plan provides for the satisfaction of cure amounts associated with each executory contract or unexpired lease to be assumed pursuant to the Plan in accordance with § 365(b)(1). All cure amounts will be determined in accordance with the underlying agreements and applicable law.

I.      **§ 1129(a)(2).** The Plan Proponents have complied with all applicable provisions as required by § 1129(a)(2), including §§ 1122, 1123, 1124, 1125, 1126, 1127, and 1128, and Bankruptcy Rules 3017, 3018, and 3019, and all other applicable rules, laws and regulations with respect to the Plan and the solicitation of acceptances or rejections thereof. In particular, acceptances or rejections of the Plan were solicited in good faith and in compliance with the requirements of §§ 1125 and 1126 as follows:

1.      In compliance with the *Order: (I) Approving Proposed Disclosure Statement; (II) Approving Solicitation and Voting Procedures; (III) Approving Notice and Objection Procedures for Confirmation of Joint Chapter 11 Plan of Liquidation; (IV) Setting Related Deadlines; and (V) Granting Related Relief* [Docket No. 1348] (the "Disclosure Statement Order"), not later than June 20, 2024, the Plan Proponents, through their claims and noticing agent, Omni Agent Solutions ("Omni"), caused copies of the following materials to be served on all holders of Claims in Classes that were entitled to vote to accept or reject the Plan; *see* Omni Service Affidavit:

- a written notice (the "Confirmation Hearing Notice") of (a) the Court's approval of the Disclosure Statement, (b) the voting deadline, (c) the date and time of the Confirmation Hearing, and (d) the Confirmation objection deadline;

- the Disclosure Statement (together with the exhibits thereto, including the Plan and the Disclosure Statement Order) in electronic format;

- the Committee Support Letter to the extent applicable to Holders of Class 3A Claims; and

- the appropriate form of Ballot.

2.      In compliance with the Disclosure Statement Order, not later than June 20, 2024, the Plan Proponents, through Omni, caused a copy of the notice of non-voting status to be served on all holders of Claims and Interests in the non-voting classes. *See* Omni Service Affidavit).

3.      In compliance with the Disclosure Statement Order, not later than June 20, 2024, the Plan Proponents, through Omni, caused a copy of the Confirmation Hearing Notice to be served on all parties in the creditor database maintained by Omni not otherwise served pursuant to paragraphs 1 and 2 above. *See* Omni Service Affidavit.

4.      The Plan Proponents have set forth the process to select the initial Liquidating Trustee and the members serving on the Post-Confirmation Oversight Committee. The Plan further provides that the Liquidating Trustee shall serve as the sole officer and representative of the Debtor. *See* Section IV.A of the Plan). The process for the selection of the Liquidating Trustee and the members of the Post-

Confirmation Oversight Committee is consistent with the best interests of creditors and public policy and satisfies the requirements of § 1129(a)(5).

5.      [In the interest of clarifying and consensually resolving outstanding issues and informal objections to confirmation of the Plan, the Plan Proponents have made certain non-material modifications to the Plan (the "Non-Material Modifications") as set forth more fully in the Confirmation Brief, any replies in support thereof, and related Plan Supplements.]

6.      The Confirmation Hearing Notice provided due and proper notice of the Confirmation Hearing and all relevant dates, deadlines, procedures and other information relating to the Plan and/or the solicitation of votes thereon, including, without limitation, the voting deadline, the objection deadline, the time, date and place of the Confirmation Hearing and the release, injunction, and exculpation provisions in the Plan.

7.      All persons entitled to receive notice of the Disclosure Statement, the Plan, and the Confirmation Hearing have received proper, timely and adequate notice in accordance with the Disclosure Statement Order, applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto.

8.      The Plan Proponents solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order. Accordingly, the Plan Proponents are entitled to the protections afforded by § 1125(e) and the release, injunction, and exculpation provisions set forth in Section IV.B.32 of the Plan.

9.      Claims in Class 2A, 2B, 2C, and 2D under the Plan are unimpaired, and such Class is deemed to have accepted the Plan pursuant to § 1126(f).

10.      The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Rules and the Disclosure Statement Order (*i.e.*, Classes 1A–1F and 3A–3B).

11.      Omni has made a final determination of the validity of, and tabulation with respect to, all acceptances and rejections of the Plan by holders of Claims entitled to vote on the Plan, including the amount and number of accepting and rejecting Claims in Classes 1A–1F and 3A–3B under the Plan. *See* Steverson Declaration at ¶ 10 and Exhibit A thereto.

12.      Omni has made a final determination that certain votes cast for the Plan should be determined invalid, omitted, or otherwise not counted, pursuant to the balloting and tabulation procedures set forth in the Disclosure Statement Order, as set forth more fully in the Steverson Declaration, and such invalidation, omission, or non-vote is appropriate and consistent with the provisions of the Disclosure Statement Order.

13.      Classes 1F, 3A, and 3B have accepted the Plan because holders of Claims in such Classes of at least two-thirds in amount and a majority in number of the Claims in such Classes actually voted to accept the Plan. *See* Steverson Declaration at ¶ 10 and Exhibit A thereto.

J.    **Section 1129(a)(3).** The Plan has been proposed in good faith and not by any means forbidden by law. The Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code. In so finding, the Court has considered the totality of the circumstances in the Bankruptcy Case. The Plan is the result of extensive good-faith, arms' length negotiations by and among the Plan Proponents, and their respective representatives, and reflects substantial input from the principal constituencies having an interest in the Bankruptcy Case and, as evidenced by the overwhelming acceptance of the Plan, achieves as closely as possible the goal of a consensual chapter 11 plan pursuant to the requirements of the Bankruptcy Code. The Plan Proponents and each of their respective officers, directors, employees, advisors, and professionals (i) acted in good faith in negotiating, formulating, and proposing, where applicable, the Plan and agreements, compromises, settlements, transactions, and transfers contemplated thereby, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan, including, but not limited to, the Plan Supplement documents, and (b) take any actions authorized and directed or contemplated by this Order. Thus, the Plan satisfies the requirements of § 1129(a)(3).

K.    **§ 1129(a)(4).** The Plan provides that Professional Fee Claims submitted by professionals for services incurred prior to the Effective Date will be entitled to payment only if they are approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying the requirements of § 1129(a)(4).

L.    **§ 1129(a)(5).** The Plan Proponents have disclosed, or will disclose prior to the Effective Date, in one or more Plan Supplements, the identities of the Liquidating Trustee and the Post-Confirmation Oversight Committee. The Post-Confirmation Oversight Committee will not be compensated and the compensation of the Liquidating Trustee will be consistent with the Liquidating Trust Agreement. Based on the procedures to select the proposed Liquidating Trustee and members of the Post-Confirmation Oversight Committee, each as set forth in a Plan Supplement, the Liquidating Trustee and members of the Post-Confirmation Oversight Committee will be and are qualified to perform the services required of them under the Plan and their appointment to, or continuance in, such offices is consistent with the interests of holders of

- 7 -

Claims and with public policy. The Plan Proponents have therefore satisfied the requirements of § 1129(a)(5).

M.    **§ 1129(a)(6).** The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency and therefore, the requirements of § 1129(a)(6) are inapplicable to confirmation of the Plan.

N.    **§ 1129(a)(7).** The liquidation analysis set forth and an exhibit to the Disclosure Statement and other evidence proffered or adduced at or prior to the Confirmation Hearing including the Monthly Operating Reports filed by the Trustee, in the Marshack Declaration and the Kurtz Declaration (neither of which were the subject of evidentiary objections) filed in connection with the Confirmation Hearing: (a) are reasonable, persuasive, accurate and credible; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by any other evidence; and (d) establish that each holder of a Claim in an Impaired Class either (i) has accepted the Plan, or (ii) will receive or retain under the Plan, on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

O.    **§ 1129(a)(8).** Classes 2A, 2B, 2C, and 2D are not Impaired and are conclusively presumed to have accepted the Plan under § 1126(f). As set forth in the Steverson Declaration, Classes 1F, 3A, and 3B have each voted to accept the Plan. Class 1D initially voted to reject the Plan but was permitted to change its vote to an acceptance by order of this court entered on August 28, 2024, as Docket No. 1562. Because several classes of impaired creditors did not vote to accept the Plan, it does not satisfy § 1129(a)(8). The Plan may nonetheless be confirmed because it meets the requirements of § 1129(b)(1–2) as set forth below.

P.    **§ 1129(a)(9).** The Plan provides treatment for Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims that is consistent with the requirements of § 1129(a)(9).

Q.    **§ 1129(a)(10).** Classes 1D, 1F, 3A, and 3B voted to accept the Plan and none of such accepting classes contain insiders.

R.    **§ 1129(a)(11).** The Plan is feasible, within the meaning of § 1129(a)(11). The projections of the liquidity and financial information, including, without limitation, the

projections of the Plan Proponents as of the Effective Date, are reasonable and made in good faith. The evidence provided in support of the Plan or adduced by the Plan Proponents at, or before, the Confirmation Hearing in the feasibility analysis attached to the Disclosure Statement and in the Marshack Declaration and the Kurtz Declaration: (a) is reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; and (c) has not been controverted by any other admissible evidence. The Plan Proponents have demonstrated a reasonable assurance of the Plan's prospects for success. Further, the Bankruptcy Court (i) considered the potential Administrative Claims, (ii) estimated the aggregate amount of asserted Administrative Claims only for the purpose of determining whether the Plan can be confirmed pursuant to § 1129, and, (iii) based thereon, concludes that no administrative claim reserve is necessary other than as set forth in the Plan or provided below.

S.    **§ 1129(a)(12).** The Plan provides that fees payable pursuant to 28 U.S.C. § 1930 will be paid from the Debtor's Estate on or before the Effective Date.

T.    **§ 1129(a)(13).** The Estate is not obligated to pay any retiree benefits pursuant to § 1114, and therefore, the requirements of § 1129(a)(13) are inapplicable to confirmation of the Plan.

U.    **§§ 1129(a)(14) and (15).** The Estate does not owe any domestic support obligations and is not an individual. Therefore, the requirements of §§ 1129(a)(14) and 1129(a)(15) are inapplicable to confirmation of the Plan.

V.    **§ 1129(a)(16).** The Debtor is not a nonprofit corporation. Therefore, the requirements of § 1129(a)(16) are inapplicable to confirmation of the Plan.

W.    **§ 1129(b).** The Plan may be confirmed as to any Class that voted to reject the Plan or is deemed to have rejected the Plan (collectively, the "Rejecting Classes"), pursuant to § 1129(b), notwithstanding that the requirements of § 1129(a)(8) have not been met with respect to the Rejecting Classes, because the Plan Proponents have demonstrated by a preponderance of the evidence that the Plan (a) satisfies all of the other requirements of § 1129(a) and (b) does not "discriminate unfairly" and is "fair and equitable" with respect to the Holders of Claims and

Interests in the Rejecting Classes. The Plan, therefore, satisfies the requirements of § 1129(b) and may be confirmed despite the fact that the Rejecting Classes have rejected the Plan. After entry of this Confirmation Order and upon the occurrence of the Effective Date, the Plan shall be binding upon the Holders of Claims and Interests, as applicable, in the Rejecting Classes.

X.    **§ 1129(c).** The Plan (including previous versions thereof) is the only plan that has been filed in this Bankruptcy Case that has been found to satisfy the requirements of subsections (a) and (b) of § 1129. Accordingly, confirmation of the Plan complies with the requirements of § 1129(c).

Y.    **§ 1129(d).** No party in interest has requested that the Court deny Confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act, and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of § 1129(d).

Z.    **§ 1129(e).** This Bankruptcy Case is not a small business case within the meaning of the Bankruptcy Code.

AA.    Based upon the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan and the Plan Proponents satisfy the requirements for confirmation set forth in § 1129.

## <u>MODIFICATIONS TO THE PLAN</u>

BB.    The Non-Material Modifications do not materially or adversely affect or change the treatment of any Claim against any Debtor. The Non-Material Modifications do not require additional disclosure under § 1125 or the re-solicitation of acceptances or rejections of the Plan under § 1126.

CC.    The filing of the Plan and Non-Material Modifications constitute due and sufficient notice thereof under the circumstances of the Bankruptcy Case. Accordingly, the Plan is properly before the Bankruptcy Court, and all votes cast with respect to the Plan prior to the Non-Material Modifications shall be binding and shall apply with respect to the Plan.

160526478.5

**IMPLEMENTATION OF THE PLAN**

DD.    All documents and agreements necessary to implement the Plan, including, but not limited to, the Plan Supplement documents, are essential elements of the Plan and consummation of each agreement is in the best interests of the Estate and Holders of Claims. The Plan Proponents have exercised reasonable business judgment in determining to enter into the contemplated agreements, and the agreements have been negotiated in good faith, at arms'-length, are fair and reasonable, and shall, upon execution and upon the occurrence of the Effective Date, constitute legal, valid, binding, enforceable, and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms. Pursuant to § 1142(a), the Plan Supplement documents, and any other agreements necessary to implement the Plan will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

**CONDITIONS TO THE CONFIRMATION OF THE PLAN**

EE.    Each of the conditions precedent to entry of this Order has been satisfied in accordance with Section IV.K of the Plan.

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

FF.    Pursuant to §§ 365 and 1123(b)(2), upon the occurrence of the Effective Date, Sections IV.L and IV.M of the Plan provide for the assumption, assumption and assignment, or rejection of certain executory contracts and unexpired leases. The Plan Proponents' determinations regarding the assumption, assumption and assignment, or rejection of Executory Contracts and Unexpired Leases are based on and within the sound business judgment of the Plan Proponents, are necessary to the implementation of the Plan, and are in the best interests of the Debtor's estate, Holders of Claims, and other parties in interest in the Bankruptcy Case. The Plan Proponents may elect to file a "Schedule of Assumed Contracts" as part of the Plan Supplement (as it may be amended or supplemented) prior to the Effective Date and will provide notice to counterparties of the Plan Proponents' determinations regarding the assumption, assumption and assignment, or rejection of Executory Contracts and Unexpired Leases and any related Cure amounts. The Plan Proponents are authorized to make modifications to the Schedule of Assumed Contracts as provided for in the Plan.

160526478.5

1    **RELEASES, EXCULPATIONS AND INJUNCTIONS OF RELEASED PARTIES**

2       GG.    Each party that will benefit from the releases, exculpations, and related

3  injunctions set forth in the Plan was instrumental to the successful prosecution of the Bankruptcy

4  Case including the Plan, and/or provided a substantial contribution to the Estate, which value

5  provided a significant benefit to the Estate and general unsecured creditors, and which will allow

6  for distributions that would not otherwise be available but for the contributions made by such

7  parties. The releases in Section V.D of the Plan are, individually and collectively, integral to, and

8  necessary for the successful implementation of, the Plan and are supported by reasonable

9  consideration and are consistent with applicable and binding Ninth Circuit law.

10       **WAIVER OF STAY**

11       HH.    Under the circumstances, it is appropriate that the 14-day stay imposed by

12  Bankruptcy Rules 3020(e) and 7062(a) be waived.

13  **II.    ORDER**

14       BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW,

15  IT IS THEREFORE HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

16       1.    **Confirmation of the Plan.** The Plan (including the Plan Supplement) and each of

17  its provisions (whether or not specifically set forth and approved in this Order), is and are

18  CONFIRMED in each and every respect, pursuant to § 1129, and the terms of the Plan and the Plan

19  Supplement are incorporated by reference into, and are an integral part of, this order ("Confirmation

20  Order"), provided, however, that if there is any direct conflict between the terms of the Plan and

21  the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The

22  Effective Date of the Plan is set forth in the Plan, except as modified by this Confirmation Order.

23  The failure to specifically include or to refer to any particular article, section, or provision of the

24  Plan, Plan Supplement, or any related document in this Confirmation Order shall not diminish or

25  impair the effectiveness of such article, section, or provision, it being the intent of the Court that

26  this Confirmation Order confirm the Plan and any related documents in their entirety, except as

27  modified by this Confirmation Order.

28

2.      **Notice**. Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of the Bankruptcy Case, and was in compliance with the provisions of applicable law, including, without limitation, the Bankruptcy Code, the Bankruptcy Rules, and the LBRs. In addition, the procedures to provide notice of any Schedule of Assumed Contracts to all counterparties to Executory Contracts or Unexpired Leases with the Debtor are adequate and sufficient, in substantial compliance with the Disclosure Statement Order and Bankruptcy Rules 2002(b), 3017 and 3020(b), and no other or further notice is or shall be required (other than as expressly provided for in the Plan for any amendments to the Schedule of Assumed Contracts).

3.      **Objections.** The Objections to confirmation of the Plan are OVERRULED in their entirety except as otherwise set forth herein.

4.      **Plan Classification Controlling.** The terms of the Plan shall solely govern the classification of Claims for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the holders of Claims in connection with voting on the Plan pursuant to the Disclosure Statement Order: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Plan Proponents or Liquidating Trust except for voting purposes.

5.      **Order Binding on All Parties.** Notwithstanding Bankruptcy Rules 3020(e) or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and this Order shall be immediately binding upon, and inure to the benefit of: (a) the Plan Proponents; (b) the Trustee on behalf of the Estate; (c) the Liquidating Trust; (d) any and all holders of Claims (irrespective of whether such Claims are impaired under the Plan or whether the Holders of such Claims accepted, rejected or are deemed to have accepted, or rejected the Plan); (e) any other person giving, acquiring, or receiving property under the Plan; (f) any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor; and (g) the respective heirs,

executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors, or assigns, if any, of any of the foregoing. On the Effective Date, all settlements, compromises, releases, waivers, discharges, exculpations, and injunctions set forth in the Plan shall be effective and binding on all Persons.

6.    **Other Essential Documents and Agreements.** The form of documents comprising the Plan Supplement, any other agreements, instruments, certificates, or documents related thereto, and the transactions contemplated by each of the foregoing are approved and, upon execution and delivery of the agreements and documents relating thereto by the applicable parties, shall be in full force and effect and valid, binding, and enforceable in accordance with their terms without the need for any further notice to or action, order, or approval of this Court, or other act or action under applicable law, regulation, order, or rule. The Plan Proponents, and after the Effective Date, the Trustee and/or the Liquidating Trustee (as may be applicable), are authorized, without further approval of this Court or any other party, to execute and deliver all agreements, documents, instruments, securities, and certificates relating to such agreements and perform their obligations thereunder, including, without limitation, payment of all fees due thereunder or in connection therewith.

7.    **Unclassified Claims.** On and after the Effective Date, the treatment of the Unclassified Claims of the Debtor shall be effectuated pursuant to Section III of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

8.    **Administrative Claims Bar Date**. Pursuant to Section VI.A.3 of the Plan, and except as otherwise provided in the Plan, requests for payment of Administrative Claims, including Professional Fee Claims (excluding requests for payment of Professional Fee Claims and fees and charges assessed against the Debtor's estate pursuant to § 1930 of the Judicial Code) are required to be filed by (a) November 21, 2023, for Administrative Claims that may have arisen, accrued, or otherwise become due and payable at any time on and subsequent to the Petition Date but on or before the Sale Closing, or (b) 45 days after the Effective Date for Administrative Claims that may have arisen, accrued, or otherwise become due and payable at any time on and subsequent to the Sale Closing. Holders of Administrative Claims that are required to, but do not, File and serve a

- 14 -

request for payment of such Administrative Claims by the applicable Administrative Claims Bar Dates shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Estate or its property, and such Administrative Claims shall be deemed satisfied, settled, and released. For the avoidance of doubt, Administrative Claims that arise in the ordinary course of the Debtor's ongoing business (if any) are not subject to the Administrative Claims Bar Date and shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions.

9.      **Fund Challenge Deadline.** Pursuant to Section IV.B.3(b) of the Plan, any party that wished to dispute the characterization of the Post-Petition Funds as property of the Estate and/or use of the Funds to fund Plan payments, was required to commence an adversary proceeding no later than July 11, 2024 ("Fund Challenge Deadline"). No party commenced a challenge by the Fund Challenge Deadline and, accordingly, all Post-Petition Funds shall be deemed property of the Estate in accordance with the Plan.

10.      **Ownership Challenge Deadline.** Pursuant to Section IV.B.3(b) of the Plan, any party that wished to assert an ownership interest in any property of the estate or Liquidating Trust Assets, were required to commence an adversary proceeding no later than July 11, 2024 ("Ownership Challenge Deadline"). PurchaseCo 80, LLC is the only entity that commenced an adversary proceeding by the Ownership Challenge Deadline. The Trustee's proposed compromise of that adversary proceeding was approved by order entered on August 28, 2024, as Dk. No. 1563. Accordingly, all parties shall be, and hereby are, barred from, and deemed to have waived and forfeited, any ownership or similar claim in property of the estate or in the Liquidating Trust Assets.

11.      **Post-Effective Date Governance.** On and after the Effective Date, the post-Effective Date governance of the Estate shall be effectuated pursuant to Section IV of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

(a)      **Continued Corporate Existence and Vesting of Assets.** Pursuant to Section IV of the Plan, and except as set forth in the Plan: (i) the Debtor shall be dissolved, under applicable non-bankruptcy law, on the Effective Date or as soon thereafter as is practicable to accomplish the purposes of the Plan; (ii) the Debtor's interests and rights shall be vested, for all

160526478.5

purposes, in the Liquidating Trust; (iii) on the Effective Date, the authority, power, and incumbency of the persons acting as directors and officers of the Debtor shall be deemed to have been resigned, solely in their capacities as such, and the Liquidating Trustee shall be appointed as the sole manager and sole officer of the Debtor and shall succeed to the powers of the Debtor's directors and officers; (iv) from and after the Effective Date, the Trustee and then the Liquidating Trustee shall be the sole representative of, and shall act for, the Debtor to the extent necessary to implement and effectuate the terms of the Plan, except as provided in the Liquidating Trust Agreement with respect to certain rights of the Post-Confirmation Committee to appear and be heard. On and after the Effective Date, the Debtor shall continue in existence solely for the following limited purposes: (i) for the Trustee to make any Effective Date payments required under the Plan; (ii) transferring property of the Estate to the Liquidating Trust under the terms of the Plan; and (iii) taking all steps to execute all instruments and documents necessary to effectuate the Plan. Without limiting the foregoing, the Trustee and then the Liquidating Trustee may pay any charges incurred from and after the funding of the Liquidating Trust for Professional Claims, disbursements, expenses or related support services without application to, or the approval of, the Court, in accordance with the Plan.

(b)    **Dissolution of the Committee.** Pursuant to Section 2.10(a) of the Liquidating Trust Agreement, on the Effective Date, the Committee shall be dissolved (except with respect to any Professional compensation matters), and the members, employees, agents, advisors, affiliates, and representatives (including, without limitation, attorneys, financial advisors, or other professionals) of each thereof shall thereupon be released from and discharged of and from all further authority, duties, responsibilities, and obligations related thereto, arising from and in connection with or related to the Bankruptcy Case; provided, however, that obligations arising under confidentiality agreements, joint interest agreements, and protective orders; if any, entered during the Bankruptcy Case shall remain in full force and effect according to their terms.

(c)    **Formation of the Post-Effective Date Committee.** Pursuant to Section IV.B.V of the Plan, prior to the Effective Date, a committee shall be appointed to serve as the Post-Confirmation Oversight Committee, pursuant to the terms of the Post-Confirmation Oversight Committee Bylaws to be established by the Post-Confirmation Oversight Committee. Members of

the Post-Confirmation Oversight Committee shall have the duties and oversight responsibilities set forth in the Liquidating Trust Agreement and in the Plan.

12.    **Means for Implementation of the Plan.** On and after the Effective Date, the Plan's implementation shall be effectuated pursuant to Section IV of the Plan, which is specifically approved in all respects, except as otherwise set forth herein, is incorporated herein in its entirety, and is so ordered.

(a)    **No Further Court Authorization.** Except as otherwise set forth in the Plan or this Confirmation Order, on and after the Effective Date, the Debtor, the Chapter 11 Trustee, and the Liquidating Trustee shall not be required to obtain any approvals from the Bankruptcy Court, any court or governmental body and/or provide any notices or seek approvals under the to implement the terms of the Plan including, without limitation, the transfer of any assets of the Estate pursuant to the terms of the Plan and the Liquidating Trust Agreement.

(b)    Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of, this Court, or further action by the Plan Proponents or representatives of the Liquidating Trust.

(c)    To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the directors of any of the Trustee on behalf of the Estate or the Liquidating Trust, this Confirmation Order shall, pursuant to § 1142, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of Trustee on behalf of the Estate and the representatives or the Liquidating Trust, unless the Plan expressly provides that such party must provide such consent after the Effective Date.

(d)    Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

(e)    All transactions effected by the Trustee during the pendency of the Bankruptcy Case from the Petition Date through the Confirmation Date are approved and ratified.

- 17 -

(f)    **Preservation of Insurance.** Nothing in the Plan shall diminish, impair, or otherwise affect distributions from the proceeds or the enforceability of any insurance policies that may cover (a) Claims by the Debtor, or (b) Claims against the Debtor or covered Persons thereunder.

13.    **Plan Distributions.** On and after the Effective Date, distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims shall be effectuated pursuant to Section IV.B of the Plan, which is specifically approved in all respects, incorporated herein in its entirety, and is so ordered. The record date for making distributions as required by the Plan shall be the Effective Date.

14.    **Procedures for Treating and Resolving Disputed Claims.** On and after the Effective Date, the procedures for the treatment and resolution of Disputed Claims shall be effectuated pursuant to Section 10 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

15.    **Resolution of Disputed Claims.** The Liquidating Trustee shall have the right to file, settle, compromise, withdraw, or litigate objections to certain Claims pursuant to the Disputed Claims resolution procedures outlined in Section IV.I of the Plan. The Liquidating Trustee may settle, compromise, or withdraw any objections or proceedings without Court approval or may seek Court approval without notice to any Person.

16.    **Executory Contracts and Unexpired Leases.** On and after the Effective Date, the treatment of Executory Contracts and Unexpired Leases shall be effectuated pursuant to Sections IV.L and IV.M of the Plan, which are specifically approved in all respects, are incorporated herein in their entirety, and are so ordered.

(a)    **General Treatment.** Pursuant to Section IV.L of the Plan, on the Effective Date, all Executory Contracts and Unexpired Leases to which the Debtor is a party shall be deemed rejected as of the Effective Date and will receive a Notice of Rejection of Executory Contract and/or Unexpired Lease, substantially in the form annexed hereto as **Exhibit "A,"** except for those Executory Contracts and Unexpired Leases that (a) have been assumed or rejected pursuant to a Final Order of the Bankruptcy Court (including pursuant to the Rejection Procedures), (b) are the

- 18 -

subject of a separate motion to assume, assume and assign, or reject filed under § 365 on or before the Effective Date, or (c) are specifically designated as a contract or lease to be assumed on any Schedule of Assumed Contracts and no timely objection to the proposed assumption has been filed, provided, however, that the Plan Proponents reserve the right to amend the Plan Supplement at any time. If the party to the Executory Contract or Unexpired Lease listed to be assumed in any Schedule of Assumed Contracts wishes to object to the proposed assumption (including with respect to the cure amounts), it shall do so within thirty (30) days from the service of the Schedule of Assumed Contracts.

(b)        **Cure of Defaults.** Pursuant to Section IV.M of the Plan, Any cure obligations under each Executory Contract and Unexpired Lease to be assumed (or assumed and assigned) pursuant to the Plan shall be satisfied, pursuant to § 365(b)(1) of the Bankruptcy Code, by performance or payment of the default amount in Cash on or after the Effective Date, subject to the limitations described in Section IV.M of the Plan, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree. In the event of a dispute regarding (1) the cure obligation, (2) the ability of the Debtor, the Liquidating Trustee or any assignee to provide "adequate assurance of future performance" (within the meaning of § 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed (or assumed and assigned), or (3) any other matter pertaining to assumption (or assumption and assignment) or the cure obligations required by § 365(b)(1) of the Bankruptcy Code, such dispute shall be determined either (x) by agreement of the parties to such dispute or (y) following the entry of a Final Order or orders resolving the dispute and approving the assumption (or assumption and assignment). Notwithstanding the foregoing, at all times through the date that is fifteen (15) days after the Bankruptcy Court enters a Final Order resolving and fixing the amount of a disputed cure amount, the Debtor or the Liquidating Trustee (as applicable) shall have the right to remove such Executory Contract or Unexpired Lease from the Schedule of Assumed Contracts and such Executory Contract or Unexpired Lease shall be deemed rejected.

(c)        **Bar Date for Rejection Damages.** Pursuant to Section IV.L of the Plan, Claims arising out of the rejection of an Executory Contract or Unexpired Lease with the Debtor

pursuant to the Plan must be filed with the Bankruptcy Court no later than thirty (30) days after the later of (1) the date of entry of an order of the Bankruptcy Court (including this Confirmation Order) approving such rejection, (2) the effective date of such rejection (or deemed rejection), or (3) the Effective Date. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan or Confirmation Order not filed with the Bankruptcy Court within such time will be automatically Disallowed, forever barred from assertion, and shall not be enforceable against the Debtor, the Liquidating Trust and the Estate, or their property without the need for any objection by the Liquidating Trustee or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied and released, notwithstanding anything in the Schedules or a Proof of Claim to the contrary. For the avoidance of doubt, nothing provided herein shall extend or modify any previously established deadline to file a claim arising from the rejection of an Executory Contract or Unexpired Lease previously rejected by the Liquidating Trustee or the Debtor. To the extent any Claims are filed based on rejection of Executory Contracts or Unexpired Leases, such Claims shall be treated as a General Unsecured Claims in Class 3A of the Plan.

17.      **Conditions Precedent to the Effective Date.** Except as otherwise provided herein, on and after the Effective Date, the conditions precedent to the Confirmation of the Plan and the conditions precedent to the Effective Date, pursuant to Sections IV.K.1, 2, and 4 of the Plan are specifically approved, are incorporated herein in their entirety, and are so ordered.  Notwithstanding the foregoing, Section IV.K.2(b) is stricken in its entirety and is not a condition precedent to the Effective Date.

18.      **No Waiver of Effective Date Conditions.**  Section IV.K.3 of the Plan is stricken in its entirety.  The Plan Proponents shall not be permitted to waive any of the conditions precedent to the Effective Date absent further order of the Court.

19.      **Effect of Confirmation.** On and after the Effective Date, the Plan shall be effectuated pursuant to Section V of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

160526478.5

(a)   **No Revesting of Assets.** Upon the Effective Date, pursuant to Section V.B of the Plan, all Property of the Estate will remain Property of the Estate and/or the Liquidating Trust free and clear of all claims and interests except as provided in the Plan. No Estate assets shall revert to the Debtor as a result of confirmation. The Trustee and Liquidating Trustee shall be the entity responsible for carrying out the terms of the Plan and to comply with any orders of the Court regarding the Plan or the assets of the Estate, subject to the terms of the Liquidating Trust Agreement and the Confirmation Order

(b)   **General Settlement of Claims and Interests.** Unless otherwise authorized by another order of the Bankruptcy Court, pursuant to § 1123(b)(3) and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Causes of Actions relating to the rights that a Holder of a Claim may have against the Debtor with respect to any Allowed Claim or any distribution to be made pursuant to the Plan on account of any Allowed Claim. Unless otherwise authorized, the entry of this Confirmation Order shall constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such Causes of Action and the Bankruptcy Court's finding that all such Causes of Action are in the best interests of the Debtor, their Estates, their respective property, and Claim Holders and are fair, equitable and reasonable.

(c)   **Plan Releases, Injunctions, and Exculpation.** The Plan release and injunction provisions set forth in Sections IV.B.31, IV.B.32, and V.D of the Plan are approved in all respects, are incorporated herein in their entirety, are so ordered and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party.

(d)   **Releases.** The Plan release provisions set forth in Section IV.B.31, IV.B.32, and V.D of the Plan are approved in all respects, are incorporated herein in their entirety, are so ordered, and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party:

(i)   ***WAIVER OF LIMITATIONS ON RELEASES. THE LAWS OF SOME STATES (FOR EXAMPLE, CALIFORNIA CIVIL CODE § 1542) PROVIDE, IN***

***WORDS OR SUBSTANCE, THAT A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS/HER DECISION TO RELEASE. THE RELEASING PARTIES IN SECTION IV.B.32 OF THE PLAN ARE DEEMED TO HAVE WAIVED ANY RIGHTS THEY MAY HAVE UNDER SUCH STATE LAWS AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.***

(e)    <u>**General Injunction.**</u> The Plan Injunction provision set forth in Section IV.B.32 of the Plan is approved in all respects, is incorporated herein in its entirety, is so ordered, and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party:

(f)    <u>**Exculpation.**</u> The Plan Exculpation provision set forth in Section V.D of the Plan is approved in all respects, is incorporated herein in its entirety, is so ordered, and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party:

To the maximum extent permitted by law, neither the Trustee, the Liquidating Trustee, the Estate, the Committee, the Post-Confirmation Oversight Committee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or the professionals employed or retained by any of them, whether or not by Court order shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, the Disclosure Statement, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein; provided, however, that the foregoing exculpation shall not extend to any act or omission constituting fraud, willful misconduct, or gross negligence by the foregoing parties. Each of the exculpated persons set forth in this Section of the Plan shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in this Plan shall effectuate an exculpation, release, or injunction in favor of the Debtor's employees, officers, directors, shareholders, agents, members, representatives, Affiliates, alter egos, or the professionals employed or retained by any of them, and all rights and Causes of Action held by the Estate against any of the foregoing are expressly preserved by this Plan.

20.    <u>**Preservation of Causes of Action.**</u>  After confirmation of the Plan, the Estate and the Liquidating Trust shall retain all rights to continue, commence and pursue, as appropriate, any and all claims or Causes of Action, including those identified in the Plan Supplement, and objections to Claims, whether arising before or after the date on which the Debtor filed its petition, in any court or other tribunal including, without limitation, in an adversary proceeding

1   filed in the Bankruptcy Case. The failure to list any potential or existing claims or causes of

2   action shall not limit the rights of the Liquidating Trustee to pursue any claims or causes of action

3   not listed or identified. With respect to each Cause of Action, on the later of the Effective Date

4   or the transfer of a Cause of Action from the Professional Fee Claim Reserve to the Liquidating

5   Trust, the Liquidating Trustee shall have the absolute authority to prosecute, waive, adjust, or

6   settle any and claims, including all Causes of Action, without the need for approval by the Court,

7   subject to the terms of the Liquidating Trust Agreement. Unless a claim or Cause of Action

8   against a creditor or other entity is expressly waived, relinquished, released, compromised, or

9   settled in the Plan or any other Final Order of the Court, the Estate expressly reserves such claim

10  or Cause of Action for later adjudication (including, without limitation, claims and causes of

11  action not specifically identified or which the Debtor or its Estate may presently be unaware or

12  which may arise or exist by reason of additional facts or circumstances unknown to the Plan

13  Proponents, or the Estate at this time or facts or circumstances which may change or be different

14  from those which the Plan Proponents or the Estate now believe to exist). No preclusion doctrine,

15  including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion,

16  claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such

17  claims, or Causes of Action upon or after the confirmation or consummation of the Plan based

18  on the Disclosure Statement, the Confirmation Order, except where such claims and Causes of

19  Action have been explicitly released in the Plan. In addition, the Liquidating Trust, and the Estate

20  expressly reserve the right to pursue or adopt any claims alleged in any lawsuit in which the

21  Debtor is a defendant or an interested party, against any person or entity, including without

22  limitation, the plaintiff or co-defendant in such lawsuits. Delivery (by any means) of the Plan or

23  the Disclosure Statement approved by the Court to any person whom the Debtor and/or Estate

24  has incurred an obligation, or who has received a transfer of money or property of the Debtor, or

25  who has transacted business with the Debtor or the Estate shall constitute actual notice that such

26  obligation, transfer, or transaction may be reviewed by the Trustee subsequent to the approval by

27  the Court of the Plan and may, if appropriate, be the subject of an action after the approval by the

28  Court of the Plan, whether or not (i) such person has field a proof of claim in this Case; (ii) such

person's proof of claim has been the subject of an objection; (iii) such person's claim was included in the schedules; or (iv) such person's scheduled claim has been identified by the Trustee as disputed, contingent, or unliquidated.

21.    **Retention of Jurisdiction.** Unless otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising in, arising under, or related to this Chapter 11 Case including the Liquidating Trust as is legally permissible, including without limitation jurisdiction over those matters and issues described in Section IV.O of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

22.    **Severability.** In the event that the Bankruptcy Court determines, prior to the Effective Date, that any provision of the Plan is invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistently with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

23.    **Binding Effect of Prior Orders.** Pursuant to § 1141, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtor as authorized and directed thereunder, and all motions or requests for relief by the Debtor pending before the Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Chapter 11 Trustee, the Debtor, the Liquidating Trust, and their respective successors and assigns.

160526478.5

24.     **Notice of Confirmation of the Plan.** Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Chapter 11 Trustee will serve a notice of the entry of this Order substantially in the form of **Exhibit "B"** attached hereto and incorporated herein by reference (the "Confirmation Notice"), to all parties in the creditor database maintained by Omni, no later than five (5) Business Days after the Confirmation Date; provided, however, that the Chapter 11 Trustee will serve the Confirmation Notice only on the record Holders of Claims as of the Confirmation Date. As soon as practicable after the entry of this Order, the Plan Proponent will make copies of this Order and the Confirmation Notice available on the Debtor's restructuring website at https://cases.omniagentsolutions.com/home?clientId=3675. As soon as practicable after the occurrence of the Effective Date pursuant to the terms of the Plan, the Plan Proponents will serve the notice of Effective Date, substantially in the form attached hereto as **Exhibit "C"** (the "Notice of Effective Date") on all parties served with the Confirmation Notice.

25.     **Modification of the Plan.** After the entry of this Confirmation Order, the Plan Proponents may, upon order of the Bankruptcy Court, amend or modify this Plan, in accordance with § 1127(b), or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan. A Holder of an Allowed Claim that is deemed to have accepted the Plan shall be deemed to have accepted the Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim of such Holder. Notwithstanding the foregoing, the Plan Proponents are authorized to file Plan Supplements on or before the Effective Date of the Plan.

26.     **Governing Law.** Pursuant to Section VI.D of the Plan, unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of California, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control)..

160526478.5

27.    **Notice.** Except as otherwise provided in the Plan and this Confirmation Order, as of the Effective Date, notice of all subsequent pleadings in the Bankruptcy Case shall be limited to counsel to the Plan Proponents, counsel to the Post-Effective Date Committee, the U.S. Trustee, and any party known to be directly affected by the relief sought.

28.    **References to Plan.** Any document related to the Plan that refers to a chapter 11 plan of the Plan Proponents other than the Plan confirmed by this Order shall be, and it hereby is, deemed to be modified such that the reference to a chapter 11 plan of the Plan Proponents in such document shall mean the Plan confirmed by this Confirmation Order, as appropriate.

29.    **Reconciliation of Inconsistencies.** Without intending to modify any prior Order of this Court (or any agreement, instrument or document addressed by any prior Order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document). In the event of any inconsistency between the Plan or any agreement, instrument, or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

30.    **Automatic Stay.** Pursuant to Section IV.B.32 of the Plan, the Automatic Stay is lifted as to the Debtor upon the Chapter 11 Trustee's transfer of assets to the Liquidating Trust. All such property will be transferred to the Liquidating Trust free and clear of liens, claims, and interests except as otherwise provided in or required to be paid pursuant to the Plan. Notwithstanding the funding of the Liquidating Trust, such assets may be transferred back to the Estate as necessary to pay claims required under the Plan or the Liquidating Trustee may directly pay any such claims.

31.    **Liquidating Trust Agreement Modification.** The Liquidating Trust Agreement is approved in all respects; provided, however, that Section 2.10(d) of the Liquidating Trust Agreement shall be modified as follows:

> (d)    <u>Disputes; Exclusive Right</u>.    The Post-Confirmation Committee shall have the sole and exclusive right to exercise the oversight powers set forth herein. If the Liquidation Trustee believes

that the Post-Confirmation Committee's decision with respect to the actions described in Section 2.10(c)(i), *(ii)*, (iii), and (iv) would result in a breach of the Liquidation Trustee's fiduciary duty or duties, the Liquidation Trustee may seek an order from the Bankruptcy Court resolving such dispute, subject to the Post-Confirmation Committee's right to object. In resolving any dispute presented to the Bankruptcy Court, the court need not find that the Post-Confirmation Committee's decision would in fact constitute a breach of the Liquidation Trustee's fiduciary duties. Instead, the Bankruptcy Court shall resolve such dispute based on what it finds to be in the best interest of the Liquidation Trust Beneficiaries. Notwithstanding the foregoing, and as a compromise between the Trustee and the Committee, the Liquidation Trustee may seek an order of the Bankruptcy Court authorizing the Liquidation Trustee to take an action set forth in Section 2.10(c) without the consent of the Post-Confirmation Committee on the grounds that the Post-Confirmation Committee's decision to withhold consent for such action is not in the best interests of the Liquidation Trust or the Liquidation Trust Beneficiaries (the "**Alternative Consent Procedure**"). The Trustee may only seek relief under the Alternative Consent Procedure if the Post-Confirmation Committee is no longer represented by the Initial Post-Confirmation Committee Counsel.

32.    **Establishment of Professional Fee Claim Reserve.**  On or before the Effective Date, the Trustee shall cause the Estate to establish and fund a reserve to be held by the Estate on and after the Effective Date (the "Professional Fee Claim Reserve") with Cash and other assets equal to the amount of projected Professional Fee Claims to be asserted against the Estate.  The Professional Fee Claim Reserve shall be maintained in trust solely for the Holders of Professional Fee Claims and for no other entities until all Professional Fee Claims Allowed by the Bankruptcy Court have been paid in full to the Professionals, pursuant to one or more Final Orders of the Bankruptcy Court and the terms of the Plan.  No Liens, Claims, or Interests shall encumber the Professional Fee Claim Reserve or Cash or other assets held in the Professional Fee Claim Reserve in any way. Funds held in the Professional Fee Claim Reserve shall not be considered property of the Estate or the Liquidating Trust for any purpose other than the payment of Allowed Professional Fee Claims.

33.    **Distributions from the Professional Fee Claim Reserve.**  The amount of Allowed Professional Fee Claims owing to Holders of Allowed Professional Fee Claims shall be paid in

Cash to such Holders by the Trustee from the funds held in the Professional Fee Claim Reserve as soon as reasonably practicable after such Professional Fee Claims are Allowed by an order of the Bankruptcy Court; provided that the Estate's obligations to pay Allowed Professional Fee Claims shall not be limited nor be deemed limited to funds held in the Professional Fee Claim Reserve. To the extent that funds held in the Professional Fee Claim Reserve are insufficient to satisfy the amount of Allowed Professional Fee Claims owing to the Professionals, such Professionals shall have Allowed Administrative Claim(s) for any such deficiency, which Allowed Administrative Claim(s) shall be satisfied from other property of the estate or Liquidating Trust including in accordance with Article III.B of the Plan. When all Allowed Professional Fee Claims have been paid in full to the Holders of Allowed Professional Fee Claims, pursuant to one or more Orders of the Bankruptcy Court, any remaining funds held in the Professional Fee Claim Reserve shall promptly be transferred to the Liquidating Trust and become Liquidating Trust Assets.

34.    **Clarification of Plan Language Concerning Super-Priority Loans.**    For the avoidance of doubt and as a result of certain payments made pursuant to surcharge motions, Section III.C.4 of the Plan is revised and amended as follows, solely with respect to the subsection relating to Super-Priority Loans and without modification to any other subsection addressing Wages/Commissions, Contributions to Employee Benefit Plan, or Deposits:

- Super-Priority Loans: Section 364(c) of the Bankruptcy Code provides that certain loans may be afforded priority over any or all administrative expenses of the kind specified in §§ 503(b) and 507(b) of the Bankruptcy Code. In the Bankruptcy Case, the Court approved several such loans. On May 23, 2024, the Trustee filed a Motion to Surcharge the Proceeds of Sale Subject to the Purported Claims of Secured Creditors to Pay the Super-Priority Administrative Loans Used to Fund Operations before the Sale Closed [Docket No. 1242]. The Court granted this motion in an order dated June 18, 2024 [Docket No. 1350]. As a result, Holders of unpaid and Allowed Super-Priority Loan claims shall be paid under the terms of this Plan to the extent not already paid on the Effective Date.

35.    **Certain Clarifications on the Record of the Confirmation Hearing.** As set forth on the record of the Confirmation Hearing and set forth more fully herein and in the Plan, for the avoidance of doubt:

160526478.5

(a)     The Holder of a late-filed General Unsecured Claim not filed by the applicable Bar Date that subsequently is adjudicated by Final Order to constitute an Allowed General Unsecured Claim shall be entitled to such treatment (including, without limitation the right to Trust Beneficial Interests) as accorded to other Holders of Allowed General Unsecured Claims under the terms of the Plan; and

(b)     The treatment of Disputed Administrative Claims that are subsequently Allowed by Final Order following the Effective Date shall be as set forth in Section III.B.1 of the Plan.

36.     **OHP/PurchaseCo Settlement.**  Notwithstanding anything to the contrary in this Order, the claim(s) of OHP-CDR LP and interest(s) of PurchaseCo 80, LLC shall be treated as set forth in the agreement between the chapter 11 trustee, OHP-CDR, LP, and PurchaseCo 80, LLC, which was approved by the Court on August 28, 2024 [Docket No. 1563] (the "OHP/PurchaseCo Settlement" and the "OHP/PurchaseCo Settlement Order").  For the avoidance of doubt, the OHP/PurchaseCo Settlement Order is expressly incorporated into this Order.

37.     **Postconfirmation Status Conference.**  The Court shall hold a postconfirmation status conference on November 6, 2024, at 1:30 p.m. (the "Postconfirmation Status Conference"). The Liquidating Trustee shall (and any other party in interest may) file a postconfirmation status report not later than 14 days prior to the Postconfirmation Status Conference.

38.     **Order Effective Immediately**. Notwithstanding Bankruptcy Rules 3020(e) or 7062 or otherwise, the stay provided for under Bankruptcy Rule 3020(e) shall be waived and this Order shall be effective and enforceable immediately upon entry. The Plan Proponents are authorized to consummate the Plan and the transactions contemplated thereby immediately after entry of this Order and upon, or concurrently with, satisfaction of the conditions set forth in the Plan.

###

Date: September 9, 2024

Scott C. Clarkson
United States Bankruptcy Judge

- 29 -

160526478.5

**<u>Exhibit A</u>**

**Notice of Rejection of Executory Contract and/or Unexpired Lease**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 11 Trustee,
RICHARD A. MARSHACK

Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com
Counsel for Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11 Case<br><br>**NOTICE OF REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES** |

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    1.    By Order dated _____, 2024 [Docket No. _____] (the "Confirmation Order"), the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") confirmed the *Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)*[Docket No. 1344] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan")[1] filed by Richard A. Marshack, the Chapter 11 Trustee ("Chapter 11 Trustee") for the debtor (the "Debtor") in the above-captioned chapter 11 case, and the Official Committee of Unsecured Creditors (the "Committee," and together with the Chapter 11 Trustee, the "Plan Proponents") as satisfying the requirements of § 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

---

[1] Capitalized terms used but not otherwise defined herein have the definitions set forth in the Plan.

2.     On _____, 2024, the Effective Date of the Plan occurred and the Plan was substantially consummated.

3.     **YOU ARE OR MIGHT BE A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE DEEMED REJECTED BY THE PLAN AS OF THE EFFECTIVE DATE.**

4.     <u>Rejection of Executory Contracts and Unexpired Leases</u>. Pursuant to Section IV.L of the Plan, on the Effective Date, all Executory Contracts and Unexpired Leases to which any Debtor is a party shall be deemed rejected as of the Effective Date, other than those Executory Agreements that (a) have been assumed or rejected pursuant to a Final Order of the Bankruptcy Court (including pursuant to the Rejection Procedures), (b) are the subject of a separate motion to assume, assume and assign, or reject filed under § 365 on or before the Effective Date, or (c) are specifically designated as a contract or lease to be assumed on any Schedule of Assumed Contracts and no timely objection to the proposed assumption has been filed, provided, however, that the Plan Proponents reserve the right to amend the Plan Supplement at any time.

5.     <u>Bar Date for Rejection Damages</u>. Pursuant to Section IV.L of the Plan, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases pursuant to the Plan or the Confirmation Order, if any, must be filed with the Bankruptcy Court within thirty (30) days after the later of (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (2) the effective date of such rejection (or deemed rejection), or (3) the Effective Date. Any Claims not filed within such time period will be forever barred from assertion against the Debtor, its property, its Estate, and/or the Liquidating Trust.

6.     <u>Viewing the Plan and Confirmation Order</u>. The Plan and the Confirmation Order may be obtained: (a) via download from the Bankruptcy Court's website at ecf.cacb.uscourts.gov for registered users of the PACER and/or CM/ECF systems; (b) via download from https://cases.omniagentsolutions.com/home?clientId=3675; or (c) by written request to:

The Litigation Practice Group P.C.
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

DATED: _____, 2024                MARSHACK HAYS WOOD LLP


                                      By: _____
                                          D. EDWARD HAYS
                                          LAILA MASUD
                                          General Counsel for Chapter 11 Trustee,
                                          RICHARD A. MARSHACK

DATED: _____, 2024                FOX ROTHSCHILD LLP


                                      By: _____
                                          KEITH OWENS
                                          NICHOLAS KOFFROTH
                                          Attorneys for the Official Committee of
                                          Unsecured Creditors

2

160864637.1

**Exhibit B**

**Confirmation Notice**

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  **MARSHACK HAYS WOOD LLP**
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  General Counsel for Chapter 11 Trustee,
   RICHARD A. MARSHACK
7
   Keith C. Owens (SBN 184841)
8  Nicholas A. Koffroth (SBN 287854)
   **FOX ROTHSCHILD LLP**
9  10250 Constellation Blvd., Suite 900
   Los Angeles CA 90067
10 Telephone: (310) 598-4150
   Facsimile: (310) 556-9828
11 kowens@foxrothschild.com
   nkoffroth@foxrothschild.com
12 Counsel for Official Committee of Unsecured Creditors

13             **UNITED STATES BANKRUPTCY COURT**
       **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**
14

15 | In re | Case No. 8:23-bk-10571-SC |

16 | LITIGATION PRACTICE GROUP P.C., | Chapter 11 Case |

17 |      Debtor. | |

18 | | **NOTICE OF CONFIRMATION OF MODIFIED FIRST JOINT PLAN OF LIQUIDATION (DATED JUNE 14,2024)** |

19

20 **PLEASE TAKE NOTICE OF THE FOLLOWING:**

21       1.      By Order dated September ___, 2024 [Docket No. ___] (the "<u>Confirmation Order</u>"),
   the United States Bankruptcy Court for the Central District of California (the "<u>Bankruptcy Court</u>")
22 confirmed the *Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)*
   [Docket No. 1344] (including all exhibits thereto, any plan supplement, and as amended, modified,
23 or supplemented from time to time, the "<u>Plan</u>")[9] filed by Richard A. Marshack, the Chapter 11
   Trustee ("<u>Chapter 11 Trustee</u>") for the debtor (the "<u>Debtor</u>") in the above-captioned chapter 11
24 case, and the Official Committee of Unsecured Creditors (the "<u>Committee</u>," and together with the

25

26

27

28       [9] Capitalized terms used but not otherwise defined herein have the definitions set forth
   in the Plan.

- 1 -

Chapter 11 Trustee, the "Plan Proponents"), as satisfying the requirements of § 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.    The Plan and the Confirmation Order may be obtained:

(a) via download from the Bankruptcy Court's website at ecf.cacb.uscourts.gov for registered users of the PACER and/or CM/ECF systems;

(b) via download from https://cases.omniagentsolutions.com/home?clientId=3675; or

(c) by written request to:

The Litigation Practice Group P.C.
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

DATED: _____, 2024             MARSHACK HAYS WOOD LLP

By: _____
    D. EDWARD HAYS
    LAILA MASUD
    General Counsel for Chapter 11 Trustee,
    RICHARD A. MARSHACK

DATED: _____, 2024             FOX ROTHSCHILD LLP

By: _____
    KEITH OWENS
    NICHOLAS KOFFROTH
    Attorneys for the Official Committee of
    Unsecured Creditors

160865509.1

**<u>Exhibit C</u>**

**Notice of Effective Date**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
**MARSHACK HAYS WOOD LLP**
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 11 Trustee,
RICHARD A. MARSHACK

Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Counsel for Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11 Case<br><br>**NOTICE OF OCCURRENCE OF EFFECTIVE DATE OF MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED JUNE 14, 2024)** |

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    1.    By Order dated September ___, 2024 [Docket No. ____] (the "Confirmation Order"), the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") confirmed the *Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)* [Docket No. 1344] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan")[1] filed by Richard A. Marshack, the Chapter 11 Trustee ("Chapter 11 Trustee") for the debtor (the "Debtor") in the above-captioned chapter 11 case, and the Official Committee of Unsecured Creditors (the "Committee," and together with the Chapter 11 Trustee, the "Plan Proponents"), as satisfying the requirements of § 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

---

[1] Capitalized terms used but not otherwise defined herein have the definitions set forth in the Plan.

773770\07352\160862004.1

2.    **Effective Date**. On _____, 2024, the Effective Date of the Plan occurred and the Plan was substantially consummated in accordance with the Plan and the Confirmation Order.

3.    **Bar Date for Rejection Damages**. Pursuant to Section IV.L of the Plan, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases pursuant to the Plan or the Confirmation Order, if any, must be filed with the Bankruptcy Court within thirty (30) days after the later of (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (2) the effective date of such rejection (or deemed rejection), or (3) the Effective Date (i.e.,          , 2024). Any Claims not filed within such time period will be forever barred from assertion against the Debtor, its property, its Estate, and/or the Liquidating Trust.

4.    **Bar Date for Professional Claims**. Pursuant to Section III.B of the Plan, all Professionals seeking an award by the Bankruptcy Court of a Professional Claim (other than the Ordinary Course Professionals) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is forty-file (45) days after the Effective Date (i.e., _____, 2024). Objections to any final applications covering Professional Claims must be filed and served on the Post-Effective Date Debtors, the Liquidating Trustee, and the requesting Professional by the later of (1) sixty (60) days after the Effective Date and (2) sixty (60) days after the filing of the applicable request for payment of the Administrative Claims.

5.    **Releases, Injunctions, and Exculpation**:  Pursuant to the Confirmation Order, the releases and injunctions set forth in Section IV.B.32 of the Plan, and the exculpation provisions set forth in Section V.D of the Plan are now in full force and effect.

6.    **Viewing the Plan and Confirmation Order**.  The Plan and the Confirmation Order may be obtained: (a) via download from the Bankruptcy Court's website at ecf.cacb.uscourts.gov for registered users of the PACER and/or CM/ECF systems; (b) via download from https://cases.omniagentsolutions.com/home?clientId=3675; or (c) by written request to:

The Litigation Practice Group P.C.
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

DATED: _____, 2024          MARSHACK HAYS WOOD LLP


By: _____
    D. EDWARD HAYS
    LAILA MASUD
    General Counsel for Chapter 11 Trustee,
    RICHARD A. MARSHACK

DATED: _____, 2024          FOX ROTHSCHILD LLP


By: _____
    KEITH OWENS
    NICHOLAS KOFFROTH
    Attorneys for the Official Committee of
    Unsecured Creditors

773770\07352\160862004.1