CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:    619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK'S REPLY BRIEF IN RESPONSE TO THE OPPOSITION OF CONSUMER LEGAL GROUP, PC [BANKR. DKT. NO. 1635]** |
| | Date:       September 11, 2024<br>Time:      1:30 p.m.<br>Judge:     Hon. Scott C. Clarkson<br>Place:     Courtroom 5C –ViaZoom[1]<br>               411 West Fourth Street<br>               Santa Ana, California  92701 |

---

[1] Check Judge Clarkson's tentative calendar prior to hearing for further Zoom instructions.

## Table of Contents

INTRODUCTION ................................................................................................................4

THE COURT IS AUTHORIZED TO AND SHOULD GRANT THE OPTIMUM 9019 MOTION .6

    A.     The Optimum Reserve Was Funded with Post Petition ACH Debits on Transferred LPG

    Client Files and Should be Turned Over to the Trustee.................................................6

    B.     The Court Has Jurisdiction to Recover Assets Rightfully Belonging to the Estate..............8

    C.     CLG's Status As A Stalking Horse Bidder Does Not Negate Trustee's Claims Nor Does It

    Transmute Funds Rightfully Belonging to the Estate to CLG.........................................10

    D.     Trustee Has Satisfied The Standards of Bankruptcy Rule 9019. .......................................12

CONCLUSION...................................................................................................................14

1

2

# TABLE OF AUTHORITIES

3

**Cases**

4

*Clark v. Coye*,
   60 F.3d 600 (9th Cir. 1995) ......................................................................................... 9

5

6

*Diamond v. Friedman* (In re Century City Doctors Hospital, LLC),
   (Bankr. C.D. Cal. 2012) 466 B.R. 1 ........................................................................... 12

7

*In re Contractors Equipment Supply Co.*,
   861 F.2d 241 (9th Cir. 1988) ................................................................................. 8, 10

8

9

*In re Mavrode*,
   205 B.R. 716, 721 (Bankr. D. N.J. 1997) .................................................................... 13

10

*In re Nortel Networks, Inc.*,
   522 B.R. 491, 512-13 (Bankr. D. Del. 2014) ............................................................. 13

11

12

*In re Nutraquest*,
   434 F.3d 639, 645 (3d. Cir. 2006) ............................................................................. 13

13

*In re Taco Ed's, Inc.*,
   63 B.R. 913 (Bankr. N.D. Ohio 1986) .......................................................................... 8

14

15

*In re Walsh Constr., Inc.*,
   669 F.2d 1325, 1328 (9th Cir. 1982) ......................................................................... 13

16

*Liberty Bank, F.S.B. v. D.J. Christie, Inc.*,
   681 Fed.Appx. 664 (10th Cir. 2017) .......................................................................... 12

17

18

*Overton's, Inc. v. Interstate Fire & Cas. Ins. Co.* (In re Sportstuff, Inc.),
   430 B.R. 170, 181 (B.A.P. 8th Cir. 2010) .................................................................. 12

19

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
   390 U.S. 414, 424 (1968) ........................................................................................... 12

20

21

*Urmann v. Walsh*,
   523 B.R. 472 (W.D. Pa. 2014) ................................................................................... 14

22

**Statutes**

23

11 U.S.C. § 105(a) ............................................................................................................ 9

24

11 U.S.C. § 1334(b) .......................................................................................................... 8
11 U.S.C. § 363 ................................................................................................................. 8
11 U.S.C. § 542 ............................................................................................................. 8, 9

25

28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O) .................................................................... 8
11 U.S.C. §§ 548(a)(1)(B), 554(b), 550, 551 and Cal. Civ. Code §§ 3439.04(a), 3439.08 and

26

3439.07 ......................................................................................................................... 8, 9

27

28

**TO THE COURT, HONORABLE SCOTT C. CLARKSON, OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:**

Plaintiff Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG"), hereby submits his Reply Brief in Response to *Consumer Legal Group, PC's ("CLG") Opposition to the Trustee's Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 as to Defendant OptimumBank and OptimumBank Holdings, Inc. ("Optimum")* [Bankr. Dkt. 1635] (hereinafter the "Opposition").

## INTRODUCTION

The Trustee's Motion to Compromise with Optimum [Bankr. Dkt. No. 1530] (hereinafter "Optimum 9019 Motion") should be granted in its entirety. The funds subject to turnover originate from post-petition ACH debits on LPG client files. Contrary to CLG's arguments, the compromise is between Optimum and the Trustee, both parties to Adversary Proceeding No. 8:23-ap-01046-SC ("1046 Action"). The Trustee's claims against CLG in the 1046 Action remain. [1046 Dkt. No. 58]. Notwithstanding, the Optimum Reserve constitutes funds this Court has determined are property of the Estate, pursuant to the Temporary Restraining Order ("TRO") [1046 Dkt. No. 13] and Preliminary Injunction [1046 Dkt. No. 70], and must be turned over to the Trustee. CLG had an opportunity to oppose the Preliminary Injunction or file a motion to vacate the Preliminary Injunction and has failed to do so. CLG's efforts to obfuscate the effect of the TRO and Preliminary Injunction by way of its Opposition are unavailing.

For the same reasons, CLG's attempts to cleanse itself of the fraudulent transfer of LPG's client files and associated ACH data are similarly unavailing. The fact that CLG was willing to comply with applicable debt collection rules and regulations and agreement to implement further safe guards in connection with its stalking horse bid does not eliminate or resolve Trustee's claims against CLG set forth in the 1046 Action. Nor do these facts substantiate CLG's claim to the funds held in the Optimum Reserve. Trustee has not compromised nor dismissed its claims against CLG for this very reason.

Moreover, evidence recently obtained and submitted to this Court by the Trustee shows that CLG was associated with Tony Diab, Greyson Law Center, PC, Han Trinh and Jayde Trinh among others. Their stated goal was to "kill" LPG, contrary to CLG's representations in its Opposition. By way of example, Tony Diab and Han Trinh trained Sam Geiger and Jason Rebhun, among others at CLG, on LPG's business practices following LPG's transfer of client files to CLG. Like Phoenix, CLG was using LPG's attorney network, misappropriated by Greyson, and paying Greyson an exorbitant fee for doing so. Moreover, the evidence shows CLG was the source of double debits initiated on fraudulently transferred LPG client files. CLG refused to provide refunds to these customers.

CLG admits it was the recipient of former LPG client files transferred pre-petition. CLG has never submitted the alleged contract with Optimum Bank or provided evidence to support it's contention that it has a property interest in the Optimum Reserve. CLG has not provided any evidence to this Court as to the consideration paid in exchange for the 6,000 LPG client files it admittedly received from LPG. As a result, CLG has failed to provide any evidence it paid reasonably fair equivalent value for the files it received from LPG. There is no evidence to support CLG's contention that the funds held in the Optimum Reserve originated from its own funds. This bald assertion is contrary to the only evidence before this Court: the sworn representations by Optimum Bank. Optimum Bank has stated under penalty of perjury that the funds in the Optimum Reserve all originate from post-petition ACH processes. [Bankr. Dkt. NO. 1530-a, Exh. A at ¶ C]. CLG has also failed to submit this evidence in support of its claim in the Bankruptcy matter. [Bankr. Claim No. 2483].

Based on the foregoing, evidence, legal authority and arguments herein, the Trustee respectfully requests that the Optimum 9019 Motion be granted in its entirety and the funds held in the Optimum Reserve be determined to be property of the Estate and subject to turnover as this Court has already ordered.

///

///

///

## THE COURT IS AUTHORIZED TO AND SHOULD GRANT THE OPTIMUM 9019 MOTION

### A.    The Optimum Reserve Was Funded with Post Petition ACH Debits on Transferred LPG Client Files and Should be Turned Over to the Trustee.

1.    On or about January 23, 2023, Diab sent an email to Han and others discussing the "hard part" of the fraudulent transfer of LPG client files. [1046 Dkt. No. 493-10, Exhs. 23-24]. On or about January 26, 2023, Diab, Han and Jayde had divvied up the client files to be transferred to non-debtor entities, including but not limited to CLG, Phoenix, and Oakstone. [*Id*. at Exh. 33]. On January 26, 2023, LPG consumer clients received notice their file was transferred to CLG without client approval and in violation of applicable rules of professional conduct. [1046 Dkt. No. 493-10, Exh. 25 and 493-4, at ¶ 22, Exhs. 11, and 17 at pg. 46; Bankr. Dkt. No. 1548 at 34:11-13]. On January 31, 2023, Diab sent an email to Han Trinh, introducing her to Jason Rebhun and Sam Geiger of CLG. [Supplemental Declaration of Jeremy Freedman ("Suppl. JBF Decl.") at ¶ 4, Exh. 1]. Diab advised they were going to provide Mr. Geiger and Mr. Rebhun with training on how to handle "no lawsuit assignment and tracking." [*Id*.]. The training provided by Diab and Han occurred on February 2, 2023 and included Mr. Geiger and Mr. Rebhun, along with individuals known as Juan, Shira and Tal. [*Id*. at ¶ 5, Exh. 2]. The same day, Mr. Rebhun asked Han and Diab to provide LPG's standard engagement letters for local counsel. [*Id*. at Exh. 1].

2.    LPG files that were transferred to Phoenix, Oakstone and CLG were treated the same and grouped together by Diab, Han and Jayde; they were all similarly situated fraudulent transfers. [1046 Dkt. No. 493-10 at Exh. 33; Suppl. JBF Decl. at ¶ 6, Exh. 3]. In some instances, employees of LPG could not determine whether a client file had been transferred to Phoenix or CLG and referred the client to both to inquire about their file. [*Id*.]. Moreover, some files that were initially transferred to CLG and subsequently rejected by CLG were then transferred to other fraudulent transferees, including but not limited to Phoenix, indicating a non-exclusive fraudulent transfer of LPG client files. [*Id*. at ¶ 7, Exh. 4].

///

3.      On March 20, 2023, LPG filed its bankruptcy petition. [Bankr. Dkt. No. 1]. On May 25, 2023, the Court entered its Temporary Restraining Order ("TRO") in the 1046 Action. [1046 Dkt. No. 13.] On May 26, 2023, Jayde Trinh instructed LPG's attorney network, misappropriated by Greyson, to stop "onboarding" CLG clients because a formal agreement had not been reached, CLG was the entity that caused double ACH charges on files transferred to Oakstone, and CLG was refusing to refund the amounts drawn. [1046 Dkt. No. 325-4 at Exh. 9]. Further evidence provided by Jane Dearwester confirms that her clients never consented to the transfers and were being debited multiple times by CLG. [1046 Dkt. No. 493-4 at ¶ 27 and Exh. 13 at pg. 35].

4.      On or about June 2, 2023, the Trustee served Optimum and CLG with the TRO. [Suppl. JBF Decl. at ¶ 8]. On June 23, 2023, the Court entered its Preliminary Injunction Order in the 1046 Action. [1046 Dkt. No. 70.] CLG and Optimum were served with the Preliminary Injunction. [Suppl. JBF Decl. at ¶ 8]. The TRO and Preliminary Injunction ordered that post-petition funds acquired through post-petition ACH debits on LPG client files to be property of the Estate and subject to immediate turnover. [1046 Dkt. No. 70 at pg. 9 at ¶ 4.] The TRO and subsequent Preliminary Injunction further ordered Optimum, among others, to hold in trust all funds held in any account established by CLG, among other entities, and to turn over said funds to the Trustee upon Trustee's authorization. [1046 Adv. Dkt. No. 70 at pg. 8 subsections (a) and (a)(ii); and pg. 9 at ¶ 4.] The TRO and Preliminary Injunction further prohibited CLG from initiating and fraudulently "pushing" ACH transactions on transferred LPG consumer client files. [*Id*. at ¶ 1 subsections (a)(i) and (ii)].

5.      On April 24, 2024, Optimum notified CLG and its principals, Shlome Feig and Aryeh Weber, that it was terminating CLG and its affiliate LGS HoldCo, LLC's ("LGS") access to Optimum's ACH origination services. [Suppl. JBF Decl. at ¶ 9, Exhs. 5 and 6.] Optimum terminated its relationship with CLG and LGS "due to repeated violations of the NACHA Operating Rules and repeated fraudulent or unauthorized pushed ACH debits." [*Id*.] This is consistent with Ms. Dearwester and Jayde Trinh's contention CLG initiated and pushed through unauthorized ACH debits on fraudulently transferred LPG client files, discussed above.

///

6.      By way of the Optimum 9019 Motion and the proposed Agreement, the Trustee seeks the turnover of Debtor funds originating from post-petition ACH transactions on LPG client files fraudulently transferred to CLG without incurring further litigation and resolving Optimum's claim for set off pursuant to its service agreement to cover chargebacks. [Bankr. Dkt. No. 1530-1, Exh. A at ¶¶ H and 4]. In this regard, Optimum claims it stands to suffer significant loss given CLG's significant chargeback rate, fraudulent ACH pushes, violations of NACHA Operating Rules and failure to provide Optimum with required contracts to handle consumer client disputes. [*Id*. at ¶ 4; Suppl. JBF Decl. at Exhs. 5-6]. Optimum's claims were contemplated and resolved by way of the proposed Agreement in setting up a holdback account to cover chargebacks until such time as consumer clients are barred from disputing the ACH transaction, which is May 13, 2026. [Bankr. Dkt. No. 1530-1, Exh. A at ¶ 4].

### B.    The Court Has Jurisdiction to Recover Assets Rightfully Belonging to the Estate.

7.      Debtor, Optimum, and CLG are and have always been named parties in the 1046 Action. [1046 Dkt. No. 1.] This Court has jurisdiction over Optimum and CLG pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O), 1334(b), and General Order No. 13-05 of the District Court for the Central District of California because the 1046 Action is a core proceeding arising in and/or related to the Bankruptcy Case, which is a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

8.      Pursuant to 11 U.S.C. § 542, this Court has jurisdiction and is authorized to determine that the Optimum Reserve is Estate property and/or subject to turn over pursuant to the Optimum 9019 Motion and proposed Agreement. Under 11 U.S.C. § 542… trustee may require any entity that is in possession of property of estate that may be used by trustee under 11 U.S.C. § 363 to relinquish possession of that property to trustee, whether or not entity in possession has security interest in property. *In re Taco Ed's, Inc.*, 63 B.R. 913 (Bankr. N.D. Ohio 1986); *see also In re Contractors Equipment Supply Co.*, 861 F.2d 241 (9th Cir. 1988).

9.      The evidence establishes that the funds at issue are property of the Estate. CLG admits it received client files from LPG. [Bankr. Dkt. No. 1635 at 7:7-8]. Optimum Bank has warranted that the funds in the Optimum Reserve originate from post-petition ACH debits on former LPG client files transferred to CLG [Bankr. Dkt. No. 1530-1, Exh. A at ¶ C]. Optimum is therefore required to "deliver to the trustee, and account for, such property or the value of such property…" 11 U.S.C. § 542. The Court has already ordered the Optimum Reserve be turned over to the Trustee. [1046 Adv. Dkt. No. 70 at pg. 9 ¶ 4.]   This Court has jurisdiction and is authorized to enforce its TRO and Preliminary Injunction with regard to the funds held in the Optimum Reserve. 11 U.S.C. § 105(a); and *see Clark v. Coye*, 60 F.3d 600, 605 (9th Cir. 1995).

10.     The Optimum Reserve was funded with post-petition ACH debits on former LPG client files fraudulently transferred to non-debtor entities, including but not limited to CLG. [Bankr. Dkt. No. 1530-1, Exh. A at ¶ C]. The ACH debits were initiated through Optimum who stands in the best position to represent the source of the funds held in the Optimum Reserve. Here, Optimum has warranted that all of the funds in the Optimum Reserve sought to be turned over to Trustee originate from post-petition ACH debits on LPG client files and therefore are not funds deposited by CLG. [*Id.*].

11.     The Trustee alleges and maintains there is no evidence CLG paid reasonable consideration for the approximately 6,000 files transferred to CLG immediately before LPG filed its bankruptcy petition. [1046 Dkt. No. 583 at ¶ 77, 98, 105, 120, 132]. Nor has CLG paid to the Trustee any percentage of the ACH debits on LPG client files. [*Id.* at ¶ 77]. Notably, CLG has failed to produce the contracts or records pursuant to the TRO or Preliminary Injunction, including but not limited to records showing it paid reasonable consideration or made payments to LPG. [1046 Dkt. No. 70 at ¶¶ 1-13].

12.     Pursuant to paragraph 4 of the Court's Preliminary Injunction, recently confirmed in its Order Denying Greyson's Motion to Vacate the Preliminary Injunction, this Court has already ordered:

Any and all funds held at Bank of America on behalf of Prime Logix and/or Vulcan, including but not limited to account Nos. ending in xxx951 and xxx9021 and/or any other financial accounts having received funds originating from LPG; Oakstone; Greyson; Gallant; Phoenix; LGS HoldCo., LLC; CLG; and/or Maverick shall be held in trust and shall not be with withdrawn, wired, drawn against, moved, or otherwise transferred without the express consent of the Trustee in writing and to a financial account identified by the Trustee at the time the authorization is provided.

[1046 Dkt. No. 70 at pg. 9, ¶ 4.]

13.    The Court has always had jurisdiction to determine that the funds held in the Optimum Reserve belong to the Estate, as opposed to CLG. In fact, the Court has already determined the funds at issue to be property of the Estate and that they must be turned over to the Trustee. To avoid further litigation with Optimum and reduce needless litigation costs to the Estate, the Trustee in his sound business judgment believes the Agreement to be in the best interest of Debtor's creditors and the Estate and seeks the Court's approval by way of the Optimum 9019 Motion. [Bankr. Dkt. No. 1526-1 at ¶¶ 6-9.]

**C.    CLG's Status As A Stalking Horse Bidder Does Not Negate Trustee's Claims Nor Does It Transmute Funds Rightfully Belonging to the Estate to CLG.**

14.    CLG's contention that it purchased the transferred files from LPG in good faith for reasonable consideration and fair value based on representations made during the Sale Motion proceedings is without merit. First, there is no evidence offered as to the reasonable consideration actually paid. Second, the good faith purchaser designation required CLG to show it was following all applicable laws and regulations related to the debt relief industry, facts wholly unrelated to the genesis of the funds held in the Optimum Reserve. CLG's agreement to implement additional protections and reporting to be considered a good faith bidder do not establish that the transfer of files from LPG to CLG was not a fraudulent conveyance subject to avoidance.

15.    CLG has failed to produce evidence that it paid fair value for the transferred files. CLG has failed to submit to this Court the purported purchase contracts for the 6,000 files it claims were purchased in good faith. CLG has further failed to provide any evidence that the funds held in the Optimum Reserve were anything but funds received directly from post-petition ACH debits on

former LPG client files transferred to CLG. As such, CLG's opposition and arguments are without merit and unsupported by any evidence.

16.    Further, recently obtained evidence shows that Diab and other insiders transferred LPG client files to CLG on or around January 26, 2023 after having a discussion with Han and others about the "hard part" and deciding which files to transfer. [1046 Dkt. No. 493-10, Exhs. 23-25 and 493-4 at ¶ 22, Exhs. 11 and 17 at pg. 46]. This was also around the same time Diab and other insiders transferred LPG client files to Oakstone and Phoenix, among other non-debtor entities. Most notably, the evidence shows that Diab, Han and Jayde treated the transfer of files to CLG no differently than those transferred to Phoenix and Oakstone and in fact lumped the transfers together with those when handling and discussing the fraudulent transfer of LPG client files.

17.    On or about February 2, 2023, after the files were transferred to CLG, Diab, Han and Jayde held a training session with two attorneys and other employees of CLG, including but not limited to Sam Geiger and Jason Rebhun. Based on the evidence, it appears Diab and Han were training CLG on how to handle non-litigation debt relief clients, which raises concern given CLG's representations that it was qualified to handle such files and was not involved with Diab outside of the purported purchase of LPG client files. With regards to client files transferred that were in litigation, CLG, similar to Phoenix, was directed to and was using LPG's attorney network, misappropriated by Greyson. [Bankr. Dkt. No. 1545 at 15:10-14; 1046 Dkt. No. 325-4 at Exh. 9]. This relationship continued until Jayde Trinh instructed LPG's attorney network, transferred over too Greyson, to stop "onboarding" CLG clients. [Bankr. Dkt. No. 1545 at 15:10-14; 1046 Dkt. No. 325-4 at Exh. 9]. The Reason for Jayde;s instruction was similar to Phoenix, CLG had failed to make payment and was double debiting fraudulently transferred client files. [Bankr. Dkt. No. 1545 at 15:10-14; 1046 Dkt. No. 325-4 at Exh. 9]. As such, CLG's contention that it was not a fraudulent transferee because its only interaction with Diab was in relation to the purchase of the transferred client files is contrary to the recent evidence obtained by the Trustee.

18.    CLG has failed to provide Trustee or this Court with any evidence to show it has any legitimate interest in the post-petition ACH debits drawn on former LPG clients other than that the

1   funds were held in an account at Optimum. Despite CLG's attempt to distance itself from the

2   fraudulent transfers to Oakstone and Phoenix, the transfer of LPG client files to CLG occurred at or

3   around the exact same time and were all viewed as part of the larger scheme to transfer all of LPG's

4   client files, absent those Diab, Han, Jayde and other insiders decided to leave behind. [1046 Dkt. No.

5   493-10, Exhs. 23-25 and 33, and 493-4, at ¶ 22, Exhs. 11, and 17 at pg. 46; Bankr. Dkt. No. 1548 at

6   34:11-13]. With little doubt, CLG's specious attempt to minimize its association with Diab, Han and

7   Jayde among others is not supported by the evidence. As such, there are no valid grounds supported

8   by evidence upon which CLG has right to and/or is entitled to maintain control over Estate funds and

9   this Court should grant the Optimum 9019 Motion in its entirety.

10          **D.    Trustee Has Satisfied The Standards of Bankruptcy Rule 9019.**

11          19.    "The bankruptcy court need not conduct an exhaustive investigation into the validity

12  of the asserted claim. It is sufficient that, after apprising itself of all facts necessary for an intelligent

13  and objective opinion concerning the claim's validity, the court determines that either (1) the claim

14  has a "substantial foundation" and is not 'clearly invalid as a matter of law,' or (2) the outcome of the

15  claim's litigation is 'doubtful.'" *In re Walsh Constr., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982).

16          20.    CLG's attempt to cite a plethora of irrelevant, distinguishable and superseded case law

17  is unavailing and without merit. By way of example, CLG's reliance on *Protective Comm. for Indep.*

18  *Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) is misguided as this

19  case was decided before and superseded by Rule 9019. CLG's reliance on *Liberty Bank, F.S.B. v.*

20  *D.J. Christie, Inc.*, 681 Fed.Appx. 664 (10th Cir. 2017) and *Overton's, Inc. v. Interstate Fire & Cas.*

21  *Ins. Co.* (In re Sportstuff, Inc.), 430 B.R. 170, 181 (B.A.P. 8th Cir. 2010) is misguided because the

22  proposed compromise with Optimum is in furtherance of this Court's TRO and Court Preliminary

23  Injunction Order and does not seek to impose an injunction or obligation on CLG that did not already

24  exist. Similarly, *Diamond v. Friedman* (In re Century City Doctors Hospital, LLC) (Bankr. C.D. Cal.

25  2012) 466 B.R. 1 is distinguishable on the grounds that this matter: 1) involves a motion to

26  compromise pursuant to 9019 and not a motion for summary judgment; 2) is seeking to enforce a

27  turnover order already in place and not attempting to obtain a turnover order; and 3) Trustee has

28

1    alleged and provided undisputed evidence that the funds in the Optimum Reserve are the result of a

2    fraudulent transfer and property of the debtor's Estate.

3        21.    Other non-binding cases cited by CLG have held that approval of a settlement is not

4    appropriate where the rights of non-settling parties are unduly prejudiced by the settlement. See e.g.

5    *Urmann v. Walsh*, 523 B.R. 472 (W.D. Pa. 2014); *In re Nortel Networks, Inc.*, 522 B.R. 491, 512-13

6    (Bankr. D. Del. 2014); *In re Nutraquest*, 434 F.3d 639, 645 (3d. Cir. 2006); and *In re Mavrode*, 205

7    B.R. 716, 721 (Bankr. D. N.J. 1997). These cases also do not support CLG's opposition. Here, CLG

8    does not stand to be prejudiced by the proposed compromise as it resolves Trustee's right to turnover

9    of the Optimum Reserve pursuant to the TRO and Preliminary Injunction. It further resolves

10   Optimum claim for set off, pursuant to its service agreement, for substantial chargebacks caused by

11   CLG's fraudulent ACH transactions that led Optimum to terminate its relationship with CLG and

12   LGS to the benefit of both the Estate and Optimum.

13       22.    The Trustee has alleged in his operative Complaint that any transfer of client files by

14   Diab to CLG immediately preceding LPG's bankruptcy petition are subject to avoidance pursuant to

15   11 U.S.C. §§ 548(a)(1)(B), 554(b), 550, 551 and Cal. Civ. Code §§ 3439.04(a), 3439.08 and 3439.07.

16   [1046 Dkt No. 583]. The Trustee has alleged that any purported contract is void as LPG did not

17   receive reasonable consideration for the transfer of over 6,000 client files without client consent. [Id.

18   at ¶ 77, 98, 105, 120, 132]. All of which is supported by evidence the Trustee has previously submitted

19   and submits concurrently herewith to the Court. Evidence that has not and cannot reasonably be

20   disputed. Thus negating any contractual right CLG purports to have in the fraudulently transferred

21   LPG client files and fraudulently initiated post-petition ACH transactions. Transactions that in many

22   instances caused double debits or fraudulent debits on former LPG clients as a result of the fraudulent

23   transfer of client files to multiple non-debtor entities including but not limited to CLG, Phoenix,

24   Oakstone and Greyson. Even more egregious is the recently obtained evidence showing CLG refused

25   to issue a refund to innocent consumer clients who fell prey to Diab and other insider's criminal

26   enterprise and subsequent fraudulent transfer of their files. This is especially true if, as CLG

27   speciously claims, it was a good faith purchaser of LPG files and honored LPG's refund policy in its

28

legal services agreement. Notably, the Trustee's evidence formed the basis for the Court issuing its TRO and Preliminary Injunction wherein the Court specifically found that the evidence showed that the Trustee was more likely than not to succeed on his claims as against CLG and its affiliate LGS. The recently obtained evidence by the Trustee, discussed herein further supports the Court's findings in this regard and cannot reasonably be disputed.

23.    CLGhas failed to present the Court with any admissible or relevant evidence to the contrary. CLG has failed to present any evidence it has a contractual right or property interest in the funds to be turned over. Despite the Trustee's efforts and continuous demands for such records and evidence no records substantiating CLG's claims have been turned over. [Suppl. JBF Decl. at ¶ 10]. As such, CLG cannot now claim it will suffer substantial prejudice as a result of the Trustee's proposed compromise with Optimum to seek an equitable turnover of funds held in the Optimum Reserve that should have been turned over to the Trustee long ago and/or not debited on former LPG client accounts in the first instance.

24.    Based on the foregoing, the Trustee is not required to enter into a settlement agreement with CLG as Optimum holds funds already subject to turn over. The evidence establishes the Trustee is as more likely than to prevail on his claims alleged in the operative Complaint as against CLG, this Court has already found. As such, the Trustee is not unilaterally settling any issue in his favor as speciously argued by CLG and the Court should grant the Optimum 9019 Motion in its entirety.

**CONCLUSION**

25.    Based on the foregoing, CLG's Opposition to the Optimum 9019 Motion regarding the Optimum Reserve is without merit and unsupported by any relevant or credible evidence. There being no other objections, the Trustee respectfully requests this Court grant the Optimum 9019 Motion in its entirety.

26.    In the event the Court determines further evidence is necessary to dispel of any feigned right by CLG to the funds held in the Optimum Reserve, the Trustee respectfully requests the Court enter a modified order approving all of the provisions in the proposed Agreement and ordering the Trustee to hold any and all funds turned over by Optimum in abeyance until either the Court has made

1    a determination on the ownership of the funds, or, upon approval by the Court of a duly noticed

2    motion to compromise the unsupported claims raised by CLG in its opposition.

3

4    Dated: September 10, 2024                Respectfully submitted,

5                                             DINSMORE & SHOHL LLP

6                                             By: /s/ Jeremy B. Freedman
                                                  Christopher B. Ghio
7                                                 Jeremy B. Freedman
                                                  Special Counsel to Richard A. Marshack
8                                                 Chapter 11 Trustee for the Bankruptcy Estate of The
                                                  Litigation Practice Group PC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK'S REPLY BRIEF IN RESPONSE TO THE OPPOSITION OF CONSUMER LEGAL GROUP, PC [BANKR. DKT. NO. 1635] AND SUPPLEMENTAL DECLARATION OF JEREMY B. FREEDMAN IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC. ("OPTIMUM")**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 10, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Kyra E Andrassy<br>on behalf of Defendant Arash Asante Bayrooti | kandrassy@raineslaw.com<br>bclark@raineslaw.com<br>jfisher@raineslaw.com |
| Kyra E Andrassy<br>on behalf of Interested Party Courtesy NEF | kandrassy@raineslaw.com<br>bclark@raineslaw.com<br>jfisher@raineslaw.com |

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 10, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

YCIR Inc.
Hector Ocegueda
535 S Barranca St #4
Covina, CA 91723

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 10, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 10, 2024 | Wendy Yones | */s/ Wendy Yones* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.**    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Bradford Barnhardt<br>on behalf of Interested Party Courtesy NEF | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Bradford Barnhardt<br>on behalf of Plaintiff Richard A. Marshack | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Bradford Barnhardt<br>on behalf of Trustee Richard A Marshack (TR) | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Eric Bensamochan<br>on behalf of Creditor Oxford Knox, LLC | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Eric Bensamochan<br>on behalf of Interested Party Eric Bensamochan | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Michael J. Berger<br>on behalf of Defendant Leucadia Enterprises, Inc | michael.berger@bankruptcypower.com<br>yathida.nipha@bankruptcypower.com<br>michael.berger@ecf.inforuptcy.com |
| Ethan J. Birnberg<br>on behalf of Defendant BMF Advance, LLC | birnberg@portersimon.com<br>reich@portersimon.com |
| Ethan J. Birnberg<br>on behalf of Defendant Diverse Capital LLC | birnberg@portersimon.com<br>reich@portersimon.com |
| Peter W Bowie<br>on behalf of Trustee Richard A Marshack (TR) | peter.bowie@dinsmore.com<br>caron.burke@dinsmore.com |
| Ronald K Brown<br>on behalf of Creditor SDCO Tustin Executive Center, Inc. | ron@rkbrownlaw.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Special Counsel Dinsmore & Shohl LLP | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Shawn M Christianson<br>on behalf of Interested Party Courtesy NEF | cmcintire@buchalter.com<br>schristianson@buchalter.com |
| Randall Baldwin Clark<br>on behalf of Interested Party Randall Baldwin Clark | rbc@randallbclark.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Aaron E. DE LEEST<br>on behalf of Trustee Richard A. Marshack (TR) | adeleest@marshackhays.com<br>adeleest@marshackhays.com<br>alinares@ecf.courtdrive.com |
| Michael W Davis<br>on behalf of Defendant Morning Law Group, P.C. | mdavis@dtolaw.com<br>ygodson@dtolaw.com |
| Anthony Paul Diehl<br>on behalf of Interested Party Courtesy NEF | anthony.apdlaw.com<br>Diehl.AnthonyB112492@notify.bestcase.com<br>ecf@apdlaw.net<br>9143954420@filings.docketbird.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   Page 2                        **F 9013-3.1.PROOF.SERVICE**

Page 17

| | |
|---|---|
| Ashley Dionisio<br>on behalf of Other Professional Omni Agent Solutions | adionisio@omniagnt.com |
| Jenny L Doling<br>on behalf of Interested Party INTERESTED PARTY | jd@jdl.law<br>dolingjr92080@notify.bestcase.com<br>15994@notices.nextchapterbk.com<br>jdoling@jubileebk.net |
| Jenny L Doling<br>on behalf of Interested Party National Association of<br>Consumer Bankruptcy Attorneys | jd@jdl.law<br>dolingjr92080@notify.bestcase.com<br>15994@notices.nextchapterbk.com<br>jdoling@jubileebk.net |
| Jenny L Doling<br>on behalf of Interested Party National Consumer<br>Bankruptcy Rights Center | jd@jdl.law<br>dolingjr92080@notify.bestcase.com<br>15994@notices.nextchapterbk.com<br>jdoling@jubileebk.net |
| Daniel A Edelman<br>on behalf of Creditor Carolyn Beech | dedelman@edcombs.com<br>courtecl@edcombs.com |
| Howard M Ehrenberg<br>on behalf of Defendant New Horizon Finance LLC | Howard.Ehrenberg@gmlaw.com<br>hehrenberg@ecf.courtdrive.com<br>hehrenberg@ecf.inforuptcy.com<br>Karen.Files@gmlaw.com<br>denise.walker@gmlaw.com |
| Meredith Fahn<br>on behalf of Creditor Meredith Fahn | fahn@sbcglobal.net |
| Jeremy Faith<br>on behalf of Defendant Colbalt Funding Solutions, LLC | Jeremy@MarguliesFaithlaw.com<br>Angela@ MarguliesFaithlaw.com<br>Vicky@ MarguliesFaithlaw.com<br>Amber@ MarguliesFaithlaw.com |
| Jeremy Faith<br>on behalf of Interested Party Courtesy NEF | Jeremy@MarguliesFaithlaw.com<br>Angela@ MarguliesFaithlaw.com<br>Vicky@ MarguliesFaithlaw.com<br>Amber@ MarguliesFaithlaw.com |
| William P Fennell<br>on behalf of Creditor Validation Partners LLC | william.fennell@fennelllaw.com<br>luralene.schultz@fennelllaw.com<br>wpf@ecf.courtdrive.com<br>hala.hammi@fennelllaw.com<br>naomi.cwalinski@fennelllaw.com<br>samantha.larimer@fennelllaw.com |
| Alan W Forsley<br>on behalf of Creditor Anthem Blue Cross of California | alan.forsley@flpllp.com<br>awf@fkllawfirm.com<br>awf@fl-lawyers.net<br>addy@flpllp.com |
| Alan W Forsley<br>on behalf of Defendant JGW Solutions, LLC | alan.forsley@flpllp.com<br>awf@fkllawfirm.com<br>awf@fl-lawyers.net<br>addy@flpllp.com |
| Alan W Forsley<br>on behalf of Interested Party Courtesy NEF | alan.forsley@flpllp.com<br>awf@fkllawfirm.com<br>awf@fl-lawyers.net<br>addy@flpllp.com |
| Marc C Forsythe<br>on behalf of Defendant Clear Vision Financial LLC | mforsythe@goeforlaw.com<br>mforsythe@goeforlaw.com<br>dcyrankowski@goeforlaw.com<br>Forsythe.MarcR136526@notify.bestcase.com |
| Marc C Forsythe<br>on behalf of Defendant Perfect Financial, LLC | mforsythe@goeforlaw.com<br>mforsythe@goeforlaw.com<br>dcyrankowski@goeforlaw.com<br>Forsythe.MarcR136526@notify.bestcase.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 3                        Page 18
**F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Marc C Forsythe<br>on behalf of Defendant Point Break Holdings LLC | mforsythe@goeforlaw.com<br>mforsythe@goeforlaw.com<br>dcyrankowski@goeforlaw.com<br>Forsythe.MarcR136526@notify.bestcase.com |
| Jeremy Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy Freedman<br>on behalf of Trustee Richard A Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Eric Gassman<br>on behalf of Creditor Herret Credit | erg@gassmanlawgroup.com<br>gasman.ericb112993@notifybestcase.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>angelica.urena@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>angelica.urena@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>angelica.urena@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Amy Lynn Ginsburg<br>on behalf of Creditor Amy Ginsbug | efilings@ginsburglawgroup.com |
| Amy Lynn Ginsburg<br>on behalf of Creditor Kenton Cobb | efilings@ginsburglawgroup.com |
| Amy Lynn Ginsburg<br>on behalf of Creditor Shannon Bellfield | efilings@ginsburglawgroup.com |
| Eric D. Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Jeffrey I Golden<br>on behalf of Creditor Affirma, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden<br>on behalf of Creditor Anaheim Arena Management, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden<br>on behalf of Creditor Anaheim Ducks Hockey Club, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   Page 4                            **F 9013-3.1.PROOF.SERVICE**

Page 19

| | |
|---|---|
| Jeffrey I Golden<br>on behalf of Creditor Oxford Knox, LLC | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Jeffrey I Golden<br>on behalf of Interested Party Courtesy NEF | jgolden@go2.law<br>kadele@ecf.courtdrive.com<br>cbmeeker@gmail.com<br>lbracken@wgllp.com<br>dfitzgerald@go2.law<br>golden.jeffreyi.b117954@notify.bestcase.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| David M Goodrich<br>on behalf of Creditor United Partnerships, LLC | dgoodrich@go2.law<br>kadele@go2.law<br>dfitzgerald@go2.law<br>wggllp@ecf.courtdrive.com |
| David M Goodrich<br>on behalf of Interested Party Courtesy NEF | dgoodrich@go2.law<br>kadele@go2.law<br>dfitzgerald@go2.law<br>wggllp@ecf.courtdrive.com |
| Spencer Keith Gray<br>on behalf of Plaintiff Richard A Marshack | spencer.gray@dinsmore.com |
| Spencer Keith Gray<br>on behalf of Trustee Richard A. Marshack | spencer.gray@dinsmore.com |
| D. Edward Hays<br>on behalf of Attorney Marshack Hays LLP | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| D Edward Hays<br>on behalf of Creditor Committee Committee of Unsecured Creditors | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 5                    F 9013-3.1.PROOF.SERVICE

Page 20

| | |
|---|---|
| D Edward Hays<br>on behalf of Interested Party Courtesy NEF | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| D Edward Hays<br>on behalf of Interested Party Courtesy NEF | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| D Edward Hays<br>on behalf of Trustee Richard A Marshack (TR) | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| D Edward Hays<br>on behalf of Trustee Richard A Marshack (TR) | ehays@marshackhays.com<br>ehays@ecf.courtdrive.com<br>kfrederick@ecf.courtdrive.com<br>cmendoza@marshackhays.com<br>cmendoza@ecf.courtdrive.com |
| Alan Craig Hochheiser<br>on behalf of Creditor City Capital NY | ahochheiser@mauricewutscher.com<br>arodriguez@mauricewutscher.com |
| Garrick A Hollander<br>on behalf of Creditor Debt Validation Fund II, LLC | ghollander@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Garrick A Hollander<br>on behalf of Creditor MC DVI Fund 1, LLC | ghollander@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Garrick A Hollander<br>on behalf of Creditor MC DVI Fund 2, LLC | ghollander@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Brian L Holman<br>on behalf of Creditor Sharp Electronics Corporation | b.holman@musickpeeler.com |
| Richard L. Hyde<br>on behalf of Interested Party Courtesy NEF | richard@amintalati.com |
| Peter L Isola<br>on behalf of Interested Party Merchants Credit Corporation | pisola@hinshawlaw.com<br>lnystrom@hinshawlaw.com |
| Razmig Izakelian<br>on behalf of Counter-Defendant OHP-CDR, LP | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Counter-Defendant PurchaseCo 80, LLC | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Creditor OHP-CDR, LP | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Plaintiff OHP-CDR, LP | razmigizakelian@quinnemanuel.com |
| Razmig Izakelian<br>on behalf of Plaintiff PurchaseCo 80, LLC | razmigizakelian@quinnemanuel.com |
| Sara Johnston<br>on behalf of Trustee Richard A Marshack (TR) | sara.johnston@dinsmore.com |
| Sweeney Kelly<br><br>on behalf of Fidelity National Information Services, Inc. | kelly@ksgklaw.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 21

June 2012                                    Page 6                            F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| Sweeney Kelly<br><br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Sweeney Kelly<br><br>on behalf of Defendant Worldpay,Group | kelly@ksgklaw.com |
| Sweeney Kelly<br><br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| Joon M Khang<br>on behalf of Attorney Khang & Khang LLP | joon@khanglaw.com |
| Joon M Khang<br>on behalf of Debtor The Litigation Practice Group P.C. | joon@khanglaw.com |
| Ira David Kharasch<br>on behalf of Defendant Consumer Legal Group, PC | ikharasch@pszjlaw.com |
| Ira David Kharasch<br>on behalf of LGS Holdco, LLC | ikharasch@pszjlaw.com |
| Ira David Kharasch<br>on behalf of Interested Party Ad Hoc Consumer Claimants Committee | ikharasch@pszjlaw.com |
| Ira David Kharasch<br>on behalf of Interested Party Consumer Legal Group, P.C. | ikharasch@pszjlaw.com |
| Ira David Kharasch<br>on behalf of Interested Party Courtesy NEF | ikharasch@pszjlaw.com |
| Ira David Kharasch<br>on behalf of Interested Party LGS Holdco, LLC | ikharasch@pszjlaw.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Nicholas A Koffroth<br>on behalf of Creditor Committee of Unsecured Creditors | nkoffroth@foxrothschild.com<br>khoang@foxrothschild.com |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | david.kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | david.kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| David S Kupetz<br>on behalf of Interested Party Courtesy NEF | david.kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Christopher J Langley<br>on behalf of Interested Party Courtesy NEF | chris@slclawoffice.com<br>omar@slclawoffice.com<br>langleycr75251@notify.bestcase.com<br>ecf123@casedriver.com |
| Kelli Ann Lee<br><br>on behalf of Trustee Richard A Marshack (TR) | Kelli.lee@dinsmore.com<br>kristy.allen@dinsmore.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                             Page 7                                     F 9013-3.1.PROOF.SERVICE

Page 22

| | |
|---|---|
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Liberty Acquisitions Group Inc. | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Britteny Leyva<br>on behalf of Interested Party Revolv3, Inc. | bleyva@mayerbrown.com<br>2396393420@filings.docketbird.com<br>KAWhite@mayerbrown.com<br>ladocket@mayerbrown.com |
| Marc A Lieberman<br>on behalf of Defendant JGW Solutions, LLC | marc.liberman@flpllp.com<br>safa.saleem@flpllp.com<br>addy@flpllp.com |
| Marc A Lieberman<br>on behalf of Interested Party Courtesy NEF | marc.liberman@flpllp.com<br>safa.saleem@flpllp.com<br>addy@flpllp.com |
| Michael D Lieberman<br>on behalf of Creditor Phillip A. Greenblatt, PLLC | mlieberman@lipsonneilson.com |
| Yosina M Lissebeck<br>on behalf of Counter-Claimant Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Yosina M Lissebeck<br>on behalf of Defendant Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Yosina M Lissebeck<br>on behalf of Trustee Richard A Marshack (TR) | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Mitchell B Ludwig<br>on behalf of Creditor Fundura Capital Group | mbl@kpclegal.com<br>kad@kpclegal.com |
| Mitchell B Ludwig<br>on behalf of Defendant Bridge Funding Cap, LLC | mbl@kpclegal.com<br>kad@kpclegal.com |
| Daniel S March<br>on behalf of Defendant Daniel S March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Daniel S March<br>on behalf of Interested Party INTERESTED PARTY | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P March<br>on behalf of Creditor Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Creditor Han Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Creditor Phuong (Jayde) Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Defendant Han Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Kathleen P March<br>on behalf of Defendant Jayde Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbcglobal.net |
| Mark J Markus<br>on behalf of Creditor David Orr | bklawr@bklaw.com<br>markjmarkus@gmail.com<br>markus.markj.r112926@notify.bestcase.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 8    Page 23    F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Interested Party Courtesy NEF | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Interested Party Courtesy NEF | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Interested Party Richard A. Marshack | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Plaintiff Richard Marshack | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Laila Masud<br>on behalf of Trustee Richard A. Marshack (TR) | lmasud@marshackhays.com<br>lmasud@ecf.courtdrive.com<br>ecf.alert+Marshack@titlexi.com |
| Sarah S. Mattingly<br>on behalf of defendant Clearcube LLC | sarah.mattingly@dinsmore.com |
| Sarah S. Mattingly<br>on behalf of Plaintiff Richard A Marshack, Chapter 11 Trustee | sarah.mattingly@dinsmore.com |
| Sarah S. Mattingly<br>on behalf of Plaintiff Richard A. Marshack | sarah.mattingly@dinsmore.com |
| Sarah S. Mattingly<br>on behalf of Trustee Richard A Marshack (TR) | sarah.mattingly@dinsmore.com |
| William McCormick<br>on behalf of Creditor TN Dept of Revenue | Bill.McCormick@ag.tn.gov |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Byron Z Moldo<br>on behalf of Interested Party Byron Moldo | bmoldo@ecjlaw.com<br>amatsuoka@ecjlaw.com<br>dperez@ecjlaw.com |
| Glenn D. Moses<br>on behalf of Creditor ADP, Inc. | gmoses@venable.com<br>cascavone@venable.com<br>ipmalcolm@venable.com<br>jadelgado@venable.com |
| Jamie D Mottola<br>on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee | Jamie.Mottola@dinsmore.com<br>jhanawalt@ecf.inforuptcy.com |
| Alan I Nahmias<br>on behalf of Interested Party Courtesy NEF | anahmias@mbn.law<br>jdale@mbn.law |
| Victoria Newmark<br>on behalf of Defendant Consumer Legal Group, PC | vnewmark@pszjlaw.com |
| Victoria Newmark<br>on behalf of Defendant LGS Holdco,, LLC | vnewmark@pszjlaw.com |
| Victoria Newmark<br>on behalf of Interested Party Consumer Legal Group, P.C. | vnewmark@pszjlaw.com |
| Victoria Newmark<br>on behalf of Interested Party Courtesy NEF | vnewmark@pszjlaw.com |
| Victoria Newmark<br>on behalf of Interested Party LGS Holdco, LLC | vnewmark@pszjlaw.com |
| Jacob Newsum-Bothamley<br>on behalf of Plaintiff Richard A. Marshack | jacob.bothamley@dinsmore.com<br>bonnie.connolly@dinsmore.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     Page 9     F 9013-3.1.PROOF.SERVICE

Page 24

| | |
|---|---|
| Jacob Newsum-Bothamley<br>on behalf of Trustee Richard A. Marshack (TR) | jacob.bothamley@dinsmore.com<br>bonnie.connolly@dinsmore.com |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Israel Orozco<br>on behalf of Creditor Israel Orozco | israel@iolawcorp.com |
| Keith C Owens<br>on behalf of Creditor Committee of Unsecured Creditors | kowens@foxrothschild.com<br>khoang@foxrothschild.com |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Michael R Pinkston<br>on behalf of Creditor Wells Marble and Hurst, PLLC | rpinkston@seyfarth.com<br>jmcdermott@seyfarth.com<br>sfocalendar@seyfarth.com<br>5314522420@filings.docketbird.com<br>bankruptcydocket@seyfarth.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Tyler Powell<br>on behalf of Counter-Claimant Richard A Marshack (TR) | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |
| Tyler Powell<br>on behalf of Counter-Claimant Richard A Marshack | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |
| Tyler Powell<br>on behalf of Defendant Richard A. Marshack | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |
| Tyler Powell<br>on behalf of Plaintiff Richard A. Marshack | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |
| Tyler Powell<br>on behalf of Plaintiff Richard A. Marshack | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |
| Tyler Powell<br>on behalf of Trustee Richard A Marshack (TR) | tyler.powell@dinsmore.com<br>jennifer.pitcock@dinsmore.com<br>rosetta.mitchell@dinsmore.com |
| Daniel H. Reiss<br>on behalf of Defendant PECC Corp | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H. Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H. Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N. Richards<br>on behalf of Interested Party Courtesy NEF | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Vanessa Rodriguez<br>on behalf of Plaintiff Richard A. Marshack | vanessa.rodriguez@dinsmore.com<br>angelica.urena@dinsmore.com |
| Vanessa Rodriguez<br>on behalf of Trustee Richard A. Marshack | vanessa.rodriguez@dinsmore.com<br>angelica.urena@dinsmore.com |
| Kevin Alan Rogers<br>on behalf of Creditor Wells Marble and Hurst, PLLC | krogers@wellsmar.com |
| Gregory M Salvato<br>on behalf of Creditor Mari Agape | gsalvato@salvatoboufadel.com<br>calendar@salvatolawoffices.com<br>jboufadel@salvatoboufadel.com<br>gsalvato@ecf.inforuptcy.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 25

**F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Gregory M Salvato<br>on behalf of Interested Party Courtesy NEF | gsalvato@salvatoboufadel.com<br>calendar@salvatolawoffices.com<br>jboufadel@salvatoboufadel.com<br>gsalvato@ecf.inforuptcy.com |
| Olivia Scott<br>on behalf of Creditor Azzure Capital LLC | olivia.scott3@bclplaw.com |
| Olivia Scott<br>on behalf of Creditor Hi Bar Capital LLC | olivia.scott3@bclplaw.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Jonathan Serrano<br>on behalf of Special Counsel Dinsmore & Shohl LLP | jonathan.serrano@dinsmore.com |
| Jonathan Serrano<br>on behalf of Trustee Richard A Marshack (TR) | jonathan.serrano@dinsmore.com |
| Maureen J Shanahan<br>on behalf of Creditor Randall Clark Attorney at Law PLLC | Mstotaro@aol.com |
| Paul R Shankman<br>on behalf of Attorney Paul R. Shankman | PShankman@fortislaw.com<br>info@fortislaw.com |
| Paul R Shankman<br>on behalf of Creditor United Partnerships, LLC | PShankman@fortislaw.com<br>info@fortislaw.com |
| Zev Shechtman<br>on behalf of Interested Party Danning Gill Israel & Krasnoff LLP | zs@DanningGill.com<br>danninggill@gmail.com<br>zshechtman@ecf.inforuptcy.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@DanningGill.com<br>danninggill@gmail.com<br>zshechtman@ecf.inforuptcy.com |
| Jeffrey M Singletary<br>on behalf of Plaintiff Alteryx, Inc. | jsingletary@swlaw.com<br>rmckay@swlaw.com |
| Leslie Skorheim<br>on behalf of U.S. Trustee United States Trustee (SA) | leslie.skorheim@usdoj.gov |
| Adam D. Stein-Sapir<br>on behalf of Creditor Pioneer Funding Group, LLC | info@pfllc.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| John H. Stephens<br>on behalf of Plaintiff Richard A. Marshack | john.stephens@dinsmore.com<br>lizbeth.alonso@dinsmore.com |
| John H. Stephens<br>on behalf of Plaintiff Richard A. Marshack | john.stephens@dinsmore.com<br>lizbeth.alonso@dinsmore.com |
| Andrew Still<br>on behalf of Creditor Alteryx, Inc. | astill@swlaw.com<br>kcollins@swlaw.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| Andrew Still<br>on behalf of Plaintiff Alteryx, Inc. | astill@swlaw.com<br>kcollins@swlaw.com |
| Matthew J Stockl<br>on behalf of Plaintiff Richard A. Marshack | matthew.stockl@dinsmore.com<br>katrice.ortiz@dinsmore.com |
| Michael R Totaro<br>on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC | Ocbkatty@aol.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                        Page 11                        Page 26

F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| Michael R Totaro<br>on behalf of Interested Party Randall Baldwin Clark | Ocbkatty@aol.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Sharon Z. Weiss<br>on behalf of Creditor Azzure Capital LLC | sharon.weiss@bclplaw.com<br>raul.morales@bclplaw.com<br>REC_KM_ECF_SMO@bclplaw.com |
| Sharon Z. Weiss<br>on behalf of Creditor Hi Bar Capital LLC | sharon.weiss@bclplaw.com<br>raul.morales@bclplaw.com<br>REC_KM_ECF_SMO@bclplaw.com |
| Sharon Z. Weiss<br>on behalf of Defendant Azzure Capital LLC | sharon.weiss@bclplaw.com<br>raul.morales@bclplaw.com<br>REC_KM_ECF_SMO@bclplaw.com |
| Johnny White<br>on behalf of Creditor Debt Relief Group, LLC | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |
| Reina Zepeda<br>on behalf of Other Professional Omni Agent Solutions | rzepeda@omniagnt.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.