Nancy Rapoport
William S. Boyd School of Law
University of Nevada, Las Vegas
4505 S. Maryland Parkway
Box  451003
Las Vegas, Nevada  89154-1003
nancy.rapoport@unlv.edu

Court Appointed Ethics Compliance Monitor and Fee Examiner

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **REPORT OF FEE EXAMINER NANCY B. RAPOPORT - [SEPTEMBER 11, 2024]** |

Hearing:
Date:     September 24. 2024
Time:     10:00 a.m.
Ctrm:     5C
Judge:   Hon. Scott C. Clarkson
Place:   411 West Fourth Street
              Santa Ana, CA 92701

Attachment A

**_Report of Fee Examiner Nancy B. Rapoport — [September 11, 2024]_**

Pursuant to the **_Order Appointing a Fee Examiner_** dated August 7, 2024

[Docket No. 1489] (the "Appointment Order"), this is my First Report ("First

Report") to this Court.

## General Observations

*Purpose of a fee examiner.* The purpose of using a fee examiner for fee review is

to help a bankruptcy court with its duty to determine reasonableness under Section

330 of the Bankruptcy Code. Under 11 U.S.C. § 330, a court may award:

> (A) reasonable compensation for actual, necessary services
> rendered by the trustee, examiner, ombudsman,
> professional person, or attorney and by any
> paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

In 11 U.S.C. § 330(a)(3), Congress provided guidance on calculating reasonable

compensation:

> In determining the amount of reasonable compensation to
> be allowed to an examiner, trustee under chapter 11, or
> professional person, the court shall consider the nature, the
> extent, and the value of such services, taking into account
> all relevant factors, including--
> > (A) the time spent on such services;
> > (B) the rates charged for such services;
> > (C) whether the services were necessary to the
> > administration of, or beneficial at the time at
> > which the service was rendered toward the
> > completion of, a case under this title;
> > (D) whether the services were performed
> > within a reasonable amount of time
> > commensurate with the complexity,

importance, and nature of the problem, issue,
or task addressed;
(E) with respect to a professional person,
whether the person is board certified or
otherwise has demonstrated skill and
experience in the bankruptcy field; and
(F) whether the compensation is reasonable
based on the customary compensation
charged by comparably skilled practitioners in
cases other than cases under this title.

The measure of a fee examiner's worth does not depend on the magnitude of recommended reductions to fees, but on whether the fee examiner has provided sufficient information to enable a court to rule on reasonableness under the Bankruptcy Code's standards. I hope that this First Report will be helpful to this Court and to the professionals in this case.

*Purpose and use of Protocol.* The professionals whose fees I reviewed pursuant to the Appointment Order continued to provide their supporting data to Legal Decoder and to me in a timely manner, as I had requested in the ***Notice to Professionals of Court Order Regarding Professional Fee Review by Court Appoint[ed] Fee Examiner,*** dated August 9, 2024 [Docket No. 1498] (the "Protocol"). I provided the professionals in this case with the Protocol as a way for them to understand my process for reviewing their fees and my priorities in reviewing those fees. I engaged Legal Decoder and asked it to automate and expedite the invoice review process and provide to me industry-wide benchmarks to ensure that all fees in this case aligned with the overall market. I requested that Legal Decoder use its technology to prepare

reports that took into account every professional's years of practice, rank, hourly rate, and background information to help me evaluate whether legal professionals handled tasks appropriate to their skill level (again, based on industry benchmarks). After receiving Legal Decoder's reports, I was able to analyze and supplement that information, using it for discussion purposes with the Trustee's professionals.

In my review of professional fees, I followed the *Protocol*. I focused on factors that included:

> (i) the individual experience and expertise of each timekeeper; (ii) the time that it took to complete each task relative to industry-wide benchmarks; (iii) how many people worked on the case during a particular month; (iv) whether a task handled by one professional appears to have duplicated the tasks handled by another professional; (v) whether a task was undertaken by the lowest efficient biller; (vi) how efficiently the biller used his or her time; (vii) whether the quality of the work product resulting from those professionals' efforts was commensurate with the fees billed to that work product; (viii) whether expenses were reasonable; (ix) how many individual billers have billed on the case; and (x) how many individual billers have consistently billed in excess of 14 hours a day (not because 14+ hour days are *per se* unreasonable, but because many sequential long days can lead to inefficiencies over time).

When necessary, I worked with professionals to make sure that Legal Decoder and I had all of the information that we needed, such as budget-to-actual comparisons or information on rate increases.

The challenge for any court (and also for any fee examiner appointed to assist a court) is to be able to examine, after the fact, those decisions that the professionals made when they were in the midst of time-pressured and complicated work.

*Specific observations about this billing cycle*

As is my practice when reviewing professional fees, I asked the professionals for additional details to clarify questionable time entries. I also followed my standard practice of showing representatives of each professional the draft of the section of this First Report relating to that professional's review—before filing this First Report with the Court—in order to ensure that I had stated all of the facts and the amounts of any negotiated reductions accurately. Thus, every professional has had ample opportunity to correct any errors.

I am writing this First Report in two stages: the first part (this one) consists of the data analysis for those professionals who provided Legal Decoder and me with the data in time for Legal Decoder to give me reports by August 31, 2024. In its Order dated September 6, 2024 (Docket No. 1642), the Court clarified that I will not need to review the Ombudsman's or the Debtor's attorneys' fees. I will file a Supplement to the First Report with my analysis of the remaining professionals' fees and expenses, assuming that I get their data in time to turn the Supplemental Report around before the fee application hearing on September 24, 2024.

In order to assist this Court with the fee application hearing, here is a chart summarizing my conclusions:

| Professional | Order Appointing / Approving Professional | Conclusions, Including Any Additional Recommended Reductions |
|---|---|---|
| Marshack Hays Woods | Docket No. 129, Dec. 22, 2023 (sec. 327 professional) | Other than $499.00, reasonable when incurred. |
| Richard Marshack | Docket No. 65, May 8, 2023 (sec. 326 professional) | Fees and expenses were reasonable—no recommended reductions |
| Omni Agent Solutions | Docket No. 785, Dec. 22, 2023 (sec. 327 professional) | Fees and expenses were reasonable—no recommended reductions. |
| Dinsmore & Shohl | Docket No. 171, July 5, 2023 (sec. 327 professional) | Fees and expenses were reasonable—no further recommended reductions.[1] |
| Bicher & Assocs. | Docket No. 155, June 29, 2024 (sec. 327 professional) | Other than $298.00, reasonable when incurred. |
| Grobstein Teeple | Docket No. 169, July 3, 2023 (sec. 327 professional) | Fees and expenses were reasonable—no recommended reductions |

Here is a summary of the fees and expenses requested to date, of those professionals who sent the data by August 31, 2024:

---

[1] Dinsmore & Shohl already deducted the Fee Examiner's recommended reductions before filing its First Interim Application; hence, no further reductions are necessary.

| | Fee App Doc. No. | Fees requested to date | Expenses requested to date | Total fees and expenses requested to date (before any post-filing reductions) | Negotiated reductions | Total fees and expenses requested to date (after any negotiated reductions) |
|---|---|---|---|---|---|---|
| Marshack Hays Woods | 1617 | $1,332,851.00 | $46,897.69 | $1,379,748.69 | $499.00 | $1,379,249.69 |
| Richard Marshack | 1616 | $500,547.33 | $1,458.15 | $502,005.48 | N/A | $502,005.48 |
| Omni Agent Solutions | 1577 | $826,644.60 | $72,399.12 | $899,043.72 | N/A | $899,043.72 |
| Dinsmore & Shohl | 1621 | $4,745,825.25 | $57,379.11 | $4,803,204.36[2] | $169,460.75 | $4,803,204.36 |
| Bicher & Assocs. | 1576 | $70,478.00 | $1,259.27 | $71,737.27 | $298.00 | $71,439.27 |
| Grobstein Teeple | 1608 | $307,466.50 | $51.03 | $307,517.53 | N/A | $307,517.53 |
| Totals | | $7,783,812.68 | $179,444.37 | $7,963,257.05 | $169,959.75 | $7,962,460.05 |

I will now turn to the fee applications.

| First Interim Applica- tions | Fees requested in this Interim Fee Application | Proposed reduction / agreed-to voluntary reduction | Opinion as to reasonable fee award | Expenses requested | Proposed reduction | Opinion as to reasonable expenses | Total fees and expenses, if this Court approves the fees and expenses (including any negotiated reductions) |
|---|---|---|---|---|---|---|---|
| Marshack Hays Wood | $1,332,851.00 | $499.00 | Other than $499.00, reasonable. | $46,897.69 | None | Reasonable | $1,379,249.69 |
| Richard Marshack | $500,547.33 | None | Reasonable | $1,458.15 | None | Reasonable | $502,005.48 |
| Omni Agent Solutions | $826,644.60 | None | Reasonable | $72,399.12 | None | Reasonable | $899,043.72 |
| Dinsmore & Shohl | $4,745,825.25 | $169,460.75[3] | Reasonable | $57,379.11 | None | Reasonable | $4,803,204.36 |
| Bicher & Assocs. | $70,478.00 | $298.00 | Other than $298.00, reasonable. | $1,259.27 | None | Reasonable | $71,439.27 |
| Grobstein Teeple | $307,466.50 | None | Reasonable | $51.03 | None | Reasonable | $ 307,517.53 |

---

[2] Such amount reflects the agreed-to voluntary reduction.

[3] This $169,460.75 was already deducted before filing the fee application; thus, no further deduction is necessary.

One more point before turning to each interim fee application: normally, I would calculate a 20% holdback on the fees because that is the percentage that the Court would set until the final fee applications. In this case, the parties have been discussing a variety of holdback percentages to suggest to the Court, and I believe that the best course of action here is to have them argue the various percentages directly to the Court. Therefore, I have made no holdback calculations, but I would be happy to do so if the Court would like to see those, both for this first set of reviews and for the remaining reviews.

<u>Specific Observations on the Interim Fee Applications</u>

<u>Marshack Hays Wood LLP</u>

First Interim Application of Marshack Hays Wood LLP
[Docket No. 1617]

| | |
|---|---|
| Interim fees requested in First Interim Application | $1,332,851.00 |
| Additional agreed-to voluntary reductions | $499.00 |
| Expenses requested in First Interim Application | $46,897.69 |
| Voluntary reductions taken by Marshack Hays Wood LLP prior to the fee examiner's review and included in the requested fees | N/A |
| Total fees (after reductions) and expenses that Marshack Hays Wood LLP wishes this Court to consider at the First Interim Fee Application Hearing | $1,379,249.69 |

My review of this interim fee application focused on understanding the division of authority among the various professionals to ensure that the work was being assigned to the lowest efficient biller, certain fees that appeared to be more in the

nature of overhead; some vague entries, and the reason for certain professionals

attending certain meetings. I also reviewed the expenses and found no issues there.

The firm was able to answer all of my questions, and other than $499.00, I conclude

that the fees and expenses were reasonable and necessary when incurred.

Richard Marshack, Trustee

First Interim Application of Chapter 11 Trustee
[Docket No. 1616]

| Interim fees requested in First Interim Application | $500,547.33 |
|---|---|
| Expenses requested in First Interim Application | $1,458.15 |
| Voluntary reductions taken by Mr. Marshack prior to the fee examiner's review and included in the requested fees | N/A |
| Total fees and expenses that Mr. Marshack wishes this Court to consider at the First Interim Fee Application Hearing | $502,005.48 |

Because Mr. Marshack is a section 326 professional, rather than a section 327

professional, my review of his fees and expenses was a little different. Although I

treated the time entries as if he were a section 327 professional in order to assure

myself that he performed the work that he had described in his fee application, and

although I asked for certain follow-up information, all of which was provided, I

reviewed his fees primarily in the context of what he has achieved for this estate.

Having discussed similarly situated cases with various state regulators and the

CFPB, the primary difficulty with closing down a practice without a sale of at least

some of the consumer files to a new law firm is that a closed-down practice leaves

consumers stranded. In my opinion, the decision to effectuate a sale of many of

LPG's files to Morning Law Group, therefore, not only provided a large number of stranded LPG clients with access to high-quality legal care (or, at least a determination that Morning Law Group could—for various reasons—not help a particular consumer while remaining on the correct side of the law) but also provided an infusion of funds to the estate. Mr. Marshack's decision, and this Court's approval of that decision, was both humane and useful. I also reviewed Mr. Marshack's expenses and found no issues with them. I conclude that Mr. Marshack's fees and expenses were reasonable and necessary.

<u>Omni Agent Solutions</u>

First Interim Application of Omni Agent Solutions
[Docket No. 1577]

| Interim fees requested in First Interim Application | $826,644.60 |
|---|---|
| Expenses requested in First Interim Application | $72,399.12 |
| Voluntary reductions taken by Omni Agent Solutions prior to the fee examiner's review and included in the requested fees | N/A |
| Total fees and expenses that Omni Agent Solutions wishes this Court to consider at the First Interim Fee Application Hearing | $899,043.72 |

Omni, given its role, had numerous repetitive tasks, none of which raised any red flags. No flags were triggered on the expenses. I conclude that Omni Agent's fees and expenses are reasonable and necessary as incurred.

First Interim Application of Dinsmore & Shohl, LLP[4]
[Docket No. 1621]

| | |
|---|---:|
| Interim fees requested in First Interim Application | $4,745,825.25 |
| Agreed-to voluntary reductions, taken before filing the First Interim Application[5] | $169,460.75 |
| Expenses requested in First Interim Application | $57,379.11 |
| Voluntary fee reductions taken by Dinsmore & Shohl, taken before filing the First Interim Application | $223,990.00 |
| Voluntary rate reductions taken by Dinsmore & Shohl, taken before filing the First Interim Application | $51,000.00 |
| Total fees (after reductions) and expenses that Dinsmore & Shohl wishes this Court to consider at the First Interim Fee Application Hearing | $4,803,204.36 |

At the outset, the review found that the firm's fees represent a 35% lower rate

structure than comparable firms with substantial bankruptcy experience, adding

significant value to the Trustee and the Estate.  The rest of the review focused on

issues of the use of itinerant billers, the choice of professional for particular tasks

(whether the professional was the lowest efficient biller), some vague and block-billed

entries, questions about allocation of work between this firm and Marshack Hays

Wood, and questions about how some travel time was billed.  All of these questions

were answered to my satisfaction, and therefore, with the reduction of $169,460.75

---

[4] Note:  Dinsmore & Shohl LLP's filed Fee Application also reflects a separately agreed-to voluntary reduction.  Before it submitted the fee application to the Fee Examiner, Dinsmore took a rate reduction of approximately $51,000.00 for Attorneys Celentino, Ghio, and certain other professionals' time, as well as an overall voluntary reduction of $223,990.00 for all timekeepers; when added to the Fee Examiner's suggested reduction of $169,460.75, the total Dinsmore reduction is $444,450.75, or roughly 9% of the fees.

[5] Such reduction was reflected in the Fee Application filed by Dinsmore & Shohl LLP, Dkt. No. 1621, at p. 2, ll. 3-6, p. 7-ll. 27-28 - p. 8, l. 2, p. 27, A. Summary of Fees, ll. 11-14.

taken after my review and reflected in the filed fee application, I conclude that

Dinsmore & Shohl's fees and expenses were reasonable as incurred.

### First Interim Application of Robert F. Bicher & Associates
[Docket No. 1576]

| | |
|---|---|
| Interim fees requested in First Interim Application | $70,478.00 |
| Additional agreed-to voluntary reductions | $298.00 |
| Expenses requested in First Interim Application | $1,259.27 |
| Voluntary reductions taken by Bicher & Associates prior to the fee examiner's review and included in the requested fees | $7,709.00[6] |
| Interim fees after proposed reductions, plus 100% of expenses | $71,439.27 |

My review of this interim fee application focused on understanding the division

of authority among the various professionals to ensure that the work was being

assigned to the lowest efficient biller, certain fees that appeared to be more in the

nature of overhead; certain expenses that appeared to be more in the nature of

overhead; some vague entries, and the reason for certain professionals attending

certain meetings. The firm was able to answer all of my questions, and other than

$298.00, I conclude that the fees and expenses were reasonable and necessary when

incurred.

### First Interim Application of Grobstein Teeple
[Docket No. 1608, with a slight modification of language in Docket No. 1611]

| | |
|---|---|
| Interim fees requested in First Interim Application | $307,466.50 |
| Expenses requested in First Interim Application | $51.03 |

---

[6] The Firm discounted its rate for Claims Analysis, at the request of the Trustee, from $250.00 per hour to $120.00 per hour (a 52% reduction). The time billed, 59.3 hours, resulted in a savings to the estate of $7,709.00, approximately 10% of total fees, and a reduction in the average hourly rate for all services provided from $154.23 per hour to $139.08 per hour.

| Voluntary reductions taken by Grobstein Teeple prior to the fee examiner's review and included in the requested fees | N/A |
|---|---|
| Total fees and expenses that Grobstein Teeple wishes this Court to consider at the First Interim Fee Application Hearing | $307,517.53 |

My review of this interim fee application focused on some vague entries and the reason for certain professionals attending certain meetings. The firm was able to answer all of my questions, and I conclude that the fees and expenses were reasonable and necessary when incurred.

Conclusion

In closing, I wish to express my appreciation to all of those professionals who provided information in a timely manner and who cooperated in helping me better understand their fee applications.

I will appear at the hearing on the pending interim fee applications to answer questions from the Court. To the extent that additional pleadings related to these fee applications are filed after this First Report has been docketed (and after I get the data analysis for the two other fee applications – the two applications for which Legal Decoder and I did not receive the data as quickly), I will supplement this Report.

Date: September 11, 2024
Las Vegas, Nevada

Respectfully submitted:

*Nancy B. Rapoport*
*Fee Examiner*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:       655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document:  **REPORT OF FEE EXAMINER NANCY B. RAPOPORT - [SEPTEMBER 11, 2024]**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 12, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 12, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

YCIR Inc.
Hector Ocegueda
535 S Barranca St #4
Covina, CA 91723

☐      Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 12, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 12, 2024 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Special Counsel Dinsmore & Shohl LLP
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                        **F 9013-3.1.PROOF.SERVICE**

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Trustee Richard A Marshack (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P Fennell on behalf of Creditor Validation Partners LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                            F 9013-1.PROOF.SERVICE

william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larime
r@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                              F 9013-.1.PROOF.SERVICE

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

Spencer Keith Gray on behalf of Plaintiff Richard A Marshack
spencer.gray@dinsmore.com

Spencer Keith Gray on behalf of Trustee Richard A Marshack (TR)
spencer.gray@dinsmore.com

D Edward Hays on behalf of Attorney Marshack Hays LLP

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                             F 9013-.1.PROOF.SERVICE

ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-1.1.PROOF.SERVICE

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Consumer Legal Group, P.C.
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Liberty Acquisitions Group Inc.
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-.1.PROOF.SERVICE

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                 F 9013-1.1.PROOF.SERVICE

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Interested Party The Bankruptcy Law Firm, P.C.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-.1.PROOF.SERVICE

sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Interested Party Consumer Legal Group, P.C.
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Victoria Newmark on behalf of Interested Party LGS Holdco, LLC
vnewmark@pszjlaw.com

Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Jacob Newsum-Bothamley on behalf of Trustee Richard A Marshack (TR)
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-1.PROOF.SERVICE

rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcyd
ocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                        F 9013-.1.PROOF.SERVICE

olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-.1.PROOF.SERVICE**

Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-.1.PROOF.SERVICE**