Christopher Celentino (State Bar No. 131688)
Christopher B. Ghio (State Bar No. 259094)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Tyler Powell (Ky. Bar No. 90520 – Admitted pro hac vice)
**DINSMORE & SHOHL LLP**
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: 859-425-1056
tyler.powell@dinsmore.com

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK'S SUBSTANTIVE OMNIBUS OBJECTION TO PROOFS OF CLAIM[1] FILED BY (I) PHUONG "JAYDE" TRINH; (II) SHERI CHEN; (III) JUSTIN NGUYEN; (IV) HAN TRINH; (V) ISRAEL OROZCO; (VI) SCOTT EADIE; (VII) KEVIN KURKA; AND (VIII) AZEVEDO SOLUTIONS GROUP, INC.; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** |
| | Date:    October 24, 2024 |
| | Time:    10:00 AM Local Time |
| | Ctrm:    5C – Via Zoom[2] |
| | Judge:   Hon. Scott C. Clarkson |
| | Place:   411 W. Fourth Street |
| | Santa Ana, CA  92701 |

---

[1] (i) Proof of Claim No. 75, as amended, filed by Phuong "Jayde" Trinh; (ii) Proof of Claim No. 77 filed by Sheri Chen; (iii) Proof of Claim No. 78 filed by Justin Nguyen; (iv) Proof of Claim No. 79, as amended, filed by Han Trinh; (v) Proof of Claim No. 104 filed by Israel Orozco; (vi) Proof of Claim No. 193 filed by Scott Eadie; (vii) Proof of Claim No. 101651 filed by Kevin Kurka; and (viii) Proof of Claim No. 100232 filed by Azevedo Solutions Group, Inc.

[2] Check Judge Clarkson's tentative calendar prior to hearing for further Zoom instructions.

# TABLE OF CONTENTS

I.      FACTUAL BACKGROUND .................................................................................... 5

II.     LEGAL STANDARD ............................................................................................... 6

III.    RELIEF REQUESTED ............................................................................................ 7

IV.    RESERVATION OF RIGHTS ............................................................................... 13

V.     CONCLUSION ....................................................................................................... 13

## TABLE OF AUTHORITIES

<u>Cases</u>

*In re Aurora Graphics, Inc., 255 B.R. 612, 613, 616 (Bankr. D. N. H. 2000)* ....................................6

*In re Allegheny Int'l, Inc*., 954 F.2d 167, 173-74 (3d Cir. 1992) ..........................................................6

*Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg*.), 178 B.R. 222, 226 (9th Cir. BAP 1995), aff'd, 91 F.3d 151 (9th Cir. 1996)...................................................................6

*In re Carpenter, 540 B.R. 691, 695 (B.A.P. 9th Cir. 2015)* .................................................................8

*In re Consol. Freightways Corp. of Delaware, 564 F.3d 1161, 1168 (9th Cir. 2009)* ...................7, 8

*In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)....................................................................................6

*Lundell v. Anchor Constr. Specialists, Inc.,* 223 F.3 1035, 1039 (9th Cir. 2000)...............................6

Statutes

11 U.S.C. § 105 .....................................................................................................................................4

11 U.S.C. § 502.........................................................................................................................4, 6, 9, 13

11 U.S.C. § 507....................................................................................................4, 5, 7, 9, 10, 11, 12

F.R.B.P. 3001 ....................................................................................................................................4, 6

F.R.B.P. 3007 .......................................................................................................................................4

F.R.B.P. 3018 .......................................................................................................................................4

> **This is an objection to your claim. A table of the Objected Claims and the basis for objection is attached hereto as Exhibit A. The objecting parties are asking the Court to disallow or modify the claim that you filed in this bankruptcy case. You should immediately contact the objecting parties to resolve the dispute. If you do not reach an agreement, you must file a response to this objection and send a copy of your response to the objecting parties 14 days before the hearing set forth above. Your response must state why the objection is not valid. If you do not file a response 14 days prior to the hearing, your claim(s) may be disallowed without a hearing.**
>
> **TO THE EXTENT DOCUMENTS AND OTHER PRODUCTS OF DISCOVERY ARE OBTAINED, THE PROTECTIVE ORDER ATTACHED HERETO AS EXHIBIT B APPLIES.**
>
> **Represented parties should act through their attorney.**

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the Litigation Practice Group P.C. (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), hereby files this substantive omnibus objection to certain unsecured claims ("Objected Claims") filed by (i) Proof of Claim No. 75, as amended, filed by **Phuong "Jayde" Trinh**; (ii) Proof of Claim No. 77 filed by **Sheri Chen**; (iii) Proof of Claim No. 78 filed by **Justin Nguyen**; (iv) Proof of Claim No. 79, as amended filed by **Han Trinh**; (v) Proof of Claim No. 104 filed by **Israel Orozco**; (vi) Proof of Claim No. 193 filed by **Scott Eadie**; (vii) Proof of Claim No. 101651 filed by **Kevin Kurka**; and (viii) Proof of Claim No. 100232 filed by **Azevedo Solutions Group, Inc.** (collectively the "Insiders") against the Estate. In support of the Objection, the Declaration of Richard A. Marshack, Chapter 11 Trustee of the Debtor is filed concurrently herewith ("Marshack Declaration"). A table of the Objected Claims and the basis for objection is attached hereto as **Exhibit A.** Copies of the Claims themselves are attached as **Exhibits 1 through 8 to the Marshack Declaration**.

The Insiders were individuals and entities that were closely connected with the Debtor's attempt to transfer and conceal its assets prior to filing for bankruptcy and that received substantial payments (outside of salary) from the Debtor in the one year period prior to the filing of the bankruptcy. This Objection sets forth the specific objections to the Objected Claims; however, based on the pre-petition actions of and known transfers to the Insiders, the Trustee also asserts that any amounts that may be actually be owed to the Insiders under the Objected Claims is dwarfed by the liability of the Insiders to the Estate for avoidance actions and other litigation claims. This Objection is filed pursuant to §§ 105(a), 502 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007(d), 3001(d), and 3018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Central District of California (the "Local Rules").[3]

# I.    FACTUAL BACKGROUND

On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"), commencing the Bankruptcy Case.

On May 8, 2023, the Court entered an order (the "Trustee Appointment Order") [Dkt. No. 65] granting a motion [Dkt No. 21] filed by the Office of the United States Trustee ("UST"), which requested the appointment of a chapter 11 trustee based on, in part, the Debtor's failure to provide significant financial and other disclosures. [Dkt No. 21]. Richard A. Marshack was appointed as the chapter 11 trustee pursuant to the Trustee Appointment Order, and continues to serve in that capacity. On July 3, 2023, the Court entered an order authorizing the retention of Grobstein Teeple PLLC ("Grobstein") to serve as accountants for the Estate [Dkt. No. 169].

On June 17, 2024, the Court entered an order [Dkt No. 1348] approving the solicitation of a plan of liquidation (as may be amended, modified, or supplemented from time to time, the "Plan"). On September 9, 2024, the Court entered an order confirming the Plan [Dkt No. 1646] (the "Confirmation Order"). The Effective Date has not occurred as of the time of this filing. See Marshack Decl., ¶ 3(g), at Page 3.

Pursuant to the confirmed Plan, the Trustee is obligated to satisfy those claims deemed allowed as Class 2 claims entitled to priority treatment pursuant to 11 U.S.C. § 507. The Claims of the Insiders all seek payment, in part, of Class 2 priority claims. Some Claims seeks allowance of additional amounts as Class 3 general unsecured claims beyond the portion claimed to be priority. The specific objection to each Objected Claim is addressed below, and for the reasons stated herein, the Trustee objects to any of the Objected Claims being treated as Class 2 Claims entitled to priority treatment under the Bankruptcy Code and confirmed Plan.

///

---

[3] Unless otherwise set forth herein, all references to "§" or "Section" are to a section of the Bankruptcy Code.

## II. **LEGAL STANDARD**

It is well established, to disallow a claim, the objector (Trustee) must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claims themselves." *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3 1035, 1039 (9th Cir. 2000) quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991). "The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Lundell*, *supra*, 223 F.3d at 1040, quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), aff'd, 91 F.3d 151 (9th Cir. 1996), quoting *Allegheny Int'l*, *supra*, 954 F.2d at 173-74. The ultimate burden of persuasion remains at all times on the claimant. *Lundell*, *supra*, 223 F.3d at 1039; *Holm*, *supra*, 931 F.2d at 623.

A proof of claim must provide sufficient facts and evidence to support the claim. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001; *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. (9th Cir. 1995) ("Initially, the claimant must allege fact sufficient to support the claim."). Rule 3001 sets forth evidence required to be submitted for certain types of claims.

A claim that fails to provide adequate evidence, including the specific information required by Rule 3001, is not entitled to *prima facie* validity under Rule 3001(f). *See Id.* at 226-227. If the claimant does not provide adequate evidence to support its claim, the claim may be disallowed. *See e.g., Id.* at 227.

The burden of proof under Bankruptcy Code § 502(a) rests on different parties at different times. *Id.* at 226. Initially, the claimant must allege facts sufficient to support the claim. *Id.* If the averments in the claim meet this standard of sufficiency, it is *prima facie* valid; a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. *Id.* The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the claim. *Id.* The objector must produce evidence equal in force

6

to the *prima facie* case; the objector must produce evidence, which if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.* If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to provide the validity of the claim by preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

## III.    RELIEF REQUESTED

### A.    Priority Treatment of Claims Pursuant to 11 U.S.C. § 507

Under certain circumstances, the Bankruptcy Code elevates certain unsecured claims above others depending on the nature of the underlying debt. 11 U.S.C. § 507 identifies those types of claims entitled to priority payment before other unsecured claims. All of the Objected Claims assert 11 U.S.C. § 507(a)(7) entitles some or all of the claims to priority treatment up to

> $15,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for –
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor.

Also, the Claim of Kevin Kurka asserts that another portion of his Claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(5) as an:

> …allowed unsecured claims for contributions to an employee benefit plan—
> **(A)**    arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
> **(B)**    for each such plan, to the extent of—
> **(i)**    the number of employees covered by each such plan multiplied by $15,150; less
> **(ii)**    the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

Priority provisions such as these are to be narrowly construed. *See, e.g., In re Consol.*

*Freightways Corp. of Delaware,* 564 F.3d 1161, 1168 (9th Cir. 2009) ("[T]he scope of priorities should be strictly construed because 'preferential treatment of a class of creditors is in order only when clearly authorized by Congress.'); *In re Carpenter,* 540 B.R. 691, 695 (B.A.P. 9th Cir. 2015) ("[P]riorities are narrowly construed because they derogate from the principle of equality of distribution among unsecured creditors"). Even third-party companies (such as a staffing agency) who pay wage claims of a debtor's employees and are assigned the employee's claim against the debtor generally are not entitled to a priority claim against the debtor unless the can establish they were under no independent legal obligation to pay the wages. *In re Aurora Graphics, Inc.*, 255 B.R. 612, 613, 616 (Bankr. D. N. H. 2000) (interpreting agreement between creditor and debtor to determine that the creditor was a co-employer independently obligated to pay wages, and therefore was not entitled to a priority claim).

**B.    General Objection to Objected Claims**

As stated in detail in the Marshack Declaration (Marshack Declaration, Pages 3-4) and elsewhere in the record,[4] the Insiders claim they were employees of the Debtor while the Debtor was engaged in defrauding its creditors by transferring its assets and client ("Property") files to friendly, third parties who subsequently retained or hired many of these Insiders. It was, as the Court described in a recently entered order regarding two of the Insiders, a "looting of LPG to the benefit of non-debtor entities [.]"  [Page 35 of Dkt. Nos. 1547 and 1548]. Given their positions and roles at the Debtor it is impossible to believe that these Insiders were not actively involved in the transfer of the Property to the third parties. Based on their involvement in this "looting" the Trustee believes he has substantial claims against the Insiders for their actions to transfer and/or to conceal the Property while employed by the Debtor. Any damages awarded for these claims could be set off against and recovered from any amounts that the Estate may owe the Insiders for valid proofs of claim.

As also detailed herein, many of the Insiders received significant transfers of Property from the Debtor both pre-petition and post-petition. (See Marshack Declaration, Pages 6-8). Furthermore, the Trustee has strong reason to believe that the Debtor paid personal expenses for one or more

---

[4] Certain email exchanges between some of the Insiders are filed at Dkt. No. 1099 and Declarations filed with other pleadings herein -- Declarations of Alina Mamlyuk and D. Edward Hays filed as part of Dkt. Nos. 1103, 1104, and 1105 and Declarations of Shadae Clarke and Jane Dearwester filed as part of Dkt. No. 1105 detail the involvement of some, if not all, of the Insiders in the pre-petition transfer of the Debtor's files and client matters to related third parties.

Insiders.[5]  Because these transfers were made directly to the creditor of the Insider, these transfers are not as easy to identify as payments directly to an Insider. These transfers could be avoided and recovered for the Estate under various sections of the Bankruptcy Code. 11 U.S.C. § 502(d) provides, in relevant part, for the disallowance of "any claim … [of] a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property[.]"  Pursuant to § 502(d), the Insiders' receipt of and/or benefit from potentially avoidable transfers is another reason to disallow their Claims pending the filing of litigation that will identify and seek the recovery of such transfers.

### C.    Specific Objections to Claims

#### 1.    Claim of Phuong "Jayde" Trinh

As detailed in the Marshack Declaration, Ms. Trinh seeks a priority claim of $14,423.08 for unpaid wages pursuant to 11 U.S.C. § 507(a)(4). This Claim is subject to objection because the Claimant failed to provide any information showing that the amount claimed arose from vacation earned within 180 days of the Petition Date. (Marshack Declaration, Page 4). The Claim includes a statement showing 224.83 hours of accrued vacation does not state when that vacation accrued or when that statement was generated. As noted above, the Court has already found that Jayde Trinh was involved in the "looting" of Property from the Debtor while nominally its employee. If there is a valid claim for vacation pay accrued within 180 days of the Petition Date, any amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim and unsecured claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

#### 2.    Claim of Sheri Chen

As detailed in the Marshack Declaration, Ms. Chen seeks a priority claim of $12,083.19 for unpaid wages pursuant to 11 U.S.C. § 507(a)(4). This Claim is subject to objection because the Claimant failed to provide any information showing that the amount claimed arose from vacation

---

[5] For example, LPG paid Jayde Trinh's student loans from law school. Order dated August 27, 2024, Page 8, Lines 3-4 [Doc. No. 1548}

earned within 180 days of the Petition Date. (Marshack Declaration, Page 5). The Claim includes a statement showing 40 hours of accrued vacation, but it does not state when that vacation accrued or when that statement was generated. Upon information and belief, Claimant may have been involved or participated in the transfer of Property from the Debtor. If there is a valid claim for vacation pay accrued within 180 days of the Petition Date, any amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim and unsecured claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

### 3.    Claim of Justin Nguyen

As detailed in the Marshack Declaration, Mr. Nguyen seeks a priority claim of $15,150.00 for unpaid wages pursuant to 11 U.S.C. § 507(a)(4) as part of a total unsecured claim of $23,994.20. This Claim is subject to objection because the Claimant failed to provide any information showing that the amount claimed arose from vacation earned within 180 days of the Petition Date. (Marshack Declaration, Page 6). The Claim does include a statement showing 49.24 hours of accrued vacation, but it does not state when that vacation accrued or when that statement was generated. Upon information and belief, Claimant may have been involved or participated in the transfer of Property from the Debtor. If there is a valid claim for vacation pay accrued within 180 days of the Petition Date, any amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim and unsecured claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

### 4.    Claim of Han Trinh

As detailed in the Marshack Declaration, Ms. Trinh seeks a priority claim of $24,310.23 for unpaid wages pursuant to 11 U.S.C. § 507(a)(4). First, this amount exceeds the statutory cap of $15,150.00 and must be reduced. This Claim is also subject to objection because the Claimant failed to provide any information showing that the amount claimed arose from vacation earned within 180 days of the Petition Date. (Marshack Declaration, Page 6). The Claim included a statement showing 231 hours of accrued vacation, but it does not state when that vacation accrued or when that statement

was generated. Grobstein has identified $17,655.73 transferred to Claimant in the 90 day period before the Petition Date that do not appear related to salary. Within the two plus years preceding the Petition Date, the Debtor transferred $35,705.57 to Claimant according to Grobstein. As noted above, the Court has already found that Han Trinh was involved in the "looting" of Property from the Debtor while nominally its employee. If there is a valid claim for vacation pay accrued within 180 days of the Petition Date, any amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim and unsecured claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

### 5.    Claim of Israel Orozco

As detailed in the Marshack Declaration, Mr. Orozco seeks a priority claim of $24,310.23 for unpaid wages pursuant to 11 U.S.C. § 507(a)(4) as part of a total unsecured claim of $53,729.31. First, this amount exceeds the statutory cap of $15,150.00 and must be reduced. This Claim is also subject to objection because the Claimant failed to provide any information showing that the amount claimed arose from vacation earned within 180 days of the Petition Date. (Marshack Declaration, Page 7). The statement filed with the Claim showing 98.52 hours of accrued vacation does not state when that vacation accrued or when that statement was generated. Grobstein have identified $4,144.26 transferred to Claimant in the 90 day period before the Petition Date that do not appear related to salary and another $4,225.78 transferred after the Petition Date for unknown purposes. If there is a valid claim for vacation pay accrued within 180 days of the Petition Date, any amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

### 6.    Claim of Scott Eadie

As detailed in the Marshack Declaration, Mr. Eadie seeks a priority claim of $31,249.99 for unpaid wages pursuant to 11 U.S.C. § 507(a)(4). First, this amount exceeds the statutory cap of $15,150.00 and must be reduced. This Claim is also subject to objection because the Claimant failed to provide any information supporting this claim (Marshack Declaration, Page 7-8). Grobstein have

identified $5,873.41 transferred to Claimant in the 90 day period before the Petition Date that do not appear related to salary and another $7,822.45 transferred after the Petition Date. If there is a valid claim for vacation pay accrued within 180 days of the Petition Date, any amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim and unsecured claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

### 7.    Claim of Kevin Kurka

As detailed in the Marshack Declaration, Mr. Kurka seeks a priority claim of $15,150.00 for unpaid wages pursuant to 11 U.S.C. § 507(a)(4) and $2,100.00 for unmade contributions to an employee benefit plan pursuant to 11 U.S.C. § 507(a)(5). These amounts are part of a larger general unsecured claim of $575,000.00. This entire Claim as well as the priority portion thereof is objectionable because the Claimant failed to provide any information supporting this claim. The Claim says the Debtor has all the necessary documents to support the Claim although these documents like "offer letter" and "employment and bonus agreement" seem unlikely to support such a large claim given their executory nature. (Marshack Declaration, Page 7-8). Furthermore, Grobstein have identified $70,489.62 transferred to Claimant in the 90 day period before the Petition Date that do not appear related to salary. If there is a valid claim entitled to priority treatment, an amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim and unsecured claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

### 8.    Claim of Azevedo Solutions Group, Inc.

As detailed in the Marshack Declaration, Azevedo Solutions Group, Inc. ("Azevedo") asserts a priority in an unstated amount pursuant to 11 U.S.C. § 507(a)(4) as part of $475,200.00 general unsecured claim. The basis for the priority claim is the independent contractor provision of § 507(a)(4); however, Azevedo provides no evidence that it meets the requirements of § 507(a)(4)(B). The invoices filed with the Claim do not mention a commission and there is no analysis of whether

Azevedo met the statutory requirements regarding the relationship between debtor and claimant. The Claim is also objectionable as it may be related to a void contract requiring fee splitting between attorneys and non-attorneys. Finally, the Trustee believes that Azevedo was substantially involved in the "looting" of the Debtor's business (Marshack Declaration, Page 8). Grobstein have identified $600,649.20 in transfers to Azevedo in the two plus years prior to the Petition Date. If there is a valid claim for commissions accrued within 180 days of the Petition Date, any amount owed would be far less than the potential liability of the Claimant to the Estate. Accordingly, the Trustee respectfully requests that the Claim be disallowed as a priority claim given that no documentary evidence supports the Claim and/or disallowed pending the resolution of any claims against Claimant.

## IV.    RESERVATION OF RIGHTS

The Trustee reserves all rights with respect to the Objected Claims and any other claim filed in this Bankruptcy Case. Nothing contained herein shall be considered a waiver of rights or defenses, election of remedies, or any other concession with respect to the foregoing.

## V.    CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court enter an order:

(i)    sustaining the Objection and granting the relief requested herein in its entirety;

(ii)    disallowing the Objected Claims, to the extent they assert a priority claim or claims;

(iii)    disallowing the Objected Claims pursuant to 11 U.S.C. § 502(d) pending the resolution of litigation between the Estate and Claimants; and

(iv)    granting the Trustee such other and further relief as is just and appropriate under the circumstances.

Dated: September 17, 2024                Respectfully submitted,

DINSMORE & SHOHL LLP


By:/s/ Tyler Powell
        Tyler Powell [pro hac vice]
        Yosina Lissebeck
        Special Counsel to Richard A. Marshack
        Chapter 11 Trustee for the Bankruptcy Estate of
        The Litigation Practice Group PC

# EXHIBIT A

| Creditor Name | Proof of Claim No. | Priority Claim Amount | Unsecured (Non-Priority) Claim | Basis for Objection |
|---|---|---|---|---|
| Phoung "Jayde" Trinh | 75 | $14,423.08 | $0.00 | Insufficient Information; 502(d) and setoff |
| Sheri Chen | 77 | $12,083.10 | $0.00 | Insufficient Information; 502(d) and setoff |
| Justin Nguyen | 78 | $15,150.00 | $8,844.20 | Insufficient Information; 502(d) and setoff |
| Han Trinh | 79 | $24,310.23 | $0.00 | Exceeds statutory cap; Insufficient Information; 502(d) and setoff |
| Israel Orozco | 104 | $24,310.23 | $29,419.08 | Exceeds statutory cap; Insufficient Information; 502(d) and setoff |
| Scott Eadie | 193 | $31,429.99 | $0.00 | Exceeds statutory cap; Insufficient Information; 502(d) and setoff |
| Kevin Kurka | 101651 | $17,250.00 | $562,750.00 | Insufficient Information; 502(d) and setoff |
| Azevedo Solutions Group, Inc. | 100232 | Unknown | $475,200.00 | No evidence that creditor meets statutory requirements of section 507(a)(4); insufficient information; 502(d) and setoff |

# EXHIBIT B

CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele: 619.400.0500
Fax: 619.400.0501

Sarah S. Mattingly (Ky. Bar 94257)
sarah.mattingly@dinsmore.com
DINSMORE & SHOHL, LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Tele: 859-425-1096
Fax: 502-585-2207
(Admitted pro hac vice)

Special Counsel to Richard A. Marshack

FILED & ENTERED

JUN 03 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In Re

The Litigation Practice Group P.C.,

           Debtor(s),

Case No: 23-bk-10571-SC

Chapter 11

**ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER AND THE PROTECTIVE ORDER**

Date:    May 23, 2024
Time:   1:30 p.m.
Judge:  Hon. Scott C. Clarkson
Place:  Courtroom 5C (via Zoom)[1]
       411 West Fourth Street
       Santa Ana, CA 92701

---

[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

The Court has read and considered the Notice of Motion and Motion for Entry of Protective Order (the "Motion") filed by Richard A. Marshack, in his capacity as the Chapter 11 Trustee (the "Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C., on May 2, 2024, pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c)(1), as Dk. No. 1164 ("Motion"), and has found good cause to grant the Motion.

IT IS HEREBY ORDERED that:

1.      The Motion is granted;

2.      The below Protective Order shall apply to any contested matter arising in the main bankruptcy case and in all adversary proceedings filed by or against Trustee, present and future; and

3.      Govern the discovery conducted therein.

## PROTECTIVE ORDER

**1.      DEFINITIONS**

1.1      "Confidential Information" as used in this Protective Order shall mean documents and other information (regardless of how generated, stored or maintained) that a Party or non-party reasonably believes to contain or reflect non-public financial or business information, bank records, financial records, such as social security numbers, non-public financial or personal information of a Party or non-party, account numbers, sensitive digital information and identifiers, information subject to confidentiality agreements or provisions other than this Protective Order, and other non-public research, development, or commercial information that derives value or avoids injury by virtue of not being known to the public.

1.2      This "Action" is defined and hereby means any contested matter arising in the main bankruptcy case and in all adversary proceedings filed by or against Trustee, present and future.

1.3      "Designating Party" means a Party or non-party that designates Confidential Information during the Action.

1.4      "Receiving Party" means a Party that receives Confidential Information during the Action.

2

1.5    "Party" or "Parties" means person or entity subject to this Protective Order.

## 2.    SCOPE OF THIS PROTECTIVE ORDER

2.1    Unless otherwise ordered, this Protective Order shall govern certain documents and other products of discovery obtained in the Action from the Parties there to, and from third parties. As well as certain information copied or derived therefrom, excerpts, summaries or compilations thereof, including, but not limited to, documents voluntarily exchanged as part of early settlement discussions, documents produced pursuant to initial disclosures, requests authorized by the Federal Rules of Civil Procedure made applicable herein by the Federal Rules of Bankruptcy Procedure, answers to interrogatories, deposition transcripts, responses to requests for production, responses to requests for admission, subpoenas, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of the Action and designated as Confidential Information.

## 3.    DESIGNATION OF CONFIDENTIAL INFORMATION

3.1    This Protective Order shall govern the production and handling of any Confidential Information in this Action. Any Party or non-party who produces Confidential Information in this Action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Protective Order. Whenever possible, the Designating Party must designate only those portions of a document, written discovery responses, deposition, transcript, or other material that contain the Confidential Information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its Confidential Information outside of this Action or for any business purposes. In addition, any Party may move to modify or seek other relief from any of the terms of this Protective Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Parties or Party as the case may be under the terms of this Protective Order. Further, nothing in this Protective Order shall prevent a Party from redacting documents consistent with the Federal Rules of Civil Procedure and utilizing the documents as needed through-out the Action.

3.2    <u>Application to Non-Parties:</u> Before a non-party is given copies of documents or materials designated as Confidential Information or Attorneys' Eyes Only as permitted hereunder, it

3

must first sign an acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit</u> A; if it fails to do so, the Parties to this Action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign attached <u>Exhibit A.</u>

       3.3    <u>Timing and Provisional Protection:</u> Designations of Confidential Information may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate documents or materials containing Confidential Information at the time of production or disclosure, including on the record during the taking of any deposition. Deposition testimony will be deemed provisionally protected for a period of thirty (30) days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

       3.4    <u>Manner of Designation:</u> Confidential Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm the designation in writing. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image that contains Confidential Information.

## 4.    CHALLENGES TO DESIGNATED INFORMATION

       4.1    In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within fifteen (15) days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is

resolved by the Parties or ruled upon by the Court, the designated information shall remain protected under this Protective Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

### 5. LIMITED ACCESS/USE OF PROTECTED INFORMATION

5.1    <u>Restricted Use:</u> Information that is produced or exchanged in the course of the Action and designated under this Protective Order may be used for preparation for trial and preparation for any appeal of any and all matters in the Action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No Confidential Information may be disclosed to any person except in accordance with the terms of this Protective Order, unless the parties are co-counsel or have entered into joint defense agreements. All persons in possession of Confidential Information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Protective Order may subject the disclosing person or party to sanctions.

5.2    <u>Access to "Confidential" Information:</u> The Party(ies) and all persons subject to this Protective Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

a)    The Court, its personnel, and court reporters;

b)    Counsel of record, or co-counsel for any Party, or other party that has entered into a joint defense agreement in the Action and their employees who assist counsel of record, or co-counsel in the Action and are informed of the duties and obligations imposed hereunder;

c)    The Parties, including their clients, agents and employees who are assisting or have reason to know of the Action;

/ / /

d)      Experts or consultants employed by the Parties or their counsel, or co-counsel, for purposes of an Action, so long as each such expert or consultant has signed attached <u>Exhibit A;</u> and

e)      Other witnesses or persons with the Designating Party's consent or by court order.

5.3    <u>Access to "Attorneys' Eyes Only" Designations:</u> The Parties and all persons subject to this Protective Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

a)      The Court, its personnel, and court reporters;

b)      Counsel of record, or co-counsel for any Party, or other party that has entered into a joint defense agreement in the Action and their employees who assist counsel of record in the Action and are informed of the duties hereunder;

c)      In-house counsel for any Party in the Action and Richard A. Marshack, as Chapter 11 Trustee of The Litigation Practice Group P.C. who is informed of the duties and obligations imposed hereunder;

d)      Experts or consultants employed by the Parties or their counsel, or co-counsel for purposes of the Action,  and so long as each such expert or consultant has signed attached <u>Exhibit A;</u> and

e)      Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

5.4    <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, will constitute a waiver of any Party(ies)'s claim or defense in the Action or any other action or proceeding, including, but not limited to, a claim or defense that any designated information is or is not Confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

5.5    <u>In-Court Use of Designated Information:</u> If information designated under this Protective Order will or may be offered in evidence at a hearing or trial related to any matter in the Action, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with

6

the Court's case-management or other pre-trial order, or by a motion *in limine.* Nothing in this Protective Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**6.    CLAW-BACK REQUESTS**

6.1    <u>Failure to Make Designation:</u>  If, at any time, a Party or non-party discovers that it produced or disclosed Confidential Information without designation, it may promptly notify the Receiving Party and identify with particularity the Confidential Information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within thirty (30) days of receiving the claw-back notification, the Receiving Party must: (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Protective Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

6.2    <u>Inadvertent Production of Privileged Information:</u> If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5)(B) as to the information subject to the claimed protection.

/ / /

/ / /

/ / /

7

**7.    DURATION/CONTINUED RESTRICTIONS**

7.1    <u>Handling of Designated Information Upon Conclusion of the Main Bankruptcy Case:</u>
Upon conclusion of the Main Bankruptcy Case, by way of dismissal or closing of the case, the
Designating Party(ies) is/are responsible for ensuring that any Party or person to whom the
Designating Party shared or disclosed designated information in any of the matters under the Action
returns or destroys all of its copies, regardless of the medium in which it was stored. No witness or
Party may retain designated information that it received from any other Party or non-party under this
Protective Order; only counsel of record, or co-counsel, are the authorized agents who may retain one
copy for their respective legal files, and who must also describe to the Designating Party the extra
steps taken to protect its legal file containing paper and/or electronic copies of the designated
information so that it is not accessed, used, or disclosed inconsistently with the obligations under this
Protective Order. This provision does not apply to the Court or Court staff. Moreover, this provision
does not apply to Trustee, who may retain and use – consistent with this Order – Confidential
Information received in any Action during the entirety of the Bankruptcy.

7.2    <u>Continued Restrictions Under this Protective Order:</u> The restrictions on disclosure and
use of Confidential Information shall survive the conclusion of the Bankruptcy case and any matter
in the Action.

**8.    PRIVILEGED OR PROTECTED INFORMATION**

8.1    Nothing in this Protective Order shall require disclosure of information that is
protected by the attorney-client privilege, the work-product protection, or any other legally cognizable
privilege (a "Privilege or Protection").  If information subject to a claim of Privilege or Protection is
inadvertently produced, pursuant to Federal Rule of Evidence 502(d) such production shall not
constitute a waiver of, or estoppel as to, any claim of Privilege or Protection for such information or
any other information that may be protected from disclosure by a Privilege or Protection in any
proceeding.

8.2    If a Party receives a document that appears to be subject to a Privilege or Protection,
then it shall refrain from examining the document any more than is essential to ascertain if it is
privileged or protected and shall promptly notify the producing Party in writing that the receiving

Party possesses material that appears to be subject to a Privilege or Protection. The producing Party shall have seven (7) days after receiving such notice to assert a Privilege or Protection over the identified material. If the producing Party does not assert a claim of Privilege or Protection within the seven (7)-day period, the material in question shall be deemed not privileged or protected.

8.3     If a producing Party has produced a document subject to a claim of Privilege or Protection, upon written request by the producing Party, the document for which a claim of Privilege or Protection is made shall be sequestered or destroyed to the extent reasonably practicable, and the receiving Party shall not use the document for any purpose other than in connection with analyzing or disputing a claim of Privilege or Protection or in connection with a motion to compel the production of the document.

8.4     The receiving Party sequestering or destroying such material may then move the Court for an order compelling production of the material. The applicable producing Party bears the burden of establishing the applicable Privilege or Protection of any clawed-back document or information as and to the same extent that it would have borne such burden had it not produced the document or information.  Nothing in this Protective Order shall limit the Court's right or any receiving Party's right to request an in camera review of any information subject to a claim of Privilege or Protection.

###

Date: June 3, 2024

Scott C. Clarkson
United States Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

1

1   Christopher B. Ghio (State Bar No. 259094)
    Christopher Celentino (State Bar No. 131688)
2   Yosina M. Lissebeck (State Bar No. 201654)
    **DINSMORE & SHOHL LLP**
3   655 West Broadway, Suite 800
    San Diego, CA 92101
4   Telephone:  619.400.0500
    Facsimile:  619.400.0501
5   christopher.ghio@dinsmore.com
    christopher.celentino@dinsmore.com
6   yosina.lissebeck@dinsmore.com

7   Sarah S. Mattingly (Ky. Bar 94257)
    DINSMORE & SHOHL, LLP
8   101 S. Fifth Street, Suite 2500
    Louisville, KY 40202
9   Telephone: 859-425-1096
    Facsimile: 502-585-2207
10  Sarah.mattingly@dinsmore.com
    (Admitted pro hac vice)
11
    Special Counsel to Richard A. Marshack,
12  Chapter 11 Trustee

13

14                **UNITED STATES BANKRUPTCY COURT**
15
                  **CENTRAL DISTRICT OF CALIFORNIA**
16

17
    In Re                              | Case No. 8:23-BK-10571-SC
18
                                       | Chapter 11
19
    The Litigation Practice Group P.C., | **EXHIBIT A TO STIPULATED**
20                                      | **ORDER**
            Debtor(s),
21                                     | Date:   May 23, 2024
22                                     | Time:   1:30 p.m.
                                       | Judge:  Hon. Scott C. Clarkson
23                                     | Place:  Courtroom 5C[1] - Via Zoom
24                                     |         411 W. Fourth Street
                                       |         Santa Ana, CA  92701
25

26

27  _____
    [1] Video and audio connection information for each hearing will be provided on Judge Clarkson's
28    publicly posted hearing calendar, which may be viewed online at:
      http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

                                    1

This is to certify that:

     (a)    I am being given access to Confidential Information pursuant to the Stipulated Protective Order that was entered into the main bankruptcy case for Litigation Practice Group, but which is binding and controlling as set forth by the Court's Order on any and all contested matters and  any and all litigation commenced by Trustee;

     (b)    I have read the Stipulated Protective Order; and

     (c)    I agree to be bound by the terms and conditions thereof, including, without limitation, to the obligations regarding the use, non-disclosure and return of such Confidential Information. I further agree that in addition to being contractually bound by the Stipulated Protective Order, I am subject to the jurisdiction of the above reference Court for any violation thereof.

Date: _____

_____
               Signature

_____
               Printed Name

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**655 W. Broadway, Suite 800, San Diego, California 92101**

A true and correct copy of the foregoing document:
**CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK'S SUBSTANTIVE OMNIBUS OBJECTION TO proofs of CLAIM filed by (I) Phuong "JAYDE" Trinh; (ii) Sheri Chen; (iii) Justin Nguyen; (Iv) Han Trinh; (v) Israel Orozco; (vi) Scott Eadie; (vii) Kevin Kurka; AND (viii) Azevedo Solutions Group, Inc.; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 19, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On September 19, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. BY ELECTRONIC MAIL:**
On September 19, 2024, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| **JUDGE'S COPY** <br> The Honorable Scott C. Clarkson <br> United States Bankruptcy Court <br> Central District of California <br> Ronald Reagan Federal Building & Courthouse <br> 411 West Fourth Street, Suite 5130 / Courtroom 5C <br> Santa Ana, CA 92701-4593 | YCIR Inc. <br> Hector Ocegueda <br> 535 S Barranca St #4 <br> Covina, CA 91723 |
| Phuong "Jayde" Trinh <br> 2128 W Cherry Drive <br> Orange, CA 92868 | Sherri Chen <br> 3164 East Hazelwood, Unit A <br> Orange, CA 92869 |
| Justin Nguyen <br> 3164 East Hazelwood, Unit A <br> Orange, CA 92869 | Han Trinh <br> 2128 W Cherry Drive <br> Orange, CA 92868 |
| Israel Orozco <br> 115 East Date Street <br> Brea, CA 92821 | Scott Eadie <br> 5000 Birch Street, Suite 3000 <br> Newport Beach, CA 92660 |
| Kevin Kurka <br> 1561 Neptune Avenue <br> Encinitas, CA 92024 | Azevedo Solutions Group, Inc. <br> Mario Azevedo, Registered Agent <br> 420 Adobe Canyon Road <br> Kenwood, CA 95452 |

☐    Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                 **F 9013-3.1.PROOF SERVICE**

**4. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 17, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 19, 2024 | Wendy A.Yones | /s/ Wendy A. Yones |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                 **F 9013-3.1.PROOF SERVICE**
Page 31

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Aaron E. DE Leest on behalf of Richard A. Marshack, Chapter 11 Trustee
adeleest@marshackhays.com; alinares@marshackhays.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com, ecf@apdlaw.net,
9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com;
jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com;
jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com;
jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com; hehrenberg@ecf.inforuptcy.com
;Karen.Files@gmlaw.com; denise.walker@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

William P Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com, wpf@ecf.courtdrive.com; hala.hammi@fennelllaw.com;
naomi.cwalinski@fennelllaw.com; samantha.larimer@fennelllaw.com; office@fennelllaw.com;
Brendan.Bargmann@fennelllaw.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                         Page 32
                                                  F 9013-1.PROOF.SERVICE

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com, mforsythe@goeforlaw.com; dcyrankowski@goeforlaw.com;
Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com, mforsythe@goeforlaw.com; dcyrankowski@goeforlaw.com;
Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com, mforsythe@goeforlaw.com; dcyrankowski@goeforlaw.com;
Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com;
dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com;
dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    Page 33                    F 9013-.1.PROOF.SERVICE

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com;
lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com;
lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com;
lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

Spencer Keith Gray on behalf Trustee Richard A.Marshack
Spencer.gray@dinsmore.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com;
cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com;
cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com;
cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com;
cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          Page 34                    F 9013-1.PROOF.SERVICE

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com;
cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 35    F 9013-.1.PROOF.SERVICE

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      Page 36

F 9013-.1.PROOF.SERVICE

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com, 2396393420@filings.docketbird.com ; KAWhite@mayerbrown.com;
ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 37    F 9013-.1.PROOF.SERVICE

Mark J Markus on behalf of Creditor David Orr
bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; lbuchanan@marshackhays.com;
alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; lbuchanan@marshackhays.com;
alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; lbuchanan@marshackhays.com;
alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; buchanan@marshackhays.com;
alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; lbuchanan@marshackhays.com;
alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com, dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        Page 38                F 9013-.1.PROOF.SERVICE

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Jacob Newsum-Bothamley on behalf of Trustee Richard A. Marshack
Jacob.bothamley@dinsmore.com; bonnie.connolly@dinsmore.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com, jmcdermott@seyfarth.com, sfocalendar@seyfarth.com,
5314522420@filings.docketbird.com, bankruptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Defendant LGS Holdco, LLC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                Page 39

F 9013-.1.PROOF.SERVICE

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com;
gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;
jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                Page 40
                                              F 9013-.1.PROOF.SERVICE

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com,pearsallt@gtlaw.com; NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J. Stockl on behalf of Plaintiff Richard A Marshack
matthew.stockl@dinsmore.com, Katrice.ortiz@dinsmore.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    Page 41

F 9013-1.1.PROOF.SERVICE