Scott Eadie, Esq. (CA SBN 108345)
5000 Birch St Ste 3000
Newport Beach, CA 92660
Phone: 949-221-9633
Email: wrkcomp1@aol.com
Claimant attorney, representing himself

**FILED**
OCT -7 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP PC ("LPG")<br><br>Bankruptcy Debtor with confirmed Liquidating Ch11 Plan | Bankruptcy Case No. 8:23-bk-10571-SC<br>Chapter 11<br><br>**EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, OBJECTIONABLE PORTIONS OF TRUSTEE MARSHACK'S DECLARATION [DKT.1707-1, FILED 9/19/24] TO TRUSTEE'S OBJECTION**<br><br>**Set for Hearing at same time as Trustee's Objection to POClaim, which is:**<br>Date: October 24, 2024<br>Time: 10:00am<br>Place: by Zoom.gov or by in person appearance at Judge Clarkson's Courtroom 5C, located at 411 W. Fourth Street, Santa Ana, CA 92701<br><br>NOTE: Scott Eadie's *Response to Trustee's Objection [dkt.1707, filed 9/19/14] to Scott Eadie's Prepetition Proof of Claim no. 193, with Scott Eadie Declaration*, is being filed the same date this *Evidentiary Objection and Request to Strike* is being filed. |

EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, OBJECTIONABLE PORTIONS OF
TRUSTEE MARSHACK'S DECLARATION [DKT.1707-1, FILED 9/19/24] TO TRUSTEE'S OBJECTION    1

**SCOTT EADIE MAKES EADIE'S HEREIN <u>EVIDENTIARY OBJECTIONS TO, AND REQUESTS TO STRIKE,</u> PORTIONS OF THE 9/16/24 DECLARATION OF RICHARD MARSHACK ("MARSHACK") [DKT.1707-1, FILED 9/19/24], FILED IN SUPPORT OF MARSHACK'S** *OMNIBUS OBJECTION TO PROOFS OF CLAIM* **[DKT.1707, FILED 9/19/24], FOR THE FOLLOWING REASONS:**

| <u>Portions of Marshack Decl. [Dkt1707-1] here Objected to</u> | <u>Basis for Objection/Request to Strike that Objected to Portion of Marshack Decl.</u> |
|---|---|
| 1. <u>Scott Eadie Objects to Marshack Decl. [page 4, ¶6, specifically lines 21-23], which says:</u> "Insiders were either known participants in the fraudulent transfer of the Property, or are believed to be participants in the fraudulent transfer of the Property. For example, my counsel have reviewed evidence that Claimant Azevedo Consulting Group, Inc. assisted in the transfer of and set up with over 30,000 electronically stored client files to the third parties; Claimant, Kevin Kurka was LPG'schief financial officer in charge of LPG's financial controls who misappropriated at least $200,000 according to | 1. <u>Grounds for Objection are FRE Rule 602 [Marshack lacks personal knowledge] and FRE Rule 901(a) [Marshack lacks foundation]:</u> Trustee knows full well, from the Declarations that I (Scott Eadie), Han Trinh, Jayde Trinh, Tony Diab and Daniel March, filed in support of Greyson's, Han Trinh's and Jayde Trinh's respective Administrative Expense Motions [dkts 674, 675, 676] and in their respective Replies to Trustee's Oppositions to those Motions, that the uncontroverted evidence in the LPG case, is that neither I (Scott Eadie), nor Han Trinh, nor Jayde Trinh, nor Greyson Law Center, assisted in, or participated in, LPG transferring LPG client files out of LPG, or in transferring LPG money out of LPG. Plus LPG never transferred any LPG client files to Greyson. Plus, LPG never paid Greyson any money. The only money Greyson was paid, was that Phoenix Law paid Greyson a small amount of the $2,000 per case which Phoenix had contracted to pay Greyson, for each state court case in which |

| | |
|---|---|
| the testimony of Tony Diab; and **Claimant Scott Eadie who not only assisted in the transfer of assets out of LPG but subsequently became the sole managing attorney for two of the third party transferee firms, including Oakstone and Greyson**". [bold/underline added for emphasis] | Greyson attorneys appeared, for Phoenix, to defend LPG/Phoenix clients who were being sued in those state court cases, for alleged consumer debts.  I am now, and since Greyson Law Center PC ("Greyson") was incorporated on 5/12/23, have been the sole shareholder of Greyson, and have been the managing attorney of Greyson. At the 6/12/23 hearing, Trustee attorney Celentino admitted that Greyson was NOT an alter ego of LPG.  Nor was Greyson a "third party transferee firm" (whatever that is intended to mean) of LPG. Greyson was never set up by, or controlled by LPG, or by Tony Diab, or by Daniel March. Quite the contrary: Greyson always was, and is, separate from LPG, and was never controlled by Tony Diab, or by Daniel March.  It is bad faith conduct that Trustee Marshack and his attorneys keep making these false allegations, like the underlined sentence supra, here objected to, when they do not have, and have never had, any evidence to support making such allegations, and when those allegations are contrary to the uncontroverted Declarations filed by me, Han Trinh, Jayde Trinh, Tony Diab and Daniel March, in the Greyson, Han and Jayde administrative expense Motions, and Replies to Trustee's Oppositions to those Motions. |

In addition, I (Scott Eadie) was never an insider of LPG, as the term insider is defined in 11 USC 101(31).  I was never a shareholder of LPG, and officer or director or executive of LPG, or a person who made management decisions at LPG.  I was just employed as a local counsel attorney for LPG, to defend LPG clients who were being sued on

EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, OBJECTIONABLE PORTIONS OF
TRUSTEE MARSHACK'S DECLARATION [DKT.1707-1, FILED 9/19/24] TO TRUSTEE'S OBJECTION    3

| | |
|---|---|
| | alleged consumer debts, in Superior Court cases in California state court. (Eadie Decl to Response) So if the word "insiders" at start of objected to portion of Marshack Decl is intended to refer to me, Scott Eadie, that is clear error of fact, and error of law, because I was never an "insider" of LPG. (Eadie Decl to Response) |
| 2. **Scott Eadie Objects to Marshack Decl. [page 7, ¶12, lines 17-20]:**<br><br>"12. ...Finally, Grobstein has identified $5,873.41 transferred to Claimant in the Preference Period and another $7,822.45 was transferred to him after the Petition Date. As noted above, the Estate may have substantial claims against the Claimant and any distribution on the Claim should be stayed until these claims are resolved to protect the Estate's rights including those under 11 U.S.C. § 502(d)." | 2. **Grounds for Objection are FRE Rules 802, 602, 603, 901(a), and 402, as follows:**<br><br>A. **Objection pursuant to FRE Rule 802 (Hearsay with no hearsay exception);** Marshack saying "Grobstein has identified" is hearsay, with no hearsay objection, which is inadmissible.<br><br>B. **Objection pursuant to Rule 602 [lack of personal knowledge], FRE Rule 603 [fatally vague], and FRE Rule 901(a) [lack of foundation]**: Marshack has no personal knowledge, and no foundation, to attest regarding these alleged transfers that Grobstein (allegedly) identified, with no one saying what process/investigation Grobstein employed. Trustee's 4th Amended Complaint in *Trustee v. Diab et al.* does not allege such transfers as being recoverable from Eadie, so |

EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, OBJECTIONABLE PORTIONS OF
TRUSTEE MARSHACK'S DECLARATION [DKT.1707-1, FILED 9/19/24] TO TRUSTEE'S OBJECTION    4

not even alleged, much less proven by any evidence that anything can be recovered from Eadie.

C. **Objection pursuant to FRE Rule 402 ["Irrelevant evidence is not admissible"]**: Saying "…Estate **may have** substantial claims against Claimant", is irrelevant, because "may have" does not establish there are any claims at all against Eadie. Plus the "may have" claims are **unidentified**, and not pleaded against me in *Trustee v. Diab et al.* 4th Amended Complaint. "May have", not identified, not even pleaded in 4th Amended Complaint, plus NO evidence to prove any claim against Eadie, is not a ground for denying my POC193, or for delaying the LPG bankruptcy estate paying me my $15,150 §507(a)(4)(A) priority wage claim amount.

For all reasons stated, my foregoing *Evidentiary Objections, and Requests to Strike,* should all be sustained, and the portions of the paragraphs of Marshack's declaration [dkt.1707-1] here objected to, should be stricken.

Dated: October 3, 2024

        /s/ Scott Eadie
        Scott Eadie, Claimant attorney,

EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, OBJECTIONABLE PORTIONS OF
TRUSTEE MARSHACK'S DECLARATION [DKT.1707-1, FILED 9/19/24] TO TRUSTEE'S OBJECTION   5

representing himself

EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, OBJECTIONABLE PORTIONS OF
TRUSTEE MARSHACK'S DECLARATION [DKT.1707-1, FILED 9/19/24] TO TRUSTEE'S OBJECTION    6

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

**EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, OBJECTIONABLE PORTIONS OF TRUSTEE MARSHACK'S DECLARATION [DKT.1707-1, FILED 9/19/24] TO TRUSTEE'S OBJECTION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _10/3/24_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by email*
Special Counsel to Richard A. Marshack, Chapter 11 Trustee:
   Christopher Celentino, Esq., at christopher.celentino@dinsmore.com
   Christopher B. Ghio, Esq., at christopher.ghio@dinsmore.com
   Yosina M. Lissebeck, Esq., at yosina.lissebeck@dinsmore.com
   Tyler Powell, Esq., at tyler.powell@dinsmore.com

No judge's copy required, per General Order 23-01, because this document is under 25 pages.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/3/24 | Scott Eadie | /s/ Scott Eadie |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 

F 9013-3.1.PROOF.SERVICE

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE