Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Han Trinh and Phuong (Jayde)*
*Trinh on Proofs of Claim*

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP, PC,<br><br>Debtor w/ Confirmed Liquidating Plan. | Bankruptcy Case No. 8:23-bk-10571-SC<br>Chapter 11<br><br>**HAN TRINH AND PHUONG (JAYDE) TRINH'S <u>EVIDENTIARY OBJECTIONS TO, AND REQUESTS TO STRIKE</u>, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION IN CHIEF [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM, AS IMPERMISSIBLE "SANDBAGGING", BECAUSE THOSE ITEMS WERE REQUIRED TO BE ATTACHED TO TRUSTEE'S OBJECTION IN CHIEF[DKT.1707]; & FOR ADDITIONAL DEFECTS; <u>NOT</u> ATTACHING THOSE ITEMS UNTIL TRUSTEE'S REPLY [Dkt.1832], IMPROPERLY DEPRIVED HAN & JAYDE OF OPPORTUNITY TO COMMENT ON THOSE ITEMS, IN HAN & JAYDE'S RESPONSE TO TRUSTEE'S OBJECTION**<br><br><u>Hearing on Trustee's Objections to Han and Jayde's Proofs of Claim is set for:</u><br>Date: October 24, 2024    Time: 10:00 a.m. |

| | |
|---|---|
| | Place:  Courtroom of Bankruptcy Judge Scott Clarkson, **by Zoom** or in person at: 411 West Fourth Street, Courtroom 5C Santa Ana, CA 92701-4593 |

Han Trinh and Phuong (Jayde) Trinh make their herein **<u>EVIDENTIARY OBJECTIONS TO, AND REQUESTS TO STRIKE</u>, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM** on the following grounds:

1.  Each of those exhibits and declarations cited by Trustee's Reply [dkt.1832 filed 10/1724], **<u>itemized below</u>**, were required to be attached to Trustee's Objection in Chief [dkt.1707 filed 9/19/24], if Trustee wanted to use those items, and Trustee **<u>not</u>** attaching those items to Trustee's Objection in Chief [dkt.1707] and instead attaching those items to Trustee's Reply [dk.t 1832, filed 10/17/24] to Han and Jayde's Response [dkt. 1807 filed 10/9/24] constitutes impermissible "sandbagging."

If Trustee wanted to use those items, those items were required to be attached to Trustee's Objection in Chief [Dkt.1707 filed 9/19/24], and **<u>not</u>** attaching those items, until Trustee's Reply [dkt.1832 filed 10/17/24], improperly deprived Han & Jayde of the opportunity they were entitled to have, to comment on those items in their

Response [dkt.1807 filed 10/9/24] to Trustee's Objection

2. Each of the exhibits, **itemized below**, to Trustee's Reply [dkt.1832, filed 10/17/24] dishonestly misdescribes what the exhibits actually say:

| **Exhibits and Declarations which Han/Jayde object to/move to strike** | **Basis for Objection/Request to Strike** |
|---|---|
| 1. Trustee Reply Citations to Dkt.493-10 (Alex Rubin Decl.) Exhs. 29-32 | 1. Trustee Reply Exhibits 29-32 (to Alex Rubin adv.proc.dkt.493-10 Declaration) are emails, which do NOT show that Han or Jayde Trinh participated in transferring LPG client files, or LPG money, out of LPG. Those emails only show that Han and Jayde answered questions of LPG clients, of local counsel attorneys, and of transferee law firms, **after** LPG transferred the client files out of LPG, to other law firms, for servicing. Trustee's REPLY citing to those emails as being evidence Han and Jayde participated in LPG transferring LPG client files and LPG money, out of LPG, when those emails do NOT show Han and Jayde participated in doing that, is **dishonest**. All those emails should be stricken because they do NOT say, or prove, the proposition that Trustee's Reply says they prove. Citing these emails in Trustee's REPLY as being evidence Han and Jayde participated in transferring LPG client files and money, out of LPG, **repeats** Bky Ct's clearly erroneous finding, in BkyCt's orders (which have been timely appealed in appeals ongoing in US District Court) which denied Han and Jayde's administrative expense motions, where BkyCt says those emails are evidence Han and Jayde participated in transferring LPG client files and LPG money, |

| | |
|---|---|
| | out of LPG, when those emails do not show that. Both Court's orders on appeal, and Trustee's REPLY dishonestly cite to those emails—which only show Han and Jayde answered questions of LPG clients, local counsel, and transferee firms, about transferred LPG client files, **after** the client files were transferred out of LPG, as being evidence that Han and Jayde participated in transferring those clients files out of LPG. **Han and Jayde answering questions about previously-transferred files is NOT evidence that Han or Jayde participated in transferring those files.** |
| 2. Trustee Reply Citations to Adv.Proc.Dkt.493-10 (Alex Rubin Decl.) Exhs. 31 and 33 | 2. Exhibit 31 to Adv.Proc.Dkt.493-10, cited in Trustee's Reply, is an email that sends Han and Jayde a list of previously transferred files. Exhibit 33 is an email where Han forwarded that list to Scott Eadie. Sending Han and Jayde a list of transferred files, **after** the files were transferred, is not evidence that Han and Jayde participated in transferring the files. If Han and Jayde had participated in LPG transferring the client files out of LPG, Han and Jayde would know what files had been transferred, rather than Diab needing to send Han and Jayde a list of files LPG had transferred to other firms to service. This email is contra to what Trustee's Reply cites it as proving. |
| 3. Trustee Reply states: "Prior to January 2023, Tony Diab ("Diab") had already made plans to kill LPG and transfer LPG's profitable clients and assets to Phoenix, | 3. Object as not being anything to do with Han/Jayde's actions. |

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**      4

| | |
|---|---|
| OLG, CLG and later Greyson One before filing bankruptcy. [1046 Dkt. No. 493-10, Suppl. Alex Rubin ("AR") Decl. at ¶¶ 3, 4, Exh. 23 and 24; 1046 Dkt. No. 493-3, Hershy Decl. at ¶¶ 16-19.]" | |
| 4.  Trustee Reply states: "On January 23, 2023, Diab turned to General Han and Reid Wood ("Reid") regarding the "Hard Part": seeking their input as to which LPG files should be left behind and how best to accomplish the fraudulent transfer. [1046 Dkt. No. 493-10, Suppl. AR Decl. at ¶ 3, Exh. 23.]" | 4.  Object that an email Diab sent to Han, and to Reid Wood of LPG, does not show any action by Han/Jayde; and therefore is irrelevant. |
| 5.  Trustee Reply states: "General Han in turn sent the same correspondence to Hammer Jayde seeking her input. [*Id*. at Exh. 24.]" | 5.  All this exhibit shows is Han forwarded Diab's email to Jayde, and the forward does not state Han is seeking Jayde's input.  . |
| 6.  Trustee Reply states: "From these discussions, Diab and his soldiers assembled client file groups to be transferred to Phoenix, CLG, OLG and Greyson leaving unprofitable and/or burdensome client files behind. [1046 Dkt. No. 493- | 6.  None of these exhibits show Han or Jayde doing anything, so they are all irrelevant:<br>- Exh.23 is just an email from Admin (Diab) to Han/Reid about forwarding files<br>- Exh.24 is just Han's blank forward of that email to Jayde<br>- Exh.29 is Reid's email with file groups and scripts about what to tell clients if their files were transferred |

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**    5

| | |
|---|---|
| 10, Suppl. AR Decl. at ¶ 3, 4 and 9, Exh. 23-24 and 29.]" | |
| 7. Trustee Reply alleges Han, Jayde, Reid and Diab were closely facilitating, monitoring and handling these transfers to minimize consumer client fallout and maximize ACH debits being retained at Phoenix, OLG, CLG and Greyson One." [1046 Dkt. No. 493-10, Suppl. AR Decl. at ¶¶ 5-7, Exhs. 25-26] | 7. Cited Items do not show Han or Jayde transferring or participating in transferring LPG client files to elsewhere, nor do the cited items show Han or Jayde "closely facilitated, monitored or handled making these file transfers. Exhibits do not prove what Trustee reply says they proves, and Alex Rubin Declaration was objected to, for inability to lay foundation for the exhibits he attached, lack of personal knowledge, and lack of foundation, to authetnticate those exhibits. |
| 8. Trustee Reply states: To that end, Diab sent his soldiers, Han and Jayde, the list of clients transferred to Phoenix and OLG. [1046 Dkt. No. Suppl. AR Decl. at ¶ 11, Exh. 31.] | 8. Not Han and Jayde doing anything – just Diab sending list of files already transferred. If Han and Jayde had participated in transferring client files, they wouldn't need to be sent a list of what client files had been transferred. Diab sending Han and Jayde a list of what client files LPG had transferred is contrary to Han and Jayde having participated in transferring LPG client files. |
| 9. Trustee Reply states: Subsequently, due to a disagreement between Eng Taing and Wes Thomas, Diab, Han and Jayde developed a plan to further move the former LPG attorneys from OLG over to Greyson One. [1046 Dkt. No. 325-5, Brad | 9. Citation to ¶6 of Brad Lee's 325-5 declaration is unrelated and does not support the Trustee's statements—it is Brad Lee's discussion of his job duties at Greyson, and does not say anything that supports Trustee's statements.<br><br>Hershy Deutsch's declaration was objected to by Greyson, as dkt.504 in 8:23-ap-01046-SC adversary proceeding, filed 4/24/24. |

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**                                6

| | |
|---|---|
| Lee ("BL") Decl. at ¶ 6; Hershy Decl. at ¶¶ 17-19.] | It is inadmissible because it is based entirely on hearsay. ¶¶17-19 use the phrases "MB and I became aware," "we learned," "we discovered," etc., which are explicit admissions that none of the statements are based on firsthand, percipient knowledge. If Hershey's declaration had been cited in Trustee's objection in chief, Han and Jayde would have filed the same Objection Greyson filed, to Hershey's Declaration |
| 10. Trustee Reply states: This directive came directly from Diab, and ensured funds obtained from LPG consumer client ACH debits were syphoned to Diab, Han and Jayde under the guise of a fee for accessing LPG's attorney network. [1046 Dkt. No. 496-2, Carss Decl., at ¶ 5, Exh. B.] | 10. Directive came from Diab, not Han or Jayde; no evidence that Han/Jayde siphoned anything |
| 11. Trustee Reply states: In or around January 2023, Diab and Han agreed to inflate her compensation to an annual salary of $300,000 for her involvement in the scheme to transfer LPG assets. [*Id*.; Bankr. Dkt. No. 1124 at pgs. 127-128 and Bankr. Claim Nos. 79-1 and as amended 79-2.] | 11. Dishonest citation: Completely fabricated—they cite to Han's paystubs. NOTHING about why salary was increased; No evidence whatsoever that Han's salary was increased to compensate Han for her involvement in any scheme to transfer LPG assets. There is no such evidence, because neither Han, nor Jayde participated in any such scheme to transfer LPG assets. nobody actually saying it was for her |
| 12. Trustee Reply states: LPG further provided Han a substantial cash gift around the same time as a reward for her | 12. Cites to Dearwester decl., which (1) is blatant hearsay ("Meier told me that…"); (2) a restatement of office gossip/rumors, (3) Han has addressed in her decl(s) saying it is not true, and |

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**                                                7

| | |
|---|---|
| involvement in the scheme. [1046 Dkt. No. 493-4, Jane Dearwester Decl. at ¶ 44.] | (4) DOES NOT say that anything was "a reward for her involvement in the scheme," only claims that Diab paid for Han's wedding/lavish lifestyle.<br><br>Dearwester's whole Declaration is objected to for lack of foundation and lack of personal knowledge regarding LPG, because all Dearwester was, was a local counsel for LPG state court cases in North Carolina, which is why Dearwester opining about LPG is based on hearsay (inadmissible for no hearsay exception) which Dearwester says was told to Dearwester by Myer.  If Dearwester's Declaration, or exhibits thereto, had been filed attached to Trustee's Objection in Chief, Han and Jayde would have filed an Evidentiary Objection to the whole Dearwester Declaration as hearsay without hearsay exception, lack of personal knowledge, and lack foundation.  Trustee knows, but fails to mention, that before Dearwester was employed as a local counsel for LPG for defending state court cases for LPG clients in North Carolina, that Dearwester had been suspended from the North Carolina state bar, at one point, for misappropriating money from her clients. |
| 13. Trustee Reply states: Notwithstanding the inflated compensation and expensive fringe benefits, Han's duties mirrored those of a legal assistant. Jayde explained, Han was specifically responsible for locating clients or lawsuits that were transferred, handling questions regarding legal documents, | 13. Only cites to Dearwester decl's exhibit which was an email from the LPG "Attorney" email address, and says that the tasks handled by the "Legal" email address were: "If you have trouble locating a client or a lawsuit, Questions re: Legal Docs, Assigning Local Counsel, Questions re Client's file." Does not say that those were Han's ONLY tasks, just that those are the types of inquiries which should be sent to the "Legal" LPG email address |

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**                    8

| | |
|---|---|
| assigning local counsel which Greyson One had misappropriated, and answering questions regarding client files. [1046 Dkt. No. 493-4, Jane Dearwester Decl., at Exh. 19.] All of which was necessary to facilitate the fraudulent transfer as opposed to performing actual work on LPG client files and for the benefit of LPG. | |
| 14. Trustee Reply states: In or around January 2023, however, Diab and Jayde agreed to increase her salary to $250,000 per year for her involvement in the scheme to fraudulently transfer client files to non-debtor entities. [Bankr. Dkt. No. 1124 at pgs. 184-185; Claim Nos. 75-1 and as amended 75-2.] | 14. Dishonest citation: Completely fabricated—cites to Jayde's paystubs, which say nothing about why Jayde's salary was increased as she was employed longer by LPG. No evidence whatsoever that Jayde's salary was increased for Jayde's involvement in any scheme to transfer LPG client files to non-debtor entities. There is no such evidence, because Jayde was NOT involved in transferring LPG client files to other entities. |
| 15. Trustee Reply states: Diab also caused LPG to pay for - and ultimately pay off - Jayde's student loan totaling more than $160,000 after the decision was made to transfer LPG assets, as further compensation for her involvement in the scheme. [Bankr. Dkt. No. 675, Jayde Trinh Decl., at ¶ 7; Bankr. | 15. Dishonest citation: Completely fabricated—there is zero evidence that LPG paid off Jayde's student loan, "as further compensation for Jaydes' involvement in schedme to transfer LPG assets. LPG's obligation to pay Jayde's student loan off was part of her contract with LPG from when Jayde was first hired by LPG. Zero evidence that LPG paid off Jayde's student loans as further |

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**    9

| | |
|---|---|
| Dkt. No. 1125, Exh. A, pg. 55.] | compensation for Jayde's involvement in scheme to transfer LPG assets out of LPG> |
| 16. Trustee Reply states: Consistent with Jayde no longer working at LPG, on February 7, 2023, an LPG attorney forwarded Han and Jayde a "welcome email" from OLG advising that Illinois clients must consent to the transfer of their files. [1046 Dkt. No. 493-10, Exh. 26.] | 16. Cited exhibit does not prove Han/Jayde no longer working at LPG; email was sent to "Attorney," "Legal," and "Admin" LPG email addresses, then forwarded by "Attorney" to Han and Reid Wood's email addresses.  Han's and Jayde's LPG Paychex paystubs, attached to Han and Jayde's Declarations to Han and Jayde's Response [dkt.1807 filed 10/9/24] which show Han and Jayde were full time W-2 salaried employees of LPG during the 15 weekdays they worked for LPG, prepetition, which LPG failed to pay them there salaries for. |
| 17. Trustee Reply states: All of the foregoing evidence is consistent with Jayde's later representations to LPG attorney's that she among others, "no longer worked at LPG" during the period for which she and Han seek a prepetition priority claim. [1046 Dkt. No. 493-10, Suppl. Alex Rubin Del., at Exh. 47, pg. 131.] | 17. This has already been addressed. Jayde quit briefly at one point, but she was asked to continue working and did so (in Jayde and Diab decls.) |
| 18. Trustee Reply states: The terms of LPG's employee handbook prohibited the very conduct Han and Jayde were engaged in during the relevant time period, including but not limited to theft of LPG's two | 18. This citation is to the company handbook saying that employees cannot steal from the company. Han and Jayde did not steal from LPG, but even if they had violated the handbook that does not mean that the company can refuse to pay wages for time worked.  Cal. Labor Code §§201, 202, and 203 cited at |

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**                                                10

| | |
|---|---|
| most valuable assets – client files and its attorneys network. [1046 Dkt. No. 325-4, AR Decl., at Exh. 5, pg. 53.] Based on the foregoing, Han and Jayde did not earn any wages at LPG from at least January 2023 through the date of Debtor's Bankruptcy petition. | paragraph 4 below makes it illegal for an employer (here LPG) to withhold paying an employee that employee's salary/wages, even if the employer has claims against the employee (no such claims here, Han and Jayde are not defendants in the Trustee v. Diab adversary proceeding 8:23-ap-1046-SC, they were dismissed from it, twice. |

3. Many of the Exhibits to Trustee's Reply (Exhibits 23-49) are Exhibits from Alex Rubin's Declaration [dkt.493-10 in adv.proc. 8:23-ap-01046-SC, filed 4/18/24], as to which Greyson filed a timely Evidentiary Objection and Request to Strike [Dkt.505 in adv.proc. 8:23-ap-01046-SC, filed 4/24/24], which was valid and should have been sustained, including because Alex Rubin (one of Trustee's field agents) could not lay foundation for any of the exhibits he attached to his Declaration, and had no personal knowledge of those exhibits. Han and Jayde repeat that Greyson's Evidentiary objection and Request to Strike [Dkt.505 in adv.proc. 8:23-ap-01046-SC, filed 4/24/24] as applying equally now. If Alex Rubin's Declaration and exhibits had been cited in Trustee's Objection in Chief, Han and Jayde would have had the opportunity to file a timely Evidentiary Objection and request to Strike the Alex Rubin Declaration and Exhibits, but because those items were "sandbagged" into Trustee's Reply, Han and Jayde were improperly deprived of that Opportunity. BkyCt

overruled Greyson's Evidentiary Objections, in error, but Bky Court's overruling those Evidentiary Objections has no res judicata or collateral estoppel effect, because appealing those rulings is part of Han, Jayde and Greyson's timely appeals (ongoing in US District Court) of BkyCt's 8/27/24 Orders denying Han, Jayde and Greyson's administrative expense motions.

4.  Trustee did not prove any fraudulent transfer or preference, and Han and Jayde were dismissed from the 8:23-ap-01046-SC adversary proceeding, but even if Trustee had proven that Han or Jayde participated in making any fraudulent transfers, California law does not allow withholding wages because the employer has a claim against the employee. See Cal. Labor Code §201(a) (earned and unpaid wages due immediately when employer discharges an employee), §202(a) (earned and unpaid wages due within 72 hours when employee quits), and §203(a) (penalties for willful failure to pay earned and unpaid wages).

5.  Trustee's REPLY (p.12-13) is both false, and is impermissible "sandbagging," in arguing that Han and Jayde's prepetition proofs of claim commit bankruptcy crime, by violating 18 USC §152(4), by knowingly and fraudulently being false proofs of claims.  That REPLY argument is false: Han and Jayde's prepetition proofs of claim are honest.

What is a bankruptcy crime, is that Trustee Marshack and his attorneys, for over a year, have repeatedly made false allegations that Han, Jayde, Scott Eadie, and

**HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM**                                12

Greyson participated in LPG transferring LPG client files and money out of LPG, when none of Han, Jayde, Scott Eadie, or Greyson participated in doing that, and when Trustee and his attorneys, over a year into this case, know full well they have no evidence to prove those false allegations, but keep making those false allegations anyhow, repeatedly.  Their doing that is a bankruptcy crime, violating 18 USC §152(2), which makes it a bankruptcy crime for a person to "(2) knowingly and fraudulently makes a false oath or account in our in relation to any case under title 11." Bankruptcy Court should have sanctioned those false allegations long before now, instead of rewarding those false allegations.

    For all these reasons, all exhibits and Declarations cite in Trustee's REPLY [dkt.1832, filed 10/17/24] **should be stricken**, and Han and Jayde request the Court to strike all of said exhibits, for the reasons discussed herein.

Dated:  October 21, 2024       THE BANKRUPTCY LAW FIRM, PC
                                          ___/s/ Kathleen P. March_____
                                          By Kathleen P. March, attorneys for Han and Jayde Trinh on this Evidentiary Objection & Request to Strike

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **HAN TRINH AND PHUONG (JAYDE) TRINH'S EVIDENTIARY OBJECTIONS TO, AND REQUESTS TO STRIKE, EXHIBITS AND DECLARATIONS REFERENCED IN TRUSTEE RICHARD MARSHACK'S REPLY [DKT.1832] TO HAN AND JAYDE'S RESPONSE [DKT.1807] TO TRUSTEE'S OBJECTION IN CHIEF [DKT.1707] TO HAN AND JAYDE'S PROOFS OF CLAIM, IS IMPERMISSIBLE "SANDBAGGING", BECAUSE THOSE ITEMS WERE REQUIRED TO BE ATTACHED TO TRUSTEE'S OBJECTION IN CHIEF[DKT.1707]; AND NOT ATTACHING THOSE ITEMS UNTIL TRUSTEE'S REPLY [Dkt.1832], IMPROPERLY DEPRIVED HAN & JAYDE OF OPPORTUNITY TO COMMENT ON THOSE ITEMS, IN HAN & JAYDE'S RESPONSE TO TRUSTEE'S OBJECTION** will be served or was served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____10/21/24_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*See next page.*

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ____10/21/24_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Litigation Practice Group P.C.
17542 17th St
Suite 100
Tustin, CA 92780

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___10/21/24___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/21/24 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy**   kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**   eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**   birnberg@portersimon.com, kdwyer@portersimon.com
- **Peter W Bowie**   peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**   ron@rkbrownlaw.com
- **Christopher Celentino**   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**   cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**   rbc@randallbclark.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**   mdavis@dtolaw.com, ygodson@dtolaw.com
- **Aaron E. De Leest**   adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Anthony Paul Diehl**   anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com
- **Ashley Dionisio**   adionisio@omniagnt.com
- **Jenny L Doling**   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**   dedelman@edcombs.com, courtecl@edcombs.com
- **Howard M Ehrenberg**   Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **Meredith Fahn**   fahn@sbcglobal.net
- **Jeremy Faith**   Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **William P. Fennell**   william.fennell@fennelllaw.com, wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com
- **Marc C Forsythe**   mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Jeremy Freedman**   jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Eric Gassman**   erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Yisrael Gelb**   yisrael@gelblawapc.com
- **Christopher Ghio**   christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Amy Lynn Ginsburg**   efilings@ginsburglawgroup.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **Spencer Keith Gray**    spencer.gray@dinsmore.com
- **Stella A Havkin**    stella@havkinandshrago.com, shavkinesq@gmail.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Richard L. Hyde**    rhyde@awglaw.com
- **Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Veneeta Jaswal**    veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **Sara Johnston**    sara.johnston@dinsmore.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**    , markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **William McCormick**    Bill.McCormick@ag.tn.gov
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- **Glenn D. Moses**   gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**   Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**   anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**   vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**   jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Israel Orozco**   israel@iolawcorp.com
- **Keith C Owens**   kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**   rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **Tyler Powell**   tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com
- **Daniel H Reiss**   dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**   vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**   krogers@wellsmar.com
- **Gregory M Salvato**   gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**   olivia.scott@hklaw.com
- **Jonathan Serrano**   jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**   Mstotaro@aol.com
- **Paul R Shankman**   PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**   Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- **Jeffrey M Singletary**   jsingletary@swlaw.com, rmckay@swlaw.com
- **Adam D Stein-Sapir**   info@pfllc.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **John H. Stephens**   john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **Matthew J Stockl**   matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **Michael R Totaro**   Ocbkatty@aol.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**   wwall@wall-law.com
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**   rzepeda@omniagnt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                            F 9013-3.1.PROOF.SERVICE