KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    310.598.4150
Facsimile:    310.556.9828

Counsel for The Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. : 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **FOX ROTHSCHILD LLP'S SECOND INTERIM, FOR THE PERIOD BETWEEN AUGUST 1, 2024 THROUGH SEPTEMBER 23, 2024, AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED** |
| | Hearing<br>Date:  01/14/2025<br>Time: 10:00 a.m.<br>Ctrm: Courtroom 5C<br>Place: 411 West Fourth Street<br>       Santa Ana, CA  92701 |

163997553.3

## TABLE OF CONTENTS

I.      Introduction ................................................................................................ 2

II.     Factual Background ..................................................................................... 3

        A.      General Background ........................................................................ 3

        B.      Fox's Appointment as Counsel to the Committee (LBR 2016-1(a)(1)(B)) ............ 4

        C.      First Interim Compensation Period .................................................. 4

        D.      Guidelines Pursuant to Which This Application Has Been Prepared .................... 4

        E.      Appointment of the Fee Examiner .................................................. 5

        F.      Incorporation by Reference of Narrative (LBR 2016-1(a)(1)(A)) ...................... 5

III.    Summary of Compensation Request ............................................................. 5

        A.      Fees Sought and Reimbursement of Expenses Incurred by Fox for the First
                Interim Period and Second Interim Period (LBR 2016-1(a)(1)(C)) ..................... 5

        B.      Summary of Hours and Fees by Professional for the Second Interim Period
                (LBR 2016-1(a)(1)(G) & (I)) .......................................................... 6

        C.      Professional Background and Experience (LBR 2016-1(a)(1)(H)) ...................... 7

        D.      Previously Paid Compensation and Holdback from the First Interim Period
                (LBR 2016-1(a)(1)(C)) ............................................................... 7

        E.      Project Billing and Detailed Listing of Services for the Second Interim Period
                (LBR 2016-1(a)(1)(E)) ............................................................... 7

IV.     Review and Certification ............................................................................ 8

        A.      Client Review (LBR 2016-1(a)(1)(J)) ............................................... 8

        B.      Certification of Counsel (LBR 2016-1(a)(1)(K)) .................................. 9

V.      Description of Services for the Second Interim Period LBR 2016-1(a)(1)(D) ................ 9

        A.      Litigation/Adversary Proceedings (AP) ........................................... 10

        B.      Case Administration (CA) ........................................................... 10

        C.      Creditor Inquiries (CI) ............................................................... 11

        D.      Creditor Committee Meetings and Communications (CM) .......................... 11

E.    Cash Collateral/DIP Financing (CR) ........................................................ 12

F.    Employment Application of Other Professionals (EA2) ......................... 12

G.    Fee Application of Fox Rothschild LLP (FA1)...................................... 12

H.    Fee Application of Other Professionals (FA2)........................................ 12

I.    Intra Office Conferences (IC) ................................................................ 13

J.    Claims, Analysis, Objections & Resolutions (PC)................................ 13

K.    Plan (PL) ................................................................................................. 13

L.    Travel (TV) ............................................................................................. 14

VI.    Costs and Summary of Expenses for the Second Interim Period LBR 2016-1(a)(1)(F) .. 14

VII.    Legal Argument ................................................................................................ 15

VIII.    Conclusion ........................................................................................................ 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

163997553.3

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Blanchard v. Bergeron,*
   489 U.S. 87 (1989) ...........................................................................................15

*Blum v. Stenson,*
   465 U.S. 886 (1984) .........................................................................................15

*Dang v. Cross,*
   422 F.3d 800 (9th Cir. 2005) ...........................................................................16

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983) .........................................................................................15

*Johnson v Georgia Highway Express, Inc.,*
   488 F.2d 714 (5th Cir. 1974) ...........................................................................15

*Kerr v. Screen Extras Guild, Inc.,*
   526 F.2d 67 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976) ....................15

*In re Manoa Finance Co., Inc.,*
   853 F.2d 687 (9th Cir. 1988) ......................................................................15, 16

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air,*
   478 U.S. 546 (1986) .........................................................................................15

*Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.,*
   924 F.2d 955 (9th Cir. 1991) ...........................................................................16

**Statutes and Rules**

11 U.S.C. § 330 ..................................................................................1, 14, 16

11 U.S.C. § 331 ..........................................................................................1, 4

Fed. R. Bankr. P. 2016 ....................................................................................1

LBR 2016-1 ......................................................................................................1

Fox Rothschild LLP ("Fox"), in its capacity as former counsel to the Official Committee of Unsecured Creditors, and current counsel to its successor-in-interest, the Post-Confirmation Oversight Committee (the "Committee"), in the above-captioned bankruptcy case (the "Bankruptcy Case") of The Litigation Practice Group, P.C. (the "Debtor") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits its application (the "Application"), pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), and the United States Trustee Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines"), for an order: (i) approving fees and expenses incurred between August 1, 2024 and September 23, 2024 (the "Second Interim Period") on and interim and final basis; (ii) approving all fees awarded to Fox by the Court's omnibus order [Docket No. 1778] (the "First Interim Order" and, together with the Second Interim Period, the "Total Compensation Period") granting fees and expenses incurred by Fox between June 29, 2023 and July 31, 2024 (the "First Interim Period"), on a final basis; (iii) authorizing the payment of fees held-back pursuant to the First Interim Order (the "Holdback"); and (iv) granting Fox such other and further relief as is just and appropriate under the circumstances.

Specifically, by this Application, Fox seeks approval of $1,056,669 in fees and $19,939.22 in expenses on a final basis. ***First***, for the First Interim Period, Fox requests that the Court affirm its prior award of fees and expenses in the First Interim Order in the amount of $1,044,173.50 in fees and 17,421.62 in expenses. Additionally, Fox requests that the Court authorize the payment to Fox of the $104,417.35 in approved fees during the First Interim Period that remain unpaid because of the Holdback. ***Second***, for the Second Interim Period, Fox seeks an interim and final award of $120,495.50 in fees and $2,517.60 in expenses. These amounts reflect a voluntary fee write-down of $5,545.00 for the Second Interim Period and a voluntary expense write-down of $1,516.85 for the Second Interim

---

[1] Unless otherwise indicated herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

1

Period.  Additionally, Fox seeks approval for payment of such unpaid fees and expenses approved on a final basis in the amount of $224,912.85 in fees and $2,517.60 in expenses, which represent the fees and expenses for the Second Interim Period plus the Holdback.  In support of this Application, Fox refers to the Declarations of April Riedy (the "Riedy Declaration") and Nicholas A. Koffroth (the "Koffroth Declaration") annexed hereto, the record in the Bankruptcy Case, and respectfully states as follows:

## I.

## INTRODUCTION

Fox was engaged to represent the Committee and the diverse interests of general unsecured creditors in this Bankruptcy Case after the appointment of a chapter 11 trustee (the "Trustee").  This Bankruptcy Case has raised novel and challenging issues from the start given the now infamous prepetition operations of the Debtor's business to the detriment of hundreds of millions of asserted unsecured creditor claims, including those of thousands of the Debtor's former clients.  Fox, on behalf of the Committee, quickly evaluated the moving pieces of this case—a sale of the Debtor's business operations, assignment of client relationships to a new purchaser, and financing requests from parties already subject to investigation—and made difficult decisions that took into consideration not only a number of novel legal issues but the practical realities of the case including the need to keep an eye on administrative expenses by working collaboratively with the Trustee whenever possible, and being judicious about picking fights where necessary all with an eye towards protecting the interests of unsecured creditors.  Those decisions and the collaborative relationship built with the Trustee have resulted in confirmation of a plan supported by all classes casting votes, including the overwhelming support of unsecured creditors.  That plan is now effective despite the substantial headwinds facing this Bankruptcy Case at the outset.

Fox's diligent and judicious approach to this Bankruptcy Case has brought significant value.  Fox did not approach this case as a license to bill—instead the Committee's professionals intentionally and assiduously avoided duplication of the work performed by the Trustee.  Fox held weekly meetings with the Trustee's professionals to avoid unnecessarily objecting to requests by the Trustee, to offer strategic advice and input before papers were filed, to negotiate settlements and indicate the

2

Committee's position with respect to pending matters, and to limit the amount of unnecessary investigation already pursued by the Trustee. Fox and the Trustee's professionals negotiated a common interest agreement that facilitated the free exchange of information and documents between the Committee and Trustee. The Committee's and Fox's intentional decision to limit billing on this Bankruptcy Case and work collaboratively with the Trustee resulted most notably in the development, solicitation, and approval of the joint plan [Docket No. 1344] (the "Plan") that will provide the best avenue for creditor recovery and a seat at the table as the process unfolds post-confirmation. In addition, Fox's negotiation, analysis, and briefing of legal issues regarding the Trustee's ability to sell the Debtor's client files in accordance with applicable nonbankruptcy law, and insistence on certain consumer protections culminating in the appointment of an ethics compliance monitor, helped to facilitate a sale that enabled the estate to monetize assets that was generally opposed by the Office of the United States Trustee while affording consumer clients the ability to opt out of the sales process with other consumer clients having the benefit of an ethics compliance monitor to ensure that the buyer remained in compliance with its legal and ethical obligations. As set forth more fully below, the skill and effort of Fox's attorneys and professionals, along with their diligence in balancing the needs and position of the Committee with the realities of this Bankruptcy Case, have brought material value to the estate and creditors.

## II.

## FACTUAL BACKGROUND

### A.  General Background

On March 20, 2023 ("Petition Date"), Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"), commencing the above-captioned Bankruptcy Case.

On May 8, 2023, the Office of the United States Trustee ("U.S. Trustee") appointed the Trustee to serve in a fiduciary capacity as the chapter 11 trustee of the Debtor's estate. On June 23 and 29, 2023, the U.S. Trustee appointed the Committee to represent the interests of unsecured creditors in the Bankruptcy Case.

163997553.3

**B.      Fox's Appointment as Counsel to the Committee (LBR 2016-1(a)(1)(B))**

On July 28, 2023, Fox filed the *Application for Order Authorizing Employment of Fox Rothschild LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of June 29, 2023* [Docket No. 344] ("Employment Application").  On August 24, 2023, the Court entered its *Order Authorizing Employment of Fox Rothschild LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of June 29, 2023* [Docket No. 444] (the "Employment Order") authorizing the Committee to employ Fox as its counsel as of June 29, 2023.  A copy of the Employment Order is attached hereto as **Exhibit A**.

**C.      First Interim Compensation Period**

On September 3, 2024, Fox filed its *First Interim Application for Compensation and Reimbursement of Expenses for the Interim Fee Period June 29, 2023 Through July 31, 2024* [Docket No. 1619] (the "First Interim Fee Application"). The descriptions and summaries of services and the compensation request for the First Interim Period is set forth more fully in the First Interim Fee Application and is incorporated herein in full by this reference.  As set forth more fully in the First Interim Fee Application, Fox requested interim approval and allowance of compensation for services rendered and expenses incurred comprised of (i) fees in the amount of $1,050,894.00 and (ii) reimbursement of expenses in the amount of $19,823.67.  After discussions with the U.S Truste and the Fee Examiner (defined below), Fox agreed to amend its requested compensation to $1,044,173.50 in fees and $17,421.62 for expenses for a total of $1,070,717.67. [Docket No. 1696]. On October 1, 2024, the Court entered the First Interim Order granting the First Interim Fee Application, as amended, and authorizing the Trustee to pay Fox $939,756.15 in fees and $17,421.62 in expenses and requiring the Trustee to maintain a Holdback of 10% of allowed fees in the amount of $104,417.35.

**D.      Guidelines Pursuant to Which This Application Has Been Prepared**

Fox submits this Application in accordance with the Guidelines For Compensation And Expense Reimbursement Of Professionals And Trustees issued by the United States Bankruptcy Court for the Central District of California ("Central District Guidelines"), the United States Trustee Guidelines For Reviewing Applications For Compensation And Reimbursement Of Expenses Filed

Under 11 U.S.C. § 331 ("UST Guidelines"), and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

**E.    Appointment of the Fee Examiner**

On August 7, 2024, the Court entered an order [Docket No. 1489] appointing Nancy B. Rapoport (the "Fee Examiner") as the fee examiner in the Bankruptcy Case. Pursuant to the order, Fox submitted its First Interim Fee Application to the review and comment of the Fee Examiner. Based in part on the Fee Examiner's Report [Docket No. 1673, 1697], the Court granted Fox's First Interim Fee Application as set forth above. Pursuant to a tentative ruling for a hearing on November 6, 2024, the Court has granted the Trustee's application [Docket No. 1800] to expanded the role of the Fee Examiner to include the review of final applications for compensation.

**F.    Incorporation by Reference of Narrative (LBR 2016-1(a)(1)(A))**

LBR 2016-1 requires that an applicant for approval of final fees provide a brief narrative history and report concerning the status of the case. *See* LBR 2016-1(c), (a)(1)(A). However, if more than one application for interim fees is noticed for hearing at the same date and time, the narrative from one application may be incorporated by reference into the other interim fee applications. *See* LBR 2016-1(a)(1)(A)(iv). Fox hereby incorporates by this reference the narrative set forth in the final applications of Marshack Hays Wood LLP and Dinsmore & Shohl LLP filed concurrently herewith in satisfaction of the narrative requirement set forth in LBR 2016-1(a)(1)(A).

**III.**

**SUMMARY OF COMPENSATION REQUEST**

**A.    Fees Sought and Reimbursement of Expenses Incurred by Fox for the First Interim Period and Second Interim Period (LBR 2016-1(a)(1)(C))**

Fox seeks approval of $1,056,669 in fees and $19,939.22 in expenses on a final basis. This requested amount includes: (i) fees and expenses incurred during the First Interim Period and approved by the First Interim Order in the amount of $1,044,173.50 in fees and 17,421.62 in expenses; and (ii) fees and expenses incurred during the Second Interim Period in the amount of $120,495.50 in fees and $2,517.60 in expenses.

The fees and expenses are subject to voluntary discounts applied by Fox totaling $17,232.50 in fee discounts and $4,330.96 in expense discounts.  The fees and expenses approved during the First Interim Period included voluntary fee write-downs of $11,687.50 and voluntary expense write-downs of $2,814.11.  Additionally, the fees and expenses sought for the Second Interim Period include a voluntary fee write-down of $5,545.00 and a voluntary expense write-down of $1,516.85.  Fox further reserves the right to reduce additional fees in the exercise of Fox's billing judgment.

Upon approval on a final basis, Fox seeks approval for payment of such unpaid fees and expenses in the amount of $224,912.85 in fees and $2,517.60 in expenses, which represent the fees and expenses for the Second Interim Period plus the Holdback.

**B.**     **Summary of Hours and Fees by Professional for the Second Interim Period (LBR 2016-1(a)(1)(G) & (I))**

The names of all of the Attorneys and Paraprofessionals who have been responsible for providing services to the Committee, their applicable rate including annual rate changes,[2] total number of hours spent on the case and total fees charged as a result of service they each provided to the Committee during the Second Fee Period is set forth below:

### SUMMARY OF PROFESSIONALS
Second Fee Period: August 1, 2024 through September 23, 2024

| ATTORNEY | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Michael A. Sweet – Partner | $980.00 | 1.4 | $1,372.00 |
| Keith C. Owens – Partner | $895.00 | 56.3 | $50,388.50 |
| Nicholas A. Koffroth – Partner | $725.00 | 80.3 | $58,217.50 |
| Mary V. Gilmore - Associate | $480.00 | 9.0 | $4,320.00 |
| Matthew Higgins – Associate | $495.00 | 10.5 | $5,197.50 |
| **Subtotal** | | **164.0** | **$119,495.50** |
| **Blended Rate (Attorneys only)** | **$728.63** | | |
| **PARAPROFESSIONAL** | **HOURLY RATE** | **APPLICATION HOURS** | **TOTAL FEES** |
| Patricia M. Chlum – Paralegal | $400.00 | 2.5 | $1,000.00 |
| **Subtotal** | | **2.5** | **$1,000.00** |

---

[2] Rates include regular modifications to hourly rates on an annual basis as set forth more fully in the *Notice of Change to Fox Rothschild LLP's Hourly Rates Effective January 1, 2024* [Docket No. 805].

163997553.3

| | | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| **GRAND TOTAL** | | **166.5** | **$120,495.50** |
| **Combined Blended Rate (Attorneys and Paraprofessionals)** | **$723.70** | | |

**C.    Professional Background and Experience (LBR 2016-1(a)(1)(H)**

Fox represented the Committee as effectively and efficiently as possible during the Second Interim Period through considered allocation of tasks among the professionals.  In general, tasks were allocated among the professionals and paraprofessionals based upon their comparative expertise, taking into consideration the knowledge and experience of Fox's professionals and paraprofessionals and their familiarity with the case to avoid duplicative work. Resumes on the background and qualifications of each of the attorneys who rendered services to the Committee during the Second Interim Period are attached collectively as **Exhibit B**.

**D.    Previously Paid Compensation and Holdback from the First Interim Period (LBR 2016-1(a)(1)(C))**

On October 1, 2024, the Court authorized the Trustee to pay Fox $957,177.77, which included $939,756.15 of allowed fees (subject to the 10% Holdback) and $17,421.62 in expenses.  *See* Interim Fee Order at 5.  As of the date of this Application, Fox has received the full amount of fees and expenses approved and authorized for distribution to Fox in the amount of $957,177.77.  Fox has not received payment of the Holdback, in the amount of $104,417.35, which remains reserved pending authorization of this Court.

**E.    Project Billing and Detailed Listing of Services for the Second Interim Period (LBR 2016-1(a)(1)(E))**

In accordance with the Central District Guidelines and UST Guidelines, Fox classified all services performed by each professional into Categories of Service ("Task Codes").  Fox attempted to place the services performed in the appropriate Task Code that best related to the service provided.  The following charts summarize the project billing categories utilized and the total hours expended for each

category during the Second Fee Period:[3]

<u>Second Fee Period</u>

**TASK SUMMARY:**

| Task | Description | Hours | Amount |
|------|-------------|------:|-------:|
| AP | LITIGATION/ADVERSARY PROCEEDINGS | 22.1 | $18,045.50 |
| CA | CASE ADMINISTRATION | 5.3 | $3,595.50 |
| CI | CREDITOR INQUIRIES | 0.2 | $179.00 |
| CM | CREDITOR COMMITTEE MEETINGS AND COMMUNICATIONS | 3.8 | $3,231.00 |
| CR | CASH COLLATERAL/DIP FINANCING | 0.1 | $89.50 |
| EA2 | EMPLOYMENT APPLICATION OF OTHER PROFESSIONALS | 0.4 | $358.00 |
| FA1 | FEE APPLICATION OF FOX ROTHSCHILD LLP | 24.6 | $15,578.50 |
| FA2 | FEE APPLICATION OF OTHER PROFESSIONALS | 30.0 | $21,256.00 |
| IC | INTRA OFFICE CONFERENCES/MULTI PERSON ACTIVITIES | 0.2 | $96.00 |
| PC | CLAIMS, ANALYSIS, OBJECTIONS & RESOLUTIONS | 3.6 | $3,222.00 |
| PL | PLAN | 73.3 | $54,844.50 |
| TV | TRAVEL | 2.9 | $0.00 |
| | **TOTAL** | **166.5** | **$120,495.50** |

The Invoice attached as **<u>Exhibit C</u>** contains summaries and daily logs of the services performed and the actual and necessary expenses paid by Fox during the Second Interim Period. Because certain services may relate to one or more Task Codes, services arguably pertaining to one Task Code may, in fact, be included in another Task Code.

## IV.

## <u>REVIEW AND CERTIFICATION</u>

A.    **<u>Client Review (LBR 2016-1(a)(1)(J))</u>**

Fox has previously provided the Committee with copies of the invoices for both the First Interim Fee Period and the Second Fee Period and will provide a copy of this Application to the Committee. As set forth more fully in the Riedy Declaration, the Committee has reviewed the requested compensation set forth in this Application and has no objection to it.

---

[3] Some of the services rendered could reasonably be categorized in more than one of the billing categories. Consequently, different attorneys sometimes billed their services on the same matter in different categories.

**B.     Certification of Counsel (LBR 2016-1(a)(1)(K))**

As set forth more fully in the Koffroth Declaration, Fox has provided the certification of Fox required pursuant to LBR 2016-1(a)(1)(K).  The certification includes the following:

- •     the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by Fox and generally accepted by Fox's clients;

- •     at all relevant times, Fox has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Committee;

- •     neither Fox nor any employee of Fox has any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees or expenses to be awarded to Fox with any other person or attorney except as among the members and associates of Fox;

- •     no time has been billed to the Committee outside the scope of work authorized by the Order authorizing employment of the Firm; and

- •     the compensation and expense reimbursement sought herein is in conformity with the Local Rules, the Compensation Guidelines for the United States Bankruptcy Court for the Central District of California and the Guidelines of the Office of the United States Trustee, except as otherwise noted herein.

**V.**

**DESCRIPTION OF SERVICES FOR THE SECOND INTERIM PERIOD**

**LBR 2016-1(A)(1)(D)**

The primary Fox attorneys who rendered professional services to or on behalf of the Committee in this Bankruptcy Case were Keith C. Owens and Nicholas A. Koffroth.  Fox utilized other attorneys as needs arose and based on their various skills, experience, and billable rate.  Notably, Fox took significant effort to limit unnecessary or duplicative work already being pursued by the Trustee, which struck an appropriate balance between fulsome advocacy for the interests of the Committee and conscious management of administrative expenses.  While balancing these objectives, Fox performed the following services on behalf of the Committee during the Total Compensation Period:

163997553.3

**A.    Litigation/Adversary Proceedings (AP)**

Fox attorneys dedicated significant resources to supporting and focusing the Trustee's preconfirmation litigation efforts, with particular emphasis on secured claims. Mindful of the size of secured claims and the potential impact on confirmation or unsecured creditor recovery, the Committee's counsel collaborated with the Trustee's professionals and offered strategic guidance on potential claims, counterclaims, and defenses associated with the secured creditor litigations. Fox carefully coordinated with the Trustee's professionals before undertaking extensive analysis and research of secured and administrative claims, and potential defenses, and regularly shared its analysis and research with the Trustee's counsel and vice versa. This was necessary to ensure that the joint Plan was placed on a path where secured claims would or could be resolved in advance of confirmation.

The Committee's research and analysis of potentially significant claims also included review and input on proposed settlement agreements to avoid the need for post-facto litigation concerning settlements that were unacceptable to the Committee. As a result of this prophylactic work, the Committee did not object to settlements proposed by the Trustee necessary to resolve secured creditor claims, which served to limit unnecessary administrative expenses.

Fox attorneys also billed under the Task Code for discovery efforts concerning the pre-effective date effort by a creditor and litigation target to interfere with the Plan by acquiring all or substantially all of the claims held by members of the Committee. The investigation remains ongoing post-effective date but was essential both to preserve the propriety of the confirmed Plan and to evaluate additional grounds for relief against the party attempting to engage in interference with the Plan.

**B.    Case Administration (CA)**

The most significant commitment of time in the Case Administration category was aimed at limiting administrative expense. Early after its engagement, Fox requested that the Trustee's professionals participate in weekly calls to discuss outstanding items, analyze case strategy (under the terms of a negotiated common interest agreement), proactively address and resolve potential disputes and disagreements, and ensure that the work of the estate fiduciaries was non-duplicative and aligned. These weekly professional meetings served to significantly limit duplicative expenses and ultimately created the dialogue that led to the development of a joint Plan.

163997553.3

**C.      Creditor Inquiries (CI)**

Given the significant number of creditors in this case, Fox quickly developed a process to respond to most creditor inquiries.  Shortly after its selection as counsel, Fox's offices were inundated by a significant volume of creditor inquiries.  Fox's attorneys established screening guidelines for these calls that were disseminated to reception and office services staff, among legal assistants and paralegals, and to attorneys assigned to the case.  These procedures allowed lower or non-billing staff of Fox to direct the majority of creditor inquiries concerning case status and other information requests without requiring attorneys to bill time.  More complicated or nonstandard inquiries were ultimately fielded by Fox attorneys, which limited attorney time billed under this category to just 0.2 hours.

Additionally, Fox advocated early after its involvement for the selection and appointment of a claims agent that could provide a free case website with critical information for creditors.  In addition to the important claims administration and voting agent work performed by Omni Agent Solutions, the case website became an important resource for creditors that further limited administrative expense and offered an reliable source for case information free to the general public. The decision to retain Omni enabled the estate to reduce expenses that would otherwise be incurred to respond to the mounting number of creditor inquiries regarding administrative and procedural matters, and to automate as much as possible while enabling Fox professionals to respond to inquiries that were more of a legal nature.

**D.      Creditor Committee Meetings and Communications (CM)**

The Committee has been actively engaged in this Bankruptcy Case from its formation.  Fox attorneys worked to keep Committee members regularly informed through email updates, regular meetings, and presentations at meetings to allow Committee members to become familiarized with bankruptcy topics and their relationship to issues in this Bankruptcy Case.  These Committee meetings provided a significant platform to address the complexities of the case, furthered the Committee's decision to and ongoing collaboration with the Trustee, and the ultimate development of the joint Plan with Committee support. Additional time was also billed to this task concerning preparation of the Committee's post-confirmation governing documents provided under the Plan in advance of the effective date.

163997553.3

**E.      Cash Collateral/DIP Financing (CR)**

Time spent in this category was limited to review of the Trustee's statement concerning cash collateral and debtor-in-possession financing in connection with the ultimate resolution of the Trustee's decision to extend the deadline for Azzure Capital, LLC to oppose summary judgment beyond confirmation.

**F.      Employment Application of Other Professionals (EA2)**

Time spent in this category was limited to consideration of the Trustee's request to extend the employment of the Fee Examiner for purposes of final fee applications and the extension of her role as post-closing monitor of Morning Law Group.

**G.      Fee Application of Fox Rothschild LLP (FA1)**

This Task Code was used for periodic review of Fox's invoices and the preparation of the First Interim Fee Application.  Additionally, Fox regularly circulated the invoices to the Committee chair and addressed questions from the Committee chair on any matters on a regular basis rather than awaiting review of the entire invoice during this Application process.

**H.      Fee Application of Other Professionals (FA2)**

This Task Code was principally used for the review and negotiation of fee reductions resulting from the fee applications filed by other professionals during the First Interim Period.  These negotiations produced significant benefit to the estate—the Committee achieved the most significant fee deferral of any estate professional, pursuant to its stipulation [Docket No. 1698] and related order [Docket No. 1714] providing for the deferral of $650,000 in fees allowed to Dinsmore & Shohl LLP until the Trust receives a certain recovery on certain claims.

Additionally, Fox attorneys assisted Force 10 in the preparation of their fee application for the First Interim Period and regularly analyzed billing updates from other estate professionals.  In part, the regular review was necessary for purposes of evaluating potential administrative claims associated with the Plan confirmation process.

163997553.3

**I.      Intra Office Conferences (IC)**

Time spent in this category was limited to a single internal meeting with an associate concerning issues related to drafting this Application in an effort to blend Fox's effective date lower and appropriately delegate tasks to professionals of appropriate seniority.

**J.      Claims, Analysis, Objections & Resolutions (PC)**

As set forth above, the Committee was keenly aware of the need to evaluate and reduce potential secured claims to ensure a recovery.  The Committee concluded that a number of secured claims were defective on their face, and others were facially valid, but avoidable under a variety of legal theories. Fox attorneys billed under this Task Code for their collaborative or complimentary work with the Trustee's professionals related to the evaluation of secured creditor claims and disclosures or documents related to the same, quantification of potential claims that (in one case) dramatically reduced the potential ceiling of a secured creditor's claim.  Indeed, the Trustee's professionals provided discovery and disclosures obtained from secured creditors to offer the Committee an opportunity to review the potential weaknesses of the claims and to collaborate concerning strategies to limit the potential secured claims. In a number of instances, Fox conducted independent  research to analyze the validity, amount, perfection and priority of purported secured claims and/or rights under various receivable purchase agreements, and possible grounds for avoidance or objection.

**K.      Plan (PL)**

The Committee, through Fox, was actively involved in Plan negotiations that ultimately resulted in the confirmation of the joint Plan with the Trustee.  Fox attorneys were provided an initial draft of the Plan and worked to revise the Plan document to incorporate the result of these extensive negotiations, which included limiting potential sources of administrative expense such as liquidating trustee compensation and providing for oversight of terms of retention (e.g., hourly versus contingency).  Additionally, Fox attorneys drafted the liquidating trust agreement that would govern the postconfirmation liquidation of assets and claims for the benefit of unsecured creditors.  Fox attorneys also provided principal drafting for all confirmation-related briefing and supplements. Moreover, the oversight feature will streamline and further limit administrative expense associated with multiple individual creditors objecting to trustee actions by providing a single representative of such

interests. Fox attorneys also spent time in this category to address the effort by a commercial creditor to reconstitute the Committee as a means of leveraging Plan negotiations, which were ultimately defeated without the need for Court intervention.

Fox attorneys also spent significant time in this category evaluating liquidation and feasibility analyses developed by the Committee's financial advisor, Force Ten, to ensure the Plan was confirmable, feasible, and included assumptions consistent with the legal strategy developed by the Committee and Trustee.

**L.    Travel (TV)**

Fox's retention agreement permits Fox to bill for attorney travel time.  Fox incurred 2.9 hours of compensable time during the period associated with attending Court hearings.  However, **Fox has voluntarily elected to bill as "no charge" the $2,595.50 in fees associated with attorney travel time under this category.**  Fox has also billed as "no charge" any other attorney travel time billed to other category codes.  Additionally, as set forth below, Fox has voluntarily elected to not seek reimbursement of expenses associated with attorney travel.

**VI.**

**COSTS AND SUMMARY OF EXPENSES FOR THE SECOND INTERIM PERIOD**

**LBR 2016-1(A)(1)(F)**

The Fee Guidelines require that an application seeking reimbursement of expenses include a summary identifying all expenses by category. The total costs and expenses incurred during the Second Interim Period for which Fox seeks reimbursement is $2,517.60.

To assist the Court in reviewing Fox's request for reimbursement of the expenses incurred in connection with its representation of the Committee during the Second Interim Period, Fox's accounting procedures for the general categories of costs and expenses for which it seeks reimbursement by this Application are described in the Declaration attached hereto. The requested expenses are charged at rates customarily applied to Fox's clients. Those charges are:

| Description | Amount |
|---|---|
| DEPOSITION/TRANSCRIPT | $991.60 |
| MESSENGER SERVICE/DELIVERY | $1,526.00 |

14

The Invoice attached as **Exhibit C** includes an itemized statement of expenses incurred during the Second Interim Period. **As set forth above, Fox voluntarily billed as "no charge" any expenses associated with attorney travel.**

## VII.

## LEGAL ARGUMENT

In determining the amount of allowable fees under § 330, courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *In re Manoa Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988); *see Meronk v. Arter & Hadden, LLP* (In re Meronk), 249 B.R. 208, 213 (B.A.P. 9th Cir. 2000) (reiterating that Manoa Finance is the controlling authority and characterizing the factor test identified in *Johnson v Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976), as an "obsolete laundry list" now subsumed within more refined analyses).

The Supreme Court has evaluated the lodestar approach and endorses its usage. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a civil rights case, the Supreme Court held that while the Johnson factors might be considered in setting fees, the lodestar amount subsumed many of those factors. *Hensley*, at 434, n. 9. The following year, another civil rights case *Blum v. Stenson*, 465 U.S. 886 (1984), provided the so-called lodestar calculation: "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate . . . Adjustments to that fee then may be made as necessary in the particular case." *Blum*, 465 U.S. at 888.

Then, in 1986, the Supreme Court more explicitly indicated that the factors relevant to determining fees should be applied using the lodestar approach, rather than an ad hoc approach. While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401, et seq., should be interpreted like that of the Civil Rights Act, the Supreme Court expressly rejected the ad hoc application of the factors set forth in Johnson and thus Kerr stating that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . ." *Pennsylvania v. Del. Valley*

*Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986); see also *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("we have said repeatedly that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate").

While the lodestar approach is the primary basis for determining fee awards under the federal fee-shifting statutes and Bankruptcy Code, some of the Johnson/Kerr factors previously applied in an ad hoc fashion, can still apply in calculating the appropriate hourly rate to use under the lodestar approach. *In re Charles Russell Buckridge*, Jr., 367 B.R. 191 201 (C.D.Cal. 2007) ("a court is permitted to adjust the lodestar up or down using a multiplier based on the criteria listed in § 330 and its consideration of the Kerr factors not subsumed within the initial calculations of the lodestar"); *see also Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (court may "adjust the lodestar amount after considering other factors that bear on the reasonableness of the fee"); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991) ("Although *Manoa* suggests that starting with the 'lodestar' is customary, it does not mandate such an approach in all cases... Fee shifting cases are persuasive, but due to the uniqueness of bankruptcy proceedings, they are not controlling.").

Fox respectfully submits that the hourly rates for its attorneys and paraprofessionals are reasonable and appropriate in the relevant community and in view of the circumstances of this case and the successful results thus far achieved by Fox on behalf of the Committee. By this Application, Fox requests that the Court approve the allowance of compensation and the reimbursement of expenses during the Total Compensation Period. The full scope of the services provided and the related expenses incurred are fully described herein and/or in the attached Invoice. All services for which Fox requests compensation were performed for or on behalf of the Committee.

The professional services and related expenses for which Fox requests allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Fox's professional responsibilities as attorneys for the Committee in this chapter 11 case. Fox's services were necessary and beneficial to the Committee and the estate creditors and other parties in interest.

163997553.3

In accordance with the factors enumerated in § 330, Fox respectfully submits that the amount requested by Fox is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

Therefore, for the reasons set forth above, Fox respectfully submits that the foregoing establishes that Fox's requested fees and expenses are reasonable and appropriate and should be approved by this Court.

## VIII.

## <u>CONCLUSION</u>

Fox respectfully requests that the Court enter an order (i) approving the Application in its entirety; (ii) allowing, on a final basis, (a) compensation for professional services rendered to the Committee from June 29, 2023, through and including September 23, 2024, in the amount of $1,056,669, and (b) reimbursement of expenses incurred in connection with such services in the amount of $19,939.22; (iii) authorizing and directing payment to be made to Fox in the amount of $224,912.85 in fees and $2,517.60 in expenses, which represent the fees and expenses for the Second Interim Period plus the Holdback; (iv) granting Fox such other and further relief as the Court may deem just and proper.

Dated: November 8, 2024                     **FOX ROTHSCHILD LLP**


By: _____*/s/ Nicholas A. Koffroth*_____
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
*Counsel for the Official Committee of Unsecured
Creditors of The Litigation Practice Group PC*

17

163997553.3

## <u>DECLARATION OF APRIL RIEDY</u>

I, April Riedy, declare as follows:

1.     I am the chair of the Official Committee of Unsecured Creditors, and its successor-in-interest the Post-Confirmation Oversight Committee (the "<u>Committee</u>") in the above-captioned bankruptcy case (the "<u>Bankruptcy Case</u>") of The Litigation Practice Group P.C. (the "<u>Debtor</u>").  I make this Declaration in support of *Fox Rothschild LLP's Second and Final  Application for Compensation and Reimbursement of Expenses* (the "<u>Application</u>").[4]  I am over the age of 18, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2.     Based on my review of the Application, I understand that Fox seeks approval of $1,056,669 in fees and $19,939.22 in expenses on a final basis.  *First*, for the First Interim Period, Fox requests that the Court affirm its prior award of fees and expenses in the First Interim Order in the amount of $1,044,173.50 in fees and 17,421.62 in expenses.  Additionally, Fox requests that the Court authorize the payment to Fox of the $104,417.35 in approved fees during the First Interim Period that remain unpaid because of the Holdback.  *Second*, for the Second Interim Period, Fox seeks an interim and final award of $120,495.50 in fees and $2,517.60 in expenses.  These amounts reflect a voluntary fee write-down of $5,545.00 for the Second Interim Period and a voluntary expense write-down of $1,516.85 for the Second Interim Period.  Additionally, Fox seeks approval for payment of such unpaid fees and expenses approved on a final basis in the amount of $224,912.85 in fees and $2,517.60 in expenses, which represent the fees and expenses for the Second Interim Period plus the Holdback.

3.     Fox provided me with its monthly invoices for the period from June 29, 2023, through September 23, 2024.  I have reviewed and approved Fox's invoices for each of those months.  I believe that the Requested Compensation sought by Fox is fair and reasonable given (a) the complexity of this Bankruptcy Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in a case other than under this title.

4.     I have reviewed the Application and, on behalf of the Committee, I support the approval of the Application in its entirety and payment of the Requested Compensation, and have no objection

---

[4] Capitalized terms not defined herein have the meanings assigned to them in the Application.

1    to the Application.

2           I declare under penalty of perjury that the foregoing is true and correct.

3           Executed this 8th day of November 2024.

4

5

6    _____
     April Riedy, Committee Chair

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

163997553.3

## **DECLARATION OF NICHOLAS A. KOFFROTH**

I, Nicholas A. Koffroth, declare as follows:

1.     I am a partner at the offices of Fox Rothschild LLP, counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of The Litigation Practice Group P.C. (the "Debtor").  I make this Declaration in support of *Fox Rothschild LLP's Second and Final Application for Compensation and Reimbursement of Expenses* (the "Application").[5]  I am over the age of 18, except as otherwise indicated herein I have personal knowledge of the facts set forth herein or have obtained familiarity with such facts from persons knowledgeable of them at Fox, and if called upon to testify, could and would do so.

### A.     **Summary of Application and Certification**

2.     By the Application, Fox seeks approval of $1,056,669 in fees and $19,939.22 in expenses on a final basis.  ***First***, for the First Interim Period, Fox requests that the Court affirm its prior award of fees and expenses in the First Interim Order in the amount of $1,044,173.50 in fees and 17,421.62 in expenses.  Additionally, Fox requests that the Court authorize the payment to Fox of the $104,417.35 in approved fees during the First Interim Period that remain unpaid because of the Holdback.  ***Second***, for the Second Interim Period, Fox seeks an interim and final award of $120,495.50 in fees and $2,517.60 in expenses.  These amounts reflect a voluntary fee write-down of $5,545.00 for the Second Interim Period and a voluntary expense write-down of $1,516.85 for the Second Interim Period.  Additionally, Fox seeks approval for payment of such unpaid fees and expenses approved on a final basis in the amount of $224,912.85 in fees and $2,517.60 in expenses, which represent the fees and expenses for the Second Interim Period plus the Holdback.

3.     I have reviewed the requirements of LBR 2016-1 and believe that the Application complies with that rule.  I further certify as follows with respect to the Application:

- I have read the Application and believe the facts stated therein and herein are true and correct to the best of my knowledge and belief;

- the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by Fox and generally accepted by Fox' clients;

---

[5] Capitalized terms not defined herein have the meanings assigned to them in the Application.

163997553.3

- at all relevant times, Fox has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Committee;

- neither Fox nor any employee of Fox has any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees or expenses to be awarded to Fox with any other person or attorney except as among the members and associates of Fox;

- no time has been billed to the Committee outside the scope of work authorized by the Order authorizing employment of the Firm; and

- the compensation and expense reimbursement sought herein is in conformity with the LBR, the Compensation Guidelines for the United States Bankruptcy Court for the Central District of California and the Guidelines of the Office of the United States Trustee, except as otherwise noted herein.

**B.**    **Summary of Hours and Fees by Professional**

4.    Based on my review of the Fox invoices in this matter, the names of all of the Attorneys and Paraprofessionals who have been responsible for providing services to the Committee, their applicable rate including annual rate changes,[6] total number of hours spent on the case and total fees charged as a result of service they each provided to the Committee during the Second Interim Period is set forth below:

### SUMMARY OF PROFESSIONALS
Second Fee Period: August 1, 2024 through September 23, 2024

| ATTORNEY | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Michael A. Sweet – Partner | $980.00 | 1.4 | $1,372.00 |
| Keith C. Owens – Partner | $895.00 | 56.3 | $50,388.50 |
| Nicholas A. Koffroth – Partner | $725.00 | 80.3 | $58,217.50 |
| Mary V. Gilmore - Associate | $480.00 | 9.0 | $4,320.00 |
| Matthew Higgins – Associate | $495.00 | 10.5 | $5,197.50 |
| **Subtotal** | | **164.0** | **$119,495.50** |
| **Blended Rate (Attorneys only)** | **$728.63** | | |
| PARAPROFESSIONAL | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
| Patricia M. Chlum – Paralegal | $400.00 | 2.5 | $1,000.00 |
| **Subtotal** | | **2.5** | **$1,000.00** |
| | | APPLICATION HOURS | TOTAL FEES |

---

[6] Rates include regular modifications to hourly rates on an annual basis as set forth more fully in the *Notice of Change to Fox Rothschild LLP's Hourly Rates Effective January 1, 2024* [Docket No. 805].

21

| | | | |
|---|---|---|---|
| **GRAND TOTAL** | | 166.5 | **$120,495.50** |
| **Combined Blended Rate (Attorneys and Paraprofessionals)** | **$723.70** | | |

## C.      Professional Background and Experience

5.      Fox represented the Committee as effectively and efficiently as possible during the Second Interim Period through considered allocation of tasks among the professionals.  In general, tasks were allocated among the professionals and paraprofessionals based upon their comparative expertise, taking into consideration the knowledge and experience of Fox's professionals and paraprofessionals and their familiarity with the case to avoid duplicative work. A true and correct copy of the background and qualifications of each of the attorneys who rendered services to the Committee during the Total Compensation Period are attached collectively to the Application as **Exhibit B**.

## D.      Previously Paid Compensation

6.      On October 1, 2024, the Court authorized the Trustee to pay Fox $957,177.77, which included $939,756.15 of allowed fees (subject to the 10% Holdback) and $17,421.62 in expenses.  *See* Interim Fee Order at 5.  As of the date of this Application, Fox has received the full amount of fees and expenses approved and authorized for distribution to Fox in the amount of $957,177.77.  Fox has not received payment of the Holdback, in the amount of $104,417.35, which remains reserved pending authorization of this Court.

## E.      Project Billing and Detailed Listing of Services

7.      In accordance with the Central District Guidelines and UST Guidelines, Fox classified all services performed for each into Categories of Service ("Task Codes").  Fox attempted to place the services performed in the appropriate Task Code that best related to the service provided. The following charts summarizes the project billing categories utilized and the total hours expended for each category during the Second Interim Period:[7]

---

[7] Some of the services rendered could reasonably be categorized in more than one of the billing categories.  Consequently, different attorneys sometimes billed their services on the same matter in different categories.

**TASK SUMMARY:**

| Task | Description | Hours | Amount |
|------|-------------|-------|--------|
| AP | LITIGATION/ADVERSARY PROCEEDINGS | 22.1 | $18,045.50 |
| CA | CASE ADMINISTRATION | 5.3 | $3,595.50 |
| CI | CREDITOR INQUIRIES | 0.2 | $179.00 |
| CM | CREDITOR COMMITTEE MEETINGS AND COMMUNICATIONS | 3.8 | $3,231.00 |
| CR | CASH COLLATERAL/DIP FINANCING | 0.1 | $89.50 |
| EA2 | EMPLOYMENT APPLICATION OF OTHER PROFESSIONALS | 0.4 | $358.00 |
| FA1 | FEE APPLICATION OF FOX ROTHSCHILD LLP | 24.6 | $15,578.50 |
| FA2 | FEE APPLICATION OF OTHER PROFESSIONALS | 30.0 | $21,256.00 |
| IC | INTRA OFFICE CONFERENCES/MULTI PERSON ACTIVITIES | 0.2 | $96.00 |
| PC | CLAIMS, ANALYSIS, OBJECTIONS & RESOLUTIONS | 3.6 | $3,222.00 |
| PL | PLAN | 73.3 | $54,844.50 |
| TV | TRAVEL | 2.9 | $0.00 |
| | **TOTAL** | **166.5** | **$120,495.50** |

A true and correct copy of the Fox invoices for the Second Interim Period, which contains summaries and daily logs of the actual and necessary fees incurred and expenses paid by Fox during the Second Interim Period, is attached to the Application as **Exhibit C**.  Because certain services may relate to one or more Task Codes, services arguably pertaining to one Task Code may, in fact, be included in another Task Code.

       8.     All services for which Fox requests compensation were performed for or on behalf of the Committee.  Fox performed services for or on behalf of Committee during the Total Compensation Period, and I believe such services were necessary and reasonable.

       I declare under penalty of perjury that the foregoing is true and correct.

       Executed this 8th day of November 2024.

                    */s/ Nicholas A. Koffroth*
                    Nicholas A. Koffroth

163997553.3

# EXHIBIT A

1   Michael A. Sweet (SBN 184345)
    Keith C. Owens (SBN 184841)
2   Nicholas A. Koffroth (SBN 287854)
    **FOX ROTHSCHILD LLP**
3   10250 Constellation Blvd., Suite 900
    Los Angeles CA 90067
4   Telephone:    (310) 598-4150
    Facsimile:    (310) 556-9828
5   msweet@foxrothschild.com
    kowens@foxrothschild.com
6   nkoffroth@foxrothschild.com

7   Proposed Counsel For Official Committee of Unsecured Creditors

8

---

**FILED & ENTERED**

**AUG 24 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte        DEPUTY CLERK**

---

9                   **UNITED STATES BANKRUPTCY COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11                       **SANTA ANA DIVISION**

12   In re:                              | Chapter 11

13   THE LITIGATION PRACTICE GROUP        | Case No. 8:23-bk-10571-SC
     P.C.,
14                                        | **ORDER AUTHORIZING**
                                          | **EMPLOYMENT OF FOX ROTHSCHILD**
15        Debtor.                         | **LLP AS COUNSEL FOR THE OFFICIAL**
                                          | **COMMITTEE OF UNSECURED**
16                                        | **CREDITORS, EFFECTIVE AS OF**
                                          | **JUNE 29, 2023**
17
18                                        | [*No Hearing Required Pursuant to*
                                          | *LBR 9013-1(o)*]
19

20

21        The Court, having considered the *Application for Order Authorizing Employment of Fox*

22   *Rothschild LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of June*

23   *29, 2023* [Docket No. 344] (the "Application") filed by the Official Committee of Unsecured

24   Creditors (the "Committee") and the accompanying declarations in support thereof, and the

25   Court being satisfied that Fox Rothschild LLP does not represent any entity having an adverse

26   interest in connection with the above-captioned case and is a "disinterested person" as defined

27   under 11 U.S.C. § 101(14); having found that notice of the Application is sufficient under the

28   circumstances and that no further notice is required; and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.      The Application is APPROVED.

2.      The Committee is authorized to retain and employ Fox Rothschild LLP as general bankruptcy counsel to the Committee, effective as of June 29, 2023, at the expense of the estate pursuant to 11 U.S.C. § 327(a).

3.      Except as the Court may otherwise determine and direct, the compensation to be awarded to Fox Rothschild LLP shall be fixed by the Court after notice and a hearing as may be required by the Bankruptcy Code, 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California and the practice and procedure of this Court.

###

Date: August 24, 2023

Scott C. Clarkson
United States Bankruptcy Judge

- 2 -

# EXHIBIT B



# Michael A. Sweet

**Partner and Chair, Financial Restructuring & Bankruptcy Department**

msweet@foxrothschild.com

San Francisco, CA
Tel: 415.364.5560
Fax: 415.391.4436

Los Angeles, CA
Tel: 424.285.7100

New York: 212.878.7900

A respected leader of the bankruptcy bar who is ranked among the top attorneys in California by Chambers & Partners, Michael has played a significant role in some of the nation's highest-profile corporate restructuring cases.

Over his nearly 30-year career, encompassing hundreds of bankruptcy cases and commercial disputes, Michael has earned a reputation as a seasoned negotiator with a hard-hitting, take-no-prisoners approach to dispute resolution and litigation. This depth of experience handling all aspects of major bankruptcy cases enables him to analyze a complex case, recognize and avoid potential pitfalls, and present efficient, practical solutions that achieve clients' business objectives.

Michael represents all parties, particularly debtors, unsecured creditors and creditors' committees, in court and alternative dispute resolution forums. He is known for finding creative ways to maximize recovery in bankruptcy cases where such prospects appear bleak. Business leaders trust his forward-thinking approach and big picture perspective.

A member of the firm's Executive Committee and Managing Partner of its San Francisco office, Michael has helped shape the firm's Financial Structuring & Bankruptcy Department, which he chairs, into a highly respected national practice group. He's also a leader in the profession, having served as president of the California Bankruptcy Forum; and in the community, where he has spent more than a decade on the San Francisco Human Rights Commission. In 2023, Gov. Gavin Newsom appointed Michael the chair of the California Citizens' Compensation Commission.

Michael is also among California's most experienced Chapter 9 municipal bankruptcy attorneys. He has been quoted on the subject by national news outlets, including The New York Times, CNBC, The Wall Street Journal and Bloomberg News, among others.

Michael's diverse practice also includes advising companies on cross-border transactions and assisting American companies pursuing investments abroad.

## Litigation

Michael is an accomplished litigator who represents plaintiffs and defendants in commercial and employment disputes, receivership cases, probate litigation, creditors' rights issues and class actions. He often handles high-stakes directors and officers litigation, as well as board member investigations for Chapter 11 post-confirmation trusts.

He has brought multiple jury trials to verdict. His clients include technology companies, trustees, receivers and other fiduciaries, financial institutions, small businesses, developers and companies in the hospitality industry.

## Bankruptcy and Financial Restructuring

In the bankruptcy arena, Michael represents debtors, creditors, creditors' committees and trustees in bankruptcy disputes throughout the state of California and nationally. He takes a creative approach to dispute resolution with the goal of maximizing recovery for clients inside and outside the courtroom. Michael has extensive experience litigating preferences, fraudulent conveyances, claims objections and plan confirmation, and he frequently advises clients in financial distress on bankruptcy avoidance. He has secured multimillion-dollar recoveries for clients in preferential transfer and avoidance action proceedings.

Michael is an appointed Resolution Advocate on the Bankruptcy Dispute Resolution Panel for the U.S. Bankruptcy Court for the Northern District of California.

## Public Entities

Michael represents public entities, including local and state governments and agencies, in disputes in bankruptcy court as well other courts throughout California. He has assisted multiple government bodies and public agencies in Chapter 9 municipal bankruptcy proceedings, and in restructuring their finances to avoid Chapter 9 proceedings. He has also represented a number of public entities in state court receivership matters as well as in the bankruptcy cases of the owners of blighted properties.

## Services

- Financial Restructuring & Bankruptcy
- Municipal Insolvency
- Litigation
- Government Relations
- Public Finance
- Receiverships
- International
- Israel
- Cannabis Law
- Alternative Dispute Resolution

## Before Fox Rothschild

Michael has practiced at various bankruptcy and litigation firms throughout California. Prior to his arrival at Fox, he served as chair of the municipal debt restructuring and bankruptcy practice group at a California law firm.

He is a former judicial extern for The Hon. Lisa Hill Fenning of the U.S. Bankruptcy Court for the Central District of California.

## Beyond Fox Rothschild

Michael has spoken and written extensively on bankruptcy topics, particularly in the arena of government issues related to potential Chapter 9 bankruptcy filings.

Specifically, Michael was approached by national publications to provide commentary following the ruling that declared the City of Stockton, California, eligible for Chapter 9 bankruptcy, as well as following Detroit's bankruptcy filing. He appeared in a variety of news outlets including:

- "Braced to Remake Itself, Detroit First Awaits Challenges to Bankruptcy Eligibility ," - *The New York Times*
- "Detroit Files for Bankruptcy ," – *CNBC*
- "Judge Orders Detroit to Withdraw Bankruptcy Filing ," and "Detroit Files for Bankruptcy ," *CNN Money*
- "Pension Funds Wary as Bankrupt City Goes to Trial " - *The New York Times*
- "In Bankruptcy, Stockton Must Decide Pension Issue " - *NPR's Morning Edition*
- "Judge to Rule on Whether Stockton, CA Can Enter Bankruptcy Protection " - *Fox News*
- "As Reality of Bankruptcy Hits, Stockton Grapples with Hard Decisions " - *Which Way, LA? KCRW Radio*

## Bar Admissions

- California
- New York
- District of Columbia

## Court Admissions

- U.S. Supreme Court
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

## Education

- University of California, Los Angeles, School of Law (J.D., 1996)
- Brandeis University (B.A., *cum laude*, 1991)

## Memberships

- Bar Association of San Francisco
- California Political Attorneys' Association
- California State Democratic Central Committee

## Board of Directors

- California Citizens Compensation Commission (Chair)
- Commissioner, San Francisco Human Rights Commission (Chair 2011-2014; Vice Chair 2009-2011 and 2016-2020)
- Bay Area Bankruptcy Forum (President, 2019-2020)
- California Bankruptcy Forum (Immediate Past President)
- The College Preparatory School, Trustee (Oakland, CA)

## Honors & Awards

- Listed as a "Recognized Practitioner" (2021) and "Notable Practitioner" (2020, 2022-2024) in the Legally Israel 100 by *Israel Desks*
- Recognized in the *Chambers USA* Guide for Bankruptcy/Restructuring in California (2022 - 2024)
- Named a "Small Turnaround of the Year" honoree by TMA Chicago/Midwest Chapter (2022)
- Named to the list of "Top 100 Restructuring Professionals: Distinction in Dealmaking" by the *Global M&A Network* (2022)
- Named a Trailblazer in the West by *The American Lawyer* (2022)
- Selected to a list of the Top 100 Restructuring Professionals by *Global M&A Network*. (2022)





# Keith C. Owens

**Partner**

kowens@foxrothschild.com



Los Angeles, CA
Tel: 424.285.7056
Fax: 310.556.9828

Keith is a strategic ally for clients involved in bankruptcy proceedings, workouts and other insolvency matters, including receiverships and assignments for the benefit of creditors and creditors' rights litigation.

A former bankruptcy appellate law clerk who has argued before the Ninth Circuit Court of Appeals and appeared before the U.S. Supreme Court, he is experienced in all facets of bankruptcy, insolvency, distressed acquisitions and dispositions. He concentrates his practice on:

- Chapter 11 plan restructuring and related litigation
- Subchapter V bankruptcy
- Section 363 sales and sales pursuant to a Chapter 11 Plan
- Out-of-court workouts
- Valuation disputes
- Single-asset real estate cases
- Structured and closed debtor-in-possession (DIP) financing
- Cash collateral transactions on behalf of lenders and debtors
- Adversary proceedings including fraudulent conveyance, preference and D&O litigation
- Bankruptcy appeals

Keith represents commercial debtors, creditors' committees, secured and unsecured secured creditors, officers, directors and equity holders before bankruptcy and federal district courts throughout the United States, as well as landlords and tenants, licensors and licensees, counterparties to contracts and other major constituencies. His clients include businesses and individuals in a wide range of industries, including entertainment and sports, health care, cannabis, alcohol and beverage, technology, credit card processing, construction, commercial real estate and hospitality.

In addition to his federal work, Keith has led creditors' rights litigation in California state courts.

## Lenders and Loan Servicers

Keith also works extensively with lenders and commercial mortgage-backed securities (CMBS) servicers regarding real property secured loan litigation and real estate owned (REO) disposition matters, including:

- Judicial and non-judicial foreclosures
- Guarantor litigation

- Lender liability litigation
- Enforcement of pre- and post-judgment remedies, including:
  - Receivership appointments
  - Injunctions
  - Workouts
  - Loan restructurings
  - Forbearances
  - Discounted payoffs
  - Note sales

Keith is an editor of and a frequent contributor to the firm's "In Solvency" blog, which covers bankruptcy and financial restructuring issues.

## Services

- Financial Restructuring & Bankruptcy
- Cannabis Law
- Entertainment & Sports Law
- Receiverships
- Residential Health Care Facilities

## Before Fox Rothschild

Prior to joining Fox Rothschild, Keith was a Partner in the Bankruptcy and Creditors' Rights Practice at two *AmLaw* 100 law firms.

Keith began his legal career as a trial law clerk for the Honorable Christopher M. Klein of the United States Bankruptcy Court for the Eastern District of California, and as an appellate law clerk to the Honorable John E. Ryan, who served on the United States Bankruptcy Appellate Panel for the Ninth Circuit. Prior to attending law school, Keith worked as a writer for Tig Productions and various Los Angeles–based entertainment magazines.

## Bar Admissions

- California

## Court Admissions

- U.S. Supreme Court
- U.S. Court of Appeals, Ninth Circuit
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California
- U.S. Bankruptcy Court, Central District of California
- U.S. Bankruptcy Court, Eastern District of California
- U.S. Bankruptcy Court, Northern District of California
- U.S. Bankruptcy Court, Southern District of California

## Education

- Southwestern Law School (J.D., *cum laude*)
- University of California, Los Angeles (B.A.)

## Memberships

- American Bankruptcy Institute

- Financial Lawyers Conference
- Beverly Hills Bar Association (2011)
  - o   Executive Committee of the Bankruptcy Section and former Section Chair
- Los Angeles County Bar Association
  - o   Executive Committee of the Commercial Law and Bankruptcy Section
- Los Angeles Bankruptcy Forum
- Orange County Bankruptcy Forum
- Turnaround Management Association

## Board of Directors

- Musica Angelica (2014-2015)

## Honors & Awards

- Recognized in *Chambers USA*, Bankruptcy/Restructuring, California (2015-2016, 2018)
- Selected to the list of "Super Lawyers" in Southern California for Bankruptcy: Business and Creditor Debtor Rights (2009-2021, 2024)
- Selected to the list of "Super Lawyers Rising Stars" in Southern California for Bankruptcy and Creditors' Rights (2006, 2008)





# Nicholas A. Koffroth

**Partner**

NKoffroth@foxrothschild.com

Los Angeles, CA
Tel: 424.285.7070
Fax: 310.556.9828

Las Vegas, NV
Tel: 702.699.5930
Fax: 702.597.5503

Nick focuses his practice on complex bankruptcy cases and financial restructuring matters. His bankruptcy experience includes work in the commercial real estate, health care, commercial lending and entertainment sectors.

## Bankruptcy

Nick has broad-based experience in nearly all facets of bankruptcy and insolvency matters. His bankruptcy practice includes:

- Chapter 11 plan restructuring and related litigation
- Section 363 sales
- Valuation disputes
- Single-asset real estate cases
- Debtor-In-Possession (DIP) financing
- Adversary proceedings
- Bankruptcy appeals
- Claim disputes

Nick represents a broad range of bankruptcy stakeholders. He has represented debtors in matters ranging from the second largest hospital bankruptcy case in U.S. history to Subchapter V cases. Nick has represented official committees of creditors in health care bankruptcy cases, official committees of equity security holders in post-confirmation litigation and an ad hoc committee in negotiations related to confirmation of a real estate Ponzi-scheme case. He also represents a wide range of other bankruptcy stakeholders, including secured and unsecured creditors, landlords, tenants, franchisors, franchisees, directors and officers.

Nick has represented businesses and individuals in a wide range of industries, including commercial real estate, health care, entertainment, apparel, hospitality, sports and technology.

## Litigation & Appellate Matters

Nick aggressively litigates high-stakes matters in bankruptcy, federal and state courts, including post-confirmation equity holder disputes, state and federal agency challenges to bankruptcy sales, and breach of contract matters with potential damages in excess of $100 million. He handles pre-trial practice, motions practice, fact and expert discovery, witness preparation, appellate practice, and counsels clients regarding litigation strategy, settlement and future liability.

Nick has drafted briefs in appeals before various U.S. District Courts and Bankruptcy Appellate Panels, the 9th Circuit Court of Appeals, and the U.S. Supreme Court.

## Lenders & Loan Servicers

Nick also works extensively with lenders and commercial mortgage-backed securities (CMBS) servicers regarding real property-secured loan litigation. His CMBS experience spans state, federal and appellate courts in matters including guarantor litigation, lender liability litigation, borrower liability litigation (including state law fraud and breach of contract claims), intercreditor disputes and foreclosure actions. Nick also represents lenders in the entertainment space and has obtained favorable rulings for prints and advertising lenders in connection with bankruptcy sales.

## Thought Leadership

Nick is actively involved in local and national bankruptcy organizations. In addition to writing nationally published articles, Nick is a regular contributor to the firm's "In Solvency" blog which covers current bankruptcy and financial restructuring issues.

## Services

- Financial Restructuring & Bankruptcy
- Municipal Insolvency
- Receiverships
- Health Law

## Representative Matters

- Represented Verity Health System of California, Inc., and 16 related entities, including six acute care operating hospitals, in their chapter 11 cases — the second largest hospital bankruptcy case in American history with more than $1.4 billion of debt. During the cases, the court approved the sale of Verity's hospitals and senior living facility, and confirmed the joint plan of liquidation, which resolved complex litigation and created a liquidating trust for the benefit of creditors. The sale of Verity's nonprofit assets raised unique issues related to the transfer of health care assets in bankruptcy, including the scope of the powers of the Attorney General and the transfer of medical provider agreements, which led to groundbreaking decisions. During the cases, Verity also collaborated with the attorneys for the California Governor's Office of Emergency Services to reopen St. Vincent Medical Center in Los Angeles, and to set aside beds at Seton Medical Center in the Bay Area to treat COVID-19 patients.
- Represented the trustee and the trustee board in the post-confirmation, jointly administered cases of ICPW Liquidation Corp. (formerly *In re Ironclad Performance Wear Corp, et al.*) in post-confirmation litigation and related distribution matters.
- Drafted petition for *certiorari*, granted in part by the U.S. Supreme Court in *U.S. Bank Nat'l Ass'n v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 2018 WL 1143822 (Mar. 5, 2018) and related merits briefing.
- Represented prints and advertising lenders Endgame Releasing Company, LLC and Endgame Releasing Funding, LLC in the Chapter 11 bankruptcy cases filed by Los Angeles-based film production and distribution company Open Road Films, LLC, and certain debtor affiliates, in the U.S. Bankruptcy Court for the District of Delaware.
- Represented a global watch company as a Chapter 11 debtor, completing a 363 sale of the company's assets in less than two months after the commencement of bankruptcy, and obtaining court approval of the company's Chapter 11 plan in under four months.
- Represented numerous actors, producers, directors and writers as counterparties to contracts in The Weinstein Company Chapter 11 bankruptcy cases in the U.S. Bankruptcy Court for the District of Delaware.
- Represented talent clients in the Relativity Media Chapter 11 bankruptcy cases filed in the U.S. Bankruptcy Court for the Southern District of New York.
- Represented asset purchasers and potential purchasers in conducting diligence and submitting bids in connection with bankruptcy asset sales.
- Represented some of the nation's largest special servicers of CMBS assets on all aspects of commercial real estate loan workouts, bankruptcies, foreclosure and receivership litigation.

## Publications

Samuel R. Maizel, Tania M. Moyron & Nicholas Koffroth, "Medicare, Medicaid Provider Agreements May Transfer Free and Clear in Bankruptcy," *Journal of Corporate Renewal*, Sept. 2020.

Samuel R. Maizel, Tania M. Moyron, Nicholas Koffroth & Sarah M. Schrag, "The Effect of the Global Pandemic on Hospitals in America: The Rich Get Richer, But for the Rest …, " *Journal of Bankruptcy Law & Practice*, Aug. 2020.

Andrew J. Currie & Nicholas A. Koffroth, "Sino Clean Energy, Inc. v. Seiden (In re Sino Clean Energy, Inc.): Authority to File and the Tension Between Bankruptcy and Receivers," *Norton Bankruptcy Legal Adviser,* April 2019.

## Before Fox Rothschild

Prior to joining Fox, Nicholas was a senior managing associate in the Restructuring, Insolvency and Bankruptcy Group of an international law firm, based in its Los Angeles office. Before that, he was an associate in the Los Angeles office of a national law firm.

Nick began his legal career as a law clerk in the U.S. Bankruptcy Court for the Central District of California. During his time with the Bankruptcy Court, Nick clerked for the Honorable Sandra R. Klein, the Honorable Thomas B. Donovan, the Honorable Neil W. Bason, the Honorable Victoria Kaufman and the Honorable Sheri A. Bluebond.

## Bar Admissions

- California
- District of Columbia
- Nevada
- New York

## Court Admissions

- U.S. District Court, District of Colorado

## Education

- Loyola Law School (J.D., 2012)
- University of California, Los Angeles (B.A., 2008)

## Memberships

- American Bankruptcy Institute
  - o   Advisory Board, Southwest Bankruptcy Conference
- Los Angeles Bankruptcy Forum
- Beverly Hills Bar Association, Bankruptcy Section
  - o   Chair, Executive Committee (2018-2019)
- American Bar Association
  - o   Business Bankruptcy Committee, Vice Chair of the Content and Publications Subcommittee
- California Bankruptcy Forum Conference
  - o   Young Insolvency Professionals Co-Chair

## Board of Directors

- Los Angeles Bankruptcy Forum (2019 - 2021)

## Honors & Awards

- Selected to the list of attorneys ranked by *Chambers USA* for Bankruptcy/Restructuring in California in the "Up and Coming" category (2024)

- Selected to the "Ones to Watch" list for Bankruptcy & Creditor Debtor Rights/Insolvency & Reorganization Law, Real Estate Law (2021-2025) Entertainment & Sports Law, Health Care Law (2023-2025), Banking and Finance Law, Commercial Litigation and Banking and Finance Litigation (2024-2025) by *Best Lawyers*
- Selected to the "Rising Stars" list for Bankruptcy and Creditor Debtor Rights (2019-2021) and Bankruptcy: Business (2022) in Southern California by *Super Lawyers*





# Mary V. Gilmore

**Associate**

mgilmore@foxrothschild.com



Chicago, IL
Tel: 312.666.2830
Fax: 312.517.9201

Mary represents clients in an array of financial restructuring and bankruptcy matters.

## Services

- Financial Restructuring & Bankruptcy

## Before Fox Rothschild

Mary joined us after clerking for the Honorable LaShonda A. Hunt first on the Bankruptcy Court and then the U.S. District Court for the Northern District of Illinois. She previously worked as a summer associate for a law firm in Chicago.

Mary was a Rule 711 extern in the Champaign County State's Attorney's Office while earning her law degree. A champion in the ABA Negotiation Competition, Mary also earned a spot as a finalist in the ABA Client Counseling Competition and participated in the Evan A. Evans Moot Court Competition. Mary earned the Paul M. Lisnek Award for Excellence & Ethics in Trial Advocacy and a CALI Award for Constitutional Law.

## Beyond Fox Rothschild

Mary volunteers with Credit Abuse Resistance Education (CARE).

## Bar Admissions

- Illinois

## Court Admissions

- U.S. District Court, Northern District of Illinois

## Education

- University of Illinois College of Law (J.D., *magna cum laude*, 2022)
- Marlboro College (B.A., *high honors*, 2016)

## Memberships

- Turnaround Management Association, Chicago/Midwest Chapter
- American Bankruptcy Institute
- Chicago Bar Association
- International Women's Insolvency & Restructuring Confederation

# Publications

May 3, 2024
**Outlook Still Hazy for Cannabis Companies' Access to Bankruptcy**





# Matthew Higgins

**Associate**

mhiggins@foxrothschild.com

Chicago, IL
Tel: 312.276.1332
Fax: 312.517.9201

Matt assists clients with a broad range of bankruptcy and insolvency-related matters.

He has particular experience representing debtors in Chapter 11 proceedings, including negotiating and implementing prepackaged plans of reorganization and cross-border insolvency proceedings.

## Services

- Financial Restructuring & Bankruptcy

## Before Fox Rothschild

Prior to joining Fox Rothschild, Matt was an associate at an international law firm.

While earning his law degree, Matt served as a legal intern to the Texas State Board of Pharmacy, and a judicial intern for the U.S. Bankruptcy Court for the Western District of Texas. He was also a staff editor of the *Journal of Law and Technoloy at Texas* and the *Texas Review of Entertainment and Sports Law*, a member of the Texas Business Law Society, and participated in Hutcheson Moot Court Competition and the INCLUDE Project, a pro bono program advocating for students with special needs.

## Bar Admissions

- Illinois

## Education

- University of Texas School of Law (J.D., 2020)
- Northern Illinois University (B.A., 2009)

## Memberships

- Turnaround Management Association

# EXHIBIT C



# We have relocated our main Philadelphia office. Please update our client invoice payment options if you are still remitting to our Philadelphia address.

**Our preferred method of payment is via ACH or Wire.**

> **Wells Fargo Bank**
> **420 Montgomery Street**
> **San Francisco, CA 94104**
> **Account Name: Fox Rothschild LLP**
> **ACH ABA #031000503**
> **Wire ABA # 121000248**
> **Account # 2100019564260**

**However, if you are currently remitting payment by check, please update our new mailing address below:**

> **Fox Rothschild LLP**
> **PO Box 931646**
> **Atlanta, GA 31193-1646**

Kindly update your records accordingly. If you have any questions, please contact the Accounts Receivable group at Accounting.AR@Foxrothschild.com or 215-299-2000.



CONSTELLATION PLACE 10250 CONSTELLATION BOULEVARD, SUITE 900 LOS ANGELES, CA 90067
Tel 215.299.2000 Fax 215.299.2150 www.foxrothschild.com

TAX I.D. NO. 23-1404723

NICK KOFFROTH
FOX ROTHSCHILD LLP
10250 CONSTELLATION BLVD, SUITE 900
LOS ANGELES, CA 90067

| | |
|---|---|
| Invoice Number | ****** |
| Invoice Date | 10/30/24 |
| Client Number | 359331 |
| Matter Number | 00001 |

**RE: CHAPTER 11 CREDITORS COMMITTEE REPRESENTATION**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH 10/30/24**

| Date | Timekeeper | Task | Description | Hours | Amount |
|---|---|---|---|---|---|
| 08/01/2024 | KOFFROTH | PL | PARTICIPATE IN CALL WITH CHAD KURTZ ANALYZING FEASIBILITY ISSUES RELATED TO CONFIRMATION BRIEF | 0.7 | $507.50 |
| 08/01/2024 | KOFFROTH | PL | DRAFT AND REVISE CONFIRMATION BRIEF | 7.8 | $5,655.00 |
| 08/01/2024 | OWENS | AP | REVIEW C. CELENTINO UPDATE REGARDING PROPOSED RESOLUTION OF DISPUTE WITH AZZURE (.1); REVIEW AND REVISE STIPULATION BETWEEN TRUSTEE, COMMITTEE AND AZZURE CAPITAL REGARDING CONSENT TO USE DISPUTED CASH COLLATERAL AND REPLACEMENT LIEN AND RESOLVING PLAN OBJECTION (.2). | 0.3 | $268.50 |
| 08/01/2024 | OWENS | PL | REVIEW AND REVISE PLAN CONFIRMATION BRIEF (.4); REVIEW SUPPORTING DECLARATIONS AND EXHIBITS (.2). | 0.6 | $537.00 |
| 08/01/2024 | OWENS | PL | ANALYZE PENDING LITIGATION AND DISPUTES FOR PLAN CONFIRMATION BRIEF (.7); FOLLOW-UP WITH Y. LISSEBECK REGARDING COUNTER-OFFER TO RESOLVE OHP CLAIM (.1). | 0.8 | $716.00 |
| 08/02/2024 | OWENS | CA | ATTEND WEEKLY VIDEO CONFERENCE WITH R. MARSHACK, Y. LISSEBECK, C. GHIO, ETC. REGARDING STATUS OF PLAN CONFIRMATION ISSUES, SETTLEMENTS, AND | 0.2 | $179.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | ADMINISTRATIVE CLAIMS. | | |
| 08/05/2024 | CHLUM | FA1 | REVIEW AND REVISE FEE STATEMENT FOR JULY TO ENSURE COMPLIANCE WITH US TRUSTEE GUIDELINES | 0.4 | $160.00 |
| 08/05/2024 | OWENS | CA | REVIEW CASH RECEIPTS AND DISBURSEMENTS FOR JULY 2024 CONFIRMING RECEIPT OF MLG FUNDS. | 0.1 | $89.50 |
| 08/05/2024 | OWENS | CA | REVIEW N. RAPAPORT EMAIL REGARDING STATUS OF AUDIT OF MLG FILES. | 0.1 | $89.50 |
| 08/05/2024 | OWENS | EA2 | REVIEW TRUSTEE'S APPLICATION TO EMPLOY N. RAPAPORT AS FEE MONITOR AND SUPPORTING DECLARATION (.1); REVIEW ORDER GRANTING APPLICATION TO EMPLOY N. RAPAPORT AS FEE MONITOR (.1). | 0.2 | $179.00 |
| 08/06/2024 | GILMORE | IC | CORRESPOND WITH N. KOFFROTH REGARDING DRAFTING FEE APPLICATION. | 0.2 | $96.00 |
| 08/06/2024 | KOFFROTH | FA2 | DRAFT FIRST INTERIM FEE APPLICATION | 0.6 | $435.00 |
| 08/06/2024 | OWENS | FA1 | REVIEW PREBILLS FOR FIRST INTERIM FEE APPLICATIONS. | 0.4 | $358.00 |
| 08/07/2024 | CHLUM | FA1 | PREPARING INITIAL DRAFT OF FOX INTERIM FEE APPLICATION; EXCHANGE MULTIPLE EMAILS WITH N. KOFFROTH REGARDING SAME | 1.7 | $680.00 |
| 08/07/2024 | GILMORE | CA | SET UP ACCESS TO PROFORMAS IN ORDER TO DRAFT FEE APPLICATION. | 0.2 | $96.00 |
| 08/07/2024 | OWENS | EA2 | REVIEW ORDER APPOINTING N. RAPAPORT AS FEE EXAMINER (.1); REVIEW PRELIMINARY FEE APPLICATION PROTOCOL FORWARDED BY N. RAPAPORT (.1). | 0.2 | $179.00 |
| 08/07/2024 | OWENS | PC | REVIEW CHAPTER 11 TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH MNS FUNDING, LLC & SSD INVESTMENT GROUP, LLC (.2); REVIEW CHAPTER 11 TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH DIVERSE CAPITAL (.2). | 0.4 | $358.00 |
| 08/07/2024 | OWENS | PL | REVIEW GREYSON LAW CENTER'S PLAN OBJECTION. | 0.2 | $179.00 |
| 08/08/2024 | CHLUM | FA1 | PREPARE LPG FEE APP EXHIBITS | 0.4 | $160.00 |
| 08/08/2024 | OWENS | AP | REVIEW TRUSTEE'S MOTION TO | 0.3 | $268.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|------------|------|-------------|-------|--------|
| | | | APPROVE COMPROMISE WITH OHP / PURCHASECO, SUPPORTING DECLARATION AND SETTLEMENT AGREEMENT. | | |
| 08/08/2024 | OWENS | PL | REVIEW OHP / PURCHASECO'S MOTION TO CHANGE PLAN VOTE. | 0.1 | $89.50 |
| 08/09/2024 | KOFFROTH | CA | PARTICIPATE IN CALL WITH YOSINA LISSEBECK, ED HAYS, ET AL. RE COMMITTEE AND TRUSTEE STRATEGY COORDINATION | 1.5 | $1,087.50 |
| 08/09/2024 | OWENS | PL | REVIEW UPDATED SUMMARY REGARDING ADMINISTRATIVE, PRIORITY AND 504(B)(9) CLAIMS FOR PLAN PROJECTIONS. | 0.1 | $89.50 |
| 08/09/2024 | SWEET | CA | REVIEW MULTIPLE TRUSTEE COMPROMISE MOTIONS AND CONFER WITH N. KOFFROTH RE SAME | 0.5 | $490.00 |
| 08/12/2024 | GILMORE | FA1 | DRAFT AND REVISE FEE APPLICATION FOR FOX ROTHSCHILD. | 0.2 | $96.00 |
| 08/12/2024 | OWENS | AP | REVIEW NOTICE OF SUPPLEMENTAL FILING FOR THE TRUSTEE'S MOTION TO APPROVING COMPROMISE UNDER RULE 9019 WITH DIVERSE CAPITAL, LLC. | 0.1 | $89.50 |
| 08/12/2024 | OWENS | PC | REVIEW ORDER GRANTING TRUSTEE'S: (I) OMNIBUS OBJECTION TO ALLEGED SECURED CLAIMS THAT LACK EVIDENCE OF SECURED STATUS; AND (II) MOTION TO DISALLOW OR RECLASSIFY VOTES FOR CONFIRMATION PURPOSES. | 0.1 | $89.50 |
| 08/12/2024 | OWENS | PC | REVIEW TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH DIVERSE FUNDING, SETTLEMENT AGREEMENT AND SUPPORTING DECLARATION. | 0.2 | $179.00 |
| 08/14/2024 | KOFFROTH | PL | DRAFT AND REVISE OMNIBUS REPLY IN SUPPORT OF CONFIRMATION | 1.7 | $1,232.50 |
| 08/15/2024 | KOFFROTH | PL | DRAFT AND REVISE OMNIBUS REPLY IN SUPPORT OF CONFIRMATION | 1.9 | $1,377.50 |
| 08/16/2024 | OWENS | AP | REVIEW ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AGAINST PECC. | 0.1 | $89.50 |
| 08/16/2024 | OWENS | CA | REVIEW CHAPTER 11 TRUSTEE'S STATUS REPORT. | 0.2 | $179.00 |
| 08/16/2024 | OWENS | PC | REVIEW STATUS OF SETTLEMENTS WITH SECURED | 0.2 | $179.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | AND ADMINISTRATIVE CREDITORS. | | |
| 08/16/2024 | OWENS | PL | REVIEW DEBT VALIDATION FUNDS' OPPOSITION TO MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION. | 0.3 | $268.50 |
| 08/16/2024 | OWENS | PL | COMMUNICATIONS WITH R. MARSHACK, E. HAYS, Y. LISSEBECK, ET AL. REGARDING RESPONSES TO BLUE CROSS AND DEBT VALIDATION FUND II, ET AL.'S PLAN OBJECTIONS. | 0.2 | $179.00 |
| 08/16/2024 | OWENS | PL | COMMUNICATION WITH R. MARSHACK REGARDING APPROVAL ON BEHALF OF COMMITTEE TO PERMIT C. KURTZ TO APPEAR AT PLAN CONFIRMATION HEARING AND TESTIFY VIA ZOOM. | 0.1 | $89.50 |
| 08/16/2024 | OWENS | PL | REVIEW MOTION TO APPROVE STIPULATION WITH AZZURE CAPITAL TO RESOLVE PLAN OBJECTION. | 0.2 | $179.00 |
| 08/19/2024 | KOFFROTH | PL | DRAFT AND REVISE OMNIBUS REPLY IN SUPPORT OF CONFIRMATION | 2.1 | $1,522.50 |
| 08/19/2024 | OWENS | CR | REVIEW TRUSTEE'S STATEMENT REGARDING CASH COLLATERAL OR DIP FINANCING. | 0.1 | $89.50 |
| 08/19/2024 | OWENS | PC | REVIEW NOTICE OF HEARING ON TRUSTEE'S MOTION TO APPROVE STIPULATION WITH AZZURE CAPITAL. | 0.1 | $89.50 |
| 08/19/2024 | OWENS | PL | REVIEW UPDATED PLAN PROJECTIONS PREPARED BY C. KURTZ. | 0.1 | $89.50 |
| 08/19/2024 | OWENS | PL | ANALYZE DEBT VALIDATION PARTNERS' PLAN OBJECTION AND PROPOSED RESPONSE TO SAME. | 0.4 | $358.00 |
| 08/20/2024 | GILMORE | FA1 | CORRESPOND WITH N. KOFFROTH REGARDING DRAFT OF FEE APPLICATION. | 0.1 | $48.00 |
| 08/20/2024 | GILMORE | FA1 | REVIEW AND ANALYZE TIME ENTRIES FOR FOX FEE APPLICATION FOR PROPER TASK CODES, AND GENERAL COMPLIANCE WITH US TRUSTEE GUIDELINES. | 0.4 | $192.00 |
| 08/20/2024 | KOFFROTH | PL | REVIEW AND ANALYZE PLAN OBJECTION ISSUES AND RELATED FINANCIAL ANALYSIS WITH CHAD KURTZ, ADAM MEISLIK, AND KEITH OWENS | 1.0 | $725.00 |
| 08/20/2024 | KOFFROTH | PL | DRAFT AND REVISE OMNIBUS | 3.8 | $2,755.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | REPLY IN SUPPORT OF CONFIRMATION | | |
| 08/20/2024 | OWENS | FA1 | REVIEW UPDATE REGARDING COMMITTEE'S PROFESSIONAL FEE APPLICATIONS. | 0.1 | $89.50 |
| 08/20/2024 | OWENS | PC | REVIEW TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH PAYLIANCE. | 0.1 | $89.50 |
| 08/20/2024 | OWENS | PL | ATTEND WORKING SESSION WITH A. MEISLIK, C. KURTZ, AND N. KOFFOTH REGARDING PLAN STRATEGY, OBJECTION ISSUES AND REPLIES. | 1.0 | $895.00 |
| 08/20/2024 | OWENS | PL | ATTEND WEEKLY WORKING CALL WITH E. HAYS, A. MEISLIK, C. KURTZ, ETC. REGARDING PLAN CONFIRMATION STRATEGY, CLAIMS OBJECTIONS, PENDING LITIGATION AND RELATED ISSUES. | 0.8 | $716.00 |
| 08/20/2024 | OWENS | PL | REVIEW UPDATED PLAN PROJECTIONS PREPARED BY C. KURTZ. | 0.1 | $89.50 |
| 08/21/2024 | GILMORE | FA1 | DRAFT AND REVISE FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD JUNE 29,2023 THROUGH JUNE 30, 2024 | 0.7 | $336.00 |
| 08/21/2024 | GILMORE | FA1 | REVIEW AND ANALYZE TIME ENTRIES FOR FOX FEE APPLICATION FOR PROPER TASK CODES, AND GENERAL COMPLIANCE WITH US TRUSTEE GUIDELINES. | 6.6 | $3,168.00 |
| 08/21/2024 | KOFFROTH | PL | DRAFT AND REVISE OMNIBUS REPLY IN SUPPORT OF CONFIRMATION | 8.2 | $5,945.00 |
| 08/21/2024 | OWENS | PC | REVIEW STATUS OF PENDING LITIGATION AND SETTLEMENT RECOVERIES FOR PLAN PROJECTIONS. | 0.4 | $358.00 |
| 08/22/2024 | GILMORE | FA1 | DRAFT AND REVISE FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD JUNE 29,2023 THROUGH JUNE 30, 2024 | 0.2 | $96.00 |
| 08/22/2024 | KOFFROTH | FA1 | DRAFT AND REVISE FIRST INTERIM FEE APPLICATION | 1.1 | $797.50 |
| 08/22/2024 | KOFFROTH | PL | DRAFT AND REVISE OMNIBUS REPLY IN SUPPORT OF CONFIRMATION | 4.2 | $3,045.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| 08/22/2024 | OWENS | FA1 | REVIEW EMAILS FROM C. CELENTINO REGARDING DINSMORE INTERIM FEE APPLICATION AND DATA (.1); COMMUNICATION WITH A. MEISLIK AND C. KURTZ AT FORCE 10 REGARDING N. RAPOPORT'S REQUEST FOR DATA TO BE TRANSMITTED TO LEGAL DECODER (.1); COMMUNICATIONS WITH N. RAPOPORT REGARDING STATUS OF FOX ROTHSCHILD AND FORCE 10 INTERIM FEE APPLICATIONS AND DELIVERY OF LEEDS DATA (.1) | 0.3 | $268.50 |
| 08/22/2024 | OWENS | PC | REVIEW TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH OPTIMUMBANK AND OPTIUMBANK HOLDINGS. | 0.2 | $179.00 |
| 08/22/2024 | OWENS | PL | REVIEW CHAPTER 11 TRUSTEE'S PROPOSED REVISIONS AND COMMENTS TO REPLY BRIEF (.4); REVIEW, REVISE AND FINALIZE REPLY BRIEF IN SUPPORT OF PLAN CONFIRMATION (1.1) | 1.5 | $1,342.50 |
| 08/22/2024 | OWENS | PL | REVIEW RESOLUTION PARTNERS' NOTICE OF JOINDER TO COMMITTEE'S AND TRUSTEE'S PLAN CONFIRMATION REPLY BRIEF AND SUPPORTING DECLARATION OF R. SQUIRES. | 0.1 | $89.50 |
| 08/22/2024 | OWENS | PL | ANALYZE UPDATED STATUS OF SETTLEMENT AGREEMENTS, IMPACT ON FEASIBILITY ANALYSIS, PENDING OBJECTIONS AND STRATEGY FOR PLAN CONFIRMATION HEARING. | 0.5 | $447.50 |
| 08/23/2024 | KOFFROTH | PL | DRAFT UPDATE EMAIL TO COMMITTEE CONCERNING STATUS OF CONFIRMATION | 0.2 | $145.00 |
| 08/23/2024 | OWENS | AP | REVIEW TRUSTEE'S COMPLAINT AGAINST MPOWERING AMERICA, LLC AND M. LOVELADY. | 0.2 | $179.00 |
| 08/23/2024 | OWENS | PL | PARTICIPATE IN WEEKLY VIDEO CONFERENCE WITH TRUSTEE'S PROFESSIONALS TO DISCUSS PREPARATION FOR PLAN CONFIRMATION HEARINGS, RESPONSE TO PLAN OBJECTIONS, FEASIBILITY, SETTLEMENT STATUS AND RELATED ISSUES AND STRATEGY. | 1.0 | $895.00 |
| 08/23/2024 | OWENS | PL | REVIEW GREYSON LAW | 0.3 | $268.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | CENTER'S MOTION TO CONTINUE PLAN CONFIRMATION HEARING. | | |
| 08/26/2024 | KOFFROTH | PL | PARTICIPATE IN CALL WITH CHAD KURTZ, KIM STEVERSON, ET AL. CONCERNING POTENTIAL TESTIMONY AT CONFIRMATION HEARING | 1.0 | $725.00 |
| 08/26/2024 | OWENS | PC | REVIEW Y. LISSEBECK'S UPDATED ANALYSIS REGARDING RESOLUTION OF CERTAIN SECURED AND ADMINISTRATIVE CLAIMS. | 0.2 | $179.00 |
| 08/26/2024 | OWENS | PL | REVIEW BLUE CROSS OF CALIFORNIA'S NOTICE OF CONDITIONAL WITHDRAW OF PLAN OBJECTION. | 0.1 | $89.50 |
| 08/26/2024 | OWENS | PL | REVIEW ORDER DENYING GREYSON LAW CENTER PC, JAYDE TRINH, AND HAN TRINH'S MOTION TO CONTINUE PLAN CONFIRMATION HEARING. | 0.1 | $89.50 |
| 08/26/2024 | OWENS | PL | REVIEW VALIDATION PARTNERS' JOINDER TO TRUSTEE'S AND COMMITTEE'S OMNIBUS REPLY IN SUPPORT OF PLAN CONFIRMATION BRIEF. | 0.1 | $89.50 |
| 08/26/2024 | OWENS | PL | START REVIEWING PLAN, DISCLOSURE STATEMENT, OBJECTIONS AND PROJECTIONS IN PREPARATION FOR PLAN CONFIRMATION HEARING. | 0.4 | $358.00 |
| 08/27/2024 | OWENS | PC | REVIEW BANKRUPTCY COURT'S ORDERS ENTERED IN FAVOR OF TRUSTEE IN VARIOUS ADVERSARY PROCEEDINGS. | 0.3 | $268.50 |
| 08/28/2024 | GILMORE | FA1 | CONFERENCE WITH I. GUNN REGARDING OUTSTANDING EDITS ON PROFORMA. | 0.4 | $192.00 |
| 08/28/2024 | KOFFROTH | PL | PARTICIPATE IN CONFIRMATION HEARING PREPARATION CALL WITH RICHARD MARSHACK, CHAD KURTZ, ET AL. | 0.5 | $362.50 |
| 08/28/2024 | KOFFROTH | PL | PREPARE FOR CONFIRMATION HEARING | 6.3 | $4,567.50 |
| 08/28/2024 | OWENS | AP | REVIEW ORDERS APPROVING COMPROMISE OF PENDING ADVERSARY PROCEEDINGS AGAINST HERRET CREDIT CONSULTANTS, OHP, MNS FUNDING, ET AL. AND IMPACT ON CONFIRMABILITY OF CHAPTER 11 PLAN. | 0.3 | $268.50 |
| 08/28/2024 | OWENS | PL | START REVIEWING SECOND AMENDED CHAPTER 11 PLAN, DISCLOSURE STATEMENT, | 3.9 | $3,490.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | OBJECTIONS, REPLY BRIEF AND RELATED PLEADINGS AND EVIDENCE IN SUPPORT OF AND OPPOSITION TO PLAN CONFIRMATION. | | |
| 08/28/2024 | OWENS | PL | REVIEW CHAPTER 11 PLAN DEMONSTRATIVE TO ESTABLISH FEASIBILITY. | 0.2 | $179.00 |
| 08/29/2024 | KOFFROTH | PL | DRIVE TO CONFIRMATION HEARING | 1.1 | NO CHARGE |
| 08/29/2024 | KOFFROTH | PL | DRIVE FROM CONFIRMATION HEARING | 1.5 | NO CHARGE |
| 08/29/2024 | KOFFROTH | PL | APPEAR FOR CONFIRMATION HEARING | 4.3 | $3,117.50 |
| 08/29/2024 | OWENS | CA | ATTEND LUNCH MEETING WITH R. MARSHACK, E. HAYS, Y. LISSEBECK, ET AL. TO DISCUSS POST-CONFIRMATION ISSUES AND STRATEGY REGARDING LITIGATION CLAIMS. | 1.0 | NO CHARGE |
| 08/29/2024 | OWENS | PL | CONTINUE REVIEWING EVIDENCE AND DOCUMENTS IN PREPARATION FOR PLAN CONFIRMATION HEARING. | 1.0 | $895.00 |
| 08/29/2024 | OWENS | PL | WORKING TRAVEL CONFERENCE CALL WITH N. KOFFROTH TO DISCUSS PLAN STRATEGY AND RESPONSE TO PLAN OBJECTIONS. | 0.8 | $716.00 |
| 08/29/2024 | OWENS | PL | ATTEND PLAN CONFIRMATION HEARING. | 4.3 | $3,848.50 |
| 08/29/2024 | OWENS | TV | NON-WORKING TRAVEL FROM LOS ANGELES TO ORANGE COUNTY TO ATTEND PLAN CONFIRMATION HEARING. | 1.1 | NO CHARGE |
| 08/29/2024 | OWENS | TV | NON-WORKING TRAVEL FROM ORANGE COUNTY BANKRUPTCY COURT TO LOS ANGELES AFTER ATTENDING PLAN CONFIRMATION HEARING. | 1.8 | NO CHARGE |
| 08/30/2024 | KOFFROTH | PL | DRAFT AND REVISE CONFIRMATION ORDER | 2.3 | $1,667.50 |
| 08/30/2024 | OWENS | AP | COMMUNICATION WITH K. ANDRASSY, COUNSEL FOR BAYROOTI, REGARDING FRAUDULENT CONVEYANCE CLAIMS AND SETTLEMENT DISCUSSION. | 0.1 | $89.50 |
| 08/30/2024 | OWENS | AP | REVIEW TRUSTEE'S COMPLAINT AGAINST COLONNA COHEN LAW, PLLC TO AVOID AND RECOVERY FRAUDULENT TRANSFERS AND POST-PETITION TRANSFERS, OBJECTION TO CLAIM, DISALLOWANCE OF CLAIM, AND RELATED RELIEF. | 0.2 | $179.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|---|---|---|---|---|---|
| 08/30/2024 | OWENS | AP | ANALYZE FRAUDULENT CONVEYANCE AND RELATED CLAIMS AGAINST BAYROOTI AND DEFENSES. | 0.6 | $537.00 |
| 08/30/2024 | OWENS | CM | ATTEND WEEKLY COMMITTEE VIDEO CONFERENCE TO DISCUSS PLAN CONFIRMATION, POST-CONFIRMATION ISSUES, FEE APPLICATIONS AND OTHER PENDING MATTERS. | 0.6 | $537.00 |
| 08/30/2024 | OWENS | PL | REVIEW AND REVISE DRAFT PLAN CONFIRMATION ORDER. | 0.3 | $268.50 |
| 08/30/2024 | OWENS | PL | ATTEND WEEKLY WEBEX CONFERENCE WITH E. HAYS, Y. LISSEBECK, ET AL. REGARDING PLAN CONFIRMATION ORDER, SETTLEMENT STRATEGY, AND POST-CONFIRMATION ISSUES. | 0.9 | $805.50 |
| 09/03/2024 | KOFFROTH | FA1 | DRAFT AND REVISE FIRST INTERIM FEE APPLICATION | 5.8 | $4,205.00 |
| 09/03/2024 | OWENS | FA1 | REVIEW AND REVISE FOX ROTHSCHILD'S FIRST INTERIM FEE APPLICATION. | 0.4 | $358.00 |
| 09/03/2024 | OWENS | PC | REVIEW ORDER APPROVING SETTLEMENT WITH DIVERSE CAPITAL. | 0.1 | $89.50 |
| 09/03/2024 | OWENS | PC | REVIEW ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND MNS FUNDING LLC AND SSD INVESTMENT GROUP, LLC. | 0.1 | $89.50 |
| 09/04/2024 | OWENS | PC | REVIEW TRUSTEE'S REPLY BRIEF IN RESPONSE TO THE LIMITED OPPOSITION OF GREYSON LAW CENTER, PC REGARDING RESERVE HELD BY PAYLIANCE. | 0.1 | $89.50 |
| 09/05/2024 | KOFFROTH | PL | DRAFT AND REVISE CONFIRMATION ORDER BASED ON COMMENTS FROM CHAPTER 11 TRUSTEE | 0.2 | $145.00 |
| 09/05/2024 | OWENS | FA2 | START ANALYZING DINSMORE FEE APPLICATION AND DETAILED ENTRIES. | 1.1 | $984.50 |
| 09/05/2024 | OWENS | FA2 | REVIEW OMNI FEE APPLICATION. | 0.2 | $179.00 |
| 09/05/2024 | OWENS | PC | REVIEW CONSUMER LEGAL GROUP'S OBJECTION TO TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH OPTIMUMBANK. | 0.2 | $179.00 |
| 09/06/2024 | OWENS | AP | REVIEW NEW HORIZONS COMPLAINT AND SETTLEMENT AGREEMENT. | 0.3 | $268.50 |
| 09/06/2024 | OWENS | AP | DRAFT EMAIL TO Y. LISSEBECK REQUESTING DOCUMENTS AND | 0.3 | $268.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | INFORMATION REGARDING NEW HORIZONS SETTLEMENT AGREEMENT AND ALLEGATIONS OF INSOLVENCY. | | |
| 09/06/2024 | OWENS | FA2 | REVIEW R. MARSHACK FEE APPLICATION AND FEE CALCULATION. | 0.4 | $358.00 |
| 09/06/2024 | OWENS | FA2 | REVIEW KHANG FEE APPLICATION AND EXHIBITS. | 0.2 | $179.00 |
| 09/06/2024 | OWENS | FA2 | REVIEW ORDER CLARIFYING SCOPE OF FEE EXAMINER ORDER. | 0.1 | $89.50 |
| 09/06/2024 | OWENS | PL | ATTEND WEEKLY MEETING WITH E. HAYS AND N. KOFFROTH REGARDING AMENDED PLAN CONFIRMATION ORDER, EFFECTIVE DATE PAYMENTS, TRUST DOCUMENTATION, FEE APPLICATIONS AND POTENTIAL OBJECTIONS, AND REQUEST FOR CONTINUANCE OR EXTENSION. | 0.4 | $358.00 |
| 09/09/2024 | OWENS | FA1 | DRAFT STIPULATION WITH U.S. TRUSTEE AND CHAPTER 11 TRUSTEE TO FILE RESPONSE TO FOX ROTHSCHILD INTERIM FEE APPLICATION. | 0.2 | $179.00 |
| 09/09/2024 | OWENS | PC | REVIEW GREYSON LAW CENTER'S NOTICE OF APPEAL AND STATEMENT OF ELECTION REGARDING ORDER DISALLOWING ADMINISTRATIVE CLAIM. | 0.1 | $89.50 |
| 09/09/2024 | OWENS | PC | REVIEW RESPONSES FROM T. POWELL TO QUESTIONS REGARDING RECOMMENDATION TO COMPROMISE NEW HORIZON CLAIM. | 0.2 | $179.00 |
| 09/09/2024 | OWENS | PL | REVIEW ORDER CONFIRMING MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION. | 0.1 | $89.50 |
| 09/10/2024 | KOFFROTH | FA1 | CALL WITH QUEENIE NG AND KEITH OWENS CONCERNING FEE APPLICATIONS | 0.3 | $217.50 |
| 09/10/2024 | KOFFROTH | FA2 | DRAFT AND REVISE JOINDER TO KHANG & KHANG FEE APPLICATION | 0.2 | $145.00 |
| 09/10/2024 | KOFFROTH | FA2 | DRAFT OBJECTION TO DINSMORE FEE APPLICATION | 4.7 | $3,407.50 |
| 09/10/2024 | OWENS | FA1 | TELEPHONE CONFERENCE WITH Q. NG AND N. KOFFROTH REGARDING U.S. TRUSTEE'S COMMENTS TO FOX ROTHSCHILD FEE APPLICATION AND REQUEST FOR FEE | 0.3 | $268.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | HOLDBACK. | | |
| 09/10/2024 | OWENS | FA1 | COMMUNICATION WITH R. MARSHACK REGARDING REQUEST FOR EXTENSION OF DEADLINE FOR TRUSTEE AND U.S. TRUSTEE TO RESPOND TO FOX ROTHSCHILD INTERIM FEE APPLICATION. | 0.1 | $89.50 |
| 09/10/2024 | OWENS | FA2 | REVIEW CASE LAW REGARDING CALCULATION OF TRUSTEE'S FEES BASED ON ANTICIPATED DISBURSEMENTS UNDER 11 U.S.C. SECTION 326(A) TO DETERMINE GROUNDS FOR APPROVAL OF CHAPTER 11 TRUSTEE'S INTERIM FEE APPLICATIONS, OR POSSIBLE DEFERRAL OF SAME. | 0.4 | $358.00 |
| 09/10/2024 | OWENS | FA2 | REVIEW GROUNDS FOR OBJECTION TO DINSMORE INTERIM FEE APPLICATION AND STRATEGY FOR REQUESTING HOLDBACK FOR AVOIDANCE LITIGATION RECOVERIES. | 0.4 | $358.00 |
| 09/10/2024 | OWENS | FA2 | COMMUNICATION WITH E. HAYS REGARDING REQUEST FOR EXCEL SPREADSHEETS FOR R. MARSHACK AND MARSHACK HAYS & WOOD SUPPORTING INTERIM FEE APPLICATIONS. | 0.1 | $89.50 |
| 09/10/2024 | OWENS | PC | REVIEW GREYSON LAW CENTER'S NOTICE OF REFERRAL TO BANKRUPTCY APPELLATE PANEL OF ORDER DISALLOWING ADMINISTRATIVE CLAIM. | 0.1 | $89.50 |
| 09/10/2024 | OWENS | PC | REVIEW MNS FUNDING'S AMENDED PROOF OF CLAIM. | 0.2 | $179.00 |
| 09/11/2024 | HIGGINS | FA2 | RESEARCH RE POTENTIAL OBJECTION TO DINSMORE EMPLOYMENT APPLICATION. | 1.1 | $544.50 |
| 09/11/2024 | HIGGINS | FA2 | ANALYZE DINSMORE EMPLOYMENT APPLICATION. | 0.9 | $445.50 |
| 09/11/2024 | OWENS | AP | COMMUNICATION WITH T. POWELL APPROVING SETTLEMENT WITH NEW HORIZON. | 0.1 | $89.50 |
| 09/11/2024 | OWENS | CA | REVIEW R. MARSHACK'S REQUEST FOR PROFESSIONALS TO PERFORM PRO BONO WORK RESPONDING TO STATE AGENCIES, AND SUGGESTED CONTRIBUTION. | 0.1 | $89.50 |
| 09/11/2024 | OWENS | FA1 | REVIEW TRUSTEE'S COMMENTS REGARDING FOX ROTHSCHILD FEE APPLICATIONS AND WORK PERFORMED UNDER PLAN | 0.2 | $179.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | CATEGORY. | | |
| 09/11/2024 | OWENS | FA2 | CONFERENCE WITH A. MEISLIK, C. KURTZ, ET AL. REGARDING ANALYSIS OF DINSMORE FEE APPLICATION, GROUNDS FOR OBJECTION, AND STRATEGY FOR RESOLVING SAME. | 0.8 | $716.00 |
| 09/11/2024 | OWENS | FA2 | TELEPHONE CONFERENCE WITH R. MARSHACK, E. HAYS AND A. MEISLIK REGARDING COMMITTEE'S OBJECTION TO DINSMORE FEE APPLICATION, STATUS OF LITIGATION RECOVERIES, AND POTENTIAL RESOLUTION. | 0.9 | $805.50 |
| 09/11/2024 | OWENS | FA2 | FOLLOW-UP CALL WITH E. HAYS REGARDING TRUSTEE'S REQUEST FOR EXTENSION OF DEADLINE TO OBJECT TO COMMITTEE'S PROFESSIONAL FEE APPLICATIONS, DINSMORE FEE PROPOSAL, AND RELATED ISSUES. | 0.7 | $626.50 |
| 09/11/2024 | OWENS | FA2 | REVIEW LIST OF DINSMORE AVOIDANCE LITIGATION ADVERSARY PROCEEDINGS UNRELATED TO SECURED CREDITOR LITIGATION, STATUS OF LITIGATION, AND FEES INCURRED THROUGH JUNE 30, 2024. | 0.3 | $268.50 |
| 09/11/2024 | OWENS | FA2 | TELEPHONE CALL WITH R. MARSHACK REGARDING COMMITTEE'S OBJECTION TO DINSMORE FEE APPLICATION AND TRUSTEE'S REQUEST TO EXTEND DEADLINE TO OBJECT TO COMMITTEE'S PROFESSIONAL FEE APPLICATIONS. | 0.1 | $89.50 |
| 09/11/2024 | OWENS | FA2 | EMAILS WITH R. MARSHACK, E. HAYS AND A. MEISLIK REGARDING CALL WITH C. CELENTINO CONCERNING COMMITTEE'S OBJECTION TO DINSMORE FEES AND PROPOSED RESOLUTION. | 0.1 | $89.50 |
| 09/11/2024 | OWENS | FA2 | REVIEW N. RAPOPORT'S DRAFT REPORT FOR ROBERT F. BICHER & ASSOCIATES FIRST INTERIM FEE APPLICATION. | 0.1 | $89.50 |
| 09/11/2024 | OWENS | FA2 | REVIEW DRAFT REPORT FROM N. RAPAPORT REGARDING INTERIM FEE APPLICATIONS FILED BY DINSMORE & SHOHL, | 0.1 | $89.50 |
| 09/11/2024 | OWENS | FA2 | REVIEW DRAFT REPORT OF FEE EXAMINER N. RAPOPORT | 0.1 | $89.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | FORWARDED TO U.S. TRUSTEE, R. MARSHACK. E. HAYS AND C. CELENTINO. | | |
| 09/12/2024 | HIGGINS | FA2 | ANALYZE DINSMORE FEE APPLICATION. | 1.1 | $544.50 |
| 09/12/2024 | HIGGINS | FA2 | RESEARCH RE STANDARDS FOR EVALUATING FEE APPLICATIONS. | 2.4 | $1,188.00 |
| 09/12/2024 | HIGGINS | FA2 | DRAFT OBJECTION TO DINSMORE FEE APPLICATION. | 0.8 | $396.00 |
| 09/12/2024 | OWENS | FA1 | REVIEW AND REVISE DRAFT STIPULATION TO EXTEND DEADLINE FOR THE US TRUSTEE AND CHAPTER 11 TRUSTEE TO REVIEW AND RESPOND TO FOX ROTHSCHILD'S FIRST INTERIM FEE APPLICATION. | 0.2 | $179.00 |
| 09/12/2024 | OWENS | FA1 | COMMUNICATIONS WITH E. HAYS AND Q. NG REGARDING STIPULATION TO EXTEND DEADLINE FOR THE US TRUSTEE AND CHAPTER 11 TRUSTEE TO REVIEW AND RESPOND TO FOX ROTHSCHILD'S FIRST INTERIM FEE APPLICATION. | 0.2 | $179.00 |
| 09/12/2024 | OWENS | FA1 | REVIEW LEGAL DECODER REFERENCES REGARDING FOX ROTHSCHILD FEE APPLICATION. | 0.2 | $179.00 |
| 09/12/2024 | OWENS | FA2 | ANALYZE EMAILS FROM R. MARSHACK AND C. CELENTINO IN RESPONSE TO COMMITTEE'S OBJECTION TO DINSMORE FEES AND POTENTIAL RESOLUTION OF SAME. | 0.4 | $358.00 |
| 09/12/2024 | OWENS | FA2 | DRAFT EMAIL TO R. MARSHACK AND E. HAYS IDENTIFYING COMMITTEE'S OBJECTION TO DINSMORE'S FEES, HOLDBACK PROPOSAL AND RELATED FEE ISSUES. | 0.3 | $268.50 |
| 09/12/2024 | OWENS | FA2 | REVIEW R. MARSHACK SUMMARY REGARDING DINSMORE RATE REDUCTION BEFORE SENDING FEE APPLICATION TO N. RAPOPORT, AND COMMENTS ABOUT COMMITTEE'S CONCERNS RELATED TO PROSECUTION OF AVOIDANCE LITIGATION. | 0.1 | $89.50 |
| 09/12/2024 | OWENS | FA2 | REVIEW REPORT OF FEE EXAMINER FILED BY N. RAPOPORT. | 0.1 | $89.50 |
| 09/12/2024 | OWENS | PL | REVIEW UPDATED PLAN PROJECTIONS FOR EFFECTIVE DATE PAYMENTS. | 0.1 | $89.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| 09/12/2024 | SWEET | CA | CONFER WITH N. KOFFROTH RE DINSMORE AND MARSHACK COMMUNICATIONS REGARDING CASE STRATEGY, FEES AND POST CONFIRMATION RESPONSIBILITIES; | 0.5 | $490.00 |
| 09/12/2024 | SWEET | FA2 | MULTIPLE EMAILS RE POTENTIAL OBJECTIONS TO FEES OF OTHER PROFESSIONALS | 0.4 | $392.00 |
| 09/13/2024 | HIGGINS | FA2 | DRAFT OBJECTION TO DINSMORE FEE APPLICATION. | 3.9 | $1,930.50 |
| 09/13/2024 | OWENS | CA | REVIEW ORDER DENYING APPROVAL OF STIPULATION BY ESTATE PROFESSIONALS TO ASSIST STATE AND FEDERAL AGENCIES ON A PRO BONO BASIS. | 0.1 | $89.50 |
| 09/13/2024 | OWENS | FA1 | REVIEW AND COMPILE SIGNATURE PAGES ON STIPULATION WITH CHAPTER 11 TRUSTEE AND U.S. TRUSTEE EXTENDING DEADLINE TO OBJECT TO FOX ROTHSCHILD INTERIM FEE APPLICATION. | 0.1 | $89.50 |
| 09/13/2024 | OWENS | FA1 | DRAFT ORDER EXTENDING DEADLINE FOR US TRUSTEE AND CHAPTER 11 TRUSTEE TO OBJECT TO FOX ROTHSCHILD'S INTERIM FEE APPLICATION. | 0.1 | $89.50 |
| 09/13/2024 | OWENS | FA1 | TELEPHONE CONFERENCE WITH N. RAPOPORT REGARDING COMMENTS TO FOX ROTHSCHILD INTERIM FEE APPLICATION. | 0.2 | $179.00 |
| 09/13/2024 | OWENS | FA2 | ATTEND WEEKLY VIDEO CONFERENCE WITH C. CELENTINO, E. HAYS, ET AL. REGARDING PROFESSIONAL FEE OBJECTIONS, PLAN EFFECTIVE DATE ISSUES AND OTHER PENDING MATTERS. | 0.9 | $805.50 |
| 09/13/2024 | OWENS | FA2 | ANALYZE C. CELENTINO SUMMARY OF DINSMORE FEE APPLICATION AND AVOIDANCE WORK, COUNTER-OFFER TO RESOLVE COMMITTEE FEE OBJECTION AND PROPOSED RESPONSE TO SAME IN PREPARATION FOR CALL WITH TRUSTEE'S PROFESSIONALS. | 0.7 | $626.50 |
| 09/13/2024 | OWENS | FA2 | EMAIL COMMUNICATIONS WITH C. CELENTINO REGARDING DINSMORE OFFER TO RESOLVE COMMITTEE'S OBJECTION TO DINSMORE'S FIRST INTERIM FEE APPLICATION AND PROPOSED | 0.3 | $268.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|---|---|---|---|---|---|
| | | | COUNTER-OFFER. | | |
| 09/13/2024 | OWENS | FA2 | REVIEW C. CELENTINO COUNTEROFFER TO SETTLE COMMITTEE'S OBJECTION TO DINSMORE'S FIRST INTERIM FEE APPLICATION. | 0.1 | $89.50 |
| 09/13/2024 | OWENS | PC | REVIEW AMENDED MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH NEW HORIZON FINANCE LLC AND RELATED FILINGS. | 0.1 | $89.50 |
| 09/13/2024 | OWENS | PC | REVIEW CHAPTER 11 TRUSTEE'S OBJECTION TO CLAIM OF UNIFIED GLOBAL RESEARCH GROUP. | 0.1 | $89.50 |
| 09/16/2024 | HIGGINS | FA2 | CORRESPOND WITH N. KOFFROTH RE DINSMORE FEE APPLICATION. | 0.1 | $49.50 |
| 09/16/2024 | KOFFROTH | FA1 | PROVIDE RESPONSES TO INFORMATION REQUESTS FROM FEE EXAMINER | 1.7 | $1,232.50 |
| 09/16/2024 | KOFFROTH | FA1 | PROVIDE FEE ANALYSIS REQUESTED BY US TRUSTEE | 0.4 | $290.00 |
| 09/16/2024 | KOFFROTH | FA1 | REVISE SUPPLEMENTAL KOFFROTH DECLARATION CONCERNING FEE RESOLUTIONS WITH FEE EXAMINER AND US TRUSTEE | 0.3 | $217.50 |
| 09/16/2024 | KOFFROTH | FA2 | DRAFT STIPULATION RESOLVING DINSMORE FEE OBJECTION | 0.3 | $217.50 |
| 09/16/2024 | KOFFROTH | FA2 | DRAFT OBJECTION TO DINSMORE INTERIM FEE APPLICATION | 2.6 | $1,885.00 |
| 09/16/2024 | OWENS | AP | START ANALYZING AZZURE CAPITAL'S CLAIM AND LEGAL EFFECT OF POST-SETTLEMENT ASSIGNMENT OF UCC-1 FINANCING STATEMENT. | 0.7 | $626.50 |
| 09/16/2024 | OWENS | FA1 | REVIEW COMMENTS TO DRAFT FEE EXAMINER REPORT AND INCLUSION OF VOLUNTARY FEE REDUCTION. | 0.1 | $89.50 |
| 09/16/2024 | OWENS | FA1 | REVISE SUPPLEMENTAL DECLARATION OF N. KOFFROTH IN SUPPORT OF FIRST INTERIM FEE APPLICATION TO ADDRESS AGREEMENTS REACHED WITH U.S. TRUSTEE AND FEE EXAMINER. | 0.1 | $89.50 |
| 09/16/2024 | OWENS | FA1 | TELEPHONE CONFERENCE WITH Q. NG AT OFFICE OF UNITED STATES TRUSTEE AND N. KOFFROTH REGARDING COMMENTS TO FOX ROTHSCHILD FEE APPLICATION, | 0.3 | $268.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | REQUEST FOR ADDITIONAL INFORMATION, AND REQUEST FOR FEE HOLDBACK. | | |
| 09/16/2024 | OWENS | FA1 | REVIEW Q. NG'S LETTER AND EMAILS REGARDING COMMENTS TO FOX ROTHSCHILD'S FEE APPLICATION AND REQUESTS FOR WRITE OFF, HOLDBACK AND ADDITIONAL INFORMATION. | 0.2 | $179.00 |
| 09/16/2024 | OWENS | FA2 | FOLLOW-UP COMMUNICATIONS WITH R. MARSHACK, H. HAYS, C. CELENTINO ET AL. REGARDING EXTENSION TO OBJECT TO DINSMORE FEE APPLICATION AND STIPULATION TO APPROVE AGREEMENT WITH COMMITTEE REGARDING FEE HOLDBACK. | 0.3 | $268.50 |
| 09/16/2024 | OWENS | FA2 | REVIEW AND REVISE STIPULATION RESOLVING COMMITTEE'S OBJECTION TO DINSMORE FEE APPLICATION. | 0.2 | $179.00 |
| 09/16/2024 | OWENS | FA2 | REVIEW FINAL DRAFT REPORT PREPARED BY N. RAPOPORT REGARDING FEE EXAMINER'S CONCLUSIONS CONCERNING PROFESSIONAL FEE APPLICATIONS TO ENSURE CONSISTENCY WITH VARIOUS PROFESSIONAL AGREEMENTS WITH U.S. TRUSTEE, TRUSTEE, FEE EXAMINER AND COMMITTEE. | 0.2 | $179.00 |
| 09/16/2024 | OWENS | FA2 | REVIEW AND REVISE OBJECTION TO DINSMORE FEE APPLICATION. | 0.2 | $179.00 |
| 09/16/2024 | OWENS | FA2 | TELEPHONE CONFERENCE WITH C. CELENTINO, R. MARSHACK AND N. KOFFROTH REGARDING PROPOSED STIPULATION RESOLVING COMMITTEE'S OBJECTION TO DINSMORE FEE APPLICATION, AND ADDRESSING CHAPTER 11 TRUSTEE'S QUESTIONS REGARDING FOX ROTHSCHILD FEE APPLICATION. | 0.4 | $358.00 |
| 09/17/2024 | HIGGINS | FA2 | TELEPHONE CONFERENCE WITH N. KOFFROTH RE DINSMORE FEE APPLICATION. | 0.2 | $99.00 |
| 09/17/2024 | OWENS | AP | REVIEW CHAPTER 11 TRUSTEE'S ELECTION TO PROCEED WITH APPEAL BY GRAYSON LAW IN DISTRICT COURT., | 0.1 | $89.50 |
| 09/17/2024 | OWENS | AP | START ANALYZING CASE LAW REGARDING VALIDITY OF AZZURE CAPITAL SECURED CLAIM BASED ON COBALT'S ASSIGNMENT OF UCC-1 | 0.9 | $805.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | FINANCING STATEMENT AFTER SETTLEMENT PAYMENT AND SATISFACTION OF SECURED CLAIM. | | |
| 09/17/2024 | OWENS | FA1 | REVIEW N. RAPOPORT'S SUPPLEMENT TO REPORT OF FEE EXAMINER. | 0.2 | $179.00 |
| 09/17/2024 | OWENS | FA2 | REVIEW R. MARSHACK'S DRAFT COMMENTS TO PROFESSIONAL FEE APPLICATIONS AND HOLDBACK. | 0.1 | $89.50 |
| 09/17/2024 | OWENS | FA2 | REVIEW KHANG & KHANG'S RESPONSE TO COMMITTEE'S OPPOSITION TO FIRST AND FINAL FEE APPLICATION. | 0.1 | $89.50 |
| 09/19/2024 | KOFFROTH | PL | PARTICIPATE IN CALL WITH AARON DE LEEST CONCERNING FINALIZING PLAN SUPPLEMENT AND NOTICE OF EFFECTIVE DATE FOR FILING AND SERVICE | 0.3 | $217.50 |
| 09/19/2024 | OWENS | CM | COMMUNICATIONS WITH COMMITTEE' MEMBERS REGARDING SOLICITATION BY T. SCHEIDT AT TOMFS LLC TO PURCHASE CLAIMS OF COMMITTEE MEMBERS AND MOTIVES GIVEN ESTIMATED RECOVERY UNDER DISCLOSURE STATEMENT. | 0.2 | $179.00 |
| 09/19/2024 | OWENS | PC | REVIEW TRUSTEE'S OMNIBUS OBJECTIONS TO PROOFS OF CLAIM FILED BY J. TRINH, S. CHEN, J. NGUYEN, H. TRINH, I. ROZCO, S. EADIE, K. KURKA AND AZEVEDO SOLUTIONS GROUP. | 0.1 | $89.50 |
| 09/20/2024 | KOFFROTH | AP | ATTENTION TO CLAIMS BUYER EFFORT TO PURCHASE CLAIMS OF CONSUMER COMMITTEE MEMBERS AND DISCOVERY MATTERS RELATED TO THE SAME | 2.8 | $2,030.00 |
| 09/20/2024 | OWENS | CA | TELEPHONE CONFERENCE WITH T. SCHEIDT, ALLEGED CLAIMS PURCHASER, AND N. KOFFROTH REGARDING IDENTIFY OF PRINCIPAL AND MOTIVATION FOR SOLICITING COMMITTEE MEMBERS. | 0.2 | $179.00 |
| 09/20/2024 | OWENS | CA | ANALYZE POTENTIAL CLAIMS AND NEED FOR DISCOVERY RELATED TO SOLICITATION OF COMMITTEE MEMBERS BY T. SCHEIDT, ALLEGED CLAIMS PURCHASER, IDENTITY OF UNDISCLOSED PRINCIPAL, PREPARATION OF RULE 2004 MOTION AND POSSIBLE | 0.6 | $537.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | REMEDIES. | | |
| 09/20/2024 | OWENS | CM | REVIEW EMAILS FROM COMMITTEE MEMBERS REGARDING SOLICITATION BY CLAIMS PURCHASER AND POSSIBLE MOTIVATION. | 0.1 | $89.50 |
| 09/20/2024 | OWENS | CM | TELEPHONE CONFERENCES WITH A. RIEDY, COMMITTEE CHAIR, AND N. KOFFROTH REGARDING NOTICE RECEIVED FROM CLAIMS PURCHASER, FURTHER INQUIRY REGARDING LEGITIMACY OF NOTICE, AND RELATED ISSUES. | 0.2 | $179.00 |
| 09/21/2024 | OWENS | AP | REVIEW JUDGE CLARKSON'S ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AGAINST FUNDURA AND LEGAL AUTHORITY DETERMINING EXTINGUISHMENT OF UCC-1 FINANCING STATEMENT ASSIGNED TO FUNDURA AFTER SATISFACTION OF UNDERLYING INDEBTEDNESS. | 0.8 | $716.00 |
| 09/21/2024 | OWENS | AP | REVIEW ADDITIONAL LEGAL AUTHORITY REGARDING EFFECT OF SATISFACTION OF INDEBTEDNESS ON VALIDITY OF ASSIGNMENT OF SECURED CLAIM AND LEGAL EFFECT OF SUBSEQUENT LOANS ADVANCED UNDER NEW PROMISSORY NOTE. | 0.9 | $805.50 |
| 09/21/2024 | OWENS | AP | DRAFT JOINDER AND RESPONSE TO CHAPTER 11 TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST AZZURE CAPITAL REGARDING INVALIDITY OF ASSIGNMENT OF UCC-1 FINANCING STATEMENT AFTER SATISFACTION OF COBALT CLAIM UNDER SETTLEMENT STIPULATION. | 2.2 | $1,969.00 |
| 09/21/2024 | OWENS | AP | REVIEW FACTUAL AND LEGAL ISSUES AND RELEVANT CASE LAW REGARDING APPLICATION OF LAW OF THE CASE TO JUDGE CLARKSON'S RULING ON MOTION FOR SUMMARY JUDGMENT AGAINST FUNDURA AND TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST AZZURE CAPITAL. | 1.3 | $1,163.50 |
| 09/22/2024 | KOFFROTH | AP | DRAFT MOTION FOR 2004 EXAMINATION OF CLAIMS PURCHASER CONCERNING POTENTIAL INTERFERENCE WITH PLAN | 6.3 | $4,567.50 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| 09/22/2024 | OWENS | AP | REVIEW AND REVISE MOTION FOR RULE 2004 EXAMINATION OF T. SCHEIDT AND TOMFS, LLC. | 0.2 | $179.00 |
| 09/22/2024 | OWENS | AP | REVIEW AND REVISE PROPOSED ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION OF T. SCHEIDT AND TOMFS, LLC. | 0.1 | $89.50 |
| 09/22/2024 | OWENS | FA2 | REVIEW TENTATIVE RULINGS ON INTERIM FEE APPLICATIONS. | 0.1 | $89.50 |
| 09/22/2024 | OWENS | FA2 | REVIEW R. MARSHACK EMAIL REGARDING INTERIM FEE APPLICATIONS AND INCORPORATION OF AGREEMENTS WITH COMMITTEE, UST AND FEE EXAMINER INTO INTERIM FEE ORDERS. | 0.1 | $89.50 |
| 09/23/2024 | KOFFROTH | AP | REVISE JOINDER IN SUPPORT OF AZZURE MOTION FOR SUMMARY JUDGMENT | 1.1 | $797.50 |
| 09/23/2024 | KOFFROTH | CM | PARTICIPATE IN MEETING OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS | 1.0 | $725.00 |
| 09/23/2024 | KOFFROTH | PL | DRAFT POSTCONFIRMATION COMMITTEE BYLAWS | 3.1 | $2,247.50 |
| 09/23/2024 | OWENS | AP | REVIEW ORDER GRANTING RULE 2004 EXAMINATION TO EXAMINE TOMFS, LLC AND T. SCHEIDT. | 0.1 | $89.50 |
| 09/23/2024 | OWENS | AP | TELEPHONE CONFERENCE WITH N. KOFFROTH AND T. SCHEIDT REGARDING RULE 2004 ORDER AND REQUEST FOR INFORMAL DISCOVERY. | 0.1 | $89.50 |
| 09/23/2024 | OWENS | AP | REVIEW BANKRUPTCY DOCKET AND RELEVANT PLEADINGS INVOLVING WARNER SPRINGS RANCHOWNERS ASSOCIATION AND DEBT ACQUISITION COMPANY OF AMERICA V, LLC'S APPEAL. | 0.4 | $358.00 |
| 09/23/2024 | OWENS | AP | REVIEW CORRESPONDENCE REGARDING POTENTIAL INTERFERENCE WITH COMMITTEE MEMBERS. | 0.4 | $358.00 |
| 09/23/2024 | OWENS | AP | REVIEW BANKRUPTCY CASES INVOLVING T. SCHEIDT AND AFFILIATED ENTITIES FOR INVOLVEMENT IN ACQUIRING CLAIMS OF COMMITTEE MEMBERS. | 0.4 | $358.00 |
| 09/23/2024 | OWENS | AP | REVIEW, REVISE AND FINALIZE COMMITTEE'S NOTICE OF JOINDER AND JOINDER TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AGAINST | 0.4 | $358.00 |

| Date | Timekeeper | Task | Description | Hours | Amount |
|------|-----------|------|-------------|-------|--------|
| | | | AZZURE CAPITAL. | | |
| 09/23/2024 | OWENS | CI | COMMUNICATION WITH B. SMELSER REGARDING INQUIRY ABOUT CHAPTER 11 PLAN AND STATUS OF BANKRUPTCY CASE. | 0.1 | $89.50 |
| 09/23/2024 | OWENS | CI | COMMUNICATION R. SCHAUERMAN REGARDING STATUS OF CASE. | 0.1 | $89.50 |
| 09/23/2024 | OWENS | CM | ATTEND WEEKLY COMMITTEE MEETING TO DISCUSS CASE STATUS, SOLICITATION OF COMMITTEE MEMBERS BY CLAIMS BUYER, SUMMARY AND APPROVAL OF BYLAWS FOR POST-CONFIRMATION OVERSIGHT COMMITTEE, AND RELATED MATTERS. | 1.0 | $895.00 |
| 09/23/2024 | OWENS | CM | ATTEND WEEKLY MEETING WITH OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DISCUSS CASE STATUS AND POSSIBLE RESOLUTION OF PROFESSIONAL FEE OBJECTIONS. | 0.3 | $268.50 |
| 09/23/2024 | OWENS | CM | REVIEW, REVISE AND FINALIZE BYLAWS FOR POST-CONFIRMATION OVERSIGHT COMMITTEE. | 0.4 | $358.00 |
| | | | **TOTAL** | **166.5** | **$120,495.50** |

**TASK SUMMARY:**

| Task | Description | Hours | Amount |
|------|-------------|-------|--------|
| AP | LITIGATION/ADVERSARY PROCEEDINGS | 22.1 | $18,045.50 |
| CA | CASE ADMINISTRATION | 5.3 | $3,595.50 |
| CI | CREDITOR INQUIRIES | 0.2 | $179.00 |
| CM | CREDITOR COMMITTEE MEETINGS AND COMMUNICATIONS | 3.8 | $3,231.00 |
| CR | CASH COLLATERAL/DIP FINANCING | 0.1 | $89.50 |
| EA2 | EMPLOYMENT APPLICATION OF OTHER PROFESSIONALS | 0.4 | $358.00 |
| FA1 | FEE APPLICATION OF FOX ROTHSCHILD LLP | 24.6 | $15,578.50 |
| FA2 | FEE APPLICATION OF OTHER PROFESSIONALS | 30.0 | $21,256.00 |
| IC | INTRA OFFICE CONFERENCES/MULTI PERSON ACTIVITIES | 0.2 | $96.00 |
| PC | CLAIMS, ANALYSIS, OBJECTIONS & RESOLUTIONS | 3.6 | $3,222.00 |
| PL | PLAN | 73.3 | $54,844.50 |
| TV | TRAVEL | 2.9 | $0.00 |
| | **TOTAL** | **166.5** | **$120,495.50** |

**TIMEKEEPER TIME SUMMARY:**

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| N.A. KOFFROTH | 80.3 | $725.00 | $58,217.50 |
| N.A. KOFFROTH | 2.6 | | NO CHARGE |
| M. HIGGINS | 10.5 | $495.00 | $5,197.50 |
| K.C. OWENS | 56.3 | $895.00 | $50,388.50 |
| K.C. OWENS | 3.9 | | NO CHARGE |
| M. A. SWEET | 1.4 | $980.00 | $1,372.00 |
| P. M. CHLUM | 2.5 | $400.00 | $1,000.00 |
| M. GILMORE | 9.0 | $480.00 | $4,320.00 |
| **TOTAL** | **166.5** | | **$120,495.50** |

TOTAL PROFESSIONAL SERVICES    $120,495.50

**COSTS ADVANCED AND EXPENSES INCURRED:**

**EXPENSE DETAIL:**

| Date | Description | Amount |
|---|---|---|
| 08/21/2024 | WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK - MESSENGER SERVICE/DELIVERY-DELIVERY TO USBC SANTA ANA | $242.50 |
| 09/02/2024 | WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK - MESSENGER SERVICE/DELIVERY - WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK DELIVERY TO USBC SANTA ANA | $162.50 |
| 09/03/2024 | WELLS FARGO CREDIT CARD - Transcript of court proceedings | $991.60 |
| 09/17/2024 | WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK - MESSENGER SERVICE/DELIVERY - WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK DELIVERY TO USBC SANTA ANA | $227.50 |
| 09/17/2024 | WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK - MESSENGER SERVICE/DELIVERY - WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK DELIVERY TO USBC SANTA ANA | $217.50 |
| 09/17/2024 | WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK - MESSENGER SERVICE/DELIVERY - WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK DELIVERY TO USBC SANTA ANA | $190.00 |
| 09/17/2024 | WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK - MESSENGER SERVICE/DELIVERY - WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK DELIVERY TO USBC SANTA ANA | $179.00 |
| 09/17/2024 | WORLDWIDE LEGAL GROUP INC. D/B/A USA LEGAL NETWORK - MESSENGER SERVICE/DELIVERY - WORLDWIDE LEGAL | $307.00 |

| Date | Description | Amount |
|------|-------------|--------|
| | GROUP INC. D/B/A USA LEGAL NETWORK | |
| | DELIVERY TO USBC SANTA ANA | |

**EXPENSE SUMMARY:**

| Description | Amount |
|-------------|--------|
| DEPOSITION/TRANSCRIPT | $991.60 |
| MESSENGER SERVICE/DELIVERY | $1,526.00 |

| | | |
|---|---|---|
| | TOTAL EXPENSES | $2,517.60 |
| | TOTAL AMOUNT OF THIS INVOICE | $123,013.10 |
| | PRIOR BALANCE DUE | $104,417.35 |
| | **TOTAL AMOUNT OF THIS MATTER** | **$227,430.45** |

*Retainer/Deposit Balance/Cost Advance Remaining: $0.00*

**OUTSTANDING INVOICES PRIOR TO 10/30/2024**

| Invoice Date | Invoice # | Total | | Invoice Date | Invoice # | Total |
|--------------|-----------|-------|---|--------------|-----------|-------|
| 08/31/2024 | 3464749 | $104,417.35 | | | | |
| | | | | **TOTAL PRIOR BALANCES DUE** | | **$104,417.35** |

# Fox Rothschild

CONSTELLATION PLACE 10250 CONSTELLATION BOULEVARD, SUITE 900 LOS ANGELES, CA  90067
Tel 215.299.2000    Fax  215.299.2150    www.foxrothschild.com

TAX I.D. NO. 23-1404723

# REMITTANCE PAGE

NICK KOFFROTH
FOX ROTHSCHILD LLP
10250 CONSTELLATION BLVD, SUITE 900
LOS ANGELES, CA 90067

| | |
|---|---|
| Invoice Number | ****** |
| Invoice Date | 10/30/24 |
| Client Number | 359331 |
| Matter Number | 00001 |

**RE:  CHAPTER 11 CREDITORS COMMITTEE REPRESENTATION**

| | |
|---|---|
| TOTAL AMOUNT OF THIS INVOICE | $123,013.10 |
| PRIOR BALANCE DUE | $104,417.35 |
| **TOTAL BALANCE DUE UPON RECEIPT** | **$227,430.45** |

PAYMENT INSTRUCTIONS

**<span style="color:red">If you are currently remitting payment via check and have the ability to convert to an electronic payment format, please remit payment via ACH or WIRE using the instructions below. Thank you.</span>**

| CHECK PAYMENT | ACH PAYMENT | WIRE INSTRUCTIONS |
|---|---|---|
| Make Payable to Fox Rothschild LLP: | Wells Fargo Bank | Wells Fargo Bank |
| Fox Rothschild – Operating | 420 Montgomery Street | 420 Montgomery Street |
| PO Box 931646 | San Francisco, CA 94104 | San Francisco, CA 94104 |
| Atlanta, GA 31193-1646 | ACH #031000503 (for ACH payments) | ABA #121000248 (for wires) |
| | Account: Fox Rothschild LLP | Account: Fox Rothschild LLP |
| | Account #2100019564260 | Account #2100019564260 |
| | Swift Code:#WFBIUS6S (international wires only) | Swift Code:#WFBIUS6S (international wires only) |
| | Email: AR@foxrothschild.com | |

Please include the Client, Matter, or Invoice Number with all payments.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: FOX ROTHSCHILD LLP'S SECOND INTERIM, FOR THE PERIOD  BETWEEN AUGUST 1, 2024 THROUGH SEPTEMBER 23, 2024, AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On 11/08/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**    birnberg@portersimon.com, kdwyer@portersimon.com
- **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Aaron E. DE Leest**    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Michael W Davis**    mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl**    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com
- **Ashley Dionisio**    adionisio@omniagnt.com
- **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Howard M Ehrenberg**    Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **Meredith Fahn**    fahn@sbcglobal.net
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **William P Fennell**    william.fennell@fennelllaw.com, wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffre
  yi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**    dgoodrich@go2.law,
  kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **Spencer Keith Gray**    spencer.gray@dinsmore.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.co
  urtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Richard L. Hyde**    rhyde@awglaw.com
- **Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Sara Johnston**    sara.johnston@dinsmore.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com,
  khoang@foxrothschild.com;ca.dkt@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com,
  langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**    bleyva@mayerbrown.com,
  2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com,
  caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**    bklawr@bklaw.com,
  markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **William McCormick**    Bill.McCormick@ag.tn.gov
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**    gmoses@venable.com,
  cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**    jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Israel Orozco**    israel@iolawcorp.com

- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**    rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Tyler Powell**    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**    krogers@wellsmar.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott@hklaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**    Mstotaro@aol.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- **Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **John H. Stephens**    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Matthew J Stockl**    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**    rzepeda@omniagnt.com

**2.**    __SERVED BY UNITED STATES MAIL__: On 11/08/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

**See attached for additional parties**

**3.**    __SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL__ (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/08/2024, I served the following persons and/or entities by personal delivery, mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

1  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

2  _11/08/2024_____     _Kimberly Hoang_____     _/s/ Kimberly Hoang_____
3      *Date*                   *Printed Name*                         *Signature*

4

5

6  <u>**Additional Parties Served by U.S. Mail**</u>

7  <u>**Creditors who have the 20 largest unsecured claims**</u>

8  Debt Validation Fund II, LLC
   5075 Lower Valley Road,
9  Atglen, PA 19310

10 MC DVI Fund 1, LLC; MC
   DVI Fund 2, LLC
11 598 Cottonwood Dr.,
   Glenview, IL 60026

12
   Validation Partners LLC
13 1300 Sawgrass Pkwy, Ste. 110
   Sunrise, FL 33323

14
   Marich Bein LLC
15 99 Wall Street, Ste 2669
   New York, NY 10005

16
   Business Centers of America
17 1100 Sir Francis Drake Blvd,
   Ste 1, Kentfield, CA 94904

18
   JP Morgan Chase
19 3 Park Plaza, Ste 900
   Irvine, CA 92614

20
   CA Franchise Tax Board
21 PO Box 942857
   Sacramento, CA 94257-0511

22
   Outsource Accelerator Ltd
23 City Marque Limited
   Unit 8801-2 Bldg. 244-248
24 Des Voeux Rd.
   Central Hong Kong

25
   Collaboration Advisors
26 400 Dorla Court
   Zephyr Cove, NV 89448

27
   Anthem Blue Cross
28 PO Box 511300
   Los Angeles, CA 90051-7855

Azevedo Solutions Groups, Inc.
420 Adobe Canyon Rd.
Kenwood, CA 95452

Debt Pay Pro
1900 E Golf Road, Suite 550
Schaumburg, IL 60173

Sharp Business Systems
8670 Argent St
Santee, CA 92071

Tustin Executive Center
1630 S Sunkist Steet, Ste A
Anaheim, CA 92806

Exela Enterprise Solutions
2701 E. Grauwyler Road
Irving, TX 75061

Netsuite-Oracle
2300 Oracle Way
Austin, TX 78741

Credit Reporting Service Inc
548 Market St, Suite 72907
San Francisco, CA 94104-5401

Document Fulfillment Services
2930 Ramona Ave #100
Sacramento, CA 95826

Executive Center LLC
5960 South Jones Blvd
Las Vegas, NV 89118

LexisNexus
15500 B Rockfield Blvd
Irvine, CA 92618

**<u>Secured Creditors</u>**

Diverse Capital LLC
323 Sunny Isles Blvd., Suite 503
Sunny Isles, FL 33154

City Capital NY
1135 Kane Concourse
Bay Harbour Islands, FL 33154