KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    310.598.4150
Facsimile:    310.556.9828

Counsel for The Official Committee of Unsecured
Creditors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. : 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **FORCE TEN PARTNERS, LLC SECOND INTERIM, FOR THE PERIOD BETWEEN AUGUST 1, 2024 THROUGH SEPTEMBER 23, 2024, AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED** |
| | Hearing<br>Date: January 14, 2025<br>Time: 10:00 a.m.<br>Ctrm: Courtroom 5C<br>Place: 411 West Fourth Street<br>Santa Ana, CA 92701 |

Force Ten Partners, LLC ("Force Ten"), in its capacity as former financial advisor to the Official Committee of Unsecured Creditors, and current financial advisor to its successor-in-interest, the Post-Confirmation Oversight Committee (the "Committee"), in the above-captioned bankruptcy case (the "Bankruptcy Case") of The Litigation Practice Group, P.C. (the "Debtor") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits its application (the "Application"), pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), and the United States Trustee Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines"), for an order: (i) approving fees and expenses incurred between August 1, 2024 and September 23, 2024 (the "Second Interim Period") on and interim and final basis; (ii) approving all fees awarded to Force Ten by the Court's omnibus order [Docket No. 1778] (the "First Interim Order" and, together with the Second Interim Period, the "Total Compensation Period") granting fees and expenses incurred by Force Ten between September 18, 2023 and July 31, 2024 (the "First Interim Period"), on a final basis; (iii) authorizing the payment of fees held-back pursuant to the First Interim Order (the "Holdback"); and (iv) granting Force Ten such other and further relief as is just and appropriate under the circumstances.

Specifically, by this Application, Force Ten seeks approval of $250,724.00 in fees and $0 in expenses on a final basis.  **First**, for the First Interim Period, Force Ten requests that the Court affirm its prior award of fees and expenses in the First Interim Order in the amount of $187,620.00  in fees and $0 in expenses.  **Second**, Force Ten requests that the Court authorize the payment to Force Ten of the $18,762.00 in approved fees during the First Interim Period that remain unpaid because of the Holdback.  **Third**, for the Second Interim Period, Force Ten seeks an interim and final award of $63,104.00 in fees and $0 in expenses.  In support of this Application, Force Ten refers to the

---

[1] Unless otherwise indicated herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

161333913.3

Declarations of April Riedy (the "Riedy Declaration") and Adam Meislik (the "Meislik Declaration")
annexed hereto, the record in the Bankruptcy Case, and respectfully states as follows:

**I.**

**INTRODUCTION**

Force Ten was engaged to advise the Committee to represent the diverse interests of general
unsecured creditors in this Bankruptcy Case after the appointment of a chapter 11 trustee (the
"Trustee").  This Bankruptcy Case has raised novel and challenging issues from the start given the now
infamous prepetition operations of the Debtor's business to the detriment of hundreds of millions of
asserted unsecured creditor claims, including those of thousands of the Debtor's former clients.  The
Committee quickly evaluated the moving pieces of this case—a sale of the Debtor's business
operations, assignment of client relationships to a new purchaser, and financing requests from parties
already subject to investigation—and made hard decisions.  Those decisions and the collaborative
relationship built with the Trustee have resulted in confirmation of a plan supported by all classes
casting votes, including the overwhelming support of unsecured creditors.

The Committee's and Force Ten's intentional decision to work collaboratively with the Trustee
resulted most notably in the development, solicitation, and approval of the joint plan [Docket No. 1344]
(the "Plan") that will provide the best avenue for creditor recovery and a seat at the table as the process
unfolds post confirmation.  As set forth more fully below, the skill and effort of Force Ten, along with
their diligence in balancing the needs and position of the Committee with the realities of this
Bankruptcy Case, have brought material value to the estate and creditors.

**II.**

**FACTUAL BACKGROUND**

**A.    General Background**

On March 20, 2023 ("Petition Date"), Debtor filed a voluntary petition under chapter 11 of the
Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa
Ana Division (the "Court"), commencing the above-captioned Bankruptcy Case.

2

On May 8, 2023, the Office of the United States Trustee ("U.S. Trustee") appointed the Trustee to serve in a fiduciary capacity as the chapter 11 trustee of the Debtor's estate. On June 23 and 29, 2023, the U.S. Trustee appointed the Committee to represent the interests of unsecured creditors in the Bankruptcy Case.

**B.    Force Ten's Appointment as Financial Advisor to the Committee (LBR 2016-1(a)(1)(B))**

On July 28, 2023, Fox Rothschild, LLP ("Fox"), counsel to the Committee, filed the *Application for Order Authorizing Employment of Force Ten Partners, LLC as Financial Advisor for the Official Committee of Unsecured Creditors, Effective as of September 18, 2023* [Docket No. 526] ("Employment Application"). On October 16, 2023, the Court entered its *Order Authorizing Employment of Force Ten Partners, LLC as Financial Advisor for the Official Committee of Unsecured Creditors, Effective as of September 18, 2023* [Docket No. 578] (the "Employment Order") authorizing the Committee to employ Force Ten as its financial advisor as of September 18, 2023. A copy of the Employment Order is attached hereto as **Exhibit A**.

**C.    First Interim Compensation Period**

On September 3, 2024, Force Ten filed its *First Interim Application for Compensation and Reimbursement of Expenses for the Interim Fee Period September 18, 2023 Through July 31, 2024* [Docket No. 1620] (the "First Interim Fee Application"). The descriptions and summaries of services and the compensation request for the First Interim Period is set forth more fully in the First Interim Fee Application and is incorporated herein in full by this reference. As set forth more fully in the First Interim Fee Application, Force Ten requested interim approval and allowance of compensation for services rendered and expenses incurred comprised of (i) fees in the amount of $187,620.00 and (ii) reimbursement of expenses in the amount of $0.00. On October 1, 2024, the Court entered the First Interim Order granting the First Interim Fee Application [Docket No. 1778] authorizing the Trustee to pay Force Ten $168,858.00 in fees and $0.00 in expenses and requiring the Trustee to maintain a Holdback of 10% of allowed fees in the amount of $18,762.00.

3

**D.      Guidelines Pursuant to Which This Application Has Been Prepared**

Force Ten submits this Application in accordance with the Guidelines For Compensation And Expense Reimbursement of Professionals And Trustees issued by the United States Bankruptcy Court for the Central District of California ("Central District Guidelines"), the United States Trustee Guidelines For Reviewing Applications For Compensation And Reimbursement Of Expenses Filed Under 11 U.S.C. § 331 ("UST Guidelines"), and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

**E.      Appointment of the Fee Examiner**

On August 7, 2024, the Court entered an order [Docket No. 1489] appointing Nancy B. Rapoport (the "Fee Examiner") as the fee examiner in the Bankruptcy Case.  Pursuant to the order, the Application is subject to the review and comment of the Fee Examiner.  Force Ten has submitted its fees and expenses for review to the Fee Examiner, pursuant to the procedures requested by the Fee Examiner, including as set forth in the notice to professionals [Docket No. 1498] filed on August 9, 2024.

**F.      Incorporation by Reference of Narrative (LBR 2016-1(a)(1)(A))**

LBR 2016-1 requires that an applicant for approval of interim fees provide a brief narrative history and report concerning the status of the case.  *See* LBR 2016-1(a)(1)(A).  However, if more than one application for interim fees is noticed for hearing at the same date and time, the narrative from one application may be incorporated by reference into the other interim fee applications.  *See* LBR 2016-1(a)(1)(A)(iv).  Force Ten hereby incorporates by this reference the narrative set forth in the final applications of  Marshack Hays Wood LLP and Dinsmore & Shohl LLP filed concurrently herewith in satisfaction of the narrative requirement set forth in LBR 2016-1(a)(1)(A).

4

## III.

## SUMMARY OF COMPENSATION REQUEST

**A.**    **Fees Sought and Reimbursement of Expenses Incurred by Force Ten for the First Interim Period and Second Interim Period(LBR 2016-1(a)(1)(C))**

Force Ten seeks approval of $250,724.00 in fees and $0.00 in expenses on a final basis.  This requested amount includes: (i) fees and expenses incurred during the First Interim Period and approved by the First Interim Order in the amount of $187,620.00 in fees and $0.00 in expenses; and (ii) fees and expenses incurred during the Second Interim Period in the amount of $63,104.00 in fees and $0.00 in expenses.

Upon approval on a final basis, Force Ten seeks approval for payment of such unpaid fees and expenses in the amount of $81,866.00 in fees and $0.00 in expenses, which represents the fees and expenses for the Second Interim Period plus the Holdback.

**B.**    **Summary of Hours and Fees by Professional (LBR 2016-1(a)(1)(G) & (I))**

The names of all of the professionals who have been responsible for providing services to the Committee, their applicable rates, total number of hours spent on the case and total fees charged as a result of service they each provided to the Committee during the Second Interim Fee Period is set forth below:

### SUMMARY OF PROFESSIONALS
Second Interim Fee Period: August 1, 2024 through September 23, 2024

| FINANCIAL ADVISOR | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Adam Meislik – Partner | $850.00 | 26.5 | $22,525.00 |
| Chad Kurtz – Managing Director | $650.00 | 39.8 | 25,870.00 |
| Erik Nathan – Managing Director | $495.00 | 24.2 | 11,979.00 |
| Ellen Sprague - Manager | $325.00 | 8.4 | 2,730.00 |
| **GRAND TOTAL** | | **98.9** | **$63,104.00** |
| **Combined Blended Rate** | | | **$638.06** |

**C.**    **Professional Background and Experience (LBR 2016-1(a)(1)(H))**

Force Ten represented the Committee as effectively and efficiently as possible during the

5

Second Interim Fee Period through considerate task allocation between the professionals. In general, tasks were allocated between the professionals based on their comparative expertise, taking into consideration the knowledge and experience of Force Ten's professionals and their familiarity with the case to avoid duplicative work. Resumes on the background and qualifications of each of the professionals who rendered services to the Committee during the Second Interim Fee Period are attached collectively hereto as **Exhibit B**.

**D.** **Previously Paid Compensation and Holdback from the First Interim Period (LBR 2016-1(a)(1)(C))**

On October 1, 2024, the Court authorized the Trustee to pay Force Ten $187,620.00, which included $187,620.00 of allowed fees (subject to the 10% Holdback) and $0.00 in expenses.  See Interim Fee Order [Docket No. 1778].  As of the date of this Application, Force Ten has received the full amount of fees and expenses approved and authorized for distribution to Force Ten in the amount of $168,858.00.  Force Ten has not received payment of the Holdback, in the amount of $18,762.00, which remains reserved pending authorization of this Court.

**E.** **Project Billing and Detailed Listing of Services (LBR 2016-1(a)(1)(E))**

In accordance with the Central District Guidelines and UST Guidelines, Force Ten classified all services performed for each into Categories of Service ("Task Codes").  Force Ten attempted to place the services performed in the appropriate Task Code that best related to the service provided. The following chart summarizes the project billing categories utilized and the total hours expended for each category during the Second Interim Fee Period:[2]

| TASK CATEGORY | HOURS | TOTAL FEES |
|---|---|---|
| Committee – Court Hearings | 11.3 | 8,345.00 |
| Committee – Fee / Employment Application | 18.0 | 9,510.00 |

---

[2] Some of the services rendered could reasonably be categorized in more than one of the billing categories.  Consequently, different attorneys sometimes billed their services on the same matter in different categories.

| Committee – Plan & Disclosure Statement | 69.6 | 45,249.00 |
| Total | 98.9 | $63,104.00 |

The Invoice attached as **Exhibit C** contains summaries and daily logs of the actual and necessary expenses paid by Force Ten during the Second Interim Period.  While certain services may relate to one or more Task Codes, services arguably pertaining to one Task Code may, in fact, be included in another Task Code.

**IV.**

**REVIEW AND CERTIFICATION**

**A.     Client Review (LBR 2016-1(a)(1)(J))**

Force Ten has previously provided the Committee with copies of the invoices for both the First Interim Fee Period and the Second Interim Fee Period and will provide a copy of this Application to the Committee.  As set forth more fully in the Riedy declaration, the Committee has reviewed the requested compensation set forth in this Application and has no objection to it.

**B.     Certification of Counsel (LBR 2016-1(a)(1)(K))**

As set forth more fully in the Meislik Declaration, Force Ten has provided the certification of Force Ten required pursuant to LBR 2016-1(a)(1)(K).  The certification includes the following:

- the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by Force Ten and generally accepted by Force Ten's clients;

- at all relevant times, Force Ten has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Committee;

- neither Force Ten nor any employee of Force Ten has any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees or expenses to be awarded to Force Ten with any other person or financial advisor except as among the members and associates of Force Ten;

7

- no time has been billed to the Committee outside the scope of work authorized by the Order authorizing employment of the Firm; and

- the compensation and expense reimbursement sought herein is in conformity with the LBR, the Compensation Guidelines for the United States Bankruptcy Court for the Central District of California and the Guidelines of the Office of the United States Trustee, except as otherwise noted herein.

**V.**

**DESCRIPTION OF SERVICES FOR THE SECOND INTERIM PERIOD**

**LBR 2016-1(A)(1)(D)**

The primary professionals who rendered services to or on behalf of the Committee in this Bankruptcy Case were Adam Meislik, Chad Kurtz, and Erik Nathan.  Force Ten made a significant effort to limit unnecessary or duplicative work already being pursued by the Trustee and the Trustee's accountant and financial advisor, which struck an appropriate balance between fulsome advocacy for the interests of the Committee and conscious management of administrative expenses.  While balancing these objectives, Force Ten performed the following services on behalf of the Committee during the First Interim Period:

**A.    Committee – Business Analysis / Operations**

Force Ten's time in this category relates to time spent analyzing the financial results for the buyer of the Debtor's operations after the August 2023 closing.  This work was done at the specific request of the Chapter 11 Trustee, with the goal of ensuring the estate received the maximum proceeds available under the court-approved asset purchase agreement.  As part of this, Force Ten conducted due diligence meetings with the management of Morning Law Group, the buyer, prepared analyses and projections of estimated sale proceeds due to the estate in the future under various scenarios and reported its findings back to both the Chapter 11 Trustee and the Committee.

**B.    Committee – Claims Analysis and Objections**

Force Ten's time in this category includes time spent analyzing potential claims against the Debtor, including both those shown on the Debtor's original Schedules and those filed before the bar

8

dates by creditors themselves.  This work was done to prepare the feasibility and liquidation analyses used in support of the Plan.  As part of this, Force Ten held discussions with the Chapter 11 Trustee and his advisors who were overseeing analyses and negotiations regarding such claims, including potential secured, administrative, and priority unsecured claims; prepared its own analyses summarizing the potential aggregate amounts owed on such claims; and reported its finding back to both the Chapter 11 Trustee and the Committee.

**C.    Committee – Committee Activities**

This category contains time spent by Force Ten in reporting to the Committee and counsel, as well as time spent in preparation and follow-up on discrete topics as requested by the Committee and counsel.  As part of this, Force Ten attended numerous calls and other meetings with the Committee and counsel, and with the Chapter 11 Trustee and his advisors.

**D.    Committee – Fee / Employment Applications**

This category contains time spent by Force Ten in preparing the First Interim Fee Application and responding to inquires from Nancy Rapoport.

**E.    Committee – Plan & Disclosure Statement**

Force Ten's time in this category relates to time spent preparing the financial analysis supporting and incorporated into the proposed plan of liquidation and related disclosure statement..  This work was done at the specific request of the Chapter 11 Trustee and also at the request of the Committee and counsel.  At the specific request of the Chapter 11 Trustee, Force Ten directly prepared the feasibility and liquidation analyses used in support of the plan, which included significant time spent analyzing the estate's cash flow activities, potential claims on the estate, potential cash proceeds realizable in relation to pending litigation efforts by the Chapter 11 Trustee and also residual asset sale proceeds from Morning Law Group.  In addition, and at the request of the Committee and Fox, Force Ten participated in numerous discussions and negotiations involving the plan's structure and liquidating trust to be established to oversee the post-confirmation activity.

9

# VI.

## COSTS AND SUMMARY OF EXPENSES

## LBR 2016-1(a)(1)(F)

The Fee Guidelines require that an application seeking reimbursement of expenses include a summary identifying all expenses by category. The total costs and expenses incurred during the Second Interim Fee Period for which Force Ten seeks reimbursement is $0.00.

To assist the Court in reviewing Force Ten's request for reimbursement of the expenses incurred in connection with its representation of the Committee during the Final Fee Period Force Ten's accounting procedures for the general categories of costs and expenses for which it seeks reimbursement by this Application are described in the Declaration attached hereto. The requested expenses are charged at rates customarily applied to Force Ten's debtor clients. Those charges are:

| DESCRIPTION | AMOUNT |
|---|---|
| None | $0.00 |
| Total | $0.00 |

The Invoice attached as **Exhibit C** includes an itemized statement of expenses incurred during the Final Fee Period.

# VI.

## LEGAL ARGUMENT

In determining the amount of allowable fees under § 330, courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *In re Manoa Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988); *see Meronk v. Arter & Hadden, LLP* (In re Meronk), 249 B.R. 208, 213 (B.A.P. 9th Cir. 2000) (reiterating that Manoa Finance is the controlling authority and characterizing the factor test identified in *Johnson v Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976), as an "obsolete laundry list" now subsumed within more refined analyses).

10

The Supreme Court has evaluated the lodestar approach and endorses its usage.  In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a civil rights case, the Supreme Court held that while the Johnson factors might be considered in setting fees, the lodestar amount subsumed many of those factors. *Hensley*, at 434, n. 9. The following year, another civil rights case *Blum v. Stenson*, 465 U.S. 886 (1984), provided the so-called lodestar calculation: "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate . . . Adjustments to that fee then may be made as necessary in the particular case." *Blum*, 465 U.S. at 888.

Then, in 1986, the Supreme Court more explicitly indicated that the factors relevant to determining fees should be applied using the lodestar approach, rather than an ad hoc approach. While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401, et seq., should be interpreted like that of the Civil Rights Act, the Supreme Court expressly rejected the ad hoc application of the factors set forth in Johnson and thus Kerr stating that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . ." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986); see also *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("we have said repeatedly that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate").

While the lodestar approach is the primary basis for determining fee awards under the federal fee-shifting statutes and Bankruptcy Code, some of the Johnson/Kerr factors previously applied in an ad hoc fashion, can still apply in calculating the appropriate hourly rate to use under the lodestar approach. *In re Charles Russell Buckridge*, Jr., 367 B.R. 191 201 (C.D.Cal. 2007) ("a court is permitted to adjust the lodestar up or down using a multiplier based on the criteria listed in § 330 and its consideration of the Kerr factors not subsumed within the initial calculations of the lodestar"); *see also Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (court may "adjust the lodestar amount after considering other factors that bear on the reasonableness of the fee"); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991) ("Although *Manoa* suggests that starting

with the 'lodestar' is customary, it does not mandate such an approach in all cases... Fee shifting cases are persuasive, but due to the uniqueness of bankruptcy proceedings, they are not controlling.").

Force Ten respectfully submits that the hourly rates for its financial advisors are reasonable and appropriate in the relevant community and in view of the circumstances of this case and the successful results thus far achieved by Force Ten on behalf of the Committee. By this Application, Force Ten requests that the Court approve the allowance of compensation and the reimbursement of expenses during the Total Compensation Period. The full scope of the services provided, and the related expenses incurred are fully described herein and/or in the attached Invoice. All services for which Force Ten requests compensation were performed for or on behalf of the Committee.

The professional services and related expenses for which Force Ten requests allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Force Ten's professional responsibilities as financial advisor for the Committee in this chapter 11 case. Force Ten's services were necessary and beneficial to the Committee and the estate creditors, and other parties in interest.

In accordance with the factors enumerated in § 330, Force Ten respectfully submits that the amount requested by Force Ten is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

Therefore, for the reasons set forth above, Force Ten respectfully submits that the foregoing establishes that Force Ten's requested fees and expenses are reasonable and appropriate and should be approved by this Court.

# VII.

## CONCLUSION

Force Ten respectfully requests that the Court enter an order (i) approving the Application in its entirety; (ii) allowing, on a final basis, (a) compensation for professional services rendered to the Committee from September 18, 2023, through and including September 23, 2024, in the amount of $250,724.00, and (b) reimbursement of expenses incurred in connection with such services in the amount of $0.00; (iii) authorizing and directing payment to be made to Force Ten in the amount of $63,104.00 in fees and $0.00 in expenses, which represent the fees and expenses for the Second Interim Period plus the Holdback; (iv) granting Force Ten such other and further relief as the Court may deem just and proper.

Dated: November 6, 2024                    **FOX ROTHSCHILD LLP**


By:    _/s/ Nicholas A. Koffroth_
      Keith C. Owens (SBN 184841)
      Nicholas A. Koffroth (SBN 287854)
      10250 Constellation Blvd., Suite 900
      Los Angeles CA 90067
      *Counsel for the Official Committee of Unsecured*
      *Creditors of The Litigation Practice Group PC*

## DECLARATION OF ADAM MEISLIK

I, Adam Meislik, declare as follows:

1.      I am a partner at Force Ten Partners, LLC, financial advisor to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of The Litigation Practice Group P.C. (the "Debtor").  I make this Declaration in support of *Force Ten Partners' Second Interim and Final Fee Application for Compensation and Reimbursement of Expenses for the Final Fee Period August 1, 2024 through September 23, 2024* (the "Application").[4] I am over the age of 18, except as otherwise indicated herein I have personal knowledge of the facts set forth herein or have obtained familiarity with such facts from persons knowledgeable of them at Force Ten, and if called upon to testify, could and would do so.

**A.     Summary of Application and Certification**

2.      By the Application, Force Ten seeks approval of $250,724.00 in fees and $0.00 in expenses on a final basis.  ***First***, for the First Interim Period, Force Ten requests that the Court affirm its prior award of fees and expenses in the First Interim Order in the amount of $187,620.00 in fees and $0.00 in expenses.  Additionally, Force Ten requests that the Court authorize the payment to Force Ten of the $18,762.00 in approved fees during the First Interim Period that remain unpaid because of the Holdback.  ***Second***, for the Second Interim Period, Force Ten seeks an interim and final award of $63,104.00 in fees and $0.00 in expenses.

3.      I have reviewed the requirements of LBR 2016-1 and believe that the Application complies with that rule.  I further certify as follows with respect to the Application:

- •      I have read the Application and believe the facts stated therein and herein are true and correct to the best of my knowledge and belief;

- •      the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by Force Ten and generally accepted by Force Ten clients;

- •      at all relevant times, Force Ten has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Committee;

---

[4] Capitalized terms not defined herein have the meanings assigned to them in the Application.

• neither Force Ten nor any employee of Force Ten has any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees or expenses to be awarded to Force Ten with any other person or attorney except as among the members and associates of Force Ten;

• no time has been billed to the Committee outside the scope of work authorized by the Order authorizing employment of the Firm; and

• the compensation and expense reimbursement sought herein is in conformity with the LBR, the Compensation Guidelines for the United States Bankruptcy Court for the Central District of California and the Guidelines of the Office of the United States Trustee, except as otherwise noted herein.

**B.**   **Summary of Hours and Fees by Professional**

4.    Based on my review of the Force Ten invoice in this matter, the names of all of the Financial Advisors who have been responsible for providing services to the Committee, total number of hours spent on the case and total fees charged as a result of service they each provided to the Committee during the Second Interim Fee Period is set forth below:

**SUMMARY OF PROFESSIONALS**
Second Interim Period - August 1, 2024 through September 23, 2024

| ATTORNEY | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Adam Meislik – Partner | $850.00 | 26.5 | $22,525.00 |
| Chad Kurtz – Managing Director | $650.00 | 39.8 | 25,870.00 |
| Erik Nathan – Managing Director | $495.00 | 24.2 | 11,979.00 |
| Ellen Sprague - Manager | $325.00 | 8.4 | 2,730.00 |
| **GRAND TOTAL** | | **98.9** | **$63,104.00** |
| **Combined Blended Rate** | | | **$638.06** |

**C.**   **Professional Background and Experience**

5.    Force Ten represented the Committee as effectively and efficiently as possible during the Final Fee Period through the considered allocation of tasks among the professionals.  A true and correct copy of the background and qualifications of each of the professionals who rendered services to the Committee during the Final Fee Period are attached collectively to the Application as **Exhibit B**.

**D.      Previously Paid Compensation**

6.      On October 1, 2024, the Court authorized the Trustee to pay Force Ten $187,620.00, which included $187,620.00 of allowed fees (subject to the 10% Holdback) and $0.00 in expenses. *See* Interim Fee Order [Docket No. 1778]. As of the date of this Application, Force Ten has received the full amount of fees and expenses approved and authorized for distribution to Force Ten in the amount of $168,858.00. Force Ten has not received payment of the Holdback, in the amount of $18,762.00, which remains reserved pending authorization of this Court.

**E.      Project Billing and Detailed Listing of Services**

7.      In accordance with the Central District Guidelines and UST Guidelines, Force Ten classified all services performed for each into Categories of Service ("Task Codes"). Force Ten attempted to place the services performed in the appropriate Task Code that best related to the service provided. The following chart summarizes the project billing categories utilized, and the total hours expended for each category during the Second Interim Fee Period:[5]

| Task Category | Hours | Total Fees |
|---|---|---|
| Committee – Court Hearings | 11.3 | $8,345.00 |
| Committee – Fee / Employment Application | 18.0 | 9,510.00 |
| Committee – Plan & Disclosure Statement | 69.6 | 45,249.00 |
| Total | 98.9 | $63,104.00 |

A true and correct copy of the Force Ten invoice, which contains summaries and daily logs of the actual and necessary fees incurred and expenses paid by Force Ten during the Final Fee Period, is attached to the Application as **Exhibit C**. While certain services may relate to one or more Task Codes, services arguably pertaining to one Task Code may, in fact, be included in another Task Code.

---

[5] Some of the services rendered could reasonably be categorized in more than one of the billing categories. Consequently, different attorneys sometimes billed their services on the same matter in different categories.

18

8.      All services for which Force Ten requests compensation were performed for or on behalf of the Committee.  Force Ten performed services for or on behalf of Committee during the Final Fee Period, and I believe such services were necessary and reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November 2024.

_____

Adam Meislik

**DECLARATION OF APRIL RIEDY**

I, April Riedy, declare as follows:

1.      I am the chair of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of The Litigation Practice Group P.C. (the "Debtor"). I make this Declaration in support of *Force Ten Partners' Second Interim and Final Fee Application for Compensation and Reimbursement of* (the "Application").[3] I am over the age of 18, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2.      Based on my review of the Application, I understand that Force Ten seeks approval of $250,724.00 in fees and $0 in expenses on a final basis. ***First***, for the First Interim Period, Force Ten requests that the Court affirm its prior award of fees and expenses in the First Interim Order in the amount of $187,620.00 in fees and $0.00 in expenses. Additionally, Force Ten requests that the Court authorize the payment to Force Ten of the $18,762.00 in approved fees during the First Interim Period that remain unpaid because of the Holdback. ***Second***, for the Second Interim Period, Force Ten seeks an interim and final award of $63,104.00 in fees and $0.00 in expenses.

3.      Force Ten provided me with its monthly invoices for the period from September 18, 2023, through September 23, 2024. I have reviewed and approved Force Ten's invoices for each of those months. I believe that the Requested Compensation sought by Force Ten is fair and reasonable given (a) the complexity of this Bankruptcy Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in a case other than under this title.

4.      I have reviewed the Application and, on behalf of the Committee, I support the approval of the Application in its entirety and payment of the Requested Compensation, and have no objection to the Application.

/ / /

---

[3] Capitalized terms not defined herein have the meanings assigned to them in the Application.

14

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November 2024.


_____
April Riedy, Committee Chair

**<u>EXHIBIT A</u>**

**<u>EMPLOYMENT ORDER</u>**

1   Michael A. Sweet (SBN 184345)
    Keith C. Owens (SBN 184841)
2   Nicholas A. Koffroth (SBN 287854)
    **FOX ROTHSCHILD LLP**
3   10250 Constellation Blvd., Suite 900
    Los Angeles CA 90067
4   Telephone:   (310) 598-4150
    Facsimile:   (310) 556-9828
5   msweet@foxrothschild.com
    kowens@foxrothschild.com
6   nkoffroth@foxrothschild.com

7   Counsel For Official Committee of Unsecured Creditors

8

9                  **UNITED STATES BANKRUPTCY COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11                       **SANTA ANA DIVISION**

12  In re:                          Chapter 11

13  THE LITIGATION PRACTICE GROUP,   Case No. 8:23-bk-10571-SC
    P.C.,
14                                   **ORDER AUTHORIZING**
                                     **EMPLOYMENT OF FORCE TEN**
15        Debtor.                    **PARTNERS, LLC AS FINANCIAL**
                                     **ADVISOR TO THE OFFICIAL**
16                                   **COMMITTEE OF UNSECURED**
                                     **CREDITORS, EFFECTIVE AS OF**
17                                   **SEPTEMBER 18, 2023**

18                                   [*No Hearing Required Pursuant to*
19                                   *LBR 9013-1(o)*]

20  ────────────────────────────────

21        The Court, having considered the *Application for Order Authorizing Employment of Force*

22  *Ten Partners, LLC as Financial Advisor to the Official Committee of Unsecured Creditors,*

23  *Effective as of September 18, 2023* [Docket No. 526] (the "Application")[1] filed by the Official

24  Committee of Unsecured Creditors (the "Committee"), and the Court being satisfied that Force 10

25  does not represent any entity having an adverse interest in connection with the above-captioned

26  case and is a "disinterested person" as defined under 11 U.S.C. § 101(14); having found that notice

27  ────────────────────────

28  [1] Unless otherwise defined herein, all capitalized terms shall have the definitions set forth in the Application.

1  of the Application is sufficient under the circumstances and that no further notice is required; and

2  good cause appearing therefor,

3      **IT IS HEREBY ORDERED THAT:**

4      1.      The Application is APPROVED.

5      2.      The Committee is authorized to retain and employ Force 10 as financial advisor,

6  effective as of September 18, 2023, at the expense of the estate pursuant to 11 U.S.C. § 1103(a).

7      3.      Except as the Court may otherwise determine and direct, the compensation to be

8  awarded to Force 10 shall be fixed by the Court after notice and a hearing as may be required by

9  the §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for

10  the Central District of California, and the practice and procedure of this Court.

11

12          ###

13

14

15

16

17

18

19

20

21

22

23

24  Date: October 16, 2023

           Scott C. Clarkson
           United States Bankruptcy Judge

25

26

27

28

- 2 -

**EXHIBIT B**

**PROFILES**


**Adam Meislik, Partner**

Adam leverages his accomplished career, spanning twenty-five years in restructuring and corporate finance, into various roles for his clients, including financial advisor, investment banker, CRO, expert witness, and fiduciary.

His clients have run the gamut, including companies, bank lenders and other secured and unsecured creditors, buyers, sellers, bankruptcy counsel, and litigators, all in the context of workouts, insolvency proceedings, fundraising, M&A, and litigation. He provides expert testimony concerning transactions, intangible/intellectual assets, valuation, solvency, and reasonably equivalent value issues. Adam has a proven record in advising, structuring, and executing in excess of 100 mergers, acquisitions, capital transactions, restructurings, and litigation support assignments.

Prior to co-founding Force 10 Partners in 2016, Adam was a Senior Managing Director at GlassRatner Advisory & Capital Group and Co-President and Chief Compliance Officer of GlassRatner Securities. Adam was also a Principal with XRoads Solutions Group. He spent half his career at CIBC World Markets and its predecessor, Oppenheimer & Company, where he led numerous multi-disciplinary teams on large capital markets, M&A, and restructuring assignments. He also co-established CIBC's Houston-based energy practice and helped establish CIBC's software practice. Prior to CIBC, Adam worked in the energy groups at Jefferies and Howard Weil.

Adam also serves as a director of public and private companies. Currently, he is board director of the twelve-year-old Orange County-based Sendio, an email security provider, and Evantix (business and assets sold to Optiv, May 2016).

Adam majored in finance and graduated with a Bachelor of Science degree in Management from Tulane University in 1993. He holds FINRA Series 24, 79, and 62 licenses.

**Chad Kurtz, Managing Director**

Chad specializes in insolvency matters, buying and selling side M&A transactions, and complex modeling/financial analysis. Chad works closely with clients to develop cash collateral forecasts, analyze and improve business operations/cost structures, prepare bankruptcy compliance forms, develop bankruptcy plan projections, and analyze creditor claims.

Prior to joining Force 10, Chad worked at BSW & Associates. Chad also spent 10 years at Ernst & Young LLP, including serving as a Director in its Corporate Finance practice, where he led restructuring advisory engagements. In that capacity, Chad has represented debtors, secured lenders, and creditors' committees, advising on businesses that ranged from start-ups to Fortune 500 companies. He started his career with Ernst & Young's audit department in New York City and ultimately transferred to the Los Angeles office, where he helped lead the West Coast restructuring group that was part of the Corporate Finance practice.

Chad received his MBA from New York University, Stern School of Business and his bachelor's degree from Williams College, and he is a CPA (inactive).

**Erik Nathan, Managing Director**

Erik heads Force 10's Digital Forensics and eDiscovery services. Erik's expertise is in accessing, retrieving, and making sense of dated information stored in extremely diverse electronic environments. His holistic understanding of the data discovered enables him to repackage the information for consumption by forensic accountants and legal clients. In new situations, Erik calls on nearly thirty years of IT experience, which he melds with current standards and trends to provide simple, cost-effective solutions to seemingly complex issues.

Erik has significant experience managing multi-faceted IT projects and people, and is called on to resolve acute issues and provide interim management. Erik designs and implements the IT infrastructure required to facilitate Force 10's restructuring, forensic accounting, and litigation support services in large, complex engagements. Erik's solutions are often lightweight and self-managed by users, which results in lower costs. Erik often presents his views of contemporary IT issues at industry conferences.

Recently, Erik was CEO of Evantix, a third-party risk-management software company. Erik took over management of Evantix and after improving performance and technology, the company was sold to Optiv, a multibillion-dollar IT product and services company. Then Erik became COO of Sendio, a twelve-year-old email security provider.

Erik majored in Finance and graduated with a Bachelor of Science degree in Management from Tulane University in 1993.

**Ellen Sprague, Manager**

Ellen specializes in accounting, bankruptcy compliance, and litigation support services.

Her day-to-day focus includes forensic accounting, debtor accounting and reporting including preparing monthly operating reports, and trustee, receiver and other fiduciary reporting. Prior to joining Force 10, Ellen worked for Kraft General Foods and Baxter International, among other entities.

Ellen received her Bachelor of Science in Accounting from the Kelley School of Business at Indiana University.

**EXHIBIT C**

**INVOICE**

Force Ten Partners - The Litigation Practice Group P.C.
Timesheet Details for the period August 1, 2024 through September 23, 2024

| Date | Task Code | Notes | Hours | First Name | Last Name | Billable Rate | Billable Amount |
|---|---|---|---|---|---|---|---|
| 8/1/2024 | Committee - Plan & Disclosure Statement | Telco with N. Koffroth to discuss draft declaration in support of plan confirmation. | 0.5 | Chad | Kurtz | $ 650.00 | $ 325.00 |
| 8/1/2024 | Committee - Plan & Disclosure Statement | Edit and finalize draft declaration in support of plan confirmation; provide signature to N. Koffroth. | 1.6 | Chad | Kurtz | $ 650.00 | $ 1,040.00 |
| 8/5/2024 | Committee - Plan & Disclosure Statement | Prepare analysis of actual cash flows through July, including receipt of additional sale proceeds and payments of super-priority administrative loans; provide to N. Koffroth, K. Owens, and A. Meislik for comments | 0.5 | Chad | Kurtz | $ 650.00 | $ 325.00 |
| 8/7/2024 | Committee - Fee / Employment Applications | Review emails re interim fee app and required format, begin review of interim time entries | 1.2 | Ellen | Sprague | $ 325.00 | $ 390.00 |
| 8/9/2024 | Committee - Plan & Disclosure Statement | Read plan objections filed to date. | 0.8 | Chad | Kurtz | $ 650.00 | $ 520.00 |
| 8/12/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from E. Hays and J. Teeple re: current status of filed tax claims. | 0.5 | Chad | Kurtz | $ 650.00 | $ 325.00 |
| 8/15/2024 | Committee - Plan & Disclosure Statement | Read plan objections filed to date. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 8/19/2024 | Committee - Plan & Disclosure Statement | Update cash projections to include most recent actual results; provide to N. Koffroth, K. Owens, and A. Meislik for comments. | 2.7 | Chad | Kurtz | $ 650.00 | $ 1,755.00 |
| 8/20/2024 | Committee - Fee / Employment Applications | Telco with E. Sprague to discuss pending fee application. | 0.6 | Chad | Kurtz | $ 650.00 | $ 390.00 |
| 8/20/2024 | Committee - Plan & Disclosure Statement | Telco with N. Koffroth, K. Owens, and A. Meislik to discuss status of negotiations with secured creditors. | 0.8 | Chad | Kurtz | $ 650.00 | $ 520.00 |
| 8/20/2024 | Committee - Plan & Disclosure Statement | Telco with working group (MH, Dinsmore, FR, and F10) to discuss objections filed and information to prepare in advance re: confirmation hearing. | 1.0 | Chad | Kurtz | $ 650.00 | $ 650.00 |
| 8/20/2024 | Committee - Plan & Disclosure Statement | Update cash projections based on feedback from N. Koffroth, K. Owens, and A. Meislik; provide to working group (MH, Dinsmore, FR, and F10) for comments. | 1.6 | Chad | Kurtz | $ 650.00 | $ 1,040.00 |
| 8/20/2024 | Committee - Plan & Disclosure Statement | Attend working session with K Owens, N Koffroth, C Kurtz regarding plan strategy, objection issues and replies. | 1.0 | Adam | Meislik | $ 850.00 | $ 850.00 |
| 8/20/2024 | Committee - Plan & Disclosure Statement | Attend a working session with E Hays, N Koffroth, K Owens, and C Kurtz on confirmation issues, feasibility, and replies to objections. | 0.8 | Adam | Meislik | $ 850.00 | $ 680.00 |
| 8/21/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from working group (MH, Dinsmore, FR, and F10) re: comments on updated cash projections. | 1.2 | Chad | Kurtz | $ 650.00 | $ 780.00 |
| 8/21/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, and A. Meislik re: comments from working group on updated cash projections. | 0.9 | Chad | Kurtz | $ 650.00 | $ 585.00 |
| 8/22/2024 | Committee - Fee / Employment Applications | Telco with E. Sprague to discuss pending fee application. | 0.3 | Chad | Kurtz | $ 650.00 | $ 195.00 |
| 8/22/2024 | Committee - Fee / Employment Applications | Call with C Kurtz re timing of fee app completion, Review time entries for first fee app | 1.4 | Ellen | Sprague | $ 325.00 | $ 455.00 |
| 8/22/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from working group (MH, Dinsmore, FR, and F10) re: comments on updated cash projections. | 0.7 | Chad | Kurtz | $ 650.00 | $ 455.00 |
| 8/22/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, and A. Meislik re: comments from working group on updated cash projections. | 0.6 | Chad | Kurtz | $ 650.00 | $ 390.00 |
| 8/23/2024 | Committee - Fee / Employment Applications | Provide comments on draft analyses for fee application to E. Sprague. | 1.1 | Chad | Kurtz | $ 650.00 | $ 715.00 |
| 8/23/2024 | Committee - Fee / Employment Applications | Draft email to N. Rappaport re: data requested for fee examination analyses. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 8/23/2024 | Committee - Fee / Employment Applications | Finalize timesheet entries to send to Fee Examiner in LEDES format, follow up call with C Kurtz | 1.5 | Ellen | Sprague | $ 325.00 | $ 487.50 |
| 8/26/2024 | Committee - Plan & Disclosure Statement | Telco with working group (MH, Dinsmore, FR, and F10) to discuss objections filed and information to prepare in advance re: confirmation hearing. | 1.4 | Chad | Kurtz | $ 650.00 | $ 910.00 |
| 8/26/2024 | Committee - Plan & Disclosure Statement | Telco with N. Koffroth to discuss draft declaration information to prepare in advance of confirmation hearing. | 0.2 | Chad | Kurtz | $ 650.00 | $ 130.00 |
| 8/26/2024 | Committee - Plan & Disclosure Statement | Prepare analysis of updated cash projections vs filed plan projections; provide to working group (MH, Dinsmore, FR, and F10) for comments. | 1.3 | Chad | Kurtz | $ 650.00 | $ 845.00 |

Force Ten Partners - The Litigation Practice Group P.C.
Timesheet Details for the period August 1, 2024 through September 23, 2024

| Date | Task Code | Notes | Hours | First Name | Last Name | Billable Rate | Billable Amount |
|------|-----------|-------|-------|------------|-----------|---------------|-----------------|
| 8/26/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from working group (MH, Dinsmore, FR, and F10) re: comments on updated cash projections. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 8/26/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, and A. Meislik re: comments from working group on updated cash projections. | 0.3 | Chad | Kurtz | $ 650.00 | $ 195.00 |
| 8/27/2024 | Committee - Fee / Employment Applications | Follow up re fee app deadline | 0.1 | Ellen | Sprague | $ 325.00 | $ 32.50 |
| 8/27/2024 | Committee - Plan & Disclosure Statement | Update analysis of updated cash projections vs filed plan projections based on comments from working group (MH, Dinsmore, FR, and F10); provide to working group for further comments. | 0.7 | Chad | Kurtz | $ 650.00 | $ 455.00 |
| 8/27/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from working group (MH, Dinsmore, FR, and F10) re: comments on updated cash projections. | 0.8 | Chad | Kurtz | $ 650.00 | $ 520.00 |
| 8/27/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, and A. Meislik re: comments from working group on updated cash projections. | 0.3 | Chad | Kurtz | $ 650.00 | $ 195.00 |
| 8/27/2024 | Committee - Plan & Disclosure Statement | Review and analyze Order and Memorandum Decision Denying Application for Administrative Claim of Grayson and related. | 1.0 | Adam | Meislik | $ 850.00 | $ 850.00 |
| 8/27/2024 | Committee - Plan & Disclosure Statement | Review docket activity. | 0.2 | Adam | Meislik | $ 850.00 | $ 170.00 |
| 8/28/2024 | Committee - Fee / Employment Applications | Email with Marshack Hays re interim fee app numbers, follow up email with C Kurtz & A Meislik | 0.3 | Ellen | Sprague | $ 325.00 | $ 97.50 |
| 8/28/2024 | Committee - Plan & Disclosure Statement | Telco with working group (MH, Dinsmore, FR, and F10) to discuss objections filed and information to prepare in advance re: confirmation hearing. | 0.9 | Chad | Kurtz | $ 650.00 | $ 585.00 |
| 8/28/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from working group (MH, Dinsmore, FR, and F10) re: comments on updated cash projections. | 0.7 | Chad | Kurtz | $ 650.00 | $ 455.00 |
| 8/28/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, and A. Meislik re: comments from working group on updated cash projections. | 0.3 | Chad | Kurtz | $ 650.00 | $ 195.00 |
| 8/28/2024 | Committee - Plan & Disclosure Statement | Prepare for and attend working session with R Marshack, E Hays, Y Lissebeck, C Kurtz, N Koffroth, C Ghio to prepare for confirmation hearing. | 1.5 | Adam | Meislik | $ 850.00 | $ 1,275.00 |
| 8/29/2024 | Committee - Court Hearings | Prepare for confirmation hearing. | 1.8 | Chad | Kurtz | $ 650.00 | $ 1,170.00 |
| 8/29/2024 | Committee - Court Hearings | Attend confirmation hearing. | 4.5 | Chad | Kurtz | $ 650.00 | $ 2,925.00 |
| 8/29/2024 | Committee - Court Hearings | Attend confirmation hearing. | 5.0 | Adam | Meislik | $ 850.00 | $ 4,250.00 |
| 8/30/2024 | Committee - Fee / Employment Applications | Review emails regarding the interim fee app, provide time entries for review | 0.3 | Ellen | Sprague | $ 325.00 | $ 97.50 |
| 9/1/2024 | Committee - Fee / Employment Applications | Provide comments on draft analyses for fee application to E. Sprague. | 1.2 | Chad | Kurtz | $ 650.00 | $ 780.00 |
| 9/2/2024 | Committee - Fee / Employment Applications | Read and respond to emails from A. Meislik and E. Sprague re: current status of interim fee application. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 9/3/2024 | Committee - Fee / Employment Applications | Read and respond to emails from A. Meislik and E. Sprague re: current status of interim fee application. | 0.7 | Chad | Kurtz | $ 650.00 | $ 455.00 |
| 9/3/2024 | Committee - Fee / Employment Applications | Prepare first interim fee application for Force Ten. | 0.8 | Adam | Meislik | $ 850.00 | $ 680.00 |
| 9/3/2024 | Committee - Fee / Employment Applications | Finalize first interim fee application for Force 10. | 0.5 | Adam | Meislik | $ 850.00 | $ 425.00 |
| 9/3/2024 | Committee - Fee / Employment Applications | Review and revise interim fee application, prepare exhibits for fee app, follow up with A Meislik, finalize first interim fee app and forward to counsel for filing | 3.4 | Ellen | Sprague | $ 325.00 | $ 1,105.00 |
| 9/4/2024 | Committee - Fee / Employment Applications | Respond to email from UST re LEDES format spreadsheet | 0.2 | Ellen | Sprague | $ 325.00 | $ 65.00 |
| 9/5/2024 | Committee - Plan & Disclosure Statement | Parsing fee application data for analysis. Troubleshoot data issues. Create parsing model. Create validation testing process to assure accuracy. Build analysis model for database. | 4.0 | Erik | Nathan | $ 495.00 | $ 1,980.00 |
| 9/5/2024 | Committee - Plan & Disclosure Statement | Call with counsel to discuss fee application and objectives for analysis. | 0.5 | Erik | Nathan | $ 495.00 | $ 247.50 |
| 9/5/2024 | Committee - Plan & Disclosure Statement | Telco with N. Koffroth, K. Owens, and A. Meislik to discuss comments and questions on fee applications filed by Ch 11 Trustee and advisors. | 1.1 | Chad | Kurtz | $ 650.00 | $ 715.00 |

Force Ten Partners - The Litigation Practice Group P.C.
Timesheet Details for the period August 1, 2024 through September 23, 2024

| Date | Task Code | Notes | Hours | First Name | Last Name | Billable Rate | Billable Amount |
|---|---|---|---|---|---|---|---|
| 9/5/2024 | Committee - Plan & Disclosure Statement | Review Trustee and Trustee professional fee applications and prepare analysis framework. | 0.8 | Adam | Meislik | $ 850.00 | $ 680.00 |
| 9/5/2024 | Committee - Plan & Disclosure Statement | Attend working session with N Koffroth, K Owens, C Kurtz and E Nathan regarding professional fee issues. | 1.0 | Adam | Meislik | $ 850.00 | $ 850.00 |
| 9/5/2024 | Committee - Plan & Disclosure Statement | Review and analyze Trustee professional fee applications. | 0.5 | Adam | Meislik | $ 850.00 | $ 425.00 |
| 9/5/2024 | Committee - Plan & Disclosure Statement | Further review and summarize preliminary finding related to Trustee professional fee applications. | 0.7 | Adam | Meislik | $ 850.00 | $ 595.00 |
| 9/5/2024 | Committee - Plan & Disclosure Statement | Further analysis of Trustee professional fees. | 1.0 | Adam | Meislik | $ 850.00 | $ 850.00 |
| 9/6/2024 | Committee - Plan & Disclosure Statement | Parsing fee application data for analysis. Troubleshoot data issues. Create parsing model. Create validation testing process to assure accuracy. Build analysis model for database. | 6.7 | Erik | Nathan | $ 495.00 | $ 3,316.50 |
| 9/6/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 9/6/2024 | Committee - Plan & Disclosure Statement | Review and analyze Omni fee application. | 0.2 | Adam | Meislik | $ 850.00 | $ 170.00 |
| 9/7/2024 | Committee - Plan & Disclosure Statement | Parsing fee application data for analysis. Troubleshoot data issues. Create parsing model. Create validation testing process to assure accuracy. Build analysis model for database. | 5.3 | Erik | Nathan | $ 495.00 | $ 2,623.50 |
| 9/7/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 9/7/2024 | Committee - Plan & Disclosure Statement | Further review and analysis of professional fee applications. | 0.6 | Adam | Meislik | $ 850.00 | $ 510.00 |
| 9/8/2024 | Committee - Plan & Disclosure Statement | Parsing fee application data for analysis. Troubleshoot data issues. Create parsing model. Create validation testing process to assure accuracy. Build analysis model for database. Discussion with software support. | 1.2 | Erik | Nathan | $ 495.00 | $ 594.00 |
| 9/8/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 9/8/2024 | Committee - Plan & Disclosure Statement | Continue review and analysis of Trustee professional fee applications. | 2.5 | Adam | Meislik | $ 850.00 | $ 2,125.00 |
| 9/9/2024 | Committee - Plan & Disclosure Statement | Parsing fee application data for analysis. Troubleshoot data issues. Create parsing model. Create validation testing process to assure accuracy. Build analysis model for database. Discussion with A. Meislik about same. | 1.1 | Erik | Nathan | $ 495.00 | $ 544.50 |
| 9/9/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.4 | Chad | Kurtz | $ 650.00 | $ 260.00 |
| 9/9/2024 | Committee - Plan & Disclosure Statement | Continue to review and analyze Trustee professional fees. | 2.0 | Adam | Meislik | $ 850.00 | $ 1,700.00 |
| 9/9/2024 | Committee - Plan & Disclosure Statement | Continue to review and analyze professional fee applications. | 1.5 | Adam | Meislik | $ 850.00 | $ 1,275.00 |
| 9/10/2024 | Committee - Plan & Disclosure Statement | Call with A. Meislik to review Trustee's professional fees. | 0.7 | Erik | Nathan | $ 495.00 | $ 346.50 |
| 9/10/2024 | Committee - Plan & Disclosure Statement | Review Trustee's professional fees. | 2.7 | Erik | Nathan | $ 495.00 | $ 1,336.50 |
| 9/10/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.3 | Chad | Kurtz | $ 650.00 | $ 195.00 |
| 9/10/2024 | Committee - Plan & Disclosure Statement | Further review and analyze Trustee professional fee apps. Provide summary to N Koffroth, K Owens. | 0.5 | Adam | Meislik | $ 850.00 | $ 425.00 |
| 9/11/2024 | Committee - Plan & Disclosure Statement | Call with A. Meislik, C. Kurtz, K. Owens and N. Koffroth regarding Trustee's professional fees. | 0.8 | Erik | Nathan | $ 495.00 | $ 396.00 |
| 9/11/2024 | Committee - Plan & Disclosure Statement | Telco with N. Koffroth, K. Owens, E. Nathan, and A. Meislik to discuss current status of analyses of fee applications. | 0.8 | Chad | Kurtz | $ 650.00 | $ 520.00 |
| 9/11/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.3 | Chad | Kurtz | $ 650.00 | $ 195.00 |
| 9/11/2024 | Committee - Plan & Disclosure Statement | Attend working session with E Nathan to review Trustee professional billing data. | 0.4 | Adam | Meislik | $ 850.00 | $ 340.00 |

Force Ten Partners - The Litigation Practice Group P.C.
Timesheet Details for the period August 1, 2024 through September 23, 2024

| Date | Task Code | Notes | Hours | First Name | Last Name | Billable Rate | Billable Amount |
|------|-----------|-------|-------|-----------|-----------|---------------|-----------------|
| 9/11/2024 | Committee - Plan & Disclosure Statement | Attend working session with N Koffroth, K Owens, C Kurtz and E Nathan to review results of Trustee professional fee billing analysis. Prepare summary of same. | 0.8 | Adam | Meislik $ | 850.00 $ | 680.00 |
| 9/11/2024 | Committee - Plan & Disclosure Statement | Attend call with R Marshack, E Hays, and K Owen regarding Committee proposed fee adjustments as a result of Force 10 analysis. | 0.8 | Adam | Meislik $ | 850.00 $ | 680.00 |
| 9/12/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.2 | Chad | Kurtz $ | 650.00 $ | 130.00 |
| 9/12/2024 | Committee - Plan & Disclosure Statement | Participate in conversations with K Owens, N Koffroth regarding professional fee objections. | 0.2 | Adam | Meislik $ | 850.00 $ | 170.00 |
| 9/13/2024 | Committee - Plan & Disclosure Statement | Review billing analysis processes. | 1.2 | Erik | Nathan $ | 495.00 $ | 594.00 |
| 9/13/2024 | Committee - Plan & Disclosure Statement | Telco with N. Koffroth, K. Owens, and A. Meislik to discuss current status of analyses of fee applications. | 0.8 | Chad | Kurtz $ | 650.00 $ | 520.00 |
| 9/13/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.2 | Chad | Kurtz $ | 650.00 $ | 130.00 |
| 9/13/2024 | Committee - Plan & Disclosure Statement | Attend call with K Owens, N Koffroth and C Kurtz to discuss Trustee professional counter offer on their fees. | 0.8 | Adam | Meislik $ | 850.00 $ | 680.00 |
| 9/14/2024 | Committee - Fee / Employment Applications | Read and respond to email from N. Rappaport re: questions on F10 time entries. | 2.2 | Chad | Kurtz $ | 650.00 $ | 1,430.00 |
| 9/14/2024 | Committee - Plan & Disclosure Statement | Read and respond to emails from N. Koffroth, K. Owens, E. Nathan, and A. Meislik re: fee applications filed by Ch 11 Trustee and advisors. | 0.2 | Chad | Kurtz $ | 650.00 $ | 130.00 |
| 9/14/2024 | Committee - Fee / Employment Applications | Review and respond to N Rapoport inquiries. | 0.3 | Adam | Meislik $ | 850.00 $ | 255.00 |
| 9/14/2024 | Committee - Fee / Employment Applications | Continue to prepare responses to N Rapoport questions on time entries. | 1.1 | Adam | Meislik $ | 850.00 $ | 935.00 |
| | | Total | 98.9 | | | $ | 63,104.00 |

Force Ten Partners - The Litigation Practice Group P.C.
Expense Details for the period August 1, 2024 through September 23, 2024


None

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: FORCE TEN PARTNERS, LLC SECOND INTERIM, FOR THE PERIOD BETWEEN AUGUST 1, 2024 THROUGH SEPTEMBER 23, 2024, AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On 11/08/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**    birnberg@portersimon.com, kdwyer@portersimon.com
- **Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Aaron E. DE Leest**    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Michael W Davis**    mdavis@dtolaw.com, ygodson@dtolaw.com
- **Anthony Paul Diehl**    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com
- **Ashley Dionisio**    adionisio@omniagnt.com
- **Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Howard M Ehrenberg**    Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **Meredith Fahn**    fahn@sbcglobal.net
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **William P Fennell**    william.fennell@fennelllaw.com, wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Active\118774763.v1-1/20/21

- **Jeffrey I Golden**   jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffre
  yi.b117954@notify.bestcase.com
- **Richard H Golubow**   rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**   dgoodrich@go2.law,
  kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **Spencer Keith Gray**   spencer.gray@dinsmore.com
- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.co
  urtdrive.com
- **Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**   ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**   b.holman@musickpeeler.com
- **Richard L. Hyde**   rhyde@awglaw.com
- **Peter L Isola**   pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com
- **Sara Johnston**   sara.johnston@dinsmore.com
- **Sweeney Kelly**   kelly@ksgklaw.com
- **Joon M Khang**   joon@khanglaw.com
- **Ira David Kharasch**   ikharasch@pszjlaw.com
- **Meredith King**   mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**   nkoffroth@foxrothschild.com,
  khoang@foxrothschild.com;ca.dkt@foxrothschild.com
- **David S Kupetz**   David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**   chris@slclawoffice.com,
  langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**   Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**   daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**   bleyva@mayerbrown.com,
  2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Marc A Lieberman**   marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- **Michael D Lieberman**   mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**   Yosina.Lissebeck@Dinsmore.com,
  caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Mitchell B Ludwig**   mbl@kpclegal.com, kad@kpclegal.com
- **Daniel S March**   marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**   kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**   bklawr@bklaw.com,
  markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**   sarah.mattingly@dinsmore.com
- **William McCormick**   Bill.McCormick@ag.tn.gov
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**   bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**   gmoses@venable.com,
  cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **Jamie D Mottola**   Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**   anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**   vnewmark@pszjlaw.com
- **Jacob Newsum-Bothamley**   jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Israel Orozco**   israel@iolawcorp.com

- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Michael R Pinkston**    rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Tyler Powell**    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **Kevin Alan Rogers**    krogers@wellsmar.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**    olivia.scott@hklaw.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Maureen J Shanahan**    Mstotaro@aol.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- **Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **Leslie Skorheim**    leslie.skorheim@usdoj.gov
- **Adam D Stein-Sapir**    info@pfllc.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **John H. Stephens**    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Matthew J Stockl**    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **Michael R Totaro**    Ocbkatty@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**    rzepeda@omniagnt.com

**2.**    **SERVED BY UNITED STATES MAIL**: On 11/08/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

### See attached for additional parties

**3.**    **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/08/2024, I served the following persons and/or entities by personal delivery,  mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/08/2024 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| Date | Printed Name | Signature |

**Additional Parties Served by U.S. Mail**

**Creditors who have the 20 largest unsecured claims**

Debt Validation Fund II, LLC
5075 Lower Valley Road,
Atglen, PA 19310

MC DVI Fund 1, LLC; MC
DVI Fund 2, LLC
598 Cottonwood Dr.,
Glenview, IL 60026

Validation Partners LLC
1300 Sawgrass Pkwy, Ste. 110
Sunrise, FL 33323

Marich Bein LLC
99 Wall Street, Ste 2669
New York, NY 10005

Business Centers of America
1100 Sir Francis Drake Blvd,
Ste 1, Kentfield, CA 94904

JP Morgan Chase
3 Park Plaza, Ste 900
Irvine, CA 92614

CA Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0511

Outsource Accelerator Ltd
City Marque Limited
Unit 8801-2 Bldg. 244-248
Des Voeux Rd.
Central Hong Kong

Collaboration Advisors
400 Dorla Court
Zephyr Cove, NV 89448

Anthem Blue Cross
PO Box 511300
Los Angeles, CA 90051-7855

Azevedo Solutions Groups, Inc.
420 Adobe Canyon Rd.
Kenwood, CA 95452

Debt Pay Pro
1900 E Golf Road, Suite 550
Schaumburg, IL 60173

Sharp Business Systems
8670 Argent St
Santee, CA 92071

Tustin Executive Center
1630 S Sunkist Steet, Ste A
Anaheim, CA 92806

Exela Enterprise Solutions
2701 E. Grauwyler Road
Irving, TX 75061

Netsuite-Oracle
2300 Oracle Way
Austin, TX 78741

Credit Reporting Service Inc
548 Market St, Suite 72907
San Francisco, CA 94104-5401

Document Fulfillment Services
2930 Ramona Ave #100
Sacramento, CA 95826

Executive Center LLC
5960 South Jones Blvd
Las Vegas, NV 89118

LexisNexus
15500 B Rockfield Blvd
Irvine, CA 92618

**<u>Secured Creditors</u>**

Diverse Capital LLC
323 Sunny Isles Blvd., Suite 503
Sunny Isles, FL 33154

City Capital NY
1135 Kane Concourse
Bay Harbour Islands, FL 33154