1  Christopher Celentino (State Bar No. 131688)
   Yosina M. Lissebeck (State Bar No. 201654)
2  Christopher B. Ghio (State Bar No. 259094)
   **DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone:  619.400.0500
   Facsimile:  619.400.0501
5  christopher.celentino@dinsmore.com
   yosina.lissebeck@dinsmore.com
6  christopher.ghio@dinsmore.com

7  Special Counsel to Richard A. Marshack, Chapter 11
   Trustee For The Bankruptcy Estate Of The Litigation
8  Practice Group P.C. and Liquidating Trustee of the
   LPG Liquidation Trust

9
                    **UNITED STATES BANKRUPTCY COURT**
10
             **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**
11

12 | In re:                                  | Case No. 8:23-bk-10571-SC
13 | THE LITIGATION PRACTICE GROUP P.C.,     | Chapter 11
14 |                         Debtor.         | **SECOND AND FINAL CHAPTER 11**
15 |                                         | **APPLICATION OF DINSMORE &**
   |                                         | **SHOHL LLP FOR COMPENSATION**
   |                                         | **AND REIMBURSEMENT OF**
16 |                                         | **EXPENSES FOR THE PERIOD JULY 1,**
   |                                         | **2024 THROUGH SEPTEMBER 23, 2024;**
17 |                                         | **DECLARATION OF CHRISTOPHER**
   |                                         | **CELENTINO**
18

19 Hearing:
   Date:  January 14, 2025
20 Time:  10:00 a.m.
   Ctrm:  5C
21 Judge: Hon. Scott C. Clarkson
   Place:  411 West Fourth Street
22              Santa Ana, CA 92701

23
24
25
26
27
28

## SUMMARY OF FEE REQUEST

| | |
|---|---|
| Name of Applicant: | Dinsmore & Shohl LLP |
| Authorized to Provide Professionals Services to: | Special Counsel to Richard A. Marshack, Chapter 11 Trustee For The Bankruptcy Estate Of The Litigation Practice Group P.C |
| Date of Retention: | Application filed (ECF No. 91), and Order (ECF No. 171) entered on July 5, 2023, effective as of May 8, 2023 |
| Period for Which Final Award of Compensation and Reimbursement is Sought: | May 8, 2023 – September 23, 2024 |
| Amount of Final Award of Compensation Sought: | $5,947,875.25 |
| Amount of Final Award of Expenses Sought: | $63,191.65 |
| Second Period for Which Additional Compensation and Reimbursement is Sought: | July 1, 2024-September 23, 2024 |
| Amount of (Unpaid) Compensation Sought for Second Period: | $1,202,050.00 |
| Amount of (Unpaid) Expense Reimbursement Sought for Second Period: | $5,812.54 |
| Fees and Costs Previously Requested and Awarded: | Total Amount of $ 4,803,204.36, consisting of:<br><br>(i)  $4,745,825.25[1] for fees in the First Period (May 8, 2023 through June 30, 2024); and<br><br>(ii)  $57,379.11 for costs in the First Period (May 8, 2023 through June 30, 2024) |

---

[1] $650,000 of this amount has not been paid, as it is a hold back which will be paid pursuant to a Stipulation [Dkt 1698] and Order [Dkt 1714] entered September 20, 2024.

Dinsmore & Shohl LLP ("Dinsmore" or "Applicant"), as Special Counsel to Richard A. Marshack, Chapter 11 Trustee For The Bankruptcy Estate Of The Litigation Practice Group P.C. and Liquidating Trustee of the LPG Liquidation Trust (the "Trustee" or "Marshack") in the above-captioned bankruptcy case for the above captioned debtor (the "Debtor"), hereby submits this second and final application (the "Application") for an *Order* allowing and approving payment of final compensation for legal services rendered and reimbursement of expenses incurred or estimated to be incurred during the period May 8, 2023 through September 23, 2024 (the "Total Period"). The Total Period includes Dinsmore's *unpaid* request contained in this second application period of July 1, 2024 through September 23, 2024 (the "Application")

## I.

## **INTRODUCTION**

This Application is filed pursuant to section 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1. Applicant has reviewed the requirements of Local Rule 2016-1 and the Application complies with such rule.

On March 20, 2023 (the "Petition Date"), The Litigation Practice Group P.C. filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"), which commenced the above-referenced bankruptcy case (the "Case").

On May 8, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed Richard A. Marshack to serve in a fiduciary capacity as the chapter 11 trustee of the Debtor's Estate [Dkt. No. 62]. On or about May 8, 2023, the Trustee filed his Acceptance of Appointment as Chapter 11 Trustee [Dkt. No. 63]. On or about May 8, 2023, the Court approved the appointment of the Trustee as the Chapter 11 trustee in the Case [Dkt. No. 65].

On June 23 and 29, 2023, the U.S. Trustee appointed a seven-member Official Committee of Unsecured Creditors of the Litigation Practice Group P.C. (the "Committee") to represent the general interests of unsecured creditors in the Bankruptcy Case [Dkt. Nos. 134 and 157].

///

2

On or about July 5, 2023, by order entered August 17, 2017, the Court authorized Trustee's retention of Dinsmore as his special counsel [Dkt. No. 171].

On September 3, 2024, Dinsmore filed its First Chapter 11 Application for Compensation and Reimbursement of Expenses for the Period May 8, 2023 through June 30, 2024 [Dkt. No. 1621] (the "First Application"), which sought allowance and payment of $4,745,825.25 in fees and $57,379.11, for a total of $4,803,204.36.

On October 1, 2024, this Court entered its Omnibus Order Granting Applications for Compensation and Reimbursement of Expenses [Dkt. No. 1778] (the "First Fee Order") allowing Dinsmore's interim fees and expenses in the amount of $4,745,825.25 and $57,379.11, respectively. Dinsmore agreed to a voluntary deferral of $650,000.00, which shall be paid in accordance with Paragraph 4 of such order.

Pursuant to its First Application for allowance of fees and reimbursement of expenses Dinsmore was paid $4,153,204.36, representing fees in the amount of $4,095,825.25 and costs in the amount of $57,379.11.

By this Second Application, Dinsmore seeks allowance and payment of $1,202,050.00 in fees and $5,812.54 in expenses for the period from July 1, 2024 through September 23, 2024 (the "Application Period"), for a total of $1,207,862.54.  This requested amount takes into account: (1) deductions made for fees incurred but not charged in the approximate amount of $189,427.50; (2) deductions made for fees charged in the amount of $3,677.50 (which consists of approximately a 50% discount for travel time for required appearance at hearings); (3) deductions made for expenses incurred but not charged in the amount of $798.50;[2] and (4) for a voluntary no charge in total amount of $3,737.50.[3]  The total courtesy discounts/no charges represent approximately 16% of all fees.

Applicant, in compliance with the Court's Order Appointing Fee Examiner ("Examiner Order"), will transmitthe time records relevant to this Application to the Fee Examiner for review.

---

[2] Id.

[3] Details related to fees and expenses incurred but not charged are not reflected in this Application or the exhibits attached hereto.

1    The Application submitted herewith, and the time records in support thereof, will be reviewed by the

2    Fee Examiner prior to the hearing.  Applicant will make any adjustment as needed, through a

3    supplemental declaration, prior to the hearing.

4         Dinsmore seeks an order granting, on a final basis: (a) allowance of $5,947,875.25 for fees

5    incurred during the Total Period, and (b) authority for the Trustee to pay 100% of those allowed and

6    unpaid fees of $1,202,050.00 for the Second Period from available funds in the Estate to Dinsmore.

7    Further, Dinsmore seeks an order granting, on a final basis: (a) allowance of $63,191.65 for

8    reimbursement of those costs incurred during the Total Period, and (b) authority for the Trustee to

9    pay 100% of those allowed and unpaid costs of $5,812.54 for the Second Period from available

10   funds in the Estate to Dinsmore.

11                                              **II.**

12                              **<u>DINSMORE'S ROLE IN THE CASE</u>**

13        The Trustee has noted that, prior to his appointment in May 2023, the Debtor is a

14   professional corporation organized under the laws of the State of California with its principal place

15   of business in Tustin, California. As of the Petition Date, the Debtor operated as a law firm that

16   provided consumer debt validation services to its clients.  The Case has a storied history, and future,

17   and Applicant is proud of the role it has served in the Case to date, and the current and anticipated

18   results expected in the Case on behalf of the Trustee and creditors.

19        Tony M. Diab ("Mr. Diab"), and his disbarment in California and Nevada, was the direct

20   cause of the Debtor's formation. On January 14, 2019, the Supreme Court of the State of Nevada

21   entered an order disbarring Mr. Diab from the practice of law in Nevada. The Nevada disbarment

22   order related to significant misconduct, including stealing a $375,000 client settlement payment,

23   forging client retainer agreements to conceal the conversion of client funds, and forging the

24   signature of a judge on a falsified order. On February 7, 2019, the State Bar of California entered

25   default against Mr. Diab on similar claims in a pending California proceeding and ordered that Mr.

26   Diab's law license be placed on involuntary inactive status. Mr. Diab was subsequently disbarred

27   from the practice of law in California on January 10, 2020.

28

1    The Debtor was incorporated in California on February 22, 2019. The timing is noteworthy:

2    the incorporation occurred less than a month after Mr. Diab's Nevada disbarment and two weeks

3    after Mr. Diab's law license was placed on involuntary inactive status in California. The Trustee

4    alleges that the Debtor was formed to conceal the transfer and continuation of Mr. Diab's preexisting

5    debt resolution practice notwithstanding his inability to practice law.

6    It is with Applicant's assistance and investigation that the Trustee was able to document and

7    detail the below-noted horrifying picture of Mr. Diab's orchestrated fleecing of Debtor's consumer

8    clients, creditors, investors, and numerous third parties.

9    The Trustee has further alleged that the Debtor's named management served as a shell to

10    permit Mr. Diab to continue de facto control over business operations despite no longer holding a

11    license to practice law. John Thompson ("Mr. Thompson") was the original, sole shareholder and

12    managing partner of the Debtor between February and November 2019. Daniel March ("Mr.

13    March") took assignment of Mr. Thompson's ownership in the Debtor in November 2019, and

14    served as the sole shareholder and managing partner of the Debtor until the appointment of the

15    Trustee.  Mr. March has pleaded "no contest" to California disbarment proceedings regarding his law

16    license, essentially accepting the allegation that, during his tenure, he assisted Mr. Diab and the

17    Debtor in stealing over $272 Million from the consumer clients of LPG.

18    In each instance, the Trustee alleges that Mr. Diab effectively "rented" the law licenses of

19    Mr. Thompson and Mr. March, neither of whom exercised any actual management or control over

20    the Debtor. During this time, Mr. Diab impersonated Mr. March and Mr. Thompson, forged Mr.

21    March's signature on documents, and purportedly provided legal advice to clients of the Debtor.

22    Prepetition, the Debtor serviced more than 50,000 consumer clients across the United States

23    with an estimated annual cash flow of $150 million in 2022; that cash flow, however, does not

24    represent a revenue stream in which Debtor has an equitable interest, to the contrary, the monies

25    received were essentially trust funds belonging to consumer clients of LPG, and not LPG itself.

26    Generally, the relationship between the Debtor and its consumer clients was governed by a legal

27    services agreement (an "LSA") that established an attorney-client relationship between the parties.

28    During the course of the Case, the Debtor's LSA's were rejected, and the consumer clients, at their

election, were authorized to enter into brand new unrelated legal agreements with Morning Law Group ("MLG") (discussed infra.), and a portion of the revenue from which new agreements are pledged to the Debtor Estate from which payments to creditors can be made by the Trustee.

The Debtor utilized both in-house and third-party marketing affiliates to obtain consumer client referrals on a massive scale. The Debtor's "in-house" marketing efforts were operated through an entity called Coast Processing, which was acquired by Mr. Diab in 2021. The Debtor also utilized a network of hundreds of third-party marketing affiliates to purchase referrals. In each case, the Debtor acquired potential client data through in-house or third-party efforts that identified victims of predatory lending, significant debt potentially subject to challenge, and other methods. Rather than pay for these referral lists upfront, the Debtor paid third-party marketing affiliates a percentage of its "revenue" stream, the collections earned from referred clients through revenue generated from those clients during their engagement with the Debtor. The marketing affiliates' practices were dubious at best and, included direct solicitation and referral of clients (which may have violated the rules of professional conduct governing licensed attorneys in multiple jurisdictions).  Additionally, in some circumstances, the marketing affiliates would assist with the execution of an LSA between the Debtor and a consumer client.  Applicant asserts that this illegal arrangement was detrimental to Debtor and served primarily to line the pockets of the affiliate marketing companies.

The Trustee alleges, and Applicant investigated and determined, that Mr. Diab, and a series of co-conspirators, orchestrated and implemented a scheme to fraudulently transfer client files, and purportedly the related consumer trust funds to be received, to third parties. The series of prepetition transactions involving the Debtor, Mr. Diab, Mr. Diab's co-conspirators, or their affiliates include the following:

- Repeatedly either selling, or utilizing as purported collateral, the same accounts receivable from the same client files to factoring companies, other lenders, or investors;

- Transferring client files to third parties selected by Mr. Diab, or his co-conspirators, and such transfers of client files were made for inadequate or no consideration and without consumer client consent;

6

- Intercepting ACH draws from client accounts under the LSAs and diverting the funds collected to the fraudulent transferees; and

- Causing the fraudulent transferees to initiate redundant or duplicative, and unauthorized, ACH draws against consumer client accounts.

The foregoing transactions, among others, siphoned substantial cash flow from the Debtor. The Debtor also entered into a series of purportedly secured borrowings, sales, and investments on unfavorable terms to finance the Debtor's operations and pay fees owed to the Debtor's marketing affiliates that the Debtor's cash flow from accounts receivable were unable to sustain.

Creditors and clients became increasingly aware of the Debtor's misconduct, orchestrated by Mr. Diab and his co-conspirators. By way of example, between late April 2023 and May 2023, entities to which the Debtor impermissibly transferred client files began receiving significant client complaints related to duplicative or fraudulent ACH draws against their personal accounts. Other creditors who expected more significant payments under the terms of their agreements began filing lawsuits to enforce their asserted rights against the Debtor. On March 10, 2023, a California state court in one such lawsuit ordered the appointment of a receiver. The Debtor filed the Bankruptcy Case, in March 2023 in part, to frustrate the appointment of the Receiver.

The Trustee was appointed on May 8, 2023, and retained Applicant on May 18, 2024. Applicant commenced a "deep dive" of the allegations to date, and located witnesses who worked for LPG, worked for competitors of LPG (the fraudulent conveyance partners), creditors of LPG, and advertising affiliates of LPG who provided documents and testimony that established the many tentacles of the fraudulent enterprise established by Mr. Diab and his many co-conspirators. Applicant prepared and filed a complaint against the many participants in Diab's scam, and filed for a TRO under seal on May 25, 2023. The Court granted the TRO on May 26, 2023 and with Applicant's coordination and advanced planning, when served on many third parties, the LPG electronic infrastructure was essentially "frozen", the databases copied, the ACH processing halted, the bank accounts and sources of funds secured, the computer logins (except for a few nefarious operators) were mostly terminated and data retained, and the premises occupied by the fraudulent conveyance partner(s) that contained all of the Debtor's computers and related equipment was

catalogued and seized.  The Court granted a Preliminary Injunction on June 2, 2023 memorializing the TRO.  Applicant assisted in the preparation of successful financing motions, a successful motion to approve interim management agreement, and a successful motion to sell the assets of LPG – including its client contact lists and proprietary database and operating code – pursuant to written opinion issued July 21, 2024.  While there appears to be interference with the conversion of clients to new agreements with the buyer of the assets – which interference will become known in the next phase of the Case, Applicant has analyzed litigation targeting multiple fronts, and at this juncture notes:

> a.      Two lawsuits and successful motions, settlements and claims objections vis-à-vis secured creditors reduced alleged secured debt of $174,901,643 to a reduction of $1,355,000 with settlements insuring that effective day payments for secured creditors total $720,000 with the balance being paid after Applicant and the Estate are successful in obtaining $10 Million in litigation proceeds; with one claim, that of Azzure, set for Summary Judgment  in November and another Bridge, having appealed the granting of the Summary Judgment decided against it.

> b.      Applicant on behalf of the Trustee has filed 3 fraudulent conveyance and other claims against co-conspirators and other entities and has already achieved settlements in the amount of $1.6 Million.   Applicant on behalf of the Trustee has successfully pursued a writ of attachment against one such recipient, Bayrooti.

> c.      Applicant on behalf of the Trustee has filed 11 claims against marketing targets, seeking not less than $11.5 Million in damages, has obtained three default judgment in the amount of $3.9 Million, has one approved Settlement, for payment of $90,000 to the Estate, , has 3 Motions for Summary Judgment that have or will be filed shortly,  is discussing settlements in other matters, and has another 50-100 targets to review and investigate;

> d.      Applicant on behalf of the Trustee has filed 2 claims against MCA Defendants seeking not less than $7 Million in damages, and anticipates filing, another 5-10 such claims;

> e.      Applicant on behalf of the Trustee has filed multiple claims against avoidance recipients, as noted above, and anticipates filing additional claims.  Further, Applicant is assisting the Trustee in evaluating other avoidance recipients not noted above, that may not have been

marketers or MCA type lenders, but simply obtained an avoidable transfer within the applicable time period. That list contains over 517 potential transferees with approximately $100 Million or more in damages.

Applicant submits that its efforts to date have been highly successful, and as a result, the Trustee is poised to have a successful case.

### III.

### APPLICATION SUMMARY

**A.    Second Application Summary**

    **1.**    Applicant: Dinsmore & Shohl LLP

    **2.**    Application Period: July 1, 2024 through September 23, 2024

    **3.**    Date of Entry of Order Authorizing Employment: July 5, 2023

    **4.**    Date Services by Applicant Commenced: May 8, 2023

    **5.**    Date of Prior Fee Application: September 3, 2024

    **6.**    Advance Retainer Received: None

    **7.**    Fees Previously Awarded: $4,745,825.25[4]

    **8.**    Expenses Previously Awarded: $57,379.11

**B.    Fees and Expenses Sought in this Application**

By this Application, Dinsmore seeks allowance and payment of $1,202,050.00 in fees and $5,812.54 in expenses for the period from July 1, 2024 through September 23, 2024, for a total of $1,207,862.54. This requested amount takes into account:

(1) deductions made for fees incurred but not charged in the approximate amount of $189,427.50;

(2) deductions made for fees charged in the amount of $3,677.50 (which consists of approximately a 50% discount for travel time for required appearance at hearings);

(3) deductions made for expenses incurred but not charged in the amount of $798.50; and

(4) for a voluntary no charge in total amount of $3,737.50.

The total courtesy discounts/no charges represent approximately 16% of all fees.

---

[4] As reflected in the First Fee Order, Dinsmore agreed to a voluntary deferral of $650,000.00.

1   The fees and expenses requested, for the Application Period, hearing information on this

2   Application and the deadline for filing and serving a written opposition to this Application are set

3   forth in the Notice filed concurrently herewith.

4                                              **IV.**

5                                        <u>**BACKGROUND**</u>

6   **A.    <u>Terms of Employment</u>**

7   On or about June 7, 2023, Dinsmore submitted the Notice of Filing Application Pursuant to

8   11 U.S.C. Section 327(a) Authorizing the Retention and Employment of Dinsmore & Shohl LLP as

9   Special Counsel for Chapter 11 Trustee Richard A. Marshack and Opportunity to Request a Hearing

10  [Dkt No. 91], and the Authorizing the Retention and Employment of Dinsmore & Shohl LLP as

11  Special Counsel for Chapter 11 Trustee Richard A. Marshack [Dkt. No. 90]  and related pleadings

12  [Dkt. Nos. 90-1 and 92] (collectively, the "Employment Pleadings") whereby the Trustee sought to

13  employ Dinsmore as special counsel in this Case (the "Employment Application") pursuant to the

14  terms set forth therein.  By order entered on July 5, 2023, [Dkt. No. 171] (the "Employment Order"),

15  the Court approved the Employment Application and authorized the Trustee to employ Dinsmore as

16  its special counsel in this Case effective as of May 8, 2023.

17  Under the Employment Pleadings, Dinsmore agreed to be compensated for services rendered

18  on the basis of its hourly billings and expenses incurred, subject to approval by this Court.

19  Dinsmore has not shared, has no plan to, and has not entered into any agreement with any third

20  party, to share fees which may be allowed or paid as special counsel for the Trustee, except under

21  such arrangements as may exist among the partners and employees of Dinsmore.  As this Court is

22  aware, and as was disclosed in Dinsmore's Employment Pleadings at the outset of the Case,

23  Dinsmore did not receive a pre-petition retainer on account.  Dinsmore submitted a comprehensive

24  Rule 2014 disclosure at the outset [Dkt. Nos. 90-92] and one supplemental Rule 2014 disclosure

25  during the case [Dkt. No. 1430].

26  **B.    <u>Case Status and Dinsmore's Activity in the Case</u>**

27  **1.    <u>Motions to Dismiss or Convert the Bankruptcy Case and Appointment of the</u>**

28  **<u>Trustee by the U.S. Trustee.</u>**

On March 30, 2023, the Office of the United States Trustee filed a motion [Dkt. No. 21] (the "U.S. Trustee Dismissal Motion") to dismiss the Bankruptcy Case or convert the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code. Although filed only shortly after the Bankruptcy Case, the U.S. Trustee observed that the Debtor had already failed to comply with a litany of reporting requirements, including: (i) failure to provide proof of insurance; (ii) failure to provide evidence the Debtor closed its prepetition bank accounts or the opening of postpetition, debtor-in-possession bank accounts at authorized depositories; (iii) failure to provide required disclosures concerning real property, cash flow, required certificates and licenses, income tax returns, financial statements, employee benefits, insiders; and (iv) failure to provide evidence that the petition was recorded.

On April 19, 2023, Debt Validation Fund II, LLC, MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC collectively filed a motion [Dkt. No. 44] (the "Creditor Dismissal Motion") to dismiss the Bankruptcy Case or, in the alternative, convert the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code or appoint a chapter 11 trustee. The Creditor Dismissal Motion was premised on allegations the Debtor engaged in a prepetition pattern of dissipating its assets to marketing entities or insiders for less than fair value in a scheme to hinder, delay, and defraud creditors. The Creditor Dismissal Motion also alleged that the Debtor filed the Bankruptcy Case, in part, to frustrate efforts to obtain appointment of a receiver in state court.

On May 4, 2023, the Bankruptcy Court entered an order [Dkt. No. 58] granting the U.S. Trustee Dismissal Motion and ordering the appointment of a chapter 11 trustee. On May 15, 2023, the movants withdrew the Creditor Dismissal Motion.

On May 8, 2023, the U.S. Trustee filed a notice of appointment [Dkt. No. 62] of Richard A. Marshack as the chapter 11 Trustee and the Trustee accepted [Dkt. No. 63] the appointment. On May 8, 2023, the Bankruptcy Court entered an order [Dkt. No. 65] approving the appointment of the Trustee. Shortly thereafter, Applicant was retained as Trustee's Special Litigation Counsel.

**2.      Appointment of the Committee/**

On June 13, 2023, the Trustee filed an emergency motion [Dkt. No. 102] (the "Ad Hoc Committee Motion") to permit the Trustee to enter into an expense reimbursement agreement with

an ad hoc committee intended to advance the interests of all consumer client claimants. The U.S. Trustee objected [Dkt. No. 127], in part, on the grounds that the U.S. Trustee was in the process of re-soliciting creditor interest in serving on an official committee of unsecured creditors. On June 26, 2023, creditor Carolyn Beech objected [Dkt. No. 144] to the expense reimbursement motion. On June 26, 2023, the Trustee, U.S. Trustee, and Carolyn Beech entered into a stipulation [Dkt. No. 149] dismissing the Ad Hoc Committee Motion provided that the U.S. Trustee agree that a majority of any official committee of unsecured creditors remains comprised of consumer client claimants. On June 27, 2023, the Bankruptcy Court entered an order [Dkt. No. 151] approving the stipulation.

On June 23, 2023, the U.S. Trustee filed a notice [Dkt. No. 134] of the appointment of a five-member Committee. On June 29, 2023, the U.S. Trustee filed a notice [Dkt. No. 157] of the appointment of two additional members to the Committee, which resulted in a seven-member Committee. The Committee's membership is as follows: (i) Alexandra Lufti; (ii) April Reidy; (iii) Denise Burtchell; (iv) Angela Dows, Esq.; (v) Thomas Ray; (vi) Affirma, LLC; and (vii) Abigail R. Beaudin. Consistent with the Bankruptcy Court approved stipulation, the majority of the Committee's members are consumer client claimants.

### 3.    Postpetition Financial Reporting and Disclosures.

On the Petition Date, the Bankruptcy Court issued certain notices [Dkt. Nos.  2-6] of deficiencies or omissions in documents supporting the Petition and of the Bankruptcy Court's intent to dismiss the Bankruptcy Case in the event the deficiencies were not resolved.

On March 24, 2023, the Debtor filed a list [Dkt. No. 16] of the top 20 creditors holding unsecured claims. On April 4, 2023, the Debtor filed a corporate resolution [Dkt. No. 27] authorizing the filing of the Bankruptcy Case, a corporate ownership statement [Dkt. No. 28], a statement [Dkt. No. 29] of related cases, a disclosure [Dkt. No. 30] of attorney compensation, a summary [Dkt. No. 32] of assets and liabilities, Schedules A/B, D, E/F, G, and H [Dkt. No. 33], a statement of financial affairs [Dkt. No. 34], and a list [Dkt. No. 36] of equity security holders. On May 1, 2023, the Debtor filed an amended Schedule D [Dkt. No. 52], Schedule G [Dkt. No. 53], an amended statement of financial affairs [Dkt. No. 54], and a monthly operating report [Dkt. No. 55] for the month ended March 31, 2023. Based on the Plan Proponent's review, the Plan Proponents believe that the

financial disclosures filed by the Debtor are incomplete, unreliable, and otherwise of limited value

for purposes comprehensive assessment of the Debtor's financial condition on the Petition Date.

The Trustee has provided financial disclosures following his appointment. The Trustee

initially filed declarations [Dkt. Nos. 112, 184] in lieu of filing monthly operating reports, which

cover the months ending April 30, 2023, through June 30, 2023. The Trustee subsequently filed

monthly operating reports [Dkt. Nos. 510, 511, 512, 541, 542, 593, 740, 741, 765, 857, 950], which,

as of the date of this Disclosure Statement, cover the periods ending April 30, 2023, through January

31, 2024.

**4.**     **The Injunction Action.**

**(a)**     **The Complaint, Preliminary Injunction, and Amended Complaints.**

On May 25, 2023, Applicant prepared and filed on behalf of the Trustee a complaint [Adv.

Dkt. No. 1] initiating the adversary proceeding captioned Marshack v. Diab, et al., Adv. Proc. No.

8:23-ap-01046-SC ("Injunction Action"). As set forth more fully in the complaint, the Trustee filed

the Injunction Action, inter alia, to enjoin the transfer or dissipation of assets of the Debtor, recover

assets transferred pursuant to certain avoidable or fraudulent transactions, and obtain turnover of

certain Debtor assets not in the possession, custody, or control of the Debtor. The Injunction Action

relates primarily to the scheme, implemented by Mr. Diab, his co-conspirators, and their affiliates, to

fraudulently or otherwise impermissibly transfer assets of the Debtor discussed more fully herein.

On May 25, 2023, Applicant on behalf of the Trustee filed an emergency motion [Adv. Dkt.

No. 4], inter alia, seeking turnover of certain estate property, a preliminary injunction, lock-out of

certain parties from accessing certain estate property, and related relief. The motion and related

papers [Adv. Dkt. Nos. 3-8] included requests for immediate turnover and preservation of critical

operating information, client information, accounts, ACH processing accounts, bank accounts and

client funds. On June 23, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 70] granting

the motion.

On June 15, 2023, Applicant on behalf of the Trustee filed a first amended complaint [Adv.

Dkt. No. 62] primarily to correct the spelling or entity designations of named defendants and add

other defendants. The following defendants filed answers to the first amended complaint, but not the

1    second amended complaint: Tony Diab [Adv. Dkt. No. 134]; and Scott Eadie [Adv. Dkt. No. 241].

2    On October 13, 2023, Applicant on behalf of the Trustee filed a second amended complaint

3    [Adv. Dkt. No. 226]. The following defendants filed answers to the second amended complaint:

4    Greyson Law Center PC [Adv. Dkt. No. 251]; Marich Bein, LLC [Adv. Dkt. No. 263]; Daniel S.

5    March [Adv. Dkt. No. 280]; CLG and LGS Holdco, LLC [Adv. Dkt. No. 307]; BankUnited, N.A.

6    [Adv. Dkt. No. 314]; Eng Taing [Adv. Dkt. No. 326]; Touzi Capital, LLC [Adv. Dkt. No. 327];

7    Worldpay Group and Worldpay, LLC [Adv. Dkt. No. 395]; and Fidelity National Information

8    Services, Inc. dba FIS [Adv. Dkt. No. 396].

9    On October 27, 2023, the Court granted the Stipulated Order to Dismiss Defendants Han and

10   Jayde without prejudice [1046 Dkt. No. 250]. Defendants Han and Jayde remain bound by the

11   Preliminary Injunction and the Court's jurisdiction to enforce same.

12   On November 3, 2023, Eng and Touzi filed a Motion to Dismiss as to Trustee's Second

13   Amended Complaint [1046 Dkt. No. 265]. On December 22, 2023, the Court denied Eng and

14   Touzi's Motion to Dismiss as to Trustee's Second Amended Complaint [1046 Dkt. 299].

15   On November 8, 2023, Trustee filed a Dismissal of Occams Advisory, Inc.; Teracel

16   Blockchain Fund, LLC and Chris Winslow and as to erroneously named Defendants, B.A.T., Inc.

17   d/b/a/ Coast Processing, Guardian, Maverick Management, LLC, Eng Tang, and WorldPay, Inc. who

18   have since been properly named [1046 Dkt. No. 270].

19   On December 6, 2023, Defendant Greyson filed its Motion to Vacate the Court's Preliminary

20   Injunction [1046 Dkt. No. 290]. After Trustee's good faith effort to meet and confer with Greyson,

21   on January 8, 2024, the parties filed their Joint Statement of Issues and supporting declarations

22   [1046 Dkt. No. 325]. On January 16, 2024, Greyson filed further evidentiary objections and

23   declarations in support of their Motion in violation of the Court's December 28, 2023 Order [1046

24   Dkt. No. 293]. On December 16, 2024, the Court issued a further Scheduling Order on Greyson's

25   frivolous Motion to Vacate the Court's Preliminary Injunction Order [1046 Dkt. No. 333]. That

26   same day, Greyson again violated the Court's orders [1046 Dkt. Nos. 293 and 333] and filed further

27   briefing on its Motion to Vacate without leave of Court [1046 Dkt. No. 338].

28   On December 22, 2023, Defendants Loli and Lisa Cohen ("Cohen") filed separate Motions to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [1046 Dkt. Nos. 300 and 301]. The

hearings on Loli and Cohen's Motions to Dismiss was initially set for January 31, 2024 [1046 Dkt.

Nos. 301 and 302]. On January 16, 2024, the Court entered the Stipulated Order to Continue the

Hearings on Loli and Cohen's Motions to Dismiss to February 7, 2024 to allow the parties to work

towards a potential resolution of the issues raised by their Motions [1046 Dkt. No. 334]. On January

26, 2024, the parties filed a Further Stipulation to Continue the Hearings on Loli and Cohen's

Motions to Dismiss to provide further opportunity for the parties to resolve the issues raised by the

Motions to Dismiss [1046 Dkt. No. 360]. On March 13, 2024, Trustee filed his opposition to Loli

and Cohen's Motions to Dismiss [1046 Dkt No. 443 and 442]. On March 26, 2024, the Court

granted Defendants Loli and Cohen's Motions to Dismiss with leave to amend the SAC [1046 Dkt.

No. 458, 459]. Pursuant to the Court's Order, the Trustee's deadline to file his Third Amended

Complaint as to Defendants Loli and Cohen was April 19, 2024 [1046 Adv. Dkt. No. 458, 459]. On

April 26, 2024, the Trustee filed its Third Amended Complaint [1046 Dkt. No. 506], pursuant to this

Court order granting an extension to file same [1046 Dkt. No. 507].

On January 18, 2024, Trustee filed his Motion to Dismiss his claims against Defendants

Marich Bein, LLC and BankUnited, NA in order to sever his claims from the 1046 Action and file a

new adversary proceeding [1046 Dkt. No. 339]. On February 29, 2024, the Court granted Trustee's

Motion to Dismiss [1046 Dkt. No. 436].

On January 24, 2024, Bradford Lee filed an Emergency Motion to Quash his deposition

unilaterally set by Greyson without leave of Court to conduct early discovery, among other issues

[1046 Dkt. No. 347]. At the hearing, the Court granted in part and denied in part Lee's Motion to

Quash [1046 Dkt. No. 351]. The Court's Order at the hearing: (1) continued the deposition of

Bradford Lee to February 2, 2024 at 10:00 am to be held in person at the office of the Bankruptcy

Law Firm, PC; (2) set January 29, 2024 as the deadline for any party to file a motion for a protective

order as to Bradford Lee's continued deposition; (3) amended 1046 Dkt. No. 333 continuing

Greyson's deadline to file briefing on its evidentiary objections to February 29, 2024; (4) amended

1046 Dkt. No. 333 continuing Trustee's deadline to file an opposition in response to Greyson's

further briefing; (5) amended 1046 Dkt. No. 333 continuing Greyson's deadline to file a reply to

March 21, 2024; and (6) amended 1046 Dkt. No. 333 to continue the hearing on Greyson's frivolous

Motion to Vacate to March 27, 2024 at 1:30 pm. The Court ordered counsel for Trustee to prepare

such an order and further requested that the order include language that all other orders set forth in

Adv. Dkt No. 333 were to be followed. By way of objection, Greyson sought to have extraneous

information included in the Order expanding the scope of further briefing and language intended to

harass, intimidate and threaten Bradford Lee. Specifically, language ordering him to testify

truthfully, which is required of every deponent, and with no evidence of any wrongdoing other than

providing truthful testimony supported by actual evidence that contradicts Han's self-serving

declarations that are unsupported by any evidence.

On February 12, 2024, Defendants Worldpay Group, Worldpay, LLC and Fidelity National

Information Services, Inc. dba FIS filed answers to Trustee's Second Amended Complaint [1046

Dkt. Nos. 395, 396].

On February 12, 2024, Trustee filed his Motion for Order Approving Compromise of

Controversy as to Defendant [1046 Dkt. No. 394]. February 16, 2024, Trustee re-filed his Motion for

Order Approving Compromise of Controversy as to Maverick Bankcard, Inc. in the main bankruptcy

case to provide notice to all creditors [Bankr. Dkt. No. 942]. On March 4, 2024, Trustee filed his

Notice of Withdrawal of his Motion for Order Approving Compromise with Maverick Bankcard, Inc

as to the Motion filed in the 1046 Action only [1046 Dkt. No. 430]. On March 8, 2024, the Court

granted Trustee's Motion for Order Approving Compromise with Maverick Bankcard, Inc. in the

main bankruptcy case [Bankr. Dkt. No. 1035].

On February 20, 2024, counsel for Defendant Cohen filed a Motion to Withdraw as Counsel

[1046 Dkt. No. 401]. On March 13, 2024 the Court granted counsel's Motion by default [1046 Dkt.

No. 451].

On February 22, 2024, Defendant Han filed her Motion for a Protective Order [1046 Dkt.

No. 403] related to Trustee's Deposition Subpoena and Request for Production of Documents in

order to oppose Greyson's frivolous Motion to Vacate the Preliminary Injunction. On February 27,

2024, Trustee filed its opposition to Han's frivolous Motion for a Protective Order and Request for

Sanctions [1046 Dkt. No. 416]. On February 28, 2024, this Court denied Defendant Han's Motion

for a Protective Order, continued the hearing on Greyson's frivolous Motion to Vacate to May 1, 2024, and continued the briefing schedule for Greyson's supplemental brief, Trustee's supplemental opposition, and Greyson's supplemental reply, and set a hearing on Trustee's Request for Sanctions [1046 Dkt. No. 418]. Trustee and Defendant Han settled Trustee's Request for Sanctions, which was granted by the Court on March 15, 2024 [1046 Dkt. No. 445].

On March 26, 2024, Trustee filed his complaint initiating Adversary Proceeding No. 8:24-ap-01040-SC [1040 Dkt. No. 1] against Marich Bein, BankUnited, Vulcan Consulting Group, LLC and Lisa Cohen.

On April 2, 2024, Greyson filed its Supplemental Brief in support of its Motion to Vacate, including the Declarations of Han Trinh, Tony Diab, Scott Eadie and Kathleen March [1046 Adv. Dkt. No. 474]. Greyson further filed four (4) sets of improper Evidentiary Objections to the Declaration of Brad Lee, Supplemental Declaration of Brad Lee, Declaration of Alex Rubin and Declaration of Jeremy Freedman [1046 Dkt Nos. 475, 475, 477, 478]. On April 17, 2024, Trustee filed his Supplemental Opposition to Greyson's Supplemental Brief in support of its Motion to Vacate and Responses to four (4) sets of meritless Evidentiary Objections filed by Greyson on April 2, 2024 [1046 Dkt. Nos. 493, 493-1 to 493-11]. On April 18, 2024 the Trustee filed the declaration of Randall Balwin Clark in Opposition to Greyson's Motion to Vacate and subsequently the exhibits thereto [1046 Dkt. No. 495 and 498]. On April 24, 2024, Greyson filed its Reply in support of its Motion to Vacate and additional evidentiary objections [1046 Dkt. Nos. 501-505]. On May 1, 2024, the Court held a hearing on Greyson's Motion to Vacate. At the hearing the Court ordered the parties to file separate findings of fact and conclusions of law. On May 15, 2024, Greyson and Trustee filed their respective finding of fact and conclusions of law [1046 Dkt. Nos. 532 and 537, respectively]. On August 27, 2024 the Court denied Greyson's Motion to Vacate [Bankr. Dkt. No. 1545].

On May 6, 2024, Greyson filed its motion to dismiss the Trustee's Third Amended Complaint [1046 Dkt. No. 513]. On May 29, 2024, the Trustee filed his opposition to Greyson's motion to dismiss [1046 Dkt. No. 548]. On June 5, 2024, Greyson filed its Reply in support of its motion to dismiss and request to strike portion of the declaration of Jeremy Freedman [1046 Dkt. Nos. 561 and 562]. On June 10, 2024, the Court denied Greyson's motion to dismiss [1046 Dkt. No.

566].

On May 7, 2024, Greyson filed its motion to compel the production of a purported contract pursuant to its request for production of documents [1046 Dkt. No. 515]. On June 7, 2024, the Court denied Greyson's motion to compel and ordered the Trustee to file a supplemental declaration regarding his lack of possession, custody or control of the contract sought by Greyson [1046 Dkt. No. 564]. On June 17, 2024, the Trustee filed his declaration pursuant to the Court's order denying Greyson's motion to compel [1046 Dkt. No. 572]. On June 20, 2024, Greyson filed its motion to strike the Trustee's declaration [1046 Dkt. No. 573]. On July 15, 2024, the Court denied Greyson's motion to strike [1046 Dkt. No. 598].

On May 10, 2024, Loli filed her motion to dismiss the Third Amended Complaint [1046 Dkt. No. 522]. On May 29, 2024, Trustee filed his opposition to Loli's motion to dismiss [1046 Dkt. No. 549]. On June 5, 2024, Loli filed her Reply in support of her motion to dismiss [1046 Dkt. No. 560]. On June 10, 2024, the court denied in part and granted in part Loli's motion to dismiss and granted the Trustee leave to amend to provide a more definite statement regarding his negligence cause of action [1046 Dkt. No. 567]. On June 28, 2024, the Trustee timely filed his Fourth Amended Complaint pursuant to the Court's order denying in part Loli's motion to dismiss the Third Amended Complaint [1046 Dkt. No. 583].

**(b)** **Motions to Dismiss the Injunction Action.**

On November 3, 2023, defendants, Eng Taing and Touzi Capital, LLC, filed a motion [Adv. Dkt. No. 265] to dismiss the second amended complaint in the Injunction Action. On November 22, 2023, Applicant prepared filed and served an Opposition [Adv. Dkt. No. 283].  Applicant appeared an argued at the hearing, and on December 22, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 299] denying the Eng Taing and Touzi Capital, LLC motion to dismiss.

On December 22, 2023, defendants Rosa Bianca Loli and Lisa Cohen filed motions [Adv. Dkt. Nos.  300, 301] to dismiss the second amended complaint in the Injunction Action. On March 13, 2023, Applicant prepared, filed and served the Trustee's oppositions [Adv. Dkt. Nos.  442, 443] to the motions. The Court granted in part and denied in part the Motion [Adv. Dkt No. 459] and Applicant prepared filed and served the third amended complaint as instructed.

**(c)    Voluntary Dismissals of Defendants to the Injunction Action,**

On July 24, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No. 103] of dismissal, without prejudice, of defendant, the United States Parcel Service.

On August 1, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No. 119] of dismissal, without prejudice, of defendant, Phoenix Law Group, Inc.

On October 6, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 221] approving a stipulation to dismiss without prejudice defendants, Gallant Law Group, PC and Center Pointe Law, PC.

On October 27, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 250] approving a stipulation to dismiss without prejudice defendants, Han Trinh and Jayde Trinh.

On November 11, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No. 270] of dismissal, without prejudice, of defendants, Occams Advisory, Inc., Teracel Blockchain Fund, LLC, Chris Winslow, B.A.T., Inc. d/b/a Coast Processing, Guardian, Maverick Management, LLC, Eng Tang, WorldPay, Inc., William Taylor Carss, and Maria Eeyah Tan.

On January 30, 2023, Applicant on behalf of the Trustee filed a notice [Adv. Dkt. No. 372] of dismissal, without prejudice, of defendants, Jake Akers and Authorize.net.

On March 15, 2024, the Bankruptcy Court entered an order [Adv. Dkt. No. 446] granting the Trustee's motion [Dkt. No. 339] to dismiss without prejudice Marich Bein, LLC and BankUnited, N.A. as defendants to the Injunction Action to permit the Trustee to file a new complaint against the defendants in a separate adversary proceeding.

**(d)    Defaults Entered Against Defendants to the Injunction Action.**

The Clerk of the Bankruptcy Court has entered defaults against the following defendants: Vulcan Consulting Group, LLC [Adv. Dkt. No. 144]; Wes Thomas [Adv. Dkt. No. 145]; Seamless Chex, Inc. [Adv. Dkt. No. 153]; Teracel Blockchain Fund II, LLC [Adv. Dkt. No. 154]; Jake Akers [Adv. Dkt. No. 163]; BAT, Inc. d/b/a Coast Processing [Adv. Dkt. No. 164]; Jimmy Chhor [Adv. Dkt. No. 174]; Oakstone Law Group, P.C. [Dkt. No. 177]; Prime Logix, LLC [Adv. Dkt. No. 179]; Revolv3, Inc. [Adv. Dkt. No. 180]; and Guardian Processing, LLC [Adv. Dkt. No. 181]. As of the date of this Disclosure Statement, the Bankruptcy Court has not entered default judgments.

**(e)**      **Settlements and Compromises of Claims Related to the Injunction**

**Action.**

On July 6, 2023, Applicant on behalf of the Trustee filed a motion [Dkt. No. 176] in the

Bankruptcy Case to approve a stipulated judgment with Phoenix Law, PC ("Phoenix") that, among

other things, provides a finding that the Debtor's prepetition transfer of approximately 40,000

consumer client files to Phoenix is avoided as a preferential or fraudulent transfer, and providing for

the recovery of such consumer client files and related material. The settlement agreement also

provided for the dismissal of defendants, William Taylor Carss and Maria Eeya Tan, without

prejudice. On August 7, 2023, the Bankruptcy Court entered an order [Dkt. No. 365] approving the

settlement motion.

The Injunction Action remains pending as of the date of this Disclosure Statement.

Applicant anticipates further proceedings in the Injunction Action later in fall, 2024.

**5.**      **The Postpetition Financing Motions.**

Applicant on behalf of the Trustee prepared, filed and served motions that requested

postpetition financing to fund ordinary business operations of the Debtor because the estate lacked

adequate available cash to fund such expenses. Specifically, the U.S. Trustee objected to the use of

postpetition funds collected from consumer clients by ACH draws and the estate lacked significant

cash on hand as of the Petition Date. The Trustee contended that maintaining the Debtor's operations

postpetition was necessary to preserve the going-concern value of the Debtor in advance of any sale

of the Debtor's business.

On June 16, 2023, Applicant on behalf of the Trustee filed an emergency motion [Dkt. No.

119] (the "First Financing Motion") to obtain postpetition financing, on an unsecured, superpriority

administrative basis, from Resolution Ventures in the amount of $800,000, including an initial

advance of $350,000 and a subsequent advance of $450,000. On June 22, 2023, the Bankruptcy

Court entered an order [Dkt. No. 131] (the "First Financing Order") approving the First Financing

Motion on an interim basis.

On June 29, 2023, Applicant on behalf of the Trustee filed an ex parte notice [Dkt. No. 156]

(the "Second Financing Motion") of an alleged nonmaterial modification to the promissory note by

and between the Trustee and Resolution Ventures, pursuant to the First Financing Order. The Second

Financing Motion indicated that Resolution Ventures had advanced $240,000 of the $800,000 loan

amount prior to entry of the First Financing Order; however, Resolution Ventures subsequently

informed the Trustee that it was unable to provide any further advances under the promissory note.

The Second Financing Motion proposed that the non-material modification would substitute Liberty

Acquisitions Group, Inc. ("Liberty"), an affiliate of Consumer Legal Group PC ("CLG"), as the

lender for the remaining $560,000 balance of the approved, unsecured, superpriority administrative

loan, and repayable on a *pari passu* basis with the $240,000 loaned by Resolution Ventures.

On June 29, 2023, the Bankruptcy Court set [Dkt. No. 158] an emergency hearing on the

Second Financing Motion, which Applicant appeared and argued at. On July 3, 2023, the

Bankruptcy Court entered an order [Dkt. No. 168] (the "Second Financing Order") authorizing, on

an interim basis, the proposed loan from Liberty Acquisitions Group, Inc.

On July 16, 2023, Applicant on behalf of the Trustee filed an emergency motion [Dkt. No.

249] (the "Third Financing Motion") to obtain postpetition financing, on an unsecured, superpriority

administrative basis, from Resolution Ventures, in the amount of $249,663.98, and from Liberty, in

the amount of $249,663.98. On July 18, 2023, the Committee filed an objection [Dkt. No. 282] to the

Third Financing Motion, in part, on the grounds that the proposed, amended Liberty promissory note

would have impermissibly permitted Liberty to obtain immediate repayment of its postpetition loans

from the first sale proceeds received by the estate. Applicant appeared and argued at the hearing.  On

July 20, 2023, the Bankruptcy Court entered an order [Dkt. No. 310] (the "Third Financing Order")

approving the Third Financing Motion on an interim basis; provided, however, that Liberty would no

longer provide the additional $249,663.98 in financing and would instead be replaced by

PanAmerican Consulting Inc. without the immediate repayment provisions in the Liberty note.

On August 21, 2023, the Bankruptcy Court entered orders [Dkt. Nos.  413, 414, 415]

approving on a final basis the financing authorized under the First Financing Order, the Second

Financing order, and the Third Financing Order.

Upon Plan Confirmation, the post-petition loans had to be paid.  They were. The Estate paid

the postposition lenders as required.

**6.**     **Motion to Approve Management Agreement.**

On July 10, 2023, Applicant prepared, filed and served on behalf of the Trustee a motion [Dkt. No. 204] to authorize the Trustee to enter into a management agreement with Resolution Processing to provide the services of Russell Squires and Gary DePew for $60,000 for the first month of services, and $40,000 per month for each month thereafter, for no more than three months. The Trustee requested approval of the management agreement to provide persons familiar with the business operations of the Debtor to maintain operations until the closing of a sale. At the hearing concerning the sale, the Committee requested that Russ Squires, serving in a representative capacity for bidder, Morning Law Group, resign from his management position as of the July 20, 2023, bid. On August 21, 2023, the Bankruptcy Court entered an order [Dkt. No. 412] approving the motion as modified on the record at the sale hearing.

On September 28, 2023, Applicant prepared, filed and served on behalf of the Trustee a motion [Dkt. No. 545] to surcharge secured creditor collateral, as applicable, to provide for the immediate payment of the management fee. The Committee objected [Dkt. No. 557] on the grounds that the extent of secured creditor collateral was not yet determined and that the order approving the management agreement only entitled Mr. Squires to an administrative claim rather than ordinary course payment. The Committee also reserved rights to the extent the payment was ultimately determined to come from unencumbered funds. On October 27, 2023, the Bankruptcy Court entered an order [Dkt. No. 601] granting the surcharge motion and authorizing payment of the management fee.

**7.**     **The Morning Law Group Sale.**

**(a)**     **Asset Sale.**

On July 7, 2023, Applicant prepared, filed and served on behalf of the Trustee a motion [Dkt. No. 191] (the "Sale Motion") to approve a sale of substantially all of the Debtor's assets. The Sale Motion sought approval of that certain Agreement of Purchase and Sale and Joint Escrow Instructions by and between the Trustee and CLG (the "CLG PSA"). Under the CLG PSA, CLG would purchase certain of the Debtor's assets for the following consideration: (i) an $8 million deposit; and (ii) a post-closing "earn-out," after deducting a 20% administrative fee, calculated as (a)

22

20% of all amounts collected by CLG on "Active Executory Contracts," as defined in the CLG PSA and (b) 15% of all amounts collected by CLG on "Inactive Executory Contracts" As defined in the CLG PSA.  The CLG PSA included other provisions such as the appointment of an ethics compliance monitor to ensure compliance with applicable regulations in the post-closing operations of the Debtor's business.

On July 10, 2023, the Bankruptcy Court sua sponte entered an order [Dkt. No. 206] requesting both briefing concerning the Sale Motion and optional supplemental briefing concerning the Bankruptcy Court's authority to approve the sale in light of the Debtor's prepetition illegal operations and the appropriate conditions and available post-sale reformations of any and all business operations.  The Trustee set forth that the sale of the consumer identity with the entry of new ethically compliant legal agreements, was within the Court's authority.

On July 17, 2023, the following parties filed supplemental briefing in accordance with the Court's supplemental briefing order: Carolyn Beech and Diane Scarnavack [Dkt. No. 254]; CLG [Dkt. No. 257]; the U.S. Trustee [Dkt. No. 259]; the Trustee [Dkt. No. 260]; the Committee [Dkt. No. 264]; and Debt Validation Fund II, LLC, MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC [Dkt. No. 267]. The following parties filed responses to the pocket briefs: (i) the Committee [Dkt. No. 292]; and (ii) CLG [Dkt. No. 307].

On July 19, 2023, the following parties filed responses to the Sale Motion: Affirma, LLC [Dkt. No. 285]; Oxford Knox, LLC [Dkt. No. 287]; the National Association of Consumer Bankruptcy Attorneys and National Consumer Bankruptcy Rights Center [Dkt. No. 288]; Alteryx, Inc. [Dkt. No. 289]; Debt Validation Fund II, LLC, MC DVI Fund 1, LLC, and MC DVI Fund 2, LLC [Dkt. No. 290]; Azzure Capital, LLC [Dkt. No. 294]; the U.S. Trustee [Dkt. No. 296]; OHP-CDR, LP [Dkt. No. 299]; and the Committee [Dkt. No. 300].

On July 20, 2023, Applicant on behalf of the Trustee filed a reply [Dkt. No. 313] in support of the Sale Motion.  On July 21, 2023, the Bankruptcy Court held a hearing on the Sale Motion. Applicant appeared and argued at the hearing, where the Trustee sought approval of a revised and further negotiated form of the CLG PSA to which the Trustee, the Committee, and CLG agreed. The hearing resulted in a competitive bidding process between CLG, the Bensamochan Law Group, and

Morning Law Group ("MLG").

The bidding process resulted in the selection of MLG as the winning bidder, pursuant to that certain Agreement of Purchase and Sale and Joint Escrow Instructions by and between the Trustee and MLG [Dkt. No. 416] (the "Purchase Agreement"). The Purchase Agreement provided for the transfer of certain of the Debtor's assets to MLG. The purchase price was calculated as: (i) a deposit in the amount of $5.5 million; and (ii) an post-closing "earn-out" calculated as (a) 50% of all amounts collected by MLG on "Active Executory Contracts," as defined in the purchase agreement and (b) 40% of all amounts collected by MLG on "Inactive Executory Contracts" as defined in the purchase agreement The Estate was not entitled to receive earn-out payments until MLG satisfied the financing it obtained to fund the deposit.  The actual amount to be received from the sale is based on, among other things, MLG's actual entry into new ethically compliant legal services agreements with former LPG clients.. As set forth more fully in this Disclosure Statement, the combined recovery under the Sale Transaction, including the deposit, is estimated at approximately $14.1 million.[5]

On July 22, 2023, the Court entered a memorandum decision [Dkt. No. 320] approving the Sale Transaction. On August 2, 2023, the Court entered an order [Dkt. No. 352] granting the Sale Motion. The Sale Transaction closed on August 4, 2023.

**(b)** **Appointment of the Monitor.**

On August 7, 2023, the Court entered an order [Dkt. No. 363] appointing Nancy Rapoport as ethics compliance monitor (the "Monitor"), pursuant to the Purchase Agreement and Sale Order. The order of appointment provided that the role of the Monitor is strictly to monitor MLG's compliance with generally understood ethical standards and consumer protection obligations in its going-forward business servicing the Debtor's former consumer clients.

On November 27, 2023, the Monitor filed her first report [Dkt. No. 720] concerning MLG's compliance with ethical obligations. On February 21, 2024, the Monitor filed her second report [Dkt. No. 951] concerning MLG's compliance with ethical obligations.

The Monitor (with the no-charge assistance of Applicant) has filed monthly fee statements

---

[55] There appears to have been some interference in the customer negotiation transactions that led to a reduced "opt in" schedule than that anticipated and disclosed by the Trustee as part of the Sale Assumptions.  Trustee expects subsequent proceedings concerning the outcome of his investigation in this regard in the fall 2024.

24

1  [Dkt. Nos.  524, 525, 567, 614, 748, 812, 813, 913, 915, 978, 1084, 1194, 1272, 1403, 1480, 1612,

2  and 1782] since her appointment. On November 13, 2023, the Bankruptcy Court entered an order

3  [Dkt. No. 661] approving a stipulation providing for payment of the Monitor through funds held by

4  MLG. On February 8, 2024, the Bankruptcy Court entered an order [Dkt. No. 928] granting the

5  Trustee's motion to surcharge secured creditor collateral, if any, to fund accrued fees of the Monitor.

6  Applicant continues its reporting to Monitor and has fielded multiple questions from third party

7  attorneys' general who are in touch with the Monitor concerning their independent investigations of

8  Mr. Diab and his band of co-conspirators.

9          **(c)**      **Opt-Out Notice and Assumption and Rejection.**

10         On August 16, 2023, Applicant prepared the Trustee's 90-day opt-out notice to consumer

11  clients [Dkt. Nos.  403, 404] whose LSAs were potentially subject to assumption and assignment,

12  pursuant to applicable California law. The opt-out notice and procedure were implemented in

13  consultation with the Trustee, Committee, Monitor, and MLG to comply with applicable law

14  governing a sale of law firm clients.

15         On September 8, 2023, Applicant prepared and filed Trustee's notice [Dkt. No. 489] of

16  potential assumption and assignment of executory agreements, pursuant to the Purchase Agreement

17  and Sale Order. Following service of the notice, the Bankruptcy Court granted [Dkt. Nos.  523, 555,

18  927] several motions to reject executory agreements, including LSA, pursuant to the terms of the

19  Purchase Agreement and Sale Order.

20         **(d)**      **Projected Recoveries and Potential Disputes.**

21         The Trustee projects that recoveries under the Purchase Agreement will be materially less

22  than the top line projected estimate existing as of the time of the sale hearing, largely because: (i)

23  MLG encountered significant difficulty (perhaps because of unwarranted interference) in converting

24  the former clients to MLG clients under new legal service agreements and; (ii) due to the Monitor's

25  position concerning the timing within which MLG was permitted to begin outreach and recovery of

26  the Inactive Executory Contracts.

27         **8.**      **The 3012 Motion.**

28         On February 7, 2024, the Applicant filed Trustee's motion [Dkt. No. 924] to determine the

25

amount of secured claims, if any, held by: (i) Everyday Funding Group, (ii) Green Fund, (iii) World Global Fund, (iv) MCA Capital Holdings, (v) StratCap Management, (vi) Cobalt, (vii) Cloudfund, (viii) BMF, (ix) Kevlar, and (x) Franklin Capital. The motion provided that relief was appropriate, under Bankruptcy Rule 3012, because each claim related to a UCC-1 financing statement that was not terminated notwithstanding the Trustee's belief that the value of the underlying claim was $0. The Trustee also sought authority to file UCC-3 termination statements with respect to any creditor whose claim was valued at $0. None of the allegedly secured creditors subject to the motion filed responses or appeared at the hearing on the motion. On March 13, 2024, the Bankruptcy Court entered an order [Dkt. No. 1021] granting the motion, valuing the claims of listed secured creditors at $0, and permitting the Trustee to file UCC-3 termination statements with respect to such claims.

### 9. __Motions to Approve Compromises[6].__

On February 16, 2024, Applicant filed Trustee's motion [Dkt. No. 942] to approve a compromise with Maverick Bankcard, Inc. The Trustee asserted that Maverick established a prepetition reserve that held approximately $628,343.18 as of the Petition Date and that Maverick has certain setoff or recoupment rights with respect to refunds, chargebacks, or ACH returns incurred while processing payments from the Debtor's consumer clients. Pursuant to the settlement, Maverick has agreed to apply its setoff rights with respect to the reserve and release to the Debtor $216,010.65, which is attributable to the remaining reserve balance and an amount inadvertently withheld postpetition.

On March 15, 2024, the Bankruptcy Court entered an order [Dkt. No. 1027] approving a stipulation between the Trustee and Pioneer Funding Group II, LLC reclassifying its secured claim as an unsecured claim and deeming the unsecured claim allowed in the amount of $366,500, subject to disallowance, pursuant to § 502(d).

On March 19, 2024, the Trustee and City Capital NY filed a stipulation with the Bankruptcy Court [Dkt. No. 1041] reclassifying City Capitals secured claim as an unsecured claim and deeming it allowed in the amount of $2,950,000.00, subject to disallowance, pursuant to § 502(d).

### 10. __Plan and Effective Date.__

---

[6] Other Motions to Compromise are discussed below in reference to the proceedings they resolved.

26

On August 29, 2024, the Court held a confirmation hearing (the "Confirmation Hearing") on the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024) [Dkt. No. 1344] (the "Plan"). On September 9, 2024, the Court its Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024) [Dkt. No. 1646] (the "Confirmation Order"). On September 24, 2024, as Dk. No. 1762, the Trustee filed the Notice of Occurrence of the Effective Date of the Plan, which was September 24, 2024 [Dkt. No. 1762] (the "Effective Date").

**11.** **Progress Made Toward Substantial Consummation of the Plan.**

**(a)** **Administrative Claims**

**Administrative Claim Appeals**

On August 27, 2024, the Court denied the administrative expense motions of Han Trinh [Dkt. No. 674] seeking $136,280.56, Phuong (aka Jayde) Trinh (Dk. No. 675) seeking $114,825.14, and Greyson Law Center, PC (Dk. No. 676) seeking $5,434,633.00. The Court entered the following Orders denying the administrative claims: Han Trinh ("Han") as Dk. No. 1548; Phuong (aka Jayde) Trinh ("Jayde") as Dk. No. 1547; and Greyson Law Center, PC ("Greyson") as Dk. No. 1546. On September 9, 2024, Han, Jayde, and Greyson each filed Notices of Appeal and Statements of Election to Bankruptcy Appellate Panel ("Admin Claim Appeals"). On September 7, 2024, the Trustee filed his Statements of Election to Proceed in U.S. District Court for all three Admin Claim Appeals. Currently, the Admin Claim Appeals are assigned the following case numbers: Han Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02077-FMO ("Han Appeal"); Phuong Jayde Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02243-FMO ("Jayde Appeal"); and Greyson Law Center, PC v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02074-FMO ("Greyson Appeal").

**Administrative Claim Payments**

On September 18, 2024, the Trustee made payments to the following administrative expense claimants:

- 14 administrative claimants with whom the Trustee previously entered into stipulations that have been approved by the court (Name, Dk. No.): (1) ADP, 665; (2) Wells Marble and Hurst, PLLC, 679; (3) SDCO Tustin Executive Center, Inc., 686; (4) Melina Beltran, 693; (5)

27

Kimberly Torres, 694; (6) Melissa Wilkes, 695, amended by 727; (7) R. Reed Pruyn, 698; (8) Jorge E. Sanchez, 700; (9) Jaslynn Sanchez, 701; (10) Amy Ginsburg, et al, 706; (11) Randall Baldwin Clark, Attorney at Law, PLLC, 707; (12) Sharp Electronics Corporation, 729; (13) Israel Orozco, 862; (14) Jennifer McLaughlin, 1363.

- Two administrative claimants whose motions the Trustee did not oppose: David Orr, Esq., (Dk. No. 697) in the amount of $31,068.45 and Peter Schneider (Dk. No. 702) in the amount of $67,252.77.

- Two administrative claimants who did not file motions because the Court already authorized and allowed such amounts:  FTL 500 Corp. in the amount of $10,000, Dk. No. 825, and River Tree, LLC, in the amount of $35,843.77, Dk. No. 522.

In all, the Trustee made 18 payments totaling of $790,106.32 to the allowed administrative expense claimants. The Trustee has made other payments to retained professionals on account of their interim fees as allowed and approved by the Court.

Currently, there are three administrative expense motions that remain pending to which the Trustee's response has been extended. The motions are set for hearings on December 5, 2024, and Trustee's responses are due November 21, 2024. Trustee's position on the remaining three administrative expense has remained unchanged since the filing of the August 15, 2024, status report:

**United Partnership, Dk. No. 671**:  United Partnerships ("UP") seeks $178,665.70 for providing leads and customer retention services to Debtor. The Trustee has concluded that he must oppose the motion because UP has not yet been able to provide any evidence that its claim arose from a post-petition transaction with the Debtor that directly and substantially benefitted the estate. The Trustee has agreed to continue the hearing on the Motion and modify the briefing schedule to provide UP with additional time to investigate and provide proof in support of its claim.

**Herret Credit Consultants, Dk. No. 708**:  Herret Credit Consultants ("Herret") seeks $450,000.00 for post-petition services allegedly managing 65,000 consumer clients and a myriad of LPG marketing firms. The Trustee has concluded that he must oppose the motion because UP has not yet been able to provide any evidence that its claim arose from a post-petition transaction with

the Debtor (and not non-Debtor entities that received fraudulent transfers of the Debtor's assets) that directly and substantially benefitted the estate. The Trustee has agreed to continue the hearing on the Motion and modify the briefing schedule on the Motion to allow Herret time to complete its investigation and attempt to meet its burden of proof.

**Alteryx, Dk. No. 750**:  Alteryx seeks $703,089.94 based on a March 2022 sublease  Alteryx, Dk. No. 750: Alteryx seeks $703,089.94 based on a March 2022 sublease agreement between Alteryx and Innovative Solutions, Inc. ("Innovative") for property located at 3345 Michelson Drive, Suites 400 and 490, and 3347 Michelson Drive, Suite 400 in Irvine, CA ("Alteryx Property"). The Debtor was not a party to the sublease and did not receive any benefit in return for providing (1) a guaranty and (2) an irrevocable letter of credit ("LOC") in the amount of $409,206.31 to Alteryx as part of Innovative's sublease. The Trustee prepared an adversary proceeding against Alteryx ("Alteryx Adversary") which would seek avoidance and recovery of fraudulent transfers including the cancellation of LPG's guaranty, its pledge of cash in support of the LOC which Alteryx has completely exhausted, and over $1 million of payments made on account of obligations under the sublease. After preparation of the Alteryx Adversary, because the stated amount in controversy exceeds $1,000,000, pursuant to Section 2.10(c)(i) of the Liquidation Trust Agreement included in the Plan, the Trustee obtained consent of the Post-Confirmation Committee2 to make a counteroffer to Alteryx which was accepted. The Trustee is in the process of documenting the proposed agreement.

**Improperly Designated Administrative Claims**

The Trustee identified 70 parties that filed proofs of claim marking the box stating it was an administrative claim entitled to administrative priority status under 11 U.S.C. §503(b)(9) or as a broader administrative claim under 11 U.S.C. §503(b). After a thorough review of these proofs of claim and the evidence attached to them, the Trustee determined that these proofs of claims were not entitled to administrative priority. On September 24, 2024, the Trustee filed an Omnibus Objection to Proofs of Claim Filed for Alleged Administrative Claims as Dk. No. 1747 ("Omnibus Objection to Alleged Admin Claims"). The total amount of the Omnibus Objection to Alleged Admin Claims is at least $849,841.16.3 The hearing on the Omnibus Objection to Alleged Admin Claims is set on

1  November 14, 2024 (Dk. No. 1747).

2         **(b)      Trustee's Filed Objections to Claims**

3         The Trustee has been investigating and verifying proofs of claims that have been filed with

4  the bankruptcy court and with the Court-approved claims agent, Omni Agent Solutions ("Omni")

5  and filing appropriate objections. In addition to filing the Omnibus Objection to Alleged Admin

6  Claims (supra), the Trustee filed the following objections.

7         On September 13, 2024, the Trustee filed Objection to Unified Global Research Group, Inc's

8  ("Unified") Proof of Claim No. 23 in the amount of $6,155,125.60 as Dk. No. 1686 ("Unified

9  Objection"). Currently, the hearing on the Unified Objection is set on November 26, 2024.

10         On September 19, 2024, the Trustee filed Omnibus Objection to Proofs of Claim filed by (I)

11  Phuong "Jayde" Trinh; (II) Sheri Chen; (III) Justin Nguyen; (IV) Han Trinh; (V) Israel Orozco; (VI)

12  Scott Eadie; (VII) Kevin Kurka; and (VIII) Azevedo Solutions Group, Inc as Dk. No. 1707

13  ("Insiders Objection"). The amounts of claims in the Insiders Objection are as follows:

14         • Phuong "Jayde" Trinh: $14,423.08 (Proof of Claim No. 75)

15         • Sheri Chen: $12,083.19 (Proof of Claim No. 77)

16         • Justin Nguyen: $23,884.20, including priority claim of $15,150.00 for unpaid

17             wages (Proof of Claim No. 78)

18         • Han Trinh: $24,310.23 (Proof of Claim No. 79)

19         • Israel Orozco: $53,729.31, including priority claim of $24,310.23 for unpaid

20             wages (Proof of Claim No. 104)

21         • ·Scott Eadie: $31,249.99 (Proof of Claim No. 193)

22         • ·Kevin Kurka: $575,000.00, including priority claim of $15,150.00 for unpaid

23             wages (Proof of Claim No. 101651)

24         • Azevedo Solutions Group, Inc.: $475,200.00 (Proof of Claim No. 100232)

25         Currently, the Insiders Objection is partially granted as to the claims filed by Sheri Chen and

26  Justin Nguyen as per Court order entered on October 16, 2024, as Dk. No. 1827. The hearing on the

27  remaining six claims listed in the Insiders Objection is set for October 24, 2024, and November 13,

28  2024.

On September 20, 2024, the Trustee filed Omnibus Objection to Alleged 11 U.S.C. §507(A)(4) Priority Claims that Exceed Statutory Cap naming six claimants whose proofs of claims exceeded the statutory cap pursuant to §507(A)(4) ("Stat Cap Objection I") as Dk. No. 1715. The hearing on Stat Cap Objection I is currently set on November 14, 2024. On October 18, 2024, the Court approved Trustee's stipulation with Jennifer Ann McLaughlin ("McLaughlin"), one of the claimants named in Stat Cap Objection I. The order, entered as Dk. No. 1843, caps the McLaughlin priority portion at $15,150 and reclassified $3,764.77 as an unsecured claim and vacated the November 14, 2024, hearing as to McLaughlin only.

On September 20, 2024, the Trustee filed Omnibus Objection to Alleged 11 U.S.C. §507(A)(4) Priority Wage Benefit Claims filed by Non-Employees ("Non-Employee Wage Objection") as Dk. No. 1717. The hearing on Non-Employee Wage Objection is set on November 14, 2024.

On September 20, 2024, the Trustee filed Objection to the Claims Filed by Olga Lucia Esquivel ("Esquivel Objection") as Dk. No. 1719 which proposes disallowing 14 claims totaling $170,895.95 filed by Olga Esquivel. The hearing on Esquivel Objection is set on November 14, 2024.

On September 20, 2024, the Trustee filed Omnibus Objection to Duplicative Priority Proofs of Claims ("Duplicative Claims Objection") as Dk. No. 1728. The hearing on Duplicative Claims Objection is set on November 14, 2024.

On October 3, 2024, the Trustee filed Objection to Priority Claim No. C 571-101407 filed by Alexandria Marie Campos for Exceeding the Statutory Cap ("Stat Cap Objection II") as Dk. No. 1783. The hearing on Stat Cap Objection II is set on December 5, 2024.

On October 3, 2024, the Trustee filed Objection to Alleged Priority Claim No. 2410-1 Filed by Alexis Johnson That Exceeds the Statutory Cap ("Stat Cap Objection III") as Dk. No. 1784. The hearing on Stat Cap Objection III is set on December 5, 2024.

On October 3, 2024, the Trustee filed Omnibus Objection to Alleged Priority Claims that Lack Evidence Supporting Priority Status ("Non-Evidenced Priority Objection") as Dk. No. 1785. The hearing on Non-Evidenced Priority Objection is set on December 5, 2024.

(c)    **Schedule Of Payments.**

In addition to payment of administrative claims outlined above which became due on the Effective Date, the Trustee has made payments outlined in the attached Schedule of Payments to Professionals.

(d)    **Schedule of any and all Post-Confirmation Tax Liabilities**

There have been no postconfirmation tax liabilities that have accrued or come due post-confirmation. The next post-confirmation status report will be due in 120 days, at which point the Trustee will have a more comprehensive tax liability schedule to report to the Court.

(e)    **Projections to the Trustee's Ability to Comply With the Terms of the Plan**

The Trustee has not encountered any difficulties in complying with the terms of the Plan and has been pursuing the exact course of action outlined in the August 15, 2024, status report, and the Court's confirmation order. At this point, the Trustee does not project any upcoming difficulties in complying with the terms of the Plan.

(f)    **Estimate of the Date for Plan Consummation and Application for Final Decree**

The Trustee anticipates that the Plan will be substantially consummated upon the transfer of the remaining assets from the bankruptcy estate to the liquidating trust. The Trustee will file an application for final decree once the Estate has been fully administered.

12.    **Adversary Proceedings.**

(a)    **Debtor's Adversary Proceeding.**

On April 7, 2023, the Debtor filed a complaint [Adv. Dkt. No. 1] initiating the adversary proceeding captioned The Litigation Practice Group P.C. v. Validation Partners LLC, et al., Adv. Proc. No. 8:23-ap-01029-SC. The complaint sought to extend the automatic stay and enjoin certain creditors that were pursuing prepetition litigation against the Debtor. On June 9, 2023, following the Trustee's appointment, the Trustee filed a notice [Dkt. No. 5] of voluntary dismissal of the adversary proceeding.

(b)    **The OHP Action.**

On September 11, 2023, OHP-CDR, LP and PurchaseCo80, LLC (collectively, the "OHP Plaintiffs") filed a complaint [Adv. Dkt. No. 1] initiating the adversary proceeding captioned OHP-CDR, LP, et al. v. Marshack, et al., Adv. Proc. No. 8:23-ap-01098-SC (the "OHP Action"). In the OHP Action, the OHP Plaintiffs seek determination of lien priority and the extent of their alleged ownership interests in certain assets of the Debtor.

On October 13, 2023, Applicant on behalf of the Trustee filed an answer and counterclaims [Adv. Dkt. No. 7] in the OHP Action. On October 13, 2023, defendant Azzure Capital, LLC filed an answer [Adv. Dkt. No. 10].

On November 3, 2023, the OHP Plaintiffs filed an answer [Adv. Dkt. No. 13] to the Trustee's counterclaims.

On February 21, 2024, the Bankruptcy Court entered an order [Adv. Dkt. No. 26] setting a pretrial conference and requiring the OHP Plaintiffs to submit briefing and evidence in support of their secured status. On March 15, 2024, the OHP Plaintiffs filed a brief [Adv. Dkt. No. 37] and related exhibits [Adv. Dkt. Nos.  36, 38-46]. The pretrial conference took place on April 22, 2024.

Over the course of the litigation, the parties met and prepared various Joint Status Reports. Further, the parties continuously exchanged information and continued to be open to settlement.  On June 18, 2024 [Adv. Dkt No. 55] Applicant prepared, filed and served a Motion for Summary Judgment on Count Two of the Trustee's Counterclaim against OHP.  The Hearing was set for July 31, 2024. [7]  On August 28, 2024, the Court entered its Order Granting Motion to Approve Settlement Agreement between the Trustee, OHP-CDR, LP and PurchaseCo 80, LLC [Dkt. No. 1563].

### 13.    Marketing Affiliate Actions.

Applicant is currently pursuing claims against various entities that seek avoidance of fraudulent transfers and recovery/turnover of funds paid to marketing affiliates by the Debtor on the theory that Defendant and Debtor were engaged in the solicitation of illegal capping of consumers. To date, ten such complaints have been filed with a demand amount of over $11,500,000.  Applicant

---

[7] This Application only seeks recovery of fees until June 30, 2024.  The OHP case was argued at a hearing in July and ultimately the parties entered into a settlement agreement, which was approved by the Court. However, this will be described in Applicant's next fee application.

has approximately 50-100 more marketing affiliate targets under investigation. The currently filed actions are:

- Dkt. No. 773; 8:23-ap-01148-SC; Trustee's complaint against JGW Solutions, LLC.

- Dkt. No. 780; 8:23-ap-01150-SC; Trustee's complaint against Clear Vision Financial, LLC d/b/a Liberty1 Financial.

- Dkt. No. 821; 8:24-ap-01001-SC; Trustee's complaint against Leucadia Enterprises.

- Dkt. No. 824; 8:24-ap-01003-SC; Trustee's complaint against Perfect Financial, LLC.

- Dkt. No. 826; 8:24-ap-01004-SC; Trustee's complaint against Point Break Holdings, LLC.

- Dkt. No. 919; 8:24-ap-01017-SC; Trustee's complaint against New Horizon Finance, LLC.

- Dkt. No. 920; 8:24-ap-01018-SC; Trustee's complaint against MRD Marketing LLC.

- Dkt. No. 931; 8:24-ap-01023-SC; Trustee's complaint against CRI System, Inc.

- Dkt. No. 823; 8:24-ap-01002-SC; Trustee's complaint against Clearcube LLC d/b/a Litigation Practice Center.

- Dkt. No. 1841' 8:24-ap-01138-SC; Trustee's complaint against New Vision Debt LLC, et al.

In Clearcube LLC DBA Litigation Practice Center, the Court on June 4, 2023, granted default judgement in favor of the Trustee in the amount of $1,981,549.22 [Dkt. No. 34]. At the same time, the Court entered Finding of Facts [Dkt. No. 29]. On October 29, 2024, the Court granted default judgment in favor of the Trustee in the amount of $1,662,610.22 against MRD Marketing [Dkt No. 34]. On October 25, 2024, the Court granted default judgment in favor of the Trustee in the amount of $536,832.08 against CRI System, Inc.. [Dkt No. 43]. Currently, Applicant on behalf of the Trustee is in the process of enforcing the judgment amounts against these defendants.

**14.    <u>MCA Actions.</u>**

LPG entered into Merchant Cash Advance Agreements with various entities allegedly to "sell" LPG's interest in future income in the form of clients' ACH debits. The Court will need to

1  determine whether these transactions are sales or loans[8].  The Court will also need to determine the

2  validity of the agreements along with the terms associated with those agreements. It is the Trustee's

3  contention that all consumer client ACH debits should have been held in trust, and were not

4  receivables of the debtor until earned by providing lawful legal services. Further, the ACH debits

5  included funds that would be generated in the future from unlawful marketing agreements, whereby

6  the target generates leads for consumers interested in legal services provided by LPG in exchange

7  for a percentage per consumer placed with LPG, less a maintenance fee.  As the  agreements for

8  referrals are unlawful and void pursuant to California Business and Professional Code sections 6151

9  and 6155, the Merchant Cash Advance Agreements, which are comprised of funds received under

10  the unlawful agreements, are also void.

11      Applicant is investigating and pursuing various entities that entered into Merchant Cash

12  Advance Agreements with the Debtor. In such complaints, the Trustee seeks recovery of multiple

13  fraudulent conveyances. The Trustee has filed two complaints seeking recovering of approximately

14  $7,000,000;

15      •    Dkt. No. 1228; 8:24-ap-01080-SC; Trustee's complaint against BMF Advance, LLC;

16  and

17      •    Dkt. No. 1352; 8:24-ap-01090-SC; Trustee's complaint against Cobalt Funding

18  Solutions, LLC.

19      The Trustee has approximately 10 more MCA targets under investigation

20      **15.    <u>Status of Secured Creditor and Related Litigation.</u>**

21      Because the Debtor failed to list all its secured creditors upon the bankruptcy filing, the

22  Trustee performed a UCC search and ultimately identified 23 creditors which allegedly held secured

23  liens ("Secured Creditors"). Applicant, along with general counsel, on behalf of the Trustee did an

24  analysis and put these creditors in two categories: 1) those that had documents to support their

25  claims and filed liens, but who the Trustee believed had issues related to those documents and liens;

26  and 2) those that did not have documents to support their claim and filed liens. Combined, these 23

27  ───────────────

28      [8] In light of recent findings by the Court, Applicant will also be reviewing and investigating targets in regards to recovering funds from a Ponzi scheme, and/or a criminal enterprise and may be amending complaints as needed.

1   creditors asserted that collectively they held liens, which—if valid—encumbered at least

2   $174,901,643 of the Debtor's collateral.  Applicant, and general counsel, on behalf of the Trustee has

3   resolved all but 1 of the Secured Creditors' claims.  As described throughout this application, the

4   settlements have reduced the total secured claim amount from $169,901,643 to $1,355,000; leaving

5   $5,000,000 still pending and to be resolved by way of order or settlement.

6       **(a)    Bridge Funding CAP, LLC d/b/a/ Fundura Capital, MNS Funding, LLC,**

7   **Azzure Capital LLC, Diverse Capital, LLC, PECC Corp, Marich Bein, Proof Positive LLC,**

8   **MC DVI Fund 1 LLC, MC DVI Fund 2 LLC, Debt Validation Fund II LLC, Venture Partners**

9   **LLC.**  These Secured Creditors have all been named as defendants in the adversary 8:24-ap-01011-

10  SC that on January 26, 2024, Applicant, along with general counsel, filed on behalf of the Trustee

11  ("Secured Creditor Adversary") seeking, *inter alia*, declaratory judgment as to validity of their

12  secured interests. The following is the status of Applicant's efforts and the Trustee's resolution with

13  various defendants in the Secured Creditor Adversary:

14      Applicant on behalf of the Trustee has been able to settle with Proof Positive/MCDVI Funds

15  1 and 2/Debt Validation Fund II/Venture Partners – who agreed to its lien being avoided – thereby

16  reducing another $68,000,000 from the secured list.

17      On March 15, 2024, the Court entered an order [Dkt. No. 1030], approving the stipulation

18  between the Trustee and Marich Bein whereby Marich Bein consented to the Trustee filing a

19  termination of the UCC Statement. Marich Bein's $22,304,093.25 alleged secured claim will thus be

20  unsecured moving forward, subject to objection and further investigation by the Trustee into the

21  transactions as alleged in the adversary complaint filed by Applicant on behalf of the Trustee against

22  Marich Bein and Bank United, et al, Dkt. No. 1068; 8:24-ap-01040-SC.

23      On February 7th and 8th, the Bankruptcy Court entered two orders [Adv. Dkt. No. 10 & 12]

24  setting a pretrial conference and requiring the Plaintiffs to submit briefing and evidence in support of

25  their secured status. Most defendants complied, Applicant reviewed those responses and prepared

26  detailed status reports for each defendant, as instructed by the Court [Adv. Dkt Nos. 66-73). The

27  pretrial conference took place on April 22, 2024. Applicant attended and argued at the hearing.

28

Over the course of the litigation, the parties also met and prepared various Joint Status Reports.  Further, the parties continuously exchanged information and continued to be open to settlement.  On June 18, 2024 [Adv. Dkt No. 104] Applicant prepared, filed and served a Motion for Summary Judgment on Count Two of the Trustee's Counterclaim against PECC.

On August 27, 2024, the Court granted partial summary judgment in favor of the Trustee and against Bridge Funding as Secured Creditor [Adv. Dkt. No. 150]. On September 20, 2024, Bridge Funding filed an appeal of the denial of summary judgment, U.S. District Court Case No. 8:24-cv-02043-FMO.

The Trustee had agreed to participate in mediation with Azzure Capital. In the meantime, Azzure Capital has agreed to release its $5 million lien from money that was to be paid upon effective date and to obtain a replacement lien on other assets of the estate including litigation proceeds. The hearing on the Summary Judgment Motion against Azzure Capital is continued to November 13, 2024, at 11:00 a.m.  [Adv. Dkt. No. 147].  In late October the proposed mediator withdrew because his firm had been retained and substituted in as counsel for CLG (in the Injunction Action described above); the Trustee had been working on obtaining a new mediator; and recently Judge Jury agreed to mediate.  But it appears that the parties are now moving forward with the Summary Judgment Motion as scheduled.

The Trustee negotiated a settlement with Diverse Capital ("Diverse"). On September 3, 2024, the Court approved the settlement between the Trustee and Diverse [Dkt. No. 1609]. On September 19, 2024, the Trustee dismissed Diverse from the Secured Creditor Adversary [Adv. Dkt. No. 158].

On August 15, 2024, the Court granted summary judgment in favor of the Trustee and against PECC as Secured Creditor [Adversary Dkt. No. 144].

On September 3, 2024, the Court approved the settlement between the Trustee and MNS Funding as Dk. No. 1610.

**14.** **Other Pending Litigation.**

**(a)** Dkt. No. 1095; 8:24-ap-01048-SC; Administrative claimant Alteryx's complaint against Morning Law Group, PC that was removed by Morning Law Group from state court.

1    **(b)**    Dkt. No. 1129; 8:24-ap-01068-SC; Trustee's complaint against Arash Asante

2    Bayrooti.  A writ of attachment in the amount of $5,814,146.45 was issued – ex parte – on August

3    15, 2024.  Following service of the writ, it was discovered that the bulk of defendant's cash or

4    marketable securities were held in an investment account.  Parties stipulated to issuance of a further

5    writ of attachment which was ultimately served on October 18, 2024.  That writ attached to US

6    Treasuries in Mr. Bayrooti's investment account valued at $4,357,034.01.  Initial disclosures have

7    been made and discovery served.  Responses from each side to discovery requests are due Friday

8    November 8, 2024.

9    **(c)**    Dkt. No. 1596; 8:24-ap-01120-SC; Trustee's complaint against Colonna

10    Cohen Law, PLLC.  Answer to complaint and counterclaims was filed on October 18, 2024.

11    Trustee's response to counterclaim is due shortly. The parties will meet and confer mid-November.

12    **C.**    **Cash on Hand**

13    Trustee is holding approximately $2,040,084.28 in cash.

14    **V.**

15    **TIME KEEPERS AND PROCEDURES**

16    **A.**    **Summary of Dinsmore Professionals**

17    Professional services rendered during the Application Period were performed by attorneys

18    and paraprofessionals.  Dinsmore has staffed the Case with attorneys and paraprofessionals with

19    experience and expertise in separate and distinct areas.  The attorney biographies are attached hereto

20    as **Exhibit "C."**[9]  The services of the attorneys and paraprofessionals were billed pursuant to the

21    terms of employment set forth in the Employment Application and the Engagement Agreement.  The

22    names, hourly billing rates, total number of hours spent on this Case by each professional and

23    paraprofessional who billed time during the Application Period and the total amount of fees accrued

24    for those hours are set forth in **Exhibit "B"** and incorporated herein by reference.[10]

25

26    _____

[9] The biographical information of other professionals listed on Exhibit B attached hereto will be provided upon request.

27

28    [10] Referenced hours relate to fees requested within this Application without deduction for the courtesy discount provided.  For the major timekeepers in the case – Christopher Celentino, Christopher Ghio, and others – Applicant agreed to a 9% reduction in the anticipated hourly rate of such attorneys, which was applied to conform with the rates

In addition, detailed information concerning the identity of each professional and paraprofessional who provided services to the Trustee for the Application Period, the task description, number of hours spent on each task, and the amount of compensation requested for each professional per task is set forth in the statements of account attached hereto as **Exhibit "D**."[11]  The compensation is based on the customary compensation charged to Dinsmore's non-bankruptcy clients.  Dinsmore has drafted summaries of the services rendered within each category of service, and those summaries appear in Section VII below.  However, the most detailed description of Dinsmore's specific services are contained within the statements of account that appear within **Exhibit "D**."  Those are also likely the most accurate given that they were drafted at the time the services were rendered.

**B.    Time Keeping Procedures**

**1.**    Each time keeper is responsible for reviewing and entering his or her own time.

**2.**    Each time keeper has been specifically instructed to:

**(a)**    Designate a category of service under which the work being performed falls. In that regard, Dinsmore primarily uses matter numbers which, where applicable, attempt to mirror the categories of services designated by the Office of the United States Trustee ("OUST"). However, where Dinsmore has spent a significant amount of time on an issue specific to this Case, and thus not captured within one of the categories designated by the OUST, Dinsmore has created a specific matter number to capture all of the time spent on that particular issue, and to assist the Court and the OUST's review of Dinsmore's fee applications. For certain everyday activities for which the services spread generally over the entire case, or an entire litigation strategy, a Case Administration, a Creditors Meetings, a General Litigation and a General Adversary Proceeding matter was used.

**(b)**    Track and enter time to the nearest tenth of an hour as it occurs.  Lumping of multiple time entries has been deemed acceptable by Dinsmore so long as the description of services

stated in the employment application. Applicant notes that the Fee Examiner stated that Applicant's fees are 35% below market for comparable service providers.

[11] The attachment of the statements of account in Exhibit D, or any description herein or therein, is not a waiver of the attorney-client or attorney work-product privileges, or any other privileges.  Dinsmore preserves and reserves all rights with respect to the attorney-client and attorney work-product privileges and any other privileges.

rendered indicates how much time was spent on each specific task within the lumped entry. Wherever possible, each time keeper has been instructed to lump only those entries which fall under a single project. This is why a single time keeper may have multiple time entries on the same day under a single category of service. However, in light of various multiple matters in the Case that either have cross-over issues and/or were set for hearing on the same date with various other matters, such time for various matters may have been grouped under one matter as applicable.

**VI.**
**REQUEST FOR AND PAYMENT OF FEES AND**
**EXPENSES INCURRED DURING THE SECOND APPLICATION PERIOD**

**A.      Summary of Fees**

By this Application, Dinsmore seeks allowance and payment of $1,202,050.00 in fees and $5,812.54 in expenses for the period from July 1, 2024 through September 23, 2024 (the "Application Period"), for a total of $1,207,862.54[12]. This requested amount takes into account: (1) deductions made for fees incurred but not charged in the approximate amount of $189,427.50; (2) deductions made for fees charged in the amount of $3,677.50 (which consists of approximately a 50% discount for travel time for required appearance at hearings); (3) deductions made for expenses incurred but not charged in the amount of $798.50;[13] and (4) for a voluntary no charge in total amount of $3,737.50.[14] The total courtesy discounts/no charges represent approximately 16% of all fees.

These amounts are based on the actual time necessary to perform the particular legal services required, multiplied by the hourly rate of the professional rendering the services. Dinsmore believes the billing rates charged are reasonable and within the range of fees charged by its peers for services of a similar nature. The compensation is based on the customary compensation charged to

---

[12] As this application only includes time billed through September 23, 2024, it does not include Applicant's time to prepare, revise and finalize this fee application. The fees incurred for this fee application will be billed, and paid, as a general expense pursuant to the engagement agreement moving forward under the terms of the Plan and the Liquidating Trust.

[13] Id.

[14] Details related to fees and expenses incurred but not charged are not reflected in this Application or the exhibits attached hereto.

1    Dinsmore's non-bankruptcy clients.  The total fees for the Application Period are based upon

2    8,807.70[15] hours of billable time and represent an average billing rate of approximately $545.06 per

3    hour (computation of blended hourly rate for persons who billed time during the Application Period,

4    excluding paraprofessional time).

5    **B.**    **Summary of Expenses**

6          By this Application, Dinsmore seeks interim allowance and reimbursement for expenses

7    incurred in the amount of $5,812.54.  This requested amount takes into account deductions made for

8    expenses incurred but not charged in the amount of $798.50.

9          An itemization of all reasonable and necessary expenses Dinsmore incurred on behalf of the

10   Trustee during the Application Period is attached hereto as **Exhibit "E**."  **Exhibit "E"** includes the

11   date the expense was incurred as applicable, the description of the expense, and the cost of the

12   expense.  All of the expenses that Dinsmore is seeking allowance and reimbursement through this

13   Application are customarily charged to its non-bankruptcy clients.

14                                         **VII.**
                          **SYNOPSIS OF SERVICES PERFORMED BY DINSMORE AS**
15                          **SPECIAL COUNSEL TO THE TRUSTEE**

16

17   **A.**    **Project Summary**

18          While the above represents an overall summary of the Case and Applicant's work performed,

19   Dinsmore has separated its time and expenses into project categories.  Attached hereto as **Exhibit**

20   **"A"** is a summary of the services performed by Dinsmore during the Application Period, sorted by

21   the specific project category, the total number of hours billed per category, and the total amount of

22   discounted fees sought by Dinsmore for the combined categories.  **Exhibit "D"** contains the detail

23   statements of account supporting information for **Exhibit "A"** attached hereto.

24   **B.**    **Narrative Summary**

25          The remainder of this Application sets forth a description of the services that have been

26   rendered by Dinsmore to the Trustee for the benefit of the Debtor's Estate, in specific categories as

27   _____

28          [15] The hours listed are the total hours of billable time of Dinsmore professionals requested for payment for the
     Application Period and do not include any adjustment for the courtesy discount provided by Dinsmore.

defined below.[16]  Dinsmore has performed the following services during the Application Period which were necessary, reasonable, and beneficial for the Debtor's Estate:

1.    **Case Administration (143576-1)**

In this category, during the Application Period, Dinsmore billed 21.30 hours for $15,247.50, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 6.10 | $5,093.50 |
| Wendy Yones | Paraprofessional | $205.00 | 2.10 | $430.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 13.50 | $10,057.50 |
| | | TOTALS | 21.70 | $15,581.50 |

b.    **Services Rendered**

Services provided during the Application Period and included in this category relate to Dinsmore's oversight of the administration of the Case and the Estate.  Where possible, Dinsmore has categorized services in the more specific categories listed below.  However, where a particular service did not fall into one of those specific categories, that service was placed in this general case administration category.  The services rendered in this category were necessary to the administration of the Estate and resolving the general administrative issues which arise in any Chapter 11 Case.

The services rendered in this category were necessary to the Trustee's role in the administration of the Estate, and were beneficial to the Estate by resolving the general administrative issues which arise in any Chapter 11 case such as this Case.  Early on, this category was used for projects that would relate to broad swaths of matters, such as applicability of IOLTA segregation requirements, communication with creditors, review of financial records for relevance to defendants, and the like.  Wherever reasonably possible, the Application puts such "general" timekeeper entries in the category that applies most closely with the task, or Defendant, for which the projects were utilized.

---

[16]  The hours and fees provided in Section VII(B) do not include any adjustment for fees incurred but not charged or the courtesy discount provided by Dinsmore.

### 2. Employment Applications (143576-2)

In this category, during the Application Period, Dinsmore billed 8.60 hours for $7,028.00, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 6.90 | $5,761.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.70 | $1,266.50 |
| | | TOTALS | 8.60 | $7,028.00 |

#### b. Services Rendered

In this category, services rendered included the preparation of the application to employ the Fee examiner.

### 3. Fee Applications (143576-4)

In this category, during the Application Period, Dinsmore billed 321.10 hours for $135,793.00, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 20.00 | $16,700.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 67.40 | $50,213.00 |
| Ellen A. Kennedy | Partner | $665.00 | 2.60 | $1,729.00 |
| Lovee D. Sarenas | Partner | $660.00 | .80 | $528.00 |
| Christopher B. Ghio | Partner | $625.00 | 16.30 | $10,187.50 |
| Sarah S. Mattingly | Partner | $610.00 | .60 | $366.00 |
| M. Tyler Powell | Partner | $595.00 | 4.30 | $2,558.50 |
| John H. Stephens | Partner | $545.00 | 1.20 | $654.00 |
| Brian M. Metcalf | Associate | $650.00 | 1.00 | $650.00 |
| Jeremy B. Freedman | Associate | $465.00 | 8.90 | $4,138.50 |
| Veneeta Jaswal | Associate | $460.00 | .30 | $138.00 |
| Jamie D. Mottola | Associate | $455.00 | 2.50 | $1,137.50 |
| Lexi J. Epley | Associate | $420.00 | 1.60 | $672.00 |
| Jonathan B. Serrano | Associate | $415.00 | 3.40 | $1,411.00 |
| Jacob R. Bothamley | Associate | $405.00 | 5.60 | $2,268.00 |
| Suzanne M. Marino | Associate | $395.00 | 0.30 | $118.50 |
| Vanessa Rodriguez | Associate | $385.00 | 5.00 | $1,925.00 |
| Paige E. Hornback | Associate | $355.00 | .20 | $71.00 |
| Brian L. Cockroft | Associate | $275.00 | .60 | $165.00 |
| Caron Burke | Paraprofessional | $225.00 | 178.50 | $40,162.50 |

43

| | TOTALS | 321.10 | $135,793.00 |
|---|---|---|---|

#### b.    Services Rendered

Applicant prepared filed and served the First Interim Application.  This consisted of reviewing, analyzing, redacting and revising thousands of time entries and billing statements over the period from May 8, 2023 – June 30, 2024.  Applicant also drafted summaries of all legal services, separated by matter numbers, as required by the US Trustee's office.  Applicant also drafted, revised and finalized the fee application, which was over 100 pages.

Additionally, in this category, services rendered included review, revision and filing of Ethic Monitor's First Fee Application along with the fee application of the Ombudsman'.  Services also included, but were not charged, the monthly review and editing of time for services provided to the Trustee pursuant to the U.S. Trustee Guidelines.

As this application only includes time billed through September 23, 2024, it does not include Applicant's time to prepare, revise and finalize this second and final fee application.  The fees incurred for this fee application will be billed, and paid, as a general expense pursuant to the engagement agreement moving forward under the terms of the Plan and the Liquidating Trust.

### 4.    Plan and Disclosure Statement (143576-6)

In this category, during the Application Period, Dinsmore billed 94.20 hours for $65,846.00. in overall fees.

#### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 10.30 | $8,600.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 52.80 | $39,336.00 |
| Christopher B. Ghio | Partner | $625.00 | 20.90 | $13,062.50 |
| M. Tyler Powell | Partner | $595.00 | .80 | $476.00 |
| Jeremy B. Freedman | Associate | $465.00 | 9.40 | $4,371.00 |
| | | | TOTALS | 94.20 | $65,846.00 |

#### b.    Services Rendered

Trustee and his General Counsel were primarily tasked with the preparation of the Plan and

44

Disclosure Statement in this Case.  Where appropriate and applicable to Applicant's services rendered, Dinsmore assisted with the preparation and negotiation of the specific Plan and Disclosure Statement provisions which required input from Dinsmore concerning the issues of the litigation matters.  Additionally as claims came in, Applicant provided input to the Trustee regarding various claims as many of those claimants were also litigation targets and thus Dinsmore had a better understanding of the issues related to those matters and how to classify those parties.  Dinmore's input was also important for purposes of providing insight related to class, voting and tabulation issues.  Applicant assisted both General Counsel and the Committee with information and requests in order to prepare for the Plan confirmation hearing, which Applicant also participated in, and provided benefit to the Estate by having documents, exhibits, and information as needed by the parties. Applicant assisted with the drafting of the confirmation order, provided information related to parties for service of the confirmation order, and had multiple conversations with the Committee and the Trustee to finalize the Plan and transition to the Trust.

## 5. Claims, Consumer Rejections Claims and Administrative Claims (143576-7)

In this category, during the Application Period, Dinsmore billed 94.30 hours for $60,260.50, in overall fees.

### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 11.10 | $9,268.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 33.20 | $24,734.00 |
| Christopher B. Ghio | Partner | $625.00 | 6.00 | $3,750.00 |
| M. Tyler Powell | Partner | $595.00 | 15.30 | $9,103.50 |
| Spencer K. Gray | Associate | $475.00 | 13.10 | $6,222.50 |
| Jeremy B. Freedman | Associate | $465.00 | 14.40 | $6,696.00 |
| Jacob R. Bothamley | Associate | $405.00 | 1.20 | $486.00 |
| | | **TOTALS** | **94.30** | **$60,260.50** |

### b. Services Rendered

Trustee's General Counsel is tasked primarily with the objections to claims.  The litigation for which Applicant was primarily responsible necessarily resulted in the discovery of facts and circumstances relevant to certain claims, including specifically administrative claims.  In particular,

Special Counsel coordinated the entire consumer contract rejection process, and in the course of litigation, discovered and disclosed facts demonstrating the insufficiency of certain administrative claims, such as that from Greyson law group and its principals Han and Jade Trinh.  While some of that overlapped with the response to Greyson's Motion for Relief from the Injunction it agreed to be bound by, the development of those theories in conjunction with General Counsel made for a comprehensive presentation in opposition to validity and allowance of same. Further, Dinsmore attorneys responded to many consumer clients' emails and phone calls related to the filing of claims and/or amendments to those claims. Finally, Applicant reviewed secured and priority claims so that it could include any necessary objections to various parties' claims to its adversary proceedings. Applicant prepared filed and served objections related to the litigation matters it is attending to. Those objections are identified and described more particularly above.  Applicant further has had numerous conversations with the Trustee related to procedures and moving forward with the rejected consumer class claim and liquidating the claim.

### 6. Asset Analysis/Recovery/Disposition (143576-8)

In this category, during the Application Period, Dinsmore billed 25.10 hours for $11,687.50, in overall fees.

### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | 11.50 | $5,692.50 |
| Yosina M. Lissebeck | Partner | $725.00 | .20 | $149.00 |
| Jeremy B. Freedman | Associate | $465.00 | 9.90 | $4,603.50 |
| Brandon E. Lira | Associate | $355.00 | 2.80 | $994.00 |
| Jonathan B. Serrano | Associate | $415.00 | .50 | $207.50 |
| Wendy Yones | Paraprofessional | $205.00 | .20 | $41.00 |
| | | TOTALS | 25.10 | $11,687.50 |

### b. Services Rendered

**Sale Motion.**  This matter included the work done in negotiating, organizing, reviewing, documenting and advising the Trustee related to the Sale of Debtor's assets, and all the various issues that went with the sale as identified in its invoices.  On July 7, 2023, Applicant prepared, filed and served on behalf of the Trustee a motion [Dkt. No. 191] (the "Sale Motion") to

approve the sale of substantially all of the Debtor's assets. The Sale Motion sought approval of that certain Agreement of Purchase and Sale and Joint Escrow Instructions drafted, revised and finalized by Applicant to document the agreement between the Trustee and CLG (the "CLG PSA"). The sale and its terms are more fully described above, and incorporated herein by reference.  Applicant was mindful of the issues that plagued the Debtor pre-petition, and thus it did research related to making sure the sale took place ethically and legally. Applicant did research, had discussions, and ultimately advised the Trustee of the importance that the Court appoint a monitor to ensure compliance with applicable regulations in the post-closing operations of the Debtor's business.

As discussed above, the Bankruptcy Court *sua sponte* entered an order [Dkt. No. 206] requesting both briefing concerning the Sale Motion and optional supplemental briefing concerning the Bankruptcy Court's authority to approve the sale in light of the Debtor's prepetition illegal operations and the appropriate conditions and available post-sale reformations of any and all business operations. And on July 17, 2023, numerous parties responded and filed said briefs. Applicant reviewed and analyzed those briefs so that it could properly respond to any questions the Court might have at the hearing, as well as to properly advise the Trustee.

On July 19, 2023, as set forth above, numerous parties filed responses to the Sale Motion. Applicant reviewed and analyzed those briefs so that it could properly respond to any questions the Court might have at the hearing, as well as to properly advise the Trustee.   On July 20, 2023, Applicant prepare, filed and served on behalf of the Trustee a reply [Dkt. No. 313] in support of the Sale Motion.  On July 21, 2023, the Bankruptcy Court held a hearing on the Sale Motion. Applicant prepared for that hearing and attended the Hearing, which took all day. At the hearing, the Trustee sought approval of a revised and further negotiated form of the CLG PSA to which the Trustee, the Committee, and CLG agreed. The hearing resulted in a competitive bidding process between CLG, the Bensamochan Law Group, and Morning Law Group ("MLG").The bidding process resulted in the selection of MLG as the winning bidder, pursuant to that certain Agreement of Purchase and Sale and Joint Escrow Instructions by and between the Trustee and MLG [Dkt. No. 416] (the "Purchase Agreement").  Applicant revised and finalized the Purchase Agreement and all supporting documents thereto to comply with the terms agreed to in Court and those in which the Court ordered.

47

This included having to prepare, file and serve motions to assume and reject various executory contracts (which are also further itemized in matter number 9 below). In order to prepare these motions, Applicant had to review numerous agreements, discuss these with the Trustee and MLG, and obtain information related to the transaction. On July 22, 2023, the Court entered a memorandum decision [Dkt. No. 320] approving the Sale Transaction. On August 2, 2023, the Court entered an order [Dkt. No. 352] granting the Sale Motion. The Sale Transaction closed on August 4, 2023. The Estate obtained $5.5 million as the initial payment; and ultimately another $1.5 million pursuant to the terms of the parties' agreement.  Future proceeds, pursuant to the agreement, will continue to be made.

**Asset Analysis.**  While the majority of Applicant's time in this matter was related to the sale, time entries also involved matters that resulted from the sale.  Applicant prepared and sent numerous cease and desist letters to various parties that were interfering with the transfer of consumer clients to MLG and were improperly interfering with the consumers rights to opt in and out (which is more fully described below).  Applicant responded to thousands of inquiries from consumers.  Applicant also began to review UCC lien issues and how those impacted the Debtor's proceeds.  Applicant reviewed various documents related to double pulls and identified what rejected consumer clients funds needed to be returned.  Applicant prepared, filed and served various motions to be heard by the Court to further benefit the creditors of the Estate.  Applicant reviewed litigation filed against LPG, made sure stays were in place, and requested, organized and reviewed millions of pages of documents that were produced through various 2004 applications, motions for turnover and subpoenas, all prepared, filed and served by Applicant.

As to the Second Application period, Asset Analysis referred to Applicant investigating various entities and preparing, filing and serving 2004 applications.  It also consisted of applicant reviewing and analyzing various claims to see if litigation could be supported.

**7.      Post-Petition Financing Matters (143576-11)**

In this category, during the Application Period, Dinsmore billed 5.10 hours for $3,229.50, in overall fees.

**a.      Time Keeper Breakdown**

48

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | 3.80 | $2,261.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.30 | $968.50 |
| | | **TOTALS** | **5.10** | **$3,229.50** |

## b. <u>Services Rendered</u>

Applicant assisted the Trustee in finding, negotiating and drafting the various agreements needed by the Estate to obtain post-petition financing.  The Trustee needed to request postpetition financing to fund ordinary business operations of the Debtor because the estate lacked adequate available cash to fund such expenses. Specifically, the U.S. Trustee objected to the use of postpetition funds collected from consumer clients by ACH draws and the estate lacked significant cash on hand as of the Petition Date. The Trustee contended that maintaining the Debtor's operations postpetition was necessary to preserve the going-concern value of the Debtor in advance of any sale of the Debtor's business.

On June 16, 2023, Applicant prepared, filed and served on behalf of the Trustee an emergency motion [Dkt. No. 119] (the "First Financing Motion") to obtain postpetition financing, on an unsecured, superpriority administrative basis, from Resolution Ventures in the amount of $800,000, including an initial advance of $350,000 and a subsequent advance of $450,000. On June 22, 2023, the Bankruptcy Court entered an order [Dkt. No. 131] (the "First Financing Order") approving the First Financing Motion on an interim basis.

On June 29, 2023, Applicant prepared, filed and served on behalf of the Trustee an ex parte notice [Dkt. No. 156] (the "Second Financing Motion") of an alleged nonmaterial modification to the promissory note by and between the Trustee and Resolution Ventures, pursuant to the First Financing Order. The Second Financing Motion indicated that Resolution Ventures had advanced $240,000 of the $800,000 loan amount prior to entry of the First Financing Order; however, Resolution Ventures subsequently informed the Trustee that it was unable to provide any further advances under the promissory note. The Second Financing Motion proposed that the non-material modification would substitute Liberty Acquisitions Group, Inc. ("Liberty"), an affiliate of Consumer Legal Group PC ("CLG"), as the lender for the remaining $560,000 balance of the approved,

1  unsecured, superpriority administrative loan, and repayable on a pari passu basis with the $240,000

2  loaned by Resolution Ventures.

3          On June 29, 2023, the Bankruptcy Court set [Dkt. No. 158] an emergency hearing on the

4  Second Financing Motion. On July 3, 2023, the Bankruptcy Court entered an order [Dkt. No. 168]

5  (the "Second Financing Order") authorizing, on an interim basis, the proposed loan from Liberty

6  Acquisitions Group, Inc.

7          On July 16, 2023, Applicant prepared, filed and served on behalf of the Trustee an

8  emergency motion [Dkt. No. 249] (the "Third Financing Motion") to obtain postpetition financing,

9  on an unsecured, superpriority administrative basis, from Resolution Ventures, in the amount of

10  $249,663.98, and from Liberty, in the amount of $249,663.98. On July 18, 2023, the Committee

11  filed an objection [Dkt. No. 282] to the Third Financing Motion, in part, on the grounds that the

12  proposed, amended Liberty promissory note would have impermissibly permitted Liberty to obtain

13  immediate repayment of its postpetition loans from the first sale proceeds received by the estate. On

14  July 20, 2023, the Bankruptcy Court entered an order [Dkt. No. 310] (the "Third Financing Order")

15  approving the Third Financing Motion on an interim basis; provided, however, that Liberty would no

16  longer provide the additional $249,663.98 in financing and would instead be replaced by

17  PanAmerican Consulting Inc. without the immediate repayment provisions in the Liberty note.

18          On August 21, 2023, the Bankruptcy Court entered orders [Dkt. Nos.  413, 414, 415]

19  approving on a final basis the financing authorized under the First Financing Order, the Second

20  Financing order, and the Third Financing Order.

21          On May 23, 2024, Applicant prepared, filed and served, along with general counsel, on

22  behalf of the Trustee and Motion to Surcharge Secured Creditors to Pay these super-priority loans

23  [Dkt No. 1242].  On June 18, 2024, the Court approved Trustee's Application to Surcharge Secured

24  Creditors to authorize Trustee to use funds on hand to pay such post-petition financing obligations

25  [Dkt. No. 1350].

26          Upon Plan confirmation, the payments to the postpetition lenders was due. Applicant

27  reviewed the documents, assessed the amounts and the interest, and obtained the necessary

28  documentation to ensure the payments were made. Thus, the  Estate paid these parties, as required

by the Plan.

### 8. Employee Matters (143576-12)

In this category, during the Application Period, Dinsmore billed .70 hours for $521.50, in overall fees.

### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .70 | $521.50 |
| | | **TOTALS** | **.70** | **$521.50** |

### b. Services Rendered

One of the most complicated issues facing the Trustee was the fact that the Debtor's former principals began raiding the Debtor's operations to ensure that there would be nothing left for Trustee to administer and sell; while focus was on the transfer of the Debtor's consumer client contacts, Debtor's former operators also pilfered the Debtor's employee base, stealing the employees themselves to employment with other "affiliated" companies such as PrimeLogix and Maverick, while also stealing the ACH pulls from Debtor's consumer customers to finance the payment of the employees who dutifully followed instructions to assist the migration of Debtor's consumer contracts to Debtor's fraudulent conveyance partners, Oakstone, Phoenix, CLG, Greyson, and others. Employees caught in the middle involuntarily had their employment changed away from LPG. Others– filed multiple claims before the Labor Commision and sought damages against the Estate for alleged "interference" in the disruption of the fraudulent conveyance scheme in which they were ensconced.  In some cases, some of the employees assisted on the return to the estate of the database and the client files from Phoenix and others back to LPG; Greyson, of course, was not cooperative. Dealing fairly with the employees who were NOT complicit in the formulation of the illegal plans, but who innocently bought into the bile eschewed about the Trustee and the Court by Debtor's former principals was delicate – Applicant assisted the Trustee in the handling of these affairs without long-term penalty to the Estate.

### 9. Meetings of Creditors (143576-13)

In this category, during the Application Period, Dinsmore billed 3.50 hours for $2,922.50, in

overall fees.

      **a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 3.50 | $2,922.50 |
| | | **TOTALS** | **3.50** | **$2,922.50** |

      **b.**    **Services Rendered**

On June 13, 2023, Applicant assisted the Trustee with the filing of an emergency motion [Dkt. No. 102] (the "Ad Hoc Committee Motion") to permit the Trustee to enter into an expense reimbursement agreement with an ad hoc committee intended to advance the interests of all consumer client claimants. The U.S. Trustee objected [Dkt. No. 127], in part, on the grounds that the U.S. Trustee was in the process of re-soliciting creditor interest in serving on an official committee of unsecured creditors. On June 26, 2023, creditor Carolyn Beech objected [Dkt. No. 144] to the expense reimbursement motion. On June 26, 2023, the Trustee, U.S. Trustee, and Carolyn Beech entered into a stipulation [Dkt. No. 149] dismissing the Ad Hoc Committee Motion provided that the U.S. Trustee agree that a majority of any official committee of unsecured creditors remains comprised of consumer client claimants. On June 27, 2023, the Bankruptcy Court entered an order [Dkt. No. 151] approving the stipulation.

On June 23, 2023, the U.S. Trustee filed a notice [Dkt. No. 134] of the appointment of a five-member Committee. On June 29, 2023, the U.S. Trustee filed a notice [Dkt. No. 157] of the appointment of two additional members to the Committee, which resulted in a seven-member Committee. The Committee's membership is as follows: (i) Alexandra Lufti; (ii) April Reidy; (iii) Denise Burtchell; (iv) Angela Dows, Esq.; (v) Thomas Ray; (vi) Affirma, LLC; and (vii) Abigail R. Beaudin. Consistent with the Bankruptcy Court approved stipulation, the majority of the Committee's members are consumer client claimants.

Applicant reviewed and responded to numerous emails, calls and met weekly with the OCC to ensure thorough communication and avoid duplication of effort regarding specific tasks to be undertaken.

    **10.**    **2004 Examinations (143576-15)**

In this category, during the Application Period, Dinsmore billed 3.60 hours for $1,4722.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | 1.00 | $595.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .60 | $447.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 2.00 | $430.00 |
| | | | TOTALS | 3.60 | $1.472.00 |

### b.    Services Rendered

Applicant assisted Trustee's general counsel in preparation of Rule 2004 examinations that would not repeat or infringe upon discovery to be commenced in conjunction with specific litigation matters, but which otherwise were necessary to piece together the depth and breadth of the documents evidencing Debtor's fraudulent conduct.  To date, between Rule 2004 and adversary discover, over 100 million documents have been recovered and reviewed.

**11.    General Litigation (143576-18)**

In this category, during the Application Period, Dinsmore billed 57.40 hours for $31,604.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Ellen Arvin Kennedy | Partner | $665.00 | .50 | $332.50 |
| John H. Stephens | Partner | $545.00 | 1.20 | $654.00 |
| M. Tyler Powell | Partner | $595.00 | 7.70 | $4,581.50 |
| Sara A Johnston | Partner | $495.00 | 1.10 | $544.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 14.50 | $10,802.50 |
| Brian M. Metcalf | Associate | $650.00 | 12.40 | $8,060.00 |
| Bryan L. Cockroft | Associate | $275.00 | 1.00 | $275.00 |
| Jacob R. Bothamley | Associate | $405.00 | 2.50 | $1,012.50 |
| Brandon e. Lira | Associate | $355.00 | 4.40 | $1,562.00 |
| Vanessa Rodriguez | Associate | $385.00 | 7.20 | $2,772.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | .30 | $64.50 |
| Wendy Yones | Paraprofessional | $205.00 | 4.60 | $943.00 |
| | | TOTALS | 57.40 | $31,604.00 |

### b.    Services Rendered

The Trustee has developed a comprehensive list of litigation claims against entities that received avoidable transfers including fraudulent conveyances, preferences, and unauthorized postpetition transactions. The list currently includes 517 transferees which received transfers totaling approximately $100 million. Because the litigation target list is sizeable and is significantly longer than it would be in a standard Chapter 11 case, the Trustee is currently in the process of finalizing a process to commence and process this litigation in an efficient fashion. The Trustee anticipates recovering tens of millions of dollars on account of these claims.

In order to gain information related to these litigation targets, Applicant reviewed, researched, organized, and drafted numerous requests for information through demand letters, 2004 applications (as noted above), and subpoenas. This resulted in numerous documents, agreements, and accounting documents that established transfers from the Debtor. Applicant reviewed, analyzed and organized those documents. As Applicant obtained enough information, it would open a new matter number for that litigation target and maintain time entries thereunder.

The services rendered in this category were necessary and beneficial to the Estate in that they served to ensure efficient administration in that they allowed the Trustee to analyze and file appropriate pleadings and properly disclose pending claims in conjunction with the sale.

### 12.    Adv. Case Nos. 23-102 / 23-1046 (Diab) (143576-19)

In this category, during the Application Period, Dinsmore billed 226.70 hours for $105,557.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 21.70 | $13,562.50 |
| Christopher Celentino | Partner | $835.00 | 5.90 | $4,926.50 |
| Sara A Johnston | Partner | $495.00 | 5.80 | $2,871.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 10.20 | $7,599.00 |
| M. Tyler Powell | Partner | $5953.00 | .70 | $416.50 |
| Lexi J. Epley | Associate | $420.00 | 28.40 | $11,928.00 |
| Jacob R. Bothamley | Associate | $405.00 | 20.10 | $8,140.50 |
| Jeremy B. Freedman | Associate | $465.00 | 93.30 | $43,384.50 |
| Jonathan B. Serrano | Associate | $415.00 | .40 | $166.00 |
| Vanessa Rodriguez | Associate | $385.00 | 15.60 | $6,006.00 |
| Robert J. Simmons | eDiscovery | $365.00 | 7.30 | $2,664.50 |

| | Project Manager | | | |
|---|---|---|---|---|
| Angelica B. Garcia | Paraprofessional | $225.00 | 17.30 | $3,892.50 |
| | | **TOTALS** | **226.70** | **$105,557.50** |

### b.    <u>Services Rendered</u>

On May 26, 2023, the Trustee filed suit against more than forty-five non-debtor entities and individuals and simultaneously sought an emergency turnover and restraining order to protect and recover Debtor assets, client files, funds and evidence fraudulently transferred by LPG insiders and co-conspirators, including Mr. Diab. The case number for this adversary proceeding is 8:23-ap-1046-SC ("1046 Action"). Since the filing of the 1046 Action, the Trustee has obtained a Preliminary Injunction to protect consumer clients, Estate assets and evidence. The Trustee obtained a stipulated judgment and turnover as to Phoenix resulting in the turnover of a substantial number of LPG consumer client files (but not corresponding liabilities related thereto) that ultimately resulted in the Court approving the Trustee's motion to sell LPG's client files to Morning Law Group, PC. The Trustee further is in discussions and intends to enter into a settlement agreements with two additional defendants with an anticipated turnover to the Debtor's Estate totaling more than $1.2 million dollars, subject to Court approval.

In additional to the direct benefits obtained for the Debtor's Estate, the Trustee has been engaged in discovery, obtained over 100 million documents related to this matter, taken the deposition of two witnesses and responded to substantial motion practice with certain named defendants challenging the Complaint and seeking to vacate the Preliminary Injunction. As a result of said challenges and Trustee's ongoing investigation, the Trustee has further filed four amended complaints since May 26, 2023.

Based on the Trustee's investigation, motions to compromise and stipulated judgments, the Trustee has dismissed seventeen (17) of the named defendants, entered default as to eleven (11) of the named defendants, with all other defendants either having answered the operative pleading or will be subject to the Trustee seeking entry of default. As to those defendants that have answered the operative Complaint, the Trustee is engaged in settlement discussions and further discovery with the intention of filing motions for summary judgment, where appropriate, given Diab's and March's

admission to the fraudulent transfer of LPG assets at the Preliminary Injunction hearing and substantial evidence supporting same.

**13.    Adv. Case No. 23-1098 (OHP-CDR, LP) (143576-20)**

In this category, during the Application Period, Dinsmore billed 38.40 hours for $26,798.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .80 | $668.00 |
| M. Tyler Powell | Partner | $595.00 | 9.10 | $5,414.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 27.10 | $20,189.50 |
| Jeremy B. Freedman | Associate | $465.00 | .90 | $418.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | .50 | $107.50 |
| | | **TOTALS** | **38.40** | $26,798.00 |

**b.    Services Rendered**

On September 11, 2023, OHP-CDR, LP and PurchaseCo80, LLC (collectively, the "OHP Plaintiffs") filed a complaint [Adv. Dkt. No. 1] initiating the adversary proceeding captioned OHP-CDR, LP, et al. v. Marshack, et al., Adv. Proc. No. 8:23-ap-01098-SC (the "OHP Action"). In the OHP Action, the OHP Plaintiffs seek determination of lien priority and the extent of their alleged ownership interest asserted. OHP asserted that it had a valid, enforceable claim of $16,938,954. On October 13, 2023, the Trustee filed an answer and counterclaims [Adv. Dkt. No. 7] in the OHP Action. On October 13, 2023, defendant Azzure Capital, LLC filed an answer [Adv. Dkt. No. 10].On November 3, 2023, the OHP Plaintiffs filed an answer [Adv. Dkt. No. 13] to the Trustee's counterclaims.

Over the course of the litigation, the parties met and prepared various Joint Status Reports. Further, the parties continuously exchanged information and continued to be open to settlement.  On June 18, 2024 [Adv. Dkt No. 55] Applicant prepared, filed and served a Motion for Summary Judgment on Count Two of the Trustee's Counterclaim against OHP.  The Hearing was set for July 31, 2024.  After the hearing, but prior to a decision by the Court, the parties entered into settlement discussions. A Settlement was reached. The parties documented the settlement and prepared, filed

56

and served a 9019 Motion to approve the settlement. The Settlement was approved. OHP was paid $250,000 upon the effective date, along with other terms to provide future payments based on a formula set forth in the settlement agreement, and their secured claim was denied.

**14.** **Debt Relief Group LLC (143576-22)**

In this category, during the Application Period, Dinsmore billed .10 hours for $48.00, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $48.00 |
| | | **TOTALS** | **.10** | **$48.00** |

b.    **Services Rendered**

The complaint against The Debt Relief Group seeks avoidance of fraudulent transfers and recovery/turnover of funds paid to Defendant by Debtor during the applicable lookback period. Applicant is seeking to recover approximately $997,037.98. Applicant continues to investigate the transfers and is reviewing documents to support a complaint that should be filed in December.

**15.** **Adv. Case No. 24-01017 (New Horizon Finance LLC) (143576-23)**

In this category, during the Application Period, Dinsmore billed 48.50 hours for $20,734.50, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .30 | $250.50 |
| M. Tyler Powell | Partner | $595.00 | 6.30 | $3,748.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.40 | $1,788.00 |
| Vanessa Rodriguez | Associate | $385.00 | 38.00 | $14,630.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | .50 | $107.50 |
| Katherine Hemphill | Paraprofessional | $210.00 | 1.00 | $210.00 |
| | | **TOTALS** | **48.50** | **$20,734.50** |

b.    **Services Rendered**

On February 6, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against New Horizon Finance LLC. On March 28, 2024, the Trustee filed his First

Amended Complaint (the "FAC") to include new accounting numbers for the 90-day and 4-year conveyances. The FAC was served on the Defendant on March 29, 2024. On May 15, 2024, the Rule 26(f) Conference was held and counsel for the parties discussed the Joint Status Report and a potential settlement was discussed.  On May 20, 2024, the Defendant filed its Answer to the FAC. On May 28, 2024, Applicant prepared and filed the Joint Status Report. On June 20, 2024, Applicant appeared at the Status Conference. Discovery was propounded on July 26, 2024. Applicant will continue to pursue the matter, with the next steps being to receive discovery requests from the Defendant. Additionally, the Applicant will file any necessary Pre-Trial Motions as needed. Discussions with the Defendant regarding a potential settlement are ongoing, and the Applicant is hopeful that a settlement can be reached soon.

On October 8, 2024, the Court approved a settlement between the Trustee and the Defendant [Dkt. No. 1799]. Pursuant to the Court's order, New Horizon has  paid the Trustee $90,000.00 in exchange of release of claims and the Trustee will dismiss the adversary.

**16.** **Adv. Case No. 23-1150 (Clear Vision Financial LLC / Liberty 1 Financial) (143576-24)**

In this category, during the Application Period, Dinsmore billed 90.70 hours for $41,143.50, in overall fees.

**a.** **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | 1.40 | $854.00 |
| Jamie D. Mottola | Associate | $455.00 | 85.50 | $38,902.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 3.80 | $1,387.00 |
| | | **TOTALS** | **90.70** | **$41,143.50** |

**b.** **Services Rendered**

On December 21, 2023, Applicant prepared, filed and served on behalf of the Trustee a complaint against Clear Vision Financial which seeks avoidance of fraudulent transfers and recovery/turnover of funds paid to Defendant by Debtor on the theory that Defendant and Debtor were engaged in the solicitation of illegal capping of consumers. The complaints seeking to recover

approximately $794,848.57. Applicant has been conducting discovery and believes it will be in a position to draft a Motion for Summary Judgment.

**17.    Adv. Case No. 24-01018 (MRD Marketing LLC) (143576-25)**

In this category, during the Application Period, Dinsmore billed 34.90 hours for $13,981.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 2.00 | $1,490.00 |
| Vanessa Rodriguez | Associate | $385.00 | 31.90 | $12,281.50 |
| Katherine Hemphill | Paraprofessional | $210.00 | 1.00 | $210.00 |
| | | **TOTALS** | **34.90** | **$13,981.50** |

**b.    Services Rendered**

On February 6, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against MRD Marketing LLC. On April 1, 2024, Applicant prepared, filed and served on behalf of the Trustee his First Amended Complaint ("FAC") to include new accounting numbers for the 90-day and 4-year conveyances. The FAC was served on the Defendant on April 2, 2024. The Defendant's deadline to file and serve an Answer to the FAC was on May 2, 2024. The Defendant did not file an Answer. On June 18 2024, the Trustee filed a Request for Entry of Default. On that same day, the Clerk entered default against the Defendant. Applicant pursued the Motion for Default , and a judgment was entered in the amount of $1,662,610.22 against the Defendant. Applicant will proceed with collecting this judgment.

**18.    Adv. Case No. 24-01040 (Marich Bein, LLC) (143576-26)**

In this category, during the Application Period, Dinsmore billed 39.90 hours for $19,165.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 5.60 | $3,500.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| Lexi J. Epley | Associate | $420.00 | 8.80 | $3,696.00 |
| Jeremy B. Freedman | Associate | $465.00 | 25.10 | $11,671.50 |

| | TOTALS | 39.90 | $19,165.50 |
|---|---|---|---|

### b.    Services Rendered

On March 26, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against Marich Bein, LLC, BankUnited, N.A. among others pursuant to this Court's order dismissing Marich Bein and BankUnited from the 1046 Action. Marich Bein in conjunction with BankUnited processed ACH debits on LPG files and entered into fraudulent ACH receivable purchase agreements with LPG pre-petition as part of Diab's fraudulent scheme to defraud LPG creditors. When this relationship deteriorated, Marich Bein withheld substantial LPG asset for which the Trustee seeks to recover. Marich Bein and BankUnited have filed an answer and the parties have exchanged initial disclosures. The remaining defendants have not formally responded to the Complaint. As to these defendants, Applicant on behalf of the Trustee intends to seek entry of default.  Applicant is continuing to obtain documents through various subpoena and other resources. And through this is investigating other transfers to these defendants as well as related targets. Applicant believes that it will need to file an Amended Complaint to assert these claims.

### 19.    Adv. Case No. 24-1004 (Point Break Holdings LLC) (143576-27)

In this category, during the Application Period, Dinsmore billed .70 hours for $365.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Paige E. Hornback | Associate | $355.00 | .40 | $142.00 |
| | | | TOTALS | 0.70 | $365.50 |

### b.    Services Rendered

On January 10, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against Point Break Holdings. The Trustee is pursuing actions against Point Break Holdings, LLC related to the Debtor's payments to defendant between March 2022 and March 2023. Trustee's claims include: (1) avoidance, recovery, and preservation of 2 year actual fraudulent transfers; (2) avoidance, recovery, and preservation of 2-year constructive fraudulent transfers' (3)

avoidance, recovery, and preservation of 4-year actual fraudulent transfers; (4) avoidance, recovery, and preservation of 4-year construction fraudulent transfers; (5) avoidance, recovery, and preservation of preferential transfer made within 90 days of the petition date; and (6) turnover.  This target is represented by the same counsel as Perfect Financial, and as such, is similarly procedurally postured to that action. The parties have exchanged written discovery, and Applicant is currently determining whether to schedule party depositions or proceed straight to summary judgment. The Trustee is seeking $3,557,704.32 in damages based on the Debtor's payments to defendant between March 2022 and March 2023.

20.    **Adv. Case No. 24-01002 (Clearcube LLC) (143576-28)**

In this category, during the Application Period, Dinsmore billed .90 hours for $281.00, in overall fees.

a.    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | .10 | $61.00 |
| Bryan L. Cockroft | Associate | $275.00 | .80 | $220.00 |
| | | **TOTALS** | **0.90** | **$281.00** |

b.    **Services Rendered**

Applicant prepared, filed and served on behalf of the Trustee a complaint against Clearcube LLC on January 10, 2024.  Clearcube did not answer the complaint, therefore the Court has granted default judgement in favor of the Trustee on June 4, 2024 in the amount of $1,981,549.22.  After the Request for the Clerk to enter Default Judgement was field in February 2024, on April 22, 2024, Applicant prepared, filed and served on behalf of the Trustee a Motion for Default Judgement along with a Memorandum of Points and Authorities.  The hearing was set on the Motion for Default Judgement for May 15, 2024, the Court granted the Motion for Default Judgment against Clearcube. The Court requested that the Trustee file Finding of Facts, which was filed on June 4, 2024 and the Court entered default judgment on June 4, 2024. Since the proof of claim listed in the default judgment was incorrect, the default judgement was amended on June 4, 2024. Currently, Applicant on behalf of Trustee is in the process of collecting the judgement amount from Clearcube.  Applicant

is in the process of filing a Writ of Execution to Levy Clearcube's bank accounts.

**21.    Adv. Case No. 23-1148 (JGW Solutions LLC) (143576-29)**

In this category, during the Application Period, Dinsmore billed 30.10 hours for $13,130.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | 7.60 | $4,636.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.30 | $968.50 |
| Paige E. Hornback | Associate | $355.00 | 21.20 | $7,526.00 |
| | | **TOTALS** | **30.10** | **$13,130.50** |

**b.    Services Rendered**

On December 18, 2023, Applicant prepared, filed and served on behalf of the Trustee a complaint against JGW Solutions.  The Trustee is pursuing actions against JGW Solutions, LLC related to 5 Accounts receivable Purchase Agreements between JGW and the debtor. Trustee's claims include: (1) avoidance, recovery, and preservation of 2 year actual fraudulent transfers; (2) avoidance, recovery, and preservation of 2-year constructive fraudulent transfers' (3) avoidance, recovery, and preservation of 4-year actual fraudulent transfers; (4) avoidance, recovery, and preservation of 4-year construction fraudulent transfers; (5) avoidance, recovery, and preservation of preferential transfer made within 90 days of the petition date; and (6) turnover.  The parties have exchanged written discovery and Applicant filed a motion for summary judgment to be heard before the Court on November 26, 2024. The Trustee is seeking $621,090.91 in damages based on the Debtor's payments to defendant between March 2022 and March 2023.

**22.    Spot on Consulting Inc. (143576-31)**

In this category, during the Application Period, Dinsmore billed 5.60 hours for $2,247.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| Suzanne M. Marino | Associate | $395.00 | 5.50 | $2,172.50 |
| | | **TOTALS** | **5.60** | **$2,247.00** |

**b.**  **Services Rendered**

Applicant is investigating this target as there are a number of agreements and documents that reflect that Spot On may have received avoidable transfers.  Applicant is currently drafting a 2004 petition that it will allow it to obtain information needed to determine how to proceed.

**23.**  **Adv. Case No. 24-01023 (CRI System Inc.) (143576-32)**

In this category, during the Application Period, Dinsmore billed 32.50 hours for $14,114.50, in overall fees.

**a.**  **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 2.80 | $2,086.00 |
| Jacob R. Bothamley | Associate | $405.00 | 29.70 | $12,028.50 |
| | | **TOTALS** | **32.50** | **$14,114.50** |

**b.**  **Services Rendered**

On February 9, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against CRI Systems, Inc.  Defendant did not answer the complaint, therefore Trustee took a default posture.  Defendant received updated transfer amounts from accounts regarding transfers between LPG and CRI, thereafter Applicant prepared, filed and served on behalf of the Trustee an amended complaint to reflect the substantive changes.  The First Amended Complaint encountered greater difficulty in serving due to the fact that CRI was no longer accepting mail at the address listed on the Nevada Secretary of State Website.  Applicant conducted research for alternative addresses for CRI's principal and registered agent, and served the First Amended complaint at that address.  The First Amended Complaint was also not answered.  Applicant prepared, filed and served a request for entry of default and default was entered.  Applicant prepared and the Court entered a default judgment in the amount of $536,832.08.  Applicant is now proceeding to collect on the judgment.

**24.**  **Vasco Assets LLC (143576-33)**

In this category, during the Application Period, Dinsmore billed 10.00 hours for $4,285.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Milton T. Spurlock | Partner | $595.00 | .50 | $297.50 |
| Suzanne M. Marino | Partner | $395.00 | 3.60 | $1,422.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| Jonathan B. Serrano | Associate | $415.00 | 5.20 | $2,158.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .30 | $109.50 |
| | | TOTALS | 10.00 | $4,285.00 |

### b.    Services Rendered

Applicant is investigating litigation target Vasco through review of documents previously obtained through 2004 application practice. Applicant prepared a second 2004 application related to Vasco and obtained additional clarifying documentation related to transfers. Applicant continues to investigate the transfers and the subsequent transferors related thereto, and anticipates filing a motion for turnover. .

### 25.    Adv. Case No. 24-01001 (Leucadia Enterprises Inc.) (143576-34)

In this category, during the Application Period, Dinsmore billed 20.60 hours for $6,156.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | 1.20 | $732.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Bryan L. Cockroft | Associate | $275.00 | 18.70 | $5,142.50 |
| Jamie Herald | Paraprofessional | $145.00 | .40 | $58.00 |
| | | TOTALS | 20.60 | $6,156.00 |

### b.    Services Rendered

On January 9, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against Leucadia Enterprises Inc. The case is currently in the discovery stage of litigation. Defendant answered the January Complaint in March after a Motion for the Clerk to enter Default was filed in February 2024. Trustee's counsel granted Leucadia's counsel an extension to file the Answer to the Complaint. A meet and confer with Leucadia's Counsel was held and parties filed a

1 Joint Status Report on April 11, 2024.  On May 9, 2024 a Scheduling Order was entered into with

2 the following deadlines:

3      Applicant propounded discovery, which defendant responded to. Applicant anticipates at this

4 stage that if no settlement is reached, this case will move forward with a dispositive motion or a trial.

5 Currently no settlement has been offered and not clear if any will be offered at this stage

6    **26.**     **PECC/Teng/Touzi/Oakstone (143576-35)**

7      In this category, during the Application Period, Dinsmore billed 1.20 hours for $729.00, in

8 overall fees.

9      **a.**     **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | .50 | $312.50 |
| M. Tyler Powell | Partner | $595.00 | .70 | $416.50 |
| | | **TOTALS** | **1.20** | **$729.00** |

14      **b.**     **Services Rendered**

15      On May 26, 2023, Applicant prepared, filed and served on behalf of the Trustee a complaint

16 against more than forty-five non-debtor entities and individuals including Eng Taing and Touzi

17 Capital, LLC. Upon service of the complaint, counsel for Eng Taing and Touzi Capital, LLC,

18 identified an additional entity, PECC, Corp., also owned and controlled by Eng Taing. Applicant's

19 investigation has uncovered detailed evidence of the scheme to fraudulently transfer LPG assets and

20 ACH receivables Based on Applicant's investigation, review of the evidence and information

21 obtained from other defendants, the Trustee filed a lawsuit initiating Adversary Proceeding No.

22 8:24-ap-01011-SC as against PECC, among nine other similarly situated defendants for avoidance

23 and recovery among other relief. PECC answered Trustee's complaint on May 17, 2024. Applicant

24 continues its investigation as it related to PECC, Eng Taing and Touzi Capital, LLC.

25    **27.**     **United Global Research Group, Inc. (143576-36)**

26      In this category, during the Application Period, Dinsmore billed 40.70 hours for $20,176.50,

27 in overall fees.

28 ///

### a.    Time Keeper Breakdown

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 25.60 | $12,672.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Spencer K. Gray | Associate | $475.00 | 11.90 | $5,652.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 1.40 | $511.00 |
| | | TOTALS | 40.70 | $20,176.50 |

### b.    Services Rendered

Applicant is investigating this potential litigation target and reviewing relevant documents in preparation for drafting an adversary complaint. Applicant had informal discovery discussions with United GlobalWhen it failed to provide the relevant documents Applicant attempted to again obtain this through information discussions.  However, Applicant ultimately prepared a 2004 application. Applicant is still trying to get United Global to respond to the 2004, but anticipates filing a complaint by January.

Applicant prepared filed and served an objection to United Global's priority claim. There was no evidence that it was entitled to priority status. That objection is currently pending.

### 28.    Adv. Case No. 24-1115 (MPowering America, LLC/Matthew Lovelady) (143576-37)

In this category, during the Application Period, Dinsmore billed 78.90 hours for $35,861.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | .70 | $437.50 |
| Christopher Celentino | Partner | $835.00 | 1.00 | $835.00 |
| Sara A Johnston | Partner | $495.00 | 14.00 | $6,930.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.80 | $3,576.00 |
| Spencer K Gray | Associate | $475.00 | 44.50 | $21,137.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .60 | $219.00 |
| Wendy Yones | Paraprofessional | $205.00 | 13.30 | $2,726.50 |
| | | TOTALS | 78.90 | $35,861.50 |

### b.    Services Rendered

Applicant investigated this potential litigation target and reviewed relevant documents in preparation for drafting an adversary complaint. Applicant further reviewed the proof of claim filed by MPowering, that provided various agreements. MPowering agreed to produce documentation by March 26, 2024, but failed to do so. Applicant drafted and sent a final meet and confer request. Applicant analyzed whether it should prepare and serve a 2004 application or draft a complaint based on the information already in the Applicant's possession.

On August 23, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against MPowering America, LLC and Matthew Lovelady (collectively, the "Defendants").  Defendants did not answer the complaint, therefore Trustee took a default posture. On October 25, 2024, Applicant prepared, filed and served a request for entry of default.   However, prior to filing the default against MPowering American, Trustee was notified that it filed a Chapter 7 Bankruptcy. Thus, it will proceed in the bankruptcy against them.  Shortly after filing a Request to enter default against Lovelady only, Lovelady filed a motion to dismiss. Thus, the Court calendared that hearing and denied the request to enter default. Applicant will prepare opposition and attend the hearing set for December.

### 29.    Strategic Consulting Solutions LLC (143576-38)

In this category, during the Application Period, Dinsmore billed 10.10 hours for $3,985.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 2.60 | $1,287.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Spencer K Gray | Associate | $475.00 | .40 | $190.00 |
| Brandon E. Lira | Associate | $355.00 | 6.30 | $2,236.50 |
| Wendy Yones | Paraprofessional | $205.00 | .60 | $123.00 |
| | | **TOTALS** | **10.10** | **$3,985.50** |

### b.    Services Rendered

Applicant investigated this potential litigation target and reviewed relevant documents in preparation for drafting an adversary complaint. Applicant prepared a 2004 application in order to

obtain relevant information. Applicant continues to review this matter and anticipates drafting and filing a complaint by January.

**30.**     **Sabia Financial Inc. (143576-39)**

In this category, during the Application Period, Dinsmore billed 19.60 hours for $7,936.50, in overall fees.

     **a.**     **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 4.00 | $1,980.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Vanessa Rodriguez | Associate | $385.00 | 14.40 | $5,544.00 |
| Katherine Hemphill | Paraprofessional | $210.00 | .90 | $189.00 |
| | | TOTALS | 19.60 | $7,936.50 |

     **b.**     **Services Rendered**

Applicant reviewed and analyzed various documents related to Sabia Financial in anticipation for drafting a complaint.  Applicant prepared and sent Sabia a demand, which resulted in communications between the parties.  Discussions with Sabia's counsel regarding settlement are ongoing.

**31.**     **BC Consulting Group, LLC (143576-40)**

In this category, during the Application Period, Dinsmore billed 15.30 hours for $6,894.50, in overall fees.

     **a.**     **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 1.60 | $792.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.30 | $1,713.50 |
| Vanessa Rodriguez | Associate | $385.00 | 11.40 | $4,389.00 |
| | | TOTALS | 15.30 | $6,894.50 |

     **b.**     **Services Rendered**

Applicant reviewed and analyzed various documents related to BC Consulting in anticipation for drafting a complaint.  Applicant prepared and sent BC Consulting a demand, which resulted in

///

communications between the parties.  Discussions with BC Consulting regarding settlement are ongoing.

**32.**    **EZ Debt Relief Inc. (143576-41)**

In this category, during the Application Period, Dinsmore billed 3.40 hours for $1,644.00, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 2.30 | $1,138.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Jacob R. Bothamley | Associate | $405.00 | .70 | $283.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .20 | $73.00 |
| | | TOTALS | 3.40 | $1,644.00 |

**b.**    **Services Rendered**

Applicant conducted research and found contact information for EZ Debt's principal. Applicant has been in frequent contact with EZ Debt to learn about the inner workings of EZ Debt, as an LPG marketer. . Applicant counsel is in the process of reviewing the large number of documents received from EZ Debt and has entered into settlement discussions.

**33.**    **Summit Marketing Solutions Inc. (143576-42)**

In this category, during the Application Period, Dinsmore billed 11.30 hours for $4,700.50, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 1.00 | $495.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| Jacob R. Bothamley | Associate | $405.00 | 10.20 | $4,131.00 |
| | | TOTALS | 11.30 | $4,700.50 |

**b.**    **Services Rendered**

Applicant is in the process of obtaining further documentation based on information learned from the initial production received from Summit's counsel.  Applicant is conducting ongoing

research to determine transfers from Debtor. Applicant is in the process of preparing a complaint to be filed with information received through the document productions by January.

### 34.    Gotham Trading NYC (143576-50)

In this category, during the Application Period, Dinsmore billed 1.60 hours for $952.00, in overall fees.

#### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.30 | $812.50 |
| Jeremy B. Freedman | Associate | $465.00 | .30 | $139.50 |
| | | TOTALS | 1.60 | $952.00 |

#### b.    Services Rendered

Applicant received documents to suggest that Gotham obtained LPG money for goods that were provided to other transferors.  Applicant is investigating the location of these goods and targeting the recipients for return of property of the estate.

### 35.    Consumer/Creditor Communications (143576-53)

In this category, during the Application Period, Dinsmore billed 50.10 hours for $22,782.50, in overall fees.

#### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Jamie D. Mottola | Associate | $455.00 | 49.40 | $22,477.00 |
| Wendy Yones | Paraprofessional | $205.00 | .40 | $82.00 |
| | | TOTALS | 50.10 | $22,782.50 |

#### b.    Services Rendered

Applicant has received thousands of inquiries from various consumer clients.  These consumers reach out to Applicant whenever there is a filing that provides notice to all creditors in an attempt to understand the proceedings.  These consumers reach out to Applicant to obtain help in figuring out where their own client files are, if they were rejected or transferred, how and where to file a proof of claim, and many other questions.  Applicant put a lower billing associate in charge of

assisting with putting together a Frequently Asked Questions supplement for Omni to put on its web site, and for the associate to better respond to emails.  Applicant believed a lower billing associate should be the person responding to these questions, and not a paralegal or legal assistant because the associate could better address upset consumers, inform them why no legal advice could be provided by the Trustee to these individuals, better explain the proceedings taking place, and generally provide them with assistance on how to best move forward with their issues.

### 36.    Azzure Capital LLC (143576-54)

In this category, during the Application Period, Dinsmore billed 6.90 hours for $4,953.00, in overall fees.

#### a.      Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 4.00 | $3,340.00 |
| M. Tyler Powell | Partner | $595.00 | 1.70 | $1,011.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Vanessa Rodriguez | Associate | $385.00 | .10 | $38.50 |
| Veneeta Jaswal | Associate | $460.00 | .90 | $414.00 |
| | | TOTALS | 6.90 | $4,953.00 |

#### b.      Services Rendered

Azzure Capital has asserted a claim in the amount of $5M.  Applicant advised the Trustee related to a negotiated settlement with Azzure that was initially approved by the Court, but reconsidered and denied.  The OCC, and other secured creditors did not support the settlement and wanted to object to Azzure's claim.  OHP filed a lawsuit (described above) that included Azzure and the Trustee.  The Trustee's secured litigation also included Azzure as a defendant (matter #63).  The Trustee has agreed to go to mediation with Azzure Capital. In the meantime, Azzure Capital has agreed to release its $5 million lien from money that is to be paid upon effective date in exchange for a replacement lien on litigation proceeds. This agreement has been reduced to a stipulation.  The mediation is set for November, and a summary judgment motion was filed and will be heard after mediation if a settlement is not reached. Time associated with this mediation and the motion for summary judgment is also under the secured creditor litigation, matter #63.

### 37.    MCA Capital Holdings LLC (143576-56)

In this category, during the Application Period, Dinsmore billed 13.70 hours for $7,075.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John A. Stephens | Partner | $545.00 | 10.00 | $5,450.00 |
| Veneeta Jaswal | Associate | $460.00 | 3.40 | $1,564.00 |
| Wendy Yones | Paraprofessional | $305.00 | .30 | $61.50 |
| | | TOTALS | 13.70 | $7,075.50 |

### b.    Services Rendered

Applicant is investigating whether to file a complaint against MCA Capital, as it appears they were a Merchant Cash Advance lender, and currently Applicant is targeting other such lenders with a complaint that alleges six causes of action: Two claims for the avoidance, recovery and preservation of 2-year actual fraudulent transfers; Two claims for the avoidance, recovery and preservation of 4-year actual fraudulent transfers; Avoidance, recovery and preservation of preferential transfer made within 90 days of the petition date; and turnover.  Applicant believes it will have the complaint on file by December.

### 38.    MCDVI Fund 2 LLC, MCDVI Fund 2, LLC, Debt Validation Fund II, LLC, Venture Partners, LLC and ProofPositive (143576-57)

In this category, during the Application Period, Dinsmore billed .10 hours for $74.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| | | TOTALS | .10 | $74.50 |

### b.    Services Rendered

These defendants are all in the secured creditor litigation that Applicant prepared and filed (matter #63).  Applicant did some preliminary investigating into the alleged secured liens that these parties asserted.  Applicant had several discussions with the parties counsel related to its claims and reviewed various documents. The balance of the time associated with these parties is in matter #63.

### 39. ProofPositive LLC (143576-59)

In this category, during the Application Period, Dinsmore billed 1.00 hours for $655.00, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | .60 | $357.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| | | TOTALS | **1.00** | **$655.00** |

#### b. Services Rendered

Applicant was successful in avoiding ProofPositive's secured lien in the Secured Creditor litigation, matter #63. However, Applicant continues to investigate avoidance actions against this target. Applicant has had discussions and reviewed a number of documents related to the transfers and defenses thereto. Applicant will either settle this matter or proceed with a complaint by January.

### 40. Venture Partners, LLC (143576-60)

In this category, during the Application Period, Dinsmore billed .10 hours for $74.50, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| | | TOTALS | **.10** | **$74.50** |

#### b. Services Rendered

Applicant was successful in avoiding Venture Partners secured lien in the Secured Creditor litigation, matter #63. However, Applicant continues to investigate avoidance actions against this target. Applicant has had discussions and reviewed a number of documents related to the transfers and defenses thereto. Applicant will either settle this matter or proceed with a complaint by January.

### 41. OHP-CDR, LP (143576-62)

In this category, during the Application Period, Dinsmore billed 8.20 hours for $4,768.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 4.90 | $4,091.50 |
| Wendy Yones | Paraprofessional | $205.00 | 3.30 | $676.50 |
| | | TOTALS | 8.20 | $4,768.00 |

### b.    Services Rendered

OHP filed a lawsuit against the Trustee and Azzure, which Applicant prepared and filed a counter-claim in.  Thus, most of the time associated with OHP is in matter # 20 Applicant did some preliminary investigating into the alleged secured lien that OHP asserted.  Applicant had several discussions with OHP's counsel related to its claims and reviewed various documents produced. The balance of the time associated with OHP is in matter #20.

**42.    Adv. Case No. 24-1001 - Secured Creditor Liquidation (143576-63)**

In this category, during the Application Period, Dinsmore billed 180.60 hours for $106,255.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.40 | $875.00 |
| Christopher Celentino | Partner | $835.00 | 3.30 | $2,755.50 |
| Matthew Tyler Powell | Partner | $595.00 | 83.80 | $49,861.00 |
| John H. Stephens | Partner | $545.00 | .20 | $109.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 57.10 | $42,539.50 |
| Brandon E. Lira | Associate | $355.00 | 10.60 | $3,763.00 |
| Vanessa Rodriguez | Associate | $385.00 | .20 | $77.00 |
| Jessica M. Lavin | Associate | $375.00 | 7.70 | $2,887.50 |
| Wendy Yones | Paraprofessional | $205.00 | 11.70 | $2,398.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 4.60 | $989.00 |
| | | TOTALS | 180.60 | $106,255.00 |

### b.    Services Rendered.

On January 26, 2024  Applicant, and general counsel, prepared, filed and served on behalf of the Trustee a complaint against secured parties seeking, inter alia, declaratory judgment as to validity of their secured interests.  Bridge Funding CAP, LLC d/b/a/ Fundura Capital, MNS Funding, LLC,

Azzure Capital LLC, Diverse Capital, LLC, PECC Corp, Marich Bein, Proof Positive LLC, MC DVI Fund 1 LLC, MC DVI Fund 2 LLC, Debt Validation Fund II LLC, Venture Partners LLC,   all have been named as defendants in the adversary 8:24-ap-01011-SC ("Secured Creditor Adversary").The following is the status of Applicant's efforts and the Trustee's resolution with various defendants in the Secured Creditor Adversary:

Applicant on behalf of the Trustee has been able to settle with Proof Positive/MCDVI Funds 1 and 2/Debt Validation Fund II/Venture Partners – who agreed to its lien being avoided – thereby reducing $68,000,000 from the secured list.

On March 15, 2024, the Court entered an order [Dkt. No. 1030], approving the stipulation between the Trustee and Marich Bein whereby Marich Bein consented to the Trustee filing a termination of the UCC Statement. Marich Bein's $22,304,093.25 alleged secured claim will thus be unsecured moving forward, subject to objection and further investigation by Applicant into the transactions as alleged in the adversary complaint filed by Applicant on behalf of the Trustee against Marich Bein and Bank United, et al, Dkt. No. 1068; 8:24-ap-01040-SC.

On February 7th and 8th, the Bankruptcy Court entered two orders [Adv. Dkt. No. 10 & 12] setting a pretrial conference and requiring the Plaintiffs to submit briefing and evidence in support of their secured status. Most defendants complied, Applicant reviewed those responses and prepared detailed status reports for each defendant, as instructed by the Court [Adv. Dkt Nos. 66-73). The pretrial conference took place on April 22, 2024. Applicant attended and argued at the hearing. Over the course of the litigation, the parties also met and prepared various Joint Status Reports. Further, the parties continuously exchanged information and continued to be open to settlement.  On June 18, 2024 [Adv. Dkt No. 104] Applicant prepared, filed and served a Motion for Summary Judgment on Count Two of the Trustee's Counterclaim against PECC.

On August 27, 2024, the Court granted partial summary judgment in favor of the Trustee and against Bridge Funding as Secured Creditor [Adv. Dkt. No. 150]. On September 20, 2024, Bridge Funding filed an appeal of the denial of summary judgment, U.S. District Court Case No. 8:24-cv-02043-FMO.

The Trustee hads agreed to participate in mediation with Azzure Capital. In the meantime,

Azzure Capital has agreed to release its $5 million lien from money that was to be paid upon effective date and to obtain a replacement lien on other assets of the estate including litigation proceeds. The hearing on the Summary Judgment Motion against Azzure Capital is continued to November 13, 2024, at 11:00 a.m.  [Adv. Dkt. No. 147].  In late October the proposed mediator withdrew because his firm had been retained and substituted in as counsel for CLG (in the Injunction Action described above); the Trustee had been working on obtaining a new mediator; and recently Judge Jury agreed to mediate.  But it appears that the parties are now moving forward with the Summary Judgment Motion as scheduled. The Trustee negotiated a settlement with Diverse Capital ("Diverse"). On September 3, 2024, the Court approved the settlement between the Trustee and Diverse [Dkt. No. 1609]. On September 19, 2024, the Trustee dismissed Diverse from the Secured Creditor Adversary [Adv. Dkt. No. 158].

On August 15, 2024, the Court granted summary judgment in favor of the Trustee and against PECC as Secured Creditor [Adversary Dkt. No. 144].

On September 3, 2024, the Court approved the settlement between the Trustee and MNS Funding [Dkt. No. 1610].

### 43.    Adv. Case No. 24-1080 (BMF Advance LLC) (143576-64)

In this category, during the Application Period, Dinsmore billed 69.60 hours for $35,517.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .60 | $501.00 |
| John H. Stephens | Partner | $545.00 | 27.10 | $14,769.50 |
| M. Tyler Powell | Partner | $595.00 | .60 | $357.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.50 | $3,352.50 |
| Jacob R. Bothamley | Associate | $405.00 | 4.00 | $1,620.00 |
| Veneeta Jaswal | Associate | $460.00 | 31.00 | $14,260.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 1.80 | $657.00 |
| | | **TOTALS** | **69.60** | **$35,517.00** |

### b.    Services Rendered

On May 16, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint

against BMF Advance, LLC.  BMF was a Merchant Cash Advance lender, and the complaint alleges six causes of action: Two claims for the avoidance, recovery and preservation of 2-year actual fraudulent transfers; Two claims for the avoidance, recovery and preservation of 4-year actual fraudulent transfers; Avoidance, recovery and preservation of preferential transfer made within 90 days of the petition date; and turnover.   The complaint seeks to recover $2,775,541.99.  Defendant's response is due July 2, 2024.  The parties will then meet and confer, prepare a joint status report and engage in discovery, both written and depositions.

On September 13, 2024, the Court issued a Case Management and Preservation of Records Order, which required all parties to submit a brief with all evidence within 45 days.  Applicant began reviewing documents and preparing to draft the brief.

**44.    Clearfund Solution, LLC / Cloudfund, LLC (143576-66)**

In this category, during the Application Period, Dinsmore billed 5.80 hours for $3,671.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .20 | $167.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| John H. Stephens | Partners | $545.00 | .30 | $163.50 |
| Brian M. Metcalf | Associate | $650.00 | 4.30 | $2,795.00 |
| Veneeta Jaswal | Associate | $460.00 | .70 | $322.00 |
| | | **TOTALS** | **5.80** | **$3,671.00** |

**b.    Services Rendered**

Debtor's records indicate that within the avoidance period, this litigation target received $486,331. Applicant is investigating the litigation target, collecting materials and reviewing documents in preparation for a possible adversary proceeding to be filed by December.

**45.    Adv. Case No. 24-1090 (Cobalt Funding Solutions, LLC) (143576-67)**

In this category, during the Application Period, Dinsmore billed 42.30 hours for $21,743.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .40 | $334.00 |
| John H. Stephens | Partner | $545.00 | 19.50 | $10,627.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.20 | $1,639.00 |
| Veneeta Jaswal | Associate | $460.00 | 18.50 | $8,510.00 |
| Jacob R. Bothamley | Associate | $405.00 | .30 | $121.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 1.40 | $511.00 |
| | | TOTALS | 42.30 | $21,743.00 |

### b.  Services Rendered

On June 18, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against Cobalt Funding Solutions, LLC.  Cobalt was a Merchant Cash Advance lender, and the complaint alleges six causes of action: Two claims for the avoidance, recovery and preservation of 2-year actual fraudulent transfers; Two claims for the avoidance, recovery and preservation of 4-year actual fraudulent transfers; Avoidance, recovery and preservation of preferential transfer made within 90 days of the petition date; and turnover.  The complaint seeks to recover $4,552,150.00. Defendant's response is due August 1, 2024. The parties will then meet and confer, prepare a joint status report engage in discovery, both written and depositions.

On September 5, 2024, the Court issued a Case Management and Preservation of Records Order, which required all parties to submit a brief with all evidence within 45 days.  Applicant began reviewing documents and preparing to draft the brief.

### 46.  Everyday Funding Group (143576-68)

In this category, during the Application Period, Dinsmore billed 1.20 hours for $651.50, in overall fees.

### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .50 | $272.50 |
| Brian M. Metcalf | Associate | $650.00 | .30 | $195.00 |
| Veneeta Jaswal | Associate | $460.00 | .40 | $184.00 |
| | | TOTALS | 1.20 | $651.50 |

### b.      Services Rendered

Everyday was a Merchant Cash Advance lender that sued the Debtor in NY State Court in August 2021.  The suit was filed to enforce a June 2021 merchant cash advance agreement where it allegedly purchased approximately $1.5M in future AR from the Debtor for a gross purchase price of $1M.  The suit sought a judgment of less than $200,000 because the Debtor had repaid the balance. This lawsuit was settled in late 2021.  Applicant on behalf of the Trustee is continuing to review the Debtor's transactions with Everyday and other MCA lenders that may be related to Everyday.

### 47.    Franklin Capital Management LLC (143576-69)

In this category, during the Application Period, Dinsmore billed .90 hours for $439.50, in overall fees.

### a.      Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .30 | $163.50 |
| Veneeta Jaswal | Associate | $460.00 | .60 | $276.00 |
| | | TOTALS | 0.90 | $439.50 |

### b.      Services Rendered

Applicant investigated Franklin's relationship with Debtor due to a UCC Statement filed against the Debtor that remained unreleased as of the Petition Date.  Applicant's investigation so far indicates that the filing was made prospectively in advance of a potential transaction that never closed.

### 48.    Green Fund NY (143576-70)

In this category, during the Application Period, Dinsmore billed 2.60 hours for $1,582.50, in overall fees.

### a.      Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .30 | $163.50 |
| Brian M. Metcalf | Associate | $650.00 | 1.90 | $1,235.00 |
| Veneeta Jaswal | Associate | $460.00 | .40 | $184.00 |
| | | TOTALS | 2.60 | $1,582.50 |

### b.      Services Rendered

Debtor's records indicate that within the avoidance period, this litigation target received $199,801. Applicant is investigating the litigation target, collecting materials and reviewing documents in preparation for a possible adversary proceeding.

### 49.    Kevlar Capital LLC (143576-71)

In this category, during the Application Period, Dinsmore billed 6.00 hours for $3,074.50, in overall fees.

### a.      Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | 3.70 | $2,016.50 |
| Veneeta Jaswal | Associate | $460.00 | 2.30 | $1,058.00 |
| | | TOTALS | 6.00 | $3,074.50 |

### b.      Services Rendered

Kevlar is another entity that had a UCC-1 of record against the Debtor as of the Petition Date pursuant to a merchant cash advance agreement. Applicant, with general counsel, was able to obtain a release of the UCC-1 through the preparation of a 3012 Motion, although Kevlar was no longer operating. The Trustee is continuing to investigate the Debtor's transactions with Kevlar to determine whether additional litigation is needed

### 50.    Stratcap Management LLC (143576-72)

In this category, during the Application Period, Dinsmore billed 1.20 hours for $672.50, in overall fees.

### a.      Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .30 | $163.50 |
| Brian M. Metcalf | Associate | $650.00 | .50 | $325.00 |
| Veneeta Jaswal | Associate | $460.00 | .40 | $184.00 |
| | | **TOTALS** | **1.20** | **$672.50** |

### b.      Services Rendered

Stratcap was an entity formed by an insider of the Debtor that executed AR Purchase

Agreements with the Debtor.  The validity of these agreements is in question.  Stratcap also filed a UCC-1 statement against the Debtor pursuant to these agreements.  Applicant, with general counsel, was able to obtain a release of the UCC-1 through the preparation of a 3012 Motion. Applicant continues to investigate the details of these insider transactions.

**51.    World Global Fund LLC (143576-73)**

In this category, during the Application Period, Dinsmore billed 17.00 hours for $8,837.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 2.00 | $1,250.00 |
| Christopher Celentino | Partner | $835.00 | .50 | $417.50 |
| John H. Stephens | Partner | $545.00 | 3.50 | $1,907.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .70 | $521.50 |
| Jeremy B. Freedman | Associate | $465.00 | .60 | $279.00 |
| Veneeta Jaswal | Associate | $460.00 | 9.70 | $4,462.00 |
| | | **TOTALS** | **17.00** | **$8,837.50** |

**b.    Services Rendered**

Debtor's records indicate that within the avoidance period, this litigation target received $850,000. Applicant however is researching various claims for relief as to World Global and its partner Optimum Bank. Applicant is investigating the litigation target, collecting materials and reviewing documents in preparation for filing an amended complaint against these parties related to the findings of the Court that LPG was a Ponzi and criminal enterprise.

**52.    Ace Funding Source LLC (143576-74)**

In this category, during the Application Period, Dinsmore billed 3.90 hours for $1,842.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | 1.60 | $792.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .60 | $447.00 |
| Brandon E. Lira | Associate | $355.00 | 1.70 | $603.50 |
| | | **TOTALS** | 3.90 | $1,842.50 |

### b.    Services Rendered

Ace was a merchant cash advance lender that sued the Debtor in NY State Court.  Applicant prepared a Rule 2004 motion based on the information in the complaint, but counsel has not filed the motion yet and is evaluating all options.

**53.    Herret Credit Consultants (143576-75)**

In this category, during the Application Period, Dinsmore billed 32.50 hours for $16,312.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .30 | $250.50 |
| Sarah S. Mattingly | Partner | $610.00 | 1.40 | $854.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.60 | $1,192.00 |
| Matthew J. Stockl | Associate | $480.00 | 29.20 | $14,016.00 |
| | | TOTALS | **32.50** | **$16,312.50** |

### b.    Services Rendered

Applicant Reviewed emails in connection with the investigation of potential avoidance claims.  Applicant engaged in discussions with general counsel and Herret's counsel regarding basis for Herret's administrative priority claim and benefit to the estate of commissions purportedly owed under Independent Contractor Agreement.  Applicant formed strategy in preparation for drafting adversary complaint, including claims under sections 502(d) and (j), 542, 544(b), 547, 548, 549, 550, and 551 of the Bankruptcy Code and corresponding claims under Cal Civ. Code sections 3439.04(a), 3439.05 and 3439.07.

**54.    Greyson/Han Trinh (143576-76)**

In this category, during the Application Period, Dinsmore billed 2.30 hours for $1,199.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .20 | $167.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Jeremy B. Freedman | Associate | $465.00 | 1.90 | $883.50 |

| | | |
|---|---|---|
| **TOTALS** | **2.30** | **$1,199.50** |

### b.    Services Rendered

On August 27, 2024, this Court denied the administrative expense motions of Han Trinh [Dkt. No. 674] seeking $136,280.56, Phuong (aka Jayde) Trinh [Dkt. No. 675] seeking $114,825.14, and Greyson Law Center, PC [Dkt. No. 676] seeking $5,434,633.00. The Court entered the following Orders denying the administrative claims: Han Trinh ("Han") as Dkt. No. 1548; Phuong (aka Jayde) Trinh ("Jayde") as Dkt. No. 1547; and Greyson Law Center, PC ("Greyson") as Dkt. No. 1546.  On September 9, 2024, Han, Jayde, and Greyson each filed Notices of Appeal and Statements of Election to Bankruptcy Appellate Panel ("Admin Claim Appeals"). On September 7, 2024, the Trustee filed his Statements of Election to Proceed in U.S. District Court for all three Admin Claim Appeals. Currently, the Admin Claim Appeals are assigned the following case numbers: Han Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02077-FMO ("Han Appeal"); Phuong Jayde Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02243-FMO ("Jayde Appeal"); and Greyson Law Center, PC v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02074-FMO ("Greyson Appeal").

Much of what occurred under this matter number was for the period of time covered by the first application, as discussed above, especially in matter number 19.  While a bit of work took place in matter numbers 76 and 77; most work is now being billed under matter numbers 150,151 and 152 below.

### 55.    Han Trinh and Jayde Trinh (143576-77)

In this category, during the Application Period, Dinsmore billed 5.20 hours for $2,576.00, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .20 | $167.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .60 | $223.50 |
| Jeremy B. Freedman | Associate | $465.00 | 4.70 | $2,185.50 |
| | | | **TOTALS** | **5.50** | **$2,576.00** |

1

### b.    Services Rendered

2

On August 27, 2024, this Court denied the administrative expense motions of Han Trinh

3

[Dkt. No. 674] seeking $136,280.56, Phuong (aka Jayde) Trinh [Dkt. No. 675] seeking $114,825.14,

4

and Greyson Law Center, PC [Dkt. No. 676] seeking $5,434,633.00. The Court entered the

5

following Orders denying the administrative claims: Han Trinh ("Han") as Dkt. No. 1548; Phuong

6

(aka Jayde) Trinh ("Jayde") as Dkt. No. 1547; and Greyson Law Center, PC ("Greyson") as Dkt. No.

7

1546.  On September 9, 2024, Han, Jayde, and Greyson each filed Notices of Appeal and Statements

8

of Election to Bankruptcy Appellate Panel ("Admin Claim Appeals"). On September 7, 2024, the

9

Trustee filed his Statements of Election to Proceed in U.S. District Court for all three Admin Claim

10

Appeals. Currently, the Admin Claim Appeals are assigned the following case numbers: Han Trinh

11

v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02077-FMO ("Han Appeal"); Phuong Jayde

12

Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02243-FMO ("Jayde Appeal"); and

13

Greyson Law Center, PC v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02074-FMO

14

("Greyson Appeal").

15

Much of what occurred under this matter number was for the period of time covered by the

16

first application, as discussed above, especially in matter number 19.  While a bit of work took place

17

in matter numbers 76 and 77; most work is now being billed under matter numbers 150,151 and 152

18

below.

19

### 56.    Debt Resolution Direct (143576-78)

20

In this category, during the Application Period, Dinsmore billed 1.10 hours for $323.00, in

21

overall fees.

22

### a.    Time Keeper Breakdown

23

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $48.00 |
| Bryan L. Cockroft | Associate | $275.00 | 1.00 | $275.00 |
| | | TOTALS | 1.10 | $323.00 |

27

### b.    Services Rendered

28

Currently Applicant is investigating and analyzing documents related to Debt Resolution

Direct. Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with Debt Resolution Direct Applicant will draft an adversary proceeding complaint related to fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint in December.

### 57.    Gofi Finance / Gofi, LLC (143576-79)

In this category, during the Application Period, Dinsmore billed .10 hours for $48.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $480.00 |
| | | **TOTALS** | **.10** | **$480.00** |

**b.    Services Rendered**

On March 26, 2024, Applicant prepared, filed and served on behalf of the Trustee a Complaint against GoFi, LLC, among other defendants including Marich Bein, LLC, BankUnited, N.A. and Lisa Cohen. The case number for this adversary proceeding is 8:24-ap-01040-SC ("1040 Action"). This matter is described above as matter #26.  Based on Applicant's investigation, Marich Bein diverted substantial amounts of money due to LPG to GoFi.  Applicant has made several attempts at serving GoFi with the Complaint. In light of GoFi's attempt to hide and abscond with the funds received from Marich Bein, Applicant is investigating the best way to proceed with claims against these defendants.

### 58.    United Debt Consultants (143576-80)

In this category, during the Application Period, Dinsmore billed 1.30 hours for $378.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $48.00 |
| Bryan L. Cockroft | Associate | $275.00 | 1.20 | $330.00 |
| | | **TOTALS** | **1.30** | **$378.00** |

### b. Services Rendered

Currently Applicant is investigating and analyzing documents related to United Debt Consultants. Based on the bank statements, affiliate agreements, accounts receivable purchase agreements with United Debt Consultants, Applicant is drafting an adversary proceeding complaint based on alleged fraudulent transfers received by United Debt Consultants in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint in December.

### 59. Platinum Capital Consulting, LLC (143576-81)

In this category, during the Application Period, Dinsmore billed 8.60 hours for $2,833.00, in overall fees.

### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Sara A Johnston | Partner | $495.00 | 1.70 | $841.50 |
| Bryan L. Cockroft | Associate | $275.00 | 6.70 | $1,842.50 |
| | | | **TOTALS** **8.60** | **$2,833.00** |

### b. Services Rendered

Applicant is investigating and analyzing documents related to Platinum Capital Consulting. Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with Platinum Capital Consulting, Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Platinum Capital Consulting in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

### 60. Adv. Case No. 24-1068 (Arash Asante Bayrooti) (143576-85)

In this category, during the Application Period, Dinsmore billed 161.60 hours for $90,613.00, in overall fees.

### a. Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 70.00 | $43,750.00 |

| Christopher Celentino | Partner | $835.00 | 6.30 | $5,260.50 |
|---|---|---|---|---|
| M. Tyler Powell | Partner | $595.00 | 9.80 | $5,831.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.60 | $3,427.00 |
| Jacob R. Bothamley | Associate | $405.00 | .50 | $202.50 |
| Matthew J. Stockl | Associate | $480.00 | 60.00 | $28,800.00 |
| Brandon E. Lira | Associate | $355.00 | 7.90 | $2,804.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 2.50 | $537.50 |
| | | **TOTALS** | **161.60** | **$90,613.00** |

**b.**    **Services Rendered**

On April 19, 2024, Applicant prepared, filed and served on behalf of the Trustee a suit against Arash Asante Bayrooti to recover a single payment of approximately $5.9M from the Debtor to him in September 2022.  The case number for this adversary proceeding is 8:24-ap-1068.  The state purpose for the payment was to fund Mr. Diab's purchase of Mr. Bayrooti's ownership interest in an unrelated company.

A writ of attachment in the amount of $5,814,146.45 was issued – ex parte – on August 15, 2024.  Following service of the writ, it was discovered that the bulk of defendant's cash or marketable securities were held in an investment account.  Parties stipulated to issuance of a further writ of attachment which was ultimately served on October 18, 2024.  That writ attached to US Treasuries in Mr. Bayrooti's investment account valued at $4,357,034.01.  Initial disclosures have been made and discovery served.  Responses from each side to discovery requests are due Friday November 8, 2024.

**61.**    **A Solution 2 / A Solution Debt Relief / A Solution Debt Relief 3 (143576-86)**

In this category, during the Application Period, Dinsmore billed 2.20 hours for $837.00, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | .40 | $198.00 |
| Brandon E. Lira | Associate | $355.00 | 1.80 | $639.00 |
| | | **TOTALS** | **2.20** | **$837.00** |

**b.**    **Services Rendered**

Applicant is investigating and analyzing documents related to A Solution2/A Solution Debt

Relief/A Solution Debt Relief 3. Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, A Solution2/A Solution Debt Relief/A Solution Debt Relief 3 Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by A Solution2/A Solution Debt Relief/A Solution Debt Relief 3 in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

### 62. **All Service Financial, LLC (143576-87)**

In this category, during the Application Period, Dinsmore billed .60 hours for $345.00, in overall fees.

#### a. **Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Brian W. Boyd | AssocAIt | $575.00 | .60 | $345.00 |
| | | **TOTALS** | **.60** | **$345.00** |

#### b. **Services Rendered**

Applicant is investigating and analyzing documents related to All Service Financial, LLC Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, All Service Financial, LLC Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by All Service Financial, LLC in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

### 63. **Consumer Law Group, PC/Feig (143576-88)**

In this category, during the Application Period, Dinsmore billed 67.60 hours for $35,460.00, in overall fees.

#### a. **Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .70 | $584.50 |
| Christopher B. Ghio | Partner | $625.00 | 8.00 | $5,000.00 |
| Milton T. Spurlock | Partner | $595.00 | 29.30 | $17,433.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.20 | $1,639.00 |

| Jonathan B. Serrano | Associate | $415.00 | .20 | $83.00 |
|---|---|---|---|---|
| Suzanne M. Marino | Associate | $395.00 | 26.40 | $10,428.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .80 | $292.00 |
| | | **TOTALS** | **67.60** | **$35,460.00** |

### b. Services Rendered

On May 26, 2023, Applicant prepare, filed and served on behalf of the Trustee a suit against more than forty-five non-debtor entities and individuals including CLG initiating the main adversary proceeding, Case No. 8:23-ap-1046-SC ("1046 Action"). CLG responded to the complaint and the parties met and conferred.  The parties initially entered into a settlement agreement to resolve various issues related to the transfer of client files to CLG and amounts CLG owed the Debtor. However, the 9019 motion was ultimately withdrawn.  The parties continue to disclose information and Applicant has now reviewed numerous documents and agreements related to the various transactions Applicant continues to explore settlement options, but is prepared to pursue the complaint, with possible new allegations, against CLG in 2025.

### 64.  Acufi LLC / Acufi Finance (143576-90)

In this category, during the Application Period, Dinsmore billed 2.20 hours for $823.00, in overall fees.

### a.  Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495 | .30 | $148.50 |
| Brandon E. Lira | Associate | $355.00 | 1.90 | $674.50 |
| | | **TOTALS** | **2.20** | **$823.00** |

### b.  Services Rendered

Applicant is investigating and analyzing documents related to Acufi LLC / Acufi Finance. Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, Acufi LLC / Acufi Finance Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Acufi LLC / Acufi Finance in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

**65.    Teracel Blockchain Fund II LLC (143576-91)**

In this category, during the Application Period, Dinsmore billed .50 hours for $229.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Suzanne M. Marino | Associate | $360.00 | .10 | $39.50 |
| Wendy Yones | Paraprofessional | $205.00 | .20 | $41.00 |
| | | | **TOTALS** 0.50 | **$229.50** |

**b.    Services Rendered**

Applicant is investigating litigation target Teracel through review of documents and data contained within Debtor's servers and files, and is also investigating the corporate structure and whereabouts of this target in an effort to confirm sufficiency of service of process.  While the Court has entered default against this target, Applicant is still working to assess the universe of potential claims related to this target before requesting a set sum from the Court as a default judgment.

**66.    Brian Reale (Freedom Enrollment) (143576-93)**

In this category, during the Application Period, Dinsmore billed .30 hours for $172.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan W. Boyd | Associate | $575.00 | .30 | $172.50 |
| | | | **TOTALS** .30 | **$172.50** |

**b.    Services Rendered**

Applicant is investigating and analyzing documents related to Brian Reale (Freedom Enrollment).  Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, Brian Reale (Freedom Enrollment) Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Brian Reale (Freedom Enrollment) in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

**67.    Integrity Docs LLC (143576-94)**

In this category, during the Application Period, Dinsmore billed 8.90 hours for $5,117.50, in overall fees.

    **a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan W. Boyd | Associate | $575.00 | 8.90 | $5,117.50 |
| | | **TOTALS** | **8.90** | **$5,117.50** |

    **b.    Services Rendered**

Applicant is investigating and analyzing documents related to Integrity Docs LLC.  Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, Integrity Docs LLC Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Integrity Docs LLC in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

**68.    Golden Financial Services (143576-95)**

In this category, during the Application Period, Dinsmore billed .30 hours for $172.50, in overall fees.

    **a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan W. Boyd | Associate | $575.00 | .30 | $172.50 |
| | | **TOTALS** | **.30** | **$172.50** |

    **b.    Services Rendered**

Applicant is investigating and analyzing documents related to Golden Financial Services. Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, Golden Financial Services Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Golden Financial Services in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December

**69.**    **Liamia Group, Inc. (143576-96)**

In this category, during the Application Period, Dinsmore billed 2.10 hours for $815.50, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | .50 | $247.50 |
| Brandon E. Lira | Assocaite | $355.00 | 1.60 | $568.00 |
| | | **TOTALS** | **2.10** | **$815.50** |

**b.**    **Services Rendered**

Applicant is investigating and analyzing documents related to Liamia Group, Inc.  Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, Liamia Group, Inc.  Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Liamia Group, Inc.  in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

**70.**    **ACB Holdings, LP (143576-102)**

In this category, during the Application Period, Dinsmore billed .30 hours for $$178.50, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | .30 | $178.50 |
| | | **TOTALS** | **.30** | **$178.50** |

**b.**    **Services Rendered**

ACB was one the entities that purchased either (i) the right of a marketing affiliate to be paid a share of fees paid to the Debtor from clients that they placed with the Debtor or (ii) paid to acquire the income that the Debtor would earn from one or more sets of client files.  As a result, the Debtor made payments to ACB pursuant to these agreements prior to the Petition Date.  Applicant continues to investigate this potential litigation target to determine if a complaint is warranted.

**71.    CFM Indosuez Wealth (143576-104)**

In this category, during the Application Period, Dinsmore billed 2.70 hours for $1,686.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 1.10 | $918.50 |
| Matthew J. Stockl | Associate | $480.00 | 1.60 | $768.00 |
| | | **TOTALS** | **2.70** | **$1686.50** |

**b.    Services Rendered**

Applicant is investigating and analyzing documents related to CFM Indosuez Wealth.  Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, CFM Indosuez Wealth Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by CFM Indosuez Wealth in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

**72.    Vasco Associates LLC (143576-121)**

In this category, during the Application Period, Dinsmore billed 1.60 hours for $1,192.00, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 1.60 | $1,192.00 |
| | | **TOTALS** | **1.60** | **$1,192.00** |

**b.    Services Rendered**

Applicant is investigating and analyzing documents related to Vasco Associates LLC.  Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, Vasco Associates LLC Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Vasco Associates LLC in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding

complaint by December.

### 73. Document Review (143576-122)

In this category, during the Application Period, Dinsmore billed 148.70 hours for $44,642.50, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.20 | $750.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Sara A. Johnston | Partner | $495.00 | 40.70 | $20,146.50 |
| Jacob R. Bothamley | Associate | $405.00 | .40 | $162.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 5.00 | $1,825.00 |
| Wendy Yones | Paraprofessional | $205.00 | 99.60 | $20,418.00 |
| | | TOTALS | 148.70 | $44,642.50 |

#### b. Services Rendered

Applicant has dedicated resources and personnel to handle the over 100 million documents produced to date to categorize same, make same a searchable database, and analyze the impact of any document on any aspect of the Case. This is a significant undertaking, and important to the ultimate success of the litigation phase of the Case.

### 74. Bridge Funding Cap, LLC (143576-128)

In this category, during the Application Period, Dinsmore billed 12.30 hours for $4,978.50, in overall fees.

#### a. Time Keeper Breakdown

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00 | .20 | $167.00 |
| M. Tyler Powell | Partner | $575.00 | 1.50 | $892.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| Brandon E. Lira | Associate | $355.00 | 10.20 | $3,621.00 |
| | | TOTALS | 12.30 | $4,978.50 |

#### b. Services Rendered

Bridge Funding Cap is a defendant in the Trustee's adversary proceedings against the

94

secured creditors, detailed above in matter #63.   After the Court granted to the Trustee's Motion for Summary Judgment against Bridge, Bridge appealed.  Applicant has billed all matters related to the appeal under this matter number. Applicant reviewed the initial notice, did research regarding appealing a non-final order.  Applicant will continue to defend this appeal on behalf of the Trustee.

**75.    Avoidance Actions (143576-129)**

In this category, during the Application Period, Dinsmore billed 10.10 hours for $7,182.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00 | .10 | $83.50 |
| M. Tyler Powell | Partner | $575.00 | .90 | $535.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 8.70 | $6,481.50 |
| Wendy Yones | Paraprofessional | $205.00 | .40 | $82.00 |
| | | **TOTALS** | **10.10** | **$7,182.50** |

**b.    Services Rendered**

The Trustee has developed a comprehensive list of litigation claims against entities that received avoidable transfers including fraudulent conveyances, preferences, and unauthorized postpetition transactions. The list currently includes 517 transferees which received transfers totaling approximately $100 million. Because the litigation target list is sizeable and is significantly longer than it would be in a standard Chapter 11 case, the Trustee is currently in the process of finalizing a process to commence and process this litigation in an efficient fashion. The Trustee anticipates recovering tens of millions of dollars on account of these claims.

Applicant is holding all of the documents in its data base, providing the Trustee and his general counsel access through share folders. Thus, it is necessary for Applicant and MHW as general counsel to work together on the avoidance actions that MHW is pursuing.  The Trustee determined that Applicant would focus on the specialty complaints, such as the capper complaints, the secured creditor complaints, the MCA complaints, while MHW would focus on the general bankruptcy type complaint related to postpetition transfers, preferences, and fraudulent conveyances. This necessitates communication between MHW and Applicant to insure that this is done in a cost

effective manner that does not duplicate services.

**76.**  **Adv. Case No. 24-1120 (Colonna Cohen Law, PLLC) (143576-130)**

In this category, during the Application Period, Dinsmore billed 40.40 hours for $20,301.00, in overall fees.

**a.**  **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .30 | $250.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.20 | $894.00 |
| M. Tyler Powell | Partner | $595.00 | 16.60 | $9,877.00 |
| Brandon E. Lira | Associate | $355.00 | 10.10 | $3,585.50 |
| Matthew J. Stockl | Associate | $480.00 | 11.60 | $5,568.00 |
| Jennifer Pitcock | Paraprofessional | $215.00 | .30 | $64.50 |
| Wendy Yones | Paraprofessional | $205.00 | .30 | $61.50 |
| | | | **TOTALS** **40.40** | **$20,301.00** |

**b.**  **Services Rendered**

On August 30, 2024, Applicant prepared, filed and served on behalf of the Trustee a complaint against Colonna Cohen Law, PLLC.  On September 20, 2024, Applicant prepared, filed and served on behalf of the Trustee a first amended complaint against Colonna Cohen Law, PLLC. On October 18, 2024, Defendant filed its answer to the first amended complaint and asserted counter claims.  Applicant prepared filed and served its response to the counterclaims. The parties are scheduling the necessary meet and confer conferences and moving forward with the litigation.

**77.**  **Government Assistance (143576-131)**

In this category, during the Application Period, Dinsmore billed 5.50 hours for $3,737.50, in overall fees.

**a.**  **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 3.00 | $1,875.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.50 | $1,862.50 |
| | | | **TOTALS** **5.50** | **$3,737.50** |

**b.**  **Services Rendered**

The Trustee requested that all his professionals provide the necessary support and respond to any questions that various governmental agencies, such as the FBI or AG offices, at no charge to the Estate. Applicant has provided this time at no charge to the Estate as requested.

**78.    Validation LLC (143576-132)**

In this category, during the Application Period, Dinsmore billed 1.30 hours for $741.50, in overall fees.

   **a.    Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .50 | $417.50 |
| Jacob R Bothamley | Associate | $405.00 | .80 | $324.00 |
| | | **TOTALS** | **1.30** | **$741.50** |

   **b.    Services Rendered**

Applicant is investigating and analyzing documents related to Validation LLC.  Based on the bank statements, affiliate agreements, and accounts receivable purchase agreements with, Validation LLC Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Validation LLC in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

**79.    Reliance Assistance Group Inc. (143576-133)**

In this category, during the Application Period, Dinsmore billed 6.50 hours for $2,032.50, in overall fees.

   **a.    Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | .90 | $445.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| Bryan L. Cockroft | Associate | $275.00 | 5.50 | $1,512.50 |
| | | **TOTALS** | **6.50** | **$2,032.50** |

   **b.    Services Rendered**

Applicant is investigating and analyzing documents related to Reliance Assistance Group Inc.  Based on the bank statements, affiliate agreements, and accounts receivable purchase

agreements with, Reliance Assistance Group Inc. Applicant is drafting the adversary proceeding complaint based on alleged fraudulent transfers received by Reliance Assistance Group Inc. in hopes of recovering the fraudulent transfers. Applicant plans to finalize the drafts and exhibits and file the adversary proceeding complaint by December.

**80.** **Payliance, LLC (143576-134)**

In this category, during the Application Period, Dinsmore billed 49.60 hours for $24,904.00, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Ghio | Partner | $625.00 | 10.60 | $6,625.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Jacob R. Bothamley | Associate | $405.00 | 6.00 | $2,430.00 |
| Jeremy B. Freedman | Associate | $465.00 | 31.20 | $14,508.00 |
| | | **TOTALS** | **49.60** | **$24,904.00** |

**b.**    **Services Rendered**

On August 20, 2024, the Trustee filed his motion to compromise with Payliance [Dkt. No. 1526]. On August 27, 2024, Greyson filed its objection to the turnover of the Greyson Reserve as part of the Trustee's compromise with Payliance [Dkt. No. 1556]. On September 4, 2024, the Trustee filed his Reply in support of his motion to compromise with Payliance [Dkt. No. 1625]. On September 11, 2024, the Court held a hearing on Trustee's motion to compromise with Payliance. On September 26, 2024, the Court granted the Trustee's motion to compromise with Payliance as modified at the hearing on same [Dkt. No. 1770]. Payliance has paid the settlement to the Trustee.

**81.** **OptimumBank Holdings Inc. (143576-136)**

In this category, during the Application Period, Dinsmore billed 38.40 hours for $18,886.00, in overall fees.

**a.**    **Time Keeper Breakdown**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Ghio | Partner | $625.00 | 8.00 | $5,000.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| M. Tyler Powell | Partner | $595.00 | .60 | $357.00 |

| Jacob R. Bothamley | Associate | $405.00 | 9.10 | $3,685.50 |
|---|---|---|---|---|
| Jeremy B. Freedman | Associate | $465.00 | 17.80 | $8,277.00 |
| Wendy Yones | Paraprofessional | $205.00 | 1.10 | $225.50 |
| | | **TOTALS** | **38.40** | **$18,886.00** |

### b.    Services Rendered

On August 22, 2024, the Trustee filed his motion to compromise with Optimum [Dkt. No. 1530]. On September 5, 2024, CLG filed its opposition to Trustee's motion to compromise with Optimum [Dkt. No. 1635]. On September 10, 2024, the Trustee filed his Reply in support of motion to compromise with Optimum [Dkt. No. 1653]. Based on the agreement of the parties, including CLG, to work towards a resolution the Trustee he withdrew his motion to compromise to be re-filed at a later time and after further discovery with CLG.  Applicant continues to investigate claims against Optimum bank and will proceed accordingly.

### 82.    Greyson Appeal (143576-150)

In this category, during the Application Period, Dinsmore billed 2.90 hours for $1,444.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | .60 | $375.00 |
| Jeremy B. Friedman | Associate | $465.00 | 2.30 | $1,069.50 |
| | | **TOTALS** | **2.90** | **$1,444.50** |

### b.    Services Rendered

On August 27, 2024, this Court denied the administrative expense motions of Han Trinh [Dkt. No. 674] seeking $136,280.56, Phuong (aka Jayde) Trinh [Dkt. No. 675] seeking $114,825.14, and Greyson Law Center, PC [Dkt. No. 676] seeking $5,434,633.00. The Court entered the following Orders denying the administrative claims: Han Trinh ("Han") as Dkt. No. 1548; Phuong (aka Jayde) Trinh ("Jayde") as Dkt. No. 1547; and Greyson Law Center, PC ("Greyson") as Dkt. No. 1546.  On September 9, 2024, Han, Jayde, and Greyson each filed Notices of Appeal and Statements of Election to Bankruptcy Appellate Panel ("Admin Claim Appeals"). On September 7, 2024, the Trustee filed his Statements of Election to Proceed in U.S. District Court for all three Admin Claim

Appeals. Currently, the Admin Claim Appeals are assigned the following case numbers: Han Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02077-FMO ("Han Appeal"); Phuong Jayde Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02243-FMO ("Jayde Appeal"); and Greyson Law Center, PC v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02074-FMO ("Greyson Appeal").

**83.    Han Trinh Appeal (143576-151)**

In this category, during the Application Period, Dinsmore billed 5.70 hours for $2,706.50, in overall fees.

**a.    Time Keeper Breakdown**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Jeremy B. Friedman | Associate | $465.00 | 5.50 | $2,557.50 |
| | | **TOTALS** | **5.70** | **$2,706.50** |

**b.    Services Rendered**

On August 27, 2024, this Court denied the administrative expense motions of Han Trinh [Dkt. No. 674] seeking $136,280.56, Phuong (aka Jayde) Trinh [Dkt. No. 675] seeking $114,825.14, and Greyson Law Center, PC [Dkt. No. 676] seeking $5,434,633.00. The Court entered the following Orders denying the administrative claims: Han Trinh ("Han") as Dkt. No. 1548; Phuong (aka Jayde) Trinh ("Jayde") as Dkt. No. 1547; and Greyson Law Center, PC ("Greyson") as Dkt. No. 1546. On September 9, 2024, Han, Jayde, and Greyson each filed Notices of Appeal and Statements of Election to Bankruptcy Appellate Panel ("Admin Claim Appeals"). On September 7, 2024, the Trustee filed his Statements of Election to Proceed in U.S. District Court for all three Admin Claim Appeals. Currently, the Admin Claim Appeals are assigned the following case numbers: Han Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02077-FMO ("Han Appeal"); Phuong Jayde Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02243-FMO ("Jayde Appeal"); and Greyson Law Center, PC v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02074-FMO ("Greyson Appeal").

**84.    Jayde Trinh Appeal (143576-152)**

In this category, during the Application Period, Dinsmore billed 2.30 hours for $1,069.50, in overall fees.

### a.    Time Keeper Breakdown

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Jeremy B. Friedman | Associate | $465.00 | 2.30 | $1,069.50 |
| | | **TOTALS** | **2.30** | **$1,069.50** |

### b.    Services Rendered

On August 27, 2024, this Court denied the administrative expense motions of Han Trinh [Dkt. No. 674] seeking $136,280.56, Phuong (aka Jayde) Trinh [Dkt. No. 675] seeking $114,825.14, and Greyson Law Center, PC [Dkt. No. 676] seeking $5,434,633.00. The Court entered the following Orders denying the administrative claims: Han Trinh ("Han") as Dkt. No. 1548; Phuong (aka Jayde) Trinh ("Jayde") as Dkt. No. 1547; and Greyson Law Center, PC ("Greyson") as Dkt. No. 1546. On September 9, 2024, Han, Jayde, and Greyson each filed Notices of Appeal and Statements of Election to Bankruptcy Appellate Panel ("Admin Claim Appeals"). On September 7, 2024, the Trustee filed his Statements of Election to Proceed in U.S. District Court for all three Admin Claim Appeals. Currently, the Admin Claim Appeals are assigned the following case numbers: Han Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02077-FMO ("Han Appeal"); Phuong Jayde Trinh v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02243-FMO ("Jayde Appeal"); and Greyson Law Center, PC v. Richard A. Marshack, Chapter 11 Trustee: 8:24-cv-02074-FMO ("Greyson Appeal").

## VIII.

## DETERMINATION OF APPROPRIATE ALLOWANCE OF COMPENSATION

Section 330(a)(1) of the Bankruptcy Code authorizes the Court to award to counsel employed by a debtor-in-possession appointed under section 327 or 1103 "(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses."

When determining the amount of reasonable compensation to be awarded, the court shall consider the nature, extent and value of such services, taking into account all relevant factors,

including the factors set forth in Section 330(a)(3).  Relevant factors are discussed in the context of this Case in the following subsections.

**1.      The Complexity and Difficulty of the Questions Involved and the Skill to Perform the Legal Services Properly**

This Case has been and continues to be an extraordinary and complicated case.  This Case has been heavily contested from day one.  A Case such as this one is ripe with complicated, contested issues. Further, this case has many moving parts, all of which significantly affect each other. It is imperative that the lead attorneys review and supervise all aspects of the case to ensure success.

This matter during the Application Period has involved a number of very complex and difficult questions of law, and has presented particularly unique legal issues.  Applicant's complete and thorough review of the facts and law, has allowed Applicant to have a high success rate on motions and matters before the Court in this Case.

**2.      The Likelihood that the Acceptance of Particular Employment Will Preclude Other Employment by the Lawyer**

The acceptance of this Case by Dinsmore resulted in a substantial time commitment of attorneys over a significant period of time, billing, in the aggregate, 2,064 hours of time during this second Application Period, excluding paraprofessional time.  Such a large commitment of time to this matter had the effect of precluding other employment.

**3.      The Experience, Reputation and Ability of the Lawyer or Lawyers Performing the Services/Rates for Services**

Dinsmore respectfully submits that it has an outstanding and well-earned reputation for providing legal services of the finest quality in each of the substantive areas involved in this Case. This reputation is fully supported by the qualifications and experience of the individual attorneys and paraprofessionals providing services to this Case.  In particular, complex fraud cases like this Case is a specialty focus area of Christopher Celentino, the lead partner in this Case, and along with Yosina

1  Lissebeck and Christopher Ghio – each have well-earned reputations to handling similar complicated

2  matters. Dinsmore believes that the rates it charges for its services are commensurate with the rates

3  charged by other bankruptcy and non-bankruptcy lawyers of similar reputation and qualifications;

4  and in this Case, Applicant has agreed to a reduced rate for such timekeepers not available to the

5  general public. Dinsmore believes that the services that it has performed were performed within a

6  reasonable amount of time commensurate with the complexity, importance and nature of the

7  problems, issues and tasks addressed.

8      **4.**    <u>**The Time and Labor Required**</u>

9      Dinsmore expended approximately, in the aggregate, 2,064 hours in the Case during the

10  Second Application Period, utilizing several attorneys and paraprofessionals. The Case has

11  demanded a high level of effort, attention and dedication by those involved. Dinsmore's average

12  hourly rate for all services rendered in the Case during the Application Period is $543.70 per hour,

13  excluding paraprofessional time.

14      Dinsmore believes that its request for compensation, as modified by the adjustments and rate

15  reductions offered, is fair and reasonable. The request for compensation is based on customary

16  billing rates, with reduced rates utilized for the senior attorneys. Dinsmore submits that Dinsmore's

17  rates are well in line with standard charges by other attorneys practicing in the Southern California

18  community on non-bankruptcy matters. Dinsmore performed necessary professional services and

19  billed pursuant to the terms of employment approved by this Court. All services provided by

20  Dinsmore were necessary and performed for the benefit of the Estate and its creditors in this

21  complicated Chapter 11 Case. Based upon the foregoing, Dinsmore requests that fees and costs be

22  allowed in the full amount of those requested.

23                                           **IX.**

24                              <u>**CONCLUSION**</u>

25      Applicant is proud of its dedication, efforts and results to date in this Case. For the foregoing

26  reasons, Dinsmore respectfully requests that this Court determine that the amounts requested herein

27  by Dinsmore are allowable and submits that the total amount allowed for fees and full amount

28  allowed for costs should be awarded to Dinsmore.

WHEREFORE, Dinsmore respectfully prays for an order providing for the following:

**1.**       Allows Dinsmore, on a final basis for the Total Period, a Chapter 11 administrative expense claim under 11 U.S.C. §§ 330 for fees in the amount of $5,947,875.25 and reimbursement of Dinsmore's expenses in the amount of $63,191.65.

**2.**       Authorizes the Trustee to pay to Dinsmore 100% of its allowed, unpaid fees of $1,202,050.00 and expenses of  $5,812.54 for the Second Period from available funds in the Estate; and

**3.**       Authorizing the Trustee to immediately pay the requested amounts.

**4.**       Granting such other and further relief as is just and proper.

Date: November 8, 2024                              Dinsmore & Shohl LLP


By:  _/s/ Christopher Celentino_
                                           Christopher Celentino
                                           Yosina M. Lissebeck
                                           Special Counsel to Richard A. Marshack,
                                           Chapter 11 Trustee For The Bankruptcy Estate
                                           Of The Litigation Practice Group P.C. and
                                           Liquidating Trustee of the LPG Liquidation
                                           Trust

1

## <u>DECLARATION OF CHRISTOPHER CELENTINO</u>

2          I, Christopher Celentino, declare as follows:

3          **1.**      I am an attorney duly licensed to practice before this Court and the courts of this

4   state.  I am a partner at Dinsmore & Shohl LLP ("Dinsmore"), special counsel to the Chapter 11

5   Trustee, Richard A. Marshack (the "Trustee") appointed in the above-captioned case.  I am over 18

6   years old.  If called as a witness, I could and would competently testify to the truth of the following

7   facts, each of which are stated herein of my own personal knowledge of such facts.

8          **2.**      I submit this Declaration in support of Dinsmore & Shohl LLP's applications,

9   allowing, on a final basis for the Total Period, a Chapter 11 administrative expense claim under 11

10  U.S.C. § 330 for fees in the amount of $5,947,875.25 and reimbursement of Dinsmore's expenses in

11  the amount of $63,191.65 as well as authorization and allowance to pay to Dinsmore 100% of its

12  allowed, unpaid fees of $1,202,050.00 and expenses of $5,812.54 for the Second Period from

13  available funds in the Estate; and

14         **3.**      I prepared and am fully familiar with the Application. To the best of my knowledge,

15  the facts set out in the Application are true and correct and the billing materials appended to the

16  Application are fully accurate.

17         **4.**      I am one of Dinsmore's attorneys principally responsible for rendering services to the

18  Trustee.  The other principally responsible attorneys are Yosina Lissebeck and Christopher Ghio.

19  Other Dinsmore's attorneys and paraprofessionals rendered services on matters from time to time, as

20  necessary, at my request, and under the supervision of myself, Ms. Lissebeck and Mr. Ghio

21         **5.**      The compensation and expense reimbursements requested in the Application are

22  billed at rates, and in accordance with billing practices, no less favorable and in many cases more

23  favorable than those customarily used by Dinsmore in other debtor and non-debtor engagements.

24         **6.**      I carefully reviewed Dinsmore's time records in these cases on a line-by-line basis

25  and, in the exercise of billing discretion, made certain write-offs totaling $189,427.520 which is

26  approximately 360 hours of work.  In addition, deductions were made for fees charged in the amount

27  of $3,677.50 (which consists of approximately a 50% discount for travel time for required

28  appearance at hearings), and voluntary no charges in total amount of $3,737.50.  To the best of my

1  knowledge, no time has been billed to the estate outside the scope of work authorized by the

2  Employment Order.

3        **7.**      Additionally, we will be providing the Fee Examiner Dinsmore's billing records prior

4  to the hearing, and the Fee Examiner will provided me with several reports containing questions and

5  suggestions.  I will review those reports and make adjustments to the application if needed.  If any

6  adjustments are made, I will file a supplemental declaration before the hearing.

7        **8.**      I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure,

8  the Local Bankruptcy Rules, and the Guidelines for Reviewing Applications for Compensation &

9  Reimbursement of Expenses Filed Under 11 U.S.C. § 330, 28 C.F.R. § 58, Appendix A (the "U.S.

10  Trustee Guidelines"), which are promulgated by the Office of the United States Trustee. I believe

11  that the Application complies with applicable law and the requirements of the U.S. Trustee

12  Guidelines. Specifically, I have reviewed Local Bankruptcy Rule 2016-1(a) and I believe the

13  Application complies with the rule.

14        **9.**      I declare under penalty of perjury under the laws of the United States, that the

15  foregoing is true and correct, except for those matters stated upon the information and belief and as

16  to those, I believe them to be true.

17        Executed this 8th day of November 2024.

18

19                                                              */s/ Christopher Celentino*
                                                              Christopher Celentino

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"
## FEE APPLICATION SUMMARY

| CATEGORIES | INTERIM PERIOD (July 1, 2024 - September 23, 2024) | |
|---|---|---|
| | Hours | Amount requested |
| Case Administration (143576-1) | 21.70 | $15,581.50 |
| Employment Applications (143576-2) | 8.60 | $7,028.00 |
| Fee Applications (143576-4) | 321.10 | $135,793.00 |
| Plan and Disclosure Statement (143576-6) | 94.20 | $65,846.00 |
| Claims, Consumer Rejections Claims and Administrative Claims (143576-7) | 94.30 | $60,260.50 |
| Asset Analysis/Recovery/Disposition (143576-8) | 25.10 | $11,687.50 |
| Post-Petition Financing Matters (143576-11) | 5.10 | $3,229.50 |
| Employee Matters (143576-12) | .70 | $521.50 |
| Meetings of Creditors (143576-13) | 3.50 | $2,922.50 |
| 2004 Examinations (143576-15) | 3.60 | $1.472.00 |
| General Litigation (143576-18) | 57.40 | $31,604.00 |
| Adv. Case Nos. 23-102 / 23-1046 (Diab) (143576-19) | 226.70 | $105,557.50 |
| Adv. Case No. 23-1098 (OHP-CDR, LP) (143576-20) | 38.40 | $26,798.00 |
| Debt Relief Group LLC (143576-22) | .10 | $48.00 |
| Adv. Case No. 24-01017 (New Horizon Finance LLC) (143576-23) | 48.50 | $20,734.50 |
| Adv. Case No. 23-1150 (Clear Vision Financial LLC / Liberty 1 Financial) (143576-24) | 90.70 | $41,143.50 |
| Adv. Case No. 24-01018 (MRD Marketing LLC) (143576-25) | 34.90 | $13,981.50 |
| Adv. Case No. 24-01040 (Marich Bein, LLC) (143576-26) | 39.90 | $19,165.50 |

EXHIBIT "A"

Page 108

| | | |
|---|---|---|
| Adv. Case No. 24-1004 (Point Break Holdings LLC) (143576-27) | 0.70 | $365.50 |
| Adv. Case No. 24-01002 (Clearcube LLC) (143576-28) | 0.90 | $281.00 |
| Adv. Case No. 23-1148 (JGW Solutions LLC) (143576-29) | 30.10 | $13,130.50 |
| Spot on Consulting Inc. (143576-31) | 5.60 | $2,247.00 |
| Adv. Case No. 24-01023 (CRI System Inc.) (143576-32) | 32.50 | $14,114.50 |
| Vasco Assets LLC (143576-33) | 10.00 | $4,285.00 |
| Adv. Case No. 24-01001 (Leucadia Enterprises Inc.) (143576-34) | 20.60 | $6,156.00 |
| PECC/Teng/Touzi/Oakstone (143576-35) | 1.20 | $729.00 |
| United Global Research Group, Inc. (143576-36) | 40.70 | $20,176.50 |
| MPowering America, LLC (143576-37) | 78.90 | $35,861.50 |
| Strategic Consulting Solutions LLC (143576-38) | 10.10 | $3,985.50 |
| Sabia Financial Inc. (143576-39) | 19.60 | $7,936.50 |
| BC Consulting Group, LLC (143576-40) | 15.30 | $6,894.50 |
| EZ Debt Relief Inc. (143576-41) | 3.40 | $1,644.00 |
| Summit Marketing Solutions Inc. (143576-42) | 11.30 | $4,700.50 |
| Gotham Trading NYC (143576-50) | 1.60 | $952.00 |
| Consumer/Creditor Communications (143576-53) | 50.10 | $22,782.50 |
| Azzure Capital LLC (143576-54) | 6.90 | $4,953.00 |
| MCA Capital Holdings LLC (143576-56) | 13.70 | $7,075.50 |
| MCDVI Fund 2 LLC, MCDVI Fund 2, LLC, Debt Validation Fund II, LLC, Venture Partners, LLC and ProofPositive (143576-57) | .10 | $74.50 |
| ProofPositive LLC (143576-59) | 1.00 | $655.00 |
| Venture Partners, LLC (143576-60) | .10 | $74.50 |
| OHP-CDR, LP (143576-62) | 8.20 | $4,768.00 |
| Adv. Case No. 24-1001 - Secured Creditor Liquidation (143576-63) | 180.60 | $106,255.00 |

| | | |
|---|---|---|
| Adv. Case No. 24-1080 (BMF Advance LLC) (143576-64) | 69.60 | $35,517.00 |
| Clearfund Solution, LLC / Cloudfund, LLC (143576-66) | 5.80 | $3,671.00 |
| Adv. Case No. 24-1090 (Cobalt Funding Solutions, LLC) (143576-67) | 42.30 | $21,743.00 |
| Everyday Funding Group (143576-68) | 1.20 | $651.50 |
| Franklin Capital Management LLC (143576-69) | 0.90 | $439.50 |
| Green Fund NY (143576-70) | 2.60 | $1,582.50 |
| Kevlar Capital LLC (143576-71) | 6.00 | $3,074.50 |
| Stratcap Management LLC (143576-72) | 1.20 | $672.50 |
| World Global Fund LLC (143576-73) | 17.00 | $8,837.50 |
| Ace Funding Source LLC (143576-74) | 3.90 | $1,842.50 |
| Herret Credit Consultants (143576-75) | 32.50 | $16,312.50 |
| Greyson/Han Trinh (143576-76) | 2.30 | $1,199.50 |
| Han Trinh and Jayde Trinh (143576-77) | 5.50 | $2,576.00 |
| Debt Resolution Direct (143576-78) | 1.10 | $323.00 |
| Gofi Finance / Gofi, LLC (143576-79) | .10 | $480.00 |
| United Debt Consultants (143576-80) | 1.30 | $378.00 |
| Platinum Capital Consulting, LLC (143576-81) | 8.60 | $2,833.00 |
| dv. Case No. 24-1068 (Arash Asante Bayrooti) (143576-85) | 161.60 | $90,613.00 |
| A Solution 2 / A Solution Debt Relief / A Solution Debt Relief 3 (143576-86) | 2.20 | $837.00 |
| All Service Financial, LLC (143576-87) | .60 | $345.00 |
| Consumer Law Group, PC/Feig (143576-88) | 67.60 | $35,460.00 |
| Acufi LLC / Acufi Finance (143576-90) | 2.20 | $823.00 |
| Teracel Blockchain Fund II LLC (143576-91) | 0.50 | $229.50 |
| Brian Reale (Freedom Enrollment) (143576-93) | .30 | $172.50 |

EXHIBIT "A"

Page 110

| | | |
|---|---|---|
| Integrity Docs LLC (143576-94) | 8.90 | $5,117.50 |
| Golden Financial Services (143576-95) | .30 | $172.50 |
| Liamia Group, Inc. (143576-96) | 2.10 | $815.50 |
| ACB Holdings, LP (143576-102) | .30 | $178.50 |
| CFM Indosuez Wealth (143576-104) | 2.70 | $1686.50 |
| Vasco Associates LLC (143576-121) | 1.60 | $1,192.00 |
| Document Review (143576-122) | 148.70 | $44,642.50 |
| Phoenix Law (143576-128) | 12.30 | $4,978.50 |
| Avoidance Actions (143576-129) | 10.10 | $7,182.50 |
| Adv. Case No. 24-1120 (Colonna Cohen Law, PLLC) (143576-130) | 40.40 | $20,301.00 |
| Government Assistance (143576-0131) | 5.50 | $3,737.50 |
| Validation LLC (143576-132) | 1.30 | $741.50 |
| Reliance Assistance Group Inc. (143576-133) | 6.50 | $2,032.50 |
| Payliance, LLC (143576-134) | 49.60 | $24,904.00 |
| OptimumBank Holdings Inc. (143576-136) | 38.40 | $18,886.00 |
| Greyson Appeal (143576-150) | 2.90 | $1,444.50 |
| Han Trinh Appeal (143576-151) | 5.70 | $2,706.50 |
| Jayde Trinh Appeal (143576-152) | 2.30 | $1,069.50 |

**EXHIBIT "B"**
**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS WHO PROVIDED
SERVICES DURING THE FEE PERIOD**

| Name | Date of Bar Admission | Rate (2024) | Hours | Total Fees (does not include courtesy discount) |
|---|---|---|---|---|
| Christopher B. Ghio | 2009 | $625.00 | 177.80 | $111,125.00 |
| Christopher Celentino | 1988 | $835.00 | 89.70 | $74,899.50 |
| Ellen Arvin Kennedy | 2001 | $665.00 | 3.10 | $2,061.50 |
| John H. Stephens | 1979 | $545.00 | 68.10 | $37,114.50 |
| Lovee D. Sarenas | 1999 | $660.00 | .80 | $528.00 |
| Matthew Tyler Powell | 2004 | $595.00 | 166.10 | $98,829.50 |
| Milton T. Spurlock | 2001 | $595.00 | 29.80 | $17,731.00 |
| Sara A Johnston | 2016 | $495.00 | 115.60 | $57,222.00 |
| Sarah S. Mattingly | 2012 | $610.00 | 12.30 | $7,503.00 |
| Yosina M. Lissebeck | 1999 | $745.00 | 338.80 | $252,406.00 |
| Brian M. Metcalf | 2000 | $650.00 | 20.40 | $13,260.00 |
| Bryan L. Cockroft | 2022 | $275.00 | 35.50 | $9,762.50 |
| Brian W. Boyd | 2017 | $575.00 | 10.40 | $5,980.00 |
| Jacob R. Bothamley | 2017 | $405.00 | 91.10 | $36,895.50 |
| Jamie D. Mottola | 2016 | $455.00 | 137.40 | 62,517.00 |
| Jeremy B. Freedman | 2016 | $465.00 | 228.50 | $106,252.50 |
| Jessica M. Lavin | 2014 | $375.00 | 7.70 | $2,887.50 |
| Jonathan B. Serrano | 2021 | $415.00 | 9.70 | $4,025.50 |
| Lexi J. Epley | 2022 | $420.00 | 38.80 | $16,296.00 |
| Matthew J. Stockl | 2019 | $480.00 | 102.80 | $49,344.00 |
| Paige E. Hornback | 2022 | $355.00 | 21.80 | $7,739.00 |

1

EXHIBIT "B"

Page 112

| | | | | |
|---|---|---|---|---|
| Spencer K Gray | 2019 | $475.00 | 69.90 | $33,202.50 |
| Suzanne M. Marino | 2021 | $395.00 | 35.90 | $14,180.50 |
| Vanessa Rodriguez | 2023 | $385.00 | 123.80 | $47,663.00 |
| Veneeta Jaswal | 2018 | $460.00 | 68.60 | $31,556.00 |
| Brandon E. Lira | 2023 | $355.00 | 59.30 | $21,051.50 |
| Robert J. Simmons | N/A | $365.00 | 22.60 | $8,249.00 |
| Caron Burke | N/A | $225.00 | 178.50 | $40,162.50 |
| Jamie Herald | N/A | $145.00 | .40 | 58.00 |
| Jennifer E. Pitcock | N/A | $215.00 | 10.70 | $2,300.50 |
| Katherine Hemphill | N/A | $210.00 | 2.90 | $609.00 |
| Wendy Yones | N/A | $205.00 | 138.10 | $28,310.50 |
| Angelica B. Garcia | N/A | $225.00 | 17.30 | $3,892.50 |
| TOTALS: | | | 2434.20 | $1,205,615.00 |
| ADDITIONAL AMOUNT FOR THIS APPLICATION | | | | 0.00 |
| LESS NO CHARGES: | | | | 3,737.50 |
| TOTAL DUE: | | | | $1,202.050.00 |

**EXHIBIT "C"**

**Dinsmore**



# Bryan L. Cockroft

Associate
bryan.cockroft@dinsmore.com

Louisville, KY
Tel: (502) 540-2576

Bryan focuses his practice on health care law. His experience includes a one-year fellowship at TriHealth, Inc. in Cincinnati Ohio where he assisted with the drafting of TriHealth's COVID-19 vaccination policy; working with in-house and outside counsel on physician contracting, clinical trial agreements, and vendor contracting; and conducting legal research on compliance, hospital credentialing, and telemedicine. He received his J.D. from University of Cincinnati College of Law where he participated in the Entrepreneurship and Community Development Clinic.

**Services**

- Health Care Industry

**Education**

- University of Cincinnati College of Law  (J.D., 2021)
- University of Louisville  (M.B.A., 2023)
- University of Louisville  (B.A., 2018)
  - Economics

**Bar Admissions**

- Kentucky
- Ohio

# Publications

July 26, 2024
**Pennsylvania Court Rules Non-Compete Ban Can Stand**

July 9, 2024



**Court Blocks FTC's Non-Compete Rule for Plaintiffs**

May 6, 2024
**Rescheduling Marijuana and its Impact on Healthcare and the Economy**

April 26, 2024
**Questions Abound in the Healthcare Industry after Federal Trade Commission Bans Non-Competes**

April 25, 2024
**Feeling Lucky? Lottery to Decide Cannabis Business Licensees in Kentucky**

January 12, 2024
**Kentucky Senator Introduces Legislation to Combat Discrimination in the 340B Drug Program**

January 4, 2024
**$9 Billion+ to be Repaid to 340B Hospitals- Is your Hospital Eligible?**

October 12, 2023
**DEA Further Extends Telemedicine Prescribing Flexibilities**

August 21, 2023
**Fifth Circuit Court Keeps Abortion Medication Legal, But With Restrictions**

August 7, 2023
**CMS Publishes Proposed Rules for OPPS, ASC and PFS for Calendar Year 2024**

July 25, 2023
**FTC and DOJ Take Key Actions with Antitrust Guidance Affecting Healthcare**

April 18, 2023
**Contradictory Court Opinions Leave the Approval of Abortion Medication in Question**

April 17, 2023
**Medical Marijuana Will Soon be Legal in Kentucky**
JD Supra

January 19, 2023
**D.C. District Court Rules HHS Will be in Charge of OPPS Repayments**

January 13, 2023
**DOJ Clears the Way for USPS to Deliver Abortion Drugs by Mail**

November 22, 2022
**Marijuana "Kind of" Legal in Kentucky**

October 25, 2022
**Feds Announce More Aggressive Enforcement of Poor Performing Nursing Homes**



# Brian M. Metcalf

Of Counsel
brian.metcalf@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7752

Brian focuses his practice on complex bankruptcy, restructuring, and litigation matters. He has experience representing clients in all levels of bankruptcy and state and federal court litigation proceedings, including discovery, motion practice, evidentiary hearings and trials, appeals, and alternative dispute resolution. He regularly represents debtors, creditors' committees, trustees, secured and unsecured creditors, equity holders, and other parties in interest in all aspects of Chapter 7 and Chapter 11 cases, bankruptcy related litigation, and out-of-court restructurings. In litigation, he represents plaintiffs and defendants in all types of matters, including claims involving commercial transactions and contracts, fraud, director and officer fiduciary duties, real estate, intellectual property, and other business disputes. He works closely with clients to identify tactical objectives and goals and then develops and executes strategies to promptly and efficiently achieve them while providing guidance on settlement and litigation options.

## Services

- Corporate & Transactional
- Bankruptcy & Restructuring
- Litigation

## Education

- University of Michigan Law School  (J.D., *cum laude*, 1999)
- University of Oregon  (B.S., 1994)

## Bar Admissions

- Arizona
- California

## Court Admissions

- U.S. District Court for the District of Arizona
- U.S. District Court for the Northern District of California



- U.S. District Court for the Eastern District of California
- U.S. District Court for the Central District of California
- U.S. District Court for the Southern District of California
- U.S. Court of Appeals for the Fifth Circuit
- U.S. Court of Appeals for the Ninth Circuit

**Distinctions**

- California *Rising Star*®
  - ○ Law & Politics Media Inc. (2006, 2007, 2009, 2010)





# Brian J. Wood

Associate
brian.wood@dinsmore.com

Louisville, KY
Tel: (502) 581-8016

Brian is a litigator who focuses on commercial litigation. His experience includes managing portfolios for clients in Indiana and Kentucky from inception to judgment and satisfaction in consumer and commercial collection actions. He advised clients on best practices and compliance with state and federal collections laws and has appeared in numerous courts in Indiana and Kentucky.

**Services**

- Litigation
- Bankruptcy & Restructuring

**Education**

- University of Kentucky College of Law  (J.D., 2016)
- University of Louisville  (B.A., 2013)
    - English

**Bar Admissions**

- Kentucky
- Indiana

**Court Admissions**

- U.S. District Court for the Northern District of Indiana
- U.S. District Court for the Southern District of Indiana





# Christopher Celentino

Partner
christopher.celentino@dinsmore.com

San Diego, CA
Tel: (619) 400-0519

Los Angeles, CA
Tel: (619) 400-0519

Christopher focuses his practice on creditor's rights, fiduciary services litigation, business reorganization and workouts, and insolvency and bankruptcy law. His bankruptcy practice emphasizes representation of creditors and court-appointed trustees in chapter 7 and 11 cases, as well as representation of debtors in chapter 11 cases. He has knowledge of mechanic's lien law and related construction litigation matters, as well as family law and related dissolution matters. His creditor's right practice emphasizes representing lenders and borrowers in workout and restructuring of commercial loans, secured transactions, and lease transactions, and pursuit of creditor's rights in commercial litigation matters.

He is certified as a business bankruptcy specialist by the American Board of Certification. In 2011, he was selected as one of the "Transcript 10," comprised of 10 of the most noteworthy attorneys from San Diego County, by the San Diego Daily Transcript. In 2012, Christopher was the president of the California Bankruptcy Forum, the leading professional organization for bankruptcy lawyers in California, having served previously as treasurer and secretary; in 2018, he served as a co-chair of the annual meeting.

He is also a former member and past president of the Board of Directors of the San Diego Bankruptcy Forum. He is a member of the San Diego County Bar Association, where he served as chair of the Bankruptcy Law Section from 1992 - 1993, and a secretary and vice president of the California State Bar Association Insolvency Committee, as well as a former member of the Board of Directors of the Bay Area Bankruptcy Forum. He is also former chair of the San Diego Financial Lawyers Group and has served since 1994 as a court-appointed mediation panel member to the United States Bankruptcy Court, Southern District of California. He has served as both a court-appointed expert and privately-engaged expert in many cases involving unique issues of bankruptcy and divorce.

## Services

- Corporate & Transactional

- Bankruptcy & Restructuring

- Litigation

## Education

**Dinsmore**

- Georgetown University Law Center  (J.D., *cum laude*, 1987)
  - Journal of Law and Technology, co-founder and editor-in-chief
  - The Georgetown law Journal, associate editor
- Northwestern University  (B.S., 1984)

**Bar Admissions**

- California

**Court Admissions**

- U.S. Court of Appeals for the Ninth Circuit
- U.S. District Court for the Eastern District of California
- U.S. District Court for the Central District of California
- U.S. District Court for the Northern District of California
- U.S. District Court for the Southern District of California

**Affiliations/Memberships**

- California Bankruptcy Forum, past president, secretary, treasurer, board member
- San Diego Bankruptcy Forum, past president and board member
- Bay Area Bankruptcy Forum, past board member
- Old Town Academy K-8 Charter School, co-founder and former chair of the board
- ABI Southwest, Conference Board (March 2017)
- California State Bar Association, secretary and vice president, Insolvency Committee
- San Diego County Bar Association, Bankruptcy Law section, past chair
- American Bar Association
- San Diego Financial Lawyers Group, past chair
- U.S. Bankruptcy Court, Southern District of California, court-appointed mediation panel member (1994 - 2012)

**Distinctions**

- Peer Review Rated AV® Preeminent™ by *Martindale-Hubbell*
- *Chambers USA: America's Leading Lawyers for Business*, Bankruptcy/Restructuring (2017 - 2018)
- The Best Lawyers in San Diego, *San Diego Magazine* (2016)
- *Best Lawyers®*
  - Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law (2012 - 2025)
  - Litigation – Bankruptcy (2012 - 2022)
- San Diego *Super Lawyers* (2007 - 2018)



- "Transcript 10", *San Diego Daily Transcript* (2011)
- Senior Lawyer Fellowship, Center for International Legal Studies (2011)
- Board certified in business bankruptcy law by American Board of Certification
- Avvo Top Rated Lawyer (2022)
- Americas Most Honored Lawyers - Top 1% (2022)

EXHIBIT "C"
Page 122



# Christopher B. Ghio

Partner
christopher.ghio@dinsmore.com

San Diego, CA
Tel: (619) 400-0468

Christopher is trusted by a wide range of clients, including financial institutions at the local, regional and national level; publicly traded corporations; court-appointed receivers; bankruptcy trustees; private fiduciaries; small businesses and individuals.

Christopher's broad-based practice includes civil litigation and appellate advocacy in state and federal courts; real estate and corporate transactions; bankruptcy; loan workouts and restructuring.

A creative, out-of-the box thinker, Christopher employs the business sense honed from years working in his family business to provide proactive, innovative solutions for the unique legal challenge facing each client.

This approach remains the same whether at trial in the courtroom, negotiating a deal in a boardroom, or seeking a favorable result at mediation or arbitration. Christopher firmly believes that forward looking, strategic thinking should be at the core of each representation.

Christopher has been lead counsel on the following significant matters including: obtaining approval of a Chapter 11 liquidating plan for a court appointed Chapter 11 Trustee in a case involving the recovery of several dozen fraudulently conveyed rental homes; successfully defending - in a reported decision - a summary judgment in his clients' favor on appeal to the California Appellate and Supreme Courts; securing terminating sanctions against plaintiffs in multi-million dollar harassment and defamation cases; securing a "no-notice" ex parte turnover order for a Chapter 11 Bankruptcy Trustee; and negotiating and documenting a lease for multiple floors of Class A office space.

Christopher's clients routinely compliment his proactive and diligent strategic approaches which produce exceptional results.

## Services

- Litigation
- Bankruptcy & Restructuring
- Appellate | Legal Issues



**Education**

- College of William and Mary, Marshall-Wythe School of Law  (J.D., 2008)
- University of California, Los Angeles  (B.A., 2005)
  - Political Science

**Bar Admissions**

- California

**Court Admissions**

- U.S. District Court for the Central District of California
- U.S. District Court for the Eastern District of California
- U.S. District Court for the Northern District of California
- U.S. District Court for the Southern District of California

## Publications

January 16, 2024
**Debtors Doing Illegal Things**
American Bankruptcy Trustee Journal

EXHIBIT "C"
Page 124





# Caroline G. Massey

Partner
caroline.massey@dinsmore.com

San Diego, CA
Tel: (619) 400-0462

Caroline is a litigator who advises and represents clients in mediations, arbitrations, and state and federal claims and litigation throughout the country. Her clients include individuals and business interests of all sizes, from closely held family businesses to publicly traded companies with nationwide and international reach. Caroline works closely with clients to streamline communication with key employees and protect business interests, relationships, and strategies. When litigation can be avoided or minimized she works with clients to consider optimal strategies and alternatives. Her experience includes serving as national counsel leading a litigation team defending agricultural entities in litigation arising from E. coli outbreaks; successfully defending clients in catastrophic premises liability cases; and litigating claims arising from a variety of business operations, including employment class action cases with eight-figure exposure, gene-edited food development, and contractual disputes.

Caroline obtained her Bachelors of Business Administration from the University of San Diego, graduating in three years with honors. After college, Caroline served in the district office of a California state senator. In this role, she served as a regional spokesperson to critical stakeholders, including constituents, elected officials, business advocacy groups, and regulatory bodies as to legislation and regulations. She obtained her law degree and a graduate diploma, both with honors, from Louisiana State University. While at LSU, Caroline served on the Ethics and Faculty Appointments Committees, was a member of the Moot Court Board, and received awards for oral advocacy.

## Services

- Litigation
- Tort
- Class Action
- Product Liability

## Education

- Louisiana State University  (J.D., *cum laude*, 2013)
    - CALI Excellence for the Future Award in Legal Traditions and Systems (Comparative Law Course)

- o CALI Excellence for the Future Awards in European Union (Analysis re: EU Cross-Border Business Litigation)
- Louisiana State University  (D.C.L., *cum laude*, 2013)
- University of San Diego  (B.B.A., *cum laude*, 2007)

**Bar Admissions**

- California
- Georgia

**Court Admissions**

- U.S. District Court for the Northern District of California
- U.S. District Court for the Central District of California
- U.S. District Court for the Southern District of California
- U.S. Court of Appeals for the Ninth Circuit

**Affiliations/Memberships**

- Association of Southern California Defense Counsel
- San Diego County Bar Association
- San Diego Defense Lawyers
- Junior League of Baton Rouge (past member)
- Junior League of Savannah (past member)
- St. Andrew's Parish Day School, Governing Board member
- Junior League of San Diego, sustaining member

# Publications

June 17, 2022
**California Employers Can Take Advantage of Huge Unexpected Win**



# Ellen Arvin Kennedy

Partner
ellen.kennedy@dinsmore.com

Lexington, KY
Tel: (859) 425-1020

Ellen focuses her practice on litigating and mediating high-stakes matters in federal, state and bankruptcy courts, and employs a practical, measured approach to helping her clients reach resolutions.

She has experience handling commercial bankruptcy, insolvency and creditors' rights matters for clients, including advising Chapter 11 and liquidating trustees and both creditors and debtors in complex liquidations and corporate wind-downs. Her knowledge of bankruptcy law and her ability to tailor her approach to fit each client's circumstances allows her to offer counsel at every step of the bankruptcy and restructuring process, including proactive counsel.

Ellen also leverages her knowledge of corporate law to guide investment groups through the purchase, reorganization and sale of companies and distressed assets in a variety of industries, such as coal, oil and gas, health care, education and manufacturing.

She provides restructuring assistance to clients looking for out-of-court resolutions, and handles foreclosures, complex collection actions and litigation matters in state courts and federal to enforce the rights of secured creditors. Because Ellen concentrates her practice in Kentucky, she is well known throughout the Kentucky bankruptcy bar. Among other positions, she has served as chair of the Bankruptcy Section of the Kentucky Bar Association twice (2008, 2010), and is frequently asked to lecture on bankruptcy practice throughout the state. Ellen was selected to serve two rotations on the Local Bankruptcy Rules Committee for the Eastern District of Kentucky. This service included a series of work sessions with the Western District Committee and court to unify bankruptcy practice rules throughout the state.

## Services

- Bankruptcy & Restructuring
- Corporate & Transactional
- Equine Industry

## Education

- University of Kentucky College of Law  (J.D., 2000)

- o Moot Court Board, First Amendment Moot Court Team
- Centre College  (B.A., *cum laude*, 1997)
    - o Phi Beta Kappa

**Bar Admissions**

- Kentucky

**Court Admissions**

- U.S. Court of Appeals for the Sixth Circuit
- U.S. District Court for the Eastern District of Kentucky
- U.S. District Court for the Western District of Kentucky

**Affiliations/Memberships**

- Mid-West Regional Bankruptcy Conference 2020 and 2021, co-chair
- University of Kentucky David J. Rosenburg College of Law, Bankruptcy professor

    - o *Commercial Debtor and Creditor Relations*
- Member, American Inns of Court, Central Kentucky Chapter
- Leadership Kentucky, class of 2014
- Kentucky Bar Association, Bankruptcy Practice Section, past chair
- Eastern District of Kentucky, U.S. Bankruptcy Court Local Rules Committee
- Fayette County Bar Association, Women Lawyers Section, former chair
- Leadership Lexington, class of 2008
- Legal Aid of the Bluegrass, board member

**Distinctions**

- Peer Review Rated AV in *Martindale-Hubbell*
- Best Lawyers®
    - o "Lawyer of the Year" in Lexington for Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization (2016)
    - o "Lawyer of the Year" in Lexington for Litigation - Bankruptcy (2017)
    - o "Lawyer of the Year" in Lexington for Litigation - Environmental (2016, 2019)
    - o Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law (2022-2024)
    - o Litigation - Bankruptcy (2022-2024)
- Listed in *The Best Lawyers in America*© for Bankruptcy, Creditor Debtor Rights and Insolvency and Reorganization Law
- Kentucky *Super Lawyers*®



- o For Bankruptcy: Business (2013 - present)
- Fayette County Bar Association Outstanding Young Lawyer of the Year, 2008

# Experience

**Chapter 11 Liquidating Trustee and Receiver representation and appointments**

Ellen has a wealth of experience handling Chapter 11 cases as counsel for debtors, unsecured creditor committees, and lessors. She has also, specifically represented both operating and liquidating trustees in Chapter 11 cases, and has served as a court-appointed Chapter 11 liquidating trustee. Ellen was appointed Chapter 11 Liquidating Trustee for Cambrian Coal Company and Trinity Coal Company, and served as counsel for operating and liquidating trustees in other Chapter 11 cases which has provided her with a thorough understanding of the claims investigation and litigation process from the liquidating trustee position. Ellen has investigated and filed hundreds of preference actions, complex fraudulent conveyance actions and suits alleging breach of fiduciary duty against former principals of a debtor. In addition to prosecution of and administration of claims, Ellen has supervised the liquidation of real property, all manner of equipment and large machinery, thoroughbred horses, accounts receivable and general personal property. This experience ensures that she is adept at managing the liquidation and distribution process and coordinating the efforts and resources needed to ensure creditors' interests are protected and the intended resolution is reached.

**Counsel for Elizabeth Z. Woodward, Receiver, In re Zayat Stables, LLC**

Ellen represented Elizabeth Z. Woodward in her role as court appointed receiver in the case MGG Investment Company v. Zayat Stables LLC et al, and successfully defended a challenge to the continued receivership when Zayat Stables, LLC filed for bankruptcy protection. Zayat Stables, LLC was the owner of the 2015 Triple Crown and Breeders Cup Classic winner American Pharoah, and more than 70 thoroughbreds when the receiver action was filed. The receiver was tasked with locating and physically securing the Zayat Stables horses, which were being boarded and trained all over the country and selling them through a combination of auctions at Keeneland Association, Inc., Fasig-Tipton Co. and private sales. Through the sales process, Ellen assisted the receiver in evaluating asserted lien claims and making the appropriate distributions out of sale proceeds. The receiver was also tasked with racing decisions, which required placing horses in appropriate races along with the administrative work of securing insurance and care for horses as may be necessary, determining ownership of breeding rights which had been assigned to others by Zayat Stables, collecting unclaimed purses at race courses across the country, settling unresolved claims against Zayat Stables filed before racing authorities in several states and filing her accounting with the presiding courts.

**Healthcare**

Ellen has served as counsel for a community hospital which filed Chapter 11 and ultimately sold to a nearby metro hospital system, a Chapter 11 Trustee appointed to liquidate an operating hospital, counsel for an unsecured creditors committee in a Chapter 11 case in which the debtor was an operating hospital which emerged from the bankruptcy process pursuant to a plan of reorganization, and the principal owners of a small regional hospital which was ultimately sold. Through this work, Ellen is well-versed in the unique challenges of operating a healthcare business in and out of the bankruptcy context. She has experience dealing with administrative agencies such as the United States Department of Health and Human Services and similar state agencies for the

purpose of collecting Medicare/Medicaid reimbursements and navigating the setoff process for the benefit of her clients. As a participant in the sales of hospitals and clinics, Ellen is aware of the challenges in selling health care assets, and knows how to transfer operational permits and patient data in compliance with applicable state and federal law.

**Natural Resources**

Ellen represented clients in several capacities in Chapter 11 Cases involving coal, gas and oil companies. She has represented debtors, trustees, unsecured creditor committees, lenders, lessors, critical vendors, and general unsecured creditors in Chapter 11 cases of debtors operating in the national resource industry. Representing clients in such as variety of roles has given Ellen unique insights into the coal and natural gas business in terms of financing, budgeting, operations, liquidation, negotiation of coal supply contracts, lease assumption analysis and negotiation, as well as addressing transportation and labor issues in compliance with state and federal law. Over the course of her career, Ellen has assisted both debtors and bidders in the sales of dozens of properties and understands the complex permit transfer process that accompanies such sales.

**Unsecured Creditor Committees**

Ellen has served as counsel for unsecured creditor committees in chapter 11 cases which cover a wide array of industries, including coal, agriculture, and retail. She has also served as counsel for many more creditors appointed to serve on committees, assisting with the work of the committee group as well as protecting her client's individual interests as necessary.

**Corporate Reorganization and Membership Unit Sale**

This transaction involved a corporate reorganization of several limited liability companies which collectively owned or controlled certain coal producing and related assets followed by the sale of all of the membership units for approximately $20,000,000 to a publicly traded company. Our firm's experience in mergers and acquisitions, natural resources and tax matters enabled the client to maximize membership unit value and complete this transaction in an efficient and timely manner.

**Dinsmore**



# Gina Kripotos

Associate
gina.kripotos@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7746

Gina focuses her practice on commercial litigation. Her experience includes drafting legal notices, memoranda, pleadings, and motions; conducting legal research on a variety of topics; and gathering evidence used to formulate defense or initiate legal actions.

## Services

- Litigation

## Education

- University of California, Los Angeles School of Law  (LLM, 2018)
- Osgoode Hall Law School  (J.D., 2017)
- York University  (B.A., 2009)

## Bar Admissions

- California
- Ontario, Canada

## Court Admissions

- U.S. District Court for the Central District of California



# Jacob Bothamley

Associate
jacob.bothamley@dinsmore.com

San Diego, CA
Tel: (619) 400-0500

Jacob is an associate with the Firm's Corporate Department, Business Restructuring Practice Group. Jacob comes to us following a full term-clerkship for Chief Judge Theodor C. Albert of the United States Bankruptcy Court, Central District of California. Jacob's broad experience as a law clerk provides extra versatility within his group, allowing his practice to span a wide-range within both the corporate and bankruptcy arenas.

**Services**
- Bankruptcy & Restructuring

**Education**
- University of California, Hastings College of the Law  (J.D.)
- University of California, Santa Cruz  (B.A.)
  - History

**Bar Admissions**
- California, 2017

**Court Admissions**
- U.S. Bankruptcy Court for the Central District of California





# Jeremy B. Freedman

Associate
jeremy.freedman@dinsmore.com

San Diego, CA
Tel: (619) 400-0517

Jeremy is a results-driven litigator who focuses on the needs of his clients. He has successfully litigated cases involving wrongful death, personal injury, professional liability, directors and officer's liability, errors and omissions, employment, commercial, premises liability, sexual assault and sexual harassment claims for national, governmental, institutional, and individual clients. In a case of first impression, Jeremy successfully defended a multimillion dollar wrongful death action for failure to use an automatic external defibrillator on a motion for summary judgment, which was confirmed on appeal by the California Supreme Court. He has successfully tried breach of contract cases, chaired personal injury jury trials, and has represented local and national banking institutions in bankruptcy claims. His experience also includes implementing processes which led to improved litigation efficiency and increased profitability while maintaining strict compliance to state and federal regulations for three of the nation's largest financial institutions.

Jeremy obtained his bachelors in Business Science and Business Administration with a specialization in finance from the Ohio State University. While at OSU, Jeremy tutored underprivileged children in history and in his spare time continues his efforts to give back to the legal community and community at large. After college, Jeremy worked in the banking industry for over seven years at one of the world leading banking institutions working heavily with financial regulation and business development. He obtained his law degree from Thomas Jefferson School of Law where he was appointed Technical Editor for Law Review.

**Services**

- Litigation

**Education**

- Thomas Jefferson School of Law  (J.D., *magna cum laude*, 2015)
- The Ohio State University  (B.S., *magna cum laude*, 2001)
  - Finance

**Bar Admissions**

- California



**Court Admissions**

- U.S. Bankruptcy Court for the Southern District of California
- U.S. District Court for the Southern District of California
- U.S. District Court for the Central District of California
- U.S. Court of Appeals for the Ninth Circuit
- U.S. Bankruptcy Court for the Central District of California

EXHIBIT "C"
Page 134

**Dinsmore**



# Jessica M. Lavin

Associate
Jessica.Lavin@dinsmore.com

Tampa, FL
Tel: (813) 543-9823

Jessica is an associate whose practice focuses on commercial litigation. She has experience representing various types of contractors and developers in complex construction cases involving multi-unit condominiums and entire communities of single-family homes. She is also familiar with managing a first-party property insurance client, including developing litigation strategies, and drafting and responding to pleadings, discovery, and dispositive motions. Jessica received her J.D. from Florida Coastal School of Law.

**Services**

- Litigation
- Construction Industry

**Education**

- Florida Coastal School of Law  (J.D., 2013)
- Old Dominion University  (B.A., 2009)
    - Philosophy, English/Professional Writing

**Bar Admissions**

- Florida





# John A. Mayers

Partner
john.mayers@dinsmore.com

San Diego, CA
Tel: (619) 400-0470

John specializes in business and employment litigation, real property, and creditor's rights. He is an experienced trial lawyer, having litigated over 50 trials and arbitrations, nearly half of which have been jury trials. John represents small to medium size businesses and assists them in a wide variety of issues, ranging from hiring and employee matters to operational issues, banking, real estate, and disputes with vendors, industry partners and governmental agencies.

John also represents property ownership and management clients and assists them with transactions, leasing, construction issues and claims, tenant issues, regulatory issues, litigation, arbitration, and the complexities inherent in dealing with various municipalities. Clients appreciate his strategic mindset and determination, which has led to successful results in difficult trials.

While in law school, he served as a Judicial Extern for the California Court of Appeals.

**Services**

- Litigation

**Education**

- Pepperdine University  (J.D., 1990)
- California State University, Northridge  (B.A., 1985)
    - Communications

**Bar Admissions**

- California

**Court Admissions**

- California Supreme Court
- U.S. District Court for the Central District of California
- U.S. District Court for the Northern District of California

EXHIBIT "C"
Page 136

**Dinsmore**



# Jamie D. Mottola

Associate
jamie.mottola@dinsmore.com

San Diego, CA
Tel: (619) 400-0474

Jamie's practice centers on assisting corporate clients with various transaction, commercial finance, real estate and bankruptcy matters. She often handles commercial and real estate financing and transactions, acquisitions and dispositions, and a wide variety of real estate projects, including the purchase, sale and development of vacant land, shopping centers, hotels, gas stations, office buildings, industrial properties, warehouses, mixed-use projects, residential developments, condominium projects, and construction financing.

A substantial part of Jamie's practice is also devoted to the commercial financing space, where she has extensive experience representing national banks, and other private lenders, in all aspects of lending transactions. These include the preparation and negotiation of loan documents, intercreditor agreements, participation agreements, review of title, survey and due diligence requirements, and closing coordination. She has also represented both corporate buyers and sellers with the purchase and sale of real estate.

Jamie has represented a variety of clients, ranging from businesses and financial institutions to individuals, in a myriad of bankruptcy, commercial litigation, and other general corporate and real estate issues. These include business formation and dissolution, secured transactions, creditor's rights, receiverships and representation in Chapter 7, 11, and 13 bankruptcy cases, real estate and title disputes, and judgment enforcement.

**Services**

- Bankruptcy & Restructuring
- Litigation

**Education**

- California Western School of Law  (J.D.)
- San Diego State University  (B.A.)
  - History
  - Minor in Anthropology

**Bar Admissions**

- California



**Court Admissions**

- U.S. District Court for the Central District of California
- U.S. District Court for the Eastern District of California
- U.S. District Court for the Northern District of California
- U.S. District Court for the Southern District of California

**Affiliations/Memberships**

- San Diego County Bar Association
- Lawyers Club, Co-Chair Life + Law/Parenting Committee





# Jonathan Serrano

Associate
jonathan.serrano@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7758

San Diego, CA
Tel: (213) 335-7758

Jonathan focuses his practice on bankruptcy restructuring matters. His experience includes representing debtors, creditors, litigants, and buyers of distressed assets. He has litigated in district and bankruptcy courts.

Jonathan clerked for Judge Scott H. Yun, evaluating issues in countless chapter 7, chapter 13, and chapter 11 cases. For an additional year, he clerked for Judge Wayne Johnson, further developing his bankruptcy expertise.

After completing terms at the United States Bankruptcy Court, Jonathan worked for a global law firm, assisting clients in large chapter 11 cases.

Prior to practicing law, Jonathan taught high school chemistry for several years.

## Services

- Bankruptcy & Restructuring

## Education

- University of California, Los Angeles School of Law  (J.D.)
- Florida A&M University  (B.S.)
    - Chemistry

## Bar Admissions

- California



# John H. Stephens

Partner
john.stephens@dinsmore.com

San Diego, CA
Tel: (619) 400-0472

John is a nationally recognized litigator with more than four decades of experience, having practiced in three major metropolitan areas: San Diego, Los Angeles and New York City. He has been involved in many complex federal and state court jury and bench trials and appeals, several resulting in published opinions. John's business litigation includes cases involving receivers and creditors in Ponzi cases, unfair competition, fraud, breach of contract, misappropriation of trade secrets, insurance bad faith and related tax issues. His real estate cases include landslides, soil and water contamination, boundary disputes, inverse condemnation, construction and enforcement of property restrictions.

John also handles real estate transactions often as part of litigated cases, including the purchase and sale of developed and undeveloped land, securing entitlements and structuring transactions to defer taxation.

During law school, John clerked for Joseph L. Alioto, former mayor of San Francisco and renowned anti-trust attorney. In addition, while completing his master's degree at Columbia University, he worked with Fred Friendly, the former President of CBS News, on the PBS series "Media Law & Society." He was also staff attorney at the Legal Action Center of New York City, then chaired by Arthur Lyman, former counsel to the Senate during the Iran-Contra hearings.

## Services

- Litigation
- Appellate | Legal Issues

## Education

- University of California, Hastings College of the Law  (J.D., 1978)
- Columbia University  (M.A., 1983)
- University of California, Irvine  (B.A., 1972)

## Bar Admissions

- California

- New York

**Court Admissions**

- U.S. Supreme Court
- U.S. Court of Appeals for the Second Circuit
- U.S. Court of Appeals for the Ninth Circuit
- U.S. District Court for the Central District of California
- U.S. District Court for the Northern District of California
- U.S. District Court for the Southern District of California
- U.S. District Court for the Eastern District of New York
- U.S. District Court for the Western District of New York
- U.S. District Court for the Southern District of New York

**Affiliations/Memberships**

- University of California Hastings Board of Trustees
- Downtown San Diego Partnership
- San Diego Regional Chamber of Commerce
- Association of Business Trial Lawyers

**Distinctions**

- Peer Review Rated AV Preeminent by *Martindale-Hubbell*
- Judicial Review Rated AV Preeminent by *Martindale-Hubbell*
- Best Lawyers in San Diego, *San Diego Magazine*
- San Diego *Super Lawyers*
- National *Super Lawyers*, Business Litigation, Corporate Counsel Edition





# Kurt R. Hunt

Partner
kurt.hunt@dinsmore.com

Cincinnati, OH
Tel: (513) 977-8101

Kurt focuses his practice on privacy, cybersecurity, data collection and usage, and technology issues. In that role, he advises clients on general corporate and administrative issues, regulatory compliance, and contract negotiations.

He also draws on his broad experience to help a wide variety of clients - ranging from start-up cloud service providers to Fortune 50 corporations - resolve complex issues relating to their technology, data security, data breach response, intellectual property, privacy, and marketing needs. He works closely with clients to develop strategies that help ensure compliance with state privacy laws, including the California Consumer Privacy Act (CCPA) and New York Department of Financial Services Cybersecurity Regulation, as well as European Union's General Data Protection Regulation (GDPR), the Telephone Consumer Protection Act (TCPA), the CAN-SPAM Act, the FCC's Customer Proprietary Network Information (CPNI) regulations, the Children's Online Privacy Protection Act (COPPA), and the Family Educational Rights and Privacy Act (FERPA) and related student privacy laws. He also drafts and negotiates service agreements and other commercial contracts that address complex privacy and data issues.

Kurt is an experienced litigator and represents clients in state and federal courts, as well as before administrative agencies. In 2011, he won a landmark case in the U.S. Court of Appeals for the Sixth Circuit against the Department of Justice, securing his client's right to bring claims against the Department of Homeland Security for violations of the Privacy Act.

## Services

- Litigation
- Corporate & Transactional
- Privacy, Data Protection & Internet Technologies
- Artificial Intelligence, Cybersecurity & Data Privacy
- Public Utilities Industry
- Life Sciences Privacy & Cybersecurity

- Municipal & Government
- TCPA Compliance & Defense
- Blockchain Technology & Digital Currency
- Venture Capital

## Education

- University of Michigan Law School  (J.D., *cum laude*, 2007)
- Eastern Michigan University  (B.S., *magna cum laude*, 2005)
    - Telecommunications and Film

## Bar Admissions

- Ohio

## Court Admissions

- U.S. Court of Appeals for the Sixth Circuit
- U.S. District Court for the Southern District of Ohio
- U.S. District Court for the Northern District of Ohio

## Affiliations/Memberships

- Media Bridges

    - Board of Trustees (president 2012 - 2013)
    - Vice president (2011 - 2012)
    - Member (2008 - 2011)

- Radio Free Queen City (WVQC-LPFM), Board of Advisors (2008 - 2012)
- The Ohio Center for Law-Related Education, (2009 - 2010), High School Mock Trial Case Committee co-chair (2010-2012)
- Xavier University, Media Law and Policy, adjunct professor (spring 2010, spring 2011)
- Rothenberg and Vine Elementary Schools, tutor (2008-2010)
- Ohio State Bar Association
- Cincinnati Bar Association
- Federal Communications Bar Association
- Energy Bar Association
- Electric Cooperative Bar Association

# Experience

**Pre-Bid Due Diligence**
Represented a bidder in connection with the pre-bid due diligence related to a major energy utility acquisition involving Kentucky, Tennessee, and Indiana legal issues. The ultimate value of the deal for the successful bidder was reported to be approximately $9.5 billion. The work involved all aspects of public utility regulation and environmental law, as well as strategizing likely communications with major political stakeholders throughout all levels of state and local government. Notable areas of representation in this matter included issues involving:

• Regulatory approvals for change in ownership or control of utilities;
• Regulatory approvals for financing applications;
• Regulatory approvals for obtaining certificate of public convenience and necessity;
• Renewable energy contract review;
• PSC and OSHA complaints;
• Utility supply and vendor contracts;
• Utility tariffs;
• Litigation;
• Regulatory review of rate-affecting issues;
• Fuel Adjustment Clauses;
• Pollution Control Bond change in control;
• Cost recovery of capital expenditures for pollution control equipment and renewable energy projects;
• Environmental surcharges;
• Projecting future impact of greenhouse gas regulations;
• Title V air permits;
• Environmental contamination and compliance issues associated with ongoing operations;
• Disposal of coal combustion by-products;
• General environmental regulatory compliance;
• State and local taxation;
• Real estate and operating leases;
• Franchises, rights-of-way, permitting, planning and zoning, and eminent domain;
• Retail operations review;
• Wholesale electric supply agreements;
• Gas pipeline regulatory issues; and
• Legislative, policy, and strategic planning advice.

**Advise hospital on data access arrangement that allows safe patient information sharing**
We worked with a hospital to build a data access arrangement that enabled them to share data between coding staff and off-site providers. We worked with the client to help structure the agreements to ensure protected and sensitive health care records and information are properly protected, as well as to build policies to ensure controls are in place.

**Advise Parking Company on New Key Card Vendor at College Campus**



We worked with a company that manages vehicle parking. Our client was seeking to replace their current electronic key cards and access systems and was working with a new software vendor. The system provides information on each parker, such as their name and status at the institution and also tracks financial information related to parking fines or tickets.

**Advise Pre-paid Card Provider on CAN SPAM and TCPA Compliance**
We worked with a prepaid card provider to advise on their CAN SPAM and TCPA compliance issues regarding the gathering and distribution of customer data. We helped to vet our client's policies and ensure they remained strong in the face of evolving legislation and threats.

**Advised Client on Policies to Project Customer Data Used in Software Application**
Our client developed a new software application that helped customers take inventory of their purchases and also notifications for recalls, maintenance, upgrades and other services related to their purchase. The application required gathering a tremendous amount of data, including purchase history, geographic location and other potentially sensitive information. We worked with our client to develop policies that dictated how and when this information could be shared with other businesses, as well as ensuring the data remained protected and was in compliance with the applicable federal and state laws.

**Build Data Sharing Platform for Client to Enable Information Sharing**
We built a data sharing platform for a retirement community to enable their providers throughout the country to share information. We advised the client on compliance with myriad of regulations that govern health care data and ensured their platform met their needs while also remaining protected from potential breaches.

**Represent Client in Creation of Loyalty Program**
We represented a transportation company in their negotiation with a vendor to implement a new loyalty program for their customers. The program required the gathering of customer data, including sensitive information about location and travel. We worked on behalf of our client to fully vet the vendor and ensure the collection and use of this information would be in compliance with the appropriate regulations.

**Advise Client on Building a Compliant Database**
We advised a sports organization that promotes their game for all ages across the country, on the development of a software application that required gathering information on players and coaches. Since the application would involve sharing of data, some of which could be deemed personal or private, we worked with the client to ensure they remained in compliance with all the applicable federal and state laws governing the collection, distribution and sharing of such data.

**Advise Client on Encryption Laws**
Our client, a transport company, was seeking to strengthen their internal security practices relating to data management. We advised them on the applicable encryption laws, including how to prioritize encryption levels. We also worked with the client to develop and implement policies to govern future encryption procedures.

**Email Spoofing Using Company Officials' Addresses**
Our client, a food manufacturer, noticed a pattern of email attempts, purportedly from company officials, requesting money wire transfers. We worked with them to determine the email spoofs were coming from an external source. We then worked with their technical staff to implement measures to ensure the email spoofs were



eliminated and also helped to put in place policies that would guide potential information breaches that could occur because of the spoofing.

**Represent Credit Union in Data Breach, Advise on Prevention**
We represented a credit union that suffered a data breach when a rogue employee made confidential information public. We assisted the client with the data breach notification process and worked with their technical staff to perform a risk analysis on the systems and data to determine how the breach may have happened. We determined the full extent of the breach, and advised the client on implementing internal controls to prevent the situation from occurring again.

**Represent Financial Institution After Potential Data Breach, Advise on Policies**
We represented a financial institution after a data breach occurred. Someone broke into our client's facility and stole computer equipment and files that contained potentially confidential information. However, the files were appropriately redacted and the equipment was encrypted, both of which prevented any confidential information from being discovered or released. Following the incident, we worked with the client to ensure their policies remained strong and also evaluated their response to the breach to ensure they remain proactive in the case of another incident.

**Advice regarding Establishment and Operation of Natural Gas utility (Gas/Water/Sewage)**
We are currently assisting a large, municipal water and sewage utility in Kentucky with respect to its plans to enter the natural gas business in order to spur economic development in the region. We are advising the client on all aspects on the statutory and regulatory issues implicated by this new venture, as well as the related issues implicated by its status as a municipal instrumentality. In addition to helping the client navigate these issues, we have also been retained to assist with negotiations regarding gas purchase agreements, transmission and distribution issues, eminent domain issues, and all aspects of the project – "from A to Z" - that will help them secure the supply of gas and deliver it to customers.

**Advise clients on compliance issues relating to privacy**
We regularly advise a wide variety of clients on compliance with privacy regulations, including state laws, the Electronic Communications Privacy Act, Stored Communications Act, Customer Proprietary Network Information rules, EU Data Protection Directive, the Wiretap Act, and the Gramm-Leach Bliley Act. Our role has included helping to structure services and internal processes, negotiating service agreements, and responding to specific (and often immediate) concerns regarding the dissemination of data.

**Privacy Act case involving first impression**
We successfully briefed and argued an issue of first impression related to the Privacy Act before a three-judge panel in the Sixth Circuit Court of Appeals (Shearson v. Dept. Homeland Security, 638 F.3d 498 (6th Cir. 2011)).

**Resolved dispute with FCC on behalf of cable company**
We represented a cable company that was contacted by the Federal Communications Commission regarding alleged noncompliance with the FCC's leakage reporting and annual reporting, found on forms 320 & 325. The client was threatened with a loss of their license. We worked on behalf of the client to negotiate with the FCC to resolve the alleged reporting issues that were noncompliance, and the client was able to avoid all threatened fines and franchising penalties. We also have advised the client on a number of municipal franchise agreements.



**Advise clients on marketing compliance issues**

We routinely counsel a variety of clients, including multimedia, technology and wireless companies on proposed marketing initiatives for print, TV, radio and internet media. Our role includes reviewing proposed copy, drafting necessary disclaimers and restrictions, and providing detailed assistance complying with CAN-SPAM, FTC endorsement rules, the Telephone Consumer Protection Act, and other relevant laws and regulations. Our work also includes drafting contest/sweepstakes rules and advising on compliance with state and federal contest laws and rules, as well as advising on contest/sweepstakes rules specific to social media platforms.

**IP Licensing/Agreement Experience**

Our attorneys have drafted a wide variety of agreements for clients to help them protect their intellectual property. Since 2011, we have drafted more than 575 total agreements, which can be broken down as follows:

**Development Agreements (70)**

- Independent Contractor Agreements (15)
- Talent Agreements (15)
- Presenter Agreements and Content Provider Agreements (10)
- Joint Ownership Agreements (10)
- Production Agreements (10)
- Employee Invention Policy and Agreements (5)
- Joint Development Agreements (5)

**Litigation-related/Dispute Agreements (55)**

- Pre-Litigation Settlement Agreements (15)
- Trademark Trial & Appeal Board Settlements (15)
- Co-Existence Agreements (10)
- Litigation Settlement Agreements – Patent Disputes (5)
- Litigation Settlement Agreements – Trademark Disputes (5)
- Joint Defense Agreements (5)

**License Agreements (155)**

- Software License Agreements (35)
- Patent License Agreements (35)
- Trademark License Agreements (20)
- End User License Agreements (15)
- Subscription Agreements (10)



- Software as a Service (SaaS Agreements (10)
- Channel Partner Agreements (10)
- Pilot Agreements (10)
- Copyright License Agreements (5)
- OEM License Agreements (5)

**IT-related Agreements (170)**

- Terms of Use and Privacy Policy (35)
- Healthcare-related IT Agreements (30)
- Software IT Agreements (25)
- Hardware IT Agreements (25)
- Master Client/Service Agreements (25)
- Support and Maintenance IT Agreements (15)
- Reseller Agreements (15)

**Research Agreements (55)**

- Advanced Research Agreements (25)
- Materials Transfer (20)
- Cooperative Research and Development Agreements (10)

**Misc. Agreements (55)**

- Non-Disclosure Agreements (25)
- Participant Agreements (10)
- Exclusive Sales Representation Agreements (5)
- Termination Agreements (5)
- Domain Purchase Agreements (5)
- Domain Escrow Agreements (5)

**Access Reform (Telecommunications)**
We represent 13 of Kentucky's 15 local rural exchange carriers (RLECs) in connection with the Kentucky Public Service Commission's ongoing administrative case regarding potential reforms to intrastate access charges, high cost support, and universal service. This representation is ongoing.
**Assist client in creating ride share program to help patients get to doctor appointments**

We worked with a subsidiary of a transport group on a medical ridesharing program. Our client contracted with taxi companies to arrange rides for patients to get to doctor appointments. The nature of the program provided personal information to the taxi companies, including a person's name, address and doctor, so we worked with them to structure data access arrangements that ensured sensitive and confidential information was protected.

**Dispute Over Jurisdictionality of Mobile to Landline Calls**
When the Brandenburg Telephone Company needed Sprint to pay its access charges, it turned to Dinsmore. Sprint had been withholding millions of dollars in access charges billed to it pursuant to Brandenburg Telephone Company's filed and approved tariffs. Sprint claimed that although the tariff language jurisdictionalized access traffic as inter/intrastate on the basis of a juxtaposition of the called and calling party numbers, the advent of wireless telecommunications required jurisdictionalization based on the location of the wireless switch handling the traffic. Before the Franklin Circuit Court, Dinsmore successfully argued that the plain language and historical application of Brandenburg Telephone Company's tariff prevailed. As the Franklin Circuit Court agreed in reversing the Commission, any other outcome would have resulted in an impermissible violation of Brandenburg Telephone Company's constitutional due process rights. As a result of the reversal, the client will be able to recover a substantial amount of unpaid charges, and it establishes an important precedent for other wireline carriers across the Commonwealth.

**In-House Counsel**
We serve as the in-house legal department for Bluegrass Cellular, a commercial mobile radio service (CMRS or cellular) provider throughout Central Kentucky. We assist the client with a wide variety of needs, including negotiating and drafting customer service agreements, vendor agreements, roaming agreements and intercarrier agreements, as well as offering counsel on regulatory compliance, cell tower siting and construction, and other general litigation needs.

# Publications

March 8, 2024
**FTC Levels the Playing Field Between Banks and Other Financial Institutions**
Law360 Expert Analysis

January 23, 2024
**2024 Brings New Cyber-Related Legal Obligations for Banks and Fintech Firms**
FinXTech.com

October 12, 2023
**Blackbaud Reaches $49.5 Million Multistate Settlement Over Data Breach**

November 1, 2021
**Federal Trade Commission Updates Cybersecurity "Safeguards Rule" for Financial Institutions**

July 14, 2021
**Ohio Introduces Data Privacy Legislation**

March 8, 2021
**Virginia Becomes 2nd State to Adopt a Comprehensive Consumer Data Privacy Law**

November 16, 2020
**California Approves the CPRA, a Major Shift in U.S. Privacy Regulation**

July 16, 2020
**European Court of Justice Invalidates Privacy Shield, Upends Cross-Border Transfers**

March 25, 2020
**Tips to Avoid Cyberattacks during the COVID-19 Pandemic**

March 24, 2020
**How to Communicate About Possible COVID-19 Exposure Without Violating Privacy Rules**

December 18, 2019
**CCPA: The 1st Major American Foray into Comprehensive Data Privacy Regulation**

July 2, 2018
**How Financial Institutions Should Prepare For and Respond to a Cybersecurity Incident**
Bank Director

February 14, 2017
**Cybersecurity Best Practices for Corporate Leadership**

January 6, 2017
**New Risk in Offering Free Credit Monitoring to Customers Affected by Data Breaches**

December 20, 2016
**GDPR: Looking to the Future of EU Data Privacy**

November 1, 2016
**Timing Is Everything in Data Breach Investigations and Disclosures**

August 10, 2016
**FCC Provides Guidance to Public Utilities on Autodialing and Prerecorded Calls**

August 2, 2016
**E.U.-U.S. Privacy Shield: A new, valuable tool for cross-border data transfers**



June 14, 2016
**Cybersecurity Alert: Ransomware Attacks on the Rise**

November 4, 2015
**EU-US Safe Harbor Invalidated: What Now?**

October 9, 2015
**EU-U.S. Safe Harbor Invalidated – What It Means for Your Business**



# Kelli A. Lee

Of Counsel
kelli.lee@dinsmore.com

Pittsburgh, PA
Tel: (412) 288-5852

Kelli is a litigator with broad commercial litigation experience that focuses on financial services, particularly relating to consumer retail products and mortgage lending and servicing claims such as breach of contract, state consumer protection statutes, negligence, fraud, and UCC compliance. She has represented financial industry clients in federal and state courts related to Real Estate Settlement Procedures, Truth in Lending Act, Gramm-Leach-Bliley Act, Fair Debt Collections Practices Act, Electronic Funds Transfer Act, Fair Credit Reporting Act, Telephone Consumer Protection Act, and Fair and Accurate Credit Transactions Act.

Her experience includes all stages of litigation, including first and second chair trial experience resulting in directed verdicts for a national finance company. Kelli's practices also included appellate experience, including argument before the Pennsylvania Superior Court. In addition, Kelli has in-house experience, where she oversaw litigation, discussed settlements, and negotiated vendor contracts. This valuable experience allows Kelli to anticipate concerns and provide thoughtful guidance to her clients.

## Services

- Litigation

## Education

- Duquesne University School of Law  (J.D., *cum laude*, 2010)
- Duquesne University  (B.A., *magna cum laude*, 2007)

## Bar Admissions

- Pennsylvania

## Court Admissions

- U.S. District Court for the Western District of Pennsylvania
- U.S. District Court for the Eastern District of Pennsylvania
- U.S. District Court for the Middle District of Pennsylvania

EXHIBIT "C"
Page 152

# Dinsmore



## Lexi J. Epley

Associate
lexi.epley@dinsmore.com

San Diego, CA
Tel: (619) 400-0489

Lexi focuses her practice on complex civil litigation matters. Her previous experience includes counseling clients on a variety of issues regarding consumer class actions, personal injury, construction, professional liability, and insurance defense. She received her J.D. from University of San Diego School of Law.

**Services**

- Litigation

**Education**

- University of San Diego School of Law  (J.D., *cum laude*, 2021)
  - ○  San Diego Law Review, associate member
- University of Nevada  (B.A., *cum laude*, 2018)

**Bar Admissions**

- California
- Nevada

**Affiliations/Memberships**

- Lawyer's Club of San Diego



# Lauren K. Levenson

Associate
lauren.levenson@dinsmore.com

Pittsburgh, PA
Tel: (412) 339-5612

Lauren is a civil litigator whose practice includes both commercial and construction litigation. Her litigation cases in the construction sector involve both commercial and residential construction, including construction payment disputes, defect and/or delay claims, and personal injury defense. She has extensive experience in all facets of litigation while handling a diverse array of construction and business disputes on behalf of local and national companies. Lauren is involved in all areas of case management and phases of litigation, with experience including research, drafting pleadings, preparing and responding to discovery, taking and defending depositions, drafting motions and pre-trial briefs, and involvement in trial preparation and settlement negotiations.

Her commercial litigation practice also involves representation of companies and individuals facing issues including cease and desists, employment contracts, non-disclosure agreements, disputes regarding non-competes and non-solicitation provisions, and general day-to-day business advice. Lauren handles these issues in the most efficient and cost-effective way possible.

Lauren is dedicated to building her own book of clients, with a focus on young, ambitious professionals and entrepreneurs in the Pittsburgh community seeking to establish and/or grow their businesses. Her clients admire her passion and interest in their companies, allowing her to zealously advocate for favorable resolutions.

When not at work, Lauren enjoys spending time with her family and friends, working out with her personal trainer, and prioritizing her self-care. As a Pittsburgh native, she is also a huge Steelers fan.

**Services**

- Litigation

**Education**

- University of Pittsburgh School of Law  (J.D., *cum laude*, 2019)
    - Order of the Coif
    - Journal of Law and Commerce, staff editor
    - Dean's Scholarship (2017-2019) and Law Fellows Scholarship (2017-2018)
    - Pitt law ambassador

- - Legal Writing & Analysis teaching assistant
  - CALI Excellence for the Future Award: Federal Income Tax, Expert Witness
- University of Florida  (B.A., *cum laude*, 2015)
  - Criminology and Law

**Bar Admissions**

- Pennsylvania
- Western District of Pennsylvania



# Dinsmore



# Lovee Sarenas

Partner
lovee.sarenas@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7753

Lovee concentrates her practice on trustee representations in bankruptcy cases under Chapter 7 of the Bankruptcy Code and representing creditors' committees and distressed small businesses in Chapter 11 cases. She has assisted and worked with institutional banks, insurance companies, airlines, storage facilities, commercial property owners, small businesses, and turnaround professionals.

Her experience includes counseling international companies in major retail bankruptcy cases; handling bankruptcy-related real estate issues; defending institutional clients in a variety of bankruptcy litigation, avoidance actions and fraudulent transfer claims; and serving as debtor-in-possession counsel to a B2B e-commerce company in an intellectual property sale. She has experience with PACA claims and bankruptcy-related issues in farm business reorganizations. Having a dedicated and broad bankruptcy experience enables her to create practical, cost-efficient, and innovative solutions to a variety of insolvency situations her clients may confront. Throughout her career, Lovee has played a critical role in a number of reorganization, bankruptcy litigation and insolvency matters, including:

- Representing several Official Committees of Unsecured Creditors in various reorganization cases including the case of Cornerstone Apparel, Inc. which resulted in a $9.5 million settlement distribution to unsecured creditors;

- Working with defense team for an aviation client in a fraudulent transfer claim that reduced a $5 million claim to a de minimus settlement amount;

- Successfully representing and defending several institutional clients comprised of banks, mortgage lenders, investment and accounting firms, and a national storage facility owner in bankruptcy reorganization matters, and bankruptcy and avoidance litigation;

- Serving as counsel to international clients from China, Korea and United Kingdom in the retail industry and commercial landlords across California in national retail bankruptcies;

- Serving as co-counsel for a farming operation with over 3,000 seasonal agricultural workers in the sale of its farming business in Central California as part of its chapter 11 plan;

- Serving as debtor-in-possession counsel in the auction sale of the client's web services patent which sold for $15.5 million from a $1 million opening bid thereby resulting in a 100% distribution to unsecured creditors; and

- Working with general bankruptcy counsel team that assisted in the reorganization of a winery in Napa, California.

Lovee is the first Filipino-American to serve as a judicial clerk for two bankruptcy judges: the late Richard M. Neiter and Ellen A. Carroll (ret.) of the U.S. Bankruptcy Court for the Central District of California. Before she clerked with Judge Neiter, Lovee practiced as a restructuring attorney for a prominent chapter 11 boutique bankruptcy firm in Northern California.

She is also active in the community, having been recognized on account of several leadership roles in bar and community organizations in Los Angeles, including the Los Angeles Bankruptcy Forum, the Central District U.S. Bankruptcy Court Small Business Reorganizational Task Force, UPAAGLA Board of Directors, and the California Bankruptcy Forum. She is currently the vice president of the Los Angeles Bankruptcy Forum after a successful year chairing its Diversity Equity & Inclusion Committee where she co-founded the Hon. Richard M. Neiter Externship Fellowship that awards stipends to law students from underrepresented backgrounds who are full-time externs with the federal bankruptcy judiciary in the Central District.

She is a member of the USC Gould School of Law adjunct faculty and serves as an adjunct professor of bankruptcy law at Southwestern Law School in Los Angeles.

**Services**

- Bankruptcy & Restructuring

**Education**

- Southwestern University School of Law  (J.D.)

- University of the Philippines  (B.A.)

**Bar Admissions**

- California

**Court Admissions**

- U.S. District Court for the Central District of California

- U.S. District Court for the Eastern District of California

- U.S. District Court for the Northern District of California

- U.S. District Court for the Southern District of California

- U.S. Court of Appeals for the Ninth Circuit

**Affiliations/Memberships**

- Los Angeles Bankruptcy Forum Executive Committee

- Los Angeles Bankruptcy Forum Vice President

- U.S. Bankruptcy Court Central District of California Small Business Reorganization Task Force (2020)

- UP Alumni Association of Greater Los Angeles Board Member and Secretary

- Los Angeles Bankruptcy Forum Board Member

- Philippine American Bar Association

- Los Angeles Catholic Lawyers Association

- American Bankruptcy Institute

- Los Angeles Bankruptcy Forum past Membership Co-Chair

- United States Bankruptcy Courts' Bankruptcy Forms Modernization Project Task Force (2010)

- Task Force on Chapter 11 Individual Cases, United States Bankruptcy Court-Central District (2010)

**Dinsmore**



# Matthew J. Stockl

Associate
matthew.stockl@dinsmore.com

Los Angeles, CA
Tel: (213) 596-0008

Matt focuses his practice on representing debtors, secured and unsecured creditors, and other stakeholders in a broad range of matters, including Chapter 11 cases, out-of-court workouts, liquidations, and complex business litigation in both federal and state court.

Matt regularly advises and develops strategies and creative solutions for clients in distressed-debt situations. His experience encompasses all facets of bankruptcy and insolvency, including: Chapter 11 plan restructuring and related litigation, 363 sales, debtor-in-possession financing, priority disputes, fraudulent transfer and preference actions, bankruptcy appeals, acquisitions and sales of distressed assets, assignments for the benefit of creditors, Uniform Commercial Code Article 9 foreclosure sales, and all phases of commercial disputes, ranging from pre-litigation demands to litigation of commercial claims and defenses.

Matt clerked for the Honorable Janet S. Baer, United States Bankruptcy Court, Northern District of Illinois. Matt also served as a law clerk for the Honorable Robert E. Littlefield, Jr. (Chief Judge), United States Bankruptcy Court, Northern District of New York, and as a judicial intern for the Honorable Cecelia G. Morris, United States Bankruptcy Court, Southern District of New York.

## Services

- Corporate & Transactional
- Bankruptcy & Restructuring

## Education

- Albany Law School  (J.D., *cum laude*)
- McGill University  (Bachelor of Commerce)

## Bar Admissions

- California
- Illinois
- New York

**Court Admissions**

- U.S. District Court for the Central District of California
- U.S. District Court for the Southern District of California
- U.S. District Court for the Northern District of Illinois
- U.S. District Court for the Central District of Illinois
- U.S. District Court for the District of Nebraska
- U.S. District Court for the Middle District of Pennsylvania
- U.S. District Court for the Eastern District of Wisconsin
- U.S. District Court for the Western District of Wisconsin

**Affiliations/Memberships**

- American Bankruptcy Institute
- Association of Business Trial Lawyers

**Distinctions**

- *Best Lawyers*©
  - ○ "Ones to Watch" in Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law (2021-2024)
- Illinois Super Lawyers - *Rising Star*®
  - ○ Bankruptcy (2019-2021)
- National Conference of Bankruptcy Judges' Next Generation Program (2017)

**Languages**

- French
- Spanish



# Tyler Powell

Of Counsel
tyler.powell@dinsmore.com

Lexington, KY
Tel: (859) 425-1046

Tyler has nearly 20 years of experience in the fields of bankruptcy, creditor's rights, loan modifications and restructuring, and commercial litigation. Over his career, he has represented both debtors and creditors in commercial and consumer bankruptcy cases, and this experience provides clients with a unique insight into what to expect in whatever cases they have. This work has ranged from representing utilities and other creditors in large chapter 11 cases in New York City and Delaware, defending and bringing preference and fraudulent conveyance cases, and obtaining stay relief in a consumer case here in Kentucky.

Tyler's courtroom experience is not limited to bankruptcy court; for the better part of his career, Tyler has represented national and regional lenders in matters in state courts. Tyler has appeared in dozens of Kentucky state courts with his practice encompassing foreclosures, collection actions (garnishments, writs of possession, and post-judgment asset discovery), and lien priority disputes between creditors on real property or personal property pursuant to Article 9 of the UCC. Tyler also recognizes that his clients may need to resolve issues without litigation, and he has substantial experience reviewing client loans for issues or defects and documenting agreements as part of loan workouts or forbearances, deeds in lieu of foreclosure, or other agreements between debtors and their creditor. Tyler has been asked to speak or present to numerous groups to share his knowledge.

Tyler also serves as the primary outside counsel to a local video game company. In his time working with the company, it has grown from a start-up to a successful and well known studio that has released multiple games that have sold millions of copies. His diligence allows his client to focus on what it does best – making games.

Prior to joining Dinsmore, he clerked for Bankruptcy Judge James Massey in Atlanta, Georgia and then entered private practice in central Kentucky. Most recently, Tyler was the primary outside counsel in the area of creditor's rights for a large regional bank. Tyler received his J.D. from Washington University in St. Louis School of Law.

## Services

- Bankruptcy & Restructuring
- Corporate & Transactional

## Education



- Washington University, St. Louis  (J.D., 2003)
- University of Kentucky  (B.A., 2000)
  - History

**Bar Admissions**

- Kentucky

**Court Admissions**

- U.S. District Court for the Eastern District of Kentucky
- U.S. District Court for the Western District of Kentucky
- U.S. Bankruptcy Court for the Eastern District of Kentucky
- U.S. Bankruptcy Court for the Western District of Kentucky

**Affiliations/Memberships**

- Kentucky Bar Association
- Fayette County Bar Association
- Lexington Montessori School - Parent Board of Directors 2022

# Publications

January 16, 2024
**Debtors Doing Illegal Things**
American Bankruptcy Trustee Journal

February 24, 2023
**Utility Companies Face Credit Risk from Bankruptcies of Crypto Miners**



# Paige E. Hornback

Associate
paige.hornback@dinsmore.com

Louisville, KY
Tel: (502) 540-2594

Paige focuses her practice on commercial litigation. She has experience working on complex litigation matters in state, federal, and appellate courts. Paige has previously represented medical providers, business owners, and government entities in matters involving medical malpractice, premises liability, employment law, and municipal and governmental law. She has a broad range of experience that enables her to approach complex issues from multiple standpoints to serve clients' needs. Paige received her J.D. from University of Kentucky College of Law.

**Services**

- Litigation

**Education**

- University of Kentucky College of Law  (J.D., *magna cum laude*, 2021)
  - CALI Award for Torts
  - CALI Award for Administrative Law
  - Kentucky Law Journal, Production Editor
- University of Louisville  (B.S., *cum laude*, 2018)

**Bar Admissions**

- Kentucky





# Spencer K. Gray

Associate
spencer.gray@dinsmore.com

Lexington, KY
Tel: (859) 425-1091

Spencer focuses his practice on commercial litigation, bankruptcy, and restructuring. Assisting organizations of all sizes, he is experienced guiding clients through complex issues, helping them achieve favorable outcomes with consideration of their time, resources, and financial situations. This includes counseling clients on resolving conflicts at every stage, from early guidance on sound business practices to finding solutions through disputes, civil actions, and arbitration. Spencer provides strategic advice to help clients achieve their desired results efficiently and effectively. He also counsels clients on the many aspects of insolvency situations, including litigation, claims practice, avoidance actions, and financial workouts. He helps corporate clients reach their objectives through measures such as the purchase and sale of assets, foreclosure, renegotiation, and reorganization.

Previously, Spencer worked as a judicial law clerk. This experience provided firsthand knowledge of the inner workings of federal courts, which he regularly leverages to attain clients' objectives.

## Services

- Corporate & Transactional
- Litigation

## Education

- University of Kentucky College of Law  (J.D., *magna cum laude*, 2018)
    - Order of the Coif
- Eastern Kentucky University  (B.S., 2013)

## Bar Admissions

- Kentucky

## Court Admissions

- U.S. District Court for the Western District of Kentucky



- U.S. District Court for the Eastern District of Kentucky
- U.S. Bankruptcy Court for the Western District of Kentucky
- U.S. Bankruptcy Court for the Eastern District of Kentucky





# Sara A. Johnston

Partner
sara.johnston@dinsmore.com

Lexington, KY
Tel: (859) 425-1021

Sara focuses her practice on corporate litigation, lending disputes, and debt restructuring. Sara primarily advises and represents businesses and lenders facing financial and real property disputes. An extensive lending and restructuring background enables her to navigate a variety of complex issues concerning creditor, debtor, trustee, receiver, committee, real estate and corporate matters. She has experience representing lenders, borrowers, landlords, tenants, asset purchasers, trade vendors, farmers, and equity holders in various scenarios both inside and outside of the courtroom. Sara's experience includes restructuring businesses, preserving and litigating creditor claims, avoidance actions, receiverships, foreclosures, bankruptcy, and asset purchases.

## Services

- Corporate & Transactional
- Litigation
- Bankruptcy & Restructuring

## Education

- University of Kentucky College of Law  (J.D., 2015)
- Auburn University  (B.A., *summa cum laude*, 2011)
    - Political Science & Psychology

## Bar Admissions

- Kentucky

## Court Admissions

- Kentucky Supreme Court
- U.S. District Court for the Eastern District of Kentucky
- U.S. District Court for the Western District of Kentucky

## Affiliations/Memberships

- Kentucky Bar Association, Elder Law Section Legislative Committee, chair
- Legislative and Policy Review Committee for the Working Interdisciplinary Networks of Guardianship Stakeholders, chair
- Legal Aide of the Bluegrass, volunteer
- Accredited with the U.S. Department of Veterans Affairs
- The Willows, Advisory Board member
- Kentucky Guardianship Association, board member

**Distinctions**

- Kentucky *Rising Stars*®
  - o For Bankruptcy: Business (2019-2024)
- *Best Lawyers* ®
  - o Litigation - Bankruptcy (2023-2024)
  - o Litigation - Banking and Finance (2024)





# Suzanne M. Marino

Associate
suzanne.marino@dinsmore.com

Louisville, KY
Tel: (502) 540-2510

Suzy focuses her practice on commercial litigation. She has experience helping clients navigate commercial disputes pre-suit, in administrative proceedings, in litigation, and through any appeals that may follow. Her experience includes claims arising under the Kentucky Open Records Act, zoning and property disputes and appeals, and defending medical malpractice and professional negligence matters. She also has experience litigating a variety of federal and state constitutional claims.

In her Open Records practice, Suzy has experience and success with every aspect of Open Records disputes, from drafting or responding to a request all the way through appeals to the Attorney General and subsequent litigation. She has successfully advocated for public agencies as well as record requesters. In her zoning and property dispute practice, Suzy works with clients ranging from property owners and developers to local governmental agencies in connection with development and zoning decisions. In addressing clients' unique and complex issues, Suzy provides thoughtful, pragmatic, and innovative strategies to serve the needs and goals of each individual client.

Suzy received her J.D. from the University of Louisville Brandeis School of Law. After law school, she served as a federal judicial law clerk for Judge Rebecca G. Jennings of the U.S. District Court for the Western District of Kentucky.

## Services

- Litigation
- First Amendment & Media
- Medical Malpractice
- Health Care Industry
- Education Industry

## Education

- Brandeis School of Law at the University of Louisville  (J.D., *magna cum laude*, 2020)
  - University of Louisville Law Review, senior symposium editor

- o  Saul Lefkowitz Moot Court Competition, competitor
- o  CALI Awards for Highest Grade: Constitutional Law and Lawyering Skills
- San Diego State University  (B.A., 2016)

**Bar Admissions**

- Kentucky

**Court Admissions**

- U.S. District Court for the Western District of Kentucky





# Sarah S. Mattingly

Partner
sarah.mattingly@dinsmore.com

Louisville, KY
Tel: (859) 425-1096

Lexington, KY
Tel: (859) 425-1096

Sarah focuses her practice on commercial litigation and banking and finance law. She assists clients with everything from everyday issues, questions, and problems to complex challenges, such as contested litigations, complex bankruptcies, real estate, and general transactions. She regularly appears in state and federal courts to advocate for her clients.

Her experience includes general creditors' rights (lender liability defense, actions against borrowers and guarantors, writs of execution/writs of possession, wage and non-wage garnishments, asset depositions and investigations, and fraudulent transfer investigation, prosecution, and settlement); bankruptcy (commercial and consumer Chapter 11, 7, 13, or 12); and workouts (forbearance agreements, deeds in lieu of foreclosure, loan assumption/modification, and loan sales and assignments). She also handles foreclosure/collateral actions (judicial and non-judicial foreclosures, mortgage enforcement and property protection, mortgages in possession, enforcement of assignments of leases and/or rents, consensual and court-appointed receiverships, property management issues, real estate title issues, and claims, sales and short sales, UCC Article 9 rights and dispositions, mechanic's lien, judicial lien, and tax lien foreclosures and litigation, and OREO sales, property management, and eviction); and retail banking disputes (UCC Article 3 and 4 claims, Electronic Funds Transfer Act and Regulation E claims, Expedited Funds Availability Act and Regulation CC claims, deposit account disputes, CD, trust, and restrict accounts issues, and fraud loss claims).

**Services**

- Corporate & Transactional

- Bankruptcy & Restructuring

- Banking & Financial Services

**Education**

- University of Kentucky College of Law  (J.D., 2011)

- Centre College  (B.A., 2008)

**Bar Admissions**



- Kentucky

**Court Admissions**

- U.S. Court of Appeals for the Sixth Circuit
- U.S. District Court for the Eastern District of Kentucky
- U.S. District Court for the Western District of Kentucky
- U.S. Bankruptcy Court for the Eastern District of Kentucky
- U.S. Bankruptcy Court for the Western District of Kentucky
- U.S. Bankruptcy Court for the District of Colorado
- U.S. District Court for the District of Maryland
- U.S. Bankruptcy Court for the District of Maryland
- U.S. District Court for the District of Nebraska
- U.S. Bankruptcy Court for the District of Nebraska
- U.S. District Court for the Eastern District of Wisconsin

**Affiliations/Memberships**

- Commerce Lexington Ambassador
- Central Kentucky American Inn of Courts
- Kentucky Bar Association
- Young Lawyers Association
- Fayette County Bar Association, CLE Committee
- Opportunity for Work & Learning (OWL), Fundraising Committee

**Distinctions**

- Kentucky *Rising Star*®
  - For Banking (2021)

# Publications

August 25, 2022
**A Refresher on Personal Guaranty for Community Banks**
ICBB

March 1, 2017
**New Kentucky Licensing Requirements for Mortgage Servicers**



November 2, 2016
**Prepaid Banking Products To Be Regulated Like Credit Cards**





# Tyler J. Mitchell

Associate
tyler.mitchell@dinsmore.com

Indianapolis, IN
Tel: (317) 860-5354

Tyler's practice focuses on civil litigation, both commercial and tort. He has experience representing clients against environmental claims brought by local and federal governmental bodies, catastrophic bodily injury and wrongful death matters, and various commercial disputes.

Tyler previously served as a Judicial Fellow with the North Carolina Judicial Branch, wherein he assisted judges of the North Carolina Superior Court with particularly complex matters as designated by the Chief Justice. He received his J.D. from The University of North Carolina School of Law.

**Services**

- Litigation

**Education**

- University of North Carolina School of Law  (J.D., 2018)
- The Citadel  (B.A., 2015)
  - Political Science
  - Minor in Southern Studies
  - President, Pi Sigma Alpha (Political Science Honor Society)

**Bar Admissions**

- District of Columbia
- Indiana
- North Carolina
- South Carolina

# Dinsmore



# Vanessa E. Rodriguez

Associate
vanessa.rodriguez@dinsmore.com

San Diego, CA
Tel: (619) 400-0476

Vanessa focuses her practice on business restructuring. Her experience includes performing legal research, analyzing case-related documents and evidence, and handling client relationships. Vanessa has also drafted pleads, motions, loan documents, discovery requests and responses. She received her J.D. from Thomas Jefferson School of Law.

## Services
- Corporate & Transactional

## Education
- Thomas Jefferson School of Law  (J.D., *magna cum laude*)
  - CALI Award in Remedies
  - Moot Court
- University of California, Riverside  (B.A.)

## Bar Admissions
- California

## Languages
- Spanish





# Yosina M. Lissebeck

Partner
Yosina.Lissebeck@dinsmore.com

San Diego, CA
Tel: (619) 400-0473

As a partner of counsel, Yosina is a highly accomplished professional known for her expertise in insolvency and restructuring cases, as well as commercial and business litigation matters. Yosina is a trusted advisor who has offered invaluable insights and innovative strategies tailored to the unique circumstances of numerous trustees, debtors, companies, receivers, stakeholders, and creditors. Her exceptional problem-solving skills and meticulous attention to detail have led to successful resolutions of complex cases, preserving value for all parties involved. She possesses a versatile skillset as an attorney and has established herself as a skilled litigator, representing clients in court for law and motion matters, evidentiary hearings and trials. Yosina also adeptly handles compliancy issues, contract disputes, fraud claims, and provides valuable assistance with receivership matters. She earned her J.D. from the California Western School of Law.

**Services**

- Corporate & Transactional
- Bankruptcy & Restructuring

**Education**

- California Western School of Law  (J.D., 1998)
- University of California, Santa Barbara  (B.A., 1995)
  - Political Science

**Bar Admissions**

- California

**Affiliations/Memberships**

- Member of the Federal Bar Association, San Diego Chapter, Publicity & Bankruptcy Liaison Officer
- Member of the California State Bar Association, Federal Courts Committee
- Member of the San Diego County Bar Association

# Publications

January 16, 2024
**Debtors Doing Illegal Things**
American Bankruptcy Trustee Journal



**EXHIBIT "D"**

EXHIBIT "D"

Page 177

**Claims, Consumer Rejections Claims and Administrative Claims (143576-7)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 11.10 | $9,268.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 33.20 | $24,734.00 |
| Christopher B. Ghio | Partner | $625.00 | 6.00 | $3,750.00 |
| M. Tyler Powell | Partner | $595.00 | 15.30 | $9,103.50 |
| Spencer K. Gray | Associate | $475.00 | 13.10 | $6,222.50 |
| Jeremy B. Freedman | Associate | $465.00 | 14.40 | $6,696.00 |
| Jacob R. Bothamley | Associate | $405.00 | 1.20 | $486.00 |
| | | **TOTALS** | **94.30** | **$60,260.50** |

EXHIBIT "D"

Page 178

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/9/2024 | C Celentino | 0.3 | Review and analyze issues, confer re team meeting and task assignments |
| 7/9/2024 | W Yones | 2.1 | Take photos of computer modems, gather information regarding serial numbers and information for each computer used by Debtor for inventory |
| 7/9/2024 | Y Lissebeck | 0.5 | Review emails from Trustee re agenda for team meeting and tasks assigned to various attorneys, review file and draft response with details to discuss |
| 7/11/2024 | C Celentino | 0.4 | Prepare supplemental declaration re disclosure of employment; conference with Atty Lissebeck re same |
| 7/11/2024 | Y Lissebeck | 0.6 | Review and revise supplemental declaration re disclosure of employment |
| 7/11/2024 | Y Lissebeck | 1 | Meet with trustee team to discuss case status and strategy including plan, voting, claims, objections and litigation |
| 7/12/2024 | Y Lissebeck | 1.1 | Meet with OCC and trustee team to review case status and strategy, issues related to plan, fee applications and claims |
| 8/1/2024 | C Celentino | 0.4 | Review monitor report and finalize for submission |
| 8/6/2024 | C Celentino | 3 | Conference with Trustee Marshack and Atty Hays re case strategy and status |
| 8/6/2024 | Y Lissebeck | 3 | Meet with trustee and E. Hays to discuss case strategy and status related to entire case and assignments moving forward |
| 8/8/2024 | Y Lissebeck | 2.5 | Review files and documents re secured claims and draft detailed analysis of all 23 secured creditor claims, case status, resolutions, and amounts at issue for use in status |
| 8/8/2024 | Y Lissebeck | 0.1 | Provide detailed analysis to trustee for use in status report |
| 8/9/2024 | Y Lissebeck | 0.3 | Telephone call with trustee re case status and information for law360 article re secured creditor issues |
| 8/9/2024 | Y Lissebeck | 0.5 | Review and revise email to D. Connolly re secured creditor litigation for law 360 article |
| 8/12/2024 | C Celentino | 0.2 | Review and analyze email from Trustee re master task chart and conference lead team re response |
| 8/12/2024 | Y Lissebeck | 0.2 | Review email from trustee re master task chart, forward chart to C. Celentino and C. Ghio for comment, and respond to trustee |
| 8/15/2024 | C Celentino | 1.6 | Prep for and attend Forbes reporter interview |
| 8/15/2024 | Y Lissebeck | 2.5 | Review and revise status report |
| 8/15/2024 | Y Lissebeck | 0.2 | Review and respond to further emails re revised status report |
| 9/18/2024 | Y Lissebeck | 0.1 | Review various emails from N. Cooper re MOR and accounting information to report |
| 9/19/2024 | C Celentino | 0.2 | Review and analysis re various emails from D. Mehra re accounts receivable and MOR and conference with team re reporting and respond thereto re sale receivables and |
| 9/19/2024 | Y Lissebeck | 0.2 | Review various emails from D. Mehra re accounts receivable and MOR reporting and respond thereto re sale receivables and amounts |
| 9/23/2024 | Y Lissebeck | 0.2 | Discuss case with Trustee and set meeting time to discuss master task chart |
| 9/23/2024 | Y Lissebeck | 0.5 | Update and and review master task chart and forward to trustee for meeting |

EXHIBIT "D"

Page 179

### Employment Applications (143576-2)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 6.90 | $5,761.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.70 | $1,266.50 |
| | | **TOTALS** | **8.60** | **$7,028.00** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/10/2024 | C Celentino | 0.8 | Discuss OUST with examiner |
| 7/22/2024 | C Celentino | 0.9 | Conference concerning appt of fee examiner |
| 7/26/2024 | C Celentino | 0.7 | Review and revise stipulation concerning fee examiner |
| 7/26/2024 | C Celentino | 0.3 | Tc with Trustee re same |
| 7/26/2024 | C Celentino | 0.8 | Research re section 105 appointment of fee examiner |
| 7/29/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino re fee examiner stipulation |
| 7/29/2024 | Y Lissebeck | 0.3 | Review rules re fee examiner stipulation |
| 8/1/2024 | C Celentino | 0.3 | Connection declaration concerning summer shaw |
| 8/2/2024 | C Celentino | 2.2 | Review revise and finalize fee application, stipulation, declarations and order re fee examiner |
| 8/2/2024 | Y Lissebeck | 0.2 | Review various emails and revisions to application to appoint fee examiner |
| 8/2/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re fee examiner |
| 8/2/2024 | Y Lissebeck | 0.3 | Revise stipulation |
| 8/2/2024 | Y Lissebeck | 0.1 | Review order |
| 8/2/2024 | Y Lissebeck | 0.2 | Review and finalize secured creditor chart for use in fee application and forward to team for use |
| 8/4/2024 | Y Lissebeck | 0.1 | Review email from J. Teeple with stipulation |
| 8/4/2024 | Y Lissebeck | 0.1 | Review email from N. Rapoport re stipulation |
| 9/23/2024 | C Celentino | 0.9 | Review and coordinate initial draft of proposed fee order, Dinsmore provisions, communication with Ed Hays and Trustee Marshack re same |

EXHIBIT "D"

Page 181

### Fee Applications (143576-4)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 20.00 | $16,700.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 67.40 | $50,213.00 |
| Ellen A. Kennedy | Partner | $665.00 | 2.60 | $1,729.00 |
| Lovee D. Sarenas | Partner | $660.00 | .80 | $528.00 |
| Christopher B. Ghio | Partner | $625.00 | 16.30 | $10,187.50 |
| Sarah S. Mattingly | Partner | $610.00 | .60 | $366.00 |
| M. Tyler Powell | Partner | $595.00 | 4.30 | $2,558.50 |
| John H. Stephens | Partner | $545.00 | 1.20 | $654.00 |
| Brian M. Metcalf | Associate | $650.00 | 1.00 | $650.00 |
| Jeremy B. Freedman | Associate | $465.00 | 8.90 | $4,138.50 |
| Veneeta Jaswal | Associate | $460.00 | .30 | $138.00 |
| Jamie D. Mottola | Associate | $455.00 | 2.50 | $1,137.50 |
| Lexi J. Epley | Associate | $420.00 | 1.60 | $672.00 |
| Jonathan B. Serrano | Associate | $415.00 | 3.40 | $1,411.00 |
| Jacob R. Bothamley | Associate | $405.00 | 5.60 | $2,268.00 |
| Suzanne M. Marino | Associate | $395.00 | 0.30 | $118.50 |
| Vanessa Rodriguez | Associate | $385.00 | 5.00 | $1,925.00 |
| Paige E. Hornback | Associate | $355.00 | .20 | $71.00 |
| Brian L. Cockroft | Associate | $275.00 | .60 | $165.00 |
| Caron Burke | Paraprofessional | $225.00 | 178.50 | $40,162.50 |
| | | TOTALS | 321.10 | $135,793.00 |

EXHIBIT "D"

Page 182

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/3/2024 | E Kennedy | 0.3 | Communication with lead counsel re: Fee Application preparation, review entries for clarity and completeness |
| 7/3/2024 | J Bothamley | 0.3 | Review email from C.C. re upcoming LPG Fee applications and review attached spreadsheet with time entries, strategize necessary revisions to time entries in spreadsheet. |
| 7/3/2024 | J Bothamley | 1 | Review spreadsheet for LPG time entries and review entries under matter 8, revise time entries for specificity and draft follow up questions for strategic ambiguities in entries. |
| 7/3/2024 | J Serrano | 0.1 | Review email from C. Celentino of Dinsmore re reviewing billing entries for fee application. |
| 7/3/2024 | L Sarenas | 0.1 | Review correspondence from C. Celentino of Dinsmore re support for fee application. |
| 7/5/2024 | J Mottola | 1.5 | Prepare supporting documentation in connection with Fee Application to ensure specify and clarification of requested fees. |
| 7/5/2024 | L Epley | 1 | Revise billing entries to eliminate attorney-client privileged information for purposes of preparing to draft Motion for Attorney's Fees |
| 7/6/2024 | J Stephens | 0.8 | Review and prepare revisions to time entries for feel application |
| 7/7/2024 | S Mattingly | 0.6 | Analyze time entries in preparation of fee application. |
| 7/8/2024 | B Metcalf | 0.8 | Review, analyze, and edit billing information to prepare fee application, evaluate potential confidential and privileged information and related matters for preparation of fee application and associated disclosures. |
| 7/8/2024 | B Metcalf | 0.2 | Email with C. Celentino, C. Burke regarding analysis of issues related to potentially confidential/privileged/strategic information for preparation of fee application. |
| 7/8/2024 | E Kennedy | 0.7 | Analyze time entries for inclusion on upcoming fee application to ensure that entries are properly classified and strike any privileged information |
| 7/8/2024 | E Kennedy | 0.6 | Continuing review of fee application information for purposes of clarity and protection of attorney client privilege |
| 7/8/2024 | L Sarenas | 0.6 | Review time records in support of fee application. |
| 7/8/2024 | L Sarenas | 0.1 | Correspondence to C. Celentino of Dinsmore re finalizing exhibit in support of fee application. |
| 7/8/2024 | MT Powell | 1.2 | Begin review and revision of time entries from July 2023 to June 2024 for fee application. |
| 7/8/2024 | V Rodriguez | 0.1 | Receipt and review of correspondence from Attorney C.C. regarding reviewing all time entries for accuracy and to ensure all entries are in the correct client matter number for the fee application. |
| 7/8/2024 | Y Lissebeck | 6.5 | Review and revise time entries for all attorneys in preparation for fee application |
| 7/9/2024 | C Celentino | 1.8 | Review and revise fee application time entries |
| 7/9/2024 | J Bothamley | 3.5 | Review LPG time entries and ensure each entry is in the correct matter number and revise as appropriate in preparation for LPG fee application. |
| 7/9/2024 | J Freedman | 0.8 | Draft analysis of substantial time records (over 200 of 1700 time entries) in order to submit fee application |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/9/2024 | J Serrano | 0.8 | Review and revise billing entries. |
| 7/9/2024 | MT Powell | 2.1 | Review and revise time entries for fee application. |
| 7/9/2024 | V Rodriguez | 1.5 | Prepare supporting documentation in connection with Fee Application to ensure specify and clarification of requested fees. |
| 7/9/2024 | Y Lissebeck | 2 | Review and revise time entries, redacting information for fee application for all attorneys |
| 7/10/2024 | E Kennedy | 1 | Analyze time entries for inclusion on upcoming fee application to ensure that entries are properly classified and strike any privileged information, submit for addition to final document |
| 7/10/2024 | J Freedman | 3.3 | Draft analysis of substantial time records (over 900 of 1700 time entries) in order to submit fee application |
| 7/10/2024 | J Serrano | 1.1 | Revise time entries |
| 7/10/2024 | J Serrano | 1 | Correspond with C. Celentino of Dinsmore re same |
| 7/10/2024 | L Epley | 0.6 | Continue preparation of revision of billing time entries to eliminate attorney-client privileged information for purposes of including in Motion for Attorney's Fees |
| 7/10/2024 | V Rodriguez | 0.8 | Continue preparing the supporting documentation in connection with Fee Application to ensure specify and clarification of requested fees; drafting redactions regarding the same. |
| 7/10/2024 | V Rodriguez | 0.8 | Continue preparing the supporting documentation in connection with Fee Application to ensure specify and clarification of requested fees; drafting redactions regarding the same. |
| 7/10/2024 | V Rodriguez | 0.6 | Continue preparing the supporting documentation in connection with Fee Application to ensure specify and clarification of requested fees; drafting redactions regarding the same. |
| 7/10/2024 | Y Lissebeck | 2 | Review and revise time sheets for all attorneys for fee application |
| 7/11/2024 | J Freedman | 1 | Draft analysis of substantial time records (over 600 of 1700 time entries) in order to submit fee application |
| 7/11/2024 | V Rodriguez | 0.8 | Prepare supporting documentation in connection with Fee Application to ensure specify and clarification of requested fees; review of redactions regarding the same. |
| 7/11/2024 | Y Lissebeck | 0.4 | Telephone call with Trustee and C. Celentino re fee application and case strategy moving forward with setting hearing |
| 7/11/2024 | Y Lissebeck | 0.1 | Review and respond to emails from C. Celentino re fee hearing and notice period |
| 7/11/2024 | Y Lissebeck | 0.3 | Review LPG time keepers time sheets |
| 7/11/2024 | Y Lissebeck | 0.2 | Draft email re fee application notice and hearing to trustee and team with deadlines and dates |
| 7/15/2024 | C Burke | 2.9 | Begin preparation of First Interim Fee Application |
| 7/15/2024 | C Burke | 3.1 | Continue preparation of First Interim Fee Application |
| 7/15/2024 | Y Lissebeck | 2 | Review and revise time entries of 6 different time keepers no longer at Dinsmore |
| 7/16/2024 | C Burke | 3.9 | Continue preparation of First Interim Fee Application |
| 7/17/2024 | C Celentino | 1.1 | Review and revise exhibits to DS first interim fee application |
| 7/18/2024 | C Burke | 2.8 | Continue preparation of First Interim Fee Application |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 7/18/2024 | Y Lissebeck | 0.4 | Review and revise stipulation for fee examiner and provide revisions to trustee |
| 7/18/2024 | Y Lissebeck | 0.1 | Draft email to Grobstein Teeple team re fee application deadlines |
| 7/18/2024 | Y Lissebeck | 0.3 | Review pre-bills in preparation for finalizing fee invoices |
| 7/19/2024 | C Burke | 4.3 | Review of time entries for fee application and fee examiner review. |
| 7/22/2024 | C Celentino | 0.9 | Review and revise exhibits to DS first interim fee application |
| 7/22/2024 | C Celentino | 1.2 | Review and revise exhibits to DS first interim fee application |
| 7/22/2024 | C Ghio | 1.4 | Review of time entries for fee application and fee examiner review. |
| 7/23/2024 | C Burke | 4.8 | Review and revise time entries for fee application and fee examiner review. |
| 7/24/2024 | C Burke | 6.5 | Review and revise time entries for fee application and fee examiner review. |
| 7/26/2024 | C Ghio | 3.3 | Review and revise time entries for fee aReview and revise time entries for fee application and fee examiner review.pplication. |
| 7/27/2024 | C Ghio | 2.5 | Review time entries in connection with feReview and revise time entries for fee application and fee examiner review.e application. |
| 7/28/2024 | C Ghio | 2.5 | Review and revise time entries for fee application and fee examiner review. |
| 7/29/2024 | C Burke | 6.2 | Continue preparation of First Interim Fee Application |
| 7/29/2024 | C Ghio | 3.1 | Review time entry in connection with fee application. |
| 7/30/2024 | C Burke | 2.9 | Review and revise time entries for fee application and fee examiner review. |
| 7/30/2024 | C Ghio | 0.3 | Review and approve summary of Bayrooti litigation for fee application. |
| 7/30/2024 | J Stephens | 0.2 | Exchange email with Y. Lissebeck re: case summaries for fee application |
| 7/30/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: same |
| 7/31/2024 | C Burke | 5.8 | Review and revise time entries for fee application and fee examiner review. |
| 7/31/2024 | C Ghio | 0.7 | Review and revise summary of 1046 Action for fee application. |
| 7/31/2024 | C Ghio | 0.3 | Review and revise summary of 1040 Action for fee application. |
| 7/31/2024 | J Freedman | 1.4 | Draft summary of Adversary Proceeding Nos. 1046 and 1040 to support fee application |
| 7/31/2024 | Y Lissebeck | 0.5 | Discuss fee application summaries with C. Ghio and J. Freedman |
| 8/1/2024 | V Rodriguez | 0.3 | Review of multiple correspondences from Dinsmore Attorney Y. Lissebeck regarding providing a summary for each adversary proceeding that has been filed to include in the fee application and regarding the summaries provided to her regarding New Horizon Finance and MRD Marketing; detailed correspondence to Dinsmore Attorney Y. Lissebeck regarding the same. |
| 8/2/2024 | J Bothamley | 0.8 | Send updates and summaries of work on affiliate cases to Y. Lissebeck in preparation for filing of fee application. |
| 8/2/2024 | J Serrano | 0.3 | Draft summary of responsibilities in filed adversary proceedings |
| 8/2/2024 | J Serrano | 0.1 | Correspond with Y. Lissebeck of Dinsmore re same |
| 8/5/2024 | C Burke | 6.2 | Review and revise time entries for fee application and fee examiner review. |
| 8/7/2024 | C Burke | 4.9 | Review and revise time entries for fee application and fee examiner review. |
| 8/8/2024 | C Burke | 2.6 | Review and revise time entries for fee application and fee examiner review. |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/9/2024 | C Burke | 3.7 | Review and revise time entries for fee application and fee examiner review. |
| 8/9/2024 | C Celentino | 7 | Review and revise exhibits to Dinsmore fee application |
| 8/9/2024 | J Mottola | 1 | Prepare summary of duties for fee application evidencing responses to consumer |
| 8/9/2024 | Y Lissebeck | 0.2 | Review emails from C. Celentino re fee application and notice re procedures from |
| 8/10/2024 | C Burke | 7.5 | Review and revise time entries for fee application and fee examiner review. |
| 8/10/2024 | C Celentino | 8 | Review and revise exhibits to Dinsmore fee application |
| 8/11/2024 | C Burke | 5.2 | Review and revise time entries for fee application and fee examiner review. |
| 8/12/2024 | C Burke | 2.1 | Review and revise time entries for fee application and fee examiner review. |
| 8/13/2024 | C Burke | 2.9 | Review and revise time entries for fee application and fee examiner review. |
| 8/14/2024 | C Burke | 7.2 | Review and revise time entries for fee application and fee examiner review. |
| 8/15/2024 | C Burke | 6.8 | Review and revise time entries for fee application and fee examiner review. |
| 8/15/2024 | V Jaswal | 0.3 | Draft summary of BMF case for fee motion |
| 8/15/2024 | Y Lissebeck | 7 | Review and revise billing statements of all attorneys |
| 8/15/2024 | Y Lissebeck | 0.1 | Draft email to N. Rapaport re fee statements |
| 8/15/2024 | Y Lissebeck | 0.2 | Draft email to C. Celentino and C. Burke re fee statements |
| 8/16/2024 | B Cockroft | 0.6 | Draft summary of Leucadia case to use for fee request. |
| 8/16/2024 | C Burke | 7.4 | Review and revise time entries for fee application and fee examiner review. |
| 8/19/2024 | C Burke | 8.1 | Review and revise time entries for fee application and fee examiner review. |
| 8/19/2024 | P Hornback | 0.1 | Draft summary of Point Break matter for fee schedule. |
| 8/19/2024 | P Hornback | 0.1 | Draft summary of matter Perfect Financial for fee schedule. |
| 8/20/2024 | C Burke | 6.7 | Review and revise time entries for fee application and fee examiner review. |
| 8/22/2024 | S Marino | 0.3 | Draft AP and affiliate target status updates for lead attorneys. |
| 8/26/2024 | C Burke | 7 | Review and revise time entries for fee application and fee examiner review. |
| 8/26/2024 | Y Lissebeck | 0.3 | Discuss revising fee application with C. Burke and briefly review fee application |
| 8/27/2024 | C Burke | 5 | Review and revise time entries for fee application and fee examiner review. |
| 8/27/2024 | C Ghio | 1.1 | Review and revise fee application summaries for litigation against GoFi, LLC and PECC Corp. |
| 8/27/2024 | J Freedman | 0.4 | Draft summary of litigation regarding GoFi |
| 8/27/2024 | J Freedman | 0.6 | Draft litigation summary as to PECC Corp |
| 8/27/2024 | J Freedman | 0.5 | Draft litigation summary as to Greyson |
| 8/27/2024 | Y Lissebeck | 1 | Review and revise fee application |
| 8/27/2024 | Y Lissebeck | 0.2 | Draft email to team members to provide further information for fee application for various litigation targets |
| 8/27/2024 | Y Lissebeck | 0.1 | Discuss revisions to fee application with C. Burke |
| 8/28/2024 | C Burke | 7 | Review and revise time entries for fee application and fee examiner review. |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/28/2024 | MT Powell | 1 | Review and respond to multiple emails from Y. Lissebeck re finalizing entries and details for fee application and review underlying agreements between Debtor and various litigation targets. |
| 8/28/2024 | Y Lissebeck | 0.2 | Review blurbs for various entities for use in fee application |
| 8/28/2024 | Y Lissebeck | 0.1 | Discuss revisions with C. Burke |
| 8/28/2024 | Y Lissebeck | 0.2 | Review and respond to emails from T. Powell re various litigation entities and fee applications |
| 8/28/2024 | Y Lissebeck | 0.2 | Review and respond to numerous emails re revisions to blurbs from V. Jaswal re including amounts and more information to describe work |
| 8/29/2024 | C Burke | 9 | Review and revise time entries for fee application and fee examiner review. |
| 8/30/2024 | C Burke | 6 | Review and revise time entries for fee application and fee examiner review. |
| 8/30/2024 | J Freedman | 0.6 | Draft litigation summary as to Worldpay and Worldpay Group |
| 8/30/2024 | J Freedman | 0.3 | Draft litigation summary as to Defendant Revolv3 |
| 8/30/2024 | Y Lissebeck | 0.3 | Review various fee application filings and draft email to P. Krause re notice, review response |
| 8/30/2024 | Y Lissebeck | 0.2 | Draft email to parties re summaries for litigation matters for use in fee app, review and revise summaries for use in fee application |
| 8/31/2024 | C Burke | 9 | Review and revise time entries for fee application and fee examiner review. |
| 8/31/2024 | Y Lissebeck | 10.5 | Review and revise fee application - 97 page document - providing detailed revisions to summaries of all matters and services performed by applicant |
| 9/1/2024 | Y Lissebeck | 1.8 | Respond to Fee Examiners questions and provide information re various individuals and time entries |
| 9/1/2024 | Y Lissebeck | 7.3 | Review and edit 250 pages of the final bill, redacting and making final edits and changes for use in the final fee application |
| 9/2/2024 | C Burke | 9 | Review and revise time entries for fee application and fee examiner review. |
| 9/2/2024 | Y Lissebeck | 0.5 | Review and respond to examiners questions re bills, review further reports, and respond thereto |
| 9/2/2024 | Y Lissebeck | 6.7 | Review and edit pages 251-500 of the final bill, redacting and making final edits and changes for use in the final fee application |
| 9/3/2024 | C Burke | 12 | Review comments to First Interim Fee Application and revise same and prepare for filing |
| 9/3/2024 | C Ghio | 1.1 | Review and revise fee application based on fee examiner notes and comments. |
| 9/3/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re billing entries used in the LPG Fee Application; correspondence re the same. |
| 9/3/2024 | Y Lissebeck | 8.2 | Review billing sheets and invoices for fee application for all time keepers in case |
| 9/3/2024 | Y Lissebeck | 0.5 | Review and revise declaration of C. Celentino in support of fee request |
| 9/3/2024 | Y Lissebeck | 4.7 | Review and revise fee application paying attention to billable amounts and hours and verifying same |

4

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/3/2024 | Y Lissebeck | 0.5 | Review file documents and approve for filing |
| 9/9/2024 | Y Lissebeck | 0.2 | Review various emails to and from fee examiner and comment re various discounts taken from fee application |
| 9/10/2024 | Y Lissebeck | 0.1 | Review email from Trustee re fee applications, discounts, and issues related to various claims |
| 9/11/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino re discounts taken, preference work in association with secured creditor and marketing complaints, and OCC issues re deferment |
| 9/12/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino re fee application issues and discounts and deferment |
| 9/17/2024 | Y Lissebeck | 0.2 | Review and respond to various texts and emails re stipulation to defer payment of avoidance billing, review stipulation |
| 9/18/2024 | Y Lissebeck | 0.2 | Review emails from C. Celentino re FINAL fee application deadlines and dates |
| 9/23/2024 | Y Lissebeck | 0.3 | Review and revise fee order particularly looking at amounts and offsets |
| 9/23/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re fee application order and hearing |

EXHIBIT "D"

Page 188

### Plan and Disclosure Statement (143576-6)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 10.30 | $8,600.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 52.80 | $39,336.00 |
| Christopher B. Ghio | Partner | $625.00 | 20.90 | $13,062.50 |
| M. Tyler Powell | Partner | $595.00 | .80 | $476.00 |
| Jeremy B. Freedman | Associate | $465.00 | 9.40 | $4,371.00 |
| | | **TOTALS** | **94.20** | **$65,846.00** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/1/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re deadlines and dates re voting and tabulation |
| 7/1/2024 | Y Lissebeck | 0.3 | Discuss procedures motion with trustee and C. Celentino |
| 7/1/2024 | Y Lissebeck | 0.5 | Telephone call with Omni re voting and tabulation issues |
| 7/2/2024 | Y Lissebeck | 0.3 | Review email re revisions to plan class, reply thereto and forward to OCC for review and comment |
| 7/5/2024 | Y Lissebeck | 0.6 | Telephone call with trustee team to discuss voting tabulation procedures and motion, voting ballots and deadlines |
| 7/9/2024 | C Ghio | 1.1 | Analysis re litigation recoveries for plan feasibility analysis. |
| 7/10/2024 | Y Lissebeck | 0.5 | Telephone call with Omni re voting and tabulation issues |
| 7/10/2024 | Y Lissebeck | 0.2 | Draft email to trustee and OCC team re summary of strategy re tabulation and voting |
| 7/14/2024 | Y Lissebeck | 0.3 | Review emails from E. Hays re voting and classes, review plan class chart and respond to email re voting rights and categories of various creditors |
| 7/15/2024 | Y Lissebeck | 0.2 | Review revisions to plan re super priority loans and forward language to E. Hays and N. Koffroth |
| 7/17/2024 | Y Lissebeck | 0.2 | Review email from accountants re MOR and questions related to plan, respond to email with status |
| 7/19/2024 | C Celentino | 0.9 | LPG plan confirmation status call and prep and outline for pleadings re same |
| 7/19/2024 | Y Lissebeck | 0.1 | Draft email to K. Steven's re voting and Claims |
| 7/19/2024 | Y Lissebeck | 0.1 | Review email from taxing authority and forward to E. Hays |
| 7/22/2024 | Y Lissebeck | 0.1 | Review email from omni re updated claims in shareholders and forward to C. Burke to save to system for review |
| 7/23/2024 | Y Lissebeck | 0.1 | Review email from H. Hammi re amendment to plan and Resolution Venture's loan |
| 7/26/2024 | C Ghio | 1 | Conference call with committee counsel re motions for summary judgment, plan confirmation and settlement as all pertain to feasibility analysis. |
| 7/26/2024 | C Ghio | 0.6 | Telephonic strategy conference with Trustee re issues discussed with Committee. |
| 7/26/2024 | Y Lissebeck | 0.5 | Review numerous emails from N. Koffroth, K. Steverson and E. Hays re plan, tabulation, reports and briefs |
| 7/30/2024 | Y Lissebeck | 0.1 | Review email from N. Koffroth re confirmation brief and issues related thereto |
| 7/30/2024 | Y Lissebeck | 0.2 | Review further emails re plan confirmation and reservation issues |
| 7/31/2024 | Y Lissebeck | 0.3 | Telephone call with K. Steverson re voting tabulation charts and brief |
| 8/1/2024 | C Ghio | 0.9 | Review and analysis of Nick Koffroth email re plan and disclosure statement and Azzure motion for summary judgment and subordination as the related to plan confirmation. |
| 8/1/2024 | Y Lissebeck | 0.2 | Review various emails re plan confirmation and tabulation declarations |
| 8/1/2024 | Y Lissebeck | 0.3 | Review revised declaration and brief |
| 8/1/2024 | Y Lissebeck | 0.3 | Telephone call with E. Hays re confirmation brief and declaration |
| 8/1/2024 | Y Lissebeck | 0.2 | Review emails from trustee with information in to include in declaration and forward to N. Koffroth |

EXHIBIT "D"

Page 190

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 6 | 8/1/2024 | Y Lissebeck | 0.2 | Discuss vote of MNS with N. Koffroth |
| 6 | 8/1/2024 | Y Lissebeck | 0.2 | Review revised documents |
| 6 | 8/1/2024 | Y Lissebeck | 0.3 | Telephone call with K. Steverson re revisions to plan vote, declaration and brief |
| 6 | 8/1/2024 | Y Lissebeck | 0.3 | Discuss declaration and confirmation brief with trustee |
| 6 | 8/1/2024 | Y Lissebeck | 0.8 | Review confirmation brief and declarations and respond to N. Koffroth with revisions |
| 6 | 8/1/2024 | Y Lissebeck | 0.3 | Telephone call with N. Koffroth re confirmation |
| 6 | 8/2/2024 | C Ghio | 0.8 | Call with committee professionals re settlements, summary judgments, plan confirmation and litigation recoveries as they relate to plan feasibility. |
| 6 | 8/2/2024 | Y Lissebeck | 0.8 | prepare for and participate in telephone call with OCC re status of plan and confirmation issues and objecting to claims |
| 6 | 8/2/2024 | Y Lissebeck | 0.3 | Telephone call with E. Hays re plan and confirmation issues and objecting to claims |
| 6 | 8/5/2024 | Y Lissebeck | 0.2 | Review email from re revisions to plan for resolution ventures super priority loan and forward language to E. Hays and N. Koffroth |
| 6 | 8/8/2024 | Y Lissebeck | 0.2 | Telephone call with Omni re confirmation issues |
| 6 | 8/8/2024 | Y Lissebeck | 0.1 | Review and respond to email from P. Krause re ECF notice to Omni |
| 6 | 8/8/2024 | Y Lissebeck | 0.1 | Review email from E. Hays re amendment to plan |
| 6 | 8/9/2024 | Y Lissebeck | 0.3 | Review objection to confirmation by greyson |
| 6 | 8/9/2024 | Y Lissebeck | 0.2 | Draft email re money coming into the Estate from Litigation and confirmation issues to C. Celentino and C. Ghio, review response and reply |
| 6 | 8/9/2024 | Y Lissebeck | 0.2 | Review emails from C. Celentino re client services and forward to K. Steverson |
| 6 | 8/9/2024 | Y Lissebeck | 0.1 | Review email from K. Steverson re calls from client services and respond |
| 6 | 8/9/2024 | Y Lissebeck | 0.3 | Telephone call with trustee re confirmation issues and reply |
| 6 | 8/9/2024 | Y Lissebeck | 1.5 | Discuss confirmation issues and objections to claims with OCC and E. Hays |
| 6 | 8/9/2024 | Y Lissebeck | 0.2 | Draft email to C. Celentino and C. Ghio re objection to confirmation by Greyson, review response and reply |
| 6 | 8/14/2024 | Y Lissebeck | 0.2 | Discuss confirmation issues and objections with C. Celentino |
| 6 | 8/14/2024 | Y Lissebeck | 0.2 | Discuss confirmation issues and objections with Trustee |
| 6 | 8/14/2024 | Y Lissebeck | 0.8 | Meet with Trustee and E. Hays re confirmation issues |
| 6 | 8/15/2024 | C Ghio | 0.6 | Telephone call with Richard Marshack and Ed Hays re response to Greyson and Trinh objection to confirmation. |
| 6 | 8/15/2024 | Y Lissebeck | 0.6 | prepare for and participate in telephone call with E. Hays and Trustee re confirmation issues |
| 6 | 8/16/2024 | Y Lissebeck | 0.2 | Review and respond to email from E. Hays re oppositions to Plan and filing reply |
| 6 | 8/16/2024 | Y Lissebeck | 0.2 | Review and respond to email of W. Fennell re reply to objections to confirmation brief |
| 6 | 8/19/2024 | C Ghio | 3.2 | Review and analysis of Greyson objection to Plan confirmation |
| 6 | 8/19/2024 | J Freedman | 0.6 | Review and analysis of Greyson's objection to plan confirmation in order to assist client with reply to same |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 6 | 8/19/2024 | J Freedman | 0.2 | Teleconference with client regarding Greyson objection to plan confirmation |
| 6 | 8/19/2024 | J Freedman | 2.2 | Draft reply to Greyson's objection to the plan confirmation with regards to allegations |
| 6 | 8/19/2024 | Y Lissebeck | 0.2 | Review and respond email from H. Hammi re reply to confirmation of plan objections |
| 6 | 8/20/2024 | C Celentino | 0.8 | Confer, review, and analysis of his ongoing concerns related to in order to respond to Greyson's objection to the plan confirmation |
| 6 | 8/20/2024 | C Celentino | 0.2 | Review and comment on letter to counsel and Trustee regarding response to Greyson's objection to the plan confirmation and further handling |
| 6 | 8/20/2024 | J Freedman | 0.8 | Review and analysis of his ongoing concerns related to in order to respond to Greyson's objection to the plan confirmation |
| 6 | 8/20/2024 | J Freedman | 0.7 | Review and analysis of St in order to respond to Greyson's objection to the plan confirmation |
| 6 | 8/20/2024 | J Freedman | 0.6 | Review and analysis of meet and confer communications with counsel for Greyson regarding |
| 6 | 8/20/2024 | J Freedman | 2.7 | Draft further argument and evidence in response to Greyson's objection to the plan confirmation |
| 6 | 8/20/2024 | J Freedman | 0.7 | Draft declaration in support of response to Greyson's objection to the plan confirmation regarding Wes Thomas |
| 6 | 8/20/2024 | J Freedman | 0.2 | Draft letter to counsel and Trustee regarding response to Greyson's objection to the plan confirmation and further handling |
| 6 | 8/20/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino and E. Hays re reply to objections to confirmation of plan and declarations needed |
| 6 | 8/20/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re reply to objections to confirmation and declarations needed |
| 6 | 8/20/2024 | Y Lissebeck | 0.2 | Telephone call with N. Rapoport re declaration for reply to objections to confirmation of |
| 6 | 8/20/2024 | Y Lissebeck | 0.2 | Review and respond to email from C. Kurtz re the feasibility and litigation amounts and settlement |
| 6 | 8/21/2024 | C Ghio | 0.9 | Analysis of reply in support of plan confirmation brief and provide factual summary for inclusion in same. |
| 6 | 8/21/2024 | C Ghio | 0.8 | Review and approve in support of Trustee's reply brief in support of Plan confirmation. |
| 6 | 8/21/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel s regarding his declaration in support of response to Greysons objection to the plan confirmation |
| 6 | 8/21/2024 | J Freedman | 0.3 | Draft declaration of in support of response to Greyson's objection to plan confirmation |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 6 | 8/21/2024 | J Freedman | 0.2 | Multiple emails (4) with general counsel for Trustee and counsel ▬▬▬▬▬▬ in support of response to Greyson's objection to plan confirmation |
| 6 | 8/21/2024 | Y Lissebeck | 0.3 | Draft declaration of N. Rapoport in support of reply to objections to plan confirmation and forward to N. Rapoport for signature |
| 6 | 8/21/2024 | Y Lissebeck | 0.1 | Review executed declaration of N. Rapoport, forward and draft email to E. Hays for use in reply |
| 6 | 8/21/2024 | Y Lissebeck | 0.4 | Review and respond to emails of C. Kurtz re projections, secured settlements, administrative claims and litigation proceeds for use in feasibility analysis |
| 6 | 8/21/2024 | Y Lissebeck | 0.3 | Review and respond to further emails of C. Kurtz re POL projections, review file for amounts, and provide to team for use in reply |
| 6 | 8/22/2024 | C Ghio | 1.1 | Emails and telephone calls with Bill Fennel re estate response to Greyson objections to confirmation and Squires Declaration, Joinder by Validation. |
| 6 | 8/22/2024 | Y Lissebeck | 0.2 | Draft email to K. Steverson and C. Kurtz re witness preparation for plan confirmation and zoom hearings, review response and further reply |
| 6 | 8/22/2024 | Y Lissebeck | 0.1 | Review and respond to email of C. Kurtz re various feasibility issues for plan confirmation |
| 6 | 8/22/2024 | Y Lissebeck | 0.3 | Telephone call with trustee and E. Hays re reply to objection to confirmation brief |
| 6 | 8/22/2024 | Y Lissebeck | 0.2 | Telephone call with N. Koffroth re reply to objection to confirmation |
| 6 | 8/22/2024 | Y Lissebeck | 0.5 | Review and Revise reply and forward to N. Kofforth and E. Hays for review and finalization |
| 6 | 8/22/2024 | Y Lissebeck | 0.2 | Telephone call with E. Hays re revisions to reply |
| 6 | 8/22/2024 | Y Lissebeck | 0.2 | Draft email to C. Ghio and C. Celentino re revisions to reply |
| 6 | 8/23/2024 | C Ghio | 1 | Conference call with committee counsel re plan confirmation, response to objections and preparation for confirmation hearing. |
| 6 | 8/23/2024 | C Ghio | 0.5 | Analysis of litigation recoveries for plan confirmation hearing preparation. |
| 6 | 8/23/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from E. Hays and Trustee re reply to objections and strategy for hearing |
| 6 | 8/23/2024 | Y Lissebeck | 1.5 | preparation and participate in telephone call with OCC re plan confirmation issues |
| 6 | 8/23/2024 | Y Lissebeck | 0.2 | Draft email to K. Steverson and C. Kurtz re meeting to discuss testimony for confirmation |
| 6 | 8/23/2024 | Y Lissebeck | 0.4 | Review motion by K. March to continue confirmation hearing, review local rules re same |
| 6 | 8/25/2024 | Y Lissebeck | 0.2 | Review and respond to texts from Trustee re confirmation hearing and issues related thereto |
| 6 | 8/26/2024 | Y Lissebeck | 1 | Telephone call with N. Koffroth, C. Kutz, K. Steverson, E. Hays to discuss confirmation hearing and issues related thereto |
| 6 | 8/26/2024 | Y Lissebeck | 2 | Review file and organize documents for use at confirmation hearing |
| 6 | 8/26/2024 | Y Lissebeck | 0.2 | Draft email to Accountants re tax claims and tax analysis in preparation for confirmation hearing |
| 6 | 8/26/2024 | Y Lissebeck | 0.2 | Review and respond to email from Trustee re questions re feasibility |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/26/2024 | Y Lissebeck | 0.2 | Draft email to accountants re tax issues and tax claims re confirmation and review |
| 8/26/2024 | Y Lissebeck | 1.5 | Meet with Trustee to discuss and prepare for plan confirmation hearing |
| 8/26/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Kurtz re feasibility numbers and projections for confirmation |
| 8/27/2024 | Y Lissebeck | 0.1 | Review and respond to email from Trustee re purchase price projections re confirmation hearing |
| 8/27/2024 | Y Lissebeck | 0.2 | Review and respond to email from C. Celentino re confirmation issues and strategy |
| 8/27/2024 | Y Lissebeck | 0.2 | Review and respond to various emails re projections and amounts to pay claims |
| 8/27/2024 | Y Lissebeck | 0.3 | Telephone call with N. Koffroth re plan confirmation hearing and demonstrative exhibits to use |
| 8/27/2024 | Y Lissebeck | 0.3 | Telephone call with Trustee re confirmation hearing and strategy |
| 8/27/2024 | Y Lissebeck | 0.5 | Review and organize files for documents for use at plan confirmation hearing |
| 8/28/2024 | C Celentino | 2.1 | Review and confirmation briefs re Greyson opposition and reply |
| 8/28/2024 | C Ghio | 1.6 | Analysis re litigation recoveries for plan feasibility analysis. |
| 8/28/2024 | C Ghio | 2.1 | Review confirmation briefs, Greyson opposition and reply. |
| 8/28/2024 | Y Lissebeck | 2.2 | preparation and participate in telephone call with Force 10, OCC, Trustee to prepare for confirmation hearing |
| 8/28/2024 | Y Lissebeck | 3.5 | Review documents, pleadings and draft outline in preparation for confirmation hearing |
| 8/28/2024 | Y Lissebeck | 1 | Telephone call with Trustee re outline and preparation for confirmation Hearing |
| 8/29/2024 | C Celentino | 0.6 | Conference re entry of order on same and further status conference and related tasks |
| 8/29/2024 | C Celentino | 5 | Attend confirmation hearing |
| 8/29/2024 | C Ghio | 4.1 | Attend hearing on plan confirmation. |
| 8/29/2024 | C Ghio | 0.6 | Post confirmation meeting with professionals re entry of order on same and further status conference and related tasks. |
| 8/29/2024 | Y Lissebeck | 2 | Travel to/from Court hearing, discuss case status and strategy with C. Ghio on drive, telephone call with Trustee re hearing on drive (4 hours total - 2 hours no charge - as TT billed at 50%) |
| 8/29/2024 | Y Lissebeck | 5 | Attend and participate in confirmation hearing |
| 8/29/2024 | Y Lissebeck | 0.2 | Review and respond to numerous emails from Trustee, E. Hays and A. DeLees re plan confirmation and effective date payments |
| 8/29/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino re confirmation and moving forward with effective date payments |
| 8/30/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino and C. Ghio re effective day payment to CLG |
| 8/30/2024 | Y Lissebeck | 0.4 | Review and revise confirmation order |
| 8/30/2024 | Y Lissebeck | 1.1 | Preparation and participate in telephone call with OCC re confirmation hearing, order and moving forward with litigation |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/30/2024 | Y Lissebeck | 0.2 | Review revisions of E. Hays to confirmation order, reply re same |
| 8/30/2024 | Y Lissebeck | 0.2 | Review and respond to emails from P. Krause and A. Mamlyuk re effective date payment to admin and secured parties |
| 8/30/2024 | Y Lissebeck | 0.2 | Discuss revisions to confirmation order with C. Celentino |
| 8/30/2024 | Y Lissebeck | 0.3 | Discuss revisions to confirmation order with trustee |
| 8/30/2024 | Y Lissebeck | 0.2 | Review the response of N. Koffroth to revisions of E. Hays and review notes from hearing re same |
| 9/11/2024 | Y Lissebeck | 0.2 | Draft email to T. Powell re secured creditor effective day payments and review various emails from T. Powell to secured creditors requesting payment information |
| 9/12/2024 | MT Powell | 0.8 | Review and respond to multiple emails with counsel for Liberty Acquisition, MNS Funding, Diverse Capital, and P. Kraus, at Trustee's office regarding (i) balances owed to post-petition lenders and secured creditors upon confirmation and (ii) payment information for payments going out after Effective Date |
| 9/14/2024 | Y Lissebeck | 0.2 | Review and respond to multiple emails from E. Hayes and P.Krause re effective day payments and setting up meeting to finalize list of recipients of payments |
| 9/16/2024 | Y Lissebeck | 0.2 | Review and respond to emails from P. Krause re payment to effective date parties |
| 9/17/2024 | Y Lissebeck | 0.4 | Telephone call with E. Hays, B. Barhnardt, and A. Deelest re claims payments upon effective date and admin bar date in plan |
| 9/17/2024 | Y Lissebeck | 0.1 | Review further emails from OHP and CLG re payment of claims and respond to P. Krause re same |
| 9/18/2024 | Y Lissebeck | 0.2 | Telephone call with P. Krause re calls from creditors re Notice of Plan Confirmation Order |
| 9/18/2024 | Y Lissebeck | 1.5 | Review Plan Confirmation Order and Plan for deadlines outlining dates and deadlines for email |
| 9/18/2024 | Y Lissebeck | 0.2 | Review email from P. Krause and A. Deleest re payments to employee claims, deposit claims and other effective date payments and briefly review ledger |
| 9/18/2024 | Y Lissebeck | 0.3 | Draft FAQ to address creditors questions re Notice of Plan Confirmation Order and circulate to P. Krause, J. Mottola and Omni for use |
| 9/18/2024 | Y Lissebeck | 0.7 | Draft detailed email to N. Koffroth, E. Hays, K. Owens, C. Celentino and Trustee with deadlines and information needed to be done pursuant to order |
| 9/19/2024 | C Celentino | 0.7 | Revise issues with plan confirmation order modification |
| 9/19/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from W. Fennell re effective date, review plan for definition and respond with quote from plan re effective date |
| 9/19/2024 | Y Lissebeck | 0.2 | Review various emails from A. DeLeest and N. Koffroth re confirmation order duties and deadlines therein |
| 9/19/2024 | Y Lissebeck | 0.8 | Review Ledger for payments on effective date and compare with claims class chart, updating chart as needed |

| | Date | Name | Hours | Narrative |
|---|------|------|-------|-----------|
| 6 | 9/19/2024 | Y Lissebeck | 0.2 | Review email from N. Koffroth and A. DeLeest re service of rejected contracts and effective day notice and respond re review of service list |
| 6 | 9/19/2024 | Y Lissebeck | 0.2 | Telephone call with A. DeLeest and C. Celentino re effective date deadlines and case strategy moving forward |
| 6 | 9/19/2024 | Y Lissebeck | 0.1 | Draft email to N. Koffroth and A. DeLeest re service list |
| 6 | 9/19/2024 | Y Lissebeck | 1 | Review service list and rejected contract list to make sure everyone will be provided notice |
| 6 | 9/20/2024 | Y Lissebeck | 0.2 | Review numerous emails between C. Celentino, E. Hays and Trustee re confirmation order and duties thereunder, respond to team re same |
| 6 | 9/20/2024 | Y Lissebeck | 0.3 | Review spreadsheet for parties to serve rejection notice with |
| 6 | 9/20/2024 | Y Lissebeck | 0.4 | Review confirmation order for duties and deadlines |
| 6 | 9/20/2024 | Y Lissebeck | 0.1 | Draft email to N. Koffroth, A. Deelest and trustee re parties to serve rejection notice with |
| 6 | 9/20/2024 | Y Lissebeck | 0.4 | Lengthy discussion with C. Celentino re confirmation order, case strategy and moving forward with litigation |

EXHIBIT "D"

Page 196

**Claims, Consumer Rejections Claims and Administrative Claims (143576-7)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 11.10 | $9,268.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 33.20 | $24,734.00 |
| Christopher B. Ghio | Partner | $625.00 | 6.00 | $3,750.00 |
| M. Tyler Powell | Partner | $595.00 | 15.30 | $9,103.50 |
| Spencer K. Gray | Associate | $475.00 | 13.10 | $6,222.50 |
| Jeremy B. Freedman | Associate | $465.00 | 14.40 | $6,696.00 |
| Jacob R. Bothamley | Associate | $405.00 | 1.20 | $486.00 |
| | | **TOTALS** | **94.30** | **$60,260.50** |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 7/1/2024 | Y Lissebeck | 0.3 | Discuss claims procedure motion with Trustee |
| 7/1/2024 | Y Lissebeck | 0.2 | Draft email to MLG requesting information related to amounts consumers paid to LPG and providing spreadsheet |
| 7/1/2024 | Y Lissebeck | 0.5 | Review excel spread sheet re rejected consumer claims and filed claims |
| 7/1/2024 | Y Lissebeck | 0.2 | Review and respond to email re serving proper parties with claims objections |
| 7/1/2024 | Y Lissebeck | 0.3 | Review chamber rule re objections to claims and forward to team |
| 7/1/2024 | Y Lissebeck | 0.1 | Review mailed claim |
| 7/1/2024 | Y Lissebeck | 0.2 | Review and respond to emails re procedures motion |
| 7/2/2024 | S Gray | 0.2 | Emails with Y. Lissebeck discussing objection and resolution of rejected consumer claim. |
| 7/2/2024 | Y Lissebeck | 0.1 | Review email re objection to claims and service from P. Krause and respond |
| 7/2/2024 | Y Lissebeck | 0.1 | Review email from Trustee re tax claim of Texas for state business taxes |
| 7/2/2024 | Y Lissebeck | 0.2 | Review email from Omni with claims register and respond re corrupt file |
| 7/2/2024 | Y Lissebeck | 0.4 | Review file and provide documents to S. Grey for use in objection and resolution of rejected consumer claim |
| 7/2/2024 | Y Lissebeck | 0.3 | Draft detailed email to S. Grey re objection and resolution of rejected consumer claim |
| 7/2/2024 | Y Lissebeck | 0.1 | Review email and responses to email re Alterix claim |
| 7/3/2024 | J Freedman | 0.2 | Multiple emails (2) with client regarding alter ego allegations in fourth amended complaint in order to develop strategy to rebut Greyson's arguments regarding same to support administrative claims |
| 7/3/2024 | Y Lissebeck | 0.2 | Review updated claims register provided by Omni and respond to email re chart |
| 7/3/2024 | Y Lissebeck | 0.1 | Discuss difference of rejected v opt out consumers and payment of refunds with C. Celentino |
| 7/3/2024 | Y Lissebeck | 0.2 | Draft email to MLG re payment of refunds and difference between opt out and cancelled on list, review response |
| 7/3/2024 | Y Lissebeck | 0.1 | Review email from UST re payment of refund claims to rejected consumers forwarded by C. Celentino |
| 7/3/2024 | Y Lissebeck | 0.2 | Review and respond to email from A. Mamlyuk re United Partnership administrative claim and moving forward with settlement discussions |
| 7/3/2024 | Y Lissebeck | 0.2 | Draft email to team re procedures motion and provide new claims register for review, review various replies |
| 7/4/2024 | S Gray | 0.6 | Review and analyze proof of claim No. 102770 and letter to rejected consumers |
| 7/4/2024 | S Gray | 0.4 | Research bankruptcy court equitable powers and claim objection standard for use in claim objection and motion for liquidation. |
| 7/4/2024 | S Gray | 0.3 | Review and analyze plan of liquidation and disclosure statement related to claim classifications and treatment of claimants |
| 7/4/2024 | S Gray | 6.4 | Draft and analyze Trustee's objection to proof of claim, declaration in support of objection, and proof of service |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/4/2024 | S Gray | 1 | Research local rules regarding claim objections to ensure compliance with local rules and practice |
| 7/5/2024 | C Celentino | 2.1 | Prep for and attend meeting regarding claims objection procedure motion and analysis of claims spreadsheet re objection strategy |
| 7/5/2024 | S Gray | 1.8 | Revise and analyze the Trustee's objection to proof of claim No. 102770-1 |
| 7/5/2024 | S Gray | 1.1 | Revise and analyze notice of Trustee's objection to proof of claim No. 102770-1 and make final revisions to Trustee's objection. |
| 7/5/2024 | S Gray | 0.1 | Emails with Y. Lissebeck regarding revisions to Trustee's objection to proof of claim No. 102770-1 and notice of objection |
| 7/5/2024 | S Gray | 1.1 | Draft and analyze notice of the Trustee's objection to proof of claim No. 102770-1 |
| 7/5/2024 | Y Lissebeck | 0.2 | Review and respond to email from S. Grey re claims objection and resolution and information re claims register and filed rejected claim |
| 7/5/2024 | Y Lissebeck | 0.6 | Telephone call with trustee team to discuss procedures motion and objecting to certain claims |
| 7/5/2024 | Y Lissebeck | 0.1 | Draft email to S. Grey re revisions and finalizing objection and resolution |
| 7/5/2024 | Y Lissebeck | 0.7 | Revise claims objections and resolution and supporting notice |
| 7/6/2024 | S Gray | 0.1 | Review Notice of Trustee's Claim Objection. |
| 7/8/2024 | C Celentino | 0.7 | Tabulation discussion |
| 7/8/2024 | C Celentino | 1.4 | Kyle herret call |
| 7/8/2024 | Y Lissebeck | 0.1 | Review email re LPG tabulation report |
| 7/8/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re admin claims objections and rejection objection |
| 7/8/2024 | Y Lissebeck | 0.1 | Draft email to E. Hayes re UP admin claim and moving forward with objection |
| 7/8/2024 | Y Lissebeck | 0.2 | Review and respond to email from P. Kraus re secured creditor and amended claim |
| 7/8/2024 | Y Lissebeck | 0.2 | Draft email to trustee and OCC re amended POC for rejected class and voting 3B classification |
| 7/9/2024 | Y Lissebeck | 0.2 | Review email from A. Mamlyuk re UP admin claim and stipulation to continue hearing, respond re effect on plan confirmation and adding language re same |
| 7/9/2024 | Y Lissebeck | 0.2 | Discuss Herrit claim with S. Mattingly and complaint |
| 7/9/2024 | Y Lissebeck | 0.2 | Review and respond to email from A. Mamlyuk re Herrit admin claim |
| 7/9/2024 | Y Lissebeck | 0.3 | Review and revise stipulation re UP admin claim and forward to A. Mamlyuk |
| 7/9/2024 | Y Lissebeck | 0.2 | Review email from T. Powell re complaint against Ms. Collona-Cohen and draft email to OCC and E. Hayes re objection to secured claim and complaint |
| 7/10/2024 | C Celentino | 0.6 | Communication concerning Allyltex and SDP settlement |
| 7/10/2024 | Y Lissebeck | 0.1 | Review and respond to email from A. Mamlyuk re ADP claim and reduction of amount |
| 7/11/2024 | Y Lissebeck | 0.2 | Telephone call with Trustee and E. Hays re objections to claims and managing objections |
| 7/11/2024 | Y Lissebeck | 0.2 | Review email from P. Krause re consumer claim and respond re CLG transfer |
| 7/11/2024 | Y Lissebeck | 0.2 | Review and respond to emails from A. Mamlyuk re Alteryx admin claims |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/12/2024 | C Celentino | 2.3 | Meet with Trustee team re claims |
| 7/12/2024 | Y Lissebeck | 0.2 | Review email from A. Mamlyuk re ADP claim and settlement amount |
| 7/12/2024 | Y Lissebeck | 2.3 | Meet with trustee team re claims |
| 7/15/2024 | C Celentino | 0.8 | Strategize re trustee objections to estimation motions |
| 7/15/2024 | Y Lissebeck | 0.1 | Review email from P. Krause with Priority claims register and suggestions for strategy related to objections |
| 7/15/2024 | Y Lissebeck | 0.1 | Review email from A. Mamlyuk re Herret claim and questions related to claim |
| 7/15/2024 | Y Lissebeck | 0.1 | Review email from A. Mamlyuk re alterix settlement |
| 7/15/2024 | Y Lissebeck | 0.2 | Draft email to E. Tang re help with priority claims and request for LPG information, review response and further reply |
| 7/16/2024 | Y Lissebeck | 0.1 | Review and respond to email from A. Mamlyuk re Herret call and need for further information |
| 7/16/2024 | Y Lissebeck | 0.3 | Review and revise ADP stipulation and add additional language re no admissions |
| 7/18/2024 | C Celentino | 1.1 | Analysis and conference re claims avoidance chart |
| 7/18/2024 | Y Lissebeck | 0.3 | Review email from D. Delos Reyes re alterix claim, review accounting documents re conveyances and respond to email |
| 7/18/2024 | Y Lissebeck | 0.1 | Review correspondence from A. Mamlyuk to Alterix re admin claim and avoidance action |
| 7/19/2024 | Y Lissebeck | 0.3 | Review email from D. DelosReyes re innovative, review spreadsheet for information, and res |
| 7/22/2024 | Y Lissebeck | 0.1 | Review emails from P. Krause and E. Tang re wahe claimant |
| 7/22/2024 | Y Lissebeck | 0.1 | Review and forward email from A. Colona-Cohen to C. Celentino |
| 7/23/2024 | C Celentino | 2.1 | Review and recommendations concerning claims objections and admin claims |
| 7/23/2024 | Y Lissebeck | 0.2 | Review email from B. Barnhardt re JP Morgan claim and secured line of credit |
| 7/23/2024 | Y Lissebeck | 0.2 | Review and respond to email from E. Hays re claim of Ashlee Colonna-Cohen and stipulation to withdraw objection, and strategy for filing complaint |
| 7/23/2024 | Y Lissebeck | 0.1 | Draft email to A. Mamlyuk requesting updated admin chart with amounts |
| 7/23/2024 | Y Lissebeck | 0.1 | Forward email to T. Powell for review and input |
| 7/23/2024 | Y Lissebeck | 0.1 | Respond to email from T. Powell |
| 7/23/2024 | Y Lissebeck | 0.1 | Review updated chart and ask that chart be forwarded to OCC |
| 7/24/2024 | Y Lissebeck | 0.1 | Review email from E. Hays re the complaint against A. Colonna Cohen for avoidance |
| 7/25/2024 | Y Lissebeck | 0.2 | Review and respond to email from A. Mamlyuk re admin claims and denial of claims and calculating amounts for plan purposes |
| 7/26/2024 | Y Lissebeck | 0.2 | Review email from T. Powell re JP Morgan collateral and issues related to ALteryx |
| 7/26/2024 | Y Lissebeck | 0.3 | Review and respond to email from P. Kraus re LPG consumer client email, forward to J. Mottola for review, and respond to J. Mottola email re clarification related to questions and claim |
| 7/26/2024 | Y Lissebeck | 0.3 | Telephone call with E. Hays re same |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 7 | 7/30/2024 | Y Lissebeck | 0.3 | Review email from T. Powell re primelogix and respond with paragraph for allegations in complaint |
| 7 | 7/30/2024 | Y Lissebeck | 0.3 | Review and revise stipulation to allow admin claim of attorney |
| 7 | 8/1/2024 | C Ghio | 0.5 | Analysis re Hala Hammi email re review of response to creditor subpoena. |
| 7 | 8/2/2024 | Y Lissebeck | 0.1 | Draft email to N. Koffroth and E. Hays re meeting to discuss objections to claims |
| 7 | 8/9/2024 | Y Lissebeck | 0.3 | Review various claims issues and update master task chart with claims objections procedures |
| 7 | 8/9/2024 | Y Lissebeck | 0.2 | Draft email to E. Tan re priority claims, review response, reply and forward information to E. Hays for use |
| 7 | 8/9/2024 | Y Lissebeck | 0.1 | Review and respond to email of A. Mamlyuk re allegations in complaint to use against Alterix |
| 7 | 8/12/2024 | Y Lissebeck | 0.2 | Review email from J. Kurtz, J. Teeple and E. Hays re objection to priority tax claims and status of various bank records |
| 7 | 8/13/2024 | Y Lissebeck | 0.2 | Review objection to confirmation of plan filed by Blue Cross and discuss with C. Celentino |
| 7 | 8/13/2024 | Y Lissebeck | 0.2 | Review and respond to email from E. Hays re same objection |
| 7 | 8/14/2024 | C Ghio | 0.4 | Telephone calls and emails with Russ Squires and Tracy Roman re United Partnerships subpoena |
| 7 | 8/14/2024 | Y Lissebeck | 0.2 | Discuss objection to claims with E. Hays |
| 7 | 8/14/2024 | Y Lissebeck | 0.1 | Draft email to A. Mamlyuk re admin claims and amounts to be paid upon effective date |
| 7 | 8/14/2024 | Y Lissebeck | 0.1 | Draft email to E. Than re employees and information re employees |
| 7 | 8/14/2024 | Y Lissebeck | 0.3 | Review email from A. DeLeest re obtaining subpoena documents for credit cards, review file, and respond to email |
| 7 | 8/14/2024 | Y Lissebeck | 0.1 | Review email from A. Mamlyuk re amounts to be paid on effective date and forward |
| 7 | 8/14/2024 | Y Lissebeck | 0.2 | Review email from T. Roman re subpoena from United Partnership and issues re turnover of luna documents |
| 7 | 8/14/2024 | C Ghio | 0.2 | Discuss response to subpoena with C. Ghio |
| 7 | 8/15/2024 | C Ghio | 0.8 | Telephone conference with MLG and ResPro re subpoena from United Partnerships requesting sensitive client materials implicating MLG and Estate equities. |
| 7 | 8/16/2024 | Y Lissebeck | 0.2 | Review and respond to emails from J. Teeple and A. DeLeest re accounting files and employee files related to objections to claims |
| 7 | 8/16/2024 | Y Lissebeck | 0.1 | Review and respond to various emails from E. Hays to R. Squires re employees claims for LPG |
| 7 | 8/19/2024 | Y Lissebeck | 0.1 | Review and respond to email from N. Cooper re employee claims and statements with paychex information |
| 7 | 8/20/2024 | C Ghio | 1.2 | Review draft response to Greyson Law objection to plan confirmation and revise. |
| 7 | 8/20/2024 | Y Lissebeck | 0.2 | Review and respond to emails re Blue Cross claim and employee information |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/20/2024 | Y Lissebeck | 0.2 | Review and respond to emails from N. Cooper re paychex information related to bluecross claim |
| 8/21/2024 | C Ghio | 1.2 | Review of Zoom data re call centers and identification of agents in connection with United Partnerships claim objection. |
| 8/22/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re settlement of blue cross admin claim |
| 8/22/2024 | Y Lissebeck | 0.1 | Draft email to E. Hays re settlement of blue cross claim |
| 8/22/2024 | Y Lissebeck | 0.2 | Review email from consumer client re amended rejected claim, forward to J. Motolla for review and follow up |
| 8/23/2024 | Y Lissebeck | 0.2 | Review and respond to email from D. Goodrich re MLG documents, request C. Ghio follow up and response |
| 8/23/2024 | Y Lissebeck | 0.4 | Review and revise Alterix complaint and forward revisions to A. Mamlyuk |
| 8/23/2024 | Y Lissebeck | 0.2 | Telephone call with A.  Mamlyuk re revised complaint and language to use re avoidance transfers |
| 8/23/2024 | Y Lissebeck | 0.2 | Review and respond to email re Alteryx complaint and objection to claim |
| 8/26/2024 | C Ghio | 1.4 | Review and analysis and revision of draft Alteryx adversary proceeding. |
| 8/26/2024 | Y Lissebeck | 0.5 | Discuss claims and claims objections with A. DeLeest and Trustee |
| 8/26/2024 | Y Lissebeck | 0.2 | Review and respond to emails from A. DeLeest re objections to claims and proof of claim forms |
| 8/26/2024 | Y Lissebeck | 0.3 | Review claims register and forward various claims to sharedrive for A. DeLeest to use for objections |
| 8/26/2024 | Y Lissebeck | 0.2 | Review and respond to email from A. Mamlyuk re admin claims and status of alterix |
| 8/26/2024 | Y Lissebeck | 0.3 | Telephone call with A. Mamlyuk re claims objections and alterix issues |
| 8/27/2024 | Y Lissebeck | 0.1 | Review and respond to email of A. DeLeest re duplicate claims and objections |
| 8/27/2024 | Y Lissebeck | 0.2 | Review and respond to email from T. Powell re objection to A. Colona-Cohen claim and forward email to E. Hays re JP Morgan claim |
| 8/27/2024 | Y Lissebeck | 0.4 | Review and revise complaint against A. Colona-Cohen and provide T. Powell with comments re same |
| 8/30/2024 | J Freedman | 1.7 | Review and analysis of priority claims in order to develop strategy for omnibus objection to same |
| 8/30/2024 | Y Lissebeck | 0.5 | Review claims report for need to file objections to admin, secured and priority claims before effective date |
| 8/30/2024 | Y Lissebeck | 1.2 | Telephone call with A. DeLeest reviewing all priority and secured claims in preparation for objections |
| 8/30/2024 | Y Lissebeck | 0.8 | Telephone call with A. DeLeest re admin and tax claims and plan language |
| 8/30/2024 | Y Lissebeck | 0.2 | Draft email to A. DeLeest re claims that need objections prior to effective date |
| 8/30/2024 | Y Lissebeck | 0.1 | Review email from A. DeLeest re objection to secured claims |
| 8/30/2024 | Y Lissebeck | 0.2 | Draft email to E. Hays, N. Koffroth and J. Teeple re objection to tax claims |

EXHIBIT "D"

Page 202

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 7 | 8/30/2024 | Y Lissebeck | 0.2 | Draft email to C. Ghio and J. Freedman re objection to certain wage claimants priority claims |
| 7 | 8/31/2024 | J Freedman | 0.6 | Develop strategy regarding objections to Han Jayde, Scott, Justin and other's employment claims in light of confirmation |
| 7 | 8/31/2024 | Y Lissebeck | 0.3 | Review and respond to various emails from J. Freedman and C. Celentino re objecting to priority wage claims of various employees of LPG and grounds to object and cross claims |
| 7 | 9/1/2024 | J Freedman | 0.4 | Develop further strategy for substantive objections to claims by Han, Jayde, Scott, Justin and others in light of plan confirmation |
| 7 | 9/2/2024 | Y Lissebeck | 0.2 | Review and respond to email from P. Krause re resolution of Chase claim and forward emails from E. Hays to A. DeLeest re resolution |
| 7 | 9/3/2024 | J Freedman | 0.6 | Develop strategy for objection to insiders priority claims including Han and Jayde Trinh, Israel Orozco, Justin Nguyen, Scott Eadie and Kevin Kurka |
| 7 | 9/3/2024 | MT Powell | 0.3 | Discuss upcoming objection to insider employee claims with Y. Lissebeck and J. Freedman. |
| 7 | 9/3/2024 | MT Powell | 0.7 | Review priority claims of former employees that were insiders for objection or payment. |
| 7 | 9/4/2024 | J Freedman | 0.2 | Teleconference with client regarding strategy for priority claims |
| 7 | 9/4/2024 | J Freedman | 1.2 | Draft objections to priority claims ahead of deadline |
| 7 | 9/4/2024 | J Freedman | 2.7 | Review and analysis of evidence related to priority claimants, in order to draft objections and evaluate for further adversary proceeding |
| 7 | 9/4/2024 | MT Powell | 0.8 | Review priority claims of insider employees and payments made to those employees in preference period |
| 7 | 9/4/2024 | Y Lissebeck | 0.5 | Discuss objections to priority claims and strategy for objections with A. Deleest |
| 7 | 9/4/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re claims objections and process to ensure consistency |
| 7 | 9/4/2024 | Y Lissebeck | 0.3 | Review file and forward documents to T. Powell for use with objections |
| 7 | 9/4/2024 | Y Lissebeck | 0.3 | Telephone call with T. Powell and J. Freedman re filing objections to priority wage claimants whom we are already identifying as litigation targets |
| 7 | 9/5/2024 | Y Lissebeck | 0.3 | Telephone call with Trustee re claims objections and moving forward with case |
| 7 | 9/6/2024 | MT Powell | 0.2 | Review and respond to email from accountants with information on payments to key employees in preference period |
| 7 | 9/6/2024 | Y Lissebeck | 0.1 | Review and respond to email from T. Powell re objection to priority wage claims |
| 7 | 9/6/2024 | Y Lissebeck | 0.2 | Review file and draft email to A. DeLees with spreadsheet that identifies what consumers paid to LPG for claims analysis |
| 7 | 9/6/2024 | Y Lissebeck | 0.2 | Telephone call with Trustee re claims objections and moving forward with case |
| 7 | 9/9/2024 | J Bothamley | 1.1 | Research whether CRI System, New Vision Debt, Summit Marketing Solutions, Inc., and/or EZ Debt Relief filed a priority/admin proof of claim in LPG BK case. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 7 | 9/9/2024 | Y Lissebeck | 0.3 | Draft email to team re review of litigation targets for admin or priority claims, and making sure complaint has objection or need to file an objection prior to effective date, review various responses to email and reply thereto |
| 7 | 9/9/2024 | Y Lissebeck | 0.2 | Review and respond to emails re Unified Partnership objection to claim and supporting declaration |
| 7 | 9/10/2024 | J Freedman | 0.8 | Review and analysis of standard for objection and proof of claim for wages pursuant to 11 U.S.C. 507(a)(4) in order to draft objection to LPG insiders claims |
| 7 | 9/11/2024 | J Bothamley | 0.1 | Review and respond to email from V. Jaswal re question about admin/priority claims for affiliates. |
| 7 | 9/11/2024 | MT Powell | 0.5 | Call with J. Freedman re claims objection to certain employees and insiders and Bill.com payments |
| 7 | 9/11/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from P. Krause and A. Deleest re objections to claims and effective date payments |
| 7 | 9/11/2024 | Y Lissebeck | 0.2 | Draft email to J. Freedman and T. Powell re deadline for objection to claims, review response and reply |
| 7 | 9/11/2024 | Y Lissebeck | 0.1 | Review email from A. DeLeest re tax claims and objection deadline and respond thereto |
| 7 | 9/12/2024 | MT Powell | 0.6 | Review reports of payments during preference period and in years preceding bankruptcy to identify payments made to former employees with priority claims for claim objection. |
| 7 | 9/12/2024 | MT Powell | 2.7 | Begin drafting objection to priority claims filed by former employees involved in the transfer of Debtor assets to third parties and declaration of Richard Marshack in support of objection |
| 7 | 9/12/2024 | MT Powell | 1.2 | Review each claim of each creditor to identify reasons for objection. |
| 7 | 9/12/2024 | Y Lissebeck | 0.2 | Review and respond to numerous emails re objections to priority claims and finalizing objections |
| 7 | 9/12/2024 | Y Lissebeck | 0.2 | Review and respond to emails re objections to tax claims and obtaining information related thereto via subpoena to taxing authorities |
| 7 | 9/13/2024 | MT Powell | 0.9 | Revise declaration of R. Marshack for objection to claim of insiders. |
| 7 | 9/13/2024 | Y Lissebeck | 0.2 | Review and respond to email re affiliate litigation targets and admin and/or priority claims |
| 7 | 9/14/2024 | Y Lissebeck | 0.3 | Review and revise declaration of trustee in support of objection to priority wage claims |
| 7 | 9/14/2024 | Y Lissebeck | 0.1 | Discuss revisions with T. Powell |
| 7 | 9/16/2024 | J Freedman | 0.4 | Draft litigation hold letter to Justin Nguyen and H3 Computer Services related to objection to priority claim |
| 7 | 9/16/2024 | J Freedman | 0.6 | Draft litigation hold letter to Mario Azevedo and Aezevedo Solutions related to objection to priority claim |
| 7 | 9/16/2024 | J Freedman | 0.3 | Draft litigation hold letter to Thanhhang Nguyen related to objection to priority claim |
| 7 | 9/16/2024 | J Freedman | 0.3 | Draft litigation hold letter to Scott Eadie related to objection to priority claim |
| 7 | 9/16/2024 | J Freedman | 0.3 | Draft litigation hold letter to Kevin Kurka related to objection to priority claim |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/16/2024 | MT Powell | 2 | Review and edit objection to claims of certain insiders and accompanying declaration of R.Marshack |
| 9/16/2024 | MT Powell | 2.4 | Finalize information on payments to secured creditors according to settlements and payments to post-petition lenders |
| 9/16/2024 | Y Lissebeck | 0.3 | Review declaration of Trustee in support of objection to wage priority claim and comment re exhibit references needed in declaration and objection |
| 9/16/2024 | Y Lissebeck | 0.2 | Review and respond to emails from A. DeLeest re update on admin and priority wage claim objections |
| 9/16/2024 | Y Lissebeck | 0.1 | Discuss revisions with T. Powell and W. Yones to finalize and obtain hearing date |
| 9/16/2024 | Y Lissebeck | 0.1 | Draft email to trustee with a revised declaration for review and signature |
| 9/16/2024 | Y Lissebeck | 0.3 | Review and revise declaration |
| 9/16/2024 | Y Lissebeck | 0.5 | Review and revise objection |
| 9/17/2024 | J Freedman | 1.3 | Draft subpoena to Justin Nguyen and Thanhhang Nguyen regarding priority claim |
| 9/17/2024 | MT Powell | 0.5 | Attend conference call with Y. Lissebeck and E. Hays re Effective Date payments and other post-confirmation issues re claims and claim payments. |
| 9/17/2024 | MT Powell | 1.2 | Edit and finalize objection to claims of insiders |
| 9/17/2024 | Y Lissebeck | 0.2 | Review email and chart from P. Krause with payments to secured/super priority loans and respond thereto |
| 9/17/2024 | Y Lissebeck | 0.2 | Review notice of claim objections and respond re revising notice |
| 9/17/2024 | Y Lissebeck | 0.2 | Review various emails from N. Cooper and T. Powell re accounting of azevedo |
| 9/17/2024 | Y Lissebeck | 0.5 | Telephone call with A. Deelest to review outstanding claims objections for admin and an priority claims, confirm which ones are being handled by Dinsmore and provide status of objections |
| 9/17/2024 | Y Lissebeck | 0.2 | Draft email to K. Stevenson of Omni re POS of confirmation order for admin bar date, review response and reply |
| 9/18/2024 | MT Powell | 1.3 | Attention to final revisions to insider claim objection for filing. |
| 9/18/2024 | Y Lissebeck | 0.2 | Telephone call with A. Deleest re various objections to tax claims and timing of 45 day bar in confirmation order |
| 9/18/2024 | Y Lissebeck | 0.1 | Review and respond to email of T. Powell re objection to wage priority claims |
| 9/19/2024 | C Ghio | 0.5 | Prepare email to David Goodrich re subpoena response and information concerning employees working Columbia call center. |
| 9/19/2024 | J Freedman | 0.1 | Review and analysis of email from investor regarding Unified Global claim and evidence provided regarding same in order evaluate for further grounds for objection and evidence as to other defendants |
| 9/19/2024 | Y Lissebeck | 0.1 | Review emails from T. Powell and J. Golden re Oxford Knox and BAE information for use moving forward with objections to claims |

EXHIBIT "D"
Page 205

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/20/2024 | Y Lissebeck | 0.2 | Draft email to accountants and trustee re subpoena to tax affiliates and identification of possible tax preparation party |
| 9/21/2024 | J Freedman | 0.1 | Review and analysis of evidence provided by insider investor to evaluate further claims against defendants not currently |
| 9/22/2024 | J Freedman | 0.6 | Draft request for production of documents to subpoena as to claimant Azevedo Solutions Group to support objection to claim |
| 9/22/2024 | J Freedman | 0.3 | Draft request for production of documents to subpoena as to Sherri Chen to support objection claim |
| 9/22/2024 | J Freedman | 0.1 | Draft litigation hold letter as to Sherri Chen |
| 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Justin Nguyen |
| 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Israel Orozco |
| 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Scott Eadie |
| 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Thanhhang Nguyen |
| 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Azevedo Solutions Group and Mario Azevedo |
| 9/22/2024 | J Freedman | 0.6 | Draft request for production of documents to subpoena as to Israel Orozco to support objection claim |
| 9/22/2024 | J Freedman | 0.4 | Draft request for production of documents to subpoena as to Kevin Kurka to support objection claim |
| 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Azevedo Solutions Group and Kevin Kurka |

EXHIBIT "D"

Page 206

## Asset Analysis/Recovery/Disposition (143576-8)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | 11.50 | $5,692.50 |
| Yosina M. Lissebeck | Partner | $725.00 | .20 | $149.00 |
| Jeremy B. Freedman | Associate | $465.00 | 9.90 | $4,603.50 |
| Brandon E. Lira | Associate | $355.00 | 2.80 | $994.00 |
| Jonathan B. Serrano | Associate | $415.00 | .50 | $207.50 |
| Wendy Yones | Paraprofessional | $205.00 | .20 | $41.00 |
| | | **TOTALS** | **25.10** | **$11,687.50** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/11/2024 | J Freedman | 0.2 | Develop strategy for filing complaint as against Visa / Authorize.net in order to recover debtor assets |
| 7/12/2024 | Y Lissebeck | 0.1 | Review and respond to emails re payment of sale proceeds from MLG |
| 7/15/2024 | Y Lissebeck | 0.1 | Review email from B. Barnhardt re ACH and Zelle documents from bank of America and review of statements requested in subpoena, forward to accountants for assistance in responding to bank |
| 7/16/2024 | J Serrano | 0.2 | Correspond with Y. Lissebeck of Dinsmore re access to bank account statements of Primelogix. |
| 8/6/2024 | W Yones | 0.2 | Gather information regarding obtaining current addresses for client refund list |
| 8/13/2024 | S Johnston | 0.3 | Work on initial 549 analysis for updated demand letters |
| 8/15/2024 | B Lira | 1 | Analyze law concerning the scope of the remedies afford by Section 549 of the Bankruptcy Code with attention to applicable precedents of the Ninth Circuit |
| 8/15/2024 | B Lira | 1.1 | Prepare additional demand letter templates to conform to the latest evidence emerging in the case |
| 8/16/2024 | S Johnston | 0.6 | Finalize letters for post-petition avoidance |
| 8/22/2024 | S Johnston | 0.5 | Update WIP Report for next avoidance targets |
| 8/22/2024 | S Johnston | 0.2 | Coordinate Leads Meeting for next complaint assignments |
| 8/23/2024 | J Freedman | 0.3 | Multiple emails (3) with general counsel for Trustee regarding claims against Alteryx for avoidance |
| 8/23/2024 | J Freedman | 0.8 | Review and analysis of draft complaint by general counsel for Trustee in order to evaluate for further evidence, claims and allegations in light of discovery in the 1046 Action |
| 8/23/2024 | J Freedman | 2.7 | Review and analysis of evidence and records related to Alteryx in order to draft further allegations and claims against Alteryx in Trustee's avoidance action |
| 8/23/2024 | J Freedman | 3.1 | Draft further allegations and claims to the avoidance action against Alteryx |
| 8/24/2024 | J Freedman | 2.1 | Draft further allegations to the Alteryx complaint to support claims and fraudulent transfers |
| 8/26/2024 | J Freedman | 0.6 | Draft further allegations to the Alteryx complaint prior to sending to client |
| 8/26/2024 | J Freedman | 0.1 | Draft letter to client providing revised Alteryx complaint with additional facts consistent with the evidence |
| 8/28/2024 | J Serrano | 0.3 | Correspond with M. Burgess from the IT team re LPG domain access. |
| 8/28/2024 | S Johnston | 1.9 | Update WIP report for affiliate litigation |
| 9/9/2024 | S Johnston | 0.4 | Correspondence to S. Gray, V. Rodriguez, B. Cockcroft, J. Bothamley re proof of claim status and claim objection instruction |
| 9/10/2024 | B Lira | 0.3 | Correspondence with SJ and YL regarding potential procedures motion to govern the Trustee's avoidance actions |
| 9/10/2024 | S Johnston | 0.3 | Examine and analyze next targets for potential complaints |
| 9/11/2024 | B Lira | 0.2 | Review assignment of four additional affiliates to BEL by SAJ for potential avoidance actions |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/11/2024 | S Johnston | 0.6 | Brief attention to Bill.com transactions for potential implications on claim objections and adversary complaints |
| 9/11/2024 | S Johnston | 0.3 | Work on additional affiliate assignments to B. Lira |
| 9/13/2024 | B Lira | 0.2 | Analyze claims of Coast to Coast with attention to any putative rights to be treated as an administrative or priority claimant |
| 9/13/2024 | S Johnston | 0.3 | Brief attention to updated payment reports for instruction to associates to update amounts on same and potential affiliate implications |
| 9/13/2024 | S Johnston | 0.2 | Discuss subpoena service details with S. Gray |
| 9/13/2024 | S Johnston | 0.2 | Work on "new affiliates" for priority status |
| 9/13/2024 | S Johnston | 0.3 | Work on B. Lira additional adversary assignments for updates to WIP report |
| 9/16/2024 | S Johnston | 0.9 | Work on updates to WIP Report for next adversary complaints |
| 9/16/2024 | S Johnston | 0.2 | Discuss updated complaint details with S. Mattingly |
| 9/17/2024 | S Johnston | 0.2 | Brief attention to updated WIP report incorporating additional affiliates |
| 9/17/2024 | S Johnston | 0.5 | Review updated form demand letters for next affiliate targets |
| 9/19/2024 | S Johnston | 0.1 | Brief discussion with V. Rodriguez for ponzi scheme considerations for memorandum regarding the same |
| 9/19/2024 | S Johnston | 0.1 | Brief updates to MCA Lender dba chart |
| 9/19/2024 | S Johnston | 1.1 | Begin work on 2004 pleadings for BankUnited, N.A. |
| 9/23/2024 | S Johnston | 2.1 | Prepare for affiliate WIP call with Y. Lissebeck with specific attention to affiliate status, settlements, complaint details, and ponzi scheme updates |
| 9/23/2024 | S Johnston | 0.2 | Work on initial affiliate information detail with B. Lira |

EXHIBIT "D"

Page 209

## Post-Petition Financing Matters (143576-11)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | 3.80 | $2,261.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.30 | $968.50 |
| | | **TOTALS** | **5.10** | **$3,229.50** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/12/2024 | MT Powell | 0.3 | Review pleadings on post-petition borrowing to confirm payment amounts to post-petition lenders. |
| 9/12/2024 | Y Lissebeck | 0.2 | Review and respond to emails re w9s and payment amounts to be paid to CLG for super priority loan |
| 9/12/2024 | Y Lissebeck | 0.1 | Review file for notes re amounts and respond to T. Powell re final loan amount |
| 9/12/2024 | Y Lissebeck | 0.1 | Discuss same with T. Powll |
| 9/13/2024 | MT Powell | 2.2 | Review pleadings re approval of post-petition loans to track changes in loan documents and amounts and review additional information on payments from Liberty Acquisitions made directly to creditors of the Debtor. |
| 9/13/2024 | MT Powell | 0.8 | Review and respond to email from I. Kharasch, counsel for Liberty Acquisitions, LLC re correct principal balance of Liberty Note and calculation of same. |
| 9/15/2024 | Y Lissebeck | 0.1 | Review various emails re payment of super priority loan to Liberty (CLG) |
| 9/15/2024 | Y Lissebeck | 0.1 | Review response and reply further to T. Powell re repayment amounts |
| 9/15/2024 | Y Lissebeck | 0.3 | Review numbers and request confirmation from T. Powell re payback amounts |
| 9/16/2024 | Y Lissebeck | 0.2 | Review numerous emails re payment to Liberty on effective date and draft email re payee and address |
| 9/17/2024 | Y Lissebeck | 0.2 | Review various emails from Liberty counsel and P. Krause re liberty payment |
| 9/19/2024 | MT Powell | 0.5 | Attention to multiple phone calls and texts regarding correction of payment to Resolution Ventures on post-petition claim with P. Kraus at Marshack Hayes and R. Squires of Resolution Ventures. |

EXHIBIT "D"

Page 211

## Employee Matters (143576-12)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .70 | $521.50 |
| | | **TOTALS** | **.70** | **$521.50** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/5/2024 | Y Lissebeck | 0.2 | Telephone call with C. Celentino re employee issues, and draft email to employee requesting documents |
| 7/5/2024 | Y Lissebeck | 0.2 | Review and respond to employee email and forward to C. Ghio and C. Celentino for review and use |
| 7/5/2024 | Y Lissebeck | 0.3 | Telephone call with trustee and employee related to various matters |

12

12

12

EXHIBIT "D"

Page 213

### Meetings of Creditors (143576-13)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 3.50 | $2,922.50 |
| | | **TOTALS** | **3.50** | **$2,922.50** |

EXHIBIT "D"

Page 214

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/5/2024 | C Celentino | 1.1 | Prep for and attend standing committee meeting |
| 7/8/2024 | C Celentino | 1.1 | LPG standing committee call |
| 7/15/2024 | C Celentino | 0.9 | Commitee standing meeting |
| 7/25/2024 | C Celentino | 0.4 | Limited attendance in weekly standing committee call |

13
13
13
13

EXHIBIT "D"

Page 215

## 2004 Examinations (143576-15)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | 1.00 | $595.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .60 | $447.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 2.00 | $430.00 |
| | | **TOTALS** | **3.60** | **$1.472.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 15 | 7/12/2024 | Y Lissebeck | 0.2 | Review and respond to email from J. Freedman re 2004 application and proceeding with drafting it to serve |
| 15 | 7/15/2024 | Y Lissebeck | 0.2 | Review responses re ACH and Zelle information and documents needed and draft further email to team re banks request to limit items |
| 15 | 7/22/2024 | Y Lissebeck | 0.1 | Review email from V. Rodriguez re service and response of 2004 subpoena |
| 15 | 7/23/2024 | J Pitcock | 2 | Prepare Motion for 2004 Examination of Bank of America packet to obtain identification of owners of recipient accounts of intrabank transfers from Debtor for potential preferential/fraudulent transfers. |
| 15 | 8/31/2024 | MT Powell | 0.4 | Draft document requests for transfers to unknown accounts from Debtor accounts for discovery. |
| 15 | 9/9/2024 | MT Powell | 0.6 | Finish review and edits to document requests for transfers to unidentified accounts from Debtor's bank accounts. |
| 15 | 9/13/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re rule 2004 application to B of A and need to obtain further information related to subpoena |

EXHIBIT "D"

Page 217

### General Litigation (143576-18)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Ellen Arvin Kennedy | Partner | $665.00 | .50 | $332.50 |
| John H. Stephens | Partner | $545.00 | 1.20 | $654.00 |
| M. Tyler Powell | Partner | $595.00 | 7.70 | $4,581.50 |
| Sara A Johnston | Partner | $495.00 | 1.10 | $544.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 14.50 | $10,802.50 |
| Brian M. Metcalf | Associate | $650.00 | 12.40 | $8,060.00 |
| Bryan L. Cockroft | Associate | $275.00 | 1.00 | $275.00 |
| Jacob R. Bothamley | Associate | $405.00 | 2.50 | $1,012.50 |
| Brandon e. Lira | Associate | $355.00 | 4.40 | $1,562.00 |
| Vanessa Rodriguez | Associate | $385.00 | 7.20 | $2,772.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | .30 | $64.50 |
| Wendy Yones | Paraprofessional | $205.00 | 4.60 | $943.00 |
| | | **TOTALS** | **57.40** | **$31,604.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 18 | 7/1/2024 | B Metcalf | 0.6 | Review documents and analyze potential claims against MCA parties and accounts receivable purchasers. |
| 18 | 7/1/2024 | W Yones | 1.2 | Gather information and prepare reference binder regarding trial deadlines and dates in various adversary proceedings |
| 18 | 7/1/2024 | Y Lissebeck | 0.3 | Review various chamber rule re pre-trial order and stipulation and deadlines |
| 18 | 7/1/2024 | Y Lissebeck | 0.2 | Draft email to team with copies of rules for use and proper calendaring |
| 18 | 7/2/2024 | Y Lissebeck | 0.2 | Draft email to team re local guidelines and rules related to motions and adversary practice |
| 18 | 7/3/2024 | J Bothamley | 0.1 | Send sample 2004 motion to V. Rodriguez. |
| 18 | 7/3/2024 | V Rodriguez | 0.1 | Receipt and review of correspondence from Attorney Y.L. regarding the Central District Rules for Adversary Proceedings. |
| 18 | 7/3/2024 | V Rodriguez | 0.1 | Receipt and review of correspondence from Attorney Y.L. regarding reviewing the Central Guide's Court Manual for the proper formatting of motions and submitting evidence by way of declarations. |
| 18 | 7/5/2024 | Y Lissebeck | 0.1 | Review updated excel sheet with contact information re fraudulent conveyance and preference targets |
| 18 | 7/11/2024 | W Yones | 0.6 | Update and revise litigation/adversary tracking chart with new docket deadlines and information for Y. Lissebeck |
| 18 | 7/12/2024 | Y Lissebeck | 0.1 | Review and respond to email from J. Freedman re pursuing Visa and providing information re C. Haes re same |
| 18 | 7/15/2024 | J Bothamley | 0.3 | Update WIP report with latest developments in EZ Debt and Summit Marketing. |
| 18 | 7/16/2024 | J Bothamley | 0.1 | Review email from Y. Lissebeck re additional requirements for initial disclosures in affiliate cases. |
| 18 | 7/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding drafting supplemental initial disclosures to include information pertaining to J. Teeple and N. Rapoport. |
| 18 | 7/16/2024 | Y Lissebeck | 0.2 | Draft email to affiliate team re supplemental disclosures for experts |
| 18 | 7/16/2024 | Y Lissebeck | 1.8 | Update spreadsheet ████████ |
| 18 | 7/16/2024 | Y Lissebeck | 1.3 | Telephone call with ████████ and other team members to discuss vendors and affiliate targets for avoidance actions |
| 18 | 7/16/2024 | Y Lissebeck | 0.1 | Draft email to accountants re maverick statements and affiliate targets |
| 18 | 7/16/2024 | Y Lissebeck | 0.2 | Review emails from J. Serrano re maverick bank statements and review statements |
| 18 | 7/17/2024 | Y Lissebeck | 0.2 | Draft email to accountants re various spread sheets showing payments to AP participants and review response |
| 18 | 7/18/2024 | W Yones | 0.3 | Update and revise adversary tracking chart & deadlines |
| 18 | 7/18/2024 | Y Lissebeck | 0.3 | Telephone with trustee re litigation targets and case strategy |
| 18 | 7/23/2024 | Y Lissebeck | 0.1 | Review email from B. Fennell re supboena and proof of service |
| 18 | 7/23/2024 | Y Lissebeck | 0.1 | Review response from C.Ghio |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 18 | 7/24/2024 | MT Powell | 1 | Review and analyze JPMorgan Chase proof of claim, account statements, and letter of credit documents |
| 18 | 7/24/2024 | V Rodriguez | 0.4 | Strategy conference regarding drafting supplemental initial disclosures, review of document production, and potential settlement offers. |
| 18 | 7/25/2024 | Y Lissebeck | 0.1 | Review email from N. Cooper re bank records and various accounts that still have money to collect |
| 18 | 7/29/2024 | B Lira | 1.3 | Develop strategy concerning post-sale security issues in LPG's Chapter 11 proceeding and related litigation |
| 18 | 7/29/2024 | J Bothamley | 0.1 | Meet w/ V. Jaswal re usury memo and upcoming initial disclosures for affiliate adversary proceedings. |
| 18 | 7/29/2024 | J Stephens | 0.2 | Conference with Y. Lissebeck re: materials found in email review |
| 18 | 7/30/2024 | B Lira | 3.1 | Analyze California law concerning breaches of professional duty by attorneys with attention to the consequences of professional failings on the enforceability of legal services agreements |
| 18 | 7/30/2024 | B Metcalf | 0.2 | Email with B. Barnhardt, J. Freedman, Y. Lissebeck regarding analysis of Bank of West records for LPG and affiliates, proposed volume and deadline for production of |
| 18 | 7/30/2024 | B Metcalf | 0.1 | Review and analyze terms of subpoena and scope of documents requested from Bank of the West. |
| 18 | 7/31/2024 | B Metcalf | 0.1 | Email with B. Barnhardt regarding status of subpoena and production of documents from Bank of the West. |
| 18 | 7/31/2024 | MT Powell | 0.5 | Review and respond to emails from Y. Lissebeck and N. Cooper at Grobstein re initial analysis of post-petition payments before Trustee appointment. Establish threshold for additional research and timetable for same. |
| 18 | 8/1/2024 | B Metcalf | 1.3 | Review and analyze complaints and supporting allegations and causes of action against factoring/MCA lenders and accounts receivable purchasers and related exhibits and answers, analyze bases for causes additional potential claims and theories for recovery of amounts transferred from LPG and affiliated entities in connection with transactions. |
| 18 | 8/1/2024 | J Stephens | 0.4 | Review list of 549 transfers for target defendants |
| 18 | 8/1/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding the new accounting link and password to Grobstein's Work Product in Share File to view their relevant documents relating to the respective adversary proceedings. |
| 18 | 8/1/2024 | W Yones | 0.3 | Update and revise adversary tracking chart for Y. Lissebeck |
| 18 | 8/2/2024 | B Metcalf | 0.4 | Research and analyze potential avoidance actions and claims against factoring/MCA entities. |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 8/2/2024 | B Metcalf | 0.7 | Review and analyze complaints and supporting allegations and causes of action against factoring/MCA lenders and accounts receivable purchasers and related exhibits and answers, analyze bases for causes additional potential claims and theories for recovery of amounts transferred from LPG and affiliated entities in connection with transactions. | 18 |
| 8/2/2024 | B Metcalf | 0.5 | Research regarding standards for tracing transfers from commingled funds between debtor and non-debtor affiliates. | 18 |
| 8/2/2024 | B Metcalf | 0.6 | Research regarding characterization of MCA transactions and claims related to usurious lending arrangments. | 18 |
| 8/2/2024 | J Stephens | 0.3 | Complete review of target defendant's 549 transfers | 18 |
| 8/2/2024 | S Johnston | 0.4 | Work on 549 updates to impacted affiliates for complaint adjustments | 18 |
| 8/2/2024 | S Johnston | 0.7 | Telephone call with Y. Lissebeck re affiliate status | 18 |
| 8/2/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding including 549 Claims for Relief in the adversary proceedings if they are not included already and regarding the attached LPG Post-Petition Disbursement Summary. | 18 |
| 8/5/2024 | B Metcalf | 0.5 | Review and analyze pleadings, declarations, and exhibits regarding LPG solvency and payments during fraudulent and preferential transfer periods. | 18 |
| 8/5/2024 | B Metcalf | 1.8 | Review and analyze bank records and accountant summaries of transfers between LPG and affiliated entities and factoring/MCA lenders and accounts receivable purchasers, marketing entitles, and insiders and affiliated entities, record supporting insolvency at time of transfers, fraudulent intent, and illegality of transactions and agreements, and related avoidance actions and damages claims. | 18 |
| 8/5/2024 | B Metcalf | 0.8 | Research regarding California common law fraudulent transfer claims, aiding and abetting liability for intentional fraudulent transfers, and related recoverable compensatory and punitive damages. | 18 |
| 8/5/2024 | Y Lissebeck | 0.2 | Review message from Resurgent Capital and forward to C. Ghio to respond | 18 |
| 8/8/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: content of initial disclosures | 18 |
| 8/8/2024 | W Yones | 0.2 | Search through database and gather information regarding EPPS, LLC for J. Bothamley and Y. Lissebeck | 18 |
| 8/9/2024 | B Metcalf | 0.6 | Research regarding potential claims and damages for transactions and transfers between LPG and affiliates and factoring/MCA lenders and accounts receivable purchasers. | 18 |
| 8/9/2024 | J Bothamley | 0.1 | Review email from Y. Lissebeck re need to put opposing counsel on notice of protective order that is in place. | 18 |
| 8/9/2024 | Y Lissebeck | 0.2 | Draft email to team re service of initial disclosures and disclosing experts, as well as protective order disclosure | 18 |
| 8/12/2024 | J Bothamley | 0.1 | Review various email exchanges re LPG - Final documents for filing. | 18 |
| 8/12/2024 | J Stephens | 0.1 | Review email from Y. Lissebeck re: additional complaints | 18 |
| 8/12/2024 | W Yones | 0.2 | Update adversary tracking chart with new dates and deadlines | 18 |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 18 | 8/12/2024 | Y Lissebeck | 0.2 | Review litigation targets and assign tasks to various attorneys |
| 18 | 8/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck regarding disclosing witnesses in the Initial Disclosures and including a Proof of Service to show that Initial Disclosures were served. |
| 18 | 8/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck regarding moving forward with filing new affiliate complaints. |
| 18 | 8/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck regarding providing notice to opposing counsel of the protective order in place. |
| 18 | 8/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck regarding utilizing Project Assistant W. Yones to assist in LPG projects. |
| 18 | 8/13/2024 | V Rodriguez | 0.1 | Review of several correspondences from the LPG team regarding having all filed documents be approved by one of the team leads and what forms to use when drafting a settlement agreement. |
| 18 | 8/13/2024 | Y Lissebeck | 0.2 | Discuss filing of expert for MCA and UCC issues in litigation matters with C. Celentino |
| 18 | 8/13/2024 | Y Lissebeck | 0.2 | Discuss UCC expert with T. Powell |
| 18 | 8/13/2024 | Y Lissebeck | 0.3 | Research re MCA expert |
| 18 | 8/15/2024 | J Bothamley | 0.2 | Review strategy email from C. Ghio re fraudulent conveyance claims (writs of |
| 18 | 8/16/2024 | V Rodriguez | 0.2 | Review of multiple correspondences from Attorney C. Ghio re utilizing Writs of Attachments against the Defendants to satisfy creditors, the methods on how to obtain the Writs of Attachments, and the attached sample pleadings that were successful in one of the adversary proceeding. |
| 18 | 8/16/2024 | V Rodriguez | 0.2 | Review of several correspondences from the LPG team re securing a $5.8M Writ of Attachment against one of the Defendants, and a ruling in favor of the Trustee on a Motion for Summary Judgment against PECC. |
| 18 | 8/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney C. Celentino re timekeeping to ensure that the time entries reflect each new topic and thoroughly explains the work being done for each specific matter. |
| 18 | 8/16/2024 | W Yones | 0.2 | Update and add new entity information to adversary tracking chart |
| 18 | 8/19/2024 | J Bothamley | 0.2 | Meet with V. Rodriguez re answering questions on motion to approve compromise. |
| 18 | 8/19/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Attorney S. Gray and Attorney T. Powel re when and how to provide opposing counsel with notice of the Protective Order. |
| 18 | 8/20/2024 | W Yones | 0.3 | Update new dates and deadlines on adversary proceeding chart for Y. Lissebeck |
| 18 | 8/21/2024 | B Metcalf | 0.3 | Review and analyze additional documents and cases related to avoidance actions and other claims against factoring/MCA lenders and accounts receivable purchasers. |
| 18 | 8/22/2024 | B Metcalf | 0.4 | Review and analyze answer and affirmative defenses asserted by factoring/MCA lender and accounts receivable purchasers to prefential and fraudulent transfer claims. |

EXHIBIT "D"

Page 222

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 18 | 8/22/2024 | J Bothamley | 0.1 | Review email from Y. Lissebeck re upcoming deadlines and targets for LPG affiliate complaints. |
| 18 | 8/22/2024 | J Bothamley | 0.1 | Review changes to google litiaation hold letter and respond to email from J Freedman re review of litigation hold letter to google complete and ready to send. |
| 18 | 8/22/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Attorney Y. Lissebeck re filing new complaints against hundreds of affiliates before the end of the year, what to include in those complaints, and the attached template demand letters to send to the affiliates before commencing litigation. |
| 18 | 8/22/2024 | Y Lissebeck | 1 | Review litigation tracking sheet and identify new litigation targets to pursue |
| 18 | 8/22/2024 | Y Lissebeck | 0.3 | Draft detailed email to T. Spurlock with litigation targets and requesting status of proceedings |
| 18 | 8/22/2024 | Y Lissebeck | 0.4 | Draft detailed email to S. Mattingly and S. Johnston with litigation targets and requesting status of proceedings |
| 18 | 8/22/2024 | Y Lissebeck | 0.3 | Draft detailed email to T. Powell with litigation targets and requesting status of |
| 18 | 8/22/2024 | Y Lissebeck | 0.3 | Draft detailed email to affiliate litigation team with outline of how to proceed and new litigation targets, provide copies of demand letters for use |
| 18 | 8/23/2024 | MT Powell | 0.7 | Telephone call with M. Hale re forthcoming lawsuits against MCA lenders. |
| 18 | 8/23/2024 | Y Lissebeck | 0.3 | Draft detailed email to new team members re helping draft affiliate marketing complaints, legal theory and pursuing those matters |
| 18 | 8/23/2024 | Y Lissebeck | 0.7 | Telephone call with B. Boyd re taking on lead of 10 or so affiliate complaints, explaining case status and strategy |
| 18 | 8/23/2024 | Y Lissebeck | 0.3 | Draft email to B. Boyd providing litigation targets, case files, affiliate agreements, accountings and provide case strategy and status |
| 18 | 8/23/2024 | Y Lissebeck | 0.2 | Draft email to A. Hoyland re the data share folders and access to drives |
| 18 | 8/25/2024 | MT Powell | 0.5 | Review list of assigned Merchant Cash Advance lenders for further investigation and litigation. Request additional information from accountants on transactions with lenders. |
| 18 | 8/26/2024 | B Metcalf | 0.4 | Research and analyze additional potential direct and indirect transfers from LPG to factoring/MCA lenders and accounts receivable purchasers and related potential claims for avoidance and recovery of transfers and damages. |
| 18 | 8/26/2024 | MT Powell | 1.1 | Research Debtor's transactions and dealings with WorldPay and similarly named entities to determine if release language was an issue. |
| 18 | 8/27/2024 | B Metcalf | 0.4 | Review and analyze new bankruptcy court findings, conclusions, and orders regarding injunctive relief and requests for administrative claims from participants and co-conspirators involved in operation of LPG and related transactions and transfers. |
| 18 | 8/27/2024 | V Rodriguez | 0.2 | Review of multiple correspondences from the LPG Team re the attached Order Denying Greyson's Motion to Vacate the Preliminary Injunction. |
| 18 | 8/27/2024 | Y Lissebeck | 0.2 | Draft emails to team with release language for use moving forward with settlements |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 18 | 8/28/2024 | B Metcalf | 0.3 | Email with J. Stephens regarding analysis of potential claims against factoring/MCA lenders and accounts receivable purchasers. |
| 18 | 8/28/2024 | MT Powell | 0.6 | Review MCA agreements and state court litigation to identify individual owners of same and relationship to other litigation targets. |
| 18 | 8/28/2024 | Y Lissebeck | 0.1 | Review and respond to email from N. Cooper re accounting records and avoidance folders with bank records |
| 18 | 8/29/2024 | B Metcalf | 0.2 | Email with J. Stephens regarding analysis of potential claims against factoring/MCA lenders and accounts receivable purchasers, calculation of credits and debits from bank records for accurate calculation of net transfers and related information provided by |
| 18 | 8/29/2024 | B Metcalf | 0.5 | Review and analyze bank records for LPG and affiliates, accountant reports regarding transfers from LPG and affiliates to factoring/MCA lenders and accounts receivable purchasers, evaluate credits, debits, and net transfer amounts to potential defendants. |
| 18 | 8/29/2024 | B Metcalf | 0.3 | Review and analyze new complaints against MCA lenders and accounts receivable purchasers, evaluate updated allegations and claims. |
| 18 | 8/29/2024 | B Metcalf | 0.6 | Review and analyze new bankruptcy court findings, conclusions, and rulings regarding administrative claims and motions for summary judgment against lienholders and avoidance action defendants. |
| 18 | 8/29/2024 | B Metcalf | 0.8 | Research regarding ponzi scheme presumptions and requirements in fraudulent transfer actions, application to general fraud cases. |
| 18 | 8/29/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re the proper manner of service of large briefs and large complaints with exhibits. |
| 18 | 8/29/2024 | W Yones | 0.3 | Gather information, update and revise new dates and deadlines in adversary tracking |
| 18 | 8/30/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney C. Ghio re the court's approval of the LPG plan of liquidation. |
| 18 | 8/31/2024 | MT Powell | 0 | Read and analyze Court's ruling denying Greyson's Motion to Vacate Preliminary |
| 18 | 8/31/2024 | MT Powell | 0.4 | Draft email to Dinsmore team re "criminal enterprise" finding and proceeding based on Ponzi scheme finding and review responses of C. Celentino and C. Ghio. |
| 18 | 9/3/2024 | W Yones | 0.4 | Update new dates and deadlines on all tracking charts for Y. Lissebeck |
| 18 | 9/4/2024 | Y Lissebeck | 0.2 | Review email with detailed analysis re interconnections of various affiliate entities from E. Lee and respond |
| 18 | 9/4/2024 | Y Lissebeck | 0.2 | Draft email to accountants requesting updated bank information, briefly review updated chart providing information re to bank statements in trustee's possession |
| 18 | 9/9/2024 | MT Powell | 0.3 | Attention to pleadings in case and adversaries including entry of confirmation order. |
| 18 | 9/9/2024 | V Rodriguez | 1.7 | Review and analysis of the Order Denying Greyson's Motion to Vacate the Preliminary Injunction with attention to pages 1 through 31, to understand the changes in our theories in prosecuting this matter and because it provides valuable findings to use when pursuing defendants. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 18 | 9/9/2024 | W Yones | 0.2 | Update new deadlines/dates in adversary tracking chart |
| 18 | 9/10/2024 | V Rodriguez | 0.9 | Continue review and analysis of the Order Denying Greyson's Motion to Vacate the Preliminary Injunction with attention to pages 52 through 61, to understand the changes in our theories in prosecuting this matter and because it provides valuable findings to use when pursuing defendants. |
| 18 | 9/10/2024 | V Rodriguez | 1.7 | Continue review and analysis of the Order Denying Greyson's Motion to Vacate the Preliminary Injunction with attention to pages 31 through 52, to understand the changes in our theories in prosecuting this matter and because it provides valuable findings to use when pursuing defendants. |
| 18 | 9/10/2024 | Y Lissebeck | 0.1 | Draft email to S. Johnston and S. Mattingly asking for litigation targets to be assigned and for complaint drafting to commence |
| 18 | 9/10/2024 | Y Lissebeck | 0.1 | Review response from S. Johnston with assignments of next 4 affiliates and reply |
| 18 | 9/11/2024 | MT Powell | 0.6 | Review information on payments made by Bill.com to third parties |
| 18 | 9/11/2024 | W Yones | 0.1 | Update new deadlines/dates in adversary tracking chart |
| 18 | 9/13/2024 | J Bothamley | 0.2 | Review updated affiliate transfer figures, including post-petition figures sent by S. Johnston for various LPG affiliate entities. |
| 18 | 9/13/2024 | MT Powell | 0.8 | Attention to intra-bank transfers from Debtor's post-petition accounts to unknown accounts at Bank of America identified by accountants |
| 18 | 9/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Gray re the procedures for serving a Subpoena pursuant to a 2004 Motion. |
| 18 | 9/13/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Gray with information re the procedures for serving a Subpoena pursuant to a 2004 Motion. |
| 18 | 9/13/2024 | V Rodriguez | 0.1 | Strategy conference with Attorney S. Gray re the procedures for serving a Subpoena pursuant to a 2004 Motion. |
| 18 | 9/16/2024 | B Cockroft | 1 | Draft preference and post petition transfer letter. |
| 18 | 9/16/2024 | J Bothamley | 0.1 | Respond to S. Johnston confirm new payment figures for affiliates. |
| 18 | 9/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re taking on a new case against another affiliate that received substantial amount of funds post-petition. |
| 18 | 9/17/2024 | J Bothamley | 0.8 | Begin review of International Petroleum v. Black Gold case to add to alter ego research. |
| 18 | 9/17/2024 | MT Powell | 0.6 | Review and respond to emails re calculation and information for effective date payments. |
| 18 | 9/17/2024 | Y Lissebeck | 0.2 | Draft email to S. Mattingly re in pari delicto memo and defense and additional case to consider and include in brief |
| 18 | 9/17/2024 | Y Lissebeck | 0.3 | Telephone call with C. Celentino to discuss litigation strategy and status |
| 18 | 9/18/2024 | J Pitcock | 0.3 | Email exchange with Y. Lissebeck regarding running list of contracts not yet formally rejected. |
| 18 | 9/19/2024 | E Kennedy | 0.5 | Review information re: additional lawsuits pending outside of bankruptcy court, analyze how to best address outstanding obligations for client's benefit |

EXHIBIT "D"

Page 225

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 18 | 9/19/2024 | MT Powell | 0.6 | Review and respond to emails with Y. Lissebeck and J. Stephens re information on MCA lenders and assumed names. |
| 18 | 9/19/2024 | Y Lissebeck | 0.2 | Review email from S. Johnston re Bank United LPG account and payments to targets and respond with need for 2004 application |
| 18 | 9/19/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino re accounting records and tracing and need for meeting with accountants |
| 18 | 9/20/2024 | Y Lissebeck | 0.2 | Review and respond to emails from S. Johnston re CCGG and how it relate to teracel and BAT |
| 18 | 9/23/2024 | W Yones | 0.3 | Update and revise adversary tracking sheet for new assignments and deadlines |
| 18 | 9/23/2024 | Y Lissebeck | 1 | Telephone call with A. DeLeest and the Trustee to discuss the master task list and chart and case status and strategy |
| 18 | 9/23/2024 | Y Lissebeck | 0.4 | Discuss litigation targets and moving forward with cases with C. Celentino and C. Ghio |
| 18 | 9/23/2024 | Y Lissebeck | 0.7 | Further telephone call with Trustee to discuss litigation targets, case status and strategy moving forward |

EXHIBIT "D"

Page 226

### Adv. Case Nos. 23-102 / 23-1046 (Diab) (143576-19)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 21.70 | $13,562.50 |
| Christopher Celentino | Partner | $835.00 | 5.90 | $4,926.50 |
| Sara A Johnston | Partner | $495.00 | 5.80 | $2,871.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 10.20 | $7,599.00 |
| M. Tyler Powell | Partner | $5953.00 | .70 | $416.50 |
| Lexi J. Epley | Associate | $420.00 | 28.40 | $11,928.00 |
| Jacob R. Bothamley | Associate | $405.00 | 20.10 | $8,140.50 |
| Jeremy B. Freedman | Associate | $465.00 | 93.30 | $43,384.50 |
| Jonathan B. Serrano | Associate | $415.00 | .40 | $166.00 |
| Vanessa Rodriguez | Associate | $385.00 | 15.60 | $6,006.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 7.30 | $2,664.50 |
| Angelica B. Garcia | Paraprofessional | $225.00 | 17.30 | $3,892.50 |
| | | **TOTALS** | **226.70** | **$105,557.50** |

EXHIBIT "D"

Page 227

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 7/1/2024 | J Freedman | 0.2 | Draft joint status report as to WorldPay and FIS |
| 19 | 7/1/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for FIS and World Pay regarding Joint Status reports required to be filed and evaluation of WorldPay's declaration |
| 19 | 7/1/2024 | J Freedman | 0.6 | Finalize joint status reports as to Greyson, Scott Eadie, CLG, LGS HoldCo, Touzi Capital, Eng Taing and Optimum Bank prior to filing |
| 19 | 7/1/2024 | J Freedman | 1.4 | Review and analysis of case and statutory authority regarding rejection and voiding a contract that does and does not exist in order to address Greyson's claims regarding the purported Phoenix / Greyson contract |
| 19 | 7/1/2024 | J Freedman | 0.8 | Review court docket regarding all motions Greyson and Han have filed in order to draft argument for sanctions in opposition to Greyson's motion to strike Richard Marshack's declaration |
| 19 | 7/1/2024 | J Freedman | 1.2 | Draft further argument to supplemental opposition to Greyson's motion to strike Richard Marshack's declaration regarding sanctions |
| 19 | 7/2/2024 | C Ghio | 0.5 | Analysis of status report and discovery plans and discovery conference timing issues. |
| 19 | 7/2/2024 | J Bothamley | 0.2 | Review email from Y.L. re review court manual for adversary proceeding motions. |
| 19 | 7/2/2024 | J Freedman | 1.8 | Strategize regarding theme of case against core defendants and financial institutions in order to further develop discovery strategy to support same |
| 19 | 7/2/2024 | J Freedman | 0.6 | Multiple emails (5) with counsel for FIS / Worldpay regarding joint status report, responsive pleading to fourth amended complaint and potential resolution |
| 19 | 7/2/2024 | J Freedman | 0.1 | Draft further letter to Google regarding hold on certain accounts prior to issuing █████ |
| 19 | 7/5/2024 | C Ghio | 1.5 | Emails and telephone calls with L█ ████████████████████████ ng and ████████████ |
| 19 | 7/5/2024 | C Ghio | 1.1 | Analysis of preservation of ████████████ information |
| 19 | 7/5/2024 | C Ghio | 0.6 | Telephone call with Trustee re issues at ██████ |
| 19 | 7/8/2024 | C Ghio | 0.7 | Telephone call and email with ████████████ |
| 19 | 7/8/2024 | C Ghio | 0.4 | Review and respond to Leslie Cohen email re Rule 26(f) conference timing re Bianca Loli. |
| 19 | 7/8/2024 | J Freedman | 0.2 | Multiple emails with Dan March regarding joint status report prior to filing |
| 19 | 7/9/2024 | A Garcia | 3.4 | Begin to conduct extensive legal research pertaining to ownership rights of developed software under various employment scenarios for purposes of drafting a legal memorandum |
| 19 | 7/9/2024 | C Ghio | 0.8 | Review of Dan March Answer to 4th Amended Complaint. |
| 19 | 7/10/2024 | A Garcia | 1.8 | Continue to conduct extensive legal research pertaining to ownership rights of developed software under various employment scenarios for purposes of drafting a legal memorandum |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 7/10/2024 | J Freedman | 0.2 | Multiple emails (3) with General counsel for Trustee regarding Dwolla subpoena in order to obtain critical information | 19 |
| 7/11/2024 | A Garcia | 3 | Continue to conduct extensive legal research pertaining to ownership rights of developed software under various employment scenarios for purposes of drafting a legal memorandum | 19 |
| 7/11/2024 | J Bothamley | 0.1 | Review email exchange between Y.L. and Marshack Hays re possible subpoena to | 19 |
| 7/11/2024 | Y Lissebeck | 0.1 | Draft email to B. Barnhardt re response to subpoena and Dwolla information | 19 |
| 7/12/2024 | A Garcia | 1.3 | Begin to draft legal research memorandum pertaining to ownership claims of copyright assessing the varying degrees of strength of claim | 19 |
| 7/12/2024 | A Garcia | 5.1 | Continue to conduct extensive legal research pertaining to ownership rights of developed software under various employment scenarios for purposes of drafting a legal memorandum | 19 |
| 7/15/2024 | A Garcia | 2.7 | Finalize legal research memorandum pertaining to ownership claims of copyright assessing the varying degrees of strength of claim | 19 |
| 7/15/2024 | C Ghio | 1.4 | Review Order Denying Grayson Motion to Reconsider Motion to Compel and Vacating Hearings | 19 |
| 7/15/2024 | J Freedman | 0.2 | Multiple emails (4) with client and accountants regarding response to Bank of America regarding subpoena for bank records to ensure receipt of complete records | 19 |
| 7/15/2024 | Y Lissebeck | 0.1 | Review order of the court denying reconsideration of Motion filed by K. March | 19 |
| 7/16/2024 | J Freedman | 0.4 | Develop strategy regarding transfers from optimum to Prime Logix in order to trace funds and recover estate assets | 19 |
| 7/16/2024 | J Freedman | 0.1 | Review and analysis of tentative ruling on status conference continuing the hearing on same | 19 |
| 7/16/2024 | J Freedman | 0.3 | Develop strategy for filing motion to amend the complaint regarding alter ego allegations among others to correct complaint in light of evidence | 19 |
| 7/17/2024 | J Bothamley | 0.1 | Review email from B. Barnhardt re response from Dwolla to subpoena for records. | 19 |
| 7/17/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Scott Eadie regarding the continued status conference in this action per the Court's tentative ruling | 19 |
| 7/17/2024 | J Freedman | 0.2 | Multiple emails with counsel for Scott Eadie regarding initial disclosures in light of continued status conference | 19 |
| 7/17/2024 | J Freedman | 1.3 | Review and analysis of State Bar Court filings related to the disbarment of Daniel March in order to identify evidence to support Trustee claims | 19 |
| 7/17/2024 | J Freedman | 0.6 | Review and analysis of public records and asset search on Daniel March to identify assets to evaluate writ of attachment to secure Trustee claims | 19 |
| 7/17/2024 | J Freedman | 0.4 | Review and analysis of records produced by EPPS regarding transfer of funds to third parties | 19 |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/17/2024 | J Freedman | 0.7 | Review and analysis of evidence as to Daniel March in order to further evaluate damages in order to develop strategy for writ of attachment |
| 7/17/2024 | L Epley | 2.3 | Begin preparation of Motion for Leave to Amend Fifth Amended Complaint, including Notice of Motion, introduction to motion and grounds for motion, a summary of the relevant procedural history as it relates to the previous amended complaints and various motions to dismiss, and the legal standard for a motion for leave to amend pursuant to |
| 7/17/2024 | L Epley | 3.2 | Review/analyze declarations of William Ty Carrs and Alex Rubin, and Counterclaim in Point Break Holdings action for purposes of determining evidentiary support to show that ███ at the time of bankruptcy filing |
| 7/18/2024 | C Ghio | 0.3 | Coordinate Rule 26f conference via email with Leslie Cohen |
| 7/18/2024 | C Ghio | 0.5 | Review and analysis re communication re production of documents by Bank of America. |
| 7/18/2024 | J Bothamley | 0.9 | Add names and key information to LPG encyclopedia based on Defendants identified in 1046 Adv. Proc. complaint. |
| 7/18/2024 | J Freedman | 0.2 | Multiple communications (2) with General Counsel for Trustee regarding evidence and facts as to Prime Logix |
| 7/18/2024 | J Freedman | 0.2 | Develop strategy for complaint as against ███ |
| 7/18/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Bianca Loli regarding 26f conference per code |
| 7/18/2024 | J Freedman | 0.2 | Multiple emails (2) with General Counsel for Trustee regarding Dwolla's inquiry as to the complaint |
| 7/18/2024 | L Epley | 1.1 | Review/analyze Fourth Amended Complaint (39 pages) for purposes of determining allegations that are going to be amended and including those allegations in Motion for Leave to File Fifth Amended Complaint |
| 7/18/2024 | L Epley | 1.3 | Review/analyze ninth circuit case law interpreting factors that weigh against allowing amendment of a pleading, including undue prejudice, futility, undue delay, or bad faith, for purposes of incorporating into Motion for Leave to File Fifth Amended Complaint |
| 7/18/2024 | L Epley | 3.3 | Continue preparation of Motion for Leave to file Fifth Amended Complaint, including procedural history of case as it relates to prior amendments of the complaint, the proposed amendments for the Fifth Amended Complaint, and argument as to why amendment would not cause undue delay, undue prejudice, is not made in bad faith, and is not futile, and incorporating applicable Ninth Circuit case law |
| 7/22/2024 | C Ghio | 0.3 | Emails with Leslie Cohen confirming 11:30 am Rule 26 and settlement conference |
| 7/22/2024 | J Freedman | 0.6 | Review and analysis of evidence and pleadings in order to prepare for Rule 26f conference with counsel for Defendant, Bianca Loli |
| 7/22/2024 | J Freedman | 2.1 | Teleconference with counsel with Defendant Bianca Loli pursuant to Rule 26f |
| 7/22/2024 | J Freedman | 0.7 | Review and analysis of ███ in light of legal standard and supporting case law |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 7/22/2024 | J Freedman | 0.3 | Develop further strategy for discovery in light of Rule 26f conference with counsel for Bianca Loli to support larger claims |
| 19 | 7/22/2024 | L Epley | 3.9 | Continue preparation of Motion for Leave to File Fifth Amended Complaint, including argument that Plaintiff's motion for leave to amend is not made in bad faith or for a dilatory motive, there was no undue delay, there was no failure to cure prior amendments, and the amendment is not futile |
| 19 | 7/23/2024 | J Freedman | 0.2 | Review and analysis of subpoena to Morning Law Group and Resolution Processing regarding client information |
| 19 | 7/23/2024 | J Freedman | 0.2 | Review and analysis of email accounts at C ██████████ with a demand for turnover of admin information for such accounts |
| 19 | 7/23/2024 | L Epley | 2.4 | Review/analyze Fourth Amended Complaint and documentary evidence in file relating to Defendants Eng Taing and Touzi Capital, including bank statements, disbursement details, correspondence, and contracts, in preparation for drafting Initial Disclosures as to Defendants Touzi Capital LLC and Eng Taing, and for purposes of identifying persons with knowledge in support of Plaintiff's claims and documents in support of Plaintiff's claims, and review of file to determine computation of damages |
| 19 | 7/23/2024 | L Epley | 2.1 | Continue preparation of Initial Disclosures as to Touzi Capital LLC and Eng Taing, including identification of persons with knowledge in support of claims against Touzi and Taing and summary of factual allegations those persons would be expected to testify on |
| 19 | 7/24/2024 | C Celentino | 3.2 | Confer with team, review, and analyze Greyson's Motion to Vacate and further briefing and declaration by Tony Diab in support thereof, and Trustee's Opposition papers and declarations of Alex Rubin, Ty Carss and Jane Dearwester in support thereof, including evidence regarding LPG's alter egos and emails about creation/control of Oakstone and Phoenix, for purposes of determining evidentiary support to include in argument that alter egos are of Tony Diab instead of LPG to include in Motion for Leave to file Fifth Amended Complaint |
| 19 | 7/24/2024 | J Bothamley | 0.6 | Research additional contacts at ██████████ |
| 19 | 7/24/2024 | J Bothamley | 0.2 | Review and analyze email thread between J. Freedman and Google re need to get certain LPG affiliate accounts secured and preserved. ██████ and J. |
| 19 | 7/24/2024 | J Bothamley | 0.4 | Send new email to ██████████s with reminder of what Freedman requesting ██████████ conversations have already taken place. |
| 19 | 7/24/2024 | J Bothamley | 0.1 | Meet with L. Epley re questions on initial disclosures in 1046 adv. proc. |
| 19 | 7/24/2024 | J Bothamley | 0.2 | Meet with V. Rodriguez re questions on initial disclosures in affiliate adversary |
| 19 | 7/24/2024 | J Freedman | 1.2 | Draft further arguments to the motion for leave to amend regarding ██████ claims |

EXHIBIT "D"
Page 231

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 7/24/2024 | L Epley | 3.2 | Review/analyze Greyson's Motion to Vacate and further briefing and declaration by Tony Diab in support thereof, and Trustee's Opposition papers and declarations of Alex Rubin, Ty Carss and Jane Dearwester in support thereof, including evidence regarding LPG's alter egos and emails about creation/control of Oakstone and Phoenix, for purposes of determining evidentiary support to include in argument that alter egos are of Tony Diab instead of LPG to include in Motion for Leave to file Fifth Amended Complaint |
| 19 | 7/24/2024 | L Epley | 2.4 | Continue and finalize preparation of Motion for Leave to Amend, including notice of motion and required disclosures pursuant to federal bankruptcy and local rules, Declaration of J Freedman in support of Motion, and Memorandum of Points and Authorities in support thereof, including summary of proposed amendments to complaint regarding LPG's alter ego scheme and LPG's revenue at the time of the Petition Date, and incorporating references to documentary and testimonial evidence in support of amendments to allegations |
| 19 | 7/24/2024 | L Epley | 1.2 | Continue and finalize preparation of Initial Disclosures against Touzi Capital and Eng Taing, and compile documents for document production, including agreements, financial documents, and bank records |
| 19 | 7/25/2024 | C Ghio | 0.8 | Telephone call with |
| 19 | 7/25/2024 | C Ghio | 0.5 | Telephone conference with Trustee re N |
| 19 | 7/25/2024 | J Bothamley | 0.2 | Meet w/ J Freedman and L. Epley re questions on initial disclosures. |
| 19 | 7/25/2024 | J Bothamley | 3.1 | Draft initial disclosures for defendant Bianca Loli in 1046 Adv. Proc. |
| 19 | 7/25/2024 | J Freedman | 2.3 | Draft further arguments and legal support to motion for leave to amend the complaint |
| 19 | 7/25/2024 | J Freedman | 0.6 | Draft initial disclosures as to Touzi Capital and Eng Taing to support Trustee's claims |
| 19 | 7/25/2024 | L Epley | 1.2 | Continue and finalize initial disclosures against Eng Taing and Touzi Capital, including separating disclosures as to each defendant |
| 19 | 7/26/2024 | J Bothamley | 1 | Review draft of initial disclosure and review fourth amended complaint for additional details and entities to mention in disclosure as well as re-evaluate damages associated with Loli and send to J. Freedman for feedback. |
| 19 | 7/26/2024 | J Freedman | 0.7 | Draft fifth amended complaint to be filed with motion for leave to amend re alter ego allegations |
| 19 | 7/26/2024 | J Freedman | 1.2 | Finalize motion for leave to amend complaint in light of allegations to include further arguments regarding same |
| 19 | 7/26/2024 | Y Lissebeck | 0.1 | Review email from T. Powell to J. Freedman re vulcan records |
| 19 | 7/29/2024 | C Celentino | 0.1 | Discuss revisions with C. Celentino |
| 19 | 7/29/2024 | J Freedman | 0.2 | Review and analysis of public records related to Umpqua Bank in order to issue subpoena and obtain critical records related to claims and turnover in light of new evidence as to EPPS |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 7/29/2024 | J Serrano | 0.1 | Review docket for continuance of status conference |
| 19 | 7/29/2024 | J Serrano | 0.1 | Correspond with J. Freedman of Dinsmore re same and initial disclosures. |
| 19 | 7/29/2024 | Y Lissebeck | 1.5 | Review and revise 5th amended complaint |
| 19 | 7/29/2024 | Y Lissebeck | 0.1 | Discuss revisions with C. Celentino |
| 19 | 7/29/2024 | Y Lissebeck | 0.2 | Draft email to J. Freedman with revisions and further comments for further revisions to be made |
| 19 | 7/30/2024 | J Freedman | 0.6 | Draft further allegations to the fifth amended complaint to support Trustee claims |
| 19 | 7/30/2024 | J Freedman | 0.2 | Multiple emails (4) with counsel for Touzi Capital and Eng Taing regarding continued initial disclosure deadlines |
| 19 | 7/30/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for CLG and LGS Holdco regarding deadlines for initial disclosures |
| 19 | 7/30/2024 | J Freedman | 0.2 | Mutliple emails (2) with General Counsel for Trustee regarding timing of production of document by Bank of the West in response to subpoena |
| 19 | 7/30/2024 | J Serrano | 0.2 | Correspond with J. Freedman of Dinsmore re continuance of deadline to file initial disclosures. |
| 19 | 7/30/2024 | Y Lissebeck | 0.1 | Review email from B. Barnhardt re bank of west subpoena and response |
| 19 | 7/30/2024 | Y Lissebeck | 0.5 | Review file for information related to status report |
| 19 | 7/30/2024 | Y Lissebeck | 0.5 | Telephone call with T. Spurlock re CLG and moving forward with obtaining data and file information |
| 19 | 7/30/2024 | Y Lissebeck | 0.1 | Discuss notice of acknowledgement with J. Freedman |
| 19 | 7/31/2024 | J Freedman | 0.5 | Draft further amendments to the fifth amended complaint to clarify allegations and correct facts in light of new evidence |
| 19 | 7/31/2024 | J Freedman | 0.7 | Draft further arguments to the motion for leave to amend to include additional amendments regarding UCC-1, secured and unsecured creditors in addition to clarification as to ACH debits and receivables |
| 19 | 7/31/2024 | J Freedman | 0.4 | Review and analysis of 549 claim report provided by Grobtein Teeple in order to evaluate claims against defendants in the 1046 action |
| 19 | 8/1/2024 | C Ghio | 0.9 | Review and respond to ███████ |
| 19 | 8/1/2024 | C Ghio | 0.8 | Analysis of amendments to complaint re allegations concerning insolvency and LPG prepetition revenue. |
| 19 | 8/1/2024 | J Freedman | 0.2 | Review and analysis of prior subpoenas to develop strategy for further records |
| 19 | 8/2/2024 | J Freedman | 0.3 | Review and analysis of AMEX verified claim in order to develop strategy for subpoena and response to same |
| 19 | 8/2/2024 | Y Lissebeck | 0.1 | Review emails from J. Freedman re subpoena to Amex |
| 19 | 8/6/2024 | J Bothamley | 0.2 | Meeting with J. Freedman to discuss subpoenas for records from Umpqua bank and |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 8/6/2024 | J Bothamley | 1.3 | Research Umpqua Bank and Amex within case adv. proc. and main case for context in preparation to draft subpoenas. |
| 19 | 8/6/2024 | J Bothamley | 0.8 | Begin drafting subpeonas for Umpqua Bank and Amex. |
| 19 | 8/6/2024 | J Freedman | 0.2 | Review and analysis of evidence in order to develop strategy for document request for subpoena to AMEX to ensure completeness and receipt of critical evidence |
| 19 | 8/7/2024 | C Ghio | 0.4 | Prepare notes with comments re proposed revisions. |
| 19 | 8/7/2024 | J Bothamley | 0.2 | Emails to J. Freedman re questions about adding EPPS, LLC to subpoenas to Umpqua Bank and Amex |
| 19 | 8/7/2024 | J Bothamley | 0.7 | Draft notices of subpoenas for Amex and Umpqua bank, research proper entity names to add to captions. |
| 19 | 8/7/2024 | J Bothamley | 0.7 | Draft actual subpoenas and check against past subpoenas for consistency in information provided. |
| 19 | 8/7/2024 | J Bothamley | 2.1 | Draft Exhibit A to subpoena for Umpqua bank, verify contact information and other identifiers for accuracy and consistency. |
| 19 | 8/7/2024 | J Bothamley | 0.8 | Draft Exhibit A to Amex subpoena, review Amex POC for account information and other identifiers and add findings to Exhibit A. |
| 19 | 8/7/2024 | J Bothamley | 0.4 | Review and revise drafts of subpoenas for Umpqua Bank and Amex for consistency of information sought after reviewing notes from meeting with J. Freedman. |
| 19 | 8/7/2024 | J Bothamley | 0.1 | Review response from J. Freedman re account information for Umpqua Bank and whether additional entities need to be covered by the subpoenas. |
| 19 | 8/7/2024 | J Freedman | 0.3 | Draft letter to general counsel for Trustee regarding final settlement agreement and Trustee declaration in support of 9019 motion |
| 19 | 8/7/2024 | J Freedman | 0.4 | Review and analysis of further records related to EPPS in order to develop strategy for subpoena and document request |
| 19 | 8/7/2024 | J Freedman | 1.4 | Review and analysis of records related to Eng Taing and Touzi capital with regards to involvement with Loli to prepare initial disclosures |
| 19 | 8/7/2024 | Y Lissebeck | 0.2 | Telephone call with C. Ghio re settlement with OHP and effect on CLG litigation |
| 19 | 8/8/2024 | J Bothamley | 0.6 | Finish drafting Exhibit A of Umpqua subpoena. |
| 19 | 8/8/2024 | J Bothamley | 0.1 | Meet with Y. Lissebeck to discuss Umpqua subpoena before it goes out. |
| 19 | 8/8/2024 | J Bothamley | 0.5 | Further revisions to draft of subpoena Exhibit A - docs to be produced - for Amex. |
| 19 | 8/8/2024 | J Bothamley | 0.7 | Research service address for Umpqua Bank and Amex to serve subpoenas and review filled out Subpoena Form B2570 for both banks. |
| 19 | 8/8/2024 | J Bothamley | 0.5 | Finalize Exhibit A for Umpqua Subpoena before sending to J. Freedman for review. |
| 19 | 8/8/2024 | J Bothamley | 0.4 | Finalize Exhibit A for Amex subpoena and send to J. Freedman for review. |
| 19 | 8/8/2024 | J Bothamley | 0.4 | Research docs in case and secretary of state websites to find contact information for EPPS, LLC to add them to subpoena to Umpqua bank. |

EXHIBIT "D"
Page 234

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 8/8/2024 | J Freedman | 0.6 | Draft revisions to the settlement agreement to include final agreement of parties regarding the hold back amount and CLG client contracts |
| 19 | 8/8/2024 | J Freedman | 0.4 | Draft initial disclosures as to defendant Bianca Loli |
| 19 | 8/8/2024 | J Freedman | 0.6 | Review and analysis of evidence to support claims against Defendant Bianca Loli in order to draft initial disclosures |
| 19 | 8/9/2024 | J Freedman | 0.2 | Draft further requests for production to the subpoena to Umqua Bank to obtain critical records |
| 19 | 8/9/2024 | Y Lissebeck | 0.1 | Draft email to J. Freedman re amended complaint |
| 19 | 8/10/2024 | J Freedman | 5 | Draft further evidence to initial disclosures as to defendant Bianca Loli |
| 19 | 8/12/2024 | J Freedman | 0.5 | Draft further allegations to the Fifth Amended Complaint to comport with evidence |
| 19 | 8/12/2024 | J Freedman | 0.5 | Finalize fifth amended complaint and add additional facts regarding funds withheld as to Marich Bein |
| 19 | 8/12/2024 | Y Lissebeck | 0.2 | Review 5th amended complaint, compare to edited version, and draft email to J. Freedman requesting that revisions be made |
| 19 | 8/12/2024 | Y Lissebeck | 0.3 | Draft email to J. Freedman with revisions and comments for both 9019 motion and complaint |
| 19 | 8/12/2024 | Y Lissebeck | 0.8 | Review and revise complaint |
| 19 | 8/12/2024 | Y Lissebeck | 0.1 | Draft email to A. Mamlyuk with revised complaint |
| 19 | 8/13/2024 | J Bothamley | 0.1 | Meet with J. Freedman re follow up questions on Umpqua and Amex subpoenas re different formatting and minor changes, ready to send to C. Ghio for review. |
| 19 | 8/14/2024 | J Bothamley | 0.1 | Email to J. Freedman confirming that Umpqua and Amex subpoenas have been reviewed and revised. |
| 19 | 8/14/2024 | J Bothamley | 0.4 | Review and analyze updated Umpqua and Amex subpoenas, make minor revisions to notice of subpoena and send to C. Ghio for further review. |
| 19 | 8/14/2024 | J Bothamley | 0.2 | Exchange emails with J. Freedman re correspondence with Google and need to send a formal letter for account records. |
| 19 | 8/15/2024 | J Freedman | 0.8 | Draft further witness and expected testimony to the initial disclosure to Defendant Bianca Loli |
| 19 | 8/16/2024 | J Freedman | 0.5 | Draft further facts to initial disclosures as to defendant Loli |
| 19 | 8/16/2024 | J Freedman | 0.8 | Review and analysis of evidence as to Loli and damages in order to prepare initial disclosures |
| 19 | 8/19/2024 | C Celentino | 1.6 | Confer, review and analysis of evidence as to Alex Tarkoff in light of ████████ and for potential new adversary proceeding |
| 19 | 8/19/2024 | J Freedman | 1.6 | Review and analysis of evidence as to Alex Tarkoff in light of ████████ and for potential new adversary proceeding |
| 19 | 8/19/2024 | J Freedman | 1.1 | Draft further witnesses, expected testimony and documents to produced in initial disclosures to defendant Bianca Loli |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 8/19/2024 | J Freedman | 0.6 | Review and analysis of Grobstein Teeple Analysis as to Prime Logix and Loli ahead of initial disclosure and evaluate for production |
| 19 | 8/19/2024 | J Freedman | 0.1 | Multiple emails (2) with client regarding status of Bank of America records per subpoena |
| 19 | 8/19/2024 | J Freedman | 0.2 | Review and analysis of public records on Alex Tarkoff to include in initial disclosures |
| 19 | 8/19/2024 | J Freedman | 1.5 | Review and analysis of further evidence to be include in initial disclosures including Bianca Loli |
| 19 | 8/20/2024 | C Ghio | 0.3 | Review and revise Bank subpoenas. |
| 19 | 8/20/2024 | J Bothamley | 0.1 | Re-send draft subpoenas for Umpqua and Amex to C. Ghio for approval. |
| 19 | 8/20/2024 | J Bothamley | 0.1 | Revise Umpqua and Amex subpoenas consistent with comments from C. Ghio. |
| 19 | 8/20/2024 | J Bothamley | 0.8 | Review prior litigation hold letter for google and review correspondence between J. Freedman, J. Bothamley, and google re LPG and related accounts to be held per pending litigation in preparation to make significant revision and updates for new hold letter. |
| 19 | 8/20/2024 | J Freedman | 0.2 | Develop strategy for revised litigation hold letter to be sent to Google in order to obtain access to Coast Processing email accounts and LPG accounts recently discovered |
| 19 | 8/20/2024 | J Freedman | 2.7 | Review and analysis of evidence regarding LPG's financials prior to bankruptcy, bank records and further communications in LPG, Greyson, Prime Logix and Maverick Managements email accounts to support claims and provide in initial disclosures |
| 19 | 8/20/2024 | J Freedman | 1.2 | Draft further evidence and witness information to initial disclosures as to Bianca Loli |
| 19 | 8/21/2024 | J Freedman | 0.6 | Review and analysis of claims as to World Fund and World Pay in order to develop strategy for further handling and potential resolution |
| 19 | 8/21/2024 | J Freedman | 0.1 | Multiple emails (2) with investor regarding evidence and facts related to World Global |
| 19 | 8/21/2024 | Y Lissebeck | 0.3 | Discuss case strategy and status with C. Ghio re settlements and various defendants |
| 19 | 8/21/2024 | Y Lissebeck | 0.2 | Discuss case status and strategy re 9019 settlements with J. Freedman |
| 19 | 8/21/2024 | Y Lissebeck | 0.2 | Discuss case status re 9019 motions and timing of payment with C. Celentino |
| 19 | 8/22/2024 | C Ghio | 2.5 | Review document production for 7026 initial disclosures to Bianca Loli. |
| 19 | 8/22/2024 | J Bothamley | 0.1 | Meet with J. Freedman re follow up questions on google litigation hold letter. |
| 19 | 8/22/2024 | J Bothamley | 0.5 | Draft follow up litigation hold letter to google re preservation of ESI and send to J. Freedman for approval. |
| 19 | 8/22/2024 | J Freedman | 0.3 | Review and analysis of Stratcap proposal to assume LPG assets for production in initial disclosures to support claims in light of allegations supporting same therein |
| 19 | 8/22/2024 | J Freedman | 1 | Designate documents to be produced in initial disclosures to Bianca Loli and other defendants appropriately pursuant to the protective order |
| 19 | 8/22/2024 | J Freedman | 0.3 | Draft further argument and information to pre-litigation hold letter to Google to secure accounts prior to demand for turn over |
| 19 | 8/22/2024 | Y Lissebeck | 0.6 | Draft a detailed email to C. Ghio with list of defendants and requesting status of proceedings |
| 19 | 8/23/2024 | J Freedman | 0.2 | Teleconference with counsel for Loli regarding initial disclosures |

EXHIBIT "D"
Page 236

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 8/23/2024 | J Freedman | 0.6 | Review and analysis of further evidence and records to be produced in initial disclosures to Defendant Bianca Loli among other defendants |
| 19 | 8/25/2024 | J Freedman | 0.7 | Draft initial disclosures as to Eng Taing |
| 19 | 8/25/2024 | J Freedman | 0.8 | Review and analysis of evidence as to Eng Taing and Touzi Capital for initial disclosures |
| 19 | 8/25/2024 | Y Lissebeck | 0.3 | Review release language and discuss issues related thereto with T. Powell and C. Celentino |
| 19 | 8/26/2024 | J Freedman | 0.8 | Review and analysis of Wells Fargo Bank Statements for Maverick to evaluate for production in initial disclosures |
| 19 | 8/26/2024 | J Freedman | 1.8 | Review and analysis of evidence as to Scott Eadie in order to evaluate for production in initial disclosures |
| 19 | 8/26/2024 | J Freedman | 1.1 | Review and analysis of evidence regarding Greyson to produce in initial disclosures |
| 19 | 8/26/2024 | R Simmons | 1.2 | Assist with production of initial disclosures as to Bianca Loli matter |
| 19 | 8/27/2024 | C Celentino | 0.8 | Review, analyze, and confer re Court's Order denying Greyson's Motion to Vacate the Preliminary Injunction re determining findings by Judge Clarkson with respect to LPG, considering other potential claims of relief |
| 19 | 8/27/2024 | C Ghio | 1.5 | Review and analysis of 61-page order denying Greyson's motion to vacate preliminary injunction. |
| 19 | 8/27/2024 | J Freedman | 0.6 | Review and analysis of Court's order (61 pages) denying Greyson's motion to vacate and develop strategy in light of same |
| 19 | 8/27/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Scott Eadie regarding initial disclosures |
| 19 | 8/27/2024 | J Freedman | 0.2 | Multiple emails (3) with counsel for Greyson regarding initial disclosures |
| 19 | 8/27/2024 | J Freedman | 0.8 | Review further evidence to produce with Loli and Greyson's initial disclosures that also relate to other named defendants |
| 19 | 8/27/2024 | J Freedman | 0.2 | Review and execute stipulation to continue briefing schedule as to CLG and LGSHoldco per agreement of parties |
| 19 | 8/27/2024 | L Epley | 0.8 | Review/analyze Court's Order denying Greyson's Motion to Vacate the Preliminary Injunction (61 pages), for purposes of determining findings by Judge Clarkson with respect to LPG, considering other potential claims of relief |
| 19 | 8/27/2024 | R Simmons | 0.8 | Assist with production of initial disclosures as to Bianca Loli matter |
| 19 | 8/27/2024 | S Johnston | 0.8 | Analyze order denying Greyson's motion to vacate the preliminary injunction for next affiliate compliant amendments |
| 19 | 8/27/2024 | S Johnston | 0.4 | Brief attention to EPD Investment opinion for 9th Circuit Ponzi Scheme presumption to prepare for next week's affiliate adversary complaint call |
| 19 | 8/27/2024 | Y Lissebeck | 0.5 | Review Order re denying greyson motion to vacate PI |
| 19 | 8/27/2024 | Y Lissebeck | 0.2 | Telephone call with trustee to discuss transferring website and domain |
| 19 | 8/27/2024 | Y Lissebeck | 0.8 | Discuss order and consequences of order with Law360 reporter |
| 19 | 8/27/2024 | Y Lissebeck | 0.2 | Discuss order with trustee |

EXHIBIT "D"

Page 237

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 8/27/2024 | Y Lissebeck | 0.2 | Draft email to team re order and use for other litigation |
| 19 | 8/27/2024 | Y Lissebeck | 0.1 | Review and respond re emails re transferring website and domain |
| 19 | 8/28/2024 | C Celentino | 0.2 | Confer re reply to opposition |
| 19 | 8/28/2024 | J Freedman | 1.2 | Draft initial disclosures as to Eng Taing |
| 19 | 8/28/2024 | J Freedman | 0.2 | Develop strategy for further discovery related to BAT financial records to locate assets |
| 19 | 8/28/2024 | Y Lissebeck | 0.2 | Review and respond re emails from C. Celentino about domain name and web information transfers |
| 19 | 8/28/2024 | Y Lissebeck | 0.1 | Telephone call with C. Ghio re CLG's opposition to optima bank settlement |
| 19 | 8/28/2024 | Y Lissebeck | 0.2 | Review and respond re emails from C. Celentino and J. Freedman re reply to opposition |
| 19 | 8/28/2024 | Y Lissebeck | 0.2 | Review further emails from C. Ghio re letter to GoDaddy and offer of proof to court |
| 19 | 8/29/2024 | J Bothamley | 0.1 | Follow up with J. Freedman re status of Umpqua and Amex Subpoenas and google lit hold letter. |
| 19 | 8/29/2024 | J Freedman | 1.5 | Draft initial disclosures as to Eng Taing |
| 19 | 8/29/2024 | J Freedman | 1.1 | Review and analysis of revised document production to Bianca Loli initial disclosures to ensure accuracy and completeness to satisfy duties per code |
| 19 | 8/29/2024 | S Johnston | 0.9 | Recommend additional allegations re Ponzi for various complaints based on recent Order Denying Greyson's Motion to Vacate Preliminary Injunction |
| 19 | 8/29/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Attorney S. Johnston re revising the Complaint to include new additional claims for relief and background information based on the Ponzi scheme implications provided in the Order Denying the Greyson's Motion to Vacate the Preliminary Injunction |
| 19 | 8/30/2024 | J Freedman | 1 | Draft initial disclosures as to Touzi Capital |
| 19 | 8/30/2024 | J Freedman | 0.7 | Draft initial disclosures as to Scott Eadie |
| 19 | 8/31/2024 | MT Powell | 0.7 | Evaluate finding of Ponzi scheme behavior and caselaw cited in opinion |
| 19 | 9/2/2024 | J Freedman | 1 | Draft further initial disclosures as to Eng Taing |
| 19 | 9/2/2024 | J Freedman | 0.8 | Draft further initial disclosures as to Touzi Capital |
| 19 | 9/2/2024 | J Freedman | 1.1 | Review and analysis of evidence as to Touzi and Taing to produce with initial disclosures |
| 19 | 9/3/2024 | C Ghio | 0.4 | Review, revise and approve litigation hold letter to Google. |
| 19 | 9/3/2024 | C Ghio | 0.5 | Review and approve Subpoena to Umpqua Bank. |
| 19 | 9/3/2024 | C Ghio | 0.5 | Review and approve Subpoeana to American Express. |
| 19 | 9/3/2024 | J Freedman | 0.3 | Review and analysis of multiple emails (2) with counsel for CLG and LGS Holdco regarding resolution and documents needed to discuss same |
| 19 | 9/3/2024 | J Freedman | 0.5 | Draft three additional witnesses to initial disclosures as to Eng Taing and Touzi Capital in light of recently reviewed evidence |
| 19 | 9/3/2024 | J Freedman | 2 | Review and analysis of emails (out of millions) and evidence regarding Eng Taing and Touzi Capital to produce with initial disclosures |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 9/3/2024 | S Johnston | 0.6 | Recommendations to B. Cockcroft, V. Rodriguez, and S. Gray for Ponzi Scheme recommendations to affiliate complaints and confirm same with recent EPD 9th Circuit decision | 19 |
| 9/3/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re a recent opinion that has language that can be utilized in the Complaint as additional allegations or to bolster the 548 actual intent allegations already in the Complaint. | 19 |
| 9/4/2024 | J Freedman | 0.2 | Review and analysis of email from investor with analysis and further evidence of claims as additional defendants | 19 |
| 9/4/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Eng Taing and Touzi Capital regarding initial disclosures | 19 |
| 9/4/2024 | J Freedman | 0.3 | Finalize litigation hold letter to Google and demand for response | 19 |
| 9/9/2024 | J Freedman | 0.6 | Remote meeting with counsel for CLG regarding access to CLG's client relation management software, informal production of documents and initial disclosures | 19 |
| 9/9/2024 | J Freedman | 0.2 | Draft letter to counsel for CLG per remote meeting | 19 |
| 9/9/2024 | J Freedman | 0.6 | Teleconference with general counsel for Trustee regarding Prime Logix and claims against Alteryx | 19 |
| 9/10/2024 | C Ghio | 0.5 | Review ▮▮▮▮▮ correspondence re settlement. | 19 |
| 9/10/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for CLG regarding access to client relations management software | 19 |
| 9/10/2024 | V Rodriguez | 1 | Research and analysis re additional claims for relief that may be added to the complaint based on the Ponzi scheme implications provided in the Order Denying the Greyson Motion to Vacate Preliminary Injunction. | 19 |
| 9/11/2024 | J Freedman | 1.7 | Draft initial disclosures as to Scott Eadie | 19 |
| 9/11/2024 | J Freedman | 0.6 | Review and analysis of records produced by Bill.com in order to identify transfers to named defendants among others | 19 |
| 9/11/2024 | J Freedman | 2.2 | Review and analysis of evidence for production with Scott Eadie initial disclosures | 19 |
| 9/11/2024 | J Freedman | 0.3 | Draft revisions to order on Payliance motion to compromise per Court order at hearing on same | 19 |
| 9/11/2024 | V Rodriguez | 1 | Research and analysis re additional claims for relief that may be added to the complaint based on the Ponzi scheme implications provided in the Order Denying the Greyson Motion to Vacate Preliminary Injunction. | 19 |
| 9/11/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Gray re providing him with information re the research results re a Ponzi scheme claim for relief to include in the complaint | 19 |
| 9/11/2024 | V Rodriguez | 1.1 | Research and analysis of case law that includes a suit against an investor of a Ponzi scheme to determine what claims for reliefs were used against the investor to utilize those claims for relief in the complaint against the affiliate | 19 |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|--|
| 9/11/2024 | V Rodriguez | 0.2 | Continue research and analysis of case law that includes a suit against an investor of a Ponzi scheme to determine what claims for reliefs were used against the investor to utilize those claims for relief in the complaint against the affiliate. | 19 |
| 9/11/2024 | V Rodriguez | 1.5 | Review and analysis of a 42 page Ninth Circuit Court of Appeals Opinion that has potential language and claims for relief re a Ponzi scheme that can be included in the complaint against the affiliate | 19 |
| 9/12/2024 | J Freedman | 0.5 | Draft initial disclosures to Defendant Scott Eadie | 19 |
| 9/12/2024 | J Freedman | 0.3 | Review and analysis of initial disclosures served by Scott Eadie in order to evaluate for further strategy | 19 |
| 9/13/2024 | C Ghio | 1.8 | Review and revise/approve Scott Eadie initial disclosures. | 19 |
| 9/13/2024 | J Freedman | 1.3 | Finalize initial disclosures to Eng Taing | 19 |
| 9/13/2024 | J Freedman | 0.7 | Finalize initial disclosures to Touzi Capital | 19 |
| 9/13/2024 | J Freedman | 0.2 | Multiple emails (3) with counsel for Scott Eadie regarding initial disclosures and deadline to produce associated documents | 19 |
| 9/13/2024 | R Simmons | 2.3 | Run production for Eng Touzi matter initial disclosures | 19 |
| 9/13/2024 | S Johnston | 0.6 | Review V. Rodriguez Ponzi Scheme recommendations for adversary complaint edits | 19 |
| 9/15/2024 | J Freedman | 1.8 | Review and analysis of evidence for production in association with Scott Eadie initial disclosures | 19 |
| 9/16/2024 | J Freedman | 0.6 | Review and analysis of initial disclosures produced by Eng Taing and Touzi Capital | 19 |
| 9/16/2024 | J Freedman | 1.6 | Prepare documents for production in connection with Scott Eadie initial disclosures | 19 |
| 9/16/2024 | J Freedman | 1.6 | Review and analysis of documents produced by Eng Taing and Touzi Capital (over 600 pages of 1700) in order to evaluate for impact on claims | 19 |
| 9/16/2024 | R Simmons | 0.9 | QC Eadie Initial disclosures and rectify issues prior to creating production deliverable | 19 |
| 9/16/2024 | S Johnston | 0.1 | Continued work on Ponzi Scheme implications for complaint adjustments | 19 |
| 9/16/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re finalizing the proposed revisions to the complaint by this week. | 19 |
| 9/17/2024 | C Ghio | 1.2 | Legal research and analysis re Ponzi scheme allegations, intentional fraudulent transfer common law claims and punitive damages. | 19 |
| 9/17/2024 | J Freedman | 1.1 | Review and analysis of evidence and code further documents for production to initial disclosures as to Scott Eadie | 19 |
| 9/17/2024 | J Freedman | 0.1 | Draft letter to counsel for Eng Taing and Touzi Capital regarding protective order and document production pursuant to same | 19 |
| 9/17/2024 | R Simmons | 1.2 | Finalize Eadie production of initial disclosure docs | 19 |
| 9/17/2024 | S Johnston | 0.2 | Correspondence with V. Rodriguez re ponzi scheme presumption for amended/edited complaints | 19 |
| 9/17/2024 | S Johnston | 0.3 | Discuss Ponzi scheme implications with Y. Lissebeck for updated complaints | 19 |

EXHIBIT "D"

Page 240

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 9/17/2024 | S Johnston | 0.2 | Initial analysis from B. Metcalf impressions for ponzi scheme allegations and bank account links |
| 19 | 9/17/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re drafting a memorandum to discuss additional claims and substance that can be added to the complaint, in addition to the redlines to the complaint. |
| 19 | 9/17/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re drafting memorandum to discuss additional claims and substance that can be added to the complaint. |
| 19 | 9/17/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re whether CA Civil Code section 3439.04(b) can be added to the complaint and whether there is any case law on what the test is to be successful under this statute. |
| 19 | 9/17/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re drafting a memorandum to discuss additional claims and substance that can be added to the complaint, in addition to the redlines to the complaint. |
| 19 | 9/17/2024 | V Rodriguez | 1 | Updating the Working Memorandum with a summary of case law to utilize in the complaint re Ponzi schemes and the methods and claims for relief the trustees used in those case to prosecute those defendants. |
| 19 | 9/17/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re focusing research on the Ponzi scheme presumption instead of the statutory allegations. |
| 19 | 9/17/2024 | V Rodriguez | 0.3 | Detailed correspondence to Attorney S. Johnston re how the CA Civil Code section 3439.04(b) can be added to the complaint and conducting research re on case law re what the test is to be successful under this statute. |
| 19 | 9/17/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re focusing research on the Ponzi scheme presumption instead of the statutory allegations. |
| 19 | 9/17/2024 | V Rodriguez | 3 | Research and analysis of case law that includes a suit against an investor of a Ponzi scheme to determine what claims for reliefs were used against the investor to utilize those claims for relief in the complaint against the affiliate. |
| 19 | 9/17/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re drafting a memorandum to discuss additional claims and substance that can be added to the complaint. |
| 19 | 9/17/2024 | Y Lissebeck | 0.1 | Review case law forwarded by E. Hays re new 9th circuit case related to alter ego |
| 19 | 9/17/2024 | Y Lissebeck | 0.3 | Review, respond and forward email and case law from E. Hays to J. Bothamly to include in research memo re alter ego |
| 19 | 9/17/2024 | Y Lissebeck | 0.2 | Draft email to S. Mattingly and S. Johnston re ponzi scheme memo, claims for relief, and setting up call to discuss case strategy and status |
| 19 | 9/17/2024 | Y Lissebeck | 0.2 | Review further emails re ponzi memo and assigning new litigation targets to associates and respond with which targets should be next |
| 19 | 9/18/2024 | C Ghio | 0.2 | Email ▮▮▮▮ re settlement meeting 9/25/2024 at 12 noon |
| 19 | 9/18/2024 | C Ghio | 0.8 | Legal analysis re settlement strategy. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 19 | 9/18/2024 | J Freedman | 1.6 | Finalize review of documents to produced in connection with initial disclosures to Scott Eadie |
| 19 | 9/18/2024 | J Freedman | 0.8 | Review and analysis of documents (135 pages) produced by Scott Eadie with revised initial disclosures to evaluate for impact on claims |
| 19 | 9/18/2024 | J Freedman | 0.4 | Review and analysis of Scott Eadie's amended initial disclosures for changes and impact on claims |
| 19 | 9/18/2024 | J Freedman | 3.6 | Review and analysis of evidence (over 2000 documents) related to Phoenix and Maverick management for initial disclosure production as to Greyson |
| 19 | 9/18/2024 | J Freedman | 0.4 | Draft initial disclosures as to Greyson |
| 19 | 9/18/2024 | S Johnston | 0.3 | Supplemental instruction to V. Rodriguez for California common law claim availability based on ponzi scheme presumption for affiliates versus investors |
| 19 | 9/18/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re the attached appellate case that discusses the Ponzi Scheme Presumption to review and utilize in the complaint to make a claim for punitive damages. |
| 19 | 9/18/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re the attached appellate case that discusses the Ponzi Scheme Presumption to review and utilize in the complaint to make a claim for punitive damages. |
| 19 | 9/19/2024 | J Freedman | 0.2 | Finalize subpoena to Umpqua bank to obtain records to support claims and damages |
| 19 | 9/19/2024 | J Freedman | 0.2 | Finalize subpoena to AMEX in order to obtain records to support claims and damages |
| 19 | 9/19/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 19 | 9/19/2024 | V Rodriguez | 0.6 | Research for the Complaint and First Amended Complaint in an appellate case that discusses the Ponzi Scheme Presumption to review their claims for relief and the language utilized to include such information in the complaint. |
| 19 | 9/19/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re providing her the Memorandum re the potential new allegations for the complaint and the redlines to the complaint. |
| 19 | 9/19/2024 | V Rodriguez | 0.9 | Review and analysis of an appellate case that discusses the Ponzi Scheme Presumption to review and utilize in the complaint to make a claim for punitive damages. |
| 19 | 9/19/2024 | V Rodriguez | 0.7 | Drafting detailed notes re how to use the Ponzi Scheme Presumption in the complaint based on an appellate case that utilized it and was successful in their motion. |
| 19 | 9/20/2024 | R Simmons | 0.9 | QC review of initial disclosure for Eadie production |
| 19 | 9/20/2024 | S Johnston | 1.4 | Work on BankUnited cross references for Main adversary complaint ahead of finalizing 2004 pleadings |
| 19 | 9/20/2024 | V Rodriguez | 2.8 | Drafting a Memorandum re the additional claims for relief or allegations that can potentially be included in the affiliate complaint. |

EXHIBIT "D"

Page 242

**Adv. Case No. 23-1098 (OHP-CDR, LP) (143576-20)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .80 | $668.00 |
| M. Tyler Powell | Partner | $595.00 | 9.10 | $5,414.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 27.10 | $20,189.50 |
| Jeremy B. Freedman | Associate | $465.00 | .90 | $418.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | .50 | $107.50 |
| | | **TOTALS** | **38.40** | $26,798.00 |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 7/11/2024 | C Celentino | 0.1 | Communicatins re opposition to PECC summary judgment motion and respond |
| 7/11/2024 | MT Powell | 0.5 | Review objection of OHP to motion for summary judgment and begin to outline response. |
| 7/11/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re oppositions to PECC summary judgment motion and respond |
| 7/11/2024 | Y Lissebeck | 0.2 | Discuss opposition to PECC Summary judgment motion with trustee |
| 7/11/2024 | Y Lissebeck | 0.1 | Review email from C. Celentino re opposition to PECC summary judgment motion and respond |
| 7/15/2024 | J Freedman | 0.9 | Review and analysis of evidence with particular attention to timing of transfers and insolvency in order to evaluate and develop strategy to counter OHP arguments regarding LPG's revenue |
| 7/15/2024 | MT Powell | 1 | Telephone call with Y. Lissebeck at Dinsmore re evidentiary allegations re solvency in OHP opposition to motion for summary judgment |
| 7/15/2024 | Y Lissebeck | 1 | Review opposition and all documents filed with the opposition to the motion for summary judgment |
| 7/15/2024 | Y Lissebeck | 0.4 | Review file, transcript, state court proceedings, declarations, and exhibits for evidence to use in Reply and forward to T. Powell for review and use |
| 7/15/2024 | Y Lissebeck | 0.5 | Discuss reply with T. Powell |
| 7/16/2024 | MT Powell | 0.8 | Research caselaw for reply to OHP objection to motion for summary judgment. |
| 7/16/2024 | Y Lissebeck | 0.3 | Review files and compare excel sheets re Validation partners files |
| 7/16/2024 | Y Lissebeck | 0.2 | Draft email to R. Izakelian with copy of VP dec and files they purchased |
| 7/17/2024 | MT Powell | 0.5 | Finalize reply to opposition of OHP to pending motion for summary judgment for filing and notice of request for judicial notice of actions of State Bar of California. |
| 7/17/2024 | MT Powell | 4.2 | Draft and revise reply to objection to OHP objection. |
| 7/17/2024 | MT Powell | 0.8 | Review final order in State Bar of California case against Daniel March |
| 7/17/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re argument for reply and respond |
| 7/17/2024 | Y Lissebeck | 0.1 | Discuss request for judicial notice with T. Powell |
| 7/17/2024 | Y Lissebeck | 1.2 | Review and revise OHP reply and provide revisions to T. Powell |
| 7/17/2024 | Y Lissebeck | 0.6 | Review and revise argument re N. Rapoport and J. Teeple declarations |
| 7/17/2024 | Y Lissebeck | 0.5 | Review and revise argument related to 547(b)(5) |
| 7/17/2024 | Y Lissebeck | 2.3 | Draft argument re insolvency for use in OHP reply |
| 7/18/2024 | J Pitcock | 0.3 | Oversee service of Trustee's Reply to Opposition of Plaintiffs to Trustee's Motion for Partial Summary Judgment and related Request for Judicial Notice. |
| 7/25/2024 | Y Lissebeck | 0.1 | Review various emails from S. Weise re stipulation and motion for summary judgment |
| 7/29/2024 | C Celentino | 0.2 | Conference re OHP settlement tino and offer for judgment |
| 7/29/2024 | Y Lissebeck | 0.1 | Review tentative re OHP |
| 7/29/2024 | Y Lissebeck | 0.2 | Review numerous emails re settlement and offer for judgment |
| 7/29/2024 | Y Lissebeck | 0.3 | Draft email to trustee re settlement |

EXHIBIT "D"

Page 244

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 20 | 7/29/2024 | Y Lissebeck | 0.3 | Telephone call with OCC re settlement |
| 20 | 7/29/2024 | Y Lissebeck | 0.2 | Discuss OHP settlement with C. Celentino and offer for judgment |
| 20 | 7/29/2024 | Y Lissebeck | 0.1 | Review file re OHP motion |
| 20 | 7/30/2024 | C Celentino | 0.1 | Confer re settlement issues |
| 20 | 7/30/2024 | Y Lissebeck | 0.6 | Telephone call with E. Hays re settlement with OHP |
| 20 | 7/30/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re settlement issues |
| 20 | 7/30/2024 | Y Lissebeck | 0.6 | Telephone call with R. Izakelian re settlement issues |
| 20 | 7/30/2024 | Y Lissebeck | 0.2 | Telephone call with Trustee re settlement |
| 20 | 7/30/2024 | Y Lissebeck | 0.5 | Review MSJ documents in preparation for hearing |
| 20 | 7/30/2024 | Y Lissebeck | 0.1 | Draft email to OCC with settlement offer to OHP |
| 20 | 7/30/2024 | Y Lissebeck | 0.3 | Telephone call with T. Powell re settlement of OHP claims |
| 20 | 7/30/2024 | Y Lissebeck | 0.1 | Review revisions to settlement proposal from T. Powell |
| 20 | 7/30/2024 | Y Lissebeck | 0.2 | Draft settlement proposal to Trustee for review and authorization |
| 20 | 7/30/2024 | Y Lissebeck | 0.2 | Discuss settlement issues with C. Celentino |
| 20 | 7/31/2024 | Y Lissebeck | 0.3 | Telephone call with Trustee re OHP settlement and motion for summary judgment |
| 20 | 7/31/2024 | Y Lissebeck | 0.3 | Discuss case with trustee and C. Celentino after hearing and providing case strategy moving forward |
| 20 | 7/31/2024 | Y Lissebeck | 1 | Attend hearing on MSJ |
| 20 | 7/31/2024 | Y Lissebeck | 0.5 | Review files in preparation for hearing |
| 20 | 8/1/2024 | C Celentino | 0.3 | Settlement discussions |
| 20 | 8/1/2024 | Y Lissebeck | 0.3 | Discuss settlement with C. Celentino |
| 20 | 8/1/2024 | Y Lissebeck | 0.1 | Telephone call with N. Koffroth re OHP settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Draft email to OCC re OHP settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Telephone call with R. Izaeklian re settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.1 | Telephone call with Trustee re settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Review and respond to settlement email from R. Izaeklian |
| 20 | 8/1/2024 | Y Lissebeck | 0.1 | Telephone call with R. Izaeklian re settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Review past settlement correspondence and forward to trustee |
| 20 | 8/1/2024 | Y Lissebeck | 0.3 | Telephone call with trustee re settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.3 | Draft email to parties re same |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Telephone call with R. Izaeklian re settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.3 | Discuss case strategy with T. Powell |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Review settlement offer and forward to trustee |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Telephone call with R. Izakelian re settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.2 | Telephone call with Trustee re settlement |
| 20 | 8/1/2024 | Y Lissebeck | 0.3 | Discuss settlement with C. Celentino |
| 20 | 8/2/2024 | C Celentino | 0.1 | Conference re settlement |

EXHIBIT "D"

Page 245

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 20 | 8/2/2024 | Y Lissebeck | 0.2 | Telephone call with R. Izaekian re settlement and leaving message for court re resolution of adversary |
| 20 | 8/2/2024 | Y Lissebeck | 0.2 | Discuss filing motion to change vote with E. Hays |
| 20 | 8/2/2024 | Y Lissebeck | 0.1 | Telephone call with C. Celentino re settlement |
| 20 | 8/2/2024 | Y Lissebeck | 0.3 | Review disclosure statement and plan re change to vote and draft email to trustee re procedures |
| 20 | 8/2/2024 | Y Lissebeck | 0.1 | Discuss vote and plan with R. Izaelkian |
| 20 | 8/2/2024 | Y Lissebeck | 0.1 | Review and respond to emails from Trustee re plan vote and confirming no objection by OHP |
| 20 | 8/5/2024 | MT Powell | 0.4 | Review draft of settlement agreement with OHP and PurchaseCo |
| 20 | 8/5/2024 | Y Lissebeck | 1.8 | Draft settlement agreement with OHP |
| 20 | 8/6/2024 | Y Lissebeck | 0.7 | Finalize draft of settlement agreement |
| 20 | 8/6/2024 | Y Lissebeck | 0.1 | Review hearing dates for settlement motion |
| 20 | 8/6/2024 | Y Lissebeck | 0.1 | Review and respond to emails from R. Izaelian re 3018 motion |
| 20 | 8/6/2024 | Y Lissebeck | 0.2 | Telephone call with R. Izaeklian re 9019 motion and hearing dates |
| 20 | 8/6/2024 | Y Lissebeck | 0.1 | Forward draft of settlement to R.Izaekian for revision |
| 20 | 8/7/2024 | Y Lissebeck | 0.4 | Review and respond to emails of R. Izaekian re settlement |
| 20 | 8/7/2024 | Y Lissebeck | 0.2 | Draft email to T. Powell with 9019 motion |
| 20 | 8/7/2024 | Y Lissebeck | 0.1 | Discuss 9019 motion with T. Powell |
| 20 | 8/7/2024 | Y Lissebeck | 0.4 | Review and revise 9019 motion |
| 20 | 8/7/2024 | Y Lissebeck | 0.3 | Review and revise settlement |
| 20 | 8/7/2024 | Y Lissebeck | 0.2 | Forward settlement to R. Izaekian for review and comment |
| 20 | 8/7/2024 | Y Lissebeck | 0.3 | Telephone call with R. Izaekian re settlement |
| 20 | 8/8/2024 | MT Powell | 0.5 | Review draft settlement agreement with OHP and draft Motion to Approve Trustee's Settlement with OHP and forward comments to Y. Lissebeck. |
| 20 | 8/8/2024 | Y Lissebeck | 1.5 | Review and revise 9019 motion |
| 20 | 8/8/2024 | Y Lissebeck | 0.2 | Draft email to R. Izakelian with settlement and revise response |
| 20 | 8/8/2024 | Y Lissebeck | 0.1 | Draft email to trustee with declaration and settlement for review and signature |
| 20 | 8/8/2024 | Y Lissebeck | 0.3 | Review, revise and finalize documents |
| 20 | 8/8/2024 | Y Lissebeck | 0.5 | Draft declaration of trustee in support of OHP 9019 motion |
| 20 | 8/9/2024 | Y Lissebeck | 0.3 | Review 3012 motion |
| 20 | 9/16/2024 | Y Lissebeck | 0.2 | Review various emails and responses re payment to OHP on effective date |
| 20 | 9/17/2024 | Y Lissebeck | 0.1 | Review various emails re R. Izakalian and P. Krause re payment of effective date amount |
| 20 | 9/17/2024 | Y Lissebeck | 0.2 | Draft email to R. Izakelian re notice of withdraw of MSJ and resolution of AP against Azzure, review response and reply |
| 20 | 9/18/2024 | MT Powell | 0.4 | Review orders resolving OHP adversary based on confirmation of plan. |

EXHIBIT "D"

Page 246

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/18/2024 | Y Lissebeck | 0.4 | Review notice to withdraw MSJ and comment re revisions to caption and Proof of service to T. Powell |
| 9/19/2024 | J Pitcock | 0.2 | Review and download Stipulation to Dismiss Adversary Proceeding and Order Approving Same. |

20

20

EXHIBIT "D"

Page 247

### Debt Relief Group LLC (143576-22)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $48.00 |
| | | **TOTALS** | **.10** | **$48.00** |

EXHIBIT "D"

Page 248

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/17/2024 | M Stockl | 0.1 | Call with S. Mattingly regarding status of adversary complaint, case strategy, and next steps. |

22

EXHIBIT "D"

Page 249

**Adv. Case No. 24-01017 (New Horizon Finance LLC) (143576-23)**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .30 | $250.50 |
| M. Tyler Powell | Partner | $595.00 | 6.30 | $3,748.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.40 | $1,788.00 |
| Vanessa Rodriguez | Associate | $385.00 | 38.00 | $14,630.00 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | .50 | $107.50 |
| Katherine Hemphill | Paraprofessional | $210.00 | 1.00 | $210.00 |
| | | **TOTALS** | **48.50** | **$20,734.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 23 | 7/2/2024 | V Rodriguez | 0.5 | Strategy conference regarding the upcoming deadlines for discovery, motions, and pretrial stipulation, and the relevant rules. |
| 23 | 7/2/2024 | V Rodriguez | 3.2 | Conduct comprehensive research and analysis of local bankruptcy rules, federal rules of civil procedures, federal rules of evidence, and the Judge's chamber rules specific to this case, focusing on discovery and motion deadlines |
| 23 | 7/2/2024 | Y Lissebeck | 0.3 | Discuss deadlines and reminders for discovery cut off, motion dates, and pre-trial status conference dates with V. Rodriguez |
| 23 | 7/9/2024 | V Rodriguez | 0.3 | Continue conducting a comprehensive research and analysis of local bankruptcy rules, federal rules of civil procedures, federal rules of evidence, and the Judge's chamber rules specific to this case, focusing on discovery and motion deadlines |
| 23 | 7/9/2024 | Y Lissebeck | 0.1 | Draft email to T. Powell and V. Rodriguez re obtaining information from defendant and moving forward with meet and confer |
| 23 | 7/10/2024 | V Rodriguez | 0.1 | Review of correspondence with opposing counsel regarding serving discovery requests if a settlement cannot be reached. |
| 23 | 7/10/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding drafting discovery requests to Defendant. |
| 23 | 7/10/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding following up with opposing counsel regarding providing documentation verifying the business relationship between New Horizon and the entities that they paid funds to, to allow us to verify whether New Horizon was legally transferring money to those entities for services/goods provided. |
| 23 | 7/11/2024 | K Hemphill | 1 | Prepare Discovery shells for (1) Request for Production of Documents and (2) Request for Admission. |
| 23 | 7/11/2024 | Y Lissebeck | 0.1 | Review email from M. Rapkowski re transfers and various entities |
| 23 | 7/12/2024 | MT Powell | 0.3 | Review and respond to email from M. Rapowski, counsel for New Horizon, forwarding additional information for settlement discussions.  Recommend settlement based on review of new information and tracing issues. |
| 23 | 7/12/2024 | MT Powell | 0.4 | Draft email setting out terms of potential settlement with New Horizon for review by |
| 23 | 7/12/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Dinsmore Attorney T. Powell and Dinsmore Attorney Y. Lissebeck regarding the rational on why a settlement is the best option for the client, pursuing a higher settlement amount offer, and presenting this information to the client. |
| 23 | 7/12/2024 | V Rodriguez | 0.3 | Review of multiple correspondences from Dinsmore Attorney T. Powell and Dinsmore Attorney Y. Lissebeck regarding accepting the settlement offer of $100K and the analysis regarding why this would be the best option for the client based on the financial state of New Horizon and their possibility of filing for bankruptcy, whether they filed a proof of claim, and the 90-day and 4-year conveyance amounts |

EXHIBIT "D"

Page 251

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 7/12/2024 | V Rodriguez | 0.1 | Review of analysis of Omni's proof of claim search results to confirm that New Horizon did not file a proof of claim that could be waived as a condition to a potential settlement. | 23 |
| 7/12/2024 | V Rodriguez | 0.1 | Review of correspondence to the client regarding proposing a final take it or leave settlement offer and the rational on why a settlement is the best option in this case. | 23 |
| 7/12/2024 | V Rodriguez | 0.1 | Review and analysis of the last settlement offer provided by New Horizon to determine the amount and whether it is in the best interest of the client to accept the offer. | 23 |
| 7/12/2024 | V Rodriguez | 0.1 | Review of correspondence from opposing counsel regarding New Horizon's business expenses and explained how these expenses relate to the funds paid to the respective companies to demonstrate that these expenses were not fraudulent. | 23 |
| 7/12/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re settlement offer and respond with request for further information re offer | 23 |
| 7/15/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney T. Powell regarding contacting opposing counsel to provide him the settlement offer. | 23 |
| 7/15/2024 | V Rodriguez | 0.1 | Review of correspondence from the client regarding approving the proposal to provide the opposing party with a take it or leave it offer of $125,000 to settle this case. | 23 |
| 7/15/2024 | V Rodriguez | 0.2 | Multiple correspondences to Dinsmore Attorney Y. Lissebeck regarding whether to proceed with drafting discovery requests or to wait until the proposed settlement offer has been discussed with opposing counsel | 23 |
| 7/15/2024 | Y Lissebeck | 0.1 | review email from V. Rodriguez re discovery requests and respond | 23 |
| 7/16/2024 | V Rodriguez | 0.1 | Review of the initial disclosures to determine if they include information pertaining to J. Teeple and N. Rapoport and to determine whether a supplemental initial disclosure is needed. | 23 |
| 7/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding whether it would be possible to obtain information from New Horizon regarding other assets, ████████████ or whether this situation is happening again. | 23 |
| 7/17/2024 | V Rodriguez | 0.1 | Receipt and review of 49 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. | 23 |
| 7/17/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in this case. | 23 |
| 7/22/2024 | MT Powell | 0.1 | Telephone call with M. Rapowski re settlement of adversary. | 23 |
| 7/22/2024 | V Rodriguez | 2.4 | Drafting the Plaintiff Richard A. Marshack, Chapter 11 Trustee's First Set of Requests for Production of Documents to Defendant New Horizon Finance LLC. | 23 |
| 7/22/2024 | V Rodriguez | 0.6 | Drafting the Plaintiff Richard A. Marshack, Chapter 11 Trustee's First Set of Requests for Admission to Defendant New Horizon Finance LLC. | 23 |
| 7/23/2024 | V Rodriguez | 0.3 | Drafting a proof of service regarding discovery responses. | 23 |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 23 | 7/23/2024 | V Rodriguez | 0.6 | Continue drafting Plaintiff Richard A. Marshack, Chapter 11 Trustee's First Set of Requests for Production of Documents to Defendant New Horizon Finance LLC |
| 23 | 7/23/2024 | V Rodriguez | 1.9 | Drafting the Plaintiff Richard A. Marshack, Chapter 11 Trustee's First Set of Requests for Admission to Defendant New Horizon Finance LLC. |
| 23 | 7/26/2024 | Y Lissebeck | 0.1 | Review email from V. Rodriguez with discovery to go out to defendants |
| 23 | 7/26/2024 | J Pitcock | 0.5 | Finalize Trustee's First Set of Requests for Admission with proof of service and serve same. |
| 23 | 7/26/2024 | MT Powell | 0.3 | Attention to service of discovery requests on New Horizon.  Forward requests for production of documents to New Horizon counsel. |
| 23 | 7/26/2024 | MT Powell | 0.4 | Review drafts of discovery requests to New Horizon. |
| 23 | 7/26/2024 | MT Powell | 0.2 | Review response to settlement offer from counsel for New Horizon |
| 23 | 7/26/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Dinsmore Attorney Y. Lissebeck and Dinsmore Attorney T. Powell regarding serving discovery requests on opposing counsel. |
| 23 | 7/26/2024 | V Rodriguez | 0.2 | Drafting revisions to the Requests for Admissions. |
| 23 | 7/26/2024 | V Rodriguez | 0.2 | Review of multiple correspondences from Dinsmore Attorney T. Powell regarding drafting revisions to the Requests for Admission and serving discovery requests on opposing counsel. |
| 23 | 7/26/2024 | V Rodriguez | 0.1 | Review of correspondence to opposing counsel regarding the attached Requests for Admissions. |
| 23 | 7/26/2024 | V Rodriguez | 0.1 | Review of correspondence to opposing counsel regarding the attached Request for Production of Documents. |
| 23 | 7/26/2024 | V Rodriguez | 0.2 | Correspondence to Dinsmore Attorney T. Powell regarding serving the Request for Production of Documents on opposing counsel |
| 23 | 7/27/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding serving the Requests for Production of Documents on opposing counsel. |
| 23 | 7/30/2024 | V Rodriguez | 0.2 | Review of multiple correspondences with opposing counsel regarding a counteroffer to settle the case |
| 23 | 7/31/2024 | V Rodriguez | 0.1 | Strategy conference regarding drafting supplemental disclosures to include experts N. Rapoport and Joshua Teeple's information. |
| 23 | 7/31/2024 | V Rodriguez | 0.1 | Review of correspondence with the client regarding the financials provided by the Defendant and the Defendant's threat to file for bankruptcy if their settlement offer is not accepted. |
| 23 | 7/31/2024 | V Rodriguez | 0.3 | Strategy conference regarding drafting Motions to Compel discovery responses if Defendant does not timely answer Plaintiff's discovery requests. |
| 23 | 8/1/2024 | V Rodriguez | 1.3 | Drafting the Plaintiff Richard A. Marshack, Chapter 11 Trustee's Supplemental 7026 Disclosures as to New Horizon Finance LLC to include expert N. Rapoport's information before serving opposing counsel. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 23 | 8/1/2024 | V Rodriguez | 0.5 | Research and analysis of the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and the Local Bankruptcy Rules regarding serving Supplemental Disclosures on the opposing party. |
| 23 | 8/1/2024 | V Rodriguez | 0.8 | Drafting a summary of the adversary proceeding as required for the LPG Fee Application with attention to the matter, procedure status, what has generally been done in the case through June 2024, and what we anticipate will happen. |
| 23 | 8/1/2024 | V Rodriguez | 0.1 | Review of the Proof of Service regarding the Plaintiff Richard A. Marshack, Chapter 11 Trustee's Supplemental 7026 Disclosures as to New Horizon Finance LLC. |
| 23 | 8/1/2024 | V Rodriguez | 0.2 | Correspondence to Dinsmore Attorney Y. Lissebeck regarding the attached Plaintiff Richard A. Marshack, Chapter 11 Trustee's Supplemental 7026 Disclosures as to New Horizon Finance LLC. |
| 23 | 8/1/2024 | V Rodriguez | 0.3 | Review of the court's docket to review the status of the case and to assist in drafting the summary of the adversary proceeding. |
| 23 | 8/2/2024 | V Rodriguez | 0.1 | Review and analysis of the LPG Post-Petition Disbursement Summary to determine if the Defendant received a 549 payment over $30,000 to determine if an amendment to the First Amended Complaint is necessary. |
| 23 | 8/2/2024 | V Rodriguez | 0.1 | Receipt and review of 56 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 23 | 8/2/2024 | V Rodriguez | 0.2 | Review of the First Amended Complaint to determine if a 549 Claim for Relief was included. |
| 23 | 8/2/2024 | V Rodriguez | 0.2 | Correspondence to Dinsmore Attorney Y. Lissebeck regarding New Horizon being an entity that received a 549 payment of $115,000, the First Amended Complaint not containing a 549 Claim for Relief, and having to file a Second Amended Complaint to |
| 23 | 8/2/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding potentially getting the settlement increased due to the Defendant's 549 payment. |
| 23 | 8/6/2024 | V Rodriguez | 0.3 | Strategy conference regarding drafting a Second Amended Complaint due to the 549 payment received by the Defendant. |
| 23 | 8/7/2024 | V Rodriguez | 1.5 | Review and analyze multiple LPG documents in ViewPoint related to the Defendant and LPG to identify any pertinent documents for use in the prosecution against the Defendant. |
| 23 | 8/7/2024 | V Rodriguez | 0.1 | Receipt and review of several correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 23 | 8/13/2024 | MT Powell | 0.4 | Review and respond to emails with M. Rapowski counsel for New Horizon re counter offer and settlement of adversary. |
| 23 | 8/13/2024 | V Rodriguez | 0.3 | Revising Plaintiff Richard A. Marshack, Chapter 11 Trustee's Supplemental 7026 Disclosures as to New Horizon Finance LLC. |

EXHIBIT "D"
Page 254

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 23 | 8/13/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck regarding whether to proceed with serving the Plaintiff Richard A. Marshack, Chapter 11 Trustee's Supplemental 7026 Disclosures as to New Horizon Finance LLC. |
| 23 | 8/14/2024 | C Celentino | 0.3 | Analysis and confer re correspondences with opposing counsel re a proposed counteroffer re settlement and strategy Agreement and Rule 9019 Motion. |
| 23 | 8/14/2024 | V Rodriguez | 0.3 | Review of multiple correspondences with Opposing Counsel re a newly proposed counteroffer to settle the case based on new evidence of post-petition payments to the Defendant, their agreement to the new settlement offer, and drafting the Settlement Agreement and Rule 9019 Motion. |
| 23 | 8/14/2024 | V Rodriguez | 0.1 | Strategy conference re drafting the Settlement Agreement between the parties. |
| 23 | 8/14/2024 | V Rodriguez | 0.4 | Multiple correspondences to Attorney T. Powell and Attorney Y. Lissebeck regarding drafting the Settlement Agreement, and not proceeding with drafting the Second Amended Complaint, reviewing Viewpoint documents, drafting Supplement Disclosures, nor providing opposing counsel with the Protective Order, and drafting the Motion to Approve the Settlement Agreement |
| 23 | 8/14/2024 | V Rodriguez | 0.1 | Receipt and review of 20 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 23 | 8/14/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re drafting revisions to the Plaintiff Richard A. Marshack, Chapter 11 Trustee's Supplemental 7026 Disclosures as to New Horizon Finance LLC |
| 23 | 8/14/2024 | Y Lissebeck | 0.2 | Review email from M Rapkowski re settlement and respond to email from V. Rodriguez re drafting settlement |
| 23 | 8/15/2024 | V Rodriguez | 1.4 | Drafting the Settlement Agreement between the parties to finalize and settle the case. |
| 23 | 8/15/2024 | V Rodriguez | 0.3 | Drafting a summary of the adversary proceeding against New Horizon Finance LLC as required for the LPG Fee Application with attention to what the Complaint entails including causes of actions, theories, and the amount we are seeking. |
| 23 | 8/16/2024 | MT Powell | 0.7 | Review draft of settlement agreement from associate. |
| 23 | 8/16/2024 | V Rodriguez | 0.8 | Continue drafting the Settlement Agreement between the parties to finalize and settle the case. |
| 23 | 8/16/2024 | V Rodriguez | 0.2 | Correspondence to Attorney T. Powell and Attorney Y. Lissebeck re the attached Settlement Agreement for their review before providing it to opposing counsel for their review and comments |
| 23 | 8/16/2024 | Y Lissebeck | 0.2 | Review and respond to email from V. Rodriguez re status of settlement agreement and moving forward with 9019 motion |
| 23 | 8/19/2024 | V Rodriguez | 0.4 | Strategy conference re what to include and what rules are relevant when drafting the Motion for Approval of the Settlement Agreement. |

EXHIBIT "D"

Page 255

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 23 | 8/19/2024 | V Rodriguez | 1.5 | Drafting the Chapter 11 Trustee's Notice of Motion and Motion for Order Approving the Settlement Agreement Between the Trustee and New Horizon Finance LLC |
| 23 | 8/21/2024 | MT Powell | 0.4 | Revise draft settlement agreement with New Horizon Finance and forward draft to M. Rapkowski counsel for Defendant. |
| 23 | 8/21/2024 | V Rodriguez | 0.3 | Review of multiple correspondences from Attorney T. Powell and Attorney Y. Lissebeck re whether the settlement or the adversary dealt with the AR purchase agreements between New Horizon and third party purchasers such that those third parties might seek a portion of the settlement |
| 23 | 8/21/2024 | V Rodriguez | 0.1 | Receipt and review of 20 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 23 | 8/21/2024 | V Rodriguez | 0.1 | Review and analysis of the revised Settlement Agreement with New Horizon before providing it to opposing counsel. |
| 23 | 8/21/2024 | V Rodriguez | 1.7 | Continue drafting the Chapter 11 Trustee's Notice of Motion and Motion for Order Approving the Settlement Agreement Between the Trustee and New Horizon Finance LLC |
| 23 | 8/21/2024 | V Rodriguez | 0.6 | Research and analysis of the case law and statutes cited in the Motion for Order Approving Settlement Agreement to ensure accuracy and confirm that the law is still current and able to be cited. |
| 23 | 8/21/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Attorney T. Powell and Attorney Y. Lissebeck re OHP's potentially requesting their percentage of fees from any files that they were getting paid on from the settlement with New Horizon, and the attached revised Settlement Agreement |
| 23 | 8/21/2024 | Y Lissebeck | 0.2 | Telephone call with T. Powell re revisions to settlement agreement |
| 23 | 8/21/2024 | Y Lissebeck | 0.2 | Review settlement agreement and approve for forwarding to defendant |
| 23 | 8/22/2024 | V Rodriguez | 0.1 | Review of correspondence to opposing counsel re the attached draft Settlement Agreement for his review. |
| 23 | 8/22/2024 | V Rodriguez | 0.6 | Continue drafting the Chapter 11 Trustee's Notice of Motion and Motion for Order Approving the Settlement Agreement Between the Trustee and New Horizon Finance LLC |
| 23 | 8/22/2024 | V Rodriguez | 0.7 | Finalize research and analysis of the case law and statutes cited in the Motion for Order Approving Settlement Agreement to ensure accuracy and confirm that the law is still current and able to be cited. |
| 23 | 8/27/2024 | MT Powell | 0.5 | Review and respond to email from M. Rapowski re changes to release language |
| 23 | 8/27/2024 | V Rodriguez | 0.3 | Review of multiple correspondences with opposing counsel re their review of the draft Settlement Agreement so a Motion for Approval can be filed this week and removing language added re releasing claims against entities and individuals |
| 23 | 8/27/2024 | V Rodriguez | 0.1 | Review and analysis of opposing counsel's redlines to the draft Settlement Agreement. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 23 | 8/27/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re including language in the settlement agreement that provides a release to the defendant for known claims only. |
| 23 | 8/27/2024 | V Rodriguez | 0.2 | Review of correspondence from Attorney T. Powell re drafting a proposed motion to approve the settlement with New Horizon |
| 23 | 8/27/2024 | Y Lissebeck | 0.2 | Review general release language in settlement and provide comments to T. Powell re same |
| 23 | 8/28/2024 | V Rodriguez | 0.1 | Review of correspondence with opposing counsel re the attached revised draft of the Settlement Agreement for his review. |
| 23 | 8/28/2024 | V Rodriguez | 0.1 | Receipt and review of 33 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 23 | 8/28/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Attorney T. Powell and Attorney Y. Lissebeck re the deadline for filing the Motion to Approve the Settlement with New Horizon given the October 2, 2024 hearing date. |
| 23 | 8/29/2024 | V Rodriguez | 0.1 | Review of correspondence from opposing counsel re providing a response to the revised draft of the Settlement Agreement by tomorrow. |
| 23 | 8/30/2024 | MT Powell | 0.3 | Review and respond to email from M. Rapowski re final settlement agreement |
| 23 | 8/30/2024 | MT Powell | 0.3 | Review and respond to email from M. Rapowski re final language for settlement |
| 23 | 8/30/2024 | V Rodriguez | 0.1 | Review of multiple correspondences with opposing counsel re agreeing to the terms of the Settlement Agreement and seeking approval of the Settlement Agreement with the court. |
| 23 | 9/3/2024 | V Rodriguez | 0.6 | Continue drafting the Chapter 11 Trustee's Notice of Motion and Motion for Order Approving the Settlement Agreement Between the Trustee and New Horizon Finance LLC |
| 23 | 9/3/2024 | V Rodriguez | 0.1 | Review and analysis of the executed Settlement Agreement. |
| 23 | 9/3/2024 | V Rodriguez | 0.1 | Review of correspondence from opposing counsel re the attached executed Settlement Agreement. |
| 23 | 9/4/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney T. Powell regarding proceeding with the October 2nd hearing for the Motion for Order Approving the Settlement Agreement instead of a later date. |
| 23 | 9/4/2024 | V Rodriguez | 0.6 | Continue drafting the Chapter 11 Trustee's Notice of Motion and Motion for Order Approving the Settlement Agreement Between the Trustee and New Horizon Finance LLC |
| 23 | 9/4/2024 | V Rodriguez | 0.2 | Research and analysis re whether a proposed order is required to be filed with a motion for order approving a settlement agreement. |
| 23 | 9/4/2024 | V Rodriguez | 0.1 | Correspondence to Attorney T. Powell re the attached Chapter 11 Trustee's Notice of Motion and Motion for Order Approving the Settlement Agreement Between the Trustee and New Horizon Finance LLC |
| 23 | 9/5/2024 | MT Powell | 0.7 | Review and edit Motion to Approve New Horizon settlement and Declaration of Trustee Marshack in support thereof |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 23 | 9/9/2024 | MT Powell | 0.5 | Review and respond to email from K. Owens, creditors' committee counsel, re questions on New Horizon settlement. |
| 23 | 9/9/2024 | V Rodriguez | 0.3 | Receipt and review of 92 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 23 | 9/9/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re revisions to make to the Motion to Approve the Settlement Agreement Between the Trustee and New Horizon Finance |
| 23 | 9/9/2024 | V Rodriguez | 0.1 | Review of multiple correspondences with Official Creditors Committee re the attached Settlement Agreement and filing the Motion to Approve the Settlement Agreement Between the Trustee and New Horizon Finance LLC. |
| 23 | 9/9/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re whether this affiliate filed an administrative or priority claim. |
| 23 | 9/9/2024 | V Rodriguez | 0.2 | Review and analysis of the claims register and the Omni proof of claim spreadsheet to confirm that this affiliate did not file an administrative or priority claim. |
| 23 | 9/9/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re the affiliate not having filed an administrative or priority claim. |
| 23 | 9/9/2024 | V Rodriguez | 0.1 | Review of multiple correspondences with Attorney Y. Lissebeck and Attorney T. Powell re filing the Motion to Approve the Settlement Agreement Between the Trustee and New Horizon Finance LLC this week. |
| 23 | 9/9/2024 | Y Lissebeck | 0.2 | Discuss response to K. Owens email re settlement with T. Powell, review T. Powell's response re factors to establish settlement |
| 23 | 9/10/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney T. Powell re filing and serving the Motion for Order Approving The Settlement Agreement Between The Trustee And New Horizon Finance, LLC today and awaiting responses from the Official Creditors Committee re their inquiries re the settlement of this matter |
| 23 | 9/10/2024 | V Rodriguez | 0.1 | Correspondence to Attorney T. Powell re whether he would like to proceed with filing and serving of the Motion for Order Approving The Settlement Agreement Between The Trustee And New Horizon Finance, LLC before tomorrow's deadline. |
| 23 | 9/10/2024 | Y Lissebeck | 0.2 | REview declaration of trustee in support of 9019 motion and draft email to Trustee requesting review and signature |
| 23 | 9/10/2024 | Y Lissebeck | 0.1 | Review response from trustee and forward executed signature to be finalized and filed |
| 23 | 9/11/2024 | MT Powell | 0.6 | Review and respond to emails with assistant and K. Owens, counsel for the Committee, re finalizing motion to approve New Horizon settlement. |
| 23 | 9/11/2024 | V Rodriguez | 0.1 | Receipt and review of 21 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 23 | 9/11/2024 | V Rodriguez | 0.1 | Review of the conformed copy of the Notice of Motion and Motion for an Order Approving the Settlement Agreement and Proof of Service. |
| 23 | 9/11/2024 | V Rodriguez | 0.3 | Reviewing and revising the proof of service for the Notice of Motion and Motion for an Order Approving the Settlement Agreement. |
| 23 | 9/11/2024 | V Rodriguez | 0.2 | Final review of the Notice of Motion and Motion for an Order Approving the Settlement Agreement and Proof of Service. |
| 23 | 9/11/2024 | V Rodriguez | 0.8 | Drafting further revisions and finalizing the Notice of Motion and Motion for an Order Approving the Settlement Agreement before filing and service. |
| 23 | 9/11/2024 | Y Lissebeck | 0.1 | Review 9019 motion and respond with revisions |
| 23 | 9/12/2024 | V Rodriguez | 0.3 | Review of multiple correspondences from Attorney Y. Lissebeck and Attorney C. Celentino re the procedures utilized to handle the filing of the Motion to Approve the Settlement Agreement |
| 23 | 9/12/2024 | V Rodriguez | 0.1 | Correspondence to Dinsmore employee K. Hemphill re the relevant deadlines for the Motion to Approve the Settlement Agreement. |
| 23 | 9/12/2024 | V Rodriguez | 0.1 | Further review of the conformed copy of the Motion to Approve the Settlement Agreement. |
| 23 | 9/12/2024 | V Rodriguez | 0.2 | Review of the court's docket to confirm that the Motion to Approve the Settlement Agreement was properly and timely filed. |
| 23 | 9/13/2024 | MT Powell | 0.2 | Review and approve corrected notice of hearing for New Horizon settlement motion. |
| 23 | 9/13/2024 | V Rodriguez | 0.1 | Review of correspondence with Attorney T. Powell re the attached Amended Notice of Hearing for the 1909 motion. |
| 23 | 9/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re the revision required to be made to the 1909 motion. |
| 23 | 9/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney T. Powell re revising the timing of the hearing on the 1909 motion. |
| 23 | 9/13/2024 | V Rodriguez | 0.1 | Review of multiple correspondences with Attorney Y. Lissebeck re the notice on the 1909 motion needing revisions. |
| 23 | 9/13/2024 | V Rodriguez | 0.2 | Review of correspondence from Attorney Y. Lissebeck re the calendaring of the 1909 motion needing to be calendared for 11 a.m. instead of 10 a.m. as listed in the motion |
| 23 | 9/13/2024 | V Rodriguez | 0.1 | Review of 23 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 23 | 9/13/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Central District re the recently filed 9019 motion and the amended notice of motion re the same. |
| 23 | 9/16/2024 | V Rodriguez | 0.1 | Review of correspondence from the U.S. Bankruptcy Court Central District of California regarding the Transcript regarding the hearing held on September 11, 2024 regarding the Notice of Motion and Motion for Order Approving Settlement Agreement between the Trustee and New Horizon Finance LLC. |

EXHIBIT "D"

Page 259

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/16/2024 | V Rodriguez | 0.1 | Review of 10 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 9/17/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 9/18/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 9/19/2024 | V Rodriguez | 0.2 | Correspondence to Attorney Y. Lissebeck, Attorney T. Powell, and Attorney C. Celentino re the upcoming hearing on October 2, 2024 re the Motion to Approve the Settlement Agreement. |
| 9/19/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 9/20/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re attendance at the hearing re the Motion to Approve the Settlement Agreement with New Horizon. |
| 9/20/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re attendance at the hearing re the Motion to Approve the Settlement Agreement with New Horizon. |
| 9/20/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re attendance at the hearing re the Motion to Approve the Settlement Agreement with New Horizon unless the tentative ruling takes the hearing off calendar. |
| 9/20/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 9/20/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re attendance at the hearing re the Motion to Approve the Settlement Agreement with New Horizon unless the tentative ruling takes the hearing off calendar. |
| 9/23/2024 | V Rodriguez | 0.1 | Review of 34 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |

EXHIBIT "D"

Page 260

**Adv. Case No. 23-1150 (Clear Vision Financial LLC / Liberty 1 Financial) (143576-24)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | 1.40 | $854.00 |
| Jamie D. Mottola | Associate | $455.00 | 85.50 | $38,902.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 3.80 | $1,387.00 |
| | | **TOTALS** | **90.70** | **$41,143.50** |

EXHIBIT "D"

Page 261

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 24 | 7/1/2024 | J Mottola | 2.6 | Analyze banking records and other documents produced in response to Subpoena to Zions Bancorporation to identify evidence to support causes of action plead in complaint. |
| 24 | 7/7/2024 | S Mattingly | 0.1 | Revise meet and confer letter to OC requesting OC correct deficiencies in the discovery responses. |
| 24 | 7/8/2024 | J Mottola | 0.4 | Finalize Meet and Confer letter to Defendant's counsel addressing failure to comply with discovery requests to encourage cooperation without further court involvement. |
| 24 | 7/9/2024 | J Mottola | 0.7 | Continued strategizing and formulating discovery plan and supporting arguments in light of evolving information and upcoming court deadlines. |
| 24 | 7/10/2024 | J Mottola | 2.4 | Analyze records produced by Defendant's financial institutions in response to Subpoenas sent in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 7/15/2024 | S Mattingly | 0.2 | Call with OC re meet and confer. |
| 24 | 7/23/2024 | J Mottola | 2 | Analyze records produced by Defendant's financial institutions in response to Subpoenas sent in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 7/24/2024 | J Mottola | 1.7 | Analyze records produced by Defendant's financial institutions in response to Subpoenas sent in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 7/24/2024 | J Mottola | 1.3 | Prepare Supplemental Disclosures in light of new information pursuant to requirements of Bankruptcy Rule of Procedure rule 7026. |
| 24 | 7/28/2024 | S Mattingly | 0.3 | Revise the trustee's supplemental initial disclosures. |
| 24 | 7/29/2024 | J Mottola | 0.7 | Prepare correspondence to counsel for Defendant following up from Meet and Confer and addressing continued failure to comply with production requests in an effort to obtain requested production which may provide evidence to support causes of action and/or evidence to combat alleged defenses. |
| 24 | 7/29/2024 | J Mottola | 0.9 | Prepare Motion to Compel in light of Defendant's failure to produce documents in response to Requests for Production of Documents in an effort to obtain evidence to support causes of action plead in the Complaint and defend against alleged defenses. |
| 24 | 7/30/2024 | J Mottola | 0.9 | Further strategize discovery plan in light of upcoming court deadlines to ensure progression of this adversary. |
| 24 | 7/30/2024 | J Mottola | 1.4 | Prepare Motion to Compel in light of Defendant's failure to produce documents in response to Requests for Production of Documents in an effort to obtain evidence to support causes of action plead in the Complaint and defend against alleged defenses. |
| 24 | 7/30/2024 | S Mattingly | 0.2 | Consider additional discovery needed from OC in support of a MJS. |
| 24 | 7/31/2024 | J Mottola | 1.8 | Prepare Motion to Compel in light of Defendant's failure to produce documents in response to Requests for Production of Documents in an effort to obtain evidence to support causes of action plead in the Complaint and defend against alleged defenses. |

EXHIBIT "D"

Page 262

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 24 | 8/1/2024 | J Mottola | 1.7 | Further strategize discovery plan in light of upcoming court deadlines to ensure progression of this adversary. |
| 24 | 8/1/2024 | J Mottola | 1.8 | Prepare supporting documentation for Supplemental Disclosures in light of new information pursuant to requirements of Bankruptcy Rule of Procedure rule 7026. |
| 24 | 8/1/2024 | J Mottola | 1 | Conference and exchange of correspondence with Defendant's counsel regarding delivery of production of documents in an effort to obtain further supporting evidence to pursue causes of action plead in the Complaint. |
| 24 | 8/1/2024 | J Mottola | 1.6 | Further analyze records produced by Defendant's financial institutions in response to Subpoenas sent in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/2/2024 | J Mottola | 1.5 | Further analyze records produced by Defendant's financial institutions in response to Subpoenas sent in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/2/2024 | J Mottola | 1 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/5/2024 | J Mottola | 2.5 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/6/2024 | J Mottola | 0.7 | Further strategize discovery plan in light of upcoming court deadlines to ensure progression of this adversary. |
| 24 | 8/6/2024 | J Mottola | 0.8 | Finalize Supplemental Disclosures in light of new information pursuant to requirements of Bankruptcy Rule of Procedure rule 7026. |
| 24 | 8/6/2024 | J Mottola | 2.8 | Further analyze records produced by Defendant's financial institutions in response to Subpoenas sent in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/7/2024 | J Mottola | 0.8 | Prepare supporting documentation for Supplemental Disclosures in light of new information pursuant to requirements of Bankruptcy Rule of Procedure rule 7026. |
| 24 | 8/8/2024 | J Mottola | 1.8 | Finalize documents to be included with Supplemental Disclosures in light of new information pursuant to requirements of Bankruptcy Rule of Procedure rule 7026. |
| 24 | 8/8/2024 | J Mottola | 2 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/8/2024 | J Mottola | 2.3 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/8/2024 | R Simmons | 1.3 | Run production of initial disclosures for LPG-Clear Vision Financial 8:23-ap-01150-SC |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 24 | 8/9/2024 | J Mottola | 1.1 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/9/2024 | R Simmons | 0.8 | Run production of initial disclosures for LPG-Clear Vision Financial  8:23-ap-01150-SC |
| 24 | 8/12/2024 | J Mottola | 1.6 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/12/2024 | R Simmons | 1.7 | Clear Visions re-production for initial disclosures |
| 24 | 8/13/2024 | J Mottola | 0.7 | Further strategize discovery plan in light of upcoming court deadlines to ensure progression of this adversary. |
| 24 | 8/13/2024 | J Mottola | 0.5 | Prepare correspondence to counsel for Defendant regarding Supplemental Disclosure in compliance and furtherance of Plaintiff's disclosure obligation. |
| 24 | 8/14/2024 | J Mottola | 1.6 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/15/2024 | J Mottola | 3.2 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/16/2024 | J Mottola | 2.2 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/17/2024 | J Mottola | 1.6 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/19/2024 | J Mottola | 4 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/20/2024 | J Mottola | 4.8 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/21/2024 | J Mottola | 4.6 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/22/2024 | J Mottola | 0.2 | Analyze Borrower's comments to Forbearance Agreement. |
| 24 | 8/22/2024 | S Mattingly | 0.2 | Revise status of discovery re necessary updates ahead of discovery deadlines. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 24 | 8/23/2024 | J Mottola | 3.2 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/24/2024 | J Mottola | 2.6 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/25/2024 | J Mottola | 2.8 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/27/2024 | J Mottola | 0.9 | Further strategize discovery plan in light of upcoming court deadlines to ensure progression of this adversary. |
| 24 | 8/27/2024 | J Mottola | 1.9 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/27/2024 | S Mattingly | 0.2 | Analyze of pending deadlines and outstanding discovery. |
| 24 | 8/30/2024 | J Mottola | 3.1 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 8/31/2024 | J Mottola | 2 | Analyze documents produced by Defendant in response to Requests for Production of Documents in an effort to identify evidence supporting causes of action plead in the Amended Complaint and to combat Defendant's alleged defenses. |
| 24 | 9/10/2024 | J Mottola | 0.7 | Further strategize discovery plan in light of upcoming court deadlines to ensure progression of this adversary. |
| 24 | 9/17/2024 | J Mottola | 0.7 | Further strategize discovery plan in light of upcoming court deadlines to ensure progression of this adversary. |
| 24 | 9/17/2024 | S Mattingly | 0.2 | Analysis regarding whether additional discovery is needed as it relates to the MSJ prior to discovery closure. |
| 24 | 9/19/2024 | J Mottola | 2.4 | Strategize arguments and evidence needed for Motion for Summary Judgment in furtherance of a favorable ruling to aid in the recovery of Debtor's funds paid out prior to the bankruptcy. |

EXHIBIT "D"

Page 265

### Adv. Case No. 24-01018 (MRD Marketing LLC) (143576-25)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 2.00 | $1,490.00 |
| Vanessa Rodriguez | Associate | $385.00 | 31.90 | $12,281.50 |
| Katherine Hemphill | Paraprofessional | $210.00 | 1.00 | $210.00 |
| | | **TOTALS** | **34.90** | **$13,981.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 25 | 7/8/2024 | V Rodriguez | 0.1 | Receipt and review of multiple correspondences from Attorney Y.L. regarding filing a Default Judgment Motion |
| 25 | 7/9/2024 | V Rodriguez | 0.1 | Receipt and review of correspondence from Attorney Y. Lissebeck regarding filing the Default Judgment Motion prior to the Status Conference and filing a Status Report before the Status Conference |
| 25 | 7/9/2024 | V Rodriguez | 0.6 | Review and analysis of the Judge's calendar and instructions for self-calendaring to determine when the Default Judgment Motion can be heard. |
| 25 | 7/9/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from V. Rodriguez re default judgment and deadlines for filing motion |
| 25 | 7/15/2024 | V Rodriguez | 0.4 | Drafting Plaintiff's Motion for Default Judgment under LBR 7055-1 to seek a default court judgment against the Defendant. |
| 25 | 7/15/2024 | V Rodriguez | 0.6 | Drafting the Default Judgment (Without Prior Judgment) to seek a default court judgment against the Defendant. |
| 25 | 7/15/2024 | V Rodriguez | 3.7 | Drafting the Memorandum of Points and Authorities in Support of Motion for Entry of Default Judgment with attention to pages 1 through 25 to seek a default court judgment against the Defendant. |
| 25 | 7/15/2024 | V Rodriguez | 0.2 | Research and analysis of the Judge's chamber rules regarding scheduling a hearing for the Motion for Entry of Default Judgment to ascertain when the motion can be heard. |
| 25 | 7/15/2024 | Y Lissebeck | 0.1 | Review file for deadlines and draft email to V. Rodriguez re upcoming deadlines and strategy |
| 25 | 7/16/2024 | V Rodriguez | 0.6 | Drafting the Declaration of N. Rapopart in Support of Motion for Entry of Default |
| 25 | 7/16/2024 | V Rodriguez | 1.5 | Drafting the Memorandum of Points and Authorities in Support of Motion for Entry of Default Judgment. |
| 25 | 7/16/2024 | V Rodriguez | 0.9 | Drafting the Declaration of J. Teeple in Support of Motion for Entry of Default Judgment. |
| 25 | 7/17/2024 | K Hemphill | 1 | Create Table of Contents and Table of Authorities for Memorandum of Points and Authorities. |
| 25 | 7/17/2024 | V Rodriguez | 0.7 | Continue drafting the Memorandum of Points and Authorities in Support of Motion for Entry of Default Judgment with attention to the table of contents and table of authorities. |
| 25 | 7/17/2024 | V Rodriguez | 0.9 | Finalizing the Plaintiff's Motion for Default Judgment Under LBR 7055-1, Declaration of J. Teeple in Support of Motion, Declaration of Nancy Rapoport in Support of Motion, Memorandum of Points and Authorities in Support of Motion, and Default Judgment (Without Prior Judgment). |
| 25 | 7/17/2024 | Y Lissebeck | 0.1 | Review email from V. Rodriguez and respond re timing of motion for default |
| 25 | 7/17/2024 | Y Lissebeck | 0.3 | Review and revise motion for default judgment |
| 25 | 7/29/2024 | V Rodriguez | 0.4 | Strategy conference regarding case law in the Motion for Default Judgment and revisions to make to the Motion for Default Judgment. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 25 | 7/30/2024 | V Rodriguez | 0.6 | Highly detailed correspondence to Dinsmore Attorney Y. Lissebeck regarding her requested revisions and questions regarding the Motion for Default Judgment and the supporting documents |
| 25 | 7/30/2024 | V Rodriguez | 1.5 | Drafting the Plaintiff's Findings of Fact and Conclusions of Law. |
| 25 | 7/30/2024 | V Rodriguez | 3.4 | Drafting revisions to the Motion for Default Judgment and its supporting documents with attention to the Declaration of Joshua Teeple, Declaration of Nancy Rapoport, Plaintiff's Motion for Default Judgment, and the Points and Authorities. |
| 25 | 7/30/2024 | Y Lissebeck | 0.5 | Review and revise motion for default and supporting documents |
| 25 | 7/30/2024 | Y Lissebeck | 0.1 | Review and respond to email of V. Rodriguez re motion for default |
| 25 | 7/31/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding contacting expert J. Teeple's associate to assist on obtaining Mr. Teeple's signed Declaration in Support of the Motion for Default Judgment. |
| 25 | 7/31/2024 | V Rodriguez | 0.2 | Review of multiple correspondences from expert J. Teeple regarding reviewing and signing his Declaration in Support of Motion for Default |
| 25 | 7/31/2024 | V Rodriguez | 0.3 | Correspondence to expert J. Teeple regarding the attached Motion for Default Judgment for his review and signature of the Declaration in Support of the Motion for Default |
| 25 | 7/31/2024 | V Rodriguez | 0.3 | Multiple correspondences to expert N. Rapaport regarding the attached Motion for Default Judgment for her review and signature of the Declaration in Support of the Motion for Default Judgment |
| 25 | 7/31/2024 | V Rodriguez | 0.1 | Correspondence to N. Cooper regarding having expert J. Teeple review and sign his Declaration in Support of the Motion for Default Judgment before our August 7, 2024 deadline. |
| 25 | 8/1/2024 | V Rodriguez | 0.6 | Drafting a summary of the adversary proceeding as required for the LPG Fee Application with attention to the matter, procedure status, what has generally been done in the case through June 2024, and what we anticipate will happen. |
| 25 | 8/1/2024 | V Rodriguez | 0.1 | Review of expert J. Teeple's signed Declaration in Support of the Motion for Default Judgment. |
| 25 | 8/1/2024 | V Rodriguez | 0.2 | Review of the court's docket to review the status of the case and to assist in drafting the summary of the adversary proceeding. |
| 25 | 8/1/2024 | V Rodriguez | 0.1 | Review of correspondence from expert J. Teeple regarding his signed Declaration in Support of the Motion for Default Judgment |
| 25 | 8/2/2024 | V Rodriguez | 0.1 | Review of correspondences from the U.S. Bankruptcy Court Central District of California regarding the filed Motion for Default Judgment. |
| 25 | 8/2/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding making revisions to the Proof of Service regarding the Motion for Default Judgment |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 25 | 8/2/2024 | V Rodriguez | 0.3 | Multiple strategy conferences regarding the court's website's date selection for the Motion for Default Judgment, why the date is different than the self-calendaring date, and whether to proceed with filing with the self-calendared date. |
| 25 | 8/2/2024 | V Rodriguez | 0.2 | Review of multiple correspondences from expert N. Rapoport regarding the attached signed Declaration in Support of the Motion for Default Judgment and revisions to make regarding the same |
| 25 | 8/2/2024 | V Rodriguez | 0.3 | Revising the proof of service regarding the Motion for Default Judgment. |
| 25 | 8/2/2024 | V Rodriguez | 0.1 | Review and analysis of the LPG Post-Petition Disbursement Summary to determine if the Defendant received a 549 payment over $30,000 to determine if an amendment to the First Amended Complaint is necessary. |
| 25 | 8/2/2024 | V Rodriguez | 0.2 | Review of correspondence from accountant N. Cooper regarding contacting expert J. Teeple regarding his Declaration in Support of Motion for Default Judgment |
| 25 | 8/2/2024 | V Rodriguez | 0.1 | Review of expert N. Rapoport's signed Declaration in Support of the Motion for Default Judgment. |
| 25 | 8/2/2024 | V Rodriguez | 0.9 | Revising the Motion for Default Judgment and attaching the signed Declarations in Support from experts N. Rapoport and J. Teeple before filing and service. |
| 25 | 8/2/2024 | V Rodriguez | 0.1 | Correspondence to Dinsmore Attorney Y. Lissebeck regarding the attached fully executed Motion for Default Judgment. |
| 25 | 8/5/2024 | V Rodriguez | 0.1 | Review of correspondence from the U.S. Bankruptcy Court Central District of California regarding the hearing set for the Motion for Default Judgment Under LBR 7055-1. |
| 25 | 8/5/2024 | V Rodriguez | 0.1 | Review of correspondence from expert N. Rapoport regarding her signed Declaration in Support of the Motion for Default Judgment. |
| 25 | 8/5/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding the hearing set for the Motion for Default Judgment Under LBR 7055-1 |
| 25 | 8/7/2024 | V Rodriguez | 0.1 | Receipt and review of several correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 25 | 8/13/2024 | V Rodriguez | 0.3 | Strategy conference re filing a Motion for Default Judgment, the Declarations in support that are needed, and contacting the expert witnesses to sign their Declarations. |
| 25 | 8/14/2024 | V Rodriguez | 0.1 | Receipt and review of 20 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 25 | 8/15/2024 | V Rodriguez | 0.3 | Drafting a summary of the adversary proceeding against MRD Marketing LLC as required for the LPG Fee Application with attention to what the Complaint entails including causes of actions, theories, and the amount we are seeking. |
| 25 | 8/20/2024 | V Rodriguez | 0.3 | Strategy conference re preparing for and attending the hearing on the Motion to Enter Default Judgment against the Defendant scheduled for August 28, 2024. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 25 | 8/21/2024 | V Rodriguez | 1.6 | Plan and prepare for the hearing on August 28, 2024 re the Plaintiff Marshack's Motion for Default Judgment Under LBR 7055-1. |
| 25 | 8/21/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from the U.S. Bankruptcy Court Central District of CA re the attached Order Continuing Status Conference to September 12, 2024 and the Certificate of Notice re the same. |
| 25 | 8/21/2024 | V Rodriguez | 0.1 | Review and analysis of the Certificate of Notice re the Order Continuing Status Conference to September 12, 2024. |
| 25 | 8/21/2024 | V Rodriguez | 0.1 | Review and analysis of the Order Continuing Status Conference to September 12, 2024. |
| 25 | 8/27/2024 | V Rodriguez | 0.4 | Continue planning and preparing for the hearing tomorrow re the Motion for Default Judgment. |
| 25 | 8/27/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck regarding the tentative ruling not being released by the court yet and there not being a link to the hearing tomorrow since the tentative ruling has not been released. |
| 25 | 8/27/2024 | V Rodriguez | 0.3 | Strategy conference re what to include in the Declarations for experts N. Rapoport and J. Teeple that will be used to support the Motion for Default Judgment. |
| 25 | 8/28/2024 | V Rodriguez | 0.3 | Review and analysis of the court's tentative ruling re today's hearing re the Motion for Default Judgment. |
| 25 | 8/28/2024 | Y Lissebeck | 0.2 | Review and respond to emails from V. Rodriguez re motion for default judgment |
| 25 | 8/28/2024 | Y Lissebeck | 0.1 | Review and respond to emails from V. Rodriguez re findings of fact and order |
| 25 | 8/28/2024 | Y Lissebeck | 0.1 | Review tentative and discuss with V. Rodriguez |
| 25 | 8/29/2024 | V Rodriguez | 0.4 | Research and analysis of the local rules re lodging an order after a Motion for Default Judgment has been granted by the court. |
| 25 | 8/30/2024 | V Rodriguez | 0.6 | Drafting the Default Judgment (Without Prior Judgment) to be lodged pursuant to the Court's order. |
| 25 | 8/30/2024 | V Rodriguez | 0.4 | Continue research and analysis of the local rules re lodging an order after a Motion for Default Judgment has been granted by the court. |
| 25 | 8/30/2024 | V Rodriguez | 0.5 | Drafting the Plaintiff's Findings of Facts and Conclusions of Law to be lodged pursuant to the Court's order. |
| 25 | 9/3/2024 | V Rodriguez | 0.3 | Drafting a Proof of Service re the Plaintiff's Findings of Facts and Conclusions of Law, and the Default Judgement. |
| 25 | 9/3/2024 | V Rodriguez | 0.4 | Research and analysis re whether the Judge is served the Plaintiff's Findings of Facts and Conclusion of Law, and the Default Judgement, and if so, what method the Judge must be served. |
| 25 | 9/3/2024 | V Rodriguez | 0.5 | Drafting the Plaintiff's Findings of Facts and Conclusions of Law to be lodged pursuant to the Court's order. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 25 | 9/3/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re the attached Plaintiff's Findings of Facts and Conclusion of Law, the Default Judgement, and the Proof of Service for her review before proceeding to lodge and serve the documents. |
| 25 | 9/4/2024 | V Rodriguez | 0.4 | Final review of the Plaintiff's Findings of Facts and Conclusions of Law, the Default Judgment, and the Proof of Service before proceeding with lodging and service. |
| 25 | 9/4/2024 | V Rodriguez | 0.1 | Revising the Plaintiff's Findings of Facts and Conclusions of Law before proceeding with lodging and service. |
| 25 | 9/4/2024 | V Rodriguez | 0.3 | Strategy conference re whether to lodge or file the Plaintiff's Findings of Facts and Conclusions of Law and the Default Judgment, and whether it is necessary to file the Proof of Service. |
| 25 | 9/4/2024 | V Rodriguez | 0.1 | Revising the date on the Proof of Service re the Plaintiff's Findings of Facts and Conclusions of Law and the Default Judgment. |
| 25 | 9/4/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re revising the Plaintiff's Findings of Facts and Conclusions of Law |
| 25 | 9/4/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re lodging and serving the Default Judgement and Plaintiff's Findings of Facts and Conclusions of Law today since today is the deadline to do so. |
| 25 | 9/4/2024 | Y Lissebeck | 0.2 | Review and respond to email of V. Rodriguez re lodging judgment and findings of fact |
| 25 | 9/9/2024 | V Rodriguez | 0.1 | Review and analysis of the conformed copy of the proof of service re the Plaintiff's Findings of Facts and Conclusions of Law and the Default Judgment. |
| 25 | 9/9/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re whether this affiliate filed an administrative or priority claim. |
| 25 | 9/9/2024 | V Rodriguez | 0.1 | Review and analysis of the confirmation of the Adversary Lodged Order Upload Form regarding the Plaintiff's Findings of Facts and Conclusions of Law. |
| 25 | 9/9/2024 | V Rodriguez | 0.1 | Review of the court's tentative ruling to confirm that the status conference scheduled for September 12, 2024 is still on calendar and to see if the tentative ruling was released |
| 25 | 9/9/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re attending the Status Conference scheduled for September 12, 2024. |
| 25 | 9/9/2024 | V Rodriguez | 0.1 | Review and analysis of the confirmation of the Adversary Lodged Order Upload Form regarding the Default Judgment. |
| 25 | 9/9/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re the affiliate not having filed an administrative or priority claim. |
| 25 | 9/9/2024 | V Rodriguez | 0.2 | Review and analysis of the claims register and the Omni proof of claim spreadsheet to confirm that this affiliate did not file an administrative or priority claim. |
| 25 | 9/10/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re the affiliate not having filed an administrative or priority claim. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 25 | 9/10/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re reviewing the docket to confirm if the Status Conference gets taken off calendar |
| 25 | 9/10/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re attending the Status |
| 25 | 9/10/2024 | V Rodriguez | 0.3 | Strategy conference re preparing for and attending the Status Conference on September 12, 2024. |
| 25 | 9/11/2024 | V Rodriguez | 0.1 | Receipt and review of 21 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 25 | 9/18/2024 | V Rodriguez | 0.1 | Correspondence to Attorney Y. Lissebeck re the court entering default judgement and proceeding with filing an Abstract of Judgment. |
| 25 | 9/18/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney C. Celentino re sending the Abstract of Judgment to the California Secretary of State along with the Secretary of State where the Defendant is incorporated. |
| 25 | 9/18/2024 | V Rodriguez | 0.1 | Correspondence to Attorney C. Celentino re sending the Abstract of Judgment to the California Secretary of State along with the Secretary of State where the Defendant is incorporated. |
| 25 | 9/18/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re the court entering default judgement and proceeding with filing an Abstract of Judgment. |
| 25 | 9/18/2024 | V Rodriguez | 0.1 | Review and analysis of the filed and entered Plaintiff's Findings of Facts and Conclusions of Law. |
| 25 | 9/18/2024 | V Rodriguez | 0.1 | Review and analysis of the filed and entered Default Judgment (Without Prior Judgment). |
| 25 | 9/20/2024 | Y Lissebeck | 0.1 | Review and respond to email from V. Rodriguez re hearing on motion for default |
| 25 | 9/23/2024 | V Rodriguez | 0.1 | Review and analysis of the attached filed and entered Plaintiff's Findings of Facts and Conclusions of Law to confirm that it is the same copy as that previously provided by the Court. |
| 25 | 9/23/2024 | V Rodriguez | 0.1 | Review of correspondence from the U.S. Bankruptcy Court Central District of California regarding the continuation of the Status Conference. |
| 25 | 9/23/2024 | V Rodriguez | 0.1 | Review of correspondence from the U.S. Bankruptcy Court Central District of California regarding taking the Status Conference hearing off calendar. |
| 25 | 9/23/2024 | V Rodriguez | 0.1 | Review and analysis of the attached filed and entered Default Judgment to confirm that it is the same copy as that previously provided by the Court. |

EXHIBIT "D"

Page 272

**Adv. Case No. 24-01040 (Marich Bein, LLC) (143576-26)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 5.60 | $3,500.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| Lexi J. Epley | Associate | $420.00 | 8.80 | $3,696.00 |
| Jeremy B. Freedman | Associate | $465.00 | 25.10 | $11,671.50 |
| | | **TOTALS** | **39.90** | **$19,165.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 26 | 7/5/2024 | L Epley | 1.1 | Review/analyze documents in Viewpoint for purposes of determining identification of all documents that may be used to support claims or defenses for initial disclosures |
| 26 | 7/9/2024 | Y Lissebeck | 0.2 | Draft email to team asking about status of case and settlement issues re Marich Bein |
| 26 | 7/16/2024 | J Freedman | 1.9 | Review and analysis of records related to Marich Bein in order to identify critical documents to support claims to produce with initial disclosures |
| 26 | 7/22/2024 | L Epley | 1 | Continue preparation of Initial Disclosures as to Defendants Marich Bein LLC and BankUnited, including identification of persons with knowledge in support of claims against Marich Bein LLC and BankUnited and summary of factual allegations those persons would be expected to testify on |
| 26 | 7/23/2024 | L Epley | 2.1 | Continue preparation of Initial Disclosures as to Defendants Marich Bein LLC and BankUnited, including identification of persons with knowledge in support of claims against Marich Bein LLC and BankUnited and summary of factual allegations those persons would be expected to testify on |
| 26 | 7/23/2024 | L Epley | 2.4 | Review/analyze Complaint and documentary evidence in file relating to Defendants Marich Bein LLC and BankUnited, including bank statements, disbursement details, correspondence, and contracts, in preparation for drafting Initial Disclosures as to Defendants Marich Bein LLC and BankUnited, and for purposes of identifying persons with knowledge in support of Plaintiff's claims and documents in support of Plaintiff's claims, and review of file to determine computation of damages |
| 26 | 7/24/2024 | L Epley | 1.5 | Continue and finalize preparation of Initial Disclosures against Marich Bein and BankUnited, and compile documents for document production, including agreements, financial documents, and bank records |
| 26 | 7/25/2024 | L Epley | 0.7 | Continue and finalize initial disclosures against Marich Bein and BankUnited, including separating disclosures as to each defendant |
| 26 | 7/28/2024 | J Freedman | 1 | Review and analysis of records and evidence in order to include in initial disclosures as to Marich Bein |
| 26 | 7/28/2024 | J Freedman | 0.7 | Draft further initial disclosures to Marich Bein and BankUnited |
| 26 | 7/29/2024 | J Freedman | 1.9 | Draft further evidence to initial disclosures as to Marich Bein |
| 26 | 7/29/2024 | J Freedman | 0.4 | Draft further evidence to initial disclosures as to BankUnited |
| 26 | 7/29/2024 | J Freedman | 2.7 | Review and analysis of evidence in support of claims against Marich Bein and BankUnited to produce with initial disclosures |
| 26 | 7/29/2024 | J Freedman | 1.6 | Review and analysis of evidence related to Claims against BankUnited to produce with Initial Disclosures |
| 26 | 7/30/2024 | C Ghio | 2.1 | Review and revise initial disclosure to defendant Marich Bein. |
| 26 | 7/30/2024 | C Ghio | 2.1 | Review and revise initial disclosure to defendant Bank United. |
| 26 | 7/30/2024 | J Freedman | 0.8 | Finalize initial disclosures to Marich Bein regarding documents, witnesses and statement of damages |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 26 | 7/30/2024 | J Freedman | 0.6 | Finalize initial disclosures to BankUnited regarding documents, witnesses and statement of damages |
| 26 | 7/30/2024 | J Freedman | 2.2 | Review and analysis of ESI evidence to identify further evidence in support of claims to produce with initial disclosures |
| 26 | 7/30/2024 | J Freedman | 0.3 | Review and analysis of Marich Bein's initial disclosures to evaluate for impact on strategy and Trustee's initial disclosures |
| 26 | 7/30/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for BankUnited regarding deadline to produce documents in support of initial disclosures |
| 26 | 7/30/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Marich Bein regarding deadline to produce documents in support of initial disclosures |
| 26 | 7/30/2024 | J Freedman | 1.3 | Review and analysis of bank statement received to date and reviewed by Grobstein Teeple in order to identify document to be produced with initial disclosures |
| 26 | 7/31/2024 | C Ghio | 1.1 | Review and approve documents to be shared at initial disclosure. |
| 26 | 7/31/2024 | J Freedman | 1.6 | Review and analysis of over 4,000 documents to be produced to Marich Bein and BankUnited for redaction, completeness and accuracy |
| 26 | 8/2/2024 | J Freedman | 0.1 | Multiple emails (2) with counsel for Marich Bein regarding initial disclosures |
| 26 | 8/5/2024 | J Freedman | 0.4 | Multiple emails (4) with counsel for Marich Bein regarding initial disclosures and document production in order to identify supporting evidence |
| 26 | 8/18/2024 | J Freedman | 4.2 | Review and analysis of evidence (over 4,000 pages) related to Bianca Loli, prime Logix and Maverick Management to support claims and provide in initial disclosures |
| 26 | 8/29/2024 | J Freedman | 0.2 | Multiple emails with counsel for Marich Bein regarding joint status report |
| 26 | 8/29/2024 | J Freedman | 0.7 | Draft joint status report to timely file per court order |
| 26 | 8/29/2024 | J Freedman | 0.3 | Multiple emails with counsel for Marich Bein regrading proposed Joint Status report |
| 26 | 8/29/2024 | J Freedman | 0.1 | Draft letter to counsel for Bank United regarding joint status report |
| 26 | 8/29/2024 | J Freedman | 0.3 | Timely file joint status report pursuant to court order |
| 26 | 8/30/2024 | J Freedman | 0.3 | Multiple emails (2) with counsel for BankUnited regarding the joint status report and initial disclosures |
| 26 | 9/4/2024 | J Freedman | 0.7 | Finalize unilateral status report prior to deadline per code |
| 26 | 9/10/2024 | J Freedman | 0.4 | Review and analysis of public records on defendant Lisa Cohen in order to develop strategy for service |
| 26 | 9/20/2024 | C Ghio | 0.3 | Analysis re Bank United subpoena and production. |
| 26 | 9/20/2024 | Y Lissebeck | 0.2 | Review and respond to emails from S. Johnston re Bank United documents and subpoena |
| 27 | 7/11/2024 | Y Lissebeck | 0.2 | Telephone call with S. Mattingly re settlement offer |
| 27 | 7/12/2024 | Y Lissebeck | 0.1 | Review email from S. Mattingly with settlement offer and respond re further information from defendants before responding with counter |

EXHIBIT "D"

Page 275

**Adv. Case No. 24-1004 (Point Break Holdings LLC) (143576-27)**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Paige E. Hornback | Associate | $355.00 | .40 | $142.00 |
| | | **TOTALS** | **0.70** | **$365.50** |

EXHIBIT "D"

Page 276

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/20/2024 | P Hornback | 0.4 | Attention to CLG documents received from LPG hard drive and their mention of affiliate Point Break Holdings. |

27

EXHIBIT "D"

Page 277

**Adv. Case No. 24-01002 (Clearcube LLC) (143576-28)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | .10 | $61.00 |
| Bryan L. Cockroft | Associate | $275.00 | .80 | $220.00 |
| | | **TOTALS** | **0.90** | **$281.00** |

EXHIBIT "D"

Page 278

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/2/2024 | B Cockroft | 0.5 | Review Writ of Execution to prepare to file with court. |
| 7/7/2024 | S Mattingly | 0.1 | Revise the writ of execution to be issued for collection of the judgment. |
| 7/12/2024 | B Cockroft | 0.3 | Review Levy documents to file. |

28
28
28

EXHIBIT "D"

Page 279

**Adv. Case No. 23-1148 (JGW Solutions LLC) (143576-29)**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | 7.60 | $4,636.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.30 | $968.50 |
| Paige E. Hornback | Associate | $355.00 | 21.20 | $7,526.00 |
| | | **TOTALS** | **30.10** | **$13,130.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 29 | 7/5/2024 | P Hornback | 0.9 | Draft lengthy update and proposed litigation strategy to client. |
| 29 | 7/7/2024 | S Mattingly | 0.2 | Update Trustee regarding the status of discovery in preparation of filing a dispositive motion. |
| 29 | 7/8/2024 | P Hornback | 0.4 | Attention to deadlines and need for draft motion to compel, interrogatories to defendant, and motion for summary judgment and strategize regarding filing a motion to compel or filing bank subpoenas. |
| 29 | 7/8/2024 | Y Lissebeck | 0.2 | Review email from S. Mattingly re motion to compel, discovery issues and deadlines for MSJ and respond thereto |
| 29 | 7/13/2024 | P Hornback | 0.3 | Draft Interrogatories. |
| 29 | 7/15/2024 | P Hornback | 1.5 | Draft Interrogatories to JGW Solutions. |
| 29 | 7/16/2024 | P Hornback | 0.1 | Attention to template subpoenas for bank statements of affiliate. |
| 29 | 7/27/2024 | S Mattingly | 0.1 | Analyze case law regarding course of dealing evidence for the purpose of assisting with preparing a motion for summary judgment. |
| 29 | 7/28/2024 | P Hornback | 0.6 | Supplement draft Interrogatories to incorporate revisions. |
| 29 | 7/28/2024 | S Mattingly | 0.4 | Revise Trustee's interrogatories to be served on defendant. |
| 29 | 7/28/2024 | S Mattingly | 0.2 | Analyze next steps regarding completing discovery and filing a dispositive motion |
| 29 | 7/29/2024 | P Hornback | 0.4 | Finalize and serve interrogatories. |
| 29 | 7/29/2024 | P Hornback | 4.1 | Draft motion for summary judgment. |
| 29 | 8/4/2024 | S Mattingly | 0.9 | Initial revisions to the Trustee's motion for summary judgment. |
| 29 | 8/19/2024 | P Hornback | 0.2 | Draft summary of matter for fee schedule. |
| 29 | 8/23/2024 | Y Lissebeck | 0.3 | Telephone call with S. Mattingly re filing summary judgment motion and moving forward with evidence |
| 29 | 8/27/2024 | P Hornback | 1.3 | Draft and edit motion for summary judgment |
| 29 | 8/27/2024 | P Hornback | 0.4 | Draft Nancy Rapaport's declaration in support of Motion for Summary Judgment. |
| 29 | 8/27/2024 | P Hornback | 0.2 | Draft Joshua Teeple declarations in support of Motion for Summary Judgment. |
| 29 | 8/27/2024 | S Mattingly | 0.7 | Revise declarations in support of motion for summary judgment. |
| 29 | 8/27/2024 | S Mattingly | 0.1 | Correspondence regarding requested extension to respond to Interr. |
| 29 | 8/27/2024 | Y Lissebeck | 0.1 | Review request for continuance of discovery |
| 29 | 8/27/2024 | Y Lissebeck | 0.2 | Telephone call with S. Mattingly re stipulation to continue discovery cut off for one week |
| 29 | 8/28/2024 | P Hornback | 2.1 | Draft joint stipulation of extension of deadlines from previously entered scheduling order. |
| 29 | 8/28/2024 | S Mattingly | 0.2 | Revise the stipulation regarding the current scheduling order. |
| 29 | 8/28/2024 | S Mattingly | 1.1 | Revise Trustee's motion for summary judgment and supporting memo. |
| 29 | 8/28/2024 | Y Lissebeck | 0.2 | Review and respond to email from P. Hornback re continuance of court deadlines, stipulation and calling court for dates |
| 29 | 8/28/2024 | Y Lissebeck | 0.1 | Review email to M. Lieberman re cut off dates and stipulation and response thereto |
| 29 | 8/29/2024 | P Hornback | 0.2 | E-mails with opposing counsel regarding joint stipulation. |
| 29 | 8/30/2024 | P Hornback | 0.1 | E-mail from counsel with executed stipulation. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 29 | 8/30/2024 | P Hornback | 0.2 | Finalize and file proposed joint stipulation. |
| 29 | 8/30/2024 | S Mattingly | 0.9 | Additional revisions to the Trustee's motion for summary judgment and supporting memorandum. |
| 29 | 8/30/2024 | S Mattingly | 0.5 | Revise the declarations in support of the motion for summary judgment. |
| 29 | 9/2/2024 | P Hornback | 1.7 | Supplement draft motion for summary judgment to incorporate uncontroverted statement of facts and conclusions of law and declarations of experts. |
| 29 | 9/2/2024 | P Hornback | 1.7 | Draft uncontroverted statement of facts and conclusions of law. |
| 29 | 9/3/2024 | P Hornback | 2.7 | Draft motion for summary judgment, including incorporating edits and supplementing additional legal authority into argument section. |
| 29 | 9/3/2024 | S Mattingly | 1.9 | Additional revisions to Trustee's motion for summary judgment against JGW and supporting declarations. |
| 29 | 9/4/2024 | P Hornback | 0.5 | Complete draft of uncontroverted statement of facts and conclusions of law. |
| 29 | 9/9/2024 | P Hornback | 0.1 | Voicemail from Plaintiff's counsel requesting additional time to respond to discovery. |
| 29 | 9/10/2024 | P Hornback | 0.3 | Draft e-mail to defense counsel regarding discovery extension and settlement offer. |
| 29 | 9/10/2024 | P Hornback | 0.3 | Finalize motion for summary judgment prior to submitting for client approval. |
| 29 | 9/13/2024 | P Hornback | 0.2 | E-mail from defense counsel with Interrogatories. |
| 29 | 9/13/2024 | P Hornback | 0.5 | Review defendant's responses to interrogatories and analyze next steps in incorporating into dispositive motion. |
| 29 | 9/13/2024 | Y Lissebeck | 0.1 | Review and respond to email from P. Honback re discovery responses from defendant and no further extensions required |
| 29 | 9/17/2024 | P Hornback | 0.2 | Attention to defendant's theory of the case based on responses to interrogatories and next steps in revising the Rapaport declaration and dispositive motion. |
| 29 | 9/17/2024 | S Mattingly | 0.4 | Analyze JGW's interrogatory responses and what, if any, impact they have on the MSJ. |
| 29 | 9/19/2024 | Y Lissebeck | 0.1 | Draft email to S. Mattingly re status of MSJ filing and timing |

EXHIBIT "D"

Page 282

**Spot on Consulting Inc. (143576-31)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| Suzanne M. Marino | Associate | $395.00 | 5.50 | $2,172.50 |
| | | **TOTALS** | **5.60** | **$2,247.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 31 | 7/16/2024 | S Marino | 0.2 | Review status of investigation pertaining to Spot On and outline plan for next steps including meet and confer and likely 2004 petition related to Spot On. |
| 31 | 7/22/2024 | S Marino | 0.7 | Revise draft 2004 motion and attached document requests to include requests for information pertaining to Spot On's relationship with other affiliates such as 241 Inc. and CLG. |
| 31 | 8/27/2024 | S Marino | 0.1 | Email lead attorneys with update on investigation into target. |
| 31 | 9/3/2024 | S Marino | 1.9 | Begin reviewing the Court's order denying Greyson's motion to vacate the preliminary injunction in preparation for workup and analysis of potential theories against Spot On. |
| 31 | 9/4/2024 | Y Lissebeck | 0.1 | Review email from creditor and forward to S. Marino and T. Spurlock for use in investigation against affiliate Spot On |
| 31 | 9/9/2024 | S Marino | 1.4 | Complete review of the Court's order denying Greyson's motion to vacate the preliminary injunction in preparation for workup and analysis of potential theories against Spot On. |
| 31 | 9/10/2024 | S Marino | 1.2 | Revise draft 2004 petition related to Spot On in order to incorporate additional information uncovered in investigation and insert additional document production requests based upon same. |

EXHIBIT "D"

Page 284

## Adv. Case No. 24-01023 (CRI System Inc.) (143576-32)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 2.80 | $2,086.00 |
| Jacob R. Bothamley | Associate | $405.00 | 29.70 | $12,028.50 |
| | | **TOTALS** | **32.50** | **$14,114.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 32 | 7/5/2024 | J Bothamley | 0.2 | Review and respond to question from Y.L. re status of default on CRI with latest information and upcoming critical dates. |
| 32 | 7/5/2024 | Y Lissebeck | 0.2 | Review file for reservice of summons and deadline of answer and new status conference date |
| 32 | 7/5/2024 | Y Lissebeck | 0.1 | Draft email to J. Bothamly re same and review reply |
| 32 | 7/23/2024 | J Bothamley | 0.1 | Review case docket and key upcoming deadlines. |
| 32 | 7/23/2024 | J Bothamley | 0.1 | Review local rules on defaults in preparation for filing a notice of default. |
| 32 | 7/23/2024 | J Bothamley | 0.1 | Review FRCP 55 regarding defaults and the accompanying requirements. |
| 32 | 7/23/2024 | J Bothamley | 2.2 | Draft Request for Entry of Default and accompanying declaration detailing history of CRI complaint and difficulties with service. |
| 32 | 7/24/2024 | J Bothamley | 0.2 | Provide update on status of case and key dates for possible default of CRI System, Inc. to Y. Lissebeck and C. Celentino. |
| 32 | 7/24/2024 | Y Lissebeck | 0.2 | Draft email to J. Bothamley re filing request for default, review response, and reply further re filing |
| 32 | 7/25/2024 | J Bothamley | 0.6 | Finalize documents for request for entry of default. |
| 32 | 7/25/2024 | J Bothamley | 0.3 | Research proper service for Request for Default against CRI System, Inc. |
| 32 | 7/25/2024 | J Bothamley | 1.1 | Make further finalizing revisions to Request for Default documents and send to C. Celentino for final review. |
| 32 | 7/25/2024 | J Bothamley | 0.3 | Final review of all documents in request for entry of default before filing and give authorization to file request for entry of default. |
| 32 | 7/25/2024 | J Bothamley | 2.2 | Draft introduction, background on Debtor and CRI, and procedural history on motion for default judgment. |
| 32 | 7/25/2024 | Y Lissebeck | 0.1 | Review email from J. Bothamley and review request to enter default |
| 32 | 7/26/2024 | J Bothamley | 0.3 | Draft and research legal standards (Eitel factors) in support of motion for default |
| 32 | 7/26/2024 | J Bothamley | 0.3 | Research and draft prejudice to plaintiff Eitel factor in support of motion for default judgment. |
| 32 | 7/26/2024 | J Bothamley | 2.1 | Research and draft sufficiency of complaint Eitel factor in support of motion for default judgment. |
| 32 | 7/26/2024 | J Bothamley | 1.9 | Research and draft merits of Plaintiff's substantive claims Eitel factor beginning with CRI's unlawful contracts of fees in support of motion for default judgment. |
| 32 | 7/26/2024 | J Bothamley | 1.8 | Research and draft portion of sufficiency of substantive complaint Eitel factor on fraudulent transfers from unlawful contracts. |
| 32 | 7/29/2024 | J Bothamley | 2.3 | Continue draft of motion for default judgment. |
| 32 | 7/30/2024 | J Bothamley | 0.1 | Meet with V. Rodriguez re answers to questions regarding motions for default judgment items that need to be included in motion and/or removed. |
| 32 | 8/6/2024 | J Bothamley | 0.2 | Review CRI calendar dates and see if anything needs to be taken off calendar due to multiple summons. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 32 | 8/6/2024 | J Bothamley | 1.3 | Review motion for default judgment in CRI as drafted so far and review and analyze sample motion for default judgments and analyze motions without affiliate agreements and purchase agreements. |
| 32 | 8/14/2024 | J Bothamley | 0.2 | Meet with Y. Lissebeck to give updates on motion for default judgment and strategy for filling in gaps in the record and how to obtain necessary declarations. |
| 32 | 8/15/2024 | J Bothamley | 0.4 | Send brief summary of CRI matter to Y. Lissebeck for review. |
| 32 | 8/19/2024 | J Bothamley | 1.3 | Continue draft of motion for default judgment |
| 32 | 8/21/2024 | J Bothamley | 2.9 | Draft findings of fact and conclusions of law in support of motion for default judgment. |
| 32 | 8/27/2024 | J Bothamley | 0.9 | Draft status report for Marshack v. CRI in advance of status conference and send to Y. Lissebeck for review. |
| 32 | 8/27/2024 | J Bothamley | 0.9 | Draft and revise declaration of Nancy Rapoport to support motion for default judgment. |
| 32 | 8/27/2024 | J Bothamley | 1.1 | Draft and revise declaration of Josh Teeple to support motion for default judgment. |
| 32 | 8/28/2024 | J Bothamley | 0.1 | Review proof of claim attached to status report and provide feedback for revision. |
| 32 | 8/28/2024 | J Bothamley | 0.2 | Correspondence with N. Rapoport and J. Teeple re availability to discuss declarations in support of motion for default judgment. |
| 32 | 8/28/2024 | Y Lissebeck | 0.2 | Review the status report and respond with revisions and comments |
| 32 | 8/28/2024 | Y Lissebeck | 0.2 | Review and respond to emails from J. Bothamly re motion for default, declarations, findings of fact and order |
| 32 | 8/29/2024 | J Bothamley | 0.4 | Revise findings of fact and conclusions of law in support of motion for default judgment and send to Y. Lissebeck for review. |
| 32 | 8/29/2024 | J Bothamley | 0.4 | Finalize all documents before sending to Y. Lissebeck, N. Rapoport, and J. Teeple for review. |
| 32 | 8/29/2024 | J Bothamley | 0.2 | Email draft of declaration in support of motion for default judgment to N. Rapoport for review and comments. |
| 32 | 8/29/2024 | J Bothamley | 0.2 | Revise declaration of Nancy Rapoport consistent with her suggestions and return for her signature |
| 32 | 8/29/2024 | J Bothamley | 0.2 | Email draft of declaration in support of default judgment to J. Teeple for review and comments. |
| 32 | 8/29/2024 | J Bothamley | 0.2 | Review draft of declaration of J. Teeple and re-send to J. Teeple for review. |
| 32 | 8/29/2024 | Y Lissebeck | 0.2 | Review and respond to emails from J. Bothamley re review and execution of J. Teeple and N.Rapoport declaration |
| 32 | 8/30/2024 | J Bothamley | 0.1 | Send copy of corresponding declaration of N. Rapoport to J. Teeple upon his request for review. |
| 32 | 8/30/2024 | J Bothamley | 0.1 | Review executed copies of declarations from N. Rapoport and J. Teeple in support of motion for default judgment. |
| 32 | 8/30/2024 | J Bothamley | 1 | Finalize and compile all default judgment documents for filing. |
| 32 | 8/30/2024 | Y Lissebeck | 1 | Review and revise memo of P&A re default judgment |

EXHIBIT "D"

Page 287

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 32 | 8/30/2024 | Y Lissebeck | 0.2 | Review and respond to email of J. Bothamley re default judgment and supporting documents to include with filing |
| 32 | 9/4/2024 | J Bothamley | 0.5 | Review and analyze complete motion for default judgment package and send to Y. Lissebeck for final approval. |
| 32 | 9/4/2024 | J Bothamley | 0.3 | Final review of all documents to be filed in CRI default judgment after approval from Y. Lissebeck. |
| 32 | 9/4/2024 | Y Lissebeck | 0.2 | Review and respond to email of J. Bothamley reviewing default judgment and approving for filing |
| 32 | 9/10/2024 | J Bothamley | 0.1 | Review court's tentative ruling on status conference and continued date, confirm with Y. Lissebeck. |
| 32 | 9/16/2024 | J Bothamley | 0.3 | Review upcoming calendar deadlines and associated local rules to ensure compliance. |
| 32 | 9/16/2024 | Y Lissebeck | 0.2 | Review and respond to email from J. Bothamly re no need to file scheduling order because of pending motion for default judgment, review docket for date of motion hearing |

EXHIBIT "D"

Page 288

### Vasco Assets LLC (143576-33)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Milton T. Spurlock | Partner | $595.00 | .50 | $297.50 |
| Suzanne M. Marino | Partner | $395.00 | 3.60 | $1,422.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| Jonathan B. Serrano | Associate | $415.00 | 5.20 | $2,158.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .30 | $109.50 |
| | | **TOTALS** | **10.00** | **$4,285.00** |

EXHIBIT "D"

Page 289

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 33 | 7/2/2024 | M Spurlock | 0.3 | Review status of Vasco Financial email review and analysis regarding potential impact on moving forward with discovery against Vasco Assets and develop plan regarding same. |
| 33 | 7/2/2024 | R Simmons | 0.3 | Create search for Admin@vascofinancial.com email communications for Suzy Marino |
| 33 | 7/9/2024 | Y Lissebeck | 0.1 | Draft email to T. Spurlock re status of 2004 application and obtaining information related to transfers |
| 33 | 7/10/2024 | Y Lissebeck | 0.1 | Review email re vasco emails from associate |
| 33 | 7/10/2024 | Y Lissebeck | 0.1 | Draft email to T. Spurlock re 2004 application and review of emails |
| 33 | 7/10/2024 | Y Lissebeck | 0.1 | Open LPG emails for Vasco records |
| 33 | 7/15/2024 | S Marino | 2.2 | Review and analyze documents in Viewpoint Database containing search term "vascofinancial" to assess potential nexus between Vasco Assets and Vasco Financial in LPG's records. |
| 33 | 7/16/2024 | J Serrano | 0.2 | Review second 2004 motion in advance of meet and confer |
| 33 | 7/16/2024 | J Serrano | 0.1 | Correspond with S. Marino of Dinsmore re same. |
| 33 | 7/16/2024 | S Marino | 0.3 | Summarize research findings related to the potential connections between Vasco Assets and LPG's other affiliates such as Vasco Financial from review of relevant communications in Viewpoint database of LPG documents. |
| 33 | 7/16/2024 | S Marino | 0.3 | Coordinate commencement of new meet and confer conference with Vasco Assets as precursor for anticipated filing of second 2004 petition. |
| 33 | 7/17/2024 | J Serrano | 0.1 | Correspond with S. Marino of Dinsmore re meet and confer for second 2004 motion and proposed dates of production. |
| 33 | 7/17/2024 | S Marino | 0.3 | Draft subpoena and proposed order to be filed and served with the second 2004 petition. |
| 33 | 7/17/2024 | S Marino | 0.4 | Revise draft 2004 petition and update relevant dates in same in preparation for filing. |
| 33 | 7/23/2024 | J Serrano | 0.2 | Review local and federal rules re subpoena |
| 33 | 7/23/2024 | J Serrano | 0.6 | Revise second motion for production of documents pursuant to FRBP 2004 |
| 33 | 7/23/2024 | J Serrano | 0.2 | Correspond with T. Spurlock of Dinsmore re same. |
| 33 | 7/23/2024 | J Serrano | 0.2 | Conference with Mr. Moore of Vasco re scope, timing, and place of production of documents and things in connection with second 2004 motion |
| 33 | 7/23/2024 | J Serrano | 0.2 | Revise proposed order approving same |
| 33 | 7/23/2024 | J Serrano | 0.2 | Revise subpoena re same |
| 33 | 7/23/2024 | M Spurlock | 0.2 | Planning regarding motion and subpoena to Vasco following review of results of resent meet and confer. |
| 33 | 7/24/2024 | J Serrano | 0.1 | Review order granting second 2004 motion on Vasco Assets |
| 33 | 7/24/2024 | J Serrano | 0.1 | Correspond with T. Spurlock and S. Marino of Dinsmore re same. |
| 33 | 7/24/2024 | J Serrano | 0.1 | Compile and sign subpoena |
| 33 | 8/27/2024 | S Marino | 0.1 | Email lead attorneys with update on investigation into target. |
| 33 | 8/30/2024 | J Serrano | 0.2 | Call with B. Mor of Vasco re responding to subpoena |
| 33 | 8/30/2024 | J Serrano | 0.1 | Correspond with C. Ghio of Dinsmore re same. |

EXHIBIT "D"

Page 290

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 33 | 9/3/2024 | J Serrano | 0.4 | Review previous 2004 production and current subpoena in preparation for call with B. Mor of Vasco Assets to discuss contents of subpoena |
| 33 | 9/3/2024 | J Serrano | 1.3 | Draft declaration of B. Mor |
| 33 | 9/3/2024 | J Serrano | 0.3 | Call with B. Mor re same. |
| 33 | 9/3/2024 | J Serrano | 0.2 | Correspond with B. Mor of Vasco re same. |
| 33 | 9/11/2024 | J Serrano | 0.3 | Review production of documents and things from Vasco Assets |
| 33 | 9/11/2024 | J Serrano | 0.1 | Correspond with T. Spurlock of Dinsmore re same. |

EXHIBIT "D"

Page 291

**Adv. Case No. 24-01001 (Leucadia Enterprises Inc.) (143576-34)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sarah S. Mattingly | Partner | $610.00 | 1.20 | $732.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Bryan L. Cockroft | Associate | $275.00 | 18.70 | $5,142.50 |
| Jamie Herald | Paraprofessional | $145.00 | .40 | $58.00 |
| | | **TOTALS** | **20.60** | **$6,156.00** |

EXHIBIT "D"

Page 292

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 34 | 7/10/2024 | J Herald | 0.3 | Finalize Request for Admissions and Request for Production with exhibits to send to opposing counsel. |
| 34 | 7/10/2024 | J Herald | 0.1 | Correspondence with opposing counsel with Request for Admissions and Requests for Production |
| 34 | 7/10/2024 | S Mattingly | 0.5 | Revise the Trustee's discovery requests. |
| 34 | 7/11/2024 | B Cockroft | 2.3 | Draft subpoenas to send to banks regarding Leucadia transactions. |
| 34 | 7/12/2024 | Y Lissebeck | 0.2 | Review email from S. Mattingly re subpoenas on bank and respond re drafting of subpoenas and then service, review further reply |
| 34 | 7/16/2024 | B Cockroft | 0.5 | Draft client update about Leucadia litigation in order to determine next steps to litigation. |
| 34 | 7/17/2024 | Y Lissebeck | 0.1 | Review status email from B. Cockroft and review deadlines and upcoming dates |
| 34 | 8/5/2024 | S Mattingly | 0.1 | Correspondence with OC regarding its discovery responses. |
| 34 | 8/19/2024 | B Cockroft | 1.5 | Review discovery responses from Leucadia to analyze further documents. |
| 34 | 8/27/2024 | B Cockroft | 2 | Analyze documents and emails provided by Leucadia from discovery responses. |
| 34 | 8/29/2024 | B Cockroft | 2.5 | Analyze discovery responses from Leucadia to determine further information needed. |
| 34 | 9/17/2024 | B Cockroft | 3.1 | Review emails from Leucadia in viewpoint develop a greater understanding between Leucadia and LPG to prepare to draft interrogatories. |
| 34 | 9/19/2024 | B Cockroft | 0.6 | Analyze discovery responses to prepare follow-up interrogatories. |
| 34 | 9/19/2024 | S Mattingly | 0.2 | Review bank subpoenas. |
| 34 | 9/19/2024 | S Mattingly | 0.4 | Analyze Defendants' responses to request for production of documents and admissions. |
| 34 | 9/21/2024 | B Cockroft | 2.5 | Review discovery responses to prepare interrogatories to serve on Leucadia. |
| 34 | 9/23/2024 | B Cockroft | 0.9 | Draft and revise subpoenas to send to banks. |
| 34 | 9/23/2024 | B Cockroft | 2.8 | Review discovery responses from Leucadia. |

EXHIBIT "D"

Page 293

**PECC/Teng/Touzi/Oakstone (143576-35)**

| FEES | | | | |
|---|---|---|---|---|
| <u>NAME</u> | <u>TITLE</u> | <u>RATE</u> | <u>HOURS</u> | <u>TOTAL FEES</u> |
| Christopher B. Ghio | Partner | $625.00 | .50 | $312.50 |
| M. Tyler Powell | Partner | $595.00 | .70 | $416.50 |
| | | **TOTALS** | **1.20** | **$729.00** |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 7/8/2024 | C Ghio | 0.5 | Review document production and emails re amounts owed from LPG to PECC. | 35 |
| 7/8/2024 | MT Powell | 0.3 | Briefly review supplemental disclosures of PECC | 35 |
| 7/8/2024 | MT Powell | 0.4 | Review and respond to email from A. Wahl re individual settlement between Pecc and Trustee | 35 |

EXHIBIT "D"

Page 295

## United Global Research Group, Inc. (143576-36)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 25.60 | $12,672.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Spencer K. Gray | Associate | $475.00 | 11.90 | $5,652.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 1.40 | $511.00 |
| | | **TOTALS** | **40.70** | **$20,176.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 36 | 7/11/2024 | S Gray | 0.1 | Correspond with Y. Lissebeck regarding revisions to rule 2004 motion draft to prepare for filing and service. |
| 36 | 8/2/2024 | S Johnston | 0.2 | Work on most recent 2004 update for protective order incorporations, discovery specifics, and update on settlement potential |
| 36 | 9/3/2024 | S Gray | 0.3 | Correspond with Y. Lissebeck and S. Johnston regarding claim objection, discovery, and complaint strategy. |
| 36 | 9/3/2024 | S Johnston | 0.5 | Analyze claims objection versus affiliate complaint for discussion with Y. Lissebeck |
| 36 | 9/4/2024 | R Simmons | 1.4 | Create search for ARPAs and affiliate agreements for Global Research Group and other entities |
| 36 | 9/4/2024 | S Gray | 0.2 | Correspond with S. Johnston and Y. Lissebeck regarding strategy for claim objection and avoidance action complaint. |
| 36 | 9/4/2024 | S Gray | 1.6 | Revise and analyze Rule 2004 Motion, Notice of Rule 2004 Motion, Declaration in Support of Rule 2004 Motion, and Proposed Order. |
| 36 | 9/4/2024 | S Johnston | 0.8 | Analyze available options in responding to Unified's priority claim (2004/objection/complaint) |
| 36 | 9/4/2024 | S Johnston | 0.8 | Begin work on objection to Unified's priority claim |
| 36 | 9/4/2024 | S Johnston | 0.8 | Review 157 Unified Global Viewpoint documents to confirm lack of affiliate agreements and ARPAs |
| 36 | 9/4/2024 | S Johnston | 5.7 | Prepare objection to Unified's priority claim |
| 36 | 9/4/2024 | Y Lissebeck | 0.3 | Draft email to S. Johnston and S. Gray re filing an objection to priority claim and bringing a complaint for affirmative claims |
| 36 | 9/5/2024 | S Gray | 0.3 | Review ballot reports to develop claim objection. |
| 36 | 9/5/2024 | S Gray | 0.5 | Conference call with Y. Lissebeck and S. Johnston to discuss and develop strategy for 2004 examination and claim objection. |
| 36 | 9/5/2024 | S Johnston | 2.1 | Continued work on objection to claim with particular focus on background and request for relief |
| 36 | 9/5/2024 | S Johnston | 0.5 | Conference with Y. Lissebeck and S. Gray re 2004 Motions and Claim Objections |
| 36 | 9/9/2024 | S Gray | 0.3 | Correspond with opposing counsel regarding written discovery. |
| 36 | 9/9/2024 | S Gray | 2.2 | Revise and analyze Rule 2004 Motion and supporting documents, including declaration, to ensure compliance with local and federal rules and to broaden discovery scope. |
| 36 | 9/9/2024 | S Gray | 0.9 | Correspond with S. Johnston and W. Yones regarding strategy for Rule 2004 motion to ensure compliance with local practices and procedures. |
| 36 | 9/9/2024 | S Gray | 0.3 | Draft and analyze Rule 2004 Subpoena. |
| 36 | 9/9/2024 | S Johnston | 1 | Work on 2004 filing with special attention to meet and confer details |
| 36 | 9/9/2024 | S Johnston | 1.1 | Continue preparation of claims objection with specific addition to hearing, objection, and notice additions |
| 36 | 9/9/2024 | S Johnston | 0.6 | Work on incorporating void agreement details into objection background |

EXHIBIT "D"
Page 297

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 36 | 9/10/2024 | S Gray | 0.5 | Correspond with S. Johnson and W. Yones regarding amended 2004 motion and notice of errata. |
| 36 | 9/10/2024 | S Gray | 0.2 | Research local practices and rules related to notice of errata. |
| 36 | 9/10/2024 | S Gray | 0.7 | Revise and analyze Notice of Errata. |
| 36 | 9/10/2024 | S Johnston | 3.5 | Finalize claim objection with special attention to supplemental case law and statutory details |
| 36 | 9/10/2024 | S Johnston | 2.2 | Prepare R. Marshack Declaration in support of claim objection |
| 36 | 9/10/2024 | S Johnston | 0.4 | Continued discussions with S. Gray for 2004 Order and Protective Order inclusion |
| 36 | 9/10/2024 | S Johnston | 0.2 | Begin drafting proposed order for claim objection |
| 36 | 9/11/2024 | S Gray | 0.1 | Correspond with Y. Lissebeck regarding order granting Rule 2004 Motion. |
| 36 | 9/11/2024 | S Gray | 0.2 | Correspond with S. Johnston regarding objection strategy for Unified Global Research Group, Inc. proof of claim. |
| 36 | 9/11/2024 | S Johnston | 1.3 | Prepare exhibits and notices for objection to claim filing |
| 36 | 9/11/2024 | Y Lissebeck | 1 | Review, revise and approve objection to claim, including priority claim and draft email to S. Johnston re same |
| 36 | 9/12/2024 | S Gray | 0.2 | Correspond with S. Johnston and W. Yones regarding objection to UGRG claim. |
| 36 | 9/12/2024 | S Johnston | 1.6 | Revise and finalize claim objection with declaration |
| 36 | 9/13/2024 | S Gray | 0.8 | Correspond with S. Johnston, V. Rodriguez, and W. Yones regarding strategy for Rule 2004 subpoena. |
| 36 | 9/13/2024 | S Johnston | 0.9 | Revise objection for filing today |
| 36 | 9/13/2024 | Y Lissebeck | 0.1 | Review email from W. Yones and process server with subpoena to be served on Unified |
| 36 | 9/14/2024 | S Johnston | 0.2 | Confirm accuracy of objection, declaration, and exhibits |
| 36 | 9/16/2024 | S Gray | 0.1 | Correspond with S. Johnston regarding service of rule 2004 subpoena. |
| 36 | 9/16/2024 | S Gray | 0.7 | Review and analyze accounting data to develop avoidance action complaint. |
| 36 | 9/16/2024 | S Johnston | 0.4 | Work on case deadlines and production requirements for service and filing preparation |
| 36 | 9/19/2024 | S Gray | 0.1 | Correspond with S. Johnston regarding objection to Unified Global Research Group claim and additional information. |
| 36 | 9/19/2024 | S Johnston | 0.3 | Work on verifying information received regarding Todd DiRoberto and Unified Global Research Group from E. Lee |
| 36 | 9/19/2024 | Y Lissebeck | 0.1 | Review email from E. Lee re information related to Unified Global and principles actions |
| 36 | 9/19/2024 | Y Lissebeck | 0.1 | Review email from S. Johnston re same and respond thereto |
| 36 | 9/20/2024 | S Gray | 0.7 | Research local and federal rules related to service of subpoena to ensure compliance with local practices and requirements. |
| 36 | 9/20/2024 | S Gray | 0.3 | Correspond with S. Johnston and W. Yones regarding service of subpoena and notice of subpoena. |
| 36 | 9/20/2024 | Y Lissebeck | 0.2 | Review 2004 subpoena and respond to questions from S. Johnston and W. Yones re filing notice of service |

EXHIBIT "D"

Page 298

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 36 | 9/23/2024 | S Gray | 0.6 | Correspond with S. Johnston and W. Yones regarding service of Rule 2004 motion and notice. |
| 36 | 9/23/2024 | S Johnston | 0.2 | Work on updated filing detail for hearing/no objection |
| 36 | 9/23/2024 | S Johnston | 0.3 | Analyze potential supplemental service of 2004 pleadings |

EXHIBIT "D"

Page 299

**Adv. Case No. 24-1115 (MPowering America, LLC/Matthew Lovelady)**

**(143576-37)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | .70 | $437.50 |
| Christopher Celentino | Partner | $835.00 | 1.00 | $835.00 |
| Sara A Johnston | Partner | $495.00 | 14.00 | $6,930.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.80 | $3,576.00 |
| Spencer K Gray | Associate | $475.00 | 44.50 | $21,137.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .60 | $219.00 |
| Wendy Yones | Paraprofessional | $205.00 | 13.30 | $2,726.50 |
| | | **TOTALS** | **78.90** | **$35,861.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 37 | 8/2/2024 | S Johnston | 0.1 | Confirm lack of complete production from MPowering's CLO, Steve Primack, for instruction regarding 2004 Motion |
| 37 | 8/9/2024 | Y Lissebeck | 0.1 | Review and respond to emails re moving forward with complaint from C. Celentino, S. Johnston and S. Gray |
| 37 | 8/12/2024 | S Gray | 0.4 | Correspond with Y. Lissebeck regarding status of complaint and rule 2004 motion to strategize next steps. |
| 37 | 8/12/2024 | S Johnston | 0.8 | Work on Mpowering investigation for potential change in filing strategy for 2004 vs complaint based on plan objection |
| 37 | 8/12/2024 | S Johnston | 0.1 | Work on complaint adjustment for claims of relief |
| 37 | 8/12/2024 | W Yones | 2.1 | Begin to review and analyze emails in all custodians files for information regarding MPowering America in preparation for filing an adversary proceeding before August 23, 2024 |
| 37 | 8/12/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from G. Spencer and S. Johnston re status of filing complaint and objection to claim and email review re invoices |
| 37 | 8/12/2024 | Y Lissebeck | 0.2 | Telephone call with S. Johnston re moving forward with complaint |
| 37 | 8/13/2024 | S Johnston | 0.4 | Work on analyzing Mpowering agreements to determine relevance for adversary |
| 37 | 8/13/2024 | W Yones | 0.3 | Review and analyze documents/emails in all custodians files in preparation for filing an adversary proceeding before August 23, 2024 |
| 37 | 8/13/2024 | Y Lissebeck | 0.2 | Review various emails from s. Gray and W. Yones re pursuing affiliate and documents from emails, respond with connection and amounts to include in any complaint |
| 37 | 8/14/2024 | S Gray | 0.8 | Review and analyze Affiliate agreement, corporate data of MPowering America LLC and related entities, and Affiliate Marketing Agreement |
| 37 | 8/14/2024 | S Gray | 0.2 | Analyze Dinsmore team emails related to complaint strategy. |
| 37 | 8/14/2024 | S Gray | 0.3 | Review and analyze draft complaint |
| 37 | 8/14/2024 | W Yones | 2 | Review and analyze emails in all custodians files in preparation for filing adversary proceeding |
| 37 | 8/15/2024 | S Gray | 0.5 | Review and analyze complaint filed by MPowering America, LLC against LPG et. al. in 8th Judicial District Court, Clark County, Nevada in preparation of drafting complaint |
| 37 | 8/15/2024 | S Gray | 0.4 | Review and analyze draft MPowering America, LLC complaint |
| 37 | 8/15/2024 | S Gray | 0.9 | Review and analyze MPowering America, LLC proof of claim, amended proof of claim, and supporting documentation |
| 37 | 8/16/2024 | S Gray | 2 | Draft and analyze complaint |
| 37 | 8/16/2024 | W Yones | 2.3 | review and analyze emails in all custodians files in preparation for filing adversary proceeding |
| 37 | 8/16/2024 | Y Lissebeck | 0.3 | Review and respond to numerous emails from S. Grey, W. Yones and S. Johnston re objection to claim and filing complaint, documents needed, review of accounting records and affiliate documents |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 37 | 8/17/2024 | S Gray | 0.2 | Research Nevada business information related to MPowering and potentially related entities on Nevada Secretary of State Business Search portal. |
| 37 | 8/17/2024 | S Gray | 1.3 | Review and analyze emails and other documents involving MPowering America, LLC to develop avoidance action complaint. |
| 37 | 8/17/2024 | S Gray | 0.2 | Review and analyze C. Ghio email, memorandum, and related documents regarding fraudulent transfer litigation strategy to develop avoidance action complaint against MPowering America, LLC. |
| 37 | 8/17/2024 | S Gray | 3.2 | Draft and analyze avoidance action complaint against MPowering America, LLC. |
| 37 | 8/17/2024 | S Gray | 2.2 | Analyze financial data on transfers during applicable lookback period to develop avoidance action complaint. |
| 37 | 8/17/2024 | S Gray | 0.2 | Review and analyze Protective Order to develop adversary proceeding complaint. |
| 37 | 8/17/2024 | Y Lissebeck | 0.2 | Review and respond to emails re Mpower and Mpowering and various related affiliates and documents |
| 37 | 8/18/2024 | S Gray | 2.3 | Draft and analyze avoidance action complaint. |
| 37 | 8/18/2024 | S Gray | 0.3 | Review and analyze related Accounts Receivable Purchase Agreement to develop avoidance action complaint. |
| 37 | 8/18/2024 | S Gray | 0.5 | Research Federal Bankruptcy law related to avoidance of preferential transfers and fraudulent transfers to develop avoidance action complaint. |
| 37 | 8/18/2024 | S Gray | 0.7 | Research potential avoidance action defendants to develop complaint. |
| 37 | 8/18/2024 | S Gray | 0.2 | Review and analyze bankruptcy claims register to develop avoidance action complaint. |
| 37 | 8/18/2024 | S Gray | 0.4 | Correspond with S. Johnston regarding potential avoidance action defendants to develop complaint. |
| 37 | 8/18/2024 | S Gray | 0.7 | Review and analyze Mpowering America LLC proof of claim and amended proof of claim to develop avoidance action complaint. |
| 37 | 8/18/2024 | S Gray | 1.1 | Review and analyze emails, invoices, and other documents related to MPowering America LLC to develop avoidance action complaint. |
| 37 | 8/19/2024 | C Celentino | 1 | Review and analyze business reports and asset reports to develop writ of attachment request and evaluate potential defendant assets |
| 37 | 8/19/2024 | C Ghio | 0.7 | Analysis re assets of fraudulent transferee litigation target and possible writ of attachment. |
| 37 | 8/19/2024 | R Simmons | 0.6 | Create targeted searches for Mpowering |
| 37 | 8/19/2024 | S Gray | 1.4 | Correspond with Y. Lissebeck, C. Ghio, C. Celentino, W. Yones, and S. Johnson regarding status and strategy for avoidance action complaint. |
| 37 | 8/19/2024 | S Gray | 1.5 | Review and analyze invoices, emails, and other documents related to MPowering America, LLC and potential litigation targets to develop avoidance action complaint. |
| 37 | 8/19/2024 | S Gray | 1.1 | Draft and analyze avoidance action complaint. |
| 37 | 8/19/2024 | S Gray | 1 | Review and analyze business reports and asset reports to develop writ of attachment request and evaluate potential defendant assets. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 37 | 8/19/2024 | S Gray | 0.9 | Review and analyze application for right to attach order, temporary protective order, and order for issuance of writ of attachment, emergency motion for application for a right to attach order and issuance of writ of attachment or, alternatively, for a temporary protective order, memorandum of points and authorities in support of emergency motion, declaration in support of emergency motion, and notice of emergency motion to develop avoidance action strategy. |
| 37 | 8/19/2024 | S Gray | 0.4 | Research prejudgment attachment under California law to develop strategy for avoidance action complaint. |
| 37 | 8/19/2024 | S Gray | 0.3 | Correspond with Grobstein Teeple regarding accounting information to develop avoidance action complaint. |
| 37 | 8/19/2024 | S Johnston | 0.5 | Work on Mpowering Complaint with S. Gray for potential additional party inquiries |
| 37 | 8/19/2024 | S Johnston | 0.4 | Analyze related entities and individuals for potential complaint inclusion |
| 37 | 8/19/2024 | S Johnston | 0.4 | Work on asset and deposit account searches for MPowering and M. Lovelady related entities ahead of finalizing the complaint |
| 37 | 8/19/2024 | Y Lissebeck | 0.2 | Review and respond to numerous emails from S. Gray re property searches and obtaining bank account information related to various litigation targets |
| 37 | 8/19/2024 | Y Lissebeck | 0.2 | Review emails re MPowering bank statements and respond thereto related to accountant files and records |
| 37 | 8/20/2024 | S Gray | 0.2 | Correspond with T. Spurlock and S. Marino regarding affiliate transfer information to develop avoidance action complaint. |
| 37 | 8/20/2024 | S Gray | 0.6 | Review and analyze memorandum of points and authorities in support of emergency motion for application for a right to attach order and issuance of writ of attachment or alternatively for a temporary protective order pending a noticed hearing. |
| 37 | 8/20/2024 | S Gray | 0.1 | Correspond with Grobstein Teeple regarding financial records to develop avoidance action complaint. |
| 37 | 8/20/2024 | S Gray | 0.4 | Correspond with W. Yones and R. Simmons regarding preparation of exhibits in support of avoidance action complaint. |
| 37 | 8/20/2024 | S Gray | 2.7 | Revise and analyze draft avoidance action complaint. |
| 37 | 8/20/2024 | S Gray | 0.5 | Correspond regarding asset investigation of potential avoidance action defendants. |
| 37 | 8/20/2024 | S Johnston | 0.5 | Analyze transfer support for post-adversary complaint discovery |
| 37 | 8/20/2024 | S Johnston | 0.4 | Work on additional transfer evidence via emails and bank records with S. Gray for complaint draft |
| 37 | 8/20/2024 | Y Lissebeck | 0.2 | Review and respond to emails from S. Gray re status of Mpower affiliate information for upcoming complaint |
| 37 | 8/21/2024 | S Gray | 0.1 | Correspond with S. Johnston regarding revisions to avoidance action complaint. |
| 37 | 8/21/2024 | S Gray | 0.1 | Correspond with S. Marino regarding potential avoidance action defendants to develop avoidance action complaint. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 37 | 8/21/2024 | S Gray | 1.5 | Revise and analyze avoidance action complaint. |
| 37 | 8/21/2024 | S Gray | 0.2 | Correspond with Grobstein Teeple regarding LPG financial data to develop avoidance action complaint. |
| 37 | 8/21/2024 | S Gray | 1.1 | Research and analyze issues related to attachment of deposit accounts to develop avoidance action strategy. |
| 37 | 8/21/2024 | S Johnston | 2.2 | Initial redline of Mpowering complaint and exhibits |
| 37 | 8/21/2024 | W Yones | 2.1 | Begin gathering, redacting and formatting exhibits in preparation for upcoming adversary proceeding filing |
| 37 | 8/21/2024 | Y Lissebeck | 0.3 | Review and respond to numerous emails from S. Gray and N. Cooper re Mpowering exhibits and documents for complaint |
| 37 | 8/21/2024 | Y Lissebeck | 0.5 | Review and revise complaint further re additional allegations re proof of claim |
| 37 | 8/21/2024 | Y Lissebeck | 0.2 | Review and respond to email re complaint, exhibits and notice of compliance |
| 37 | 8/22/2024 | S Gray | 0.3 | Review and analyze LPG emails, bank records, and other documents to develop avoidance action complaint. |
| 37 | 8/22/2024 | S Gray | 0.5 | Research issues related to writ of attachment and Lovelady assets to develop strategy for avoidance action. |
| 37 | 8/22/2024 | S Gray | 0.3 | Correspond with S. Johnston and Y. Lissebeck regarding strategy for avoidance action complaint. |
| 37 | 8/22/2024 | S Gray | 0.2 | Correspond with W. Yones regarding preparation of exhibits for avoidance action complaint. |
| 37 | 8/22/2024 | S Gray | 0.6 | Draft and analyze notice of compliance with rule 7026 of the federal rules of bankruptcy procedure and rule 7026-1 of the local bankruptcy rules. |
| 37 | 8/22/2024 | S Gray | 0.2 | Correspond with Grobstein Teeple regarding transaction records to develop avoidance action complaint and supporting exhibits. |
| 37 | 8/22/2024 | S Gray | 0.3 | Research local rules regarding commencing an adversary proceeding to ensure compliance with local practice requirements. |
| 37 | 8/22/2024 | S Gray | 2.2 | Revise and analyze avoidance action complaint. |
| 37 | 8/22/2024 | S Gray | 0.7 | Revise and analyze exhibits to avoidance action complaint. |
| 37 | 8/22/2024 | S Gray | 1 | Research facts and law relevant to priority claim objection and disallowance of a claim to develop avoidance action complaint. |
| 37 | 8/22/2024 | S Johnston | 2.4 | Finalize complaint for Y. Lissebeck review |
| 37 | 8/22/2024 | S Johnston | 0.9 | Final review of exhibits ahead of complaint filing |
| 37 | 8/22/2024 | S Johnston | 0.2 | Telephone call with S. Gray for MPowering complaint edits |
| 37 | 8/22/2024 | W Yones | 2 | Continue compile and prepare exhibits in preparation for upcoming adversary proceeding filing |
| 37 | 8/22/2024 | Y Lissebeck | 1 | Review and revise complaint |
| 37 | 8/22/2024 | Y Lissebeck | 0.2 | Review and revise notice of compliance |

EXHIBIT "D"
Page 304

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 37 | 8/23/2024 | S Gray | 0.7 | Research law relevant to priority claim objection and disallowance of claims to develop avoidance action complaint. |
| 37 | 8/23/2024 | S Gray | 0.6 | Revise and analyze avoidance action complaint and notice of compliance with Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 7026-1 of the Local Bankruptcy |
| 37 | 8/23/2024 | S Gray | 0.6 | Revise and analyze exhibits in support of avoidance action complaint. |
| 37 | 8/23/2024 | S Gray | 0.3 | Correspond with Y. Lissebeck, S. Johnston, and W. Yones regarding revisions to avoidance action complaint, exhibits, and filing of avoidance action complaint. |
| 37 | 8/23/2024 | S Johnston | 0.5 | Work on claim objection count to complaint for filing |
| 37 | 8/23/2024 | S Johnston | 0.1 | Telephone call from S. Gray re Complaint counts/claims and addition(s) of same |
| 37 | 8/23/2024 | S Johnston | 0.4 | Work on final redactions for Complaint filing |
| 37 | 8/23/2024 | S Johnston | 0.3 | Analyze "MPower" as potential necessary or related party for complaint |
| 37 | 8/23/2024 | Y Lissebeck | 0.3 | Review revised complaint and approve to be finalized |
| 37 | 8/23/2024 | Y Lissebeck | 0.2 | Telephone call with S. Gray re complaint and allegations related to affiliate |
| 37 | 8/26/2024 | S Gray | 0.4 | Research California law regarding service of process on out of state individuals to develop strategy for service of process in avoidance action. |
| 37 | 8/26/2024 | S Johnston | 0.4 | Confirm filing of complaint and redaction for exhibits |
| 37 | 8/26/2024 | S Johnston | 0.4 | Work on summons issuance and status conference details |
| 37 | 8/27/2024 | S Gray | 0.2 | Review and analyze summons and proof of service to ensure compliance with applicable rules of procedure. |
| 37 | 8/27/2024 | S Johnston | 0.8 | Work on post-summons documents for early meeting of counsel and status conference |
| 37 | 8/27/2024 | S Johnston | 0.5 | Work on uniform application to post-complaint filings and initial disclosures |
| 37 | 8/27/2024 | W Yones | 2.5 | Worked on service (voluminous documents served on 5 addresses)of newly filed adversary proceeding |
| 37 | 8/28/2024 | S Gray | 0.1 | Correspond with Y. Lissebeck regarding status of avoidance action investigation to develop strategy. |
| 37 | 9/2/2024 | S Gray | 0.2 | Review emails with Y. Lissebeck, S. Johnston, and W. Yones regarding case status and upcoming deadlines. |
| 37 | 9/2/2024 | S Gray | 0.5 | Review and analyze order denying Greyson's motion to vacate the preliminary injunction to develop case strategy. |
| 37 | 9/4/2024 | S Johnston | 0.3 | Brief work on tying M. Azevedo with MPowering Ponzi Scheme |
| 37 | 9/11/2024 | S Gray | 0.1 | Correspond with V. Rodriguez and B. Cockroft regarding strategy for amending adversary complaints and potential additional claims. |
| 37 | 9/11/2024 | S Gray | 0.4 | Review and analyze case status related to responsive pleadings and other early case deadlines to ensure compliance with local rules and practice. |
| 37 | 9/16/2024 | S Gray | 0.8 | Review and analyze accounting data to develop adversary proceeding strategy. |
| 37 | 9/16/2024 | S Johnston | 0.2 | Work on default motion strategy |
| 37 | 9/17/2024 | S Gray | 0.2 | Correspond with S. Johnston regarding complaint strategy and potential amendment. |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/17/2024 | S Johnston | 0.6 | Analyze amendment options for complaint in light of additional case and figure details |
| 9/23/2024 | S Johnston | 0.2 | Discussions with M. Brock for two week response extension |
| 9/23/2024 | Y Lissebeck | 0.2 | Review and respond to email from M. Brock re extension of time to respond |
| 9/23/2024 | Y Lissebeck | 0.1 | Draft email to S. Johnston and S. Grey re extensions of time |

37
37
37
37

EXHIBIT "D"

Page 306

## Strategic Consulting Solutions LLC (143576-38)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 2.60 | $1,287.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Spencer K Gray | Associate | $475.00 | .40 | $190.00 |
| Brandon E. Lira | Associate | $355.00 | 6.30 | $2,236.50 |
| Wendy Yones | Paraprofessional | $205.00 | .60 | $123.00 |
| | | **TOTALS** | **10.10** | **$3,985.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 38 | 7/11/2024 | S Gray | 0.2 | Correspond with Y. Lissebeck regarding documents related to Strategic Consulting Solutions information to assist in investigation of entity status |
| 38 | 7/11/2024 | W Yones | 0.6 | Gather corporate and contact information regarding Strategic Consulting |
| 38 | 7/11/2024 | Y Lissebeck | 0.1 | Review and respond to email from S. Gray re affiliate information and emails with invoices |
| 38 | 8/2/2024 | S Johnston | 0.6 | Work through potential issues for collection (receivership, NY AG shutdown, non-affiliate status, etc.) for avoidance optoions |
| 38 | 8/2/2024 | Y Lissebeck | 0.1 | Telephone call with S. Johnston re case strategy and status |
| 38 | 8/8/2024 | B Lira | 1.4 | Review financial records concerning the defendant's transactions with the debtor |
| 38 | 8/8/2024 | B Lira | 1.5 | Research the scope of fraudulent transfer claims in bankruptcy proceedings with attention to applicable interpretations of the Ninth Circuit |
| 38 | 8/8/2024 | B Lira | 1.1 | Develop strategy concerning the presentment of fraud related claims to the Court in light of the limited records available for this defendant |
| 38 | 8/9/2024 | S Johnston | 0.6 | Work on case history and related analysis with B. Lira for demand letter |
| 38 | 8/12/2024 | B Lira | 0.6 | Strategy session with SAJ concerning the prosecution of avoidance actions on behalf of the LPG estate with attention to the available remedies against Strategic Consulting Solutions LLC |
| 38 | 8/12/2024 | S Johnston | 0.6 | Work on case analysis for 549 claims and complaint drafting with B. Lira |
| 38 | 9/9/2024 | B Lira | 0.4 | Analyze claims of Strategic with attention to any putative rights to be treated as an administrative or priority claimant |
| 38 | 9/16/2024 | B Lira | 1 | Prepare demand letter to Strategic Consulting Solutions concerning its receipt of $1.7M in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 38 | 9/16/2024 | S Johnston | 0.2 | Analyze fraudulent conveyance strategy for instruction to B. Lira re demand letter |
| 38 | 9/16/2024 | S Johnston | 0.4 | Revise demand letter |
| 38 | 9/17/2024 | B Lira | 0.1 | Email TP and SG regarding prior efforts to resolve claims against Strategic Consulting |
| 38 | 9/17/2024 | B Lira | 0.2 | Revise demand letter to Strategic Consulting Solutions concerning its receipt of $1.7M in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 38 | 9/17/2024 | S Gray | 0.2 | Correspond with T. Powell and B. Lira regarding Strategic Consulting Solutions LLC demand letter. |
| 38 | 9/19/2024 | S Johnston | 0.2 | Provide final revisions to B. Lira for demand letter |

EXHIBIT "D"

Page 308

### Sabia Financial Inc. (143576-39)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 4.00 | $1,980.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Vanessa Rodriguez | Associate | $385.00 | 14.40 | $5,544.00 |
| Katherine Hemphill | Paraprofessional | $210.00 | .90 | $189.00 |
| | | **TOTALS** | **19.60** | **$7,936.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 39 | 8/2/2024 | S Johnston | 0.4 | Work on WIP update for Sabia and opposing counsel correspondence ahead of final complaint review |
| 39 | 8/2/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney S. Johnston regarding adding the LPG Post-Petition Disbursement Summary to the file if they are listed on the summary |
| 39 | 8/2/2024 | V Rodriguez | 0.1 | Review and analysis of the LPG Post-Petition Disbursement Summary to determine if the Defendant received a 549 payment over $30,000 to determine if a demand letter should be sent to the litigation target. |
| 39 | 8/2/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney S. Johnston regarding the Complaint provided to her for review before proceeding with filing and service |
| 39 | 8/2/2024 | Y Lissebeck | 0.1 | Telephone call with S. Johnston re case strategy and status |
| 39 | 8/9/2024 | S Johnston | 1.1 | Work on updating complaint and finalize same for filing |
| 39 | 8/9/2024 | S Johnston | 0.5 | Work on exhibit analysis to incorporate and finalize for complaint filing |
| 39 | 8/13/2024 | K Hemphill | 0.4 | Finalize exhibits with margin references. |
| 39 | 8/13/2024 | V Rodriguez | 0.3 | Review of correspondence from Attorney S. Johnston re whether there has been settlement discussion with opposing counsel, whether there are any new accounting numbers re the 90-day preference period and the 4-year conveyance period, revising the exhibits, and updating the date for disclosure |
| 39 | 8/13/2024 | V Rodriguez | 0.3 | Strategy conference re revisions to make to the exhibits to the Complaint. |
| 39 | 8/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney Y. Lissebeck re including the Protective Order as part of initial disclosures to provide notice to opposing counsel that they are bound by |
| 39 | 8/13/2024 | V Rodriguez | 0.2 | Review and analysis of the case file to determine if there are any new accounting numbers re the 90-day preference period and the 4-year conveyance period |
| 39 | 8/14/2024 | S Johnston | 0.2 | Discuss final edits for complaint filing with V. Rodriguez |
| 39 | 8/14/2024 | V Rodriguez | 1.5 | Review, analyze, and draft notes re LPG documents in ViewPoint related to the Defendant and LPG to identify any pertinent documents for use in the prosecution against the Defendant. |
| 39 | 8/14/2024 | V Rodriguez | 0.6 | Review of the revised exhibits to the Complaint to determine if and what further revisions are needed. |
| 39 | 8/14/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re the attached revised exhibits to the Complaint and the revised Notice of Compliance with Rule 7026. |
| 39 | 8/14/2024 | V Rodriguez | 0.1 | Drafting revisions to the Notice of Compliance with Rule 7026. |
| 39 | 8/14/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re revising the Notice of Compliance with Rule 7026 |
| 39 | 8/16/2024 | S Johnston | 0.1 | Work on final exhibits to complaint |
| 39 | 8/16/2024 | V Rodriguez | 1.5 | Review, analyze, and draft notes re LPG documents in ViewPoint related to the Defendant and LPG to identify any pertinent documents for use in the prosecution against the Defendant. |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 8/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re the formatting of the exhibits to the complaint |
| 8/19/2024 | V Rodriguez | 0.4 | Strategy conference re review and analysis of document production and what information to search for when reviewing LPG and the affiliate's document production. |
| 8/20/2024 | S Johnston | 0.5 | Work on updated account financials for complaint final draft |
| 8/20/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re providing final file ready copies of the complaint and supporting documents for her review before filing it tomorrow |
| 8/20/2024 | V Rodriguez | 0.1 | Strategy conference re proceeding to file the Complaint, when to file and how to file and serve it. |
| 8/20/2024 | Y Lissebeck | 0.1 | Review and respond to email re finalizing complaint and exhibits for filing |
| 8/21/2024 | K Hemphill | 0.5 | Review Complaint and Exhibits to Complaint and revise formatting as needed. |
| 8/21/2024 | V Rodriguez | 0.1 | Revising the Notice of Compliance with Rule 7026. |
| 8/21/2024 | V Rodriguez | 1.5 | Revising the Complaint to include information regarding the Protective Order and conducting further review and revisions to the entire Complaint before filing. |
| 8/21/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re revising the Complaint to include information re the Protective Order |
| 8/21/2024 | V Rodriguez | 0.2 | Updating the Work in Progress Report with the latest status of the case. |
| 8/21/2024 | V Rodriguez | 0.7 | Drafting revisions to the exhibits to the Complaint to include the Protective Order and to properly label all exhibits. |
| 8/21/2024 | V Rodriguez | 0.3 | Finalizing the Complaint, exhibits, and Notice of Compliance with Rule 7026 before filing. |
| 8/22/2024 | Y Lissebeck | 0.1 | Review email from S. Johnston re status of filing complaint |
| 8/23/2024 | S Johnston | 1 | Additional edits to disallowance of claim portions of complaint |
| 8/27/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re making further revisions to the Complaint |
| 8/28/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Attorney Y. Lissebeck and Attorney S. Johnston re a short summary of the status of the case to include in the LPG fee application. |
| 9/9/2024 | S Johnston | 0.1 | Confirm complaint versus objection route for affiliate |
| 9/9/2024 | V Rodriguez | 0.2 | Correspondence to Attorney S. Johnston re the affiliate having filed a proof of claim and whether she would like the objection to claim or complaint filed first. |
| 9/9/2024 | V Rodriguez | 0.2 | Review and analysis of the claims register and the Omni proof of claim spreadsheet to confirm that this affiliate did not file an administrative or priority claim. |
| 9/9/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re whether this affiliate filed an administrative or priority claim. |
| 9/10/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re moving forward with the Complaint since the proof of claim filed by the affiliate is not a priority or administrative |
| 9/11/2024 | V Rodriguez | 1.2 | Research and analysis of an adversary complaint in the U.S. BK. Central District that contains claims for relief that can potentially be used in the affiliate complaint |

39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39
39

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 39 | 9/13/2024 | S Johnston | 0.1 | Confirm updated pre and post-petition financial reports |
| 39 | 9/13/2024 | V Rodriguez | 0.3 | Review and analysis of the updated 4-year pre-petition disbursement summary and comparing it to the previous provided summaries to determine if the amount of funds paid to the affiliate has changed such that the complaint would need to be revised. |
| 39 | 9/13/2024 | V Rodriguez | 0.1 | Review of 23 correspondences from the U.S. Bankruptcy Court Central District of California regarding recent filings in the main bankruptcy case to determine if they are relevant to this matter. |
| 39 | 9/13/2024 | V Rodriguez | 0.3 | Review and analysis of the updated post-petition disbursement summary and comparing it to the previous provided summary to determine if the amount of funds paid to the affiliate has changed. |
| 39 | 9/13/2024 | V Rodriguez | 0.2 | Correspondence to Attorney S. Johnston re there being no changes to the 4-year and 90-day pre-petition disbursement summaries compared to the previously provided summaries, and no changes to the post-petition disbursement summary compared to the previously provided summary. |
| 39 | 9/13/2024 | V Rodriguez | 0.1 | Review and analysis of the complaint to ensure that the 4-year pre-petition disbursement numbers and the 90-day pre-petition disbursement numbers match the updated numbers. |
| 39 | 9/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re reviewing the attached pre-petition and post-petition disbursement summaries to confirm whether the amounts of funds paid to the affiliate has changed. |
| 39 | 9/13/2024 | V Rodriguez | 0.3 | Review and analysis of the updated 90-day pre-petition disbursement summary and comparing it to the previous provided summaries to determine if the amount of funds paid to the affiliate has changed such that the complaint would need to be revised. |
| 39 | 9/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re there being no changes to the 4-year and 90-day pre-petition disbursement summaries compared to the previously provided summaries, and no changes to the post-petition disbursement summary compared to the previously provided summary. |
| 39 | 9/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re whether we have asserted a claim for relief in the complaint re CA Civil Code section 3439.04(b). |
| 39 | 9/16/2024 | V Rodriguez | 1.7 | Research and analysis of cases that allege similar claims for relief to determine if there are additional claims for relief that can be alleged in the complaint. |
| 39 | 9/16/2024 | V Rodriguez | 0.3 | Detailed correspondence to Attorney S. Johnston re asserting an additional claim for relief in the complaint re CA Civil Code section 3439.04(b). |
| 39 | 9/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re whether the proposed revisions to the complaint can be finalized this week. |

EXHIBIT "D"

Page 312

## BC Consulting Group, LLC (143576-40)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 1.60 | $792.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.30 | $1,713.50 |
| Vanessa Rodriguez | Associate | $385.00 | 11.40 | $4,389.00 |
| | | **TOTALS** | **15.30** | **$6,894.50** |

EXHIBIT "D"

Page 313

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/2/2024 | V Rodriguez | 0.2 | Drafting the Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 For an Order Authorizing the Production of Documents by BC Consulting Group, LLC dba Paralegal Assistance Center |
| 7/5/2024 | V Rodriguez | 0.4 | Drafting the Order Granting Chapter 11 Trustee's Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents by BC Consulting Group, LLC dba Paralegal Assistance Center. |
| 7/5/2024 | V Rodriguez | 0.4 | Compiling the exhibits to the 2004 Motion |
| 7/5/2024 | V Rodriguez | 2.5 | Drafting the Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 For an Order Authorizing the Production of Documents by BC Consulting Group, LLC dba Paralegal Assistance Center |
| 7/5/2024 | Y Lissebeck | 0.5 | Review and revise 2004 application and subpoena to include additional meet and confer facts |
| 7/5/2024 | Y Lissebeck | 0.2 | Review and further revise 2004 application notice and discuss filing motion with V. Rodriguez |
| 7/5/2024 | Y Lissebeck | 0.1 | Draft email to V. Rodriguez re revisions to 2004 application and inclusion of new facts |
| 7/8/2024 | V Rodriguez | 0.1 | Review of the LOU confirmation page regarding the lodged Proposed Order regarding the 2004 Motion. |
| 7/9/2024 | V Rodriguez | 0.1 | Receipt and review of correspondence from the U.S. Bankruptcy Court Central District of California regarding the Order granting the 2004 Motion. |
| 7/9/2024 | V Rodriguez | 0.1 | Receipt and review of correspondence from Attorney Y. Lissebeck regarding personally serving the 2004 subpoena and potentially drafting a Notice of Subpoena |
| 7/9/2024 | V Rodriguez | 0.2 | Strategy conference regarding preparing and serving a subpoena on BC Consulting Group for document production. |
| 7/9/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from V. Rodriguez re 2004 subpoena and notice of subpoena |
| 7/10/2024 | V Rodriguez | 0.5 | Review and revise the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case |
| 7/10/2024 | V Rodriguez | 0.9 | Review and revise the Plaintiff and Chapter 11 Trustee Richard A. Marshack's Notice of Subpoena to Produce Documents, Information, or Objects to BC Consulting Group, LLC dba Paralegal Assistance Center for filing |
| 7/10/2024 | V Rodriguez | 0.7 | Research and analysis of the local bankruptcy rules, federal rules of civil procedure, and federal rules of bankruptcy procedure regarding the method to serve a subpoena pursuant to a Rule 2004 Examination |
| 7/10/2024 | Y Lissebeck | 0.2 | Review and respond to notice of subpoena email from V. Rodriguez and respond re notice and service of subpoena and order |

40

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 40 | 7/11/2024 | V Rodriguez | 0.2 | Review of several correspondences with Dinsmore Attorney Y. Lissebeck regarding proceeding with personal service of the Subpoena on BC Consulting, the filing of the Notice of Subpoena, and which attorney service to use for service |
| 40 | 7/11/2024 | Y Lissebeck | 0.2 | Review and respond to email from V. Rodriguez re service of subpoena and filing of |
| 40 | 7/22/2024 | V Rodriguez | 0.3 | Research and analysis of the Federal Rules of Civil Procedure and The Central Guide to determine if the Proof of Service regarding the Subpoena and Order to produce documents needs to be filed. |
| 40 | 7/22/2024 | V Rodriguez | 0.1 | Review and analysis of the proof of service regarding the Subpoena and Order to produce documents. |
| 40 | 7/22/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney Y. Lissebeck regarding not filing the Proof of Service regarding the Subpoena and Order, and the deadline for BC Consulting to produce documents pursuant to the Subpoena and Order. |
| 40 | 7/31/2024 | V Rodriguez | 0.4 | Detailed correspondence to the client regarding the status of the case, the Defendant's failure to respond to the Subpoena and Court Order, and a potential settlement offer. |
| 40 | 7/31/2024 | V Rodriguez | 0.3 | Correspondence to Dinsmore Attorney Y. Lissebeck regarding a potential settlement offer to propose to the client after reviewing and analyzing the 90-day preference period numbers and 4-year fraudulent conveyance numbers |
| 40 | 8/2/2024 | S Johnston | 0.3 | Work on 2004 production review and update for potential compel motion |
| 40 | 8/2/2024 | V Rodriguez | 0.1 | Review and analysis of the LPG Post-Petition Disbursement Summary to determine if the Defendant received a 549 payment over $30,000 to determine if a demand letter should be sent to the litigation target. |
| 40 | 8/2/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney S. Johnston regarding whether BC Consulting Group provided document production by last week's deadline and regarding the 90-day and 4-year conveyance amounts |
| 40 | 8/2/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney S. Johnston regarding adding the LPG Post-Petition Disbursement Summary to the file if they are listed on the summary |
| 40 | 8/2/2024 | Y Lissebeck | 0.1 | Telephone call with S. Johnston re case strategy and status |
| 40 | 8/14/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re whether to proceed with settlement discussions with the Defendant and whether to request that they provide documents pursuant to the subpoena. |
| 40 | 8/16/2024 | S Johnston | 0.2 | Make recommendation to V. Rodriguez for settlement discussions versus compelling production |
| 40 | 8/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re calling the Defendant to request the outstanding documentation and asking him if he would like to make a settlement offer |
| 40 | 8/19/2024 | V Rodriguez | 0.2 | Correspondence to Attorney S. Johnston re the outcome of the telephone call with B. DeFelice re producing the documents and information requested in the Subpoena by August 23, 2024. |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/19/2024 | V Rodriguez | 0.3 | Telephone call to BC Consulting's principal B. DeFelice re producing the documents and information requested in the Subpoena by August 23, 2024. |
| 8/19/2024 | Y Lissebeck | 0.2 | Review email from BC Consulting providing documents and reply to V. Rodriguez requesting strategy moving forward |
| 8/20/2024 | S Johnston | 0.5 | Work on 2004 production initial review for potential settlement and/or need for complaint |
| 8/20/2024 | V Rodriguez | 0.1 | Strategy conference re reviewing the documents provided by B. DeFelice to determine if his insolvency claims are accurate and whether all of the documents requested in the Subpoena were produced. |
| 8/20/2024 | V Rodriguez | 0.1 | Review of multiple voicemails from B. DeFelice re providing any and all documents requested in the Subpoena. |
| 8/20/2024 | V Rodriguez | 0.2 | Review of multiple correspondences from B. DeFelice re the attached documents requested in the Subpoena |
| 8/20/2024 | Y Lissebeck | 0.2 | Review and respond to email from V. Rodriguez re documents produced and settlement issues |
| 8/21/2024 | V Rodriguez | 0.4 | Review of multiple correspondences from Attorney Y. Lissebeck re the Defendant's submission of several documents and the plan of action to pursue the case |
| 8/21/2024 | Y Lissebeck | 0.2 | Review and respond to email from V. Rodriguez re documents produced, insolvency and settlement issues |
| 8/28/2024 | V Rodriguez | 0.1 | Review of multiple correspondences from Attorney Y. Lissebeck and Attorney S. Johnston re a short summary of the status of the case to include in the LPG fee application. |
| 9/9/2024 | S Johnston | 0.1 | Examine s drive for priority claims and objection deadlines |
| 9/9/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re whether this affiliate filed an administrative or priority claim. |
| 9/9/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re the affiliate not having filed an administrative or priority claim. |
| 9/9/2024 | V Rodriguez | 0.2 | Review and analysis of the claims register and the Omni proof of claim spreadsheet to confirm that this affiliate did not file an administrative or priority claim. |
| 9/13/2024 | S Johnston | 0.1 | Confirm updated pre and post-petition financial reports |
| 9/13/2024 | V Rodriguez | 0.3 | Review and analysis of the updated post-petition disbursement summary and comparing it to the previous provided summary to determine if the amount of funds paid to the affiliate has changed. |
| 9/13/2024 | V Rodriguez | 0.1 | Review and analysis of the 2004 motion to ensure that the 4-year pre-petition disbursement numbers and the 90-day pre-petition disbursement numbers match the |
| 9/13/2024 | V Rodriguez | 0.3 | Review and analysis of the updated 4-year pre-petition disbursement summary and comparing it to the previous provided summaries to determine if the amount of funds paid to the affiliate has changed such that the complaint would need to be revised. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 40 | 9/13/2024 | V Rodriguez | 0.3 | Review and analysis of the updated 90-day pre-petition disbursement summary and comparing it to the previous provided summaries to determine if the amount of funds paid to the affiliate has changed such that the complaint would need to be revised. |
| 40 | 9/13/2024 | V Rodriguez | 0.2 | Correspondence to Attorney S. Johnston re there being no changes to the 4-year and 90-day pre-petition disbursement summaries compared to the previously provided summaries, and no changes to the post-petition disbursement summary compared to the previously provided summary. |
| 40 | 9/13/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re reviewing the attached pre-petition and post-petition disbursement summaries to confirm whether the amounts of funds paid to the affiliate has changed. |
| 40 | 9/16/2024 | S Johnston | 0.3 | Recommendation to V. Rodriguez for settlement |
| 40 | 9/16/2024 | V Rodriguez | 0.1 | Correspondence to Attorney S. Johnston re the method for pursing this case and the review of the financial documents provided by the affiliate. |
| 40 | 9/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re the method for pursing this case and the review of the financial documents provided by the affiliate. |
| 40 | 9/16/2024 | V Rodriguez | 0.1 | Review of correspondence from Attorney S. Johnston re there being no changes to the 4-year and 90-day pre-petition disbursement summaries compared to the previously provided summaries, and no changes to the post-petition disbursement summary compared to the previously provided summary. |
| 40 | 9/16/2024 | Y Lissebeck | 0.2 | Review various emails between V. Rodgriguez and S. Johnston re documents, settlement and final review and demand |
| 40 | 9/17/2024 | S Johnston | 0.1 | Discuss document review timeline with V. Rodriguez |

EXHIBIT "D"

Page 317

### EZ Debt Relief Inc. (143576-41)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 2.30 | $1,138.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Jacob R. Bothamley | Associate | $405.00 | .70 | $283.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .20 | $73.00 |
| | | **TOTALS** | **3.40** | **$1,644.00** |

EXHIBIT "D"

Page 318

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/2/2024 | Y Lissebeck | 0.1 | Telephone call with S. Johnston re case strategy and status |
| 8/16/2024 | J Bothamley | 0.1 | Review 4-year and 90-day disbursement details for EZ Debt and update EZ Debt file with breakdown. |
| 8/18/2024 | J Bothamley | 0.3 | Respond to S. Johnston's request for case updates on EZ Debt Relief by reviewing relevant files and correspondence. |
| 8/21/2024 | S Johnston | 0.5 | Work on demand versus complaint next steps with J. Bothamley |
| 8/22/2024 | S Johnston | 0.3 | Continued complaint vs. discovery vs. demand strategy discussion with J. Bothamley |
| 8/23/2024 | J Bothamley | 0.3 | Review and respond to comments from S. Johnston re documents certain docs reviewed and corresponding bank statements, and general case strategy. |
| 8/26/2024 | S Johnston | 0.3 | Continued recommendations to J. Bothamley re settlement and affidavit exchange |
| 8/27/2024 | S Johnston | 0.1 | Brief discussion with J. Bothamley re settlement amounts and exchanges |
| 9/4/2024 | S Johnston | 0.5 | Recommendations to J. Bothamley for next steps in light of bank statements |
| 9/5/2024 | R Simmons | 0.2 | Process EZ Debt bank statements into Viewpoint doc review database |
| 9/9/2024 | S Johnston | 0.1 | Confirm non-priority status of claims |
| 9/17/2024 | S Johnston | 0.2 | Analyze updated EZ Debt figures from J. Bothamley for settlement versus demand versus complaint strategy |
| 9/20/2024 | S Johnston | 0.3 | Work on settlement proposal, document review, ████████████ recommendation to J. Bothamley |
| 9/20/2024 | Y Lissebeck | 0.1 | Review and respond to email from S. Johnston re moving case forward, settlement issues and declaration |

41

EXHIBIT "D"

Page 319

## Summit Marketing Solutions Inc. (143576-42)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A Johnston | Partner | $495.00 | 1.00 | $495.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| Jacob R. Bothamley | Associate | $405.00 | 10.20 | $4,131.00 |
| | | | **TOTALS** **11.30** | **$4,700.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 42 | 7/3/2024 | J Bothamley | 0.1 | Call w/ Brent Phillips, rep for Summit, re declaration resolving 2004 motion productions issues. |
| 42 | 7/3/2024 | J Bothamley | 0.2 | Send proposed language for declaration re 2004 motion resolution to Brent Phillips for review. |
| 42 | 7/5/2024 | J Bothamley | 2 | Review and analyze first set of documents produced by Summit Marketing solutions, add new names and affiliations to encyclopedia. |
| 42 | 7/5/2024 | J Bothamley | 2.7 | Review and analyze second set of documents produced by Summit, add names and affiliations to encyclopedia, draft further follow up questions for Brent Phillips on continuing production. |
| 42 | 7/5/2024 | J Bothamley | 0.3 | Develop strategy for follow up with Brent Phillips, counsel for Summit, on further production of documents Summit likely still has. |
| 42 | 7/9/2024 | J Bothamley | 0.1 | Check main LPG docket to see if Summit filed a declaration on continuing production of documents. |
| 42 | 7/9/2024 | J Bothamley | 0.4 | Email to Brent Phillips, counsel to Summit, re update on review of produced docs and request produce further docs as previously discussed. |
| 42 | 7/15/2024 | J Bothamley | 0.1 | Follow up email to Brent Phillips, counsel for Summit Marketing, re request for further production of documents noted in emails produced, and see if migration of data is |
| 42 | 7/23/2024 | J Bothamley | 0.1 | Email to B. Phillips, counsel for Summit re follow up on additional document production. |
| 42 | 7/24/2024 | J Bothamley | 0.3 | Call with B. Phillips of Summit Marketing Solutions re supplemental document production and options to accomplish second round of production. |
| 42 | 7/24/2024 | J Bothamley | 0.8 | Review and analyze sample initial disclosures sent by V. Rodriguez and L. Epley |
| 42 | 8/2/2024 | S Johnston | 0.2 | Work on production supplement detail to determine if 2004 is necessary |
| 42 | 8/2/2024 | Y Lissebeck | 0.1 | Telephone call with S. Johnston re case strategy and status |
| 42 | 8/16/2024 | J Bothamley | 0.1 | Review 4-year and 90-day disbursement details for EZ Debt and update EZ Debt file with breakdown. |
| 42 | 8/18/2024 | J Bothamley | 0.3 | Respond to S. Johnston's request for case updates on Summit Marketing by reviewing relevant files and correspondence. |
| 42 | 8/21/2024 | S Johnston | 0.4 | Recommend next steps for demand, production, and filing to J. Bothamley |
| 42 | 9/9/2024 | S Johnston | 0.1 | Confirm non-priority status of claims |
| 42 | 9/16/2024 | J Bothamley | 0.3 | Review and respond to email from S. Johnston re affiliate case developments re Summit Marketing and associated case deadlines. |
| 42 | 9/19/2024 | J Bothamley | 1 | Email to S. Johnston re general update on cases and a plan for approaching the LPG affiliates: EZ Debt and Summit Marketing. |
| 42 | 9/19/2024 | J Bothamley | 1.4 | Review produced Summit documents for mentions of Validation LLC. |
| 42 | 9/20/2024 | S Johnston | 0.3 | Work on complaint strategy for Summit/Validation affiliate agreement implications and document review with J. Bothamley |

EXHIBIT "D"

Page 321

**Gotham Trading NYC (143576-50)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.30 | $812.50 |
| Jeremy B. Freedman | Associate | $465.00 | .30 | $139.50 |
| | | **TOTALS** | **1.60** | **$952.00** |

EXHIBIT "D"

Page 322

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/15/2024 | C Ghio | 1.3 | Review and revise/approve subpoena to Gotham Trading |
| 7/23/2024 | J Freedman | 0.2 | Finalize document demand to subpoena to Gotham Trading to obtain critical information regarding recoverable transfers |
| 8/6/2024 | J Freedman | 0.1 | Review and analysis of proof of service of subpoena on Gotham Trading to ensure proper service necessary to obtain critical records related to fraudulent transfers |

50
50

50

EXHIBIT "D"

Page 323

## Consumer/Creditor Communications (143576-53)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| Jamie D. Mottola | Associate | $455.00 | 49.40 | $22,477.00 |
| Wendy Yones | Paraprofessional | $205.00 | .40 | $82.00 |
| | | **TOTALS** | **50.10** | **$22,782.50** |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 7/2/2024 | J Mottola | 2.3 | Analyze and respond to approximately 1 mailing, 8 email and 5 live phone/voicemail inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 7/3/2024 | J Mottola | 2.5 | Analyze and respond to approximately 6 email and 8 live phone/voicemail inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 7/9/2024 | J Mottola | 2 | Analyze and respond to approximately 2 physical mailing, 16 email and 7 live phone/voicemails inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 7/10/2024 | J Mottola | 1.1 | Analyze and respond to approximately 4 email and _ live phone/voicemails inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 7/17/2024 | J Mottola | 2 | Analyze and respond to approximately 2 mailings, 15 email and 2 live phone/voicemails inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 7/18/2024 | J Mottola | 0.8 | Analyze and respond to approximately 3 email and 2 live phone/voicemails inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 7/22/2024 | J Mottola | 0.9 | Analyze and respond to approximately 3 email and 2 live phone/voicemails inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |

EXHIBIT "D"
Page 325

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 53 | 7/24/2024 | J Mottola | 1.9 | Analyze and respond to approximately 4 mailing, 3 live phone/voicemail, and 3 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 7/25/2024 | J Mottola | 0.6 | Analyze and respond to approximately 2 live phone/voicemail, and 1 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 7/26/2024 | J Mottola | 2 | Analyze and respond to approximately 4 live phone/voicemail, and 6 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 7/29/2024 | J Mottola | 1.5 | Analyze and respond to approximately 2 live phone/voicemail, and 6 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 7/29/2024 | Y Lissebeck | 0.3 | Review and revise fee examiner stipulation |
| 53 | 7/30/2024 | J Mottola | 2 | Analyze and respond to approximately 3 live phone/voicemail, and 6 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 7/31/2024 | J Mottola | 0.5 | Analyze and respond to approximately 2 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent |
| 53 | 8/1/2024 | J Mottola | 1 | Analyze and respond to approximately 2 live telephone/voice mail and 3 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 53 | 8/2/2024 | J Mottola | 1 | Analyze and respond to approximately 2 live telephone/voice mail and 3 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/7/2024 | J Mottola | 1 | Analyze and respond to approximately 2 live telephone/voice mail and 3 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/8/2024 | J Mottola | 1 | Analyze and respond to approximately 1 live telephone/voice mail and 5 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/9/2024 | J Mottola | 1 | Analyze and respond to approximately 3 live telephone/voice mail and 4 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/13/2024 | J Mottola | 1 | Analyze and respond to approximately 2 live telephone/voice mail and 7 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/14/2024 | J Mottola | 0.8 | Analyze and respond to approximately 3 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent |
| 53 | 8/15/2024 | J Mottola | 0.8 | Analyze and respond to approximately 1 live telephone/voice mail and 3 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 53 | 8/16/2024 | J Mottola | 1.5 | Analyze and respond to approximately 1 live telephone/voice mail and 10 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/19/2024 | J Mottola | 1 | Analyze and respond to approximately 2 live telephone/voice mail and 3 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/20/2024 | J Mottola | 1 | Analyze and respond to approximately 1 live telephone/voice mail and 7 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/21/2024 | J Mottola | 1.5 | Analyze and respond to approximately 1 physical mailing, 2 live telephone/voice mail and 2 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 53 | 8/22/2024 | J Mottola | 0.7 | Analyze and respond to approximately 2 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent |
| 53 | 8/26/2024 | J Mottola | 0.8 | Analyze and respond to approximately 5 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent |
| 53 | 8/28/2024 | J Mottola | 1 | Analyze and respond to approximately 7 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent |
| 53 | 8/30/2024 | J Mottola | 1.1 | Analyze and respond to approximately 2 live/voicemail, 2 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 8/30/2024 | J Mottola | 0.6 | Revise Frequently Asked Questions form provided to LPG consumers in response to telephone or email inquiries to reflect most commonly occurring questions/concerns in an effort to keep LPG consumers informed of developments in LPG's bankruptcy case. | 53 |
| 8/31/2024 | J Mottola | 0.8 | Analyze and respond to approximately 2 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent | 53 |
| 9/3/2024 | J Mottola | 1.2 | Analyze and respond to approximately 2 live/voicemail call, 5 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 9/4/2024 | J Mottola | 2.1 | Analyze and respond to approximately 4 live/voicemail call, 5 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 9/10/2024 | J Mottola | 1.6 | Analyze and respond to approximately 3 live/voicemail call, 4 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 9/11/2024 | J Mottola | 1 | Analyze and respond to approximately 4 live/voicemail call, 1 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 9/12/2024 | J Mottola | 1.4 | Analyze and respond to approximately 4 live/voicemail call, 1 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |
| 9/16/2024 | J Mottola | 0.8 | Analyze and respond to approximately 2 live/voicemail call, 2 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. | 53 |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/17/2024 | J Mottola | 0.8 | Analyze and respond to approximately 3 live/voicemail call inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent |
| 9/18/2024 | J Mottola | 0.5 | Revise Frequently Asked Questions form provided to LPG consumers in response to telephone or email inquiries to reflect most commonly occurring questions/concerns in an effort to keep LPG consumers informed of developments in LPG's bankruptcy case. |
| 9/18/2024 | W Yones | 0.4 | Continued research and gather information for upcoming adversary proceeding filing |
| 9/20/2024 | J Mottola | 1.5 | Analyze and respond to approximately 5 live/voicemail call and 4 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumers in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent Solutions. |
| 9/23/2024 | J Mottola | 0.8 | Analyze and respond to approximately 4 email inquiries of LPG consumers regarding general questions in light of LPG's bankruptcy to provide non-legal analysis and information to LPG consumers and identify LPG consumer's in need of immediate assistance and escalate said inquiries to Morning Law Group and/or Omni Agent |

(Leftmost column values: 53, 53, 53, 53, 53)

EXHIBIT "D"

Page 330

### Azzure Capital LLC (143576-54)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 4.00 | $3,340.00 |
| M. Tyler Powell | Partner | $595.00 | 1.70 | $1,011.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Vanessa Rodriguez | Associate | $385.00 | .10 | $38.50 |
| Veneeta Jaswal | Associate | $460.00 | .90 | $414.00 |
| | | **TOTALS** | **6.90** | **$4,953.00** |

EXHIBIT "D"

Page 331

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 7/12/2024 | C Celentino | 1.9 | Outline and review evidence of settlement brief |
| 7/29/2024 | V Rodriguez | 0.1 | Review of correspondence from Dinsmore Attorney T. Powell regarding conducting research on why California law should apply to the Azzure Note instead of New York law and research regarding remedies for usury in non-codified California statutes |
| 8/1/2024 | C Celentino | 1.9 | Settlement stipulation and plan confirmation with sharon weiss of azzure |
| 8/6/2024 | V Jaswal | 0.9 | Research and draft memorandum regarding remedies available for usury |
| 8/12/2024 | C Celentino | 0.2 | Correspond with sharon re mediation |
| 8/21/2024 | MT Powell | 0.6 | Draft email to C. Celentino and Y. Lissebeck re expert witness for Azzure mediation, questions and documents to be produced from Azzure, and involvement of BAE with Debtor to consider in light of upcoming mediation with Azzure. |
| 8/22/2024 | MT Powell | 0.3 | Review and respond to emails with J. McGarvey re retention as expert witness in Azzure dispute and terms of engagement letter. |
| 9/18/2024 | Y Lissebeck | 0.1 | Review emails re mediation and documents needed from T. Powell |
| 9/19/2024 | MT Powell | 0.2 | Draft email to J. Golden, counsel for Oxford Knox, re acceptance of a subpoena duces tecum for his client re documents regarding BAE Enterprises, LLC and review response. |
| 9/19/2024 | Y Lissebeck | 0.1 | Review email from T. Powell to S. Weize re documents for upcoming mediation |
| 9/23/2024 | MT Powell | 0.6 | Review joinder of committee to motion for summary judgment as to Azzure and consider impact on existing motion and other arguments. |

54 (far left column, repeated for each row)

EXHIBIT "D"

Page 332

## MCA Capital Holdings LLC (143576-56)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John A. Stephens | Partner | $545.00 | 10.00 | $5,450.00 |
| Veneeta Jaswal | Associate | $460.00 | 3.40 | $1,564.00 |
| Wendy Yones | Paraprofessional | $305.00 | .30 | $61.50 |
| | | **TOTALS** | **13.70** | **$7,075.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 56 | 7/29/2024 | J Stephens | 0.1 | Review email from Y. Lissebeck re: usury issues |
| 56 | 7/29/2024 | J Stephens | 0.2 | Review files re: same and prior MCA materials and prepare email re: same |
| 56 | 7/29/2024 | J Stephens | 0.1 | Conference with J. Bothamly re: same |
| 56 | 7/29/2024 | J Stephens | 0.1 | Conference with V. Jaswal re: same |
| 56 | 8/15/2024 | J Stephens | 0.2 | Review compilation of materials for possible MCA complaint against MCA Capital |
| 56 | 8/15/2024 | J Stephens | 0.1 | Conference with V. Jaswal |
| 56 | 8/19/2024 | J Stephens | 0.3 | Review files re: matrials on MCA Capital and repositories for additional materials |
| 56 | 8/19/2024 | J Stephens | 0.2 | Prepare email to V. Jaswal re: same |
| 56 | 8/19/2024 | V Jaswal | 0.3 | Plan and prepare to review all documents and analyze whether a complaint should be filed |
| 56 | 8/21/2024 | J Stephens | 0.1 | Review email from V. Jaswal re: status of MCA Capital document review |
| 56 | 8/21/2024 | V Jaswal | 0.2 | Draft and send internal email summarizing all documents reviewed and whether relevant documents were discovered |
| 56 | 8/22/2024 | J Stephens | 0.1 | Review email from Y. Lissebeck re: MCA Capital complaint |
| 56 | 8/23/2024 | J Stephens | 0.1 | Review email from V. Jaswal re: status of MCA Capital review analysis |
| 56 | 8/26/2024 | J Stephens | 0.2 | Prepare email to V. Jaswal re: status of MCA Capital research and recommendation |
| 56 | 8/27/2024 | J Stephens | 0.3 | Review email from V. Jaswal re: MCA Capital materials and review materials |
| 56 | 8/30/2024 | J Stephens | 0.4 | Review additional materials on MCA Capital from V. Jaswal and W. Yones re: possible complaint |
| 56 | 9/3/2024 | V Jaswal | 0.6 | Review additional documents regarding potentially related entities to MCA Capital Holdings, LLC |
| 56 | 9/10/2024 | V Jaswal | 0.1 | Draft and send internal email confirming no priority or administrative claims filed by defendant |
| 56 | 9/11/2024 | J Stephens | 0.1 | Exchange email with V. Jaswal re: no MCA Capital Proof of Claim |
| 56 | 9/11/2024 | V Jaswal | 0.6 | Research to determine whether MCA Capital filed an administrative or priority claim |
| 56 | 9/12/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: list of claims and MCA Capital |
| 56 | 9/12/2024 | J Stephens | 0.3 | Review information from paralegal re: MCA Capital transfer materials |
| 56 | 9/12/2024 | V Jaswal | 0.2 | Review list of claims filed with Omni to confirm none filed by defendant |
| 56 | 9/13/2024 | J Stephens | 0.3 | Review files on MCA Capital re: lawsuit |
| 56 | 9/13/2024 | J Stephens | 0.3 | Exchange email with V. jaswal re: investigation of NY lawsuit |
| 56 | 9/13/2024 | J Stephens | 0.3 | Exchange email with W. Yones re: MCA Capital email documents |
| 56 | 9/13/2024 | J Stephens | 0.2 | Brief review of MCA Capital email |
| 56 | 9/13/2024 | V Jaswal | 1.2 | Research and inventory documents related to lawsuit filed by defendant against LPG before bankruptcy in New York |
| 56 | 9/16/2024 | J Stephens | 0.3 | Review additional materials |
| 56 | 9/17/2024 | J Stephens | 0.3 | Conference with paralegal W. Yones re: additional MCA Capital documents and brief review |
| 56 | 9/17/2024 | V Jaswal | 0.2 | Review records to determine whether defendant received aa post-petition payment |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 56 | 9/17/2024 | W Yones | 0.3 | Research and gather information for upcoming adversary proceeding filing |
| 56 | 9/18/2024 | J Stephens | 0.8 | Continue review of MCA Capital email re: sources of LPG fund distributions and amounts |
| 56 | 9/18/2024 | J Stephens | 0.3 | Review LPG email re: possible d/b/a/s for MCA Capital |
| 56 | 9/18/2024 | J Stephens | 0.3 | Review information from NY Department of State re: multiple MCA Capital entities |
| 56 | 9/18/2024 | J Stephens | 0.4 | Review bank statement re: MCA Capital distributions |
| 56 | 9/19/2024 | J Stephens | 0.3 | Review NY Secretary of State information for MCA Capital and related entities |
| 56 | 9/19/2024 | J Stephens | 0.5 | Access NY Secretary of State website re: additional filings by entities to determine overlapping officials |
| 56 | 9/19/2024 | J Stephens | 0.4 | Access NY Supreme Court website re: MCA Capital v. LPG |
| 56 | 9/19/2024 | J Stephens | 0.3 | Additional online research re: same |
| 56 | 9/20/2024 | J Stephens | 0.3 | Meeting with paralegal re: additional research of MCA Capital NY lawsuit and of MCA Capital possible affiliates |
| 56 | 9/20/2024 | J Stephens | 0.3 | Exchange email re: same and JHS NY bar information |
| 56 | 9/20/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: additional investigation |
| 56 | 9/23/2024 | J Stephens | 0.2 | Exchange email with paralegal re: NY court records in MCA Capital lawsuit and JHS NY bar credentials |
| 56 | 9/23/2024 | J Stephens | 0.6 | Review all available MCA Capital materials re: possible basis for lawsuit |
| 56 | 9/23/2024 | J Stephens | 0.3 | Prepare email to T. Powell re: MCA Capital materials and documents in his possession |

EXHIBIT "D"

Page 335

**MCDVI Fund 2 LLC, MCDVI Fund 2, LLC, Debt Validation Fund II, LLC, Venture**

**Partners, LLC and ProofPositive (143576-57)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| | | **TOTALS** | .10 | $74.50 |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/27/2024 | Y Lissebeck | 0.1 | Review email from N. Cooper re MCDVI parties and accounting records |

57

EXHIBIT "D"

Page 337

## ProofPositive LLC (143576-59)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | .60 | $357.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| | | **TOTALS** | **1.00** | **$655.00** |

EXHIBIT "D"

Page 338

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 59 | 9/17/2024 | MT Powell | 0.6 | Review and respond to email from T. Hanson re payments to Proofpositive and Venture Partners with questions about the information he provided regarding transactions between Debtor and Venture Partners and Proofpositive. |
| 59 | 9/17/2024 | Y Lissebeck | 0.2 | Review various emails between T. Powell and T. Hanson re avoidance action, documents to produce and analysis to be done by T. Hanson in defense of action |
| 59 | 9/23/2024 | Y Lissebeck | 0.2 | Review email from T. Hanson re obtaining information related to avoidance actions and documents related thereto |

EXHIBIT "D"

Page 339

## Venture Partners, LLC (143576-60)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| | | **TOTALS** | **.10** | **$74.50** |

EXHIBIT "D"

Page 340

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/11/2024 | Y Lissebeck | 0.1 | Review email from T. Hanson re demand for documents related to marketing and affiliate actions, and review email from T. Powell in reply |

60

EXHIBIT "D"

Page 341

## OHP-CDR, LP (143576-62)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 4.90 | $4,091.50 |
| Wendy Yones | Paraprofessional | $205.00 | 3.30 | $676.50 |
| | | **TOTALS** | **8.20** | **$4,768.00** |

EXHIBIT "D"

Page 342

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 62 | 7/15/2024 | W Yones | 1.2 | Compare client file purchase lists for OHP and Validation Partners for use Y. Lissebeck |
| 62 | 7/16/2024 | C Celentino | 1.8 | Review revise and edit MSJ re OHP on preference |
| 62 | 7/16/2024 | W Yones | 2.1 | Continue to compare client file purchase lists for OHP and Validation Partners for use Y. Lissebeck |
| 62 | 8/1/2024 | C Celentino | 3.1 | Settlement negotiations and multiple draft exhanges to settlment reached |

EXHIBIT "D"

Page 343

**Adv. Case No. 24-1001 - Secured Creditor Liquidation (143576-63)**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.40 | $875.00 |
| Christopher Celentino | Partner | $835.00 | 3.30 | $2,755.50 |
| Matthew Tyler Powell | Partner | $595.00 | 83.80 | $49,861.00 |
| John H. Stephens | Partner | $545.00 | .20 | $109.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 57.10 | $42,539.50 |
| Brandon E. Lira | Associate | $355.00 | 10.60 | $3,763.00 |
| Vanessa Rodriguez | Associate | $385.00 | .20 | $77.00 |
| Jessica M. Lavin | Associate | $375.00 | 7.70 | $2,887.50 |
| Wendy Yones | Paraprofessional | $205.00 | 11.70 | $2,398.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 4.60 | $989.00 |
| | | **TOTALS** | **180.60** | **$106,255.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 7/1/2024 | MT Powell | 1 | Draft Declaration of Y. Lissebeck for motion for summary judgment against Bridge. |
| 63 | 7/1/2024 | MT Powell | 3.3 | Draft and revise motion for summary judgment against Azzure. |
| 63 | 7/1/2024 | MT Powell | 0.7 | Finalize undisputed facts and conclusions of law. |
| 63 | 7/1/2024 | MT Powell | 0.7 | Revise and forward declarations of J. Teeple to him for review and approval |
| 63 | 7/1/2024 | MT Powell | 0.5 | Draft and revise Declaration of Y. Lissebeck. |
| 63 | 7/1/2024 | MT Powell | 0.3 | Telephone call with J. Teeple re requested changes to declaration |
| 63 | 7/1/2024 | Y Lissebeck | 0.2 | Review email from T. Powell re status of motions and respond |
| 63 | 7/1/2024 | Y Lissebeck | 0.5 | Review various issues for use in azure motion for summary judgment and respond with comments |
| 63 | 7/1/2024 | Y Lissebeck | 0.1 | Review email from J. Teeple re declaration and response |
| 63 | 7/1/2024 | Y Lissebeck | 0.1 | Draft email re declaration to T. Powell, review response and reply |
| 63 | 7/1/2024 | Y Lissebeck | 0.1 | Discuss filing motions with Trustee |
| 63 | 7/1/2024 | Y Lissebeck | 0.1 | Discuss filing motions with T. Powell |
| 63 | 7/1/2024 | Y Lissebeck | 0.4 | Review Lissebeck declaration in support of Azzure motion and supporting exhibits |
| 63 | 7/1/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re J. Teeple declaration |
| 63 | 7/1/2024 | Y Lissebeck | 0.1 | Review and Respond to email from T. Powell re diverse |
| 63 | 7/2/2024 | J Lavin | 1.9 | Assess and analyze Settlement Terms Sheet, Proof of Claim, and Complaint for purposes of preparing Settlement Agreement between Trustee and MNS Funding. (181 pages) |
| 63 | 7/2/2024 | J Lavin | 1 | Prepare draft Settlement Agreement between Trustee and MNS Funding. |
| 63 | 7/2/2024 | J Lavin | 2.6 | Prepare draft Motion for Order Approving Settlement Agreement as to MNS Funding and Declaration of Richard Marshack in support of same. |
| 63 | 7/2/2024 | MT Powell | 2.5 | Finalize Lissebeck and Teeple declarations for motion for summary judgment against Azzure |
| 63 | 7/2/2024 | MT Powell | 1 | Draft and revise Teeple and Lissebeck declarations for motion for summary judgment against Diverse for execution. |
| 63 | 7/2/2024 | MT Powell | 2.3 | Finalize motion for summary judgment against Azzure and all related pleadings for filing. |
| 63 | 7/2/2024 | MT Powell | 1.5 | Continue drafting motion for summary judgment against Diverse Capital and undisputed facts and conclusions of law for Diverse Capital motion. |
| 63 | 7/2/2024 | W Yones | 2.1 | Organize, mark and finalize exhibits and all supporting documents for the summary judgment motion regarding Azzure Capital LLC |
| 63 | 7/2/2024 | Y Lissebeck | 0.3 | Review exhibits to declaration |
| 63 | 7/2/2024 | Y Lissebeck | 0.2 | Review settlement email from secured parties |
| 63 | 7/2/2024 | Y Lissebeck | 0.1 | Draft email to trustee and OCC with copies of documents for Azzure Motion |
| 63 | 7/2/2024 | Y Lissebeck | 0.3 | Review diverse declarations and emails re finalizing motions |
| 63 | 7/2/2024 | Y Lissebeck | 0.5 | Revise and finalize NOL documents |
| 63 | 7/2/2024 | Y Lissebeck | 0.2 | Telephone call with T. Powell re NOL and findings of fact |
| 63 | 7/2/2024 | Y Lissebeck | 0.4 | Finalize and authorizing all documents against azzure for filing |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 7/2/2024 | Y Lissebeck | 0.2 | Review questions from J. Lavin re 9019 settlement with MNS and respond |
| 63 | 7/2/2024 | Y Lissebeck | 0.4 | Research re section 548 and forward 9th circuit law to T. Powell for diverse motion |
| 63 | 7/2/2024 | Y Lissebeck | 0.2 | Review and respond to various emails re finalizing motions and declarations for azzure filing |
| 63 | 7/2/2024 | Y Lissebeck | 0.1 | Review email to J. Teeple re diverse declaration |
| 63 | 7/2/2024 | Y Lissebeck | 0.1 | Review email to N. Rapoport re declaration in diverse |
| 63 | 7/2/2024 | Y Lissebeck | 0.2 | Review and respond to email re J. Teeple declaration and UCC statement and adding that to YML declaration if needed |
| 63 | 7/2/2024 | Y Lissebeck | 0.2 | Review declaration of YML and execute for filing |
| 63 | 7/2/2024 | MT Powell | 2.5 | Draft and revise memorandum of law for motion for summary judgment against Bridge Capital and related pleadings. |
| 63 | 7/3/2024 | MT Powell | 0.8 | Draft and finalize declaration of N. Rapoport for motion for summary judgment against Diverse. |
| 63 | 7/3/2024 | MT Powell | 2 | Finish drafting and revising undisputed facts and conclusions of law for motion for summary judgment against Bridge Funding |
| 63 | 7/3/2024 | MT Powell | 2 | Finish drafting memorandum of law in support of motion for summary judgment against Diverse Capital and related pleadings. |
| 63 | 7/3/2024 | W Yones | 2.2 | Organize, mark and finalize exhibits and all supporting documents for the summary judgment motion regarding Bridge Funding Cap LLC |
| 63 | 7/3/2024 | W Yones | 2.1 | Organize, mark and finalize exhibits and all supporting documents for the summary judgment motion regarding Diverse Capital LLC |
| 63 | 7/3/2024 | Y Lissebeck | 0.1 | Review various rules re POS and ECF service and forward to W. Yones for use |
| 63 | 7/3/2024 | Y Lissebeck | 0.1 | Review final documents for bridge summary judgment and clean up final typos |
| 63 | 7/3/2024 | Y Lissebeck | 0.2 | Telephone call with Trustee re status of motions and settlement |
| 63 | 7/3/2024 | Y Lissebeck | 0.1 | Draft email to OCC and trustee team with copy of Bridge motion for summary judgment for their review and consideration |
| 63 | 7/3/2024 | Y Lissebeck | 1.2 | Review and revise Bridge Motion for Summary Judgment |
| 63 | 7/3/2024 | Y Lissebeck | 0.8 | Review and revise YML bridge declaration in support of summary judgment |
| 63 | 7/3/2024 | Y Lissebeck | 0.2 | Review and approve Diverse motion for summary judgment for filing |
| 63 | 7/3/2024 | Y Lissebeck | 0.2 | Respond to secured creditor email re settlement offer and meeting |
| 63 | 7/3/2024 | Y Lissebeck | 0.1 | Draft email to OCC and trustee team with copy of diverse motion for summary judgment for their review and consideration |
| 63 | 7/3/2024 | Y Lissebeck | 0.2 | Telephone call with T. Powell re diverse motion for summary judgment |
| 63 | 7/3/2024 | Y Lissebeck | 1 | Review and revise diverse motion for summary judgment |
| 63 | 7/3/2024 | Y Lissebeck | 0.6 | Review all exhibits to diverse summary judgment motion and declaration |
| 63 | 7/3/2024 | Y Lissebeck | 0.8 | Review and revise YML declaration in support of summary judgment |
| 63 | 7/3/2024 | Y Lissebeck | 0.1 | Review and respond to emails re declaration for bridge motion and revisions thereto |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 7/3/2024 | Y Lissebeck | 0.1 | Review and respond to emails re declarations for diverse motion and revisions thereto |
| 63 | 7/5/2024 | MT Powell | 1.5 | Draft and revise settlement agreement between Trustee and MNS |
| 63 | 7/5/2024 | MT Powell | 0.6 | Review and respond to emails from counsel in Bridge adversary re settlement discussions and upcoming hearings. |
| 63 | 7/5/2024 | MT Powell | 0.2 | Review and respond to email from counsel for Diverse Capital re hearing date and settlement. |
| 63 | 7/5/2024 | Y Lissebeck | 0.1 | Review email from Diverse re continuance of hearing date for MSJ, discuss with T. Powell |
| 63 | 7/5/2024 | Y Lissebeck | 0.1 | Review email to Diverse re continuance and settlement |
| 63 | 7/5/2024 | Y Lissebeck | 0.1 | Draft email to MNS re settlement and ballot |
| 63 | 7/5/2024 | Y Lissebeck | 0.2 | Discuss settlement of MNS with T. Powell and revision to allowance of unsecured claim portion |
| 63 | 7/8/2024 | J Lavin | 1.1 | Continue to prepare draft Settlement Agreement and draft Motion for Order Approving Settlement Agreement as to MNS Funding and Declaration of Richard Marshack in support of same. |
| 63 | 7/8/2024 | MT Powell | 0.3 | Review and respond to email from counsel for Diverse Capital re settlement of secured creditor adversary. |
| 63 | 7/8/2024 | Y Lissebeck | 0.1 | Review email from Diverse re settlement offer, discuss same with T. Powell |
| 63 | 7/8/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re settlement offer of PECC and extension request |
| 63 | 7/8/2024 | Y Lissebeck | 0.1 | Telephone call with trustee re settlement offer from Diverse and counteroffer |
| 63 | 7/8/2024 | Y Lissebeck | 0.2 | Review email from PECC re request for continuance of hearing and respond re no continuance but request for counteroffer |
| 63 | 7/8/2024 | Y Lissebeck | 0.2 | Draft email to trustee and OCC re diverse settlement offer and provide suggested counter-offer |
| 63 | 7/9/2024 | Y Lissebeck | 0.1 | Review email from N. Koffroth re various settlements and respond re case status and strategy |
| 63 | 7/9/2024 | Y Lissebeck | 0.2 | Review email from PECC re settlement offer, forward to trustee for review and comment |
| 63 | 7/10/2024 | MT Powell | 0.4 | Briefly review objections of OHP and PECC to motions for summary judgment. |
| 63 | 7/10/2024 | Y Lissebeck | 0.2 | Review and respond to emails from trustee re settlement with PECC |
| 63 | 7/10/2024 | Y Lissebeck | 0.1 | Draft further email to trustee and OCC team re settlement |
| 63 | 7/10/2024 | Y Lissebeck | 0.2 | Draft email to Pecc re settlement and filing objection |
| 63 | 7/11/2024 | J Pitcock | 0.3 | Attention to pleadings filed by PECC Corp. in opposition to Trustee's Motion for Summary Judgment and follow up with T. Powell regarding same. |
| 63 | 7/11/2024 | MT Powell | 1.1 | Review objections to motions for summary judgment filed by PECC |
| 63 | 7/11/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re oppositions to PECC summary judgment motion and respond |
| 63 | 7/11/2024 | Y Lissebeck | 0.1 | Draft email to T. Powell and J. Lavin re MNS settlement and moving forward with documents |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 7/11/2024 | Y Lissebeck | 0.1 | Discuss opposition to PECC Summary judgment motion with trustee | 63 |
| 7/11/2024 | Y Lissebeck | 0.1 | Review email from C. Celentino re opposition to PECC summary judgment motion and respond | 63 |
| 7/12/2024 | J Lavin | 1.1 | Continue to prepare draft Settlement Agreement and draft Motion for Order Approving Settlement Agreement as to MNS Funding and Declaration of Richard Marshack in support of same. | 63 |
| 7/12/2024 | MT Powell | 1 | Revise and edit draft settlement agreement with MNS. | 63 |
| 7/12/2024 | MT Powell | 0.5 | Review response of PECC to motion for summary judgment and outline arguments for reply brief. | 63 |
| 7/12/2024 | MT Powell | 0.8 | Review docket for pleadings on appointment of Trustee | 63 |
| 7/12/2024 | Y Lissebeck | 0.1 | Review email re settlement agreement from J. Lavin and respond re declaration and documents | 63 |
| 7/12/2024 | Y Lissebeck | 0.2 | Review email from T. Powell re settlement language and respond with proposed language | 63 |
| 7/14/2024 | Y Lissebeck | 0.1 | Review email from Bridge re continuance and hearing dates | 63 |
| 7/14/2024 | Y Lissebeck | 0.1 | Forward email to T. Powell with comments on how to respond to Bridge | 63 |
| 7/14/2024 | Y Lissebeck | 0.1 | Review docket information for hearing dates | 63 |
| 7/15/2024 | MT Powell | 1.1 | Review and revise draft settlement agreement with MNS | 63 |
| 7/15/2024 | MT Powell | 0.3 | Review and respond re email from M. Ludwig re date of hearing and change in briefing schedule. Confirm hearing date and time with docket entries. | 63 |
| 7/15/2024 | MT Powell | 2.3 | Begin drafting reply to PECC objection to motion for summary judgment. | 63 |
| 7/15/2024 | MT Powell | 0.8 | Research cases on new value and forbearance for reply to PECCs objection to motion for summary judgment. | 63 |
| 7/15/2024 | Y Lissebeck | 0.4 | Review and revise settlement agreement with MNS | 63 |
| 7/16/2024 | MT Powell | 3.5 | Continue drafting reply to objection of PECC to motion for summary judgment. | 63 |
| 7/16/2024 | MT Powell | 1 | Research case law on sales with no new value being paid treated as preferences for reply to opposition of PECC Corp. | 63 |
| 7/16/2024 | Y Lissebeck | 0.2 | Review email from Diverse and respond with counteroffer to settlement | 63 |
| 7/16/2024 | Y Lissebeck | 0.1 | Review various emails to/from Bridge | 63 |
| 7/16/2024 | Y Lissebeck | 0.2 | Review PECC opposition to Motion for Summary Judgment in preparation for reviewing and revising reply | 63 |
| 7/17/2024 | J Pitcock | 0.3 | Prepare Proof of Service for Trustee's Reply in support of partial summary judgment. | 63 |
| 7/17/2024 | J Pitcock | 0.3 | Finalize and efile Plaintiff's Reply in Support of Motion for Partial Summary Judgment Against PECC Corp. Oversee service of same. | 63 |
| 7/17/2024 | MT Powell | 1.5 | Finish drafting and editing reply to opposition of PECC to motion for summary judgment to avoid recording of UCC statement. | 63 |
| 7/17/2024 | Y Lissebeck | 0.5 | Review and revise PECC reply | 63 |
| 7/17/2024 | Y Lissebeck | 0.2 | Review final PECC reply and authorize for filing | 63 |

EXHIBIT "D"
Page 348

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 7/17/2024 | Y Lissebeck | 0.1 | Draft email to parties with PECC reply for review and approval |
| 63 | 7/18/2024 | C Celentino | 0.1 | Confer re remaining liens and balances |
| 63 | 7/18/2024 | C Celentino | 0.2 | Discuss status of motions and arguments for hearings with C. Celentino and T. Powell |
| 63 | 7/18/2024 | C Celentino | 0.2 | Conference re diverse counteroffer and respond to email re settlement and strategy |
| 63 | 7/18/2024 | MT Powell | 1.3 | Prepare for conference call re Diverse settlement and waterfall of funds in plan |
| 63 | 7/18/2024 | Y Lissebeck | 0.1 | Discuss replies with C. Celentino and remaining liens and balances |
| 63 | 7/18/2024 | Y Lissebeck | 0.3 | Telephone call with trustee re settlements and strategy |
| 63 | 7/18/2024 | Y Lissebeck | 0.2 | Discuss status of motions and arguments for hearings with C. Celentino and T. Powell |
| 63 | 7/18/2024 | Y Lissebeck | 0.3 | Draft detailed email to OCC and Trustee team re money and settlements |
| 63 | 7/18/2024 | Y Lissebeck | 0.8 | Telephone call with OCC re settlement |
| 63 | 7/18/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re settlement |
| 63 | 7/18/2024 | Y Lissebeck | 0.4 | Draft term sheet with Diverse |
| 63 | 7/18/2024 | Y Lissebeck | 0.3 | Draft email to OCC and Trustee team re settlement offer from Diverse and provide information re secured creditor claims for context |
| 63 | 7/18/2024 | Y Lissebeck | 0.2 | Review diverse counteroffer and respond to email of C. Celentino re settlement and strategy |
| 63 | 7/19/2024 | C Celentino | 0.2 | Confer with team re MSJ with Bridge and Azzure and case strategy |
| 63 | 7/19/2024 | MT Powell | 0.7 | Review and respond to emails with R. Marshack, Trustee, and E. Hays, counsel for Trustee, re secured creditor settlements and strategy for upcoming hearings. |
| 63 | 7/19/2024 | MT Powell | 1 | Review and revise term sheet for Diverse settlement and forward to E. Birnberg, counsel for Diverse, for review. |
| 63 | 7/19/2024 | MT Powell | 0.4 | Discuss terms of term sheet and settlement with counsel for Diverse Capital |
| 63 | 7/19/2024 | Y Lissebeck | 0.2 | Review revised term sheet and respond with comments |
| 63 | 7/19/2024 | Y Lissebeck | 0.1 | Discuss settlements and 9019 motions with T.Powell |
| 63 | 7/19/2024 | Y Lissebeck | 0.2 | Review and respond to emails from T.Powell, C. Celentino and trustee re MSJ with Bridge and Azzure and case strategy |
| 63 | 7/19/2024 | Y Lissebeck | 0.1 | Review and respond to emails from N. koffroth re Diverse settlement |
| 63 | 7/19/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re Diverse settlement |
| 63 | 7/22/2024 | MT Powell | 0.3 | Review and respond to email from counsel for Diverse Capital re settlement term sheet. |
| 63 | 7/22/2024 | Y Lissebeck | 0.1 | Review various emails from T.powell re settlements |
| 63 | 7/22/2024 | Y Lissebeck | 0.1 | Review and respond to email from C. Burke re setting of hearing |
| 63 | 7/23/2024 | MT Powell | 1.4 | Draft and revise term sheet for settlement with Diverse Capital, LLC. |
| 63 | 7/23/2024 | MT Powell | 1.3 | Revise draft of motion to approve settlement agreement with MNS Funding. |
| 63 | 7/23/2024 | Y Lissebeck | 0.2 | Review email from T. Powell re revisions to Diverse settlement, respond thereto |
| 63 | 7/24/2024 | C Celentino | 0.3 | Review various emails from C. Celentino, T. Powell and E. Hays re stipulation and mediation issues with Azzure |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 63 | 7/24/2024 | MT Powell | 0.4 | Review and respond to emails with S. Weiss counsel for Azzure re motion for summary judgment against Azzure Capital and plan deadlines. |
| 63 | 7/24/2024 | MT Powell | 0.6 | Review and respond to emails with accountants at Grobstein re list of known debtor accounts and outstanding balances in any accounts. Request identification of accounts with positive balances. |
| 63 | 7/24/2024 | MT Powell | 0.5 | Review and respond to multiple emails with E. Birnberg counsel for Diverse Capital re term sheet and other settlement details. |
| 63 | 7/24/2024 | Y Lissebeck | 0.3 | Review various emails from C. Celentino, T. Powell and E. Hays re stipulation and mediation issues with Azzure |
| 63 | 7/24/2024 | Y Lissebeck | 0.1 | Review various emails from C. Haes and T. Powell re Bill.com supoena |
| 63 | 7/24/2024 | Y Lissebeck | 0.2 | Review various emails from T. Powwll re opposition of Bridge to MSJ |
| 63 | 7/25/2024 | C Celentino | 0.2 | Confer rere attachment issues and lien rights to proceeds, review various responses thereto |
| 63 | 7/25/2024 | J Pitcock | 0.4 | Review opposition pleadings filed by Bridge Funding re Plaintiff's Motion for Summary Judgment. |
| 63 | 7/25/2024 | J Pitcock | 0.6 | Finalize and file Stipulation Between Trustee and Diverse Capital and oversee service of same. |
| 63 | 7/25/2024 | MT Powell | 0.8 | Read and analyze objection of Bridge Funding Group and related pleadings. |
| 63 | 7/25/2024 | MT Powell | 1.7 | Review and analyze objection to motion for summary judgment filed by Bridge Funding Cap |
| 63 | 7/25/2024 | MT Powell | 0.6 | Draft and respond to email from N. Rapoport re additional declaration for reply to Bridge Funding Cap objection re interest in trust funds. |
| 63 | 7/25/2024 | MT Powell | 0.4 | Attention to executed term sheet with Diverse Capital and executed stipulation from E. Birnberg |
| 63 | 7/25/2024 | Y Lissebeck | 0.2 | Draft email to C. Celentino and E. Hays re attachment issues and lien rights to proceeds, review various responses thereto |
| 63 | 7/25/2024 | Y Lissebeck | 0.2 | Review and respond to emails re stipulation to mediate with Azzure and subordination of lien to fees |
| 63 | 7/25/2024 | Y Lissebeck | 0.1 | Review various emails from S. Weise re stipulation and motion for summary judgment |
| 63 | 7/26/2024 | C Celentino | 0.2 | Confer re re MNS settlement and 9019 motion |
| 63 | 7/26/2024 | C Ghio | 1.4 | Review Nick Koffroth email and analysis re terms for continuance of Motion for Summary Judgment as to Azzure in connection with Confirmation. |
| 63 | 7/26/2024 | J Pitcock | 0.3 | Review Order continuing hearing on motion for partial summary judgment relating to Azzure Capital and update hearing calendar. |
| 63 | 7/26/2024 | MT Powell | 0.7 | Draft settlement agreement for Diverse Capital |
| 63 | 7/26/2024 | MT Powell | 0.3 | Review and respond to offer of judgment from Bridge Funding Cap |
| 63 | 7/26/2024 | Y Lissebeck | 0.1 | Review email from T. Powell to V. Rodriguez re usury issues and non-codified laws |

EXHIBIT "D"
Page 350

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 7/26/2024 | Y Lissebeck | 0.1 | Review email from M. Ludwig re setting up settlement call, respond to T. Powell re same |
| 63 | 7/26/2024 | Y Lissebeck | 0.2 | Review email from N. Koffroth re stipulation and mediation issues with Azzure, review response and reply |
| 63 | 7/26/2024 | Y Lissebeck | 0.2 | Review emails from T. Powell and C. Celentino re MNS settlement and 9019 motion between T. Powell and C. Celentino, send reply thereto |
| 63 | 7/26/2024 | Y Lissebeck | 0.2 | Review various emails from T. Powell re secured litigation status, replies and arguments on motions |
| 63 | 7/29/2024 | C Celentino | 0.2 | Confer re Azure settlement |
| 63 | 7/29/2024 | C Celentino | 0.2 | Confer re Azzure stipulation and mediation |
| 63 | 7/29/2024 | MT Powell | 0.6 | Draft and revise declaration of N. Rapoport for filing with reply in support of motion for summary judgment against Bridge Funding. |
| 63 | 7/29/2024 | MT Powell | 0.6 | Make final revisions to Declaration of N. Rapoport for possible use in reply in support of summary judgment motion against Bridge |
| 63 | 7/29/2024 | MT Powell | 1 | Discuss scope and potential claims under section 552 of the Bankruptcy Code with Y. Lissebeck |
| 63 | 7/29/2024 | Y Lissebeck | 0.1 | Review tentative re PECC |
| 63 | 7/29/2024 | Y Lissebeck | 0.1 | Telephone call with OCC re settlement of PECC |
| 63 | 7/29/2024 | Y Lissebeck | 0.2 | Review PECC settlement and forward to trustee for consideration with comments and suggested counteroffer |
| 63 | 7/29/2024 | Y Lissebeck | 0.3 | Draft detailed email re UCC lien research assignment to B. Lira |
| 63 | 7/29/2024 | Y Lissebeck | 0.3 | Review UCC emails re research needed related to liens |
| 63 | 7/29/2024 | Y Lissebeck | 0.2 | Review and respond to emails re diverse settlement |
| 63 | 7/29/2024 | Y Lissebeck | 0.2 | Review declaration and respond |
| 63 | 7/29/2024 | Y Lissebeck | 0.4 | Review Bridge Opposition |
| 63 | 7/29/2024 | Y Lissebeck | 0.1 | Review email from T. Powell with copy of Bridge documents and Rapoport Declaration |
| 63 | 7/29/2024 | Y Lissebeck | 0.2 | Review emails re research on usury and forward to V. Jaswal, review response and reply thereto |
| 63 | 7/29/2024 | Y Lissebeck | 0.2 | Review various emails from C. Celentino re azure settlement |
| 63 | 7/29/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from T. Powell re offer of judgment |
| 63 | 7/29/2024 | Y Lissebeck | 0.2 | Review various emails from T. Powell and C. Celentino re Azzure stipulation and |
| 63 | 7/29/2024 | Y Lissebeck | 0.1 | Review file re PECC motion |
| 63 | 7/30/2024 | B Lira | 2.7 | Review bankruptcy filings with attention to the effect of the bankruptcy court's orders upon the rights secured claimants |
| 63 | 7/30/2024 | MT Powell | 1.4 | Review lawsuits of Bridge Funding against LPG and text string between T. Diab and Fundura. Prepare list of open questions on payments and amounts owed. |
| 63 | 7/30/2024 | MT Powell | 0.4 | Review edits to draft settlement agreement with Diverse Capital LLC |
| 63 | 7/30/2024 | MT Powell | 2.6 | Continue drafting and revising reply to opposition of Bridge Funding. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 7/30/2024 | MT Powell | 1.4 | Research and collect New York case law on release and waiver and certain Article 9 provisions for use in reply to Bridge's opposition to summary judgment. |
| 63 | 7/30/2024 | MT Powell | 1.5 | Finish drafting and revisions to settlement agreement with MNS Funding |
| 63 | 7/30/2024 | Y Lissebeck | 0.3 | Review file and provide N. Koffroth with draft of insert re OHP issues for use in brief and forward to N. Koffroth with email explanation |
| 63 | 7/30/2024 | Y Lissebeck | 0.3 | Telephone call with trustee re settlement with PECC and OHP |
| 63 | 7/30/2024 | Y Lissebeck | 0.1 | Discuss settlement meeting with Bridge with T. Powell |
| 63 | 7/30/2024 | Y Lissebeck | 0.1 | Draft email to OCC with settlement offer to PECC |
| 63 | 7/30/2024 | Y Lissebeck | 0.1 | Draft email to trustee with revised Diverse settlement |
| 63 | 7/30/2024 | Y Lissebeck | 0.1 | Draft email to T. Powell with revised Diverse settlement |
| 63 | 7/30/2024 | Y Lissebeck | 0.5 | Review and authorize diverse settlement |
| 63 | 7/30/2024 | Y Lissebeck | 0.2 | Telephone call with T. Powell re Diverse settlement |
| 63 | 7/30/2024 | Y Lissebeck | 0.1 | Review email to Azzure with information re incoming proceeds and review reply from S. Weise |
| 63 | 7/31/2024 | B Lira | 1.5 | Analyze law concerning the effect of Section 552 upon the rights of secured creditors following the commencement of a Chapter 11 proceeding with attention to Ninth Circuit's interpretations of that statute |
| 63 | 7/31/2024 | B Lira | 2.2 | Draft memorandum of law concerning post-sale security issues in LPG's Chapter 11 proceeding and related litigation |
| 63 | 7/31/2024 | B Lira | 1.7 | Analyze California law concerning the rights of secured creditors with attention to the perfectibility of security interests in the contractual rights of an obligor under the Uniform Commercial Code |
| 63 | 7/31/2024 | C Celentino | 0.3 | Conference with Trustee and team after hearing and discussion re case strategy |
| 63 | 7/31/2024 | J Pitcock | 0.3 | Revise exhibits to Declaration of Nancy Rapoport ISO Plaintiff's Motion for Partial Summary Judgment Against Bridge Funding. |
| 63 | 7/31/2024 | J Pitcock | 0.3 | Draft Proof of service and conference with T. Powell regarding Trustee's Reply ISO Motion for Partial Summary Judgment Against Bridge. |
| 63 | 7/31/2024 | MT Powell | 3.2 | Prepare for and attend hearing on motions for summary judgment against OHP and PECC via zoom. |
| 63 | 7/31/2024 | MT Powell | 1 | Draft Declaration of Tyler Powell to be filed with Reply to Opposition to Bridge Summary Judgment Motion. Prepare exhibit for Declaration. |
| 63 | 7/31/2024 | MT Powell | 2.5 | Finish drafting and revising reply to opposition of Bridge Funding to Motion for Summary Judgment for filing. |
| 63 | 7/31/2024 | MT Powell | 0.6 | Review and respond to multiple emails re potential settlements with secured creditors in adversary proceeding both with Trustee and Y. Lissebeck and counsel for the creditors. |
| 63 | 7/31/2024 | Y Lissebeck | 0.1 | Review PECC settlement and forward to client |
| 63 | 7/31/2024 | Y Lissebeck | 0.2 | Review and respond to various emails re stipulation with Azzure |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 7/31/2024 | Y Lissebeck | 0.3 | Review stipulation with Azure re plan treatment and stipulation to go to mediation on adversary matters |
| 63 | 7/31/2024 | Y Lissebeck | 0.6 | Review and revise Bridge Reply and discuss with T. Powell |
| 63 | 7/31/2024 | Y Lissebeck | 0.3 | Discuss case with trustee and C. Celentino after hearing and providing case strategy moving forward |
| 63 | 7/31/2024 | Y Lissebeck | 1 | Attend hearing on MSJ |
| 63 | 7/31/2024 | Y Lissebeck | 0.5 | Review files in preparation for hearing |
| 63 | 7/31/2024 | Y Lissebeck | 0.1 | Review various emails from P. Shankman re MNS related to settlement |
| 63 | 7/31/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re settlement of PECC settlement |
| 63 | 8/1/2024 | B Lira | 1 | Continue analyzing law concerning the effect of Section 552 upon the rights of secured creditors following the commencement of a Chapter 11 proceeding with attention to Ninth Circuit's interpretations of that statute |
| 63 | 8/1/2024 | B Lira | 1.5 | Continue drafting memorandum of law concerning post-sale security issues in LPG's Chapter 11 proceeding and related litigation |
| 63 | 8/1/2024 | C Celentino | 0.1 | Confer re emails to OCC re resolution of Azure issues |
| 63 | 8/1/2024 | Y Lissebeck | 0.2 | Discuss settlement issues with C. Celentino re Azure mediation and confirmation |
| 63 | 8/1/2024 | Y Lissebeck | 0.1 | Review email from MNS re settlement and respond |
| 63 | 8/1/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re stipulation issues |
| 63 | 8/1/2024 | Y Lissebeck | 0.1 | Review further email from N. Koffroth re stipulation issues |
| 63 | 8/1/2024 | Y Lissebeck | 0.1 | Review email from S. Weisse re stipulation issues |
| 63 | 8/1/2024 | Y Lissebeck | 0.1 | Review emails from C. Celentino to OCC re resolution of Azure issues |
| 63 | 8/1/2024 | Y Lissebeck | 0.2 | Telephone call with N. Koffroth re azure issues |
| 63 | 8/1/2024 | Y Lissebeck | 0.2 | Discuss case strategy with T. Powell |
| 63 | 8/1/2024 | Y Lissebeck | 0.3 | Review various emails from N. Koffroth and Trustee re azzure issues |
| 63 | 8/2/2024 | C Celentino | 0.1 | Prepare email and confer re UCC issues |
| 63 | 8/2/2024 | W Yones | 1.1 | Clean up, update and revise information in secured status creditor chart requested by the court for Y. Lissebeck's review |
| 63 | 8/2/2024 | Y Lissebeck | 0.2 | Review emails from MNS re settlement |
| 63 | 8/2/2024 | Y Lissebeck | 0.3 | Review file for secured creditor status, stipulations, settlements and termination statements to revise and update chart |
| 63 | 8/2/2024 | Y Lissebeck | 0.1 | Review and respond to email from E. Hays and C. Celentino re UCC issues |
| 63 | 8/2/2024 | Y Lissebeck | 0.1 | Draft email to associate re research and forward research to E. Hays |
| 63 | 8/2/2024 | Y Lissebeck | 0.3 | Review research re UCC liens and attachment to AR |
| 63 | 8/2/2024 | Y Lissebeck | 0.5 | Review and revise secured creditor chart inputting status of various creditors liens |
| 63 | 8/4/2024 | Y Lissebeck | 0.1 | Review email from MNS re settlement |
| 63 | 8/5/2024 | MT Powell | 0.7 | Review proposed changes to settlement agreement with Diverse Capital, LLC from E. Bimberg, its counsel |

EXHIBIT "D"

Page 353

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 8/5/2024 | Y Lissebeck | 0.3 | Review research re avoidance of fraudulent conveyances and preservation of rights for estate and respond to email of E. Hays re same |
| 63 | 8/5/2024 | Y Lissebeck | 0.2 | Review email from E. Birnberg re settlement language, review response from T. Powell and draft reply to T. Powell re same |
| 63 | 8/5/2024 | Y Lissebeck | 0.1 | Draft email to T. Powell re diverse settlement changes |
| 63 | 8/5/2024 | Y Lissebeck | 0.2 | Review email from E. Birnberg with revisions to Diverse settlement, and review revisions |
| 63 | 8/5/2024 | Y Lissebeck | 0.1 | Review and respond to email from T. Powell re MNS settlement and declaration |
| 63 | 8/5/2024 | Y Lissebeck | 0.1 | Review various emails from E. Hays, N. Koffroth and S. Weise re stipulation with Azzure |
| 63 | 8/5/2024 | Y Lissebeck | 1 | Draft declaration of Trustee in support of 9019 Motion |
| 63 | 8/5/2024 | Y Lissebeck | 1 | Review and revise 9019 motion with MNS |
| 63 | 8/5/2024 | Y Lissebeck | 0.6 | Review and revise MNS settlement agreement and forward for signature |
| 63 | 8/6/2024 | MT Powell | 1.4 | Draft and revise Declaration of Tyler Powell to file with Motion to Approve Settlement with MNS Funding and SSD Investments. Review documents from MNS to add details to Declaration. |
| 63 | 8/6/2024 | MT Powell | 0.2 | Draft email to counsel for Bridge dba Fundura re upcoming call and outstanding questions requiring answers before settlement discussions can progress. |
| 63 | 8/6/2024 | MT Powell | 0.4 | Revise Motion to Approve Settlement with MNS and Declaration of Tyler Powell in support of motion. |
| 63 | 8/6/2024 | W Yones | 0.8 | Gather information and begin preparation of 9019 motion to settle with Diverse Capital, LLC for Y. Lissebeck's review and revision |
| 63 | 8/6/2024 | Y Lissebeck | 0.2 | Review various emails from T. Powell re settlements with MNS and diverse and respond |
| 63 | 8/6/2024 | Y Lissebeck | 0.1 | Review hearing dates for settlement motion |
| 63 | 8/6/2024 | Y Lissebeck | 0.2 | Draft email to OCC with copies of settlements and draft motions for settlement |
| 63 | 8/6/2024 | Y Lissebeck | 0.2 | Review emails from MNS re revisions to motion and respond |
| 63 | 8/6/2024 | Y Lissebeck | 0.1 | Draft email to Diverse attorney re 9019 motion documents and settlement |
| 63 | 8/6/2024 | Y Lissebeck | 0.1 | Draft email to MNS with settlement and 9019 motion documents for review and for signature |
| 63 | 8/7/2024 | MT Powell | 0.3 | Review and respond to emails with Y. Lissebeck re execution and finalization of motions to approve settlements with MNS Funding, OHP, and Diverse Capital. |
| 63 | 8/7/2024 | MT Powell | 0.4 | Review summary of California usury statutes to identify claims against Azzure. |
| 63 | 8/7/2024 | MT Powell | 1.2 | Revise and finalize my declaration for Motion to Approve Settlement with MNS Funding |
| 63 | 8/7/2024 | MT Powell | 1.1 | Draft and revise my declaration for Motion to Approve Settlement with Diverse Capital |
| 63 | 8/7/2024 | MT Powell | 1.3 | Finish drafting and revising motions to approve settlements with (i) MNS Funding and (ii) Diverse Capital and declarations of Trustee R. Marshack to be filed with the Motions. |
| 63 | 8/7/2024 | W Yones | 1.8 | Gather information and compile exhibits in support of the Trustee's Motion to Settle with MNS/SSD |
| 63 | 8/7/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re diverse settlement and respond |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 8/7/2024 | Y Lissebeck | 0.6 | Review, revise and finalize Diverse documents |
| 63 | 8/7/2024 | Y Lissebeck | 0.3 | Review and finalize MNS documents |
| 63 | 8/7/2024 | Y Lissebeck | 0.3 | Telephone call with trustee re settlement |
| 63 | 8/7/2024 | Y Lissebeck | 0.2 | Review and revise diverse declaration of trustee and forward to trustee for review and execution |
| 63 | 8/7/2024 | Y Lissebeck | 0.3 | Review, revise and finalize mns motion and supporting documents |
| 63 | 8/7/2024 | Y Lissebeck | 0.3 | Review and revise diverse 9019 motions and supporting declaration |
| 63 | 8/7/2024 | Y Lissebeck | 0.3 | Review and revise declaration of Trustee in support of MNS motion and discuss organization of exhibits |
| 63 | 8/7/2024 | Y Lissebeck | 0.1 | Discuss hearing date with W. Yones and finalizing MNS motion |
| 63 | 8/7/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re mns settlement and respond |
| 63 | 8/7/2024 | Y Lissebeck | 0.1 | Discuss hearing date with C. Burke and finalizing diverse motion |
| 63 | 8/8/2024 | MT Powell | 0.3 | Review and approve notice of filing of executed declaration to Motion to Approve Settlement with MNS Funding. |
| 63 | 8/8/2024 | MT Powell | 0.3 | Draft emails to P. Shankman, counsel for MNS Funding, and E. Birnberg, counsel for Diverse Funding, re need to return executed settlement agreements to file as a supplement to the motions. |
| 63 | 8/8/2024 | W Yones | 0.3 | Gather information and update (for court) Secured Creditor Status chart for Y. Lissebeck's review |
| 63 | 8/8/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re Diverse settlement |
| 63 | 8/8/2024 | Y Lissebeck | 0.2 | Review email from E. Birnberg re diverse settlement and final version, respond with copy of final version for signature |
| 63 | 8/9/2024 | Y Lissebeck | 0.1 | Review email from P. Shankman re MNS settlement |
| 63 | 8/9/2024 | MT Powell | 0.4 | Draft notice of supplemental filing for executed settlement agreements with Diverse Capital and MNS Funding |
| 63 | 8/9/2024 | W Yones | 0.2 | Start preparation of and format exhibits to supplemental notice regarding Trustee's Motion to Settle with Diverse and MNS/SSB |
| 63 | 8/9/2024 | Y Lissebeck | 0.2 | Review and respond to emails from Diverse re signed settlement and continuing hearing to the 29th |
| 63 | 8/12/2024 | J Stephens | 0.2 | Exchange email re: HiBar case |
| 63 | 8/12/2024 | W Yones | 0.3 | Prepare and finalize exhibits and supplemental notice regarding Trustee's Motion to Settle with Diverse for Y. Lissebeck review, filing and service |
| 63 | 8/12/2024 | Y Lissebeck | 0.1 | Review email from P. Shankman re settlement of MNS |
| 63 | 8/12/2024 | Y Lissebeck | 3.8 | Review Bridge documents, filed documents, motion, and opposition in preparation for hearing on Summary Judgment Motion |
| 63 | 8/12/2024 | Y Lissebeck | 0.1 | Draft email to E. Birnberg re hearing date and opposition, review response and reply |
| 63 | 8/12/2024 | Y Lissebeck | 0.2 | Review and approve supplemental filing attaching signed diverse settlement |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 63 | 8/13/2024 | C Celentino | 0.3 | Confer re oral argument |
| 63 | 8/13/2024 | Y Lissebeck | 2 | Review file and prepare for oral argument on Bridge Motion for Summary judgment |
| 63 | 8/13/2024 | Y Lissebeck | 0.3 | Discuss oral argument with C. Celentino |
| 63 | 8/13/2024 | Y Lissebeck | 0.3 | Discuss oral argument with T. Powell |
| 63 | 8/13/2024 | Y Lissebeck | 0.5 | Review file and review research re UCC issues related to termination |
| 63 | 8/14/2024 | C Celentino | 0.2 | Confer re hearing |
| 63 | 8/14/2024 | MT Powell | 2.2 | Prepare for and attend hearing on motion for summary judgment against Bridge Funding Cap in Marshack v. Bridge Funding adversary proceeding. |
| 63 | 8/14/2024 | MT Powell | 0.5 | Review and respond to emails from S. Berkovitch, counsel for Fundura, re breakdown of balances owed on agreements with Fundura |
| 63 | 8/14/2024 | V Rodriguez | 0.2 | Review of several correspondences from the LPG team re researching law that discusses a UCC3 termination statement that is terminated and the secured party disputes it in preparation for a hearing. |
| 63 | 8/14/2024 | W Yones | 0.6 | Revise, format and redact exhibits and Amended Declaration of Tyler Powell in support of Settlement with Diverse |
| 63 | 8/14/2024 | Y Lissebeck | 2.3 | Prepare for Bridge Motion for Summary Judgment |
| 63 | 8/14/2024 | Y Lissebeck | 0.3 | Discuss hearing with Trustee |
| 63 | 8/14/2024 | Y Lissebeck | 1.5 | Attend and participate in oral argument re Bridge Motion for Summary Judgment |
| 63 | 8/14/2024 | Y Lissebeck | 0.2 | Discuss hearing with trustee |
| 63 | 8/14/2024 | Y Lissebeck | 0.2 | Discuss hearing with C. Celentino |
| 63 | 8/14/2024 | Y Lissebeck | 0.1 | Review and respond to email re Diverse settlement and amendment to declaration |
| 63 | 8/15/2024 | MT Powell | 0.4 | Review and respond to emails with S. Berkowitz re balances owed on third and fourth agreements and payments of the debtor. |
| 63 | 8/15/2024 | MT Powell | 0.4 | Review and revise declaration for filing of executed settlement agreement with Diverse. |
| 63 | 8/15/2024 | Y Lissebeck | 0.2 | Review emails re diverse declaration |
| 63 | 8/16/2024 | C Celentino | 0.1 | Email re PECC judgment and order and respond |
| 63 | 8/16/2024 | C Celentino | 0.2 | Emails re stipulation with Azzure |
| 63 | 8/16/2024 | MT Powell | 0.2 | Draft email to Trustee R. Marshack requesting execution of settlement agreement with MNS and SSD |
| 63 | 8/16/2024 | MT Powell | 0.3 | Review and finalize notice of filing of executed settlement agreement between MNS and SSD and the Trustee for filing |
| 63 | 8/16/2024 | W Yones | 0.2 | Assemble Amended Powell Declaration and exhibits regarding settlement with MNS and SSG for attorney review, filing and service |
| 63 | 8/16/2024 | Y Lissebeck | 0.1 | Review email from C. Celentino re PECC judgment and order and respond |
| 63 | 8/16/2024 | Y Lissebeck | 0.2 | Review and respond to email from MNS re signature of MNS and filing supplement to court record with signed settlement, discuss same with T. Powell |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 8/16/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino, N. Koffroth and E. Hays re stipulation with Azzure |
| 63 | 8/19/2024 | Y Lissebeck | 0.2 | Review email from T. Powell re MNS and information received from creditor re worldglobal, respond re following up on information received |
| 63 | 8/21/2024 | Y Lissebeck | 0.2 | Review and respond to email from T. Powell re Azzure issues and obtaining information related to claims before mediation |
| 63 | 8/21/2024 | Y Lissebeck | 0.3 | Telephone call with T. Powell re Azzure issues and further issues related to Bridge Motion pending ruling |
| 63 | 8/21/2024 | Y Lissebeck | 0.2 | Review and respond to email from T. Powell re UCC1 expert retention and moving forward with Azzure mediation |
| 63 | 8/22/2024 | MT Powell | 0.3 | Review and respond to detailed emails from investor in LPG re questions about MNS Settlement. |
| 63 | 8/22/2024 | MT Powell | 0.3 | Review and respond to emails with Y. Lissebeck, P. Shankman, and E. Birnberg re hearings on approval of settlements. |
| 63 | 8/22/2024 | Y Lissebeck | 0.3 | Review and respond to various emails from P. Shankman re MNS settlement, no objections to settlement, hearing and amending proof of claim |
| 63 | 8/27/2024 | MT Powell | 0.6 | Follow up with Marshack Hayes and accountants re additional bank records needed for post-petition transfers. |
| 63 | 8/27/2024 | MT Powell | 0.3 | Draft email to S. Weiss re production of information and documents from Azzure in light of ruling on motion for summary judgment against Bridge. |
| 63 | 8/27/2024 | MT Powell | 0.6 | Review Court's opinion on motion for summary judgment against Bridge |
| 63 | 8/27/2024 | Y Lissebeck | 0.5 | Review order on motion for summary judgment re Bridge |
| 63 | 8/27/2024 | Y Lissebeck | 0.2 | Telephone call with T. Powell re order and moving forward with Azzure |
| 63 | 8/27/2024 | Y Lissebeck | 0.1 | Telephone call with N. Koffroth re order and confirmation issues related thereto |
| 63 | 8/27/2024 | Y Lissebeck | 0.1 | Telephone call with Trustee re order and confirmation issues related thereto |
| 63 | 8/27/2024 | Y Lissebeck | 0.2 | Draft email to trustee and OCC team re order granting trustee's motion |
| 63 | 8/28/2024 | Y Lissebeck | 0.1 | Review and respond to email from E. Lee re settlements and moving forward with targets |
| 63 | 8/30/2024 | MT Powell | 0.8 | Draft and revise orders approving motions to settle with MNS Funding and Diverse |
| 63 | 8/30/2024 | Y Lissebeck | 0.2 | Review and finalize orders on Diverse settlement and on MNS settlement |
| 63 | 9/4/2024 | Y Lissebeck | 0.2 | Review and respond to various emails from E. Birnberg re status of settlement with Diverse, confirmation hearing, and effective date |
| 63 | 9/5/2024 | MT Powell | 0.6 | Review orders granting motions for summary judgment to determine if they were final orders |
| 63 | 9/5/2024 | Y Lissebeck | 0.2 | Review and respond to email re New Horizon settlement and 9019 motion |
| 63 | 9/5/2024 | Y Lissebeck | 0.2 | Draft email to OCC N. Kofroth and K. Ownes with notice of settlement |
| 63 | 9/5/2024 | Y Lissebeck | 0.3 | Review and comment to T. Powell on 9019 motion |
| 63 | 9/6/2024 | Y Lissebeck | 0.1 | Review and respond to email from T. Powell re finality of order and appeal |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 63 | 9/9/2024 | MT Powell | 0.7 | Review posture of suit and nature of claims remaining post-confirmation for PECC and Bridge. |
| 63 | 9/11/2024 | J Pitcock | 0.4 | Review Notice of Appeal, forward same to T. Powell, calendar Appellant's Designation deadline. |
| 63 | 9/11/2024 | MT Powell | 0.4 | Review and respond to emails from counsel for secured creditors who settled claims during the case regarding payment and information needed. |
| 63 | 9/11/2024 | Y Lissebeck | 0.1 | Review and respond to various emails from P. Shankman re payment to MNS |
| 63 | 9/11/2024 | Y Lissebeck | 0.1 | Review various emails from T. Powell requesting w9s and responses and questions from secured parties re payment timing |
| 63 | 9/16/2024 | J Pitcock | 0.6 | Draft Notices of Dismissal of Diverse Capital, LLC and MNS Funding, LLC for T. Powell's review. |
| 63 | 9/18/2024 | Y Lissebeck | 0.1 | Review Notice of Dismissal of Diverse and comment re revisions to caption and Proof of service for T. Powell |
| 63 | 9/18/2024 | Y Lissebeck | 0.1 | Review Notice of Dismissal of MNS and comment re revision to caption and Proof of Service to T. Powell |
| 63 | 9/19/2024 | J Pitcock | 0.8 | Finalize Notices of Dismissal of Diverse Capital and MNS Funding, draft Proofs of Service, file and serve same. |
| 63 | 9/23/2024 | C Celentino | 0.2 | Confer re notice of joinder by OCC to MSJ and confer with team re same |
| 63 | 9/23/2024 | Y Lissebeck | 0.2 | Review notice of joinder by OCC to MSJ and forward to Trustee, C. Celentino and T. Powell for review |

EXHIBIT "D"

Page 358

## Adv. Case No. 24-1080 (BMF Advance LLC) (143576-64)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .60 | $501.00 |
| John H. Stephens | Partner | $545.00 | 27.10 | $14,769.50 |
| M. Tyler Powell | Partner | $595.00 | .60 | $357.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.50 | $3,352.50 |
| Jacob R. Bothamley | Associate | $405.00 | 4.00 | $1,620.00 |
| Veneeta Jaswal | Associate | $460.00 | 31.00 | $14,260.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 1.80 | $657.00 |
| | | **TOTALS** | **69.60** | **$35,517.00** |

EXHIBIT "D"
Page 359

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 64 | 7/2/2024 | J Stephens | 0.2 | Exchange email with V.Jaswal re: possible extension for BMF's response to the complaint |
| 64 | 7/2/2024 | V Jaswal | 0.1 | Assess whether an extension should be granted to BMF's new counsel to respond to complaint |
| 64 | 7/2/2024 | Y Lissebeck | 0.1 | Review answer to complaint |
| 64 | 7/2/2024 | Y Lissebeck | 0.3 | Draft email to V. Jaswal re deadlines and disclosures and meet and confer requirements, review response and reply |
| 64 | 7/3/2024 | J Stephens | 0.2 | Exchange email with paralegal re: BMF's answer to complaint |
| 64 | 7/5/2024 | J Bothamley | 1.1 | Review latest revisions to Firestar memo and, review relevant case law, add citations, analyze BMF complaint for further questions requiring analysis in memo. |
| 64 | 7/8/2024 | J Bothamley | 0.2 | Meet with John Stephens re Firestar MCA memo and connection to BMF adversary proceeding, LPG/General |
| 64 | 7/8/2024 | J Stephens | 0.2 | Conference with HJ. Bothamly re: preparation of research on MCA agreements |
| 64 | 7/10/2024 | J Bothamley | 1.3 | Finish reviewing additional MCA and preference/fraudulent transfer case law to develop further analysis for Firestar/MCA memo. |
| 64 | 7/10/2024 | J Bothamley | 1.4 | Draft final analysis on MCA memo with additional case research and conclusion to memo and send to Y.L. with suggestions on possible further research. |
| 64 | 7/10/2024 | J Stephens | 0.3 | Conference with V. Jaswal re: preparation of initial disclosures and meet and confer |
| 64 | 7/10/2024 | Y Lissebeck | 0.1 | Review email from V. Jaswal re deadlines and meet and confer and respond thereto |
| 64 | 7/16/2024 | V Jaswal | 0.1 | Follow up regarding calendaring of all deadlines |
| 64 | 7/16/2024 | V Jaswal | 0.2 | Review procedure for admittance to California Central Bankruptcy Court |
| 64 | 7/16/2024 | Y Lissebeck | 0.2 | Review and respond to emails from V. Jaswal and J. Stephens re meet and confer and joint status report |
| 64 | 7/17/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: initial disclosures |
| 64 | 7/18/2024 | V Jaswal | 3.9 | Review client documents in anticipation of preparing Rule 26 initial disclosure |
| 64 | 7/19/2024 | MT Powell | 0.3 | Review answer filed in adversary and draft email to E. Birnberg re relationship between Diverse and BMF. |
| 64 | 7/19/2024 | MT Powell | 0.3 | Draft email to J. Stevens re drafts of summary judgment pleadings and prior communications with City Capital NY. |
| 64 | 7/20/2024 | J Stephens | 0.2 | Review email from T. Powell re: BMF ownership and possible resolution with Deiverse Capital and email from BMF's counsel |
| 64 | 7/20/2024 | J Stephens | 0.2 | Review email from T. Powell re: possible summary judgment against BMF and brief review of motion in similar case |
| 64 | 7/22/2024 | J Stephens | 0.3 | Exchange email with BMF's counsel re: Rule 26 preparation |
| 64 | 7/22/2024 | J Stephens | 0.1 | Exchange email with V. Jaswal re: same |
| 64 | 7/22/2024 | J Stephens | 0.1 | Review wmail re: preparation of initial disclosures |
| 64 | 7/22/2024 | J Stephens | 0.2 | Exchange email with T. Powell re: possible settlement and Rule 26 disclosures |
| 64 | 7/22/2024 | J Stephens | 0.2 | Exchange email  with T. Powell re: City Capital's counsel and strategy |

EXHIBIT "D"

Page 360

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 64 | 7/22/2024 | V Jaswal | 1.1 | Review complaint in anticipation of drafting joint status report and initial disclosure |
| 64 | 7/22/2024 | V Jaswal | 0.1 | Email opposing counsel to schedule Rule 26 conference |
| 64 | 7/22/2024 | Y Lissebeck | 0.1 | Review various emails between bmf and T.Powell re meet and confer and settlements |
| 64 | 7/22/2024 | Y Lissebeck | 0.1 | Review email of V. Jaswal re joint status report |
| 64 | 7/22/2024 | Y Lissebeck | 0.1 | Review email from J. Stephen's re same |
| 64 | 7/23/2024 | J Stephens | 0.3 | Exchange email with T. Powell re: strategy for settling BMF case following Rule 26 disclosures |
| 64 | 7/24/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: outcome of meet and confer for status report and |
| 64 | 7/24/2024 | J Stephens | 0.2 | Conference re: transferor of funds |
| 64 | 7/24/2024 | V Jaswal | 1.2 | Prepare and plan for Rule 26 conference with opposing counsel |
| 64 | 7/24/2024 | V Jaswal | 0.2 | Draft and send internal summary of Rule 26 conference |
| 64 | 7/24/2024 | V Jaswal | 0.5 | Hold Rule 26 conference |
| 64 | 7/25/2024 | J Stephens | 0.2 | Exchange email (3) re: BMF's arguments in Rule 26 report |
| 64 | 7/25/2024 | V Jaswal | 1.8 | Continue reviewing documents in anticipation of preparing initial disclosure |
| 64 | 7/29/2024 | J Stephens | 0.1 | Review email from Y. Lissebeck re: usury issues |
| 64 | 7/29/2024 | J Stephens | 0.2 | Review files re: same and prior MCA materials and prepare email re: same |
| 64 | 7/29/2024 | J Stephens | 0.1 | Conference with J. Bothamly re: same |
| 64 | 7/29/2024 | J Stephens | 0.1 | Conference with V. Jaswal re: same |
| 64 | 7/30/2024 | J Stephens | 0.8 | Exchange email with V. Jaswal re: BMF litigation summary |
| 64 | 7/30/2024 | V Jaswal | 0.2 | Draft joint status report |
| 64 | 7/30/2024 | V Jaswal | 0.2 | Draft summary of procedural history for fee application |
| 64 | 7/30/2024 | V Jaswal | 0.1 | Send draft joint statement to opposing counsel for input |
| 64 | 7/31/2024 | J Stephens | 0.8 | Review email exchanges re: BMF's revisions to Joint Status Report |
| 64 | 7/31/2024 | V Jaswal | 0.1 | Follow up with opposing counsel regarding edits to joint status report |
| 64 | 7/31/2024 | V Jaswal | 0.2 | Revise joint status report and finalize for filing with the court |
| 64 | 8/1/2024 | J Stephens | 0.2 | Exchange email re: final status report filing |
| 64 | 8/1/2024 | V Jaswal | 0.1 | Confirm joint report of filed |
| 64 | 8/1/2024 | V Jaswal | 0.2 | Review accountant information to determine whether defendant received a 549 transfer payment |
| 64 | 8/5/2024 | J Stephens | 0.2 | Review email (20 re: BMF initial disclosures |
| 64 | 8/5/2024 | J Stephens | 0.3 | Review complaint materials re: additional documents |
| 64 | 8/5/2024 | J Stephens | 0.2 | Prepare email re: same |
| 64 | 8/5/2024 | J Stephens | 0.2 | Review email from V. Jaswal re: same and Bates Numbers |
| 64 | 8/5/2024 | V Jaswal | 2.2 | Review all documents for privilege and confidentiality in anticipation of initial disclosures |
| 64 | 8/5/2024 | V Jaswal | 0.3 | Research requirements for initial disclosures |
| 64 | 8/5/2024 | V Jaswal | 0.7 | Draft initial disclosures |
| 64 | 8/5/2024 | V Jaswal | 0.6 | Research authority for California remedies available for usury |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 64 | 8/5/2024 | Y Lissebeck | 0.1 | Review calendar and draft email to V. Jaswal re status of initial disclosures, review responses |
| 64 | 8/6/2024 | J Stephens | 0.8 | Review document compilation for BMF initial production |
| 64 | 8/6/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: redactions and additional documents |
| 64 | 8/6/2024 | J Stephens | 0.6 | Search S Drive re: same |
| 64 | 8/6/2024 | J Stephens | 0.2 | Confernece with V. Jaswal re: additional documents redactions and labeling |
| 64 | 8/6/2024 | V Jaswal | 3.9 | Review, organize and redact PDF of relevant client documents for initial disclosure production |
| 64 | 8/6/2024 | V Jaswal | 0.7 | Continue drafting initial disclosure |
| 64 | 8/7/2024 | J Stephens | 0.3 | Review email from V. Jaswal re: initial disclosures preparation revisions and email to V. Jaswal re: same |
| 64 | 8/7/2024 | J Stephens | 0.3 | Review email from V. Jaswal re: initial document production |
| 64 | 8/7/2024 | J Stephens | 0.5 | Review revised disclosures and modified (redacted) documents |
| 64 | 8/7/2024 | J Stephens | 0.2 | Exchange email and conference re: service |
| 64 | 8/7/2024 | R Simmons | 1.8 | Create production of documents for BMF Advance sub-matter |
| 64 | 8/7/2024 | V Jaswal | 0.5 | Revise and finalize initial disclosure |
| 64 | 8/7/2024 | V Jaswal | 0.7 | Draft memorandum regarding remedies for usury |
| 64 | 8/7/2024 | V Jaswal | 2.6 | Add additional redactions to initial disclosure document production and coordinate production |
| 64 | 8/7/2024 | Y Lissebeck | 0.5 | Review and revise initial disclosures |
| 64 | 8/7/2024 | Y Lissebeck | 0.2 | Draft email to V. Jaswal with information to include in initial disclosures |
| 64 | 8/8/2024 | J Stephens | 0.2 | Conference with v. jaswal re: BMF disclosures and document production |
| 64 | 8/8/2024 | J Stephens | 0.4 | Email exchange re: BMF meet and confer |
| 64 | 8/8/2024 | V Jaswal | 0.3 | Draft and send update to client regarding initial disclosures, meet and confer with defendant's counsel and upcoming deadlines |
| 64 | 8/8/2024 | V Jaswal | 0.3 | Review and analyze defendant's initial disclosure |
| 64 | 8/8/2024 | V Jaswal | 0.1 | Send protective order to opposing counsel |
| 64 | 8/8/2024 | V Jaswal | 0.2 | Plan and prepare to draft written discovery requests to defendant |
| 64 | 8/8/2024 | Y Lissebeck | 0.2 | Review and respond to email from V. Jawal re initial disclosures, settlement and status conference |
| 64 | 8/9/2024 | J Stephens | 0.4 | Email exchange (4) regarding BMF disclosures and internal filing |
| 64 | 8/9/2024 | J Stephens | 0.2 | Prepare email re: same |
| 64 | 8/9/2024 | J Stephens | 0.2 | Exchange email re: settlement discussion with BMF counsel |
| 64 | 8/9/2024 | J Stephens | 0.6 | Exchange email with V. Jaswal re: discovery from BMF and third parties and subpoenas and brief review of case materials re: same |
| 64 | 8/9/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: same |
| 64 | 8/9/2024 | Y Lissebeck | 0.2 | Review and respond to email from J. Stephens re bank subpoenas and records |

EXHIBIT "D"

Page 362

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 64 | 8/12/2024 | J Stephens | 0.3 | Exchange email with Y. Lissebeck re: additional MCA cases |
| 64 | 8/12/2024 | J Stephens | 0.3 | Review complaint in preparation for pre-status conference call with opposing counsel |
| 64 | 8/12/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: same |
| 64 | 8/12/2024 | J Stephens | 0.3 | Conference call with BMF's counsel re: status conference and settlement |
| 64 | 8/12/2024 | J Stephens | 0.1 | Conference with V. Jaswal re: follow up |
| 64 | 8/13/2024 | J Stephens | 0.2 | Review joint status report |
| 64 | 8/13/2024 | J Stephens | 0.2 | Review tentative ruling and status conference |
| 64 | 8/13/2024 | J Stephens | 0.2 | Exchange email with Y. Lissebeck re: same |
| 64 | 8/13/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: same and order |
| 64 | 8/13/2024 | V Jaswal | 0.2 | Plan and prepare for status conference |
| 64 | 8/13/2024 | V Jaswal | 0.2 | Review court's tentative order regarding trial dates |
| 64 | 8/14/2024 | J Stephens | 0.4 | Remote appearance at status conference of BMF adverary |
| 64 | 8/14/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: same |
| 64 | 8/14/2024 | J Stephens | 0.3 | Exchange email re: same of order |
| 64 | 8/14/2024 | J Stephens | 0.2 | Exchange email re: additional deadlines/calendaring |
| 64 | 8/14/2024 | V Jaswal | 0.1 | Plan and prepare to draft scheduling order |
| 64 | 8/14/2024 | V Jaswal | 0.9 | Review and analyze local rules to determine additional filing deadlines and discovery |
| 64 | 8/14/2024 | Y Lissebeck | 0.2 | Review and respond to emails from J. Stephens re deadlines and case strategy moving forward with discovery |
| 64 | 8/15/2024 | V Jaswal | 1.6 | Review local rules and Federal Rules of Civil Procedure to determine whether status order must be filed with the court and to determine additional case deadlines |
| 64 | 8/16/2024 | C Celentino | 0.3 | Communications re LPG writ of attachment and review order and summary judgment against, review email from Atty Ghio re same and application for temporary protective order and additional allegations for complaints |
| 64 | 8/16/2024 | J Stephens | 0.3 | Review email from C. Celentino re: LPG writ of attachment and review order and summary judgment against, review email from C. Ghio re: same and application for temporary protective order and additional allegations for complaints |
| 64 | 8/19/2024 | J Stephens | 0.4 | Exchange email re: team re: lodging of orders |
| 64 | 8/19/2024 | J Stephens | 0.2 | Review proposed notice and prepare email re: same |
| 64 | 8/19/2024 | V Jaswal | 0.3 | Draft notice of lodgment of order of court's trial setting order |
| 64 | 8/19/2024 | V Jaswal | 0.4 | Review and research local court rules regarding lodging status order with court |
| 64 | 8/19/2024 | V Jaswal | 0.4 | Draft status conference and scheduling order |
| 64 | 8/19/2024 | Y Lissebeck | 0.3 | Review notice of lodgment of scheduling order and email from V. Jaswal, respond re notice of lodgement procedures, and review further reply |
| 64 | 8/20/2024 | C Celentino | 0.3 | Communications re lodging alternatives in USBC |
| 64 | 8/20/2024 | J Stephens | 0.3 | Exchange email with C. Celentino re: lodging alternatives in USBC |
| 64 | 8/20/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: same |

EXHIBIT "D"

Page 363

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 64 | 8/20/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: local rules |
| 64 | 8/20/2024 | J Stephens | 0.2 | Review order from court re: hearing on status conference |
| 64 | 8/22/2024 | J Stephens | 0.2 | Review notice from cour re: modification of scheduling order |
| 64 | 8/22/2024 | J Stephens | 0.1 | Review revisions |
| 64 | 8/22/2024 | J Stephens | 0.3 | Conference with paralegal re: same and exchange email |
| 64 | 8/22/2024 | V Jaswal | 1.2 | Review Court's local rules, Judge's chamber rules and Federal Rules of Civil Procedure to determine all discovery and trial-related deadlines |
| 64 | 8/22/2024 | Y Lissebeck | 0.2 | Review and respond to emails from M. Hale re MCA expert retention for case |
| 64 | 8/23/2024 | J Stephens | 0.3 | Review revised BMF scheduling order re: court's changes |
| 64 | 8/23/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: same |
| 64 | 8/23/2024 | J Stephens | 0.2 | Review email from V. Jaswal re: updated deadlines |
| 64 | 8/23/2024 | Y Lissebeck | 0.5 | Telephone call with M. Hale re MCA cases and expert testimony |
| 64 | 8/23/2024 | Y Lissebeck | 0.3 | Review email from V. Jaswal re deadlines and dates, review local rule re dates, and respond re wrong deadlines |
| 64 | 8/26/2024 | J Stephens | 0.2 | Review notice from court re: certificate of service |
| 64 | 8/26/2024 | J Stephens | 0.2 | Email exchange re: same |
| 64 | 8/27/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: release terms for LPG settlement with BMF |
| 64 | 8/27/2024 | J Stephens | 0.4 | Review email and order denying Greyson's motion to vacate TRO |
| 64 | 8/27/2024 | V Jaswal | 0.8 | Review additional Vulcan Consulting Groupe bank records to determine if relevant |
| 64 | 9/9/2024 | J Stephens | 0.3 | Exchange email with Y. Lissebeck re: possible consolidation of BMF case |
| 64 | 9/9/2024 | J Stephens | 0.3 | Research re: same |
| 64 | 9/9/2024 | J Stephens | 0.3 | Exchange email with V. jaswal re: possible BMF claim |
| 64 | 9/9/2024 | J Stephens | 0.2 | Review S-Drive re: same |
| 64 | 9/9/2024 | V Jaswal | 0.4 | Plan and prepare to draft brief per court's anticipated amended status conference order |
| 64 | 9/10/2024 | J Stephens | 0.2 | Conference with C. Ghio re: alternative procedures for modifying scheduling order |
| 64 | 9/10/2024 | J Stephens | 0.2 | Telehone call with J. Mottola re: possible BMF proof of claim |
| 64 | 9/10/2024 | V Jaswal | 0.1 | Draft and send internal email confirming no priority or administrative claims filed by defendant |
| 64 | 9/11/2024 | J Stephens | 0.2 | Telephone call to law clerk re: case management and preservation of records for BMF |
| 64 | 9/11/2024 | J Stephens | 0.4 | Research procedure re: modification of BMF scheduling order |
| 64 | 9/11/2024 | J Stephens | 0.4 | Exchange email with team re: procedure |
| 64 | 9/11/2024 | J Stephens | 0.2 | Telephone call from law clerk re: procedure |
| 64 | 9/11/2024 | J Stephens | 0.1 | Exchange email with V. Jaswal re: no BMF Proof of Claim |
| 64 | 9/11/2024 | V Jaswal | 0.6 | Research to determine whether BMF Advance filed an administrative or priority claim |
| 64 | 9/12/2024 | J Stephens | 1 | Review federal rules re: possible un-noticed motion for revised BMF scheduling order and local BK rules re: same or alternative ex parte |
| 64 | 9/12/2024 | J Stephens | 0.2 | Telephone call to judge's law clerk re: same |

EXHIBIT "D"

Page 364

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 64 | 9/12/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: list of claims |
| 64 | 9/12/2024 | V Jaswal | 0.2 | Review list of claims filed with Omni to confirm none filed by defendant |
| 64 | 9/13/2024 | J Stephens | 0.2 | Telephone call from judge's law clerk re: revised scheduling order for BMF adversary |
| 64 | 9/13/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: same |
| 64 | 9/13/2024 | J Stephens | 0.4 | Exchange email (4) with team re: same |
| 64 | 9/13/2024 | J Stephens | 0.4 | Exchange email (4) re: litigation hold letters |
| 64 | 9/16/2024 | J Stephens | 0.3 | Review notice from court re: revised case management and preservation of BMF and review order |
| 64 | 9/16/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: same |
| 64 | 9/16/2024 | J Stephens | 0.4 | Exchange email with team re: order, briefing and document collection |
| 64 | 9/16/2024 | Y Lissebeck | 0.1 | Review order of court requiring defendant to brief and provide documents re claim |
| 64 | 9/16/2024 | Y Lissebeck | 0.2 | Read order issues by court and review calendar for deadlines, draft email to J. Stephens and V. Jaswal re calendaring deadlines and drafting brief for review |
| 64 | 9/16/2024 | Y Lissebeck | 0.1 | Review and respond to email of J. Stephens re case status and strategy in light of order |
| 64 | 9/16/2024 | Y Lissebeck | 0.1 | Draft email to M. Hale (expert) re briefing deadline and meeting to discuss |
| 64 | 9/17/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: preparation of BMF case management brief |
| 64 | 9/17/2024 | J Stephens | 0.2 | Exchange email re: previous briefs |
| 64 | 9/17/2024 | J Stephens | 0.2 | Exxchange email with Y. Lissebeck re: 8th Circuit ponzi case |
| 64 | 9/17/2024 | J Stephens | 0.2 | Conference with C. Celentino and Y. Lissebeck re: strategy |
| 64 | 9/17/2024 | V Jaswal | 0.2 | Review records to determine whether defendant received aa post-petition payment |
| 64 | 9/17/2024 | Y Lissebeck | 0.3 | Telephone call with J. Stephans re status of case and strategy moving forward |
| 64 | 9/18/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: Ponzi/criminal enterprise claims |
| 64 | 9/20/2024 | J Stephens | 0.2 | Review email from T. Powell re: BMF |
| 64 | 9/20/2024 | J Stephens | 0.1 | Review email from T. Powell re: BMF d/b/a/s |

EXHIBIT "D"

Page 365

## Clearfund Solution, LLC / Cloudfund, LLC (143576-66)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .20 | $167.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .30 | $223.50 |
| John H. Stephens | Partners | $545.00 | .30 | $163.50 |
| Brian M. Metcalf | Associate | $650.00 | 4.30 | $2,795.00 |
| Veneeta Jaswal | Associate | $460.00 | .70 | $322.00 |
| | | **TOTALS** | **5.80** | **$3,671.00** |

EXHIBIT "D"

Page 366

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 66 | 8/1/2024 | B Metcalf | 0.9 | Review and analyze agreements and related transaction documents between LPG, guarantors, and Cloudfund/Delta Bridge, analyze additional potential claims and theories of recovery related to transfers from LPG and affiliated entities. |
| 66 | 8/1/2024 | B Metcalf | 0.7 | Review and analyze agreements and related transaction documents between LPG, guarantors, and Clearfund, analyze additional potential claims and theories of recovery related to transfers from LPG and affiliated entities. |
| 66 | 8/1/2024 | V Jaswal | 0.2 | Review accountant information to determine whether defendant received a 549 transfer payment |
| 66 | 8/2/2024 | B Metcalf | 2.7 | Review and analyze MCA agreements and related exhibits and guaranties between LPG and Clearfund/Cloudfund, bank records and information related to transfers between LPG and affiliated entities and Clearfund and Cloudfund/Delta Bridge, and information regarding LPG solvency and characterization and treatment of client receivables, analyze net transfer amounts and available defenses to avoidance actions and damages claims, options and strategy for potential litigation to recover transfers and additional damages. |
| 66 | 8/28/2024 | J Stephens | 0.3 | Exchange email (4) re: blurb for Clearfund matter/status for fee app |
| 66 | 8/28/2024 | V Jaswal | 0.4 | Review documents received from accountant to determine total amount transferred during the avoidance period |
| 66 | 8/28/2024 | V Jaswal | 0.1 | Draft status of matter for fee application |
| 66 | 9/19/2024 | C Celentino | 0.2 | Email and confer re review of avoidance detail |
| 66 | 9/19/2024 | Y Lissebeck | 0.2 | Review email from B. Metcalf re review of avoidance detail and respond to email from C. Celentino re same |
| 66 | 9/19/2024 | Y Lissebeck | 0.1 | Draft email to J. Stephens and T. Powell re pursuing this target and information from accounting records |

EXHIBIT "D"

Page 367

**Adv. Case No. 24-1090 (Cobalt Funding Solutions, LLC) (143576-67)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .40 | $334.00 |
| John H. Stephens | Partner | $545.00 | 19.50 | $10,627.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.20 | $1,639.00 |
| Veneeta Jaswal | Associate | $460.00 | 18.50 | $8,510.00 |
| Jacob r. Bothamley | Associate | $405.00 | .30 | $121.50 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 1.40 | $511.00 |
| | | **TOTALS** | 42.30 | $21,743.00 |

EXHIBIT "D"

Page 368

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 67 | 7/10/2024 | J Stephens | 0.2 | Telephone call from Cobalt's counsel re: receipt of complaint and response |
| 67 | 7/11/2024 | J Stephens | 0.2 | Telephone call with Cobalt's counsel re: extension for response pleading |
| 67 | 7/11/2024 | J Stephens | 0.2 | Exchange email with Cobalt's counsel re: stipulation and order |
| 67 | 7/11/2024 | J Stephens | 0.2 | Exchange email re: same and documents needed |
| 67 | 7/16/2024 | J Stephens | 0.3 | Exchange email with Cobalt's counsel re: status of stipulation for response extension |
| 67 | 7/16/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: same |
| 67 | 7/16/2024 | J Stephens | 0.2 | Review email from Cobalt's new Bankruptcy counsel re: same |
| 67 | 7/17/2024 | J Stephens | 0.3 | Review and revise draft stipulation to extend respond date |
| 67 | 7/17/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: same |
| 67 | 7/17/2024 | J Stephens | 0.2 | Exchange email with Cobalt's counsel re: same and order |
| 67 | 7/17/2024 | J Stephens | 0.2 | Review notice from court re: appearance by Cobalt's counsel |
| 67 | 7/17/2024 | J Stephens | 0.2 | Review emaiol from Cobalt's counsel re: revised stipulation |
| 67 | 7/18/2024 | J Stephens | 0.3 | Review and revise draft stipulation and order from Cobalt's counsel for response |
| 67 | 7/18/2024 | J Stephens | 0.1 | Exchange email with V. Jaswal re: revisions |
| 67 | 7/18/2024 | J Stephens | 0.2 | Exchange email with paralegal re: same, finalizing and filing |
| 67 | 7/26/2024 | J Stephens | 0.4 | Review notice from court re: order approving Cobalt response extension and review order |
| 67 | 7/29/2024 | J Bothamley | 0.1 | Call with J. Stephens re MCA and usury memo for V. Jaswal. |
| 67 | 7/30/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: Cobalt litigation summary |
| 67 | 7/30/2024 | V Jaswal | 0.2 | Draft summary of procedural history for fee application |
| 67 | 7/31/2024 | J Stephens | 0.4 | Review email from Y. Lissebeck re: 549 claims and research MCA defendants |
| 67 | 8/1/2024 | V Jaswal | 0.6 | Review defendant's answer to complaint |
| 67 | 8/1/2024 | V Jaswal | 0.2 | Review accountant information to determine whether defendant received a 549 transfer payment |
| 67 | 8/2/2024 | J Stephens | 0.6 | Review notice from court re: Cobalt's answer to complant and analyze answer |
| 67 | 8/2/2024 | J Stephens | 0.2 | Exchange email re: same |
| 67 | 8/9/2024 | J Stephens | 0.4 | Review email from Y. Lissebeck re: protective order and brief review of order |
| 67 | 8/12/2024 | J Bothamley | 0.2 | Review Cobalt Funding complaint filed by J. Stephens as example of complaint against MCAs. |
| 67 | 8/12/2024 | J Stephens | 0.1 | Review email from Y. Lissebeck re: staffing |
| 67 | 8/12/2024 | J Stephens | 0.4 | Exchange email with Y. Lissebeck re: status of MCA case evaluations |
| 67 | 8/12/2024 | J Stephens | 0.5 | Prepare email to team re: complaint template and review email from Y. Lissebeck re: |
| 67 | 8/12/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: meet and confer with Cobalt's counsel |
| 67 | 8/12/2024 | J Stephens | 0.2 | Review email re: same and reply |
| 67 | 8/12/2024 | V Jaswal | 0.2 | Email opposing counsel to coordinate Rule 26 meet and confer call |
| 67 | 8/12/2024 | V Jaswal | 1.8 | Begin reviewing documents in anticipation of initial disclosure |
| 67 | 8/13/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: meet and confer re: status conference report |
| 67 | 8/13/2024 | J Stephens | 0.3 | Email exchangel (4) re: same |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/13/2024 | V Jaswal | 0.2 | Follow up and confirm with opposing counsel time to hold Rule 26 meet and confer |
| 8/14/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: meet and confer for status conference report |
| 8/14/2024 | J Stephens | 0.3 | Review email from V. Jaswal re: results |
| 8/14/2024 | J Stephens | 0.3 | Exchange email re: preparation of report |
| 8/14/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: report |
| 8/14/2024 | V Jaswal | 0.5 | Call with opposing counsel regarding Rule 26 meet and confer |
| 8/14/2024 | V Jaswal | 0.2 | Draft and send email summarizing Rule 26 meet and confer call with opposing counsel |
| 8/14/2024 | V Jaswal | 0.2 | Plan and prepare to draft joint status report |
| 8/14/2024 | Y Lissebeck | 0.1 | Review and respond to email from V. Jaswal re meet and confer and moving forward with deadlines |
| 8/15/2024 | J Stephens | 0.2 | Review email re: status conference report, scheduling and status |
| 8/15/2024 | J Stephens | 0.1 | Conferencew tih V. Jaswal re: same |
| 8/15/2024 | V Jaswal | 0.3 | Draft summary of case for fee motion |
| 8/16/2024 | J Stephens | 0.3 | Review email from C. Celentino re: LPG writ of attachment and review order and summary judgment against, review email from C. Ghio re: same and application for temporary protective order and additional allegations for complaints |
| 8/19/2024 | J Stephens | 0.3 | Review wmail re: draft status report and review draft |
| 8/19/2024 | J Stephens | 0.2 | Email with V. Jaswal re: same |
| 8/19/2024 | V Jaswal | 0.2 | Draft joint status report and send to opposing counsel |
| 8/20/2024 | J Stephens | 0.2 | Conference with V.Jaswal re: joint status conference report |
| 8/20/2024 | V Jaswal | 0.3 | Coordinate access to internal share file to review additional documents in anticipation of initial disclosure |
| 8/21/2024 | J Stephens | 0.2 | Review email re: draft status report and prepare email re: same |
| 8/21/2024 | J Stephens | 0.2 | Review email from Cobalt's counsel re: defendant's revisions and review revisions |
| 8/21/2024 | J Stephens | 0.3 | Email exchange re: final draft |
| 8/21/2024 | J Stephens | 0.2 | Review email from court re: status report |
| 8/21/2024 | V Jaswal | 0.1 | Follow up with opposing counsel regarding joint status report |
| 8/22/2024 | J Stephens | 0.3 | Review notice from court re: joint status conference report and exchange email with team re: same |
| 8/22/2024 | V Jaswal | 0.3 | Oversee and advise filing of joint status report |
| 8/23/2024 | Y Lissebeck | 0.4 | Telephone call with M. Hale re MCA cases and expert testimony |
| 8/26/2024 | V Jaswal | 6.7 | Review emails and attachments in advance of initial disclosures |
| 8/27/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: release terms for LPG settlement with Cobalt |
| 8/27/2024 | J Stephens | 0.4 | Review email and order denying Greyson's motion to vacate TRO |
| 8/28/2024 | J Stephens | 0.5 | Review email from V. Jaswal re: Cobalt document production and review redacted documents |
| 8/28/2024 | J Stephens | 0.3 | Exchange email re: "confidential" designation |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 67 | 8/28/2024 | J Stephens | 0.2 | Exchange email re: additional responsive documents |
| 67 | 8/28/2024 | J Stephens | 0.6 | Review Cobalt's Initial disclosures and prepare email re: same |
| 67 | 8/28/2024 | R Simmons | 1.4 | Process initial disclosures production for Cobalt matter |
| 67 | 8/28/2024 | V Jaswal | 0.9 | Draft initial disclosure |
| 67 | 8/28/2024 | V Jaswal | 1.2 | Add additional redactions to documents and finalize for production with initial disclosure |
| 67 | 8/28/2024 | Y Lissebeck | 0.2 | Review and comment re initial disclosures and suggestions for revisions |
| 67 | 8/29/2024 | J Stephens | 0.3 | Exchange email with B. Metcalf re: additional financial analysis of Cobalt's MCA history |
| 67 | 9/3/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: Cobalt's late initial disclosures and follow up |
| 67 | 9/3/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: status conference and issues |
| 67 | 9/4/2024 | J Stephens | 0.2 | Exchange email with Y. Lissebeck re: Cobalt status conference |
| 67 | 9/4/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: same and tentative ruling |
| 67 | 9/4/2024 | J Stephens | 0.3 | Review tentative and status report and exchange email with V. Jaswal re: change |
| 67 | 9/4/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: trial scheduling order |
| 67 | 9/4/2024 | V Jaswal | 0.2 | Review Court's tentative scheduling order |
| 67 | 9/4/2024 | V Jaswal | 0.2 | Draft and send internal email summarizing status conference and the court's orders regarding discovery |
| 67 | 9/4/2024 | V Jaswal | 0.5 | Plan, prepare and attend status conference |
| 67 | 9/4/2024 | Y Lissebeck | 0.1 | Review and respond to emails from V. Jaswal re hearing and status conference |
| 67 | 9/5/2024 | J Stephens | 0.3 | Review notice from court and order re: case management records and briefing, and email re: same |
| 67 | 9/6/2024 | J Stephens | 0.2 | Review court's scheduling order and order for briefing and document production |
| 67 | 9/6/2024 | J Stephens | 0.2 | Exchange email with team re: possible orders in other cases |
| 67 | 9/6/2024 | J Stephens | 0.2 | Telephone call from C. Ghio re: same |
| 67 | 9/6/2024 | Y Lissebeck | 0.2 | Review and respond to email from J. Stephens re order that was entered and request by court for information and briefing |
| 67 | 9/9/2024 | J Stephens | 0.1 | Review notice from cour re: notice of case management order |
| 67 | 9/9/2024 | J Stephens | 0.1 | Review email from Y. Lissebeck re: possible Cobalt claim |
| 67 | 9/9/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: same |
| 67 | 9/9/2024 | J Stephens | 0.4 | Review S-Drive re: same and email to V. Jaswal |
| 67 | 9/9/2024 | V Jaswal | 0.4 | Draft and send internal email summarizing status conference and court's order regarding Rule 26 briefing and document production |
| 67 | 9/9/2024 | V Jaswal | 0.4 | Plan and prepare to draft brief per court's status conference order |
| 67 | 9/9/2024 | V Jaswal | 0.4 | Review and analyze court's order regarding status conference |
| 67 | 9/9/2024 | V Jaswal | 0.4 | Determine deadline to submit brief and produce additional documents per court's status conference order |
| 67 | 9/9/2024 | Y Lissebeck | 0.2 | Review email from V. Jaswal re status conference and court's entry of order requiring briefs, discuss obtaining similar order in remaining MCA litigation cases, review responses |

EXHIBIT "D"

Page 371

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 67 | 9/10/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: possible claim in Cobalt case |
| 67 | 9/10/2024 | V Jaswal | 0.4 | Draft status conference and scheduling order |
| 67 | 9/10/2024 | V Jaswal | 0.1 | Draft and send internal email confirming no priority or administrative claims filed by defendant |
| 67 | 9/11/2024 | J Stephens | 0.4 | Exchange email (4) re: scheduling order and conference with V. Jaswal re: same |
| 67 | 9/11/2024 | J Stephens | 0.1 | Exchange email with V. Jaswal re: no Cobalt proof of claim |
| 67 | 9/11/2024 | V Jaswal | 0.6 | Research to determine whether Cobalt filed an administrative or priority claim |
| 67 | 9/11/2024 | V Jaswal | 0.2 | Review and finalize scheduling order for filing |
| 67 | 9/12/2024 | J Stephens | 0.2 | Review notice from court re: case scheduling order and calendar |
| 67 | 9/12/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: list of claims and Cobalt |
| 67 | 9/12/2024 | V Jaswal | 0.2 | Review list of claims filed with Omni to confirm none filed by defendant |
| 67 | 9/13/2024 | C Celentino | 0.2 | Emails re demand and litigation hold letter and confer re same |
| 67 | 9/13/2024 | J Stephens | 0.3 | Exchange email with paralegal re: Cobalt scheduling and review order |
| 67 | 9/13/2024 | Y Lissebeck | 0.2 | Review and respond to emails from J. Stephens and C. Celentino re demand and litigation hold letter, informing of letters sent out by T. Powel |
| 67 | 9/16/2024 | Y Lissebeck | 0.2 | Read order issues by court and review calendar for deadlines, draft email to J. Stephens and V. Jaswal re calendaring deadlines and drafting brief for review |
| 67 | 9/16/2024 | Y Lissebeck | 0.1 | Draft email to M. Hale (expert) re briefing deadline and meeting to discuss |
| 67 | 9/17/2024 | C Celentino | 0.2 | Team meeting re strategy |
| 67 | 9/17/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: preparation of Cobalt case management brief |
| 67 | 9/17/2024 | J Stephens | 0.2 | Exchange email re: previous briefs |
| 67 | 9/17/2024 | J Stephens | 0.2 | Exchange email with Y. Lissebeck re: 8th Circuit ponzi case |
| 67 | 9/17/2024 | J Stephens | 0.2 | Conference with C. Celentino and Y. Lissebeck re: strategy |
| 67 | 9/17/2024 | V Jaswal | 0.2 | Review documents related to fictitious business names associated with Cobalt |
| 67 | 9/17/2024 | V Jaswal | 0.2 | Review records to determine whether defendant received aa post-petition payment |
| 67 | 9/17/2024 | Y Lissebeck | 0.3 | Telephone call with J. Stephans re status of case and strategy moving forward |
| 67 | 9/18/2024 | J Stephens | 0.2 | Review email from J. Lissebeck re: Ponzi/criminal enterprise claims |
| 67 | 9/19/2024 | Y Lissebeck | 0.2 | Review email from S. Johnston re Coast processing email and information related to MCA lenders, reply thereto and forward email for use to J. Stephens and T. Powell |
| 67 | 9/20/2024 | J Stephens | 0.2 | Review notice from court re: continued case scheduling and email to paralegal |
| 67 | 9/20/2024 | J Stephens | 0.2 | Review email to T. Powell re: Cobalt |
| 67 | 9/20/2024 | J Stephens | 0.1 | Review email from T. Powell re: d/b/a/s |

EXHIBIT "D"

Page 372

### Everyday Funding Group (143576-68)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .50 | $272.50 |
| Brian M. Metcalf | Associate | $650.00 | .30 | $195.00 |
| Veneeta Jaswal | Associate | $460.00 | .40 | $184.00 |
| | | **TOTALS** | 1.20 | $651.50 |

EXHIBIT "D"

Page 373

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 68 | 8/5/2024 | B Metcalf | 0.3 | Review and analyze bank records to identify potential transfers to Everyday Fund and related claims. |
| 68 | 8/28/2024 | J Stephens | 0.3 | Exchange email (4) re: blurb for Everyday Funding matter/status for fee app |
| 68 | 8/28/2024 | V Jaswal | 0.3 | Review documents received from accountant to determine total amount transferred during the avoidance period |
| 68 | 8/28/2024 | V Jaswal | 0.1 | Draft status of matter for fee application |
| 68 | 9/4/2024 | J Stephens | 0.2 | Review email from B. Metcalf re: sources of everyday transfers |

EXHIBIT "D"

Page 374

## Franklin Capital Management LLC (143576-69)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .30 | $163.50 |
| Veneeta Jaswal | Associate | $460.00 | .60 | $276.00 |
| | | **TOTALS** | **0.90** | **$439.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 69 | 8/1/2024 | V Jaswal | 0.2 | Review accountant information to determine whether defendant received a 549 transfer payment |
| 69 | 8/28/2024 | J Stephens | 0.3 | Exchange email (4) re: blurb for Franklin matter/status for fee app |
| 69 | 8/28/2024 | V Jaswal | 0.3 | Review documents received from accountant to determine total amount transferred during the avoidance period |
| 69 | 8/28/2024 | V Jaswal | 0.1 | Draft status of matter for fee application |

EXHIBIT "D"

Page 376

### Green Fund NY (143576-70)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .30 | $163.50 |
| Brian M. Metcalf | Associate | $650.00 | 1.90 | $1,235.00 |
| Veneeta Jaswal | Associate | $460.00 | .40 | $184.00 |
| | | **TOTALS** | 2.60 | $1,582.50 |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 70 | 8/1/2024 | B Metcalf | 0.6 | Analyze additional potential claims, theories of recovery, and damages claims related to transfers from LPG and affiliated entities to Green Fund. |
| 70 | 8/2/2024 | B Metcalf | 1.3 | Review and analyze bank records and information related to transfers between LPG and affiliated entities and Green Gund, and information regarding LPG solvency and characterization and treatment of client receivables, analyze net transfer amounts and available defenses to avoidance actions and damages claims, options and strategy for potential litigation to recover transfers and additional damages. |
| 70 | 8/28/2024 | J Stephens | 0.3 | Exchange email (4) re: blurb for Green Fund matter/status for fee app |
| 70 | 8/28/2024 | V Jaswal | 0.3 | Review documents received from accountant to determine total amount transferred during the avoidance period |
| 70 | 8/28/2024 | V Jaswal | 0.1 | Draft status of matter for fee application |

EXHIBIT "D"

Page 378

## Kevlar Capital LLC (143576-71)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | 3.70 | $2,016.50 |
| Veneeta Jaswal | Associate | $460.00 | 2.30 | $1,058.00 |
| | | TOTALS | 6.00 | $3,074.50 |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 71 | 8/1/2024 | V Jaswal | 0.2 | Review accountant information to determine whether defendant received a 549 transfer payment |
| 71 | 8/15/2024 | J Stephens | 0.2 | Review compilation of materials for possible MCA compliant against Kevlar |
| 71 | 8/15/2024 | J Stephens | 0.1 | Conference with V. Jaswal |
| 71 | 8/19/2024 | J Stephens | 0.3 | Review files re: materials on Kevlar and repositories for additional materials |
| 71 | 8/19/2024 | J Stephens | 0.2 | Prepare email to V. Jaswal re: same |
| 71 | 8/19/2024 | V Jaswal | 0.3 | Plan and prepare to review all documents and determine whether a complaint should be filed |
| 71 | 8/20/2024 | J Stephens | 0.2 | Conference with V. Jaswal re: source of MCA Capital materials to evaluate MCA |
| 71 | 8/21/2024 | J Stephens | 0.2 | Review email from V. Jaswal re: status of Kevlar document review |
| 71 | 8/21/2024 | V Jaswal | 0.2 | Draft and send internal email summarizing all documents reviewed and whether relevant documents were discovered |
| 71 | 8/22/2024 | J Stephens | 0.2 | Review email froim Y. Lissebeck re: Kevlar complaint |
| 71 | 8/23/2024 | J Stephens | 0.2 | Review email from V. Jaswal re: status of Kevlar review analysis |
| 71 | 8/26/2024 | J Stephens | 0.2 | Prepare email to V. Jaswal re: status of Kevlar research and recommendation |
| 71 | 8/28/2024 | J Stephens | 0.3 | Exchange email (4) re: blurb for Kevlar matter/status for fee app |
| 71 | 8/28/2024 | V Jaswal | 0.3 | Review documents received from accountant to determine total amount transferred during the avoidance period |
| 71 | 8/28/2024 | V Jaswal | 0.1 | Draft status of matter for fee application |
| 71 | 8/29/2024 | J Stephens | 0.1 | Review T. Powell's summary of Kevlar |
| 71 | 8/29/2024 | J Stephens | 0.3 | Review files re: documents discussed |
| 71 | 8/29/2024 | J Stephens | 0.7 | Exchange email with V. Jaswal re: missing documents |
| 71 | 8/29/2024 | V Jaswal | 0.7 | Review UCC filings for Kevlar |
| 71 | 9/10/2024 | V Jaswal | 0.1 | Draft and send internal email confirming no priority or administrative claims filed by defendant |
| 71 | 9/11/2024 | J Stephens | 0.1 | Exchange email with V. Jaswal re: no Kevlar Proof pf Claim |
| 71 | 9/12/2024 | V Jaswal | 0.2 | Review list of claims filed with Omni to confirm none filed by defendant |
| 71 | 9/17/2024 | V Jaswal | 0.2 | Review records to determine whether defendant received aa post-petition payment |
| 71 | 9/23/2024 | J Stephens | 0.4 | Prepare email to T. Powell re: Kevlar materials and possible lawsuit and review available materials |

EXHIBIT "D"

Page 380

### Stratcap Management LLC (143576-72)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| John H. Stephens | Partner | $545.00 | .30 | $163.50 |
| Brian M. Metcalf | Associate | $650.00 | .50 | $325.00 |
| Veneeta Jaswal | Associate | $460.00 | .40 | $184.00 |
| | | **TOTALS** | **1.20** | **$672.50** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 72 | | | |
| 8/1/2024 | B Metcalf | 0.5 | Review and analyze documents and pleadings related to transfer of LPG accounts receivable transfers to Stratcap, analyze additional potential avoidance actions and damages claims against Stratcap. |
| 72 | | | |
| 8/28/2024 | J Stephens | 0.3 | Exchange email (4) re: blurb for Stratcap matter/status for fee app |
| 8/28/2024 | V Jaswal | 0.3 | Review documents received from accountant to determine total amount transferred during the avoidance period |
| 72 | | | |
| 8/28/2024 | V Jaswal | 0.1 | Draft status of matter for fee application |

EXHIBIT "D"

Page 382

## World Global Fund LLC (143576-73)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 2.00 | $1,250.00 |
| Christopher Celentino | Partner | $835.00 | .50 | $417.50 |
| John H. Stephens | Partner | $545.00 | 3.50 | $1,907.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .70 | $521.50 |
| Jeremy B. Freedman | Associate | $465.00 | .60 | $279.00 |
| Veneeta Jaswal | Associate | $460.00 | 9.70 | $4,462.00 |
| | | **TOTALS** | **17.00** | **$8,837.50** |

EXHIBIT "D"

Page 383

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 73 | 8/1/2024 | V Jaswal | 0.2 | Review accountant information to determine whether defendant received a 549 transfer payment |
| 73 | 8/2/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: World Global |
| 73 | 8/12/2024 | J Freedman | 0.4 | Review and analysis of evidence and pleading status as to World Global in the 1046 action in order to develop strategy regrading dismissal and new adversary complaint |
| 73 | 8/12/2024 | J Stephens | 0.2 | Exchange email re: World Global case |
| 73 | 8/12/2024 | Y Lissebeck | 0.1 | Review email from J. Stephens and respond re moving forward with MCA allegations and complaint |
| 73 | 8/16/2024 | C Celentino | 0.3 | Email re LPG writ of attachment and review order and summary judgment against, review email from Atty Ghio re same and application for temporary protective order and additional allegations for complaints |
| 73 | 8/16/2024 | J Stephens | 0.3 | Review email from C. Celentino re: LPG writ of attachment and review order and summary judgment against, review email from C. Ghio re: same and application for temporary protective order and additional allegations for complaints |
| 73 | 8/17/2024 | J Freedman | 0.2 | Review and analysis of email from secured creditor regarding World Global and Shia Dembitzer in order to evaluate evidence to support further claims against same |
| 73 | 8/19/2024 | J Stephens | 0.3 | Review files re: materials on World Global and repositories for additional materials |
| 73 | 8/19/2024 | J Stephens | 0.2 | Prepare email to V. Jaswal re: same |
| 73 | 8/19/2024 | V Jaswal | 3.6 | Review emails and accountant records in anticipation of preparing complaint |
| 73 | 8/21/2024 | V Jaswal | 3.6 | Review all documents to determine whether a complaint should be filed against World Global Fund |
| 73 | 8/21/2024 | Y Lissebeck | 0.1 | Review and respond re email from T. Powell re world global issues |
| 73 | 8/22/2024 | J Stephens | 0.2 | Review email from Y. Lissebeck re: World Global complaint |
| 73 | 8/22/2024 | Y Lissebeck | 0.1 | Review email from T. Powell re World Global and information related to litigation targe |
| 73 | 8/26/2024 | J Stephens | 0.2 | Prepare email to V. Jaswal re: status of World Global research and recommendation |
| 73 | 8/26/2024 | Y Lissebeck | 0.2 | Review and respond to email of T. Powell re worldglobal issues and accounting documents and forward accounting spreadsheet for review |
| 73 | 8/27/2024 | V Jaswal | 0.8 | Review additional Vulcan Consulting Group bank records to determine if a complaint should be filed |
| 73 | 8/28/2024 | J Stephens | 0.3 | Exchange email (4) re: blurb for World Global matter/status for fee app |
| 73 | 8/28/2024 | V Jaswal | 0.3 | Review documents received from accountant to determine total amount transferred during the avoidance period |
| 73 | 8/28/2024 | V Jaswal | 0.1 | Draft status of matter for fee application |
| 73 | 9/10/2024 | V Jaswal | 0.1 | Draft and send internal email confirming no priority or administrative claims filed by defendant |
| 73 | 9/11/2024 | J Stephens | 0.1 | Exchange email with V. Jaswal re: no World Global Proof of Claim |
| 73 | 9/11/2024 | V Jaswal | 0.6 | Research to determine whether World Global Fund filed an administrative or priority claim |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 73 | 9/12/2024 | J Stephens | 0.2 | Exchange email with V. Jaswal re: list of claims and World Global |
| 73 | 9/12/2024 | V Jaswal | 0.2 | Review list of claims filed with Omni to confirm none filed by defendant |
| 73 | 9/17/2024 | J Stephens | 0.2 | Review records re: post-petition payments |
| 73 | 9/17/2024 | J Stephens | 0.3 | Exchange email with V. Jaswal re: World Global payment |
| 73 | 9/17/2024 | V Jaswal | 0.2 | Review records to determine whether defendant received aa post-petition payment |
| 73 | 9/20/2024 | C Celentino | 0.2 | Emails re Worldglobal principles and obtaining further information re same from parties in case |
| 73 | 9/20/2024 | C Ghio | 1.1 | Analysis re claims against World Global and Optimum Bank. |
| 73 | 9/20/2024 | J Stephens | 0.2 | Review email from T. Powell re: World Global transfers |
| 73 | 9/20/2024 | J Stephens | 0.1 | Review email from T. Powell re: World Global d/b/a/s |
| 73 | 9/20/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino re worldglobal principles and obtaining further information re same from parties in case |
| 73 | 9/23/2024 | C Ghio | 0.9 | Legal research and analysis re holding Optimum Bank liable for funds processed by World Global for LPG. |
| 73 | 9/23/2024 | J Stephens | 0.4 | Review materials related to World Global re: possible lawsuit |

EXHIBIT "D"

Page 385

## Ace Funding Source LLC (143576-74)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | 1.60 | $792.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .60 | $447.00 |
| Brandon E. Lira | Associate | $355.00 | 1.70 | $603.50 |
| | | **TOTALS** | 3.90 | $1,842.50 |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 74 | 9/13/2024 | B Lira | 0.2 | Analyze claims of Ace Funding with attention to any putative rights to be treated as an administrative or priority claimant |
| 74 | 9/16/2024 | S Johnston | 0.5 | Analyze historical transfer data for claim amounts |
| 74 | 9/16/2024 | S Johnston | 0.5 | Work on case strategy in light of MCA lender status and transfers |
| 74 | 9/16/2024 | Y Lissebeck | 0.1 | Review email from S. Johnston re pursuing litigation target and claims for relief |
| 74 | 9/16/2024 | Y Lissebeck | 0.5 | Review various files and information re to litigation target and respond re secured status and additional ponzi and MCA claims to look for |
| 74 | 9/17/2024 | S Johnston | 0.4 | Work on MCA lender as unsecured creditor strategy for demand details and avoidance claims |
| 74 | 9/23/2024 | B Lira | 1.5 | Prepare demand letter to Ace Funding concerning its receipt of $395k in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 74 | 9/23/2024 | S Johnston | 0.2 | Revise demand letter |

EXHIBIT "D"

Page 387

### Herret Credit Consultants (143576-75)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .30 | $250.50 |
| Sarah S. Mattingly | Partner | $610.00 | 1.40 | $854.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.60 | $1,192.00 |
| Matthew J. Stockl | Associate | $480.00 | 29.20 | $14,016.00 |
| | | **TOTALS** | **32.50** | **$16,312.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 75 | 7/1/2024 | M Stockl | 4.2 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/175 documents reviewed. |
| 75 | 7/2/2024 | M Stockl | 1.7 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/63 documents reviewed. |
| 75 | 7/3/2024 | M Stockl | 0.9 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/57 documents reviewed. |
| 75 | 7/10/2024 | M Stockl | 0.3 | Call with S. Mattingly regarding potential causes of action against K. Herret and/or Herret Credit Consultants. |
| 75 | 7/10/2024 | S Mattingly | 0.3 | Additional analysis of potential claims against Herret, pre and post-petition in order to provide recovery for the estate. |
| 75 | 7/11/2024 | C Celentino | 0.1 | Review email re meeting with Herret, review response, reply |
| 75 | 7/11/2024 | M Stockl | 0.3 | Review and analyze motion for allowance of administrative priority claim filed by Herret Credit Consultants in connection with potential avoidance action against Herret Credit Consultants and K. Herret. |
| 75 | 7/11/2024 | M Stockl | 0.7 | Conference with A. Mamlyuk, S. Mattingly, and Y. Lissebeck regarding objection to Herret admin claim and potential avoidance action. |
| 75 | 7/11/2024 | M Stockl | 1.5 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/98 documents reviewed. |
| 75 | 7/11/2024 | S Mattingly | 0.7 | Additional analysis of potential Chapter 5 causes of action supported by the documents and bank records. |
| 75 | 7/11/2024 | Y Lissebeck | 0.2 | Telephone call with S. Mattingly re Herret adversary matter and strategy |
| 75 | 7/11/2024 | Y Lissebeck | 0.1 | Review and respond to email from A. Mamlyuk re meeting with Herret to discuss |
| 75 | 7/11/2024 | Y Lissebeck | 0.1 | Draft email to C. Celentino re meeting with Herret, review response, reply |
| 75 | 7/11/2024 | Y Lissebeck | 0.5 | Telephone call with A. Mamlyuk, S. Mattingly, M. Stockl re Herret information and case strategy with admin claim and adversary |
| 75 | 7/15/2024 | M Stockl | 2.5 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/230 documents reviewed. |
| 75 | 7/16/2024 | M Stockl | 1.4 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/123 documents reviewed. |
| 75 | 7/17/2024 | M Stockl | 0.3 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/50 documents reviewed. |
| 75 | 7/18/2024 | M Stockl | 1.7 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/107 documents reviewed. |
| 75 | 7/19/2024 | M Stockl | 1.1 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/100 documents reviewed. |
| 75 | 7/22/2024 | M Stockl | 3.7 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/229 documents reviewed. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 75 | 7/23/2024 | M Stockl | 3.1 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/ 257 documents reviewed. |
| 75 | 7/25/2024 | M Stockl | 1.8 | Review and analyze debtor emails and documents in custodians file: keyword Kyle Herret/157 documents reviewed. |
| 75 | 8/23/2024 | C Celentino | 0.2 | Confer re the complaint |
| 75 | 8/23/2024 | Y Lissebeck | 0.2 | Review and respond to email re complaint and objection to Herret admin claim |
| 75 | 8/23/2024 | Y Lissebeck | 0.3 | Telephone call with S. Mattingly re complaint and moving forward with case strategy |
| 75 | 8/23/2024 | Y Lissebeck | 0.2 | Draft email from M. Stockl and C. Celentino re the complaint |
| 75 | 8/27/2024 | M Stockl | 0.4 | Conference with S. Mattingly regarding case strategy and claims for relief against K. Herret and Herret Credit Consultants. |
| 75 | 8/27/2024 | S Mattingly | 0.4 | Analysis of potential causes of action |
| 75 | 9/13/2024 | M Stockl | 1.7 | Research regarding potential causes of action against Herret Credit Consulting in connection with approximately $1.3 million transferred pre-petition. |
| 75 | 9/13/2024 | M Stockl | 0.2 | Correspondence with S. Mattingly regarding potential causes of action against Herret Credit Consulting and K. Herret. |
| 75 | 9/17/2024 | M Stockl | 0.1 | Call with S. Mattingly regarding status of adversary complaint, case strategy, and next steps. |
| 75 | 9/20/2024 | M Stockl | 1.6 | Research and form strategy regarding causes of action against Herret Credit Consultants, including claims under sections 502(d) and (j), 542, 544(b), 547, 548, 549, 550, and 551 of the Bankruptcy Code and corresponding claims under Cal Civ. Code sections 3439.04(a), 3439.05 and 3439.07. |

EXHIBIT "D"

Page 390

### Greyson/Han Trinh (143576-76)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .20 | $167.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Jeremy B. Freedman | Associate | $465.00 | 1.90 | $883.50 |
| | | **TOTALS** | **2.30** | **$1,199.50** |

EXHIBIT "D"

Page 391

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/23/2024 | C Celentino | 0.2 | Conference re appeal of Greyson admin claim |
| 9/23/2024 | J Freedman | 1.9 | Draft initial disclosures as to Greyson |
| 9/23/2024 | Y Lissebeck | 0.2 | Discuss appeal of Greyson admin claim with C. Ghio and C. Celentino |

76
76
76

EXHIBIT "D"

Page 392

### Han Trinh and Jayde Trinh (143576-77)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .20 | $167.00 |
| Yosina M. Lissebeck | Partner | $745.00 | .60 | $223.50 |
| Jeremy B. Freedman | Associate | $465.00 | 4.70 | $2,185.50 |
| | | | **TOTALS** | **5.50** | **$2,576.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 77 | 7/5/2024 | Y Lissebeck | 0.1 | Review and respond to email from C. Haes re Han Trinh payments and forward to C. Ghio for response |
| 77 | 8/28/2024 | J Freedman | 0.2 | Develop strategy for further discovery and subpoenas as to Han and Jayde Trinh to locate assets and evidence |
| 77 | 9/19/2024 | J Freedman | 3.6 | Review and analysis of Han's LPG email account and evidence regarding her hire date and evidence to be produced with initial disclosures |
| 77 | 9/19/2024 | J Freedman | 0.1 | Multiple emails (2) with client regarding limiting records related to Han Trinh per prior stipulation with counsel for AMEX records |
| 77 | 9/19/2024 | J Freedman | 0.8 | Review and analysis of bank records from Chase Bank related to Han and Greyson in order to evaluate for production with initial disclosures |
| 77 | 9/23/2024 | C Celentino | 0.2 | Confer issues on appeal |
| 77 | 9/23/2024 | Y Lissebeck | 0.2 | Review issues on appeal and forward to C. Ghio and C. Celentino for comment |

EXHIBIT "D"

Page 394

### Debt Resolution Direct (143576-78)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $48.00 |
| Bryan L. Cockroft | Associate | $275.00 | 1.00 | $275.00 |
| | | **TOTALS** | 1.10 | $323.00 |

EXHIBIT "D"

Page 395

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/22/2024 | B Cockroft | 1 | Update Complaint to include 549 language to recover post-petition transfers. |
| 9/17/2024 | M Stockl | 0.1 | Call with S. Mattingly regarding status of adversary complaint, case strategy, and next steps. |

78
78

EXHIBIT "D"

Page 396

### Gofi Finance / Gofi, LLC (143576-79)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $480.00 |
| | | **TOTALS** | **.10** | **$480.00** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/17/2024 | M Stockl | 0.1 | Call with S. Mattingly regarding status of adversary complaint, case strategy, and next steps. |

79

EXHIBIT "D"

Page 398

## United Debt Consultants (143576-80)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Matthew J. Stockl | Associate | $480.00 | .10 | $48.00 |
| Bryan L. Cockroft | Associate | $275.00 | 1.20 | $330.00 |
| | | **TOTALS** | **1.30** | **$378.00** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/22/2024 | B Cockroft | 0.5 | Update United Debt Consultants Complaint to update recovery numbers. |
| 8/29/2024 | B Cockroft | 0.7 | Analyze California law to determine the plausibility of adding an intentional fraudulent conveyance claim to complaint. |
| 9/17/2024 | M Stockl | 0.1 | Call with S. Mattingly regarding status of adversary complaint, case strategy, and next steps. |

80
80

80

EXHIBIT "D"

Page 400

## Platinum Capital Consulting, LLC (143576-81)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Sara A Johnston | Partner | $495.00 | 1.70 | $841.50 |
| Bryan L. Cockroft | Associate | $275.00 | 6.70 | $1,842.50 |
| | | **TOTALS** | **8.60** | **$2,833.00** |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 81 | 8/2/2024 | S Johnston | 0.2 | Begin review of updated complaint from B. Cockcroft |
| 81 | 8/2/2024 | Y Lissebeck | 0.1 | Telephone call with S. Johnston re case strategy and status |
| 81 | 8/15/2024 | B Cockroft | 0.6 | Draft 549 claim language to include in Complaint. |
| 81 | 8/21/2024 | B Cockroft | 1.1 | Draft 549 pre-petition transfer language to revise Complaint. |
| 81 | 8/22/2024 | Y Lissebeck | 0.1 | Review email from S. Johnston re status of filing complaint |
| 81 | 8/23/2024 | B Cockroft | 1 | Analyze 549 pre-petition claims to draft language to include in complaint. |
| 81 | 8/23/2024 | S Johnston | 1 | Additional revisions to Platinum Consulting Complaint |
| 81 | 8/26/2024 | B Cockroft | 1.5 | Finalize draft and prepare exhibits for filing of Complaint of adversary proceeding. |
| 81 | 8/27/2024 | S Johnston | 0.1 | Discuss additional counts to complaint in light or order denying Greyson's motion |
| 81 | 8/28/2024 | B Cockroft | 0.6 | Analyze California law about intentional fraudulent conveyances. |
| 81 | 8/30/2024 | B Cockroft | 0.9 | Analyze California law to determine the plausibility of adding an intentional fraudulent conveyance claim to complaint. |
| 81 | 8/30/2024 | S Johnston | 0.1 | Continue discussions for claim additions with B. Cockcroft |
| 81 | 8/31/2024 | S Johnston | 0.2 | Continued correspondence with B. Cockcroft for Ponzi Scheme complaint recommendations |
| 81 | 9/3/2024 | B Cockroft | 0.7 | Review EPD Investment Complaint for further analysis for potential new claims. |
| 81 | 9/9/2024 | B Cockroft | 0.3 | Review case filings to see if there are any administrative claims and priority claims. |
| 81 | 9/9/2024 | S Johnston | 0.1 | Telephone call from B. Cockcroft for priority claim discussion |

EXHIBIT "D"

Page 402

**Adv. Case No. 24-1068 (Arash Asante Bayrooti) (143576-85)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 70.00 | $43,750.00 |
| Christopher Celentino | Partner | $835.00 | 6.30 | $5,260.50 |
| M. Tyler Powell | Partner | $595.00 | 9.80 | $5,831.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 4.60 | $3,427.00 |
| Jacob R. Bothamley | Associate | $405.00 | .50 | $202.50 |
| Matthew J. Stockl | Associate | $480.00 | 60.00 | $28,800.00 |
| Brandon E. Lira | Associate | $355.00 | 7.90 | $2,804.50 |
| Jennifer E. Pitcock | Paraprofessional | $215.00 | 2.50 | $537.50 |
| | | **TOTALS** | **161.60** | **$90,613.00** |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 7/2/2024 | C Ghio | 2.1 | Begin review and legal analysis of draft Memorandum of Points and Authorities in support of Writ of Attachment. | 85 |
| 7/2/2024 | M Stockl | 1.6 | Prepare Marshack declaration in support of motion and motion for right to attach order and writ of attachment. | 85 |
| 7/5/2024 | C Ghio | 0.5 | Analysis re document demand to Bayrooti in connection with settlement discussions | 85 |
| 7/5/2024 | MT Powell | 0.3 | Review and respond to email from counsel for Mr. Bayrooti re settlement and answer deadline. | 85 |
| 7/8/2024 | C Ghio | 2.6 | Continue review and legal analysis re Memorandum of Points and Authorities in Support of Writ of Attachment | 85 |
| 7/10/2024 | C Celentino | 0.2 | Confer re case strategy and writ issues | 85 |
| 7/10/2024 | C Ghio | 1.5 | Revise Memorandum of Points and Authorities in support of writ of attachment. | 85 |
| 7/10/2024 | C Ghio | 1.1 | Legal research and analysis re writ of attachment and amendment of complaint to include 11 USC 544 claim in addition to state law UFTA claims. | 85 |
| 7/10/2024 | C Ghio | 1.2 | Begin review of ancillary pleadings for writ of attachment. | 85 |
| 7/10/2024 | J Bothamley | 0.1 | Review email exchanges between C. Ghio and Y.L. re status of Bayrooti asset search and related issues. | 85 |
| 7/10/2024 | J Bothamley | 0.1 | Call with Matt Stockl re follow up library search for Bayrooti assets. | 85 |
| 7/10/2024 | J Bothamley | 0.3 | Review Motion For Right To Attach Order and Issuance of Writ of Attachment with accompanying documents sent by Matthew Stockl. | 85 |
| 7/10/2024 | M Stockl | 0.2 | Prepare notice of application and hearing (Form CV-4I). | 85 |
| 7/10/2024 | M Stockl | 0.4 | Prepare application for right to attach order and order for issuance of writ of attachment (Form CV-4F). | 85 |
| 7/10/2024 | M Stockl | 0.3 | Prepare right to attach order and order for issuance of writ of attachment. | 85 |
| 7/10/2024 | M Stockl | 0.7 | Review and revise declaration in support of memorandum of points and authorities in support of application for writ of attachment. | 85 |
| 7/10/2024 | M Stockl | 0.1 | Review and revise notice of motion and motion for writ of attachment. | 85 |
| 7/10/2024 | M Stockl | 0.1 | Correspondence with L. Hayes regarding Bayrooti asset search in connection with pre-judgment writ of attachment. | 85 |
| 7/10/2024 | M Stockl | 0.1 | Call with J. Bothamley regarding Bayrooti asset search in connection with pre-judgment writ of attachment. | 85 |
| 7/10/2024 | M Stockl | 1.6 | Review and revise memorandum of points and authorities in support of application for writ of attachment, including cite checking and citing to declaration. | 85 |
| 7/10/2024 | MT Powell | 0.4 | Discuss amendment of complaint and pursuit of litigation against Mr. Bayrooti with Y. Lissebeck and C. Ghio. | 85 |
| 7/10/2024 | Y Lissebeck | 0.2 | Review and respond to email re status of answer, settlement and writ | 85 |
| 7/10/2024 | Y Lissebeck | 0.2 | Review further email from C. Ghio re asset search and respond re bank information | 85 |
| 7/10/2024 | Y Lissebeck | 0.2 | Discuss case strategy and writ issues with C. Celentino | 85 |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/10/2024 | Y Lissebeck | 0.2 | Draft email to team re case strategy |
| 7/10/2024 | Y Lissebeck | 0.3 | Telephone call with C. Ghio and T. Powell re writ, settlement, and summary judgment issues |
| 7/11/2024 | C Celentino | 2.1 | Review bank records, tax records and subpoena records to evaluate writ of attachment strategy and run asset report and property profile report re same |
| 7/11/2024 | C Ghio | 2.1 | Review and revise/approve First Amended Complaint |
| 7/11/2024 | MT Powell | 0.7 | Revise complaint against A. Bayrooti to add fraudulent conveyance count under state law. |
| 7/12/2024 | C Ghio | 2.1 | Review email to Conte Cicala re Bayrooti FAC |
| 7/12/2024 | J Pitcock | 1.2 | Finalize Amended Complaint and accompanying exhibits for filing. |
| 7/12/2024 | MT Powell | 0.2 | Finalize amended complaint for filing. |
| 7/12/2024 | MT Powell | 0.2 | Draft email to counsel for C. Cicla, counsel for Mr. Bayrooti, attaching amended complaint and discussing revised answer and meet and confer dates. |
| 7/12/2024 | Y Lissebeck | 0.1 | Review email re amended complaint from T. Powell and new response date |
| 7/16/2024 | J Pitcock | 0.5 | Follow up with respect to service requirements relating to the Amended Complaint. |
| 7/16/2024 | J Pitcock | 0.2 | Conference with M. Powell regarding service of Amended Complaint on Defendant. |
| 7/22/2024 | C Celentino | 0.9 | Conference re Charles new case as special counsel |
| 7/22/2024 | C Celentino | 1.2 | Review, revise and finalize writ of attachment pleadings |
| 7/22/2024 | C Ghio | 0.3 | Analysis re service of FAC and writ. |
| 7/22/2024 | C Ghio | 1 | Review and revision of writ pleadings. |
| 7/22/2024 | M Stockl | 0.3 | Research regarding issuance of alias summons. |
| 7/22/2024 | M Stockl | 0.3 | Correspondence with T. Powell regarding service of amended complaint and writ pleadings on defendant. |
| 7/22/2024 | M Stockl | 0.4 | Correspondence with L. Hayes regarding results of asset search. |
| 7/22/2024 | M Stockl | 0.4 | Correspondence with L. Hayes regarding asset search in connection with prejudgment writ of attachment. |
| 7/22/2024 | MT Powell | 0.5 | Review and respond to emails on service of amended complaint on Bayrooti and writ of attachment with C. Ghio and M. Stockl. |
| 7/22/2024 | MT Powell | 0.3 | Review and respond to emails re form demand letters for possible recipients of preferential and fraudulent transfers from C. Haes. |
| 7/23/2024 | C Ghio | 1.4 | Complete review and revision of writ of attachment papers |
| 7/23/2024 | M Stockl | 0.2 | Correspondence with L. Hayes regarding nationwide bank and brokerage search in connection with prejudgment writ of attachment. |
| 7/24/2024 | C Celentino | 0.6 | Review, revise and approve final motion for writ of attachment, notices declarations and orders related thereto and evidence of source of cash |
| 7/25/2024 | C Ghio | 0.9 | Review and analysis of potential transfers of assets to Bayrooti Trust. |
| 7/25/2024 | C Ghio | 1.4 | Review and revision of writ of attachment pleadings |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 85 | 7/25/2024 | M Stockl | 0.8 | Revise memorandum of points and authorities in support of issuance of pre-judgment writ of attachment. |
| 85 | 7/25/2024 | MT Powell | 0.5 | Review and respond to emails re writ of attachment in Bayrooti adversary and amendment of complaint. |
| 85 | 7/26/2024 | M Stockl | 0.4 | Review and summarize asset search results in connection with pre-judgment writ of attachment. |
| 85 | 7/26/2024 | M Stockl | 2.3 | Research regarding ex parte writ of attachment. |
| 85 | 7/26/2024 | M Stockl | 0.2 | Correspondence with L. Hayes regarding search results for trust and real estate. |
| 85 | 7/29/2024 | C Celentino | 0.9 | Review and finalize writ of attachment pleadings |
| 85 | 8/1/2024 | M Stockl | 0.9 | Research regarding trust liability for individual. |
| 85 | 8/1/2024 | M Stockl | 1.8 | Revise writ pleadings for ex parte relief. |
| 85 | 8/2/2024 | C Ghio | 1.5 | Begin review of revised ex parte application for writ of attachment. |
| 85 | 8/2/2024 | M Stockl | 3.9 | Revise memorandum of points and authorities in support of ex parte application for right to attach order. |
| 85 | 8/5/2024 | C Ghio | 0.9 | Review revised draft Ex Parte Application for Writ of Attachment |
| 85 | 8/5/2024 | C Ghio | 0.3 | Strategy conference re writ of attachment with Matt Stockl. |
| 85 | 8/5/2024 | C Ghio | 0.6 | Analysis re request for temporary protective order as alternative to ex parte relief |
| 85 | 8/5/2024 | M Stockl | 0.3 | Revise ex parte motion for writ of attachment to include request for alternative relief of temporary protective order preventing defendant from transferring, encumbering, or hypothecating the real property pending noticed hearing. |
| 85 | 8/5/2024 | M Stockl | 0.1 | Call with C. Ghio regarding request for alternative relief of temporary protective order preventing defendant from transferring, encumbering, or hypothecating the real property pending noticed hearing. |
| 85 | 8/6/2024 | M Stockl | 1.3 | Revise memorandum of points and authorities to include request for alternative relief of temporary protective order preventing defendant from transferring, encumbering, or hypothecating the real property pending noticed hearing. |
| 85 | 8/7/2024 | C Ghio | 1.8 | Review and revise Writ of Attachment pleadings. |
| 85 | 8/7/2024 | M Stockl | 0.6 | Finalize writ pleadings. |
| 85 | 8/8/2024 | C Ghio | 1.7 | Review of tentative ruling granting similar application for preliminary injunction/attachment/seizure |
| 85 | 8/8/2024 | M Stockl | 0.3 | Review and revise table of authorities for memorandum of law in support of ex parte application for writ of attachment. |
| 85 | 8/8/2024 | M Stockl | 0.1 | Correspondence with C. Ghio regarding declaration. |
| 85 | 8/8/2024 | M Stockl | 0.1 | Call with C. Ghio re AB Capital case. |
| 85 | 8/8/2024 | M Stockl | 0.8 | Review tentative ruling posted in AB Capital case in connection with ex parte application for writ of attachment. |
| 85 | 8/13/2024 | C Ghio | 1.6 | Legal research and analysis re emergency relief |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 85 | 8/13/2024 | C Ghio | 0.4 | Telephone call with Kyra Andrassy for Defendant Bayrooti. |
| 85 | 8/13/2024 | C Ghio | 1.8 | Final review/revision and preparation of pleadings for emergency motion |
| 85 | 8/13/2024 | C Ghio | 0.8 | Strategy conference with Matt Stockl re emergency motion under 9075-1a |
| 85 | 8/13/2024 | C Ghio | 0.6 | Telephone calls with chambers re same |
| 85 | 8/13/2024 | M Stockl | 1 | Prepare declaration regarding notice of emergency motion. |
| 85 | 8/13/2024 | M Stockl | 0.5 | Supervise service of amended complaint. |
| 85 | 8/13/2024 | M Stockl | 0.4 | Revise writ pleadings re no notice. |
| 85 | 8/13/2024 | M Stockl | 1.7 | Review and revise pleadings for hearing on emergency motion for application for right to attach order and issuance of writ of attachment. |
| 85 | 8/13/2024 | MT Powell | 0.7 | Review and respond to multiple emails with C. Ghio and Y. Lissebeck regarding service of amended complaint and writ of execution pleadings on Bayrooti and his counsel |
| 85 | 8/13/2024 | Y Lissebeck | 0.2 | Review email from C. Ghio re writ and status report and respond |
| 85 | 8/13/2024 | Y Lissebeck | 0.2 | Discuss status of case and amended complaint with C. Ghio |
| 85 | 8/13/2024 | Y Lissebeck | 0.2 | Telephone call with C. Ghio re status of writ and rules re notice |
| 85 | 8/13/2024 | Y Lissebeck | 0.2 | Telephone call with T. Powell re status of case and status report |
| 85 | 8/14/2024 | C Ghio | 0.8 | Review and approve Stockl declaration re notice to interested parties. |
| 85 | 8/14/2024 | C Ghio | 0.2 | Review tentative ruling to hear the matter |
| 85 | 8/14/2024 | C Ghio | 0.6 | Prepare notes for oral arguments |
| 85 | 8/14/2024 | C Ghio | 6.1 | Legal research and analysis in preparation for hearing on Writ of Attachment. |
| 85 | 8/14/2024 | M Stockl | 0.5 | Review and revise proof of service re first amended complaint and writ pleadings. |
| 85 | 8/14/2024 | M Stockl | 0.9 | Review and highlight cited cases and statutes in preparation for oral argument. |
| 85 | 8/14/2024 | M Stockl | 0.1 | Finalize and file declaration re proof of notice of hearing. |
| 85 | 8/14/2024 | M Stockl | 1.4 | Prepare outline for oral argument on application for right to attach order and issuance of writ of attachment. |
| 85 | 8/15/2024 | C Ghio | 3.7 | Legal research, analysis and preparation of notes for hearing on ex parte writ of |
| 85 | 8/15/2024 | C Ghio | 3.5 | Attend hearing on ex parte writ of attachment. |
| 85 | 8/15/2024 | C Ghio | 0.8 | Review, revise and approve Temporary Restraining Order. |
| 85 | 8/15/2024 | C Ghio | 1.3 | Prepare memo to litigation team re ex parte writ of attachment strategy. |
| 85 | 8/15/2024 | M Stockl | 0.2 | Call with C. Ghio regarding right to attach order and order for issuance of writ of attachment. |
| 85 | 8/15/2024 | M Stockl | 0.3 | Lodge temporary restraining order. |
| 85 | 8/15/2024 | M Stockl | 0.2 | File notice of lodgment of order. |
| 85 | 8/15/2024 | M Stockl | 0.4 | Review and revise temporary restraining order. |
| 85 | 8/15/2024 | M Stockl | 0.3 | Prepare notice of lodgment of order. |
| 85 | 8/15/2024 | M Stockl | 0.8 | Prepare temporary restraining order. |
| 85 | 8/15/2024 | M Stockl | 0.7 | Review and summarize arguments raised in opposition to emergency motion. |
| 85 | 8/15/2024 | M Stockl | 0.6 | Conference with C. Ghio regarding evidentiary objections filed by defendant. |

EXHIBIT "D"
Page 407

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 85 | 8/15/2024 | MT Powell | 0.6 | Attention to email relaying Court's rulings for TRO order, writ, and subsequent hearing |
| 85 | 8/15/2024 | Y Lissebeck | 0.4 | Discuss case status with C. Ghio re writ hearing |
| 85 | 8/15/2024 | Y Lissebeck | 0.4 | Further discuss writ hearing re arguments and assets with C. Ghio |
| 85 | 8/16/2024 | M Stockl | 0.2 | Review as entered temporary restraining order. |
| 85 | 8/16/2024 | M Stockl | 0.5 | Oversee service of temporary restraining order. |
| 85 | 8/16/2024 | M Stockl | 0.2 | Review requirements for recording TRO in Orange County Recorder's Office |
| 85 | 8/16/2024 | Y Lissebeck | 0.1 | Review and respond to emails from J. Pitcock and C. Ghio re writ and court file |
| 85 | 8/16/2024 | Y Lissebeck | 0.1 | Review and respond to emails re writ and procedure for recording writ |
| 85 | 8/19/2024 | C Ghio | 0.6 | Coordinate bond for Bayrooti writ of attachment |
| 85 | 8/19/2024 | M Stockl | 0.7 | Prepare Right to Attach Order After Hearing and Order for Issuance of Writ of Attachment. |
| 85 | 8/19/2024 | M Stockl | 0.4 | Prepare Writ of Attachment. |
| 85 | 8/20/2024 | C Ghio | 0.4 | Review and approve bond application and email to Richard Marshack. |
| 85 | 8/20/2024 | C Ghio | 0.3 | Review certified copy of Temporary Restraining Order and coordinate service and recording. |
| 85 | 8/20/2024 | C Ghio | 0.9 | Review and approve Right to Attach Order, Order for Issuance of Writ of Attachment and Writ of Attachment. |
| 85 | 8/20/2024 | C Ghio | 0.4 | Review surety company email and draft bond language. |
| 85 | 8/20/2024 | M Stockl | 0.2 | Review right to attach order and order for issuance of writ of attachment. |
| 85 | 8/21/2024 | C Celentino | 0.2 | Review and respond to email of C. Celentino re insolvency and evidence to prove debtor was insolvent |
| 85 | 8/21/2024 | C Ghio | 0.7 | Review and approve bond and power of attorney from surety |
| 85 | 8/21/2024 | C Ghio | 0.9 | Final review and approval of Writ of Attachment and Right to Attach Order. |
| 85 | 8/21/2024 | M Stockl | 0.3 | Correspondence with K. Ortiz regarding filing undertaking. |
| 85 | 8/21/2024 | Y Lissebeck | 0.2 | Review and respond to email of C. Celentino re insolvency and evidence to prove debtor was insolvent |
| 85 | 8/21/2024 | Y Lissebeck | 0.2 | Review and respond to email from Trustee re valuation of assets and home |
| 85 | 8/23/2024 | C Ghio | 0.4 | Confirm service of temporary restraining order. |
| 85 | 8/23/2024 | M Stockl | 0.8 | Prepare notice of filing of undertaking. |
| 85 | 8/26/2024 | C Ghio | 0.2 | Confirm lodging of Right to Attach Order. |
| 85 | 8/26/2024 | C Ghio | 0.2 | Emails with Kyra Andrassy re Rule 26 conference and possible settlement discussions. |
| 85 | 8/26/2024 | C Ghio | 0.6 | Analysis re settlement, summary judgment and collection. |
| 85 | 8/26/2024 | M Stockl | 0.2 | Revise right to attach order. |
| 85 | 8/27/2024 | C Ghio | 0.5 | Review entered Right to Attach Order and email with Kyra Andrassy re same. |
| 85 | 8/27/2024 | C Ghio | 0.2 | Coordinate service of writ on clerk for issuance. |
| 85 | 8/27/2024 | M Stockl | 0.5 | Attention to submission of writ. |
| 85 | 8/27/2024 | M Stockl | 1 | Prepare revised right to attach order and order for issuance of writ of attachment. |
| 85 | 8/27/2024 | M Stockl | 0.1 | Call to chambers re submission of writ to clerk's office. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 85 | 8/27/2024 | M Stockl | 0.5 | Research and analyze criteria for issuance of a preliminary injunction under Rule 7065. |
| 85 | 8/28/2024 | C Ghio | 0.3 | Confirm entry and service/recording of writ of attachment. |
| 85 | 8/28/2024 | C Ghio | 1.4 | Legal research and analysis re standard from continuing restraining order and entry of preliminary injunction and prepare for hearing on preliminary injunction. |
| 85 | 8/28/2024 | M Stockl | 0.4 | Expedite service and recording of certified copy of writ of attachment. |
| 85 | 8/28/2024 | M Stockl | 0.3 | Prepare proof of service of Writ of attachment. |
| 85 | 8/28/2024 | M Stockl | 0.2 | Call to clerk's office regarding submission of writ of attachment. |
| 85 | 8/28/2024 | M Stockl | 0.8 | Research and summarize criteria for preliminary injunction. |
| 85 | 8/29/2024 | C Ghio | 0.8 | Drive to Santa Ana from San Diego for hearing on Preliminary Injunction (personal appearance required) (50% reduction, total travel time 1.5). |
| 85 | 8/29/2024 | C Ghio | 1 | Drive from Santa Ana to San Diego after hearing on Preliminary Injunction (personal appearance required) (personal appearance required) (50% reduction, total travel time 2.0). |
| 85 | 8/29/2024 | C Ghio | 0.4 | Attend hearing on preliminary injunction. |
| 85 | 8/30/2024 | M Stockl | 0.1 | Correspondence with C. Ghio regarding recorded writ of attachment. |
| 85 | 9/3/2024 | C Ghio | 0.3 | Analysis re confirmation of service of financial institutions. |
| 85 | 9/3/2024 | J Pitcock | 0.2 | Review and circulate Answer to First Amended Complaint to T. Powell. |
| 85 | 9/3/2024 | M Stockl | 0.3 | Call with U.S. Bank regarding writ of attachment. |
| 85 | 9/3/2024 | M Stockl | 0.4 | Call with Charles Schwab regarding writ of attachment. |
| 85 | 9/3/2024 | M Stockl | 0.2 | Call with Charles Schwab Mission Viejo branch regarding writ of attachment. |
| 85 | 9/3/2024 | M Stockl | 0.1 | Call with C. Ghio regarding service of writ of financial institutions. |
| 85 | 9/3/2024 | M Stockl | 0.2 | Correspondence with A. Martinez of Charles Schwab legal department re writ of attachment. |
| 85 | 9/3/2024 | M Stockl | 0.4 | Prepare instructions to U.S. Marshal regarding service of writ of attachment on Charles Schwab. |
| 85 | 9/3/2024 | M Stockl | 0.4 | Prepare instructions to U.S. Marshal regarding service of writ of attachment on U.S. Bank. |
| 85 | 9/5/2024 | C Ghio | 1.1 | Conduct Rule 7026f conference. |
| 85 | 9/5/2024 | MT Powell | 0.6 | Participate in Rule 26 conference with counsel for Mr. Bayrooti. |
| 85 | 9/5/2024 | Y Lissebeck | 0.2 | Discuss meet and confer and settlement issues with C. Ghio |
| 85 | 9/5/2024 | Y Lissebeck | 0.2 | Review and respond to multiple texts re settlement issues and payment of funds |
| 85 | 9/5/2024 | Y Lissebeck | 0.3 | Telephone call with C. Ghio re status of settlement issues |
| 85 | 9/6/2024 | M Stockl | 0.7 | Prepare Notices of Attachment and Writs of Garnishee to U.S. Bank and Charles Schwab in connection with service of writ of attachment by U.S. Marshals. |
| 85 | 9/6/2024 | M Stockl | 0.3 | Call with ACE Attorney Services regarding service of writ of attachment by U.S. Marshals. |
| 85 | 9/6/2024 | M Stockl | 0.1 | Correspondence with ACE Attorney services regarding documents and service of writ of attachment by U.S. Marshals. |
| 85 | 9/9/2024 | C Ghio | 0.3 | Follow up with Sheriff re service of writ. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 85 | 9/9/2024 | M Stockl | 0.1 | Call with Orange County Sheriff's Office regarding service of writ of attachment. |
| 85 | 9/9/2024 | M Stockl | 0.8 | Prepare documents for service of writ of attachment on U.S. Bank by Orange County Sheriff, including Request for Sheriff to Serve Court Papers (SER-001), Special Instructions for Writs and Levies-Attachment (SER-001A), Notice of Attachment (AT-165), and Memorandum of Garnishee (AT-167). |
| 85 | 9/9/2024 | M Stockl | 0.8 | Prepare documents for service of writ of attachment on Charles Schwab by Orange County Sheriff, including Request for Sheriff to Serve Court Papers (SER-001), Special Instructions for Writs and Levies-Attachment (SER-001A), Notice of Attachment (AT-165), and Memorandum of Garnishee (AT-167). |
| 85 | 9/9/2024 | M Stockl | 0.2 | Correspondence with ACE Attorney Services regarding service of writ documents by Orange County Sheriff's Office. |
| 85 | 9/9/2024 | M Stockl | 1.2 | Research regarding appointment of special process server in adversary proceedings in connection with service of writ of attachment in the event U.S. Marshal and Orange County Sheriff are unable to serve writ of attachment. |
| 85 | 9/10/2024 | B Lira | 0.5 | Confer with TP regarding potential discovery requests to be prepared and served upon Defendant Bayrooti |
| 85 | 9/10/2024 | B Lira | 2.1 | Develop strategy concerning the discovery to be taken against Bayrooti by the Trustee with attention to evidentiary gaps in the record regarding Bayrooti's wherewithal |
| 85 | 9/10/2024 | B Lira | 1.2 | Begin drafting discovery requests to be served upon Defendant Bayrooti |
| 85 | 9/10/2024 | M Stockl | 0.2 | Correspondence with ACE Attorney services regarding original writ of attachment. |
| 85 | 9/10/2024 | M Stockl | 0.1 | Review and respond to D. Mercado of ACE Attorney Services regarding service of writ of attachment by Orange County Sheriff's Department. |
| 85 | 9/10/2024 | MT Powell | 0.6 | Prepare draft of joint status report for adversary |
| 85 | 9/11/2024 | B Lira | 0.3 | Emails with TP and YL concerning applicable forms for conducting discovery in the Central District of California |
| 85 | 9/11/2024 | M Stockl | 0.1 | Call with J. Burnett of ACE Attorney Services regarding Orange County Sheriff non-acceptance of writ for service. |
| 85 | 9/11/2024 | M Stockl | 0.1 | Call with J. Burnett of ACE Attorney Services regarding service of writ of attachment by Orange County Sheriff's office. |
| 85 | 9/11/2024 | M Stockl | 0.8 | Revise writ documents regarding levy by U.S. Marshal. |
| 85 | 9/11/2024 | M Stockl | 1.4 | Review Berger v. Varum and Heller Ehrman LLP v. Davis Wright Tremaine LLP in connection with amending complaint to add additional claim for intentional fraudulent transfer. |
| 85 | 9/12/2024 | B Lira | 2.5 | Continue drafting discovery requests to be served upon Defendant Bayrooti |
| 85 | 9/12/2024 | C Ghio | 0.4 | Review Status Report draft and propose revisions. |
| 85 | 9/12/2024 | C Ghio | 0.3 | Telephone call from/to court re status report due in advance of status conference. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 85 | 9/12/2024 | M Stockl | 0.3 | Prepare Notice of Attachment directed to defendant, Bayrooti, and to The Arash Bayrooti Living Trust. |
| 85 | 9/12/2024 | MT Powell | 0.2 | Draft email to K. Andrassy re joint status report, entered protective order, and additional financial information for review. |
| 85 | 9/12/2024 | MT Powell | 0.4 | Review status report answers from counsel for Mr. Bayrooti and add Trustee's responses to same |
| 85 | 9/13/2024 | J Pitcock | 0.3 | Review Joint Status Report and deficiency notices related thereto and calendar hearing set for 09/24/2024. |
| 85 | 9/13/2024 | J Pitcock | 0.1 | Conference with T. Powell regarding Joint Status Report filed and confirm next hearing date. |
| 85 | 9/13/2024 | M Stockl | 0.3 | Attention to service of writ. |
| 85 | 9/13/2024 | MT Powell | 0.4 | Attention to Court's rejection of joint status report with errors |
| 85 | 9/16/2024 | B Lira | 0.2 | Email lead TP concerning draft discovery requests against Bayrooti |
| 85 | 9/17/2024 | B Lira | 0.2 | Review email from TP concerning the discovery requests propounded by Bayrooti |
| 85 | 9/17/2024 | C Ghio | 0.4 | Review garnishee return from US Bank re 4 accounts and 3 safe deposit boxes. |
| 85 | 9/17/2024 | C Ghio | 1.2 | Prepare email to Kyra Andrassy and Samantha Klein re results of US Bank levy, document production, protective Order and compliance with TRO and writ of attachment. |
| 85 | 9/17/2024 | C Ghio | 0.6 | Analysis re potential contempt proceedings adverse Bayrooti following US Bank levy |
| 85 | 9/17/2024 | M Stockl | 0.3 | Review statement from U.S. Bank regarding frozen accounts and amounts. |
| 85 | 9/17/2024 | M Stockl | 0.2 | Correspondence with C. Ghio regarding discrepancy between prior amounts of funds in checking and money market accounts and currently available funds at U.S. Bank. |
| 85 | 9/17/2024 | M Stockl | 0.2 | Review discovery requests for production of documents and interrogatories to trustee. |
| 85 | 9/17/2024 | MT Powell | 0.3 | Review response of US Bank to writ of attachment identifying accounts frozen |
| 85 | 9/17/2024 | MT Powell | 0.4 | Attention to answer of US Bank to writ of attachment for A. Bayrooti |
| 85 | 9/17/2024 | Y Lissebeck | 0.2 | Review and respond to emails from M. Stockl re writ, attachment and withdrawal of money from accounts |
| 85 | 9/18/2024 | C Celentino | 0.2 | Confer re status of writ and accounting |
| 85 | 9/18/2024 | C Ghio | 0.7 | Legal analysis re writ of attachment procedure. |
| 85 | 9/18/2024 | C Ghio | 0.9 | Legal analysis re settlement strategy. |
| 85 | 9/18/2024 | C Ghio | 0.6 | Review US Bank garnishee return and analysis re apparent discrepancy in amounts in account and Bayrooti testimony concerning $4.3 million in assets. |
| 85 | 9/18/2024 | C Ghio | 0.4 | Analysis re issuance of subpoenas to US Bank and Charles Schwab by Marshack Hays. |
| 85 | 9/18/2024 | M Stockl | 1.6 | Prepare documents for service of Writ of Attachment on US Wealth Management (US Bancorp Advisors) to attach approximately $4.4 million. |
| 85 | 9/18/2024 | M Stockl | 2.2 | Prepare subpoena to U.S. Bank. |
| 85 | 9/18/2024 | M Stockl | 1.5 | Prepare subpoena to Charles Schwab & Co., Inc. |
| 85 | 9/18/2024 | M Stockl | 0.2 | Correspondence with C. Ghio regarding subpoenas to U.S. Bank and Charles Schwab. |

EXHIBIT "D"

Page 411

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/18/2024 | Y Lissebeck | 0.2 | Draft email to C. Ghio and C. Celentino requesting status of writ and accounting, review response and reply |
| 9/18/2024 | Y Lissebeck | 0.1 | Review and respond to various emails re need for additional subpoenas and procedure for obtaining documents |
| 9/19/2024 | C Ghio | 0.9 | Review and approve draft subpoena and exhibit to subpoena – US Bank. |
| 9/19/2024 | C Ghio | 0.9 | Review and approve draft subpoena and exhibit to subpoena – Charles Schwab. |
| 9/19/2024 | C Ghio | 0.9 | Review and approve draft subpoena and exhibit to subpoena – US Bancorp Advisors. |
| 9/19/2024 | M Stockl | 0.2 | Correspondence with B. Barnhardt at Marshack Hays Wood LLP regarding subpoenas to U.S. Bank, U.S. Bancorp Advisors, LLC, and Charles Schwab. |
| 9/19/2024 | M Stockl | 0.2 | Correspondence with ACE Attorney services regarding service of writ on U.S. Bancorp Advisors, LLC. |
| 9/19/2024 | M Stockl | 1.1 | Prepare subpoena to U.S. Bancorp Advisors. |
| 9/19/2024 | M Stockl | 0.2 | Revise subpoena to Charles Schwab. |
| 9/19/2024 | M Stockl | 0.1 | Revise subpoena to U.S. Bank. |
| 9/20/2024 | B Lira | 0.9 | Analyze Bayrooti's discovery requests with attention to the adequacy of the Trustee's own discovery requests |
| 9/20/2024 | C Ghio | 0.6 | Analysis re additional US Bank accounts (US Bancorp Advisors) which were not reported by US Bank in memorandum of garnishee. |
| 9/20/2024 | C Ghio | 0.8 | Analysis re stipulation re writ to cover US Bancorp account. |
| 9/20/2024 | M Stockl | 0.9 | Form strategy regarding obtaining separate writ of attachment for US Bancorp Advisors and an order appointing a registered process server. |
| 9/20/2024 | M Stockl | 0.1 | Correspondence with C. Ghio regarding service by U.S. Marshal and need for registered process server to open additional levy. |
| 9/20/2024 | MT Powell | 0.7 | Revise request for production of documemts from A. Bayrooti. |
| 9/23/2024 | C Ghio | 1.1 | Review and analysis and approval of discovery to Asante Bayrooti. |
| 9/23/2024 | M Stockl | 0.8 | Draft responses to Bayrooti's first set of requests for production of documents. |
| 9/23/2024 | M Stockl | 2.7 | Draft responses to Bayrooti's first set of interrogatories. |
| 9/23/2024 | MT Powell | 1.8 | Finish drafting and revising discovery requests for A. Bayrooti. |

EXHIBIT "D"

Page 412

**A Solution 2 / A Solution Debt Relief / A Solution Debt Relief 3 (143576-86)**

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | .40 | $198.00 |
| Brandon E. Lira | Associate | $355.00 | 1.80 | $639.00 |
| | | **TOTALS** | **0** | **$837.00** |

EXHIBIT "D"

Page 413

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/13/2024 | B Lira | 0.2 | Analyze claims of Solution Debt Relief with attention to any putative rights to be treated as an administrative or priority claimant |
| 9/16/2024 | B Lira | 1.4 | Prepare demand letter to ASDR concerning its receipt of $290k in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 9/16/2024 | S Johnston | 0.2 | Work on underlying financial detail for revisions to demand letter |
| 9/17/2024 | B Lira | 0.2 | Revise demand letter to ASDR concerning its receipt of $290k in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 9/19/2024 | S Johnston | 0.2 | Provide final revisions to B. Lira for demand letter |

86
86
86
86
86

EXHIBIT "D"

Page 414

### All Service Financial, LLC (143576-87)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Brian W. Boyd | Associate | $575.00 | .60 | $345.00 |
| | | **TOTALS** | **.60** | **$345.00** |

EXHIBIT "D"

Page 415

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 87 | 8/25/2024 | B Boyd | 0.3 | Review prior avoidance action filings and Cobalt Funding Complaint for purposes of drafting avoidance action Complaint as to All Service Financial, LLC. |
| 87 | 9/9/2024 | B Boyd | 0.3 | Conduct ECF training per Court requirement for representation in filing avoidance actions. |

EXHIBIT "D"

Page 416

### Consumer Law Group, PC/Feig (143576-88)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .70 | $584.50 |
| Christopher B. Ghio | Partner | $625.00 | 8.00 | $5,000.00 |
| Milton T. Spurlock | Partner | $595.00 | 29.30 | $17,433.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.20 | $1,639.00 |
| Jonathan B. Serrano | Associate | $415.00 | .20 | $83.00 |
| Suzanne M. Marino | Associate | $395.00 | 26.40 | $10,428.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | .80 | $292.00 |
| | | **TOTALS** | **67.60** | **$35,460.00** |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 7/10/2024 | S Marino | 0.4 | Consider and fine tune strategic approach for potential settlement discussions with counsel for CLG with respect to the global financial relationship of the parties in light of potential dispute regarding the direction and extent of the parties' indebtedness to one another |
| 7/16/2024 | C Celentino | 0.2 | Review and respond to team emails re Primelogix payments and obtaining statements related to transfers |
| 7/16/2024 | M Spurlock | 1 | Prepare for call with counsel for CLG to begin discussions about missing and disputed information in furtherance of future settlement. |
| 7/16/2024 | M Spurlock | 0.5 | Participate in conference with counsel for CLG regarding need for missing information and documentation to help clarify dealings between the parties at various times. |
| 7/16/2024 | M Spurlock | 0.7 | Draft summary of initial call with counsel for CLG including new questions raised by same and necessary follow-up. |
| 7/16/2024 | S Marino | 2.1 | Review and prepare summary of supplemental documentation received from CLG's counsel and build same into existing internal timeline reference document in anticipation of call with CLG's counsel. |
| 7/16/2024 | S Marino | 0.3 | Call with counsel for CLG to discuss needed documentation in advance of exploration of settlement potential. |
| 7/16/2024 | S Marino | 0.2 | Summarize call with CLG's counsel and outline next steps in pursuit of potential |
| 7/16/2024 | Y Lissebeck | 0.2 | Review and respond to emails from T. Spurlock, J. Serrano and C. Celentino re primelogix payments and obtaining statements related to transfers |
| 7/16/2024 | Y Lissebeck | 0.2 | Telephone call with T. Spurlock re CLG claims and bank information |
| 7/29/2024 | C Celentino | 0.1 | Conference re resolution of CLG issues |
| 7/29/2024 | C Celentino | 0.1 | Confer re settlement |
| 7/29/2024 | M Spurlock | 0.3 | Analysis regarding impact of latest documents provided by opposing counsel relative to payment to Prime Logix. |
| 7/29/2024 | M Spurlock | 0.4 | Analyze history of communications related to loan repayment and payment to Prime Logix in preparation for next steps in negotiations. |
| 7/29/2024 | M Spurlock | 0.4 | Planning regarding follow-up communication with opposing counsel related to Prime Logix issue and continuing settlement negotiations. |
| 7/29/2024 | S Marino | 0.9 | Review and summarize new documentation received from CLG's counsel pertaining to a payment CLG made to Prime Logix and update global CLG chronology with same. |
| 7/29/2024 | S Marino | 0.5 | Update summary chronology document with file transfer information from ▮▮▮▮▮ analysis and outline follow up questions regarding same for ▮▮▮▮ |
| 7/29/2024 | Y Lissebeck | 0.1 | Discuss resolution of CLG issues with C. Celentino |
| 7/29/2024 | Y Lissebeck | 0.2 | Draft further email to T. Spurlock and C. Celentino re moving CLG forward and release of funds |
| 7/29/2024 | Y Lissebeck | 0.1 | Draft email to ▮▮▮ re reviewing CLG files |

88

EXHIBIT "D"

Page 418

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 88 | 7/29/2024 | Y Lissebeck | 0.3 | Telephone call with T. Spurlock re CLG issues and getting access to $500,000 from loan proceeds released |
| 88 | 7/29/2024 | Y Lissebeck | 0.1 | Review email from C. Celentino re settlement |
| 88 | 7/30/2024 | M Spurlock | 0.8 | Prepare strategy for continuing efforts to request documents, ██████████████ and gather additional information to support settlement demand, ██████ |
| 88 | 7/30/2024 | S Marino | 0.6 | Outline proposed next steps in settlement negotiations through identification of factual questions related to, and requests for documentation regarding, file transfers between LPG and CLG to ask ██████ and CLG's counsel. |
| 88 | 8/5/2024 | M Spurlock | 1.4 | Prepare for and participate in call with consulting expert regarding amounts owed to ██████ |
| 88 | 8/5/2024 | S Marino | 0.2 | Prepare for call with ██████ update on investigation and outline next steps of needed analysis for CLG. |
| 88 | 8/5/2024 | S Marino | 1 | Call with ██████ discuss analysis of potential damages owed by CLG and next steps in investigation. |
| 88 | 8/6/2024 | M Spurlock | 0.3 | Review prior analysis of performance of files transferred to CLG to determine what additional information can be derived from currently known information ██████████ |
| 88 | 8/6/2024 | M Spurlock | 0.3 | Planning regarding additional correspondence searches based on most recently learned information and names. |
| 88 | 8/6/2024 | M Spurlock | 0.4 | Draft email to consultant related to assistance in requesting access to current client file database and analysis of information we currently possess. |
| 88 | 8/6/2024 | M Spurlock | 0.5 | Draft summary of recent communications with consultant, new searches for relevant correspondence and potential discovery of relevant text messages. |
| 88 | 8/6/2024 | R Simmons | 0.8 | Search creating for S. Marino for CLG LGS Matter |
| 88 | 8/6/2024 | S Marino | 0.5 | Review ██████████████ in order to assess potential need for revised analysis in light of limited additional information received since the performance of the |
| 88 | 8/6/2024 | S Marino | 0.6 | Create and circulate list of new Viewpoint database search terms targeted at the LPG-CLG relationship using new or additional information received from CLG's counsel. |
| 88 | 8/7/2024 | C Celentino | 0.1 | Emails re case status |
| 88 | 8/7/2024 | Y Lissebeck | 0.1 | Review emails from C. Celentino and T. Spurlock re case status |
| 88 | 8/7/2024 | Y Lissebeck | 0.2 | Telephone call with C. Ghio re settlement with OHP and effect on CLG litigation |
| 88 | 8/20/2024 | M Spurlock | 0.2 | Emails with consultant regarding review of prior spreadsheets and conference to review same. |
| 88 | 8/20/2024 | M Spurlock | 2.6 | Draft lengthy detailed correspondence to attorney for CLG following up on numerous outstanding requests for information and documents, and setting forth new requests based on information obtained thus far. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 88 | 8/20/2024 | M Spurlock | 2 | Analysis of multiple spreadsheets of analysis prepared by consultant regarding ■ of same in preparation for conference with consultant. |
| 88 | 8/20/2024 | S Marino | 3.1 | Synthesize additional documentation received from CLG's counsel and outline follow-up questions related to same. |
| 88 | 8/20/2024 | S Marino | 2.7 | Review and analyze potentially relevant Viewpoint documents related to known CLG and LPG actors |
| 88 | 8/22/2024 | M Spurlock | 0.1 | Emails with Ron Richards regarding work on responding to requests in our letter and |
| 88 | 8/22/2024 | M Spurlock | 0.1 | Analysis regarding potential additional request to R. Richards regarding loan debt. |
| 88 | 8/22/2024 | M Spurlock | 0.7 | Prepare for call with ■ and developing follow-up inquiries related to same. |
| 88 | 8/22/2024 | M Spurlock | 2.3 | Lengthy call with ■ and application of same to calculation of ■ and what information needed to update prior analysis. |
| 88 | 8/22/2024 | M Spurlock | 1.7 | Draft detailed summary of recent developments, ■ and current strategy. |
| 88 | 8/22/2024 | S Marino | 0.6 | Prepare for call with ■ and enumeration of questions related to same. |
| 88 | 8/22/2024 | S Marino | 2.3 | Attend video conference with ■ to CLG and information needed related to same. |
| 88 | 8/23/2024 | M Spurlock | 0.4 | Planning for upcoming conference with counsel for CLG to continue settlement efforts and follow-up on most recent and prior demands |
| 88 | 8/23/2024 | S Marino | 0.4 | Email with counsel for CLG and strategize about approach to upcoming settlement discussion in light of recent correspondence. |
| 88 | 8/26/2024 | M Spurlock | 0.2 | Emails with R. Richards regarding transition to new counsel for CLG and cancellation of present plans for continued settlement talks. |
| 88 | 8/26/2024 | M Spurlock | 0.3 | Planning regarding strategy for handling change in CLG counsel and quickly connecting with new counsel and getting back into settlement discussions. |
| 88 | 8/26/2024 | S Marino | 0.2 | Review emails from counsel for CLG pertaining to CLG's substitution of counsel. |
| 88 | 8/27/2024 | M Spurlock | 0.3 | Emails with new counsel for CLG regarding planning for initial meeting and status of information obtained and reviewed from prior counsel for CLG |
| 88 | 8/27/2024 | S Marino | 0.3 | Revise and supplement ■ status vis-a-vis CLG for lead attorneys. |
| 88 | 8/27/2024 | S Marino | 0.4 | Review motion to settle with Optimum Bank in anticipation of call regarding same with substituted counsel for CLG. |
| 88 | 8/28/2024 | C Ghio | 0.4 | Review and analysis of letter to Ron Richards (former CLG counsel) and analysis of sharing with Ira Karasch, new counsel for CLG. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 88 | 8/28/2024 | C Ghio | 1.1 | Telephone conference with Ira Karasch, Trent Spurlock, Suzanne Marino and Jeremy Freedman re CLG objection to Payliance settlement and analysis re same. |
| 88 | 8/28/2024 | M Spurlock | 1 | Prepare for call with new counsel for CLG including review and outline of topics for discussion. |
| 88 | 8/28/2024 | M Spurlock | 0.2 | Emails to new counsel for CLG in advance of teleconference regarding numerous outstanding requests for information and documentation. |
| 88 | 8/28/2024 | M Spurlock | 0.5 | Participate in call with new counsel for CLG regarding settlement negotiations. |
| 88 | 8/28/2024 | S Marino | 1.9 | Create chart of ███████ obligations under the Court's injunction and requested obligations under the pending Optimum 9019 Motion in preparation for call with CLG's newly substituted counsel. |
| 88 | 8/28/2024 | S Marino | 0.3 | Review documents to be shared with CLG's new counsel and circulate Protective Order to them via email with note about applicability thereof. |
| 88 | 8/28/2024 | S Marino | 0.7 | Call with CLG's new counsel to discuss pending matters and next steps in exploring resolution. |
| 88 | 8/28/2024 | Y Lissebeck | 0.2 | Telephone call with C. Ghio re CLG issues related to Optima, potential settlement and continuance of matters to provide more time to discuss settlement |
| 88 | 8/30/2024 | C Celentino | 0.2 | Emails re GLG effective day payment and holding money in reserve |
| 88 | 8/30/2024 | M Spurlock | 0.5 | Draft summary of negotiations with CLG on loan from Liberty Acquisitions and continuing work on defining amount owed to CLG. |
| 88 | 8/30/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Celentino and C. Ghio re GLG effective day payment and holding money in reserve |
| 88 | 9/3/2024 | C Ghio | 0.4 | Emails from and to Ira Kharasch re CLG and Liberty Acquisitions. |
| 88 | 9/5/2024 | C Ghio | 1 | Multiple emails with Ira Kharasch re CLG objection to settlement with Optimum Bank and resolution of same as part of potential global settlement between Estate and CLG. |
| 88 | 9/5/2024 | S Marino | 0.3 | Email with CLG's new counsel to coordinate agreed upon extension of initial disclosure deadline in light of settlement negotiations. |
| 88 | 9/6/2024 | Y Lissebeck | 0.3 | Discuss opposition of CLG and moving forward with affirmative claims for relief against them with C. Ghio |
| 88 | 9/6/2024 | J Serrano | 0.1 | Review email from T. Spurlock of Dinsmore re preparation of initial disclosures and deadlines to submit them |
| 88 | 9/6/2024 | J Serrano | 0.1 | Correspond with J. Freedman of Dinsmore re same. |
| 88 | 9/6/2024 | S Marino | 0.4 | Emails with CLG's new counsel to schedule conference to discuss CRM access and to agree upon extension of previously-agreed-upon initial disclosure deadline. |
| 88 | 9/9/2024 | C Ghio | 1.5 | Review and analysis of CLG Opposition to Optimum Bank settlement. |
| 88 | 9/9/2024 | C Ghio | 1.1 | Conduct settlement conference with Ira Kharasch for CLG. |
| 88 | 9/9/2024 | C Ghio | 0.5 | Analysis re ███████ analysis of document production re same. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 88 | 9/9/2024 | M Spurlock | 0.5 | Prepare for conference with CLG counsel regarding terms of CRM access and timing of production of other information and formal disclosures. |
| 88 | 9/9/2024 | M Spurlock | 0.4 | Participate in conference with CLG counsel regarding terms of CRM access and timing of production of other information and formal disclosures. |
| 88 | 9/9/2024 | S Marino | 0.4 | Call with counsel for CLG to coordinate access to CLG's CRM data. |
| 88 | 9/10/2024 | C Ghio | 0.5 | Review and respond to Ira Kharasch email re status of Liberty Acquisitions representation vis a vis settlement discussions with CLG. |
| 88 | 9/10/2024 | M Spurlock | 0.1 | Review information from counsel for CLG regarding CRM access. |
| 88 | 9/10/2024 | M Spurlock | 0.1 | Exchange emails with consultant regarding planning for use of CRM access. |
| 88 | 9/11/2024 | M Spurlock | 1.2 | Prepare for and participate in video conference with consultant regarding accessing CLG CRM database and planning for analysis and work product needed from same. |
| 88 | 9/11/2024 | M Spurlock | 0.2 | Draft update for client regarding latest communication with ▇ |
| 88 | 9/11/2024 | M Spurlock | 0.2 | Exchange correspondence with counsel for CLG regarding CRM access and timetable for responses to other outstanding requests for information from CLG. |
| 88 | 9/11/2024 | S Marino | 0.4 | Call with ▇ and review targets for same. |
| 88 | 9/12/2024 | C Ghio | 1.1 | Emails and telephone calls with Ira Kharasch re CLG objection to Optimum Bank Settlement and potential global settlement of Estate claims adverse CLG. |
| 88 | 9/12/2024 | M Spurlock | 0.3 | Analysis regarding latest correspondence from counsel for CLG and agreements related to Optimum Bank ▇ efforts to obtain discovery, and planning related to same. |
| 88 | 9/12/2024 | S Marino | 0.4 | Outline plan for workup of initial disclosures on parallel track to review and analysis of information obtained from CLG's CRM. |
| 88 | 9/17/2024 | M Spurlock | 0.2 | Exchange emails with ▇ and timing of same. |
| 88 | 9/17/2024 | M Spurlock | 0.1 | Review correspondence from counsel for CLG regarding plan for rolling production of information responsive to our requests. |
| 88 | 9/19/2024 | M Spurlock | 1.1 | Conference with ▇ |
| 88 | 9/19/2024 | M Spurlock | 0.4 | Prepare for conference with ▇ |
| 88 | 9/19/2024 | M Spurlock | 0.4 | Analyze newly produced documents from Ira Kharasch. |
| 88 | 9/19/2024 | M Spurlock | 2.4 | Draft significant additions to overall timeline ▇ from Ira Kharasch and ▇ |
| 88 | 9/19/2024 | S Marino | 1.1 | Call with ▇ CLG's CRM software. |
| 88 | 9/19/2024 | S Marino | 2.9 | Review and summarize new analysis of CLG's CRM software and data ▇ |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 88 | 9/19/2024 | S Marino | 0.3 | Prepare for call with ██████ |
| 88 | 9/23/2024 | C Ghio | 0.4 | Analysis re status of review of CLG accounting records. |
| 88 | 9/23/2024 | M Spurlock | 0.2 | Exchange emails with counsel for CLG regarding expected schedule for production of information responsive to our outstanding requests. |
| 88 | 9/23/2024 | M Spurlock | 1 | Review correspondence and spreadsheets from ██████ |
| 88 | 9/23/2024 | M Spurlock | 0.4 | Draft update for client regarding latest work with consultant, information produced and to be produced by CLG, and overview of amounts owed by CLG based on latest information. |

EXHIBIT "D"

Page 423

## Acufi LLC / Acufi Finance (143576-90)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495 | .30 | $148.50 |
| Brandon E. Lira | Associate | $355.00 | 1.90 | $674.50 |
| | | **TOTALS** | **2.20** | **$823.00** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 90 | 9/13/2024 | B Lira | 0.2 | Analyze claims of AcuFi with attention to any putative rights to be treated as an administrative or priority claimant |
| 90 | 9/16/2024 | B Lira | 1.5 | Prepare demand letter to AcuFi concerning its receipt of $395k in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 90 | 9/16/2024 | S Johnston | 0.2 | Revise demand letter |
| 90 | 9/17/2024 | B Lira | 0.2 | Revise demand letter to AcuFi concerning its receipt of $395k in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 90 | 9/19/2024 | S Johnston | 0.1 | Provide final revisions to B. Lira for demand letter |

EXHIBIT "D"

Page 425

### Teracel Blockchain Fund II LLC (143576-91)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Suzanne M. Marino | Associate | $360.00 | .10 | $39.50 |
| Wendy Yones | Paraprofessional | $205.00 | .20 | $41.00 |
| | | | **TOTALS** | **0.50** | **$229.50** |

EXHIBIT "D"

Page 426

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/27/2024 | S Marino | 0.1 | Email lead attorneys with update on investigation into target. |
| 8/27/2024 | W Yones | 0.2 | Quick research regarding information for Teracel and related entities |
| 8/27/2024 | Y Lissebeck | 0.2 | Review email from S. Marino re litigation target and files to review, discuss matter with W. Yones and review further email with information related to litigation target and forward to S. Marino for review |

91
91
91

EXHIBIT "D"

Page 427

**Brian Reale (Freedom Enrollment) (143576-93)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan W. Boyd | Associate | $575.00 | .30 | $172.50 |
| | | **TOTALS** | **.30** | **$172.50** |

EXHIBIT "D"

Page 428

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/25/2024 | B Boyd | 0.3 | Review prior avoidance action filings and Cobalt Funding Complaint for purposes of drafting avoidance action Complaint as to Freedom Enrollment. |

93

EXHIBIT "D"

Page 429

## Integrity Docs LLC (143576-94)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan W. Boyd | Associate | $575.00 | 8.90 | $5,117.50 |
| | | **TOTALS** | **8.90** | **$5,117.50** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 94 | 8/25/2024 | B Boyd | 0.3 | Review prior avoidance action filings and Cobalt Funding Complaint for purposes of drafting avoidance action Complaint as to Integrity Docs. |
| 94 | 9/3/2024 | B Boyd | 0.7 | Review October 4, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.7 | Review September 1, 2022 Side Letter Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.2 | Review September 7, 2022 statement of accounts for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review September 13, 2022 statement of accounts for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review February 16, 2023 statement of accounts for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.6 | Review September 7, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review January 6, 2023 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review November 7, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review November 17, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review September 14, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review September 22, 2022 Asset Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.5 | Review October 6, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review September 7, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review January 6, 2023 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review November 7, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.4 | Review November 17, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review March 31, 2023 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 94 | 9/3/2024 | B Boyd | 0.4 | Review September 14, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review September 22, 2022 Asset Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.3 | Review October 6, 2022 Accounts Receivable Purchase Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.8 | Review September 9, 2022 Release of Security Interest and Subordinate Agreement for purposes of preparing avoidance action. |
| 94 | 9/3/2024 | B Boyd | 0.4 | Review October 4, 2022 Release of Security Interest and Subordinate Agreement for purposes of preparing avoidance action. |

EXHIBIT "D"

Page 432

## Golden Financial Services (143576-95)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Bryan W. Boyd | Associate | $575.00 | .30 | $172.50 |
| | | **TOTALS** | **.30** | **$172.50** |

EXHIBIT "D"

Page 433

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/25/2024 | B Boyd | 0.3 | Review prior avoidance action filings and Cobalt Funding Complaint for purposes of drafting avoidance action Complaint as to Golden Financial Services. |

95

EXHIBIT "D"

Page 434

### Liamia Group, Inc. (143576-96)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | .50 | $247.50 |
| Brandon E. Lira | Assocaite | $355.00 | 1.60 | $568.00 |
| | | **TOTALS** | **2.10** | **$815.50** |

EXHIBIT "D"

Page 435

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/18/2024 | S Johnston | 0.2 | Initial discussions with B. Lira for affiliate assignment and demand/avoidance letters |
| 9/18/2024 | S Johnston | 0.1 | Work on WIP Report detail for new affiliate |
| 9/23/2024 | B Lira | 1.6 | Prepare demand letter to Liamia concerning its receipt of $373k in fraudulent transfers with attention to issues of confidentiality and spoliation |
| 9/23/2024 | S Johnston | 0.2 | Revise avoidance letter |

96
96
96

96

EXHIBIT "D"

Page 436

### ACB Holdings, LP (143576-102)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| M. Tyler Powell | Partner | $595.00 | .30 | $178.50 |
| | | **TOTALS** | **.30** | **$178.50** |

EXHIBIT "D"

Page 437

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/11/2024 | MT Powell | 0.3 | Draft email to counsel for ACB Holdings, LP re interest in settling chapter 5 claims. |

102

EXHIBIT "D"

Page 438

## CFM Indosuez Wealth (143576-104)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | 1.10 | $918.50 |
| Matthew J. Stockl | Associate | $480.00 | 1.60 | $768.00 |
| | | **TOTALS** | **2.70** | **$1686.50** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/17/2024 | C Celentino | 0.2 | Communications re pursuit of potential avoidance claims. |
| 9/17/2024 | M Stockl | 0.2 | Correspondence with C. Celentino regarding pursuit of potential avoidance claims. |
| 9/17/2024 | M Stockl | 0.9 | Form strategy regarding pursuit of potential avoidance claims. |
| 9/19/2024 | C Celentino | 0.9 | Strategize concerning claims and remedies for pursuit of claims |
| 9/19/2024 | M Stockl | 0.5 | Conference with C. Celentino regarding case strategy. |

104
104
104
104
104

EXHIBIT "D"

Page 440

## Vasco Associates LLC (143576-121)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | 1.60 | $1,192.00 |
| | | **TOTALS** | **1.60** | **$1,192.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 121 | 7/16/2024 | Y Lissebeck | 0.1 | Review and respond to email from S. Marino re vasco financial |
| 121 | 7/16/2024 | Y Lissebeck | 0.1 | Draft email to accountants re new litigation targets and obtaining bank documents to support transfers, review response and reply |
| 121 | 7/16/2024 | Y Lissebeck | 0.1 | Draft email to S. Marino re new litigation targets |
| 121 | 7/16/2024 | Y Lissebeck | 1.2 | Review vasco financial and collaborative spreadsheet and update litigation tracking chart and avoidance chart with information from spreadsheet |
| 121 | 7/23/2024 | Y Lissebeck | 0.1 | Review filed 2004 application |

EXHIBIT "D"

Page 442

### Document Review (143576-122)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 1.20 | $750.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Sara A. Johnston | Partner | $495.00 | 40.70 | $20,146.50 |
| Jacob R. Bothamley | Associate | $405.00 | .40 | $162.00 |
| Robert J. Simmons | eDiscovery Project Manager | $365.00 | 5.00 | $1,825.00 |
| Wendy Yones | Paraprofessional | $205.00 | 99.60 | $20,418.00 |
| | | **TOTALS** | **148.70** | **$44,642.50** |

| Date | Name | Hours | Narrative | |
|------|------|-------|-----------|---|
| 7/1/2024 | R Simmons | 0.2 | Set up Lexi Epley with Viewpoint access and draft email to same to coordinate training on software | 122 |
| 7/1/2024 | W Yones | 0.9 | Continue to review and analyze emails in custodians file: 8. accounting@phoenixlaw.com/480 items | 122 |
| 7/5/2024 | W Yones | 1.1 | Continue review and analyze emails in custodians file: 8. accounting@phoenixlaw.com/234 items | 122 |
| 7/5/2024 | W Yones | 0.3 | Review and analyze emails in custodians file: 9. accounting1@greysonlawpc.com/18 | 122 |
| 7/5/2024 | W Yones | 2.1 | Review and analyze emails in custodians file: 10. accountspayable@lpglaw.com/165 | 122 |
| 7/5/2024 | Y Lissebeck | 1 | Review approximately 40 emails in accounting@lpg custodian file that were marked as hot documents and provide background and notes, and copy and forward to parties for follow up | 122 |
| 7/8/2024 | W Yones | 2.1 | Review and analyze emails in custodians file: 11. admin@greysonlawpc.com/1473 items | 122 |
| 7/9/2024 | R Simmons | 0.6 | Assist W Yones with Viewpoint review searches | 122 |
| 7/9/2024 | R Simmons | 0.4 | Coordinate with Marshack Hayes to train on Viewpoint review software | 122 |
| 7/9/2024 | W Yones | 1.2 | Continue review and analyze emails in custodians file: 11. admin@greysonlawpc.com/1473 items | 122 |
| 7/10/2024 | J Bothamley | 0.1 | Review email exchange between Marshack Hays and Dinsmore re subpoenas to banks. LPG/General | 122 |
| 7/10/2024 | R Simmons | 0.1 | Respond to email from W. Yones re: encrypted files in Viewpoint | 122 |
| 7/10/2024 | W Yones | 2.1 | Continue review and analyze emails in custodians file: 11. admin@greysonlawpc.com/1473 items | 122 |
| 7/10/2024 | W Yones | 3.6 | Continue review and analyze emails in custodians file: 11. admin@greysonlawpc.com/1473 items | 122 |
| 7/11/2024 | W Yones | 4.2 | Continue and finish review and analyze emails in custodians file: 11. admin@greysonlawpc.com/1473 items | 122 |
| 7/12/2024 | W Yones | 3.7 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items | 122 |
| 7/15/2024 | J Bothamley | 0.2 | Review email chain between Marshack Hays, Grobstein Teeple, and Dinsmore re subpoena to BofA. | 122 |
| 7/15/2024 | W Yones | 3.8 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items | 122 |
| 7/16/2024 | W Yones | 2.1 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items | 122 |
| 7/17/2024 | J Bothamley | 0.1 | Review email from B. Barnhardt re response received from Bank of America on subpoena for bank statements requests. | 122 |
| 7/18/2024 | W Yones | 1.1 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items | 122 |

EXHIBIT "D"

Page 444

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 122 | 7/18/2024 | Y Lissebeck | 0.2 | Review emails from B. Bradford re subpoena documents from Bank of America and forward to J. Freedman for review and response |
| 122 | 7/26/2024 | W Yones | 3.2 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 7/29/2024 | W Yones | 3.1 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 7/30/2024 | W Yones | 3.4 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 7/31/2024 | W Yones | 4.2 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/1/2024 | W Yones | 0.8 | Continue and finish review/compare entities from post-petition disbursement sheet to adversary tracking sheet and add attorney assignments to the post-petition disbursement sheet |
| 122 | 8/1/2024 | W Yones | 1.8 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/2/2024 | W Yones | 1.7 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/5/2024 | W Yones | 1.5 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/6/2024 | W Yones | 2.7 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/7/2024 | W Yones | 1.7 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/8/2024 | W Yones | 2.8 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/9/2024 | W Yones | 1.1 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/9/2024 | W Yones | 2.5 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/9/2024 | W Yones | 0.7 | Continue to review and analyze emails in custodians file: 12. admin@lpglaw.com/8880 items |
| 122 | 8/12/2024 | R Simmons | 0.3 | Assist W. Yones with search creation |
| 122 | 8/12/2024 | S Johnston | 0.4 | Work on Viewpoint for initial email organization and Hot Doc/Note designations |
| 122 | 8/12/2024 | Y Lissebeck | 0.2 | Telephone all with S. Johnston re review of emails and what documents to look for |
| 122 | 8/12/2024 | Y Lissebeck | 0.2 | Draft emails to team re review of LPG emails and litigation targets, review various reply emails, discuss same with W. Yones |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 122 | 8/13/2024 | S Johnston | 2.1 | Work on electronic correspondence review for "abuse" domains (14 documents) and begin work on greysonlawpc domains previously marked for review out of 396 documents |
| 122 | 8/13/2024 | W Yones | 3.6 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings |
| 122 | 8/13/2024 | W Yones | 0.4 | Review and analyze emails in all custodians files in preparation for filing an adversary proceeding before August 23, 2024 |
| 122 | 8/13/2024 | W Yones | 0.2 | Discuss status/progress regarding file review with S. Johnston |
| 122 | 8/13/2024 | W Yones | 0.6 | Continue to review and analyze emails in custodians file (LPG) |
| 122 | 8/14/2024 | W Yones | 1.9 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings |
| 122 | 8/14/2024 | W Yones | 0.2 | Continue to review and analyze emails in custodians file (LPG) |
| 122 | 8/15/2024 | W Yones | 5.1 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings and continue to review and analyze emails in custodians file (Data Source - LPG) |
| 122 | 8/15/2024 | W Yones | 0.2 | Finalize amended declaration for attorney review |
| 122 | 8/16/2024 | W Yones | 1.2 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings and continue to review and analyze emails in custodians file (Data Source - LPG) |
| 122 | 8/19/2024 | W Yones | 5.3 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings |
| 122 | 8/20/2024 | S Johnston | 0.4 | Finalize review of remaining 8 Hot Doc/Note/Further Review email designations for "Hot Doc" determinations |
| 122 | 8/20/2024 | S Johnston | 1.2 | Work on 11 Accounting@lpglaw.com "Further Review" designations for "Hot Doc" relevant information |
| 122 | 8/20/2024 | W Yones | 3.9 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings |
| 122 | 8/20/2024 | W Yones | 0.4 | Begin review of documents/email regarding █████████████ for J. |
| 122 | 8/21/2024 | R Simmons | 0.3 | Create additional searches for W. yones |
| 122 | 8/21/2024 | W Yones | 1.5 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings |
| 122 | 8/21/2024 | W Yones | 1.1 | Continue review of documents/email regarding ██████████████████g for J. Freedman |
| 122 | 8/23/2024 | S Johnston | 1.9 | Work on 63 emails and attachments from account@lpglaw.com with specific attention to transaction details |
| 122 | 8/26/2024 | R Simmons | 0.6 | Generate search to locate contact info for various entities suspected of fraudulent transfer for Kathleen Frederick at Marshack hayes |
| 122 | 8/26/2024 | S Johnston | 2.6 | Work on analysis of 133 emails with attachments for accounting@lpglaw.com |

EXHIBIT "D"

Page 446

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 122 | 8/26/2024 | S Johnston | 2.7 | Work on analysis for 38 accounting@maverickmgmt.com emails and attachments |
| 122 | 8/27/2024 | Y Lissebeck | 0.2 | Review and respond to emails re accounting and bank information related to Chase, Optimum and Vulcan |
| 122 | 8/28/2024 | R Simmons | 0.4 | Generate search to locate contact info for various entities suspected of fraudulent transfer for Kathleen Frederick at Marshack hayes |
| 122 | 8/28/2024 | W Yones | 2.1 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings |
| 122 | 8/29/2024 | W Yones | 3.2 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings (Vulcan, bank stmts., etc.) |
| 122 | 8/30/2024 | S Johnston | 1.4 | Continue work on 36 Maverick emails with specific attention to Clearcube transactions |
| 122 | 8/30/2024 | S Johnston | 0.5 | Specific attention to Vulcan/LPG transfers and related emails for same |
| 122 | 8/30/2024 | W Yones | 0.4 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings (MCA entities, Bianca Loli, Delphine Pastor, etc.) |
| 122 | 8/30/2024 | W Yones | 2.1 | Continue review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings (Vulcan, bank stmts., etc.) |
| 122 | 8/30/2024 | W Yones | 0.4 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings |
| 122 | 8/31/2024 | S Johnston | 1.2 | Work on Maverick emails 39-54 with specific attention to wires and affiliate/parent |
| 122 | 9/3/2024 | S Johnston | 1.6 | Compile QuickBooks and Google Drive link details for R. Simmons in Maverick emails |
| 122 | 9/3/2024 | S Johnston | 1.2 | Work through 19 flagged Accounting@PhoenixLaw.com emails with special attention to affiliate payables |
| 122 | 9/3/2024 | S Johnston | 0.2 | Work through 18 encrypted accounting1@greysonlaw.com emails |
| 122 | 9/3/2024 | S Johnston | 0.4 | Work through 6 flagged emails in accountspayable@lpglaw.com with specific attention to Outsource Accelerator invoicing |
| 122 | 9/3/2024 | S Johnston | 1.3 | Work through initial 12 emails for admin@greysonlawpc.com and compare to initial LPG Trustee filings to tie in S. Eadie implications |
| 122 | 9/3/2024 | S Johnston | 1.2 | Analyze emails 13-55 for admin@greysonlawpc.com |
| 122 | 9/3/2024 | W Yones | 2.8 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings and continue to review and analyze emails in custodians file |
| 122 | 9/4/2024 | R Simmons | 1.2 | Create searches for documents related to affiliate sub actions |
| 122 | 9/4/2024 | W Yones | 3.1 | Review and analyze documents/emails in all custodians files in preparation for upcoming adversary proceeding filings and continue to review and analyze emails in custodians file |
| 122 | 9/14/2024 | S Johnston | 0.9 | Analyze Hot Docs 56-67 for admin@greysonlawpc.com |
| 122 | 9/16/2024 | S Johnston | 0.8 | Review 11 emails from Admin@greysonlawpc.com |
| 122 | 9/16/2024 | S Johnston | 0.9 | Work on analysis of 104 emails and spreadsheets from admin@lpglaw.com |
| 122 | 9/16/2024 | W Yones | 0.4 | Research and review of information regarding GGCC |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 122 | 9/17/2024 | S Johnston | 4.1 | Analyze 39 LPG emails with special attention to lengthy email correspondence regarding secret affiliate ownership and nefarious fee changes |
| 122 | 9/18/2024 | R Simmons | 0.2 | Create additional tags in viewpoint database for additional affiliate sub matters |
| 122 | 9/18/2024 | S Johnston | 1.4 | Analyze LPG emails for affiliate and MCA d/b/a information |
| 122 | 9/18/2024 | S Johnston | 0.2 | Special attention to Pastor Delphine/CFM Indosuez Wealth emails in "admin@lpglaw.com" for demand details |
| 122 | 9/18/2024 | S Johnston | 0.6 | Work on connecting emails from admin@lpglaw.com with GGCC/Teracel/BATLLC relations for additional insider claims |
| 122 | 9/18/2024 | S Johnston | 3.3 | Work on 37 emails with Union Bank and Bank United statements and correspondence emails describing pay schemes for comparison to subpoenaed documentation and ponzi scheme theories |
| 122 | 9/19/2024 | C Ghio | 0.3 | Review emails re status of subpoena response. |
| 122 | 9/19/2024 | C Ghio | 0.9 | Review Google call logs re information provided. |
| 122 | 9/19/2024 | R Simmons | 0.7 | Create searches fo ESI database to identify docs likely responsive to initial disclosure requirement in various submatters |
| 122 | 9/19/2024 | S Johnston | 4.1 | Detailed review of ▮▮▮▮▮▮▮▮▮ of "funders"/MCAs and hundreds of pages of bank statements associated with the same for email to Y. Lissebeck re MCA litigation through Coast Processing |
| 122 | 9/20/2024 | S Johnston | 1.8 | Review 12 emails, internal LPG statements, and bank records for investigation into GGCC as potential investor/affiliate |
| 122 | 9/20/2024 | S Johnston | 0.4 | Begin preparation for priority Viewpoint inquiries ahead of LPG team call |
| 122 | 9/23/2024 | S Johnston | 1.9 | Prepare high level email findings memorandum for affiliate call with Y. Lissbeck |

EXHIBIT "D"

Page 448

## **Bridge Funding Cap, LLC (143576-128)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00 | .20 | $167.00 |
| M. Tyler Powell | Partner | $575.00 | 1.50 | $892.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .40 | $298.00 |
| Brandon E. Lira | Associate | $355.00 | 10.20 | $3,621.00 |
| | | **TOTALS** | **12.30** | **$4,978.50** |

| Date | Name | Hours | Narrative |
|---|---|---|---|
| 128 | 9/10/2024 | C Celentino | 0.2 | Strategize re notice of appeal |
| 128 | 9/10/2024 | Y Lissebeck | 0.2 | Review notice of appeal and discuss strategy with C. Celentino, E. Hayes and T. Powell |
| 128 | 9/11/2024 | B Lira | 0.8 | Confer with TP regarding the finality of an order granting partial summary adjudication to the Trustee with attention to potential responses to Bridge Funding's appeal from that |
| 128 | 9/11/2024 | B Lira | 1.9 | Begin researching caselaw concerning the appealability of orders granting partial summary adjudication with attention to applicable precedents of the Ninth Circuit |
| 128 | 9/11/2024 | MT Powell | 0.6 | Attention to Bridge appeal and consider whether or not underlying order was final |
| 128 | 9/11/2024 | MT Powell | 0.4 | Meet with an associate to request research on appeals from non-final orders in |
| 128 | 9/12/2024 | B Lira | 1.6 | Analyze record for purposes of understanding the legal issues presented and decided by the Court's partial summary adjudication granting the Trustee's motion and entering declaratory judgment in Trustee's favor |
| 128 | 9/12/2024 | B Lira | 1.8 | Draft memorandum of law applying Ninth Circuit caselaw and applicable statutes to the notice of appeal filed by Bridge Funding from the Court's partial summary adjudication with attention to the possibility of Bridge Funding obtaining discretionary review by the District Court |
| 128 | 9/12/2024 | B Lira | 0.8 | Continue researching caselaw concerning the appealability of orders granting partial summary adjudication with attention to applicable precedents of the Ninth Circuit |
| 128 | 9/13/2024 | B Lira | 3.3 | Continue drafting memorandum of law applying Ninth Circuit caselaw and applicable statutes to the notice of appeal filed by Bridge Funding from the Court's partial summary adjudication with attention to the possibility of Bridge Funding obtaining discretionary review by the District Court |
| 128 | 9/16/2024 | MT Powell | 0.5 | Review memo from associate on appeal from non-final bankruptcy court judgments. |
| 128 | 9/17/2024 | Y Lissebeck | 0.2 | Review research re interlocutory appeals and motion |

EXHIBIT "D"

Page 450

### Avoidance Actions (143576-129)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $825.00 | .10 | $83.50 |
| M. Tyler Powell | Partner | $575.00 | .90 | $535.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 8.70 | $6,481.50 |
| Wendy Yones | Paraprofessional | $205.00 | .40 | $82.00 |
| | | **TOTALS** | **10.10** | **$7,182.50** |

EXHIBIT "D"

Page 451

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 129 | 7/1/2024 | Y Lissebeck | 0.2 | Review and respond to email re Outsource and invoices for preferences |
| 129 | 7/5/2024 | Y Lissebeck | 0.1 | Review and respond to email form C. Haes re emails and bank information from White Collar Group |
| 129 | 7/8/2024 | MT Powell | 0.2 | Review and respond to email re collection of preference from Paronich Law Firm. |
| 129 | 7/8/2024 | Y Lissebeck | 0.7 | Telephone call with C. Haes and trustee re avoidance actions |
| 129 | 7/8/2024 | Y Lissebeck | 0.1 | Review and respond to email re avoidance action against law firm and ordinary course defense |
| 129 | 7/9/2024 | Y Lissebeck | 0.1 | Review and respond to email from C. Haes re avoidance actions and obtaining access to key documents |
| 129 | 7/9/2024 | Y Lissebeck | 0.3 | Review Exhibit A to subpoena for Bill.com and send suggested revisions to C. Haes |
| 129 | 7/16/2024 | Y Lissebeck | 0.2 | Draft email to C. Haes with updated spreadsheet with litigation targets |
| 129 | 7/17/2024 | Y Lissebeck | 0.1 | Review and respond to email from C. Haes re Oxford Knox as a target and case strategy |
| 129 | 7/17/2024 | Y Lissebeck | 0.1 | Review and respond to email for C. Haes re investor targets |
| 129 | 7/18/2024 | Y Lissebeck | 0.6 | Telephone call with C. Haes re avoidance actions, preferences and fraudulent conveyance, demand letters and moving forward |
| 129 | 7/18/2024 | Y Lissebeck | 0.3 | Review file and email D. DeLosReyes samples of complaint allegations related to primelogix |
| 129 | 7/18/2024 | Y Lissebeck | 0.2 | Review and respond to email from D. DeLosReyes re primelogix and avoidance action allegations |
| 129 | 7/22/2024 | Y Lissebeck | 0.2 | Review email from C. Haes and K. Frederick re avoidance targets and review T. Powell response |
| 129 | 7/31/2024 | W Yones | 0.4 | Review and compare entities from post-petition disbursement sheet to adversary tracking sheet |
| 129 | 7/31/2024 | Y Lissebeck | 0.3 | Review 549 claims and chart from accountants re amounts transferred post-petition |
| 129 | 7/31/2024 | Y Lissebeck | 0.3 | Draft email to MH team re 549 claims |
| 129 | 7/31/2024 | Y Lissebeck | 0.3 | Draft email to Dinsmore team re 549 claims |
| 129 | 8/1/2024 | Y Lissebeck | 0.4 | Review post-petition avoidance action list and forward to C. Haes |
| 129 | 8/1/2024 | Y Lissebeck | 0.4 | Telephone call with C. Haes re post-petition avoidance actions |
| 129 | 8/12/2024 | Y Lissebeck | 0.2 | Draft email to J. Stephen, T. Powell, V. Jaswal re MCA issues and need for use in mediation brief |
| 129 | 8/12/2024 | Y Lissebeck | 0.2 | Review T. Powell response and forward to V. Jaswal for use and consideration |
| 129 | 8/13/2024 | Y Lissebeck | 0.2 | Review various emails from T. Powell re HiBar claims and respond re MCA claims and adding this to mediation brief |
| 129 | 8/22/2024 | Y Lissebeck | 0.2 | Review email from C. Haes re avoidance actions and revised demand letters, respond and forward draft letters for use |
| 129 | 9/11/2024 | C Celentino | 0.1 | Emails re preference litigation targets |

EXHIBIT "D"

Page 452

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 129 | 9/11/2024 | Y Lissebeck | 0.1 | Review and respond to email from C. Haes re Master Builders response to demand and Vulcan bank information and payments from LPG |
| 129 | 9/11/2024 | Y Lissebeck | 0.1 | Review and respond to numerous emails from C. Hays and T. Powell re Bill.com payments and incorporating payments to litigation targets |
| 129 | 9/11/2024 | Y Lissebeck | 0.1 | Review further emails re Bill.com to N. Cooper re updating avoidance charts with information obtained re payments to targets |
| 129 | 9/11/2024 | Y Lissebeck | 0.1 | Review various emails from C. Celentino re preference litigation targets and respond thereto |
| 129 | 9/11/2024 | Y Lissebeck | 0.5 | Review and draft legal description for all preference litigation targets to provide to parties requesting additional information re targets |
| 129 | 9/13/2024 | MT Powell | 0.7 | Review and respond re emails re pursuit of preferences and other avoidable conveyances from litigation targets with C. Haes at Marshack and Hayes and Y. Lissebeck. |
| 129 | 9/15/2024 | Y Lissebeck | 0.1 | Review emails from C. Haes to Bill.com contact re request for compliance with subpoena and need to obtain further information |
| 129 | 9/16/2024 | Y Lissebeck | 0.1 | Review and respond to email from C. Haes re litigation strategy related to affiliate actions and MCA actions so that the avoidance actions are mirroring those |
| 129 | 9/16/2024 | Y Lissebeck | 0.1 | Review and respond to email from C. Haes re meeting to discuss litigation strategy |
| 129 | 9/23/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Haes re turnover of funds by Bill.com and request for additional information related to accounts |
| 129 | 9/23/2024 | Y Lissebeck | 1.5 | Review LPG emails for Golden Circle references and create folder in data share folder |
| 129 | 9/23/2024 | Y Lissebeck | 0.1 | Draft email to E. Hays and C. Haes with information re Golden Circle |
| 129 | 9/23/2024 | Y Lissebeck | 0.2 | Review email from C. Haes re Master Builders and lease payments made on behalf of Vulcan and respond thereto |

EXHIBIT "D"

Page 453

## Adv. Case No. 24-1120 (Colonna Cohen Law, PLLC) (143576-130)

| FEES | | | | |
|------|------|------|------|------|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .30 | $250.50 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.20 | $894.00 |
| M. Tyler Powell | Partner | $595.00 | 16.60 | $9,877.00 |
| Brandon E. Lira | Associate | $355.00 | 10.10 | $3,585.50 |
| Matthew J. Stockl | Associate | $480.00 | 11.60 | $5,568.00 |
| Jennifer Pitcock | Paraprofessional | $215.00 | .30 | $64.50 |
| Wendy Yones | Paraprofessional | $205.00 | .30 | $61.50 |
| | | **TOTALS** | **40.40** | **$20,301.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 130 | 7/9/2024 | M Stockl | 2.9 | Review and analyze documents, including transfer history, in connection with complaint to avoid and recover pre-petition and post-petition transfers. |
| 130 | 7/9/2024 | MT Powell | 0.4 | Analyze claims and causes of action against A. Colonna-Cohen. |
| 130 | 7/10/2024 | M Stockl | 1.8 | Prepare complaint to avoid and recover pre-petition and post-petition transfers. |
| 130 | 7/12/2024 | M Stockl | 2.2 | Prepare complaint to avoid and recover pre-petition and post-petition transfers. |
| 130 | 7/15/2024 | M Stockl | 1.7 | Revise complaint to avoid and recover pre-petition and post-petition transfers. |
| 130 | 7/16/2024 | M Stockl | 0.5 | Review trustee's complaint against merchant cash advance lenders in connection with complaint against Colonna Cohen Law. |
| 130 | 7/16/2024 | M Stockl | 1.7 | Research regarding constructive fraudulent conveyance and reasonably equivalent value in connection with complaint against Colonna Cohen Law. |
| 130 | 7/23/2024 | M Stockl | 0.8 | Revise complaint against Colonna Cohen Law, including adding count for disallowance of claims and avoidance of transfers from immediate transferee. |
| 130 | 7/24/2024 | MT Powell | 0.7 | Begin gathering information for drafting of complaint of Colonna Cohen Law Office |
| 130 | 7/25/2024 | MT Powell | 1.5 | Begin drafting complaint against A. Colonna Cohen |
| 130 | 7/26/2024 | MT Powell | 1.9 | Begin drafting complaint to determine secured claim of A. Colonna Cohen and recover payments. |
| 130 | 7/26/2024 | MT Powell | 1 | Research funding of and payment of settlements negotiated by A. Colonna Cohen |
| 130 | 7/29/2024 | B Lira | 1.3 | Analyze New York law concerning the rights of attorneys in reference to their legal services agreements with attention to secured remedies |
| 130 | 7/29/2024 | B Lira | 0.8 | Develop strategy concerning the putative rights asserted by the Colonna Cohen against the estate based on New York law |
| 130 | 7/29/2024 | MT Powell | 0.6 | Meet with to explain and assign research project on scope and treatment of New York attorneys' liens and other statutory liens in bankruptcy to B. Lira. |
| 130 | 7/29/2024 | MT Powell | 2.7 | Draft complaint seeking declaratory judgment against and recover of transfers from A. Colonna Cohen Law PLLC. |
| 130 | 8/5/2024 | MT Powell | 0.6 | Continue drafting complaint against Colonna Cohen Law PLLC. |
| 130 | 8/7/2024 | B Lira | 3.3 | Continue analyzing New York law concerning the rights of attorneys in reference to their legal services agreements with attention to secured remedies |
| 130 | 8/7/2024 | B Lira | 4.7 | Draft memorandum of law concerning the rights of attorneys under New York law to assert lien rights with attention to the consequences of bankruptcy upon those lien rights |
| 130 | 8/9/2024 | MT Powell | 0.4 | Gather documents for adversary complaint against Colonna Cohen Law Firm. |
| 130 | 8/16/2024 | MT Powell | 2.2 | Continue drafting complaint against Ashlee Colonna Cohen Law PLLC. |
| 130 | 8/20/2024 | MT Powell | 0.6 | Continue drafting and revising complaint against Colonna Cohen law firm. |
| 130 | 8/22/2024 | MT Powell | 1 | Finish drafting and revising complaint against Colonna Cohen Firm. |
| 130 | 8/23/2024 | MT Powell | 1 | Finish drafting and finalizing complaint against Colonna Cohen Firm |
| 130 | 8/26/2024 | W Yones | 0.3 | Start preparation for new adversary filing for Colonna |

EXHIBIT "D"
Page 455

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 130 | 8/28/2024 | Y Lissebeck | 0.2 | Review and respond to email from T. Powell re A. Colona-Cohen complaint and revisions thereto and address comments re claims and allegations |
| 130 | 8/28/2024 | Y Lissebeck | 0.2 | Review and respond to various emails re the complaint finalized for filing against A. Colonna-Cohen |
| 130 | 8/29/2024 | MT Powell | 0.8 | Review and finalize Cohen complaint and exhibits. |
| 130 | 8/29/2024 | Y Lissebeck | 0.2 | Colonna - Review and approve final complaint |
| 130 | 9/3/2024 | MT Powell | 0.2 | Review filed subpoena for Colonna Cohen suit |
| 130 | 9/5/2024 | J Pitcock | 0.3 | Review and download filed pleadings from case inception. |
| 130 | 9/19/2024 | C Celentino | 0.3 | Review and revise complaint to add bk attorneys fees fair value claims |
| 130 | 9/19/2024 | MT Powell | 0.7 | Prepare amended complaint asserting an objection under section 502(b)(4) as a basis for claim objection. |
| 130 | 9/19/2024 | Y Lissebeck | 0.2 | Review email from E. Hays re amending complaint to add additional claim under 502(b)(4) and respond re filing amendment |
| 130 | 9/20/2024 | MT Powell | 0.1 | Finalize first amended complaint for filing |
| 130 | 9/20/2024 | MT Powell | 0.2 | Finalize amended complaint for filing |
| 130 | 9/23/2024 | Y Lissebeck | 0.2 | Discuss response deadline to amended complaint with W. Yones and T. Powel |
| 130 | 9/23/2024 | Y Lissebeck | 0.2 | Review various emails re Colona Cohen complaint and C. Djang request for an extension |

EXHIBIT "D"

Page 456

### Government Assistance (143576-131)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | 3.00 | $1,875.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 2.50 | $1,862.50 |
| | | **TOTALS** | **5.50** | **$3,737.50** |

EXHIBIT "D"

Page 457

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 131 | 9/4/2024 | C Ghio | 1.7 | Telephone conference with FBI special agents re LPG. |
| 131 | 9/4/2024 | C Ghio | 1.3 | Begin preparation of summary of major players for FBI. |
| 131 | 9/4/2024 | Y Lissebeck | 2.5 | NO CHARGE - meeting with Trustee team and FBI to discuss case |

EXHIBIT "D"

Page 458

## Validation LLC (143576-132)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Celentino | Partner | $835.00 | .50 | $417.50 |
| Jacob R Bothamley | Associate | $405.00 | .80 | $324.00 |
| | | **TOTALS** | **1.30** | **$741.50** |

EXHIBIT "D"

Page 459

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 132 | 9/11/2024 | C Celentino | 0.5 | Review and confer re research re Validation LLC in prior correspondence and documents in possession |
| 132 | 9/11/2024 | J Bothamley | 0.5 | Research Validation LLC in prior correspondence and documents in possession in response to email from Y. Lissebeck and C. Celentino. |
| 132 | 9/14/2024 | J Bothamley | 0.1 | Review email from Y. Lissebeck re strategy on new entity Validation LLC. |
| 132 | 9/16/2024 | J Bothamley | 0.2 | Email to C. Ghio re Validation LLC and next steps in strategy to approach settlement offer. |

EXHIBIT "D"

Page 460

### Reliance Assistance Group Inc. (143576-133)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Sara A. Johnston | Partner | $495.00 | .90 | $445.50 |
| Yosina M. Lissebeck | Partner | $745.00 | .10 | $74.50 |
| Bryan L. Cockroft | Associate | $275.00 | 5.50 | $1,512.50 |
| | | **TOTALS** | **6.50** | **$2,032.50** |

EXHIBIT "D"

Page 461

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 133 | 9/16/2024 | B Cockroft | 1.6 | Draft letter to Reliance Assistance Group Inc. to inform them of potential fraudulent, preference, and post petition transfers. |
| 133 | 9/16/2024 | S Johnston | 0.4 | Reliance Assistance Group: Work on initial case strategy for assignment to B. Cockcroft |
| 133 | 9/16/2024 | Y Lissebeck | 0.1 | Review and respond to email from S. Johnston re case status and strategy |
| 133 | 9/17/2024 | B Cockroft | 1 | Revise letter to add detailed chart of post-petition and preference transfers to letter to Reliance Assistance. |
| 133 | 9/17/2024 | S Johnston | 0.5 | Revise demand letter |
| 133 | 9/19/2024 | B Cockroft | 0.5 | Finalize letter to Reliance Assistance Group. |
| 133 | 9/19/2024 | B Cockroft | 2.4 | Begin reviewing documents for Reliance Assistance Group to draft complaint. |

EXHIBIT "D"

Page 462

## Payliance, LLC (143576-134)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher Ghio | Partner | $625.00 | 10.60 | $6,625.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| Jacob R. Bothamley | Associate | $405.00 | 6.00 | $2,430.00 |
| Jeremy B. Freedman | Associate | $465.00 | 31.20 | $14,508.00 |
| | | | **TOTALS** | **49.60** | **$24,904.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 134 | 7/2/2024 | J Bothamley | 0.1 | Review emails from J. Freedman re minor revisions to Payliance 9019 motion and cites to supporting docs. LPG/1046 |
| 134 | 7/2/2024 | J Bothamley | 1.1 | Review changes to Payliance 9019 motion by J. Freedman, proof read and check cites on additions, various substantive edits. |
| 134 | 7/2/2024 | J Bothamley | 1.3 | Draft declaration of Richard Marshack ISO Payliance 9019 motion. |
| 134 | 7/2/2024 | J Bothamley | 1.2 | Draft declaration of Jeremy Freedman in support of Payliance 9019 motion. |
| 134 | 7/2/2024 | J Bothamley | 0.8 | Proof read, edit declarations of Richard A. Marshack and Jeremy Freedman in support of the Payliance 9019 motion, and send to J. Freedman for review. |
| 134 | 7/2/2024 | J Freedman | 1.1 | Review and analysis of evidence on the record in order to pin cite support for 9019 motion to compromise with Payliance |
| 134 | 7/2/2024 | J Freedman | 0.9 | Finalize arguments and citation to evidence to 9019 motion to compromise with Payliance |
| 134 | 7/2/2024 | J Freedman | 0.3 | Finalize declaration of Jeremy Freedman in support of Payliance 9019 motion to compromise to include evidence |
| 134 | 7/2/2024 | J Freedman | 0.2 | Finalize declaration of Richard Marshack in support of 9019 motion to compromise with Payliance |
| 134 | 7/2/2024 | J Freedman | 0.2 | Multiple emails (4) with counsel for Payliance regarding declaration in support of 9019 Motion |
| 134 | 7/3/2024 | J Bothamley | 1.2 | Draft proposed order on Payliance 9019 motion, revise, proof read and send to J. Freedman for review. |
| 134 | 7/3/2024 | J Freedman | 0.6 | Meeting with counsel for Payliance regarding declaration needed in support of 9019 motion to approve settlement and unexpected demand for indemnification by Payliance |
| 134 | 7/3/2024 | J Freedman | 0.4 | Review and analysis of prior communications with counsel for Payliance regarding indemnification in order to develop strategy for Payliances new demand for same |
| 134 | 7/5/2024 | J Freedman | 0.2 | Develop strategy regarding Payliance in light of unanticipated demand for indemnification post execution of the settlement agreement |
| 134 | 7/10/2024 | C Ghio | 0.8 | Analysis re dispute in connection with Payliance settlement and contemplated 9019 |
| 134 | 7/10/2024 | J Bothamley | 0.2 | Review and respond to email from Y.L. re status of Payliance 9019 motion with substantially completed motion and accompanying docs, and last known update. |
| 134 | 7/10/2024 | J Bothamley | 0.1 | Review updates from J. Freedman on status of Payliance 9019 motion to Y.L. |
| 134 | 7/10/2024 | J Freedman | 0.3 | Further review of strategy regrading settlement with Payliance given new demand for indemnity not included and expressly removed from the settlement agreement |
| 134 | 7/10/2024 | Y Lissebeck | 0.2 | Review file and draft email to J. Freedman re 9019 payliance motion, review response and reply |
| 134 | 7/15/2024 | C Ghio | 0.2 | Analysis re Payliance Order to show cause |
| 134 | 7/22/2024 | C Ghio | 0.4 | Analysis re Payliance settlement or order to show cause. |
| 134 | 7/22/2024 | J Freedman | 0.3 | Multiple emails (4) with counsel for Payliance regarding OSC for failure to comply with preliminary injunction in light of demand for indemnification |

EXHIBIT "D"

Page 464

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 134 | 7/23/2024 | C Ghio | 0.2 | Settlement meeting with Payliance counsel. |
| 134 | 7/23/2024 | J Freedman | 0.3 | Remote meeting with counsel for Payliance regarding potential settlement of indemnification demand |
| 134 | 7/25/2024 | C Ghio | 0.4 | Telephone call with Trustee re Payliance settlement and analysis re same. |
| 134 | 7/26/2024 | J Freedman | 0.3 | Multiple emails (3) with counsel for Payliance regarding settlement of indemnification claim and declaration needed in support of 9019 motion to approve compromise |
| 134 | 7/30/2024 | J Freedman | 0.4 | Review and analysis of the Payliance declaration in support of 9019 motion and supporting exhibits per agreement |
| 134 | 7/30/2024 | J Freedman | 0.8 | Draft further arguments to the 9019 motion as to Payliance regarding the compromised indemnity claim |
| 134 | 7/31/2024 | J Freedman | 0.1 | Review and analysis of email from counsel for Payliance regarding status of declaration and revised settlement agreement |
| 134 | 8/1/2024 | J Freedman | 0.1 | Draft letter to counsel for Payliance regarding inclusion of release of indemnity claim in settlement agreement |
| 134 | 8/2/2024 | J Freedman | 0.1 | Review and analysis of email from counsel for Payliance regarding revised settlement agreement |
| 134 | 8/5/2024 | J Freedman | 0.3 | Review and analysis of Payliance further revisions to the settlement agreement and revised reserve accounting |
| 134 | 8/5/2024 | J Freedman | 0.5 | Draft further revisions to the motion to compromise with Payliance to revise reserve accounting and further provisions of the settlement with regards to indemnification |
| 134 | 8/5/2024 | J Freedman | 0.5 | Draft further facts to the declaration of Trustee regarding revised reserve accounting and indemnification to support motion to compromise with Payliance |
| 134 | 8/5/2024 | J Freedman | 0.3 | Draft further facts to attorney declaration in support of motion to compromise regrading revised reserve accounting and indemnification |
| 134 | 8/6/2024 | J Freedman | 0.3 | Review and analysis of finalized declaration from Payliance in support of 9019 motion to compromise to ensure all evidence provided to obtain court approval |
| 134 | 8/7/2024 | C Ghio | 1.5 | Review and analysis of Payliance settlement agreement, 9019 motion, Freedman Declaration and Marshack Declaration |
| 134 | 8/7/2024 | J Freedman | 0.5 | Finalize 90190 motion with Payliance prior to filing |
| 134 | 8/7/2024 | Y Lissebeck | 0.2 | Telephone call with trustee re payliance settlement |
| 134 | 8/7/2024 | Y Lissebeck | 0.2 | Telephone call with C. Ghio re payliance and optimum settlements |
| 134 | 8/8/2024 | J Freedman | 0.1 | Draft letter to client regarding Payliance settlement agreement |
| 134 | 8/8/2024 | J Freedman | 0.5 | Finalize Payliance 9019 Motion in light of executed settlement agreement |
| 134 | 8/8/2024 | Y Lissebeck | 0.1 | Discuss payliance settlement with C. Ghio |
| 134 | 8/8/2024 | Y Lissebeck | 0.1 | Discuss payliance settlement with trustee |

EXHIBIT "D"
Page 465

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 134 | 8/9/2024 | J Freedman | 0.7 | Multiple emails (3) with counsel for Payliance regarding accounting, lien free calculation, settlement language and proposed order to finalize same prior to Payliance signing agreement and filing 9019 Motion |
| 134 | 8/9/2024 | J Freedman | 0.6 | Draft further accounting figures and lien free amount to 9019 motion and proposed order in light of new information provided by Payliance counsel and accounting in the settlement agreement prior to filing |
| 134 | 8/9/2024 | J Freedman | 0.1 | Review and analysis of executed settlement agreement by Payliance in order file 9019 Motion |
| 134 | 8/9/2024 | Y Lissebeck | 0.2 | Review and respond to emails from C. Ghio re payliance and optimum bank settlements |
| 134 | 8/1/2024 | J Freedman | 0.4 | Review and prepare exhibits to declarations in support of 9019 Motion for compromise with Payliance for accuracy and redaction |
| 134 | 8/12/2024 | J Freedman | 0.6 | Draft further argument and pin citation to the evidence to the 9019 motion compromise with Payliance |
| 134 | 8/12/2024 | J Freedman | 0.4 | Draft further facts to the declaration of Richard Marshack in support of the 9019 Motion to compromise with Payliance |
| 134 | 8/12/2024 | J Freedman | 0.3 | Draft further revisions to the settlement agreement with Payliance regarding the release of claims and 1542 waiver |
| 134 | 8/12/2024 | J Freedman | 0.4 | Draft letter to counsel for Payliance regarding revised settlement agreement related to the release and 1542 waiver |
| 134 | 8/12/2024 | Y Lissebeck | 0.1 | Discuss payliance settlement with C. Ghio and release of claims |
| 134 | 8/12/2024 | Y Lissebeck | 0.5 | Review and revise payliance 9019 motion |
| 134 | 8/13/2024 | J Freedman | 0.6 | Draft further argument and citation to evidence to the 9019 motion with Payliance |
| 134 | 8/14/2024 | J Freedman | 0.1 | Review and analysis of email from counsel for Payliance regarding revised settlement agreement |
| 134 | 8/14/2024 | J Freedman | 0.2 | Teleconference with counsel for Payliance regarding revisions to the settlement |
| 134 | 8/20/2024 | C Ghio | 1.1 | Review and approve final Payliance 9019 motion package |
| 134 | 8/27/2024 | J Freedman | 0.8 | Review and analysis of Greyson's opposition to 9019 motion as to Payliance and supporting evidence |
| 134 | 8/28/2024 | Y Lissebeck | 0.2 | Review opposition to payliance filed by K. March |
| 134 | 8/30/2024 | J Freedman | 0.6 | Draft reply brief in response to opposition by Greyson to Payliance 9019 Motion |
| 134 | 8/31/2024 | J Freedman | 1.2 | Draft reply to Greyson's opposition to 9019 motion re Payliance |
| 134 | 9/1/2024 | J Freedman | 0.8 | Review and analysis of prior pleadings and evidence regarding Greyson in order to draft opposition to Payliance 9019 Motion |
| 134 | 9/1/2024 | J Freedman | 1 | Draft reply to Greyson's opposition to Payliance 9019 Motion to cite to evidence in support thereof |
| 134 | 9/1/2024 | J Freedman | 0.7 | Review and analysis of case law and statutes to support reply to Greyson's opposition to the Payliance 9019 Motion |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 134 | 9/1/2024 | J Freedman | 3.1 | Draft argument to reply brief in response to Greyson's opposition to the Paylianoe 9019 Motion |
| 134 | 9/2/2024 | J Freedman | 1 | Draft further evidence and arguments to reply to Greyson's opposition to Paylianoe 9019 Motion |
| 134 | 9/3/2024 | C Ghio | 1.1 | Review, revise and approve Reply to Greyson's opposition to Paylianoe 9019 motion. |
| 134 | 9/4/2024 | J Freedman | 0.5 | Finalize reply to Greyson's opposition to motion to compromise with Paylianoe |
| 134 | 9/10/2024 | J Freedman | 0.2 | Review and analysis of court tentative ruling on Paylianoe 9019 Motion in order to develop strategy for argument at hearing |
| 134 | 9/10/2024 | J Freedman | 1.1 | Review and analysis of case cited by Court in support of denying Paylianoe 9019 motion in order to distinguish case and develop strategy regarding same |
| 134 | 9/10/2024 | J Freedman | 2.3 | Draft argument for hearing on Paylianoe 9019 Motion to support turnover of all funds |
| 134 | 9/10/2024 | J Freedman | 1.3 | Review and analysis of case law regarding compromise in conjunction with a preliminary injunction and turnover order in order in order to prepare for hearing on Paylianoe 9019 Motion |
| 134 | 9/11/2024 | C Ghio | 0.5 | Review and analysis of tentative ruling. |
| 134 | 9/11/2024 | C Ghio | 2.1 | Legal research and analysis re Paylianoe 9019 motion and Greyson limited opposition. |
| 134 | 9/11/2024 | C Ghio | 0.3 | Telephone call with Kathleen P. March re Greyson limited opposition and possible resolution. |
| 134 | 9/11/2024 | C Ghio | 0.6 | Voicemails and emails with Kathleen March re Order granting Paylianoe 9019 motion. |
| 134 | 9/11/2024 | J Freedman | 0.4 | Review and analysis of case law cited by court and precautionary effect of court order granting compromise in order to prepare for hearing on Paylianoe motion to compromise |
| 134 | 9/11/2024 | J Freedman | 0.4 | Multiple emails (4) with counsel for Paylianoe regarding potential revisions to settlement agreement in light of court's tentative ruling |
| 134 | 9/11/2024 | J Freedman | 0.8 | Appear at and argue motion to approve compromise with Paylianoe |
| 134 | 9/11/2024 | J Freedman | 0.1 | Multiple emails (2) with counsel for Optimum post hearing on Paylianoe motion to compromise in order to discuss potential revisions to Optimum settlement |
| 134 | 9/11/2024 | J Freedman | 0.1 | Review and analysis of email from counsel for Greyson regarding revisions to proposed order on Paylianoe motion to compromise |
| 134 | 9/12/2024 | C Ghio | 0.5 | Review and respond to Kathleen March emails re order granting Paylianoe 9019 motion. |
| 134 | 9/13/2024 | C Ghio | 0.5 | Review and approve the Order granting 9019 motion with Paylianoe. |
| 134 | 9/13/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Greyson regarding revised proposed order on Paylianoe motion to compromise |
| 134 | 9/13/2024 | J Freedman | 0.2 | Draft further revisions to order on Paylianoe motion to compromise per meet and confer with counsel for Greyson |
| 134 | 9/16/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Greyson regarding further revisions to order granting in part Paylianoe 9019 motion |
| 134 | 9/16/2024 | J Freedman | 0.1 | Draft further revisions to order granting in part Paylianoe 9019 Motion |
| 134 | 9/17/2024 | C Ghio | 0.4 | Review and approve final proposed order granting Paylianoe settlement. |

EXHIBIT "D"

Page 467

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/19/2024 | J Freedman | 0.1 | Review and analysis of email from counsel for Payliance regarding proposed order on 9019 motion to compromise |

134

EXHIBIT "D"

Page 468

## OptimumBank Holdings Inc. (143576-136)

| FEES | | | | |
|------|------|------|------|------|
| <u>NAME</u> | <u>TITLE</u> | <u>RATE</u> | <u>HOURS</u> | <u>TOTAL FEES</u> |
| Christopher Ghio | Partner | $625.00 | 8.00 | $5,000.00 |
| Yosina M. Lissebeck | Partner | $745.00 | 1.80 | $1,341.00 |
| M. Tyler Powell | Partner | $595.00 | .60 | $357.00 |
| Jacob R. Bothamley | Associate | $405.00 | 9.10 | $3,685.50 |
| Jeremy B. Freedman | Associate | $465.00 | 17.80 | $8,277.00 |
| Wendy Yones | Paraprofessional | $205.00 | 1.10 | $225.50 |
| | | **TOTALS** | **38.40** | **$18,886.00** |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 136 | 7/1/2024 | Y Lissebeck | 1 | Review and revise settlement agreement with Optimum bank |
| 136 | 7/1/2024 | Y Lissebeck | 0.1 | Draft email to J. Freedman with revisions to Optimum bank settlement |
| 136 | 7/8/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for Optimum regarding fourth amended complaint and further responsive pleading |
| 136 | 7/9/2024 | Y Lissebeck | 0.1 | Draft email to team asking about status of settlement with Optimum |
| 136 | 7/11/2024 | C Ghio | 0.5 | Analysis re status of Optimum Bank settlement. |
| 136 | 7/15/2024 | C Ghio | 0.3 | Analysis and strategy conference re Optimum Bank settlement. |
| 136 | 7/15/2024 | J Bothamley | 0.1 | Meet with J. Freedman re drafting instructions for 9019 Optimum Bank motion. |
| 136 | 7/15/2024 | J Bothamley | 0.7 | Review and analyze draft of settlement agreement with OptimumBank in preparation for drafting 9019 motion. |
| 136 | 7/15/2024 | J Freedman | 0.2 | Develop strategy for 9019 motion for compromise with Optimum Bank |
| 136 | 7/15/2024 | J Freedman | 0.3 | Draft letter to counsel for Optimum Bank with revised settlement agreement and detailed explanation and argument as to the necessary revisions |
| 136 | 7/16/2024 | J Bothamley | 1.1 | Draft notice of Optimum 9019 motion. |
| 136 | 7/16/2024 | J Bothamley | 0.8 | Draft introduction and summary of settlement in Optimum 9019 motion. |
| 136 | 7/16/2024 | J Bothamley | 2.4 | Draft memorandum of points and authorities in support of Optimum 9019 motion. |
| 136 | 7/17/2024 | J Bothamley | 0.8 | Review draft of memorandum of points and authorities of Optimum 9019 motion and make revisions as necessary for clarity. |
| 136 | 7/17/2024 | J Bothamley | 1.2 | Draft declaration of Richard Marshack in support of Optimum 9019 motion. |
| 136 | 7/18/2024 | J Bothamley | 1.1 | Draft declaration of J. Freedman in support of Optimum 9019 motion. |
| 136 | 7/18/2024 | J Bothamley | 0.9 | Review, revise, and finalize Optimum 9019 motion and declarations in support for consistency and clarity before sending to J. Freedman for further review. |
| 136 | 7/26/2024 | J Freedman | 0.3 | Draft response to counsel for Optimum regarding settlement agreement and concerns with holdback |
| 136 | 7/26/2024 | J Freedman | 0.2 | Review and analysis of Vulcan records to determine further meet and confer with Optimum regarding same |
| 136 | 7/29/2024 | J Freedman | 0.3 | Multiple emails (4) with counsel for Optimum bank regarding general release and risk of administrative insolvency in order to finalize resolution of this matter |
| 136 | 8/5/2024 | J Freedman | 0.6 | Multiple emails (5) with counsel for Optimum regarding further negotiation over terms of the settlement agreement in order to finalize same |
| 136 | 8/6/2024 | J Freedman | 0.4 | Draft letter to counsel for Optimum regarding responses to questions related to terms of settlement and CLG contracts necessary to respond to chargebacks |
| 136 | 8/8/2024 | C Ghio | 0.7 | Review and revise/approve Optimum Bank settlement agreement. |
| 136 | 8/8/2024 | J Freedman | 0.1 | Review and analysis of email from counsel for Optimum regarding counter offer on hold back amount to settlement agreement |
| 136 | 8/12/2024 | J Freedman | 0.1 | Multiple emails (2) with counsel for Optimum regarding the final terms of the settlement agreement in order to finalize same |

| | Date | Name | Hours | Narrative |
|---|---|---|---|---|
| 136 | 8/13/2024 | C Ghio | 0.9 | Final review and approval of Optimum Bank settlement agreement. |
| 136 | 8/13/2024 | J Freedman | 0.1 | Review and analysis of email from counsel for Optimum regarding further information to include in the settlement agreement |
| 136 | 8/13/2024 | J Freedman | 0.1 | Draft letter to counsel for optimum regarding declaration needed in support of 9019 motion and evidence attached thereto |
| 136 | 8/13/2024 | J Freedman | 0.2 | Draft further facts to the settlement agreement with Optimum per email from counsel for same |
| 136 | 8/13/2024 | J Freedman | 0.2 | Draft letter to counsel for optimum with explanation of further revisions to settlement agreement, timing and declaration |
| 136 | 8/13/2024 | J Freedman | 0.8 | Draft further arguments to the 9019 motion to compromise iwth Optimum and insert citations to the evidence |
| 136 | 8/13/2024 | J Freedman | 0.3 | Draft further facts to the declaration of Richard Marshack in support of 9019 Motion to compromise with Optimum |
| 136 | 8/20/2024 | J Freedman | 0.1 | Draft letter to counsel for Optimum regarding status of declaration in support of 9019 motion to finalize same |
| 136 | 8/21/2024 | C Ghio | 1.1 | Final review and approval of Optimum Bank settlement and 9019 motion re same. |
| 136 | 8/21/2024 | J Freedman | 0.4 | Finalize declaration of Richard Marshack in support of 9019 motion with Optimum Bank prior to sending to client |
| 136 | 8/21/2024 | J Freedman | 0.4 | Finalize 9019 motion to compromise as to Optimum in light of delayed declaration and to add citations to the evidence |
| 136 | 8/21/2024 | J Freedman | 0.1 | Draft letter to counsel for Optimum regarding status of declaration in order to file 9019 motion |
| 136 | 8/21/2024 | J Freedman | 0.2 | Teleconference with counsel for Optimum regarding declaration and resending executed settlement agreement |
| 136 | 8/22/2024 | C Ghio | 2.1 | Review executed Optimum Bank settlement agreement, Optimum Bank declaration, Marshack declaration and 9019 motion. |
| 136 | 8/22/2024 | J Freedman | 0.6 | Draft further facts and argument to motion to compromise with optimum prior to filing |
| 136 | 8/22/2024 | J Freedman | 0.3 | Multiple emails (3) with counsel for optimum regrading further revisions to the Optimum declaration in support of 9019 motion |
| 136 | 8/22/2024 | J Freedman | 0.4 | Draft attorney declaration in support of 9019 motion with optimum |
| 136 | 8/22/2024 | Y Lissebeck | 0.2 | Discuss 9019 motion and settlement of optimum bank with C. Ghio |
| 136 | 8/25/2024 | MT Powell | 0.6 | Review Optimum settlement agreement and release language and note potential issues with other litigation targets. |
| 136 | 8/26/2024 | C Ghio | 0.5 | Legal research and analysis re Optimum Bank settlement release language. |
| 136 | 8/26/2024 | J Freedman | 0.4 | Multiple emails (5) with counsel for CLG regarding 9019 motion to compromise with Optimum Bank |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 8/26/2024 | Y Lissebeck | 0.3 | Review and respond to text messages re release language in Optimum bank settlement, telephone call with T. Powell re same |
| 8/26/2024 | Y Lissebeck | 0.1 | Discuss release with C. Ghio |
| 8/27/2024 | J Freedman | 0.2 | Multiple emails (2) with counsel for CLG regarding Optimum 9019 motion |
| 8/28/2024 | J Freedman | 0.6 | Teleconference with new counsel for CLG regarding potential resolution efforts and CLG's objection to the Optimum 9019 motion |
| 8/28/2024 | J Freedman | 0.2 | Review and analysis of court availability to evaluate whether Trustee can continue the hearing on the Optimum 9019 motion |
| 9/6/2024 | J Freedman | 0.6 | Review and analysis of Consumer Legal Group's opposition to Optimum 9019 Motion in order to develop strategy for reply brief |
| 9/8/2024 | J Freedman | 2.6 | Draft reply brief in response to Consumer Legal Group's opposition to Optimum 9019 Motion |
| 9/9/2024 | J Freedman | 1.5 | Draft further facts and argument to Reply brief in response to CLG's opposition to Optimum 9019 Motion |
| 9/9/2024 | J Freedman | 1.2 | Review and analysis of case law cited by CLG in order to develop arguments regarding same in reply to CLG's opposition to Optimum 9019 Motion |
| 9/9/2024 | J Freedman | 1 | Draft further arguments regarding case law cited by CLG and facts to distinguish same in support of Optimum 9019 Motion |
| 9/9/2024 | J Freedman | 1.7 | Draft supplemental declaration in support of reply to CLG's opposition to Optimum 9019 Motion and gather supporting evidence |
| 9/10/2024 | J Freedman | 0.8 | Finalize reply brief in response to CLG opposition to Optimum 9019 Motion |
| 9/10/2024 | J Freedman | 0.1 | Draft letter to counsel for Optimum regarding declaration in support of 9019 Motion |
| 9/10/2024 | W Yones | 1.1 | Prepare and finalize supplemental documents in support of Trustee's 9019 motion to settle with Optimum |
| 9/11/2024 | C Ghio | 1.5 | Legal research and analysis in preparation for hearing on Optimum Bank 9019 motion based on CLG opposition. |
| 9/12/2024 | C Ghio | 0.4 | Appear at hearing on 9019 Motion on Optimum Bank Settlement. |

136

EXHIBIT "D"

Page 472

**Greyson Appeal (143576-150)**

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Christopher B. Ghio | Partner | $625.00 | .60 | $375.00 |
| Jeremy B. Friedman | Associate | $465.00 | 2.30 | $1,069.50 |
| | | **TOTALS** | **2.90** | **$1,444.50** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 7/16/2024 | J Freedman | 0.3 | Teleconference with General counsel for Trustee regarding Court's tentative ruling on Greyson, Han and Jayde's motions for administrative claims ahead of hearing on same |
| 8/27/2024 | J Freedman | 1.1 | Review and analysis of Court Order denying Greyson's motion for administrative claim and develop strategy in light of same |
| 9/9/2024 | C Ghio | 0.6 | Review and analysis of appeal of denial of Greyson, Han Trinh and Jayde Trinh administrative claims. |
| 9/9/2024 | J Freedman | 0.1 | Review and analysis of Greyson's notice of appeal to the order denying its administrative claim |
| 9/10/2024 | J Freedman | 0.1 | Notice of election of appeal to 9th Circuit BAP by Greyson related to its motion for administrative claim |
| 9/17/2024 | J Freedman | 0.1 | Review and analysis of notice of election to proceed with appeal of order denying Han Trinh, Jayde Trinh and Greyson's motions for administrative claims |
| 9/20/2024 | J Freedman | 0.3 | Review and analysis of statement of issues on appeal as to Greyson's appeal of order denying its administrative claim |
| 9/20/2024 | J Freedman | 0.3 | Review and analysis of designation of record on appeal as to Greyson's appeal of order denying its administrative claim in order to evaluate for completeness |

150 (each row)

EXHIBIT "D"

Page 474

## Han Trinh Appeal (143576-151)

| FEES | | | | |
|------|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Yosina M. Lissebeck | Partner | $745.00 | .20 | $149.00 |
| Jeremy B. Friedman | Associate | $465.00 | 5.50 | $2,557.50 |
| | | **TOTALS** | **5.70** | **$2,706.50** |

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 151 | 7/16/2024 | J Freedman | 0.6 | Review and analysis of Court's tentative ruling on Greyson, Han and Jayde Trinh's motions for administrative claims ahead of the hearing on same |
| 151 | 8/27/2024 | J Freedman | 0.6 | Review and analysis of court's order denying Han Trinh's motion for administrative claim and develop strategy in light of same |
| 151 | 9/9/2024 | J Freedman | 0.1 | Review and analysis of Han Trinh's notice of appeal regarding the denial of her administrative claim in order to develop strategy regarding same |
| 151 | 9/10/2024 | J Freedman | 0.1 | Notice of election of appeal to 9th Circuit BAP by Han Trinh related to her motion for administrative claim |
| 151 | 9/10/2024 | J Freedman | 1.7 | Draft objection to priority wage claim pursuant to 11 U.S.C. 507(a)(4) filed by Han Trinh |
| 151 | 9/12/2024 | J Freedman | 1.3 | Draft facts and citation to evidence to objections to priority wage claims as to Han, Jayde, Israel, Justin Kevin and Mario to be included in client declaration |
| 151 | 9/16/2024 | J Freedman | 0.8 | Draft subpoenas related to priority claims to Han Trinh |
| 151 | 9/16/2024 | Y Lissebeck | 0.2 | Review draft of notice of objection to Hahn claim and respond with comments re POS and notice revisions |
| 151 | 9/20/2024 | J Freedman | 0.1 | Review and analysis of statement of issues on appeal as to Han Trinh's appeal of order denying its administrative claim |
| 151 | 9/20/2024 | J Freedman | 0.1 | Review and analysis of designation of record on appeal as to Han Trinh's appeal of order denying its administrative claim in order to evaluate for completeness |
| 151 | 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Han Trinh |
| 152 | 9/9/2024 | J Freedman | 0.1 | Review and analysis of Jayde Trinh's notice of appeal of the order denying her administrative claim |
| 152 | 9/10/2024 | J Freedman | 0.1 | Notice of election of appeal to 9th Circuit BAP by Jayde Trinh related to her motion for administrative claim |
| 152 | 9/10/2024 | J Freedman | 0.6 | Review and analysis of court's orders denying Han and Jayde Trinh's administrative claims to support objections to priority wage claims pursuant to 11 U.S.C. 507(a)(4) |
| 152 | 9/12/2024 | J Freedman | 0.6 | Draft litigation hold letter as to Han and Jayde Trinh in light of further adversary |
| 152 | 9/16/2024 | J Freedman | 0.7 | Draft subpoenas related to priority claims to Jayde Trinh |
| 152 | 9/20/2024 | J Freedman | 0.1 | Review and analysis of statement of issues on appeal as to Jayde Trinh's appeal of order denying its administrative claim |

EXHIBIT "D"

Page 476

## Jayde Trinh Appeal (143576-152)

| FEES | | | | |
|---|---|---|---|---|
| NAME | TITLE | RATE | HOURS | TOTAL FEES |
| Jeremy B. Friedman | Associate | $465.00 | 2.30 | $1,069.50 |
| | | **TOTALS** | **2.30** | **$1,069.50** |

EXHIBIT "D"

Page 477

| Date | Name | Hours | Narrative |
|------|------|-------|-----------|
| 9/22/2024 | J Freedman | 0.1 | Finalize litigation hold letter as to Jayde Trinh |

152

EXHIBIT "E"

Page 478

**EXHIBIT "E"**
**SUMMARY SHEET FOR INTERIM FEE APPLICATION OF DINSMORE & SHOHL**
**LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL**
**COUNSEL OF RECORD FOR CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK**

| DESCRIPTION OF EXPENSE | AMOUNT |
|---|---|
| Copy Charges | 2,451.38 |
| Court/Deposition Reporter | 810.00 |
| FedEx | 487.78 |
| Research/Investigation | 856.31 |
| Messenger Service | 967.08 |
| Document Retrieval | 119.60 |
| Travel | 120.39 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL EXPENSES** | **5,812.54** |

EXHIBIT "E"
Page 479

| Date | Cost Code | Base Amt | Narrative |
|---|---|---|---|
| 7/1/2024 | COPY | $0.45 | |
| 7/1/2024 | COPY | $1.50 | |
| 7/1/2024 | COPY | $2.10 | |
| 7/1/2024 | COPY | $0.30 | |
| 7/1/2024 | COPY | $2.55 | |
| | | | VENDOR: TransUnion Risk & Alternative Data Solut; INVOICE#: 398763-202405-1; DATE: 6/1/2024  -  Acct Id: 398763; |
| 7/1/2024 | RES/INV | $26.95 | Billing Period5/1/24-5/31/24 |
| | | | VENDOR: TransUnion Risk & Alternative Data Solut; INVOICE#: 398763-202405-1; DATE: 6/1/2024  -  Acct Id: 398763; |
| 7/1/2024 | RES/INV | $5.39 | Billing Period5/1/24-5/31/24 |
| 7/2/2024 | COPY | $1.05 | |
| 7/2/2024 | COPY | $1.05 | |
| 7/2/2024 | COPY | $3.00 | |
| 7/2/2024 | COPY | $1.50 | |
| 7/2/2024 | COPY | $1.95 | |
| 7/2/2024 | COPY | $1.50 | |
| 7/2/2024 | COPY | $1.95 | |
| 7/3/2024 | COPY | $2.10 | |
| 7/3/2024 | COPY | $1.65 | |
| 7/3/2024 | COPY | $2.10 | |
| | | | VENDOR: Copyscan, Inc. INVOICE#: 61990; DATE: 11/10/2023;  -  Printing of documents to be filed under seal. Order# |
| 7/3/2024 | COPY | $545.13 | 58508 |
| | | | VENDOR: Federal Express Corporation INVOICE#: 855841814; DATE: 7/12/2024; Tracking #: 276672023279 Shipment |
| | | | Date: 20240703 Sender: wendy yones Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: |
| 7/3/2024 | FEDEX | $25.53 | Honorable Scott Clarkson, U S  Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 7/11/2024 | COPY | $0.30 | |
| 7/11/2024 | COPY | $0.45 | |
| 7/11/2024 | COPY | $2.40 | |
| 7/12/2024 | COPY | $1.95 | |
| 7/12/2024 | COPY | $3.00 | |
| 7/12/2024 | COPY | $2.40 | |
| 7/12/2024 | COPY | $1.80 | |
| | | | VENDOR: Fifth Third Bank; INVOICE#: 4034/20240712; DATE: 7/12/2024  -  Dawnell King Master Card June 2024; |
| 7/12/2024 | MESSEN | $72.00 | Zions Subpoena on 6/25 - Subpoena Response |
| 7/15/2024 | COPY | $2.85 | |
| 7/15/2024 | COPY | $4.80 | |
| | | | VENDOR: Federal Express Corporation INVOICE#: 8-529-98427; DATE: 6/14/2024;  - Account 7033-0760-4 Overnight |
| 7/16/2024 | FEDEX | $23.33 | courier for San Diego office to USBC 411 W 4th ST Santa Ana, CA |
| | | | VENDOR: Federal Express Corporation INVOICE#: 8-529-98427; DATE: 6/14/2024;  - Account 7033-0760-4 Overnight |
| 7/16/2024 | FEDEX | $74.13 | courier for San Diego office to USBC 411 W 4th St Santa Ana, CA |
| 7/17/2024 | COPY | $1.50 | |
| 7/17/2024 | COPY | $1.50 | |
| | | | VENDOR: Federal Express Corporation INVOICE#: 857150199; DATE: 7/26/2024; Tracking #: 277192151287 Shipment |
| | | | Date: 20240717 Sender: Matthew Tyler Powell Dinsmore & Shohl, LLP, 100 West Main Street, LEXINGTON, KY 40507 |
| 7/17/2024 | FEDEX | $29.70 | Ship to: Hon  Scott Clarkson, US Bankruptcy Court,, 411 W 4TH ST, SANTA ANA, CA 92701 |

EXHIBIT "E"
Page 480

| Date | Type | Amount | Description |
|---|---|---|---|
| 7/18/2024 | FEDEX | $29.70 | VENDOR: Federal Express Corporation INVOICE#: 857150199; DATE: 7/26/2024; Tracking #: 277217359074 Shipment Date: 20240718 Sender: Matthew Tyler Powell Dinsmore & Shohl, LLP, 100 West Main Street, LEXINGTON, KY 40507 Ship to: Hon Scott Clarkson, US Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 7/23/2024 | COPY | $6.90 | |
| 7/23/2024 | COPY | $3.45 | |
| 7/24/2024 | COPY | $1.50 | |
| 7/24/2024 | FEDEX | $23.49 | VENDOR: Federal Express Corporation INVOICE#: 857817456; DATE: 8/2/2024; Tracking #: 277427355260 Shipment Date: 20240724 Sender: Jonathan B Serrano Dinsmore & Shohl, LLP, 550 S Hope St, LOS ANGELES, CA 90071 Ship to: Scott Clarkson, United States Bankurtpcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 7/25/2024 | COPY | $1.65 | |
| 7/25/2024 | COPY | $1.65 | |
| 7/25/2024 | FEDEX | $23.49 | VENDOR: Federal Express Corporation INVOICE#: 857810175; DATE: 8/2/2024; Tracking #: 277521880957 Shipment Date: 20240725 Sender: Angelica F Urena Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon Scott C Clarkson, United States Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 7/30/2024 | COPY | $0.30 | |
| 7/30/2024 | COPY | $2.55 | |
| 7/30/2024 | COPY | $1.20 | |
| 7/31/2024 | COPY | $1.50 | |
| 8/1/2024 | COPY | $1.50 | |
| 8/1/2024 | COPY | $1.50 | |
| 8/1/2024 | COPY | $2.10 | |
| 8/1/2024 | FEDEX | $19.93 | VENDOR: Federal Express Corporation INVOICE#: 858580165; DATE: 8/9/2024; Tracking #: 277782582570 Shipment Date: 20240801 Sender: Wendy Yones Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Honorable Scott Clarkson, U S Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 8/1/2024 | RES/INV | $26.95 | VENDOR: TransUnion Risk & Alternative Data Solut: INVOICE#: 398763-2024071; DATE: 8/1/2024 - Acct ID:398763; Billing Period:7/1/24-7/31/24 |
| 8/1/2024 | RES/INV | $32.34 | VENDOR: TransUnion Risk & Alternative Data Solut: INVOICE#: 398763-2024071; DATE: 8/1/2024 - Acct ID:398763; Billing Period:7/1/24-7/31/24 |
| 8/2/2024 | COPY | $0.30 | |
| 8/5/2024 | COPY | $208.95 | |
| 8/5/2024 | COPY | $26.10 | |
| 8/5/2024 | COPY | $130.50 | |
| 8/5/2024 | COPY | $58.50 | |
| 8/5/2024 | FEDEX | $23.33 | VENDOR: Federal Express Corporation INVOICE#: 858580165; DATE: 8/9/2024; Tracking #: 277917455840 Shipment Date: 20240805 Sender: Yosina M Lissebeck Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon Scott C Clarkson, United States Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 8/7/2024 | COPY | $3.15 | |
| 8/7/2024 | COPY | $2.40 | |
| 8/7/2024 | COPY | $2.85 | |
| 8/7/2024 | COPY | $2.70 | |
| 8/8/2024 | COPY | $5.10 | |
| 8/12/2024 | COPY | $1.50 | |
| 8/13/2024 | COPY | $3.75 | |
| 8/13/2024 | COPY | $1.65 | |
| 8/13/2024 | COPY | $3.00 | |
| 8/13/2024 | COPY | $1.65 | |
| 8/13/2024 | COPY | $1.50 | |
| 8/13/2024 | COPY | $3.45 | |
| 8/13/2024 | COPY | $3.00 | |

| Date | Type | Amount | Description |
|---|---|---|---|
| 8/13/2024 | FEDEX | $23.23 | VENDOR: Federal Express Corporation INVOICE#: 859258166; DATE: 8/16/2024; Tracking #: 2782545462618 Shipment Date: 20240813 Sender: Matthew J  Stockl Dinsmore & Shohl, LLP, 550 S Hope St, LOS ANGELES, CA 90071 Ship to: Scott Clarkson, United States Bankurtpcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 8/13/2024 | MESSEN | $225.00 | VENDOR: CAL Express Enterprises LLC; INVOICE#: 148265; DATE: 7/31/2024 - Master Card Charges for Dawnell Kring August 2024; Courier |
| 8/14/2024 | FEDEX | $23.23 | VENDOR: Federal Express Corporation INVOICE#: 859905601; DATE: 8/23/2024; Tracking #: 278300059297 Shipment Date: 20240814 Sender: Matthew J  Stockl Dinsmore & Shohl, LLP, 550 S Hope St, LOS ANGELES, CA 90071 Ship to: Scott Clarkson, United States Bankurtpcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 8/14/2024 | RES/INV | $5.39 | VENDOR: TransUnion Risk & Alternative Data Solut; INVOICE#: 398763-202406-1; DATE: 7/1/2024  -  Mastercard charges for Tim Hennies for July 2024; TLO |
| 8/15/2024 | COPY | $3.00 | |
| 8/15/2024 | RES/INV | $700.00 | VENDOR: North American Services LLC; INVOICE#: 31733; DATE: 7/26/2024  -  Mastercard charges for Tim Hennies for July 2024; Online research |
| 8/16/2024 | COURT | $288.00 | VENDOR: Briggs Reporting Company, Inc. INVOICE#: 23481; DATE: 8/16/2024;  - August 14, 2024 Hearing Transcript |
| 8/16/2024 | FEDEX | $19.80 | VENDOR: Federal Express Corporation INVOICE#: 859905601; DATE: 8/23/2024; Tracking #: 278384987835 Shipment Date: 20240816 Sender: Matthew J  Stockl Dinsmore & Shohl, LLP, 550 S Hope St, LOS ANGELES, CA 90071 Ship to: Honorable Scott  C  Clarkson, United States Bankruptcy Court, 411 West Fourth Street, Suite, SANTA ANA, CA 92701 |
| 8/20/2024 | COPY | $4.80 | |
| 8/20/2024 | COPY | $4.80 | |
| 8/20/2024 | COPY | $14.10 | |
| 8/20/2024 | COPY | $13.20 | |
| 8/20/2024 | COPY | $7.20 | |
| 8/20/2024 | COPY | $1.50 | |
| 8/21/2024 | COPY | $0.30 | |
| 8/21/2024 | FEDEX | $19.76 | VENDOR: Federal Express Corporation INVOICE#: 860562649; DATE: 8/30/2024; Tracking #: 278578767757 Shipment Date: 20240821 Sender: Bonnie S  Connolly Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon  Scott C  Clarkson, United States Bankruptcy Court, 411 West Fourth Street, Suite, SANTA ANA, CA 92701 |
| 8/22/2024 | COPY | $0.15 | |
| 8/22/2024 | COPY | $4.20 | |
| 8/22/2024 | COPY | $4.80 | |
| 8/22/2024 | COPY | $3.00 | |
| 8/22/2024 | COPY | $1.50 | |
| 8/22/2024 | COPY | $9.90 | |
| 8/22/2024 | COPY | $1.95 | |
| 8/22/2024 | COPY | $4.95 | |
| 8/22/2024 | COPY | $1.95 | |
| 8/22/2024 | COPY | $1.50 | |
| 8/22/2024 | FEDEX | $19.76 | VENDOR: Federal Express Corporation INVOICE#: 860562649; DATE: 8/30/2024; Tracking #: 278611123000 Shipment Date: 20240822 Sender: Bonnie S  Connolly Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon  Scott C  Clarkson, United States Bankruptcy Court, 411 West Fourth Street, Suite, SANTA ANA, CA 92701 |
| 8/26/2024 | COPY | $3.15 | |
| 8/26/2024 | COPY | $1.50 | |
| 8/26/2024 | COPY | $1.50 | |
| 8/27/2024 | COPY | $24.15 | |
| 8/27/2024 | COPY | $0.45 | |
| 8/27/2024 | COPY | $0.15 | |
| 8/27/2024 | COPY | $2.10 | |
| 8/27/2024 | COPY | $9.15 | |

| Date | Type | Amount | Description |
|---|---|---|---|
| 8/27/2024 | FEDEX | $23.23 | VENDOR: Federal Express Corporation INVOICE#: 860562649; DATE: 8/30/2024; Tracking #: 278786550440 Shipment Date: 20240827 Sender: Christopher Celentino Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon Scott C Clarkson, United States Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 8/28/2024 | COPY | $5.70 | |
| 8/28/2024 | COPY | $37.35 | |
| 8/29/2024 | COPY | $10.05 | |
| 8/29/2024 | ONDOC | $51.20 | VENDOR: Fifth Third Bank; INVOICE#: 4034/20240829; DATE: 8/29/2024 - Master Card Charges for Dawnell Kring August 2024; Pacer on 8/9 - Case Document Purchase |
| 8/29/2024 | ONDOC | $43.60 | VENDOR: Fifth Third Bank; INVOICE#: 4034/20240829; DATE: 8/29/2024 - Master Card Charges for Dawnell Kring August 2024; Pacer on 8/9 - Case Document Purchase |
| 8/29/2024 | ONDOC | $0.80 | VENDOR: Fifth Third Bank; INVOICE#: 4034/20240829; DATE: 8/29/2024 - Master Card Charges for Dawnell Kring August 2024; Pacer on 8/9 - Case Document Purchase |
| 8/30/2024 | COURT | $522.00 | VENDOR: Briggs Reporting Company, Inc. INVOICE#: 23488; DATE: 8/27/2024; - 8:24-ap-01068-SC Marshack v. Bayrooti - 08/15/2024 Hearing Transcript |
| 9/1/2024 | RES/INV | $48.51 | VENDOR: TransUnion Risk & Alternative Data Solut; INVOICE#: 398763-202408-1; DATE: 9/1/2024 - Acct ID: 398763; Billing Period 8/1/24-8/31/24 |
| 9/1/2024 | RES/INV | $5.39 | VENDOR: TransUnion Risk & Alternative Data Solut; INVOICE#: 398763-202408-1; DATE: 9/1/2024 - Acct ID: 398763; Billing Period 8/1/24-8/31/24 |
| 9/1/2024 | RES/INV | $5.39 | VENDOR: TransUnion Risk & Alternative Data Solut; INVOICE#: 398763-202408-1; DATE: 9/1/2024 - Acct ID: 398763; Billing Period 8/1/24-8/31/24 |
| 9/3/2024 | COPY | $0.30 | |
| 9/3/2024 | COPY | $1.65 | |
| 9/3/2024 | COPY | $3.00 | |
| 9/3/2024 | COPY | $2.10 | |
| 9/3/2024 | COPY | $9.15 | |
| 9/3/2024 | COPY | $2.10 | |
| 9/3/2024 | COPY | $4.50 | |
| 9/4/2024 | COPY | $7.20 | |
| 9/4/2024 | COPY | $1.50 | |
| 9/4/2024 | COPY | $4.50 | |
| 9/4/2024 | COPY | $117.15 | |
| 9/4/2024 | COPY | $30.15 | |
| 9/4/2024 | FEDEX | $19.84 | VENDOR: Federal Express Corporation INVOICE#: 862003155; DATE: 9/13/2024; Tracking #: 279096815813 Shipment Date: 20240904 Sender: Bonnie S Connolly Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon Scott C Clarkson, United States Bankruptcy Court, 411 West Fourth Street, Suite, SANTA ANA, CA 92701 |
| 9/4/2024 | MESSEN | $131.80 | VENDOR: CAL Express Enterprises LLC; INVOICE#: 148467; DATE: 9/4/2024 - Master Card Charges for Dawnell Kring Sept 2024; Courier |
| 9/5/2024 | FEDEX | $19.84 | VENDOR: Federal Express Corporation INVOICE#: 862003155; DATE: 9/13/2024; Tracking #: 279139970389 Shipment Date: 20240905 Sender: Bonnie S Connolly Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon Scott C Clarkson, United States Bankruptcy Court, 411 West Fourth Street, Suite, SANTA ANA, CA 92701 |
| 9/8/2024 | COPY | $160.50 | |
| 9/9/2024 | COPY | $0.75 | |
| 9/9/2024 | COPY | $0.75 | |
| 9/9/2024 | COPY | $40.80 | |
| 9/10/2024 | COPY | $0.30 | |
| 9/10/2024 | COPY | $120.00 | |
| 9/10/2024 | MESSEN | $138.28 | VENDOR: CAL Express Enterprises LLC; INVOICE#: 148405; DATE: 8/28/2024 - Master Card Charges for Dawnell Kring August 2024; Courier |

EXHIBIT "E"
Page 483

| Date | Code | Amount | Description |
|---|---|---|---|
| 9/10/2024 | MESSEN | $225.00 | VENDOR: CAL Express Enterprises LLC; INVOICE#: 148422; DATE: 9/06/2024 - Master Card Charges for Dawnell Kring August 2024; Courier |
| 9/10/2024 | ONDOC | $12.00 | VENDOR: Fifth Third Bank; INVOICE#: 4034/20240910; DATE: 9/10/2024 - Master Card Charges for Dawnell Kring August 2024; Courts/USBC-CA-PG on 8/19 - Case Documents Purchase |
| 9/10/2024 | ONDOC | $12.00 | VENDOR: Fifth Third Bank; INVOICE#: 4034/20240910A; DATE: 9/10/2024 - Master Card Charges for Dawnell Kring August 2024; USBC on 8/28 - Case Document Purchase |
| 9/11/2024 | COPY | $0.90 | |
| 9/11/2024 | COPY | $2.55 | |
| 9/11/2024 | COPY | $3.60 | |
| 9/12/2024 | COPY | $131.10 | |
| 9/12/2024 | COPY | $0.15 | |
| 9/12/2024 | COPY | $0.30 | |
| 9/12/2024 | COPY | $80.00 | |
| 9/12/2024 | FEDEX | $23.28 | VENDOR: Federal Express Corporation INVOICE#: 862708354; DATE: 9/20/2024; Tracking #: 279413505360 Shipment Date: 20240912 Sender: Christopher Celentino Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon Scott C Clarkson, United States Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 9/13/2024 | COPY | $28.50 | |
| 9/13/2024 | COPY | $0.15 | |
| 9/13/2024 | COPY | $17.40 | |
| 9/13/2024 | COPY | $1.50 | |
| 9/16/2024 | TRAVEL | $120.39 | VENDOR: Christopher B. Ghio INVOICE#: 68943609091 61247; DATE: 9/16/2024; Mileage Drive from SAN office to USBC for Hearing on Plaintiff's Emergency Application for a Right to Attach Order and Issuance of Writ of Attachment or, Alternatively, for a Temporary Protective Order Pending a Noticed Hearing and Status Conference. 08/29/24 |
| 9/17/2024 | COPY | $1.95 | |
| 9/17/2024 | COPY | $0.45 | |
| 9/17/2024 | FEDEX | $23.18 | VENDOR: Federal Express Corporation INVOICE#: 862708354; DATE: 9/20/2024; Tracking #: 279599574791 Shipment Date: 20240917 Sender: Christopher Celentino Dinsmore & Shohl, LLP, 655 West Broadway, SAN DIEGO, CA 92101 Ship to: Hon Scott C Clarkson, United States Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 9/18/2024 | MESSEN | $175.00 | VENDOR: On-Call Legal; INVOICE#: 148538; DATE: 9/18/2024 - Master Card Charges for Dawnell Kring September 2024; Courier |
| 9/19/2024 | COPY | $205.95 | |
| 9/19/2024 | COPY | $168.60 | |
| 9/19/2024 | COPY | $6.30 | |
| 9/19/2024 | COPY | $1.95 | |
| 9/20/2024 | COPY | $33.15 | |
| 9/23/2024 | COPY | $5.25 | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:      655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document: **SECOND AND FINAL CHAPTER 11 APPLICATION OF DINSMORE & SHOHL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2024 THROUGH SEPTEMBER 23, 2024; DECLARATION OF CHRISTOPHER CELENTINO**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 8, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On November 8, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐      Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 8, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA E-MAIL:**

ETHICS MONITOR
NANCY RAPOPORT
nancy.rapoport@unlv.edu

ACCOUNTANT JOSH TEEPLE
jteeple@gtllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                              **F 9013-3.1.PROOF.SERVICE**

FINANCIAL ADVISOR FOR COMMITTEE FORCE TEN PARTNERS
CHAD KURTZ
ADAM MEISLIK
ckurtz@force10partners.com
ameislik@force10partners.com

FIELD AGENT AND ANALYST BICHER & ASSOCIATES
Robert F. Bicher
rfbicher@earthlink.net


TRUSTEE:
RICHARD A. MARSHACK
RMARSHACK@MARSHACKHAYS.COM

U.S. TRUSTEE'S OFFICE:
KENNETH MISKEN
KENNETH.M.MISKEN@USDOJ.GOV

QUEENIE K NG
QUEENIE.K.NG@USDOJ.GOV

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2024 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      **F 9013-.1.PROOF.SERVICE**

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Special Counsel Dinsmore & Shohl LLP
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                               **F 9013-3.1.PROOF.SERVICE**

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Aaron E. De Leest on behalf of Trustee Richard A Marshack (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird
.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy
Attorneys
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;den

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-1.PROOF.SERVICE**

ise.walker@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P. Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Alan W Forsley on behalf of Defendant JGW Solutions, LLC
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Yisrael Gelb on behalf of Defendant Bridge Funding Cap, LLC
yisrael@gelblawapc.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE

golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;
golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgllp@ecf.courtdrive.com

Spencer Keith Gray on behalf of Plaintiff Richard A Marshack
spencer.gray@dinsmore.com, wendy.yones@dinsmore.com

Spencer Keith Gray on behalf of Trustee Richard A Marshack (TR)
spencer.gray@dinsmore.com, wendy.yones@dinsmore.com

Stella A Havkin on behalf of Defendant Bridge Funding Cap, LLC
stella@havkinandshrago.com, shavkinesq@gmail.com

D Edward Hays on behalf of Attorney Marshack Hays LLP
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-1.PROOF.SERVICE

oza@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,jking@hinshawlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      F 9013-.1.PROOF.SERVICE

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Veneeta Jaswal on behalf of Plaintiff Richard A Marshack
veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-.1.PROOF.SERVICE**

Ira David Kharasch on behalf of Interested Party Consumer Legal Group, P.C.
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Liberty Acquisitions Group Inc.
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Creditor Committee Post-Confirmation Oversight Committee
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-1.1.PROOF.SERVICE**

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Marc A Lieberman on behalf of Defendant JGW Solutions, LLC
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Marc A Lieberman on behalf of Interested Party Courtesy NEF
marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                              F 9013-1.PROOF.SERVICE

kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Interested Party The Bankruptcy Law Firm, P.C.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-1.PROOF.SERVICE**

Tony May on behalf of Defendant Matthew Lovelady
tmay@maybrocklaw.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com;jadelgado@
venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com

Victoria Newmark on behalf of Interested Party Consumer Legal Group, P.C.
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com

Victoria Newmark on behalf of Interested Party LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com

Victoria Newmark on behalf of Interested Party Liberty Acquisitions Group Inc.
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com

Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-.1.PROOF.SERVICE

Jacob Newsum-Bothamley on behalf of Trustee Richard A Marshack (TR)
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Creditor Committee Post-Confirmation Oversight Committee
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Intervenor OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,ban
kruptcydocket@seyfarth.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com,
jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com,
jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Counter-Defendant Richard A Marshack (TR)
tyler.powell@dinsmore.com,
jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com,
jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A Marshack
tyler.powell@dinsmore.com,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE

jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com,
jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com,
jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-.1.PROOF.SERVICE**

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          F 9013-.1.PROOF.SERVICE

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-.1.PROOF.SERVICE**