Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Counsel for the Official Committee of Unsecured Creditors
and the Post-Confirmation Oversight Committee as its successor in interest*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **STIPULATION BETWEEN THE CHAPTER 11 TRUSTEE, DINSMORE & SHOHL LLP AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE SECOND AND FINAL CHAPTER 11 APPLICATION OF DINSMORE & SHOHL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2024 THROUGH SEPTEMBER 23, 2024**<br><br>Hearing<br>Date:    January 14, 2025<br>Time:    10:00 a.m.<br>Ctrm:    5C – Via Zoom<br>Place:   411 West Fourth Street<br>            Santa Ana, CA 92701 |

1

166336548.1

This Stipulation ("Stipulation") is made and entered into by and between The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group P.C., on the one hand, and Richard A. Marshack, in his capacity as the chapter 11 trustee of The Litigation Practice Group P.C. (the "Trustee"), and Dinsmore & Shohl LLP, special counsel to the Trustee ("Dinsmore, and, together with the Committee and Trustee, the "Parties"), on the other hand, with respect to the following:

**RECITALS**

A. On March 20, 2023 (the "Petition Date"), The Litigation Practice Group P.C. (the "Debtor"), filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

B. On May 8, 2023, the Court entered an order [Docket No. 65] approving the appointment of the Trustee.

C. On June 23, 2023, the Office of the United States Trustee appointed [Docket No. 134] the Committee, which was amended [Docket No. 157] to increase the number of Committee members on June 29, 2023.

D. On July 5, 2023, the Court entered an order [Docket No. 171] authorizing the employment of Dinsmore & Shohl LLP as special litigation counsel to the Trustee ("Dinsmore")

E. On September 3, 2024, Dinsmore filed its *First Chapter 11 Application of Dinsmore & Shohl LLP for Compensation and Reimbursement of Expenses for the Period May 8, 2023 Through June 30, 2024* (the "Dinsmore First Interim Application") [Docket No. 1621].

F. On September 9, 2024, the Court entered the *Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)* [Docket No. 1646] (the "Confirmation Order"), which confirmed the joint plan [Docket No. 1344] (the "Plan") of the Committee and the Trustee. As set forth more fully in the Confirmation Order and Plan, the Plan establishes a liquidating trust (the "Trust") governed and operated pursuant to that certain liquidating trust agreement (the "Trust Agreement") appended to the Plan. The Confirmation Order further

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

166336548.1

1

establishes a Professional Fee Claim Reserve (as that term is defined in the Confirmation Order) for the payment of Allowed Professional Fee Claims.

G. On September 17, 2024, the Parties filed a stipulation [Docket No. 1698] to resolve the Committee's informal objections to the Dinsmore First Interim Application (the "Interim Fee Stipulation"). On September 20, 2024, the Court entered an order [Docket No. 1714] approving the Interim Fee Stipulation (the "Interim Fee Stipulated Order").[1]

H. On September 3, 2024, Dinsmore filed its *Second and Final Chapter 11 Application of Dinsmore & Shohl LLP for Compensation and Reimbursement of Expenses for the Period July 1, 2024 Through September 23, 2024* [Docket No. 1900], as further supplemented [Docket No. 1991], (the "Dinsmore Final Application").

I. Based on certain issues raised by the Committee concerning the Dinsmore Final Application, the Parties have agreed to resolve any objection by the Committee to the Dinsmore Final Application by amending and supplementing the Interim Fee Stipulated Order as set forth more fully in this Stipulation.

**STIPULATION**

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. The Holdback Amount is amended from $650,000 to $962,191. The Trustee shall withhold from payment to Dinsmore $962,191.00 of the allowed amount of fees and expenses approved by the Court in its ruling on the Dinsmore Final Application.

2. The Trustee shall not include the Holdback Amount when calculating the cash necessary to fund the Professional Fee Claim Reserve.

3. The Holdback Trigger set forth in the Interim Fee Stipulated Order is amended and modified as follows:

> Dinsmore shall be entitled to payment of the Holdback Amount as follows:
>
> **First**, Dinsmore shall be entitled to payment of 50% of the Holdback Amount, *i.e.*, $481,095.50, from the Trust upon the Trust's recovery of

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Interim Fee Stipulated Order.

2

FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 (fax)

166336548.1

not less than $3 million in total cash recoveries attributable to settlements, judgments, or other final resolutions of avoidance and other actions prosecuted by Dinsmore (at any time from and after commencement of the Bankruptcy Case without regard to whether such action was commenced before or after the Effective Date) which cash recoveries are received by the Trust on or after the Effective Date (the "Interim Holdback Payment").

**Second**, Dinsmore shall be entitled to payment of the remaining 50% of the Holdback Amount, *i.e.*, $481,095.50, from the Trust upon the Trust's recovery of not less than $6 million in total cash recoveries attributable to settlements, judgments, or other final resolutions of avoidance and other actions prosecuted by Dinsmore (at any time from and after commencement of the Bankruptcy Case without regard to whether such action was commenced before or after the Effective Date) which cash recoveries are received by the Trust on or after the Effective Date (the "Final Holdback Payment").

For the avoidance of doubt, recoveries obtained by the Debtor's estate (including recoveries funded to the Professional Fee Reserve) that are subsequently transferred to the Trust shall not be considered in calculating the Holdback Trigger regardless of whether such funds were transferred from the Trustee on behalf of the bankruptcy estate to the Trust pre-Effective Date or post-Effective Date.

4. In the event the Trust does not recover, on or after the Effective Date, $6 million in total cash recoveries attributable to settlements, judgments, or other final resolutions of avoidance or other actions prosecuted by Dinsmore (at any time from and after commencement of the Bankruptcy Case without regard to whether such action was commenced before or after the Effective Date), then (i) Dinsmore shall disgorge the Interim Holdback Payment to the Trust without further order of the Court, and (ii) Dinsmore shall not be entitled to the Final Holdback Payment and any funds held or segregated by the Trustee or Trust on account thereof shall be transferred to the Trust for distribution to its beneficiaries.

5. The Trustee shall further withhold from payment to Dinsmore $19,767.50 of the allowed amount of fees and expenses approved by the Court in its ruling on the Dinsmore Final Application (the "Fee Reduction") attributable to certain fee entries related to claims addressed in *Marshack v. Bridge Funding Cap LLC, et al.*, Adv. Proc. No. 8:24-ap-01011-SC (the "Adversary Proceeding"). Dinsmore shall not receive payment of the Fee Reduction from the Estate or the Trust. However, Dinsmore may receive payment of the Fee Reduction to the extent its fee request (the "Adversary Fee Request") is authorized and paid in full through an order granting the motion [Adv. Proc. Docket No. 206] filed in the Adversary Proceeding, as may be further amended, supplemented,

3

166336548.1

1  or modified.  To the extent that less than the full amount of the Adversary Fee Request is approved
2  by the Court and paid to the Trust, Dinsmore shall be entitled to receive partial payment of the Fee
3  Reduction only to the extent that authorized and paid funds attributable to the Adversary Fee Request
4  remain after payment in full of the Net Adversary Fee Request.[2]

5        6.    Upon entry of an order approving this Stipulation in its entirety, the Committee shall
6  waive any objection to the Dinsmore Final Application.

7        7.    The Court shall retain jurisdiction to interpret and implement the provisions of this
8  Stipulation.

10  DATED this 31st day of December 2024.

**FOX ROTHSCHILD LLP**

By: */s/ Nicholas A. Koffroth*
    Keith C. Owens (Bar No. 184841)
    Nicholas A. Koffroth (Bar No. 287854)
*Counsel for the Committee*

**MARSHACK HAYS WOOD LLP**

By: *D. Edward Hays*
    D. Edward Hays (Bar No. 162509)
    Laila Masud (Bar No. 311731)
    870 Roosevelt
    Irvine, California 92620
*Counsel for Chapter 11 Trustee*

**DINSMORE & SHOHL LLP**

By: _____
    Christopher Celentino
*Special Counsel to Chapter 11 Trustee*

---

[2] "Net Adversary Fee Request" shall mean the difference between the Adversary Fee Request and the Fee Reduction.

166336548.1