```
 1  D. EDWARD HAYS, #162507
    ehays@marshackhays.com
 2  AARON E. DE LEEST, #216832
    adeleest@marshackhays.com
 3  BRADFORD N. BARNHARDT, #328705
    bbarnhardt@marshackhays.com
 4  MARSHACK HAYS WOOD LLP
    870 Roosevelt
 5  Irvine, California 92620
    Telephone: (949) 333-7777
 6  Facsimile: (949) 333-7778

 7  Attorneys for Chapter 11 Trustee and
    Liquidating Trustee, RICHARD A.
 8  MARSHACK
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re | Case No: 8-23-bk-10571-SC |
|---|---|
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | TRUSTEE'S REPLY IN SUPPORT OF FINAL APPLICATIONS FOR ALLOWANCE OF FEES AND COSTS; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT |
| | Hearing:<br>Date: January 14, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C - Via Zoom<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

TRUSTEE'S REPLY IN SUPPORT OF FINAL APPLICATIONS FOR FEES AND COSTS

4887-5831-6646

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacities as Chapter 11 Trustee of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor") and liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee"), hereby submits this Reply ("Reply")[1] in support of the final fee applications filed by the various Estate professionals (defined below as the "Fee Apps") to the "Objection of Greyson Law Center PC, Han Trinh & Jayde Trinh, to Court Granting Any of the Fee Applications Filed on or about 11/8/24, Itemized Herein, on a Final Basis—Including Objecting to Court Granting Any Fee Applications, on a Final Basis, While Greyson/Han/Jayde Appeals Are Ongoing . . . Unless Money in the Full Amount of the Greyson/Han/Jayde Administrative Expense Motions Is Put in a Blocked Account, so that Money Will Be Available to Pay Whatever Amounts Are Allowed on Greyson/Han/Jayde's Appeals" filed as Docket No. 1972 ("Objection"), and Addendum to Objection filed as Docket No. 1992 ("Addendum"), by Greyson Law Center, PC; Han Trinh; and Jayde Trinh (collectively, "Objecting Parties").

In support of the Reply, the Trustee submits the following Memorandum of Points and Authorities and the Request for Judicial Notice ("RJN").

## 1.    Introduction

The legal system and society generally have a significant interest in the finality of court orders. For this reason, the "collateral attack doctrine" prevents *de facto* challenges to an order in another proceeding. Should a party wish to challenge a final order, they must do so via appeal or a Rule 59 or 60 motion. In this case, the Objecting Parties previously requested that the Court require the Trustee to establish a reserve or escrow account for payment of their disputed administrative claims in connection with confirmation of the Plan. The Court rejected this request in confirming the plan and entering the confirmation order. The Objecting Parties did not appeal the confirmation order, and their time to do so has long since passed. They instead seek to rehash their arguments,

---

[1] All capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to them in the Fee App.

which have already been rejected, in their Objection. Unfortunately for them, the law prohibits such a collateral attack on a final Court order.

Even if the Objection did not collaterally attack the confirmation order, the Objecting Parties fail to establish an injury in fact for purposes of Article III standing. The Objecting Parties instead premise their entire objection on the possibility that they will prevail in their appeals to establish administrative claims against the Estate, which is too speculative for purposes of Article III standing.

The Objecting Parties further fail to show an injury because they overlook authority that they may, in fact, have ways to seek disgorgement should they succeed on appeal. Specifically, the Ninth Circuit has contemplated disgorgement of final fees and expenses, and Federal Rule of Civil Procedure 60(b) allows for reconsideration of a court order and has been raised in the context of a final fee award. As such, even if the Objecting Parties did have standing to bring their Objection (and Addendum), they fail to explain why the remedies they seek are necessary given the alternative tools they may have at their disposal should they succeed in establishing administrative claims. The Trustee therefore respectfully requests that the Court overrule and disregard the Objection and Addendum and approve the Fee Apps as requested.

**2.     Factual Background**

On June 14, 2024, the Trustee filed a "Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)" ("Plan"), which the Court confirmed by order entered on September 9, 2024 ("Confirmation Order"). Docket Nos. 1344, 1646.

On November 6, 2024, as Docket No. 1885, Grobstein Teeple, LLP filed a "Second and Final Application for Compensation and Reimbursement of Expenses of Grobstein Teeple, LLP as Accountants for the Chapter 11 Trustee" ("GT Fee App").

On November 7, 2024, as Docket No. 1889, Robert F. Bicher & Associates filed an "Application for Payment of Interim Fees and/or Expenses (11 U.S.C. § 331)" ("Bicher Fee App").

On November 8, 2024:

(1) Marshack Hays Wood LLP ("MHW") filed a "Second and Final Application for Allowance of Fees and Costs . . ." ("MHW Fee App"), Docket No. 1896;

(2) The Official Committee of Unsecured Creditors ("Committee") filed "Fox Rothschild LLP's Second Interim, for the Period Between August 1, 2024 through September 23, 2024, and Final Application for Compensation and Reimbursement of Expenses Incurred" ("Fox Fee App"), Docket No. 1897;

(3) The Trustee filed "Chapter 11 Trustee's Second and Final Report and Application for Allowance of Fees and Costs" ("Trustee Fee App"), Docket No. 1898;

(4) The Committee filed "Force Ten Partners, LLC Second Interim, for the Period Between August 1, 2024 through September 23, 2024, and Final Application for Compensation and Reimbursement of Expenses Incurred" ("Force Ten Fee App"), Docket No. 1899;

(5) Dinsmore & Shohl LLP filed a "Second and Final Chapter 11 Application of Dinsmore & Shohl LLP for Compensation and Reimbursement of Expenses for the Period July 1, 2024 through September 23, 2024" and a Supplement ("Dinsmore Fee App"), Docket Nos. 1900 & 1991; and

(6) Nancy Rapoport filed an "Application for Payment of Final Fees and/or Expenses (11 U.S.C. § 330)" ("Fee Examiner Fee App"), Docket No. 1901.

On November 27, 2024, Omni Agent Solutions, Inc. filed a "Second Interim and Final Application for Allowance of Fees and Costs Filed by Omni Agent Solutions, Inc. as Claims and Noticing Agent" ("Omni Fee App," and collectively with the Fee Examiner Fee App, GR Fee App, Bicher Fee App, MHW Fee App, Fox Fee App, Trustee Fee App, Force Ten Fee App, and Dinsmore Fee App, the "Fee Apps").

On December 4, 2024, Objecting Parties filed their Objection. Docket No. 1972.

On December 24, 2024, as Docket No. 1992, the Objecting Parties filed their Addendum to the Objection.[2]

**3.    Legal Argument**

    **A.    The Objection is an improper collateral attack on the plan and confirmation order.**

The Objecting Parties' request that the Court order the Trustee to establish an escrow account for payment of their disputed administrative claims was previously advanced by the Objecting Parties and rejected by the Court in connection with confirmation of the Plan and entry of the final Confirmation Order. The Objecting Parties argued in their objection to the Plan, Docket No. 1490, that the Plan should not be confirmed unless the Trustee was required to establish a separate escrow account or reserve sufficient to pay the Objecting Parties' administrative claims in full. *See* Docket No. 1490, pg. 7-11. The Trustee and Committee opposed the creation of such an escrow account or reserve in their joint brief in support of the Plan, Docket No. 1551 at 4-7, and the Court rejected the Objecting Parties' request at the hearing on confirmation of the Plan. *See* August 29, 2024, Confirmation Hearing Transcript, at 103-107, 145. The Confirmation Order does not include an escrow or reserve for Objecting Parties' purported administrative claims and, instead, says: "(b) The treatment of Disputed Administrative Claims that are subsequently Allowed by Final Order following the Effective Date shall be as set forth in Section III.B.1 of the Plan." Confirmation Order, Docket No. 1646, ¶ 35(b). The Plan does not provide for a reserve at Section III.B.1. and provides, instead, that "if such Administrative Claim is not Allowed as of the Effective Date, [then it becomes payable] no later than sixty (60) days after the date on which an order Allowing such Allowed Administrative Claim becomes a final order, or as soon as reasonably practicable thereafter." Plan, Docket No. 1344, Section III.B.1.

---

[2] This Reply treats the Objection and Addendum as one and often simply refers to the "Objection." The arguments contained herein apply to both the Objection and the Addendum.

Federal Rule of Bankruptcy Procedure 8002 requires any appeal from the Confirmation Order to have been made within 14 days following its entry. It is undisputed that Objecting Parties raised the escrow account and reserve issue in connection with confirmation of the Plan and that this request was denied. It is further undisputed that the Objecting Parties (or anyone else) did not appeal from the Confirmation Order and the Confirmation Order is now final. Thus, the Objecting Parties' request for the creation of an escrow account, which was denied in connection with the Confirmation Order, is untimely and barred by the final Confirmation Order. Furthermore, the Objecting Parties' request is a collateral attack on the Court's final Confirmation Order and confirmed Plan. *See Foster v. First Interstate Bank (In re Shoot the Moon, LLC)*, 642 B.R. 21, 24, 26 (Bankr. D. Mont. 2022) (noting that the collateral attack doctrine prevents courts from effectively overruling or altering final orders (including plan confirmation orders) via indirect routes and is grounded on the need for finality). To the extent relief from a final order is sought, it is only appropriate under Fed. R. 59 or 60, made applicable by Fed. R. Bankr. 9023, which standards the Objecting Parties have not even attempted to argue or meet. For these reasons alone, the Objection should be overruled.

### B.  The Objecting Parties lack standing to object to the Fee Apps.

Even if the Objection were not an improper collateral attack on the Confirmation Order, the Objecting Parties lack standing to bring their objections in their capacities as prospective administrative creditors. Standing is a threshold issue in every federal litigation. *Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*, 417 B.R. 197, 209 (Bankr. S.D.N.Y. 2009). The question of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues." *Id.* at 209-10 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)) (emphasis omitted). The inquiry involves constitutional limitations on federal-court jurisdiction. *Id.* at 210 (citing *Warth*, 422 U.S. at 498). Constitutional standing "imports justiciability:" whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Article III. *Id.* (quoting *Warth*, 422 U.S. at 498). To establish Article III standing, a party must show:

(1) An injury in fact that is actual or imminent rather than conjectural or hypothetical;

      (2) The injury is "fairly traceable" to the conduct complained of; and

      (3) It is likely, as opposed to "speculative," that the injury will be redressed by a favorable decision.

*Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In *Collins v. Wolf*, 614 B.R. 596 (S.D. Cal. 2020), the court held that parties very similarly situated to the Objecting Parties lacked Article III standing to object to final fee applications while they appealed decisions denying their claims to estate funds. There, two parties requested that the final fee awards of estate professionals instead either be interim or specifically state that any compensation paid be subject to disgorgement in the event the objecting parties prevailed in their appeal to establish a claim to estate funds. *Id.* at 599-600. The bankruptcy court rejected their request and entered final fee orders without a disgorgement clause, then denied a motion to reconsider. *Id.* at 600. The objecting parties appealed, and the fee applicant filed a motion to dismiss the appeal, contending that because both the bankruptcy and district courts determined that the objecting parties had no interest in the property at issue or the proceeds from its sale, they had no interest in estate funds used to pay the fee awards. *Id.* at 601. The objecting parties countered that if they succeeded in their appeal, they would have an interest in estate property that was being used to satisfy the final fee orders. *Id.* at 601.

The Southern District of California held that the appellants had failed to show a lack of injury for purposes of Article III standing. *Id.* at 603. The court highlighted cases where disgorgement of attorney's fees was a remedy available for improperly disbursed funds. *Id.* at 601 (collecting cases). And, the court reasoned that before the appellants could even ask for disgorgement, multiple courts would have to rule in their favor on multiple issues. *Id.* As such, their alleged injuries were "based on a chain of events that can be hypothesized in which the action challenged eventually leads to actual injury." *Id.* (internal quotation marks omitted). Because the alleged injury was "highly conjectural or hypothetical," the appellants had not alleged an injury in fact, and the court granted

the appellee's motion to dismiss the appeal. *Id.* (internal quotation marks omitted).[3]

Here, the Court denied the Objecting Parties' respective motions for administrative claims, Docket Nos. 1546-48, which decisions the Objecting Parties have appealed. Docket Nos. 1645, 1647-48. The Objecting Parties have not obtained stays pending appeal. The appeals are consolidated and remain pending as District Court Case No. 8:24-cv-02074-FMO. The Objecting Parties continue to litigate these consolidated appeals and base their entire Objection on the possibility that they will prevail. But, like the court found in *Collins*, the possibility of prevailing on appeal and establishing a claim to estate funds is too conjectural or hypothetical to establish an injury in fact for purposes of Article III standing.

Further, as the court in *Collins* noted, and as discussed in more detail below, disgorgement is a potential remedy to the extent that the Objecting Parties prevail in their appeal. Because disgorgement is possible, the Objecting Parties further cannot meet the Article III standard of showing an injury in fact that is actual or imminent.

### C. The Objecting Parties can seek disgorgement should they succeed in their administrative expense appeals.

The Objection Parties contend that fees allowed on a final basis, pursuant to 11 U.S.C. § 330, are not subject to recapture. Objection at 4 (citing *In re St. Joseph Cleaners, Inc.*, 346 B.R. 430, 438-39 (Bankr. W.D. Mich. 2006); *Specker Motor Sales Co. v. Eisen*, 300 B.R. 687, 690 (W.D. Mich. 2003)). While some courts have held that only interim fees can be disgorged, the issue remains "unsettled." *In re Headlee Mgmt. Corp.*, 519 B.R. 452, 458 (Bankr. S.D.N.Y. 2014) (citing *In re Rockaway Bedding, Inc.*, 454 B.R. 592, 597 (Bankr. D.N.J. 2011)).

The Ninth Circuit, however, in *S.S. Retail Stores Co. v. Ekstrom (In re S.S. Retail Stores Corp.)*, 216 F.3d 882 (9th Cir. 2000), contemplated the notion of disgorgement of final fees and expenses. There, the Court of Appeals noted that an order compelling disgorgement of Gibson, Dunn

---

[3] Because the objecting parties in *Collins* at the time had "no actual interest in the estate funds," the court additionally held that they failed to meet the "person aggrieved" standard for appellate standing. *Id.* Should the Objecting Parties here appeal a decision to approve the Fee App in its entirety, they will likewise lack appellate standing.

& Crutcher LLP's final fees and expenses would only require the firm to disgorge money it had received, which would then be distributed pursuant to the bankruptcy court's final decree (but ultimately finding that the district court did not err in finding that disgorgement would be inequitable). The Southern District of California, in *Collins*, *supra*, relied on *In re S.S. Retail Stores Corp.* in finding that the appellants therein could not meet the "person aggrieved" standard because the disgorgement of attorney's fees is a remedy available if funds are improperly disbursed.

Further, a final fee award, like any other final order, remains subject to vacatur or modification under Federal Rule of Civil Procedure 60. *In re Rockaway Bedding, Inc.*, 454 B.R. 592, 597-98 (Bankr. D.N.J. 2011) (discussing Rule 60(b)(6) as a "potential avenue for relief" from a final fee award, but ultimately finding it unavailable because the post-confirmation plan trustee sought relief from a negotiated settlement he voluntarily undertook).

The out-of-circuit authority on which the Objecting Parties rely in their Objection for the proposition that "fees allowed on a final basis, pursuant to 11 USC § 330, are not subject to recapture," Objection at 4, does not conflict with the above caselaw. Rather, the Objecting Parties' cite a case that stands for the proposition that "the right to recover fees *under Section 330(a)(5)* ceases once the final Section 330 award is made." *In re St. Joseph Cleaners, Inc.*, 346 B.R. 430, 438-39 (Bankr. W.D. Mich. 2006) (emphasis added).[4] As discussed above, caselaw provides for alternative ways to disgorge final professional fees other than 11 U.S.C. § 330(a)(5).

Further, *In re St. Joseph Cleaners, Inc.*, did not involve disgorgement of administrative expenses following a successful appeal by an administrative claimant. It instead involved a proposed disgorgement of a Chapter 11 professional to pay three other Chapter 11 administrative claimants that had not been paid in full six years after plan confirmation. *In re St. Joseph Cleaners*, 346 B.R. at 440. These unpaid administrative claimants "did not press their rights" to receive payment at plan

---

[4] The Objecting Parties also cite *Specker Motor Sales Co. v. Eisen*, 300 B.R. 687, 690 (W.D. Mich. 2003), for the unhelpful proposition that courts can correct excessive interim compensation or respond to fraud or other improper behavior via 11 U.S.C. §§ 330-31.

confirmation, and the court questioned why the later-appointed Chapter 7 trustee should attempt to disgorge fees to pay them.[5] *Id.* at 440. This scenario is therefore very different than the facts here, where the Objecting Parties asserted their claims to administrative expenses and lost.

Based on the foregoing, "keeping the allowed fees allowed on an interim basis" or requiring escrow are not the "only way[s] that this Court could properly grant any of the[] Fee Applications," like the Objecting Parties suggest. Objection at 5, 7. Rather, should the Objecting Parties prevail in their appeals and establish entitlement to payment of administrative expenses, they may have remedies at their disposal to seek disgorgement of final professional fees and costs.[6] As such, the remedies that the Objecting Parties propose to protect their interests (which interests they have failed to establish) are unnecessary and excessive and should be denied.

## 4.   Conclusion

The Estate professionals have worked tirelessly to administer the Estate through plan confirmation. An independent fee examiner has reviewed the fee applications to ensure proper billing hygiene. Docket Nos. 1994 and 1996. It is appropriate for the Court to grant the Fee Apps as requested on a final basis. Should the Objecting Parties prevail in their appeals and establish an injury stemming from payment of administrative expenses, the parties can at that point revisit the issue of administrative expense disbursements. But, for the time being, the Objecting Parties' injury

---

[5] A party may not seek relief from an order under Rule 60(b) to raise legal arguments or allege new facts that "could have been raised at the prior hearing or to rehash arguments already presented to the bankruptcy court." *Utzman v. Suntrust Mortg., Inc. (In re Utzman)*, 2016 Bankr.LEXIS 2927, at *13 (B.A.P. 9th Cir. Aug. 9, 2016); *see also Johnson v. Caliber Home Loans*, 2021 U.S.Dist.LEXIS 204465, at *8 (C.D. Cal. Feb. 3, 2021) (indicating that reconsideration motions "are not the proper vehicles for rehashing old arguments," "are not intended to given an unhappy litigant one additional chance to sway the judge," and are "improper vehicle[s] for bringing new claims not previously raised"). Further, a Rule 60(b) motion must be made "within a reasonable time" (and in certain instances within a year), Fed. R. Civ. P. 60(c)(1). A Rule 60 motion for reconsideration would have therefore been an unavailable remedy to those Chapter 11 administrative claimants that failed to enforce their rights and consequently remained unpaid after six years.

[6] Trustee makes no concession that any motion to disgorge would be properly brought in this case and reserves all rights to address a motion to disgorge should one be filed. Trustee only acknowledges that under the right circumstances, a Rule 60(b) motion may be appropriate to seek disgorgement of final fees and expenses.

1 remains unestablished and speculative. The Firm accordingly requests that this Court enter an order

2 overruling the Objection and granting the Fee Apps in their entirety.

3

4 DATED: January 7, 2025                    MARSHACK HAYS WOOD LLP

5                                                    /s/ Aaron E. de Leest
                                               By:_____
6                                                    D. EDWARD HAYS
                                                     AARON E. DE LEEST
7                                                    BRADFORD N. BARNHARDT
                                                     Attorneys for Chapter 11 Trustee and
8                                                    Liquidating Trutsee, RICHARD A.
                                                     MARSHACK

**REQUEST FOR JUDICIAL NOTICE**

Richard A. Marshack, in his capacities as Chapter 11 Trustee of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor") and liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee"), hereby submits this Request for Judicial Notice ("RJN") in support of the Reply ("Reply") in support of the final fee applications filed by the various Estate professionals (defined herein as the "Fee Apps"). All capitalized terms not otherwise defined in this RJN shall have the meaning ascribed to them in the Reply.

1. On November 6, 2024, as Docket No. 1885, Grobstein Teeple, LLP filed a "Second and Final Application for Compensation and Reimbursement of Expenses of Grobstein Teeple, LLP as Accountants for the Chapter 11 Trustee" ("GT Fee App").

2. On November 7, 2024, as Docket No. 1889, Robert F. Bicher & Associates filed an "Application for Payment of Interim Fees and/or Expenses (11 U.S.C. § 331)" ("Bicher Fee App").

3. On November 8, 2024:

    a. Marshack Hays Wood LLP ("MHW") filed a "Second and Final Application for Allowance of Fees and Costs . . ." ("MHW Fee App"), Docket No. 1896;

    b. The Official Committee of Unsecured Creditors ("Committee") filed "Fox Rothschild LLP's Second Interim, for the Period Between August 1, 2024 through September 23, 2024, and Final Application for Compensation and Reimbursement of Expenses Incurred" ("Fox Fee App"), Docket No. 1897;

    c. The Trustee filed "Chapter 11 Trustee's Second and Final Report and Application for Allowance of Fees and Costs" ("Trustee Fee App"), Docket No. 1898;

    d. The Committee filed "Force Ten Partners, LLC Second Interim, for the Period Between August 1, 2024 through September 23, 2024, and Final Application for Compensation and Reimbursement of Expenses Incurred" ("Force Ten Fee App"), Docket No. 1899;

  e. Dinsmore & Shohl LLP filed a "Second and Final Chapter 11 Application of Dinsmore & Shohl LLP for Compensation and Reimbursement of Expenses for the Period July 1, 2024 through September 23, 2024" and a Supplement, Docket Nos. 1900 & 1991 ("Dinsmore Fee App"), Docket No. 1900; and

  f. Nancy Rapoport filed an "Application for Payment of Final Fees and/or Expenses (11 U.S.C. § 330)" ("Fee Examiner Fee App"), Docket No. 1901.

4. On November 27, 2024, Omni Agent Solutions, Inc. filed a "Second Interim and Final Application for Allowance of Fees and Costs Filed by Omni Agent Solutions, Inc. as Claims and Noticing Agent" ("Omni Fee App," and collectively with the Fee Examiner Fee App, GR Fee App, Bicher Fee App, MHW Fee App, Fox Fee App, Trustee Fee App, Force Ten Fee App, and Dinsmore Fee App, the "Fee Apps").

5. On December 4, 2024, as Docket No. 1972, Greyson Law Center, PC; Han Trinh; and Jayde Trinh (collectively, "Objecting Parties") filed an "Objection of Greyson Law Center PC, Han Trinh & Jayde Trinh, to Court Granding Any of the Fee Applications Filed on or about 11/8/24, Itemized Herein, on a Final Basis—Including Objecting to Court Granting Any Fee Applications, on a Final Basis, While Greyson/Han/Jayde Appeals Are Ongoing . . . Unless Money in the Full Amount of the Greyson/Han/Jayde Administrative Expense Motions Is Put in a Blocked Account, so that Money Will Be Available to Pay Whatever Amounts Are Allowed on Greyson/Han/Jayde's Appeals" ("Objection") (emphasis omitted).

6. On December 24, 2024, as Docket No. 1992, the Objecting Parties filed an "Addendum to Objection . . . ."

7. On August 27, 2024, as Docket No. 1546, the Court entered an "Order and Memorandum Decision Denying Motion for Administrative Claim of Greyson Law Center P.C." ("Admin Order Re Greyson").

8. On August 27, 2024, as Docket No. 1547, the Court entered an "Order and Memorandum Decision Denying Motion for Administrative Claim of Jayde Trinh" ("Admin Order

Re Jayde Trinh").

9. On August 27, 2024, as Docket No. 1548, the Court entered an "Order and Memorandum Decision Denying Motion for Administrative Claim of Han Trinh" ("Admin Order Re Han Trinh," and collectively with the Admin Order Re Greyson and Admin Order Re Jayde Trinh, the "Admin Orders").

10. On September 9, 2024, the Objecting Parties filed notices of appeal regarding their respective Admin Orders. Docket Nos. 1645, 1647-48.

11. The Objecting Parties have not obtained stays pending appeal regarding the Admin Orders.

12. The appeals of the Admin Orders are consolidated and currently pending as U.S. District Court for the Central District of California Case No. 8:24-cv-02074-FMO.

13. On June 14, 2024, the Trustee filed a "Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024)" ("Plan"). Docket No. 1344.

14. The Objecting Parties objected to the Plan, Docket No. 1490, on the grounds that the Plan should not be confirmed unless the Trustee was required to establish a separate escrow account or reserve sufficient to pay the Objecting Parties' administrative claims in full. *See* Docket No. 1490, pg. 7-11.

15. The Trustee and Committee opposed the creation of such an escrow account or reserve in their joint brief in support of the Plan. Docket No. 1551 at 4-7.

16. The Court rejected the Objecting Parties' request at the hearing on confirmation of the Plan. *See* August 29, 2024, Confirmation Hearing Transcript, at 103-107.

17. On September 9, 2024, the Court entered an order confirming the Plan ("Confirmation Order"). Docket No. 1646.

18. The Confirmation Order does not include any such escrow or reserve for Objecting Parties' purported administrative claims.

///

19.  The Confirmation Order provides, *inter alia*: "(b) The treatment of Disputed Administrative Claims that are subsequently Allowed by Final Order following the Effective Date shall be as set forth in Section III.B.1 of the Plan." Docket No. 1646, ¶ 35(b).

20.  The Plan provides that Other Administrative Claims will be "Paid in full on the later of the Effective Date and the date the Bankruptcy Court enters an order allowing such Administrative Claims, or such later date as may be agreed by such Holder of Allowed Other Administrative Claims." Docket No. 1344, Section III.B.1.

DATED: January 7, 2025                MARSHACK HAYS WOOD LLP

                                          /s/ Aaron E. de Leest
                             By:_____
                                D. EDWARD HAYS
                                AARON E. DE LEEST
                                BRADFORD N. BARNHARDT
                                Attorneys for Chapter 11 Trustee and Liquidating Trustee, RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S REPLY IN SUPPORT OF FINAL APPLICATIONS FOR ALLOWANCE OF FEES AND COSTS; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 7, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST~~
~~SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 7, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**MONITOR**
Nancy Rapoport
nancy.rapoport@unlv.edu

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 7, 2025 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **INTERESTED PARTY COURTESY NEF:** Kyra E Andrassy kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC: Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
   - **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.: Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
   - **INTERESTED PARTY COURTESY NEF: Ethan J Birnberg**    birnberg@portersimon.com, reich@portersimon.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC: Ronald K Brown**    ron@rkbrownlaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **INTERESTED PARTY COURTESY NEF: Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF: Randall Baldwin Clark**    rbc@randallbclark.com
   - **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI: Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
   - **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.: Michael W Davis**    mdavis@dtolaw.com, ygodson@dtolaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
   - **INTERESTED PARTY COURTESY NEF: Anthony Paul Diehl**    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
   - **INTERESTED PARTY COURTESY NEF: Ashley Dionisio**    adionisio@omniagnt.com
   - **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER : Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
   - **ATTORNEY FOR CREDITOR CAROLYN BEECH: Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
   - **INTERESTED PARTY COURTESY NEF: Howard M Ehrenberg**    Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
   - **CREDITOR: Meredith Fahn**    fahn@sbcglobal.net
   - **INTERESTED PARTY COURTESY NEF:** Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
   - **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC: William P Fennell**    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
   - **INTERESTED PARTY COURTESY NEF: Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
   - **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL: Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CREDITOR HERRET CREDIT: Eric Gassman**   erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio**   christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD: Amy Lynn Ginsburg**   efilings@ginsburglawgroup.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC: Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC: Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com; lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC: David M Goodrich**   dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Spencer Keith Gray   spencer.gray@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Stella A Havkin   stella@havkinandshrago.com, shavkinesq@gmail.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY: Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION: Brian L Holman**   b.holman@musickpeeler.com
- **INTERESTED PARTY COURTESY NEF: Richard L. Hyde**   rhyde@awglaw.com
- **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION: Peter L Isola**   pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC: Razmig Izakelian**   razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Veneeta Jaswal   veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sara Johnston**   sara.johnston@dinsmore.com
- **ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS: Sweeney Kelly**   kelly@ksgklaw.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.: Joon M Khang**   joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE: Ira David Kharasch**   ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP: Meredith King**   mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Nicholas A Koffroth**   nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC: David S Kupetz**   David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- **INTERESTED PARTY COURTESY NEF: Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC: Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC: Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.: Britteny Leyva**    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC: Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC: Michael D Lieberman**    mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP: Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **INTERESTED PARTY AND ATTORNEY: Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH: Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR DAVID ORR: Mark J Markus**    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **CHAPTER 11 TRUSTEE: Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: William McCormick**    Bill.McCormick@ag.tn.gov
- **ATTORNEY FOR US TRUSTEE: Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC: Glenn D. Moses**    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jamie D Mottola**    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF: Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **INTERESTED PARTY COURTESY NEF: Victoria Newmark**    vnewmark@pszjlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jacob Newsum-Bothamley**    jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **ATTORNEY FOR US TRUSTEE: Queenie K Ng**    queenie.k.ng@usdoj.gov
- **CREDITOR: Israel Orozco**    israel@iolawcorp.com
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.: Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Michael R Pinkston**    rpinkston@seyfarth.com,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE: Douglas A Plazak**     dplazak@rhlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Tyler Powell**     tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING: Daniel H Reiss**     dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC: Ronald N Richards**     ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Vanessa Rodriguez**     vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Kevin Alan Rogers**     krogers@wellsmar.com
- **ATTORNEY FOR CREDITOR MARI AGAPE: Gregory M Salvato**     gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Olivia Scott**     olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jonathan Serrano**     jonathan.serrano@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC: Maureen J Shanahan**     Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC: Paul R Shankman**     PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC: Zev Shechtman**     Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **INTERESTED PARTY COURTESY NEF: Jeffrey M Singletary**     jsingletary@swlaw.com, rmckay@swlaw.com
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC: Adam D Stein-Sapir**     info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.: Howard Steinberg**     steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): John H. Stephens**     john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.: Andrew Still**     astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew J Stockl     matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK: Michael R Totaro**     Ocbkatty@aol.com
- **US TRUSTEE: United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC: William J Wall**     wwall@wall-law.com
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Sharon Z. Weiss**     sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC: Johnny White**     JWhite@wrslawyers.com, jlee@wrslawyers.com
- **CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Reina Zepeda**     rzepeda@omniagnt.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                        **F 9013-3.1.PROOF.SERVICE**