D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee and
Liquidating Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No: 8-23-bk-10571-SC<br><br>Chapter 11<br><br>TRUSTEE'S EVIDENTIARY OBECTIONS TO DECLARATION OF KATHLEEN P. MARCH IN SUPPORT OF GREYSON-HAN-JAYDE'S MOTION TO CONTINUE ALL THE APPLICATIONS FOR FINAL FEES<br><br>Date:    January 14, 2025<br>Time:   10:00 a.m.<br>Ctrm:   5C<br>Location: 411 West Fourth Street<br>           Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacities as Chapter 11 Trustee of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor") and liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee"), hereby submits these Evidentiary Objections to the Declaration of Kathleen P. March ("Declaration") contained within the Motion to Continue All the Applications for Final Fees ("Motion to Continue") filed on January 9, 2025, as Docket No. 2017 by

1

EVIDENTIARY OBJECTIONS TO DECLARATION OF KATHLEEN P. MARCH

4855-1819-7586

Greyson Law Center, PC, Han Trinh, and Jayde Trinh. Page number references are to the top-pages within the Motion to Continue.

**OBJECTIONS TO DECLARATION OF KATHLEEN P. MARCH**

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| Pg. 8, ¶ 4, Lns. 6-10 | As briefed in Greyson-Han-Jayde's Objection, it is only by keeping fees allowed as interim fees, instead of allowing fees as final fees, which will ensure those fees can be ordered disgorged, if necessary to pay Greyson-Han-Jayde the 5.7 million they will be owed if they win their appeal in US District Court. | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid.[1] 701-02<br>2) Argumentative<br>3) Hearsay – Fed. R. Evid. 802<br>4) Best Evidence Rule – Fed. R. Evid. 1002<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); see also Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support").<br><br>Here, the Declaration contains pure argument more fitting for a legal brief than a Declaration. For this reason alone, the evidentiary objection can and should be sustained. |

---

[1] The Federal Rules of Evidence apply in cases under the Bankruptcy Code. Fed. R. Bankr. P. 9017.

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | The Declaration further references briefing in a separate pleading in violation of the Fed. R. Evid. 802 rule against hearsay and the Fed. R. Evid. 1002 best evidence rule.<br><br>In any event, the Declaration's legal argument is unavailing for the reasons set forth in Trustee's opposition to the Motion to Continue. |
| Pg. 8, ¶ 5, Lns. 11-14 | Cause exists to continue these fee applications seeking final fees, until after US District Court rules on Greyson-Han-Jayde's appeals (8:24-CV-02074- FMO). (Emphasis omitted) | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support").<br><br>Here, the Declaration contains pure argument more fitting for a legal brief than a Declaration. For this reason alone, the evidentiary objection can and should be sustained. |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | In any event, the Declaration's legal argument is unavailing for the reasons set forth in Trustee's opposition to the Motion to Continue. |
| Pg. 8, ¶ 6, Lns. 15-21 | Trustee's REPLY [dkt.2011, filed 1/7/25] has no explanation, and no evidence, as to how the 3 orders appealed could be affirmed on appeal, given the consolidated Opening Brief on Appeal filed in District Court on 12/20/24, which is attached to Greyson-Han-Jayde's Addendum to Objection pdkt.1972, file 12/4/24, and which briefs and cites evidence proving many reversible errors. | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br>3) Hearsay – Fed. R. Evid. 802<br>4) Best Evidence Rule – Fed. R. Evid. 1002<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support").<br><br>Here, the Declaration contains pure argument more fitting for a legal brief than a Declaration. For this reason alone, the evidentiary objection can and should be sustained.<br><br>The Declaration further references briefing in a separate pleading in |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | violation of the Fed. R. Evid. 802 rule against hearsay and the Fed. R. Evid. 1002 best evidence rule.<br><br>In any event, the Declaration's legal argument is unavailing for the reasons set forth in Trustee's opposition to the Motion to Continue. |
| Pp. 8-9, ¶ 7, Lns. 22-27, 1-10 | Plus, Trustee's REPLY ignores that, at the 8/29/24 plan confirmation hearing, Trustee's attorney repeatedly told this Court that professional fees allowed could be disgorged, if necessary to pay Greyson-Han-Jayde, if Greyson-Han-Jayde won their appeals. The plan confirmation hearing transcript (relevant pages highlighted in yellow) is attached to Greyson-Han-Jayde's Objection [dkt.1972 filed 12/4/24]. Transcript pages p.30:17-25, p.31:1-20, p.102:14 to104:19, p.107:16, and pp.122:22 to 123:13—are where this court repeatedly asked Trustee counsel whether fees could be recaptured to pay Greyson/Han/Jayde whatever they were ultimately allowed on appeal, and Trustee counsel repeatedly told this Court that fees could be ordered disgorged if necessary to pay whatever Greyson/Han/Jayde were ultimately allowed on appeal, and the Court said that was correct. No case cited by Trustee's REPLY had such a representation by Trustee. (Emphasis omitted.) | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br>3) Best Evidence Rule – Fed. R. Evid. 1002<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support").<br><br>Here, the Declaration contains pure argument more fitting for a legal brief than a Declaration. For this reason alone, the evidentiary objection can and should be sustained. |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | The Declaration further references briefing in a separate pleading in violation of the Fed. R. Evid. 1002 best evidence rule.<br><br>In any event, the Declaration's legal argument is unavailing for the reasons set forth in Trustee's opposition to the Motion to Continue. |
| Pg. 9, ¶ 8, Lns. 12-16 | Trustee's Appellee brief is due in District Court by 2/19/25, and Greyson-Han-Jayde's Reply brief is due 2 weeks after Appellee's brief is filed, which is 3/5/25. District Judges often do not hold oral argument on appeals, but if Judge Olguin sets oral argument, that is a single day. | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br>3) Speculation – Fed. R. Evid. 602<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support").<br><br>Further, under Fed. R. Evid. 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
|  |  | Here, the Declaration lacks foundation regarding the statement that "if Judge Olguin sets oral argument, that is a single day." Further, this statement is speculative and does not derive from Kathleen P. March's personal knowledge as it is not her decision. |
| Pg. 9, ¶ 9, Lns. 17-24 | If the District Court reverses the Bankruptcy Court orders, to grant Greyson-Han-Jayde's administrative expense motions, then the amounts awarded will need to be paid within the 60 days specified in the confirmed plan. (March Decl hereto). Consequently, continuing the fee applications until after the US District Court rules will be likely to resolve issues regarding Greyson-Han-Jayde's right to payment of administrative expenses. | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br>3) Speculation – Fed. R. Evid. 602<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support").<br><br>Here, the Declaration contains pure argument more fitting for a legal brief than a Declaration. The Declaration even contains a citation to itself, suggesting that it was copy-pasted from a legal brief. For this reason alone, the evidentiary objection can |

7
EVIDENTIARY OBJECTIONS TO DECLARATION OF KATHLEEN P. MARCH
4855-1819-7586

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | and should be sustained.<br><br>In any event, the Declaration's legal argument is unavailing for the reasons set forth in Trustee's opposition to the Motion to Continue.<br><br>Furthermore, the Declaration lacks foundation regarding the statement that "If the District Court reverses the Bankruptcy Court orders …." This statement is also speculative and does not derive from Kathleen P. March's personal knowledge as it is not her decision. |
| Pp. 9-10,<br><br>¶ 10, Lns. 25-26, 1-8 | In addition, because the confirmed liquidating plan does not require or allow Bankruptcy Court to rule on money which, post-confirmation, comes into, or goes out of LPG, the only money this Court is assured to have jurisdiction to control is the money that LPG had, at the time the LPG plan was confirmed (confirmed 8/29/24); and 5.7 million dollars of that money should properly be ordered put in a two signature account, as requested in Greyson-Han-Jayde's Objection to final fees being allowed without escrowing 5.7 million dollars, to ensure there is money to pay Greyson-Han-Jayde's administrative expenses, if they win their appeals. | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br>3) Best Evidence Rule – Fed. R. Evid. 1002<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support"). |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | Here, the Declaration contains pure argument more fitting for a legal brief than a Declaration. For this reason alone, the evidentiary objection can and should be sustained.<br><br>The Declaration further references a separate pleading in violation of the Fed. R. Evid. 1002 best evidence rule.<br><br>In any event, the Declaration's legal argument is unavailing for the reasons set forth in Trustee's opposition to the Motion to Continue. |
| Pg. 11, ¶ 10, Lns. 9-18 | Moreover, the reason that Greyson-Han-Jayde's appeal is not completed at present is because Bankruptcy Court sua sponte on some occasions, and at Trustee's requests on other occasions, and over Greyson-Han-Jayde's objections to continuance, repeatedly continued hearing Greyson-Han-Jayde's administrative expense motions—all filed 11/17/23—multiple times, and did not deny those motions until 8/27/24. In light of this, it would be inequitable, and unfair, not to continue the hearing on the final fee applications, from 1/14/25, until after the District Court rules on Greyson-Han-Jayde's appeal to District Court (8:24-CV-02074-FMO). | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br>3) Speculation – Fed. R. Evid. 602<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support"). |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | Further, under Fed. R. Evid. 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."<br><br>Here, the Declaration lacks foundation regarding the argument that the appeal is not completed because of this Court's continuances. This statement is argumentative and pure speculation and should be stricken.<br><br>In any event, the Declaration's legal argument is unavailing for the reasons set forth in Trustee's opposition to the Motion to Continue. |

DATED: January 10, 2025                MARSHACK HAYS WOOD LLP

By: /s/ Bradford N. Barnhardt
D. EDWARD HAYS
AARON E. DE LEEST
BRADFORD N. BARNHARDT
Attorneys for Chapter 11 Trustee and Liquidating Trustee, RICHARD A. MARSHACK

4931-9508-3022, v. 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S EVIDENTIARY OBECTIONS TO DECLARATION OF KATHLEEN P. MARCH IN SUPPORT OF GREYSON-HAN-JAYDE'S MOTION TO CONTINUE ALL THE APPLICATIONS FOR FINAL FEES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 10, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **January 10, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST~~
~~SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 10, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**MONITOR**
Nancy Rapoport
nancy.rapoport@unlv.edu

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 10, 2025 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                     **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **INTERESTED PARTY COURTESY NEF:** Kyra E Andrassy kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC: Eric Bensamochan**   eric@eblawfirm.us, G63723@notify.cincompass.com
   - **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.: Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
   - **INTERESTED PARTY COURTESY NEF: Ethan J Birnberg**   birnberg@portersimon.com, reich@portersimon.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Peter W Bowie**   peter.bowie@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC: Ronald K Brown**   ron@rkbrownlaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Celentino**   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **INTERESTED PARTY COURTESY NEF: Shawn M Christianson**   cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF: Randall Baldwin Clark**   rbc@randallbclark.com
   - **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI: Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
   - **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.: Michael W Davis**   mdavis@dtolaw.com, ygodson@dtolaw.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Aaron E. De Leest   adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
   - **INTERESTED PARTY COURTESY NEF: Anthony Paul Diehl**   anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
   - **INTERESTED PARTY COURTESY NEF: Ashley Dionisio**   adionisio@omniagnt.com
   - **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER : Jenny L Doling**   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
   - **ATTORNEY FOR CREDITOR CAROLYN BEECH: Daniel A Edelman**   dedelman@edcombs.com, courtecl@edcombs.com
   - **INTERESTED PARTY COURTESY NEF: Howard M Ehrenberg**   Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
   - **CREDITOR: Meredith Fahn**   fahn@sbcglobal.net
   - **INTERESTED PARTY COURTESY NEF:** Jeremy Faith   Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
   - **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC: William P Fennell**   william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
   - **INTERESTED PARTY COURTESY NEF: Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
   - **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL: Marc C Forsythe**   mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
   - **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jeremy Freedman**   jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CREDITOR HERRET CREDIT: Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio**    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD: Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC: Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC: Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com; lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC: David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Spencer Keith Gray    spencer.gray@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY: Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION: Brian L Holman**    b.holman@musickpeeler.com
- **INTERESTED PARTY COURTESY NEF: Richard L. Hyde**    rhyde@awglaw.com
- **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION: Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC: Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Veneeta Jaswal    veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sara Johnston**    sara.johnston@dinsmore.com
- **ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS: Sweeney Kelly**    kelly@ksgklaw.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.: Joon M Khang**    joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE: Ira David Kharasch**    ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP: Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC: David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **INTERESTED PARTY COURTESY NEF: Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC: Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC: Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.: Britteny Leyva**    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC: Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC: Michael D Lieberman**    mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP: Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **INTERESTED PARTY AND ATTORNEY: Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH: Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **ATTORNEY FOR CREDITOR DAVID ORR: Mark J Markus**    bklawr@bklaw.com, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **CHAPTER 11 TRUSTEE: Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: William McCormick**    Bill.McCormick@ag.tn.gov
- **ATTORNEY FOR US TRUSTEE: Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC: Glenn D. Moses**    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jamie D Mottola**    Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF: Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **INTERESTED PARTY COURTESY NEF: Victoria Newmark**    vnewmark@pszjlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jacob Newsum-Bothamley**    jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **ATTORNEY FOR US TRUSTEE: Queenie K Ng**    queenie.k.ng@usdoj.gov
- **CREDITOR: Israel Orozco**    israel@iolawcorp.com
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.: Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Michael R Pinkston**    rpinkston@seyfarth.com,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **ATTORNEY FOR DEFENDANT SCOTT JAMES EADIE: Douglas A Plazak**    dplazak@rhlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Tyler Powell**    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING: Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC: Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Vanessa Rodriguez**    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Kevin Alan Rogers**    krogers@wellsmar.com
- **ATTORNEY FOR CREDITOR MARI AGAPE: Gregory M Salvato**    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Olivia Scott**    olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC: Maureen J Shanahan**    Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC: Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC: Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **INTERESTED PARTY COURTESY NEF: Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC: Adam D Stein-Sapir**    info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.: Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): John H. Stephens**    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.: Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew J Stockl    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK: Michael R Totaro**    Ocbkatty@aol.com
- **US TRUSTEE: United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC: William J Wall**    wwall@wall-law.com
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC: Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Reina Zepeda**    rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**