Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Counsel For Official Committee of Unsecured Creditors

FILED & ENTERED

JAN 14 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **ORDER APPROVING STIPULATION BETWEEN THE CHAPTER 11 TRUSTEE, DINSMORE & SHOHL LLP AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE SECOND AND FINAL CHAPTER 11 APPLICATION OF DINSMORE & SHOHL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2024 THROUGH SEPTEMBER 23, 2024** |
| | <u>Hearing</u><br>Date:    January 14, 2025<br>Time:    10:00 a.m.<br>Ctrm:    5C – Via Zoom<br>Place:    411 West Fourth Street<br>            Santa Ana, CA 92701 |

1

166337670.1

The Court, having considered the *Stipulation Between the Chapter 11 Trustee, Dinsmore & Shohl LLP and the Official Committee of Unsecured Creditors Regarding the Second and Final Chapter 11 Application of Dinsmore & Shohl LLP For Compensation and Reimbursement of Expenses for the Period July 1, 2024 Through September 23, 2024* [Docket No. 1999] (the "Stipulation"),[1] and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Stipulation is APPROVED in its entirety.

2. The Holdback Amount is amended from $650,000 to $962,191. The Trustee shall withhold from payment to Dinsmore $962,191.00 of the allowed amount of fees and expenses approved by the Court in its ruling on the Dinsmore Final Application.

3. The Trustee shall not include the Holdback Amount when calculating the cash necessary to fund the Professional Fee Claim Reserve.

4. The Holdback Trigger set forth in the Interim Fee Stipulated Order is amended and modified as follows:

> Dinsmore shall be entitled to payment of the Holdback Amount as follows:
>
> ***First***, Dinsmore shall be entitled to payment of 50% of the Holdback Amount, *i.e.*, $481,095.50, from the Trust upon the Trust's recovery of not less than $3 million in total cash recoveries attributable to settlements, judgments, or other final resolutions of avoidance and other actions prosecuted by Dinsmore (at any time from and after commencement of the Bankruptcy Case without regard to whether such action was commenced before or after the Effective Date) which cash recoveries are received by the Trust on or after the Effective Date (the "Interim Holdback Payment").
>
> ***Second***, Dinsmore shall be entitled to payment of the remaining 50% of the Holdback Amount, *i.e.*, $481,095.50, from the Trust upon the Trust's recovery of not less than $6 million in total cash recoveries attributable to settlements, judgments, or other final resolutions of avoidance actions prosecuted by Dinsmore (at any time from and after commencement of the Bankruptcy Case without regard to whether such action was commenced before or after the Effective Date) which cash recoveries are received by the Trust on or after the Effective Date (the "Final Holdback Payment").
>
> For the avoidance of doubt, recoveries obtained by the Debtor's estate (including recoveries funded to the Professional Fee Reserve) that are subsequently transferred to the Trust shall not be considered in calculating the Holdback Trigger regardless of whether such funds were transferred

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Stipulation.

166337670.1

from the Trustee on behalf of the bankruptcy estate to the Trust pre-Effective Date or post-Effective Date.

5. In the event the Trust does not recover, on or after the Effective Date, $6 million in total cash recoveries attributable to settlements, judgments, or other final resolutions of avoidance actions prosecuted by Dinsmore (at any time from and after commencement of the Bankruptcy Case without regard to whether such action was commenced before or after the Effective Date), then (i) Dinsmore shall disgorge the Interim Holdback Payment to the Trust without further order of the Court, and (ii) Dinsmore shall not be entitled to the Final Holdback Payment and any funds held or segregated by the Trustee or Trust on account thereof shall be transferred to the Trust for distribution to its beneficiaries.

6. The Trustee shall further withhold from payment to Dinsmore $19,767.50 of the allowed amount of fees and expenses approved by the Court in its ruling on the Dinsmore Final Application (the "Fee Reduction") attributable to certain fee entries related to claims addressed in *Marshack v. Bridge Funding Cap LLC, et al.*, Adv. Proc. No. 8:24-ap-01011-SC (the "Adversary Proceeding"). Dinsmore shall not receive payment of the Fee Reduction from the Estate or the Trust. However, Dinsmore may receive payment of the Fee Reduction to the extent its fee request (the "Adversary Fee Request") is authorized and paid in full through an order granting the motion [Adv. Proc. Docket No. 206] filed in the Adversary Proceeding, as may be further amended, supplemented, or modified. To the extent that less than the full amount of the Adversary Fee Request is approved by the Court and paid to the Trust, Dinsmore shall be entitled to receive partial payment of the Fee Reduction only to the extent that authorized and paid funds attributable to the Adversary Fee Request remain after payment in full of the Net Adversary Fee Request.[2]

7. Upon entry of this order approving the Stipulation in its entirety, the Committee shall waive any objection to the Dinsmore Final Application.

/ / /

/ / /

/ / /

---

[2] "Net Adversary Fee Request" shall mean the difference between the Adversary Fee Request and the Fee Reduction.

2

1     8.    The Court shall retain jurisdiction to interpret and implement the provisions of this Order.

# # #

Date: January 14, 2025

Scott C. Clarkson
United States Bankruptcy Judge

3

166337670.1