United States Bankruptcy Court

Central District of California

In re:                                                                                  Case No. 23-10571-SC

The Litigation Practice Group P.C.                                                      Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 1 |
| Date Rcvd: Jan 21, 2025 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**   **Definition**

+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#            Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 23, 2025:**

**Recip ID**              **Recipient Name and Address**
db                 #+   The Litigation Practice Group P.C., 17542 17th St, Suite 100, Tustin, CA 92780-1981

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 23, 2025                        Signature:        /s/Gustava Winters

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 11 Trustee,
Richard A. Marshack

FILED & ENTERED

JAN 21 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

In re

THE LITIGATION PRACTICE GROUP P.C.,

Debtor.

Case No. 8:23-bk-10571-SC

Chapter 11

ORDER DENYING MOTION OF HERRET CREDIT CONSULTANTS, LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE

Hearing
Date:  December 5, 2024
Time:  11:00 a.m.
Ctrm: 5C - ViaZoom

On December 5, 2024, at 11:00 a.m. and, after a short continuance, at 2:00 p.m., the Court conducted a hearing on Motion for Allowance of Administrative Claim Pursuant to 11 U.S.C. § 503, Dk. No. 708 ("Motion"), filed by Herret Credit Consultants, LLC ("Herret").  D. Edward Hays of Marshack Hays Wood LLP appeared on behalf of Chapter 11 Trustee Richard A. Marshack ("Trustee").  Eric R. Gassman appeared on behalf of Herret.  There were no other appearances.

The Court has read and considered the Motion, the Opposition filed by the Trustee, Dk. No. 1929, and the Reply filed by Herret, Dk. No. 1968.  For the reasons stated on the record at the hearing on the Motion, the Court has found good cause to DENY the Motion, without prejudice.

Should Herret choose to file an amended motion for an administrative expense, the deadline for Herret to do so is extended through and including April 30, 2025.

1

Because the Court has granted leave to Herret to file an amended motion, Fed R. Bankr. P. 9014(c) remains applicable, including for purposes of the Trustee and Herret being able to conduct formal discovery.

# # #

Date: January 21, 2025

Scott C. Clarkson
United States Bankruptcy Judge

4917-9922-9702, v. 2

2