YOSINA M. LISSEBECK (201654)
Yosina.Lissebeck@dinsmore.com
VANESSA E. RODRIGUEZ (349425)
Vanessa.Rodriguez@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, California 92101
Tele: (619) 400-0500
Fax: (619) 400-0501

SARA A. JOHNSTON (Ky. Bar 96769 – Admitted pro hac vice)
Sara.Johnston@dinsmore.com
**DINSMORE & SHOHL LLP**
101 West Main Street, Suite 900
Lexington, Kentucky 40507
Tele: (859) 425-1000
Fax: (859) 425-1099

Special Counsel to Richard A. Marshack,
Former Chapter 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group P.C. and
Current Liquidating Trustee of the LPG Liquidation Trust

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>      Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY SABIA FINANCIAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VANESSA E. RODRIGUEZ IN SUPPORT THEREOF; AND EXHIBITS**<br><br>Date:    *No Hearing Required*<br>Time:    *No Hearing Required*<br>Place:   Courtroom 5C<br>         411 W. Fourth Street<br>         Santa Ana, CA 92701<br>Judge:  Hon. Scott C. Clarkson |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, SABIA FINANCIAL, INC., THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, on February 12, 2025, Richard A. Marshack, the former Chapter 11 Trustee for the Bankruptcy Estate (the "Estate") of The Litigation Practice Group P.C. (the "Debtor" or "LPG") and Current Liquidating Trustee of the LPG Liquidation Trust (collectively, "Trustee") in the above-captioned bankruptcy case (the "Case"), filed with the United States Bankruptcy Court, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding, this *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents by Sabia Financial, Inc.* (the "Motion"). The Motion is made pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules") to require the production of documents by Sabia Financial, Inc. ("Sabia"). Specifically, the Trustee seeks an order providing that:

1.      Upon service of a subpoena on Sabia, Sabia shall produce for inspection and copying by the Trustee the documents and things described in **Exhibit 1** to the attached subpoena (the "Documents") **at or before 5:00 p.m. PST on March 5, 2025**, at the offices of Dinsmore & Shohl LLP located at 222 W. Adams Street, Suite 3400, Chicago, IL 60606, or via email to Vanessa.Rodriguez@Dinsmore.com.

2.      The Trustee is authorized to issue subpoenas as necessary to compel such document production.

3.      If Sabia withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, Sabia shall prepare a privilege log in accordance with the "Instructions" in **Exhibit 1** to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Vanessa E. Rodriguez of Dinsmore & Shohl LLP, 222 W. Adams Street, Suite 3400, Chicago, IL 60606, or via email to Vanessa.Rodriguez@Dinsmore.com.) **at or before 5:00 p.m. PST on March 5, 2025**.

4.      Such other and further relief as the Court deems just and proper is granted.

The Motion is made under Rule 2004 and Local Rule 2004-1 on the grounds that the Trustee is investigating the financial activities of the Debtor and related entities. Through its preliminary investigation, the Trustee has identified certain transfers (the "Fraudulent Transfers") from the Debtor(s) to Sabia that appear to be subject to avoidance as fraudulent. The Fraudulent Transfers total at least $125,965.60. Of the Fraudulent Transfers, at least seven of them, amounting to no less than $79,978.71 occurred within the 90-day period prior to March 20, 2023 (the "Preference Period"), the date upon which the Debtor filed its bankruptcy case. These transfers are likely fraudulent transfers and/or preferential transfers which can be avoided by the Trustee and recovered from Sabia pursuant to 11 U.S.C. §§ 544(b), 547(b), 548(a), 550, and 551, in addition to any and all other applicable authority. (Rodriguez Declaration, ¶ 2.)

On or about September 15, 2023, the Trustee wrote a letter to Sabia regarding the Fraudulent Transfers, requesting payment of all amounts transferred to Sabia within the Preference Period ("Preference Letter"). A true and correct copy of the Preference Letter is attached to the Declaration of Vanessa E. Rodriguez ("Rodriguez Declaration") as **Exhibit "A"**. (Rodriguez Declaration, ¶¶ 2, 4; **Exhibit "A"**.)

On or about October 24, 2023, Defendant responded to the Preference Letter ("Response Letter"). In the Response Letter, Sabia asserted the new value defense pursuant to 11 U.S.C. § 547(c)(4) against the Trustee's claims and requested that the Trustee withdraw its intention of commencing an adversary proceeding against it. In addition, Sabia indicated their intent of filing a proof of claim. A true and correct copy of the Response Letter is attached to the Rodriguez Declaration as **Exhibit "B"**. (Rodriguez Declaration, ¶ 5; **Exhibit "B".**)

On or about February 20, 2024, Sabia filed a proof of claim with an identical duplicate claim filed on February 22, 2024, alleging that the Debtor owes Sabia not less than $1,690,419.14 [Claim No. 101403 and the duplicate claim as Claim No. 101850 (collectively, the "Proof of Claim")]. On the Proof of Claim, Sabia stated that the basis for the claim is for the procuring and sale of consumer leads for LPG legal services. (Rodriguez Declaration, ¶ 6.)

On or about May 13, 2024, the Trustee's counsel called Sabia's counsel Alan Nahmias regarding Sabia's business relationship with the Debtor. On that same day, the Trustee's counsel sent an email to

Mr. Nahmias inquiring about Sabia's business operations with the Debtor and why the Debtor bought their own receivables from Sabia. (Rodriguez Declaration, ¶ 7.)

On or about May 21, 2024, one of Sabia's attorney, Jeffrey Meinhardt, emailed the Trustee to schedule a meeting to discuss the questions emailed to Sabia's other attorney Mr. Nahmias on May 13, 2024. The parties agreed to schedule a meeting for May 29, 2024, to discuss Sabia's involvement with the Debtor. (Rodriguez Declaration, ¶ 8.)

On or about May 29, 2024, the parties held a meeting in which they discussed Sabia's involvement with the Debtor. (Rodriguez Declaration, ¶ 9.)

On or about November 5, 2024, Trustee emailed Sabia a confidential settlement communication in the hopes of resolving the matter short of formal litigation. (Rodriguez Declaration, ¶ 10.)

On or about November 11, 2024, Sabia responded to the Trustee's confidential settlement communication and suggested discussing the matter further. (Rodriguez Declaration, ¶ 11.)

On or about November 22, 2024, the Trustee sent Sabia a confidential settlement letter. Rodriguez Declaration, ¶ 6. A true and correct copy of the November 22, 2024, confidential settlement letter is attached to the Rodriguez Declaration as **Exhibit "C"**. (Rodriguez Declaration, ¶ 12; **Exhibit "C".**)

On or about November 27, 2024, Sabia emailed the Trustee requesting to schedule a meeting to discuss the confidential settlement letter. (Rodriguez Declaration, ¶ 13.)

On or about December 2, 2024, the Trustee agreed to schedule a meeting with Sabia on December 4, 2024, to discuss the confidential settlement letter. (Rodriguez Declaration, ¶ 14.)

On or about December 4, 2024, the parties held the Federal Rules of Bankruptcy Procedure Rule ("FRBP") 2004 Meet and Confer in which they discussed the confidential settlement letter. On that same day, the Trustee emailed Sabia confirming that the parties held their 2004 Meet and Confer, stating what documents the Trustee needs Sabia to voluntarily produce pursuant to discussions at the 2004 Meet and Confer, and the deadline to voluntarily produce the requested documents. The Trustee requested that Sabia produce (1) four years of financials including, but not limited to, bank statements, Profit and Loss statements, Rolling 12, any maintained financials, etc.; (2) the last two years of filed Tax Returns; (3) their Operating Agreement and any Amendments thereto that include the names of members, and

Director and Officer insurance policies; and (4) a summary of member payments or distributions during the last four years. The deadline for Sabia to voluntarily produce the requested documents pursuant to the 2004 Meet and Confer was December 16, 2024. (Rodriguez Declaration, ¶ 15.)

December 16, 2024, was the deadline for Sabia to voluntarily produce the requested documents pursuant to the 2004 Meet and Confer, which they failed to produce. (Rodriguez Declaration, ¶ 16.)

On or about December 17, 2024, Sabia emailed the Trustee stating that they need additional time to obtain information from their client. As such, Sabia did not voluntarily produce the requested documents by the December 16, 2024, deadline. (Rodriguez Declaration, ¶ 17.)

On or about December 18, 2024, the Trustee emailed Sabia stating that they did not voluntarily produce the requested documents by the December 16, 2024, deadline. As such, the Trustee would be filing a Motion pursuant to FRBP 2004 to conduct formal discovery. (Rodriguez Declaration, ¶ 18.)

On or about January 9, 2025, the Trustee emailed Sabia again to inquire whether Sabia will be producing the requested documents to avoid needlessly filing an avoidance action or this Motion. (Rodriguez Declaration, ¶ 19.)

On or about January 10, 2025, Sabia emailed the Trustee stating that they would provide the requested documents early the following week due to the fires in Los Angeles causing problems with document production that were not anticipated. (Rodriguez Declaration, ¶ 20.)

On or about January 11, 2025, the Trustee emailed Sabia stating that it would not file this Motion until Tuesday, January 14, 2025, to allow time for Sabia to obtain and produce the requested documents. (Rodriguez Declaration, ¶ 21.)

On or about January 14, 2025, Sabia emailed the Trustee with Sabia's financials for 2022, 2023, and January – November 2024. However, the financials Sabia provided were not bank statements as requested on the December 4, 2024, email to Sabia, such that the Trustee is required to bring forth this Motion to obtain the requested financials from Sabia. (Rodriguez Declaration, ¶ 22.)

As of February 12, 2025, Sabia has not substantively responded to the Trustee's request to produce the requested documentation. (Rodriguez Declaration, ¶ 23.)

Trustee is also in possession of certain Accounts Receivable Purchase Agreements ("ARPA") involving Sabia and Debtor. For example, on November 17, 2022, Sabia (seller) and Debtor (buyer)

executed an ARPA whereby Sabia sold certain of its accounts receivables to Debtor for $118,537.67. Furthermore, on January 6, 2023, Sabia (seller) and Debtor (buyer) executed an ARPA whereby Sabia sold certain of its accounts receivables to Debtor for $366,817.71. Moreover, on February 28, 2023, Sabia (seller) and Debtor (buyer) executed an ARPA whereby Sabia sold certain of its accounts receivables to Debtor for $14,151.35. Execution of the ARPAs is confirmed by the banking transactions in Trustee's possession.

Further information is needed for Trustee to understand the nature and extent of the relationship between Sabia and Debtor to better assess potential claims against Sabia as well as Sabia's defenses. Such information may be found in other agreements, transactions, or communications between Debtor and Sabia. Because the Trustee is not a party to any adversary proceeding or contested matter in which this discovery would be appropriate, the Trustee may not proceed under Rule 7030 or 9014. Therefore, Rule 2004 is the most effective way for the Trustee to proceed.

As set forth in the attached Rodriguez Declaration, pursuant to Local Rule 2004-1(a), the Trustee has diligently attempted to meet and confer with Sabia concerning the proposed Rule 2004 examination and document request. Sabia's address is 444 N. Michigan Avenue, Suite 1200, Chicago, Illinois 60611. The telephone number for Sabia is (855) 722-4234. (Rodriguez Declaration, ¶ 27.)

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Rodriguez Declaration, the attached exhibit(s), and the pleadings and records on file in the Case, of which the Court is requested to take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 2004-1(f):

> The party whose examination is requested may file a motion for protective order if grounds exist under FRBP 7026 and F.R.Civ. P. 26(c). A motion for protective order must be filed and served not less than 14 days before the date of the examination, and set for hearing not less than 2 days before the scheduled examination, unless an order shortening time is granted by the court pursuant to LBR 9075-1.

Any motion for a protective order must be filed with the Court and served on the Trustee, the Court, and the Office of the United States Trustee as follows:

/ / /

/ / /

**For Service on the U.S. Trustee**
Office of the U.S. Trustee
Ronald Reagan Federal Building
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701-8000

**For Service on the Court**
Hon. Scott C. Clarkson
United States Bankruptcy Court
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

**For Service on the Trustee**
Yosina M. Lissebeck, Esq.
Dinsmore & Shohl LLP
655 W. Broadway Suite 800
San Diego, California 92101

**PLEASE TAKE FURTHER NOTICE** that a protective order was entered on June 3, 2024 ("Protective Order"). The docket number for the Protective Order is 1270.

**PLEASE TAKE FURTHER NOTICE** that the Trustee files this Motion without prejudice to his right to seek further examination of or production of documents by Sabia and others under Rule 2004 and Local Rule 2004-1.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant this Motion without a hearing. Moreover, the failure to timely file and serve a motion for a protective order and to timely set it for hearing in accordance with the Local Rules may be regarded by the Court as consent to the Motion and a waiver of any basis for a protective order.

Dated: February 12, 2025

**DINSMORE & SHOHL LLP**

By: */s/ Vanessa E. Rodriguez*
    Yosina M. Lissebeck
    Sara A. Johnston (pro hac vice)
    Vanessa E. Rodriguez
    *Special Counsel to Richard A. Marshack,*
    *Former Chapter 11 Trustee for the Bankruptcy*
    *Estate of The Litigation Practice Group P.C.*
    *and Current Liquidating Trustee of the LPG*
    *Liquidation Trust*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Richard A. Marshack, the former Chapter 11 Trustee for the Bankruptcy Estate (the "Estate") of The Litigation Practice Group P.C. (the "Debtor" or "LPG") and Current Liquidating Trustee of the LPG Liquidation Trust (collectively, "Trustee") in the above-captioned bankruptcy case (the "Case"), submits this Memorandum of Points and Authorities in support of his motion (the "Motion") for an order under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the Central District of California ("Local Rules"), requiring the production by Sabia Financial, Inc. ("Sabia") of the documents ("Documents") described in **Exhibit 1** to the attached subpoena.

### II.    STATEMENT OF FACTS

On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court").

On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58] and, on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. Since his appointment, the Trustee has served in this capacity and has investigated the Debtor's pre-petition business and transactions. Through his preliminary investigation, the Trustee has identified certain transfers (the "Fraudulent Transfers") from the Debtor to Sabia that appear to be subject to avoidance as fraudulent. The Fraudulent Transfers total at least $125,965.60. Of the Fraudulent Transfers, at least seven of them, amounting to no less than $79,978.71 occurred within the 90-day period prior to March 20, 2023 (the "Preference Period"), the date upon which the Debtor filed its bankruptcy case. These transfers are likely fraudulent transfers and/or preferential transfers which can be avoided by the Trustee and recovered from Sabia pursuant to 11 U.S.C. §§ 544(b), 547(b), 548(a), 550, and 551, in addition to any and all other applicable authority.

On or about September 15, 2023, the Trustee wrote a letter to Sabia regarding the Fraudulent Transfers, requesting payment of all amounts transferred to Sabia within the Preference Period ("Preference Letter"). A true and correct copy of the Preference Letter is attached to the Declaration of

Vanessa E. Rodriguez ("Rodriguez Declaration") as **Exhibit "A"**. (Rodriguez Declaration, ¶¶ 2, 4; **Exhibit "A"**.)

On or about October 24, 2023, Defendant responded to the Preference Letter ("Response Letter"). In the Response Letter, Sabia asserted the new value defense pursuant to 11 U.S.C. § 547(c)(4) against the Trustee's claims and requested that the Trustee withdraw its intention of commencing an adversary proceeding against it. In addition, Sabia indicated their intent of filing a proof of claim. A true and correct copy of the Response Letter is attached to the Rodriguez Declaration as **Exhibit "B"**. (Rodriguez Declaration, ¶ 5; **Exhibit "B"**.)

On or about February 20, 2024, Sabia filed a proof of claim with an identical duplicate claim filed on February 22, 2024, alleging that the Debtor owes Sabia not less than $1,690,419.14 [Claim No. 101403 and the duplicate claim as Claim No. 101850 (collectively, the "Proof of Claim")]. On the Proof of Claim, Sabia stated that the basis for the claim is for the procuring and sale of consumer leads for LPG legal services. (Rodriguez Declaration, ¶ 6.)

On or about May 13, 2024, the Trustee's counsel called Sabia's counsel Alan Nahmias regarding Sabia's business relationship with the Debtor. On that same day, the Trustee's counsel sent an email to Mr. Nahmias inquiring about Sabia's business operations with the Debtor and why the Debtor bought their own receivables from Sabia. (Rodriguez Declaration, ¶ 7.)

On or about May 21, 2024, one of Sabia's attorney, Jeffrey Meinhardt, emailed the Trustee to schedule a meeting to discuss the questions emailed to Sabia's other attorney Mr. Nahmias on May 13, 2024. The parties agreed to schedule a meeting for May 29, 2024, to discuss Sabia's involvement with the Debtor. (Rodriguez Declaration, ¶ 8.)

On or about May 29, 2024, the parties held a meeting in which they discussed Sabia's involvement with the Debtor. (Rodriguez Declaration, ¶ 9.)

On or about November 5, 2024, Trustee emailed Sabia a confidential settlement communication in the hopes of resolving the matter short of formal litigation. (Rodriguez Declaration, ¶ 10.)

On or about November 11, 2024, Sabia responded to the Trustee's confidential settlement communication and suggested discussing the matter further. (Rodriguez Declaration, ¶ 11.)

/ / /

On or about November 22, 2024, the Trustee sent Sabia a confidential settlement letter. Rodriguez Declaration, ¶ 6. A true and correct copy of the November 22, 2024, confidential settlement letter is attached to the Rodriguez Declaration as **Exhibit "C"**. (Rodriguez Declaration, ¶ 12; **Exhibit "C".**)

On or about November 27, 2024, Sabia emailed the Trustee requesting to schedule a meeting to discuss the confidential settlement letter. (Rodriguez Declaration, ¶ 13.)

On or about December 2, 2024, the Trustee agreed to schedule a meeting with Sabia on December 4, 2024, to discuss the confidential settlement letter. (Rodriguez Declaration, ¶ 14.)

On or about December 4, 2024, the parties held the Federal Rules of Bankruptcy Procedure Rule ("FRBP") 2004 Meet and Confer in which they discussed the confidential settlement letter. On that same day, the Trustee emailed Sabia confirming that the parties held their 2004 Meet and Confer, stating what documents the Trustee needs Sabia to voluntarily produce pursuant to discussions at the 2004 Meet and Confer, and the deadline to voluntarily produce the requested documents. The Trustee requested that Sabia produce (1) four years of financials including, but not limited to, bank statements, Profit and Loss statements, Rolling 12, any maintained financials, etc.; (2) the last two years of filed Tax Returns; (3) their Operating Agreement and any Amendments thereto that include the names of members, and Director and Officer insurance policies; and (4) a summary of member payments or distributions during the last four years. The deadline for Sabia to voluntarily produce the requested documents pursuant to the 2004 Meet and Confer was December 16, 2024. (Rodriguez Declaration, ¶ 15.)

December 16, 2024, was the deadline for Sabia to voluntarily produce the requested documents pursuant to the 2004 Meet and Confer, which they failed to produce. (Rodriguez Declaration, ¶ 16.)

On or about December 17, 2024, Sabia emailed the Trustee stating that they need additional time to obtain information from their client. As such, Sabia did not voluntarily produce the requested documents by the December 16, 2024, deadline. (Rodriguez Declaration, ¶ 17.)

On or about December 18, 2024, the Trustee emailed Sabia stating that they did not voluntarily produce the requested documents by the December 16, 2024, deadline. As such, the Trustee would be filing a Motion pursuant to FRBP 2004 to conduct formal discovery. (Rodriguez Declaration, ¶ 18.)

On or about January 9, 2025, the Trustee emailed Sabia again to inquire whether Sabia will be producing the requested documents to avoid needlessly filing an avoidance action or this Motion. (Rodriguez Declaration, ¶ 19.)

On or about January 10, 2025, Sabia emailed the Trustee stating that they would provide the requested documents early the following week due to the fires in Los Angeles causing problems with document production that were not anticipated. (Rodriguez Declaration, ¶ 20.)

On or about January 11, 2025, the Trustee emailed Sabia stating that it would not file this Motion until Tuesday, January 14, 2025, to allow time for Sabia to obtain and produce the requested documents. (Rodriguez Declaration, ¶ 21.)

On or about January 14, 2025, Sabia emailed the Trustee with Sabia's financials for 2022, 2023, and January – November 2024. However, the financials Sabia provided were not bank statements as requested on the December 4, 2024, email to Sabia, such that the Trustee is required to bring forth this Motion to obtain the requested financials from Sabia. (Rodriguez Declaration, ¶ 22.)

As of February 12, 2025, Sabia has not substantively responded to the Trustee's request to produce the requested documentation. (Rodriguez Declaration, ¶ 23.)

Trustee is also in possession of certain Accounts Receivable Purchase Agreements ("ARPA") involving Sabia and Debtor. For example, on November 17, 2022, Sabia (seller) and Debtor (buyer) executed an ARPA whereby Sabia sold certain of its accounts receivables to Debtor for $118,537.67. Furthermore, on January 6, 2023, Sabia (seller) and Debtor (buyer) executed an ARPA whereby Sabia sold certain of its accounts receivables to Debtor for $366,817.71. Moreover, on February 28, 2023, Sabia (seller) and Debtor (buyer) executed an ARPA whereby Sabia sold certain of its accounts receivables to Debtor for $14,151.35. Execution of the ARPAs is confirmed by the banking transactions in Trustee's possession.

### III.    RULE 2004 AUTHORIZES PRODUCTION OF DOCUMENTS

Rule 2004(a) provides as follows: "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(b) provides that a Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." Fed. R.

Bankr. P. 2004(b). "[I]t is well-settled that Rule 2004 discovery enjoys a broad scope, regardless of any background state law issues." *Dynamic Finance Corp. v. Kipperman (In re North Plaza)*, 395 B.R. 113, 122 (S.D. Cal. 2008). "The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

## IV.    THE REQUESTED RULE 2004 ORDER SHOULD BE GRANTED

### A.    <u>The Trustee Has Attempted to Confer with Sabia</u>

Pursuant to Local Rule 2004-1(a), Trustee's counsel attempted to meet and confer multiple times without success.

On or about November 5, 2024, Trustee emailed Sabia a confidential settlement communication in the hopes of resolving the matter short of formal litigation. (Rodriguez Declaration, ¶ 10.)

On or about November 11, 2024, Sabia responded to the Trustee's confidential settlement communication and suggested discussing the matter further. (Rodriguez Declaration, ¶ 11.)

On or about November 22, 2024, the Trustee sent Sabia a confidential settlement letter. Rodriguez Declaration, ¶ 6. A true and correct copy of the November 22, 2024, confidential settlement letter is attached to the Rodriguez Declaration as **Exhibit "C"**. (Rodriguez Declaration, ¶ 12; **Exhibit "C"**.)

On or about November 27, 2024, Sabia emailed the Trustee requesting to schedule a meeting to discuss the confidential settlement letter. (Rodriguez Declaration, ¶ 13.)

On or about December 2, 2024, the Trustee agreed to schedule a meeting with Sabia on December 4, 2024, to discuss the confidential settlement letter. (Rodriguez Declaration, ¶ 14.)

On or about December 4, 2024, the parties held the Federal Rules of Bankruptcy Procedure Rule ("FRBP") 2004 Meet and Confer in which they discussed the confidential settlement letter. On that same day, the Trustee emailed Sabia confirming that the parties held their 2004 Meet and Confer, stating what documents the Trustee needs Sabia to voluntarily produce pursuant to discussions at the 2004 Meet and Confer, and the deadline to voluntarily produce the requested documents. The Trustee requested that Sabia produce (1) four years of financials including, but not limited to, bank statements, Profit and Loss statements, Rolling 12, any maintained financials, etc.; (2) the last two years of filed Tax Returns; (3) their Operating Agreement and any Amendments thereto that include the names of members, and

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

1   Director and Officer insurance policies; and (4) a summary of member payments or distributions during

2   the last four years. The deadline for Sabia to voluntarily produce the requested documents pursuant to

3   the 2004 Meet and Confer was December 16, 2024. (Rodriguez Declaration, ¶ 15.)

4          December 16, 2024, was the deadline for Sabia to voluntarily produce the requested documents

5   pursuant to the 2004 Meet and Confer, which they failed to produce. (Rodriguez Declaration, ¶ 16.)

6          On or about December 17, 2024, Sabia emailed the Trustee stating that they need additional time

7   to obtain information from their client. As such, Sabia did not voluntarily produce the requested

8   documents by the December 16, 2024, deadline. (Rodriguez Declaration, ¶ 17.)

9          On or about December 18, 2024, the Trustee emailed Sabia stating that they did not voluntarily

10  produce the requested documents by the December 16, 2024, deadline. As such, the Trustee would be

11  filing a Motion pursuant to FRBP 2004 to conduct formal discovery. (Rodriguez Declaration, ¶ 18.)

12         On or about January 9, 2025, the Trustee emailed Sabia again to inquire whether Sabia will be

13  producing the requested documents to avoid needlessly filing an avoidance action or this Motion.

14  (Rodriguez Declaration, ¶ 19.)

15         On or about January 10, 2025, Sabia emailed the Trustee stating that they would provide the

16  requested documents early the following week due to the fires in Los Angeles causing problems with

17  document production that were not anticipated. (Rodriguez Declaration, ¶ 20.)

18         On or about January 11, 2025, the Trustee emailed Sabia stating that it would not file this Motion

19  until Tuesday, January 14, 2025, to allow time for Sabia to obtain and produce the requested documents.

20  (Rodriguez Declaration, ¶ 21.)

21         On or about January 14, 2025, Sabia emailed the Trustee with Sabia's financials for 2022, 2023,

22  and January – November 2024. However, the financials Sabia provided were not bank statements as

23  requested on the December 4, 2024, email to Sabia, such that the Trustee is required to bring forth this

24  Motion to obtain the requested financials from Sabia. (Rodriguez Declaration, ¶ 22.)

25         As of February 12, 2025, Sabia has not substantively responded to the Trustee's request to

26  produce the requested documentation. (Rodriguez Declaration, ¶ 23.)

27         Unfortunately, to date, Sabia has refused to produce documents as they have not responded to

28  our request to voluntarily produce documents, thereby necessitating this Motion. Thus, the Trustee has

performed his due diligence in attempting to confer and facilitate the production of Sabia documents without resorting to these measures. (Rodriguez Declaration, ¶ 24.)

### B.    No Adversary Proceeding or Contested Matter

The Trustee cannot obtain the information sought by the requested Rule 2004 production of documents and examination under Rule 7030 or 9014 because the Trustee is not a party to any such pending adversary proceeding or contested matter. (Rodriguez Declaration, ¶ 22.)

### C.    Sabia's Contact Information

Sabia's address is 444 N. Michigan Avenue, Suite 1200, Chicago, Illinois 60611. Sabia's agent for service of process is Frank Dal Bello, 444 N. Michigan Avenue, Suite 1200, Chicago, Illinois 60611. (Rodriguez Declaration, ¶ 23.)

### D.    Cause for the 2004 Order

The Trustee is investigating the financial activities of the Debtor and related entities. Through its preliminary investigation, the Trustee has identified certain Fraudulent Transfers from the Debtor to Sabia that appear to be subject to avoidance as fraudulent transfers. Within four years of the Petition Date, the Debtor paid Sabia the sum of at least $125,965.60. These Fraudulent Transfers also occurred within the Preference Period. Specifically, it appears that the Debtor transferred an amount not less than $79,978.71 to Sabia during the Preference Period. It appears that these transfers are fraudulent transfers and/or preferential transfers which can be avoided by the Trustee and recovered from Sabia pursuant to 11 U.S.C. §§ 544(b), 547(b), 548(a), 550, and 551, in addition to any and all other applicable authority.

On or about September 15, 2023, Trustee's counsel wrote a letter to Sabia regarding the Fraudulent Transfers, requesting payment of all amounts transferred to Sabia within the Preference Period. A true and correct copy of the September 15, 2023, letter is attached to the Rodriguez Declaration as **Exhibit "A"**. As of February 12, 2025, Sabia has not substantively responded to this letter. (Rodriguez Declaration, ¶¶ 2, 4; **Exhibit "A"**.)

Information related to the Fraudulent Transfers, including but not limited to information regarding any and all agreements between Sabia and the Debtor(s) is needed to assist the Trustee in fully evaluating Debtor's avoidance actions against Sabia. (Rodriguez Declaration, ¶ 21.)

/ / /

**V.    CONCLUSION**

For the reasons set forth above, the Court is respectfully requested to grant the Motion and enter an order providing that:

1.    Upon service of a subpoena on Sabia, Sabia shall produce for inspection and copying by the Trustee the documents and things described in **Exhibit 1** to the attached subpoena (the "Documents") **at or before 5:00 p.m. PST on March 5, 2025**, at the offices of Dinsmore & Shohl LLP located at 222 W. Adams Street, Suite 3400, Chicago, IL 60606, or via email to Vanessa.Rodriguez@Dinsmore.com.

2.    The Trustee is authorized to issue subpoenas as necessary to compel such document production.

3.    If Sabia withholds any Document(s) on the grounds that such Document(s) are privileged or otherwise protected from discovery, Sabia shall prepare a privilege log in accordance with the "Instructions" in **Exhibit 1** to the attached subpoena and cause it to be delivered to the Trustee's counsel (i.e., Vanessa E. Rodriguez of Dinsmore & Shohl LLP, 222 W. Adams Street, Suite 3400, Chicago, IL 60606, or via email to Vanessa.Rodriguez@Dinsmore.com.) **at or before 5:00 p.m. PST on March 5, 2025**.

4.    Such other and further relief as the Court deems just and proper is granted.

Dated: February 12, 2025         DINSMORE & SHOHL LLP

By: */s/ Vanessa E. Rodriguez*
   Yosina M. Lissebeck
   Sara A. Johnston (pro hac vice)
   Vanessa E. Rodriguez
   *Special Counsel to Richard A. Marshack,*
   *Former Chapter 11 Trustee for the  Bankruptcy*
   *Estate of The Litigation Practice Group P.C.*
   *and Current Liquidating Trustee of the LPG*
   *Liquidation Trust*

## DECLARATION OF VANESSA E. RODRIGUEZ

I, Vanessa E. Rodriguez, declare as follows:

1.      I am an associate at Dinsmore & Shohl LLP ("Dinsmore"), counsel to Richard A. Marshack, the former Chapter 11 Trustee for the Bankruptcy Estate (the "Estate") of The Litigation Practice Group P.C. (the "Debtor" or "LPG") and Current Liquidating Trustee of the LPG Liquidation Trust (collectively, "Trustee") in the above-captioned bankruptcy case (the "Case"). I am one of the attorneys at Dinsmore with responsibility for representation of the Trustee. Unless expressly stated otherwise, I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      The Court may take judicial notice of the following:

a.      On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Central District of California (the "Court").

b.      Richard A. Marshack is the former Chapter 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group P.C. and Current Liquidating Trustee of the LPG Liquidation Trust in this Case, and he continues to serve in this capacity at this time.

I am assisting the Trustee in obtaining the records necessary for him to understand and investigate the pre-petition financial affairs of the Debtor. I am also assisting the Trustee in pursuing certain avoidance actions on behalf of the estate. I understand that the Trustee has identified certain transfers from the Debtor(s) to Sabia that appear to be subject to avoidance as fraudulent transfers. Within four years of the Petition Date, the Debtor paid Sabia the sum of at least $125,965.60. These Fraudulent Transfers also occurred within the 90-day period prior to March 20, 2023 (the "Preference Period"), the date upon which the Debtor filed its bankruptcy case. Specifically, it appears that the Debtor transferred an amount not less than $79,978.71 to Sabia during the Preference Period. It appears that these transfers are fraudulent transfers and/or preferential transfers which can be avoided by the Trustee and recovered from Sabia pursuant to 11 U.S.C. §§ 544(b), 547(b), 548(a), 550, and 551, in addition to any and all other applicable authority. I also understand that on or about September 15, 2023, Trustee's counsel wrote a letter to Sabia regarding the Fraudulent Transfers, requesting payment of all

amounts transferred to Sabia within the Preference Period. As of February 12, 2025, Sabia has not substantively responded to this letter.

3.      Pursuant to Local Rule 2004-1(a), I meet and conferred with opposing counsel on December 4, 2024.

4.      On or about September 15, 2023, the Trustee's counsel, Tyler Powell, wrote a letter to Sabia regarding the Fraudulent Transfers, requesting payment of all amounts transferred to Sabia within the Preference Period ("Preference Letter"). A true and correct copy of the Preference Letter is attached hereto as **Exhibit "A"**.

5.      On or about October 24, 2023, Defendant responded to the Preference Letter ("Response Letter"). In the Response Letter, Sabia asserted the new value defense pursuant to 11 U.S.C. § 547(c)(4) against the Trustee's claims and requested that the Trustee withdraw its intention of commencing an adversary proceeding against it. In addition, Sabia indicated their intent of filing a proof of claim. A true and correct copy of the Response Letter is attached hereto as **Exhibit "B"**.

6.      On or about February 20, 2024, Sabia filed a proof of claim with an identical duplicate claim filed on February 22, 2024, alleging that the Debtor owes Sabia not less than $1,690,419.14 [Claim No. 101403 and the duplicate claim as Claim No. 101850 (collectively, the "Proof of Claim")]. On the Proof of Claim, Sabia stated that the basis for the claim is for the procuring and sale of consumer leads for LPG legal services.

7.      On or about May 13, 2024, I called Sabia's counsel Alan Nahmias regarding Sabia's business relationship with the Debtor. On that same day, I sent an email to Mr. Nahmias inquiring about Sabia's business operations with the Debtor and why the Debtor bought their own receivables from Sabia.

8.      On or about May 21, 2024, one of Sabia's attorneys, Jeffrey Meinhardt, emailed me to schedule a meeting to discuss the questions emailed to Sabia's other attorney Mr. Nahmias on May 13, 2024. We agreed to schedule a meeting for May 29, 2024, to discuss Sabia's involvement with the Debtor.

9.      On or about May 29, 2024, the parties held a meeting in which we discussed Sabia's involvement with the Debtor.

10. On or about November 5, 2024, I emailed Sabia a confidential settlement communication in the hopes of resolving the matter short of formal litigation.

11. On or about November 11, 2024, Sabia responded to my confidential settlement communication and suggested discussing the matter further.

12. On or about November 22, 2024, I sent Sabia a confidential settlement letter. A true and correct copy of the November 22, 2024, confidential settlement letter is attached hereto as **Exhibit "C"**.

13. On or about November 27, 2024, Sabia emailed me requesting to schedule a meeting to discuss the confidential settlement letter.

14. On or about December 2, 2024, I agreed to schedule a meeting with Sabia on December 4, 2024, to discuss the confidential settlement letter.

15. On or about December 4, 2024, the parties held the Federal Rules of Bankruptcy Procedure Rule ("FRBP") 2004 Meet and Confer in which we discussed the confidential settlement letter. On that same day, I emailed Sabia confirming that the parties held their 2004 Meet and Confer, stating what documents I need Sabia to voluntarily produce pursuant to discussions at the 2004 Meet and Confer, and the deadline to voluntarily produce the requested documents. I requested that Sabia produce (1) four years of financials including, but not limited to, bank statements, Profit and Loss statements, Rolling 12, any maintained financials, etc.; (2) the last two years of filed Tax Returns; (3) their Operating Agreement and any Amendments thereto that include the names of members, and Director and Officer insurance policies; and (4) a summary of member payments or distributions during the last four years. The deadline for Sabia to voluntarily produce the requested documents pursuant to the 2004 Meet and Confer was December 16, 2024.

16. December 16, 2024, was the deadline for Sabia to voluntarily produce the requested documents pursuant to the 2004 Meet and Confer, which Sabia failed to produce.

17. On or about December 17, 2024, Sabia emailed me stating that they need additional time to obtain information from their client. As such, Sabia did not voluntarily produce the requested documents by the December 16, 2024, deadline.

/ / /

/ / /

18.     On or about December 18, 2024, I emailed Sabia stating that they did not voluntarily produce the requested documents by the December 16, 2024, deadline. As such, I would be filing a Motion pursuant to FRBP 2004 to conduct formal discovery.

19.     On or about January 9, 2025, one of the Trustee's Attorneys, Sara Johnston, emailed Sabia again to inquire whether it will be producing the requested documents to avoid needlessly filing an avoidance action or this Motion.

20.     On or about January 10, 2025, Sabia emailed Mrs. Johnston and myself stating that they would provide the requested documents early the following week due to the fires in Los Angeles causing problems with document production that were not anticipated.

21.     On or about January 11, 2025, Mrs. Johnston, emailed Sabia stating that the Trustee would not file this Motion until Tuesday, January 14, 2025, to allow time for Sabia to obtain and produce the requested documents.

22.     On or about January 14, 2025, Sabia emailed Mrs. Johnston and myself Sabia's financials for 2022, 2023, and January – November 2024. However, the financials Sabia provided were not bank statements as requested on the December 4, 2024, email to Sabia, such that the Trustee is required to bring forth this Motion to obtain the requested financials from Sabia.

23.     As of February 12, 2025, Sabia has not substantively responded to my request to produce the requested documentation.

24.     Unfortunately, to date, Sabia has refused to produce documents as they have not responded to my request to voluntarily produce documents, thereby necessitating this Motion.

25.     I believe that information related to the Fraudulent Transfers, including but not limited to information regarding any and all agreements between Sabia and the Debtor is needed to assist the Trustee in fully evaluating Debtor's avoidance actions against Sabia. The documents requested by the Trustee are identified in Exhibit 1 to the subpoena attached hereto.

26.     To the best of my knowledge, information, and belief, the Trustee is not a party to any adversary proceeding or contested matter in which the discovery sought by the attached Rule 2004 motion would be relevant.

/ / /

1       27.     Based on internet searches that I performed on the website of the Illinois Secretary of

State, the address for Sabia is 444 N. Michigan Avenue, Suite 1200, Chicago, Illinois 60611 and Sabia's

agent for service of process is Frank Dal Bello, 444 N. Michigan Avenue, Suite 1200, Chicago, Illinois

60611.

      I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated: February 12, 2025                  */s/ Vanessa E. Rodriguez*
                                       Vanessa E. Rodriguez

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

# EXHIBIT "A"



*Legal Counsel.*

**DINSMORE & SHOHL** LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507
www.dinsmore.com

Tyler Powell
(859) 425-1046 (direct) ^ (859) 425-1099 (fax)
Tyler.powell@dinsmore.com

September 15, 2023

**CONFIDENTIAL SETTLEMENT COMMUNICATION**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408**

Sabia Financial, Inc.
444 N Michigan Ave, Suite 1200
Chicago, IL 60611
trey.barnhart@sabiafi.com
Chad.Rothrock@sabiafi.com

    Re:    In re: The Litigation Practice Group, P.C.
             U.S. Bankruptcy Court, Central District of California, Case No. 8:23-bk-10571

Dear Sir/Madam:

    This firm represents Richard A. Marshack, solely in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of The Litigation Practice Group, P.C. ("Debtor") in the above-referenced bankruptcy case. Pursuant to 11 U.S.C. § 1107 and his appointment as Trustee, the Trustee has the obligation to investigate and pursue claims, including avoidance actions.



If we have not received any reply to this letter by September 28, 2023, we will proceed to pursue recovery of the preferential transfers by filing suit against you in the bankruptcy court.  The Trustee also reserves all rights to bring additional claims against you as the investigation into your relationship with the Debtor continues and/or after discovery begins once a suit is filed.

Of course, we would be happy to discuss this matter with you or your counsel.

Very truly yours,

DINSMORE & SHOHL LLP

Tyler Powell, Partner of Counsel

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████

_____

**BY**: _____

**TITLE**: _____

**DATE**: _____

*Enclosure*

**The Litigation Practice Group, P.C. Preference Transfer Schedule**

| Vendor Name | Payment Date | Payment Amount |
|---|---|---|
| Sabia Financial, Inc. | 1/24/2023 | $12,703.44 |
| Sabia Financial, Inc. | 1/10/2023 | $9,347.55 |
| Sabia Financial, Inc. | 12/30/2022 | $13,883.95 |
| Sabia Financial, Inc. | 12/28/2022 | $8,100.40 |
| | | **Total: $ 44,035.34** |

# EXHIBIT "B"

# MIRMAN
# BUBMAN
# NAHMIAS

Alan I. Nahmias, Esq.
anahmias@mbn.law

In Reply Refer to
7468.000

October 24, 2023

**VIA EMAIL – Tyler.powell@dinsmore.com**

Tyler Powell, Esq.
Dinsmore & Shohl, LLP
102 South 200 East, Suite 900
Lexington, Kentucky 40507

Re:     In re The Litigation Practice Group, P.C.
        Bankruptcy Case No. 8:23-bk-10571
        **Settlement Discussions – Federal Rule of Evidence 408**

Dear Tyler:

        This office represents Sabia Financial, Inc. ("Sabia") in connection with the demand letter sent by you dated September 15, 2023, as counsel to Chapter 11 Trustee, Richard A. Marshack for the Bankruptcy Estate of The Litigation Practice Group, P.C, ("Debtor") seeking the return of alleged preferential transfers totaling $44,035.34. Thank you for providing the additional time requested for Sabia to gather its relevant records and provide this office with the same for analysis.

October 24, 2023
Page 2



    Should you want to discuss any aspect of this correspondence or the backup provided, please contact the undersigned at your earliest convenience.

Very truly yours,

MIRMAN, BUBMAN & NAHMIAS, LLP

ALAN I. NAHMIAS

AIN/jd
cc:    Sabia Financial, Inc.

{00792637}

# EXHIBIT "C"






DINSMORE & SHOHL LLP
655 West Broadway
San Diego, California 92101
www.dinsmore.com

Vanessa E. Rodriguez
(619) 400-0500
Vanessa.Rodriguez@Dinsmore.com

November 22, 2024

**CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FEDERAL RULES OF EVIDENCE RULE 408**

**VIA EMAIL**

Jeffrey A. Meinhardt, Esq.
SILVER & ARSHT
1860 Bridgegate Street, Suite 100
Westlake Village, CA 91361
jmeinhardt@silverandarsht.com

**RE:    Sabia Financial, Inc., an Illinois corporation
In re The Litigation Practice Group P.C. | Case No. 8:23-bk-10571-SC
U.S. Bankruptcy Court, Central District of California**

Dear Mr. Meinhardt:

    We acknowledge receipt of Mr. Nahmias' response letter dated October 24, 2023, in which

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████

██████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████

██████████████████████████████████████████████
███████████████████████████████████████████████████
███████



2

3



Please provide responses to the questions above by **November 27, 2024**. Furthermore, we would like to schedule a meet and confer pursuant to FRBP Rule 2004 and LBR Rule 2004-1(a) for **November 27, 2024**. Please let us know what time works best for you.

Although we remain hopeful that a resolution can be reached without the need for costly litigation, if an informal settlement cannot be achieved promptly, we are prepared to proceed with filing a complaint. Please be advised that, should we pursue litigation, we will seek the full demand amount owed by your client, along with punitive damages and pre- and post-judgment interest.

Sincerely,

Vanessa E. Rodriguez

4

**SUBPOENA**

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of _____ California

In re  The Litigation Practice Group, P.C. _____

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 8:23-bk-10571-SC_____

Chapter 11_____

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Sabia Financial, Inc.; 444 N. Michigan Avenue, Suite 1200, Chicago, Illinois 60611

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Dinsmore & Shohl LLP - 222 W. Adams Street, Suite 3400, Chicago, IL 60606 | March 5, 2025 5:00 p.m. PST |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          /s/ Vanessa E. Rodriguez____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                              Vanessa E. Rodriguez

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard A. Marshack, Former Ch. 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group P.C. and Current Liquidating Trustee of the LPG Liquidation Trust, who issues or requests this subpoena, are:

Vanessa Rodriguez, 655 W. Broadway, Suite 800, San Diego, CA 92101; 619-400-0500; Vanessa.Rodriguez@Dinsmore.com.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $ _____for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
             *Server's signature*

_____
             *Printed name and title*

_____
             *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1**

**To Subpoena for Production of Documents to Sabia Financial, Inc.**

**INSTRUCTIONS**

1.    In responding to this subpoena, furnish all documents in your possession, custody, or control at the time of production, including documents in the possession, custody, or control of your agents, representatives, and assigns.

2.    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, please state the following:

A.    The date(s) the document was created, sent, and received;

B.    The name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said document;

C.    A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes);

D.    The location of the document;

E.    The custodian of the document; and

F.    Each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

3.    Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced. That portion of the document for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

4.    Each document requested herein is requested to be produced in its entirety without deletion or excision (except as qualified by Instruction 3 above) regardless of whether you consider the entire document to be relevant or responsive to these requests.

/ / /

/ / /

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

5.    If any of these documents cannot be produced in full, then produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

6.    The documents produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production. Documents are to be produced in the boxes, file folders, binders, or other containers in which the documents are found.  The title, labels, or other descriptions of the boxes, file folders, binders, or other containers are to be left intact.

7.    A search for responsive documents includes all Electronically Stored Information, including responsive emails and other documents found in the Responding Party's personal and/or business account(s).

8.    The documents must be produced **at or before 5:00 p.m. PST on March 5, 2025** at the offices of Dinsmore & Shohl LLP located at 222 W. Adams Street, Suite 3400, Chicago, IL 60606, c/o Vanessa E. Rodriguez, or via email to Vanessa.Rodriguez@Dinsmore.com.

### DEFINITIONS

For purposes of this REQUEST FOR PRODUCTION, the following definitions apply:

9.    As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

10.    As used herein, the term "any" includes the word "all," and vice versa; the singular includes the plural, and vice versa; and the past includes the present, and vice versa.

11.    As used herein, the term "ALL DOCUMENTS" means and refers to each and every DOCUMENT known to YOU, and every such DOCUMENT which can be located or discovered by reasonably diligent efforts exclusive of those covered by the attorney-client privilege, work product doctrine or any other applicable privilege.

12.    As used herein, "YOU", or "YOUR" means and refers to Sabia Financial, Inc., an Illinois corporation, and all agents, attorneys, consultants, directors, employees, insurers, investigators, managers, members, officers, owners, principals, representatives, shareholders, subsidiaries, and any other PERSON acting or purporting to act on its behalf.

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

13.    As used herein, the term "LPG" means and refers to The Litigation Practice Group PC, a California professional corporation (**EIN 833885343**), and all agents, attorneys, beneficiaries, consultants, directors, employees, grantors, insurers, investigators, managers, members, officers, owners, principals, representatives, shareholders, subsidiaries, trustees, trustors, settlors, and any other PERSON acting or purporting to act on its behalf.

14.    As used herein, the terms "DOCUMENT" and/or "DOCUMENTS" mean and refer to any and all documents, tangible things and/or property, of any kind, and all writings or recordings, as described in Rule 1001(1) of the Federal Rules of Evidence, including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and including without limitation transaction documents, communications, e-mails, inquiries, discussions, conversations, negotiations, agreements, understanding, meetings, conferences, interviews, cards, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, telefax, cables, or other forms of interpersonal disclosure, whether oral or written, however transmitted, minutes, lists, agenda, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter office and intra office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, computer printouts, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications, changes and amendments of any of the foregoing, graphical or aural records or representations of any kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes, computer cards, computer programs, computer software, computer readable media, machine sensible media, electronically stored media, and any other form of stored information.

15.    As used herein, the term "PERSON" means and refer to any natural person, corporation, company, partnership, association, firm, business, trust, or any other legal or fictitious entity.

16.    As used herein, the term "RELATING TO" means and refers to, without limitation, bearing a subject matter relationship to, embodying, discussing, constituting evidence of, bearing a

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

1  relationship to (in whole or in part), pertaining, or otherwise reflecting, describing, or setting forth the

2  subject matter to which reference is made.

3        17.    As used herein, the term "COVERED ENTITIES OR INDIVIDUALS" means and refers

4  to:

5       **A. Han Ngoc Trinh**

6         Address: 2128 West Cherry Drive, Orange, California 92868

7       **B. BAT Inc. d/b/a Coast Processing:**

8         CA Secretary of State Filing Number: 4277654

9         EIN: 82-3967686

10        Address(es):   (i)  20101 SW Cypress Street, Newport Beach CA 92660 (last known);

11                 (ii) 1278 Glenneyre Street, Suite 140, Laguna Beach, CA 92651

12                 (iii) 1351 Calle Avanzado, Ste 2, San Clemente, CA 92673

13      **C. Greyson Law Center, PC**

14        CA Secretary of State Filing Number(s): (a) 5714736 (active); (b) 5561924

15        (terminated)

16        EIN: 92-2834845

17        Address(es):   (i)  3345 Michelson Dr. Ste. 400 Irvine CA 92612 (last known);

18                 (ii)  440 N. Barranca Ave. #1331 Covina, CA 91723

19      **D. Greyson Law, PC (name variant, see #C above)**

20      **E. Prime Logix**

21        CA Secretary of State Filing Number: 3719398

22        EIN: 88-2367120

23        Wyoming Secretary of State Filing Number: 2022-001115347

24        Address(es):   (i)  21900 S. Alameda Street, Long Beach, CA 90810

25      **F. Vulcan Consulting Group, LLC**

26        CA Secretary of State Filing Number: 201935310487

27        EIN: 84-4067431

28        Address(es):   (i)  1278 Glenneyre Street, Laguna Beach, CA 92651

**G.  Maverick Management Group LLC**

Wyoming Secretary of State Filing Number: 2023-001206677

EIN: 87-1090485

Address(es):   (i)  1220 Ensenada Avenue, Laguna Beach, California 92651

**H.  Rosa Bianca Loli aka Bianca Loli**

Address(es):   (i)   1220 Ensenada Avenue, Laguna Beach, California 92651 (last known);

**I.  Guardian Processing, LLC**

19200 Von Karman Avenue, Floors 4 - 6, Irvine, California 92612

CA Secretary of State Filing Number: 202355310457

Wyoming Secretary of State Filing Number: 2022-001195286

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Any and ALL DOCUMENTS RELATING TO YOUR business relationship with LPG and/or the COVERED ENTITIES OR INDIVIDUALS, any and all agreements entered into between LPG and/or the COVERED ENTITIES OR INDIVIDUALS and YOU, and any and all transactions between LPG and/or the COVERED ENTITIES OR INDIVIDUALS and YOU.

**REQUEST FOR PRODUCTION NO. 2:**  Any and all ledgers of reflecting payments made by LPG and/or the COVERED ENTITIES OR INDIVIDUALS to YOU, including the dates that the payments were made and the amounts of the payments.

**REQUEST FOR PRODUCTION NO. 3:**  Any and ALL DOCUMENTS showing the source of funds, including bank account, wire, or other related information, from LPG and/or the COVERED ENTITIES OR INDIVIDUALS to YOU.

**REQUEST FOR PRODUCTION NO. 4:**  Any and all copies of agreements executed between YOU and LPG and/or the COVERED ENTITIES OR INDIVIDUALS.

**REQUEST FOR PRODUCTION NO. 5:**  Any and ALL DOCUMENTS evidencing payment history between YOU and LPG and/or the COVERED ENTITIES OR INDIVIDUALS.

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

**REQUEST FOR PRODUCTION NO. 6:**  Any and ALL DOCUMENTS in YOUR possession or control RELATING TO the business relationship between YOU and LPG and/or the COVERED ENTITIES OR INDIVIDUALS.

**REQUEST FOR PRODUCTION NO. 7:**  Any and all of YOUR financial DOCUMENTS, including but not limited to, four years of bank statements, Profit and Loss statements, Rolling 12, any maintained financials, and the last two years of filed Tax Returns.

**REQUEST FOR PRODUCTION NO. 8:**  YOUR Operating Agreement and any Amendments thereto that include the names of the members and Director and Officer insurance policies.

**REQUEST FOR PRODUCTION NO. 9:**  Any and all summaries of member payments or distributions during the last four years.

NOTICE OF MOTION AND MOTION PURSUANT TO F.R.B.P. 2004

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 AND L.B.R. 2004-1 FOR AN ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY SABIA FINANCIAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VANESSA E. RODRIGUEZ IN SUPPORT THEREOF; AND EXHIBITS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 12, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**\*\* SEE ATTACHED SERVICE LIST.**

$\boxtimes$  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

$\square$  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 12, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

$\square$  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 12, 2025 | Katherine T. Hemphill | /s/ *Katherine T. Hemphill* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, kdwyer@portersimon.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Special Counsel Dinsmore & Shohl LLP
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Aaron E. De Leest on behalf of Trustee Richard A Marshack (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Colbalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P. Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@f
ennelllaw.com;Brendan.Bargmann@fennelllaw.com;Fennell.WilliamP.B143386@notify.bestcase.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Yisrael Gelb on behalf of Defendant Bridge Funding Cap, LLC
yisrael@gelblawapc.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC

rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgqllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgqllp@ecf.courtdrive.com

Spencer Keith Gray on behalf of Plaintiff Richard A Marshack
spencer.gray@dinsmore.com, wendy.yones@dinsmore.com

Spencer Keith Gray on behalf of Trustee Richard A Marshack (TR)
spencer.gray@dinsmore.com, wendy.yones@dinsmore.com

Stella A Havkin on behalf of Defendant Bridge Funding Cap, LLC
stella@havkinandshrago.com, shavkinesq@gmail.com

D Edward Hays on behalf of Attorney Marshack Hays LLP
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF
rhyde@awglaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Veneeta Jaswal on behalf of Plaintiff Richard A Marshack
veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Consumer Legal Group, P.C.
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Liberty Acquisitions Group Inc.
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Creditor Committee Post-Confirmation Oversight Committee
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Other Professional Post-Confirmation Oversight Committee, as Successor in Interest to the Official
Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Plaintiff Richard A. Marshack
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

David S Kupetz on behalf of Interested Party Courtesy NEF
david.kupetz@troutman.com, mylene.ruiz@troutman.com

David S Kupetz on behalf of Interested Party Marich Bein LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Special Counsel Dinsmore & Shohl LLP
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Mitchell B Ludwig on behalf of Defendant Bridge Funding Cap, LLC
mbl@kpclegal.com, kad@kpclegal.com

Charity J Manee on behalf of Defendant Clear Vision Financial LLC
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Interested Party Goe Forsythe & Hodges LLP
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Interested Party The Bankruptcy Law Firm, P.C.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Mark J Markus on behalf of Creditor David Orr
, markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

Tony May on behalf of Defendant Matthew Lovelady
tmay@maybrocklaw.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com, cascavone@venable.com;jpmalcolm@venable.com;jmalcolm@ecf.courtdrive.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party Consumer Legal Group, P.C.
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party Liberty Acquisitions Group Inc.
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack

jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Jacob Newsum-Bothamley on behalf of Trustee Richard A Marshack (TR)
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Creditor Committee Post-Confirmation Oversight Committee
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Intervenor OFFICIAL COMMITTEE OF UNSECURED CREDITORS
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Plaintiff Richard A. Marshack
kowens@foxrothschild.com, khoang@foxrothschild.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Counter-Defendant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Vincent Renda on behalf of Creditor Unified Global Research Group, Inc
vr@pinlegal.com, ld@pinlegal.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, katherine.hemphill@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, katherine.hemphill@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Jeffrey S Shinbrot on behalf of Interested Party Brandon Turner
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com

Jeffrey M Singletary on behalf of Plaintiff Alteryx, Inc.
jsingletary@swlaw.com, rmckay@swlaw.com

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A. Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack

john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

Matthew J Stockl on behalf of Trustee Richard A Marshack (TR)
matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com

Brett N Taylor on behalf of Defendant Debt Resolution Direct, LLC
btaylor@cozen.com, arincon@cozen.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com