D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.  8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. No. |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>ANNA RODEN, an individual and DOES 1 through 20, inclusive,<br><br>Defendant. | COMPLAINT FOR:<br><br>(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. §§ 549, 550, AND 551]; AND<br><br>(2) DISALLOWANCE OF CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)]<br><br>[STATUS CONFERENCE TO BE SET BY COURT] |

1

COMPLAINT

4926-2523-7024,v.2

Richard A. Marshack, solely in his capacity as Trustee of the LPG Liquidation Trust, files this complaint against Anna Roden, an individual ("Defendant") and Does 1 through 20, inclusive, (collectively, "Doe Defendants"), and alleges as follows:

## Statement of the Case

1. A bankruptcy trustee can avoid a debtor's unauthorized post-petition transfers of property. In this case, Trustee alleges that Debtor's insiders ("LPG Insiders") established one or more entities, including Prime Logix LLC ("Sham Entity"). The LPG Insiders then caused monies paid to and belonging to Debtor to be deposited in one or more accounts nominally titled in the name of Sham Entity. Such funds were not "transferred," as that term is defined in 11 U.S.C. § 101(54), to Sham Entity. Instead, the beneficial and equitable ownership of the funds always remained Debtor's property. The LPG Insiders took these actions to keep Debtor's cash outside the reach of creditors. At least $21,251.67 of such funds belonging to Debtor were then transferred post-petition to Defendant. The funds transferred post-petition to Defendant from the accounts nominally titled with Sham Entity are collectively referred to as the "Transfers." Trustee alleges that some or all of the Transfers were then subsequently transferred by Defendant to one or more of the Doe Defendants. The Transfers were not authorized by the Court.

2. Under these facts, the Trustee can avoid the Transfers and recover from Defendant as the "initial" transferee of such transfers and/or from Doe Defendants as "subsequent" transferees who did not take in good faith, for value, and without knowledge of the avoidability of such transfers. The Trustee alleges that neither the Defendant nor any of the Doe Defendants received the Transfers in good faith, for value, and without knowledge of their avoidability.

## Statement of Jurisdiction and Venue

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *In re The Litigation Practice Group, P.C.*, Bankruptcy Case Number 8:23-bk-10571-SC.

4. Plaintiff has standing to bring this adversary proceeding pursuant to Provision V.E. of the Modified First Amended Joint Chapter 11 Plan of Liquidation, confirmed by the Court on

September 9, 2024, as Dk. No. 1646. The Plan provides that the Estate's litigation claims, including avoidance claims, were transferred to the LPG Liquidating Trust. Plaintiff brings these claims on behalf of the Trust.

5. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O), and this Court has Constitutional authority to enter a final judgment on these claims. To the extent any claim for relief contained herein is determined not to be a non-core proceeding or a *Stern*-claim, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

6. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

**Parties**

7. The Litigation Practice Group P.C. (previously defined as "Debtor") is a corporation organized under the laws of the State of California, that had its principal place of business in Tustin, California. During all relevant times prior to bankruptcy, Daniel S. March ("Mr. March") was the Chief Executive Officer of Debtor.

8. On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

9. Richard A. Marshack (previously defined as "Trustee" or "Plaintiff") was the duly-appointed, qualified, and acting Chapter 11 Trustee for the Debtor's bankruptcy estate ("Estate"). Pursuant to the confirmed Plan, the Trustee now serves as Trustee of the LPG Liquidation Trust, which now owns all of the litigation claims, including the Estate's avoidance actions.

10. Plaintiff alleges that, at all relevant times, Defendant was an individual residing in the State of Minnesota. Defendant's address is 15650 Galaxie Ave, Apt 2206, Saint Paul, MN 55124.

11. Plaintiff is ignorant of the true names and capacities of the Doe Defendants and, therefore, sues said defendants under such fictitious names. Plaintiff will amend this Complaint to

1 reflect the true names and capacities of such defendant(s) when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named individuals and/or entities are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiff's damages by their conduct. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named defendants may constitute individuals, unknown trusts, partnerships, related entities, owners, principals, shareholders, insiders, alter egos, co-conspirators, and aiders and abettors that: (a) received transfers from Debtor and/or Sham Entity as an initial, immediate, or mediate transferee; (b) received transfers from Defendant as a mediate transferee; (c) directed or controlled Defendant's conduct and, as such, were responsible in some manner for the occurrences alleged herein; and/or (c) were used to shield Debtor's assets from collection, levy or execution, and to otherwise, hinder, delay and defraud the Debtor and its creditors.

## General Allegations

### A.    The Bankruptcy Case

12.    Pre-petition, Debtor was a law firm that provided consumer debt resolution services to more than 50,000 clients nationwide.

13.    Tony Diab ("Mr. Diab") owned, operated, dominated and controlled Debtor.

14.    On May 8, 2023, Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case. To the extent that Trustee was not appointed until after any of the events alleged in this Complaint, the allegations are based on information and belief. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017); *Miller v. City of Los Angeles*, 2014 U.S. Dist. LEXIS 198871, at *5 (C.D. Cal. Aug. 7, 2014); *Mireskandari v. Daily Mail and General Trust PLC*, 2013 U.S. Dist. LEXIS 194437, at *4 (C.D. Cal. July 31, 2013).

### B.    Fraudulent Entities

15.    To keep Debtor's interests in property outside the reach of creditors, including funds paid by Debtor's clients pursuant to their written Legal Services Agreements with Debtor, the LPG Insiders created one or more sham entities to receive and hold Debtor's property.

/ / /

/ / /

16.     The Debtor's primary assets were its rights to receive monthly ACH payments from its consumer clients. In the full year prior to bankruptcy, Debtor's Statements of Financial Affairs evidence that it received revenues totaling approximately $155 million.

17.     Under applicable state and federal laws, ACH pulls from a consumer's bank account can occur until the party initiating the payments obtains the consumer's express written consent.

18.     With respect to the alleged Transfers, the consumer clients only consented to the Debtor initiating the payments from their accounts.

19.     With respect to the alleged Transfers, the funds were derived from consumer clients that never consented to any law firm other than the Debtor representing them.

20.     At all times, the Transfers constituted transfers of interests of the Debtor in property as that term is defined in 11 U.S.C. § 101(54).[1]

## C.     The Subject Transfers

21.     Post-petition transfers of interests of the Debtor in property were made to Defendant and/or the Doe Defendants (previously defined as the "Transfers"). The full extent of the Transfers will be proven at trial, but are in an amount not less than $21,251.67 as set forth in the chart attached as **Exhibit "1."**

22.     The Transfers were not authorized under the Bankruptcy Code or by order of the United States Bankruptcy Court overseeing Debtor's bankruptcy case. As such, the Trustee alleges that such Transfers are avoidable under 11 U.S.C. § 549.

---

[1] To the extent the LPG Insiders are adjudicated to be initial transferees of the Transfers, the omission the LPG Insiders in this Complaint is not fatal to the claims set forth herein. *See Erickson v. Leonard* (*In re AVI, Inc.*), 389 B.R. 721, 735 (9th Cir. BAP 2008) ("[W]e hold that a trustee is not required to avoid the initial transfer from the initial transferee before seeking recovery from subsequent transferees under § 550(a)(2)."); *IBT Intern., Inc. v. Northern* (*In re Int'l Admin. Servs., Inc*,), 408 F.3d 689, 708 (11th Cir. 2005) ("Section 550(a) does not mandate a plaintiff to first pursue recovery against the initial transferee and successfully avoid all prior transfers against a mediate transferee."); *Leslie v. Ace Gallery N.Y. Corp.* (*In re Art & Architecture Books of the 21st Century*), 2021 Bankr. LEXIS 3637, *98 (Bankr. C.D. Cal. 2022) ("The language of 11 U.S.C. § 550 does not require a trustee to successfully avoid a transfer with respect to the initial transferee in order to recover from a subsequent transferee under 11 U.S.C. § 550."); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 743 (Bankr. S.D.N.Y. 2008) ("[T]he Bankruptcy Code, and specifically §§ 544(b) and 548, does not identify the proper, necessary or indispensable parties to a fraudulent transfer action, and does not state that the initial transferee is necessary.").

23. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers or their value from Defendant and Doe Defendants as initial or subsequent transferees.

24. Under 11 U.S.C. § 551, avoided transfers are automatically preserved for the benefit of the Estate.

### D. Due Diligence

25. On February 11, 2025, Plaintiff caused a letter to be mailed to Defendant ("First Letter") requesting documents and information to substantiate the Transfers, to assess the purpose of the Transfers, and to evaluate any potential defenses to Plaintiff's avoidance and recovery of the Transfers. Plaintiff received no response to the First Letter.

26. Prior to filing this Complaint, Plaintiff's counsel conducted an electronic search of Debtor's paper files and accounting records, including Debtor's Quickbooks files, which records and files are now stored electronically. Plaintiff's search of the subject records and files revealed no apparent defenses to the alleged claims.

## First Claim for Relief

## Avoidance, Recovery, and Preservation of Unauthorized Post-Petition Transfer

## 11 U.S.C. §§ 549, 550, and 551

### (Against all Defendants)

27. Plaintiff incorporates by reference Paragraphs 1 through 26 and realleges these paragraphs as though set forth in full herein.

28. The Transfers were made on or after March 20, 2023.

29. The Transfers were not authorized pursuant to Title 11 of the United States Code or by order of the United States Bankruptcy Court overseeing Debtor's bankruptcy case.

30. The Transfers were of property of Debtor.

31. The Transfers are avoidable pursuant to 11 U.S.C. § 549. Defendant has liability for all avoided Transfers under 11 U.S.C. § 550.

32. The Trustee may preserve all avoided Transfers from Defendant and/or Doe Defendants for the benefit of the Estate pursuant to 11 U.S.C. § 551.

///

## Second Claim for Relief

## Disallowance of Claim

## 11 U.S.C. § 502(d)

## (Against all Defendants)

33. Plaintiff hereby incorporates by reference Paragraphs 1 through 26 and realleges these paragraphs as though set forth in full herein.

34. Plaintiff alleges that Defendant and/or Doe Defendants may have a claim against the Estate.

35. Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by Defendant and/or Doe Defendants be disallowed unless or until the avoidable Transfers are repaid by Defendant and/or Doe Defendants.

## Prayer

WHEREFORE, Plaintiff prays for judgment against Defendant and Doe Defendants as follows:

**On the First Claim for Relief**

1. That the Transfers be avoided under 11 U.S.C. § 549;

2. That Plaintiff recover the avoided Transfers or a money judgment in an amount equal to the value of the avoided Transfers pursuant to 11 U.S.C. § 550;

**On the Second Claim for Relief**

3. That any claim of Defendant and/or Doe Defendants against the Estate be disallowed in its entirety unless or until Defendant and/or Doe Defendants timely repay the avoidable Transfers;

**On All Claims for Relief**

4. That Plaintiff only recover a single satisfaction of all avoided Transfers under 11 U.S.C. § 550(d);

5. For pre-judgment interest on all claims at the maximum rate allowed by law;

/ / /

/ / /

/ / /

6. For costs incurred by Plaintiff in prosecuting this action; and

7. For such other and further relief as the Court may deem just and proper.

DATED: February 27, 2025     MARSHACK HAYS WOOD LLP

By: */s/ Chad V. Haes*
    CHAD V. HAES
    Attorneys for Richard A. Marshack,
    Plaintiff and Trustee of The LPG Liquidation Trust

# Exhibit "1"

In re  The Litigation Practice Group PC    Anna Roden    
Summary of Disbursements
Post-Petition Activity (3/20/2023 - Present)

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| Bank of America | Prime Logix LLC | 501028089201 | 5/31/2023 | 5/10/2023 | 1316 | 3,960.00 | |
| Bank of America | Prime Logix LLC | 9201 | 5/31/2023 | 5/18/2023 | | 17,291.67 | WIRE TYPEWIRE OUT DATE.230518 TIME 1450 ETTRN20230518003801S8 SERVICE REF013122 BNF.ANNA RODEN ID 9109966037 BNF BK WINGS FINANCIA LCREDIT 1D296076152 PMT DET P6E9GXWE5 POP Other REFUND |
| | | | | | | 21,251.67 | |

Payor Accounts  BAT Inc., Coast Processing LLC, EZ Debt Relief, Maverick Management Group, Prime Logix, The Litigation Practice Group, Vulcan Consulting Group LLC

1 of 1    DRAFT FORM - SUBJECT TO CHANGE

Exhibit "1"
Page 9