1  CHRISTOPHER CELENTINO (131688)
   Christopher.Celentino@dinsmore.com
2  YOSINA M. LISSEBECK (State Bar No. 201654)
   yosina.lissebeck@dinsmore.com
3  CHRISTOPHER B. GHIO (259094)
   Christopher.Ghio@dinsmore.com
4  **DINSMORE & SHOHL LLP**
   655 West Broadway, Ste 800
5  San Diego, California 92101
   Tele: (619) 400-0500
6  Fax: (619) 400-0501

7  SARA A. JOHNSTON (Ky. Bar 96769)
   Sara.Johnston@dinsmore.com
8  SPENCER K. GRAY (Ky. Bar 98069)
   Spencer.Gray@dinsmore.com
9  **DINSMORE & SHOHL LLP**
   101 West Main Street, Ste 900
10 Lexington, Kentucky 40507
   Tele: (859) 425-1000
11 Fax: (859) 425-1099
   (Both admitted pro hac vice)
12

13 *Attorneys for Richard A. Marshack, Plaintiff*
   *and Trustee of the LPG Liquidation Trust*

14

15                  **UNITED STATES BANKRUPTCY COURT**

16       **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

17 | In re: | Case No. 8:23-bk-10571-SC |

18 | THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |

19 | Debtor. | Adv. Proc. No. 8:25-ap-_____-SC |

20 | RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | **COMPLAINT FOR:** |

21 | | **(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF 2-YEAR ACTUAL FRAUDULENT TRANSFERS;** |

22 | Plaintiff, | |

23 | v. | **(2) AVOIDANCE, RECOVERY, AND PRESERVATION OF 2-YEAR CONSTRUCTIVE FRAUDULENT TRANSFERS;** |

24 | UNIFIED GLOBAL RESEARCH GROUP, INC.; and TODD DIROBERTO, | |

25 | | **(3) AVOIDANCE, RECOVERY, AND PRESERVATION OF 4-YEAR ACTUAL FRAUDULENT TRANSFERS;** |

26 | Defendants. | |

27 | | **(4) AVOIDANCE, RECOVERY, AND PRESERVATION OF 4-YEAR** |

28

1

**CONSTRUCTIVE FRAUDULENT TRANSFERS;**

**(5) AVOIDANCE, RECOVERY AND PRESERVATION OF PREFERENTIAL TRANSFERS MADE WITHIN NINETY DAYS OF THE PETITION DATE;**

**(6) AIDING AND ABETTING;**

**(7) TURNOVER; AND**

**(8) OBJECTION TO AND DISALLOWANCE OF CLAIMS**

Date:    [To Be Set]
Time:    [To Be Set]
Place:   Courtroom 5C
         411 West Fourth Street
         Santa Ana, California 92701
Judge:   Hon. Scott C. Clarkson

For his *Complaint for (1) Avoidance, Recovery, and Preservation of 2-Year Actual Fraudulent Transfers; (2) Avoidance, Recovery, and Preservation of 2-Year Constructive Fraudulent Transfers; (3) Avoidance, Recovery, and Preservation of 4-Year Actual Fraudulent Transfers; (4) Avoidance, Recovery, and Preservation of 4-Year Constructive Fraudulent Transfers; (5) Avoidance, Recovery, and Preservation of Preferential Transfers; (6) Aiding and Abetting; (7) Turnover; and (8) Disallowance of Claims* ("Complaint"), plaintiff Richard A. Marshack, in his capacity as the former Chapter 11 Trustee of the Litigation Practice Group P.C. (the "Debtor" or "LPG") and the current Liquidation Trustee of the LPG Liquidation Trust (together the "Trustee" or "Plaintiff") in the above-captioned bankruptcy case (the "Bankruptcy Case"), alleges and avers as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O), 1334(b), and General Order No. 13-05 of the District Court for the Central District of California because this is a core proceeding arising in and/or related to the Bankruptcy Case, which is a case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Court").

2.    Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

3.    Defendants are hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires Defendants to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court.

4.    Venue of this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because this proceeding is related to Debtor's pending Bankruptcy Case.

## THE PARTIES

5.    Plaintiff, Richard A. Marshack, was the duly-appointed, qualified, and former Chapter 11 Trustee of Debtor's Estate, and is now the current duly-appointed, qualified, and acting Liquidating Trustee of the LPG Liquidation Trust.

6.    Debtor is, and at all material times was, a professional corporation organized, existing, and in good standing under the laws of the State of California, with its principal place of business in Tustin, California.

7.    Defendant, Unified Global Research Group, Inc. ("Unified" or "Defendant"), is, and at all material times represented that it was, a corporation existing under the laws of the State of California. Unified may be served by first class mail postage prepaid upon its registered agent for service of process, Lovette Dobson, 3400 Cottage Way, Sacramento, California 95825.

8.    Defendant Todd DiRoberto ("DiRoberto," and together with Unified, "Defendants") is an individual with a last known address of 1161 Akron St, San Diego, CA 92106-2402. At all times relevant to this Complaint, DiRoberto served as Unified's sole Director, Chief Executive Officer, Chief Financial Officer, and Secretary. DiRoberto may be served at his last known address of 1161 Akron St, San Diego, CA 92106-2402

## GENERAL ALLEGATIONS

**A.    The Bankruptcy Case**

9.    On March 20, 2023 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, commencing the Bankruptcy Case.

10.    The Office of the United States Trustee ("UST") filed its *Motion by United States*

1    *Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Bankr. Docket No. 21] and

2    creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed

3    the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305,*

4    *349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Bankr.

5    Docket No. 44]. On May 4, 2023, the Court entered its *Order Directing United States Trustee to*

6    *Appoint Chapter 11 Trustee* [Bankr. Docket No. 58].

7           11.    Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Bankr. Docket

8    No. 63], on May 8, 2023, Trustee accepted his appointment as the Chapter 11 Trustee in the

9    Bankruptcy Case, and he continues to serve in this capacity at this time. The Court approved the

10   Trustee's appointment in its *Order Approving the U.S. Trustee's Application for the Appointment*

11   *of a Chapter 11 Trustee* [Docket No. 65].

12          12.    Trustee was not appointed until after events of the case and, therefore, bases these

13   allegations on information and belief. *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir.

14   2017) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts

15   alleged upon information and belief where the facts are peculiarly within the possession and control

16   of the defendant or where the belief is based on factual information that makes the inference of

17   culpability plausible."); *Miller v. City of Los Angeles*, 2014 U.S. Dist. LEXIS 198871, 2014 WL

18   12610195, at *5 (C.D. Cal. Aug. 7, 2014) (recognizing that the plaintiff's "information and belief"

19   pleading was allowed and "necessary at times"); *see also Mireskandari v. Daily Mail and General*

20   *Trust PLC*, 2013 U.S. Dist. LEXIS 194437, 2013 WL 12129642, at *4 (C.D. Cal. July 31,

21   2013) ("The Federal Rules of Civil Procedure allow parties to plead facts on 'information and belief'

22   if the facts 'will likely have evidentiary support after a reasonable opportunity for further

23   investigation or discovery.'" (citations omitted)).

24          13.    Pursuant to the Order Confirming Modified First Amended Joint Chapter 11 Plan of

25   Liquidation entered September 9, 2024, and the Notice of Occurrence of Effective Date of Modified

26   First Amended Joint Chapter 11 Plan of Liquidation filed September 24, 2024, Richard A. Marshack

27   became the Liquidating Trustee of the LPG Liquidation Trust, effective September 24, 2024.

28   [Bankr. Docket Nos. 1646 & 1762].

14.    All claims have been transferred to the Liquidating Trust pursuant to the confirmed plan and Plaintiff brings this action solely in his capacity as the former Chapter 11 Trustee and current Liquidating Trustee of the LPG Liquidation Trust for the benefit of Debtor's Estate and its creditors.

**B.    Protective Order**

15.    On or about May 2, 2024, Plaintiff filed that certain Notice and Motion for Entry of Protective Order (the "Protective Order Motion").

16.    On June 3, 2024, the Court entered its Order Granting Motion for Entry of Protective Order and the Protective Order [Docket No. 1270] (the "Protective Order"). A true and accurate copy of the Protective Order is attached as **Exhibit 1**, and incorporated here.

17.    By its own terms, the Protective Order applies to this adversary proceeding and governs all discovery conducted herein.

**C.    LPG**

18.    LPG operated a law firm for consumers across the country who sought assistance in contesting or resolving debts they would identify.

19.    The consumers would pay LPG over a period of time via monthly debits from their bank accounts.

20.    The monthly payments were meant to cover all legal services LPG provided to the consumers including validation of the debts, review of documents to determine enforceability, and court appearances to halt lawsuits to obtain judgments.

21.    In certain instances, LPG would file a lawsuit in an effort to eliminate a disputed debt or to prosecute affirmative claims held by the consumers.

22.    LPG mismanaged the consumers' monthly payments.

23.    Tony Diab ("Diab") is, and at all relevant times was, an individual who operated, dominated and controlled LPG. Diab and others devised a plan to fraudulently transfer funds, client files, client funds and assets in the form of ACH Receivables (the "ACH Receivables" or "Accounts Receivable") out of LPG to third parties prior to the filing of bankruptcy.

24.    To obtain consumer clients, LPG contracted with marketing companies, who

engaged in illegal capping and would advertise or call to solicit consumers to become clients of LPG in exchange for a percentage of the fees associated with the client files collected by LPG from the consumers.

25.    The marketing affiliate went so far as to assist with the execution of an engagement letter between the consumer and LPG.

26.    In exchange, LPG agreed to pay the marketing affiliates a percentage the monthly payments collected by LPG from the consumers.

27.    Because LPG received payments from consumers over time, it often sought financing by borrowing against its future cash flows. This borrowing was not only used to finance operations at LPG, but also to pay the fees owed to the marketing companies for providing the client referrals.

28.    Many of the documents executed in connection with such financing described the transactions as accounts receivable purchase agreements.

29.    Diab used entities he controlled, and were his alter egos, including, without limitation, Vulcan Consulting Group ("Vulcan"), Maverick Management LLC ("Maverick"), Prime Logix, LLC, and/or Coast Processing ("Coast") to divert LPG consumer funds and ACH Receivables. Diab would use numerous ACH processing companies in order to easily transfer millions of dollars from Debtor to these entities he controlled, without oversight or detection, and to avoid payment disputes and complications. The money that flowed from Debtor through these bank account to Defendants consisted of Client Funds that Debtor funneled to these entities by means of the ACH processing companies. Debtor also made deposits into these entities bank account such that they received Client Funds directly from Debtor in addition to future Accounts Receivable.

**D.    Defendant Unified**

30.    Unified was one of the marketing companies that procured clients for LPG. Upon information and belief, Unified acted as a marketing affiliate for LPG.

31.    LPG agreed to pay, and in fact paid, Unified a portion of the monthly payments received from consumers referred by Unified.

32.    Upon information and belief, Unified also likely entered into agreements pursuant to

1  which it purported to sell accounts receivable back to LPG. Pursuant to these Agreements, Debtor

2  purported to buy from Unified a portion of its income stream.

3        **E.**    **DiRoberto**

4        33.    Upon information and belief, DiRoberto is Unified's sole Director, Chief Executive

5  Officer, Chief Financial Officer, and Secretary, who, through Unified, acted as a marketing affiliate

6  for LPG.

7        34.    LPG agreed to pay and in fact did pay Unified a portion of the monthly payments

8  received from consumers referred by Unified.

9        35.    On October 2, 2003, the Securities and Exchange Commission filed a complaint

10  alleging that DiRoberto violated federal law in connection with, among other things, issuing stock

11  offerings for two companies. *Securities and Exchange Commission v. Brian Lee and Todd*

12  *DiRoberto*, Case No. 03-CV-1957, United States District Court, Southern District of California.

13  Among other things, the complaint alleged that the offerings misrepresented the companies'

14  management, failed to disclose DiRoberto's role in the companies and his ownership interest, failed

15  to disclose that DiRoberto is a convicted felon, and failed to disclose that DiRoberto and Lee kept

16  as commissions and other fees approximately 42% of the funds raised from the offerings. The SEC

17  ultimately entered into a settlement with DiRoberto. As part of the settlement, DiRoberto executed

18  a consent to a proposed final judgment.

19        36.    On February 16, 2023, the United States of America, acting upon notification and

20  authorization to the Attorney General by the Federal Trade Commission (the "USA") filed a

21  complaint alleging that DiRoberto (and companies owned and controlled by DiRoberto) engaged in

22  illegal telemarketing schemes related to debt relief services. *United States of America v. Netlatitude,*

23  *Inc., et al.*, Case No. 23-CV-0313, United States District Court, Southern District of California.

24  According to the USA's complaint, DiRoberto and his companies bombard consumers with millions

25  of unlawful telemarketing calls in an effort to induce them to purchase debt relief services advertised

26  to reduce their credit card debt. The services actually rendered by DiRoberto's companies, however,

27  amount to sending letters challenging the validity of debts. DiRoberto and his companies filed a

28  motion to dismiss the USA's complaint, which the court dismissed on March 6, 2024. The case is

currently in the discovery phase of litigation. The USA recently filed a motion to compel DiRoberto's subcontractor to produce call recordings with debt relief customers.

## i. **Affiliate Agreements**

37. On or about September 30, 2019, Unified entered into an affiliate agreement with LPG (the "Affiliate Agreement"). A true and accurate copy of the Affiliate Agreement is attached hereto as **Exhibit 2** and incorporated here.

38. Unified attached the same Affiliate Agreement to its Amended Claim (as hereafter defined).

39. The Affiliate Agreement states that Unified "owns and operates a system of generating leads consisting of consumers interested in credit repair services." *See* **Ex. 2**.

40. Pursuant to the Affiliate Agreement, Unified generated leads consisting of consumers interested in the legal services offered by LPG and referred those consumers to LPG.

41. Unified went so far as to assist with the execution of an engagement letter with the consumer. *See* **Ex. 2**.

42. Pursuant to the Affiliate Agreement, LPG agreed to pay Unified as follows:

> Litigation Practice Group shall pay 65% per file for each file that Affiliate refers to Litigation Practice Group. Litigation Practice Group shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days. If any consumer cancels Litigation Practice Group's credit repair services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to Litigation Practice Group (in such percentage as is set forth herein).

*See* **Ex. 2**.

43. On or about January 1, 2020, Unified entered into a certain "B.A.T. Inc. dba Coast Processing – Affiliate Agreement" (the "Coast Agreement," and together with the Affiliate Agreement, the "Affiliate Agreements") with Coast. As described above, Coast was Diab's alter ego and Diab used and controlled Coast to divert LPG consumer funds and ACH Receivables. A true and accurate copy of the Coast Agreement is attached hereto as **Exhibit 3**, and incorporated here.

44.    Unified attached the same Coast Agreement to its Amended Claim (as hereafter defined).

45.    The Coast Agreement states that Unified "owns and operates a system of generating leads consisting of consumers interested in the legal services offered by [Coast]." *See* **Ex. 3**.

46.    Pursuant to the Coast Agreement, Unified generated leads consisting of consumers interested in the services offered by Coast and referred those consumers to Coast.

47.    Unified went so far as to assist with the execution of an engagement letter with the consumer. *See* **Ex. 3**.

48.    Pursuant to the Coast Agreement, Coast agreed to pay Unified as follows:

> [Coast] shall pay 65% per file for each file that [Unified] places with [Coast], not counting the monthly maintenance fee of $71.38, which [Coast] shall retain to cover administrative costs for each file. [Coast] shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to [Unified] pursuant to the agreed-upon schedule not to exceed one remittance per seven (7) calendar days. If any consumer cancels [Coast's] services, or demands a refund for payment for such services, or both, then [Unified] shall be responsible for returning the entirety of its fees collected on such file to [Coast] (in such percentage as is set forth herein).

*See* **Ex. 3**.

49.    The Affiliate Agreements violate Sections 6151 and 6155 of the California Business and Professional Code, which prohibit referrals of potential clients to attorneys unless registered with the State Bar of California. Cal. Bus. & Prof. Code § 6155. "Referral activity" includes "any entity 'which, in person, electronically, or otherwise, refers the consumer to an attorney or law firm not identified' in the advertising." *Jackson v. LegalMatch.com*, 42 Cal. App. 5th 760, 775 (2019). A referral includes receiving information from potential clients and sending that information to lawyers, even when the advertiser does not advertise the name of the attorneys and the clients do not clear the name of the potential attorney after the referral occurred. *Id.*

50.    Further, if any effect of an agreement is to accomplish an unlawful purpose, the agreement may be declared illegal regardless of the intention of the parties. *Stockton Morris Plan Co. v. Cal. Tractor & Equip. Corp.*, 112 Cal. App. 2d 684, 690 (1952) (citing *Fewel & Dawes, Inc. v. Pratt*, 17 Cal. 2d 85, 91 (1941)). This remains true regardless of whether the contract has been performed. *Stevens v. Boyes Hot Springs Co.*, 113 Cal. App. 479, 483 (1931) (A contract by a

corporation to purchase its own stock has the effect of illegally withdrawing and paying to a stockholder a part of the capital stock of the corporation and is illegal and void, regardless of the fact that the contract is fully performed by the sellers and partially performed by the corporation.); *Mansfield v. Hyde*, 112 Cal. App. 2d 133, 139 (1952), overruled, *Fomco, Inc. v. Joe Maggio, Inc.*, 8 Cal. Rptr. 459 (1960) (Where object of statute requiring licenses is to prevent improper persons from engaging in particular activity, or is for purpose of regulating occupation or business for protection of public, imposition of penalty amounts to prohibition against engaging in occupation or business without license, and contract made by unlicensed person in violation of statute is invalid.); *Firpo v. Murphy*, 72 Cal. App. 249, 252 (1925) (A contract to pay commissions to a real estate broker is illegal and he is not entitled to recover thereon where he fails to secure the license required by law to carry on his business.).

51.     Because the Affiliate Agreements violate federal and state law, they are void, unenforceable, and subject to avoidance as fraudulent. Any alleged consideration provided to Defendant under the Affiliate Agreements and/or ARPA Agreement(s) (as defined below) was unlawful.

52.     Unlawful consideration is that which is: "(1) contrary to an express provision of law; (2) contrary to the policy of express law, though not expressly prohibited; or (3) otherwise contrary to good morals." Cal. Civ. Code § 1667. "If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void." Cal. Civ. Code § 1608.

### ii.     <u>Accounts Receivable Purchase Agreement</u>

53.     Upon information and belief and based in part on the historical dealings of the Debtor with marketing affiliates and upon the Transfer Records (as defined below), Unified likely also entered into one or more account receivable purchase agreements with Debtor and/or its related entities (whether memorialized by oral or written agreement, "ARPA Agreement(s)").

54.     Pursuant to the Debtor's known ARPA Agreements with similarly situated affiliates, the Debtor purports to buy from its marketing affiliates' accounts receivable from consumers that were supposed to be held in trust until earned.

55.     By entering into an ARPA Agreement, Debtor and Unified would have further violated federal and state laws by selling unearned legal fees or funds that were supposed to be held in trust or used for the benefit of consumers.

56.     The effect of an ARPA Agreement would have been to accomplish an unlawful purpose. Thus, the agreement may be declared illegal regardless of the intention of the parties. *Stockton Morris Plan Co. v. Cal. Tractor & Equip. Corp.*, 112 Cal. App. 2d 684, 690 (1952) (citing *Fewel & Dawes, Inc. v. Pratt*, 17 Cal. 2d 85, 91 (1941)). This remains true regardless of whether the contract has been performed. *Stevens v. Boyes Hot Springs Co.*, 113 Cal. App. 479, 483 (1931) (A contract by a corporation to purchase its own stock has the effect of illegally withdrawing and paying to a stockholder a part of the capital stock of the corporation and is illegal and void, regardless of the fact that the contract is fully performed by the sellers and partially performed by the corporation.); *Mansfield v. Hyde*, 112 Cal. App. 2d 133, 139 (1952), overruled, *Fomco, Inc. v. Joe Maggio, Inc.*, 8 Cal. Rptr. 459 (1960) (Where object of statute requiring licenses is to prevent improper persons from engaging in particular activity, or is for purpose of regulating occupation or business for protection of public, imposition of penalty amounts to prohibition against engaging in occupation or business without license, and contract made by unlicensed person in violation of statute is invalid.); *Firpo v. Murphy*, 72 Cal. App. 249, 252 (1925) (A contract to pay commissions to a real estate broker is illegal and he is not entitled to recover thereon where he fails to secure the license required by law to carry on his business.).

57.     Because any ARPA Agreement and/or related transactions violates federal and state laws, to the extent the Debtor and the Defendants entered into such agreement, it is void, unenforceable, and subject to avoidance as fraudulent. Any alleged consideration provided to Debtor under the ARPA Agreement and/or related transactions is also unlawful.

58.     Unlawful consideration is that which is: "(1) contrary to an express provision of law; (2) contrary to the policy of express law, though not expressly prohibited; or (3) otherwise contrary to good morals." Cal. Civ. Code §1667. "If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void." Cal. Civ. Code § 1608.

### iii.    **Preference Letter**

59.    On or about September 15, 2023, the Trustee sent a preference letter to Unified (the "Preference Letter"). A true and accurate copy of the Preference Letter is attached as **Exhibit 4**, and incorporated here.

60.    The Preference Letter discussed certain transfers from Debtor that were made to Unified within the 90-day period prior to the Petition Date ("Preference Period"). The transfers were listed on the attached "Preference Transfer Schedule" showing the date and amount, according to Debtor's books and records, of each transfer or other payment ("Preference Transfer Schedule").

61.    Based on the information available to Trustee and considering the nature of the relationship between Debtor and Unified, no potential defenses were identified that could reduce Unified's liability for the preference payments. Consequently, the Trustee tasked Unified with providing any facts and valid defenses that could substantiate its position and potentially mitigate or prevent some or all of the transfers made by the Debtor.

62.    On February 20, 2024, Trustee's counsel delivered a letter to Unified seeking—among other things—to arrange for a mutually agreeable date, time, place, and scope of an examination or production of documents. **Exhibit 5**. In the February 20 letter, Trustee's counsel requested Unified to call to further discuss and to arrange for the production of documents informally. The letter proposed March 18, 2024 as the production date.

63.    On February 25, 2024, Unified's counsel contacted the Trustee by electronic mail advising that "[m]y office is in receipt of your letter dated February 20, 2024" and that "[a] response will be provided by March 18, 2024." **Exhibit 6.**

64.    The Trustee responded on March 7, 2024, requesting Unified's counsel to "[p]lease advise by the end of this week, 3/8/2024, whether your client will agree to produce the requested documents on or before March 18, 2024" and that "[i]f needed [the Trustee is] amendable to an alternative production schedule." **Exhibit 7.** The Trustee's response email further reiterated the proposed terms of production, including the date, time, place, and scope of production.

65.    Unified delivered a letter to the Trustee on March 18, 2024. **Exhibit 8.** In the letter, Unified alleged that the Transfers made during the preference period are protected by certain

defenses, which the Trustee disputes. Unified further requested the Trustee to "[p]lease accept this letter as our attempt to meet and confer regarding the Trustee's alleged claim against our client, and our response to your prior correspondence." Unified produced **zero documents** in connection with the March 18, 2024 letter. Furthermore, in the March 18, 2024 letter, Unified described its business relationship with LPG as follows:

> Unified provides various services to law firms, including marketing services. Unified and the Debtor had a long relationship, **in which Unified marketed to prospective clients on behalf of the Litigation Practice Group**. The Litigation Practice Group **became obligated to make payments for Unified's services once the client was retained by the Litigation Practice Group**. The **amount and timing of the payment was based upon the revenue generated by the client**.

*See* **Exhibit 7** (emphasis added throughout).

66.    The Trustee responded by letter on March 25, 2024. **Exhibit 9**. In the March 25, 2024 letter, the Trustee clarified issues raised in Unified's March 18 letter and yet another opportunity for informal production of documents. Among other things, the Trustee clarified that the transfers in controversy were avoidable as actual or constructive fraudulent transfers. The Trustee also explained that Unified's business relationship with the Debtor—as Unified described it in the March 18, 2024 letter—constitutes an illegal capping agreement between Unified and Debtor which violates California law. The Trustee explained that the agreement described by Unified is void, unenforceable, and subject to avoidance because it violates federal and state las and any alleged consideration provided under such agreement was unlawful.

67.    On March 29, 2024, counsel for the Trustee called Unified's counsel to discuss the Trustee's March 25, 2024 letter and to provide yet another courtesy confirmation that Unified would not comply with informal production requests. On the call, Unified denied—without providing evidence—that it was party to an illegal capping agreement with LPG but refused to participate in an informal production of documents. To date, Unified has not provided the Trustee with any of the requested documents.

68.    Trustee has yet to receive any payment or documents from Unified pursuant to the Preference Letter or correspondence described at ¶¶ 59-67 herein.

#### iv.    Trustee's Rule 2004 Motion

69.    Because Unified refused to cooperate or participate in informal discovery, the Trustee filed his *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents by Unified Global Research Group, Inc.* [Docket No. 1651] (the "2004 Motion") on September 9, 2024.

70.    The Bankruptcy Court granted the 2004 Motion on September 10, 2024 [Docket No. 1652] (the "2004 Order").

71.    In accordance with the 2004 Order, the Trustee served Unified with a subpoena on September 13, 2024.

72.    On December 31, 2024, the Trustee demanded compliance with the 2004 Order and subpoena by January 10, 2024. **Exhibit 10.** As of the date of this Complaint, Unified has failed to comply with the 2004 Order and subpoena in any capacity.

73.    As of the date of this Complaint, Unified has not complied with the Court's 2004 Order and has not produced any documents in response to the Trustee's rule 2004 Motion and subpoena.

#### v.    Unified's Proof of Claim and Trustee's Claim Objection

74.    On April 27, 2023, Unified filed an unsecured claim in the amount of $6,155,125.60 [Proof of Claim No. 23-1] (the "Initial Claim"). A true and correct copy of the Initial Claim is attached hereto as **Exhibit 11**.

75.    The Initial Claim lists the basis of the claim as "[s]ervice performed for Debtor" and asserts, without support, priority status as follows: (i) $110,633.00 under 11 U.S.C. § 507(a)(7) for up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use; (ii) $1,059,618.84 under 11 U.S.C. § 507(a)(4) for wages, salaries, or commissions (up to $15,150) earned within 180 business days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier; and (iii) $320,000.00 under 11 U.S.C. § 507(a)(5) based on contributions to an employee benefit plan ((i)-(iii) collectively as the "Priority Portion"). Based on the alleged Priority Portion, $4,664,873.76 of the Initial Claim was filed as a general unsecured claim (the "General Unsecured Portion"). Unified attached no documentation to its Initial

1   Claim.

2   76.     On September 13, 2024, The Trustee filed his *Chapter 11 Trustee's: (I) Objection to*

3   *Unified Global Research Group, Inc.'s Proof of Claim No. 23; and (II) Motion to Disallow or*

4   *Reclassify Claim* [Docket No. 1686] (the "Claim Objection"). In the Claim Objection, the Trustee

5   argued that: (i) Unified's claim should be disallowed in its entirety because it is based on an illegal

6   capping agreement and therefore is void and not available as a basis to recover; (ii) Unified failed

7   to establish prima facie validity of its claim and the claim should therefore be disallowed in its

8   entirety; (iii) alternatively, Unified's claim should be disallowed to the extent it asserts a priority

9   claim and reclassified as an unsecured claim; and (iv) alternatively, the priority portion of Unified's

10  claim should be capped at the applicable statutory amount.

11  77.     On November 15, 2024, Unified filed its *Creditor Unified Global Research Group,*

12  *Inc.'s Opposition to Trustee's Objection to Proof of Claim #23* [Docket No. 1919]. Unified's

13  opposition provided: "If the Court finds the claim deficient, Unified requests the opportunity to

14  amend its claim accordingly."

15  78.     On November 19, 2024, the Trustee filed his *Reply in Support of Chapter 11*

16  *Trustee's: (I) Objection to Unified Global Research Group, Inc.'s Proof of Claim No. 23; and (II)*

17  *Motion to Disallow or Reclassify Claim* [Docket No. 1926]. Subsequently, the Court continued the

18  hearing on the Trustee's Claim Objection to permit Unified time to file an amended proof of claim

19  as Unified requested in its opposition.

20  79.     On December 19, 2024, and again on December 20, 2024, Unified filed its amended

21  proof of claim No. 23, which proofs of claim are docketed on the Court's Claims Register as Claim

22  Nos. 23-2 and 23-3[1] (together, the "Amended Claim"). **Exhibit 12.** The Amended Claim asserts

23  only a general unsecured claim in the amount of $6,155,125.60 and removes any request for priority

24  treatment under 11 U.S.C. § 507(a)(7) or otherwise. Unified attached a copy of its Affiliate

25  Agreement with LPG to the Amended Claim.

26  80.     On January 2, 2025, the Trustee and Unified filed a stipulation to withdraw the

27  Trustee's Claim Objection and vacate the January 16, 2025 hearing on the objection. The stipulation

28
_____
[1] Claim Nos. 23-2 and 23-3 appear to be identical.

1  expressly provides that the withdrawal is without prejudice to the Trustee's right to object to the

2  Amended Claim upon notice and a hearing at a later date.

3       81.    Upon information and belief, Unified's Amended Claim is based entirely on the

4  illegal Affiliate Agreement and/or ARPA(s). Because Unified's "service performed for the Debtor,"

5  the basis for the Amended Claim, is illegal under federal and state law, any agreements relating to

6  those services are void. Furthermore, any transfers made pursuant to such void agreements within

7  the applicable look-back period are avoidable and recoverable by the Trustee as fraudulent transfers.

8       82.    Moreover, the Amended Claim fails to meet the standard of sufficiency under Fed.

9  R. Bankr. P. 3001(c) to provide evidence and specific information in support of the claim.

10       **F.**    **Payments to Unified**

11       83.    During the applicable reach-back period, Debtor paid Unified the sum of at least

12  $689,137.59 between July 2021 and February 2023 (the "Fraudulent Transfers"). A true and

13  accurate list of the known Fraudulent Transfers is attached as **Exhibit 13**, and incorporated here.

14       84.    At least $115,706.64 of the Fraudulent Transfers occurred during the Preference

15  Period (the "Preference Transfers," and together with the Fraudulent Transfers, the "Transfers"). A

16  true and accurate list of the known Preference Transfers is attached as **Exhibit 14**, and incorporated

17  here. Exhibit 13 and Exhibit 14 together are referred to herein as the "Transfer Records."

18       **G.**    **LPG's Ponzi Scheme**

19       85.    The Ponzi Scheme Presumption exists in Bankruptcy.

20       86.    The Ponzi Scheme Presumption can be utilized to establish a debtor's "intent to

21  defraud future undertakers [investors] from the mere fact that a debtor was running a Ponzi scheme.

22  Indeed, no other reasonable inference is possible. A Ponzi scheme cannot work forever. The investor

23  pool is a limited resource and will eventually run dry. The perpetrator must know that the scheme

24  will eventually collapse as a result of the inability to attract new investors. The perpetrator

25  nevertheless makes payments to present investors, which, by definition, are meant to attract new

26  investors. He must know all along, from the very nature of his activities, that investors at the end of

27  the line will lose their money. Knowledge to a substantial certainty constitutes intent in the eyes of

28  the law, *cf. Restatement (Second) of Torts § 8A (1963 & 1964)*, and a debtor's knowledge that future

investors will not be paid is sufficient to establish his actual intent to defraud them. *Cf. Coleman Am. Moving Servs., Inc. v. First Nat'l Bank & Trust Co. (In re American Properties, Inc.)* (Bankr.D.Kan. 1981)14 B.R. 637, 643 (intentionally carrying out a transaction with full knowledge that its effect will be detrimental to creditors is sufficient for actual intent to hinder, delay or defraud within the meaning of § 548(a) (1))." *Merrill v. Abbott (In re Independent Clearing House Co.)* 77 B.R. 843, 860 (D. Utah 1987). A trustee in bankruptcy is not required to show that an operator of a Ponzi scheme was subjectively aware his Ponzi scheme was destined to fail.

87.    "But if all the debtor receives in return for a transfer is the use of the defendant's money to run a Ponzi scheme, there is nothing in the bankruptcy estate for creditors to share. In fact, by helping the debtor perpetuate his scheme, the transfers exacerbate the harm to creditors by increasing the amount of claims while diminishing the debtor's estate. In such a situation, the use of the defendant's money cannot objectively be called "reasonably equivalent value. *"In re Independent Clearing House Co.* 77 B.R.at 859. Therefore, "[t]he trustee can avoid the transfers if they were preferential or fraudulent. Transfers to investors in a Ponzi scheme are preferential and fraudulent. Therefore, they constitute "property of the estate," and the trustee can recover them. *Id*. at 853 n.17 (citations omitted).

88.    LPG was operating a Ponzi scheme that utilized Defendants and several other entities as investors to continue its unlawful business practices by using funds provided by current investors to attract new investors hoping for very high returns. Therefore, LPG was running a Ponzi scheme and the Ponzi Scheme Presumption can be utilized to infer that the Debtor had the intent to defraud investors within the meaning of 11 U.S.C. § 548(a)(1).

89.    Moreover, the Transfers were made with the intent to further the Ponzi scheme and the Debtor therefore did not receive objectively reasonably equivalent value in exchange for the Transfers.

**H.    LPG's Prepetition Creditors**

90.    Debtor was insolvent when each Transfer was made. This insolvency is evidenced in part by the fact that 14 separate UCC-1 statements were of record securing debts of the Debtor as of September 1, 2022. These statements remained unreleased as of the Petition Date. These

1  statements either reflected secured liens against the Debtor's assets then owned or thereafter

2  acquired, or provided evidence of the assignment or sale of substantial portions of the Debtor's

3  future income.

4      91.    When the Transfers were made, these prior UCC-1 statements secured the repayment

5  of the following claimed amounts that are currently known to Trustee and are allegedly owed by the

6  Debtor: (i) $2,374,004.82 owed to Fundura Capital Group as evidenced by Proof of Claim No. 335

7  purportedly secured by a UCC statement filed on or about May 19, 2021; (ii) approximately $15

8  million dollars owed to MNS Funding, LLC as evidenced by Proof of Claim No. 1060 purportedly

9  secured by a UCC statement filed on or about May 28, 2021; (iii) approximately $5,000,000 owed

10 to Azzure Capital, LLC as evidenced by Proof of Claim No. 127 secured by a UCC statement filed

11 on or about May 28, 2021; and (iv) approximately $1.5 million dollars owed to Diverse Capital,

12 LLC purportedly secured by UCC statements filed on or about September 15, 2021, and December

13 1, 2021.[2]

14     92.    As alleged above, LPG was borrowing against its assets and future income, often on

15 unfavorable terms, not only to finance operations at LPG, but also to pay the fees owed to the

16 marketing affiliates for providing it with consumer clients. Pursuant to the agreements with the

17 marketing companies, significant percentages of future payments were already promised to be paid

18 to the marketing affiliates from whatever future income the Debtor would receive.

19     93.    In addition, on Debtor's Schedule E/F [Bankr. Docket No. 33], Debtor scheduled 11

20 unsecured creditors with priority unsecured claims totaling $374,060.04. These priority unsecured

21 creditors include Indiana Dept. of Revenue, Dept. of Labor and Industries, Arizona Dept. of

22 Economic Security, Arkansas Dept. of Finance & Admin., California Franchise Tax Board, Georgia

23 Dept. of Labor, Internal Revenue Service, Mississippi Dept. of Revenue, Nevada Dept. of Taxation,

24 Utah State Tax Commission, and Wisconsin Dept. of Revenue (collectively, "Priority Unsecured

25 Creditors").

26

27

28 [2] Trustee reserves all rights, claims, and defenses with respect to these and any other purported
secured or unsecured claims.

94.     Another group of creditors that Debtor listed on its Schedule E/F [Bankr. Docket No. 33] are nonpriority unsecured creditors. Those 58 creditors have scheduled claims totaling $141,439,158.05 and include Ajilon; Anthem Blue Cross; Azevedo Solutions Groups, Inc.; Carolina Technologies & Consulting Invoice; Collaboration Advisors; Credit Reporting Service Inc.; CT Corporation – Inv.; Debt Pay Pro; Document Fulfillment Services; EnergyCare, LLC; Exela Enterprise Solutions; First Legal Network, LLC; GHA Technologies Inc.; Harrington Electric, Inc.; Imagine Reporting; Juize, Inc.; Krisp Technologies, Inc.; Liberty Mutual; Marc Lemauviel – Allegra; MarkSYS Holdings, LLC; Netsuite-Oracle; Pitney Bowes; Rapid Credit, Inc.; SBS Leasing A Program of De Lage Landen; Security Solutions; Sharp Business Systems; Streamline Performance, Inc.; Thomson Reuters; Twilio, Inc.; Nationwide Appearance Attorneys; Executive Center, LLC; Outsource Accelerator, Ltd.; TaskUs Holdings, Inc.; Marich Bein, LLC; Validation Partners; MC DVI Fund 1, LLC; MC DVI Fund 2, LLC; Debt Validation Fund II, LLC; Tustin Executive Center; LexisNexus; JP Morgan Chase; Business Centers of America; Michael Schwartz; Anibal Colon Jr.; Kathleen Lacey; David Ulery; Kimberly Birdsong; Kevin Carpenter; Karen Suell; Gloria Eaton; Carolyn Beech; Debra Price; Kenneth Topp; Darcey Williamson, Trustee; James Hammett; Johnny Rizo; Beverly Graham; Kathleen Scarlett; and Geneve and Myranda Sheffield (collectively, "Nonpriority Unsecured Creditors" and, together with the Secured Creditors and Priority Unsecured Creditors, "Prepetition Creditors").

95.     Debtor's balance sheets for the 36 months ending December 31, 2021 show only approximately $17,900,000 in total assets (primarily comprised of accounts receivable and merchant loans receivable) at its highest point in November 2021. Obviously, this amount is significantly less than the $700,000,000 of claims filed, further evidencing Debtor's state of insolvency.

## FIRST CLAIM FOR RELIEF

**Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers**

**[11 U.S.C. §§ 548(a)(1)(A), 550, and 551]**

**Against Unified**

96.     Plaintiff realleges and incorporates here by reference each and every allegation contained in paragraphs 1 through 95 as though set forth in full.

97.     All or a portion of the Transfers made pursuant to the Affiliate Agreement and/or ARPA(s) occurred within the two years prior to the Petition Date.

98.     On or after the date that such agreements were executed and the Transfers were made, entities to which Debtor was or became indebted include the Prepetition Creditors.

99.     The Transfers happened while Debtor was insolvent or rendered Debtor insolvent.

100.    Despite Debtor's obligation to the Prepetition Creditors, Debtor continued to pay Defendant sums received from consumers under the Affiliate Agreement, which constitutes an illegal capping agreement between Defendant and Debtor. Any obligation of the Debtor arising from such agreement is also avoidable as fraudulent.

101.    Despite Debtor's obligation to the Prepetition Creditors, Defendant continued to sell or transfer portions of its accounts receivable to Debtor, which is illegal under federal and state laws.

102.    The Transfers were made with actual intent to hinder, delay, or defraud creditors of Debtor.

103.    The Debtor was operating a Ponzi scheme and the Ponzi Scheme Presumption can be utilized to infer the Debtor's actual intent to defraud within the meaning of 11 U.S.C. § 548(a)(1). The Debtor's conduct was done with oppression, fraud, and malice, as defined in Civil Code § 3294, based on the Ponzi Scheme Presumption, entitling the Trustee to, in addition to actual damages, exemplary or punitive damages.

104.    The Affiliate Agreement and the Transfers of Debtor's funds are avoidable as fraudulent pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550, and 551 by one or more creditors who held and hold unsecured claims against Debtor that were and are allowable against the Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e), including, without limitation, the Prepetition Creditors.

105.    The Affiliate Agreement and Transfers should be avoided as fraudulent under 11 U.S.C. § 548(a)(1)(A), and such transferred property, or the value thereof, should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

/ / /

## SECOND CLAIM FOR RELIEF

**Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers**

**[11 U.S.C. §§ 548(a)(1)(B), 550, and 551]**

### Against Unified

106.    Plaintiff realleges and incorporates here by reference each and every allegation contained in paragraphs 1 through 105 as though set forth in full.

107.    All or a portion of the Transfers made pursuant to the Affiliate Agreement and/or ARPA(s) occurred within the two years prior to the Petition Date.

108.    On or after the date that such agreements were executed and such Transfers were made, entities to which Debtor was or became indebted include the Prepetition Creditors.

109.    The Transfers happened while Debtor:

  a.    was insolvent or became insolvent as a result;

  b.    was engaged or was about to engage in a transaction for which any property remaining with Debtor was of unreasonably small capital; or

  c.    intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

110.     Because the referrals from Defendant to Debtor are illegal under federal and state law, they are void and subject to avoidance as fraudulent. Any purported consideration constitutes unlawful consideration, which cannot constitute reasonably equivalent value. Thus, at the time the agreements were executed and the Transfers made, Debtor received less than reasonably equivalent value.

111.    The Debtor was operating a Ponzi scheme and the Ponzi Scheme Presumption can be utilized to infer the Debtor's actual intent to defraud within the meaning of 11 U.S.C. § 548(a)(1). The Debtor's conduct was done with oppression, fraud, and malice, as defined in Civil Code § 3294, based on the Ponzi Scheme Presumption, entitling the Trustee to, in addition to actual damages, exemplary or punitive damages.

112.    Because the sale of the accounts receivable from Defendant to Debtor are illegal under federal and state law, they are void and subject to avoidance as fraudulent. Any purported

consideration constitutes unlawful consideration, which cannot constitute reasonably equivalent value. Thus, at the time the agreements were executed and the Transfers made, Debtor received less than reasonably equivalent value.

113.    The Affiliate Agreement and the Transfers should be avoided as fraudulent under 11 U.S.C. § 548(a)(1)(B), and such transferred property, or the value thereof, should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

<u>**THIRD CLAIM FOR RELIEF**</u>

**Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers**

**[11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.04(a) and 3439.07]**

<u>**Against Unified**</u>

114.    Plaintiff realleges and incorporates here by reference each and every allegation contained in paragraphs 1 through 113 as though set forth in full.

115.    The Affiliate Agreement and/or ARPA(s) and all or a portion of the Transfers occurred within the four years prior to the Petition Date.

116.    On or after the date that such agreements were entered and such Transfers were made, entities to which Debtor was or became indebted include the Prepetition Creditors.

117.    Despite Debtor's obligation to the Prepetition Creditors, Debtor continued to pay Defendant sums received from consumers under the Affiliate Agreement, which constitutes an illegal capping agreement between Defendant and Debtor.

118.    Because the referrals from Defendant to Debtor are illegal under federal and state law, they are void and subject to avoidance as fraudulent. Any purported consideration constitutes unlawful consideration, which cannot constitute reasonably equivalent value. Thus, at the time the agreements were executed and the Transfers made, Debtor received less than reasonably equivalent value.

119.    Despite Debtor's obligation to the Prepetition Creditors, Defendant continued to sell accounts receivable to Debtor, which is illegal under federal and state law. Because they are illegal under federal and state law, they are void and subject to avoidance as fraudulent.

120.    The Transfers were made with actual intent to hinder, delay, or defraud creditors of Debtor.

121.    The Debtor was operating a Ponzi scheme and the Ponzi Scheme Presumption can be utilized to infer the Debtor's actual intent to defraud within the meaning of 11 U.S.C. § 548(a)(1). The Debtor's conduct was done with oppression, fraud, and malice, as defined in Civil Code § 3294, based on the Ponzi Scheme Presumption, entitling the Trustee to, in addition to actual damages, exemplary or punitive damages.

122.    The Affiliate Agreement and the Transfers of Debtor's funds are avoidable as fraudulent pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against Debtor that were and are allowable against the Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e), including, without limitation, the Prepetition Creditors.

123.    Accordingly, the Affiliate Agreement and the Transfers should be avoided as fraudulent under 11 U.S.C. §§ 544(b) and Cal. Civ. Code §§ 3439.04(a) and 3439.07, and such transferred property, or the value thereof, should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551 and Cal. Civ. Code § 3439.07.

**FOURTH CLAIM FOR RELIEF**

**Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers**

**[11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.05, and 3439.07]**

**Against Unified**

124.    Plaintiff realleges and incorporates here by reference each and every allegation contained in paragraphs 1 through 123 as though set forth in full.

125.    The Affiliate Agreement and/or ARPA(s) and all or a portion of the Transfers occurred within the four years prior to the Petition Date.

126.    The Transfers happened while Debtor:

a.    was insolvent or became insolvent as a result;

b.    was engaged or was about to engage in a transaction for which any property remaining with Debtor was of unreasonably small capital; or

1          c.      intended to incur, or believed that it would incur, debts beyond its ability to

2  pay as such debts matured.

3      127.    Because the referrals from Defendant to Debtor are illegal under federal and state

4  law, the agreements are void and subject to avoidance as fraudulent. Any purported consideration

5  constitutes unlawful consideration, which cannot constitute reasonably equivalent value. Thus, at

6  the time the agreements were executed and the Transfers made, Debtor received less than reasonably

7  equivalent value.

8      128.    The Debtor was operating a Ponzi scheme and the Ponzi Scheme Presumption can

9  be utilized to infer the Debtor's actual intent to defraud within the meaning of 11 U.S.C. § 548(a)(1).

10 The Debtor's conduct was done with oppression, fraud, and malice, as defined in Civil Code § 3294,

11 based on the Ponzi Scheme Presumption, entitling the Trustee to, in addition to actual damages,

12 exemplary or punitive damages.

13     129.    Because the sale of the accounts receivable from Defendant to Debtor are illegal

14 under federal and state law, they are void and subject to avoidance as fraudulent. Any purported

15 consideration constitutes unlawful consideration, which cannot constitute reasonably equivalent

16 value. Thus, at the time the agreements were executed and the Transfers made, Debtor received less

17 than reasonably equivalent value.

18     130.    The Affiliate Agreement and the Transfers of Debtor's funds are avoidable as

19 fraudulent pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.05 and 3439.07 by one or

20 more creditors who held and hold unsecured claims against Debtor that were and are allowable

21 against the Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C.

22 § 502(e), including, without limitation, the Prepetition Creditors.

23     131.    Accordingly, the Affiliate Agreement, and the Transfers should be avoided as

24 fraudulent under 11 U.S.C. §§ 544(b) and Cal. Civ. Code §§ 3439.05 and 3439.07, and such

25 transferred property, or the value thereof, should be recovered and preserved for the benefit of the

26 Estate pursuant to 11 U.S.C. §§ 550 and 551 and Cal. Civ. Code § 3439.07.

27 / / /

28

## FIFTH CLAIM FOR RELIEF

**Avoidance, Recovery, and Preservation of Preferential Transfer to Defendant in Preference Period**

**[11 U.S.C. §§ 547, 550, and 551]**

**Against Unified**

132.    Plaintiff realleges and incorporates here by reference each and every allegation contained in paragraphs 1 through 131 as though set forth in full.

133.    The Preference Transfers were made to or for the benefit of Defendant and for, or on account of, an antecedent debt or debts owed by LPG to Defendant each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant.

134.    The Preference Transfers happened while LPG was insolvent.

135.    Debtor is also entitled to the presumption of insolvency when the Preference Transfers happened pursuant to 11 U.S.C. § 547(f).

136.    As a result of the Preference Transfers, Defendant recovered more than it would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Preference Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying Bankruptcy Case, as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's Estate.

137.    In accordance with the foregoing, the Preference Transfers are voidable pursuant to 11 U.S.C. § 547(b), and may be recovered and preserved for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.

## SIXTH CLAIM FOR RELIEF

**Aiding and Abetting**

**[11 U.S.C. §§ 544(b), 550, and 551; CAL. CIV. CODE §§ 3439.04(a), 3439.04(b), and 3439.07]**

**Against Defendants**

138.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 137 as though set forth in full.

139.    Defendants have possession or control over property of the Estate including, but not limited to the Transfers, Preference Transfers, and Post-Petition Transfers made pursuant to illegal and unenforceable agreements.

140.    Defendants had knowledge of the fraudulent transactions, transfers, and agreements that were used to perpetuate and conceal the Ponzi scheme and fraudulent transfers.

141.    Defendants, with the foregoing knowledge, intended to, and did, help the Debtor and other scheme participants in perpetuating and concealing the Ponzi scheme and fraudulent transfers of money.

142.    At all material times, Defendants had the intent to facilitate and conceal the Ponzi scheme and fraudulent transfers of money by aiding and abetting the illegal capping scheme and signing up consumer clients to keep the business going.

143.    Defendants assisted, and did actually engage in, LPG's commission of fraud and Ponzi scheme by coordinating, facilitating, and directing payments and transfers of monies and executing documents in furtherance of concealing the true nature of their fraudulent and criminal activity related to the Ponzi scheme.

144.    Without in any way limiting the foregoing, as Unified's sole Director, Chief Executive Officer, Chief Financial Officer, and Secretary, DiRoberto used is control over Unified to support, participate in, and benefit from LPG's Ponzi scheme and fraudulent transfers.

145.    The injuries to Plaintiff, the Debtor's Estate and to its creditors directly, proximately and reasonably foreseeably resulting from and caused by these fraudulent transfers and Ponzi scheme include, without limitation, hundreds of thousands of dollars in improperly transferred and acquired monies.

146.    The property, including but not limited to the Transfers, Preference Transfers, and Post-Petition Transfers are not of inconsequential value to the Estate and recovering these funds is paramount to Debtor's ability to pay creditors.

147.    Plaintiff and the Debtor's Estate also suffered damages by incurring attorney's fees and costs associated with the prosecution of Defendants' unlawful activities.

**SEVENTH CLAIM FOR RELIEF**

**Turnover of Estate Property**

**[11 U.S.C. § 542]**

**Against Unified**

148.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 147 as though set forth in full.

149.    Defendant has possession or control over property of the Estate in the form of the Transfers made pursuant to illegal and unenforceable agreements.

150.    The Transfers are not of inconsequential value to the Estate.

151.    The funds that are the subject of the Transfers are paramount to Debtor's ability to pay creditors.

152.    Accordingly, Trustee is entitled to a judgment for turnover of the Transfer pursuant to 11 U.S.C. § 542.

**EIGHTH CLAIM FOR RELIEF**

**Objection and Disallowance of Claim**

**[11 U.S.C. §§ 502(d) and 547(a)(4)]**

**Against Unified**

153.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 152 as though set forth in full.

154.    Defendant filed its Amended Claim on December 19 and December 20, 2024 alleging a general unsecured claim in the amount of $6,155,125.60.

155.    Defendant's basis for its Proof of Claim is based on its procurement and sale of consumer leads for LPG legal services pursuant to the Affiliate Agreement and/or the ARPA(s).

156.    Because the referrals from Defendant to Debtor are illegal under federal and state law, the agreements are void. Because the sale of the accounts receivable from Defendant to Debtor are illegal under federal and state law, they are void. Based on the Defendant's conduct set forth in this Complaint, the Amended Claim and any other claims having been filed or to be filed by Defendant in the Bankruptcy Case should be disallowed in its entirety pursuant to 11 U.S.C. §

502(d).

157.    Moreover, the Amended Claim fails to meet the standard of sufficiency under Fed. R. Bankr. P. 3001(c) to provide evidence and specific information in support of the claim. The Amended Claim should therefore be disallowed in its entirety.

<div align="center">**RESERVATION OF RIGHTS**</div>

158.    Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff may have against Defendants, on any and all grounds, as allowed under the law or in equity, including but not limited to, those claims not known by the Trustee at this time but that he may discover during the pendency of this adversary proceeding.

<div align="center">**PRAYER FOR RELIEF**</div>

**WHEREFORE**, Plaintiff prays for a judgment as follows:

**On The First, Second, Third, and Fourth Claims for Relief:**

1.    Avoiding, recovering, and preserving the Transfers against Defendant; and

2.    Punitive and/or exemplary damages;

**On the Fifth Claim for Relief:**

3.    Avoiding, recovering, and preserving the Preferential Transfer against Defendants;

**On the Sixth Claim for Relief:**

4.    Awarding Plaintiff compensatory damages in an amount to be determined at trial.

**On the Seventh Claim for Relief:**

5.    Ordering Defendants to immediately turn over the Transfers and/or Preference Transfers;

**On the Eighth Claim for Relief:**

6.    Order disallowing Defendant's Amended Claim and all claims filed by Unified as the funds requested are based on fraudulent activities;

/ / /

/ / /

/ / /

/ / /

1    **On All Claims for Relief:**

2    7.    Awarding costs of suit incurred here;

3    8.    Awarding pre- and post-judgment interest; and

4    9.    Granting any other and further relief as the Court deems just and proper.

5

6    Dated: February 28, 2025                                       Respectfully submitted,
                                                                     DINSMORE & SHOHL LLP

7

8                                                                    By: /s/ Spencer K. Gray
                                                                         Yosina M. Lissebeck
9                                                                        Christopher B. Ghio
10                                                                       Sara A. Johnston (admitted pro hac vice)
                                                                         Spencer K. Gray (admitted pro hac vice)
11                                                                   Attorneys for Richard A. Marshack, Plaintiff
                                                                     and Trustee of the LPG Liquidation Trust

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Exhibit 1
Page 30

1  CHRISTOPHER B. GHIO (259094)
   christopher.ghio@dinsmore.com
2  CHRISTOPHER CELENTINO (131688)
   christopher.celentino@dinsmore.com
3  YOSINA M. LISSEBECK (201654)
   yosina.lissebeck@dinsmore.com
4  DINSMORE & SHOHL LLP
5  655 West Broadway, Suite 800
   San Diego, California 92101
6  Tele:  619.400.0500
7  Fax:  619.400.0501

8  Sarah S. Mattingly (Ky. Bar 94257)
   sarah.mattingly@dinsmore.com
9  DINSMORE & SHOHL, LLP
   101 S. Fifth Street, Suite 2500
10 Louisville, Kentucky 40202
   Tele: 859-425-1096
11 Fax: 502-585-2207
12 (Admitted pro hac vice)

13 Special Counsel to Richard A. Marshack

14          UNITED STATES BANKRUPTCY COURT

15    CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

16 In Re                              Case No: 23-bk-10571-SC

17                                    Chapter 11

18                                    **ORDER GRANTING MOTION FOR**
   The Litigation Practice Group P.C.,  **ENTRY OF PROTECTIVE ORDER AND**
19                                    **THE PROTECTIVE ORDER**
              Debtor(s),
20
21                                    Date:    May 23, 2024
                                      Time:    1:30 p.m.
22                                    Judge:   Hon. Scott C. Clarkson
23                                    Place:   Courtroom 5C (via Zoom)[1]
                                               411 West Fourth Street
24                                             Santa Ana, CA 92701
25
26
27  _____

28 [1] Video and audio connection information for each hearing will be provided on Judge Clarkson's
   publicly posted hearing calendar, which may be viewed online at:
   http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

Exhibit 1
Page 31

FILED & ENTERED

JUN 03 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

The Court has read and considered the Notice of Motion and Motion for Entry of Protective Order (the "Motion") filed by Richard A. Marshack, in his capacity as the Chapter 11 Trustee (the "Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C., on May 2, 2024, pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c)(1), as Dk. No. 1164 ("Motion"), and has found good cause to grant the Motion.

IT IS HEREBY ORDERED that:

1.      The Motion is granted;

2.      The below Protective Order shall apply to any contested matter arising in the main bankruptcy case and in all adversary proceedings filed by or against Trustee, present and future; and

3.      Govern the discovery conducted therein.

## PROTECTIVE ORDER

### 1.      DEFINITIONS

1.1      "Confidential Information" as used in this Protective Order shall mean documents and other information (regardless of how generated, stored or maintained) that a Party or non-party reasonably believes to contain or reflect non-public financial or business information, bank records, financial records, such as social security numbers, non-public financial or personal information of a Party or non-party, account numbers, sensitive digital information and identifiers, information subject to confidentiality agreements or provisions other than this Protective Order, and other non-public research, development, or commercial information that derives value or avoids injury by virtue of not being known to the public.

1.2      This "Action" is defined and hereby means any contested matter arising in the main bankruptcy case and in all adversary proceedings filed by or against Trustee, present and future.

1.3      "Designating Party" means a Party or non-party that designates Confidential Information during the Action.

1.4      "Receiving Party" means a Party that receives Confidential Information during the Action.

Exhibit 1
Page 32

1.5    "Party" or "Parties" means person or entity subject to this Protective Order.

**2.    SCOPE OF THIS PROTECTIVE ORDER**

2.1    Unless otherwise ordered, this Protective Order shall govern certain documents and other products of discovery obtained in the Action from the Parties there to, and from third parties. As well as certain information copied or derived therefrom, excerpts, summaries or compilations thereof, including, but not limited to, documents voluntarily exchanged as part of early settlement discussions, documents produced pursuant to initial disclosures, requests authorized by the Federal Rules of Civil Procedure made applicable herein by the Federal Rules of Bankruptcy Procedure, answers to interrogatories, deposition transcripts, responses to requests for production, responses to requests for admission, subpoenas, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of the Action and designated as Confidential Information.

**3.    DESIGNATION OF CONFIDENTIAL INFORMATION**

3.1    This Protective Order shall govern the production and handling of any Confidential Information in this Action. Any Party or non-party who produces Confidential Information in this Action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Protective Order. Whenever possible, the Designating Party must designate only those portions of a document, written discovery responses, deposition, transcript, or other material that contain the Confidential Information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its Confidential Information outside of this Action or for any business purposes. In addition, any Party may move to modify or seek other relief from any of the terms of this Protective Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Parties or Party as the case may be under the terms of this Protective Order. Further, nothing in this Protective Order shall prevent a Party from redacting documents consistent with the Federal Rules of Civil Procedure and utilizing the documents as needed through-out the Action.

3.2    <u>Application to Non-Parties:</u> Before a non-party is given copies of documents or materials designated as Confidential Information or Attorneys' Eyes Only as permitted hereunder, it

must first sign an acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the Parties to this Action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign attached <u>Exhibit A.</u>

3.3 <u>Timing and Provisional Protection:</u> Designations of Confidential Information may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate documents or materials containing Confidential Information at the time of production or disclosure, including on the record during the taking of any deposition. Deposition testimony will be deemed provisionally protected for a period of thirty (30) days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

3.4 <u>Manner of Designation:</u> Confidential Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm the designation in writing. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image that contains Confidential Information.

**4.     CHALLENGES TO DESIGNATED INFORMATION**

4.1     In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within fifteen (15) days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is

4

Exhibit 1
Page 34

resolved by the Parties or ruled upon by the Court, the designated information shall remain protected under this Protective Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**5.      LIMITED ACCESS/USE OF PROTECTED INFORMATION**

5.1      <u>Restricted Use:</u> Information that is produced or exchanged in the course of the Action and designated under this Protective Order may be used for preparation for trial and preparation for any appeal of any and all matters in the Action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No Confidential Information may be disclosed to any person except in accordance with the terms of this Protective Order, unless the parties are co-counsel or have entered into joint defense agreements. All persons in possession of Confidential Information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Protective Order may subject the disclosing person or party to sanctions.

5.2      <u>Access to "Confidential" Information:</u> The Party(ies) and all persons subject to this Protective Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

a)      The Court, its personnel, and court reporters;

b)      Counsel of record, or co-counsel for any Party, or other party that has entered into a joint defense agreement in the Action and their employees who assist counsel of record, or co-counsel in the Action and are informed of the duties and obligations imposed hereunder;

c)      The Parties, including their clients, agents and employees who are assisting or have reason to know of the Action;

/ / /

5

Exhibit 1
Page 35

d)    Experts or consultants employed by the Parties or their counsel, or co-counsel, for purposes of an Action, so long as each such expert or consultant has signed attached Exhibit A; and

e)    Other witnesses or persons with the Designating Party's consent or by court order.

5.3    Access to "Attorneys' Eyes Only" Designations: The Parties and all persons subject to this Protective Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

a)    The Court, its personnel, and court reporters;

b)    Counsel of record, or co-counsel for any Party, or other party that has entered into a joint defense agreement in the Action and their employees who assist counsel of record in the Action and are informed of the duties hereunder;

c)    In-house counsel for any Party in the Action and Richard A. Marshack, as Chapter 11 Trustee of The Litigation Practice Group P.C. who is informed of the duties and obligations imposed hereunder;

d)    Experts or consultants employed by the Parties or their counsel, or co-counsel for purposes of the Action,  and so long as each such expert or consultant has signed attached Exhibit A; and

e)    Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

5.4    Non-Waiver Effect of Designations: Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, will constitute a waiver of any Party(ies)'s claim or defense in the Action or any other action or proceeding, including, but not limited to, a claim or defense that any designated information is or is not Confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

5.5    In-Court Use of Designated Information: If information designated under this Protective Order will or may be offered in evidence at a hearing or trial related to any matter in the Action, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with

the Court's case-management or other pre-trial order, or by a motion *in limine.* Nothing in this Protective Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

### 6.    CLAW-BACK REQUESTS

6.1    <u>Failure to Make Designation:</u>  If, at any time, a Party or non-party discovers that it produced or disclosed Confidential Information without designation, it may promptly notify the Receiving Party and identify with particularity the Confidential Information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within thirty (30) days of receiving the claw-back notification, the Receiving Party must: (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Protective Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

6.2    <u>Inadvertent Production of Privileged Information:</u> If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5)(B) as to the information subject to the claimed protection.

/ / /

/ / /

/ / /

7

Exhibit 1
Page 37

## 7.    DURATION/CONTINUED RESTRICTIONS

7.1    <u>Handling of Designated Information Upon Conclusion of the Main Bankruptcy Case:</u>
Upon conclusion of the Main Bankruptcy Case, by way of dismissal or closing of the case, the Designating Party(ies) is/are responsible for ensuring that any Party or person to whom the Designating Party shared or disclosed designated information in any of the matters under the Action returns or destroys all of its copies, regardless of the medium in which it was stored. No witness or Party may retain designated information that it received from any other Party or non-party under this Protective Order; only counsel of record, or co-counsel, are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to protect its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Protective Order. This provision does not apply to the Court or Court staff. Moreover, this provision does not apply to Trustee, who may retain and use – consistent with this Order – Confidential Information received in any Action during the entirety of the Bankruptcy.

7.2    <u>Continued Restrictions Under this Protective Order:</u> The restrictions on disclosure and use of Confidential Information shall survive the conclusion of the Bankruptcy case and any matter in the Action.

## 8.    PRIVILEGED OR PROTECTED INFORMATION

8.1    Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, the work-product protection, or any other legally cognizable privilege (a "Privilege or Protection").  If information subject to a claim of Privilege or Protection is inadvertently produced, pursuant to Federal Rule of Evidence 502(d) such production shall not constitute a waiver of, or estoppel as to, any claim of Privilege or Protection for such information or any other information that may be protected from disclosure by a Privilege or Protection in any proceeding.

8.2    If a Party receives a document that appears to be subject to a Privilege or Protection, then it shall refrain from examining the document any more than is essential to ascertain if it is privileged or protected and shall promptly notify the producing Party in writing that the receiving

<center>8</center>

Exhibit 1
Page 38

Party possesses material that appears to be subject to a Privilege or Protection. The producing Party shall have seven (7) days after receiving such notice to assert a Privilege or Protection over the identified material. If the producing Party does not assert a claim of Privilege or Protection within the seven (7)-day period, the material in question shall be deemed not privileged or protected.

8.3    If a producing Party has produced a document subject to a claim of Privilege or Protection, upon written request by the producing Party, the document for which a claim of Privilege or Protection is made shall be sequestered or destroyed to the extent reasonably practicable, and the receiving Party shall not use the document for any purpose other than in connection with analyzing or disputing a claim of Privilege or Protection or in connection with a motion to compel the production of the document.

8.4    The receiving Party sequestering or destroying such material may then move the Court for an order compelling production of the material. The applicable producing Party bears the burden of establishing the applicable Privilege or Protection of any clawed-back document or information as and to the same extent that it would have borne such burden had it not produced the document or information.  Nothing in this Protective Order shall limit the Court's right or any receiving Party's right to request an in camera review of any information subject to a claim of Privilege or Protection.

### 

Date: June 3, 2024

Exhibit 1
Page 39

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

1

Exhibit 1
Page 40

1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Yosina M. Lissebeck (State Bar No. 201654)
   **DINSMORE & SHOHL LLP**
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone:  619.400.0500
   Facsimile:  619.400.0501
5  christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
6  yosina.lissebeck@dinsmore.com

7  Sarah S. Mattingly (Ky. Bar 94257)
   DINSMORE & SHOHL, LLP
8  101 S. Fifth Street, Suite 2500
   Louisville, KY 40202
9  Telephone: 859-425-1096
   Facsimile: 502-585-2207
10 Sarah.mattingly@dinsmore.com
   (Admitted pro hac vice)

11
   Special Counsel to Richard A. Marshack,
12 Chapter 11 Trustee

13

14

15                 **UNITED STATES BANKRUPTCY COURT**

16                 **CENTRAL DISTRICT OF CALIFORNIA**

17

18 In Re                           Case No. 8:23-BK-10571-SC

19                                 Chapter 11

20 The Litigation Practice Group P.C.,   **EXHIBIT A TO STIPULATED**
                                          **ORDER**
       Debtor(s),
21                                 Date:  May 23, 2024

22                                 Time:  1:30 p.m.

23                                 Judge:  Hon. Scott C. Clarkson
                                   Place:  Courtroom 5C[1] - Via Zoom
24                                         411 W. Fourth Street
                                           Santa Ana, CA  92701
25

26

27 ───────────────────────

28 [1] Video and audio connection information for each hearing will be provided on Judge Clarkson's
    publicly posted hearing calendar, which may be viewed online at:
    http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

                              1

Exhibit 1
Page 41

This is to certify that:

     (a)    I am being given access to Confidential Information pursuant to the Stipulated Protective Order that was entered into the main bankruptcy case for Litigation Practice Group, but which is binding and controlling as set forth by the Court's Order on any and all contested matters and any and all litigation commenced by Trustee;

     (b)    I have read the Stipulated Protective Order; and

     (c)    I agree to be bound by the terms and conditions thereof, including, without limitation, to the obligations regarding the use, non-disclosure and return of such Confidential Information. I further agree that in addition to being contractually bound by the Stipulated Protective Order, I am subject to the jurisdiction of the above reference Court for any violation thereof.

Date: _____

_____
        Signature

_____
       Printed Name

2

Exhibit 1
Page 42

# EXHIBIT 2

Exhibit 2
Page 43

## <u>Litigation Practice Group- Affiliate Agreement</u>

THIS AGREEMENT (the "Agreement") is made and effective as of this 30th of September, 2019 by and between Litigation Practice Group and **Unified Global Research Group Inc** (hereinafter "Affiliate").

RECITALS:

Litigation Practice Group is in the business of providing a package debtor's rights services in the form of credit repair and collection defense. Among the services offered be Litigation Practice Group are the following:

- Repair of inaccurate credit reporting through correspondence directly with the three credit bureaus;
- Validation of consumer debts through correspondence with original creditors, third party debt collectors and assignees, and all three credit bureaus;
- Defense of collection actions initiated by original creditors or third party assignees;
- Negotiation of advantageous settlements of consumer debts;
- Education of clients regarding consumer debts, credit scoring, and forward-looking strategies to protect and enhance one's credit.

Each of these services is offered without regard to the identity of the creditor or third party debt collector or assignee.

Affiliate owns and operates a system of generating leads consisting of consumers interested in credit repair services. Affiliate, acting in accordance with direction from Litigation practice Group, shall obtain the names of Consumers and will market in a lawful manner, complying with the restrictions of the jurisdiction in which the consumer resides. For consumers interested in utilizing Litigation practice Group's services, Affiliate will assist Litigation Practice Group in having consumers execute Litigation practice Group's approved legal services agreement, at which point consumers will become clients of Litigation practice Group, and Litigation Practice Group will be exclusively responsible for and liable for the representation of consumers in the context of credit repair. Nothing in this Agreement nor in the Litigation Practice Group legal services agreement shall restrict Affiliate from offering any other service of any kind to consumer, including alternative credit repair or debt relief programs. Nor is Affiliate restricted from marketing on behalf of other credit repair or debt relief entities, including but not limited to other law firms. Litigation Practice Group and Affiliate hereby agree that any and all prior agreements entered into by Litigation Practice Group and Affiliate or null and void and unenforceable, with the exception of the compensation provisions of any such agreements which shall remain intact, along with all restrictions on confidentiality, protection afforded to either party relating to the proprietary nature of business services and noncompetition, indemnity, attorneys' fees, equitable rights and any dispute resolution, jurisdiction, forum and venue requirements.

1

Exhibit 2
Page 44

DocuSign Envelope ID: 396EDA9D-1A22-4302-8E5D-D8CDBA65B8CA

**Litigation Practice Group and Affiliate hereby agree to the following:**

1.      Each Party shall be solely responsible for bearing its own costs and expenses incurred in performing its responsibilities under this Agreement, including all tariffs, filings, licensing and/or other fees.

2.      Affiliate shall comply with state and federal laws in communicating with consumers regarding Litigation Practice Group or any of its programs.

3.      Litigation Practice Group shall comply with state and federal laws in performing its obligations under the legal services agreement entered into between Litigation Practice Group and the consumers referred by Affiliate.

4.      If requested by Litigation practice Group, Affiliate shall provide a copy of all marketing materials to Litigation Practice Group upon receiving a request from Litigation practice Group.  Affiliate shall endeavor to provide such materials within 10 business days of such request, but may provide such materials in any time frame that is commercially reasonable.

5.      Affiliate agrees to keep any and all documents or communications between itself and Litigation Practice Group confidential pursuant to the provisions set forth below.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to Litigation practice Group: Litigation Practice Group shall pay **65%** per file for each file that Affiliate refers to Litigation practice Group.  Litigation Practice Group shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days.  If any consumer cancels Litigation practice Group's credit repair services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to Litigation Practice Group(in such percentage as is set forth herein).  Litigation Practice Group has exclusive discretion to grant or deny a requested refund or cancellation.  Litigation Practice Group shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by Litigation practice Group.  Finally, Litigation Practice Group may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with Litigation practice Group, and has sole discretion to make such determination.

7.      Litigation Practice Group shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same.  Neither Litigation Practice Group nor Affiliate shall be required to pay the expenses of the other, except that Affiliate shall bear a percentage of local counsel fees associated with the defense of consumers in court in an amount equal to the per file percentage above $750.00 to which the Affiliate is entitled as set forth in Paragraph 6 above.  This means that Affiliate shall no bear any portion of the fees up to a cap of $750.00, and shall bear a pro rata share of fees beyond $750.00, which shall be resolved on a monthly basis and deducted from the fees remitted pursuant to Paragraph 6, above.

Exhibit 2
Page 45

8.      Litigation Practice Group reserves all rights with regard to rejection, cancellation of a consumer, but will do so only in accordance with the California Rules of Professional Conduct applicable to licensed attorneys.

9.      This agreement shall continue to operate and bind Litigation Practice Group and Affiliate for a period of 18 months from the date of execution of this Agreement.  At that time, this Agreement will automatically renew for an additional 18 month term unless, 30 days prior to the automatic renewal date, Litigation Practice Group or Affiliate shall postmark a cancellation letter clearly stating the intent of that party to terminate this Agreement on the automatic renewal date.

10.     If either party shall default under this Agreement, defined as a failure to comply with any of the obligations set forth above, the Agreement shall terminate following notice of default and a cure period of 30 days from the date postmarked on the notice of default.  The notice of default must state with specificity the act of default alleged.

11.     Upon termination of this Agreement for any reason whatsoever, Litigation Practice Group and Affiliate will refrain from making any disparaging or negative comment, remark, statement, or implication, whether written or oral.

12.     The confidential information of Litigation Practice Group or Affiliate shall include information regarding contracts, customer or client lists or information, hardware, software, screens, specifications, designs, plans, drawings, data, prototypes, discoveries, research, developments, methods, processes, procedures, improvements, 'Know-how', compilations, market research, marketing techniques and plans, marketing materials, business plans and strategies, documents, scripts, guidelines, price lists, pricing policies and financial information or other business and/or technical information and materials, in oral, demonstrative, written, graphic or machine-readable form, which is unpublished, not available to the general public or trade, and which is maintained as confidential and proprietary information by the disclosing party for regulatory, customer relations, and/or competitive reasons.  Neither Litigation Practice Group nor Affiliate may disclose the confidential information of the other with the express written consent of the other.  A failure to abide by this confidentiality term shall entitle the party whose confidential information was compromised to a reasonable sum not less than $50,000.00, nor more than $200,000.00.  The disclosure of information in connection with a judicial proceeding shall not constitute a violation of this term.  The parties agree to notify the other if any inadvertent disclosure of information occurs within 48 hours of becoming aware of such disclosure.  The parties agree to work together in good faith to remediate any disclosure of confidential information.  A party whose confidential information is disclosed shall be entitled to injunctive relief in any court of competent jurisdiction.

13.     If, after the passage of six months of the date of this Agreement, Affiliate fails, in any one calendar month, to have at least fifty (50) active consumers, Litigation Practice Group shall withhold 20% of the fees due to Affiliate for said month in an escrow account.  Such fees shall be held in escrow until, in a single calendar month, Affiliate has fifty (50) or more active consumers, at which point, within five (5) business days of the end of such calendar month, Litigation Practice Group shall transfer the balance of such escrow account to Affiliate and retain nothing in such escrow account.  If Affiliate shall

3

Exhibit 2
Page 46

cease operations for any reason, or this Agreement shall terminate for any reason, Affiliate will continue to receive fees due to it under this Agreement until all active consumers have completed or withdrawn from the program, at which point any remaining amounts being held in escrow shall be released to Affiliate in full.

14.     Affiliate agrees not to use the name Litigation Practice Group in any advertising, publicity release, or sales presentation designed to promote Affiliate's service, unless Litigation Practice Group provides prior written consent to such specific use.

15.     Any fees incurred by Litigation Practice Group in connection with a customer's Non-Sufficient Funds ("NSF") fee shall be borne mutually by both Litigation Practice Group and Affiliate if and only if the customer cancels the program after such NSF.  The Affiliate shall bear that portion of the NSF fee commensurate with its share of the per file fee set forth in Paragraph 6, above.  This amount shall be deducted from the fees remitted to Affiliate in the month in which the NSF charge is incurred.

16.     This Agreement may not be assigned or transferred without the prior written consent of the other.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

17.     In the event of a breach, the prevailing party shall be entitled to reasonable attorneys' fees and collection costs, including all fees and costs on appeal.

18.     This Agreement contains the entire Agreement between the Parties, and shall not be modified, amended or supplemented, or any rights therein waived, unless specifically agreed upon in writing by Litigation Practice Group and Affiliate.

**Litigation Practice Group**

_____

**By: John M. Thompson, Principal**

**Unified Global Research Group Inc**

_Pamela Adams_
C6E3E9F79834445...

By: Pamela Adams

Title:  Accounting Manager

Exhibit 2
Page 47

## Electronic Funds Transfer Authorization

This Electronic Funds Transfer (EFT) authorization is for use in connection with the foregoing Agreement, and permits Litigation Practice Group to transfer any and all amounts due to **Unified Global Research Group Inc** ("Affiliate") under the foregoing Agreement by EFT.  By signing below, Affiliate hereby authorizes Litigation Practice Group to initiate EFT transfers at its discretion, with all fees and costs incurred by Affiliate in connection with such transfer to be borne by Affiliate, while all fees and costs incurred by Litigation Practice Group in connection with such transfer to be borne by Litigation Practice Group.

Account Holder Signature: _____*Pamela Adams*_____ Date: _____9/30/2019_____

By:  Pamela Adams

Title:  Accounting Manager

Account Owner Name: **Unified Global Research Group Inc**

Social Security Number / FEIN Number associated with account listed below: .

Address: **1660 Hotel Circle N S620**

City: **San Diego**  State: **CA**  Zip: **92108**  Tel:

Bank Name: .

Routing Number: :

Account Number: :

Account type: ‾

5

Exhibit 2
Page 48

# EXHIBIT 3

Exhibit 3
Page 49

DocuSign Envelope ID: 23E62F2B-CBD2-4623-A311-142BCE5E2396

### B.A.T. Inc. dba Coast Processing - Affiliate Agreement

THIS AGREEMENT (the "Agreement") is made and effective as of the 1st day of January, 2020 by and between B.A.T. Inc. dba Coast Processing ("BAT") and **Unified Global Research Group Inc** (hereinafter "Affiliate").

RECITALS:

BAT is in the business of providing a package debtor's rights services in the form of debt validation, consultation, and litigation defense through law firms for which BAT provides administrative support services (those law firms include but are not limited to The Litigation Practice Group PC and Sonoma County Law). Among the services offered by BAT through the law firms handling each client file are the following:

- Removal of invalid debts through correspondence directly with the three credit bureaus;
- Validation of consumer debts through correspondence including disputes with original creditors, validation demands to third party debt collectors and assignees, and disputes with all three credit bureaus;
- Defense of collection actions initiated by original creditors or third party assignees;
- Negotiation of advantageous settlements of consumer debts both pre and post litigation;
- Education of clients regarding federal laws applicable to consumer debt and credit reporting, and consultation regarding risk mitigation and litigation defense through its network of attorneys across the country.

Each of these services is offered without regard to the identity of the creditor or third-party debt collector or assignee. BAT reviews all client files prior to the execution of the client's legal services agreement with the appropriate law firm, and maintains oversight through its administrative services over all file placements.

Affiliate owns and operates a system of generating leads consisting of consumers interested in the legal services offered by BAT. Affiliate, acting in accordance with direction from BAT, shall obtain the names of Consumers and will market in a lawful manner, complying with the restrictions of the jurisdiction in which the consumer resides. For consumers interested in utilizing BAT's services, Affiliate will assist BAT in having consumers execute an approved legal services agreement with a law firm to which BAT provides administrative support services, at which point consumers will become clients of that law firm, and that law firm will be exclusively responsible for and liable for the representation of consumers in the context of the provision of legal services. Nothing in this Agreement nor in the eventual legal services agreement shall restrict Affiliate from offering any other service of any kind to consumer, including credit repair or debt relief programs. Nor is Affiliate restricted from marketing on behalf of credit repair or debt relief entities, including but not limited to other law firms. BAT and Affiliate hereby agree that any and all prior agreements entered into by BAT and Affiliate or any law firm to which BAT provides administrative support services and Affiliate are null and void and unenforceable, and this Agreement shall become the operative agreement for all files previously placed through the use of BAT's administrative support services.

1

Exhibit 3
Page 50

DocuSign Envelope ID: 23F62F2B-CBD2-4623-A311-142BCE5F2396

Case 8:23-bk-10571-SC   Claim 234-1 Part 2   Filed 02/28/24   Desc Supporting Documents
Main Document   Page 7 of 45   Page 51 of 281

BAT and Affiliate hereby agree to the following:

1.      Each Party shall be solely responsible for bearing its own costs and expenses incurred in performing its responsibilities under this Agreement, including all tariffs, filings, licensing and/or other fees.

2.      Affiliate shall comply with state and federal laws in communicating with consumers regarding BAT, any law firm utilized by BAT, or any of the programs of BAT or the assigned law firm.

3.      Both BAT and the law firm it utilizes shall comply with all state and federal laws in performing its obligations under the legal services agreement entered into between BAT and the consumers referred by Affiliate.

4.      If requested by BAT, Affiliate shall provide a copy of all marketing materials to BAT upon receiving a request from BAT.  Affiliate shall endeavor to provide such materials within 10 business days of such request, but may provide such materials in any time frame that is commercially reasonable.

5.      Affiliate agrees to keep any and all documents or communications between itself and BAT confidential pursuant to the provisions set forth below.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to BAT: BAT shall pay 65% per file for each file that Affiliate places with BAT, not counting the monthly maintenance fee of $71.38, which BAT shall retain to cover administrative costs for each file. BAT shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days.  If any consumer cancels BAT's services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to BAT (in such percentage as is set forth herein).  BAT has exclusive discretion to grant or deny a requested refund or cancellation.  BAT shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by BAT.  Finally, BAT may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with BAT, and has sole discretion to make such determination.

7.      BAT shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same except as is set forth in this Paragraph.  Neither BAT nor Affiliate shall be required to pay the expenses of the other, except that Affiliate shall bear a percentage of local counsel fees associated with the defense of consumers in court in an amount equal to the per file percentage above $750.00 to which the Affiliate is entitled as set forth in Paragraph 6 above. This means that Affiliate shall not bear any portion of the consumer's local counsel fees up to a cap of $750.00, and shall bear a pro rata share of fees beyond $750.00, which shall be resolved on a monthly basis and deducted from the fees remitted pursuant to Paragraph 6, above. In no event shall local counsel fees exceed $2,500.00 on any individual file, inclusive of the $750.00 fee to be borne exclusively by BAT.  This means that the pro rata percentage of fees to be shared by Affiliate shall be

2

Exhibit 3
Page 51

DocuSign Envelope ID: 23E62F2B-CBD2-4623-A311-142BCE5E2396
Case 8:23-bk-11571-SC    Claim 2-3 Part 2    Filed 12/28/23/24 tered 02/28/25 12:37:39    Desc
Main Document    Page 8 of 45    Page 52 of 281

capped at $1,750.00 ($2,500.00 minus the $750.00 fee to be borne exclusively by BAT). No other charge of any kind not described in this Agreement shall be imposed upon Affiliate by the law firm to which any individual client file should happen to be placed.

8.      BAT reserves all rights with regard to rejection or cancellation of a consumer, but will do so only in accordance with the recommendation of the law firm utilized in providing such service, and only subject to the applicable state bar rules for such representation.

9.      This agreement shall continue to operate and bind BAT and Affiliate for a period of 18 months from the date of execution of this Agreement. At that time, this Agreement will automatically renew for an additional 18 month term unless, 30 days prior to the automatic renewal date, BAT or Affiliate shall postmark a cancellation letter clearly stating the intent of that party to terminate this Agreement on the automatic renewal date.

10.     If either party shall default under this Agreement, defined as a failure to comply with any of the obligations set forth above, the Agreement shall terminate following notice of default and a cure period of 30 days from the date postmarked on the notice of default. The notice of default must state with specificity the act of default alleged.

11.     Upon termination of this Agreement for any reason whatsoever, BAT and Affiliate will refrain from making any disparaging or negative comment, remark, statement, or implication, whether written or oral.

12.     The confidential information of BAT or Affiliate shall include information regarding contracts, customer or client lists or information, hardware, software, screens, specifications, designs, plans, drawings, data, prototypes, discoveries, research, developments, methods, processes, procedures, improvements, 'Know-how', compilations, market research, marketing techniques and plans, marketing materials, business plans and strategies, documents, scripts, guidelines, price lists, pricing policies and financial information or other business and/or technical information and materials, in oral, demonstrative, written, graphic or machine-readable form, which is unpublished, not available to the general public or trade, and which is maintained as confidential and proprietary information by the disclosing party for regulatory, customer relations, and/or competitive reasons. Neither BAT nor Affiliate may disclose the confidential information of the other with the express written consent of the other. A failure to abide by this confidentiality term shall entitle the party whose confidential information was compromised to a reasonable sum not less than $50,000.00, nor more than $200,000.00. The disclosure of information in connection with a judicial proceeding shall not constitute a violation of this term. The parties agree to notify the other if any inadvertent disclosure of information occurs within 48 hours of becoming aware of such disclosure. The parties agree to work together in good faith to remediate any disclosure of confidential information. A party whose confidential information is disclosed shall be entitled to injunctive relief in any court of competent jurisdiction.

13.     If, after the passage of six months of the date of this Agreement, Affiliate fails, in any one calendar month, to have at least fifty (50) active consumers, BAT shall withhold 20% of the fees due to

3

Exhibit 3
Page 52

Affiliate for said month in an escrow account. Such fees shall be held in escrow until, in a single calendar month, Affiliate has fifty (50) or more active consumers, at which point, within five (5) business days of the end of such calendar month, BAT shall transfer the balance of such escrow account to Affiliate and retain nothing in such escrow account. If Affiliate shall cease operations for any reason, or this Agreement shall terminate for any reason, Affiliate will continue to receive fees due to it under this Agreement until all active consumers have completed or withdrawn from the program, at which point any remaining amounts being held in escrow shall be released to Affiliate in full.

14.     Affiliate agrees not to use the name BAT or any law firm in any advertising, publicity release, or sales presentation designed to promote Affiliate's service, unless BAT provides prior written consent to such specific use.

15.     Any fees incurred by BAT in connection with a customer's Non-Sufficient Funds ("NSF") fee shall be borne mutually by both BAT and Affiliate if and only if the customer cancels the program after such NSF. The Affiliate shall bear that portion of the NSF fee commensurate with its share of the per file fee set forth in Paragraph 6, above. This amount shall be deducted from the fees remitted to Affiliate in the month in which the client having an outstanding NSF charge cancels the program without remitting such NSF fee.

16.     This Agreement may not be assigned or transferred without the prior written consent of the other. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

17.     In the event of a breach, the prevailing party shall be entitled to reasonable attorneys' fees and collection costs, including all fees and costs on appeal.

18.     This Agreement contains the entire Agreement between the Parties, and shall not be modified, amended or supplemented, or any rights therein waived, unless specifically agreed upon in writing by BAT and Affiliate.


**B.A.T., Inc.**

_____


**By: Brian Reale, Chief Executive Officer**


**Unified Global Research Group Inc**

_Pamela Adams_
C8E3E9F79634445...
By: Pamela Adams

Title: Accounting Manager

4

Exhibit 3
Page 53

DocuSign Envelope ID: 23562F2B-CBD2-4623-A311-143BCE5E2396

Case 8:23-bk-10571-SC Claim 2-35 Part 2 Filed 01/26/24 Desc Exhibit 3 Supporting Documents Main Document Page 10 of 45 Page 54 of 281

## Electronic Funds Transfer Authorization

This Electronic Funds Transfer (EFT) authorization is for use in connection with the foregoing Agreement, and permits BAT to transfer any and all amounts due to **Unified Global Research Group IncLLC** ("Affiliate") under the foregoing Agreement by EFT. By signing below, Affiliate hereby authorizes BAT to initiate EFT transfers at its discretion, with all fees and costs incurred by Affiliate in connection with such transfer to be borne by Affiliate, while all fees and costs incurred by BAT in connection with such transfer to be borne by BAT.

Account Holder Signature: _Pamela Adams_   Date: _2/25/2020_

By: Pamela Adams

Title: Accounting Manager

Account Owner Name: **Unified Global Research Group Inc**

Social Security Number / FEIN Number associated with account listed below:

Address: **1660 Hotel Circle N S620, San Diego CA 92108**

Tel:

Bank Name: **Wells Fargo**

Routing Number:

Account Number:

Account type: **Checking Account**

Exhibit 3
Page 54

# ADDENDUM TO B.A.T. INC. dba COAST PROCESSING AFFILIATE AGREEMENT

B.A.T. Inc. dba Coast Processing ("BAT") and **Unified Global Research Group Inc** (hereinafter "Affiliate") hereby amend their agreement dated **February 28th 2020**. The parties jointly agree to remove Paragraphs 6 and 7 of said Agreement and replace it with the following amended Paragraphs 6 and 7. All other provisions of the Agreement shall remain in full force and effect and shall not be altered in any way by this amendment, which is limited to a revision of Paragraphs 6 and 7 only. This addendum shall take effect March 1, 2020, regardless of its date of execution, and shall apply to all new consumers enrolled on or after March 1, 2020. This addendum shall not alter any obligation of BAT or Affiliate that existed prior to March 1, 2020, and those obligations shall remain in full force and effect, including chargebacks for fees incurred prior to March 1, 2020.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to BAT: BAT shall pay 65.00% per file for each file that Affiliate places with BAT, not counting the monthly maintenance fee of $91.38, which BAT shall retain to cover administrative costs for each file. BAT shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days. If any consumer cancels BAT's services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to BAT (in such percentage as is set forth herein). BAT has exclusive discretion to grant or deny a requested refund or cancellation. BAT shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by BAT. Finally, BAT may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with BAT, and has sole discretion to make such determination.

7.      BAT shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same except as is set forth in this Paragraph. Neither BAT nor Affiliate shall be required to pay the expenses of the other. To compensate BAT for incurring all legal fees associated with responding to lawsuits filed against consumers, including fees paid to attorneys assigned to handle lawsuits, fees paid to the court or other governmental entity, or any other fee associated with he defense or resolution of a lawsuit, BAT shall increase its monthly maintenance fee by $20.00, to $91.38. This shall not apply retroactively to any client enrolled prior to March 1, 2020, whose maintenance fee shall remain $71.38.

**B.A.T., Inc.**

_____

**By: Brian Reale, Chief Executive Officer**

**Unified Global Research Group Inc**

*Pamela Adams*
C8E3E9F79634445...

**By:** Pamela Adams

**Title:** Accounting Manager

Exhibit 3
Page 55

# EXHIBIT 4

Exhibit 4
Page 56



*Legal Counsel.*

**DINSMORE & SHOHL** LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507
www.dinsmore.com

Tyler Powell
(859) 425-1046 (direct) ^ (859) 425-1099 (fax)
Tyler.powell@dinsmore.com

September 15, 2023

**CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FEDERAL RULE OF EVIDENCE 408**

Unified Global Research Group Inc.
pamela@consumerservicesco.com
pamela@atlasmp.com

Re:    In re: The Litigation Practice Group, P.C.
       U.S. Bankruptcy Court, Central District of California, Case No. 8:23-bk-10571

Dear Sir/Madam:

This firm represents Richard A. Marshack, solely in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of The Litigation Practice Group, P.C. ("Debtor") in the above-referenced bankruptcy case. Pursuant to 11 U.S.C. § 1107 and his appointment as Trustee, the Trustee has the obligation to investigate and pursue claims, including avoidance actions.

After a review of the Debtor's books and records, the Trustee believes that he may have claims against you to avoid and recover certain payments. This letter is written in an attempt to settle such claims, and its contents may not be used for any other purpose.

Section 547 of the Bankruptcy Code permits a trustee or debtor-in-possession to avoid certain payments made to creditors within the 90-day period preceding the filing of a bankruptcy case. We have completed our preliminary investigation and have identified certain transfers from the Debtor(s) to you within the 90-day period prior to March 20, 2023, the date upon which the Debtor filed its bankruptcy case. These transfers are listed on the attached "Preference Transfer Schedule" showing the date and amount, according to the Debtor's books and records, of each transfer or other payment. The payments referenced on the "Preference Transfer Schedule" total $ 76,961.27. It appears that these transfers are preferential transfers which can be avoided by the Trustee and recovered from you pursuant to 11 U.S.C. §§ 547(b) and 550(a). This means that the Trustee can file suit in the bankruptcy court to recover these sums and object to payment of any claims you have against the Debtor until the suit is resolved.

Additionally, if you have filed a proof of claim against the Debtor, that claim may be disallowed pursuant to Section 502(d) of the Bankruptcy Code for failure to return an avoidable transfer. This means that if the preference claims against you are not resolved, then you may not

Exhibit 4
Page 57

receive a distribution from the Debtor's bankruptcy estate. The Trustee reserves the right to object to any proof of claim that you have filed or may file in the debtors' bankruptcy cases.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

If the payment proposal above is acceptable, please sign the original of this letter where indicated and return it with the appropriate payment no later than September 28, 2023.  Please make payment to the order of Richard A. Marshack, Chapter 11 Trustee.  All funds sent will be held in the Trustee's account for this case pending further orders of the Bankruptcy Court.

In the alternative, if you believe a valid defense to recovery exists for some or all of the transfers from the Debtor, please bring such defenses to our attention and we will assess any evidence you provide in support of a defense.  We have made efforts to analyze your reasonably known affirmative defenses to the avoidance of the preference payments. Based on our currently available information and given the nature of your relationship with the Debtor, we do not believe there are any potential defenses to reduce your liability for the preference payments.  There may be information or facts that we do not have to assess your potential defenses.  If you intend to assert a defense, please provide all documents evidencing any alleged defenses under 11 U.S.C. § 547(c), including, but not limited to, contracts, invoices and any other documentation showing the date, terms and amounts for the transfers received and any documents evidencing shipment dates as to goods and services provided by you to the Debtors.  To properly assert a defense, such information must show the date of receipt of the Debtors' payment and the amount, deposit date, and any proof of deposit for any or all of the transfers.  In addition, if you assert an ordinary course of business defense, please provide the previous information for the one year period immediately preceding March of 2023, or for the period that you actually did business with the Debtor, if less than one year.  Please make arrangements to provide any evidence in support of a defense to us as soon as possible.

If we have not received any reply to this letter by September 28, 2023, we will proceed to pursue recovery of the preferential transfers by filing suit against you in the bankruptcy court.  The Trustee also reserves all rights to bring additional claims against you as the investigation into your relationship with the Debtor continues and/or after discovery begins once a suit is filed.

Of course, we would be happy to discuss this matter with you or your counsel.

Sincerely,

_____
Tyler Powell, Esq.

2

Exhibit 4
Page 58

**The payment proposal set forth above is understood, acknowledged and voluntarily agreed to.  In exchange for a waiver and release from all claims that could be asserted by the Trustee of The Litigation Practice Group, P.C. pursuant to 11 U.S.C. §§ 547 and 550, I am authorized to accept this proposal on behalf of Point Break Holdings, LLC.  The sum of $_____ is enclosed.  I understand I may amend my claim to include the amount paid as part of my unsecured claim**.

_____

**BY**: _____

**TITLE**: _____

**DATE**: _____

*Enclosure*

3

Exhibit 4
Page 59

**The Litigation Practice Group, P.C. Preference Transfer Schedule**

| Vendor Name | Payment Date | Payment Amount |
|---|---|---|
| Unified Global Research Group Inc. | 1/24/2023 | $163.21 |
| Unified Global Research Group Inc. | 1/24/2023 | $16,762.37 |
| Unified Global Research Group Inc. | 1/6/2023 | $19,091.38 |
| Unified Global Research Group Inc. | 12/30/2022 | $5,793.94 |
| Unified Global Research Group Inc. | 12/28/2022 | $25,510.64 |
| | | **Total: $ 60,144.54** |

Exhibit 4
Page 60

# EXHIBIT 5

Exhibit 5
Page 61



**Legal Counsel.**



DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507
www.dinsmore.com

Spencer K. Gray
(859)425-1091 (direct)
Spencer.Gray@Dinsmore.com

February 20, 2024

**VIA EMAIL**
Unified Global Research Group, Inc.
pamela@consumerservicesco.com; pamela@atlasmp.com

In re:  The Litigation Practice Group, P.C., U.S. Bankruptcy Court,
Central District of California, Case No. 8:23-bk-10571.

Dear Sir/Madam:

This firm represents Richard A. Marshack, solely in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of The Litigation Practice Group, P.C. ("Debtor") in the above-referenced bankruptcy case. Pursuant to 11 U.S.C. § 1107 and his appointment as Trustee, the Trustee has the obligation to investigate and pursue claims, including avoidance actions.

After a review of the Debtor's books and records, the Trustee believes that he may have claims against Unified Global Research Group Inc. ("Unified") to avoid and recover certain payments. To further evaluate such claims, the Trustee intends to engage in discovery. **This letter is a meet and confer attempt pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.**

Specifically, the Trustee requests you produce: (1) copies of all agreements executed between Unified and the Debtor; (2) copies of all documents evidencing payment history between Unified and the Debtor; and (3) any other documents in your possession related to the business relationship between Unified and the Debtor.

The Trustee would prefer to arrange the production of these documents informally. If Unified prefers, however, the Trustee can and will obtain a subpoena requiring the production of the documents identified above by March 18, 2024.

Exhibit 5
Page 62

Please call me at 859.425.1091 to further discuss this meet and confer. We would like to resolve the production of these documents informally, but we do not have your telephone number. If I do not hear from you by February 23, 2024 we will consider that to indicate your preference to proceed by subpoena and we will respond accordingly.

Sincerely,

Spencer K. Gray

Exhibit 5
Page 63

# EXHIBIT 6

Exhibit 6
Page 64

**Gray, Spencer**

---

| | |
|---|---|
| **From:** | Vincent Renda, Esq. <vr@pinlegal.com> |
| **Sent:** | Sunday, February 25, 2024 4:15 PM |
| **To:** | Gray, Spencer |
| **Cc:** | Laurie Dillon |
| **Subject:** | Meet and Confer - In re: The Litigation Practice Group, P.C., U.S. Bankruptcy Court, Central District of California, Case No. 8:23-bk-10571. |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

| | |
|---|---|
| **Categories:** | Red Category |

Spencer K. Gray, Esq.
Dinsmore & Shohl, LLP
100 West Main Street, Suite 900
Lexington, KY 40507

Re: The Litigation Practice Group, P.C.
    Bankruptcy Case No: 8:23-bk-10571

Dear Counsel:

Please be advised that the law firm represents Unified Global Research Group, Inc., in the above-referenced matter. My office is in receipt of your letter dated February 20, 2024. A response will be provided by March 18, 2024. Should you have any questions, please contact me directly at 858-232-4000. Thank you.

Sincerely,

Vincent Renda, Esq. ~ Pinnacle Legal P.C.
9565 Waples St., Suite 200, San Diego, CA 92121
O: 858-868-5000 /C: 858-232-4000 / F: 866-303-8383

---

**From:** Gray, Spencer <Spencer.Gray@DINSMORE.COM>
**Sent:** Tuesday, February 20, 2024 11:36:01 AM
**To:** Pamela Adams <pam@unifiedglobalresearchgroup.com>; Pamela Adams <pamela@consumerservicesco.com>; Pamela Adams <pamela@atlasmp.com>
**Subject:** Meet and Confer - In re: The Litigation Practice Group, P.C., U.S. Bankruptcy Court, Central District of California, Case No. 8:23-bk-10571.

Hello,

Please see the attached meet and confer letter. I look forward to your response.

Thank you,

Spencer

Exhibit 6
Page 65



**Spencer K. Gray**
Associate

Dinsmore & Shohl LLP • Legal Counsel
City Center
100 West Main St
Suite 900
Lexington, KY 40507

**T** (859) 425-1091 • **F** (859) 425-1099

**E** Spencer.Gray@DINSMORE.COM • dinsmore.com

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

Exhibit 6
Page 66

# EXHIBIT 7

Exhibit 7

Page 67

**Gray, Spencer**

| | |
|---|---|
| **From:** | Gray, Spencer |
| **Sent:** | Thursday, March 7, 2024 3:22 PM |
| **To:** | 'Vincent Renda, Esq.' |
| **Cc:** | Laurie Dillon |
| **Subject:** | RE: Meet and Confer - In re: The Litigation Practice Group, P.C., U.S. Bankruptcy Court, Central District of California, Case No. 8:23-bk-10571. |

Vincent,

Thank you for your email. Please advise by the end of this week, 3/8/2024, whether your client will agree to produce the requested documents on or before March 18, 2024. If needed we are amenable to an alternative production schedule. For example, your client could produce copies of all agreements executed between Unified and Debtor on or before the 18th, with the rest of the production coming in later phases.

As you may be aware, Rule 2004-1(a) of the Local Bankruptcy Rules for the Central District of California requires that we attempt to confer with you to arrange for a mutually agreeable date, time, place, and scope of an examination or production. The February 20 letter and this email, together, constitute the required meet and confer attempt. As such, and as proposed in our February 20 letter to you, we propose the following production terms:

> Date: March 18, 2024
> Time: 5:00 P.M. (Pacific Time)
> Place: Dinsmore & Shohl LLP, Attn: Yosina M. Lissebeck, Esq., 655 W. Broadway, Suite 800, San Diego, CA 92101 **or via email to yosina.lissebeck@dinsmore.com**
> Scope of Production: (1) Copies of all agreements executed between Unified and the Debtor; (2) Copies of all documents evidencing payment history between Unified and the Debtor; and (3) any other documents in Unified's possession or control related to the business relationship between Unified and the Debtor.

We look forward to hearing from you.

Regards,

Spencer



**Spencer K. Gray**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
City Center
100 West Main St
Suite 900
Lexington, KY 40507
**T** (859) 425-1091  •  **F** (859) 425-1099
**E** Spencer.Gray@DINSMORE.COM  •  dinsmore.com

**From:** Vincent Renda, Esq. <vr@pinlegal.com>
**Sent:** Sunday, February 25, 2024 4:15 PM
**To:** Gray, Spencer <Spencer.Gray@DINSMORE.COM>
**Cc:** Laurie Dillon <ld@pinlegal.com>

Exhibit 7
Page 68

**Subject:** Meet and Confer - In re: The Litigation Practice Group, P.C., U.S. Bankruptcy Court, Central District of California, Case No. 8:23-bk-10571.

Spencer K. Gray, Esq.
Dinsmore & Shohl, LLP
100 West Main Street, Suite 900
Lexington, KY 40507

Re: The Litigation Practice Group, P.C.
        Bankruptcy Case No: 8:23-bk-10571

Dear Counsel:

Please be advised that the law firm represents Unified Global Research Group, Inc., in the above-referenced matter. My office is in receipt of your letter dated February 20, 2024. A response will be provided by March 18, 2024. Should you have any questions, please contact me directly at 858-232-4000. Thank you.

Sincerely,

Vincent Renda, Esq. ~ Pinnacle Legal P.C.
9565 Waples St., Suite 200, San Diego, CA 92121
O: 858-868-5000 /C: 858-232-4000 / F: 866-303-8383

---

**From:** Gray, Spencer <Spencer.Gray@DINSMORE.COM>
**Sent:** Tuesday, February 20, 2024 11:36:01 AM
**To:** Pamela Adams <pam@unifiedglobalresearchgroup.com>; Pamela Adams <pamela@consumerservicesco.com>; Pamela Adams <pamela@atlasmp.com>
**Subject:** Meet and Confer - In re: The Litigation Practice Group, P.C., U.S. Bankruptcy Court, Central District of California, Case No. 8:23-bk-10571.

Hello,

Please see the attached meet and confer letter. I look forward to your response.

Thank you,

Spencer



**Spencer K. Gray**
Associate
Dinsmore & Shohl LLP • Legal Counsel
City Center
100 West Main St
Suite 900
Lexington, KY 40507
**T** (859) 425-1091 • **F** (859) 425-1099
**E** Spencer.Gray@DINSMORE.COM • dinsmore.com

Exhibit 7
Page 69

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

3

Exhibit 7
Page 70

# EXHIBIT 8

Exhibit 8
Page 71



**PINNACLE LEGAL P.C.**

March 18, 2024

*SENT VIA EMAIL: Spencer.Gray@Dinsmore.com*

Spencer Gray, Esq.
Dinsmore & Shohl, LLP
100 West Main Street, Suite 900
Lexington, KY 40507

Re:  The Litigation Practice Group, P.C.; U.S. Bankruptcy Court
     Central District of California, Case No. 8:23-bk-10571

Dear Counsel:

Our office represents Unified Global Research Group Inc. ("Unified") in connection with
a claim potentially asserted by Trustee Richard Marshak on behalf of the bankruptcy
estate of The Litigation Practice Group, P.C. ("Debtor") Please accept this letter as our
attempt to meet and confer regarding the Trustee's alleged claim against our client, and
our response to your prior correspondence.

We understand per your correspondence that $60,144.54 in payments were made by the
Debtor to Unified within 90 days of the bankruptcy filing and that the Debtor was
presumed to be insolvent. An understanding of the nature of the business relationship is
crucial to understanding why those payments do not constitute preference payments as
defined pursuant to 11 U.S.C. Section 547.

Unified provides various services to law firms, including marketing services. Unified and
the Debtor had a long relationship, in which Unified marketed to prospective clients on
behalf of The Litigation Practice Group. The Litigation Practice Group became obligated
to make payments for Unified's services once the client was retained by the Litigation
Practice Group. The amount and timing of the payment was based upon the revenue
generated by the client. ███████████████████████████████████████

Therefore, under the circumstances, it is clear that Unified has several defenses under:



9565 WAPLES STREET, SUITE 200
SAN DIEGO, CA 92121
TELEPHONE: 858-868-5000
FACSIMILE:  866-303-8383

Exhibit 8
Page 72

PINNACLE LEGAL P.C.



Thank you in advance for your time and attention to this matter.

Sincerely,

Vincent Renda, Esq.
Pinnacle Legal, P.C.


Cc: Client


9565 WAPLES STREET, SUITE 200
SAN DIEGO, CA 92121
TELEPHONE: 858-868-5000
FACSIMILE:  866-303-8383

Exhibit 8
Page 73

# EXHIBIT 9

Exhibit 9
Page 74



*Legal  Counsel.*

**DINSMORE & SHOHL** LLP
City Center, 100 E. Main St., Suite 900
Lexington, KY 40507
www.dinsmore.com
Spencer K. Gray
(859) 425-1091
Spencer.Gray@Dinsmore.com

March 25, 2024

Pinnacle Legal P.C.
C/O Vincent Renda, Esq.
9565 Waples Street, Suite 200
San Diego, CA 92121
vr@pinlegal.com
ld@pinlegal.com
**[VIA U.S. MAIL/ELECTRONIC CORRESPONDENCE]**

**Re: The Litigation Practice Group, P.C.; U.S. Bankruptcy Court
       Central District of California, Case No. 8:23-bk-10571**

Dear Mr. Renda:

        We are in receipt of your letter dated March 18, 2024. As you know, our firm represents Richard A. Marshack, solely in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of the Litigation Practice Group, P.C. ("Debtor") in the above-referenced bankruptcy case. This letter is sent to you as counsel for Unified Global Research Group Inc. ("Unified") and is a further communication as part of the Trustee's meet and confer pursuant to Rule 2004-1(a) of the Local Bankruptcy Rules for the Central District of California. This meet and confer includes the Trustee's February 20, 2024 letter to Unified, the Trustee's March 7, 2024 email to you, your March 18, 2024 letter to the Trustee, and this March 25, 2024 letter to you.

        The purpose of this letter is to clarify important issues raised by your March 18, 2024 letter and offer a final opportunity for informal production of documents in lieu of formal Rule 2004 proceedings.

███████████████████████████████████████ The Trustee disputes these alleged defenses. Furthermore, the Trustee's potential avoidance action against Unified is not based solely on § 547. It appears that the Trustee also has claims against Unified for, among other things, ████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

        In your letter, you state that "Unified and the Debtor had a long relationship, in which Unified marketed to prospective clients on behalf of The Litigation Practice Group" and that payments were made

Exhibit 9
Page 75

"pursuant to the longstanding contract between the parties." This agreement you describe (the "Agreement") constitutes an illegal capping agreement between Unified and the Debtor. This Agreement violates Sections 6151 and 6155 of the California Business and Professional Code, which prohibit referrals of potential clients to attorneys unless registered with the State Bar of California. Cal. Bus. & Prof. Code § 6155. "Referral activity" includes "any entity 'which, in person, electronically, or otherwise, refers the consumer to an attorney or law firm not identified' in the advertising." *Jackson v. LegalMatch.com*, 42 Cal. App. 5th 760, 775 (2019). A referral includes receiving information from potential clients and sending that information to lawyers, even when the advertiser does not advertise the name of the attorneys and the clients do not clear the name of the potential attorney after the feral occurred. *Id.*

Furthermore, if any effect of an agreement is to accomplish an unlawful purpose, the agreement may be declared illegal regardless of the intention of the parties. *Stockton Morris Plan Co. v. Cal. Tractor & Equip. Corp.*, 112 Cal. App. 2d 684, 690 (1952) (citing *Fewel & Dawes, Inc. v. Pratt*, 17 Cal. 2d 85, 91 (1941)). Because the Agreement violates federal and state law, it is void, unenforceable, and subject to avoidance as fraudulent. Any alleged consideration provided to the Debtor under the Agreement was unlawful.

███████████████████████████████████████████████████████████████████
████████ Based on the Trustee's records, the Debtor appears to have transferred at least $689,137.59 in avoidable transfers to Unified during the applicable four-year lookback period.

As you did not respond directly to our request to produce documents by March 18, 2024, we offer a final opportunity to informally produce documents under the following production terms:

Date:     March 29, 2024
Time:     5:00 P.M. (Pacific Time)
Place:    Dinsmore & Shohl LLP, Attn: Yosina M. Lissebeck, Esq., 655 W. Broadway, Suite 800, San Diego, CA 92101 **or via email to <u>yosina.lissebeck@dinsmore.com</u>**
Scope of Production:
  (1)    Copies of all agreements executed between Unified and the Debtor;
  (2)    Copies of all documents evidencing payment history between Unified and the Debtor; and
  (3)    any other documents in Unified's possession or control related to the business relationship between Unified and the Debtor.

If we do not receive Unified's production of documents in accordance with the above production terms together with a signed affidavit or declaration attesting to Unified's compliance with such production terms, we will have no choice but to proceed with the Trustee's examination of Unified pursuant to Rule 2004.

If you have any questions, please call me at 859.425.1091 or email me at spencer.gray@dinsmore.com.

Sincerely,

Spencer Gray

Exhibit 9
Page 76

# EXHIBIT 10

Exhibit 10
Page 77

## Gray, Spencer

**From:** Johnston, Sara
**Sent:** Tuesday, December 31, 2024 2:56 PM
**To:** vr@pinlegal.com; ld@pinlegal.com
**Cc:** Gray, Spencer; Lissebeck, Yosina
**Subject:** RE: The Litigation Practice Group, P.C./Unified Global Research Group Inc.- FRE 408 - PRIVILEGED SETTLEMENT CORRESPONDENCE
**Attachments:** 1652 - 2004 Order.pdf; 1651 - 2004 Motion.pdf

Vincent,



In a similar vein, the Trustee filed and served his Motion Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1 for an Order Authorizing the Production of Documents by Unified Global Research Group, Inc on September 9, 2024. The Court granted the motion the next day. Pursuant to the Order, the Trustee served a Subpoena on Unified on September 13, 2024. Unified failed to comply with the Court's Order and has yet to produce any documents in response to the Rule 2004 Motion.  **By this email the Trustee demands Unified comply with its obligations pursuant to the Rule 2004 motion and order on or before January 10, 2024.**

I am attaching another courtesy copy of the Rule 2004 motion and order to this email for your convenience.



Best,
Sara



**Sara A. Johnston**
Partner
Dinsmore & Shohl LLP • Legal Counsel

City Center, 100 West Main St, Suite 900, Lexington, KY 40507
**T** (859) 425-1021  •  **F** (859) 425-1099

---

**From:** Laurie Dillon <ld@pinlegal.com>
**Sent:** Tuesday, December 3, 2024 12:23 PM
**To:** Gray, Spencer <Spencer.Gray@DINSMORE.COM>
**Cc:** Vincent Renda, Esq. <vr@pinlegal.com>
**Subject:** The Litigation Practice Group, P.C./Unified Global Research Group Inc.

Dear Counsel:

Can you please give me a brief call on this matter today at 858.232.4000. Thank you.

Sincerely,

Vincent Renda, Esq. ~ Pinnacle Legal P.C.
9565 Waples St., Suite 200, San Diego, CA 92121
O: 858-868-5000 /C: 858-232-4000 / F: 866-303-8383

2

Exhibit 10
Page 79

# EXHIBIT 11

Exhibit 11
Page 80

Fill in this information to identify the case:

Debtor 1    The Litigation Practice Group P.C.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Central District of California**

Case number:   **23–10571**

FILED

**U.S. Bankruptcy Court
Central District of California**

4/27/2023

**Kathleen J. Campbell, Clerk**

Official Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Unified Global Research Group

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    N/A

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Unified Global Research Group | |
| Name | Name |
| 1660 HOTEL CIR N STE S620<br>SAN DIEGO, CA 92108 | |
| Contact phone    6193274962 | Contact phone |
| Contact email<br>pam@unifiedglobalresearchgroup.com | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)      Filed on _____
                                         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410             Proof of Claim             page 1

Exhibit 11
Page 81

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No | |
| | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |

| | | |
|---|---|---|
| 7. **How much is the claim?** | $   6155125.60 | **Does this amount include interest or other charges?** ☑ No ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Service performed for Debtor _____

9. **Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ _____

**Amount of the claim that is secured:**   $ _____

**Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed)   _____ %

☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11. **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| Official Form 410 | Proof of Claim | page 2 |
|---|---|---|

Exhibit 11
Page 82

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☑ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$

☑ Up to $3,350 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ 110633.00

☑ Wages, salaries, or commissions (up to $15,150 *) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ 1059618.84

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$

☑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ 320000.00

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   4/27/2023

MM / DD / YYYY

/s/ Todd M DiRoberto

Signature

Print the name of the person who is completing and signing this claim:

Name        Todd M DiRoberto

First name   Middle name   Last name

Title        Officer

Company      Unified Global Research Group

Identify the corporate servicer as the company if the authorized agent is a servicer

Address      1660 Hotel Cir N

Number   Street

SAN DIEGO, CA 92108

City   State   ZIP Code

Contact phone   6193274962        Email   pam@unifiedglobalresearchgroup.com

Official Form 410                     Proof of Claim                              page 3

Exhibit 11
Page 83

# EXHIBIT 12

Exhibit 12
Page 84

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | The Litigation Practice Group P.C. |
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the:   Central District of California

Case number   8:23-bk-10571-SC

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Unified Global Research Group |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

| | | |
|---|---|---|
| 2. | Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? |

| | | |
|---|---|---|
| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | |

**Where should notices to the creditor be sent?**

Pinnacle Legal P.C.
Name

9565 Waples Street, Suite 200
Number        Street

San Diego                    CA            92121
City                    State            ZIP Code

Contact phone  858-868-5000

Contact email  vr@pinlegal.com

**Where should payments to the creditor be sent?** (if different)

Pinnacle Legal P.C.
Name

9565 Waples Street, Suite 200
Number        Street

San Diego                    CA            92121
City                    State            ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☐ No<br>☑ Yes.   Claim number on court claims registry (if known) 23        Filed on 04/27/2023<br>MM / DD / YYYY |

| | | |
|---|---|---|
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____6,155,125.60 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Service performed by Debtor

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Exhibit 12
Page 86
page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/19/2024
                    MM / DD / YYYY

/s/ Vincent Renda
Signature

Print the name of the person who is completing and signing this claim:

| Name | Vincent Renda | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Pinnacle Legal P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 9565 Waples Street, Suite 200 | | |
| | Number   Street | | |
| | San Diego | CA | 92121 |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |

| Print | Save As... | Add Attachment | Reset |
|---|---|---|---|

Official Form 410        **Proof of Claim**

Exhibit 12
Page 87
page 3

## Litigation Practice Group- Affiliate Agreement

THIS AGREEMENT (the "Agreement") is made and effective as of this 30th of September, 2019 by and between Litigation Practice Group and **Unified Global Research Group Inc** (hereinafter "Affiliate").

RECITALS:

Litigation Practice Group is in the business of providing a package debtor's rights services in the form of credit repair and collection defense. Among the services offered be Litigation Practice Group are the following:

- Repair of inaccurate credit reporting through correspondence directly with the three credit bureaus;
- Validation of consumer debts through correspondence with original creditors, third party debt collectors and assignees, and all three credit bureaus;
- Defense of collection actions initiated by original creditors or third party assignees;
- Negotiation of advantageous settlements of consumer debts;
- Education of clients regarding consumer debts, credit scoring, and forward-looking strategies to protect and enhance one's credit.

Each of these services is offered without regard to the identity of the creditor or third party debt collector or assignee.

Affiliate owns and operates a system of generating leads consisting of consumers interested in credit repair services. Affiliate, acting in accordance with direction from Litigation practice Group, shall obtain the names of Consumers and will market in a lawful manner, complying with the restrictions of the jurisdiction in which the consumer resides. For consumers interested in utilizing Litigation practice Group's services, Affiliate will assist Litigation Practice Group in having consumers execute Litigation practice Group's approved legal services agreement, at which point consumers will become clients of Litigation practice Group, and Litigation Practice Group will be exclusively responsible for and liable for the representation of consumers in the context of credit repair. Nothing in this Agreement nor in the Litigation Practice Group legal services agreement shall restrict Affiliate from offering any other service of any kind to consumer, including alternative credit repair or debt relief programs. Nor is Affiliate restricted from marketing on behalf of other credit repair or debt relief entities, including but not limited to other law firms. Litigation Practice Group and Affiliate hereby agree that any and all prior agreements entered into by Litigation Practice Group and Affiliate or null and void and unenforceable, with the exception of the compensation provisions of any such agreements which shall remain intact, along with all restrictions on confidentiality, protection afforded to either party relating to the proprietary nature of business services and noncompetition, indemnity, attorneys' fees, equitable rights and any dispute resolution, jurisdiction, forum and venue requirements.

1

Exhibit 12
Page 88

**Litigation Practice Group and Affiliate hereby agree to the following:**

1.      Each Party shall be solely responsible for bearing its own costs and expenses incurred in performing its responsibilities under this Agreement, including all tariffs, filings, licensing and/or other fees.

2.      Affiliate shall comply with state and federal laws in communicating with consumers regarding Litigation Practice Group or any of its programs.

3.      Litigation Practice Group shall comply with state and federal laws in performing its obligations under the legal services agreement entered into between Litigation Practice Group and the consumers referred by Affiliate.

4.      If requested by Litigation practice Group, Affiliate shall provide a copy of all marketing materials to Litigation Practice Group upon receiving a request from Litigation practice Group.  Affiliate shall endeavor to provide such materials within 10 business days of such request, but may provide such materials in any time frame that is commercially reasonable.

5.      Affiliate agrees to keep any and all documents or communications between itself and Litigation Practice Group confidential pursuant to the provisions set forth below.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to Litigation practice Group: Litigation Practice Group shall pay **65%** per file for each file that Affiliate refers to Litigation practice Group.  Litigation Practice Group shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days.  If any consumer cancels Litigation practice Group's credit repair services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to Litigation Practice Group(in such percentage as is set forth herein).  Litigation Practice Group has exclusive discretion to grant or deny a requested refund or cancellation.  Litigation Practice Group shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by Litigation practice Group.  Finally, Litigation Practice Group may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with Litigation practice Group, and has sole discretion to make such determination.

7.      Litigation Practice Group shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same.  Neither Litigation Practice Group nor Affiliate shall be required to pay the expenses of the other, except that Affiliate shall bear a percentage of local counsel fees associated with the defense of consumers in court in an amount equal to the per file percentage above $750.00 to which the Affiliate is entitled as set forth in Paragraph 6 above.  This means that Affiliate shall no bear any portion of the fees up to a cap of $750.00, and shall bear a pro rata share of fees beyond $750.00, which shall be resolved on a monthly basis and deducted from the fees remitted pursuant to Paragraph 6, above.

2

Exhibit 12

Page 89

8.      Litigation Practice Group reserves all rights with regard to rejection, cancellation of a consumer, but will do so only in accordance with the California Rules of Professional Conduct applicable to licensed attorneys.

9.      This agreement shall continue to operate and bind Litigation Practice Group and Affiliate for a period of 18 months from the date of execution of this Agreement. At that time, this Agreement will automatically renew for an additional 18 month term unless, 30 days prior to the automatic renewal date, Litigation Practice Group or Affiliate shall postmark a cancellation letter clearly stating the intent of that party to terminate this Agreement on the automatic renewal date.

10.     If either party shall default under this Agreement, defined as a failure to comply with any of the obligations set forth above, the Agreement shall terminate following notice of default and a cure period of 30 days from the date postmarked on the notice of default. The notice of default must state with specificity the act of default alleged.

11.     Upon termination of this Agreement for any reason whatsoever, Litigation Practice Group and Affiliate will refrain from making any disparaging or negative comment, remark, statement, or implication, whether written or oral.

12.     The confidential information of Litigation Practice Group or Affiliate shall include information regarding contracts, customer or client lists or information, hardware, software, screens, specifications, designs, plans, drawings, data, prototypes, discoveries, research, developments, methods, processes, procedures, improvements, 'Know-how', compilations, market research, marketing techniques and plans, marketing materials, business plans and strategies, documents, scripts, guidelines, price lists, pricing policies and financial information or other business and/or technical information and materials, in oral, demonstrative, written, graphic or machine-readable form, which is unpublished, not available to the general public or trade, and which is maintained as confidential and proprietary information by the disclosing party for regulatory, customer relations, and/or competitive reasons. Neither Litigation Practice Group nor Affiliate may disclose the confidential information of the other with the express written consent of the other. A failure to abide by this confidentiality term shall entitle the party whose confidential information was compromised to a reasonable sum not less than $50,000.00, nor more than $200,000.00. The disclosure of information in connection with a judicial proceeding shall not constitute a violation of this term. The parties agree to notify the other if any inadvertent disclosure of information occurs within 48 hours of becoming aware of such disclosure. The parties agree to work together in good faith to remediate any disclosure of confidential information. A party whose confidential information is disclosed shall be entitled to injunctive relief in any court of competent jurisdiction.

13.     If, after the passage of six months of the date of this Agreement, Affiliate fails, in any one calendar month, to have at least fifty (50) active consumers, Litigation Practice Group shall withhold 20% of the fees due to Affiliate for said month in an escrow account. Such fees shall be held in escrow until, in a single calendar month, Affiliate has fifty (50) or more active consumers, at which point, within five (5) business days of the end of such calendar month, Litigation Practice Group shall transfer the balance of such escrow account to Affiliate and retain nothing in such escrow account. If Affiliate shall

3

Exhibit 12
Page 90

cease operations for any reason, or this Agreement shall terminate for any reason, Affiliate will continue to receive fees due to it under this Agreement until all active consumers have completed or withdrawn from the program, at which point any remaining amounts being held in escrow shall be released to Affiliate in full.

14.     Affiliate agrees not to use the name Litigation Practice Group in any advertising, publicity release, or sales presentation designed to promote Affiliate's service, unless Litigation Practice Group provides prior written consent to such specific use.

15.     Any fees incurred by Litigation Practice Group in connection with a customer's Non-Sufficient Funds ("NSF") fee shall be borne mutually by both Litigation Practice Group and Affiliate if and only if the customer cancels the program after such NSF.  The Affiliate shall bear that portion of the NSF fee commensurate with its share of the per file fee set forth in Paragraph 6, above.  This amount shall be deducted from the fees remitted to Affiliate in the month in which the NSF charge is incurred.

16.     This Agreement may not be assigned or transferred without the prior written consent of the other.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

17.     In the event of a breach, the prevailing party shall be entitled to reasonable attorneys' fees and collection costs, including all fees and costs on appeal.

18.     This Agreement contains the entire Agreement between the Parties, and shall not be modified, amended or supplemented, or any rights therein waived, unless specifically agreed upon in writing by Litigation Practice Group and Affiliate.


**Litigation Practice Group**


_____

**By: John M. Thompson, Principal**


**Unified Global Research Group Inc**

DocuSigned by:

*Pamela Adams*

C6E3E9F79834445...

By:  Pamela Adams


Title:  Accounting Manager


4

Exhibit 12

Page 91

### Electronic Funds Transfer Authorization

This Electronic Funds Transfer (EFT) authorization is for use in connection with the foregoing Agreement, and permits Litigation Practice Group to transfer any and all amounts due to **Unified Global Research Group Inc** ("Affiliate") under the foregoing Agreement by EFT. By signing below, Affiliate hereby authorizes Litigation Practice Group to initiate EFT transfers at its discretion, with all fees and costs incurred by Affiliate in connection with such transfer to be borne by Affiliate, while all fees and costs incurred by Litigation Practice Group in connection with such transfer to be borne by Litigation Practice Group.

Account Holder Signature: _____*Pamela Adams*_____ Date: _____9/30/2019_____

By:  Pamela Adams

Title:  Accounting Manager

Account Owner Name: **Unified Global Research Group Inc**

Social Security Number / FEIN Number associated with account listed below: .

Address: **1660 Hotel Circle N S620**

City: **San Diego**  State: **CA**  Zip: **92108**  Tel:

Bank Name:  .

Routing Number: :

Account Number: :

Account type: ‾

5

Exhibit 12
Page 92

## B.A.T. Inc. dba Coast Processing - Affiliate Agreement

THIS AGREEMENT (the "Agreement") is made and effective as of the 1st day of January, 2020 by and between B.A.T. Inc. dba Coast Processing ("BAT") and **Unified Global Research Group Inc** (hereinafter "Affiliate").

RECITALS:

BAT is in the business of providing a package debtor's rights services in the form of debt validation, consultation, and litigation defense through law firms for which BAT provides administrative support services (those law firms include but are not limited to The Litigation Practice Group PC and Sonoma County Law).  Among the services offered by BAT through the law firms handling each client file are the following:

- Removal of invalid debts through correspondence directly with the three credit bureaus;
- Validation of consumer debts through correspondence including disputes with original creditors, validation demands to third party debt collectors and assignees, and disputes with all three credit bureaus;
- Defense of collection actions initiated by original creditors or third party assignees;
- Negotiation of advantageous settlements of consumer debts both pre and post litigation;
- Education of clients regarding federal laws applicable to consumer debt and credit reporting, and consultation regarding risk mitigation and litigation defense through its network of attorneys across the country.

Each of these services is offered without regard to the identity of the creditor or third-party debt collector or assignee.  BAT reviews all client files prior to the execution of the client's legal services agreement with the appropriate law firm, and maintains oversight through its administrative services over all file placements.

Affiliate owns and operates a system of generating leads consisting of consumers interested in the legal services offered by BAT.  Affiliate, acting in accordance with direction from BAT, shall obtain the names of Consumers and will market in a lawful manner, complying with the restrictions of the jurisdiction in which the consumer resides.  For consumers interested in utilizing BAT's services, Affiliate will assist BAT in having consumers execute an approved legal services agreement with a law firm to which BAT provides administrative support services, at which point consumers will become clients of that law firm, and that law firm will be exclusively responsible for and liable for the representation of consumers in the context of the provision of legal services.  Nothing in this Agreement nor in the eventual legal services agreement shall restrict Affiliate from offering any other service of any kind to consumer, including credit repair or debt relief programs.  Nor is Affiliate restricted from marketing on behalf of credit repair or debt relief entities, including but not limited to other law firms.  BAT and Affiliate hereby agree that any and all prior agreements entered into by BAT and Affiliate or any law firm to which BAT provides administrative support services and Affiliate are null and void and unenforceable, and this Agreement shall become the operative agreement for all files previously placed through the use of BAT's administrative support services.

1

Exhibit 12
Page 93

BAT and Affiliate hereby agree to the following:

1.      Each Party shall be solely responsible for bearing its own costs and expenses incurred in performing its responsibilities under this Agreement, including all tariffs, filings, licensing and/or other fees.

2.      Affiliate shall comply with state and federal laws in communicating with consumers regarding BAT, any law firm utilized by BAT, or any of the programs of BAT or the assigned law firm.

3.      Both BAT and the law firm it utilizes shall comply with all state and federal laws in performing its obligations under the legal services agreement entered into between BAT and the consumers referred by Affiliate.

4.      If requested by BAT, Affiliate shall provide a copy of all marketing materials to BAT upon receiving a request from BAT.  Affiliate shall endeavor to provide such materials within 10 business days of such request, but may provide such materials in any time frame that is commercially reasonable.

5.      Affiliate agrees to keep any and all documents or communications between itself and BAT confidential pursuant to the provisions set forth below.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to BAT: BAT shall pay 65% per file for each file that Affiliate places with BAT, not counting the monthly maintenance fee of $71.38, which BAT shall retain to cover administrative costs for each file. BAT shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days.  If any consumer cancels BAT's services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to BAT (in such percentage as is set forth herein).  BAT has exclusive discretion to grant or deny a requested refund or cancellation.  BAT shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by BAT.  Finally, BAT may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with BAT, and has sole discretion to make such determination.

7.      BAT shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same except as is set forth in this Paragraph.  Neither BAT nor Affiliate shall be required to pay the expenses of the other, except that Affiliate shall bear a percentage of local counsel fees associated with the defense of consumers in court in an amount equal to the per file percentage above $750.00 to which the Affiliate is entitled as set forth in Paragraph 6 above. This means that Affiliate shall not bear any portion of the consumer's local counsel fees up to a cap of $750.00, and shall bear a pro rata share of fees beyond $750.00, which shall be resolved on a monthly basis and deducted from the fees remitted pursuant to Paragraph 6, above.  In no event shall local counsel fees exceed $2,500.00 on any individual file, inclusive of the $750.00 fee to be borne exclusively by BAT.  This means that the pro rata percentage of fees to be shared by Affiliate shall be

2

Exhibit 12
Page 94

capped at $1,750.00 ($2,500.00 minus the $750.00 fee to be borne exclusively by BAT). No other charge of any kind not described in this Agreement shall be imposed upon Affiliate by the law firm to which any individual client file should happen to be placed.

8.      BAT reserves all rights with regard to rejection or cancellation of a consumer, but will do so only in accordance with the recommendation of the law firm utilized in providing such service, and only subject to the applicable state bar rules for such representation.

9.      This agreement shall continue to operate and bind BAT and Affiliate for a period of 18 months from the date of execution of this Agreement. At that time, this Agreement will automatically renew for an additional 18 month term unless, 30 days prior to the automatic renewal date, BAT or Affiliate shall postmark a cancellation letter clearly stating the intent of that party to terminate this Agreement on the automatic renewal date.

10.     If either party shall default under this Agreement, defined as a failure to comply with any of the obligations set forth above, the Agreement shall terminate following notice of default and a cure period of 30 days from the date postmarked on the notice of default. The notice of default must state with specificity the act of default alleged.

11.     Upon termination of this Agreement for any reason whatsoever, BAT and Affiliate will refrain from making any disparaging or negative comment, remark, statement, or implication, whether written or oral.

12.     The confidential information of BAT or Affiliate shall include information regarding contracts, customer or client lists or information, hardware, software, screens, specifications, designs, plans, drawings, data, prototypes, discoveries, research, developments, methods, processes, procedures, improvements, 'Know-how', compilations, market research, marketing techniques and plans, marketing materials, business plans and strategies, documents, scripts, guidelines, price lists, pricing policies and financial information or other business and/or technical information and materials, in oral, demonstrative, written, graphic or machine-readable form, which is unpublished, not available to the general public or trade, and which is maintained as confidential and proprietary information by the disclosing party for regulatory, customer relations, and/or competitive reasons. Neither BAT nor Affiliate may disclose the confidential information of the other with the express written consent of the other. A failure to abide by this confidentiality term shall entitle the party whose confidential information was compromised to a reasonable sum not less than $50,000.00, nor more than $200,000.00. The disclosure of information in connection with a judicial proceeding shall not constitute a violation of this term. The parties agree to notify the other if any inadvertent disclosure of information occurs within 48 hours of becoming aware of such disclosure. The parties agree to work together in good faith to remediate any disclosure of confidential information. A party whose confidential information is disclosed shall be entitled to injunctive relief in any court of competent jurisdiction.

13.     If, after the passage of six months of the date of this Agreement, Affiliate fails, in any one calendar month, to have at least fifty (50) active consumers, BAT shall withhold 20% of the fees due to

3

Exhibit 12
Page 95

Affiliate for said month in an escrow account. Such fees shall be held in escrow until, in a single calendar month, Affiliate has fifty (50) or more active consumers, at which point, within five (5) business days of the end of such calendar month, BAT shall transfer the balance of such escrow account to Affiliate and retain nothing in such escrow account. If Affiliate shall cease operations for any reason, or this Agreement shall terminate for any reason, Affiliate will continue to receive fees due to it under this Agreement until all active consumers have completed or withdrawn from the program, at which point any remaining amounts being held in escrow shall be released to Affiliate in full.

14.     Affiliate agrees not to use the name BAT or any law firm in any advertising, publicity release, or sales presentation designed to promote Affiliate's service, unless BAT provides prior written consent to such specific use.

15.     Any fees incurred by BAT in connection with a customer's Non-Sufficient Funds ("NSF") fee shall be borne mutually by both BAT and Affiliate if and only if the customer cancels the program after such NSF. The Affiliate shall bear that portion of the NSF fee commensurate with its share of the per file fee set forth in Paragraph 6, above. This amount shall be deducted from the fees remitted to Affiliate in the month in which the client having an outstanding NSF charge cancels the program without remitting such NSF fee.

16.     This Agreement may not be assigned or transferred without the prior written consent of the other. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

17.     In the event of a breach, the prevailing party shall be entitled to reasonable attorneys' fees and collection costs, including all fees and costs on appeal.

18.     This Agreement contains the entire Agreement between the Parties, and shall not be modified, amended or supplemented, or any rights therein waived, unless specifically agreed upon in writing by BAT and Affiliate.


**B.A.T., Inc.**

_____


**By: Brian Reale, Chief Executive Officer**


**Unified Global Research Group Inc**

_Pamela Adams_
C9E3E9F79634445...

By: Pamela Adams

Title: Accounting Manager


4

Exhibit 12
Page 96

## Electronic Funds Transfer Authorization

This Electronic Funds Transfer (EFT) authorization is for use in connection with the foregoing Agreement, and permits BAT to transfer any and all amounts due to **Unified Global Research Group IncLLC** ("Affiliate") under the foregoing Agreement by EFT. By signing below, Affiliate hereby authorizes BAT to initiate EFT transfers at its discretion, with all fees and costs incurred by Affiliate in connection with such transfer to be borne by Affiliate, while all fees and costs incurred by BAT in connection with such transfer to be borne by BAT.

Account Holder Signature: _Pamela Adams_ Date: 2/25/2020

DocuSigned by:
C6E3E9F79634445...

By: Pamela Adams

Title: Accounting Manager

Account Owner Name: **Unified Global Research Group Inc**

Social Security Number / FEIN Number associated with account listed below:

Address: **1660 Hotel Circle N S620, San Diego CA 92108**

Tel:

Bank Name: **Wells Fargo**

Routing Number:

Account Number:

Account type: **Checking Account**

Exhibit 12
Page 97

# ADDENDUM TO B.A.T. INC. dba COAST PROCESSING AFFILIATE AGREEMENT

B.A.T. Inc. dba Coast Processing ("BAT") and **Unified Global Research Group Inc** (hereinafter "Affiliate") hereby amend their agreement dated **February 28th 2020**.  The parties jointly agree to remove Paragraphs 6 and 7 of said Agreement and replace it with the following amended Paragraphs 6 and 7.  All other provisions of the Agreement shall remain in full force and effect and shall not be altered in any way by this amendment, which is limited to a revision of Paragraphs 6 and 7 only.  This addendum shall take effect March 1, 2020, regardless of its date of execution, and shall apply to all new consumers enrolled on or after March 1, 2020.  This addendum shall not alter any obligation of BAT or Affiliate that existed prior to March 1, 2020, and those obligations shall remain in full force and effect, including chargebacks for fees incurred prior to March 1, 2020.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to BAT: BAT shall pay 65.00% per file for each file that Affiliate places with BAT, not counting the monthly maintenance fee of $91.38, which BAT shall retain to cover administrative costs for each file.  BAT shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days.  If any consumer cancels BAT's services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to BAT (in such percentage as is set forth herein).  BAT has exclusive discretion to grant or deny a requested refund or cancellation.  BAT shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by BAT.  Finally, BAT may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with BAT, and has sole discretion to make such determination.

7.      BAT shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same except as is set forth in this Paragraph.  Neither BAT nor Affiliate shall be required to pay the expenses of the other.  To compensate BAT for incurring all legal fees associated with responding to lawsuits filed against consumers, including fees paid to attorneys assigned to handle lawsuits, fees paid to the court or other governmental entity, or any other fee associated with he defense or resolution of a lawsuit, BAT shall increase its monthly maintenance fee by $20.00, to $91.38.  This shall not apply retroactively to any client enrolled prior to March 1, 2020, whose maintenance fee shall remain $71.38.

**B.A.T., Inc.**

_____

**By: Brian Reale, Chief Executive Officer**

**Unified Global Research Group Inc**

*Pamela Adams*
C8E3E9F79634445...

**By:** Pamela Adams

**Title:** Accounting Manager

Exhibit 12
Page 98

| Full Name | Company | Company - Partner | Monthly Paymen |
|---|---|---|---|
| | Unified Global Research Group Inc | | 258.1 |
| | Unified Global Research Group Inc | | 270.13 |
| | Unified Global Research Group Inc | | 256.88 |
| | Unified Global Research Group Inc | | 413.29 |
| | Unified Global Research Group Inc | | 279.97 |
| | Unified Global Research Group Inc | | 363.51 |
| | Unified Global Research Group Inc | | 250.49 |
| | Unified Global Research Group Inc | | 546.12 |
| | Unified Global Research Group Inc | | 306.64 |
| | Unified Global Research Group Inc | | 475.62 |
| | Unified Global Research Group Inc | | 315.44 |
| | Unified Global Research Group Inc | | 368.89 |
| | Unified Global Research Group Inc | | 255.74 |
| | Unified Global Research Group Inc | | 256.31 |
| | Unified Global Research Group Inc | | 254.45 |
| | Unified Global Research Group Inc | | 307.4 |
| | Unified Global Research Group Inc | | 252.72 |
| | Unified Global Research Group Inc | | 365.66 |
| | Unified Global Research Group Inc | | 279.32 |
| | Unified Global Research Group Inc | | 454.88 |
| | Unified Global Research Group Inc | | 287.52 |
| | Unified Global Research Group Inc | | 265.35 |
| | Unified Global Research Group Inc | | 254.58 |
| | Unified Global Research Group Inc | | 364.7 |
| | Unified Global Research Group Inc | | 292.52 |
| | Unified Global Research Group Inc | | 257.2 |
| | Unified Global Research Group Inc | | 310.38 |
| | Unified Global Research Group Inc | | 276.26 |
| | Unified Global Research Group Inc | | 256.47 |
| | Unified Global Research Group Inc | | 350.3 |
| | Unified Global Research Group Inc | | 257.43 |
| | Unified Global Research Group Inc | | 637.53 |
| | Unified Global Research Group Inc | | 254.08 |
| | Unified Global Research Group Inc | | 484.69 |
| | Unified Global Research Group Inc | | 335.05 |
| | Unified Global Research Group Inc | | 257.67 |
| | Unified Global Research Group Inc | | 253.75 |
| | Unified Global Research Group Inc | | 270.28 |
| | Unified Global Research Group Inc | | 591.11 |
| | Unified Global Research Group Inc | | 361.21 |
| | Unified Global Research Group Inc | | 264.89 |
| | Unified Global Research Group Inc | | 303.11 |
| | Unified Global Research Group Inc | | 300.03 |
| | Unified Global Research Group Inc | | 562.04 |
| | Unified Global Research Group Inc | | 280.74 |
| | Unified Global Research Group Inc | | 754.65 |

Exhibit 12
Page 99

| Debt Enrolled | Total Program Cc | Program Length (trans) |
|---:|---:|---|
| 3993 | 4039.4 | 13 Months |
| 15313 | 9507.9 | 37 Months |
| 14871 | 7963.4 | 29 Months |
| 18704 | 9918.98 | 26 Months |
| 30955 | 10078.75 | 34 Months |
| 21099.44 | 8724.31 | 22 Months |
| 7131 | 5510.8 | 20 Months |
| 2484 | 17206.48 | 34 Months |
| 10159.06 | 6106.2 | 19 Months |
| 36956 | 19249.88 | 35 Months |
| 13774 | 6939.6 | 21 Months |
| 27350 | 13280 | 34 Months |
| 12875 | 6905 | 26 Months |
| 7801 | 6182.52 | 29 Months |
| 5685 | 4197.28 | 11 Months |
| 27270 | 10453.48 | 38 Months |
| 13610 | 7581.72 | 29 Months |
| 27059 | 13163.6 | 34 Months |
| 15519 | 9078.26 | 36 Months |
| 40102 | 16375.7 | 34 Months |
| 16689 | 8625.6 | 30 Months |
| 12021 | 6368.4 | 22 Months |
| 5924 | 4582.44 | 13 Months |
| 15140 | 9904.08 | 36 Months |
| 17204 | 11295.05 | 36 Months |
| 1452 | 4496.2 | 20 Months |
| 11727 | 4198.38 | 33 Months |
| 12766 | 8606.59 | 48 Months |
| 7001 | 4990.65 | 22 Months |
| 15922 | 8516.5 | 35 Months |
| 11065 | 5921 | 21 Months |
| 42937 | 20715.46 | 35 Months |
| 9454 | 5081.6 | 19 Months |
| 25044 | 10145.97 | 38 Months |
| 24367 | 14457.15 | 42 Months |
| 24770.25 | 13403.87 | 35 Months |
| 14866 | 8163.75 | 28 Months |
| 18401 | 10615.87 | 35 Months |
| 24468 | 16778.48 | 35 Months |
| 16371 | 9391.46 | 27 Months |
| 8677.51 | 5178.35 | 22 Months |
| 19056 | 11916.41 | 40 Months |
| 12519 | 5400.54 | 17 Months |
| 42359 | 20236.24 | 32 Months |
| 17042 | 10106.48 | 35 Months |
| 53574 | 25064.81 | 35 Months |

Exhibit 12
Page 100

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 382.19 |
| | Unified Global Research Group Inc | 333.76 |
| | Unified Global Research Group Inc | 253.78 |
| | Unified Global Research Group Inc | 393.74 |
| | Unified Global Research Group Inc | 307.55 |
| | Unified Global Research Group Inc | 257.33 |
| | Unified Global Research Group Inc | 263.27 |
| | Unified Global Research Group Inc | 511.08 |
| | Unified Global Research Group Inc | 418.95 |
| | Unified Global Research Group Inc | 370.79 |
| | Unified Global Research Group Inc | 894.87 |
| | Unified Global Research Group Inc | 318.62 |
| | Unified Global Research Group Inc | 483.36 |
| | Unified Global Research Group Inc | 251.75 |
| | Unified Global Research Group Inc | 295.59 |
| | Unified Global Research Group Inc | 253.19 |
| | Unified Global Research Group Inc | 268.56 |
| | Unified Global Research Group Inc | 272.05 |
| | Unified Global Research Group Inc | 254.25 |
| | Unified Global Research Group Inc | 300.15 |
| | Unified Global Research Group Inc | 307.36 |
| | Unified Global Research Group Inc | 256.25 |
| | Unified Global Research Group Inc | 250.11 |
| | Unified Global Research Group Inc | 342.93 |
| | Unified Global Research Group Inc | 366.77 |
| | Unified Global Research Group Inc | 859.31 |
| | Unified Global Research Group Inc | 772.21 |
| | Unified Global Research Group Inc | 263.97 |
| | Unified Global Research Group Inc | 376.38 |
| | Unified Global Research Group Inc | 340 |
| | Unified Global Research Group Inc | 538.88 |
| | Unified Global Research Group Inc | 755.11 |
| | Unified Global Research Group Inc | 318.08 |
| | Unified Global Research Group Inc | 283.61 |
| | Unified Global Research Group Inc | 300.66 |
| | Unified Global Research Group Inc | 555.79 |
| | Unified Global Research Group Inc | 339.72 |
| | Unified Global Research Group Inc | 300.12 |
| | Unified Global Research Group Inc | 252.33 |
| | Unified Global Research Group Inc | 254.42 |
| | Unified Global Research Group Inc | 305.91 |
| | Unified Global Research Group Inc | 257 |
| | Unified Global Research Group Inc | 310.26 |
| | Unified Global Research Group Inc | 657.21 |
| | Unified Global Research Group Inc | 295.76 |
| | Unified Global Research Group Inc | 414.38 |
| | Unified Global Research Group Inc | 285.14 |

Exhibit 12
Page 101

| | | |
|---:|---:|---|
| 29081 | 13758.84 | 35 Months |
| 23268 | 8010.12 | 23 Months |
| 9338 | 5836.94 | 22 Months |
| 40081 | 14568.42 | 35 Months |
| 12970 | 7381.12 | 23 Months |
| 10891.76 | 6348.57 | 28 Months |
| 24752 | 10562.26 | 39 Months |
| 39052 | 12929.97 | 37 Months |
| 30669 | 15082.2 | 3 Months |
| 25147 | 13348.48 | 35 Months |
| 82645 | 33110.3 | 36 Months |
| 10610.55 | 7748.61 | 35 Months |
| 28047 | 15738.68 | 35 Months |
| 5613 | 3524.52 | 12 Months |
| 12793 | 7596.72 | 30 Months |
| 5125 | 3137.54 | 12 Months |
| 11074 | 6714.1 | 24 Months |
| 4065 | 2448.42 | 8 Months |
| 13561.78 | 6907.67 | 26 Months |
| 11855.99 | 7635.47 | 23 Months |
| 10851 | 8214.96 | 35 Months |
| 6744 | 4356.26 | 16 Months |
| 10523 | 6157.98 | 35 Months |
| 25874 | 12345.58 | 35 Months |
| 17637 | 8068.9 | 35 Months |
| 60694 | 24147.3 | 34 Months |
| 40513 | 22032.47 | 20 Months |
| 4746.14 | 2928.67 | 15 Months |
| 17853 | 9285.74 | 35 Months |
| 24372 | 9958.24 | 37 Months |
| 50824 | 19150.43 | 41 Months |
| 53465 | 22201.55 | 37 Months |
| 2236 | 1272.32 | 3 Months |
| 27681 | 9962.35 | 30 Months |
| 20870.58 | 10823.68 | 35 Months |
| 38545 | 19712.34 | 39 Months |
| 25544 | 12230.08 | 35 Months |
| 17975 | 10854.38 | 34 Months |
| 10462 | 6560.68 | 25 Months |
| 5908 | 4520.72 | 8 Months |
| 13408 | 8309.52 | 27 Months |
| 1332 | 5199.64 | 20 Months |
| 13833 | 10912.17 | 38 Months |
| 37280.47 | 14878.89 | 35 Months |
| 16094 | 9752.84 | 35 Months |
| 11547 | 6260.88 | 30 Months |
| 8255 | 4277.1 | 14 Months |

Exhibit 12
Page 102

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 1063.18 |
| | Unified Global Research Group Inc | 254.28 |
| | Unified Global Research Group Inc | 431.46 |
| | Unified Global Research Group Inc | 259.61 |
| | Unified Global Research Group Inc | 301.32 |
| | Unified Global Research Group Inc | 439.78 |
| | Unified Global Research Group Inc | 279.32 |
| | Unified Global Research Group Inc | 440.47 |
| | Unified Global Research Group Inc | 252.21 |
| | Unified Global Research Group Inc | 583.87 |
| | Unified Global Research Group Inc | 295.69 |
| | Unified Global Research Group Inc | 375.62 |
| | Unified Global Research Group Inc | 356.93 |
| | Unified Global Research Group Inc | 255.36 |
| | Unified Global Research Group Inc | 313.75 |
| | Unified Global Research Group Inc | 523.11 |
| | Unified Global Research Group Inc | 566.68 |
| | Unified Global Research Group Inc | 310.64 |
| | Unified Global Research Group Inc | 256.78 |
| | Unified Global Research Group Inc | 267.38 |
| | Unified Global Research Group Inc | 414.74 |
| | Unified Global Research Group Inc | 595.06 |
| | Unified Global Research Group Inc | 387.27 |
| | Unified Global Research Group Inc | 317.78 |
| | Unified Global Research Group Inc | 276.63 |
| | Unified Global Research Group Inc | 253.7 |
| | Unified Global Research Group Inc | 279.88 |
| | Unified Global Research Group Inc | 305.76 |
| | Unified Global Research Group Inc | 791.63 |
| | Unified Global Research Group Inc | 304.94 |
| | Unified Global Research Group Inc | 363.12 |
| | Unified Global Research Group Inc | 257.28 |
| | Unified Global Research Group Inc | 360.92 |
| | Unified Global Research Group Inc | 296.97 |
| | Unified Global Research Group Inc | 318.23 |
| | Unified Global Research Group Inc | 301.73 |
| | Unified Global Research Group Inc | 375.12 |
| | Unified Global Research Group Inc | 250.31 |
| | Unified Global Research Group Inc | 309.56 |
| | Unified Global Research Group Inc | 259.11 |
| | Unified Global Research Group Inc | 302.35 |
| | Unified Global Research Group Inc | 255.08 |
| | Unified Global Research Group Inc | 513.67 |
| | Unified Global Research Group Inc | 292.38 |
| | Unified Global Research Group Inc | 464.31 |
| | Unified Global Research Group Inc | 257.78 |
| | Unified Global Research Group Inc | 435.06 |

Exhibit 12
Page 103

| | | |
|---:|---:|---|
| 87462 | 36113.54 | 35 Months |
| 3258 | 2034.24 | 7 Months |
| 22105 | 11217.88 | 25 Months |
| 5047 | 3115.36 | 11 Months |
| 18470 | 10631.48 | 40 Months |
| 2613 | 1784.12 | 4 Months |
| 11766 | 5976.22 | 37 Months |
| 35906 | 15791.19 | 46 Months |
| 5629 | 4665.86 | 19 Months |
| 44324 | 22212 | 40 Months |
| 16374 | 6966.08 | 35 Months |
| 25165.34 | 15785.65 | 39 Months |
| 27314 | 13613.44 | 36 Months |
| 3381 | 4091.3 | 24 Months |
| 20013 | 11294.88 | 35 Months |
| 23692 | 8301.06 | 23 Months |
| 7942 | 3400.08 | 5 Months |
| 14910 | 5280.96 | 16 Months |
| 9097 | 5328.82 | 23 Months |
| 3960 | 2406.42 | 8 Months |
| 7507 | 11004.73 | 35 Months |
| 47022 | 10781.07 | 16 Months |
| 23299 | 12346.74 | 36 Months |
| 18076 | 8802.5 | 35 Months |
| 7410 | 3319.57 | 13 Months |
| 8116 | 5074 | 19 Months |
| 16965 | 9795.8 | 35 Months |
| 17663 | 5503.68 | 17 Months |
| 53729 | 23266.94 | 35 Months |
| 16373 | 7013.64 | 21 Months |
| 24457 | 13072.48 | 35 Months |
| 2760 | 3645.6 | 17 Months |
| 30207 | 11591.96 | 35 Months |
| 18503 | 10690.88 | 35 Months |
| 32667 | 12436.12 | 39 Months |
| 15730 | 7296.83 | 24 Months |
| 23008 | 11750.06 | 39 Months |
| 7570 | 4755.82 | 20 Months |
| 17454 | 10215.32 | 31 Months |
| 6290 | 3886.7 | 14 Months |
| 18987 | 10884.48 | 35 Months |
| 10231 | 6376.9 | 24 Months |
| 20270 | 7961.91 | 13 Months |
| 6030 | 3508.56 | 11 Months |
| 33564 | 17204.59 | 37 Months |
| 12480 | 8014.13 | 36 Months |
| 61574 | 22131.13 | 44 Months |

Exhibit 12
Page 104

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 309.59 |
| | Unified Global Research Group Inc | 257.39 |
| | Unified Global Research Group Inc | 252.94 |
| | Unified Global Research Group Inc | 470.48 |
| | Unified Global Research Group Inc | 307.95 |
| | Unified Global Research Group Inc | 298 |
| | Unified Global Research Group Inc | 529.99 |
| | Unified Global Research Group Inc | 295.42 |
| | Unified Global Research Group Inc | 328.3 |
| | Unified Global Research Group Inc | 413.48 |
| | Unified Global Research Group Inc | 288.11 |
| | Unified Global Research Group Inc | 283.29 |
| | Unified Global Research Group Inc | 265.86 |
| | Unified Global Research Group Inc | 250.55 |
| | Unified Global Research Group Inc | 330.05 |
| | Unified Global Research Group Inc | 280.55 |
| | Unified Global Research Group Inc | 252.05 |
| | Unified Global Research Group Inc | 154.3 |
| | Unified Global Research Group Inc | 302.78 |
| | Unified Global Research Group Inc | 322.92 |
| | Unified Global Research Group Inc | 798.84 |
| | Unified Global Research Group Inc | 384.42 |
| | Unified Global Research Group Inc | 251.72 |
| | Unified Global Research Group Inc | 258.14 |
| | Unified Global Research Group Inc | 35091.38 |
| | Unified Global Research Group Inc | 252.8 |
| | Unified Global Research Group Inc | 287.9 |
| | Unified Global Research Group Inc | 408.13 |
| | Unified Global Research Group Inc | 294.22 |
| | Unified Global Research Group Inc | 273.6 |
| | Unified Global Research Group Inc | 252.7 |
| | Unified Global Research Group Inc | 668.35 |
| | Unified Global Research Group Inc | 275.01 |
| | Unified Global Research Group Inc | 386.12 |
| | Unified Global Research Group Inc | 255.16 |
| | Unified Global Research Group Inc | 364.4 |
| | Unified Global Research Group Inc | 359.54 |
| | Unified Global Research Group Inc | 347.14 |
| | Unified Global Research Group Inc | 258.84 |
| | Unified Global Research Group Inc | 253.46 |
| | Unified Global Research Group Inc | 607.18 |
| | Unified Global Research Group Inc | 320.16 |
| | Unified Global Research Group Inc | 334.51 |
| | Unified Global Research Group Inc | 251.82 |
| | Unified Global Research Group Inc | 254.45 |
| | Unified Global Research Group Inc | 260.06 |
| | Unified Global Research Group Inc | 269.96 |

Exhibit 12
Page 105

| | | |
|---:|---:|---|
| 22147 | 7466.21 | 29 Months |
| 16434 | 8518.95 | 31 Months |
| 21594.01 | 9499.59 | 37 Months |
| 38993 | 16466.75 | 35 Months |
| 19491 | 11419.03 | 34 Months |
| 16786 | 10882.86 | 38 Months |
| 25624.87 | 10037.31 | 35 Months |
| 18364 | 10339.86 | 34 Months |
| 12282 | 6894.3 | 19 Months |
| 17242 | 10458.76 | 37 Months |
| 2108 | 2631.09 | 11 Months |
| 11514.52 | 6798.93 | 23 Months |
| 2181 | 1329.3 | 4 Months |
| 15079 | 9019.7 | 34 Months |
| 22611 | 14267.36 | 44 Months |
| 19457 | 10099.63 | 35 Months |
| 5250 | 2713.95 | 19 Months |
| 12133 | 5400.54 | 17 Months |
| 15855 | 9083.4 | 29 Months |
| 20839 | 13011.96 | 36 Months |
| 72767 | 28758.13 | 38 Months |
| 27268 | 15380.86 | 38 Months |
| 5403 | 3524.08 | 12 Months |
| 4169 | 2581.4 | 11 Months |
| 123650 | 35091.38 | 0 Months |
| 3812 | 2275.16 | 10 Months |
| 19958 | 11146.96 | 36 Months |
| 43440 | 19590.24 | 47 Months |
| 19216 | 10885.98 | 36 Months |
| 8330.11 | 4377.62 | 16 Months |
| 10140 | 7578.26 | 25 Months |
| 34618 | 16040.32 | 24 Months |
| 22035 | 9900.18 | 35 Months |
| 5158 | 2702.86 | 6 Months |
| 7370 | 4592.84 | 17 Months |
| 31706 | 13847.34 | 37 Months |
| 38720.39 | 16430.82 | 50 Months |
| 27407.85 | 9487.53 | 35 Months |
| 15071 | 9318.08 | 35 Months |
| 6483 | 3548.28 | 13 Months |
| 46265 | 20426.64 | 35 Months |
| 20590 | 11525.68 | 35 Months |
| 21882 | 12042.48 | 34 Months |
| 9991 | 5539.96 | 21 Months |
| 8561 | 5343.38 | 20 Months |
| 13662.44 | 7599.06 | 23 Months |
| 11009 | 5939.16 | 21 Months |

Exhibit 12
Page 106

| | Unified Global Research Group Inc | 602.9 |
| | Unified Global Research Group Inc | 253.87 |
| | Unified Global Research Group Inc | 250.29 |
| | Unified Global Research Group Inc | 251.38 |
| | Unified Global Research Group Inc | 258.06 |
| | Unified Global Research Group Inc | 309.28 |
| | Unified Global Research Group Inc | 346.79 |
| | Unified Global Research Group Inc | 252.02 |
| | Unified Global Research Group Inc | 452.89 |
| | Unified Global Research Group Inc | 100 |
| | Unified Global Research Group Inc | 437.89 |
| | Unified Global Research Group Inc | 277.5 |
| | Unified Global Research Group Inc | 306.65 |
| | Unified Global Research Group Inc | 461.67 |
| | Unified Global Research Group Inc | 479.23 |
| | Unified Global Research Group Inc | 369.73 |
| | Unified Global Research Group Inc | 255.26 |
| | Unified Global Research Group Inc | 313.35 |
| | Unified Global Research Group Inc | 433.47 |
| | Unified Global Research Group Inc | 196.25 |
| | Unified Global Research Group Inc | 252.29 |
| | Unified Global Research Group Inc | 229.14 |
| | Unified Global Research Group Inc | 254.49 |
| | Unified Global Research Group Inc | 251.3 |
| | Unified Global Research Group Inc | 251.88 |
| | Unified Global Research Group Inc | 264 |
| | Unified Global Research Group Inc | 255.36 |
| | Unified Global Research Group Inc | 685.57 |
| | Unified Global Research Group Inc | 253.24 |
| | Unified Global Research Group Inc | 250 |
| | Unified Global Research Group Inc | 381.38 |
| | Unified Global Research Group Inc | 328.66 |
| | Unified Global Research Group Inc | 342.41 |
| | Unified Global Research Group Inc | 256.9 |
| | Unified Global Research Group Inc | 304.18 |
| | Unified Global Research Group Inc | 272.54 |
| | Unified Global Research Group Inc | 359.8 |
| | Unified Global Research Group Inc | 313.57 |
| | Unified Global Research Group Inc | 252.75 |
| | Unified Global Research Group Inc | 300.81 |
| | Unified Global Research Group Inc | 400.65 |
| | Unified Global Research Group Inc | 252.99 |
| | Unified Global Research Group Inc | 927.66 |
| | Unified Global Research Group Inc | 352.26 |
| | Unified Global Research Group Inc | 253.96 |
| | Unified Global Research Group Inc | 358.26 |
| | Unified Global Research Group Inc | 250.71 |

Exhibit 12
Page 107

| | | |
|---:|---:|---|
| 33706 | 14469.52 | 23 Months |
| 16199 | 9139.33 | 37 Months |
| 9932 | 7058.17 | 24 Months |
| 9300 | 6309.5 | 21 Months |
| 12126 | 7741.8 | 29 Months |
| 10565 | 7336.27 | 34 Months |
| 30049 | 14565.11 | 41 Months |
| 7004 | 4536.44 | 17 Months |
| 48893 | 21926.23 | 47 Months |
| 19154.67 | 13387.65 | 37 Months |
| 46836 | 20520.01 | 48 Months |
| 9235 | 8850.64 | 49 Months |
| 15931 | 9100.92 | 35 Months |
| 21862 | 13832.71 | 48 Months |
| 45852 | 23003.04 | 47 Months |
| 55630.78 | 19273.4 | 49 Months |
| 7547 | 4850.02 | 17 Months |
| 15188 | 11217.28 | 31 Months |
| 10316 | 5676.92 | 35 Months |
| 22209 | 13565.36 | 43 Months |
| 8826 | 5575.33 | 19 Months |
| 12422.85 | 9501.71 | 37 Months |
| 11477 | 7380.33 | 30 Months |
| 10886 | 6533.7 | 25 Months |
| 9503 | 5541.44 | 21 Months |
| 15325 | 8447.91 | 31 Months |
| 7722 | 4341.16 | 16 Months |
| 53027 | 24680.48 | 35 Months |
| 10320 | 6609.34 | 26 Months |
| 10208 | 5835.9 | 4 Months |
| 40235 | 18306.14 | 47 Months |
| 25340 | 13725.18 | 36 Months |
| 22143 | 12326.88 | 35 Months |
| 14175 | 9142.7 | 35 Months |
| 23378 | 13688.3 | 44 Months |
| 15854.25 | 9811.38 | 35 Months |
| 31610 | 17270.24 | 47 Months |
| 35897 | 14343.32 | 49 Months |
| 7062 | 4371.75 | 16 Months |
| 20443 | 12032.4 | 39 Months |
| 41717 | 20082.34 | 47 Months |
| 19619.47 | 10624.39 | 22 Months |
| 83128 | 33395.76 | 35 Months |
| 35092 | 16908.44 | 47 Months |
| 13394 | 8913.48 | 33 Months |
| 28569 | 12897.45 | 35 Months |
| 8488 | 6593.4 | 23 Months |

Exhibit 12

Page 108

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 252.62 |
| | Unified Global Research Group Inc | 330.11 |
| | Unified Global Research Group Inc | 338.08 |
| | Unified Global Research Group Inc | 370.79 |
| | Unified Global Research Group Inc | 524.57 |
| | Unified Global Research Group Inc | 316.19 |
| | Unified Global Research Group Inc | 250.19 |
| | Unified Global Research Group Inc | 380.2 |
| | Unified Global Research Group Inc | 257.16 |
| | Unified Global Research Group Inc | 1095.19 |
| | Unified Global Research Group Inc | 250.66 |
| | Unified Global Research Group Inc | 251.29 |
| | Unified Global Research Group Inc | 284.99 |
| | Unified Global Research Group Inc | 253.8 |
| | Unified Global Research Group Inc | 300.52 |
| | Unified Global Research Group Inc | 349.3 |
| | Unified Global Research Group Inc | 295.7 |
| | Unified Global Research Group Inc | 323.19 |
| | Unified Global Research Group Inc | 267.19 |
| | Unified Global Research Group Inc | 274.88 |
| | Unified Global Research Group Inc | 269.19 |
| | Unified Global Research Group Inc | 351.76 |
| | Unified Global Research Group Inc | 259.86 |
| | Unified Global Research Group Inc | 306.52 |
| | Unified Global Research Group Inc | 251.85 |
| | Unified Global Research Group Inc | 504.48 |
| | Unified Global Research Group Inc | 460.62 |
| | Unified Global Research Group Inc | 253.79 |
| | Unified Global Research Group Inc | 356.59 |
| | Unified Global Research Group Inc | 257.4 |
| | Unified Global Research Group Inc | 251.66 |
| | Unified Global Research Group Inc | 435.93 |
| | Unified Global Research Group Inc | 253.16 |
| | Unified Global Research Group Inc | 253.01 |
| | Unified Global Research Group Inc | 251.19 |
| | Unified Global Research Group Inc | 252.49 |
| | Unified Global Research Group Inc | 255.88 |
| | Unified Global Research Group Inc | 309.11 |
| | Unified Global Research Group Inc | 315.4 |
| | Unified Global Research Group Inc | 480.98 |
| | Unified Global Research Group Inc | 284.03 |
| | Unified Global Research Group Inc | 398.48 |
| | Unified Global Research Group Inc | 254.77 |
| | Unified Global Research Group Inc | 412.36 |
| | Unified Global Research Group Inc | 259.33 |
| | Unified Global Research Group Inc | 321.68 |
| | Unified Global Research Group Inc | 301.66 |

Exhibit 12
Page 109

| 12053 | 6820.81 | 26 Months |
|---|---|---|
| 21036 | 11884.08 | 35 Months |
| 21753 | 12170.88 | 35 Months |
| 25997 | 13348.54 | 35 Months |
| 38537 | 18884.48 | 35 Months |
| 21387 | 11382.87 | 34 Months |
| 9561 | 5754.31 | 22 Months |
| 25544 | 14092.48 | 35 Months |
| 8728 | 5271.76 | 23 Months |
| 70281 | 28270.67 | 47 Months |
| 16971 | 11029.12 | 43 Months |
| 7536 | 4523.16 | 17 Months |
| 25866 | 13679.34 | 47 Months |
| 9065 | 5392.84 | 21 Months |
| 18373 | 10818.88 | 35 Months |
| 26015 | 12574.93 | 35 Months |
| 22779 | 11827.85 | 39 Months |
| 20413 | 11634.88 | 35 Months |
| 26448 | 13092.31 | 48 Months |
| 15370.95 | 8521.32 | 29 Months |
| 11850 | 6460.62 | 23 Months |
| 33656 | 16884.29 | 47 Months |
| 6055 | 3552.46 | 13 Months |
| 16811 | 9808.56 | 31 Months |
| 7107 | 4306.38 | 15 Months |
| 55968 | 23426.93 | 36 Months |
| 55636 | 29461.32 | 48 Months |
| 11412 | 7359.82 | 31 Months |
| 17041 | 9740.8 | 29 Months |
| 16562 | 10568.38 | 38 Months |
| 19521 | 11073.07 | 44 Months |
| 33955 | 15693.48 | 35 Months |
| 11441 | 7202.58 | 22 Months |
| 10717 | 6578.34 | 25 Months |
| 16518.14 | 9239.47 | 35 Months |
| 11708 | 8382.07 | 29 Months |
| 8203 | 5816.94 | 23 Months |
| 29174 | 14837.14 | 47 Months |
| 28413 | 15139.05 | 47 Months |
| 39559 | 18952.64 | 47 Months |
| 21892 | 11645.05 | 40 Months |
| 41431 | 19127.09 | 47 Months |
| 10691 | 6878.66 | 26 Months |
| 43335 | 19793.49 | 47 Months |
| 19554 | 10891.86 | 41 Months |
| 21921 | 11580.45 | 35 Months |
| 19973 | 11161.35 | 36 Months |

Exhibit 12

Page 110

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 252.61 |
| | Unified Global Research Group Inc | 421.61 |
| | Unified Global Research Group Inc | 306.96 |
| | Unified Global Research Group Inc | 301.7 |
| | Unified Global Research Group Inc | 681.01 |
| | Unified Global Research Group Inc | 473.54 |
| | Unified Global Research Group Inc | 251.58 |
| | Unified Global Research Group Inc | 380.43 |
| | Unified Global Research Group Inc | 286.99 |
| | Unified Global Research Group Inc | 256.39 |
| | Unified Global Research Group Inc | 303.92 |
| | Unified Global Research Group Inc | 304.46 |
| | Unified Global Research Group Inc | 346.13 |
| | Unified Global Research Group Inc | 251.33 |
| | Unified Global Research Group Inc | 300.63 |
| | Unified Global Research Group Inc | 276.83 |
| | Unified Global Research Group Inc | 382.66 |
| | Unified Global Research Group Inc | 254.31 |
| | Unified Global Research Group Inc | 250.91 |
| | Unified Global Research Group Inc | 376.31 |
| | Unified Global Research Group Inc | 251.08 |
| | Unified Global Research Group Inc | 301.33 |
| | Unified Global Research Group Inc | 255.48 |
| | Unified Global Research Group Inc | 301.58 |
| | Unified Global Research Group Inc | 258.18 |
| | Unified Global Research Group Inc | 302.84 |
| | Unified Global Research Group Inc | 361.4 |
| | Unified Global Research Group Inc | 252.04 |
| | Unified Global Research Group Inc | 387.73 |
| | Unified Global Research Group Inc | 489.6 |
| | Unified Global Research Group Inc | 343.92 |
| | Unified Global Research Group Inc | 340.35 |
| | Unified Global Research Group Inc | 255.79 |
| | Unified Global Research Group Inc | 306.53 |
| | Unified Global Research Group Inc | 327.18 |
| | Unified Global Research Group Inc | 254 |
| | Unified Global Research Group Inc | 470.7 |
| | Unified Global Research Gr Unified Global Research Gr | 347.47 |
| | Unified Global Research Group Inc | 365.05 |
| | Unified Global Research Group Inc | 588.77 |
| | Unified Global Research Group Inc | 301.4 |
| | Unified Global Research Group Inc | 208.22 |
| | Unified Global Research Group Inc | 250.78 |
| | Unified Global Research Group Inc | 251.82 |
| | Unified Global Research Group Inc | 206.01 |
| | Unified Global Research Group Inc | 371.52 |
| | Unified Global Research Group Inc | 11443.63 |

Exhibit 12
Page 111

| | | |
|---:|---:|:---|
| 10556 | 6315.22 | 24 Months |
| 44603 | 20237.29 | 47 Months |
| 19855 | 10436.75 | 33 Months |
| 28158 | 14808.24 | 47 Months |
| 52617 | 24516.48 | 35 Months |
| 36697 | 17047.57 | 35 Months |
| 13303 | 8100.61 | 31 Months |
| 29217 | 13695.63 | 35 Months |
| 23963.69 | 15081.77 | 48 Months |
| 10972 | 6153.32 | 22 Months |
| 17949 | 9725.29 | 31 Months |
| 21402 | 10960.38 | 34 Months |
| 43595.44 | 19755.84 | 47 Months |
| 8854 | 5277.83 | 21 Months |
| 19321 | 10522.07 | 33 Months |
| 10827 | 6643.92 | 23 Months |
| 39261 | 18367.59 | 47 Months |
| 10090 | 5849.14 | 23 Months |
| 10731 | 6523.57 | 24 Months |
| 22394 | 12041.76 | 31 Months |
| 13923 | 9038.88 | 35 Months |
| 15371 | 9039.8 | 28 Months |
| 12728 | 8430.84 | 31 Months |
| 24510 | 13269.52 | 42 Months |
| 8321 | 5211.23 | 17 Months |
| 19466 | 9993.64 | 32 Months |
| 29152 | 14359.06 | 49 Months |
| 14232 | 8065.36 | 31 Months |
| 35652 | 16284.78 | 41 Months |
| 47186 | 24479.84 | 50 Months |
| 22279 | 12381.28 | 35 Months |
| 21957 | 12252.48 | 35 Months |
| 8630 | 3158.52 | 24 Months |
| 21615 | 11034.93 | 35 Months |
| 11233 | 6374.52 | 38 Months |
| 8669 | 5841.96 | 21 Months |
| 33689 | 17440.98 | 35 Months |
| 22598 | 13253.82 | 37 Months |
| 24180 | 13141.68 | 35 Months |
| 84684.84 | 24883.27 | 40 Months |
| 25573.21 | 13602.11 | 41 Months |
| 10066 | 7496.08 | 35 Months |
| 7266 | 4012.52 | 15 Months |
| 7106 | 4306 | 16 Months |
| 9867 | 7416.48 | 35 Months |
| 24763 | 13374.88 | 34 Months |
| 45389 | 31956.02 | 49 Months |

Exhibit 12

Page 112

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 650.28 |
| | Unified Global Research Group Inc | 265.04 |
| | Unified Global Research Group Inc | 283.52 |
| | Unified Global Research Group Inc | 229.7 |
| | Unified Global Research Group Inc | 300.45 |
| | Unified Global Research Group Inc | 320.59 |
| | Unified Global Research Group Inc | 417.61 |
| | Unified Global Research Group Inc | 322.31 |
| | Unified Global Research Group Inc | 319 |
| | Unified Global Research Group Inc | 250.33 |
| | Unified Global Research Group Inc | 302.6 |
| | Unified Global Research Group Inc | 359.5 |
| | Unified Global Research Group Inc | 272.62 |
| | Unified Global Research Group Inc | 482.74 |
| | Unified Global Research Group Inc | 302.59 |
| | Unified Global Research Group Inc | 262.56 |
| | Unified Global Research Group Inc | 319.45 |
| | Unified Global Research Group Inc | 253.32 |
| | Unified Global Research Group Inc | 250.64 |
| | Unified Global Research Group Inc | 340.22 |
| | Unified Global Research Group Inc | 251.03 |
| | Unified Global Research Group Inc | 301.14 |
| | Unified Global Research Group Inc | 249.84 |
| | Unified Global Research Group Inc | 552.41 |
| | Unified Global Research Group Inc | 359.61 |
| | Unified Global Research Group Inc | 382.64 |
| | Unified Global Research Group Inc | 298.16 |
| | Unified Global Research Group Inc | 362.28 |
| | Unified Global Research Group Inc | 317.46 |
| | Unified Global Research Group Inc | 302.81 |
| | Unified Global Research Group Inc | 250.06 |
| | Unified Global Research Group Inc | 151.87 |
| | Unified Global Research Group Inc | 257.09 |
| | Unified Global Research Group Inc | 314.09 |
| | Unified Global Research Group Inc | 486.81 |
| | Unified Global Research Group Inc | 301.96 |
| | Unified Global Research Group Inc | 275.29 |
| | Unified Global Research Group Inc | 304.81 |
| | Unified Global Research Group Inc | 252.69 |
| | Unified Global Research Group Inc | 375.87 |
| | Unified Global Research Group Inc | 258.22 |
| | Unified Global Research Group Inc | 318.83 |
| | Unified Global Research Group Inc | 310.65 |
| | Unified Global Research Group Inc | 250.82 |
| | Unified Global Research Group Inc | 256.98 |
| | Unified Global Research Group Inc | 789.07 |
| | Unified Global Research Group Inc | 304.2 |

Exhibit 12

| | | |
|---|---|---|
| 60404.16 | 28188.24 | 41 Months |
| 23130 | 13251.82 | 48 Months |
| 17110 | 9072.66 | 31 Months |
| 19198 | 8269.18 | 35 Months |
| 14795 | 8713.02 | 28 Months |
| 17376 | 9938.18 | 30 Months |
| 28911 | 16704.52 | 35 Months |
| 20334 | 11603.28 | 35 Months |
| 13357 | 7999.92 | 24 Months |
| 9237 | 5256.93 | 21 Months |
| 21835 | 11523.78 | 35 Months |
| 23681 | 12942.08 | 35 Months |
| 19386 | 11995.12 | 43 Months |
| 8693 | 4344.62 | 8 Months |
| 18559 | 10893.28 | 35 Months |
| 14956 | 10527.32 | 37 Months |
| 13384 | 7666.72 | 22 Months |
| 12163 | 7852.98 | 30 Months |
| 10798 | 7017.84 | 27 Months |
| 21946 | 12248.08 | 35 Months |
| 8119 | 5271.58 | 20 Months |
| 7657 | 301.14 | 0 Months |
| 8824 | 5746.34 | 22 Months |
| 54509 | 26431.63 | 46 Months |
| 23691 | 12946.08 | 35 Months |
| 27481 | 9183.37 | 23 Months |
| 5843 | 6105.82 | 30 Months |
| 34536.16 | 18171.24 | 46 Months |
| 19897 | 11428.48 | 36 Months |
| 18063 | 10598.5 | 34 Months |
| 9221 | 6001.52 | 23 Months |
| 18662 | 10934.48 | 35 Months |
| 11250 | 7198.64 | 27 Months |
| 15784 | 9108.62 | 28 Months |
| 34163 | 17550.31 | 35 Months |
| 28194 | 14796.1 | 48 Months |
| 8051 | 4955.24 | 17 Months |
| 7816 | 4572.1 | 14 Months |
| 10160 | 6569.88 | 24 Months |
| 18839 | 10645.47 | 28 Months |
| 14566 | 9296.08 | 35 Months |
| 16684 | 10252.56 | 28 Months |
| 16070 | 9319.4 | 29 Months |
| 7122 | 4684.52 | 18 Months |
| 10439 | 6681.48 | 25 Months |
| 62342 | 28406.48 | 35 Months |
| 22860.73 | 13385.02 | 43 Months |

Exhibit 12

Page 114

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 259.74 |
| | Unified Global Research Group Inc | 257.92 |
| | Unified Global Research Group Inc | 401.78 |
| | Unified Global Research Group Inc | 250.3 |
| | Unified Global Research Group Inc | 289.66 |
| | Unified Global Research Group Inc | 311.11 |
| | Unified Global Research Group Inc | 301.58 |
| | Unified Global Research Group Inc | 259.64 |
| | Unified Global Research Group Inc | 404.8 |
| | Unified Global Research Group Inc | 326.6 |
| | Unified Global Research Group Inc | 251.64 |
| | Unified Global Research Group Inc | 257.5 |
| | Unified Global Research Group Inc | 301.87 |
| | Unified Global Research Group Inc | 252.4 |
| | Unified Global Research Group Inc | 425.1 |
| | Unified Global Research Group Inc | 317.76 |
| | Unified Global Research Group Inc | 302.68 |
| | Unified Global Research Group Inc | 456.82 |
| | Unified Global Research Group Inc | 288.75 |
| | Unified Global Research Group Inc | 312.04 |
| | Unified Global Research Group Inc | 821.65 |
| | Unified Global Research Group Inc | 300.95 |
| | Unified Global Research Group Inc | 324.25 |
| | Unified Global Research Group Inc | 301.51 |
| | Unified Global Research Group Inc | 484.6 |
| | Unified Global Research Group Inc | 295.02 |
| | Unified Global Research Group Inc | 307.81 |
| | Unified Global Research Group Inc | 300.79 |
| | Unified Global Research Group Inc | 301.93 |
| | Unified Global Research Group Inc | 489.4 |
| | Unified Global Research Group Inc | 50 |
| | Unified Global Research Group Inc | 300.27 |
| | Unified Global Research Group Inc | 400.54 |
| | Unified Global Research Group Inc | 642.53 |
| | Unified Global Research Group Inc | 253.14 |
| | Unified Global Research Group Inc | 369.54 |
| | Unified Global Research Group Inc | 307.64 |
| | Unified Global Research Group Inc | 509.9 |
| | Unified Global Research Group Inc | 250.41 |
| | Unified Global Research Group Inc | 308.69 |
| | Unified Global Research Group Inc | 257.98 |
| | Unified Global Research Group Inc | 254.85 |
| | Unified Global Research Group Inc | 320.75 |
| | Unified Global Research Group Inc | 456.47 |
| | Unified Global Research Group Inc | 250.19 |
| | Unified Global Research Group Inc | 656.8 |
| | Unified Global Research Group Inc | 255.5 |

Exhibit 12
Page 115

| | | |
|---:|---:|---|
| 16336 | 10389.6 | 39 Months |
| 8481 | 5416.38 | 20 Months |
| 39348.63 | 20210.35 | 46 Months |
| 7311 | 4755.62 | 18 Months |
| 7248 | 4659.56 | 15 Months |
| 15347 | 9040.3 | 29 Months |
| 14364 | 8770.82 | 27 Months |
| 19591 | 10904.81 | 40 Months |
| 27141.01 | 14288.12 | 34 Months |
| 12662 | 7185.16 | 21 Months |
| 11256 | 7297.42 | 28 Months |
| 9667 | 6179.92 | 23 Months |
| 7192 | 4226.12 | 13 Months |
| 4391 | 2812.93 | 10 Months |
| 39446 | 20404.64 | 47 Months |
| 26566 | 15570.4 | 48 Months |
| 17081 | 11105.65 | 33 Months |
| 32439.38 | 18058.81 | 50 Months |
| 11542 | 6929.92 | 23 Months |
| 7009 | 4056.54 | 12 Months |
| 43516 | 22234.47 | 24 Months |
| 14831 | 8727.42 | 27 Months |
| 48201.57 | 22068.47 | 47 Months |
| 11282 | 6633.16 | 20 Months |
| 17470 | 9207.44 | 17 Months |
| 8939 | 5975.48 | 17 Months |
| 23786 | 14159.31 | 45 Months |
| 17375 | 10226.92 | 33 Months |
| 17031 | 8755.87 | 28 Months |
| 32424 | 16150.14 | 32 Months |
| 7366 | 5579.07 | 19 Months |
| 17331 | 10209.32 | 33 Months |
| 27374 | 14419.28 | 35 Months |
| 32769 | 16063.24 | 23 Months |
| 7838 | 5315.94 | 20 Months |
| 12292 | 6651.64 | 17 Months |
| 7394 | 5973.13 | 26 Months |
| 49622 | 24475.04 | 47 Months |
| 10782 | 7512.26 | 28 Months |
| 13800 | 8025.88 | 25 Months |
| 7676 | 5159.6 | 19 Months |
| 7131 | 4332.39 | 17 Months |
| 26924 | 15716.59 | 48 Months |
| 49384 | 21910.64 | 47 Months |
| 11151 | 7255.42 | 28 Months |
| 50438 | 23644.88 | 34 Months |
| 8354 | 5365.58 | 20 Months |

Exhibit 12
Page 116

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 319.72 |
| | Unified Global Research Group Inc | 253.31 |
| | Unified Global Research Group Inc | 334.86 |
| | Unified Global Research Group Inc | 255.47 |
| | Unified Global Research Group Inc | 691.86 |
| | Unified Global Research Group Inc | 311.71 |
| | Unified Global Research Group Inc | 348.96 |
| | Unified Global Research Group Inc | 303.66 |
| | Unified Global Research Group Inc | 306.32 |
| | Unified Global Research Group Inc | 278.28 |
| | Unified Global Research Group Inc | 374.59 |
| | Unified Global Research Group Inc | 278.63 |
| | Unified Global Research Group Inc | 488.65 |
| | Unified Global Research Group Inc | 284.54 |
| | Unified Global Research Group Inc | 409.82 |
| | Unified Global Research Group Inc | 255.11 |
| ams | Unified Global Research Group Inc | 265.62 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 309.62 |
| | Unified Global Research Group Inc | 253.49 |
| | Unified Global Research Group Inc | 311.86 |
| | Unified Global Research Group Inc | 308.12 |
| | Unified Global Research Group Inc | 334.78 |
| | Unified Global Research Group Inc | 511.54 |
| | Unified Global Research Group Inc | 296.38 |
| | Unified Global Research Group Inc | 511.63 |
| | Unified Global Research Group Inc | 185.52 |
| | Unified Global Research Group Inc | 419.57 |
| | Unified Global Research Group Inc | 301.74 |
| | Unified Global Research Group Inc | 329.51 |
| | Unified Global Research Group Inc | 261.48 |
| | Unified Global Research Group Inc | 338.58 |
| | Unified Global Research Group Inc | 252.81 |
| | Unified Global Research Group Inc | 313.73 |
| | Unified Global Research Group Inc | 533.88 |
| | Unified Global Research Group Inc | 209.59 |
| | Unified Global Research Group Inc | 250.49 |
| | Unified Global Research Group Inc | 252.59 |
| | Unified Global Research Group Inc | 288.83 |
| | Unified Global Research Group Inc | 251.27 |
| | Unified Global Research Group Inc | 411.12 |
| | Unified Global Research Group Inc | 255.55 |
| | Unified Global Research Group Inc | 241.11 |
| | Unified Global Research Group Inc | 312.69 |
| | Unified Global Research Group Inc | 481.71 |
| | Unified Global Research Group Inc | 298.67 |
| | Unified Global Research Group Inc | 543.41 |

Exhibit 12
Page 117

| | | |
|---|---|---|
| 21776 | 12469.22 | 37 Months |
| 7062 | 4559.64 | 17 Months |
| 12520.23 | 7032.07 | 21 Months |
| 12727 | 7153.09 | 27 Months |
| 81666 | 33209.34 | 47 Months |
| 16688 | 9662.98 | 30 Months |
| 22732 | 12562.48 | 35 Months |
| 19173 | 11235.26 | 36 Months |
| 7348 | 4288.52 | 13 Months |
| 10914 | 6678.72 | 23 Months |
| 38154 | 17980.14 | 48 Months |
| 18746 | 10030.78 | 35 Months |
| 35304 | 17591.28 | 35 Months |
| 10819 | 6853.88 | 22 Months |
| 42986 | 19671.34 | 47 Months |
| 8730 | 5612.36 | 21 Months |
| 20309 | 12749.84 | 47 Months |
| 7779 | 5039.2 | 19 Months |
| 11195 | 7171.22 | 21 Months |
| 7070 | 4562.84 | 16 Months |
| 7003 | 4054.14 | 11 Months |
| 13234 | 7703.1 | 24 Months |
| 14304 | 8034.72 | 22 Months |
| 49819 | 24553.84 | 47 Months |
| 8000 | 4742.08 | 15 Months |
| 26991 | 13302.28 | 25 Months |
| 37668 | 17810.04 | 43 Months |
| 29087 | 15104.48 | 34 Months |
| 7701 | 4526.1 | 14 Months |
| 31972 | 15816.44 | 47 Months |
| 14859 | 9413.28 | 35 Months |
| 14532 | 8125.92 | 23 Months |
| 12123 | 7836.98 | 29 Months |
| 7064 | 4078.54 | 11 Months |
| 15000 | 6406.56 | 11 Months |
| 8070 | 4191.8 | 8 Months |
| 10017 | 6512.68 | 24 Months |
| 17853 | 10565.65 | 39 Months |
| 11547 | 7245.75 | 23 Months |
| 19436 | 11387.14 | 37 Months |
| 43164 | 20144.76 | 48 Months |
| 9550 | 6133.12 | 22 Months |
| 6513 | 4340.04 | 17 Months |
| 7030 | 4690.32 | 12 Months |
| 34680 | 17823.39 | 34 Months |
| 16183 | 10154.7 | 32 Months |
| 53644 | 26083.84 | 46 Months |

Exhibit 12
Page 118

| | Unified Global Research Group Inc | 267.19 |
|---|---|---|
| | Unified Global Research Group Inc | 253.6 |
| | Unified Global Research Group Inc | 339.52 |
| | Unified Global Research Group Inc | 301.83 |
| | Unified Global Research Group Inc | 297.42 |
| | Unified Global Research Group Inc | 321.78 |
| | Unified Global Research Group Inc | 253.51 |
| | Unified Global Research Group Inc | 303.93 |
| | Unified Global Research Group Inc | 459.85 |
| | Unified Global Research Group Inc | 302.48 |
| | Unified Global Research Group Inc | 302.24 |
| | Unified Global Research Group Inc | 287.16 |
| | Unified Global Research Group Inc | 345.79 |
| | Unified Global Research Group Inc | 589.11 |
| | Unified Global Research Group Inc | 250.05 |
| | Unified Global Research Group Inc | 252.54 |
| | Unified Global Research Group Inc | 531.8 |
| | Unified Global Research Group Inc | 300.58 |
| | Unified Global Research Group Inc | 250.21 |
| | Unified Global Research Group Inc | 307.72 |
| | Unified Global Research Group Inc | 516.06 |
| | Unified Global Research Group Inc | 467.56 |
| | Unified Global Research Group Inc | 304.9 |
| | Unified Global Research Group Inc | 471.3 |
| | Unified Global Research Group Inc | 272.09 |
| | Unified Global Research Group Inc | 304.35 |
| | Unified Global Research Group Inc | 269.16 |
| | Unified Global Research Group Inc | 301.52 |
| | Unified Global Research Group Inc | 400.51 |
| | Unified Global Research Group Inc | 251.66 |
| | Unified Global Research Group Inc | 366.56 |
| | Unified Global Research Group Inc | 250 |
| | Unified Global Research Group Inc | 312.47 |
| | Unified Global Research Group Inc | 253.44 |
| | Unified Global Research Group Inc | 377.9 |
| | Unified Global Research Group Inc | 490.42 |
| | Unified Global Research Group Inc | 251.98 |
| | Unified Global Research Group Inc | 306.66 |
| | Unified Global Research Group Inc | 250.74 |
| | Unified Global Research Group Inc | 276.55 |
| | Unified Global Research Group Inc | 552.77 |
| | Unified Global Research Group Inc | 304.59 |
| | Unified Global Research Group Inc | 479.25 |
| | Unified Global Research Group Inc | 303.73 |
| | Unified Global Research Group Inc | 295.94 |
| | Unified Global Research Group Inc | 308.54 |
| | Unified Global Research Group Inc | 378.27 |

Exhibit 12
Page 119

| | | |
|---|---|---|
| 13665 | 7481.39 | 27 Months |
| 7075 | 4564.84 | 17 Months |
| 21883 | 12222.88 | 35 Months |
| 22599 | 13183.94 | 43 Months |
| 8041.75 | 4758.78 | 14 Months |
| 20286 | 11584.08 | 35 Months |
| 12963 | 8365.74 | 32 Months |
| 12453 | 7294.32 | 23 Months |
| 27260 | 13795.4 | 29 Months |
| 24217 | 14216.66 | 46 Months |
| 14410 | 8462.64 | 27 Months |
| 15739 | 9476.14 | 31 Months |
| 28404 | 16000.55 | 47 Months |
| 59127 | 28277.05 | 47 Months |
| 9220 | 6276.17 | 23 Months |
| 7027 | 4545.64 | 17 Months |
| 59715 | 25526.49 | 47 Months |
| 7147 | 4208.12 | 13 Months |
| 13460 | 9007.51 | 34 Months |
| 10567 | 6154.4 | 19 Months |
| 50361 | 24770.64 | 46 Months |
| 33406 | 16832.08 | 35 Months |
| 22416 | 13110.74 | 42 Months |
| 33743 | 16966.88 | 35 Months |
| 15814 | 9795.28 | 35 Months |
| 12478 | 7304.32 | 22 Months |
| 20733 | 12919.44 | 47 Months |
| 24031 | 12362.43 | 40 Months |
| 27372 | 14418.48 | 35 Months |
| 10204 | 5788.14 | 22 Months |
| 32421 | 17594.64 | 47 Months |
| 11851 | 6750.11 | 26 Months |
| 7023 | 4062.14 | 11 Months |
| 17277 | 11151.52 | 42 Months |
| 33782 | 18139.04 | 47 Months |
| 47285 | 23540.24 | 46 Months |
| 7002 | 4535.64 | 17 Months |
| 18925 | 11039.68 | 35 Months |
| 10805 | 7020.64 | 26 Months |
| 11325 | 6084.11 | 21 Months |
| 62590.36 | 26532.86 | 47 Months |
| 18739 | 10965.28 | 35 Months |
| 52508 | 23004.04 | 47 Months |
| 11404 | 6681.96 | 21 Months |
| 16464 | 9766.14 | 32 Months |
| 13260 | 7713.5 | 23 Months |
| 25370 | 13617.68 | 35 Months |

Exhibit 12
Page 120

| | | |
|---|---|---|
| ▬▬ | Unified Global Research Group Inc | 305.33 |
| ▬▬▬▬▬ | Unified Global Research Group Inc | 251.96 |
| ▬▬ | Unified Global Research Group Inc | 257.86 |
| ▬▬▬ | Unified Global Research Group Inc | 555.58 |
| ▬▬▬ | Unified Global Research Group Inc | 250.28 |
| ▬▬ | Unified Global Research Group Inc | 250.45 |
| ▬▬ | Unified Global Research Group Inc | 253.35 |
| ▬▬▬ | Unified Global Research Group Inc | 251.96 |
| ▬▬ | Unified Global Research Group Inc | 255.01 |
| ▬▬▬ | Unified Global Research Group Inc | 310.02 |
| ▬▬ | Unified Global Research Group Inc | 396.28 |
| ▬▬▬ | Unified Global Research Group Inc | 1038.87 |
| ▬▬ | Unified Global Research Group Inc | 309.23 |
| ▬▬ | Unified Global Research Group Inc | 253.99 |
| ▬▬▬ | Unified Global Research Group Inc | 252.06 |
| ▬▬ | Unified Global Research Group Inc | 383.32 |
| ▬▬ | Unified Global Research Group Inc | 254.64 |
| ▬▬▬ | Unified Global Research Group Inc | 250.27 |
| ▬▬ | Unified Global Research Group Inc | 252.14 |
| ▬▬▬ | Unified Global Research Group Inc | 300.73 |
| ▬▬▬ | Unified Global Research Group Inc | 588.64 |
| ▬ | Unified Global Research Group Inc | 100 |
| ▬▬▬ | Unified Global Research Group Inc | 303.16 |
| ▬▬ | Unified Global Research Group Inc | 327.18 |
| ▬▬▬▬ | Unified Global Research Group Inc | 250.03 |
| ▬▬▬ | Unified Global Research Group Inc | 301.86 |
| ▬▬ | Unified Global Research Group Inc | 236.72 |
| ▬▬ | Unified Global Research Group Inc | 301.5 |
| ▬▬ | Unified Global Research Group Inc | 302.76 |
| ▬▬▬ | Unified Global Research Group Inc | 263.33 |
| ▬▬ | Unified Global Research Group Inc | 356.7 |
| ▬ | Unified Global Research Group Inc | 252.81 |
| ▬▬ | Unified Global Research Group Inc | 302.27 |
| ▬▬▬ | Unified Global Research Group Inc | 252.01 |
| ▬ | Unified Global Research Group Inc | 250.64 |
| ▬▬ | Unified Global Research Group Inc | 300.63 |
| ▬▬ | Unified Global Research Group Inc | 326.27 |
| ▬▬ | Unified Global Research Group Inc | 251.98 |
| ▬ | Unified Global Research Group Inc | 259.96 |
| ▬ | Unified Global Research Group Inc | 256.96 |
| ▬▬▬ | Unified Global Research Group Inc | 569.06 |
| ▬▬ | Unified Global Research Group Inc | 366.86 |
| ▬▬▬ | Unified Global Research Group Inc | 377.85 |
| ▬▬▬ | Unified Global Research Group Inc | 440.39 |
| ▬▬ | Unified Global Research Group Inc | 269.16 |
| ▬▬ | Unified Global Research Group Inc | 288.09 |
| ▬▬ | Unified Global Research Group Inc | 256.38 |

Exhibit 12
Page 121

| | | |
|---|---|---|
| 17761 | 10381.32 | 32 Months |
| 7001 | 4535.24 | 17 Months |
| 14937 | 9540.86 | 36 Months |
| 8036 | 3889.06 | 6 Months |
| 7695 | 5756.44 | 18 Months |
| 8859 | 5760.34 | 21 Months |
| 9418 | 6080.32 | 23 Months |
| 7001 | 4535.24 | 17 Months |
| 7535 | 4845.22 | 18 Months |
| 19228 | 11160.88 | 34 Months |
| 26991 | 14266.08 | 35 Months |
| 32987 | 14544.12 | 13 Months |
| 18092.32 | 10848.08 | 32 Months |
| 11427 | 7365.82 | 28 Months |
| 12065 | 7813.78 | 30 Months |
| 25825 | 13799.68 | 35 Months |
| 12661 | 7129.99 | 27 Months |
| 7310 | 4755.22 | 18 Months |
| 7009 | 4538.44 | 17 Months |
| 26857 | 13833.43 | 45 Months |
| 44303 | 21190.88 | 35 Months |
| 9176 | 5887.14 | 23 Months |
| 24223 | 12429.63 | 40 Months |
| 20772 | 11778.48 | 35 Months |
| 11908 | 7750.98 | 30 Months |
| 18493 | 10866.88 | 35 Months |
| 16841 | 11362.64 | 47 Months |
| 24614 | 14471.84 | 47 Months |
| 12899 | 7569.1 | 24 Months |
| 10017 | 6319.92 | 23 Months |
| 29936.47 | 16408.07 | 45 Months |
| 16425 | 10617.96 | 41 Months |
| 14927 | 8765.82 | 28 Months |
| 9338 | 6048.32 | 22 Months |
| 14362 | 6767.24 | 25 Months |
| 16340 | 10632.59 | 40 Months |
| 20690 | 11745.68 | 34 Months |
| 7002 | 4535.64 | 17 Months |
| 8997 | 5719.16 | 21 Months |
| 8029 | 5139.2 | 18 Months |
| 64824 | 27314.63 | 46 Months |
| 24343 | 13206.88 | 35 Months |
| 25332 | 13602.48 | 35 Months |
| 30961 | 15854.08 | 35 Months |
| 9850 | 6467.12 | 24 Months |
| 7189 | 4634.39 | 15 Months |
| 7600 | 4871.22 | 18 Months |

Exhibit 12
Page 122

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 300.36 |
| | Unified Global Research Group Inc | 252.8 |
| | Unified Global Research Group Inc | 265.72 |
| | Unified Global Research Group Inc | 256.03 |
| | Unified Global Research Group Inc | 251.66 |
| | Unified Global Research Group Inc | 255.46 |
| | Unified Global Research Group Inc | 299.23 |
| | Unified Global Research Group Inc | 316.16 |
| | Unified Global Research Group Inc | 306.56 |
| | Unified Global Research Group Inc | 250.52 |
| | Unified Global Research Group Inc | 259.78 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 379.48 |
| | Unified Global Research Group Inc | 339.09 |
| | Unified Global Research Group Inc | 967.1 |
| | Unified Global Research Group Inc | 314.47 |
| | Unified Global Research Group Inc | 251.98 |
| | Unified Global Research Group Inc | 354.11 |
| | Unified Global Research Group Inc | 297.61 |
| | Unified Global Research Group Inc | 550.45 |
| | Unified Global Research Group Inc | 251.52 |
| | Unified Global Research Group Inc | 250.38 |
| | Unified Global Research Group Inc | 250.98 |
| | Unified Global Research Group Inc | 260.31 |
| | Unified Global Research Group Inc | 304.84 |
| | Unified Global Research Group Inc | 257.51 |
| | Unified Global Research Group Inc | 251.89 |
| | Unified Global Research Group Inc | 253.09 |
| | Unified Global Research Group Inc | 254.7 |
| | Unified Global Research Group Inc | 266.44 |
| | Unified Global Research Group Inc | 476.77 |
| | Unified Global Research Group Inc | 254.89 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 517.91 |
| | Unified Global Research Group Inc | 254.64 |
| | Unified Global Research Group Inc | 301.52 |
| | Unified Global Research Group Inc | 253.79 |
| | Unified Global Research Group Inc | 254.31 |
| | Unified Global Research Group Inc | 258.68 |
| | Unified Global Research Group Inc | 474.53 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 309.6 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 309.28 |
| | Unified Global Research Group Inc | 250.87 |
| | Unified Global Research Group Inc | 497.14 |
| | Unified Global Research Group Inc | 321.39 |

Exhibit 12
Page 123

| | | |
|---|---|---|
| 20398 | 12314.76 | 40 Months |
| 7430 | 4803.22 | 18 Months |
| 8467 | 5314.4 | 18 Months |
| 9978 | 6400.7 | 24 Months |
| 7764 | 5033.2 | 19 Months |
| 11931 | 7663.8 | 29 Months |
| 16735 | 9874.54 | 32 Months |
| 26373 | 13278.5 | 40 Months |
| 28825 | 14714.99 | 46 Months |
| 20259 | 11524.13 | 45 Months |
| 14706 | 9352.08 | 34 Months |
| 7001 | 4535.24 | 17 Months |
| 25479 | 13661.28 | 34 Months |
| 21844 | 12207.28 | 34 Months |
| 104486 | 46420.64 | 47 Months |
| 14176 | 8176.28 | 25 Months |
| 7002 | 4535.64 | 16 Months |
| 23196 | 12748.08 | 35 Months |
| 22135 | 13094.72 | 43 Months |
| 62272 | 26421.44 | 47 Months |
| 10860 | 7042.64 | 27 Months |
| 11165 | 7261.02 | 28 Months |
| 9276 | 6023.52 | 23 Months |
| 7377 | 4685.64 | 17 Months |
| 16677 | 9754.96 | 31 Months |
| 10876 | 6952.66 | 26 Months |
| 12052 | 7808.58 | 30 Months |
| 10578 | 6833.46 | 26 Months |
| 9895 | 6367.5 | 23 Months |
| 15305 | 9591.68 | 35 Months |
| 52168 | 22885.04 | 47 Months |
| 8718 | 5607.56 | 21 Months |
| 7001 | 4535.24 | 16 Months |
| 37938 | 18644.88 | 35 Months |
| 12661 | 8148.56 | 31 Months |
| 15898 | 9346.98 | 30 Months |
| 14167 | 9136.48 | 35 Months |
| 11055 | 7120.64 | 27 Months |
| 11361 | 7501.72 | 27 Months |
| 56723 | 28472 | 59 Months |
| 7001 | 4535.24 | 17 Months |
| 9062 | 5263.26 | 16 Months |
| 7001 | 4535.24 | 16 Months |
| 20758 | 12062.02 | 38 Months |
| 10428 | 6773.46 | 26 Months |
| 48091 | 23862.64 | 47 Months |
| 19126 | 10927.32 | 33 Months |

Exhibit 12
Page 124

| | Unified Global Research Group Inc | 254.01 |
|---|---|---|
| | Unified Global Research Group Inc | 310.13 |
| | Unified Global Research Group Inc | 254.38 |
| | Unified Global Research Group Inc | 316.16 |
| | Unified Global Research Group Inc | 311.58 |
| | Unified Global Research Group Inc | 268.33 |
| | Unified Global Research Group Inc | 253.37 |
| | Unified Global Research Group Inc | 351.36 |
| | Unified Global Research Group Inc | 255.67 |
| | Unified Global Research Group Inc | 305.63 |
| | Unified Global Research Group Inc | 299.1 |
| | Unified Global Research Group Inc | 423.5 |
| | Unified Global Research Group Inc | 305.32 |
| | Unified Global Research Group Inc | 336.76 |
| | Unified Global Research Group Inc | 298.28 |
| | Unified Global Research Group Inc | 252.74 |
| | Unified Global Research Group Inc | 253.68 |
| | Unified Global Research Group Inc | 482.83 |

Totals                                        $   256,131.95

Exhibit 12
Page 125

| | | |
|---|---|---|
| 11822 | 7620.2 | 28 Months |
| 18703 | 10854.5 | 34 Months |
| 15349 | 8649.07 | 32 Months |
| 19780 | 11381.68 | 35 Months |
| 29513 | 14955.79 | 47 Months |
| 13756 | 8586.56 | 31 Months |
| 12952 | 8361.34 | 32 Months |
| 30597 | 14756.9 | 41 Months |
| 12344.76 | 7925.68 | 29 Months |
| 17786 | 10391.32 | 33 Months |
| 20851 | 10767.53 | 35 Months |
| 29441 | 15246.08 | 35 Months |
| 20894 | 12212.8 | 39 Months |
| 21634 | 12123.28 | 35 Months |
| 12619 | 7457.1 | 23 Months |
| 11336 | 7329.42 | 28 Months |
| 12584 | 8117.76 | 31 Months |
| 52999 | 23175.89 | 47 Months |

$ 12,886,277.88    $ 6,743,781.28

Exhibit 12
Page 126

| Full Name | Monthly Payment | Debt Enrolled | Total fee | Program Length (trans) |
|---|---|---|---|---|
| | $ 470.48 | $ 35,489.00 | $ 19,518.95 | 23 Months |
| | $ 456.82 | $ 32,439.38 | $ 17,841.66 | 3 Months |
| | $ 253.49 | $ 7,070.00 | $ 3,888.50 | 2 Months |
| | $ 257.50 | $ 9,667.00 | $ 5,316.85 | 3 Months |
| | $ 301.51 | $ 11,282.00 | $ 6,205.10 | 3 Months |
| | $ 287.90 | $ 19,958.00 | $ 10,976.90 | 13 Months |
| | $ 315.44 | $ 13,774.00 | $ 7,575.70 | 21 Months |
| | $ 292.52 | $ 17,204.00 | $ 9,462.20 | 36 Months |
| | $ 257.20 | $ 1,452.00 | $ 798.60 | 20 Months |
| | $ 484.69 | $ 25,044.00 | $ 13,774.20 | 36 Months |
| | $ 591.11 | $ 24,468.00 | $ 13,457.40 | 35 Months |
| | $ 418.95 | $ 30,669.00 | $ 16,867.95 | 3 Months |
| | $ 256.25 | $ 6,744.00 | $ 3,709.20 | 16 Months |
| | $ 366.77 | $ 17,637.00 | $ 9,700.35 | 32 Months |
| | $ 772.21 | $ 40,513.00 | $ 22,282.15 | 20 Months |
| | $ 340.00 | $ 24,372.00 | $ 13,404.60 | 32 Months |
| | $ 300.66 | $ 20,870.58 | $ 11,478.82 | 31 Months |
| | $ 657.21 | $ 37,280.47 | $ 20,504.26 | 29 Months |
| | $ 356.93 | $ 27,314.00 | $ 15,022.70 | 28 Months |
| | $ 313.75 | $ 20,013.00 | $ 11,007.15 | 28 Months |
| | $ 360.92 | $ 30,207.00 | $ 16,613.85 | 26 Months |
| | $ 375.12 | $ 23,008.00 | $ 12,654.40 | 20 Months |
| | $ 529.99 | $ 25,624.87 | $ 14,093.68 | 22 Months |
| | $ 295.42 | $ 18,364.00 | $ 10,100.20 | 22 Months |
| | $ 798.84 | $ 72,767.00 | $ 40,021.85 | 17 Months |
| | $ 258.84 | $ 15,071.00 | $ 8,289.05 | 12 Months |
| | $ 313.35 | $ 15,188.00 | $ 8,353.40 | 8 Months |
| | $ 433.47 | $ 10,316.00 | $ 5,673.80 | 8 Months |
| | $ 400.65 | $ 41,717.00 | $ 22,944.35 | 6 Months |
| | $ 267.19 | $ 26,448.00 | $ 14,546.40 | 6 Months |
| | $ 351.76 | $ 33,656.00 | $ 18,510.80 | 6 Months |
| | $ 460.62 | $ 55,636.00 | $ 30,599.80 | 5 Months |
| | $ 253.79 | $ 11,412.00 | $ 6,276.60 | 6 Months |
| | $ 253.16 | $ 11,441.00 | $ 6,292.55 | 5 Months |
| | $ 306.96 | $ 19,855.00 | $ 10,920.25 | 4 Months |
| | $ 301.70 | $ 28,158.00 | $ 15,486.90 | 6 Months |
| | $ 361.40 | $ 29,152.00 | $ 16,033.60 | 4 Months |
| | $ 382.64 | $ 27,481.00 | $ 15,114.55 | 5 Months |
| | $ 404.80 | $ 27,141.01 | $ 14,927.56 | 3 Months |
| | $ 403.22 | $ 41,214.00 | $ 22,667.70 | 3 Months |
| | $ 1,114.54 | $ 139,633.00 | $ 76,798.15 | 9 Months |
| | $ 271.21 | $ 20,980.00 | $ 11,539.00 | 5 Months |
| | $ 256.00 | $ 8,779.00 | $ 4,828.45 | 3 Months |

Exhibit 12
Page 127

Company

ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc

Exhibit 12
Page 128

| | | | |
|---|---|---|---|
| $ | 258.72 | $ 10,146.00 | $ 5,580.30 | 3 Months |
| $ | 299.36 | $ 14,716.00 | $ 8,093.80 | 0 Months |
| $ | 416.22 | $ 21,496.00 | $ 11,822.80 | 27 Months |
| $ | 303.64 | $ 28,424.00 | $ 15,633.20 | 0 Months |
| $ | 252.67 | $ 7,032.91 | $ 3,868.10 | 4 Months |
| $ | 250.69 | $ 8,487.00 | $ 4,667.85 | 1 Months |
| $ | 252.51 | $ 9,265.00 | $ 5,095.75 | 8 Months |
| $ | 304.51 | $ 28,075.00 | $ 15,441.25 | 6 Months |
| $ | 252.00 | $ 7,003.00 | $ 3,851.65 | 4 Months |
| $ | 251.28 | $ 12,779.00 | $ 7,028.45 | 1 Months |
| $ | 260.14 | $ 7,599.08 | $ 4,179.49 | 23 Months |
| $ | 114.00 | $ 31,799.81 | $ 17,489.90 | 16 Months |
| $ | 297.76 | $ 8,575.00 | $ 4,716.25 | 8 Months |
| $ | 306.26 | $ 24,373.00 | $ 13,405.15 | 8 Months |
| $ | 253.95 | $ 8,918.00 | $ 4,904.90 | 6 Months |
| $ | 253.08 | $ 14,063.00 | $ 7,734.65 | 6 Months |
| $ | 257.07 | $ 20,660.00 | $ 11,363.00 | 5 Months |
| $ | 251.80 | $ 9,714.00 | $ 5,342.70 | 4 Months |
| $ | 253.46 | $ 19,206.58 | $ 10,563.62 | 5 Months |
| $ | 322.81 | $ 22,643.00 | $ 12,453.65 | 5 Months |
| $ | 393.86 | $ 30,598.00 | $ 16,828.90 | 5 Months |
| $ | 253.10 | $ 10,299.00 | $ 5,664.45 | 4 Months |
| $ | 356.77 | $ 26,039.00 | $ 14,321.45 | 4 Months |
| $ | 426.99 | $ 34,006.00 | $ 18,703.30 | 5 Months |
| $ | 473.02 | $ 51,653.00 | $ 28,409.15 | 4 Months |
| $ | 250.10 | $ 14,054.00 | $ 7,729.70 | 3 Months |
| $ | 254.29 | $ 20,303.00 | $ 11,166.65 | 4 Months |
| $ | 250.83 | $ 9,198.00 | $ 5,058.90 | 4 Months |
| $ | 398.15 | $ 31,039.00 | $ 17,071.45 | 4 Months |
| $ | 415.15 | $ 28,689.00 | $ 15,778.95 | 3 Months |
| $ | 317.18 | $ 26,496.00 | $ 14,572.80 | 3 Months |
| $ | 317.82 | $ 27,420.00 | $ 15,081.00 | 2 Months |
| $ | 442.96 | $ 16,068.00 | $ 8,837.40 | 3 Months |
| $ | 313.97 | $ 19,583.00 | $ 10,770.65 | 3 Months |
| $ | 256.05 | $ 8,782.00 | $ 4,830.10 | 3 Months |
| $ | 303.77 | $ 16,073.00 | $ 8,840.15 | 3 Months |
| $ | 278.07 | $ 16,352.00 | $ 8,993.60 | 3 Months |
| $ | 529.70 | $ 38,998.44 | $ 21,449.14 | 3 Months |
| $ | 261.89 | $ 9,103.00 | $ 5,006.65 | 3 Months |
| $ | 258.29 | $ 9,310.00 | $ 5,120.50 | 3 Months |
| $ | 251.96 | $ 7,001.00 | $ 3,850.55 | 2 Months |
| $ | 313.45 | $ 16,280.00 | $ 8,954.00 | 3 Months |
| $ | 301.95 | $ 7,195.00 | $ 3,957.25 | 2 Months |
| $ | 309.10 | $ 11,699.73 | $ 6,434.85 | 2 Months |
| $ | 500.00 | $ 10,914.00 | $ 6,002.70 | 2 Months |
| $ | 557.38 | $ 27,660.00 | $ 15,213.00 | 2 Months |
| $ | 246.91 | $ 9,032.00 | $ 4,967.60 | 0 Months |

Exhibit 12
Page 129

ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc

Exhibit 12
Page 130

| | | | | |
|---|---|---|---|---|
| ▬ | $ 419.86 | $ 38,817.00 | $ 21,349.35 | 1 Months |
| ▬ | $ 362.96 | $ 19,327.00 | $ 10,629.85 | 2 Months |
| ▬ | $ 417.76 | $ 28,924.00 | $ 15,908.20 | 0 Months |
| ▬ | $ 318.72 | $ 13,896.00 | $ 7,642.80 | 2 Months |
| ▬ | $ 302.44 | $ 22,667.00 | $ 12,466.85 | 2 Months |
| ▬ | $ 414.07 | $ 28,592.35 | $ 15,725.79 | 1 Months |
| ▬ | $ 417.72 | $ 44,069.00 | $ 24,237.95 | 1 Months |
| ▬ | $ 308.57 | $ 15,914.00 | $ 8,752.70 | 1 Months |
| ▬ | $ 255.05 | $ 11,107.00 | $ 6,108.85 | 0 Months |
| ▬ | $ 261.30 | $ 14,843.00 | $ 8,163.65 | 0 Months |
| ▬ | $ 307.58 | $ 15,312.00 | $ 8,421.60 | ▬ |
| ▬ | $ 307.78 | $ 13,741.00 | $ 7,557.55 | ▬ |
| ▬ | $ 252.05 | $ 7,005.00 | $ 3,852.75 | ▬ |
| ▬ | $ 314.35 | $ 7,084.00 | $ 3,896.20 | ▬ |
| ▬ | $ 735.38 | $ 51,120.00 | $ 28,116.00 | 1 Months |
| ▬ | $ 302.85 | $ 24,776.00 | $ 13,626.80 | 0 Months |
| ▬ | $ 251.92 | $ 8,166.00 | $ 4,491.30 | 3 Months |
| ▬ | $ 305.64 | $ 25,387.65 | $ 13,963.21 | 0 Months |
| ▬ | $ 387.46 | $ 26,197.00 | $ 14,408.35 | 0 Months |
| ▬ | $ 364.40 | $ 31,706.00 | $ 17,438.30 | 14 Months |
| ▬ | $ 380.43 | $ 29,217.00 | $ 16,069.35 | 5 Months |
| ▬ | $ 254.20 | $ 7,496.43 | $ 4,123.04 | 6 Months |
| ▬ | $ 463.71 | $ 50,377.00 | $ 27,707.35 | 4 Months |
| ▬ | $ 252.00 | $ 7,003.00 | $ 3,851.65 | 0 Months |
| ▬ | $ 313.57 | $ 35,897.00 | $ 19,743.35 | 6 Months |
| Totals | $ 40,223.39 | $ 2,583,971.29 | $ 1,421,184.21 | |

Exhibit 12
Page 131

ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc

Exhibit 12
Page 132

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | The Litigation Practice Group P.C. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:23-bk-10571-SC |

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Unified Global Research Group<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Pinnacle Legal P.C.<br>Name<br>9565 Waples Street, Suite 200<br>Number   Street<br>San Diego   CA   92121<br>City   State   ZIP Code<br><br>Contact phone 858-868-5000<br>Contact email vr@pinlegal.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | **Where should payments to the creditor be sent?** (if different)<br><br>Pinnacle Legal P.C.<br>Name<br>9565 Waples Street, Suite 200<br>Number   Street<br>San Diego   CA   92121<br>City   State   ZIP Code<br><br>Contact phone 85-868-5000<br>Contact email vr@pinlegal.com |
| 4. | Does this claim amend one already filed? | ☐ No<br>☑ Yes.   Claim number on court claims registry (if known) 23   Filed on 04/27/2023<br>MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.   Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**   $_____6,155,125.60__. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Service performed by Debtor

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/19/2024
                   MM / DD / YYYY

/s/ Vincent Renda
Signature

**Print the name of the person who is completing and signing this claim:**

Name       Vincent Renda
           First name          Middle name          Last name

Title      Attorney

Company    Pinnacle Legal P.C.
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    9565 Waples Street, Suite 200
           Number       Street
           San Diego                    CA        92121
           City                         State     ZIP Code

Contact phone   858-868-5000          Email   vr@pinlegal.com

---

## Litigation Practice Group- Affiliate Agreement

THIS AGREEMENT (the "Agreement") is made and effective as of this 30th of September, 2019 by and between Litigation Practice Group and **Unified Global Research Group Inc** (hereinafter "Affiliate").

RECITALS:

Litigation Practice Group is in the business of providing a package debtor's rights services in the form of credit repair and collection defense. Among the services offered be Litigation Practice Group are the following:

- Repair of inaccurate credit reporting through correspondence directly with the three credit bureaus;
- Validation of consumer debts through correspondence with original creditors, third party debt collectors and assignees, and all three credit bureaus;
- Defense of collection actions initiated by original creditors or third party assignees;
- Negotiation of advantageous settlements of consumer debts;
- Education of clients regarding consumer debts, credit scoring, and forward-looking strategies to protect and enhance one's credit.

Each of these services is offered without regard to the identity of the creditor or third party debt collector or assignee.

Affiliate owns and operates a system of generating leads consisting of consumers interested in credit repair services. Affiliate, acting in accordance with direction from Litigation practice Group, shall obtain the names of Consumers and will market in a lawful manner, complying with the restrictions of the jurisdiction in which the consumer resides. For consumers interested in utilizing Litigation practice Group's services, Affiliate will assist Litigation Practice Group in having consumers execute Litigation practice Group's approved legal services agreement, at which point consumers will become clients of Litigation practice Group, and Litigation Practice Group will be exclusively responsible for and liable for the representation of consumers in the context of credit repair. Nothing in this Agreement nor in the Litigation Practice Group legal services agreement shall restrict Affiliate from offering any other service of any kind to consumer, including alternative credit repair or debt relief programs. Nor is Affiliate restricted from marketing on behalf of other credit repair or debt relief entities, including but not limited to other law firms. Litigation Practice Group and Affiliate hereby agree that any and all prior agreements entered into by Litigation Practice Group and Affiliate or null and void and unenforceable, with the exception of the compensation provisions of any such agreements which shall remain intact, along with all restrictions on confidentiality, protection afforded to either party relating to the proprietary nature of business services and noncompetition, indemnity, attorneys' fees, equitable rights and any dispute resolution, jurisdiction, forum and venue requirements.

1

Exhibit 12
Page 136

**Litigation Practice Group and Affiliate hereby agree to the following:**

1.      Each Party shall be solely responsible for bearing its own costs and expenses incurred in performing its responsibilities under this Agreement, including all tariffs, filings, licensing and/or other fees.

2.      Affiliate shall comply with state and federal laws in communicating with consumers regarding Litigation Practice Group or any of its programs.

3.      Litigation Practice Group shall comply with state and federal laws in performing its obligations under the legal services agreement entered into between Litigation Practice Group and the consumers referred by Affiliate.

4.      If requested by Litigation practice Group, Affiliate shall provide a copy of all marketing materials to Litigation Practice Group upon receiving a request from Litigation practice Group.  Affiliate shall endeavor to provide such materials within 10 business days of such request, but may provide such materials in any time frame that is commercially reasonable.

5.      Affiliate agrees to keep any and all documents or communications between itself and Litigation Practice Group confidential pursuant to the provisions set forth below.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to Litigation practice Group: Litigation Practice Group shall pay **65%** per file for each file that Affiliate refers to Litigation practice Group.  Litigation Practice Group shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days.  If any consumer cancels Litigation practice Group's credit repair services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to Litigation Practice Group(in such percentage as is set forth herein).  Litigation Practice Group has exclusive discretion to grant or deny a requested refund or cancellation.  Litigation Practice Group shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by Litigation practice Group.  Finally, Litigation Practice Group may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with Litigation practice Group, and has sole discretion to make such determination.

7.      Litigation Practice Group shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same.  Neither Litigation Practice Group nor Affiliate shall be required to pay the expenses of the other, except that Affiliate shall bear a percentage of local counsel fees associated with the defense of consumers in court in an amount equal to the per file percentage above $750.00 to which the Affiliate is entitled as set forth in Paragraph 6 above.  This means that Affiliate shall no bear any portion of the fees up to a cap of $750.00, and shall bear a pro rata share of fees beyond $750.00, which shall be resolved on a monthly basis and deducted from the fees remitted pursuant to Paragraph 6, above.

2

Exhibit 12
Page 137

8.      Litigation Practice Group reserves all rights with regard to rejection, cancellation of a consumer, but will do so only in accordance with the California Rules of Professional Conduct applicable to licensed attorneys.

9.      This agreement shall continue to operate and bind Litigation Practice Group and Affiliate for a period of 18 months from the date of execution of this Agreement.  At that time, this Agreement will automatically renew for an additional 18 month term unless, 30 days prior to the automatic renewal date, Litigation Practice Group or Affiliate shall postmark a cancellation letter clearly stating the intent of that party to terminate this Agreement on the automatic renewal date.

10.      If either party shall default under this Agreement, defined as a failure to comply with any of the obligations set forth above, the Agreement shall terminate following notice of default and a cure period of 30 days from the date postmarked on the notice of default.  The notice of default must state with specificity the act of default alleged.

11.      Upon termination of this Agreement for any reason whatsoever, Litigation Practice Group and Affiliate will refrain from making any disparaging or negative comment, remark, statement, or implication, whether written or oral.

12.      The confidential information of Litigation Practice Group or Affiliate shall include information regarding contracts, customer or client lists or information, hardware, software, screens, specifications, designs, plans, drawings, data, prototypes, discoveries, research, developments, methods, processes, procedures, improvements, 'Know-how', compilations, market research, marketing techniques and plans, marketing materials, business plans and strategies, documents, scripts, guidelines, price lists, pricing policies and financial information or other business and/or technical information and materials, in oral, demonstrative, written, graphic or machine-readable form, which is unpublished, not available to the general public or trade, and which is maintained as confidential and proprietary information by the disclosing party for regulatory, customer relations, and/or competitive reasons.  Neither Litigation Practice Group nor Affiliate may disclose the confidential information of the other with the express written consent of the other.  A failure to abide by this confidentiality term shall entitle the party whose confidential information was compromised to a reasonable sum not less than $50,000.00, nor more than $200,000.00.  The disclosure of information in connection with a judicial proceeding shall not constitute a violation of this term.  The parties agree to notify the other if any inadvertent disclosure of information occurs within 48 hours of becoming aware of such disclosure.  The parties agree to work together in good faith to remediate any disclosure of confidential information.  A party whose confidential information is disclosed shall be entitled to injunctive relief in any court of competent jurisdiction.

13.      If, after the passage of six months of the date of this Agreement, Affiliate fails, in any one calendar month, to have at least fifty (50) active consumers, Litigation Practice Group shall withhold 20% of the fees due to Affiliate for said month in an escrow account.  Such fees shall be held in escrow until, in a single calendar month, Affiliate has fifty (50) or more active consumers, at which point, within five (5) business days of the end of such calendar month, Litigation Practice Group shall transfer the balance of such escrow account to Affiliate and retain nothing in such escrow account.  If Affiliate shall

3

Exhibit 12
Page 138

DocuSign Envelope ID: 396EDA9D-1A22-4302-8E5D-D8CDBA6588CA

DocuSign Envelope ID: 396EDA9D-1A22-4302-8E5D-D8CDBA6588CA

Case 8:23-bk-10571-SC    Claim 2-1    Filed 01/28/25    Entered 02/28/25 01:07:39    Desc
Main Document    Page 4 of 45    Page 139 of 281

cease operations for any reason, or this Agreement shall terminate for any reason, Affiliate will continue to receive fees due to it under this Agreement until all active consumers have completed or withdrawn from the program, at which point any remaining amounts being held in escrow shall be released to Affiliate in full.

14.     Affiliate agrees not to use the name Litigation Practice Group in any advertising, publicity release, or sales presentation designed to promote Affiliate's service, unless Litigation Practice Group provides prior written consent to such specific use.

15.     Any fees incurred by Litigation Practice Group in connection with a customer's Non-Sufficient Funds ("NSF") fee shall be borne mutually by both Litigation Practice Group and Affiliate if and only if the customer cancels the program after such NSF.  The Affiliate shall bear that portion of the NSF fee commensurate with its share of the per file fee set forth in Paragraph 6, above.  This amount shall be deducted from the fees remitted to Affiliate in the month in which the NSF charge is incurred.

16.     This Agreement may not be assigned or transferred without the prior written consent of the other.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

17.     In the event of a breach, the prevailing party shall be entitled to reasonable attorneys' fees and collection costs, including all fees and costs on appeal.

18.     This Agreement contains the entire Agreement between the Parties, and shall not be modified, amended or supplemented, or any rights therein waived, unless specifically agreed upon in writing by Litigation Practice Group and Affiliate.


**Litigation Practice Group**


_____

**By: John M. Thompson, Principal**


**Unified Global Research Group Inc**

*Pamela Adams*
C6E3E9F79834445...

By: Pamela Adams


Title: Accounting Manager

4

Exhibit 12
Page 139

## Electronic Funds Transfer Authorization

This Electronic Funds Transfer (EFT) authorization is for use in connection with the foregoing Agreement, and permits Litigation Practice Group to transfer any and all amounts due to **Unified Global Research Group Inc** ("Affiliate") under the foregoing Agreement by EFT. By signing below, Affiliate hereby authorizes Litigation Practice Group to initiate EFT transfers at its discretion, with all fees and costs incurred by Affiliate in connection with such transfer to be borne by Affiliate, while all fees and costs incurred by Litigation Practice Group in connection with such transfer to be borne by Litigation Practice Group.

Account Holder Signature: _Pamela Adams_    Date:    9/30/2019

By: Pamela Adams

Title: Accounting Manager

Account Owner Name: **Unified Global Research Group Inc**

Social Security Number / FEIN Number associated with account listed below: .

Address: **1660 Hotel Circle N S620**

City: **San Diego** State: **CA** Zip: **92108** Tel:

Bank Name: .

Routing Number: :

Account Number: :

Account type: ̄

Exhibit 12
Page 140

DocuSign Envelope ID: 23F62F2B-CBD2-4623-A311-142BCE5E2396

### B.A.T. Inc. dba Coast Processing - Affiliate Agreement

THIS AGREEMENT (the "Agreement") is made and effective as of the 1st day of January, 2020 by and between B.A.T. Inc. dba Coast Processing ("BAT") and **Unified Global Research Group Inc** (hereinafter "Affiliate").

RECITALS:

BAT is in the business of providing a package debtor's rights services in the form of debt validation, consultation, and litigation defense through law firms for which BAT provides administrative support services (those law firms include but are not limited to The Litigation Practice Group PC and Sonoma County Law). Among the services offered by BAT through the law firms handling each client file are the following:

- Removal of invalid debts through correspondence directly with the three credit bureaus;
- Validation of consumer debts through correspondence including disputes with original creditors, validation demands to third party debt collectors and assignees, and disputes with all three credit bureaus;
- Defense of collection actions initiated by original creditors or third party assignees;
- Negotiation of advantageous settlements of consumer debts both pre and post litigation;
- Education of clients regarding federal laws applicable to consumer debt and credit reporting, and consultation regarding risk mitigation and litigation defense through its network of attorneys across the country.

Each of these services is offered without regard to the identity of the creditor or third-party debt collector or assignee. BAT reviews all client files prior to the execution of the client's legal services agreement with the appropriate law firm, and maintains oversight through its administrative services over all file placements.

Affiliate owns and operates a system of generating leads consisting of consumers interested in the legal services offered by BAT. Affiliate, acting in accordance with direction from BAT, shall obtain the names of Consumers and will market in a lawful manner, complying with the restrictions of the jurisdiction in which the consumer resides. For consumers interested in utilizing BAT's services, Affiliate will assist BAT in having consumers execute an approved legal services agreement with a law firm to which BAT provides administrative support services, at which point consumers will become clients of that law firm, and that law firm will be exclusively responsible for and liable for the representation of consumers in the context of the provision of legal services. Nothing in this Agreement nor in the eventual legal services agreement shall restrict Affiliate from offering any other service of any kind to consumer, including credit repair or debt relief programs. Nor is Affiliate restricted from marketing on behalf of credit repair or debt relief entities, including but not limited to other law firms. BAT and Affiliate hereby agree that any and all prior agreements entered into by BAT and Affiliate or any law firm to which BAT provides administrative support services and Affiliate are null and void and unenforceable, and this Agreement shall become the operative agreement for all files previously placed through the use of BAT's administrative support services.

1

Exhibit 12
Page 141

BAT and Affiliate hereby agree to the following:

1.      Each Party shall be solely responsible for bearing its own costs and expenses incurred in performing its responsibilities under this Agreement, including all tariffs, filings, licensing and/or other fees.

2.      Affiliate shall comply with state and federal laws in communicating with consumers regarding BAT, any law firm utilized by BAT, or any of the programs of BAT or the assigned law firm.

3.      Both BAT and the law firm it utilizes shall comply with all state and federal laws in performing its obligations under the legal services agreement entered into between BAT and the consumers referred by Affiliate.

4.      If requested by BAT, Affiliate shall provide a copy of all marketing materials to BAT upon receiving a request from BAT.  Affiliate shall endeavor to provide such materials within 10 business days of such request, but may provide such materials in any time frame that is commercially reasonable.

5.      Affiliate agrees to keep any and all documents or communications between itself and BAT confidential pursuant to the provisions set forth below.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to BAT: BAT shall pay 65% per file for each file that Affiliate places with BAT, not counting the monthly maintenance fee of $71.38, which BAT shall retain to cover administrative costs for each file. BAT shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days.  If any consumer cancels BAT's services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to BAT (in such percentage as is set forth herein).  BAT has exclusive discretion to grant or deny a requested refund or cancellation.  BAT shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by BAT.  Finally, BAT may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with BAT, and has sole discretion to make such determination.

7.      BAT shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same except as is set forth in this Paragraph.  Neither BAT nor Affiliate shall be required to pay the expenses of the other, except that Affiliate shall bear a percentage of local counsel fees associated with the defense of consumers in court in an amount equal to the per file percentage above $750.00 to which the Affiliate is entitled as set forth in Paragraph 6 above. This means that Affiliate shall not bear any portion of the consumer's local counsel fees up to a cap of $750.00, and shall bear a pro rata share of fees beyond $750.00, which shall be resolved on a monthly basis and deducted from the fees remitted pursuant to Paragraph 6, above.  In no event shall local counsel fees exceed $2,500.00 on any individual file, inclusive of the $750.00 fee to be borne exclusively by BAT.  This means that the pro rata percentage of fees to be shared by Affiliate shall be

2

Exhibit 12
Page 142

DocuSign Envelope ID: 23E62F2B-CBD2-4623-A311-142BCE5F2396

Case 8:23-bk-11571-SC   Claim 2-35 Part 2   Filed 02/28/25   Desc Supporting Documents Main Document   Page 8 of 45   Page 143 of 281

capped at $1,750.00 ($2,500.00 minus the $750.00 fee to be borne exclusively by BAT).  No other charge of any kind not described in this Agreement shall be imposed upon Affiliate by the law firm to which any individual client file should happen to be placed.

8.      BAT reserves all rights with regard to rejection or cancellation of a consumer, but will do so only in accordance with the recommendation of the law firm utilized in providing such service, and only subject to the applicable state bar rules for such representation.

9.      This agreement shall continue to operate and bind BAT and Affiliate for a period of 18 months from the date of execution of this Agreement.  At that time, this Agreement will automatically renew for an additional 18 month term unless, 30 days prior to the automatic renewal date, BAT or Affiliate shall postmark a cancellation letter clearly stating the intent of that party to terminate this Agreement on the automatic renewal date.

10.     If either party shall default under this Agreement, defined as a failure to comply with any of the obligations set forth above, the Agreement shall terminate following notice of default and a cure period of 30 days from the date postmarked on the notice of default.  The notice of default must state with specificity the act of default alleged.

11.     Upon termination of this Agreement for any reason whatsoever, BAT and Affiliate will refrain from making any disparaging or negative comment, remark, statement, or implication, whether written or oral.

12.     The confidential information of BAT or Affiliate shall include information regarding contracts, customer or client lists or information, hardware, software, screens, specifications, designs, plans, drawings, data, prototypes, discoveries, research, developments, methods, processes, procedures, improvements, 'Know-how', compilations, market research, marketing techniques and plans, marketing materials, business plans and strategies, documents, scripts, guidelines, price lists, pricing policies and financial information or other business and/or technical information and materials, in oral, demonstrative, written, graphic or machine-readable form, which is unpublished, not available to the general public or trade, and which is maintained as confidential and proprietary information by the disclosing party for regulatory, customer relations, and/or competitive reasons.   Neither BAT nor Affiliate may disclose the confidential information of the other with the express written consent of the other.   A failure to abide by this confidentiality term shall entitle the party whose confidential information was compromised to a reasonable sum not less than $50,000.00, nor more than $200,000.00.  The disclosure of information in connection with a judicial proceeding shall not constitute a violation of this term.   The parties agree to notify the other if any inadvertent disclosure of information occurs within 48 hours of becoming aware of such disclosure.  The parties agree to work together in good faith to remediate any disclosure of confidential information.   A party whose confidential information is disclosed shall be entitled to injunctive relief in any court of competent jurisdiction.

13.     If, after the passage of six months of the date of this Agreement, Affiliate fails, in any one calendar month, to have at least fifty (50) active consumers, BAT shall withhold 20% of the fees due to

3

Exhibit 12
Page 143

Affiliate for said month in an escrow account. Such fees shall be held in escrow until, in a single calendar month, Affiliate has fifty (50) or more active consumers, at which point, within five (5) business days of the end of such calendar month, BAT shall transfer the balance of such escrow account to Affiliate and retain nothing in such escrow account. If Affiliate shall cease operations for any reason, or this Agreement shall terminate for any reason, Affiliate will continue to receive fees due to it under this Agreement until all active consumers have completed or withdrawn from the program, at which point any remaining amounts being held in escrow shall be released to Affiliate in full.

14.     Affiliate agrees not to use the name BAT or any law firm in any advertising, publicity release, or sales presentation designed to promote Affiliate's service, unless BAT provides prior written consent to such specific use.

15.     Any fees incurred by BAT in connection with a customer's Non-Sufficient Funds ("NSF") fee shall be borne mutually by both BAT and Affiliate if and only if the customer cancels the program after such NSF. The Affiliate shall bear that portion of the NSF fee commensurate with its share of the per file fee set forth in Paragraph 6, above. This amount shall be deducted from the fees remitted to Affiliate in the month in which the client having an outstanding NSF charge cancels the program without remitting such NSF fee.

16.     This Agreement may not be assigned or transferred without the prior written consent of the other. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

17.     In the event of a breach, the prevailing party shall be entitled to reasonable attorneys' fees and collection costs, including all fees and costs on appeal.

18.     This Agreement contains the entire Agreement between the Parties, and shall not be modified, amended or supplemented, or any rights therein waived, unless specifically agreed upon in writing by BAT and Affiliate.


**B.A.T., Inc.**

_____


**By: Brian Reale, Chief Executive Officer**


**Unified Global Research Group Inc**

_Pamela Adams_
C8E3E9F79634445...
By: Pamela Adams

Title: Accounting Manager


4

Exhibit 12
Page 144

DocuSign Envelope ID: 23562F2B-CBD2-4623-A311-143BCE5F2396

Case 8:23-bk-10571-SC    Claim 2735-1 Filed 01/24/24    Desc 02/28/25 12:37:39    Documents
Main Document    Page 10 Page 145 of 281

<u>**Electronic Funds Transfer Authorization**</u>

This Electronic Funds Transfer (EFT) authorization is for use in connection with the foregoing Agreement, and permits BAT to transfer any and all amounts due to **Unified Global Research Group IncLLC** ("Affiliate") under the foregoing Agreement by EFT.  By signing below, Affiliate hereby authorizes BAT to initiate EFT transfers at its discretion, with all fees and costs incurred by Affiliate in connection with such transfer to be borne by Affiliate, while all fees and costs incurred by BAT in connection with such transfer to be borne by BAT.

Account Holder Signature: _____ Date: _____

DocuSigned by:
*Pamela Adams*
C6E3E9F79634445...

2/25/2020

By: Pamela Adams

Title: Accounting Manager

Account Owner Name: **Unified Global Research Group Inc**

Social Security Number / FEIN Number associated with account listed below:

Address: **1660 Hotel Circle N S620, San Diego CA 92108**

Tel:

Bank Name: **Wells Fargo**

Routing Number:

Account Number:

Account type: **Checking Account**

Exhibit 12
Page 145

# ADDENDUM TO B.A.T. INC. dba COAST PROCESSING AFFILIATE AGREEMENT

B.A.T. Inc. dba Coast Processing ("BAT") and **Unified Global Research Group Inc** (hereinafter "Affiliate") hereby amend their agreement dated **February 28th 2020**. The parties jointly agree to remove Paragraphs 6 and 7 of said Agreement and replace it with the following amended Paragraphs 6 and 7. All other provisions of the Agreement shall remain in full force and effect and shall not be altered in any way by this amendment, which is limited to a revision of Paragraphs 6 and 7 only. This addendum shall take effect March 1, 2020, regardless of its date of execution, and shall apply to all new consumers enrolled on or after March 1, 2020. This addendum shall not alter any obligation of BAT or Affiliate that existed prior to March 1, 2020, and those obligations shall remain in full force and effect, including chargebacks for fees incurred prior to March 1, 2020.

6.      Affiliate shall be entitled to receive the following as full and complete compensation for its services to BAT: BAT shall pay 65.00% per file for each file that Affiliate places with BAT, not counting the monthly maintenance fee of $91.38, which BAT shall retain to cover administrative costs for each file. BAT shall calculate the amount of each file, apply the above-identified percentage fee, and remit the same to Affiliate pursuant to an agreed-upon schedule not to exceed one remittance per seven (7) calendar days. If any consumer cancels BAT's services, or demands a refund for payment for such services, or both, then Affiliate shall be responsible for returning the entirety of its fees collected on such file to BAT (in such percentage as is set forth herein). BAT has exclusive discretion to grant or deny a requested refund or cancellation. BAT shall be entitled to offset any future payments to Affiliate in order to recover a refund awarded by BAT. Finally, BAT may treat a consumer's failure to remit payment in a timely manner as a cancellation of the legal services agreement executed by consumer with BAT, and has sole discretion to make such determination.

7.      BAT shall bear all expenses related to the services it offers to consumers, and Affiliate shall bear all expenses related to its marketing of the same except as is set forth in this Paragraph. Neither BAT nor Affiliate shall be required to pay the expenses of the other. To compensate BAT for incurring all legal fees associated with responding to lawsuits filed against consumers, including fees paid to attorneys assigned to handle lawsuits, fees paid to the court or other governmental entity, or any other fee associated with he defense or resolution of a lawsuit, BAT shall increase its monthly maintenance fee by $20.00, to $91.38. This shall not apply retroactively to any client enrolled prior to March 1, 2020, whose maintenance fee shall remain $71.38.

**B.A.T., Inc.**

_____

**By: Brian Reale, Chief Executive Officer**

**Unified Global Research Group Inc**

_Pamela Adams_
C8E3E9F79634445...

**By:** Pamela Adams

**Title:** Accounting Manager

Exhibit 12
Page 146

| Full Name | Company | Company - Partner | Monthly Paymen |
|---|---|---|---|
| ███ | Unified Global Research Group Inc | | 258.1 |
| ███ | Unified Global Research Group Inc | | 270.13 |
| ███ | Unified Global Research Group Inc | | 256.88 |
| ███ | Unified Global Research Group Inc | | 413.29 |
| ███ | Unified Global Research Group Inc | | 279.97 |
| ███ | Unified Global Research Group Inc | | 363.51 |
| ███ | Unified Global Research Group Inc | | 250.49 |
| ███ | Unified Global Research Group Inc | | 546.12 |
| ███ | Unified Global Research Group Inc | | 306.64 |
| ███ | Unified Global Research Group Inc | | 475.62 |
| ███ | Unified Global Research Group Inc | | 315.44 |
| ███ | Unified Global Research Group Inc | | 368.89 |
| ███ | Unified Global Research Group Inc | | 255.74 |
| ███ | Unified Global Research Group Inc | | 256.31 |
| ███ | Unified Global Research Group Inc | | 254.45 |
| ███ | Unified Global Research Group Inc | | 307.4 |
| ███ | Unified Global Research Group Inc | | 252.72 |
| ███ | Unified Global Research Group Inc | | 365.66 |
| ███ | Unified Global Research Group Inc | | 279.32 |
| ███ | Unified Global Research Group Inc | | 454.88 |
| ███ | Unified Global Research Group Inc | | 287.52 |
| ███ | Unified Global Research Group Inc | | 265.35 |
| ███ | Unified Global Research Group Inc | | 254.58 |
| ███ | Unified Global Research Group Inc | | 364.7 |
| ███ | Unified Global Research Group Inc | | 292.52 |
| ███ | Unified Global Research Group Inc | | 257.2 |
| ███ | Unified Global Research Group Inc | | 310.38 |
| ███ | Unified Global Research Group Inc | | 276.26 |
| ███ | Unified Global Research Group Inc | | 256.47 |
| ███ | Unified Global Research Group Inc | | 350.3 |
| ███ | Unified Global Research Group Inc | | 257.43 |
| ███ | Unified Global Research Group Inc | | 637.53 |
| ███ | Unified Global Research Group Inc | | 254.08 |
| ███ | Unified Global Research Group Inc | | 484.69 |
| ███ | Unified Global Research Group Inc | | 335.05 |
| ███ | Unified Global Research Group Inc | | 257.67 |
| ███ | Unified Global Research Group Inc | | 253.75 |
| ███ | Unified Global Research Group Inc | | 270.28 |
| ███ | Unified Global Research Group Inc | | 591.11 |
| ███ | Unified Global Research Group Inc | | 361.21 |
| ███ | Unified Global Research Group Inc | | 264.89 |
| ███ | Unified Global Research Group Inc | | 303.11 |
| ███ | Unified Global Research Group Inc | | 300.03 |
| ███ | Unified Global Research Group Inc | | 562.04 |
| ███ | Unified Global Research Group Inc | | 280.74 |
| ███ | Unified Global Research Group Inc | | 754.65 |

Exhibit 12
Page 147

| Debt Enrolled | Total Program Cc | Program Length (trans) |
|---:|---:|---|
| 3993 | 4039.4 | 13 Months |
| 15313 | 9507.9 | 37 Months |
| 14871 | 7963.4 | 29 Months |
| 18704 | 9918.98 | 26 Months |
| 30955 | 10078.75 | 34 Months |
| 21099.44 | 8724.31 | 22 Months |
| 7131 | 5510.8 | 20 Months |
| 2484 | 17206.48 | 34 Months |
| 10159.06 | 6106.2 | 19 Months |
| 36956 | 19249.88 | 35 Months |
| 13774 | 6939.6 | 21 Months |
| 27350 | 13280 | 34 Months |
| 12875 | 6905 | 26 Months |
| 7801 | 6182.52 | 29 Months |
| 5685 | 4197.28 | 11 Months |
| 27270 | 10453.48 | 38 Months |
| 13610 | 7581.72 | 29 Months |
| 27059 | 13163.6 | 34 Months |
| 15519 | 9078.26 | 36 Months |
| 40102 | 16375.7 | 34 Months |
| 16689 | 8625.6 | 30 Months |
| 12021 | 6368.4 | 22 Months |
| 5924 | 4582.44 | 13 Months |
| 15140 | 9904.08 | 36 Months |
| 17204 | 11295.05 | 36 Months |
| 1452 | 4496.2 | 20 Months |
| 11727 | 4198.38 | 33 Months |
| 12766 | 8606.59 | 48 Months |
| 7001 | 4990.65 | 22 Months |
| 15922 | 8516.5 | 35 Months |
| 11065 | 5921 | 21 Months |
| 42937 | 20715.46 | 35 Months |
| 9454 | 5081.6 | 19 Months |
| 25044 | 10145.97 | 38 Months |
| 24367 | 14457.15 | 42 Months |
| 24770.25 | 13403.87 | 35 Months |
| 14866 | 8163.75 | 28 Months |
| 18401 | 10615.87 | 35 Months |
| 24468 | 16778.48 | 35 Months |
| 16371 | 9391.46 | 27 Months |
| 8677.51 | 5178.35 | 22 Months |
| 19056 | 11916.41 | 40 Months |
| 12519 | 5400.54 | 17 Months |
| 42359 | 20236.24 | 32 Months |
| 17042 | 10106.48 | 35 Months |
| 53574 | 25064.81 | 35 Months |

Exhibit 12
Page 148

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 382.19 |
| | Unified Global Research Group Inc | 333.76 |
| | Unified Global Research Group Inc | 253.78 |
| | Unified Global Research Group Inc | 393.74 |
| | Unified Global Research Group Inc | 307.55 |
| | Unified Global Research Group Inc | 257.33 |
| | Unified Global Research Group Inc | 263.27 |
| | Unified Global Research Group Inc | 511.08 |
| | Unified Global Research Group Inc | 418.95 |
| | Unified Global Research Group Inc | 370.79 |
| | Unified Global Research Group Inc | 894.87 |
| | Unified Global Research Group Inc | 318.62 |
| | Unified Global Research Group Inc | 483.36 |
| | Unified Global Research Group Inc | 251.75 |
| | Unified Global Research Group Inc | 295.59 |
| | Unified Global Research Group Inc | 253.19 |
| | Unified Global Research Group Inc | 268.56 |
| | Unified Global Research Group Inc | 272.05 |
| | Unified Global Research Group Inc | 254.25 |
| | Unified Global Research Group Inc | 300.15 |
| | Unified Global Research Group Inc | 307.36 |
| | Unified Global Research Group Inc | 256.25 |
| | Unified Global Research Group Inc | 250.11 |
| | Unified Global Research Group Inc | 342.93 |
| | Unified Global Research Group Inc | 366.77 |
| | Unified Global Research Group Inc | 859.31 |
| | Unified Global Research Group Inc | 772.21 |
| | Unified Global Research Group Inc | 263.97 |
| | Unified Global Research Group Inc | 376.38 |
| | Unified Global Research Group Inc | 340 |
| | Unified Global Research Group Inc | 538.88 |
| | Unified Global Research Group Inc | 755.11 |
| | Unified Global Research Group Inc | 318.08 |
| | Unified Global Research Group Inc | 283.61 |
| | Unified Global Research Group Inc | 300.66 |
| | Unified Global Research Group Inc | 555.79 |
| | Unified Global Research Group Inc | 339.72 |
| | Unified Global Research Group Inc | 300.12 |
| | Unified Global Research Group Inc | 252.33 |
| | Unified Global Research Group Inc | 254.42 |
| | Unified Global Research Group Inc | 305.91 |
| | Unified Global Research Group Inc | 257 |
| | Unified Global Research Group Inc | 310.26 |
| | Unified Global Research Group Inc | 657.21 |
| | Unified Global Research Group Inc | 295.76 |
| | Unified Global Research Group Inc | 414.38 |
| | Unified Global Research Group Inc | 285.14 |

Exhibit 12
Page 149

| | | |
|---:|---:|:---|
| 29081 | 13758.84 | 35 Months |
| 23268 | 8010.12 | 23 Months |
| 9338 | 5836.94 | 22 Months |
| 40081 | 14568.42 | 35 Months |
| 12970 | 7381.12 | 23 Months |
| 10891.76 | 6348.57 | 28 Months |
| 24752 | 10562.26 | 39 Months |
| 39052 | 12929.97 | 37 Months |
| 30669 | 15082.2 | 3 Months |
| 25147 | 13348.48 | 35 Months |
| 82645 | 33110.3 | 36 Months |
| 10610.55 | 7748.61 | 35 Months |
| 28047 | 15738.68 | 35 Months |
| 5613 | 3524.52 | 12 Months |
| 12793 | 7596.72 | 30 Months |
| 5125 | 3137.54 | 12 Months |
| 11074 | 6714.1 | 24 Months |
| 4065 | 2448.42 | 8 Months |
| 13561.78 | 6907.67 | 26 Months |
| 11855.99 | 7635.47 | 23 Months |
| 10851 | 8214.96 | 35 Months |
| 6744 | 4356.26 | 16 Months |
| 10523 | 6157.98 | 35 Months |
| 25874 | 12345.58 | 35 Months |
| 17637 | 8068.9 | 35 Months |
| 60694 | 24147.3 | 34 Months |
| 40513 | 22032.47 | 20 Months |
| 4746.14 | 2928.67 | 15 Months |
| 17853 | 9285.74 | 35 Months |
| 24372 | 9958.24 | 37 Months |
| 50824 | 19150.43 | 41 Months |
| 53465 | 22201.55 | 37 Months |
| 2236 | 1272.32 | 3 Months |
| 27681 | 9962.35 | 30 Months |
| 20870.58 | 10823.68 | 35 Months |
| 38545 | 19712.34 | 39 Months |
| 25544 | 12230.08 | 35 Months |
| 17975 | 10854.38 | 34 Months |
| 10462 | 6560.68 | 25 Months |
| 5908 | 4520.72 | 8 Months |
| 13408 | 8309.52 | 27 Months |
| 1332 | 5199.64 | 20 Months |
| 13833 | 10912.17 | 38 Months |
| 37280.47 | 14878.89 | 35 Months |
| 16094 | 9752.84 | 35 Months |
| 11547 | 6260.88 | 30 Months |
| 8255 | 4277.1 | 14 Months |

Exhibit 12
Page 150

| | | |
|---|---|---|
| Unified Global Research Group Inc | 1063.18 |
| Unified Global Research Group Inc | 254.28 |
| Unified Global Research Group Inc | 431.46 |
| Unified Global Research Group Inc | 259.61 |
| Unified Global Research Group Inc | 301.32 |
| Unified Global Research Group Inc | 439.78 |
| Unified Global Research Group Inc | 279.32 |
| Unified Global Research Group Inc | 440.47 |
| Unified Global Research Group Inc | 252.21 |
| Unified Global Research Group Inc | 583.87 |
| Unified Global Research Group Inc | 295.69 |
| Unified Global Research Group Inc | 375.62 |
| Unified Global Research Group Inc | 356.93 |
| Unified Global Research Group Inc | 255.36 |
| Unified Global Research Group Inc | 313.75 |
| Unified Global Research Group Inc | 523.11 |
| Unified Global Research Group Inc | 566.68 |
| Unified Global Research Group Inc | 310.64 |
| Unified Global Research Group Inc | 256.78 |
| Unified Global Research Group Inc | 267.38 |
| Unified Global Research Group Inc | 414.74 |
| Unified Global Research Group Inc | 595.06 |
| Unified Global Research Group Inc | 387.27 |
| Unified Global Research Group Inc | 317.78 |
| Unified Global Research Group Inc | 276.63 |
| Unified Global Research Group Inc | 253.7 |
| Unified Global Research Group Inc | 279.88 |
| Unified Global Research Group Inc | 305.76 |
| Unified Global Research Group Inc | 791.63 |
| Unified Global Research Group Inc | 304.94 |
| Unified Global Research Group Inc | 363.12 |
| Unified Global Research Group Inc | 257.28 |
| Unified Global Research Group Inc | 360.92 |
| Unified Global Research Group Inc | 296.97 |
| Unified Global Research Group Inc | 318.23 |
| Unified Global Research Group Inc | 301.73 |
| Unified Global Research Group Inc | 375.12 |
| Unified Global Research Group Inc | 250.31 |
| Unified Global Research Group Inc | 309.56 |
| Unified Global Research Group Inc | 259.11 |
| Unified Global Research Group Inc | 302.35 |
| Unified Global Research Group Inc | 255.08 |
| Unified Global Research Group Inc | 513.67 |
| Unified Global Research Group Inc | 292.38 |
| Unified Global Research Group Inc | 464.31 |
| Unified Global Research Group Inc | 257.78 |
| Unified Global Research Group Inc | 435.06 |

Exhibit 12
Page 151

| | | |
|---:|---:|:---|
| 87462 | 36113.54 | 35 Months |
| 3258 | 2034.24 | 7 Months |
| 22105 | 11217.88 | 25 Months |
| 5047 | 3115.36 | 11 Months |
| 18470 | 10631.48 | 40 Months |
| 2613 | 1784.12 | 4 Months |
| 11766 | 5976.22 | 37 Months |
| 35906 | 15791.19 | 46 Months |
| 5629 | 4665.86 | 19 Months |
| 44324 | 22212 | 40 Months |
| 16374 | 6966.08 | 35 Months |
| 25165.34 | 15785.65 | 39 Months |
| 27314 | 13613.44 | 36 Months |
| 3381 | 4091.3 | 24 Months |
| 20013 | 11294.88 | 35 Months |
| 23692 | 8301.06 | 23 Months |
| 7942 | 3400.08 | 5 Months |
| 14910 | 5280.96 | 16 Months |
| 9097 | 5328.82 | 23 Months |
| 3960 | 2406.42 | 8 Months |
| 7507 | 11004.73 | 35 Months |
| 47022 | 10781.07 | 16 Months |
| 23299 | 12346.74 | 36 Months |
| 18076 | 8802.5 | 35 Months |
| 7410 | 3319.57 | 13 Months |
| 8116 | 5074 | 19 Months |
| 16965 | 9795.8 | 35 Months |
| 17663 | 5503.68 | 17 Months |
| 53729 | 23266.94 | 35 Months |
| 16373 | 7013.64 | 21 Months |
| 24457 | 13072.48 | 35 Months |
| 2760 | 3645.6 | 17 Months |
| 30207 | 11591.96 | 35 Months |
| 18503 | 10690.88 | 35 Months |
| 32667 | 12436.12 | 39 Months |
| 15730 | 7296.83 | 24 Months |
| 23008 | 11750.06 | 39 Months |
| 7570 | 4755.82 | 20 Months |
| 17454 | 10215.32 | 31 Months |
| 6290 | 3886.7 | 14 Months |
| 18987 | 10884.48 | 35 Months |
| 10231 | 6376.9 | 24 Months |
| 20270 | 7961.91 | 13 Months |
| 6030 | 3508.56 | 11 Months |
| 33564 | 17204.59 | 37 Months |
| 12480 | 8014.13 | 36 Months |
| 61574 | 22131.13 | 44 Months |

Exhibit 12
Page 152

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 309.59 |
| | Unified Global Research Group Inc | 257.39 |
| | Unified Global Research Group Inc | 252.94 |
| | Unified Global Research Group Inc | 470.48 |
| | Unified Global Research Group Inc | 307.95 |
| | Unified Global Research Group Inc | 298 |
| | Unified Global Research Group Inc | 529.99 |
| | Unified Global Research Group Inc | 295.42 |
| | Unified Global Research Group Inc | 328.3 |
| | Unified Global Research Group Inc | 413.48 |
| | Unified Global Research Group Inc | 288.11 |
| | Unified Global Research Group Inc | 283.29 |
| | Unified Global Research Group Inc | 265.86 |
| | Unified Global Research Group Inc | 250.55 |
| | Unified Global Research Group Inc | 330.05 |
| | Unified Global Research Group Inc | 280.55 |
| | Unified Global Research Group Inc | 252.05 |
| | Unified Global Research Group Inc | 154.3 |
| | Unified Global Research Group Inc | 302.78 |
| | Unified Global Research Group Inc | 322.92 |
| | Unified Global Research Group Inc | 798.84 |
| | Unified Global Research Group Inc | 384.42 |
| | Unified Global Research Group Inc | 251.72 |
| | Unified Global Research Group Inc | 258.14 |
| | Unified Global Research Group Inc | 35091.38 |
| | Unified Global Research Group Inc | 252.8 |
| | Unified Global Research Group Inc | 287.9 |
| | Unified Global Research Group Inc | 408.13 |
| | Unified Global Research Group Inc | 294.22 |
| | Unified Global Research Group Inc | 273.6 |
| | Unified Global Research Group Inc | 252.7 |
| | Unified Global Research Group Inc | 668.35 |
| | Unified Global Research Group Inc | 275.01 |
| | Unified Global Research Group Inc | 386.12 |
| | Unified Global Research Group Inc | 255.16 |
| | Unified Global Research Group Inc | 364.4 |
| | Unified Global Research Group Inc | 359.54 |
| | Unified Global Research Group Inc | 347.14 |
| | Unified Global Research Group Inc | 258.84 |
| | Unified Global Research Group Inc | 253.46 |
| | Unified Global Research Group Inc | 607.18 |
| | Unified Global Research Group Inc | 320.16 |
| | Unified Global Research Group Inc | 334.51 |
| | Unified Global Research Group Inc | 251.82 |
| | Unified Global Research Group Inc | 254.45 |
| | Unified Global Research Group Inc | 260.06 |
| | Unified Global Research Group Inc | 269.96 |

Exhibit 12
Page 153

| | | |
|---|---|---|
| 22147 | 7466.21 | 29 Months |
| 16434 | 8518.95 | 31 Months |
| 21594.01 | 9499.59 | 37 Months |
| 38993 | 16466.75 | 35 Months |
| 19491 | 11419.03 | 34 Months |
| 16786 | 10882.86 | 38 Months |
| 25624.87 | 10037.31 | 35 Months |
| 18364 | 10339.86 | 34 Months |
| 12282 | 6894.3 | 19 Months |
| 17242 | 10458.76 | 37 Months |
| 2108 | 2631.09 | 11 Months |
| 11514.52 | 6798.93 | 23 Months |
| 2181 | 1329.3 | 4 Months |
| 15079 | 9019.7 | 34 Months |
| 22611 | 14267.36 | 44 Months |
| 19457 | 10099.63 | 35 Months |
| 5250 | 2713.95 | 19 Months |
| 12133 | 5400.54 | 17 Months |
| 15855 | 9083.4 | 29 Months |
| 20839 | 13011.96 | 36 Months |
| 72767 | 28758.13 | 38 Months |
| 27268 | 15380.86 | 38 Months |
| 5403 | 3524.08 | 12 Months |
| 4169 | 2581.4 | 11 Months |
| 123650 | 35091.38 | 0 Months |
| 3812 | 2275.16 | 10 Months |
| 19958 | 11146.96 | 36 Months |
| 43440 | 19590.24 | 47 Months |
| 19216 | 10885.98 | 36 Months |
| 8330.11 | 4377.62 | 16 Months |
| 10140 | 7578.26 | 25 Months |
| 34618 | 16040.32 | 24 Months |
| 22035 | 9900.18 | 35 Months |
| 5158 | 2702.86 | 6 Months |
| 7370 | 4592.84 | 17 Months |
| 31706 | 13847.34 | 37 Months |
| 38720.39 | 16430.82 | 50 Months |
| 27407.85 | 9487.53 | 35 Months |
| 15071 | 9318.08 | 35 Months |
| 6483 | 3548.28 | 13 Months |
| 46265 | 20426.64 | 35 Months |
| 20590 | 11525.68 | 35 Months |
| 21882 | 12042.48 | 34 Months |
| 9991 | 5539.96 | 21 Months |
| 8561 | 5343.38 | 20 Months |
| 13662.44 | 7599.06 | 23 Months |
| 11009 | 5939.16 | 21 Months |

Exhibit 12
Page 154

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 602.9 |
| | Unified Global Research Group Inc | 253.87 |
| | Unified Global Research Group Inc | 250.29 |
| | Unified Global Research Group Inc | 251.38 |
| | Unified Global Research Group Inc | 258.06 |
| | Unified Global Research Group Inc | 309.28 |
| | Unified Global Research Group Inc | 346.79 |
| | Unified Global Research Group Inc | 252.02 |
| | Unified Global Research Group Inc | 452.89 |
| | Unified Global Research Group Inc | 100 |
| | Unified Global Research Group Inc | 437.89 |
| | Unified Global Research Group Inc | 277.5 |
| | Unified Global Research Group Inc | 306.65 |
| | Unified Global Research Group Inc | 461.67 |
| | Unified Global Research Group Inc | 479.23 |
| | Unified Global Research Group Inc | 369.73 |
| | Unified Global Research Group Inc | 255.26 |
| | Unified Global Research Group Inc | 313.35 |
| | Unified Global Research Group Inc | 433.47 |
| | Unified Global Research Group Inc | 196.25 |
| | Unified Global Research Group Inc | 252.29 |
| | Unified Global Research Group Inc | 229.14 |
| | Unified Global Research Group Inc | 254.49 |
| | Unified Global Research Group Inc | 251.3 |
| | Unified Global Research Group Inc | 251.88 |
| | Unified Global Research Group Inc | 264 |
| | Unified Global Research Group Inc | 255.36 |
| | Unified Global Research Group Inc | 685.57 |
| | Unified Global Research Group Inc | 253.24 |
| | Unified Global Research Group Inc | 250 |
| | Unified Global Research Group Inc | 381.38 |
| | Unified Global Research Group Inc | 328.66 |
| | Unified Global Research Group Inc | 342.41 |
| | Unified Global Research Group Inc | 256.9 |
| | Unified Global Research Group Inc | 304.18 |
| | Unified Global Research Group Inc | 272.54 |
| | Unified Global Research Group Inc | 359.8 |
| | Unified Global Research Group Inc | 313.57 |
| | Unified Global Research Group Inc | 252.75 |
| | Unified Global Research Group Inc | 300.81 |
| | Unified Global Research Group Inc | 400.65 |
| | Unified Global Research Group Inc | 252.99 |
| | Unified Global Research Group Inc | 927.66 |
| | Unified Global Research Group Inc | 352.26 |
| | Unified Global Research Group Inc | 253.96 |
| | Unified Global Research Group Inc | 358.26 |
| | Unified Global Research Group Inc | 250.71 |

Exhibit 12
Page 155

| | | |
|---:|---:|:---|
| 33706 | 14469.52 | 23 Months |
| 16199 | 9139.33 | 37 Months |
| 9932 | 7058.17 | 24 Months |
| 9300 | 6309.5 | 21 Months |
| 12126 | 7741.8 | 29 Months |
| 10565 | 7336.27 | 34 Months |
| 30049 | 14565.11 | 41 Months |
| 7004 | 4536.44 | 17 Months |
| 48893 | 21926.23 | 47 Months |
| 19154.67 | 13387.65 | 37 Months |
| 46836 | 20520.01 | 48 Months |
| 9235 | 8850.64 | 49 Months |
| 15931 | 9100.92 | 35 Months |
| 21862 | 13832.71 | 48 Months |
| 45852 | 23003.04 | 47 Months |
| 55630.78 | 19273.4 | 49 Months |
| 7547 | 4850.02 | 17 Months |
| 15188 | 11217.28 | 31 Months |
| 10316 | 5676.92 | 35 Months |
| 22209 | 13565.36 | 43 Months |
| 8826 | 5575.33 | 19 Months |
| 12422.85 | 9501.71 | 37 Months |
| 11477 | 7380.33 | 30 Months |
| 10886 | 6533.7 | 25 Months |
| 9503 | 5541.44 | 21 Months |
| 15325 | 8447.91 | 31 Months |
| 7722 | 4341.16 | 16 Months |
| 53027 | 24680.48 | 35 Months |
| 10320 | 6609.34 | 26 Months |
| 10208 | 5835.9 | 4 Months |
| 40235 | 18306.14 | 47 Months |
| 25340 | 13725.18 | 36 Months |
| 22143 | 12326.88 | 35 Months |
| 14175 | 9142.7 | 35 Months |
| 23378 | 13688.3 | 44 Months |
| 15854.25 | 9811.38 | 35 Months |
| 31610 | 17270.24 | 47 Months |
| 35897 | 14343.32 | 49 Months |
| 7062 | 4371.75 | 16 Months |
| 20443 | 12032.4 | 39 Months |
| 41717 | 20082.34 | 47 Months |
| 19619.47 | 10624.39 | 22 Months |
| 83128 | 33395.76 | 35 Months |
| 35092 | 16908.44 | 47 Months |
| 13394 | 8913.48 | 33 Months |
| 28569 | 12897.45 | 35 Months |
| 8488 | 6593.4 | 23 Months |

Exhibit 12

Page 156

| | Unified Global Research Group Inc | 252.62 |
|---|---|---|
| | Unified Global Research Group Inc | 330.11 |
| | Unified Global Research Group Inc | 338.08 |
| | Unified Global Research Group Inc | 370.79 |
| | Unified Global Research Group Inc | 524.57 |
| | Unified Global Research Group Inc | 316.19 |
| | Unified Global Research Group Inc | 250.19 |
| | Unified Global Research Group Inc | 380.2 |
| | Unified Global Research Group Inc | 257.16 |
| | Unified Global Research Group Inc | 1095.19 |
| | Unified Global Research Group Inc | 250.66 |
| | Unified Global Research Group Inc | 251.29 |
| | Unified Global Research Group Inc | 284.99 |
| | Unified Global Research Group Inc | 253.8 |
| | Unified Global Research Group Inc | 300.52 |
| | Unified Global Research Group Inc | 349.3 |
| | Unified Global Research Group Inc | 295.7 |
| | Unified Global Research Group Inc | 323.19 |
| | Unified Global Research Group Inc | 267.19 |
| | Unified Global Research Group Inc | 274.88 |
| | Unified Global Research Group Inc | 269.19 |
| | Unified Global Research Group Inc | 351.76 |
| | Unified Global Research Group Inc | 259.86 |
| | Unified Global Research Group Inc | 306.52 |
| | Unified Global Research Group Inc | 251.85 |
| | Unified Global Research Group Inc | 504.48 |
| | Unified Global Research Group Inc | 460.62 |
| | Unified Global Research Group Inc | 253.79 |
| | Unified Global Research Group Inc | 356.59 |
| | Unified Global Research Group Inc | 257.4 |
| | Unified Global Research Group Inc | 251.66 |
| | Unified Global Research Group Inc | 435.93 |
| | Unified Global Research Group Inc | 253.16 |
| | Unified Global Research Group Inc | 253.01 |
| | Unified Global Research Group Inc | 251.19 |
| | Unified Global Research Group Inc | 252.49 |
| | Unified Global Research Group Inc | 255.88 |
| | Unified Global Research Group Inc | 309.11 |
| | Unified Global Research Group Inc | 315.4 |
| | Unified Global Research Group Inc | 480.98 |
| | Unified Global Research Group Inc | 284.03 |
| | Unified Global Research Group Inc | 398.48 |
| | Unified Global Research Group Inc | 254.77 |
| | Unified Global Research Group Inc | 412.36 |
| | Unified Global Research Group Inc | 259.33 |
| | Unified Global Research Group Inc | 321.68 |
| | Unified Global Research Group Inc | 301.66 |

Exhibit 12
Page 157

| | | |
|---:|---:|:---|
| 12053 | 6820.81 | 26 Months |
| 21036 | 11884.08 | 35 Months |
| 21753 | 12170.88 | 35 Months |
| 25997 | 13348.54 | 35 Months |
| 38537 | 18884.48 | 35 Months |
| 21387 | 11382.87 | 34 Months |
| 9561 | 5754.31 | 22 Months |
| 25544 | 14092.48 | 35 Months |
| 8728 | 5271.76 | 23 Months |
| 70281 | 28270.67 | 47 Months |
| 16971 | 11029.12 | 43 Months |
| 7536 | 4523.16 | 17 Months |
| 25866 | 13679.34 | 47 Months |
| 9065 | 5392.84 | 21 Months |
| 18373 | 10818.88 | 35 Months |
| 26015 | 12574.93 | 35 Months |
| 22779 | 11827.85 | 39 Months |
| 20413 | 11634.88 | 35 Months |
| 26448 | 13092.31 | 48 Months |
| 15370.95 | 8521.32 | 29 Months |
| 11850 | 6460.62 | 23 Months |
| 33656 | 16884.29 | 47 Months |
| 6055 | 3552.46 | 13 Months |
| 16811 | 9808.56 | 31 Months |
| 7107 | 4306.38 | 15 Months |
| 55968 | 23426.93 | 36 Months |
| 55636 | 29461.32 | 48 Months |
| 11412 | 7359.82 | 31 Months |
| 17041 | 9740.8 | 29 Months |
| 16562 | 10568.38 | 38 Months |
| 19521 | 11073.07 | 44 Months |
| 33955 | 15693.48 | 35 Months |
| 11441 | 7202.58 | 22 Months |
| 10717 | 6578.34 | 25 Months |
| 16518.14 | 9239.47 | 35 Months |
| 11708 | 8382.07 | 29 Months |
| 8203 | 5816.94 | 23 Months |
| 29174 | 14837.14 | 47 Months |
| 28413 | 15139.05 | 47 Months |
| 39559 | 18952.64 | 47 Months |
| 21892 | 11645.05 | 40 Months |
| 41431 | 19127.09 | 47 Months |
| 10691 | 6878.66 | 26 Months |
| 43335 | 19793.49 | 47 Months |
| 19554 | 10891.86 | 41 Months |
| 21921 | 11580.45 | 35 Months |
| 19973 | 11161.35 | 36 Months |

Exhibit 12
Page 158

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 252.61 |
| | Unified Global Research Group Inc | 421.61 |
| | Unified Global Research Group Inc | 306.96 |
| | Unified Global Research Group Inc | 301.7 |
| | Unified Global Research Group Inc | 681.01 |
| | Unified Global Research Group Inc | 473.54 |
| | Unified Global Research Group Inc | 251.58 |
| | Unified Global Research Group Inc | 380.43 |
| | Unified Global Research Group Inc | 286.99 |
| | Unified Global Research Group Inc | 256.39 |
| | Unified Global Research Group Inc | 303.92 |
| | Unified Global Research Group Inc | 304.46 |
| | Unified Global Research Group Inc | 346.13 |
| | Unified Global Research Group Inc | 251.33 |
| | Unified Global Research Group Inc | 300.63 |
| | Unified Global Research Group Inc | 276.83 |
| | Unified Global Research Group Inc | 382.66 |
| | Unified Global Research Group Inc | 254.31 |
| | Unified Global Research Group Inc | 250.91 |
| | Unified Global Research Group Inc | 376.31 |
| | Unified Global Research Group Inc | 251.08 |
| | Unified Global Research Group Inc | 301.33 |
| | Unified Global Research Group Inc | 255.48 |
| | Unified Global Research Group Inc | 301.58 |
| | Unified Global Research Group Inc | 258.18 |
| | Unified Global Research Group Inc | 302.84 |
| | Unified Global Research Group Inc | 361.4 |
| | Unified Global Research Group Inc | 252.04 |
| | Unified Global Research Group Inc | 387.73 |
| | Unified Global Research Group Inc | 489.6 |
| | Unified Global Research Group Inc | 343.92 |
| | Unified Global Research Group Inc | 340.35 |
| | Unified Global Research Group Inc | 255.79 |
| | Unified Global Research Group Inc | 306.53 |
| | Unified Global Research Group Inc | 327.18 |
| | Unified Global Research Group Inc | 254 |
| | Unified Global Research Group Inc | 470.7 |
| | Unified Global Research Gr Unified Global Research Gr | 347.47 |
| | Unified Global Research Group Inc | 365.05 |
| | Unified Global Research Group Inc | 588.77 |
| | Unified Global Research Group Inc | 301.4 |
| | Unified Global Research Group Inc | 208.22 |
| | Unified Global Research Group Inc | 250.78 |
| | Unified Global Research Group Inc | 251.82 |
| | Unified Global Research Group Inc | 206.01 |
| | Unified Global Research Group Inc | 371.52 |
| | Unified Global Research Group Inc | 11443.63 |

Exhibit 12
Page 159

| | | |
|---:|---:|---|
| 10556 | 6315.22 | 24 Months |
| 44603 | 20237.29 | 47 Months |
| 19855 | 10436.75 | 33 Months |
| 28158 | 14808.24 | 47 Months |
| 52617 | 24516.48 | 35 Months |
| 36697 | 17047.57 | 35 Months |
| 13303 | 8100.61 | 31 Months |
| 29217 | 13695.63 | 35 Months |
| 23963.69 | 15081.77 | 48 Months |
| 10972 | 6153.32 | 22 Months |
| 17949 | 9725.29 | 31 Months |
| 21402 | 10960.38 | 34 Months |
| 43595.44 | 19755.84 | 47 Months |
| 8854 | 5277.83 | 21 Months |
| 19321 | 10522.07 | 33 Months |
| 10827 | 6643.92 | 23 Months |
| 39261 | 18367.59 | 47 Months |
| 10090 | 5849.14 | 23 Months |
| 10731 | 6523.57 | 24 Months |
| 22394 | 12041.76 | 31 Months |
| 13923 | 9038.88 | 35 Months |
| 15371 | 9039.8 | 28 Months |
| 12728 | 8430.84 | 31 Months |
| 24510 | 13269.52 | 42 Months |
| 8321 | 5211.23 | 17 Months |
| 19466 | 9993.64 | 32 Months |
| 29152 | 14359.06 | 49 Months |
| 14232 | 8065.36 | 31 Months |
| 35652 | 16284.78 | 41 Months |
| 47186 | 24479.84 | 50 Months |
| 22279 | 12381.28 | 35 Months |
| 21957 | 12252.48 | 35 Months |
| 8630 | 3158.52 | 24 Months |
| 21615 | 11034.93 | 35 Months |
| 11233 | 6374.52 | 38 Months |
| 8669 | 5841.96 | 21 Months |
| 33689 | 17440.98 | 35 Months |
| 22598 | 13253.82 | 37 Months |
| 24180 | 13141.68 | 35 Months |
| 84684.84 | 24883.27 | 40 Months |
| 25573.21 | 13602.11 | 41 Months |
| 10066 | 7496.08 | 35 Months |
| 7266 | 4012.52 | 15 Months |
| 7106 | 4306 | 16 Months |
| 9867 | 7416.48 | 35 Months |
| 24763 | 13374.88 | 34 Months |
| 45389 | 31956.02 | 49 Months |

Exhibit 12
Page 160

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 650.28 |
| | Unified Global Research Group Inc | 265.04 |
| | Unified Global Research Group Inc | 283.52 |
| | Unified Global Research Group Inc | 229.7 |
| | Unified Global Research Group Inc | 300.45 |
| | Unified Global Research Group Inc | 320.59 |
| | Unified Global Research Group Inc | 417.61 |
| | Unified Global Research Group Inc | 322.31 |
| | Unified Global Research Group Inc | 319 |
| | Unified Global Research Group Inc | 250.33 |
| | Unified Global Research Group Inc | 302.6 |
| | Unified Global Research Group Inc | 359.5 |
| | Unified Global Research Group Inc | 272.62 |
| | Unified Global Research Group Inc | 482.74 |
| | Unified Global Research Group Inc | 302.59 |
| | Unified Global Research Group Inc | 262.56 |
| | Unified Global Research Group Inc | 319.45 |
| | Unified Global Research Group Inc | 253.32 |
| | Unified Global Research Group Inc | 250.64 |
| | Unified Global Research Group Inc | 340.22 |
| | Unified Global Research Group Inc | 251.03 |
| | Unified Global Research Group Inc | 301.14 |
| | Unified Global Research Group Inc | 249.84 |
| | Unified Global Research Group Inc | 552.41 |
| | Unified Global Research Group Inc | 359.61 |
| | Unified Global Research Group Inc | 382.64 |
| | Unified Global Research Group Inc | 298.16 |
| | Unified Global Research Group Inc | 362.28 |
| | Unified Global Research Group Inc | 317.46 |
| | Unified Global Research Group Inc | 302.81 |
| | Unified Global Research Group Inc | 250.06 |
| | Unified Global Research Group Inc | 151.87 |
| | Unified Global Research Group Inc | 257.09 |
| | Unified Global Research Group Inc | 314.09 |
| | Unified Global Research Group Inc | 486.81 |
| | Unified Global Research Group Inc | 301.96 |
| | Unified Global Research Group Inc | 275.29 |
| | Unified Global Research Group Inc | 304.81 |
| | Unified Global Research Group Inc | 252.69 |
| | Unified Global Research Group Inc | 375.87 |
| | Unified Global Research Group Inc | 258.22 |
| | Unified Global Research Group Inc | 318.83 |
| | Unified Global Research Group Inc | 310.65 |
| | Unified Global Research Group Inc | 250.82 |
| | Unified Global Research Group Inc | 256.98 |
| | Unified Global Research Group Inc | 789.07 |
| | Unified Global Research Group Inc | 304.2 |

Exhibit 12
Page 161

| | | |
|---|---|---|
| 60404.16 | 28188.24 | 41 Months |
| 23130 | 13251.82 | 48 Months |
| 17110 | 9072.66 | 31 Months |
| 19198 | 8269.18 | 35 Months |
| 14795 | 8713.02 | 28 Months |
| 17376 | 9938.18 | 30 Months |
| 28911 | 16704.52 | 35 Months |
| 20334 | 11603.28 | 35 Months |
| 13357 | 7999.92 | 24 Months |
| 9237 | 5256.93 | 21 Months |
| 21835 | 11523.78 | 35 Months |
| 23681 | 12942.08 | 35 Months |
| 19386 | 11995.12 | 43 Months |
| 8693 | 4344.62 | 8 Months |
| 18559 | 10893.28 | 35 Months |
| 14956 | 10527.32 | 37 Months |
| 13384 | 7666.72 | 22 Months |
| 12163 | 7852.98 | 30 Months |
| 10798 | 7017.84 | 27 Months |
| 21946 | 12248.08 | 35 Months |
| 8119 | 5271.58 | 20 Months |
| 7657 | 301.14 | 0 Months |
| 8824 | 5746.34 | 22 Months |
| 54509 | 26431.63 | 46 Months |
| 23691 | 12946.08 | 35 Months |
| 27481 | 9183.37 | 23 Months |
| 5843 | 6105.82 | 30 Months |
| 34536.16 | 18171.24 | 46 Months |
| 19897 | 11428.48 | 36 Months |
| 18063 | 10598.5 | 34 Months |
| 9221 | 6001.52 | 23 Months |
| 18662 | 10934.48 | 35 Months |
| 11250 | 7198.64 | 27 Months |
| 15784 | 9108.62 | 28 Months |
| 34163 | 17550.31 | 35 Months |
| 28194 | 14796.1 | 48 Months |
| 8051 | 4955.24 | 17 Months |
| 7816 | 4572.1 | 14 Months |
| 10160 | 6569.88 | 24 Months |
| 18839 | 10645.47 | 28 Months |
| 14566 | 9296.08 | 35 Months |
| 16684 | 10252.56 | 28 Months |
| 16070 | 9319.4 | 29 Months |
| 7122 | 4684.52 | 18 Months |
| 10439 | 6681.48 | 25 Months |
| 62342 | 28406.48 | 35 Months |
| 22860.73 | 13385.02 | 43 Months |

Exhibit 12
Page 162

| | Unified Global Research Group Inc | 259.74 |
| | Unified Global Research Group Inc | 257.92 |
| | Unified Global Research Group Inc | 401.78 |
| | Unified Global Research Group Inc | 250.3 |
| | Unified Global Research Group Inc | 289.66 |
| | Unified Global Research Group Inc | 311.11 |
| | Unified Global Research Group Inc | 301.58 |
| | Unified Global Research Group Inc | 259.64 |
| | Unified Global Research Group Inc | 404.8 |
| | Unified Global Research Group Inc | 326.6 |
| | Unified Global Research Group Inc | 251.64 |
| | Unified Global Research Group Inc | 257.5 |
| | Unified Global Research Group Inc | 301.87 |
| | Unified Global Research Group Inc | 252.4 |
| | Unified Global Research Group Inc | 425.1 |
| | Unified Global Research Group Inc | 317.76 |
| | Unified Global Research Group Inc | 302.68 |
| | Unified Global Research Group Inc | 456.82 |
| | Unified Global Research Group Inc | 288.75 |
| | Unified Global Research Group Inc | 312.04 |
| | Unified Global Research Group Inc | 821.65 |
| | Unified Global Research Group Inc | 300.95 |
| | Unified Global Research Group Inc | 324.25 |
| | Unified Global Research Group Inc | 301.51 |
| | Unified Global Research Group Inc | 484.6 |
| | Unified Global Research Group Inc | 295.02 |
| | Unified Global Research Group Inc | 307.81 |
| | Unified Global Research Group Inc | 300.79 |
| | Unified Global Research Group Inc | 301.93 |
| | Unified Global Research Group Inc | 489.4 |
| | Unified Global Research Group Inc | 50 |
| | Unified Global Research Group Inc | 300.27 |
| | Unified Global Research Group Inc | 400.54 |
| | Unified Global Research Group Inc | 642.53 |
| | Unified Global Research Group Inc | 253.14 |
| | Unified Global Research Group Inc | 369.54 |
| | Unified Global Research Group Inc | 307.64 |
| | Unified Global Research Group Inc | 509.9 |
| | Unified Global Research Group Inc | 250.41 |
| | Unified Global Research Group Inc | 308.69 |
| | Unified Global Research Group Inc | 257.98 |
| | Unified Global Research Group Inc | 254.85 |
| | Unified Global Research Group Inc | 320.75 |
| | Unified Global Research Group Inc | 456.47 |
| | Unified Global Research Group Inc | 250.19 |
| | Unified Global Research Group Inc | 656.8 |
| | Unified Global Research Group Inc | 255.5 |

Exhibit 12
Page 163

| | | |
|---:|---:|---|
| 16336 | 10389.6 | 39 Months |
| 8481 | 5416.38 | 20 Months |
| 39348.63 | 20210.35 | 46 Months |
| 7311 | 4755.62 | 18 Months |
| 7248 | 4659.56 | 15 Months |
| 15347 | 9040.3 | 29 Months |
| 14364 | 8770.82 | 27 Months |
| 19591 | 10904.81 | 40 Months |
| 27141.01 | 14288.12 | 34 Months |
| 12662 | 7185.16 | 21 Months |
| 11256 | 7297.42 | 28 Months |
| 9667 | 6179.92 | 23 Months |
| 7192 | 4226.12 | 13 Months |
| 4391 | 2812.93 | 10 Months |
| 39446 | 20404.64 | 47 Months |
| 26566 | 15570.4 | 48 Months |
| 17081 | 11105.65 | 33 Months |
| 32439.38 | 18058.81 | 50 Months |
| 11542 | 6929.92 | 23 Months |
| 7009 | 4056.54 | 12 Months |
| 43516 | 22234.47 | 24 Months |
| 14831 | 8727.42 | 27 Months |
| 48201.57 | 22068.47 | 47 Months |
| 11282 | 6633.16 | 20 Months |
| 17470 | 9207.44 | 17 Months |
| 8939 | 5975.48 | 17 Months |
| 23786 | 14159.31 | 45 Months |
| 17375 | 10226.92 | 33 Months |
| 17031 | 8755.87 | 28 Months |
| 32424 | 16150.14 | 32 Months |
| 7366 | 5579.07 | 19 Months |
| 17331 | 10209.32 | 33 Months |
| 27374 | 14419.28 | 35 Months |
| 32769 | 16063.24 | 23 Months |
| 7838 | 5315.94 | 20 Months |
| 12292 | 6651.64 | 17 Months |
| 7394 | 5973.13 | 26 Months |
| 49622 | 24475.04 | 47 Months |
| 10782 | 7512.26 | 28 Months |
| 13800 | 8025.88 | 25 Months |
| 7676 | 5159.6 | 19 Months |
| 7131 | 4332.39 | 17 Months |
| 26924 | 15716.59 | 48 Months |
| 49384 | 21910.64 | 47 Months |
| 11151 | 7255.42 | 28 Months |
| 50438 | 23644.88 | 34 Months |
| 8354 | 5365.58 | 20 Months |

Exhibit 12
Page 164

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 319.72 |
| | Unified Global Research Group Inc | 253.31 |
| | Unified Global Research Group Inc | 334.86 |
| | Unified Global Research Group Inc | 255.47 |
| | Unified Global Research Group Inc | 691.86 |
| | Unified Global Research Group Inc | 311.71 |
| | Unified Global Research Group Inc | 348.96 |
| | Unified Global Research Group Inc | 303.66 |
| | Unified Global Research Group Inc | 306.32 |
| | Unified Global Research Group Inc | 278.28 |
| | Unified Global Research Group Inc | 374.59 |
| | Unified Global Research Group Inc | 278.63 |
| | Unified Global Research Group Inc | 488.65 |
| | Unified Global Research Group Inc | 284.54 |
| | Unified Global Research Group Inc | 409.82 |
| | Unified Global Research Group Inc | 255.11 |
| ams | Unified Global Research Group Inc | 265.62 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 309.62 |
| | Unified Global Research Group Inc | 253.49 |
| | Unified Global Research Group Inc | 311.86 |
| | Unified Global Research Group Inc | 308.12 |
| | Unified Global Research Group Inc | 334.78 |
| | Unified Global Research Group Inc | 511.54 |
| | Unified Global Research Group Inc | 296.38 |
| | Unified Global Research Group Inc | 511.63 |
| | Unified Global Research Group Inc | 185.52 |
| | Unified Global Research Group Inc | 419.57 |
| | Unified Global Research Group Inc | 301.74 |
| | Unified Global Research Group Inc | 329.51 |
| | Unified Global Research Group Inc | 261.48 |
| | Unified Global Research Group Inc | 338.58 |
| | Unified Global Research Group Inc | 252.81 |
| | Unified Global Research Group Inc | 313.73 |
| | Unified Global Research Group Inc | 533.88 |
| | Unified Global Research Group Inc | 209.59 |
| | Unified Global Research Group Inc | 250.49 |
| | Unified Global Research Group Inc | 252.59 |
| | Unified Global Research Group Inc | 288.83 |
| | Unified Global Research Group Inc | 251.27 |
| | Unified Global Research Group Inc | 411.12 |
| | Unified Global Research Group Inc | 255.55 |
| | Unified Global Research Group Inc | 241.11 |
| | Unified Global Research Group Inc | 312.69 |
| | Unified Global Research Group Inc | 481.71 |
| | Unified Global Research Group Inc | 298.67 |
| | Unified Global Research Group Inc | 543.41 |

Exhibit 12
Page 165

| | | |
|---|---|---|
| 21776 | 12469.22 | 37 Months |
| 7062 | 4559.64 | 17 Months |
| 12520.23 | 7032.07 | 21 Months |
| 12727 | 7153.09 | 27 Months |
| 81666 | 33209.34 | 47 Months |
| 16688 | 9662.98 | 30 Months |
| 22732 | 12562.48 | 35 Months |
| 19173 | 11235.26 | 36 Months |
| 7348 | 4288.52 | 13 Months |
| 10914 | 6678.72 | 23 Months |
| 38154 | 17980.14 | 48 Months |
| 18746 | 10030.78 | 35 Months |
| 35304 | 17591.28 | 35 Months |
| 10819 | 6853.88 | 22 Months |
| 42986 | 19671.34 | 47 Months |
| 8730 | 5612.36 | 21 Months |
| 20309 | 12749.84 | 47 Months |
| 7779 | 5039.2 | 19 Months |
| 11195 | 7171.22 | 21 Months |
| 7070 | 4562.84 | 16 Months |
| 7003 | 4054.14 | 11 Months |
| 13234 | 7703.1 | 24 Months |
| 14304 | 8034.72 | 22 Months |
| 49819 | 24553.84 | 47 Months |
| 8000 | 4742.08 | 15 Months |
| 26991 | 13302.28 | 25 Months |
| 37668 | 17810.04 | 43 Months |
| 29087 | 15104.48 | 34 Months |
| 7701 | 4526.1 | 14 Months |
| 31972 | 15816.44 | 47 Months |
| 14859 | 9413.28 | 35 Months |
| 14532 | 8125.92 | 23 Months |
| 12123 | 7836.98 | 29 Months |
| 7064 | 4078.54 | 11 Months |
| 15000 | 6406.56 | 11 Months |
| 8070 | 4191.8 | 8 Months |
| 10017 | 6512.68 | 24 Months |
| 17853 | 10565.65 | 39 Months |
| 11547 | 7245.75 | 23 Months |
| 19436 | 11387.14 | 37 Months |
| 43164 | 20144.76 | 48 Months |
| 9550 | 6133.12 | 22 Months |
| 6513 | 4340.04 | 17 Months |
| 7030 | 4690.32 | 12 Months |
| 34680 | 17823.39 | 34 Months |
| 16183 | 10154.7 | 32 Months |
| 53644 | 26083.84 | 46 Months |

Exhibit 12
Page 166

| | Unified Global Research Group Inc | 267.19 |
|---|---|---|
| | Unified Global Research Group Inc | 253.6 |
| | Unified Global Research Group Inc | 339.52 |
| | Unified Global Research Group Inc | 301.83 |
| | Unified Global Research Group Inc | 297.42 |
| | Unified Global Research Group Inc | 321.78 |
| | Unified Global Research Group Inc | 253.51 |
| | Unified Global Research Group Inc | 303.93 |
| | Unified Global Research Group Inc | 459.85 |
| | Unified Global Research Group Inc | 302.48 |
| | Unified Global Research Group Inc | 302.24 |
| | Unified Global Research Group Inc | 287.16 |
| | Unified Global Research Group Inc | 345.79 |
| | Unified Global Research Group Inc | 589.11 |
| | Unified Global Research Group Inc | 250.05 |
| | Unified Global Research Group Inc | 252.54 |
| | Unified Global Research Group Inc | 531.8 |
| | Unified Global Research Group Inc | 300.58 |
| | Unified Global Research Group Inc | 250.21 |
| | Unified Global Research Group Inc | 307.72 |
| | Unified Global Research Group Inc | 516.06 |
| | Unified Global Research Group Inc | 467.56 |
| | Unified Global Research Group Inc | 304.9 |
| | Unified Global Research Group Inc | 471.3 |
| | Unified Global Research Group Inc | 272.09 |
| | Unified Global Research Group Inc | 304.35 |
| | Unified Global Research Group Inc | 269.16 |
| | Unified Global Research Group Inc | 301.52 |
| | Unified Global Research Group Inc | 400.51 |
| | Unified Global Research Group Inc | 251.66 |
| | Unified Global Research Group Inc | 366.56 |
| | Unified Global Research Group Inc | 250 |
| | Unified Global Research Group Inc | 312.47 |
| | Unified Global Research Group Inc | 253.44 |
| | Unified Global Research Group Inc | 377.9 |
| | Unified Global Research Group Inc | 490.42 |
| | Unified Global Research Group Inc | 251.98 |
| | Unified Global Research Group Inc | 306.66 |
| | Unified Global Research Group Inc | 250.74 |
| | Unified Global Research Group Inc | 276.55 |
| | Unified Global Research Group Inc | 552.77 |
| | Unified Global Research Group Inc | 304.59 |
| | Unified Global Research Group Inc | 479.25 |
| | Unified Global Research Group Inc | 303.73 |
| | Unified Global Research Group Inc | 295.94 |
| | Unified Global Research Group Inc | 308.54 |
| | Unified Global Research Group Inc | 378.27 |

Exhibit 12

| | | |
|---|---|---|
| 13665 | 7481.39 | 27 Months |
| 7075 | 4564.84 | 17 Months |
| 21883 | 12222.88 | 35 Months |
| 22599 | 13183.94 | 43 Months |
| 8041.75 | 4758.78 | 14 Months |
| 20286 | 11584.08 | 35 Months |
| 12963 | 8365.74 | 32 Months |
| 12453 | 7294.32 | 23 Months |
| 27260 | 13795.4 | 29 Months |
| 24217 | 14216.66 | 46 Months |
| 14410 | 8462.64 | 27 Months |
| 15739 | 9476.14 | 31 Months |
| 28404 | 16000.55 | 47 Months |
| 59127 | 28277.05 | 47 Months |
| 9220 | 6276.17 | 23 Months |
| 7027 | 4545.64 | 17 Months |
| 59715 | 25526.49 | 47 Months |
| 7147 | 4208.12 | 13 Months |
| 13460 | 9007.51 | 34 Months |
| 10567 | 6154.4 | 19 Months |
| 50361 | 24770.64 | 46 Months |
| 33406 | 16832.08 | 35 Months |
| 22416 | 13110.74 | 42 Months |
| 33743 | 16966.88 | 35 Months |
| 15814 | 9795.28 | 35 Months |
| 12478 | 7304.32 | 22 Months |
| 20733 | 12919.44 | 47 Months |
| 24031 | 12362.43 | 40 Months |
| 27372 | 14418.48 | 35 Months |
| 10204 | 5788.14 | 22 Months |
| 32421 | 17594.64 | 47 Months |
| 11851 | 6750.11 | 26 Months |
| 7023 | 4062.14 | 11 Months |
| 17277 | 11151.52 | 42 Months |
| 33782 | 18139.04 | 47 Months |
| 47285 | 23540.24 | 46 Months |
| 7002 | 4535.64 | 17 Months |
| 18925 | 11039.68 | 35 Months |
| 10805 | 7020.64 | 26 Months |
| 11325 | 6084.11 | 21 Months |
| 62590.36 | 26532.86 | 47 Months |
| 18739 | 10965.28 | 35 Months |
| 52508 | 23004.04 | 47 Months |
| 11404 | 6681.96 | 21 Months |
| 16464 | 9766.14 | 32 Months |
| 13260 | 7713.5 | 23 Months |
| 25370 | 13617.68 | 35 Months |

Exhibit 12
Page 168

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 305.33 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 257.86 |
| | Unified Global Research Group Inc | 555.58 |
| | Unified Global Research Group Inc | 250.28 |
| | Unified Global Research Group Inc | 250.45 |
| | Unified Global Research Group Inc | 253.35 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 255.01 |
| | Unified Global Research Group Inc | 310.02 |
| | Unified Global Research Group Inc | 396.28 |
| | Unified Global Research Group Inc | 1038.87 |
| | Unified Global Research Group Inc | 309.23 |
| | Unified Global Research Group Inc | 253.99 |
| | Unified Global Research Group Inc | 252.06 |
| | Unified Global Research Group Inc | 383.32 |
| | Unified Global Research Group Inc | 254.64 |
| | Unified Global Research Group Inc | 250.27 |
| | Unified Global Research Group Inc | 252.14 |
| | Unified Global Research Group Inc | 300.73 |
| | Unified Global Research Group Inc | 588.64 |
| | Unified Global Research Group Inc | 100 |
| | Unified Global Research Group Inc | 303.16 |
| | Unified Global Research Group Inc | 327.18 |
| | Unified Global Research Group Inc | 250.03 |
| | Unified Global Research Group Inc | 301.86 |
| | Unified Global Research Group Inc | 236.72 |
| | Unified Global Research Group Inc | 301.5 |
| | Unified Global Research Group Inc | 302.76 |
| | Unified Global Research Group Inc | 263.33 |
| | Unified Global Research Group Inc | 356.7 |
| | Unified Global Research Group Inc | 252.81 |
| | Unified Global Research Group Inc | 302.27 |
| | Unified Global Research Group Inc | 252.01 |
| | Unified Global Research Group Inc | 250.64 |
| | Unified Global Research Group Inc | 300.63 |
| | Unified Global Research Group Inc | 326.27 |
| | Unified Global Research Group Inc | 251.98 |
| | Unified Global Research Group Inc | 259.96 |
| | Unified Global Research Group Inc | 256.96 |
| | Unified Global Research Group Inc | 569.06 |
| | Unified Global Research Group Inc | 366.86 |
| | Unified Global Research Group Inc | 377.85 |
| | Unified Global Research Group Inc | 440.39 |
| | Unified Global Research Group Inc | 269.16 |
| | Unified Global Research Group Inc | 288.09 |
| | Unified Global Research Group Inc | 256.38 |

Exhibit 12
Page 169

| | | |
|---|---|---|
| 17761 | 10381.32 | 32 Months |
| 7001 | 4535.24 | 17 Months |
| 14937 | 9540.86 | 36 Months |
| 8036 | 3889.06 | 6 Months |
| 7695 | 5756.44 | 18 Months |
| 8859 | 5760.34 | 21 Months |
| 9418 | 6080.32 | 23 Months |
| 7001 | 4535.24 | 17 Months |
| 7535 | 4845.22 | 18 Months |
| 19228 | 11160.88 | 34 Months |
| 26991 | 14266.08 | 35 Months |
| 32987 | 14544.12 | 13 Months |
| 18092.32 | 10848.08 | 32 Months |
| 11427 | 7365.82 | 28 Months |
| 12065 | 7813.78 | 30 Months |
| 25825 | 13799.68 | 35 Months |
| 12661 | 7129.99 | 27 Months |
| 7310 | 4755.22 | 18 Months |
| 7009 | 4538.44 | 17 Months |
| 26857 | 13833.43 | 45 Months |
| 44303 | 21190.88 | 35 Months |
| 9176 | 5887.14 | 23 Months |
| 24223 | 12429.63 | 40 Months |
| 20772 | 11778.48 | 35 Months |
| 11908 | 7750.98 | 30 Months |
| 18493 | 10866.88 | 35 Months |
| 16841 | 11362.64 | 47 Months |
| 24614 | 14471.84 | 47 Months |
| 12899 | 7569.1 | 24 Months |
| 10017 | 6319.92 | 23 Months |
| 29936.47 | 16408.07 | 45 Months |
| 16425 | 10617.96 | 41 Months |
| 14927 | 8765.82 | 28 Months |
| 9338 | 6048.32 | 22 Months |
| 14362 | 6767.24 | 25 Months |
| 16340 | 10632.59 | 40 Months |
| 20690 | 11745.68 | 34 Months |
| 7002 | 4535.64 | 17 Months |
| 8997 | 5719.16 | 21 Months |
| 8029 | 5139.2 | 18 Months |
| 64824 | 27314.63 | 46 Months |
| 24343 | 13206.88 | 35 Months |
| 25332 | 13602.48 | 35 Months |
| 30961 | 15854.08 | 35 Months |
| 9850 | 6467.12 | 24 Months |
| 7189 | 4634.39 | 15 Months |
| 7600 | 4871.22 | 18 Months |

Exhibit 12

Page 170

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 300.36 |
| | Unified Global Research Group Inc | 252.8 |
| | Unified Global Research Group Inc | 265.72 |
| | Unified Global Research Group Inc | 256.03 |
| | Unified Global Research Group Inc | 251.66 |
| | Unified Global Research Group Inc | 255.46 |
| | Unified Global Research Group Inc | 299.23 |
| | Unified Global Research Group Inc | 316.16 |
| | Unified Global Research Group Inc | 306.56 |
| | Unified Global Research Group Inc | 250.52 |
| | Unified Global Research Group Inc | 259.78 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 379.48 |
| | Unified Global Research Group Inc | 339.09 |
| | Unified Global Research Group Inc | 967.1 |
| | Unified Global Research Group Inc | 314.47 |
| | Unified Global Research Group Inc | 251.98 |
| | Unified Global Research Group Inc | 354.11 |
| | Unified Global Research Group Inc | 297.61 |
| | Unified Global Research Group Inc | 550.45 |
| | Unified Global Research Group Inc | 251.52 |
| | Unified Global Research Group Inc | 250.38 |
| | Unified Global Research Group Inc | 250.98 |
| | Unified Global Research Group Inc | 260.31 |
| | Unified Global Research Group Inc | 304.84 |
| | Unified Global Research Group Inc | 257.51 |
| | Unified Global Research Group Inc | 251.89 |
| | Unified Global Research Group Inc | 253.09 |
| | Unified Global Research Group Inc | 254.7 |
| | Unified Global Research Group Inc | 266.44 |
| | Unified Global Research Group Inc | 476.77 |
| | Unified Global Research Group Inc | 254.89 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 517.91 |
| | Unified Global Research Group Inc | 254.64 |
| | Unified Global Research Group Inc | 301.52 |
| | Unified Global Research Group Inc | 253.79 |
| | Unified Global Research Group Inc | 254.31 |
| | Unified Global Research Group Inc | 258.68 |
| | Unified Global Research Group Inc | 474.53 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 309.6 |
| | Unified Global Research Group Inc | 251.96 |
| | Unified Global Research Group Inc | 309.28 |
| | Unified Global Research Group Inc | 250.87 |
| | Unified Global Research Group Inc | 497.14 |
| | Unified Global Research Group Inc | 321.39 |

Exhibit 12
Page 171

| | | |
|---|---|---|
| 20398 | 12314.76 | 40 Months |
| 7430 | 4803.22 | 18 Months |
| 8467 | 5314.4 | 18 Months |
| 9978 | 6400.7 | 24 Months |
| 7764 | 5033.2 | 19 Months |
| 11931 | 7663.8 | 29 Months |
| 16735 | 9874.54 | 32 Months |
| 26373 | 13278.5 | 40 Months |
| 28825 | 14714.99 | 46 Months |
| 20259 | 11524.13 | 45 Months |
| 14706 | 9352.08 | 34 Months |
| 7001 | 4535.24 | 17 Months |
| 25479 | 13661.28 | 34 Months |
| 21844 | 12207.28 | 34 Months |
| 104486 | 46420.64 | 47 Months |
| 14176 | 8176.28 | 25 Months |
| 7002 | 4535.64 | 16 Months |
| 23196 | 12748.08 | 35 Months |
| 22135 | 13094.72 | 43 Months |
| 62272 | 26421.44 | 47 Months |
| 10860 | 7042.64 | 27 Months |
| 11165 | 7261.02 | 28 Months |
| 9276 | 6023.52 | 23 Months |
| 7377 | 4685.64 | 17 Months |
| 16677 | 9754.96 | 31 Months |
| 10876 | 6952.66 | 26 Months |
| 12052 | 7808.58 | 30 Months |
| 10578 | 6833.46 | 26 Months |
| 9895 | 6367.5 | 23 Months |
| 15305 | 9591.68 | 35 Months |
| 52168 | 22885.04 | 47 Months |
| 8718 | 5607.56 | 21 Months |
| 7001 | 4535.24 | 16 Months |
| 37938 | 18644.88 | 35 Months |
| 12661 | 8148.56 | 31 Months |
| 15898 | 9346.98 | 30 Months |
| 14167 | 9136.48 | 35 Months |
| 11055 | 7120.64 | 27 Months |
| 11361 | 7501.72 | 27 Months |
| 56723 | 28472 | 59 Months |
| 7001 | 4535.24 | 17 Months |
| 9062 | 5263.26 | 16 Months |
| 7001 | 4535.24 | 16 Months |
| 20758 | 12062.02 | 38 Months |
| 10428 | 6773.46 | 26 Months |
| 48091 | 23862.64 | 47 Months |
| 19126 | 10927.32 | 33 Months |

Exhibit 12
Page 172

| | | |
|---|---|---|
| | Unified Global Research Group Inc | 254.01 |
| | Unified Global Research Group Inc | 310.13 |
| | Unified Global Research Group Inc | 254.38 |
| | Unified Global Research Group Inc | 316.16 |
| | Unified Global Research Group Inc | 311.58 |
| | Unified Global Research Group Inc | 268.33 |
| | Unified Global Research Group Inc | 253.37 |
| | Unified Global Research Group Inc | 351.36 |
| | Unified Global Research Group Inc | 255.67 |
| | Unified Global Research Group Inc | 305.63 |
| | Unified Global Research Group Inc | 299.1 |
| | Unified Global Research Group Inc | 423.5 |
| | Unified Global Research Group Inc | 305.32 |
| | Unified Global Research Group Inc | 336.76 |
| | Unified Global Research Group Inc | 298.28 |
| | Unified Global Research Group Inc | 252.74 |
| | Unified Global Research Group Inc | 253.68 |
| | Unified Global Research Group Inc | 482.83 |

Totals                                        $   256,131.95

Exhibit 12
Page 173

| | | |
|---|---|---|
| 11822 | 7620.2 | 28 Months |
| 18703 | 10854.5 | 34 Months |
| 15349 | 8649.07 | 32 Months |
| 19780 | 11381.68 | 35 Months |
| 29513 | 14955.79 | 47 Months |
| 13756 | 8586.56 | 31 Months |
| 12952 | 8361.34 | 32 Months |
| 30597 | 14756.9 | 41 Months |
| 12344.76 | 7925.68 | 29 Months |
| 17786 | 10391.32 | 33 Months |
| 20851 | 10767.53 | 35 Months |
| 29441 | 15246.08 | 35 Months |
| 20894 | 12212.8 | 39 Months |
| 21634 | 12123.28 | 35 Months |
| 12619 | 7457.1 | 23 Months |
| 11336 | 7329.42 | 28 Months |
| 12584 | 8117.76 | 31 Months |
| 52999 | 23175.89 | 47 Months |

$ 12,886,277.88    $ 6,743,781.28

Exhibit 12

Page 174

| Full Name | Monthly Payment | Debt Enrolled | Total fee | Program Length (trans) |
|---|---|---|---|---|
| | $ 470.48 | $ 35,489.00 | $ 19,518.95 | 23 Months |
| | $ 456.82 | $ 32,439.38 | $ 17,841.66 | 3 Months |
| | $ 253.49 | $ 7,070.00 | $ 3,888.50 | 2 Months |
| | $ 257.50 | $ 9,667.00 | $ 5,316.85 | 3 Months |
| | $ 301.51 | $ 11,282.00 | $ 6,205.10 | 3 Months |
| | $ 287.90 | $ 19,958.00 | $ 10,976.90 | 13 Months |
| | $ 315.44 | $ 13,774.00 | $ 7,575.70 | 21 Months |
| | $ 292.52 | $ 17,204.00 | $ 9,462.20 | 36 Months |
| | $ 257.20 | $ 1,452.00 | $ 798.60 | 20 Months |
| | $ 484.69 | $ 25,044.00 | $ 13,774.20 | 36 Months |
| | $ 591.11 | $ 24,468.00 | $ 13,457.40 | 35 Months |
| | $ 418.95 | $ 30,669.00 | $ 16,867.95 | 3 Months |
| | $ 256.25 | $ 6,744.00 | $ 3,709.20 | 16 Months |
| | $ 366.77 | $ 17,637.00 | $ 9,700.35 | 32 Months |
| | $ 772.21 | $ 40,513.00 | $ 22,282.15 | 20 Months |
| | $ 340.00 | $ 24,372.00 | $ 13,404.60 | 32 Months |
| | $ 300.66 | $ 20,870.58 | $ 11,478.82 | 31 Months |
| | $ 657.21 | $ 37,280.47 | $ 20,504.26 | 29 Months |
| | $ 356.93 | $ 27,314.00 | $ 15,022.70 | 28 Months |
| | $ 313.75 | $ 20,013.00 | $ 11,007.15 | 28 Months |
| | $ 360.92 | $ 30,207.00 | $ 16,613.85 | 26 Months |
| | $ 375.12 | $ 23,008.00 | $ 12,654.40 | 20 Months |
| | $ 529.99 | $ 25,624.87 | $ 14,093.68 | 22 Months |
| | $ 295.42 | $ 18,364.00 | $ 10,100.20 | 22 Months |
| | $ 798.84 | $ 72,767.00 | $ 40,021.85 | 17 Months |
| | $ 258.84 | $ 15,071.00 | $ 8,289.05 | 12 Months |
| | $ 313.35 | $ 15,188.00 | $ 8,353.40 | 8 Months |
| | $ 433.47 | $ 10,316.00 | $ 5,673.80 | 8 Months |
| | $ 400.65 | $ 41,717.00 | $ 22,944.35 | 6 Months |
| | $ 267.19 | $ 26,448.00 | $ 14,546.40 | 6 Months |
| | $ 351.76 | $ 33,656.00 | $ 18,510.80 | 6 Months |
| | $ 460.62 | $ 55,636.00 | $ 30,599.80 | 5 Months |
| | $ 253.79 | $ 11,412.00 | $ 6,276.60 | 6 Months |
| | $ 253.16 | $ 11,441.00 | $ 6,292.55 | 5 Months |
| | $ 306.96 | $ 19,855.00 | $ 10,920.25 | 4 Months |
| | $ 301.70 | $ 28,158.00 | $ 15,486.90 | 6 Months |
| | $ 361.40 | $ 29,152.00 | $ 16,033.60 | 4 Months |
| | $ 382.64 | $ 27,481.00 | $ 15,114.55 | 5 Months |
| | $ 404.80 | $ 27,141.01 | $ 14,927.56 | 3 Months |
| | $ 403.22 | $ 41,214.00 | $ 22,667.70 | 3 Months |
| | $ 1,114.54 | $ 139,633.00 | $ 76,798.15 | 9 Months |
| | $ 271.21 | $ 20,980.00 | $ 11,539.00 | 5 Months |
| | $ 256.00 | $ 8,779.00 | $ 4,828.45 | 3 Months |

Exhibit 12
Page 175

Company
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc

Exhibit 12
Page 176

| | | | | | |
|---|---|---|---|---|---|
| ▮ | $ 258.72 | $ 10,146.00 | $ 5,580.30 | 3 Months |
| ▮ | $ 299.36 | $ 14,716.00 | $ 8,093.80 | 0 Months |
| ▮ | $ 416.22 | $ 21,496.00 | $ 11,822.80 | 27 Months |
| ▮ | $ 303.64 | $ 28,424.00 | $ 15,633.20 | 0 Months |
| ▮ | $ 252.67 | $ 7,032.91 | $ 3,868.10 | 4 Months |
| ▮ | $ 250.69 | $ 8,487.00 | $ 4,667.85 | 1 Months |
| ▮ | $ 252.51 | $ 9,265.00 | $ 5,095.75 | 8 Months |
| ▮ | $ 304.51 | $ 28,075.00 | $ 15,441.25 | 6 Months |
| ▮ | $ 252.00 | $ 7,003.00 | $ 3,851.65 | 4 Months |
| ▮ | $ 251.28 | $ 12,779.00 | $ 7,028.45 | 1 Months |
| ▮ | $ 260.14 | $ 7,599.08 | $ 4,179.49 | 23 Months |
| ▮ | $ 114.00 | $ 31,799.81 | $ 17,489.90 | 16 Months |
| ▮ | $ 297.76 | $ 8,575.00 | $ 4,716.25 | 8 Months |
| ▮ | $ 306.26 | $ 24,373.00 | $ 13,405.15 | 8 Months |
| ▮ | $ 253.95 | $ 8,918.00 | $ 4,904.90 | 6 Months |
| ▮ | $ 253.08 | $ 14,063.00 | $ 7,734.65 | 6 Months |
| ▮ | $ 257.07 | $ 20,660.00 | $ 11,363.00 | 5 Months |
| ▮ | $ 251.80 | $ 9,714.00 | $ 5,342.70 | 4 Months |
| ▮ | $ 253.46 | $ 19,206.58 | $ 10,563.62 | 5 Months |
| ▮ | $ 322.81 | $ 22,643.00 | $ 12,453.65 | 5 Months |
| ▮ | $ 393.86 | $ 30,598.00 | $ 16,828.90 | 5 Months |
| ▮ | $ 253.10 | $ 10,299.00 | $ 5,664.45 | 4 Months |
| ▮ | $ 356.77 | $ 26,039.00 | $ 14,321.45 | 4 Months |
| ▮ | $ 426.99 | $ 34,006.00 | $ 18,703.30 | 5 Months |
| ▮ | $ 473.02 | $ 51,653.00 | $ 28,409.15 | 4 Months |
| ▮ | $ 250.10 | $ 14,054.00 | $ 7,729.70 | 3 Months |
| ▮ | $ 254.29 | $ 20,303.00 | $ 11,166.65 | 4 Months |
| ▮ | $ 250.83 | $ 9,198.00 | $ 5,058.90 | 4 Months |
| ▮ | $ 398.15 | $ 31,039.00 | $ 17,071.45 | 4 Months |
| ▮ | $ 415.15 | $ 28,689.00 | $ 15,778.95 | 3 Months |
| ▮ | $ 317.18 | $ 26,496.00 | $ 14,572.80 | 3 Months |
| ▮ | $ 317.82 | $ 27,420.00 | $ 15,081.00 | 2 Months |
| ▮ | $ 442.96 | $ 16,068.00 | $ 8,837.40 | 3 Months |
| ▮ | $ 313.97 | $ 19,583.00 | $ 10,770.65 | 3 Months |
| ▮ | $ 256.05 | $ 8,782.00 | $ 4,830.10 | 3 Months |
| ▮ | $ 303.77 | $ 16,073.00 | $ 8,840.15 | 3 Months |
| ▮ | $ 278.07 | $ 16,352.00 | $ 8,993.60 | 3 Months |
| ▮ | $ 529.70 | $ 38,998.44 | $ 21,449.14 | 3 Months |
| ▮ | $ 261.89 | $ 9,103.00 | $ 5,006.65 | 3 Months |
| ▮ | $ 258.29 | $ 9,310.00 | $ 5,120.50 | 3 Months |
| ▮ | $ 251.96 | $ 7,001.00 | $ 3,850.55 | 2 Months |
| ▮ | $ 313.45 | $ 16,280.00 | $ 8,954.00 | 3 Months |
| ▮ | $ 301.95 | $ 7,195.00 | $ 3,957.25 | 2 Months |
| ▮ | $ 309.10 | $ 11,699.73 | $ 6,434.85 | 2 Months |
| ▮ | $ 500.00 | $ 10,914.00 | $ 6,002.70 | 2 Months |
| ▮ | $ 557.38 | $ 27,660.00 | $ 15,213.00 | 2 Months |
| ▮ | $ 246.91 | $ 9,032.00 | $ 4,967.60 | 0 Months |

Exhibit 12
Page 177

ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc

Exhibit 12
Page 178

| | | | |
|---|---:|---:|---|
| ▮ | $ 419.86 | $ 38,817.00 | $ 21,349.35 | 1 Months |
| ▮ | $ 362.96 | $ 19,327.00 | $ 10,629.85 | 2 Months |
| ▮ | $ 417.76 | $ 28,924.00 | $ 15,908.20 | 0 Months |
| ▮ | $ 318.72 | $ 13,896.00 | $ 7,642.80 | 2 Months |
| ▮ | $ 302.44 | $ 22,667.00 | $ 12,466.85 | 2 Months |
| ▮ | $ 414.07 | $ 28,592.35 | $ 15,725.79 | 1 Months |
| ▮ | $ 417.72 | $ 44,069.00 | $ 24,237.95 | 1 Months |
| ▮ | $ 308.57 | $ 15,914.00 | $ 8,752.70 | 1 Months |
| ▮ | $ 255.05 | $ 11,107.00 | $ 6,108.85 | 0 Months |
| ▮ | $ 261.30 | $ 14,843.00 | $ 8,163.65 | 0 Months |
| ▮ | $ 307.58 | $ 15,312.00 | $ 8,421.60 | ▮ |
| ▮ | $ 307.78 | $ 13,741.00 | $ 7,557.55 | ▮ |
| ▮ | $ 252.05 | $ 7,005.00 | $ 3,852.75 | ▮ |
| ▮ | $ 314.35 | $ 7,084.00 | $ 3,896.20 | ▮ |
| ▮ | $ 735.38 | $ 51,120.00 | $ 28,116.00 | 1 Months |
| ▮ | $ 302.85 | $ 24,776.00 | $ 13,626.80 | 0 Months |
| ▮ | $ 251.92 | $ 8,166.00 | $ 4,491.30 | 3 Months |
| ▮ | $ 305.64 | $ 25,387.65 | $ 13,963.21 | 0 Months |
| ▮ | $ 387.46 | $ 26,197.00 | $ 14,408.35 | 0 Months |
| ▮ | $ 364.40 | $ 31,706.00 | $ 17,438.30 | 14 Months |
| ▮ | $ 380.43 | $ 29,217.00 | $ 16,069.35 | 5 Months |
| ▮ | $ 254.20 | $ 7,496.43 | $ 4,123.04 | 6 Months |
| ▮ | $ 463.71 | $ 50,377.00 | $ 27,707.35 | 4 Months |
| ▮ | $ 252.00 | $ 7,003.00 | $ 3,851.65 | 0 Months |
| ▮ | $ 313.57 | $ 35,897.00 | $ 19,743.35 | 6 Months |
| Totals | $ 40,223.39 | $ 2,583,971.29 | $ 1,421,184.21 | |

Exhibit 12
Page 179

ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc
ed Global Research Group Inc

Exhibit 12
Page 180

# EXHIBIT 13

Exhibit 13
Page 181

In re: The Litigation Practice Group PC
Disbursement Details by Payee
4 Years Pre-Petition (03/20/2019 - 03/20/2023)

Unified Global Research Group Inc



| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| UnionBank | The Litigation Practice Group PC | 4858 | 7/31/2021 | 7/28/2021 | | 11,702.26 | WIRE TRANS TRN 0728027705 072821 UBOC930 UB1 32525N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 8/31/2021 | 8/4/2021 | | 4,031.09 | WIRE TRANS TRN 0804022011 080421 UBOC UB094596N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 8/31/2021 | 8/11/2021 | | 3,770.55 | WIRE TRANS TRN 0811021523 081121 UBOC UB059964N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 8/31/2021 | 8/20/2021 | | 6,322.04 | WIRE TRANS TRN 0820019207 082021 UBOC UB012084N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 8/31/2021 | 8/25/2021 | | 10,027.23 | WIRE TRANS TRN 0825024036 082521 UBOC UB987531 N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 9/30/2021 | 9/1/2021 | | 6,793.15 | WIRE TRANS TRN 0901027858 090121 UBOC UB944364N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 9/30/2021 | 9/9/2021 | | 3,547.56 | WIRE TRANS TRN 0909021749 090921 UBOC UB909048N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 9/30/2021 | 9/16/2021 | | 1,535.20 | WIRE TRANS TRN 0916025570 091621 UBOC UB868590N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 9/30/2021 | 9/22/2021 | | 4,104.10 | WIRE TRANS TRN 0922021186 092221 UBOC UB842697N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 9/30/2021 | 9/30/2021 | | 12,639.82 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 10/29/2021 | 10/7/2021 | | 3,913.25 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 10/29/2021 | 10/14/2021 | | 6,111.33 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 10/29/2021 | 10/26/2021 | | 4,895.85 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 11/30/2021 | 11/5/2021 | | 26,600.57 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 11/30/2021 | 11/12/2021 | | 3,780.93 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 11/30/2021 | 11/18/2021 | | 4,945.86 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 11/30/2021 | 11/26/2021 | | 9,235.49 | WIRE TO Unified Global Research G |
| Optimum Bank | Coast Processing LLC dba LPG | 6738 | 12/31/2021 | 12/2/2021 | | 6,249.34 | WIRE TO Unified Global Research G |
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/9/2021 | | 3,483.31 | WIRE TRANS TRN 1209021653 120921 UBOC UB426483N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/17/2021 | | 6,323.25 | WIRE TRANS TRN 1217017534 121721 UBOC UB382926N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/23/2021 | | 2,533.03 | WIRE TRANS TAN 1223024569 122321 UBOC UB341295N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/31/2021 | | 10,842.75 | WIRE TRANS TAN 1231023072 123121 UBOC UB305856N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/10/2022 | | 2,940.02 | WIRE TRANS TRN 0110021655 011022 UBOC UB269091N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/13/2022 | | 4,217.83 | WIRE TRANS TRN 0113021464 011322 UBOC UB246570N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/21/2022 | | 4,207.99 | WIRE TRANS TRN 0121016143 012122 UBOC UB210933N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/28/2022 | | 10,050.98 | WIRE TRANS TRN 0128019449 012822 UBOC UB169986N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 2/28/2022 | 2/4/2022 | | 4,010.69 | WIRE TRANS TAN 0204022665 020422 UBOC UB131205N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| UnionBank | The Litigation Practice Group PC | 4858 | 2/28/2022 | 2/11/2022 | | 3,668.61 | WIRE TRANS TRN 0211017113 021122 UBOC UB102927N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc |
| Chase | The Litigation Practice Group PC | 3133 | 2/28/2022 | 2/18/2022 | | 2,699.18 | Fedwire Debit Via: Wells Fargo NN1 21000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 4:20 Imad: 021 8B1 QgcOI C008359 Tm: 51 90000049Jo |
| Chase | The Litigation Practice Group PC | 3133 | 2/28/2022 | 2/25/2022 | | 7,882.55 | Fedwire Debit Via: Wells Fargo NN12i000248 A/C: Unified Global Research Group Inc San Diego, CA, 92i08 US Ref: Weekly Disbursement/Time/i 5:26 Imad: 0225B1Qgc08COi8323 Tm: 6368600056Jo |
| Chase | The Litigation Practice Group PC | 3133 | 3/31/2022 | 3/4/2022 | | 6,951.24 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: unified Global Research Group Inc San Diego, CA, 92108 us Ref: Weekly Disbursement/Time/i 5:51 Imad: 0304B1 QgcO8COI 3281 Tm: 5367200063Jo |
| Chase | The Litigation Practice Group PC | 3133 | 3/31/2022 | 3/10/2022 | | 3,322.68 | Fedwire Debit Via: Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 6:56 Imad: 031 OB1 QgcO7COi5i86 Tm: 7420000069Jo |

DRAFT FORM - SUBJECT TO CHANGE

Exhibit 13
Page 182

In re: The Litigation Practice Group PC
Disbursement Details by Payee
4 Years Pre-Petition (03/20/2019 - 03/20/2023)



| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| Chase | The Litigation Practice Group PC | 3133 | 3/31/2022 | 3/18/2022 | | 6,038.95 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 3:20 Imad: 031 8B1 QgcO2CO08i 46 Tm: 4571 200077Jo |
| Chase | The Litigation Practice Group PC | 3133 | 3/31/2022 | 3/24/2022 | | 8,457.57 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 5:08 Imad: 0324B1Qgc06C015444 Tm: 5976600083Jo |
| Chase | The Litigation Practice Group PC | 3133 | 4/30/2022 | 4/1/2022 | | 6,063.19 | Fedwire Debit Via: Wells Fargo NN1 21000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 3:49 Imad: 0401 BlQgcO6COi5873 Tm: 5025600091 Jo |
| Chase | The Litigation Practice Group PC | 3133 | 4/30/2022 | 4/7/2022 | | 2,630.16 | Fedwire Debit Via: Wells Fargo NA/i 21000248 A/C: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 4:50 Imad: 0407B1QgcO7C011445 Tm: 5692800097Jo |
| Chase | The Litigation Practice Group PC | 3133 | 4/30/2022 | 4/18/2022 | | 5,814.17 | Fedwire Debit Via: Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 2:50 Imad: 041 8B1 QgcO7C008650 Tm: 43570001 O8Jo |
| Chase | The Litigation Practice Group PC | 3133 | 4/30/2022 | 4/21/2022 | | 5,604.22 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 3:13 Imad: 0421 B1QgcO6COO955O Tm: 488100011 1J0 |
| Chase | The Litigation Practice Group PC | 3133 | 4/30/2022 | 4/28/2022 | | 7,616.90 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 3:54 Imad: 0428B1QgcO7C014416 Tm: 5930200i18Jo |
| Chase | The Litigation Practice Group PC | 3133 | 5/31/2022 | 5/5/2022 | | 9,895.50 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 7:00 Imad: 0505B1 QgcO8CO32i 00 Tm: 71255001 25Jo |
| Chase | The Litigation Practice Group PC | 3133 | 5/31/2022 | 5/13/2022 | | 5,202.78 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 5:50 Imad: 051 3B1 QgcO5COl 3102 Tm: 74452001 33Jo |
| Chase | The Litigation Practice Group PC | 3133 | 5/31/2022 | 5/19/2022 | | 6,747.96 | Fedwire Debit Via: Wells Fargo NA/i21000248 A/C: Unified Global Research Group Inc San Diego, CA, 92i08 US Ref: Weekly Disbursement/Time/i 4:24 Imad: 051 9B1 QgcO6COi 09i 5 Tm: 55485001 39Jo |
| Chase | The Litigation Practice Group PC | 3133 | 5/31/2022 | 5/27/2022 | | 7,513.71 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 us Ref: Weekly Disbursement/Time/i 6:49 Imad: O527BlQgcO7C0i96iO Tm: 7i63300i47Jo |
| Chase | The Litigation Practice Group PC | 3133 | 6/30/2022 | 6/3/2022 | | 4,747.90 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 7:20 Imad: 0603B1 QgcO8CO30O2O Tm: 6209700154Jo |
| Chase | The Litigation Practice Group PC | 3133 | 6/30/2022 | 6/10/2022 | | 3,890.38 | Fedwire Debit Via: Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 4:45 Imad: O61O B1QgcO7CO17103 Tm: 5147700i61Jo |
| Chase | The Litigation Practice Group PC | 3133 | 6/30/2022 | 6/16/2022 | | 6,868.78 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i1:59 Imad: 061 6B1 QgcO6COi 0597 Tm: 37386001 67Jo |
| Chase | The Litigation Practice Group PC | 3133 | 6/30/2022 | 6/23/2022 | | 7,661.54 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly DisbursementlTime/i15:31 Imad: 0623B1Qgc01C007889 Tm: 65i2300i174Jo |
| Chase | The Litigation Practice Group PC | 3133 | 6/30/2022 | 6/30/2022 | | 8,098.79 | Fedwire Debit Via: Wells Fargo NNi2i000248 A/C: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 3:37 Imad: 0630B1Qgc04C0231 14 Tm: 559340018iJo |
| Chase | The Litigation Practice Group PC | 3133 | 7/31/2022 | 7/8/2022 | | 2,439.61 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 2:47 Imad: O7O8BlQgcO7COii5i5 Tm: 4039i00i89Jo |
| Chase | The Litigation Practice Group PC | 3133 | 7/31/2022 | 7/14/2022 | | 9,729.39 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 us Ref: Weekly Disbursement/Time/i 2:53 Imad: 0714B1Qgc01C005292 Tm: 5097500195Jo |
| Chase | The Litigation Practice Group PC | 3133 | 7/31/2022 | 7/21/2022 | | 5,727.09 | Fedwire Debit Via: Wells Fargo NA1121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 3:56 Imad: 0721 Bi QgcO6COi 4648 Tm: 5240300202Jo |
| Chase | The Litigation Practice Group PC | 3133 | 7/31/2022 | 7/29/2022 | | 8,452.80 | Fedwire Debit Via: Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly DisbursementlTime/ii:24 Imad: 0729B1 QgcO4COi 2001 Tm: 371060021 OJo |
| Chase | The Litigation Practice Group PC | 3133 | 8/31/2022 | 8/5/2022 | | 5,666.88 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly DisbursementlTime/ii:27 Imad: 0805B1 QgcO4C004628 Tm: 310290021 7Jo |
| Chase | The Litigation Practice Group PC | 3133 | 8/31/2022 | 8/11/2022 | | 5,322.86 | Fedwire Debit Via: Wells Fargo NN121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly DisbursementlTime/i 0:44 Imad: 0811B1QgcO2C005907 Tm: 3899i00223Jo |
| Chase | The Litigation Practice Group PC | 3133 | 8/31/2022 | 8/19/2022 | | 7,628.30 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 0:44 Imad: 081 9B1 QgcO8C010888 Tm: 2836900231io |
| Chase | The Litigation Practice Group PC | 3133 | 8/31/2022 | 8/26/2022 | | 11,705.59 | Fedwire Debit Via: Wells Fargo NA/i 21000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 3:43 Imad: 0826B1 QgcO4C009843 Tm: 4486400238Jo |
| Chase | The Litigation Practice Group PC | 3133 | 9/30/2022 | 9/2/2022 | | 7,286.25 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 us Ref: Weekly DisbursementlTimelli:50 Imad: 0902B1 QgcO3C006691 Tm: 3730700245Jo |
| Chase | The Litigation Practice Group PC | 3133 | 9/30/2022 | 9/9/2022 | | 8,473.86 | Fedwire Debit Via: Wells Fargo NN121000248 NC: unified Global Research Group Inc San Diego, CA, 92108 us Ref: Weekly Disbursement/Time/i:57 Imad: 0909B1Qgc04C008994 Tm: 3438i00252Jo |
| Chase | The Litigation Practice Group PC | 3133 | 9/30/2022 | 9/16/2022 | | 12,005.10 | Fedwire Debit Via: Wells Fargo NN1 21000248 NC: unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 6:44 Imad: 091 6B1 QgcO4C008936 Tm: 6663400259Jo |
| Chase | The Litigation Practice Group PC | 3133 | 9/30/2022 | 9/23/2022 | | 6,909.45 | Fedwire Debit Via: Wells Fargo NA/i2i000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/ii:02 Imad: 0923B1 QgcO8COi 1097 Tm: 31 05200266Jo |

DRAFT FORM - SUBJECT TO CHANGE

Exhibit 13
Page 183

In re: The Litigation Practice Group PC
Disbursement Details by Payee
4 Years Pre-Petition (03/20/2019 - 03/20/2023)

Unified Global Research Group Inc



| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| Chase | The Litigation Practice Group PC | 3133 | 10/31/2022 | 10/3/2022 | | 15,254.32 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 7:25 Imad: 1 003B1 Qgc03CO2i 587 Tm: 8037700276Jo |
| Chase | The Litigation Practice Group PC | 3133 | 10/31/2022 | 10/6/2022 | | 15,025.97 | Fedwire Debit Via:121000248 A/C: unified Global Research Group Inc 5an Diego, CA, 92108 us Ref: Weekly Disbursement/Time/i 2:29 Imad: 1 006B1 QgcO6COi 0335 Tm: 4305300279Jo |
| Chase | The Litigation Practice Group PC | 3133 | 10/31/2022 | 10/14/2022 | | 19,734.50 | Fedwire Debit Via Wells Fargo NA/i 21000248 A/C: unified Global Research Group Inc San Diego, CA, 92108 us Ref: Weekly Disbursement/Time/i 3:07 Imad: 101 4B1 QgcO5COi 5881 Tm: 6309300287Jo |
| Chase | The Litigation Practice Group PC | 3133 | 10/31/2022 | 10/21/2022 | | 11,980.29 | Fedwire Debit Via Wells Fargo NA1121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 4:23 mad: 1021 Bi Qgc08CO2482i Tm: 5054600294Jo |
| Chase | The Litigation Practice Group PC | 3133 | 10/31/2022 | 10/28/2022 | | 2,891.12 | Fedwire Debit Via: Wells Fargo NA/i 21000248 NC: unified Global Research Group Inc 5an Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 6:57 mad: 1028B1 QgcO6COi 9257 Tm: 739750030iJo |
| Chase | The Litigation Practice Group PC | 3133 | 10/31/2022 | 10/28/2022 | | 100.31 | Fedwire Debit Via: Wells Fargo NA/i 21000248 A/C: unified Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 6:57 imad: 1 028B1 QgcO2COi 1571 Tm: 7397600301 Jo |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/9/2022 | | 290.95 | Fedwire Debit Via Wells Fargo NN121000248 NC: Unitied Global Reaearoh Group no San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/12:39 Imad: 11 09B1 Ogc08CO23533 Tm: 4301400311 3Jo |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/10/2022 | | 15,040.75 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 7:25 Imad: 11 10B1Qgc08C048454 Tm: 446960031 3J0 |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/10/2022 | | 13,553.62 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc Ssn Diego, CA, 92108 US Ret Weekly Disbursement/17 26 Imsd 11 10B1Ogo040005999 Tm: 806200031 4/0 |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/10/2022 | | 116.33 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ret: Weekly Diaburasment/Time/17:26 Imad: 11 10B1Qgc08C04851O Tm: 806080031 4Jo |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/18/2022 | | 11,978.25 | Fedwire Debit Via Wells Fargo N121000248 NC: Unitied Global Research Group Inc San Diego, CA, 92108 US Ret. Weekly Disbursement/Time/i 3.14 Imed. 11 18B1Qgc08C028239 Tm: 5042800322Jo |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/18/2022 | | 146.85 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ret: Weekly Disbursement/Time/i 3:14 Imad: 11 1BB1Qgc08CO2824O Tm: 5042700322Jo |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/25/2022 | | 15,434.88 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Rat: Weekly Disbursement/Time/i 7:53 Imad: 1 125B1Qgc07C029342 Tm: 4228600329Jo |
| Chase | The Litigation Practice Group PC | 3133 | 11/30/2022 | 11/25/2022 | | 145.74 | Fedwire Debit Via Wells Fargo N121000248 NC. Unitied Global Research Group Inc San Diego, CA, 92108 US Rat Weekly Disbursement/Time/li 53 Imad 1 125B1Cg005C009826 Tm: 422S700329Jo |
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/6/2022 | | 21,879.86 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/i 6:58 Imad: 120661 Qgc08002I 463 Tm: 6745300340Jo |
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/7/2022 | | 4,054.60 | Fedwire Debit Vie: Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ref: Inv 1026 And Inv 1025/Time/15:58 I mad: 120781 0gc04C004825 Tm 5917700341 Jo |
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/12/2022 | | 13,757.86 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ret: Weekly Diabursement/Time/1 7:04 Imad: 121281 QgcO8CDSI 225 Tm: 7781 500346J0 |
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/19/2022 | | 14,505.34 | Fedwire Debit Via Wells Fargo NNI2i000248 NC Unitied Global Research Group Inc Sen Diego, CA, 92108 US Ret Weekly Disbursement/17 25 Imad 121981 Qgc08C042790 Tm: 8043300353k |
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/28/2022 | | 25,510.64 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Reseroh Group Inc San Diego, CA, 92108 US Ret. Weekly Disbursement/Time/i 7.01 mcd. i 228B1 Qgo06CO22780 Tm: 7406300362Jo |
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/30/2022 | | 5,793.94 | Fadwira Debit Via Wells Fargo N121000248 NC Unitied Global Resesroh Group Inc San Diego, CA, 92106 US Rat: Weakly Disbursamant/Tima/14:38 Imad: 123081 QgcD8CD67747 Tm: 55761 DD364Jo |
| Chase | The Litigation Practice Group PC | 3133 | 1/31/2023 | 1/6/2023 | | 19,091.38 | Fedwire Debit Via Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ret: Weekly Disbursement/Timell4:47 Imad: 01 06B1 Qgc06C029327 Trn: 471 8600006Jo |
| Bank of America | Litigation Practice Group PC | 6538 | 1/31/2023 | 1/17/2023 | | 15,210.14 | WIRE TYPE:WIRE OUT DATE:23O1 17 T1ME0439 ET TRN:20230I 1300507711 SERVICE REF007746 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK. NA ID:1 21 000248 PMT DET:421 503366 01 .1 3.23 WEEKLY DISBURSEMENT |
| Chase | The Litigation Practice Group PC | 3133 | 1/31/2023 | 1/24/2023 | | 16,762.37 | Fedwire Debit Via Wells Fargo N121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly DisbursemontlTim&15:47 mad: 012461 0gc02C0051 82 Tm: 5653700024Jo |
| Chase | The Litigation Practice Group PC | 3133 | 1/31/2023 | 1/24/2023 | | 163.21 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ret: Weekly Disbursement/Time/i 5:47 Imed: 012481 0gc06C006072 Tm: 5655600024Jo |
| Chase | The Litigation Practice Group PC | 3133 | 2/28/2023 | 2/7/2023 | | 23,764.88 | Fedwire Debit Via Wells Fargo N121000248 NC Unitied Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:54 Imad: 0207B1QgcO7C032030 Trn: 6673100038Jo |
| Bank of America | Litigation Practice Group PC | 6538 | 2/28/2023 | 2/9/2023 | | 9,410.08 | WIRE TYPE:WIRE OUT DATE:230209 TIME:1541 ETTRN:2023020900427487 SERVICE REF014607 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK, NA ID:1 21 000248 PMT DET:VN43S7YKP POP Other |
| | | | | | | 689,137.59 | |

DRAFT FORM - SUBJECT TO CHANGE

Exhibit 13
Page 184

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ▮▮▮▮4858
09/01/21 - 09/30/21

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 9/16 | WIRE TRANS TRN 0916025570 091621 UBOC UB868590N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93057408 | 1,535.20 |

**Electronic debits**

| | Date | Description | Number | Reference | Amount |
|---|---|---|---|---|---|



| | 9/22 | WIRE TRANS TRN 0922021186 092221 UBOC UB842697N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93056038 | 4,104.10 |

Exhibit 13
Page 186

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████ 4858
12/01/21 - 12/31/21

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 12/9 | WIRE TRANS TRN 1209021653 120921 UBOC UB426483N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93057576 | 3,483.31 |

Exhibit 13
Page 187

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████4858
12/01/21 - 12/31/21

**Electronic debits**

| | Date | Description | Number | Reference | Amount |
|---|---|---|---|---|---|
| | 12/17 | WIRE  TRANS  TRN  1217017534  121721 UBOC UB382926N Sent To:   WELLS FARGO BANK NA Beneficiary:   1/Unified Global Research Group Inc | | 93054598 | 6,323.25 |

Exhibit 13
Page 188

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████4858
12/01/21 - 12/31/21

**Electronic debits**



| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 12/23 | WIRE TRANS TRN 1223024569 122321 UBOC UB341295N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93059129 | 2,533.03 |

Exhibit 13
Page 189

Page 35 of 37
THE LITIGATION PRACTICE GROUP PC
**Statement Number** ████4858
12/01/21 - 12/31/21

**Electronic debits**



| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 12/31 | WIRE TRANS TRN 1231023072 123121 UBOC UB305856N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93054621 | 10,842.75 |

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████4858
01/01/22 - 01/31/22

**Electronic debits**

| | Date | Description | Number | Reference | Amount |
|---|---|---|---|---|---|
| | | | | | |
| | 1/10 | WIRE TRANS TRN 0110021655 011022 UBOC UB269091N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93056269 | 2,940.02 |

1/Financial Debt Services

Exhibit 13
Page 191

**Electronic debits**

| | Date | Description | Number | Reference | Amount |
|---|------|-------------|--------|-----------|--------|



| | 1/13 | WIRE TRANS TRN 0113021464 011322 UBOC UB246570N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93057257 | 4,217.83 |

Exhibit 13
Page 192

**THE LITIGATION PRACTICE GROUP PC**
**Statement Number** ████ **4858**
01/01/22 - 01/31/22

**Electronic debits**

| | Date | Description | Number | Reference | Amount |
|---|---|---|---|---|---|
| | | 1/Puridy Financial | | | |
| | 1/21 | WIRE TRANS TRN 0121016143 012122 | | 93054014 | 4,207.99 |
| | | UBOC UB210933N | | | |
| | | Sent To: | | | |
| | | WELLS FARGO BANK NA | | | |
| | | Beneficiary: | | | |
| | | 1/Unified Global Research Group Inc | | | |

Exhibit 13
Page 193

**THE LITIGATION PRACTICE GROUP PC**
**Statement Number:** 4858
01/01/22 - 01/31/22

**Electronic debits**



| 1/28 | WIRE TRANS TRN 0128019449 012822 | 93055657 | 10,050.98 |

UBOC UB169986N
Sent To:

Exhibit 13
Page 194

Page 7 of 19
THE LITIGATION PRACTICE GROUP PC
**Statement Number** 4858
02/01/22 - 02/28/22

**Electronic debits**

| 2/4 | WIRE TRANS TRN 0204022665 020422 | 93057098 | 4,010.69 |

UBOC UB131205N
Sent To:
  WELLS FARGO BANK NA
Beneficiary:
  1/Unified Global Research Group Inc

**THE LITIGATION PRACTICE GROUP PC**
**Statement Number:** ████4858
02/01/22 - 02/28/22

**Electronic debits**



| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 2/11 | WIRE  TRANS  TRN  0211017113  021122 UBOC UB102927N<br>Sent To:<br>    WELLS FARGO BANK NA<br>Beneficiary:<br>    1/Unified Global Research Group Inc | | 93054226 | 3,668.61 |

Exhibit 13
Page 196

LITIGATION PRACTICE GROUP PC  |  Account # ████████9518  |  January 1, 2023 to January 31, 2023

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| | | |
| 01/17/23 | WIRE TYPE:WIRE OUT DATE:230117 TIME:0439 ET TRN:2023011300507711 SERVICE REF:007746 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK, N.A. ID:121000248 PMT DET:421503366 01.13.23 WEEKLY DISBURSEMENT | -15,210.14 |



*continued on the next page*

Exhibit 13
Page 97

LITIGATION PRACTICE GROUP PC   |   Account # ████████0518   |   February 1, 2023 to February 28, 2023

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 02/09/23 | WIRE TYPE:WIRE OUT DATE:230209 TIME:1541 ET TRN:2023020900427487 SERVICE REF:014607 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK, N.A. ID:121000248 PMT DET:VN43S7YKP POP Other | -9,410.08 |

continued on the next page

Exhibit 13
Page 98



February 01, 2022 through February 28, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS (continued)

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|




| 02/18 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:20 Imad: 0218B1Qgc01C008359 Trn: 5190000049Jo | 2,699.18 |

Exhibit 13
Page 199



February 01, 2022 through February 28, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*





| 02/25 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:26 Imad: 0225B1Qgc08C018323 Trn: 6368600056Jo | 7,882.55 |

Exhibit 13

Page 200



## ELECTRONIC WITHDRAWALS *(continued)*



| Date | Description | Amount |
|---|---|---|
| 03/04 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:51 Imad: 0304B1Qgc08C013281 Trn: 5367200063Jo | 6,951.24 |

Exhibit 13
Page 201



March 01, 2022 through March 31, 2022

Account Number: 00███████3133



## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 03/10 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/16:56 Imad: 0310B1Qgc07C015186 Trn: 7420000069Jo | 3,322.68 |



March 01, 2022 through March 31, 2022
Account Number: ▮▮▮▮▮▮▮3133

# ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 03/18 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:20 Imad: 0318B1Qgc02C008146 Trn: 4571200077Jo | 6,038.95 |







March 01, 2022 through March 31, 2022

Account Number: ███████ **3133**

---

## ELECTRONIC WITHDRAWALS  *(continued)*



| | | |
|---|---|---|
| 03/24 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:08 Imad: 0324B1Qgc06C015444 Trn: 5976600083Jo | 8,457.57 |



April 01, 2022 through April 29, 2022

Account Number: ███████ **3133**

## ELECTRONIC WITHDRAWALS  *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 04/01 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:49 Imad: 0401B1Qgc06C015873 Trn: 5025600091Jo | 6,063.19 |



Exhibit 13

Page 205



April 01, 2022 through April 29, 2022

Account Number: ▆▆▆▆▆▆▆3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | ████████████████████████████████ | |
| 04/07 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:50 Imad: 0407B1Qgc07C011445 Trn: 5692800097Jo | 2,630.16 |

Exhibit 13

Page 206

**CHASE** ⬡

April 01, 2022 through April 29, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 04/18 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/12:50 Imad: 0418B1Qgc07C008650 Trn: 4357000108Jo | 5,814.17 |

Exhibit 13

Page 207



April 01, 2022 through April 29, 2022

Account Number: ███████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*



| 04/21 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:13 Imad: 0421B1Qgc06C009550 Trn: 4881000111Jo | 5,604.22 |



April 01, 2022 through April 29, 2022

Account Number: ▇▇▇▇▇▇▇**3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 04/28 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:54 Imad: 0428B1Qgc07C014416 Trn: 5930200118Jo | 7,616.90 |



April 30, 2022 through May 31, 2022

Account Number: ███████████**3133**



## ELECTRONIC WITHDRAWALS  *(continued)*

| | | |
|---|---|---|
| 05/05 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:00 Imad: 0505B1Qgc08C032100 Trn: 7125500125Jo | 9,895.50 |

# CHASE ◯

## ELECTRONIC WITHDRAWALS    *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 05/13 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:50 Imad: 0513B1Qgc05C013102 Trn: 7445200133Jo | 5,202.78 |

Exhibit 13
Page 211



April 30, 2022 through May 31, 2022
Account Number: ███████**3133**

## ELECTRONIC WITHDRAWALS *(continued)*



| | | |
|---|---|---|
| 05/19 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:24 Imad: 0519B1Qgc06C010915 Trn: 5548500139Jo | 6,747.96 |



April 30, 2022 through May 31, 2022

Account Number: ███████████ **3133**



## ELECTRONIC WITHDRAWALS *(continued)*

| 05/27 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/16:49 Imad: 0527B1Qgc07C019610 Trn: 7163300147Jo | 7,513.71 |

**CHASE ⬡**

June 01, 2022 through June 30, 2022

Account Number: ▇▇▇▇▇▇▇ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| | | |
|---|---|---|
| 06/03 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:20 Imad: 0603B1Qgc08C030020 Trn: 6209700154Jo | 4,747.90 |

Exhibit 13

Page 214



June 01, 2022 through June 30, 2022

Account Number:  ██████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*





| | | |
|---|---|---|
| 06/10 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:45 Imad: 0610B1Qgc07C017103 Trn: 5147700161Jo | 3,890.38 |

Exhibit 13

Page 215



June 01, 2022 through June 30, 2022
Account Number: ███████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| 06/16 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/11:59 Imad: 0616B1Qgc06C010597 Trn: 3738600167Jo | 6,868.78 |



June 01, 2022 through June 30, 2022

Account Number: ███████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 06/23 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:31 Imad: 0623B1Qgc01C007889 Trn: 6512300174Jo | 7,661.54 |





June 01, 2022 through June 30, 2022

Account Number: ███████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 06/30 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:37 Imad: 0630B1Qgc04C023114 Trn: 5593400181Jo | 8,098.79 |

Exhibit 13
Page 218



July 01, 2022 through July 29, 2022
Account Number: ███████**3133**

## DEPOSITS AND ADDITIONS  *(continued)*

## ELECTRONIC WITHDRAWALS

| | | |
|---|---|---|
| 07/08 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/12:47 Imad: 0708B1Qgc07C011515 Trn: 4039100189Jo | 2,439.61 |

Exhibit 13

Page 219

# CHASE ⬡

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 07/14 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/12:53 Imad: 0714B1Qgc01C005292 Trn: 5097500195Jo | 9,729.39 |



Exhibit 13

Page 220





July 01, 2022 through July 29, 2022

Account Number: ███████**3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| | | |
|---|---|---|
| 07/21 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:56 Imad: 0721B1Qgc06C014648 Trn: 5240300202Jo | 5,727.09 |





July 01, 2022 through July 29, 2022

Account Number: ███████ **3133**

## ELECTRONIC WITHDRAWALS  *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/29 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/11:24 Imad: 0729B1Qgc04C012001 Trn: 3710600210Jo | 8,452.80 |



# CHASE ◑

July 30, 2022 through August 31, 2022

Account Number: ▨▨▨▨3133

## ELECTRONIC WITHDRAWALS (continued)

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 08/05 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/11:27 Imad: 0805B1Qgc04C004628 Trn: 3102900217Jo | 5,666.88 |

Exhibit 13

Page 223



July 30, 2022 through August 31, 2022

Account Number: ███████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/11 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/11:28 Imad: 0811B1Qgc02C005907 Trn: 3899100223Jo | 5,322.86 |

Exhibit 13

Page 224

**CHASE ⬡**

July 30, 2022 through August 31, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/19 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/10:44 Imad: 0819B1Qgc08C010888 Trn: 2836900231Jo | 7,628.30 |

Exhibit 13

Page 225

# CHASE 

July 30, 2022 through August 31, 2022

Account Number: ▉▉▉▉3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 08/26 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:43 Imad: 0826B1Qgc04C009843 Trn: 4486400238Jo | 11,705.59 |



September 01, 2022 through September 30, 2022

Account Number: ██████████ **3133**

## DEPOSITS AND ADDITIONS *(continued)*

(black redacted area)

## ELECTRONIC WITHDRAWALS

(black redacted area)

| 09/02 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/11:50 Imad: 0902B1Qgc03C006691 Trn: 3730700245Jo | 7,286.25 |

(black redacted area)

Exhibit 13

Page 227

**CHASE**

September 01, 2022 through September 30, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 09/09 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/11:57 Imad: 0909B1Qgc04C008994 Trn: 3438100252Jo | 8,473.86 |

Exhibit 13

Page 228



September 01, 2022 through September 30, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 09/16 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/16:44 Imad: 0916B1Qgc04C008936 Trn: 6663400259Jo | 12,005.10 |

Exhibit 13
Page 229

**CHASE** ⬡

September 01, 2022 through September 30, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 09/23 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/11:02 Imad: 0923B1Qgc08C011097 Trn: 3105200266Jo | 6,909.45 |



October 01, 2022 through October 31, 2022

Account Number: ████████ **3133**

## DEPOSITS AND ADDITIONS *(continued)*

## ELECTRONIC WITHDRAWALS

| 10/03 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:25 Imad: 1003B1Qgc03C021587 Trn: 8037700276Jo | 15,254.32 |

Exhibit 13

Page 231

# CHASE ⬡

October 01, 2022 through October 31, 2022

Account Number:                3133

## ELECTRONIC WITHDRAWALS   *(continued)*



| 10/06 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/12:29 Imad: 1006B1Qqc06C010335 Trn: 4305300279Jo | 15,025.97 |

Exhibit 13

Page 232

**CHASE** ⬡

October 01, 2022 through October 31, 2022

Account Number: ███████**3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 10/14 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:07 Imad: 1014B1Qgc05C015881 Trn: 6309300287Jo | 19,734.50 |

Exhibit 13

Page 233



October 01, 2022 through October 31, 2022

Account Number: ███████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 10/21 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:23 Imad: 1021B1Qgc08C024821 Trn: 5054600294Jo | 11,980.29 |

Exhibit 13

Page 234



October 01, 2022 through October 31, 2022

Account Number: ██████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 10/28 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/16:57 Imad: 1028B1Qgc06C019257 Trn: 7397500301Jo | 2,891.12 |



**CHASE**

October 01, 2022 through October 31, 2022

Account Number: ████████ **3133**

## ELECTRONIC WITHDRAWALS *(continued)*



| 10/28 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/16:57 Imad: 1028B1Qgc02C011571 Trn: 7397600301Jo | 100.31 |



Exhibit 13
Page 236



## CHASE

November 01, 2022 through November 30, 2022
Account Number: ███████3133

### ELECTRONIC WITHDRAWALS *(continued)*

11/09 Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/12:39 Imad: 1109B1Qgc08C023533 Trn: 4301400313Jo — 290.95





Page 7 of 26

Exhibit 13
Page 237

**237**



November 01, 2022 through November 30, 2022
Account Number: ████████3133

11/10    Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research          15,040.75
         Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:26 Imad:
         1110B1Qgc08C048454 Trn: 4469600313Jo



Page 8 of 26

Exhibit 13
Page 238
238



CHASE ⬡

November 01, 2022 through November 30, 2022
Account Number: ███████3133

## ELECTRONIC WITHDRAWALS (continued)

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/10 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:26 Imad: 1110B1Qgc08C048510 Trn: 8060800314 Io | 116.33 |





Exhibit 13
Page 239

243



CHASE ⬡

November 01, 2022 through November 30, 2022
Account Number: ████ 3133



### ELECTRONIC WITHDRAWALS  *(continued)*

| | | |
|---|---|---|
| 11/18 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:14 Imad: 1118B1Qgc08C028239 Trn: 5042800322Jo | 11,978.25 |



Page 15 of 26

Exhibit 13
Page 240

245

**CHASE** ◯

November 01, 2022 through November 30, 2022
Account Number: ████████ 3133

**ELECTRONIC WITHDRAWALS** *(continued)*



| 11/18 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/13:14 Imad: 1118B1Qgc08C028240 Tm: 5042700322Jo | 146.85 |



Exhibit 13
Page 241

**246**



November 01, 2022 through November 30, 2022
Account Number: ███████ 3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 11/25 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:53 Imad: 1125B1Qgc07C029342 Trn: 4228800329Jo | 15,434.88 |



Exhibit 13
Page 242

**249**

CHASE 🄼

November 01, 2022 through November 30, 2022
Account Number ████████3133

### ELECTRONIC WITHDRAWALS *(continued)*



| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 11/25 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:53 Imad: 1125B1Qgc05C009826 Tm: 4228700329Jo | 145.74 |



Exhibit 13
Page 243

**253**

CHASE ⬡

November 01, 2022 through November 30, 2022
Account Number: ████████ **3133**

**ELECTRONIC WITHDRAWALS** *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 11/10 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:26 Imad: 1110B1Qgc04C005999 Trn: 8062000314Jo | 13,553.62 |

Exhibit 13
Page 244

**242**

**CHASE** ◻

## ELECTRONIC WITHDRAWALS *(continued)*



| Date | Description | Amount |
|---|---|---|
| 12/06 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/16:58 Imad: 1206B1Qgc08C021463 Trn: 6745300340Jo | 21,879.86 |
| 12/07 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Inv 1026 And Inv 1025/Time/15:58 Imad: 1207B1Qgc04C004825 Trn: 5917700341Jo | 4,054.60 |



Exhibit 13
Page 245

266

CHASE

December 01, 2022 [redacted] 30, 2022
Account Number: [redacted]3133

## ELECTRONIC WITHDRAWALS *(continued)*

[redacted]

| | | |
|---|---|---|
| 12/12 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:04 Imad: 1212B1Qgc08C051225 Trn: 7781500346Jo | 13,757.86 |

[redacted]

| | | |
|---|---|---|
| 12/19 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:25 Imad: 1219B1Qgc08C042790 Trn: 8043300353Jo | 14,505.34 |

[redacted]

CHASE ⬡

December 01, 2022 through December 30, 2022
Account Number ███████3133

## ELECTRONIC WITHDRAWALS *(continued)*



12/28   Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research          25,510.64
        Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:01 Imad:
        1228B1Qgc06C022780 Trn: 7406300362Jo



Page 20 of 28

Exhibit 13
Page 247

278

**CHASE** 

December 01, 2022 through December 30, 2022
Account Number: ⬛⬛⬛⬛ 3133

### ELECTRONIC WITHDRAWALS *(continued)*



| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/30 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:38 Imad: 1230B1Qgc08C067747 Tm: 5576100364Jo | 5,793.94 |



Exhibit 13
Page 248

**279**

**CHASE** ○

December 31, 2022 through January 31, 2023
Account Number:　　　　3133

## DEPOSITS AND ADDITIONS *(continued)*



## ELECTRONIC WITHDRAWALS



01/06　Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research
　　　　Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:47 Imad:
　　　　0106B1Qgc06C029327 Tm: 4716600006Jo　　　　　　　　　　　19,091.38



Exhibit 13
Page 249

288

**CHASE** ⬡

December 31, 2022 through January 31, 2023
Account Number: ████████3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/24 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:47 Imad: 0124B1Qgc02C005182 Trn: 5653700024Jo | 16,762.37 |



Exhibit 13
Page 250

**294**



December 31, 2022 through January 31, 2023
Account Number:          3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|





| 01/24 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:47 Imad: 0124B1Qgc06C006072 Tm: 5655600024Jo | 163.21 |



Page 9 of 14

Exhibit 13
Page 251

295

**OPTIMUMBANK**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

**STATEMENT**

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH      **SEP 30 21**
STATEMENT NUMBER      6738



SEP 30  WIRE TO Unified Global Research G        12639.82

### SUMMARY OF YOUR DEPOSIT ACCOUNTS

| ACCOUNT DESCRIPTION | ACCOUNT NUMBER | ACCOUNT BALANCE | MATURITY DATE |
|---|---|---|---|
| COMMERCIAL CHECKING | 6738 | | |
| TOTAL OF YOUR DEPOSIT ACCOUNTS | | | |

Exhibit 13
Page 252



**STATEMENT**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH          **9  21**
STATEMENT NUMBER          6738

---

**COMMERCIAL CHECKING**          6738                    BALANCE SUMMARY

OCT 07   WIRE TO Unified Global Research G          3913.25



Exhibit 13
Page 253

**OptimumBank**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

**STATEMENT**

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH    OCT 29 21
STATEMENT NUMBER         6738

---

COMMERCIAL CHECKING        6738                                    BALANCE SUMMARY



OCT 14  WIRE TO Unified Global Research G        6111.33

Exhibit 13
Page 254

**Optimum Bank**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

**STATEMENT**

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH          **9 21**
STATEMENT NUMBER      6738

COMMERCIAL CHECKING          6738



OCT 26   WIRE TO Unified Global Research G          4895.85

Exhibit 13
Page 255



**OptimumBank**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

**STATEMENT**

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH      NOV 30 21
STATEMENT NUMBER         6738

COMMERCIAL CHECKING      6738                                    BALA



NOV 05   WIRE TO Unified Global Research G        26600.57

Exhibit 13
Page 256



# OptimumBank

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

# STATEMENT

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH   **NOV 3O 21**
STATEMENT NUMBER         ▮6738

---

**COMMERCIAL CHECKING**        ▮6738                                    BALANCE SUMMARY



NOV 12   WIRE TO Unified Global Research G        3780.93

Exhibit 13
Page 257



**STATEMENT**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH          **NOV 30 21**
STATEMENT NUMBER               6738

---

**COMMERCIAL CHECKING**          6738                                    BALANCE SUMMARY



NOV 18  WIRE TO Unified Global Research G          4945.86

- 20 -

Exhibit 13
Page 258

**OPTIMUMBANK**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

**STATEMENT**

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH     **NOV 3O 21**
STATEMENT NUMBER          6738



COMMERCIAL CHECKING                                    BALANCE SUMMARY



NOV 26   WIRE TO Unified Global Research G          9235.49

Exhibit 13

Page 259

**OptimumBank**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

**STATEMENT**

COAST PROCESSING LLC DBA
LPG

ACTIVITY THROUGH       **DEC 31 21**
STATEMENT NUMBER         ██ 6738 

---

**COMMERCIAL CHECKING**       ██ 6738                          BALAN



DEC O2  WIRE TO Unified Global Research G       6249.34

Exhibit 13
Page 260

THE LITIGATION PRACTICE GROUP PC
**Statement Number** ████ **4858**
07/31/21 - 08/31/21

**Electronic debits**

| | Date | Description | Number | Reference | Amount |
|---|---|---|---|---|---|
| | 8/20 | WIRE TRANS TRN 0820019207 082021 UBOC UB012084N Sent To: WELLS FARGO BANK NA Beneficiary: 1/Unified Global Research Group Inc | | 93054993 | 6,322.04 |



Exhibit 13
Page 261

CHASE 🏦

February 01, 2023 through February 28, 2023
Account Number: ████ 3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 02/07 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:54 Imad: 0207B1Qgc07C032030 Tm: 6673100038Jo | 23,764.88 |



Exhibit 13    **219**
Page 262

**Electronic debits**

| Date | Description | Reference | Amount |
|---|---|---|---|



| 7/28 | WIRE TRANS TRN 0728027705 072821 UBOC93058642 UB132525N<br>Sent To:<br>  WELLS FARGO BANK NA<br>Beneficiary:<br>  1/Unified Global Research Group Inc | | 11,702.26 |

Exhibit 13
Page 263

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████4858
07/31/21 - 08/31/21

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|



| | | | | |
|------|-------------|--------|-----------|--------|
| 8/4 | WIRE TRANS TRN 0804022011 080421 UBOC UB094596N<br>Sent To:<br>  WELLS FARGO BANK NA<br>Beneficiary:<br>  1/Unified Global Research Group Inc | | 93055394 | 4,031.09 |

Exhibit 13
Page 264

**Electronic debits**

| | 8/11 | WIRE  TRANS  TRN  0811021523  081121 | 93055433 | 3,770.55 |
|---|---|---|---|---|
| | | UBOC UB059964N | | |
| | | Sent To: | | |
| | | WELLS FARGO BANK NA | | |
| | | Beneficiary: | | |
| | | 1/Unified Global Research Group Inc | | |

Exhibit 13
Page 265

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ███████4858
07/31/21 - 08/31/21

**Electronic debits**



| 8/25 | WIRE TRANS TRN 0825024036 082521 | 93057465 | 10,027.23 |

UBOC UB987531N
Sent To:
  WELLS FARGO BANK NA
Beneficiary:
  1/Unified Global Research Group Inc

Page 8 of 33
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** █████4858
09/01/21 - 09/30/21

**Electronic debits**



| | | | | |
|---|---|---|---|---|
| 9/1 | WIRE TRANS TRN 0901027858 090121 | | 93058470 | 6,793.15 |
| | UBOC UB944364N | | | |
| | Sent To: | | | |
| | WELLS FARGO BANK NA | | | |
| | Beneficiary: | | | |
| | 1/Unified Global Research Group Inc | | | |

Exhibit 13
Page 267

THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ███████4858
09/01/21 - 09/30/21

**Electronic debits**



| | 9/9 | WIRE TRANS TRN 0909021749 090921 | 93055350 | 3,547.56 |

UBOC UB909048N
Sent To:
  WELLS FARGO BANK NA
Beneficiary:
  1/Unified Global Research Group Inc

Exhibit 13
Page 268

# EXHIBIT 14

Exhibit 14

Page 269

In re: The Litigation Practice Group PC
Disbursement Details by Payee
90 Days Pre-Petition (12/20/2022 - 03/20/2023)

Unified Global Research Group Inc



| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/28/2022 | | 25,510.64 | Fedwire Debit Vie Wells Fergo NN121000248 NC Unitied Global Research Group Inc Ssn Diego, CA, 92108 US Ret: Weekly Disbursement/Time/i 7.01 mcd. I 228B1 Qgo06C022780 Tm: 7406300362Jo |
| Chase | The Litigation Practice Group PC | 3133 | 12/31/2022 | 12/30/2022 | | 5,793.94 | Fadwira Debit Via Wells Fargo NN121000248 NC Unified Global Reseproh Group Inc San Diego, CA, 92106 US Rat: Weakly Disbursamant/Tima/14:3B Imad: 123081 QgcD8CD67747 Tm: 55761 DD364Jo |
| Chase | The Litigation Practice Group PC | 3133 | 1/31/2023 | 1/6/2023 | | 19,091.38 | Fedwire Debit Vie: Wells Fargo NN121000248 NC: Unified Global Research Group Inc Sen Diego, CA, 92108 US Ret: Weekly Disbursement/Timell4:47 Imed: 01 06B1 0gc06C029327 Tm: 471 8600006Jo |
| Bank of America | Litigation Practice Group PC | 6538 | 1/31/2023 | 1/17/2023 | | 15,210.14 | WIRE TYPE:WIRE OUT DATE230119 17 T1ME0439 ET TRN:202301 1300S07711 SERVICE REF007746 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK. NA ID:1 21 000248 PMT DET:421 503366 01 .1 3.23 WEEKLY DISBURSEMENT |
| Chase | The Litigation Practice Group PC | 3133 | 1/31/2023 | 1/24/2023 | | 16,762.37 | Fedwire Debit Via: Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ret: Weekly DisbursemontITim&15:47 mad: 012461 0gc02C0051 82 Tm: 5653700024Jo |
| Chase | The Litigation Practice Group PC | 3133 | 1/31/2023 | 1/24/2023 | | 163.21 | Fedwire Debit Via: Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ret: Weekly Disbursement/Time/i 5:47 Imed: 012481 0gc06C006072 Tm: 5655600024Jo |
| Chase | The Litigation Practice Group PC | 3133 | 2/28/2023 | 2/7/2023 | | 23,764.88 | Fedwire Debit Via: Wells Fargo NN121000248 NC: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:54 Imed: 0207B1Qgc07C032030 Trn: 6673100038Jo |
| Bank of America | Litigation Practice Group PC | 6538 | 2/28/2023 | 2/9/2023 | | 9,410.08 | WIRE TYPE:WIRE OUT DATE:230209 TIME:1541 ETTRN:2023020900427487 SERVICE REF014607 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK, NA ID:1 21 000248 PMT DET:VN43S7YKP POP Other |
| | | | | | | 115,706.64 | |

1 of 1

DRAFT FORM - SUBJECT TO CHANGE

Exhibit 14
Page 270



December 01, 2022 through December 30, 2022

Account Number: 3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 12/28 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:01 Imad: 1228B1Qgc06C022780 Trn: 7406300362Jo | 25,510.64 |

Page 20 of 28

Exhibit 14
Page 271

278



December 01, 2022 through December 30, 2022
Account Number:                    3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



Weekly Disbursement Trn: 5575700364Jo

| 12/30 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:38 Imad: 1230B1Qgc08C067747 Trn: 5576100364Jo | 5,793.94 |



Exhibit 14
Page 272

**279**



December 31, 2022 through January 31, 2023
Account Number: 3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|




01/24 Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:47 Imad: 0124B1Qgc06C006072 Tm: 5655600024Jo — 163.21



Page 9 of 14

Exhibit 14
Page 273
295

**CHASE** ◯

December 31, 2022 through January 31, 2023
Account Number: ████████3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/24 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/15:47 Imad: 0124B1Qgc02C005182 Trn: 5653700024Jo | 16,762.37 |



Page 8 of 14

Exhibit 14
Page 274

294



CHASE ⬡

December 31, 2022 through January 31, 2023
Account Number:                    3133

## DEPOSITS AND ADDITIONS *(continued)*

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| 01/06 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/14:47 Imad: 0106B1Qgc06C029327 Tm: 4716600006Jo | 19,091.38 |

Exhibit 14
Page 275

288

CHASE 🟡

February 01, 2023 through February 28, 2023
Account Number: ▇▇▇▇3133

## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| | | |
|------|-------------|--------|
| 02/07 | Fedwire Debit Via: Wells Fargo NA/121000248 A/C: Unified Global Research Group Inc San Diego, CA, 92108 US Ref: Weekly Disbursement/Time/17:54 Imad: 0207B1Qqc07C032030 Tm: 6673100038Jo | 23,764.88 |

Page 5 of 8

Exhibit 14
Page 276

219

LITIGATION PRACTICE GROUP PC    |    Account #          0538   |   January 1, 2023 to January 31, 2023

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 01/17/23 | WIRE TYPE:WIRE OUT DATE:230117 TIME:0439 ET TRN:2023011300507711 SERVICE REF:007746 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK, N.A. ID:121000248 PMT DET:421503366 01.13.23 WEEKLY DISBURSEMENT | -15,210.14 |

Exhibit 14
Page 277

## Withdrawals and other debits - continued

| Date | Description | Amount |
|---|---|---|
| 02/09/23 | WIRE TYPE:WIRE OUT DATE:230209 TIME:1541 ET TRN:2023020900427487 SERVICE REF:014607 BNF:UNIFIED GLOBAL RESEARCH GR ID:7494268985 BNF BK:WELLS FARGO BANK, N.A. ID:121000248 PMT DET:VN43S7YKP POP Other | -9,410.08 |

*continued on the next page*

Exhibit 14
Page 278

# Adversary Cover Sheet

B1040 (FORM 1040) (12/24)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Richard A. Marshack, Trustee of the LPG Liquidation Trust | Unified Global Research Group, Inc.; and Todd DiRoberto |

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Yosina M. Lissebeck (SBN 201654)
Christopher B. Ghio (SBN 259094)
Sara A. Johnston (Ky. Bar No. 96769) (*Admitted pro hac vice*)
Spencer K. Gray (Ky. Bar No. 98069) (*Admitted pro hac vice*)
DINSMORE & SHOHL LLP
655 West Broadway, Ste 800
San Diego, CA 92101    Telephone (619) 400-0500
yosina.lissebeck@dinsmore.com
christopher.ghio@dinsmore.com
sara.johnston@dinsmore.com
spencer.gray@dinsmore.com

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☒ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Avoidance, Recovery, And Preservation Of 2-Year Actual Fraudulent Transfers; (2) Avoidance, Recovery, And Preservation Of 2-Year Constructive Fraudulent Transfers; (3) Avoidance, Recovery, And Preservation Of 4-Year Actual Fraudulent Transfers; (4) Avoidance, Recovery, And Preservation Of 4-Year Constructive Fraudulent Transfers; (5)  Avoidance, Recovery And Preservation Of Preferential Transfers Made Within Ninety Days Of The Petition Date; (6) Aiding And Abetting; (7) Turnover; And (8) Objection To And Disallowance Of Claims

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of remove d claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $ greater than $689,138

Other Relief Sought
Disallowing Unified Global Research Group, Inc.'s Proof of Claim

**ADV COVER SHEET**
Page 280

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>The Litigation Practice Group P.C. | BANKRUPTCY CASE NO.<br>8:23-bk-10571-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Spencer K. Gray | | |
| DATE<br>February 28, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christopher B. Ghio<br>Yosina M. Lissebeck<br>Sara A. Johnston (admitted pro hac vice)<br>Spencer K. Gray (admitted pro hac vice) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.