David S. Kupetz (SBN: 125062)
david.kupetz@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Katherine E. Culbertson (Admitted *Pro Hac Vice*)
katherine.culbertson@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
111 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

*Attorneys for Defendant*
*MARICH BEIN, LLC*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**MARICH BEIN, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO RICHARD A. MARSHACK'S MOTION FOR ENTRY OF AN ORDER EXTENDING ESTATE'S TIME TO FILE ACTIONS GOVERNED BY 11 U.S.C. §§ 108, 546(a) AND 549(d)** |

**MARICH BEIN LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO RICHARD A. MARSHACK'S MOTION FOR ENTRY OF AN ORDER EXTENDING ESTATE'S TIME TO FILE ACTIONS GOVERNED BY 11 U.S.C. §§ 108, 546(a) AND 549(d)**

1

143527563

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................................................5

II. FACTUAL AND PROCEDURAL BACKGROUND...........................................................6

    A. LPG's Bankruptcy Case..................................................................................................6

    B. Trustee's Motion to Extend .............................................................................................6

III. ARGUMENT ........................................................................................................................7

    A. Legal Standard ................................................................................................................7

    B. Bankruptcy Rule 9006(b) Does Not Permit the Court to Extend Statutory Limitations .......................................................................................................................7

    C. Doctrine of Equitable Tolling Cannot Be Applied Prospectively ...................................9

        (1) The Court Should Adopt the Well-Reasoned Holding of Cramer ...................10

        (2) Notice Cannot Cure Premature Equitable Tolling Without Pending Litigation..............................................................................................................11

    D. Eleventh Circuit Opinion is Not Binding, Legally Unsound and Eleventh Circuit Courts Have Declined to Follow its Ruling...................................................................13

    E. Section 108(a) Is Not a Limitations Period and Cannot Be Extended.........................14

IV. CONCLUSION...................................................................................................................15

**Troutman Pepper Locke LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

2

143527563

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Purchasing Servs., LLC*,
   No. 20-23495-SMG, 2022 WL 17096649 (Bankr. S.D. Fla. Nov. 21, 2022)....................14, 15

*In re Colad Group, Inc.*,
   324 B.R. 208 (Bankr. W.D.N.Y. 2005) ...............................................................................9

*In re Cramer*,
   636 B.R. 830 (Bankr. C.D. Cal. 2022)........................................................................ *passim*

*In re Damach, Inc.*,
   235 B.R. 727 (Bankr. D. Conn. 1999) .................................................................................9

*In re Fawson*,
   338 B.R. 505 (Bankr. D. Utah 2006) ...................................................................................9

*In re Health Support Network, Inc.*,
   No. 15-bk-10966-MGW, 2018 WL 1621027 (Bankr. M.D. Fla. Mar. 30, 2018)....................16

*Huntsberger v. Unpqua Holdings Corp. (In re Berjac of Oregon)*,
   538 B.R. 67 (D. Or. 2015) ..................................................................................................16

*IBT Int'l, Inc. v. Sunbelt Developers, Inc. (In re Int'l Admin. Servs., Inc).*,
   408 F.3d 689 (11th Cir. 2005) .................................................................................7, 14, 15

*In re Southampton yen Restaurant Group, LLC*,
   No. 09-13874 (MG), 2009 WL 3925563 (Bankr. S.D.N.Y. Nov. 16, 2009)..........................10

*In re Kirk*,
   No. 7-13-13269, 2014 WL 1248040 (Bankr. D.N.M. Mar. 25, 2014) ..................................10

*In re Kwok*,
   No. 22-50073 (JAM), 2024 WL 666646 (Bankr. D. Conn. Feb. 15, 2024) ............................12

*Law v. Siegel*,
   571 U.S. 415 (2014).................................................................................................9, 15

*In re No. 1 Contracting Corp.*,
   No. BR 5-10-BK-01755-JJT, 2012 WL 4114818 (Bankr. M.D. Pa. Sept. 19, 2012)........12, 15

*Phillips v. Gillman (In re Gilman)*,
   603 B.R. 437 (B.A.P. 9th Cir. 2019), *aff'd sub nom. Phillips v. Gilman*, 836 F.
   App'x 511 (9th Cir. 2020) ...................................................................................................16

**Troutman Pepper Locke LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

3

143527563

Case 8:23-bk-10571-SC    Doc 2196-1    Filed 03/05/25    Entered 03/05/25 10:36:50    Desc Supplement Marich Beins Memorandum of Points and Authorities in Support of    Page 4 of 16

*In re Randolph Hosp., Inc.*,
    No. 20-10247, 2022 WL 19298765 (Bankr. M.D.N.C. Apr. 25, 2022) ..............................9, 12

*Seawinds Ltd. v. Nedlloyd Lines, B.V.*,
    80 B.R. 181 (N.D. Cal. 1987) ...............................................................................................16

*Smith v. Davis*,
    953 F.3d 582 (9th Cir. 2020) (en banc) ...............................................................................13

*In re Trinh*,
    No. 2:18-BK-11475-RK, 2021 WL 3438513 (Bankr. C.D. Cal. July 30, 2021) ....................16

*USA v. Towers (In re Pac. Atl. Trading Co.)*,
    33 F.3d 1064 (9th Cir. 1994) .................................................................................................9

*In re Walnut Hill, Inc.*,
    No. 16-20960 (JJT), 2018 WL 2672242 (Bankr. D. Conn. June 1, 2018).....................9, 12, 15

*In re Win Trucking, Inc.*,
    236 B.R. 774 (Bankr. D. Utah 1999) ....................................................................................10

**Statutes and Rules**

11 U.S.C. § 108................................................................................................................... *passim*

11 U.S.C. § 541..........................................................................................................................7

11 U.S.C. § 542..........................................................................................................................7

11 U.S.C. § 544......................................................................................................................7, 8

11 U.S.C. § 546................................................................................................................. *passim*

11 U.S.C. § 547......................................................................................................................7, 8

11 U.S.C. § 548......................................................................................................................7, 8

11 U.S.C. § 549...................................................................................................................6, 7, 8

11 U.S.C. § 550..........................................................................................................................7

11 U.S.C. § 551..........................................................................................................................7

28 U.S.C. § 2075........................................................................................................................9

Fed. R. Bankr. P. 9006....................................................................................................... *passim*

4

143527563

Creditor and party-in-interest, Marich Bein LLC ("**Marich Bein**"), by and through counsel, hereby submits this Memorandum of Points and Authorities (this "**Memorandum**") in Opposition to the *Motion for an Order Extending the Estate's Time to File Actions Governed by 11 U.S.C. §§ 108, 546(a) and 549(d)* [Bk. Dkt. No. 2109] (the "**Motion to Extend**"), filed by Richard A. Marshack, in his capacity as the former Chapter 11 Trustee for the bankruptcy estate of the Litigation Practice Group P.C. and current Liquidating Trustee of the LPG Liquidation Trust (the "**Trustee**") of the Bankruptcy Estate of The Litigation Practice Group P.C. ("**Debtor**" or "**LPG**") and states as follows:

## I. PRELIMINARY STATEMENT

The Motion to Extend asks the Court to prospectively extend the statute of limitations and grant premature and extraordinary relief to equitably toll the Trustee's time to commence avoidance actions against unnamed entities and individuals. The Trustee requests a *carte blanche* extension for all future avoidance actions without any *actual* identified defendants or even any barebones claims against *any* of the unnamed entities and individuals. To justify this blanket extension, the Trustee conflates Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the doctrine of equitable tolling. Neither authorizes the Trustee's requested relief. The Court should deny the Trustee's Motion to Extend the time to file actions to September 15, 2025, for at least four reasons.

*First*, neither the Bankruptcy Rules nor the Bankruptcy Code authorizes the extension of statutory deadlines such as the ones established under 11 U.S.C. §§ 108, 546, and 549. Specifically, Bankruptcy Rule 9006 does not provide the Court with authority to judicially extend statutes of limitations set by Congress.

*Second*, the Trustee seeks relief on grounds that have recently been considered and squarely denied by another Bankruptcy Court in this district in a well-reasoned opinion. *See In re Cramer,* 636 B.R. 830, 831 (Bankr. C.D. Cal. 2022). The *Cramer* court expressly held that there is no basis in law or procedure that supports the judicial modification of statutory deadlines established by the Bankruptcy Code.

*Third*, the Trustee asks this Court to ignore the well-reasoned decision of *Cramer,* in favor of inapplicable non-circuit cases. Specifically, Trustee urges the Court to adopt the contrary analysis endorsed by the Eleventh Circuit Court of Appeals in *IBT Int'l, Inc. v. Sunbelt Developers, Inc. (In re*

5

143527563

*Int'l Admin. Servs., Inc).,* 408 F.3d 689 (11th Cir. 2005). The Trustee's reliance on *Int'l Admin. Servs., Inc,* is misplaced and even lower courts in the Eleventh Circuit have criticized and refused to apply otherwise binding Eleventh Circuit precedent because of its flawed logic.

*Fourth*, it is wholly premature and procedurally flawed to consider the equitable tolling doctrine at this juncture. The inability of all future defendants to meaningfully challenge the grounds asserted by those seeking equitable tolling on a prospective basis is one reason that a number of courts, including the *Cramer* court, have refused to grant such relief.

For these reasons and others set forth herein, the Court should deny the Motion to Extend.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. LPG's Bankruptcy Case

On March 20, 2023 (the "***Petition Date***"), Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***"), thereby commencing this chapter 11 case (the "***Chapter 11 Case***"). [Bk. Dkt. No. 1]. On May 4, 2023, the Bankruptcy Court entered the Order Directing United States Trustee to Appoint a Chapter 11 Trustee [Bk. Dkt. No. 58], and on May 8, 2023, the Trustee filed his Acceptance of Appointment as Chapter 11 Trustee. [Bk. Dkt. No. 63]. Effective September 24, 2024, Trustee became the Liquidating Trustee of the Debtor's Liquidation Trust pursuant to the *Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation* (the "***Confirmation Order***") entered on September 9, 2024, and the *Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation* filed on September 24, 2024 (the "***Effective Date***"). [Bk. Dk. Nos. 1646 and 1762].

### B. Trustee's Motion to Extend

The Motion to Extend seeks entry of an order extending the time to file actions governed by 11 U.S.C. §§ 108, 541, 542, 544, 546, 547, 548, 549, 550 and 551 for a period of approximately 180 days to September 15, 2025. [Bk. Dkt. No. 2108, at 1].

The Bankruptcy Case was commenced on March 20, 2023, and the Trustee was appointed on May 8, 2023, so the deadline for the Trustee to commence avoidance actions is March 19, 2025.

6

143527563

## III. ARGUMENT

### A. Legal Standard

Section 546(a) of the Bankruptcy Code provides a two-year limitation to commence avoidance actions under Bankruptcy Code sections 544, 545, 547, 548, and 553. 11 U.S.C. § 546(a). Section 549 of the Bankruptcy Code provides that an action to avoid unauthorized postpetition transfers may not be commenced after the *earlier* of: (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed. 11 U.S.C. § 549(d). Under section 108 of the Bankruptcy Code, the bankruptcy trustee is subject to a defined deadline for commencing an action where nonbankruptcy law, an order in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action. Pursuant to section 108(a),

> "(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief."

11 U.S.C. § 108(a).

### B. Bankruptcy Rule 9006(b) Does Not Permit the Court to Extend Statutory Limitations

Bankruptcy Code sections 108, 546 and 549 contain specific two-year statute of limitations, nothing in the Bankruptcy Code, or anywhere else in the United States Code, affords bankruptcy courts the power to judicially extend the statute of limitations.

Bankruptcy Rule 9006 cannot be a basis for modifying the applicable statute of limitations, such as those established under 11 U.S.C. §§ 108, 546, and 549. Bankruptcy Rule 9006(b) states, in relevant part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by *these rules or by a notice given thereunder or by order of court*, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on

> motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

Bankruptcy Rule 9006 does not provide authority for this Court to override statutorily prescribed time frames. Title 28 U.S.C. § 2075 which implements the Bankruptcy Rules, provides that "[s]uch rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. By its express terms, Rule 9006(b)(1) does not apply when the act is required or allowed to be done at or within a specified period *by the Bankruptcy Code*. "Any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *USA v. Towers (In re Pac. Atl. Trading Co.)*, 33 F.3d 1064, 1066 (9th Cir. 1994); *see also Law v. Siegel*, 571 U.S. 415, 421 (2014) ("[I]n exercising [its] statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions.").

Bankruptcy courts have consistently held the express terms of Rule 9006(b) make clear that it *only* applies to deadlines set by "these rules or by a notice given thereunder or by order of court" and not substantive deadlines established by Congress. *See In re Walnut Hill, Inc.,* No. 16-20960 (JJT), 2018 WL 2672242, at *1 (Bankr. D. Conn. June 1, 2018) ("By its plain language, Rule 9006(b) only applies to deadlines set 'by these rules or by a notice given thereunder[,] [*sic]* or by order of court'. Nowhere in the Rule does it mention statutory deadlines."); *In re Randolph Hosp., Inc.,* No. 20-10247, 2022 WL 19298765, at *1 (Bankr. M.D.N.C. Apr. 25, 2022) ("Rule 9006(b) may not be used to extend statutory deadlines such as those established under 11 U.S.C. §§ 108 and 546."); *In re Damach, Inc.,* 235 B.R. 727, 731 (Bankr. D. Conn. 1999) (holding that Rule 9006(b) does not "permit[] a court to extend a time limitation set by Congress in a statute; they permit modification only of time limitations imposed by other rules or by the court."); *In re Colad Group, Inc.,* 324 B.R. 208, 225 (Bankr. W.D.N.Y. 2005) (holding that "Bankruptcy Rule 9006 allows an enlargement or reduction of many of the time limits in the Bankruptcy Rules. However, section 546(a) is a statute, not a rule. Consequently, this court lacks authority" to act under Rule 9006 relative to statutory deadlines.); *In re Fawson,* 338 B.R. 505, 514 (Bankr. D. Utah 2006) (stating that "Rule 9006(b)(1) only allows parties to enlarge the time when an act is required or allowed to be done at or within a specified period by these rules or by

8

143527563

a notice given thereunder or by order of court. By its own terms, Rule 9006(b) does not allow courts to enlarge time periods expressly set forth in the Code."); *In re Win Trucking, Inc.,* 236 B.R. 774, 780 n.10 (Bankr. D. Utah 1999) (noting that "[Rule] 9006(b) covers only enlargement of time fixed by the Bankruptcy Rules or by court order, and not time fixed by the Code itself."). *In re Kirk,* No. 7-13-13269, 2014 WL 1248040, at *7 (Bankr. D.N.M. Mar. 25, 2014)("Bankruptcy Rule 9006(b), which allows the Court to extend retroactively certain deadlines set by rule or court order, does not apply to statutory deadlines, and therefore cannot assist the Debtor."); *In re Southampton yen Restaurant Group, LLC,* No. 09-13874 (MG), 2009 WL 3925563, at *3 (Bankr. S.D.N.Y. Nov. 16, 2009)("Rule 9006 does not provide the Court with any authority to extend the time periods prescribed by [] *statutory* provisions...")(emphasis in original).

Reliance on Rule 9006(b) to extend a statutory limitations period was expressly rejected in Judge Johnson's opinion in *Cramer*. *In re Cramer*, 636 B.R. 830 (Bankr. C.D. Cal. 2022). This case is directly on point and instructive on why the blanket relief the Trustee requests is unavailable. In *Cramer*, the chapter 7 bankruptcy trustee moved for an extension of the two-year statutory deadline pursuant to Bankruptcy Rule 9006 to commence avoidance actions arising under sections 546 and 549. *In re Cramer,* 636 B.R. at 831. As in the present case, the two-year deadline was approaching rapidly and the trustee contended that the debtor had been insufficiently responsive with the investigation and had concealed assets. *Id.*; *see* Motion to Extend, at 9. In rejecting the trustee's request, Judge Johnson decisively held that: "no basis in law exists for such a motion. The Federal Rules of Bankruptcy Procedure contain no rule to extend statutory deadlines such as the ones in sections 546 & 549. No procedure supports the relief in the current motion." *Id.*

As *Cramer* and the weight of authority confirm, it is not within the province of the judiciary to modify substantive deadlines. Accordingly, the Trustee's Motion must because denied as Rule 9006 does not does not authorize this Court to enlarge the Trustee's deadline to file avoidance actions by March 19, 2025, as prescribed by statute.

C. **Doctrine of Equitable Tolling Cannot Be Applied Prospectively**

The doctrine of equitable tolling cannot, as the Trustee seeks, operate prospectively. It would be premature for the Court to decide equitable tolling issues now – before the Trustee commences

9

143527563

adversary proceedings that asserts specific claims against identifiable defendants, and those defendants have an opportunity to raise a statute of limitations defense. None of that has happened yet for the alleged unidentified hundreds of prospective defendants the Trustee seeks to bind with the Motion to Extend.

The Trustee's equitable tolling arguments are presented prematurely and should only be argued and addressed on a case-by-case basis in actually filed adversary proceedings, especially given that if the Trustee were to prevail on the Motion to Extend the unnamed future defendants (presumably, individuals and entities) will be deprived of the opportunity to challenge the implications of the doctrine on claims that have not been raised against them yet. Moreover, the Trustee will not be prejudiced by the Court's denial of equitable tolling. The Trustee can reassert equitable tolling in a more appropriate procedural setting, i.e., after he initiates adversary proceedings against identifiable and properly noticed defendants, and the defendants can litigate the statute of limitations defense on specific, operative facts.

### (1) The Court Should Adopt the Well-Reasoned Holding of Cramer

In *Cramer*, Judge Johnson also rejected a trustee's attempt to apply equitable tolling on a prospective basis. *In re Cramer,* 636 B.R. at 832. Notably, the trustee in that case, as the Trustee here, sought a prospective order applying equitable tolling against all future unknown defendants. *Id*. In rejecting the trustee's request, Judge Johnson decisively held that the trustee may not invoke the doctrine of equitable tolling ***before*** filing an untimely adversary proceeding, reasoning that allowing such prospective invocation deprives future defendants of constitutional due process:

> [T]he trustee seeks at this time an order applying equitable tolling in his favor with respect to any and all future defendants. If the court granted the motion then, when the trustee later files complaints after the statutory deadline, the trustee would inform defendants that they have no opportunity to contest the application of the doctrine of equitable tolling because the court resolved the matter months or years earlier without notice or any opportunity to object by the parties harmed by the court order. The trustee would seek to rely upon the court order as law of the case which is no longer subject to collateral attack. This is the essential goal of such a motion and, as such, the court cannot approve such a course of action.
>
> The trustee remains free to raise equitably tolling at a date after filing untimely complaints. At that point, the defendants will have notice to contest the application of the doctrine of equitable tolling. Granting the pending motion [for prospective application of equitable tolling] would deprive them of that opportunity and would be fundamentally unfair."

10

143527563

*Id*. at 832–33.

Other courts have also rejected similar requests for prospective equitable tolling. *See In re Randolph Hosp., Inc.,* No. 20-10247, 2022 WL 19298765, at *1 (Bankr. M.D.N.C. Apr. 25, 2022) ("While the limitations periods of § 546 and § 108, like any statute of limitations, are subject to equitable tolling, the preemptive finding the Liquidation Trustee seeks is premature given there are no identified defendants and no pending adversary proceedings related to the overpayment claims."); *In re Walnut Hill, Inc.,* 2018 WL 2672242, at *2 ("It is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted."); *In re No. 1 Contracting Corp.,* No. BR 5-10-BK-01755-JJT, 2012 WL 4114818, at *1 (Bankr. M.D. Pa. Sept. 19, 2012) (rejecting request for extension and expressing concern about whether it could "extend the statute with regard to unnamed and unidentified defendants when there was no case or controversy before the Court.").

Similarly, even the cases cited by the Trustee as supporting authority, do not support prospective equitable tolling. For example, the court in *In re Kwok*, denied, without prejudice, a request to prospectively equitably toll the limitations period, to be renewed ***after*** the trustee commences an adversary proceeding against identifiable and properly noticed defendants. *In re Kwok*, No. 22-50073 (JAM), 2024 WL 666646, at *9 (Bankr. D. Conn. Feb. 15, 2024) (stating that "[t]he Motion to Extend Deadlines is **DENIED IN PART** with respect to the request for prospective equitable tolling, without prejudice to the Trustee raising equitable tolling or other equitable arguments in response to a defense that an adversary proceeding commenced by the Trustee is time-barred").

### **(2) Notice Cannot Cure Premature Equitable Tolling Without Pending Litigation**

In the present case, the Trustee appears to believe that by providing notice of the Motion to Extend "as widely as reasonably possible" he has cured the unfair and inequitable result of seeking prospective relief. The Trustee seeks to sidestep the holding of *Cramer* by arguing he provided sufficient notice of the Motion to Extend. The Trustee reasons that lack of notice of the motion to

11

143527563

extend deadlines to prospective defendants was the "prevailing concern" of the *Cramer* court. *See* Motion to Extend, at 7, fn. 1.

In *Cramer,* the court did express concern about the lack of notice to potentially affected parties because trustee's motion to equitably toll statutes of limitation to bring avoidance actions was brought *ex parte. In re Cramer,* 636 B.R. at 832. However, the Trustee conveniently omits the complete holding from the case, which makes clear that the concern was that unidentified future defendants against whom equitable tolling was sought are entitled to more than mere notice; they have a right to notice and an opportunity to resist application of the doctrine in ***pending litigation***. *Id.* ("The trustee remains free to raise equitable tolling at a later date *after* filing untimely complaints.") (emphasis added). Nothing from the reading of *Cramer* indicates that serving a notice of a motion to extend would cure the fact that it is premature to raise equitable tolling prior to initiating any avoidance actions. Regardless of whether potential defendants are served with the motion, a motion requesting an order extending the limitation periods established by sections 546(a) and 549(d) should be denied.

As a matter of fairness and due process, future defendants must be given a full and fair opportunity to raise limitations as a defense and contest the Trustee's employment of equitable tolling. Moreover, since equitable tolling permits courts to extend a limitations period on a case-by-case analysis, the prospective "hundreds of entities and individuals" litigation targets should have the right to have each of their cases adjudicated based on the specific facts of claims against them, rather than in a complete vacuum of specific facts as is presented by the Motion to Extend. *See Smith v. Davis,* 953 F.3d 582, 590 (9th Cir. 2020) (en banc)("The Supreme Court has been clear in this requirement, stating 'exercise of a court's equity powers.... must be made on a case-by-case basis.'").

At this point, none of the prospective defendants who received the notice, or the "hundreds of entities and individuals" the Trustee has identified, actually know what they could be potentially sued for, the grounds of such suit, or the amount in controversy. *See Cramer*, 636 B.R. at 834 ("[T]he unidentified future defendants who have not been served with the current motion are entitled to their day in court."). Equitably tolling in advance, particularly when the Motion to Extend has not been served on *all* potential defendants and does not meaningfully describe the claims that may be filed, is tantamount to striking a defense future defendants have not even had the opportunity to raise. Further,

12

143527563

it is manifestly prejudicial to have the Court extend statute of limitations so that Trustee could bring additional causes of action against subsequent transferees who are particularly far removed from the bankruptcy proceeding. Accordingly, the Court cannot make a proper determination as to whether equitable tolling is appropriate against all prospective defendants on a case-by-case basis.

### D. Eleventh Circuit Opinion is Not Binding, Legally Unsound and Eleventh Circuit Courts Have Declined to Follow its Ruling

The Trustee mainly relies on a 2005 Eleventh Circuit decision to support the relief he seeks, but that case is both factually distinguishable and legally unsound. *In re Int'l Admin. Servs.*, 408 F.3d 689 (11th Cir. 2005). In that case – which is not binding on this Court – there *was* a pending action before the Bankruptcy Court at the time the Trustee filed his request to extend the time within which it was assessing whether the filing deadline should have been tolled. *Id.* at 694. Unlike in that case, the Trustee has not filed any avoidance actions in which he is seeking to toll the filing deadline against *any* of the hundreds of new "prospective defendants."

The Court should reject the Trustee's request that the Court disregard cogent rationale underlying the ruling in *Cramer* to follow a non-binding and unpersuasive Eleventh Circuit ruling, especially when subsequent courts in the Eleventh Circuit have themselves declined to apply the rationale of *Int'l Admin. Servs.* In 2022, the Southern District of Florida Bankruptcy Court in *In re Am. Purchasing Servs., LLC,* analyzed the Eleventh Circuit's *Int'l Admin. Servs.* decision and refused to preemptively extend the deadlines for § 546(a) causes of action. *In re Am. Purchasing Servs., LLC*, No. 20-23495-SMG, 2022 WL 17096649, at *3 (Bankr. S.D. Fla. Nov. 21, 2022). The *Am. Purchasing Servs.* court refused to apply otherwise binding Eleventh Circuit precedent because of its "convoluted reasoning."[1] *Id.* at *3, n.27 (citing 10 Collier on Bankruptcy ¶ 9006.04 (16th ed. 2022).

In narrowing its holding, the *Am. Purchasing Servs.* court explained that *Int'l Admin. Servs.* was a situation "where the litigation targets themselves are stymying the trustee's discovery efforts." *Id.* at *3. Here, unlike in *Int'l Admin. Servs.,* there is no allegation that the "hundreds of entities and individual" prospective defendants stymied the Trustee's investigation because the Trustee does not

---

[1] The convoluted reasoning is as follows: because Bankruptcy Rule 9006(b) brings in all of the Federal Rules of Bankruptcy Procedure, that would include Bankruptcy Rules 7001 and 7003, and therefore Bankruptcy Rule 9006(b) allows for the extension of statutes of limitations. *Int'l Admin. Servs.,* 408 F.3d 699.

13

143527563

know who they are yet. As a result, this Court should heed the sound rationale provided in *Am. Purchasing Servs.* for not extending the statute of limitations:

> When a party transacts with an entity that ends up in bankruptcy, that party has a commercial and legal expectation that if a trustee wants to challenge a pre-petition transaction, the trustee would have to do so within two years of the order for relief.
>
> A trustee's desire – however well intentioned – for more time to negotiate with a secured creditor in an attempt to maximize a recovery for unsecured creditors, must be balanced against the commercial and legal expectations of potential litigation targets. **And where there is no showing of wrongdoing by the litigation targets, their commercial and legal expectations must prevail over a trustee's desire to maximize a recovery for creditors.**

*Id.* at *4 (emphasis added).

Importantly, the *Am. Purchasing Servs.* decision also noted that the Eleventh Circuit's decision in *Int'l Admin. Servs.* was permeated by the liberal interpretation of section 105(a) that applied before the U.S. Supreme Court decision in *Law v. Siegel. Id.* at fn. 28 ("Although *Int'l Admin. Servs* does not specifically discuss section 105, the spirit of pre-*Law v. Siegel* section 105 jurisprudence certainly permeates the Eleventh Circuit's analysis."). The *Siegel* opinion was issued a decade after the Eleventh Circuit's decision and is now a well-established mandate to bankruptcy courts requiring adherence to a restrictive interpretation of section 105(a).

Not surprisingly, no other Circuit has adopted the *Int'l Admin. Servs.* reasoning and courts have criticized such flawed logic. *See e.g. In re No. 1 Contracting Corp.*, No. BR 5-10-BK-01755-JJT, 2012 WL 4114818 (Bankr. M.D. Pa. Sept. 19, 2012)(distinguished *Int'l Admin. Servs.* and rejected a trustee's request to equitably toll the limitations period in § 546 on a prospective basis); *In re Walnut Hill, Inc.,* 2018 WL 2672242, at *2 (rejecting conclusion of *Int'l Admin. Servs*). The Trustee's reliance on this flawed, non-binding precedent in a distinguishable case, fails to override *Cramer,* which is more recent and analogous, and emerges from a bankruptcy court in this district. For all the foregoing reasons, this Court should not abandon the ruling of *Cramer* in favor of a non-binding, flawed, distinguishable, and criticized Eleventh Circuit opinion.

### E.      Section 108(a) Is Not a Limitations Period and Cannot Be Extended

The Trustee also seeks an extension on actions governed by 11 U.S.C. § 108(a). *See* Motion to Extend, at 1; Marshack Declaration, at 17, ¶ 22. Section 108 is a limitation on the Trustee's ability to

14

143527563

commence litigation and is characterized by most courts as a tolling statute. *See Phillips v. Gillman (In re Gilman)*, 603 B.R. 437, 443 (B.A.P. 9th Cir. 2019), *aff'd sub nom. Phillips v. Gilman*, 836 F. App'x 511 (9th Cir. 2020)(section 108 "does not operate without regard to existing nonbankruptcy law to stop the running of periods of limitation."); *Huntsberger v. Unpqua Holdings Corp. (In re Berjac of Oregon)*, 538 B.R. 67, 78 (D. Or. 2015) ("[S]ection 108 tolls the statute of limitations for certain nonbankruptcy law claims brought by ***debtors***.")(emphasis in original); *Seawinds Ltd. v. Nedlloyd Lines, B.V.*, 80 B.R. 181, 189 (N.D. Cal. 1987) (explaining that "section 108(a) provides a 'tolling period' of at least two years" and its "the debtor must commence the action before expiration of the extension period. This statute applies to debtors as well as trustees.").

It is inappropriate for the Court to prospectively extend statutes of limitations under non-bankruptcy laws which are tolled by section 108(a). The text of section 108(a) gives deference to applicable state law statutes of limitations, and nothing in the text of that tolling statute invites, permits or enables a federal court to override the policy decisions of state legislators. *See In re Trinh*, No. 2:18-BK-11475-RK, 2021 WL 3438513, at *1 (Bankr. C.D. Cal. July 30, 2021)(denying motion to extend deadlines to commence actions to allege non-bankruptcy claims subject to deadlines under 11 U.S.C. § 108(a) "because the Court does not have authority to extend such deadlines which are expressly governed by nonbankruptcy law, and is not subject to extension pursuant to Federal Rule of Bankruptcy Procedure 9006(b) which is applicable to deadlines set by the FRBP and court orders."); *see also In re Health Support Network, Inc.,* No. 15-bk-10966-MGW, 2018 WL 1621027, at *3 (Bankr. M.D. Fla. Mar. 30, 2018) ("Unlike Rule 9006, § 108 only applies to time limitations fixed by nonbankruptcy law. It doesn't create or extend time limitations for bringing bankruptcy causes of action.").

Statutes of limitations exist for a reason—to provide finality. The Trustee's attempt for a blanket and sweeping order to toll a tolling statute for all claims governed by section 108(a) is therefore improper.

## IV. CONCLUSION

For the foregoing reasons, Marich Bein respectfully requests that the Court deny the Motion to Extend.

15

143527563

| | |
|---|---|
| Dated: March 5, 2025 | Respectfully submitted, |
| | **TROUTMAN PEPPER LOCKE LLP** |
| | By: */s/ David S. Kupetz* |
| | David S. Kupetz<br>Katherine E. Culbertson |
| | *Attorneys for MARICH BEIN, LLC* |

**Troutman Pepper Locke LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

143527563