Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
Hayley R. Winograd (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: ikharasch@pszjlaw.com
        vnewmark@pszjlaw.com
        hwinograd@pszjlaw.com

Attorneys for Consumer Legal Group, P.C.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR AN ORDER EXTENDING THE ESTATE'S TIME TO FILE ACTIONS GOVERNED BY U.S.C. §§ 108, 546(a), AND 549(d); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** |

Consumer Legal Group, P.C. ("CLG") hereby files this opposition (the "Opposition") to the *Motion for an Order Extending the Estate's Time to File Actions Governed by 11 U.S.C. §§ 108, 546(a), and 549(d); Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support* [Docket No. 2108] (the "Motion"), filed by the Liquidating Trustee of the LPG Liquidation Trust (the "Trustee") in the above- captioned chapter 11 bankruptcy case (the "Bankruptcy Case"). In support of its Opposition, CLG states as follows:

4938-6833-7444.1 15344.001

# I.

## PRELIMINARY STATEMENT[1]

The Motion is without merit and should be denied. There is no "cause" shown for the extension of the Litigation Deadline either under Bankruptcy Rule 9006(b) or the doctrine of equitable tolling. ***First***, the Trustee's assertion that Bankruptcy Rule 9006(b) permits the Court to extend the limitations period under Section 546 of the Bankruptcy Code is unsupported. By its plain terms, Rule 9006(b) allows the court to extend deadlines set by the court or the Bankruptcy Rules. Section 546(b) is a statute, not a rule. There is therefore no legal basis to apply Rule 9006(b)'s "for cause" standard to extend a statutorily proscribed deadline, including those under Sections 546 or 549 of the Bankruptcy Code. The Trustee fails to cite any case law within the Ninth Circuit that supports its argument on this point. Even if Rule 9006(b) did apply here, the Trustee would still fail to show "cause" for an extension of the Litigation Deadline. The Trustee does not demonstrate that CLG has willfully or negligently concealed evidence or otherwise hampered the Trustee's investigation efforts. Nor could it. At all relevant times since the Petition Date, CLG has cooperated with the Trustee in its investigation and discovery efforts in the Action. The Trustee's conclusory assertion that its investigation is "ongoing" is not the type of "cause" contemplated under Rule 9006.

***Second***, the Trustee's argument that equitable estoppel applies is equally without merit. The doctrine of equitable estoppel may, in certain circumstances, apply to extend the statute of limitations period under Section 546. But, the doctrine applies only *after* the statute of limitations has expired, not before. Extending a deadline to allow a trustee to file unknown claims against unidentified defendants would deprive those defendants the ability to contest the application of equitable tolling after they are served with a new action. This would constitute a violation of due process to those defendants that may later be the targets of new actions, including potentially CLG. The Litigation Deadline has not yet passed. The Motion is thus premature. The

---

[1] Capitalized terms not defined in this section shall take on the meaning ascribed thereto below.

determination of whether equitable tolling applies will be ripe only after the Trustee files an untimely claim so that any newly identified defendants can have their day in court. For the reasons that follow, the Motion should be denied.

## II.

## RELEVANT BACKGROUND

### A. The Bankruptcy Case

On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"). The Trustee of the Debtor's estate was appointed on May 8, 2023. *See Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]; *Order Approving Appointment* [Docket No. 65]. On September 9, 2024, the Court entered an order ("Confirmation Order") confirming the *Modified First Amended Joint Chapter 11 Plan of Liquidation* ("Plan") [Docket No. 1646]. The Plan went effective on September 24, 2024 (the "Effective Date"). *See Notice of Occurrence of the Effective Date of the Plan* [Dk. No. 1762]. Thereafter, Trustee became the trustee of the Debtor's liquidation trust.

On May 25, 2023, the Trustee filed an adversary proceeding against CLG, among numerous other defendants. *See* Adv. Proc. No. 8:23-ap-01046 (the "Action"). At all relevant times since the Petition Date, CLG has cooperated with the Trustee in the Action, including with respect to discovery efforts.

### B. The Litigation Deadline

Section 546 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") governs the time frame in which a bankruptcy trustee can initiate actions to avoid certain transfers made by the debtor, such as fraudulent transfers or preferential payments. Section 546 of the Bankruptcy Code ("Section 546"), provides, in pertinent part:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after . . . the later of .... 2 years after the entry of the order for relief; or 1 year after the appointment or election of the first trustee . . .

11 U.S.C. § 546(a)(1).

Here, the Petition Date was March 20, 2023, and the Trustee was appointed on May 8, 2023. Therefore, under Section 546(a), the Trustee must file any claims against CLG by March 20, 2025 (the "Litigation Deadline").[2]

### C. The Trustee's Motion

In its Motion, the Trustee requests an order extending the time to file actions governed by 11 U.S.C. §§ 108, 546(a), and 549(d) (the "Claims") for a period of approximately 180 days, from March 20, 2025 to September 15, 2025. In support thereof, the Trustee argues that the limitations period under Section 546 may be enlarged in two ways: (a) by court order for "cause" under Fed. R. Bank. P. 9006(b); or (b) through the doctrine of "equitable tolling." For the reasons that follow, the Trustee's Motion is without merit and should be denied.

### III.
### ARGUMENT

### A. Legal standard

"If the trustee's complaint to avoid a preferential transfer is not timely filed in accordance with § 546(a) then the bankruptcy court has no jurisdiction to hear the complaint. *In re Petty*, 93 B.R. 208, 211 (B.A.P. 9th Cir. 1988). If the Trustee files a Claim against CLG after the Deadline, such Claim would be time-barred and the Trustee would be prevented from recovering on the Claim.

### B. There is no Basis to Extend the Statutory Deadline under Section 546 for "Cause"

The Trustee's assertion that the limitations period under Section 546 can be extended for "cause" under Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") is unsupported. The limitations period under Section 546 is a jurisdiction bar that cannot be extended through the Bankruptcy Rules. *See In re Cramer*, 636 B.R. 830, 831 (Bankr. C.D.

---

[2] The Trustee maintains that the deadline to file Claims under Section 546 is March 19, 2025. *See* Motion at 1. However, two years from March 20, 2023 is March 20, 2025.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Cal. 2022) (denying trustee's motion to extend statutory deadlines to file claims against under Sections 546 and 549 of the Bankruptcy Code, noting "no basis in law exists for such a motion. The Federal Rules of Bankruptcy Procedure contain no rule to extend statutory deadlines such as the ones in sections 546 & 549. No procedure supports the relief in the current motion.").

The Trustee's reliance on Bankruptcy Rule 9006 in support of its argument that the Litigation Deadline may be extended for "cause" is misguided. *See* Motion at 7. Under Bankruptcy Rule 9006(b), courts may generally extend deadlines proscribed by court order or under the Bankruptcy Rules for "cause." Rule 9006(b) provides, in pertinent part:

> … [W]hen an act is required or allowed to be done at or within a specified period by these **rules or by a notice given thereunder or by order of court**, the court for cause shown may at any time in its discretion …

Fed. R. Bankr. P. 9006(b)(1) (emphasis added). Thus, the type of extensions contemplated under Rule 9006(b) involve those relating to deadlines for responding to a motion, attending a hearing, or other deadlines set forth under the Bankruptcy Rules. *See, e.g., Willms v. Sanderson*, 723 F.3d 1094, 1100 (9th Cir. 2013) (adjudicating motion for extension of deadline of time for filing a complaint objecting to the discharge of a debt due to fraud under § 523(a)(2), where the the time period for filing such complaint is governed by Bankruptcy Rule 4007(c)). Rule 9006(b) does not mention statutory deadlines. Section 546(b) is a statute, not a rule. Thus, by its plain language, Rule 9006(b) applies only to deadlines set by the Court and by the Bankruptcy Rules, not to Section 549 or 549, or other statutorily proscribed deadlines.

The Trustee's case cites in support of its argument are unavailing. In *Ernst & Young v. Matsumoto (In re United Ins. Mgmt.)*, 14 F.3d 1380 (9th Cir. 1994), the issue was whether equitable tolling applied to Section 546(a)(1), not whether the limitations period under § 546 may be enlarged for "cause" under Rule 9006. *See id.* at 1384-85.

*In re QMect, Inc.*, 349 B.R. 620 (Bankr. N.D. Cal. 2006) is also distinguishable. There, the issue was whether to grant the committee's motion to amend its complaint under Rule Fed. R. Civ. P. 15(a) to include mostly non-substantive changes, including restructuring paragraphs and adding "certain clarifying language to certain claims." *Id.* at 622. The court granted the motion, finding, "motions to amend should be granted liberally absent undue prejudice. Given the repeated allegations in the Complaint that the Defendants' liens were unperfected and therefore avoidable, the addition of the prayer for avoidance should come as no surprise." *Id.* at 625. The court also rejected defendants' argument that their stipulated agreement to extend the deadline for filing avoidance actions pursuant to Section 546(a) was "meaningless." On this point, the court noted that the time periods under Section 546(a) can be extended by stipulation between the necessary parties to the action or proceeding. *Id.* at 625. Here, the issue is not whether the Trustee can amend its previously filed complaint under Fed. R. Civ. P. 15 or whether an agreement between the parties to toll deadlines is effective. *QMect* is thus inapplicable.

The Trustee's remaining case cites are not binding on this Court, and are, in any event, factually inapposite. In *In re Int'l Admin. Servs*., 408 F.3d 689 (11th Cir. 2005), the court found that a bankruptcy court properly extended the trustee's motion to extend the time to file avoidance actions where an adverse party hampered the trustee's ability to investigate the claims by delaying document production, withholding discovery responses, and losing records. *See id.* at 696.

In *In re Kwok*, 2024 Bankr. LEXIS 369 (Bankr. D. Conn. Feb. 15, 2024), the court held that Rule 9006(b) "could provide a mechanism to extend the limitation set forth by sections 108(a), 546(a), and 549(d). In so holding, the court found that "cause" was shown where the debtor parties failed to cooperate with the trustee and engaged in discovery abuses that hindered the trustee's ability to timely discovery claims; *see also In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 789 (Bankr. M.D. Fla. 2013) (finding "cause" was shown for enlargement of

limitations period under Section 546 where trustee's investigation has been delayed due to targets' "active opposition to her discovery efforts."). Here, unlike in those cases, the Trustee does not assert, or adduce evidence, that CLG—or any potential targets of claims—actively or negligently concealed information from the Trustee, hampered the Trustee's investigation, or otherwise failed to cooperate with the Trustee in its investigation. The opposite is true. Since the Action was commenced, CLG has diligently and actively cooperated with the Trustee in its discovery efforts. The Trustee's conclusory assertions that it is "discovering new fraudulent transferees and new causes of action based upon sources of information not available until just a few months ago," Motion ¶¶ 10-11, is not the type of "cause" contemplated by Rule 9006 as set forth the Trustee's own case cites.

Thus, in the event the Court applies Rule 9006(b)'s "cause" standard to analyze the Motion, the Trustee does not come close to showing that "cause" is warranted under these circumstances. The Trustee otherwise fails to cite to any authority within the Ninth Circuit supporting its assertion that the "cause" standard under Rule 9006(b) applies to Section 546(a). But even if it does, for the reasons set forth above, there is no "cause" warranting an extension of the Litigation Deadline.

C. **Equitable Tolling is Inapplicable and The Motion is Premature**

The Trustee's alternative argument that the doctrine of equitable tolling applies to enlarge the Deadline is equally without merit. *See* Motion at 9-12. The doctrine of equitable tolling is premature and procedurally inappropriate at this juncture.

"Equitable tolling may, in proper cases, apply to § 546(a)(1). "*In re United Ins. Mgmt., Inc.*, 14 F.3d 1380, 1384 (9th Cir. 1994); *see also In re Olsen*, 36 F.3d 71, 73 (9th Cir. 1994) (noting the limitation period in § 546(a)(1) is "subject to equitable tolling in proper circumstances."). However, equitable tolling may only enlarge the statute of limitations "after the

statutory deadlines," not before. *See Cramer*, 636 B.R. at 832 (citing *United Ins. Mgmt*, 14 F.3d 1380); *Olsen*, 36 F.3d at 73 (applying equitable tolling to enlarge limitations period to untimely action filed by trustee after the limitations period expired); *In re Neff*, 505 B.R. 255, 263 (B.A.P. 9th Cir. 2014), aff'd, 824 F.3d 1181 (9th Cir. 2016) (equitable tolling period "begins when the plaintiff has or discovers he has a complete and present claim.")  Extending the filing period for an adversary proceeding in advance of a deadline "deprives future defendants of constitutional due process of law because they receive no notice of the relief in advance and no opportunity to contest whether or not equitable tolling is warranted." *Cramer*, 636 B.R. at 833.

Here, the Litigation Deadline has not yet passed.  The Trustee has not served the current Motion on the potential defendants who it may sue by September 2025.  Nor can it.  The Trustee does not know who these potential defendants are yet.  Nevertheless, the Trustee asserts it is somehow entitled to equitable tolling of the Litigation Deadline on the ground that is "vetting proposed causes of action against dozens of new defendants." Motion at 6.  The Trustee's request for an extension of time to file "over a hundred adversary proceedings" to allege unknown claims against unknown defendants is not the type of situation that warrants equitable tolling.  If the Motion is granted, then defendants in the newly filed actions would have no opportunity to contest the application of equitable tolling.  The Court would have already ruled on the issue without notice or an opportunity to be heard by the parties affected by the order.  This is precisely the type of situation that forecloses any application of equitable tolling. *See Cramer*, 636 B.R. at 832 (noting that it is premature for the court to consider whether equitable tolling applies where "the unidentified future defendants who have not been served with the Motion are entitled to their day in court.") *In re Walnut Hill, Inc.*, No. 16-20960 (JJT), 2018 WL 2672242, at *2 (Bankr. D. Conn. June 1, 2018) ("All parties to this case acknowledge that an adversary proceeding has not been filed at this time. Pursuant to Section 546(a), the Trustee's statute of limitations for filing an

adversary proceeding will expire on June 14, 2018, which has not yet come to pass. It is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted."); *In re No. 1 Contracting Corp.*, No. BR 5-10-BK-01755-JJT, 2012 WL 4114818, at *1 (Bankr. M.D. Pa. Sept. 19, 2012) (denying trustee's request to extend the time in which to file complaints and equitably toll the statute of limitations where "[i]t is unknown whether future defendants will even assert the statute of limitations defense."). Only after the Trustee files an untimely complaint asserting Claims against newly identified defendants will the Motion be ripe for adjudication.

The Trustee's reliance on *United Ins. Mgmt.*, 14 F.3d 1380, *Olsen*, 36 F.3d 71, and *Fundamental*, 501 B.R. 784 in support of its argument is misplaced. In those cases, the courts applied the doctrine of equitable tolling to claims already filed by the trustee, or where the extension motions identified the potential future defendants and the moving parties served the extension motions upon them. Thus, the targeted defendants were on notice of the claims against them at the time equitable tolling was adjudicated and had a chance to contest whether this doctrine applied. Here, the Trustee has not identified any defendants who would be the targets of any potential claims. The doctrine of equitable tolling is not applicable at this time and the Motion is premature. For this additional reason, the Motion should be denied.

Even if the Motion were ripe for adjudication on the question of equitable tolling, the Trustee would not be able to meet its high burden of demonstrating this doctrine applied. "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Milby v. Templeton (In re Milby)*, 875 F.3d 1229, 1232 (9th Cir. 2017). Here, the Trustee cannot show there was any extraordinary circumstance that has stood in

4938-6833-7444.1 15344.001

9

its way of timely filing a Claim, such as a third party's egregious conduct. *See id.* at 1233-34 (noting the the extraordinary circumstances preventing the estate from initially filing the claims at issue, inclduing "the Debtor's egregious conduct, including . . . the failure to schedule assets, false oaths in the schedules and in response to questions at creditors' meetings, and failure to turn over documents and cooperate with the trustee.") Accordingly, the Motion should be denied.

## IV.

## CONCLUSION

For the foregoing reasons, CLG respectfully requests that the Court enter an order denying the Motion and granting any further relief the Court deems just and proper.

Dated: March 5, 2025            **PACHULSKI STANG ZIEHL & JONES LLP**

By  */s/ Ira D. Kharasch*
    Ira D. Kharasch
    Victoria A. Newmark
    Hayley R. Winograd

    Attorneys for Consumer Legal Group P.C.

4938-6833-7444.1 15344.001                    10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*) **OPPOSITION TO MOTION FOR AN ORDER EXTENDING THE ESTATE'S TIME TO FILE ACTIONS GOVERNED BY U.S.C. §§ 108, 546(a), AND 549(d); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 5, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **March 5, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

YCIR Inc.
Hector Ocegueda
535 S Barranca St #4
Covina, CA 91723

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 5, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
Honorable Scott Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 5, 2025 | Ramon Sainz | /s/ Ramon Sainz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

LA:4938-2577-1020.1 15344.001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Joseph E Addiego**   joeaddiego@dwt.com, ayshalewis@dwt.com
- **Kyra E Andrassy**   kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**   eric@eblawfirm.us, G63723@notify.cincompass.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Ethan J Birnberg**   birnberg@portersimon.com, kdwyer@portersimon.com
- **Peter W Bowie**   peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **Ronald K Brown**   ron@rkbrownlaw.com
- **Christopher Celentino**   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**   cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**   rbc@randallbclark.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael W Davis**   mdavis@dtolaw.com, ygodson@dtolaw.com
- **Aaron E. De Leest**   adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Anthony Paul Diehl**   anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com
- **Ashley Dionisio**   adionisio@omniagnt.com
- **Jenny L Doling**   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Daniel A Edelman**   dedelman@edcombs.com, courtecl@edcombs.com
- **Howard M Ehrenberg**   Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **Meredith Fahn**   fahn@sbcglobal.net
- **Jeremy Faith**   Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **William P. Fennell**   william.fennell@fennelllaw.com, wpf@ecf.courtdrive.com; hala.hammi@fennelllaw.com; naomi.cwalinski@fennelllaw.com; samantha.larimer@fennelllaw.com; office@fennelllaw.com; Brendan.Bargmann@fennelllaw.com; Fennell.WilliamP.B143386@notify.bestcase.com
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com
- **Marc C Forsythe**   mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Jeremy Freedman**   jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Eric Gassman**   erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **Yisrael Gelb**   yisrael@gelblawapc.com
- **Christopher Ghio**   christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Amy Lynn Ginsburg**   efilings@ginsburglawgroup.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **David M Goodrich**   dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **Spencer Keith Gray**   spencer.gray@dinsmore.com, wendy.yones@dinsmore.com;sara.johnston@dinsmore.com
- **Mary H Haas**   maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com
- **Stella A Havkin**   stella@havkinandshrago.com, shavkinesq@gmail.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Brian L Holman**   b.holman@musickpeeler.com
- **Richard L. Hyde**   rhyde@awglaw.com
- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Peter L Isola**   pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com
- **Veneeta Jaswal**   veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **Sara Johnston**   sara.johnston@dinsmore.com
- **Sweeney Kelly**   kelly@ksgklaw.com
- **Joon M Khang**   joon@khanglaw.com
- **Ira David Kharasch**   ikharasch@pszjlaw.com
- **Meredith King**   mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

- **Nicholas A Koffroth**  nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com
- **David S Kupetz**  david.kupetz@troutman.com, mylene.ruiz@troutman.com
- **Christopher J Langley**  chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **Kelli Ann Lee**  Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **Matthew A Lesnick**  matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**  daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Britteny Leyva**  bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **Michael D Lieberman**  mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Mitchell B Ludwig**  mbl@kpclegal.com, kad@kpclegal.com
- **Charity J Manee**  cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Daniel S March**  marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**  kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Mark J Markus**  , markjmarkus@gmail.com;markus.markj.r112926@notify.bestcase.com
- **Richard A Marshack (TR)**  pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Laila Masud**  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Sarah S. Mattingly**  sarah.mattingly@dinsmore.com
- **Tony May**  tmay@maybrocklaw.com
- **William McCormick**  Bill.McCormick@ag.tn.gov
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**  bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Glenn D. Moses**  gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com;jadelgado@venable.com
- **Jamie D Mottola**  Jamie.Mottola@dinsmore.com, jhanawalt@ecf.inforuptcy.com
- **Alan I Nahmias**  anahmias@mbn.law, jdale@mbn.law
- **Victoria Newmark**  vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com
- **Jacob Newsum-Bothamley**  jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Israel Orozco**  israel@iolawcorp.com
- **Keith C Owens**  kowens@foxrothschild.com, khoang@foxrothschild.com
- **Lisa Patel**  lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Michael R Pinkston**  rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **Richard D. Porotsky**  richard.porotsky@dinsmore.com
- **Tyler Powell**  tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;caitlin.brock@dinsmore.com;wendy.yones@dinsmore.com
- **Daniel H Reiss**  dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Vincent Renda**  vr@pinlegal.com, ld@pinlegal.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Vanessa Rodriguez**  vanessa.rodriguez@dinsmore.com, katherine.hemphill@dinsmore.com
- **Kevin Alan Rogers**  krogers@wellsmar.com
- **Gregory M Salvato**  gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**  olivia.scott@hklaw.com
- **Jonathan Serrano**  Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com
- **Maureen J Shanahan**  Mstotaro@aol.com
- **Paul R Shankman**  PShankman@fortislaw.com, info@fortislaw.com
- **Zev Shechtman**  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Jeffrey S Shinbrot**  jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Jeffrey M Singletary**  jsingletary@swlaw.com, rmckay@swlaw.com
- **Adam D Stein-Sapir**  info@pfllc.com
- **Howard Steinberg**  steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **John H. Stephens**  john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **Andrew Still**  astill@swlaw.com, kcollins@swlaw.com
- **Matthew J Stockl**  matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **Brett N Taylor**  btaylor@cozen.com, arincon@cozen.com
- **Michael R Totaro**  Ocbkatty@aol.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Belinda M Vega**  apark@venable.com
- **William J Wall**  wwall@wall-law.com
- **Sharon Z. Weiss**  sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Johnny White**  JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Reina Zepeda**  rzepeda@omniagnt.com

LA:4938-2577-1020.1 15344.001