Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
Hayley R. Winograd (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: ikharasch@pszjlaw.com
            vnewmark@pszjlaw.com
            hwinograd@pszjlaw.com

Attorneys for Consumer Legal Group, P.C. and LGS Holdco, LLC



**FILED & ENTERED**

**APR 03 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte      **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**ORDER APPROVING STIPULATION REGARDING MOTION FOR AN ORDER EXTENDING THE ESTATE'S TIME TO FILE ACTIONS GOVERNED BY 11 U.S.C. §§ 108, 546(a), AND 549(d)**<br><br>Hearing:<br>Date:    April 2, 2025<br>Time:    1:30 p.m.<br>Place:    5C - Via ZoomGov |

The Court has read and considered the *Stipulation Regarding Motion for an Order Extending the Estate's Time to File Actions Governed by 11 U.S.C. §§ 108, 546(a), and 549(d)* [Docket No. 2358] (the "Stipulation"),[1] entered into by and between Consumer Legal Group, P.C. ("CLG"), LGS Holdco, LLC ("LGS"), and the Chapter 11 Trustee and Liquidating Trustee of the LPG Liquidation Trust in the above-captioned chapter 11 bankruptcy case (the "Trustee," and together with CLG and LGS, the "Parties"), and has found good cause to approve the Stipulation.

**IT IS ORDERED:**

1.    The Stipulation is approved in its entirety.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Stipulation.

4917-6926-8784.1 15344.001

2. CLG and LGS are carved out of the relief requested in the Motion.

3. To the extent that, absent the Stipulation, the Trustee would have had the right to amend its Complaint to add a New Claim against CLG and/or LGS notwithstanding the expiration of the Trustee's time to file the Recovery Claims against CLG and LGS, the Parties agree that the Trustee is not waiving that limited right, but the Stipulation does not create any new rights for the Trustee.

4. The Parties agree that the Trustee's time to file the Recovery Claims has expired as to CLG and LGS and that the Stipulation does not affect such expiration and merely memorializes the Parties' agreement that the Trustee is not waiving the limited right described in paragraph 3 above.

5. The Trustee maintains the right to move for leave to amend its Complaint to assert New Claim(s) against CLG and/or LGS, but only to the extent such New Claim(s) are supported by allegations already set forth in the Complaint.

6. In any motion for leave to amend its Complaint to add New Claim(s), the Trustee shall not assert or seek leave to assert any new factual allegations beyond those allegations already included in the existing Complaint nor any new claims based on new factual allegations.

7. CLG and LGS reserve the right to oppose any motion for leave to amend the Trustee's Complaint on any ground, including, but not limited to, that any New Claim is barred by the statute of limitations or other time-based defenses, and is futile.

8. CLG's Opposition is hereby deemed withdrawn.

Date: April 3, 2025

Scott C. Clarkson
United States Bankruptcy Judge