D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Richard A. Marshack,
Liquidating Trustee of the LPG Liquidation Trust

FILED & ENTERED

APR 17 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

THE LITIGATION PRACTICE GROUP P.C.,

    Debtor.

Case No. 8:23-bk-10571-SC

Chapter 11

ORDER APPROVING STIPULATION TO RESOLVE BRANDON TURNER'S LIMITED OBJECTION TO MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

Hearing
Date: April 23, 2025
Time: 1:00 p.m.
Ctrm: 5C
Place: 411 West Fourth Street
        Santa Ana, CA  92701

    The Court has read and considered the Stipulation ("Stipulation") between Richard A. Marshack, in his capacity as the Liquidating Trustee of the LPG Liquidation Trust ("Trustee") for the Litigation Practice Group, P.C. ("LPG" or "Debtor"), and Brandon Turner ("Turner"), filed on April 16, 2025, as Dk. No. 2390, and good cause appearing therefore,

    IT IS ORDERED that:

    1.    The Stipulation between the Trustee and Turner is approved.

    2.    The proposed Rule 26 procedure in the Trustee's Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Trustee's General Counsel (the "Motion") (Motion, pg. 10 of 40, ll. 1-4) applicable to Turner is reciprocal and shall

1

4883-0757-0537v.1

consist of Turner providing "[c]opies, or a description by category and location, of all documents, electronically stored information, and tangible things that the defendant has in his/her possession, custody, or control and which are reasonably known to relate to the alleged claims or asserted defenses, unless the use would be solely for impeachment" and is subject to any appropriate claim of privilege that Turner and/or Trustee may have as provided in Rule 26(b)(5).

3. The proposed procedure in the Motion (Motion, pg. 10 of 40, ll. 5-12) that arises if Turner claims that he is financially incapable of responding to Trustee's complaint and wants Trustee to consider Turner's claim in connection with settlement negotiations is voluntary and Turner is not required to produce or provide "sworn financials including a balance sheet and income statement disclosing all assets, liabilities, income, and expenses" (collectively, the "Financial Documents") to Trustee under such circumstances. Similarly, Trustee is not required to consider or give any weight to claims by Turner of financial distress absent production of the Financial Documents.

4. Turner's Limited Opposition to the Motion shall be withdrawn.

### #

4911-2647-6087, v. 1

Date: April 17, 2025

Scott C. Clarkson
United States Bankruptcy Judge

4883-0757-0537v.1

2