| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Yosina M. Lisseback (State Bar No. 201654)<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: 619-400-0500 / Facsimile: 619-400-0501<br>yosina.lissebeck@dinsmore.com<br><br>Sarah S. Mattingly (KY Bar No. 94257)<br>Dinsmore & Shohl, LLP<br>101 S. 5th Street, Suite 2500<br>Louisville, KY 40202<br>Telephone: 859-425-1096 / sarah.mattingly@dinsmore.com<br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Special Counsel to Richard A Marshack | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>THE LITIGATION PRACTICE GROUP P.C.<br><br><br>Debtor(s). | CASE NO.: 8:23-BK-10571-SC<br>ADVERSARY NO.: 8:24-BK-01149-SC<br>CHAPTER: 11 |
|---|---|
| RICHARD A. MARSHACK, Chapter 11 Trustee, For the Bankruptcy Estate of Litigation Practice Group P.C. and Liquidating Trustee of the LPG Liquidation Trust<br><br>Plaintiff(s).<br>vs.<br>DEBT RESOLUTION DIRECT, LLC AND DAVID JOHN ILLICKI<br><br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE: 06/04/2025<br>TIME: 1:30 p.m<br>COURTROOM: 5C<br>ADDRESS: 411 West Fourth Street<br>Santa Ana, CA 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A. PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)? ☒ Yes ☐ No
2. Have all parties filed and served answers to the Claims Documents? ☐ Yes ☒ No
3. Have all motions addressed to the Claims Documents been resolved? ☐ Yes ☒ No
4. Have counsel met and conferred in compliance with LBR 7026-1? ☒ Yes ☐ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    F 7016-1.STATUS.REPORT

5. *If your answer to any of the four preceding questions is anything other than an unqualified "YES," please explain below (or on attached page):* Plaintiff Richard A. Marshack ("Plaintiff") has requested that default be entered against Defendant David John Illnicki. Defendant Debt Resolution Direct, LLC ("DRD") filed its Answer to Plaintiff's Complaint on May 19, 2025, pursuant to an agreed upon extension between the Parties. The Parties are seeking consolidation of this action with another adversary proceeding in the same bankruptcy case, 8:25-ap-01168-SC. Further, the Parties are working on scheduling the two (2) cases for formal mediation in or around the end of June 2025 in an attempt to resolve their disputes prior to engaging in litigation, which would inherently impact the deadlines proposed herein.

B. **READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

| Plaintiff | Defendant |
|---|---|
| Unknown, but the Parties will not be ready for trial until in or around March 2026. | Unknown, but the Parties will not be ready for trial until in or around March 2026. |

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

| Plaintiff | Defendant |
|---|---|
| After an early mediation, the Parties need to conduct written discovery, depositions, and submit dispositive motions related to the case. | After an early mediation, the Parties need to conduct written discovery, depositions, and submit dispositive motions related to the case. |

3. When do you expect to complete your discovery efforts?

| Plaintiff | Defendant |
|---|---|
| In or around the end of January 2026 or the beginning of February 2026. | In or around the end of January 2026 or the beginning of February 2026. |

4. What additional discovery do you require to prepare for trial?

| Plaintiff | Defendant |
|---|---|
| Discovery has not yet begun. The Parties will need to conduct fact discovery and possibly expert discovery in order to resolve the disputed issues. | Discovery has not yet begun. The Parties will need to conduct fact discovery and possibly expert discovery in order to resolve the disputed issues. |

C. **TRIAL TIME:**

1. What is your estimate of the time required to present your side of the case at trial (*including rebuttal stage if applicable*)?

| Plaintiff | Defendant |
|---|---|
| Unknown until the Parties complete discovery, but the Parties anticipate that each side will need approximately 3-5 days to present their respective side of the case. | Unknown until the Parties complete discovery, but the Parties anticipate that each side will need approximately 3-5 days to present their respective side of the case. |

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

| Plaintiff | Defendant |
|---|---|
| Unknown until the Parties complete discovery, but the Parties anticipate that each side intends to call approximately 5-7 witnesses at trial. | Unknown until the Parties complete discovery, but the Parties anticipate that each side intends to call approximately 5-7 witnesses at trial. |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 2    **F 7016-1.STATUS.REPORT**

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| At this time, the Parties cannot estimate the number of exhibits anticipated for use at trial until discovery has been completed. | At this time, the Parties cannot estimate the number of exhibits anticipated for use at trial until discovery has been completed. |

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference [X] is [ ] is not requested | Pretrial conference [X] is [ ] is not requested |
| Reasons: To narrow the issues at trial following the close of discovery and the filing of any dispositive motions. | Reasons: To narrow the issues at trial following the close of discovery and the filing of any dispositive motions. |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (*date*) 03/31/2026 | (*date*) 03/31/2026 |

E. **SETTLEMENT:**

1. What is the status of settlement efforts?
   The Parties have been engaging in discovery efforts since initation of the case. This includes the informal exchange of information and initial offers. However, the Parties believe formal mediation is necessary at this time and are working to schedule one for in or around summer 2025.

2. Has this dispute been formally mediated?    [ ] Yes   [X] No
   If so, when?
   mediate this dispute in or around the end of June 2025.

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| [X] Yes  [ ] No | [X] Yes  [ ] No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 3                    **F 7016-1.STATUS.REPORT**

**F. FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

|  Plaintiff | Defendant |
|---|---|
| [X] I do consent | [X] I do consent |
| [ ] I do not consent | [ ] I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

**G. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Plaintiff's counsel requests that the status conference be continued to July 17, 2025 at 1:30 PM PST in order to give the Parties the opportunity to formally mediate this matter in or around the summer of 2025. DRD's counsel does not have an objection to this proposed continuance.

Respectfully submitted,

Date: 05/21/25

Dinsmore & Shohl LLP
Printed name of law firm

*[signature]*
Signature

Sarah S. Mattingly
Printed name

Attorney for: Plaintiff Richard A. Marshack

Date: 05/21/25

Cozen O'Connor
Printed name of law firm

*[signature]*
Signature

Matthew S. Steinberg
Printed name

Attorney for: Defendant Debt Resolution Direct, LLC

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 4    **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 501 West Broadway, Suite 1610, San Diego, CA 92101

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/21/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/21/25 | Sally Butterworth | /s/ Sally Butterworth |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Service List Attachment**

**8:24-aP--01149-SC Richard A. Marshack v. Debt Resolution Direct, LLC et al**

**Served via CM/ECF**

Richard A Marshack (TR)

pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Sarah S. Mattingly on behalf of Defendant Debt Resolution Direct, LLC

sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack

sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)

sarah.mattingly@dinsmore.com

Matthew S Steinberg on behalf of Defendant Debt Resolution Direct, LLC

msteinberg@cozen.com, arincon@cozen.com;BPosivak@cozen.com

Brett N Taylor on behalf of Defendant Debt Resolution Direct, LLC

btaylor@cozen.com, arincon@cozen.com

United States Trustee (SA)

ustpregion [16.sa.ecf@usdoj.gov](mailto:16.sa.ecf@usdoj.gov)

Mailed copies to

David John lllnicki