CHRISTOPHER CELENTINO (131688)
Christopher.Celentino@dinsmore.com
YOSINA LISSEBECK (201654)
Yosina.Lissebeck@dinsmore.com
CHRISTOPHER B. GHIO (259094)
Christopher.Ghio@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, California 92101
Tele: (619) 400-0500
Fax: (619) 400-0501

Attorneys for Richard A. Marshack,
Liquidating Trustee of the LPG Liquidation Trust

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP P.C., | Case No.: 8:23-bk-10571-SC |
| Debtor, | **SECOND MOTION FOR AN ORDER EXTENDING THE ESTATE'S TIME TO FILE ACTIONS GOVERNED BY 11 U.S.C. §§ 108, 546(a), AND 549(d); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** |
| | Date:  September 17, 2025<br>Time:  1:30 p.m.<br>Location:  Courtroom 5C[1]<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

---

[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ........................................................................................... 1

JURISDICTION AND VENUE ...................................................................................... 2

BACKGROUND .............................................................................................................. 2

    A.     Debtor's Scheme ...................................................................................... 2

    B.     Trustee's Efforts Since His Appointment ............................................. 5

    C.     Recent Developments ............................................................................. 6

LEGAL ARGUMENT....................................................................................................... 6

    A.     Section 546's Limitation Period May Be Extended ................................... 6

         i.     A Court May Enlarge A Statute of Limitations Period By Order................... 6

         ii.    A Court May Enlarge The Statute of Limitations By Equitable Tolling ........ 8

         iii.   Good Cause Exists For The Court To Enlarge The Period To Bring Additional Adversary Proceedings Under FRBP 9006(b) and Equitable Tolling Due To Trustee's Demonstrated Diligence Is Also Justified........................................ 9

    B.     Section 549's Limitation Period May Be Extended ................................. 12

CONCLUSION................................................................................................................. 13

1

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

American Pipe & Const. Co. v. Utah
  414 U.S. 538 (1974)...................................................................................................12

Congrejo Invs., LLC v. Mann (In re Bender)
  No. AZ-07-1178-NKD, 2007 Bankr. LEXIS 4911 (B.A.P. 9th Cir. Nov. 21, 2007)...................12

Ernst & Young v. Matsumoto (In re United Ins. Mgmt.)
  14 F.3d 1380 (9th Cir. 1994) .................................................................................7, 8

Gladstone v. U.S. Bancorp
  811 F.3d 1133 (9th Cir. 2016) ....................................................................................8

Glus v. Brooklyn E. Dist. Termina
  359 U.S. 231 (1959).................................................................................................12

Holmberg v. Armbrecht
  327 U.S. 392 (1946).................................................................................................12

In re Cramer
  636 B.R. 830 (Bankr. C.D. Cal. 2022)...........................................................................7

In re Fundamental Long Term Care, Inc.
  501 B.R. 784 (Bankr. M.D. Fla. 2013) .......................................................................8, 9

In re Int'l Admin. Servs.
  408 F.3d 689 (11th Cir. 2005) ................................................................................7, 8

In re Kwok
  2024 Bankr. LEXIS 369 (Bankr. D. Conn. Feb. 15, 2024) ...............................................8

Moratzka v. Pomaville (In re Pomaville)
  190 B.R. 632 (Bankr. D. Minn 1995) ...........................................................................8

Official Creditors' Comm. for Omect, Inc. v. Electrochem Funds, LLC (In re Omect, Inc.)
  349 B.R. 620 (Bankr. N.D. Cal. 2006) ..........................................................................9

Olsen v. Zerbetz (In re Olsen)
  36 F.3d 71 (9th Cir. 1994) .......................................................................................12

Pace v. DiGuglielmo
  544 U.S. 408 (2005).................................................................................................8

Templeton v. Milby (In re Milby)
  545 B.R. 613 (B.A.P. 9th Cir. 2016) .............................................................................8

## <u>Statutes</u>

11 U.S.C. § 108...........................................................................................................1

11 U.S.C. § 541...........................................................................................................1

11 U.S.C. § 542...........................................................................................................1

11 U.S.C. § 544 ........................................................................................................... 1, 6, 9

11 U.S.C. § 545 ............................................................................................................... 6, 9

11 U.S.C. § 546 ........................................................................................................... 1, 7, 9

11 U.S.C. § 546(a) ............................................................................................................... 9

11 U.S.C. § 546(a)(1) ..................................................................................................... 6, 9

11 U.S.C. § 546(a)(2) .......................................................................................................... 6

11 U.S.C. § 547 ........................................................................................................... 1, 6, 9

11 U.S.C. § 548 ........................................................................................................... 1, 6, 9

11 U.S.C. § 549 ............................................................................................................. 1, 12

11 U.S.C. § 549(d) ............................................................................................................ 12

11 U.S.C. § 550 ................................................................................................................... 1

11 U.S.C. § 551 ................................................................................................................... 1

11 U.S.C. § 553 ............................................................................................................... 6, 9

28 U.S.C. § 1334 ................................................................................................................. 2

28 U.S.C. § 1408 ................................................................................................................. 2

28 U.S.C. § 1409 ................................................................................................................. 2

28 U.S.C. § 157(a) .............................................................................................................. 2

28 U.S.C. § 157(b) .............................................................................................................. 2

**Rules**

Fed. R. Bankr. Pro. 9006(b) ........................................................................................... 7, 9

Fed. R. Bankr. Pro. 9011(b) .............................................................................................. 10

Fed. R. Civ. Pro. 11(b) ...................................................................................................... 10

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard Marshack, solely in his capacity as the former Chapter 11 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG") and current Liquidating Trustee of the LPG Liquidation Trust, respectfully submits this motion for entry of an order extending the time to file actions governed by 11 U.S.C. §§ 108, 541, 542, 544, 546, 547, 548, 549, 550 and 551 ("Recovery Claims") for a period of approximately 120 more days, moving the statute which currently is set for September 19, 2025  to January 16, 2026 ("Motion"):

## SUMMARY OF ARGUMENT

Limitation dates to file claims held by bankruptcy estates can be extended upon a showing of good cause. In this case, the Court already extended the deadline once from March 19, 2025 to September 19, 2025 (the "Litigation Deadline").  Now, the Trustee seeks another 120 days extending the deadline to January 16, 2026.

Trustee submits that good cause exists to extend or equitably toll the Litigation Deadline. As detailed below, Trustee has not been idle in this case. He has diligently investigated and untangled the complex affairs of Debtor, its principals, associates, and affiliated businesses. As a result, Trustee has initiated and prosecuted hundreds of adversary proceedings and has already recovered millions of dollars for the benefit of Debtor's numerous creditors, many of whom are the previous consumer clients of Debtor.

Despite significant challenges, including: concealment, and in some cases, destruction of relevant evidence; reticent percipient witnesses; and other litigation-related obstacles, Trustee's ongoing investigation has been prolific. Using previously unavailable sources and methods, Trustee recently identified new potential defendants and additional causes of action to be included in existing cases, as well as more transfers of Debtor's money from various related entities. Trustee is now drafting and vetting, many new transfers, and a handful of new adversary proceedings against recently identified defendants. In sum, Trustee's investigation has revealed additional defendants who should not be allowed to enjoy their ill-gotten gains at the expense of Debtor's creditors.

1

1    Thus, Trustee submits that good cause exists to grant this motion.

2                                **JURISDICTION AND VENUE**

3    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This

4    matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C.

5    §§ 1408 and 1409.

6                                        **BACKGROUND**

7    On March 20, 2023 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter

8    11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of

9    California, initiating Case No. 8:23-bk-10571-SC.

10    On May 8, 2023, Trustee was appointed as Chapter 11 Trustee of the Estate and assumed all

11    authority to administer the Estate in this case. Docket No. 65.

12    On September 9, 2024, the Court entered an order ("Confirmation Order") confirming the

13    Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024) ("Plan") [Dk.

14    No. 1646]. On September 24, 2024, the Trustee filed the Notice of Occurrence of the Effective Date

15    of the Plan [Dk. No. 1762] ("Effective Date"). Thereafter, Trustee became the trustee of the

16    liquidating trust.

17    **A.    Debtor's Scheme**

18    Debtor operated as a law firm that provided consumer debt resolution services to its clients.

19    The disbarment of Tony M. Diab ("Mr. Diab") in California and Nevada resulted in the Debtor's

20    formation. Mr. Diab was disbarred in Nevada for significant misconduct, including stealing a

21    $375,000 client settlement payment, forging client retainer agreements to conceal the conversion of

22    client funds, and forging the signature of a judge on a falsified order.

23    On February 7, 2019, the State Bar of California entered default against Mr. Diab on similar

24    claims in a pending California proceeding and placed Mr. Diab's law license on involuntary inactive

25    status. Mr. Diab was subsequently disbarred from the practice of law in California on January 10,

26    2020.

27    Debtor was incorporated in California on February 22, 2019. The incorporation occurred less

28    than a month after Mr. Diab's Nevada disbarment and two weeks after Mr. Diab's law license was

placed on involuntary inactive status in California. The Trustee alleges that the Debtor was formed to conceal the transfer and continuation of Mr. Diab's preexisting debt resolution practice notwithstanding his inability to practice law and for Mr. Diab to essentially continue the practice post-disbarment.

The Trustee's diligent prosecution of this case has exposed Mr. Diab's scheme and has already resulted in millions of dollars collected for the benefit of Debtor's defrauded creditors.

Prepetition, Debtor serviced more than 50,000 consumer clients across the United States with an estimated annual cash flow of $150 million in 2022. That cash flow, however, does not represent a revenue stream in which Debtor has an equitable interest, to the contrary, the monies received were essentially trust funds belonging to consumer clients of LPG, misused by the Debtor.

Debtor utilized both in-house and third-party marketing affiliates to obtain consumer client referrals on a massive scale. Mr. Diab used processing entities he controlled, including Vulcan Consulting Group LLC, Coast Processing LLC, PrimeLogix LLC, and/or Maverick Management Group LLC to divert LPG consumer funds and ACH receivables. Mr. Diab would use numerous ACH processing companies to easily transfer millions of dollars from Debtor to these entities without oversight or detection, and to avoid payment disputes and complications. The money that flowed from Debtor through these bank account, and then to various defendants, consisted of client funds that were funneled to these entities by means of the ACH processing companies.

Debtor also utilized a network of hundreds of third-party marketing affiliates to purchase referrals. In each case, Debtor acquired potential client data either in-house or from third-parties that identified victims of predatory lending, consumer debt potentially subject to challenge, and through other methods. Rather than pay for these referral lists upfront, Debtor paid third-party marketing affiliates a percentage of its "revenue" stream, the collections earned from referred clients through revenue generated from those clients during their engagement with the Debtor. The marketing affiliates' practices were dubious at best and, included direct solicitation and referral of clients (which violated the rules of professional conduct governing licensed attorneys in multiple jurisdictions). In some circumstances, the marketing affiliates would assist with the execution of a Legal Service Agreement ("LSA") between the Debtor and a consumer client. Trustee asserts that this arrangement

was illegal, was detrimental to Debtor, and served primarily to line the pockets of the affiliate marketing companies.

The series of prepetition transactions involving Debtor, Mr. Diab, Mr. Diab's co-conspirators, or their affiliates include the following:

- Repeatedly either selling, or utilizing as purported collateral, the same accounts receivable from the same client files to factoring companies, other lenders, or investors;

- Transferring client files to third parties selected by Mr. Diab or his co-conspirators for little or no consideration and without consumer client consent;

- Diverting ACH draws from consumer clients under the LSAs to the accounts of processing entities; and

- Causing the processing entities to initiate duplicative and unauthorized ACH draws against consumer client accounts.

The foregoing transactions, among others, siphoned substantial cash flow from Debtor and its legitimate creditors. Debtor also entered into a series of purportedly secured borrowings, sales, and investments on unfavorable terms to finance its operations and to pay fees owed to the marketing affiliates that Debtor could not otherwise sustain.

In addition to the marketing affiliates, Debtor also conducted business with so-called Merchant Cash Advance ("MCA") lenders with whom it had MCA Agreements. LPG received payments from consumers over time, and it often sought financing by borrowing against these receivables primarily through the MCA Agreements. However, LPG was not selling accounts receivable to MCA lenders, it was instead obtaining short term loans in return for the transfer of future monthly payments made by clients. This borrowing was not only used to finance operations at LPG and to pay fees owed to the marketing companies for providing the client referrals, but also was used to pay creditors that had provided earlier-in-time financing in a growing Ponzi scheme.

Given that all or a substantial portion of Debtor's ACH Receivables were transferred multiple times, there were more claims for payment from any one ACH Receivable than the receivable would generate. Creditors and clients became increasingly aware of the misconduct orchestrated by Mr. Diab

and his co-conspirators. For example, between late April 2023 and May 2023, entities to which Debtor impermissibly transferred client files began receiving client complaints related to duplicative or fraudulent ACH draws against their accounts. Other creditors who expected more significant payments under the terms of their agreements began filing lawsuits to enforce their asserted rights against Debtor. On March 10, 2023, a California state court in one such lawsuit ordered the appointment of a receiver. Debtor filed the Bankruptcy Case on March 20, 2023, in part, to frustrate the appointment of the Receiver.

### B.    Trustee's Efforts Since His Appointment

Trustee has retained several professionals, including the national law firm of Dinsmore & Shohl LLP ("Dinsmore"), to do a deep dive into the misconduct described above. This included locating witnesses who worked for LPG, witnesses who worked for competitors of LPG (the fraudulent conveyance partners), creditors of LPG, and advertising affiliates of LPG who provided documents and testimony that exposed the many tentacles of Mr. Diab's fraudulent enterprise.

Just weeks after his appointment, Trustee filed an adversary proceeding no. 8:23-ap-01046 (the "1046 Action") against dozens of defendants, including Mr. Diab. (Declaration of Richard A. Marshack ("Marshack Dec.") at ¶ 10.) One of the main objectives of this early adversary proceeding was preserve evidence to be used in Trustee's nascent investigation. *Id.* This is emblematic of Trustee's top-down approach to this litigation. (*Id.*) In other words, Trustee believed it prudent, given the scale of the task, to pursue claims against the worst and most culpable of the many bad actors in this case. (*Id.* at ¶ 21.) Trustee believed, and has been proven correct, that this strategy would not only lead to greater recovery of funds for the Estate, but also would reveal significant sources of information that could be put to good use in subsequent litigation. (*Id.*)  This is exactly what has occurred.  The investigation remains ongoing.

Since filing the 1046 Action, Trustee has successfully objected to several proofs of claim, thereby preserving significant funds for distribution to creditors. Trustee has initiated dozens of adversary proceedings against high-value defendants, including marketing affiliates and MCA lenders. If successful, these actions will recover millions of dollars for distribution to creditors.

///

1  Trustee is investigating and vetting causes of action against dozens more marketing affiliates and

2  MCA lenders, all of which will be filed by March 19, 2025.

3      Trustee also successfully challenged 23 purported lienholders who asserted liens encumbering

4  nearly $175 million of Debtor's assets. Trustee's challenges to these lienholders resulted in

5  settlements reducing the secured claims amount from $169,901,643 to $1,355,000.

6      Trustee has settled or is in current settlement negotiations with dozens of defendants to avoid

7  costly litigation. (Marshack Dec. ¶ 20) The proceeds from those settlements not yet fully resolved,

8  when finalized and approved by this Court, will be used for the benefit of the Estate, and creditors of

9  the Liquidating Trust.

10      A comprehensive summary of the Trustee's investigative efforts and actions taken in this case

11  through August 2025 are set forth in the Trustee Status Report filed in the case (Dkt. No. 2747).

12      In the midst of this investigation, Trustee managed to confirm Plan.

13  **C.**    **Recent Developments**

14      Over the last three months, Trustee has made significant progress in identifying, locating, and

15  investigating more potential recipients of fraudulent conveyances, participants in Mr. Diab's scheme,

16  and sources of information that can help Trustee discover even more. Of great importance, is the

17  Trustee's uncovering of more and more entities, which LPG funds were diverted to, as well as were

18  investor money was diverted. This information is being learned through subpoenas to various third

19  parties. The Trustee is still in the lengthy process of sifting through recently produced evidence and

20  vetting proposed causes of action against a handful of new defendants.

21      **LEGAL ARGUMENT**

22  **A.**    **Section 546's Limitation Period May Be Extended**

23      **i.**    **A Court May Enlarge A Statute of Limitations Period By Order**

24      "An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be

25  commenced after . . . the later of . . . 2 years after the entry of the order for relief; or 1 year after the

26  appointment or election of the first trustee . . ." 11 U.S.C. § 546(a)(1). Alternatively, if the case is

27  closed or dismissed before the time period in § 546(a)(1) expires, no further action may be

28  commenced. 11 U.S.C. § 546(a)(2).

Federal Rule of Bankruptcy Procedure ("FRBP") 9006(b) states in pertinent part:

"This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period… the court may—at any time and for cause—extend the time to act if:

(A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or

(B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect."

Most courts agree that the limitations period under § 546 may be enlarged. *See Ernst & Young v. Matsumoto (In re United Ins. Mgmt.)*, 14 F.3d 1380, 1384-85 (9th Cir. 1994). In taking up the question of whether the two-year limitations period under § 546 may be enlarged by FRBP 9006(b), the Eleventh Circuit noted that although FRBP 9006(b) "does not explicitly encompass statutory timeframes, it does bring all of the Federal Rules of Bankruptcy Procedure under its umbrella." *In re Int'l Admin. Servs.*, 408 F.3d 689, 699 (11th Cir. 2005)[2]. The court further noted that "this would include Rule 7001, which defines an adversary proceeding as one 'to recover money or property' and Rule 7003, which governs the commencement of adversary proceedings." *Id.* Thus, the Eleventh Circuit concluded that § 546 was a statute of limitations subject to enlargement by the court—not a jurisdictional bar or statute of repose (in which case it would not be subject to enlargement). *Id.* Finally, the Court held that bankruptcy courts generally have "discretion to extend the filing period for an adversary proceeding[.]" *Id.* (finding that the Bankruptcy Court had authority to extend the filing period for adversary proceedings within the purview of Fed. R. Bankr. P. 9006(b) where the Trustee had encountered significant difficulty and delay in discovery preventing the timely filings of adversary proceedings). *See also In re Kwok*, 2024 Bankr. LEXIS 369 (Bankr. D. Conn. Feb. 15,

---

[2] Trustee is aware of at least one non-binding case in this Circuit that does not agree with the analysis of the Eleventh Circuit as to a Bankruptcy Court's ability to enlarge a statute of limitations period under FRBP 9006(b). *See In re Cramer*, 636 B.R. 830 (Bankr. C.D. Cal. 2022). However, in *Cramer*, the prevailing concern was lack of notice of the motion to extend deadlines to prospective defendants. It is for this reason that Trustee has endeavored to serve notice of this motion as widely as reasonably possible under the circumstances.

2024) ("the Court concludes that it may extend the statutes of limitation set forth by sections *108(a), 546(a), and 549(d) pursuant to Rule 9006(b)* despite Rule 9006(b) not including 'statute' in its language.") (citing among other cases, *In re Int'l Admin. Servs.*) (emphasis added).

ii.    **A Court May Enlarge The Statute of Limitations By Equitable Tolling**

Despite holding that a court order was sufficient to enlarge the two-year limitations period, the Eleventh Circuit nevertheless decided, in an abundance of caution, to analyze whether the enlargement of time was appropriate under an equitable tolling analysis. *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 788 (Bankr. M.D. Fla. 2013) (discussing *In re Int'l Admin. Servs.*, 408 F.3d 689 (11th Cir. 2005)). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the context of equitable tolling, the equities to consider in determining whether to extend or toll a statute of limitations in a bankruptcy proceeding often involve whether the debtor failed to cooperate with the bankruptcy trustee or sought to impede the trustee's investigation and liquidation of assets for the benefit of creditors. *In re Kwok*, 2024 Bankr. LEXIS 369, at *15 citing *Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1143 (9th Cir. 2016).

Indeed, "[a] bankruptcy case presents a rather different slant on equitable tolling. In the typical situation, it is the debtor's conduct rather than the defendant's conduct which invokes equitable tolling. In some senses, this is unfair to the defendant. On the other hand, unlike the usual civil case where a plaintiff at least has the advantage of being a party to the underlying transaction, a bankruptcy trustee must rely almost entirely on a third party (the debtor) to provide the information necessary to uncover avoidable transfers." *Moratzka v. Pomaville (In re Pomaville)*, 190 B.R. 632, 637 (Bankr. D. Minn 1995).

"Every court that has considered the issue has held that equitable tolling applies to § 546(a)(1)." *In re United Ins. Mgm.*, 14 F.3d at 1384. Moreover, a "court should not look at the trustee's post-discovery diligence when considering whether equitable tolling should be applied." *Templeton v. Milby (In re Milby)*, 545 B.R. 613, 622 (B.A.P. 9th Cir. 2016). The limitations period may also be extended by court order or stipulation. *Official Creditors' Comm. for Omect, Inc. v.*

1  *Electrochem Funds, LLC (In re Omect, Inc.)*, 349 B.R. 620, 624-25 (Bankr. N.D. Cal. 2006) (§ 546's

2  legislative history indicates that the time limits of § 546(a) "are not intended to be jurisdictional and

3  can be extended by stipulation between the necessary parties to the action or proceeding").

4      When an extension of time is sought before the § 546 time period expires, the request is

5  governed by the "for cause" analysis under Rule 9006(b). *See, e.g. In re Fundamental Long Term*

6  *Care, Inc.*, 501 B.R. 788; *In re Int'l Admin. Servs.*, 408 F.3d. at 699.

7        **iii.**    **Good Cause Exists For The Court To Enlarge The Period To Bring
            Additional Adversary Proceedings Under FRBP 9006(b) and Equitable**

8              **Tolling Due To Trustee's Demonstrated Diligence Is Also Justified**

9      Here, the Petition Date is March 20, 2023, which meat that, under 11 U.S.C. § 546(a)(1), the

10  deadline for Trustee to file a complaint under 11 U.S.C. §§ 544, 545, 547, 548, or 553 was March 19,

11  2025. (Marshack Dec. at ¶ 3.)   The Trustee already filed an extension of time, which was granted by

12  the Court, extending that statute to September 19, 2025.  Now good cause exists to extend the deadline

13  under the facts of this case for another 120 days, until January 19, 2026.

14      In terms of Trustee's diligence and good cause, the Trustee discovered early on that as the

15  Debtor was approaching the bankruptcy filing, it was not only transferring its assets, but destroying

16  emails, documents, and information related to the scheme.  The Trustee has thus had to seek numerous

17  2004 applications to obtain relevant financial records from Debtor, Debtor's principals and other

18  entities that Diab controlled.  Trustee has steadfastly pursued his investigation using all available

19  methods of information gathering including regular use of subpoenas, depositions, witness interviews,

20  demand letters, and other methods of informal discovery. (*Id.* at ¶ 16.) In the course of these efforts,

21  Trustee has encountered obstacles such as intentional concealment and/or destruction of relevant

22  evidence, reticent percipient witnesses, and document production well into the tens of millions of

23  pages in scope. (*Id.*at ¶¶ 13-16.) All of this is against the backdrop of a widespread criminal scheme

24  to defraud consumers using a sophisticated and deliberately opaque network of interrelated entities

25  and individuals that aided and abetted the main scheme. (*Id.* at ¶ 17.)

26      Trustee has enlisted the assistance of both local and national law firms who have brought their

27  considerable resources to bear on uncovering as many bad actors as can reasonably be found.

28  Through Trustee's constant and diligent endeavors, Trustee has compiled a list numbering in the

hundreds of entities and individuals who were involved in some manner in the greater scheme. (*Id.* at ¶ 15.) Trustee has exercised discretion in prioritizing litigation targets after thoughtful deliberation on the available evidence and the amount in controversy.

An additional obstacle encountered by Trustee has been the "moving target" nature of the investigation caused by, *inter alia*, new sources of information, and compliance with subpoenas, which necessarily forces Trustee and his professionals to constantly re-assess and re-prioritize. For example, Trustee is discovering new fraudulent transferees and new causes of action based upon sources of information not available until just a few months ago. (*Id.* at ¶ 22.) The information learned through these sources has been put to immediate use in the ongoing investigation. Compliance with Trustee's subpoenas has revealed additional transfers of Debtor's funds, which necessarily alters the calculus on whether and on what grounds to pursue a given litigation target. Trustee anticipates that the information from these sources will result in even stronger causes of action, which, in turn, could facilitate the settlement process, and reduce the amount of necessary litigation.

Trustee is mindful of his obligation imposed by Federal Rule of Civil Procedure 11(b) and its analogue, Federal Rule of Bankruptcy Procedure 9011(b), and will make every attempt to investigate each claim, within reason, prior to filing an adversary proceeding.[3] Given the challenges faced, Trustee has still filed hundreds of adversary proceedings, many of which are in active litigation. (*Id.* at ¶ 19.) Trustee has also sent out scores of demand and probable cause letters to potential litigation targets based on his ongoing investigation. (*Id*).

The balance of equities weighs strongly toward granting the relief sought by this motion. The creditors of Debtor, many of whom were victims of a sophisticated criminal conspiracy, deserve to have as much money recouped as possible. Again, the uncommon level of sophistication of the conspiracy has made it an extraordinary task to untangle the complex web created by Debtor and its many cohorts. Thus, the wrongdoers, aiders, and abettors who have managed to evade Trustee's spotlight to date should not get off scot-free where this Court may extend the statute of limitations.

---

[3] Trustee's investigation of many claims is substantially impeded because well over 100 possible defendants have failed to respond to the Trustee's numerous demand and probable cause letters (multiple rounds to letters to each transferee) requesting documents and information related to potentially avoidable transfers.

10

1    Especially where the ring-leader and individual at the center of the conspiracy is a former attorney

2    who is well aware of the statute of limitations the Trustee is facing.

3        The authority of the Court to extend these deadlines is rooted in sound public policy

4    recognizing that pre-litigation investigations are often protracted affairs caused by intentional

5    hindrance and obstruction. Even when making timely and prudent use of the tools available to conduct

6    an investigation, time can still run short, given the extraordinary circumstances this case poses. As

7    noted, Trustee has made use of dozens of subpoenas to banks and credit card companies and, when

8    necessary, has threatened those entities with applications for issuance of orders to show cause re:

9    contempt. (*Id.* at ¶16). Trustee has also conducted many witness interviews, depositions, and other

10    informal discovery to gather the required information. (*Id.* at ¶13). The extraordinary volume of

11    information, which Trustee estimates is approximately 34 million documents and counting, gathered

12    to this point is a testament not only to Trustee's diligence, but also the sheer scale of the task before

13    Trustee and his professionals. (*Id.* at ¶16).

14        Despite thoughtful focused searches and proper prioritizing of litigation targets, Trustee still

15    has the task of reviewing nearly a million documents. (*Id.*) These documents range from emails to

16    bank statements, to various corporate documents, the review of which is tedious and extremely time-

17    consuming. Even at a very conservative estimate of one minute per targeted document for review, it

18    would still take well over a year and a half for a single person, doing nothing else but reviewing these

19    documents 24 hours a day, seven days a week to complete such a review. In other words, just

20    reviewing the most pertinent documents produced in this case consumes a substantial portion of the

21    time allotted by the statute of limitations.

22        Once the pertinent documents in Trustee's possession are catalogued, and it has been

23    determined that there is sufficient information with which to press claims against a given target,

24    Trustee must then take following actions:  locate current addresses for businesses and their principals,

25    locate agents, pull corporate records to see if they are still operating; perform asset search to make

26    sure they are collectable, and then attempt to make contact through demand letters and requests for

27    further documentation. (*Id.* at ¶16).

28    ///

1    Despite the need for an extension, Trustee and his professionals have been diligently pursuing

2    their litigation targets and have already filed over a hundred adversary proceedings. Trustee

3    anticipates that by the current deadline, Trustee will be prepared to file maybe 10-20 more, but may

4    also have the need to amend those that are already on file. (*Id.* at ¶22).

5    In sum, this case, due to the combination of factors discussed above, clearly illustrates good

6    cause for the extension of deadlines and equitable tolling.

7    **B.    <u>Section 549's Limitation Period May Be Extended</u>**

8    Section 549 provides in pertinent part that "[a]n action or proceeding under this section may

9    not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided

10    or (2) the time the case is closed or dismissed . . . " 11 U.S.C. § 549(d). Because § 549 is a statute of

11    limitations, it too is subject to enlargement. For example, it may be enlarged by court order and

12    equitable tolling. The two-year limitation period on the bankruptcy trustee's action to void a post-

13    petition transfer of estate property can be equitably tolled by the Debtor's conduct. *Olsen v. Zerbetz*

14    *(In re Olsen)*, 36 F.3d 71, 73 (9th Cir. 1994); *see also, Congrejo Invs., LLC v. Mann (In re Bender)*,

15    No. AZ-07-1178-NKD, 2007 Bankr. LEXIS 4911 at *14 (B.A.P. 9th Cir. Nov. 21, 2007) (holding

16    the principle of equitable tolling applies to § 549(d), as stated by the Ninth Circuit in *In re Olsen*.).

17    The Supreme Court itself has previously held that "in cases where the plaintiff has refrained

18    from commencing suit during the period of limitation because of inducement by the defendant, or

19    because of fraudulent concealment, this Court has not hesitated to find the statutory period tolled or

20    suspended by the conduct of the defendant." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 559

21    (1974) (citing *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231 (1959) and *Holmberg v. Armbrecht*,

22    327 U.S. 392 (1946)).

23    Though already set forth in detail above, Trustee offers the following summation: Trustee

24    entered the case nearly two months after the Petition Date and immediately set to the task of

25    conducting this enormous investigation. Trustee quickly employed professionals to aid in the

26    investigation. Even with the considerable resources brought to bear by Trustee, the sheer scale of the

27    undertaking, including navigating an opaque labyrinth of associated individuals and entities, to say

28    ///

nothing of the millions of documents produced, is one that requires additional time to properly and completely prosecute.

For the reasons discussed above, Trustee submits that additional time beyond the current September 19, 2025, deadline is required to ensure that Trustee is able to conduct a thorough investigation and do right by the creditors and the Court consistent with the mandate attending his appointment.

<u>**CONCLUSION**</u>

Trustee has been diligently and prudently conducting an unusually complex, multi-faceted investigation to recover the substantial sums lost to the LPG criminal enterprise. Trustee has overcome major obstacles and impediments in order to bring the investigation to its current state. He is in the midst of properly vetting causes of action, with an eye toward incorporating them into both new and existing adversary proceedings. Trustee believes the requested 120-day extension is both warranted and modest given the circumstances of this case, and he requests that the Court approve the extension.

Respectfully submitted,

Dinsmore & Shohl LLP

Dated:  August 25, 2025                    By: */s/ Yosina M. Lissebeck*
                                           Yosina M. Lissebeck
                                           Attorneys for Richard A. Marshack,
                                           Liquidating Trustee of the LPG
                                           Liquidation Trust

## <u>DECLARATION OF RICHARD A. MARSHACK</u>

I, Richard A. Marshack, declare as follows:

1.      I am the duly appointed Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of the Litigation Practice Group P.C. ("Debtor") and liquidating trustee of the LPG Liquidation Trust.

2.      I am an individual over 18 years of age and competent to make this declaration. Unless otherwise stated, I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, I could and would be able to testify to these facts.

3.      I make this declaration in support of my second motion for an order extending the Estate's time to file actions governed by 11 U.S.C. §§108, 546(a)(1), and 549(d) for a period of 120 more days to January 16, 2026 (the "Motion"). The current deadline to the file these actions is September 19, 2025.

4.      All terms not defined herein are used as they defined in the Motion.

5.      On March 20, 2023, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Petition Date").

6.      I was duly appointed as the chapter 11 trustee on May 8, 2023.

7.      The Court confirmed the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024) (the "Plan") on September 9, 2024.  A true and correct copy of the Order Confirmation the Plan can be found at Dkt. No. 1646 on the court at https://www.cacb.uscourts.gov/.

8.      Upon my appointment, I promptly set about initiating an investigation into Debtor's affairs in an effort to size up the scale of the task of administering the Estate. In doing so, I discovered the pre-petition facts set forth in the Motion, and quickly grasped the enormity of the undertaking.

9.      Realizing the magnitude of assistance required to administer this estate, I engaged the services of the national law firm, Dinsmore & Shohl LLP ("Dinsmore") as my special counsel, Marshack Hays and Wood ("MHW") as my general counsel, and accountants, Grobstein Teeple LLP ("Grobstein").

///

14

10.    In the first few weeks following my appointment, with the assistance of Dinsmore, I initiated an adversary proceeding, bearing case number 8:23-ap-01046-SC, against numerous defendants including Debtor's principal, Tony Diab ("Mr. Diab") to, among other things, enjoin the transfer or dissipation of Estate assets recover assets transferred pursuant to certain avoidable or fraudulent transactions, and obtain turnover of certain Debtor assets not in the possession, custody, or control of the Debtor. This action is emblematic of my top-down approach to litigation in this case.

11.    I then filed an emergency motion [Adv. Dkt. No. 4], inter alia, seeking turnover of certain estate property, a preliminary injunction, lock-out of certain parties from accessing certain estate property, and related relief.  The motion and related papers [Adv. Dkt. Nos.  3-8] included requests for immediate turnover and preservation of critical operating information, client information, accounts, ACH processing accounts, bank accounts and client funds. On June 23, 2023, the Bankruptcy Court entered an order [Adv. Dkt. No. 70] granting the motion.

12.    By preserving much, though not all, of the information in Debtor's possession, custody, and control, I, with the assistance of Dinsmore, MHW and Grobstein, was able to confirm the identities of key associates, business partners, and affiliates of Debtor who actively participated, aided, and abetted Debtor's scheme.

13.    Thereafter, with the assistance of my professionals, I conducted witness interviews, depositions of key individuals, and propounded scores of discovery requests upon the individuals and entities associated with Debtor.

14.    Unfortunately, in the course of this investigation, I learned that at least some Estate assets had been transferred, lost, or destroyed. One method of destroying evidence that I became aware of was through shredding documents, including complaints from state attorneys general. (Adv. Dkt. No. 493-10; Supplemental Declaration of Alex Rubin ¶ 24 and Exhibit 43). Mr. Diab also, through the creation of new entities, transferred substantial portions of Debtor's assets pre-petition in an effort to frustrate anticipated investigations into Debtor.

15.    With this knowledge, I began the next phase of investigating the hundreds of individuals and entities who received transfers of funds from Debtor as a result of the unlawful fraudulent conspiracy in the four years prior to the Petition Date. Using the information gathered

1  through subpoenas, I have become aware of transfers to many of these individuals and entities. As

2  such, with subpoenas still out, these investigations remain ongoing.

3       16.    An effective and thorough investigation necessarily entails reviewing documents that

4  number at least in the tens of millions (by least one estimate known to me, approximately 34 million

5  documents). Understand that through targeted filtering of the documents, the number of documents

6  requiring review is still nearly 1 million. It means issuing scores of subpoenas to third parties, some

7  of whom resists and require me to threaten them with an Order To Show Cause re: Contempt. Based

8  on what those subpoenas reveal, there may be a need for additional subpoenas and requests for

9  documents to even more third parties. Then the sometimes more difficult tasks begin, including

10 locating current addresses for businesses and their principals; locating agents; pulling corporate

11 records to see if businesses are still operating; performing asset searches to make sure they are

12 collectable; and then attempting to make contact through demand letters and requests for further

13 documentation. This is the inescapable nature of investigations of this type.

14      17.    An indispensable aspect of Mr. Diab's scheme was to make Debtor's network as

15 confusing and opaque to an outsider as possible such that any investigation by a regulatory agency,

16 law enforcement agency, or, as is the case here, a court appointed trustee, would encounter a

17 seemingly endless parade of obstacles and impediments.

18      18.    Being a former attorney, Mr. Diab was all too aware of the statute of limitations period

19 and knew that any investigation would inevitably meet a time crunch to bring mature and properly

20 vetted complaints against him, his co-conspirators, and aiders and abettors.

21      19.    To date, despite the considerable impediments I have confronted in the course of his

22 investigation, I have prosecuted hundreds of well-vetted adversary proceedings, with dozens more

23 undergoing the vetting process, and which will be filed in the near future.

24      20.    I have also settled or am in current settlement negotiations with dozens of defendants

25 in an effort to avoid costly litigation. The proceeds from those settlements not yet fully resolved, will

26 be used for the benefit of the Estate and the creditors of the Liquidating Trust.

27      21.    I have always believed that taking a top-down approach to filing adversary proceeding

28 actions in this case was the wisest course of action. In other words, focusing on the worst and most

16

culpable parties first would be the most prudent course because litigation against them offered the highest return on investment of time and resources. This return on investment is not just in terms of recovery of funds, but also in information that will aid in secondary litigation.

22.     I believe my course action has been correct because not only have I been able to recover millions of dollars for the benefit of creditors, I have uncovered sources of information not available until recently that will be of tremendous aid in identifying heretofore unknown bad actors. I have already filed at least one hundred adversary proceedings before the current deadline. If successful, these adversary proceedings will generate millions of dollars for the Estate, which can be distributed to creditors.

23.     For these reasons, I submit that extending the deadlines to file adversary complaints under 11 U.S.C. §§108, 541,542,544, 546, 547, 548, 549, 550 and 551 is not only warranted, but necessary under basic principles of equity and justice.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Executed this $\underline{25}$ day of August 2025.

_____
Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:        655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document: **SECOND MOTION FOR AN ORDER EXTENDING THE ESTATE'S TIME TO FILE ACTIONS GOVERNED BY 11 U.S.C. §§ 108, 546(a), AND 549(d); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 25, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒        Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August 25, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COURTESY COPY**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California, Santa Ana Division
411 W. Fourth St., Ste 5130/Ctrm 5C
Santa Ana, CA 92701-4593

☐        Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served**)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 25, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 25, 2025 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                **F 9013-3.1.PROOF.SERVICE**

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Joseph E Addiego on behalf of Defendant Clearfund Solutions LLC
joeaddiego@dwt.com, ayshalewis@dwt.com;kimberlysimmonsgreene@dwt.com;ryanrubio@dwt.com

Joseph E Addiego on behalf of Defendant Heshy Deutsch
joeaddiego@dwt.com, ayshalewis@dwt.com;kimberlysimmonsgreene@dwt.com;ryanrubio@dwt.com

Joseph E Addiego on behalf of Defendant Nachmy Weiss
joeaddiego@dwt.com, ayshalewis@dwt.com;kimberlysimmonsgreene@dwt.com;ryanrubio@dwt.com

Kyra E Andrassy on behalf of Defendant ABR Enterprises, LLC
kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com

Kyra E Andrassy on behalf of Defendant Arsha Corp.
kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com

Kyra E Andrassy on behalf of Defendant Arash Asante Bayrooti
kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us

Michael Jay Berger on behalf of Defendant Leucadia Enterprises, Inc
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Ethan J Birnberg on behalf of Defendant BMF Advance, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                          **F 9013-3.1.PROOF.SERVICE**

birnberg@portersimon.com, bokinskie@portersimon.com

Ethan J Birnberg on behalf of Defendant Diverse Capital LLC
birnberg@portersimon.com, bokinskie@portersimon.com

Ethan J Birnberg on behalf of Defendant Gavriel Yitzchavok
birnberg@portersimon.com, bokinskie@portersimon.com

Anthony Bisconti on behalf of Plaintiff Richard A. Marshack
tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

Andre Boniadi on behalf of Defendant Joco Enterprises LLC
aboniadi@bzlegal.com

Andre Boniadi on behalf of Defendant John Sandoval
aboniadi@bzlegal.com

Joseph Boufadel on behalf of Defendant Mynt Advance LLC
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Joseph Boufadel on behalf of Defendant Slate Advance LLC
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Joseph Boufadel on behalf of Interested Party Courtesy NEF
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Joseph Boufadel on behalf of Interested Party Mynt Advance LLC
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Joseph Boufadel on behalf of Interested Party Slate Advance, LLC
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Samuel Mushegh Boyamian on behalf of Interested Party Courtesy NEF
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Brian Boyd on behalf of Plaintiff Richard A Marshack
brian.boyd@dinsmore.com, tracey.shepherdgwinner@dinsmore.com;lana.stawecki@dinsmore.com

Brian Boyd on behalf of Plaintiff Richard A. Marshack
brian.boyd@dinsmore.com, tracey.shepherdgwinner@dinsmore.com;lana.stawecki@dinsmore.com

Brian Boyd on behalf of Trustee Richard A Marshack (TR)
brian.boyd@dinsmore.com, tracey.shepherdgwinner@dinsmore.com;lana.stawecki@dinsmore.com

Brian Boyd on behalf of U.S. Trustee United States Trustee (SA)
brian.boyd@dinsmore.com, tracey.shepherdgwinner@dinsmore.com;lana.stawecki@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Manon Burns on behalf of Creditor Credit Reporting Services, Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-1.PROOF.SERVICE**

mburns@awglaw.com

Kevin M Capuzzi on behalf of Defendant Neiman Marcus Group Ltd LLC
kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M Capuzzi on behalf of Defendant The Neiman Marcus Group LLC
kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Thomas H Casey on behalf of Interested Party Thomas H. Casey
kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com

Christopher Celentino on behalf of Plaintiff Richard A Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Special Counsel Dinsmore & Shohl LLP
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Michael F Chekian on behalf of Creditor Elizabeth A. Shore
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Bryan Cockroft on behalf of Plaintiff Richard A Marshack
bryan.cockroft@dinsmore.com

Baruch C Cohen on behalf of Defendant Ace Funding Source, LLC
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Baruch C Cohen on behalf of Defendant Berkovitch & Bouskila, PLLC
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Baruch C Cohen on behalf of Defendant Derrick Landry
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Leslie A Cohen on behalf of Defendant Master Consultants of America Inc.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rose Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-.1.PROOF.SERVICE

Nicholas S Couchot on behalf of Defendant Sidereal Entertainment Group, LLC
ncouchot@swlaw.com

Nicholas S Couchot on behalf of Defendant Justin Conlon
ncouchot@swlaw.com

Charles W Daff on behalf of Defendant Tong Gan
charleswdaff@gmail.com, r53975@notify.bestcase.com

Cara Daggitt on behalf of Plaintiff Richard A Marshack
cara.daggitt@dinsmore.com, Keegan.Giblin@Dinsmore.com

Cara Daggitt on behalf of Plaintiff Richard A. Marshack
cara.daggitt@dinsmore.com, Keegan.Giblin@Dinsmore.com

Cara Daggitt on behalf of Trustee Richard A Marshack (TR)
cara.daggitt@dinsmore.com, Keegan.Giblin@Dinsmore.com

Michael W Davis on behalf of Defendant Morning Law Group, P.C.
mdavis@dtolaw.com, ygodson@dtolaw.com

Aaron E. De Leest on behalf of Creditor Han Trinh
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Aaron E. De Leest on behalf of Creditor Phuong (Jayde) Trinh
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Aaron E. De Leest on behalf of Plaintiff Richard A Marshack
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Aaron E. De Leest on behalf of Plaintiff Richard A. Marshack
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Aaron E. De Leest on behalf of Trustee Richard A Marshack (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Anthony Paul Diehl on behalf of Interested Party Courtesy NEF
anthony@apdlaw.net,
Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net,9143954420@filings.docketbird.com

Ashley Dionisio on behalf of Other Professional Omni Agent Solutions
adionisio@omniagnt.com

Caroline Djang on behalf of Attorney Buchalter
cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    F 9013-.1.PROOF.SERVICE

jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law,
dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net

Jamie P Dreher on behalf of Defendant EPPS
jdreher@downeybrand.com, cdeulloa@DowneyBrand.com;courtfilings@downeybrand.com

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Howard M Ehrenberg on behalf of Defendant New Horizon Finance LLC
Howard.Ehrenberg@gmlaw.com,
hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walke
r@gmlaw.com

Lexi J. Epley on behalf of Plaintiff Richard A. Marshack
lexi.epley@dinsmore.com, angelica.urena@dinsmore.com

Meredith Fahn on behalf of Creditor Meredith Fahn
fahn@sbcglobal.net

Jeremy Faith on behalf of Defendant Cobalt Funding Solutions, LLC
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

William P. Fennell on behalf of Creditor Validation Partners LLC
william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larime
r@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com;Fennell.WilliamP.B14338
6@notify.bestcase.com

Jesse S Finlayson on behalf of Defendant BCB Bancorp, Inc
jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com

Alan W Forsley on behalf of Creditor Anthem Blue Cross of California
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Marc C Forsythe on behalf of Creditor Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
;ajohnston@goeforlaw.com

Marc C Forsythe on behalf of Defendant Clear Vision Financial LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-.1.PROOF.SERVICE

mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
;ajohnston@goeforlaw.com

Marc C Forsythe on behalf of Defendant Integrity Docs, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
;ajohnston@goeforlaw.com

Marc C Forsythe on behalf of Defendant Perfect Financial, LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
;ajohnston@goeforlaw.com

Marc C Forsythe on behalf of Defendant Point Break Holdings LLC
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
;ajohnston@goeforlaw.com

Marc C Forsythe on behalf of Defendant Richard Nodelman
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
;ajohnston@goeforlaw.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@nelsonmullins.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@nelsonmullins.com, bonnie.connolly@dinsmore.com

Eric Gassman on behalf of Creditor Herret Credit
erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com

Yisrael Gelb on behalf of Defendant Bridge Funding Cap, LLC
yisrael@gelblawapc.com

Christopher Ghio on behalf of Plaintiff Richard A Marshack
Christopher.Ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Amy Lynn Ginsburg on behalf of Creditor Amy Ginsburg

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-.1.PROOF.SERVICE

efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Kenton Cobb
efilings@ginsburglawgroup.com

Amy Lynn Ginsburg on behalf of Creditor Shannon Bellfield
efilings@ginsburglawgroup.com

Robert P Goe on behalf of Defendant Darlene Collins
rgoe@goeforlaw.com,
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef
orlaw.com

Robert P Goe on behalf of Defendant Jimmy Chhor
rgoe@goeforlaw.com,
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef
orlaw.com

Robert P Goe on behalf of Defendant John Sykes
rgoe@goeforlaw.com,
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef
orlaw.com

Robert P Goe on behalf of Defendant Matt Collins
rgoe@goeforlaw.com,
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef
orlaw.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Jeffrey I Golden on behalf of Creditor Affirma, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Oxford Knox, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeff
reyi.b117954@notify.bestcase.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              F 9013-.1.PROOF.SERVICE

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Defendant MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

David M Goodrich on behalf of Creditor United Partnerships, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Defendant Lexicon Consulting, Inc.
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Defendant Oxford Knox, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Defendant United Partnerships, Inc.
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Defendant Ventura Consulting, LLC
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

David M Goodrich on behalf of Interested Party Courtesy NEF
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

Spencer Keith Gray on behalf of Plaintiff Richard A Marshack
spencer.gray@dinsmore.com, wendy.yones@dinsmore.com;sara.johnston@dinsmore.com

Spencer Keith Gray on behalf of Trustee Richard A Marshack (TR)
spencer.gray@dinsmore.com, wendy.yones@dinsmore.com;sara.johnston@dinsmore.com

Mary H Haas on behalf of Defendant A Chance Funding LLC
maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com

Mary H Haas on behalf of Defendant Clearfund Solutions LLC
maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com

Mary H Haas on behalf of Defendant Hershey Deustch
maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com

Mary H Haas on behalf of Defendant Heshy Deutsch
maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-.1.PROOF.SERVICE**

Mary H Haas on behalf of Defendant Israel Reches
maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com

Mary H Haas on behalf of Defendant Nachman Weisz
maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com

Mary H Haas on behalf of Defendant Nachmy Weiss
maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com

Chad V Haes on behalf of Plaintiff Richard A Marshack
chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ec
f.courtdrive.com;spineda@marshackhays.com

Chad V Haes on behalf of Plaintiff Richard A. Marshack
chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ec
f.courtdrive.com;spineda@marshackhays.com

David S Hagen on behalf of Defendant Veronica Palterovich
davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net

Asa S Hami on behalf of Defendant Bonus Financial LLC
asa.hami@gmlaw.com,
ahami@ecf.courtdrive.com;patricia.dillamar@gmlaw.com;pdillamar@ecf.courtdrive.com

Asa S Hami on behalf of Defendant Jordan Miranti
asa.hami@gmlaw.com,
ahami@ecf.courtdrive.com;patricia.dillamar@gmlaw.com;pdillamar@ecf.courtdrive.com

Bernard M Hansen on behalf of Defendant Cyrus Irani
bernardmhansen@sbcglobal.net

Stella A Havkin on behalf of Defendant Bridge Funding Cap, LLC
stella@havkinandshrago.com, shavkinesq@gmail.com

Stella A Havkin on behalf of Defendant Bridge Funding Cap, LLC
stella@havkinandshrago.com, shavkinesq@gmail.com

D Edward Hays on behalf of Attorney Marshack Hays LLP
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Creditor Committee Committee of Unsecured Creditors
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ec
f.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-.1.PROOF.SERVICE**

ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Richard A Marshack
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Richard A. Marshack
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Geoffrey A Heaton on behalf of Defendant Mauzy Heating, Cooling, Plumbing & Electrical, LLC
gheaton@duanemorris.com, kramos@duanemorris.com

Carson Heninger on behalf of Defendant American Airlines, Inc.
heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com

Btzalel Hirschhorn on behalf of Defendant A Chance Funding LLC
bhirschhorn@sbagk.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Karen Hockstad on behalf of Plaintiff Richard A Marshack
karen.hockstad@dinsmore.com, kim.beavin@dinsmore.com

Karen Hockstad on behalf of Trustee Richard A Marshack (TR)
karen.hockstad@dinsmore.com, kim.beavin@dinsmore.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Brian L Holman on behalf of Creditor Sharp Electronics Corporation
b.holman@musickpeeler.com

Richard L. Hyde on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                     F 9013-1.PROOF.SERVICE

rhyde@awglaw.com

Brandon J. Iskander on behalf of Defendant JM Squared LLC
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Interested Party Goe Forsythe & Hodges LLP
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Peter L Isola on behalf of Interested Party Merchants Credit Corporation
pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, kathy.gumm@dinsmore.com;wendy.yones@dinsmore.com

Veneeta Jaswal on behalf of Plaintiff Richard A Marshack
veneeta.jaswal@dinsmore.com, kathy.gumm@dinsmore.com;wendy.yones@dinsmore.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, kathy.gumm@dinsmore.com;wendy.yones@dinsmore.com

Veneeta Jaswal on behalf of Trustee Richard A Marshack (TR)
veneeta.jaswal@dinsmore.com, kathy.gumm@dinsmore.com;wendy.yones@dinsmore.com

Sara Johnston on behalf of Plaintiff Richard A Marshack
sara.johnston@dinsmore.com, spencer.gray@dinsmore.com;wendy.yones@dinsmore.com

Sara Johnston on behalf of Plaintiff Richard A. Marshack
sara.johnston@dinsmore.com, spencer.gray@dinsmore.com;wendy.yones@dinsmore.com

Sara Johnston on behalf of Trustee Richard A Marshack (TR)
sara.johnston@dinsmore.com, spencer.gray@dinsmore.com;wendy.yones@dinsmore.com

Leslie K Kaufman on behalf of Defendant Brandon Vargas
kaufman_kaufman.bankruptcy@yahoo.com, kaufmanlr98210@notify.bestcase.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-.1.PROOF.SERVICE

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Joon M Khang on behalf of Attorney Khang & Khang LLP
joon@khanglaw.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Defendant MCA Fund ADV Inc.
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Aly Management, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant BSYD Management Corp.
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Binyin 1502 LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Bold Cap LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant GMF Capital, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Genesis Equity Group Funding LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Inlane Inc
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant YNS Funding, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Gary Fegel
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Solomon Feig
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Yitzchok Blum
ikharasch@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-.1.PROOF.SERVICE

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Consumer Legal Group, P.C.
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party LGS Holdco, LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Liberty Acquisitions Group Inc.
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Creditor Committee Post-Confirmation Oversight Committee
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Other Professional Post-Confirmation Oversight Committee, as
Successor in Interest to the Official Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Plaintiff Richard A. Marshack
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

Nicholas A Koffroth on behalf of Trustee Richard A Marshack (TR)
nkoffroth@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

David S Kupetz on behalf of Interested Party Courtesy NEF
david.kupetz@troutman.com, mylene.ruiz@troutman.com

David S Kupetz on behalf of Interested Party Marich Bein LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

Christopher J. Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com, john@slclawoffice.com;langleycr75251@notify.bestcase.com

Kelli Ann Lee on behalf of Plaintiff Richard A. Marshack
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-.1.PROOF.SERVICE

Kelli Ann Lee on behalf of Trustee Richard A Marshack (TR)
Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Britteny Leyva on behalf of Interested Party Revolv3, Inc.
bleyva@mayerbrown.com,
2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mike@liebermandebtrelief.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A Marshack, trustee of the LPG Liquidation Trust
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Special Counsel Dinsmore & Shohl LLP
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Yosina M Lissebeck on behalf of U.S. Trustee United States Trustee (SA)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Jason Lowe on behalf of Defendant Gene Rosen's Law Firm
jasonflowe@gmail.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-.1.PROOF.SERVICE**

Jason Lowe on behalf of Defendant MBH Group LLC
jasonflowe@gmail.com

Jason Lowe on behalf of Defendant Merchant Services USA Inc
jasonflowe@gmail.com

Mitchell B Ludwig on behalf of Creditor Fundura Capital Group
mbl@kpclegal.com, kad@kpclegal.com

Charity J Manee on behalf of Defendant Clear Vision Financial LLC
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Defendant JM Squared LLC
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Defendant Point Break Holdings LLC
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Defendant Darlene Collins
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Defendant Jimmy Chhor
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Defendant John Sykes
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Defendant Matt Collins
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Charity J Manee on behalf of Interested Party Goe Forsythe & Hodges LLP
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Daniel S March on behalf of Interested Party INTERESTED PARTY
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Creditor Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Phuong (Jayde) Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                     F 9013-.1.PROOF.SERVICE

kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Interested Party The Bankruptcy Law Firm, P.C.
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Trustee Richard A Marshack (TR)
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Suzanne Marino on behalf of Plaintiff Richard A. Marshack
suzanne.marino@dinsmore.com

Joshua I. Marrone on behalf of Plaintiff Richard A. Marshack
joshua.marrone@dinsmore.com

Joshua I. Marrone on behalf of Plaintiff Richard A. Marshack
joshua.marrone@dinsmore.com

Joshua I. Marrone on behalf of Trustee Richard A Marshack (TR)
joshua.marrone@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Jeana Mason on behalf of Plaintiff Richard A. Marshack
jeana.mason@dinsmore.com, ashlynn.harrison@dinsmore.com;stella.laroe@dinsmore.com

Caroline Massey on behalf of Plaintiff Richard A Marshack
caroline.massey@dinsmore.com,
lizbeth.alonso@dinsmore.com;AbdulWasay.Shahid@Dinsmore.com;wendy.yones@dinsmore.com

Sarah S. Mattingly on behalf of Defendant Clearcube LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Defendant Debt Resolution Direct, LLC
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A Marshack, trustee of the LPG Liquidation Trust
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Plaintiff Richard A. Marshack
sarah.mattingly@dinsmore.com

Sarah S. Mattingly on behalf of Trustee Richard A Marshack (TR)
sarah.mattingly@dinsmore.com

Tony May on behalf of Defendant Matthew Lovelady

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              **F 9013-.1.PROOF.SERVICE**

tmay@maybrocklaw.com

Noah K McCall on behalf of Defendant Luke Enkosky
nmccall@rschauerlaw.com, NAnderson@RSchauerLaw.com

William McCormick on behalf of Creditor TN Dept of Revenue
Bill.McCormick@ag.tn.gov

Jeffrey A. Meinhardt on behalf of Creditor All Service Financial, L.L.C.
jmeinhardt@silverandarsht.com

Jeffrey A. Meinhardt on behalf of Creditor Sabia Financial, Inc., an Illinois corporation
jmeinhardt@silverandarsht.com

Jeffrey A. Meinhardt on behalf of Defendant Sabia Financial Inc
jmeinhardt@silverandarsht.com

Jeffrey A. Meinhardt on behalf of Defendant Chad Rothrock
jmeinhardt@silverandarsht.com

Jeffrey A. Meinhardt on behalf of Defendant Frank Dal Bello
jmeinhardt@silverandarsht.com

Kristin T Mihelic on behalf of U.S. Trustee United States Trustee (SA)
kristin.t.mihelic@usdoj.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Glenn D. Moses on behalf of Creditor ADP, Inc
gmoses@venable.com,
cascavone@venable.com;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com;jadelgado@venable.com

Jamie D Mottola on behalf of Plaintiff Richard A. Marshack, Chapter 11 Trustee
Jamie.Mottola@dinsmore.com, wendy.yones@dinsmore.com;deamira.romo@dinsmore.com

Jamie D Mottola on behalf of Plaintiff Richard A Marshack
Jamie.Mottola@dinsmore.com, wendy.yones@dinsmore.com;deamira.romo@dinsmore.com

Randall P Mroczynski on behalf of Defendant Mercedes-Benz Financial Services USA LLC
randym@cookseylaw.com

Randall P Mroczynski on behalf of Defendant Mercedes-Benz USA LLC
randym@cookseylaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbn.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-.1.PROOF.SERVICE

Victoria Newmark on behalf of Defendant MCA Fund ADV Inc.
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Aly Management, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant GMF Capital, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Genesis Equity Group Funding LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Inlane Inc
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant YNS Funding, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Gary Fegel
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Solomon Feig
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Yitzchok Blum
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party Consumer Legal Group, P.C.
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Interested Party Liberty Acquisitions Group Inc.
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Jacob Newsum-Bothamley on behalf of Plaintiff Richard A Marshack
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Jacob Newsum-Bothamley on behalf of Trustee Richard A Marshack (TR)
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Joshua Nyman on behalf of Defendant Morgan Attwood & Son, Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-.1.PROOF.SERVICE

josh@ramsaurlaw.com

Israel Orozco on behalf of Creditor Israel Orozco
israel@iolawcorp.com

Jarrett S Osborne-Revis on behalf of Defendant Tele-Direct Communications, Inc.
josbornerevis@buchalter.com, asmith@buchalter.com;dpowers@buchalter.com;wreinig@buchalter.com

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Creditor Committee Post-Confirmation Oversight Committee
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Intervenor OFFICIAL COMMITTEE OF UNSECURED CREDITORS
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Plaintiff Richard A. Marshack
kowens@foxrothschild.com, khoang@foxrothschild.com

Brian A Paino on behalf of Defendant Optimum Bank Holdings, Inc.
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank.com
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Moishe Gubin
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com,
jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com

Julian Parker Pecora on behalf of Plaintiff Richard A Marshack
julian.pecora@dinsmore.com, Tracey.Hebert@Dinsmore.com

Michael R Pinkston on behalf of Creditor Wells Marble and Hurst, PLLC
rpinkston@seyfarth.com,
jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcyd
ocket@seyfarth.com

Christopher L Pitet on behalf of Defendant Vasco Assets, Inc.
cpitet@apjuris.com, bferik@apjuris.com

Christopher L Pitet on behalf of Defendant Benny Mor
cpitet@apjuris.com, bferik@apjuris.com

Richard D. Porotsky on behalf of Plaintiff Richard A Marshack
maria.rother@dinsmore.com

Richard D. Porotsky on behalf of Plaintiff Richard A. Marshack
maria.rother@dinsmore.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-.1.PROOF.SERVICE**

Richard D. Porotsky on behalf of Plaintiff Richard A. Marshack
maria.rother@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Counter-Claimant Richard A. Marshack
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Counter-Defendant Richard A Marshack (TR)
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Defendant Richard A. Marshack
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A Marshack
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Plaintiff Richard A. Marshack
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com

Laila Rais on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Rais on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Rais on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Rais on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Rais on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Brett Ramsaur on behalf of Defendant A Solution Debt Relief, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Affirma, LLC
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Buck Wild Ventures LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            F 9013-.1.PROOF.SERVICE

brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Coastal Capital Partners, LLC
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant EVC Properties, LLC
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Help Your Home Network, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant JNR Services, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant JR Bray Group, LLC
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Lavin Fence, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Lead Gen 101 Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Legacy Financial Strategies & Insurance Services, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Lifestar Products, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Morgan Attwood & Son, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Olsenite, LLC
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Pace Construction, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Spot On Consulting, Inc.
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Brandon Cunningham
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Brian Olsen
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Caeser Mercado
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Eric Martinson
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Jason Davolina
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-.1.PROOF.SERVICE

Brett Ramsaur on behalf of Defendant Jesse Martinson
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Joe Byon
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Nate Lavin
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Rachel Elgas
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Rachel Magana
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Rose Romo
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Salvador Robles
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Brett Ramsaur on behalf of Defendant Trevor Young
brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

Donald W Reid on behalf of Defendant King Consulting Group, LLC
don@donreidlaw.com, 5969661420@filings.docketbird.com

Donald W Reid on behalf of Defendant Make it Ring Marketing, LLC
don@donreidlaw.com, 5969661420@filings.docketbird.com

Donald W Reid on behalf of Defendant No Limit Media LLC
don@donreidlaw.com, 5969661420@filings.docketbird.com

Donald W Reid on behalf of Defendant Painite Marketing
don@donreidlaw.com, 5969661420@filings.docketbird.com

Donald W Reid on behalf of Defendant Colton King
don@donreidlaw.com, 5969661420@filings.docketbird.com

Daniel H Reiss on behalf of Defendant PECC Corp
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant PECC Corp.
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Vincent Renda on behalf of Creditor Unified Global Research Group, Inc
vr@pinlegal.com, ld@pinlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Vincent Renda on behalf of Defendant Eric Petersen
vr@pinlegal.com, ld@pinlegal.com

Vincent Renda on behalf of Defendant Todd DiRoberto
vr@pinlegal.com, ld@pinlegal.com

Michael B Reynolds on behalf of Defendant SMR Business Services, LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Michael B Reynolds on behalf of Defendant Sidereal Entertainment Group, LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Michael B Reynolds on behalf of Defendant Joshua Brown
mreynolds@swlaw.com, kcollins@swlaw.com

Michael B Reynolds on behalf of Defendant Justin Conlon
mreynolds@swlaw.com, kcollins@swlaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Todd C. Ringstad on behalf of Interested Party Morning Law Group, P.C.
becky@ringstadlaw.com, arlene@ringstadlaw.com

Christopher O Rivas on behalf of Defendant CareFirst Blue Choice, Inc.
crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com;sean-wilson-0462@ecf.pacerpro.com

Vanessa Rodriguez on behalf of Plaintiff Richard A Marshack
vanessa.rodriguez@dinsmore.com, wendy.yones@dinsmore.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, wendy.yones@dinsmore.com

Vanessa Rodriguez on behalf of Plaintiff Richard A. Marshack
vanessa.rodriguez@dinsmore.com, wendy.yones@dinsmore.com

Vanessa Rodriguez on behalf of Trustee Richard A Marshack (TR)
vanessa.rodriguez@dinsmore.com, wendy.yones@dinsmore.com

Kevin Alan Rogers on behalf of Creditor Wells Marble and Hurst, PLLC
krogers@wellsmar.com

Larry Rothman on behalf of Interested Party Steven D. Silverstein
tocollect@aol.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Richik Sarkar on behalf of Plaintiff Richard A. Marshack
richik.sarkar@dinsmore.com, Noreen.Leciejewski@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-.1.PROOF.SERVICE

Joshua L Scheer on behalf of Interested Party Scheer Law Group, LLP, interested party
jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott@hklaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott@hklaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Jonathan Serrano on behalf of Special Counsel Dinsmore & Shohl LLP
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Abdul Shahid on behalf of Plaintiff Richard A Marshack
abdulwasay.shahid@dinsmore.com

Maureen J Shanahan on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Mstotaro@aol.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Brian L Shaw on behalf of Defendant Debt Resolution Direct, LLC
bshaw@cozen.com, cknez@cozen.com

Joshua Shayne on behalf of Defendant The Liberty Company Insurance Brokers LLC
jshayne@kbrlaw.com, epirastehfar@kbrlaw.com,pwaldberg@kbrlaw.com

Zev Shechtman on behalf of Interested Party Danning Gill Israel & Krasnoff LLP
Zev.Shechtman@saul.com,
zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com,
zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Jeffrey S Shinbrot on behalf of Defendant Brandon Turner
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com

Jeffrey S Shinbrot on behalf of Interested Party Brandon Turner
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com

Jeffrey M Singletary on behalf of Interested Party INTERESTED PARTY

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-.1.PROOF.SERVICE**

jsingletary@swlaw.com, rmckay@swlaw.com

Jeffrey B Smith on behalf of Defendant Reliance Assistance Group, Inc.
jsmith@cgsattys.com, vphillips@cgsattys.com

Jeffrey B Smith on behalf of Defendant Yuriy Drahuntsov
jsmith@cgsattys.com, vphillips@cgsattys.com

Scott O Smith on behalf of Defendant Manouch Moshayedi
ssmith@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

Scott O Smith on behalf of Defendant Manouchehr A. Moshayedi
ssmith@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

Matthew Sommer on behalf of Plaintiff Richard A Marshack
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

Matthew Sommer on behalf of Trustee Richard A Marshack (TR)
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

Michael G Spector on behalf of Defendant Ace Tech Ops
mgspector@aol.com, mgslawoffice@aol.com

Michael G Spector on behalf of Defendant Achme, Inc.
mgspector@aol.com, mgslawoffice@aol.com

Michael G Spector on behalf of Defendant MBT Group, Inc.
mgspector@aol.com, mgslawoffice@aol.com

Michael G Spector on behalf of Defendant Marketing Systems and Strategies LLC
mgspector@aol.com, mgslawoffice@aol.com

Michael G Spector on behalf of Defendant Anthony Derosa
mgspector@aol.com, mgslawoffice@aol.com

Michael G Spector on behalf of Defendant Sormeh Attarzadeh
mgspector@aol.com, mgslawoffice@aol.com

Adam D Stein-Sapir on behalf of Creditor Pioneer Funding Group, LLC
info@pfllc.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

Matthew S Steinberg on behalf of Defendant Debt Resolution Direct, LLC
msteinberg@cozen.com, arincon@cozen.com;BPosivak@cozen.com;matthew-steinberg-
5925@ecf.pacerpro.com

Matthew S Steinberg on behalf of Interested Party Debt Resolution Direct, LLC
msteinberg@cozen.com, arincon@cozen.com;BPosivak@cozen.com;matthew-steinberg-
5925@ecf.pacerpro.com

Matthew S Steinberg on behalf of Trustee Richard A Marshack (TR)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-.1.PROOF.SERVICE

msteinberg@cozen.com, arincon@cozen.com;BPosivak@cozen.com;matthew-steinberg-5925@ecf.pacerpro.com

John H. Stephens on behalf of Plaintiff Richard A. Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Plaintiff Richard A Marshack
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

John H. Stephens on behalf of Trustee Richard A Marshack (TR)
john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Plaintiff Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com

Matthew J Stockl on behalf of Plaintiff Richard A Marshack
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com

Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com

Matthew J Stockl on behalf of Trustee Richard A Marshack (TR)
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com

Derrick Talerico on behalf of Defendant WCMD Services, Inc.
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Defendant Caleb Wickman
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Defendant Mathew Bowyer
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Michael R Totaro on behalf of Creditor Randall Baldwin Clark Attorney at Law PLLC
Ocbkatty@aol.com

Michael R Totaro on behalf of Interested Party Randall Baldwin Clark
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Belinda M Vega on behalf of Creditor ADP, Inc

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-.1.PROOF.SERVICE**

apark@venable.com

Alexandra W Wahl on behalf of Defendant PECC Corp
alex.wahl@wickphillips.com

Alexandra W Wahl on behalf of Defendant PECC Corp.
alex.wahl@wickphillips.com

Alexandra W Wahl on behalf of Defendant Touzi Capital, LLC
alex.wahl@wickphillips.com

Alexandra W Wahl on behalf of Defendant Eng Taing
alex.wahl@wickphillips.com

William J Wall on behalf of Defendant 2030 Ventures, Inc.
wwall@wall-law.com

William J Wall on behalf of Defendant Joshua Michael Bois
wwall@wall-law.com

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Gerrick Warrington on behalf of Defendant Neiman Marcus Group Ltd LLC
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Gerrick Warrington on behalf of Defendant The Neiman Marcus Group LLC
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

J Tanner Watkins on behalf of Plaintiff Richard A Marshack
tanner.watkins@dinsmore.com,
julie.mason@dinsmore.com;nathan.hall@dinsmore.com;molly.mattingly@dinsmore.com

J Tanner Watkins on behalf of Trustee Richard A Marshack (TR)
tanner.watkins@dinsmore.com,
julie.mason@dinsmore.com;nathan.hall@dinsmore.com;molly.mattingly@dinsmore.com

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

Scott W Wellman on behalf of Defendant Pacific Rose Consulting Group
swellman@w-wlaw.com, jklein@w-wlaw.com

Scott W Wellman on behalf of Defendant Dana Cederberg
swellman@w-wlaw.com, jklein@w-wlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-1.PROOF.SERVICE

Scott W Wellman on behalf of Defendant Summer Cederberg
swellman@w-wlaw.com, jklein@w-wlaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Reilly D Wilkinson on behalf of Defendant Oha Management, LLC
rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

Reilly D Wilkinson on behalf of Defendant Gabe McCarthy
rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

Reid A Winthrop on behalf of Defendant Fidelity Pandemic Relief Services, Inc.
reid@winthroplawgroup.com

Reid A Winthrop on behalf of Defendant Master Builders of America, Inc.
reid@winthroplawgroup.com

Reid A Winthrop on behalf of Defendant Jess Walker
reid@winthroplawgroup.com

Reina Zepeda on behalf of Other Professional Omni Agent Solutions
rzepeda@omniagnt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                      **F 9013-.1.PROOF.SERVICE**