D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Liquidating Trustee,
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>NOTICE OF MOTION AND SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING NEW ADVERSARY PROCEEDINGS BROUGHT BY TRUSTEE'S GENERAL COUNSEL; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK<br><br>Hearing:<br>Date:  October 23, 2025<br>Time:  1:30 p.m.<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>  411 W. Fourth Street<br>  Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY TRUSTEE'S GENERAL COUNSEL

4887-5831-6646

# TABLE OF CONTENTS

1.     Introduction ................................................................................................................3

2.     Factual Background ....................................................................................................4

3.     The Proposed Procedures ...........................................................................................5

       A.     Effect and Substance of the Procedures Order ........................................5

       B.     Responses to Complaint, 120-Day Stay, Joint Conference ....................6

       C.     Hearings on Rule 12 Motions, Timing for Dispositive Motions, and Motions
              Common to More than One Adversary Action.........................................9

       D.     Mediation .................................................................................................9

       E.     Filing and Service of Procedures Order....................................................9

4.     Legal Argument .......................................................................................................10

       A.     Good cause exists to enter the Procedures Order implementing the Procedures...10

5.     Conclusion ...............................................................................................................11

Declaration of Richard A. Marshack ....................................................................................12

REQUEST FOR JUDICIAL NOTICE ................................................................................14

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4887-5831-6646

# TABLE OF AUTHORITIES

**Cases**

*Brown v. United States*,

    439 Fed.Appx. 772, 776 n.5 (11th Cir. 2011)...............................................................................10

*Yong v. INS*,

    208 F.3d 1116, 1119 (9th Cir. 2000) ..........................................................................................11

**Statutes**

11 U.S.C. § 105(a) ........................................................................................................................10

**Rules**

7016 of the FRBP.........................................................................................................................10

Fed. R. Civ. P. 16(a)(1)-(3), (5) ..................................................................................................10

FRCP 16(b) ..................................................................................................................................10

FRCP 26(a) ..................................................................................................................................10

FRCP,............................................................................................................................................10

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on October 23, 2025, at 1:30 p.m., before the Honorable Scott C. Clarkson, United States Bankruptcy Judge in Courtroom 5C, located at 411 W. Fourth Street, Santa Ana, CA 92701, Richard A. Marshack, in his capacity as the Trustee of the LPG Liquidation Trust ("Trustee"), will seek a Second Order Establishing Streamlined Procedures Governing New Adversary Proceedings filed by Trustee's General Counsel, Marshack Hays Wood LLP ("Motion"). In support of the Motion, the Trustee submits the following Memorandum of Points and Authorities, the Declaration of Richard A. Marshack ("Marshack Declaration"), and the Request for Judicial Notice ("RJN").

If you do not oppose the Motion herein, you need take no further action. However, if you object to the Motion, pursuant to Rule 9013-1 of the Local Bankruptcy Rules, any opposition must be filed with the court no later than fourteen (14) days prior to the date of the hearing on the Motion. You must file your opposition with the Clerk of the United States Bankruptcy Court. You must also serve a copy of your objection upon Aaron E. de Leest and/or Bradford N. Barnhardt no later than fourteen (14) days prior to the date of the hearing on the Motion at the mailing address indicated in the upper left corner of the first page of this motion, and upon the Office of the United States Trustee at 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701. Any failure to timely file and serve an opposition may result in a waiver of any such opposition and the Court may enter an order granting the motion without further notice. *See* Loc. Bankr. R. 9013-1(h).

DATED:  October 1, 2025                MARSHACK HAYS WOOD LLP


By: */s/ Aaron E. de Leest*
D. EDWARD HAYS
AARON E. DE LEEST
BRADFORD N. BARNHARDT
Attorneys for Chapter 11 Trustee and
Liquidating Trutsee, RICHARD A.
MARSHACK

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

# 1.    Introduction

This Court has broad discretion to enter scheduling and other orders to facilitate the smooth administration of cases, avoid protracted or wasteful pretrial activities, conserve judicial and party resources, and facilitate settlement. This authority includes modifying the timing and extent of discovery and other appropriate matters.

This is the Trustee's second motion seeking to set procedures relating to adversary proceedings commenced by the Trustee's general counsel, Marshack Hays Wood LLP ("MHW"). As discussed below, the Trustee previously sought and obtained an order (defined below as "First Procedures Order") relating to the initial batch of 140 or so complaints filed by MHW between February 25, 2025, and March 19, 2025.   MHW has now filed a second batch of no fewer than 24 complaints commencing 24 adversary actions on behalf of the Trustee from September 16, 2025 through September 22, 2025 (collectively, "Second Adversary Actions").[1] Accordingly, the Trustee is seeking a second procedure order (defined below as "Second Procedure Order") relating to the Second Adversary Actions only. The Trustee's goal in obtaining a Second Procedures Order covering the Second Adversary Actions is the same as the First Procedures Order -- to focus on settling the Second Adversary Actions over a period of four months in an effort to reduce the active cases in half.  The Trustee expects to achieve this goal by actively negotiating settlements or proving up default judgments.

To facilitate this outcome, the Trustee proposes that certain procedures be implemented streamlining the litigation relating to the Second Adversary Actions, including: (1) imposing a 120-day stay of litigation applicable to all filings except responses to the complaint; and (2) requiring the

---

[1] The Second Adversary Actions are Case Nos.: (1) 25-1272 (Docket No. 2493); (2) 25-1273 (Docket No. 2494); (3) Docket No. 25-1274 (Docket No. 2495); (4) 25-1275 (Docket No. 2496); (5) 25-1276 (Docket No. 2497); (6) 25-1277 (Docket No. 2498); (7) 25-1278 (Docket No. 2499); (8) 25-1279 (Docket No. 2500); (9) 25-1280 (Docket No. 2501); (10) 25-1281 (Docket No. 2502); (11) 25-1282 (Docket No. 2503); (12) 25-1283 (Docket No. 2504); (13) 25-1284 (Docket No. 2505); (14) 25-1285 (Docket No. 2506); (15) 25-1286 (Docket No. 2507); (16) 25-1287 (Docket No. 2508); (17) 25-1288 (Docket No. 2509); (18) 25-1289 (Docket No. 2510); (19) 25-1290 (Docket No. 2511); (20) 25-1291 (Docket No. 2513); (21) 25-1292 (Docket No. 2514); (22) 25-1293 (Docket No. 2515); (23) 25-1294 (Docket No. 2516); and (24) 25-1298 (Docket No. 2518).

production of specified documents and settlement conferences in all actions during this 120-day period. The Trustee files this motion to establish procedures as follows.

## 2.    Factual Background

On March 20, 2023, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, commencing Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

On May 8, 2023, Richard A. Marshack was appointed as Chapter 11 Trustee of Debtor's Bankruptcy Estate and assumed all authority to administer Debtor's Estate in this case. Docket No. 65.

On June 17, 2024, the Court entered an order, Docket No. 1348 ("Disclosure Statement Order"), approving the solicitation of a disclosure statement, Docket No. 1345, describing the plan of liquidation jointly proposed by the Trustee and the Committee (as may be amended, modified, or supplemented from time to time) ("Plan").

On August 29, 2024, the Court conducted a hearing to consider confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024), Docket No. 1344, and confirmed the same at the hearing and later entered the Order of Confirmation on September 9, 2024. Docket No. 1646. The Effective Date occurred on September 24, 2024. Docket No. 1762.

Pursuant to the confirmed Plan, the Trustee now serves as Trustee of the LPG Liquidation Trust, which owns all the litigation claims, including the Estate's avoidance actions. *See* Docket No. 1344 at 27-29 (Plan's overview of the LPG Liquidation Trust, including transfer of assets to the trust).

Between February 25, 2025, and March 19, 2025, MHW filed no fewer than 140 complaints commencing a like number of adversary actions ("First Adversary Actions") on the Trustee's behalf. *See* Docket Nos. 2118, 2119, 2120, 2121, 2122, 2127, 2128, 2129, 2135, 2136, 2137, 2138, 2139, 2140, 2147, 2148, 2149, 2150, 2151, 2152, 2153, 2154, 2155, 2156, 2157, 2158, 2159, 2160, 2161, 2162, 2163, 2164, 2165, 2166, 2167, 2168, 2169, 2170, 2174, 2175, 2176, 2177, 2178, 2179, 2180, 2181, 2183, 2185, 2186, 2187, 2188, 2189, 2190, 2191, 2192, 2193, 2194, 2195, 2197, 2198, 2199,

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

2200, 2201, 2202, 2205, 2206, 2207, 2208, 2209, 2210, 2211, 2212, 2214, 2215, 2216, 2217, 2218, 2219, 2220, 2221, 2222, 2223, 2224, 2225, 2226, 2227, 2231, 2232, 2233, 2234, 2235, 2236, 2237, 2238, 2239, 2240, 2242, 2243, 2244, 2248, 2249, 2251, 2252, 2253, 2255, 2256, 2259, 2262, 2263, 2264, 2269, 2270, 2271, 2272, 2273, 2274, 2275, 2283, 2286, 2287, 2288, 2289, 2290, 2291, 2292, 2299, 2302, 2306, 2310, 2318, 2319, 2320, 2322, 2325, 2326, 2327, 2328, 2329, 2330, and 2342.

On April 1, 2025, the Trustee filed a Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Trustee's General Counsel. Docket No. 2356.

On April 28, 2025, the Court entered an Order Granting Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Trustee's General Counsel and Superseding the 'Order Re: Early Meeting of Counsel, Status Conference Instructions, and General Procedures' Filed in Each Affected Adversary Proceeding ("First Procedures Order"). Docket No. 2406.

MHW has filed no fewer than 24 new complaints commencing 24 Adversary Actions on behalf of the Trustee between September 16, 2025 and September 22, 2025 (defined above as the "Second Adversary Actions").

## 3.    The Proposed Procedures

The following are the proposed procedures ("Procedures"). Interested parties should also refer to the proposed order attached as **Exhibit 1** ("Second Procedures Order") for the requested Procedures. In the event of any variance between the relief requested in this Motion and the Second Procedures Order entered by the Court, the Second Procedures Order will control.

### A.    Effect and Substance of the Procedures Order

All defendants in the Second Adversary Actions will be served with a copy of the Second Procedures Order upon its entry. The Second Procedures Order shall bind all parties. The Second Procedures Order will: (a) require all defendants to timely file an answer or other responsive pleading; (b) stay all litigation until January 14, 2026 (i.e. the approximate first 120 days of the case); (c) require the parties to participate in a joint conference to discharge Rule 26 obligations; and (d) modify any discovery and other pretrial deadlines set forth in the Second Adversary Actions.

**B.     Responses to Complaint, 120-Day Stay, Joint Conference**

i.     <u>Responses to Complaint</u>: All defendants shall timely file a response to the complaint. The Trustee shall have authority to grant a two-week extension of the deadline in writing without the need to file any stipulation with the Court. Any stipulation extending the response date beyond 14 days from the date on the summons must be filed with and approved by the Court.

ii.     <u>120-day Stay – Initial Period</u>: Except as otherwise permitted by the Procedures Order, all litigation and formal discovery in the adversary cases will be stayed through January 14, 2026 ("Initial Period").

iii.     <u>Joint Conference</u>: During the Initial Period, the parties shall attend a mandatory joint conference via Zoom or other videoconferencing technology, unless agreed otherwise in writing between the Trustee and the defendant ("Joint Conference"). Within 26 days after entry of the Procedures Order, each defendant or their counsel shall contact Trustee's counsel via e-mail to chaes@marshackhays.com, amamlyuk@marshackhays.com, cmendoza@marshackhays.com, and spineda@marshackhays.com to schedule the Joint Conference. Unless otherwise agreed to in writing, the Joint Conference must be held within eight weeks after entry of the Procedures Order. The parties shall make all reasonable efforts to schedule a mutually agreeable Joint Conference date and time.

iv.     <u>Rule 26 Disclosures</u>: The parties shall be required to exchange the following Rule 26 documents and information at least 7 days prior to the Joint Conference:

<u>Plaintiff</u>: The Trustee and his successors and assigns, in their capacity as plaintiffs in the Second Adversary Actions shall provide:

a.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that are reasonably known to relate to the alleged claims or potential defenses, unless the use would be solely for impeachment; and

b.     After a good faith effort, given the Trustee's circumstances and limitations, identification, copies, or access to all documents, electronically stored

6

information, and tangible things that the Trustee has in its possession, custody,

or control and which are reasonably known to relate to the alleged claims or

potential defenses, unless the use would be solely for impeachment.

<u>Defendants</u>: Any defendant in the Second Adversary Actions shall produce:

a.    The name and, if known, the address and telephone number of each individual

likely to have discoverable information—along with the subjects of that

information—that are reasonably known to relate to the alleged claims or

asserted defenses, unless the use would be solely for impeachment;

b.    Copies of all documents, electronically stored information, and tangible things

that the defendant has in his/her possession, custody, or control and which are

reasonably known to relate to the alleged claims or asserted defenses, unless

the use would be solely for impeachment;

c.    To the extent any defendant claims that he or she is financially incapable of

responding to the demand in the complaint and wants the Trustee to consider

such claim in connection with settlement negotiations, such defendant must

also produce sworn financials including a balance sheet and income statement

disclosing all assets, liabilities, income, and expenses. This production of

financial information is not applicable to any defendant that does not want the

Trustee to consider financial inability in connection with settlement

negotiations;

d.    Any insurance agreement under which an insurance business may be liable to

satisfy all or part of a possible judgment in the Adversary Action or to

indemnify or reimburse for payments made to satisfy the judgment; and

e.    Any entity (non-individual) named as a defendant in the Second Adversary

Actions, whether active or terminated/dissolved, shall also produce a complete

list of all members, shareholders, and officers.

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

v.    Discovery: After expiration of the January 14, 2026, Initial Period, the Parties may propound formal discovery. The deadline to complete discovery, including resolution of any discovery motions, shall be as follows:

a.    For Actions under $150,000: June 30, 2026;

b.    For Actions between $150,000-$500,000: July 30, 2026; and

c.    For Actions more than $500,000: July 30, 2026.

vi.    Motion Cut-off Dates: The dates by which all non-discovery motions must be heard shall be the date that is one week prior to the applicable initial status conference.

vii.    Status Conferences: The initial Status Conferences set by the Court in the Adversary Proceedings shall be continued as follows:

a.    For Actions under $150,000: To a date that is on or after August 30, 2026;

b.    For Actions between $150,000-$500,000: To a date that is on or after September 30, 2026; and

c.    For Actions more than $500,000: To a date that is on or after September 30, 2026.

During the initial status conferences, the Court will determine when and whether a pretrial conference should be set or whether the matter should proceed directly to trial.

viii.    Joint Status Report: The Trustee shall include the results of the Joint Conference in the initial Status Report due 14 days prior to the status conference dates set by the Court.

ix.    Failure to Prosecute Claims or Defenses: The failure of any party to diligently prosecute their claims or defenses, including failing to timely comply with the Procedures Order, may result in the complaint or answer being stricken. Upon notice and a hearing, a party's failure to appear at the Joint Conference or otherwise comply with the Procedures Order, may result in any response to the complaint being stricken and their default being entered.

/ / /

/ / /

/ / /

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

**C.    Hearings on Rule 12 Motions, Timing for Dispositive Motions, and Motions Common to More than One Adversary Action**

The Trustee requests that the Court order that any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the January 14, 2026, Initial Period and prior to February 5, 2026. The Court shall set available omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions between January 14-February 5, 2026, in the Procedures Order.

Additionally, the Trustee requests that the Court order that no dispositive motion such as a motion for judgment on the pleadings or motion for summary judgment may be filed until after expiration of the January 14, 2026, Initial Period. Such scheduling will permit the Trustee to focus on settling adversaries to limit the number of remaining cases and for common issues to be identified addressed by the Parties and resolved by the Court in administratively coordinated hearings.

Finally, to extent that the Trustee has any motions common to more than one Adversary Action, the Trustee as Plaintiff shall file such motion in the main case and in each affected Adversary Action and shall serve all defendants in any adversary action that may be affected by the motion. The Trustee shall indicate in the caption which of the Second Adversary Actions are affected by the motion.

**D.    Mediation**

i.    The Parties may agree to participate in mediation by filing with the Court a joint Request for Assignment to Mediation Program (LBR Form 701).

ii.    Third Amended General Order 95-01 shall govern the procedures for mediation.

iii.    The mediation may take place via Zoom or other videoconferencing technology, unless agreed otherwise by the Mediator, the Trustee, and the defendant(s).

iv.    At least one counsel for each party and a representative of the defendant(s) having full settlement authority (or the defendant(s) himself/herself) shall attend the mediation.

**E.    Filing and Service of Procedures Order**

i.    A copy of the entered Procedures Order shall be filed on the docket in the Bankruptcy Case.

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

1       ii.    A copy of the Procedures Order shall be served along with the Complaint and

2 summons, or, for any defendants that have already been served with a copy of the summons and

3 complaint, within 14 days after entry of the Procedures Order, and filed in each Adversary Action.

4 The Trustee must file proof of service of the Procedures Order in each adversary.

5       iii.    If the Trustee identifies common legal or factual issues that affect more than one

6 adversary proceeding, he may file a motion seeking to administratively coordinate such adversary

7 proceedings for hearings. For example, if more than one defendant raises an affirmative defense that

8 the Trustee believes fails as a matter of law, the Trustee can file a motion seeking to establish

9 procedures for filing an omnibus motion for summary adjudication or summary judgment in a single

10 case (whether a lead adversary or the main bankruptcy case).

11 **4.   Legal Argument**

12     **A.    Good cause exists to enter the Procedures Order implementing the**

13           **Procedures.**

14      Rule 16 of the FRCP, made applicable by Rule 7016 of the FRBP, authorizes courts to enter

15 scheduling and other orders to, *inter alia*, expedite disposition of the action, establish early and

16 continuing control so the case will not be protracted because of lack of management, discourage

17 wasteful pretrial activities, and facilitate settlement. Fed. R. Civ. P. 16(a)(1)-(3), (5).

18      FRCP 16(b) authorizes courts to enter scheduling and other orders that modify the timing of

19 disclosures under FRCP 26(a) and 26(e)(1) (made applicable by FRBP 7026), modify the extent of

20 discovery, and include other appropriate measures.

21      Pursuant to U.S. Bankruptcy Court for the Central District of California Third Amended

22 General Order No. 95-01 §§ 5.1 and 5.2 ("General Order"), a dispute may be assigned to mediation

23 upon request in writing by the parties, or by order of the Judge, acting *sua sponte* or on the request of

24 a party, even over the objections of parties. *See also Brown v. United States*, 439 Fed.Appx. 772, 776

25 n.5 (11th Cir. 2011) (indicating that a district court's decision whether to order mediation is

26 reviewed for abuse of discretion).

27

28

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

1   Title 11 U.S.C. § 105(a) authorizes the Court to "issue any order, process, or judgment that is

2   necessary or appropriate to carry out the provisions of this title." And, a trial court has the "inherent

3   authority to control its own docket and calendar." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

4   The Procedures will streamline resolution of the Second Adversary Actions, thereby saving

5   time and Estate resources for the benefit of creditors, without prejudicing the defendants, and will

6   minimize the Court's administrative burden in presiding over the Second Adversary Actions. To the

7   extent that the Procedures deviate from otherwise applicable rules and orders, the Trustee submits

8   that such variations are warranted in light of the number of the Second Adversary Actions associated

9   with this Bankruptcy Case, absent which it may be extremely difficult and expensive to administer

10  this matter.

11  Therefore, the Trustee believes that the Procedures are appropriate under the circumstances

12  and in the best interest of the Estate's creditors, as well as other parties to the Second Adversary

13  Actions, and should be approved.

14  **5.    Conclusion**

15  The Trustee's goal is to reduce the active cases in half in four months.  To that end the

16  Trustee respectfully requests that this Court enter an order:

17      1.    Granting the Motion;

18      2.    Entering the Order attached hereto as Exhibit 1; and

19      3.    For such other relief as the Court deems just and proper.

20

21  DATED:  October 1, 2025                    MARSHACK HAYS WOOD LLP

22                                             By: _/s/ Aaron E. de Leest_____

23                                                 D. EDWARD HAYS
                                                   AARON E. DE LEEST
24                                                 BRADFORD N. BARNHARDT
                                                   Attorneys for Chapter 11 Trustee and
25                                                 Liquidating Trutsee, RICHARD A.
                                                   MARSHACK

26

27

28

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am the former Chapter 11 Trustee for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") and the current Liquidating Trustee for the LPG Liquidation Trust (collectively, "Trustee").

3.      I am an attorney at law admitted to practice in this Court and in all courts for the State of California.

4.      I make this declaration in support of the Second Motion for Order Establishing Streamlined Procedures Governing New Adversary Proceedings Brought by Trustee ("Motion"). All capitalized terms not otherwise defined in this declaration shall have the meaning ascribed to them in the Motion.

5.      If called as a witness, I could and would competently testify to the following of my own personal knowledge.

6.      For the following reasons, I believe, in my business judgment, that the proposed Procedures are in the best interest of the Estate.

7.      Assets of the Estate and the LPG Liquidation Trust include, *inter alia*, numerous causes of action that I am pursuing on behalf of the Estate.

8.      From September 16, 2025 through September 22, 2025, my general counsel Marshack Hays Wood LLP ("MHW") has filed no fewer than 24 complaints commencing 24 adversary proceedings on my behalf ("Second Adversary Actions").

9.      By the Motion, I request that the Court enter an order implementing procedures as set forth in detail in the Motion ("Procedures") and set forth in the proposed order attached as Exhibit 1 ("Second Procedures Order") to govern the prosecution of the Second Adversary Actions filed by MHW. The proposed Procedures are intended to avoid burdening the Court with the logistical challenges of handling the designated Second Adversary Actions, and to permit and facilitate a fair and efficient resolution of such litigation, enabling the parties to bring the Second Adversary Actions

12

1  to a swift conclusion in an efficient and cost-effective manner.

2      10.    The proposed Second Procedures Order will: (a) require all defendants to timely file

3  an answer or other responsive pleading; (b) stay all litigation until January 14, 2026 (i.e. the

4  approximate first 120 days of the case); (c) require the parties to participate in a joint conference to

5  discharge Rule 26 obligations; and (d) modify any discovery and other pretrial deadlines set forth in

6  the Second Adversary Actions.

7      11.    I believe that the Procedures will maximize the potential for settlement of the Second

8  Adversary Actions before trial, either through negotiations or as a result of the mediation process.

9  Absent the Procedures requested in the Motion, the Trustee and the defendants may be forced to

10 unnecessarily litigate the Second Adversary Actions, which will not benefit the Debtor's creditors,

11 the defendants, or this Court.

12     12.    The Procedures will provide for an efficient means of resolving the Second Adversary

13 Actions through the informal exchange of information and documentation, and without the

14 substantial costs of formal discovery and litigation. Further, even if the Procedures do not result in

15 the resolution of a particular one of the Second Adversary Actions, the process will be beneficial as

16 it will allow the parties to understand the issues in dispute and therefore be more focused and

17 efficient going forward.

18     13.    On April 1, 2025, as Dk. No. 2356, Trustee's General Counsel filed the first

19 Procedures Motion with regard to the 140 cases that were filed.  To date, Trustee's counsel have

20 either settled, dismissed, or taken the default of 97 out of 140 cases.

21     14.    For the foregoing reasons, I believe, in my business judgment, that the Proposed

22 Procedures are in the best interest of the Estate, and I respectfully request that the Court grant the

23 Motion.

24     I declare under penalty of perjury that the foregoing is true and correct. Executed on October

25 1, 2025.

26                                                    RICHARD A. MARSHACK

27

28

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4921-9528-1003v.2

# REQUEST FOR JUDICIAL NOTICE

Richard A. Marshack, in his capacity as Chapter 11 Trustee for the bankruptcy estate of the Litigation Practice Group P.C. ("Debtor") and liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee"), in the above-captioned bankruptcy case ("Bankruptcy Case"), requests pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the following in support of the Second Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Trustee ("Motion"):

1.    On March 20, 2023, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, commencing Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

2.    On May 8, 2023, Richard A. Marshack was appointed as Chapter 11 Trustee of Debtor's Bankruptcy Estate and assumed all authority to administer Debtor's Estate in this case. Docket No. 65.

3.    On June 17, 2024, the Court entered an order, Docket No. 1348 ("Disclosure Statement Order"), approving the solicitation of a disclosure statement, Docket No. 1345, describing the plan of liquidation jointly proposed by the Trustee and the Committee (as may be amended, modified, or supplemented from time to time) ("Plan").

4.    On August 29, 2024, the Court conducted a hearing to consider confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024), Docket No. 1344, and confirmed the same at the hearing and later entered the Order of Confirmation on September 9, 2024. Docket No. 1646.

5.    The Effective Date occurred on September 24, 2024. Docket No. 1762.

6.    Pursuant to the confirmed Plan, the Trustee now serves as Trustee of the LPG Liquidation Trust, which owns all the litigation claims, including the Estate's avoidance actions. *See* Docket No. 1344 at 27-29 (Plan's overview of the LPG Liquidation Trust, including transfer of assets to the trust).

/ / /

14

4921-9528-1003v.2

7.      Between February 25, 2025, and March 19, 2025, MHW filed no fewer than 140 complaints commencing a like number of adversary actions on the Trustee's behalf. *See* Docket Nos. 2118, 2119, 2120, 2121, 2122, 2127, 2128, 2129, 2135, 2136, 2137, 2138, 2139, 2140, 2147, 2148, 2149, 2150, 2151, 2152, 2153, 2154, 2155, 2156, 2157, 2158, 2159, 2160, 2161, 2162, 2163, 2164, 2165, 2166, 2167, 2168, 2169, 2170, 2174, 2175, 2176, 2177, 2178, 2179, 2180, 2181, 2183, 2185, 2186, 2187, 2188, 2189, 2190, 2191, 2192, 2193, 2194, 2195, 2197, 2198, 2199, 2200, 2201, 2202, 2205, 2206, 2207, 2208, 2209, 2210, 2211, 2212, 2214, 2215, 2216, 2217, 2218, 2219, 2220, 2221, 2222, 2223, 2224, 2225, 2226, 2227, 2231, 2232, 2233, 2234, 2235, 2236, 2237, 2238, 2239, 2240, 2242, 2243, 2244, 2248, 2249, 2251, 2252, 2253, 2255, 2256, 2259, 2262, 2263, 2264, 2269, 2270, 2271, 2272, 2273, 2274, 2275, 2283, 2286, 2287, 2288, 2289, 2290, 2291, 2292, 2299, 2302, 2306, 2310, 2318, 2319, 2320, 2322, 2325, 2326, 2327, 2328, 2329, 2330, and 2342.

8.      On April 1, 2025, the Trustee filed a Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Trustee's General Counsel. Docket No. 2356.

9.      On April 28, 2025, the Court entered an Order Granting Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Trustee's General Counsel and Superseding the 'Order Re: Early Meeting of Counsel, Status Conference Instructions, and General Procedures' Filed in Each Affected Adversary Proceeding. Docket No. 2406.

10.     MHW has filed no fewer than 24 new complaints commencing 24 Adversary Actions on behalf of the Trustee from September 16, 2025 through September 22, 2025 ("Second Adversary Actions").

/ / /

/ / /

/ / /

/ / /

/ / /

15

1    11.    The Second Adversary Actions are Case Nos.: (1) 25-1272 (Docket No. 2493); (2)

2  25-1273 (Docket No. 2494); (3) Docket No. 25-1274 (Docket No. 2495); (4) 25-1275 (Docket No.

3  2496); (5) 25-1276 (Docket No. 2497); (6) 25-1277 (Docket No. 2498); (7) 25-1278 (Docket No.

4  2499); (8) 25-1279 (Docket No. 2500); (9) 25-1280 (Docket No. 2501); (10) 25-1281 (Docket No.

5  2502); (11) 25-1282 (Docket No. 2503); (12) 25-1283 (Docket No. 2504); (13) 25-1284 (Docket No.

6  2505); (14) 25-1285 (Docket No. 2506); (15) 25-1286 (Docket No. 2507); (16) 25-1287 (Docket No.

7  2508); (17) 25-1288 (Docket No. 2509); (18) 25-1289 (Docket No. 2510); (19) 25-1290 (Docket No.

8  2511); (20) 25-1291 (Docket No. 2513); (21) 25-1292 (Docket No. 2514); (22) 25-1293 (Docket No.

9  2515);  (23) 25-1294 (Docket No. 2516); and (24) 25-1298 (Docket No. 2518).

10

11  DATED:  October 1, 2025                    MARSHACK HAYS WOOD LLP

12

13                                             By: _/s/ Aaron E. de Leest_____
                                                  D. EDWARD HAYS
14                                                AARON E. DE LEEST
                                                  BRADFORD N. BARNHARDT
15                                                General Counsel for Chapter 11 Trustee and
                                                  Liquidating Trustee, RICHARD A.
16                                                MARSHACK

17

18

19

20

21

22

23

24

25

26

27

28

SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4921-9528-1003v.2

EXHIBIT 1

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Liquidating Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re | Case No: 8:23-bk-10571-SC |
|---|---|
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | ORDER GRANTING SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL |
| | Hearing: |
| | Date:  October 23, 2025 |
| | Time:  1:30 p.m. |
| | Judge: Hon. Scott C. Clarkson |
| | Place:  Courtroom 5C |
| | 411 W. Fourth Street |
| | Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

4903-4896-0619v.2

**Exhibit "1"**
**Page 17**

1      The Second Motion for Order Establishing Streamlined Procedures Governing Adversary

2  Proceedings brought by Trustee's General Counsel [Docket No. __] (the "Motion") filed on

3  September 30, 2025, by Richard A. Marshack, in his capacity as the Trustee ("Trustee") of the LPG

4  Liquidation Trust ("Liquidation Trust"), came on for hearing on October 23, 2025, at 1:30 p.m., the

5  Honorable Scott C. Clarkson, presiding. Aaron E. de Leest of Marshack Hays Wood, LLP appeared

6  for the Trustee. All other appearances are as set forth on the record at the hearing.

7      The Court having read and considered the Motion and the Court having jurisdiction to

8  consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and

9  1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper

10  under 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing

11  that no other or further notice need be provided; and approval of the Motion being in the best

12  interest of the Liquidation Trust, creditors and all parties in interest; and after due deliberation and

13  sufficient cause appearing therefor:

14      IT IS HEREBY ORDERED that:

15      1.      The Motion is granted.

16      2.      The procedures, a copy of which is attached hereto ("Procedures"), are approved and

17  shall govern all parties to complaints filed by the Trustee's general counsel Marshack Hays Wood

18  LLP, from September 16, 2025 through September 22, 2025 (the "Second Adversary Actions"),

19  effective as of the date of this Order.

20      3.      This order shall be served on all defendants in the Second Adversary Actions and

21  filed in each of the Second Adversary Actions.  The Trustee shall file proof of service of this order

22  in each of the Second Adversary Actions.

23      4.      To be clear, the docket in each of the Second Adversary Actions must be complete

24  as a standalone docket and contain all relevant and applicable orders, instructions, and pleadings,

25  without any party being required to search elsewhere.

26      5.      The Trustee shall lodge an order in each of the Second Adversary Actions for each

27  status conference which is continued pursuant to application of the Procedures.

28

Exhibit "1"
Page 18

1       6.       Any Rule 12 motions filed in response to the complaints shall be set for hearing after

2    expiration of the January 14, 2026, Initial Period and prior to February 5, 2026. The following

3    omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions are available:

4       (1) January 21, 2026, at 11:00 a.m.

5       (2) January 22, 2026, at 10:00 a.m. (approval required).

6       (3) January 22, 2026, at 11:00 a.m. (approval required).

7       (4) February 4, 2026, at 11:00 a.m.

8       (5) February 5, 2026, at 10:00 a.m. (approval required).

9       (6) February 5, 2026, at 11:00 a.m. (approval required).

10       (7) February 5, 2026, at 1:30 p.m. (approval required).

11       If any Rule 12 motions have already been filed and will be continued as a result of

12    application of the Procedures, the Trustee shall lodge an appropriate order in each of the Second

13    Adversary Actions in which such a motion was filed after consultation with the moving parties,

14    who shall be required to approve the form of the lodged order. The Court expects cooperation and

15    civility between all parties.

16    **IT IS SO ORDERED.**

17       ####

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4903-4896-0619v.2

Exhibit "1"
Page 19

# PROCEDURES

The procedures set forth below ("Procedures") shall govern the prosecution of complaints filed by general counsel, Marshack Hays Wood LLP, for Richard A. Marshack, in his capacity as the Liquidating Trustee of the LPG Liquidation Trust ("Trustee") from September 16, 2025 through September 22, 2025 (the "Second Adversary Actions").[1]

## A.    Effect and Substance of the Second Procedures Order

All defendants in the Second Adversary Actions will be served with a copy of the entered Order Granting Second Motion for Order Establishing Streamlined Procedures Governing New Adversary Proceedings filed by Trustee's General Counsel, Marshack Hays Wood LLP ("Second Procedures Order"). The Second Procedures Order shall supersede any conflicting orders previously entered in the Second Adversary Actions and shall be binding on all parties. The Second Procedures Order will: (a) require all defendants to timely file an answer or other responsive pleading; (b) stay all litigation until January 14, 2026 (i.e. the approximate first 120 days of the case); (c) require the parties to participate in a joint conference to discharge Rule 26 obligations; and (d) modify any discovery and other pretrial deadlines set forth in the Second Adversary Actions.

## B.    Responses to Complaint, 120-Day Stay, Joint Conference

i.    <u>Responses to Complaint</u>: All defendants shall timely file a response to the complaint. The Trustee shall have authority to grant a two-week extension of the deadline in writing without the need to file any stipulation with the Court. Any stipulation extending the response date beyond 14 days from the date on the summons must be filed with and approved by the Court.

ii.    <u>120-day Stay – Initial Period</u>: Except as otherwise permitted by the Second Procedures Order, all litigation and formal discovery in the adversary cases will be stayed through January 14, 2026 ("Initial Period").

iii.    <u>Joint Conference</u>: During the Initial Period, the parties shall attend a mandatory joint conference via Zoom or other videoconferencing technology, unless agreed otherwise in writing between the Trustee and the defendant ("Joint Conference"). Within 26 days after entry of the Second Procedures Order, each defendant or their counsel shall contact Trustee's counsel via e-mail to chaes@marshackhays.com, amamlyuk@marshackhays.com, cmendoza@marshackhays.com, and spineda@marshackhays.com to schedule the Joint Conference. Unless otherwise agreed to in writing, the Joint Conference must be held within eight weeks after entry of the Second Procedures Order. The parties shall make all reasonable efforts to schedule a mutually agreeable Joint Conference date and time.

---

[1] The Second Adversary Actions are Case Nos.: (1) 25-1272 (Docket No. 2493); (2) 25-1273 (Docket No. 2494); (3) Docket No. 25-1274 (Docket No. 2495); (4) 25-1275 (Docket No. 2496); (5) 25-1276 (Docket No. 2497); (6) 25-1277 (Docket No. 2498); (7) 25-1278 (Docket No. 2499); (8) 25-1279 (Docket No. 2500); (9) 25-1280 (Docket No. 2501); (10) 25-1281 (Docket No. 2502); (11) 25-1282 (Docket No. 2503); (12) 25-1283 (Docket No. 2504); (13) 25-1284 (Docket No. 2505); (14) 25-1285 (Docket No. 2506); (15) 25-1286 (Docket No. 2507); (16) 25-1287 (Docket No. 2508); (17) 25-1288 (Docket No. 2509); (18) 25-1289 (Docket No. 2510); (19) 25-1290 (Docket No. 2511); (20) 25-1291 (Docket No. 2513); (21) 25-1292 (Docket No. 2514); (22) 25-1293 (Docket No. 2515); (23) 25-1294 (Docket No. 2516); and (24) 25-1298 (Docket No. 2518).

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4903-4896-0619v.2

Exhibit "1"
Page 20

iv.    <u>Rule 26 Disclosures</u>: The parties shall be required to exchange the following Rule 26 documents and information at least 7 days prior to the Joint Conference:

<u>Plaintiff</u>: The Trustee and his successors and assigns, in their capacity as plaintiffs in the Second Adversary Actions shall provide:

a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that are reasonably known to relate to the alleged claims or potential defenses, unless the use would be solely for impeachment; and

b.    After a good faith effort, given the Trustee's circumstances and limitations, identification, copies, or access to all documents, electronically stored information, and tangible things that the Trustee has in its possession, custody, or control and which are reasonably known to relate to the alleged claims or potential defenses, unless the use would be solely for impeachment.

<u>Defendants</u>: Any defendant in the Second Adversary Actions shall produce:

a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that are reasonably known to relate to the alleged claims or asserted defenses, unless the use would be solely for impeachment;

b.    Copies of all documents, electronically stored information, and tangible things that the defendant has in his/her possession, custody, or control and which are reasonably known to relate to the alleged claims or asserted defenses, unless the use would be solely for impeachment;

c.    To the extent any defendant claims that he or she is financially incapable of responding to the demand in the complaint and wants the Trustee to consider such claim in connection with settlement negotiations, such defendant must also produce sworn financials including a balance sheet and income statement disclosing all assets, liabilities, income, and expenses. This production of financial information is not applicable to any defendant that does not want the Trustee to consider financial inability in connection with settlement negotiations;

d.    Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the Adversary Action or to indemnify or reimburse for payments made to satisfy the judgment; and

e.    Any entity (non-individual) named as a defendant in the Second Adversary Actions, whether active or terminated/dissolved, shall also produce a complete list of all members, shareholders, and officers.

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4903-4896-0619v.2

Exhibit "1"
Page 21

v. <u>Discovery</u>: After expiration of the January 14, 2026, Initial Period, the Parties may propound formal discovery. The deadline to complete discovery, including resolution of any discovery motions, shall be as follows:

    a. <u>For Actions under $150,000</u>: June 30, 2026;

    b. <u>For Actions between $150,000-$500,000</u>:  July 30, 2026; and

    c. <u>For Actions more than $500,000</u>: July 30, 2026.

vi. <u>Motion Cut-off Dates</u>: The dates by which all non-discovery motions must be heard shall be the date that is one week prior to the applicable initial status conference.

vii. <u>Status Conferences</u>: The Status Conferences set by the Court in the summonses shall be continued as follows:

    a. <u>For Actions under $150,000</u>: To a date that is on or after August 30, 2026;

    b. <u>For Actions between $150,000-$500,000</u>: To a date that is on or after September 30, 2026; and

    c. <u>For Actions more than $500,000</u>: To a date that is on or after September 30, 2026.

During the initial status conferences, the Court will determine when and whether a pretrial conference should be set or whether the matter should proceed directly to trial.

viii. <u>Joint Status Report</u>: The Trustee shall include the results of the Joint Conference in the initial Status Report due 14 days prior to the status conference dates set by the Court.

ix. <u>Failure to Prosecute Claims or Defenses</u>: The failure of any party to diligently prosecute their claims or defenses, including failing to timely comply with the Second Procedures Order, may result in the complaint or answer being stricken. Upon notice and a hearing, a party's failure to appear at the Joint Conference or otherwise comply with the Second Procedures Order, may result in any response to the complaint being stricken and their default being entered.

## C.    Hearings on Rule 12 Motions, Timing for Dispositive Motions, and Motions Common to More than One Adversary Action

Any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the January 14, 2026, Initial Period and prior to February 5, 2026. The Court shall set available omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions between January 14-February 5, 2026, in the Second Procedures Order.

Additionally, no dispositive motion such as a motion for judgment on the pleadings or motion for summary judgment may be filed until after expiration of the January 14, 2026, Initial Period. Such scheduling will permit the Trustee to focus on settling adversaries to limit the number

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4903-4896-0619v.2

Exhibit "1"
Page 22

1   of remaining cases and for common issues to be identified addressed by the Parties and resolved by
the Court in administratively coordinated hearings.

2
       To the extent that the Trustee has any motions common to more than one Adversary Action,
3   the Trustee as Plaintiff shall file such motion in the main case and in each affected Adversary Action
and shall serve all defendants in any adversary action that may be affected by the motion. The
4   Trustee shall indicate in the caption which Second Adversary Actions are affected by the motion.

5       **D.    Mediation**

6
       i.    The Parties may agree to participate in mediation by filing with the Court a joint
7   Request for Assignment to Mediation Program (LBR Form 701).

8
       ii.    Third Amended General Order 95-01 shall govern the procedures for mediation.
9
       iii.    The mediation may take place via Zoom or other videoconferencing technology,
10   unless agreed otherwise by the Mediator, the Trustee, and the defendant(s).

11
       iv.    At least one counsel for each party and a representative of the defendant(s) having
12   full settlement authority (or the defendant(s) himself/herself) shall attend the mediation.

13
       **E.    Filing and Service of Second Procedures Order**
14

15       i.    A copy of the entered Second Procedures Order shall be filed on the docket in the
Bankruptcy Case.
16
       ii.    A copy of the Second Procedures Order shall be served along with the complaint and
17   summons, or, for any defendants that have already been served with a copy of the summons and
complaint, within 14 days after entry of the Second Procedures Order, and filed in each Adversary
18   Action. The Trustee must file proof of service of the Second Procedures Order in each adversary.

19
       iii.    If the Trustee identifies common legal or factual issues that affect more than one
20   adversary proceeding, he may file a motion seeking to administratively coordinate such adversary
proceedings for hearings. For example, if more than one defendant raises an affirmative defense that
21   the Trustee believes fails as a matter of law, the Trustee can file a motion seeking to establish
procedures for filing an omnibus motion for summary adjudication or summary judgment in a single
22   case (whether a lead adversary or the main bankruptcy case).

23

24

25

26

27

28

SECOND ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL
4903-4896-0619v.2

Exhibit "1"
Page 23

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY TRUSTEE'S GENERAL COUNSEL; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 1, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 1, 2025**, I served[1] the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST~~
~~SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 1, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**MONITOR**
Nancy Rapoport
nancy.rapoport@unlv.edu

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 1, 2025 | Cythia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

[1] On October 1, 2025, I caused Stretto to serve all interested parties via U.S. mail,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **INTERESTED PARTY COURTESY NEF: Joseph E Addiego**    joeaddiego@dwt.com, ayshalewis@dwt.com;kimberlysimmonsgreene@dwt.com;ryanrubio@dwt.com
- **INTERESTED PARTY COURTESY NEF: Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC: Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.: Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF: Ethan J Birnberg**    birnberg@portersimon.com, reich@portersimon.com
- **ATTORNEY FOR RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIGUIDATING TRUST:** Anthony Bisconti    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **INTERESTED PARTY COURTESY NEF: Andre Boniadi**    aboniadi@bzlegal.com
- **ATTORNEY FOR SLATE ADVANCE LLC & MYNT ADVANCE, LLC: Joseph Boufadel**    jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Samuel Mushegh Boyajian**    samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **INTERESTED PARTY COURTESY NEF: Brian Boyd**    brian.boyd@dinsmore.com, tracey.shepherdgwinner@dinsmore.com;lana.stawecki@dinsmore.com
- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC: Ronald K Brown**    ron@rkbrownlaw.com
- **ATTORNEY FOR CREDIT REPORTING SERVICES, INC.:** Manon Burns    mburns@awglaw.com
- **INTERESTED PARTY COURTESY NEF:** Kevin M Capuzzi    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- **INTERESTED PARTY COURTESY NEF:** Thomas H Casey    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR ELIZABETH A. SHORE: Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF: Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF: Randall Baldwin Clark**    rbc@randallbclark.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Bryan Cockroft    bryan.cockroft@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI: Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **INTERESTED PARTY COURTESY NEF:** Nicholas S Couchot    ncouchot@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Cara Daggitt**    cara.daggitt@dinsmore.com, Keegan.Giblin@Dinsmore.com
- **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.: Michael W Davis**    mdavis@dtolaw.com, ygodson@dtolaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Devan De los Reyes
  ddelosreyes@marshackhays.com, ddelosreyes@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF: Anthony Paul Diehl**    anthony@apdlaw.net,
  Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **INTERESTED PARTY COURTESY NEF: Ashley Dionisio**    adionisio@omniagnt.com
- **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY
  ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER : Jenny
  L Doling**    jd@jdl.law,
  dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **INTERESTED PARTY COURTESY NEF: Jamie P Dreher**    jdreher@downeybrand.com,
  amasson@downeybrand.com;courtfilings@downeybrand.com
- **ATTORNEY FOR CREDITOR CAROLYN BEECH: Daniel A Edelman**    dedelman@edcombs.com,
  courtecl@edcombs.com
- **INTERESTED PARTY COURTESY NEF: Howard M Ehrenberg**    Howard.Ehrenberg@gmlaw.com,
  hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmla
  w.com
- **INTERESTED PARTY COURTESY NEF: Lexi J. Epley**    lexi.epley@dinsmore.com,
  angelica.urena@dinsmore.com
- **CREDITOR: Meredith Fahn**    fahn@sbcglobal.net
- **INTERESTED PARTY COURTESY NEF: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
  Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC: William P
  Fennell**    william.fennell@fennelllaw.com,
  luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelll
  aw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **INTERESTED PARTY COURTESY NEF: Jesse S Finlayson**    jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com
- **INTERESTED PARTY COURTESY NEF: Alan W Forsley**    alan.forsley@flpllp.com,
  awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL: Marc C
  Forsythe**    mforsythe@goeforlaw.com,
  mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jeremy
  Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **ATTORNEY FOR CREDITOR HERRET CREDIT: Eric Gassman**    erg@gassmanlawgroup.com,
  gassman.ericb112993@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF: Yisrael Gelb**    yisrael@gelblawapc.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio**
  Christopher.Ghio@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio**
  christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON
  BELLFIELD: Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **INTERESTED PARTY COURTESY NEF: Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC: Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-
  1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC;
  CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC: Jeffrey I
  Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;
  lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and
  CREDITOR MC DVI FUND 2, LLC: Richard H Golubow**    rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC: David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wgqllp@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Spencer Keith Gray    spencer.gray@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Mary H Haas    maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com
- **INTERESTED PARTY COURTESY NEF:** David S Hagen    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
- **INTERESTED PARTY COURTESY NEF:** Asa S Hami    asa.hami@gmlaw.com, ahami@ecf.courtdrive.com;patricia.dillamar@gmlaw.com;pdillamar@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Bernard M Hansen    bernardmhansen@sbcglobal.net
- **INTERESTED PARTY COURTESY NEF:** Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Geoffrey A Heaton    gheaton@duanemorris.com, kramos@duanemorris.com
- **INTERESTED PARTY COURTESY NEF:** Carson Heninger    heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com
- **INTERESTED PARTY COURTESY NEF:** Btzalel Hirschhorn    bhirschhorn@sbagk.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY: Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Karen Hockstad    karen.hockstad@dinsmore.com, kim.beavin@dinsmore.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION: Brian L Holman**    b.holman@musickpeeler.com
- **INTERESTED PARTY COURTESY NEF: Richard L. Hyde**    rhyde@awglaw.com
- **INTERESTED PARTY COURTESY NEF: Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION: Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC: Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Veneeta Jaswal**    veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sara Johnston**    sara.johnston@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Leslie K Kaufman    kaufman_kaufman.bankruptcy@yahoo.com, kaufmanlr98210@notify.bestcase.com
- **ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS: Sweeney Kelly**    kelly@ksgklaw.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.: Joon M Khang**    joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE: Ira David Kharasch**    ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP: Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC: David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF: Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy_allen@dinsmore.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC: Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC: Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.: Britteny Leyva**    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC: Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC: Michael D Lieberman**    mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP: Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **INTERESTED PARTY COURTESY NEF: Charity J Manee**    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **INTERESTED PARTY AND ATTORNEY: Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH: Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Suzanne Marino**    suzanne.marino@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Joshua I. Marrone**    joshua.marrone@dinsmore.com
- **CHAPTER 11 TRUSTEE: Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Mason**    jeana.mason@dinsmore.com, ashlynn.harrison@dinsmore.com;stella.laroe@dinsmore.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Caroline Massey**    caroline.massey@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Tony May**    tmay@maybrocklaw.com
- **INTERESTED PARTY COURTESY NEF: Noah K McCall**    nmccall@rschauerlaw.com, NAnderson@RSchauerLaw.com
- **INTERESTED PARTY COURTESY NEF: William McCormick**    Bill.McCormick@ag.tn.gov
- **ATTORNEY FOR CREDITORS/DEFENDANTS SABIA FINANCIAL, INC, AN ILLINOIS CORPORATION; FRANK DAL BELLO, AN INDIVIDUAL; AND CHAD ROTHROCK, AN INDIVIDUAL: Jeffrey A. Meinhardt**    jmeinhardt@silverandarsht.com
- **ATTORNEY FOR US TRUSTEE: Kristin T Mihelic**    kristin.t.mihelic@usdoj.gov
- **ATTORNEY FOR US TRUSTEE: Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC: Glenn D. Moses**    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jamie D Mottola Jamie.Mottola@dinsmore.com, wendy.yones@dinsmore.com;deamira.romo@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Randall P Mroczynski   randym@cookseylaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias   anahmias@mbn.law, jdale@mbn.law
- **INTERESTED PARTY COURTESY NEF: Victoria Newmark**   vnewmark@pszjlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jacob Newsum-Bothamley**   jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **CREDITOR: Israel Orozco**   israel@iolawcorp.com
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Keith C Owens**   kowens@foxrothschild.com, khoang@foxrothschild.com
- **INTERESTED PARTY COURTESY NEF:** Brian A Paino   bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.: Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Julian Parker Pecora**   julian.pecora@dinsmore.com, Tracey.Hebert@Dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Michael R Pinkston**   rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **INTERESTED PARTY COURTESY NEF:** Christopher L Pitet   cpitet@apjuris.com, bferik@apjuris.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Richard D. Porotsky**   maria.rother@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Tyler Powell**   tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Laila Rais** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Brett Ramsaur   brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com
- **INTERESTED PARTY COURTESY NEF:** Donald W Reid   don@donreidlaw.com, 5969661420@filings.docketbird.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING: Daniel H Reiss**   dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR UNIFIED GLOBAL RESEARCH GROUP, INC.: Vincent Renda** vr@pinlegal.com, ld@pinlegal.com
- **INTERESTED PARTY COURTESY NEF:** Michael B Reynolds   mreynolds@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC: Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR MORNING LAW GROUP, P.C.:** Todd C. Ringstad   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **INTERESTED PARTY COURTESY NEF:** Christopher O Rivas   crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com;sean-wilson-0462@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Vanessa Rodriguez**   vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Kevin Alan Rogers**   krogers@wellsmar.com
- **ATTORNEY FOR DEFENDANT STEVEN D. SILVERSTEIN: Larry Rothman**   tocollect@aol.com
- **ATTORNEY FOR CREDITOR MARI AGAPE: Gregory M Salvato**   gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF:** Richik Sarkar   richik.sarkar@dinsmore.com, Noreen.Leciejewski@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Joshua L Scheer   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Olivia Scott**    olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jonathan Serrano**    Jonathan@MarguliesFaithLaw.com,
  vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com
- **INTERESTED PARTY COURTESY NEF:** Abdul Shahid    abdulwasay.shahid@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC: Maureen J Shanahan**    Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC: Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR DEBT RESOLUTION DIRECT, LLC:** Brian L Shaw    bshaw@cozen.com, cknez@cozen.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC: Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **ATTORNEY FOR DEFENDANT BRANDON TURNER:** Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **INTERESTED PARTY COURTESY NEF: Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **INTERESTED PARTY COURTESY NEF:** Jeffrey B Smith    jsmith@cgsattys.com, vphillips@cgsattys.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Matthew Sommer**    matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC: Adam D Stein-Sapir**    info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.: Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew S Steinberg    msteinberg@cozen.com, arincon@cozen.com;BPosivak@cozen.com;matthew-steinberg-5925@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): John H. Stephens**    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.: Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew J Stockl    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK: Michael R Totaro**    Ocbkatty@aol.com
- **US TRUSTEE: United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Belinda M Vega**    apark@venable.com
- **INTERESTED PARTY COURTESY NEF:** Alexandra W Wahl    alex.wahl@wickphillips.com
- **ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC: William J Wall**    wwall@wall-law.com
- **INTERESTED PARTY COURTESY NEF:** Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** J Tanner Watkins    tanner.watkins@dinsmore.com, julie.mason@dinsmore.com;nathan.hall@dinsmore.com;molly.mattingly@dinsmore.com
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **INTERESTED PARTY COURTESY NEF:** Scott W Wellman    swellman@w-wlaw.com, jklein@w-wlaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC: Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **INTERESTED PARTY COURTESY NEF:** Reilly D Wilkinson    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Reid A Winthrop    reid@winthroplawgroup.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Reina Zepeda** rzepeda@omniagnt.com
- **INTERESTED PARTY COURTESY NEF:** Isaac R Zfaty    izfaty@muchlaw.com, jnguyen@muchlaw.com;esantos@muchlaw.com;chess@muchlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                    **F 9013-3.1.PROOF.SERVICE**