D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys Liquidating Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No: 8-23-bk-10571-SC<br><br>Chapter 11<br><br>NOTICE OF UNPUBLISHED AUTHORITY IN SUPPORT OF LIQUIDATING TRUSTEE'S REPLY IN SUPPORT OF SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING NEW ADVERSARY PROCEEDINGS BROUGHT BY TRUSTEE'S GENERAL COUNSEL<br><br>[REPLY FILED AS DK. NO. 2535]<br><br><u>Hearing:</u><br>Date:   October 23, 2025<br>Time:  1:30 p.m.<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>        411 W. Fourth Street<br>        Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

/ / /

NOTICE OF UNPUBLISHED AUTHORITY
4887-5831-6646

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

2  THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

3      Richard A. Marshack, in his capacity as liquidating trustee of the LPG Liquidation Trust

4  ("Trustee"), attaches copies of the following unpublished decisions cited in Trustee's Reply in

5  Support of Second Motion for Order Establishing Streamlined Procedures Governing New

6  Adversary Proceedings Brought by Trustee's General Counsel. The unpublished cases were

7  retrieved from Lexis Advance.

8                          **Unpublished Cases**

9      1.          Cty. of Imperial Treasurer-Tax Collector v. RW Meridian, LLC (In re RW

10  Meridian LLC), 2017 Bankr. LEXIS 4172, at *4 (B.A.P. 9th Cir. Dec. 6, 2017).

11      2.          Gomez v. Hernandez, 2020 U.S.Dist.LEXIS 210983, at *13 (C.D. Cal. Oct. 9, 2020).

12

13  DATED:  October 16, 2025                MARSHACK HAYS WOOD LLP

14

15                                          By:  _/s/ Bradford N. Barnhardt_____
                                                 D. EDWARD HAYS
16                                               AARON E. DE LEEST
                                                 BRADFORD N. BARNHARDT
17                                               Attorneys for Chapter 11 Trustee and
                                                 Liquidating Trutsee, RICHARD A.
18                                               MARSHACK

19

20

21

22

23

24

25

26

27

28

4887-5831-6646

Exhibit "1"

Ⓐ Neutral
As of: October 17, 2025 2:32 AM Z

# *Cty. of Imperial Treasurer-Tax Collector v. RW Meridian, LLC (In re RW Meridian LLC)*

United States Bankruptcy Appellate Panel for the Ninth Circuit

November 30, 2017, Argued and Submitted, at Pasadena, California; December 6, 2017, Filed

BAP No. SC-16-1419-SAKu

**Reporter**
2017 Bankr. LEXIS 4172 *

In re: RW MERIDIAN LLC, Debtor.COUNTY OF IMPERIAL TREASURER-TAX COLLECTOR, Appellant, v. RW MERIDIAN, LLC; RONALD E. STADTMUELLER, Trustee, Appellees.

**Notice:** This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see *Fed. R. App. P. 32.1*), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**Subsequent History:** Appeal dismissed by *in Re RW Meridian, LLC v. RW Meridian, LLC, 2018 U.S. App. LEXIS 38961 (9th Cir., May 9, 2018)*

**Prior History:** **[*1]** Appeal from the United States Bankruptcy Court for the Southern District of California. Bk. No. 3:16-bk-00629. Honorable Margaret M. Mann, Bankruptcy Judge, Presiding.

## Core Terms

imperial, sale order, tax sale, bankruptcy court, redressability, prudential standing, injury in fact, void, tax lien, causation, aggrieved person, denial order, hypothetical

## Case Summary

**Overview**
HOLDINGS: [1]-County did not have constitutional standing to appeal an order approving a Chapter 7 trustee's sale of property, as it did not identify any particularized or concrete injury arising from the bankruptcy court's sale order; [2]-To the contrary, the county admitted that its lienholder interest in the subject property was fully satisfied from the proceeds of the court-approved sale; [3]-County did not have an independent, institutional interest as a taxing authority that was injured by the sale order because, contrary to its argument, that order did not conflict with its prior tax sale of the same property because that sale was previously declared void by the bankruptcy court as an action taken in violation of the automatic stay; [4]-County also lacked prudential standing, as it could not show that its pecuniary interests were directly and adversely affected by the sale order.

**Outcome**
The appeal was dismissed for lack of standing.

## LexisNexis® Headnotes

Civil Procedure > Preliminary Considerations > Justiciability > Standing

Bankruptcy Law > ... > Judicial Review > Standards of Review > De Novo Standard of Review

*HN1* A bankruptcy appellate panel reviews de novo whether a party has standing.

Bankruptcy Law > Procedural Matters > Judicial Review > Jurisdiction

Civil Procedure > ... > Justiciability > Standing > Injury in Fact

Constitutional Law > ... > Case or Controversy > Standing > Elements

*HN2* In order to determine whether a party has standing, a bankruptcy appellate panel must consider both constitutional and prudential standing doctrines. Constitutional standing is derived from the case and controversy requirement of Article III of the Constitution and requires a plaintiff to demonstrate injury in fact, causation and redressability. On the other hand, prudential standing is a set of judicially self-imposed limits on the exercise of federal jurisdiction.

Constitutional Law > ... > Case or Controversy > Standing > Elements

Civil Procedure > Preliminary Considerations > Justiciability > Standing

Evidence > Burdens of Proof > Allocation

*HN3* A party bears the burden of establishing both constitutional standing and prudential standing. At its core, the standing inquiry, in all its forms, is an inherently factual inquiry into the nature of the rights asserted.

Constitutional Law > ... > Case or Controversy > Standing > Elements

*HN4* In order to satisfy the "injury in fact" element of constitutional standing, a party must demonstrate an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. To establish causation, the party needs to show that its injury is fairly traceable to the challenged action. And finally, to prove redressability, the party has to persuade the court that a favorable decision likely would redress its injury.

Constitutional Law > ... > Case or Controversy > Standing > Elements

Civil Procedure > ... > Justiciability > Standing > Injury in Fact

*HN5* For purposes of standing, it is axiomatic that you cannot redress an injury that does not exist.

Civil Procedure > ... > Justiciability > Standing > Injury in Fact

Constitutional Law > ... > Case or Controversy > Standing > Elements

*HN6* An injury in fact must be actual or imminent, not conjectural or hypothetical.

Civil Procedure > ... > Entry of Judgments > Stays of Judgments > Appellate Stays

EXHIBIT "1"
Page 4

2017 Bankr. LEXIS 4172, *1

*HN7* While an appeal is pending, federal judgments and orders are fully effective and enforceable absent a stay pending appeal.


Bankruptcy Law > Procedural Matters > Judicial Review > Jurisdiction

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Adverse Determinations

Civil Procedure > ... > Justiciability > Standing > Injury in Fact

*HN8* An appellant seeking appellate review of a bankruptcy court's judgment or order must be a person aggrieved by the order appealed. Under this standard, only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have standing to appeal. At bottom, the person aggrieved standard presents a question of fact.

**Counsel:** Laurel Lee Hyde of Schwartz Hyde & Garfield argued for appellant.

Brian A. Kretsch argued for appellee Ronald E. Stadtmueller, Trustee.

**Judges:** Before: SPRAKER, ALSTON\* and KURTZ, Bankruptcy Judges.

# Opinion


## INTRODUCTION

The Imperial County Treasurer-Tax Collector appeals from an order authorizing the chapter 7[1] trustee to sell real property encumbered by Imperial County's tax lien. As a result of the bankruptcy sale, the tax lien has been paid in full.

Because Imperial County lacks standing, we must DISMISS this appeal.


## FACTS

The facts and procedural history set forth below are undisputed. RW Meridian owned 58.53 acres of undeveloped land located in Imperial County, California. In order to satisfy roughly $167,000 in delinquent property taxes, Imperial County scheduled an auction of the property to commence on Saturday, February 6, 2016.

Although the auction duly commenced on that date, it was not completed until Tuesday, February 9, 2016, when Imperial County accepted the winning bid of American Pacific Investments, LLC in the amount of $343,000. **[*2]** In the interim, on Monday, February 8, 2016, RW Meridian filed its chapter 7 petition.

Imperial County believed that, by virtue of the scheduled auction, RW Meridian's interest in the property was extinguished under California law at 5:00 p.m. on Friday, February 5, 2016. Even so, on Thursday, February 11, 2016, Imperial County filed a precautionary relief from stay motion to confirm that RW Meridian and its bankruptcy estate had no interest in the property at the time of its bankruptcy filing. The bankruptcy court disagreed with Imperial County, denied relief from the stay, and further held that the tax sale completed postpetition was void as a violation of the stay. *In re RW Meridian LLC, 553 B.R. 807, 814 (Bankr. S.D. Cal. 2016)*.

---

\* Hon. Christopher M. Alston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, *11 U.S.C. §§ 101-1532*.

EXHIBIT "1"

On appeal from the ruling declaring the tax sale void, we affirmed. *Cnty. of Imperial Treasurer-Tax Collector v. Stadtmueller (In re RW Meridian LLC), 564 B.R. 21, 25 (9th Cir. BAP 2017).* Agreeing with the bankruptcy court, we held that, at the time of its petition filing, RW Meridian still had both legal and equitable interests in the property. Thus, we also concluded that the postpetition completion of the tax sale was void. Imperial County has appealed our affirmance to the Ninth Circuit Court of Appeals (Court of Appeals Dkt. No. 17-60020). That appeal is still pending.

In October 2016, while Imperial County's relief from stay appeal **[*3]** was still pending before this panel, Ronald E. Stadtmueller, as trustee of RW Meridian's chapter 7 bankruptcy estate, filed a motion to sell the property. In his motion, Stadtmueller proposed to sell the property to third parties James and Leann Lin for $500,000. Imperial County and American Pacific Investments both opposed Stadtmueller's proposed sale based on the tax sale that the bankruptcy court (and later this Panel) declared void.

At the hearing on the sale motion, the bankruptcy court overruled Imperial County's and American Pacific's objections. In essence, the bankruptcy court held that all of their key objections were premised on a tax sale that the court already had declared void.

More importantly for this appeal, the bankruptcy court pointed out that Imperial County's tax lien was going to be satisfied either way. The bankruptcy court's sale order specifically provided either for payment of Imperial County's tax lien through the sale escrow or for its lien to attach to the sale proceeds. Imperial County has admitted on appeal that it has received full payment of its tax lien from Stadtmueller.[2]

The bankruptcy court entered its order approving the sale of the property on November **[*4]** 29, 2016, and Imperial County timely appealed.[3]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to *28 U.S.C. §§ 1334* and *157(b)(2)(N)*, and we have jurisdiction under *28 U.S.C. § 158*, subject to the standing discussion set forth below.

## ISSUE

Does Imperial County have standing?

## STANDARDS OF REVIEW

*HN1* We review de novo whether Imperial County has standing. See *Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 687 (9th Cir. BAP 2010)*.

## DISCUSSION

Stadtmueller has filed a motion to dismiss this appeal, asserting that the appeal is moot and Imperial County lacks standing. Imperial County has opposed the motion. We address the standing issue first.

---

[2] Counsel for Imperial County confirmed this fact at oral argument.

[3] American Pacific Investments also appealed the sale order, but it later voluntarily dismissed its appeal.

EXHIBIT "1"

## A. Standing Issue

HN2 In order to determine whether Imperial County has standing we must consider both constitutional and prudential standing doctrines. Constitutional standing is derived from the case and controversy requirement of Article III of the Constitution and requires a plaintiff to demonstrate "injury in fact, causation and redressability." *Republic of Marshall Islands v. United States, 865 F.3d 1187, 1199 (9th Cir. 2017)* (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1386, 188 L. Ed. 2d 392 (2014))*. On the other hand, prudential standing, is a set of "'judicially self-imposed limits on the exercise of federal jurisdiction.'" *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011)* (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 289, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008))*.

HN3 Imperial County bears the burden of establishing both constitutional standing and prudential standing. *In re Veal, 450 B.R. at 907 n.11*. At its core, the standing inquiry, in all its forms, "is an inherently factual inquiry into the nature **[*5]** of the rights asserted." Id.

## 1. Constitutional Standing

HN4 In order to satisfy the "injury in fact" element of constitutional standing, Imperial County must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Bishop Paiute Tribe v. Inyo Cnty., 863 F.3d 1144, 1153 (9th Cir. 2017)* (citing *Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992))*. To establish causation, Imperial County needs to show that its injury is "fairly traceable" to the challenged action - in this instance, the bankruptcy court's sale order. See *Lujan, 504 U.S. at 560*. And finally, to prove redressability, Imperial County has to persuade us that a favorable decision by this panel likely would redress its injury. *Id. at 560-61*.

Here, Imperial County has not identified any particularized or concrete injury arising from the bankruptcy court's sale order. To the contrary, Imperial County has admitted on appeal that its lienholder interest in the subject property has been fully satisfied from the proceeds of the court-approved sale. This admission also undermines any attempt by Imperial County to show causation. The sale order did not cause Imperial County any injury as a lienholder because the sale order directly resulted in Imperial County being paid in full. For the same **[*6]** reason, Imperial County cannot show redressability. HN5 It is axiomatic that you cannot redress an injury that does not exist. See C. Wright, A. Miller & E. Cooper, 13A F. Prac. & Proc. Juris., § 3531.4 (3d ed. 2017) ("a remedy addressed to actions that have not caused the injury will not alleviate the injury").

Imperial County posits that it has an independent, institutional interest as a taxing authority that has been injured by the sale order because that order conflicts with the prior tax sale of the same property. Furthermore, Imperial County claims that the sale order indirectly threatens other, future tax sales by way of the precedent it sets. The sale order does no such thing. Imperial County is conflating the impact of the sale order with the impact of the bankruptcy court's order denying relief from stay. The relief from stay denial order declared void the prior tax sale. As a result of that order, the tax sale never occurred. *Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992)* (holding that actions taken in violation of the automatic stay are void). Thus, by the time Stadtmueller filed his sale motion, there was no tax sale to interfere with.[4]

---

[4] We are aware that, in each of its appeals, and in every court, Imperial County has been unsuccessful in obtaining a stay pending appeal. The courts repeatedly have denied its stay motions because it has not shown a likelihood of success on the merits. In addition, we understand that Imperial County's arguments regarding its institutional interest in clarifying the efficacy of its tax sale procedures against the filing of a bankruptcy petition might be pertinent to mootness and standing issues raised in its Ninth Circuit appeal from the relief from stay denial order. We express no opinion on the merits of these arguments with respect to the Ninth Circuit appeal. We also understand that, in large part, the appeal from the sale order appears to have been aimed at protecting and preserving whatever rights it might have to prosecute its Ninth Circuit appeal. Indeed, Imperial County has

EXHIBIT "1"
Page 7

Imperial County nonetheless insists that, as long as it has an appeal pending from the relief [*7] from stay denial order, there is a chance the tax sale might be reinstated. It argues that its interest in a potentially-reinstated tax sale, on a lien for which it has already been paid in full, was injured by the sale order. This alleged injury is not an injury in fact for standing purposes. As stated above, *HN6* an injury in fact must be "actual or imminent, not conjectural or hypothetical." *Bishop Paiute Tribe, 863 F.3d at 1153*. Given that its interest in a potentially-reinstated tax sale only will arise if it prevails in its Ninth Circuit appeal from the relief from stay denial order, its injury is hypothetical.

Imperial County's argument also is based on a false legal premise. It assumes that the relief from stay denial order is ineffective while it is the subject of a pending appeal. This assumption is incorrect. *HN7* While an appeal is pending, federal judgments and orders are fully effective and enforceable absent a stay pending appeal. *Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 190 (9th Cir. 1977)*.

In sum, Imperial County has not established that it meets the constitutional standing requirements of injury in fact, causation and redressability.


**2. Prudential Standing - Standing to Appeal**

Even if we somehow could conclude that Imperial County has constitutional standing, it also would [*8] need to show standing to pursue a bankruptcy appeal. This facet of prudential standing often is referred to as the "person aggrieved" standard: *HN8* an appellant seeking appellate review of a bankruptcy court's judgment or order must be a "person aggrieved" by the order appealed. *Lehman Commercial Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC), 423 B.R. 655, 662 (9th Cir. BAP 2009)*, aff'd, *654 F.3d 868 (9th Cir. 2011)*.

Under this standard, only "those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court" have standing to appeal. *Id.* (quoting *Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983)*). At bottom, the person aggrieved standard presents a question of fact. *Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo), 408 B.R. 280, 299 (9th Cir. BAP 2009)* (citing *Paine v. Dickey (In re Paine), 250 B.R. 99, 104 (9th Cir. BAP 2000)*). Thus, Imperial County needs to show that the order on appeal diminished its property, increased its burdens or otherwise detrimentally affected its rights. See *In re Fondiller, 707 F.2d at 442-43*.

Imperial County cannot show that its pecuniary interests have been directly and adversely affected by the bankruptcy court's sale order. Instead, the sale order bestowed a monetary benefit on Imperial County. Imperial County has admitted that as a result of the sale order its tax lien has been paid in full. In fact, Imperial County has conceded that it has no direct pecuniary interest at stake in this appeal.

> The County does not have to be at risk of monetary harm to have an interest in the appeal. [*9] The County has never argued that it is at risk of not being paid, but that it has a vital interest in establishing the validity of its official actions, not only in connection with this particular sale but as to all future sales.
> Response In Opposition to Appellee's Motion to Dismiss Appeal, BAP Dkt. No. SC-16-1419, Doc. No 24, p. 19.[5]

As for Imperial County's argument regarding its "vital interest in establishing the validity of its official actions," we already addressed and rejected this argument as part of our consideration of constitutional standing. The sale order did nothing to any such interest. It was the relief from stay denial order that potentially impacted this interest. In any

---

suggested that the decision in this appeal simply be stayed pending resolution of the Ninth Circuit appeal on the relief from stay motion. This fails, however, to alter our conviction that Imperial County's institutional interest in clarifying the efficacy of its tax sale procedures is not implicated by the sale order at issue.

[5] Counsel for Imperial County confirmed this position at oral argument.

EXHIBIT "1"
Page 8

2017 Bankr. LEXIS 4172, *9

event, by its own admission, Imperial County's interest in its official actions was not a pecuniary interest directly and adversely affected by the sale order.

Accordingly, Imperial County lacks standing, and this appeal must be dismissed.

**B. Mootness Issue**

Because we have concluded that Imperial County lacks standing, we decline to address the mootness issue.

**CONCLUSION**

For the reasons set forth above, we DISMISS this appeal for lack of standing.

---

**End of Document**

EXHIBIT "1"

Exhibit "2"

**A** Neutral
As of: October 17, 2025 2:33 AM Z

# *Gomez v. Hernandez*

United States District Court for the Central District of California

October 9, 2020, Decided; October 9, 2020, Filed

5:20-cv-00011-GW (SHK)

**Reporter**
2020 U.S. Dist. LEXIS 210983 *

Edith Gomez et al. v. Laurie Hernandez

**Prior History:** *Gomez v. Hernandez, 2020 U.S. Dist. LEXIS 160611 (C.D. Cal., May 15, 2020)*

## Core Terms

Questions, discovery, personal view, protective order, miscarriage, financial information, personal assets, damages, parties, good cause, experiences, deposition, pregnancy, answers

**Counsel:** **[*1]** Attorney(s) Present for Plaintiff(s): None Present.

Attorney(s) Present for Defendant(s): None Present.

**Judges:** Shashi H. Kewalramani, United States Magistrate Judge.

**Opinion by:** Shashi H. Kewalramani

## Opinion

CIVIL MINUTES—GENERAL

**Proceedings: ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER [ECF NO. 36]**

Plaintiffs Edith Gomez ("Gomez") and Oscar Vasquez ("Vasquez"), both individually and as the personal representatives of the estate of their unborn child (collectively, "Plaintiffs") filed suit against Laurie Hernandez ("Defendant") for injuries, including a miscarriage suffered by Gomez, that arose from an automobile accident on Interstate 215 in Riverside County, California, on April 18, 2019.[1] Electronic Case Filing Number ("ECF No.") 1, Compl. at 1-2. Plaintiffs asserted three claims against Defendant: (1) wrongful death and personal injury; (2) survival action; and (3) negligence. Id.

On April 9, 2020, pursuant to *Federal Rule of Civil Procedure ("Rule") 12(b)(6)*, Defendant moved to dismiss all claims brought by Gomez and Vasquez as "personal representatives of the estate of their unborn child"; the wrongful death claim, and the survival action claim. ECF No. 15, Motion to Dismiss Wrongful Death Claims ("Mot. to Dismiss" or "MTD") at 1-2. Defendant also **[*2]** moved to strike portions of the Complaint, pursuant to *Rule 12(f)*. Id. at 2-3. On May 15, 2020, the Court granted the Defendant's MTD on the basis that the governing California law does not provide relief for a wrongful death claim or survival action claim of an unborn child. ECF No. 20, Civil Min.

---

[1] A more detailed summary of the factual background is set forth in this Court's Order Granting Defendant's Motion to Dismiss, ECF No. 21, at 1-2.

at 3-6. Plaintiffs filed a Notice of Appeal to the Ninth Circuit Court of Appeals, see ECF No. 28, Notice of Appeal, but the appeal was dismissed for failure to prosecute, ECF No. 32, Order.

Defendant now brings the instant Motion for a Protective Order Under *Rule 26(c)* ("Motion" or "Mot."), seeking a protective order against various topics of questions in Defendant's upcoming deposition. ECF No. 36, Mot. at 5. These various topics of questions include: (1) when Defendant believes life begins; (2) whether Defendant has ever suffered a miscarriage; (3) details surrounding the birth of Defendant's child and grandchild; (4) whether anyone in Defendant's family has ever suffered a miscarriage; (5) whether Defendant has looked at sonograms; (6) whether Defendant attended any baby showers; (7) Defendant's personal feelings about the measure of loss felt by a man whose spouse suffers a miscarriage; and (8) whether Defendant feels that a miscarriage **[*3]** is a significant event (collectively, "Personal Views Questions"). ECF No. 38, Opposition to Mot. ("Opposition" or "Opp'n") at 6.

The Court ordered briefing on the issue, which all parties have submitted. See ECF No. 34, Min. Based on the reasoning set forth below, the Court **GRANTS** Defendant's Motion.


## I. LEGAL STANDARD


### A. Requirements And Scope Of Discovery Under *Rule 26*

*Rule 26(b)(1)* governs the scope of permissible discovery and provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy, for purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead **[*4]** to other matter that could bear on, any issue that is or may be in the case." *Long Nguyen v. Lotus by Johnny Dung Inc., No. 8:17-cv-01317-JVS-JDE, 2019 U.S. Dist. LEXIS 122787, 2019 WL 3064479, at *1 (C.D. Cal. June 5, 2019)* (internal citations and quotation marks omitted). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009)* (internal citations and quotation marks omitted).

Because discovery must be both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless. See *Fed. R. Civ. P. 26(b)(1)*; *Nguyen, No. 8:17-cv-01317-JVS-JDE, 2019 U.S. Dist. LEXIS 122787, 2019 WL 3064479, at *1*. Consequently, the ability to seek discovery may be denied where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by *Rule 26(b)(1)*." *Fed. R. Civ. P. 26(b)(2)(C)*.

*Rule 26(c)* also limits discovery by permitting entry of a protective order for good cause, in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. P. 26(c)(1)*. "The burden is upon **[*5]** the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004)* (citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id. at 1064* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir.2002))*. "Broad allegations of harm, unsubstantiated by

EXHIBIT "2"
Page 11

specific examples or articulated reasoning, do not satisfy the *Rule 26(c)* test." *Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir., 1992)*. Courts have held that a showing of irrelevancy of proposed discovery is also "good cause" for a protective order. *Smith v. Dowson, 158 F.R.D. 138, 140 (D. Minn. 1994)*; see also, *Navel Orange Admin. Comm. v. Exeter Orange Co., Inc., 722 F.2d 449, 454 (9th Cir. 1983)* (affirming that the district court's grant of a protective order barring defendant from discovering "irrelevant and immaterial matters" was "within [the district court's] broad discretion").

"The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *United States ex rel. Brown v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 U.S. Dist. LEXIS 189371, 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015)* (internal citations and quotation marks omitted).


## II. DISCUSSION


### A. Arguments In Briefing Ordered [*6]  By The Magistrate Judge

1. Defendant's Motion for Protective Order

In her Motion, Defendant's first reason for a protective order is that Defendant's own personal views on when life begins and experiences with pregnancy are irrelevant to Plaintiffs' sole surviving negligence claim, which requires Plaintiffs "to prove the nature and extent of their own personal injuries and emotional distress" independent of Defendant's own personal beliefs. ECF No. 36, Mot. at 2-3. In support of this argument, Defendant cites to *Rule 26(b)(1)*'s relevancy standard. Id. at 3. Defendant argues that Plaintiffs are only seeking noneconomic damages for Gomez's miscarriage, which, under California law, is individualized to the injured party such that "Defendant cannot possibly offer meaningful testimony about the measure of pain or distress felt by the Plaintiffs as a result of the accident." Id. at 4. Defendant also argues that Defendant's personal views on when life begins and experiences with pregnancy are irrelevant under *Rule 26(b)(1)* to her affirmative defenses. Id. at 5.

Defendant's second reason for a protective order is that Plaintiffs' line of questioning "is an act intended to and which inevitably would annoy, embarrass and oppress [Defendant]." [*7]  Id. at 3, 5. The Court notes that, aside from this conclusory statement, Defendant does not provide any further arguments or evidence in support of their second reason.

2. Plaintiffs' Opposition To Defendant's Motion

At the outset, it is worth noting that Plaintiffs' counsel does not cite a single case, state or federal, in his briefing.

In Plaintiffs' Opposition, Plaintiffs first argue that the Personal View Questions are relevant because they go towards each of Defendant's affirmative defenses. ECF No. 38, Opp'n at 4-5. Plaintiffs argue that, because "Defendant has asserted that no damage [has] occurred from a miscarriage," then Plaintiffs are entitled to question Defendant regarding her personal views on the damages that Plaintiffs suffered and why Defendant believes that Plaintiffs did not suffer any damages. Id. at 6.

Plaintiffs then raise a second issue not addressed in the Motion, which is that Plaintiffs seek information regarding Defendant's insurance, employment history, and assets ("Personal Asset Questions"). Id. at 7. Plaintiffs argue that Defendant's answers to the Personal Asset Questions are relevant under *Rule 26(b)(1)* because her answers "paint a picture of what kind of witness she would be." Id. at 7.

3. Defendant's [*8]  Reply

In Defendant's Reply In Support Of Defendant's Motion For Protective Order ("Reply"), Defendant once again reiterates that only Plaintiffs can offer meaningful testimony regarding the noneconomic damages they suffered,

EXHIBIT "2"
Page 12

2020 U.S. Dist. LEXIS 210983, *8

and that the Personal Views Questions "cannot rationally be tied to any of Defendant's asserted affirmative defenses." ECF No. 40, Reply at 1-2. Defendant argues that Defendant's personal views do not impact Plaintiffs' recovery for noneconomic damages arising from Gomez's miscarriage, because Plaintiffs' recovery is governed by California case law. Id. at 2.

Defendant also reiterates that a protective order against the Personal Views Questions is appropriate because "annoyance, embarrassment[,] and oppression . . . will inevitably result from questioning on these deeply person[al] topics." Id. at 3.

Finally, Defendant responds to only Plaintiffs' intent to question Defendant on her personal assets. Id. at 2. Defendant argues that questions relating to Defendant's financial status without a punitive damages claim is impermissible because the questions "cannot lead to the discovery of admissible evidence," and thus are prohibited under Rule 26. Id. Defendant cites to one federal case limiting discovery **[*9]** of finances, but relies on a California case in support of her assertion that financial information is not discoverable under California law absent a punitive damages claim.[2] Id. at 2-3.

**B. Analysis**

1. Questions Regarding Defendant's Personal Views

The threshold issue is whether Plaintiffs' Personal Views Questions are within the scope of permissible discovery under Rule 26(b)(1). As Defendant noted in her brief, the only remaining cause of action is negligence, so Plaintiffs' Personal Views Questions must be relevant and proportional to the needs of their negligence claim.

California law on automobile negligence states that a driver "[is] under a duty, both by statute and common law, to operate [their] vehicle without negligence so as to abstain from injuring any other person or [their] property."[3] *Bewley v. Riggs, 262 Cal. App. 2d 188, 194, 68 Cal. Rptr. 520 (Cal. App. 1968)* (citing *Cal. Civ. Code. § 1708* and *Kramer v. Barnes, 212 Cal.App.2d 440, 449, 27 Cal. Rptr. 895 (Cal. App. 1963))*. However, Plaintiffs' Personal Views Questions do not even come close to being related to Defendant's duty to operate her vehicle without injuring another person or their property. Defendant's personal views on miscarriage and when life begins, as well as Defendant's experiences with pregnancy, attendance at baby showers, and her experience viewing sonograms, for example, plainly do not demonstrate, **[*10]** and could not reasonably lead to information demonstrating, how Defendant operated her vehicle at the time of the incident. The clear lack of relevancy of the Personal Views Questions is good cause to grant Defendant's Motion. See *Smith, 158 F.R.D. at 140*.

To the extent Plaintiffs claim the Personal Views Questions are for the purposes of assessing damages, Plaintiffs' argument fails.[4] As Defendant noted, the facts surrounding Plaintiffs' injuries—both economic and noneconomic— are best known by Plaintiffs and, thus, Defendant's answers to the Personal Views Questions would not lead to other information regarding the damages suffered by Plaintiffs. See *Mitchell v. Hutchings, 116 F.R.D. 481, 484-85 (D. Utah 1987)* ("If the evidence sought is not relevant, and thus inadmissible, and it does not appear that the evidence sought will lead to evidence that is admissible, then the court can properly limit discovery."). More to the point, Defendant's personal opinions and experiences with pregnancy have no bearing on Plaintiffs' pain and suffering and, consequently, such evidence is not relevant Plaintiffs' damages claim.

---

[2] The Court reminds Defendant that the instant action is brought in federal court, so procedural, discovery issues are governed by federal law and not California law.

[3] Although Plaintiffs do not cite to any California statute in their Complaint, Plaintiffs claim that Defendant "had a duty to act reasonably and use due care while driving." ECF No. 1, Compl. at 5.

[4] The Court notes that Plaintiffs have not cited any authority to the contrary.

EXHIBIT "2"
Page 13

2020 U.S. Dist. LEXIS 210983, *10

In addition to irrelevancy, there is also good cause under *Rule 26(c)* to prohibit Plaintiffs' counsel from asking the Personal Views Questions because those questions **[*11]** could cause the Defendant annoyance or embarrassment, particularly when answering in a deposition setting. Certain Personal Views Questions, such as when Defendant believes life begins or whether Defendant as suffered a miscarriage, are so intimate on their face such that, absent a clear showing of relevancy, the Court will not permit Plaintiffs' counsel to subject Defendant to that line of questioning. Additionally, given how irrelevant the Personal Views Questions are, it appears that these questions are instead intended to elicit an emotional response and, therefore, are improper questions for Defendant's deposition.

Therefore, Defendant's Motion related to seeking protection from answering Plaintiffs' Personal Views Questions is **GRANTED**.

2. Questions Regarding Defendant's Personal Assets

In their Opposition, Plaintiffs raise the issue of whether Plaintiffs are entitled to question Defendant about her insurance, employment history, and assets. ECF No. 38, Opp'n at 7. Both parties have acknowledged in their briefing that Plaintiffs agreed not to ask the Personal Asset Questions, but it appears from Plaintiffs' brief that they now intend to do so. Id.

The Court reminds both parties that **[*12]** the Federal Rules of Evidence and the Federal Rules of Civil Procedure govern, not California's Code of Civil Procedure.[5] Under *Rule 26*, parties are subject to an initial required disclosure that includes insurance information. *Fed. R. Civ. P. 26(a)(1)*. And employment information is often part of routine background questions asked during a deposition. See, e.g., *McKinstry v. Ikon Office Sols., Inc., No. 1:05-CV-3119-CC-AJB, 2006 U.S. Dist. LEXIS 110054, 2006 WL 8432450, at *10 (N.D. Ga. Aug. 10, 2006)*. But personal financial information, including assets, is not mandated, and courts are cognizant of an individual's privacy interests regarding their financial information if that financial information is irrelevant to the claims at issue. See, e.g., *Groce v. Claudat, No. 09-CV-01630-BTM WMC, 2012 U.S. Dist. LEXIS 69870, 2012 WL 1831574, at *3 (S.D. Cal. May 18, 2012)* (limiting the plaintiff's discovery requests for the defendant's personal financial accounts because "[t]he production of the documents would subject defendant to disclosure of highly private and confidential matters that have little if any probative value to plaintiff's claims").

In the present matter, under *Rule 26(a)(1)*, Plaintiffs are entitled to information regarding Defendant's insurance at the time of the incident. Additionally, the Court is aware that questions regarding Defendant's employment information may arise as routine **[*13]** background questioning during her deposition. However, the Court recognizes that Defendant has a privacy interest in keeping her financial information undisclosed, particularly since the Plaintiffs have not yet made Defendant's finances an issue. The Court finds it difficult to see how Defendant's financial information could possibly demonstrate, or reasonably lead to information demonstrating, whether Defendant operated her vehicle negligently. Thus, at this time, Plaintiff is prohibited from seeking information regarding Defendant's personal assets.

## III. CONCLUSION

For the reasons discussed above, Defendant's Motion for a Protective Order [ECF No. 36] is **GRANTED** insofar as Plaintiffs' questions regarding Defendant's personal views on when life begins, experiences with pregnancy, and personal financial information. Further, Plaintiff is not allowed to seek information regarding Defendant's personal assets but may seek as allowed under the Federal Rules of Civil Procedure, including Defendant's employment history.

## IT IS SO ORDERED

---

[5] The Court also reminds the parties that *Rule 30* governs both parties' conduct during a deposition. See *Fed. R. Civ. P. 30*.

EXHIBIT "2"
Page 14

2020 U.S. Dist. LEXIS 210983, *13

---

**End of Document**

EXHIBIT "2"
Page 15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF UNPUBLISHED AUTHORITY IN SUPPORT OF LIQUIDATING TRUSTEE'S REPLY IN SUPPORT OF SECOND MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING NEW ADVERSARY PROCEEDINGS BROUGHT BY TRUSTEE'S GENERAL COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 16, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 16, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST~~
~~SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 16, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**MONITOR**
Nancy Rapoport
nancy.rapoport@unlv.edu

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 16, 2025 | Cythia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **INTERESTED PARTY COURTESY NEF: Joseph E Addiego**    joeaddiego@dwt.com, ayshalewis@dwt.com;kimberlysimmonsgreene@dwt.com;ryanrubio@dwt.com
- **INTERESTED PARTY COURTESY NEF: Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC: Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.: Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF: Ethan J Birnberg**    birnberg@portersimon.com, reich@portersimon.com
- **ATTORNEY FOR RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIGUIDATING TRUST:** Anthony Bisconti    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **INTERESTED PARTY COURTESY NEF:** Andre Boniadi    aboniadi@bzlegal.com.
- **ATTORNEY FOR SLATE ADVANCE LLC & MYNT ADVANCE, LLC:** Joseph Boufadel    jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Peter W Bowie**    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Samuel Mushegh Boyajian**    samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **INTERESTED PARTY COURTESY NEF:** Brian Boyd    brian.boyd@dinsmore.com, tracey.shepherdgwinner@dinsmore.com;lana.stawecki@dinsmore.com
- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC: Ronald K Brown**    ron@rkbrownlaw.com
- **ATTORNEY FOR CREDIT REPORTING SERVICES, INC.:** Manon Burns    mburns@awglaw.com
- **INTERESTED PARTY COURTESY NEF:** Kevin M Capuzzi    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- **INTERESTED PARTY COURTESY NEF:** Thomas H Casey    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR ELIZABETH A. SHORE: Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF: Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF: Randall Baldwin Clark**    rbc@randallbclark.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Bryan Cockroft    bryan.cockroft@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI: Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **INTERESTED PARTY COURTESY NEF:** Nicholas S Couchot    ncouchot@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Cara Daggitt**    cara.daggitt@dinsmore.com, Keegan.Giblin@Dinsmore.com
- **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.: Michael W Davis**    mdavis@dtolaw.com, ygodson@dtolaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Devan De los Reyes ddelosreyes@marshackhays.com, ddelosreyes@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF: Anthony Paul Diehl**    anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **INTERESTED PARTY COURTESY NEF: Ashley Dionisio**    adionisio@omniagnt.com
- **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER : Jenny L Doling**    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **INTERESTED PARTY COURTESY NEF: Jamie P Dreher**    jdreher@downeybrand.com, amasson@downeybrand.com;courtfilings@downeybrand.com
- **ATTORNEY FOR CREDITOR CAROLYN BEECH: Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **INTERESTED PARTY COURTESY NEF: Howard M Ehrenberg**    Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmla w.com
- **INTERESTED PARTY COURTESY NEF: Lexi J. Epley**    lexi.epley@dinsmore.com, angelica.urena@dinsmore.com
- **CREDITOR: Meredith Fahn**    fahn@sbcglobal.net
- **INTERESTED PARTY COURTESY NEF:** Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC: William P Fennell**    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelll aw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **INTERESTED PARTY COURTESY NEF:** Jesse S Finlayson    jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com
- **INTERESTED PARTY COURTESY NEF: Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL: Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **ATTORNEY FOR CREDITOR HERRET CREDIT: Eric Gassman**    erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF: Yisrael Gelb**    yisrael@gelblawapc.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio**    Christopher.Ghio@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio**    christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD: Amy Lynn Ginsburg**    efilings@ginsburglawgroup.com
- **INTERESTED PARTY COURTESY NEF: Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC: Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC: Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com; lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC: David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Spencer Keith Gray spencer.gray@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Mary H Haas    maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com
- **INTERESTED PARTY COURTESY NEF:** David S Hagen    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
- **INTERESTED PARTY COURTESY NEF:** Asa S Hami    asa.hami@gmlaw.com, ahami@ecf.courtdrive.com;patricia.dillamar@gmlaw.com;pdillamar@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Bernard M Hansen    bernardmhansen@sbcglobal.net
- **INTERESTED PARTY COURTESY NEF:** Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Geoffrey A Heaton    gheaton@duanemorris.com, kramos@duanemorris.com
- **INTERESTED PARTY COURTESY NEF:** Carson Heninger    heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com
- **INTERESTED PARTY COURTESY NEF:** Btzalel Hirschhorn    bhirschhorn@sbagk.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY: Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Karen Hockstad karen.hockstad@dinsmore.com, kim.beavin@dinsmore.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION: Brian L Holman**    b.holman@musickpeeler.com
- **INTERESTED PARTY COURTESY NEF: Richard L. Hyde**    rhyde@awglaw.com
- **INTERESTED PARTY COURTESY NEF: Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION: Peter L Isola**    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC: Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Veneeta Jaswal** veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sara Johnston**    sara.johnston@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Leslie K Kaufman    kaufman_kaufman.bankruptcy@yahoo.com, kaufmanlr98210@notify.bestcase.com
- **ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS: Sweeney Kelly**    kelly@ksgklaw.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.: Joon M Khang**    joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE: Ira David Kharasch**    ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP: Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC: David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF: Christopher J Langley**    chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Kelli Ann Lee**    Kelli.lee@dinsmore.com, kristy_allen@dinsmore.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC: Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC: Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.: Britteny Leyva**    bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **INTERESTED PARTY COURTESY NEF ADVERSARY PROCEEDING #: 8:23-AP-01148-SC: Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC: Michael D Lieberman**    mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP: Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **INTERESTED PARTY COURTESY NEF: Charity J Manee**    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **INTERESTED PARTY AND ATTORNEY: Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH: Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Suzanne Marino**    suzanne.marino@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Joshua I. Marrone**    joshua.marrone@dinsmore.com
- **CHAPTER 11 TRUSTEE: Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Mason**    jeana.mason@dinsmore.com, ashlynn.harrison@dinsmore.com;stella.laroe@dinsmore.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Caroline Massey**    caroline.massey@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Tony May**    tmay@maybrocklaw.com
- **INTERESTED PARTY COURTESY NEF: Noah K McCall**    nmccall@rschauerlaw.com, NAnderson@RSchauerLaw.com
- **INTERESTED PARTY COURTESY NEF: William McCormick**    Bill.McCormick@ag.tn.gov
- **ATTORNEY FOR CREDITORS/DEFENDANTS SABIA FINANCIAL, INC, AN ILLINOIS CORPORATION; FRANK DAL BELLO, AN INDIVIDUAL; AND CHAD ROTHROCK, AN INDIVIDUAL: Jeffrey A. Meinhardt**    jmeinhardt@silverandarsht.com
- **ATTORNEY FOR US TRUSTEE: Kristin T Mihelic**    kristin.t.mihelic@usdoj.gov
- **ATTORNEY FOR US TRUSTEE: Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC: Glenn D. Moses**    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jamie D Mottola
  Jamie.Mottola@dinsmore.com, wendy.yones@dinsmore.com;deamira.romo@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Randall P Mroczynski    randym@cookseylaw.com
- **INTERESTED PARTY COURTESY NEF: Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
- **INTERESTED PARTY COURTESY NEF: Victoria Newmark**    vnewmark@pszjlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jacob Newsum-
  Bothamley**    jacob.bothamley@dinsmore.com, angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **CREDITOR: Israel Orozco**    israel@iolawcorp.com
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Keith C Owens**    kowens@foxrothschild.com,
  khoang@foxrothschild.com
- **INTERESTED PARTY COURTESY NEF:** Brian A Paino    bpaino@hinshawlaw.com,
  hmosothoane@hinshawlaw.com;crico@hinshawlaw.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.: Lisa Patel**    lpatel@lesnickprince.com,
  jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST:
  Julian Parker Pecora**    julian.pecora@dinsmore.com, Tracey.Hebert@dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Michael R
  Pinkston**    rpinkston@seyfarth.com,
  jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@s
  eyfarth.com
- **INTERESTED PARTY COURTESY NEF:** Christopher L Pitet    cpitet@apjuris.com, bferik@apjuris.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST:
  Richard D. Porotsky**    maria.rother@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Tyler
  Powell**    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Laila Rais**
  lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Brett Ramsaur    brett@ramsaurlaw.com,
  alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com
- **INTERESTED PARTY COURTESY NEF:** Donald W Reid    don@donreidlaw.com,
  5969661420@filings.docketbird.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING: Daniel H
  Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR UNIFIED GLOBAL RESEARCH GROUP, INC.: Vincent Renda**
  vr@pinlegal.com, ld@pinlegal.com
- **INTERESTED PARTY COURTESY NEF:** Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC: Ronald N
  Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR MORNING LAW GROUP, P.C.:** Todd C. Ringstad    becky@ringstadlaw.com,
  arlene@ringstadlaw.com
- **INTERESTED PARTY COURTESY NEF:** Christopher O Rivas    crivas@reedsmith.com, chris-rivas-
  8658@ecf.pacerpro.com;sean-wilson-0462@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Vanessa
  Rodriguez**    vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Kevin Alan
  Rogers**    krogers@wellsmar.com
- **ATTORNEY FOR DEFENDANT STEVEN D. SILVERSTEIN: Larry Rothman**    tocollect@aol.com
- **ATTORNEY FOR CREDITOR MARI AGAPE: Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF:** Richik Sarkar    richik.sarkar@dinsmore.com,
  Noreen.Leciejewski@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Joshua L Scheer    jscheer@scheerlawgroup.com,
  jscheer@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                      **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Olivia Scott**    olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jonathan Serrano** Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com
- **INTERESTED PARTY COURTESY NEF:** Abdul Shahid    abdulwasay.shahid@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC: Maureen J Shanahan**    Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC: Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR DEBT RESOLUTION DIRECT, LLC:** Brian L Shaw    bshaw@cozen.com, cknez@cozen.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC: Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **ATTORNEY FOR DEFENDANT BRANDON TURNER:** Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **INTERESTED PARTY COURTESY NEF: Jeffrey M Singletary**    jsingletary@swlaw.com, rmckay@swlaw.com
- **INTERESTED PARTY COURTESY NEF:** Jeffrey B Smith    jsmith@cgsattys.com, vphillips@cgsattys.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Matthew Sommer**    matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC: Adam D Stein-Sapir**    info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew S Steinberg msteinberg@cozen.com, arincon@cozen.com;BPosivak@cozen.com;matthew-steinberg-5925@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): John H. Stephens**    john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.: Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew J Stockl matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK: Michael R Totaro**    Ocbkatty@aol.com
- **US TRUSTEE: United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Belinda M Vega**    apark@venable.com
- **INTERESTED PARTY COURTESY NEF:** Alexandra W Wahl    alex.wahl@wickphillips.com
- **ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC: William J Wall**    wwall@wall-law.com
- **INTERESTED PARTY COURTESY NEF:** Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** J Tanner Watkins tanner.watkins@dinsmore.com, julie.mason@dinsmore.com;nathan.hall@dinsmore.com;molly.mattingly@dinsmore.com
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **INTERESTED PARTY COURTESY NEF:** Scott W Wellman    swellman@w-wlaw.com, jklein@w-wlaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC: Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
- **INTERESTED PARTY COURTESY NEF:** Reilly D Wilkinson    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Reid A Winthrop    reid@winthroplawgroup.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Reina Zepeda**    rzepeda@omniagnt.com
- **INTERESTED PARTY COURTESY NEF:** Isaac R Zfaty    izfaty@muchlaw.com, jnguyen@muchlaw.com;esantos@muchlaw.com;chess@muchlaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**