Christopher O. Rivas (SBN 238765)
Alexis A. Rochlin (SBN 280634)
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA  90071
Telephone:     (213) 457-8000
Facsimile:     (213) 457-8080
Email: crivas@reedsmith.com
        arochlin@reedsmith.com

*Attorneys for JPMorgan Chase Bank, N.A., also
erroneously sued as JPMorgan Chase & Co.*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, P.C., | Chapter 11 |
| Debtor. | |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust | Adversary No.: 8:25-ap-01298-SC |
| Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |
| vs. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; JPMORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant JPMorgan Chase Bank, N.A., also erroneously sued as JPMorgan Chase & Co. ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Amended Adversary Complaint (the "Complaint") filed by Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Plaintiff) for the estate of The Litigation Practice Group (the "Debtor") in the above-captioned Bankruptcy Case as follows:

## STATEMENT OF THE CASE

1. The allegations contained in paragraph 1 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied. To the extent that a response is deemed required, Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 1 of the Complaint. As such, all averments in paragraph 1 of the Complaint are hereby denied.

2. The allegations contained in paragraph 2 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied. To the extent that a response is deemed required, Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 2 of the Complaint. As such, all averments in paragraph 2 of the Complaint are hereby denied.

3. The allegations contained in paragraph 3 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied. To the extent that a response is deemed required, Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 3 of the Complaint. As such, all averments in paragraph 3 of the Complaint are hereby denied.

4. The allegations contained in paragraph 4 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied. To the extent that a response is deemed required, Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 4 of the Complaint. As such, all averments in paragraph 4 of the Complaint are hereby denied.

5. The allegations contained in paragraph 5 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied. To the extent that a

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

response is deemed required, Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 5 of the Complaint.  As such, all averments in paragraph 5 of the Complaint are hereby denied.

## STATEMENT OF JURISDICTION AND VENUE

6.    Defendant admits that this Court has subject matter jurisdiction over this matter solely with respect to JPMorgan Chase Bank, N.A., but denies there is any such jurisdiction over JPMorgan Chase & Co.

7.    The allegations contained in paragraph 7 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 7.

8.    Defendant admits that this is an adversary proceeding.

9.    Defendant admits that venue is proper in this judicial district solely with respect to JPMorgan Chase Bank, N.A., but denies there is any such jurisdiction over JPMorgan Chase & Co.

## PARTIES

10.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 10 of the Complaint.  As such, all averments in paragraph 10 of the Complaint are hereby denied.

11.    Defendant states that the PACER docket speaks for itself and that the allegations of Paragraph 11 of the Complaint do not require an admission or denial.

12.    Defendant states that the PACER docket speaks for itself and that the allegations of Paragraph 12 of the Complaint do not require an admission or denial.

13.    Defendant states that it is a national banking association and that its main office is located in Columbus, Ohio.  Except as expressly admitted, Defendant denies.

14.    Defendant states that JPMorgan Chase & Co. is a Delaware corporation that is headquartered in New York, but denies that JPMorgan Chase & Co. was engaged in any business with the Debtor.

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

15.    Defendant states that JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of JPMorgan Chase & Co.

16.    Defendant states that it issues certain lending products including credit cards, but otherwise denies the allegations in paragraph 16 of the Complaint.

17.    Defendant denies the allegations in paragraph 17 of the Complaint.

18.    Defendant denies the allegations in paragraph 18 of the Complaint.

19.    The allegations contained in paragraph 19 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 19 of the Complaint.  As such, all averments in paragraph 19 of the Complaint are hereby denied.

## GENERAL ALLEGATIONS

**A.    The Bankruptcy Case**

20.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 20 of the Complaint.  As such, all averments in paragraph 20 of the Complaint are hereby denied.

21.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 21 of the Complaint.  As such, all averments in paragraph 21 of the Complaint are hereby denied.

22.    Defendant states that the PACER docket speaks for itself and that the allegations of Paragraph 22 of the Complaint do not require an admission or denial.

**B.    Fraudulent Entities**

23.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 23 of the Complaint.  As such, all averments in paragraph 23 of the Complaint are hereby denied.

24.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 24 of the Complaint.  As such, all averments in paragraph 24 of the Complaint are hereby denied.

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

25. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 25 of the Complaint.  As such, all averments in paragraph 25 of the Complaint are hereby denied.

26. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 26 of the Complaint.  As such, all averments in paragraph 26 of the Complaint are hereby denied.

27. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 27 of the Complaint.  As such, all averments in paragraph 27 of the Complaint are hereby denied.

28. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 28 of the Complaint.  As such, all averments in paragraph 28 of the Complaint are hereby denied.

29. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 29 of the Complaint.  As such, all averments in paragraph 29 of the Complaint are hereby denied.

30. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 30 of the Complaint.  As such, all averments in paragraph 30 of the Complaint are hereby denied.

31. The allegations contained in paragraph 31 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 31.

32. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 32 of the Complaint.  As such, all averments in paragraph 32 of the Complaint are hereby denied.

33. Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 33 of the Complaint.  As such, all averments in paragraph 34 of the Complaint are hereby denied.

34. The allegations contained in paragraph 34 of the Complaint contain legal conclusions

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 5 –

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 34.

**C.      Ponzi Scheme**

35.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 35 of the Complaint.  As such, all averments in paragraph 35 of the Complaint are hereby denied.

36.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 36 of the Complaint.  As such, all averments in paragraph 36 of the Complaint are hereby denied.

37.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 37 of the Complaint.  As such, all averments in paragraph 37 of the Complaint are hereby denied.

38.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 38 of the Complaint.  As such, all averments in paragraph 38 of the Complaint are hereby denied.

39.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 39 of the Complaint.  As such, all averments in paragraph 39 of the Complaint are hereby denied.

40.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 40 of the Complaint.  As such, all averments in paragraph 40 of the Complaint are hereby denied.

41.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 41 of the Complaint.  As such, all averments in paragraph 41 of the Complaint are hereby denied.

42.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 42 of the Complaint.  As such, all averments in paragraph 42 of the Complaint are hereby denied.

43.      Defendant states that the PACER docket speaks for itself and that the allegations of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Paragraph 43 of the Complaint do not require an admission or denial.

44.      The allegations contained in paragraph 44 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 44.

45.      The allegations contained in paragraph 45 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 45.

46.      Defendant denies the allegations in paragraph 46 of the complaint.

**D.      Prepetition Creditors and Lawsuits**

47.      Defendant states that the PACER docket speaks for itself and that the allegations of Paragraph 47 of the Complaint do not require an admission or denial.

48.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 48 of the Complaint.  As such, all averments in paragraph 48 of the Complaint are hereby denied.

49.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 49 of the Complaint.  As such, all averments in paragraph 49 of the Complaint are hereby denied.

50.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 50 of the Complaint.  As such, all averments in paragraph 50 of the Complaint are hereby denied.

51.      Defendant states that the PACER docket speaks for itself and that the allegations of Paragraph 51 of the Complaint do not require an admission or denial.

**E.      Debtor's Insolvency**

52.      Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 52 of the Complaint.  As such, all averments in paragraph 52 of the Complaint are hereby denied.

53.      The allegations contained in paragraph 53 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

response is deemed required, Defendant denies each and every allegation in paragraph 53.

**F.  Fraudulent Sublease, Guaranty, Letter of Credit, and Security Agreement**

54.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 54 of the Complaint. As such, all averments in paragraph 54 of the Complaint are hereby denied.

55.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 55 of the Complaint. As such, all averments in paragraph 55 of the Complaint are hereby denied.

56.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 56 of the Complaint. As such, all averments in paragraph 56 of the Complaint are hereby denied.

57.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 57 of the Complaint. As such, all averments in paragraph 57 of the Complaint are hereby denied.

58.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 58 of the Complaint. As such, all averments in paragraph 58 of the Complaint are hereby denied.

59.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 59 of the Complaint. As such, all averments in paragraph 59 of the Complaint are hereby denied.

60.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 60 of the Complaint. As such, all averments in paragraph 60 of the Complaint are hereby denied.

61.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 61 of the Complaint. As such, all averments in paragraph 61 of the Complaint are hereby denied.

62.  Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 62 of the Complaint. As such, all averments in paragraph 62 of the Complaint

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

are hereby denied.

63.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 63 of the Complaint.  As such, all averments in paragraph 63 of the Complaint are hereby denied.

64.    Defendant admits.

65.    Defendant admits.

66.    Defendant admits.

67.    Defendant admits.

68.    Defendant admits.

69.    Defendant admits.

70.    Defendant admits.

71.    Defendant admits.

72.    Defendant admits.

73.    Defendant admits.

74.    Defendant admits.

75.    Defendant denies the characterization of paragraph 75 of the Complaint, but admits that it did make such a request upon Trustee.

76.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 76 of the Complaint.  As such, all averments in paragraph 76 of the Complaint are hereby denied.

77.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 77 of the Complaint.  As such, all averments in paragraph 77 of the Complaint are hereby denied.

78.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 78 of the Complaint.  As such, all averments in paragraph 78 of the Complaint are hereby denied.

79.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 79 of the Complaint.  As such, all averments in paragraph 79 of the Complaint

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

are hereby denied.

80.    Defendant denies the allegations in paragraph 80 of the Complaint.

81.    Defendant denies the allegations in paragraph 81 of the Complaint.

82.    The allegations contained in paragraph 82 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 82.

**G.    Proof of Claim**

83.    Defendant admits.

84.    Defendant denies the characterizations of paragraph 84 of the Complaint, but admits that it has asserted a secured claim for the reasons set forth more fully therein.

85.    Defendant admits.

**H.    The Subject Transfers**

86.    Defendant denies the allegations in paragraph 86 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

87.    Defendant denies the allegations in paragraph 87 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

88.    Defendant denies the allegations in paragraph 88 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

89.    Defendant denies the allegations in paragraph 89 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

90.    The allegations contained in paragraph 90 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 90.

91.    Defendant denies the allegations in paragraph 91 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

92.    Defendant denies the allegations in paragraph 92 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

93.    The allegations contained in paragraph 93 of the Complaint contain legal conclusions

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 10 –

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 93.

**I.    Due Diligence**

94.    Defendant admits that certain communications have occurred between counsel for the parties.

95.    Defendant admits that a limited tolling agreement was executed but denies that JPMorgan Chase & Co. was ever a party to any such agreement and specifically asserts that any claims the Plaintiff may have had against JPMorgan Chase & Co. are therefore time-barred.

96.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 96 of the Complaint.  As such, all averments in paragraph 96 of the Complaint are hereby denied.

**FIRST CLAIM FOR RELIEF**

**(Avoidance, Preservation, and Recovery of Actual Fraudulent Obligations and Transfers and for Turnover of Property)**

**[11 U.S.C. §§ 542, 544, 548(a)(1)(A), 550, 551; Cal. Civil Code §§ 3439.04(a)(1), 3439.07]**

97.    Defendant hereby incorporates its preceding responses by reference as if set forth fully at length herein.

98.    The allegations contained in paragraph 98 of the Complaint contain legal conclusions to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 98.

99.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 99 of the Complaint.  As such, all averments in paragraph 99 of the Complaint are hereby denied.

100.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 100 of the Complaint.  As such, all averments in paragraph 100 of the Complaint are hereby denied.

101.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 101 of the Complaint.  As such, all averments in paragraph 101 of the

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Complaint are hereby denied.

102.    The allegations contained in paragraph 102 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 102.

103.    The allegations contained in paragraph 103 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 103.

104.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 104 of the Complaint.  As such, all averments in paragraph 104 of the Complaint are hereby denied.

105.    The allegations contained in paragraph 105 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 105.

106.    The allegations contained in paragraph 106 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 106.

107.    Defendant denies the allegations in paragraph 107 of the Complaint, and further denies that Plaintiff is entitled to the relief sought therein.

## SECOND CLAIM FOR RELIEF

**(Avoidance, Preservation, and Recovery of Constructive Fraudulent Obligations and Transfers and for Turnover of Property)**

**[11 U.S.C. §§ 542, 544, 548(a)(1)(B), 55, and 551; Cal. Civil Code  §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

108.    Defendant hereby incorporates its preceding responses by reference as if set forth fully at length herein.

109.    Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 109 of the Complaint.  As such, all averments in paragraph 109 of the Complaint are hereby denied.

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

110.     The allegations contained in paragraph 110 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 110.

111.     Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 111 of the Complaint.  As such, all averments in paragraph 111 of the Complaint are hereby denied.

112.     Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 112 of the Complaint.  As such, all averments in paragraph 112 of the Complaint are hereby denied.

113.     Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 113 of the Complaint.  As such, all averments in paragraph 113 of the Complaint are hereby denied.

114.     Defendant is without information so as to form a belief as to the truth of the matters alleged in paragraph 114 of the Complaint.  As such, all averments in paragraph 114 of the Complaint are hereby denied

115.     The allegations contained in paragraph 115 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied.  To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 115.

116.     Defendant denies the allegations in paragraph 116 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

117.     Defendant denies the allegations in paragraph 117 of the Complaint and further denies that Plaintiff is entitled to the relief sought therein.

### THIRD CLAIM FOR RELIEF

**(Disallowance of Claim)**

**[11 U.S.C. §§502(d)]**

118.     Defendant hereby incorporates its preceding responses by reference as if set forth fully at length herein.

119.     Defendant states that the referenced proof of claim speaks for itself and that the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

allegations in paragraph 119 require no admission or denial.

120. The allegations contained in paragraph 120 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied. To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 120.

121. The allegations contained in paragraph 121 of the Complaint contain legal conclusion to which no response is required and such allegations are, therefore, denied. To the extent that a response is deemed required, Defendant denies each and every allegation in paragraph 121.

Defendant further denies that the Trustee is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a prima facie case for recovery against Defendant, and accordingly has failed to state a claim upon which relief may be granted, including, without limitation, any claim for actual fraud under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq., including California Civil Code §§ 3439.04. In particular, the Complaint is completely devoid of any allegations concerning the transfers allegedly made by the Debtor to Defendant, including the amount of any such transfer, the method of conveyance, the date of conveyance, and the aggregate transfers allegedly made by Debtor to Defendant, all of which should be in the possession of Plaintiff. Plaintiff has also failed to allege facts supporting any presumptions or conclusions related to any badges of fraud, *ponzi* scheme allegations, or other similar or related presumptions.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Defendant received any of the transfers alleged in the Complaint (the "Transfers"), Defendant provided reasonably equivalent (if not full, dollar-for-dollar) value in exchange for such Transfers.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Defendant received any of the Transfers, Defendant took in good faith, provided reasonably equivalent (and, alternatively, dollar-for-dollar) value and/or extinguished an

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

antecedent debt in exchange therefor.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendant received any of the transfers referenced in the Complaint and Defendant was not the initial transferee, Plaintiff cannot recover from Defendant because Defendant took the transfers for value, in good faith, without knowledge of the voidability of the transfers.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain a double-recovery of any transfers that are recovered or determined to be recoverable from any principals or insiders of the Debtor, from the beneficiaries of the alleged Transfers, or from any persons or entities other than Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for recovery of the transfers referenced in the Complaint fails to the extent that such claim is time-barred under California Civil Code §§ 3439.09 and under Bankruptcy Code sections 544 and 548, as well as other applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief may be granted against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff are equitably barred to the extent that Plaintiff seeks to stand in the shoes of the Debtor to recover transfers made for which Debtor itself reductions to its contractual indebtedness to Defendant.

## NINTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff are barred by the doctrine of *in pari delicto* because, among other things, the acts of its predecessors, agents, and representatives are imputed to the Plaintiff.

WHEREFORE, Defendant requests the following relief:

(a)      Dismissal of the Complaint with prejudice;

(b)      An award of Defendant's attorneys' fees and costs; and

(c)      Such other relief as this Court deems appropriate.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 15 –

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DATED:  November 24, 2025          REED SMITH LLP


By   */s/ Christopher O. Rivas*
     Christopher O. Rivas
     Alexis A. Rochlin


*Attorneys for JPMorgan Chase Bank, N.A., also erroneously sued as JPMorgan Chase & Co.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 16 –

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **Reed Smith LLP, 515 South Flower Street, Suite 4300, Los Angeles, CA 90071-1514**.

**A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED (*SPECIFY*) ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**
 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **n,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEYS FOR PLAINTIFFS**
- **D. Edward Hays – ehays@marshackhays.com**
- **Aaron E. De Leest adeleest@marshackhays.com**
- **Chad V. Haes – chaes@marshackhays.com**

**INTERESTED PARTY - Brandon J, Iskander – biskander@goeforlaw.com**
**PLAINTIFF – Richard A Marshack – pkraus@marschackhays.com**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 31, 2025,** I served the following persons and/or entities by personal delivery, **overnight mail service**, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**The Honorable Scott C. Clarkson**
**(Bin beside 5th Floor Elevators)**
**United States Bankruptcy Court, Ronald Reagan Federal Building**
**411 West Fourth Street**
**Santa Ana, CA  92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11-24-2025 | Valerie S. Paredes | */s/ Valerie S. Paredes* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**
US_ACTIVE-209636038.v1-VSPAREDE-11/24/2025 12:34 PM