Name  Kathleen P. March, Esq., (CA SBN 80336)

Address  THE BANKRUPTCY LAW FIRM, PC

City, State, Zip  10524 W. Pico Blvd., Suite 212, LA, CA 90064

Phone  310-559-9224

Fax  310-559-9133

E-Mail  kmarch@BKYLAWFIRM.COM

☐ FPD    ☐ Appointed    ☐ CJA    ☐ Pro Per    ☒ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Greyson Law Center, PC, a CA Prof. Corp.; Han Trinh, an individual; Phuong Jayde Trinh, an individual<br><br>PLAINTIFF(S),<br><br>v.<br><br>Richard A. Marshack, as Chapter 11 Trustee (and as Trustee for LPG's Liquidating Trust)<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>8:24-cv-02074-FMO<br><br>---<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _Greyson Law Center PC; Han Trinh; & Phuong Jayde Trinh, each_ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify):
[dkt. 52 filed & signed 3/10/26] attached as Ex. A, ruling against each of the 3 Appellants
☒ Judgment (specify):
[dkt. 53 filed & signed 3/10/26] attached as Ex. B, ruling against each of the 3 Appellants
☐ Other (specify):

Imposed or Filed on ____3/ 10/26____ . Entered on the docket in this action on ___3/10/26___ .

A copy of said judgment or order is attached hereto. (both attached as Exhibits A & B)

4/7/26
Date

Signature  The Bankruptcy Law Firm PC, by Kathleen P. March, Esq.
☐ Appellant/ProSe ☒ Counsel for all 3 Appellants ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                         NOTICE OF APPEAL

# EXHIBIT A



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

IN RE THE LITIGATION PRACTICE GROUP, P.C.,

          Debtor,

_____

GREYSON LAW CENTER, P.C., <u>et al.</u>,

          Appellant,

          v.

RICHARD A. MARSHACK, as Chapter 11 Trustee,

          Appellee.

_____

Case No. SA CV 24-2074 FMO

(BK Case No. 23-10571 SC)

**ORDER RE: BANKRUPTCY APPEAL**

Having reviewed and considered the extensive briefing and exhibits filed with respect to the consolidated appeal of the Bankruptcy Court's Orders of August 27, 2024, filed by administrative claim applicants Greyson Law Center, PC ("Greyson"), Han Trinh ("Han"), and Phuong Jayde Trinh ("Jayde") (collectively, "appellants"), the court finds that oral argument is not necessary to resolve the appeal, <u>see</u> Fed. R. Civ. P. 78(b); Local Rule 7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## <u>BACKGROUND</u>

The Litigation Practice Group ("LPG" or "Debtor") was a California-based debt-relief law firm

that purported to provide consumer debt resolution services to thousands of clients. (See Excerpts of Record ("ER") at 1753). Greyson was formed in 2023, (see ER at 3559, 3577), after Scott Eadie, a former LPG attorney, told Han that he wanted to start a new organization with a business model similar to LPG. (See Appellee's Supplemental Excerpts of Record ("SER") at 1695, 1700). Greyson allegedly contracted with Phoenix Law, P.C. ("Phoenix") to have Greyson attorneys work on Phoenix's client files at an agreed-upon rate of $2,000 per case. (See ER at 3561); (SER at 1698, 1703). Han and Jayde worked at LPG, (see SER at 1700), and later at Greyson. (ER at 3560); (see also SER 3377, 3384). Han was involved in the creation of Greyson. (See SER at 1700).

LPG filed its Chapter 11 bankruptcy petition on March 20, 2023. (See Bankruptcy ("BK") Dkt. 1, Chapter 11 Petition). Richard Marshack ("Marshack" or "Trustee") was appointed as the Chapter 11 Trustee on May 8, 2023. ([BK] Dkt. 65, Order Approving Chapter 11 Trustee). Shortly after his appointment, the Trustee filed an adversary complaint alleging that Debtor was controlled and operated by a disbarred attorney, Tony Diab, who orchestrated a scheme to fraudulently and illegally transfer client files to a network of other law firms. (See ER at 311-339).

On November 17, 2023, Greyson, Han, and Jayde filed separate motions seeking an Order Granting Allowance and Payment of Administrative Claim pursuant to 11 U.S.C. § 503(b)(1)(A) ("Motion"). (See ER at 1551-2004); (Han Excerpts of Record ("HanER") at 292-399); (Jayde Excerpts of Record ("JaydeER") at 290-397). The Greyson Motion sought payment of $5,434,633 consisting of (1) $300,633 for 22 of 48 Greyson clients lost due to the Trustee's alleged negligence, conversion, and unfair competition; and (2) $5,134,000 for legal services performed by Greyson's attorneys pursuant to an alleged contract between Greyson and Phoenix. (See ER at 1573, 1575). Greyson asserts that the $300,633 amount falls within the "fundamental fairness" doctrine announced in Reading Co. v. Brown ("Reading"), 391 U.S. 471, 88 S.Ct. 1759 (1968). (See id. at 1558, 1573-74). As for the $5,134,000 amount, Greyson asserts the Greyson-Phoenix contract benefitted the estate. (See id. at 1575-79). In their motions, Han and Jayde seek, respectively, $136,280.56 and $114,825.14 for unpaid salaries, late payment penalties, and vacation pay. (HanER at 308); (JaydeER at 304-305). Han also seeks an additional $14,433.56

for the "disappearance" of her personal property.  (HanER at 308).  On August 27, 2024, the bankruptcy court entered three orders denying appellants' Motions. (See ER at 251-310); (HanER at 251-291); (JaydeER at 251-289).  This appeal followed.

## STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, a "district court functions as an appellate court . . . and applies the same standards of review as a federal court of appeals[.]"  In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted).  "A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo."  In re Orange Cnty. Nursery, Inc., 439 B.R. 144, 148 (C.D. Cal. 2010).  Factual findings are reviewed for clear error, and the court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge."  In re Greene, 583 F.3d 614, 618 (9th Cir. 2009).

The district court may affirm a bankruptcy court's order "on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court."  Thrifty Oil Co. v. Bank of Am. Nat. Trust and Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002).  However, "[a]n appeal is moot if it is impossible to fashion effective relief[.]"  In re Gotcha Int'l L.P., 311 B.R. 250, 253 (B.A.P. 9th Cir. 2004).

## DISCUSSION

As an initial matter, appellants' briefing fails to comply with both the Federal Rules of Bankruptcy Procedure and the court's case management order.  For one, appellants did not include a summary of the relevant facts with citations to the record as required by the Court's Case Management Order and Fed. R. Bankr. R. 8014(a)(6).  (See, generally, Dkt. 29, Opening Brief); (see Dkt. 25, Court's Order of November 21, 2024, at 3) ("Appellant shall provide a brief summary of the background facts and procedural history."); Fed. R. Bankr. R. 8014(a)(6) (appellant's brief must contain "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record").  Next, appellants failed to include a Statement of Disputed Issues or a concise summary of the parties' Issues and

3

Contentions. (See, generally, Dkt. 29, Opening Brief); (see Dkt. 25, Court's Order of November 21, 2024, at 3). The Court's Case Management Order requires an appellant to "identify and frame, in a neutral fashion, each of the disputed issues that appellant will be raising as grounds for reversal and/or remand." (Dkt. 25, Court's Order of November 21, 2024, at 3). Appellants opening brief also failed to provide "a succinct, clear, and accurate statement of the arguments made in the body of the brief." Fed. R. Bankr. R. 8014(a)(7) (appellant's brief must contain "a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"). Notably, the "summary of the argument" in appellants' opening brief spans nearly 14 pages, far exceeding "a succinct, clear, and accurate statement" of their arguments. (See, generally, Dkt. 29, Opening Brief at 6-19).

"The rules of practice and procedure were not whimsically created by judges who derive some sort of pleasure from the policing functions" that the existence of the Federal Rules of Bankruptcy Procedure and the court's case management orders necessarily entail. See In re O'Brien, 312 F.3d 1135, 1137 (9th Cir. 2002). Rather, these rules and orders "serve a critical function in that they maximize ever more scarce judicial resources[,]" id., and "when followed, serve to effectuate an efficient system for the orderly resolution of legal disputes." Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998). Further, "[w]hen writing a brief, counsel must provide an argument which must contain 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" Sekiya v. Gates, 508 F.3d 1198, 1200 (9th Cir. 2007); Fed. R. Bankr. R. 8014(a)(8). "Bare assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present appellant's contentions and the reasons for them." Sekiya, 508 F.3d at 1200 (internal quotation marks omitted).

Here, appellants' opening brief is riddled with repetitive sentences and sections, conclusory and perfunctory arguments, lengthy block quotations, and unclear or unsupported citations.[1] (See, generally, Dkt. 29, Opening Brief). Further, none of appellants' arguments are discussed in any

---

[1] The reply brief suffers from the same deficiencies. (See, generally, Dkt. 45, Reply Brief).

4

depth. For example, appellants contend in a single paragraph that Federal Rule of Evidence 1004 permitted Greyson "to prove, by Declarations, the terms of the signed, seized, Phoenix-Greyson contract." (Dkt. 29, Opening Brief at 41). But appellants made no effort to apply Fed. R. Evid. 1004 in their discussion of whether a contract existed between Greyson and Phoenix. (See, generally, id. at 40-43). As to appellants' administrative claims under Reading, they made no attempt to address the bankruptcy court's detailed analysis of their underlying tort claims or explain why the bankruptcy court erred.[2] (See, generally, id. at 45-48). They did not cite the elements for negligence, conversion, or unfair competition claims, or provide any argument or evidence to support their position.[3] (See, generally, id.). Instead, they simply repeat that the client files were taken by the Trustee and not returned to Greyson and this, ipso facto, constitutes "uncontroverted" evidence of the Trustee's tortious conduct. (See id. at 46, 48).

As a result of appellants' noncompliance with the applicable rules and court orders, the court was required to scour appellants' more than 160 pages of briefing that was extremely difficult to follow and comprehend, and thousands of pages of the record to try and piece together appellants' arguments. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (internal quotation marks omitted). But where, as here, the court is left with briefing that is woefully deficient, difficult to follow and comprehend, and unsupported by the record, dismissal of the appeal is warranted. See, e.g., N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997) (striking the appellant's deficient briefs and dismissing the appeal); Martinez-Gonzalez v. Lynch, 647 F.Appx.

---

[2] On appeal, appellants raise for the first time a claim for intentional interference with contractual relations between Greyson and Greyson's clients. (See Dkt. 29, Opening Brief at 46). Because this issue was not raised or addressed below, (see ER at 251-310, 1551-1581), the court declines to consider it here. See Dream Palace v. Cnty. of Maricopa, 384 F.3d 990, 1005 (9th Cir. 2004) ("Ordinarily, we decline to consider arguments raised for the first time on appeal. This rule serves to ensure that legal arguments are considered with the benefit of a fully developed factual record, offers appellate courts the benefit of the district court's prior analysis, and prevents parties from sandbagging their opponents with new arguments on appeal.") (citations omitted).

[3] Indeed, the only evidence appellants cite to is Han's unsubstantiated declaration. (See Dkt. 29, Opening Brief at 46-48).

778, 779 (9th Cir. 2016) (same).

Alternatively, based on the court's review of the record, including appellants' deficient briefing, it is clear that the appeal is meritless. In other words, having reviewed the bankruptcy court's findings of fact for clear error and its legal conclusions de novo, see In re DAK Indus., Inc., 66 F.3d 1091, 1094 (9th Cir.1995), the court is satisfied that the bankruptcy court did not err in denying appellants': (1) administrative claims under 11 U.S.C. § 503(b)(1)(A) because appellants failed to establish that they performed work that directly and substantially benefitted the estate, see In re DAK Indus., Inc., 66 F.3d at 1094; (2) quantum meruit claim because appellants did not show they performed any services for Debtor; and (3) administrative claims under Reading based on post-petition conduct, because appellants failed to prove the existence of any underlying tort. See, e.g., Ogorsolka v. Residential Credit Sols. Inc., 693 F.Appx. 493, 494 (9th Cir. 2017) (summary affirmance where review of the record and merits of the case leaves appellate court satisfied that the district court did not err); N/S Corp., 127 F.3d at 1147 ("We decided that we should give N/S the benefit of our close review, but it is not entitled to have us expatiate on our reasons for finding its case unmeritorious."); Mitchel v. Gen. Elec. Co., 689 F.2d 877, 879 (9th Cir. 1982) (finding on the merits that appellant's unsubstantiated and conclusory allegations insufficient to rebut defendants' evidentiary showing).

## CONCLUSION

Based on the foregoing, the court hereby affirms the orders of the bankruptcy court. The above-captioned action is dismissed with prejudice. Judgment shall be entered accordingly. Dated this 10th day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge

# EXHIBIT B

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE LITIGATION PRACTICE GROUP, P.C., <br><br> Debtor, <br><br> _____ <br><br> GREYSON LAW CENTER, P.C., et al., <br><br> Appellant, <br><br> v. <br><br> RICHARD A. MARSHACK, as Chapter 11 Trustee, <br><br> Appellee. <br> _____ | Case No. SA CV 24-2074 FMO <br><br> (BK Case No. 23-10571 SC) <br><br><br><br><br> **JUDGMENT** |

Pursuant to the Court's Order Re: Bankruptcy Appeal, filed contemporaneously with the filing of this judgment, IT IS ADJUDGED THAT the above-captioned action is dismissed with prejudice.

Dated this 10th day of March, 2026.

/s/
_____
Fernando M. Olguin
United States District Judge

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

| |
|---|
| Greyson Law Center, PC, a CA Prof. Corp.; Han Trinh, an individual; Phuong Jayde Trinh, an individual |

Name(s) of counsel (if any):

| |
|---|
| THE BANKRUPTCY LAW FIRM PC Kathleen P. March, Esq., (CA SBN 80336) for all 3 appellants |

Address: | 10524 W. Pico Blvd., Suite 212, LA, CA 90064

Telephone number(s): | 310-559-9224

Email(s): | kmarch@BKYLAWFIRM.com

Is counsel registered for Electronic Filing in the 9th Circuit? ⦿ Yes ◯ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

| |
|---|
| Richard A. Marshack, as Chapter 11 Trustee (and as Trustee for LPG's Liquidating Trust) |

Name(s) of counsel (if any):

| |
|---|
| MARSHACK HAYS WOOD LLP D. Edward Hays, Esq. |

Address: | 870 Roosevelt, Irvine, California 92620

Telephone number(s): | (949) 333-7777

Email(s): | ehays@marshackhays.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**        *1*        *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

## Appellants

Name(s) of party/parties:

N/A

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

## Appellees

Name(s) of party/parties:

Below: Additional counsel for Appellee Richard A. Marshack, as Chapter 11
Trustee (and as Trustee for LPG's Liquidating Trust)

Name(s) of counsel (if any):

DINSMORE & SHOHL LLP
Christopher B. Ghio, Esq.

Address:  655 West Broadway, Suite 800, San Diego, CA 92101

Telephone number(s): 619-400-0500

Email(s):  Christopher.Ghio@dinsmore.com

Name(s) of party/parties:

N/A

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6** *2* *New 12/01/2018*