FILED & ENTERED

APR 30 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br><br><br><br><br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>CHAPTER 11<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY TRUSTEE'S GENERAL COUNSEL AND VACATING HEARING**<br><br>**Vacated Hearing:**<br>Date:        May 6, 2026<br>Time:        1:30 p.m.<br>Courtroom:  5C |

The Court has considered the Third Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Trustee's General Counsel filed April 3, 2026 [Dk. 2613] (the "Motion") by Richard A. Marshack, Liquidating Trustee of the LPG Liquidation Trust ("Trustee") and the Certificate of Service filed April 8, 2026, [Dk. 2616], together with all related pleadings, and the docket as a whole. No timely opposition to the Motion was filed, and the Court finds this matter appropriate for disposition without a hearing. For the reasons set forth below, the Motion is GRANTED

-1-

IN PART and DENIED IN PART as set forth in this Order, and the procedures approved herein shall govern the affected adversary proceedings. Accordingly, the May 6, 2026 hearing is VACATED.

**I.   Background**

The Motion seeks entry of a Third Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Trustee's General Counsel. The Motion applies to 14 adversary proceedings identified in the Motion as Adv. Nos. 26-1005, 26-1029, 26-1030, 26-1031, 26-1032, 26-1033, 26-1034, 26-1035, 26-1036, 26-1037, 26-1038, 26-1039, 26-1040, and 26-1041.

The Court recognizes that, when the first and second procedures orders were entered, coordinated procedures made sense. The Trustee was administering large groups of related adversary proceedings, and a uniform structure assisted both the Trustee and the Court in managing litigation, encouraging early settlement, and avoiding unnecessary expense. The present Motion, however, is different in scale. It affects only 14 adversary proceedings, rather than the much larger groups addressed by the prior procedures orders.

The Court also recognizes, based on the way the prior procedures have unfolded, that the streamlined procedures have not always been simple to administer. Although intended to promote efficiency, the procedures have at times created uncertainty regarding deadlines, hearing dates, status conferences, and the posture of individual adversary proceedings. Given that experience, and given the smaller number of affected adversary proceedings, the Court finds that a hybrid approach is appropriate.

**II.   Scope of Procedures and Authority**

As noted above, the procedures set forth in this Order apply only to the following 14 adversary proceedings: Adv. Nos. 26-1005, 26-1029, 26-1030, 26-1031, 26-1032, 26-1033, 26-1034, 26-1035, 26-1036, 26-1037, 26-1038, 26-1039, 26-1040, and 26-1041.

The Court has authority under Fed. R. Civ. P. 16, made applicable by Fed. R. Bankr. P. 7016, to enter scheduling and case-management orders to expedite disposition of the action, establish early and continuing control, discourage wasteful pretrial activity, and facilitate settlement. The Court also has authority under Fed. R. Civ. P. 16(b), made applicable in adversary proceedings, to manage the timing of disclosures, discovery, and other pretrial matters. In addition, 11 U.S.C. § 105(a) authorizes the Court to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code.

Good cause exists to enter this Order. The affected adversary proceedings arise in the same bankruptcy case, were filed by the Trustee's general counsel, and present related case-management concerns. A limited Initial Period, coordinated disclosure and conference requirements, approved Rule 12 omnibus hearing dates, and a uniform continued status conference will promote orderly administration, reduce unnecessary expense, and preserve the Court's ability to manage each adversary proceeding as needed.

### III.    Initial Period

Except as otherwise provided in this Order or by further Court order, formal discovery, contested discovery motion practice, and contested merits litigation activity other than Rule 12 motions filed as responses to complaints shall be stayed through August 3, 2026.

The Initial Period does not stay or preclude answers, Rule 12 motions filed as responses to complaints, briefing on Rule 12 motions, settlement discussions, voluntary dismissals, stipulations, notices of extension, requests for entry of default, default judgment proceedings, mediation, preservation obligations, compliance with this Order, stipulated or unopposed discovery-related relief, requests concerning limited access to Trustee-held Debtor records, or requests for relief from or modification of this Order.

### IV.    Responses to Complaints and Extensions

All defendants shall timely file an answer or other response to the complaint. The Trustee may agree to one extension of up to 28 days for a defendant to respond to the complaint, but any such extension must be memorialized by a notice filed promptly in the affected adversary proceeding. The notice shall identify the original response deadline and the extended response deadline. Any further extension requires Court approval. Nothing in this Order limits any party's ability to seek an extension directly from the Court.

During the Initial Period, the parties shall participate in a mandatory joint conference by Zoom or other videoconferencing technology, unless the parties agree otherwise in writing. Within 26 days after entry of this Order, each defendant or defendant's counsel shall contact Trustee's counsel to schedule the Joint Conference. Unless otherwise agreed in writing or ordered by the Court, the Joint Conference shall be held within eight weeks after entry of this Order.

### V.    Joint Conference

During the Initial Period, the parties shall participate in a mandatory joint conference by Zoom or other videoconferencing technology, unless the parties agree otherwise in writing. Within 26 days after entry of this Order, each defendant or defendant's counsel shall contact Trustee's counsel to schedule the Joint Conference. Unless otherwise agreed in writing or ordered by the Court, the Joint Conference shall be held within eight weeks after entry of this Order.

### VI.    Rule 26-Type Disclosures

At least seven days before the Joint Conference, the parties shall exchange disclosures generally aligned with Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026.

The Trustee shall provide the name and, if known, address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the Trustee may use to support his claims or defenses,

-4-

unless the use would be solely for impeachment. The Trustee shall also provide identification, copies, or access to documents, electronically stored information, and tangible things in the Trustee's possession, custody, or control that the Trustee may use to support his claims or defenses, unless the use would be solely for impeachment.

Each defendant shall provide the name and, if known, address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the defendant may use to support its claims or defenses, unless the use would be solely for impeachment. Each defendant shall also provide copies of documents, electronically stored information, and tangible things in the defendant's possession, custody, or control that the defendant may use to support its claims or defenses, unless the use would be solely for impeachment.

During the Initial Period, limited reasonable access to Trustee-held Debtor records shall be permitted upon reasonable request. If a dispute arises regarding such access, the parties may seek relief from the Court.

The disclosures required by this Section shall be treated as initial disclosures under Fed. R. Civ. P. 26(a)(1), as incorporated by Fed. R. Bankr. P. 7026, for purposes of the duty to supplement under Fed. R. Civ. P. 26(e). Each party shall supplement or correct its disclosures in a timely manner if the party learns that a disclosure is incomplete or incorrect in some material respect and the additional or corrective information has not otherwise been made known to the other parties in writing.

## VII.    Financial Disclosures

Financial disclosures are voluntary and required only if a defendant asks the Trustee to consider inability to pay in settlement negotiations.  Any such disclosure shall be limited to financial information reasonably necessary to evaluate the asserted inability to pay, including a sworn statement of assets, liabilities, income, and expenses, and supporting documents reasonably requested by the Trustee. Tax returns and bank statements need not be produced absent agreement of the parties or further Court order.

Any financial information produced under this paragraph shall be used only for settlement purposes and shall be treated as confidential, subject to any further order of the Court.

**VIII.   Insurance and Entity Information**

Each defendant shall disclose any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy a judgment.

Any entity defendant shall provide a list of members, shareholders, and officers, subject to any objection or request for relief that may be raised in the affected adversary proceeding.

The disclosures required by this section shall be made at the same time as the disclosures required under Section VI.

**IX.   Discovery After Initial Period**

After the Initial Period expires on August 3, 2026, formal discovery may proceed consistent with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

The Court will not set discovery cutoffs in this procedures order. Discovery cutoffs will be set later, if appropriate, through the ordinary status conference and scheduling order process, although the Court will be mindful of the passage of time when doing so. Accordingly, the parties should proceed diligently after the Initial Period expires.

**X.   Rule 12 Motions and Omnibus Hearing Dates**

Any Rule 12 motion filed as a response to a complaint may be filed when due, but shall be set for hearing after expiration of the Initial Period on one of the following omnibus LPG hearing dates, without further Court approval, provided that the moving party complies with all applicable notice requirements: August 6, 2026; August 13, 2026; August 27, 2026; September 3, 2026; September 17, 2026; and October 15,

2026. Any party seeking a hearing date other than one of these omnibus dates must obtain prior approval from the Court.

Any other motion permitted by this Order may also be set on one of the foregoing omnibus LPG hearing dates, without further Court approval, provided that the moving party complies with all applicable notice requirements.

### XI.     Dispositive Motions

Other than a Rule 12 motion filed as a response to a complaint, no dispositive motion, including a motion for judgment on the pleadings or motion for summary judgment, may be filed before expiration of the Initial Period, unless otherwise ordered by the Court.

The Court will not set a dispositive-motion cutoff in this procedures order. Motion cutoffs will be set later, if appropriate, through the ordinary status conference and scheduling order process.

### XII.     Motions Common to More than One Adversary Proceeding

If the Trustee identifies common legal or factual issues affecting more than one adversary proceeding, the Trustee may seek administrative coordination or other appropriate relief.

Any motion affecting more than one adversary proceeding shall be filed in the main bankruptcy case and in each affected adversary proceeding, shall be served on all affected defendants, and shall identify in the caption the affected adversary proceedings.

### XIII.     Mediation

The parties may agree to participate in mediation by filing a joint Request for Assignment to Mediation Program. Third Amended General Order 95-01 shall govern mediation. Mediation may proceed by Zoom or other videoconferencing technology unless otherwise agreed by the mediator, the Trustee, and the defendant. Counsel for each party and a representative with full settlement authority, or the defendant personally where appropriate, shall attend mediation.

## XIV.    Status Conferences

The Court does not approve the April or May 2027 status conference dates proposed in the Motion. Instead, all initial status conferences in the affected adversary proceedings are continued to <u>August 6, 2026, at 10:00 a.m.</u>  A joint status report shall be filed in each affected adversary proceeding 14 days before the continued status conference. If no defendant has appeared in a particular adversary proceeding, the Trustee shall file a unilateral status report in that adversary proceeding. To ensure clarity, the Trustee shall lodge a proposed order continuing each affected adversary as set forth herein within seven days of entry of this order.

The status report shall address, at a minimum: service; appearance status; response deadlines; any anticipated Rule 12 motion; settlement status; whether default proceedings are appropriate; whether formal discovery is expected after the Initial Period; and whether the case is ready for a scheduling order.

At the continued status conference, the Court will determine whether a scheduling order should issue and, if appropriate, will set discovery, motion, pretrial conference, and related deadlines.

## XV.    Sanctions

Any sanctions shall require notice, a hearing, and consideration of lesser alternatives. The Court expects cooperation and civility between all parties.

## XVI.    Filing, Service, and Docket Clarity

The Trustee shall file this Order in the main bankruptcy case and in each affected adversary proceeding.

The Trustee shall serve this Order with the summons and complaint, or, for any defendant already served with the summons and complaint, within 14 days after entry of this Order. Proof of service shall be filed in each affected adversary proceeding.

## XVII.   Conclusion

The Motion is GRANTED IN PART and DENIED IN PART as set forth herein.

The hearing on the Motion, currently set for May 6, 2026, at 1:30 p.m., is VACATED.

Appearances are excused.

**IT IS SO ORDERED.**

**###**

Date: April 30, 2026

Scott C. Clarkson
United States Bankruptcy Judge