D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Liquidating Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS; (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS; AND (C) EXTENSION OF TIME TO FILE OBJECTIONS TO CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE; AND DECLARATIONS OF RICHARD A. MARSHACK AND D. EDWARD HAYS IN SUPPORT<br><br>[NO HEARING REQUIRED] |

# Table of Contents


1. Introduction ........ 1
2. Factual Background ........ 2
   - A. General Background ........ 2
   - B. Confirmation of Plan and Liquidating Trustee ........ 2
   - C. Bar Date and Claim Analysis ........ 4
3. The Proposed Omnibus Claim Objection Procedures and Omnibus Claim Objection Notice. 4
   - A. The Omnibus Claim Objection Procedures ........ 4
   - B. Additional Grounds for Omnibus Objections ........ 9
   - C. Benefits of the Omnibus Claim Objection Procedures ........ 10
   - D. The Omnibus Claim Objection Notice ........ 11
4. Legal Argument and Basis for Relief ........ 12
   - A. The Omnibus Claim Objection Procedures Substantially Comply with the Bankruptcy Rules ........ 12
   - B. Approval of the Omnibus Claim Objection Procedures Benefits Parties in Interest .. 15
   - C. The Omnibus Claim Objection Procedures Provide for Adequate Notice and Service ........ 16
   - D. Extension of Any Deadline to File Objections is Appropriate ........ 16
   - E. Reservation of Rights ........ 18
5. Conclusion ........ 19

Request for Judicial Notice ........ 26

## Table of Authorities

**Cases**

*Canal Corp. v. Finnman (In re Johnson)*,
960 F.2d 396, 404 (4th Cir. 1992) .......... 13

*Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*,
957 F.3d 990 (9th Cir. 2020) .......... 19

*In re Lehman Brothers Holdings Inc.*,
Case No. 08- 13555 (Bankr. S.D.N.Y. Mar. 31, 2010) .......... 15

*In re Patriot Coal Corporation*,
Case No. 12-51502 (Bankr. E.D. Mo. Mar. 1, 2013) .......... 15

*In re PG&E Corporation*,
Case No. 19-30088, ECF No. 8228 (Bankr. N.D. Cal. June 30, 2020) .......... 15,16

*In re TelexFree, LLC*,
Case No. 14-40987 (Bankr. D. Mass. Dec. 26, 2017) .......... 15

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380, 395 (1993) .......... 19

**Statutes**

11 U.S.C. § 105(a) .......... 13,14,17
11 U.S.C. § 502(e)(1) .......... 5
11 U.S.C. § 502(j) .......... 18
11 U.S.C. §507 .......... 1
11 U.S.C. § 704(a)(5) .......... 20

**Rules**

Fed. R. Bankr. P. 1001 .......... 14
Fed. R. Bankr. P. 1001(a) .......... 11, 12
Fed. R. Bankr. P. 3007 .......... 10, 13, 14, 15

Fed. R. Bankr. P. 3007(a) ....................15

Fed. R. Bankr. P. 3007(c) ....................9, 11, 12

Fed. R. Bankr. P. 3007(d) ....................1, 3, 4, 8, 11, 12, 13, 18, 20

Fed. R. Bankr. P. 3007(e) ....................1, 9, 14

Fed. R. Bankr. P. 3007(e)(6) ....................4, 14

Fed. R. Bankr. P. 9006(b)(1) ....................19

Fed. R. Bankr. P. 9014 ....................6

LBR 1001-1 ....................14

LBR 1001-1(d) ....................11, 12

LBR 3007-1(a)(4) ....................9

LBR 3007-1(c)(2) ....................1, 5

LBR 9013-1(h) ....................8

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, liquidating trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust"), submits this motion ("Motion") for entry of an order approving the Omnibus Claim Objection Procedures and Omnibus Claim Objection Notice (as defined below). In support of the Motion, the Trustee submits the following Memorandum of Points and Authorities, Request for Judicial Notice ("RJN"), and Declaration of Richard A. Marshack ("Marshack Declaration").

## 1. Introduction

By this Motion, the Trustee seeks approval of procedures ("Omnibus Claim Objection Procedures") for objecting to multiple Proofs of Claim in a single filed objection document (each such document, an "Omnibus Objection") that, among other things: (1) authorize the Trustee to file Omnibus Objections not only on the grounds itemized in Rule 3007(d) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules" or "FRBP"),[1] but also on additional common grounds as set forth below; (2) approve and authorize procedural and substantive aspects of Omnibus Objections that augment, supplement, or modify what is specified in FRBP 3007(e); (3) relieve the Trustee of the obligation under Local Bankruptcy Rule 3007-1(c)(2) to attach a copy of each Proof of Claim that is the subject of an Omnibus Objection; and (4) approve the form and manner of notice of each such Omnibus Objection. The relief requested will facilitate the Trustee's claims reconciliation and resolution process and the Trustee's ability to make distributions to creditors as soon as practicable, while also conserving judicial and party resources. A copy of the proposed order granting the Motion is attached as **Exhibit 1**. The Trustee further requests that the Court extend the previous deadline set in the Plan to file objections to any Proofs of Claim pursuant to the

[1] The eight grounds for omnibus objection to claims specified in Bankruptcy Rule 3007(d) are: (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under §507 of the Code.

proposed procedures. The Trustee is seeking an extension of 180 days from entry of the order approving this Motion to file objections to claims.

## 2. Factual Background

### A. General Background

On March 20, 2023, The Litigation Practice Group, P.C. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, initiating Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

On May 8, 2023, Richard A. Marshack was appointed as Chapter 11 Trustee of Debtor's Bankruptcy Estate ("Estate") and assumed all authority to administer Debtor's Estate in this case. S*ee* Docket No. 65.

On December 22, 2023, the Court entered an order [Docket No. 785] approving the employment of Omni Agent Solutions ("Omni") as the noticing and claims agent in this Bankruptcy Case.

### B. Confirmation of Plan and Liquidating Trustee

On June 17, 2024, the Court entered an order [Docket No. 1348] ("Disclosure Statement Order"), approving the solicitation of a disclosure statement [Docket No. 1345] describing the plan of liquidation jointly proposed by the Trustee and the Committee (as may be amended, modified, or supplemented from time to time) ("Plan").

On August 29, 2024, the Court conducted a hearing to consider confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024) [Docket No. 1344] and confirmed the same at the hearing and later entered the Order of Confirmation on September 9, 2024. S*ee* Docket No. 1646. The Effective Date occurred on September 24, 2024. *See* Docket No. 1762.

Effective September 24, 2024, the Trustee became the Liquidating Trustee of the Debtor's Liquidation Trust pursuant to the Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation ("Confirmation Order") entered on September 9, 2024, and the Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation filed on September 24, 2024. *See* Docket. Nos. 1646 and 1762. The Liquidation Trust provides that the

Trustee "shall not be obligated to object to any Claim." *See* Docket No. 1344, Liquidation Trust Agreement, 5.1.

The Plan previously set a self-imposed deadline, subject to extension by the Court, to file objections to certain disputed claims, which has passed. *See* Docket No. 1344. The Plan, however, provides that the Trustee may seek an extension of time to file such claim objections, and there is no deadline in the Plan for the Trustee to seek such an extension. *Id.*

The Trustee has already filed objections to secured, administrative, and priority claims. *See* Docket Nos. 1354, 1686, 1707, 1715, 1716, 1717, 1719, 1728, 1742, 1747, 1785, and 2434. The Trustee has also previously commenced numerous avoidance actions that included objections to claims.[2] To date, however, there was no reason to object to lower priority general unsecured claims because the Liquidation Trust did not have sufficient funds to make any distributions to general unsecured creditors and it was unknown if the Trustee and Liquidation Trustee would ever have sufficient funds to be able to do so. As such, there was no purpose to be served by examining and filing objections to claims and the Trustee did not want to unnecessarily incur attorneys' fees doing so until he was convinced that distributions would be made. The Trustee now believes that funds will be available to make distributions to general unsecured claims.

In addition, the Trustee entered into a settlement agreement with Affirma, LLC ("Affirma"), including a stipulation approved by the Court in the Affirma adversary proceeding on July 17, 2026, Adv. Proc. No. 8:25-ap-01159-SC, Docket No. 46, that provided for the disallowance of Affirma's "group" proof of claim (Claim No. 61) ("Affirma Claim") and gave the 500 plus individual note holders included in the Affirma Claim 100 days from entry of the order to file their own proof of claim. *See* Adv. Proc. No. 8:25-ap-01159-SC, Docket No. 46. This deadline will be October 26, 2026. As such, the Trustee will need time to review and, if necessary, object to the individual claims of the Affirma note holders, notwithstanding the initial objection deadline set forth in the Plan.

---

[2] Objections to late filed claims may also need to be filed because the Trustee continues to receive claims filed after the respective bar date set by the Court.

### C. Bar Date and Claim Analysis

On January 2, 2024, the Court entered an Order Granting Joint Motion of the Trustee and Committee for Entry of an Order: (i) Establishing Bar Dates for Filing Proofs of Claim; (ii) Approving the Form and Manner for Filing Proofs of Claim; and (iii) Approving the Form and Manner of Notice of the Bar Date ("Bar Date Order") [Docket No. 804]. The Bar Date Order established February 23, 2024, as the deadline to file all proofs of claim ("Proof of Claim") in connection with any prepetition claim against the Debtor.

The bar date was later extended to February 25, 2024, and March 30, 2024, for certain consumer clients, that were provided notice of the bar date pursuant to the Order Granting Motion for Entry of An Order: (1) Establishing Modified Bar Dates for Filing Proofs of Claim; and (2) Approving the Form and Manner of Notice of the Modified Bar Date, entered on February 23, 2024. *See* Docket No. 963.

As of the date of this Motion, at least 5,916 Proofs of Claim have been filed with the Bankruptcy Court and with Omni from over 4,165 claimants (each, a "Claimant"). The Trustee's efforts to examine these claims remain ongoing. The Trustee anticipates a number of claim objections will be necessary to resolve these Proofs of Claim expeditiously, both on the grounds enumerated in Bankruptcy Rule 3007(d) as well as on additional grounds.

For example, the Trustee has identified at least 968 general unsecured Proofs of Claims that appear to assert duplicate claims. There are also approximately 2,030 general unsecured Proofs of Claim for which absolutely no documentation or information beyond the Claimant's name and address.

## 3. The Proposed Omnibus Claim Objection Procedures and Omnibus Claim Objection Notice

### A. The Omnibus Claim Objection Procedures

The proposed Omnibus Claim Objection Procedures are as follows:

1. <u>Form of Omnibus Objection</u>. Omnibus Objections will be numbered on the docket consecutively when filed, irrespective of basis (i.e. Omnibus Objection No. 1, No. 2, etc).

2. Number of Proofs of Claim per Omnibus Objection. The Trustee may include up to 250 claims per Omnibus Objection.[3]

3. Grounds for Omnibus Objection. The Trustee may file an Omnibus Objection if there are at least 10 claims that are subject to the same claim for disallowance including those identified in Bankruptcy Rule 3007(d) or on any of the following grounds:

a. The amount claimed contradicts the Debtor's books and records and the Trustee, after review and consideration of any information provided by the Claimant, denies liability in excess of the amount reflected in the Debtors' books and records;

b. The claims were incorrectly classified;

c. The claims seek recovery of amounts for which the Debtor is not liable;

d. The claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish *prima facie* evidence of validity, the Trustee has no other information to support the validity, and the Trustee denies liability;

e. The claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

f. The claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, such as the statute of limitations; and

g. Under the Plan, or by stipulation, order, or judgment, the claims have already been disallowed or expunged or the Debtor's liability has otherwise been resolved.

4. Supporting Documentation. To the extent appropriate, the Omnibus Objections may be accompanied by an affidavit or declaration that states that the declarant has reviewed the subject Proofs of Claim and any applicable supporting information and documentation, made reasonable efforts to research the validity of each Proof of Claim in the Debtor's books and records, and

[3] Bankruptcy Rule 3007(e)(6) limits omnibus objections to no more than 100 claims; in this Motion the Trustee seeks authorization to exceed that limit.

believes there is not *prima facie* evidence of the validity and amount of the Proofs of Claim. In that case, the Omnibus Objection will request that any Response include the information relied upon in filing the Proof of Claim.

5. Proofs of Claim Exhibits. An exhibit listing the Proofs of Claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Local Rule 3007-1(c)(2), the Trustee will not be required to attach a copy of the Proofs of Claim that are the subject of the objection. Instead, each exhibit will include, among other things, provide the following information:

a. An alphabetized list of the Claimants whose Proofs of Claim are the subject of the Omnibus Objection;

b. The claim numbers of the Proofs of Claim that are the subject of the Omnibus Objection;

c. The amount of claim asserted in the Proof of Claim;

d. The grounds for the objection; and

e. For Omnibus Objections in which the Trustee seeks to reduce the amount of any given Proof of Claim, the proposed reduced claim amount.

6. Omnibus Claim Objection Notice. Each Claimant whose claim is the subject of an Omnibus Objection will be sent an individualized notice of the Omnibus Objection (each, an "Omnibus Claim Objection Notice") in substantially the form attached as **Exhibit 2**. The Omnibus Claim Objection Notice will be served on the individual Claimant by mail, not less than 30 days before the date set for hearing of the Omnibus Objection, at the address specified in the Proof of Claim and on any other representative of the Claimant identified in the Proof of Claim. The Omnibus Claim Objection Notice will, among other things:

a. Describe the basic nature of the Omnibus Objection;

b. Inform the Claimant that its rights may be affected by the Omnibus Objection and encourage the Claimant to read the Omnibus Claim Objection Notice carefully;

c. Inform the Claimant how it can readily obtain at no cost a copy of the full Omnibus Objection and a copy of the Proof of Claim that they filed; and

d. Identify a response date ("Response Deadline") not later than 14 days before the date designated for hearing and describe the procedures for filing a written response ("Response") to the Omnibus Objection.

Although the Omnibus Claim Objection Notice generally will be in the form attached as **Exhibit 2**, it may be tailored specifically to address particular Claimants or types of Omnibus Objections.

7. Order if No Response. The Trustee may lodge, without further notice to the Claimants, a proposed omnibus Order sustaining the objections to Proofs of Claim for which there was no timely Response.

8. Each Objection is a Contested Matter. Each Proof of Claim subject to an Omnibus Objection to which a Response is filed will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to each such Proof of Claim.

9. Requirements for All Responses to Objections. Claimants who disagree with the relief sought in an Omnibus Objection are required to file a written Response in accordance with the procedures set forth herein and the Local Rules. If a Claimant whose Proof of Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the Court's approved procedures and the Local Rules, the Court may sustain the Omnibus Objection with respect to the Proof of Claim without hearing or further notice to the Claimant.

a. Contents. Each Response must contain the following (at a minimum):

i. A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

ii. The Claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim;

iii. A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the Claimant will rely in opposing the Omnibus Objection;

iv. A copy of any other documentation or other evidence of the Proof of Claim, to the extent not already included with the Proof of Claim, upon which the Claimant will rely in opposing the Omnibus Objection at the hearing;

v. A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and

vi. The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Trustee should serve a reply to the Response, if any (each, a "Notice Address"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim), but only for those Proofs of Claim in the Omnibus Objection.

b. Additional Information. To facilitate a resolution of the Omnibus Objection, the Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf ("Additional Addresses"). Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

c. Failure to Timely File a Response. If a Claimant fails to timely file and serve a Response on or before the Response Deadline and that complies with the court's approved procedures, the Trustee will present to the Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Claimant.[4]

d. Service of the Response. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Omnibus Claim Objection Notice, will be deemed timely filed only if the Response is actually received by the Bankruptcy Court on or before the deadline to respond. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely served only if a copy of the Response is actually served on counsel for the Trustee on or before the deadline to respond (which deadline will be clearly set forth in the Notice). Acceptable methods of service will include e-mail sent to Trustee's counsel or depositing it in the United States Mail or other similar carrier such that it is post-marked by the deadline.

10. Reservation of Rights. Nothing in the Omnibus Claim Objection Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other claims against the claimant. Unless the Bankruptcy Court allows a Proof of Claim or specifically orders otherwise, the Trustee has the right to object on any grounds to the Proofs of Claim (or to any other Proofs of Claim or causes of action filed by a claimant or that have been scheduled by the Debtor) at a later date. An affected Claimant will receive a separate notice of any such additional objection.

## B. Additional Grounds for Omnibus Objections

In addition to the eight grounds for omnibus objection authorized by Bankruptcy Rule 3007(d), the Trustee identified several other grounds for objection, enumerated at paragraph 3

[4] Pursuant to Local Bankruptcy Rule 9013-1(h), if a party does not timely file and serve documents, the Court may deem this to be consent to the granting of the Omnibus Objection.

of the Omnibus Claim Objection Procedures [at ¶ 3.A.3 above], that are likely to be common to many filed Proofs of Claim, and which the Trustee believes is appropriate for omnibus objection procedures because they will increase efficiency in the resolution of claims and thereby preserve party and judicial resources. By this Motion, the Trustee seeks authorization under Bankruptcy Rule 3007(c) to bring Omnibus Objections on these additional grounds.

### C. Benefits of the Omnibus Claim Objection Procedures

The proposed Omnibus Claim Objection Procedures will provide for the efficient and economical resolution of omnibus objections to the Proofs of Claims by eliminating the filing of what could be hundreds of duplicative individual objections to claims and the associated expense, administrative burden, and docket clutter, while at the same time (a) providing to Claimants a guide to the claims objection process that clearly describes the form and manner of Omnibus Objections and the process by which Claimants must file and serve Responses thereto; and (b) ensuring that all Claimants and other parties in interest are given sufficient information to navigate the claims objection process effectively and otherwise preserve and protect the rights they are afforded under the Bankruptcy Code and Bankruptcy Rules.

The Omnibus Claim Objection Procedures describe, in clear and simple terms, the key aspects of the process for claims objections and responses, including, without limitation: (a) the form of Omnibus Objections and supporting documentation, if necessary; (b) the exhibit to be attached to each Omnibus Objection and the information contained thereon (e.g., Claimants' names, claim numbers, the grounds for the Omnibus Objection and cross-references to the location in the Omnibus Objection discussing the respective grounds); (c) the form of the Omnibus Claim Objection Notice; and (d) the information Claimants need to include with a Response to the Omnibus Objection, the deadline for doing so, and the consequences of failing to file a timely Response.

All Omnibus Objections filed pursuant to the Omnibus Claim Objection Procedures will comply with the procedural requirements of Bankruptcy Rule 3007(e), other than the limitation of each Omnibus Objection to no more than 100 claims. The Trustee seeks relief from that 100-claim limit on the basis that, as discussed in the next section, the proposed form of individualized notice will protect Claimants against the burdens and possible confusion associated with requiring a

claimant to attempt to locate information relevant to the claimant from a voluminous document and a lengthy list of other claimants. The Trustee also requests that the Court waive the requirement of Local Bankruptcy Rule 3007-1(a)(4), that the Omnibus Objection: "(A) Identify the name of each claimant and the claim number in the caption of the objection; and (B) Include as exhibits the documents supporting each claim objection organized and indexed by claim number." Given the great volume of Proofs of Claim the Trustee has received and the number of Proofs of Claim that may be the subject of a single Omnibus Objection, identifying the name of each claimant in the caption and attaching as exhibits each claim and related documents to the Omnibus Objection would be cumbersome, unwieldy, and inefficient and, as set forth above, require claimants to locate information from a voluminous document.

### D. The Omnibus Claim Objection Notice

Bankruptcy Rule 3007 requires that a copy of a claim objection, with notice of the hearing, must be served on the affected claimant. In an effort to reduce service costs and enable Claimants to more readily identify an objection to their Proof of Claim, the Trustee proposes, and requests the Court to authorize him, to serve the Omnibus Claim Objection Notice, rather than the entire Omnibus Objection, on each Claimant whose Proof of Claim is the subject of the applicable Omnibus Objection and any other associated person specified in the filed Proof of Claim.

The proposed Omnibus Claim Objection Notice will provide to each Claimant an individualized notice of objection and hearing that includes a statement of the grounds for objection and reference to a simple means by which the Claimant can obtain, at no cost, the complete Omnibus Objection and a copy of their filed Proof of Claim. If so authorized, the Trustee would serve the Omnibus Claim Objection Notice in a form substantially similar to the notice attached as **Exhibit 2**. It will be personalized for each Claimant and will contain all of the information that a Claimant needs to evaluate and respond to the objection: an explanation of the claim objection process, identification of the Proof of Claim that is the subject of the Omnibus Objection, a statement of the basis of the claim objection, and information regarding the response deadline, hearing date, and the required content of a Response. The proposed Omnibus Claim Objection Notice attached as Exhibit 2 is for illustrative purposes only and will be modified to account for the nature of the basis of the

objection relevant to the Proof(s) of Claim that are the subject of an Omnibus Objection. In addition, the Omnibus Claim Objection Notice will inform the Claimant how to obtain at no cost a copy of the full Omnibus Objection and their Proof of Claim, either: (i) electronically on the Court's docket with a PACER login and password, (ii) for free by download from the Trustee's approved notice and claim agent's website at https://cases.omniagentsolutions.com/?clientId=3675, or (iii) by calling Omni at (747) 226-5672 or (888) 741-4582 (Toll Free) or by email at LPGInquiries@omniagnt.com.

## 4. Legal Argument and Basis for Relief

### A. The Omnibus Claim Objection Procedures Substantially Comply with the Bankruptcy Rules

The Bankruptcy Rules provide that, in general, "objections to more than one claim shall not be joined in a single objection." Fed. R. Bankr. P. 3007(c). This general prohibition is limited by Bankruptcy Rule 3007(d), which identifies eight specific grounds for objection to claims for which omnibus objections are allowed. Rule 3007(d) recognizes that an omnibus claim objection process provides desirable efficiency and economy of administration, and reflects the policy judgment that, for objections made on any of the eight specified grounds, the benefits of efficiency and economy should in all cases prevail over the benefits of individualized notice of an objection to each individual claim.

The introductory clause to Rule 3007(c),"[u]nless otherwise ordered by the court," recognizes that there are circumstances beyond those described in Rule 3007(d), in which the Court has discretion to authorize omnibus objections. *Id*. A bankruptcy court may also rely on its general equitable powers to grant the requested relief under Section 105(a) of the Bankruptcy Code, which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [the Bankruptcy Code]." 11 U.S.C. § 105(a); *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992) ("the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers."). And, both the Bankruptcy Rules and the Local Bankruptcy Rules provide for construction, administration, or employment in the discretion of the Court. *See* Fed. R. Bankr. P. 1001(a) (providing that the Bankruptcy Rules "must be construed, administered, and employed by

both the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding"); LBR 1001-1(d) ("The Local Bankruptcy Rules apply uniformly throughout the district, but are not intended to limit the discretion of the court. The court may waive the application of any Local Bankruptcy Rule in any case or proceeding, or make additional orders as it deems appropriate, in the interest of justice.").

In light of the volume of Proofs of Claim that have been filed in the Bankruptcy Case, and the Trustee's expectation that it will be necessary to object to many of those Proofs of Claim on common grounds other than those set forth in Bankruptcy Rule 3007(d), the Trustee respectfully submits that approval of the proposed Omnibus Claim Objection Procedures is an appropriate exercise of this Court's discretion under Bankruptcy Rules 3007(c) and 1001(a) and Local Bankruptcy Rule 1001-1(d) and its equitable powers under Section 105(a) of the Bankruptcy Code.

The proposed Omnibus Claim Objection Procedures will conserve judicial resources and benefit the Liquidating Trust by allowing the Trustee to minimize administrative burdens and reduce the costs associated with preparing and filing myriad separate individual objections on the same grounds applicable to a great many Proofs of Claim. Requiring the filing of individual objections would result in significant expense without providing any meaningful benefit, particularly in light of the Trustee's proposal to provide individualized, personalized notice to each Claimant. In addition, the filing of multiple individualized claims objections would materially delay the claims resolution process and the Trustee's efforts to administer the Bankruptcy Case so the Trustee can make payments under the Plan from the Liquidating Trust as efficiently and expeditiously as possible.

Filing Omnibus Objections, without the requirement to attach the relevant Proofs of Claim to each, will create a more streamlined claims resolution process, enabling the Trustee and its Professionals to focus resources on the substance of any disputes rather than the compilation of separate individual objections. It will also reduce the volume of the Omnibus Objections and thereby save costs. To the extent the Court will require copies of the subject proofs of claim prior to any Response being filed, the Trustee proposes to provide a binder of the subject claims in the form of a courtesy copy delivered to chambers and not filed on the docket.

/ / /

For instance, the Trustee's omnibus objection to alleged priority claims that lacked evidence supporting priority status, filed on October 3, 2024, as Docket No. 1785, totaled 1,026 pages with all exhibits, and only objected to 39 claims. Authorizing the Trustee to file Omnibus Objections to up to 250 Proofs of Claims at a time, as requested by the Motion, is an appropriate use of the Court's power under Section 105 of the Bankruptcy Code and discretion under the Bankruptcy Rules and Local Bankruptcy Rules, and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases. Similar relief has been granted in other large chapter 11 cases. *See, e.g., In re TelexFree, LLC*, Case No. 14-40987 (Bankr. D. Mass. Dec. 26, 2017) (250 claims); *In re Patriot Coal Corporation*, Case No. 12-51502 (Bankr. E.D. Mo. Mar. 1, 2013) ("The Debtors may file Omnibus Objections that contain more than 100 claims"); *In re Lehman Brothers Holdings Inc.*, Case No. 08- 13555 (Bankr. S.D.N.Y. Mar. 31, 2010) (500 claims). And, in *In re PG&E Corporation*, the court approved omnibus claim objection procedures very similar to those requested by this Motion, including:

(1) Omnibus objections would be numbered consecutively, irrespective of basis.

(2) The debtors were authorized to object to up to 250 claims per omnibus objection.

(3) The debtors were authorized to object to proofs of claims on additional grounds than those set forth in Bankruptcy Rule 3007(d).

(4) The debtors were not required to attach to the objection a copy of the proofs of claims subject to the objection, but were instead authorized to provide information in an exhibit.

(5) The debtors were required to provide individualized notice to each claimant whose claim was subject to an omnibus objection.

(6) The debtors were authorized to submit an order to the bankruptcy court in the absence of a timely response to the omnibus objection, without further notice to the claimants.

(7) Each objection was deemed a contested matter.

(8) Requirements were set regarding responses to omnibus objections.

*In re PG&E Corporation*, Case No. 19-30088, ECF No. 8228 (Bankr. N.D. Cal. June 30, 2020) ("PG&E Order"). A true and correct copy of the PG&E Order is attached to the RJN as **Exhibit 3**.

The Advisory Committee note to the 2007 amendment to Bankruptcy Rule 3007 that expressly authorized omnibus claim objections explains that they "present a significant opportunity for efficient administration of large cases, but the rule includes restrictions on the use of these omnibus objections to ensure the protection of the due process rights of the claimants." Fed. R. Bankr. P. 3007 Advisory Committee's Note to 2007 Rules Amendments. The 100-claim limit in Rule 3007(e)(6) was designed to protect a claimant against confusion and burden and the possible prejudice of having to find the relevant information about her claim buried in a voluminous document that deals with hundreds or even thousands of others, with the attendant risk that critical information would be completely overlooked.

The proposed Omnibus Claim Objection Procedures provide ample due process protections, including reasonable notice and opportunity for a hearing. Critically, because each affected Claimant will receive personalized, individualized notice of the Omnibus Claim Objection, it should make no difference to a Claimant that the objection to the Claimant's claim is joined with objections to up to 249 others. By permitting up to 250 objections to be joined in a single filed Omnibus Objection, the proposed Omnibus Claim Objection Procedures will enable the Trustee to realize enhanced economies of scale associated with the omnibus objection procedure, while the individualized Claims Objection Notices will fully protect the due process right of each Claimant to receive clear notice of the basis for objection and the procedure to be followed to challenge it, essentially in the same manner as if a separate, individual objection had been filed. Such a process, including expansion from 100 to 250 of the number of claims that may be joined, is fully consistent with the spirit and objectives of the claimant protections embodied in Bankruptcy Rule 3007(e), and approval of the expanded limit would be an appropriate exercise of the Court's authority and discretion under Section 105 of the Bankruptcy Code, Rule 1001 of the Bankruptcy Rules, and LBR 1001-1.

### B. Approval of the Omnibus Claim Objection Procedures Benefits Parties in Interest

There is no applicable appellate authority that limits the Court's exercise of discretion in this area. Hence, the Court has considerable flexibility to determine the circumstances in which omnibus objections are appropriate and, where appropriate, to authorize them and approve governing

procedures consistent with the terms of Bankruptcy Rule 3007. It is appropriate for the Court to approve the Omnibus Claim Objection Procedures in light of the number of Omnibus Objections that the Trustee expects to file, to facilitate an efficient and economical administration of the claims resolution process. All parties in interest, including all creditors that will be paid by the Trustee from the Liquidating Trust, will benefit from the economic savings that can result from streamlining the claims process insofar as possible; and creditors collectively will benefit from a procedure that expedites the claims resolution process. At the same time, the Omnibus Claim Objection Procedures afford substantial protection of creditors' due process rights, providing all Claimants with ample notice and an opportunity to be heard.

### C. The Omnibus Claim Objection Procedures Provide for Adequate Notice and Service

While Bankruptcy Rule 3007 describes the form of omnibus objections to proofs of claim, it does not address issues relating to notice and service apart from the requirements of Rule 3007(a) generally applicable to objections (*i.e.*, minimum 30 days' notice served by mail on the person designated in the Proof of Claim). As set forth in the Omnibus Claim Objection Procedures, the Trustee proposes to serve the Omnibus Claim Objection Notice on the Claimant or Claimant's representative, and any other associated person identified in the filed Proof of Claim, and/or the transferee of such Proof of Claim if indicated in the Claims Register. In addition, all counsel of record or other parties who received electronic notices in the Bankruptcy Case through the Court's electronic case filing system will receive notice of the filing of each Omnibus Objection. Accordingly, the Trustee submits that the Omnibus Claim Objection Procedures provide for adequate notice and appropriate service of process in accordance with the Bankruptcy Rules.

### D. Extension of Any Deadline to File Objections is Appropriate

As set forth above, the Plan previously set a self-imposed deadline, subject to extension by the Court, to file objections to certain disputed claims. *See* Docket No. 1344. The Trustee's counsel made an honest mistake and inadvertently failed to calendar the initial self-imposed deadline. As of that time, the Trustee believed he was under no deadline to object and that there was no purpose to be served by filing objections since there was an insufficient amount of funds on hand in the Trust to

know that distributions would be made to general unsecured claims. Now that the Trustee believes that funds will be available to make a distribution to general unsecured claims, it is time to file appropriate objections to resolve those claims. Furthermore, additional claims have been filed after the initial deadline and the Affirma noteholders' claims deadline has not yet expired.

Arguably, there is no need to extend the deadline since the Bankruptcy Code specifically provides that even an allowed claim is subject to reconsideration for cause at any time. *See* 11 U.S.C. § 502(j). The policy behind this provision is to ensure that creditors not entitled to receive distributions do not dilute the distributions to creditors who do have allowed claims.

To the extent an extension is necessary, the Court is authorized under the Plan and by applicable Ninth Circuit authority to extend the deadline which was set by the Court. As set forth in the Plan, the Trustee may seek an extension of time to file such objections, and there is no deadline in the Plan for the Trustee to do so. *See* Docket No. 1344, Plan, IV. I. 4. The Plan also does not require any showing of cause to extend the deadline. *Id*. The Trustee is seeking this relief now that he has been informed of the prior Plan deadline and he has determined that distributions will be made to general unsecured creditors and that there are numerous claims that are subject to objection.

The Ninth Circuit has also expressly held in *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990 (9th Cir. 2020) that a court has the authority to extend its own court-ordered deadlines pursuant to Bankruptcy Rule 9006(b)(1). To the extent the Court believes it is necessary to do so, an extension is appropriate under Rule 9006(b)(1) for excusable neglect.[5] The *Pioneer* factors weigh heavily in favor of the requested extension. The Trustee's counsel made an honest calendaring mistake and inadvertently failed to calendar the self-imposed deadline in the Plan. Further, the Trustee believed that he was under no deadline to object to general unsecured claims and the time was not ripe to do so. Again, due to the amount of funds on hand in the Liquidation Trust at that time, no purpose would have been served by objecting to claims until the Trustee had collected

---

[5] The determination of whether neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such circumstances include, *inter alia*, "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Id.*

sufficient funds to make a distribution and a determination was made by the Trustee that a distribution will be made to such claimants.

Further, the Liquidation Trust Agreement provides that the Trustee is not obligated to object to any claim [Docket No. 1344, Liquidation Trust Agreement, 5.1] and the Trustee was only going to object to general unsecured claims if a purpose would be served by doing so after a determination was made that he would be planning a distribution. Any delay in objecting to general unsecured claims was not in bad faith. Rather, it was the result of an honest calendaring mistake of the Trustee's counsel. Moreover, any delay was consistent with the Trustee's general duties to only object if there was a purpose to do so and dictated by the time when the Liquidation Trust had sufficient funds to make a distribution. *See* 11 U.S.C. § 704(a)(5).

There is no prejudice to any parties by extending the deadline because it is expressly permitted by the Plan and the Bankruptcy Code, which provides that allowed (or disallowed) claims are always subject to reconsideration for cause. Moreover, extending the deadline, pursuant to the procedures proposed herein, will not delay the Court's proceedings. The Trustee intends to bring his omnibus objections well before all the matters and adversary proceedings pending before the Court are completed.

Finally, extending the deadline will serve the interests of all creditors by allowing general unsecured claims to be resolved on their merits on an omnibus basis, as contemplated by Bankruptcy Rule 3007(d) and the proposed additional grounds. The Trustee has acted in good faith and wants to see creditors' claims resolved on their merits.

Accordingly, the Trustee requests that the Court extend any previous deadline set to file objections to any Proofs of Claim pursuant to the procedures proposed herein. The Trustee is seeking an extension of 180 days from entry of the order granting this Motion to file his remaining claim objections as requested herein, subject to any further requests for extension.

## E. Reservation of Rights

The Trustee reserves the right to seek in the future, on an appropriate showing, additional relief relating to omnibus claims objections (for example, authorization to assert additional grounds

for omnibus objection or an increase in the number of claims that can be addressed in a single omnibus objection), or other modifications of the Omnibus Claim Objections Procedures.

## 5. Conclusion

The Trustee respectfully requests that this Court:

1. Grant this Motion;

2. Enter an order in substantially the form as the one attached as Exhibit 1, subject to any revisions that the Court deems appropriate in its discretion;

3. Approve the form of notice attached as Exhibit 2;

4. Set a new deadline for the Trustee to file objections to claims that is 180 days after entry of the Order granting this Motion; and

5. For such other relief as the Court deems just and proper.

DATED: October 26, 2026

MARSHACK HAYS WOOD LLP

By: */s/ D. Edward Hays*
D. EDWARD HAYS
AARON E. DE LEEST
BRADFORD N. BARNHARDT
Attorneys for Liquidating Trustee,
RICHARD A. MARSHACK

## Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am the liquidating trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust"), in the bankruptcy case of The Litigation Practice Group, P.C. ("Debtor"), pending in the United States Bankruptcy Court for the Central District of California, as Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

3. I make this declaration in support of my Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims (B) the Form and Manner of the Notice of Omnibus Objections and (C) Extension of Time to File Objections to Claims ("Motion"). All capitalized terms not otherwise defined in this declaration shall have the meaning ascribed to them in the Motion.

4. If called as a witness, I could and would competently testify to the following of my own personal knowledge.

5. I was appointed as Chapter 11 Trustee in the Bankruptcy Case on May 8, 2023.

6. Thereafter, effective as of September 24, 2024, I became the Liquidating Trustee of the of the Liquidation Trust, pursuant to the Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation ("Confirmation Order") entered on September 9, 2024, and the Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation filed on September 24, 2024.

7. I proceeded to file applicable objections to secured, administrative, and priority claims. *See* Docket Nos. 1354, 1686, 1707, 1715, 1716, 1717, 1719, 1728, 1742, 1747, 1785, 2434, in addition to commencing numerous avoidance actions that included objections to claims by the deadline. However, there was no reason to object to lower priority general unsecured claims at that time, and until now, because the Liquidation Trust did not have funds to make any distribution to general unsecured creditors and it was unknown if the Liquidation Trust would ever have sufficient funds to be able to do so.

8. Based on my efforts to collect on the Liquidation Trust's litigation claims, I now believe that funds will be available to make a distribution to general unsecured claims and it is time to file appropriate objections to resolve those claims.

9. In addition, I entered into a settlement agreement with Affirma, LLC ("Affirma"), including a stipulation approved by the Court in the Affirma adversary proceeding on July 17, 2026, Adv. Proc. No. 8:25-ap-01159-SC, Docket No. 46, that provided for the disallowance of Affirma's proof of claim (Claim No. 61) ("Affirma Claim") and gave the 500 plus individual note holders included in the Affirma Claim 100 days from entry of the order to file a proof of claim. *See* Adv. Proc. No. 8:25-ap-01159-SC, Docket No. 46. This deadline will not expire until October 26, 2026. I will need time to review and, if necessary, object to the individual claims of the Affirma note holders, notwithstanding the initial objection deadline set forth in the Plan.

10. The Plan previously set a self-imposed deadline, subject to extension by the Court, to file objections to certain disputed claims which has passed. *See* Docket No. 1344, Plan, IV. I. 4.

11. My counsel made an honest calendaring mistake and inadvertently failed to calendar the self-imposed deadline in the Plan.

12. The Plan, however, provides that I may seek an extension of time to file such claim objections, and there is no deadline in the Plan for me to do so. *See* Docket No. 1344, Plan, IV. I. 4.

13. Accordingly, now that I am informed of the prior Plan deadline, I am seeking to extend the deadline and because I have determined that distributions will be made to general unsecured creditors and that there are numerous outstanding claims that need to be resolved.

14. I was previously under the belief that I was under no deadline to object to general unsecured claims and the time was not ripe to do so. Due to the amount of funds on hand in the Liquidation Trust at that time, there was no reason for me to object to general unsecured claims until I believed the Liquidation Trust had or would have sufficient funds on had to make a distribution on account of general unsecured claims. I understood at that time no purpose would have been served by objecting to claims until I had collected sufficient funds to make a distribution and had decided that a distribution would be made to unsecured creditors.

15. Further, the Liquidation Trust Agreement provides that I am not obligated to object to any claim [Docket No. 1344, Liquidation Trust Agreement, 5.1] and I was only going to object to general unsecured claims if a purpose would be served by doing so after a determination was made that I would be planning a distribution.

16. Any delay in objecting to general unsecured claims was not in bad faith. Rather, it was the result of an honest calendaring mistake of my counsel. Moreover, any delay was consistent with my general duties to only object if there was a purpose to do so and dictated by the time when the Liquidation Trust had sufficient funds to make a distribution. See 11 U.S.C. § 704(a)(5).

17. There is no prejudice to any parties by extending the deadline because it is expressly permitted by the Plan and the Bankruptcy Code, which provides that allowed (or disallowed) claims are always subject to reconsideration for cause. *See* 11 U.S.C. 502(j).

18. Moreover, I do not intend to delay the Court's proceedings with an extended deadline. I will bring the omnibus objections forthwith and well before all the matters and adversary proceedings pending before the Court are complete.

19. Finally, I believe extending the deadline will serve the interests of all creditors by allowing general unsecured claims to be resolved on their merits on an omnibus basis, as contemplated by Bankruptcy Rule 3007(d) and the proposed additional grounds. I have acted in good faith and want to see creditors' claims resolved on their merits.

20. Accordingly, I am seeking an extension of 180 days from entry of the order approving this Motion to file his remaining claim objections as requested herein.

21. With respect to the ongoing claims review, under my supervision, Omni Agent Solutions ("Omni"), which is the Bankruptcy-Court-approved noticing and claims agent in this Bankruptcy Case, has been actively involved in the review of all claims filed with the Bankruptcy Court.

22. As claims were filed, Omni coordinated the process of reconciling filed claims with the Debtors' schedules to determine the validity of filed claims based on those schedules. Omni has also developed and maintains a claims reconciliation database and various data management applications that are used to identify both valid claims as well as claims that are not valid in whole or

in part and the appropriate grounds for objection to such claims. Omni is now supporting, and will continue to support, my efforts and the efforts of my counsel to address and resolve disputed claims.

23. I am informed and believe that as of the date of this Motion, at least 5,916 Proofs of Claim have been filed with the Bankruptcy Court and with Omni from over 4,165 claimants (each, a "Claimant"). Although my efforts to reconcile these claims remain ongoing, I anticipate a substantial number of claim objections will be necessary to resolve these Proofs of Claim expeditiously, both on the grounds enumerated in Bankruptcy Rule 3007(d) as well as on additional grounds.

24. For example, I am informed and believe that there are approximately 968 filed Proofs of Claims that assert duplicate claims. I am further informed and believe that there are also approximately 2,030 Proofs of Claim for with absolutely no documentation or information provided beyond the Claimant's name and address.

25. I believe that the proposed Omnibus Claim Objection Procedures will benefit the Liquidating Trust and preserve value for creditors and other parties in interest by allowing me to minimize administrative burdens and reduce the costs associated with preparing and filing myriad separate individual objections on the same grounds applicable to a great many Proofs of Claim.

26. Requiring the filing of individual objections would result in significant expense without providing any meaningful benefit, particularly in light of my proposal to provide individualized, personalized notice to each Claimant. In addition, the filing of multiple individualized claims objections would materially delay the claims resolution process and my efforts to administer the Bankruptcy Case so that I can make payments under the Plan from the Liquidating Trust as efficiently and expeditiously as possible.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2026.

RICHARD A. MARSHACK

## Declaration of D. Edward Hays

I, D. EDWARD HAYS, declare and state as follows:

1. I am a partner of Marshack Hays Wood LLP ("Firm"), which maintains offices at 870 Roosevelt, Irvine, California 92620. I am an attorney at law licensed to practice in this state and admitted to practice in this Court. If called as a witness, I could and would competently testify to the facts set forth in this declaration of my own personal knowledge, information, and belief.

2. I make this declaration in support of the Trustee's Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims (B) the Form and Manner of the Notice of Omnibus Objections and (C) Extension of Time to File Objections to Claims ("Motion"). All capitalized terms not otherwise defined in this declaration shall have the meaning ascribed to them in the Motion.

3. The Firm represents Richard A. Marshack, in his capacity as liquidating trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust"), and previously represented Mr. Marshack as the Chapter 11 trustee.

4. On August 29, 2024, the Court conducted a hearing to consider confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024) ("Plan") [Docket No. 1344] and confirmed the same at the hearing,

5. Thereafter, September 9, 2024, the Court entered its Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation ("Confirmation Order"). See Docket No. 1646.

6. Effective September 24, 2024, the Trustee became the Liquidating Trustee of the Debtor's Liquidation Trust pursuant to the entered on September 9, 2024, and the Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation filed on September 24, 2024. See Docket. Nos. 1646 and 1762.

7. The Plan previously set a self-imposed deadline, subject to extension by the Court, to file objections to certain disputed claims. See Docket No. 1344, Plan, IV. I. 4. The deadline was not separately set forth in the Confirmation Order,

8. As a partner in the Firm and the one primarily responsible for representing the Trustee in this case, I should have personally ensured that all deadlines set forth in the Plan were calendared. This mistake constitutes excusable neglect under the circumstances.

9. Because the deadline was set by court order, it can be extended for the reasons set forth in the Motion. Moreover, 11 U.S.C. § 502)(j) specifically provides that even an allowed claim is subject to reconsideration for cause at any time, the Court is authorized under the Plan to extend the deadline, and applicable Ninth Circuit authority permits the Court to extend the a deadline set by the court after its expiration. See Docket No. 1344, Plan, IV. I. 4 and *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990 (9th Cir. 2020) (court has the authority to extend its own court-ordered deadlines pursuant to Bankruptcy Rule 9006(b)(1)).

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2026

*<u>/s/ D. Edward Hays</u>*
D. EDWARD HAYS

## Request for Judicial Notice

Richard A. Marshack, in his capacity as liquidating trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust"), in the above-captioned bankruptcy case ("Bankruptcy Case"), requests pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the following:

1. On March 20, 2023, The Litigation Practice Group, P.C. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, initiating Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

2. On May 8, 2023, Richard A. Marshack was appointed as Chapter 11 Trustee of Debtor's Bankruptcy Estate ("Estate") and assumed all authority to administer Debtor's Estate in this case. S*ee* Docket No. 65.

3. On December 22, 2023, the Court entered an order [Docket No. 785] approving the employment of Omni Agent Solutions ("Omni") as the noticing and claims agent in this Bankruptcy Case.

4. On June 17, 2024, the Court entered an order [Docket No. 1348] ("Disclosure Statement Order"), approving the solicitation of a disclosure statement [Docket No. 1345] describing the plan of liquidation jointly proposed by the Trustee and the Committee (as may be amended, modified, or supplemented from time to time) ("Plan").

5. On August 29, 2024, the Court conducted a hearing to consider confirmation of the Modified First Amended Joint Chapter 11 Plan of Liquidation (Dated June 14, 2024) [Docket No. 1344] and confirmed the same at the hearing and later entered the Order of Confirmation on September 9, 2024. S*ee* Docket No. 1646.

6. The Effective Date occurred on September 24, 2024. *See* Docket No. 1762.

7. Effective September 24, 2024, the Trustee became the Liquidating Trustee of the Debtor's Liquidation Trust pursuant to the Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation ("Confirmation Order") entered on September 9, 2024, and the Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation filed on September 24, 2024. *See* Docket. Nos. 1646 and 1762.

8. On January 2, 2024, the Court entered an Order Granting Joint Motion of the Trustee and Committee for Entry of an Order: (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; and (III) Approving the Form and Manner of Notice of the Bar Date ("Bar Date Order") [Docket No. 804].

9. The Bar Date Order established February 23, 2024, as the deadline to file all proofs of claim ("Proof of Claim") in connection with any prepetition claim against the Debtor.

10. The Bar Date was later extended to February 25, 2024 and March 30, 2024, for certain consumer clients, that were provided notice of the bar date pursuant to the Order Granting Motion for Entry of An Order: (1) Establishing Modified Bar Dates for Filing Proofs of Claim; and (2) Approving the Form and Manner of Notice of the Modified Bar Date, entered on February 23, 2024. *See* Docket No. 963.

11. On October 3, 2024, as Docket No. 1785, the Trustee filed an "Omnibus Objection to Alleged Priority Claims that Lack Evidence Supporting Priority Status," which totaled 1,026 pages with all exhibits and objected to 39 claims.

12. On June 30, 2020, the U.S. Bankruptcy Court for the Northern District of California entered an "Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections" as Docket No. 8228 in *In re PG&E Corporation*, Case No. 19-30088 ("PG&E Order").

13. A true and correct copy of the PG&E Order is attached as **Exhibit 3**.

DATED: October 26, 2026

MARSHACK HAYS WOOD LLP

By: */s/ D. Edward Hays*
D. EDWARD HAYS
AARON E. DE LEEST
BRADFORD N. BARNHARDT
Attorneys for Liquidating Trustee,
RICHARD A. MARSHACK

# EXHIBIT 1

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Trustee of the LPG Liquidation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS; (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS; AND (C) EXTENSION OF TIME TO FILE OBJECTIONS TO CLAIMS<br><br>[MOTION – DOCKET NO. _____]<br><br><u>[NO HEARING REQUIRED]</u> |

Upon the Motion, dated October ___, 2026 (the "Omnibus Objections Motion") [Dkt. No. ____], of Richard A. Marshack, in his capacity as liquidating trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust") in the above-captioned chapter 11 case ("Chapter 11 Case"), for entry of an Order Approving (A) Procedures For Filing Omnibus Objections To Claims; (B) The Form And Manner Of The Notice Of Omnibus Objections; And (C) Extension Of Time To File Objections To Claims; and consideration of the Omnibus Objections Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Omnibus Objections Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Omnibus Objections Motion and all documents submitted in support of the Omnibus Objections Motion; and this Court having determined that the legal and factual bases set forth in the Omnibus Objections Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Omnibus Objections Motion is in the best interests of the Trustee, the estate, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Omnibus Objections Motion is granted.

2. The Omnibus Claim Objection Procedures are approved as follows:

   A. Form of Omnibus Objection. Omnibus Objections will be numbered on the docket consecutively when filed, irrespective of basis.

   B. Number of Proofs of Claim per Omnibus Objection. The Trustee may object to no more than 250 claims per Omnibus Objection.

   C. Grounds for Omnibus Objection. The Trustee may file an Omnibus Objection if there are at least 10 claims that are subject to the same ground for disallowance, including the grounds identified in Bankruptcy Rule 3007(d) as well as any of the following grounds:

      i. The amount claimed contradicts the Debtor's books and records and the Trustee, after review and consideration of any information provided by the Claimant, denies liability in excess of the amount reflected in the Debtors' books and records;

      ii. The claims were incorrectly classified;

      iii. The claims seek recovery of amounts for which the Debtor is not liable;

      iv. The claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish prima facie evidence of the claims' validity, the Trustee has no other information to support the claims' validity, and the Trustee denies liability on that basis;

      v. The claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

      vi. The claims are objectionable on some other common basis under

applicable bankruptcy or non-bankruptcy law, such as the statute of limitations, that applies to 10 or more claims; and

vii. Under the Plan, or by stipulation, order, or judgment, the claims have already been disallowed or expunged or the Debtor's liability has otherwise been resolved.

D. Supporting Documentation. To the extent appropriate, the Omnibus Objections may be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Proofs of Claim included therein and the applicable supporting information and documentation provided therewith, made reasonable efforts to research the Proof of Claim on the Debtor's books and records, and believes the documentation does not provide prima facie evidence of the validity and amount of the Proofs of Claim. In that case, the Omnibus Objection will request that the Response (as defined below) include the information relied upon in preparing the Proof of Claim.

E. Proofs of Claim Exhibits. An exhibit listing the Proofs of Claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(c)(2), the Trustee is not required to attach a copy of Proofs of Claim that are the subject of the objection. The requirements of Local Bankruptcy Rule 3007-1(a)(4) that each Omnibus Objection identify the name of each claimant and the claim number in the caption of the objection and include as exhibits the documents supporting each claim objection organized and indexed by claim number are waived. Each exhibit will include, among other things, the following information:

i. An alphabetized list of the Claimants whose Proofs of Claim are the subject of the Omnibus Objection;

ii. The claim numbers of the Proofs of Claim that are the subject of the Omnibus Objection;

iii. The amount of claim asserted in the Proof of Claim;

iv. The grounds for the objection; and

v. For Omnibus Objections in which the Trustee seeks to reduce the amount of any given Proof of Claim, the proposed reduced claim amount.

F. Omnibus Claim Objection Notice. Each Claimant whose claim is the subject of an Omnibus Objection will be sent an individualized notice of the Omnibus Objection (each, an "Omnibus Claim Objection Notice") in substantially the form attached to this Order as Exhibit A. The Omnibus Claim Objection Notice will be served on the individual Claimant by mail, not less than 30 days before the date set for hearing of the Omnibus Objection, at the address specified in the Proof of Claim and on any other representative of the Claimant identified in the Proof of Claim. The Omnibus Claim Objection Notice will, among other things:

i. Describe the basic nature of the Omnibus Objection;

ii. Inform the Claimant that its rights may be affected by the Omnibus Objection and encourage the Claimant to read the Omnibus Claim

Objection Notice carefully;

iii. Inform the Claimant how it can readily obtain at no cost a copy of the full Omnibus Objection and a copy of the Proof of Claim that they filed; and

iv. Identify a response date (each, a "Response Deadline") not later than 14 days before the date designated for hearing and describe the procedures for filing a written response (each, a "Response") to the Omnibus Objection.

Although the Omnibus Claim Objection Notice generally will be in the form attached to this Order as Exhibit A, it may be tailored specifically to address particular Claimants or types of Omnibus Objections.

G. Order if No Response. The Trustee may submit an Order to the Bankruptcy Court sustaining each Omnibus Objection to Proofs of Claim for which the Trustee did not receive a timely Response, without further notice to the Claimants.

H. Each Objection Is a Contested Matter. Each Proof of Claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to the Proof of Claim.

I. Requirements for All Responses to Objections. Claimants who disagree with the relief sought in an Omnibus Objection are required to file a written Response in accordance with the procedures set forth herein and the Bankruptcy Local Rules. If a Claimant whose Proof of Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below and the Bankruptcy Local Rules, the Bankruptcy Court may sustain the Omnibus Objection with respect to the Proof of Claim without further notice to the Claimant.

i. Contents. Each Response must contain the following (at a minimum):

a) A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

b) The Claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim;

c) A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the Claimant will rely in opposing the Omnibus Objection;

d) A copy of any other documentation or other evidence of the Proof of Claim, to the extent not already included with the Proof of Claim, upon which the Claimant will rely in opposing the Omnibus Objection at the hearing;

e) A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and

f) The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Trustee should serve a reply to the Response, if any (each, a "Notice Address"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim), but only for those Proofs of Claim in the Omnibus Objection.

ii. Additional Information. To facilitate a resolution of the Omnibus Objection, the Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf (the "Additional Addresses"). Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

iii. Failure to Timely File a Response. If the Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Trustee will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Claimant.

iv. Service of the Response. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Omnibus Claim Objection Notice, will be deemed timely filed only if the Response is actually received by the Bankruptcy Court on or before the deadline to respond. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely served only if a copy of the Response is actually served on counsel for the Trustee on or before the deadline to respond (which deadline will be clearly set forth in the Notice). Acceptable methods of service include e-mail sent to Trustee's counsel or depositing the Response in the United States Mail or other similar carrier such that it is post-marked by the deadline.

J. Reservation of Rights. Nothing in the Omnibus Claim Objection Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or any other claims against the claimant. Unless the Bankruptcy Court allows a Proof of Claim or specifically orders otherwise, the Trustee has the right to object on any grounds to the Proofs of Claim (or to any other Proofs of Claim or causes of action filed by a claimant or that have been scheduled by the Debtor) at a later date. An affected Claimant will receive a separate notice of any such additional objection.

3. Any previous deadline set in the Modified First Amended Joint Chapter 11 Plan of Liquidation [Docket No. 1344] for the Trustee to file objections to claims is extended. The Trustee shall have through and including the date that is 180 days after entry of this Order to file objections to claims, without prejudice to the Trustee's right to seek further extensions.

4. Notice of the Omnibus Objections Motion as provided therein shall be deemed good and sufficient, and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

5. The Trustee is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Omnibus Objections Motion.

6. This Order is without prejudice to Trustee's ability to raise with this Court any aspect of the Omnibus Claim Objection Procedures, or of this Order, after entry of this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # #

**<u>Exhibit A</u>**

**Omnibus Claim Objection Notice**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Trustee of the LPG Liquidation Trust

THE OBJECTION DESCRIBED IN THIS NOTICE ASKS THE COURT TO DISALLOW AND EXPUNGE YOUR CLAIM(S) IDENTIFIED ON THE FOLLOWING PAGE OF THIS NOTICE.

CLAIMANTS RECEIVING THIS NOTICE SHOULD READ THIS NOTICE CAREFULLY BECAUSE THE OBJECTION MAY AFFECT YOUR RIGHT TO RECEIVE A DISTRIBUTION ON YOUR CLAIM IN THIS CASE.

IF YOU HAVE QUESTIONS, PLEASE CONTACT OMNI AGENT SOLUTIONS, AT LPGInquiries@omniagnt.com. THE LAST PARAGRAPH OF THIS NOTICE EXPLAINS HOW YOU CAN OBTAIN A COMPLETE COPY OF THE OBJECTION, AT NO COST TO YOU.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

THE LITIGATION PRACTICE GROUP P.C.,

Debtor.

Case No.: 8:23-bk-10571-SC

Chapter 11

NOTICE OF THE DEBTORS' [ORDINAL] OMNIBUS OBJECTION TO CLAIMS

**Response Deadline:**

**Hearing Information If Timely Response Made:**
Date:
Time:
Location: Courtroom 5C, 411 West Fourth Street, Santa Ana, California 92701 (Virtual)

[Claimant Name]

| Filed | | | | | Basis for Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
| | | | | | | | | | | |

On [date], Richard A. Marshack, in his capacity as liquidating trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust") in the above-captioned chapter 11 case (the "Chapter 11 Case"), filed his [Ordinal] Omnibus Objection to Claims (the "Omnibus Objection") with the United States Bankruptcy Court for the Central District of California (Santa Ana Division) (the "Bankruptcy Court"). A full copy of the Omnibus Objection may be obtained at no cost, as provided below.

Any Response (as defined below) to the Omnibus Objection must be filed and served upon

the Trustee's Counsel by [date that is 14 days before hearing date] (the "Response Deadline");

Any Response must be accompanied by any declarations or memoranda of law any responding party wishes to present in support of its position;

If there is no timely Response, the Bankruptcy Court may enter an order granting the Omnibus Objection to your Proof(s) of Claim by default. *See* Loc. Bankr. R. 9013-1(h).

If you file and serve a timely Response, the date, location and time of the Hearing are:

[date and time]

Courtroom 5C, 411 West Fourth Street, Santa Ana, California 92701 (Virtual - Accessibility information will be posted into the Court's tentative ruling prior to the hearing)

The Hearing will be held before the Honorable Scott C. Clarkson, United States Bankruptcy Judge. All parties who wish to appear at the Hearing should refer to the Bankruptcy Court's website, at https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson, for current information about how to appear. Trustee's Counsel will, as a courtesy and on request, provide by email to those who have filed timely Responses updated information regarding how to attend.

BASIS FOR OBJECTION TO YOUR PROOF(S) OF CLAIM: By the Omnibus Objection, the Trustee seeks to disallow or reduce one or more of your Proof(s) of Claim (as defined therein) listed above on the grounds that the Proof(s) of Claim is/are:

[state grounds for objection].

If you do NOT oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you do NOT need to file a written Response to this Omnibus Objection and you do NOT need to appear at the Hearing.

**FILING AND SERVICE OF RESPONSE**: If you DO oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you MUST file a response (a "Response"), in writing, with the Bankruptcy Court, and serve it on the counsel for the Trustee at the above-referenced email addresses so as to be received by no later than [MM DD, 20YY] (the "Response Deadline"): You must file the Response through the Court's electronic case filing ("ECF") system if you have access to the ECF system; service on Trustee's Counsel will occur automatically upon ECF filing; and no separate service of your Response is required. If you do NOT have access to the ECF system, service must be made by electronic mail to the email addresses of the Trustee's counsel as shown on the Objection, and you must arrange for the Response to be filed with the Court within two business days thereafter. If you do not have the ability to serve a Response electronically, the Response must be served by mail, express or some other means so either (a) it is actually received by Trustee's Counsel by the Response Deadline, or (b) it is dispatched not later that the Response Deadline through a postal or commercial express service that will make actual delivery not more than two business days after the Response Deadline, and in that case the Claimant must inform Trustee's counsel by email, telephone or facsimile before the Response Deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

**CONTENTS OF RESPONSE** The Response must, at a minimum, include the following: (i) A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed; (ii) The claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim; (iii) a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection; (iv) a copy of any other

documentation or other evidence of the Proof of Claim, to the extent not already included with the Proof of Claim, upon which the Claimant will rely in opposing the Omnibus Objection at the hearing; (v) a declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and (vi) the claimant's name, address, telephone number, and/or the name, address, and telephone number of the claimant's attorney and/or designated representative to whom counsel for the Trustee should serve a reply to the Response, if any (each, a "Notice Address"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim), but only for those Proofs of Claim in the Omnibus Objection.

If the Bankruptcy Court does not disallow or reduce your Proof(s) of Claim listed above, then the Trustee has the right to object on other grounds to your Proof(s) of Claim at a later date. You will receive a separate notice of any such objection.

**TO GET COPIES OF THE COMPLETE OBJECTION:** Copies of the complete Omnibus Objection and the other pleadings and documents identified herein can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.cacb.uscourts.gov [PACER account required], (ii) for free by download from the Trustee's approved notice and claim agent's website at https://cases.omniagentsolutions.com/?clientId=3675, or (iii) by calling Omni Agent Solutions at (747) 226-5672 or (888) 741-4582 (Toll Free) or by email at LPGInquiries@omniagnt.com to request a complete copy of the Omnibus Objection, including all Exhibits, by mail, at no cost to the Claimant.

DATED: _________, 2026

MARSHACK HAYS WOOD LLP

By: *TEMPLATE - FOR ILLUSTRATION ONLY*
D. EDWARD HAYS
AARON E. DE LEEST
BRADFORD N. BARNHARDT
Attorneys for Richard A. Marshack,
Trustee of The LPG Liquidation Trust

# EXHIBIT 2

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Trustee of the LPG Liquidation Trust

THE OBJECTION DESCRIBED IN THIS NOTICE ASKS THE COURT TO DISALLOW AND EXPUNGE YOUR CLAIM(S) IDENTIFIED ON THE FOLLOWING PAGE OF THIS NOTICE.

CLAIMANTS RECEIVING THIS NOTICE SHOULD READ THIS NOTICE CAREFULLY BECAUSE THE OBJECTION MAY AFFECT YOUR RIGHT TO RECEIVE A DISTRIBUTION ON YOUR CLAIM IN THIS CASE.

IF YOU HAVE QUESTIONS, PLEASE CONTACT OMNI AGENT SOLUTIONS, AT LPGInquiries@omniagnt.com. THE LAST PARAGRAPH OF THIS NOTICE EXPLAINS HOW YOU CAN OBTAIN A COMPLETE COPY OF THE OBJECTION, AT NO COST TO YOU.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

THE LITIGATION PRACTICE GROUP P.C.,

Debtor.

Case No.: 8:23-bk-10571-SC

Chapter 11

NOTICE OF THE DEBTORS' [ORDINAL] OMNIBUS OBJECTION TO CLAIMS

**Response Deadline:**

**Hearing Information If Timely Response Made:**
Date:
Time:
Location: Courtroom 5C, 411 West Fourth Street, Santa Ana, California 92701 (Virtual)

[Claimant Name]

| Filed | | | | | Basis for Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
| | | | | | | | | | | |

On [date], Richard A. Marshack, in his capacity as liquidating trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust") in the above-captioned chapter 11 case (the "Chapter 11 Case"), filed his [Ordinal] Omnibus Objection to Claims (the "Omnibus Objection") with the United States Bankruptcy Court for the Central District of California (Santa Ana Division) (the "Bankruptcy Court"). A full copy of the Omnibus Objection may be obtained at no cost, as provided below.

Any Response (as defined below) to the Omnibus Objection must be filed and served upon

the Trustee's Counsel by [date that is 14 days before hearing date] (the "Response Deadline");

Any Response must be accompanied by any declarations or memoranda of law any responding party wishes to present in support of its position;

If there is no timely Response, the Bankruptcy Court may enter an order granting the Omnibus Objection to your Proof(s) of Claim by default. *See* Loc. Bankr. R. 9013-1(h).

If you file and serve a timely Response, the date, location and time of the Hearing are:

[date and time]

Courtroom 5C, 411 West Fourth Street, Santa Ana, California 92701 (Virtual - Accessibility information will be posted into the Court's tentative ruling prior to the hearing)

The Hearing will be held before the Honorable Scott C. Clarkson, United States Bankruptcy Judge. All parties who wish to appear at the Hearing should refer to the Bankruptcy Court's website, at https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson, for current information about how to appear. Trustee's Counsel will, as a courtesy and on request, provide by email to those who have filed timely Responses updated information regarding how to attend.

BASIS FOR OBJECTION TO YOUR PROOF(S) OF CLAIM: By the Omnibus Objection, the Trustee seeks to disallow or reduce one or more of your Proof(s) of Claim (as defined therein) listed above on the grounds that the Proof(s) of Claim is/are:

[state grounds for objection].

If you do NOT oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you do NOT need to file a written Response to this Omnibus Objection and you do NOT need to appear at the Hearing.

**FILING AND SERVICE OF RESPONSE**: If you DO oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you MUST file a response (a "Response"), in writing, with the Bankruptcy Court, and serve it on the counsel for the Trustee at the above-referenced email addresses so as to be received by no later than [MM DD, 20YY] (the "Response Deadline"): You must file the Response through the Court's electronic case filing ("ECF") system if you have access to the ECF system; service on Trustee's Counsel will occur automatically upon ECF filing; and no separate service of your Response is required. If you do NOT have access to the ECF system, service must be made by electronic mail to the email addresses of the Trustee's counsel as shown on the Objection, and you must arrange for the Response to be filed with the Court within two business days thereafter. If you do not have the ability to serve a Response electronically, the Response must be served by mail, express or some other means so either (a) it is actually received by Trustee's Counsel by the Response Deadline, or (b) it is dispatched not later that the Response Deadline through a postal or commercial express service that will make actual delivery not more than two business days after the Response Deadline, and in that case the Claimant must inform Trustee's counsel by email, telephone or facsimile before the Response Deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

**CONTENTS OF RESPONSE** The Response must, at a minimum, include the following: (i) A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed; (ii) The claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim; (iii) a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection; (iv) a copy of any other

documentation or other evidence of the Proof of Claim, to the extent not already included with the Proof of Claim, upon which the Claimant will rely in opposing the Omnibus Objection at the hearing; (v) a declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and (vi) the claimant's name, address, telephone number, and/or the name, address, and telephone number of the claimant's attorney and/or designated representative to whom counsel for the Trustee should serve a reply to the Response, if any (each, a "Notice Address"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim), but only for those Proofs of Claim in the Omnibus Objection.

If the Bankruptcy Court does not disallow or reduce your Proof(s) of Claim listed above, then the Trustee has the right to object on other grounds to your Proof(s) of Claim at a later date. You will receive a separate notice of any such objection.

**TO GET COPIES OF THE COMPLETE OBJECTION:** Copies of the complete Omnibus Objection and the other pleadings and documents identified herein can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.cacb.uscourts.gov [PACER account required], (ii) for free by download from the Trustee's approved notice and claim agent's website at https://cases.omniagentsolutions.com/?clientId=3675, or (iii) by calling Omni Agent Solutions at (747) 226-5672 or (888) 741-4582 (Toll Free) or by email at LPGInquiries@omniagnt.com to request a complete copy of the Omnibus Objection, including all Exhibits, by mail, at no cost to the Claimant.

DATED: _________, 2026

MARSHACK HAYS WOOD LLP

By: *TEMPLATE - FOR ILLUSTRATION ONLY*
D. EDWARD HAYS
AARON E. DE LEEST
BRADFORD N. BARNHARDT
Attorneys for Richard A. Marshack,
Trustee of The LPG Liquidation Trust

# EXHIBIT 3

Entered on Docket
July 01, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: June 30, 2020

DENNIS MONTALI
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS**<br><br>[Related to Dkt. No. 7758]<br><br>**Hearing Date: June 24, 2020**<br>**Time: 10:00 am** |

Upon the Motion, dated June 3, 2020 (the "**Omnibus Objections Motion**")[1] [Dkt. No. 7758], of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an Order Approving (A) Procedures For Filing Omnibus Objections To Claims And (B) The Form And Manner Of The Notice Of Omnibus Objections; and consideration of the Omnibus Objections Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and certain objections to the Motion having been filed as well as certain joinders thereto [Dkt. Nos. 7975, 7985, 7992, 7993, 7994, 7995] (collectively, the "**Objections**"); and a hearing having been held on the Motion and the Objections on June 24, 2020 (the "**Hearing**"); and the Court having found and determined that notice of the Omnibus Objections Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Omnibus Objections Motion and the McWilliams Declaration submitted in support of the Omnibus Objections Motion; and this Court having determined that the legal and factual bases set forth in the Omnibus Objections Motion establish just cause for the relief granted herein, as modified in accordance with the record at the Hearing; and it appearing that the relief requested in the Omnibus Objections Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Omnibus Objections Motion is granted as provided herein and modified in accordance with the record at the Hearing. To the extent any Objections have not been resolved or withdrawn prior to, or on the record at, the Hearing, they are hereby overruled.

[1] Any capitalized terms defined in the Motion and not otherwise defined in this Order shall have the meaning defined in the Motion or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* (as may be modified, supplemented, or amended from time to time, and together with any schedules of exhibits thereto, the "**Plan**"), as applicable.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2. The Omnibus Claim Objection Procedures are approved as follows:

A. Form of Omnibus Objection. Omnibus Objections will be numbered consecutively, irrespective of basis.

B. Number of Proofs of Claim per Omnibus Objection. The Debtors may object to no more than 250 claims per Omnibus Objection.

C. Grounds for Omnibus Objection. The Debtors may object to the Proofs of Claim on the grounds identified in Bankruptcy Rule 3007(d) as well as on any of the following grounds:

i. The amount claimed contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records;

ii. The claims were incorrectly classified;

iii. The claims seek recovery of amounts for which the Debtors are not liable for the reason or reasons stated in the objection;

iv. The claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish *prima facie* evidence of the claims' validity, the Debtors have no other information to support the claims' validity, and the Debtors deny liability on that basis;

v. The claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

vi. The claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, such as the statute of limitations, that applies to 10 or more claims; and

vii. Under the Plan, the claims have been disallowed or expunged or the Debtors' liability has otherwise been resolved or will pass through the Chapter 11 Cases unaffected by the Plan.

D. Supporting Declaration. The Omnibus Objections shall be accompanied by an affidavit or declaration that supports the Omnibus Objections.

E. Proofs of Claim Exhibits. An exhibit listing the Proofs of Claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(a), Debtors are not required to attach a copy of Proofs of Claim that are the subject of the objection. Each exhibit will include, among other things, the following information:

i. An alphabetized list of the Claimants whose Proofs of Claim are the subject of the Omnibus Objection;

ii. The claim numbers of the Proofs of Claim that are the subject of the Omnibus Objection;

iii. The amount of claim asserted in the Proof of Claim;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

iv. The grounds for the objection; and

v. For Omnibus Objections in which the Debtors seek to reduce the amount of any given Proof of Claim, the proposed reduced claim amount**.**

F. Omnibus Claim Objection Notice. Each Claimant whose claim is the subject of an Omnibus Objection will be sent an individualized notice of the Omnibus Objection (each, an "**Omnibus Claim Objection Notice**") in substantially the form attached to this Order as **Exhibit A**. The Omnibus Claim Objection Notice will be served on the individual Claimant by mail, not less than 37 days before the date set for hearing of the Omnibus Objection, at the address specified in the Proof of Claim and on any other representative of the Claimant identified in the Proof of Claim. The Omnibus Claim Objection Notice will, among other things:

i. Describe the basic nature of the Omnibus Objection;

ii. Inform the Claimant that its rights may be affected by the Omnibus Objection and encourage the Claimant to read the Omnibus Claim Objection Notice carefully;

iii. Inform the Claimant how it can readily obtain at no cost a copy of the full Omnibus Objection; and

iv. Identify a response date (each, a "**Response Deadline**") not less than 14 calendar days before the date set for hearing, consistent with Bankruptcy Local Rule 9014-1(c), and describe the procedures for filing a written response (each, a "**Response**") to the Omnibus Objection.

Although the Omnibus Claim Objection Notice generally will be in the form attached to this Order as **Exhibit A**, it may be tailored specifically to address particular Claimants or types of Omnibus Objections.

G. Order if No Response. The Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all Proofs of Claim for which the Debtors did not receive a timely Response, without further notice to the Claimants.

H. Each Objection Is a Contested Matter. Each Proof of Claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to the Proof of Claim. Consistent with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an Omnibus Objection shall be determined as though the claim had been subject to an individual objection.

I. Requirements for All Responses to Objections. Claimants who disagree with the relief sought in an Omnibus Objection are required to file a written Response in accordance with the procedures set forth herein and the Bankruptcy Local Rules. If a Claimant whose Proof of Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below and the Bankruptcy Local Rules, the Bankruptcy Court may sustain the Omnibus Objection with respect to the Proof of Claim without further notice to the Claimant.

i. Contents. Each Response must contain the following (at a minimum):

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

a) A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

b) The Claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim;

c) A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection;

d) A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response;

e) The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim) will be sent to the new Notice Address in addition to other service address(es) already on file.

ii. Additional Information. To facilitate a resolution of the Omnibus Objection, the Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf (the "**Additional Addresses**"). Unless an Additional Address is the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

iii. Failure to Timely File a Response. If the Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Claimant.

iv. Service of the Response. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Omnibus Claim Objection Notice, must be timely served on or before the Response Deadline (which will be clearly set forth in the Notice). Responses should be served via the Court's ECF system. In the case of Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Debtors' counsel as shown on the Objection. If a Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or commercial express service that will effect delivery not more than two business days after the Response Deadline, and the Claimant must inform Debtors' counsel by email, telephone or facsimile before the Response Deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

J. Reservation of Rights. Nothing in the Omnibus Claim Objection Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or any other claims against the claimant. Unless the Bankruptcy Court allows a Proof of Claim or specifically orders otherwise, the Debtors have the right to object on any grounds to the Proofs of Claim (or to any other Proofs of Claim or causes of action filed by a claimant or that have been scheduled by the Debtors) at a later date. An affected Claimant will receive a separate notice of any such additional objection.

3. Notice of the Omnibus Objections Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

4. **These Omnibus Claim Objection Procedures DO NOT APPLY to any proofs of claim with respect to (a) FIRE VICTIM CLAIMS or (b) SUBROGATION WILDFIRE CLAIMS.**

5. The Omnibus Claim Objection Procedures set forth herein and approved pursuant to this Order shall not apply to any proofs of claim with respect to any Subordinated Debt Claims or HoldCo Rescission or Damage Claims (collectively, the "**Subordinated Securities Claims**"). Omnibus claims resolution and/or objection procedures with respect to the Subordinated Securities Claims, if any, shall be filed by the Debtors or Reorganized Debtors, as applicable, pursuant to a separate motion on appropriate notice.

6. The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Omnibus Objections Motion.

7. This Order is without prejudice to Debtors' ability to raise with this Court any aspect of the Omnibus Claim Objection Procedures, or of this Order, after entry of this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Exhibit A**

**Omnibus Claim Objection Notice**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com
Peter J. Benvenutti (#60566)
(pbenvenutt@kbkllp.com))
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**THE OBJECTION DESCRIBED IN THIS NOTICE ASKS THE COURT TO DISALLOW AND EXPUNGE YOUR CLAIM(S) IDENTIFIED ON THE FOLLOWING PAGE OF THIS NOTICE.**

**CLAIMANTS RECEIVING THIS NOTICE SHOULD READ THIS NOTICE CAREFULLY BECAUSE THE OBJECTION MAY AFFECT YOUR RIGHT TO RECEIVE A DISTRIBUTION ON YOUR CLAIM IN THIS CASE.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT PRIME CLERK, LLC, AT [ ]**

**THE LAST PARAGRAPH OF THIS NOTICE EXPLAINS HOW YOU CAN OBTAIN A COMPLETE COPY OF THE OBJECTION, AT NO COST TO YOU.**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**NOTICE OF THE DEBTORS' [ORDINAL] OMNIBUS OBJECTION TO CLAIMS**<br><br>**Response Deadline:**<br><br>**Hearing Information If Timely Response Made:**<br><br>**Date:**<br>**Time:** |

[Claimant Name]

| Filed | | | | | Basis for Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
| | | | | | | | | | | |

On [date], PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed their *[Ordinal] Omnibus Objection to Claims* (the "**Omnibus Objection**") with the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "**Bankruptcy Court**"). [A full copy of the Omnibus Objection may be obtained at no cost, as provided below.]

**Any Response (as defined below) to the Omnibus Objection must be filed and served upon the Debtors' Counsel by [date that is 14 days before hearing date] (the "Response Deadline");**

**Any Response must be accompanied by any declarations or memoranda of law any responding party wishes to present in support of its position;**

**If there is no timely Response, the Bankruptcy Court may enter an order granting the Omnibus Objection to your Proof(s) of Claim by default.**

**If you file a timely Response, the Hearing will be held at the date and time shown below. If factual disputes are presented by the Objection and the Response, the Hearing will proceed as a status conference; factual disputes will not be decided at the Hearing, but at a future evidentiary hearing that may be set at the Hearing. Issues of a purely legal nature, where facts are not in dispute, may be decided at the Hearing. [See Bankruptcy Local Rule 3007-1.]**

**If you file and serve a timely Response, the date, location and time of the Hearing are:**

**[date and time]**

**Courtroom 17, 16th Floor, 450 Golden Gate Ave., San Francisco, CA**

The Hearing will be held before the Honorable Dennis Montali, United States Bankruptcy Judge. Pursuant to the Bankruptcy Court's *Amended General Order No. 38 In re: Coronavirus Disease Public Health Emergency*, dated March 30, 2020, **the Hearing will be conducted telephonically or by video conference. The courtroom will be closed**. All parties who wish to appear at the Hearing should refer to the Bankruptcy Court's website [ link ] for current information about how to appear. Debtors' Counsel will, as a courtesy and on request, provide by email to those who have filed timely Responses updated information regarding how to attend.

**These Omnibus Claims Objection Procedures DO NOT APPLY to any proofs of claim with respect to (a) FIRE VICTIM CLAIMS or (b) SUBROGATION WILDFIRE CLAIMS.**

**BASIS FOR OBJECTION TO YOUR PROOF(S) OF CLAIM:** By the Omnibus Objection, the Debtors seek to disallow or reduce one or more of your Proof(s) of Claim (as defined therein) listed above on the grounds that the Proof(s) of Claim is/are:

[state grounds for objection].

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

If you do **NOT** oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you do NOT need to file a written Response to this Omnibus Objection and you do NOT need to appear at the Hearing.

**FILING AND SERVICE OF RESPONSE:** If you **DO** oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you MUST file a response (a "**Response**"), in writing, with the Bankruptcy Court, and serve it on the counsel for the Debtors at the above-referenced email addresses so as to be received by no later than **4:00 p.m. (Pacific Time) on [•], 2020 (the "Response Deadline")**: You must file the Response through the Court's electronic case filing ("ECF") system if you have access to the ECF system; service on Debtors' Counsel will occur automatically upon ECF filing; and no separate service of your Response is required. If you do NOT have access to the ECF system, service must be made by electronic mail to the email addresses of the Debtors' counsel as shown on the Objection, and you must arrange for the Response to be filed with the Court within two business days thereafter. If you do not have the ability to serve a Response electronically, the Response must be served by mail, express or some other means so either (a) it is actually received by Debtors' Counsel by the Response Deadline, or (b) it is dispatched not later that the Response Deadline through a postal or commercial express service that will make actual delivery not more than two business days after the Response Deadline, and in that case the Claimant must inform Debtors' counsel by email, telephone or facsimile before the Response Deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

**CONTENTS OF RESPONSE** The Response must, at a minimum, include the following: (i) a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed; (ii) your name, the assigned number(s) of your Proof(s) of Claim, and an explanation for the amount of the Proof(s) of Claim; (iii) a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection; (iv) a declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; (vi) your name, address, telephone number, and/or the name, address, and telephone number of your attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any; and (vii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on your behalf, if any.

If the Bankruptcy Court does not disallow or reduce your Proof(s) of Claim listed above, then the Debtors have the right to object on other grounds to your Proof(s) of Claim at a later date. You will receive a separate notice of any such objection.

**TO GET COPIES OF THE COMPLETE OBJECTION:** Copies of the complete Omnibus Objection and the other pleadings and documents identified herein can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.canb.uscourts.gov [PACER account required], (ii) for free by download from on the Debtors' approved notice and claim agent's website at https://restructuring.primeclerk.com/pge/Home-DocketInfo, or (iii) by mail, for free, by calling Prime Clerk LLC at (844) 339-4217 (Toll Free) or by email at pgeinfo@primeclerk.com to request a complete copy of the Omnibus Objection, including all Exhibits.

Dated: [•], 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/
Peter J. Benvenutti
*Attorneys for Debtors and Debtors in Possession*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS; (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS; AND (C) EXTENSION OF TIME TO FILE OBJECTIONS TO CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE; AND DECLARATIONS OF RICHARD A. MARSHACK AND D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 27, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 27, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST~~
~~SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 27, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**MONITOR**
Nancy Rapoport
nancy.rapoport@unlv.edu

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 27, 2026 | Laurel Dinkins | */s/ Laurel Dinkins* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **INTERESTED PARTY COURTESY NEF: Joseph E Addiego** joeaddiego@dwt.com, ayshalewis@dwt.com;kimberlysimmonsgreene@dwt.com;ryanrubio@dwt.com
- **INTERESTED PARTY COURTESY NEF:** Kyra E Andrassy kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Bradford Barnhardt** bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF: David P Beitchman** dbeitchman@bzlegal.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC and CREDITOR OXFORD KNOX, LLC: Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us
- **ATTORNEY FOR DEFENDANT LEUCADIA ENTERPRISES, INC.: Michael Jay Berger** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF: Ethan J Birnberg** birnberg@portersimon.com, reich@portersimon.com
- **ATTORNEY FOR RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIGUIDATING TRUST:** Anthony Bisconti tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **INTERESTED PARTY COURTESY NEF:** Christopher L Blank chris@chrisblanklaw.com
- **INTERESTED PARTY COURTESY NEF:** Ori S Blumenfeld ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- **ATTORNEY FOR DEFENDANT PITNEY BOWES INC. IN RELATED ADVERSARY CASE NO. 8:25-AP-01293-SC:** Todd A Boock todd@bnsklaw.com, kaitlyn@bnsklaw.com;sharlah@bnsklaw.com
- **ATTORNEY FOR SLATE ADVANCE LLC & MYNT ADVANCE, LLC:** Joseph Boufadel jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF:** J Scott Bovitz bovitz@bovitz-spitzer.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Peter W Bowie** peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Samuel Mushegh Boyamian** samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **INTERESTED PARTY COURTESY NEF:** Brian Boyd brian.boyd@dinsmore.com, tracey.shepherdgwinner@dinsmore.com;lana.stawecki@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Michael L Branch mlb@schneiderbranchlaw.com
- **INTERESTED PARTY COURTESY NEF: Bert Briones** bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net;red-hill-law-group@pacer.glade.ai
- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC: Ronald K Brown** ron@rkbrownlaw.com
- **ATTORNEY FOR CREDIT REPORTING SERVICES, INC.:** Manon Burns mburns@awglaw.com
- **INTERESTED PARTY COURTESY NEF:** Kevin M Capuzzi kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Celentino** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR CREDITOR ELIZABETH A. SHORE: Michael F Chekian** mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF: Shawn M Christianson** cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF: Randall Baldwin Clark** rbc@randallbclark.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Bryan Cockroft bryan.cockroft@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Baruch C Cohen bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **INTERESTED PARTY COURTESY NEF:** Baruch C Cohen BaruchCohen@Baruchcohenesq.com, paralegal@baruchcohenesq.com

- **ATTORNEY FOR DEFENDANT LISA COHEN and DEFENDANT ROSA BIANCA LOLI: Leslie A Cohen** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **INTERESTED PARTY COURTESY NEF:** Nicholas S Couchot ncouchot@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Cara Daggitt** cara.daggitt@dinsmore.com, Keegan.Giblin@Dinsmore.com
- **INTERSTED PARTY COURTESY NEF: Steven M. Dailey** steven.dailey@kutakrock.com, irvineintake@kutakrock.com
- **ATTORNEY FOR DEFENDANT MORNING LAW GROUP, P.C.: Michael W Davis** mdavis@dtolaw.com, ygodson@dtolaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Aaron E. De Leest adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Devan De los Reyes ddelosreyes@marshackhays.com, ddelosreyes@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Zachary Diederichs zachary.diederichs@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Anthony Paul Diehl** anthony@apdlaw.net, Diehl.AnthonyB112492@notify.bestcase.com,ecf@apdlaw.net
- **INTERESTED PARTY COURTESY NEF: Ashley Dionisio** adionisio@omniagnt.com
- **ATTORNEY FOR INTERESTED PARTY NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS and INTERESTED PARTY NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER : Jenny L Doling** jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **INTERESTED PARTY COURTESY NEF:** Casey Z Donoyan casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- **INTERESTED PARTY COURTESY NEF: Jamie P Dreher** jdreher@downeybrand.com, amasson@downeybrand.com;courtfilings@downeybrand.com
- **ATTORNEY FOR CREDITOR CAROLYN BEECH: Daniel A Edelman** dedelman@edcombs.com, courtecl@edcombs.com
- **INTERESTED PARTY COURTESY NEF: Howard M Ehrenberg** Howard.Ehrenberg@gmlaw.com, hehrenberg@ecf.courtdrive.com;hehrenberg@ecf.inforuptcy.com;Karen.Files@gmlaw.com;denise.walker@gmlaw.com
- **INTERESTED PARTY COURTESY NEF: Lexi J. Epley** lexi.epley@dinsmore.com, angelica.urena@dinsmore.com
- **CREDITOR: Meredith Fahn** fahn@sbcglobal.net
- **INTERESTED PARTY COURTESY NEF:** Jeremy Faith Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **ATTORNEY FOR CREDITOR VALIDATION PARTNERS LLC: William P Fennell** william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;naomi.cwalinski@fennelllaw.com;samantha.larimer@fennelllaw.com;office@fennelllaw.com;Brendan.Bargmann@fennelllaw.com
- **INTERESTED PARTY COURTESY NEF:** Jesse S Finlayson jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com
- **INTERESTED PARTY COURTESY NEF: Alan W Forsley** alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **ATTORNEY FOR DEFENDANT CLEAR VISION LLC dba LIBERTY1 FINANCIAL: Marc C Forsythe** mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Stephen Franks stephen.franks@dinsmore.com, Tracy.weirauch@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Nathan Fransen nathan@fmattorney.com, deforest@fmattorney.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jeremy Freedman** jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Scott C. Frost sfrost@howardandhoward.com**
- **ATTORNEY FOR CREDITOR HERRET CREDIT: Eric Gassman** erg@gassmanlawgroup.com, gassman.ericb112993@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF: Yisrael Gelb yisrael@gelblawapc.com**

- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio** Christopher.Ghio@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Christopher Ghio** christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR AMY GINSBURG; CREDITOR KENTON COBB; and CREDITOR SHANNON BELLFIELD: Amy Lynn Ginsburg** efilings@ginsburglawgroup.com
- **INTERESTED PARTY COURTESY NEF: Robert P Goe** kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **ATTORNEY FOR DEFENDANT STRIPE, INC: Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR CREDITOR AFFIRMA, LLC; CREDITOR ANAHEIM ARENA MANAGEMENT, LLC; CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC; and CREDITOR OXFORD KNOX, LLC: Jeffrey I Golden** jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com; lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Richard H Golubow** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC: David M Goodrich** dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **NTERESTED PARTY COURTESY NEF:** E Jay Gotfredson LAWFIRM@GOTALAW.COM, tim@advocateslaw.group;jaygotfredson@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Spencer Keith Gray spencer.gray@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Mary H Haas maryhaas@dwt.com, melissastrobel@dwt.com;lit-docket@dwt.com;kimberlysimmonsgreene@dwt.com
- **INTERESTED PARTY COURTESY NEF:** David S Hagen davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
- **INTERESTED PARTY COURTESY NEF:** Asa S Hami asa.hami@gmlaw.com, ahami@ecf.courtdrive.com;patricia.dillamar@gmlaw.com;pdillamar@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Bernard M Hansen bernardmhansen@sbcglobal.net
- **INTERESTED PARTY COURTESY NEF:** Stella A Havkin stella@havkinandshrago.com, shavkinesq@gmail.com
- **INTERESTED PARTY COURTESY NEF:** David T Hayek dhayek@hinshawlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): D Edward Hays** ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Geoffrey A Heaton gheaton@duanemorris.com, kramos@duanemorris.com
- **INTERESTED PARTY COURTESY NEF:** Carson Heninger heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com
- **INTERESTED PARTY COURTESY NEF:** Btzalel Hirschhorn bhirschhorn@sbagk.com
- **INTERESTED PARTY COURTESY NEF: Kevin Hoang kevin@khoanglaw.com, emily@khoanglaw.com,wilma@khoanglaw.com**
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY: Alan Craig Hochheiser** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Karen Hockstad karen.hockstad@dinsmore.com, kim.beavin@dinsmore.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC: Garrick A Hollander** ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR SHARP ELECTRONICS CORPORATION: Brian L Holman** b.holman@musickpeeler.com
- **INTERESTED PARTY COURTESY NEF: Richard L. Hyde** rhyde@awglaw.com

- **INTERESTED PARTY COURTESY NEF: Brandon J. Iskander** biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR INTERESTED PARTY MERCHANTS CREDIT CORPORATION: Peter L Isola** pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **ATTORNEY FOR CREDITOR, PLAINTIFF, and COUNTER-DEFENDANT OHP-CDR, LP and PLAINTIFF and COUNTER-DEFENDANT PURCHASECO 80, LLC: Razmig Izakelian** razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Veneeta Jaswal** veneeta.jaswal@dinsmore.com, jeanette.garcia@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sara Johnston** sara.johnston@dinsmore.com, spencer.gray@dinsmore.com;rosetta.mitchell@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Leslie K Kaufman kaufman_kaufman.bankruptcy@yahoo.com, kaufmanlr98210@notify.bestcase.com
- **ATTORNEY FOR FIDELITY NATIONAL INFORMATION SERVICES, INC. DBA FIS: Sweeney Kelly** kelly@ksgklaw.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.: Joon M Khang** joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE: Ira David Kharasch** ikharasch@pszjlaw.com
- **ATTORNEY FOR DEFENDANT GALLANT LAW GROUP: Meredith King** mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Nicholas A Koffroth** nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC: David S Kupetz** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF: Christopher J Langley** chris@slclawoffice.com, langleycr75251@notify.bestcase.com;ecf123@casedriver.com;john@slclawoffice.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Kelli Ann Lee** Kelli.lee@dinsmore.com, kristy.allen@dinsmore.com
- **ATTORNEY DEFENDANT OPTIMUMBANK HOLDINGS, INC: Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C.; DEFENDANT LGS HOLDCO, LLC; INTERESTED PARTY CONSUMER LEGAL GROUP, P.C.; and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC: Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY REVOLV3, INC.: Britteny Leyva** bleyva@mayerbrown.com, 2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC: Michael D Lieberman** mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Yosina M Lissebeck** Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Jason Lowe jasonflowe@gmail.com
- **ATTORNEY FOR CREDITOR FUNDURA CAPITAL GROUP: Mitchell B Ludwig** mbl@kpclegal.com, kad@kpclegal.com
- **INTERESTED PARTY COURTESY NEF:** Mitchell Malachowski mmalachowski@tysonmendes.com
- **INTERESTED PARTY COURTESY NEF: Charity J Manee** cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **INTERESTED PARTY AND ATTORNEY: Daniel S March** marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **ATTORNEY FOR CREDITOR and DEFENDANT GREYSON LAW CENTER PC, CREDITOR and DEFENDANT HAN TRINH; and CREDITOR and DEFENDANT PHUONG (JAYDE) TRINH: Kathleen P March** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Suzanne Marino suzanne.marino@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Joshua I. Marrone joshua.marrone@dinsmore.com

- **CHAPTER 11 TRUSTEE: Richard A Marshack (TR)** pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Mason** jeana.mason@dinsmore.com, ashlynn.harrison@dinsmore.com;stella.laroe@dinsmore.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Caroline Massey** caroline.massey@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Sarah S. Mattingly** sarah.mattingly@dinsmore.com
- **INTERESTED PARTY COURTESY NEF: Tony May** tmay@maybrocklaw.com
- **INTERESTED PARTY COURTESY NEF: Noah K McCall** nmccall@rschauerlaw.com, NAnderson@RSchauerLaw.com
- **INTERESTED PARTY COURTESY NEF: William McCormick** Bill.McCormick@ag.tn.gov
- **ATTORNEY FOR CREDITORS/DEFENDANTS SABIA FINANCIAL, INC, AN ILLINOIS CORPORATION; FRANK DAL BELLO, AN INDIVIDUAL; AND CHAD ROTHROCK, AN INDIVIDUAL:** Jeffrey A. Meinhardt jmeinhardt@silverandarsht.com
- **ATTORNEY FOR US TRUSTEE: Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Byron Z Moldo** bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **ATTORNEY FOR CREDITOR ADP, INC: Glenn D. Moses** gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jadelgado@venable.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jamie D Mottola Jamie.Mottola@dinsmore.com, wendy.yones@dinsmore.com;deamira.romo@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Randall P Mroczynski randym@cookseylaw.com
- **INTERESTED PARTY COURTESY NEF:** Carl Mueller cmueller@mclitigation.com, llarios@maloneyfirm.com;mamini@maloneyfirm.com
- **INTERESTED PARTY COURTESY NEF: Alan I Nahmias** anahmias@mbn.law, jdale@mbn.law
- **INTERESTED PARTY COURTESY NEF: Victoria Newmark** vnewmark@pszjlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jacob Newsum-Bothamley** jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
- **CREDITOR: Israel Orozco** israel@iolawcorp.com
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS: Keith C Owens** kowens@foxrothschild.com, khoang@foxrothschild.com;ca.dkt@foxrothschild.com
- **INTERESTED PARTY COURTESY NEF:** Brian A Paino bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com
- **INTERESTED PARTY COURTESY NEF:** Bina Palnitkar palnitkarb@gtlaw.com
- **ATTORNEY FOR DEFENDANT OPTIMUMBANK HOLDINGS, INC.: Lisa Patel** lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Julian Parker Pecora** julian.pecora@dinsmore.com, Tracey.Hebert@Dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Bantner Peo vbantnerpeo@buchalter.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Michael R Pinkston** rpinkston@seyfarth.com, jmcdermott@seyfarth.com,sfocalendar@seyfarth.com,5314522420@filings.docketbird.com,bankruptcydocket@seyfarth.com
- **INTERESTED PARTY COURTESY NEF:** Christopher L Pitet cpitet@apjuris.com, bferik@apjuris.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Richard D. Porotsky** maria.rother@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Tyler Powell** tyler.powell@dinsmore.com, elissa.lizer@dinsmore.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Laila Rais** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Brett Ramsaur brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com

- **INTERESTED PARTY COURTESY NEF:** Donald W Reid don@donreidlaw.com, 5969661420@filings.docketbird.com
- **ATTORNEY FOR DEFENDANT TOUZI CAPITAL, LLC and DEFENDANT ENG TAING: Daniel H Reiss** dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR UNIFIED GLOBAL RESEARCH GROUP, INC.: Vincent Renda** vr@pinlegal.com, ld@pinlegal.com
- **INTERESTED PARTY COURTESY NEF:** Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC: Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR MORNING LAW GROUP, P.C.:** Todd C. Ringstad becky@ringstadlaw.com, arlene@ringstadlaw.com
- **INTERESTED PARTY COURTESY NEF:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com;sean-wilson-0462@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Vanessa Rodriguez** vanessa.rodriguez@dinsmore.com, angelica.urena@dinsmore.com
- **ATTORNEY FOR CREDITOR WELLS MARBLE AND HURST, PLLC: Kevin Alan Rogers** krogers@wellsmar.com
- **INTERESTED PARTY COURTESY NEF:** Paige T Rolfe prolfe@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **ATTORNEY FOR DEFENDANT STEVEN D. SILVERSTEIN: Larry Rothman** tocollect@aol.com
- **ATTORNEY FOR CREDITOR MARI AGAPE: Gregory M Salvato** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF:** Richik Sarkar richik.sarkar@dinsmore.com, Noreen.Leciejewski@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Joshua L Scheer jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Olivia Scott** olivia.scott3@bclplaw.com
- **INTERESTED PARTY COURTESY NEF:** Donald Segretti dsegretti@aol.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Jonathan Serrano** jonathan.serrano@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Abdul Shahid abdulwasay.shahid@dinsmore.com
- **ATTORNEY FOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC: Maureen J Shanahan** Mstotaro@aol.com
- **ATTORNEY FOR CREDITORS UNITED PARTNERSHIPS, LLC and MNS FUNDING LLC: Paul R Shankman** PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR DEBT RESOLUTION DIRECT, LLC:** Brian L Shaw bshaw@cozen.com, cknez@cozen.com
- **ATTORNEY FOR INTERESTED PARTY MORNING LAW GROUP, PC: Zev Shechtman** Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **ATTORNEY FOR DEFENDANT BRANDON TURNER:** Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **INTERESTED PARTY COURTESY NEF: Jeffrey M Singletary** jsingletary@swlaw.com, rmckay@swlaw.com
- **INTERESTED PARTY COURTESY NEF:** Jeffrey B Smith jsmith@cgsattys.com, vphillips@cgsattys.com
- **ATTORNEY FOR RICHARD A. MARSHACK, PLAINTIFF AND TRUSTEE OF THE LPG LIQUIDATION TRUST: Matthew Sommer** matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Michael G Spector mgspector@aol.com, mgslawoffice@aol.com
- **INTERESTED PARTY COURTESY NEF:** Milton Trent Spurlock trent.spurlock@dinsmore.com
- **ATTORNEY FOR CREDITOR PIONEER FUNDING GROUP, LLC: Adam D Stein-Sapir** info@pfllc.com
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.: Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew S Steinberg msteinberg@cozen.com, arincon@cozen.com;BPosivak@cozen.com;matthew-steinberg-5925@ecf.pacerpro.com

- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): John H. Stephens** john.stephens@dinsmore.com, lizbeth.alonso@dinsmore.com
- **ATTORNEY FOR CREDITOR ALTERYX, INC.: Andrew Still** astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Matthew J Stockl matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Derrick Talerico dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **INTERESTED PARTY COURTESY NEF:** Lucy L. Thomson lucythomson_cpo@earthlink.net
- **ATTORNEY FOR CREDITOR RANDALL BALDWIN CLARK ATTORNEY AT LAW PLLC and INTERESTED PARTY RANDALL BALDWIN CLARK: Michael R Totaro** Ocbkatty@aol.com
- **US TRUSTEE: United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF: Belinda M Vega** apark@venable.com
- **INTERESTED PARTY COURTESY NEF:** Alexandra W Wahl alex.wahl@wickphillips.com
- **ATTORNEY FOR WITNESS BRADFORD LEE 8:23-ap-01046-SC: William J Wall** wwall@wall-law.com
- **INTERESTED PARTY COURTESY NEF:** Siqin Wang carol.wang@dinsmore.com, carrie.davis@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Gerrick Warrington gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** J Tanner Watkins tanner.watkins@dinsmore.com, julie.mason@dinsmore.com;nathan.hall@dinsmore.com;molly.mattingly@dinsmore.com
- **ATTORNEY FOR CREDITOR and DEFENDANT AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC: Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **INTERESTED PARTY COURTESY NEF:** Scott W Wellman swellman@w-wlaw.com, jklein@w-wlaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC: Johnny White** JWhite@wrslawyers.com, jlee@wrslawyers.com
- **INTERESTED PARTY COURTESY NEF:** Reilly D Wilkinson rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Reid A Winthrop reid@winthroplawgroup.com
- **CLAIM AGENT FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR): Reina Zepeda** rzepeda@omniagnt.com
- **INTERESTED PARTY COURTESY NEF:** Isaac R Zfaty izfaty@muchlaw.com, jnguyen@muchlaw.com;esantos@muchlaw.com;chess@muchlaw.com
- **INTERESTED PARTY COURTESY NEF: Roye Zur** rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com